**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**
**MDL No. 3076**

| | |
|---|---|
| In Re: FTX CRYPTOCURRENCY EXCHANGE COLLAPSE LITIGATION | CASE NO. 1:23-md-03076-KMM |
| | DEFENDANT SAMUEL BANKMAN-FRIED'S PRELIMINARY REPORT |
| This Document Relates To:<br><br>GARRISON v. BANKMAN-FRIED, *et al.*, No. 22-cv-23753-MOORE/BECERRA | |

**DEFENDANT SAMUEL BANKMAN-FRIED'S PRELIMINARY REPORT**

Pursuant to this Court's June 7, 2023, Order (ECF No. 7), Defendant Samuel Bankman-Fried ("Mr. Bankman-Fried") hereby submits his Preliminary Report.

**1.     Factual Background**

The allegations in this litigation arise out of the November 2022 bankruptcy of cryptocurrency exchange FTX and related entities (collectively, "FTX"). Generally, Plaintiffs allege they invested or held assets with FTX and have been unable to recover those assets since November 2022. Plaintiffs now bring individual and class claims against former FTX executives, including Mr. Bankman-Fried, the founder and former chief executive officer, for, *inter alia*, fraud and conversion. Plaintiffs also bring claims against individuals who allegedly promoted FTX.

Mr. Bankman-Fried is the subject of criminal charges directly mirroring the factual allegations at issue in this litigation, in the Southern District of New York (Case No. 22-cr-00673). The superseding indictment in that matter alleges, *inter alia*, that Mr. Bankman-Fried

misappropriated FTX assets, leaving customers unable to withdraw funds. Unlike other FTX executive defendants, Mr. Bankman-Fried has pleaded not guilty. Trials on the counts in the superseding indictment are currently scheduled for October 2023 and March 2024 in the Southern District of New York.

At all times relevant to the Complaints, in order to use FTX US or FTX Trading, Ltd. services, customers were required to consent to each platform's respective User Agreement, which contained Terms of Service ("ToS"). Both FTX services' ToS contained mandatory arbitration agreements, class action waivers, and choice of venue and law provisions.

**2.     Legal and Factual Issues**

   **a.     Mr. Bankman-Fried's Fifth Amendment Rights**

These actions should be stayed as to Mr. Bankman-Fried until the conclusion of the criminal action against him in the Southern District of New York (Case No. 22-cr-00673). Mr. Bankman-Fried's Fifth Amendment rights are directly implicated by every aspect of this civil action. "A stay is warranted when a defendant in both a civil and a criminal case, is forced to choose between waiving his privilege against self-incrimination or losing the civil case in [summary proceedings]." *A.B. ex rel. Baez v. Seminole Cnty. Sch. Bd.*, No. 6:05-cv-802, 2005 WL 2614622, at *1 (M.D. Fla. Oct. 14, 2005) (citing *Shell Oil Co. v. Altina Assocs., Inc.,* 866 F. Supp. 536, 540 (M.D. Fla. 1994)). Here, Fifth Amendment implications would arise at nearly every juncture—in written discovery, during depositions, in responsive pleadings and motion practice, and also at trial. Thus, should these actions proceed, Mr. Bankman-Fried will be impermissibly forced to choose between waiving his Fifth Amendment privilege in the criminal proceeding or defending these civil actions. This warrants a stay.

b.     **Arbitration Agreements**

All claims against Mr. Bankman-Fried arising from use of FTX services should be compelled to arbitration or dismissed with prejudice under Rules 12(b)(1) and 12(b)(3). In using the FTX platforms, Plaintiffs consented to the arbitration agreements contained and displayed prominently in FTX US and FTX Trading, Ltd.'s ToS. The present disputes are covered by those broad arbitration agreements. Plaintiffs voluntarily consented to the arbitration agreements by opting to use FTX services subject to those ToS.

c.     **Class Action Waivers**

Plaintiffs' class claims are barred by the valid and enforceable class action waivers contained in FTX US and FTX Trading, Ltd.'s ToS. It is well-settled that arbitration agreements containing class action waivers are enforceable. *See AT&T Mobility LLC v. Concepcion*, 563 U.S. 333, 344 (2011). Here, Plaintiffs' class claims are barred by the class action waivers and should be dismissed.

d.     **Choice of Law**

The FTX US and FTX Trading, Ltd.'s ToS both contain choice-of-law and choice-of-venue provisions. The FTX US ToS arbitration clause contains California choice-of-law and choice-of-forum provisions; while the FTX Trading ToS contains an English choice-of-law and Singapore choice-of-forum clause. Plaintiffs consented to these provisions and as such, they are enforceable. Even if Plaintiffs dispute the enforceability of the arbitration agreement or class action waivers, those disputes are also properly heard and decided by the arbitrator, not this Court.

3.     **Affirmative Defenses**

Mr. Bankman-Fried's Fifth Amendment rights will be impermissibly jeopardized if this litigation proceeds against him prior to the resolution of the criminal case against him in the

Southern District of New York (Case No. 22-cr-00673). All relevant factors weigh in favor of a stay. Should the litigation proceed as to him, Mr. Bankman-Fried would be forced to choose between waiving his Fifth Amendment privilege in the criminal proceeding or defending this civil action. Accordingly, a stay as to Mr. Bankman-Fried is warranted.

As explained above, Plaintiffs are subject to the FTX US and FTX Trading, Ltd.'s ToS. Accordingly, as per the respective ToS, Plaintiffs' claims should be compelled to arbitration or dismissed with prejudice under Rules 12(b)(1) and 12(b)(3). Plaintiffs' class claims are barred by enforceable class action waivers. All other claims must be submitted to individual arbitration. Further, Plaintiffs' claims are subject the ToS' choice-of-law and choice-of-venue provisions, designating California and Singapore, respectively, as the proper forums for these disputes.

### 4. Conclusion

As directed, a list of affiliated companies and counsel, pending motions, and related cases, is attached as Exhibit A.

Dated: June 17, 2023

Respectfully Submitted,

/s/ Adam M. Schachter
GERALD E. GREENBERG
Florida Bar No. 440094
ggreenberg@gsgpa.com
ADAM M. SCHACHTER
Florida Bar No. 647101
aschachter@gsgpa.com
ANDREW T. FIGUEROA
Florida Bar. No. 1002745
afigueroa@gsgpa.com
GELBER SCHACHTER & GREENBERG, P.A.
SunTrust International Center
One Southeast Third Avenue, Suite 2600
Miami, Florida 33131
Telephone: (305) 728-0950
E-service: efilings@gsgpa.com


JEREMY D. MISHKIN *(pro hac vice)*
jmishkin@mmwr.com
RICHARD M. SIMINS *(pro hac vice)*
rsimins@mmwr.com
MONTGOMERY MCCRACKEN
1735 Market Street, 21st Floor
Philadelphia, PA 19103-7505
Telephone 215-772-1500

*Counsel for Defendant Sam Bankman-Fried*