UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 1:23-md-03076-KMM
MDL No. 3076

IN RE:
FTX Cryptocurrency Exchange Collapse Litigation

_____

This Document Relates To:
ALL ACTIONS

_____

### DEFENDANT ARMANINO LLP'S PRELIMINARY REPORT

Pursuant to the Court's Order Setting Initial Conference (ECF No. 7), Defendant Armanino LLP ("Armanino") submits this Preliminary Report in advance of the Initial Conference scheduled for June 21, 2023.

### BACKGROUND

Armanino is a defendant in six putative federal class actions[1] and one federal multi-plaintiff action[2] related to the audit services it performed for West Realm Shires Services, Inc. (d/b/a "FTX.US"). These cases, and the others consolidated before this Court in MDL No. 3076, arise out of the highly publicized collapse of FTX Trading Ltd. ("FTX.com") and FTX.US, a smaller U.S.-based exchange under common ownership with, but much smaller than, FTX.com (FTX.US together with FTX.com, "the FTX Related Parties"). FTX.com's officers and directors, including its founder and former CEO Sam Bankman-Fried, former Chief Technology Officer Zixiao "Gary"

---

[1] *Pierce v. Bankman-Fried, et al.*, Case No. 3:22-cv-07444-JSC (N.D. Cal.); *Hawkins v. Bankman-Fried, et al.*, Case No. 22-cv-07620-JSC (N.D. Cal.); *Papadakis v. Bankman-Fried, et al.*, Case No. 3:23-cv-00024-JSC (N.D. Cal.); *Cabo et al v. Sequoia Capital Operations, LLC et al.*, Case No. 3:23−02222 (N.D. Cal.); *O'Keefe v. Sequoia Capital Operation, LLC, et al.*, Case No. 1:23-cv-20700-JEM (S.D. Fla.); *Siskind v. Sequoia Capital Operation, LLC, et al.*, Case No. 1:23-cv-22144 (S.D. Fla.).

[2] *Lucky D., et al. v. Prager Metis LLP and Armanino LLP*, Case No. 2:23-cv-00389 (D.N.J.).

1

Wang, and former Chief Engineering Officer Nishad Singh, as well as former Alameda Research LLC ("Alameda") CEO Caroline Ellison and others are the subject of numerous pending criminal and civil charges alleging that, among other things, they misappropriated customer assets deposited on the FTX exchanges, in part by transferring those assets to Alameda, a crypto hedge fund owned by Bankman-Fried. As a result of the bankruptcy of FTX.com, FTX.US, and dozens of other related entities, certain customer deposits at FTX.com and FTX.US are generally frozen.

Armanino is a certified public accounting firm headquartered in San Ramon, California. Armanino was engaged in 2020 to serve as the independent auditor of FTX.US. Armanino was not and has never been retained to provide services to FTX.com. A separate public accounting firm, Prager Metis CPAs, LLC ("Prager Metis"), served as the independent auditor of FTX.com. Consistent with independence standards and its role as the independent auditor of FTX.US, Armanino did not own any portion of the FTX Related Parties and did not and could not control the actions of the FTX Related Parties or their executives. Likewise, the FTX Related Parties and their executives did not own any portion of Armanino and could not control its actions.

Plaintiffs' claims against Armanino primarily relate to Armanino's service as independent auditor for FTX.US's 2020 and 2021 financial statements. Plaintiffs in the Northern District of California actions and *O'Keefe* bring aiding and abetting and conspiracy claims against Armanino, all based on the alleged underlying fraud committed by the FTX Related Parties and its officers. Plaintiff in *Siskind* also brings aiding and abetting and conspiracy claims, as well as direct claims for negligent and intentional misrepresentation and fraudulent inducement against Armanino. In *Lucky D*, for which a Conditional Transfer Order is currently pending in the Joint Panel on Multidistrict Litigation, the 17 plaintiffs allege they utilized the FTX Related Parties' exchanges. Plaintiffs bring claims for professional malpractice, common law fraud, and consumer fraud

against Armanino and Prager Metis. Notably, the *Lucky D* plaintiffs have identified themselves as "international FTX customers," and have stated in a recent filing that Prager Metis, not Armanino, is the primary accountant defendant from which they are seeking relief.[3]

Across these actions, Plaintiffs generally allege that (i) FTX.com, FTX US, and the individuals who managed those entities withheld or misrepresented information about the companies' operations and management of customer assets in order to convince customers to deposit funds on their platforms, (ii) Armanino was aware of or failed to detect the alleged fraud and otherwise failed to conduct its audits of FTX.US in compliance with professional standards, (iii) Bankman-Fried publicized that FTX.US had "passed" a US GAAP audit in an effort to induce customers to deposit funds on its platforms, (iv) claimants relied on the audits when deciding to entrust their funds with FTX, and (v) those customers are currently blocked from accessing certain of those assets as a result of the bankruptcy proceedings.

None of the plaintiffs in these actions was an Armanino client and none was otherwise in privity of contract with Armanino. Moreover, none of the plaintiffs allege he or she saw or reviewed any Armanino audit report or work product. Plaintiffs instead cite a tweet by Bankman-Fried stating that FTX.US had "passed" its US GAAP audit. That tweet did not identify Armanino or provide any information about the underlying audit work. Plaintiffs contend that they relied on Bankman-Fried's tweet, and the alleged veneer of respectability the audit gave FTX.US, when deciding to deposit funds on the FTX Related Parties' platforms. Plaintiffs, however, cannot show

---

[3] Armanino is the sole defendant in a putative class action filed in Contra Costa County Superior Court in California (*Gonzalez v. Armanino LLP*, Case No. C22-02548). On March 2, 2023 that court granted Armanino's motion to stay the proceedings, acknowledging that the actions then-pending against Armanino in the Northern District of California (*Pierce*, *Hawkins*, and *Papadakis*) covered essentially the same factual and legal matters as *Gonzalez*. As a result of the stay, all intervening court dates are vacated and the matter is set for a status conference on December 4, 2023.

– on an individual, let alone a class basis – that they actually saw any Armanino audit report, that they were the intended recipients of any audit report, or they relied on Armanino's work when deciding to deposit funds on the FTX Related Parties' platforms.

## CRITICAL FACTUAL AND LEGAL ISSUES

The following will be critical factual and legal issues the Court will need to consider in the cases brought against Armanino:

- Whether plaintiffs' proposed classes satisfy the numerosity, commonality, typicality, and fairness requirements of Fed. R. Civ. P. 23.

- Whether plaintiffs have standing to bring their claims against Armanino and whether plaintiffs relied on any work performed by Armanino.

- Whether Armanino's actions caused any plaintiff or putative class member's purported losses.

- Whether Armanino's audits complied with professional standards.

- Whether any plaintiff or putative class member reviewed, saw, or had any awareness of Armanino's non-public work product prior to depositing funds on the FTX Related Parties' platforms.

- Whether any plaintiff or putative class member saw or had any awareness of Bankman-Fried's tweet that FTX.US had "passed" its US GAAP audit.

- Whether the FTX Related Parties' used the results of the audit of FTX.US to induce any customer to deposit funds on their platforms.

- Whether Armanino knew the FTX Related Parties intended to use the audit of FTX.US to induce any customer to deposit funds on the FTX Related Parties' platforms.

- Whether Armanino intended current or potential customers of the FTX Related Parties to rely on the results of its audit of FTX.US.

- Whether Armanino had any duty to any plaintiff or putative class member in performing its audit services for FTX.US.

- Whether Armanino knew or should have known of the alleged fraud, corporate malfeasance, and/or financial mismanagement committed by the FTX Related Parties, Bankman-Fried, and others.

- Whether any plaintiff or putative class member deposited or maintained funds on the FTX Related Parties' platforms in reliance on Armanino's audit work product.

- Whether any plaintiff or putative class member deposited or maintained funds on the FTX Related Parties' platforms in reliance on the fact that FTX.US had been audited or on Bankman-Fried and the FTX Related Parties' representations about their financial reporting.

Pursuant to the Court's Order Setting Initial Conference, Armanino appends to this Report:

Exhibit A, a list of affiliated companies and counsel; Exhibit B, a list of pending motions; and

Exhibit C, a list of related cases.

Respectfully submitted this 18th day of June, 2023.

Respectfully submitted,

*/s/ Samuel A. Danon*
Samuel A. Danon (FBN 892671)
Jamie Z. Isani (FBN 728861)
Tom K. Schulte (FBN 1025692)
Hunton Andrews Kurth LLP
333 S.E. 2nd Avenue, Suite 2400
Miami, FL 33131
Tel: (305) 810-2500
sdanon@HuntonAK.com
jisani@HuntonAK.com
tschulte@Huntonak.com

Matthew P. Bosher (*Pro Hac Vice* pending)
Hunton Andrews Kurth LLP
2200 Pennsylvania Avenue NW
Washington, DC 20037
Tel: (202) 955-1500
mbosher@HuntonAK.com

Thomas R. Waskom (*Pro Hac Vice* pending)
Hunton Andrews Kurth LLP
951 E. Byrd Street
Richmond, VA 23219
Tel: (804) 788-8200
twaskom@HuntonAK.com

*Attorneys for Defendant Armanino LLP*

## CERTIFICATE OF SERVICE

I certify that on June 18, 2023, I electronically filed a true and correct copy of the foregoing with the Clerk of Court via CM/ECF, which will send electronic notice of the same to all parties of record.

*/s/ Samuel A. Danon*
Samuel A. Danon

*Attorney for Defendant Armanino LLP*