**IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION**

| | |
|---|---|
| IN RE: FTX CRYPTOCURRENCY EXCHANGE COLLAPSE LITIGATION | No: 1:23-md-03076-KMM <br><br> MDL No. 3076 |
| This Document Relates To: <br><br> GARRISON V. BANKMAN-FRIED <br> No. 22-cv-23753-MOORE/BECERRA | |

**PRELIMINARY REPORT BY DEFENDANTS THOMAS BRADY, GISELE BÜNDCHEN, STEPHEN CURRY, LAWRENCE GENE DAVID, GOLDEN STATE WARRIORS, LLC, UDONIS HASLEM, WILLIAM TREVOR LAWRENCE, SHOHEI OHTANI, KEVIN O'LEARY, SHAQUILLE O'NEAL, DAVID ORTIZ, NAOMI OSAKA, <u>AND SOLOMID CORPORATION</u>**

The filing parties (collectively, the "Sports and Entertainer Defendants") are eight current or former professional athletes, a professional basketball team, a model, a television personality, an e-sports organization, and a comedian, all of whom allegedly participated in or displayed advertisements promoting FTX. Plaintiffs seek to hold the Sports and Entertainer Defendants liable for losses they allegedly suffered from transactions on the FTX platform. Each filing party is a defendant in only one active matter referred to in this MDL, namely, *Garrison v. Bankman-Fried*.[1]

**Background.** FTX, a now-defunct cryptocurrency platform, collapsed in November 2022 after it failed to meet cash demands and was publicly accused of illegally transferring billions of dollars in customer funds to an affiliated entity, Alameda Research LLC. On November 11, 2022, FTX entered bankruptcy proceedings. Its former CEO, Sam Bankman-Fried, has been charged with multiple federal crimes, and several officers, including former CEO of Alameda Carolyn Ellison, former chief technology officer Gary Wang, and former engineering director Nishad Singh, have pleaded guilty to federal fraud charges. Prior to its collapse, FTX was lauded as "the leading digital assets exchange."[2] Unbeknownst to the hundreds of individuals and companies that interacted with FTX during its three+ years of operation[3]—including members of Congress, non-

---

[1] Three defendants are also named in *Norris v. Brady*, 23-md-03076 (S.D. Fla.), which is stayed pending resolution of *Garrison*.

[2] https://www.samsungnext.com/blog/why-we-invested-in-ftx.

[3] FTX operated primarily from the Bahamas, with its U.S. headquarters in Chicago. While FTX may have planned to relocate its U.S. headquarters to Miami in late October 2022, that never occurred. *See* https://www.miaminewtimes.com/news/ftxs-miami-leases-axed-in-bankruptcy-court-deal-16098680. Plaintiffs emphasize FTX's purported Florida contacts, but identify only a single employee of a related company who actually worked from Florida.

profits, and the Sports and Entertainer Defendants here—FTX executives concealed their secret fraud from both other FTX individuals and outsiders alike.

Plaintiffs initiated this action on November 15, 2022.[4] Plaintiffs allege that, in 2021 and 2022, the Sports and Entertainer Defendants engaged in advertising or promotion efforts on behalf of the FTX brand and platform, pursuant to individual agreements between FTX and each individual Sports and Entertainer Defendant. Plaintiffs further allege that the Sports and Entertainer Defendants' various "advertising" efforts make them responsible, under assorted state law theories, including state securities laws, state unfair competition laws, aiding and abetting, and civil conspiracy, for losses plaintiffs suffered through investing in various products offered by FTX. *See generally Garrison* ECF 205 (SAC) ¶¶ 233-776.[5]

Plaintiffs have amended their complaint twice—first on December 16, 2022, and then on May 15, 2023, in response to the Sports and Entertainer Defendants' initial motions to dismiss, filed on April 14, 2023. The MDL entered its transfer order on June 5, 2023. ECF 1. Two days later, the Court stayed the *Garrison* proceeding, *Garrison* ECF 226, as well as the briefing schedule for the Sports and Entertainer Defendants' motions to dismiss, ECF 10. On June 15, 2023, the Court sua sponte consolidated for pretrial purposes *Garrison* and five actions transferred from the

---

[4] Plaintiffs filed a series of state law cases, which they dismissed in favor of *Norris*, which was then removed to federal court and stayed. *Norris* ECF 48. Plaintiffs also filed two additional federal cases—*Kavuri v. Bankman-Fried*, No. 22-cv-23817 (S.D. Fla.), and *Podalsky v. Bankman-Fried*, No. 22-cv-23983 (S.D. Fla.)—which were consolidated with *Garrison sua sponte* by the Court.

[5] "ECF" citations are to the docket in this proceeding. References to other proceedings include the initial plaintiff's name and the ECF number, *e.g.*, "*Garrison* ECF 205."

Northern District of California. ECF 1, 16.[6]

**Proposed Tracking and Key Legal Issues.** The Sports and Entertainer Defendants respectfully suggest that there are unique aspects to the claims against them not present in the other transferred matters, including the *Lam* Cases—with the possible exception of *Garrison v. Paffrath*, 23-cv-21023 (S.D. Fla.)[7]—and that the claims against the Sports and Entertainer Defendants should proceed in a separate pleading and a separate track from the claims against FTX employees, financial institutions, accountants, and advisors.

In particular, unlike the FTX employees, financial institutions, accountants, or financial advisors involved in the other transferred cases, the Sports and Entertainer Defendants are alleged to be liable not because of specific actions each allegedly took to further FTX's fraud, but rather because each allegedly entered into an ordinary agreement with FTX and promoted the FTX brand pursuant to that agreement. *See generally Garrison* SAC ¶¶ 233-776. Plaintiffs allege that promoting the FTX brand is equivalent to "selling securities" under three states' securities laws (Florida, California, and Oklahoma), and that it also creates liability under those states' unfair

---

[6] These cases are *Lam v. Bankman-Fried, et al.*, No. 3:22-07336 (N.D. Cal.), *Pierce v. Bankman-Fried, et al.*, No. 3:22-07444 (N.D. Cal.), *Hawkins v. Bankman-Fried, et al.*, No. 3:22-07620 (N.D. Cal.), *Jessup v. Bankman-Fried, et al.*, No. 3:22-07666 (N.D. Cal.), and *Papadakis v. Bankman-Fried, et al.*, No. 3:23-00024 (N.D. Cal.) (collectively, the "*Lam* Cases").

[7] The *Paffrath* complaint alleges similar legal theories, under Florida law only, to the *Garrison v. Bankman-Fried* complaint, but is pleaded against online "influencers": individuals alleged to have promoted FTX and FTX products via YouTube and other social media platforms. The conduct pleaded as to these defendants is different from that pleaded with respect to the Sports and Entertainer Defendants, but there may be common questions of law with respect to the two cases.

3

competition laws, as well as under aiding and abetting fraud, aiding and abetting conversion, and civil conspiracy theories. *See generally id.* ¶¶ 672-776. Despite the fact that plaintiffs do not allege any Sports and Entertainer Defendant ever mentioned the Yield Bearing Accounts ("YBAs") or the FTX Token ("FTT") allegedly offered by FTX and purchased by some plaintiffs, *id.* ¶¶ 233-654, plaintiffs also seek a declaration that YBAs, FTT, and the FTX exchange (*i.e.,* the company itself) were securities required to be registered with federal and state authorities. *Id.* ¶¶ 708-15.

The primary legal issues with respect to the claims against the Sports and Entertainer Defendants are whether, and in what circumstances, these legal theories can be applied to individuals and entities who entered into agreements with a company that was later revealed to be engaging in fraud behind closed doors. These issues are different from, and unrelated to, questions of law and fact in the other actions. While the Sports and Entertainer Defendants anticipate that—should plaintiffs' claims proceed beyond the motion to dismiss stage—some discovery will be needed from FTX (in bankruptcy) and former FTX employees, discovery needed from FTX advisors, financial firms, and accountants is likely to be minimal at most. Claims against the Sports and Entertainer Defendants should thus proceed separately, with coordination with respect to FTX and FTX employee discovery only.[8]

**Proposed Schedule and Pending Motions**. The Sports and Entertainer Defendants intend to file renewed motions to dismiss and propose that, to the extent the Court authorizes plaintiffs to file a consolidated complaint or set of complaints, it set a date by which such complaint(s) must be filed and a schedule for briefing the motions to dismiss consistent with the briefing schedule originally entered in *Garrison. See Garrison* ECF 207.

At the time the *Garrison* case was transferred into the MDL, the Sports and Entertainer

---

[8] Certain Sports and Entertainer Defendants also assert there is a lack of personal jurisdiction.

Defendants had a pending motion to stay discovery, which plaintiffs had not opposed with respect to merits discovery. ECF 162, 197. Despite not opposing, plaintiffs subsequently served merits discovery on each Sports and Entertainer Defendant and noticed twelve depositions over a 14-day period in July. ECF 213. The Sports and Entertainer Defendants timely objected to these notices.

The Sports and Entertainer Defendants continue to submit that it would be appropriate for discovery to begin with respect to the claims against them only after their motions to dismiss have been heard and decided. Plaintiffs' claims against the Sports and Entertainer Defendants are highly novel and—the Sports and Entertainer Defendants believe—legally deficient for many reasons, including, *inter alia*, (1) no Sports and Entertainer Defendant ever sold or offered to sell any specific FTX product, a requirement for the securities claims; (2) plaintiffs cannot trace their alleged injury to Sports and Entertainer Defendants' conduct, a requirement for all their claims; and (3) plaintiffs have not (and cannot) plead their claims with the particularity required by Rule 9(b) or even by Rule 8. In addition, the claims cannot proceed in the absence of FTX, a necessary party under Rule 19. Plaintiffs' claims should be tested, and their viability determined, prior to discovery. *See*, *e.g.*, *Chudasama v. Mazda Motor Corp.*, 123 F.3d 1353, 1368 (11th Cir. 1997). Efficiency is also promoted by briefly delaying discovery because necessary discovery is unlikely to be available from FTX or the former FTX employees until after Sam Bankman-Fried's criminal trial, which is set to take place in October 2023.[9]

The Sports and Entertainer Defendants anticipate that, once discovery begins, the case as to them can proceed on a schedule similar to that outlined in the Sports and Entertainer Defendants' prior proposed case schedule, *Garrison* ECF 192.

---

[9] *United States v. Bankman-Fried*, 22-cr-00673 (S.D.N.Y) (1/03/2023 Minute Order).

Dated: June 18, 2023

Respectfully submitted,

**COLSON, HICKS, EIDSON, P.A.**
255 Alhambra Circle, Penthouse
Coral Gables, Florida 33134
(305) 476-7400

By: */s/ Roberto Martinez*
   Roberto Martínez
   Florida Bar No. 305596
    *bob@colson.com*
   Stephanie A. Casey
   Florida Bar No. 97483
    *scasey@colson.com*
   Zachary Lipshultz
   Florida Bar No. 123594
    *zach@colson.com*

*Attorneys for Defendants Thomas Brady, Gisele Bündchen, Lawrence David, Shaquille O'Neal, Golden State Warriors, LLC and Naomi Osaka*

**LATHAM & WATKINS LLP**
   Andrew B. Clubok (*pro hac vice*)
    *andrew.clubok@lw.com*
   Susan E. Engel (*pro hac vice*)
    *susan.engel@lw.com*
   Brittany M.J. Record (*pro hac vice*)
    *brittany.record@lw.com*
555 Eleventh Street, N.W., Suite 1000
Washington, D.C. 20004-1304
Tel: +1.202.637.2200
Fax: +1.202.637.2201

**LATHAM & WATKINS LLP**
   Marvin S. Putnam (*pro hac vice*)
    *marvin.putnam@lw.com*
   Jessica Stebbins Bina (*pro hac vice*)
    *jessica.stebbinsbina@lw.com*
   Elizabeth A. Greenman (*pro hac vice*)
    *elizabeth.greenman@lw.com*
10250 Constellation Blvd., Suite 1100
Los Angeles, California 90067
Tel: +1.424.653.5500
Fax: +1.424.653.5501

**LATHAM & WATKINS LLP**
   Michele D. Johnson (*pro hac vice*)
    *michele.johnson@lw.com*
650 Town Center Drive, 20th Floor
Costa Mesa, California 92626-1925
Tel: +1.714.540.1235
Fax: +1.714.755.8290

*Attorneys for Defendants Thomas Brady, Gisele Bündchen, Lawrence David, and Shaquille*

*O'Neal*

**GIBSON, DUNN & CRUTCHER LLP**

Matthew S. Kahn (*pro hac vice*)
  *MKahn@gibsondunn.com*
Michael J. Kahn (*pro hac vice*)
  *MJKahn@gibsondunn.com*
555 Mission Street, Suite 3000
San Francisco, CA 94105-0921
Phone: 415.393.8379

Michael Dore (*pro hac vice pending*)
  *MDore@gibsondunn.com*
Jamila MacEbong (*pro hac vice*)
  *JMacEbong@gibsondunn.com*
333 South Grand Avenue
Suite 4600
Los Angeles, CA 90071-3197
Phone: 213.229.7155

*Attorneys for Defendants Golden State Warriors, LLC and Naomi Osaka*

**DIMOND KAPLAN & ROTHSTEIN, P.A.**
Offices at Grand Bay Plaza
2665 South Bayshore Drive, PH-2B
Miami, Florida 33133
Telephone:      (305) 374-1920
Facsimile:      (305) 374-1961


By: */s/ David A. Rothstein.*
David A. Rothstein, Esq.
Fla. Bar No. 995762
  *DRothstein@dkrpa.com*
Alexander M. Peraza, Esq.
Fla. Bar No. 107044
  *APeraza@dkrpa.com*
Eshaba Jahir-Sharuz, Esq.
Fla. Bar No. 1038846
  *Eshaba@dkrpa.com*

*Attorneys for Defendant William Trevor Lawrence*

7

**MCANGUS GOUDELOCK & COURIE LLC**
2000 Market Street, Suite 780
Philadelphia, PA 19103
(484) 406-4334

By: */s/ Eric A. Fitzgerald*
Eric A. Fitzgerald (*pro hac vice*)
  eric.fitzgerald@mgclaw.com
Hillary N. Ladov (*pro hac vice*)
  hillary.ladov@mgclaw.com

*Attorneys for Defendant William Trevor Lawrence*

**AKERMAN LLP**
350 East Las Olas Boulevard – Suite 1600
Ft. Lauderdale, FL 33301
Tel.: 954-463-2700
Fax: 954-468-2454

By: */s/ Christopher S. Carver*
   Christopher S. Carver, Esq.
   Florida Bar No. 993580
     christopher.carver@akerman.com
   Jason S. Oletsky, Esq.
   Florida Bar No. 9301
     jason.oletsky@akerman.com
   Katherine A Johnson, Esq.
   Florida Bar No. 1040357
     katie.johnson@akerman.com

*Attorneys for Defendants Udonis Haslem and David Ortiz*

**WEIL, GOTSHAL & MANGES LLP**

By: */s/ Edward Soto*
Edward Soto (FBN 0265144)
  edward.soto@weil.com
1395 Brickell Avenue, Suite 1200
Miami, FL 33131-3368
Tel.: (305)-577-3100

*Attorney for Defendant Shohei Ohtani*

**McDERMOTT WILL & EMERY LLP**
333 SE 2nd Ave., Suite 4500
Miami, Florida 33131
Telephone: (212) 547-5768
Facsimile: (305) 347-6500

By: */s/ Nathan Bull*
    Nathan Bull (Fla. Bar No. 1029523)
      nbull@mwe.com

**McDERMOTT WILL & EMERY LLP**
Jason D. Strabo (*pro hac vice* pending)
  *jstrabo@mwe.com*
Ellie Hourizadeh (to file *pro hac vice*)
  *ehourizadeh@mwe.com*
2049 Century Park East, Suite 3200
Los Angeles, CA 90067
Telephone: (310) 788-4125
Facsimile: (310) 277-4730

**McDERMOTT WILL & EMERY LLP**
Sarah P. Hogarth (*pro hac vice* pending)
  *shogarth@mwe.com*
500 North Capitol Street NW
Washington, DC 20001
Telephone: (202) 756-8354
Facsimile: (202) 756-8087

*Attorneys for Defendant Stephen Curry*

**MARCUS NEIMAN RASHBAUM
& PINEIRO LLP**
100 Southeast Third Avenue, Suite 805
Fort Lauderdale, Florida 33394
Tel: (954) 462-1200

2 South Biscayne Blvd., Suite 2530
Miami, Florida 33131
Tel: (305)-400-4260

By: */s/ Jeffrey Neiman*
Jeffrey Neiman
Fla Bar. No. 544469
  *jneiman@mnrlawfirm.com*
Jeffrey Marcus
Fla. Bar No. 310890
  *jmarcus@mnrlawfirm.com*
Michael Pineiro
Fla. Bar No. 041897
  *mpineiro@mnrlawfirm.com*
Brandon Floch
Fla. Bar No. 125218
  *bfloch@mnrlawfirm.com*

**BERK BRETTLER LLP**
9119 Sunset Boulevard
West Hollywood, CA 90069
Tel.: (310) 278-2111
Andrew B. Brettler (*pro hac vice*)
  *abrettler@berkbrettler.com*

*Attorneys for Defendant Kevin O'Leary and Solomid Corporation d/b/a Team Solomid, TSM and/or TSM FTX*

9

## **CERTIFICATE OF SERVICE**

     I HEREBY CERTIFY that on June 18, 2023, a true and correct copy of the foregoing was filed electronically with the Clerk of the Court, by using the CM/ECF system, causing a true and correct copy to be served on all counsel of record.

                                              By: */s/ Roberto Martinez*
                                                      Roberto Martínez