UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MDL No. 3076

CASE NO. 1:23-md-03076-KMM

IN RE:

FTX CRYPTOCURRENCY EXCHANGE
COLLAPSE LITIGATION

_____

THIS DOCUMENT RELATES TO ALL ACTIONS
_____/

**PLAINTIFFS CO-LEAD COUNSEL'S AND STEERING COMMITTEE'S AGREED MOTION FOR ORDER ADOPTING CASE MANAGEMENT PROTOCOLS**

Plaintiffs' Co-Lead Counsel and Steering Committee, through this agreed motion, respectfully request the Court enter a Case Management Order, adopting certain case management protocols for Plaintiffs relating to common benefit issues, and state as follows:

1. On June 21, 2023, this Court adopted Plaintiffs' Proposed Leadership Structure. *See* ECF No. 61 (adopting Leadership Structure in ECF No. 59-1) (the "Leadership Order"). The Leadership Order appointed Adam Moskowitz of The Moskowitz Law Firm, PLLC and David Boies of Boies Schiller Flexner LLP as Co-Lead Counsel, the Members of Plaintiffs' Steering Committee, and Chairperson(s) of various additional Committees.

2. In multidistrict litigation, Co-Lead Counsel are generally responsible for the following responsibilities, as designated by the Court:

   a. Determining (after consultation with members of Plaintiffs' Steering Committee and other counsel of record as may be appropriate) and presenting (in briefs, oral argument, or such other fashion as may be appropriate, personally or by a designee) to the Court and opposing parties the position of Plaintiffs on all matters arising during pretrial proceedings;

   b. Consulting with and employing expert witnesses (in consultation with any relevant subcommittee);

*In Re: FTX Cryptocurrency Exchange Collapse Litigation*
*MDL No. 3076*
*Case No. 1:23-md-03076-KMM*

    c.    Monitoring work performed by the Steering Committee, and those whose work Co-Lead Counsel or the Steering Committee have specifically authorized;

    d.    Coordinating settlement discussions or other dispute resolution efforts on behalf of Plaintiffs;

    e.    Delegating specific tasks to other counsel of record in a manner that ensures pretrial preparation is conducted effectively, efficiently, and economically, and that all scheduling deadlines are met;

    f.    Maintaining adequate time and disbursement records covering the service of designated counsel and establishing guidelines for keeping recording time and expenses; and

    g.    Performing such other duties as may be incidental to the proper coordination of Plaintiffs' pretrial activities.

3.    To satisfy the requirements of the Court's Leadership Order, Co-Lead Counsel and the Steering Committee have established internal FTX Billing Guidelines to ensure that this MDL runs efficiently, effectively, and economically. The FTX Billing Guidelines will permit Plaintiffs' counsel to work in an organized and efficient fashion by establishing guidelines to govern timekeeping, staffing, costs reimbursement, and other issues related to case management and the common benefit of Plaintiffs and the classes they seek to represent.

4.    It will also ensure that all Plaintiffs' Participating Counsel understand the required protocols and rules for their time and expense submissions to be considered compensable Common Benefit Work, ***in the event*** that attorney's fees are awarded and approved by the Court.

5.    Courts presiding over similar MDLs have recognized the benefit of setting forth such protocols in their pre-trial orders. *See, e.g.,* Order Adopting Case Management Protocols, *In Re: Takata Airbag Products Liability Litigation*, 15-MD-02599, ECF No. 796 (S.D. Fla. October 14, 2015; Order No. 13, *In Re: General Motors LLC Ignition Switch Litig.*, 14-MD-2543, ECF No. 304 (JMF) (S.D.N.Y. Sept. 16, 2014); Order No. 5, *In Re: Mirena IUD Prods. Liab. Litig.*, 13-

*In Re: FTX Cryptocurrency Exchange Collapse Litigation*
*MDL No. 3076*
*Case No. 1:23-md-03076-KMM*

MD-2434 (CS), ECF No. 207 (S.D.N.Y. July 10, 2013); Order No. 4, *In Re: Toyota Motor Corp. Unintended Acceleration Mktg., Sales Practices and Prods. Liab. Litig.*, 10-ML-2151 (JVS) (FMO), ECF No. 181 (C.D. Cal. June 1, 2010).

6. Accordingly, Co-Lead Counsel and the Steering Committee respectfully request that the Court adopt the Case Management Protocols described below, including establishing the internal "FTX Billing Guidelines." For the Court's convenience, Co-Lead Counsel and the Steering Committee attach as **Exhibit A** their proposed order granting this Motion.

## CASE MANAGEMENT PROTOCOLS

7. Only "Participating Counsel" may recover attorneys' fees and cost reimbursements for Common Benefit Work, assuming any are awarded. "Participating Counsel" is defined as the Co-Lead Counsel, the Steering Committee, the Plaintiffs Committees Chairpersons and Members, along with members and staff of their respective firms, as well as any other counsel specifically authorized as "Participating Counsel" by Co-Lead Counsel, the Steering Committee, or by the Court before such counsel incurs any time or expense for which they seek reimbursement.

12. All time submissions shall be made in the format designated by Co-Lead Counsel in the FTX Billing Guidelines. Participating Counsel shall agree to the terms and conditions herein, including submitting to this Court's jurisdiction for purposes of their participation in this MDL.

### I.   Common Benefit Work

#### A.   *Authorization*

Only the assignments authorized by Co-Lead Counsel or the Steering Committee constitute "Common Benefit Work." Time spent on any unauthorized work will not be considered and should not be submitted. Time spent on individual issues in any case for an individual client (claimant)

3

will not be considered and should not be submitted unless Participating Counsel obtained prior written authorization from Co-Lead Counsel.

### B. *Timekeeping and Time and Expense Records*

Participating Counsel must keep contemporaneous billing records of the time spent in connection with Common Benefit Work, noting with specificity the (1) amount of time, (2) billing rate, (3) particular activity, and (4) coded according to Co-Lead Counsel's instructions in the FTX Billing Guidelines, which Co-Lead Counsel will provide to Participating Counsel.

Time and expense records must be submitted to Co-Lead Counsel on a monthly basis. Detailed time and expense reports, as well as summaries of time and expenses, must be submitted to Co-Lead Counsel using forms that Co-Lead Counsel described in the FTX Billing Guidelines. All forms are to be submitted in Excel format, and should include all time and expense from June 5, 2023, the date on which the JPML created this MDL, through July 25, 2023. Thereafter, all time and expense records shall be submitted on or before the 5th of each month to the Chairperson of each Committee, who will review and submit all such records to Co-Lead Counsel on or before the 15th of each month, and shall cover the time period through the end of the preceding month. Time entries that lack sufficient detail or that are not timely submitted may not be considered for payment as Common Benefit Work. All time for Common Benefit Work expended by Participating Counsel shall be recorded and maintained in tenth-of-an-hour increments. Time incurred by any Participating Counsel prior to June 5, 2023, may be provided to Co-Lead Counsel, who will review and consider such information for payment in their discretion.

### C. *Time and Expense Records for Non-PSC Members*

Participating Counsel who are not members of the Steering Committee and are assigned work by a Steering Committee Member or Committee Chairperson must submit their time and

*In Re: FTX Cryptocurrency Exchange Collapse Litigation*
*MDL No. 3076*
*Case No. 1:23-md-03076-KMM*

expense records for Common Benefit Work performed to the assigning Steering Committee Member or Committee Chairperson, who will then approve and submit the records to Co-Lead Counsel. As stated above, the records shall indicate the source of authorization and must be submitted by 5th of each month, beginning August 5, 2023.

II.     **Common Benefit Expenses**

   A.     *Shared Costs*

"Shared Costs," will be paid out of the Shared Costs Fund (the "Shared Costs Fund") administered by Co-Lead Counsel. Co-Lead Counsel, the Plaintiffs' Steering Committee, and other Participating Counsel will contribute to the Shared Costs Fund at times and in amounts sufficient to cover Plaintiffs' expenses for the administration of this MDL. The timing and amount of the assessments will be determined by Co-Lead Counsel, and each assessment must be paid within 30 days or as instructed by Co-Lead Counsel. Failure to pay assessments will be grounds for removal from leadership positions or other common benefit assignments.

"Shared Costs" are costs incurred for the common benefit of Plaintiffs in this MDL. No client-related costs, unless incurred for class representatives (which will be deemed Common Benefit Work) will be considered Shared Costs. All Shared Costs must be approved by Co-Lead Counsel, or the Steering Committee, prior to payment from the Shared Costs Fund. All costs that meet these requirements and fall under the following categories shall be considered Shared Costs and qualify for submission and payment directly from the Shared Costs Fund:

   1.   Court, filing, and service costs related to common issues;

   2.   Court reporter costs for depositions (excluding those that are client-specific);

   3.   Document depository creation, operation, staffing, equipment, and administration;

*In Re: FTX Cryptocurrency Exchange Collapse Litigation*
*MDL No. 3076*
*Case No. 1:23-md-03076-KMM*

4. Lead Counsel or Steering Committee administration matters (*e.g.,* expenses for equipment, technology, meetings, conference calls, courier services, long distance, facsimile, electronic service, photocopy and printing, secretarial/temporary staff, etc.);

5. Accounting fees and legal fees for external counsel, if incurred, relating to the Shared Costs Fund;

6. Expert witness and consultant fees and expenses for experts whose opinions and testimony would be for the common benefit of a substantial number of cases;

7. Printing, copying, coding, and scanning costs necessarily incurred in connection with Common Benefit Work (out-of-house or extraordinary firm costs);

8. Research by third-party vendors/consultants/attorneys, approved by Co-Lead Counsel; and

9. Investigative services, approved by Co-Lead Counsel, on behalf of Co-Lead Counsel.

Any requests for payments from the Shared Costs Fund for reimbursement of Shared Costs shall include sufficient information to permit Co-Lead Counsel to account properly for costs and to provide adequate detail to the Court.

### III. Verification

The forms detailing expenses shall be certified by an attorney with authority in each Participating Counsel firm attesting to the accuracy of the submissions. Participating Counsel shall provide receipts for all expenses. Descriptions of unclaimed expenses on receipts may be redacted.

### IV. Good Faith Conferral of Plaintiffs' Co-Lead Counsel and Steering Committee

This motion relates only to Plaintiffs and Plaintiffs' Participating Counsel, and specifically the manner in which Co-Lead Counsel and the Steering Committee prosecute Plaintiffs' claims to ensure that the claims are prosecuted efficiently, effectively, and economically. As a result, Co-Lead Counsel and the Steering Committee respectfully submit that the requirement found in Local

*In Re: FTX Cryptocurrency Exchange Collapse Litigation*
*MDL No. 3076*
*Case No. 1:23-md-03076-KMM*

Rule 7.1(a)(3) to meet and confer with Defendants does not apply. Moreover, Co-Lead Counsel and the Steering Committee have conferred and agree to the relief sought in this motion.

**WHEREFORE,** Plaintiffs' Co-Lead Counsel and the Steering Committee respectfully request that the Court grant this Motion, adopt the Case Management Protocols described above, and enter the proposed order attached as **Exhibit A**, together with such other and further relief as the Court deems just, equitable, and proper.

Respectfully submitted on July 10, 2023,

| **Plaintiffs' Co-Lead Counsel** ||
|---|---|
| By: */s/ Adam Moskowitz*<br>Adam M. Moskowitz<br>Florida Bar No. 984280<br>**THE MOSKOWITZ LAW FIRM, PLLC**<br>Continental Plaza<br>3250 Mary Street, Suite 202<br>Coconut Grove, FL 33133<br>Office: (305) 740-1423<br>adam@moskowitz-law.com<br>service@moskowitz-law.com | By: */s/ David Boies*<br>David Boies<br>**BOIES SCHILLER FLEXNER LLP**<br>333 Main Street<br>Armonk, NY 10504<br>Office: (914) 749-8200<br>dboies@bsfllp.com |
| **Plaintiffs' Steering Committee** ||
| Joseph M. Kaye<br>Florida Bar No. 117520<br>**THE MOSKOWITZ LAW FIRM, PLLC**<br>Continental Plaza<br>3250 Mary Street, Suite 202<br>Coconut Grove, FL 33133<br>Office: (305) 740-1423<br>joseph@moskowitz-law.com<br>service@moskowitz-law.com | Stephen Neal Zack<br>Florida Bar No. 145215<br>**BOIES SCHILLER FLEXNER LLP**<br>100 SE 2nd St., Suite 2800<br>Miami, FL 33131<br>Office: 305-539-8400<br>szack@bsfllp.com |
| Kathryn Rachel Lanier<br>**LANIER LAW FIRM**<br>10940 W. Sam Houston Pkwy North<br>Suite 100<br>Houston, TX, 77064 | Robert Lawrence Lieff<br>**LAW OFFICE OF ROBERT LIEFF**<br>PO Drawer A<br>Rutherford, CA 94573<br>415-250-4800 |

*In Re: FTX Cryptocurrency Exchange Collapse Litigation*
*MDL No. 3076*
*Case No. 1:23-md-03076-KMM*

| | |
|---|---|
| Phone: 713-659-5200<br>Rachel.Lanier@lanierlawfirm.com | rlieff@lieff.com |
| James R. Swanson<br>**FISHMAN HAYGOOD L.L.P.**<br>201 St. Charles Avenue, 46th Floor<br>New Orleans, LA 70170<br>(504) 586-5252<br>jswanson@fishmanhaygood.com | Laurence King<br>**KAPLAN FOX & KILSHEIMER LLP**<br>1999 Harrison Street, Suite 1560<br>Oakland, CA 94612<br>415-772-4700<br>415-772-4707<br>lking@kaplanfox.com |
| Stuart Andrew Davidson<br>Florida Bar No. 84824<br>**ROBBINS GELLER RUDMAN & DOWD LLP**<br>225 NW Mizner Blvd., Suite 720<br>Boca Raton, FL 33432<br>561-750-3000<br>Fax: 561-750-3364<br>amartin@rgrdlaw.com<br>sdavidson@rgrdlaw.com | William M. Audet<br>**AUDET & PARTNERS, LLP**<br>711 Van Ness Ave., Suite 500<br>San Francisco, CA 94102<br>Tel: (415) 568-2555<br>Fax: (415) 568-2556<br>waudet@audetlaw.com |
| Joseph Saveri<br>**JOSEPH SAVERI LAW FIRM, LLP**<br>601 California Street, Suite 1000<br>San Francisco, California 94108<br>Telephone: (415) 500-6800<br>Facsimile: (415) 395-9940<br>Email: jsaveri@saverilawfirm.com<br>swilliams@saverilawfirm.com | Rachel Wagner Furst<br>Florida Bar No. 45155<br>**MADERAL BYRNE & FURST PLLC**<br>2800 Ponce de Leon Boulevard, Suite 1100<br>Coral Gables, Florida 33134<br>(305) 520-5690<br>rachel@maderalbyrne.com |

## **CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on July 10, 2023, a true and correct copy of the foregoing was filed electronically with the Clerk of the Court, by using the CM/ECF system which will send an electronic notification of such filing to all counsel of record.

By: */s/ Adam M. Moskowitz*
Adam M. Moskowitz