UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 23-MD-3076-MOORE/Otazo-Reyes

In RE

FTX CRYPTOCURRENCY EXCHANGE
COLLAPSE LITIGATION

**This Document Relates to All Actions**

**DEFENDANT ARMANINO LLP'S MOTION TO STAY DISCOVERY**

Defendant Armanino LLP moves to stay discovery in this action, including initial disclosures under Rule 26(a), until the Court resolves Armanino's anticipated motion to dismiss. The Court has good cause to grant Armanino's motion. Plaintiffs have served sprawling, burdensome discovery requests on Armanino, even before filing a consolidated complaint. Moreover, absent a stay, Armanino will face prejudice if it must respond to discovery requests all while severely limited in the discovery it can obtain regarding the underlying activities at the core of this litigation as a result of ongoing criminal investigations. In light of these considerable burdens, Armanino proposes a modest stay until the Court has resolved Armanino's motion to dismiss.

**BACKGROUND**

The Court by now is familiar with the factual background of the cases consolidated before it. Plaintiffs generally allege they deposited funds on the FTX cryptocurrency exchanges, including those operated by FTX Trading Ltd. ("FTX.com") and West Realm Shires Services Inc. ("FTX.US"). FTX.com and FTX.US are currently debtors in the midst of proceedings in Delaware Bankruptcy Court. At the same time, former FTX.com CEO Samuel Bankman-Fried

and other FTX.com officers and insiders are facing or have pled guilty to charges in separate criminal actions.

At present, Armanino is a named defendant in six actions that have been transferred to the consolidated proceedings before this Court.[1] Armanino was the independent auditor of FTX.US (but not FTX.com). No Plaintiffs' complaints allege they ever saw or reviewed any Armanino report, opinion, or work product related to FTX.US. Rather, they argue that (1) FTX.com, FTX.US, and the individuals who managed those entities withheld or misrepresented information about the companies' operations and management of customer assets, and (2) Armanino knew or failed to detect the misconduct at FTX.US in performing the audit. *See e.g., Hawkins* Compl. ¶ 84, *Pierce* Compl. ¶ 112, *Papadakis* Corrected Compl. ¶¶ 73, 79, *Cabo* Compl. ¶ 152, *Siskind* Compl. ¶ 104. Plaintiffs' pre-consolidation complaints asserted civil conspiracy and aiding and abetting claims, as well as claims for negligent and intentional misrepresentation, fraudulent inducement, RICO conspiracy, and declaratory judgment.

Plaintiffs' amended, consolidated complaint against Armanino is due August 7, 2023. *See* Initial Scheduling Order [ECF No. 61] at 4. Armanino will then have 45 days to respond to the amended complaint. *Id.*

On June 30, 2023, Plaintiffs served broad Requests for Production and Interrogatories to Armanino.[2] The Court has ordered Defendants seeking a stay of discovery to move for a stay within 21 days of being served with discovery. Initial Scheduling Order [ECF No. 61] at 4.

---

[1] *O'Keefe v. Sequoia Capital Operation, LLC, et al.*, Case No. 1:23-cv-20700 (S.D. Fla.), *Pierce v. Bankman-Fried, et al.*, Case No. 3:22-cv-07444-JSC (N.D. Cal.), *Hawkins v. Bankman-Fried, et al.*, Case No. 22-cv-07620-JSC (N.D. Cal.), *Papadakis v. Bankman-Fried, et al.*, Case No. 3:23-cv-00024-JSC (N.D. Cal.), *Cabo, et al. v. Sequoia Capital Operations, LLC, et al.*, Case No. 3:23−02222 (N.D. Cal.), and *Siskind v. Sequoia Capital Operations, LLC, et al.*, Case No. 1:23-cv-22144-KMM (S.D. Fla.).

[2] Plaintiffs' discovery requests are attached as Composite Exhibit A.

**ARGUMENT**

**I.     The Court Has Broad Authority to Stay Discovery.**

This Court enjoys "broad discretion over the management of pre-trial activities, including discovery and scheduling." *Johnson v. Bd. of Regents of Univ. of Ga.*, 263 F.3d 1234, 1269 (11th Cir. 2001) (citing *Chudasama v. Mazda Motor Corp.*, 123 F.3d 1353, 1366 (11th Cir. 1997)).  "[D]iscovery *follows* the filing of a well-pleaded complaint.  It is not a device to enable the plaintiff to make a case when his complaint has failed to state a claim." *Carter v. DeKalb Cnty.*, 521 F. App'x 725, 728 (11th Cir. 2013) (emphasis in original; citations and quotation marks omitted); *Rivas v. Bank of N.Y. Mellon*, 676 F. App'x 926, 932 (11th Cir. 2017) (upholding stay of discovery in anticipation of a motion to dismiss, holding "a discovery stay until an impending motion to dismiss is resolved is a proper exercise of th[e Court's] responsibility").

Courts should limit discovery when "good cause" exists to protect a party from "undue burden or expense."  Fed. R. Civ. P. 26(c).  In determining whether good cause exists, courts must balance the competing interests of the parties involved. *Dunford v. Rolly Marine Serv. Co.*, 233 F.R.D. 635, 636–37 (S.D. Fla. 2005).  The moving party establishes good cause by "mak[ing] a specific demonstration of facts" that show the harm the movant will suffer absent a stay of discovery. *Id.* at 636.  Even in the absence of a pending dispositive motion, courts have granted motions to stay in consideration of the following factors: (1) whether the litigation is at an early stage; (2) whether a stay will unduly prejudice or tactically disadvantage the non-moving party; (3) whether a stay will simplify the issues in question and streamline the trial; and (4) whether a stay will reduce the burden of litigation on the parties and on the court. *Chico v. Dunbar Armored, Inc.*, No. 17-cv-22701, 2017 WL 4476334, at *2 (S.D. Fla. Oct. 6, 2017).  All of these factors militate in favor of a stay given the burden imposed on Armanino and the Court

at this early stage of litigation, the lack of prejudice faced by Plaintiffs based on their limited need for discovery in advance of a motion to dismiss, and the likelihood that discovery will be simplified by a motion to dismiss and other pending criminal proceedings.

Stays of discovery are "particularly appropriate in large putative class action cases such as this wherein Plaintiff seeks a significant swath of documents from multiple entities." *Taylor v. Serv. Corp. Int'l*, No. 20-cv-60709, 2020 WL 6118779, at *3 (S.D. Fla. Oct. 16, 2020 (citations and quotation marks omitted); *see also Chudasama*, 123 F.3d at 1368 ("when faced with a motion to dismiss a claim for relief that significantly enlarges the scope of discovery, the district court should rule on the motion before entering discovery orders, if possible."). Facing similarly complex multidistrict actions, this Court has repeatedly stayed discovery that "has the potential to consume vast resources" and would "undoubtedly require significant expenditure by Defendants." *In re Mednax Servs., Inc., Customer Data Sec. Breach Litig.*, No. 21-md-02994, 2021 WL 10428229, at *2 (S.D. Fla. Oct. 9, 2021) (granting stay of discovery in advance of amended complaint and motion to dismiss in multidistrict action); *In re Managed Care Litig.*, No. 00-1334-MD, 2001 WL 664391, at *3 (S.D. Fla. June 12, 2001) (in anticipation of amended complaint and motion to dismiss in multidistrict action, staying premature discovery that "has the potential to consume vast resources from all litigants"); *In re Checking Acct. Overdraft Litig.*, No. 09-md-2036, Order Granting Motion to Stay Discovery [ECF No. 148] (S.D. Fla. Nov. 13, 2009) (in multidistrict action, holding "that discovery should be stayed pending the resolution of Defendants' anticipated motions to dismiss. It is the normal practice in complex litigation to resolve the pleadings before commencing broad discovery.").[3]

---

[3] The Court's order in *In re Checking Acct. Overdraft Litig.*, No. 09-md-2036 (S.D. Fla. Nov. 13, 2009) is attached as Exhibit B.

**II.     All Relevant Factors Favor A Stay of Discovery.**

Plaintiffs' sweeping discovery requests undoubtedly threaten "undue burden and expense" and prejudice. Discovery at this early stage will impose a needless burden on the Court and parties in light of Armanino's likely dispositive motion to dismiss Plaintiffs' forthcoming amended complaint. Further, while Plaintiffs will not be prejudiced by a temporary stay, Armanino will be prejudiced if it must respond to Plaintiffs' broad requests while unable to seek its own vital discovery from other key parties and entities as a result of the pending criminal proceedings. At the same time, those proceedings and a motion to dismiss are likely to simplify the discovery needed in this action.

   **A.     Armanino Faces Significant Burden and Expense Responding to Discovery at This Early Stage.**

Plaintiffs have issued broad discovery requests before filing their operative pleadings. Armanino will incur significant expense in responding to the breadth of Plaintiffs' discovery requests, especially before it knows what claims it faces and what the potential relevance of the requested discovery might be.[4] Not only would it be burdensome for Armanino to respond to Plaintiffs' overly broad requests at this time, the Court should not waste judicial resources on discovery disputes before the operative pleadings have been filed or the scope of discovery has been clarified by the resolution of Armanino's motion to dismiss. *See Soldevila v. On the*

---

[4] *See, e.g.*, Exhibit A, Plaintiffs' First Set of Requests for Production of Documents to Defendants Prager Metis CPAs and Armanino LLP, at RFP No. 24 ("*All documents* concerning *any written or oral statements*, presentations, whitepapers, articles, or *any other communications* you have issued or made concerning auditing or engagements for cryptocurrency or digital assets, including, but not limited to, proof of reserves and/or real-time attestation of digital assets."); RFP No. 25 ("*all documents* concerning *any services or work* you performed for the FTX Entities and/or Alameda, or *any documents* prepared by *any other person or entity*, concerning the cryptocurrency and/or digital assets of any kind or accounts held, managed, maintained and/or received by the FTX Entities and/or Alameda); RFP No. 26 ("*all documents* concerning *any transactions* between or among the FTX Entities, Alameda and/or any of the Defendants") (emphasis added).

*Barrelhead, Inc.*, No. 19-cv-14462, 2020 WL 597317, at *1 (S.D. Fla. Feb. 5, 2020) ("By staying discovery until the motion to dismiss is resolved, the parties will avoid the burden of potentially unnecessary, expensive and fruitless discovery. Any resulting disruption of the existing scheduling order is a prejudice by far outweighed by the potential benefits of preserved time and litigation resource conservation.").

### B. Plaintiffs Will Not Be Prejudiced by a Temporary Stay.

A stay will not unduly prejudice or tactically disadvantage the Plaintiffs. Before the Court rules on the anticipated motions to dismiss, "neither the parties nor the court have any need for discovery." *Chudasama*, 123 F.3d at 1367. Discovery "is not a device to enable the plaintiff to make a case when his complaint has failed to state a claim." *Carter*, 521 F. App'x at 728. As such, Plaintiffs' present interest in discovery is not pressing, and "relate[s] to its trial preparation." *See Farnsworth v. Procter & Gamble Co.*, 758 F.2d 1545, 1547 (11th Cir. 1985). Should a motion to dismiss dispose of some or all of Plaintiffs' claims against Armanino, Plaintiffs may renew their requests and target information most relevant to their remaining claims. Given the early stage of this litigation, Plaintiffs' weak interest in discovery before motions to dismiss are resolved, and the judicial efficiency served by limiting discovery until the persistent issues in this case become clear, the Court should grant Armanino's request to stay. *Chudasama*, 123 F.3d at 1367 ("Facial challenges to the legal sufficiency of a claim or defense, such as a motion to dismiss based on failure to state a claim for relief, should . . . be resolved before discovery begins.").

### C. A Stay Will Reduce the Prejudice Faced by Armanino and Conserve Judicial Resources.

Plaintiffs' claims revolve around the alleged underlying fraud committed by FTX and its officers, including Bankman-Fried, and Armanino's alleged awareness or failure to detect that

fraud. Consequently, Armanino must seek vital discovery from FTX.com, FTX.US, Bankman-Fried, and others. But Armanino currently faces significant obstacles to obtaining this discovery. The criminal proceedings against Bankman-Fried will last until at least March 2024. *See* Case No. 22-cr-00673, Order [ECF No. 165] (S.D.N.Y. June 15, 2023). As noted during the Initial Conference, the parties anticipate that the U.S. Attorney's office would likely oppose any discovery "with respect to the criminal defendant [i.e., Bankman-Fried] and the other people who have pled." *See* Transcript of June 21, 2023 Initial Conference [ECF No. 73] at 26.

In deciding whether to stay discovery in a civil case during parallel criminal proceedings, the Court must weigh (1) the plaintiffs' interest in proceeding expeditiously with the civil case, (2) the burden that may be imposed on defendants, (3) the convenience of the court in the management of cases and efficient use of judicial resources, (4) the interests of those not party to the civil case, and (5) the interest of the public in the pending civil and criminal litigation. *In re Rothstein Rosenfeldt Adler, P.A.*, No. 11-cv-61338, 2011 WL 2620187, at *2 (S.D. Fla. July 1, 2011) (citing *Keating v. Office of Thrift Supervision*, 45 F.3d 322, 325 (9th Cir. 1995)). A stay of discovery would not prevent Plaintiffs from expeditiously prosecuting their civil action after the resolution of a motion to dismiss, and would relieve Armanino of the significant prejudice of not being able to seek discovery from Bankman-Fried. Further, a stay would preserve the judicial resources of both this Court and the courts overseeing the criminal proceedings. The evidence presented during the criminal proceedings will likely reduce the amount of discovery needed in this case, and may indeed moot or simplify the issues before this Court. Moreover, a stay reduces any risk that discovery in this action might hinder ongoing investigations into current and future criminal defendants. *Cf. Rothstein*, 2011 WL 2620187, at *2 (granting stay in

civil case where discovery could harm prosecution's "proposed case to putative defendants and other targets of the criminal investigation").

## CONCLUSION

For the foregoing reasons, Armanino respectfully requests that the Court enter an order staying discovery until the Court resolves Armanino's motion to dismiss Plaintiffs' forthcoming amended consolidated complaint.

## CERTIFICATE OF GOOD FAITH CONFERENCE

Pursuant to Local Rule 7.1, counsel for Armanino has conferred with counsel for the Plaintiffs in a good faith effort to resolve the issues presented by this Motion. The parties were unable to resolve the issues.

Dated: July 21, 2023  Respectfully submitted,

By: *s/ Samuel A. Danon*
Samuel A. Danon (FBN 892671)
Jamie Z. Isani (FBN 728861)
Tom K. Schulte (FBN 1025692)
Hunton Andrews Kurth LLP
333 S.E. 2nd Avenue, Suite 2400
Miami, FL 33131
Tel: (305) 810-2500
sdanon@HuntonAK.com
jisani@HuntonAK.com
tschulte@HuntonAK.com

Matthew P. Bosher
Hunton Andrews Kurth LLP
2200 Pennsylvania Avenue NW
Washington, DC 20037
Tel: (202) 955-1500
mbosher@HuntonAK.com

Thomas R. Waskom
Hunton Andrews Kurth LLP
951 E. Byrd Street
Richmond, VA 23219
Tel: (804) 788-8200
twaskom@HuntonAK.com

*Attorneys for Defendant Armanino LLP*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on July 21, 2023, I filed a true and correct copy with the Clerk of Court via CM/ECF, which will send notice of the same to all counsel and parties of record.

*/s/ Samuel A. Danon*
Samuel A. Danon

*Attorney for Defendant Armanino LLP*