UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MDL No. 3076
CASE NO. 1:23-md-03076-KMM

IN RE:

**FTX Cryptocurrency Exchange Collapse Litigation**

_____

This Document Relates To All Actions
_____/

**DEFENDANT PRAGER METIS CPAS, LLC'S
MOTION TO STAY DISCOVERY**

Defendant Prager Metis CPAs, LLC ("Prager Metis") respectfully submits this Motion to Stay Discovery in the above-captioned action until a ruling on Prager Metis's forthcoming Rule 12(b)(6) motion to dismiss Plaintiffs' as-yet unfiled consolidated complaint.

**INTRODUCTION**

Following an initial conference, this Court ordered Plaintiffs to file consolidated amended complaints no later than August 7, 2023. *See* Dkt. 61; Fed. R. Civ. P. 6(a). Prior to filing any consolidated complaints, Plaintiffs served Prager Metis with twenty-eight requests for production and three interrogatories on June 30, 2023 (attached hereto as Exhibit A). These onerous discovery requests demand that Prager Metis scour its archives and produce commercially sensitive documents and information before Plaintiffs have even filed an operative complaint.[1] The requests are plainly premature as Prager Metis does not yet know on what grounds it is being sued and thus the relevance of each discovery request remains unknown. Prager Metis cannot be expected to

---

[1] *See, e.g.,* Exh. A at Request for Production 26 ("all documents concerning any transactions between or among the FTX Entities, Alameda and/or any of the Defendants [defined to include the dozens of individuals and entities named as defendants in all of the actions consolidated into the MDL, including those which did not name Prager Metis as a defendant]").

1

respond to such sprawling discovery requests unless and until Plaintiffs file a consolidated complaint and the Court determines which articulated causes of action, if any, are legally viable.

The premature nature of Plaintiffs' discovery requests is compounded by the temporary impossibility of conducting discovery as to former FTX CEO Sam Bankman-Fried—this case's key witness and the linchpin of alleged fraud at FTX. Mr. Bankman-Fried is presently awaiting trial on charges of fraud and money laundering. His criminal case will be resolved in two trials in the Southern District of New York, scheduled for October 2023 and March 2024. Dkt. 43. In his preliminary report in this matter, Mr. Bankman-Fried argued that allowing this action to proceed during the pendency of his criminal action would render him "impermissibly forced to choose between waiving his Fifth Amendment privilege in the criminal proceeding or defending these civil actions." *Id.* At the initial conference, Plaintiffs informed the Court that they did not oppose a temporary stay of discovery as to Mr. Bankman-Fried and that the U.S. Attorney's office overseeing Mr. Bankman-Fried's criminal case supported an even broader stay "with respect to the criminal defendant [Mr. Bankman-Fried] and the other [FTX Insiders[2]] who have pled." Tr. of Jun. 21, 2023 hearing at 25–27.[3]

So long as Mr. Bankman-Fried's criminal charges remain unresolved, he will invoke his Fifth Amendment privilege in this civil action and the U.S. Attorney's Office will seek to block civil discovery with respect to Mr. Bankman-Fried, Mr. Singh, Ms. Ellison, and Mr. Wang. So long as Mr. Bankman-Fried and his former colleagues refrain from testifying or otherwise providing discovery in this action, Plaintiffs cannot reasonably expect to prove the scope or nature of the alleged fraud at FTX. Absent such a showing, Plaintiffs cannot establish that Prager Metis

---

[2] "FTX Insiders" refers to Nishad Singh, Caroline Ellison, and Gary Wang for purposes of this Motion.
[3] Defendants Nishad Singh, Caroline Ellison, and Gary Wang accepted plea deals and may serve as witnesses for the prosecution in Mr. Bankman-Fried's criminal trials.

enabled any such fraud. Simultaneously, the non-participation of Mr. Bankman-Fried and other FTX Insiders also inhibits Prager Metis from conducting discovery necessary to prove their defenses. In short, allowing discovery against Prager Metis while the parallel cases against Mr. Bankman-Fried and other FTX Insiders, which are expected to last several months, are ongoing would impose an undue burden on Prager Metis.

Prager Metis expressed its position to Plaintiffs' counsel during a meet-and-confer on June 13, 2023. After a good-faith discussion on ways to potentially limit the scope of Plaintiffs' discovery requests, the parties were unable to come to agreement. In light of Plaintiffs' unwillingness to withdraw their premature, broad discovery requests, Prager Metis now moves to stay discovery for the reasons described below.

## LEGAL STANDARD

"Matters pertaining to discovery are committed to the sound discretion of the district court." *Patterson v. United States Postal Serv.*, 901 F.2d 927, 929 (11th Cir. 1990). As such, courts possess "broad discretion to stay proceedings as an incident to [their] power to control [their] own docket." *Clinton v. Jones*, 520 U.S. 681, 706 (1997). Fittingly, the standard for granting requests to stay discovery is broad:

> "A stay of discovery is appropriate where the movant shows '**good cause and reasonableness**.'" *Varga v. Palm Beach Cap. Mgmt., LLC*, No. 09-82398-CIV, 2010 WL 8510622, at *1 (S.D. Fla. Sept. 3, 2010) (quoting *Bocciolone v. Solowsky*, No. 08–20200, 2008 WL 2906719, at *2 (S.D. Fla. July 24, 2008)). **A court may find good cause and reasonableness to stay discovery "when the resolution of a preliminary motion may dispose of the entire action," and the plaintiff propounds expansive discovery requests.** *Pierce v. State Farm Mut. Auto. Ins. Co.*, No. 14-22691-CIV, 2014 WL 12528362, at *1 (S.D. Fla. Dec. 10, 2014) (citing *Nankivil v. Lockheed Martin Corp.*, 216 F.R.D. 689, 692 (M.D. Fla. 2003), aff'd, 87 F. App'x 713 (11th Cir. 2003)). "In deciding whether to stay discovery pending resolution of a pending motion, the Court inevitably must balance the harm produced by a delay in discovery against the possibility that the motion will be granted and entirely eliminate the need for such discovery." *McCabe v. Foley*, 233

F.R.D. 683, 685 (M.D. Fla. 2006) (quoting *Feldman v. Flood*, 176 F.R.D. 651, 652 (M.D. Fla. 1997)).

*Allendorf v. Harbor Am. E., Inc.*, No. 23-CV-80141, 2023 WL 3172023, at *1 (S.D. Fla. Mar. 30, 2023) (emphasis added).

Critically, the Eleventh Circuit admonishes that **"[d]iscovery should follow the filing of a well-pleaded complaint**. It is not a device to enable a plaintiff to make a case when his complaint has failed to state a claim." *Chudasama v. Mazda Motor Corp.*, 123 F.3d 1353, 1367 (11th Cir. 1997) (internal citations omitted) (emphasis added). Thus, "**neither the parties nor the court have any need for discovery before the court rules on the motion [to dismiss]**" and "[f]acial challenges to the legal sufficiency of a claim or defense, such as a motion to dismiss based on failure to state a claim for relief, should . . . be resolved before discovery begins." *Id.* (emphasis added). Fittingly, courts in the Eleventh Circuit are especially reluctant to permit early discovery in complex multidistrict class actions where discovery "has the potential to consume vast resources." *See In re Mednax Servs., Inc., Customer Data Sec. Breach Litig.*, No. 21-md-02994, 2021 WL 10428229, at *2 (S.D. Fla. Oct. 9, 2021); *In re Managed Care Litig.*, No. 00-1334-MD, 2001 WL 664391 at *3 (S.D. Fla. June 12, 2001).

## ARGUMENT

**I. Discovery Cannot Be Reasonably Tailored Until Plaintiffs File A Consolidated Complaint And The Court Considers Its Legal Sufficiency.**

In deciding whether to stay discovery, it is "necessary for the Court to take a preliminary peek at the merits of the motion to dismiss to see if it appears to be clearly meritorious and truly case dispositive." *Feldman*, 176 F.R.D at 652 (internal citations omitted). This necessary analysis is impossible when, as here, there is no operative complaint and therefore no motion to dismiss at which to "peek." *See Chudasama*, 123 F.3d at 1367 ("[d]iscovery should follow the filing of a

well-pleaded complaint"). At this point, Prager Metis does not know which legally valid causes of action, if any, will be pleaded against it. Therefore, Prager Metis does not yet know what discovery requests, if any, will be relevant or proportional to the needs of the case. Proper discovery cannot, therefore, be conducted at this juncture. *See Chudasama*, 123 F.3d at 1367 "[f]acial challenges to the legal sufficiency of a claim or defense, such as a motion to dismiss based on failure to state a claim for relief, should . . . be resolved before discovery begins"); *see also* Fed. R. Civ. P. 26(b)(1) (requiring discovery be "relevant to any party's claim or defense and proportional to the needs of the case").

Additionally, if the pre-MDL complaints against Prager Metis are any indication, Plaintiffs may wish to allege that Prager Metis aided or abetted fraud and/or fiduciary duty breaches by Mr. Bankman-Fried and the FTX Insiders. Under Eleventh Circuit case law, motions to dismiss such aiding and abetting claims can be case dispositive and granted with prejudice. *See In re Luna Devs. Grp., LLC*, 618 B.R. 595, 618 (Bankr. S.D. Fla. 2020) (collecting cases and dismissing claims including aiding and abetting breach of fiduciary duty with prejudice). Given the likelihood that Prager Metis will secure full and final dismissal of the forthcoming consolidated complaint, it should not be forced to participate in discovery before the Court considers its Rule 12(b)(6) motion.

More broadly, to permit discovery absent a docketed complaint would permit Plaintiffs to conduct a fishing expedition in search of potential causes of action. This Court should stay discovery until the scope of case relevancy is clearly defined against Prager Metis, which will not exist until Plaintiffs file their consolidated complaint and the Court considers Prager Metis's motion to dismiss. *See, e.g., Candelario v. La Libertad Mkt. Cafeteria Inc.*, No. 21-23141-CIV, 2022 WL 1122610 (S.D. Fla. Apr. 14, 2022) (citing *Chudasma*'s admonition that "a motion to dismiss . . . should . . . be resolved before discovery begins" and staying discovery after "peeking"

at motion to dismiss); *Lewis v. Mercedes-Benz USA, LLC*, No. 19-CIV-81220-RAR, 2020 WL 4923640, at *4 (S.D. Fla. Mar. 25, 2020) (same). Only once it is known which defendants face which plausible claims can the parties ensure the relevance and proportionality of discovery requests.

**II.   Temporarily Staying Discovery Will Prevent Unfair Burden To Prager Metis Without Prejudicing Plaintiffs.**

**A.   Parallel cases against Mr. Bankman-Fried and the FTX Insiders will limit defensive discovery available to Prager Metis.**

According to Plaintiffs' various pre-consolidation complaints, Mr. Bankman-Fried was not only the face of FTX, he was also the linchpin of its supposed frauds. Mr. Bankman-Fried is both the central defendant and the key witness in this case. The evidence he and the FTX Insiders eventually produce in this case will be highly probative of the liability (or lack thereof) of all his co-defendants, including Prager Metis.

But Mr. Bankman-Fried will not be producing any discovery or providing testimony in this case until his criminal trials have concluded. *See* Dkt. 43; Tr. of Jun. 21, 2023 hearing at 25–27. It is likely that discovery from the FTX Insiders also will be limited until that time. *Id.* Absent a stay, Prager Metis would be unfairly prejudiced by being forced to divulge its commercially sensitive information while being prevented from discovering exculpatory information from Mr. Bankman-Fried and the FTX Insiders. *See Young v. Miami-Dade Cnty.*, 217 F. Supp. 3d 1353, 1355 (S.D. Fla. 2016) ("[i]n the absence of a stay, the County will be forced to proceed without perhaps the most probative evidence at issue in the case—the eyewitness accounts of the officers and witnesses involved in the disputed incident"). Courts have even stayed civil discovery pending the resolution of related criminal actions when civil co-defendants would be prejudiced. *See, e.g., Young*, 217 F. Supp. 3d at 355 (S.D. Fla. 2016) (staying civil discovery in section 1983 case pending a related

criminal investigation to prevent "forc[ing defendant county] to proceed without perhaps the most probative evidence at issue in the case—the eyewitness accounts of the officers and witnesses involved in the disputed incident"); *Ruszczyk as Tr. for Ruszczyk v. Noor*, 349 F. Supp. 3d 754 (D. Minn. 2018) (staying civil discovery pending resolution of one defendant's related criminal prosecution, reasoning that the criminal action prejudiced civil co-defendants, who were inhibited from conducting discovery into their own liability). Absent a stay, Prager Metis would be prejudiced by the inability to seek critical defensive discovery into the alleged frauds at FTX.

Premature discovery would not only be prejudicial to Prager Metis but it would also be unduly burdensome. The burdens inherent to civil discovery under normal circumstances are well-known. As expressed by the Eleventh Circuit:

> [discovery] burdens include the time spent searching for and compiling relevant documents; the time, expense, and aggravation of preparing for and attending depositions; the costs of copying and shipping documents; and the attorneys' fees generated in interpreting discovery requests, drafting responses to interrogatories and coordinating responses to production requests, advising the client as to which documents should be disclosed and which ones withheld, and determining whether certain information is privileged.

*Chudasama*, 123 F. 3d at 1367. These burdens are further magnified in complex multidistrict class actions such as this. *See, e.g., In re Mednax Servs., Inc., Customer Data Sec. Breach Litig.*, No. 21-md-02994, 2021 WL 10428229, at *2 (S.D. Fla. Oct. 9, 2021) (granting stay "because discovery in complex class actions 'has the potential to consume vast resources'"); *accord In re Managed Care Litig.*, No. 00-1334-MD, 2001 WL 664391 (S.D. Fla. June 12, 2001). Parallel criminal proceedings add yet another wrinkle of burden and complexity. Many of these familiar burdens would be doubled for Prager Metis if it is forced to proceed with discovery while Mr. Bankman-Fried and the other FTX Insiders remain silent. Once Mr. Bankman-Fried and the FTX

7

Insiders begin participating in discovery, Plaintiffs will invariably wish to circle-back for further discovery from Prager Metis.

      **B.**      **Plaintiffs will not be prejudiced during the discovery stay.**

The requested stay would prevent prejudice to and relieve burden upon Prager Metis without unduly delaying the MDL or inconveniencing Plaintiffs. During the proposed discovery stay, Plaintiffs will have access to extensive relevant information, including the emerging voluminous records from FTX's bankruptcy case and Mr. Bankman-Fried's criminal trials. All parties will also remain engaged in the merits of this case through Rule 12(b)(6) briefing, which will not itself require fact discovery as the questions it involves are likely to be purely legal in nature.

Following the discovery stay, Plaintiffs will be free to proceed with discovery as to Mr. Bankman-Fried and the FTX Insiders, which will naturally inform and direct their discovery as to other parties and witnesses, including Prager Metis. FTX will still exist in a more advanced state of bankruptcy proceedings, and no relevant documents or witnesses will have disappeared. With a stronger informational base at the beginning of formal discovery, all parties will be able to streamline their fact-gathering, yielding a swift and just resolution to an otherwise complex action.

## CONCLUSION

For the foregoing reasons, Prager Metis respectfully requests that the Court grant its Motion to Stay Discovery pending a ruling on its motion to dismiss Plaintiffs' forthcoming consolidated complaint.

## **CERTIFICATE OF GOOD FAITH CONFERENCE**

Pursuant to Local Rule 7.1, the undersigned counsel has conferred with counsel for the Plaintiffs in a good faith effort to resolve the issues presented by this Motion. The parties were unable to resolve the issues.

Dated: July 21, 2023

Respectfully submitted,

*/s/ Ian M. Ross*
Ian M. Ross, Esq.
Florida Bar No.: 91214
iross@sidley.com
SIDLEY AUSTIN LLP
1001 Brickell Bay Drive
Suite 900
Miami, FL 33131
Tel.: (305) 391-5100
Fax: (305) 391-5101

Bruce R. Braun (*pro hac vice*)
bbraun@sidley.com
Joanna R. Travalini (*pro hac vice*)
jtravalini@sidley.com
Tommy Hoyt (*pro hac vice*)
thoyt@sidley.com
SIDLEY AUSTIN LLP
One South Dearborn Street
Chicago, IL 60603
Tel.: (312) 853 7050
Fax: (312) 853 7036

*Counsel for Defendant Prager Metis CPAs, LLC*

**CERTIFICATE OF SERVICE**

      I HEREBY CERTIFY that on this 21st day of July, 2023, I e-filed the foregoing document using the Court's CM/ECF system, which will send a notice of electronic filing to all counsel of record.

                                                                                   */s/ Ian M. Ross*
                                                                                    Ian M. Ross, Esq.