# EXHIBIT A
# Discovery Requests

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**
**MDL No. 3076**
**CASE NO. 1:23-md-03076-KMM**

In Re: FTX Cryptocurrency Exchange Collapse Litigation

**PLAINTIFFS' FIRST SET OF REQUESTS FOR PRODUCTION OF DOCUMENTS TO**
**DEFENDANTS PRAGER METIS CPAs LLC AND ARMANINO LLP**

Plaintiffs, pursuant to Fed. R. Civ. P. 26 and 34, and Local Rule 26.1 of the United States

District Court for the Southern District of Florida, request that Defendants Prager Metis CPAs

LLC and Armanino LLP, respectively, produce the documents requested in response to these

document requests.

Respectfully submitted,

DATED: June 30, 2023

By: /s/ *David Boies*
      David Boies

David Boies (*Pro Hac Vice*)
Alex Boies (*Pro Hac Vice*)
**BOIES SCHILLER FLEXNER LLP**
333 Main Street
Armonk, NY 10504
Phone: (914) 749–8200
*dboies@bsfllp.com*

Adam M. Moskowitz Florida Bar No. 984280
Joseph M. Kaye Florida Bar No. 117520
**THE MOSKOWITZ LAW FIRM, PLLC**
3250 Mary Street, Suite 202
Miami, FL 33133
Mailing Address:
P.O. Box 653409
Miami, FL 33175
Telephone: (305) 740-1423
*adam@moskowitz-law.com*
*joseph@moskowitz-law.com*

Stephen Neal Zack Florida Bar No. 145215
**BOIES SCHILLER FLEXNER LLP**
100 SE 2nd St., Suite 2800
Miami, FL 33131
Office: 305-539-8400
*szack@bsfllp.com*

*Plaintiffs' Co-Lead Counsel*

DATED: June 30, 2023

By: /s/ *Laurence D. King*
          Laurence D. King

Laurence D. King
Kathleen A. Herkenhoff
**KAPLAN FOX & KILSHEIMER LLP**
1999 Harrison Street, Suite 1560
Oakland, CA  94612
Telephone:  (415) 772-4700
*lking@kaplanfox.com*
*kherkenhoff@kaplanfox.com*

Frederic S. Fox
Joel B. Strauss
**KAPLAN FOX & KILSHEIMER LLP**
800 Third Avenue, 38th Floor
New York, NY 10022
Telephone:  212-687-1980
*ffox@kaplanfox.com*
*jstrauss@kaplanfox.com*

*Plaintiffs' Steering Committee Member*

## <u>DEFINITIONS AND INSTRUCTIONS</u>

Unless otherwise specified, the terms set forth below have the following meanings:

1.      "Alameda" refers to Alameda Research LLC, including, but not limited to, its past and present subsidiaries, affiliates, divisions, segments (including any mobile application and/or web-based cryptocurrency investment services or trading platform), predecessors (including acquired entities or lines of business), successors, directors, officers, employees, representatives and/or agents.

2.      All/Each and And/Or – The terms "all", "each", "and" and "or" shall be construed as meaning either all or each as necessary, or conjunctively, to bring within the scope of the discovery request all responses that might otherwise be construed to be outside its scope.

3.      "Armanino" refers to Armanino LLP, including, but not limited to, its international, national or local branches or offices, and current and prior partners, employees and agents.

4.      "Bankruptcy Actions" refers to Case No. 22-11068 (JTD) (Jointly Administered) pending in the United States Bankruptcy Court for the District of Delaware, and all bankruptcy proceedings filed in or after November 2022 on behalf of any of the FTX Entities and/or Alameda, and all adversary proceedings filed in connection therewith.

5.      "BDO" refers to BDO International Limited, its network of independent member firms, BDO USA, LLP, and their related entities, including any international, national or local branches of offices of BDO, and its current and prior partners, employees or agents.

6.      "Communication" refers to the transmittal of information in the form of facts, ideas, inquiries or otherwise, and whether orally or in writing, or by any other means or medium, including in person, electronically and/or by exchange or communication of any document.

7.      "Concerning" means relating to, referring to, describing, evidencing or constituting.

8.      "Creditors" refers to all creditors in the Bankruptcy Actions, including, but not limited to, any committees of such creditors.

9.      "Debtors" refers to all FTX Entities and/or Alameda that have filed petitions for bankruptcy protection in the Bankruptcy Actions.  When referring to the FTX Entities and/or Alameda in the Requests, the Requests cover the periods both prior to, and after, their filing of any of the Bankruptcy Actions.

10.     "Defendants" refers to any and all persons and/or entities named as defendants in any of the actions consolidated with, and into, the above-captioned action.  For purposes of these Requests, Defendants also includes Silvergate Capital Corporation (a/k/a Silvergate Bank).

11.     "Deloitte" refers to Deloitte Touche Tohmatsu Limited ("DTTL"), its network of member firms, and their related entities, including any international, national or local branches of offices of Deloitte, and its current and prior partners, employees or agents.  Deloitte specifically includes Deloitte US and Deloitte Global.

12.     "Document" refers to any written, printed, typed or other graphic matter, of any kind or nature, whether in hard copy or electronic format, whether the original, draft, or a copy and copies bearing notations or marks not found on the original,

including, but not limited to, memoranda, reports, recommendations, notes, letters, envelopes, post-its, emails, text messages, instant messages (including, but not limited to, messages exchanged or sent using Slack, Teams, Discord, WhatsApp, Signal or any other similar application), transcripts, studies, analyses, tests, books, articles, minutes, agreements, contracts, and all other written communications, of any type, including inter and intra-office communications, questionnaires, surveys, charts, graphs, videos, photographs, tapes, voice messages or other recordings, print-outs or compilations from which information can be obtained or, if necessary, translated through detection devices into reasonably usable form, including all underlying or preparatory materials and drafts thereof. To the extent not already covered in the above definition, "Document" specifically includes any "writing", "recording", "photograph", "original" or "duplicate" as defined in Rule 1001 of the Federal Rules of Evidence, and/or "Electronically Stored Information" as set forth in Rule 34 of the Federal Rules of Civil Procedure and/or as further defined as "ESI" herein.

13.    "ESI" refers to Electronically Stored Information, as consistent with Rule 34 of the Federal Rules of Civil Procedure, and includes all computer or electronically stored or generated data and information, including all attachments to and enclosures within any requested item, and all drafts thereof. ESI includes all information and documents stored in any format and on any storage media, including, but not limited to: internal and external storage devices, hard drives, flash drives; and magnetic tape, whether fixed, portable or removable, and ESI further includes, but is not limited to, electronic spreadsheets, electronic presentation documents, e-mail

messages, text messages, message platforms (including, but not limited to, Slack, Teams, Discord, WhatsApp, Telegram, Messenger, Signal or any other similar platforms where chat messages are exchanged); image files; sound files; material or information stored in a database or accessible from a database (including, but not limited to, Salesforce, Azure Cloud, or SQL databases). Responsive ESI may also include data on social media websites (e.g., LinkedIn, Facebook, Twitter, Instagram, and internal intranet social media). To the extent that a document or ESI contains tracked changes, comments, or other hidden text, the document or ESI should be imaged with that hidden text displayed. ESI also includes all associated metadata that is maintained or saved (including for example, author, recipient, file creation date, file modification date, etc.). Metadata preservation includes preserving parent-child relationships within a document family (the association between an attachment and its parents' document or between embedded documents and their parent). The entire document and attachments will be produced, except any attachments that may be withheld or redacted on the basis of any protection or privilege, work product, or other applicable protection. Best efforts shall be made to ensure that the parent-child relationships within a document family (the association between an attachment and its parent document) are preserved and that such responsive child document(s) should be consecutively produced immediately after the responsive parent document.

14.     "EY" refers to Ernst & Young Global Limited, including, but not limited to, Ernst & Young LLP, and their related entities, including any international, national or local branches of EY, and its current and prior partners, employees or agents.

15.     "FTX Entities" refers to FTX Trading and/or FTX US.

16.     "FTX Trading" refers to FTX Trading Ltd. d/b/a FTX Trading, including, but not limited to, its past and present subsidiaries, affiliates, divisions, segments (including any mobile application and/or web-based cryptocurrency investment services or trading platform, such as FTX.com), predecessors (including acquired entities or lines of business such as Blockfolio, Inc.), successors, directors, officers, employees, representatives and/or agents.

17.     "FTX US" refers to West Realm Shires Services Inc. d/b/a FTX US, including, but not limited to, its past and present subsidiaries, affiliates, divisions, segments (including any mobile application and/or web-based cryptocurrency investment services or platform, such as FTX.com), predecessors (including acquired entities or lines of business such as Blockfolio, Inc.), successors, directors, officers, employees, representatives and/or agents.

18.     "Liquidators" refers to all liquidators in the Bankruptcy Actions, including, but not limited to, the Joint Provisional Liquidators of FTX Digital Markets Ltd.

19.     "Person" or "People" refers to any natural person(s) or any business, legal, or governmental entity (or entities) or association(s).

20.     "Prager Metis" refers to Prager Metis CPAs LLC, including, but not limited to, its international, national or local branches or offices, and current and prior partners, employees and agents.

21.     "PWC" refers to PriceWaterhouseCoopers LLP and/or PricewaterhouseCoopers International Limited (PwCIL) and any international, national or local branches or offices of PWC, and its current and prior partners, employees or agents.

22.     "Trustee" refers to the U.S. Trustee assigned in the Bankruptcy Actions, including any of the Trustee's employee or agents, including any examiner appointed in the Bankruptcy Actions.

23.     "Work Papers" refers to all documents prepared, maintained and/or obtained by you concerning the planning, procedures performed, information obtained, and conclusions reached in connection with any engagement you performed for any of the FTX Entities or Alameda. With respect to any audit you performed of the financial statements of any of the FTX Entities or Alameda, the term "Work Papers" shall also refer to Audit Documentation prepared by you as required by AU-C Section 230 of Auditing Standards set forth by the American Institute of Certified Public Accountants.  "Work Papers" also includes documents that you have in your possession, custody or control that were prepared, maintained and/or obtained by you concerning the FTX Entities and/or Alameda that were prepared or obtained by any other persons or entities providing accounting, auditing, or consulting services to the FTX Entities and/or Alameda.

24.     "You" or "Your" shall refer to the defendant responding to these requests, including, but not limited to, its international, national or local branches or offices, and current and prior partners, employees and agents.

25.     Whenever a reference to a business entity appears, the reference shall mean the business entity, its affiliated companies, partnerships, divisions, subdivisions, directors, officers, employees, agents, clients or other representatives of affiliated third parties.

26.    Defined terms may or may not be capitalized or made uppercase; the given definitions apply even if a term in question is not capitalized or made uppercase. No waiver of a definition is implied by the use of a defined term in a non-capitalized or lowercase form.

## **INSTRUCTIONS**

1.      Production of documents and items requested herein shall be made at the offices of The Moskowitz Law Firm, P.O. Box 653409, Miami, FL 33133, or via electronic mail to the email addresses provided in the signature blocks of the attorneys serving these requests.

2.      Unless otherwise stated in a request, the time period for which you must respond is January 1, 2019 through the date of production.

3.      Objections: Where an objection is made to any request, the objection shall state with specificity all grounds for the objection. Any ground not stated in an objection within the time provided by the Federal Rules of Civil Procedure, or by the Court's order, or any extensions thereof, shall be waived.

4.      These requests shall include all documents that are in your possession, custody or control or in the possession, custody or control of your present or former agents, representatives, or your attorneys, or any and all persons acting on your behalf, or your present or former agents, representatives, or attorneys.

5.      For any document, or portion thereof, covered by a request that is withheld from production (or redacted in whole or in part) under claim of privilege, work product protection or any other basis, you shall provide the following information in the form of a privilege log:

    a.      the reasons and facts supporting any withholding, and legal basis for withholding the document;

    b.      the date such document was prepared;

c.    the names, employment positions and addresses of the author or preparers of such document;

d.    the names, employment positions, and the addresses of each person who received such document;

e.    the title, a brief description, and the subject matter of the document; and

f.    the number of the request under which such document would be produced but for the objection.

6.    If any document responsive to a request has been destroyed, produce all documents describing or referencing:

a.    the contents of the lost or destroyed document

b.    all locations in which any copy of the lost or destroyed document had been maintained;

c.    the date of such loss or destruction;

d.    the name of each person who ordered, authorized, and carried out the destruction of any responsive document;

e.    all document retention and destruction policies in effect at the time any requested document was destroyed; and

f.    all efforts made to locate any responsive document alleged to have been lost.

7.    In producing the documents requested, indicate the specific request(s) pursuant to which document or group of documents is being produced.

8.    These requests should be deemed continuing, and supplemental productions should be provided as additional documents become available.

9.    All documents that cannot be accurately represented in TIFF format (such as spreadsheets, computer slide presentations, audio files, video files, and other similar file types) shall be provided in its native format. The parties will further meet and confer regarding appropriate format of production for databases and structured data (e.g., Microsoft Teams, Slack, Microsoft Access, Azure Cloud, Salesforce, Oracle, or other ephemeral messaging or proprietary database systems).

10.    All documents are to be produced in the following method if not produced in its Native Format:

    a.    Single page .TIFF images

    b.    Color.jpg (documents wherein reflection of importance relies on color, shall be produced in .jpg format)

    c.    Document level Text Files containing extracted full text or OCR text

    d.    Electronic documents, e-mails, text or instant messages are to be processed and converted from the electronic format to single page tiff.

## **REQUESTS FOR PRODUCTION**

1.      All documents concerning engagement agreements entered into between you and any of the FTX Entities, Alameda or any of the Defendants.

2.      All work papers concerning the fiscal and/or calendar year-end 2020 and 2021 financial statements for any of the FTX Entities or Alameda.

3.      All work papers concerning the quarterly financial statements for fiscal and/or calendar year 2020, 2021 and/or 2022 for any of the FTX Entities or Alameda.

4.      All audit reports and/or opinions issued by you concerning the financial statements of any of the FTX Entities or Alameda.

5.      All permanent files concerning any of the FTX Entities and/or Alameda that were prepared or maintained in connection with, and/or referred to, in connection with any engagement you performed for any of the FTX Entities and/or Alameda.

6.      To the extent not provided in connection with the foregoing Requests, any and all management representation letters concerning any engagements, consulting, advising, attestation, tax or any other work you performed for, or on behalf of, the FTX Entities and/or Alameda.

7.      All documents concerning any working group lists, or the names and contact information for all persons or entities, you received, prepared, or maintained in connection with any engagement, consulting services, advising services or any other activities you performed concerning the FTX Entities and/or Alameda.

8.      All documents concerning internal accounting controls at any of the FTX Entities and/or Alameda.

9.      All documents concerning the terms of service agreements entered into between any of the FTX Entities and their customers or investors.

10.     All documents concerning proof of reserves, real time attestations, tax, consulting and/or other services you provided to, received from, or exchanged with, any of the FTX Entities and/or Alameda.

11.     All documents concerning services provided to any of the FTX Entities or Alameda by any other auditing or accounting firm (including, but not limited to, Deloitte, PWC, BDO or EY) including any audit, consulting, proof of reserves, real time attestations, tax and advisory services.

12.     All documents concerning the posting on the Prager Metis website in approximately June 2022 that "Prager Metis is proud to support FTX US", including, but not limited to, the propriety of such posting.

13.     All documents concerning the posting on your website or on social media of any statements concerning the FTX Entities, Alameda and/or any of the Defendants.

14.     All documents concerning the tweet made by Armanino on December 8, 2021 that stated "Next up…@SBF_FTX Let's go buddy!".

15.     All documents concerning statements made on any website or any social media platform by Samuel Bankman-Fried, the FTX Entities, Alameda, or by any of the Defendants, including statements concerning:

    a.      the financial statements of the FTX Entities and/or Alameda; and/or

    b.      that the financial statements of FTX Entities and/or Alameda had been audited.

16.     All documents concerning any communications between you and each of the following entities and/or persons concerning the FTX Entities and/or Alameda:

    a.    the United States Securities and Exchange Commission ("SEC");

    b.    the Commodity Futures Trading Commission ("CFTC");

    c.    the United States Department of Justice, including any United States Attorneys' Office ("DOJ");

    d.    any Committee or member of the House of Representatives and/or the Senate of the United States;

    e.    the PCAOB, AICPA or any other national or international entity regulating your work or services;

    f.    the Government of the Bahamas and/or any agency thereof;

    g.    any state or administrative agency or regulatory entity;

    h.    any federal or foreign governmental agency, administrative agency or regulatory entity;

    i.    any accounting firm, accountant or auditor;

    j.    any actual or prospective customer of any of the FTX Entities and/or any actual or prospective investor in any of the FTX Entities.

    k.    any Debtors, Creditors, Liquidators, the U.S. Trustee (or any person or entity acting on their behalf), and/or any person or entity filing an adversary proceeding in the Bankruptcy Actions.

    l.    any of the Defendants.

17.     All documents concerning the FTX Entities and/or Alameda you provided to or exchanged with:

a. the SEC;

b. the CFTC;

c. the DOJ;

d. any Committee or member of the House of Representatives and/or Senate of the United States;

e. the PCAOB, AICPA or any other national or international entity regulating your work or services;

f. the Government of the Bahamas and/or any agency thereof;

g. any state or administrative agency or regulatory entity;

h. any federal or foreign governmental agency, administrative agency or regulatory entity;

i. any accounting firm, auditor or accountant;

j. any actual or prospective customer of any of the FTX Entities and/or Alameda and/or any actual or prospective investor in any of the FTX Entities and/or Alameda.

k. any Debtors, Creditors, Liquidators, the U.S. Trustee (or any person or entity acting on their behalf) and/or any person or entity filing an adversary proceeding in the Bankruptcy Actions.

l. any of the Defendants.

18. All documents concerning the identification of all persons or entities who received, or were provided a copy of, your audit report(s) concerning the financial statements of either of the FTX Entities and/or Alameda, whether in whole or in part.

19.     All documents concerning communications between you and John J. Ray III (or any of his agents or employees conducting operations on behalf of the FTX Entities or Alameda on or after the filing of bankruptcy petitions in the Bankruptcy Actions) concerning the FTX Entities and/or Alameda.

20.     All documents concerning your bills and invoices to any of the FTX Entities or Alameda, or to any present or former director, officer, employee and/or agent of the FTX Entities and/or Alameda, including itemized descriptions of the work you performed and the amounts billed for same.

21.     All documents concerning any exchange of payments of any kind, or the receipt of any item of value (including, but not limited to, items such as cryptocurrency, digital assets, fiat currency, real estate, assets, gifts, entertainment, or any other item of value) between or among you and/or any of the FTX Entities, Alameda and/or any present or former director, officer, employee and/or agent of the FTX Entities and/or Alameda.

22.     All documents concerning any monies or anything of value received by you from the FTX Entities, Alameda and/or any of the Defendants.

23.     To the extent not already produced in connection with any of the above requests, all transcripts and recordings of any depositions, testimony, interviews, or statements you have provided concerning the FTX Entities and/or Alameda in any court, administrative proceedings, the Bankruptcy Actions or any other foreign or domestic forum.

24.     All documents concerning any written or oral statements, presentations, whitepapers, articles, or any other communications you have issued or made

concerning auditing or engagements for cryptocurrency or digital assets, including, but not limited to, proof of reserves and/or real-time attestation of digital assets.

25.    To the extent not produced in connection with the above Requests, all documents concerning any services or work you performed for the FTX Entities and/or Alameda, or any documents prepared by any other person or entity, concerning the cryptocurrency and/or digital assets of any kind or accounts held, managed, maintained and/or received by the FTX Entities and/or Alameda (whether for the benefit of the FTX Entities, Alameda, and/or customers and investors), including any such information generated using any software or application including, but not limited to, TrustExplorer, LedgerLens, CryptoPrep, Crypto-Asset Accounting & Tax, Silvergate Exchange Network, or any similar software or application.

26.    To the extent not produced in connection with the above Requests, all documents concerning any transactions between or among the FTX Entities, Alameda and/or any of the Defendants, including but not limited to, any: a) related party transactions; b) transfers of digital assets, cryptocurrency assets, monetary assets (including fiat currency or e-money), tokens, bitcoin or any other form of assets; c) real estate transactions; and/or d) disbursements or loans of any kind.

27.    All documents concerning your policies and procedures for the preservation, maintenance and/or destruction of the documents sought by these Requests, including any ESI or e-mail.

28.    All insurance policies under which you may seek coverage in connection with the above-referenced action or your work and/or engagements on behalf of the FTX Entities.

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**
**MDL No. 3076**
**CASE NO. 1:23-md-03076-KMM**

In Re: FTX Cryptocurrency Exchange Collapse Litigation

## PLAINTIFFS' FIRST SET OF INTERROGATORIES TO DEFENDANTS PRAGER METIS CPAs LLC AND ARMANINO LLP

Plaintiffs, pursuant to Fed. R. Civ. P. 26 and 33, and Rule 26.1 of the Local Rules of the Southern District of Florida, request that Defendants, Prager Metis CPAs LLC and Armanino LLP, respectively respond, in writing and under oath, to the following interrogatories, within the time prescribed by such rules.

Dated: June 30, 2023

Respectfully submitted,

By: /s/ *David Boies*
      David Boies

David Boies (*Pro Hac Vice*)
Alex Boies (*Pro Hac Vice*)
**BOIES SCHILLER FLEXNER LLP**
333 Main Street
Armonk, NY 10504
Phone: (914) 749–8200
*dboies@bsfllp.com*

Adam M. Moskowitz Florida Bar No. 984280
Joseph M. Kaye Florida Bar No. 117520
**THE MOSKOWITZ LAW FIRM, PLLC**
3250 Mary Street, Suite 202
Miami, FL 33133
Mailing Address:
P.O. Box 653409
Miami, FL 33175
Telephone: (305) 740-1423
*adam@moskowitz-law.com*
*joseph@moskowitz-law.com*

Stephen Neal Zack Florida Bar No. 145215
**BOIES SCHILLER FLEXNER LLP**
100 SE 2nd St., Suite 2800
Miami, FL 33131
Office: 305-539-8400
*szack@bsfllp.com*

*Plaintiffs' Co-Lead Counsel*

Dated: June 30, 2023

By: /s/ *Laurence D. King*
       Laurence D. King

Laurence D. King
Kathleen A. Herkenhoff
**KAPLAN FOX & KILSHEIMER LLP**
1999 Harrison Street, Suite 1560
Oakland, CA  94612
Telephone:  (415) 772-4700
*lking@kaplanfox.com*
*kherkenhoff@kaplanfox.com*

Frederic S. Fox
Joel B. Strauss
**KAPLAN FOX & KILSHEIMER LLP**
800 Third Avenue, 38th Floor
New York, NY 10022
Telephone:  212-687-1980
*ffox@kaplanfox.com*
*jstrauss@kaplanfox.com*

*Plaintiffs' Steering Committee Member*

## **DEFINITIONS**

Unless otherwise specified, the terms set forth below have the following meanings:

1.     "Alameda" refers to Alameda Research LLC, including, but not limited to, its past and present subsidiaries, affiliates, divisions, segments (including any mobile application and/or web-based cryptocurrency investment services or trading platform), predecessors (including acquired entities or lines of business), successors, directors, officers, employees, representatives and/or agents.

2.     All/Each and And/Or – The terms "all", "each", "and" and "or" shall be construed as meaning either all or each as necessary, or conjunctively, to bring within the scope of the interrogatories all responses that might otherwise be construed to be outside their scope.

3.     "BDO" refers to BDO International Limited, its network of independent member firms, BDO USA, LLP, and their related entities, including any international, national or local branches of offices of BDO, and its current and prior partners, employees or agents.

4.     "Concerning" means relating to, referring to, describing, evidencing or constituting.

5.     "Defendants" refers to any and all persons and/or entities named as defendants in any of the actions consolidated with, and into, the above-captioned action.  For purposes of these interrogatories, Defendants also includes Silvergate Capital Corporation (a/k/a Silvergate Bank).

6.     "Deloitte" refers to Deloitte Touche Tohmatsu Limited ("DTTL"), its network of member firms, and their related entities, including any international, national or

local branches of offices of Deloitte, and its current and prior partners, employees or agents. Deloitte specifically includes Deloitte US and Deloitte Global.

7.   "Document" means any written, printed, typed or other graphic matter, of any kind or nature, whether in hard copy or electronic format, whether the original, draft, or a copy and copies bearing notations or marks not found on the original, including but not limited to memoranda, reports, recommendations, notes, letters, envelopes, post-its, emails, ext messages, instant messages (including, but not limited to, messages exchanged or sent using Slack, Teams, Discord, WhatsApp, Signal or any other similar application),  transcripts, studies, analyses, tests,  books, articles, minutes, agreements, contracts, and all other written communications, of any type, including inter and intra-office communications, questionnaires, surveys, charts, graphs, videos, photographs,  tapes, voice messages or other recordings, print-outs or compilations from which information can be obtained or, if necessary, translated through detection devices into reasonably usable form, including all underlying or preparatory materials and drafts thereof.  To the extent not already covered in the above definition, "Document" specifically includes any "writing", "recording", "photograph", "original" or "duplicate" as defined in Rule 1001 of the Federal Rules of Evidence, and/or "Electronically Stored Information" as set forth in Rule 34 of the Federal Rules of Civil Procedure and/or as further defined as "ESI" herein.

8.   "ESI" refers to Electronically Stored Information, as consistent with Rule 34 of the Federal Rules of Civil Procedure, and includes all computer or electronically stored or generated data and information, including all attachments to and enclosures within any requested item, and all drafts thereof. ESI includes all information and

documents stored in any format and on any storage media, including, but not limited to: internal and external storage devices, hard drives, flash drives; and magnetic tape, whether fixed, portable or removable, and ESI further includes, but is not limited to, electronic spreadsheets, electronic presentation documents, e-mail messages, text messages, message platforms (including, but not limited to, Slack, Teams, Discord, WhatsApp, Telegram, Messenger, Signal or any other similar platforms where chat messages are exchanged); image files; sound files; material or information stored in a database or accessible from a database (including, but not limited to, Salesforce, Azure Cloud, or SQL databases). Responsive ESI may also include data on social media websites (e.g., LinkedIn, Facebook, Twitter, Instagram, and internal intranet social media). To the extent that a document or ESI contains tracked changes, comments, or other hidden text, the document or ESI should be imaged with that hidden text displayed. ESI also includes all associated metadata that is maintained or saved (including for example, author, recipient, file creation date, file modification date, etc.). Metadata preservation includes preserving parent-child relationships within a document family (the association between an attachment and its parents' document or between embedded documents and their parent). The entire document and attachments will be produced, except any attachments that may be withheld or redacted on the basis of any protection or privilege, work product, or other applicable protection. Best efforts shall be made to ensure that the parent-child relationships within a document family (the association between an attachment and its parent document) are preserved and that

such responsive child document(s) should be consecutively produced immediately after the responsive parent document.

9.   "EY" refers to Ernst & Young Global Limited, including but not limited to Ernst & Young LLP, and their related entities, including any international, national or local branches of EY, and its current and prior partners, employees or agents.

10.   "FTX Entities" refers to FTX Trading and/or FTX US.

11.   "FTX Trading" refers to FTX Trading Ltd. d/b/a FTX Trading, including but not limited to its past and present subsidiaries, affiliates, divisions, segments (including any mobile application and/or web-based cryptocurrency investment services or trading platform, such as FTX.com), predecessors (including acquired entities or lines of business such as Blockfolio, Inc.), successors, directors, officers, employees, representatives and/or agents.

12.   "FTX US" refers to West Realm Shires Services Inc. d/b/a FTX US, including but not limited to its past and present subsidiaries, affiliates, divisions, segments (including any mobile application and/or web-based cryptocurrency investment services or platform, such as FTX.com), predecessors (including acquired entities or lines of business such as Blockfolio, Inc.), successors, directors, officers, employees, representatives and/or agents.

13.   "Person" means any natural person(s) or any business, legal, or governmental entity (or entities) or association(s).

14.   "PWC" refers to PriceWaterhouseCoopers LLP and/or PricewaterhouseCoopers International Limited ("PwCIL") and any international, national or local branches or offices of PWC, and its current and prior partners, employees or agents.

15.     "Robert Lee & Associates" refers to Robert Lee & Associates and any international, national or local branches or offices of Robert Lee & Associates, and its current and prior partners, employees or agents.

16.     "You" or "Your" shall refer to the defendant responding to these interrogatories, including but not limited to its international, national or local branches or offices, and current and prior partners, employees and agents.

17.     When referring to a person, "to identify" means to give, to the extent known, the person's full name and present or last known address and, when referring to a natural person, additionally, the present or last known place of employment.

18.     Defined terms may or may not be capitalized or made uppercase; the given definitions apply even if a term in question is not capitalized or made uppercase. No waiver of a definition is implied by the use of a defined term in a non-capitalized or lowercase form.

## **INSTRUCTIONS**

1. Production of responses and objections to the interrogatories shall be made at the offices of The Moskowitz Law Firm, P.O. Box 653409, Miami, FL 33133, or via electronic mail to the email addresses provided in the signature blocks of the attorneys serving these interrogatories.

2. Unless otherwise stated in an interrogatory, the time period for which you must respond is January 1, 2019 through the date of response to these interrogatories.

3. These interrogatories shall include all information in your possession, custody or control or in the possession, custody or control of your present or former agents, representatives, or your attorneys, or any and all persons acting on your behalf, or your present or former agents, representatives, or attorneys.

4. Each interrogatory objection and/or response must immediately follow the quoted interrogatory, and no part of an interrogatory shall be left unanswered merely because an objection is interposed to another part of the interrogatory.

5. If you claim there is any ambiguity in either a particular interrogatory or in a definition or an instruction applicable thereto, you shall not use such claim as a basis for refusing to respond to the interrogatory, but you shall set forth as part of the response the language you deem ambiguous and the interpretation you used in responding.

6. Where an objection is made to any interrogatory, the objection shall state with specificity all grounds. Any ground not stated in an objection within the time provided by the Federal Rules of Civil Procedure, the local rules of the Southern

District of Florida, or by the Court's order, or any extensions thereof, shall be waived.

7.  Where a claim of privilege or protection from disclosure is asserted in objecting to any interrogatory, or sub-part thereof, and a complete answer is not provided on the basis of such assertion, you shall provide a log within the time period set forth in Rule 26.1 of the Local Rules of the Southern District of Florida, and in conformity with the requirements of that rule.

8.  If you answer any interrogatory by reference to records or materials from which the answer may be derived or ascertained, you shall make available within the time period specified in Rule 26.1 of the Local Rules of the Southern District of Florida:

    a.  any electronically stored information or summaries thereof that you have or can adduce by a relatively simple procedure, unless those materials are privileged or otherwise immune from discovery.

    b.  any relevant compilations, abstracts or summaries in your custody or readily obtainable by you, unless those materials are privileged or otherwise immune from discovery.

9.  All documents that cannot be accurately represented in TIFF format (such as spreadsheets, computer slide presentations, audio files, video files, and other similar file types) shall be provided in its native format. The parties will further meet and confer regarding appropriate format of production for databases and structured data (e.g., Microsoft Teams, Slack, Microsoft Access, Azure Cloud, Salesforce, Oracle, or other ephemeral messaging or proprietary database systems).

10.    All documents are to be produced in the following method if not produced in its Native Format:

    a.    Single page .TIFF images

    b.    Color.jpg (documents wherein reflection of importance relies on color, shall be produced in .jpg format)

    c.    Document level Text Files containing extracted full text or OCR text.

    d.    Electronic documents, e-mails, text or instant messages are to be processed and converted from the electronic format to single page tiff.

11.    These interrogatories shall be deemed continuing, and supplemental interrogatory responses shall be provided as additional responsive information becomes available.

## <u>INTERROGATORIES</u>

1.    For each audit report and/or opinion you issued concerning the financial statements of the FTX Entities and/or Alameda, identify each person who you have reason to believe received or reviewed such a report or opinion, whether as issued or in draft.

2.    For any statement concerning the FTX Entities, Alameda, or any of the Defendants made by you, other than to the FTX Entities and Alameda itself (including but not limited to any online or internet posting, whether on a website, social media, or otherwise), identify each person involved in creating and/or approving such posting, including, but not limited to, your current and/or former partner(s) and/or employees.

3.    Identify all services you and/or any other accounting firm, including but not limited to BDO, Deloitte, EY, PWC or Robert Lee & Associates, provided to any of the FTX Entities and/or Alameda, including (i) the timing of such services; (ii) the identities of each partner and/or employee of your firm and/or any other accounting firm who participated in the performance of such services; and (iii) the location(s) of the office(s) from which such services were provided.