**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**
**MIAMI DIVISION**
**MDL No. 3076**

**CASE NO. 1:23-md-03076-KMM**

IN RE:

**FTX Cryptocurrency Exchange Collapse Litigation**

This Document Relates To:

*Garrison v. Bankman-Fried*,

Case No. 22-cv-23753-MOORE/OTAZO-REYES

**PLAINTIFFS' OPPOSITION TO RENEWED MOTION TO STAY ALL DISCOVERY BY BRAND AMBASSADOR DEFENDANTS**

Plaintiffs respond in Opposition to the Renewed Motion to Stay all Discovery (including exchanging even "Initial Disclosures") [ECF No. 124] (the "Motion"), by Defendants Brady, Bündchen, Curry, David, Golden State Warriors, LLC ("GSW"), Haslem, Lawrence, Ohtani, O'Leary, Ortiz, and Osaka (collectively, the "Brand Ambassador Defendants").

**INTRODUCTION**

The Court should deny the Brand Ambassador Defendants' motion and require them to provide: (1) standard and uniform Initial Disclosures, and (2) basic discovery that is admittedly readily available and not burdensome to produce. Initial Disclosures are required in *every* federal case because they help organize the litigation and help the parties and the Court, by requiring the identity of certain crucial documents and information that a party knows they will be relying upon for their arguments.  Moreover, these parties have known about this litigation for over six (6) months, have retained many of the best defense law firms in the country and have admitted that they have already gathered all of the responsive, basic materials (such as their own FTX Contracts and emails regarding those Contracts).

CASE NO. 1:23-md-03076-KMM

Plaintiffs respectfully suggest that the MDL Court should not simply enter a blanket stay of all discovery (including Initial Disclosures) just because each Defendant may raise motions concerning a Consolidated Amended Complaint that has yet to be filed.[1] Plaintiffs respectfully request the Brand Ambassador Defendants be compelled to produce Initial Disclosures in accordance with Federal Rule of Civil Procedure 26(a)(1), which are clearly not burdensome, and which the Brand Ambassador Defendants provide no compelling argument against doing so. Likewise certain foundational documents, such as their own unredacted Brand Ambassador Defendants' agreements with FTX, are undoubtedly relevant. *See* Dkt. 22-cv-23753, ECF No. 163. In fact, at least four of the Brand Ambassador Defendants (Brady, O'Leary, Ortiz, and David) ***already produced*** their respective agreements in one case now part of this MDL, *Norris v. Brady*, 23-cv-20439 (S.D. Fla.) ("*Norris*").[2]

These basic Brand Ambassador documents alone, in many cases (such as in the related *Voyager* Crypto Litigation), have proven to be crucial, because they clearly identify specific functions and expectations of the parties, and in many cases, involve choice of law and jurisdiction information, which were relevant for the Court's initial determinations.

---

[1] The Brand Ambassador Defendants first filed their motion to stay discovery on April 26, 2023 in *Garrison v. Bankman-Fried*, No. 22-cv-23753 (S.D. Fla.). That motion referred to arguments raised in a motion to dismiss a complaint which is no longer operative and a motion of five of those Defendants (Curry, David, GSW, Ohtani, and Osaka) to dismiss for lack of personal jurisdiction. Dkt. 22-cv-23753, ECF No. 139. Those defendants appear to have abandoned their jurisdictional arguments, likely in light of the forthcoming amended consolidated pleading and the filing of complaints in each of their home jurisdictions which will then be tagalong cases in the MDL proceeding before this Court. *See* Motion at 3.

[2] With respect to the issue of the remainder of the "merits" discovery, Plaintiffs take no position and leave it to the Court's discretion what discovery, if any, should be permitted pending a decision on the forthcoming motions to dismiss, which are due 45 days after Plaintiffs file their consolidated amended complaint by August 7, 2023. ECF. No. 61 at 4.

2

**LEGAL ARGUMENT**

   I.   **LEGAL STANDARD**

The Court "has broad discretion to stay discovery pending decision on a dispositive motion." *See Panola Land Buyers Ass'n v. Shuman*, 762 F.2d 1550, 1560 (11th Cir. 1985) (citations omitted). While motions to stay discovery may be granted pursuant to Fed. R. Civ. P. 26(c), the moving party bears "the burden of showing good cause and reasonableness." *Cuhaci v. Kouri Grp., LP*, 540 F. Supp. 3d 1184, 1186 (S.D. Fla. 2021) (quoting *Feldman v. Flood*, 176 F.R.D. 651, 652 (M.D. Fla. 1997) (seeking to stay discovery requires a "specific showing of prejudice or burdensomeness"). However, such motions "are not favored because when discovery is delayed or prolonged it can create case management problems which impede the Court's responsibility to expedite discovery and cause unnecessary litigation expenses and problems." *Randy Rosenberg, D.C., P.A. v. GEICO Gen. Ins. Co.*, No. 19-cv-61422, 2019 WL 6052408, at *1 (S.D. Fla. Nov. 15, 2019) (quoting *Feldman*, 176 F.R.D. at 652); *see Cuhaci*, 540 F. Supp. 3d at 1187 ("Motions to stay discovery pending ruling on a dispositive motion are generally disfavored in this district.") (cleaned up).

"Although the Court has discretion to stay discovery, this District's Local Rules make clear that a stay of discovery pending the determination of a motion to dismiss is the exception, rather than the rule." *Vechten v. Elenson*, No. 12-cv-80668, 2012 WL 12978270, at *1 (S.D. Fla. July 20, 2012) (citations omitted); *Keegan v. Minahan*, No. 23-61148-CIV, 2023 WL 4546253, at *1 (S.D. Fla. July 14, 2023) (same); *Cabrera v. Progressive Behav. Sci., Inc.*, 331 F.R.D. 185, 186 (S.D. Fla. 2019) (same).

"[D]iscovery stay motions are generally denied except where a specific showing of prejudice or burdensomeness is made." *United States ex rel. Sedona Partners LLC v. Able Moving & Storage, Inc.*, No. 20-cv-23242, 2021 WL 4749803, at *2 (S.D. Fla. Oct. 12, 2021) (denying

3

motion to stay). "Ultimately, the proponent of the stay bears the burden of demonstrating its necessity, appropriateness, and reasonableness." *Ray v. Spirit Airlines, Inc.*, No. 12-61528-CIV, 2012 WL 5471793, at *2 (S.D. Fla. Nov. 9, 2012) (citing *McCabe v. Foley*, 233 F.R.D. 683, 685 (M.D. Fla. 2006)). Moreover, "[a] request to stay discovery pending a resolution of a motion is ***rarely*** appropriate unless a resolution of the motion will dispose of the entire case." *Vechten*, 2012 WL 12978270, at *1 (quoting *McCabe*, 233 F.R.D. at 685); *see also Dorado v. Bank of Am., N.A.*, No. 16-21147-CIV, 2016 WL 10859786, at * 1 (S.D. Fla. June 3, 2016) (quoting *McCabe*, 233 F.R.D. at 685) ("[A] request to stay discovery pending a resolution of a motion is rarely appropriate unless resolution of the motion will dispose of the entire case.").[3]

Thus, "in deciding whether to stay discovery pending resolution of a pending motion, the Court inevitably must balance the harm produced by a delay in discovery against the possibility that the motion will be granted and entirely eliminate the need for such discovery." *Se. Metals Mfg. Co., Inc. v. Stampco, Inc.,* No. 13-cv-844-J-34, 2014 WL 12611323, at *2, at *2 (M.D. Fla. July 29, 2014) (citing *Feldman*, 176 F.R.D. at 652). In making its determination, the Court takes

---

[3] The Brand Ambassador Defendants base their arguments in favor of a stay of all discovery on *Chudasama v. Mazda Motor Corp.*, 123 F.3d 1353 (11th Cir. 1997), and its progeny. But *Chudasama* does not require that discovery always be stayed pending resolution of a motion to dismiss. *See Ray*, 2012 WL 5471793, at *3 ("The Eleventh Circuit did not, however, prescribe 'a broad rule that discovery should be deferred whenever there is a pending motion to dismiss.'"); *Reilly v. Amy's Kitchen, Inc.*, No. 13-21525-CIV, 2013 WL 3929709, at *1 (S.D. Fla. July 31, 2013) ("[T]here is no general rule that discovery be stayed while a pending motion to dismiss is resolved."); *Gannon v. Flood*, No. 08-60059-CIV, 2008 WL 793682, at *1 (S.D. Fla. Mar. 24, 2008) (*Chudasama* "does not indicate a broad rule that discovery should be deferred whenever there is a pending motion to dismiss."); *Bocciolone v. Solowsky*, No. 08-20200-CIV, 2008 WL 2906719, at *1 (S.D. Fla. July 24, 2008) ("[C]ourts have consistently rejected any *per se* requirement to stay discovery pending resolution of a dispositive motion."). Instead, the *Chudasama* court "confronted a very specific situation involving a threefold problem — unjustifiable delay by the district court in ruling on the motion to dismiss, an erroneous decision to compel discovery from the defendant prior to adjudicating the motion to dismiss, and an especially dubious fraud claim that was likely to be dismissed." *Ray*, 2012 WL 5471793, at *3.

a "preliminary peek" at the merits of the pending motion to assess the likelihood that the motion will be granted. *McCabe*, 233 F.R.D. at 685; *MSP Recovery Claims, Series LLC v. Amerisure Ins. Co.*, No. 17-23961-CIV, 2021 WL 4992560, at *1 (S.D. Fla. Mar. 8, 2021) ("Having reviewed Defendants' Motion and performed a 'preliminary peek' at the arguments raised in Defendants' Motion to Dismiss, the Court cannot say dismissal of the claims against Defendants is a foregone conclusion.").

Because it is impossible for courts to take a "preliminary peek" at motions that have yet to be filed, Florida courts consistently deny motions to stay discovery based on a forthcoming motion. *See Carey v. Kirk*, No. 21-20408-CIV, 2021 WL 9347056, at *1 (S.D. Fla. Sept. 20, 2021) ("Without a motion to dismiss pending, it is impossible for the Court to take a 'preliminary peek' to balance the interest in this case."); *Jackson v. Anheuser-Busch InBev SA/NV, LLC*, No. 20-cv-23392, 2021 WL 493959, at *2 (S.D. Fla. Feb. 10, 2021) (denying motion to stay because, without a motion to dismiss before it, there was nothing for the court to take a "preliminary peek" at in order to determine the merits of the forthcoming motion); *www.TrustScience.com Inc. v. Bloom Ltd.*, No. 18-cv-1174-Orl-41, 2018 WL 8368844, (M.D. Fla. Oct. 11, 2018) (denying motion to stay discovery where plaintiff was unable to respond to defendants' summary assertions that its anticipated motion to dismiss was clearly meritorious); *Krukever v. TD Ameritrade, Inc.*, No. 18-21399-CIV, 2018 WL 2382008, at *2 (S.D. Fla. May 23, 2018) (denying the defendants' motion to stay and stating that "with only a two-page summary of a forthcoming motion to dismiss, 'the [c]ourt cannot say that this case is surely destined for dismissal.'") (citation omitted); *Southeastern Metals*, 2014 WL 12611323, at *2 ("In the instant case, it is obviously impossible for the [c]ourt to take a 'preliminary peek' at [d]efendant's motion for summary judgment, because no such motion has actually been filed.").

## II. THE BRAND AMBASSADOR DEFENDANTS FAIL TO DEMONSTRATE THE NECESSITY, APPROPRIATENESS, AND REASONABLENESS OF A STAY.

The Brand Ambassador Defendants advance three arguments in support of a stay: (i) the Court should take a "preliminary peek" at a motion to dismiss a prior, soon-to-be superseded version of the complaint and stay discovery because the yet-to-be filed motion to dismiss "should result in dismissal," (ii) without a stay the Brand Ambassador Defendants will be subject to the burden and expense of discovery, and (iii), a stay will not prejudice Plaintiffs. *See* Motion at 7–8, 11–20. None of those arguments withstand scrutiny.

### A. The Court Cannot Take a Quick "Peek" At A Motion To Dismiss A Pleading That Has Not Yet Been Filed.

It is obviously impossible for the Court to take a "preliminary peek" at the Brand Ambassador Defendants' forthcoming motion to dismiss the amended consolidated complaint because that pleading has not yet been filed. Nor can the Brand Ambassador Defendants credibly claim that their forthcoming motion will resolve the matter in its entirety as against them without having reviewed the amended consolidated complaint, which is not due until August 7, 2023. *See* ECF No. 61 at 4. To establish the merits of their yet-to-be-filed motion, the Brand Ambassador Defendants ask the Court to rely solely on their summary of their anticipated arguments set forth in a previously-filed motion to dismiss a version of the complaint which is no longer operative. *See* Motion at 7 (admitting "the consolidated amended complaint as to the [Brand Ambassador] Defendants has not been filed, and consequently, there are no pending motions to dismiss"). But the Court cannot determine whether those future motions would be clearly meritorious and truly case dispositive based upon such a summary, especially because Plaintiffs are unable to adequately respond to the Brand Ambassador Defendants' summary assertions. *See Krukever*, 2018 WL 2382008, at *2 (denying motion to stay discovery based on summary of arguments in a forthcoming motion to dismiss). Indeed, the Brand Ambassador Defendants cite no authority

6

whatsoever that would justify granting a motion to stay all discovery in anticipation of a forthcoming motion.[4]

Here, it certainly cannot be said that Defendants' forthcoming motion to dismiss "will dispose of the entire case," particularly where Plaintiffs have not even filed their amended consolidated pleading to, among other things, address purported deficiencies raised in the previously-filed motion to dismiss, include additional parties and claims, and provide additional context and background for the already-pled claims.

Even if the Court were to address any of the merits of the previously-filed motion to dismiss, it would not have the full picture. This Court already has acknowledged that the related FTX cases involve a main question of whether FTX's offerings are securities that need to be registered by the SEC. *See Norris*, ECF Nos. 43, 45. If the Court decides that question in the affirmative, the only remaining question will be whether the Brand Ambassador Defendants "aided and abetted" in the offer and sale of such unregistered securities under Florida law. Under any scenario, pleading an aiding and abetting claim is fact-specific, and the Court cannot "peek" at the adequacy of such fact-based allegations without the benefit of the pleading itself. Thus, the preview the Brand Ambassador Defendants provide of their forthcoming dismissal motion is

---

[4] The Brand Ambassador Defendants cite only to cases where the Court, unlike here, had the opportunity of actually peeking at a pending motion to dismiss. *See Lewis v. Mercedes-Benz USA, LLC*, No. 19-CIV-81220, 2020 WL 4923640, at *2 (S.D. Fla. Mar. 25, 2020); *Taylor v. Serv. Corp. Int'l*, 20-CIV-60709, 2020 WL 6118779, at *2 (S.D. Fla. Oct. 16, 2020) ("a 'preliminary peek' of the pending Motion to Dismiss reveals that Defendants have challenged the viability of all five claims as a matter of law"); *Rodriguez v. Imperial Brands plc*, No. 20-23287-CIV, 2022 WL 2231504, at *4 (S.D. Fla. May 25, 2022) (court "has taken the required peek at the Motions to Dismiss and finds that they do raise substantial merits and jurisdictional questions regarding Plaintiffs' claims"); *In re Mednax Servs., Inc., Customer Data Sec. Breach Litig.*, No. 21-MD-02994, 2021 WL 10428229, at *2 (S.D. Fla. Oct. 9, 2021) ("[A] 'preliminary peek' of the pending Motion to Dismiss reveals that Defendants have challenged Plaintiffs' Article III standing and, therefore, maintain that this Court lacks subject-matter jurisdiction under Rule 12(b)(1).").

largely academic and unlikely to result in the complete dismissal they are suggesting. *See Montoya v. PNC Bank, N.A.*, No. 14-20474-CIV, 2014 WL 2807617, at *2 (S.D. Fla. June 20, 2014) (denying a stay "[b]ecause the dismissal motions are not even fully briefed, the [court] is not prepared to now assess the viability of the motions" and even an "incomplete and preliminary review suggests that the motions may not be the 'slam-dunk' submissions the [d]efendants describe them to be in their papers").

> **B. The Brand Ambassador Defendants Fail to Establish They Will Be Burdened by the Limited Discovery Plaintiffs Seek at This Stage in the Litigation, and Plaintiffs Will Be Prejudiced by a Stay Precluding Such Discovery.**

The Brand Ambassador Defendants claim that absent a stay, they will be subject to the "unnecessary, expensive, and significant burden of engaging in discovery." Motion at 16. Yet, they fail to demonstrate how discovery would be unduly burdensome, much less make the "specific showing" of prejudice or difficulty that is required to impose a stay. *See United States ex rel. Sedona Partners LLC*, 2021 WL 4749803, at *2 (denying stay); *Montoya*, 2014 WL 2807617, at *2 (making conclusory statements regarding burdensome discovery cannot support a stay); *Ray*, 2012 WL 5471793, at *3 (denying stay motion where defendants asserted, as here, "bland generalizations" of burden such as "scope and breadth" of the allegations "would require a substantial amount of discovery," and "complexity" of the case). Indeed, in the *Voyager Digital* cases, the Court denied defendants' motion to stay all discovery, in part, because there was no showing, by declaration nor any evidence, that such requested discovery was unduly burdensome. *See* Paperless Order, *Robertson v. Cuban*, No. 22-cv-22538 (S.D. Fla. Nov. 18, 2022), ECF No. 45. Here, other than point to the discovery request themselves, the Brand Ambassador Defendants have not made *any* showing of "undue burden."

Moreover, as noted, Plaintiffs take no position and leave it to the Court's discretion what additional discovery, if any, should be permitted pending decision on the forthcoming motion to

dismiss. At this pre-consolidated amended pleading stage, Plaintiffs seek only certain foundational documents, such as each of the Brand Ambassador Defendants' brand ambassador and/or partnership agreements with FTX. These generally are responsive to Request No. 1 to each of the Requests for Production served on each of the Brand Ambassador Defendants. As demonstrated by the contracts produced in *Norris* by Brand Ambassador Defendants Brady, Ortiz, David, and O'Leary, these contracts are all varied in their requirements, with some requiring FTX brand ambassadors to create and publish numerous "social media posts," autograph a certain number of items per year, launch NFTs across the country through FTX, conduct virtual meetings and lunches, host FTX charity events, etc. And certain of those contracts specifically require the brand ambassadors/partners to collaborate with the FTX advertising company on these scripts (*i.e.,* such as the fraudulent FTX "I am All In" Campaign), via phone and emails, and preclude these celebrities from promoting any FTX competitors, in any manner.

Given the varied nature and particulars of the relationship among each of the Brand Ambassador Defendants and FTX, and the fact that the relationship as to each defendant is critical to establishing elements of Plaintiffs' claims, the limited discovery of each Brand Ambassador Defendant's brand ambassadorship and/or partnership agreement with FTX is appropriate and necessary at this stage. Indeed, the Brand Ambassador Defendants argue (erroneously) that they are not liable under Fla. Stat. § 517.07, because they "do not qualify as officers, directors ***or agents*** of FTX" (Motion at 15 (emphasis added)), but simultaneously seek to preclude Plaintiffs from discovering the clearly discoverable records which would either confirm or vitiate allegations of agency. Such discovery is appropriate and critical at this stage, and the stay motion should thus be denied as to at minimum the brand ambassadorship and/or partnership agreements.

CASE NO. 1:23-md-03076-KMM

## CONCLUSION

For the foregoing reasons, Plaintiffs respectfully request that the Court deny the Brand Ambassador Defendants' stay motion.

Dated: July 26, 2023                                                                                    Respectfully submitted,

| Plaintiffs' Co-Lead Counsel ||
|---|---|
| By: */s/ Adam Moskowitz*<br>Adam M. Moskowitz<br>Florida Bar No. 984280<br>Joseph M. Kaye<br>Florida Bar No. 117520<br>**THE MOSKOWITZ LAW FIRM, PLLC**<br>Continental Plaza<br>3250 Mary Street, Suite 202<br>Coconut Grove, FL 33133<br>Office: (305) 740-1423<br>adam@moskowitz-law.com<br>joseph@moskowitz-law.com<br>service@moskowitz-law.com | By: */s/ David Boies*<br>David Boies<br>Alex Boies<br>Brooke Alexander<br>**BOIES SCHILLER FLEXNER LLP**<br>333 Main Street<br>Armonk, NY 10504<br>Office: (914) 749-8200<br>dboies@bsfllp.com<br>aboies@bsfllp.com<br>balexander@bsfllp.com |

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the forgoing was filed on July 26, 2023, via the Court's CM/ECF system, which will send notification of such filing to all attorneys of record.

By: ***/s/ Adam M. Moskowitz***
ADAM M. MOSKOWITZ

10