UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MDL No. 3076
CASE NO. 1:23-md-03076-KMM

IN RE:

**FTX Cryptocurrency Exchange Collapse Litigation**

_____

THIS DOCUMENT RELATES TO ALL ACTIONS
_____/

**PLAINTIFFS' MOTION TO APPOINT
JUDGE MICHAEL A. HANZMAN AS THE FTX SPECIAL MASTER**

Plaintiffs file this Motion in response to the Court's specific question at the last June 21, 2023 Status Conference. Plaintiffs respectfully believe that appointing a Special Master in this complex matter, at this juncture, would be very helpful, and we would respectfully suggest that the Court appoint the Honorable Michael A. Hanzman (Ret.) as a Special Master in this action, pursuant to Federal Rule of Civil Procedure 53. Judge Hanzman has presided over some of the most complex class actions and has much securities law experience as a class action practitioner. Moreover, in that some of the Parties have already decided to attempt mediation before Judge Hanzman, especially in light of the dissipating insurance policies (that are being depleted weekly by very large amounts of defense legal expenses), Plaintiffs respectfully submit Judge Hanzman would be of great assistance to all of the Parties and the Court at this stage of the MDL.[1]

---

[1] The Parties in Mediation have confirmed with Judge Hanzman that he would agree to serve as Special Master in this matter, if requested. Some of the other FTX Defendants insisted that Plaintiffs disclose the names of those FTX Defendants that have decided to start mediation, but that information is clearly confidential and we have been requested not to disclose, such clearly confidential mediation/settlement information.

*IN RE: FTX Cryptocurrency Exchange Collapse Litigation*
*MDL No. 3076*
*CASE NO. 1:23-md-03076-KMM*

## HISTORY OF APPOINTING A SPECIAL MASTER

1. At the June 21, 2023 Status Conference, the Court asked the Parties to consider whether it would be beneficial to appoint a Special Master in that our assigned Magistrate is retiring shortly. The Parties have spent the last month discussing this important issue.

2. A few Defendants argued at the hearing that the Court's suggestion to appoint a Special Master ***might be premature at that stage***, in part because (1) it was undetermined whether any Defendant would continue to contest personal jurisdiction (and thus jurisdictional discovery could be warranted), (2) certain Defendants had not yet been served with discovery, and in Defendants' view, (3) the sole and only issue the Court should address is ruling on their upcoming Motions to Dismiss.

3. ***Since that June 21, 2023 Status Conference***, many specific, important issues (many involving discovery) exist and need to be addressed, and Plaintiffs' respectfully request the appointment of a Special Master would thus be extremely beneficial to the Court and all.

*First,* written discovery requests have already been (or will shortly be) served on the Accountant Defendants, certain Foreign and Domestic Venture Capital Defendants, Brand Ambassador Defendants, and Law Firm Defendants, and Defendants have argued that all such discovery should be stayed or that they will have specific objections to specific requests;

*Second,* Plaintiffs will be serving many third-party subpoenas (more than 10), around the same time Plaintiffs file their Consolidated Amended Complaints, all directed towards issues relevant to the separate tracks, for example, against additional law firms, accounting firms and banks, that are known to have conducted business in some capacity with the FTX Entities or the FTX Insiders;

***Third,*** the Parties have already conducted several meet and confer sessions via email, phone, and by Zoom videoconference (with over 73 participants), on issues regarding discovery, personal jurisdiction, acceptance of service, this motion, and a proposed protective order to govern discovery in this MDL, and could not agree on most of these issues;

***Fourth,*** the Brand Ambassador Defendants, Armanino LLP, and Prager Metis CPAS, LLC, already filed motions to stay all discovery that are pending, [ECF Nos. 124, 133, and 134];

***Fifth,*** some Defendants have begun confidential settlement discussions and desire to attempt mediation before a neutral third party, such as specifically Judge Michael Hanzman;

***Sixth,*** Plaintiffs filed a few new complaints against Defendants in their home districts, as requested, but they still object to personal jurisdiction in this MDL, and thus discovery is required;[2]

***Seventh,*** some Defendants already filed new motions to dismiss these newly filed complaints (in those jurisdictions), before the Panel could even transfer cases here, *see, e.g., Garrison, v. Stephan, et al.*, No. 2:23-cv-01138-JAD-BNW, ECF No. 4 (D. Nev. July 27, 2023);

***Eighth,*** Plaintiffs proposed a standard Protective Order (entered by this Court in other pending crypto class cases), which the majority of Defendants declined to provide input on, contending it is "premature" because they believe no discovery will be allowed; and

***Ninth,*** Defendants refuse to appoint any Defense liaison counsel to conduct any conferences in an orderly fashion, requiring Plaintiffs' counsel to proceed *ad hoc* for each Defendant in a manner that is cumbersome and inefficient.

---

[2] Jurisdictional discovery will be required for these issues, as Judge Altonaga held in *Paffrath* before it was transferred to this MDL, based on identical jurisdictional allegations in the current complaints. *See Garrison, et al. v. Paffrath,* et al., No. 1:23-cv-21023-CMA, ECF No. 96 (S.D. Fla. May 19, 2023) ("The Court finds that jurisdictional discovery is appropriate; additional facts need not be alleged in Plaintiffs' pleading."). Similar jurisdictional discovery was also ordered in the related pending litigation against the Voyager Digital Brand Ambassadors, which action is pending before Judge Roy K. Altman and Magistrate Judge Lisette M. Reid.

4. The Parties understand that it is within this Court's sole discretion on whether to appoint a Special Master, and whom to appoint. During the past four weeks, the Parties have discussed this issue in small groups and in a mass Zoom with over seventy-three counsel involved. There are some Defendants, such as Sequoia (through counsel, Rishi Vutsi), Udonis Haslem and David Ortiz (through counsel, Christopher Carver), Prager Metis (through counsel, Joanna Travalini), and Tom Brady, Giselle Bunchden, and Larry David (through counsel, Jessica Stebbins Bina and Andy Clubock), who object to the Court even considering this Motion on the basis that any consideration of a Special Master is premature. Attorneys Bina and Clubock, for example, stated on a Zoom conference held on July 27, 2023, that the Parties should not even be considering a Special Master and the Parties should not even be discussing discovery, until after the Court rules on their motions to dismiss. ***In other words, and to put it simply, any efforts to meet and confer with these Defendants of this issue absent intervention of a neutral third party, has been wholly fruitless.***

5. Some Defendants, however, such as Tom Nash, do not oppose the request. Others, such as Kevin Paffrath, take no position on the request.

6. Other FTX Defendants, such as Trevor Lawrence, take no position on whether it is the right time, but agrees that if the Court decides to appoint a Special Master at this time, Judge Michael Hanzman is an appropriate choice, having stated Judge Hanzman "is the right man for the job (whenever he is called upon to do it). As we all know, he is a truly phenomenal lawyer with particular expertise in this field and, even more, he has a proven record as an extraordinary mediator," and that he "can't think of a better person for this particular assignment." Plaintiffs agree with counsel for Trevor Lawrence, and therefore respectfully raise this Motion now for the Court's consideration.

7. As this Court previously noted, Rule 53(a) of the Federal Rules of Civil Procedure vests the Court with discretion to appoint a special master to "address pretrial ... matters that cannot be effectively and timely addressed by an available district judge or magistrate judge of the district." Fed. R. Civ. P. 53(a)(1)(C). Rule 53 also, separately and independently, vests the Court with discretion to appoint a special master to "perform duties consented to by the parties." Fed. R. Civ. P. 53(a)(1)(A); *see also Gary W. v. State of La.*, 601 F.2d 240, 245 (5th Cir. 1979). A special master may be warranted if the review process "places undue strain on the district court's resources." *Ensley Branch, N.A.A.C.P. v. Seibels*, 31 F.3d 1548, 1574 (11th Cir. 1994).

8. In many cases, **and in most MDLs in particular**, Courts appoint Special Masters (many times more than 1) to supervise discovery in light of "the magnitude of the case, the complexity of the anticipated discovery problems, [and] the sheer volume of documents to be reviewed, many of which [may be] subject to claims of privilege" *See, e.g.*, *In re Agent Orange Prod. Liab. Litig.*, 94 F.R.D. 173, 174 (E.D.N.Y. 1982) (appointing special masters to supervise discovery).[3]

---

[3] *See also United States ex rel. Newsham v. Lockheed Missiles & Space Co.*, 190 F.3d 963, 967 (9th Cir. 1999) (permitting reference to special master of all pre-trial matters); *In re Bituminous Coal Operators' Ass'n*, 949 F.2d 1165, 1168-69 (D.C. Cir. 1991) (concluding that it is improper for district court to refer dispositive matters, but proper to refer pre-trial discovery matters); *Dep't of Def.*, 848 F.2d at 236-37 (permitting reference of pre-trial matters); *In re Armco, Inc.*, 770 F.2d 103, 104-05 (8th Cir. 1985) (holding that litigation did not present exceptional condition to warrant reference to master of trial on merits but that master's broad authority to supervise and guide pre-trial matters was permissible); *United States v. Philip Morris*, No. 99 Civ. 2496 (D.D.C. Dec. 22, 2000) (Order No. 41) (appointing special master to handle the facilitation and resolution of all pre-trial discovery disputes, as well as assist with establishing pre-trial and trial procedures and schedules); *Mercer v. Gerry Baby Prods. Co.*, 160 F.R.D. 576, 577-79 (S.D. Iowa 1995) (appointing master to supervise discovery because disagreement and accusations among lawyers created a chaotic atmosphere for discovery and misuse of discovery motions); 9A CHARLES ALAN WRIGHT & ARTHUR R. MILLER, FEDERAL PRACTICE AND PROCEDURE § 2605,

9. The Court already stated the additional benefit of specifically appointing a Special Master in *this* complex MDL at this stage of the litigation at the June 21, 2023 Status Conference:

> So we're on our third magistrate judge; right? And this just happens to be a magistrate judge who is also going to be completing her service as a magistrate judge at the end of November. Okay? So she's retiring from service. It is not uncommon, I don't think, in these kind of cases, given the complexity of the case and the time that we can expect to devote to it, to consider the appointment of a special master.

June 21, 2023, Hr'g Tr., 35:18–36:1.

10. The Court went on to aptly conclude:

> The discovery issues — I think they're going to be — there's going to be a lot of them, and they're going to be very disparate depending on the particular party. It may be a little premature, but I see it on the horizon, and I just don't like the idea personally of trying to get one magistrate up to speed on these issues and then -- what are we now? We're at the end of June? — five months later, say, you know, it's all going to be turned over to some other magistrate judge and it just does not seem to be particularly helpful.

June 21, 2023, Hr'g Tr., 36:25–37:8.

11. Plaintiffs agree with the Court, and in that we do not have the full services of a Magistrate in this complex MDL, we respectfully submit that appointment of a Special Master, at this stage, pursuant to Rule 53 in this MDL, would be in the best interests of all parties, given the immensity of the claims in this MDL against various groups of parties and the issues.

12. In this regard, Plaintiffs respectfully request the Court appoint the Honorable Michael A. Hanzman (Ret.) as Special Master for this MDL to assist the Court in this litigation, and that the Special Master shall be vested by this Court with all necessary powers to execute the responsibilities of his office as allowed by Federal Rule of Civil Procedure 53.

---

at 664 (2d ed. 1994) (stating that the "use of a special master to supervise discovery still may be appropriate and useful in unusual cases"); MANUAL FOR COMPLEX LITIGATION (THIRD) §§ 21.424, 21.43 (1995).

13.     Judge Hanzman has confirmed that he would accept this important role if selected and approved by this Court, Judge Hanzman served as a Circuit Court Judge for the Eleventh Judicial Circuit of Florida (including the Complex Business Division) for 12 years, building on his decades-long success as a commercial litigator in private practice. As a Circuit Judge and Appellate Judge by designation, Judge Hanzman authored more than 200 published legal opinions and orders during his tenure and presided over a number of seminal cases in the state, including the $1.1 billion settlement in the high-profile Surfside condo collapse case. Judge Hanzman has also been recognized with multiple awards and honors, including the 2023 Jurist of the Year Award from American Board of Trial Advocates Florida Chapter, the 2023 Judicial Achievement Award from Florida Justice Association, the 2022 William H. Hoeveler Lifetime Achievement Award from the University of Miami School of Law's Center for Ethics & Public Service, the 2022 Equal Justice Judicial Leadership Award from Legal Services of Greater Miami, and the 2022 William Hoeveler/Jack Welsh Innovation Award from the American Inns of Court. Since retiring from the bench, Judge Hanzman took on the role of Senior Counsel in Bilzen Sumberg's Litigation Group, where he focuses his practice on Alternative Dispute Resolution (ADR), including private judging, arbitration, and mediation.

14.     Plaintiffs request that the Court appoint the Special Master to proceed with all reasonable diligence and haste and deploy the following procedures:

    a. Pursuant to Rule 53(b)(2)(A):

        i. The Special Master shall assist the Court with all discovery disputes, managing the conduct of discovery to promote efficiency and savings of time and cost, and dealing with any other matters which the Court may direct him to undertake.

ii. The Special Master shall have the authority to set the date, time and place for all hearings, to preside over hearings, to take evidence, to conduct in-person, telephonic, or Zoom conferences (in his discretion) to resolve disputes arising during depositions, and to issue orders awarding non-contempt sanctions, including, without limitation, the award of attorneys' fees, as provided by Rules 37 and 45.

iii. The Special Master shall also have the authority to serve as a mediator to facilitate settlement discussions between the Parties. The Court is familiar with the Special Master's credentials and it is this Court's judgment that the Special Master is well qualified for this appointment. The Special Master shall use his experience and judgment to structure any mediation in a manner to best facilitate potential resolution of the claim(s).

iv. The Special Master is authorized to receive and consider information designated as confidential pursuant to any protective order entered in this matter. The Special Master has agreed to be bound by any such protective order.

v. Moreover, unless expressly authorized in writing by counsel for the disclosing party, the Special Master shall not disclose any confidential information or documents obtained through or created in his role as a mediator. Likewise, all communications by counsel for the parties with one another and with the Special Master in his role as mediator shall be

kept strictly confidential by the Parties, and shall be subject to Rule 408 of the Federal Rules of Evidence.

b. The Special Master shall have the authority provided in Rule 53(c).

c. The procedural requirements contained in the Federal Rules of Civil Procedure and in this Court's Pretrial Orders shall govern any motion practice before the Special Master, unless otherwise directed by the Special Master. The Special Master may adopt or utilize informal procedures to resolve disputes, including at his discretion, in-person, telephone, or video conferences, requiring the parties to meet and confer, and directing the parties to submit and/or exchange letters in lieu of briefs. The Special Master in his discretion, may record any of the proceedings by a court reporter or other means.

d. Pursuant to Rule 53(b)(2)(B), the Special Master may communicate *ex parte* with the Court at any time. The Special Master may communicate ex parte with any party's attorneys for the purpose of fulfilling his role as Special Master. To the extent any party engages in ex parte communications with the Special Master, such ex parte communications shall not be deemed to have waived attorney-client or other privileges.

e. Pursuant to Rule 53(b)(2)(c), the Special Master shall maintain orderly files consisting of all documents submitted to him by the parties and of any of his written orders, findings, and/or recommendations. Pursuant to Rule 53(e), the Special Master shall file any written orders, findings, and/or recommendations with the Court via the Court's Electronic Case Filing ("ECF"). Such filing shall fulfill the Special Master's duty to serve his orders on the parties. Any records

of the Special Master's activities other than written orders, findings, and/or recommendations shall be filed in accordance with paragraph 9.b herein.

15. Plaintiffs request that, pursuant to Rule 53(b)(2)(D) and 53(f), the Court review and enforce the Special Master's written orders, findings, and/or recommendations as follows:

   a. Any party wishing to file objections to or a motion to adopt or modify the Special Master's orders, reports, and/or recommendations must file such objections or motion with the Court within 14 days from the day the Special Master filed the order, report, and/or recommendation via ECF. Any order issued by the Special Master shall remain in effect pending any such objection or motion. Without an objection to an adverse ruling, a party forfeits their opportunity to challenge the Special Master's orders, reports, and/or recommendations, thereby making the Special Master's conclusions and report subject to being immediately effective unless the Court determines that extraordinary circumstances justify a modification to that order.

   b. The party filing the objection or motion shall submit with such objection or motion any record necessary for the Court to review the Special Master's order, report, and/or recommendation, including any transcripts of proceedings before the Special Master and any documents submitted by the parties in connection with the Special Master's order, report, and/or recommendation. Failure to provide the record shall constitute grounds for the Court to overrule the objection or deny the motion.

   c. Pursuant to Rule 53(f)(3)–(5), the Court shall review findings of fact made or recommended by the Special Master for clear error. The Court shall review de

novo any conclusions of law made or recommended by the Special Master. The Court will set aside the Special Master's ruling on a procedural matter only for an abuse of discretion.

    d. Pursuant to Rule 53(f)(1), in acting on the Special Master's order, report, or recommendations, the Court shall give the Parties notice and an opportunity to be heard; may receive evidence; and may adopt or affirm, modify, wholly or partly reject or reverse, or resubmit to the Special Master with instructions; or make any further orders it deems appropriate.

16. Pursuant to Rule 53(b)(2)(E) and 53(g), Plaintiffs request that the Special Master shall be compensated at his regular hourly rate, and shall be reimbursed for any out-of-pocket expenses (e.g., expenses for telephone conference calls). The Special Master shall prepare a monthly invoice for his services, which he shall provide to Co-Lead Counsel and Defendants' Counsel. Plaintiffs and Defendants shall each pay half of the monthly invoice within 30 days, unless the Special Master or the Court directs otherwise.

17. A proposed order accompanies this motion as **Exhibit A**.

## CONCLUSION

**WHEREFORE**, Plaintiffs respectfully request the Court appoint the Honorable Michael A. Hanzman (Ret.) as Special Master for this MDL, together with such other and further relief as this Honorable Court deems just, equitable, and proper.

Dated: July 28, 2023                                    Respectfully submitted,

| **Plaintiffs' Co-Lead Counsel** ||
| --- | --- |
| By: */s/ Adam Moskowitz*<br>Adam M. Moskowitz<br>Florida Bar No. 984280<br>Joseph M. Kaye<br>Florida Bar No. 117520<br>**THE MOSKOWITZ LAW FIRM, PLLC**<br>Continental Plaza<br>3250 Mary Street, Suite 202<br>Coconut Grove, FL 33133<br>Office: (305) 740-1423<br>adam@moskowitz-law.com<br>joseph@moskowitz-law.com<br>service@moskowitz-law.com | By: */s/ David Boies*<br>David Boies<br>Alex Boies<br>Brooke Alexander<br>**BOIES SCHILLER FLEXNER LLP**<br>333 Main Street<br>Armonk, NY 10504<br>Office: (914) 749-8200<br>dboies@bsfllp.com<br>aboies@bsfllp.com<br>balexander@bsfllp.com |

### CERTIFICATE OF L.R. 7.1(a)(3) GOOD FAITH CONFERENCE

Plaintiffs' counsel certifies that they have conferred in good faith with all Defendants' counsel and Defendant Kevin Paffrath takes no position on this motion; Defendant Tom Nash does not oppose this motion; Defendant Trevor Lawrence takes no position on the timing, but agrees that if the Court were to appoint a Special Master at this stage, he agrees to Judge Hanzman; the remaining Defendants all oppose appointing or considering the appointment of any Special Master.

By: */s/ Adam M. Moskowitz*
     Adam M. Moskowitz

*IN RE: FTX Cryptocurrency Exchange Collapse Litigation*
*MDL No. 3076*
*CASE NO. 1:23-md-03076-KMM*

## <u>CERTIFICATE OF SERVICE</u>

I HEREBY CERTIFY that on July 28, 2023, a true and correct copy of the foregoing was filed electronically with the Clerk of the Court, by using the CM/ECF system which will send an electronic notification of such filing to all counsel of record.

        By: */s/ Adam M. Moskowitz*
        Adam M. Moskowitz