# Exhibit A

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MDL No. 3076
CASE NO. 1:23-md-03076-KMM

IN RE:

**FTX Cryptocurrency Exchange Collapse Litigation**

THIS DOCUMENT RELATES TO ALL ACTIONS
_____/

## [PROPOSED] ORDER APPOINTING MICHAEL A. HANZMAN TO SERVE AS THE FTX MDL SPECIAL MASTER

The Court having found, pursuant to Federal Rule of Civil Procedure 53, that appointment of a Special Master is necessary to address pretrial matters that cannot be effectively and timely addressed by an available district judge or magistrate judge of this district, the Court hereby appoints Judge Michael A. Hanzman (Ret.) as Special Master in this MDL, ***as long as he agrees and files an Affidavit in accordance with Federal Rule of Civil Procedure 53(b)(3))***, and being otherwise fully advised, it is

**ORDERED AND ADJUDGED** that the Motion is **GRANTED** as follows:

1. This Order shall apply to all cases currently pending in MDL No. 3076 and to all related actions that have been or will be originally filed in, transferred to, or removed to this Court and assigned thereto (collectively, "the MDL proceedings"). This Order is binding on all parties and their counsel in all cases currently pending or subsequently made part of these proceedings and shall govern each case in the proceedings.

2. Pursuant to Federal Rule of Civil Procedure 53, the Court hereby appoints the Honorable Michael A. Hanzman as a Special Master to assist the Court in this litigation, and the

Special Master shall be vested by this Court with all necessary powers to execute the responsibilities and duties of his office as allowed by Federal Rule of Civil Procedure 53.

3.  The Special Master is hereby appointed pursuant to Rule 53(a)(1) to perform duties consented to by the parties (Rule 53(a)(1)(A)), and to address pretrial matters that cannot be addressed effectively and timely by an available district judge or magistrate judge of the district (Rule 53(a)(1)(C)).

4.  Pursuant to Rule 53(a)(2) and 53(b)(3), the Special Master shall file an affidavit with this Court that states that he has no relationship to the parties, counsel, action, or Court that would require disqualification of a judge under 28 U.S.C. § 455. During the course of these proceedings, the Special Master and the parties shall notify this Court immediately if they become aware of any potential grounds that would require disqualification.

5.  Pursuant to Rule 53(a)(3), the Court has considered the fairness of imposing the likely expenses of the Special Master on the parties. The Court believes that the appointment and use of the Special Master will materially advance the litigation, thereby achieving considerable cost-saving to all parties. The Court will protect against unreasonable expenses and delay through regular communication with the Special Master, Co-Lead Counsel for Plaintiffs, and Defendants' Counsel.

6.  Pursuant to Rule 53(b)(1), the Court gave all parties to the MDL proceedings notice of its intent to appoint the Special Master and an opportunity to be heard with respect to such an appointment before issuing this Order.

7.  Pursuant to Rule 53(b)(2), the Court hereby directs the Special Master to proceed with all reasonable diligence in performing his duties in the MDL proceedings.

8.  Pursuant to Rule 53(b)(2)(A):

a. The Special Master shall assist the Court with all discovery disputes, managing the conduct of discovery to promote efficiency and savings of time and cost, and dealing with any other matters which the Court may direct him to undertake.

b. The Special Master shall have the authority to set the date, time and place for all hearings, to preside over hearings, to take evidence, to conduct in-person, telephonic, or Zoom conferences (in his discretion) to resolve disputes arising during depositions, and to issue orders awarding non-contempt sanctions, including, without limitation, the award of attorneys' fees, as provided by Rules 37 and 45.

c. The Special Master shall also have the authority to serve as a mediator to facilitate settlement discussions between the Parties. The Court is familiar with the Special Master's credentials and it is this Court's judgment that the Special Master is well qualified for this appointment. The Special Master shall use his experience and judgment to structure any mediation in a manner to best facilitate potential resolution of the claim(s).

d. The Special Master is authorized to receive and consider information designated as confidential pursuant to any protective order entered in this matter. The Special Master has agreed to be bound by any such protective order.

e. Moreover, unless expressly authorized in writing by counsel for the disclosing party, the Special Master shall not disclose any confidential information or documents obtained through or created in his role as a mediator. Likewise, all communications by counsel for the parties with one another and with the

Special Master in his role as mediator shall be kept strictly confidential by the Parties, and shall be subject to Rule 408 of the Federal Rules of Evidence.

9. The Special Master shall have the authority provided in Rule 53(c).

10. The procedural requirements contained in the Federal Rules of Civil Procedure and in this Court's Pretrial Orders shall govern any motion practice before the Special Master, unless otherwise directed by the Special Master. The Special Master may adopt or utilize informal procedures to resolve disputes, including at his discretion, in-person, telephone, or video conferences, requiring the parties to meet and confer, and directing the parties to submit and/or exchange letters in lieu of briefs. The Special Master in his discretion, may record any of the proceedings by a court reporter or other means.

11. Pursuant to Rule 53(b)(2)(B), the Special Master may communicate ex parte with the Court at any time. The Special Master may communicate ex parte with any party's attorneys for the purpose of fulfilling his role as Special Master. To the extent any party engages in ex parte communications with the Special Master, such ex parte communications shall not be deemed to have waived attorney-client or other privileges.

12. Pursuant to Rule 53(b)(2)(c), the Special Master shall maintain orderly files consisting of all documents submitted to him by the parties and of any of his written orders, findings, and/or recommendations. Pursuant to Rule 53(e), the Special Master shall file any written orders, findings, and/or recommendations with the Court via the Court's Electronic Case Filing ("ECF"). Such filing shall fulfill the Special Master's duty to serve his orders on the parties. Any records of the Special Master's activities other than written orders, findings, and/or recommendations shall be filed in accordance with paragraph 17 herein.

13. Pursuant to Rule 53(b)(2)(E) and 53(g), the Special Master shall be compensated at his regular hourly rate, as set forth in his Affidavit, and shall be reimbursed for any out-of-pocket expenses (e.g., expenses for telephone conference calls). The Special Master shall prepare a monthly invoice for his services, which he shall provide to Co-Lead Counsel and Defendants' Counsel. Plaintiffs and Defendants shall each pay half of the monthly invoice within 30 days, unless the Special Master or the Court directs otherwise.

14. Pursuant to Rule 53(d), the Special Master shall issue orders on motions presented to him which shall be final and not require the Court's signature, subject to the parties' right to file objections as described below. If the Special Master considers it advisable to make a Report to the Court, he shall do so in accordance with Rule 53(f).

15. Pursuant to Rule 53(b)(2)(D) and 53(f), the procedures described in paragraphs 16 through 19 herein shall govern any action on the Special Master's orders, reports, and/or recommendations.

16. Any party wishing to file objections to or a motion to adopt or modify the Special Master's orders, reports, and/or recommendations must file such objections or motion with the Court within 14 days from the day the Special Master filed the order, report, and/or recommendation via ECF. Any order issued by the Special Master shall remain in effect pending any such objection or motion. Without an objection to an adverse ruling, a party forfeits their opportunity to challenge the Special Master's orders, reports, and/or recommendations, thereby making the Special Master's conclusions and report subject to being immediately effective unless the Court determines that extraordinary circumstances justify a modification to that order.

17. The party filing the objection or motion shall submit with such objection or motion any record necessary for the Court to review the Special Master's order, report, and/or

recommendation, including any transcripts of proceedings before the Special Master and any documents submitted by the parties in connection with the Special Master's order, report, and/or recommendation. Failure to provide the record shall constitute grounds for the Court to overrule the objection or deny the motion.

18. Pursuant to Rule 53(f)(3)–(5), the Court shall review findings of fact made or recommended by the Special Master for clear error. The Court shall review de novo any conclusions of law made or recommended by the Special Master. The Court will set aside the Special Master's ruling on a procedural matter only for an abuse of discretion.

19. Pursuant to Rule 53(f)(1), in acting on the Special Master's order, report, or recommendations, the Court shall give the Parties notice and an opportunity to be heard; may receive evidence; and may adopt or affirm, modify, wholly or partly reject or reverse, or resubmit to the Special Master with instructions; or make any further orders it deems appropriate.

**DONE AND ORDERED** in Miami, Florida this \_\_ day of July, 2023.

_____
**HONORABLE K. MICHAEL MOORE**
**UNITED STATES DISTRICT JUDGE**

Copies furnished to:
Counsel of record