IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION
MDL No. 3076
Case No. 1:23-md-03076-KMM

**IN RE:**

**FTX Cryptocurrency Exchange Collapse Litigation**

This Document Relates To:

*Garrison v. Bankman-Fried*,
Case No. 22-cv-23753-MOORE/OTAZO-REYES

                                                                          /

**REPLY IN SUPPORT OF THE SPORTS & ENTERTAINER
DEFENDANTS' RENEWED MOTION TO STAY DISCOVERY**

**INTRODUCTION**

Plaintiffs cannot have it both ways. They claim entitlement to discovery now, even though they have not yet filed their operative complaint (the "CAC") against the Sports & Entertainer Defendants, but they simultaneously contend that the Court cannot grant the S&E Defendants' *Renewed Motion to Stay Discovery* (ECF 124) because the Court supposedly cannot assess the merits of that non-existent pleading. *See* Opp. (ECF 139) at 2 & 6.

Plaintiffs should not be allowed to weaponize the schedule that they demanded. The Renewed Motion was filed when the Court ordered (at Plaintiffs' counsel's insistence[1]) it to be filed, *see* ECF 61, and the Court correctly believed it could evaluate the substantive merit of the S&E Defendants' dismissal arguments even though the CAC had not been filed. So do Plaintiffs' counsel, who stated to the Court, "We think if the Court simply takes a peek, to use another judge's view -- words, at the complaint, the Court can make a judgment as to whether this is an appropriate case to go forward on discovery or not." Tr. 46. The "peek" advocated by Plaintiffs' counsel shows their claims are likely to fail, which is exactly why a stay is proper. *See* Renewed Mot. at 11-16.

As they state in the complaints they just filed in California, Plaintiffs will repeat their core claims in the CAC.[2] Plaintiffs will allege that the S&E Defendants engaged in the generic

---

[1] At the Initial Conference, the S&E Defendants proposed waiting to file the Renewed Motion until Plaintiffs had filed the CACs directed to the various groups of defendants; Plaintiffs objected: "We want them to file the motion now so we can respond." Tr. (ECF 73) at 48.

[2] Plaintiffs' two complaints just filed against the California defendants (Curry, David, GSW, Osaka, Ohtani & Solomid Corp.) contain the same allegations and claims as the SAC. As both complaints state, "The substantive allegations in both actions are the same, and will be amended

promotions by FTX already identified by Plaintiffs in their prior pleadings. As the S&E Defendants have repeatedly explained, there is no legal basis to hold the S&E Defendants liable for the type of routine and non-descriptive advertising alleged by Plaintiffs – such as athletes saying they are "in" on FTX – especially when the collapse of FTX that led to Plaintiffs' alleged losses was caused by the FTX Insiders' alleged fraud, not by anything said or done by the S&E Defendants.

Plaintiffs do not even try to defend their claims in the Opposition. Their silence speaks volumes. Plaintiffs *do not* defend their claims because they *cannot* defend their claims – despite multiple opportunities to do so. This action has been pending since November 15, 2022, but Plaintiffs have *never* provided a shred of legal argument to support their contention that an S&E Defendant can be held liable for participating in advertising that is not alleged to be false or deceptive in any way.[3] Plaintiffs' counsel recognized at the Initial Conference that "[a]ll of the

---

in a consolidated amended class action complaint currently due to be filed August 7, 2023 [*i.e.*, the CAC]." *See Garrison, et al. v. Golden State Warriors, LLC and Stephen Curry*, No. 23-cv-03628-VC (N.D. Cal.), Class Action Complaint (ECF 1) at ¶ 1; *Garrison, et al. v. Shohei Ohtani, Naomi Osaka, Lawrence Gene David & Solomid Corp.*, No. 23-cv-05951-AB-PVC (C.D. Cal.), Class Action Complaint (ECF 1) at ¶ 1. The relevant excerpts from these pleadings are attached as Composite Exhibit A.

[3] Plaintiffs voluntarily dismissed their initial pleading before any defendant had a chance to challenge the claims. *See* ECF 14. The S&E Defendants then filed multiple motions to dismiss directed to the FAC (ECFs 139, 141, 152, 154-159 & 191); Plaintiffs failed to respond. Instead, they filed the SAC (ECF 205). The Court denied the motions to dismiss as moot upon the filing of the SAC. *See* ECF 207. Former Defendant Trabucco moved to dismiss (ECF 155); Plaintiffs voluntarily dismissed him in response (ECF 167). Defendant Bankman-Fried also moved to

defendants know basically what these claims are[,]" Tr. (ECF 73) at 45; correspondingly, Plaintiffs also "know basically" their responses to the S&E Defendants' dismissal arguments – if they have any. But the Opposition fails yet again to inform the Court – or the S&E Defendants – what those responses might be. Because Plaintiffs fail to defend their claims, the Court should recognize that their claims are *not* defensible, and stay discovery on this basis alone.

Plaintiffs also – yet again – "take no position and leave it to the Court's discretion what discovery, if any, should be permitted pending a decision on the forthcoming motions to dismiss," *id.* at 2 n.2, although they demand the S&E Defendants' "agreements with FTX," *id.* at 2.[4] On top of that demand, two days before this reply was due, Plaintiffs served even more discovery requests directed to every S&E Defendant and other defendants, which (over)broadly seek essentially every document imaginable that could theoretically be requested, along with a set of (over)broad interrogatories. *See* Composite Exhibit B.

Plaintiffs continue to ignore their repeated representations to the Court that the *only* discovery needed prior to the resolution of motions to dismiss was jurisdictional discovery as to the non-Florida-resident defendants and their representation that if the Court allowed them to file the SAC (and thus moot the motions to dismiss), not even jurisdictional discovery would be

---

dismiss and/or stay (ECF 152). In response, Plaintiffs filed a notice of non-opposition to his stay request and, yet again, failed to respond to the arguments for dismissal. *See* ECF 176.

[4] Notably, while demanding the S&E Defendants' agreements with FTX, Plaintiffs have not voluntarily provided *their own* agreements with FTX. As noted in the Renewed Motion, Plaintiffs' agreements with FTX are quite likely to show that they are bound by arbitration and class waiver provisions, which will either defeat this action in its entirety or require a stay because of the arbitration issue. *See* Renewed Mot. at 9 n.7.

necessary. *See* Renewed Mot. at 2-3. Plaintiffs now have filed complaints in other venues attempting to cure their jurisdictional errors. *See* Opp. at 2 n.1.[5] Plaintiffs accordingly have no basis to seek *any* discovery, let alone the sweeping merits discovery that they just served.

Plaintiffs also fail to identify an iota of prejudice they will suffer by postponing discovery until – and, critically, *if* – the Court finds they have stated a single claim. In contrast, the S&E Defendants will face unwarranted and expensive burdens if discovery is allowed before their motions to dismiss are decided, *see* Renewed Mot. at 16-18, which burdens are highlighted by Plaintiffs' latest discovery requests and very recent statement to the Court that "Plaintiffs will be serving many third-party subpoenas (more than 10), around the time Plaintiffs file their Consolidated Amended Complaints," ECF 145 at 2. Until Plaintiffs are forced to defend their claims and actually succeed in doing so, the S&E Defendants should not be forced to incur the massive expenses that discovery will entail in this litigation, which the Court recognized was "complex and costly" even before this MDL came into being. *See Garrison* ECF 133 at 3.

In sum, Plaintiffs refuse to defend their claims, fail to show any discovery is necessary or proper before the Court decides the forthcoming motions to dismiss, and fail to show any prejudice resulting from a stay – which stands in sharp contrast to the burden on the S&E Defendants if a

---

[5] Plaintiffs' assertion that certain defendants "appear to have abandoned their jurisdictional arguments," *id.*, is categorically false – as Plaintiffs know full well. Although Plaintiffs have filed new complaints against defendants who contest personal jurisdiction in this action, Plaintiffs inexplicably refuse to dismiss their claims in this action against the same defendants. Plaintiffs' improper claim splitting and apparent intent to prosecute the same claims in multiple jurisdictions will force those non-Florida resident defendants to re-assert their personal jurisdiction arguments in this action, needlessly imposing additional costs and burden on them and the Court.

stay is denied. Therefore, the Renewed Motion should be granted and all discovery stayed until the Court decides whether Plaintiffs have stated any claim.

## **ARGUMENT**

The S&E Defendants have moved to stay all discovery and their initial disclosure requirements[6] pending the Court's ruling on their forthcoming motions to dismiss based on the established principle that, "in general, motions to dismiss for failure to state a claim should be resolved before discovery begins." *Roberts v. FNB S. of Alma, Ga.*, 716 F. App'x 854, 857 (11th Cir. 2017). The S&E Defendants prevail on each factor that courts generally review in deciding a discovery stay motion: their motions will be dispositive, they show prejudice, and Plaintiffs can show no prejudice. *See, e.g.*, *Taylor v. Serv. Corp. Int'l*, No. 20-cv-60709, 2020 WL 6118779, at *1 (S.D. Fla. Oct. 16, 2020) (Ruiz, II, J.). Therefore, the Renewed Motion should be granted.

As an initial matter, Plaintiffs agree that the Court has the authority to stay discovery. *See* Opp. at 3. However, much of their argument is based on quoting and citing cases for the proposition that "'this District's Local Rules make clear that a stay of discovery … is the exception, rather than the rule.'" *See id.* (quoting *Vechten v. Elenson*, No. 12-cv-80668, 2012 WL 12978270, at *1 (S.D. Fla. July 20, 2012)). However, Plaintiffs (should) know that the referenced Discovery

---

[6] Although Plaintiffs assert that the S&E Defendants should now be required to provide their Initial Disclosures, which Plaintiffs contend "are required in ***every*** federal case because they help organize the litigation and help the parties and the Court, by requiring the identity of certain crucial documents and information that a party knows they will be relying upon for their arguments," Opp. at 1 (emphasis in original), Plaintiffs have both failed to serve their *own* Initial Disclosures and failed to seek any stay as to their obligation to do so. Plaintiffs' actions speak louder than their words: Initial Disclosures are not necessary until the motions to dismiss are decided.

Practices Handbook was deleted in the 2014 revision to the Local Rules and has not provided guidance on this issue for a decade.[7] Moreover, all three cases for which this proposition is cited rely on *McCabe v. Foley*, 233 F.R.D. 683 (M.D. Fla. 2006), which recognizes that a motion to stay discovery *is* properly granted when "resolution of the motion will dispose of the entire case." *Id.* at 685. In *McCabe*, after taking the standard "preliminary peek," that court stayed discovery based on the well-established *Chudasama* principles. *See id.* at 687. This Court should do the same.

### A. Plaintiffs' About-Face Argument That a Quick "Peek" Is Impossible Because They Have Not Yet Filed the CAC Must Be Rejected

Although fully recognizing at the Initial Conference that the Court could "simply take[] a peek" at the existing complaint and motions to dismiss to determine whether to stay discovery, *see* Tr. 46, Plaintiffs now attempt to backtrack. They contend that "[i]t is obviously impossible for the Court to take a 'preliminary peek' at the … forthcoming motion to dismiss the amended consolidated complaint because that pleading has not yet been filed." Opp. at 6. Indeed, they structure their entire argument around this flip-flop. *See id.* at 6-8. However, what they do not do is actually defend their claims. Plaintiffs demanded that the S&E Defendants file the Renewed Motion before the CAC was filed and the Court granted that request, *see* Tr. at 48, so Plaintiffs are estopped from arguing that the absence of the CAC means that the Court cannot take the "peek" Plaintiffs' counsel expressly argued was appropriate here. *See, e.g.*, *New Hampshire v. Maine*, 532

---

[7] *See* Comment, S.D. Fla. Local Rules, eff. Dec. 1, 2014, at 87 ("(2014) Discovery Practices Handbook eliminated."). Quite a number of the cases cited by Plaintiffs rely on the eliminated handbook. *See, e.g.*, *Montoya v. PNC Bank, N.A.*, No. 14-20474-CIV, 2014 WL 2807617, at *2 (S.D. Fla. June 20, 2014) (cited at Opp. 8 for the argument that no "peek" is possible where the motions to dismiss are not briefed).

- 6 -

U.S. 742, 749 (2001) (judicial estoppel "prevents a party from prevailing in one phase of a case on an argument and then relying on a contradictory argument to prevail in another phase") (citation omitted); *Burnes v. Pemco Aeroplex, Inc.*, 291 F.3d 1282, 1285 (11th Cir. 2002) (judicial estoppel "is designed to prevent parties from making a mockery of justice by inconsistent pleadings"), *overruled on other grounds*, *Slater v. U.S. Steel Corp.*, 871 F.3d 1174 (11th Cir. 2017).

Plaintiffs have chosen not to respond to the dismissal arguments explained in the Renewed Motion – but neither do they dispute that they will bring the exact same claims in the CAC. Of course they will, as they confirm in the new "jurisdictional" lawsuits they have filed. *See supra* note 2. Thus, this case is not like *Krukever v. TD Ameritrade, Inc.*, No. 18-cv-21399-CMA, 2018 WL 2382008 (S.D. Fla. May 23, 2018) (Opp. at 5), where only a "two-page summary of a forthcoming motion to dismiss" was provided. *Id.* at *2. It is also not like *www.TrustScience.com Inc. v. Bloom Ltd.*, No. 18-cv-1174-Orl-41DCI, 2018 WL 8368844 (M.D. Fla. Oct. 11, 2018) (Opp. at 5), where a stay was denied because "Plaintiff is unable to adequately respond to Defendants' assertions that its anticipated motion to dismiss is clearly meritorious." *Id.* at *2. In sharp contrast to *Krukever* and *Bloom*, the Renewed Motion summarizes in detail the dismissal arguments (and also attaches the motion to dismiss) demonstrating that the core claims around which Plaintiffs' operative pleading has been centered since the inception of this action are meritless. *See id.* at 11-16 & Ex. A (ECF 124-1). Plaintiffs have had the benefit of the S&E Defendants' dismissal arguments for months. They have avoided every single opportunity to support their claims throughout this litigation and do so yet again in the Opposition, failing to identify even a single case that supports their dubious theory. They do not because they cannot.

Accordingly, the arguments in the motion to dismiss stand unchallenged, which means that the S&E Defendants have met their burden of showing clearly-meritorious and case-dispositive

defenses to Plaintiffs' claims. *See, e.g.*, *Lewis v. Mercedes-Benz USA, LLC*, No. 19-cv-81220, 2020 WL 4923640, at *2 (S.D. Fla. Mar. 25, 2020) (Ruiz, II, J.); *McCabe*, 233 F.R.D. at 687.

**B.     The S&E Defendants Have Established the Expansive and Expensive Discovery Burdens They Face Absent a Stay**

Instead of addressing their broad and all-encompassing discovery requests and their excessive deposition demands, *see* Renewed Mot. at 5-6, 16-18 & Ex. B, Plaintiffs summarily contend the S&E Defendants "fail to demonstrate how discovery would be unduly burdensome[.]" Opp. at 8. Then, just before this reply was due to be filed, Plaintiffs served even more burdensome discovery on the S&E Defendants, seeking, for example,

1. All documents and communications, including contracts or agreements, regarding any business You (personally or through any entity owned by You, or any of Your or Your entities' affiliates, representatives, employees, or agents) conducted with the FTX Entities, including all documents and communications regarding any payments made to You (personally or to any entity owned by You, or any of Your or Your entities' affiliates, representatives, employees, or agents) in accordance with any such contract or agreement.

2. All videos or other content You (personally or through any entity owned by You, or any of Your or Your entities' affiliates, representatives, employees, or agents) produced regarding, relating to, and/or mentioning the FTX platform, FTT, and/or YBAs, including videos or content that have been removed from their public-facing platforms.

3. All documents and communications regarding any and all communications between You (personally or through any entity owned by You, or any of Your or Your entities' affiliates, representatives, employees, or agents) with the FTX Entities regarding promotion of FTT, YBAs or the FTX Platform.

4. All documents regarding any and all due diligence You (personally or through any entity owned by You, or any of Your or Your entities' affiliates, representatives, employees, or agents) conducted before promotion of FTT, YBAs or FTX Platform to the public.

5. All documents and communications between You and any of the Co-Defendants in this Action regarding this lawsuit and/or the subject matter of this lawsuit, including the promotion of FTT, YBAs or the FTX Platform.

Comp. Ex. B, Requests for Production, at 10.

In addition, before the *Garrison* action was transferred into this MDL, Plaintiffs unilaterally noticed the depositions of each of the S&E Defendants (except for Solomid, which

- 8 -

was not then a defendant), along with depositions of several non-parties, making a total of some seventeen depositions spanning from Miami to Los Angeles during a roughly three-week period. *See* Renewed Mot. at 5-6, 17 & Ex. B (ECF 124-2), pgs. 37-75.

Plaintiffs' inability to defend their broad discovery requests is no basis to defeat the S&E Defendants' showing. One wonders what else Plaintiffs could seek beyond the requests pending as of this date. The burden and expense of this massive discovery onslaught – launched before Plaintiffs have responded to *any* dismissal arguments – is self-evident. Now that this action has expanded into an MDL, there are approximately 26 plaintiffs and 50 defendants. The massive discovery costs entailed are obvious, and Plaintiffs have just filed a motion for a special master because they plan to seek even *more* party and third-party discovery in the next few weeks. *See* ECF 145. In addition, the FTX bankruptcy and the ongoing criminal cases against the various "FTX Insiders" create a significant impediment to the S&E Defendants in terms of obtaining discovery to defend against Plaintiffs' claims, which serves to increase the prejudice to the S&E Defendants if a stay is not granted. *See* Renewed Mot. at 17-18.

Plaintiffs refuse to engage substantively on these issues. *See* Opp. at 8-9. Plaintiffs reiterate that they "take no position" on whether the Court should allow most of their discovery before deciding the motions to dismiss, although their proposed "limitations" are vague at best and do not appear to provide much limitation at all. *See id*. Plaintiffs' refusal is consistent with their tactics in this litigation to date – and especially throughout the Opposition; the Court should not reward it.

The S&E Defendants have met their burden of showing "the likely costs and burdens of proceeding with discovery" on claims that may – and likely will – be dismissed. *Dayem ex rel. Dayem v. Chavez*, No. 13-cv-62405, 2014 WL 12588513, at *1 (S.D. Fla. Mar. 11, 2014) (Cooke, J.) (citation and quotation marks omitted). Therefore, this factor also supports the requested stay.

### C. Plaintiffs Will Not Be Prejudiced by a Temporary Stay

Although the Opposition contains a heading asserting, "Plaintiffs Will Be Prejudiced by a Stay," *id.* at 8, Plaintiffs do not identify any actual prejudice. Of course, given their repeated representations to the Court that neither merits nor jurisdictional discovery is needed at this time – which they consistently ignore in the Opposition – Plaintiffs' failure is unsurprising. They *argue* no prejudice because they *have* no prejudice.

"Discovery in this case has the potential to consume vast resources from all litigants." *In re Managed Care Litig.*, No. 00-1134-MD, 2001 WL 664391, at *3 (S.D. Fla. June 12, 2001). "Temporarily staying discovery at this juncture will not create case management obstacles or delay the prosecution of this case. Indeed, such a stay is merely designed to prevent extensive and expensive discovery from going forward until the Court is able to effectively determine the validity of Plaintiffs' claims[.]" *Lewis*, 2020 WL 4923640, at *4. Further, discovery stays are "particularly appropriate in large putative class action cases such as this," where discovery will be sought from multiple defendants. *Taylor*, 2020 WL 6118779, at *3.

Accordingly, contrary to Plaintiffs' summary protestations, not only would a discovery stay *not* prejudice Plaintiffs, it would conserve their – and the Court's – resources, as well as the S&E Defendants' resources. For this reason also, the Renewed Motion should be granted.

### CONCLUSION

At the Initial Conference when the issue of staying discovery was discussed, the Court said, "So take your best shot and see how they respond, but it may be a little premature to try to pursue discovery at this point." Tr. at 35. The S&E Defendants took their best shot; Plaintiffs' response was to duck. Accordingly, the Court should follow its initial inclination and recognize that it is, in fact, premature to try to pursue discovery at this point and grant the Renewed Motion in its entirety.

Dated: August 2, 2023

Respectfully submitted,

**COLSON, HICKS, EIDSON, P.A.**
255 Alhambra Circle, Penthouse
Coral Gables, Florida 33134
(305) 476-7400

By: */s/ Roberto Martinez*
   Roberto Martínez
   Florida Bar No. 305596
    bob@colson.com
   Stephanie A. Casey
   Florida Bar No. 97483
    scasey@colson.com
   Zachary Lipshultz
   Florida Bar No. 123594
    zach@colson.com

*Attorneys for Defendants Thomas Brady, Gisele Bündchen, Lawrence David, Shaquille O'Neal, Golden State Warriors, LLC and Naomi Osaka*

**LATHAM & WATKINS LLP**
  Andrew B. Clubok (*pro hac vice*)
   andrew.clubok@lw.com
  Susan E. Engel (*pro hac vice*)
   susan.engel@lw.com
  Brittany M.J. Record (*pro hac vice*)
   brittany.record@lw.com
555 Eleventh Street, N.W., Suite 1000
Washington, D.C. 20004-1304
Tel: +1.202.637.2200
Fax: +1.202.637.2201

**LATHAM & WATKINS LLP**
  Marvin S. Putnam (*pro hac vice*)
   marvin.putnam@lw.com
  Jessica Stebbins Bina (*pro hac vice*)
   jessica.stebbinsbina@lw.com
  Elizabeth A. Greenman (*pro hac vice*)
   elizabeth.greenman@lw.com
10250 Constellation Blvd., Suite 1100
Los Angeles, California 90067
Tel: +1.424.653.5500
Fax: +1.424.653.5501

**LATHAM & WATKINS LLP**
  Michele D. Johnson (*pro hac vice*)
   michele.johnson@lw.com
650 Town Center Drive, 20th Floor
Costa Mesa, California 92626-1925
Tel: +1.714.540.1235
Fax: +1.714.755.8290

*Attorneys for Defendants Thomas Brady, Gisele Bündchen, Lawrence David, and Shaquille*

O'Neal

**GIBSON, DUNN & CRUTCHER LLP**

Matthew S. Kahn (*pro hac vice*)
  *MKahn@gibsondunn.com*
Michael J. Kahn (*pro hac vice*)
  *MJKahn@gibsondunn.com*
555 Mission Street, Suite 3000
San Francisco, CA 94105-0921
Phone: 415.393.8379

Michael Dore (*pro hac vice*)
  *MDore@gibsondunn.com*
Jamila MacEbong (*pro hac vice*)
  *JMacEbong@gibsondunn.com*
333 South Grand Avenue
Suite 4600
Los Angeles, CA 90071-3197
Phone: 213.229.7155

*Attorneys for Defendants Golden State Warriors, LLC and Naomi Osaka*

**DIMOND KAPLAN & ROTHSTEIN, P.A.**
Offices at Grand Bay Plaza
2665 South Bayshore Drive, PH-2B
Miami, Florida 33133
Telephone: (305) 374-1920
Facsimile: (305) 374-1961

By: */s/ David A. Rothstein*
    David A. Rothstein, Esq.
    Fla. Bar No. 995762
      *DRothstein@dkrpa.com*
    Alexander M. Peraza, Esq.
    Fla. Bar No. 107044
      *APeraza@dkrpa.com*
    Eshaba Jahir-Sharuz, Esq.
    Fla. Bar No. 1038846
      *Eshaba@dkrpa.com*

*Attorneys for Defendant William Trevor Lawrence*

**MCANGUS GOUDELOCK & COURIE LLC**
2000 Market Street, Suite 780
Philadelphia, PA 19103
(484) 406-4334

By: */s/ Eric A. Fitzgerald*
    Eric A. Fitzgerald (*pro hac vice*)
      *eric.fitzgerald@mgclaw.com*
    Hillary N. Ladov (*pro hac vice*)

- 12 -

*hillary.ladov@mgclaw.com*

*Attorneys for Defendant William Trevor Lawrence*

**AKERMAN LLP**
350 East Las Olas Boulevard – Suite 1600
Ft. Lauderdale, FL 33301
Tel.: 954-463-2700
Fax: 954-468-2454

By: */s/ Christopher S. Carver*
　　Christopher S. Carver, Esq.
　　Florida Bar No. 993580
　　*christopher.carver@akerman.com*
　　Jason S. Oletsky, Esq.
　　Florida Bar No. 9301
　　*jason.oletsky@akerman.com*
　　Katherine A Johnson, Esq.
　　Florida Bar No. 1040357
　　*katie.johnson@akerman.com*

*Attorneys for Defendants Udonis Haslem and David Ortiz*

**WEIL, GOTSHAL & MANGES LLP**

By: */s/ Edward Soto*
　　Edward Soto (FBN 0265144)
　　　*edward.soto@weil.com*
　　1395 Brickell Avenue, Suite 1200
　　Miami, FL 33131-3368
　　Tel.: (305)-577-3100

*Attorney for Defendant Shohei Ohtani*

**McDERMOTT WILL & EMERY LLP**
333 SE 2nd Ave., Suite 4500
Miami, Florida 33131
Telephone: (212) 547-5768
Facsimile: (305) 347-6500

By: */s/ Nathan Bull*
　　Nathan Bull (Fla. Bar No. 1029523)
　　*nbull@mwe.com*

**McDERMOTT WILL & EMERY LLP**
　Jason D. Strabo (*pro hac vice*)
　　*jstrabo@mwe.com*
　Ellie Hourizadeh (*pro hac vice*)
　　*ehourizadeh@mwe.com*
2049 Century Park East, Suite 3200
Los Angeles, CA 90067
Telephone: (310) 788-4125
Facsimile: (310) 277-4730

**McDERMOTT WILL & EMERY LLP**
  Sarah P. Hogarth (*pro hac vice*)
    *shogarth@mwe.com*
500 North Capitol Street NW
Washington, DC 20001
Telephone: (202) 756-8354
Facsimile: (202) 756-8087

*Attorneys for Defendant Stephen Curry*

**MARCUS NEIMAN RASHBAUM**
**& PINEIRO LLP**
100 Southeast Third Avenue, Suite 805
Fort Lauderdale, Florida 33394
Tel: (954) 462-1200

2 South Biscayne Blvd., Suite 2530
Miami, Florida 33131
Tel: (305)-400-4260

By: */s/ Jeffrey Neiman*
    Jeffrey Neiman
    Fla Bar. No. 544469
      *jneiman@mnrlawfirm.com*
    Jeffrey Marcus
    Fla. Bar No. 310890
      *jmarcus@mnrlawfirm.com*
    Michael Pineiro
    Fla. Bar No. 041897
      *mpineiro@mnrlawfirm.com*
    Brandon Floch
    Fla. Bar No. 125218
      *bfloch@mnrlawfirm.com*

**BERK BRETTLER LLP**
9119 Sunset Boulevard
West Hollywood, CA 90069
Tel.: (310) 278-2111
Andrew B. Brettler (*pro hac vice*)
  *abrettler@berkbrettler.com*

*Attorneys for Defendant Kevin O'Leary and Solomid Corporation d/b/a Team Solomid, TSM and/or TSM FTX*