**IN THE UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**
MDL No. 3076
No: 1:23-md-03076-KMM

IN RE: FTX CRYPTOCURRENCY
EXCHANGE COLLAPSE LITIGATION

**DEFENDANTS ALTIMETER CAPITAL MANAGEMENT, LP, MULTICOIN CAPITAL MANAGEMENT LLC, PARADIGM OPERATIONS, LP, RIBBIT CAPITAL, LP, SEQUOIA CAPITAL OPERATIONS, LLC, THOMA BRAVO, L.P., AND TIGER GLOBAL MANAGEMENT, LLC'S RESPONSE IN OPPOSITION TO PLAINTIFFS' MOTION TO APPOINT SPECIAL MASTER**

Defendants Altimeter Capital Management, LP, Multicoin Capital Management LLC, Paradigm Operations, LP, Ribbit Capital, LP, Sequoia Capital Operations, LLC, Thoma Bravo, L.P., and Tiger Global Management, LLC (collectively, the "Investor Defendants"), by and through their undersigned attorneys, hereby respond in opposition to Plaintiffs' Motion to Appoint Judge Michael A. Hanzman as the FTX Special Master (the "Motion"), ECF No. 145.

**I.    INTRODUCTION**

This Court should deny Plaintiffs' Motion because it was premature when Plaintiffs filed it and subsequent developments—particularly the Court's August 3, 2023 order staying discovery—have confirmed that there is no need for the Court to appoint a special master to address discovery disputes at this time.

When the Court initially raised the issue of whether appointment of a special master might be necessary and appropriate at the initial conference on June 21, 2023, Defendants noted that it was premature because they intended to seek a stay of discovery. The Court agreed, *see* June 21 Status Conference Tr. 39:1-2 ("I think that's a good point. So we'll hold off on

that . . ."), and stated that it would first address the issue of whether to stay discovery. *Id.* 39:2-8. Plaintiffs did not allow the Court an opportunity to do so. Before the Court could address pending and forthcoming motions to stay discovery and before Plaintiffs had even served the vast majority of the Investor Defendants with any discovery requests, Plaintiffs rushed to preempt that process. On July 22, 2023, Plaintiffs announced to Defendants by email that they intended to move for appointment of Judge Hanzman as special master in these MDL proceedings, and filed the Motion on July 28, 2023, without any meaningful attempt to meet and confer with Defendants.[1]

Plaintiffs have not identified any changed circumstances that require the Court to appoint a special master at this time because there are none. To the contrary, on August 3, 2023, the Court ordered that "all outstanding discovery proceedings are stayed and no further discovery shall be initiated until at least September 19, 2023," and that the parties "are permitted to move either to reopen discovery or for an extension of the stay of discovery" at that time. *See* ECF No. 152. Because Plaintiffs' newly filed amended complaints are based on the same implausible and illogical theory as their prior complaints, namely, that the Investor Defendants aided and abetted fraud by FTX (of which they were also victims), the Investor Defendants' position continues to

---

[1] The Investor Defendants also note for the Court that, without the Investor Defendants' prior consent or knowledge, Plaintiffs' counsel included Judge Hanzman's email address, mhanzman@bilzin.com, on email communications between the parties regarding Plaintiffs' request to appoint him as special master. This was not immediately apparent to the Investor Defendants because the email chain contained over 150 recipients, and once it came to their attention, the Investor Defendants requested that Plaintiffs' counsel remove Judge Hanzman from such communications moving forward. The Investor Defendants can provide copies of all correspondence should the Court wish to review.

be that discovery should be stayed pending resolution of their forthcoming motions to dismiss the newly filed amended complaints.[2]

If any claims survive, or if the Court permits discovery to go forward after the parties have an opportunity to brief that threshold issue, the Court can order the parties to meet and confer regarding whether a special master is necessary, whether the parties can agree on an appropriate candidate, and what procedures should govern the resolution of discovery disputes. Until that time, it is not clear whether any discovery will be required given the fatal pleading defects in Plaintiffs' newly filed amended complaints, let alone whether there are likely to be discovery disputes that cannot be addressed by the Court or Magistrate Judge and whether appointment of a special master will be necessary and helpful in efficiently managing the MDL. As a result, and for the reasons set out more fully below, the Investor Defendants respectfully request that the Court deny Plaintiffs' Motion.

## II.     RELEVANT BACKGROUND

During the June 21, 2023 status conference, the Court raised whether it would be appropriate and necessary to appoint a special master. *See* June 21 Status Conference Tr. 35:23-36:4.  Certain Defendants submitted to the Court that it was premature to appoint a special master, given that there are "very compelling" motion to dismiss arguments and that certain Defendants intended to seek a stay of discovery. *See id.* 38:12-25.  The Court stated in reply, "I think that's a good point.  So we'll hold off on that . . ." and stated that it would first address the issue of whether to stay discovery. *Id.* 39:1-8.  Following the June 21 status conference, the

---

[2] A stay of discovery may also be appropriate in light of the pending criminal proceedings concerning the alleged FTX fraud in the Southern District of New York, in which trials are currently scheduled for October 2023 and March 2024. *See generally United States v. Bankman-Fried*, No. 1:22-cr-00673 (S.D.N.Y.).

Court issued an Order setting a schedule for Plaintiffs to file consolidated complaints within forty-five days. *See* ECF No. 61. The Court also set out an Initial Scheduling Order for Defendants to file motions to stay discovery after receipt of discovery requests from Plaintiffs. *Id.* Consistent with the Court's guidance at the conference, the Order did not address the appointment of a special master, nor did it require the parties to confer on the issue at the time.

On Saturday, July 22, 2023, Plaintiffs emailed Defendants and raised for the first time that Plaintiffs planned to file a motion to appoint Judge Michael A. Hanzman as special master.[3] On July 27, 2023, the parties held a meet and confer to discuss Plaintiffs' proposal (among other issues). During that meet and confer and in email correspondence the following morning, the Investor Defendants told Plaintiffs that appointment of a special master is premature because discovery should be stayed and proposed that the parties revisit the issue if and when the Court decides to permit discovery. The Investor Defendants also asked Plaintiffs several questions concerning their Motion, including if any circumstances had changed since the June 21 status conference that would require the Motion, and what communications Plaintiffs have had with Judge Hanzman in connection with the MDL actions. Plaintiffs did not respond, and instead, hours later, filed the Motion.

On August 3, 2023, this Court issued an order staying all discovery "to allow Plaintiffs to prepare their Amended Complaints and for Defendants to prepare their answers or responses." ECF No. 152.

---

[3] Plaintiffs claim that "the Parties have spent the last month discussing [the appointment of a Special Master]." *See* Mot. at 2. To the contrary, the Investor Defendants had no discussions with Plaintiffs concerning the appointment of Judge Hanzman (or anyone else) as special master prior to receiving Plaintiffs' weekend email on July 22, 2023.

### III. ARGUMENT

#### A. Appointment of a Special Master Is Premature

The Investor Defendants respectfully request that the Court deny Plaintiffs' Motion as premature for several reasons. This Court's stay of discovery through September 19 has now mooted many of the issues that Plaintiffs claim require a special master. But even beyond the Court's stay of discovery, it is premature to appoint a special master in light of the forthcoming motions to dismiss. In any event, Plaintiffs cannot make the showing required under Federal Rule of Civil Procedure 53 that there are pretrial matters that the Court cannot timely and effectively manage.

##### 1. Plaintiffs' Motion Is Premature Given the Court's Order Staying Discovery and Forthcoming Motions to Dismiss

As an initial matter, Plaintiffs' Motion to appoint a special master is premature because the Court has stayed all discovery. *See Trs. of Operating Eng'rs Pension Tr. v. Smith-Emery Co.*, 2022 WL 1122832, at *4 (C.D. Cal. Apr. 11, 2022) ("However, the Court finds that the appointment of a special master is unnecessary and premature at this time."); *United States v. Moore, Ingram, Johnson & Steele, LLP*, 2020 WL 7766376, at *6 (N.D. Ga. Dec. 7, 2020), *aff'd*, No. 21-10341, 2022 WL 3134374 (11th Cir. Aug. 5, 2022) (holding request for special master was premature); *Redding v. SOC, LLC*, 2020 WL 4001001, at *2 (D. Nev. July 15, 2020) ("The Court finds it is premature to [appoint a special master] as it is unclear whether a special master is needed to effectively and efficiently review [discovery]."); *Seggos v. Datre*, No. 17-2684, 2017 WL 11681160, at *6 (E.D.N.Y. Dec. 19, 2017) (declining to extend order to appoint a special master to discovery because "such a reference is premature" where discovery was stayed pending a decision on dispositive motions). Following this Court's Initial Scheduling Order, Plaintiffs haphazardly served discovery requests on certain Defendants. In response, several of

5

those Defendants filed motions to stay discovery pursuant to the Initial Scheduling Order. *See* ECF Nos. 124, 133, 134. Before briefing on several of those motions was complete, this Court stayed discovery on its own. Accordingly, with discovery stayed, Plaintiffs cannot point to any complexities, disagreements, or discovery misconduct that require any judicial intervention, much less the appointment of a special master.

This Court's stay of discovery through September 19 is reason enough to conclude that it is premature to appoint a special master now. However, there are additional compelling reasons to stay discovery beyond that date. The Investor Defendants intend to challenge Plaintiffs' newly filed operative complaints on numerous grounds in forthcoming motions to dismiss, as previewed at the June 21 status conference. *See* June 21 Status Conference Tr. 19:14-21; 29:11-17. Given the compelling grounds for dismissal of all claims against them, the Investor Defendants' position is that discovery should remain stayed until the Court rules on those forthcoming motions. Continuing the stay of discovery for that period will also avoid the potential concerns implicated by the upcoming criminal trials against Defendant Samuel Bankman-Fried which concern the same alleged fraud that gives rise to these MDL actions. It would be inefficient and unnecessary for the Court or the parties to expend resources addressing the issue of a special master before discovery has even begun, particularly when the scope of the MDL actions, including whether any claims against the Investor Defendants will survive, has yet to be determined.

> **2. Plaintiffs Fail to Identify Any Pretrial Matters that the Court Cannot Timely and Effectively Manage**

Even if the Motion were not premature at this stage, Plaintiffs' Motion should be denied because it fails to demonstrate that the Court is incapable of effectively and timely addressing

6

any issues that Plaintiffs have sought to raise, as is required under Federal Rule of Civil Procedure 53. Rule 53(a)(1), which governs the appointment of special masters, states:

> Unless a statute provides otherwise, a court may appoint a master only to: (A) perform duties consented to by the parties; (B) hold trial proceedings and make or recommend findings of fact on issues to be decided without a jury if appointment is warranted . . . ; or (C) address pretrial and posttrial matters that cannot be effectively and timely addressed by an available district judge or magistrate judge of the district.

None of these conditions are met here. The Investor Defendants do not consent to the appointment of a special master nor is this matter ripe to hold trial-related proceedings. Accordingly, Plaintiffs' only available argument is that a special master is needed to resolve "pretrial . . . matters that *cannot* be effectively and timely addressed by an available district judge or magistrate judge of the district." *Fees v. Zarco*, No. 17-CV-20564-MOORE, 2017 WL 8784448, at *2 (S.D. Fla. Apr. 26, 2017) (quoting Fed. R. Civ. P. 53(a)(1)(C)) (emphasis added).

Courts in this Circuit and beyond recognize that a special master is necessary only under limited circumstances. *See In re Int'l Admin. Servs. Inc.*, 408 F.3d 689, 696 (11th Cir. 2005) (affirming judgment and noting that the Bankruptcy Court appointed a special master after the Trustee was hampered by a party's "delayed document production, withheld discovery responses, and simply 'lost' records of the asset transfers"); *United Surgical Assistants, LLC v. Aetna Life Ins. Co.*, No. 14-211, 2015 WL 7777535, at *2 (M.D. Fla. Dec. 3, 2015) ("As it pertains to pretrial matters, courts have appointed special masters to oversee discovery in somewhat limited situations, such as upon a finding of blatant misconduct and disregard of the rules governing discovery and ethical and professional conduct.").

For good reason, the appointment of a special master is "the exception not the rule," even in complex cases. *See Hartford Fire Ins. Co. v. Progressive Corp.*, No. 12-2444, 2013 WL 12137765, at *3 (N.D. Ohio Oct. 9, 2013) (declining to appoint a special master for pretrial

matters even where plaintiff filed 75 separate claims for patent infringement); *see also* Fed. Jud. Ctr., Manual for Complex Litig. § 11.52 (4th ed. 2004) ("Reference to a special master must be the exception and not the rule."). Here, Plaintiffs fail to make any showing that this Court is incapable of effectively and timely addressing any of the issues they recite.[4]

First, Plaintiffs argue that a special master is necessary because, during meet and confers, the parties could not agree on certain issues (including now-moot discovery issues). *See* Mot. at 3. But the Court should not appoint a special master simply because Defendants refuse to accede to Plaintiffs' unilateral demands. In *Fees v. Zarco*, the plaintiffs argued that a special master was necessary because the defendants had ignored plaintiffs' "informal efforts" to resolve discovery disputes through letter practice. 2017 WL 8784448, at *3. Magistrate Judge Garber denied the motion in part because "Defendants' counsel's failure to respond to an informal letter from Plaintiffs' counsel does not require judicial intervention" and the Court itself could "effectively and timely address" any document abuses in discovery. *Id.* at *4. Similarly, here, to the extent the parties disagree on certain subjects, "the [Magistrate Judge] and the assigned United States District Judge have the ability to effectively and timely address any such issue that may arise." *Id.* Indeed, the Court did just that by staying discovery in this case.[5]

Second, Plaintiffs argue that a special master is needed because some Defendants have begun confidential settlement discussions and desire to mediate before Judge Hanzman. *See*

---

[4] As noted above, Plaintiffs' argument that a special master is necessary to address pending or forthcoming discovery requests, third-party subpoenas, and motions to stay is now moot in light of this Court's Order staying discovery. *See* ECF No. 152.

[5] Plaintiffs also point to Magistrate Judge Otazo-Reyes's plan to retire in November, more than three months from now, as a reason this Court should appoint a special master. But that is not sufficient to demonstrate that the Court cannot effectively handle pretrial matters in the meantime. As noted, the claims and parties in this matter may be significantly narrowed by the time Judge Otazo-Reyes retires, at which point another magistrate judge may be appointed.

8

Mot. at 3. If anything, this weighs against the Court granting the Motion. To the extent this litigation may be simplified or settled, there is no reason to expend time or resources for the Court to appoint a special master now. Moreover, Plaintiffs have confirmed in email correspondence with Defendants that Judge Hanzman has already begun to handle confidential mediation discussions between only certain parties in this matter.[6] This fact weighs against having that same candidate concurrently serve as special master.[7] *See* Fed. R. Civ. P. 53(a)(2) ("A master must not have a relationship to the parties, attorneys, action, or court that would require disqualification of a judge under 28 U.S.C. §455, unless the parties, with the court's approval, consent to the appointment after the master discloses any potential grounds for disqualification."); 28 U.S.C. § 455(a)-(b)(1) ("Any justice, judge, or magistrate judge of the United States shall disqualify himself in any proceeding . . . [w]here he has . . . personal knowledge of disputed evidentiary facts concerning the proceeding . . . .").[8]

Third, Plaintiffs suggest that personal jurisdiction disputes require the Court to appoint a special master, *see* Mot. at 3, but this Court has likewise already addressed those issues. *See* ECF No. 61. Furthermore, any personal jurisdiction issues that may still exist following

---

[6] The Investor Defendants also object to the formal appointment of a mediator in this matter because it is also premature and should be the subject of an orderly meet and confer process at the appropriate time.

[7] Plaintiffs' counsel Adam Moskowitz noted in an August 9, 2023 email in response to certain of the Investor Defendants, "[p]lease make sure to at least inform your 7 clients that Judge Hanzman has been handling confidential mediations in this matter . . . and that Judge Hanzman currently only has August 21st available for mediations this month, his schedule fills up quickly."

[8] Plaintiffs also fail to highlight for this Court that Judge Hanzman served as the state court judge presiding over *Norris et al. v. Brady et al.*, 22-022900-CA-01 (Fla. Cir. Ct.), before it was removed to this Court and made part of this litigation.

Plaintiffs' filing of consolidated amended complaints can equally be addressed by the Court at the appropriate time.[9]

Fourth, Plaintiffs argue that, because Defendants declined to entertain Plaintiffs' proposed protective order, the Court should appoint a special master. *See* Mot. at 3. Not so. Plaintiffs first raised a protective order with the Investor Defendants and others on Saturday, July 22, 2023. During a meet and confer five days later, certain Defendants expressed that it was premature to enter a protective order and, further, at least some Defendants had concerns with the model provided. But Plaintiffs fail to explain why these issues could not be resolved through an orderly conferral process at the appropriate time. Regardless, the Court's order staying all discovery proceedings moots this issue.

Finally, Plaintiffs argue that a special master is needed because Defendants "refuse to appoint any Defense liaison counsel to conduct conferences in an orderly fashion." Mot. at 3. In fact, the Investor Defendants have been coordinating effectively (as reflected in filings before this Court), have communicated with Plaintiffs promptly and as a group whenever possible, and have offered to meet and confer with Plaintiffs' designated liaison counsel. Meet and confers with more than fifty attorneys at one time is no fault of the Investor Defendants and should not

---

[9] Plaintiffs also represented to the Court that they believed "the personal jurisdiction issues will be resolved" either by (a) out-of-state defendants "accept[ing] personal jurisdiction here" in Florida, or by (b) Plaintiffs "fil[ing] cases in their home states that would then be tagalong cases to this Court"—which Plaintiffs represented would avoid "burden[ing] the Court with unnecessary motion practice[.]" June 21 Status Conference Tr. 7:13-14, 15:7-20. For their part, certain defendants filed notices to advise Plaintiffs and this Court as to whether they object to personal jurisdiction in Florida. *See* ECF Nos. 86-96. In turn, Plaintiffs have filed new complaints in different jurisdictions that now must be transferred to this MDL. Confusingly, however, Plaintiffs have stated that they do not intend to dismiss the complaints brought against these same defendants in Florida, which will result in the parties having to brief personal jurisdiction challenges anyway (which is a waste of the parties' and this Court's time).

prompt this Court to appoint a special master at this stage. And again, this Court is more than competent to issue an order setting conference procedures among the parties going forward.

Because there are no pretrial matters that this Court cannot effectively and timely address at this juncture, Plaintiffs' Motion to appoint a special master should be denied.[10]

### B. At the Appropriate Time, the Court Should Set Forth a Schedule for the Parties to Meet and Confer If a Special Master Is Necessary

If the Court is inclined to appoint a special master at any point in this litigation, the Investor Defendants respectfully request that the Court issue an order setting out a schedule for the parties to meet and confer in good faith to exchange and discuss appropriate candidates and the details and procedures to govern the special master's involvement in this litigation. To date, Plaintiffs have hastily moved the Court to appoint their candidate for special master without any consideration of the needs of this litigation. Only six days passed between the time that Plaintiffs first raised appointing a special master with the Investor Defendants and Plaintiffs'

---

[10] The cases that Plaintiffs cite to support appointing a special master are readily distinguishable from the instant case where several Defendants oppose Plaintiffs' Motion, discovery is stayed, and the Court has yet to decide any motions to dismiss. *See In re Agent Orange Prod. Liab. Litig.*, 94 F.R.D. 173, 174 (E.D.N.Y. 1982) (finding a need for a special master where there were "an estimated four million government documents yet to be produced, and an estimated two thousand documents that the government ha[d] tentatively asserted are privileged"); *U.S. ex rel. Newsham v. Lockheed Missiles & Space Co.*, 190 F.3d 963, 971 (9th Cir. 1999) (court *sua sponte* appointing special master); *In re Bituminous Coal Operators' Ass'n, Inc.*, 949 F.2d 1165, 1166 (D.C. Cir. 1991) (noting that the order appointing a special master "announced 'the parties' assent thereto . . . "); *United States v. Philip Morris*, No. 99-cv-2496-PLF, at *2 (D.D.C. Dec. 22, 2000) (ECF No. 226) (appointing special master after the court "ruled on the motions to dismiss of all Defendants," and no parties filed any objection to the court's chosen candidate); *In re U.S. Dep't of Def.*, 848 F.2d 232, 236 (D.C. Cir. 1988) (finding a special master necessary because the case involved an "exceptional condition" concerning a FOIA claim, a "massive collection" of documents, and the judge had no access to impartial expert witnesses); *Mercer v. Gerry Baby Prod. Co.*, 160 F.R.D. 576, 577 (S.D. Iowa 1995) (appointing special master after "[n]o fewer than 27 motions to compel or for protective orders" had been filed).

filing the Motion. Even worse, only one day separated when the parties first discussed the special master issue and when Plaintiffs filed this Motion.

Moreover, Plaintiffs never discussed in good faith a number of the proposed procedural and other details contained in their Motion. For example, in addition to seeking the appointment of Plaintiffs' unilaterally chosen special master, the Motion also sets forth a proposed list of details regarding the special master's authority and scope of involvement, including *inter alia*: (i) the special master's role as "mediator"; (ii) the special master's ability to communicate *ex parte* with the parties' counsel; and (iii) the process for objecting to special master orders, reports, and recommendations, including this Court's review of such orders, reports, and recommendations. *See* Mot. at 7-11. Plaintiffs never allowed for meaningful discussion with the Investor Defendants on any of these items before filing the Motion.

Should a special master become necessary at some point in the future, the Investor Defendants would like to consider a number of potential candidates in addition to Plaintiffs' proposed candidate, including candidates with experience adjudicating federal cases as a former district or magistrate judge or former special master in a federal case, as well as any candidates that the Court previously stated may be considered. *See* June 21 Status Conference Tr. 38:3-9. Similarly, the parties should meet and confer in good faith regarding other aspects of Plaintiffs' Motion, including the scope of authority and procedures regarding the special master's involvement.

Accordingly, if the Court is not inclined to deny Plaintiffs' Motion outright, the Investor Defendants respectfully request that the Court order the parties to meet and confer about appropriate candidates for, and procedures to govern, the special master in this litigation, and to present their positions to the Court in an orderly manner.

## IV. CONCLUSION

For the foregoing reasons, Plaintiffs' Motion should be denied.

Dated: August 11, 2023                                  Respectfully submitted,

| | |
|---|---|
| */s/ Amy Jane Longo*<br>Jay B. Shapiro<br>Fla. Bar # 776361<br>STEARNS WEAVER MILLER WEISSLER ALHADEFF & SITTERSON, P.A.<br>150 West Flagler Street, Suite 2200<br>Miami, FL 33130<br>Tel.: (305) 789-3200<br>Facsimile: (305) 789-2664<br>jshapiro@stearnsweaver.com<br><br>David Hennes (admitted *pro hac vice*)<br>ROPES & GRAY LLP<br>1211 Avenue of the Americas<br>New York, New York 10036<br>Tel: (212) 596-9000<br>Fax: (212) 596-9090<br>David.hennes@ropesgray.com<br><br>Amy Jane Longo (admitted *pro hac vice*)<br>ROPES & GRAY LLP<br>10250 Constellation Blvd.<br>Los Angeles, California 90067<br>Tel.: (310) 975-3000<br>Fax: (310) 975-3400<br>Amy.longo@ropesgray.com<br><br>*Counsel for Defendant Altimeter Capital Management, LP*<br><br>*/s/ Scott M. Malzahn*<br>Michael Tein<br>Fla. Bar # 993522<br>Tein Malone Trial Lawyers<br>3059 Grand Avenue<br>Coconut Grove, Florida 33133<br>(305) 442-1101<br>Tein@teinmalone.com<br><br>Brian E. Klein<br>Scott M. Malzahn | */s/ Rishi N. Zutshi*<br>Paul C. Huck, Jr.<br>Florida Bar No. 968358<br>paul@lawsonhuckgonzalez.com<br>Lawson Huck Gonzalez PLLC<br>334 Minorca Avenue<br>Coral Gables, Florida 33134<br>(305) 441-2299<br><br>Jennifer Kennedy Park (admitted *pro hac vice*)<br>jkpark@cgsh.com<br>Joon Kim (admitted *pro hac vice*)<br>jkim@csgh.com<br>Rishi N. Zutshi (admitted *pro hac vice*)<br>rzutshi@cgsh.com<br>CLEARY GOTTLIEB STEEN & HAMILTON LLP<br>1841 Page Mill Rd Suite 250<br>Palo Alto, CA 94304<br>Tel: (650) 815-4130<br>Fax: (650) 815-4199<br><br>*Counsel for Defendant Sequoia Capital Operations, LLC*<br><br>*/s/ Anna Terteryan*<br>Jordi Guso<br>Florida Bar No. 863580<br>Berger Singerman LLP<br>1450 Brickell Avenue<br>Ste 1900<br>Miami, FL 33131<br>305-714-4376<br>Email: jguso@bergersingerman.com<br><br>Mark McKane, P.C. (admitted *pro hac vice*)<br>mark.mckane@kirkland.com<br>Anna Terteryan (admitted *pro hac vice*)<br>anna.terteryan@kirkland.com<br>Stephen Silva (admitted *pro hac vice*) |

| | |
|---|---|
| WAYMAKER LLP<br>515 S. Flower Street, Suite 3500<br>Los Angeles, California 90071<br>Telephone: (424) 652-7800<br>Facsimile: (424) 652-7850<br>bklein@waymakerlaw.com<br>smalzahn@waymakerlaw.com<br><br>*Counsel for Defendant Multicoin Capital Management LLC*<br><br>*/s/ Alexander C. Drylewski*<br>T. TODD PITTENGER, ESQ.<br>Florida Bar No.: 768936<br>todd.pittenger@gray-robinson.com<br>KELLY J.H. GARCIA, ESQ.<br>Florida Bar No. 0694851<br>kelly.garcia@gray-robinson.com<br>GRAYROBINSON, P.A.<br>301 E. Pine Street, Suite 1400<br>Orlando, FL 32802-3068<br>Telephone: 407-843-8880<br>Facsimile: 407-244-5690<br><br>Alexander C. Drylewski (admitted *pro hac vice*)<br>alexander.drylewski@skadden.com<br>Mikal Davis-West<br>mikal.davis-west@skadden.com<br>SKADDEN, ARPS, SLATE,<br>MEAGHER & FLOM LLP<br>One Manhattan West<br>New York, NY 10001<br>Telephone: (212) 735-3000<br>Facsimile: (212) 735-2000<br><br>Mark R.S. Foster (admitted *pro hac vice*)<br>mark.foster@skadden.com<br>SKADDEN, ARPS, SLATE,<br>MEAGHER & FLOM LLP<br>525 University Avenue<br>Palo Alto, CA 94301<br>Telephone: (650) 470-4500<br>Facsimile: (650) 470-4570<br><br>*Counsel for Defendant Paradigm Operations LP* | stephen.silva@kirkland.com<br>KIRKLAND & ELLIS LLP<br>555 California Street<br>San Francisco, CA 94104<br>(415) 439-1400<br><br>*Counsel for Thoma Bravo, L.P.*<br><br>*/s/ Jeffrey F. Robertson*<br>Peter H. White<br>pete.white@srz.com<br>Jeffrey F. Robertson<br>jeffrey.robertson@srz.com<br>Schulte Roth & Zabel LLP<br>555 Thirteenth Street, NW<br>Suite 6W<br>Washington, DC 20004<br>Telephone: 202-729-7470<br>Facsimile: 202-730-4520<br><br>*Counsel for Tiger Global Management, LLC*<br><br>*/s/ Nicholas D. Marais*<br>Jacqueline M. Arango<br>Florida Bar No. 664162<br>AKERMAN LLP<br>Three Brickell City Centre<br>98 Southeast Seventh Street, Suite 1100<br>Miami, Florida 33131<br>Telephone: (305) 374 5600<br>jacqueline.arango@akerman.com<br><br>Steven P. Ragland<br>Nicholas D. Marais<br>KEKER, VAN NEST & PETERS LLP<br>633 Battery Street<br>San Francisco, California 94111<br>Telephone: (415) 391-5400<br>sragland@keker.com<br>nmarais@keker.com<br><br>*Counsel for Defendant Ribbit Capital, L.P.* |

14

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on this 11th day of August, 2023, I e-filed the foregoing document using the Court's CM/ECF system, which will send a notice of electronic filing to all counsel of record.

/s/ *T. Todd Pittenger,*
T. Todd Pittenger, Esq.