UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 23-MD-3076-MOORE/Otazo-Reyes

In RE

FTX CRYPTOCURRENCY EXCHANGE
COLLAPSE LITIGATION

**This Document Relates to All Actions**

### DEFENDANT ARMANINO LLP'S RESPONSE IN OPPOSITION TO PLAINTIFFS' MOTION TO APPOINT SPECIAL MASTER

Defendant Armanino LLP responds in opposition to Plaintiffs' Motion to Appoint Judge Michael A. Hanzman as the FTX Special Master [ECF No. 145]. Discovery is stayed, and Plaintiffs have only recently filed their amended complaints. As a result, Plaintiffs' request to appoint a special master at this time is premature. *See* Order [ECF No. 152].

During the June 21, 2023 status conference, this Court acknowledged that appointment of a special master "may be a little premature" given the stage of the proceedings. *See* Tr. of Status Conference [ECF No. 73] at 37:2–8, attached as Exhibit A. Indeed, when counsel for the Sports and Entertainment Defendants suggested that appointment of a special master would be more appropriate to consider after the Court rules on Defendants' motions to dismiss, the Court agreed, noting that the Court had raised the possibility of a special master only in the context of the discovery issues raised at the hearing. *Id.* at 38:21–39:8. Those discovery issues have now been tabled. Plaintiffs' counsel likewise recognized that a special master's usefulness arises from his or her ability to help with discovery. *See id.* at 36:5–15. Given the Court's stay of discovery, there will be, for now, no discovery for a special master to consider, so appointment of a master would be premature at this time.

Courts have recognized that it is premature to appoint a special master to oversee discovery before discovery becomes an issue. *See, e.g.*, *Seggos v. Datre*, No. 17-cv-2684, 2017 WL 11681160, at *6 (E.D.N.Y. Dec. 19, 2017) (declining to extend special master's duties to include management of discovery). While the court in *Seggos* appointed a special master to "oversee certain aspects of the pretrial phase of this litigation," including pending dispositive motions, the court determined that referring discovery to the master would be premature because "[d]iscovery has been stayed pending a decision on the pending dispositive motions" and "the issues in this case may be significantly reduced" after resolution of those motions. *Id.* at *1, *6. Similarly, while a magistrate judge in *United States v. Moore, Ingram, Johnson & Steele, LLP*, No. 20-cv-2413, 2020 WL 7766376 (N.D. Ga. Dec. 7, 2020) recommended appointment of a special master to resolve future discovery disputes related to an upcoming production of "millions of pages," the court sustained plaintiff's objection to appointment of a master, finding that until defendant had actually responded to discovery and claimed privilege over certain documents, the appointment of a special master would be premature. *Id.* at *1, *5–7.

Plaintiffs' primary reason for seeking appointment of a special master is the resolution of various discovery disputes. *See* Mot. [ECF No. 145] at 2–3, n.1. But with discovery stayed, there are no productions or discovery disputes for the master to oversee at this time. *Cf. Moore*, 2020 WL 7766376, at *6. And as the Court noted at the June 21 conference, it does not refer dispositive motions to a special master or magistrate as a matter of practice. *See* Tr. [ECF No. 73] at 36:21–24. Further, the Court's resolution of dispositive motions will likely significantly reduce the issues in this case. *Cf. Seggos*, 2017 WL 11681160, at *6. Thus, there is no need for a special master at this time, and appointment of one would be premature. *See Preferred Care Partners Holdings Corp. v. Humana, Inc.*, No. 08-cv-20424, 2008 WL 4926967, at *3 (S.D. Fla.

Nov. 14, 2008) (declining to appoint special master to supervise discovery where there "[was] no need") (citing Fed. R. Civ. P. 53); *Lee v. Perez*, No. 16-cv-81745, 2017 WL 10086079, at *2 (S.D. Fla. Nov. 14, 2017) (declining to appoint special master for discovery disputes because there was no need).

Nor does Plaintiffs' desire to mediate before Judge Hanzman support his appointment as special master. Nothing prevents Plaintiffs and the Defendants they reference from mediating before Judge Hanzman absent his formal appointment as special master. *See* Mot. [ECF No. 145] at 1 n.1.

Finally, while Armanino maintains that appointment of a special master would be premature, Armanino requests pursuant to Federal Rule of Civil Procedure 53(b)(1) that if the Court decides to appoint a master, Armanino be permitted to submit alternative recommendations to Plaintiffs' recommended master.

## **CONCLUSION**

For the foregoing reasons, Armanino respectfully requests that the Court deny Plaintiffs' Motion, or alternatively, permit Armanino to submit alternative recommendations for special master.

Dated: August 11, 2023                    Respectfully submitted,

                                          By:    *s/ Tom K. Schulte*
                                                 Samuel A. Danon (FBN 892671)
                                                 Jamie Z. Isani (FBN 728861)
                                                 Tom K. Schulte (FBN 1025692)
                                                 Hunton Andrews Kurth LLP
                                                 333 S.E. 2nd Avenue, Suite 2400
                                                 Miami, FL 33131
                                                 Tel: (305) 810-2500
                                                 sdanon@HuntonAK.com
                                                 jisani@HuntonAK.com
                                                 tschulte@HuntonAK.com

                                                 Matthew P. Bosher
                                                 Hunton Andrews Kurth LLP
                                                 2200 Pennsylvania Avenue NW
                                                 Washington, DC 20037
                                                 Tel: (202) 955-1500
                                                 mbosher@HuntonAK.com

                                                 Thomas R. Waskom
                                                 Hunton Andrews Kurth LLP
                                                 951 E. Byrd Street
                                                 Richmond, VA 23219
                                                 Tel: (804) 788-8200
                                                 twaskom@HuntonAK.com

                                                 *Attorneys for Defendant Armanino LLP*

-5-

## **CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on August 11, 2023, I filed a true and correct copy with the Clerk of Court via CM/ECF, which will send notice of the same to all counsel and parties of record.

/s/ *Tom K. Schulte*
Tom K. Schulte

*Attorney for Defendant Armanino LLP*