UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MDL No. 3076
Case No. 1:23-md-3076-KMM

In RE

FTX CRYPTOCURRENCY
EXCHANGE COLLAPSE LITIGATION

**THIS DOCUMENT RELATES TO ALL ACTIONS**

**DEFENDANT FENWICK & WEST LLP'S RESPONSE IN OPPOSITION TO PLAINTIFFS' MOTION TO APPOINT JUDGE MICHAEL A. HANZMAN AS THE FTX SPECIAL MASTER**

Defendant Fenwick & West LLP ("Fenwick") files this *Response in Opposition to Plaintiffs' Motion to Appoint Judge Michael A. Hanzman as the FTX Special Master* [ECF No. 145] (the "Motion"), and states:

### Introduction

Plaintiffs' Motion should be denied for several reasons. ***First***, as this Court has recognized, the appointment of a special master is premature. The MDL is in its infancy, and the Court recently stayed all outstanding discovery proceedings and barred the parties from even serving discovery for more than a month. Plaintiffs have failed to demonstrate a clear need for a special master at this juncture or to identify any current matters that cannot be effectively and timely addressed by this Court, the sitting Magistrate Judge, or the incoming replacement Magistrate Judge. This should not come as a surprise, as Plaintiffs did not file their Amended Administrative Class Action Complaints until earlier this week—*after* they filed their motion to appoint a special master. At

this point in the litigation, the parties and the Court do not even know which complaints and claims will survive the pleading stage and which will not.

*Second*, retired Circuit Court Judge Michael A. Hanzman—whom Plaintiffs propose to serve as special master—has already been mediating cases related to the MDL. Notwithstanding Judge Hanzman's distinguished career as a lawyer and on the bench, to avoid the potential conflicts and disqualification issues such dual roles can create, any special master appointed should not also have served as mediator for the MDL claims.

*Third*, Plaintiffs propose an overly broad scope for a special master that would create unreasonable expense for the parties. Plaintiffs seek to force Fenwick and other Defendants to pay for a private judge to hear a near-boundless array of pretrial issues without identifying any *specific* pretrial matters this Court, the sitting Magistrate Judge, or the incoming replacement Magistrate Judge cannot "effectively and timely" handle. Plaintiffs further seek to allocate half the costs of such private judge services to "Defendants," generally, even when the issues giving rise to the costs are completely unrelated to the claims against the particular Defendant.

*Fourth*, if the Court determines, after motions to dismiss are resolved, that there is a clear need for a special master as the MDL progresses, Plaintiffs' proposal to remove Rule 53's required judicial review of special master orders is flawed.

## Procedural History

The claims against Fenwick, and the larger MDL, are in their infancy. The JPML transferred the MDL to this Court at the beginning of June. And Plaintiffs just filed their *Administrative Class Action Complaints and Demand for Jury Trial* [ECF Nos. 153, 154, 155, 156, 157, 158, and 159], the operative and live complaints (the "Operative MDL Complaints"), this

2

week. Per this Court's Order, Responses to the Operative MDL Complaints are not due until at least September 21, 2023. [ECF No. 61]

In addition, certain groups of Plaintiffs have filed new, related lawsuits against various Defendants in their home jurisdictions (including a class action against Fenwick in the Northern District of California, *Cabo v. Fenwick & West LLP, Case No. 3:23-cv-03944-JCS*), which is still in the process of being transferred to this MDL.

## Arguments & Authorities

Federal Rule of Civil Procedure 53 permits the district court to appoint a special master in specified, limited circumstances. Fed. R. Civ. P. 53. This includes appointment: a) to perform duties consented to by the parties; b) to hold trial proceedings and make or recommend certain findings of fact on issues to be decided without a jury; or c) to address pretrial and posttrial matters "that cannot be effectively and timely addressed by an available district judge or magistrate judge." *Id.* While the 2003 amendments to Rule 53 expanded the appointment of special masters to include handling certain pretrial matters, appointing a special master remains the exception, not the rule. *Id.*, at 2003 Notes of Advisory Comm. ¶1. For this reason, "[a] pretrial master should only be appointed when the need is clear." *Id.*, at ¶16; Wright & Miller et al., *Federal Practice and Procedure, Civil* §2601 (3d ed.) ("In the federal courts, a master is appointed to help the district court only in a case in which particular assistance is needed.").

Plaintiffs give several reasons why the Court should appoint a special master, but none justifies appointment of an expensive, private judge at this juncture.

### A. The Appointment of a Special Master is Premature.

Plaintiffs primarily seek appointment of a special master to handle anticipated discovery disputes. Motion, at pp. 2-3. Six of Plaintiffs' nine justifications concern discovery. But there is

3

no need for a special master to resolve discovery disputes because discovery is stayed. [ECF No. 152] On August 3, 2023, following a *sua sponte* review of the record, the Court stayed "all outstanding discovery proceedings" and ordered that "no further discovery shall be initiated" until at least September 19, 2023, so that the parties may focus on filing their amended complaints and answers/responses. *Id.* Defense counsel asked Plaintiffs to withdraw this Motion after the Court stayed discovery, but Plaintiffs refused. Exhibit A.

Even if the Court reopens discovery and Fenwick and other Defendants file motions to stay discovery or objections, Plaintiffs offer no credible reason why this Court, the sitting Magistrate Judge, or the successor Magistrate Judge cannot handle those motions or objections. Plaintiffs point to preliminary comments from the Court at the initial status conference that the parties may want to consider the appointment of a special master "given the complexity of the case and the time that we can expect to devote to it." Motion, at p. 6. But Plaintiffs omit that the Court agreed with Defendants' view that appointing a special master was "premature at this point" and would not be proper at least until the Court ruled on Defendants' motions to dismiss. Exhibit B, June 21, 2023 Hr'g. Tr. at 38–39 ("I think that's a good point. So we'll hold off on that . . .").

The Court may find legally sufficient reasons for the appointment of a special master on discrete issues at some point in this MDL, but now is not that time. Indeed, Plaintiffs have failed to present a sufficient basis at this stage. *See Fees v. Zarco*, Case No. 17-20564-CIV-MOORE, 2017 WL 8784448, at *3 (S.D. Fla. April 26, 2017) (declining to appoint special master where "Plaintiffs' Motion fails to identify any pretrial or posttrial matter that either the undesigned or the assigned United States District Judge in this case cannot effectively or timely address"). Here, Plaintiffs cannot point to delay or prejudice of any kind. The Court has already engaged in processes to manage and streamline this litigation, including holding a status conference, receiving

4

reports from the parties on key issues, and reviewing the record, *sua sponte*, to order a stay of discovery.

The Court should defer considering appointment of a special master until after the Court has ruled on Defendants' anticipated motions to dismiss—precisely as it indicated it would do when Plaintiffs last raised this issue at the June 21 status conference.  At this point, the parties and the Court do not even know which complaints or claims will survive the pleading stage and which will not.  Plaintiffs likely have no viable claims against many Defendants, including Fenwick.

If developments in the MDL make a special master necessary, the parties should first meet and confer about appointing a ***consent*** special master to handle certain, specified discovery disputes, and should engage in an orderly process in which parties submit candidates for discussion.  A special master should not be appointed in this significant MDL based on a unilateral motion proposing a single candidate.

**B. Any Special Master Should Not Also Mediate FTX Disputes.**

Plaintiffs seek appointment of retired Circuit Court Judge Michael A. Hanzman both as special master and mediator, reporting that Judge Hanzman has already been mediating disputes relating to cases in the MDL.  If the Court later determines that a special master is needed to handle certain discrete issues, the special master should be independent and not potentially tainted by any information learned in confidential mediations with select parties.

An appointee for special master may be disqualified based on potential conflicts: "A master must not have a relationship to the parties, attorneys, action, or court that would require disqualification of a judge under 28 U.S.C. § 455, unless the parties, with the court's approval,

5

consent to the appointment after the master discloses any potential grounds for disqualification."[1] Fed. R. Civ. P. 53(a)(2).  Conflicts that may require disqualification (absent party consent) include where the proposed special master's "impartiality might reasonably be questioned," 28 U.S.C. § 455(a), and "[w]here he has a personal bias or prejudice concerning a party, *or personal knowledge of disputed evidentiary facts concerning the proceeding*," 28 U.S.C. § 455(b)(1) (emphasis added); *see also Makozy v. Westcor Land Title*, 22-11753, 2023 WL 3409619, at *6 (11th Cir. May 12, 2023) (In considering a motion for recusal under this statute, the standard is "whether an objective, disinterested, lay observer fully informed of the facts underlying the grounds on which recusal was sought would entertain a significant doubt about the judge's impartiality,' and any doubts must be resolved in favor of recusal.") (internal citation and quotation marks omitted).

While service as a mediator may not necessarily disqualify a person from also serving as a special master, it is better to keep the roles of special master and mediator separate.  *See Kearny v. Milwaukee County*, 2007 WL 3171395, at *2 (E.D. Wisc. Oct. 26, 2007) ("Once a magistrate judge has shed the role of a presiding judge and acted solely in the role of mediator, it is impossible to un-ring that bell; a magistrate judge who acts as a mediator without the expectation that the case may be reassigned to him or her for the purposes of proceeding as the trial judge will almost invariably be presented with a case where impartiality may reasonably be questioned, thereby necessitating a recusal pursuant to 28 U.S.C. § 455(a)."). Special masters are appointed to hear and decide certain pretrial issues, subject to adoption by the district judge.  Mediators, of course, gain knowledge of disputed facts as part of confidential mediation sessions.

---

[1] In any event, the Court cannot appoint Judge Hanzman as a special master unless and until he files an affidavit disclosing whether there are any grounds for disqualification and the Court finds there are none.  Fed. R. Civ. P. 53(b)(3)(A).

Here, Plaintiffs report that Judge Hanzman has already been mediating disputes relating to cases in the MDL. But Plaintiffs refuse to disclose what other parties are mediating with Judge Hanzman. Any special master, if needed, should be unquestionably impartial and free from any influence of extrajudicial information learned in mediation. There is no shortage of qualified candidates to serve in either role.

### C. The Proposed Special Master Appointment is Overly Broad and Would Cause Undue Expense.

*First*, Plaintiffs propose an overly broad scope for a special master. Plaintiffs seek a special master to address a near-boundless array of pretrial matters that, according to Plaintiffs, "cannot be effectively and timely addressed by an available district judge or magistrate judge." Motion, at p. 5; Proposed Order, at pp. 1-2. But Plaintiffs fail to identify any specific pretrial matters that cannot be "effectively and timely" handled by the presiding judges. Plaintiffs' speculation is unsupported and insufficient. *See Fees*, 2017 WL 8784448, at *3. Nothing in the record suggests that the presiding judges are unable to handle the current issues in this litigation such that a special master with near-unbounded authority to decide an array of undefined pretrial matters is required. The Advisory Committee Notes for Rule 53 concerning appointment of special masters suggest that a district court should ordinarily delegate pretrial matters to a magistrate judge.

> Particular attention should be paid to the prospect that a magistrate judge may be available for special assignments. United States magistrate judges are authorized by statute to perform many pretrial functions in civil actions. 28 USC § 636(b)(1). Ordinarily a district judge who delegates these functions should refer them to a magistrate judge acting as a magistrate judge.

2003 Notes of Advisory Committee for F.R.C.P. 53, ¶ 13.

Beyond presiding over discovery disputes, Plaintiffs seek appointment of a special master for matters for which a special master is plainly unnecessary. For example, Plaintiffs seek a special master because some Defendants have filed motions to dismiss in other district courts before those

cases could be tagged and transferred to this Court.  Motion, at p. 3.  This issue does not concern Fenwick and frankly does not require the services of a compensated private judge.  If there are issues concerning the tagging and transfer of actions from other district courts to this Court, then the involvement of this Court, its Magistrate Judge, or the JPML should be sufficient.

Plaintiffs also suggest a special master is needed because "Defendants refuse to appoint any Defense liaison counsel."  *Id.*  Defendants have suggested that it is premature to consider defense liaison counsel until the parties see which Defendants and claims remain in the case.  Even then, if the parties cannot agree, Plaintiffs offer no reason why the issue cannot be handled by the presiding judges as part of routine case management.  In any event, Fenwick is also the *only law firm Defendant*, and the *only Defendant* in the complaints it is named in.  Thus, there will likely be no need for Fenwick go through Defense liaison counsel.  Plaintiffs can simply communicate with Fenwick's counsel.

Plaintiffs further suggest a special master is needed to enter a "standard Protective Order." *Id.*  But Plaintiffs again fail to offer any reason why a privately paid judge is needed when the parties can negotiate the terms of a protective order and, if necessary, seek the Court's guidance on any discrete issues that cannot be resolved.

**Second**, Plaintiffs have not met their burden to show that the proposed appointment of a special master will not create unreasonable expense. Fed. R. Civ. P. 53(a)(3).  Rather, the opposite appears true.  Plaintiffs propose that "Plaintiffs" and "Defendants" share 50% of the costs of the special master to handle a broad array of unspecified pretrial issues, regardless of whether any particular Plaintiff or Defendant uses the services of the special master.  This would require a Defendant to pay for potentially protracted discovery disputes that have nothing to do with that Defendant's case. If a special master becomes necessary, the parties should negotiate a fair cost-

8

allocation plan. Plaintiffs should not be permitted to use the special master's fees to unnecessarily drive up the cost of this litigation.

### D. Plaintiffs Proposal for Review of Special Master Orders is Flawed.

If the Court appoints a special master, the Court should implement Rule 53's procedure for challenging or adopting the special master's orders rather than Plaintiffs' bespoke proposal. Rule 53 provides that upon entry of an order by the special master, a party may file a motion to adopt or modify the order or a party may file an objection to the order within 21 days. The order does not become effective until and unless adopted by the district judge. This is important because, under Rule 53(f)(1), the Court cannot act on the special master's order unless the parties have been given an opportunity to be heard.

Plaintiffs seek to bypass Rule 53 by having the special master's order become effective immediately rather than upon order of an Article III or Article I judge. Plaintiffs also seek to cut the 21-day deadline to a 14-day deadline. Plaintiffs further seek to impose an "extraordinary circumstances" standard for modifying a special master's order, which does not exist in Rule 53.

These proposals are unworkable because they seek to turn a special master into a Magistrate Judge. The two roles are not synonymous. A special master is a non-judicial appointee who assists the district court with certain, limited issues under Rule 53 or applicable federal statute. A Magistrate Judge is an Article I judge, assigned to a particular case to handle particular and delegated matters. Regardless of the qualifications of the special master, he or she cannot serve in a role that effectively displaces the court. *See La Buy v. Howes Leather Co.*, 352 U.S. 249, 256 (1957). Allowing the special master's orders to become effective in the absence of a federal court order adopting the order does just that and runs afoul of Rule 53(f). Fed. R. Civ. P. 53(f) ("In

acting on a master's order, report, or recommendations, the court must give the parties notice and an opportunity to be heard").

## Conclusion

Defendant Fenwick & West LLP respectfully requests that the Court deny *Plaintiffs' Motion to Appoint Judge Michael A. Hanzman as the FTX Special Master* and grant all other and further relief to which Fenwick is justly entitled.

Respectfully submitted,

*/s/ Nicole K. Atkinson*
DAVID R. ATKINSON
Florida Bar No.: 767239
datkinson@gunster.com
mmargolese@gunster.com
eservice@gunster.com
NICOLE K. ATKINSON
Florida Bar No.: 167150
natkinson@gunster.com
mmargolese@gunster.com
STEPHEN C. RICHMAN
Florida Bar No.: 1015692
srichman@gunster.com
jfirogenis@gunster.com
GUNSTER, YOAKLEY & STEWART, P.A.
Brickell World Plaza
600 Brickell Avenue, Suite 3500
Miami, FL 33131
Tel: (305) 376-6000, (561) 655-1980
Fax: (305) 376-6010, (561) 655-5677

-and-

KEVIN S. ROSEN
California Bar No.: 133304
krosen@gibsondunn.com
MICHAEL J. HOLECEK
Florida Bar No.: 1035950
mholecek@gibsondunn.com
SAMUEL ECKMAN

California Bar No.: 308923
seckman@gibsondunn.com
GIBSON, DUNN & CRUTCHER LLP
333 South Grand Avenue
Los Angeles, CA 90071-3197
Tel: (213) 229-7635
Fax: (213) 229-6635

*Counsel for Defendant Fenwick & West LLP*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on August 11, 2023, a true and correct copy of the foregoing was filed electronically with the Clerk of the Court, by using the CM/ECF system which will send an electronic notification of such filing to all counsel of record.

*/s/ Nicole K. Atkinson*
Nicole K. Atkinson

ACTIVE:19431221.2