## IN THE UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF FLORIDA

| | |
|---|---|
| **IN RE:**<br><br>**FTX CRYPTOCURRENCY EXCHANGE COLLAPSE LITIGATION**<br><br><br>This Document Relates to the Administrative Class Action Complaint and Demand for Jury Trial as to the FTX Insider Defendants (ECF No. 178) | Civil Action No. 1:23-md-3076-KMM |

## DEFENDANT SAM BANKMAN-FRIED'S MOTION TO STAY

## **TABLE OF CONTENTS**

**Page**

| | | |
|---|---|---|
| I. | STATEMENT OF FACTS | 2 |
| II. | ARGUMENT | 3 |
| III. | CONCLUSION | 6 |

Defendant Sam Bankman-Fried files this Motion to Stay the litigation against him in the Corrected Administrative Class Action Complaint filed on August 11, 2023 (ECF No. 178) in order to protect his Constitutional rights under the Fifth Amendment.[1] The Corrected Administrative Class Action Complaint asserts claims against Defendants, Sam Bankman-Fried, Caroline Ellison, Gary Wang, and Nishad Singh. Mr. Bankman-Fried presently seeks a stay, independent from his Co-Defendants, because the named Co-Defendants have pleaded guilty in the FTX-related criminal proceedings in New York, and thus their Fifth-Amendment rights are not directly implicated by this civil proceeding, as are Mr. Bankman-Fried's.

Plaintiffs previously did not oppose the request for stay prior to consolidation; to date, Plaintiffs have not expressed any intention of opposing Mr. Bankman-Fried's request for a stay. Co-Defendant Caroline Ellison does not oppose Mr. Bankman-Fried's request for a stay. Co-Defendants Gary Wang and Nishad Singh have yet to formally appear in this matter.

## PRELIMINARY STATEMENT AND SUMMARY OF ARGUMENT

Mr. Bankman-Fried is currently under indictment and facing a criminal trial in the Southern District of New York (Case No. 22-cr-00673). The trial is currently scheduled for October 2023. This action should be stayed as to Mr. Bankman-Fried until the conclusion of the criminal action against him. There is significant and evident overlap between the subject of the active criminal action in New York and this Multi-District Litigation in Florida, especially with respect to the allegations and claims against Mr. Bankman-Fried. Mr. Bankman-Fried's Fifth Amendment rights

---

[1] While Mr. Bankman-Fried is mindful of the Court's Rule 12 page and briefing limitations (*see* ECF No. 216), Mr. Bankman-Fried's request for stay is not governed by Rule 12. *See, e.g.*, *Lane v. XYZ Venture Partners, L.L.C.*, 322 F. App'x 675, 678 (11th Cir. 2009) ("[A] motion to stay is neither a responsive pleading nor a motion made under Rule 12[.]"). In serving and filing this motion, Mr. Bankman-Fried is not waiving or intending to waive, and expressly reserves, the right to assert Rule 12 defenses pursuant to the Court's Rule 12 motion instructions (*see* ECF No. 216).

would be severely and impermissibly jeopardized if he is forced to defend against the claims in this case or respond to discovery at this time.

## NATURE AND STATE OF PROCEEDINGS

On August 11, 2023, Plaintiffs filed the Corrected Administrative Class Action Complaint against the FTX Insider Defendants, including Mr. Bankman-Fried, in this Multi-District Litigation.[2] ECF No. 178 ("Compl."). The core allegations arise out of Plaintiffs' use of FTX platforms, through either FTX Trading Ltd., d/b/a FTX ("FTX Trading") or West Realm Shires Inc. d/b/a FTX US ("FTX US"). *See* Compl. at 7–11. Plaintiffs allege, *inter alia*, that Defendants engaged in a fraudulent scheme through (1) FTX's offer and sale of YBAs and FTT tokens and the structure of the FTX Platform itself, and (2) deceptive marketing of the FTX Platforms.[3]

### I. STATEMENT OF FACTS

Mr. Bankman-Fried currently faces criminal charges in the Southern District of New York (Case No. 22-cr-00673), arising out of the same core facts as this Multi-District Litigation. Trial

---

[2] The Complaint is the controlling document for pre-trial purposes for the following transferred civil actions, as against the FTX Insider Defendants: *Garrison v. Bankman-Fried*, Index No. 1:22-cv-23753 (S.D. Fla.), *Hawkins v. Bankman-Fried*, Index No. 3:22-cv-07620 (N.D. Cal.), *Imbert v. Bankman-Fried*, Index No. 3:23-cv-02475 (N.D. Cal.), *Jessup v. Bankman-Fried*, Index No. 3:22-cv-07666 (N.D. Cal.), *Lam v. Bankman-Fried*, Index No. 3:22-cv-07336 (N.D. Cal.), *Papadakis v. Bankman-Fried*, Index No. 3:23-cv-00024 (N.D. Cal.), and *Pierce v. Bankman-Fried*, Index No. 3:22-cv-07444 (N.D. Cal.).

[3] Plaintiffs assert the following Florida, or in the alternative, nationwide, claims against the FTX Insider Defendants for violations of the Florida Securities and Investor Protection Act (Count One), violations of the Florida Deceptive and Unfair Trade Practices Act (Count Two), civil conspiracy (Count Three), fraud (Count Four), aiding and abetting fraud (Count Five), conversion (Count Six), aiding and abetting conversion (Count Seven), negligent misrepresentation (Count Eight), breach of fiduciary duty (Count Nine), aiding and abetting breach of fiduciary duty (Count Ten), unjust enrichment (Count Eleven), RICO – Operation/Management pursuant to 18 U.S.C. § 1962(c) (Count Thirteen), and seek a declaratory judgment (Count Twelve). *See* Compl. at 120–141. In an alternative to the nationwide claims, Plaintiffs assert the following California claims against all Defendants: violations of California's Unfair Competition & Professions Code (Count Fourteen) and violations of the California Securities Law (Count Fifteen). *See* Compl. at 140–142.

in the parallel criminal proceeding is scheduled for October 2023.

**II.     ARGUMENT**

The claims against Mr. Bankman-Fried, and all discovery as to him, should be stayed during the pendency of the criminal case against him in the Southern District of New York (Case No. 22-cr-00673-LAK), in order to preserve his Fifth Amendment rights. The charges in that case arise out of the same core facts as this Multi-District Ligation. Mr. Bankman-Fried's Fifth Amendment rights are thus implicated by nearly every aspect of this civil proceeding. Therefore, if ever a stay pending the resolution of parallel criminal proceedings was both warranted and necessary to preserve a criminal defendant's constitutional rights, this is that case.

A court may exercise its discretion to stay civil proceedings in light of an ongoing criminal investigation if the interests of justice require it. *See United States v. Kordel*, 397 U.S. 1, 12 n.27 (1970).  "The Eleventh Circuit has articulated a narrow set of circumstances which require that a stay be granted[,]" and those circumstances are indisputably present here. *Gonzalez v. Israel*, No. 15-cv-60060, 2015 WL 4164772, at *2 (S.D. Fla. July 9, 2015) (citing *Global Aerospace, Inc. v. Platinum Jet Mgmt., LLC,* No. 09-60756-Civ, 2009 WL 2589116, at *1 (S.D. Fla. Aug.19, 2009)). In the Eleventh Circuit, courts "must consider whether a defendant in both a civil and criminal matter is forced to choose between waiving his privilege against self-incrimination or losing the civil case in summary proceedings." *Id*. Generally, "the strongest case for a stay is when a party under indictment for a serious offense is required to defend a civil or administrative action involving the same matter." *Judd v. Weinstein*, No. CV-185724, 2019 WL 2879875, at *2 (C.D. Cal. Apr. 2, 2019) (citations and internal quotations omitted). In determining whether to grant a stay, courts in the Eleventh Circuit principally consider the following factors:

> [(1)] the degree and severity of overlap between the civil and criminal proceedings;
> [(2)] whether the criminal charges are hypothetical or, by contrast, whether an

indictment or its equivalent has been issued; [(3)] and the specificity of the invocation of the Fifth Amendment privilege relative to the civil proceeding.

*Gonzalez*, 2015 WL 4164772, at *3 (compiling Eleventh Circuit cases discussing relevant factors). Here, each of the three factors weighs in favor of staying this civil proceeding.[4]

*First*, the level of factual and legal overlap between this case and the criminal proceeding in New York cannot be overstated. Indeed, the alleged facts giving rise to the criminal charges against Mr. Bankman-Fried track almost identically to those alleged here. Therefore, because "the similarity of issues in the underlying civil and criminal actions is considered the most important threshold issue in determining whether to grant a stay"—*Love v. City of Lanett,* No. 3:09-cv-622, 2009 WL 2525371, at *2 (M.D. Ala. Aug.17, 2009) (citation omitted); *Doe 1 v. City of Demopolis,* No. Civ. A 09-0329 2009 WL 2059311, at *3 (S.D. Ala. July 10, 2009)—this factor strongly favors a stay.

*Second*, the status of the criminal proceeding also weighs in favor of a stay. The criminal proceeding against Mr. Bankman-Fried is not hypothetical, as the indictment and subsequent superseding indictments charging Mr. Bankman-Fried have been formally filed in New York. The criminal case is also in active discovery, and trial is scheduled to begin on October 2, 2023. *See, e.g.*, Jan. 3, 2023 Min. Entry of Arraignment before Hon. Lewis A. Kaplan, *United States v. Bankman-Fried*, No. 22-cr-00673-LAK (S.D.N.Y. Dec. 22, 2022). In addition, three of the defendants in this action—Ellison, Wang, and Singh—have pleaded guilty in the criminal case and are expected to testify against Mr. Bankman-Fried at trial.

---

[4] Courts will also consider other factors, including the private and public interests, the degree of overlap between the cases, and the case status. *See Lay v. Hixon*, No. Civ. A 09-0075, 2009 WL 1357384, at *3 (S.D. Ala. May 12, 2009) (internal quotations and citations omitted). These factors also militate in favor of a stay.

*Third*, Mr. Bankman-Fried's Fifth Amendment rights are directly implicated by every aspect of this civil action. "A stay is warranted when a defendant in both a civil and a criminal case, is forced to choose between waiving his privilege against self-incrimination or losing the civil case in [summary proceedings]." *A.B. ex rel. Baez v. Seminole Cnty. Sch. Bd.*, No. 6:05-cv-802, 2005 WL 2614622, at *1 (M.D. Fla. Oct. 14, 2005) (citing *Shell Oil Co. v. Altina Assocs., Inc.,* 866 F. Supp. 536, 540 (M.D. Fla. 1994)) (internal citations omitted). Here, Fifth Amendment implications would arise at nearly every juncture—in written discovery, during depositions, in responsive pleadings and motion practice, and also at trial. Thus, should this action proceed, Mr. Bankman-Fried will be impermissibly forced to choose between waiving his Fifth Amendment privilege in the criminal proceedings or defending this civil action. This too warrants a stay.

In sum, all of the relevant factors weigh in favor of a stay as to Mr. Bankman-Fried. Courts in this Circuit frequently grant stays, or partial stays, of civil actions during the pendency of parallel criminal proceedings when a defendant's constitutional rights are jeopardized. *See, e.g.*, *Gonzalez*, 2015 WL 4164772, at *4 (compiling cases granting stays of civil actions during pendency of criminal proceedings); *Ventura v. Brosky*, No. 06-cv-22026, 2006 WL 3392207, at *2 (S.D. Fla. Nov. 21, 2006) (staying civil case due to Fifth Amendment concerns); *Doe 1*, 2009 WL 2059311, at *3; *Lay v. Hixon*, No. 09-cv-0075, 2009 WL 1357384, at *5 (S.D. Ala. May 12, 2009) ("[G]ranting a stay of this action pending resolution of the state-court criminal proceedings is appropriate."). Considering the serious nature of the charges against Mr. Bankman-Fried, coupled with the undeniable overlap in subject matter between the criminal case and this Multi-District Litigation, the present civil claims should be stayed as to Mr. Bankman-Fried.

## III. CONCLUSION

For the foregoing reasons, the Court should stay this civil proceeding as to the claims against and discovery from Mr. Bankman-Fried pending the conclusion of the criminal proceedings against him.

## CERTIFICATE OF COMPLIANCE WITH LOCAL RULE 7.1(a)(3)

Counsel for Mr. Bankman-Fried conferred with Plaintiffs' counsel and Co-Defendants' counsel regarding the relief sought in this motion in a good faith effort to resolve the issues raised in the motion. Plaintiffs previously advised they do not oppose Mr. Bankman-Fried's request for a stay pending resolution of the criminal proceeding. To date, Plaintiffs have not advised of any change in position following Mr. Bankman-Fried's meet-and-confer correspondence. Co-Defendant Caroline Ellison does not oppose Mr. Bankman-Fried's request for a stay. Co-Defendants Gary Wang and Nishad Singh have yet to formally appear in this matter.

Dated: September 11, 2023

Respectfully Submitted,

*/s/ Adam M. Schachter*
GERALD E. GREENBERG
Florida Bar No. 440094
ggreenberg@gsgpa.com
ADAM M. SCHACHTER
Florida Bar No. 647101
aschachter@gsgpa.com
ANDREW T. FIGUEROA
Florida Bar. No. 1002745
afigueroa@gsgpa.com
GELBER SCHACHTER & GREENBERG, P.A.
SunTrust International Center
One Southeast Third Avenue, Suite 2600
Miami, Florida 33131
Telephone: (305) 728-0950
E-service: efilings@gsgpa.com

JEREMY D. MISHKIN *(pro hac vice)*
jmishkin@mmwr.com
RICHARD M. SIMINS *(pro hac vice)*
rsimins@mmwr.com
MONTGOMERY MCCRACKEN
1735 Market Street, 21st Floor
Philadelphia, PA 19103-7505
Telephone 215-772-1500

*Counsel for Defendant Sam Bankman-Fried*