UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

| | |
|---|---|
| IN RE: | MDL No. 3076 |
| FTX CRYPTOCURRENCY EXCHANGE COLLAPSE LITIGATION | 23-md-03076-KMM |

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

**THE GOVERNMENT'S APPLICATION TO INTERVENE AND MOTION TO STAY AND MEMORANDUM IN SUPPORT**

DAMIAN WILLIAMS
United States Attorney for the
Southern District of New York

Thane Rehn
Danielle Kudla
Samuel Raymond
Nicols Roos
Danielle R. Sassoon
Assistant United States Attorneys

  *- Of Counsel -*

## TABLE OF CONTENTS

**PRELIMINARY STATEMENT**……………………………………………………… 1

**BACKGROUND**……………………………………………………………………….. 3

    **Overview of the Alleged Scheme**……………………………………………… 4
    **Procedural Posture**……………………………………………………………….. 6

**ARGUMENT** …………………………………………………………………………….. 7

    **I. THE GOVERNMENT SHOULD BE GRANTED PERMISSION TO INTERVENE**……………………………………………………………………... 7

    **II. THE REQUESTED STAY IS APPROPRIATE**……………………………. 9

        A. Discussion……………………………………………………………… 10
            1. The Extent of Overlap…………………………………………... 10
            2. Status of the Civil Case………………………………………….. 11
            3. Interests of and Burden on the Plaintiffs……………………… 11
            4. Interests of and Burden on the Defendants……………………. 12
            5. Interests of the Public…………………………………………… 14
            6. Interests of the Courts…………………………………………... 15

**CONCLUSION**………………………………………………………………………... 15

## PRELIMINARY STATEMENT

The United States of America, by and through Damian Williams, the United States Attorney for the Southern District of New York ("the Government"), respectfully submits this application (i) to intervene in the above-captioned civil actions (the "Civil Actions"), pursuant to Rule 24 of the Federal Rules of Civil Procedure, (ii) for a complete stay of the Civil Action against the FTX Insiders (Dkt. 154), and (iii) for a stay of discovery in the other Civil Actions (Dkt. 153, 155-59), until the conclusion of the criminal case, *United States v. Samuel Bankman-Fried*, 22 Cr. 673 (LAK) (the "Criminal Action").

All parties agree to a full stay of the Complaint against Samuel Bankman-Fried, Caroline Ellison, Gary Wang, and Nishad Singh (the "FTX Insiders"). (Dkt. 154) (the "FTX Insiders Complaint"). Counsel for the plaintiffs have informed the Government that their clients consent to the Government's request for a full stay of proceedings with respect to this Complaint. Bankman-Fried moved for a stay of the FTX Insiders Complaint with respect to himself on September 11, 2023 (Dkt. 241), and his counsel has also informed the Government that he consents to the Government's motion for a full stay. In addition, counsel for each of the of the other three FTX Insiders have informed the Government that they consent to the requested stay. All four of the FTX Insiders are also defendants in the Criminal Action. The criminal trial against Bankman-Fried is scheduled to commence on October 3, 2023. Ellison, Wang, and Singh have entered guilty pleas pursuant to cooperation agreements, in which they agreed to cooperate with the Government's investigation and prosecution, including by testifying if called to do so.

Plaintiffs' counsel has informed the Government that they do not consent to a stay of discovery with respect to the other six pending Complaints in this case, which bring claims against

1

certain banks, auditors, promoters, attorneys, and investors in FTX. (Dkt. 153, 155-159). The Government has attempted to confer with counsel for all of these parties regarding its intention to seek a stay. Every defendant that has responded with a position, including the law firm, the investors, the banks, and the sports and entertainment defendants, has indicated consent for a stay of discovery, and no defendant has indicated an objection to a stay of discovery. The Government respectfully submits that a stay of discovery is warranted with respect to these other Complaints as well. Federal courts frequently stay civil proceedings where they have the potential to impact a criminal case. Here, the Criminal Action arises from the same set of facts and circumstances that underlie the claims in the Civil Actions, meaning that common issues of fact and law exist. There is no reasonable way to disentangle the factual and legal issues presented in the FTX Insiders Complaint, which all parties agree should be stayed, from the factual and legal issues raised by the other Complaints. Allowing discovery to commence in the other Complaints would inevitably raise the same issues raised by the FTX Insiders Complaint and would have the same potential to impact the Criminal Action.

  Moreover, the stay sought by the Government will be brief, and will conserve this Court's time and resources. Trial in the Criminal Action is scheduled for October 3, 2023, and the result of that proceeding will have a significant impact on what issues are ultimately in dispute in the Civil Actions. Relatedly, the prejudice to the parties, if any, is minimal. The requested stay will be short in duration and, during its pendency, the parties in the other Civil Actions can still proceed with motion practice. Accordingly, the Government respectfully requests that this Court enter an order staying the FTX Insiders Civil Action in its entirety, and staying discovery in the other Civil Actions, until the completion of the Criminal Action.

**BACKGROUND**

The Criminal Action arises out of allegations that Samuel Bankman-Fried, the founder and majority owner of FTX Trading Ltd. ("FTX") and Alameda Research LLC ("Alameda"), used FTX and Alameda to engage in multiple overlapping fraudulent schemes to defraud multiple victims, including customers and investors of FTX, and lenders to Alameda. The relevant factual allegations are set forth in Indictment S6 22 Cr. 673 (LAK) (the "Indictment") in the Criminal Action (attached hereto as Exhibit A). The Civil Actions, including the FTX Insiders Complaint, contain the same allegations that form the core of the Criminal Action, namely, that Bankman-Fried oversaw a fraudulent scheme to misappropriate FTX customer funds. The Civil Actions refer to and rely on the Criminal Action in significant part to support their allegations. For instance, paragraph 1 of the FTX Insiders Complaint refers to FTX as "the largest financial fraud in US history," and then notes that Bankman-Fried has been charged criminally for his role in FTX. (Dkt. 154 ¶ 1). The Complaint goes on to repeatedly refer to the allegations in the Criminal Action, and also quotes at length from the allocutions made by Ellison and Wang when they entered guilty pleas in the Criminal Action. (Dkt. 154 ¶¶ 109, 112).

In addition, the Civil Actions include six separate Complaints containing allegations against certain banks, auditors, promoters, attorneys, and investors in FTX, with separate Complaints setting forth the allegations against each group. The conduct of many if not all of these groups is also at issue in the Criminal Action, although the Indictment in the Criminal Action alleges that some of these groups, notably the investors, were victims of the fraudulent scheme rather than being liable for it. But while the allegations about the responsibility of these groups are not the same between the Criminal Action and the Civil Actions, it is clear that both cases arise

from the same common set of facts. For instance, all of the Complaints repeatedly reference the Criminal Action and quote from Ellison and Wang's plea allocutions. (*E.g.*, Dkt. 153 ¶¶ 110, 113; Dkt. 157 ¶¶ 119, 122).

## Overview of the Alleged Scheme

The Indictment includes seven criminal counts against Bankman-Fried, the allegations in support of which are described in the Indictment and in other filings and statements that the Government has made in court. Counts One and Two of the Indictment allege that, from in or about 2019 through in or about November 2022, Bankman-Fried engaged in a scheme to defraud customers of FTX by misappropriating those customers' deposits and using those deposits to pay expenses and debts of Alameda, and to make investments. Counts Three and Four allege that, during the same time period, Bankman-Fried also engaged in a scheme to defraud lenders to Alameda by providing false statements to those lenders regarding Alameda's financial condition. Count Five charges Bankman-Fried with conspiracy to commit securities fraud, based on his participation in a scheme to defraud investors in FTX by providing them with false information regarding FTX's financial condition. Count Six alleges that Bankman-Fried participated in a conspiracy to commit commodities fraud by misappropriating funds of FTX customers intended for use in swaps trading. Count Seven alleges that Bankman-Fried participated in a conspiracy to commit money laundering by engaging in financial transactions with the proceeds of the fraud on FTX customers, including transactions that were designed to conceal and disguise the nature, location, source, ownership, and control of those proceeds.[1]

---

[1] There is a separate charging instrument in the Criminal Action setting forth additional criminal charges, which are currently the subject of an extradition request to The Bahamas. Those charges are not set for trial in October and are not at issue in this Motion, which seeks only a stay pending the conclusion of the October trial.

The FTX Insiders Complaint contains fifteen causes of action. Three of these causes of action allege violations of state law governing the purchase and sale of securities (Dkt. 154 ¶¶ 242-59, 347-54). The remaining twelve causes of action, including claims for civil conspiracy, fraud, conversion, and a civil RICO claim, all arise from the allegation that Bankman-Fried and the other FTX Insiders perpetrated a scheme to defraud FTX customers by misappropriating funds they deposited into the FTX exchange. (Dkt. 154 ¶¶ 260-346). Those allegations overlap essentially in their entirety with the facts underlying Counts One, Two, Six, and Seven of the Indictment, all of which arise from the factual allegation that Bankman-Fried misappropriated FTX customer funds and spent them for his own personal use.

The other Complaints in the Civil Action all allege that different groups of defendants should also be held liable for the fraudulent misappropriation of customer funds by the FTX Insiders. Each Complaint contains a similar overview paragraph alleging that "each group of MDL Defendants contributed … to the perpetration of the fraud." (*E.g.*, Dkt. 153 ¶ 163). Thus, as with the FTX Insiders Complaint, the factual issues in these Complaints substantially overlap with the factual allegations underlying Counts One, Two, Six, and Seven of the Indictment. As noted above, the Indictment in the Criminal Action does not identify the groups of defendants in the Civil Actions as being liable for the fraud, and in fact certain of the defendants in the Civil Actions are identified in the Indictment as victims of fraud perpetrated by Bankman-Fried. However, the factual issues plainly overlap, as evidenced by the fact that each of the Complaints in the Civil Actions refers to the Criminal Action and quotes from Ellison and Wang's plea allocutions.

**Procedural Posture**

A grand jury sitting in the Southern District of New York returned an initial Indictment against Bankman-Fried on December 9, 2022. Bankman-Fried was arrested in the Bahamas on December 12, 2022, and the original indictment was unsealed following Bankman-Fried's arrest. On December 19, 2022, Zixiao "Gary" Wang, a co-founder and co-owner of FTX along with Bankman-Fried, entered a guilty plea to one count of conspiracy to commit wire fraud and one count of wire fraud, both arising from the scheme to defraud customers of FTX, as well as one count of conspiracy to commit commodities fraud, and one count of conspiracy to commit securities fraud. Also on December 19, 2022, Caroline Ellison, the former CEO of Alameda, entered a guilty plea to conspiracy to commit wire fraud and wire fraud for the scheme to defraud FTX customers, conspiracy to commit wire fraud and wire fraud for the scheme to defraud Alameda lenders, and conspiracy to commit commodities fraud, conspiracy to commit securities fraud, and conspiracy to commit money laundering. On February 28, 2023, Nishad Singh, the former director of engineering at FTX, entered a guilty plea to one count of conspiracy to commit wire fraud and one count of wire fraud, both arising from the scheme to defraud customers of FTX, as well as conspiracy to commit commodities fraud, conspiracy to commit securities fraud, conspiracy to commit money laundering, and conspiracy to violate the Federal Election Campaign Act. Wang, Ellison, and Singh all entered their guilty pleas pursuant to cooperation agreements, in which they agreed to cooperate with the Government's investigation and prosecution, including by testifying if called to do so.

The trial of Bankman-Fried is scheduled to commence on October 3, 2023, in the Southern District of New York.

Multiple groups of civil plaintiffs filed putative class actions against Bankman-Fried and others in the wake of FTX's collapse. On June 5, 2023, the Judicial Panel on Multidistrict Litigation entered an order consolidating these cases and transferring them to the Southern District of Florida. On June 21, 2023, this Court ordered the plaintiffs to file amended complaints within 45 days, and ordered any responses to the amended complaints to be filed within 45 days of the filing of the amended complaints. (Dkt. 61). On August 7, 2023, the plaintiffs filed the seven amended complaints, meaning that pursuant to the Court's June 21 Order, the deadline for defendants to respond to the complaints is September 21, 2023. On August 3, 2023, the Court entered an Order staying discovery in the Civil Cases until at least September 19, 2023, with leave for the parties to move to reopen discovery or for an extension of the stay of discovery at that time. (Dkt. 152).

## ARGUMENT

The Government's requests to intervene, for a complete stay of the FTX Insiders Complaint, and for a stay of discovery in the other Civil Actions, should be granted.

### I. THE GOVERNMENT SHOULD BE GRANTED PERMISSION TO INTERVENE

Under Rule 24(a)(2) of the Federal Rules of Civil Procedure, anyone may intervene as of right in an action when the applicant "claims an interest relating to the property or transaction that is the subject of the action" and the applicant "is so situated that 'disposing of the action may as a practical matter impair or impede the movant's ability to protect its interests. . . .'" Alternatively, Rule 24(b)(2) provides for permissive intervention when the movant "has a claim or defense that shares with the main action a common question of law or fact." The Government respectfully submits that its application satisfies both of these provisions given the effect the Civil Actions

7

would have on the Criminal Action and the identity of claims and facts between the parallel actions.

As a general rule, courts "have allowed the government to intervene in civil actions—especially when the Government wishes to do so for the limited purpose of moving to stay discovery." *Twenty First Century Corp. v. LaBianca*, 801 F. Supp. 1007, 1009 (E.D.N.Y. 1992); *see also SEC v. Credit Bancorp.*, 297 F.3d 127, 130 (2d Cir. 2002). The Government has a "discernible interest in intervening in order to prevent discovery in a civil case from being used to circumvent the more limited scope of discovery in the criminal matter." *SEC v. Chestman*, 861 F.2d 49, 50 (2d Cir. 1988); *see also SEC v. Martin, et al.*, 17 Civ. 1385 (RBD) (M.D. Fla. June 5, 2020, Order (Dkt. 150) at 2 (intervention is appropriate where the Government requests to intervene to seek a stay "to protect the integrity of the criminal prosecution by preventing the circumvention of the more limited rules of criminal discovery").

As an initial matter, intervention is warranted because the Government's interests in upholding the public interest in enforcement of the criminal laws cannot be protected adequately by the existing parties in this civil litigation, none of whom represent the Government's interests with respect to the investigation and enforcement of federal criminal statutes. *See SEC v. Palleschi*, No. 2:21-CV-530-SPC-NPM, 2021 WL 4710773, at *1 (M.D. Fla. Sept. 24, 2021) ("The Government . . . has a strong interest to prosecute the Criminal Case—which involves the same conduct at issue here—and enforce federal criminal laws. Given the overlap, the Civil Case would likely impede the Government's ability to protect those interests. And no current party adequately represents them in this Civil Case."); *see also Bureerong v. Uvawas*, 167 F.R.D. 83 (C.D.Cal. 1996) ("the Government's prosecutorial and investigative interest is not adequately protected by

any of the civil parties . . . . Clearly neither the plaintiff or the defendants have this identical interest.").

Moreover, discovery, including depositions of potential Government witnesses, in advance of a related criminal trial could impair or impede the Government's ability to protect its interests in the enforcement of federal criminal law. The Civil Actions and the related Criminal Action arise from the same alleged scheme to commit fraud on customers of FTX. Proceeding with discovery in the Civil Actions raises the probability that witnesses will be unnecessarily burdened by having to testify twice. In light of those circumstances, the Government respectfully submits that its application to intervene should be granted.

## II. THE REQUESTED STAY IS APPROPRIATE

The Court can and should stay proceedings in the interests of justice pending the completion of the parallel criminal trial pending in the Southern District of New York. "A court must stay a civil proceeding pending resolution of a related criminal prosecution only when 'special circumstances' so require in the 'interest of justice.'" *United States v. Lot 5, Fox Grove, Alachua County, Fla.*, 23 F.3d 359, 364 (11th Cir. 1994). When considering whether to grant a stay, courts balance the following factors:

(1) The extent to which the issues in the criminal case overlap with those presented in the civil case;

(2) The status of the case, including whether the defendants have been indicted;

(3) The private interests of the plaintiffs in proceeding expeditiously weighed against the prejudice to plaintiffs caused by the delay;

(4) The private interests of and burden on the defendants;

(5) The interests of the courts; and

(6) The public interest.

9

*Svistina v. Elbadramany*, No. 22-CV-20525, 2022 WL 1658840, at *2 (S.D. Fla. May 25, 2022); *see also Investments. v. Rothstein*, No. 10-60786-CIV, 2011 WL 2530945, at *1 (S.D. Fla. June 24, 2011); *Volmar Distrib., Inc. v. New York Post Co.*, Inc., 152 F.R.D. 36, 39 (S.D.N.Y. 1993) (listing similar factors). "Balancing these factors is a case-by-case determination, with the basic goal being to avoid prejudice." *Id.*

The Eleventh Circuit also considers whether a defendant in both a civil and criminal matter is "forced to choose between waiving his privilege against self-incrimination or losing the civil case in [summary proceedings.]" *Shell Oil Co. v. Altina Associates, Inc.*, 866 F. Supp. 536, 540 (M.D. Fla.1994) (quoting *Pervis v. State Farm Fire & Casualty Co.*, 901 F.2d 944, 947 (11th Cir.1990)).

### A. Discussion

All relevant factors weigh in favor of a stay of the action against the FTX Insiders and a stay of discovery in the other Civil Actions.

#### 1. The Extent of Overlap

"[T]he degree to which the issues in the simultaneous civil and criminal proceedings overlap is the most important threshold issue in deciding whether the court should stay the civil proceeding." *Woods v. Reeve*, No. 21-14001-CIV, 2021 WL 7186842, at *2 (S.D. Fla. Aug. 18, 2021) (persuaded by the extent of overlapping facts and legal issues between the civil and criminal cases) (internal quotations omitted); *Svistina*, 2022 WL 1658840, at *3 (holding first factor weighs in favor of a stay due to the "overwhelming degree of overlap of the issues" between the criminal and civil case).

Here, the facts underlying the Civil Actions are substantially subsumed by the facts

10

underlying the criminal case: both cases center on the operation of FTX and its related company, Alameda, and the alleged misappropriation of assets that culminated in the bankruptcy of both FTX and Alameda. To be sure, the Civil Actions also allege certain claims arising from state securities laws, but that does not negate the substantial overlap between the Civil Actions and the Criminal Action. Even for the state securities law claims in the Civil Actions, the issues in dispute will include the nature of FTX's business, the degree of control over the business exercised by the FTX Insiders, and other issues that are directly relevant to the Criminal Action as well.

Thus, virtually all of the same documents and other evidence that would be used by the plaintiffs to prove their case would also be used to prove aspects of the Government's case. As a result, this factor weighs heavily in favor of a stay. Allowing the civil action to proceed at this time would create a serious risk of substantially draining resources from the courts and from the Government, inconveniencing witnesses, and interfering with a fair and swift resolution of the Criminal Action.

### 2. Status of the Civil Case

The status of the Civil Actions is also a factor that weighs in favor of a stay. The case is "in its infancy and discovery has not yet begun." *Svistina*, 2022 WL 1658840, at *4. Nor is this case close to trial. *Rothstein*, 2011 WL 2530945, at *2. The fact that the Criminal Action is moving expeditiously towards a resolution (while this case is in its infancy) is an important factor that weighs heavily in favor of a stay.

### 3. Interests of and Burdens on the Plaintiffs

The third factor also weighs in favor of a stay. As noted, the plaintiffs have consented to a stay with respect to the FTX Insiders, so there can be no argument that such a stay would prejudice

11

the plaintiffs. As for the Civil Actions against the other defendants, plaintiffs would be minimally burdened because, as the criminal trial is less than one month away, the proposed stay of discovery would be short-lived. *Svistina*, 2022 WL 1658840, at *4. And because of the overlapping issues between this and the criminal case, witness testimony and relevant documents will be preserved following the resolution of the criminal action. *See, e.g., Whitaker v. Miami-Dade Cnty.*, No. 13-24450-CIV, 2014 WL 12513590, at *3 (S.D. Fla. Apr. 23, 2014) ("Plaintiffs' concerns about witnesses' fading memories and the disappearance are legitimate concerns"); *Kinsey v. Aledda*, No. 16-23330-CIV, 2016 WL 11743154, at *3 (S.D. Fla. Oct. 18, 2016) (voicing identical concerns). Indeed, "staying this case in favor of the criminal proceedings probably will reduce, if not eliminate, the need for discovery in the civil proceedings." *Stockwell v. Hamilton*, 2016 WL 3438108, at *4 (E.D. Mich. June 23, 2016).

### 4. *Interests of and Burden on the Defendants*

Each of the FTX Insider defendants has also consented to a stay, and Bankman-Fried has independently moved for a stay, so there can be no argument that these defendants would be unfairly burdened by a stay. For each of these defendants, who are also defendants and witnesses in the Criminal Action, granting a stay will permit them, for now, to avoid making the choice between, on the one hand, being prejudiced in the Civil Actions by the adverse inference that would result from their assertion of their Fifth Amendment rights, and, on the other, being prejudiced in the Criminal Action if they waive their Fifth Amendment rights and participate in discovery in the Civil Actions. Indeed, even having to answer the FTX Insiders Complaint shortly

before a criminal trial commences would raise serious Fifth Amendment issues, as it would require the criminal defendants to expressly admit or deny a large number of detailed factual allegations.

This issue is especially acute for Bankman-Fried, who is facing trial in the Criminal Action, as he may be required to choose whether to sit for a deposition or assert his Fifth Amendment rights and risk an adverse inference. *Svistina*, 2022 WL 1658840, at *3 ("Courts consider whether a defendant in both a civil and criminal matter is 'forced to choose between waiving his privilege against self-incrimination or losing the civil case in [summary proceedings.]'"). Although defendants Caroline Ellison, Gary Wang, and Nishad Singh have entered guilty pleas in the Criminal Action, they will also face significant burdens if the Complaint as to them is not stayed, as they would be required to prepare responsive pleadings, produce documents, and potentially testify in civil depositions at or near the same time they are to testify at the criminal trial. Moreover, requiring the FTX Insiders to respond to the Complaint and participate in discovery at this stage would circumvent the discovery procedures set forth in Rule 16 of the Federal Rules of Criminal Procedure, a factor that courts have routinely cited as a basis to stay civil proceedings while a criminal proceeding is pending. *See Stockwell v. Hamilton*, 2016 WL 3438108, at *3 (E.D. Mich. June 23, 2016) ("("A stay protects the United States' interest in preventing discovery in the civil case from being used to circumvent the more limited scope of discovery in the criminal proceedings."); *Phillip Morris Inc. v. Heinrich*, No. 95 Civ. 328 (LMM), 1996 WL 363156, at *19 (S.D.N.Y. June 28, 1996) (granting stay motion because of government's justification that if "civil

discovery is not stayed, the criminal investigation will be prejudiced, as the Defendants may have an opportunity to gain evidence to which they are not entitled under criminal discovery rules").

These interests weigh in favor of a stay of discovery in the other civil complaints as well. The groups of defendants named in the other civil complaints would be similarly burdened by allowing discovery in the Civil Actions to proceed against them without a stay. First, each of these groups of defendants is likely to defend themselves, at least in part, by arguing that the FTX Insiders are primarily responsible for the conduct alleged in the Civil Actions, and this defense would require them to seek discovery from the FTX Insiders. Thus, discovery in these Civil Actions would inevitably raise the same issues cited above with respect to the FTX Insiders Complaint. Additionally, the Government anticipates that at least some of the defendants in the Civil Action, or their employees, will be witnesses at the criminal trial. Most notably, the Indictment alleges that investors in FTX were victims of securities fraud perpetrated by Bankman-Fried, and the Government anticipates calling witnesses from several of the venture capital funds that invested in FTX and that are named as defendants in the Civil Actions. It would be burdensome for these witnesses to have to testify in the Criminal Action while also potentially facing depositions in the Civil Actions.

Thus, granting only a stay of the FTX Insiders Complaint is not workable. A full stay of discovery in the Civil Actions is warranted in addition to a full stay of the FTX Insiders Complaint, especially given the short duration of the requested stay.

5.  *Interests of the Public*

The fifth factor also counsels in favor of a stay. There is a public interest in ensuring that members of the public who would serve as witnesses or parties in this action and the criminal case

14

not be put to the expense and inconvenience of being called multiple times to testify regarding these matters. Allowing the criminal case to conclude before discovery proceeds in this matter serves this interest, because the outcome of the parallel criminal case may render the civil discovery unnecessary or streamline it such that witnesses may not be required to testify again. Indeed, the outcome of the parallel criminal action would "narrow the issues in this instant case and, in turn, narrow the scope of discovery and possibly lead the parties to settlement." *Id.* at *5. As such, staying this case in its early stages would also preserve judicial resources. *Id.* at *5 ("This case is in its early stages and, as such, the most effective use of judicial resources is to stay the proceeding pending the outcome of the criminal case."). The public interest thus weighs in favor of the requested stay.

### 6. Interests of the Courts

Considerations of judicial economy also weigh in favor of granting a stay. Issues common to the cases can be resolved in the criminal proceeding, thereby simplifying the civil action. *See SEC v. Contorinis*, No. 09 Civ. 1043 (RJS), 2012 WL 512626, at *2 (S.D.N.Y. Feb. 3, 2012) ("Courts in this district have consistently found that a defendant convicted of securities fraud in a criminal proceeding is collaterally estopped from relitigating the underlying facts in a subsequent civil proceeding"); *LaBianca*, 801 F. Supp. at 1010-11 (recognizing judicial economy as a factor to be considered). Because the Criminal Action's outcome could directly affect the conduct, scope, and result of the Civil Actions, this factor favors the Government's application.

## CONCLUSION

In sum, and as set forth above: there is considerable overlap between the Civil Actions and the Criminal Action; an indictment has been returned in the Criminal Action; there is little, if any,

prejudice to the parties from the requested stay; there is a strong public interest in preventing the civil discovery rules from being used to improperly obtain discovery in the Criminal Action; and judicial economy is ensured from the requested stay. Therefore, the balance of factors overwhelmingly favors the requested stay. Accordingly, the Government respectfully requests that its application to intervene and for a stay be granted in its entirety.

Dated: New York, New York
September 16, 2023

Respectfully submitted,

DAMIAN WILLIAMS
United States Attorney

By:   /s Thane Rehn
Thane Rehn
Danielle Kudla
Samuel Raymond
Nicolas Roos
Danielle R. Sassoon
Assistant United States Attorneys
One Saint Andrew's Plaza
New York, New York 10007