UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MDL No. 3076
CASE NO. 1:23-md-03076-KMM

IN RE:

**FTX Cryptocurrency Exchange Collapse Litigation**

This Document Relates To All Actions
_____/

**DEFENDANT PRAGER METIS CPAS, LLC'S
MOTION TO EXTEND THE COURT'S STAY OF DISCOVERY**

Defendant Prager Metis CPAs, LLC ("Prager Metis") respectfully submits this Motion to Extend the Court's Stay of Discovery in the above-captioned action until the later of (a) a ruling on Prager Metis's forthcoming motion to dismiss, or (b) the expiration of the stay of discovery sought by the U.S. Attorney for the Southern District of New York.

**BACKGROUND**

On August 3, 2023, after consideration of multiple motions to stay discovery, the Court ordered "that all outstanding discovery proceedings are STAYED and no further discovery shall be initiated until *at least* September 19, 2023 to allow Plaintiffs to prepare their Amended Complaints and for Defendants to prepare their answers or responses." Dkt. 152 (emphasis added). According to the Order, this stay does not automatically expire on September 19, 2023. Instead, as of that date, "the Parties are permitted to move either to reopen discovery or for an extension of the stay of discovery." *Id*.

In the weeks since the Court first stayed discovery, Plaintiffs filed a consolidated complaint against Prager Metis and Armanino LLP on August 7, 2023. Dkt. 158. Per the Court's Order dated June 21, 2023, Prager Metis and Armanino will file their joint motion to dismiss on September 21. Dkt. 61. Briefing will ensue until at least October 12. *See* L.R. 7.1(c).

1

While Prager Metis and Armanino, and the other defendants, engage in motion to dismiss briefing with Plaintiffs, Defendant Sam Bankman-Fried will stand trial on fraud and money laundering charges in the Southern District of New York. His trial is set to begin on October 3, 2023. Dkt. 247 at 1. In light of the Fifth Amendment Concerns raised by this parallel proceeding, Mr. Bankman-Fried moved on September 11, 2023 to "stay this civil proceeding as to the claims against and discovery from Mr. Bankman-Fried pending the conclusion of the criminal proceedings against him." Dkt. 241 at 6. Plaintiffs previously informed the Court that they did not oppose such a temporary stay of discovery as to Mr. Bankman-Fried. Tr. of Jun. 21, 2023 hearing at 25–27. On September 16, 2023, the U.S. Attorney for the Southern District of New York moved to stay discovery in this civil action altogether for the duration of Mr. Bankman-Fried's criminal proceedings, reasoning "[t]here is no reasonable way to disentangle the factual and legal issues presented in the FTX Insiders Complaint, which all parties agree should be stayed, from the factual and legal issues raised by the other Complaints. Allowing discovery to commence in the other Complaints would inevitably raise the same issues raised by the FTX Insiders Complaint and would have the same potential to impact the Criminal Action." Dkt. 247 at 2. Prior to filing the motion, the U.S. Attorney's office attempted to confer with all defendants in the civil action, and all those who responded with a position indicated that they consented to the stay. *Id.* at 2.

Until this Court renders decisions on Prager Metis and Armanino's joint motion to dismiss and any stay of discovery sought by the U.S. Attorney's motion expires, fair and proportional discovery will remain impossible for the reasons described herein. Prager Metis therefore moves to extend the Court's Stay of Discovery until the later of those two events.

**LEGAL STANDARD**

"Matters pertaining to discovery are committed to the sound discretion of the district court." *Patterson v. United States Postal Serv.*, 901 F.2d 927, 929 (11th Cir. 1990). As such, courts possess "broad discretion to stay proceedings as an incident to [their] power to control [their] own docket." *Clinton v. Jones*, 520 U.S. 681, 706 (1997). Fittingly, the standard for granting requests to stay discovery is broad: "A stay of discovery is appropriate where the movant shows good cause and reasonableness. A court may find good cause and reasonableness to stay discovery when the resolution of a preliminary motion may dispose of the entire action, and the plaintiff propounds expansive discovery requests." *Allendorf v. Harbor Am. E., Inc.*, No. 23-CV-80141, 2023 WL 3172023, at *1 (S.D. Fla. Mar. 30, 2023) (internal quotations and citations omitted) (emphasis added). Critically, the Eleventh Circuit admonishes that "[d]iscovery should follow the filing of a *well-pleaded* complaint. It is not a device to enable a plaintiff to make a case when his complaint has failed to state a claim." *Chudasama v. Mazda Motor Corp.*, 123 F.3d 1353, 1367 (11th Cir. 1997) (internal citations omitted) (emphasis added). As it is the role of the Court to determine whether the complaint is well-pleaded, "**neither the parties nor the court have any need for discovery before the court rules on the motion [to dismiss]**" and "[f]acial challenges to the legal sufficiency of a claim or defense, such as a motion to dismiss based on failure to state a claim for relief, should . . . be **resolved before discovery begins**." *Id.* (emphasis added).

Fittingly, courts in the Eleventh Circuit are especially reluctant to permit early discovery in complex multidistrict class actions where discovery "has the potential to consume vast resources." *See In re Mednax Servs., Inc., Customer Data Sec. Breach Litig.*, No. 21-md-02994, 2021 WL 10428229, at *2 (S.D. Fla. Oct. 9, 2021) (staying MDL discovery pending ruling on motion to dismiss); *In re Managed Care Litig.*, No. 00-1334-MD, 2001 WL 664391 at *3 (S.D. Fla. June 12, 2001) (same).

3

Courts in the Eleventh Circuit and elsewhere similarly find good cause and reasonableness to stay discovery where one of several codefendants refuses to participate in civil discovery during the pendency of a parallel criminal proceeding on the basis of the Fifth Amendment. *See, e.g., Young v. Miami-Dade Cnty.*, 217 F. Supp. 3d 1353, 1355 (S.D. Fla. 2016) (staying civil discovery in section 1983 case pending a related criminal investigation to prevent "forc[ing defendant county] to proceed without perhaps the most probative evidence at issue in the case—the eyewitness accounts of the officers and witnesses involved in the disputed incident"); *Ruszczyk as Tr. for Ruszczyk v. Noor*, 349 F. Supp. 3d 754 (D. Minn. 2018) (staying civil discovery pending resolution of one defendant's related criminal prosecution, reasoning that the criminal action prejudiced civil co-defendants, who were inhibited from conducting discovery into their own liability).

## ARGUMENT

### I. Discovery Cannot Be Reasonably Tailored to Valid Claims Until the Court Rules on Forthcoming Motions to Dismiss

In deciding whether to stay discovery through the pendency of motion to dismiss briefing, it is "necessary for the Court to take a preliminary peek at the merits of the motion to dismiss to see if it appears to be clearly meritorious and truly case dispositive." *Feldman*, 176 F.R.D at 652 (internal citations omitted). As Armanino and Prager Metis will demonstrate in their forthcoming motion to dismiss, the Complaint against the auditors is wholly meritless and should be dismissed with prejudice. Until Armanino and Prager Metis serve their motion, however, this Court will not yet have anything at which to "peek." Additionally, the Court may wish to consider response and reply briefing in its analysis and should not, therefore, permit discovery to resume until it has done so. Only once the Court rules on motions to dismiss will the parties know which legally valid claims, if any, are at issue in this matter and which discovery requests, if any, are relevant or

proportional to the needs of the case. *See Chudasama*, 123 F.3d at 1367 "[f]acial challenges to the legal sufficiency of a claim or defense, such as a motion to dismiss based on failure to state a claim for relief, should . . . be resolved before discovery begins"); *see also* Fed. R. Civ. P. 26(b)(1) (requiring discovery be "relevant to any party's claim or defense and proportional to the needs of the case"). Because proportional discovery is impossible at this early juncture, Prager Metis respectfully requests that the Court extend the discovery stay until it rules on Prager Metis's forthcoming motion to dismiss.

## II. Mr. Bankman-Fried's Pending Criminal Trial Inhibits Defensive Discovery Available to MDL Defendants

Under Plaintiffs' theory, Sam Bankman-Fried was not only the face of FTX, but he was also the linchpin of its supposed frauds. *See* Dkt. 158 at ¶ 250 (claiming Mr. Bankman-Fried and his "inner circle" were "the brain trust of FTX and the architects of the FTX fraud"). Mr. Bankman-Fried is therefore both the central defendant and the key witness in this multidistrict action. The evidence he and other FTX Insiders eventually produce will be highly probative of the liability (or lack thereof) of all his co-defendants, including Prager Metis. Indeed, recognizing the significant overlap in facts and legal issues between Mr. Bankman Fried's criminal trial and the MDL, the U.S. Attorney for the Southern District of New York has already sought a stay of discovery in the MDL as to all litigants until Mr. Bankman-Fried's criminal trial concludes. *See* Dkt. 247.

Mr. Bankman-Fried will not be producing any discovery or providing any testimony in this case until his criminal trial has concluded. *See* Dkt. 241. With Mr. Bankman-Fried and his fellow FTX Insiders sitting out discovery for the duration of the criminal trial, reopening discovery as to the other MDL litigants would unfairly prejudice participating defendants including Prager Metis. Absent an extension of the stay, Prager Metis would be forced to divulge its commercially sensitive information while being prevented from defensively discovering exculpatory information from

5

Mr. Bankman-Fried and the FTX Insiders. Courts are understandably reluctant to compel defendants to endure the burdens of discovery with such a competitive disadvantage. *See, e.g., Young*, 217 F. Supp. 3d at 1355 (staying civil discovery in section 1983 case pending a related criminal investigation to prevent "forc[ing defendant county] to proceed without perhaps the most probative evidence at issue in the case—the eyewitness accounts of the officers and witnesses involved in the disputed incident"); *Ruszczyk*, 349 F. Supp. 3d 754 (staying civil discovery pending resolution of one defendant's related criminal prosecution, reasoning that the criminal action prejudiced civil co-defendants, who were inhibited from conducting discovery into their own liability). If discovery were reopened at this time, not only would Prager Metis endure the familiar burdens of discovery with one hand tied behind its back, but these burdens will also inevitably be multiplied after Mr. Bankman-Fried completes his trial and begins participating in civil discovery. At that time, Plaintiffs will surely wish to circle-back to Prager Metis for further discovery based on what they learn from Mr. Bankman-Fried and his associates.

For discovery to be finite and fair to all parties, this Court should extend the discovery stay until Mr. Bankman-Fried's trial has concluded and all litigants are able to conduct discovery simultaneously on a level playing field.

### III. The Stay Extension Sought is Modest in Scope and Will Not Prejudice Plaintiffs

Both Mr. Bankman-Fried's criminal trial and briefing on motions to dismiss are likely to be completed later this autumn. By modestly extending the discovery stay, the Court can prevent prejudice to and relieve burden upon Prager Metis and other defendants without unduly delaying the MDL or inconveniencing Plaintiffs. During this time, Plaintiffs will have access to extensive relevant information, including the emerging voluminous records from FTX's bankruptcy case and Mr. Bankman-Fried's criminal trial. All parties will also remain engaged in the merits of this case

through Rule 12(b)(6) briefing, which will not itself require fact discovery as the questions it involves are likely to be purely legal in nature.

Following this finite extension of the discovery stay, Plaintiffs will be free to proceed with discovery as to Mr. Bankman-Fried and the FTX Insiders, which will naturally inform and direct their discovery as to other parties and witnesses, including Prager Metis. They will do so with the added benefit of having observed multiple FTX Insiders testify about relevant facts at Mr. Bankman-Fried's criminal trial. FTX will still exist in a more advanced state of bankruptcy proceedings, and no relevant documents or witnesses will have disappeared. With a stronger informational base at the beginning of formal discovery and a field of relevancy defined by the Court's ruling on 12(b)(6) motions, all parties will be able to streamline and focus their fact-gathering, yielding a swift and just resolution to an otherwise complex action.

## **CONCLUSION**

For the foregoing reasons, Prager Metis respectfully requests that the Court extend its Stay of Discovery until the later of (a) a ruling on Prager Metis's forthcoming motion to dismiss, or (b) the expiration of the stay of discovery sought by the U.S. Attorney.

## CERTIFICATE OF GOOD FAITH CONFERENCE

Pursuant to Local Rule 7.1, the undersigned counsel has conferred with counsel for the Plaintiffs in a good faith effort to resolve the issues presented by this Motion. The parties were unable to resolve the issues.

Dated: September 19, 2023

Respectfully submitted,

*/s/ Ian M. Ross*
Ian M. Ross, Esq.
Florida Bar No.: 91214
iross@sidley.com
SIDLEY AUSTIN LLP
1001 Brickell Bay Drive
Suite 900
Miami, FL 33131
Tel.: (305) 391-5100
Fax: (305) 391-5101

Bruce R. Braun (*pro hac vice*)
bbraun@sidley.com
Joanna R. Travalini (*pro hac vice*)
jtravalini@sidley.com
Tommy Hoyt (*pro hac vice*)
thoyt@sidley.com
SIDLEY AUSTIN LLP
One South Dearborn Street
Chicago, IL 60603
Tel.: (312) 853 7050
Fax: (312) 853 7036

*Counsel for Defendant Prager Metis CPAs, LLC*

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on this 19th day of September, 2023, I e-filed the foregoing document using the Court's CM/ECF system, which will send a notice of electronic filing to all counsel of record.

*/s/ Ian M. Ross*
Ian M. Ross, Esq.