UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 1:23-md-03076-KMM

IN RE:

FTX CRYPTOCURRENCY EXCHANGE
COLLAPSE LITIGATION

THIS DOCUMENT RELATES TO:

Bank Defendants

## DEFENDANT MOONSTONE BANK'S MOTION TO DISMISS PLAINTIFFS' ADMINISTRATIVE CLASS ACTION COMPLAINT AND INCORPORATED MEMORANDUM OF LAW

## TABLE OF CONTENTS

I.      INTRODUCTION ........................................................................................................1

II.     APPLICABLE LEGAL STANDARDS ....................................................................4

        a.      Dismissal For Failure To State A Claim ....................................................4

        b.      Dismissal For Lack Of Personal Jurisdiction ............................................4

III.    ALL CLAIMS AGAINST MOONSTONE FAIL AND SHOULD BE DISMISSED ........5

        a.      Plaintiffs Fail To Allege That Moonstone Was Unjustly Enriched (Count V) ........5

                i.      Plaintiffs Fail To Adequately Allege Benefits Conferred ............................6

                ii.     Plaintiffs Fail To Allege Direct Conferral of Any Benefits ........................7

                iii.    Plaintiffs Fail To Allege Lack Of Or Inadequacy Of Consideration ..........8

        b.      Plaintiffs Fail To Allege That Moonstone Aided And Abetted Fraud, Breach Of
                Fiduciary Duty, Or Conversion  (Counts II, III, and IV) .......................................9

                i.      Plaintiffs Fail To Allege Actual Knowledge ...............................................10

                ii.     Plaintiffs Fail To Adequately Allege Substantial Assistance ...................14

        c.      Plaintiffs Fail To Allege A Civil Conspiracy (Count I) ........................................15

                i.      Plaintiffs Fail To State A Claim For Any Underlying Tort ......................15

                ii.     Plaintiffs Fail To Plausibly Plead Any Agreement By Moonstone ..........16

IV.     FLORIDA LACKS PERSONAL JURISDICTION OVER MOONSTONE,
        COMPELLING DISMISSAL OF THE FLORIDA ACTION WITH PREJUDICE .........17

V.      CONCLUSION ........................................................................................................20

CERTIFICATE OF CONFERENCE ..........................................................................................20

# TABLE OF AUTHORITIES

Page(s)

**CASES**

*Am. Dental Assoc. v. Cigna Corp.*,
605 F.3d 1283 (11th Cir. 2010) ................................................................. 4

*Am. Safety Ins. Serv., Inc. v. Griggs*,
959 So. 2d 322 (Fla. 5th DCA 2007) ........................................................ 7

*Angell v. Allergan Sales, LLC*,
No. 3:18-CV-282-J-34JBT, 2019 WL 3958262 (M.D. Fla. Aug. 22, 2019) ....... 9, 10, 13, 13-14

*Apex Toxicology, LLC v. United HealthCare Servs.*,
2020 WL 13551299 (S.D. Fla. July 7, 2020) ........................................... 17

*Asencio v. Wells Fargo Bank, N.A.*,
905 F. Supp. 2d 1279 (M.D. Fla. 2012) ................................................... 9

*Ashcroft v. Iqbal*,
556 U.S. 662 (2009) ................................................................... 4, 17

*Ass'n of Washington Pub. Hosp. Districts v. Philip Morris Inc.*,
79 F. Supp. 2d 1219 (W.D. Wash. 1999) ................................................. 7-8

*Baptista v. JPMorgan Chase Bank, N.A.*,
640 F.3d 1194 (11th Cir. 2011) ................................................................

*Basulto v. Netflix, Inc.*,
No. 22-21796-CIV, 2023 WL 4014741, at *9 (S.D. Fla. May 25, 2023) ........................ 18 n.11

*Bell Atl. Corp. v. Twombly*,
550 U.S. 544 (2007) ................................................................. 4

*CFLB P'ship, LLC v. Diamond Blue Int'l, Inc.*,
352 So. 3d 357 (Fla. 3d DCA 2022) ................................................ 7 n.7

*Chem. Bank v. Washington Pub. Power Supply Sys.*,
102 Wash. 2d 874, 691 P.2d 524 (1984) ................................................ 7

*Combe v. Flocar Inv. Grp. Corp.*,
977 F. Supp. 2d 1301 (S.D. Fla. 2013) ................................................ 4

*Ferrie v. Woodford Rsch., LLC*,
No. 3:19-CV-05798-RBL, 2020 WL 3971343 (W.D. Wash. July 14, 2020) ................. 6, 6 n.5

ii

*Fla. Power Corp. v. City of Winter Park*,
   887 So. 2d 1237 (Fla. 2004) ............................................................................... 5

*Frame-Wilson v. Amazon.com, Inc.*,
   591 F. Supp. 3d 975 (W.D. Wash. 2022) ..................................................... 6-7

*Future Tech. Today, Inc. v. OSF Healthcare Sys.*,
   218 F.3d 1247 (11th Cir. 2000) ....................................................................... 4

*Gossen v. JPMorgan Chase Bank*,
   819 F. Supp. 2d 1162 (W.D. Wash. 2011) ............................................. 15-16

*Groom v. Bank of Am.*,
   No. 8:08-cv-2567-JDW-EAJ, 2012 WL 50250 (M. D. Fla. Jan. 9, 2012) .................... 14-15, 15

*Honig v. Kornfeld*,
   339 F. Supp. 3d 1323 (S.D. Fla. 2018) ......................................... 10 n.9, 13, 16 n.10

*In re Consol. Meridian Funds*,
   485 B.R. 604 (Bankr. W.D. Wash. 2013) .......................................... *passim*

*Isaiah v. JPMorgan Chase Bank, N.A.*,
   No. 16-CIV-21771, 2017 WL 5514370 (S.D. Fla. Nov. 15, 2017) .................... 12-13

*Kopel v. Kopel*,
   229 So. 3d 812 (Fla. 2017) ............................................................................... 7

*Lawrence v. Bank of America, N.A.*,
   455 F. App'x 904 (11th Cir. 2012) ................................................. 10, 11, 13

*Lawrence v. Bank of America, N.A.*,
   2010 WL 3467501 (M.D. Fla. Aug. 30, 2010) .......................................... 10, 15

*L.S. ex rel. Hernandez v. Peterson*,
   982 F.3d 1323, 1332 (11th Cir. 2020) ......................................................... 8, 18

*Lynch v. Deaconess Med. Ctr.*,
   113 Wash. 2d 162, 776 P.2d 681 (1989) ........................................................ 9

*Merchant One, Inc. v. TLO, Inc.*,
   2020 WL 248608 (S.D. Fla. Jan. 16, 2020) ................................................ 15

*NHB Advisors, Inc. v. Czyzyk*,
   95 So. 3d 444 (Fla. 4th DCA 2012) ............................................................. 19

iii

*Norton v. U.S. Bank Nat. Assoc.*,

    No. 74058-0-I, 197 Wash. App. 1074 (2017) ......................................................... 14

*Omnipol, A.S. v. Multinational Def. Servs., LLC*,

    32 F.4th 1298 (11th Cir. 2022)..................................................................... 6 n.5

*Oueiss v. Saud*,

    No. 1:20-CV-25022-KMM, 2022 WL 1311114 (S.D. Fla. Mar. 29, 2022)............................ 17

*Parisi v. Kingston*,

    314 So. 3d 656 (Fla. 3d DCA 2021) .................................................... 4, 17, 18 n.11

*Peoples Nat. Bank of Commerce v. First Union Nat. Bank of Fla., N.A.*,

    667 So. 2d 876 (Fla. 3d DCA 1996) ............................................................ 7 n.7

*Pearson v. Deutsche Bank AG*

    No. 21-CV-22437, 2022 WL 951316, at *8 (S.D. Fla. Mar. 30, 2022) .................................. 11

*Perlman v. Wells Fargo Bank, N.A.*,

    559 F. App'x 988 (11th Cir. 2014)............................................................ 9, 10, 11, 12

*Philip Morris USA, Inc. v. Russo*,

    175 So. 3d 681 (Fla. 2015)..................................................................... 16

*Posner v. Essex Ins. Co., Ltd.*,

    178 F.3d 1209 (11th Cir. 1999)................................................................. 5

*Sport & Wheat, CPA, PA v. ServisFirst Bank, Inc.*,

    479 F. Supp. 3d 1247 (N.D. Fla. Aug. 17, 2020) ............................................... 7 n.7

*Steven L. Steward & Assocs., P.A. v. Truist Bank*,

    No. 620CV1083ORL40GJK, 2020 WL 5939150 (M.D. Fla. Oct. 6, 2020)............................. 7

*Venetian Salami Co. v. Parthenais*,

    554 So. 2d 499 (Fla. 1989) .................................................................... 4

*Vibo Corp. v. U.S. Flue-Cured Tobacco Growers*,

    762 F. App'x 703 (11th Cir. 2019)............................................................... 5

*Virgilio v. Ryland Grp., Inc.*,

    680 F.3d 1329 (11th Cir. 2012).................................................................. 7

*Wang v. Revere Cap. Mgmt., LLC*,

    No. 22-CV-80884, 2023 WL 2198570 (S.D. Fla. Feb. 15, 2023)................................. 7 n.7

*Wash. Constr., Inc. v. Sterling Sav. Bank*,
   163 Wash.App. 1027, 2011 WL 4043579 (Sept. 13, 2011) ..................................................... 10

*Wiand v. Wells Fargo Bank, N.A.*,
   938 F. Supp. 2d 1238 (M.D. Fla. 2013) ............................................................ 9, 11, 11 n.9, 12

*Wilding v. DNC Servs. Corp.*,
   941 F.3d 1116 (11th Cir. 2019) ................................................................................................. 5

*Wilson v. State*,
   84 Wash. App. 332, 929 P.2d 448 (1996) ................................................................................ 16

*World Class Yachts, Inc. v. Murphy*,
   731 So. 2d 798 (Fla. 4th DCA 1999) ........................................................................... 18, 19 n.13

*Young v. Young*,
   164 Wash. 2d 477, 191 P.3d 1258 (2008) ................................................................................. 5

## STATUTES

Florida Statutes § 48.193(1)(a)2 ........................................................................................... 18 n.11

## RULES

FED. R. CIV. P. 8(a)(2) ............................................................................................................... 4

FED. R. CIV. P. 9(b) .................................................................................................................... 4

FED. R. CIV. P. 12(b)(6) .............................................................................................................. 4

In light of fatal pleading defects under Federal Rule of Civil Procedure 12, Defendant Farmington State Bank d/b/a Moonstone Bank ("Moonstone") hereby moves to dismiss with prejudice Plaintiffs' Administrative Class Action Complaint And Demand For Jury Trial [ECF 155 (the "Complaint" or "AC")], for failure to state a claim and lack of personal jurisdiction, as supported in the following memorandum of law.

## I.    INTRODUCTION

The collapse of FTX may well end up as the most extensive fraud in American history leading to historical and monumental losses for Plaintiffs and others. But that cannot mean that every bank or company that had contact with FTX prior to its collapse was involved in the fraud, knew about the fraud, or somehow should share in repaying Plaintiffs. Plaintiffs' allegations against Moonstone are nothing more than a transparent attempt to expand their sources of recovery outside of the bankrupt FTX Group. This is made painfully obvious by the Complaint's vague and conclusory assertions about Moonstone that fail on every level. Even their embellished narrative fails to allege anything more than Moonstone "*must have*" or "*would have*" known about FTX's alleged fraud, which is fatally insufficient under the law. When stripped down to the non-conclusory allegations about Moonstone, which is specifically named in just 21 of its 359 paragraphs, the Complaint contains no facts to show any wrongdoing by Moonstone, any basis for joint liability with FTX, or any entitlement to relief by Plaintiffs. Frankly, Moonstone's inclusion in this lawsuit borders frivolous.

In February 2023, Connor O'Keefe ("O'Keefe"), filed a putative class action in the United States District Court for the Southern District of Florida against 18 defendants, including Moonstone, Deltec Bank & Trust Co. ("Deltec"), and Jean Chalopin ("Mr. Chalopin"), casting them as co-conspirators or aiders of FTX's alleged fraud. Case No. 1:23-cv-20700-KMM, ECF 1

("Florida Action"). After Moonstone indicated that it would contest personal jurisdiction in Florida, O'Keefe filed an identical suit in July 2023 in the United States District Court for the Eastern District of Washington. Case No. 2:23-cv-00213-TOR, ECF 1 ("Washington Action").[1]

On June 6, 2023, multidistrict litigation was authorized for the numerous actions arising out of the collapse of the FTX cryptocurrency exchange, and all were transferred to the Southern District of Florida for consolidated pretrial proceedings (the "MDL"). *See* ECF 1. The Florida and Washington Actions—the only such actions to name Moonstone as a defendant—were then transferred to the MDL. *See* ECF 4, 61, 176.[2] Because Plaintiffs unexplainably refuse to dismiss the first-filed, duplicative Florida complaint, Moonstone moves to dismiss all claims under both Florida and Washington law, and the Florida Complaint for lack of personal jurisdiction.

According to Plaintiffs' allegations, Moonstone was a state-charted bank and member of the Federal Reserve Bank.[3] AC, ¶ 13.  The Complaint alleges that Mr. Chalopin purchased Moonstone in 2020 and became its CEO and Chairman.[4] *Id.* at ¶ 31, 306. Mr. Chalopin also serves as the Chairman of Deltec, a fully licensed and regulated foreign bank in the Bahamas. *Id.* at ¶ 29, 31. In 2022, Alameda invested capital in Moonstone and Moonstone provided banking services to FTX. *Id.* at ¶¶ 305, 313.  Apparently imputing some non-specific and vague knowledge of Mr.

---

[1] O'Keefe is the only named plaintiff in the Florida and Washington Actions.

[2] References herein to ECF docket entry numbers refer to filings in the instant MDL, Case No. 23-md-03076-KMM, unless otherwise proceeded by a different case number.

[3] Moonstone is no longer a bank. On August 31, 2023, the Bank of Eastern Oregon purchased all of Moonstone's loans and assumed all of its deposits. The same day, Moonstone voluntarily relinquished its authority to function as a bank. Moonstone will be converting the existing bank charter to a Washington business corporation; the articles of conversion have been approved by the Washington Bank Commissioner and the Federal Reserve is expected to have no objection. Once the articles are filed, the entity will take all steps to dissolve.

[4] Although this allegation—on which Plaintiffs heavily rely to try to impute knowledge to Moonstone—must be assumed true on a motion to dismiss, this is false; Mr. Chalopin has never been CEO or Chairman of Moonstone.

Chalopin on Moonstone, from these banking services Plaintiffs boldly assert that Moonstone should pay for FTX's fraud.

Plaintiffs argue, in anecdotal fashion over a handful of paragraphs, that Moonstone "would have" known about FTX's alleged fraud, *see id.* at ¶¶ 305-312, and therefore must be made equally liable for their losses, *see id.* at ¶ 316. The Complaint makes obvious, though, that there is no basis for pleading Moonstone's involvement in any fraud. The Complaint nowhere states when and where such knowledge was acquired, or from whom it was acquired. In addition, beyond boldly including Moonstone in a conspiracy, there are no details regarding when and where such conspiracy was formed, or with whom Moonstone even agreed to conspire. This is all because Moonstone had no actual knowledge of the alleged FTX fraud and had absolutely nothing to do with FTX's collapse.

Knowing that the Complaint fails even remotely to plead aiding and abetting or a conspiracy claim, Plaintiffs have haphazardly added a claim of unjust enrichment. This claim likewise fails for several reasons, chief among them that the Plaintiffs conferred no benefit on Moonstone for which it could have been unjustly enriched.

As established herein, Plaintiffs' allegations are conflated and conclusory, and must be dismissed for failing to state any claim against Moonstone. Indeed, because Plaintiffs' allegations reveal that it would be futile to permit yet another pleading attempt, the claims against Moonstone should be dismissed with prejudice. Moreover, because the Complaint fails to show any connections between Moonstone and Florida and no claim for civil conspiracy can be stated against Moonstone, the Southern District of Florida also lacks personal jurisdiction over Moonstone in the Florida Action.

## II.     APPLICABLE LEGAL STANDARDS

### a.     Dismissal For Failure to State A Claim

To withstand a motion to dismiss under FED. R. CIV. P. 12(b)(6), a complaint must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." FED. R. CIV. P. 8(a)(2). A court must accept all factual allegations in the complaint as true and view the facts in a light most favorable to the plaintiff, but labels and conclusions in a pleading "are not entitled to the assumption of truth." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). Nor can a complaint rest on "naked assertion[s]" devoid of "further factual enhancement." *Id.* at 557. It must contain sufficient factual matter to state a claim for relief that is "plausible on its face," not just show a "mere possibility of misconduct." *Ashcroft v. Iqbal*, 556 U.S. 662, 678, 679 (2009) (internal quotations omitted); *Am. Dental Assoc. v. Cigna Corp.*, 605 F.3d 1283, 1288-90 (11th Cir. 2010).

Moreover, where, as here, there are allegations of fraud, the pleading is also subject to a heightening standard that requires a party to "state with particularity the circumstances constituting fraud or mistake." FED. R. CIV. P. 9(b). Pursuant to Rule 9(b), a pleading should set out with particularity the who, what, when, where, and how of the fraud. *Combe v. Flocar Inv. Grp. Corp.*, 977 F. Supp. 2d 1301, 1306 (S.D. Fla. 2013).

### b.     Dismissal For Lack Of Personal Jurisdiction

It is a plaintiff's burden to plead sufficient material facts in the complaint to establish a basis for the exercise of personal jurisdiction under either the long-arm statute or the Due Process Clause. *See Future Tech. Today, Inc. v. OSF Healthcare Sys.*, 218 F.3d 1247, 1249 (11th Cir. 2000); *Parisi v. Kingston*, 314 So. 3d 656, 660-61 (Fla. 3d DCA 2021). Florida courts utilize a two-step analysis to determine whether personal jurisdiction, whether general or specific, can be properly exercised over a non-resident defendant such as Moonstone. *See Venetian Salami Co. v. Parthenais*, 554 So. 2d 499, 502 (Fla. 1989). First, the allegations in the complaint must bring the

4

action within Florida's long-arm statute. If they do, the court must determine whether sufficient "minimum contacts" exist between Florida and the non-resident defendant to satisfy constitutional due process. "A court without personal jurisdiction is powerless to take further action." *Posner v. Essex Ins. Co., Ltd.*, 178 F.3d 1209, 1214 n.6 (11th Cir. 1999).

## III.    ALL CLAIMS AGAINST MOONSTONE FAIL AND SHOULD BE DISMISSED

When this prolix pleading is boiled down to the factual allegations pertinent to Moonstone, the Complaint fails to sufficiently state any entitlement to relief against Moonstone. Because the survival of its Count I for civil conspiracy—and the assertion of personal jurisdiction over Moonstone premised thereon—depends on whether an underlying tort claim has been adequately stated, Moonstone starts with these deficient claims first.

### a.    Plaintiffs Fail To Allege That Moonstone Was Unjustly Enriched (Count V)

Plaintiffs fail to make a case for invoking the quasi-contractual legal fiction of unjust enrichment against Moonstone. *See Young v. Young*, 164 Wash. 2d 477, 484, 191 P.3d 1258, 1262 (2008) ("Unjust enrichment is the method of recovery for the value of the benefit retained absent any contractual relationship because notions of fairness and justice require it."); *Wilding v. DNC Servs. Corp.*, 941 F.3d 1116, 1129 (11th Cir. 2019) (citation omitted). To state such a claim under Florida or Washington law, Plaintiffs must allege (1) Plaintiffs conferred a benefit upon Moonstone, who has knowledge of that benefit; (2) Moonstone accepted and retains the conferred benefit; and (3) under the circumstances, it would be inequitable for Moonstone to retain the benefit without paying for it. *Vibo Corp. v. U.S. Flue-Cured Tobacco Growers*, 762 F. App'x 703, 705 (11th Cir. 2019) (quoting *Fito v. Attorneys' Title Ins. Fund, Inc.*, 83 So. 3d 755, 758 (Fla. 3d DCA 2011)); *Fla. Power Corp. v. City of Winter Park*, 887 So. 2d 1237, 1242 n.4 (Fla. 2004); *see also Ferrie v. Woodford Rsch., LLC*, No. 3:19-CV-05798-RBL, 2020 WL 3971343, at *13 (W.D.

Wash. July 14, 2020) (quoting *Young*, 191 P.3d at 1262). The Complaint fails to sufficiently allege the benefits supposedly conferred, that they were directly conferred by Plaintiffs, or that Moonstone's retention of compensation for its banking services is legally inequitable.[5]

### i.   Plaintiffs Fail To Adequately Allege Benefits Conferred

Plaintiffs fail to satisfy the first element because they have not plausibly alleged what, if any, "benefits" they claim to have conferred on Moonstone. AC, ¶ 356. While they allege Moonstone acquired "revenues derived from Plaintiffs' and other class members' funding and use of the FTX Platform," *id.* at ¶ 357, the Complaint contains no facts purporting to link the FTX Platform (which was operated by FTX Group) to Moonstone or to describe how Moonstone was deriving revenue from Plaintiffs' use of it.[6] *See Frame-Wilson v. Amazon.com, Inc.*, 591 F. Supp. 3d 975, 994-95 (W.D. Wash. 2022), recon. denied, 2022 WL 4240826 (W.D. Wash. Aug. 2, 2022) (dismissing claim "[b]ecause Plaintiffs allege no facts consistent with the claim that they conferred a benefit to Amazon"). This is fatal.

---

[5] Courts applying Florida and Washington law have recently reiterated that the particularity requirements of Rule 9(b) apply to "a claim for unjust enrichment grounded in fraud." *Omnipol, A.S. v. Multinational Def. Servs., LLC*, 32 F.4th 1298, 1308 (11th Cir. 2022); *Ferrie*, 2020 WL 3971343, at *13 (finding, upon alleged cryptocurrency fraud, that plaintiff's "unjust enrichment claim depends on his allegations of intentional concealment of information to establish unjust circumstances; Rule 9(b) therefore applies"). Hence, because it lacks the "key details" of the who, what, when, where, and how of the allegedly fraudulent behavior, the Complaint is unable to make out a claim for unjust enrichment that meets Rule 9(b)'s heightened standard. *Id.* As in *Omnipol* and *Ferrie*, the Plaintiffs present the unjust enrichment claim as grounded in fraud yet the Complaint is silent as to the most basic details of any fraud-based enrichment, such as when Plaintiffs transferred benefits to the FTX Platform, or when and how Plaintiffs' funding and use of the FTX Platform led to Moonstone "deriving revenue" therefrom. *See Omnipol* at 1308; *Ferrie* at *13. Regardless, Moonstone submits that the Court need not reach that issue because the Complaint fails even to meet the lower threshold of Rule 8(a)'s plausibility standards and must be dismissed accordingly.

[6] The "'FTX Platform' refers to FTX's mobile application and/or web-based cryptocurrency investment service that places cryptocurrency trade orders on behalf of users" that was allegedly maintained by FTX Group. AC, 5.

ii.     Plaintiffs Fail To Allege Direct Conferral Of Any Benefits

Instead, Plaintiffs appear to try to meet the first element based on Plaintiffs' ***indirect***

***conferral*** of supposed benefits on Moonstone. The Florida Supreme Court has unambiguously

stated that "to prevail on an unjust enrichment claim, the plaintiff must ***directly*** confer a benefit to

the defendant." *Kopel v. Kopel*, 229 So. 3d 812, 818 (Fla. 2017) (emphasis added). It is well-

established that a plaintiff's indirect conferral of a benefit on defendants is insufficient to satisfy

the conferral requirement. *E.g.*, *Virgilio v. Ryland Grp., Inc.*, 680 F.3d 1329, 1337 (11th Cir. 2012)

(affirming dismissal under Florida law of unjust enrichment claim based on an indirect benefit to

marketing vendor); *Steven L. Steward & Assocs., P.A. v. Truist Bank*, No. 620CV1083ORL40GJK,

2020 WL 5939150, at *2 (M.D. Fla. Oct. 6, 2020) ("While it may be true that Plaintiff's actions

benefitted the [PPP] lender, Plaintiff fails to acknowledge that Florida law requires that the benefit

be a direct one.").[7] The Supreme Court of Washington likewise refused to recognize an indirect

conferral of benefits to obtain relief for unjust enrichment. *Chem. Bank v. Washington Pub. Power*

*Supply Sys.*, 102 Wash. 2d 874, 911, 691 P.2d 524, 545 (1984); accord *Ass'n of Washington Pub.*

*Hosp. Districts v. Philip Morris Inc.*, 79 F. Supp. 2d 1219, 1229 (W.D. Wash. 1999), aff'd, 241

F.3d 696 (9th Cir. 2001) (dismissing unjust enrichment claim because defendants were only

---

[7] *See also Wang v. Revere Cap. Mgmt., LLC*, No. 22-CV-80884, 2023 WL 2198570, at *8 (S.D. Fla. Feb. 15, 2023), report & rec. adopted, No. 22-CV-80884-RAR, 2023 WL 2183382 (S.D. Fla. Feb. 22, 2023) (finding no unjust enrichment claim against lender where plaintiffs alleged third parties diverted their money to repay loan by lender); *Sport & Wheat, CPA, PA v. ServisFirst Bank, Inc.*, 479 F. Supp. 3d 1247, 1255 (N.D. Fla. Aug. 17, 2020) (dismissing class-wide unjust enrichment claim by accountants who assisted borrowers in obtaining PPP loans, finding that the benefit received by the defendant banks for making the loans to the borrowers, *i.e.*, loan processing fees, was merely an indirect benefit); *CFLB P'ship, LLC v. Diamond Blue Int'l, Inc.*, 352 So. 3d 357, 359 (Fla. 3d DCA 2022), reh'g denied (Nov. 21, 2022) (benefit conferred on one entity was not a "direct benefit" to a "related entity"); *Am. Safety Ins. Serv., Inc. v. Griggs*, 959 So. 2d 322, 331 (Fla. 5th DCA 2007) (conferral of direct benefit required); *Peoples Nat. Bank of Commerce v. First Union Nat. Bank of Fla., N.A.*, 667 So. 2d 876, 879 (Fla. 3d DCA 1996) (same).

"incidentally benefitted" and thus "the alleged benefits that plaintiffs conferred on the defendants are too indirect and speculative to support its unjust enrichment claim under Washington law").

Here, the failure to allege a direct conferral is fatal to the claim. The Complaint does not allege that Plaintiffs conferred a benefit directly on Moonstone, had any contact with Moonstone, nor that Moonstone owed them any duty. To the contrary, it pleads that they conferred benefits on Moonstone "by depositing funds into and using the ***FTX Platform***" and claims Moonstone's "ill-gotten gains" were "***derived from Plaintiffs' and other class members' funding and use of the FTX Platform***."[8] AC, ¶¶ 356-57 (emphasis added). According to the Complaint, the FTX Platform was operated by FTX Group, not Moonstone, making any benefit "derived" from Plaintiffs' use of the Platform an indirect one. *See id.* at 5. As such, Plaintiffs have not met ***and cannot meet*** the first element, which is both fatal to the claim under Rule 12(b)(6) and also makes further amendment of this claim futile. *See L.S. ex rel. Hernandez v. Peterson*, 982 F.3d 1323, 1332 (11th Cir. 2020) (futility may exist if a prerequisite to relief is belied by the facts pled in the complaint).

      iii.   <u>Plaintiffs Fail To Allege Lack Of Or Inadequacy Of Consideration</u>

In addition, the unjust enrichment claim fails because the Complaint makes clear that Moonstone did, in fact, provide consideration—its banking services—for whatever benefits it supposedly received. The Complaint unambiguously alleges that Moonstone provided banking services to FTX for accounts containing Class Member funds. AC, ¶¶ 313-14 (implying without facts that Moonstone profited from FTX's large deposits into its two customer accounts); *id.* at ¶ 316 (claiming Moonstone provided FTX access to the U.S. banking system and effected transfers

---

[8] Notably, Plaintiffs do not allege that Moonstone retains FTX's alleged bank deposits. Nor could they, as it is public record that the deposits to which Plaintiffs presumably refer were seized by federal authorities in the Southern District of New York. *See* Exhibit A to the United States' Motion to Intervene at 16, Dkt. No. 247-1 (filed Sept. 16, 2023).

from FTX accounts supposedly containing Class Member funds). It does not claim that Moonstone's consideration was inadequate in any way. "When a defendant has given adequate consideration to someone for the benefit conferred, a claim of unjust enrichment fails." *Baptista v. JPMorgan Chase Bank, N.A.*, 640 F.3d 1194, 1198 n.3 (11th Cir. 2011) (quoting *Am. Safety*, 959 So. 2d at 331-32) (dismissing unjust enrichment count against bank based on fee charged where bank provided service in return); *Asencio v. Wells Fargo Bank, N.A.*, 905 F. Supp. 2d 1279, 1281 (M.D. Fla. 2012), aff'd, 520 F. App'x 798 (11th Cir. 2013) (same); *see also Lynch v. Deaconess Med. Ctr.*, 113 Wash. 2d 162, 165, 776 P.2d 681, 683 (1989) (finding the hospital was not *unjustly* enriched because it was owed money for medical services rendered). Accordingly, as their own factual allegations must be taken as true, Plaintiffs cannot state an unjust enrichment claim and the claim must be dismissed with prejudice.

> **b.     Plaintiffs Fail To Allege That Moonstone Aided And Abetted Fraud, Breach Of Fiduciary Duty, Or Conversion (Counts II, III, and IV)**

Because the elements of aiding and abetting are the same with respect to the common law torts of fraud, breach of fiduciary duty, and conversion claims alleged in Counts II, III, and IV, and because these claims share the same pleading defects, Moonstone addresses the grounds for their dismissal together, as the Eleventh Circuit and other courts have done. *E.g., Perlman v. Wells Fargo Bank, N.A.*, 559 F. App'x 988, 993 (11th Cir. 2014); *Angell v. Allergan Sales, LLC*, No. 3:18-CV-282-J-34JBT, 2019 WL 3958262, at *13 (M.D. Fla. Aug. 22, 2019); *Wiand v. Wells Fargo Bank, N.A.*, 938 F. Supp. 2d 1238, 1246-47 (M.D. Fla. 2013); *In re Consol. Meridian Funds*, 485 B.R. 604, 615 (Bankr. W.D. Wash. 2013).

A claim for aiding and abetting requires "(1) an underlying violation on the part of the primary wrongdoer; (2) knowledge of the underlying violation by the alleged aider and abetter; (3) and the rendering of substantial assistance in committing the wrongdoing by the alleged aider and

abettor." *Lawrence v. Bank of America, N.A.*, 455 F. App'x 904, 906 (11th Cir. 2012) ("*Lawrence II*"); *In re Consol. Meridian Funds*, 485 B.R. at 615; *Wash. Constr., Inc. v. Sterling Sav. Bank*, 163 Wash. App. 1027, 2011 WL 4043579, at *10 n.8 (Wash. Ct. App. Sept. 13, 2011). Counts II through IV of the Complaint must be dismissed because they fail to allege Moonstone's actual knowledge (or specific facts that "give rise to a strong inference of actual knowledge") of FTX's alleged underlying wrongdoing or that Moonstone knowingly rendered substantial assistance in the commission of the underlying wrongdoing. *See Lawrence v. Bank of America, N.A.*, 2010 WL 3467501, at *3 (M.D. Fla. Aug. 30, 2010) ("*Lawrence I*").

### i.   Plaintiffs Fail To Allege Actual Knowledge

Plaintiffs fail to make factual allegations that Moonstone actually knew that FTX was perpetrating a fraud on, breaching its fiduciary duties to, or stealing from FTX's customers which is essential to establish the "actual knowledge" element of their aiding and abetting claims. *See Perlman*, 559 F. App'x at 993. The requirement of actual knowledge is not new, but rather "has long been a part of Florida law." *Angell*, 2019 WL 3958262, at *13 (quoting *Wiand*, 938 F. Supp. 2d at 1247) (collecting cases); *see also In re Consol. Meridian Funds*, 485 B.R. at 616 ("Actual knowledge necessarily requires a defendant to reach a conscious decision to participate in tortious activity for the purpose of assisting another in performing a wrongful act."). "[W]hile actual knowledge may be shown by circumstantial evidence, the circumstantial evidence must demonstrate that the aider and abettor *actually knew* of the underlying wrongs committed." *Angell* 2019 WL 3958262, at *13 (emphasis in original) (citing *Perlman*, 559 F. App'x at 993).[9] Thus,

---

[9] *See also Honig v. Kornfeld*, 339 F. Supp. 3d 1323, 1343-44 (S.D. Fla. 2018) ("Florida law requires that a defendant have actual 'knowledge of the underlying fraud or breach of fiduciary duty,' not merely that certain 'red flags' indicate a defendant 'should have known' of the breach." (quoting *Lamm v. State Street Bank & Trust*, 749 F.3d 938, 950 (11th Cir. 2014)); *Wiand*, 938 F. Supp. 2d at 1244 (citing *Aetna Cas. & Sur. Co. v. Leahey Constr. Co., Inc.*, 219 F.3d 519, 536 (6th

allegations like these that demonstrate merely constructive knowledge, recklessness or gross negligence cannot satisfy the "actual knowledge" element of an aiding and abetting claim. *See id.*

More specifically, when *a bank* is accused of aiding and abetting, "the second element—knowledge—will only be satisfied if the plaintiff pleads facts demonstrating that the bank had 'actual knowledge' of the wrongdoings." *Perlman*, 559 F. App'x at 993. Merely alleging a series of "red flags" is not enough to state a claim. *Id.* In analyzing similar claims of aiding and abetting Ponzi schemes, Florida courts have rejected the theory that a bank aided and abetted a primary tortfeasor—a customer—merely by continuing to do business with the customer despite the customer engaging in suspicious conduct. *See, e.g., id.* at 992-96; *Lawrence II*, 455 F. App'x at 906-07; *Wiand*, 938 F. Supp. 2d at 1244-45; *In re Consol. Meridian Funds*, 485 B.R. at 617 (explaining that pleading actual knowledge, even under a "general awareness" standard, still requires some factual allegation that the bank essentially knew that its customer was engaged in a Ponzi scheme or breached his fiduciary obligations and consciously looked the other way). It is only when allegations go beyond assuming what the bank "must have," "would have," or "should have" done and plead actual knowledge that a claim is plausibly stated. *See Pearson v. Deutsche Bank AG*, No. 21-CV-22437, 2022 WL 951316, at *8 (S.D. Fla. Mar. 30, 2022) (upholding claim where complaint alleged that bank defendants "both failed to investigate 'red flags' and then did nothing about the fraud after they investigated and learned of the fraud").

Here, the Complaint alleges no facts to justify a plausible inference that Moonstone actually suspected—much less ***actually knew***—that FTX was engaged in any fraud, fiduciary breach, or conversion at any time before FTX's collapse in November 2022. Instead, the Complaint

---

Cir. 2000) ("[E]vidence establishing negligence, i.e., that a [secondary wrongdoer] 'should have known,' will not suffice.")).

*presumes* that Moonstone, either directly or through its purported CEO Mr. Chalopin, accumulated enough information that it eventually "acquired knowledge" that FTX lacked internal controls and was siphoning rather than safeguarding Class Member funds. *See* AC, ¶¶ 311, 312, 316.

In fact, Plaintiffs openly speculate about Moonstone's actions and knowledge and rest on unwarranted inferences therefrom to suggest liability could be imputed to Moonstone. For example, the Complaint allege what Mr. Chalopin "***likely understood***" about Mr. Friedberg's involvement in a wholly unrelated scheme facilitated by the poker site Ultimate Bet many years prior, *id.* at ¶ 308 (emphasis added); what diligence it "***certainly must have***" done, *id.* at ¶ 309 (emphasis added); what knowledge it "***would have***" obtained, *id.* at ¶ 310 (emphasis added); and that, assuming it had the very relationships and monitoring that Plaintiffs depict, that it "***would have gained awareness***" of FTX's purported deficiencies, *id.* at ¶ 312 (emphasis added). Precedent is clear that these allegations are insufficient to establish aiding and abetting:

> "[E]vidence establishing negligence, i.e., that a bank '***should have known***,' will not suffice." [] Plaintiffs alleging aiding-and-abetting liability for a bank's participation in a Ponzi scheme sometimes rely on "red flags" or procedural infirmities that ***should have*** alerted the bank to potentially unscrupulous activity by its customer. These "red flags," however, are insufficient to establish a claim for aiding and abetting because "although they may have put the banks on notice that some impropriety may have been taking place, those alleged facts do not create a strong inference of actual knowledge" of wrongdoing.

*Wiand*, 938 F. Supp. 2d 1238, 1244-45 (citation omitted and emphasis added); *accord Perlman*, 559 F. App'x at 993 ("[M]erely alleging that a bank ***should have known*** of a Ponzi scheme based solely on a series of purportedly atypical transactions is not sufficient to survive *Twombly*.") (emphasis added).

Indeed, Plaintiffs' allegations about what Moonstone "must have" or "would have" known are strikingly similar to those that have been found ***insufficient*** to state aiding and abetting claims. *See*, *e.g.*, *Isaiah v. JPMorgan Chase Bank, N.A.*, No. 16-CIV-21771, 2017 WL 5514370, at *4

(S.D. Fla. Nov. 15, 2017), *aff'd sub nom. Isaiah v. JPMorgan Chase Bank*, 960 F.3d 1296 (11th Cir. 2020) (explaining that "even if JPMC detected suspicious activity on the accounts as alleged, this only demonstrates knowledge of the symptoms of the Ponzi scheme, not JPMC's actual knowledge of the scheme itself," and "[b]ased on the JPMC and the Ponzi Schemers' arms-length commercial relationship described in the complaint—a relationship involving only routine banking services—the Court finds it implausible that JPMC could have had actual knowledge of the Ponzi scheme, or any of the underlying torts that the Receiver claims JPMC aided and abetted"); *Lawrence II*, 455 F. App'x at 907 ("Plaintiffs alleged that Bank of America authorized numerous deposits, withdrawals, and wire transfers involving large amounts of money and that the Premier Banking Representatives received substantial commissions. Although Plaintiffs alleged the transactions were atypical and therefore Bank of America ***should have known*** of the Ponzi scheme, such allegations are insufficient under Florida law to trigger liability.") (emphasis added); *Angell*, 2019 WL 3958262, at *9-11 (finding that allegations defendant "knew" the Claymans were lying to their patients were merely "general allegations of knowledge" and insufficient); *Honig*, 339 F. Supp. 3d at 1343 ("[M]ere allegations that the … Defendants 'utilized the false and misleading Woodbridge sales script,' and that the Defendants '***knew or should have known***' that the Woodbridge investments were fraudulent are insufficient to establish that the Defendants knew that Shapiro was breaching his fiduciary duties and provided substantial assistance to him to do so.") (emphasis added). Indeed, even ***"[c]onclusory statements that a defendant actually knew [are] insufficient to support an aiding and abetting claim where the facts in the complaint only suggest that the defendant should have known that something was amiss."*** *Angell*, 2019 WL 3958262, at *9-11 (quoting *Lamm v. State Street Bank & Trust Co.*, 889 F. Supp. 2d 1321 (S.D. Fla. 2012)) (emphasis added). Plaintiffs nearly identical allegations here are equally deficient.

Plaintiffs' allegations fare no better under Washington law, which likewise requires more specificity than purported suspicious conduct or unusual bank transfers. *See In re Consol. Meridian Funds*, 485 B.R. at 625 ("The Complaint here includes only a conclusory allegation that Commerce Bank knew that Berg was operating a Ponzi scheme, without alleging any specific facts which would put the bank on notice as to what, when and how it is alleged to have known."); *see id.* at 625 (finding "actual knowledge" element of aiding and abetting insufficiently pled where the complaint failed to allege "at what point in time Commerce Bank is alleged to have known of the scheme," "what misrepresentations by Berg the bank is alleged to have discovered," "when the Investor Plaintiffs made their investments or whether the investments were made before or after the bank is alleged to have known of Berg' fraud," or "how any action or nonaction on the part of Commerce Bank proximately caused damage to the Investor Plaintiffs"); *see also Norton v. U.S. Bank Nat. Assoc.*, No. 74058-0-I, 197 Wash. App. 1074, at *5 (2017) ("Evidence that large amounts of money moved in and out of the NDG accounts is insufficient, without more, to attribute knowledge to the bank.").

At bottom, Plaintiffs' allegations against Moonstone do not even arise to "circumstantial evidence" of actual knowledge; they are pure supposition and thus cannot support a claim for aiding and abetting.

ii.     Plaintiffs Fail To Adequately Allege Substantial Assistance

Plaintiffs likewise fail to properly allege the third element of their aiding and abetting claims, that Moonstone knowingly provided substantial assistance to the primary tortfeasor. Substantial assistance occurs when a defendant affirmatively assists, helps conceal, or fails to act when it has a duty to so do, thereby enabling the tort to occur. *Groom v. Bank of Am.*, No. 8:08-cv-2567-JDW-EAJ, 2012 WL 50250, at *4 (M. D. Fla. Jan. 9, 2012) (citation omitted). Because

14

Plaintiffs have not alleged facts to establish Moonstone had actual knowledge of FTX's alleged wrongdoing, they have, necessarily, failed to properly allege that Moonstone "knowingly" rendered substantial assistance. *Lawrence I,* 2010 WL 3467501, at *2.

At its most specific, the Complaint alleges that "Moonstone took overt acts in furtherance of the FTX fraud, with Moonstone providing FTX access to the U.S. banking system, and effecting transfers of Class Member funds into accounts under SBF's control." AC, ¶ 316. But this is no more than providing wholly routine banking services to its customer. While Plaintiffs interject that Moonstone provided assistance "beyond ordinary or routine banking services," they fail to offer any facts to support that accusation. *Id.* at ¶ 315. And allegations of a failure to adhere to customary or standard practices, or conclusory allegations that a customer was permitted to engage in suspicious transactions, are insufficient to demonstrate substantial assistance. *Groom*, 2012 WL 50250, at *4; *see also In re Consol. Meridian Funds*, 485 B.R. at 624 (quoting *In re Agape Litig.*, 681 F. Supp. 2d 352 (E.D.N.Y. 2010)) (citing with approval proposition that a bank opening accounts and approving transfers, even where there is a suspicion of fraudulent activity, does not amount to substantial assistance).

### c.   Plaintiffs Fail To Allege A Civil Conspiracy (Count I)

#### i.   Plaintiffs Fail To State A Claim For Any Underlying Tort

Neither Florida nor Washington state law recognizes an independent cause of action for civil conspiracy; rather, "a valid claim must allege an underlying illegal act or tort on which the conspiracy is based." *Merchant One, Inc. v. TLO, Inc.*, 2020 WL 248608, at *8 (S.D. Fla. Jan. 16, 2020) (citations omitted); *Gossen v. JPMorgan Chase Bank*, 819 F. Supp. 2d 1162, 1171 (W.D. Wash. 2011) (citation omitted) ("[C]ivil conspiracy does not exist independently—its viability hinges on the existence of a cognizable and separate underlying claim."). As Moonstone

demonstrated *supra*, Plaintiffs have not stated any claim for aiding and aiding FTX's wrongdoing in Counts II, III, and IV.[10]   For this reason alone, Plaintiffs' civil conspiracy claim in Count I cannot survive.

ii.   <u>Plaintiffs Fail To Plausibly Plead Any Agreement By Moonstone</u>

Fundamentally, the claim for civil conspiracy fails because it fails to plead sufficient facts supporting that Moonstone ***agreed with anyone*** to commit fraud, breach fiduciary duties, or convert Class Members funds. A civil conspiracy claim under Florida law requires: (1) an agreement between two or more parties; (2) to do an unlawful act or to do a lawful act by unlawful means; (3) the doing of some overt act in pursuance of the conspiracy; and (4) damage to plaintiff as a result of the acts done under the conspiracy." *Philip Morris USA, Inc. v. Russo*, 175 So. 3d 681, 686 n.9 (Fla. 2015). Similarly, Washington law requires "clear, cogent and convincing evidence that (1) two or more people contributed to accomplish an unlawful purpose, or combined to accomplish a lawful purpose by unlawful means; and (2) the conspirators entered into an agreement to accomplish the object of the conspiracy." *Wilson v. State of Wash.*, 84 Wash. App. 332, 350-51, 929 P.2d 448 (1996).

Notably, with regard to the existence of agreement to do an unlawful act, Plaintiffs vaguely conclude that "[t]here was an express or implied agreement between at least one of SBF and/or other agents of FTX and each of the Defendants to deceive Class Members, and to commit the wrongful conduct described herein, including FTX's fraud, breach of fiduciary duty to Class Members, and conversion of Class Members property." AC, ¶ 335. Obviously though, the

---

[10] Plaintiffs do not, and could not, allege a civil conspiracy based on unjust enrichment. There must be some underlying tort or wrong to state a claim for conspiracy under Florida law; unjust enrichment is not a tort and is not inherently premised on wrongdoing, and therefore it cannot be the basis for a conspiracy. *See Honig*, 339 F. Supp. 3d at 1346.

Complaint fails to identify with whom Moonstone agreed, where the agreement was made, or even how such agreement was reached. Without the basics of the alleged agreement, nor any facts from which an agreement by Moonstone can be inferred based on the supposed "overt acts" (*e.g.,* joining the Federal Reserve), no agreement is sufficiently pled. *See Oueiss v. Saud*, No. 1:20-CV-25022-KMM, 2022 WL 1311114, at *14 (S.D. Fla. Mar. 29, 2022), appeal dismissed sub nom. *Oueiss v. Al Saud*, No. 22-11408-AA, 2022 WL 19692323 (11th Cir. Nov. 9, 2022) (finding factual allegations failed to support civil conspiracy claim premised on vague, conclusory, and "upon information and belief" allegations); *Parisi*, 314 So. 3d at 662 ("Alleging simply that the co-defendants had an "agreement" to profit from Piccolo's alleged breach of fiduciary duty and that the property transfer was "illegal," without more, was insufficient."); *see also Apex Toxicology, LLC v. United HealthCare Servs.,* 2020 WL 13551299, at *6 (S.D. Fla. July 7, 2020) (finding allegations made "upon information and belief" and that parties "conspired" were insufficient to infer agreement).

These claims fail to meet the pleading requirements of Rule 8(a), as Plaintiffs fail to plead sufficient facts to nudge their claims over the line from conceivable to plausible, and therefore should be dismissed. *Iqbal*, 556 U.S. at 679. Having already had two bites at the apple without presenting any viable theory of relief, the Court should dismiss Plaintiffs' claim with prejudice. *See L.S. ex rel. Hernandez*, 982 F.3d at 1332.

## IV.     FLORIDA LACKS PERSONAL JURISDICTION OVER MOONSTONE, COMPELLING DISMISSAL OF THE FLORIDA ACTION WITH PREJUDICE

Plaintiffs ostensibly tried to cure the lack of personal jurisdiction over Moonstone in the Florida Action by filing the virtually identical Washington Action but have inexplicably failed and refused to dismiss the Florida Action, instead having both the Florida and Washington Actions transferred into this MDL. These suits are entirely duplicative and meant for gamesmanship. The

Florida Action should be dismissed with prejudice against Moonstone, because the Complaint lacks sufficient allegations to extend long arm jurisdiction over Moonstone in Florida, either based on its own contacts with Florida or for participating in a civil conspiracy to commit a tortious act in Florida, it is also proper for the Court to dismiss the Florida Action against Moonstone under Rule 12(b)(2).

Florida courts conduct a two-step inquiry to determine whether a court has personal jurisdiction over a nonresident defendant. "It is well-settled that in order to determine whether long-arm jurisdiction is appropriate, the trial court must first decide whether the complaint alleges sufficient jurisdictional facts to bring the action within section 48.193, Florida Statutes." *World Class Yachts, Inc. v. Murph*y, 731 So. 2d 798, 799 (Fla. 4th DCA 1999). "Second, the court must determine whether the non-resident has sufficient minimum contacts with Florida such that the maintenance of the suit does not offend traditional notions of fair play and substantial justice so that the defendant should reasonably anticipate being haled into court in Florida." *Id.* (citing *Venetian Salami Co.*, 554 So. 2d at 502).

In this case, the threshold of personal jurisdiction turns on whether Moonstone committed an intentional tort in Florida—namely, the civil conspiracy alleged in Count I.[11] After all, the

---

[11] Plaintiffs' civil conspiracy claim against Moonstone appears to be pled only to attempt to impose joint liability in an instance where, but for being characterized as a co-conspirator, there would be no basis to subject Moonstone to Florida's long-arm statute. *See* Fla. Stat. § 48.193(1)(a)2. Yet, to subject a non-resident like Moonstone to specific personal jurisdiction under the co-conspirator theory of jurisdiction, Plaintiffs must first successfully allege both a cause of action for conspiracy among the defendants to commit tortious acts toward the plaintiff and also that any member of that conspiracy committed tortious acts in Florida in furtherance of that conspiracy. *See Parisi*, 314 So. 3d at 660-61 (quoting *NHB Advisors, Inc. v. Czyzyk*, 95 So. 3d 444, 448 (Fla. 4th DCA 2012)); *see also Basulto v. Netflix, Inc.*, No. 22-21796-CIV, 2023 WL 4014741, at *9 (S.D. Fla. May 25, 2023), report and rec. adopted, No. 22-21796-CIV, 2023 WL 5271335 (S.D. Fla. Aug. 16, 2023) (citing *Oueiss*, 2022 WL 1311114, at 18) (noting that this Court has "rejected the plaintiff's theory that personal jurisdiction over one co-conspirator automatically satisfied due process for other co-

18

Complaint does not contain a single factual allegation suggesting that Moonstone had sufficient contact with Florida to satisfy the long arm statute.[12]

Therefore, as proved above, the Complaint does not set forth a viable cause of action for civil conspiracy, so assertion of personal jurisdiction over Moonstone premised on Moonstone's commission of such tort in Florida is improper. *World Class Yachts,* 731 So. 2d at 799 (citing *Silver v. Levinson*, 648 So. 2d 240, 241 (Fla. 4th DCA 1994)); *Czyzyk*, 95 So. 3d at 448.[13] The lack of clear, positive, and specific allegations of civil conspiracy are fatal to Plaintiffs' Count I and assertions of personal jurisdiction based thereon; their general and conclusory allegations of conspiracy are inadequate. *See id.* (citing *Bond v. Koscot Interplanetary, Inc.*, 246 So. 2d 631, 635 (Fla. 4th DCA 1971)).

In addition, the Complaint's allegations that Moonstone *agreed* to participate in the conspiracy are either speculative, conclusory, or both. The Complaint asserts, in a conclusory and collective fashion, that "Defendants agreed, at least impliedly, with SBF and/or one or more of his co-conspirators to commit the overt acts alleged herein," AC, ¶ 336, and goes on to identify alleged "overt acts" with no factual basis in the Complaint. There are no nonconclusory facts in the Complaint that provide context or a factual predicate for the alleged recruitment of Moonstone,

---

conspirators" and concluding that "a conspiracy claim does not operate as a jurisdictional net which captures all defendants in its embrace").

[12] Plaintiffs contend "every single offer to sell cryptocurrency, the FTX Platform, YBAs and/or FTT stems from a transactional occurrence that emanated from the State of Florida," but provide no factual support that Moonstone materially assisted, substantially participated, and/or personally participated in such transactions. AC, ¶ 319. Strikingly, there is zero mention of the Bank Defendants in the "Material Ties to Florida" section of the Complaint, *see id.* at ¶¶ 260-280, and zero mentions of Florida in the allegations specific to Moonstone, *see id.* at ¶¶ 305-316.

[13] If the dismissal is based on the first prong of the *Venetian Salami* test, the Court is not required to analyze due process concerns under the second prong. *See World Class Yachts*, 731 So. 2d 799.

directly or through Mr. Chalopin, into the conspiracy, and therefore personal jurisdiction cannot be predicated on this defective claim.

## V.    CONCLUSION

Based on the foregoing authorities and the limited factual allegations of Plaintiffs' Complaint, Moonstone respectfully request the Court dismiss Moonstone from Counts I-V of the Complaint for failure to state a claim and that such dismissal be with prejudice based on the futility of any further amendment, and also dismiss the Florida Action against Moonstone with prejudice for lack of personal jurisdiction.

### CERTIFICATE OF CONFERENCE

Pursuant to Local Rule 7.1(a)(3), counsel for Moonstone has conferred with Plaintiffs' counsel in a good faith effort to resolve the motion to dismiss with respect to the lack of personal jurisdiction over Moonstone in the Florida Action, and Plaintiffs oppose the relief requested.

Dated: September 21, 2023                    Respectfully submitted,

/s/ *Marisa R. Dorough*
Ty Kelly Cronin
Maryland CPF No. 0212180158
(*Certificate of Understanding filed*)
Frank C. Bonaventure, Jr.
Maryland CPF No. 8011010040
(*Certificate of Understanding filed*)
BAKER, DONELSON, BEARMAN,
CALDWELL & BERKOWITZ, P.C.
100 Light Street, 19th Floor
Baltimore, Maryland 21202
Phone: (410) 862-1049
tykelly@bakerdonelson.com
fbonaventure@bakerdonelson.com

-and-

Marisa Rosen Dorough
Florida Bar No. 73152
BAKER, DONELSON, BEARMAN,

20

CALDWELL & BERKOWITZ, P.C.
200 South Orange Avenue, Suite 2900
Orlando, Florida 32801
Phone: (407) 422-6600
mdorough@bakerdonelson.com

*Counsel for Defendant*
*Farmington State Bank d/b/a Moonstone Bank*