IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION
MDL No. 3076
Case No. 1:23-md-03076-KMM

IN RE:

FTX Cryptocurrency Exchange Collapse Litigation

This Document Relates To:

*Garrison, et al. v. Kevin Paffrath, Graham Stephan, Andrei Jikh, Jaspreet Singh, Brian Jung, Jeremy Lefebvre, Tom Nash, Ben Armstrong, Erika Kullberg, and Creators Agency, LLC*,
Case No. 23-cv-21023

**SPECIALLY APPEARING DEFENDANT ERIKA KULLBERG'S MOTION TO DISMISS PLAINTIFFS' COMPLAINT PURSUANT TO FEDERAL RULE OF CIVIL PROCEDURE 12(b)(5)**

Pursuant to Rule 12(b)(5) and in accordance with this Court's Order dated August 25, 2023 (ECF No. 216), specially appearing Defendant Erika Kullberg ("Kullberg") moves to dismiss the complaint due to insufficient service of process by Plaintiffs and states:[1]

## I. Facts Pertaining to Service of Process

Plaintiffs filed a Return of Service (Case No. 23-cv-21023, ECF No. 25) alleging that, on April 6, 2023, a process server had made substitute service by serving "Jerry Doe," identified as a doorman who refused to give his last name, at the address 40 Waterside Plz, Apt. 11D, New York, New York 10010. Further, that the "doorman called recipient and was told to accept the documents" and the "doorman refused to let [the process server] up." *Id.*

In fact, the resident at that apartment, Arzu Malik, confirms that Kullberg does not live there and never has. Declaration of Arzu Malik ("Malik Decl."), ¶¶ 3,4, attached hereto as Exhibit A; *see also* Declaration of Erika Kullberg ("Kullberg Decl."), ¶ 3, attached hereto as Exhibit B. Nor does Kullberg own or lease the apartment in question. Malik Decl. ¶ 5. Malik is not, and never was, authorized by Kullberg to accept legal papers on her behalf. Malik Decl. ¶ 12; Kullberg Decl. ¶ 4. Malik further reports that she never received a call from the doorman and that no doorman named Jerry works in the building. Malik Decl. ¶¶ 7, 9. Rather, contrasting the Return of Service, Malik states that someone aggressively banged on the door to her apartment and, after she did not answer the door, left papers taped to the front door of her apartment. *Id.* at ¶¶ 10, 11. Malik and Kullberg's declarations demonstrate that the address where process was served is not Kullberg's place of abode, and service was ineffective.

---

[1] Kullberg previously filed a motion to dismiss based on insufficient service in Case No. 23-cv-21023, ECF No. 108, on May 30, 2023. The motion was not decided prior to transfer to these MDL proceedings and Plaintiffs have not attempted to repair their service deficiencies.

1

## II.  Argument

As a threshold issue, "[b]efore a federal court may exercise personal jurisdiction over a defendant, the procedural requirement of service of summons must be satisfied." *Omni Cap. Int'l, Ltd. v. Rudolf Wolff & Co., Ltd.*, 484 U.S. 97, 104 (1987); *Hemispherx Biopharma, Inc. v. Johannesburg Consol. Invs.*, 553 F.3d 1531, 1360 (11th Cir. 2008) ("Service of process is a jurisdictional requirement: a court lacks jurisdiction over the person of a defendant when that defendant has not been served."). "When a defendant challenges service of process, the burden is on the plaintiff to establish its validity." *Reeves v. Wilbanks*, 542 Fed. App'x 742, 746 (11th Cir. 2013).

FRCP 4(e)(1) allows service by following the state law of the state where the district court is located (here, Florida) or where service is made (here, New York).  FRCP 4(e)(2) permits service by (1) "delivering a copy of the summons and complaint to the individual personally," (2) "leaving a copy of each at the individual's dwelling or usual place of abode with someone of suitable age and discretion who resides there," or (3) "delivering a copy of each to an agent authorized by appointment or by law to receive service of process."  FRCP 4(e)(2)(A)-(C).  None of these options for valid service has been satisfied.

Service of Kullberg was not valid as she was not served personally, it was not left at her dwelling or usual place of abode, and it was not left with an authorized agent. Malik Decl. ¶¶ 4, 12; Kullberg Decl. ¶¶ 3-5; *see Supreme Fuels Trading FZE v. Sargeant*, No. 08-81215-CIV, 2009 WL 5128504, at *3 (S.D. Fla. Dec. 18, 2009) (finding, in light of a declaration that defendant never lived at the condominium where process was served, the condominium was not defendant's usual place of abode and service of process was not properly effected there under Fed. R. Civ. P. 4(e)(2)(B)).

2

Nor did the service of process comply with Florida or New York law. Under Florida law, "leaving process with an apartment doorman in the apartment lobby is insufficient service." *Schupak v. Sutton Hill Assocs.*, 710 So. 2d 707, 709 (Fla. Dist. Ct. App. 1998); *see also Grosheim v. Greenpoint Mortg. Funding, Inc.*, 819 So. 2d 906, 908 (Fla. Dist. Ct. App. 2002) (service of process was improper and ineffective when served on tenant at an address where defendant had not lived in 2 years). Furthermore, under Fla. Stat. § 48.031, substitute service must be at the defendant's "usual place of abode," *Shurman v. Atl. Mortg. & Inv. Corp.*, 795 So. 2d 952, 954 (Fla. 2001), which means "the place where the defendant is actually living at the time of service." *Id*. Kullberg was not living at the address where the process was served. Malik Decl. ¶¶ 3-4; Kullberg Decl. ¶ 3. Therefore, service did not comply with Florida law.

While New York law contemplates service by leaving papers with the doorman if the doorman denies access to the apartment, the papers must still be left <u>at the defendant's residence or dwelling</u>. *Doe v. Alsaud*, 12 F. Supp. 3d 684, 687 (S.D.N.Y. 2014). Here, Malik and Kullberg confirmed that Kullberg does not live, and never has lived at the place of attempted service. Malik Decl. ¶¶ 3-4; Kullberg Decl. ¶ 3. Where the Plaintiffs do not provide any evidence beyond conclusory allegations that a location is a defendant's residence or dwelling, those conclusory statements are not sufficient to "carry the burden that service was adequate." *Id*. at 687-688; *see also FDIC v. O'Connor*, No. 94 Civ. 4218, 2008 WL 2557426, at *2 (S.D.N.Y. June 26, 2008).

### III.  Conclusion

For the foregoing reasons, Kullberg respectfully requests that the Complaint be dismissed pursuant to Federal Rule of Civil Procedure 12(b)(5) for lack of jurisdiction based on insufficient service of process.

**CERTIFICAT OF SERVICE**

I HEREBY CERTIFY that on September 21, 2023 undersigned counsel filed the foregoing document with the Clerk of Court using CM/ECF. I also certify that the foregoing document is being served on all counsel of record and parties registered via transmission of Notices of Electronic Filing generated by CM/ECF.

STEARNS WEAVER MILLER WEISSLER
ALHADEFF & SITTERSON, P.A.

By: /s/     Jose G. Sepulveda
JOSE G. SEPULVEDA, FL Bar No. 154490
Primary: jsepulveda@stearnsweaver.com
Secondary: mfigueras@stearnsweaver.com
150 W. Flagler Street, Suite 2000
Miami, Florida 33130
Telephone: 305-789-3200

and

POTOMAC LAW GROUP, PLLC
Derek Adams, Esq., *Pro Hac Vice*
Email: dadams@potomaclaw.com
1300 Pennsylvania Avenue, NW, Suite 1025
Washington, D.C. 20006
Telephone: 202-204-3005

*Counsel for Erika Kullberg*
