**IN THE UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**
**MIAMI DIVISION**
MDL No. 3076
Case No. 1:23-md-03076-KMM

**IN RE:**

**FTX Cryptocurrency Exchange Collapse Litigation**

This Document Relates To:

*Garrison, et al. v. Kevin Paffrath, Graham Stephan,*
*Andrei Jikh, Jaspreet Singh, Brian Jung, Jeremy*
*Lefebvre, Tom Nash, Ben Armstrong, Erika Kullberg, and*
*Creators Agency, LLC*, Case No. 23-cv-21023

_____/

**"YOUTUBER DEFENDANTS" MOTION TO DISMISS**
**PURSUANT TO FRCP 12(b)(6), AND INCORPORATED MEMORANDUM OF LAW AND**
**REQUEST FOR HEARING**

Defendants Graham Stephan, Andrei Jikh, Jaspreet Singh, Brian Jung, Jeremy Lefebvre,

Erika Kullberg, and Creators Agency LLC (collectively, the "YouTuber Defendants" or

"Defendants"), by and through their respective undersigned attorneys of record, hereby file this

motion asking this Court to dismiss all of the claims for relief in the [Corrected] Administrative

Class Action Complaint ("Amended Complaint") filed by Plaintiffs pursuant to FRCP 12(b)(6)

(ECF No. 179) (the "Motion")[1].

---

[1] By filing this Motion, Defendants do not waive, and specifically preserve, their defenses under
Rule 12(b)(2) or Rule 12(b)(5), which are being filed separately, in accordance with the Court's
Order, ECF No. 236.

**TABLE OF CONTENTS**

**Page**

I.      INTRODUCTION ....................................................................................................1

II.     FACTUAL BACKGROUND ....................................................................................2

III.    ARGUMENT ...........................................................................................................4

      A.      Plaintiffs Fail to State Any Claim ...............................................................4

            1.      Plaintiffs' Claims Fail as a Matter of Law .......................................4

                  a)      Plaintiffs' Claims Under the Florida Securities Act
                            Fails as a Matter of Law ............................................................5

                          i.      The Defendants were not FTX's Agents ......................6

                          ii.     The Defendants Did Not Personally Participate
                                in the Sale of YBAs or FTTs to the Plaintiffs...............7

                          iii.    Plaintiffs Do Not Allege that the YBAs or FTTs
                                Were Sold in Florida.....................................................9

                    b)      Plaintiffs Fail to State a Claim Under FDUTPA ...................11

                          i.      FDUTPA is Inapplicable to Securities Transactions ...12

                          ii.     The Elements of FDUTPA are not Alleged by
                              Plaintiffs in the Complaint ...........................................12

                          iii.    Plaintiffs Fail to Allege a Deceptive Act or Unfair
                          Practice by Defendants .................................................13

                          iv.     Plaintiffs Fail to Allege Causation under FDUTPA ....14

                    c)      Plaintiffs' Civil Conspiracy and Aiding and Abetting
                                  Counts Fail.................................................................15

                    d)      Declaratory Relief is Improper .................................................17

**<u>TABLE OF CONTENTS</u> (cont.)**

**Page**

   e)  Out-of-State Plaintiffs Cannot Bring Claims Under Other State's Law ...................................................................19

      i.  Florida Law................................................................19

      ii.  California Law ............................................................19

      iii.  Oklahoma Law............................................................20

  2.  The Plaintiffs' Claims are Barred Under the PSLRA.........................21

  3.  The Plaintiffs' Claims are Barred Under the First Amendment ..........23

 B.  The Case Should Be Dismissed Because FTX is an Indispensable Party .......24

  1.  Under Both Prongs of The Rule 19 Test, FTX is a Necessary Party...25

  2.  Because FTX Cannot be Joined or Be Subject to Discovery, "Equity and Good Conscience" Favor Dismissal Under Rule 19(B)................26

 C.  Plaintiffs' Alleged Damages are Not Linked to the Defendants.....................27

 D.  The Am. Comp. is a Shotgun Pleading............................................................28

 E.  Further Amendment Would Require Leave and Should be Denied ...............29

REQUEST FOR HEARING  ................................................................................................31

CERTIFICATE OF SERVICE ..............................................................................................34

**<u>TABLE OF AUTHORITIES</u>**

**Page**

<u>**Cases**</u>

*2 Montauk Highway LLC v. Glob. Partners LP*
  296 F.R.D. 94 (E.D.N.Y. 2013)................................................................................27

*Adapt Programs, LLC v. Veritable Billings Servs., LLC*
  2022 WL 3681953, at *6 (S.D. Fla. Mar. 22, 2022)....................................................13

*A&M Gerber Chiropractic LLC v. GEICO Gen. Ins. Co.*
  925 F.3d 1205 (11th Cir. 2019) ..................................................................................18

*Am. United Life Ins. Co. v. Martinez*
  480 F.3d 1043 (11th Cir. 2007)..................................................................................16

*Apex Toxicology, LLC v. United HealthCare Servs., Inc.*
  2020 WL 13551299, at *3 (S.D. Fla. July 7, 2020)....................................................17

*Ashcroft v. Iqbal*
  556 U.S. 662, 129 S.Ct. 1937 (2009)......................................................................4, 11

*Bailey v. Trenam Simmons, Kemker, Scharf, Barkin, Frye & O'Neill, P.A.*
  938 F. Supp. 825 (S.D. Fla. 1996) ...............................................................................7

*Barmapov v. Amuial*
  986 F.3d 1321 (11th Cir. 2021) ..................................................................................28

*Beck v. Prupis*
  529 U.S. 494 (2000)   ..................................................................................................16

*Begualg Inv. Mgmt. Inc. v. Four Seasons Hotel Ltd.*
  2011 WL 4434891, at *6 (S.D. Fla. Sept. 23, 2011) ...................................................16

*Bell Atl. Corp. v. Twombly*
  550 U.S. 544, 127 S.Ct. 1955 .......................................................................................4

*Bentley v. Bank of Am., N.A.*
  773 F. Supp. 2d 1367 (S.D. Fla. 2011) .......................................................................29

*Bolin v. Story*
  225 F.3d 1234 (11th Cir. 2000) ..................................................................................17

**<u>TABLE OF AUTHORITIES</u> (cont.)**

**Page**

*Bose Corp. v. Consumers Union of U.S., Inc.*
    466 U.S. 485 (1984)...................................................................23

*Braun v. Soldier of Fortune Mag., Inc.*
    968 F.2d 1110 (11th Cir. 1992) ..................................................23

*BVCV High Point, LLC v. City of Prattville*
    2022 WL 3716592, at *12 (N.D. Ala. Aug. 29, 2022) ...............17

*Calderon v. Ashmus*
    523 U.S. 740 (1998) ...................................................................18

*Campion v. Old Republic Home Prot. Co.*
    272 F.R.D. 517 (S.D. Cal. 2011) ...............................................20

*Carolina Cas. Ins. Co. v. Condor Aerial, LLC*
    2018 WL5668505, at *3 (N.D. Fla. July 2, 2018) ......................26

*Carnival Corp. v. Rolls-Royce PLC*
    2009 WL 3861450, at *6 (S.D. Fla. Nov. 17, 2009)....................19

*Carvelli v. Ocwen Fin. Corp.*
    934 F.3d 1307 (11th Cir. 2019) ..................................................14

*Cawthon v. Phillips Petroleum Co.*
    124 So. 2d 517 (Fla. 2d DCA 1960) ..........................................7

*Cent. Magnetic Imaging Open MRI of Plantation, Ltd. v. State Farm Mut. Auto. Ins. Co.*
    789 F. Supp. 2d 1311 (S.D. Fla. 2011) ......................................18

*CFTC v. Bankman-Fried*
    No. 22-cv-10503 (S.D.N.Y. Feb. 13, 2023)................................24

*Challenge Homes, Inc. v. Greater Naples Care Ctr., Inc.*
    669 F.2d 667 (11th Cir. 1982).....................................................25

*In re CNL Hotels & Resorts, Inc.*
    2005 WL 2291729, at *4-5 (M.D. Fla. Sept. 20, 2005)................9

*Coastal Physician Servs. of Broward Cty., Inc. v. Ortiz*
    764 So.2d 7 (Fla. Dist. Ct. App. 1999) ......................................19

## <u>TABLE OF AUTHORITIES</u> (cont.)

**Page**

*Cont'l Res., Inc. v. Wolla Oilfield Servs.*, LLC
    2022 OK 40 (2022) ................................................................................20

*Crowell v. Morgan, Stanley, Dean Witter Servs. Co.*
    87 F. Supp. 2d 1287 (S.D. Fla. 2000) .......................................................12

*Dillon v. Axxsys Int'l, Inc.*
    385 F. Supp. 2d 1307 (M.D. Fla. 2005) .....................................................9

*Dinaco, Inc. v. Time Warner, Inc.*
    346 F.3d 64 (2d Cir. 2003)........................................................................7

*Dominion Energy, Inc. v. City of Warren Police & Fire Ret. Sys.*
    928 F.3d 325 (4th Cir. 2019) .....................................................................22

*Edgar v. MITE Corp.*
    457 U.S. 624 (1982) ..................................................................................10

*E.F. Hutton & Co., Inc. v. Rousseff*
    537 So. 2d 978 (Fla. 1989)........................................................................8

*Eminence Investors, L.L.L.P. v. Bank of N.Y. Mellon*
    782 F.3d 504 (9th Cir. 2015) ....................................................................22

*In re Ethereummax Inv. Litig.*
    2022 U.S. Dist. LEXIS 220968, at *57-59 (C.D. Cal. Dec. 6, 2022) .........15

*Fallani v. Am. Water Corp.*
    574 F. Supp. 81 (S.D. Fla. 1983) .............................................................25

*Feingold v. Budner*
    2008 WL 4610031, at *2 (S.D. Fla. Oct. 10, 2008).....................................17

*Feng v. Walsh*
    2021 WL 8055449, at *13 (S.D. Fla. Dec. 21, 2021) .................................12

*Fla. Emergency Physicians Kang & Assocs., M.D., Inc. v. United Healthcare of Fla., Inc.*
    526 F. Supp. 3d 1282 (S.D. Fla. 2021) .....................................................14

*In re FTX Trading, Ltd.*, No. 22-11068 (Bankr. D. Del.) .........................................18

*Gonzalez v. Proctor & Gamble Co.*
    247 F.R.D. 616 (S.D. Cal. 2007) ..............................................................20

**<u>TABLE OF AUTHORITIES</u> (cont.)**

**Page**

*Greer v. Advanced Equities, Inc.*
  683 F. Supp. 2d 761 (N.D. Ill. 2010) ..........................................................................23

*Groom v. Bank of Am.*
  2012 WL 50250, at *5 (M.D. Fla. Jan. 9, 2012)........................................................7, 9

*Halbertstam v. Welch*
  705 F.2d 472 (D.C. Ct. App, 1983) ..........................................................................16

*Hodges v. Monkey Cap., LLC*
  2018 WL 9686569, at *4, *7 (S.D. Fla. Aug. 14, 2018)..............................................12

*J.P. Morgan Sec., LLC v. Geveran Invs. Ltd.*
  224 So. 3d 316 (Fla. 5th DCA 2017)..................................................................6, 7, 8

*Jackson v. Bank of Am. N.A.*
  898 F.3d 1348 (11th Cir. 2018) ..............................................................................29

*Justice v. Rheem Mfg. Co.*
  318 F.R.D. 687 (S.D. Fla. 2016)..............................................................................14

*Kahan Novoa v. Safra Nat'l Bank of N.Y.*
  313 F. Supp. 2d 1347 (S.D. Fla. 2003) ................................................................9, 10

*KeyView Labs, Inc. v. Barger*
  2020 WL 8224618, at *10 (M.D. Fla. Dec. 22, 2020)................................................14

*Lewis v. Russell*
  2009 WL 1260290, at *4 (E.D. Cal. May 7, 2009).....................................................24

*Llado-Carreno v. Guidant Corp.*
  No. 09-20971-CIV, 2011 WL 705403, at *5 (S.D. Fla. Feb. 22, 2011) .....................12

*Loftin v. KPMG LLP*
  16 Fla. L. Weekly Fed. D 712
  2002 U.S. Dist. LEXIS 26909 (S.D. Fla. Dec. 10, 2002) ...........................................23

*Lombardo v. Johnson & Johnson Consumer Cos.*
  124 F. Supp. 3d 1283 (S.D. Fla. 2015) ......................................................................14

**TABLE OF AUTHORITIES** (cont.)

**Page**

*Lowe v. SEC*
    472 U.S. 181, 210 n.58 (1985)................................................................23, 24

*Luther v. Countrywide Home Loans Servicing, L.P.*
    533 F.3d 1031 (9th Cir. 2008) .................................................................22

*Magnum Constr. Mgmt., LLC v. WSP USA Sols., Inc.*
    522 F. Supp. 3d 1202 (S.D. Fla. 2021)......................................................28

*Mazza v. Am. Honda Motor C*o.
    666 F.3d 581 (9th Cir. 2012) ..................................................................20

*McAndrew v. Lockheed Martin Corp.*
    206 F.3d 1031 (11th Cir. 2000) ...............................................................17

*Medmarc Cas. Ins. Co. v. Pineiro & Byrd PLLC*
    783 F. Supp. 2d 1214 (S.D. Fla. 2011) .....................................................18

*Meridian Tr. Co. v. Batista*
    2018 WL 4693533, at *5 (S.D. Fla. Sept. 26, 2018)....................................16

*MeterLogic, Inc. v. Copier Solutions, Inc.*
    126 F. Supp. 2d 1346 (S.D.Fla.2000) ........................................................6

*Mfg. Rsch. Corp. v. Greenlee Tool Co.*
    693 F.2d 1037 (11th Cir. 1982) ...............................................................14

*Minshall v. TD Evergreen*
    2005 WL 8145046, at *1 (M.D. Fla. Aug. 4, 2005); ...................................12

*Molinos Valle Del Cibao, C. por A. v. Lama*
    633 F.3d 1330 (11th Cir. 2011) ...............................................................26

*Montgomery v. New Piper Aircraft, Inc.*
    209 F.R.D. 221 (S.D. Fla. 2002) ..............................................................19

*Morchem v. Rockin Essentials LLC, et al.*
    2021 WL 5014105, at *8 (S.D. Fl. 2021) ..................................................12

*Neilson v. Union Bank of Cal., N.A.*
    290 F. Supp. 2d 1101 (C.D. Cal. 2003) ....................................................16

- vii -

**TABLE OF AUTHORITIES** (cont.)

**Page**

*Okla. ex rel. Bd. of Regents of the Univ. of Okla. v. Greer*
205 F. Supp. 2d 1273, 2001 U.S. Dist. LEXIS 23961 (W.D. Okla. 2001) ...............11

*Opus Grp., LLC v. Enomatic Srl*
2012 WL 13134611, at *1 (S.D. Fla. Aug. 23, 2012) ...................................................30

*Paylor v. Hartford Fire Ins. Co.*
748 F.3d 1117 (11th Cir. 2014) ....................................................................................28

*Perret v. Wyndham Vacation Resorts, Inc.*
846 F. Supp. 2d 1327 (S.D. Fla. 2012) ...................................................................12, 13

*In re Phila. Newspapers, LLC*
423 B.R. 98 (E.D. Pa. 2010) .........................................................................................24

*Pinnacle Foods of Cal., LLC v. Popeyes La. Kitchen, Inc. Rest. Brands Int'l, Inc.*
2022 WL 17736190, at *10 (S.D. Fla. Dec. 16, 2022) .................................................14

*Pittman by Pittman v. Grayson*
149 F.3d 111 (2d Cir. 1998)...........................................................................................16

*Principal Life Ins. Co v. Mosberg*
No. 09-22341-CIV, 2010 WL 473042, at * 6 (S.D. Fla. Feb. 5, 2010) .......................16

*Pristavec v. Meno Holdings SPV, LP*
593 F. Supp. 3d 930 (2022) ...............................................................................5, 18, 21

*Provident Tradesmens Bank & Tr Co. v. Patterson*
390 U.S. 102 (1968).......................................................................................................25

*Rensel v. Centra Tech, Inc.*
2019 WL 2085839, at *4 (S.D. Fla. May 13, 2019) .......................................................9

*Robinson v. Sunshine Homes, Inc.*
2012 OK CIV APP 87 (2010)........................................................................................21

*Rogers v. Cisco Sys., Inc.*
268 F. Supp. 2d 1305 (N.D. Fla. 2003).........................................................................12

*Ryder Int'l Corp. v. First Am. Nat'l Bank*
943 F.2d 1521 (11th Cir. 1991) ......................................................................................9

**TABLE OF AUTHORITIES** (cont.)

Page

*SEC v. Bankman-Fried*
    No. 22-cv-10501 (S.D.N.Y. Feb. 13, 2023)................................................................24

*SEC v. W.J. Howey Co.*
    328 U.S. 293 (1946)..........................................................................................................22

*Securities and Exchange Commission v. Ripple Labs, Inc., et. al.*
    Case 1:20-cv-10832-AT-SN (July 13, 2023)................................................................22

*Sevidal v. Target Corp.*
    189 Cal. App. 4th 905, 117 Cal. Rptr. 3d 66 (Cal. Ct. App. 2010) ............................20

*Sierra Equity Grp., Inc. v. White Oak Equity Partners, LLC*
    650 F. Supp. 2d 1213 (S.D. Fla. 2009) .......................................................................18

*SIG, Inc. v. AT & T Digit.. Life, Inc.*
    971 F. Supp. 2d 1178 (S.D. Fla. 2013) .......................................................................12

*Snyder v. Phelps*
    562 U.S. 443 (2011)   ......................................................................................................23

*Thompson v. Procter & Gamble Co.*
    2018 WL 5113052, at *2 (S.D. Fla. Oct. 19, 2018)....................................................13

*Trilogy Props. LLC v. SB Hotel Assocs. LLC*
    2010 WL 7411912, at *12 (S.D. Fla. Dec. 23, 2010) ...................................................6

*USA v. Sam Bankman-Fried*, 1:22-cr-00673-LAK-1 (S.D. Cal. 2002) ....................................3

*Vibe Micro, Inc. v. Shabanets*
    878 F.3d 1291 (11th Cir. 2018) ...................................................................................29

*W. Coast Roofing& Waterproofing, Inc. v. Johns Manville, Inc.*
    287 F. App'x 81 (11th Cir. 2008)................................................................................13

*Weiland v. Palm Beach Cty. Sheriff's Off.*
    792 F.3d 1313 (11th Cir. 2015) .............................................................................28, 29

*Wershba v. Apple Computer, Inc.*
    91 Cal. App. 4th 224 (2001) ........................................................................................19

*Whetstone Candy Co. Inc. v. Kraft Foods, Inc.*
    351 F.3d 1067 (11th Cir. 2003) .....................................................................................6

**TABLE OF AUTHORITIES** (cont.)

Page

*Wildes v. BitConnect Int'l PLC*
    25 F.4th 1341 (11th Cir. 2022) ...................................................................8, 9

*Williams v. Bristol-Myers Squibb Co.*
    2022 U.S. Dist. LEXIS 168901 (S. Dist. NY September 19, 2022) ...........................22

*Witmer v. Bates*
    2022 WL 2134593, at *4 (N.D. Ala. June 14, 2022)..................................................25

**Statutes And Rules**

**Federal Statutes and Rules**

U.S. Bankruptcy Code, 11 U.S.C. § 362(a)(1) ...............................................................24

Class Action Fairness Act of 2005
            15 U.S.C. § 77v(a) ................................................................................22
            28 U.S.C. § 1332(d)(9) .........................................................................22
            28 U.S.C. § 1453(d) .............................................................................22

Declaratory Judgment Act
            28 U.S.C. § 2201.........................................................................4, 17, 21

Investment Advisers Act of 1940 ...................................................................................24
            15 U.S.C. §§ 80A-1-80A64 .................................................................24

Private Securities Litigation Reform Act
            15 U.S.CV. § 78j(b) .............................................................................23
            15 U.S.C. § 78u-4(a)(2) .......................................................................23
            15 U.S.C. 78u-4(a)(3) ..........................................................................23

Securities Act of 1933...................................................................................................22
            Section 12(a)(1) .....................................................................................8
            15 U.S.C. § 77e(a)(1) .............................................................................8

Securities and Exchange Act of 1934
            Section 10(B)(5).....................................................................................23
            15 U.S.C. § 78j(b)...................................................................................23

## **TABLE OF AUTHORITIES** (cont.)

**Page**

Securities Litigation Uniform Standards Act of 1998
      15 U.S.C. § 77*l*...................................................................................8, 22
      15 U.S.C. 78u-4(a)(2) ......................................................................23
      15 U.S.C. 78u-4(a)(3) ......................................................................23

Fed. R. Civ. Proc. 8(a) ...........................................................................28

Fed. R. Civ. Proc. 8(a)(2)........................................................................28

Fed. R. Civ. Proc. 10(b) ....................................................................28, 29

Fed. R. Civ. Proc. 12(b)(6) ..................................................................4, 28

Fed. R. Civ. Proc. 12(e) ..........................................................................28

Fed. R. Civ. Proc. 19 ......................................................................24, 25, 26

Fed. R. Civ. Proc. 19(a)(1).......................................................................24

Fed. R. Civ. Proc. 19(b) ..........................................................................26

Securities and Exchange Rule 17 CFR 240.10b-5.........................................23

Fed. R. Bankr. P. 7001............................................................................27

Southern District of Florida Local Rule  7.1(b)(2) ..................................31

**State Statutes and Rules**

**California**

California Bus. & Prof. Code § 17200 *et seq.* ............................................5, 11, 15

California Bus. & Prof. Code § 17500.........................................................19

California Corp. Code § 25110 *et seq*........................................................5

**Florida**

Florida Deceptive and Unfair Trade Practices Act, § 501.201 ................................4, 12, 14, 15

Florida Securities Act .........................................................................5, 6, 8, 9, 25

## **TABLE OF AUTHORITIES** (cont.)

**Page**

Florida Statute § 86.011 *et seq.*...................................................................................21

Florida Statute § 501.201 .............................................................................................15

Florida Statute § 501.2105(1)........................................................................................30

Florida Statute § 517.07................................................................................................4, 5

Florida Statute § 517.07(1) .......................................................................................6, 9, 19

Florida Statute § 517.021(22) .......................................................................................6

Florida Statute § 517.211 .............................................................................................7, 8

Florida Statute § 517.211(3)(a) .....................................................................................25

Florida Statute § 517.211(3)(b) .....................................................................................25

Florida Statute § 517.211(6) .........................................................................................30

Florida Deceptive and Unfair Trade Practices Act, Rule 9(b)..............................11, 13, 16, 17

### **Oklahoma**

Oklahoma Consumer Protection Act
     Okla. Stat. Ann. tit. 15, § 751 ...........................................................................5, 15, 20

Oklahoma Uniform Securities Act of 1980
     Okla. Stat. Tit. 71, §§ 1-101 et seq ...........................................................................5

### **Other Authorities**

Restatement (Third) of Restitution & Unjust Enrichment § 1 (2011) ....................................26

## I.     INTRODUCTION

Plaintiffs are alleged investors in Yield Bearing Accounts ("YBAs") and FTX's native cryptocurrency token ("FTT") offered by the FTX Entities[2] and who purportedly sustained damages in their accounts following FTX's abrupt fall from grace, and subsequent bankruptcy, last November.  Amended Complaint ("Am. Comp.")  (ECF No. 179 at pg. 3 and ¶¶ 1-54).

Plaintiffs bring this Am. Comp. against the YouTuber Defendants (ECF No. 179) seeking to recover not from the FTX Entities, the party purportedly responsible—but rather from the YouTuber Defendants, alleged "digital creators who provide investor information and advice . . . on their YouTube channels."  *Id*. ¶ 55.  Yet, Plaintiffs fail to assert that *any* YouTuber Defendant made *any* statement about the YBAs or FTTs, that Defendants profited from FTX's sale of YBAs or FTTs, that Defendants had any knowledge of FTX's alleged misappropriation and fraud (or even knowledge of the YBAs or FTTs), or that *any* statement by *any* Defendant caused *any* Plaintiff to purchase any YBAs or FTTs. Plaintiffs nonetheless seek to hold the YouTuber Defendants jointly and severally liable for billions of dollars in losses resulting from the putative classes' alleged purchases of the YBAs and FTTs.

Not one of Plaintiffs' claims in this shotgun complaint is supported by facts that allow the Court to draw the reasonable inference that *any* of the YouTuber Defendants are liable to ***any*** Plaintiff for ***FTX's*** alleged misconduct.  Plaintiffs fail to plead any specific fact sufficient to support any element of any cause of action they assert in the Complaint.  The YouTuber Defendants did not serve as FTX's agents, did not participate in FTX's sales of YBAs or FTTs to

---

[2] Plaintiffs define the FTX Entities to consist of FTX Trading LTD d/b/a FTX ("FTX Trading") and West Realm Shires Services Inc. d/b/a FTX US ("FTX US").  Am. Comp. at 2.  However, throughout the Complaint, Plaintiffs refer generically to undefined "FTX"; thus, Plaintiffs do not specify, *inter alia*, which entity Plaintiffs allegedly purchased from, which entity Defendants allegedly were paid by, and which entity Defendants allegedly endorsed.

Plaintiffs, did not make any unfair or deceptive statements about the YBAs or FTTs, and did not conspire with FTX—or anyone—to engage in any unlawful conduct. Nothing pled in the Am. Comp. reasonably suggests otherwise.

For the reasons discussed herein, Plaintiffs' claims should be dismissed *with* prejudice against the YouTuber Defendants, as the myriad deficiencies in the Am. Comp. cannot be repaired through another amendment.

## II.     FACTUAL BACKGROUND

Plaintiffs unverified Am. Comp. (ECF No. 179) alleges that FTX launched in May 2019 purporting to be a centralized digital asset exchange aimed at "the mass market and first-time users" of cryptocurrencies. *Am. Comp.* ¶ 81. "FTX portrayed itself as a trustworthy and law-abiding member of the cryptocurrency industry, focused not only on profits, but also on investor and client protection." *Id.* ¶ 82.

Plaintiffs are sixteen individuals, three of whom allegedly reside in Florida, while the others reside in Oklahoma, California, Illinois, Connecticut, Arizona, New Jersey, Virginia the United Kingdom, Canada, Germany, Brazil, and Australia. *Id.* ¶¶ 39-54. Plaintiffs allegedly "purchased or held legal title to and/or beneficial interest in any fiat or cryptocurrency deposited or invested through an FTX Platform," and allege to have sustained damages from the MDL Defendants' asserted wrongdoing and the specific allegations set forth in the Am. Comp. *Id.* It is unclear from the Am. Comp. which Plaintiffs are alleged to have purchased YBAs and/or FTTs, when each Plaintiff is alleged to have purchased the purported "security," where each was located when the alleged purchase occurred, or which, if any, YouTuber Defendant each Plaintiff claims facilitated their purchase of the alleged "security."

Plaintiffs assert various wrongdoing by FTX's founders, including Samuel Bankman-Fried, who Plaintiffs note "pled not guilty to eight criminal charges during a hearing before the

U.S. District Court for the Southern District of California in *USA v. SBF*, 1:22-cr-00673-LAK-1." *Id.* ¶99.  However, Plaintiffs only allege that the YouTuber Defendants are "digital creators who provide investor information and advice on an array of topics, including cryptocurrency generally and FTX on their YouTube channels." *Id.* ¶ 55.  Defendants Stephan, Jikh, Singh, Jung, and Lefebvre are said to be "YouTube stars" based in the United States.  *Id.* ¶¶ 69-73.  Defendant Creators Agency LLC ("Creators Agency") is alleged to be a "talent management firm and digital ad network which promoted FTX," and "organized and existing under the laws of the State of Delaware and has its principal place of business in Tokyo, Japan." *Id.* ¶ 76.  Defendant Kullberg is alleged, "upon information and belief" to be a founder of Creators Agency.  *Id.* ¶ 75.

Not until paragraph 704 of the Am. Comp. is there a reference to any alleged acts of the YouTuber Defendants.  *Id.* ¶ 704.  Furthermore, the actual allegations are not specific as to which of these Defendants allegedly endorsed FTX—let alone the YBAs and FTTs that Plaintiffs assert are unregistered securities.  *Id.* ¶¶ 704-719.  There is **no mention** of Defendants Andrei Jikh, Jaspreet Singh, Brian Jung, Jeremy Lefebvre, or Erika Kullberg in the "Digital Creators Defendants" section of the Am. Comp.  *Id.*  The only mention of Defendant Graham Stephan is in paragraphs 716 and 717.  *Id.* The only mention of Defendant Creators Agency is in paragraph 715, in which Plaintiffs do not assert that Creators Agency made any statements about FTX, but rather than it managed talent that allegedly endorsed FTX.  In reviewing the paragraphs specific to Defendant Graham Stephan and Creators Agency, YBAs and FTTs are not even discussed and nothing is explained how they supposedly endorsed these alleged securities.  *Id.* ¶¶ 715-717.

Lastly, in addition to the glaring failure by the Plaintiffs to plead any connection of these Defendants with causing any purported harm experienced by the Plaintiffs, it is unclear as to what damages allegedly incurred by these Plaintiffs were a result of the YouTuber Defendants' actions.

As such, the YouTuber Defendants move for dismissal *with* prejudice because Plaintiffs cannot cure their deficiencies by further amendment.

### III.    ARGUMENT

#### A.    Plaintiffs Fail to State Any Claim.

To survive a motion to dismiss under Fed. R. Civ. Proc. 12(b)(6), "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S.Ct. 1937, 1949 (2009), *citing Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570, 127 S.Ct. 1955.  A plaintiff must plead "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft* at 678.  Under this test, Plaintiffs' complaint falls far short and fails to state a claim for relief.

#### 1.    Plaintiffs' Claims Fail as a Matter of Law.

Plaintiffs' complaint should be dismissed because it fails to allege facts connecting these Defendants with any purported harm or damage experienced by the Plaintiffs.

Turning to the specific causes of action, Plaintiffs' original complaint brought four counts against these Defendants.  Three of these four counts remain in the Am. Comp.: Count One: Violations of the Florida Statute Section 517.07 (*Am. Comp.*  ¶¶ 768-775); Count Two: For Violations of the Florida Deceptive and Unfair Trade Practices Act, § 501.201, Florida Statutes, et seq. (*id*. ¶¶ 776-785); and Count Three: Civil Conspiracy based on the Florida violations alleged (*id*. ¶¶ 786-791).  Count Four of the original complaint is now Count Six, but was also amended from Declaratory Judgment pursuant to the Declaratory Judgment Act, Florida Statutes §§ 86.011 et seq. to a basis under the Federal Declaratory Judgment Act.[3]  *Id*. ¶¶ 804-810.  Plaintiffs added

---

[3] Plaintiffs' attempt to change the declaratory judgment from a basis in Florida law to federal law is just window dressing.  The case law is clear that a claim must relate to the underlying causes

Count Four for Aiding and Abetting Fraud based on the Florida violations alleged (*Id*. ¶¶ 792-797); and added Count Five for Aiding and Abetting Conversion based on the Florida violations alleged. *Id*. ¶¶ 798-803. Plaintiffs then added alternative claims to the so-called national claims for California, Counts Seven-Eleven (*id*. ¶¶ 811-841); and for Oklahoma, Counts Twelve-Fourteen (*id*. ¶¶ 842-859). These state counts are admittedly not federal claims, and mimic the Florida state claims. Specifically, the California claims are: Count Seven-For Violations of the Unfair Competition Law Business & Professions Code § 17200, et seq. (*id*. ¶¶ 811-815); Counts Eight-Violations of the California Securities Law; Cal. Corp. Code §§ 25110 et seq. (*id*. ¶¶ 816-823); Count Nine-Aiding and Abetting Fraud (*id*. ¶¶ 824-829); Count Ten-Aiding and Abetting Conversion (*id*. ¶¶ 830-835); and Count Eleven-Civil Conspiracy (*id*. ¶¶ 836-841). The Oklahoma claims are Count Twelve-Violations of the Oklahoma Consumer Protection Act Okla. Stat. Ann. tit. 15, § 751 et seq. (*id*. ¶¶ 842-849); Count Thirteen-Violations of the Oklahoma Uniform Securities Act of 1980 Okla. Stat. Tit. 71, §§ 1-101 et seq. (*id*. ¶¶ 850-853); and Count Fourteen-Aiding and Abetting Fraud (*id*. ¶¶ 854-859).

> **a)  Plaintiffs' Claims Under the Florida Securities Act Fails as a Matter of Law.**

In Count One, Plaintiffs allege a claim under the Florida Securities Act, Fla Stat. § 517.07, which fails as a matter of law. Specifically, Count One alleges that the YBAs were unregistered securities under the Florida Securities and Investor Protection Act ("Florida Securities Act") and were sold to Plaintiffs by FTX with "material assistance" from the Defendants, who purportedly served as "agents" of FTX. *Am. Comp.* ¶¶ 773-775. Again, there is no mention of the FTTs in

---

of action for which such a declaration is being requested. *Pristavec v. Meno Holdings SPV, LP*, 593 F. Supp. 3d. 930 (2022). Again, there is nothing here to even suggest any claims are being brought under federal law, much less any State law.

the actual count, and nowhere in this Am. Comp. is there any mention of the YouTuber Defendants relationship to FTX.  Notably, FTX is not even a defendant in this Am. Comp.

Even accepting Plaintiffs' allegation that YBAs and/or FTTs were securities, Defendants are not subject to liability under the statute. Further, the Florida Securities Act extends only to claims with a connection to Florida, which does not exist here. *J.P. Morgan Sec., LLC v. Geveran Invs. Ltd.*, 224 So. 3d 316, 327 (Fla. 5th DCA 2017).

### i.      The Defendants were not FTX's Agents.

In Count One, Plaintiffs assert that Defendants are liable under Fla. Stat. § 517.07(1) as "agents" of the FTX Entities because they provided "material assistance" to the FTX Entities' offering and selling of YBAs and/or FTTs, which Plaintiffs allege are unregistered securities pursuant to Fla. Stat. § 517.021(22). *Am. Comp.* ¶¶ 773-775.

Even assuming, *arguendo*, that the YBAs and/or FTTs are securities under Florida law (they are not), Plaintiffs do not—and cannot—plead facts to support their allegation that the YouTuber Defendants served as "agents" of FTX in its sale YBAs or FTTs—or any product for that matter.   Plaintiffs assert that the "Defendants are agents of the FTX Entities," *id.* ¶ 774, but fail to plead facts in support of their assertion, and a "conclusory allegation, unsupported by facts" is insufficient to allege an agency relationship. *Trilogy Props. LLC v. SB Hotel Assocs. LLC*, 2010 WL 7411912, at *12 (S.D. Fla. Dec. 23, 2010).  An agency relationship requires: "(1) the principal to acknowledge that the agent will act for it; (2) the agent to manifest an acceptance of the undertaking; and (3) control by the principal over the actions of the agent." *Whetstone Candy Co. Inc. v. Kraft Foods, Inc.*, 351 F.3d 1067, 1077 (11th Cir. 2003), (*citing MeterLogic, Inc. v. Copier Solutions, Inc.*, 126 F. Supp. 2d 1346, 1354 (S.D.Fla.2000)).  None of these elements are pled here.

Plaintiffs do not assert which, if any, YouTuber Defendants had contracts with any FTX entity, nor do they describe any terms of any purported contracts, nor do they allege that those

contracts created an agency-principal relationship.  The only statements contained in Plaintiffs'

complaint describing any YouTuber Defendant's relationship with FTX are Defendant Stephan's

alleged post-bankruptcy references of having been sponsored by FTX in the past and that "FTX

US ha[d] been a recurring sponsor" on Stephan's YouTube channel.  *Am. Comp*. ¶¶ 717-717.

A company paying to be a sponsor of a YouTube channel certainly would not transform

the channel's speaker into an agent for the sponsoring company.  *See Dinaco, Inc. v. Time Warner,

Inc.*, 346 F.3d 64, 69 (2d Cir. 2003); *Cawthon v. Phillips Petroleum Co*., 124 So. 2d 517, 520 (Fla.

2d DCA 1960) ("general advertisement" did not constitute an assertion of agency).  If this were

the case, advertisement in America would grind to a halt, as companies would be reticent to give

away control through advertisement, and forums for advertisement would be hesitant to take on

liability through their promotion of the sponsoring company.  This is clearly not the law. *Cawthon*,

124 So. 2d at 520.

### ii.     The Defendants Did Not Personally Participate in the Sale of YBAs or FTTs to the Plaintiffs.

Even if Defendants were agents of FTX—which they were not—Plaintiffs would still be

required to plead that each Defendant "personally participated or aided in making the sale" of

YBAs and FTTs to the Plaintiffs.  Fla. Stat. § 517.211.  This requires both "direct[] involve[ment]

in a sale of securities," *J.P. Morgan*, 224 So. 3d at 328, and "activity in inducing the purchaser to

invest." *Groom v. Bank of Am.*, 2012 WL 50250, at *5 (M.D. Fla. Jan. 9, 2012).  *See also Bailey v.

Trenam Simmons, Kemker, Scharf, Barkin, Frye & O'Neill, P.A.*, 938 F. Supp. 825, 828 (S.D. Fla.

1996) ("[L]iability only extends to persons who successfully solicit the purchase[.]").

This is yet another fatal flaw to Plaintiffs' claim under Count One.  Plaintiffs do not allege

that the FTX Entities (again, defined as FTX Trading and FTX US) are themselves securities—

nor could they.  Rather, Plaintiffs claim that two specific products of FTX were securities— its

YBAs and FTTs.  Plaintiffs, however, only allege to have "purchased or held legal title to and/or beneficial interest in any fiat or cryptocurrency deposited or invested through an FTX Platform." *Am. Comp.*  ¶¶ 39-54.  Thus, Plaintiffs' claim under Count One is reliant on Defendants being directly involved in the sale of, as pled, "unregistered YBAs to Plaintiffs" and actively inducing the Plaintiffs to invest in these unregistered YBAs.  *Id.* ¶775.  At best, Plaintiffs have alleged facts to suggest that certain of the Defendants were sponsored by FTX.  This is a far cry from being directly involved in selling YBAs or FTTs to the Plaintiffs.  Nor does an alleged sponsorship by FTX of a Defendant's YouTube channel suggest in any way that any of these Defendant actively induced Plaintiffs to purchase a YBA and/or the unmentioned FTTs with FTX.

In the original complaint, Plaintiffs cited *Wildes v. BitConnect Int'l PLC*, 25 F.4th 1341 (11th Cir. 2022), for the proposition that the Eleventh Circuit has held social media posts and mass communications (in the cryptocurrency context) made through the internet, exactly like the ones at issue in these claims, are sufficient to state a claim for soliciting the sale of unregistered securities. This is not so.  First, *Wildes* involves a claim under Section 12(a)(1) of the ***federal*** Securities Act of 1933, 15 U.S.C. § 77e(a)(1), as opposed to the ***Florida*** Securities Act.  Liability under the Florida Securities Act "is narrower than under federal law" and based on "separate bodies of federal and state law [which] are vastly different."  *E.F. Hutton & Co., Inc. v. Rousseff*, 537 So. 2d 978, 981 (Fla. 1989); *see also J.P. Morgan*, 224 So. 3d at 328.  Among their differences, § 77*l*(a)(1) imposes civil liability on those that "offer[ ] or sell," a security whereas Fla. Stat. § 517.211 imposes liability on those making the sale.

Second, *Wildes* stands for the narrow proposition that online videos, even if not "directly communicat[ing]" with a specific plaintiff, can constitute a solicitation to buy a security. *Wildes*, at 1345-1346 ("The only question here is whether a person can solicit a purchase, within the meaning of the Securities Act, by promoting a security in a mass communication.").  *Wildes*

certainly does not stand for the proposition that communications exactly like the ones at issue in these claims are sufficient to establish liability for the sale of unregistered securities. *Wildes* involved a "multilevel marketing" structure in which promoters made specific and false statements about BitConnect coins and personally earned a commission on sales of BitConnect coins to their viewers. *Wildes*, at 1343. Here, there is no allegation that **any** Defendant made **any** statement about the allegedly unregistered securities, nor is there any allegation that they received a commission in connection with the sale of FTX's YBAs and/or FTTs. None of the alleged statements (or non-statements) in the Am. Comp. even mention, let alone "actively and directly . . . influence[d] or induce[d] [Plaintiffs] to buy," YBAs and/or FTTs. *See Dillon v. Axxsys Int'l, Inc.*, 385 F. Supp. 2d 1307, 1311 (M.D. Fla. 2005); *Groom*, 2012 WL 50250, at *5.

Third, *Wildes* requires that "for solicitation to occur, a person must 'urge or persuade' another ***to buy a particular security***." *Wildes*, 25 F.4th at 1346-47 (quoting *Ryder Int'l Corp. v. First Am. Nat'l Bank*, 943 F.2d 1521, 1531, 1534 (11th Cir. 1991)) (emphasis added); *In re CNL Hotels & Resorts, Inc.*, 2005 WL 2291729, at *4-5 (M.D. Fla. Sept. 20, 2005) ("A claim of solicitation requires allegations that the defendant directly solicited the plaintiff ***to purchase the securities at issue***" and "that the Plaintiffs' purchases . . . ***resulted from*** that solicitation.") (emphasis added); *Rensel v. Centra Tech, Inc.*, 2019 WL 2085839, at *4 (S.D. Fla. May 13, 2019) (dismissing federal securities claims against Floyd Mayweather founded on allegations equivalent to Plaintiffs'). Again, there are no facts alleged in the Am. Comp. to suggest that **any** Defendant urged, persuaded, or solicited **any** plaintiff to purchase the YBAs and/or FTTs.

### iii.   Plaintiffs Do Not Allege that the YBAs or FTTs Were Sold in Florida.

To avail themselves of the Florida Securities Act, Plaintiffs first must establish that the YBAs or FTTs were sold within the State of Florida. Fla. Stat. § 517.07(1); *Kahan Novoa v.*

*Safra Nat'l Bank of N.Y.*, 313 F. Supp. 2d 1347, 1355 (S.D. Fla. 2003) (collecting cases); *see also Edgar v. MITE Corp.*, 457 U.S. 624, 642-43 (1982) (describing constitutional limitations).

Plaintiffs allege that the "FTX Entities" began selling YBAs in 2019. *Am. Comp.* ¶ 247. There is no allegation of when FTTs began to be offered. Plaintiffs further allege that "the FTX Entities' primary international headquarters was in the Bahamas, [but] its domestic US base of operations was in Miami, Florida." *Id*. ¶ 167. In support, Plaintiffs cite an article from ***September 2022***, noting that FTX US announced it was moving its headquarters from Chicago, Illinois to Miami, Florida. *Id*. fn. 34. This was shortly before FTX's bankruptcy filing on November 11, 2022. *Id*. ¶ 168.

First, Plaintiffs do not specify from which FTX entity they allegedly purchased their YBAs or FTTs, FTX Trading or FTX US. Plaintiffs allege that FTX Trading "is incorporated in Antigua and Barbuda and headquartered in the Bahamas." *Id*. ¶ 259. Whereas, FTX US was headquartered in Illinois, until it announced its purported move to Miami in September 2022. *Id*. ¶ 167, fn. 37. Thus, Plaintiffs have not even sufficiently alleged that the YBAs and/or FTTs were purchased from a U.S. entity, let alone one selling YBAs and/or FTTs from the State of Florida[4].

Second, Plaintiffs do not specify when or where they purportedly opened their YBAs or purchased their FTTs. Even if Plaintiffs opened their YBAs and/or purchased their FTTs with FTX US, and not FTX Trading, Plaintiffs themselves assert that YBAs and/or FTTs were sold by FTX for three years before FTX US's purported move to Miami. Thus, it is quite possible, if not

---

[4] Similarly, these same claims do not relate to California, except that it was conceived in Northern California but transitioned to Chicago, Illinois (*Am. Comp*. ¶ 84.). But there was no discussion of any operations in Oklahoma.

likely, that Plaintiffs purchased their YBAs and/or FTTs within a State other than Florida, or from outside of the United States.[5]

Plaintiffs' allegations do not support a reasonable inference that the YBAs and/or FTTs were sold within the State of Florida, which constitutes additional grounds for dismissal. *Ashcroft* at 678.

### b)   Plaintiffs Fail to State a Claim Under FDUTPA.[6][7]

Count Two[8] alleges that Defendants engaged in "unfair and deceptive practices" in violation of the Florida Deceptive and Unfair Trade Practices Act ("FDUTPA"). *Id*. ¶¶ 780-781, 785. Again, there are no specific allegations as to these Defendants' alleged actions to support such a claim. Plaintiffs' FDUTPA claim likewise fails. As an initial matter, FDUTPA does not apply to securities transactions like those alleged here. In addition, Plaintiffs have not sufficiently alleged the elements of a FDUTPA claim, let alone with the particularity required by Rule 9(b).

---

[5] Again, there were no allegations of any operations by an FTX entity in California or Oklahoma during these same time periods.

[6] Similarly, Plaintiffs' claims under California's Unfair Competition Law (Count Seven) fail as pled. The UCL authorizes equitable remedies such as injunctions and restitution. Private individuals may not recover compensatory damages outside of these equitable remedies. Accordingly, restitution under the UCL is limited to the amount received by the Defendant as a result of its unlawful, unfair or fraudulent business practices. Unfair Competition Law Business & Professions Code § 17200, *et seq*. Nothing has been plead with any specifics as any amount received by any of these Defendants based on the alleged acts directed to these Plaintiffs or any future plaintiffs, let alone with the particularity required by Rule 9(b).

[7] Similarly, Plaintiffs claims under Oklahoma's Consumer Protection Act (Count Twelve), such claims do not apply to acts a third-party. *Okla. ex rel. Bd. of Regents of the Univ. of Okla. v. Greer*, 205 F. Supp. 2d 1273, 2001 U.S. Dist. LEXIS 23961 (W.D. Okla. 2001). Here nothing is pled that any of these Defendants committed direct sales of YBAs or FTTs, as clearly if any sales occurred it would have been on FTX's platform.

[8] Which is the same under California law under Count Seven and Oklahoma law under Count Twelve.

i.      **FDUTPA is Inapplicable to Securities Transactions**

This Court has explained that FDUTPA—like the Federal Trade Commission Act upon which it is modeled—is "inapplicable to securities claims." *Feng v. Walsh*, 2021 WL 8055449, at *13 (S.D. Fla. Dec. 21, 2021), report and recommendation adopted, 2022 WL 669198 (S.D. Fla. Mar. 7, 2022); *see also Crowell v. Morgan, Stanley, Dean Witter Servs. Co.*, 87 F. Supp. 2d 1287, 1294 (S.D. Fla. 2000).[9]  Plaintiffs allege that YBAs are unregistered securities and that the Defendants were directly involved in the sale of those YBAs to the Plaintiffs.  As a result, this case is "rooted in [alleged] securities transactions," and "FDUTPA does not apply." *Feng*, 2021 WL 8055449, at * 13. For this reason alone, Count Two should be dismissed.

ii.     **The Elements of FDUTPA are not Alleged by Plaintiffs in the Complaint**

To assert a FDUTPA claim against an individual, a plaintiff must establish: (1) a knowingly deceptive act or unfair practice; (2) causation; and (3) actual damages. *Morchem v. Rockin Essentials LLC, et al.*, 2021 WL 5014105, at *8 (S.D. Fl. 2021) ; *SIG, Inc. v. AT & T Digit.. Life, Inc*., 971 F. Supp. 2d 1178, 1195 (S.D. Fla. 2013).  When, as here, a claim sounds in fraud, the plaintiff must also state with particularity the circumstances constituting fraud. *Llado-Carreno v. Guidant Corp.*, No. 09-20971-CIV, 2011 WL 705403, at *5 (S.D. Fla. Feb. 22, 2011) (Altonaga, J.) (finding, in connection with plaintiff's claim under FDUTPA, that "[t]he particularity requirement of Rule 9(b) applies to all claims that sound in fraud"); *see also Perret v. Wyndham*

---

[9] *See also Minshall v. TD Evergreen*, 2005 WL 8145046, at *1 (M.D. Fla. Aug. 4, 2005); *Rogers v. Cisco Sys., Inc.*, 268 F. Supp. 2d 1305, 1315-16 (N.D. Fla. 2003). *But see Hodges v. Monkey Cap., LLC*, 2018 WL 9686569, at *4, *7 (S.D. Fla. Aug. 14, 2018) (unpublished decision contrary to weight of authority with expressly limited persuasive value because, in the court's own words, its conclusions "ar[ose] within the context of a default judgment" and were "necessarily based upon Plaintiffs' one-sided submissions to the Court, without the benefit of any adversarial process").

*Vacation Resorts, Inc.*, 846 F. Supp. 2d 1327, 1333 (S.D. Fla. 2012).  To do so, a plaintiff must identify the precise statements or misrepresentations made; the time and place of, and the persons responsible for, the alleged statements; the content and manner in which the statements misled the plaintiff; and what the defendant gained through the alleged fraud. *See W. Coast Roofing & Waterproofing, Inc. v. Johns Manville, Inc.*, 287 F. App'x 81, 86 (11th Cir. 2008) ("[C]onclusory allegations that certain statements were fraudulent" do not suffice).

### iii.    Plaintiffs Fail to Allege a Deceptive Act or Unfair Practice by Defendants.

Plaintiffs violate Rule 9(b) by failing to explain what deceptive act or practice the YouTuber Defendants engaged in.  Far from stating their claim with particularity, Plaintiffs do not even explain what the allegedly deceptive or unfair practices are, and which Defendant, if any, is alleged to have engaged in such alleged practices.  Rather, in pleading Count Two, Plaintiffs vaguely refer to "unfair and deceptive practices as described herein [which] were consumer-oriented and are objectively materially likely to mislead" and "unfair and deceptive practices as described herein, which offend public policies and are immoral, unethical, unscrupulous and injurious to consumers" and finally assert that "Defendants continue to engage in such deceptive, unfair, and unreasonable practices." *Am. Comp.* ¶¶ 780-781, 785.  Despite Plaintiffs' multiple references to those unfair and deceptive practices "described herein" the Complaint is devoid of ***any*** description of ***any*** unfair or deceptive practice engaged in by ***any*** of the YouTuber Defendants.  Plaintiffs fail to provide any specificity, let alone the required specificity that Rule 9 demands.  *Adapt Programs, LLC v. Veritable Billings Servs., LLC*, 2022 WL 3681953, at *6 (S.D. Fla. Mar. 22, 2022).

At most, Plaintiffs allege that some Defendants expressed generalized support for FTX.  This is classic puffery, which cannot form the basis of a FDUTPA claim.  *See Thompson v. Procter & Gamble Co.*, 2018 WL 5113052, at *2 (S.D. Fla. Oct. 19, 2018). Puffery includes

"general claims of superiority," *Mfg. Rsch. Corp. v. Greenlee Tool Co.*, 693 F.2d 1037, 1040 (11th Cir. 1982), generic statements suggesting a company or product is "better" than its competitors, *KeyView Labs, Inc. v. Barger*, 2020 WL 8224618, at *10 (M.D. Fla. Dec. 22, 2020), and statements suggesting a product is safe or secure, *Carvelli v. Ocwen Fin. Corp.*, 934 F.3d 1307, 1320 (11th Cir. 2019).

### iv.   Plaintiffs Fail to Allege Causation Under FDUTPA.

Plaintiffs' allegations also fall far short of alleging the required "direct" causal nexus between the Defendants and any actual damage Plaintiffs suffered, as required to state a FDUTPA claim. *Justice v. Rheem Mfg. Co.*, 318 F.R.D. 687, 696-97 (S.D. Fla. 2016).  While a FDUTPA plaintiff need not prove reasonable reliance, "causation must be direct, rather than remote or speculative." *Id.* at 696; *see also Lombardo v. Johnson & Johnson Consumer Cos.*, 124 F. Supp. 3d 1283, 1290 (S.D. Fla. 2015); *Pinnacle Foods of Cal., LLC v. Popeyes La. Kitchen, Inc. Rest. Brands Int'l, Inc.*, 2022 WL 17736190, at *10 (S.D. Fla. Dec. 16, 2022).

Here, the "direct" cause of Plaintiffs' injuries was FTX and its insiders' alleged misconduct, not any conduct alleged of Defendants.  As the Plaintiffs describe, it was FTX that allegedly sold them the YBAs and FTTs, "guaranteed" them returns, and then misappropriated their funds. *Am. Comp.* ¶¶ 30, 86, 92, 259, 272, 274, 705.  If FTX—not Defendants—is responsible for any alleged damages, the causal chain for purposes of an FDUTPA claim is broken. *See Lombardo*, 124 F. Supp. 3d at 1290; *see also Fla. Emergency Physicians Kang & Assocs., M.D., Inc. v. United Healthcare of Fla., Inc.*, 526 F. Supp. 3d 1282, 1301 (S.D. Fla. 2021).

In fact, Plaintiffs do not even allege which, if any, statements they were exposed to, which, if any, Defendants made those statements, or how those statements led to damages experienced by that Plaintiff.  This is insufficient to plead causation. *See Justice*, 318 F.R.D. at 696-97; *see*

*also In re Ethereummax Inv. Litig.*, 2022 U.S. Dist. LEXIS 220968, at *57-59 (C.D. Cal. Dec. 6, 2022) (finding allegations that plaintiffs "viewed numerous celebrity endorsements" insufficient to plead causation under FDUTPA).

Additionally, the various state consumer protection act ("CPA") claims eviscerate any predominance, commonality and/or typicality and require a different set of facts to be pled in order to state a plausible claim for relief under each respective statute. The various state CPAs vary in both statutory language and interpretation. *See* Fla. Stat. § 501.201; Ok. Stat. § 751 *et seq.*; Ca. Stat. § 17200 *et seq.* What constitutes "unfair" and "unconscionable" behavior varies by state.

### c)      Plaintiffs' Civil Conspiracy and Aiding and Abetting Counts Fail.

Count Three[10] alleges that the Defendants conspired with the "FTX Entities" to commit fraud and induce Plaintiffs into investing in "the YBAs and/or use the FTX Platform."  *Id.* ¶¶ 787-791.  Again, there is no mention of the FTTs, and again, there are no factual allegations setting forth what these Defendants did to conspire with the FTX Entities.  Plaintiffs' Am. Comp. relies solely on bald conclusory statements.

Counts Four and Five[11] are even more baffling.  Both of these counts allege that Defendants somehow joined Bankman-Fried, the FTX Insiders and FTX Group, not named defendants in this Am. Comp., and participated in or substantially assisted with knowledge of these non-parties' fraud, with no alleged relationship or privity, to promote the FTX Platform, YBAs, and/or FTT. *Id.* ¶¶ 793-795.  In addition, Plaintiffs allege that Defendants, based on their knowledge of the FTX Group's operations obtained through due diligence, ongoing monitoring, and partnership, acquired

---

[10] Which is the same under California law under Count Eleven.

[11] Which is the same under California law under Counts Nine and Ten and Oklahoma law under Count Fourteen.

knowledge of FTX's alleged conversion of Plaintiff's' funds. *Id.* ¶¶ 801-802.  However, Plaintiffs allegations lack any supporting factual allegations, and only rely on conclusory statements.

Aiding-abetting and conspiracy have been regarded as "closely allied forms of liability." *Neilson v. Union Bank of Cal., N.A.*, 290 F. Supp. 2d 1101, 1133 (C.D. Cal. 2003).  However, a conspiracy generally requires an agreement as well as an overt act causing damage. *Beck v. Prupis,* 529 U.S. 494, 500 (2000).

Aiding and abetting does not require any agreement, but rather assistance given to the principal wrongdoer. *Pittman by Pittman v. Grayson*, 149 F.3d 111, 122–23 (2d Cir. 1998), *cert. denied*, 528 U.S. 818 (1999).  Nevertheless, common to both conspiracy and aiding-abetting is "concerted wrongful action." *Neilson*, 290 F. Supp. 2d at 1133.  Unlike a conspirator, an aider and abettor does not "adopt as his or her own" the tort of the primary violator.  *Id.* at 1134 *(citing Halbertstam v. Welch*, 705 F.2d 472, 478 (D.C. Ct. App, 1983)).  Instead, the act of aiding and abetting "is distinct from the primary violation; liability attaches because the aider and abettor behaves in a manner that enables the primary violator to commit the underlying tort." *Id.* at 1133.

Where a civil conspiracy claim sounds in fraud, the plaintiff must meet the heightened pleading standards of Rule 9(b). *Am. United Life Ins. Co. v. Martinez*, 480 F.3d 1043, 1067-68 (11th Cir. 2007); *Principal Life Ins. Co v. Mosberg*, No. 09-22341-CIV, 2010 WL 473042, at * 6 (S.D. Fla. Feb. 5, 2010) (Altonaga, J.) ("a claim for conspiracy to defraud must meet the heightened pleading requirements of Rule 9(b)").

Here, Plaintiffs fail at the threshold requirement to plausibly allege an unlawful agreement between multiple parties. *Begualg Inv. Mgmt. Inc. v. Four Seasons Hotel Ltd.*, 2011 WL 4434891, at *6 (S.D. Fla. Sept. 23, 2011); *Meridian Tr. Co. v. Batista*, 2018 WL 4693533, at *5 (S.D. Fla. Sept. 26, 2018). In fact, there are ***no*** non-conclusory allegations regarding any

agreement between any YouTuber Defendant and FTX to defraud Plaintiffs or even to sell YBAs or FTTs.[12]

Plaintiffs also fail to identify what unlawful act any YouTuber Defendant supposedly conspired to do. They refer vaguely to "numerous misrepresentations and omissions" made by "Defendants"—i.e., all twenty-one of them—and the "FTX Entities," *Am. Comp.* ¶¶ 39-54, but that does not adequately plead intent to complete an unlawful act under Rule 8—let alone with the specificity required by Rule 9(b). *See Apex Toxicology, LLC v. United HealthCare Servs., Inc.*, 2020 WL 13551299, at *3 (S.D. Fla. July 7, 2020) (dismissing civil conspiracy claim that improperly lumped defendants together).

### d)      Declaratory Relief is Improper.

Count Six seeks declaratory relief under the Federal Declaratory Judgment Act declaring that "the Defendants' practices as set forth herein to be unlawful." *Am. Comp.* at Prayer for relief, ¶ d. "[T]o receive declaratory or injunctive relief, plaintiffs must establish" both "a serious risk of continuing irreparable injury if the relief is not granted, and the absence of an adequate remedy at law." *Bolin v. Story*, 225 F.3d 1234, 1242 (11th Cir. 2000).

First, a declaration is a procedural vehicle for an otherwise-unavailable form of relief, "not a stand-alone cause of action." *BVCV High Point, LLC v. City of Prattville*, 2022 WL 3716592, at *12 (N.D. Ala. Aug. 29, 2022). "A plaintiff must prevail on an underlying claim in order to be entitled to" a declaratory judgment. *Feingold v. Budner*, 2008 WL 4610031, at *2 (S.D. Fla. Oct. 10, 2008). Because Plaintiffs cannot prevail on any other count, Count Six also fails.

---

[12] Although Defendants were not agents of FTX—for the reasons described above—if the Court were to find that Defendants served as FTX's agents, Plaintiffs' conspiracy count would be barred by the intracorporate conspiracy doctrine. *See McAndrew v. Lockheed Martin Corp.*, 206 F.3d 1031, 1036 (11th Cir. 2000) (en banc) ("The intracorporate conspiracy doctrine holds that acts of corporate agents are attributed to the corporation itself, thereby negating the multiplicity of actors necessary for the formation of a conspiracy.").

Second, Plaintiffs do not allege any forward-looking harms, much less any immediate threat of irreparable harm. To the contrary, each request asks the Court to evaluate Plaintiffs' allegations of *past* conduct and *past* harms. None of the declarations Plaintiffs seek can redress these claimed retrospective injuries.  As Plaintiffs themselves allege, their "purchase[s]" of YBAs and/or FTTs already occurred, and FTX "imploded" and filed for bankruptcy in November 2022. *Am. Comp*. ¶¶ 31; *In re FTX Trading, Ltd.*, No. 22-11068 (Bankr. D. Del.). The absence of any immediate or future harm alone requires dismissal of Count Six, as it renders declaratory relief unnecessary.  *See*, *e.g.*, *A&M Gerber Chiropractic LLC v. GEICO Gen. Ins. Co*., 925 F.3d 1205, 1211 (11th Cir. 2019). In addition, Plaintiffs seek the "adequate legal remedy" of "damages" for their injuries, foreclosing their duplicative request for equitable relief. *Cent. Magnetic Imaging Open MRI of Plantation, Ltd. v. State Farm Mut. Auto. Ins. Co.*, 789 F. Supp. 2d 1311, 1318 (S.D. Fla. 2011).

Moreover, "a declaratory judgment . . . is not for the purpose of making factual determinations." *Medmarc Cas. Ins. Co. v. Pineiro & Byrd PLLC*, 783 F. Supp. 2d 1214, 1216 (S.D. Fla. 2011). Plaintiffs' declaratory claim seeks resolution of factual or legal issues that are dependent upon the facts. The Court should resolve these questions, if at all, as elements of Plaintiffs' claims, not through a declaratory claim requiring it "to make [retrospective] factual determinations." *Sierra Equity Grp., Inc. v. White Oak Equity Partners, LLC*, 650 F. Supp. 2d 1213, 1231 (S.D. Fla. 2009); *cf. Calderon v. Ashmus*, 523 U.S. 740, 748-49 (1998).

Lastly, this cause of action is clearly frivolous and made solely for the purpose of attempting to manufacture federal question jurisdiction.  *Pristavec*, 593 F. Supp. 3d 930.

e)      **Out-of-State Plaintiffs Cannot Bring Claims Under Other State's Law.**

i.      **Florida Law.**

Counts One through Six must be dismissed with regards to the thirteen out-of-state (or out of country) Plaintiffs because they fail to allege any connection to Florida. They do not claim to have enrolled in YBAs and/or purchased FTTs in Florida, nor to have viewed any statements related to the YouTuber Defendants while in Florida. They thus cannot bring Florida-law claims, all of which require some connection to Florida. *See Montgomery v. New Piper Aircraft, Inc.*, 209 F.R.D. 221, 225 (S.D. Fla. 2002); *Carnival Corp. v. Rolls-Royce PLC*, 2009 WL 3861450, at *6 (S.D. Fla. Nov. 17, 2009); *Coastal Physician Servs. of Broward Cty., Inc. v. Ortiz*, 764 So.2d 7, 8 (Fla. Dist. Ct. App. 1999) (holding that the FDUTPA was for the protection of in-state consumers for either in-state or out-of-state debt collectors); Fla. Stat. § 517.07(1).

ii.      **California Law.**

Counts Seven through Eleven must be dismissed.  First, only two named Plaintiffs are alleged to be residents of California.   These claims are all brought in the alternative on behalf of one alleged plaintiff – Piano.  Yet, Piano is not listed as one of the named sixteen Plaintiffs. Further, these alternative claims were brought on behalf of  non-defined California subclasses.

More importantly, there are no allegations that the alleged misrepresentations to California were disseminated by these Defendants from California.  California. Cal. Bus. & Prof. Code § 17500 expressly applies to claims by out-of-state class members deceived by representations "disseminated from" the state of California.  *Wershba v. Apple Computer, Inc.*, 91 Cal. App. 4th 224, 242 (2001).  Here the only mention of any acts in California relate to an unnamed Plaintiff who allegedly purchased or held legal title to and/or beneficial interest in any fiat or cryptocurrency

- 19 -

deposited or invested through an FTX Platform. *Am. Comp*. ¶¶ 40-41.  Not one of the YouTuber Defendants are alleged to be a resident of California or to have even done business in California.

Courts will not infer reliance under the California Unfair Competition Law where there is evidence that many class members were not exposed to the alleged misrepresentation. *See, e.g., Mazza v. Am. Honda Motor C*o., 666 F.3d 581, 595 (9th Cir. 2012) (holding that a classwide presumption of reliance was inappropriate where many class members never saw the allegedly misleading advertisements prior to purchase); *Campion v. Old Republic Home Prot. Co*., 272 F.R.D. 517, 536 (S.D. Cal. 2011) (denying certification and declining to infer classwide reliance because the proposed class of consumers "may have seen all, some, or none of the advertisements that form the basis of Plaintiff's suit."); *Gonzalez v. Proctor & Gamble Co*., 247 F.R.D. 616, 624-25 (S.D. Cal. 2007) (same); *Sevidal v. Target Corp*., 189 Cal. App. 4th 905, 117 Cal. Rptr. 3d 66, 83 (Cal. Ct. App. 2010) (denying certification  of UCL claim where majority of class members did not see allegedly false representation).   Thus, there is no cohesion among the Plaintiffs even as plead in the Am. Comp.  In such situations, the Court may not infer reliance.

### iii.    Oklahoma Law.

Counts Twelve through Fourteen must also be dismissed in relation to all but one plaintiff, as pled, since only one alleged Plaintiff is a resident of Oklahoma.  These claims are all brought in the alternative on behalf of this one plaintiff – Garrison.  Further, these alternative claims were brought on behalf of undefined Oklahoma subclasses.

Even regarding the one Plaintiff who is alleged to be a resident of Oklahoma, Garrison, there is no allegation that Garrison purchased the alleged securities in Oklahoma.   Under Oklahoma law, to seek the protection for the consumer protections statutes, the consumer transaction must occur within the state. *Cont'l Res., Inc. v. Wolla Oilfield Servs*., LLC, 2022 OK 40 (2022) (holding that the Oklahoma Consumer Protection Act did not apply to consumer

transaction when offending conduct that triggered Act occurred solely within physical boundaries of another state nor where such actions or transactions had no material impact on, or material nexus, to a consumer in the state of Oklahoma.); *Robinson v. Sunshine Homes, Inc*., 2012 OK CIV APP 87 (2010).

## 2.    The Plaintiffs' Claims are Barred Under the PSLRA[13].

This is not a federal question case, but one brought solely on diversity.  The Am. Comp. fails to discuss whether the alleged securities relate to a federally covered security.  While Plaintiffs seek declaratory judgment relating to whether the "YBAs were securities [and] that the FTX Platform did not work as represented" (*id*. ¶ 810), they do not seek the same relating to FTTs and certainly have not shown YBAs and/or FTTs are securities.   There is no other discussion in the Am. Comp., except stating "YBAs and/or FTT sold and offered for sale to Plaintiffs were not: … a federally covered security" in Paragraph 772.  Interestingly, this first leaves the question of whether YBAs or FTTs are even securities.  But it also leaves the questions as to whether Plaintiffs are seeking relief as to the state law definitions of a security or a federal one, as no causes of actions are federal claims. Count Four of the original complaint is now Count Six, but was also amended from Declaratory Judgment pursuant to the Declaratory Judgment Act, Florida Statutes §§ 86.011 et seq. to a basis under the Federal Declaratory Judgment Act.[14]  *Id*. ¶¶ 804-810.

---

[13] Defendants Singh, Jung, Kullberg and Creators Agency do not join in this Section III(A)(2) of the YouTuber Defendants motion to dismiss.

[14] Plaintiffs' attempt to change the declaratory judgment claim (originally Count Four and now Count Six in the Am. Comp.) from a basis in Florida law to federal law is just window dressing. The case law is clear that a claim must relate to the underlying causes of action for which such a declaration is being requested.  *Pristavec v. Meno Holdings SPV, LP*, 593 F. Supp. 3d 930 (2022).  Again, there is nothing here to even suggest any claims are being brought under federal law, much less any State law.

In a recent decision in the Southern District of New York, in the matter of the *Securities and Exchange Commission v. Ripple Labs, Inc*., et. al.,  Case 1:20-cv-10832-AT-SN (July 13, 2023), the Court found that a similar product offered on a similar platform was not a security under the *Howey* test (*SEC v. W.J. Howey Co*., 328 U.S. at 293 (1946)).  Even assuming there is a security involved in this matter, such a class action is barred in Federal Court by the Securities Act of 1933 (1933 Act) and the Class Action Fairness Act of 2005 (CAFA).  Section 22(a) of the 1933 Act, 15 U.S.C. § 77v(a), created concurrent jurisdiction in state and federal courts over claims arising under the Act.  It also specifically provides that such claims brought in state court were not subject to removal to federal court.

If the YBAs and/or FTTs are "covered" securities, then pursuant to 28 U.S.C. § 1332(d)(9) and the nearly identical language of CAFA (28 U.S.C. § 1453(d)), this matter is exempted from this Court's original jurisdiction and as pled, this Court does not have subject matter jurisdiction. *Dominion Energy, Inc. v. City of Warren Police & Fire Ret. Sys*., 928 F.3d 325, 331 (4th Cir. 2019); *Eminence Investors, L.L.L.P. v. Bank of N.Y. Mellon*, 782 F.3d 504 (9th Cir. 2015).  If the YBAs or FTTs are "uncovered" securities, a conflict arises between the 1933 Act and CAFA. While CAFA permits the removal to federal court of high-dollar class actions involving diverse parties, the 1933 Act strictly prohibits it.  In such a situation, the Courts state that the 1933 Act should prevail.  *Williams v. Bristol-Myers Squibb Co*.  2022 U.S. Dist. LEXIS 168901 (S. Dist. NY September 19, 2022);   *Luther v. Countrywide Home Loans Servicing, L.P*., 533 F.3d 1031 (9th Cir. 2008).  The Securities Litigation Uniform Standards Act of 1998 ("SLUSA") forbids the bringing of large securities class actions based upon violations of state law in federal court.  That is exactly what was done here.  Thus, this Court lacks subject matter jurisdiction.

Even if this Court has subject matter jurisdiction, and the YBAs and/or FTTs were a security and Plaintiffs could bring a claim for relief, Plaintiffs further lack standing.  The

Complaint is not certified by any of the Plaintiffs as required under the under the Private Securities Litigation Reform Act ("PSLRA") (15 U.S.C. 78u-4(a)(2)), and the failure to satisfy such requirements is grounds for dismissal.  15 U.S.C. 78u-4(a)(3).  Further, even if this Court has subject matter jurisdiction, the YBAs and/or FTTs were a security and Plaintiffs had standing, the Complaint also fails to state any claims for which relief can be granted.

The PSLRA bars any claims alleging, as here, that the Defendants were acting as investment advisors because the conduct on which the Plaintiffs allegedly relied was conduct that would be actionable under 15 U.S.C. § 78j(b).  *Loftin v. KPMG LLP*, 16 Fla. L. Weekly Fed. D 712, 2002 U.S. Dist. LEXIS 26909 (S.D. Fla. Dec. 10, 2002).  While not stated in the Am. Comp., the claims alleged are really violations § 10(b)(5) of Securities and Exchange Act of 1934, 15 U.S.C. § 78j(b), and S.E.C. Rule 10b-5, 17 CFR 240.10b-5, making fraudulent statements and omissions of material fact in connection with the sale of stock to buyers.  *Greer v. Advanced Equities, Inc.*, 683 F.  Supp. 2d 761 (N.D. Ill. 2010).

### 3.    The Plaintiffs' Claims are Barred Under the First Amendment.

The Supreme Court has not only cautioned against imposing liability for "the expression of an opinion about marketable securities," *Lowe v. SEC*, 472 U.S. 181, 210 n.58 (1985), but also has held that the First Amendment requires dismissal of state tort suits in certain circumstances, *see Snyder v. Phelps*, 562 U.S. 443, 458-59 (2011); *Braun v. Soldier of Fortune Mag., Inc.*, 968 F.2d 1110, 1116 (11th Cir. 1992) ("The Constitution delimits a State's power to award remedies for civil torts.").  As such, dismissal is particularly warranted here, where Plaintiffs challenge speech without alleging a single fact plausibly showing that any Defendant spoke untruthfully or with knowledge that a statement was misleading (and where most did not even speak at all). *See Braun*, 968 F.2d at 1119; *Bose Corp. v. Consumers Union of U.S., Inc.*, 466 U.S. 485, 513-14 (1984).

- 23 -

As pled, the YouTuber Defendants at best would be acting as a publisher offering impersonal investment advice to the general public on a regular basis subject to the publishers exclusion from the Investment Advisers Act of 1940 ("Advisers Act") as further stated in *Lowe*. Thus, even if it could be argued that the Defendants made any of the alleged statements or took the alleged actions, there is no liability under the securities laws based on these exceptions.

**B.**     **The Case Should Be Dismissed Because FTX Is an Indispensable Party.**

Alternatively, even if the Court were to find that Plaintiffs can state a claim (and it should not), it should nonetheless dismiss the action for failure to join an indispensable party. ***FTX*** allegedly provided YBAs and FTTs to Plaintiffs, ***FTX*** allegedly failed to register those accounts with state and federal authorities, and ***FTX*** allegedly misappropriated Plaintiffs' deposits for its own use.  In addition, Plaintiffs seek relief, including restitution of their lost funds, which can only be provided by ***FTX***.  Yet the bankruptcy stay prevents FTX from being joined, *see* 11 U.S.C. § 362(a)(1), (3), and likely prevents discovery from FTX, as well as its former employees.[15]

Under Rule 19, an absent party is necessary where it "claims an interest relating to the subject of the action" and resolution in its absence may, "as a practical matter," impair the absent party's "ability to protect" that interest, or where "the court cannot accord complete relief among existing parties" in that party's absence. Fed. R. Civ. P. 19(a)(1). If, as here, a necessary party cannot be joined, the Court should consider whether "equity and good conscience" allow for

---

[15] *See, e.g.*, *Lewis v. Russell*, 2009 WL 1260290, at *4 (E.D. Cal. May 7, 2009) (precluding non-party discovery based on stay); *In re Phila. Newspapers, LLC*, 423 B.R. 98, 105 (E.D. Pa. 2010) (same). Discovery is also complicated by the ongoing prosecution of Bankman-Fried. *Cf.* Order at 1, *SEC v. Bankman-Fried*, No. 22-cv-10501 (S.D.N.Y. Feb. 13, 2023), ECF No. 16 (granting United States' motion to stay proceedings "until the conclusion of the parallel criminal case"); Order at 1, *CFTC v. Bankman-Fried*, No. 22-cv-10503 (S.D.N.Y. Feb. 13, 2023), ECF No. 38.

resolution of the issues in that party's absence. *Id.* at 19(b).  At both steps, "pragmatic considerations" control. Fed. R. Civ. P. 19 (advisory committee notes to 1966 amendment).

<strong>1.      Under Both Prongs of The Rule 19 Test, FTX Is a Necessary Party.</strong>

If Plaintiffs' claims survive this motion—which they should not—an important issue on the merits would be whether FTX's YBAs or FTTs were securities and, thus, should have been registered with state and federal authorities.  FTX undeniably has an interest in defending the legal status of YBAs and/or FTTs and whether it was required to register the YBAs or FTTs as securities. 15 U.S.C. § 77*l*.  FTX need not "be bound by the judgment" "in the technical sense" for the Court to consider its interests.  *Provident Tradesmens Bank & Tr Co. v. Patterson*, 390 U.S. 102, 110 (1968); *see also Challenge Homes, Inc. v. Greater Naples Care Ctr., Inc.*, 669 F.2d 667, 670 (11th Cir. 1982) (same).  FTX is also in possession of materials that the parties will need to adjudicate this question.  Moreover, Plaintiffs do not allege that any Defendant knew or said anything about YBAs or FTTs, let alone was involved in—much less responsible for—any decision not to register YBAs or FTTs as securities, to the extent that such registration may have been required.  Only FTX is fully incentivized and properly positioned to defend the status of its YBAs and FTTs.

FTX also has a core interest in the relief Plaintiffs seek, including whether YBAs or FTTs are "rescinded" (the only appropriate remedy for Plaintiffs' Florida Securities Act claim, *see Fallani v. Am. Water Corp.*, 574 F. Supp. 81, 84 (S.D. Fla. 1983); Fla. Stat. § 517.211(3)(a), (b)). Any agreement Plaintiffs have regarding their YBAs or FTTs would be with FTX, the entity offering those products, and rescission would void that agreement.  Logically, courts generally "find parties to a contract to be necessary in an action to set aside the contract." *Witmer v. Bates*, 2022 WL 2134593, at *4 (N.D. Ala. June 14, 2022).  This applies fully here, where the absent seller—FTX—is in the midst of a complex bankruptcy proceeding involving active disputes about

- 25 -

whether customer funds are debtor property. *See Carolina Cas. Ins. Co. v. Condor Aerial, LLC*, 2018 WL 5668505, at *3 (N.D. Fla. July 2, 2018) (bankruptcy trustee indispensable).

FTX is also a necessary party because the restitutionary relief Plaintiffs seek can only come from FTX. Defendants have no power to restore deposits given to FTX by Plaintiffs and allegedly misappropriated by FTX. *See* Restatement (Third) of Restitution & Unjust Enrichment § 1 (2011). Indeed, whether Plaintiffs even sustained losses and in what amount depends on the resolution of the FTX bankruptcy proceedings. Likewise, Plaintiffs' request for an injunction "directing the Defendants to identify, with Court supervision, victims of their conduct," cannot be awarded without FTX's involvement. Defendants have no way of knowing who opened YBA accounts or purchased FTTs, when those accounts were opened or purchases made, and which accounts or purchases may have suffered losses. Nor can Plaintiffs' requested injunctive relief—prohibiting "Defendants from continuing those unlawful practices as set forth herein," *id.*—be awarded without FTX's involvement. Furthermore, this request is irrelevant to Defendants because Plaintiffs do not allege **any** continued wrongdoing by the Defendants, which alone defeats the claim for injunctive relief. *Molinos Valle Del Cibao, C. por A. v. Lama*, 633 F.3d 1330, 1344 (11th Cir. 2011).

### 2.     Because FTX Cannot Be Joined or Be Subject to Discovery, "Equity and Good Conscience" Favor Dismissal Under Rule 19(B).

All four Rule 19 factors that courts consider in evaluating the equities favor dismissal: (1) prejudice to the absentee or existing parties; (2) whether any prejudice could be "lessened or avoided;" (3) the adequacy of a judgment rendered without the absentee; and (4) "whether the plaintiff would have an adequate remedy if the action were dismissed." Fed. R. Civ. P. 19(b). FTX and Defendants would suffer in FTX's absence; FTX's interests would be directly affected, and the parties cannot fully or fairly litigate without the "evidence, factors or defenses necessary to

determine" the central issues—all of which are held by FTX. *2 Montauk Highway LLC v. Glob. Partners LP*, 296 F.R.D. 94, 101 (E.D.N.Y. 2013). There is no way to avoid this prejudice, given the bankruptcy stay and Plaintiffs' requested relief.  A remedy in FTX's absence similarly would not be "adequate" because it would not provide Plaintiffs the full relief they request. There are other, more appropriate ways for Plaintiffs to obtain relief—namely, an adversary proceeding against FTX in the bankruptcy court. *See* Fed. R. Bankr. P. 7001.

> **C.**      **Plaintiffs' Alleged Damages Are Not Linked to the Defendants.**

Plaintiffs' complaint should be dismissed because it further fails to connect Defendants with any purported harm experienced by the Plaintiffs.  Plaintiffs' 308 page, 859-paragraph, complaint against the YouTuber Defendants and the S&E Defendants focuses almost exclusively on the alleged actions of FTX, and its founder Bankman-Fried, or cryptocurrency generally, rather than any actions taken by the YouTuber Defendants.

Again, not until paragraph 704 of the Am. Comp. is there a reference to any alleged acts of the YouTuber Defendants.  *Am. Comp.* ¶ 704.  Furthermore, the actual allegations are not specific as to which of these Defendants allegedly endorsed FTX.  *Id*. ¶¶ 704-719.  There is no mention of Defendants Andrei Jikh, Jaspreet Singh, Brian Jung, Jeremy Lefebvre, or Erika Kullberg in this "Digital Creators Defendants" section of the Am. Comp. *Id*. The only mention of Defendant Graham Stephan is in paragraphs 716 and 717.  *Id*.  The only mention of Defendant Creators Agency is in paragraph 715.  *Id*.  Moreover, there are no allegations or even the mention of the YouTuber Defendants endorsing—or even discussing—the alleged securities.  *Id*. ¶¶ 716-717.  None of these alleged statements—or non-statements—could have possibly caused the Plaintiffs to purchase FTX's YBAs or FTTs as Plaintiffs allegedly purchased their YBAs and/or FTTs prior to FTX's bankruptcy filing, yet the only statements included in the complaint by ***any YouTuber defendant***, occurred after FTX's bankruptcy filing.

**D.** **The Am. Comp. is a Shotgun Pleading.**

Plaintiffs' Am. Comp., which describes various cryptocurrency litigation unrelated to this case, the conduct of FTX's founder Bankman-Fried and others within the company, the Securities and Exchange Commission's ("SEC") general approach to cryptocurrency and cases the SEC has brought against other companies, other FTX products not allegedly purchased by Plaintiffs, and FTX's bankruptcy action, among other topics, is a quintessential example of "shotgun pleading," of which this Circuit has little tolerance. *Barmapov v. Amuial*, 986 F.3d 1321, 1324-25 (11th Cir. 2021). These "conclusory, vague and immaterial facts [are] not obviously connected to any particular cause of action." *Weiland v. Palm Beach Cty. Sheriff's Off.*, 792 F.3d 1322 (11th Cir. 2015).

"[A] complaint is a shotgun pleading when it commits 'the relatively rare sin of asserting multiple claims against multiple defendants without specifying which of the defendants are responsible for which acts or omissions, or which of the defendants the claim is brought against.'" *Magnum Constr. Mgmt., LLC v. WSP USA Sols., Inc.*, 522 F. Supp. 3d 1202, 1206 (S.D. Fla. 2021) (Altonaga, J.) (quoting *Weiland*, 792 F.3d at 1313, 1323)). As such, this Am. Comp. fails "to give the defendants adequate notice of the claims against them and the grounds upon which each claim rests," and requires dismissal. *Weiland*, 792 F.3d at 1323; *Magnum Constr. Mgmt., LLC*, 522 F. Supp. 3d at 1206.

A defendant served with a shotgun complaint should move the district court to dismiss the complaint pursuant to FRCP 12(b)(6) or for a more definite statement pursuant to FRCP 12(e) on the ground that the complaint provides it with insufficient notice to enable it to file an answer. *See, e.g., Paylor v. Hartford Fire Ins. Co.*, 748 F.3d 1117, 1126–27 (11th Cir. 2014). The Am. Comp. should be dismissed on this basis alone because Plaintiffs' pleading violates Rules 8(a) and 10(b) of the Federal Rules of Civil Procedure, which require "a short and plain statement of the claim

showing that the pleader is entitled to relief" (Rule 8(a)(2)), and clarity when incorporating allegations from preceding paragraphs (Rule 10(b)). Plaintiff's allegations fail "to give the [D]efendants adequate notice of the claims against them and the grounds upon which each claim rests," instead constituting what the Eleventh Circuit condemns as a "shotgun" pleading. *Vibe Micro, Inc. v. Shabanets*, 878 F.3d 1291, 1295 (11th Cir. 2018); *Weiland,* 792 F.3d at 1320. The district courts have inherent authority to control their dockets and ensure the prompt resolution of lawsuits, which includes the power to dismiss shotgun pleadings. *Jackson v. Bank of Am., N.A.*, 898 F.3d 1348, 13 (11th Cir. 2018). The Am. Comp. is a quintessential shotgun pleading that lumps all Defendants together and commits the "sin of asserting multiple claims against multiple defendants without specifying which of the defendants are responsible for which acts or omissions, or which of the defendants the claim is brought against." *Weiland*, 792 F.3d at 1323. *See Bentley v. Bank of Am., N.A.*, 773 F. Supp. 2d 1367, 1374–75 (S.D. Fla. 2011) (dismissing complaint as shotgun pleading because the plaintiff "improperly lump[ed] Defendants together in these claims despite that Defendants are separate and distinct legal entities" and explaining that a plaintiff "must treat each Defendant as a separate and distinct legal entity and delineate the conduct at issue as to each Defendant.").

### E.  Further Amendment Would Require Leave and Should Be Denied.

Defendants move for dismissal **with** prejudice because the lack of connection between the Defendants' statements—if any—and the alleged harms suffered by Plaintiffs cannot be cured by another amendment.  **FTX** is the entity accused of failing to register the alleged YBA and/or FTTs, violating "its own terms of service," and engaging in an alleged internal fraud by improperly funneling FTX customer funds to a related entity, Alameda Research.  *Am. Comp*. ¶ 132.  While Plaintiffs assert in conclusory fashion that Defendants were "paid to endorse FTX," the Complaint critically fails to detail **how** each YouTuber Defendant purportedly "endorsed" FTX—let alone

the YBAs or FTTs, when and where such endorsement was received by a given plaintiff, and how that alleged endorsement caused that plaintiff to purchase FTX's YBA and/or FTT product, as a result.

Leave should be denied because it would be futile and impose undue prejudice on Defendants. *Opus Grp., LLC v. Enomatic Srl*, 2012 WL 13134611, at *1 (S.D. Fla. Aug. 23, 2012).

WHEREFORE, Defendants respectfully request that the Court dismiss this action with prejudice, award them their attorneys' fees and costs pursuant to Fla. Stat. §§ 501.2105(1) and Fla. Stat. § 517.211(6), and grant them such other and further relief as the Court deems just and proper.

**REQUEST FOR HEARING**

In accordance with Local Rule 7.1(b)(2), the YouTuber Defendants respectfully request that the Court hear oral argument on their Motion to Dismiss because this case involves myriad legal issues and statutory schemes. The YouTuber Defendants believe oral argument would further the Court's understanding of the multiple grounds for dismissal with prejudice. The YouTuber Defendants submit that thirty minutes per side is sufficient for the parties to argue the issues presented.

Dated: September 21, 2023

Respectfully submitted,

**LAW OFFICE OF JOSEF M. MYSOREWALA, PLLC**
2000 S. Dixie Hwy. Ste. 112
Miami, Florida 33133
(305) 356-1031

By*: /s/ Josef M. Mysorewala*
   Josef M. Mysorewala, Esq.
   Fla. Bar No. 105425
   josefm@lawjmm.com

**FLANGAS LAW GROUP**
3275 South Jones Blvd., Suite 105
Las Vegas, NV 89146
Kimberly P. Stein, Esq. (*pro hac vice*)
kps@fdlawlv.com

*Attorneys for Defendants,*
*Graham Stephan, Andrei Jikh and*
*Jeremy Lefebvre*

**STEARNS WEAVER MILLER WEISSLER ALHADEFF & SITTERSON, P.A.**

By: */s/ Jose G. Sepulveda*
Jose G. Sepulveda, Esq.
Florida Bar No. 154490
jsepulveda@stearnsweaver.com
mfigueras@stearnsweaver.com
150 W. Flagler Street, Suite 2000
Miami, Florida 33130
Telephone:  305-789-3200

and

POTOMAC LAW GROUP, PLLC
Derek Adams, Esq., *Pro Hac Vice*
dadams@potomaclaw.com
1717 Pennsylvania Avenue, NW, Suite 1025
Washington, D.C. 20006
Telephone: 202-204-3005

*Counsel for Defendants Erika Kullberg, Brian
Jung and Creators Agency LLC*

**CUMMINGS, MCCLORY, DAVIS &ACHO,
P.C.**

By: *s/Michael O. Cummings*
   Michael O. Cummings
   New York Bar No. 2701506
   mcummings@cmda-law.com
   1185 Avenue of The Americas, Third Floor
   New York, NY 10036
   (212) 547-8810
   Ronald G. Acho
   Michigan Bar No. P-23913
   racho@cmda-law.com
   17436 College Parkway
   Livonia, MI 48152
   (734) 261-2400

*Counsel for Defendant Jaspreet Singh*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on September 21, 2023, a true and correct copy of the foregoing was filed electronically with the Clerk of the Court, by using the CM/ECF system, causing a true and correct copy to be served on all counsel of record.

By: */s/Andi Hughes*