IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION
MDL No. 3076
Case No. 1:23-md-03076-KMM

IN RE:

FTX Cryptocurrency Exchange Collapse Litigation

_____

This Document Relates To:

*Garrison, et al. v. Kevin Paffrath, Graham Stephan,
Andrei Jikh, Jaspreet Singh, Brian Jung,
Jeremy Lefebvre, Tom Nash, Ben Armstrong,
Erika Kullberg, and Creators Agency, LLC*,
Case No. 23-cv-21023

_____/

## "YOUTUBER DEFENDANTS" MOTION TO DISMISS PURSUANT TO FRCP 12(b)(2) AND INCORPORATED MEMORANDUM OF LAW

Defendants Graham Stephan, Andrei Jikh, Jaspreet Singh, Brian Jung, Jeremy Lefebvre, Erika Kullberg, and Creators Agency LLC (collectively, the "YouTuber Defendants" or "Defendants"), by and through their respective undersigned attorneys of record, hereby file this motion asking this Court to dismiss all of the claims for relief in the [Corrected] Administrative Class Action Complaint ("Amended Complaint") filed by Plaintiffs pursuant to FRCP 12(b)(2) (ECF 179)[1] (the "Motion")[2].

---

[1] "ECF" citations are to the docket in this proceeding. References to other proceedings include the initial defendant's name and the ECF number, *e.g.* "*Paffrath* ECF 1" references the Complaint filed in *Garrison v. Paffrath*, No. 23-cv-21023 (S.D. Fla.) (the "Florida Action") or the reference to the State where the action is pending ("Nevada Action ECF").

[2] Defendants are filing this Motion in accordance with the Court's Order, ECF 236 and concurrently with a Motion to Dismiss pursuant to 12(b)(6) (ECF No. 265). Defendants Kullberg is also filing a separate Motion to Dismiss pursuant to 12(b)(5) for insufficient service of process.

**I.      INTRODUCTION**

The YouTuber Defendants hereby move to dismiss Plaintiffs' Amended Complaint ("Am. Comp.") (ECF 179) under FRCP 12(b)(2), as this Court lacks personal jurisdiction over them. The Am. Complaint, which lumps all of the YouTuber Defendants together, does not allege jurisdictional facts sufficient to hale the YouTuber Defendants from their respective home states into a Florida Court and the accompanying declarations confirm that there can never be any basis for the Court to exercise personal jurisdiction over them.

Plaintiffs appear to seek to assert general jurisdiction over the YouTuber Defendants and specific jurisdiction under the tort prong of Florida's Long arm statute. Both fail. First, there is no general jurisdiction over the YouTuber Defendants because none is a resident of Florida, owns property, or conducts business in Florida. It is beyond dispute that the individual YouTuber Defendants are not domiciled in Florida and Creators Agency LLC ("Creators Agency") is not "at home" in Florida. Second, there is no specific jurisdiction over the YouTuber Defendants because none of the YouTuber Defendants committed any tortious acts within the State of Florida or committed any acts in furtherance of any conspiracy in the State of Florida.

Finally, Plaintiffs fail to plead that there are sufficient minimum contacts with the forum to satisfy due process.

**II.     BACKGROUND AND PROCEDURAL HISTORY**

The YouTuber Defendants are alleged "digital creators who provide investor information and advice . . . on their YouTube channels." *Am. Comp*. ¶ 55. As pled, Defendants Graham Stephan, Andrei Jikh, and Jeremy Lefebvre are citizens and residents of Las Vegas, Nevada. *Id*. ¶¶ 69-70, 73. Defendant Jaspreet Singh is a citizen and resident of Detroit, Michigan. *Id*. ¶ 71. Defendant Brian Jung is alleged to be a citizen and resident of Washington, D.C. *Id*. ¶ 72. Plaintiffs do not plead where Defendant Erika Kullberg is a citizen or resident, only that she is,

"upon information and belief," a founder of Defendant Creators Agency. *Id.* ¶ 75. Plaintiffs plead that upon information and belief, Creators Agency is organized and existing under the laws of the State of Delaware and has its principal place of business in Tokyo, Japan. *Id.* ¶ 76.

Consistent with these allegations, Defendants, now and at all times relevant to the Am. Complaint, have never principally resided in Florida. Defendants Graham Stephan, Andrei Jikh, and Jeremy Lefebvre are individuals residing in Las Vegas, Nevada. *See* Declaration of Graham Stephan ("Stephan Decl.") ¶ 3; *see* Declaration of Andrei Jikh ("Jikh Decl.") ¶ 3; and *see* Declaration of Jeremy Lefebvre ("Lefebvre Decl.") ¶ 3. Defendant Jaspreet Singh is an individual residing in Detroit, Michigan. *See* Declaration of Jaspreet Singh ("Singh Decl.") ¶ 3 . Defendant Brian Jung is an individual residing in Rockville, Maryland (not Washington, D.C., as pled). *See* Declaration of Brian Jung ("Jung Decl.") ¶ 4. Defendant Erika Kullberg is an individual who does not reside in Florida and has never principally resided in Florida. *See* Declaration of Erika Kullberg ("Kullberg Decl.") ¶ 3. Defendant Creators Agency is a Wyoming limited liability company that is not registered as a business entity in Florida and does not operate any offices in the State of Florida. *See* Kullberg Decl. on behalf of Creators Agency ("Creators Agency Decl.) ¶¶ 3-6. Additionally, none of the YouTuber Defendants operate any business in Florida or direct any commerce into Florida. *See* Stephan Decl. ¶¶ 5-7; *see* Jikh Decl. ¶¶ 5-7; *see* Lefebvre Decl. ¶¶5-12 ; *see* Singh Decl. ¶ 5-7; *see* Jung Decl. ¶ 5; see Kullberg Decl. ¶ 4; and *see* Creators Agency Decl. ¶¶ 4-6.

Specifically, regarding personal jurisdiction, Plaintiffs merely state in Paragraph 78 of the Am. Complaint that "[t]his Court has jurisdiction over every Defendant in this multi-district litigation because every Defendant was transferred to this forum from a transferor court which had personal jurisdiction over that Defendant." Yet, as Plaintiffs are aware, all of the YouTuber Defendants have disputed personal jurisdiction in the tag-along Florida Action, and personal

jurisdiction has never been waived in this matter. *See* (ECF No. 89, Stephan, Jikh and Lefebvre's Notice Contesting Personal Jurisdiction); (ECF 90, Singh's Notice Contesting Personal Jurisdiction); (ECF 91, Jung, Kullberg, and Creators Agency's Notice Contesting Personal Jurisdiction).

This putative class action was filed on March 15, 2023 (*Paffrath* ECF 1). Thereafter, the Florida Action was stayed (*Paffrath* ECF 120) after the Plaintiffs caused the Florida Action to be added as a tag-along-action to the multi-district litigation. Of note, the YouTuber Defendants raised personal jurisdiction issues prior to the matter being transferred, which the Florida Court found as moot based upon the transfer. (*Paffrath* ECF 119). In its Order Staying the Case, the Florida Court specifically noted that it shall retain jurisdiction and the case shall be restored to the active docket upon motion so that the action may proceed to final disposition.

Upon transfer of the Florida Action to this Multidistrict Litigation, after the Defendants hereunder, among others, further raised personal jurisdiction issues, Plaintiffs' counsel represented to the Court at the Initial Conference that Plaintiffs would moot any personal jurisdiction issues by refiling their claims in the proper venues:

> Given the MDL order, we think the personal jurisdiction issues would be resolved, either that the defendants will accept personal jurisdiction here, or alternatively, to avoid a lengthy fight, we will simply file cases in their homes states that would then be tagalong cases to this Court.

Tr. (ECF 73 at 7:13-17).

Plaintiffs did in fact refile against certain of the YouTuber Defendants. Plaintiffs filed in Nevada against Defendants Graham Stephan, Andrei Jikh, and Jeremy Lefebvre, Case No. 23−01138 (CTO-2); in Michigan against Defendant Jaspreet Singh, Case No. 23−11764(CTO-2); in Maryland against Defendant Brian Jung, Case No. 23−01969(CTO-2);

and in Wyoming against Creators Agency, Case No. 23−00139 (CTO-3). Plaintiffs never refiled against Defendant Erika Kullberg.

Defendants Graham Stephan, Andrei Jikh, and Jeremy Lefebvre filed an opposition to the CTO-2, as well as Defendant Jaspreet Singh. Mr. Jaspreet Sing's Motion to Vacate the CTO-2 is pending. On September 15, 2023, the judicial panel on multidistrict litigation entered an order vacating the Panel's conditional transfer order designated as "CTO-2" as it related to Defendants Graham Stephan, Andrei Jikh, and Jeremy Lefebvre (JP MDL ECF 212). Plaintiffs filed a Notice of Voluntary Dismissal of Case No. 23-01138 on September 5, 2023 in Nevada (Nevada Action ECF 17) and the Nevada Court closed the case as of September 13, 2023 (Nevada Action ECF 18).

Given the foregoing, and Plaintiffs' refusal to dismiss the Florida Action against any of the YouTuber Defendants, personal jurisdiction is still at issue and relevant for all the YouTuber Defendants. The Am. Complaint does not fix these issues or add any new facts concerning personal jurisdiction or purposeful availment.

Notably, it is not until paragraph 704 of the Am. Complaint that there is a reference to any alleged acts of the YouTuber Defendants. *Id*. ¶ 704. Furthermore, the actual allegations are not specific as to which of these Defendants allegedly endorsed FTX, when they endorsed FTX or how they endorsed FTX. *Id*. ¶¶ 704-719. There is no mention of Defendants Andrei Jikh, Jaspreet Singh, Jung, Jeremy Lefebvre, or Kullberg in the "Digital Creators Defendants" section of the Am. Complaint. *Id*. The only mention of Defendant Graham Stephan is in paragraphs 716 and 717. *Id*. The only mention of Defendant Creators Agency is in paragraph 715, in which Plaintiffs do not assert that Creators Agency made any statements about FTX, but rather that it managed talent that allegedly endorsed FTX. *Id*. In reviewing the paragraphs specific to Defendant Graham Stephan and Creators Agency, YBAs and FTTs are not even discussed, and nothing is pled regarding how either endorsed these purported securities. *Id*. ¶¶ 715-717. What is clear, however, is that the Am.

Complaint is remarkably short of factual allegations regarding any activity by the YouTuber Defendants in Florida, how any of the YouTuber Defendants purposefully availed themselves to Florida, or how Plaintiffs' claims purportedly relate to any contacts by any of the YouTuber Defendants with Florida.

Moreover, section N of the Am. Complaint, entitled "Material Ties to Florida" (*Id*. ¶¶ 730-750) does not mention or reference the YouTuber Defendants.

Accordingly, there is no basis for personal jurisdiction over the YouTuber Defendants and Plaintiffs' Complaint should be dismissed.

### III. ARGUMENT

The Court must dismiss this case because this Court lacks personal jurisdiction over the YouTuber Defendants pursuant to FRCP 12(b)(2). To adjudicate a particular suit, a court must have subject matter jurisdiction over the issues to be litigated, *Union Pac. R.R. Co. v. Bhd. of Locomotive Eng'rs*, 130 S. Ct. 584, 596 (2009), as well as personal jurisdiction over the parties, *Int'l Shoe Co. v. Washington*, 326 U.S. 310, 316 (1945). A court must dismiss, or transfer, an action when it lacks personal jurisdiction. *See Verizon Trademark Servs., LLC v. Producers, Inc.*, 810 F. Supp. 2d 1321, 1323-24 (M.D. Fla. 2011). "A plaintiff seeking to establish personal jurisdiction over a nonresident defendant 'bears the initial burden of alleging in the complaint sufficient facts to make out a prima facie case of jurisdiction.'" *Louis Vuitton Malletier, S.A. v. Mosseri*, 736 F.3d 1339, 1350 (11th Cir. 2013) (quoting *United Techs. Corp. v. Mazer*, 556 F.3d 1260, 1274 (11th Cir. 2009)). Stated differently, to defeat a defendant's motion to dismiss for lack of personal jurisdiction, a plaintiff "must establish a prima facie case of personal jurisdiction over a nonresident defendant by presenting enough evidence to withstand a motion for directed verdict." *Snow v. DirecTV, Inc.*, 450 F.3d 1314, 1317 (11th Cir. 2006) (*citing Madara v. Hall*, 916 F.2d 1510, 1514 (11th Cir. 1990)). A prima facie case requires factual allegations "with reasonable

particularity" that there is the possible existence of sufficient "contacts between [the party] and the forum state." *Mellon Bank PSFS v. Farino*, 960 F.2d 1217, 1223 (3d Cir. 1992) (citing *Provident Nat'l Bank v. California Federal Sav. & Loan Asso.*, 819 F.2d 434 (3d Cir. 1987)).

When a defendant challenges jurisdiction and submits an affidavit as supporting evidence, "the burden traditionally shifts back to the plaintiff to produce evidence supporting jurisdiction," *Meier ex rel. Meier v. Sun Int'l Hotels, Ltd.*, 288 F.3d 1264, 1269 (11th Cir. 2002), as long as the affidavit contains "specific factual declarations within the affiant's personal knowledge." *Louis Vuitton*, 736 F.3d at 1351. If a defendant's affidavit only contains conclusory assertions, the burden does not shift. *See Louis Vuitton*, 736 F.3d at 1351. When a defendant satisfies its burden, the plaintiff, in order to justify the exercise of jurisdiction, must "substantiate the jurisdictional allegations in the complaint by affidavits or other competent proof, and not merely reiterate the factual allegations in the complaint." *Polskie Linie Oceaniczne v. Seasafe Transport A/S*, 795 F.2d 968, 972 (11th Cir. 1986); *see also Future Tech. Today, Inc. v. OSF Healthcare Sys.*, 218 F.3d 1247, 1249 (11th Cir. 2000) (finding that once the burden shifts back, a plaintiff must substantiate jurisdictional allegations with affidavits, testimony, or other evidence). "

Whether a court has personal jurisdiction is governed by a two-part analysis. The first step is to "ensure that it has personal jurisdiction over the defendant under the State's long-arm statute." *AN USA Mgmt. Grp., LLC v. Fitness Publications, Inc.*, 2015 WL 11233075, at *1 (S.D. Fla. Mar. 4, 2015) (citing *Cable/Home Commc'n Corp. v. Network Prods.*, Inc., 902 F.2d 829, 855-56 (11th Cir. 1990)).

If the state's long-arm statute is satisfied, the second step tasks the court to "analyze this long-arm jurisdiction under the due process requirements of the federal constitution." *AN USA Mgmt. Grp., LLC*, 2015 WL 11233075, at *1 (quoting *Cable/Home Commc'n Corp.*, 902 F.2d at 857). That analysis depends on whether general and/or specific jurisdiction is claimed. Generally

speaking, "[s]pecific jurisdiction arises out of a party's activities in the forum that are related to the cause of action alleged in the complaint." *Consol. Dev. Corp. v. Sherritt*, Inc., 216 F.3d 1286, 1291 (11th Cir. 2000) (citing *Madara*, 916 F.2d at 1516 n.7, *Helicopteros Nacionales de Colombia, S.A. v. Hall*, 466 U.S. 408, 414, 104 S. Ct. 1868, 80 L. Ed. 2d 404 nn.8-9 (1984)). The minimum contacts required to support specific jurisdiction are only satisfied when a defendant "purposefully avails itself of the privilege of conducting activities within the forum State, thus invoking the benefits and protections of its laws." *Hanson v. Denckla*, 357 U.S. 235, 253, 78 S. Ct. 1228, 2 L. Ed. 2d 1283 (1958).

On the other hand, general jurisdiction "arises from a defendant's contacts with the forum that are unrelated to the cause of action being litigated." *Consol. Dev. Corp.*, 216 F.3d at 1292. "The due process requirements for general personal jurisdiction are more stringent than for specific personal jurisdiction, and require a showing of continuous and systematic general business contacts between the defendant and the forum state." *Id*. (citing *Borg-Warner Acceptance Corp. v. Lovett & Tharpe, Inc.*, 786 F.2d 1055, 1057 (11th Cir. 1996); *Helicopteros*, 466 U.S. at 412-13). General personal jurisdiction occurs in "instances in which the continuous corporate operations within a state [are] so substantial and of such a nature as to justify suit . . . on causes of action arising from dealings entirely distinct from those activities." *International Shoe Co. v. Washington*, 326 U.S. 310, 318, 66 S. Ct. 154, 90 L. Ed. 95 (1945). The U.S. Supreme Court has not "outlined a specific test to follow when analyzing whether a defendant's activities within a state are 'continuous and systematic.' Instead, a court must look at the facts of each case to make such a determination." *LSI Indus., Inc. v. Hubbell Lighting, Inc.*, 232 F.3d 1369, 1375 (Fed. Cir. 2000). However, the Supreme Court has established that general jurisdiction ordinarily exists when it comports with a defendant's place of incorporation or its principal place of business. *See Daimler AG v. Bauman*, 571 U.S. 117, 134 S. Ct. 746, 760, 187 L. Ed. 2d 624 (2014) ("Those

[two] affiliations have the virtue of being unique—that is, each ordinarily indicates only one place—as well as easily ascertainable.").

The due process analysis turns on whether defendants "have certain minimum contacts with the forum, so that the exercise of jurisdiction does not offend traditional notions of fair play and substantial justice." *Consol. Dev. Corp.*, 216 F.3d at 1291 (citing *International Shoe*, 326 U.S. 316; *Borg-Warner Acceptance Corp.*, 786 F.2d at 1057). This prong "imposes a more restrictive requirement" than the first one because it requires that a defendant avail itself of the forum state. *See Execu-Tech Bus. Sys.*, 752 So.2d at 584. It "gives a degree of predictability to the legal system that allows potential defendants to structure their primary conduct with some minimum assurance as to where that conduct will and will not render them liable to suit." *World-Wide Volkswagen Corp.*, 444 U.S. at 297.

As we discuss below, (1) there is no jurisdiction over these Defendants under Florida's long-arm statute, and (2) the exercise of jurisdiction would violate the Due Process Clause of U.S. Constitution. *See Louis Vuitton*, 736 F.3d at 1350; *Mut. Serv. Ins. Co. v. Frit Indus., Inc.*, 358 F.3d 1312, 1319 (11th Cir. 2004). Here, the YouTuber Defendants lack any meaningful contacts with Florida. Specifically, none of the YouTuber Defendants are citizens, domiciled or residents of Florida; none own property in Florida, and none conduct business in Florida. None of the alleged activities or YouTube channels are ecommerce websites, and no purchases were allegedly made from any of the YouTuber Defendants websites or YouTube channels.

A.      **The Court Lacks General Jurisdiction Over the YouTuber Defendants.**

The YouTuber Defendants are not subject to this Court's general jurisdiction. Section 48.193(2) authorizing personal jurisdiction over a person who has "engaged in substantial and not isolated" activity in Florida requires contacts that are "continuous and systematic." *See Wiggins v. Tigrent Inc.*, 147 So. 3d 76, 85 (Fla. 2d DCA 2014). The United States Supreme Court has

explained that general jurisdiction for a business entity rests in the place where the entity is "fairly regarded as at home," which typically is solely where it is incorporated or where its "principal place of business" is located. *Daimler AG v. Bauman*, 571 U.S. 117, 137 (2014). "For an individual, the paradigm forum for the exercise of general jurisdiction is the individual's domicile." *Id.*

Here, there is no dispute that Creators Agency, which is incorporated in Wyoming, cannot be "fairly regarded "at Home" in the State of Florida. Creators Agency Decl. ¶¶ 3-6. Nor, is there any dispute that none of the individual YouTuber Defendants are domiciled in Florida. *See* Stephan Decl. ¶ 3; *see* Jikh Decl. ¶ 3; and *see* Lefebvre Decl. ¶ 3 ; *see* Singh Decl. ¶ 3 ; *see* Jung Decl. ¶¶ 3-4; and *see* Kullberg Decl. ¶ 3.

### B. The Court Lacks Specific Jurisdiction Over the Defendants.

Plaintiffs appear to allege that the YouTuber Defendants are subject to specific jurisdiction under Florida long-arm statute § 48.193(1)(a)(2) because they allegedly "commited[ed] a tortious act within the State of Florida." (*Paffrath* ECF 1, ¶ 33). This conclusory allegation is insufficient because Plaintiffs fail to plead a tortious act or connexity to Florida.

In turning to the question of specific jurisdiction under Florida's long-arm, certain acts that cause injuries in Florida may allow for a nonresident defendant to be sued in this state. *See* Fla. Stat. § 48.193 ("A person . . . who personally or through an agent does any of the acts enumerated in this subsection thereby submits himself or herself . . . to the jurisdiction of the courts of this state for any cause of action arising from . . . [c]omitting a tortious act within this state."). In addition, the long-arm statute contains a "connexity requirement: the existence of a causal connection between the defendant's activities in Florida and the plaintiff's cause of action." *Woodruff-Sawyer & Co. v. Ghilotti*, 255 So. 3d 423, 430 (Fla. 3d DCA 2018); *see also Wendt v.*

- 9 -

*Horowitz*, 822 So. 2d 1252, 1260 (Fla. 2002); *Wiggins v. Tigrent*, 147 So.3d 76, 87 (Fla. 2d DCA 2014).

Plaintiffs' allegations are insufficient to establish personal jurisdiction over the YouTuber Defendants because Plaintiffs never allege that any acts or injuries occurred in Florida. Instead, Plaintiffs rely on the fact that the YouTube channels can be viewed in Florida. The mere posting of content to an online website cannot create personal jurisdiction everywhere that website can be viewed. *See Louis Vuitton Malletier, S.A. v. Mosseri*, 736 F.3d 1339, 1357 (11th Cir. 2013) ("We are not saying that the mere operation of an interactive website alone gives rise to purposeful availment anywhere the website can be accessed."); *see also DCS Real Estate Investments, LLC v. Bella Collina Events, LLC*, 2015 U.S. Dist. LEXIS 17282, 2015 WL 628586, at *3 (M.D. Fla. Feb. 12, 2015) ("[T]he mere posting of an infringing trademark on a website 'without more' 'is insufficient to demonstrate that BCE purposefully aimed its activity toward Florida.'") (quoting *Licciardello v. Lovelady*, 544 F.3d 1280, 1287 (11th Cir. 2008)); *Panavision Int'l, L.P. v. Toeppen*, 141 F.3d 1316, 1321-22 (9th Cir.1998). There are no allegations that Kullberg or Creators Agency posted anything on YouTube.

Here, other than the lone conclusory allegations in Paragraph 33 of the Florida Action Complaint (*Paffrath* ECF 1, ¶ 33), there are simply no allegations to support a finding that any alleged tortious conduct occurred in Florida. Furthermore, the conclusory allegations lump all of the YouTuber Defendants together, and thus fails to satisfy Plaintiffs' obligation to plead jurisdictional facts as to each YouTuber Defendant. *Flava Works, Inc. v. Roje on Holiday, Inc.*, 2012 WL 1535686, at *5 (S.D. Fla. May 1, 2012) (a plaintiff "must establish personal jurisdiction over each individual Defendant based on that Defendant's activities in and contacts with Florida").

Similarly, Plaintiffs allege no facts to support the conclusory allegations that the YouTuber Defendants formed part of an actionable conspiracy. Plaintiffs fail to "allege viable facts from

which the inference could reasonably be drawn that [YouTuber Defendants were] part of a conspiracy either engineered in Florida or pursuant to which a tortious act in furtherance was committed in Florida." *United Tech Corp. v. Mazer*, 556 F. 3d 1260, 1283 (Fla. 11th Cir. 2009). There are no direct allegations tying any YouTuber Defendant to any agreement with anybody to do something unlawful in Florida.

There is also no connexity to Florida. Plaintiffs fail to allege that they purchased any YBAs or FTTs from Florida or that they viewed any of the YouTuber Defendants alleged statements from Florida. This is fatal to their attempts to establish connexity to Florida. *Paws Abroad, LLC v. Di Donata*, 2012 WL 1252763, *3-4 (M.D. Fla. April 13, 2012) (statements on website insufficient to confer jurisdiction where Plaintiff failed to allege that the statements were read by anyone in Florida).

Simply put, the Complaint fails to allege that the YouTuber Defendants committed a tortious act in Florida or that Plaintiffs' claims arise out of the YouTuber Defendants' Florida contacts. Consequently, this Court does not have specific jurisdiction over the YouTuber Defendants under Fla. Stat. § 48.193 (1)(a)(2).

### C. Exercising Personal Jurisdiction Does not Comport with Due Process.

While no basis for jurisdiction under Florida's long-arm statute exists here, Plaintiffs' jurisdictional theory fares no better under the second prong—consideration of the federal constitutional limits on the exercise of personal jurisdiction. *See Venetian Salami Co.*, 554 So. 2d at 502 (meeting the long arm statute does "not automatically satisfy the due process requirement of minimum contacts."). This second prong is "controlled by United States Supreme Court precedent interpreting the Due Process Clause and imposes a more restrictive requirement" than the long-arm statute's broad grant of jurisdiction. *Internet Solutions Corp. v. Marshall,* 39 So. 3d 1201, 1207 (Fla. 2010) (quoting *Wendt v. Horowitz,* 822 So. 2d 1252, 1257 (Fla. 2002)).

In *International Shoe Co. v. Washington*, 326 U.S. 310, 316 (1945), the U.S. Supreme Court held that in order to subject a non-resident defendant to *in personam* jurisdiction in the forum state, due process requires that the defendant have certain minimum contacts with the forum such that the maintenance of the suit does not offend traditional notions of fair play and substantial justice. In *World-Wide Volkswagen Corp. v. Woodson*, 444 U.S. 286, 297 (1980), the Court stated that the test is whether the defendant's conduct in connection with the forum state is "such that he should reasonably anticipate being hauled into court there."

To be subject to personal jurisdiction, a non-resident defendant must purposefully avail himself of the privilege of conducting activities within the forum state, thus invoking the benefits and protections of its laws. *See Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 474-75 (1985). The "purposeful availment" test requires that the defendant deliberately engaged "in significant activities within a state or . . . created 'continuing obligations' between himself and residents of the forum." *Id.* at 475-76.

As explained above, none of Plaintiffs' claims arise out of any Florida contact by the YouTuber Defendants. And Plaintiffs' allegations fall woefully short of the necessary continuous and systematic general business contacts necessary to satisfy due process. *Caiazzo v. Am. Royal Arts Corp.,* 73 So.3d 245, 259 (Fla. 4th DCA 2011. *See Pinnacle Insurance & Fin. Services, LLC v. Sehnoutka,* 2017 WL 3193641 at *12 (M.D. Fla. 2017) (failed to satisfy minimum contacts prong of due process analysis over nonresident employees who traveled to Florida eight times in three years, had weekly calls and "almost daily" email exchanges with the Florida-based plaintiff, but allegedly breached restrictive covenants outside of Florida); *Arch Aluminum & Glass Co. v. Haney*, 964 So. 2d 228 (Fla. 4th DCA 2007) (nonresident competitor of glass fabricator did not have "minimum contacts" with the forum state required by due process for personal jurisdiction in

misappropriation of trade secrets action, where competitor operated exclusively outside the state, did not compete for customers in the state, and had no other business interests in the state).

Federal appellate courts applying due process analysis have also rejected Plaintiffs' position because it would result in any corporation being sued in any state wherever an online website is viewable. *See, e.g., Louis Vuitton Malletier, S.A.*, 736 F.3d at 1357 ("We are not saying that the mere operation of an interactive website alone gives rise to purposeful availment anywhere the website can be accessed."); *be2 LLC v. Ivanov*, 642 F.3d 555, 558-59 (7th Cir. 2011) (concluding that there was insufficient evidence that the defendant, operator of a dating website which made user accounts freely available, purposefully availed himself of doing business in Illinois); *Carefirst of Md., Inc. v. Carefirst Pregnancy Ctrs., Inc.*, 334 F.3d 390, 400-01 (4th Cir. 2003) (concluding that the Illinois defendant's semi-interactive website alone did not create personal jurisdiction in Maryland because the overall content of the defendant's website had a strongly local character emphasizing its "mission to assist Chicago-area women in pregnancy crises"); *Revell v. Lidov*, 317 F.3d 467, 471 (5th Cir. 2002) ("Though the maintenance of a website is, in a sense, a continuous presence everywhere in the world, the cited contacts of [the defendant] with Texas [*26] are not in any way 'substantial.'"); *Hy Cite Corp. v. Badbusinessbureau.com,* L.L.C., 297 F. Supp. 2d 1154, 1161 (W.D. Wis. 2004); ("Plaintiff's argument that general jurisdiction exists in this case [involving the defendant's internet activities in the forum state] borders on the frivolous."); *Bird v. Parsons*, 289 F.3d 865, 874 (6th Cir. 2002) ("[T]he fact that [the defendant] maintains a website that is accessible to anyone over the Internet is insufficient to justify general jurisdiction.").

In addition, notwithstanding the fact that Plaintiffs' claims did not arise in Florida and the YouTuber Defendants have almost no contacts with Florida, litigating this matter in a Florida court would upset fair play and substantial justice because of the substantial time and monetary burden on the YouTuber Defendants. *Estes v. Rodin,* 259 So. 3d 197-98 (Fla. 3d DCA 2018) (fair play

- 14 -

and substantial justice not satisfied over nonresident individual defendants that did not reside, do business, or have relevant contacts with Florida)

WHEREFORE, Defendants respectfully request that the Court dismiss this action with prejudice, award them their attorneys' fees and costs pursuant to Fla. Stat. §§ 501.2105(1) and Fla. Stat. § 517.211(6), and grant them such other and further relief as the Court deems just and proper.

**Local Rule 7.1(a)(3) Certification**

The YouTuber Defendants certify that they conferred in good faith via several zoom conferences with Plaintiffs' counsel in a good faith effort to resolve the issues related to personal jurisdiction and have been unable to resolve the dispute.

Dated: September 21, 2023                               Respectfully submitted,

**LAW OFFICE OF JOSEF M. MYSOREWALA, PLLC**
2000 S. Dixie Hwy. Ste. 112
Miami, Florida 33133
(305) 356-1031

By: */s/ Josef M. Mysorewala*
    Josef M. Mysorewala, Esq.
    Fla. Bar No. 105425
    josefm@lawjmm.com


**FLANGAS LAW GROUP**
3275 South Jones Blvd., Suite 105
Las Vegas, NV 89146
Kimberly P. Stein, Esq. (*pro hac vice*)
kps@fdlawlv.com

*Attorneys for Defendants,*
*Graham Stephan, Andrei Jikh and*
*Jeremy Lefebvre*

**STEARNS WEAVER MILLER WEISSLER ALHADEFF & SITTERSON, P.A.**

By: */s/ Jose G. Sepulveda*
Jose G. Sepulveda, Esq.
Florida Bar No. 154490
jsepulveda@stearnsweaver.com
mfigueras@stearnsweaver.com
150 W. Flagler Street, Suite 2000
Miami, Florida 33130
Telephone: 305-789-3200

and

POTOMAC LAW GROUP, PLLC
Derek Adams, Esq., *Pro Hac Vice*
dadams@potomaclaw.com
1300 Pennsylvania Avenue, NW, Suite 700
Washington, D.C. 20004
Telephone: 202-204-3005

*Counsel for Defendants Erika Kullberg, Brian Jung and Creators Agency LLC*

**CUMMINGS, MCCLORY, DAVIS &ACHO, P.C.**

By: *s/Michael O. Cummings*
   Michael O. Cummings
   New York Bar No. 2701506
   mcummings@cmda-law.com
   1185 Avenue of The Americas, Third Floor
   New York, NY 10036
   (212) 547-8810
   Ronald G. Acho
   Michigan Bar No. P-23913
   racho@cmda-law.com
   17436 College Parkway
   Livonia, MI 48152
   (734) 261-2400

*Counsel for Defendant Jaspreet Singh*

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on September 21, 2023, a true and correct copy of the foregoing was filed electronically with the Clerk of the Court, by using the CM/ECF system, causing a true and correct copy to be served on all counsel of record.

By: */s/Andi Hughes*