**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**
No. 1:23-md-3076-KMM

| |
|---|
| *In re* |
| |
| *FTX Cryptocurrency Exchange Collapse Litigation* |
| |
| This Document Relates to the Administrative Class Action Complaint and Demand for Jury Trial as to the Bank Defendants (ECF No. 155) |
| |

**DEFENDANTS DELTEC BANK AND TRUST COMPANY LIMITED AND
JEAN CHALOPIN'S MOTION TO DISMISS THE CLASS ACTION COMPLAINT
<u>AS TO BANK DEFENDANTS</u>**

**<u>TABLE OF CONTENTS</u>**

Page

INTRODUCTION ................................................................................................................ 1

ARGUMENT ...................................................................................................................... 4

I.     PLAINTIFFS FAIL TO ESTABLISH THAT ANY COURT IN FLORIDA
OR WASHINGTON CAN EXERCISE PERSONAL JURISDICTION
OVER DELTEC OR MR. CHALOPIN .................................................................. 4

     A.     Plaintiffs Fail to Establish a Prima Facie Case Supporting
Personal Jurisdiction Over Either Deltec or Mr. Chalopin in
Florida or Washington ................................................................................ 5

     B.     Plaintiffs Fail to Allege Sufficient Facts to Establish Personal
Jurisdiction Over Either Deltec or Mr. Chalopin Pursuant to
Florida's Long-Arm Statute ....................................................................... 6

          1.     Plaintiffs' Allegations Fail to Establish that Either Deltec
or Mr. Chalopin Conducted Any Business in Florida.................... 7

          2.     Plaintiffs' Allegations Fail to Establish that Either Deltec
or Mr. Chalopin Committed a Tortious Act Within Florida........... 8

          3.     Plaintiffs Fail to Allege Facts Supporting the Conclusion
that Asserting Personal Jurisdiction Over Either Deltec or
Mr. Chalopin Comports with Constitutional Due Process............. 8

     C.     Plaintiffs Fail to Allege Sufficient Facts to Establish Personal
Jurisdiction Over Either Deltec or Mr. Chalopin Pursuant to
Washington's Long-Arm Statute ................................................................ 9

II.     PLAINTIFFS FAIL TO PLEAD ANY PLAUSIBLE CLAIM AGAINST
EITHER DELTEC OR MR. CHALOPIN ........................................................... 12

     A.     Plaintiffs Fail to Allege a Plausible Civil Conspiracy Claim as to
Either Deltec or Mr. Chalopin ................................................................. 13

          1.     Plaintiffs Fail to Allege the Existence of an Agreement
Among Deltec, Mr. Chalopin, and FTX to Purportedly
Commit Any Wrongful Acts......................................................... 13

          2.     Plaintiffs Fail to Allege Any Overt Act Committed by
Deltec or Mr. Chalopin in Furtherance of the Purported
Conspiracy .................................................................................. 15

    B.    Plaintiffs Fail to Allege that Either Deltec or Mr. Chalopin
Aided and Abetted Any Fraud, Breach of Fiduciary Duty,
or Conversion by FTX ................................................................... 16

            1.    Plaintiffs Fail to Allege that Either Deltec or Mr. Chalopin
Had Actual Knowledge of FTX's Alleged Fraud, Breach of
Fiduciary Duty, or Conversion ...................................... 18

            2.    Plaintiffs Fail to Allege that Either Deltec or Mr. Chalopin
Provided Substantial Assistance in Furtherance of FTX's
Alleged Fraud, Breach of Fiduciary Duty, or Conversion........... 21

    C.    Plaintiffs Fail to Allege that Deltec Was Unjustly Enriched ................... 23

CONCLUSION ........................................................................................... 24

## **TABLE OF AUTHORITIES**

### Cases

PAGE(S)

*Alhassid v. Bank of Am., N.A.*,
  60 F. Supp. 3d 1302 (S.D. Fla. 2014) .............................................................. 13, 14

*Am. Safety Ins. Serv., Inc. v. Griggs*,
  959 So. 2d 322 (Fla. 5th DCA 2007) .................................................................. 23

*Am. United Life Ins. Co. v. Martinez*,
  480 F.3d 1043 (11th Cir. 2007) ........................................................................ 12

*Amazon.com Servs. LLC v. Paradigm Clinical Rsch. Inst., Inc.*,
  631 F. Supp. 3d 950 (W.D. Wash. 2022) .................................................. 9, 10, 11

*Ashcroft v. Iqbal*,
  556 U.S. 662 (2009) ........................................................................................ 12

*Austin v. Ettl*,
  286 P.3d 85 (Wash. Ct. App. 2012) .................................................................. 23

*Bell Atl. Corp. v. Twombly*,
  550 U.S. 544 (2007) ........................................................................................ 12

*Borislow v. Canaccord Genuity Grp., Inc.*,
  2014 WL 12580259 (S.D. Fla. June 27, 2014) .............................................. 4, 6, 7

*In re Brican Am. LLC*,
  2015 WL 11661980 (S.D. Fla. Aug. 4, 2015) ..................................................... 19

*Cafasso, U.S. ex rel. v. Gen. Dynamics C4 Sys. Inc.*,
  637 F.3d 1047 (9th Cir. 2011) .......................................................................... 13

*Carlson v. Armstrong World Indus., Inc.*,
  693 F. Supp. 1073 (S.D. Fla. 1987) ................................................................... 16

*Corbett v. Transp. Sec. Admin.*,
  968 F. Supp. 2d 1171 (S.D. Fla. 2012), *aff'd*, 568 F. App'x 690 (11th Cir. 2014) ................ 13

*Cordell Consultant, Inc. Money Purchase Plan & Tr. v. Abbott*,
  2012 WL 13148744 (S.D. Fla. July 11, 2012) ................................................... 22

*Dehlin v. Forget Me Not Animal Shelter*,
  2017 WL 4712142 (Wash. App. Div. 3 Oct. 19, 2017) ........................................ 13

*In re Consol. Meridian Funds*,
  485 B.R. 604 (Bankr. W.D. Wash. 2013) ................................................... *passim*

*In re Delta Dental Antitrust Litig.*,
   509 F. Supp. 3d 1377 (J.P.M.L. 2020) ................................................................. 5

*Domain Tools, LLC v. Smith*,
   2012 WL 13019593 (W.D. Wash. July 18, 2012) ................................................. 6

*Est. of Cosio v. Alvarez*,
   181 F. App'x 894 (11th Cir. 2006) ...................................................................... 12

*Fla. Power Corp. v. City of Winter Park*,
   887 So. 2d 1237 (Fla. 2004) .............................................................................. 23

*Flava Works, Inc. v. Roje on Holiday Inc.*,
   2012 WL 1535684 (S.D. Fla. May 1, 2012) ........................................................ 5

*Funding Metrics, LLC v. Decision One Debt Relief LLC*,
   2019 WL 861268 (S.D. Fla. Feb. 22, 2019) ....................................................... 22

*Groom v. Bank of Am.*,
   2012 WL 50250 (M.D. Fla. Jan. 9, 2012) .......................................................... 22

*Hearst v. West*,
   31 F. App'x 366 (9th Cir. 2002) .......................................................................... 4

*Honig v. Kornfeld*,
   339 F. Supp. 3d 1323 (S.D. Fla. 2018) .............................................................. 14

*Lamm v. State St. Bank & Tr.*,
   749 F.3d 938 (11th Cir. 2014) ............................................................................ 20

*Lawrence v. Bank of Am., N.A.*,
   455 F. App'x 904 (11th Cir. 2012) ....................................................... 17, 21, 22

*Malone v. Nuber*,
   2009 WL 481285 (W.D. Wash. Feb. 23, 2009) ................................................ 4, 5

*Martinec v. Party Line Cruise Co.*,
   2007 WL 3197610 (S.D. Fla. Oct. 29, 2007) ...................................................... 6

*Nat'l Sur. Corp. v. Immunex Corp.*,
   162 Wash. App. 762, 256 P.3d 439 (2011) ....................................................... 23

*Neravetla v. Va. Mason Med. Ctr.*,
   2014 WL 12787876 (W.D. Wash. May 23, 2014) .............................................. 14

*Omnipol, A.S. v. Multinational Def. Servs., LLC*,
   32 F.4th 1298, 1308 (11th Cir. 2022) ................................................................ 23

*Paskenta Band of Nomlaki Indians v. Umpqua Bank*,
   846 F. App'x 589 (9th Cir. 2021) ....................................................................... 22

*PlastWood SRL v. Rose Art Indus., Inc.*,
  2007 WL 3129589 (W.D. Wash. Oct. 23, 2007) .................................................................. 11

*Platinum Ests., Inc. v. TD Bank, N.A.*,
  2012 WL 760791 (S.D. Fla. Mar. 8, 2012) .......................................................................... 18

*Prunty v. Arnold & Itkin LLP*,
  753 F. App'x 731 (11th Cir. 2018) ...................................................................................... 7

*PVC Windoors, Inc. v. Babbitbay Beach Constr., N.V.*,
  598 F.3d 802 (11th Cir. 2010) .......................................................................................... 7, 9

*Rai-Choudhury v. Univ. of Bri. Columbia*,
  2018 WL 6650838 (W.D. Wash. Dec. 19, 2018) ...................................................... 10, 11, 12

*Rogers v. Nacchio*,
  241 F. App'x 602 (11th Cir. 2007) ...................................................................................... 9

*Savoia-McHugh v. Glass*,
  2020 WL 12309558 (N.D. Fla. Aug. 5, 2020) ...................................................................... 8

*S.E.C. v. Sandifur*,
  2006 WL 538210 (W.D. Wash. Mar. 2, 2006)............................................................... 12, 20

*Taylor v. Moskow*,
  717 F. App'x 836 (11th Cir. 2017) ...................................................................................... 6

*United Techs. Corp. v. Mazer*,
  556 F.3d 1260 (11th Cir. 2009) .......................................................................................... 8

*Vess v. Ciba-Geigy Corp. USA*,
  317 F.3d 1097 (9th Cir. 2003) .......................................................................................... 23

*Wang v. Revere Cap. Mgmt., LLC*,
  2023 WL 2198570 (S.D. Fla. Feb. 15, 2023), *report and rec. adopted*,
  2023 WL 2183382 (S.D. Fla. Feb. 22, 2023) .............................................................. 12, 20

*Young v. Rayan*,
  533 P.3d 123 (Wash. Ct. App. 2023) ................................................................................ 15

## STATUTES & RULES

Fla. Stat. Ann. § 48.193(1)(a)(1) ........................................................................................... 7

Fla. Stat. Ann. § 48.193(1)(a)(2) ........................................................................................... 8

Fed. R. Civ. P. 4 ................................................................................................................... 4

Fed. R. Civ. P. 9(b) .......................................................................................................... 1, 12

Fed. R. Civ. P. 12(b)(2) ........................................................................................................ 1

Fed. R. Civ. P. 12(b)(5) ........................................................................................................ 1, 4

Fed. R. Civ. P. 12(b)(6) ....................................................................................................... 1, 12

Defendants Deltec Bank and Trust Company Limited ("Deltec") and Jean Chalopin, by and through their undersigned attorneys, and pursuant to Rules 12(b)(2), 12(b)(5), 12(b)(6), and 9(b) of the Federal Rules of Civil Procedure, respectfully submit this memorandum of law in support of their motion to dismiss the claims alleged against each of them in the Administrative Class Action Complaint as to the Bank Defendants (the "Complaint"), filed by Plaintiffs in this multidistrict litigation.  (ECF No. 155.)

The Complaint stems from two duplicative actions transferred to this Court for coordinated proceedings.  First, on February 22, 2023, Connor O'Keefe filed a putative class action complaint in this district against multiple defendants, including Deltec and Mr. Chalopin. *See O'Keefe v. Sequoia Cap. Operations, LLC et al.*, No. 1:23-cv-20700 (S.D. Fla. filed Feb. 22, 2023).  After that original action was coordinated with the multidistrict litigation, and after Deltec and Mr. Chalopin informed plaintiffs that they were not subject to personal jurisdiction in the United States, O'Keefe filed a second, virtually identical complaint against Deltec and Mr. Chalopin in the Eastern District of Washington.  *See O'Keefe v. Farmington State Bank et al.*, No. 2:23-cv-00213 (E.D. Wash. filed Jul. 26, 2023).

Deltec and Mr. Chalopin move to dismiss all claims under Florida and Washington law.

## INTRODUCTION

Defendants Deltec and Jean Chalopin make this motion to dismiss all claims against them on the grounds that there is no personal jurisdiction over them in either Florida or Washington, and on the grounds that Plaintiffs have failed to state a claim under either Florida or Washington law.  The claims should be dismissed with prejudice.

Defendant Deltec is a fully licensed and regulated foreign bank operating in The Bahamas.  (Compl. ¶ 29.)  Defendant Jean Chalopin is a foreign individual domiciled in The Bahamas, who at all relevant times served as the Chairman of Deltec.  (Compl. ¶ 31.)  In

conclusory terms, Plaintiffs allege that Deltec and Mr. Chalopin provided banking services to FTX that—in some unspecified way—assisted the now-collapsed cryptocurrency exchange in "trafficking" customer funds "across the U.S. border," while allegedly having knowledge that FTX was "misappropriating" these funds.  (Compl. ¶¶ 283, 316.)

Plaintiffs do not allege that either Deltec or Mr. Chalopin: resides or is domiciled in Florida or Washington; conducted any business in either state; maintained any offices or other presence in either state; had any communications with FTX, its founder, Sam Bankman-Fried ("SBF"), or any FTX employee regarding any alleged conspiracy, fraud, or other wrongdoing; or violated any regulations in providing banking services to FTX.  And beyond a series of conclusory allegations that Deltec and Mr. Chalopin "gained an awareness of FTX's fraud" based on their "close ties" with FTX (Compl. ¶¶ 293, 298, 305), Plaintiffs do not allege how or when Deltec and Mr. Chalopin supposedly acquired this knowledge, or what they allegedly knew about FTX's conduct.  Indeed, Plaintiffs allege nothing that comes anywhere close to satisfying Rule 9(b), among many other shortcomings.

Despite these glaring and incurable gaps, Plaintiffs somehow seek to hold Deltec and Mr. Chalopin liable for the fallout from FTX's collapse.  But Deltec and Mr. Chalopin simply are not a credible part of this story; the mere allegation that Deltec provided lawful and appropriate banking services to FTX does not transform them into willing participants in any conspiracy to defraud FTX's customers, nor does it show that either Deltec or Mr. Chalopin knew *anything* about FTX's conduct.  To that end, this Court should dismiss Plaintiffs' claims against Deltec and Mr. Chalopin for four principal reasons.

*First*, the allegations in the Complaint are insufficient to satisfy Plaintiffs' burden of establishing personal jurisdiction over either Deltec or Mr. Chalopin, both of whom are

nonresidents who are not alleged to have taken any acts within Florida or Washington, maintained any presence in either state, or conducted business in either state. In the face of allegations utterly lacking in jurisdictional facts—coupled with affirmative allegations concerning the presence of Deltec and Mr. Chalopin in The Bahamas—the Complaint must be dismissed with prejudice.

*Second*, Plaintiffs fail to allege that either Deltec or Mr. Chalopin participated in any conspiracy with FTX to misappropriate customer funds or commit any other wrongful act. And despite grouping Deltec and Mr. Chalopin together with Farmington State Bank ("Farmington")—a separate entity partly owned by Mr. Chalopin—in the category of "Bank Defendants," Plaintiffs do not include a single allegation regarding whether, how, or with whom the "Bank Defendants" agreed to conspire, whether collectively or individually. Indeed, Plaintiffs fail to identify even the most basic elements of any purported agreement to conspire, including: its participants; when, where, or how the agreement was established; how the alleged co-conspirators communicated with one another; or any details whatsoever about the terms of this agreement. Plaintiffs fail to do so for the simple reason that such an agreement to conspire did not—and does not—exist. Thus, Plaintiffs' civil conspiracy claim as to Deltec and Mr. Chalopin must be dismissed.

*Third*, with regard to all three aiding and abetting claims alleged against Deltec and Mr. Chalopin, Plaintiffs have failed to adequately plead that either one knowingly participated in any underlying violations of law, or that they provided any substantial assistance to those who allegedly committed the underlying violations. Apart from a handful of conclusory and overtly conjectural allegations, Plaintiffs are entirely silent as to what Deltec or Mr. Chalopin knew about any alleged fraud or other violations of law, how or when they supposedly gained this

knowledge, or what steps they took in furtherance of any illegal acts.  This is insufficient to state a claim for aiding and abetting under well-established Florida and Washington law.

*Fourth*, Plaintiffs' unjust enrichment claim against Deltec fails too.  The law is clear that, to survive a motion to dismiss, Plaintiffs must allege that they conferred a benefit upon the defendant.  But there is no allegation that Plaintiffs directly conferred any benefit on Deltec, and under both Florida and Washington law, this is fatal to an unjust enrichment claim.

In sum, the claims against Deltec and Mr. Chalopin do not satisfy any pleading standard. They were seemingly named as defendants after it became clear that other targets were—or soon would become—judgment-proof.  But Plaintiffs' desire for recovery does not create personal jurisdiction or make these claims viable.  This Court should dismiss all claims against Deltec and Mr. Chalopin with prejudice.[1]

## ARGUMENT

## I.  PLAINTIFFS FAIL TO ESTABLISH THAT ANY COURT IN FLORIDA OR WASHINGTON CAN EXERCISE PERSONAL JURISDICTION OVER DELTEC OR MR. CHALOPIN

Plaintiffs bear the initial burden of establishing a prima facie case of personal jurisdiction over a defendant, *Borislow v. Canaccord Genuity Grp. Inc.*, 2014 WL 12580259, at *4 (S.D. Fla. June 27, 2014); *Malone v. Nuber*, 2009 WL 481285, at *1 (W.D. Wash. Feb. 23, 2009), but have failed to meet their threshold burden here.  Indeed, Plaintiffs have affirmatively alleged that both Deltec and Mr. Chalopin are *Bahamian residents* who are not alleged to have taken *any* actions

---

[1] The complaint filed in Washington is subject to dismissal for the additional reason that Plaintiffs have failed to effect service on either Deltec or Mr. Chalopin.  *See* Fed. R. Civ. P. 4, 12(b)(5); *see also Hearst v. West*, 31 F. App'x 366, 369 (9th Cir. 2002) (dismissing complaint with prejudice for failure to timely effect service where plaintiff "had a practically identical action . . . pending against [the defendant] in the same court in which he perfected service").

within the United States.  (Compl. ¶¶ 29, 31.)  This alone warrants dismissal of the Complaint as

to Deltec and Mr. Chalopin with prejudice.[2]

### A.   Plaintiffs Fail to Establish a Prima Facie Case Supporting Personal Jurisdiction Over Either Deltec or Mr. Chalopin in Florida or Washington

In lieu of alleging specific facts that would establish a prima facie case of jurisdiction

over Deltec or Mr. Chalopin in either Florida or Washington, Plaintiffs instead state broadly, and

in undifferentiated terms, that "[t]his Court has jurisdiction over every MDL Defendant in this

multi-district litigation because every MDL Defendant was transferred to this forum from a

transferor court which had personal jurisdiction over that MDL Defendant."  (Compl. ¶ 33.)

With regard to Deltec and Mr. Chalopin, each of whom is alleged to be a resident of The

Bahamas (Compl. ¶¶ 29, 31), this statement is not only plainly incorrect, but also wholly

inadequate to discharge Plaintiffs' burden of establishing personal jurisdiction over each

individual defendant.  Under Florida law, it is insufficient to "indiscriminately lump[ ]"

defendants together in asserting jurisdictional allegations—Plaintiffs "must establish personal

jurisdiction over each individual Defendant based on that Defendant's activities in and contacts

with Florida."  *Flava Works, Inc. v. Roje on Holiday Inc.*, 2012 WL 1535684, at *5 (S.D. Fla.

May 1, 2012).  The same is true under Washington law—in analyzing personal jurisdiction,

"[e]ach defendant's contacts with the forum State must be assessed individually."  *Malone v.

Nuber*, 2009 WL 481285, at *2 (W.D. Wash. Feb. 23, 2009).

Here, Plaintiffs do not allege any facts to support a connection between Deltec or Mr.

Chalopin and Florida or Washington.  Even taking as true Plaintiffs' allegations that Deltec

---

[2] In a multidistrict litigation, "the transferee court can exercise personal jurisdiction to the same extent that the transferor court could," *In re Delta Dental Antitrust Litig.*, 509 F. Supp. 3d 1377, 1379 (J.P.M.L. 2020), and applies the law of the transferor court.  *Id.* at 1380.

provided banking services to FTX (Compl. ¶ 283) and maintained accounts for FTX (*id.* ¶ 304), and that Mr. Chalopin played a role in Farmington obtaining an investment from Alameda (*id.* ¶ 307) and met with an FTX employee in connection with that investment (*id.*), there is no allegation that any of these activities occurred in Florida or Washington.  In fact, Plaintiffs plead the opposite—the funds FTX sent to Deltec are alleged to have been stored "offshore" and "across the U.S. border," (*id.* ¶¶ 245, 283), and the Complaint is silent as to Mr. Chalopin's whereabouts other than to allege that he resides in The Bahamas (*id.* ¶ 31).

Because there are no allegations specific to either Deltec or Mr. Chalopin that could discharge Plaintiffs' burden of establishing a prima facie case of personal jurisdiction over these two defendants in Florida or Washington nor could Plaintiffs credibly make any such allegations, dismissal with prejudice is warranted.  *See Taylor v. Moskow*, 717 F. App'x 836, 841 (11th Cir. 2017) (dismissing complaint as to nonresident defendant with prejudice where plaintiff failed to establish personal jurisdiction); *Domain Tools, LLC v. Smith*, 2012 WL 13019593, at *3 (W.D. Wash. July 18, 2012) (same).[3]

**B.      Plaintiffs Fail to Allege Sufficient Facts to Establish Personal Jurisdiction Over Either Deltec or Mr. Chalopin Pursuant to Florida's Long-Arm Statute**

Even if Plaintiffs were to establish a prima facie case of jurisdiction in Florida—and they have not—the Court would then conduct a further inquiry under Florida law to determine whether personal jurisdiction can be exercised over a nonresident defendant.  That inquiry has two parts: (1) whether the exercise of jurisdiction is appropriate pursuant to Florida's long-arm statute, and (2) whether exercising jurisdiction would violate the Due Process Clause of the

---

[3] Where, as here, a complaint fails to allege sufficient jurisdictional facts to establish a prima facie case of personal jurisdiction over the defendants, it is "unnecessary . . . for the [defendants] to submit additional materials concerning the jurisdiction issue[.]"  *Martinez v. Party Line Cruise Co*., 2007 WL 3197610, at *2 (S.D. Fla. Oct. 29, 2007); *see also Borislow*, 2014 WL 12580259, at *5 (defendant challenging "legally insufficient" assertion of jurisdiction need not "do anything more than file a simple (unsupported [by affidavit]) motion").

Fourteenth Amendment. *PVC Windoors, Inc. v. Babbitbay Beach Constr., N.V.*, 598 F.3d 802, 807 (11th Cir. 2010). Under Florida law, jurisdiction over a nonresident defendant is "strictly construed." *Borislow*, 2014 WL 12580259, at *4 (holding that "any doubts about the applicability of the statute must be resolved in favor of the defendant and against a conclusion that personal jurisdiction exists"). Plaintiffs do not specify the basis for jurisdiction over either Deltec or Mr. Chalopin, but seemingly invoke two purported bases for jurisdiction under Florida's long-arm statute: the conducting of business in Florida, and the commission of a tortious act within Florida. Both fail, as does the companion Due Process inquiry.

      1.   *Plaintiffs' Allegations Fail to Establish that Either Deltec or Mr. Chalopin Conducted Any Business in Florida*

Florida's long-arm statute provides for jurisdiction over a nonresident who, among other enumerated acts, participates in "[o]perating, conducting, engaging in, or carrying on a business or business venture in this state." (Fla. Stat. Ann. § 48.193(1)(a)(1).) In deciding whether this provision has been satisfied, courts consider factors such as: "(1) the presence and operation of an office in Florida; (2) the possession and maintenance of a license to do business in Florida; (3) the number of Florida clients served; and (4) the percentage of overall revenue gleaned from Florida clients." *Prunty v. Arnold & Itkin LLP*, 753 F. App'x 731, 735 (11th Cir. 2018).

In the case of Deltec and Mr. Chalopin, there is no allegation in the Complaint that either of them maintained an office in Florida, conducted business in Florida, served any residents of Florida, or gained any revenue from business activities in Florida. Though Plaintiffs devote an entire section in the Complaint to "Material Ties to Florida," there is not *a single allegation* in that section related to either Deltec or Mr. Chalopin. (*See* Compl. ¶¶ 260-280.) Plaintiffs' allegations thus provide no basis for asserting personal jurisdiction over either Deltec or Mr. Chalopin based on the long-arm statute's provision regarding conducting business in Florida.

  2. *Plaintiffs' Allegations Fail to Establish that Either Deltec or Mr. Chalopin Committed a Tortious Act Within Florida*

Florida's long-arm statute also provides for jurisdiction over a nonresident who "[c]ommit[s] a tortious act within this state."  (Fla. Stat. Ann. § 48.193(1)(a)(2).)  Under the plain terms of this provision, Plaintiffs must plead tortious acts by Deltec or Mr. Chalopin; conduct allegedly committed by FTX and its related entities and principals does not suffice.  *Id.*

Although Plaintiffs do not affirmatively plead a conspiracy-based theory of jurisdiction under the tortious act provision of Florida's long-arm statute, even if they were to shift their theory at this stage, the relevant allegations in the Complaint are far too conclusory to plausibly allege Deltec's or Mr. Chalopin's involvement in such an alleged conspiracy and thus are wholly inadequate to support jurisdiction on that basis.  *See infra* Section II (addressing pleading failures in connection with civil conspiracy count).  Where "the complaint's allegations are simply too ambiguous to connect [a defendant] to the formation of the conspiracy," the civil conspiracy count cannot support an exercise of personal jurisdiction as to that defendant.  *United Techs. Corp. v. Mazer*, 556 F.3d 1260, 1283 (11th Cir. 2009); *see also Savoia-McHugh v. Glass*, 2020 WL 12309558, at *8 (N.D. Fla. Aug. 5, 2020) ("[I]f the complaint does not allege viable facts from which it could be reasonably inferred that the defendant was part of a conspiracy . . . then the defendant is not subject to conspiracy-imputed personal jurisdiction under Florida's long-arm statute." (internal quotation marks omitted)).

  3. *Plaintiffs Fail to Allege Facts Supporting the Conclusion that Asserting Personal Jurisdiction Over Either Deltec or Mr. Chalopin Comports with Constitutional Due Process*

Given Plaintiffs' failure to allege facts sufficient to satisfy Florida's long-arm statute as to either Deltec or Mr. Chalopin, the Court does not need to reach the issue of constitutional due process in order to dismiss the Complaint as to these defendants for lack of personal jurisdiction

in Florida.  *See PVC Windoors, Inc.*, 598 F.3d at 807.  Nevertheless, even if this Court were to consider whether asserting personal jurisdiction over Deltec and Mr. Chalopin in Florida comports with constitutional due process, dismissal of the Complaint with prejudice would remain warranted as to these two defendants.

When conducting this constitutional inquiry, the Court determines whether "the defendant ha[s] minimum contacts with the forum state" such that exercising jurisdiction would not "offend traditional notions of fair play and substantial justice."  *PVC Windoors, Inc.*, 598 F.3d at 807.  Here, Plaintiffs have not alleged that either Deltec or Mr. Chalopin had sufficient "minimum contacts" with Florida to support personal jurisdiction.  In fact, as explained above, Plaintiffs not only fail to allege minimum contacts, they fail to allege *any* acts at all committed by either Deltec or Mr. Chalopin within Florida.  Indeed, all of Deltec's and Mr. Chalopin's purported dealings with FTX are alleged to have occurred outside of the United States.  *See supra* Section I.A.  Accordingly, Plaintiffs fail to plausibly allege that the exercise of jurisdiction over either Deltec or Mr. Chalopin in Florida would comport with the Due Process Clause of the Fourteenth Amendment, and the Complaint must be dismissed with prejudice as to these two defendants.  *See Rogers v. Nacchio*, 241 F. App'x 602, 607 (11th Cir. 2007) (dismissing defendants where the complaint "did not provide any support for the notion that any defendant had the minimum contacts with Florida necessary to satisfy due process").

**C.    Plaintiffs Fail to Allege Sufficient Facts to Establish Personal Jurisdiction Over Either Deltec or Mr. Chalopin Pursuant to Washington's Long-Arm Statute**

Plaintiffs fare no better in asserting personal jurisdiction as to Deltec or Mr. Chalopin under Washington law.  Washington's long-arm statute "extends jurisdiction to the limit of federal due process," *Amazon.com Servs. LLC v. Paradigm Clinical Rsch. Inst., Inc.*, 631 F. Supp. 3d 950, 963 (W.D. Wash. 2022), such that the court's inquiry is simply whether the federal

9

court's "exercise of jurisdiction comports with the limitations imposed by due process," *Rai-Choudhury v. Univ. of Brit. Columbia*, 2018 WL 6650838, at *2 (W.D. Wash. Dec. 19, 2018). The Ninth Circuit has established a three-prong test to conduct this inquiry: (1) the defendant must purposefully direct his activities at the forum or purposefully avail himself of the privileges of conducting activities therein; (2) the claim must arise out of or relate to the defendant's forum-related activities; and (3) the exercise of jurisdiction must be reasonable. *Amazon.com*, 631 F. Supp. 3d at 963.

With respect to Deltec, Plaintiffs fail to allege any connection whatsoever between Deltec and Washington—any contention by Plaintiffs that Deltec is nonetheless subject to personal jurisdiction in Washington would border on frivolous. As to Mr. Chalopin, the allegations are far too thin to satisfy the Ninth Circuit's three-prong test to establish jurisdiction over him.

With regard to the first prong, the "purposeful direction" and "purposeful availment" standards are distinct—the former applies to tort claims and the latter to contract claims. *Id.* "To show purposeful direction, a plaintiff must sufficiently allege that the defendant: [a] committed an intentional act, [b] expressly aimed at the forum state, [c] that caused harm the defendant knows is likely to be suffered in the forum state." *Id.* at 965. The sole intentional act that could conceivably connect Mr. Chalopin to Washington is his alleged assistance in "secur[ing]" Alameda's (not FTX's) investment in Farmington. (Compl. ¶ 307.) But Plaintiffs do not allege that Mr. Chalopin's actions in this regard were expressly aimed at the state of Washington, nor are there any allegations regarding any injuries that occurred in Washington as a result of the investment. Indeed, Plaintiffs do not even allege that any of Mr. Chalopin's actions physically occurred in Washington. (*Id.*) Where the allegations "only serve to connect [the defendant] to

[plaintiff] and not to the state of Washington and its public," a court must decline to exercise personal jurisdiction over that defendant in Washington. *Amazon.com*, 631 F. Supp. 3d at 966.

With regard to the second prong, the Ninth Circuit applies "a 'but for' test to determine whether a particular claim arises out of forum-related activities and thereby satisfies the second requirement for specific jurisdiction." *Rai-Choudhury*, 2018 WL 6650838, at *4. Where, as here, Plaintiffs have not demonstrated that any of Mr. Chalopin's actions, including his alleged actions vis-à-vis Farmington, "gave rise to the claim[s] at issue," the Complaint fails to "establish[] that [Mr. Chalopin's] actions are a 'but for' cause of [Plaintiffs'] claim." *Id.; see also PlastWood SRL v. Rose Art Indus., Inc.*, 2007 WL 3129589, at *4 (W.D. Wash. Oct. 23, 2007) (stating that the Ninth Circuit's "but for" inquiry considers "whether but for [defendant's] contacts with Washington . . . [plaintiff's] claims against [defendant would] have arisen" and holding that personal jurisdiction could not be asserted where "[t]he only forum-related contact" of the defendant "is not a 'but for' cause" of plaintiff's claims). Plaintiffs' failure to explain how any of Mr. Chalopin's alleged activities vis-à-vis Farmington were a necessary but-for factor in bringing claims against him warrants dismissal of the Washington complaint on personal jurisdiction grounds. For the same reason, without any allegations explaining how any cause of action alleged against Mr. Chalopin arises from his role as chairman of Farmington, merely alleging that Mr. Chalopin is the chairman of a Washington entity is insufficient to confer personal jurisdiction over him.[4]

---

[4] Plaintiffs' allegation that Mr. Chalopin is the chairman and CEO of Farmington (Compl. ¶ 31) is factually incorrect, but even if it is assumed to be true, it would be insufficient to confer jurisdiction over Mr. Chalopin in Washington for the reasons explained above. In all instances, even if the Court were to find that such allegations were sufficient, they are not sufficient to confer jurisdiction over Deltec.

"Because Plaintiff[s] [have] failed to carry [their] burden of establishing the first two prongs of the specific jurisdiction test, the Court need not reach the issue of whether Defendant has carried its burden of establishing that the exercise of jurisdiction would not be reasonable" under the third prong of the test. *Rai-Choudhury, 2018 WL 6650838*, at \*4. Nonetheless, if the Court were to consider this question, for all the reasons stated in Section I.B.3, *supra*, the exercise of jurisdiction over Deltec and Mr. Chalopin in Washington would not be reasonable.

## II.   PLAINTIFFS FAIL TO PLEAD ANY PLAUSIBLE CLAIM AGAINST EITHER DELTEC OR MR. CHALOPIN

To survive a motion to dismiss under Rule 12(b)(6), a complaint must plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). Unless a plaintiff's well-pleaded allegations have "nudged [his] claims across the line from conceivable to plausible, [the] complaint must be dismissed." *Twombly*, 550 U.S. at 570. When determining whether a claim has facial plausibility, a court should "accept all of the plaintiff's well-pleaded facts as true," *Am. United Life Ins. Co. v. Martinez*, 480 F.3d 1043, 1066 (11th Cir. 2007), but need not accept allegations as true if they are merely "threadbare recitals of a cause of action's elements, supported by mere conclusory statements." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).[5] Here, Plaintiffs' allegations are inadequate to state any viable claim as to Deltec and Mr. Chalopin, and the Complaint must be dismissed with prejudice as to them. *See Est. of Cosio v. Alvarez*, 181 F. App'x 894, 896 (11th Cir. 2006) (dismissing

---

[5] Under Rule 9(b) of the Federal Rules of Civil Procedure, Plaintiffs' claims sounding in fraud—civil conspiracy and aiding and abetting fraud—must be pleaded with particularity. *See, e.g.*, *Wang v. Revere Cap. Mgmt., LLC*, 2023 WL 2198570, at \*4 (S.D. Fla. Feb. 15, 2023), *report and rec. adopted*, 2023 WL 2183382 (S.D. Fla. Feb. 22, 2023) (Rule 9(b)'s particularity requirement is satisfied where plaintiff "alleges facts as to time, place, and substance of the [ ] alleged fraud, specifically the details of the [ ] allegedly fraudulent acts, when they occurred, and who engaged in them"); *S.E.C. v. Sandifur*, 2006 WL 538210, at \*2 (W.D. Wash. Mar. 2, 2006) ("[T]he requirements of Rule 9(b) are satisfied if the complaint provides the who, what, where, when and how of the alleged fraud."). Plaintiffs have failed to satisfy the notice pleading standard of Rule 8, let alone the heightened standard of Rule 9(b).

complaint with prejudice where, after filing an amended complaint, plaintiffs still failed to allege viable claims); *Cafasso, U.S. ex rel. v. Gen. Dynamics C4 Sys., Inc.*, 637 F.3d 1047, 1058 (9th Cir. 2011) ("[T]he district court's discretion to [dismiss with prejudice and] deny leave to amend is particularly broad where plaintiff has previously amended the complaint.").

> ### A.     Plaintiffs Fail to Allege a Plausible Civil Conspiracy Claim as to Either Deltec or Mr. Chalopin

With regard to the first count of civil conspiracy, the Complaint's threadbare allegations of a purported conspiracy do not state a claim.

To adequately plead a civil conspiracy claim, Florida and Washington law require Plaintiffs to allege the existence of an agreement to conspire between parties. *Corbett v. Transp. Sec. Admin.*, 968 F. Supp. 2d 1171, 1190 (S.D. Fla. 2012), *aff'd*, 568 F. App'x 690 (11th Cir. 2014); *Dehlin v. Forget Me Not Animal Shelter*, 2017 WL 4712142 (Wash. App. Div. 3 Oct. 19, 2017). "General allegations of conspiracy are inadequate"—a complaint must include "clear, positive, and specific allegations of civil conspiracy." *Corbett*, 968 F. Supp. 2d at 1190; *see also Dehlin*, 2017 WL 4712142, at *4 (civil conspiracy must be established by "clear, cogent, and convincing evidence"). Here, Plaintiffs' civil conspiracy claim against Deltec and Mr. Chalopin must be dismissed because it is based on nothing more than impermissible general allegations that lack any specificity regarding the alleged scheme.

> #### 1.     *Plaintiffs Fail to Allege the Existence of an Agreement Among Deltec, Mr. Chalopin, and FTX to Purportedly Commit Any Wrongful Acts*

Under both Florida and Washington law, Plaintiffs' civil conspiracy claim fails for the fundamental reason that "[t]he who, what, when, where and how" of any alleged agreement to conspire are notably missing from the Complaint's allegations. *Alhassid v. Bank of Am., N.A.*, 60 F. Supp. 3d 1302, 1320 (S.D. Fla. 2014). The *only* allegation Plaintiffs make regarding an agreement to conspire that concerns Deltec or Mr. Chalopin is that "[t]here was an express or

implied agreement between at least one of SBF and/or other agents of FTX and each of the Defendants" and "Defendants agreed, at least impliedly, with SBF and/or one or more of his co-conspirators" to commit certain acts in furtherance of a conspiracy.  (Compl. ¶¶ 335, 337.)  But an allegation that "Defendants reached and entered into an express or tacit agreement with at least one or more of the other co-conspirators" without any supporting details "[is] conclusory" and "[does] not establish a civil conspiracy."  *Honig v. Kornfeld*, 339 F. Supp. 3d 1323, 1346-47 (S.D. Fla. 2018) (dismissing civil conspiracy claim); *Neravetla v. Va. Mason Med. Ctr.*, 2014 WL 12787876, at *4 (W.D. Wash. May 23, 2014) ("[T]he bare allegation that '[the] conspirators agreed to engage in the conspiracy'… constitutes a 'legal conclusion' that the Court is not bound to accept as true.").

Beyond these two conclusory allegations, Plaintiffs nowhere allege which defendants entered into the purported agreement to conspire, when that agreement was discussed or reached, how that agreement was communicated, or any specific details regarding the terms of the agreement itself or anything else.  Indeed, Plaintiffs even fail to specify whether this supposed agreement to conspire was entered into between (a) Deltec and Mr. Chalopin together and FTX, (b) each of Deltec and Mr. Chalopin separately with FTX, or (c) which of FTX's related entities, if any, are implicated.  Where, as here, Plaintiffs have entirely failed to "at least show some evidence of agreement between the defendants," the civil conspiracy claim must be dismissed. *Alhassid*, 60 F. Supp. 3d at 1320; *see also Neravetla*, 2014 WL 12787876 (dismissing civil conspiracy claim on the same grounds).

2.   *Plaintiffs Fail to Allege Any Overt Act Committed by Deltec or Mr. Chalopin in Furtherance of the Purported Conspiracy*

Plaintiffs' civil conspiracy claim as to Deltec and Mr. Chalopin fails for the additional reason that they fail to plead any non-conclusory allegations regarding any overt acts committed by Deltec or Mr. Chalopin in furtherance of the alleged conspiracy.

Apart from vague and conclusory allegations that Deltec and Mr. Chalopin "served as a primary vehicle through which SBF routed Class Member funds offshore" and "assist[ed] SBF in funneling more than $50 million in Class Member funds to entities he separately owned," (Compl. ¶ 283), there are *no allegations whatsoever* regarding any particular acts or communications by Deltec or Mr. Chalopin in connection with any purported conspiracy. Though Plaintiffs allege that Deltec had a purportedly close relationship with FTX, (Compl. ¶ 293), and that Farmington—which is not alleged to have and does not have any connection to Deltec—received an investment from Alameda in part based on Mr. Chalopin's professional relationship with FTX's general counsel, (Compl. ¶ 307), neither of these allegations demonstrates that either Deltec or Mr. Chalopin committed any overt acts in furtherance of a purported agreement to conspire. Moreover, under Washington law, "if the facts and circumstances relied upon to establish a conspiracy are as consistent with a lawful or honest purpose as with an unlawful undertaking, they are insufficient." *Young v. Rayan*, 533 P.3d 123, 133 (Wash. Ct. App. 2023) (internal quotation marks and citation omitted). Here, Plaintiffs cannot claim that Deltec's provision of routine banking services to FTX and/or Mr. Chalopin's alleged relationship with FTX's general counsel (acts that are consistent with both lawful and honest purposes) are acts in furtherance of a conspiracy.

Where, as here, the "conspiracy claims are vague, general, and conclusory," and "[n]owhere in the complaint is there mention of any particular act in furtherance of a

conspiracy," the civil conspiracy claim must be dismissed.  *Carlson v. Armstrong World Indus., Inc.*, 693 F. Supp. 1073, 1078 (S.D. Fla. 1987).

> **B.**     **Plaintiffs Fail to Allege that Either Deltec or Mr. Chalopin Aided and Abetted Any Fraud, Breach of Fiduciary Duty, or Conversion by FTX**

Plaintiffs allege that Deltec and Mr. Chalopin aided and abetted "SBF and his co-conspirators" in committing fraud against FTX's customers, breaching a fiduciary duty owed by FTX to its customers, and engaging in conversion of customer funds held by FTX. (Compl. ¶¶ 341, 347, 352.)  All three of these aiding and abetting claims suffer from the same fatal defects under Florida and Washington law: Plaintiffs do not—and cannot—allege that either Deltec or Mr. Chalopin (1) had any knowledge of the alleged fraud, breach of fiduciary duty, or conversion, or (2) provided any assistance, let alone substantial assistance, to FTX in furtherance of the alleged wrongdoing.

At bottom, the so-called factual allegations relating to Deltec and Mr. Chalopin's knowledge and assistance of FTX's wrongdoing are merely that: Deltec, at Mr. Chalopin's direction, provided routine banking services to FTX (Compl. ¶ 283); as part of its banking services, Deltec held funds for FTX in accounts outside the United States (*id.* ¶ 304); Deltec's parent company received a $50 million loan from an entity controlled by the CEO of FTX's "Bahamian outfit" (*id.* ¶ 297); Mr. Chalopin "secured" an investment from Alameda for Farmington, a separate entity not alleged to have any ties to Deltec (*id.* ¶ 307); and Deltec and Mr. Chalopin had "close ties with SBF" (*id.* ¶ 316).  This in no way supports an aiding and abetting claim.

The Eleventh Circuit has previously considered aiding and abetting claims brought against a banking institution on far more specific allegations than what Plaintiffs allege here, and still found that dismissal was warranted.  In *Lawrence*, the Eleventh Circuit affirmed the district

court's grant of a motion to dismiss in favor of Bank of America on claims of aiding and abetting

fraud, breach of fiduciary duty, and conversion, based on the bank's alleged knowledge and

assistance of a Ponzi scheme operated by one of its customers.  *See Lawrence v. Bank of Am.,*

*N.A.*, 455 F. App'x 904 (11th Cir. 2012).  The *Lawrence* court held that allegations that the

bank's customer operated a Ponzi scheme disguised as an "investment club," made

"exceptionally large" deposits, withdrew millions of dollars of investors' money for personal

use, and "engaged in atypical business transactions" were insufficient to demonstrate that the

bank or its employees had "actual knowledge of [the customer's] fraudulent activities."  *Id.*

If the allegations in *Lawrence* cannot demonstrate "actual knowledge" for purposes of an

aiding and abetting claim, it is clear that Plaintiffs' bare-bones allegations relating to Deltec and

Mr. Chalopin—which demonstrate nothing more than a routine banking relationship—cannot

support an aiding and abetting claim.  Indeed, this is made plain in *In re Consolidated Meridian*

*Funds*, a decision applying Washington law.  485 B.R. 604 (Bankr. W.D. Wash. 2013).  In that

case, the court dismissed claims against a bank alleged to have aided and abetted fraud and

breach of fiduciary duty perpetrated by one of its customers, holding that the complaint "includes

only a conclusory allegation that [the bank] knew [its customer] was operating a Ponzi scheme"

and "does not allege at what point in time [the bank] is alleged to have known of the scheme, or

what misrepresentations by [the customer] the bank is alleged to have discovered."  *Id.* at 625.

Plaintiffs' aiding and abetting claims against Deltec and Mr. Chalopin are based on equally

conclusory allegations and must be dismissed.

In an effort to cosmetically bolster their claims against Deltec and Mr. Chalopin,

Plaintiffs have now added a series of verbose allegations that are entirely irrelevant to this action:

Deltec and Mr. Chalopin assisted the Bahamian government in crafting legislation generally

related to cryptocurrency (Compl. ¶¶ 285, 288); Tether (a stablecoin that is not alleged to have any connection to FTX or this litigation) was a customer of Deltec's (*id*. ¶¶ 286-87); FTX acquired LedgerX LLC (which, again, is not alleged to have any connection to this litigation) in October 2021 (*id*. ¶¶ 289-92); and Deltec co-sponsored the Crypto Bahamas conference along with FTX (*id*. ¶¶ 293-96).  Not one of these allegations serves to demonstrate that Deltec or Mr. Chalopin had any knowledge of fraud and other wrongdoing at FTX, let alone that they provided substantial assistance to FTX in furtherance of any wrongdoing.

        1.   *Plaintiffs Fail to Allege that Either Deltec or Mr. Chalopin Had Actual Knowledge of FTX's Alleged Fraud, Breach of Fiduciary Duty, or Conversion*

To succeed on an aiding and abetting claim under Florida and Washington law—including for fraud, breach of fiduciary duty, or conversion—a plaintiff must establish that the defendant had "actual knowledge" of the underlying violation.  *See, e.g., Platinum Ests., Inc. v. TD Bank*, N.A., 2012 WL 760791, at *3 (S.D. Fla. Mar. 8, 2012); *In re Consol.*, 485 B.R. at 625.  Here, Plaintiffs fail to allege any facts to support their claim that either Deltec or Mr. Chalopin had actual knowledge of FTX's alleged fraud, breach of fiduciary duty, or conversion.

With regard to the claim for aiding and abetting fraud, Plaintiffs allege that Deltec and Mr. Chalopin knew that FTX was "misappropriating [customer] funds by funneling them through accounts under SBF's control at Deltec."  (Compl. ¶ 316.)  Plaintiffs' sole basis for ascribing this knowledge to Deltec and Mr. Chalopin is that they had "close ties with SBF . . . from working closely with FTX in proselytizing on behalf of the crypto industry."  (*Id.*)  But an allegation of a business relationship comes nowhere near sustaining Plaintiffs' burden of alleging actual knowledge of fraud on the part of Deltec and Mr. Chalopin, and Plaintiffs fail to explain how Deltec and Mr. Chalopin were aware that FTX's banking transactions were anything other than routine business transactions.  As this Court has held, "a general allegation of knowledge

must be accompanied with allegations of specific facts" and "[c]onclusory statements that a defendant 'actually knew' [are] insufficient to support an aiding and abetting claim." *In re Brican Am. LLC*, 2015 WL 11661980, at *2 (S.D. Fla. Aug. 4, 2015) (quotation marks omitted); *see also In re Consol.*, 485 B.R. at 625 ("a conclusory allegation that [a bank] knew [its customer] was operating a Ponzi scheme" is insufficient to allege actual knowledge). Here, the Complaint contains no "specific facts" to support an inference that either Deltec or Mr. Chalopin was actually aware of FTX's alleged misappropriation of customer funds.

Plaintiffs' claim for aiding and abetting breach of fiduciary duty suffers from the same defect: the Complaint does not contain any facts to support an inference that either Deltec or Mr. Chalopin was actually aware of FTX breaching a fiduciary duty it owed to its customers. The Complaint refers generally to "Defendants" and claims that "Defendants acquired knowledge of FTX's fiduciary duty . . . and breaches thereof . . . [b]ased on their knowledge of the financial industry, with a focus on serving crypto clients, and their understanding of FTX's operations obtained through diligence, ongoing monitoring, and/or hands-on partnership." (Compl. ¶ 346.) Plaintiffs repeat the same conclusory allegation to claim that "Defendants" had "acquired knowledge of FTX's conversion" of customer funds. (Compl. ¶ 351.) The lack of any specific basis for Plaintiff's assertion that Deltec and Mr. Chalopin had knowledge of alleged breaches of fiduciary duty or conversion is glaring. Even accepting the allegations that Deltec and Mr. Chalopin had familiarity with "FTX's operations" (Compl. ¶¶ 346, 351) and Mr. Chalopin had a "close" relationship with FTX's general counsel (Compl. ¶ 307), this is not sufficient to support a claim that Deltec and Mr. Chalopin had actual knowledge that FTX was breaching a fiduciary duty or engaging in conversion.

Plaintiffs' allegations at best amount to a claim that Deltec and Mr. Chalopin *should have known* about FTX's fraud, breach of fiduciary duty, or conversion based on their business dealings.  But the Eleventh Circuit has consistently held that allegations that a defendant "should have known" about an alleged wrongdoing because the defendant should have spotted "red flags" or "atypical activities" are insufficient to establish knowledge for purposes of an aiding and abetting claim.  *Lamm v. State St. Bank & Tr.*, 749 F.3d 938, 950 (11th Cir. 2014); *see also Wang v. Revere Cap. Mgmt., LLC*, 2023 WL 2198570, at *5 (S.D. Fla. Feb. 15, 2023), *report and rec. adopted*, 2023 WL 2183382 (S.D. Fla. Feb. 22, 2023) ("It is well settled that a plaintiff cannot satisfy the actual knowledge requirement by pointing to certain red flags indicat[ing] a defendant should have known of the underlying fraud." (internal quotation marks omitted)); *see also S.E.C. v. Sandifur*, 2006 WL 538210, at *12 (W.D. Wash. Mar. 2, 2006) (allegations that defendants had knowledge of "highly atypical" and "unusual" facts "fail[] to allege the necessary knowledge element of an aiding and abetting claim").

Indeed, Plaintiffs seem to concede that these two defendants did not have actual knowledge by alleging that Deltec "*would* have conducted due diligence on FTX" that "*should* have" alerted it to FTX's wrongdoing.  (Compl. ¶¶ 298, 301 (emphases added); *see also id.* ¶ 302 (alleging that Deltec "*would* have uncovered" FTX's wrongdoing) (emphasis added); *id.* ¶ 308 (alleging that Mr. Chalopin "*must have* appreciated" the FTX general counsel's role at other FTX entities) (emphasis added).)  Allegations that a defendant would, should, or must have knowledge are not allegations that the defendant *actually* had knowledge.  Plaintiffs' claims for aiding and abetting thus fail because Plaintiffs are unable to demonstrate that either of these two defendants had any actual knowledge of FTX's alleged wrongdoing.

2.   *Plaintiffs Fail to Allege that Either Deltec or Mr. Chalopin Provided Substantial Assistance in Furtherance of FTX's Alleged Fraud, Breach of Fiduciary Duty, or Conversion*

Plaintiffs' aiding and abetting claims fail for the additional reason that Plaintiffs cannot demonstrate Deltec or Mr. Chalopin provided any assistance to FTX in furtherance of FTX's alleged fraud, breach of fiduciary duty, or conversion.  This deficiency is independently fatal to Plaintiffs' aiding and abetting claims.  To sustain an aiding and abetting claim under both Florida and Washington law—whether for fraud, breach of fiduciary duty, or conversion—a plaintiff must establish that the aider and abettor provided "substantial assistance" in furtherance of the alleged wrongdoing.  *See Lawrence*, 455 F. App'x at 904; *In re Consol.*, 485 B.R. at 625.

Here, Plaintiffs do not identify any affirmative steps taken by Deltec or Mr. Chalopin that could possibly constitute substantial assistance in furtherance of FTX's wrongdoing.  Though Plaintiffs claim that Deltec provided "one-of-a-kind digital asset banking services to FTX" and held funds for FTX "across the U.S. border" (Compl. ¶ 283), and that Mr. Chalopin "secured" an investment from Alameda for an entirely separate bank that is unrelated to Deltec (*id*. ¶ 307), these allegations merely describe routine banking services and business activities.[6]  Plaintiffs fail to explain how these routine activities assisted in the commission of FTX's fraud and other wrongdoing.  *See In re Consol.*, 485 B.R. at 625 (holding that allegations that a bank had "pursued [a client's] business" and "opened accounts" for a client were insufficient to demonstrate that the bank substantially assisted any wrongdoing by the client).

In fact, the sole allegations ascribing any actions to Deltec and Mr. Chalopin in assisting FTX's wrongdoing—that "Deltec, at Mr. Chalopin's direction . . . served as a primary vehicle

---

[6] Deltec's business involves providing fiat banking services—at no time has Deltec provided digital asset banking services to FTX or any other customer.  But even if Plaintiffs' inaccurate description of Deltec's business were to be credited as true, providing digital asset banking services to FTX is both irrelevant and insufficient to demonstrate Deltec's participation in any wrongdoing by FTX.

through which SBF routed [customer funds] offshore," and that "Deltec, at Mr. Chalopin's direction, assisted FTX in moving [customers' dollar deposits and cryptocurrencies] offshore"— are made *upon information and belief* and, in any event, still would not support that Deltec and Mr. Chalopin aided and abetted FTX's wrongdoing.  (Compl. ¶¶ 283, 303.)  "Conclusory allegations made upon information and belief are not entitled to a presumption of truth, and allegations stated upon information and belief that do not contain any factual support fail to meet the *Twombly* standard."  *Funding Metrics, LLC v. Decision One Debt Relief LLC*, 2019 WL 861268, at *2 (S.D. Fla. Feb. 22, 2019) (citation omitted); *see also Groom v. Bank of Am.*, 2012 WL 50250, at *4 (M.D. Fla. Jan. 9, 2012) ("[A] conclusory allegation that the banks permitted a customer to engage in suspicious transactions [] fails to establish substantial assistance."); *In re Consol.*, 485 B.R. at 624 (recognizing the general rule that "opening accounts and approving transfers, even where there is a suspicion of fraudulent activity, does not amount to substantial assistance").

To the extent Plaintiffs are arguing that Deltec or Mr. Chalopin provided "substantial assistance" by allegedly remaining silent in the face of FTX's wrongdoing, allegations regarding a "failure to act[,] absent a duty to act, is not substantial assistance."  *Cordell Consultant, Inc. Money Purchase Plan & Tr. v. Abbott*, 2012 WL 13148744, at *7 (S.D. Fla. July 11, 2012).  And it is well-established law in the Ninth and Eleventh Circuits that a bank has no duty to investigate its customer's business practices, even in the face of suspicious business transactions—none of which is alleged here.  *See Paskenta Band of Nomlaki Indians v. Umpqua Bank*, 846 F. App'x 589, 590 (9th Cir. 2021) (holding that allegations that "various irregularities required further investigation by [the bank] to determine whether [its client was] engaged in wrongdoing" could not sustain an aiding and abetting claim); *Lawrence*, 455 F. App'x at 907 (holding that "Florida

law does not require banking institutions to investigate transactions" even where plaintiff

"alleged the transactions were atypical").

Thus, Plaintiffs cannot state viable claims of aiding and abetting fraud, breach of

fiduciary duty, or conversion against either Deltec or Mr. Chalopin, and the aiding and abetting

claims against them must be dismissed with prejudice.

### C.     Plaintiffs Fail to Allege that Deltec Was Unjustly Enriched

To successfully allege a claim for unjust enrichment under both Florida and Washington

law, Plaintiffs must demonstrate, among other elements, "a benefit conferred upon a defendant

by the plaintiff." *Fla. Power Corp. v. City of Winter Park*, 887 So. 2d 1237, 1242 (Fla. 2004);

*Austin v. Ettl*, 286 P.3d 85, 91 (Wash. Ct. App. 2012).  In both states, "plaintiffs must show they

*directly* conferred a benefit on the defendants." *Am. Safety Ins. Serv., Inc. v. Griggs*, 959 So. 2d

322, 331 (Fla. 5th DCA 2007) (emphasis added); *Nat'l Sur. Corp. v. Immunex Corp.*, 162 Wash.

App. 762, 256 P.3d 439, 447 (2011) (holding that to "establish a theory of unjust enrichment, a

party must show a benefit conferred upon the defendant *by the plaintiff*" (emphasis added)).

Plaintiffs' unjust enrichment claim fails at the outset, under both Florida and Washington

law, because there is no allegation that Plaintiffs directly conferred any benefit on Deltec.[7]  The

sole allegation in this regard is that Plaintiffs "conferred benefits on Deltec . . . by depositing

funds into and using the FTX Platform" (Compl. ¶ 356)—at most, this supports an inference that

Plaintiffs *indirectly* conferred a benefit on Deltec by using a product offered by one of its clients

(FTX).  But Plaintiffs do not explain how any benefit they may have conferred on FTX is, in

---

[7] Courts in both Florida and Washington have held that the particularity requirement of Rule 9(b) applies to a claim for unjust enrichment that is grounded in fraud.  *See Omnipol, A.S. v. Multinational Def. Servs., LLC*, 32 F.4th 1298, 1308 (11th Cir. 2022) (dismissing "a claim for unjust enrichment grounded in fraud" where the complaint was silent as to the "key details" regarding the alleged enrichment); *Vess v. Ciba-Geigy Corp. USA*, 317 F.3d 1097, 1107 (9th Cir. 2003) (holding that where a claim "is grounded in fraud and its allegations fail to satisfy the heightened pleading requirements of Rule 9(b), a district court may dismiss" the claim).

turn, a benefit to Deltec.  Indeed, Plaintiffs do not even identify the precise benefit they conferred on FTX.  This is plainly insufficient to sustain an unjust enrichment claim under Florida and Washington law, and Plaintiffs' unjust enrichment claim against Deltec must be dismissed.

**CONCLUSION**

For the foregoing reasons, Defendants Deltec and Mr. Chalopin respectfully request that the Court dismiss the Complaint as to each of them in full and with prejudice.

## Local Rule 7.1(a)(3) Certification

Counsel for Deltec and Mr. Chalopin certify that they have conferred with Plaintiffs' counsel in a good faith effort to resolve the issues related to personal jurisdiction presented herein and have been unable to come to a resolution.

Dated: September 21, 2023
      New York, New York

Respectfully submitted,

/s/ *Lara Samet Buchwald*
Lara Samet Buchwald
NY Bar No. 4700944
(*Certificate of Understanding filed*)
lara.buchwald@davispolk.com
Tatiana Martins
NY Bar No. 4300455
(*Certificate of Understanding filed*)
tatiana.martins@davispolk.com
**Davis Polk & Wardwell LLP**
450 Lexington Avenue
New York, New York 10017
Tel: 212-450-4000
Fax: 212-701-5351

-and-

Mallory M. Cooney
Florida Bar No. 125659
mallory.cooney@klgates.com
Desirée Moore
Illinois Bar No. 6286198
(*Certificate of Understanding filed*)
desiree.moore@klgates.com
**K&L Gates LLP**
200 S. Biscayne Blvd.
Miami, FL 33131
Tel: 305-539-3300
Fax: 305-358-7095

*Attorneys for Defendants Deltec Bank and Trust Company Limited and Jean Chalopin*

25