**IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION**
MDL No. 3076
Case No. 1:23-md-03076-KMM

**IN RE:**

**FTX Cryptocurrency Exchange Collapse Litigation**

_____

This Document Relates To:

*Garrison, et al. v. Bankman-Fried, et al.*,
Case No. 22-cv-23753-MOORE/OTAZO-REYES

_____/


**DEFENDANTS STEPHEN CURRY, LARRY DAVID, GOLDEN STATE WARRIORS,
LLC, NAOMI OSAKA, AND SOLOMID CORPORATION'S
<u>MOTION TO DISMISS FOR LACK OF PERSONAL JURISDICTION</u>**

## TABLE OF CONTENTS

Page

I.     INTRODUCTION ................................................................................................ 1

II.    BACKGROUND RELEVANT TO PERSONAL JURISDICTION ................................ 2

       1.   Procedural History and Plaintiffs' Improper Claim Splitting ................................ 2

       2.   California Defendants ................................................................................... 3

III.   ARGUMENT ...................................................................................................... 6

       1.   Legal Standard ............................................................................................ 6

       2.   The Court Lacks General Jurisdiction Over the California Defendants. .............. 7

       3.   The Court Lacks Specific Jurisdiction Over the California Defendants............... 8

            a.   There Is No Specific Jurisdiction Under Florida's Long-Arm
                 Statute. .......................................................................................... 8

            b.   Exercising Personal Jurisdiction Does Not Comport with Due
                 Process. ....................................................................................... 10

       4.   The Florida Action Should Be Dismissed For Improper Claim-Splitting ........... 15

IV.    CONCLUSION.................................................................................................. 15

# I.    INTRODUCTION

Defendants Stephen Curry, Larry David, Golden State Warriors, LLC ("GSW"), Naomi Osaka, and Solomid Corporation ("Solomid") (collectively, "California Defendants") should be dismissed for lack of personal jurisdiction from *Garrison v. Bankman-Fried*, No. 22-cv-23753 (S.D. Fla.) ("Florida Action").

This Motion should not be necessary. Plaintiffs represented to the Court that they would moot the need for "unnecessary motion practice" over personal jurisdiction by filing complaints against the California Defendants in California, and then transferring those new actions to this MDL. June 21, 2023 Hr'g Tr. at 7, 15. Plaintiffs have now done that, but they inexplicably refuse to dismiss the California Defendants from the Florida Action. Plaintiffs' insistence on maintaining two duplicative actions against the California Defendants (one in Florida and one in California) has not only generated "unnecessary motion practice," it also has resulted in improper claim splitting, which is an independent basis for dismissal of the California Defendants from the Florida Action. The Court should grant this Motion to resolve these unnecessary problems that Plaintiffs have needlessly imposed on the Court and the California Defendants.

In the Florida Action, there is no basis to exercise personal jurisdiction over the California Defendants. *First*, there is no general jurisdiction over the California Defendants because Plaintiffs do not allege in their Corrected Administrative Class Action Complaint (ECF 179,[1] "ACAC"), nor could they, that any of these defendants reside in Florida. *Second*, the Court lacks specific jurisdiction over the California Defendants because Plaintiffs' claims do not arise out of acts committed by the California Defendants in or directed at Florida. *See Ford Motor Co. v. Mont.*

---

[1] Citations to "ECF __" refer to the MDL docket. Unless otherwise noted, all emphasis is added, and all internal quotation marks and citations are omitted.

1

*Eighth Jud. Dist. Ct.*, 141 S. Ct. 1017, 1027-28 (2021). Plaintiffs allege they were harmed by GSW because FTX's logo allegedly was displayed at Chase Center *in California*; and by the other California Defendants because they participated in promotions that are not alleged to have been created in or targeted at Florida.

The California Defendants explained why these allegations failed to establish specific jurisdiction in their motion to dismiss the FAC. Florida Action ECF 139. Recognizing that the FAC's allegations were deficient, Plaintiffs amended their complaint rather than oppose the motion. But Plaintiffs have simply heaped on more examples of these deficient advertising allegations. None of these allegations cures the fundamental problem: the California Defendants' alleged ads and promotions were not targeted at Florida.

The ACAC adds only one substantively new allegation to those contained in the FAC: that the FTX employee "responsible for creating, consummating, and implementing" the deals with the California Defendants (Avinash Dabir) was based in Miami. ACAC ¶¶ 14, 16. This allegation, however, adds nothing to Plaintiffs' jurisdictional claims. The location of this FTX employee is irrelevant to the only question that matters: whether the California Defendants deliberately directed their allegedly unlawful promotions at Florida. *See Walden v. Fiore*, 571 U.S. 277, 286 (2014) ("Due process requires that a defendant be haled into court in a forum State based on his own affiliation with the State, not based on the 'random, fortuitous, or attenuated' contacts he makes by interacting with other persons affiliated with the State."). Because Plaintiffs have not pleaded facts establishing jurisdiction over the California Defendants, the Court should grant this Motion.

## II.   BACKGROUND RELEVANT TO PERSONAL JURISDICTION

### 1.   Procedural History and Plaintiffs' Improper Claim Splitting

Plaintiffs filed their initial complaint in the Florida Action on November 15, 2022 and their FAC on December 16, 2022. Florida Action ECF 1, 16. On April 14, 2023, the California

Defendants (except for Solomid, which was not yet a defendant) moved to dismiss the FAC for lack of personal jurisdiction. *Id.*, ECF 139. Rather than oppose, Plaintiffs filed the SAC. *Id.*, ECF 198, 204, 205.

Before the California Defendants filed their motions to dismiss the SAC, this MDL was formed. The Court held a status conference to organize the MDL on June 21, 2023. The California Defendants continued to assert that they had personal jurisdiction defenses to the Florida Action notwithstanding its transfer to this MDL. *See, e.g.*, *In re Takata Airbag Prods. Liability Litig.*, 396 F. Supp. 3d 1101, 1137, 1156 (S.D. Fla. 2019) ("the transferee court can exercise personal jurisdiction to the same extent that the transferor court could."); ECF 46 at 4 n.8; ECF 87; ECF 92; ECF 93. At the status conference, Plaintiffs represented that they would resolve this personal jurisdiction issue by filing new complaints against the California Defendants "in their home states that would then be tagalong cases to this Court" and "will be transferred here." June 21, 2023 Hr'g Tr. at 7, 15. Plaintiffs said they would do this "to avoid a lengthy fight" and "unnecessary motion practice" over personal jurisdiction. *Id.* at 7, 15. While Plaintiffs did file complaints against the California Defendants in their home state and transferred them to this MDL, ECF 200, 204, Plaintiffs have inexplicably refused to dismiss the California Defendants from the Florida Action, thereby requiring the exact "unnecessary motion practice" they claimed to be avoiding.

### 2.   California Defendants

***Stephen Curry.*** Mr. Curry is a professional basketball player for the Golden State Warriors who lives in California. ACAC ¶ 61. Plaintiffs allege that Mr. Curry (1) appeared in an ad for FTX in which he repeatedly *denies* being an expert in cryptocurrency, (2) was quoted in an FTX press release, (3) sold an NFT collection on FTX, and (4) sent a handful of tweets in response to tweets made by FTX. ACAC ¶¶ 431-457. Nowhere do Plaintiffs allege that Mr. Curry's conduct occurred within or was specifically directed toward Florida—because it was not. Curry Decl. ¶¶ 2-8. Mr.

Curry did not negotiate or sign any contract in Florida nor did he film or travel to Florida in any capacity in connection with his contract. *Id.* ¶¶ 3-7.

**Larry David.** Mr. David is a comedian, writer, actor, and TV producer who lives in California. ACAC ¶¶ 67, 630; David Decl. ¶ 2. In February 2022, Mr. David appeared in a single FTX commercial during Super Bowl LVI. ACAC ¶¶ 630-631; David Decl. ¶¶ 3, 11, Ex. A. Plaintiffs allege no acts by Mr. David in connection with FTX other than this nationally broadcast commercial. *Id.* ¶¶ 630-59. Unsurprisingly for a nationally broadcast commercial, the ad did not mention Florida or target Florida residents.[2] Plaintiffs allege that "all FTX employees or agents who were involved in the Larry David Super Bowl commercial ultimately reported to Avi Dabir, who had final approval of all aspects of the commercial from his base of operations in Miami." ACAC ¶¶ 25, 734. However, Mr. David did not negotiate his agreement with FTX in Florida, did not film in Florida, and did not appear in Florida on behalf of FTX at any point. David Decl. ¶¶ 3, 6, 8-10, Ex. A. Indeed, Mr. David has not even travelled to Florida in the past 10 years. *Id.* ¶ 8.

**GSW.** GSW is a California limited liability company with its principal place of business in San Francisco, California. ACAC ¶¶ 62, 467. GSW owns the Golden State Warriors, a professional basketball team that plays in the NBA. ACAC ¶¶ 62, 467. The team's home court venue is Chase Center, which is located in San Francisco, California. ACAC ¶¶ 62, 467. Plaintiffs allege that GSW entered into a business relationship with FTX in 2021 consisting of: (1) the "unveiling of the FTX

---

[2] The ad Mr. David appeared in (and which the FAC incorporates by reference, ACAC ¶ 631), may be viewed here: https://www.youtube.com/watch?v=hWMnbJJpeZc; *see Tellabs, Inc. v. Makor Issues & Rights, Ltd.*, 551 U.S. 308, 322 (2007) (courts must consider documents incorporated into the complaint by reference).

logo on the court at the Chase Center" in 2021, (2) "dropp[ing] NFTs on FTX.us, beginning in early 2022," and (3) "in-arena signage at Chase Center" and "virtual FTX signage at home NBA games," where the FTX logo was allegedly viewable during broadcasts of home games. ACAC ¶¶ 62, 468, 474, 479, 490-493. Plaintiffs allege—solely "[o]n information and belief"—that GSW understood that FTX based its domestic operations in Florida. ACAC ¶ 472.

**Naomi Osaka.** Ms. Osaka is a "professional tennis player" and "a citizen and resident of Beverly Hills, California." ACAC ¶ 66. Plaintiffs allege that Ms. Osaka tweeted a "glitzy" FTX ad to followers of her Twitter account on March 21, 2022. ACAC ¶ 607. Plaintiffs do not allege the ad mentions Florida or targets any Florida resident. According to Plaintiffs, Ms. Osaka "wore the FTX logo on the kit she wore at tournaments," with one of those tournaments taking place in Miami in Spring 2022. ACAC ¶ 603. Plaintiffs do not allege their claims in any way arise out of or relate to the letters "FTX" appearing on Ms. Osaka's kit at that one 2022 tournament. *See id.*

**Solomid.** Solomid, also known as Team Solomid or TSM in the e-sports gaming industry, is a California corporation with its principal place of business in Los Angeles, California. ACAC ¶ 68. It entered into a "naming rights deal with FTX" under which TSM changed its name to "TSM FTX" and "ran promotions" for FTX. ACAC ¶¶ 68, 672, 683. In connection with its promotional efforts, TSM allegedly released NFTs of avatars "sporting TSM merch and apparel, including…the brand-new 2021 version featuring the TSM FTX logo," and TSM team members promoted FTX "on social media platforms" and "created content…[that] showcased FTX's logo and brand messaging to their followers." ACAC ¶¶ 684-686. As with the other California Defendants, Plaintiffs do not allege that any of Solomid's promotional efforts targeted Florida. Plaintiffs allege—solely "[o]n information and belief"—that Solomid negotiated its FTX contract with a Florida-based individual. ACAC ¶ 671.

### III.   ARGUMENT

Not one California Defendant is a citizen of Florida, nor have Plaintiffs alleged any facts to show that any of them engaged in relevant conduct within or specifically directed toward Florida. Plaintiffs bear the burden of alleging facts sufficient to make a *prima facie* showing that the California Defendants are subject to personal jurisdiction in Florida. *United Techs. Corp. v. Mazer*, 556 F.3d 1260, 1274 (11th Cir. 2009). "[V]ague and conclusory allegations . . . are insufficient to establish a *prima facie* case of personal jurisdiction." *Snow v. DirecTV, Inc.*, 450 F.3d 1314, 1318 (11th Cir. 2006). Plaintiffs have not carried—and cannot carry—their burden.

#### 1.   Legal Standard

For motions to dismiss for lack of personal jurisdiction, courts evaluate "(1) whether personal jurisdiction exists over the nonresident defendant[s] under Florida's long-arm statute, and (2) if so, whether the exercise of jurisdiction would violate the Due Process Clause of the Fourteenth Amendment to the U.S. Constitution." *Prunty v. Arnold & Itkin LLP*, 753 F. App'x 731, 734 (11th Cir. 2018) (alteration in original). Both parts of the test must be satisfied. *PeopleShare, LLC v. Vogler*, 601 F. Supp. 3d 1276, 1280 (S.D. Fla. 2022).

Personal jurisdiction can be either general or specific. *See* Fla. Stat. § 48.193(1)-(2); *Bristol-Myers Squibb Co. v. Super. Ct. of Cal., San Francisco Cnty.*, 582 U.S. 255, 262 (2017). General jurisdiction permits the exercise of jurisdiction regardless of whether a plaintiff's claims arise from the defendant's contacts with the forum. *See* Fla. Stat. § 48.193(2); *Helicopteros Nacionales de Colombia, S.A. v. Hall*, 466 U.S. 408, 415-16 (1984). Specific jurisdiction exists only if the claims fall within an enumerated category of Florida's long-arm statute (Fla. Stat. § 48.193(1)) and directly relate to the defendant's contacts with Florida (*Bristol-Myers*, 582 U.S. at 262). "[T]he Florida long-arm statute 'must be strictly construed' and 'any doubts about applicability of the statute must be resolved in favor of the defendant and against a conclusion that

personal jurisdiction exists.'" *Takata*, 396 F. Supp. 3d at 1140. And even if the long-arm statute is satisfied, the court must also determine whether the defendant has sufficient "minimum contacts" with Florida, such that the exercise of jurisdiction would not offend "traditional notions of fair play and substantial justice." *Int'l Shoe Co. v. State of Wash., Office of Unemployment Comp. & Placement*, 326 U.S. 310, 316 (1945).[3]

> ### 2.      The Court Lacks General Jurisdiction Over the California Defendants.

*GSW and Solomid.* For business entities like GSW and Solomid, general jurisdiction exists in the forum where the business is "at home," which typically is solely where it is incorporated or where its "principal place of business" is located. *Daimler AG v. Bauman*, 571 U.S. 117, 137 (2014). According to Plaintiffs' own allegations, that forum is California for GSW and Solomid. ACAC ¶¶ 62, 68, 467.[4]

*Individuals.* "For an individual, the paradigm forum for the exercise of general jurisdiction is the individual's domicile." *Daimler*, 571 U.S. at 137. Plaintiffs wholly fail to allege general jurisdiction over California residents Mr. Curry, Mr. David, or Ms. Osaka, none of whom are alleged to be domiciled in Florida. ACAC ¶¶ 61, 66, 67.

---

[3] As discussed in § II.1, the MDL does not change the personal jurisdiction inquiry, which looks to whether the transferor court (S.D. Fla. for the Florida Action) has personal jurisdiction. *Takata*, 396 F. Supp. 3d at 1137, 1156.

[4] That the Warriors occasionally play in Florida is irrelevant. *See Manton v. Cal. Sports, Inc.*, 493 F. Supp. 496, 497-98 (N.D. Ga. 1980) (no personal jurisdiction over L.A. Lakers in Georgia); *Senne v. Kansas City Royals Baseball Corp.*, 105 F. Supp. 3d 981, 1018 (N.D. Cal. 2015) (baseball franchise not "at home" in California even though it "regular[ly] travel[ed]" there).

### 3.    The Court Lacks Specific Jurisdiction Over the California Defendants.

Specific jurisdiction also does not exist because Plaintiffs fail to plead facts showing that the California Defendants are subject to jurisdiction under Florida's long-arm statute or compliance with the due process clause of the U.S. Constitution, *both* of which they must establish.

### a.    There Is No Specific Jurisdiction Under Florida's Long-Arm Statute.

"Specific personal jurisdiction under Florida's long-arm statute requires that the asserted cause of action must 'arise out of' one of a statutory list" of nine enumerated acts. *Hinkle v. Cirrus Design Corp.*, 775 F. App'x 545, 547-48 (11th Cir. 2019). Plaintiffs' theory appears to be that there is long-arm jurisdiction because the California Defendants allegedly committed a tortious act within Florida. *See* Fla. Stat. § 48.193(1)(a)(2). This theory fails because Plaintiffs neither allege a tortious act nor connexity to Florida.

*No tortious act within Florida.* Plaintiffs plead no *facts* showing that the California Defendants engaged in tortious acts in Florida. To begin with, Plaintiffs do not even plead a tort. *See* 12(b)(6) Motion by Brady, *et al*. But even if Plaintiffs had, they do not plead the alleged torts occurred *in Florida*. GSW's alleged acts occurred at Warriors' games in California. ACAC ¶¶ 479-482, 490-494.[5] Mr. Curry, Mr. David, and Ms. Osaka appeared in untargeted, nationally-available ads—and Solomid engaged in untargeted, nationally-available promotions (ACAC ¶¶ 438, 607-610, 630-31, 683)[6]—but there are no non-conclusory allegations that any defendant "directed their

---

[5] Plaintiffs make allegations about Warriors NFTs, ACAC ¶¶ 480-81, but none relating to Florida.

[6] Ms. Osaka also allegedly wore an FTX logo at one tournament in Miami. ACAC ¶¶ 613-614, 744. This is not sufficient to establish specific jurisdiction. *See Goldstein v. Johnson & Johnson*, 2019 WL 289290, at *3 (S.D. Fla. Jan. 21, 2019) (Moore, J.) (rejecting plaintiff's "contention that

[alleged] advertising and marketing . . . toward the Florida Plaintiffs" in this action, as required. *See Takata,* 396 F. Supp. 3d at 1141.

Plaintiffs' conclusory allegations of a conspiracy likewise fail to establish jurisdiction. To plead jurisdiction under this theory, Plaintiffs were required to "allege viable facts from which the inference could reasonably be drawn that [the California Defendants were] part of a conspiracy either engineered in Florida or pursuant to which a tortious act in furtherance was committed in Florida." *Mazer*, 556 F.3d at 1283. As set forth in the 12(b)(6) Motion, Plaintiffs have failed to do so. *See Oueiss v. Saud*, 2022 WL 1311114, at *14-15 (S.D. Fla. Mar. 29, 2022) (Moore, J.) (no personal jurisdiction based on conclusory allegations that defendant was in a conspiracy with others residing in Florida). Plaintiffs' allegation that the FTX employee (Dabir) responsible for the business agreements with the California Defendants was located in Florida does not change this conclusion. ACAC ¶¶ 16, 732. Plaintiffs do not plead there was anything *unlawful* about these advertising agreements. *See Birmingham v. RoFx.net*, 2022 WL 1686683, at *2 (S.D. Fla. May 26, 2022) (rejecting personal jurisdiction over conspiracy claim; "[t]he fact that EPS charged RoFx a fee for its services is proof of a business relationship, not a conspiracy"). In any event, many of Plaintiffs' Dabir allegations are based on "information and belief, " ACAC ¶¶ 429, 472, 671, which the Court should not credit. *See, e.g.*, *Oueiss*, 2022 WL 1311114, at *14-15 ("information and belief" allegations are speculative); *Mann v. Palmer*, 713 F.3d 1306, 1315 (11th Cir. 2013).

---

the use of a company's brand name or logo within a particular state by itself constitutes sufficient contacts with that state for personal jurisdiction purposes"); *see also Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 475 (1985) (defendant cannot be "haled into a jurisdiction solely as a result of 'random,' 'fortuitous,' or 'attenuated' contacts").

*No connexity.* Plaintiffs' long-arm allegations independently fail because they do not establish the "connexity" requirement, which requires that their "cause of action arise[] from the defendant committing a tortious act within the state." *Don King Prods., Inc. v. Mosley*, 2016 WL 3950930, at *3 (S.D. Fla. Jan. 27, 2016). It is not enough for Plaintiffs to allege that a California Defendant engaged in "nationwide, undifferentiated, []marketing campaign[s]," *see id.* at *4; ACAC ¶¶ 463, 623, without explaining how *Plaintiffs'* alleged harm arose out of that conduct. And, again, the allegation that FTX's agreements with the California Defendants supposedly were negotiated by an FTX employee based in Florida is irrelevant because Plaintiffs' claims do not arise out of the negotiation of those agreements. *See Millennium Indus. Network, Inc. v. Hitti*, 2014 WL 324656, at *3 (S.D. Fla. Jan. 28, 2014) ("[E]ven if the parties' business relationship resulted from communications transmitted into this state, to hold that the torts purportedly committed thereafter arose simply by virtue of that relationship would violate the jurisdictional rules imposed by the Florida legislature.").

### b.   Exercising Personal Jurisdiction Does Not Comport with Due Process.

The Motion should be granted for the independent reason that "exercising jurisdiction over [the California Defendants] would violate the due process clause." *Goldstein*, 2019 WL 289290, at *2. Courts apply a three-part test to evaluate this requirement: "(1) whether the plaintiff's claims arise out of or relate to at least one of the defendant's contacts with the forum; (2) whether the nonresident defendant purposefully availed himself of the privilege of conducting activities within the forum state, thus invoking the benefit of the forum state's laws; and (3) whether the exercise of personal jurisdiction comports with traditional notions of fair play and substantial justice." *Louis Vuitton Malletier, S.A. v. Mosseri*, 736 F.3d 1339, 1355 (11th Cir. 2013). Plaintiffs have the burden to establish the first two factors, referred to as the "minimum contacts" test. *Id.* at 1358. Plaintiffs fail to meet their burden.

The first prong of the due process test "focus[es] on the direct causal relationship between the defendant, the forum, and the litigation." *Id.* at 1355–56. Importantly, a "plaintiff cannot be the only link between the defendant and the forum"; "it is the *defendant's conduct* that must form the necessary connection with the forum." *Walden*, 571 U.S. at 285 (2014); *see also Oueiss*, 2022 WL 1311114, at *17 ("[A] court may not ascribe the forum contacts of one co-defendant to another in determining the existence of personal jurisdiction."). Plaintiffs fail to satisfy this prong for the same reason they fail to satisfy the long-arm statute: there is no connection between their claims and the California Defendants' alleged contacts with Florida. *Supra* pp. 9-10. Plaintiffs allegedly were harmed by FTX's collapse, which was "caused" by the "control failures" of a "small group" of *FTX Insiders* who "lied to third parties about their business." ACAC ¶¶ 31, 186-187. Plaintiffs have not alleged, nor could they, that the California Defendants had any "involvement with the operation of or control over the [FTX platform]" or "process[ed], service[d], or [created the purportedly flawed services]" FTX provided. *Atmos Nation LLC v. Alibaba Grp. Hld. Ltd.*, 2016 WL 1028332, at *4-5 (S.D. Fla. Mar. 15, 2016) (Moore, J.) (holding Court lacked jurisdiction). Plaintiffs have not alleged any connection between their alleged harm, the California Defendants, and Florida.

On the second prong, Plaintiffs fail to plead "purposeful availment" because they do not show that any California Defendant's "contacts with the forum … (1) are related to the plaintiff's cause of action; (2) involve some act by which the defendant purposefully availed himself of the privileges of doing business within the forum; and (3) are such that the defendant should reasonably anticipate being haled into court in the forum." *Louis Vuitton*, 736 F.3d at 1357. A defendant's contacts with the forum must have been its "own choice and not random, isolated, or fortuitous," and "must show that the defendant *deliberately* 'reached out beyond' its home." *Ford*,

11

141 S. Ct. at 1025. Plaintiffs do not make this showing.

The California Defendants' alleged promotions of FTX fail to establish purposeful availment. To begin with, Plaintiffs do not allege that any of them saw or heard any of the challenged promotional materials, let alone in Florida. But even if they had, that still would not be enough because it is well-established that "allegations that the [allegedly tortious statement] was accessible and accessed in Florida" are insufficient where that statement is equally "accessible in all 50 states." *McCall v. Zotos*, No. 22-11725, 2023 WL 3946827, at *5 (11th Cir. June 12, 2023) (affirming dismissal for lack of jurisdiction where allegedly tortious internet post was "accessible in" but did not "target" Florida); *see also Don King Prods., Inc.*, 2016 WL 3950930, at *5 (granting motion to dismiss where "the only potential contact [defendant] ha[d] with Florida [was] that it engaged in a national online advertising campaign."); *Zamora Radio, LLC v. Last.fm LTD.*, 2011 WL 2580401, at *6 (S.D. Fla. June 29, 2011) ("[S]ubject[ing] [defendant] to jurisdiction in a particular forum just for offering national and un-targeted advertising" would "set a troubling precedent."); *Miami Breakers Soccer Club, Inc. v. Women's United Soccer Ass'n*, 140 F. Supp. 2d 1325, 1329 (S.D. Fla. 2001) (sports team's use of logo on website insufficient to confer personal jurisdiction); *Paws Aboard, LLC v. DiDonato*, 2012 WL 1252763, *3-4 (M.D. Fla. April 13, 2012) ("Merely posting comments on a foreign website . . . is a weak link to the forum even if the posting might have been accessed here."); *Mason v. Sony Pictures Entm't, Inc.*, 2021 WL 1663492, at *5 (N.D. Ga. Apr. 28, 2021) ("[Plaintiff] cannot simply rely on the blanketed broadcasting of [allegedly infringing show] in all fifty states to establish that [defendants] purposefully directed their alleged infringement activity into *Georgia*."). Plaintiffs also fail to plead purposeful availment based on alleged broadcasts into Florida—such as when the Heat and the Magic played the Warriors in San Francisco (ACAC ¶¶ 491-493), or Mr. David's Super Bowl ad—because the

ACAC does not allege that the California Defendants controlled any broadcasts to Florida. *See GolTV, Inc. v. Fox Sports Latin Am. Ltd.*, 277 F. Supp. 3d 1301, 1315 (S.D. Fla. 2017) ("The licensing of worldwide broadcasting rights entailed a relinquishment of Conmebol's control over where broadcasts would be made, and therefore cannot support a finding Conmebol directed any conduct at Florida residents.").

Plaintiffs' allegations that FTX's Dabir was in Florida when he oversaw the creation of the "deals between FTX and" the California Defendants are likewise insufficient to establish purposeful availment. ACAC ¶¶ 16, 732. These allegations say nothing about *the California Defendants*' purposeful availment of Florida. *Walden*, 571 U.S. at 277, 285 ("it is the *defendant's conduct* that must form the necessary connection with the forum."). Courts routinely hold that the location of a contractual counterparty does not confer jurisdiction in that location—even in a breach of contract action where, unlike here, the connection between plaintiff's cause of action and contract negotiations is self-evident. *See Groom v. Feyh*, 651 F. Supp. 249, 255-56 (S.D. Fla. 1986) ("The prior negotiations between the [contractual] parties are generally insufficient standing alone to amount to purposeful activity."); *Westway Holdings Corp. v. Tate & Lyle PLC*, 2008 WL 4443052, at *3 (E.D. La. Sept. 25, 2008) ("negotiations between a resident and nonresident and visits to a forum related to those negotiations do not, without more, constitute the purposeful activity necessary to create personal jurisdiction."). These holdings apply with even more force here because the connection (if any) between Plaintiffs' claims and the alleged negotiations with Dabir is far more attenuated.[7]

_____

[7] Plaintiffs' allegation that FTX did not move its domestic headquarters to Florida until "late 2022," ACAC Ex. A ¶ 20 (Friedberg Decl.); ACAC ¶ 739, also undermines Plaintiffs' argument—this is

Finally, the Court should not exercise personal jurisdiction over the California Defendants because doing so would offend traditional notions of fair play and substantial justice. For this analysis, courts consider: "(1) the burden on the defendant; (2) the forum's interest in adjudicating the dispute; (3) the plaintiff's interest in obtaining convenient and effective relief; and (4) the judicial system's interest in resolving the dispute." *Louis Vuitton*, 736 F.3d at 1358. These factors weigh against the exercise of personal jurisdiction here.

*First*, the California Defendants are burdened by the possibility of a trial in Florida, particularly because such a trial would be duplicative of any trials in California for the California actions that are part of this MDL. For example, in *Response Reward Systems, L.C. v. Meijer, Inc.*, the court declined to exercise jurisdiction over a Michigan-based corporation because the burden of litigating in Florida "would be substantial" where the corporation had "no offices, employees, or documents located in" Florida and it "would have to bear the cost of transporting its documents and witnesses" to Florida. 189 F. Supp. 2d 1332, 1339 (M.D. Fla. 2002); *see also Wiegering v. Blue Cross & Blue Shield of Mass., Inc.*, 2017 WL 1294907, at *9 (S.D. Fla. Feb. 2, 2017); *Green v. USF & G Corp.*, 772 F. Supp. 1258, 1259, 1263 (S.D. Fla. 1991). The same is true for the California Defendants. *See supra* pp. 3-5.

*Second*, Plaintiffs failed to plead, and cannot plead, that Florida has a greater interest in the adjudication of this case than California, where the California Defendants reside and where their alleged conduct occurred. This is particularly true given that a vast majority of the named Plaintiffs and Defendants do not reside in Florida. Indeed, Florida's interest at most is a

_____

*after* California Defendants and FTX allegedly entered into their deals, ACAC ¶¶ 423, 468, 607, 630, 679.

14

"generalized interest in enforcing [the] law," but that is insufficient. *See Frida Kahlo Corp. v. Pinedo*, 2021 WL 4147876, at *6 (S.D. Fla. Sept. 13, 2021).

*Third*, the remaining two factors are not relevant in this case, so should play little, if any, role in the Court's analysis. "[T]he plaintiff's interest in obtaining convenient and effective relief" and the judicial system's interest in resolving the dispute would not be impacted if the Court were to grant this Motion because Plaintiffs already refiled their claims in courts that have jurisdiction over the California Defendants. *See Miami Breakers*, 140 F. Supp. 2d at 1331; *Frida*, 2021 WL 4147876, at *6. Accordingly, the factors weigh in support of granting this Motion.[8]

### 4. The Florida Action Should Be Dismissed For Improper Claim-Splitting

The Florida Action independently should be dismissed because it is improper for Plaintiffs to simultaneously maintain both the Florida Action and the California actions against the California Defendants. The Court may—and should—dismiss the duplicative Florida Action under the "claim-splitting" doctrine because "Plaintiffs have no right to maintain two actions on the same subject in the same court, against the same defendant at the same time." *Vanover v. NCO Fin. Servs., Inc.*, 857 F.3d 833, 843 (11th Cir. 2017); *see also Hussain v. Hussain*, 2022 WL 198811, at *2 (M.D. Fla. Jan. 12, 2022) (dismissing duplicative complaint).

### IV.   CONCLUSION

For the foregoing reasons, the Court should grant this Motion.

---

[8] The claims by the named Plaintiffs who reside outside of Florida also should be dismissed for lack of personal jurisdiction. *See Bristol-Myers*, 582 U.S. at 265 (no jurisdiction over non-resident claims that lack "a connection between the forum and the specific claims at issue"); *Carter v. Ford Motor Co.*, 2021 WL 1165248, at *6-15 (S.D. Fla. Mar. 26, 2021) (dismissing non-resident plaintiffs who were allegedly defrauded outside of Florida; rejecting pendant-party jurisdiction).

### Local Rule 7.1 Certification

Attorneys for the California Defendants have conferred numerous times with Plaintiffs' counsel to attempt to resolve the issues raised in this motion, including an email from Michael Kahn (counsel for Golden State Warriors, LLC and Naomi Osaka) to Plaintiffs' counsel on July 14, 2023, a meet and confer attended by counsel for Plaintiffs and California Defendants (among other defendants) on July 27, 2023, a telephone conference between Andrew Clubok (counsel for Lawrence David) and David Boies (counsel for Plaintiffs) on August 29, 2023, and an email from Stephanie Casey (counsel for Lawrence David, Golden State Warriors, LLC, and Naomi Osaka) on September 18, 2023 to Plaintiffs' counsel, to which Plaintiffs' counsel responded that this motion is opposed.

16

DATED: September 21, 2023

McDERMOTT WILL & EMERY LLP

By: */s/ Nathan Bull*
    Nathan Bull (FBN 1029523)
    333 SE 2nd Ave Suite 4500
    Miami, FL 33131
    (212) 547-5768
    nbull@mwe.com

    Jason D. Strabo (*pro hac vice* pending)
    Ellie Hourizadeh (to file *pro hac vice*)
    2049 Century Park East, Suite 3200
    Los Angeles, CA 90067
    (310) 788-4125
    jstrabo@mwe.com
    ehourizadeh@mwe.com

    Sarah P. Hogarth (*pro hac vice* pending)
    500 North Capitol Street NW
    Washington, DC 20001
    (202) 756-8354
    shogarth@mwe.com

Attorneys for Defendant
STEPHEN CURRY

MARCUS NEIMAN RASHBAUM &
PINEIRO LLP

By: */s/ Jeffrey Neiman*
    Jeffrey Neiman (FBN 544469)
    100 Southeast Third Avenue, Suite 805
    Fort Lauderdale, FL 33394
    (954) 462-1200
    jneiman@mnrlawfirm.com

    Jeffrey Marcus (FBN 310890)
    Michael Pineiro (FBN 041897)
    Brandon Floch (FBN 125218)
    2 South Biscayne Blvd., Suite 2530
    Miami, FL 33131
    (305) 400-4260
    jmarcus@mnrlawfirm.com

Respectfully submitted,

COLSON, HICKS, EIDSON, P.A.

By: */s/ Roberto Martinez*
    Roberto Martínez (FBN 305596)
    Stephanie A. Casey (FBN 97483)
    Zachary Lipshultz (FBN 123594)
    Thomas A. Kroeger (FBN 0019303)
    255 Alhambra Circle, Penthouse
    Coral Gables, Florida 33134
    Phone: 305.476.7400
    bob@colson.com
    scasey@colson.com
    zach@colson.com
    tom@colson.com

    GIBSON, DUNN & CRUTCHER LLP

    Matthew S. Kahn (*pro hac vice*)
    Michael J. Kahn (*pro hac vice*)
    555 Mission Street, Suite 3000
    San Francisco, CA 94105-0921
    Phone: 415.393.8200
    MKahn@gibsondunn.com
    MJKahn@gibsondunn.com

    Michael Dore (*pro hac vice*)
    Jamila MacEbong (*pro hac vice*)
    333 South Grand Avenue
    Suite 4600
    Los Angeles, CA 90071-3197
    Phone: 213.229.7155
    MDore@gibsondunn.com
    JMacEbong@gibsondunn.com

Attorneys for Defendants
GOLDEN STATE WARRIORS, LLC and
NAOMI OSAKA

COLSON, HICKS, EIDSON, P.A.

By: */s/ Roberto Martinez*
    Roberto Martínez (FBN 305596)

17

mpineiro@mnrlawfirm.com
bfloch@mnrlawfirm.com

BERK BRETTLER LLP

Andrew B. Brettler (*pro hac vice*)
9119 Sunset Boulevard
West Hollywood, CA
(310) 278-2111
abrettler@berkbrettler.com

Attorneys for Defendant
SOLOMID CORPORATION

Stephanie A. Casey (FBN 97483)
Zachary Lipshultz (FBN 123594)
Thomas A. Kroeger (FBN 0019303)
255 Alhambra Circle, Penthouse
Coral Gables, Florida 33134
Phone: 305.476.7400
bob@colson.com
scasey@colson.com
zach@colson.com
tom@colson.com

LATHAM & WATKINS LLP

Andrew Clubok (*pro hac vice*)
Susan E. Engel (*pro hac vice*)
Brittany M.J. Record (*pro hac vice*)
555 Eleventh Street, N.W., Suite 1000
Washington, D.C. 20004-1304
Tel: +1.202.637.2200
Fax: +1.202.637.2201
andrew.clubok@lw.com
susan.engel@lw.com
brittany.record@lw.com

Marvin S. Putnam (*pro hac vice*)
Jessica Stebbins Bina (*pro hac vice*)
Elizabeth A. Greenman (*pro hac vice*)
10250 Constellation Blvd., Suite 1100
Los Angeles, CA 90067
Tel: +1.424.653.5500
Fax: +1.424.653.5501
marvin.putnam@lw.com
jessica.stebbinsbina@lw.com
elizabeth.greenman@lw.com

Michele D. Johnson (*pro hac vice*)
650 Town Center Drive, 20th Floor
Costa Mesa, CA 92626-1925
Tel: +1.714.540.1235
Fax: +1.714.755.8290
michele.johnson@lw.com

Attorneys for Defendant
LAWRENCE GENE DAVID

18

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on this 21st day of September, 2023, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF. I also certify that the foregoing document is being served this day on all counsel of record via transmission of Notices of Electronic Filing generated by CM/ECF.

*/s/ Roberto Martinez*
Roberto Martínez
