UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

| | |
|---|---|
| IN RE: FTX CRYPTOCURRENCY EXCHANGE COLLAPSE LITIGATION | Case No. 1:23-md-03076-KMM |
| This Document Relates To: *Garrison, et al. v. Bankman-Fried, et al.*, Case No. 22-cv-23753-KMM  *Garrison v. Shohei Ohtani, et al.*, Case No. 23-cv-23064-KMM | |

**MOTION FOR LEAVE TO FILE UNDER
SEAL AN EXHIBIT TO LARRY DAVID'S DECLARATION IN
<u>SUPPORT OF MOTION TO DISMISS FOR LACK OF PERSONAL JURISDICTION</u>**

Per Local Rule 5.4, Defendant Lawrence David moves for leave to file under seal a confidential exhibit in support of his Declaration filed as an attachment to Defendants Golden State Warriors, LLC, Larry David, Stephen Curry, Shohei Ohtani, and Naomi Osaka's Motion to Dismiss for Lack of Personal Jurisdiction.

1. The Declaration filed contemporaneously herewith includes as Exhibit A a contract between Mr. David and various FTX entities.

2. Generally, the presumption in this District is that proceedings are public and Court filings are a matter of public record.  S.D. Fla. L.R. 5.4(a).  However, the public's right of access is not absolute and "may be overcome by a showing of good cause, which requires balancing the asserted right of access against the other party's interest in keeping the information confidential." *Romero v. Drummond Co., Inc.*, 480 F.3d 1234, 1246 (11th Cir. 2007) (internal quotations and citations omitted).

1

3. In balancing these interests to determine whether documents should be placed under seal, courts consider "whether allowing access would impair court functions or harm legitimate privacy interests, the degree of and likelihood of injury if made public, the reliability of the information, whether there will be an opportunity to respond to the information, whether the information concerns public officials or public concerns, and the availability of a less onerous alternative to sealing the documents." *Id.* "A party's privacy or proprietary interest in information sometimes overcomes the interest of the public in accessing the information." *Id.*

4. Here, Mr. David's contract contains confidentiality provisions that prohibit him from disclosing to any third party the financial or other material terms of the contract. The contract also contains commercially sensitive and personal information regarding the terms of Mr. David's services and intellectual property. Disclosure of the agreement (and terms thereof) could violate Mr. David's confidentiality obligations and cause irreparable harm to his personal and commercial interests. Thus, to honor Mr. David's obligations under the agreement, and to protect commercially sensitive information, he requests leave to file Exhibit A to his Declaration under seal.

5. Mr. David requests that the Court maintain this record under seal until the conclusion of this case and further order of the Court.

For the foregoing reasons, Mr. David respectfully requests leave to file Exhibit A to his Declaration under seal.

## LOCAL RULE 7.1(A)(3) CERTIFICATION

Pursuant to Local Rule 7.1(a)(3), counsel for Mr. David certifies that they attempted to confer with counsel for Plaintiffs, on September 21, 2023. Mr. David previously filed an identical motion in *Garrison v. Bankman-Fried*, 22-cv-23753-KMM, ECF No. 146, which addressed sealing the same document Mr. David now seeks to seal. With respect to that motion, Plaintiffs' counsel stated: "we certainly do not oppose to [sic] your filing, and we can certainly deal with the document, after we have the chance to review it and we will let you know if we think it needs/should be filed not under seal and can talk." In advance of filing the instant motion, counsel for Mr. David inquired via email whether Plaintiffs' counsel still consented to filing Exhibit A to the Declaration of Lawrence Gene David under seal. Plaintiffs' counsel did not respond.

Dated: September 21, 2023                                  Respectfully submitted,

        **Colson, Hicks, Eidson, P.A.**
          255 Alhambra Circle, Penthouse
          Coral Gables, Florida 33134
          (305) 476-7400

        By: */s/ Roberto Martínez*
          Roberto Martínez
          Florida Bar No. 305596
          bob@colson.com
          Stephanie A. Casey
          Florida Bar No. 97483
          scasey@colson.com
          Zachary Lipshultz
          Florida Bar No. 123594
          zach@colson.com

        **LATHAM & WATKINS LLP**
          Andrew B. Clubok (*pro hac vice*)
            *andrew.clubok@lw.com*
          Susan E. Engel (*pro hac vice*)
            *susan.engel@lw.com*
          Brittany M.J. Record (*pro hac vice*)
            *brittany.record@lw.com*
          555 Eleventh Street, N.W., Suite 1000
          Washington, D.C. 20004-1304

Tel: +1.202.637.2200
Fax: +1.202.637.2201

**LATHAM & WATKINS LLP**
  Marvin S. Putnam (*pro hac vice*)
    *marvin.putnam@lw.com*
  Jessica Stebbins Bina (*pro hac vice*)
    *jessica.stebbinsbina@lw.com*
  Elizabeth A. Greenman (*pro hac vice*)
    *elizabeth.greenman@lw.com*
10250 Constellation Blvd., Suite 1100
Los Angeles, California 90067
Tel: +1.424.653.5500
Fax:  +1.424.653.5501

**LATHAM & WATKINS LLP**
  Michele D. Johnson (*pro hac vice*)
    *michele.johnson@lw.com*
650 Town Center Drive, 20th Floor
Costa Mesa, California 92626-1925
Tel: +1.714.540.1235
Fax: +1.714.755.8290

*Attorneys for Defendant Lawrence Gene David*