**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**
**MIAMI DIVISION**

| | |
|---|---|
| IN RE: FTX CRYPTOCURRENCY EXCHANGE COLLAPSE LITIGATION | No: 1:23-md-03076-KMM <br><br> MDL No. 3076 |
| This Document Relates To: <br><br> GARRISON V. BANKMAN-FRIED <br> No. 22-cv-23753-MOORE/OTAZO-REYES | |

**DEFENDANT SHOHEI OHTANI'S SUPPLEMENTAL MEMORANDUM OF LAW IN SUPPORT OF MOTION TO DISMISS**

Plaintiffs have not alleged any conduct by Mr. Ohtani that could conceivably form the basis of a tort or fraud claim under U.S. law. Moreover, the claims asserted by Plaintiffs Garrison and Kavuri are barred and should be dismissed pursuant to the "two-dismissal" rule and res judicata because they already filed and voluntarily dismissed two separate cases against Mr. Ohtani stemming out of the same operative facts. The claims against Mr. Ohtani should be dismissed.

From his home in Tokyo, Japan, Mr. Ohtani, a Japanese citizen and resident,[1] entered into an agreement with Bahamas-based FTX to license his name, image, and likeness to promote FTX's international business in the Japanese market. Ohtani Decl. ¶¶ 2, 8, 11; CAC ¶¶ 579 n.238, 588. The CAC concedes this: the only conduct Plaintiffs allege Mr. Ohtani engaged in were (1) appearing on a billboard in Tokyo, CAC ¶ 588, (2) being referenced by third-parties in the press about agreeing to serve as the Japanese ambassador for Bahamas-based FTX, *id.* ¶ 584, and (3) appearing in two commercials where other actors said that Mr. Ohtani is "into crypto [and] NFTS" and that Mr. Ohtani used FTX, *id.* ¶¶ 586, 587. But **the CAC makes no mention of any statement by Mr. Ohtani**. This makes sense, because Mr. Ohtani does not make public statements in English and his agreement with FTX was directed towards the Japanese market. Ohtani Decl. ¶¶ 12, 18.

Plaintiffs, a mix of British, Canadian, German, and American residents—none of whom reside in Japan or allege to have viewed or relied on any of Mr. Ohtani's purported promotional content anywhere in the world—indiscriminately allege that they were fraudulently induced to invest in FTX by 40 distinct and unrelated MDL Defendants. Under Plaintiffs' theory, Mr.

---

[1] Although Plaintiffs allege that Mr. Ohtani is a "citizen and resident of the State of California," CAC ¶ 65, he is in fact a citizen and resident of Japan. *See* Declaration of Shohei Ohtani, attached hereto as Exhibit A (hereinafter "Ohtani Decl.") ¶ 2.

Ohtani's appearance on a Japanese billboard is equally responsible for FTX's fraud and Plaintiffs' losses as Sam Bankman-Fried, FTX's lawyers and accountants, and highly sophisticated investment funds. But the CAC does not support any such nexus.

Even more, Plaintiffs do not allege that *Mr. Ohtani* committed a single promotional act in or directed at Florida or Oklahoma or California, let alone a deceptive act. In fact, the CAC purports to provide "[s]pecific examples of [Mr. Ohtani's] promotions of FTX," CAC ¶ 583, but four out of six examples allege conduct attributable to third parties, *not* Mr. Ohtani. *See* CAC ¶ 584 (FTX and Sports Business Journal tweets about Mr. Ohtani partnership with FTX); ¶ 585 (FTX tweet about Mr. Ohtani's video game feature); ¶ 588 (FTX tweet of billboards in Japan); and ¶ 590 (newspaper article about Mr. Ohtani's baseball career).

Plaintiffs only allege that Mr. Ohtani appeared in two FTX commercials on the internet, but fail to allege how Mr. Ohtani's appearances in these commercials—in which Plaintiffs do not allege Mr. Ohtani said a single word—somehow misled them. CAC ¶¶ 586, 587. Nor do Plaintiffs allege where the ads were filmed or created, whether the content was broadcast in certain locales, or where and whether Plaintiffs viewed or relied on these ads. Without any such allegation, Plaintiffs' fraud-based claims must be dismissed for lack of a nexus to each state from which they seek protection under their laws. *See Team Servs., Inc. v. Securitas Elec. Sec., Inc.*, 2021 WL 9350987, at *5 (S.D. Fla., Aug. 9, 2021) (Moore, J.) (dismissing FDUTPA claim where plaintiffs failed to allege "any unfair, deceptive, or unconscionable practices took place within the State of Florida"); *In re Toyota Motor Corp.*, 785 F. Supp. 2d 883, 917 (C.D. Cal. 2011) (dismissing UCL claim where foreign plaintiffs failed to allege that the offending conduct occurred in California or was seen (or could have been seen) by plaintiffs in California); *Cont'l Res., Inc. v. Wolla Oilfield Servs., LLC*, 510 P.3d 175, 180 (Okla. 2022) (holding OCPA inapplicable where offending

Case 1:23-md-03076-KMM Document 270 Entered on FLSD Docket 09/21/2023 Page 4 of 6

conduct occurs solely outside of Oklahoma).

The same applies to the various state securities law claims in Florida, Oklahoma, and California. Plaintiffs do not allege that they relied on Mr. Ohtani's purported promotional content in those states to make their decision to invest in FTX within those states. *See* Fla. Stat. § 517.07(1) (prohibiting unlawful sales of securities "*within this state*"); Cal. Corp. Code § 25110 (prohibiting unlawful sales of securities "*in this state*"); 71 O.S. § 1-301 (making it "unlawful for a person to offer or sell a security *in this state*," subject to certain inapplicable exceptions) (emphasis added).

And while Mr. Ohtani contends the law is clear that the CAC fails to state any claim against him, the Court has a separate basis to dismiss all claims asserted by Plaintiffs Garrison and Kavuri. They both previously filed and voluntarily dismissed at least two actions against Mr. Ohtani. *See Garrison v. Bankman-Fried*, 1:22-cv-23753-KMM at ECF 14 (S.D. Fla. Dec. 8, 2022) (Garrison Dismissal #1); *Kavuri v. Bankman-Fried*, 1:22-cv-23817-DPG at ECF 5 (S.D. Fla. Dec. 8, 2022) (Kavuri Dismissal #1); *Garrison v. Ohtani*, 2:23-cv-05951-AB at ECF 10 (C.D. Cal. July 24, 2023) (Garrison and Kavuri Dismissal #2). Fed. R. Civ. P. 41(a)(1)(B) dictates that a plaintiff's second voluntary dismissal of the same claim "operates as an adjudication on the merits." *Id.*

Consequently, two voluntary dismissals invoke the doctrine of res judicata and bar a subsequent lawsuit. *Sealey v. Branch Banking & Tr. Co.*, 693 F. App'x 830, 834 (11th Cir. 2017). And although Garrison and Kavuri assert two new claims, res judicata "extends to all legal theories and claims arising out of the same operative nucleus of fact and bars all subsequent suits raising allegedly new theories." *Langermann v. Dubbin,* 2014 WL 11429294, at *3 (S.D. Fla. Oct. 16, 2014) (Moore, J.). All of their claims arise from the same set of facts and are based on the same theories: Plaintiffs were allegedly induced into investing in FTX by Mr. Ohtani's allegedly deceptive promotional content. Thus, Plaintiffs Garrison and Kavuri's claims must be dismissed.

3

|  |  |
|---|---|
| DATED: September 21, 2023<br>Miami, Florida | Respectfully submitted,<br><br>**WEIL, GOTSHAL & MANGES LLP**<br><br>*/s/ Edward Soto*<br>Edward Soto (Fla Bar. No. 0265144)<br>1395 Brickell Avenue, Suite 1200<br>Miami, FL 33131-3368<br>Phone: (305)-577-3100<br>Email: edward.soto@weil.com<br><br>*Attorney for Defendant Shohei Ohtani* |

## **CERTIFICATE OF SERVICE**

I hereby certify that on this September 21, 2023, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF. I also certify that the foregoing document is being served this day on all counsel of record via transmission of Notices of Electronic Filing generated by CM/ECF.

DATED:   September 21, 2023               */s/ Edward Soto*
                                          Edward Soto