# IN THE UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF FLORIDA
### MIAMI DIVISION

|  |  |
|---|---|
| IN RE: FTX CRYPTOCURRENCY EXCHANGE COLLAPSE LITIGATION | No: 1:23-md-03076-KMM <br><br> MDL No. 3076 |
| This Document Relates To: <br><br> *Garrison v. Bankman-Fried*, <br> No. 22-cv-23753-KMM <br><br> *Norris v. Brady*, <br> No. 23-cv-20439-KMM |  |

## DEFENDANT THOMAS BRADY'S INDIVIDUAL MOTION TO DISMISS AND INCORPORATED MEMORANDUM OF LAW

## I.       INTRODUCTION

Defendant Thomas Brady moves to dismiss Plaintiffs' Class Action Complaint ("CAC"), ECF No. 179, for the reasons set forth in the omnibus Motion to Dismiss ("MTD"), and files this short separate motion to address certain specific deficiencies with respect to Plaintiffs' factual allegations regarding Mr. Brady.

## II.      PLAINTIFFS FAIL TO PLEAD FACTS DEMONSTRATING MR. BRADY SOLD OR SOLICITED THE SALE OF SECURITIES

Plaintiffs' complaint describes several advertisements and promotional appearances by Mr. Brady related to FTX. None of these alleged brand promotion efforts, however, involved the sale or solicitation of Plaintiffs' alleged securities. *See* CAC ¶¶ 301-06, 308-09.

According to Plaintiffs, Mr. Brady appeared in three video advertisements for FTX. *Id.* ¶¶ 301, 304-05. These advertisements focused on the FTX brand and platform, not any specific product. *See id.* Plaintiffs also point to Mr. Brady's appearance alongside Sam Bankman-Fried at the Salt Crypto Bahamas Conference, *id.* ¶¶ 308-09, where Mr. Brady spoke on the topic of "Winning," *see id.* ¶ 308. And they allege that FTX retweeted social media posts by Mr. Brady or his former team, the Tampa Bay Buccaneers, and promoted a social media sweepstakes with Mr. Brady and a company he co-founded. *See id.* ¶¶ 311, 319-20. ***None*** of these alleged promotions mention the allegedly unregistered securities. These general promotions of FTX are insufficient to establish that Mr. Brady sold or solicited the sale of YBAs or FTT, and Plaintiffs' securities claims must be dismissed. *See, e.g.*, *AREI II Cases*, 216 Cal. App. 4th 1004, 1015-19 (2013); *In re CNL Hotels & Resorts, Inc.*, 2005 WL 2291729, at *4-5 (M.D. Fla. Sept. 20, 2005).[1]

---

[1] In any event, Plaintiffs cannot (and have not) alleged that they purchased these products as a result of Mr. Brady's ads, or even that they viewed them at all. *See* CAC ¶¶ 39-54. But even

### III.     PLAINTIFFS CANNOT SHOW MR. BRADY WAS AWARE OF OR INVOLVED IN FTX'S FRAUD

Plaintiffs likewise allege *no* actual facts that remotely suggest Mr. Brady knew anything about FTX's fraud or supported it in any way. Indeed, Plaintiffs' assertion that Mr. Brady took a substantial "equity stake in FTX" as compensation under his advertising contract, CAC ¶ 295—far from supporting their claims—demonstrates that Mr. Brady believed FTX to be a genuine, non-fraudulent company and that FTX's ultimate collapse **harmed** him too. *See id.* ¶¶ 326-27. Moreover, as with his then-advertising partner Ms. Bündchen, there was no deceit in Mr. Brady not disclosing his exact compensation; both he and Ms. Bündchen were publicly announced to have entered into agreements with FTX; both disclosed they took equity in FTX; and both engaged in routine advertisements—television commercials and print ads—where there was no expectation that their services were uncompensated. *See id.* ¶¶ 293-320. In context, no reasonable consumer would confuse these promotions for anything other than paid endorsements. *See* MTD at 27-28.

Similarly, Plaintiffs wholly fail to allege any deceptive statements or conduct by Mr. Brady. Statements like: FTX is "the best way to get in the [crypto] game," or "the safest and easiest way to buy and sell crypto," CAC ¶ 304, and FTX is "better. And I like better," *id.* ¶ 305, do not constitute deceptive practices under any state's law. Rather, these allegations reflect at most classic "nonactionable puffery"—not a basis for claims of unfair competition or deceptive trade practices. *See* MTD at 24-25.

These failures entirely defeat Plaintiffs' consumer protection, aiding and abetting, and conspiracy claims. *See, e.g.*, *Silverboys, LLC v. Joelsson*, 2020 WL 13401917, at *12 (S.D. Fla.

---

assuming this deficiency could be corrected, the fundamental deficiency—that the ad does not solicit the sale of any security—would still require dismissal.

Nov. 30, 2020) (Florida consumer protection claim); *Taylor v. Costco Wholesale Corp.*, 2020 WL 5982090, at *4 (E.D. Cal. Oct. 8, 2020) (California consumer protection claim); 15 O.S. § 753(2), (5) (Oklahoma consumer protection claim); *Honig v. Kornfeld*, 339 F. Supp. 3d 1323, 1343 (S.D. Fla. 2018) (Florida aiding and abetting claims); *Almeida v. BOKF, NA*, 471 F. Supp. 3d 1181, 1197 (N.D. Okla. 2020) (Oklahoma aiding and abetting claims); *Feng v. Walsh*, 2021 WL 8055449, at *11 (S.D. Fla. Dec. 21, 2021), *report and recommendation adopted*, 2022 WL 669198 (S.D. Fla. Mar. 7, 2022) (civil conspiracy).

## IV.   CONCLUSION

For these further reasons, the complaint against Mr. Brady should be dismissed with prejudice.

Dated:  September 21, 2023                    Respectfully submitted,

                                             **Colson, Hicks, Eidson, P.A.**
                                             255 Alhambra Circle, Penthouse
                                             Coral Gables, Florida 33134
                                             (305) 476-7400

                                             By: */s/ Roberto Martinez*
                                             Roberto Martínez
                                             Florida Bar No. 305596
                                             bob@colson.com
                                             Stephanie A. Casey
                                             Florida Bar No. 97483
                                             scasey@colson.com
                                             Zachary Lipshultz
                                             Florida Bar No. 123594
                                             zach@colson.com

**LATHAM & WATKINS LLP**
  Andrew B. Clubok (*pro hac vice*)
    *andrew.clubok@lw.com*
  Susan E. Engel (*pro hac vice*)
    *susan.engel@lw.com*
  Brittany M.J. Record (*pro hac vice*)
    *brittany.record@lw.com*
555 Eleventh Street, N.W., Suite 1000
Washington, D.C. 20004-1304
Tel: +1.202.637.2200
Fax: +1.202.637.2201

**LATHAM & WATKINS LLP**
  Marvin S. Putnam (*pro hac vice*)
    *marvin.putnam@lw.com*
  Jessica Stebbins Bina (*pro hac vice*)
    *jessica.stebbinsbina@lw.com*
  Elizabeth A. Greenman (*pro hac vice*)
    *elizabeth.greenman@lw.com*
10250 Constellation Blvd., Suite 1100
Los Angeles, California 90067
Tel: +1.424.653.5500
Fax:  +1.424.653.5501

**LATHAM & WATKINS LLP**
  Michele D. Johnson (*pro hac vice*)
    *michele.johnson@lw.com*
650 Town Center Drive, 20th Floor
Costa Mesa, California 92626-1925
Tel: +1.714.540.1235
Fax: +1.714.755.8290

*Attorneys for Defendant Thomas Brady*

4

## <u>CERTIFICATE OF SERVICE</u>

I HEREBY CERTIFY that on September 21, 2023, a true and correct copy of the foregoing was filed electronically with the Clerk of the Court, by using the CM/ECF system, causing a true and correct copy to be served on all counsel of record.

By: <u>*/s/ Roberto Martinez*</u>
Roberto Martínez

5