IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

| | |
|---|---|
| IN RE: FTX CRYPTOCURRENCY EXCHANGE COLLAPSE LITIGATION | No: 1:23-md-03076-KMM <br><br> MDL No. 3076 |
| This Document Relates To: <br><br> *Garrison v. Bankman-Fried*, <br> No. 22-cv-23753-KMM | |

**DEFENDANT GISELE BÜNDCHEN'S INDIVIDUAL MOTION TO DISMISS AND
<u>INCORPORATED MEMORANDUM OF LAW</u>**

I.      INTRODUCTION

Defendant Gisele Bündchen moves to dismiss Plaintiffs' Class Action Complaint ("CAC"), ECF No. 179, for the reasons set forth in the omnibus Motion to Dismiss ("MTD"), and files this short separate motion to address certain specific deficiencies with respect to Plaintiffs' factual allegations regarding Ms. Bündchen.

II.     **PLAINTIFFS FAIL TO PLEAD FACTS DEMONSTRATING MS. BÜNDCHEN SOLD OR SOLICITED THE SALE OF SECURITIES**

Plaintiffs describe Ms. Bündchen as someone who engaged in advertisements, social media posts, and other promotions for the FTX brand, and who also took an honorary title, FTX's Head of Environmental and Social Initiatives, to promote charitable efforts with FTX. None of Ms. Bündchen's alleged brand promotion or charity efforts, however, involved the sale or solicitation of Plaintiffs' alleged securities, YBAs or FTT. *See* CAC ¶¶ 301-04, 308-09, 312-17.

With respect to advertisements, plaintiffs allege that Ms. Bündchen appeared in two video advertisements, as well as print advertisements, for FTX—all focused on the FTX brand or platform, not on any specific product. *Id.* ¶¶ 301, 304, 313. Plaintiffs also point to Ms. Bündchen's appearance alongside Sam Bankman-Fried at the Salt Crypto Bahamas Conference, *see id.* ¶¶ 308-09, where Ms. Bündchen spoke on the topic of "Effective Altruism," *see id.* ¶ 308. **None** of these alleged promotions mentions the allegedly unregistered securities. These general promotions are insufficient to establish that Ms. Bündchen sold or solicited the sale of YBAs or FTT, and Plaintiffs' securities claims must be dismissed. *See, e.g.*, *AREI II Cases*, 216 Cal. App. 4th 1004, 1015-19 (2013); *In re CNL Hotels & Resorts, Inc.*, 2005 WL 2291729, at *4-5 (M.D. Fla. Sept.

20, 2005).[1]

### III. PLAINTIFFS CANNOT SHOW MS. BÜNDCHEN WAS AWARE OF OR INVOLVED IN FTX'S FRAUD.

Plaintiffs' attempts to use Ms. Bündchen's honorary title as FTX's Head of Environmental and Social Initiatives to paint her as an FTX insider are similarly misguided. Stripped of rhetoric, Plaintiffs allege that Ms. Bündchen and FTX jointly engaged in the promotion of charitable efforts, and that Ms. Bündchen's primary involvement with FTX was that charitable promotion.

Plaintiffs allege *no* actual facts that remotely suggest Ms. Bündchen knew anything about FTX's alleged fraud or supported it in any way. Indeed, Plaintiffs' assertion that Ms. Bündchen took an "equity stake in FTX" as compensation under her advertising contract, CAC ¶ 295—far from supporting their claims—demonstrates that Ms. Bündchen believed FTX to be a genuine, non-fraudulent company and that FTX's collapse *harmed* her. *See id.* ¶¶ 326-27. This is likewise true for Plaintiffs' allegation that, after FTX's collapse, Ms. Bündchen "said she [had] believed FTX was a 'sound and great thing based on what [her] financial advisers told [her].'" *Id.* ¶ 332. If anything, Plaintiffs' complaint alleges that Ms. Bündchen *lacked* fraudulent intentions of any kind. Moreover, as with her then-advertising partner Mr. Brady, there was no deceit in Ms. Bündchen not disclosing her exact compensation; both she and Mr. Brady were publicly announced to have entered into agreements with FTX; both disclosed that they took equity in FTX; and both engaged in routine advertisements—television commercials and print ads—where there was no expectation

---

[1] In any event, Plaintiffs cannot (and have not) alleged that they purchased these products as a result of Ms. Bündchen's ads, or even that they viewed them at all. *See* CAC ¶¶ 39-54. But even assuming this deficiency could be corrected, the fundamental deficiency—that the ad does not solicit the sale of any security—would still require dismissal.

that their services were uncompensated. *See id.* ¶¶ 293-320. In context, no reasonable consumer would confuse these promotions for anything other than paid endorsements. *See* MTD at 27-28.

Similarly, Plaintiffs wholly fail to allege any deceptive statements or conduct by Ms. Bündchen. They do not identify a single allegedly false statement Ms. Bündchen made about FTX's financial products and services. Statements like: "yeah, yeah, trade. We're telling everyone," CAC ¶ 304, appearances with FTX founder Sam Bankman-Fried, *id.* ¶ 308, partnerships with FTX on environmental and social initiatives, *id.* ¶¶ 295, 312-13, 318, and a suggestion that FTX and Mr. Bankman-Fried shared her passion for philanthropy and social change, *see id.* ¶¶ 312-16, do not constitute deceptive practices under any state's law.

These failures entirely defeat Plaintiffs' consumer protection, aiding and abetting, and conspiracy claims. *See, e.g.*, *Silverboys, LLC v. Joelsson*, 2020 WL 13401917, at *12 (S.D. Fla. Nov. 30, 2020) (Florida consumer protection claim); *Taylor v. Costco Wholesale Corp.*, 2020 WL 5982090, at *4 (E.D. Cal. Oct. 8, 2020) (California consumer protection claim); 15 O.S. § 753(2), (5) (Oklahoma consumer protection claim); *Honig v. Kornfeld*, 339 F. Supp. 3d 1323, 1343 (S.D. Fla. 2018) (Florida aiding and abetting claims); *Almeida v. BOKF, NA*, 471 F. Supp. 3d 1181, 1197 (N.D. Okla. 2020) (Oklahoma aiding and abetting claims); *Feng v. Walsh*, 2021 WL 8055449, at *11 (S.D. Fla. Dec. 21, 2021), *report and recommendation adopted*, 2022 WL 669198 (S.D. Fla. Mar. 7, 2022) (civil conspiracy).

**IV.   CONCLUSION**

For these further reasons, the complaint against Ms. Bündchen should be dismissed with prejudice.

Dated: September 21, 2023	Respectfully submitted,

      **Colson, Hicks, Eidson, P.A.**
        255 Alhambra Circle, Penthouse
        Coral Gables, Florida 33134
        (305) 476-7400

      By: */s/ Roberto Martinez*
        Roberto Martínez
        Florida Bar No. 305596
        bob@colson.com
        Stephanie A. Casey
        Florida Bar No. 97483
        scasey@colson.com
        Zachary Lipshultz
        Florida Bar No. 123594
        zach@colson.com

      **LATHAM & WATKINS LLP**
        Andrew B. Clubok (*pro hac vice*)
         *andrew.clubok@lw.com*
        Susan E. Engel (*pro hac vice*)
         *susan.engel@lw.com*
        Brittany M.J. Record (*pro hac vice*)
         *brittany.record@lw.com*
      555 Eleventh Street, N.W., Suite 1000
      Washington, D.C. 20004-1304
      Tel: +1.202.637.2200
      Fax: +1.202.637.2201

      **LATHAM & WATKINS LLP**
        Marvin S. Putnam (*pro hac vice*)
         *marvin.putnam@lw.com*
        Jessica Stebbins Bina (*pro hac vice*)
         *jessica.stebbinsbina@lw.com*
        Elizabeth A. Greenman (*pro hac vice*)
         *elizabeth.greenman@lw.com*
      10250 Constellation Blvd., Suite 1100
      Los Angeles, California 90067
      Tel: +1.424.653.5500
      Fax: +1.424.653.5501

      **LATHAM & WATKINS LLP**
        Michele D. Johnson (*pro hac vice*)
         *michele.johnson@lw.com*
      650 Town Center Drive, 20th Floor
      Costa Mesa, California 92626-1925
      Tel: +1.714.540.1235
      Fax: +1.714.755.8290

      *Attorneys for Defendant Gisele Bündchen*

4

## CERTIFICATE OF SERVICE

      I HEREBY CERTIFY that on September 21, 2023, a true and correct copy of the foregoing was filed electronically with the Clerk of the Court, by using the CM/ECF system, causing a true and correct copy to be served on all counsel of record.

                                By: */s/ Roberto Martinez*
                                     Roberto Martínez