IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

| | |
|---|---|
| IN RE: FTX CRYPTOCURRENCY EXCHANGE COLLAPSE LITIGATION | Case No. 1:23-md-03076-KMM <br><br> MDL No. 3076 |
| This Document Relates To: <br><br> *Garrison v. Bankman-Fried*, <br> No. 22-cv-23753-KMM <br><br> *Garrison v. Ohtani*, <br> No. 23-cv-23064-KMM | |

**DEFENDANT LAWRENCE GENE DAVID'S INDIVIDUAL MOTION TO DISMISS
AND INCORPORATED MEMORANDUM OF LAW**

## I.    INTRODUCTION

Defendant Lawrence Gene David moves to dismiss Plaintiffs' Class Action Complaint ("CAC"), ECF No. 179, for the reasons set forth in the omnibus Motion to Dismiss ("MTD"),[1] and files this short separate motion to address certain specific deficiencies with respect to Plaintiffs' factual allegations regarding Mr. David.

## II.   PLAINTIFFS FAIL TO PLEAD FACTS DEMONSTRATING MR. DAVID SOLD OR SOLICITED THE SALE OF SECURITIES

Plaintiffs' complaint identifies only a single, satirical Super Bowl advertisement featuring Mr. David. CAC ¶¶ 630-40. In the ad, Mr. David—a skeptic of inventive ideas—advises viewers ***not*** to invest with FTX. *Id*.

This humorous ad, which does not mention any specific FTX products, does not constitute the sale or solicitation of a sale of any security, including the alleged securities FTT and YBAs. *See, e.g., AREI II Cases*, 216 Cal. App. 4th 1004, 1015-19 (2013); *In re CNL Hotels & Resorts, Inc*. *Sec. Litig.*, 2005 WL 2291729, at *4-5 (M.D. Fla. Sept. 20, 2005); *Wildes v. BitConnect Int'l PLC*, 25 F.4th 1341, 1346 (11th Cir. 2022) ("[F]or solicitation to occur, a person must '**urge or**

---

[1] Despite promising to streamline the personal jurisdiction issues involved in this case by filing new lawsuits in the appropriate jurisdictions, Plaintiffs have refused to drop their Florida lawsuit against Mr. David, choosing instead to maintain two separate actions against Mr. David and several other defendants. The Florida-based *Garrison* matter should be dismissed as to Mr. David for lack of personal jurisdiction, as detailed in the separate Rule 12(b)(2) motion filed by Mr. David and other similarly-situated defendants. *See* Rule 12(b)(2) Mot. at 7-15.

*persuade*' another to buy a *particular security*.") (citations omitted and emphasis added)).[2]

Plaintiffs' securities solicitation claims—Counts 1, 8, and 13—must be dismissed with prejudice.

### III. PLAINTIFFS CANNOT SHOW MR. DAVID WAS AWARE OF OR INVOLVED IN FTX'S FRAUD

Plaintiffs' claims also fail in their entirety because they do not, and cannot, allege any facts plausibly demonstrating that Mr. David engaged in fraud.

The advertisement itself advances no statements that could plausibly be regarded as fraudulent: Mr. David merely responds "I don't think so. And I'm never wrong about this stuff. Never," to a person pitching him on FTX. *See* CAC ¶ 638. The one statement Plaintiffs identify as "deceptive"—a statement that FTX was an "easy and safe way to get into crypto," *id.* ¶ 637—was made by a different actor, not by Mr. David, and in any event is non-actionable puffery. *See* MTD at 25.

Plaintiffs also fail to allege facts demonstrating Mr. David was aware of or furthered FTX's fraud. Plaintiffs' conclusory allegation that Mr. David's "investment experience and . . . outside advisors" mean he "knew or should have known of potential concerns about FTX," CAC ¶ 649, wholly fails to allege the required "actual knowledge . . . , not merely that certain red flags indicate a defendant should have known," *Honig v. Kornfeld*, 339 F. Supp. 3d 1323, 1343 (S.D. Fla. 2018) (internal quotation marks omitted); *Silverboys, LLC v. Joelsson*, 2020 WL 13401917, at *12 (S.D. Fla. Nov. 30, 2020); *GE Real Est. Servs., Inc. v. Mandich Real Est. Advisors, Inc.*, 337 So. 3d 416,

---

[2] Regardless, Plaintiffs cannot (and have not) alleged that they purchased these products as a result of Mr. David's ad, or even that they viewed the ad at all. *See* CAC ¶¶ 39-54. But even assuming this deficiency could be corrected, the fundamental deficiency—that the ad does not solicit the sale of any security—requires dismissal.

421 (Fla. Dist. Ct. App. 2021).

This failure entirely defeats Plaintiffs' consumer protection, aiding and abetting, and conspiracy claims. *See, e.g.*, *Silverboys*, 2020 WL 13401917, at *12 (Florida consumer protection claim); *Taylor v. Costco Wholesale Corp.*, 2020 WL 5982090, at *4 (E.D. Cal. Oct. 8, 2020) (California consumer protection claim); 15 O.S. § 753(2), (5) (Oklahoma consumer protection claim); *Honig*, 339 F. Supp. 3d at 1343 (Florida aiding and abetting claims); *Almeida v. BOKF, NA*, 471 F. Supp. 3d 1181, 1197 (N.D. Okla. 2020) (Oklahoma aiding and abetting claims); *Feng v. Walsh*, 2021 WL 8055449, at *11 (S.D. Fla. Dec. 21, 2021), *report and recommendation adopted*, 2022 WL 669198 (S.D. Fla. Mar. 7, 2022) (civil conspiracy).

### IV. PLAINTIFFS' CLAIMS AGAINST MR. DAVID RAISE UNIQUE FIRST AMENDMENT CONCERNS

Finally, Plaintiffs' claims against Mr. David—targeting a humorous, creative advertisement—raise unique First Amendment concerns. To hold Mr. David liable for statements "showcas[ing] his creativity," CAC ¶ 643, would run contrary to the Constitution's particular protection for "[c]reative works of artistic expression," *MGFB Props., Inc. v. Viacom Inc*, 54 F.4th 670, 678 (11th Cir. 2022); *Hustler Mag., Inc. v. Falwell*, 485 U.S. 46, 50 (1988) (First Amendment precluded recovery in state emotional distress action for ad parody, which "could not reasonably have been interpreted as stating actual facts about the public figure involved").

### V. CONCLUSION

For these further reasons, the complaint against Mr. David should be dismissed with prejudice.

Dated: September 21, 2023          Respectfully submitted,

                                                            **Colson, Hicks, Eidson, P.A.**
                                                            255 Alhambra Circle, Penthouse

       Coral Gables, Florida 33134
       (305) 476-7400

By: */s/ Roberto Martinez*
   Roberto Martínez
   Florida Bar No. 305596
   bob@colson.com
   Stephanie A. Casey
   Florida Bar No. 97483
   scasey@colson.com
   Zachary Lipshultz
   Florida Bar No. 123594
   zach@colson.com

**LATHAM & WATKINS LLP**
  Andrew B. Clubok (*pro hac vice*)
   *andrew.clubok@lw.com*
  Susan E. Engel (*pro hac vice*)
   *susan.engel@lw.com*
  Brittany M.J. Record (*pro hac vice*)
   *brittany.record@lw.com*
555 Eleventh Street, N.W., Suite 1000
Washington, D.C. 20004-1304
Tel: +1.202.637.2200
Fax: +1.202.637.2201

**LATHAM & WATKINS LLP**
  Marvin S. Putnam (*pro hac vice*)
   *marvin.putnam@lw.com*
  Jessica Stebbins Bina (*pro hac vice*)
   *jessica.stebbinsbina@lw.com*
  Elizabeth A. Greenman (*pro hac vice*)
   *elizabeth.greenman@lw.com*
10250 Constellation Blvd., Suite 1100
Los Angeles, California 90067
Tel: +1.424.653.5500
Fax: +1.424.653.5501

**LATHAM & WATKINS LLP**
  Michele D. Johnson (*pro hac vice*)
   *michele.johnson@lw.com*
650 Town Center Drive, 20th Floor
Costa Mesa, California 92626-1925
Tel: +1.714.540.1235
Fax: +1.714.755.8290

*Attorneys for Defendant Lawrence Gene David*

## CERTIFICATE OF SERVICE

      I HEREBY CERTIFY that on September 21, 2023, a true and correct copy of the foregoing was filed electronically with the Clerk of the Court, by using the CM/ECF system, causing a true and correct copy to be served on all counsel of record.

                                      By: */s/ Roberto Martinez*
                                             Roberto Martínez