**IN THE UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**
**MIAMI DIVISION**

| | |
|---|---|
| IN RE: FTX CRYPTOCURRENCY EXCHANGE COLLAPSE LITIGATION | No: 1:23-md-03076-KMM<br><br>MDL No. 3076 |
| This Document Relates To:<br><br>*Garrison v. Bankman-Fried*,<br>No. 22-cv-23753-KMM | |

**DEFENDANT SHAQUILLE O'NEAL'S INDIVIDUAL MOTION TO DISMISS AND**
**<u>INCORPORATED MEMORANDUM OF LAW</u>**

I.      **INTRODUCTION**

Defendant Shaquille O'Neal moves to dismiss Plaintiffs' Class Action Complaint ("CAC"), ECF No. 179, for the reasons set forth in the omnibus Motion to Dismiss ("MTD"), and files this short separate motion to address certain specific deficiencies with respect to Plaintiffs' factual allegations regarding Mr. O'Neal.

II.     **PLAINTIFFS FAIL TO PLEAD FACTS DEMONSTRATING THAT MR. O'NEAL SOLD OR SOLICITED THE SALE OF SECURITIES**

Plaintiffs wholly fail to allege that Mr. O'Neal sold or solicited the sale of securities, instead spilling several pages of ink alleging routine advertising activities, namely that Mr. O'Neal:

o   appeared in a video to say: "I'm excited to be partnering with FTX to help make crypto accessible for everyone. I'm all in. Are you?," *id.* ¶¶ 502, 525-26;

o   tweeted he had "teamed up with @ FTX_Official" to "make crypto more accessible for everyone," and provided a code to "earn $10" for trading on FTX, *id.* ¶ 527;

o   made social media posts advertising "Shaq's Fun House," a musical event and carnival sponsored, in part, by FTX, *id.* ¶¶ 506-19;

o   responded on social media to an FTX advertisement referencing Stephen Curry to joke that Curry was a "crypto expert," *id.* ¶¶ 520-22;

o   appeared as a guest on an FTX podcast where he discussed "his business philosophy, how he became involved in cryptocurrency, and his own personal cryptocurrency project," *id.* ¶¶ 528-30; and

o   referenced FTX in social media posts and retweeted its posts, *id.* ¶¶ 524, 526, 531.

Missing entirely from these allegations is any allegation that Mr. O'Neal *ever* mentioned Plaintiffs' alleged securities, YBAs or FTT—let alone that he sold or solicited the sale of these products. *See* MTD at 12, 19-20. *See, e.g., AREI II Cases*, 216 Cal. App. 4th 1004, 1014-15 (2013);

*Dillon v. Axxsys Int'l, Inc.*, 185 Fed App'x. 823, 828 (11th Cir. 2006); *Nikkel v. Stifel, Nicolaus & Co., Inc.*, 542 P.2d 1305, 1308 (Okla. 1975).[1] Plaintiffs' securities claims—Counts 1, 8 and 13—must be therefore dismissed with prejudice as to Mr. O'Neal.

### III.   PLAINTIFFS HAVE NOT IDENTIFIED ANY FALSE OR MISLEADING STATEMENT MADE BY MR. O'NEAL

Plaintiffs also do not adequately allege—much less with the specificity Rule 9(b) demands—that Mr. O'Neal engaged in an unlawful, unfair, or deceptive trade practice.[2] Plaintiffs nowhere explain how Mr. O'Neal's generic promotions were fraudulent or otherwise misleading. *See* CAC ¶¶ 502-58. Nor do they identify a single allegedly false statement Mr. O'Neal made about FTX's financial products or services. *See id.* To the extent any of Mr. O'Neal's advertisements could be said to convey that FTX "was safe and suitable for everyone," as Plaintiffs allege, those statements would be non-actionable puffery. *See* MTD at 25.

Similarly, Plaintiffs' assertion that Mr. O'Neal's promotions were deceptive because he failed to disclose, or "intentionally disguised or downplayed[,] the fact that he was being paid for promoting FTX," *id.* ¶¶ 535-36, are belied by their own pleadings. Plaintiffs admit that Mr. O'Neal posted that he was "partnering" with FTX, *id.* ¶ 502, and that FTX had sponsored his event, "Shaq's Fun House," *id.* ¶ 506. In context, no reasonable consumer would confuse these

---

[1] In any event, Plaintiffs cannot (and have not) alleged that they purchased these products as a result of Mr. O'Neal's promotions, or even that they viewed those promotions at all. *See* CAC ¶¶ 39-54. But even assuming this deficiency could be corrected, the fundamental deficiency—that the promotions do not solicit the sale of any security—would still require dismissal.

[2] For the reasons explained in the MTD, Florida, California, and Oklahoma consumer protection laws are inapplicable to securities claims. MTD at 23-24.

promotions for anything other than paid endorsements. *See* MTD at 24-25, 27-28.

## IV.  PLAINTIFFS CANNOT SHOW MR. O'NEAL WAS AWARE OF OR INVOLVED IN FTX'S FRAUD

Plaintiffs also wholly fail to allege facts plausibly demonstrating that Mr. O'Neal was aware of or furthered FTX's fraud in any way. Plaintiffs must plead "***actual knowledge*** . . . , not merely that certain red flags indicate a defendant 'should have known.'" *Honig v. Kornfeld*, 339 F. Supp. 3d 1323, 1343 (S.D. Fla. 2018) (emphasis added); MTD at 13-16, 24, 26, 29-31. None of Plaintiffs' alleged facts—*i.e.*, that one of Mr. O'Neal's "favorite words" is "due diligence," *id.* ¶ 538, or that Mr. O'Neal is himself an entrepreneur with substantial resources, *id.* ¶¶ 529-30, 537, 539-40—come close to satisfying that burden. *See* MTD at 13-16, 24, 26, 29-31. This failure defeats Plaintiffs' consumer protection, aiding and abetting, and conspiracy claims. *See, e.g.*, *Silverboys, LLC v. Joelsson*, 2020 WL 13401917, at *12 (S.D. Fla. Nov. 30, 2020) (Florida consumer protection claim); *Taylor v. Costco Wholesale Corp.*, 2020 WL 5982090, at *4 (E.D. Cal. Oct. 8, 2020) (same—California); 15 O.S. § 753(2), (5) (same—Oklahoma); *Honig*, 339 F. Supp. 3d at 1343 (Florida aiding and abetting); *Almeida v. BOKF, NA*, 471 F. Supp. 3d 1181, 1197 (N.D. Okla. 2020) (same—Oklahoma); *Feng v. Walsh,* 2021 WL 8055449, at *11 (S.D. Fla. Dec. 21, 2021), *report and recommendation adopted*, 2022 WL 669198 (S.D. Fla. Mar. 7, 2022) (conspiracy).

## V.  CONCLUSION

For these further reasons, the complaint against Mr. O'Neal should be dismissed with prejudice.

Dated:  September 21, 2023                              Respectfully submitted,

**Colson, Hicks, Eidson, P.A.**
255 Alhambra Circle, Penthouse

Coral Gables, Florida 33134
(305) 476-7400

By: */s/ Roberto Martinez*
    Roberto Martínez
    Florida Bar No. 305596
    bob@colson.com
    Stephanie A. Casey
    Florida Bar No. 97483
    scasey@colson.com
    Zachary Lipshultz
    Florida Bar No. 123594
    zach@colson.com

**LATHAM & WATKINS LLP**
  Andrew B. Clubok (*pro hac vice*)
   *andrew.clubok@lw.com*
  Susan E. Engel (*pro hac vice*)
   *susan.engel@lw.com*
  Brittany M.J. Record (*pro hac vice*)
   *brittany.record@lw.com*
555 Eleventh Street, N.W., Suite 1000
Washington, D.C. 20004-1304
Tel: +1.202.637.2200
Fax: +1.202.637.2201

**LATHAM & WATKINS LLP**
  Marvin S. Putnam (*pro hac vice*)
   *marvin.putnam@lw.com*
  Jessica Stebbins Bina (*pro hac vice*)
   *jessica.stebbinsbina@lw.com*
  Elizabeth A. Greenman (*pro hac vice*)
   *elizabeth.greenman@lw.com*
10250 Constellation Blvd., Suite 1100
Los Angeles, California 90067
Tel: +1.424.653.5500
Fax:  +1.424.653.5501

**LATHAM & WATKINS LLP**
  Michele D. Johnson (*pro hac vice*)
   *michele.johnson@lw.com*
650 Town Center Drive, 20th Floor
Costa Mesa, California 92626-1925
Tel: +1.714.540.1235
Fax: +1.714.755.8290

*Attorneys for Defendant Shaquille O'Neal*

4

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on September 21, 2023, a true and correct copy of the foregoing was filed electronically with the Clerk of the Court, by using the CM/ECF system, causing a true and correct copy to be served on all counsel of record.

By: */s/ Roberto Martinez*
Roberto Martínez