IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION
MDL No. 3076
Case No. 1:23-md-03076-KMM

IN RE:

FTX Cryptocurrency Exchange Collapse Litigation

This Document Relates To:

*Garrison, et al. v. Bankman-Fried, et al.*,
Case No. 22-cv-23753-MOORE/OTAZO-REYES

*Garrison, et al. v. Golden State Warriors, LLC, et al.*
Case No. 23-cv-23084-KMM

/

### DEFENDANT GOLDEN STATE WARRIORS, LLC'S INDIVIDUAL BRIEF IN SUPPORT OF MOTION TO DISMISS FOR FAILURE TO STATE A CLAIM

Pursuant to this Court's August 25, 2023 order, ECF 216, this brief raises an argument specific to Defendant Golden State Warriors, LLC ("GSW"). Along with the reasons set forth in the Sports and Entertainer Defendants' motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6) (which GSW has joined), Plaintiffs' claims against GSW for violations of Florida's Deceptive and Unfair Trade Practices Act ("FDUTPA"), California's Unfair Competition Law ("UCL"), and Oklahoma's Consumer Protection Act ("CPA") also should be dismissed because GSW is immune from liability as an alleged "publisher" of FTX's advertisements. Fla. Stat. § 501.212(2); Cal. Bus. & Prof. Code § 17502; Okla. Stat. Ann. tit. 15, § 754(1).

FDUTPA expressly does not apply to "a publisher, broadcaster, printer, or other person engaged in the dissemination of information or the reproduction of printed or pictorial matter, insofar as the information or matter has been disseminated or reproduced on behalf of others

1

*without actual knowledge* that it violated this part." Fla. Stat. § 501.212(2) (emphasis added). False advertising claims against publishers brought under the UCL and CPA similarly are barred. *See* Cal. Bus. & Prof. Code § 17502; *see* Okla. Stat. Ann. tit. 15, § 754(1). Under these statutes, GSW is immune from liability for FTX's allegedly false advertisements because Plaintiffs do not plead, nor could they, that GSW *knew* those advertisements were false.

GSW never said anything about FTX or appeared in any advertisement about FTX. Instead, GSW's alleged deceptive acts are exclusively its "publishing" of FTX's logo (1) at its home basketball arena in San Francisco, California through "in-arena . . . and virtual floor signage at Warriors games" (ECF No. 179 ¶¶ 474, 479); (2) through a social media post on Twitter (*id.* ¶ 480); and (3) on a bobblehead given out at a home basketball game in November 2022 (*id.* ¶ 482).

Because GSW merely "reproduced" *FTX's* advertising—and merely its logo at that—GSW can only be held liable if it *knew* FTX's logo somehow was deceptive. Fla. Stat. § 501.212(2); Cal. Bus. & Prof. Code § 17502; Okla. Stat. Ann. tit. 15, § 754(1). Not surprisingly, Plaintiffs utterly fail to plead facts that there was anything remotely deceptive about the letters "FTX," much less that GSW *knew* those letters were deceptive when it published them, as the statutes require. As courts construing similar statutes in other jurisdictions have concluded, Plaintiffs' consumer protection claims against GSW should be dismissed for this independent reason. *See, e.g.*, *Sheridan v. iHeartMedia, Inc.*, 255 F. Supp. 3d 767, 775 (N.D. Ill. 2017) (dismissing claim where plaintiffs did not allege actual knowledge of falsity; allegations that defendants "should have known the broadcasts were deceptive" based on "knowledge of the industry" are insufficient); *Ferron v. EchoStar Satellite, LLC*, 410 F. App'x 903, 910 (6th Cir. 2010) (publisher exception shielded business from liability because it was not involved in creation of ads, but merely hosted them for purposes of later dissemination); *Karpinski v. Union Leader Corp.*, 2019 WL 3203144,

2

at *8 (D.N.H. July 16, 2019) (dismissing consumer protection claims against newspaper where there was no plausible allegation that paper had "knowledge" of any deception).[1]

Dated: September 21, 2023

Respectfully submitted,

By: /s/      Roberto Martínez
Roberto Martínez (FBN 305596)
Stephanie A. Casey (FBN 97483)
Zachary Lipshultz (FBN 123594)
Thomas A. Kroeger (FBN 0019303)
255 Alhambra Circle, Penthouse
Coral Gables, Florida 33134
Phone: 305.476.7400
bob@colson.com
scasey@colson.com
zach@colson.com
tom@colson.com

GIBSON, DUNN & CRUTCHER LLP

Matthew S. Kahn (*pro hac vice*)
Michael J. Kahn (*pro hac vice*)
555 Mission Street, Suite 3000
San Francisco, CA 94105-0921
Phone: 415.393.8200
MKahn@gibsondunn.com
MJKahn@gibsondunn.com

Michael Dore (*pro hac vice*)
Jamila MacEbong (*pro hac vice*)
333 South Grand Avenue
Suite 4600
Los Angeles, CA 90071-3197
Phone: 213.229.7155
MDore@gibsondunn.com
JMacEbong@gibsondunn.com

Attorneys for Defendant
GOLDEN STATE WARRIORS, LLC

---

[1] GSW is not aware of cases analyzing the knowledge requirement under the Florida, California, or Oklahoma statutes, and thus relies on decisions analyzing materially identical statutes.

3

**CERTIFICATE OF SERVICE**

I hereby certify that on this 21st day of September, 2023, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF. I also certify that the foregoing document is being served this day on all counsel of record via transmission of Notices of Electronic Filing generated by CM/ECF.

*/s/ Roberto Martínez*
Roberto Martínez