IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION
MDL No. 3076
Case No. 1:23-md-03076-KMM

**IN RE:**

**FTX Cryptocurrency Exchange Collapse Litigation**

This Document Relates To:

*Garrison v. Bankman-Fried*,
Case No. 22-cv-23753-MOORE/OTAZO-REYES

_____/

**DEFENDANT UDONIS HASLEM'S INDIVIDUAL MOTION TO DISMISS
AND INCOPORATED MEMORANDUM OF LAW**

In addition to the reasons set out in the *[Joint] Motion to Dismiss* filed by the S&E Defendants (ECF 271), pursuant to Rules 12(b)(6), 12(b)(5), and 4(m), FED. R. CIV. P., and the PAPERLESS ORDER (ECF 216), Defendant Udonis Haslem ("Mr. Haslem") moves to dismiss.

### INTRODUCTION AND BACKGROUND

"You in, Miami?" For Plaintiffs, that vague question suffices to expose Mr. Haslem to potential multi-billion-dollar liability. It cannot be. While Plaintiffs expend fourteen pages on the "You in" commercial and highlighting various tweets by Mr. Haslem, *see* CAC at 132-45, their claims boil down to whether "You in, Miami?" is enough. Not a single statement by Mr. Haslem is plausibly alleged to be deceiving or false. These fourteen **pages** stand in stark contrast to the absence of any substantive information in the five formulaic **lines** allotted to each Plaintiff, which omit the basic facts of whether and when any Plaintiff actually purchased anything from FTX or ever saw the commercial or any tweet. *See id.* ¶¶ 39-54. Plaintiffs also devote multiple paragraphs to the arena naming deal between FTX and the Heat and Miami-Dade County, which they describe as the "***centerpiece*** for FTX's efforts to reach other FTX partnerships with celebrities and other well-known partners," *id.* ¶¶ 15-16; *see also*, *e.g.*, ¶¶ 20-22, 33, 84, 282, but sued none of FTX, the Heat, or Miami-Dade County. Instead, they sued a (now) former Heat player, Mr. Haslem.

Ignoring their allegations, Plaintiffs assert that "[t]he overarching objective of the partnership was for Haslem, through a series of promotions and media campaigns, to help ***FTX*** successfully solicit or attempt to solicit investors in FTX's crypto-related securities from Florida and nationwide." *Id.* ¶ 387. This shows the core flaws of the CAC: ***FTX*** is the malefactor, not Mr. Haslem; it was ***FTX***'s campaign, not Mr. Haslem's; ***none*** of the tweets or the commercial references "investing" in FTX or YBAs or FTT or even mentions YBAs or FTT; and no basis is pled for imputing the ***hidden*** fraud of the three ***FTX*** insiders – described in excruciating detail in the CAC, *see*, *e.g.*, *id.* ¶¶ 145-66, 180-91, 266-71 – to Mr. Haslem.

With respect to service, Plaintiffs' ninety-day deadline to serve Mr. Haslem expired on February 13, 2023. *See* Rule 4(m). They waited until a week *after* the deadline to engage a process server, as shown by the "Details for Job 2023000250" ("Details") – *i.e.*, serving Mr. Haslem – filed by Plaintiffs. *See Garrison* ECF 88-2, pgs. 6-7 (Exhibit **A**) at 1. Plaintiffs did not purportedly serve Mr. Haslem through his wife until February 28. *See Garrison* ECF 77 (Return of Service) (Exhibit **B**) at 1. The process server "placed [the summons] on her windshield" at the intersection of Weston Road and Griffin Road in Southwest Ranches, which is nearly four miles away from the Haslems' residence. *See* Details at 1; *see also* Screenshot from Google Maps (Exhibit **C**).[1] The Details establish that she did not agree to be served away from the Haslem residence. *See id.* at 1.

## MEMORANDUM OF LAW

Plaintiffs cannot point to any on-point authority to support the theory that "You in, Miami?" is sufficient to create liability, and courts have rejected equivalent contentions. *See*, *e.g.*, *Pop v. Lulifama.com LLC*, 2023 WL 4661977, *3 (M.D. Fla. July 20, 2023) ("[Plaintiff] has failed to identify any instances in which the Influencers posted any allegedly misleading advertisements – let alone when the advertisements were posted – or allege when he himself viewed such posts. He has failed to provide any description of what product he purchased[.]"); *Rensel v. Centra Tech, Inc.*, 2019 WL 2085839, *4 (S.D. Fla. May 13, 2019) ("Mayweather … posted two tweets from his Twitter account related to CTR Tokens. One of the posts urges his followers to 'get yours before they sell out, I got mine.' This is the closest thing to 'solicitation' in the complaint.

---

[1] Mr. Haslem requests that the Court take judicial notice of these facts "within the [C]ourt's territorial jurisdiction" that "cannot reasonably be questioned," FED. R. EVID. 201(b)(1) & (2); thus, judicial notice is proper, *see*, *e.g.*, *Ferguson v. Destefano,* 2010 WL 11561136, at *5 n.6 (S.D. Fla. Oct. 6, 2010) (citing *Gov't of Canal Zone v. Burjan*, 596 F.2d 690, 694 (5th Cir. 1979)).

However, there are no allegations that this was … *successful* … or that Plaintiffs even saw the posts."). Therefore, the claims against Mr. Haslem should be dismissed under Rule 12(b)(6).

With respect to Plaintiffs' service failings, Plaintiffs claim to have effected substitute service under § 48.031(2)(a), Fla. Stat., *see* Return of Service at 1; however, the Details show they did not. "Statutes which govern substituted service of process are to be strictly construed and also, they **must** be strictly complied with." *Aero Costa Rica, Inc. v. Dispatch Servs., Inc.*, 710 So. 2d 218, 219 (Fla. 3d DCA 1998); *see also* PAPERLESS ORDER [*Garrison* ECF 101] at 1 (same). Substitute service of process upon a spouse away from the residence is valid if, **and only if**, "the spouse requests such service." § 48.031(2)(a), Fla. Stat. The Details establish that not only did the purported service occur miles from the Haslem residence, but also that Mrs. Haslem did ***not*** agree to accept service; in fact, she "refused to communicate" with the process server. *See id.* at 1.

These facts show service should be quashed and the action dismissed for the additional reason of failure to serve Mr. Haslem timely. *See Selvas v. Atlas One Fin. Grp., LLC*, 2011 WL 13223728, at *1 (S.D. Fla. Aug. 26, 2011) (quashing service upon defendant's wife in a grocery store parking lot across from residence because the plaintiff's process server's affidavits "ma[d]e clear that [the wife] refused process" and dismissing action for failure to timely effect service); Rule 4(m). Plaintiffs' deadline for service has long since passed. Accordingly, Mr. Haslem alternatively requests that the quash the purported service and dismiss the action against him.

## CONCLUSION

WHEREFORE, Defendant Udonis Haslem respectfully requests that the Court dismiss this action as to him with prejudice, quash the purported service, dismiss this matter against him for the additional reason of Plaintiffs' failure to effect proper service timely, award him his attorneys' fees and costs as provided by law, including Fla. Stat. §§ 501.2105(1) and 517.211(6), and grant him such other relief as the Court deems just and proper.

Dated: September 21, 2023

Respectfully submitted,

**AKERMAN LLP**
201 East Las Olas Boulevard – Suite 1800
Ft. Lauderdale, FL 33301
Tel.: 954-463-2700
Fax: 954-468-2454

By: */s/ Christopher S. Carver*
 Christopher S. Carver
 Florida Bar No. 993580
 christopher.carver@akerman.com
 Jason S. Oletsky, Esq.
 Florida Bar No. 9301
 jason.oletsky@akerman.com
 Katherine A Johnson
 Florida Bar No. 1040357
 katie.johnson@akerman.com

*Attorneys for Defendant Udonis Haslem*