**IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION**
MDL No. 3076
Case No. 1:23-md-03076-KMM

**IN RE:**

**FTX Cryptocurrency Exchange Collapse Litigation**

This Document Relates To:

*Garrison v. Bankman-Fried*,
Case No. 22-cv-23753-MOORE/OTAZO-REYES

*Norris v. Brady*,
Case No. 23-cv-20439-KMM

_____/

**DEFENDANT DAVID ORTIZ' INDIVIDUAL MOTION TO DISMISS
AND INCOPORATED MEMORANDUM OF LAW**

In addition to the reasons set out in the *[Joint] Motion to Dismiss* filed by the S&E Defendants (ECF 271), pursuant to Rule 12(b)(6), Fed. R. Civ. P., and the PAPERLESS ORDER (ECF 216), Defendant David Ortiz ("Mr. Ortiz") moves to dismiss the CAC (ECF 179).

## INTRODUCTION AND BACKGROUND

The Moon may be a harsh mistress,[1] bright and shiny[2] or fickle and inconstant,[3] facially inhabited,[4] or a bedtime story for children[5] – or merely a rocky orb roughly a quarter-million miles from Earth[6] – but no one could possibly believe the Moon picked up a telephone (does the Moon even have hands?) and called Mr. Ortiz (who is not an astronaut) during a baseball game to tell him that FTX was a good idea. This is the centerpiece of Plaintiffs' theory for attempting to expose Mr. Ortiz to potential multi-billion-dollar liability. As Plaintiffs explain it, Mr. Ortiz

> is watching a game on the television when he receives a phone call from The Moon. Inspired by the "moonblast" home run scored on the field, The Moon frantically tells David about opportunities to get into cryptocurrency with FTX. David decides it's an offer he can't refuse and joins fellow sports stars Stephen Curry and Tom Brady on the platform. FTX announces it is the official crypto exchange of the MLB.

CAC at ¶ 406. So, "[t]he Moon" was excited about the "opportunities" and Mr. Ortiz only "decides it's an offer ***he*** can't refuse" – but does nothing else. *See id.* The substance of the rest of Plaintiffs' allegations consists of Mr. Ortiz tweeting about ***his*** charity golf tournament, for which FTX was the title sponsor, and his serving as a "judge" for the "FTX Hackathon Finals and Crypto Summit" along with two other defendants – but the fourth judge is (for whatever reason) not a defendant.

---

[1]*The Moon Is a Harsh Mistress*, Heinlein, Robert A. (G. P. Putnam's Sons 1966); [2]*Oh Mr. Moon*, folk song (author unknown); [3]*Romeo and Juliet*, Act 2, Sc. 2, l. 107, Shakespeare, Wm. (1595); [4]*Goodnight Moon*, Brown, Margret Wise (Harper & Bros. 1947); [5]*Find the Man in the Moon* (https://science.nasa.gov/find-man-moon); [6]*The Moon*, Wikipedia (https://en.wikipedia.org/wiki/Moon) (both last visited Sept. 18, 2023).

*See id.* ¶¶ 407-09. Plaintiffs, of course, did not sue the Moon, although, given that the Moon – *not* Mr. Ortiz – was purportedly excited about FTX, one may well wonder why.

Plaintiffs' claims boil down to whether a phone call *from the Moon* is enough to create liability. It cannot be. No statement by Mr. Ortiz is plausibly alleged to be deceiving or false. The five *pages* devoted to the commercial and tweets stand in stark contrast to the absence of any substantive information in the five formulaic *lines* allotted to each Plaintiff, which omit the basic standing and causation facts of whether and when any Plaintiff actually purchased anything from FTX or ever saw the commercial or any tweet. *See id.* ¶¶ 39-54. Plaintiffs also devote multiple paragraphs to the arena naming deal between FTX and the Heat and Miami-Dade County, which they describe as the "*centerpiece* for FTX's efforts to reach other FTX partnerships with celebrities and other well-known partners," *id.* ¶¶ 15-16; *see also*, *e.g.*, ¶¶ 20-22, 33, 84, 282, but sued none of FTX, the Heat, or Miami-Dade County – or, again, the Moon. Instead, they sued an ex-Red Sox baseball player, Mr. Ortiz.

Ignoring their allegations, Plaintiffs assert that "[t]he overarching objective of the partnership was for Mr. Ortiz, through a series of promotions and media campaigns, to help *FTX* successfully solicit or attempt to solicit investors in FTX's crypto-related securities from Florida and nationwide." *Id.* ¶ 404. This shows the core flaws of the CAC: *FTX* is the malefactor, not Mr. Ortiz; it was *FTX*'s campaign, not Mr. Ortiz'; *none* of the tweets or the commercial references "investing" in FTX or YBAs or FTT or even mentions YBAs or FTT; and no basis is pled for imputing the *hidden* fraud of the three *FTX* insiders – described in excruciating detail in the CAC, *see*, *e.g.*, *id.* ¶¶ 145-66, 180-91, 266-71 – to Mr. Ortiz.

## MEMORANDUM OF LAW

Simply put, the CAC is devoid of any substantive allegations connecting Mr. Ortiz to Plaintiffs' claims. Plaintiffs do *not* allege when any did whatever "and/or" financial transaction

any may have done with FTX, do **not** allege whether any purchased a YBA or FTT, and do **not** allege any ever saw the commercial or any of the tweets. *See id.* ¶¶ 39-54. Whether framed as standing or causation, the complete lack of connection between Plaintiffs and Mr. Ortiz bars all claims against him. *See*, *e.g.*, *Dep't. of Educ. v. Brown,* 143 S.Ct. 2343, 2351 (2023) ("there must be a causal connection between the injury and the conduct complained of"); *see also Dinaco, Inc. v. Time Warner, Inc.*, 346 F.3d 64, 69 (2d Cir. 2003) ("If advertising is the stuff of agency then every advertisement by a franchisee with the franchisor's mark would confirm an agency.").

Plaintiffs cannot point to any on-point authority to support the theory that a phone call from the Moon or tweets they cannot claim are objectively false are sufficient to create liability, and courts have rejected equivalent contentions. *See*, *e.g.*, *Pop v. Lulifama.com LLC*, 2023 WL 4661977, *3 (M.D. Fla. July 20, 2023) ("[Plaintiff] has failed to identify any instances in which the Influencers posted any allegedly misleading advertisements – let alone when the advertisements were posted – or allege when he himself viewed such posts. He has failed to provide any description of what product he purchased[.]"); *Rensel v. Centra Tech, Inc.*, 2019 WL 2085839, *4 (S.D. Fla. May 13, 2019) ("Mayweather … posted two tweets from his Twitter account related to CTR Tokens. One of the posts urges his followers to 'get yours before they sell out, I got mine.' This is the closest thing to 'solicitation' in the complaint. However, there are no allegations that this was … *successful* … or that Plaintiffs even saw the posts.").

Therefore, the claims against Mr. Ortiz should be dismissed under Rule 12(b)(6).

## CONCLUSION

WHEREFORE, Defendant David Ortiz respectfully requests that the Court dismiss this matter against him with prejudice, award him his attorneys' fees and costs as provided by law, including Fla. Stat. §§ 501.2105(1) and 517.211(6), and grant him such other relief as the Court deems just and proper.

Dated:  September 21, 2023

Respectfully submitted,

**AKERMAN LLP**
201 East Las Olas Boulevard – Suite 1800
Ft. Lauderdale, FL 33301
Tel.: 954-463-2700
Fax: 954-468-2454

By: */s/ Christopher S. Carver*
  Christopher S. Carver
  Florida Bar No. 993580
  christopher.carver@akerman.com
  Jason S. Oletsky, Esq.
  Florida Bar No. 9301
  jason.oletsky@akerman.com
  Katherine A Johnson
  Florida Bar No. 1040357
  katie.johnson@akerman.com

*Attorneys for Defendant David Ortiz*