Ex. 1 to Motion

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION
MDL No. 3076
Case No. 1:23-md-03076-KMM

IN RE:

**FTX Cryptocurrency Exchange Collapse Litigation**

_____

This document relates to:

Multinational VC Defendants

Bank Defendants

*O'Keefe v. Sequoia Capital Operations, LLC, et al.*, S.D. Fla. Case No. 1:23-cv-20700

*O'Keefe v. Temasek Holdings (Private) Ltd., et al.*, N.D. Cal. Case No. 3:23-cv-3655

*O'Keefe v. Farmington State Bank d/b/a Moonstone Bank, et al.*, E.D. Wa. Case No. 2:23-cv-00213-TOR

*Chernyavsky et al. v. Temasek Holdings (Private) Ltd., et al.*, S.D. Fla. Case No. 1:23-cv-22960

*Cabo et al. v. Temasek Holdings (Private) Ltd. et al.*, N.D. Cal. Case No. 3:23-cv-03974

_____/

**DECLARATION OF MOLLY L. WELLS IN SUPPORT OF PLAINTIFFS' MOTION TO SERVE DEFENDANTS WITH PROCESS THROUGH ALTERNATE MEANS**

I, Molly L. Wells, declare and state as follows:

1. I am a Partner at Fishman Haygood, LLP, and am an attorney duly authorized and licensed to practice and in good standing in the State of Louisiana, in the United States District Courts for the Eastern, Western, and Middle Districts of Louisiana, and the Fifth Circuit Court of Appeals. I have been admitted *pro hac vice* to practice in the United States District Court for the Southern District of Florida in connection with *O'Keefe v. Sequoia Capital Operations, LLC, et al.*, S.D. Fla. Case No. 1:23-cv-20700, and I have filed a Certificate of Understanding re Electronic Filing in The Southern District of Florida in the above-captioned MDL proceeding. I am one of the counsel of record for Plaintiff O'Keefe in the above-referenced actions. I submit this Declaration in support of Plaintiffs' Motion to Serve Defendants with Process Through Alternate

*Case No. 1:23-md-03076-KMM*

Means (the "Motion"). I am personally knowledgeable of the matters set forth in this Declaration and, if called upon to do so, I could and would competently testify to the following facts set forth below.

***The underlying actions***

2. Relevant to the Motion, Plaintiffs have filed the following underlying actions, which have all been consolidated in this MDL and are all now stayed and administratively closed:

- *O'Keefe v. Sequoia Capital Operations, LLC, et al.,* S.D. Fla. Case No. 1:23-cv-20700
- *O'Keefe v. Temasek Holdings (Private) Ltd., et al.,* N.D. Cal. Case No. 3:23-cv-3655
- *O'Keefe v. Farmington State Bank d/b/a Moonstone Bank, et al.,* E.D. Wa. Case No. 2:23-cv-00213-TOR
- *Chernyavsky et al. v. Temasek Holdings (Private) Ltd., et al.,* S.D. Fla. Case No. 1:23-cv-22960
- *Cabo et al. v. Temasek Holdings (Private) Ltd. et al.,* N.D. Cal. Case No. 3:23-cv-03974

It is these actions in relation to which Plaintiffs seek to serve Defendants Temasek Holdings (Private) Ltd. ("Temasek"), SoftBank Group Corp., SoftBank Investment Advisers (UK) Ltd., SoftBank Global Advisers Ltd. (together with SoftBank Group Corp. and SoftBank Investment Advisers (UK) Ltd., "SoftBank"), Sino Global Capital Ltd. ("Sino Global"), Deltec Bank and Trust Company Limited ("Deltec"), and Jean Chalopin (collectively, "Defendants") via alternate means.

***Defendants' personal jurisdiction objections***

3. All Defendants—with the exception of Sino Global, who only just made an appearance in this matter this morning, *see* R. Doc. 258, and has not yet made its position known with respect to personal jurisdiction—dispute that personal jurisdiction exists over them in any U.S. jurisdiction. *See* R. Doc. 97, at pp. 1-2 (summarizing personal jurisdiction objections of all defendants in the MDL and listing Defendants Deltec, Chalopin, and Temasek among those who "have not agreed to waive their personal jurisdiction defense"); Ex. A, E-mail from A. Foslid to K. Miller (July 12, 2023) (confirming that SoftBank Group Corp. "does not consent to jurisdiction in Florida.").

*Plaintiffs' service efforts to date*

4. Counsel for Plaintiff Connor O'Keefe initiated service against and/or sought waivers of service from Defendants in conjunction with *O'Keefe* (S.D. Fla.). Plaintiffs have likewise sought to serve or obtain waivers from Defendants in conjunction with *O'Keefe* (N.D. Cal.), *O'Keefe* (E.D. Wa.), *Chernyavsky* (S.D. Fla.), and *Cabo* (N.D. Cal.).

5. Plaintiffs have been keen to obtain waivers from Defendants in each of the actions at issue because Plaintiffs believe that effecting service on Defendants could cost hundreds of thousands of dollars given translation fees and the need to engage central authorities around the globe. Indeed, Plaintiffs' investigations reveal that Defendants hail from Singapore (Temasek), The Bahamas (Deltec and Chalopin), Japan (SoftBank), the United Kingdom (SoftBank), and Hong Kong/China (Sino Global).

6. **Defendant Temasek service developments:** On March 9, 2023, then-counsel for Temasek, Robert G. Houck of Clifford Chance US LLP, agreed to accept service on behalf of the entity in *O'Keefe* (S.D. Fla.) but did not execute the waiver at that time.[1]

7. Temasek apparently substituted its counsel with Andrew Ehrlich and a team of other lawyers from Paul, Weiss, Rifkind, Wharton & Garrison LLP, who now assert that they represent Temasek in this MDL and related actions.[2] On July 24, 2023, Mr. Ehrlich and his team reached out to counsel for Plaintiff O'Keefe seeking dismissal of certain of Plaintiff O'Keefe's actions.[3] Mr. Ehrlich asserts that Plaintiff O'Keefe's lawsuits violate the claim-splitting doctrine.[4] Plaintiff O'Keefe, however, filed more than one lawsuit only to address Temasek's personal jurisdiction objections.[5] Under binding precedent, the claim-splitting doctrine does not apply where jurisdiction is lacking in the duplicative litigation.[6] Plaintiff O'Keefe therefore declined to dismiss any of his actions while Temasek maintains its objections to personal jurisdiction.

8. Plaintiffs followed up on Temasek's prior agreement to waive service in *O'Keefe* (S.D. Fla.) and simultaneously sought waivers of service in conjunction with Plaintiffs' other

---

[1] Ex. B, E-mail from Robert Houck (Mar. 9, 2023).
[2] Ex. C, E-mail exchange with Paul Weiss regarding alleged claim-splitting.
[3] *Id.*
[4] *Id.*
[5] *Id.*
[6] *See, e.g., Rumbough v. Comenity Cap. Bank*, 748 F. App'x 253, 256 (11th Cir. 2018) ("Absent jurisdiction, our claim-splitting rule does not preclude [a plaintiff]'s second suit against [the same defendant].").

actions.[7] Mr. Ehrlich responded that Temasek would waive service of the complaint in *O'Keefe* (N.D. Cal.) if Plaintiff O'Keefe would dismiss *O'Keefe* (S.D. Fla.) while remaining silent regarding the other actions.[8] Plaintiffs responded that they could not make the requested concession and indicated that they would instead file a motion for service by alternate means unless Temasek changed its position.[9] Plaintiffs have received no further communication from Mr. Ehrlich or his team.

9. Plaintiffs have communicated via e-mail with the following counsel for Temasek and are aware the e-mail addresses listed are functional and indeed reach such counsel: Andrew Ehrlich (aehrlich@paulweiss.com), Nina Kovalenko (nkovalenko@paulweiss.com), Brad Karp (bkarp@paulweiss.com), Robert O'Loughlin (roloughlin@paulweiss.com).

10. Additionally, undersigned counsel has obtained materials circulated by e-mail to FTX's advisory board, and from those materials has identified e-mail addresses for the following Temasek executives who served thereon: Pradyumna Agrawal, Temasek's Managing Director for Blockchain Investments (pradyumna@temasek.com.sg) & Antony Lewis, Temasek's Director for Crypto & Blockchain Venture Building & Investing (antonylewis@temasek.com.sg).[10]

11. **Defendants Deltec and Chalopin service developments:** Plaintiffs effected service of the *O'Keefe* (S.D. Fla.) complaint on Deltec and Chalopin through the Bahamian central authority.[11] Plaintiffs sought a waiver of service from Deltec and Chalopin in relation to *O'Keefe* (E.D. Wa.), but counsel for Deltec and Chalopin declined.[12] Plaintiffs have also held two Zoom meetings with counsel for Deltec and Chalopin to discuss the allegations against them.[13]

12. Plaintiffs have communicated via e-mail with the following counsel for Deltec and Chalopin and are aware the e-mail addresses listed are functional and indeed reach such counsel: Lara Samet Buchwald (lara.buchwald@davispolk.com); Tatiana Martins

---

[7] Ex. D, Email exchange with Paul Weiss regarding former promise to waive.
[8] *Id.*
[9] *Id.*
[10] In the course of researching the factual allegations set forth in the Plaintiffs' complaints, Plaintiffs uncovered email correspondence to FTX's Advisory Board, which included the email addresses for Mr. Agrawal and Mr. Lewis, who served as Temasek's representatives on the Advisory Board.
[11] Ex. E, Email exchange with Davis Polk confirming that Deltec and Chalopin have been served with the *O'Keefe* SD Fla. complaint.
[12] *Id.*
[13] Ex. F, Email exchange with K&L Gates regarding Zoom meetings.

(tatitiana.martins@davispolk.com); Mallory Cooney (Mallory.Cooney@klgates.com), Desiree Moore (Desiree.Moore@klgates.com).

13. **Defendant SoftBank:** Since the original *O'Keefe* complaint was filed in February, Plaintiffs have frequently communicated by telephone and e-mail with counsel to SoftBank. Plaintiffs requested waivers of service for *O'Keefe* (S.D. Fla.), *O'Keefe* (N.D. Cal.), *Chernyavsky* (S.D. Fla.), and *Cabo* (N.D. Fla.) in the course of those communications, but SoftBank declined the requests. SoftBank did so despite seeking a uniform briefing schedule for each of the multinational venture capitalist defendants named in the Multinational VC Defendants complaint (R. Doc. 182).

14. Plaintiffs have communicated via e-mail with the following counsel for SoftBank and are aware the e-mail addresses listed are functional and indeed reach such counsel: Adam Foslid (AFoslid@winston.com).

15. Additionally, undersigned counsel has obtained materials circulated by e-mail to FTX's advisory board, and from those materials has identified e-mail addresses for the following SoftBank executives who served thereon: Rajeev Misra, CEO of Softbank Defendants Softbank Investment Advisors (UK) Ltd. and SoftBank Global Advisers Ltd. (rajeev@softbank.com) & Tom Cheung, Partner, of Softbank Defendant SoftBank Investment Advisers (UK), served on behalf of SoftBank (tom.cheung@softbank.com).[14]

16. **Defendant Sino Global:** Sino Global has only just this morning made an appearance in this MDL through its attorneys, Melissa Madrigal, Jason Gottlieb, Vani Upadhyaya, and Michael Mix of Morrison Cohen LLP, 909 Third Ave., New York, NY 10022. *See* R. Docs. 258-261. Consequently, Plaintiffs are unaware of Sino Global's position with respect to personal jurisdiction but presume at this time that Sino Global contests personal jurisdiction.

17. Plaintiffs have diligently researched physical and e-mail addresses for Sino Global, which appears to be based in Hong Kong or Beijing, China, but to no avail. The company, which recently rebranded as "Ryze Labs,"[15] flouts that it maintains no physical office address, and instead

---

[14] In the course of researching the factual allegations set forth in the Plaintiffs' complaints, Plaintiffs uncovered email correspondence to FTX's Advisory Board, which included the email addresses for Mr. Misra and Mr. Cheung, who served as SoftBank's representatives on the Advisory Board.
[15] *See* https://www.prnewswire.com/news-releases/sino-global-capital-rebrands-to-ryze-labs-301919064.html, (last accessed Sep. 15, 2023).

operates "in a Beijing Starbucks," as evidenced by the following tweet by Sino Global's founder and Managing Partner, Matthew Graham:

[16]

18.  Plaintiffs believe that Graham has since moved the company's operations to Hong Kong, though, currently, Sino Global (d/b/a Ryze Labs) discloses only that it is located in "The

---

[16] https://twitter.com/mattyryze/status/1562105454179897347, (last accessed Sep. 15, 2023).

Metaverse."[17] Sino Global does not publish the e-mail addresses of any of its principals, but it does solicit "press/media inquires" at media@ryzelabs.io on its website[18] and in press releases circulated to the public as recently as September 6, 2023, suggesting that the email address is both active and regularly checked.[19]

***Ability to serve Defendants via alternate means***

19. The Hague Convention of 15 November 1965 on the Service Abroad of Judicial and Extrajudicial Documents in Civil or Commercial Matters (the "Hague Convention") does not preclude service by e-mail communication. Additionally, according to Article 1 of The Hague Convention, "[the] convention shall not apply where the address of the person to be served with the document is not known." Attached hereto and incorporated herein as **Composite Exhibit G** is a true and correct copy of The Hague Convention and a list of the signatory Members.[20]

20. Japan, the United Kingdom, China/Hong Kong, and The Bahamas are Hague signatories. Undersigned counsel has searched but has not found anything to suggest that these countries have specifically objected to service by email or attorney; indeed, numerous opinions located on Westlaw hold that they do not so object. Undersigned counsel has cited to these opinions in the Motion. Undersigned counsel has further cited to authorities showing that service via e-mail communication is not expressly prohibited in these countries.

21. E-mail is an available means of serving Defendants Temasek, SoftBank, and Sino Global. As explained above, materials in Plaintiffs' possession list the following email addresses for executives of Temasek and SoftBank: Pradyumna Agrawal, Temasek's Managing Director for Blockchain Investments (pradyumna@temasek.com.sg); Antony Lewis, Temasek's Director for Crypto & Blockchain Venture Building & Investing (antonylewis@temasek.com.sg); Rajeev Misra, CEO of Softbank Defendants Softbank Investment Advisors (UK) Ltd. and SoftBank Global Advisers Ltd. (rajeev@softbank.com); and Tom Cheung, Partner, of Softbank Defendant

---

[17] *See* https://twitter.com/RyzeLabs (twitter page showing that Sino Global d/b/a Ryze Labs is located in the "Metaverse"), (last accessed Sep. 15, 2023).
[18] https://ryzelabs.io/team, (last accessed Sep. 14, 2023).
[19] *See, e.g.*, https://www.prnewswire.com/news-releases/sino-global-capital-rebrands-to-ryze-labs-301919064.html, (last accessed Sep. 14, 2023).
[20] Although Hong Kong is not separately referenced in the member or signatory chart attached as Ex. E, it is clear that the Hague Convention is in force there. *See, e.g.*, HCCH, "Member China," *available at* https://www.hcch.net/en/states/hcch-members/details1/?sid=30 (last visited Sep. 21, 2023) (listing the Hague Convention as one of the "[c]onventions in force for *Hong Kong*").

SoftBank Investment Advisers (UK), served on behalf of SoftBank (tom.cheung@softbank.com). Further, Defendant Sino Global has solicited media inquiries at media@ryzelabs.io both on its website and in press releases dated this month.

22. Although undersigned counsel has not directly communicated with Defendants Temasek, SoftBank, or Sino Global at these email addresses, the documents in which the addresses were located suggest that they are functional. Undersigned counsel would have tested the e-mail addresses prior to filing the Motion and testified herein to the lack of receipt of any bounce back e-mail, but undersigned counsel does not wish to run afoul of any ethics rules via direct communication with an opposing party whose representation is known.

23. E-mail to domestic counsel is yet another available means of serving Defendants Temasek, Deltec, Chalopin, SoftBank, and Sino Global. As explained above, Plaintiffs have communicated with counsel for Temasek, Deltec, Chalopin, and SoftBank at the following e-mail addresses:

- Temasek.: aehrlich@paulweiss.com, nkovalenko@paulweiss.com, bkarp@paulweiss.com, roloughlin@paulweiss.com
- SoftBank : AFoslid@winston.com
- Deltec: lara.buchwald@davispolk.com; tatitiana.martins@davispolk.com; Mallory.Cooney@klgates.com, Desiree.Moore@klgates.com
- Chalopin: lara.buchwald@davispolk.com; tatitiana.martins@davispolk.com; Mallory.Cooney@klgates.com, Desiree.Moore@klgates.com

24. Defendant Sino Global's counsel just made an appearance in this matter this morning. As a result, undersigned counsel has not communicated with such counsel to date. Nevertheless, Sino Global's counsel have filed documents in this MDL averring that their e-mail addresses are as follows: mmadrigal@morrisoncohen.com, jgottlieb@morrisoncohen.com, vupadhyaya@morrisoncohen.com, mmix@morrisoncohen.com.

25. Plaintiffs' counsel has conferred with counsel for Defendants regarding the filing of this Motion.[21] With respect to Temasek, Deltec, and Chalopin, Plaintiffs' counsel had engaged in an e-mail exchange regarding service waivers and indicated that absent a waiver Plaintiffs would file the instant motion for alternate service and assumed the defendants would oppose such a

---

[21] Ex. H, E-mail exchanges with opposing counsel involving conferring regarding this Motion.

motion. Counsel for Temasek, Deltec, and Chalopin did not respond regarding the motion.[22] With respect to Sino Global, counsel for Plaintiffs e-mailed this afternoon counsel who only this morning made an appearance on Sino Global's behalf, and counsel for Sino Global informed that they would not execute a waiver and would oppose the relief requested herein.[23] With respect to SoftBank, counsel for Plaintiffs has held multiple discussions regarding service and waivers. Today, counsel for Plaintiffs informed that they would be filing the instant motion and asked whether SoftBank would oppose. Counsel for SoftBank indicates that he cannot provide an answer today about whether his client would oppose the instant motion.[24] Given SoftBank's refusal to waive service, Plaintiffs' counsel views a lack of opposition as substantially unlikely and therefore proceeds with this motion. If SoftBank later indicates that it does not oppose this motion, undersigned counsel will inform the Court immediately.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct to the best of my knowledge and belief.

Executed on September 21, 2023 in New Orleans, Louisiana.

By: _____
Molly L. Wells

---

[22] *Id.* at 1, 4.
[23] *Id.* at 6.
[24] *Id.* at 8.