**BEFORE THE UNITED STATES JUDICIAL PANEL
ON MULTIDISTRICT LITIGATION**

| | |
|---|---|
| IN RE: FTX CYPTOCURRENCY EXCHANGE COLLAPSE LITIGATION | MDL No. 3076 |
| This document relates to: Multinational VC Defendants, Bank Defendants | |
| *O'Keefe v. Sequoia Capital Operations, LLC, et al.*, S.D. Fla. Case No. 1:23-cv-20700 | |
| *O'Keefe v. Temasek Holdings (Private) Ltd., et al.*, N.D. Cal. Case No. 3:23-cv-3655 | |
| *O'Keefe v. Farmington State Bank d/b/a Moonstone Bank, et al.*, E.D. Wa. Case No. 2:23-cv-00213-TOR | |
| *Chernyavsky et al. v. Temasek Holdings (Private) Ltd., et al.*, S.D. Fla. Case No. 1:23-cv-22960 | |
| *Cabo et al. v. Temasek Holdings (Private) Ltd. et al.*, N.D. Cal. Case No. 3:23-cv-03974 | |

**[PROPOSED] ORDER REGARDING PLAINTIFFS' MOTION TO SERVE CERTAIN DEFENDANTS WITH PROCESS THROUGH ALTERNATE MEANS**

**THIS MATTER** came before the Court on Plaintiffs' Motion to Serve Certain Defendants with Process Through Alternate Means (the "Motion") [ECF No. __]. Plaintiffs named certain multinational defendants in this action for their alleged role in aiding and abetting the FTX fraud: Defendants Temasek Holdings (Private) Ltd. ("Temasek"), SoftBank Group Corp., SoftBank Investment Advisers (UK) Ltd., SoftBank Global Advisers Ltd. (together with SoftBank Group Corp. and SoftBank Investment Advisers (UK) Ltd., "SoftBank"), Sino Global Capital Ltd. ("Sino Global"), Deltec Bank and Trust Company Limited ("Deltec"), and Jean Chalopin (collectively, "Defendants"). Plaintiffs request an Order granting that these Defendants may be served by alternative means pursuant to Federal Rule of Civil Procedure Rule 4(f)(3).

Plaintiffs allege that the Defendants are domiciled in the following foreign jurisdictions:

- Temasek Holdings (Private) Ltd.: Singapore
- SoftBank Group Corp.: Japan
- SoftBank Investment Advisers (UK) Ltd.: United Kingdom

- Softbank Global Advisers Ltd.: United Kingdom
- Sino Global Capital Ltd.: Hong Kong
- Deltec Bank and Trust Company Limited: The Bahamas
- Jean Chalopin: The Bahamas

Counsel for each Defendant has made an appearance in this action, and such counsel has provided the Court and the parties e-mail addresses to which electronically filed documents in this action may be transmitted. Plaintiffs' counsel has previously corresponded by e-mail with counsel to Temasek, Softbank, Deltec and Chalopin, further indicating that their email addresses are valid and operational. Therefore, the Plaintiff seeks to serve Defendants through e-mail to their attorneys at the following e-mail addresses:

- Temasek.: aehrlich@paulweiss.com, nkovalenko@paulweiss.com, bkarp@paulweiss.com, roloughlin@paulweiss.com
- SoftBank : AFoslid@winston.com
- Deltec: lara.buchwald@davispolk.com; tatitiana.martins@davispolk.com; Mallory.Cooney@klgates.com, Desiree.Moore@klgates.com
- Chalopin: lara.buchwald@davispolk.com; tatitiana.martins@davispolk.com; Mallory.Cooney@klgates.com, Desiree.Moore@klgates.com
- Sino Global: mmadrigal@morrisoncohen.com, jgottlieb@morrisoncohen.com, vupadhyaya@morrisoncohen.com, mmix@morrisoncohen.com

Plaintiffs further allege that each Defendant utilizes electronic means as reliable forms of contact, and allege to have identified e-mail addresses for Temasek, SoftBank and Sino Global that are valid and operational. Specifically, Plaintiffs allege to have identified from materials circulated to FTX's Advisory Board e-mail addresses for Pradyumna Agrawal, Temasek's

Managing Director for Blockchain Investments (pradyumna@temasek.com.sg); Antony Lewis, Temasek's Director for Crypto & Blockchain Venture Building & Investing (antonylewis@temasek.com.sg); Rajeev Misra, CEO of Softbank Defendants Softbank Investment Advisors (UK) Ltd. and SoftBank Global Advisers Ltd. (rajeev@softbank.com); and Tom Cheung, Partner, of Softbank Defendant SoftBank Investment Advisers (UK), served on behalf of SoftBank (tom.cheung@softbank.com). Further, Plaintiffs allege that Defendant Sino Global has solicited media inquiries at media@ryzelabs.io. Therefore, the Plaintiffs seek to serve Defendants Temasek, SoftBank and Sino Global through e-mail, at the following e-mail addresses:

- Temasek.: (pradyumna@temasek.com.sg; antonylewis@temasek.com.sg
- SoftBank : rajeev@softbank.com; tom.cheung@softbank.com
- Sino Global: media@ryzelabs.io

The Court has carefully considered the Motion, the record, and the applicable law. Rule 4(f)(3) provides for effectuating service on individuals outside of the United States[1] through other means not prohibited by international agreement. It is important to note that Rule 4(f)(3) is available as a *first resort*, and is recognized by circuit courts, including the Eleventh Circuit, and numerous district courts as equal to other service methods under Rule 4(f).[2] Thus, Plaintiffs are not required to exhaust service of process by methods enumerated in Rule4(f)(1) or Rule 4(f)(2) before seeking the alternate relief provided in Rule 4(f)(3). *See* n.2. And, the means of service

---

[1] Fed. R. Civ. P. 4(h)(2) applies the broadly worded Rule 4(f)(3) to service on foreign business entities.

[2] *Brookshire Bros., Ltd. v. Chiquita Brands Int'l, Inc.*, 2007 WL 1577771, at *2 (S.D. Fla. May 31, 2007) (citing *Rio Props., Inc. v. Rio Int'l Interlink*, 284 F.3d 1007, 1015 (9th Cir. 2002); *see also Nuance Commc'ns, Inc. v. Abbyy Software House*, 626 F.3d 1222, 1239 (Fed. Cir. 2010) ("Rule 4(f)(3) is not subsumed within or in any way dominated by Rule 4(f)'s other subsections; it stands independently, on equal footing." ) (quoting *Rio Props.*, 284 F.3d at 1015; *Prewitt Enterprises, Inc. v. Organization of Petroleum Exporting Countries*, 353 F.3d 916, 921, 927 (11th Cir. 2003). *See also*, *Ryan v. Brunswick Corp.*, 2002 WL 1628933, at *2 (W.D.N.Y. May 31, 2002); *Swarna v. Al-Awadi*, 2007 WL 2815605, at *1–2 (S.D.N.Y. Sept. 20, 2007).

Plaintiffs seek—email on U.S. counsel and certain Defendants—satisfy all requirements of Rule (4)(f)(3) as each satisfy due process and none contravene any source of international law, including relevant laws of the destination countries.

Alternative service of process under Rule 4(f)(3) is warranted here.

*First*, service by e-mail upon Defendants' and/or Defendants' counsel is not prohibited under international agreement in this case. Singapore, Japan, the United Kingdom, Hong Kong/China, and The Bahamas are all signatories to the Hague Convention, although the Hague Convention will not enter into effect in Singapore until December. The Hague Convention does not specifically preclude service by e-mail. *See Karsten*, 2018 WL 8060707, at *1. Where a signatory nation has objected to the alternative means of service provided by Section 10 of The Hague Convention, that objection is expressly limited to those means listed in the objection and does not represent a blanket objection to other forms of service, such as e-mail communication. *See In re Farm-Raised Salmon & Salmon Products Antitrust Litig.*, 2019 WL 13062201, at *1 (citing *Karsten*, 2018 WL 8060707, at *2 (authorizing service by email)); *Stat Med. Devices, Inc. v. HTL-Strefa, Inc.*, Case No. 15-cv- 20590, 2015 WL 5320947, at *3 (S.D. Fla. Sept. 14, 2015) (authorizing service by e-mail)); *see also Chengdu Jiechen Tech. Ltd.*, 2021 WL 10382802, at *1 (authorizing service by e-mail, (citing *Stat Med. Devices, Inc.*, 2015 WL 5320947, at *3). A court acting under Rule 4(f)(3) therefore remains free to order alternative means of service where a signatory nation has not expressly objected to those means. *See In re Farm-Raised Salmon & Salmon Products Antitrust Litig.*, 2019 WL 13062201, at *1 (citing *Karsten*, 2018 WL 8060707, at *2 (citing *Gurung v. Malhotra*, 279 F.R.D. 215, 219 (S.D.N.Y. 2011))). As for Singapore, which has only acceded to the Hague Convention, it appears the country has no specific prohibition against electronic service of process. *Astrove v. Doe*, No. 22-CV-80614-RAR, 2022 WL 4594180,

at *1 (S.D. Fla. May 31, 2022).

"Furthermore, courts around the country have found that, in order to prevent delays in litigation, service upon foreign defendants through counsel is appropriate." *Fru Veg Mktg., Inc. v. Vegfruitworld Corp.*, 896 F. Supp. 2d 1175, 1182–83 (S.D. Fla. 2012) (citing *LG Elecs, Inc. v. ASKO Appliances, Inc.,* No. CIV.A. 08–828, 2009 WL 1811098, at *4 (D. Del. June 23, 2009) (finding that service upon an attorney was permissible in light of the regularity of contact between the defendant and his attorney); *Prediction Co. LLC v. Rajgarhia,* No. CIV.A. 097459, 2010 WL 1050307, at *1 (S.D.N.Y. Mar. 22, 2010) (finding that sending a copy of the summons and complaint to defendant's attorney and requesting that he forward the documents to defendant satisfies due process concerns); *Marlabs Inc. v. Jakher,* No. CIV.A. 074074, 2010 WL 1644041, at *3 (D.N.J. Apr. 22, 2010) (finding that service upon the foreign defendant through his attorney comports with constitutional due process since defendant was clearly on notice of the contents of the instant complaint and had regular contact with its attorney); *In re TFT–LCD (Flat Panel) Antitrust Litig.,* No. CIV.A. 07–1827, 2010 WL 1337743, at *3 (N.D. Cal. Apr. 2, 2010) (finding that where the defendant had consulted U.S. counsel regarding the lawsuit and participated in the case through U.S. counsel it was reasonable to find that the defendant had sufficient notice of the suit); *FMAC Loan Receivables v. Dagra,* 228 F.R.D. 531, 534 (E.D.Va.2005) (finding that where the defendant's attorney had filed several motions on the defendant's behalf the defendant would be given proper notice of the suit it process was served on his attorney)).

Neither Japan,[3] the United Kingdom,[4] Hong Kong/China,[5] nor The Bahamas[6] has objected

---

[3] *In re One Apus Container Ship Incident on Nov. 30, 2022*, No. 22 MD. 3028 (PAE), 2022 WL 17370122, at *2 (S.D.N.Y. Dec. 2, 2022) ("Service through counsel is not prohibited by international agreement. [S]ervice in . . . Japan, under the Hague Convention, would take six months to a year."); *Malletier v. lvhut.net*, No. 22-CV-60228, 2022 WL 393369, at *1 (S.D. Fla. Feb. 7, 2022) (holding that service via email to defendant domiciled in Japan did not violate any international agreement); *Richemont Int'l SA v. Individuals, P'ships & Unincorporated Ass'ns Identified on Schedule A*, No. 20-61367-CIV, 2020 WL 6484125, at *1 (S.D. Fla. July 13, 2020) (same); *Louis Vuitton Malletier v. aaalvshop.com*, No. 19-CIV-61986-RAR, 2019 WL 7911372, at *1 (S.D. Fla. Aug. 13, 2019) (same); *Liberty Media Holdings, LLC v. Mar.*, No. 10CV1809 WQH BLM, 2011 WL 197838, at *2 (S.D. Cal. Jan. 20, 2011) (same).

[4] *Yeti Coolers, LLC v. Individuals, Bus. Entities & Unincorporated Ass'ns Identified on Schedule "A"*, No. 23-61190-CIV, 2023 WL 5659522, at *1 (S.D. Fla. July 24, 2023) (holding email service on defendant domiciled in the United Kingdom does not violate any international agreement); *Emqore Envesecure Priv. Cap. Tr. v. Singh*, No. CV 20-7324 (KM)(JBC), 2020 WL 12654314, at *2 (D.N.J. July 9, 2020) ("Email service has been permitted in the United Kingdom."); *adidas AG v. adidas.style*, No. 17-62535-CIV, 2018 WL 1801197, at *1 (S.D. Fla. Feb. 7, 2018) (holding that service via email to defendant in United Kingdom did not violate any international agreement); *Liberty Media Holdings, LLC*, 2011 WL 197838, at *2 (same); *Ehrenfeld v. Salim a Bin Mahfouz*, No. 04 CIV. 9641 (RCC), 2005 WL 696769, at *3 (S.D.N.Y. Mar. 23, 2005) ("Service on Defendant's U.K. and U.S. attorneys would satisfy this standard. Both sets of attorneys must be in communication with Defendant in relation to the pending legal proceedings in the United States and the United Kingdom and will know how to locate Defendant.").

[5] *Yeti Coolers, LLC*, 2023 WL 5659522, at *1 (holding service via email on defendant domiciled in China does not violate any international agreement); *Malletier*, 2022 WL 393369, at *1 (holding that service via email to defendant domiciled in China did not violate any international agreement); *Reflex Media, Inc v. Ltd.*, No. CV 20-00423-RGK-KS, 2020 WL 9073067, at *2 (C.D. Cal. Oct. 26, 2020) (holding e-mail service on Hong Kong defendant did not violate international agreement); *Emqore Envesecure Priv. Cap. Tr.*, 2020 WL 12654314, at *2 ("Both the People's Republic of China and Hong Kong are signatories to the Hague Convention. Hong Kong has not objected to mail service under Article 10. Given the possibly unsettled state of Hong Kong's autonomy vis-à-vis China, I therefore consider as well China's stance on Article 10. China's objections are more expansive than Hong Kong's[, but] 'China's objection to service by postal channels under Article 10 of the Hague Convention does not encompass service by email and . . . service by email is not prohibited by any international agreement.' [T]he Hague Convention does not render email an impermissible form of service in India, the United Kingdom, and Hong Kong." (citations omitted)); *adidas AG v. Individuals, P'ships & Unincorporated Ass'ns Identified on Schedule "A"*, No. 19-CV-61264-UU, 2019 WL 7841807, at *2 (S.D. Fla. May 23, 2019) (no international agreement prohibits service via email or website in China); *adidas AG*, 2018 WL 1801197, at *1 (holding that service via email or "internet communication" to defendant in China did not violate any international agreement).

[6] *Two Rivers Water & Farming Co. v. Am. 2030 Cap. Ltd.*, No. 19-CV-01640-CMA-STV, 2019 WL 5535227, at *4 (D. Colo. Oct. 25, 2019) (granting the plaintiff's motion for service via alternate means of e-mail communication and through the party's attorney with respect to party domiciled in the Bahamas). In *Two Rivers Water & Farming Co.*, the judge concludes that The

to alternate service under Section 10 via e-mail to a party or a party's attorney. No other international agreement prohibits service via e-mail to Defendants or Defendants' counsel with respect to Defendants domiciled in Singapore,[7] Japan, the United Kingdom, Hong Kong/China, or The Bahamas. Accordingly, service by e-mail to Defendants or to Defendants' attorneys does not violate any international agreement.

**_Second_**, Plaintiffs' proposed Service Plan is reasonably calculated to give notice to the foreign Defendants. Federal courts have repeatedly authorized alternative service methods, including service by e-mail on a party or a party's attorney, where a plaintiff demonstrates the likelihood that the proposed alternative method of service will notify a defendant of the pendency of the action. *See, e.g. Rio Props.,* 284 F.3d at 1017 (holding, "without hesitation," that e-mail service of an online business defendant "was constitutionally acceptable"); *Popular Enters., LLC v. Webcom Media Grp, Inc.,* 225 F.R.D. 560, 562 (E.D. Tenn. 2004) ("Under the facts and circumstances presented here, Rule 4(f)(3) clearly authorizes the court to direct service upon

---

Bahamas is not a signatory to the Hague Convention. In so doing, the judge appears to conflate HCCH membership (The Bahamas is not a member) with signatory status (it is a signatory). *Compare* HCCH, "14: Convention of 15 November 1965 on the Service Abroad of Judicial and Extrajudicial Documents in Civil or Commercial Matters" https://www.hcch.net/en/instruments/conventions/status-table/?cid=17 (last visited Sep. 18, 2023) (indicating that The Bahamas is not a member by listing country name in italics rather than in bold text), *with* HCCH, "Bahamas – Central Authority & practical information," *available at* https://www.hcch.net/en/states/authorities/details3/?aid=282 (last visited Sep. 18, 2023) (indicating that The Bahamas is a signatory and that the Hague Convention is in force there). Nevertheless, the judge correctly concluded that no international agreement precludes service on a defendant domiciled in The Bahamas via e-mail or to the party's attorney.

[7] *In re One Apus Container Ship Incident on Nov. 30, 2022*, 2022 WL 17370122, at *4 ("The Court is unaware of any international agreement prohibiting service by email to a Singapore-based defendant, or service via United States-based counsel. Nor does Singaporean law prohibit service through counsel or by email[.] In fact, Singaporean law seems to permit such service."); *adidas AG*, 2019 WL 7841807, at *2 n.3 (no international agreement prohibits service via email in Singapore); *Assef v. Does 1-10*, No. 15-CV-01960-MEJ, 2016 WL 1191683, at *3 (N.D. Cal. Mar. 28, 2016) ("Singapore is not a member of the Hague Convention, but the Court is unaware of any international agreement prohibiting service by email there.").

defendant by e-mail. The rule is expressly designed to provide courts with broad flexibility in tailoring methods of service to meet the needs of particularly difficult cases. Such flexibility necessarily includes the utilization of modern communication technologies to effect service when warranted by the facts.") (citation omitted); *In re Int'l Telemedia Assocs., Inc.*, 245 B.R. 713, 721 (N.D. Ga. 2000) ("If any methods of communication can be reasonably calculated to provide a defendant with real notice, surely those communication channels utilized and preferred by the defendant himself must be included among them."); *see also Fru Veg Mktg., Inc.*, 896 F. Supp. 2d at 1182–83 ("Furthermore, courts around the country have found that, in order to prevent delays in litigation, service upon foreign defendants through counsel is appropriate.").

Furthermore, this Court has frequently authorized foreign service process via e-mail communication. *See, e.g., In re Farm-Raised Salmon & Salmon Products Antitrust Litig.*, 2019 WL 13062201, at *1; *see also Oueiss v. Al Saud*, 1:20-CV-25022-KMM, 2021 WL 5088942, at *8 (S.D. Fla. Jan. 18, 2021) (collecting cases and authorizing service under Rule 4(f)(3) on various defendants through mail, email, and service directed to their "current U.S.-based counsel"); *Chengdu Jiechen Tech. Ltd.*, 2021 WL 10382802, at *1; *Karsten,* 2018 WL 8060707, at *2; *Tiffany (NJ) LLC v. Dorapang Franchise Store,* No.18-cv-61590, 2018 WL 4828430, at *3 (S.D. Fla. July 17, 2018) (authorizing service of process via e-mail and publicly posting copies of the summons, complaint, and all future filings on the internet); *Chanel, Inc. v. Individual, P'ship, or Unincorporated Ass'n,* No. 18-61233-CIV, 2018 WL 7253306, at *1 (S.D. Fla. June 7, 2018) (Dimitrouleas, J.) (authorizing service of process via e-mail where defendant had an internet-based business and utilized e-mail as a reliable form of contact); *Stat Medical Devices, Inc.,* 2015 WL 5320947, at *4 (concluding that "service by email on the foreign defendant . . . as well as serving the domestic defendant's attorney is reasonably calculated to notify the foreign defendant of the

pendency of this action and provide it with an opportunity to defend").

The Court has reviewed the Motion and hereby **ORDERS AND ADJUDGES** as follows:

Service of process upon Defendants Temasek Holdings (Private) Ltd., SoftBank Group Corp., SoftBank Investment Advisers (UK) Ltd., Softbank Global Advisers Ltd., Sino Global Capital Ltd., Deltec Bank and Trust Company Limited, and Jean Chalopin in the above captioned matters is authorized in accordance with the following Service Plan:

1. Via email through emailing the Complaint(s) and Summons(es) to Defendants' counsel at the following e-mail addresses:

    - Temasek.: aehrlich@paulweiss.com, nkovalenko@paulweiss.com, bkarp@paulweiss.com, roloughlin@paulweiss.com

    - SoftBank : AFoslid@winston.com

    - Deltec: lara.buchwald@davispolk.com; tatitiana.martins@davispolk.com; Mallory.Cooney@klgates.com, Desiree.Moore@klgates.com

    - Chalopin: lara.buchwald@davispolk.com; tatitiana.martins@davispolk.com; Mallory.Cooney@klgates.com, Desiree.Moore@klgates.com

    - Sino Global: mmadrigal@morrisoncohen.com, jgottlieb@morrisoncohen.com, vupadhyaya@morrisoncohen.com, mmix@morrisoncohen.com

2. Via email through emailing the Complaint(s) and Summons(es) to Defendants at the following e-mail addresses:

    - Temasek: Pradyumna Agrawal, Managing Director for Blockchain Investments, at pradyumna@temasek.com.sg, and Antony Lewis, Director for Crypto & Blockchain Venture Building & Investing, at antonylewis@temasek.com.sg

9

- SoftBank: Rajeev Misra, CEO of Softbank Defendants Softbank Investment Advisors (UK) Ltd. and SoftBank Global Advisers Ltd., at rajeev@softbank.com and Tom Cheung, Partner at Softbank Defendant SoftBank Investment Advisers at tom.cheung@softbank.com
- Sino Global: mailto:media media@ryzelabs.io

DONE AND ORDERED in Miami, Florida this _____ day of September, 2023.

_____

HONORABLE K. MICHAEL MOORE

UNITED STATES DISTRICT JUDGE

Copies furnished to:

Counsel of record