IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION
MDL No. 3076
Case No. 1:23-md-03076-KMM

IN RE:

FTX Cryptocurrency Exchange Collapse Litigation

This Document Relates To:

*Garrison, et al. v. Bankman-Fried, et al.*,
Case No. 22-cv-23753-MOORE/OTAZO-REYES

_____/

### DEFENDANT WILLIAM TREVOR LAWRENCE'S INDIVIDUAL MOTION TO DISMISS

Defendant William Trevor Lawrence (**"Mr. Lawrence"**), pursuant to Rule 12(b)(6) and this Court's orders [ECF No. 61 and 216], hereby files this Individual Motion to Dismiss.

### INTRODUCTION [1]

Mr. Lawrence is uniquely situated to all other sports and entertainment defendants [*see* ECF No. 271] (**"Defendants"**). Originally, Plaintiffs alleged that the "securities" at the core of this suit were the yield-bearing accounts (**"YBAs"**) sold by FTX. But in the [Corrected] Administrative Class Action Complaint (**"Complaint"**) [ECF No. 179], Plaintiffs now claim that the securities at issue include not only YBAs, but also FTX's native cryptocurrency token (**"FTT"**) and the entire Deceptive FTX Platform (the **"Platform"**). But over the course of nearly 300 pages, there is not one allegation that laments the functionality of the Blockfolio mobile app (the **"App"**).

---

[1] Plaintiffs and Mr. Lawrence have agreed to settle – subject to Court approval. [*See* ECF No. 245]. Mr. Lawrence files this Motion to Dismiss in an abundance of caution, to be considered only in the event the settlement fails for any reason.

That necessarily mandates dismissal of Mr. Lawrence because that is all he is accused of doing – i.e., promoting the Blockfolio App. And if there is nothing wrong with the App, then he did nothing wrong and all claims pleaded against him should be dismissed.

**ARGUMENT**

Blockfolio and FTX are not one and the same. Mr. Lawrence entered into an agreement with the former, not with the latter. Respectfully, that matters.

Blockfolio originated as, and remains, a separate entity. To be sure, it was acquired by FTX in August 2020. And FTX rebranded it in July 2021. But Blockfolio is nothing more than a portfolio tracking application or, in today's vernacular, an "app."

In that regard, Blockfolio is different in kind from the so-called "securities" at issue in this case – i.e., the YBAs, FTT, and the FTX Platform. Taking those in order, the Blockfolio App obviously is not the same thing as a YBA. The Blockfolio App obviously is not the same thing as the FTT token. And the Blockfolio App obviously is not the same as the allegedly deceptive FTX Platform, which the Amended Complaint describes as the FTX exchange itself.

The question then is whether Mr. Lawrence engaged in any conduct that could be described as his having personally participated or aided in making the sale of any of the so-called "securities" actually referenced in the Complaint. It is not enough to allege that he promoted the Blockfolio App. If that is all he accused of doing, then all claims pleaded against him must be dismissed.

Here, dismissal is required because the allegations of the Complaint fail to reveal any conduct whereby Mr. Lawrence personally participated or aided in making the sale of any of the "securities" at issue. Indeed, there is a dearth of allegations that speak to Mr. Lawrence, and not one establishes that he did anything to promote the sale of any of the so-called "securities" identified in the Complaint. At best, they promote the Blockfolio App – but that is all.

In a number of instances, the Complaint misleadingly suggests that Mr. Lawrence committed to do promotions for FTX. But the exhibits attached – which control over the allegations – concern the Blockfolio App – not FTX.

For example, ¶563 refers to Mr. Lawrence's deal with "FTX," but the corresponding article referenced in note 232 makes clear that his deal was with Blockfolio – not FTX.

Likewise, ¶567 quotes Mr. Lawrence as saying "FTX" was the safe way to start your journey with cryptocurrency. But he did not say that. As the embedded image makes clear, he was referring to "@ftx_app," which, again, is a reference to the Blockfolio App – not any of the alleged "securities" identified in the Complaint.

In sum, Plaintiffs have failed to plead any facts stating Mr. Lawrence did anything that fairly could be described as his having personally participated or aided in making the sale of any of the "securities" identified in the Amended Complaint.

Accordingly, Plaintiffs have failed to plead any valid claims against Mr. Lawrence and, therefore, all claims pleaded against him should be dismissed *with prejudice*.[2]

---

[2] *See, e.g., Rensel v. Centra Tech, Inc.,* 2019 WL 285839 (S.D. Fla. 2019) (explaining that the sending of just a few generic tweets is not enough to establish statutory seller liability under *Pinter v. Dahl*). And myriad cases in this jurisdiction make clear that liability under the Florida Blue Sky Statute is coterminous with statutory seller liability under *Pinter v. Dahl. See, e.g., See In re Sahlen & Associates, Inc. Sec. Litig.*, 773 F. Supp. 342, 372 (S.D. Fla. 1991); *Selgrad v. US Lending Corp.*, 1996 US Dist. LEXIS 22927, *50 (S.D. Fla. 1996); *Hilliard v. Black*, 125 F. Supp. 2d 1071, 1083 (N.D. Fla. 2000); *Tippens v. Round Island Plantation L.L.C.*, 2009 WL 2365347, *11 (S.D. Fla. 2009).

Dated: September 21, 2023               Respectfully submitted,

DIMOND KAPLAN & ROTHSTEIN, P.A.
Offices at Grand Bay Plaza
2665 South Bayshore Drive, PH-2B
Miami, Florida 33133
Telephone:    (305) 374-1920
Facsimile:    (305) 374-1961

By:    /s/ David A. Rothstein
David A. Rothstein, Esq.
Fla. Bar No. 995762
DRothstein@dkrpa.com
Alexander M. Peraza, Esq.
Fla. Bar No. 107044
APeraza@dkrpa.com
Eshaba Jahir-Sharuz, Esq.
Fla. Bar No. 1038846
Eshaba@dkrpa.com

MCANGUS GOUDELOCK & COURIE LLC
2000 Market Street, Suite 780
Philadelphia, PA 19103
Telephone:    (484) 406-4334
Facsimile:    (215) 501-5374

Eric A. Fitzgerald (*pro hac vice*)
eric.fitzgerald@mgclaw.com
Hillary N. Ladov (*pro hac vice*)
hillary.ladov@mgclaw.com

Attorneys for Defendant
WILLIAM TREVOR LAWRENCE

4

DIMOND KAPLAN & ROTHSTEIN, P.A.
OFFICES AT GRAND BAY PLAZA · 2665 SOUTH BAYSHORE DRIVE · PENTHOUSE 2B · MIAMI, FLORIDA 33133 · TEL. 305.374.1920 FAX. 305.374.1961