UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MDL No. 3076
Case No. 1:23-md-03076-KMM

IN RE:

FTX Cryptocurrency Exchange Collapse
Litigation

THIS DOCUMENT RELATES TO:

Defendants SoftBank Group Corp., SoftBank
Investment Advisers (UK) Limited, and SoftBank
Global Advisers Limited

*O'Keefe v. Sequoia Capital Operations, LLC*,
No. 1:23-cv-20700 (S.D. Fla.)

*Chernyavsky v. Temasek Holdings (Private) Limited*,
No. 1:23-cv-22960 (S.D. Fla.)

*Cabo v. Temasek Holdings (Private) Limited*,
No. 1:23-cv-23212 (S.D. Fla.)
_____/

**DEFENDANTS SOFTBANK GROUP CORP., SOFTBANK INVESTMENT
ADVISERS (UK) LIMITED, AND SOFTBANK GLOBAL ADVISERS LIMITED'S
MOTION TO DISMISS THE [CORRECTED] ADMINISTRATIVE CLASS ACTION
COMPLAINT FOR INSUFFICIENT SERVICE OF PROCESS**

Defendants SoftBank Group Corp. ("SBG"), SoftBank Investment Advisers (UK) Limited ("SBIA"), and SoftBank Global Advisers Limited ("SBGA") respectfully submit this memorandum of law in support of their motion to dismiss the "[Corrected] Administrative Class Action Complaint and Demand for Jury Trial: Multinational VC Defendants" (the "Complaint" or "Compl.") (ECF No. 182) pursuant to Rule 12(b)(5) of the Federal Rules of Civil Procedure.[1]

## PRELIMINARY STATEMENT

This is a straightforward motion because, in a recent filing with this Court, Plaintiffs *conceded that they have not served SBG, SBIA, or SBGA*. That concession is not surprising. SBG is a Japanese corporation, headquartered in Tokyo, Japan. Pursuant to treaties signed by the United States, Japanese citizens and companies can be served only through proper process, including service through the Hague Service Convention. Plaintiffs have failed to do so. Worse still, Plaintiffs have not even purported to serve SBIA or SBGA. For these reasons, as explained more fully below, this Court should dismiss Plaintiffs' Complaint against SBG, SBIA, and SBGA for insufficient service of process.

## BACKGROUND

On February 22, 2023, Plaintiffs filed the *O'Keefe v. Sequoia Capital Operations, LLC*, No. 1:23-cv-20700 (S.D. Fla.), action, naming SBG—but not SBIA or SBGA—as a defendant. After this MDL was created, on August 7, 2023, Plaintiffs filed new complaints in *Chernyavsky v. Temasek Holdings (Private) Limited*, No. 1:23-cv-22960 (S.D. Fla.), and *Cabo v. Temasek Holdings (Private) Limited*, No. 1:23-cv-23212 (S.D. Fla.), both naming SBG, SBIA, and SBGA as defendants. Plaintiffs acknowledge that SBG is a Japanese corporation located in Tokyo, Japan (Compl. ¶ 30) and that SBIA and SBGA are based in London, England (*id.* ¶ 33).

---

[1] SBG, SBIA, and SBGA also join the Multinational VC Defendants' separate motion to dismiss the Complaint pursuant to Rule 12(b)(6).

1

On September 1, 2023, Plaintiffs filed their only proof of service as to SBG. In the proof of service, they purport to have served SBG with the *Cabo* complaint by serving John Montijo (who they claim is designated to accept service on behalf of CT Corp System) in Glendale, California, on August 23, 2023. (*See* Declaration of Eric D. Lawson ("Lawson Decl.") Ex. 1.)[2] That proof of service has since been labeled by the Court's Clerk as "Filed in Error." (*See id.* Ex. 2.) In any event, Mr. Montijo and CT Corp System are not SBG's registered agents in the United States. (Declaration of Natsuko Ohga ("Ohga Decl.") ¶ 3.) Plaintiffs have not filed ***any*** proof of service as to SBIA or SBGA.

On September 21, 2023, Plaintiffs filed a motion with this Court requesting permission to serve SBG, SBIA, and SBGA through alternative means. (ECF No. 280.) In that motion, they ***concede*** that they have not served these entities. (*See id.*)

## ARGUMENT

The Court may dismiss the Complaint based on "insufficient service of process" pursuant to Rule 12(b)(5). It is a "bedrock principle" that a "defendant is not obliged to engage in litigation unless notified of the action, and brought under a court's authority, by formal process." *Murphy Bros. v. Michetti Pipe Stringing, Inc.*, 526 U.S. 344, 347 (1999). When service is challenged, the plaintiff bears the burden of establishing sufficiency of service. *Winston v. Walsh*, 829 F. App'x 448, 450 (11th Cir. 2020). Plaintiffs have not properly served SBG, SBIA, or SBGA.

**SBG**. Again, Plaintiffs have conceded that they have not served SBG. They were right to do so. Plaintiffs' proof of service in the *Cabo* matter is improper. Japanese corporations like SBG may only be served through proper process, including through the Hague Service Convention. Plaintiffs have failed to do so for two reasons.

---

[2] The Court may consider declarations and other evidence when evaluating a motion to dismiss for insufficient service. *See Kammona v. Onteco Corp.*, 587 F. App'x 575, 578 (11th Cir. 2014).

*First*, Plaintiffs' proof of service does not even purport to comply with the Hague Service Convention, which sets forth specific procedures for serving foreign corporate defendants. Under the Hague Service Convention, Japan has designated its Ministry of Foreign Affairs as the authority authorized to receive requests for service of process from other signatory countries, and it requires translation of any document served. *See McClenon v. Nissan Motor Corp. in U.S.A.*, 726 F. Supp. 822, 824 n.1 (N.D. Fla. 1989). Plaintiffs did not attempt to effect service of process on SBG through the Japanese Ministry of Foreign Affairs, translate the documents, or follow the other procedures set forth in the Hague Service Convention.

*Second*, Plaintiffs' proof of service states that SBG was served via service on Mr. Montijo, who is supposedly designated to accept service on behalf of CT Corp System. But Mr. Montijo and CT Corp System are not SBG's designated agents for service of process or otherwise authorized by SBG to receive service of process in the United States. (Ohga Decl., ¶ 3.) Plaintiffs' purported service was thus ineffective.

**SBIA and SBGA**. Rule 4(c)(1) requires plaintiffs to serve their complaint and a summons on each defendant. Absent waiver (which has not been given), plaintiffs must also make proof of service to the Court. Fed. R. Civ. P. 4(l)(1). Plaintiffs have not filed any proof of service purporting to show service on SBIA or SBGA. That is consistent with their concession that they have not served those entities. SBIA and SBGA should therefore be dismissed for lack of service of process.

## CONCLUSION

For the foregoing reasons, the Complaint against SBG, SBIA, and SBGA should be dismissed.

3

## **REQUEST FOR HEARING**

In accordance with Local Rule 7.1(b)(2), SBG, SBIA, and SBGA respectfully request that the Court hear oral argument on their Motion to Dismiss because this case involves a multitude of parties and legal issues. SBG, SBIA, and SBGA believe oral argument would further the Court's understanding of the respective grounds for dismissal. SBG, SBIA, and SBGA submit that ten minutes is sufficient for SBG, SBIA, and SBGA to argue the issues presented.

## CERTIFICATE OF CONFERENCE

In accordance with Local Rule 7.1(a)(3), counsel for SBG, SBIA, and SBGA has conferred with Plaintiffs' counsel in a good faith effort to resolve this motion to dismiss for insufficient service of process, and Plaintiffs oppose the relief requested.

Dated: September 22, 2023           Respectfully submitted,

*/s/ Eric D. Lawson*
Eric D. Lawson (mdl102196)
MORRISON & FOERSTER LLP
250 West 55th Street
New York, NY 10019-9601
Telephone: (212) 468-8000
Email: elawson@mofo.com

Anna Erickson White (mdl102198)
Ryan M. Keats (mdl102197)
MORRISON & FOERSTER LLP
425 Market Street
San Francisco, CA 94105-2482
Telephone: (415) 268-7000
Email: awhite@mofo.com
       rkeats@mofo.com

Adam M. Foslid (Fla. Bar No. 682284)
WINSTON & STRAWN LLP
Southeast Financial Center
200 S. Biscayne Blvd., Suite 2400
Miami, FL 33131
Telephone: (305) 910-0500
Email: afoslid@winston.com

*Counsel for Defendants SoftBank Group Corp., SoftBank Investment Advisers (UK) Limited, and SoftBank Global Advisers Limited*

**CERTIFICATE OF SERVICE**

      I hereby certify that on this 22nd day of September, 2023, I e-filed the foregoing document using the Court's CM/ECF system, which will send a notice of electronic filing to all counsel of record.

                          /s/ *Eric D. Lawson*