**IN THE UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA, MIAMI DIVISION**
Case No. 1:23-md-03076-KMM

**IN RE:**

**FTX Cryptocurrency Exchange Collapse Litigation**

_____

This Document Relates To:

*O'Keefe* v. *Sequoia Capital Operations, LLC, et al.*
Case No. 23-cv-20700 (S.D. Fla.)

*O'Keefe* v. *Temasek Holdings (Private) Limited, et al.*
Case No. 1:23-cv-23065 (S.D. Fla.)

*Chernyavsky, et al.* v. *Temasek Holdings (Private)*
*Limited, et al.*, Case No. 1:23-cv-22960 (S.D. Fla.)

*Cabo, et al.* v. *Temasek Holdings (Private) Limited, et al.*
Case No. 1:23-cv-23212 (S.D. Fla.)

_____


**FOREIGN INVESTOR DEFENDANTS' MOTION TO DISMISS THE**
**ADMINISTRATIVE COMPLAINT FOR LACK OF PERSONAL JURISDICTION**
**AND INCORPORATED MEMORANDUM OF LAW**

**<u>TABLE OF CONTENTS</u>**

**Page**

PRELIMINARY STATEMENT ................................................................................................ 1

PERTINENT FACTS REGARDING THE FOREIGN INVESTOR DEFENDANTS .................. 4

ARGUMENT .............................................................................................................................. 6

THE CLAIMS AGAINST THE FOREIGN INVESTOR DEFENDANTS SHOULD BE
   DISMISSED FOR LACK OF PERSONAL JURISDICTION .......................................... 6

    I.     Legal Standards for Personal Jurisdiction in MDL Actions ................................... 6

    II.    The Foreign Investor Defendants Are Not Subject to Personal Jurisdiction in
         Florida ................................................................................................................. 7

         A.    Legal Standards Governing Personal Jurisdiction in Florida ................... 7

         B.    Each of Plaintiffs' Theories of Personal Jurisdiction in Florida Fails ........ 9

    III.   The Foreign Investor Defendants Are Not Subject to Personal Jurisdiction in
         California ........................................................................................................... 12

         A.    Legal Standards Governing Personal Jurisdiction in California .............. 12

         B.    Plaintiffs' Theories of Personal Jurisdiction in California All Fail ......... 12

CONCLUSION......................................................................................................................... 15

## **TABLE OF AUTHORITIES**

**Page(s)**

**Cases**

*In re Agent Orange Prods. Liab. Litig. MDL No. 381*,
  818 F.2d 145 (2d Cir. 1987)................................................................13, 14

*Andres* v. *Raytheon Techs. Corp.*,
  2022 WL 1015489 (S.D. Fla. Apr. 5, 2022) ...........................................8

*Atmos Nation LLC* v. *Alibaba Grp. Holding Ltd.*,
  2016 WL 1028332 (S.D. Fla. Mar. 15, 2016)......................................8, 10

*In re Auto. Refinishing Paint Antitrust Litig.*,
  358 F.3d 288 (3d Cir. 2004)................................................................6, 14

*Basulto* v. *Netflix, Inc.*,
  2023 WL 4014741 (S.D. Fla. May 25, 2023) ...........................................11

*Carey* v. *Kirk*,
  2022 WL 4594124 (S.D. Fla. Aug. 4, 2022)........................................7, 8

*Carmouche* v. *Tamborlee Mgmt., Inc.*,
  789 F.3d 1201 (11th Cir. 2015) ...........................................................7

*Celorio* v. *Google Inc.*,
  872 F. Supp. 2d 1327 (N.D. Fla. 2012)................................................8

*CZ Servs., Inc.* v. *Anthem Ins. Cos.*,
  2023 WL 5624273 (9th Cir. Aug. 31, 2023)..........................................12

*DC Injury Sols. LLC* v. *Morris Bart, LLC*,
  2022 WL 433319 (N.D. Ala. Feb. 11, 2022) ...........................................9

*Louis Vuitton Malletier, S.A.* v. *Mosseri*,
  736 F.3d 1339 (11th Cir. 2013) ...........................................................7

*Oueiss* v. *Al Saud*,
  2022 WL 1311114 (S.D. Fla. Mar. 29, 2022)) ........................................11

*Rinaldi* v. *FCA US LLC*,
  2022 WL 17340667 (D.N.J. Nov. 30, 2022) ...........................................9

*Spy Optic, Inc.* v. *AreaTrend, LLC*,
  843 F. App'x 66 (9th Cir. 2021) ...........................................................12

*Stubbs* v. *Wyndham Nassau Resort & Crystal Palace Casino*,
    447 F.3d 1357 (11th Cir. 2006) ...........................................................................8

*In re Takata Airbag Prods. Liab. Litig.*,
    396 F. Supp. 3d 1101 (S.D. Fla. 2019) ...........................................................6, 8

*Waite* v. *All Acquisition Corp.*,
    901 F.3d 1307 (11th Cir. 2018) .......................................................................9, 12

**Statutes**

28 U.S.C. § 1407 ................................................................................................13

Fla. Stat. § 48.193 ..........................................................................................7, 8

**Other Authorities**

Fed. R. Civ. P. 12(b) ....................................................................................1, 2, 12

Three of the Foreign Investor Defendants—Temasek Holdings Private Limited, Temasek International USA LLC, and Sino Global Capital Holdings, LLC—respectfully submit this motion to dismiss the Administrative Class Action Complaint (Dkt. #182) (the "Complaint" or "AC") for lack of personal jurisdiction under Rule 12(b)(2) of the Federal Rules of Civil Procedure and incorporated memorandum of law.[1]

## PRELIMINARY STATEMENT

The claims against the moving Foreign Investor Defendants, which the Complaint dubs (along with other entities) the "Multinational VCs," should be dismissed for lack of personal jurisdiction.

The Complaint names as defendants three investment firms based in Hong Kong, Japan, and Singapore, and certain of their purported wholly owned subsidiaries and/or unrelated entities. The Complaint contends that Defendants violated California and Florida law by conducting diligence on and investing in the FTX Group, thereby purportedly inducing Plaintiffs to trade on the FTX crypto-currency platform. The Complaint fails to state a claim for relief against any of the defendants for numerous reasons set forth in the accompanying motion to dismiss the complaint under Rule 12(b)(6), including the fact that each of these three firms lost hundreds of millions of dollars by investing in FTX, which renders Plaintiffs' claims wholly implausible. But

---

[1]  The Foreign Investor Defendants are Sino Global Capital Limited ("Sino Global") and Sino Global Capital Holdings, LLC ("SG Capital Holdings"); and Temasek Holdings (Private) Limited ("Temasek Holdings") and its wholly owned subsidiary, Temasek International (USA) LLC ("Temasek USA"). Sino Global has not been served with the Complaint, and Plaintiffs do not allege that they have served Sino Global. Therefore, Sino Global has no obligation to respond to the Complaint, and is not a movant.

Temasek Holdings likewise has not been properly served with the Complaint and joins this motion to protect its due process rights, without prejudice to its motion to dismiss for insufficient service of process pursuant to Federal Rule of Civil Procedure 12(b)(5), which is filed concurrently herewith.

there is a logically prior, fundamental, and irremediable flaw in the Complaint that requires its dismissal as against two of these three firms, even before the Court reaches that Rule 12(b)(6) motion:  Plaintiffs do not even come close to pleading a *prima facie* case of personal jurisdiction against SG Capital Holdings, or against Temasek Holdings and its subsidiary Temasek USA.

In a multidistrict litigation action like this one involving transferred actions, personal jurisdiction exists only if there is personal jurisdiction in the transferor courts—which here includes courts in this District and the United States District Court for the Northern District of California.  Plaintiffs' pleadings are glaringly deficient under either forum's law.

While the complaints use the moniker "Multinational VCs," perhaps to suggest a domestic connection, in fact, the Complaint itself acknowledges that two of the defendants in this action are *foreign* entities—they are headquartered in Hong Kong (Sino Global) and Singapore (Temasek Holdings); are organized under the laws of those countries; and have their principal places of business in those foreign locations.  Plaintiffs fail utterly to plead general jurisdiction—which requires a defendant to be "essentially at home" in the forum—as to these foreign entities.

In a vain attempt to obscure the obvious lack of personal jurisdiction, Plaintiffs named as defendants SG Capital Holdings, a U.S. entity purportedly related to the foreign investor Sino Global, and Temasek USA, which is a U.S. subsidiary of the foreign defendant Temasek Holdings. This does not help Plaintiffs establish general jurisdiction.  Neither of the U.S.-based defendants is formed or incorporated in Florida or California, nor do they have their principal place of business in California or (with respect to Temasek USA) Florida.  Thus, neither of them is subject to general jurisdiction in either forum.  Moreover, naming these entities does not help the Plaintiffs in reaching the entities' alleged foreign parent companies.  Plaintiffs do not even attempt to allege the types of facts—involving alter ego status and abuse of the corporate form—that would be

necessary to pierce the corporate veil and assert personal jurisdiction over the global parent companies by virtue of having named purported domestic subsidiaries.

Plaintiffs are equally unsuccessful in pleading specific jurisdiction in Florida or California—that is, jurisdiction that arises out of a defendant's conduct in the relevant forum. The Complaint is entirely barren of any specific factual allegations alleging conduct in Florida or California by these defendants concerning their investments in FTX. That is not surprising, because as the accompanying declarations show, most of the Foreign Investor Defendants had no contacts *at all* with Florida or California. And for those that did, the contacts are wholly unrelated to the claims asserted in this litigation. Plaintiffs do not—and cannot—allege facts suggesting that either of the U.S. entities played a role in the due diligence or monitoring of FTX through activities in Florida and California. As to Temasek USA and SG Capital Holdings, in truth these U.S. entities had nothing to do with the FTX investment *at all*.

Plaintiffs also rely on a "conspiracy theory" of specific jurisdiction, claiming that, if the relevant forum has jurisdiction over any defendant, it can exercise jurisdiction over every other defendant alleged to be part of a civil conspiracy with that defendant. That theory fails. Plaintiffs' allegations do not adequately allege a conspiracy between FTX and/or SBF and the Foreign Investor Defendants, which is unsurprising and would in any event be implausible: those defendants lost substantial sums by investing in FTX. Plaintiffs offer nothing more than vague and conclusory allegations regarding such a conspiracy, lacking all the necessary "who," "what," "where," and "when" as to the Foreign Investor Defendants. In addition, Plaintiffs' "conspiracy theory" does not meet Due Process standards, because Plaintiffs do not allege how any of the Foreign Investor Defendants *themselves* created relevant contacts with Florida or California, rather than having random, fortuitous, or attenuated contacts created by interacting with other persons.

The Complaints do not establish that the Court can exercise personal jurisdiction over any of the Defendants in either Florida or California, and the claims should therefore be dismissed.

## PERTINENT FACTS REGARDING THE FOREIGN INVESTOR DEFENDANTS

The Complaint asserts claims against the Sino Global defendants (Sino Global, which is based in Hong Kong, and an unrelated U.S. entity called SG Capital Holdings), and the Temasek defendants (Temasek Holdings, which is based in Singapore, and a U.S. subsidiary).  (AC ¶¶ 29, 34–35.)  The facts as to each set are as follows:

### *The Sino Group Defendants*

The Sino Group defendants are Sino Global and SG Capital Holdings.  Sino Global is a Hong Kong corporation based in Hong Kong.  (Declaration of Matthew Graham ¶ 3.)  SG Capital Holdings is an unrelated limited liability company formed under the laws of Delaware.  (*Id.* ¶ 4.)

Aside from the false allegation that SG Capital Holdings is a wholly owned subsidiary of Sino Global, the Complaint contains no allegations against SG Capital Holdings whatsoever.  The Complaint effectively concedes, and the accompanying declaration of Matthew Graham confirms, that SG Capital Holdings was not at all involved in any investments in FTX, and no SG Capital Holdings employees were involved in any aspect of FTX in their capacity with SG Capital Holdings.  (*Id.* ¶ 6.)

Sino Global has not been served and therefore has no obligation to respond to the Complaint.  (*Id.* ¶ 3.)  Regardless, Plaintiffs do not plead any relevant conduct concerning FTX involving Sino Global that occurred in California or Florida.  And the Complaint pleads that Sino Global has only two employees in the United States.  (AC ¶ 371.)

### *The Temasek Defendants*

Temasek Holdings is a Singapore limited company wholly owned by the Singapore Minister for Finance and based in Singapore.  (AC ¶ 29; Declaration of Belinda Chan Hian Wun

¶ 2.)  It is a parent holding company with no presence or operations in the United States.  (Chan Decl. ¶¶ 3, 26).   Temasek's U.S. subsidiary, Temasek USA, is a limited liability company organized under the laws of Delaware law with its principal place of business in New York. (Declaration of Caroline Jane Atherton ¶¶ 3–4.)

The jurisdictional allegations are, once again, almost non-existent:  Plaintiffs allege that Temasek USA has a California representative office (AC ¶ 29), but does not allege any connection between it and FTX.  And Plaintiffs allege that "Temasek"—a term that Plaintiffs impermissibly use to lump together both Temasek Holdings and Temasek USA—has invested in three companies in the U.S. (although the Complaint does not even specify where in the U.S. those investments took place).  (*Id.*)  There are no allegations connecting either Temasek Holdings or Temasek USA to Florida at all.  The only other specific allegation tied to any particular location concerning either Temasek entity relates to a conference in the Bahamas.  (AC ¶ 364.)

The Complaint alleges that "Temasek" (again, without specifying which entity) invested in FTX "through" a vehicle called Artz Fund Investments Pte. Ltd. ("Artz Fund").  (AC ¶ 29.)  In fact, Artz Fund is a Singapore private limited company with its principal place of business in Singapore (Chan Decl. ¶ 4) and is not named as a defendant.  Temasek Holdings owns Artz Fund (the entity that invested in FTX) indirectly, through two intermediate Singapore entities that are also not named as defendants.  (Chan Decl. ¶ 4.)  Every Temasek employee charged with researching, negotiating, and monitoring the Artz Fund investments in FTX was based in Singapore and was an employee of Temasek International Pte. Ltd.—a distinct Singapore subsidiary of Temasek Holdings—which is not a defendant in these cases.  (Chan Decl. ¶¶ 6, 8, 29.)  Neither Temasek Holdings nor Temasek USA played any role in conducting diligence on or monitoring the FTX investment.  (Chan Decl. ¶¶ 8, 29; Atherton Decl. ¶ 11.)

5

Moreover, as demonstrated in detail in the accompanying Chan and Atherton declarations, neither Temasek Holdings nor Temasek USA has a connection to Florida:  neither is incorporated there, and neither has employees, offices, or business activities in Florida.  (Chan Decl. ¶¶ 18–25; Atherton Decl. ¶¶ 14–22.)  The same holds true for Temasek Holdings in California.  (Chan Decl. ¶¶ 9–17.)  And while Temasek USA has an office in California, it is a Delaware corporation with its principal place of business in New York, and it has no connection to the investments in FTX, whether through its California office or otherwise.  (Atherton Decl. ¶¶ 3, 4, 11.)

The Complaint alleges that two "Temasek" executives—Pradyumna Agrawal and Antony Lewis—purportedly sat on an FTX advisory board.  (AC ¶ 262.)  In fact, those two individuals are employees of Temasek International Pte. Ltd., both were residents of Singapore during the relevant time period, and neither traveled to either California or Florida in connection with Artz Fund's investments in FTX.  (Chan Decl. ¶ 8.)

## ARGUMENT

### THE CLAIMS AGAINST THE FOREIGN INVESTOR DEFENDANTS SHOULD BE DISMISSED FOR LACK OF PERSONAL JURISDICTION

## I.    LEGAL STANDARDS FOR PERSONAL JURISDICTION IN MDL ACTIONS

Following a transfer in an MDL proceeding like this one, "the transferee judge has all the jurisdiction and powers over pretrial proceedings in the actions transferred to him that the transferor judge would have had in the absence of transfer."  *In re Takata Airbag Prods. Liab. Litig.*, 396 F. Supp. 3d 1101, 1137 (S.D. Fla. 2019) (citation omitted); *see also In re Auto. Refinishing Paint Antitrust Litig.*, 358 F.3d 288, 297 n.11 (3d Cir. 2004) ("[T]he transferee court can exercise personal jurisdiction to the same extent that the transferor court could.").  The Complaint here aggregates allegations of four transferred actions—two transferred from other

courts in this District,[2] and two from the Northern District of California.[3]  Florida and California

thus are the relevant states for purposes of personal jurisdiction.[4]

## II.   THE FOREIGN INVESTOR DEFENDANTS ARE NOT SUBJECT TO PERSONAL JURISDICTION IN FLORIDA

### A.   Legal Standards Governing Personal Jurisdiction in Florida

To determine whether it has personal jurisdiction over a non-resident defendant, a federal

court sitting in Florida must determine "(1) whether personal jurisdiction exists over the

nonresident defendant . . . under Florida's long-arm statute, and (2) if so, whether that exercise of

jurisdiction would violate the Due Process Clause of the Fourteenth Amendment to the U.S.

Constitution." *Louis Vuitton Malletier, S.A.* v. *Mosseri*, 736 F.3d 1339, 1350 (11th Cir. 2013).

Under Florida's long-arm statute, Fla. Stat. § 48.193, a non-resident defendant can be

subject to personal jurisdiction in two ways.  First, a Florida court can "exercise general personal

jurisdiction—that is, jurisdiction over any claims against a defendant, whether or not they involve

the defendant's activities in Florida—if the defendant engages in 'substantial and not isolated

activity' in Florida." *Carmouche* v. *Tamborlee Mgmt., Inc.*, 789 F.3d 1201, 1204 (11th Cir. 2015)

(quoting Fla. Stat. § 48.193(2)).   Second, a Florida court "can exercise specific personal

jurisdiction—that is, jurisdiction over suits that arise out of or relate to a defendant's contacts with

Florida—if the claim asserted against the defendant arises from the defendant's contacts with

---

[2]   *O'Keefe* v. *Sequoia Capital Operations, LLC*, No. 23-cv-20700 (S.D. Fla.) ("*O'Keefe I*"); *Chernyavsky* v. *Temasek Holdings (Private) Limited*, No. 23-cv-22960 (S.D. Fla.).

[3]   *O'Keefe* v. *Temasek Holdings (Private) Limited*, No. 23-cv-3655 (N.D. Cal.) ("*O'Keefe II*"); *Cabo* v. *Temasek Holdings (Private) Limited*, No. 23-cv-03974 (N.D. Cal.).

[4]   Plaintiff O'Keefe purports to pursue wholly identical claims in both Florida and California in a futile attempt to secure personal jurisdiction somewhere.  This constitutes impermissible claim splitting; Plaintiff should be required to choose one forum in which he seeks to establish jurisdiction.  *Vanover* v. *NCO Fin. Servs., Inc.*, 857 F.3d 833, 841 (11th Cir. 2017).  Unless and until he does so, both *O'Keefe* complaints should be dismissed for that reason alone.

Florida, and those contacts fall within one of nine statutorily enumerated categories set forth in section 48.193(1)(a)." *Carey* v. *Kirk*, 2022 WL 4594124, at *3 (S.D. Fla. Aug. 4, 2022). If the requirements of the long-arm statute are satisfied, then the court must nevertheless determine whether the defendant has established sufficient "minimum contacts" with Florida, such that the exercise of jurisdiction over the defendant would "not offend traditional notions of fair play and substantial justice." *In re Takata Airbag*, 396 F. Supp. 3d at 1147–48 (citation omitted).

Plaintiffs bear the burden of establishing "a *prima facie* case of personal jurisdiction over [a] nonresident defendant[]." *Id.* at 1139. Plaintiffs can meet this burden only by presenting "enough evidence to withstand a motion for directed verdict." *Id.* (quoting *Consol. Dev. Corp.* v. *Sherritt, Inc.*, 216 F.3d 1286, 1291 (11th Cir. 2000)). Failure to plead a *prima facie* case of personal jurisdiction warrants dismissal. *Carey*, 2022 WL 4594124, at *3; *Andres* v. *Raytheon Techs. Corp.*, 2022 WL 1015489, at *3 (S.D. Fla. Apr. 5, 2022). Defendants also may contest the jurisdictional allegations and/or the existence of minimum contacts via declaration. *See Stubbs* v. *Wyndham Nassau Resort & Crystal Palace Casino*, 447 F.3d 1357, 1360 (11th Cir. 2006).

"Each defendant's contacts with the forum State must be assessed individually rather than simply viewing them collectively." *Celorio* v. *Google Inc.*, 872 F. Supp. 2d 1327, 1331 (N.D. Fla. 2012). In addition, as this Court has held, "[b]lack-letter law forbids equating a subsidiary with its parent absent extraordinary justification to pierce a corporate veil." *Atmos Nation LLC* v. *Alibaba Grp. Holding Ltd.*, 2016 WL 1028332, at *6 (S.D. Fla. Mar. 15, 2016). Accordingly, "[p]ersonal jurisdiction may be assumed over another corporate entity," which is not present in a forum, "only if the plaintiff can demonstrate (1) that the subsidiary is a mere instrumentality of the parent; and (2) improper conduct." *Id.* (internal quotation marks and citation omitted).

###### B.    Each of Plaintiffs' Theories of Personal Jurisdiction in Florida Fails

The four transferred complaints assert the same three theories of personal jurisdiction. Plaintiffs allege that the Foreign Investor Defendants:  (i) "regularly conducted business in Florida and/or engaged in continuous and systematic activities within Florida"; (ii) "committed tortious acts in the State of Florida"; and (iii) were "co-conspirators" with one or more defendants over which the Court has jurisdiction.  (*See Cabo* Compl. ¶ 27; *Chernavsky* Compl. ¶ 27; *O'Keefe I* Compl. ¶ 9; *O'Keefe II* Compl. ¶ 10.)  None of these theories has merit.

###### 1.    *Defendants Are Not Subject to General Jurisdiction in Florida*

Plaintiffs' allegation that the Foreign Investor Defendants "regularly conducted business in Florida" is a baseless attempt to assert general jurisdiction.

"'A court may assert general jurisdiction over foreign (sister-state or foreign-country) corporations,' without offending due process 'when their affiliations with the State are so "continuous and systematic" as to render them essentially at home in the forum State.'" *Waite* v. *All Acquisition Corp.*, 901 F.3d 1307, 1317 (11th Cir. 2018) (quoting *Goodyear Dunlop Tires Operations, S.A.* v. *Brown*, 564 U.S. 915, 919 (2011)).  The "paradigm all-purpose forums" in which a corporation is at home are its place of incorporation and its principal place of business. *Id.*  Similarly, for limited liability companies, the prevailing rule is that they are subject to general jurisdiction in the state of their formation and where they have their principal place of business. *See, e.g.*, *DC Injury Sols. LLC* v. *Morris Bart, LLC*, 2022 WL 433319, at *2 n.1 (N.D. Ala. Feb. 11, 2022); *Rinaldi* v. *FCA US LLC*, 2022 WL 17340667, at *3 (D.N.J. Nov. 30, 2022).

The Complaint does not allege that any of the Foreign Investor Defendants is "essentially at home in Florida" by having its principal place of business in Florida or being incorporated or formed there.  As demonstrated above, the jurisdictional allegations are close to non-existent.  And that defect cannot be remedied, because in fact, none of the Foreign Investor Defendants is

"essentially at home" in Florida.  (Chan Decl. ¶¶ 18–25; Atherton Decl. ¶¶ 14–22; Graham Decl. ¶¶ 17–24.)  Indeed, the Complaint itself pleads Plaintiffs out of court on this score as to many of the Defendants, by alleging that they are headquartered or incorporated elsewhere.  (*See, e.g.*, AC ¶ 29 (Temasek Holdings is a Singapore entity, and Temasek USA is a Delaware corporation); AC ¶ 34 (SG Capital Holdings is a Delaware limited liability corporation).)[5]

Plaintiffs' general jurisdiction theory thus fails entirely.

### 2.    *The Complaint Does Not Allege that Any of the Foreign Investor Defendants Committed Any Tortious Acts in Florida*

Plaintiffs' "tortious act" theory also fails.  Despite being nearly 200 pages long, the Complaint does not identify a *single* act—much less a tortious act—that any Foreign Investor Defendant committed *in Florida*.  Again, that flaw cannot be fixed, since none of the Foreign Investor Defendants has a substantial presence or operations in Florida.

Although the Complaint purports to allege torts committed by the FTX Group and other defendants, some of them in Florida, those allegations cannot confer specific jurisdiction over any Foreign Investor Defendant.  The Complaint does not and cannot allege that any of the Foreign Investor Defendants "has involvement with the operation of or control over" the FTX Group or any other defendants such that the corporate form should be disregarded.  *Atmos Nation*, 2016 WL 1028332, at *4.  Thus, allegations that *FTX executives*—rather than any of the Foreign Investor Defendants—"focused on formulating and executing FTX's important celebrity partnerships" from Miami (AC ¶ 283), or that FTX "purchased the naming rights to the Miami Heat's waterfront arena" (AC ¶ 45), are irrelevant for conferring personal jurisdiction over Foreign Investor Defendants under this provision of the long-arm statute.

---

[5]    Sino Global, an entity that has not been served, is a Hong Kong entity.  (AC ¶ 34.)

### 3. *Plaintiffs' Conspiracy Theory of Personal Jurisdiction Fails*

Finally, Plaintiffs' theory that the Foreign Investor Defendants are subject to personal jurisdiction in Florida as "co-conspirators" with other defendants based in Florida also fails.

Although Florida's long-arm statute permits the exercise of personal jurisdiction over nonresident defendants for civil conspiracy claims, courts in Florida "will 'decline to apply the co-conspirator theory to extend jurisdiction over nonresidents if the plaintiff fails to plead with specificity any facts supporting the existence of the conspiracy and provides nothing more than vague and conclusory allegations regarding a conspiracy involving the defendants.'" *Oueiss* v. *Al Saud*, 2022 WL 1311114, at *14 (S.D. Fla. Mar. 29, 2022) (quoting *Parisi* v. *Kingston*, 314 So.3d 656, 661 (Fla. 3d DCA 2021)).

In addition, such allegations must satisfy Due Process—a defendant can be haled into court only "based on his own affiliation with the State, not based on the random, fortuitous, or attenuated contacts he makes by interacting with other persons affiliated with the State." *Id.* at *17 (quoting *Walden* v. *Fiore*, 571 U.S. 277, 286 (2014)). Rather, the relationship with the forum "must arise out of the contacts that the defendant *himself* creates with the forum." *Id.* (quoting *Walden*, 571 U.S. at 284). As another court in this District explained: "[I]ncluding a conspiracy claim does not operate as a jurisdictional net which captures all defendants in its embrace. Rather, the Court must examine whether due process permits the exercise of personal jurisdiction over *each* individual defendant based on the actions of *that* defendant." *Basulto* v. *Netflix, Inc.*, 2023 WL 4014741, at *9 (S.D. Fla. May 25, 2023), *R&R adopted*, 2023 WL 5271335 (S.D. Fla. Aug. 16, 2023).

Because Plaintiffs fail to allege any conspiracy with specificity, and fail to allege any defendant-specific contacts with Florida, the Complaint fails on both scores.

*First*, the Complaint does not allege with specificity any facts supporting the existence of a conspiracy between FTX (or any other defendant) and the Foreign Investor Defendants. There

are none of the necessary specific allegations about the nature of the conspiratorial agreement, how and when it was entered into, by whom, and so forth.  As is obvious, and as discussed more fully in Defendants' Rule 12(b)(6) motion to dismiss the conspiracy claim, Plaintiffs have failed to allege an unlawful conspiracy as a matter of law.

*Second*, notwithstanding their conclusory "conspiracy" allegation, Plaintiffs do not allege how any of the Foreign Investor Defendants *themselves* created contacts with Florida, rather than having random, fortuitous, or attenuated contacts created by interacting with other persons affiliated with the state.  Thus, the mere fact that Plaintiffs allege, in *ipse dixit* fashion, that the Foreign Investor Defendants were co-conspirators in a conspiracy with FTX and others is not sufficient to establish personal jurisdiction over them.

## III.   THE FOREIGN INVESTOR DEFENDANTS ARE NOT SUBJECT TO PERSONAL JURISDICTION IN CALIFORNIA

### A.   Legal Standards Governing Personal Jurisdiction in California

"California's long-arm statute allows courts to exercise personal jurisdiction to the full extent permissible under the U.S. Constitution."  *CZ Servs., Inc.* v. *Anthem Ins. Cos.*, 2023 WL 5624273, at *1 (9th Cir. Aug. 31, 2023).  Accordingly, California courts inquire "whether [the exercise of personal jurisdiction] comports with the limits imposed by federal due process."  *Id.* (alterations in original) (citation omitted).  The same due process standards discussed above apply. *Compare Spy Optic, Inc.* v. *AreaTrend, LLC*, 843 F. App'x 66, 67–68 (9th Cir. 2021), *with Waite*, 901 F.3d at 1312.

### B.   Plaintiffs' Theories of Personal Jurisdiction in California All Fail

#### 1.   The O'Keefe II Action

In *O'Keefe II*, one of the transferred California actions, Temasek Holdings is the only Foreign Investor Defendant.  The *O'Keefe II* complaint alleges three theories of personal

jurisdiction over Temasek Holdings.  First, it alleges that there is general personal jurisdiction over Temasek Holdings because its principal place of business is purportedly in California (it is not). (*O'Keefe II* Compl. ¶ 10.)  Second, it alleges that actions transferred under the multidistrict litigation statute, 28 U.S.C. § 1407, "are simply not encumbered by considerations of in personam jurisdiction."  (*Id.*)  Third, it alleges that this Court, as the transferee court, "further independently has personal jurisdiction over Defendants because the Court has jurisdiction over one or more of the co-conspirators of the civil conspiracy alleged herein, and because Defendants regularly conducted business in Florida and/or engaged in continuous and systematic activities within Florida, and committed tortious acts in" Florida.  (*Id.*)  None of these theories are viable.

### (a)      General Jurisdiction

The assertion that there is general personal jurisdiction over Temasek Holdings in California because its principal place of business is there is simply factually incorrect (and contradicted by the Administrative Complaint (AC ¶ 29), which acknowledges that Temasek is based in Singapore).  As discussed above, Temasek Holdings has no presence or operations whatsoever in California.  It is owned by the Singapore Minister for Finance and is based in Singapore.  (Chan Decl. ¶ 2.)

### (b)      "Not Encumbered By" Personal Jurisdiction Considerations

The *O'Keefe II* complaint's assertion that MDL transferee courts "are simply not encumbered by considerations of in personam jurisdiction" is incorrect.  The complaint relies on a cropped quotation from *In re Agent Orange Products Liability Litigation MDL No. 381*, 818 F.2d 145, 163 (2d Cir. 1987), which, in turn, is quoting *In re FMC Corp. Patent Litigation*, 422 F. Supp. 1163, 1165 (J.P.M.D.L. 1976).  The complaint disregards that, in the next sentence, the *Agent Orange* court explains:  "Following a transfer, the transferee judge has all the jurisdiction and powers over pretrial proceedings in the actions transferred to him that the transferor judge would

have had in the absence of transfer."  Thus, *Agent Orange* is consistent with the rule discussed above that considerations of personal jurisdiction *do* apply in MDL actions, but the issue is whether there is jurisdiction in the *transferor* court, not in the transferee court.  *See, e.g.*, *In re Auto. Refinishing Paint Antitrust Litig.*, 358 F.3d at 297 n.11.

### (c)   Independent Jurisdiction in This Court

As just discussed, transferee courts in MDL actions have personal jurisdiction only to the extent there is jurisdiction in the transferor court.  Thus, *O'Keefe II*'s assertion that this Court independently has personal jurisdiction in connection with that California complaint based on theories of personal jurisdiction in Florida is both irrelevant and incorrect.  Those theories can be disregarded.  And in any event, the three theories the complaint asserts as a basis for personal jurisdiction in Florida—(i) co-conspirator jurisdiction; (ii) continuous and systematic activities within Florida (*i.e.*, general jurisdiction); and (iii) tortious acts within Florida—are all wrong, for the reasons discussed above in regard to the transferred Florida actions.  (*See supra* Section II.)

### 2.   The **Cabo** Action

The *Cabo* action, the second action transferred from California, names all four of the Foreign Investor Defendants:  Sino Global, SG Capital Holdings, Temasek Holdings, and Temasek USA.  (*Cabo* Compl. ¶¶  17, 22–23.)  Apparently operating under the same misconception as the plaintiff in *O'Keefe II* that the relevant forum for personal jurisdiction is this Court—the transferee court—it repeats the same three theories of personal jurisdiction *in Florida* as the *O'Keefe II* complaint does: (i) co-conspirator jurisdiction; (ii) continuous and systematic activities within Florida (*i.e.*, general jurisdiction); and (iii) tortious acts within Florida.  (*Cabo* Compl. ¶ 27.)

Again, none of these theories work, for the reasons discussed above.  In addition, even if these allegations are a scrivener's error, and the plaintiffs in *Cabo* intended to make those allegations in regard to *California*, they still fail.

The "conspiracy theory" allegations fail for the same reasons they fail in Florida: the *Cabo* plaintiffs allege no facts supporting the existence of a conspiracy between any of the Foreign Investor Defendants and any other defendant over which there is jurisdiction in California, and they allege no facts showing that any of the Foreign Investor Defendants themselves created contacts with California giving rise to these claims, rather than having random, fortuitous, or attenuated contacts created by interacting with other persons affiliated with the state.

The "general jurisdiction" theory also fails. As discussed above, none of the Foreign Investor Defendants was formed or incorporated in California or has its principal place of business in California. As with Florida, the Complaint is devoid of facts supporting the conclusion that the Foreign Investor Defendants are "essentially at home" in California. And again, Plaintiffs cannot remedy this deficiency—because such facts do not exist. (Chan Decl. ¶¶ 9–17; Atherton Decl. ¶¶ 3–4; Graham Decl. ¶¶ 7–16.)

Finally, the tortious act theory also fails in regard to California. The Complaint does not allege facts showing that any of the Foreign Investor Defendants committed any tortious acts *in California*. The most the *Cabo* complaint alleges is that Sino Global "maintains employees and offices in California, Kentucky and the Bahamas" (*Cabo* Compl. ¶ 22) and that Temasek USA "has a registered California corporate branch in San Francisco, California" (*id.* ¶ 17). Such allegations fail to satisfy Plaintiffs' pleading burden of alleging tortious conduct in California sufficient to sustain jurisdiction.

## CONCLUSION

The claims against the Foreign Investor Defendants should be dismissed for lack of personal jurisdiction.

## REQUEST FOR HEARING

Pursuant to Local Rule 7.1(b)(2), the moving Foreign Investor Defendants respectfully request that the Court hear oral argument on this motion because this case involves a multitude of parties and important legal issues.  The Foreign Investor Defendants believe oral argument would further the Court's understanding of the personal jurisdiction issues, and submit that thirty minutes will be sufficient to argue the issues presented.

## CERTIFICATE OF GOOD FAITH CONFERENCE

Pursuant to Local Rule 7.1, the undersigned counsel has conferred with counsel for the Plaintiffs in a good faith effort to resolve the issues presented by this motion.  The parties were unable to resolve the issues.

Dated:  September 22, 2023
      Miami, Florida

Respectfully submitted,

FRIDMAN FELS & SOTO, PLLC

By: _/s/ Adam S. Fels_

Adam S. Fels, Florida Bar No. 0114917
150 Alhambra Circle
Suite 715
Coral Gables, Florida 33134
Telephone:  (305) 569-7701
Email:  afels@ffslawfirm.com

      - and

Brad S. Karp, *pro hac vice* pending
Andrew J. Ehrlich, *pro hac vice* pending
Nina M. Kovalenko, *pro hac vice* pending
PAUL, WEISS, RIFKIND,
  WHARTON & GARRISON LLP
1285 Avenue of the Americas
New York, New York 10019
Telephone:  (212) 373-3000
Facsimile:  (212) 757-3990
Email:  bkarp@paulweiss.com
      aehrlich@paulweiss.com
      nkovalenko@paulweiss.com

*Attorneys for Defendants Temasek Holdings (Private) Ltd. and Temasek International (USA) LLC*

By: _/s/ Jason P. Gottlieb_
Jason P. Gottlieb
Michael Mix
Vani Upadhyaya
MORRISON COHEN LLP
909 Third Avenue
New York, New York 10022
Telephone: (212) 735-8600
Email: jgottlieb@morrisoncohen.com
      mmix@morrisoncohen.com
      vupadhyaya@morrisoncohen.com

*Counsel for Defendant Sino Global Capital Holdings, LLC*

17

## **CERTIFICATE OF SERVICE**

I hereby certify that on this 22nd day of September 2023, I e-filed the foregoing document using the Court's CM/ECF system, which will send a notice of electronic filing to all counsel of record.

*/s/ Adam S. Fels*