**IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA, MIAMI DIVISION**

Case No. 1:23-md-03076-KMM

**IN RE:**

**FTX Cryptocurrency Exchange Collapse Litigation**

THIS DOCUMENT RELATES TO:

*O'Keefe* v. *Sequoia Capital Operations, LLC, et al.*, No. 23-cv-20700 (S.D. Fla.)

*O'Keefe* v. *Temasek Holdings (Private) Limited, et al.*, Case No. 1:23-cv-23065 (S.D. Fla.)

*Chernyavsky, et al.* v. *Temasek Holdings (Private) Limited, et al.*, Case No. 1:23-cv-22960 (S.D. Fla.)

*Cabo, et al.* v. *Temasek Holdings (Private) Limited, et al.*, Case No. 3:23-cv-23212 (S.D. Fla.)

**TEMASEK HOLDINGS (PRIVATE) LIMITED'S MOTION TO DISMISS
THE [CORRECTED] ADMINISTRATIVE CLASS ACTION COMPLAINT
FOR INSUFFICIENT SERVICE OF PROCESS
AND INCORPORATED MEMORANDUM OF LAW**

Defendant Temasek Holdings (Private) Limited ("Temasek Holdings") respectfully submits this motion to dismiss the "[Corrected] Administrative Class Action Complaint and Demand for Jury Trial: Multinational VC Defendants" (the "Complaint" or "Compl.") (Dkt. No. 182) for insufficient process pursuant to Rule 12(b)(5) of the Federal Rules of Civil Procedure and incorporated memorandum of law.[1]

## PRELIMINARY STATEMENT

Temasek Holdings is a limited company wholly owned by the Singapore Minister for Finance and based in Singapore. Plaintiffs have not properly served Temasek Holdings. The only purported service was on a company that is the registered agent for a U.S. subsidiary of Temasek Holdings, but is not an agent for Temasek Holdings itself, and on that U.S. subsidiary. Counsel for Temasek Holdings advised Plaintiffs' counsel of this, but Plaintiffs have not remedied the defect. The Complaint against Temasek Holdings should therefore be dismissed for lack of proper service.

## BACKGROUND

As Plaintiffs acknowledge (Compl. ¶ 29), Temasek Holdings is an investment company owned by the Singapore Minister for Finance and based in Singapore. (Declaration of Belinda Chan Hian Wun ¶ 2.) Temasek International (USA) LLC ("Temasek USA") is an indirect, wholly owned subsidiary of Temasek Holdings with offices in the United States and incorporated in Delaware, which operates as a separate company from Temasek Holdings, its ultimate parent. (*Id.* ¶¶ 17, 26.) Temasek Holdings does not maintain an agent for service of process in either California or Florida. (*Id.* ¶¶ 15, 24.)

---

[1] Without waiver of its position that it has not been served, Temasek Holdings is also moving to dismiss for lack of personal jurisdiction, and joins the Multinational VC Defendants' separate motion to dismiss the Complaint pursuant to Rule 12(b)(6).

1

Four underlying complaints in this MDL purport to name Temasek Holdings as a defendant. The first, *O'Keefe* v. *Sequoia Capital Operations, LLC*, No. 1:23-cv-20700 (S.D. Fla.) ("*O'Keefe I*"), was filed on February 22, 2023. Following the creation of this MDL, Plaintiffs filed a duplicative complaint against Temasek Holdings and other defendants in California on July 24, 2023, captioned as *O'Keefe* v. *Temasek Holdings (Private) Limited, et al.*, Case No. 3:23-cv-3655 (N.D. Cal.) ("*O'Keefe II*"). On August 7, 2023, Plaintiffs filed new complaints against Temasek Holdings and other defendants in this Court—*Chernyavsky* v. *Temasek Holdings (Private) Limited*, No. 1:23-cv-22960 (S.D. Fla.), and *Cabo* v. *Temasek Holdings (Private) Limited*, No. 1:23-cv-23212 (S.D. Fla.).

Plaintiff in *O'Keefe I* filed a purported proof of service on Temasek Holdings on March 3, 2023, stating that service was purportedly made by delivering the summons to CSC, a company that provides registered agent services, in Wilmington, Delaware. (Proof of Service, *O'Keefe I*, Dkt. No. 12.) Predecessor counsel for Temasek Holdings told Plaintiffs' counsel orally and in writing on March 9, 2023, that CSC is <u>not</u> a registered agent for Temasek Holdings.[2] Nevertheless, on August 1, Plaintiffs filed a purported proof of service in *O'Keefe II* stating that Temasek Holdings was served through CSC's office in Sacramento, California. (Proof of Service, *O'Keefe II*, Dkt. No. 14.) On August 21, Plaintiffs filed a proof of service in *Cabo*—which inaccurately refers to Temasek Holdings as a "domestic corporation"—purporting to have served Temasek Holdings by serving an

---

[2] On March 9, 2023, predecessor counsel for Temasek Holdings offered to accept service of *O'Keefe I*, when it was the only action pending. Plaintiffs did not follow up for months on obtaining an executed waiver, thereby demonstrating their lack of diligence in serving process. *See Lepone-Dempsey* v. *Carroll Cnty. Comm'rs*, 476 F.3d 1277, 1281–82 (11th Cir. 2007).

By the time Plaintiffs followed up, Mr. O'Keefe had filed *O'Keefe II*, which purports to assert <u>precisely</u> the same claims, on behalf of the same plaintiff, just in a different federal judicial district (namely the Northern District of California). This is patently improper. *Vanover* v. *NCO Fin. Servs., Inc.*, 857 F.3d 833, 841 (11th Cir. 2017) (holding that plaintiffs "may not file duplicative complaints in order to expand their legal rights" (citation omitted)). Counsel for Temasek Holdings stated that it would stand by its offer to accept service if Mr. O'Keefe selected a single district in which to pursue his claims. To date, Mr. O'Keefe has refused and purports to pursue identical claims filed in two different federal districts.

individual at the New York office of Temasek USA, which, as discussed above, is a legally distinct subsidiary. Plaintiffs did not file a proof of service in the *Chernyavsky* action or in this Action.

## ARGUMENT

**I.  THE COMPLAINT AGAINST TEMASEK HOLDINGS SHOULD BE DISMISSED FOR LACK OF SERVICE**

Rule 12(b)(5) of the Federal Rules of Civil Procedure provides for dismissal for insufficient service of process. When service is challenged, the plaintiff bears the burden of establishing sufficiency of service. *Winston* v. *Walsh*, 829 F. App'x 448, 450 (11th Cir. 2020).

Plaintiffs have not properly served Temasek Holdings. The purported service of *O'Keefe I* and *O'Keefe II* through CSC was ineffective because CSC is not a registered agent for Temasek Holdings. The purported service of *Cabo* on Temasek USA was also ineffective, because it is "hornbook law that service of process on a subsidiary does not constitute service on a parent corporation." *Republic of Guatemala* v. *IC Power Asia Dev. Ltd.*, 619 F. Supp. 3d 421, 431 (S.D.N.Y. 2022). And Plaintiffs have not even purported to serve *Chernyavsky* or the Master Action.

To properly serve Temasek Holdings, Plaintiffs would have to comply with the requirements for service on a foreign corporation under Rule 4(f) and (h)(2) of the Federal Rules of Civil Procedure.[3] Plaintiffs have not even attempted to do so.

## CONCLUSION

The Court should dismiss the Complaint against Temasek Holdings for insufficient service.

---

[3]  The methods available for serving process on a Singapore company are discussed in *Ganpat* v. *Eastern Pacific Shipping, PTE, LTD.*, 553 F. Supp. 3d 324, 332 (E.D. La. 2021).

## CERTIFICATE OF GOOD FAITH CONFERENCE

Pursuant to Local Rule 7.1, the undersigned counsel has conferred with counsel for the Plaintiffs in a good faith effort to resolve the issues presented by this motion. The parties were unable to resolve the issues.

Dated:  September 22, 2023

Respectfully submitted,

FRIDMAN FELS & SOTO, PLLC

By: /s/ *Adam S. Fels*

Adam S. Fels, Florida Bar No. 0114917
150 Alhambra Circle
Suite 715
Coral Gables, Florida 33134
Telephone:  (305) 569-7701
Email:  afels@ffslawfirm.com

- and

Brad S. Karp, *pro hac vice* pending
Andrew J. Ehrlich, *pro hac vice* pending
Nina M. Kovalenko, *pro hac vice* pending
PAUL, WEISS, RIFKIND,
  WHARTON & GARRISON LLP
1285 Avenue of the Americas
New York, New York 10019
Telephone: (212) 373-3000
Facsimile: (212) 757-3990
Email:  bkarp@paulweiss.com
          aehrlich@paulweiss.com
          nkovalenko@paulweiss.com

*Attorneys for Defendant Temasek Holdings (Private) Limited*

5

**CERTIFICATE OF SERVICE**

    I hereby certify that on this 22nd day of September 2023, I e-filed the foregoing document using the Court's CM/ECF system, which will send a notice of electronic filing to all counsel of record.

                                                           */s/ Adam S. Fels*