IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA, MIAMI DIVISION
Case No. 1:23-md-03076-KMM

**IN RE:**

**FTX Cryptocurrency Exchange Collapse Litigation**

This Document Relates To:

*Chernyavsky, et al.* v. *Temasek Holdings (Private) Limited, et al.*
Case No. 1:23-cv-22960 (S.D. Fla.)

*Cabo, et al.* v. *Temasek Holdings (Private) Limited, et al.*
No. 1:23-cv-23212 (S.D. Fla.)
_____ /

**SINO GLOBAL CAPITAL HOLDINGS, LLC'S MOTION TO DISMISS THE
[CORRECTED] ADMINISTRATIVE CLASS ACTION COMPLAINT
<u>FOR INSUFFICIENT SERVICE OF PROCESS</u>**

## **TABLE OF CONTENTS**

PRELIMINARY STATEMENT ................................................................................................ 1

ARGUMENT .................................................................................................................................. 2

    A.   Plaintiffs have failed to serve the operative Complaint. ....................................... 2

    B.   Plaintiffs have failed to effectuate service on Sino Global. ................................. 2

CONCLUSION............................................................................................................................... 3

## TABLE OF AUTHORITIES

Page(s)

**FEDERAL CASES**

*Gelboim v. Bank of Am. Corp.*,
   574 U.S. 405 (2015) ................................................................................................................2

*Laltitude, LLC v. Freshetech, LLC*,
   2022 WL 14636889 (M.D. Fla. Oct. 24, 2022) ........................................................................2

*Murphy Bros. v. Michetti Pipe Stringing, Inc.*,
   526 U.S. 344 (1999) ................................................................................................................3

*In re Takata Airbag Prod. Liab. Litig.*,
   379 F. Supp. 3d 1333 (S.D. Fla. 2019) ....................................................................................2

*In re Trasylol Products Liability Litigation-MDL-1928*,
   2011 WL 5529934 (S.D. Fla. July 21, 2011) ..........................................................................2

**STATUTES & RULES**

Fed. R. Civ. P. 4 ............................................................................................................................2

Fed. R. Civ. P. 12(b)(5) ..............................................................................................................1, 2

Sino Global Capital Holdings, LLC respectfully submits this motion to dismiss the [Corrected] Administrative Class Action Complaint (Dkt. #182) (the "Complaint") pursuant to Rule 12(b)(5) of the Federal Rules of Civil Procedure due to insufficient service of process.[1]

## PRELIMINARY STATEMENT

The Complaint aggregates allegations of four transferred actions.[2]  Plaintiffs initially named as a defendant Sino Global Capital Limited ("Sino Global"), which Plaintiffs allege is a venture capital firm headquartered in Hong Kong.  Complaint ¶ 34.  In two of those transferred actions,[3] and in the Complaint, Plaintiffs also named a separate, unrelated entity, Sino Global Capital Holdings, LLC ("SG Capital Holdings"), *id.* – although there is no other mention in the entire Complaint about it.

Plaintiffs have utterly failed to serve, or even attempted to serve, Sino Global with *any* documents, and counsel for Plaintiffs have confirmed that they have not served Sino Global (Dkt. #280).  All purported service has been on SG Capital Holdings, through its registered agent CSC.[4] But even Plaintiffs' sloppy attempts to effectuate service of process on SG Capital Holdings fail

---

[1] Sino Global Capital Holdings, LLC also joins the Multinational VC Defendants' separate motion to dismiss the Complaint pursuant to Rule 12(b)(6), and the Foreign Investor Defendants' separate motion to dismiss the Complaint pursuant to Rule 12(b)(2).

[2] *O'Keefe* v. *Sequoia Capital Operations, LLC,* No. 23-cv-20700 (S.D. Fla.) ("*O'Keefe I*"); *Chernyavsky* v. *Temasek Holdings (Private) Limited*, No. 23-cv-22960 (S.D. Fla.); *O'Keefe* v. *Temasek Holdings (Private) Limited*, No. 1:23-cv-23065 (S.D. Fla.) ("*O'Keefe II*"); *Cabo* v. *Temasek Holdings (Private) Limited*, No. 1:23-cv-23212 (S.D. Fla.).

[3] *Chernyavsky* v. *Temasek Holdings (Private) Limited*, No. 23-cv-22960 (S.D. Fla.); *Cabo* v. *Temasek Holdings (Private) Limited*, No. 1:23-cv-23212 (S.D. Fla.).

[4] Plaintiffs purported to effectuate service on SG Capital Holdings through CSC of the following documents: (1) on August 11, 2023, a Notice regarding tag-along actions; (2) on August 14, 2023 and August 16, 2023, the *Cabo v. Temasek Holdings (Private) Limited*, No. 23-cv-03974 (N.D. Cal.) Complaint; (3) on August 16, 2023, the *Chernyavsky v. Temasek Holdings (Private) Limited*, No. 23-cv-22960 (S.D. Fla.) Complaint; and (4) on August 16, 2023, a Notice of Filing of Conditional Transfer Order.  *See* Declaration of Matthew Graham, dated September 22, 2023 ("Graham Decl."), ¶¶ 2-5.

because Plaintiffs have not served the operative Complaint in this action. The Complaint should be dismissed against SG Capital Holdings. Sino Global has not been served, has no obligation to respond to the Complaint, and thus is not a movant.

## ARGUMENT

Under Fed. R. Civ. P. 12(b)(5), a case may be dismissed for insufficient service of process if the defendant is not served in accordance with F.R.C.P. 4. *Laltitude, LLC v. Freshetech, LLC*, 2022 WL 14636889 (M.D. Fla. Oct. 24, 2022). After the defendant satisfies its initial burden of challenging the sufficiency of service, the burden shifts to the plaintiff to prove a *prima facie* case of proper service of process. *Id.*

### A. Plaintiffs have failed to serve the operative Complaint.

The Complaint (Dkt. #182) in this multi-district litigation serves as the operative pleading, and has not been served on Sino Global. *See Gelboim v. Bank of Am. Corp.*, 574 U.S. 405 (2015) (finding that the master MDL complaint supersedes prior pleadings); *In re Takata Airbag Prod. Liab. Litig.*, 379 F. Supp. 3d 1333 (S.D. Fla. 2019) ("Multidistrict litigation (MDL) court would treat consumers' complaints filed in MDL as operative pleadings, rather than complaints filed in other district courts that were transferred to MDL court for consolidation").

Plaintiffs attempted to effectuate service on SG Capital Holdings with only the complaints in two of the transferred actions, and various notices of transfer, but *not* the operative Complaint as amended and filed pursuant to this Court's order. (Graham Decl. ¶¶ 2-6.) Lack of service of the operative pleading alone warrants dismissal. *See In re Trasylol Products Liability Litigation-MDL-1928*, 2011 WL 5529934 (S.D. Fla. July 21, 2011).

### B. Plaintiffs have failed to effectuate service on Sino Global.

Under Rule 4, to serve a foreign corporation that is not within any judicial district of the United States, service must be accomplished "by any internationally agreed means reasonably

calculated to give notice, such as those means authorized by the Hague Convention..." *See* Fed. R. Civ. P. 4(f)(1); 4(h)(2).  Absolutely no attempts have been made to serve Sino Global – whether at its Hong Kong headquarters, or anywhere in the United States.  Plaintiffs do not allege that they have served Sino Global, have filed no proof of service of any documents as to Sino Global, and even recently filed a motion for alternate service, effectively conceding that they have not served Sino Global (Dkt. #280).  Sino Global thus has no obligation to respond to the Complaint.  *See Murphy Bros. v. Michetti Pipe Stringing, Inc.*, 526 U.S. 344, 347 (1999) ("an individual or entity named as a defendant is not obliged to engage in litigation unless notified of the action, and brought under a court's authority, by formal process.").

## CONCLUSION

For the foregoing reasons, the claims against Sino Global Capital Holdings, LLC should be dismissed for insufficient service of process.

Dated:  September 22, 2023

## CERTIFICATE OF GOOD FAITH CONFERENCE

Pursuant to Local Rule 7.1, counsel for the Multinational VC Defendants conferred with counsel for the Plaintiffs in a good faith effort to resolve the issues presented by this motion. The parties were unable to resolve the issues.

Dated: September 22, 2023

                                                               */s/ Jason P. Gottlieb*
                                                               Jason P. Gottlieb
                                                               Michael Mix
                                                               Vani Upadhyaya
                                                               MORRISON COHEN LLP
                                                               909 Third Avenue
                                                               New York, New York 10022
                                                               Telephone: (212) 735-8600
                                                               Email: jgottlieb@morrisoncohen.com
                                                                                    mmix@morrisoncohen.com
                                                                                    vupadhyaya@morrisoncohen.com

                                                           *Counsel for Defendant Sino Global Capital Holdings, LLC*

## **CERTIFICATE OF SERVICE**

I hereby certify that on this 22nd day of September, 2023, I e-filed a true and correct copy of the foregoing document using the Court's CM/ECF system, which will send a notice of electronic filing to all counsel of record.

*/s/ Jason P. Gottlieb*