**IN THE UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**
**MIAMI DIVISION**
MDL No. 3076
Case No. 1:23-md-03076-KMM

**IN RE:**

**FTX Cryptocurrency Exchange Collapse Litigation**

This Document Relates To:

*Garrison v. Bankman-Fried*,
Case No. 22-cv-23753-KMM

*Garrison v. Ohtani*,
No. 23-cv-23064-KMM

*Garrison v. Golden State Warriors, LLC*,
No. 23-cv-23084-KMM

*Norris v. Brady*,
No. 23-cv-20439-KMM

_____/

**THE SPORTS & ENTERTAINER DEFENDANTS'**
**MOTION TO EXTEND DISCOVERY STAY**

Discovery in this action is currently stayed. ECF No. 152 ("Stay Order"). The Court authorized Plaintiffs to seek to lift the stay after September 19, 2023. *Id.* They have not done so, which confirms discovery remains stayed. Nonetheless, in accordance with the Court's Stay Order, and consistent with the *Government's Motion to Stay* (ECF No. 247) filed by the United States Attorney for the Southern District of New York, the Sports & Entertainer Defendants respectfully request that the Court expressly extend the existing stay of all discovery in the action against them until their motions to dismiss the *[Corrected] Administrative Class Action Complaint and Demand for Jury Trial – Promoters and Digital Creator Defendants* ("CAC"; ECF No. 179) have been adjudicated. Discovery should not go forward unless and until the Court finds that Plaintiffs have stated a claim upon which relief can be granted.

All of the reasons to stay discovery set forth in the S&E Defendants' *Renewed Motion to Stay Discovery* (ECF No. 124), incorporated by reference herein, remain applicable. This proceeding is still exactly the type of case where a stay of discovery pending rulings on case-dispositive motions to dismiss is warranted: one raising novel, unfounded claims in unquestionably costly litigation against multiple defendants. *See Chudasama v. Mazda Motor Corp.*, 123 F.3d 1353, 1368 (11th Cir. 1997) ("Facial challenges to the legal sufficiency of a claim … should … be resolved before discovery begins.").

The reasons that warranted the existing stay have been buttressed by the *Government's Motion to Stay*, which seeks to stay all discovery so as to not interfere with the criminal prosecution of Defendant Sam Bankman-Fried, on whom the central blame for the FTX implosion relies. *See Government's Motion to Stay* at 6[1] (summarizing the indictment counts against Bankman-Fried); *see also Renewed Motion to Stay* at 7-8 (noting the criminal proceedings arising from the fact that

---

[1] Page references are to the ECF "Page" numbering in the file stamps at the top of the documents.

"every FTX Insider Defendant is either subject to criminal investigation or has already pled guilty for the massive fraud that was FTX" as one of the many bases to stay discovery).

In addition, while the S&E Defendants were forced by procedural circumstances to address what they *expected* the claims brought against them to be in the CAC at the time of the *Renewed Motion to Stay*, now the Court has both the CAC and the S&E Defendants' motions to dismiss before it. *See* ECF Nos. 268, 270-75, 277-79. As expected, Plaintiffs' allegations in the CAC have not materially changed; once again, Plaintiffs allege only that the S&E Defendants participated in routine and generic advertising efforts that neither mentioned any alleged securities nor included fraudulent or deceptive statements. This underscores the core truth stated in the *Renewed Motion to Stay*:

> FTX's downfall was caused by the secret machinations of a small handful of "FTX Insider Defendants," who lied to Congress, auditors, regulators, investors, and customers across-the-board in committing their multi-billion-dollar fraud. That massive fraud, in which the S&E Defendants had no alleged (or actual) role, renders Plaintiffs' core theory not only novel – which alone would warrant a stay of discovery – but exceedingly implausible.

*Id.* at 4. The *Government's Motion to Stay* further recognizes this reality, pointing out that "the Indictment in the Criminal Action alleges that some of these groups [of defendants in the MDL], notably the investors," which include certain of the S&E Defendants, "were victims of the fraudulent scheme rather than being liable for it." *Id.* at 5. And, the S&E Defendants' motions to dismiss show why this reality – as pled by Plaintiffs themselves – cannot give rise to any viable claim against any S&E Defendant. *See, e.g.*, ECF No. 271 at 13 ("Despite more than 850 paragraphs of allegations totaling 312 pages, Plaintiffs still fail to plausibly allege causation—or, indeed, the elements of any of their claims. Plaintiffs do not allege any Movant ever mentioned either of FTX's alleged unregistered securities, YBAs or FTT.").

Notably, Plaintiffs do not oppose the Government's motion to stay the claims against the FTX Insiders, but do oppose the request with respect to all of their other claims. *See Government's*

*Motion to Stay* at 3-4. But, Plaintiffs have never provided any legitimate ground to allow them to take discovery until they have actually stated a claim. *See generally Reply in Support of the Sports & Entertainer Defendants' Renewed Motion to Stay Discovery* (ECF No. 149).

As has been true since Plaintiffs first filed their claims against the S&E Defendants, this is an action fishing for a non-existent legal theory to blame the S&E Defendants for FTX's implosion. Only if Plaintiffs can show the existence of such a theory – and the S&E Defendants' motions to dismiss show they cannot – could Plaintiffs be entitled to engage in discovery. Accordingly, the existing discovery stay should remain in place and be lifted only in the event Plaintiffs meet their burden of showing that they can state a viable claim against any of the S&E Defendants.

WHEREFORE, the S&E Defendants respectfully request that the Court extend the existing discovery stay through the adjudication of their motions to dismiss and grant them such other and further relief as the Court deems just and proper.

## Local Rule 7.1(a)(3) Certification

At the Initial Conference on June 21, 2023, Plaintiffs' counsel stated that they oppose a discovery stay, *see* Tr. at 31-33, in response to which the Court ordered the S&E Defendants to move to stay discovery within 21 days of the Initial Conference, *see* ECF 61. The *Government's Motion to Stay* (filed Sept. 16, 2023) re-confirms Plaintiffs' position that discovery – except as to the FTX insider defendants – should not be stayed. *See id.* at 3-4. Finally, on September 26, 2023, Zachary Lipshultz, Esq., counsel for certain of the S&E Defendants, conferred by e-mail with Plaintiffs' counsel with respect to the S&E Defendants' request and was informed that Class Counsel oppose a blanket stay.

Dated: September 26, 2023

Respectfully submitted,

**COLSON, HICKS, EIDSON, P.A.**
255 Alhambra Circle, Penthouse
Coral Gables, Florida 33134
(305) 476-7400

By: */s/ Roberto Martínez*
    Roberto Martínez
    Florida Bar No. 305596
     *bob@colson.com*
    Stephanie A. Casey
    Florida Bar No. 97483
     *scasey@colson.com*
    Zachary Lipshultz
    Florida Bar No. 123594
     *zach@colson.com*

*Attorneys for Defendants Thomas Brady, Gisele Bündchen, Lawrence Gene David, Shaquille O'Neal, Golden State Warriors, LLC, and Naomi Osaka*

**LATHAM & WATKINS LLP**
  Andrew B. Clubok (*pro hac vice*)
   *andrew.clubok@lw.com*
  Susan E. Engel (*pro hac vice*)
   *susan.engel@lw.com*
  Brittany M.J. Record (*pro hac vice*)
   *brittany.record@lw.com*
555 Eleventh Street, N.W., Suite 1000
Washington, D.C. 20004-1304
Tel: +1.202.637.2200
Fax: +1.202.637.2201

**LATHAM & WATKINS LLP**
  Marvin S. Putnam (*pro hac vice*)
   *marvin.putnam@lw.com*
  Jessica Stebbins Bina (*pro hac vice*)
   *jessica.stebbinsbina@lw.com*
  Elizabeth A. Greenman (*pro hac vice*)
   *elizabeth.greenman@lw.com*
10250 Constellation Blvd., Suite 1100
Los Angeles, California 90067
Tel: +1.424.653.5500
Fax: +1.424.653.5501

**LATHAM & WATKINS LLP**
  Michele D. Johnson (*pro hac vice*)
   *michele.johnson@lw.com*
650 Town Center Drive, 20th Floor
Costa Mesa, California 92626-1925
Tel: +1.714.540.1235
Fax: +1.714.755.8290

*Attorneys for Defendants Thomas Brady, Gisele*

- 4 -

*Bündchen, Lawrence Gene David, and Shaquille O'Neal*

**GIBSON, DUNN & CRUTCHER LLP**

Matthew S. Kahn (*pro hac vice*)
 MKahn@gibsondunn.com
Michael J. Kahn (*pro hac vice*)
 MJKahn@gibsondunn.com
555 Mission Street, Suite 3000
San Francisco, CA 94105-0921
Phone: 415.393.8200

Michael Dore (*pro hac vice*)
 MDore@gibsondunn.com
Jamila MacEbong (*pro hac vice*)
 JMacEbong@gibsondunn.com
333 South Grand Avenue
Suite 4600
Los Angeles, CA 90071-3197
Phone: 213.229.7155

*Attorneys for Defendants Golden State Warriors, LLC and Naomi Osaka*

**AKERMAN LLP**
350 East Las Olas Boulevard – Suite 1600
Ft. Lauderdale, FL 33301
Tel.: 954-463-2700
Fax: 954-468-2454

By: */s/ Christopher S. Carver*
    Christopher S. Carver, Esq.
    Florida Bar No. 993580
    *christopher.carver@akerman.com*
    Jason S. Oletsky, Esq.
    Florida Bar No. 9301
    *jason.oletsky@akerman.com*
    Katherine A Johnson, Esq.
    Florida Bar No. 1040357
    *katie.johnson@akerman.com*

*Attorneys for Defendants Udonis Haslem and David Ortiz*

**WEIL, GOTSHAL & MANGES LLP**

By: */s/ Edward Soto*
    Edward Soto (FBN 0265144)
     *edward.soto@weil.com*
    1395 Brickell Avenue, Suite 1200
    Miami, FL 33131-3368
    Tel.: (305)-577-3100

*Attorney for Defendant Shohei Ohtani*

**McDERMOTT WILL & EMERY LLP**
333 SE 2nd Ave., Suite 4500
Miami, Florida 33131
Telephone: (212) 547-5768
Facsimile: (305) 347-6500

By: */s/ Nathan Bull*
    Nathan Bull (Fla. Bar No. 1029523)
    *nbull@mwe.com*

**McDERMOTT WILL & EMERY LLP**
  Jason D. Strabo (*pro hac vice*)
   *jstrabo@mwe.com*
  Ellie Hourizadeh (*pro hac vice*)
   *ehourizadeh@mwe.com*
2049 Century Park East, Suite 3200
Los Angeles, CA 90067
Telephone: (310) 788-4125
Facsimile: (310) 277-4730

**McDERMOTT WILL & EMERY LLP**
  Sarah P. Hogarth (*pro hac vice*)
   *shogarth@mwe.com*
500 North Capitol Street NW
Washington, DC 20001
Telephone: (202) 756-8354
Facsimile: (202) 756-8087

*Attorneys for Defendant Stephen Curry*

**MARCUS NEIMAN RASHBAUM
& PINEIRO LLP**
100 Southeast Third Avenue, Suite 805
Fort Lauderdale, Florida 33394
Tel: (954) 462-1200

2 South Biscayne Blvd., Suite 2530
Miami, Florida 33131
Tel: (305)-400-4260

By: */s/ Jeffrey Neiman*
    Jeffrey Neiman
    Fla Bar. No. 544469
     *jneiman@mnrlawfirm.com*
    Jeffrey Marcus
    Fla. Bar No. 310890
     *jmarcus@mnrlawfirm.com*
    Michael Pineiro
    Fla. Bar No. 041897
     *mpineiro@mnrlawfirm.com*
    Brandon Floch
    Fla. Bar No. 125218
     *bfloch@mnrlawfirm.com*

- 6 -

**BERK BRETTLER LLP**
9119 Sunset Boulevard
West Hollywood, CA 90069
Tel.: (310) 278-2111
Andrew B. Brettler (*pro hac vice*)
  *abrettler@berkbrettler.com*

*Attorneys for Defendant Kevin O'Leary and
Solomid Corporation*