UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MDL No. 3076
CASE NO. 1:23-md-03076-KMM

IN RE:

FTX Cryptocurrency Exchange Collapse MDL Litigation

_____

THIS DOCUMENT RELATES TO:

All Actions
_____/

**MDL CO-LEAD COUNSELS' RESPONSE TO GOVERNMENT'S MOTION TO STAY, AND CROSS-MOTION TO STAY PENDING COMPLETION OF DEFENDANT'S CRIMINAL TRIAL**

After weeks of discussion and negotiations, Co-Lead Counsel in this MDL respectfully requests that the Court grant both the Government's Request, [ECF No. 247], and Defendant Sam Bankman-Fried's ("SBF") Request [ECF No. 241], [hereafter the "Movants"] requesting this Court stay all litigation in this MDL, just until conclusion of the upcoming criminal trial against SBF, which starts next week in the Southern District of New York (Case No. 22-cr-00673).

Class Counsel also respectfully request this Court grant Lead Counsel leave to serve one third-party subpoena for documents to Special Counsel for the FTX Debtor Entities in the Bankruptcy Proceedings for access to the FTX Database, which they have already created and maintained, and which they have already granted access to counsel for SBF, the Government, and full access the past six months to the team of many lawyers working for the FTX Debtor Entities. The Movants have stated that they do not oppose this specific Relief.

Co-Lead Counsel further respectfully requests the Court stay this MDL litigation in its entirety (not *just* discovery) —also including briefing on the 28 pending Motions to Dismiss, *see* ECF Nos. 262–268, 270–279, 281–283, 296–303 (the "Motions to Dismiss") — just pending the

completion of the SBF criminal trial, which is only scheduled to last between four to six weeks. Class Counsel respectfully makes this request based on following *six* important grounds:

*First*, Plaintiffs have been conferring with the Government and SBF for well over a month, regarding their request for a brief stay of these MDL proceedings, pending completion of the SBF criminal trial, which will begin next week. It is clear that the Government and SBF officially moved this Court to stay this MDL, only after it became clear that the SBF criminal trial would, in fact, proceed (and not otherwise be continued or resolved by a plea), and Co-Lead Counsel file this response in advance of the deadline, in order to amicably resolve this issue expeditiously.

*Second*, Co-Lead Counsel has confirmed that SBF's upcoming criminal trial will include the presentation of a litany of important evidence, specifically regarding the fraudulent FTX scheme and all of the crucial players, such as the "banks, auditors, promoters, attorneys, and investors in FTX," who were all allegedly involved in perpetrating this unprecedented fraud on the putative Class Members they seek to represent. ECF No. 247 at 3. As the Government specifically explains, "[t]he conduct of many if not all of these groups [the FTX Defendants in this MDL] is also at issue in the Criminal Action," *id.*, and thus the trial will raise information that will be crucial for the Parties to use in this litigation, both for supporting the claims and potentially necessitating additional amendments to add or remove claims or parties to these proceedings. The Government makes clear that "virtually all of the same documents and other evidence that would be used by the plaintiffs to prove their [MDL] case would also be used to prove aspects of the Government's case," and the evidence it will proffer at SBF's trial will be so extensive that it "probably will reduce, if not eliminate, the need for discovery in the civil proceedings." *Id.*, at 11–12.

***Third,*** Co-Lead Counsel has been informed that one of SBF's primary legal defenses will be a "reliance on counsel" defense, and will thus include a wealth of vital evidence and information, regarding all of the specific lawyers that were involved in advising him, the FTX Entities and FTX Insiders, including current MDL Defendant Fenwick & West, as well as other non-parties (*at this stage* of the MDL), such as the law firm of Sullivan & Cromwell. While hundreds of newspaper accounts have reported the specific activities of many counsel for FTX both ***pre*** and ***post*** FTX Bankruptcy, the actual documents/emails evidencing this conduct is currently within the possession of the FTX Debtor Entities in the Bankruptcy Proceedings. Those counsel have yet to share such databases with Co-Lead Counsel.[1]

There is certainly no dispute that in order for the Government to prepare its prosecution, and for SBF to prepare his defense, both teams of lawyers worked extensively for many months, with counsel for the FTX Debtor Entities in the Bankruptcy Proceedings, who have already spent countless hours—amounting to almost tens of millions of dollars in costs and fees ***per month*** (which are being paid directly from funds the FTX Debtor Entities are entrusted to maintain for the benefit of all FTX victims) — carefully indexing, reviewing and producing those materials to those counsel. Those materials that are relevant to the claims at issue in SBF's trial are certainly relevant in this MDL litigation. Moreover, it is important to note that, to date, Counsel for the FTX

---

[1] Co-Lead Counsel of course, make no conclusions regarding ***any*** arguments, raised by ***any*** of the FTX parties, but as appointed MDL Co-Lead Counsel for all FTX victims, we believe it is our duty to at least review and analyze such claims and all available documents. Moreover, Co-Lead Counsel respectfully suggest that the MDL Plaintiffs should certainly not be the only parties in these related FTX proceedings required to litigate their claims, ***without*** the benefit of the millions of pages of documents within the database compiled and maintained by counsel for the FTX Debtor Entities, all gathered from the FTX Debtor Entities. Co-Lead Counsel will certainly continue all such discussions with the FTX Debtor Entities' Counsel and will seek the necessary involvement of the Court if and when those efforts are not successful.

Debtor Entities, however, have refused to similarly share any of these FTX materials with Co-Lead Counsel, although we have requested access to such crucial information.

This is particularly important given that, despite Co-Lead Counsel's best efforts to commence and conduct discovery since these actions were filed, the MDL Defendants requested that all discovery be stayed and Class Counsel has been unable to use those important existing mechanisms (such as the FTX database) to identify and name all of the appropriate and necessary parties in this MDL, and conduct all of the necessary jurisdictional discovery.[2]

Co-Lead Counsel respectfully requests that the ***sole exception*** (which requires no burden by any party and has been agreed to by the Movants) to the stay during the SBF trial, is for this Court to grant Co-Lead Counsel leave to serve one third-party subpoena for documents on Special Counsel for the FTX Debtor Entities in the Bankruptcy Proceedings, just so Co-Lead Counsel can access the FTX Database that has been compiled and maintained, and which they have already granted SBF and the Government to access in preparation for the SBF trial.

Class Counsel has been working closely the past four weeks with bankruptcy counsel and Creditors in the Bankruptcy Court. Section 362(a)(1) of the Bankruptcy Code operates as a stay with respect to subpoenas to debtors in their capacity as a party-defendant. However, section 362(a)(1) does not bar litigants from serving a subpoena on a debtor in his capacity as a non-party

---

[2] This has not been for lack of trying, as since these cases were first filed in November 2022, Plaintiffs in MDL have sought (1) requests for production and depositions of the Brand Ambassador Defendants on both the merits and jurisdictional issues, including requests and notices served in April and May 2023 in *Garrison* and *Paffrath*; (2) requests for production and interrogatories from Armanino LLP and Prager Metis CPAs LLC in June 2023; (3) requests for production and interrogatories from the Brand Ambassador Defendants, Fenwick & West, Deltec Bank & Trust Company, Temasek Holdings (Private) Limited, and the Domestic Venture Capital Defendants in July 2023; (4) depositions *duces tecum* of Defendant Dan Friedberg and Ryne Miller, former Sullivan & Cromwell partner and FTX.US general counsel, in August 2023; (5) informal cooperation and document sharing with the Government and the FTX Debtor Entities throughout July, August, and September 2023).

witness. *See Groner v. Miller (In re Miller)*, 262 B.R. 499, 507 (B.A.P. 9th Cir. 2001) (holding that the automatic stay of section 362(a)(1) does not apply to subpoenas issued on a debtor if the subpoena was issued in furtherance of discovery relating to claims against non-debtors that were not stayed, even if the information to be elicited from the debtor may later be used against the debtor). Accordingly, Class Counsel respectfully requests this Court permit Plaintiffs to issue one non-party subpoena on FTX Trading Ltd. (and its related Chapter 11 debtor affiliates) for access to the FTX database.

There can be no doubt that the information and documents that will be presented during SBF's trial will be relevant to the alleged claims in this FTX MDL. That is why this Court should not only continue the stay of *discovery* pending SBF's trial, but also stay the briefing schedule on the pending Motions to Dismiss, so that Co-Lead Counsel can properly evaluate all of the claims in the MDL Administrative Consolidated Complaint, and in light of that evidence that has yet to be reviewed by Co-Lead Counsel. A complete, but brief stay, just until the conclusion of SBF's trial under these circumstances would certainly not prejudice Plaintiffs nor any of the MDL Defendants in these proceedings (who had the benefit of Plaintiffs' allegations to prepare their motions to dismiss for up to 10 months).

*Fourth*, while Plaintiffs now agree with both the Government and SBF that judicial economy favors staying all of these MDL proceedings pending conclusion of SBF's trial, there are more than two dozen motions currently pending attacking the MDL Administrative Consolidated Complaints, the majority of which raise objections to personal jurisdiction, service of process, and other ancillary issues that this Court anticipated might require discovery for Plaintiffs to adequately prepare fulsome oppositions.

As this Court is well aware, when jurisdictional arguments are raised to dismiss complaints, the law of this Circuit has long recognized a qualified right to jurisdictional discovery. *See Am. Civil Liberties, Union of Fla. v. City of Sarasota*, 859 F.3d 1337, 1341 (11th Cir. 2017).[3] In fact, even before this MDL was consolidated before this Court, Plaintiffs in Related Actions moved for jurisdictional discovery on many of these same jurisdictional allegations, and Chief Judge Cecilia Altonaga ruled that Plaintiffs' pleadings were sufficient to establish a qualified right to jurisdictional discovery. *Garrison v. Paffrath*, No. 23-21023-CIV-ALTONAGA/Damian, ECF No. 96 (S.D. Fla. May 19, 2023) ("The Court finds that jurisdictional discovery is appropriate; additional jurisdictional facts need not be alleged in Plaintiffs' pleading.").[4] Further, Chief Judge Altonaga stayed any and all briefing on motions to dismiss under Federal Rule of Civil Procedure 12(b)(6) pending completion of jurisdictional discovery and the filing of operative complaints and motions to dismiss for lack of personal jurisdiction and/or to transfer venue. *Id.*

---

[3] The qualified right is afforded when (1) the movant timely moves for jurisdictional discovery and (2) the information the movant seeks, if it exists, would give rise to jurisdiction. *See Posner v. Essex Ins. Co., Ltd.*, 178 F.3d 1209, 1214 n.7 (11th Cir. 1999).

[4] Courts in this circuit routinely permit jurisdictional discovery before ruling on a jurisdictional motion to dismiss. *See Happy Tax Franchising, LLC v. Hill*, Case No. 19-24539-CIV, 2020 WL 13221241, *1 (S.D. Fla. Jun 24, 2020) (granting leave to conduct jurisdictional discovery prior to deciding motion to dismiss); *Kilma v. Carnival Corp.*, 2008 WL 4559231, at *1 (S.D. Fla. Oct. 10, 2008) (permitting jurisdictional discovery prior to ruling on a motion to dismiss) (Moore, J.); *Sierra Equity Group, Inc. v. White Oak Equity Partners, LLC*, 2008 WL. 1771857, *2 (S.D. Fla. Apr. 15, 2008) ("[J]urisdictional discovery will be useful to determine the actual extent of Defendants' contacts with Florida to determine whether this case can be resolved on its merits. Without factual discovery, the Court would be left to conjecture whether it could exercise jurisdiction over Defendants."); *Eaton*, 692 F.2d at 729 (it was premature to dismiss a claim for lack of jurisdiction where plaintiffs were not given an opportunity to elicit material through discovery to support a determination on jurisdiction); *Blanco Lines*, 632 F.2d at 657 (reversing a dismissal on jurisdictional grounds because "Plaintiff is not required to rely exclusively upon a defendant's affidavit for resolution of the jurisdictional issue" where the dismissal was entered before Plaintiff had an adequate opportunity to take jurisdictional discovery).

Co-Lead Counsel will similarly seek discovery on the same issues Defendants raise here, including personal jurisdiction, as well as to stay briefing on any 12(b)(6) arguments pending completion of that discovery and briefing on those issues before this Court. A full stay of briefing, rather than simply a stay of discovery, is appropriate under these circumstances, otherwise Plaintiffs will be required to brief all jurisdictional issues without the benefit of any discovery and will be forced to prematurely brief the 12(b)(6) arguments.

The history of this litigation has demonstrated that when Plaintiffs are permitted to peek behind the Defendants' veil at the actual evidence, such efforts can be very revealing and helpful to the proposed class. For example, this Court granted the *Garrison* Plaintiffs leave to amend their complaint pre-MDL, and MDL Defendant Mr. Dan Friedberg decided to cooperate and he provided crucial information to Co-Lead Counsel regarding the FTX Brand Ambassador connections to this Florida forum (which connections were originally denied by many of the FTX defendants). *See Garrison v. Bankman-Fried*, No. 1:22-cv-23753-KMM, ECF No. 205-1 (S.D. Fla. May 15, 2023) (Declaration of Daniel Friedberg, former FTX Chief Compliance Officer and Chief Regulatory Officer, explaining FTX's VP of Business Development was based in Miami since early 2021, and was responsible for originating and developing FTX Brand partnerships).

*Fifth,* staying litigation pending just completion of SBF's trial may also enable Co-Lead Counsel to facilitate SBF's cooperation (as well as other FTX defendants) for the benefit of all FTX victims. Co-Lead Counsel already initiated discussions with SBF's counsel to see if, similar to FTX Defendant Mr. Dan Friedberg, who provided valuable information to Co-Lead Counsel, SBF can provide similar assistance as part of an arms' length mediated process, that could greatly assist in identifying, and bolstering MDL claims against existing FTX Defendants (and those yet-to-be-added). That cooperation can only lead to a greater recovery for all of the FTX victims and

establish possible liability from other, collectable wrongdoers. Indeed, this Court has seen firsthand the benefit of extremely similar information that was already provided by FTX Defendant Dan Friedberg. *See Garrison*, No. 1:22-cv-23753-KMM, ECF No. 205-1 (Friedberg Declaration).

**Sixth,** not only would briefly staying litigation pending completion of SBF's trial help to conserve the Court's and the Parties' resources, *see* ECF No. 247 at 15 (citing authority that "a defendant convicted of securities fraud in a criminal proceeding is collaterally estopped from relitigating the underlying facts in a subsequent civil proceeding"), it also enables the Parties who are actively negotiating settlements in this MDL to proceed without the distraction of briefing the dozens of pending motions to dismiss, which can further help streamline these MDL proceedings once SBF's trial is complete. *See* ECF No. 245 (explaining that Co-Lead Counsel "are currently engaged in *ongoing* confidential, settlement discussions with additional FTX Defendants, before both: (a) Mediator, The Honorable Michael A. Hanzman (*ret.*), and (b) Mediator, Rodney Max.").

Only after careful negotiation and discussions, does Co-Lead Counsel respectfully submit that the Court should grant both the Government's Request, and SBF's Request, and in fact, grant a ***full stay*** of these MDL proceedings, pending resolution of SBF's upcoming criminal trial starting next week—with the sole exception being a single third-party subpoena to Special Counsel for the FTX Debtor Entities for access to the Database they have created and maintain, and which they have already granted access to SBF and the Government.

The Government's legal authority are all decisions where the Court stayed the ***entirety of litigation*** pending a trial in a related criminal case, ***not simply discovery*** (as currently stayed by this Court). *See* ECF No. 247 at 10 (citing *Woods v. Reeve*, No. 21-14001-CIV, 2021 WL 7186842, at *2 (S.D. Fla. Aug. 18, 2021) (staying civil case pending criminal proceedings); *Svistina v. Elbadramany*, 22-CV-20525, 2022 WL 1658840, at *5 (S.D. Fla. May 25, 2022).

Co-Lead Counsel agree with the Government's cited authority, which demonstrate that, under similar circumstances, when the Government moved to intervene and asked a district court "only to renew a previously issued 'temporary and limited stay of certain discovery,'" the court explained that "[t]he interests furthered by the stay will be undermined" without a ***full stay*** of the civil proceedings "until the criminal action is resolved through either a plea or trial," and instead *sua sponte* entered an order staying the ***entire*** action pending resolution of the related criminal proceedings. *See Stockwell v. Hamilton*, No. 15-cv-11609, 2016 WL 3438108, at *4–5 (E.D. Mich. June 23, 2016). Therefore, as the Government's request demonstrates that "the factors relevant to the Court's decision whether to stay this civil action weigh in favor of a stay," the Court should similarly stay litigation in this MDL "until the criminal action is resolved… ." *Id.*[5]

Co-Lead Counsel respectfully suggests that the value of this information and materials that will be revealed at SBF's trial over the next four to six weeks, far outweighs any claimed prejudice that may result in a brief, less-than-two-month-long stay of litigation in these proceedings that have been pending for over a year. To be sure, while this FTX information learned may lead Co-Lead Counsel to bring additional MDL claims against additional important parties, possibly some as SBF's suggests, it may also lead Plaintiffs to decide ***not*** to pursue claims against those and currently pending against some of the MDL Defendants.

---

[5] Plaintiffs respectfully request to brief the issue of lifting the current stay for allowing jurisdictional discovery, following SBF's trial.

**CONCLUSION**

Co-Lead Counsel respectfully requests the Court enter an Order that (1) grants the Government's request to intervene and to stay all discovery pending the conclusion of SBF's criminal trial, (2) grants Co-Lead Counsel's request to stay all litigation in this MDL (not just discovery), pending conclusion of SBF's criminal trial, as "the result of that proceeding will have a significant impact on what issues are ultimately in dispute" here, ECF No. 247 at 2, and (3) grant Co-Lead Counsel leave to issue a subpoena for documents to the Special Counsel for the FTX Debtor Entities in the Bankruptcy Proceedings.

**Respectfully submitted this September 29, 2023.**

**By:** */s/ Adam Moskowitz*
Adam M. Moskowitz
Florida Bar No. 984280
Joseph M. Kaye
Florida Bar No. 117520
**THE MOSKOWITZ LAW FIRM, PLLC**
Continental Plaza
3250 Mary Street, Suite 202
Coconut Grove, FL 33133
Office: (305) 740-1423
adam@moskowitz-law.com
joseph@moskowitz-law.com
service@moskowitz-law.com

*Co-Lead MDL Counsel*

**By:** */s/ David Boies*
David Boies
Alexander Boies
Brooke A. Alexander
**BOIES SCHILLER FLEXNER LLP**
333 Main Street
Armonk, NY 10504
914-749-8200
dboies@bsfllp.com
aboies@bsfllp.com
balexander@bsfllp.com

*Co-Lead MDL Counsel*

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on September 29, 2023, a true and correct copy of the foregoing was filed electronically with the Clerk of the Court, by using the CM/ECF system which will send an electronic notification of such filing to all counsel of record.

By: */s/ Adam M. Moskowitz*
Adam M. Moskowitz