UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MDL No. 3076
CASE NO. 1:23-md-03076-KMM

IN RE:

FTX Cryptocurrency Exchange Collapse Litigation

_____

THIS DOCUMENT RELATES TO:

Domestic Investor Defendants
_____/

**INVESTOR DEFENDANTS' JOINT OPPOSITION TO PLAINTIFFS'
CROSS-MOTION TO STAY BRIEFING OF THE MOTION TO DISMISS PENDING
COMPLETION OF DEFENDANT SAMUEL BANKMAN-FRIED'S CRIMINAL TRIAL**

The Investor Defendants oppose Plaintiffs' Cross-Motion, ECF No. 317, to the extent that it seeks an order that would stay further briefing on and adjudication of the Investor Defendants' pending Rule 12(b)(6) motions to dismiss the Amended Operative Class Action Complaint (the "AC"). Plaintiffs—who have known about the October criminal trial of Samuel Bankman-Fried ("SBF") for many months—previously agreed to a briefing schedule for those motions, ECF Nos. 217, 217-1, which this Court entered, ECF No. 239. Consistent with that schedule, on September 22, 2023, the Investor Defendants filed motions to dismiss the AC, which explain why the AC fails to plausibly plead claims against any of the Investor Defendants. *See* ECF Nos. 301–301-5. Now recognizing that they have not pled—and cannot plead—facts to support their claims, Plaintiffs have instead adopted a delay tactic and seek a stay of all proceedings in this MDL until completion of SBF's criminal trial.[1] But prompt resolution of the pending motions to dismiss, which if granted will dispose of all claims against the Investor Defendants, is clearly the most efficient path forward.

Plaintiffs offer no cogent reason to put the Investor Defendants' motions to dismiss on hold. The overarching defect in Plaintiffs' theory of the case is that their own pleadings admit that the Investor Defendants were victims who lost hundreds of millions of dollars as a result of FTX's fraud and that the FTX insiders actively concealed that fraud. Plaintiffs falsely assert in their Cross-Motion that the Government, as part of SBF's criminal trial, will present evidence that "banks, auditors, promoters, attorneys, and investors in FTX" were "involved in perpetrating this unprecedented fraud." *Id.* at 2. But the Government's submission to this Court (which Plaintiffs

---

[1] The Court has already extended the stay of discovery in the MDL through completion of SBF's criminal trial. *See* ECF No. 318 (granting the Government's Motion to Intervene and Motion to Stay, ECF No. 247, and ruling that "all outstanding discovery proceedings will remain STAYED per the Court's prior order in ECF No. 152 until the Criminal Action is complete").

misleadingly quote only in part) says the exact opposite: "The conduct of many if not all of these groups is also at issue in the Criminal Action, *although the Indictment in the Criminal Action alleges that some of these groups, notably the investors, were victims of the fraudulent scheme rather than being liable for it*." ECF No. 247 at 3 (emphasis added to show text Plaintiffs omitted from the Government's brief).  The Government's Motion provides no support for Plaintiffs' suggestion that the criminal trial may bolster their threadbare pleadings against the Investor Defendants.  To the contrary, the Indictment, which Plaintiffs rely on and incorporate by reference in the AC, highlights why Plaintiffs' attempt to hold liable other victims of the FTX fraud makes no sense.

The Cross-Motion reasons that this Court should stay all proceedings because of Plaintiffs' speculation about information they might learn at SBF's trial, *see* ECF No. 317 at 2–5, steps they might take to seek "assistance" from SBF in "bolstering" their claims, *id.* at 7, and unspecified jurisdictional discovery they might seek regarding *other* defendants, *id.* at 6–7.  But none of that is relevant to the Investor Defendants' pending motions to dismiss.  The Investor Defendants' motions identify fundamental and incurable pleading defects that require dismissal of Plaintiffs' claims as a matter of law.  If Plaintiffs, who initiated many of the underlying cases nearly a year ago, cannot defend their own now-amended pleadings, as the Cross-Motion suggests, *see id.* at 9 (stating that Plaintiffs may "decide *not* to pursue claims against . . . some of the MDL Defendants") (emphasis in original), then Plaintiffs should dismiss their claims against the Investor Defendants.

Nor do Plaintiffs cite any case law to support the position that the Court should defer further briefing on the Investor Defendants' Rule 12(b)(6) motions until after the conclusion of SBF's criminal trial.  The primary case on which Plaintiffs purport to rely, *Stockwell v. Hamilton*, does

not even address this issue, as the court in *Stockwell* had already denied defendant's motion to dismiss. *See* 2016 WL 3438108, at *2 (E.D. Mich. June 23, 2016).

Finally, Plaintiffs identify no changed circumstances that require revision to the previously agreed-upon and Court-ordered briefing schedule. Plaintiffs have known that SBF's criminal trial was scheduled for October 2023 since before the initial conference that this Court held on June 21, 2023, when they took the position that SBF's trial should not require any stay of the litigation with respect to the Investor Defendants. *See* Transcript of Status Conference at 24–27, 31–33 (June 21, 2023).

For these reasons, the Investor Defendants respectfully request that the Court deny Plaintiffs' Cross-Motion and require Plaintiffs to comply with the Court's prior order by filing any oppositions to the Investor Defendants' motions to dismiss on or before November 6, 2023.[2]

Dated: October 2, 2023

Respectfully submitted,

*/s/ Paul C. Huck, Jr.*
**LAWSON HUCK GONZALEZ, PLLC**
Paul C. Huck, Jr.
Florida Bar No. 968358
334 Minorca Avenue
Coral Gables, Florida 33134
Telephone: (305) 441-2299
paul@lawsonhuckgonzalez.com

**CLEARY GOTTLIEB STEEN & HAMILTON LLP**
Jennifer Kennedy Park (admitted *pro hac*

*/s/ Amy Jane Longo*
**STEARNS WEAVER MILLER WEISSLER ALHADEFF & SITTERSON, P.A.**
Jay B. Shapiro
Florida Bar No. 776361
150 West Flagler Street, Suite 2200
Miami, FL 33130
Telephone: (305) 789-3200
Facsimile: (305) 789-2664
jshapiro@stearnsweaver.com

---

[2] Plaintiffs' simultaneous request for an "exception" to their motion for a global stay of the MDL proceedings so they can access discovery in the FTX bankruptcy proceedings further underscores that their cross-motion is an attempt to delay their lawsuits in desperate search of evidence to support their nonsensical claims. ECF No. 317 at 3–5, 8. If Plaintiffs had a basis for their claims asserted in the AC, they would have no need for such a delay and fishing expedition. The Investor Defendants therefore oppose Plaintiffs' request.

3

*vice*)
Joon Kim (admitted *pro hac vice*)
Rishi N. Zutshi (admitted *pro hac vice*)
1841 Page Mill Rd Suite 250
Palo Alto, CA 94304
Telephone: (650) 815-4130
Facsimile: (650) 815-4199
jkpark@cgsh.com
jkim@csgh.com
rzutshi@cgsh.com

*Counsel for Defendant Sequoia Capital Operations, LLC*

/s/ Scott M. Malzahn
**TEIN MALONE TRIAL LAWYERS**
Michael Tein
Florida Bar No. 993522
3059 Grand Avenue
Coconut Grove, Florida 33133
Telephone: (305) 442-1101
tein@teinmalone.com

**WAYMAKER LLP**
Brian E. Klein
Scott M. Malzahn
515 S. Flower Street, Suite 3500
Los Angeles, California 90071
Telephone: (424) 652-7800
Facsimile: (424) 652-7850
bklein@waymakerlaw.com
smalzahn@waymakerlaw.com

*Counsel for Defendant Multicoin Capital Management LLC*

**ROPES & GRAY LLP**
David Hennes (admitted *pro hac vice*)
1211 Avenue of the Americas
New York, New York 10036
Telephone: (212) 596-9000
Facsimile: (212) 596-9090
david.hennes@ropesgray.com

Amy Jane Longo (admitted *pro hac vice*)
10250 Constellation Blvd.
Los Angeles, California 90067
Telephone.: (310) 975-3000
Facsimile: (310) 975-3400
amy.longo@ropesgray.com

*Counsel for Defendant Altimeter Capital Management, LP*

/s/ Anna Terteryan
**BERGER SINGERMAN LLP**
Jordi Guso
Florida Bar No. 863580
Ana Kauffman
Florida Bar No. 89092
1450 Brickell Avenue, Ste 1900
Miami, FL 33131
Telephone: (305)-714-4376
jguso@bergersingerman.com
akauffmann@bergersingerman.com

**KIRKLAND & ELLIS LLP**
Mark McKane (admitted *pro hac vice*)
Anna Terteryan (admitted *pro hac vice*)
Stephen Silva (admitted *pro hac vice*)
555 California Street
San Francisco, California 94104
Telephone: (415) 439-1400
Facsimile: (415) 439-1500
mark.mckane@kirkland.com
anna.terteryan@kirkland.com
stephen.silva@kirkland.com

*Counsel for Defendant Thoma Bravo, LP*

*/s/ Alexander C. Drylewski*
**GRAY ROBINSON, P.A.**
T. Todd Pittenger
Florida Bar No. 768936
Kelly J.H. Garcia
Florida Bar No. 0694851
301 E. Pine Street, Suite 1400
Orlando, FL 32802-3068
Telephone: 407-843-8880
Facsimile: 407-244-5690
todd.pittenger@gray-robinson.com
kelly.garcia@gray-robinson.com


**SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP**
Alexander C. Drylewski (admitted *pro hac vice*)
Mikal Davis-West
One Manhattan West
New York, NY 10001
Telephone: (212) 735-3000
Facsimile: (212) 735-2000
alexander.drylewski@skadden.com
mikal.davis-west@skadden.com

Mark R.S. Foster (admitted *pro hac vice*)
525 University Avenue
Palo Alto, CA 94301
Telephone: (650) 470-4500
Facsimile: (650) 470-4570
mark.foster@skadden.com

*Counsel for Defendant Paradigm Operations LP*

*/s/ Nicholas D. Marais*
**AKERMAN LLP**
Jacqueline M. Arango
Florida Bar No. 664162
Three Brickell City Centre
98 Southeast Seventh Street, Suite 1100
Miami, Florida 33131
Telephone: (305) 374 5600
jacqueline.arango@akerman.com

*/s/ Jeffrey F. Robertson*
**SCHULTE ROTH & ZABEL LLP**
Peter H. White
Jeffrey F. Robertson
555 Thirteenth Street, NW
Suite 6W
Washington, DC 20004
Telephone: 202-729-7470
Facsimile: 202-730-4520
pete.white@srz.com
jeffrey.robertson@srz.com

*Counsel for Defendant Tiger Global Management, LLC*

*/s/ Jason C. Hegt*
**LATHAM & WATKINS LLP**
James E. Brandt
NY Bar No. 1858935
Jason C. Hegt
NY Bar No. 4781191
1271 Avenue of the Americas
New York, NY 10020
Telephone: (212) 906-1200
Fax: (212) 751-4864
james.brandt@lw.com

5

**KEKER, VAN NEST & PETERS LLP**
Steven P. Ragland
Nicholas D. Marais
633 Battery Street
San Francisco, California 94111
Telephone: (415) 391-5400
sragland@keker.com
nmarais@keker.com

*Counsel for Defendant Ribbit Capital, L.P.*

/s/ Douglas R. Hirsch
**SADIS & GOLDBERG LLP**
Douglas R. Hirsch
Frank S. Restagno
551 Fifth Avenue, 21st Floor
New York, New York 10176
(212) 947-3793
dhirsch@sadis.com
frestagno@sadis.com

**MELAND BUDWICK, P.A.**
Eric W. Ostroff
200 South Biscayne Boulevard
Ste 3200
Miami, FL 33131
Tel: 305-358-6363
Fax: 305-358-1221
eostroff@melandbudwick.com

*Counsel for Defendant SkyBridge Capital II, LLC*

jason.hegt@lw.com

*Counsel for Defendant K5 Global Advisor, LLC*

6

**CERTIFICATE OF SERVICE**

I hereby certify that on October 2, 2023, I filed a true and correct copy with the Clerk of Court via CM/ECF, which will send notice of the same to all counsel and parties of record.

*/s/ Paul C. Huck, Jr.*

Paul C. Huck, Jr.


*Counsel for Defendant Sequoia Capital Operations, LLC*