UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MDL No. 3076
CASE NO. 1:23-md-03076-KMM

IN RE:

FTX Cryptocurrency Exchange Collapse MDL Litigation

_____/

THIS DOCUMENT RELATES TO:

All Actions

_____/

**CO-LEAD COUNSELS' REPLY TO INVESTOR DEFENDANTS' JOINT OPPOSITION TO CROSS-MOTION TO STAY PENDING COMPLETION OF DEFENDANT'S CRIMINAL TRIAL**

Plaintiffs respectfully request the Court stay this litigation in its entirety (not *just* discovery)—including briefing on the 28 pending Motions to Dismiss, *see* ECF Nos. 262–268, 270–279, 281–283, 296–303 (the "Motions to Dismiss"), which are due this Thursday and Friday—pending completion of taking jurisdictional discovery necessary to respond to the Motions to Dismiss and/or completion of the Criminal Trial.[1]

***First,*** as explained in the Cross-Motion, see ECF No. 317 at 5–7 and f.n. 4–6, Plaintiffs require jurisdictional discovery in order to respond to the jurisdictional arguments raised by many of the MDL Defendants, which now according to the Stay Order cannot commence until the

---

[1] The "Criminal Action" means the case styles *United States v. Samuel Bankman-Fried*, No. 22 Cr. 673 (LAK) pending in the Southern District of New York. The Court already granted the other relief sought in the Cross-Motion in Order, [ECF No. 318] (the "Stay Order"), granting both the Government's Request, [ECF No. 247], and Defendant Sam Bankman-Fried's ("SBF") Request [ECF No. 241], staying the FTX Insider Action (ECF No. 178) as to all proceedings, and all outstanding discovery proceedings as to all other civil actions in the MDL, (ECF Nos. 153, 155, 157, 158, 179, 182) (the "FTX Third Party Actions"), until the Criminal Action is complete.

discovery stay is lifted after the conclusion of the Criminal Trial. *See* ECF No. 318 ("Upon the Criminal Action's completion, the Parties may move to reopen or extend discovery.")

For example, the Bank Defendants, [ECF Nos. 262 & 267], many of the Brand Ambassador Defendants, [ECF Nos. 263, 266, 268, and 278], and the Multinational VC Defendants [ECF Nos. 296–300], have all filed motions contesting this Court's jurisdiction over them, and even the Domestic VC Defendants assert in their motion to dismiss that they fully intend to object to personal jurisdiction "in the future," see ECF No. 300 at 9.

Plaintiffs can either serve that jurisdictional discovery now, or seek leave to conduct that jurisdictional discovery "upon the Criminal Action's completion," as required by the Stay Order. *See Garrison v. Paffrath*, No. 23-21023-CIV-ALTONAGA/Damian, ECF No. 96 (S.D. Fla. May 19, 2023) ("The Court finds that jurisdictional discovery is appropriate; additional jurisdictional facts need not be alleged in Plaintiffs' pleading."). Under these same circumstances, a stay of any 12(b)(6) briefing would also be warranted pending resolution of the jurisdictional issues. *See id.; see also Kilma v. Carnival Corp.*, No. 08-20335-CIV, 2008 WL 4559231, at *4 (S.D. Fla. Oct. 10, 2008) (Moore, J.) (granting plaintiffs leave to conduct jurisdictional discovery and staying remainder of case pending completion of jurisdictional discovery). Co-Lead Counsel certifies that all of these MDL Defendants—not just the Domestic VC Defendants—will not only oppose Plaintiffs' request for jurisdictional discovery, but they also oppose Plaintiffs' Cross-Motion request to stay litigation of these proceedings pending the completion of the Criminal Trial.

The MDL Defendants maintain this position despite the fact that all factors upon which the Court relied in staying discovery in each of these actions also establishes that a full stay of litigation is warranted. *See Stockwell,* 2016 WL 3438108, at *4–5 (ordering *sua sponte* a full stay of proceedings, not simply the Government's requested renewal of a "temporary and limited stay of

certain discovery," because "factors relevant to the Court's decision whether to stay this civil action weigh in favor of a stay," the "interests furthered by the stay will be undermined" without a full stay of the civil proceedings "until the criminal action is resolved"). Co-Lead Counsel respectfully submits that the Court should extend its Stay Order to stay litigation in the Third Party Actions pending completion of jurisdictional discovery and/or completion of the Criminal Trial

**Second,** *Stockwell*,[2] which both the Government and Plaintiffs cite in their submissions for a stay of these proceedings, is right on point and demonstrates that all factors the Government analyze in support of its request for a partial stay of these MDL Proceedings establishes that the Court should fully stay these proceedings instead. While the Domestic VC Defendants argue that the Court should ignore the clear logic of *Stockwell* because in that case a motion to dismiss had already been decided, other Courts have similarly entered a full stay of litigation even after motions to dismiss were filed but before any oppositions were filed. *See Flagstar Bank, FSB v. Hild*, 19-11512, 2020 WL 13489993, at *4 (E.D. Mich. Oct. 5, 2020) (citing *Stockwell* and staying civil securities fraud litigation against all four defendants, including briefing on motions to dismiss, pending the completion of a related criminal trial against one of the defendants); *see also Kinnie Ma Individual Ret. Account v. Ascendant Capital, LLC*, 1:19-CV-01050-RP, 2023 WL 5417142 (W.D. Tex. Aug. 21, 2023) (same); *Acosta v. Miami-Dade Cnty.*, 1:16-CV-23241-UU, 2016 WL 9488711, at *2 (S.D. Fla. Aug. 11, 2016); *Federal Trade Commission v. Mail Tree, Inc.*, No. 15-61034-CIV-COHN/SELTZER, ECF No. 60 (S.D. Fla. Jun 12, 2015) (considerations of judicial

---

[2] *Stockwell v. Hamilton*, No. 15-cv-11609, 2016 WL 3438108, at *4–5 (E.D. Mich. June 23, 2016) (ordering *sua sponte* a ***full stay*** of proceedings, ***not*** simply the Government's requested renewal of a "temporary and limited stay of certain discovery," because "factors relevant to the Court's decision whether to stay this civil action weigh in favor of a stay," the "interests furthered by the stay will be undermined" without a full stay of the civil proceedings "until the criminal action is resolved").

economy warranted full stay of civil proceedings pending resolution of related criminal trial). Particularly given that there are conspiracy-based claims asserted against all MDL Defendants, including the Domestic VC Defendants, all considerations, including the overlapping allegations, interests of the parties, the imminency of the Criminal Trial (which begins today) and judicial economy, weigh in favor of staying these proceedings for the next few weeks until the Criminal Trial is complete. The Court should therefore grant the Cross-Motion.

*Third,* Plaintiffs certify that Counsel for Movants Defendant Sam Bankman-Fried and the Government do not oppose the Cross-Motion request to stay the FTX Third Party Actions pending completion of the Criminal Trial.

*Fourth*, although the MDL Defendants oppose the Cross-Motion, all have agreed—as the Domestic VC Defendants make clear in their Opposition—***that an extension of the briefing schedule on the pending Motions to Dismiss is warranted***, but have either stated that they do not oppose an extension to November 6, 2023, for that deadline to respond (counsel for the Bank Defendants, the Brand Ambassador Defendants, the Domestic VC Defendants, the Multinational VC Defendants, and the Auditor Defendants), or have not stated a position on an extension (counsel for Defendant Fenwick and West). As to the Domestic VC Defendants, the Court has already entered an order extending the deadline to oppose the motions to dismiss to November 6, 2023, giving those Defendants until December 6 to file their replies. *See* ECF No. 239.

Thus, to the extent the Court declines to stay the FTX Third Party Actions pending completion of the Criminal Trial, Co-Lead Counsel respectfully requests in the alternative that the Court set the deadlines for Plaintiffs' responses and Defendants' replies for all FTX Third Party Actions so that they are consistent with the Court's Order setting the briefing schedule for the Domestic VC Defendants' motions to dismiss.

## CONCLUSION

Co-Lead Counsel respectfully requests the Court enter an Order that grants Co-Lead Counsel's Cross-Motion request to stay all litigation in this MDL (not just discovery), pending conclusion of SBF's criminal trial, as "the result of that proceeding will have a significant impact on what issues are ultimately in dispute" here, ECF No. 247 at 2. A Proposed Order granting the Cross-Motion is attached as **Exhibit A**.

In the alternative, Co-Lead Counsel respectfully request that, if the Court denies the Cross-Motion and does not stay these proceedings pending completion of the Criminal Trial, that the Court grant Plaintiffs an extension until November 6, 2023, to respond to all pending Motions to Dismiss, with the Defendants all to file their replies by December 6, 2023.

## S.D. FLA. L.R. 7.1 CERTIFICATION

Plaintiffs certify that over the past week, they have conferred or attempted to confer with Counsel for the Government, for SBF, and for all MDL Defendants in a good faith effort to resolve the issues raised in the Cross-Motion, and report as follows:

- Counsel for the Government do not oppose entry of an order staying litigation of the FTX Third Party Actions pending completion of the Criminal Trial;

- Counsel for SBF do not oppose entry of an order staying litigation of the FTX Third Party Actions pending completion of the Criminal Trial;

- Counsel for the Domestic VC Defendants, Multinational VC Defendants, Bank Defendants, Brand Ambassador Defendants, and Auditor Defendants oppose entry of an order staying litigation of the FTX Third Party Actions pending completion of the Criminal Trial, oppose any request for jurisdictional discovery, but do *not* oppose entry of an order extending the deadline for Plaintiffs to oppose the Motions

to Dismiss to November 6, 2023, and for Defendants to reply by December 6, 2023; and

- Counsel for Defendant Fenwick & West oppose entry of an order staying litigation of the FTX Third Party Actions pending completion of the Criminal Trial, but, despite attempts to confer on September 29th, October, 2nd, and October 3rd, Defendant Fenwick & West has not stated their position on entry of an order extending the deadline for Plaintiffs to oppose the Motions to Dismiss to November 6, 2023, and for Defendants to reply by December 6, 2023.

**Respectfully submitted October 3, 2023.**

| | |
|---|---|
| **By:** */s/ Adam Moskowitz*<br>Adam M. Moskowitz<br>Florida Bar No. 984280<br>Joseph M. Kaye<br>Florida Bar No. 117520<br>**THE MOSKOWITZ LAW FIRM, PLLC**<br>Continental Plaza<br>3250 Mary Street, Suite 202<br>Coconut Grove, FL 33133<br>Office: (305) 740-1423<br>adam@moskowitz-law.com<br>joseph@moskowitz-law.com<br>service@moskowitz-law.com<br><br>*Co-Lead MDL Counsel* | **By:** */s/ David Boies*<br>David Boies<br>Alexander Boies<br>Brooke A. Alexander<br>**BOIES SCHILLER FLEXNER LLP**<br>333 Main Street<br>Armonk, NY 10504<br>914-749-8200<br>dboies@bsfllp.com<br>aboies@bsfllp.com<br>balexander@bsfllp.com<br><br>*Co-Lead MDL Counsel* |

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on October 3, 2023, a true and correct copy of the foregoing was filed electronically with the Clerk of the Court, by using the CM/ECF system which will send an electronic notification of such filing to all counsel of record.

By: */s/ Adam M. Moskowitz*
Adam M. Moskowitz