IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION
MDL No. 3076
Case No. 1:23-md-03076-KMM

**IN RE:**

**FTX Cryptocurrency Exchange Collapse Litigation**

This Document Relates To:

*Garrison v. Bankman-Fried*,
Case No. 22-cv-23753-KMM

*Garrison v. Ohtani*,
No. 23-cv-23064-KMM

*Garrison v. Golden State Warriors, LLC*,
No. 23-cv-23084-KMM

*Norris v. Brady*,
No. 23-cv-20439-KMM

_____/

**THE SPORTS & ENTERTAINER DEFENDANTS'
OPPOSITION TO PLAINTIFFS' CROSS-MOTION TO STAY ENTIRE MDL PENDING
COMPLETION OF SAM BANKMAN-FRIED'S CRIMINAL TRIAL**

In Plaintiffs' latest gambit to delay the day of reckoning for their deficient pleadings, they have moved for a complete stay of the *entire* MDL based on speculation that the criminal trial of Mr. Bankman-Fried will provide evidence that they can shoehorn into yet another amendment to their complaints. *Plaintiff's Response to Government's Motion to Stay, and Cross-Motion to Stay Pending Completion of Defendant's Criminal Trial* (the "Cross-Motion"; ECF No. 317). Plaintiffs seek this relief notwithstanding (1) the Court's order that stayed proceedings against Mr. Bankman-Fried and the FTX Insiders, and stayed all discovery in the MDL until the conclusion of Mr. Bankman-Fried's trial, but otherwise allowed the other actions to proceed (ECF No. 318), (2) the fact that the timing of Mr. Bankman-Fried's trial is not something new and has been known since June, and (3) the fact that, just one week ago, Plaintiffs *opposed* the Sports & Entertainer Defendants' ("S&E Defendants") motion for a stay of discovery (a position Plaintiffs have maintained since this inception of this action).

Plaintiffs' Cross-Motion should be denied for at least three reasons. *First*, the Court should not consider Plaintiffs' Cross-Motion because it fails to comply with Local Rule 7.1(a)(3). *Second*, Plaintiffs' Cross-Motion is untimely and seeks prejudicial relief. Plaintiffs have known since June about the timing of Mr. Bankman-Fried's trial, yet they delayed until now, on the eve of the trial, and after the S&E Defendants filed their motions to dismiss, to decide to seek a complete stay—apparently in hopes of obtaining leave to file yet another amended pleading and again postponing the Court's adjudication of the S&E Defendants' dismissal arguments. *Third*, Plaintiffs have provided no justification for a complete stay of the entire MDL. Nothing that happens in Mr. Bankman-Fried's trial is relevant to deciding the S&E Defendants' motions to dismiss or can salvage the numerous and fatal defects in the *[Corrected] Administrative Class Action Complaint and Demand for Jury Trial – Promoters and Digital Creator Defendants* ("CAC"; ECF No. 179).

Accordingly, Plaintiff's Cross-Motion should be denied.

### A. Plaintiffs failed to meet and confer on the Cross-Motion.

As an initial matter, Plaintiffs did not include a Local Rule 7.1(a)(3) certification in their Cross-Motion, which is reason alone to "deny the motion." L.R. 7.1(a)(3). Plaintiffs' counsel did not confer with any counsel for the S&E Defendants regarding their new request to stay the entire MDL. Quite the contrary, Plaintiffs have repeatedly opposed the S&E Defendants' requests to stay discovery throughout the *Garrison* proceeding and this MDL, including as recently as September 26, 2023 (*see* ECF No. 314 at 3), a mere three days before Plaintiffs filed their surprise cross-motion. Indeed, Plaintiffs did not even raise the specter of staying the MDL in emails exchanged on September 29 concerning Plaintiffs' request for an extension of time to file their opposition papers, mere hours before they filed the Cross-Motion.

In their Reply to Investor Defendants' Joint Opposition to Cross-Motion to Stay Pending Completion of Defendant's Criminal Trial (ECF No. 320), Plaintiffs purport to "certify" that "over the past week, they have conferred or attempted to confer with Counsel for the Government, for SBF, and for all MDL Defendants in a good faith effort to resolve the issues raised in the Cross-Motion." *Id*. at 5. This is false. Plaintiffs never mentioned, let alone conferred about, their desire to stay the entire MDL to any of the S&E Defendants before filing their Cross-Motion.[1] Plaintiffs should not be permitted to benefit from their disregard of the Court's rules. *See United States v. Marder*, 2016 WL 2897407, at *7 (S.D. Fla. May 18, 2016) (Moore, J.) ("Both motions lack the

---

[1] Likewise, it bears noting that Plaintiffs' suggestion in their Reply Brief (ECF No. 320 at 4) that the S&E Defendants "have agreed" that "an extension of the briefing schedule on the pending Motions to Dismiss is warranted" is, at best, misleading. The S&E Defendants agreed to provide Plaintiffs with a 30-day extension as a courtesy, but did not ever suggest or agree that it was necessary or "warranted."

requisite 7.1(a)(3) certification and thus denying the motions is an appropriate sanction." (internal citation omitted)).

### B. Plaintiffs' belated request to stay motion-to-dismiss briefing is untimely and prejudicial.

Plaintiffs' request to stay the entire MDL fails for the additional reason that it is untimely and prejudicial. Plaintiffs—and all other parties—have known that Mr. Bankman-Fried's criminal trial was set for October 2023 since the inception of the MDL. *See, e.g.*, *Sam Bankman-Fried's Preliminary Report*, ECF No. 43 (filed June 17, 2023). Plaintiffs admit they have known for "weeks" that the U.S. government would only be seeking a stay of discovery as to Plaintiffs' claim against the S&E Defendants. ECF No. 317 at 1; *see also Gov't's App. to Intervene and Mot. to Stay*, ECF No. 247. And the schedule set by the Court for the filing of amended complaints and motions to dismiss was devised knowing full well that Mr. Bankman-Fried's trial was set for October 2023. Yet Plaintiffs waited until September 29, 2023—*after* the S&E Defendants filed their motions to dismiss (*see* ECF Nos. 268, 270-275, 277-279), and the Friday *before* Mr. Bankman-Fried's trial began on October 3, 2023—to seek relief.

Plaintiffs' eleventh-hour request to stay the entire MDL is too late and prejudices the S&E Defendants, who deserve to have their motions to dismiss heard and adjudicated.

### C. Mr. Bankman-Fried's trial has no effect on motion-to-dismiss briefing.

As a substantive matter, Mr. Bankman-Fried's trial will have no effect—none whatsoever—on the S&E Defendants' motions to dismiss. By definition, a motion to dismiss tests the adequacy of the pleadings. *See, e.g., Ashcroft v. Iqbal*, 556 U.S. 662, 678-679 (2009). Information that Plaintiffs may glean from Mr. Bankman-Fried's trial is not part of Plaintiffs' pleading. As a result, there is no basis to further delay briefing and resolution of the motions to dismiss.

Nor is there any reason to believe that Mr. Bankman-Fried's trial will yield information that will help Plaintiffs rehabilitate their claims against the S&E Defendants. The Court has not authorized Plaintiffs to amend their complaints *again*, nor is Mr. Bankman-Fried's trial—which focuses on *his* criminal liability—at all likely to enhance Plaintiffs' deficient allegations and claims against the S&E Defendants. The *Government's Motion to Stay* recognizes this reality, noting that "the Indictment in the Criminal Action alleges that some of these groups [of defendants in the MDL], notably the investors," which include certain of the S&E Defendants, "were victims of the fraudulent scheme rather than being liable for it." ECF No. 247 at 5.[2]

### D. None of Plaintiffs' grounds for staying briefing on the motions to dismiss warrants relief.

None of Plaintiffs' purported "***six*** important grounds" warrants the complete stay they seek. ECF No. 317 at 2-9.

*1.* Plaintiffs' first reason—that Plaintiffs have known about the upcoming trial for "weeks" but that it did not become "clear" until three days before Mr. Bankman-Fried's trial that it would proceed (ECF No. 317 at 2)—effectively admits that Plaintiffs unnecessarily delayed in seeking the relief in the Cross-Motion.

*2.* Plaintiffs' second reason—that there will be "important evidence" to "support[] the claims" (ECF No. 317 at 2)—does not support staying proceedings on the motions to dismiss.

---

[2] The Cross-Motion also requests permission to subpoena FTX for documents. ECF No. 317 at 4. The S&E Defendants believe this request is moot in light of the Court's subsequent order staying all discovery. ECF No. 318. Even if it were not moot, the requested discovery should be denied because the S&E Defendants should not be burdened with discovery proceedings pending resolution of their motions to dismiss. *See, e.g.*, ECF Nos. 124, 152.

Plaintiffs' speculation that useful information *may* come out of the trial is not a basis to delay resolution of the motions to dismiss. Any information obtained from the criminal trial is outside the pleadings and, thus, irrelevant to the pending motions. Plaintiffs have not sought leave to amend their pleadings yet again (and should be denied should they do so).

**3.** Plaintiffs' third reason—that Mr. Bankman-Fried will invoke a "reliance on counsel" defense that will provide information about FTX Entities, FTX Insiders, Fenwick & West and Sullivan & Cromwell (ECF No. 317 at 3-5)—has nothing to do with Plaintiffs' claims against the S&E Defendants. Plaintiffs have no valid claims against the S&E Defendants, and the S&E Defendants are entitled to be dismissed now.

**4.** Plaintiffs' fourth reason—that some motions to dismiss raise defenses of personal jurisdiction for which Plaintiffs want discovery (ECF No. 317 at 5-7)—is beside the point.[3] As the S&E Defendants have previously explained, Plaintiffs are not entitled to jurisdictional discovery because the California S&E Defendants merely attack the sufficiency of Plaintiffs' jurisdictional allegations. Plaintiffs have not alleged facts that set forth a *prima facie* case of personal jurisdiction as to any of the California S&E Defendants, as explained in the motion to dismiss (ECF No. 268); they have not identified any genuinely disputed fact that is material to whether the Court has personal jurisdiction over the California S&E Defendants (*see* ECF No. 317 at 5-7); and they have failed to demonstrate how any hypothetical jurisdictional discovery is tailored to, and would resolve, any allegedly disputed material fact (*see id.*).

---

[3] Plaintiffs also raise "service of process" as a basis for seeking discovery, *see id.* at 5, which appears to be a reference to Defendant Haslem's individual motion to dismiss (ECF No. 278). Plaintiffs do not have even a remotely colorable claim of need for discovery as to that motion, because the service failure is established by Plaintiffs' own service filings. *See* ECF No. 278 at 3.

Mr. Bankman-Fried's criminal trial will not provide any basis for such discovery. And Plaintiffs still have not provided any explanation for their improper claim-splitting (by maintaining lawsuits in California and Florida against certain S&E Defendants), which provides an independent reason why the Florida actions should be dismissed. *See* ECF No. 268 at 15.

Plaintiffs are also wrong to contend in their Reply Brief (ECF No. 320 at 2) that "Plaintiffs can either serve that jurisdictional discovery now, or seek leave to conduct that jurisdictional discovery 'upon the Criminal Action's completion,' as required by the Stay Order" but that "[u]nder these same circumstances, a stay of any 12(b)(6) briefing would also be warranted pending resolution of the jurisdictional issues." Plaintiffs *cannot* serve jurisdictional discovery now, in view of the Court's October 2 Order (ECF No. 318). Regardless, nothing about jurisdictional discovery prevents Plaintiffs from responding to Rule 12(b)(6) motions (which do not even touch on personal jurisdiction) nor, for that matter, does it prevent Plaintiffs from briefing responses to the California S&E Defendants' Rule 12(b)(2) motion, which merely attacks the sufficiency of the pleadings. ECF No. 268. Indeed, Plaintiffs must demonstrate a prima face case of personal jurisdiction before the Court can even authorize jurisdictional discovery. In responding to the Rule 12(b)(2) motions, Plaintiffs will have the opportunity to show whether they have cleared that hurdle (and they have not).

5. Plaintiffs' fifth reason—that awaiting the conclusion of Mr. Bankman-Fried's trial might mean he will cooperate with them to help them boost their claims (ECF No. 317 at 7-8)—is pure speculation and irrelevant to the pending motions to dismiss. Mr. Bankman-Fried's potential cooperation cannot salvage the defects in Plaintiffs' inherently defective legal theory against the S&E Defendants. Nor have Plaintiffs even attempted to justify being allowed to amend their pleading against the S&E Defendants again.

6. Plaintiffs' sixth reason—that it will help Plaintiffs negotiate settlements with other defendants without the "distraction" of motion-to-dismiss briefing (ECF No. 317 at 8)—is also

meritless. The S&E Defendants are entitled to a resolution of their motions to dismiss because Plaintiffs never should have brought claims against them. That other Defendants may be engaged in settlement discussions with Plaintiffs has nothing to do with the S&E Defendants, who should not be forced to remain defendants in this action and are entitled to a speedy resolution. Fed. R. Civ. P. 1.

* * *

Plaintiffs are suddenly unwilling to proceed with the Court's schedule. They (once again) seek to delay scrutiny of their pleadings against the S&E Defendants on the hope that a fishing expedition through the evidence provided at Mr. Bankman-Fried's criminal trial will provide additional facts to support their claims. But that is not a proper basis to stay the entire MDL.

As the Court has previously observed, this is a "complex and costly litigation for all parties involved." Order (*Garrison* ECF No. 133) at 3. That is especially true for the S&E Defendants, who have spent considerable resources removing the *Norris* action from state court, moving to dismiss the *Garrison* matter (to which plaintiffs never responded), preparing (but not filing) an additional motion to dismiss the second amended complaint in *Garrison* before it was mooted by the formation of this MDL, and then moving again to dismiss the CAC. The S&E Defendants have already extended the professional courtesy of an extension, which the Court has now ordered. ECF No. 324. Any further delay would be both unnecessary and cause prejudice to the S&E Defendants. Their motions to dismiss should be fully briefed and resolved and Plaintiffs' Cross-Motion for a stay of the entire MDL should be denied.

Dated: October 5, 2023

Respectfully submitted,

**COLSON, HICKS, EIDSON, P.A.**
255 Alhambra Circle, Penthouse
Coral Gables, Florida 33134
(305) 476-7400

By: */s/ Roberto Martínez*
   Roberto Martínez
   Florida Bar No. 305596
    *bob@colson.com*
   Stephanie A. Casey
   Florida Bar No. 97483
    *scasey@colson.com*
   Zachary Lipshultz
   Florida Bar No. 123594
    *zach@colson.com*

*Attorneys for Defendants Thomas Brady, Gisele Bündchen, Lawrence Gene David, Shaquille O'Neal, Golden State Warriors, LLC, and Naomi Osaka*

**LATHAM & WATKINS LLP**
   Andrew B. Clubok (*pro hac vice*)
    *andrew.clubok@lw.com*
   Susan E. Engel (*pro hac vice*)
    *susan.engel@lw.com*
   Brittany M.J. Record (*pro hac vice*)
    *brittany.record@lw.com*
555 Eleventh Street, N.W., Suite 1000
Washington, D.C. 20004-1304
Tel: +1.202.637.2200
Fax: +1.202.637.2201

**LATHAM & WATKINS LLP**
   Marvin S. Putnam (*pro hac vice*)
    *marvin.putnam@lw.com*
   Jessica Stebbins Bina (*pro hac vice*)
    *jessica.stebbinsbina@lw.com*
   Elizabeth A. Greenman (*pro hac vice*)
    *elizabeth.greenman@lw.com*
10250 Constellation Blvd., Suite 1100
Los Angeles, California 90067
Tel: +1.424.653.5500
Fax: +1.424.653.5501

**LATHAM & WATKINS LLP**
   Michele D. Johnson (*pro hac vice*)
    *michele.johnson@lw.com*
650 Town Center Drive, 20th Floor
Costa Mesa, California 92626-1925
Tel: +1.714.540.1235
Fax: +1.714.755.8290

*Attorneys for Defendants Thomas Brady, Gisele*

*Bündchen, Lawrence Gene David, and Shaquille O'Neal*

**GIBSON, DUNN & CRUTCHER LLP**

Matthew S. Kahn (*pro hac vice*)
  MKahn@gibsondunn.com
Michael J. Kahn (*pro hac vice*)
  MJKahn@gibsondunn.com
555 Mission Street, Suite 3000
San Francisco, CA 94105-0921
Phone: 415.393.8200

Michael Dore (*pro hac vice*)
  MDore@gibsondunn.com
Jamila MacEbong (*pro hac vice*)
  JMacEbong@gibsondunn.com
333 South Grand Avenue
Suite 4600
Los Angeles, CA 90071-3197
Phone: 213.229.7155

*Attorneys for Defendants Golden State Warriors, LLC and Naomi Osaka*

**AKERMAN LLP**
350 East Las Olas Boulevard – Suite 1600
Ft. Lauderdale, FL 33301
Tel.: 954-463-2700
Fax: 954-468-2454

By: */s/ Christopher S. Carver*
    Christopher S. Carver, Esq.
    Florida Bar No. 993580
    *christopher.carver@akerman.com*
    Jason S. Oletsky, Esq.
    Florida Bar No. 9301
    *jason.oletsky@akerman.com*
    Katherine A Johnson, Esq.
    Florida Bar No. 1040357
    *katie.johnson@akerman.com*

*Attorneys for Defendants Udonis Haslem and David Ortiz*

**WEIL, GOTSHAL & MANGES LLP**

By: */s/ Edward Soto*
    Edward Soto (FBN 0265144)
    *edward.soto@weil.com*
    1395 Brickell Avenue, Suite 1200
    Miami, FL 33131-3368
    Tel.: (305)-577-3100

*Attorney for Defendant Shohei Ohtani*

**McDERMOTT WILL & EMERY LLP**
333 SE 2nd Ave., Suite 4500
Miami, Florida 33131
Telephone: (212) 547-5768
Facsimile: (305) 347-6500

By: */s/ Nathan Bull*
   Nathan Bull (Fla. Bar No. 1029523)
   nbull@mwe.com

**McDERMOTT WILL & EMERY LLP**
  Jason D. Strabo (*pro hac vice*)
   jstrabo@mwe.com
  Ellie Hourizadeh (*pro hac vice*)
   ehourizadeh@mwe.com
2049 Century Park East, Suite 3200
Los Angeles, CA 90067
Telephone: (310) 788-4125
Facsimile: (310) 277-4730

**McDERMOTT WILL & EMERY LLP**
  Sarah P. Hogarth (*pro hac vice*)
   shogarth@mwe.com
500 North Capitol Street NW
Washington, DC 20001
Telephone: (202) 756-8354
Facsimile: (202) 756-8087

*Attorneys for Defendant Stephen Curry*

**MARCUS NEIMAN RASHBAUM**
**& PINEIRO LLP**
100 Southeast Third Avenue, Suite 805
Fort Lauderdale, Florida 33394
Tel: (954) 462-1200

2 South Biscayne Blvd., Suite 2530
Miami, Florida 33131
Tel: (305)-400-4260

By: */s/ Jeffrey Neiman*
   Jeffrey Neiman
   Fla Bar. No. 544469
    jneiman@mnrlawfirm.com
   Jeffrey Marcus
   Fla. Bar No. 310890
    jmarcus@mnrlawfirm.com
   Michael Pineiro
   Fla. Bar No. 041897
    mpineiro@mnrlawfirm.com
   Brandon Floch
   Fla. Bar No. 125218
    bfloch@mnrlawfirm.com

**BERK BRETTLER LLP**
9119 Sunset Boulevard
West Hollywood, CA 90069
Tel.: (310) 278-2111
Andrew B. Brettler (*pro hac vice*)
  *abrettler@berkbrettler.com*

*Attorneys for Defendant Kevin O'Leary and Solomid Corporation*