UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
No. 1:23-md-3076-KMM

*In re*

*FTX Cryptocurrency Exchange Collapse Litigation*

This Document Relates to the Administrative Class Action Complaint and Demand for Jury Trial as to the Bank Defendants (ECF No. 155)

**DEFENDANTS DELTEC BANK AND TRUST COMPANY LIMITED AND JEAN CHALOPIN'S OPPOSITION TO PLAINTIFFS' MOTION TO <u>SERVE PROCESS THROUGH ALTERNATE MEANS</u>**

## **TABLE OF CONTENTS**

Page

PRELIMINARY STATEMENT ................................................................................................. 1

BACKGROUND .......................................................................................................................... 2

      A.      The Florida Complaint ................................................................................... 2

      B.      The Washington Complaint ........................................................................... 2

      C.      Failure to Serve the Washington Complaint ................................................. 3

ARGUMENT ................................................................................................................................ 4

    I.      Plaintiffs Are Not Entitled to Relief Under Rule 4(f)(3) Because They Have Not Attempted to Effectuate Service Through Recognized Methods ........... 5

    II.      Plaintiffs Have Failed to Show Extenuating Circumstances Justifying This Court's Intervention in Effectuating Service on Deltec and Mr. Chalopin ............ 6

      A.      Plaintiffs Cannot Credibly Claim that Deltec and Mr. Chalopin Are Evading Service or that their Addresses Are Unknown ............................. 6

      B.      Plaintiffs Cannot Credibly Claim Any Urgency Here ............................... 8

      C.      Plaintiffs Cannot Credibly Claim that Service through the Bahamian Central Authority Is Difficult ....................................................................... 8

    III.      Rule 4(f)(3) Provides an Alternate Method to Effect Service in a Foreign Country, Not Within the United States, as Plaintiffs Are Seeking ........................ 9

CONCLUSION ........................................................................................................................... 10

# **TABLE OF AUTHORITIES**

### CASES

PAGE(S)

*Brookshire Bros. v. Chiquita Brands Int'l*,
   2007 WL 1577771 (S.D. Fla. May 31, 2007) ........................................................................ 7

*Codigo Music, LLC v. Televisa S.A. de C.V.*,
   2017 WL 4346968 (S.D. Fla. Sept. 29, 2017) ................................................................. 5, 6, 9

*GR OPCO, LLC v. Chubb Ltd.*,
   2021 WL 7500321 (S.D. Fla. Jan. 27, 2021) ...................................................................... 5, 6

*Int'l Designs Corp. v. Qingdao SeaForest Hair Prods. Co.*,
   2018 WL 2364297 (S.D. Fla. Jan. 4, 2018) ........................................................................ 4, 6

*Osio v. Moros*,
   2021 WL 1564359 (S.D. Fla. Apr. 21, 2021) ......................................................................... 5

*Rio Props., Inc. v. Rio Int'l Interlink*,
   284 F.3d 1007 (9th Cir. 2002) ................................................................................................ 7

*Signify N. Am. Corp. v. Robe Lighting Inc.*,
   2021 WL 3419188 (S.D. Fla. Jan. 4, 2021) ........................................................................ 4, 7

*In re Takata Airbag Prods. Liab. Litig.*,
   2017 WL 8809362 (S.D. Fla. Mar. 24, 2017),
   *report and rec. adopted*, 2017 WL 8809106 (S.D. Fla. Apr. 27, 2017) ................................. 7

*In re Zantac (Ranitidine) Prods. Liab. Litig.*,
   2020 WL 5501141 (S.D. Fla. Sept. 11, 2020) ................................................................. 5, 6, 8

*In re Zantac (Ranitidine) Prods. Liab. Litig.*,
   2021 WL 1989928 (S.D. Fla. Apr. 1, 2021) ........................................................................... 7

### STATUTES & RULES

Fed. R. Civ. P. 4(f) ............................................................................................................ *passim*

### OTHER AUTHORITIES

Bahamas - Central Authority & practical information, *available at*
   https://www.hcch.net/en/states/authorities/details3/?aid=282 .................................................. 9

Defendants Deltec Bank and Trust Company Limited ("Deltec") and Jean Chalopin, by and through their undersigned attorneys, respectfully submit this memorandum of law in opposition to Plaintiffs' Motion to Serve Certain Defendants with Process Through Alternate Means (the "Motion") (ECF No. 280) and state as follows:

## PRELIMINARY STATEMENT

Plaintiffs' Motion to proceed with alternative service on a Bahamian financial institution and its Bahamas-based chairman is unsupported, premature (at best), and should be denied.

Plaintiffs' claims against Deltec and Mr. Chalopin are asserted in two duplicative complaints that have been consolidated as part of this multidistrict litigation. On February 22, 2023, Plaintiff Connor O'Keefe filed a putative class action complaint in this district against multiple defendants, including Deltec and Mr. Chalopin. *See O'Keefe v. Sequoia Cap. Operations, LLC et al.*, No. 1:23-cv-20700 (S.D. Fla. filed Feb. 22, 2023) (the "Florida Complaint"). Because Deltec and Mr. Chalopin are both Bahamian residents and citizens who have no presence or activities in Florida, O'Keefe served the Florida Complaint on these defendants through the Bahamian Central Authority; such service was effectuated in May 2023. Then, on July 26, 2023, Plaintiffs filed a second complaint against Deltec and Mr. Chalopin in the Eastern District of Washington, asserting virtually identical allegations and claims. *See O'Keefe v. Farmington State Bank et al.*, No. 2:23-cv-00213 (E.D. Wash. filed Jul. 26, 2023) (the "Washington Complaint").

This Motion concerns the second complaint, which Plaintiffs seemingly have made no attempt to serve on either Deltec or Mr. Chalopin via the Hague Convention's prescribed channels. Plaintiffs have not satisfied and cannot satisfy the requirements of Rule 4(f)(3) of the Federal Rules of Civil Procedure, which govern requests for alternative service. As such, the Motion should be denied.

# BACKGROUND

### A. The Florida Complaint

The Florida Complaint—in which Plaintiffs affirmatively allege that Deltec and Mr. Chalopin are Bahamian residents who are not alleged to have any presence or taken any actions in Florida—was served on Deltec and Mr. Chalopin in May 2023 through the Bahamian Central Authority. After the Florida Complaint was served, Deltec and Mr. Chalopin informed Plaintiffs on multiple occasions that they were not subject to personal jurisdiction anywhere in the United States and invited Plaintiffs to engage on the issue. (Ex. 1 (June 30, 2023 e-mail from R. Zutshi; July 5, 2023 e-mail from R. Zutshi; July 8, 2023 e-mail from R. Zutshi).)

Rather than respond, Plaintiffs took the puzzling position, without any explanation, that Deltec was subject to personal jurisdiction in California, while Mr. Chalopin was subject to personal jurisdiction in Washington. (Ex. 1 (July 11, 2023 e-mail from J. Kaye).) Counsel for Deltec and Mr. Chalopin again informed Plaintiffs that their clients are not subject to personal jurisdiction anywhere in the United States, but invited a discussion with Plaintiffs' counsel. (Ex. 1 (July 14, 2023 e-mail from L. Buchwald).) Deltec and Mr. Chalopin again received no substantive response from Plaintiffs on this point. (Ex. 1 (July 14, 2023 e-mail from J. Kaye).)

### B. The Washington Complaint

On July 26, 2023, two weeks after taking the unsupported position that Deltec was subject to personal jurisdiction in California, Plaintiffs reversed course and filed a complaint in the Eastern District of Washington against both Deltec and Mr. Chalopin. Plaintiffs claimed in the Washington Complaint that the claims were "being filed again before this Court in this District in order to address the arguments [Deltec and Mr. Chalopin] raise regarding whether the Transferee Court [in this multidistrict litigation] has jurisdiction over them for these claims." But the Washington Complaint, which Plaintiffs admitted contains the "same" "substantive

allegations" as the first-filed Florida Complaint, suffers from the exact same fatal defects as to personal jurisdiction—both Complaints allege that Deltec and Mr. Chalopin are *Bahamian residents* and they are not alleged to have taken *any* actions in Florida, Washington, or anywhere else in the United States.

After Plaintiffs filed the Washington Complaint, Deltec and Mr. Chalopin once again informed Plaintiffs that they are not subject to personal jurisdiction anywhere in the United States. (Ex. 1 (July 28, 2023 e-mail from L. Buchwald).) Because of a lack of consensual engagement on this issue, Deltec and Mr. Chalopin have filed a motion to dismiss all claims against them for lack of personal jurisdiction and failure to state a claim and, as to the Washington Complaint only, lack of service. (*See* ECF No. 267.)

### C.     Failure to Serve the Washington Complaint

Deltec and Mr. Chalopin have not been served with the Washington Complaint. And in their Motion, Plaintiffs do not represent that they attempted service of the Washington Complaint through the Bahamian Central Authority (or through any other recognized means).

Rather than attempt such service, Plaintiffs sent an e-mail to Deltec's and Mr. Chalopin's counsel, seeking a waiver of service for "the complaint [filed] in February." (Ex. 2 (Sept. 13, 2023 e-mail from H. Paschal).) In response, Deltec's and Mr. Chalopin's counsel explained that service of the Florida Complaint had in fact been completed through the Bahamian Central Authority, and that they were not authorized to accept service of the Washington Complaint. (Ex. 2 (Sept. 14, 2023 e-mail from L. Buchwald).)

Contrary to Plaintiffs' unfounded assertion that Deltec and Mr. Chalopin "are delaying prosecution of this case by continuing to refuse to accept or otherwise waive service" (Motion at 1), Deltec and Mr. Chalopin have been actively defending the claims asserted against them in both the Florida and Washington Complaints. In fact, weeks prior to the filing of this Motion,

3

Deltec and Mr. Chalopin worked through a consensual stipulation with Plaintiffs for moving to dismiss the complaints and, on the same day that Plaintiffs filed this Motion, Deltec and Mr. Chalopin filed that motion.  (*See* ECF No. 267.)

Now, with no indication that Plaintiffs have even made an initial attempt to serve the Washington Complaint through the Hague Convention's prescribed method of service through the Bahamian Central Authority, Plaintiffs are seeking an order pursuant to Federal Rule of Civil Procedure 4(f)(3) to effectuate service via e-mail to Deltec's and Mr. Chalopin's counsel located in the United States.  There is no basis for such an order.  Plaintiffs' Motion should therefore be denied.

## ARGUMENT

Rule 4(f), which is also applicable to foreign corporations pursuant to Rule 4(h), provides several methods to serve "an individual in a foreign country," including service by "any internationally agreed means . . . such as those authorized by the Hague Convention."  Where, as here, Plaintiffs are seeking to depart from internationally recognized means, a district court may require a plaintiff to demonstrate "that the district court's intervention is necessary" under the "particularities and necessities of a given case."  *Int'l Designs Corp., LLC v. Qingdao SeaForest Hair Products Co.*, 2018 WL 2364297, at *3 (S.D. Fla. Jan. 4, 2018).

Courts in the Southern District of Florida "typically permit alternate service only where the defendant's foreign address is unknown; the defendant has successfully evaded service; failure to permit alternate service will result in unduly long delays in litigation; or where attempted Hague Convention service has failed."  *Signify N. Am. Corp. v. Robe Lighting Inc.*, 2021 WL 3419188, at *2 (S.D. Fla. Jan. 4, 2021) (Moore, J.) (internal quotation marks omitted). "Outside of these circumstances, courts are reluctant to use their discretion to authorize alternate

service when Hague Convention service is available." *GR OPCO, LLC v. Chubb Ltd.*, 2021 WL 7500321, at *5 (S.D. Fla. Jan. 27, 2021) (internal quotation marks omitted).

Plaintiffs have failed to demonstrate that this Court's intervention to issue an order authorizing alternate service of the Washington Complaint is warranted.

I. **Plaintiffs Are Not Entitled to Relief Under Rule 4(f)(3) Because They Have Not Attempted to Effectuate Service Through Recognized Methods**

Where, as here, Plaintiffs have not made attempts to first effectuate service through the prescribed methods under the Hague Convention, they are not entitled to an order authorizing alternate service. *See GR OPCO*, 2021 WL 7500321, at *5 (denying request for alternate service because "Plaintiffs have not tried, in any way, to serve [defendant] through internationally agreed methods nor have they made a persuasive showing that such methods are unduly burdensome or futile"); *Osio v. Maduro Moros*, 2021 WL 1564359, at *3 (S.D. Fla. Apr. 21, 2021) (denying request for alternate service where, among other reasons, "Plaintiffs have not shown that they attempted service under the Hague Convention . . . or that any such attempts failed"); *In re Zantac (Ranitidine) Prods. Liab. Litig.*, 2020 WL 5501141, at *5 (S.D. Fla. Sept. 11, 2020) (denying motion for alternative service because "this is not a case where Plaintiffs have made prior, unsuccessful attempts to serve the well-known, corporate Defendants in their respective countries"); *Codigo Music, LLC v. Televisa S.A. de C.V.*, 2017 WL 4346968, at *10 (S.D. Fla. Sept. 29, 2017) (finding that "Plaintiffs have not demonstrated that the alternative service they seek, which does not include any attempt to serve the Defendant directly, is warranted under the facts of this case" where "the Plaintiffs have not, at this point, reasonably attempted to effectuate service on defendant and [have not shown that the] particular available method of service is unduly burdensome or futile"). Indeed, courts are "wary of circumventing

5

the Hague Convention without Plaintiffs first attempting to comply with its requirements." *GR OPCO*, 2021 WL 7500321, at *5.

Nowhere in their Motion do Plaintiffs claim that they have attempted, but failed, to effectuate service of the Washington Complaint on Deltec and Mr. Chalopin. For this reason alone, the Motion should be denied.

## II. Plaintiffs Have Failed to Show Extenuating Circumstances Justifying This Court's Intervention in Effectuating Service on Deltec and Mr. Chalopin

Courts in this district routinely deny requests for alternate service under Rule 4(f)(3) where "[t]here is no evidence that [a defendant] is evading service, that the [defendant's] address is unknown, that there is any great urgency present in the case, and there has been no showing that service is particularly difficult." *Codigo*, 2017 WL 4346968, at *10. Such considerations are necessary "to prevent parties from immediately seeking alternative service since it would always be preferable, in the present day, to simply email a complaint." *In re Zantac*, 2020 WL 5501141, at *5 (internal quotation marks omitted). Plaintiffs have not made—and cannot make—the required showing.

### A. Plaintiffs Cannot Credibly Claim that Deltec and Mr. Chalopin Are Evading Service or that their Addresses Are Unknown

Courts in this district have routinely declined to authorize alternate service where, as here, there are no credible allegations that defendants are evading service and where defendants' addresses are known. *See, e.g., Int'l Designs Corp.*, 2018 WL 2364297, at *4 (declining to authorize alternate service where "there is no evidence that [defendant's] address is unknown, that [defendant] is evading service, or that any great urgency exists"). As evidenced by the successful service of the Florida Complaint, Deltec's and Mr. Chalopin's addresses have been known to Plaintiffs for months—and these very Plaintiffs effectuated service of the Florida Complaint on Deltec and Mr. Chalopin through compliant channels in recent months. And

6

absent any evidence that Plaintiffs have even attempted service of the Washington Complaint, Plaintiffs cannot credibly claim that Deltec and Mr. Chalopin have evaded service or engaged in any dilatory tactics (they have not).

"While it may be more convenient and efficient to permit alternate service here, that alone is not a sufficient basis." *Signify*, 2021 WL 3419188, at *3. As confirmed by the cases cited in Plaintiffs' own Motion, courts in this district typically authorize alternate service under facts and circumstances that are simply not present here. *See Rio Props., Inc. v. Rio Int'l Interlink*, 284 F.3d 1007, 1016 (9th Cir. 2002) (affirming an order for alternate service where the defendant's overseas address was unknown and a private investigator hired by plaintiff failed to uncover the defendant's whereabouts); *Brookshire Bros. v. Chiquita Brands Int'l, Inc*., 2007 WL 1577771, at *2 (S.D. Fla. May 31, 2007) (ordering alternate service under Rule 4(f)(3) where "Plaintiffs' attempts to perfect service under Rule 4(f)(1) for over a year had come to naught [and] trial was steadily approaching"); *see also In re Takata Airbag Prods. Liab. Litig*., 2017 WL 8809362, at *2 (S.D. Fla. Mar. 24, 2017), *report and rec. adopted*, 2017 WL 8809106 (S.D. Fla. Apr. 27, 2017) (authorizing alternate service after plaintiffs had unsuccessfully attempted Hague Convention service for more than six months while spending more than $25,000); *In re Zantac (Ranitidine) Prods. Liab. Litig*., 2021 WL 1989928, at *2 (S.D. Fla. Apr. 1, 2021) (authorizing alternate service after plaintiffs had unsuccessfully attempted Hague Convention service for more than six months and presented evidence that further delays in effectuating service were likely in light of disruptions related to the Covid-19 pandemic).

Plaintiffs cannot credibly contend that these cases are applicable. They seemingly have not attempted service of the Washington Complaint and, in stark contrast to cases where courts

7

exercised their discretion to allow alternative service, Plaintiffs have identified no reason why they cannot proceed through the proper channels in The Bahamas.

**B.     Plaintiffs Cannot Credibly Claim Any Urgency Here**

Plaintiffs' claim that their own failure to serve the Washington Complaint is leading to delays in the litigation is belied by the facts. On the same day that Plaintiffs filed this Motion claiming that Deltec and Mr. Chalopin were attempting to "stall [this] case" by declining to waive service of the Washington Complaint (Motion at 1), Deltec and Mr. Chalopin filed a joint motion to dismiss both the Florida and Washington Complaints in full, including on the grounds that there is no personal jurisdiction, that Plaintiffs fail to state a claim, and (as to the Washington Complaint only) that Plaintiffs failed to effectuate service. (*See* ECF No. 267.) Contrary to Plaintiffs' unsupported claims in their Motion, Deltec and Mr. Chalopin are actively participating in this litigation and have already made a fully case-dispositive motion.

At bottom, "[t]his is not a case where the Defendants are represented to be in hiding or where the Defendants do not maintain known, physical addresses. This is not an older case with discovery in an advanced stage and trials that are imminent. Finally, this is not a case where Plaintiffs have made prior, unsuccessful attempts to serve the well-known, corporate Defendants in their respective countries." *In re Zantac*, 2020 WL 5501141, at *5. Plaintiffs simply do not identify any circumstances that warrant alternate service of the Washington Complaint pursuant to Rule 4(f)(3).

**C.     Plaintiffs Cannot Credibly Claim that Service through the Bahamian Central Authority Is Difficult**

Despite acknowledging that service of the Florida Complaint was effectuated through the Bahamian Central Authority (Motion at 5), Plaintiffs inexplicably contend—without any evidence whatsoever—that "[a]bsent an order from this Court, it will be an overwhelmingly slow

8

and costly process to effect service [of the Washington Complaint]" and that such service "could take as long as 12 months and cost upwards of $100,000 per Defendant." (*Id.* at 10.) But service of the Florida Complaint was effectuated in under three months, and Plaintiffs do not offer any evidence to show that such service cost anywhere near $200,000 to complete. Indeed, the Hague Convention's official webpage (which Plaintiffs cite in their Motion) estimates that service requests directed to the Bahamian Central Authority are executed within four to eight weeks and it costs $80 for a Bahamian peace officer to attempt service.[1]

To be sure, if Plaintiffs had timely initiated service of the Washington Complaint through the Bahamian Central Authority after it was filed in July 2023, service upon Deltec and Mr. Chalopin may well have been completed by this time. Plaintiffs' lack of diligence in serving does not warrant an order for alternate service under Rule 4(f)(3).

### III. Rule 4(f)(3) Provides an Alternate Method to Effect Service in a Foreign Country, Not Within the United States, as Plaintiffs Are Seeking

Plaintiffs' Motion overlooks that the alternate service they request—service on Deltec's and Mr. Chalopin's counsel in this litigation—is proposed to take place entirely within the United States. Though Plaintiffs' proposed "Service Plan" seeks to effectuate service via e-mail directly on the other defendants named in Plaintiffs' Motion (Temasek, SoftBank, and Sino Global), as to Deltec and Mr. Chalopin, Plaintiffs are solely seeking to effectuate service via e-mail to their litigation counsel, all of whom are located within the United States. (*See* Motion at 18.)

This Court has held that "the plain language of Rule 4(f)(3) requires that the alternative service sought contain, at least, some component of service that will occur outside of the United

---

[1] *See* Bahamas - Central Authority & practical information, *available at* https://www.hcch.net/en/states/authorities/details3/?aid=282 (last updated April 14, 2021).

9

States." *Codigo*, 2017 WL 4346968, at *13 ("Rule 4(f) is entitled 'Serving an Individual in a Foreign Country.' Fed. R. Civ. P. 4(f). That Rule and its subparts deal only with service in a place 'not within any judicial district in the United States.'"). Because "Rule 4(f)(3) necessarily contemplates service by other means for purposes of service outside of the United States," Plaintiffs are not entitled to the relief they seek under the plain terms of Rule 4(f). *Id.*

## CONCLUSION

For the foregoing reasons, Defendants Deltec and Mr. Chalopin respectfully request that the Court deny Plaintiffs' Motion with regard to the proposed alternate service of the Washington Complaint.

Dated: October 5, 2023
   New York, New York

Respectfully submitted,

/s/ *Lara Samet Buchwald*
Lara Samet Buchwald
NY Bar No. 4700944
(*Certificate of Understanding filed*)
lara.buchwald@davispolk.com
Tatiana Martins
NY Bar No. 4300455
(*Certificate of Understanding filed*)
tatiana.martins@davispolk.com
**Davis Polk & Wardwell LLP**
450 Lexington Avenue
New York, New York 10017
Tel: 212-450-4000
Fax: 212-701-5351

-and-

Mallory M. Cooney
Florida Bar No. 125659
mallory.cooney@klgates.com
Desirée Moore
Illinois Bar No. 6286198
(*Certificate of Understanding filed*)
desiree.moore@klgates.com
**K&L Gates LLP**
200 S. Biscayne Blvd.
Miami, FL 33131
Tel: 305-539-3300
Fax: 305-358-7095

*Attorneys for Defendants Deltec Bank and Trust Company Limited and Jean Chalopin*

11