UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MDL No. 3076
Case No. 1:23-md-03076-KMM

IN RE:

FTX Cryptocurrency Exchange Collapse Litigation

THIS DOCUMENT RELATES TO:

Defendants SoftBank Group Corp., SoftBank Investment Advisers (UK) Limited, and SoftBank Global Advisers Limited

*O'Keefe v. Sequoia Capital Operations, LLC*, No. 1:23-cv-20700 (S.D. Fla.)

*Chernyavsky v. Temasek Holdings (Private) Limited*, No. 1:23-cv-22960 (S.D. Fla.)

*Cabo v. Temasek Holdings (Private) Limited*, No. 1:23-cv-23212 (S.D. Fla.)

/

**DEFENDANTS SOFTBANK GROUP CORP., SOFTBANK INVESTMENT ADVISERS (UK) LIMITED, AND SOFTBANK GLOBAL ADVISERS LIMITED'S OPPOSITION TO PLAINTIFFS' MOTION TO SERVE CERTAIN DEFENDANTS WITH PROCESS THROUGH ALTERNATE MEANS**

# TABLE OF CONTENTS

PRELIMINARY STATEMENT ............................................................................................... 1

BACKGROUND .................................................................................................................. 3

I.  SBG, SBIA, and SBGA Do Not Belong in This Litigation. .............................................. 3

II. Plaintiffs Belatedly Request Alternative Means of Service Without Having Made Any Attempt to Serve SBG, SBIA, and SBGA Through the Hague Service Convention. ................................................................................................................. 3

LEGAL STANDARD ............................................................................................................ 4

ARGUMENT ....................................................................................................................... 5

I.  Alternate Service Is Not Warranted Because Plaintiffs Make No Showing of Reasonable Attempts to Effect Service or a Need for Court Intervention. ..................... 5

II. Plaintiffs' Requested Alternative Service Methods Are Improper. ................................. 9

CONCLUSION .................................................................................................................. 11

# TABLE OF AUTHORITIES

Page(s)

**Cases**

*Adidas AG v. adidas.style*,
  2018 WL 1801197 (S.D. Fla. Feb. 7, 2018) ............................................................................8

*AGIS Software Dev., LLC v. ZTE Corp.*,
  2018 WL 4053897 (E.D. Tex. July 20, 2018) .........................................................................6

*Brookshire Bros. v. Chiquita Brands Int'l, Inc.*,
  2007 WL 1577771 (S.D. Fla. May 31, 2007) .........................................................................8

*Caballero v. Ejercito de Liberacion Nacional*,
  2019 WL 11505368 (S.D. Fla. Apr. 3, 2019) ....................................................................6, 10

*Castaneda v. Luitpold Pharms., Inc.*,
  2022 WL 17542939 (M.D. Fla. Nov. 14, 2022) .....................................................................7

*CFTC v. Fingerhut*,
  2020 WL 4499198 (S.D. Fla. May 29, 2020) .........................................................................7

*Chanel, Inc. v. Individual, P'ship, or Unincorporated Ass'n*,
  2018 WL 7253306 (S.D. Fla. June 7, 2018) ...........................................................................8

*Chanel, Inc. v. Lin*,
  2009 WL 1034627 (S.D. Fla. Apr. 16, 2009) .......................................................................10

*Chengdu Jiechen Tech. Ltd. v. Trobing-US*,
  2021 WL 10382802 (S.D. Fla. Aug. 10, 2021) .......................................................................8

*Codigo Music, LLC v. Televisa S.A. de C.V.*,
  2017 WL 4346968 (S.D. Fla. Sept. 29, 2017) .........................................................................9

*Drew Techs., Inc. v. Robert Bosch, L.L.C.*,
  2013 WL 6797175 (E.D. Mich. 2013) ....................................................................................9

*Ehrenfeld v. Salim a Bin Mahfouz*,
  2005 WL 696769 (S.D.N.Y. Mar. 23, 2005) ......................................................................7, 8

*Emqore Envesecure Priv. Cap. Tr. v. Singh*,
  2020 WL 12654314 (D.N.J. July 9, 2020) ............................................................................10

*Fitzpatrick v. Bank of N.Y. Mellon*,
  580 F. App'x 690 (11th Cir. 2014) .........................................................................................6

*Fraserside Ip LLC v. Kovalchuk*,
    2013 WL 12090322 (S.D. Fla. Feb. 12, 2013) ................................................................7, 10

*Freedom Watch, Inc. v. Org. of Petroleum Exporting Countries (OPEC)*,
    107 F. Supp. 3d 134 (D.D.C. 2015) ..............................................................................................9

*Fru Veg Mktg., Inc. v. Vegfruitworld Corp.*,
    896 F. Supp. 2d 1175 (S.D. Fla. 2012) ........................................................................................8

*In re Farm-Raised Salmon & Salmon Prods. Antitrust Litig.*,
    2019 WL 13062201 (S.D. Fla. May 14, 2019) ...........................................................................8

*In re Int'l Telemedia Assocs.*,
    245 B.R. 713 (Bankr. N.D. Ga. 2000) ..........................................................................................8

*In re One Apus Container Ship Incident on Nov. 30, 2022*,
    2022 WL 17370122 (S.D.N.Y. Dec. 2, 2022) .............................................................................8

*In re Zantac (Ranitidine) Prod. Liab. Litig.*,
    2020 WL 5501141 (S.D. Fla. Sept. 11, 2020) ....................................................................5, 6, 7

*Int'l Designs Corp. v. Qingdao SeaForest Hair Prod. Co.*,
    2018 WL 2364297 (S.D. Fla. Jan. 4, 2018) ............................................................................5, 7

*Karsten Mfg. Corp. v. Store*,
    2018 WL 8060707 (S.D. Fla. July 26, 2018) ..............................................................................8

*Liberty Media Holdings, LLC v. March*,
    2011 WL 197838 (S.D. Cal. Jan. 20, 2011) ................................................................................8

*Louis Vuitton Malletier v. aaalvshop.com*,
    2019 WL 7911372 (S.D. Fla. Aug. 13, 2019) .............................................................................8

*Malletier v. lvhut.net*,
    2022 WL 393369 (S.D. Fla. Feb. 7, 2022) ..................................................................................8

*Nat'l Ass'n for Stock Car Auto Racing, Inc. v. Does*,
    584 F. Supp. 2d 824 (W.D.N.C. 2008) ........................................................................................8

*Nuance Commc'ns, Inc. v. Abbyy Software House*,
    626 F.3d 1222 (Fed. Cir. 2010) ....................................................................................................7

*Osio v. Maduro Moros*,
    2021 WL 1564359 (S.D. Fla. Apr. 21, 2021) .............................................................................7

*Oueiss v. Al Saud*,
    2021 WL 5088942 (S.D. Fla. Jan. 18, 2021) ..............................................................................7

*Popular Enters., LLC v. Webcom Media Grp., Inc.*,
  225 F.R.D. 560 (E.D. Tenn. 2004) ......................................................................................... 8

*Richemont Int'l SA v. Individuals, P'ships & Unincorporated Ass'ns Identified on Schedule A*,
  2020 WL 6484125 (S.D. Fla. July 13, 2020) ........................................................................ 8

*Rio Props., Inc. v. Rio Int'l Interlink*,
  284 F.3d 1007 (9th Cir. 2002) ............................................................................................... 7

*Ryan v. Brunswick Corp.*,
  2002 WL 1628933 (W.D.N.Y. May 31, 2002) ..................................................................... 7

*Signify N. Am. Corp. v. Robe Lighting Inc.*,
  2021 WL 3419188 (S.D. Fla. Jan. 4, 2021) ................................................................ 1, 5, 7, 9

*Stat Med. Devices, Inc. v. HTL-Strefa, Inc.*,
  2015 WL 5320947 (S.D. Fla. Sept. 14, 2015) ....................................................................... 8

*Swarna v. Al-Awadi*,
  2007 WL 2815605 (S.D.N.Y. Sept. 20, 2007) ................................................................... 7, 8

*Tiffany (NJ) LLC v. DORAPANG Franchise Store*,
  2018 WL 4828430 (S.D. Fla. July 17, 2018) ........................................................................ 8

*Yeti Coolers, LLC v. Individuals, Bus. Entities & Unincorporated Ass'ns Identified on Schedule "A"*,
  2023 WL 5659522 (S.D. Fla. July 24, 2023) ........................................................................ 7

**Other Authorities**

Fed. R. Civ. P. Rule 4(f) ................................................................................................. *passim*

Fed. R. Civ. P. Rule 4(h) ...................................................................................................... 4, 9

Fed. R. Civ. P. Rule 12(b) ..................................................................................................... 1, 4

Defendants SoftBank Group Corp. ("SBG"), SoftBank Investment Advisers (UK) Limited ("SBIA"), and SoftBank Global Advisers Limited ("SBGA") respectfully submit this memorandum of law in support of their opposition to Plaintiffs' Motion to Serve Certain Defendants with Process Through Alternate Means (ECF No. 280) (the "Motion" or "Mot.").[1]

**PRELIMINARY STATEMENT**

In this sprawling litigation—involving dozens of defendants and underlying actions—Plaintiffs have largely treated defendants SBG, SBIA, and SBGA as an afterthought, and for good reason. The Complaint[2] contains only sparse, unremarkable allegations about these defendants, none of which come close to stating a claim. Tellingly, Plaintiffs have apparently made no effort to properly serve them with process as required. Indeed, Plaintiffs concede that SBG, SBIA, and SBGA are located in countries that are signatories to the Hague Service Convention,[3] but Plaintiffs fail to comply with the requirements of that international treaty. Despite their lack of diligence, Plaintiffs now argue that this Court should permit them to serve SBG, SBIA, and SBGA through alternative means. That request should be denied for two reasons.

*First*, Plaintiffs' request for alternative service should be denied because "courts typically permit alternate service only where the defendant's foreign address is unknown; the defendant has successfully evaded service; failure to permit alternate service will result in unduly long delays in litigation; or where attempted Hague Convention service has failed." *Signify N. Am. Corp. v. Robe*

---

[1] Defendants SBG, SBIA, and SBGA have filed motions to dismiss pursuant to Rules 12(b)(5) and 12(b)(6) of the Federal Rules of Civil Procedure. These defendants file this opposition without prejudice to their positions taken in those motions.

[2] The "Complaint" or "Compl." is the "[Corrected] Administrative Class Action Complaint and Demand for Jury Trial: Multinational VC Defendants" (ECF No. 182).

[3] The "Hague Service Convention" is the Convention of 15 November 1965 on the Service Abroad of Judicial and Extrajudicial Documents in Civil or Commercial Matters (HCCH 1965 Service Convention).

*Lighting Inc.*, 2021 WL 3419188, at *2 (S.D. Fla. Jan. 4, 2021) (Moore, J.) (quotations omitted). Plaintiffs fail to show that any of those conditions are present here. The Court should reject Plaintiffs' Motion for that reason alone.

***Second***, Plaintiffs' Motion should be denied because their proposed methods of alternative service are improper. Plaintiffs request permission to serve SBG, SBIA, and SBGA by emailing those entities' United States-based counsel. Though authority is split, the better reading of Rule 4(f)(3) requires that such alternate service take place *outside* of the United States. That straightforward interpretation of Rule 4(f)(3) prohibits Plaintiffs' plan to serve counsel in the United States.

Plaintiffs also request permission to effect service by emailing two alleged "executives" from SBIA and SBGA. That request should be rejected because Plaintiffs fail to provide any assurance that serving the email addresses that Plaintiffs claim belong to those "executives" will provide the notice required by due process. As an initial matter, Plaintiffs do not claim that either "executive" is affiliated with SBG. Further, the documents that Plaintiffs purportedly relied on to identify those email addresses are roughly a year old (if not older). Plaintiffs admit that they have not tested those email addresses and make no other showing that the addresses are monitored by anyone from SBIA and SBGA, much less anyone from SBG. In fact, by Plaintiffs' own allegations, one of the "executives" no longer works for any SoftBank entity. Because Plaintiffs fail to provide compelling evidence that those email addresses are currently valid or actively used by these defendants, this proposed means of alternative service should be rejected.

For these reasons, as explained more fully below, this Court should deny Plaintiffs' Motion to serve SBG, SBIA, and SBGA with process through alternate means.

## BACKGROUND

I. **SBG, SBIA, and SBGA Do Not Belong in This Litigation.**

Plaintiffs brought this suit in the wake of FTX's[4] collapse. They allege that they were customers of FTX and lost their money when FTX unraveled. Plaintiffs have filed lawsuits across the country naming several defendants, including venture capital firms that held small minority equity investments in FTX. Those defendants include three foreign entities relevant here: SBG, SBIA, and SBGA.

As explained in the motion to dismiss for failure to state a claim joined by SBG, SBIA, and SBGA (ECF No. 303), the claims against those entities border on frivolous. The operative Complaint contains only a handful of factual allegations about these entities, none of which come close to showing that they knew about or were involved in FTX's wrongdoing. In fact, Plaintiffs' own Complaint alleges that FTX's insiders defrauded the company's equity investors and that those equity investors ultimately lost their entire investments. (*See id.* at 6–7, 11.) And the U.S. Department of Justice and the U.S. Securities and Exchange Commission agree that FTX's equity investors were deceived by FTX and were *victims*—not perpetrators—of FTX's fraud. (*See id.* at 6–7.)

II. **Plaintiffs Belatedly Request Alternative Means of Service Without Having Made Any Attempt to Serve SBG, SBIA, and SBGA Through the Hague Service Convention.**

Plaintiffs themselves allege that SBG is located in Japan (Compl. ¶ 30; Mot. at 10) and that SBIA and SBGA are located in the United Kingdom (Compl. ¶ 33; Mot. at 10). Although Plaintiffs filed their first lawsuit against SBG more than seven months ago, Plaintiffs do not claim that they have attempted to serve any of those three entities at any point during the pendency of this

---

[4] "FTX" refers to FTX Trading Ltd. and West Realm Shires Inc. and their respective subsidiaries.

3

litigation. (*See* Mot. at 8; ECF No. 280-1 ("Wells Decl.") ¶ 13.) Rather, Plaintiffs' self-described "service efforts to date" with respect to SBG, SBIA, and SBGA consist merely of requesting waivers of service. (Wells Decl. at 3, ¶ 13.)

Notwithstanding their lack of actual "service efforts," on September 21, 2023, Plaintiffs filed their Motion asking the Court to authorize service by email to: (1) SBG's, SBIA's, and SBGA's counsel located in the United States; or (2) two alleged "SoftBank executives" (Rajeev Misra, who they allege is CEO of SBIA and SBGA, and Tom Cheung, who they allege is a partner at SBIA but concede left the firm in September 2022). (Mot. at 18; Wells Decl. ¶ 15; Compl. ¶ 366.) Plaintiffs speculate, without support, that service for the seven defendants addressed in the Motion "*could* take as long as 12 months and cost upwards of $100,000 per Defendant *in some cases*." (Mot. at 10 (emphasis added).)

A day later, on September 22, 2023, SBG, SBIA, and SBGA moved to dismiss Plaintiffs' claims for insufficient service of process under Rule 12(b)(5) of the Federal Rules of Civil Procedure and this Court's August 25, 2023 Order. (*See* ECF No. 216 (ordering that "Defendants seeking to raise unique issues or defenses not encompassed by the joint Rule 12(b)(6) or Rule 12(b)(2) motions, e.g., a challenge to adequacy of service of process, are permitted to file individual motions and memoranda of law of up to 3 pages").)

## **LEGAL STANDARD**

Federal Rule of Civil Procedure 4(h) governs service on corporations, including foreign corporations like SBG, SBIA, and SBGA. Plaintiffs invoke Rule 4(h)(2) and Rule 4(f)(3). (Mot. at 1 & n.8.) Rule 4(h)(2) governs service "at a place not within any judicial district of the United States" and permits service "in any manner prescribed by Rule 4(f)." Rule 4(f)(3) permits service "by other means not prohibited by international agreement, as the court orders." It is in the Court's

4

"sound discretion to determine when the particularities and necessities of a given case require alternate service of process under Rule 4(f)(3)." *Int'l Designs Corp. v. Qingdao SeaForest Hair Prod. Co.*, 2018 WL 2364297, at *3 (S.D. Fla. Jan. 4, 2018) (quotations omitted).

## ARGUMENT

**I.    Alternate Service Is Not Warranted Because Plaintiffs Make No Showing of Reasonable Attempts to Effect Service or a Need for Court Intervention.**

Plaintiffs do not claim to have made any effort to serve SBG, SBIA, or SBGA. This Court "typically permit[s]" Rule 4(f)(3) alternate service "only where [1] the defendant's foreign address is unknown; [2] the defendant has successfully evaded service; [3] failure to permit alternate service will result in unduly long delays in litigation; or [4] where attempted Hague Convention service has failed." *Signify*, 2021 WL 3419188, at *2 (denying request for alternate service by email to U.S. counsel). Indeed, courts in this District recognize that, "[a]lthough such requirements are not expressly provided for in Rule 4(f)(3), they are worthy of consideration to prevent parties from immediately seeking alternative service since it would always be preferable, in the present day, to simply email a complaint." *In re Zantac (Ranitidine) Prod. Liab. Litig.*, 2020 WL 5501141, at *5 (S.D. Fla. Sept. 11, 2020) (quotations omitted). Plaintiffs' Motion should be denied because they have not shown that any of those considerations are applicable here.

*First*, Plaintiffs cannot claim SBG's, SBIA's, or SBGA's "foreign address[es are] unknown." *Signify*, 2021 WL 3419188, at *2. In fact, the Complaint lists foreign addresses for each of the three entities. (Compl. ¶¶ 30, 33.)

*Second*, Plaintiffs do not and cannot claim that SBG, SBIA, or SBGA has done anything to "evade[] service." *Signify*, 2021 WL 3419188, at *2.

*Third*, Plaintiffs' unsupported assertions that requiring proper service on SBG, SBIA, and SBGA *may* be expensive or cause delays should be rejected. (*See* Mot. at 10.) Plaintiffs provide

5

no basis for those speculative claims and, in any event, the "fact that service of process . . . is expensive and time consuming is generally not sufficient to demonstrate that the facts and circumstances necessitate the district court's intervention." *Caballero v. Ejercito de Liberacion Nacional*, 2019 WL 11505368, at *2–3 (S.D. Fla. Apr. 3, 2019) (Moore, J.) (denying request for alternative service by mail and email).

Plaintiffs' arguments about delay also ring hollow in light of their request to stay this litigation pending the conclusion of Sam Bankman-Fried's criminal trial. (ECF No. 317.) Discovery is also currently stayed (*see* ECF Nos. 152, 318) and motion to dismiss briefing has just begun. This is not "an older case with discovery in an advanced stage and trials that are imminent." *In re Zantac*, 2020 WL 5501141, at *5 (denying request for alternative service where "no great urgency exist[ed] such that the Court should, without any record of frustrated service attempts, order alternative service" (quotations omitted)). And if Plaintiffs were truly concerned about timeliness and delay, they would have begun the process of service seven months ago, when they first named SBG as a defendant in the *O'Keefe v. Sequoia Capital Operations, LLC*, No. 1:23-cv-20700 (S.D. Fla.), action.

***Finally***, Plaintiffs have not even tried to properly serve SBG, SBIA, and SBGA. Plaintiffs admit that the Hague Service Convention governs service of process on SBG, SBIA, and SBGA, as Japan and the United Kingdom are signatories. (*See* Mot. at 10.) However, ***according to Plaintiffs***, the full extent of their "service efforts" on SBG, SBIA, and SBGA is that Plaintiffs requested service waivers from SBG's, SBIA's, and SBGA's counsel. (Wells Decl. at 3, ¶ 13.) That is insufficient.[5] Plaintiffs' unexplained failure to even attempt service on SBG, SBIA, and

---

[5] Of course, SBG, SBIA, and SBGA are not required to waive service simply because Plaintiffs asked. *See Fitzpatrick v. Bank of N.Y. Mellon*, 580 F. App'x 690, 694 (11th Cir. 2014) ("A defendant is not required to waive formal service if requested."); *AGIS Software Dev., LLC v. ZTE*

6

SBGA through the Hague Service Convention, despite this litigation's pendency since February of this year, is "[f]atal" to Plaintiffs' Motion. *Castaneda v. Luitpold Pharms., Inc.*, 2022 WL 17542939, at *2 (M.D. Fla. Nov. 14, 2022) (denying motion for alternative service by email on defendant's counsel).[6]

Plaintiffs' cited authorities are inapposite. To begin, many of those decisions addressed service in countries that were not signatories to the Hague Service Convention or otherwise refused to accept service via the Hague Service Convention.[7] By contrast, the two relevant jurisdictions here—Japan and the United Kingdom—are both signatories, and Plaintiffs do not contend that either country would refuse to accept service properly made under the Hague Service Convention. Plaintiffs also cite several cases in which alternate service was necessary because plaintiffs had difficulty locating a defendant.[8] That is not an issue here—Plaintiffs included SBG's, SBIA's, and

---

*Corp.*, 2018 WL 4053897, at *3 (E.D. Tex. July 20, 2018) (explaining that defendants "are not obligated to waive service under the Hague Convention").

[6] *See also Signify*, 2021 WL 3419188, at *3 (denying request for alternate service because plaintiffs knew defendant's address and did not allege evasion of service, undue delay, or any failed attempt at service via the Hague Service Convention); *Osio v. Maduro Moros*, 2021 WL 1564359, at *3 (S.D. Fla. Apr. 21, 2021) (similar); *In re Zantac*, 2020 WL 5501141, at *5 (similar); *CFTC v. Fingerhut*, 2020 WL 4499198, at *2 (S.D. Fla. May 29, 2020) (similar); *Int'l Designs*, 2018 WL 2364297, at *4 (similar); *Fraserside Ip LLC v. Kovalchuk*, 2013 WL 12090322, at *3 (S.D. Fla. Feb. 12, 2013) (similar).

[7] *See, e.g.*, *Rio Props., Inc. v. Rio Int'l Interlink*, 284 F.3d 1007, 1015 n.4 (9th Cir. 2002) (involving service in a non-signatory to the Hague Service Convention); *Ryan v. Brunswick Corp.*, 2002 WL 1628933, at *1 (W.D.N.Y. May 31, 2002) (similar); *Ehrenfeld v. Salim a Bin Mahfouz*, 2005 WL 696769, at *2 (S.D.N.Y. Mar. 23, 2005) (similar); *Oueiss v. Al Saud*, 2021 WL 5088942, at *7 (S.D. Fla. Jan. 18, 2021) (similar); *Swarna v. Al-Awadi*, 2007 WL 2815605, at *1 (S.D.N.Y. Sept. 20, 2007) (involving service on Kuwaiti diplomat whom France refused to serve); *Nuance Commc'ns, Inc. v. Abbyy Software House*, 626 F.3d 1222, 1237–38 (Fed. Cir. 2010) (involving service in Russia, where service through the Hague Service Convention would have been futile).

[8] *See, e.g.*, *Rio Props.*, 284 F.3d at 1018 (permitting alternate service because defendant was "an international e-business scofflaw, playing hide-and-seek with the federal court"); *Yeti Coolers, LLC v. Individuals, Bus. Entities & Unincorporated Ass'ns Identified on Schedule "A"*, 2023 WL 5659522, at *2 (S.D. Fla. July 24, 2023) (permitting alternate service on international e-commerce defendants because defendants "operate via the Internet and rely on electronic communications for

SBGA's addresses in the Complaint. (Compl. ¶¶ 30, 33.) Further, Plaintiffs cite cases in which courts permitted alternate service after plaintiffs attempted proper service under international conventions.[9] For these reasons, the cases cited by Plaintiffs do nothing to support their argument.

---

the operation of their businesses"); *Karsten Mfg. Corp. v. Store*, 2018 WL 8060707, at *1 (S.D. Fla. July 26, 2018) (similar); *Chengdu Jiechen Tech. Ltd. v. Trobing-US*, 2021 WL 10382802, at *1 (S.D. Fla. Aug. 10, 2021) (similar); *Malletier v. lvhut.net*, 2022 WL 393369, at *1 (S.D. Fla. Feb. 7, 2022) (similar); *Richemont Int'l SA v. Individuals, P'ships & Unincorporated Ass'ns Identified on Schedule A*, 2020 WL 6484125, at *1 (S.D. Fla. July 13, 2020) (similar); *Louis Vuitton Malletier v. aaalvshop.com*, 2019 WL 7911372, at *1 (S.D. Fla. Aug. 13, 2019) (similar); *Adidas AG v. adidas.style*, 2018 WL 1801197, at *2 (S.D. Fla. Feb. 7, 2018) (similar); *Tiffany (NJ) LLC v. DORAPANG Franchise Store*, 2018 WL 4828430, at *3 (S.D. Fla. July 17, 2018) (similar); *Chanel, Inc. v. Individual, P'ship , or Unincorporated Ass'n*, 2018 WL 7253306, at *1 (S.D. Fla. June 7, 2018) (similar); *Liberty Media Holdings, LLC v. March*, 2011 WL 197838, at *1–2 (S.D. Cal. Jan. 20, 2011) (permitting alternate service where plaintiff "'engaged in diligent efforts to find the [d]efendants' but ha[d] been unable to do so"); *Ehrenfeld*, 2005 WL 696769, at *2 (similar); *Nat'l Ass'n for Stock Car Auto Racing, Inc. v. Does*, 584 F. Supp. 2d 824, 826 (W.D.N.C. 2008) (acknowledging need for service by publication because "[d]efendants remained unknown because of the nature of the [counterfeiting] business in which they are allegedly engaged"); *In re Int'l Telemedia Assocs.*, 245 B.R. 713, 718 (Bankr. N.D. Ga. 2000) (permitting alternate service because trustee's evidence "clearly demonstrate[d defendant] to be a 'moving target,' making it virtually impossible for the [t]rustee to find him and effect service by any of the traditional means"). Plaintiffs also cite an order in related matter *Garrison v. Paffrath* granting their request for alternate service (Mot. at 2), but they omit that their motion in that case relied on their difficulties in locating the defendant's address in the country of Georgia, even with the help of a private investigator. (*See* Pls.' Mot. to Serve Def. Tom Nash with Process Through Alternate Means at 6–7, ECF No. 61, *Garrison v. Paffrath*, No. 1:23-cv-21023 (S.D. Fla.).)

[9] *See, e.g.*, *Brookshire Bros. v. Chiquita Brands Int'l, Inc.*, 2007 WL 1577771, at *1 (S.D. Fla. May 31, 2007) (permitting alternate service because plaintiff spent over a year trying to serve defendants and a process server said that service could take up to two years, with no guarantee service could ever be completed); *Swarna*, 2007 WL 2815605, at *1 (permitting alternate service after France refused to effect plaintiff's service under Hague Service Convention); *In re One Apus Container Ship Incident on Nov. 30, 2022*, 2022 WL 17370122, at *3 (S.D.N.Y. Dec. 2, 2022) (permitting alternate service because plaintiffs first "made good-faith efforts to serve" defendants); *Popular Enters., LLC v. Webcom Media Grp., Inc.*, 225 F.R.D. 560, 562 (E.D. Tenn. 2004) (permitting alternate service because attempted service through the Hague Service Convention failed). Plaintiffs also rely on a handful of cases that do not directly address arguments or cases from this Court explaining that a plaintiff should make reasonable attempts at proper service before seeking relief under Rule 4(f)(3). *See, e.g.*, *In re Farm-Raised Salmon & Salmon Prods. Antitrust Litig.*, 2019 WL 13062201 (S.D. Fla. May 14, 2019); *Stat Med. Devices, Inc. v. HTL-Strefa, Inc.*, 2015 WL 5320947 (S.D. Fla. Sept. 14, 2015); *Fru Veg Mktg., Inc. v. Vegfruitworld Corp.*, 896 F. Supp. 2d 1175 (S.D. Fla. 2012).

8

Because Plaintiffs did not even attempt proper service here, their request for alternate service should be rejected.

In short, Plaintiffs' arguments amount to a claim that it would be more convenient and efficient to permit alternate service here. But "that alone is not a sufficient basis" for the relief that they request. *Signify*, 2021 WL 3419188, at *3.

## II.     Plaintiffs' Requested Alternative Service Methods Are Improper.

Plaintiffs seek permission under Rule 4(f)(3) to serve SBG, SBIA, and SBGA by emailing those entities' United States-based counsel as well as Mr. Misra and Mr. Cheung. (Mot. 18.) Plaintiffs' proposed methods of service are improper because (1) service on United States-based counsel does not comport with Rule 4(f), which applies only to service abroad; and (2) service on Mr. Misra and Mr. Cheung fails due process requirements.

*First*, Rule 4(f) is titled "Serving an Individual in a Foreign Country" and "deal[s] only with service in a place 'not within any judicial district in the United States.'" *Codigo Music, LLC v. Televisa S.A. de C.V.*, 2017 WL 4346968, at *13 (S.D. Fla. Sept. 29, 2017) (quoting Fed. R. Civ. P. 4(f)). For that reason, although some courts take a different view, at least one court in this District and several out-of-district decisions have determined that Rule 4(f)(3) prohibits service by email to counsel within the United States. *See id.*; *Freedom Watch, Inc. v. Org. of Petroleum Exporting Countries (OPEC)*, 107 F. Supp. 3d 134, 137–38 (D.D.C. 2015) (holding that a "textual reading" of Rule 4(h) and Rule 4(f)(3) indicates that "service *cannot* occur in the United States"); *Drew Techs., Inc. v. Robert Bosch, L.L.C.*, 2013 WL 6797175, *2–3 (E.D. Mich. 2013) (similar). Plaintiffs' plan to serve counsel for SBG, SBIA, and SBGA in the United States fails to satisfy that requirement.

*Second*, Plaintiffs' request to serve SBG, SBIA, and SBGA by emailing Mr. Misra and Mr. Cheung fails due process requirements. "An alternate form of service must be reasonably

9

calculated to give notice to the defendants consistent with their constitutional due process rights." *Fraserside Ip*, 2013 WL 12090322, at *2. Critically, **Plaintiffs do not claim that Mr. Misra and Mr. Cheung are even affiliated with SBG**. Thus, Plaintiffs provide no basis for serving SBG through Mr. Misra and Mr. Cheung.

In any event, Plaintiffs purport to have found business email addresses for Mr. Misra and Mr. Cheung in FTX advisory board materials. (Mot. at 16–17.) Given FTX's collapse in November 2022 (Compl. ¶¶ 126–32), such materials are nearly a year old, if not older. Plaintiffs proffer no evidence that the email addresses are functional or monitored by current SBIA or SBGA employees—or anyone at all—let alone that service on these email addresses will provide the notice required by due process. (*See, e.g.*, Mot. at 17 (conceding that Plaintiffs have not tested the identified email addresses).) In fact, Plaintiffs admit in their Complaint that Mr. Cheung **no longer works for any SoftBank entity**. (Compl. ¶ 366.) Plaintiffs have therefore failed to establish that service through those email addresses would comply with due process. *See Emqore Envesecure Priv. Cap. Tr. v. Singh*, 2020 WL 12654314, at *3–4 (D.N.J. July 9, 2020) (denying request for alternate service by email because plaintiff had "not supplied any compelling evidence . . . that the[] email addresses [provided by plaintiff] are currently valid or actively used by these [d]efendants"); *see also Chanel, Inc. v. Lin*, 2009 WL 1034627, at *2 (S.D. Fla. Apr. 16, 2009) (denying request for alternate service by email because plaintiff did not show defendant "specifically sends and receives . . . emails from this address"); *Caballero*, 2019 WL 11505368, at *2 (denying request for alternate service by email because plaintiffs failed to show that anyone at defendant entity "actually used this email address").

## **CONCLUSION**

For the foregoing reasons, Plaintiffs' Motion to serve SBG, SBIA, and SBGA with process through alternate means should be denied.

**REQUEST FOR HEARING**

In accordance with Local Rule 7.1(b)(2), SBG, SBIA, and SBGA respectfully request that the Court hear oral argument on their opposition because this case involves a multitude of parties and legal issues. SBG, SBIA, and SBGA believe oral argument would further the Court's understanding of the respective grounds to deny Plaintiffs' Motion. SBG, SBIA, and SBGA submit that ten minutes is sufficient for SBG, SBIA, and SBGA to argue the issues presented.

Dated: October 5, 2023

Respectfully submitted,

*/s/ Eric D. Lawson*
Eric D. Lawson (mdl102196)
MORRISON & FOERSTER LLP
250 West 55th Street
New York, NY 10019-9601
Telephone: (212) 468-8000
Email: elawson@mofo.com

Anna Erickson White (mdl102198)
Ryan M. Keats (mdl102197)
MORRISON & FOERSTER LLP
425 Market Street
San Francisco, CA 94105-2482
Telephone: (415) 268-7000
Email: awhite@mofo.com
         rkeats@mofo.com

Adam M. Foslid (Fla. Bar No. 682284)
WINSTON & STRAWN LLP
Southeast Financial Center
200 S. Biscayne Blvd., Suite 2400
Miami, FL 33131
Telephone: (305) 910-0500
Email: afoslid@winston.com

*Counsel for Defendants SoftBank Group Corp., SoftBank Investment Advisers (UK) Limited, and SoftBank Global Advisers Limited*

## **CERTIFICATE OF SERVICE**

      I hereby certify that on this 5th day of October, 2023, I e-filed the foregoing document using the Court's CM/ECF system, which will send a notice of electronic filing to all counsel of record.

      /s/ *Eric D. Lawson*