IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA, MIAMI DIVISION
Case No. 1:23-md-03076-KMM

**IN RE:**

**FTX Cryptocurrency Exchange Collapse Litigation**

This Document Relates To:

*Chernyavsky, et al.* v. *Temasek Holdings (Private) Limited, et al.*
Case No. 1:23-cv-22960 (S.D. Fla.)

*Cabo, et al.* v. *Temasek Holdings (Private) Limited, et al.*
No. 1:23-cv-23212 (S.D. Fla.)

**SINO GLOBAL CAPITAL LIMITED'S OPPOSITION TO PLAINTIFFS' MOTION TO SERVE CERTAIN DEFENDANTS WITH PROCESS THROUGH ALTERNATE MEANS**

Sino Global Capital Limited ("Sino Global") respectfully submits this opposition to Plaintiffs' Motion to Serve Certain Defendants with Process Through Alternate Means (ECF No. 280, the "Motion" or the "Mot."). Sino Global makes a special appearance in this litigation solely for the purpose of contesting the Motion, without waiver of any of Sino Global's other potential defenses, including lack of personal jurisdiction, failure to state a claim, and insufficient service of process.

## **PRELIMINARY STATEMENT**

Plaintiffs should not be permitted to serve Sino Global via email and through U.S. counsel, when Plaintiffs inexplicably waited seven months after first suing Sino Global and have never made any attempts whatsoever to serve Sino Global via the Hague Convention on the Service Abroad of Judicial and Extrajudicial Documents (the "Hague Convention").

District Courts in Florida frequently deny motions for alternate service where the plaintiff has failed to make an attempt to serve the defendant through the Hague Convention, and where there are no unique circumstances that would make service via the Hague Convention unduly burdensome. The Court should follow the reasoning in those cases and deny the instant motion. Plaintiffs have offered no rationale for why they never made any attempt to serve Sino Global through the Hague Convention in the intervening seven months. Plaintiffs' argument that Sino Global's U.S. counsel – who only specially appeared in this action today – has actual notice of the litigation is specious; the Eleventh Circuit has made clear that actual notice is not the same as service. And Plaintiffs have not demonstrated that the email address at which they seek to serve Sino Global will provide sufficient notice to Sino Global.

Service of process is a bedrock principle of our legal system. Plaintiffs should not be permitted to circumvent this fundamental requirement due to their own dawdling. The Motion should be denied.

**ARGUMENT**

Fed. R. Civ. P. 4(f) provides that "[u]nless federal law provides otherwise, an individual . . . may be served at a place not within any judicial district of the United States: "(1) by any internationally agreed means of service that is reasonably calculated to give notice, such as those authorized by the Hague Convention on the Service Abroad of Judicial and Extrajudicial Documents; . . . or (3) by other means not prohibited by international agreement, as the court orders." Fed. R. Civ. P. 4(h)(2) states that a foreign corporation, partnership, or association may be served in any manner prescribed by Rule 4(f).

Although Rule 4(f)(3) is not a "'last resort' to be used only after other methods of service have failed," courts in this district and other districts in Florida "are reluctant to use their discretion to authorize alternate service when Hague Convention service is available." *Int'l Design Corp., LLC v. Qingdao Seaforest Hair Prods. Co.*, 17-60431-CIV-MORENO, 2018 U.S. Dist. LEXIS 3038, at *6 (S.D. Fla. Jan. 4, 2018). District courts have "the sound discretion to determine when the particularities and necessities of a given case require alternate service of process under Rule 4(f)(3). Thus, before permitting alternate service, a district court, in exercising the discretionary power permitted by Rule 4(f)(3), may require the plaintiff to show that they have 'reasonably attempted to effectuate service on defendant and that the circumstances are such that the district court's intervention is necessary to obviate the need to undertake methods of service that are unduly burdensome or that are untried but likely futile.'" *Id.* at *7–8. "[B]efore a litigant wishing to circumvent an internationally agreed means of service should be allowed to burden the court with analyzing the propriety of an alternate method, it should first be shown that diligent use of

2

the internationally agreed means has proven unsatisfactory, or that making use of it would be futile." *Night Owl SP, LLC v. Dongguan Augua Elecs. Co.*, Case No. 2:19-cv-109-FtM-38NPM, 2020 U.S. Dist. LEXIS 164341, at *4–5 (M.D. Fla. Sept. 9, 2020). "[T]ypically, courts permit such alternate service only where the defendant's foreign address is unknown; the defendant has successfully evaded service; failure to permit alternate service will result in unduly long delays in litigation; or where attempted Hague Convention service has failed." *Int'l Design Corp.*, 2018 U.S. Dist. LEXIS 3038, at *8.

Applying these principles, federal courts in Florida frequently deny motions for alternate service where the plaintiff has made no attempt to serve the defendant via the Hague Convention or by other means, or where there are no other unique, burdensome circumstances. *See, e.g.*, *Int'l Designs*, 2018 U.S. Dist. LEXIS 3038, at *10–11 (denying motion for alternate service where "there is no evidence that SeaForest's address is unknown, that SeaForest is evading service, or that any great urgency exists," and plaintiffs "have not indicated that they have attempted to submit a request for service to the Chinese Central Authority, even during the six-month pendency of this motion"); *Night Owl*, 2020 U.S. Dist. LEXIS 164341, at *12 (denying motion for alternate service where there was "no showing that a diligent attempt to use the Convention [to serve the defendant in China] had proven inadequate, or that any such attempt would be futile"); *Signify N. Am. Corp. v. Robe Lighting Inc.*, Case No. 0:20-cv-62302-KMM, 2021 WL 3419188, at *3 (S.D. Fla. Jan. 4, 2021) (denying motion for alternate service where "there are no allegations to suggest that [the defendant] is attempting to evade service, failure to permit alternate service . . . will result in unduly long delays, or attempted Hague Convention service has failed."); *Osio v. Moros*, No. 1:21-cv-20706-GAYLES, 2021 U.S. Dist. LEXIS 76523, at *6–7 (S.D. Fla. Apr. 21, 2021) (denying motion for alternate service where "Plaintiffs do not allege that they have successfully evaded

3

service in this case."); *Case Express Corp. v. Bolivarian Republic of Venez.*, Case No. 21-23103-CV-BLOOM/OTAZO-REYES, 2023 U.S. Dist. LEXIS 67652, at *14 (S.D. Fla. Apr. 18, 2023) ("Because Case Express has bypassed service under the Hague Convention, its alternate request to serve Gorrin via email pursuant to Rule 4(f)(3) . . . is premature").

Here, the Court should use its discretion to deny Plaintiffs' Motion. <u>First</u>, Plaintiffs have not demonstrated that they have diligently attempted to serve Sino Global via the Hague Convention. Plaintiffs concede that they originally brought the first action against Sino Global in February 2023. (Mot. at 5). Yet, they have made absolutely no attempt to serve Sino Global through the Hague Convention or any other methods until filing the Motion. Plaintiffs offer no explanation for their seven-month delay between initially naming Sino Global and filing the Motion. Plaintiffs argue that serving Sino Global and other Defendants through the Hague Convention would be "take as long as 12 months and cost upwards of $100,000 per Defendant in some cases" (Mot. at 10), but provide no evidence or backup as to how Plaintiffs derived those figures. *See GR Opco, LLC v. Chubb LTD*, Case No. 20-23623-Civ-WILLIAMS/TORRES, 2021 U.S. Dist. LEXIS 256251, at *12–13 (S.D. Fla. Jan. 27, 2021) (denying motion for alternate service where "there is no proposed time frame as to how long service could take [under the Hague Convention] or whether it would materially delay this case."); *Caballero v. Ejercito de Liberacion Nacional*, No. 18-cv-25337-KMM, 2019 WL 11505368, at *2 (S.D. Fla. Apr. 3, 2019) ("The fact that service of process is expensive and time consuming is generally not sufficient to demonstrate that the facts and circumstances necessitate the district court's intervention") (brackets and ellipses omitted). Regardless, any delay caused by service through the Hague Convention is entirely of Plaintiffs' own making and could have been prevented if Plaintiffs had begun the Hague Convention process expeditiously.

Second, Plaintiffs have not demonstrated that serving Sino Global through the Hague Convention would be futile or unduly burdensome. Plaintiffs claim that they would not be able to serve Sino Global through the Hague Convention because they do not know Sino Global's address. Plaintiffs argue that they have "diligently researched physical and e-mail addresses for Sino Global, which appears to be based in Hong Kong or Beijing, China, but to no avail." (Mot. at 8). But Plaintiffs convey no information as to how they "diligently researched" Sino Global. Plaintiffs' "research" appears to consist of browsing through the social media platform X (f/k/a Twitter), and misreading posts; Plaintiffs claim that that Sino Global posted that it "operates 'in a Beijing Starbucks'" when the actual post pasted into the Motion plainly states that Sino "started . . . in a Beijing Starbucks." (Mot. at 8–9 (emphasis added)). Plaintiffs' argument also is belied by their own pleading, in which Plaintiffs themselves allege an address for Sino Global. (ECF No. 182 ¶ 34).[1] *See Signify*, 2021 WL 3419188, at *3 (denying motion for alternate service where the defendant's address was known).

Plaintiffs also have not adequately explained why service on a Sino Global press inquiry email address or through U.S. counsel would be preferable to the Hague Convention. Plaintiffs assert that because the Sino Global website and press releases solicit press and media inquiries at media@ryzelabs.io, then that email address would be an appropriate email address through which to serve process. But Plaintiffs have not alleged how often such email address is monitored (beyond hypothesizing that it is "regularly checked" (Mot. at 17)) or whether the persons monitoring such email address would appreciate the significance of emailed service. *See Osio*, 2021 U.S. Dist. LEXIS 76523, at *7 (denying motion for alternate service and noting that the Court

---

[1] The address contained in Plaintiffs' pleading is incorrect. Sino Global's address is 12/F., The Strand, 49 Bonham Strand East, Sheung Wan, Hong Kong.

had "concerns" about whether the relevant email addresses social media accounts, and phone numbers are "actively monitored or that the messages or weblinks will be opened and read.").

Plaintiffs claim that they can serve process on Sino Global through U.S. counsel because "[c]ounsel for Sino Global made an appearance in this MDL this morning [September 21, 2023], and they filed documents with this Court." (Mot. at 16). Plaintiffs' assertion is false. On September 21, 2023, the undersigned counsel filed an appearance on behalf of a _different_ entity, Sino Global Capital Holdings, LLC. (ECF Nos. 258–61, 288–90). The undersigned counsel only appeared for Sino Global today, as a special appearance, in order to file the instant Opposition.

Plaintiffs argue that they should be able to serve U.S. counsel because that counsel has actual knowledge of the litigation. However, notice is not the same as service. Indeed, the Eleventh Circuit has explained that "[a]ctual notice of a suit does not dispose of the requirements of service of process." *Boston v. Potter*, 185 F. App'x 853, 854 (11th Cir. 2006). Plaintiffs' contention that they can serve Sino Global merely through its U.S. lawyers would swallow whole the formal requirement of service of process. *See Codigo Music, LLC v. Televisa S.A. de C.V.*, 2017 U.S. Dist. LEXIS 160747, at *29 (S.D. Fla. Sept. 29, 2017) (explaining that courts typically do not permit service on a foreign defendant solely through service on domestic counsel "where the plaintiff has not sought to service the defendant directly as well").

Plaintiffs have not demonstrated a compelling reason for why they need to serve Sino Global utilizing alternate means, when they could have attempted to serve Sino Global through the Hague Convention at any point over the last seven months. The Motion should be denied.

## CONCLUSION

For the foregoing reasons, the Motion should be denied.

Dated: October 5, 2023

/s/ *Jason P. Gottlieb*
Jason P. Gottlieb
Michael Mix
Vani Upadhyaya
MORRISON COHEN LLP
909 Third Avenue
New York, New York 10022
Telephone: (212) 735-8600
Email: jgottlieb@morrisoncohen.com
          mmix@morrisoncohen.com
          vupadhyaya@morrisoncohen.com

*Counsel Specially Appearing for Defendant Sino Global Capital Limited*

**CERTIFICATE OF SERVICE**

I hereby certify that on this 5th day of October, 2023, I e-filed a true and correct copy of the foregoing document using the Court's CM/ECF system, which will send a notice of electronic filing to all counsel of record.

*/s/ Jason P. Gottlieb*