IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA, MIAMI DIVISION
Case No. 1:23-md-03076-KMM

IN RE:

**FTX Cryptocurrency Exchange Collapse Litigation**

THIS DOCUMENT RELATES TO:

*O'Keefe* v. *Sequoia Capital Operations, LLC, et al.*, No. 23-cv-20700 (S.D. Fla.)

*O'Keefe* v. *Temasek Holdings (Private) Limited, et al.*, Case No. 1:23-cv-23065 (S.D. Fla.)

*Chernyavsky, et al.* v. *Temasek Holdings (Private) Limited, et al.*, Case No. 1:23-cv-22960 (S.D. Fla.)

*Cabo, et al.* v. *Temasek Holdings (Private) Limited, et al.*, Case No. 3:23-cv-23212 (S.D. Fla.)

**TEMASEK HOLDINGS (PRIVATE) LIMITED'S OPPOSITION
TO PLAINTIFFS' MOTION TO SERVE CERTAIN DEFENDANTS
<u>WITH PROCESS THROUGH ALTERNATE MEANS</u>**

## INTRODUCTION

Plaintiffs have made no real attempt at serving Temasek Holdings (Private) Limited, which, as Plaintiffs acknowledge, is located in Singapore. Instead, hoping to forgo the efforts required to comply with Rule 4 of the Federal Rules of Civil Procedure, Plaintiffs purported to serve Temasek Holdings by serving its U.S. subsidiary—even though "[t]he mere existence of a parent/subsidiary relationship—without more—does not support substituted service under Florida law." *CHT Holdings, LLC* v. *Telefonica Int'l Wholesale Servs. Am., S.A.*, 2022 WL 3681992, at *3 (S.D. Fla. July 6, 2022) (citation omitted).

Plaintiffs now seek the Court's blessing to bypass Rule 4's requirements entirely, and to "serve" their complaints via email. Plaintiffs' request finds no support in the Federal Rules or the case law. Courts in this Circuit have made clear that, before seeking permission to serve a foreign defendant by alternate means, plaintiffs should make a reasonable attempt to serve the defendant through proper channels. *See, e.g.*, *Castaneda* v. *Luitpold Pharms., Inc.*, 2022 WL 17542939, at *2 (M.D. Fla. Nov. 14, 2022). It is undisputed that Plaintiffs here have made no such effort—nowhere in their motion or the supporting declaration do they assert that they have sought to serve Temasek Holdings, which they acknowledge is domiciled in Singapore, ECF No. 280 at 10, by any means. Given Plaintiffs' lack of diligence, this Court should exercise its discretion to deny Plaintiffs' request and hold them to their obligations under Rule 4.[1]

## BACKGROUND

The factual background concerning Plaintiffs' failure to properly serve Temasek Holdings is set forth in its motion to dismiss Plaintiffs' complaint under Rule 12(b)(5). ECF No. 298. Temasek

---

[1] Temasek Holdings files this opposition without prejudice to its motions to dismiss for lack of personal jurisdiction, ECF No. 300, and failure to state a claim, ECF No. 303.

1

Holdings does not repeat that background here and only briefly sets forth the most relevant facts for the Court's convenience.

In early March 2023, Plaintiff O'Keefe filed a proof of service in *O'Keefe* v. *Sequoia Capital Operations, LLC*, No. 1:23-cv-20700 (S.D. Fla.) ("*O'Keefe I*")—at that time the only action pending against Temasek Holdings—stating that service on Temasek Holdings was purportedly effected by delivering the summons to CSC, a company that provides registered agent services, in Wilmington, Delaware. *O'Keefe I*, ECF No. 12. Predecessor counsel for Temasek Holdings promptly informed Plaintiffs' counsel that CSC is <u>not</u> a registered agent for Temasek Holdings, but only for its legally distinct U.S. subsidiary, Temasek International (USA) LLC. ECF No. 280-3 at 2. At that time—when only one action against Temasek Holdings was pending—its predecessor counsel agreed to accept service of *O'Keefe I* via email. *Id.*

Plaintiff failed to obtain an executed waiver of service, and then neglected to press the matter entirely *for months*. By the time counsel for Plaintiffs asked Temasek Holdings' current counsel to waive service in late August 2023, Plaintiff O'Keefe had filed an additional, wholly duplicative action against Temasek in California, in a misplaced, futile effort to obtain jurisdiction over Temasek in some U.S. jurisdiction. ECF No. 280-5 at 1–3; *O'Keefe* v. *Temasek Holdings (Private) Limited, et al.*, No. 3:23-cv-3655 (N.D. Cal.) ("*O'Keefe II*"). Counsel for Temasek Holdings informed Plaintiffs' counsel that Temasek would not accept service so long as Plaintiffs continued to engage in improper claim-splitting, by pursuing precisely the same claims, on behalf of the same plaintiff, against the same defendants, in two different judicial districts. ECF No. 280-5 at 1–2; *Vanover* v. *NCO Fin. Servs., Inc.*, 857 F.3d 833, 841 (11th Cir. 2017) (holding that plaintiffs "may not file duplicative complaints in order to expand their legal rights" (citation omitted)).[2]

---

[2] Plaintiffs argue that the claim-splitting doctrine does not apply to simultaneous, overlapping actions where one of the courts lacks personal jurisdiction, ECF No. 280 at 7 n.23, but the case on which they rely, *Rumbough* v. *Comenity Capital Bank*, 748 F. App'x 253 (11th Cir. 2018),

In response, rather than actually seeking to serve Temasek Holdings in Singapore, Plaintiffs filed proofs of service stating that they had purportedly served Temasek Holdings by serving 1) CSC, which is not a registered agent for Temasek Holdings, *O'Keefe II*, ECF No. 14; and 2) an employee of Temasek USA at that subsidiary's office in New York, *Cabo, et al.* v. *Temasek Holdings (Private) Limited, et al.*, No. 3:23-cv-03974, ECF No. 6 (N.D. Cal.).  Plaintiffs have never attempted to serve Temasek Holdings in Singapore in accordance with Singapore law.

## ARGUMENT

Under Federal Rule of Civil Procedure 4(h), foreign defendants may be served "at a place not within any judicial district of the United States, in any manner prescribed by Rule 4(f) for serving an individual, except personal delivery under (f)(2)(C)(i)."  Fed. R. Civ. P. 4(h)(2).  Rule 4(f), in turn, provides multiple methods of service, including "as prescribed by the foreign country's law for service in that country in an action in its courts of general jurisdiction."  Fed. R. Civ. P. 4(f)(2)(A).  In the alternative, Rule 4(f)(3) provides that foreign defendants may be served, with a court's permission, "by other means not prohibited by international agreement."  Fed. R. Civ. P. 4(f)(3).

The weight of the law in this Circuit is that Rule 4(f)(3) should not be used—as Plaintiffs here seek to do—absent reasonable efforts to actually serve the foreign defendant in accordance with the applicable foreign law.  For example, this Court has denied a request for alternate service through U.S. counsel for a Czech defendant where plaintiffs knew defendant's address; had not alleged that defendant had evaded service or that there would be "unduly long delays" in effecting service; and had not attempted service via the Hague Convention.  *Signify N. Am. Corp.* v. *Robe Lighting Inc.*, 2021 WL 3419188, at *3 (S.D. Fla. Jan. 4, 2021).  The Court explained that, "[w]hile it may be more convenient and efficient to permit alternate service here, that alone is not a sufficient basis" to allow

---

says no such thing.  In *Rumbough*, unlike here, the first-filed case had been dismissed and was no longer pending as to the relevant defendant when the subsequent suit was filed.  *Id.* at 256.

3

such service. *Id.* Precisely the same reasoning applies here—Plaintiffs seek alternate service out of their convenience, not on any basis recognized in law.

Additionally, in *Castaneda* v. *Luitpold Pharmaceuticals, Inc.*, 2022 WL 17542939 (M.D. Fla. Nov. 14, 2022), the court rejected plaintiff's request to serve a Swiss defendant by emailing the complaint to its attorney because the plaintiff had not even attempted to serve the defendant under the Hague Service Convention, although the action had been pending for several months—a failure that the court described as "fatal" to plaintiff's request. *Id.* at *1–2. The court further observed that, in cases where courts permitted plaintiffs to employ alternate service, "the plaintiffs had previously attempted service on the foreign defendants through the Hague Service Convention or some other means before requesting that the court allow alternative service." *Id.* at *2. Other courts are in accord with these decisions. *See, e.g.*, *Fraserside IP LLC* v. *Kovalchuk*, 2013 WL 12090322, at *3 (S.D. Fla. Feb. 12, 2013) (even where Hague Convention service was unavailable for Russian defendant, request for alternate service denied where there was "no evidence that Plaintiff has made any attempts to serve Kovalchuk in Russia, nor has Plaintiff presented any reason to excuse its failure to do so").

Alternate service is unwarranted here, as Plaintiffs have failed to take any measures whatsoever to serve Temasek Holdings in Singapore. *See, e.g.*, *Ganpat* v. *E. Pac. Shipping, PTE, LTD.*, 553 F. Supp. 3d 324, 332 (E.D. La. 2021) (discussing lawful means of serving a Singaporean defendant). Plaintiffs also fail to explain why they cannot attempt to serve Temasek Holdings under the Hague Convention, once it is in force in Singapore in December. *See* ECF No. 280 at 10. The circumstances thus do not justify alternate service.[3]

---

[3] Plaintiffs do not and cannot allege that they are unaware of Temasek Holdings' address in Singapore, and thus cannot rely on the fact that alternate service was permitted in a related case where a defendant's address in a foreign country was unknown. *See* ECF No. 280 at 2; *Garrison, et al.* v. *Paffrath, et al.*, No. 1:23-cv-21023, ECF No. 61 at 7 (S.D. Fla.).

4

Further, permitting Plaintiffs to skirt Rule 4's requirements would reward them for their lack of diligence in effecting service, in contravention of Eleventh Circuit authority. In *Lepone-Dempsey v. Carroll County Commissioners*, 476 F.3d 1277 (11th Cir. 2007), the Eleventh Circuit affirmed a district court's determination that plaintiffs had not shown good cause for failing to timely serve the defendants—even where defendants' counsel had told plaintiffs that he would sign and return waiver forms—where plaintiffs failed to formally serve the defendants when the waiver forms were not returned. *Id.* at 1281–82. Here, Plaintiffs similarly failed for months to follow up on their request for Temasek Holdings to execute a waiver, which Temasek Holdings appropriately declined to do once Plaintiffs engaged in improper gamesmanship: Plaintiffs sued the same Temasek entities in two different cases, in two different districts, on behalf of the same plaintiff—all in a futile attempt to hedge their bets on personal jurisdiction—rather than picking a district and pursuing claims there, as would be proper. And Plaintiffs have failed to demonstrate any good cause for their lack of efforts to serve Temasek Holdings itself, rather than its legally distinct subsidiary.

## CONCLUSION

Plaintiffs have not shown circumstances warranting the Court's use of its discretion to permit alternate service under Rule 4(f)(3), and their request should be denied.

Dated: October 5, 2023

Respectfully submitted,

FRIDMAN FELS & SOTO, PLLC

By: /s/ *Adam S. Fels*

Adam S. Fels, Florida Bar No. 0114917
150 Alhambra Circle
Suite 715
Coral Gables, Florida 33134
Telephone: (305) 569-7701
Email: afels@ffslawfirm.com

- and

Brad S. Karp, *pro hac vice*
Andrew J. Ehrlich, *pro hac vice*
Nina M. Kovalenko, *pro hac vice*
PAUL, WEISS, RIFKIND,
 WHARTON & GARRISON LLP
1285 Avenue of the Americas
New York, New York 10019
Telephone: (212) 373-3000
Facsimile: (212) 757-3990
Email: bkarp@paulweiss.com
        aehrlich@paulweiss.com
        nkovalenko@paulweiss.com

*Attorneys for Defendant Temasek Holdings (Private) Limited*

6

## CERTIFICATE OF SERVICE

I hereby certify that on this 5th day of October 2023, I e-filed the foregoing document using the Court's CM/ECF system, which will send a notice of electronic filing to all counsel of record.

/s/ Adam S. Fels