# Exhibit A

# COMPOSITE EXHIBIT A

- CO-LEAD COUNSELS' REPLY TO SPORTS & ENTERTAINMENT DEFENDANTS' OPPOSITION TO CROSS-MOTION TO STAY PENDING COMPLETION OF CRIMINAL TRIAL



# TWO MAIN QUESTIONS FOR JURY

1. Are all of the **exchange tokens** (*FTT*) "unregistered securities"?

    YES

2. Are all **FTX Interest Accounts** "unregistered securities"?

    YES

# OLD LAW IN FLORIDA

***BitConnect*:** (Middlebrooks: 2019)

... interactions with promoters' "publicly available content," failed to state Section 12 claim. .. new plaintiffs, just like old ones, never received "personal solicitation" from promoters.

***See also Rensel v. Centra Tech, Inc.,*** No. 17-24500-CIV, 2019 WL 2085839, at *2 (S.D. Fla. May 13, 2019) (dismissing § 12 claim where only solicitation allegations entailed posts on defendant's Twitter account related to the subject security).

# *BITCONNECT*, 11TH CIRCUIT, 2022

The only question here is whether a person can solicit a purchase, within the meaning of the Securities Act, **by promoting a security in a mass communication.** Arcaro insists that liability follows only when a seller *directs a solicitation to a particular prospective buyer.* **Mass communications, in his view, are never enough.**

That rule would certainly go a long way toward eliminating liability for the promoters here, and for others who champion dicey investments through modern communication channels. The problem for these promoters is that *nothing in the Securities Act makes a distinction between individually targeted sales efforts and broadly disseminated pitches.*

# *BITCONNECT*, 11TH CIRCUIT, 2022

Technology has opened new avenues for both investment and solicitation. Sellers can now reach a global audience through podcasts, social media posts, or, as here, online videos and web links.

But under the district court's cramped reading of the Securities Act, a seller who would be liable for recommending a security in a personal letter could not be held accountable for making the exact same pitch in an internet video—or through other forms of communication listed as exemplars in the Act, like circulars, radio advertisements, and television commercials.

# *BITCONNECT*, 11TH CIRCUIT, 2022

That makes little sense. **_A seller cannot dodge liability through his choice of communications_**— especially when the Act covers "any means" of "communication." Id. § 77e(a)(1). We decline to adopt an interpretation that both contradicts the text and allows easy end-runs around the Act. A new means of solicitation is not any less of a solicitation. **So when the promoters urged people to buy BitConnect coins in online videos, they still solicited the purchases that followed. The plaintiffs therefore have stated a section 12 claim against Arcaro and the other promoters.**

# CRYPTO STUDIES: CELEBRITIES CRUCIAL

- Companies pay <u>millions to celebrities</u> to promote, it works:

- **<u>Harvard Business School</u>:** Athlete endorsers lead to 4% increase sales

- **<u>Morning Consult Survey</u>:** 20% of investors, and 45% of crypto owners, would invest in cryptocurrency, if celebrities endorsed it

- **<u>Research Studies</u>:** 28% of GenZers and 24% of millennials, seek financial advice from social media and influencers

# FTC GUIDELINES

==FEDERAL TRADE COMMISSION, 16 CFR Part 255==

- ==**CELEBRITY ENDORSEMENTS:**==

… celebrities now have a duty to disclose their relationships with advertisers when making endorsements …

"The new Guides reflect a pro-consumer shift that not only affects the basis for government investigations, but will influence consumer litigation and advertising challenges."

# SEC REGULATIONS

## November 1, 2017

### SEC Statement On Celebrity Backed Crypto

Celebrities have recently promoted investments … Commission warned that virtual tokens … may be securities, and those who offer and sell securities in United States must comply with federal securities laws.

- Any celebrity … who promotes a virtual token … that is a security must disclose the nature, scope, **and amount of compensation received** in exchange for the promotion. **A failure to disclose this information is a violation of the anti-touting provisions of the federal securities laws.**



# SEC REGULATIONS

## Nov. 1, 2017

### Celebrity Backed Crypto

Persons making these endorsements **may also be liable for participating in an unregistered offer and sale of securities**,



**SEC Statement Urging Caution Around Celebrity Backed ICOs**

SEC Division of Enforcement and
SEC Office of Compliance Inspections and Examinations

Nov. 1, 2017

Celebrities and others are using social media networks to encourage the public to purchase stocks and other investments. These endorsements may be unlawful if they do not disclose the nature, source, and amount of any compensation paid, directly or indirectly, by the company in exchange for the endorsement. The SEC's Enforcement Division and Office of Compliance Inspections and Examinations encourage investors to be wary of investment opportunities that sound too good to be true. We encourage investors to research potential investments rather than rely on paid endorsements from artists, sports figures, or other icons.

Celebrities and others have recently promoted investments in Initial Coin Offerings (ICOs). In the SEC's Report of Investigation concerning The DAO, the Commission warned that virtual tokens or coins sold in ICOs may be securities, and those who offer and sell securities in the United States must comply with the federal securities laws. Any celebrity or other individual who promotes a virtual token or coin that is a security must disclose the nature, scope, and amount of compensation received in exchange for the promotion. A failure to disclose this information is a violation of the anti-touting provisions of the federal securities laws. Persons making these endorsements may also be liable for potential violations of the anti-fraud provisions of the federal securities laws, for participating in an unregistered offer and sale of securities, and for acting as unregistered brokers. The SEC will continue to focus on these types of promotions to protect investors and to ensure compliance with the securities laws.

Investors should note that celebrity endorsements may appear unbiased, but instead may be part of a paid promotion. Investment decisions should not be based solely on an endorsement by a promoter or other individual. Celebrities who endorse an investment often do not have sufficient expertise to ensure that the investment is appropriate and in compliance with federal securities laws. Conduct research before making investments, including in ICOs. If you are relying on a particular endorsement or recommendation, learn more regarding the relationship between the promoter and the company and consider whether the recommendation is truly independent or a paid promotion. For more information, see an Investor Alert that the SEC's Office of Investor Education and Advocacy issued today regarding celebrity endorsements.

# MOST RECENT: PAUL PIERCE - FEB 17, 2023

- Paid millions to SEC, "touted" tokens on social media, **without disclosing he was being paid for the posts**.

- Patriots **Tom Brady** and Red Sox **David Ortiz** among celebrities being sued as brand ambassadors for now-bankrupt FTX cryptocurrency exchange.

- "**This case is yet another reminder to celebrities: The law requires you to disclose to the public from whom and how much you are getting paid to promote investment in securities…**", said SEC Chair Gary Gensler



# SEC ENFORCEMENT AGAINST CELEBRITY ENDORSERS

These cases highlight the importance of full disclosure to investors," said SEC Enforcement Division Co-Director Stephanie Avakian. **"With no disclosure about the payments, Mayweather and Khaled's ICO promotions may have appeared to be unbiased, rather than paid endorsements."**