UNITED STATES JUDICIAL PANEL
on
MULTIDISTRICT LITIGATION


IN RE: FTX CRYPTOCURRENCY EXCHANGE
COLLAPSE LITIGATION                                                            MDL No. 3076


**TRANSFER ORDER**


      **Before the Panel:** Plaintiffs in the action listed on Schedule A (*Lucky D.*) move under Panel Rule 7.1 to vacate the order conditionally transferring the action to MDL No. 3076. Defendants Prager Metis CPAs, LLC ("Prager Metis") and Armanino LLP oppose the motion and support transfer.

      After considering the argument of counsel, we find that this action involves common questions of fact with the actions transferred to MDL No. 3076, and that transfer under 28 U.S.C. § 1407 will serve the convenience of the parties and witnesses and promote the just and efficient conduct of the litigation. The actions in MDL No. 3076 involve common factual questions concerning the collapse of the FTX cryptocurrency exchange and the ensuing losses suffered by depositors and investors. *See In re FTX Cryptocurrency Exchange Collapse Litig.*, __ F. Supp. 3d __, 2023 WL 3829242 (J.P.M.L. June 5, 2023). Like the actions in the MDL, the *Lucky D.* action alleges that FTX mismanaged customer assets deposited on the FTX platform and that the individuals who enabled the alleged misconduct bear responsibility. The sole defendants in *Lucky D.* – FTX's former auditors Prager Metis and Armanino – are common defendants in the MDL, and the factual allegations concerning the auditor defendants' conduct substantially overlap with the allegations in the MDL.

      In opposition to transfer, the *Lucky D.* plaintiffs principally argue that (1) common factual questions are lacking, as their claims focus on the auditor defendants' alleged professional malpractice, in contrast to the MDL claims concerning conspiracy and aiding and abetting; and (2) centralization of their individual action with putative class actions would be unjust and inefficient. These arguments are unpersuasive. There are six actions in the MDL that assert claims against Prager Metis and Armanino based on their alleged conduct in auditing FTX and certifying that FTX was in good financial health despite numerous "red flags" – allegations that substantially overlap with *Lucky D.*'s professional malpractice claim. Additionally, after the close of the Panel briefing, plaintiffs' leadership in the MDL filed a master administrative complaint against Prager Metis and Armanino setting forth at length defendants' alleged disregard of industry standards and asserting a claim for "professional negligence" that undoubtedly overlaps with the *Lucky D.* professional malpractice claim.[1] The presence of additional claims in the MDL concerning

---

[1] *See* Admin. Class Action Compl. – Auditor Defs. in *In re FTX Cryptocurrency Exchange Collapse Litig.*, No. 23-md-3076, ECF No. 158, Count IX & ¶¶ 293-333 (S.D. Fla. Aug. 8, 2023).

-2-

conspiracy or accomplice liability is no obstacle to transfer. As we often have observed, "[t]ransfer under Section 1407 does not require a complete identity of factual issues . . . , and the presence of additional facts or differing legal theories is not significant when the actions still arise from a common factual core." *See In re Blue Cross Blue Shield Antitrust Litig.*, 908 F. Supp. 2d 1373, 1376 (J.P.M.L. 2012).

Plaintiffs err in assuming that an individual action should not be centralized in an MDL with putative class actions. The Panel routinely centralizes individual actions and putative class actions in a single MDL where the actions share a common factual core. *See In re U.S. Office of Pers. Mgmt. Data Sec. Breach Litig.*, 138 F. Supp. 3d 1379, 1380 (J.P.M.L. 2015) ("The Panel routinely includes individual and class actions in a single MDL."). Here, the discovery in all actions, including *Lucky D.*, concerning the alleged financial improprieties at FTX will overlap, regardless of whether the claims are styled as individual or class claims. And the discovery in the actions asserting claims against Prager Metis and Armanino likely will be substantially the same. Transfer in these circumstances will serve the just and efficient conduct of the litigation.

Lastly, plaintiffs assert that their action will be handled more efficiently on its own in the District of New Jersey and that this forum is more appropriate because Prager Metis has its headquarters there. But there are many parties and witnesses from different states involved in the FTX litigation. In deciding transfer, the Panel looks to "the overall convenience of the parties and witnesses in the litigation as a whole, not just those of a single plaintiff or defendant in isolation." *See Watson Fentanyl Patch Prods. Liab. Litig.*, 883 F. Supp. 2d 1350, 1351-52 (J.P.M.L. 2012).

IT IS THEREFORE ORDERED that the action listed on Schedule A is transferred to the Southern District of Florida and, with the consent of that court, assigned to the Honorable K. Michael Moore for inclusion in the coordinated or consolidated pretrial proceedings.

PANEL ON MULTIDISTRICT LITIGATION

_____
Karen K. Caldwell
Chair

| Nathaniel M. Gorton | Matthew F. Kennelly |
| David C. Norton | Roger T. Benitez |
| Dale A. Kimball | Madeline Cox Arleo |

IN RE: FTX CRYPTOCURRENCY EXCHANGE
COLLAPSE LITIGATION                                                         MDL No. 3076

## SCHEDULE A

<u>District of New Jersey</u>

LUCKY D., ET AL. v. PRAGER METIS, LLP, ET AL., C.A. No. 2:23-00389