UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION
MDL No. 3076
Case No. 1:23-md-03076-KMM

IN RE:

**FTX Cryptocurrency Exchange Collapse Litigation**

This document relates to:

Bank Defendants

*O'Keefe v. Sequoia Capital Operations, LLC, et al.*, S.D. Fla. Case No. 1:23-cv-20700

*O'Keefe v. Farmington State Bank d/b/a Moonstone Bank, et al.*, E.D. Wa. Case No. 2:23-cv-00213-TOR

_____/

**PLAINTIFFS' REPLY TO DEFENDANTS DELTEC BANK AND TRUST COMPANY LIMITED AND JEAN CHALOPIN'S OPPOSITION TO PLAINTIFFS' MOTION TO SERVE CERTAIN DEFENDANTS WITH PROCESS THROUGH ALTERNATE MEANS**

Defendants Deltec's and Chalopin's opposition boils down to demanding Plaintiffs spend more time and more money to serve Defendants who (1) were already served in September, and (2) have participated in this MDL since July. The Supreme Court of the United States has explained that the touchstone of service is due process—there are no due process concerns here. Defendants are clearly on notice of the causes of action against them and have had an opportunity to respond in the form of dispositive Rule 12 motions. Further, they are in frequent contact with Plaintiffs via email and Zoom, submit filings on the MDL docket, and otherwise defend themselves in this action. Defendants' objection to alternate service is particularly bizarre here—they have already been served in a case pending in this very MDL. They know it took Plaintiffs over six months to effectuate foreign service of the first complaint filed against them in the MDL. And they know that this case is complex, and discovery likely will be extensive.

On the merits, Defendants' argument that Plaintiffs must show that Defendants are evading service or that Bahamian service is difficult before being granted leave to pursue alternate service. This is wrong. Even a cursory reading of relevant authority interpreting Rule 4(f)(3) establishes that the Rule is intended to provide courts with flexibility and discretion. Further, Rule 4(f)(3) is an instrument of first resort, not last. There is no requirement that Plaintiffs exhaust, let alone attempt, other means of service under the Hague Convention or otherwise, before seeking leave for alternative service under Rule 4(f)(3). *See The N. Face Apparel Corp. v. Individuals, Bus. Entities & Uninc. Ass'ns Identified on Schedule "A"*, 2023 WL 5669999, at *1 (S.D. Fla. June 30, 2023) ("Alternate methods of service under Rule 4(f)(3) are available without first attempting service by other means.").

All Plaintiffs must do under the Rule is propose a plan that does not violate international agreement and that is reasonably calculated to give notice. As set forth herein, this district has

repeatedly approved the exact alternate service methods Plaintiffs seek—email on foreign Defendant and/or local counsel—as comporting with due process (and notably, without requiring attempts at other service methods first).[1] There are simply no due process concerns where, as here, Defendants are already substantively involved in this litigation. The only reason Defendants oppose alternative service is to cause further delay and expense, which is contrary to the spirit— and letter—of the Federal Rules. Fed. R. Civ. P 1 ("[The Federal Rules of Civil Procedure" should be construed, administered, and employed by the court and the parties to secure the just, speedy, and inexpensive determination of every action and proceeding."); Fed. R. Civ. P. 4(d) (A corporation subject to service under Rule 4(f) "has a duty to avoid unnecessary expenses of serving the summons.").

**ARGUMENT**

A. **Rule 4(f)(3) Does Not Require Plaintiffs Attempt Other Means of Service First.**

Defendants' first argument—that service under Rule 4(f)(3) requires Plaintiffs to first attempt service through other means—is completely baseless. MDL ECF No. 329 at 5-6. The weight of authority is clear: Rule 4(f)(3) may be used as a **first resort**. *E.g.*, *The N. Face Apparel Corp. v. Individuals, Bus. Entities & Uninc. Ass'ns Identified on Schedule "A"*, 2023 WL 5669999, at *1 (S.D. Fla. June 30, 2023) ("Alternate methods of service under Rule 4(f)(3) are available **without first attempting service by other means**.") (emphasis added; citing, *inter alia*, *De Gazelle Grp., Inc. v. Tamaz Trading Establishment*, 817 F.3d 747, 750 (11th Cir. 2016) ("If a party cannot, or chooses not to, serve a defendant abroad using one of the methods specified in Rule 4(f)(1) and (2), the party may accomplish service 'by other means not prohibited by international

---

[1] Including in this MDL just five months ago. *See Garrison v. Paffrath*, No. 23-cv-21023, ECF No. 65 (S.D. Fla. May 5, 2023) (approving email service on foreign defendant per Rule 4(f)(3)).

3

agreement, as the court orders.'")); *see also*, *e.g.*, *Al-Saadi v. Annchery Fajas USA, Inc.*, Case No. 20-23939, 2022 WL 898562, at *3 (S.D. Fla. Mar. 28, 2022) ("This Court has also found that a party does not have to attempt other forms of service before requesting leave for alternative service under Rule 4(f)(3)) (citing *Brookshire Bros., Ltd. v. Chiquita Brands Int'l, Inc.*, No. 05-21962, 2007 WL 1577771 (S.D. Fla. May 31, 2022) ("[C]ertainly, Rule 4(f)(3) includes no qualifiers or limitations which indicated its availability only after attempting service of process by other means.")); *In re OnePlus Tech. (Shenzhen) Co., Ltd.*, Case No. 2021-165, 2021 WL 4130643, at *3 (Fed. Cir. 2021) (recognizing that considerations under Rule 4(f)(3) "are not akin to an exhaustion requirement"). Rule 4(f)(3) is one of several choices for serving litigants under Rule 4, and it stands on equal footing with all the others. *Rio Props., Inc. v. Rio Int'l Interlink*, 284 F. 3d 1007, 1015 (9th Cir. 2012); *AngioDynamics, Inc. v. Biolitec AG*, 780 F.3d 420, 429 (1st Cir. 2015); *Tracfone Wireless, Inc. v. Hernandez*, 126 F. Supp. 3d 1357 (S.D. Fla. 2015).

Courts have also repeatedly recognized that Plaintiffs do not need to first effectuate service through prescribed methods under the Hague Convention to comport with Rule 4(f)(3)'s requirements. "[N]umerous courts have determined that the Convention's provisions regarding service of process are 'neither mandatory nor exclusive.'" *City Pension Fund for Firefighters & Police Officers v. Aracruz Cellulose S.A.*, No. 08-23317, 2010 WL 11527263, at *2 (S.D. Fla. Jul. 23, 2010); *see also id.* (collecting cases); *Kreimerman v. Casea Veerkamp, S.A.*, 22 F.3d 634, 642 (5th Cir. 1994) ("[T]he text of the Convention strongly indicates, not that the Convention preempts other conceivable methods of service, but that it merely provides a mechanism for transmitting and delivering letters rogatory when and if parties elect to use that mechanism."). Rather, under Rule 4(f)(3), the Court may authorize an alternate method of service provided that "it is not prohibited by international agreement and is reasonably calculated to give notice to the

4

defendants." *In re Farm-Raised Salmon & Salmon Prods. Antitrust Litig.*, No. 19-21551, 2019 WL 13062201, at *1 (S.D. Fla. May 14, 2019) (citations omitted). What matters is whether, as a signatory to the Hague Convention, the Bahamas has precluded service by email. It has not. A court acting under Rule 4(f)(3) remains free to order alternate means of service where a signatory nation has not expressly objected to them. *See, e.g., Stat Med. Devices, Inc. v. HTL-Strefa, Inc.*, Case No. 15-cv-20590-FAM, 2015 U.S. Dist. LEXIS 122000 (S.D. Fla. Sept. 14, 2015) (authorizing service by email); *see also Chengdu Jiechen Tech. Ltd. v. Trobing-US*, 2021 WL 10382802, at *1 (S.D. Fla. Aug. 10, 2021) (authorizing service by email and publication); *Yeti Coolers, LLC v. Individuals, Bus. Entities & Uninc. Ass'ns Identified on Schedule "A"*, 2023 WL 5659522, at *1 (S.D. Fla. July 24, 2023) (same).

Defendants' argument is particularly bizarre in this case because they have already been validly served with a complaint in this very MDL, which they concede. And, as they well know, service of that complaint took considerable time—six months. *See* ECF No. 280-6. Defendants simply cannot claim that they lack adequate due process, which is the touchstone of the service requirement. *See Ryder Truck Rental, Inc. v. Change Energy, Inc.*, No. 21-cv-21044, 2021 WL 9565825 (S.D. Fla. Aug. 8, 2021) ("[T]he purpose of Rule 4 is to give notice.") (citing *Mullane v. Cent. Hanover Bank & Trust Co.*, 339 U.S. 306, 314 (1950)). They are already on notice of claims and have had ample opportunity to respond (and indeed have, by filing dispositive Rule 12 motions. *See* MDL ECF No. 267). Nor will the Court's judicial resources be limited in terms of exacting service when, as here, Defendants are already subject to the jurisdiction of this Court in the MDL. *See Ryan v. Brunswick Corp.*, No. 02-CV_0133, 2002 WL 1628933, at *2 (W.D.N.Y. May 31, 2002) (explaining that Rule 4(f)(3) considerations are "to prevent parties from

5

whimsically seeking alternate means of service and thereby increasing the workload of the courts.").

B. **Defendants Dismiss the Court's Broad Discretion in Authorizing Alternate Service by Portraying Cherrypicked Factors That Other Courts Have Considered as Prerequisites.**

Defendants not only misstate the standard for granting a motion for alternative service, but also fabricate hurdles they claim Plaintiffs must overcome before obtaining the requested relief. MDL ECF No. 329 at 6-10. Specifically, Defendants claim Plaintiffs need to show that Defendants are evading service, that there is urgency, and that service through the Bahamian Central Authority is difficult. This is wrong. The method of service need only comport with principles of due process. *Mullane*, 339 U.S. at 314. Indeed, district courts in this district (and elsewhere) have granted leave to provide alternate service without analyzing any of Defendants' enumerated factors. *E.g.*, *In re Salmon*, 2019 WL 13062201, at *1-2; *Zuru Inc. v. Inc. v. Individuals, P'ships & Uninc. Ass'ns Idnetified on Schedule "A"*, No. 23-22217, 2023 WL 5659032, at *2 (S.D. Fla. June 29, 2023); *see also, e.g.*, *Price v. Knauf Gips KG*, No. 8-21-cv-2788, 2021 WL 6064817, at *1 (M.D. Fla. Dec. 22, 2021).

A review of the case law does not, and cannot, support Defendants' assertion that this District *must* look for evidence of service evasion, unknown addresses, or some unusual urgency or difficulty before granting an alternate service method. Instead, courts evaluate a multitude of factors in determining whether a proposed alternate service method is appropriate and have broad discretion and authority to do so. *See Prewitt Enters., Inc. v. Org. of Petroleum Exporting Countries*, 353 F.3d 916, 921, 927 (11th Cir. 2003); *Rio Props.*, 284 F.3d at 1015. As all that courts must do is ensure that the proposal is consistent with due process and not prohibited by international agreements, courts in this district have repeatedly approved service plans like Plaintiffs', based on factors other than those Defendants list:

- where defendants were shown to have formed internet-based businesses and to have reliable forms of electronic contact (*E.g.*, *Chanel, Inc. v. replicachanelpurses.com*, 2023 WL 5625547, at *1–2 (S.D. Fla. June 26, 2023); *see also N. Face Apparel*, 2023 WL 5669999, at *1 (same); *Smiley Co. SPRL v. Individuals, Partnerships & Unincorporated Associations Identified on Schedule "A"*, WL 5625607, at *1 (S.D. Fla. June 30, 2023) (same));

- where plaintiffs showed that domestic defendant is a wholly-owned subsidiary of the foreign defendant and that the president of the foreign defendant serves on the board of the domestic defendant (*E.g.*, *Stat Med. Devices, Inc. v. HTL-Strefa, Inc.*, 2015 WL 5320947, at *4 (S.D. Fla. Sept. 14, 2015));

- where international courier to foreign defendants' known personal and corporate addresses, as well as email and U.S. mail to their Florida counsel, was sufficient notice of the action, (*E.g.*, *Fru Veg Mktg., Inc. v. Vegfruitworld Corp.*, 896 F. Supp. 2d 1175, 1182 (S.D. Fla. 2012));

- where the court was reasonably satisfied that the defendants who operate on the internet and rely on electronic communication for their business would be apprised by electronic service (*E.g.*, *Tiffany (NJ) LLC v. DORAPANG Franchise Store*, 2018 WL 4828430, at *3 (S.D. Fla. July 17, 2018));

- where Plaintiff had identified at least one known form of electronic contact (*E.g.*, *Chengdu Jiechen Tech. Ltd. v. Trobing-US*, 2021 WL 10382802, at *1 (S.D. Fla. Aug. 10, 2021); and

- where email service combined on foreign individual defendant, foreign corporate defendant, and local counsel comported with due process (*E.g.*, *U.S. Commodity Futures Trading Comm'n v. Aliaga*, 272 F.R.D. 617 (S.D. Fla. 2011).

In each case in the non-exhaustive list above, the court made zero analysis as to whether plaintiffs made a showing of the factors Defendants assert, because **they simply are not requisite factors**. Rather, each time, the alternate service was ultimately evaluated as to whether it satisfied constitutional notions of due process under the Supreme Court's holding in *Mullane*—that alternate service must provide "notice reasonably calculated, under all the circumstances, to appraise interested parties of the pendency of the action and afford them an opportunity to present their objections." *Mullane v. Cent. Hanover Bank & Trust Co.*, 339 U.S. 306, 314 (1950).

To the extent Defendants argue that email service on foreign defendants through local counsel is inappropriate or otherwise would lack due process, courts around the country disagree, and have repeatedly ordered such alternate service in order to prevent delays in litigation. *See*, *e.g.*, *LG Elecs, Inc. v. ASKO Appliances, Inc.*, 2009 WL 1811098, at *4 (D. Del. June 23, 2009) (finding that service upon an attorney was permissible in light of the regularity of contact between the defendant and attorney); *Prediction Co. LLC v. Rajgarhia*, 2010 WL 1050307, at *1 (S.D.N.Y. Mar. 22, 2010) (finding that sending the summons and complaint to defendant's attorney and requesting that he forward the documents to defendant satisfies due process concerns); *Marlabs Inc. v. Jakher*, 2010 WL 1644041, at *3 (D.N.J. Apr. 22, 2010) (finding that service on the foreign defendant through his attorney comports with due process because the defendant was clearly on notice of the contents of the instant complaint and had regular contact with its attorney); *In re TFT–LCD (Flat Panel) Antitrust Litig.*, 2010 WL 1337743, at *3 (N.D. Cal. Apr. 2, 2010) (finding that where the defendant had consulted U.S. counsel regarding the lawsuit and participated in the

case through U.S. counsel it was reasonable to find that the defendant had sufficient notice of the suit); *FMAC Loan Receivables v. Dagra*, 228 F.R.D. 531, 534 (E.D. Va.2005) (finding that where the defendant's attorney had filed several motions on the defendant's behalf the defendant would be given proper notice of the suit if process was served on his attorney). Defendants have given no reason why effectuating service on U.S. counsel is inappropriate in this matter, especially when that same counsel already represents Defendants in a case which no one disputes has been effectively served and is in this MDL.

## CONCLUSION

Plaintiffs respectfully request that this Court grant its proposed service plan, which comports with due process, does not violate international agreement, and serves the needs of the case given the facts at hand in this complex litigation.

Dated: October 12, 2023                                    Respectfully submitted,

**By: */s/ Adam Moskowitz*** | **By: */s/ David Boies***
Adam M. Moskowitz (FL Bar No. 984280) | David Boies (NY Bar No. 2296333)
Joseph M. Kaye (FL Bar No. 117520) | Alexander Boies (NY Bar No. 5418579)
**THE MOSKOWITZ LAW FIRM, PLLC** | Brooke A. Alexander (NY Bar No. 4678900)
Continental Plaza | **BOIES SCHILLER FLEXNER LLP**
3250 Mary Street, Suite 202 | 333 Main Street
Coconut Grove, FL 33133 | Armonk, NY 10504
Telephone: (305) 740-1423 | Telephone: (914) 749-8200
adam@moskowitz-law.com | dboies@bsfllp.com
joseph@moskowitz-law.com | aboies@bsfllp.com
service@moskowitz-law.com | balexander@bsfllp.com

*Co-Lead Counsel*                                    *Co-Lead Counsel*


**By: */s/ Joseph R. Saveri*** | **By: */s/ Molly L. Wells***
Joseph R. Saveri (CA Bar No. 130064) | James R. Swanson (LA Bar No. 18455)
Christopher K.L. Young (CA Bar No. 238532) | Kerry J. Miller (LA Bar. No. 24562)
Louis Kessler (CA Bar No. 243703) | Molly L. Wells (LA Bar. No. 36721)
Itak K. Moradi (CA Bar No. 310537) | C. Hogan Paschal (LA Bar No. 38495)
**JOSEPH SAVERI LAW FIRM** | **FISHMAN HAYGOOD L.L.P.**

<div style="columns:2">

601 California Street, Suite 1000
San Francisco, CA 94108
Telephone: (415) 500-6800
jsaveri@saverilawfirm.com
cyoung@saverilawfirm.com
lkessler@saverilawfirm.com
imoradi@saverilawfirm.com

Robert Lieff (CA Bar No. 37568)
P.O. Drawer A
Rutherford, CA 94573
rlieff@lieff.com

*Counsel to Plaintiffs and the Putative Classes*

201 St. Charles Avenue, 46th Floor
New Orleans, Louisiana 70170-4600
Telephone:(504) 586-5252
Fax: (504) 586-5250
jswanson@fishmanhaygood.com
kmiller@fishmanhaygood.com
mwells@fishmanhaygood.com
hpaschal@fishmanhaygood.com

*Counsel to Plaintiffs and the Putative Classes*

</div>

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on October 12, 2023, a true and correct copy of the foregoing was filed electronically with the Clerk of the Court, by using the CM/ECF system which will send an electronic notification of such filing to all counsel of record.

By: */s/ Adam M. Moskowitz*
    Adam M. Moskowitz