**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**
**MIAMI DIVISION**
MDL No. 3076
Case No. 1:23-md-03076-KMM

**IN RE:**

**FTX Cryptocurrency Exchange Collapse Litigation**

_____

This document relates to:

Multinational VC Defendants

Bank Defendants

*O'Keefe v. Sequoia Capital Operations, LLC, et al.*, S.D. Fla.
Case No. 1:23-cv-20700

*Chernyavsky et al. v. Temasek Holdings (Private) Ltd., et al.*,
S.D. Fla. Case No. 1:23-cv-22960

*Cabo et al. v. Temasek Holdings (Private) Ltd. et al.*, N.D. Cal.
Case No. 3:23-cv-03974

_____/

**PLAINTIFFS' REPLY TO DEFENDANT SINO GLOBAL CAPITAL LIMITED'S**
**OPPOSITION TO PLAINTIFFS' MOTION TO SERVE CERTAIN DEFENDANTS**
**WITH PROCESS THROUGH ALTERNATE MEANS**

Sino Global offers nothing controlling on this Court to deny leave for alternate service. Importantly, Sino Global is a foreign hedge fund that does the majority of its business over the internet, primarily uses email to conduct business, maintains a significant United States presence, and executives who public sources suggest are American. Courts in this district routinely bless plans for alternate service in such circumstances,[1] in large part because service via the internet appears to be the most reliable means of communication for such companies, which tend to have "concealed physical locations."[2] Any possible concern about due process—which is the touchstone of adequate service under Supreme Court authority—with Plaintiffs' proposed email service is obviated by the fact that Sino Global is both clearly on notice of the causes of action against it and has had the opportunity to respond, in the form of filing Rule 12 motions.

The two arguments Sino Global raises in opposition—that Plaintiffs have not tried to serve it through the Hague Convention and have not shown that doing so would be futile or burdensome—are unsupported by the case law. There is no requirement that Plaintiffs first attempt other service methods, through the Hague Convention or otherwise, before seeking leave for alternate service under Rule 4(f)(3). *See The N. Face Apparel Corp. v. Individuals, Bus. Entities & Uninc. Ass'ns Identified on Schedule "A"*, 2023 WL 5669999, at *1 (S.D. Fla. June 30, 2023) ("Alternate methods of service under Rule 4(f)(3) are available without first attempting service by

---

[1] Including in this MDL just five months ago. *See Garrison v. Paffrath*, No. 23-cv-21023, ECF No. 65 (S.D. Fla. May 5, 2023).

[2] *Chanel, Inc. v. Chanelpromotion.com*, 2013 WL 12091644, at *1 (S.D. Fla. Oct. 28, 2013); S*ee also, e.g., Chengdu Jiechen Tech. Ltd. v. Trobing-US*, 2021 WL 10382802 (S.D. Fla. Aug. 10, 2021); *Tiffany (NJ) LLC v. DORAPANG Franchise Store*, 2018 WL 4828430 (S.D. Fla. July 17, 2018); *Chanel, Inc. v. replicachanelpurses.com*, 2023 WL 5625547 (S.D. Fla. June 26, 2023); *N. Face Apparel*, 2023 WL 5669999 (S.D. Fla. June 30, 2023); *Smiley Co. SPRL v. Individuals, Partnerships & Unincorporated Associations Identified on Schedule "A"*, WL 5625607 (S.D. Fla. June 30, 2023); *In re Farm-Raised Salmon & Salmon Prods. Antitrust Litig.*, 2019 WL 13062201 (S.D. Fla. May 14, 2019).

other means."). All Plaintiffs must do is propose a plan that does not violate international agreement and that is reasonably calculated to give notice.

The fact that Sino Global intentionally hides its business address further warrants Plaintiffs' proposed service plan. Sino Global does not disclose an address on its website. Its location is listed on social media as "the Metaverse."[3] It even recently changed its name to "Ryze Labs,"[4] after its conduct in aiding and abetting the FTX fraud, in part by starting a hedge fund largely funded by FTX and trading in the coins, tokens and other currencies that FTX manipulated, came to light. Alternate service is appropriate where, as here, the entity in question is an internet-based business, that utilizes electronic means as reliable forms of contact, and that conceals its physical location. (*See* note 1.)

## ARGUMENT

Rule 4(f)(3) provides that service on foreign defendants may be accomplished "by other means not prohibited by international agreement, as the court orders." Fed. R. Civ. P. 4(f)(3). Alternate methods of service under Rule 4(f)(3) are available without first attempting service by other means. *N. Face Apparel Corp. v. Individuals, Bus. Entities, & Uninc. Ass'ns Identified on Schedule "A"*, 2023 WL 5669999, at *1 (S.D. Fla. June 30, 2023*); Rio Props., Inc. v. Rio Int'l Interlink,* 284 F.3d 1007, 1015 (9th Cir. 2002); *see also De Gazelle Grp., Inc. v. Tamaz Trading Establishment,* 817 F.3d 747, 750 (11th Cir. 2016) ("If a party cannot, or **chooses not to**, serve a defendant abroad using one of the methods specified in Rule 4(f)(1) and (2), the party may accomplish service 'by other means not prohibited by international agreement, as the court orders.'") (emphasis added).

---

[3] Ryze Labs (@RyzeLabs) / X (twitter.com) (last accessed Oct. 12, 2023).
[4] https://ryzelabs.io/home;   https://www.prnewswire.com/news-releases/sino-global-capital-rebrands-to-ryze-labs-301919064.html (last accessed Oct. 11, 2023).

A. **Plaintiffs' Alternate Service Plan Is Appropriate.**

1. **Plaintiffs do not need to first attempt service through the Hague Convention.**

Sino Global insists that Plaintiffs' motion must fail because Plaintiffs have not pursued service through the Hague Convention. This is incorrect as a matter of law. First, the weight of authority is clear: "[a]lternate methods of service under Rule 4(f)(3) are available **without first attempting service by other means**." *The N. Face Apparel Corp. v. Individuals, Bus. Entities & Unincorporated Ass'ns Identified on Schedule "A"*, 2023 WL 5669999, at *1 (S.D. Fla. June 30, 2023) (emphasis added; citing, *inter alia*, *De Gazelle Grp.,* 817 F.3d at 750 (11th Cir. 2016)); *see also*, *e.g.*, *Al-Saadi v. Annchery Fajas USA, Inc.*, 2022 WL 898562, at *3 (S.D. Fla. Mar. 28, 2022) ("This Court has also found that a party does not have to attempt other forms of service before requesting leave for alternate service under Rule 4(f)(3)) (citing *Brookshire Bros., Ltd. v. Chiquita Brands Int'l, Inc.*, , 2007 WL 1577771 (S.D. Fla. May 31, 2022) ("[C]ertainly, Rule 4(f)(3) includes no qualifiers or limitations which indicated its avaialbiltiy only after attempting service of process by other means."); *In re OnePlus Tech. (Shenzhen) Co., Ltd.*, Case, 2021 WL 4130643, at *3 (Fed. Cir. 2021) (recognizing that considerations under Rule 4(f)(3) "are not akin to an exhaustion requirement").

Second, with respect to the Hague Convention itself, "numerous courts have determined that the Convention's provisions regarding service of process are 'neither mandatory nor exclusive.'" *City Pension Fund for Firefighters & Police Officers v. Aracruz Cellulose S.A.*, 2010 WL 11527263, at *2 (S.D. Fla. Jul. 23, 2010); *see also id.* (collecting cases); *Kreimerman v. Casea Veerkamp, S.A.*, 22 F.3d 634, 642 (5th Cir. 1994) ("[T]he text of the Convention strongly indicates, not that the Convention preempts other conceivable methods of service, but that it merely provides a mechanism for transmitting and delivering letters rogatory when and if parties elect to use that

mechanism."). What *does* matter is whether Hong Kong (where Sino Global apparently resides), as a signatory to the Hague Convention, has precluded service by email. It has not. A court acting under Rule 4(f)(3) remains free to order alternate means of service where, a signatory nation has not expressly objected to them. *See, e.g., Stat Med. Devices, Inc. v. HTL-Strefa, Inc*., 2015 U.S. Dist. LEXIS 122000 (S.D. Fla. Sept. 14, 2015) (authorizing service by email); *see also Chengdu Jiechen Tech. Ltd. v. Trobing-US*, 2021 WL 10382802, at *1 (S.D. Fla. Aug. 10, 2021) (authorizing service by email and publication); *Yeti Coolers, LLC v. Individuals, Bus. Entities & Unincorporated Associations Identified on Schedule "A"*, 2023 WL 5659522, at *1 (S.D. Fla. July 24, 2023) (same).

Third, and most importantly, Hague Convention methods do not even apply where the address of the person to be served is unknown. *Sec. & Exch. Comm'n v. Palm House Hotel, LLLP*, 2018 WL 9849603, at *2 (S.D. Fla. Nov. 7, 2018) (citing *Atlas One Fin. Grp., LLC v. Alarcon*, 2014 WL 12571403, at *3 (S.D. Fla. Feb. 28, 2014)); *Under Armour, Inc. v. 51nfljersey.com*, , 2014 WL 644755, at *2 (S.D. Fla. Feb. 19, 2014) ("The Hague Convention is not applicable here because it 'shall not apply where the address of the person to be served with the documents is not known.'") (citing Hague Convention, Art. 1, 20 U.S.T. 361 (1969)); *see also BP Prods. N. Am., Inc. v. Dagra,* 236 F.R.D. 270, 271 (E.D.Va.2006) ("The Hague Convention does not apply in cases where the address of the foreign party to be served is unknown.").

Sino Global purposefully obscures the location of its headquarters, and purports on social media to basically live in the ether. It holds itself out as "invest[ing] in builds of the next generation of the internet, around the globe."[5] Its executives are American,[6] and many of the employees

---

[5] https://ryzelabs.io/home (last visited Oct. 11, 2023).
[6] Matthew Graham, the CEO of Sino Global, for example, is American. *See, e.g.*, https://abasummit.io/speakers/matthew-graham/, (last accessed Oct. 11, 2023) ("Matthew

appear to be based in the United States. Numerous courts in this district have approved alternate service in such situations. *E.g.*, *In re Farm- Raised Salmon*, 2019 WL 13062201, at *2 (S.D. Fla. May 14, 2019) (approving alternate service plan where "Defendants conduct a majority of their business over the internet; "Defendants routinely use e-mail to conduct their business"; "Defendants have subsidiaries in the United States that have a sufficiently close relationship to the Defendant parent companies;" and "Plaintiffs show that email is likely to reach Defendants."); *Rio Props, Inc. v. Rio Int'l Interlink,* 284 F.3d 1007, 1018 (9th Cir. 2002) ("In fact, [defendant] structured its business such that it could be contacted only via its email address. [Defendant] listed no easily discoverable street address in the United States or in Costa Rica. Rather, on its website and print media, [defendant] designated its email address as its preferred contact information.").

Service via the Hague Convention is neither required nor reasonable.

### 2. Plaintiffs do not need to show past service efforts were futile or burdensome, as service under Rule 4(f)(3) is available as a first resort.

Sino Global's second argument, that Plaintiffs must first demonstrate other methods of service were futile or burdensome before proceeding with alternate service, likewise fails. So long as due process is afforded, Rule 4(f)(3) stands on equal footing with other methods of foreign service. *Rio Props., Inc. v. Rio Int'l Interlink*, 284 F. 3d 1007, 1015 (9th Cir. 2012); *AngioDynamics, Inc. v. Biolitec AG*, 780 F.3d 420, 429 (1st Cir. 2015); *Tracfone Wireless, Inc. v. Hernandez*, 126 F. Supp. 3d 1357 (S.D. Fla. 2015). All that Plaintiffs must do is propose a service plan that does not violate international agreement and that is reasonably calculated to give notice.

---

graduated from the University of Rochester MBA program with a concentration in finance and studied quantitative finance at the University of California Berkeley. Before pursuing his graduate studies, Matthew managed a trading desk at a boutique technology-focused hedge fund in New York City after starting his career at IBM Global Services. Mr. Graham was a National Merit, Presidential, and Xerox Scholar at American University.").

*U.S. Commodity Futures Trading Comm'n v. Aliaga*, 272 F.R.D. 617, 619 (S.D. Fla. 2011); *Mullane v. Cent. Hanover Bank & Trust Co.*, 339 U.S. 306, 314 (1950). The central purpose of service of process is "to supply notice of the pendency of a legal action, in a manner and at a time that affords the defendant a fair opportunity to answer the complaint and present defenses and objections." *Henderson v. United States*, 517 U.S. 654, 672 (1996). It is clear from Sino Global's own actions that it has notice of this lawsuit and will be afforded the opportunity to respond. There is little reason not to effectuate service via the alternate means requested here.

The cases that Sino Global cites to substantiate this argument are distinguishable and in fact provide support for Plaintiffs' position, by highlighting the prevailing factor in this analysis—due process.

For example, in *Osio v. Moros*, this District declined to grant alternate service methods of text message, email, or posting on the social media accounts of *unrepresented* defendants—whom the plaintiffs identified as "pariahs and fugitives who [flout] U.S. authority"—based in part on the inherent unreliability of serving individuals through social media channels without evidence that it is actually the defendants themselves who monitor, post, open, or use those accounts, and thus, out of concern for whether due process would be afforded.  WL 1565359, at *3-4 (S.D. Fla. Apr. 21, 2021). Such concerns are non-existent here because Sino Global is a well-resourced venture capital firm, not an unrepresented fugitive without confirmed electronic contact, and the alternate service that Plaintiffs seek is email service on Sino Global's local counsel (even if they are specially appearing).[7] Moreover, Matthew Graham, who is by all accounts the figurehead of Sino

---

[7] An attorney's purported lack of authority to accept service on behalf of a client does not prevent a court from authorizing such service under Rule 4(f)(3). *See, e.g., U.S. Commodity Futures Trading Comm'n v. Aliaga*, 272 F.R.D. 617, 619–20 (S.D. Fla. 2011).

Global, has submitted a declaration in this MDL via local counsel. *See* R. Doc. 300-1. It cannot be denied that he, and Sino Global, are in contact with such local counsel.

In *Night Owl SP, LLC v. Dongguan Auhua Electronics Co.*, the Court declined alternate service after plaintiff failed to make any attempt to serve an unrepresented defendant for eighteen months beyond a court-order deadline, failed to revisit a prior order requiring plaintiff to use China's central authority to perfect service, and instead sought an extension of time and an alternate method of service without a showing of good cause. 2020 WL 8768259, at *2-3 (M.D. Fla. Sept. 9, 2020). Sino Global only appeared in this action this month and there are no existing orders. Nor is *Casa Express Corp. v. Bolivarian Republic of Venezuela* on point, wherein plaintiffs effectuated substitute service on an impleaded Venezuelan defendant before even seeking leave to do so under Rule 4(f)(3). 2023 WL 4025837, at *3 (S.D. Fla. Apr. 18, 2023).

3.   **Service by email on a foreign internet-based entity and its local counsel is appropriate and common.**

To the extent Sino Global contests that service by email or local counsel is inappropriate, this argument also fails. Indeed, where service by e-mail are reasonably calculated "to apprise Defendants of the pendency of the action and afford them an opportunity to present their objections" it is often granted, especially where it is "the most likely means of communication to reach Defendants, who operate via the Internet and rely on electronic communications for the operation of their businesses." *Yeti Coolers, LLC v. Individuals, Bus. Entities & Uninc. Ass'ns Identified on Schedule "A"*, 2023 WL 5659522, at *2 (S.D. Fla. July 24, 2023)*( citing Tiffany*, 2018 WL 4828430, at *3); *Chanel, Inc. v. Zhixian*, 2010 WL 1740695, at *2 (S.D. Fla. Apr. 29, 2010) (granting in part motion for alternative service because the defendant's addresses were false, incomplete or invalid, and its phone numbers were invalid, disconnected, or went unanswered, despite plaintiff's investigations).

With respect to effecting service through U.S. counsel, there is ample support for this too. Courts around the country routinely approve motions for alternate service to local counsel. *See, e.g.*, *LG Elecs, Inc. v. ASKO Appliances, Inc.*, 2009 WL 1811098, at *4 (D. Del. June 23, 2009) (finding that service upon an attorney was permissible in light of the regularity of contact between the defendant and attorney); *Prediction Co. LLC v. Rajgarhia*, 2010 WL 1050307, at *1 (S.D.N.Y. Mar. 22, 2010) (finding that sending the summons and complaint to defendant's attorney and requesting that he forward the documents to defendant satisfies due process concerns); *Marlabs Inc. v. Jakher*, 2010 WL 1644041, at *3 (D.N.J. Apr. 22, 2010) (finding that service on the foreign defendant through his attorney comports with due process because the defendant was clearly on notice of the contents of the instant complaint and had regular contact with its attorney); *In re TFT–LCD (Flat Panel) Antitrust Litig.*, 2010 WL 1337743, at *3 (N.D.Cal. Apr. 2, 2010) (finding that where the defendant had consulted U.S. counsel regarding the lawsuit and participated in the case through U.S. counsel it was reasonable to find that the defendant had sufficient notice of the suit); *FMAC Loan Receivables v. Dagra*, 228 F.R.D. 531, 534 (E.D.Va.2005) (finding that where the defendant's attorney had filed several motions on the defendant's behalf the defendant would be given proper notice of the suit if process was served on his attorney).

## CONCLUSION

Plaintiffs respectfully request that this Court grant its proposed service plan, which comports with due process, does not violate international agreement, and serves the particularities at hand given Sino Global's internet-based presence.

Dated: October 12, 2023

Respectfully submitted,

**By: */s/ Adam Moskowitz***
Adam M. Moskowitz (FL Bar No. 984280)
Joseph M. Kaye (FL Bar No. 117520)
**THE MOSKOWITZ LAW FIRM, PLLC**

**By: */s/ David Boies***
David Boies (NY Bar No. 2296333)
Alexander Boies (NY Bar No. 5418579)
Brooke A. Alexander (NY Bar No. 4678900)

Continental Plaza
3250 Mary Street, Suite 202
Coconut Grove, FL 33133
Telephone: (305) 740-1423
adam@moskowitz-law.com
joseph@moskowitz-law.com
service@moskowitz-law.com

*Co-Lead Counsel*

**BOIES SCHILLER FLEXNER LLP**
333 Main Street
Armonk, NY 10504
Telephone: (914) 749-8200
dboies@bsfllp.com
aboies@bsfllp.com
balexander@bsfllp.com

*Co-Lead Counsel*

By: */s/ Joseph R. Saveri*
Joseph R. Saveri (CA Bar No. 130064)
Christopher K.L. Young (CA Bar No. 238532)
Louis Kessler (CA Bar No. 243703)
Itak K. Moradi (CA Bar No. 310537)
**JOSEPH SAVERI LAW FIRM**
601 California Street, Suite 1000
San Francisco, CA 94108
Telephone: (415) 500-6800
jsaveri@saverilawfirm.com
cyoung@saverilawfirm.com
lkessler@saverilawfirm.com
imoradi@saverilawfirm.com

Robert Lieff (CA Bar No. 37568)
P.O. Drawer A
Rutherford, CA 94573
rlieff@lieff.com

*Counsel to Plaintiffs and the Putative Classes*

By: */s/ Molly L. Wells*
James R. Swanson (LA Bar No. 18455)
Kerry J. Miller (LA Bar. No. 24562)
Molly L. Wells (LA Bar. No. 36721)
C. Hogan Paschal (LA Bar No. 38495)
**FISHMAN HAYGOOD L.L.P.**

201 St. Charles Avenue, 46th Floor
New Orleans, Louisiana 70170-4600
Telephone:(504) 586-5252
Fax: (504) 586-5250
jswanson@fishmanhaygood.com
kmiller@fishmanhaygood.com
mwells@fishmanhaygood.com
hpaschal@fishmanhaygood.com

*Counsel to Plaintiffs and the Putative Classes*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on October 12, 2023, a true and correct copy of the foregoing was filed electronically with the Clerk of the Court, by using the CM/ECF system which will send an electronic notification of such filing to all counsel of record.

By: */s/ Adam M. Moskowitz*
Adam M. Moskowitz