**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**
**MIAMI DIVISION**
MDL No. 3076
Case No. 1:23-md-03076-KMM

IN RE:

**FTX Cryptocurrency Exchange Collapse Litigation**

_____

This document relates to:

Multinational VC Defendants

Bank Defendants

*O'Keefe v. Sequoia Capital Operations, LLC, et al.*, S.D. Fla. Case No. 1:23-cv-20700

*O'Keefe v. Temasek Holdings (Private) Ltd., et al.*, N.D. Cal. Case No. 3:23-cv-3655

*Chernyavsky et al. v. Temasek Holdings (Private) Ltd., et al.*, S.D. Fla. Case No. 1:23-cv-22960

*Cabo et al. v. Temasek Holdings (Private) Ltd. et al.*, N.D. Cal. Case No. 3:23-cv-03974

_____/

**PLAINTIFFS' REPLY TO DEFENDANT TEMASEK HOLDINGS (PRIVATE) LIMITED'S OPPOSITION TO PLAINTIFFS' MOTION TO SERVE CERTAIN DEFENDANTS WITH PROCESS THROUGH ALTERNATE MEANS**

Temasek has tipped its hand. *Temasek already once agreed to waive service of a complaint this motion concerns*. Rather than follow through, it reneged on that agreement, and tried to instead extract a dismissal of one complaint in exchange for waiving service of another. Meanwhile, Temasek has participated in this MDL since July. It has filed four motions, opposed the appointment of a special master, appeared at hearings, and has frequently communicated with Plaintiffs' counsel. Now, Temasek wants to have its cake and eat it, too. It has filed a motion seeking to dismiss itself from this litigation on the basis that Plaintiffs' service efforts are purportedly insufficient because a foreign entity must be served under Rule 4(f). Now that Plaintiffs have filed a motion for alternative service *seeking to do exactly that*, Temasek opposes it—claiming, incorrectly, that Plaintiffs must first attempt other methods of service before they can invoke Rule 4(f)(3).[1]

It has become clear that Temasek does not want to litigate this case on the merits but rather by frustrating Plaintiffs' and the Court's time and effort. These games have undoubtedly wasted precious judicial resources and are not in the spirit—or letter—of the Federal Rules. *See* Fed. R. Civ. P. 1 ("[The Federal Rules of Civil Procedure] should be construed, administered, and employed by the court and the parties to secure the just., speedy, and inexpensive determination of every action and proceeding."); Fed. R. Civ. P. 4(d) (A corporation subject to service under Rule 4(f) "has a duty to avoid unnecessary expenses of serving the summons.").

The Supreme Court has made clear that the touchstone of service is due process—service of process is adequate if it provides notice of legal action and a fair opportunity to respond. *Mullane v. Cent. Hanover Bank & Trust Co.*, 339 U.S. 306, 314 (1950); *Henderson v. United States*, 517

---

[1] *See The N. Face Apparel Corp. v. Individuals, Bus. Entities & Uninc. Ass'ns Identified on Schedule "A"*, 2023 WL 5669999, at *1 (S.D. Fla. June 30, 2023) ("Alternate methods of service under Rule 4(f)(3) are available without first attempting service by other means.").

U.S. 654, 672 (1996). As such, when the Court is asked to grant a method of service on a foreign defendant, it must determine that the plan both comports with due process and does not violate international agreement. Fed. R. Civ. P. 4(f)(3). Plaintiffs' service plan accomplishes those goals, and this District has repeatedly granted identical service plans for foreign entities, including for other Defendants in this MDL.[2]

Notably, Temasek does not complain about inadequate due process. Nor could it. Temasek is clearly on notice of the causes of action against it and has had opportunity to respond in the form of filing Rule 12 motions. And while Plaintiffs are also required to make effort to propose a service plan that "minimizes offense to foreign law," as Singapore is not yet a Hague Convention signatory, *see Prewitt Enters., Inc. v. Org. of Petroleum Exporting Countries*, 353 F.3d 916, 921, 927 (11th Cir. 2003), Plaintiffs have done just that. Indeed, Temasek concedes that the instant proposed plan does not violate Singaporean law. *See also*, *Astrove v. Doe*, 2022 WL 4594180, at *1 (S.D. Fla. May 31, 2022).

With no basis in law or fact, and with complete disregard for courts' recognition of the availability of alternate service under Rule 4(f)(3) *as a first resort*, Temasek instead protests that Plaintiffs must attempt other methods of service first for no reason other than to cause further delay and expense. Such strategies should not be countenanced.

## ARGUMENT

**A.     Temasek Has Adequate Notice of Plaintiffs' Claims, Evidenced by its Initial Waiver of Service and Subsequent Clawback Thereof.**

Temasek conspicuously does not discuss the touchstone of adequate service: due process. *Mullane v. Cent. Hanover Bank & Trust Co.*, 339 U.S. 306, 314 (1950) (explaining that alternate service must provide "notice reasonably calculated, under all the circumstances, to appraise

---

[2] *See Garrison v. Paffrath*, No. 23-cv-21023, ECF No. 65 (S.D. Fla. May 5, 2023).

interested parties of the pendency of the action and afford them an opportunity to present their objections."). That is because it cannot. It has had adequate notice of the claims against it and has had ample opportunity to respond. *See Ryder Truck Rental, Inc. v. Change Energy, Inc.*, No. 21-cv-21044, 2021 WL 9565825 (S.D. Fla. Aug. 8, 2021) ("[T]he purpose of Rule 4 is to give notice.") (citing *Mullane*, 339 U.S. at 314). Indeed, Temasek has participated in this MDL for months and has filed multiple motions defending itself.

The record shows that Temasek in fact has wielded service as a club. It initially waived service, and then, reneged. Plaintiffs instead served Temasek's U.S. subsidiary and U.S. executive, but Temasek complains those efforts are not good enough. Now, Temasek seeks to avoid liability not on the merits but because of insufficient service—service it had promised to waive. It is difficult to think of more appropriate situations where Rule 4's alternative service provisions are more appropriate. *See Fru Vu Mktg., Inc. v. Vegfruitworld Corp.*, 396 F. Supp. 2d 1174, 1182-83 (S.D. Fla. 2012).

**B.     Alternate Service under Rule 4(f)(3) is Available as a First Resort.**

Temasek instead complains that "[a]lternate service is unwarranted here, as Plaintiffs have failed to take any measures whatsoever to serve Temasek Holdings in Singapore." MDL ECF No. 332 at 4. But Temasek is wrong—the weight of authority is clear: Rule 4(f)(3) is a tool of *first resort. The N. Face Apparel Corp. v. Individuals, Bus. Entities & Uninc. Ass'ns Identified on Schedule "A"*, 2023 WL 5669999, at *1 (S.D. Fla. June 30, 2023) ("Alternate methods of service under Rule 4(f)(3) are available **without first attempting service by other means**.") (emphasis added; citing, *inter alia*, *De Gazelle Grp., Inc. v. Tamaz Trading Establishment*, 817 F.3d 747, 750 (11th Cir. 2016) ("If a party cannot, or chooses not to, serve a defendant abroad using one of the methods specified in Rule 4(f)(1) and (2), the party may accomplish service 'by other means not

4

prohibited by international agreement, as the court orders.'"")); *see also*, *e.g.*, *Al-Saadi v. Annchery Fajas USA, Inc.*, Case No. 20-23939, 2022 WL 898562, at *3 (S.D. Fla. Mar. 28, 2022) ("This Court has also found that a party does not have to attempt other forms of service before requesting leave for alternative service under Rule 4(f)(3)) (citing *Brookshire Bros., Ltd. v. Chiquita Brands Int'l, Inc.*, No. 05-21962, 2007 WL 1577771 (S.D. Fla. May 31, 2022) ("[C]ertainly, Rule 4(f)(3) includes no qualifiers or limitations which indicated its availability only after attempting service of process by other means."); *In re OnePlus Tech. (Shenzhen) Co., Ltd.*, Case No. 2021-165, 2021 WL 4130643, at *3 (Fed. Cir. 2021) (recognizing that considerations under Rule 4(f)(3) "are not akin to an exhaustion requirement"). Rule 4(f)(3) stands on equal footing with other applicable service options under Rule 4, and nothing in the Federal Rules requires a plaintiff to waste time and other resources in attempting to serve foreign defendants abroad before moving for service by alternate means. *Rio Props., Inc. v. Rio Int'l Interlink*, 284 F. 3d 1007, 1015 (9th Cir. 2012); *AngioDynamics, Inc. v. Biolitec AG*, 780 F.3d 420, 429 (1st Cir. 2015); *Tracfone Wireless, Inc. v. Hernandez*, 126 F. Supp. 3d 1357 (S.D. Fla. 2015).

C. **The Court Has Broad Discretion to Determine Whether Alternate Service is Appropriate Based on the Particularities of the Case.**

Temasek relies on distinguishable cases to assert that, before seeking alternate service, Plaintiffs must make a showing of some undue difficulty (such as Temasek evading service, that its address is unknown, or that effecting service would result in long delays). This argument is misplaced. Nothing in Rule 4(f)(3) or the cases interpreting it *require* a showing of burden or difficulty. All that matters under the Rule is that the method of service comports with principles of due process. *Mullane*, 339 U.S. at 314; *Al-Saadi v. Annchery Fajas USA, Inc.*, No. 20-23939, 2022 WL 898562, at *2 (S.D. Fla. Mar. 28, 2022) ("Due process requires only that an alternative method of service 'be reasonably calculated to provide notice and an opportunity to respond.'")

(citations omitted). As demonstrated herein and by the record, Temasek has been afforded ample process.

The smattering of cases upon which Temasek relies to argue that the Court cannot grant alternate service are factually distinct and raise questions of due process that are simply not at issue here (*e.g.*, defendants had not yet appeared in the litigation,[3] there were prior court orders on service, and there were questions as to whether the determined agents for service of process were correct or whether the proposed service violated international agreement[4]). What Temasek ultimately gives short shrift is the latitude and discretion that the court is afforded in determining whether a proposed service method is appropriate. *See Prewitt Enters., Inc. v. Org. of Petroleum Exporting Countries*, 353 F.3d 916, 921, 927 (11th Cir. 2003); *Rio Props.*, 284 F.3d at 1015. As such, courts in this district have repeatedly approved service plans like Plaintiffs', without evaluating any of the factors Defendants posit as necessary:

- where defendants were shown to have formed internet-based businesses and to have reliable forms of electronic contact (E.g., *Chanel, Inc. v. replicachanelpurses.com*, 2023 WL 5625547, at *1–2 (S.D. Fla. June 26, 2023); *see also N. Face Apparel*, 2023 WL 5669999, at *1 (same); *Smiley Co. SPRL v. Individuals, Partnerships & Unincorporated Associations Identified on Schedule "A"*, WL 5625607, at *1 (S.D. Fla. June 30, 2023) (same));

- where plaintiffs showed that domestic defendant is a wholly-owned subsidiary of the foreign defendant and that the president of the foreign defendant serves on the board of the

---

[3] *Signify N. Am. Corp. v. Robe Lighting, Inc.*, 2021 WL 3419188, at *1 (S.D. Fla. Jan. 4, 2021); *Castaneda v. Luitpold Pharms, Inc.*, 2022 WL 17542939 (M.D. Fla. Nov. 14, 2022).
[4] *Fraserside IP LLC v. Kovalchuk*, 2013 WL 12090322 (S.D. Fla. Feb. 12, 2013).

- domestic defendant (E.g., *Stat Med. Devices, Inc. v. HTL-Strefa, Inc.*, 2015 WL 5320947, at *4 (S.D. Fla. Sept. 14, 2015));

- where international courier to foreign defendants' known personal and corporate addresses, as well as email and U.S. mail to their Florida counsel, would constitute sufficient notice (E.g., *Fru Veg Mktg., Inc. v. Vegfruitworld Corp.*, 896 F. Supp. 2d 1175, 1182 (S.D. Fla. 2012));

- where the court was reasonably satisfied that the defendants who operate on the internet and rely on electronic communication for their business would be apprised by electronic service (E.g., *Tiffany (NJ) LLC v. DORAPANG Franchise Store*, 2018 WL 4828430, at *3 (S.D. Fla. July 17, 2018));

- where Plaintiff had identified at least one known form of electronic contact and had created a service website for an internet-based business (E.g., *Chengdu Jiechen Tech. Ltd. v. Trobing-US*, 2021 WL 10382802, at *1 (S.D. Fla. Aug. 10, 2021); and

- where email service combined on foreign individual defendant, foreign corporate defendant, and local counsel comported with due process (*E.g.*, *U.S. Commodity Futures Trading Comm'n v. Aliaga*, 272 F.R.D. 617 (S.D. Fla. 2011).

In the non-exhaustive list above, the court made zero analysis as to whether plaintiffs made a showing of the factors Defendants assert, because **they simply are not requisite factors**. Rather, each time, the alternate service was ultimately evaluated as to whether it satisfied constitutional notions of due process under the Supreme Court's holding in *Mullane*—that alternate service must provide "notice reasonably calculated, under all the circumstances, to appraise interested parties of the pendency of the action and afford them an opportunity to present their objections." *Mullane*, 339 U.S. at 314.

To the extent Temasek argues that email service on foreign defendants through local counsel is inappropriate or otherwise would lack due process, courts around the country disagree, and have repeatedly ordered such alternate service in order to prevent delays in litigation. *See*, *e.g.*, *LG Elecs, Inc. v. ASKO Appliances, Inc.*, 2009 WL 1811098, at *4 (D. Del. June 23, 2009) (finding that service upon an attorney was permissible in light of the regularity of contact between the defendant and attorney); *Prediction Co. LLC v. Rajgarhia*, 2010 WL 1050307, at *1 (S.D.N.Y. Mar. 22, 2010) (finding that sending the summons and complaint to defendant's attorney and requesting that he forward the documents to defendant satisfies due process concerns); *Marlabs Inc. v. Jakher*, 2010 WL 1644041, at *3 (D.N.J. Apr. 22, 2010) (finding that service on the foreign defendant through his attorney comports with due process because the defendant was clearly on notice of the contents of the instant complaint and had regular contact with its attorney); *In re TFT–LCD (Flat Panel) Antitrust Litig.*, 2010 WL 1337743, at *3 (N.D.Cal. Apr. 2, 2010) (finding that where the defendant had consulted U.S. counsel regarding the lawsuit and participated in the case through U.S. counsel it was reasonable to find that the defendant had sufficient notice of the suit); *FMAC Loan Receivables v. Dagra*, 228 F.R.D. 531, 534 (E.D.Va.2005) (finding that where the defendant's attorney had filed several motions on the defendant's behalf the defendant would be given proper notice of the suit if process was served on his attorney). Defendants have given no reason why effectuating service on U.S. counsel is inappropriate in this matter, especially when that same counsel already represents Temasek in a case which no one disputes has been effectively served and in this MDL.

## CONCLUSION

Plaintiffs respectfully request that this Court grant its proposed service plan, which comports with due process, does not violate international agreement, and serves the needs of the case given the facts at hand in this complex litigation.

Dated: October 12, 2023

**By:** */s/ Adam Moskowitz*
Adam M. Moskowitz (FL Bar No. 984280)
Joseph M. Kaye (FL Bar No. 117520)
**THE MOSKOWITZ LAW FIRM, PLLC**
Continental Plaza
3250 Mary Street, Suite 202
Coconut Grove, FL 33133
Telephone: (305) 740-1423
adam@moskowitz-law.com
joseph@moskowitz-law.com
service@moskowitz-law.com

*Co-Lead Counsel*

Respectfully submitted,

**By:** */s/ David Boies*
David Boies (NY Bar No. 2296333)
Alexander Boies (NY Bar No. 5418579)
Brooke A. Alexander (NY Bar No. 4678900)
**BOIES SCHILLER FLEXNER LLP**
333 Main Street
Armonk, NY 10504
Telephone: (914) 749-8200
dboies@bsfllp.com
aboies@bsfllp.com
balexander@bsfllp.com

*Co-Lead Counsel*

**By:** */s/ Joseph R. Saveri*
Joseph R. Saveri (CA Bar No. 130064)
Christopher K.L. Young (CA Bar No. 238532)
Louis Kessler (CA Bar No. 243703)
Itak K. Moradi (CA Bar No. 310537)
**JOSEPH SAVERI LAW FIRM**
601 California Street, Suite 1000
San Francisco, CA 94108
Telephone: (415) 500-6800
jsaveri@saverilawfirm.com
cyoung@saverilawfirm.com
lkessler@saverilawfirm.com
imoradi@saverilawfirm.com

Robert Lieff (CA Bar No. 37568)
P.O. Drawer A
Rutherford, CA 94573
rlieff@lieff.com

*Counsel to Plaintiffs and the Putative Classes*

**By:** */s/ Molly L. Wells*
James R. Swanson (LA Bar No. 18455)
Kerry J. Miller (LA Bar. No. 24562)
Molly L. Wells (LA Bar. No. 36721)
C. Hogan Paschal (LA Bar No. 38495)
**FISHMAN HAYGOOD L.L.P.**
201 St. Charles Avenue, 46th Floor
New Orleans, Louisiana 70170-4600
Telephone:(504) 586-5252
Fax: (504) 586-5250
jswanson@fishmanhaygood.com
kmiller@fishmanhaygood.com
mwells@fishmanhaygood.com
hpaschal@fishmanhaygood.com

*Counsel to Plaintiffs and the Putative Classes*

9

## **CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on October 12, 2023, a true and correct copy of the foregoing was filed electronically with the Clerk of the Court, by using the CM/ECF system which will send an electronic notification of such filing to all counsel of record.

By: */s/ Adam M. Moskowitz*
      Adam M. Moskowitz