# Exhibit A

**PLAINTIFFS' OMNIBUS MOTION TO LIFT DISCOVERY STAY AND FOR LEAVE TO CONDUCT JURISDICTIONAL DISCOVERY, AND, IF NECESSARY TO AMEND THEIR COMPLAINTS WITH ANY FACTS ARISING FROM SUCH DISCOVERY**

# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF FLORIDA
### MIAMI DIVISION

### CASE NO. 1:22-cv-23753-KMM

EDWIN GARRISON, *et al.*, on behalf of
Themselves and all others similarly situated,

      Plaintiffs,

v.

SAM BANKMAN-FRIED, *et al.*,

      Defendants.

_____/

## PLAINTIFFS' EXPEDITED MOTION FOR LEAVE TO CONDUCT JURISDICTIONAL DISCOVERY, AND TO AMEND THEIR COMPLAINT WITH ANY FACTS ARISING FROM SUCH DISCOVERY

Plaintiffs, pursuant to Local Rule 7.1(d)(2), respectfully move the Court to enter an order granting Plaintiffs leave to: (1) take brief jurisdictional discovery from Defendants, Stephen Curry, Larry David, Golden State Warriors, LLC, Shohei Ohtani, and Naomi Osaka (collectively, "FTX Non-Florida Defendants") prior to a ruling on Defendants' jurisdictional arguments; and (2) to file their first substantive amendment to the Complaint within twenty (20) days after completing that brief jurisdictional discovery, so Plaintiffs' may  incorporate any additional facts that support personal jurisdiction over these FTX Non-Florida Defendants and address arguments raised in all Defendants' motions to dismiss.

This is the same, exact reasonable discovery that was opposed by defendants in Undersigned Counsel's related *Voyager Digital* cases, and required to be produced by Chief Judge Altonaga, Judge Altman, and Magistrate Judge Reid, in various Orders based specifically on Eleventh Circuit precedent, in the pending related *Voyager Digital* class actions. **See Composite Exhibit A.** All FTX Defendants continue to argue and reiterate that **none** of these prior Orders by

**this Court** are in "in any manner" relevant to this inquiry, and cannot even be "considered by this Court," but they are in fact based upon extremely analogous facts. For example, Voyager and Mr. Cuban specifically argued the cases against them should be dismissed for a lack of personal jurisdiction, alleging they had "no connection to Florida."  However, the plethora of evidence that was obtained in discovery demonstrated that not only was Florida one of the "main" targets for their promotion of Voyager's unregistered securities, but it was also one of the **most** targeted states, and thus tens of thousands of Florida residents, in fact, suffered millions in damages from defendants' offer and sale of these unregistered securities. Here, there is no dispute that FTX (unlike Voyager) conducted its activities from its headquarters here in Miami, Florida, and there can be no dispute that these Defendants' activities were certainly not confined to some limited geographic area.

All 18 FTX Defendants have, as of today, now definitively informed Plaintiffs that: (1) they have unilaterally decided not to respond to *any* discovery that Plaintiffs would serve following the initial Scheduling Conference, pending the Court's ruling on their Motions to Dismiss (jurisdictional and/or merits) (while Judge Altman denied a very similar Motion to Stay All Discovery in the related Voyager litigation, *See* Comp. Ex. **A**); and (2) they request the Court rely upon their newly filed, Sworn FTX Defendant Declarations, where they make new arguments to support an alleged lack of personal jurisdiction (such as they were not just "physically present" in Florida), but will not allow Plaintiffs to test *any* such arguments, as was specifically ordered in the Voyager cases also pending before this Court.

Plaintiffs diligently worked to confer with Defendants on these issues immediately after they filed their motions, but Defendants as a group were only available for a meet and confer on April 24, 2023, and a follow-up today, April 26, 2023, before they made clear this issue required

2

Court intervention. Plaintiffs' responses to the pending Motions to Dismiss are currently due Monday, May 15, 2023; therefore, absent an expedited ruling before that date, this matter will likely not be fully briefed and decided under the rules until after that current deadline.

## I.      **BACKGROUND**

This Court has acknowledged that all of these related FTX cases involve a main question of whether FTX's offerings are securities that need to be registered by the SEC. *See Norris, et al. v. Brady, et al.*, No. 1:23-cv-20439-KMM ("*Norris*"), ECF Nos. 43, 45. If the Court decides that question in the affirmative, the only remaining question will be whether these FTX Defendants "aided and abetted" in the offer and sale of such unregistered securities under Florida law.

The FTX Non-Florida Defendants moved on Friday, April 14, 2023, to dismiss the complaint for lack of personal jurisdiction. ECF No. 139. Relying on newly filed declarations of Defendants Stephen Curry, Larry David, and Shohei Ohtani, these FTX Defendants argue that the entire case against them should be dismissed, because this Court lacks specific jurisdiction over them.[1] But the declarations contain only general assertions regarding where the declarants live and where they negotiated and signed their individual contracts. As demonstrated by the FTX Contracts produced in *Norris* by Brady, Ortiz, and O'Leary in support of their opposition to the motion to remand, these contracts are all varied in their requirements, with some requiring FTX Brand Ambassadors to create and publish numerous "social media posts," autograph a certain number of

---

[1] Defendants advance these arguments even in the face of allegations that, for instance, Defendant Osaka **specifically attended matches in Miami wearing her FTX kit as part of the promotional activities for which she was paid by FTX,** [ECF No. 16 ¶ 227], or that Defendant Golden State Warriors promoted the FTX Platform and its unregistered offerings through branding FTX as the "Official Crypto Platform and NFT Marketplace of the **Golden State Warriors**," as a result of FTX being their "first international rights partner," meaning they jointly advertised together on an international basis, and the Golden State Warriors dropped NFTs on the FTX Platform and promoted FTX throughout their G League and eSports teams, also internationally. ECF No. 16 ¶¶ 222–223 (emphasis in original).

items per year, launch NFTs across the country through FTX, conduct virtual meetings and lunches, host FTX charity events, etc.

While Defendants assert that certain information must be filed under seal (and thus Plaintiffs will not be attaching them hereto or providing specifics), the few materials which were provided in the related *Norris* action were also produced in redacted form, some with complete paragraphs redacted (without any table or index to provide context) as well as all of the details regarding their compensation. All of this information was compelled by this Court in the related Voyager cases. *See* Comp. Ex. A. Plaintiffs have requested, but have been denied, any fully unredacted copies of these relevant materials. Further, Defendants attempt to handicap Plaintiffs in their efforts to address these specific questions. For example, Mr. David alludes in his declaration to an "FTX Restricted Stock Purchase Agreement," which he references generally, but refuses to produce in this litigation. *See* ECF No. 139-2, at n.1.

Some of these FTX Contracts specifically require the Defendants to collaborate with the FTX advertising company on these scripts (*i.e.,* such as the fraudulent FTX "I am All In" Campaign), via phone and emails, and preclude these celebrities from promoting any FTX competitors, in any manner. At a minimum, Defendants' declarations (just like those provided in Voyager) inject issues that cannot be resolved by the Court, or adequately addressed by Plaintiffs, absent some limited jurisdictional discovery and supplemental briefing and/or amended pleadings before the Court rules on Defendants' jurisdictional arguments.

Plaintiffs have been attempting for weeks to confer with Defendants on discovery. In response, Defendants have largely either ignored the requests or have indicated that they all need "proposed dates and times a week in advance (at minimum)" before they can schedule any time to

confer with Plaintiffs.[2] After reviewing Defendants' Motions to Dismiss, Plaintiffs requested a meet and confer to discuss discovery in connection with the motions to dismiss. Plaintiffs also sent proposed jurisdictional discovery (requests for production and deposition notices) to Defendants to demonstrate how narrow the discovery sought was and to expedite the meet and confer process. *See* **Composite Exhibit B** (proposed jurisdictional discovery requests). After two meet and confer sessions, Defendants have now made it clear they will oppose Plaintiffs' request for *any* jurisdictional discovery (no matter how narrow) and instead have sought to stay all discovery. Defendants take this position despite the fact that in two related cases against Voyager Digital and the celebrities alleged to have promoted the offer and sale of unregistered securities, Judge Altonaga, Judge Altman, and Magistrate Judge Reid all granted leave and allowed discovery on personal jurisdiction to proceed based on very similar declarations filed by defendants in support of their motions to dismiss for lack of personal jurisdiction, raising many of the same arguments as Defendants here. *See* Comp. Ex. A.

Notably, Plaintiffs' current Complaint has not gone through any **substantive** amendment, and certainly not one after the filing of a Motion to Dismiss or after any discovery has been produced, in that the amended complaint was filed December 16, 2023, to effect the consolidation of the *Garrison* and *Podalsky* actions in accordance with this Court's Order. Defendant O'Neal, the last of the 18 Defendants was finally personally served April 16, 2023—10 days ago, within the deadline to do so set by this Court. No scheduling conference has yet been held, nor is there a case scheduling order. Indeed, the Court set a deadline of May 8, 2023, for the Parties to file a joint

---

[2] Plaintiffs can provide the correspondence should the Court deem it necessary.

scheduling report after holding a scheduling conference once Defendant O'Neal was finally located and personally served.[3]

In the *Voyager Digital* cases, this Court denied defendants' motion to stay all discovery, in part, because there was no showing, by declaration nor any evidence, that such requested discovery was unduly burdensome. *See* Comp. Ex. A. In fact, all of that discovery was already taken in those cases and is now completed. Certainly, none of these 18 FTX Defendants have made *any* showing of "undue burden," *in fact,* they argue just the opposite, that very little responsive discovery (if any) should exist, conceding there is no burden.

Plaintiffs respectfully ask the Court at this stage for leave to conduct limited jurisdictional discovery, and to afford a very brief period (20 days) following that discovery to allow them to file their first amended complaint with substantive amendments,  especially because "Courts routinely allow such amendments to cure pleading deficiencies in service of the general principle that "decisions on the merits are not to be avoided on the basis of 'mere technicalities.'" *Castros v. Signal Fin. Co. LLC*, 1:17-CV-21870-KMM, 2018 WL 1137099, at *1 (S.D. Fla. Feb. 4, 2018) (Moore, C.J.) (collecting cases).[4]

---

[3] The Parties have agreed to hold the Joint Conference this Friday, April 28, 2023.

[4] Granting Plaintiffs' request would comport with the "policy of the federal rules []to permit liberal amendment to facilitate determination of claims on the merits and to prevent litigation from becoming a technical exercise in the fine points of pleading," particularly where the proposed amendment would not violate any scheduling order in place and there is no "substantial reason" to deny the amendment, which "could include 'undue delay, bad faith or dilatory motive, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party, and futility of the amendment[,]'" none of which would apply since Plaintiffs would be providing their first substantive amendment to the complaint after, at a minimum, taking narrow discovery to address the jurisdictional arguments raised by some of the Defendants. *Castros*, 2018 WL 1137099, at *1 (citations omitted).

## II.   **LEGAL ARGUMENT**

Florida's long-arm statute provides for both general and specific personal jurisdiction. The Court has general personal jurisdiction over a defendant who has been "engaged in substantial and not isolated activity within this state ... whether or not the claim arises from that activity." Fla. Stat. § 48.193(2). Specific jurisdiction exists for claims arising out of certain discrete acts of a defendant that occur in Florida, including "[c]ommitting a tortious act within this state." Fla. Stat. § 48.193(1)(a)(2) (2022).

In their complaint, Plaintiffs have invoked both ***general*** and ***specific*** jurisdiction as the basis for personal jurisdiction over each of the FTX Defendants under the long arm statute by alleging:

> This Court has personal jurisdiction against Defendants because they conduct substantial and not isolated business in Florida, and/or have otherwise intentionally availed themselves of the Florida consumer market through the promotion, marketing, and sale of FTX's YBAs in Florida, which constitutes committing a tortious act within the state of Florida. Defendants have also marketed and participated and/or assisted in the sale of FTX's unregistered securities to consumers in Florida. Further, Defendants have engaged in a conspiracy in which some of the co-conspirators—including some who are Defendants in this action—committed overt acts in furtherance of the conspiracy in the State of Florida. This purposeful availment renders the exercise of jurisdiction by this Court over Defendants permissible under traditional notions of fair play and substantial justice.

[ECF No. 16, at ¶ 50]. The Complaint also alleges that "FTX organized and emanated its fraudulent plan from its worldwide headquarters located here in Miami, Florida[,]" [ECF No. 16, at ¶ 8], that FTX promoted the sale of unregistered securities in Florida by using celebrity endorsers, including the Defendants, [ECF No. 16, at ¶ 16], and that FTX paid celebrity endorsers millions of dollars to use the positive reputation associated with specific celebrities to convince consumers that FTX was a safe place to buy and sell cryptocurrency. [ECF No. 16, at ¶¶ 193, 194].

None of the Defendants deny any of the Complaint's material allegations that FTX marketed its products to investors in, and from Florida through the use of paid celebrity endorsements (many millions of dollars), or that FTX paid Defendants many millions of dollars to promote FTX's YBA's to millions of investors worldwide, including in Florida. Instead, the Defendants' jurisdictional declarations—exactly like the ones provided by Messrs. Cuban and Ehrlich in the Voyager cases—contain only general assertions regarding where the Defendants live and where they physically negotiated and signed their individual contracts with FTX.

More importantly, none of the FTX Non-Florida Defendants challenging jurisdiction *__have even attached copies of their FTX Agreements__* to which they repeatedly allude in their respective newly sworn declarations.[5]

Further, for purposes of specific jurisdiction under Florida's long arm statute, the issue is whether Defendants' tortious acts *caused injury* in Florida. *See Louis Vuitton Malleties, S.A. v. Mosseri*, 736 F.3d 1339, 1354 (11th Cir. 2013) ("[W]e conclude that under Florida law where Mosseri created the websites and posted the alleged infringing material does not matter. For purposes of § 48.193(1)(a)(2), the issue is whether Mosseri's tortious acts caused injury in Florida."). Defendants' general denials of contacts with Florida do not address whether these Defendants nevertheless committed a tortious act within Florida by knowingly and purposely promoting FTX's products and services to Florida residents who purchased those products and services based on Defendants' promotional activities, even if conducted outside of Florida. *See Licciardo v. Lovelady*, 544 F.3d 1280, 1283 (11th Cir. 2008) (holding that, under Florida law, a

---

[5] Defendant David moved for leave to file under seal one of the two referenced agreements in his Declaration, [ECF No. 146], which motion is pending, but has to date failed to provide a copy of either to Plaintiffs, redacted or otherwise, despite Plaintiffs' agreement to preliminarily treat the agreement as confidential.

nonresident defendant commits "a tortious act within [Florida]" when he commits an act outside the state that causes injury within Florida).

The law of this Circuit has long recognized a qualified right to jurisdictional discovery. *See Am. Civil Liberties, Union of Fla. v. City of Sarasota*, 859 F.3d 1337, 1341 (11th Cir. 2017). The qualified right is afforded when (1) the movant timely moves for jurisdictional discovery and (2) the information the movant seeks, if it exists, would give rise to jurisdiction. *See Posner v. Essex Ins. Co., Ltd.*, 178 F.3d 1209, 1214 n.7 (11th Cir. 1999) (distinguishing cases referring to qualified right of jurisdictional discovery because in *Posner*, plaintiff failed to make discovery requests in the eight months between the time the complaint was filed and the time it was dismissed) (citing *Eaton v. Dorchester Dev., Inc.*, 692 F.2d 727, 729-31 (11th Cir. 1982); *Gleneagle Ship Mgmt. Co. v. Leondakos*, 602 So.2d 1282, 1284 (Fla. 1992)); *see also RMS Titanic, Inc. v. Kingsmen Creatives, Ltd.*, 579 F. App'x 779, 790 (11th Cir. 2014) ("Our case law suggests that federal courts should order limited jurisdictional discovery where the information plaintiff seeks, if it exists, would give rise to jurisdiction.).

Thus, courts in this circuit routinely permit limited jurisdictional discovery before ruling on a jurisdictional motion to dismiss. *See Happy Tax Franchising, LLC v. Hill*, Case No. 19-24539-CIV, 2020 WL 13221241, *1 (S.D. Fla. Jun 24, 2020) (granting leave to conduct jurisdictional discovery prior to deciding motion to dismiss); *Kilma v. Carnival Corp.*, 2008 WL 4559231, at *1 (S.D. Fla. Oct. 10, 2008) (permitting jurisdictional discovery prior to ruling on a motion to dismiss) (Moore, J.); *Sierra Equity Group, Inc. v. White Oak Equity Partners, LLC*, 2008 WL. 1771857, *2 (S.D. Fla. Apr. 15, 2008) ("[J]urisdictional discovery will be useful to determine the actual extent of Defendants' contacts with Florida to determine whether this case can be resolved on its merits. Without factual discovery, the Court would be left to conjecture whether it could exercise

jurisdiction over Defendants."); *Eaton*, 692 F.2d at 729 (holding it was premature to dismiss a claim for lack of jurisdiction where plaintiffs were not given an opportunity to elicit material through discovery to support a determination on jurisdiction); *Blanco Lines*, 632 F.2d at 657 (reversing a dismissal on jurisdictional grounds because "Plaintiff is not required to rely exclusively upon a defendant's affidavit for resolution of the jurisdictional issue" where the dismissal was entered before Plaintiff had an adequate opportunity to take jurisdictional discovery).

Here, limited jurisdictional discovery – consisting of the requests for production of documents and a single deposition of each of the five Defendants who is challenging jurisdiction, *see* Comp. Ex. B – may reveal relevant facts, including, among other things:

1.     Whether Defendants otherwise are engaged in substantial and not isolated activity targeting Florida which may subject them to general jurisdiction in Florida;

2.     Whether other agreements exist between Defendants and FTX under which Defendants agreed to target actions or submit to jurisdiction in Florida;

3.     Whether there are any other relevant contacts between Defendants and FTX that may be sufficient to establish general or specific jurisdiction under the long-arm statute.

4.     Whether Defendants contracted to target their advertising or marketing efforts for FTX's services and products to the state of Florida in a manner that may subject them to specific jurisdiction in Florida.

Plaintiffs should have the opportunity to at least conduct jurisdictional discovery before the Court rules on Defendants' jurisdictional arguments. Plaintiffs' request is timely and appropriate considering Defendants' jurisdictional arguments. *See, e.g., Happy Tax Franchising*, 2020 WL 13221241 at *1 ("The qualified right [to jurisdictional discovery] is afforded when 1)

the movant timely moves for jurisdictional discovery and 2) the information the movant seeks if it exists, would give rise to jurisdiction.").

### III.   <u>CONCLUSION</u>

For all the foregoing reasons, Plaintiffs very respectfully request that the Court grant this Expedited Motion and enter an order granting leave for Plaintiffs to: (1) conduct limited jurisdictional discovery in the manner described above within forty-five (45) days of the Court's order on this Motion; and (2) file an amended complaint with any additional facts revealed by such additional discovery that establish personal jurisdiction over the Defendants within 20 days after the close of such jurisdictional discovery.  Any of the FTX Defendants can still raise any and all specific objections (undue burden, etc.) to the discovery that is served, which the Court can decide.

### <u>S.D. FLA. L.R. 7.1 CERTIFICATION</u>

Plaintiffs' Counsel certify that they have conferred with Defendants' Counsel on the earliest dates Defendants' Counsel made available, via Zoom videoconference on April 24, 2023, and again on April 26, 2023, in a good faith effort to resolve the issues raised in this Motion, and report that Defendants oppose the requested relief.

*CASE NO. 1:22-cv-23753-KMM*

Dated: April 26, 2023

Respectfully submitted,

**By: */s/ Adam Moskowitz*** _____
Adam M. Moskowitz
Florida Bar No. 984280
adam@moskowitz-law.com
Joseph M. Kaye
Florida Bar No. 117520
joseph@moskowitz-law.com
**THE MOSKOWITZ LAW FIRM, PLLC**
3250 Mary Street, Suite 202
Coconut Grove, FL 33133
Telephone: (305) 740-1423

**By: */s/ David Boies***
David Boies
(*Pro Hac Vice*)
Alex Boies
(*Pro Hac Vice*)
**BOIES SCHILLER FLEXNER LLP**
333 Main Street
Armonk, NY 10504
Phone: (914) 749–8200
dboies@bsfllp.com

**By: */s/ Stephen Neal Zack***
Stephen Neal Zack
Florida Bar No. 145215
**BOIES SCHILLER FLEXNER LLP**
100 SE 2nd St., Suite 2800
Miami, FL 33131
Office: 305-539-8400
szack@bsfllp.com

**By: */s/Jose M. Ferrer***
Jose Ferrer
Florida Bar No. 173746
Michelle Genet Bernstein
Florida Bar No. 1030736
**MARK MIGDAL HAYDEN LLP**
8 SW 8th Street, Suite 1999
Miami, FL 33130
Office: 305-374-0440
jose@markmigdal.com
michelle@markmigdal.com
eservice@markmigdal.com

*Co-Counsel for Plaintiff and the Class*

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the forgoing was filed on April 26, 2023, via the Court's CM/ECF system, which will send notification of such filing to all attorneys of record.

By: */s/ Adam M. Moskowitz*
ADAM M. MOSKOWITZ

# Composite

# Exhibit A

# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF FLORIDA

### CASE NO. 21-24441-CIV-ALTONAGA/Torres

**MARK CASSIDY**,

      Plaintiff,

v.

**VOYAGER DIGITAL LTD.,** *et al.*,

      Defendants.

_____/

### ORDER

    **THIS CAUSE** came before the Court on Defendants, Voyager Digital Ltd.'s ("Voyager Ltd.") and Voyager Digital, LLC's Expedited Motion to Stay Discovery Pending Resolution of Defendants' Motion to Compel Arbitration and to Dismiss the Complaint [ECF No. 29], filed on February 17, 2022. The Court issued an Order [ECF No. 30] requiring expedited briefing. Plaintiff, Mark Cassidy, filed a Response [ECF No. 33], to which Defendants filed their Reply [ECF No. 34]. For the following reasons, the Motion is denied.

    ***Standard.*** A district court "has broad discretion to stay discovery pending decision on a dispositive motion." *Panola Land Buyers Ass'n v. Shuman*, 762 F.2d 1550, 1560 (11th Cir. 1985) (citations omitted). "Motions to stay discovery 'are not favored because when discovery is delayed or prolonged it can create case management problems which impede the Court's responsibility to expedite discovery and cause unnecessary litigation expenses and problems.'" *Randy Rosenberg, D.C., P.A. v. GEICO Gen. Ins. Co.*, No. 19-cv-61422, 2019 WL 6052408, at *1 (S.D. Fla. Nov. 15, 2019) (quoting *Feldman v. Flood*, 176 F.R.D. 651, 652 (M.D. Fla. 1997)). In determining whether to stay discovery, courts must take a "preliminary peek" at a dispositive motion to assess the likelihood that the motion will be granted. *McCabe v. Foley*, 233 F.R.D. 683, 685 (M.D. Fla. 2006) (quotation marks omitted; quoting *Feldman*, 176 F.R.D. at 652). Parties seeking to stay

discovery must make a "specific showing of prejudice or burdensomeness[.]" *Cuhaci v. Kouri Grp., LP*, No. 20-cv-23950, 2021 WL 1945819, at *2 (S.D. Fla. May 14, 2021) (quotation marks and citation omitted).

    *Discussion*.    Having taken a "preliminary peek" at Defendants' Motion to Compel Arbitration and to Dismiss the Complaint [ECF No. 28] ("Motion to Compel & Dismiss"), the Court cannot grant the Motion to Stay.  Instead, the parties must conduct limited discovery to determine (1) whether the Court has personal jurisdiction over Voyager Ltd.; and (2) whether the arbitration agreement is enforceable.  The Court explains.

    Motion to Dismiss for Lack of Personal Jurisdiction.  Voyager Ltd. seeks to dismiss the Complaint [ECF No. 1] for lack of personal jurisdiction.  (*See* Mot. to Compel & Dismiss 23).[1] Voyager Ltd. maintains that Plaintiff has "failed to make a prima facie showing of personal jurisdiction" over it.  (Reply 7; *see* Mot. to Compel & Dismiss 23).  To establish personal jurisdiction over a nonresident defendant, a plaintiff "initially need only allege sufficient facts to make out a prima facie case of jurisdiction." *Posner v. Essex Ins. Co., Ltd.*, 178 F.3d 1209, 1214 (11th Cir. 1999) (citation omitted).  Courts must accept the facts alleged as true, to the extent they are undisputed. *See id.* at 1214–15.  A genuine dispute of material jurisdictional fact warrants jurisdictional discovery. *See Aviation One of Fla., Inc. v. Airborne Ins. Consultants (PTY), Ltd*, 722 F. App'x 870, 878 (11th Cir. 2018).

    Voyager Ltd. disputes that it purposefully "avail[ed itself] of the Florida consumer market through the promotion, marketing, sale, and service of [its] Voyager Platform in Florida." (Compl. ¶ 15 (alterations added); *see* Mot. to Compel & Dismiss 23).  Voyager Ltd. describes itself as a

---

[1] The Court uses the pagination generated by the electronic CM/ECF database, which appears in the headers of all court filings.

2

mere "holding company" that does not conduct business in Florida. (Reply 7 (citations omitted); *see also* Mot. to Compel & Dismiss 24).

But Voyager Ltd.'s own statements contradict its position and bolster Plaintiff's allegations that it provides services in Florida. In Voyager Ltd.'s March 2021 earnings call, one of its representatives stated, "We're at 49 states today. We offer our services in 49 states. It's only New York that we're not — we don't offer this service." (Compl., Ex. G, March 3, 2021 Earnings Call [ECF No. 1-8] 17; *see id.* 2 ("[W]elcome to Voyager Digital Limited earnings call." (alteration added)). It is possible that the representative meant to reference Voyager Digital, LLC, when he used "we," but this ambiguity only accentuates the need for jurisdictional discovery.

Although the Court is only conducting a "preliminary peek at the merits," *McCabe*, 233 F.R.D. at 685 (citation and quotation marks omitted), other courts have concluded that similar evidence of business activity within a jurisdiction is sufficient to satisfy a plaintiff's initial burden of alleging personal jurisdiction. *See, e.g.*, *Sculptchair, Inc. v. Century Arts, Ltd.*, 94 F.3d 623, 628, 632 (11th Cir. 1996) (affirming finding of personal jurisdiction over nonresident defendant where her "sporadic" business activities occurred in Florida); *Kinney v. Mindsize, LLC*, No. 20-62094-Civ, 2021 WL 3911859, at *4–5 (S.D. Fla. June 7, 2021) (concluding that unrebutted allegations of business activity in a state "establish at least a prima facie basis for exercising personal jurisdiction" (italics omitted)). Given the Complaint's allegations and Voyager Ltd.'s own statement that it operates in 49 states, including Florida, the possibility of dismissal "is not apparent enough after a 'preliminary peek' to warrant an across-the-board stay of discovery[.]" *Cabrera v. Progressive Behav. Sci., Inc.*, 331 F.R.D. 185, 187 (S.D. Fla. 2019) (alteration added).

While Plaintiff has satisfied his prima facie showing at this juncture, Voyager Ltd. has produced a declaration that conflicts with Plaintiff's allegations and evidence. (*See* Mot. to Compel & Dismiss, Ex. A., Casey Decl. [ECF No. 28-1] 3 ("Voyager Ltd[.] is a foreign holding

company parent of Voyager [Digital] LLC with no operations or employees. Voyager Ltd[.] does not operate or market the Voyager Platform." (alterations added))). Even though factual conflicts merit jurisdictional discovery, *see Aviation One of Fla.*, 722 F. App'x at 878, Voyager Ltd. opposes discovery because "Plaintiff has not moved the Court for jurisdictional discovery or for an extension of time to respond to the Motion to Compel" (Reply 6).[2]

Courts may occasionally deny informal requests for jurisdictional discovery, *see Hinkle v. Cirrus Design Corp.*, 775 F. App'x 545, 550 (11th Cir. 2019), but they also "have the power to order the discovery of facts necessary to determine their jurisdiction over the merits[,]" *Aviation One of Fla.*, 722 F. App'x at 878 (alteration added; citation omitted). The Court opts to exercise its authority to order jurisdictional discovery to resolve the disputed facts surrounding personal jurisdiction rather than waste time awaiting further briefing.

Nevertheless, if Plaintiffs' jurisdictional discovery requests are too far-reaching, and conferral is unsuccessful at resolving any disagreement, Defendants may address that matter with Magistrate Judge Torres.

<u>Motion to Compel Arbitration.</u> Defendants also argue that (1) permitting discovery prejudices Defendants because it risks a conclusion that they waived their right to arbitrate (*see* Mot. 4); (2) the Federal Arbitration Act ("FAA") requires the Court stay discovery until arbitration is conducted (*see id.* 4–5); and (3) failure to grant a stay will waste the parties' resources (*see id.* 5–6). These arguments do not persuade.

First, Defendants can rest assured knowing that their participation in court-ordered discovery will not waive their right to arbitrate. It may be true that "substantially participat[ing]

---

[2] Voyager Ltd. also argues that the Court should deny Plaintiff's "informal requests for" jurisdictional discovery because Plaintiff omitted any jurisdictional inquiries in his first wave of requests. (Reply 6). Nonsense. Plaintiff served discovery *before* Voyager Ltd. moved to dismiss for lack of personal jurisdiction. (*See* Resp. 6). Plaintiff's failure to predict Voyager Ltd.'s position does not require that he forgo jurisdictional discovery.

in litigation" could reach "a point inconsistent with an intent to arbitrate." *Citibank, N.A. v. Stok & Assocs., P.A.*, 387 F. App'x 921, 924 (11th Cir. 2010) (alteration added; citation and quotation marks omitted). But no waiver occurs when a party invokes its right to arbitrate, and the court orders it to engage in discovery. *See, e.g.*, *Burch v. P.J. Cheese, Inc.*, 861 F.3d 1338, 1351–52 (11th Cir. 2017) ("To conclude that [defendant] acted inconsistently with its right to arbitrate, we would have to conclude that [defendant] should have disobeyed the District Court's order. We decline to adopt such a position." (alterations added)).

Second, Defendants are correct that the FAA requires courts to stay "any issue referable to arbitration under an agreement[,]" but courts must first be "satisfied that the issue involved in such suit or proceeding is referable to arbitration under such an agreement[.]" 9 U.S.C. § 3 (alterations added). It is not immediately apparent, even after a "preliminary peek at the merits" of the Motion to Compel, that the arbitration agreement is enforceable. *McCabe*, 233 F.R.D. at 685 (citation and quotation marks omitted).

To begin, assessing the merits proves difficult because it is unclear whether Florida or New Jersey law applies. (*See* Mot. to Compel & Dismiss 18–21; Resp. 13). Regardless, courts in both jurisdictions have chosen not to immediately enforce arbitration agreements that bear at least some resemblance to the arbitration agreement at issue here. *See Doe v. Natt*, 299 So. 3d 599, 600–02 (Fla. 2d DCA 2020); *Morgan v. Sanford Brown Inst.*, 137 A.3d 1168, 1182 (N.J. 2016).

Moreover, compelling arbitration could depend on which version, if any, of the arbitration provisions Plaintiff assented to. For example, even if a January 2021 arbitration provision is unenforceable (*see* Resp. 14), then Plaintiff could still be subject to an amended, later, valid arbitration agreement. Until the parties have an opportunity to evaluate different iterations of the arbitration agreement and fully brief their enforceability, the Court cannot definitively state that

Defendants' chance of success is "apparent enough" to merit a discovery stay. *Cabrera*, 331 F.R.D. at 187.

Third, Defendants maintain that permitting discovery will waste the parties' and Court's resources. (*See* Mot. 5). Not only does this argument rely on a premature assumption that Plaintiff has "an invalid claim" (*id.* 6 (quotation marks omitted; quoting *Chudasama v. Mazda Motor Corp.*, 123 F.3d 1353, 1368 (11th Cir. 1997)), but Defendants point only to cherry-picked exhibits purportedly demonstrating that discovery would be a waste (*see* Mot. 6 (citing Mot. to Compel & Dismiss, Exs. A–F [ECF No. 28-1])). The Court cannot take Defendants' word without giving Plaintiff a chance to investigate the evidence. Plaintiff will therefore have an opportunity to take discovery and assess the validity of the arbitration clause. *See Envision Ins. Co. v. GrayRobinson, P.A.*, No. 8:13-cv-114, 2013 WL 12388601, at *3 (M.D. Fla. Aug. 19, 2013) (denying a motion to stay discovery pending a motion to compel arbitration where the arbitration clause's validity was at issue).

Accordingly, it is

**ORDERED AND AJUDGED** as follows:

1. Defendants, Voyager Digital Ltd. and Voyager Digital, LLC's Expedited Motion to Stay Discovery Pending Resolution of Defendants' Motion to Compel Arbitration and to Dismiss the Complaint **[ECF No. 29]** is **DENIED** without prejudice.

2. Plaintiff shall propound written jurisdictional and arbitration-related discovery requests by **March 7, 2022**.[3]

3. Defendants shall serve objections to written jurisdictional arbitration-related discovery requests — following proper conferral with Plaintiff — by **March 17, 2022**. Should any

---

[3] Defendants may similarly engage in discovery if they wish; the Court will not address deadlines for such discovery as this is not an issue in the parties' briefing.

objections be served, Plaintiff shall contact Magistrate Judge Edwin G. Torres's chambers by March 21, 2022 to arrange a date for a discovery hearing.

4.  Defendants shall respond to written jurisdictional discovery requests by **March 24, 2022**.

5.  The parties shall complete jurisdictional discovery, including depositions, by **April 14, 2022**.

6.  Plaintiff has until **April 14, 2022** to file his first amended complaint or file a notice stating that he intends to proceed with the Complaint [ECF No. 1].

7.  Defendants have until **April 16, 2022** to file a notice indicating they will not be challenging personal jurisdiction or seeking to compel arbitration, or until **April 24, 2022** to renew their motion to compel arbitration and dismiss for lack of personal jurisdiction.  The response and reply memoranda are due within the times permitted by the Rules.  No extensions of time will be given.

8.  The deadlines set forth in the Court's Scheduling Order **[ECF No. 20]** are **SET ASIDE**. Once the matters of personal jurisdiction and arbitration are resolved, the parties will be instructed by separate order to submit an amended joint scheduling report.

9.  All pending motions are **DENIED** as premature.

**DONE AND ORDERED** in Miami, Florida, this 3rd day of March, 2022.

_____

**CECILIA M. ALTONAGA**
**CHIEF UNITED STATES DISTRICT JUDGE**

cc:     counsel of record

| From: | cmecfautosender@flsd.uscourts.gov |
|---|---|
| To: | flsd_cmecf_notice@flsd.uscourts.gov |
| Subject: | Activity in Case 1:22-cv-22538-RKA Robertson et al v. Cuban et al Order on Motion to Certify Class |
| Date: | Friday, November 18, 2022 4:33:14 PM |

**This is an automatic e-mail message generated by the CM/ECF system. Please DO NOT RESPOND to this e-mail because the mail box is unattended.**

**\*\*\*NOTE TO PUBLIC ACCESS USERS\*\*\* Judicial Conference of the United States policy permits attorneys of record and parties in a case (including pro se litigants) to receive one free electronic copy of all documents filed electronically, if receipt is required by law or directed by the filer. PACER access fees apply to all other users. To avoid later charges, download a copy of each document during this first viewing. However, if the referenced document is a transcript, the free copy and 30 page limit do not apply.**

## U.S. District Court

### Southern District of Florida

**Notice of Electronic Filing**

The following transaction was entered on 11/18/2022 at 4:31 PM EST and filed on 11/18/2022

**Case Name:** Robertson et al v. Cuban et al
**Case Number:** 1:22-cv-22538-RKA
**Filer:**
**WARNING: CASE CLOSED on 08/31/2022**
**Document Number:** 45(No document attached)

**Docket Text:**
**PAPERLESS ORDER denying without prejudice [40] the Plaintiffs' Motion for Class Certification. The Plaintiffs may refile their motion after we rule on the pending Motion to Dismiss [ECF No. 41]. We also DENY as moot [43] the Defendants' Motion for Extension of Time since we've denied the Plaintiffs' Motion for Class Certification.**

**Finally, we deny [42] the Defendants' Motion to Stay and for a Protective Order. "Motions to stay discovery are not favored because when discovery is delayed or prolonged it can create case management problems which impede the Court's responsibility to expedite discovery and cause unnecessary litigation expenses and problems."** *Cuhaci v. Kouri Grp., LP,* **2021 WL 1945819, at \*2 (S.D. Fla. May 14, 2021) (cleaned up). "[D]iscovery stay motions are generally denied except where a specific showing of prejudice or burdensomeness is made."** *Montoya v. PNC Bank, N.A.,* **2014 WL 2807617, at \*2 (S.D. Fla. June 20, 2014). The party moving for a stay of discovery "bears the burden of showing good cause and reasonableness."** *Feldman v. Flood,* **176 F.R.D. 651, 652 (M.D. Fla. 1997). Similarly, the Court's scheduling orders may be modified "only for good cause." Fed. R. Civ. P. 16(b)(4).**

**Here, the Defendants have failed to establish that staying discovery is**

**warranted. The Defendants' sole justification for requesting a stay is that their pending motion to dismiss might eliminate the need for discovery. But that could be said about nearly all motions to dismiss -- and so, the Defendants have done nothing to establish a "specific showing of prejudice or burdensomeness." They have not, for example, pointed to extraordinary costs or to a long-awaited ruling on a dispositive motion or to a particularly dubious complaint. In fact, taking "a preliminary peek" at the merits of the motion to dismiss, the motion is not "clearly" meritorious.** *Feldman*, **176 F.R.D. at 652-53. For these reasons, the Defendants have not established that a stay would be reasonable or that there is good cause for the request in this case.**

**And, to the extent the Defendants' Motion seeks a protective order, we'll DENY that, too, because the Defendants haven't told us what they seek protection from or what that protective order might look like. Signed by Judge Roy K. Altman on 11/18/2022. (js07)**

**1:22-cv-22538-RKA Notice has been electronically mailed to:**

Adam M. Moskowitz    adam@moskowitz-law.com, dione@moskowitz-law.com, rejane@moskowitz-law.com, service@moskowitz-law.com

Alexandra Lyn Tifford    atifford@fowler-white.com, aherazo@ecf.courtdrive.com, aherazo@fowler-white.com, atifford@ecf.courtdrive.com, CAfilings@fowler-white.com, mramirez@ecf.courtdrive.com

Barbara Cabrera Lewis    barbara@moskowitz-law.com, service@moskowitz-law.com

Christopher Edson Knight    cknight@fowler-white.com, CAfilings@fowler-white.com, golivares@fowler-white.com

David Boies    dboies@bsfllp.com

Esther Elisa Galicia    egalicia@fowler-white.com, CAFilings@fowler-white.com, sabreu@fowler-white.com

Jessica N. Meyers    jmeyers@brownrudnick.com

Joseph M. Kaye    joseph@moskowitz-law.com, dione@moskowitz-law.com, rejane@moskowitz-law.com, service@moskowitz-law.com

Rachel O. Wolkinson    rwolkinson@brownrudnick.com

Sigmund Wissner-Gross    swissner-gross@brownrudnick.com

Stephen A. Best    sbest@brownrudnick.com

Stephen N. Zack    szack@bsfllp.com, Cwashenko@BSFLLP.com

**1:22-cv-22538-RKA Notice has not been delivered electronically to those listed below and**

will be provided by other means. For further assistance, please contact our Help Desk at 1-888-318-2260.:

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 22-cv-22538-ALTMAN/REID

PIERCE ROBERTSON, *et al.*,

      Plaintiffs,

v.

MARK CUBAN, *et al.*,

      Defendants.

_____/

## **ORDER FOLLOWING HEARING**

This cause comes before the Court following a discovery hearing conducted on January 6, 2023. [ECF No. 76]. At the hearing the parties discussed the following issues: (1) Defendants' request to bifurcate deposition discovery; (2) Defendants' responses to Plaintiff's initial discovery requests; (3) the date for Defendant Mark Cuban's deposition; (4) whether Mr. Cuban's deposition will be limited to jurisdictional issues; (5) the date Defendant Dallas Mavericks ("Mavericks") must produce employees Ryan Mackey and Kyle Tapply to be deposed; (6) scheduling the in-person depositions of three Florida-based Plaintiffs, Pierce Robertson, Rachel Gold, and Sanford Gold, as well as non-party Eric Rares (Rachel Gold's husband); and (7) Plaintiffs' responses to Defendants' First Omnibus Request for Production.

Having heard from the parties, in accordance with the ruling from the bench, and for the reasons stated on the record, it is **ORDERED AND ADJUDGED** as follows:

1. Defendants' request to bifurcate discovery allowing Plaintiffs to initially depose witnesses regarding solely jurisdictional issues is denied'

2. Mark Cuban's deposition, scheduled to take place in Dallas, Texas, on February 2, 2023, will be taken in full and will *not* be limited to jurisdictional issues;

1

3. The three Florida-based Plaintiffs shall appear for *in-person* depositions as follows:

   a. Pierce Robertson may be deposed in Chicago, Illinois during the week of January 9, 2023;

   b. Rachel Gold shall be deposed in her Coral Springs, Florida home on January 23, 2023;

   c. Sanford Gold shall be deposed in Miami, Florida, on either January 23 or 24, 2023;

   d. Non-party Eric Rares shall be deposed in Miami, Florida on either January 23 or 24, 2023;

4. Plaintiffs shall produce outstanding discovery requested in Defendants' First Omnibus Request for Production. Specifically, Plaintiffs must produce outstanding discovery relating to Plaintiffs' Voyager accounts and trading and financial information related to those Voyager accounts by the close of business January 13, 2023. With respect to the request for "documents relating to any investment accounts with any brokerage firm, person or entity," at this juncture, Plaintiffs have not established the relevancy of those documents; and

5. Defendants shall produce Mavericks employees Ryan Mackey and Kyle Tapply to be deposed prior to February 23, 2023. Defendants shall prioritize and produce all discovery to Plaintiffs as to these two individuals by the end of January 2023.

   **DONE AND ORDERED** in Chambers at Miami, Florida this 6th day of January 2023.

   _____
   LISETTE M. REID
   UNITED STATES MAGISTRATE JUDGE

cc:  **U.S. District Court Judge Roy K. Altman**; and

   **All Counsel of Record**

# Composite

# Exhibit B

# PLAINTIFF'S FIRST SET OF THREE REQUESTS FOR PRODUCTION TO DEFENDANT GOLDEN STATE WARRIORS LLC

# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF FLORIDA
## MIAMI DIVISION

### CASE NO. 1:22-cv-23753-KMM

**EDWIN GARRISON**, *et al.,* on behalf of
themselves and all others similarly situated,

    *Plaintiffs,*

*v.*

**SAM BANKMAN-FRIED**, *et al.,*

    *Defendants.*

_____/

### PLAINTIFF'S FIRST SET OF THREE REQUESTS FOR PRODUCTION TO DEFENDANT GOLDEN STATE WARRIORS LLC

    Plaintiff, pursuant to Fed. R. Civ. P. 26 and 34, requests that Defendant, Golden State

Warriors LLC ("GSW"), produce the documents requested in response to these three requests.

Dated: April 21, 2023

                           Respectfully submitted,

                           **By:** ***/s/ Adam Moskowitz***
                           Adam M. Moskowitz
                           Florida Bar No. 984280
                           adam@moskowitz-law.com
                           Joseph M. Kaye
                           Florida Bar No. 117520
                           joseph@moskowitz-law.com
                           **THE MOSKOWITZ LAW FIRM, PLLC**
                           2 Alhambra Plaza, Suite 601
                           Coral Gables, FL 33134
                           Telephone: (305) 740-1423

                           **By:** ***/s/ David Boies***
                           David Boies
                           (*Pro Hac Vice*)
                           Alex Boies
                           (*Pro Hac Vice*)
                           **BOIES SCHILLER FLEXNER LLP**
                           333 Main Street
                           Armonk, NY 10504

*Edwin Garrison, et al. v. Samuel Bankman-Fried, et al.*
*Case No. 1:22-cv-23753-KMM*

Phone: (914) 749–8200
dboies@bsfllp.com

**By:** *<u>/s/ Stephen Neal Zack</u>*
Stephen Neal Zack
Florida Bar No. 145215
**BOIES SCHILLER FLEXNER LLP**
100 SE 2nd St., Suite 2800
Miami, FL 33131
Office: 305-539-8400
szack@bsfllp.com

*Co-Counsel for Plaintiff and the Class*

## <u>CERTIFICATE OF SERVICE</u>

I HEREBY CERTIFY that on April 21, 2023, a true and correct copy of the foregoing was

sent via electronic mail to counsel for Defendants.

By: *<u>/s/ Adam M. Moskowitz</u>*
ADAM M. MOSKOWITZ

## DEFINITIONS AND INSTRUCTIONS

Unless otherwise specified, the terms set forth below have the following meanings:

1. "GSW," "You," or "Your" means Defendant Golden State Warriors LLC and any of its affiliates, subsidiaries, divisions, segments, predecessors, successors, officers, directors, employees, representatives, or agents.

2. "FTX Entities" means West Realm Shires Services, Inc., FTX Trading Ltd, Blockfolio, Inc., and any of their affiliates, subsidiaries, divisions, segments, predecessors, successors, officers, directors, employees, representatives, or agents.

3. "FTX Platform" refers to the FTX Entities' mobile application and/or web-based cryptocurrency investment service that places cryptocurrency trade orders on behalf of users.

4. "YBAs" refers to the Yield-Bearing Accounts offered by the FTX Entities on the FTX Platform.

5. "FTT" refers to the native cryptocurrency exchange token of the FTX Platform ecosystem.

6. "FTX Platform" refers to the FTX Entities' mobile application cryptocurrency investment service that places cryptocurrency trade orders on behalf of users.

7. "Document(s)" means any written, printed, typed or other graphic matter, of any kind or nature, whether in hard copy or electronic format, whether the original, draft, or a copy and copies bearing notations or marks not found on the original, including but not limited to memoranda, reports, recommendations, notes, letters, envelopes, post-its, emails, telegrams, messages, manuscripts, studies, analyses, tests, comparisons, books, articles, pamphlets, magazines, newspapers, booklets, circulars, bulletins, notices, instructions, minutes, agreements, contracts, and all other written communications, of any type, including inter and

intra-office communications, purchase orders, invoices, bills, receipts, questionnaires, surveys, charts, graphs, videos, photographs, sketches, drawings, house sheets, tapes, voice messages or other recordings, print-outs or compilations from which information can be obtained or, if necessary, translated through detection devices into reasonably usable form, including all underlying or preparatory materials and drafts thereof.

8. Unless otherwise stated in a request, the time period for which you must respond is beginning in January 1, 2019 and ending at the present time.

9. "Person" or "People" means any natural person(s) or any business, legal, or governmental entity (or entities) or association(s).

10. All/Each – The terms "all" and "each" shall be construed as meaning either all or each as necessary to bring within the scope of the discovery request all responses that might otherwise be construed to be outside its scope.

11. Objections: Where an objection is made to any request, the objection shall state with specificity all grounds. Any ground not stated in an objection within the time provided by the Federal Rules of Civil Procedure, or by the Court's order, or any extensions thereof, shall be waived.

12. Whenever a reference to a business entity appears, the reference shall mean the business entity, its affiliated companies, partnerships, divisions, subdivisions, directors, officers, employees, agents, clients or other representatives of affiliated third parties.

## **INSTRUCTIONS**

1. Production of documents and items requested herein shall be made at the offices of The Moskowitz Law Firm, P.O. Box 141609, Coral Gables, FL 33114, or for hand deliveries at 251 Valencia Ave #141609, Coral Gables, FL 33114, or via electronic mail to the email

addresses provided in the signature blocks of the attorneys serving these requests.

2.     These requests shall include all documents that are in the possession, custody or control of Defendant or in the possession, custody or control of the present or former agents, representatives, or attorneys of Defendant, or any and all persons acting on the behalf of Defendant, or its present or former agents, representatives, or attorneys.

3.     For any document covered by a request that is withheld from production, Defendant shall provide the following information in the form of a privilege log:

      a.     the reasons and facts supporting any withholding;

      b.     the date such document was prepared;

      c.     the names, employment positions and addresses of the author or preparers of such document;

      d.     the names, employment positions, and the addresses of each person who received such document;

      e.     the title and a brief description of the document; and

      f.     the number of the request under which such document would be produced but for the objection.

4.     If any document responsive to a request has been destroyed, produce all documents describing or referencing:

      a.     the contents of the lost or destroyed document;

      b.     all locations in which any copy of the lost or destroyed document had been maintained;

      c.     the date of such loss or destruction;

      d.     the name of each person who ordered, authorized, and carried out

the destruction of any responsive document;

  e.  all document retention and destruction policies in effect at the time any requested document was destroyed; and

  f.  all efforts made to locate any responsive document alleged to have been lost.

5.  In producing the documents requested, indicate the specific request(s) pursuant to which document or group of documents is being produced.

6.  These requests should be deemed continuing, and supplemental productions should be provided as additional documents become available.

7.  All documents are to be produced in the following method:

  a) Single page .TIFF

  b) Color .jpg (Documents wherein reflection of importance relies on color, shall be produced in .jpg format)

  c) OCR at document level (All documents are to be provided with searchable text files with the exception of the redacted portions of redacted documents)

  d) Electronic documents and Emails are to be processed and converted from the electronic format to single page tiff

*Edwin Garrison, et al. v. Samuel Bankman-Fried, et al.*
*Case No. 1:22-cv-23753-KMM*

## THREE REQUESTS FOR PRODUCTION

***Please refer to the Definitions and Instructions when responding to these requests. To the
extent that any of these requests seek information considered by Defendants to be
confidential, Plaintiff have already agreed to enter into any reasonable confidentiality
agreement with Defendants to protect such alleged confidential information.***

1.      All Documents and Communications, including but not limited to contracts or agreements, regarding Your "First-Of-Its-Kind" International Partnership with the FTX Entities. *See* https://www.nba.com/warriors/warriors-ftx-partnership-20211214 (accessed April 21, 2023).

2.      All Documents and Communications, that show, evidence and/or relate to Defendant "targeting" Defendant's Florida fans, and Florida's FTX consumers, including but not limited to (1) any advertising for the FTX Platform or FTX Entities located in the Chase Center that was broadcast in or viewable by Florida investors and GSW fans residing in Florida during GSW games (including GSW home games where GSW played either the Miami Heat or Orlando Magic); (2) any advertising for the FTX Platform or FTX Entities located in the Warriors Gaming Squad court during NBA 2K League games; and (3) any NFTs that GSW offered for sale on the FTX Platform.

3.      All documents regarding any and all communications with the FTX Entities regarding whether YBAs or FTT constitute a security under any federal or state law.

# PLAINTIFF'S FIRST SET OF THREE REQUESTS FOR PRODUCTION TO DEFENDANT LAWRENCE GENE DAVID

# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF FLORIDA
## MIAMI DIVISION

### CASE NO. 1:22-cv-23753-KMM

**EDWIN GARRISON**, *et al.,* on behalf of
themselves and all others similarly situated,

     *Plaintiffs,*

*v.*

**SAM BANKMAN-FRIED**, *et al.,*

     *Defendants.*

_____/

## PLAINTIFF'S FIRST SET OF THREE REQUESTS FOR PRODUCTION TO DEFENDANT LAWRENCE GENE DAVID

     Plaintiff, pursuant to Fed. R. Civ. P. 26 and 34, requests that Defendant, Lawrence Gene

David ("David"), produce the documents requested in response to these three requests.

Dated: April 21, 2023

                              Respectfully submitted,

                              **By: */s/ Adam Moskowitz*_____
                              Adam M. Moskowitz
                              Florida Bar No. 984280
                              adam@moskowitz-law.com
                              Joseph M. Kaye
                              Florida Bar No. 117520
                              joseph@moskowitz-law.com
                              **THE MOSKOWITZ LAW FIRM, PLLC**
                              2 Alhambra Plaza, Suite 601
                              Coral Gables, FL 33134
                              Telephone: (305) 740-1423

                              **By: */s/ David Boies*
                              David Boies
                              (*Pro Hac Vice*)
                              Alex Boies
                              (*Pro Hac Vice*)
                              **BOIES SCHILLER FLEXNER LLP**
                              333 Main Street
                              Armonk, NY 10504

Phone: (914) 749–8200
dboies@bsfllp.com

**By:** */s/ Stephen Neal Zack*
Stephen Neal Zack
Florida Bar No. 145215
**BOIES SCHILLER FLEXNER LLP**
100 SE 2nd St., Suite 2800
Miami, FL 33131
Office: 305-539-8400
szack@bsfllp.com

*Co-Counsel for Plaintiff and the Class*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on April 21, 2023, a true and correct copy of the foregoing was sent via electronic mail to counsel for Defendants.

By: */s/ Adam M. Moskowitz*_____
ADAM M. MOSKOWITZ

## DEFINITIONS AND INSTRUCTIONS

Unless otherwise specified, the terms set forth below have the following meanings:

1.      "David," "You," or "Your" means Defendant Lawrence Gene David and any of his affiliates, representatives, or agents.

2.      "FTX Entities" means West Realm Shires Services, Inc., FTX Trading Ltd, Blockfolio, Inc., and any of their affiliates, subsidiaries, divisions, segments, predecessors, successors, officers, directors, employees, representatives, or agents.

3.      "FTX Platform" refers to the FTX Entities' mobile application and/or web-based cryptocurrency investment service that places cryptocurrency trade orders on behalf of users.

4.      "YBAs" refers to the Yield-Bearing Accounts offered by the FTX Entities on the FTX Platform.

5.      "FTT" refers to the native cryptocurrency exchange token of the FTX Platform ecosystem.

6.      "FTX Platform" refers to the FTX Entities' mobile application cryptocurrency investment service that places cryptocurrency trade orders on behalf of users.

7.      "Document(s)" means any written, printed, typed or other graphic matter, of any kind or nature, whether in hard copy or electronic format, whether the original, draft, or a copy and copies bearing notations or marks not found on the original, including but not limited to memoranda, reports, recommendations, notes, letters, envelopes, post-its, emails, telegrams, messages, manuscripts, studies, analyses, tests, comparisons, books, articles, pamphlets, magazines, newspapers, booklets, circulars, bulletins, notices, instructions, minutes, agreements, contracts, and all other written communications, of any type, including inter and intra-office communications, purchase orders, invoices, bills, receipts, questionnaires, surveys,

charts, graphs, videos, photographs, sketches, drawings, house sheets, tapes, voice messages or other recordings, print-outs or compilations from which information can be obtained or, if necessary, translated through detection devices into reasonably usable form, including all underlying or preparatory materials and drafts thereof.

8.      Unless otherwise stated in a request, the time period for which you must respond is beginning in January 1, 2019 and ending at the present time.

9.      "Person" or "People" means any natural person(s) or any business, legal, or governmental entity (or entities) or association(s).

10.      All/Each – The terms "all" and "each" shall be construed as meaning either all or each as necessary to bring within the scope of the discovery request all responses that might otherwise be construed to be outside its scope.

11.      Objections: Where an objection is made to any request, the objection shall state with specificity all grounds. Any ground not stated in an objection within the time provided by the Federal Rules of Civil Procedure, or by the Court's order, or any extensions thereof, shall be waived.

12.      Whenever a reference to a business entity appears, the reference shall mean the business entity, its affiliated companies, partnerships, divisions, subdivisions, directors, officers, employees, agents, clients or other representatives of affiliated third parties.

## **INSTRUCTIONS**

1.      Production of documents and items requested herein shall be made at the offices of The Moskowitz Law Firm, P.O. Box 141609, Coral Gables, FL 33114, or for hand deliveries at 251 Valencia Ave #141609, Coral Gables, FL 33114, or via electronic mail to the email addresses provided in the signature blocks of the attorneys serving these requests.

2.      These requests shall include all documents that are in the possession, custody or control of Defendant or in the possession, custody or control of the present or former agents, representatives, or attorneys of Defendant, or any and all persons acting on the behalf of Defendant, or its present or former agents, representatives, or attorneys.

3.      For any document covered by a request that is withheld from production, Defendant shall provide the following information in the form of a privilege log:

   a.      the reasons and facts supporting any withholding;

   b.      the date such document was prepared;

   c.      the names, employment positions and addresses of the author or preparers of such document;

   d.      the names, employment positions, and the addresses of each person who received such document;

   e.      the title and a brief description of the document; and

   f.      the number of the request under which such document would be produced but for the objection.

4.      If any document responsive to a request has been destroyed, produce all documents describing or referencing:

   a.      the contents of the lost or destroyed document;

   b.      all locations in which any copy of the lost or destroyed document had been maintained;

   c.      the date of such loss or destruction;

   d.      the name of each person who ordered, authorized, and carried out the destruction of any responsive document;

      e.      all document retention and destruction policies in effect at the time any requested document was destroyed; and

      f.      all efforts made to locate any responsive document alleged to have been lost.

5.      In producing the documents requested, indicate the specific request(s) pursuant to which document or group of documents is being produced.

6.      These requests should be deemed continuing, and supplemental productions should be provided as additional documents become available.

7.      All documents are to be produced in the following method:

    a)  Single page .TIFF

    b)  Color .jpg (Documents wherein reflection of importance relies on color, shall be produced in .jpg format)

    c)  OCR at document level (All documents are to be provided with searchable text files with the exception of the redacted portions of redacted documents)

    d)  Electronic documents and Emails are to be processed and converted from the electronic format to single page tiff

*Edwin Garrison, et al. v. Samuel Bankman-Fried, et al.*
*Case No. 1:22-cv-23753-KMM*

## <u>THREE REQUESTS FOR PRODUCTION</u>

*Please refer to the Definitions and Instructions when responding to these requests. To the extent that any of these requests seek information considered by Defendants to be confidential, Plaintiff have already agreed to enter into any reasonable confidentiality agreement with Defendants to protect such alleged confidential information.*

1.      All Documents and Communications, including contracts or agreements, regarding any business You conducted with the FTX Entities.

2.      All Documents and Communications, that show, evidence and/or relate to Defendant "targeting" Defendant's Florida fans, and Florida's FTX consumers, including but not limited to the "Don't Miss Out on Crypto" 2022 Super Bowl advertisement. *See* https://youtu.be/hWMnbJJpeZc (accessed April 21, 2023).

3.      All documents regarding any and all communications with the FTX Entities regarding whether YBAs or FTT constitute a security under any federal or state law.

7

# PLAINTIFF'S FIRST SET OF THREE REQUESTS FOR PRODUCTION TO DEFENDANT NAOMI OSAKA

# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF FLORIDA
### MIAMI DIVISION

### CASE NO. 1:22-cv-23753-KMM

**EDWIN GARRISON**, *et al.,* on behalf of
themselves and all others similarly situated,

    *Plaintiffs,*

*v.*

**SAM BANKMAN-FRIED**, *et al.*,

    *Defendants.*

_____/

## PLAINTIFF'S FIRST SET OF THREE REQUESTS FOR PRODUCTION TO
## DEFENDANT NAOMI OSAKA

    Plaintiff, pursuant to Fed. R. Civ. P. 26 and 34, requests that Defendant, Naomi Osaka

("Osaka"), produce the documents requested in response to these three requests.

Dated: April 21, 2023

Respectfully submitted,

By: *__/s/ Adam Moskowitz_____*
Adam M. Moskowitz
Florida Bar No. 984280
adam@moskowitz-law.com
Joseph M. Kaye
Florida Bar No. 117520
joseph@moskowitz-law.com
**THE MOSKOWITZ LAW FIRM, PLLC**
2 Alhambra Plaza, Suite 601
Coral Gables, FL 33134
Telephone: (305) 740-1423

By: *__/s/ David Boies__*
David Boies
(*Pro Hac Vice*)
Alex Boies
(*Pro Hac Vice*)
**BOIES SCHILLER FLEXNER LLP**
333 Main Street
Armonk, NY 10504

*Edwin Garrison, et al. v. Samuel Bankman-Fried, et al.*
*Case No. 1:22-cv-23753-KMM*

Phone: (914) 749–8200
dboies@bsfllp.com

**By:** *_/s/ Stephen Neal Zack_*
Stephen Neal Zack
Florida Bar No. 145215
**BOIES SCHILLER FLEXNER LLP**
100 SE 2nd St., Suite 2800
Miami, FL 33131
Office: 305-539-8400
szack@bsfllp.com

*Co-Counsel for Plaintiff and the Class*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on April 21, 2023, a true and correct copy of the foregoing was sent via electronic mail to counsel for Defendants.

By: *_/s/ Adam M. Moskowitz_____*
ADAM M. MOSKOWITZ

## DEFINITIONS AND INSTRUCTIONS

Unless otherwise specified, the terms set forth below have the following meanings:

1.     "Osaka," "You," or "Your" means Defendant Naomi Osaka and any of her affiliates, representatives, or agents.

2.     "FTX Entities" means West Realm Shires Services, Inc., FTX Trading Ltd, Blockfolio, Inc., and any of their affiliates, subsidiaries, divisions, segments, predecessors, successors, officers, directors, employees, representatives, or agents.

3.     "FTX Platform" refers to the FTX Entities' mobile application and/or web-based cryptocurrency investment service that places cryptocurrency trade orders on behalf of users.

4.     "YBAs" refers to the Yield-Bearing Accounts offered by the FTX Entities on the FTX Platform.

5.     "FTT" refers to the native cryptocurrency exchange token of the FTX Platform ecosystem.

6.     "FTX Platform" refers to the FTX Entities' mobile application cryptocurrency investment service that places cryptocurrency trade orders on behalf of users.

7.     "Document(s)" means any written, printed, typed or other graphic matter, of any kind or nature, whether in hard copy or electronic format, whether the original, draft, or a copy and copies bearing notations or marks not found on the original, including but not limited to memoranda, reports, recommendations, notes, letters, envelopes, post-its, emails, telegrams, messages, manuscripts, studies, analyses, tests, comparisons, books, articles, pamphlets, magazines, newspapers, booklets, circulars, bulletins, notices, instructions, minutes, agreements, contracts, and all other written communications, of any type, including inter and intra-office communications, purchase orders, invoices, bills, receipts, questionnaires, surveys,

charts, graphs, videos, photographs, sketches, drawings, house sheets, tapes, voice messages or other recordings, print-outs or compilations from which information can be obtained or, if necessary, translated through detection devices into reasonably usable form, including all underlying or preparatory materials and drafts thereof.

8.      Unless otherwise stated in a request, the time period for which you must respond is beginning in January 1, 2019 and ending at the present time.

9.      "Person" or "People" means any natural person(s) or any business, legal, or governmental entity (or entities) or association(s).

10.     All/Each – The terms "all" and "each" shall be construed as meaning either all or each as necessary to bring within the scope of the discovery request all responses that might otherwise be construed to be outside its scope.

11.     Objections: Where an objection is made to any request, the objection shall state with specificity all grounds. Any ground not stated in an objection within the time provided by the Federal Rules of Civil Procedure, or by the Court's order, or any extensions thereof, shall be waived.

12.     Whenever a reference to a business entity appears, the reference shall mean the business entity, its affiliated companies, partnerships, divisions, subdivisions, directors, officers, employees, agents, clients or other representatives of affiliated third parties.

## **INSTRUCTIONS**

1.      Production of documents and items requested herein shall be made at the offices of The Moskowitz Law Firm, P.O. Box 141609, Coral Gables, FL 33114, or for hand deliveries at 251 Valencia Ave #141609, Coral Gables, FL 33114, or via electronic mail to the email addresses provided in the signature blocks of the attorneys serving these requests.

2.    These requests shall include all documents that are in the possession, custody or control of Defendant or in the possession, custody or control of the present or former agents, representatives, or attorneys of Defendant, or any and all persons acting on the behalf of Defendant, or its present or former agents, representatives, or attorneys.

3.    For any document covered by a request that is withheld from production, Defendant shall provide the following information in the form of a privilege log:

    a.    the reasons and facts supporting any withholding;

    b.    the date such document was prepared;

    c.    the names, employment positions and addresses of the author or preparers of such document;

    d.    the names, employment positions, and the addresses of each person who received such document;

    e.    the title and a brief description of the document; and

    f.    the number of the request under which such document would be produced but for the objection.

4.    If any document responsive to a request has been destroyed, produce all documents describing or referencing:

    a.    the contents of the lost or destroyed document;

    b.    all locations in which any copy of the lost or destroyed document had been maintained;

    c.    the date of such loss or destruction;

    d.    the name of each person who ordered, authorized, and carried out the destruction of any responsive document;

e.      all document retention and destruction policies in effect at the time any requested document was destroyed; and

f.      all efforts made to locate any responsive document alleged to have been lost.

5.      In producing the documents requested, indicate the specific request(s) pursuant to which document or group of documents is being produced.

6.      These requests should be deemed continuing, and supplemental productions should be provided as additional documents become available.

7.      All documents are to be produced in the following method:

a)   Single page .TIFF

b)   Color .jpg (Documents wherein reflection of importance relies on color, shall be produced in .jpg format)

c)   OCR at document level (All documents are to be provided with searchable text files with the exception of the redacted portions of redacted documents)

d)   Electronic documents and Emails are to be processed and converted from the electronic format to single page tiff

*Edwin Garrison, et al. v. Samuel Bankman-Fried, et al.*
*Case No. 1:22-cv-23753-KMM*

### <u>THREE REQUESTS FOR PRODUCTION</u>

***Please refer to the Definitions and Instructions when responding to these requests. To the extent that any of these requests seek information considered by Defendants to be confidential, Plaintiff have already agreed to enter into any reasonable confidentiality agreement with Defendants to protect such alleged confidential information.***

1.      All Documents and Communications, including contracts or agreements, regarding Your Global Partnership with the FTX Entities. *See* https://www.prnewswire.com/news-releases/naomi-osaka-world-renowned-tennis-player-and-activist-becomes-global-ambassador-and-shareholder-of-ftx-with-long-term-partnership-to-increase-access-and-opportunity-for-women-in-crypto-301506633.html (accessed April 21, 2023).

2.      All Documents and Communications, that show, evidence and/or relate to Defendant "targeting" Defendant's Florida fans, and Florida's FTX consumers, including but not limited to, (1) through wearing the FTX logo on the kit Defendant wore at tournaments, including the 2022 Miami Open, and (2) through any and all content you directed, created, produced, or participated in in association with the FTX Entities designed to promote the FTX Platform, FTT, and/or YBAs, such as the advertisement viewable here: https://youtu.be/pkuf8avR50k (accessed April 21, 2023).

3.      All documents regarding any and all communications with the FTX Entities regarding whether YBAs or FTT constitute a security under any federal or state law.

# PLAINTIFF'S FIRST SET OF THREE REQUESTS FOR PRODUCTION TO DEFENDANT SHOHEI OHTANI

# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF FLORIDA
## MIAMI DIVISION

### CASE NO. 1:22-cv-23753-KMM

**EDWIN GARRISON**, *et al.,* on behalf of
themselves and all others similarly situated,

 *Plaintiffs,*

*v.*

**SAM BANKMAN-FRIED**, *et al.*,

 *Defendants.*

_____/

## PLAINTIFF'S FIRST SET OF THREE REQUESTS FOR PRODUCTION TO DEFENDANT SHOHEI OHTANI

 Plaintiff, pursuant to Fed. R. Civ. P. 26 and 34, requests that Defendant, Shohei Ohtani

("Ohtani"), produce the documents requested in response to these three requests.

Dated: April 21, 2023     Respectfully submitted,

         By: ***/s/ Adam Moskowitz***
         Adam M. Moskowitz
         Florida Bar No. 984280
         adam@moskowitz-law.com
         Joseph M. Kaye
         Florida Bar No. 117520
         joseph@moskowitz-law.com
         **THE MOSKOWITZ LAW FIRM, PLLC**
         2 Alhambra Plaza, Suite 601
         Coral Gables, FL 33134
         Telephone: (305) 740-1423

         **By: */s/ David Boies***
         David Boies
         (*Pro Hac Vice*)
         Alex Boies
         (*Pro Hac Vice*)
         **BOIES SCHILLER FLEXNER LLP**
         333 Main Street
         Armonk, NY 10504

*Edwin Garrison, et al. v. Samuel Bankman-Fried, et al.*
*Case No. 1:22-cv-23753-KMM*

Phone: (914) 749–8200
dboies@bsfllp.com

**By:** */s/ Stephen Neal Zack*
Stephen Neal Zack
Florida Bar No. 145215
**BOIES SCHILLER FLEXNER LLP**
100 SE 2nd St., Suite 2800
Miami, FL 33131
Office: 305-539-8400
szack@bsfllp.com

*Co-Counsel for Plaintiff and the Class*

<u>**CERTIFICATE OF SERVICE**</u>

I HEREBY CERTIFY that on April 21, 2023, a true and correct copy of the foregoing was sent via electronic mail to counsel for Defendants.

By: */s/ Adam M. Moskowitz*
ADAM M. MOSKOWITZ

### DEFINITIONS AND INSTRUCTIONS

Unless otherwise specified, the terms set forth below have the following meanings:

1.      "Ohtani," "You," or "Your" means Defendant Shohei Ohtani and any of his affiliates, representatives, or agents.

2.      "FTX Entities" means West Realm Shires Services, Inc., FTX Trading Ltd, Blockfolio, Inc., and any of their affiliates, subsidiaries, divisions, segments, predecessors, successors, officers, directors, employees, representatives, or agents.

3.      "FTX Platform" refers to the FTX Entities' mobile application and/or web-based cryptocurrency investment service that places cryptocurrency trade orders on behalf of users.

4.      "YBAs" refers to the Yield-Bearing Accounts offered by the FTX Entities on the FTX Platform.

5.      "FTT" refers to the native cryptocurrency exchange token of the FTX Platform ecosystem.

6.      "FTX Platform" refers to the FTX Entities' mobile application cryptocurrency investment service that places cryptocurrency trade orders on behalf of users.

7.      "Document(s)" means any written, printed, typed or other graphic matter, of any kind or nature, whether in hard copy or electronic format, whether the original, draft, or a copy and copies bearing notations or marks not found on the original, including but not limited to memoranda, reports, recommendations, notes, letters, envelopes, post-its, emails, telegrams, messages, manuscripts, studies, analyses, tests, comparisons, books, articles, pamphlets, magazines, newspapers, booklets, circulars, bulletins, notices, instructions, minutes, agreements, contracts, and all other written communications, of any type, including inter and intra-office communications, purchase orders, invoices, bills, receipts, questionnaires, surveys,

charts, graphs, videos, photographs, sketches, drawings, house sheets, tapes, voice messages or other recordings, print-outs or compilations from which information can be obtained or, if necessary, translated through detection devices into reasonably usable form, including all underlying or preparatory materials and drafts thereof.

8.      Unless otherwise stated in a request, the time period for which you must respond is beginning in January 1, 2019 and ending at the present time.

9.      "Person" or "People" means any natural person(s) or any business, legal, or governmental entity (or entities) or association(s).

10.     All/Each – The terms "all" and "each" shall be construed as meaning either all or each as necessary to bring within the scope of the discovery request all responses that might otherwise be construed to be outside its scope.

11.     Objections: Where an objection is made to any request, the objection shall state with specificity all grounds. Any ground not stated in an objection within the time provided by the Federal Rules of Civil Procedure, or by the Court's order, or any extensions thereof, shall be waived.

12.     Whenever a reference to a business entity appears, the reference shall mean the business entity, its affiliated companies, partnerships, divisions, subdivisions, directors, officers, employees, agents, clients or other representatives of affiliated third parties.

## **INSTRUCTIONS**

1.      Production of documents and items requested herein shall be made at the offices of The Moskowitz Law Firm, P.O. Box 141609, Coral Gables, FL 33114, or for hand deliveries at 251 Valencia Ave #141609, Coral Gables, FL 33114, or via electronic mail to the email addresses provided in the signature blocks of the attorneys serving these requests.

2.  These requests shall include all documents that are in the possession, custody or control of Defendant or in the possession, custody or control of the present or former agents, representatives, or attorneys of Defendant, or any and all persons acting on the behalf of Defendant, or its present or former agents, representatives, or attorneys.

3.  For any document covered by a request that is withheld from production, Defendant shall provide the following information in the form of a privilege log:

    a.  the reasons and facts supporting any withholding;

    b.  the date such document was prepared;

    c.  the names, employment positions and addresses of the author or preparers of such document;

    d.  the names, employment positions, and the addresses of each person who received such document;

    e.  the title and a brief description of the document; and

    f.  the number of the request under which such document would be produced but for the objection.

4.  If any document responsive to a request has been destroyed, produce all documents describing or referencing:

    a.  the contents of the lost or destroyed document;

    b.  all locations in which any copy of the lost or destroyed document had been maintained;

    c.  the date of such loss or destruction;

    d.  the name of each person who ordered, authorized, and carried out the destruction of any responsive document;

    e.    all document retention and destruction policies in effect at the time any requested document was destroyed; and

    f.    all efforts made to locate any responsive document alleged to have been lost.

5.    In producing the documents requested, indicate the specific request(s) pursuant to which document or group of documents is being produced.

6.    These requests should be deemed continuing, and supplemental productions should be provided as additional documents become available.

7.    All documents are to be produced in the following method:

    a)  Single page .TIFF

    b)  Color .jpg (Documents wherein reflection of importance relies on color, shall be produced in .jpg format)

    c)  OCR at document level (All documents are to be provided with searchable text files with the exception of the redacted portions of redacted documents)

    d)  Electronic documents and Emails are to be processed and converted from the electronic format to single page tiff

*Edwin Garrison, et al. v. Samuel Bankman-Fried, et al.*
*Case No. 1:22-cv-23753-KMM*

## THREE REQUESTS FOR PRODUCTION

***Please refer to the Definitions and Instructions when responding to these requests. To the extent that any of these requests seek information considered by Defendants to be confidential, Plaintiff have already agreed to enter into any reasonable confidentiality agreement with Defendants to protect such alleged confidential information.***

1.      All Documents and Communications, including contracts or agreements, regarding Your Global Partnership with the FTX Entities. *See* https://www.prnewswire.com/news-releases/mlb-superstar-shohei-ohtani-joins-ftx-as-global-ambassador-through-long-term-partnership-301425911.html (accessed April 21, 2023).

2.      All Documents and Communications, that show, evidence and/or relate to Defendant "targeting" Defendant's Florida fans, and Florida's FTX consumers, including but not limited to the "Shohei Does it All" advertising campaign. *See* https://www.youtube.com/watch?v=Is72XSKuUqA (accessed April 21, 2023).

3.      All documents regarding any and all communications with the FTX Entities regarding whether YBAs or FTT constitute a security under any federal or state law.

# PLAINTIFF'S FIRST SET OF THREE REQUESTS FOR PRODUCTION TO DEFENDANT STEPHEN CURRY

# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF FLORIDA
## MIAMI DIVISION
### CASE NO. 1:22-cv-23753-KMM

**EDWIN GARRISON**, *et al.,* on behalf of
themselves and all others similarly situated,

    *Plaintiffs,*

*v.*

**SAM BANKMAN-FRIED**, *et al.*,

    *Defendants.*

_____/

### PLAINTIFF'S FIRST SET OF THREE REQUESTS FOR PRODUCTION TO DEFENDANT STEPHEN CURRY

    Plaintiff, pursuant to Fed. R. Civ. P. 26 and 34, requests that Defendant, Stephen Curry

("Curry"), produce the documents requested in response to these three requests.

Dated: April 21, 2023                  Respectfully submitted,

                                      **By: */s/ Adam Moskowitz*_____**
                                      Adam M. Moskowitz
                                      Florida Bar No. 984280
                                      adam@moskowitz-law.com
                                      Joseph M. Kaye
                                      Florida Bar No. 117520
                                      joseph@moskowitz-law.com
                                      **THE MOSKOWITZ LAW FIRM, PLLC**
                                      2 Alhambra Plaza, Suite 601
                                      Coral Gables, FL 33134
                                      Telephone: (305) 740-1423

                                      **By: */s/ David Boies***
                                      David Boies
                                      (*Pro Hac Vice*)
                                      Alex Boies
                                      (*Pro Hac Vice*)
                                      **BOIES SCHILLER FLEXNER LLP**
                                      333 Main Street
                                      Armonk, NY 10504

*Edwin Garrison, et al. v. Samuel Bankman-Fried, et al.*
*Case No. 1:22-cv-23753-KMM*

Phone: (914) 749–8200
dboies@bsfllp.com

**By:** *_/s/ Stephen Neal Zack_*
Stephen Neal Zack
Florida Bar No. 145215
**BOIES SCHILLER FLEXNER LLP**
100 SE 2nd St., Suite 2800
Miami, FL 33131
Office: 305-539-8400
szack@bsfllp.com

*Co-Counsel for Plaintiff and the Class*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on April 21, 2023, a true and correct copy of the foregoing was

sent via electronic mail to counsel for Defendants.

By: *_/s/ Adam M. Moskowitz_____*
ADAM M. MOSKOWITZ

*Edwin Garrison, et al. v. Samuel Bankman-Fried, et al.*
*Case No. 1:22-cv-23753-KMM*

## DEFINITIONS AND INSTRUCTIONS

Unless otherwise specified, the terms set forth below have the following meanings:

1.      "Curry," "You," or "Your" means Defendant Stephen Curry and any of his affiliates, representatives, or agents.

2.      "FTX Entities" means West Realm Shires Services, Inc., FTX Trading Ltd, Blockfolio, Inc., and any of their affiliates, subsidiaries, divisions, segments, predecessors, successors, officers, directors, employees, representatives, or agents.

3.      "FTX Platform" refers to the FTX Entities' mobile application and/or web-based cryptocurrency investment service that places cryptocurrency trade orders on behalf of users.

4.      "YBAs" refers to the Yield-Bearing Accounts offered by the FTX Entities on the FTX Platform.

5.      "FTT" refers to the native cryptocurrency exchange token of the FTX Platform ecosystem.

6.      "FTX Platform" refers to the FTX Entities' mobile application cryptocurrency investment service that places cryptocurrency trade orders on behalf of users.

7.      "Document(s)" means any written, printed, typed or other graphic matter, of any kind or nature, whether in hard copy or electronic format, whether the original, draft, or a copy and copies bearing notations or marks not found on the original, including but not limited to memoranda, reports, recommendations, notes, letters, envelopes, post-its, emails, telegrams, messages, manuscripts, studies, analyses, tests, comparisons, books, articles, pamphlets, magazines, newspapers, booklets, circulars, bulletins, notices, instructions, minutes, agreements, contracts, and all other written communications, of any type, including inter and intra-office communications, purchase orders, invoices, bills, receipts, questionnaires, surveys,

charts, graphs, videos, photographs, sketches, drawings, house sheets, tapes, voice messages or other recordings, print-outs or compilations from which information can be obtained or, if necessary, translated through detection devices into reasonably usable form, including all underlying or preparatory materials and drafts thereof.

8.      Unless otherwise stated in a request, the time period for which you must respond is beginning in January 1, 2019 and ending at the present time.

9.      "Person" or "People" means any natural person(s) or any business, legal, or governmental entity (or entities) or association(s).

10.     All/Each – The terms "all" and "each" shall be construed as meaning either all or each as necessary to bring within the scope of the discovery request all responses that might otherwise be construed to be outside its scope.

11.     Objections: Where an objection is made to any request, the objection shall state with specificity all grounds. Any ground not stated in an objection within the time provided by the Federal Rules of Civil Procedure, or by the Court's order, or any extensions thereof, shall be waived.

12.     Whenever a reference to a business entity appears, the reference shall mean the business entity, its affiliated companies, partnerships, divisions, subdivisions, directors, officers, employees, agents, clients or other representatives of affiliated third parties.

## **<u>INSTRUCTIONS</u>**

1.      Production of documents and items requested herein shall be made at the offices of The Moskowitz Law Firm, P.O. Box 141609, Coral Gables, FL 33114, or for hand deliveries at 251 Valencia Ave #141609, Coral Gables, FL 33114, or via electronic mail to the email addresses provided in the signature blocks of the attorneys serving these requests.

2.     These requests shall include all documents that are in the possession, custody or control of Defendant or in the possession, custody or control of the present or former agents, representatives, or attorneys of Defendant, or any and all persons acting on the behalf of Defendant, or its present or former agents, representatives, or attorneys.

3.     For any document covered by a request that is withheld from production, Defendant shall provide the following information in the form of a privilege log:

        a.     the reasons and facts supporting any withholding;

        b.     the date such document was prepared;

        c.     the names, employment positions and addresses of the author or preparers of such document;

        d.     the names, employment positions, and the addresses of each person who received such document;

        e.     the title and a brief description of the document; and

        f.     the number of the request under which such document would be produced but for the objection.

4.     If any document responsive to a request has been destroyed, produce all documents describing or referencing:

        a.     the contents of the lost or destroyed document;

        b.     all locations in which any copy of the lost or destroyed document had been maintained;

        c.     the date of such loss or destruction;

        d.     the name of each person who ordered, authorized, and carried out the destruction of any responsive document;

  e.  all document retention and destruction policies in effect at the time

     any requested document was destroyed; and

  f.  all efforts made to locate any responsive document alleged to have

     been lost.

5.  In producing the documents requested, indicate the specific request(s) pursuant to which

document or group of documents is being produced.

6.  These requests should be deemed continuing, and supplemental productions should be

provided as additional documents become available.

7.  All documents are to be produced in the following method:

  a) Single page .TIFF

  b) Color .jpg (Documents wherein reflection of importance relies on color, shall be

    produced in .jpg format)

  c) OCR at document level (All documents are to be provided with searchable text files

    with the exception of the redacted portions of redacted documents)

  d) Electronic documents and Emails are to be processed and converted from the

    electronic format to single page tiff

*Edwin Garrison, et al. v. Samuel Bankman-Fried, et al.*
*Case No. 1:22-cv-23753-KMM*

### <u>THREE REQUESTS FOR PRODUCTION</u>

***Please refer to the Definitions and Instructions when responding to these requests. To the extent that any of these requests seek information considered by Defendants to be confidential, Plaintiff have already agreed to enter into any reasonable confidentiality agreement with Defendants to protect such alleged confidential information.***

1.    All Documents and Communications, including contracts or agreements, regarding Your Global Partnership with the FTX Entities. *See* https://www.prnewswire.com/news-releases/nba-superstar-stephen-curry-becomes-global-ambassador-and-shareholder-of-leading-cryptocurrency-exchange-ftx-through-long-term-partnership-301370497.html (accessed April 21, 2023).

2.    All Documents and Communications, including but not limited to Contracts or Agreements and any negotiations, that shows, evidences and/or relates to Defendant "targeting" Defendant's Florida fans, and Florida's FTX consumers, including but not limited to, through any NFTs You offered for sale on the FTX Platform, or through the extremely well-marketed the "#notanexpert" campaign and Your statements made in that campaign, including "I'm not an expert, ***and I don't need to be.*** With FTX I have everything I need to buy, sell, and trade crypto <u>***safely.***</u>" *See* https://www.youtube.com/watch?v=gsy2N-XI04o (accessed April 21, 2023); *see also* https://www.prnewswire.com/news-releases/stephen-curry-drops-surprise-nft-for-charity-to-commemorate-breaking-all-time-nba-three-point-record-301447687.html (accessed April 21, 2023).

3.    All documents regarding any and all communications with the FTX Entities regarding whether YBAs or FTT constitute a security under any federal or state law.

# NOTICES OF TAKING THE VIDEOTAPED DEPOSITION OF DEFENDANTS GOLDEN STATE WARRIORS LLC'S RULE 30(b)(6) REPRESENTATIVE(S), LAWRENCE GENE DAVID, NAOMI OSAKA, SHOHEI OHTANI, AND STEPHEN CURRY

# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF FLORIDA
### MIAMI DIVISION

## CASE NO. 1:22-cv-23753-KMM

**EDWIN GARRISON**, *et al.,* on behalf of
themselves and all others similarly situated,

     *Plaintiffs,*

*v.*

**SAM BANKMAN-FRIED**, *et al.*,

     *Defendants.*

_____/

## NOTICE OF TAKING THE VIDEOTAPED DEPOSITION OF DEFENDANT GOLDEN STATE WARRIORS LLC'S RULE 30(b)(6) REPRESENTATIVE(S)

Pursuant to Federal Rule of Civil Procedure 30(b)(6), Plaintiff's counsel will take the

deposition of the below-named person/entity on the date, time, and at the location indicated.

|  |  |
|---|---|
| **DEPONENT**: | Defendant Golden State Warriors LLC, (the "GSW"), by and through GSW' corporate representative(s) with knowledge of the four topics listed in **Exhibit A,** pursuant to Federal Rule of Civil Procedure 30(b)(6). |
| **DATE**: | May 8, 2023 |
| **TIME**: | 10:00 AM (PDT) // 1:00 PM (EDT) |
| **LOCATION**: | Boies, Schiller Flexner, LLP<br>725 S Figueroa Street, 31st Floor<br>Los Angeles, CA 90017<br>Phone (213) 629–9040 |

The aforesaid deposition will be before a court reporter, an officer authorized by law to

administer oaths and take depositions in the State of California.  The deposition is being taken for

the purpose of discovery, for use at trial, or both, or for such other purposes as are permitted under

the Federal and Local Rules of Civil Procedure.

Pursuant to Federal Rule of Civil Procedure 30(b)(6), Defendant Golden State Warriors

LLC (the "GSW") shall both designate one or more officers, directors, managing agents, or other

persons to testify on its behalf on each topic listed on **Exhibit A** attached hereto.

Dated: April 21, 2023

Respectfully submitted,

**By:** */s/ Adam Moskowitz*
Adam M. Moskowitz
Florida Bar No. 984280
adam@moskowitz-law.com
Joseph M. Kaye
Florida Bar No. 117520
joseph@moskowitz-law.com
**THE MOSKOWITZ LAW FIRM, PLLC**
2 Alhambra Plaza, Suite 601
Coral Gables, FL 33134
Telephone: (305) 740-1423

**By:** */s/ David Boies*
David Boies
(*Pro Hac Vice*)
Alex Boies
(*Pro Hac Vice*)
**BOIES SCHILLER FLEXNER LLP**
333 Main Street
Armonk, NY 10504
Phone: (914) 749–8200
dboies@bsfllp.com

**By:** */s/ Stephen Neal Zack*
Stephen Neal Zack
Florida Bar No. 145215
**BOIES SCHILLER FLEXNER LLP**
100 SE 2nd St., Suite 2800
Miami, FL 33131
Office: 305-539-8400
szack@bsfllp.com

*Co-Counsel for Plaintiff and the Class*

<u>**CERTIFICATE OF SERVICE**</u>

I HEREBY CERTIFY that a true and correct copy of the forgoing was filed on April 21, 2023, via the Court's CM/ECF system, which will send notification of such filing to all attorneys of record.

By: */s/ Adam M. Moskowitz*
  ADAM M. MOSKOWITZ

# EXHIBIT A

## I. DEFINITIONS AND INSTRUCTIONS

Unless otherwise specified, the terms set forth below have the following meanings:

1.      "GSW," "You," or "Your" means Defendant, Golden State Warriors LLC, any of its affiliates, subsidiaries, divisions, segments, predecessors, successors, officers, directors, employees, representatives, or agents.

2.      "FTX Entities" means West Realm Shires Services, Inc., FTX Trading Ltd, Blockfolio, Inc., and any of their affiliates, subsidiaries, divisions, segments, predecessors, successors, officers, directors, employees, representatives, or agents.

3.      "FTX Platform" refers to the FTX Entities' mobile application and/or web-based cryptocurrency investment service that places cryptocurrency trade orders on behalf of users.

4.      "YBAs" refers to the Yield-Bearing Accounts offered by the FTX Entities on the FTX Platform.

5.      "FTT" refers to the native cryptocurrency exchange token of the FTX Platform ecosystem.

6.      "FTX Platform" refers to the FTX Entities' mobile application cryptocurrency investment service that places cryptocurrency trade orders on behalf of users.

7.      "Document(s)" means any written, printed, typed or other graphic matter, of any kind or nature, whether in hard copy or electronic format, whether the original, draft, or a copy and copies bearing notations or marks not found on the original, including but not limited to memoranda, reports, recommendations, notes, letters, envelopes, post-its, emails, telegrams, messages, manuscripts, studies, analyses, tests, comparisons, books, articles, pamphlets, magazines, newspapers, booklets, circulars, bulletins, notices, instructions, minutes,

agreements, contracts, and all other written communications, of any type, including inter and intra-office communications, purchase orders, invoices, bills, receipts, questionnaires, surveys, charts, graphs, videos, photographs, sketches, drawings, house sheets, tapes, voice messages or other recordings, print-outs or compilations from which information can be obtained or, if necessary, translated through detection devices into reasonably usable form, including all underlying or preparatory materials and drafts thereof.

8.     "Person" or "People" means any natural person(s) or any business, legal, or governmental entity (or entities) or association(s).

9.     All/Each – The terms "all" and "each" shall be construed as meaning either all or each as necessary to bring within the scope of the discovery request all responses that might otherwise be construed to be outside its scope.

10.     Objections: Where an objection is made to any request, the objection shall state with specificity all grounds. Any ground not stated in an objection within the time provided by the Federal Rules of Civil Procedure, or by the Court's order, or any extensions thereof, shall be waived.

11.     Whenever a reference to a business entity appears, the reference shall mean the business entity, its affiliated companies, partnerships, divisions, subdivisions, directors, officers, employees, agents, clients or other representatives of affiliated third parties.

12.     Unless otherwise stated in a request, the time period for which you must respond is beginning in January 1, 2019 and ending at the present time.

## II. <u>FOUR DEPOSITION SUBJECTS</u>

Pursuant to Rule 30(b)(6), the GSW shall designate and produce for deposition one or more of its officers, directors, managing agents, or other persons who are knowledgeable about and consent to testify on its behalf concerning the following subject matters:

1.      All Documents and responses provided in response to Plaintiffs' request for production, each dated and served on April 21, 2023.

2.      All contracts or agreements and circumstances regarding Your "First-Of-Its-Kind" International Partnership with the FTX Entities. *See* https://www.nba.com/warriors/warriors-ftx-partnership-20211214 (accessed April 21, 2023).

3.      All Documents and Communications, that show, evidence and/or relate to Defendant "targeting" Defendant's Florida fans, and Florida's FTX consumers, including but not limited to (1) any advertising for the FTX Platform or FTX Entities located in the Chase Center that was broadcast in or viewable by Florida investors and GSW fans residing in Florida during GSW games (including GSW home games where GSW played either the Miami Heat or Orlando Magic); (2) any advertising for the FTX Platform or FTX Entities located in the Warriors Gaming Squad court during NBA 2K League games; and (3) any NFTs that GSW offered for sale on the FTX Platform.

4.      All research or due diligence YOU and/or the NBA performed about the FTX Entities, the FTX Platform, or whether YBAs or FTT constitute a security under any federal or state law.

# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF FLORIDA
## MIAMI DIVISION
### CASE NO. 1:22-cv-23753-KMM

**EDWIN GARRISON**, *et al.,* on behalf of
themselves and all others similarly situated,

    *Plaintiffs,*

*v.*

**SAM BANKMAN-FRIED**, *et al.*,

    *Defendants.*

_____/

## NOTICE OF TAKING THE VIDEOTAPED DEPOSITION OF
## DEFENDANT LAWRENCE GENE DAVID

    Pursuant to Federal Rule of Civil Procedure 30, Plaintiff's counsel will take the deposition of the below-named person/entity on the date, time, and at the location indicated.

| | |
|---|---|
| **DEPONENT**: | Defendant Lawrence Gene David |
| **DATE**: | May 11, 2023 |
| **TIME**: | 10:00 AM (PDT) // 1:00 PM (EDT) |
| **LOCATION**: | Boies, Schiller Flexner, LLP |
| | 725 S Figueroa Street, 31st Floor |
| | Los Angeles, CA 90017 |
| | Phone (213) 629–9040 |

    The aforesaid deposition will be before a court reporter, an officer authorized by law to administer oaths and take depositions in the State of California.  The deposition is being taken for the purpose of discovery, for use at trial, or both, or for such other purposes as are permitted under the Federal and Local Rules of Civil Procedure.

Dated: April 21, 2023                    Respectfully submitted,

                                     **By: */s/ Adam Moskowitz*_____**
                                     Adam M. Moskowitz

Florida Bar No. 984280
adam@moskowitz-law.com
Joseph M. Kaye
Florida Bar No. 117520
joseph@moskowitz-law.com
**THE MOSKOWITZ LAW FIRM, PLLC**
2 Alhambra Plaza, Suite 601
Coral Gables, FL 33134
Telephone: (305) 740-1423

**By:** */s/ David Boies*
David Boies
(*Pro Hac Vice*)
Alex Boies
(*Pro Hac Vice*)
**BOIES SCHILLER FLEXNER LLP**
333 Main Street
Armonk, NY 10504
Phone: (914) 749–8200
dboies@bsfllp.com

**By:** */s/ Stephen Neal Zack*
Stephen Neal Zack
Florida Bar No. 145215
**BOIES SCHILLER FLEXNER LLP**
100 SE 2nd St., Suite 2800
Miami, FL 33131
Office: 305-539-8400
szack@bsfllp.com

*Co-Counsel for Plaintiff and the Class*

### CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the forgoing was filed on April 21, 2023, via the Court's CM/ECF system, which will send notification of such filing to all attorneys of record.

By: */s/ Adam M. Moskowitz*
    ADAM M. MOSKOWITZ

# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF FLORIDA
## MIAMI DIVISION
### CASE NO. 1:22-cv-23753-KMM

**EDWIN GARRISON**, *et al.,* on behalf of
themselves and all others similarly situated,

    *Plaintiffs,*

*v.*

**SAM BANKMAN-FRIED**, *et al.*,

    *Defendants.*

                              /

## <u>NOTICE OF TAKING THE VIDEOTAPED DEPOSITION OF</u>
## <u>DEFENDANT NAOMI OSAKA</u>

       Pursuant to Federal Rule of Civil Procedure 30, Plaintiff's counsel will take the deposition of the below-named person/entity on the date, time, and at the location indicated.

|  |  |
|---|---|
| **DEPONENT**: | Defendant Naomi Osaka |
| **DATE**: | May 10, 2023 |
| **TIME**: | 10:00 AM (PDT) // 1:00 PM (EDT) |
| **LOCATION**: | Boies, Schiller Flexner, LLP |
|  | 725 S Figueroa Street, 31st Floor |
|  | Los Angeles, CA 90017 |
|  | Phone (213) 629–9040 |

       The aforesaid deposition will be before a court reporter, an officer authorized by law to administer oaths and take depositions in the State of California.  The deposition is being taken for the purpose of discovery, for use at trial, or both, or for such other purposes as are permitted under the Federal and Local Rules of Civil Procedure.

Dated: April 21, 2023                 Respectfully submitted,

                                   **By: *<u>/s/ Adam Moskowitz</u>***
                                   Adam M. Moskowitz

Florida Bar No. 984280
adam@moskowitz-law.com
Joseph M. Kaye
Florida Bar No. 117520
joseph@moskowitz-law.com
**THE MOSKOWITZ LAW FIRM, PLLC**
2 Alhambra Plaza, Suite 601
Coral Gables, FL 33134
Telephone: (305) 740-1423

**By:** */s/ David Boies*
David Boies
(*Pro Hac Vice*)
Alex Boies
(*Pro Hac Vice*)
**BOIES SCHILLER FLEXNER LLP**
333 Main Street
Armonk, NY 10504
Phone: (914) 749–8200
dboies@bsfllp.com

**By:** */s/ Stephen Neal Zack*
Stephen Neal Zack
Florida Bar No. 145215
**BOIES SCHILLER FLEXNER LLP**
100 SE 2nd St., Suite 2800
Miami, FL 33131
Office: 305-539-8400
szack@bsfllp.com

*Co-Counsel for Plaintiff and the Class*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the forgoing was filed on April 21,

2023, via the Court's CM/ECF system, which will send notification of such filing to all attorneys

of record.

By: */s/ Adam M. Moskowitz*
ADAM M. MOSKOWITZ

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**
**MIAMI DIVISION**

**CASE NO. 1:22-cv-23753-KMM**

**EDWIN GARRISON**, *et al.,* on behalf of
themselves and all others similarly situated,

    *Plaintiffs,*

*v.*

**SAM BANKMAN-FRIED**, *et al.*,

    *Defendants.*

                                      /

## NOTICE OF TAKING THE VIDEOTAPED DEPOSITION OF
## DEFENDANT SHOHEI OHTANI

    Pursuant to Federal Rule of Civil Procedure 30, Plaintiff's counsel will take the deposition of the below-named person/entity on the date, time, and at the location indicated.

        **DEPONENT**:    Defendant Shohei Ohtani

        **DATE**:    May 12, 2023

        **TIME**:    10:00 AM (PDT) // 1:00 PM (EDT)

        **LOCATION**:    Boies, Schiller Flexner, LLP
                        725 S Figueroa Street, 31st Floor
                        Los Angeles, CA 90017
                        Phone (213) 629–9040

    The aforesaid deposition will be before a court reporter, an officer authorized by law to administer oaths and take depositions in the State of California. The deposition is being taken for the purpose of discovery, for use at trial, or both, or for such other purposes as are permitted under the Federal and Local Rules of Civil Procedure.

Dated: April 21, 2023                Respectfully submitted,

                              **By: */s/ Adam Moskowitz***
                              Adam M. Moskowitz

Florida Bar No. 984280
adam@moskowitz-law.com
Joseph M. Kaye
Florida Bar No. 117520
joseph@moskowitz-law.com
**THE MOSKOWITZ LAW FIRM, PLLC**
2 Alhambra Plaza, Suite 601
Coral Gables, FL 33134
Telephone: (305) 740-1423

**By:** *_/s/ David Boies_*
David Boies
(*Pro Hac Vice*)
Alex Boies
(*Pro Hac Vice*)
**BOIES SCHILLER FLEXNER LLP**
333 Main Street
Armonk, NY 10504
Phone: (914) 749–8200
dboies@bsfllp.com

**By:** *_/s/ Stephen Neal Zack_*
Stephen Neal Zack
Florida Bar No. 145215
**BOIES SCHILLER FLEXNER LLP**
100 SE 2nd St., Suite 2800
Miami, FL 33131
Office: 305-539-8400
szack@bsfllp.com

*Co-Counsel for Plaintiff and the Class*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the forgoing was filed on April 21,

2023, via the Court's CM/ECF system, which will send notification of such filing to all attorneys

of record.

By: *_/s/ Adam M. Moskowitz_____*
ADAM M. MOSKOWITZ

# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF FLORIDA
## MIAMI DIVISION

### CASE NO. 1:22-cv-23753-KMM

**EDWIN GARRISON**, *et al.,* on behalf of
themselves and all others similarly situated,

     *Plaintiffs,*

*v.*

**SAM BANKMAN-FRIED**, *et al.*,

     *Defendants.*

_____/

## NOTICE OF TAKING THE VIDEOTAPED DEPOSITION OF
## DEFENDANT STEPHEN CURRY

Pursuant to Federal Rule of Civil Procedure 30, Plaintiff's counsel will take the deposition of the below-named person/entity on the date, time, and at the location indicated.

| | |
|---|---|
| **DEPONENT**: | Defendant Stephen Curry |
| **DATE**: | May 9, 2023 |
| **TIME**: | 10:00 AM (PDT) // 1:00 PM (EDT) |
| **LOCATION**: | Boies, Schiller Flexner, LLP |
| | 725 S Figueroa Street, 31st Floor |
| | Los Angeles, CA 90017 |
| | Phone (213) 629–9040 |

The aforesaid deposition will be before a court reporter, an officer authorized by law to administer oaths and take depositions in the State of California. The deposition is being taken for the purpose of discovery, for use at trial, or both, or for such other purposes as are permitted under the Federal and Local Rules of Civil Procedure.

Dated: April 21, 2023

Respectfully submitted,

**By:** */s/ Adam Moskowitz*
Adam M. Moskowitz
Florida Bar No. 984280
adam@moskowitz-law.com
Joseph M. Kaye
Florida Bar No. 117520
joseph@moskowitz-law.com
**THE MOSKOWITZ LAW FIRM, PLLC**
2 Alhambra Plaza, Suite 601
Coral Gables, FL 33134
Telephone: (305) 740-1423

**By:** */s/ David Boies*
David Boies
(*Pro Hac Vice*)
Alex Boies
(*Pro Hac Vice*)
**BOIES SCHILLER FLEXNER LLP**
333 Main Street
Armonk, NY 10504
Phone: (914) 749–8200
dboies@bsfllp.com

**By:** */s/ Stephen Neal Zack*
Stephen Neal Zack
Florida Bar No. 145215
**BOIES SCHILLER FLEXNER LLP**
100 SE 2nd St., Suite 2800
Miami, FL 33131
Office: 305-539-8400
szack@bsfllp.com
*Co-Counsel for Plaintiff and the Class*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the forgoing was filed on April 21,

2023, via Court's CM/ECF system, which will send notification to all attorneys of record.

By: */s/ Adam M. Moskowitz*
ADAM M. MOSKOWITZ