# Exhibit B

**PLAINTIFFS' OMNIBUS MOTION TO LIFT DISCOVERY STAY AND FOR LEAVE TO CONDUCT JURISDICTIONAL DISCOVERY, AND, IF NECESSARY TO AMEND THEIR COMPLAINTS WITH ANY FACTS ARISING FROM SUCH**

# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF FLORIDA
## MIAMI DIVISION

### CASE NO. 23-21023-CIV-ALTONAGA/Damian

**EDWIN GARRISON**, *et al.,* on behalf of themselves and all others similarly situated,

      Plaintiffs,

v.

**KEVIN PAFFRATH, GRAHAM STEPHAN, ANDREI JIKH, JASPREET SINGH, BRIAN JUNG, JEREMY LEFEBVRE, TOM NASH, BEN ARMSTRONG, ERIKA KULLBERG, CREATORS AGENCY, LLC,**

      Defendants.

_____/

## JOINT REPORT IN RESPONSE TO THE COURT'S MAY 16, 2023 ORDER [ECF 88]

      Plaintiffs, Edwin Garrison, et al. ("Plaintiffs"), and Kevin Paffrath, et al. ("Defendants") (Defendants together with Plaintiffs, the "Parties"), submit this Joint Report, in accordance with the Court's May 16, 2023 Order. ECF No. 88. All of the Parties have been very cooperative and met via phone and Zoom teleconference, but respectfully submit different suggestions for how the Court should conduct discovery on issues of service and jurisdiction. In accordance with the Court's Order, the Parties respectfully state as follows:

### I.    PLAINTIFFS' REPORT ON DISCOVERY

      Plaintiffs and their Counsel have been litigating crypto class actions before this Court[1] for over a year and have learned a great deal during the discovery process. Plaintiffs and their Counsel have fully briefed, and received many Orders, on issues including jurisdictional discovery. Plaintiffs' Counsel have also been litigating similar class actions against Defendants Mark Cuban and his Dallas Mavericks, for their role in promoting *Voyager's* unregistered securities offerings,[2] where plaintiffs have completed most of the necessary discovery and depositions.

---

[1] *Mark Cassidy v. Voyager Digital Ltd., et al.,* Case No. 21-cv-24441 (the "*Cassidy* Action")
[2] *Robertson, et al. v. Mark Cuban, et al.,* Case No. 22-CV-22538 (the "*Voyager Brand*

Plaintiffs want to streamline and narrow discovery so that the Parties can focus on two main questions: (1) Did FTX offer and sell "unregistered securities" (including through offering and selling the FTX interest accounts and FTT tokens), and (2) did these specific Defendants "promote" the sale of the unregistered securities, leading to joint and several liability against FTX under the Florida (and/or other applicable state) securities statute(s).

In the Court's Case Management Order [D.E. 62], the Court already stated it was not (at this stage) bifurcating discovery. In the related *Voyager* cases, this Court (in the *Cassidy* Action) and Magistrate Judge Reid and Judge Altman (in the *Voyager Brand Ambassadors* Action) also found that there was no clear line between merits and class discovery under these facts and declined to bifurcate discovery. After these rulings in the *Voyager Brand Ambassadors* Action, counsel for Mr. Cuban even agreed that we take only one deposition (7 hours), so we only took one complete deposition that covered all areas (jurisdiction and merits). The Court has set a discovery deadline here of July 3rd [D.E. 62], for Plaintiffs to complete discovery related to the impending class certification.

**Service of the Complaint**: Issues regarding whether the Defendants were properly served is easier, because Plaintiffs provided 8 of the 10 Defendants (other than Armstrong and Creators Agency LLC) via email on March 31, 2023, with a copy of the Complaint and Notice of Commencement of Action and Request for Waiver of Service forms. *See* **Composite Exhibit A**. Many of the Defendants declined to return the Waiver forms, so they were served with formal process. Although a few Defendants contend that they were improperly served, each defendant has now appeared through counsel, who should be authorized (either by their client or by the Court) to accept service of process on their behalf, to the extent there are any perceived issues with how process was served. The current service as it stands was certainly sufficient to provide all Defendants with notice to the extent that they have now appeared in this Action. In any event, Plaintiffs certainly would not object to the Court granting Defendants—as requested—an extension of time for their responses to the Complaint as if their counsel now executed the waiver (as the deadline for responses under the waivers that were sent on March 31, 2023, would be May 30, 2023).

To the extent that any of these Defendants refuse to authorize their counsel to accept service on their behalf, Plaintiffs respectfully submit that the Court can enter an order authorizing Plaintiffs

*Ambassadors* Action")

to serve any Defendant with process through email to their counsel in this Action, particularly in the case of Defendant Kullberg, whose whereabouts are unknown but may be currently outside of the United States,[3] since the Court ordered all Defendants be served before June 13, 2023. *See, e.g.,* ECF Nos. 3, 61, 65.

**Jurisdictional Discovery**: Judge K. Michael Moore recently granted Plaintiffs leave to file an Amended Complaint in the related matter, *Garrison v. Bankman-Fried*, No. 1:22-cv-23753-KMM, ECF No. 205. We know now that it was FTX's Miami office, and its Miami-based Vice President of Business Development, Mr. Avinash Dabir, who was personally involved with originating, organizing and directing most of the FTX celebrity and promotional activities. Now that the Parties conducted their Rule 26 Meeting, Plaintiffs already served Defendants on May 17, 2023, with 7 very narrow requests for production (seeking documents about their own FTX promotions) and notices for one brief Zoom deposition of each Defendant. *See* **Composite Exhibit B**.

Plaintiffs do not want to create any unreasonable burdens for any party. In all of our prior cases, none of the Defendants have sustained their burden to show any "undue burden" in responding to this discovery, and Plaintiffs have effectively completed all of that discovery efficiently and expeditiously. These 7 narrow requests are very specific and Plaintiffs are glad for defendants to produce their materials, as they are kept in the ordinary course of business. Plaintiffs are also open to work out any specific cases, where for some reason, the production of the responsive materials may be "unduly burdensome." Moreover, Plaintiffs agree to take only one deposition via Zoom (so no travel is necessary), and Defendants can select their own location), on any date (at least 10 days after the materials are produced, but well before July 3rd).

---

[3] Various recent sources state that Kullberg may be located in the "United States" or in Japan, and her husband, Eric Kullberg, lists Dubai as his location on his LinkedIn profile. *See* https://www.linkedin.com/in/erika2/ (Erika Kullberg LinkedIn); https://ae.linkedin.com/in/eric-kullberg-315b633a?trk=public_post_feed-actor-name (Eric Kullberg LinkedIn); https://il.linkedin.com/posts/eric-kullberg-315b633a_erikataughtme-activity-6988093145766887425-Vacy ("I am unbelievably proud of my wife, Erika Kullberg, who has travelled the world over the past four months to interview industry experts, entrepreneurs, leaders, authors and creators as part of her latest project — the 'Erika Taught Me' podcast.").

## 2.     **DEFENDANT'S REPORT ON DISCOVERY**

Defendants Creators Agency LLC, Erika Kullberg, Brian Jung, Tom Nash, Jaspreet Singh, Ben Armstrong, Jeremy Lefebvre, Andrei Jikh, Graham Stephan, and Kevin Paffrath intend to challenge personal jurisdiction over them. Additionally, Defendants Jeremy Lefebvre, Andrei Jikh, Erika Kullberg, and Kevin Paffrath do not believe that they have been properly served. As required by the Court's amended order of May 16, 2023, ECF No. 88, Plaintiffs and Defendants have conferred. Below, Defendants set forth their positions and address the Court's directives.

Defendants summarize their position as follows: Defendants do not believe that Plaintiffs are entitled to any jurisdictional discovery for the reasons set forth below. If, however, the Court permits limited jurisdictional discovery, then the Court should adopt a discovery and briefing schedule similar to the one it issued in *Cassidy v. Voyager Digital Ltd. See* Order, *Cassidy v. Voyager Digital Ltd.*, No. 21-cv-24441-CMA, at 6–7 (S.D. Fla. Mar. 3, 2022), ECF No. 36 (the "*Voyager Digital* Order"). Regardless of whether the Court permits limited jurisdictional discovery, the Court—as it also ruled in the *Voyager Digital* Order—should set aside or stay all other deadlines in its Scheduling Order. ECF No. 62. Only if any of Defendants are not dismissed because of lack of personal jurisdiction or improper service should the case then proceed on the merits.

### Personal Jurisdiction

At the outset, based on the allegations in the Complaint, Plaintiffs are not entitled to any jurisdictional discovery. It is well established that courts have wide latitude in denying jurisdictional discovery where a plaintiff has failed to make a prima facie case for jurisdiction. *See, e.g.*, *Frontera Res. Azerbaijan Corp. v. State Oil Co. of the Azerbaijan Rep.*, 582 F.3d 393, 401 (2d Cir. 2009) ("A district court has wide latitude to determine the scope of discovery, and is typically within its discretion to deny jurisdictional discovery when the plaintiff has not made out a prima facie case for jurisdiction." (alteration omitted) (citation omitted) (internal quotation marks omitted)); *Negrón–Torres v. Verizon Commc'ns, Inc.*, 478 F.3d 19, 27 (1st Cir. 2007) ("[B]ecause Negrón has failed to make a colorable claim for personal jurisdiction, we have no reason to overturn the district court's denial of her request for jurisdictional discovery."); *Vision Media TV Grp., LLC v. Forte*, 724 F. Supp. 2d 1260, 1267 n.3 (S.D. Fla. 2010) ("Plaintiff must provide the Court with some showing establishing the need for jurisdictional discovery."); 8 CHARLES ALAN WRIGHT, FEDERAL PRACTICE AND PROCEDURE § 2008.3 (3d ed. Apr. 2014) ("[A] district court

may properly refuse or limit jurisdictional discovery if the plaintiff has not made a sufficient showing that there may be a basis for exercise of jurisdiction ….").

Here, Plaintiffs have failed to make a prima facie case for personal jurisdiction over any Defendant. To begin with, the Complaint contains no well-pleaded allegations about any one of Defendants that would support personal jurisdiction over any of them. Indeed, apart from brief allegations identifying Defendants, *see* Compl. ¶¶ 22–31, the Complaint contains no allegations about any Defendant suggesting that any is subject to personal jurisdiction in Florida. Although the Complaint does contain a paragraph on personal jurisdiction, *see* Compl. ¶ 33, the allegations in that paragraph—which lumps all Defendants together—contain "no more than conclusions" that "are not entitled to the assumption of truth." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Although—as the Court recently observed—"a plaintiff 'initially need only allege sufficient facts to make out a prima facie case of jurisdiction,'" *Voyager Digital* Order at 2 (quoting *Posner v. Essex Ins. Co.*, 178 F.3d 1209, 1214 (11th Cir. 1999), Plaintiffs' Complaint has failed even to do that. In short, the Court should not permit any jurisdictional discovery at all. *See Indus. Network, Inc. v. Hitti*, 2014 WL 324656, at *3 (S.D. Fla. Jan. 28, 2014) ("The purpose of jurisdictional discovery is to ascertain the truth of the allegations underlying the assertion of personal jurisdiction—it is not a vehicle for a fishing expedition in the hopes that discovery will sustain the exercise of jurisdiction.").

If the Court does not permit any jurisdictional discovery, then the Court should require Defendants to file their motions to dismiss for lack of personal jurisdiction, to dismiss for improper service, and to dismiss for failure to state a claim and to join indispensable parties within 30 days, so that all Defendants respond at the same time. All other deadlines and merits discovery should be stayed until after the Court rules on these motions to dismiss.

If, on the other hand, the Court is inclined instead to permit limited jurisdictional discovery, then the Court should adopt a discovery and briefing schedule similar to the one set forth in the *Voyager Digital* Order. Specifically, Defendants propose the following schedule, which would conclude jurisdictional discovery within roughly two months' time:

- Within 10 days after the Court enters an order, the parties must serve any written discovery (which may consist of requests for production, interrogatories, and requests for admission) on the opposing party[4], which must be limited solely to personal jurisdiction.

---

[4] For clarity, if jurisdictional discovery is permitted, Defendants seek to take discovery from

- Within 21 days after service of any written discovery, the parties must serve responses, any objections, and any non-objected-to discovery (together, "Responsive Discovery"). For any objections, the parties must promptly meet and confer and contact Judge Damian's chambers to arrange a date for a hearing.

- Within 21 days after service of the Responsive Discovery, any desired depositions must take place. As with the written discovery, the scope of any deposition is limited solely to personal jurisdiction and is limited to 5 hours each.

- Within 7 days after completion of jurisdictional discovery, Defendants must file their motions to dismiss for lack of personal jurisdiction, for improper service, and for failure to state a cause of action and failure to join indispensable parties. Thereafter, response and reply memoranda are due within the timeframe permitted by the Local Rules.

Defendants acknowledge that this briefing schedule builds in more time than that in the *Voyager Digital* Order. But that additional time—about two months for jurisdictional discovery to be completed and for the motions to dismiss for lack of personal jurisdiction to be filed—is necessary because inn *Voyager Digital*, there were only two defendants; here, there are ten defendants. Thus, discovery will take longer logistically, and additional time is warranted.

Regardless of whether the Court permits limited jurisdictional discovery, the Court should set aside or stay all other deadlines in its Scheduling Order. ECF No. 62 including merits discovery. "As a general rule, courts should address issues relating to personal jurisdiction before reaching the merits of a plaintiff's claims." *Rep. of Pan. v. BCCI Holdings (Lux.) S.A.*, 119 F.3d 935, 941 (11th Cir. 1997); *see also id.* ("A defendant that is not subject to the jurisdiction of the court cannot be bound by its rulings. Thus, as a preliminary matter, courts should determine if they have the power to bind a defendant with a ruling on the merits of the case." (citation omitted)). For this reason, the Court stayed all its deadlines in the *Voyager Digital* Order, and it should do the same here. Only if any Defendant is not dismissed because of lack of personal jurisdiction or improper service should the Court permit merits discovery.

### Service of Process

Four Defendants assert that that have not been properly served with process: Jeremy Lefebvre, Andrei Jikh, Kevin Paffrath, and Erika Kullberg. On May 18, 2023, these Defendants

---

Plaintiffs regarding personal jurisdiction as well. During meet-and-confer sessions with counsel for Defendant Paffrath, Plaintiffs' counsel seem to indicate that they believed jurisdictional discovery should be provided only from Defendants to Plaintiff. Defendants disagree with this position and believe that jurisdictional discovery should be available to all parties.

conferred with Plaintiffs in an attempt to resolve the issues surrounding service. Defendants Lefebvre, Jikh, and Paffrath have agreed to accept service of process through an appropriate waiver, and it is their position that doing so would entitle them to 60 days to answer or otherwise respond to the Complaint. *See* FED. R. CIV. P. 4(d). Based on the conferral, Plaintiffs seemed inclined to permit these Defendants additional time to respond if Defendants accepted service of process. Plaintiffs, however, raised a concern that the Court would not want multiple or varying deadlines within which different Defendants would respond.

To address this concern, Defendants propose that, if no jurisdictional discovery is permitted, *all* Defendants be given 30 days to file a motion for lack of personal jurisdiction and to file a motion to dismiss based on Rule 12(b)(6) and/or Rule 12(b)(7) grounds (and Defendant Kullberg will file a motion to dismiss to challenge the sufficiency of service). Alternatively, if jurisdictional discovery is permitted, the motions to dismiss would be filed in accordance with the schedule proposed above (7 days after completion of jurisdictional discovery) and all Defendants would agree to participate in jurisdictional discovery in the interim period before the motions to dismiss would be due.

With regard to Defendant Paffrath, Plaintiffs claim to have served Mr. Paffrath by serving the summons complaint on the windshield of his wife's automobile, in Ventura, California on April 27, 2023. (*See* Affidavit of Jeffrey S. Larock, ECF No. 58). Paffrath's counsel has preliminarily reviewed whether this purported service of process complies with federal or California law and believes the service is defective. However, Paffrath's counsel has proposed to Plaintiffs' counsel it would accept Plaintiffs' Request for Waiver of Service of Process, pursuant to Federal Rule of Civil Procedure(4)(d) in lieu of contesting service and would agree to the procedure proposed above.

Defendant Kullberg conferred with Plaintiffs' counsel via a zoom conference and via email in an effort to resolve the issues surrounding service. Specifically, Kullberg's service was not proper under New York law because she does not reside, and has never resided, at 40 Waterside Plz, Apt 11D, New York, NY, *see* ECF No. 25, nor at any location in New York. Furthermore, the return of service has inaccurate statements. Defendant Kullberg has requested that Plaintiffs withdraw their affidavit of return of service, and properly serve Defendant Kullberg. No agreement on the issues of service as it relates to Kullberg has been reached.

**Respectfully submitted May 18, 2023.**

| | |
|---|---|
| ***By: /s/ Adam M. Moskowitz*** | By: */s/Brian W. Toth* |
| Adam M. Moskowitz | Brian W. Toth |
| Florida Bar No. 984280 | Florida Bar No. 57708 |
| Joseph M. Kaye | btoth@tothfunes.com |
| Florida Bar No. 117520 | Ingraham Building |
| **THE MOSKOWITZ LAW FIRM, PLLC** | Freddy Funes |
| 3250 Mary Street, Suite 202 | Florida Bar No. 87932 |
| Coconut Grove, FL 33133 | TOTH FUNES PA |
| Telephone: (305) 740-1423 | ffunes@tothfunes.com |
| adam@moskowitz-law.com | 25 Southeast Second Avenue, Suite 805 |
| joseph@moskowitz-law.com | Miami, Florida 33131 |
| | (305) 717-7850 |
| Stuart Z. Grossman | |
| Florida Bar No. 156113 | *Counsel for Defendant Tom Nash* |
| Manuel A. Arteaga-Gomez | |
| Florida Bar No. 18122 | By: */s/ Jose G. Sepulveda* |
| **GROSSMAN ROTH YAFFA COHEN, P.A.** | Jose Guillermo Sepulveda |
| 2525 Ponce de Leon Boulevard, Suite 1150 | jsepulveda@stearnsweaver.com |
| Coral Gables, FL 33134 | STEARNS WEAVER MILLER WEISSLER |
| Ph: 305-442-8666 | ALHADEFF & SITTERSON |
| szg@grossmanroth.com | Museum Tower |
| aag@grossmanroth.com | 150 W Flagler Street, Suite 2200 |
| | Miami, Florida 33130 |
| Stephen Neal Zack | (305) 789-3200 |
| Florida Bar No. 145215 | |
| Tyler Ulrich | Derek Adams |
| Florida Bar No. 94705 | dadams@potomaclaw.com |
| **BOIES SCHILLER FLEXNER LLP** | POTOMAC LAW GROUP, PLLC |
| 100 SE 2nd St., Suite 2800 | 1300 Pennsylvania Avenue, NW, Suite 700 |
| Miami, FL 33131 | Washington, DC 20004 |
| Office: 305-539-8400 | (202) 743-1511 |
| szack@bsfllp.com | |
| tulrich@bsfllp.com | *Counsel for Defendants Brian Jung, Erika* |
| | *Kullberg, and Creators Agency LLC* |
| Jose Ferrer | |
| Florida Bar No. 173746 | David E Ghannam |
| **MARK MIGDAL HAYDEN LLP** | david@ghannam.law |
| Miami, FL 33130 | DAVID E GHANNAM, P.C. |
| Office: 305-374-0440 | 17436 College Parkway |
| jose@markmigdal.com | Ste 3rd Floor |
| michelle@markmigdal.com | Livonia, Michigan 48152 |
| eservice@markmigdal.com | (313) 945-0088 |
| | |
| *Co-Counsel for Plaintiffs and the Class* | *Counsel for Defendant Jaspreet Singh* |

By: */s/Joseph M. Mysorewala*
Josef M Mysorewala
josefm@lawjmm.com
LAW OFFICE OF JOSEF M MYSOREWALA,
PLLC
2000 S. Dixie Highway, Suite 112
Miami, Florida 33133
(305) 356-1031

Kimberly P. Stein
kps@fdllawlv.com
FLANGAS LAW GROUP, INC.
3275 South Jones Blvd., Suite 105
Las Vegas, Nevada 89146
(702) 307-9500

*Counsel for Defendants Graham Stephan,
Adrei Jikh, and Jeremy Lefebvre*

 By: */s/Darren Adam Heitner*
Darren Adam Heitner
darren@heitnerlegal.com
HEITNER LEGAL, P.L.L.C.
215 Hendricks Isle
Fort Lauderdale, Florida 33301
(954) 558-6999

*Counsel for Ben Armstrong*

By: */s/Adam J. Lamb*
**JOSEPH A. DeMARIA, B.C.S.**
Florida Bar No. 764711
JDeMaria@FoxRothschild.com
**ADAM J. LAMB**
Florida Bar No. 899046
alamb@FoxRothschild.com
**FOX ROTHSCHILD LLP**
One Biscayne Tower, Suite 2750
2 South Biscayne Blvd.
Miami, Florida 33131
Telephone: 305.442.6547
Facsimile: 305.442.6541

*Attorney for Defendant Kevin Paffrath*

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that a true and correct copy of the forgoing was filed on May 18, 2023, with the Court via the CM/ECF system, which will send notification of such filing to all attorneys and/or parties of record.

By: *s/ Adam M. Moskowitz*
ADAM M. MOSKOWITZ

# Composite

# Exhibit A

**Rejane Passos**

---

| | |
|---|---|
| **From:** | Joseph Kaye |
| **Sent:** | Friday, March 31, 2023 12:29 AM |
| **To:** | andrei@majikh.com |
| **Cc:** | Adam Moskowitz; Rejane Passos; dboies@bsfllp.com; aboies@bsfllp.com; Jose Ferrer; Michelle Genet Bernstein; Stuart Grossman; Alex Arteaga-Gomez; Stephen N. Zack |
| **Subject:** | Re: Garrison, et al. v. Paffrath, et al. - No. 1:23-cv-21023-CMA - Request for Waiver of Service - Andrei Jikh |
| **Attachments:** | 2023.03.31 - ANDRE JIKH - Garrison v. Paffrath - Waiver Return.pdf; Garrison v. Paffrath - 23-cv-21023 - D.E. 1 - Complaint.PDF; 2023.03.31 - ANDRE JIKH - Garrison v. Paffrath - Waiver Request.pdf |

| | |
|---|---|
| **Follow Up Flag:** | Follow up |
| **Flag Status:** | Flagged |

Good evening, Mr. Jikh,

We represent Plaintiffs and the putative classes in the above-reference action. A copy of the operative complaint is attached. I am reaching out to you with a Notice of Commencement of Action and Request for Waiver of Service (both forms attached). Please sign, date, and return the waiver so we may proceed with the litigation. Thank you.

Best,

Joseph M. Kaye, P.A.
Partner
**The Moskowitz Law Firm, PLLC**
P.O. Box 141609
Coral Gables, FL 33114
*For Hand Deliveries Use:*
251 Valencia Ave #141609
Coral Gables, FL 33114
Office: (305) 740-1423
Direct: (786) 309-9585

Note: The information in this email is confidential and intended to be legally privileged. If you are not the intended recipient, you must not read, use or disseminate the information contained herein; please advise the sender immediately by reply email and delete this message and any attachments without retaining a copy. Although this email and any attachments are believed to be free of any viruses or other defects that may affect any computer system into which it is received and opened, it is the responsibility of the recipient to ensure that it is virus-free and no responsibility is accepted by The Moskowitz Law Firm or the sender of this email for any loss or damage arising in any way from its use.

CIRCULAR 230 DISCLAIMER: The IRS now requires written advice (including electronic communications) regarding one or more Federal (i.e., United States) tax issues to meet certain standards. Those standards involve a detailed and careful analysis of the facts and applicable law which we expect would be time

**Rejane Passos**

| | |
|---|---|
| **From:** | Joseph Kaye |
| **Sent:** | Friday, March 31, 2023 12:29 AM |
| **To:** | team@jungmedia.io |
| **Cc:** | Adam Moskowitz; Rejane Passos; dboies@bsfllp.com; aboies@bsfllp.com; Jose Ferrer; Michelle Genet Bernstein; Stuart Grossman; Alex Arteaga-Gomez; Stephen N. Zack |
| **Subject:** | Re: Garrison, et al. v. Paffrath, et al. - No. 1:23-cv-21023-CMA - Request for Waiver of Service - Brian Jung |
| **Attachments:** | 2023.03.31 - BRIAN JUNG - Garrison v. Paffrath - Waiver Return.pdf; Garrison v. Paffrath - 23-cv-21023 - D.E. 1 - Complaint.PDF; 2023.03.31 - BRIAN JUNG - Garrison v. Paffrath - Waiver Request.pdf |

| | |
|---|---|
| **Follow Up Flag:** | Follow up |
| **Flag Status:** | Flagged |

Good evening, Mr. Jung,

We represent Plaintiffs and the putative classes in the above-reference action. A copy of the operative complaint is attached. I am reaching out to you with a Notice of Commencement of Action and Request for Waiver of Service (both forms attached). Please sign, date, and return the waiver so we may proceed with the litigation. Thank you.

Best,

Joseph M. Kaye, P.A.
Partner
**The Moskowitz Law Firm, PLLC**
P.O. Box 141609
Coral Gables, FL 33114
*For Hand Deliveries Use:*
251 Valencia Ave #141609
Coral Gables, FL 33114
Office: (305) 740-1423
Direct: (786) 309-9585

Note: The information in this email is confidential and intended to be legally privileged. If you are not the intended recipient, you must not read, use or disseminate the information contained herein; please advise the sender immediately by reply email and delete this message and any attachments without retaining a copy. Although this email and any attachments are believed to be free of any viruses or other defects that may affect any computer system into which it is received and opened, it is the responsibility of the recipient to ensure that it is virus-free and no responsibility is accepted by The Moskowitz Law Firm or the sender of this email for any loss or damage arising in any way from its use.

CIRCULAR 230 DISCLAIMER: The IRS now requires written advice (including electronic communications) regarding one or more Federal (i.e., United States) tax issues to meet certain standards. Those standards involve a detailed and careful analysis of the facts and applicable law which we expect would be time

## Rejane Passos

| | |
|---|---|
| **From:** | Joseph Kaye |
| **Sent:** | Friday, March 31, 2023 12:30 AM |
| **To:** | grahamstephanbusiness@gmail.com; graham.stephan@gmail.com; graham.stephan1@gmail.com; graham_stephan@yahoo.com; grahamthebeast@yahoo.com; gstephan@youtube.com; grahamstephan@youtube.com |
| **Cc:** | Adam Moskowitz; Rejane Passos; dboies@bsfllp.com; aboies@bsfllp.com; Jose Ferrer; Michelle Genet Bernstein; Stuart Grossman; Alex Arteaga-Gomez; Stephen N. Zack |
| **Subject:** | Re: Garrison, et al. v. Paffrath, et al. - No. 1:23-cv-21023-CMA - Request for Waiver of Service - Graham Stephan |
| **Attachments:** | 2023.03.31 - GRAHAM STEPHAN - Garrison v. Paffrath - Waiver Request.pdf; 2023.03.31 - GRAHAM STEPHAN - Garrison v. Paffrath - Waiver Return.pdf; Garrison v. Paffrath - 23-cv-21023 - D.E. 1 - Complaint.PDF |
| | |
| **Follow Up Flag:** | Follow up |
| **Flag Status:** | Flagged |

Good evening, Mr. Stephan,

We represent Plaintiffs and the putative classes in the above-reference action. A copy of the operative complaint is attached. I am reaching out to you with a Notice of Commencement of Action and Request for Waiver of Service (both forms attached). Please sign, date, and return the waiver so we may proceed with the litigation. Thank you.

Best,

Joseph M. Kaye, P.A.
Partner
**The Moskowitz Law Firm, PLLC**
P.O. Box 141609
Coral Gables, FL 33114
*For Hand Deliveries Use:*
251 Valencia Ave #141609
Coral Gables, FL 33114
Office: (305) 740-1423
Direct: (786) 309-9585

Note: The information in this email is confidential and intended to be legally privileged. If you are not the intended recipient, you must not read, use or disseminate the information contained herein; please advise the sender immediately by reply email and delete this message and any attachments without retaining a copy. Although this email and any attachments are believed to be free of any viruses or other defects that may affect any computer system into which it is received and opened, it is the responsibility of the recipient to ensure that it is virus-free and no responsibility is accepted by The Moskowitz Law Firm or the sender of this email for any loss or damage arising in any way from its use.

CIRCULAR 230 DISCLAIMER: The IRS now requires written advice (including electronic communications) regarding one or more Federal (i.e., United States) tax issues to meet certain standards. Those standards

## Rejane Passos

| | |
|---|---|
| **From:** | Joseph Kaye |
| **Sent:** | Friday, March 31, 2023 12:30 AM |
| **To:** | team@theminoritymindset.com; jsingh@theminoritymindset.com; jasingh21@gmail.com |
| **Cc:** | Adam Moskowitz; Rejane Passos; dboies@bsfllp.com; aboies@bsfllp.com; Jose Ferrer; Michelle Genet Bernstein; Stuart Grossman; Alex Arteaga-Gomez; Stephen N. Zack |
| **Subject:** | Re: Garrison, et al. v. Paffrath, et al. - No. 1:23-cv-21023-CMA - Request for Waiver of Service - Jaspreet Singh |
| **Attachments:** | 2023.03.31 - JASPREET SINGH - Garrison v. Paffrath - Waiver Request.pdf; 2023.03.31 - JASPREET SINGH - Garrison v. Paffrath - Waiver Return.pdf; Garrison v. Paffrath - 23-cv-21023 - D.E. 1 - Complaint.PDF |

| | |
|---|---|
| **Follow Up Flag:** | Follow up |
| **Flag Status:** | Flagged |

Good evening, Mr. Singh,

We represent Plaintiffs and the putative classes in the above-reference action. A copy of the operative complaint is attached. I am reaching out to you with a Notice of Commencement of Action and Request for Waiver of Service (both forms attached). Please sign, date, and return the waiver so we may proceed with the litigation. Thank you.


Best,

Joseph M. Kaye, P.A.
Partner
**The Moskowitz Law Firm, PLLC**
P.O. Box 141609
Coral Gables, FL 33114
*For Hand Deliveries Use:*
251 Valencia Ave #141609
Coral Gables, FL 33114
Office: (305) 740-1423
Direct: (786) 309-9585

Note: The information in this email is confidential and intended to be legally privileged. If you are not the intended recipient, you must not read, use or disseminate the information contained herein; please advise the sender immediately by reply email and delete this message and any attachments without retaining a copy. Although this email and any attachments are believed to be free of any viruses or other defects that may affect any computer system into which it is received and opened, it is the responsibility of the recipient to ensure that it is virus-free and no responsibility is accepted by The Moskowitz Law Firm or the sender of this email for any loss or damage arising in any way from its use.

CIRCULAR 230 DISCLAIMER: The IRS now requires written advice (including electronic communications) regarding one or more Federal (i.e., United States) tax issues to meet certain standards. Those standards

**Rejane Passos**

---

| | |
|---|---|
| **From:** | Joseph Kaye |
| **Sent:** | Friday, March 31, 2023 12:30 AM |
| **To:** | jlbrandsproduction@yahoo.com; jeremy@financialeducationjeremy.com |
| **Cc:** | Adam Moskowitz; Rejane Passos; dboies@bsfllp.com; aboies@bsfllp.com; Jose Ferrer; Michelle Genet Bernstein; Stuart Grossman; Alex Arteaga-Gomez; Stephen N. Zack |
| **Subject:** | Re: Garrison, et al. v. Paffrath, et al. - No. 1:23-cv-21023-CMA - Request for Waiver of Service - Jeremy Lefebvre |
| **Attachments:** | 2023.03.31 - JEREMY LEFEBVRE - Garrison v. Paffrath - Waiver Request.pdf; 2023.03.31 - JEREMY LEFEBVRE - Garrison v. Paffrath - Waiver Return.pdf; Garrison v. Paffrath - 23-cv-21023 - D.E. 1 - Complaint.PDF |

| | |
|---|---|
| **Follow Up Flag:** | Follow up |
| **Flag Status:** | Flagged |

Good evening, Mr. Lefebvre,

We represent Plaintiffs and the putative classes in the above-reference action. A copy of the operative complaint is attached. I am reaching out to you with a Notice of Commencement of Action and Request for Waiver of Service (both forms attached). Please sign, date, and return the waiver so we may proceed with the litigation. Thank you.

Best,

Joseph M. Kaye, P.A.
Partner
**The Moskowitz Law Firm, PLLC**
P.O. Box 141609
Coral Gables, FL 33114
*For Hand Deliveries Use:*
251 Valencia Ave #141609
Coral Gables, FL 33114
Office: (305) 740-1423
Direct: (786) 309-9585

Note: The information in this email is confidential and intended to be legally privileged. If you are not the intended recipient, you must not read, use or disseminate the information contained herein; please advise the sender immediately by reply email and delete this message and any attachments without retaining a copy. Although this email and any attachments are believed to be free of any viruses or other defects that may affect any computer system into which it is received and opened, it is the responsibility of the recipient to ensure that it is virus-free and no responsibility is accepted by The Moskowitz Law Firm or the sender of this email for any loss or damage arising in any way from its use.

CIRCULAR 230 DISCLAIMER: The IRS now requires written advice (including electronic communications) regarding one or more Federal (i.e., United States) tax issues to meet certain standards. Those standards involve a detailed and careful analysis of the facts and applicable law which we expect would be time

**Rejane Passos**

---

| | |
|---|---|
| **From:** | Joseph Kaye |
| **Sent:** | Friday, March 31, 2023 12:29 AM |
| **To:** | staff@meetkevin.com; kevin@meetkevin.com; kevinpaffrath@gmail.com |
| **Cc:** | Adam Moskowitz; Rejane Passos; dboies@bsfllp.com; aboies@bsfllp.com; Jose Ferrer; Michelle Genet Bernstein; Stuart Grossman; Alex Arteaga-Gomez; Stephen N. Zack |
| **Subject:** | Re: Garrison, et al. v. Paffrath, et al. - No. 1:23-cv-21023-CMA - Request for Waiver of Service - Kevin Paffrath |
| **Attachments:** | 2023.03.31 - KEVIN PAFFRATH - Garrison v. Paffrath - Waiver Request.pdf; 2023.03.31 - KEVIN PAFFRATH - Garrison v. Paffrath - Waiver Return.pdf; Garrison v. Paffrath - 23-cv-21023 - D.E. 1 - Complaint.PDF |

| | |
|---|---|
| **Follow Up Flag:** | Follow up |
| **Flag Status:** | Flagged |

Good evening, Mr. Paffrath,

We represent Plaintiffs and the putative classes in the above-reference action. A copy of the operative complaint is attached. I am reaching out to you with a Notice of Commencement of Action and Request for Waiver of Service (both forms attached). Please sign, date, and return the waiver so we may proceed with the litigation. Thank you.

Best,

Joseph M. Kaye, P.A.
Partner
**The Moskowitz Law Firm, PLLC**
P.O. Box 141609
Coral Gables, FL 33114
*For Hand Deliveries Use:*
251 Valencia Ave #141609
Coral Gables, FL 33114
Office: (305) 740-1423
Direct: (786) 309-9585

Note: The information in this email is confidential and intended to be legally privileged. If you are not the intended recipient, you must not read, use or disseminate the information contained herein; please advise the sender immediately by reply email and delete this message and any attachments without retaining a copy. Although this email and any attachments are believed to be free of any viruses or other defects that may affect any computer system into which it is received and opened, it is the responsibility of the recipient to ensure that it is virus-free and no responsibility is accepted by The Moskowitz Law Firm or the sender of this email for any loss or damage arising in any way from its use.

CIRCULAR 230 DISCLAIMER: The IRS now requires written advice (including electronic communications) regarding one or more Federal (i.e., United States) tax issues to meet certain standards. Those standards involve a detailed and careful analysis of the facts and applicable law which we expect would be time

**Rejane Passos**

| | |
|---|---|
| **From:** | Joseph Kaye |
| **Sent:** | Friday, March 31, 2023 12:29 AM |
| **To:** | tomnashyt@gmail.com |
| **Cc:** | Adam Moskowitz; Rejane Passos; dboies@bsfllp.com; aboies@bsfllp.com; Jose Ferrer; Michelle Genet Bernstein; Stuart Grossman; Alex Arteaga-Gomez; Stephen N. Zack |
| **Subject:** | Re: Garrison, et al. v. Paffrath, et al. - No. 1:23-cv-21023-CMA - Request for Waiver of Service - Tom Nash |
| **Attachments:** | 2023.03.31 - TOM NASH - Garrison v. Paffrath - Waiver Return.pdf; Garrison v. Paffrath - 23-cv-21023 - D.E. 1 - Complaint.PDF; 2023.03.31 - TOM NASH - Garrison v. Paffrath - Waiver Request.pdf |

| | |
|---|---|
| **Follow Up Flag:** | Follow up |
| **Flag Status:** | Flagged |

Good evening, Mr. Nash,

We represent Plaintiffs and the putative classes in the above-reference action. A copy of the operative complaint is attached. I am reaching out to you with a Notice of Commencement of Action and Request for Waiver of Service (both forms attached). Please sign, date, and return the waiver so we may proceed with the litigation. Thank you.

Best,

Joseph M. Kaye, P.A.
Partner
**The Moskowitz Law Firm, PLLC**
P.O. Box 141609
Coral Gables, FL 33114
*For Hand Deliveries Use:*
251 Valencia Ave #141609
Coral Gables, FL 33114
Office: (305) 740-1423
Direct: (786) 309-9585

Note: The information in this email is confidential and intended to be legally privileged. If you are not the intended recipient, you must not read, use or disseminate the information contained herein; please advise the sender immediately by reply email and delete this message and any attachments without retaining a copy. Although this email and any attachments are believed to be free of any viruses or other defects that may affect any computer system into which it is received and opened, it is the responsibility of the recipient to ensure that it is virus-free and no responsibility is accepted by The Moskowitz Law Firm or the sender of this email for any loss or damage arising in any way from its use.

CIRCULAR 230 DISCLAIMER: The IRS now requires written advice (including electronic communications) regarding one or more Federal (i.e., United States) tax issues to meet certain standards. Those standards involve a detailed and careful analysis of the facts and applicable law which we expect would be time consuming and costly. We have not made and have not been asked to make that type of analysis in connection

1

| From: | Joseph Kaye |
|---|---|
| To: | erika@creatorsagency.co; erika@erikakullberg.com |
| Cc: | Adam Moskowitz; Rejane Passos; dboies@bsfllp.com; aboies@bsfllp.com; Jose Ferrer; Michelle Genet Bernstein; Stuart Grossman; Alex Arteaga-Gomez; Stephen N. Zack |
| Subject: | Re: Garrison, et al. v. Paffrath, et al. - No. 1:23-cv-21023-CMA - Request for Waiver of Service - Erika Kullberg |
| Date: | Friday, March 31, 2023 12:29:54 AM |
| Attachments: | 2023.03.31 - ERIKA KULLBERG - Garrison v. Paffrath - Waiver Request.pdf |
| | 2023.03.31 - ERIKA KULLBERG - Garrison v. Paffrath - Waiver Return.pdf |
| | Garrison v. Paffrath - 23-cv-21023 - D.E. 1 - Complaint.PDF |

Good evening, Ms. Kullberg,

We represent Plaintiffs and the putative classes in the above-reference action. A copy of the operative complaint is attached. I am reaching out to you with a Notice of Commencement of Action and Request for Waiver of Service (both forms attached). Please sign, date, and return the waiver so we may proceed with the litigation. Thank you.


Best,

Joseph M. Kaye, P.A.
Partner
**The Moskowitz Law Firm, PLLC**
P.O. Box 141609
Coral Gables, FL 33114
*For Hand Deliveries Use:*
251 Valencia Ave #141609
Coral Gables, FL 33114
Office: (305) 740-1423
Direct: (786) 309-9585

Note: The information in this email is confidential and intended to be legally privileged. If you are not the intended recipient, you must not read, use or disseminate the information contained herein; please advise the sender immediately by reply email and delete this message and any attachments without retaining a copy. Although this email and any attachments are believed to be free of any viruses or other defects that may affect any computer system into which it is received and opened, it is the responsibility of the recipient to ensure that it is virus-free and no responsibility is accepted by The Moskowitz Law Firm or the sender of this email for any loss or damage arising in any way from its use.

CIRCULAR 230 DISCLAIMER: The IRS now requires written advice (including electronic communications) regarding one or more Federal (i.e., United States) tax issues to meet certain standards. Those standards involve a detailed and careful analysis of the facts and applicable law which we expect would be time consuming and costly. We have not made and have not been asked to make that type of analysis in connection with any advice given

# Composite

# Exhibit B

# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF FLORIDA
### MIAMI DIVISION

### CASE NO. 23-21023-CIV-ALTONAGA/Damian

**EDWIN GARRISON**, *et al.,* on behalf of
themselves and all others similarly situated,

     *Plaintiffs,*

v.

**KEVIN PAFFRATH, GRAHAM STEPHAN,
ANDREI JIKH, JASPREET SINGH, BRIAN
JUNG, JEREMY LEFEBVRE, TOM NASH,
BEN ARMSTRONG, ERIKA KULLBERG,
CREATORS AGENCY, LLC,**

     *Defendants.*

_____/

## NOTICE OF TAKING THE VIDEOTAPED DEPOSITION OF
## DEFENDANT BEN ARMSTRONG

     Pursuant to Federal Rule of Civil Procedure 30, Plaintiff's counsel will take the deposition of the below-named person/entity on the date, time, and at the location indicated.

| | |
|---|---|
| **DEPONENT**: | Defendant Ben Armstrong |
| **DATE**: | June 19, 2023 |
| **TIME**: | 10:00am EST |
| **LOCATION**: | Zoom (contact counsel for details) |

     The aforesaid deposition will be before a court reporter, an officer authorized by law to administer oaths and take depositions in the State of Florida. The deposition is being taken for the purpose of discovery, for use at trial, or both, or for such other purposes as are permitted under the Federal and Local Rules of Civil Procedure.

*Edwin Garrison, et al. v. Kevin Paffrath, et al.*
*CASE NO. 23-21023-CIV-ALTONAGA/Damian*

Dated: May 17, 2023                    Respectfully submitted,

                                       **By: */s/ Adam Moskowitz*_____**
                                       Adam M. Moskowitz
                                       Florida Bar No. 984280
                                       adam@moskowitz-law.com
                                       Joseph M. Kaye
                                       Florida Bar No. 117520
                                       joseph@moskowitz-law.com
                                       **THE MOSKOWITZ LAW FIRM, PLLC**
                                       2 Alhambra Plaza, Suite 601
                                       Coral Gables, FL 33134
                                       Telephone: (305) 740-1423

                                       **By: */s/Stuart Z. Grossman***
                                       Stuart Z. Grossman
                                       Florida Bar No. 156113
                                       Manuel A. Arteaga-Gomez
                                       Florida Bar No. 18122
                                       **GROSSMAN ROTH YAFFA COHEN, P.A.**
                                       2525 Ponce de Leon Boulevard, Suite 1150
                                       Coral Gables, FL 33134
                                       Ph: 305-442-8666
                                       Fx: 305-285-1668
                                       szg@grossmanroth.com
                                       aag@grossmanroth.com

                                       **By: */s/ Stephen Neal Zack***
                                       Stephen Neal Zack
                                       Florida Bar No. 145215
                                       Tyler Ulrich
                                       Florida Bar No. 94705
                                       **BOIES SCHILLER FLEXNER LLP**
                                       100 SE 2nd St., Suite 2800
                                       Miami, FL 33131
                                       Office: 305-539-8400
                                       szack@bsfllp.com
                                       tulrich@bsfllp.com

                                       **By: */s/ Jose Ferrer***
                                       Jose Ferrer
                                       Florida Bar No. 173746
                                       Michelle Genet Bernstein
                                       Florida Bar No. 1030736
                                       **MARK MIGDAL HAYDEN LLP**
                                       8 SW 8th Street, Suite 1999

Miami, FL 33130
Office: 305-374-0440
jose@markmigdal.com
michelle@markmigdal.com
eservice@markmigdal.com

*Co-Counsel for Plaintiffs and the Class*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the forgoing was filed on May 17, 2023, via Court's CM/ECF system, which will send notification to all attorneys of record.

By: */s/ Adam M. Moskowitz*
    ADAM M. MOSKOWITZ

# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF FLORIDA
### MIAMI DIVISION
### CASE NO. 23-21023-CIV-ALTONAGA/Damian

**EDWIN GARRISON**, *et al.,* on behalf of
themselves and all others similarly situated,

      *Plaintiffs,*

*v.*

**KEVIN PAFFRATH, GRAHAM STEPHAN,
ANDREI JIKH, JASPREET SINGH, BRIAN
JUNG, JEREMY LEFEBVRE, TOM NASH,
BEN ARMSTRONG, ERIKA KULLBERG,
CREATORS AGENCY, LLC,**

      *Defendants.*

_____/

## PLAINTIFF'S FIRST SET OF SEVEN REQUESTS FOR PRODUCTION TO <u>DEFENDANT BEN ARMSTRONG</u>

      Plaintiff, pursuant to Fed. R. Civ. P. 26 and 34, requests that Defendant, Ben Armstrong

("Armstrong"), produce the documents requested in response to these seven requests.

      Dated: May 17, 2023                 Respectfully submitted,

                                       **By: */s/ Adam Moskowitz*** _____
                                       Adam M. Moskowitz
                                       Florida Bar No. 984280
                                       adam@moskowitz-law.com
                                       Joseph M. Kaye
                                         Florida Bar No. 117520
                                       joseph@moskowitz-law.com
                                       **THE MOSKOWITZ LAW FIRM, PLLC**
                                       2 Alhambra Plaza, Suite 601
                                       Coral Gables, FL 33134
                                       Telephone: (305) 740-1423

                                       **By: */s/Stuart Z. Grossman***
                                       Stuart Z. Grossman
                                         Florida Bar No. 156113
                                         Manuel A. Arteaga-Gomez

*Edwin Garrison, et al. v. Kevin Paffrath, et al.*
*CASE NO. 23-21023-CIV-ALTONAGA/Damian*

Florida Bar No. 18122
**GROSSMAN ROTH YAFFA COHEN, P.A.**
2525 Ponce de Leon Boulevard, Suite 1150
Coral Gables, FL 33134
Ph: 305-442-8666
Fx: 305-285-1668
szg@grossmanroth.com
aag@grossmanroth.com

By: */s/ Stephen Neal Zack*
Stephen Neal Zack
Florida Bar No. 145215
Tyler Ulrich
Florida Bar No. 94705
**BOIES SCHILLER FLEXNER LLP**
100 SE 2nd St., Suite 2800
Miami, FL 33131
Office: 305-539-8400
szack@bsfllp.com
tulrich@bsfllp.com

By: */s/ Jose Ferrer*
Jose Ferrer
Florida Bar No. 173746
Michelle Genet Bernstein
Florida Bar No. 1030736
**MARK MIGDAL HAYDEN LLP**
8 SW 8th Street, Suite 1999
Miami, FL 33130
Office: 305-374-0440
jose@markmigdal.com
michelle@markmigdal.com
eservice@markmigdal.com

*Co-Counsel for Plaintiffs and the Class*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on May 17, 2023, a true and correct copy of the foregoing was sent via electronic mail to counsel for Defendants.

By: */s/ Adam M. Moskowitz*
ADAM M. MOSKOWITZ

2

*Edwin Garrison, et al. v. Kevin Paffrath, et al.*
CASE NO. 23-21023-CIV-ALTONAGA/Damian

## DEFINITIONS AND INSTRUCTIONS

Unless otherwise specified, the terms set forth below have the following meanings:

1.      "Armstrong," "You," or "Your" means Defendant Ben Armstrong and any of his affiliates, representatives, or agents.

2.      "Co-Defendants" means any of the other Defendants sued in this Action, and any of their affiliates, subsidiaries, divisions, segments, predecessors, successors, officers, directors, employees, representatives, or agents.

3.      "FTX Entities" means West Realm Shires Services, Inc., FTX Trading Ltd, Blockfolio, Inc., Alameda Research, LLC, and any of their affiliates, subsidiaries, divisions, segments, predecessors, successors, officers, directors, employees, representatives, or agents.

4.      "FTX Platform" refers to the FTX Entities' mobile application and/or web-based cryptocurrency investment service that places cryptocurrency trade orders on behalf of users.

5.      "YBAs" refers to the Yield-Bearing Accounts offered by the FTX Entities on the FTX Platform.

6.      "FTT" refers to the native cryptocurrency exchange token of the FTX Platform ecosystem.

7.      "Document(s)" means any written, printed, typed or other graphic matter, of any kind or nature, whether in hard copy or electronic format, whether the original, draft, or a copy and copies bearing notations or marks not found on the original, including but not limited to memoranda, reports, recommendations, notes, letters, envelopes, post-its, emails, telegrams, messages, manuscripts, studies, analyses, tests, comparisons, books, articles, pamphlets, magazines, newspapers, booklets, circulars, bulletins, notices, instructions, minutes, agreements, contracts, and all other written communications, of any type, including inter and

intra-office communications, purchase orders, invoices, bills, receipts, questionnaires, surveys, charts, graphs, videos, photographs, sketches, drawings, house sheets, tapes, voice messages or other recordings, print-outs or compilations from which information can be obtained or, if necessary, translated through detection devices into reasonably usable form, including all underlying or preparatory materials and drafts thereof.

8.      Unless otherwise stated in a request, the time period for which you must respond is beginning in January 1, 2019 and ending at the present time.

9.      "Person" or "People" means any natural person(s) or any business, legal, or governmental entity (or entities) or association(s).

10.     All/Each – The terms "all" and "each" shall be construed as meaning either all or each as necessary to bring within the scope of the discovery request all responses that might otherwise be construed to be outside its scope.

11.     Objections: Where an objection is made to any request, the objection shall state with specificity all grounds. Any ground not stated in an objection within the time provided by the Federal Rules of Civil Procedure, or by the Court's order, or any extensions thereof, shall be waived.

12.     Whenever a reference to a business entity appears, the reference shall mean the business entity, its affiliated companies, partnerships, divisions, subdivisions, directors, officers, employees, agents, clients or other representatives of affiliated third parties.

## **INSTRUCTIONS**

1.      Production of documents and items requested herein shall be made at the offices of The Moskowitz Law Firm, P.O. Box 141609, Coral Gables, FL 33114, or for hand deliveries at 251 Valencia Ave #141609, Coral Gables, FL 33114, or via electronic mail to the email

*Edwin Garrison, et al. v. Kevin Paffrath, et al.*
*CASE NO. 23-21023-CIV-ALTONAGA/Damian*

addresses provided in the signature blocks of the attorneys serving these requests.

2.    These requests shall include all documents that are in the possession, custody or control of Defendant or in the possession, custody or control of the present or former agents, representatives, or attorneys of Defendant, or any and all persons acting on the behalf of Defendant, or its present or former agents, representatives, or attorneys.

3.    For any document covered by a request that is withheld from production, Defendant shall provide the following information in the form of a privilege log:

      a.    the reasons and facts supporting any withholding;

      b.    the date such document was prepared;

      c.    the names, employment positions and addresses of the author or preparers of such document;

      d.    the names, employment positions, and the addresses of each person who received such document;

      e.    the title and a brief description of the document; and

      f.    the number of the request under which such document would be produced but for the objection.

4.    If any document responsive to a request has been destroyed, produce all documents describing or referencing:

      a.    the contents of the lost or destroyed document;

      b.    all locations in which any copy of the lost or destroyed document had been maintained;

      c.    the date of such loss or destruction;

      d.    the name of each person who ordered, authorized, and carried out

the destruction of any responsive document;

e.    all document retention and destruction policies in effect at the time
any requested document was destroyed; and

f.    all efforts made to locate any responsive document alleged to have
been lost.

5.    In producing the documents requested, indicate the specific request(s) pursuant to which
document or group of documents is being produced.

6.    These requests should be deemed continuing, and supplemental productions should be
provided as additional documents become available.

7.    All documents are to be produced in the following method:

a)    Single page .TIFF

b)    Color .jpg (Documents wherein reflection of importance relies on color, shall be
produced in .jpg format)

c)    OCR at document level (All documents are to be provided with searchable text files
with the exception of the redacted portions of redacted documents)

d)    Electronic documents and Emails are to be processed and converted from the
electronic format to single page tiff

*Edwin Garrison, et al. v. Kevin Paffrath, et al.*
*CASE NO. 23-21023-CIV-ALTONAGA/Damian*

## <u>SEVEN REQUESTS FOR PRODUCTION</u>

***Please refer to the Definitions and Instructions when responding to these requests. To the extent that any of these requests seek information considered by Defendants to be confidential, Plaintiffs agree to enter into any reasonable confidentiality agreement with Defendants to protect such alleged confidential information.***

1.      All Documents and Communications, including contracts or agreements, regarding any business You (personally or through any entity owned by You, or any of Your or Your entities' affiliates, representatives, employees, or agents) conducted with the FTX Entities, including all documents and communications regarding any payments made to You (personally or to any entity owned by You, or any of Your or Your entities' affiliates, representatives, employees, or agents) in accordance with any such contract or agreement.

2.      All videos or other content You (personally or through any entity owned by You, or any of Your or Your entities' affiliates, representatives, employees, or agents) produced regarding, relating to, and/or mentioning the FTX platform, FTT, and/or YBAs, including videos or content that have been removed from their public-facing platforms.[1]

3.      All Documents and Communications, that show, evidence and/or relate to Defendant "targeting" Defendant's Florida audience, and Florida's FTX consumers.

4.      All Documents and Communications regarding any and all communications between You (personally or through any entity owned by You, or any of Your or Your entities'

---

[1] Any such videos and/or content either should still be saved on Defendants' hard drives and preserved for use in this litigation, or should still be on the private-facing portions of their social media platforms—for instance, Defendants could have set a video they posted on YouTube to "private" so it no longer is publicly viewable or searchable but is still posted on their account. "Spoliation is the destruction or significant alteration of evidence, or the failure to preserve property for another's use as evidence in pending or reasonably foreseeable litigation." *Graff v. Baja Marine Corp.*, 310 F. App'x 298, 301 (11th Cir. 2009). "The duty to preserve relevant evidence is triggered not only when litigation is pending, but also when it reasonably foreseeable to that party." *Title Cap. Mgmt., LLC v. Progress Residential, LLC*, No. 16-21882-CV, 2017 WL 5953428, at *4 (S.D. Fla. Sept. 29, 2017).

affiliates, representatives, employees, or agents) with the FTX Entities regarding promotion of FTT, YBAs or the FTX Platform.

5.      All Documents regarding any and all due diligence You (personally or through any entity owned by You, or any of Your or Your entities' affiliates, representatives, employees, or agents) conducted before promotion of FTT, YBAs or FTX Platform to the public.

6.      All Documents and Communications between You and any of the Co-Defendants in this Action regarding this lawsuit and/or the subject matter of this lawsuit, including the promotion of FTT, YBAs or the FTX Platform.

7.      All Documents that show, evidence and/or relate to Your purchases, ownership, or control of FTT, including any wallet addresses controlled by You related to your FTT holdings.

# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF FLORIDA
## MIAMI DIVISION

### CASE NO. 23-21023-CIV-ALTONAGA/Damian

**EDWIN GARRISON**, *et al.,* on behalf of
themselves and all others similarly situated,

     *Plaintiffs,*

v.

**KEVIN PAFFRATH, GRAHAM STEPHAN,
ANDREI JIKH, JASPREET SINGH, BRIAN
JUNG, JEREMY LEFEBVRE, TOM NASH,
BEN ARMSTRONG, ERIKA KULLBERG,
CREATORS AGENCY, LLC,**

     *Defendants.*

_____/

## <u>NOTICE OF TAKING THE VIDEOTAPED DEPOSITION OF</u>
## <u>DEFENDANT KEVIN PAFFRATH</u>

Pursuant to Federal Rule of Civil Procedure 30, Plaintiff's counsel will take the deposition of the below-named person/entity on the date, time, and at the location indicated.

| | |
|---|---|
| **DEPONENT**: | Defendant Kevin Paffrath |
| **DATE**: | June 20, 2023 |
| **TIME**: | 10:00am EST |
| **LOCATION**: | Zoom (contact counsel for details) |

The aforesaid deposition will be before a court reporter, an officer authorized by law to administer oaths and take depositions in the State of Florida. The deposition is being taken for the purpose of discovery, for use at trial, or both, or for such other purposes as are permitted under the Federal and Local Rules of Civil Procedure.

*Edwin Garrison, et al. v. Kevin Paffrath, et al.*
*CASE NO. 23-21023-CIV-ALTONAGA/Damian*

Dated: May 17, 2023

Respectfully submitted,

**By: */s/ Adam Moskowitz***
Adam M. Moskowitz
Florida Bar No. 984280
adam@moskowitz-law.com
Joseph M. Kaye
Florida Bar No. 117520
joseph@moskowitz-law.com
**THE MOSKOWITZ LAW FIRM, PLLC**
2 Alhambra Plaza, Suite 601
Coral Gables, FL 33134
Telephone: (305) 740-1423

**By: */s/Stuart Z. Grossman***
Stuart Z. Grossman
Florida Bar No. 156113
Manuel A. Arteaga-Gomez
Florida Bar No. 18122
**GROSSMAN ROTH YAFFA COHEN, P.A.**
2525 Ponce de Leon Boulevard, Suite 1150
Coral Gables, FL 33134
Ph: 305-442-8666
Fx: 305-285-1668
szg@grossmanroth.com
aag@grossmanroth.com

**By: */s/ Stephen Neal Zack***
Stephen Neal Zack
Florida Bar No. 145215
Tyler Ulrich
Florida Bar No. 94705
**BOIES SCHILLER FLEXNER LLP**
100 SE 2nd St., Suite 2800
Miami, FL 33131
Office: 305-539-8400
szack@bsfllp.com
tulrich@bsfllp.com

**By: */s/ Jose Ferrer***
Jose Ferrer
Florida Bar No. 173746
Michelle Genet Bernstein
Florida Bar No. 1030736
**MARK MIGDAL HAYDEN LLP**
8 SW 8th Street, Suite 1999

*Edwin Garrison, et al. v. Kevin Paffrath, et al.*
*CASE NO. 23-21023-CIV-ALTONAGA/Damian*

Miami, FL 33130
Office: 305-374-0440
jose@markmigdal.com
michelle@markmigdal.com
eservice@markmigdal.com

*Co-Counsel for Plaintiffs and the Class*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the forgoing was filed on May 17, 2023, via Court's CM/ECF system, which will send notification to all attorneys of record.

By: */s/ Adam M. Moskowitz*
ADAM M. MOSKOWITZ

# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF FLORIDA
## MIAMI DIVISION

### CASE NO. 23-21023-CIV-ALTONAGA/Damian

**EDWIN GARRISON**, *et al.,* on behalf of
themselves and all others similarly situated,

       *Plaintiffs,*

*v.*

**KEVIN PAFFRATH, GRAHAM STEPHAN,
ANDREI JIKH, JASPREET SINGH, BRIAN
JUNG, JEREMY LEFEBVRE, TOM NASH,
BEN ARMSTRONG, ERIKA KULLBERG,
CREATORS AGENCY, LLC,**

       *Defendants.*

_____/

## PLAINTIFF'S FIRST SET OF SEVEN REQUESTS FOR PRODUCTION TO DEFENDANT KEVIN PAFFRATH

       Plaintiff, pursuant to Fed. R. Civ. P. 26 and 34, requests that Defendant, Kevin Paffrath

("Paffrath"), produce the documents requested in response to these seven requests.

       Dated: May 17, 2023              Respectfully submitted,

                            **By: */s/ Adam Moskowitz*_____**
                            Adam M. Moskowitz
                            Florida Bar No. 984280
                            adam@moskowitz-law.com
                            Joseph M. Kaye
                            Florida Bar No. 117520
                            joseph@moskowitz-law.com
                            **THE MOSKOWITZ LAW FIRM, PLLC**
                            2 Alhambra Plaza, Suite 601
                            Coral Gables, FL 33134
                            Telephone: (305) 740-1423

                            **By: */s/Stuart Z. Grossman***
                            Stuart Z. Grossman
                            Florida Bar No. 156113
                            Manuel A. Arteaga-Gomez

Florida Bar No. 18122
**GROSSMAN ROTH YAFFA COHEN, P.A.**
2525 Ponce de Leon Boulevard, Suite 1150
Coral Gables, FL 33134
Ph: 305-442-8666
Fx: 305-285-1668
szg@grossmanroth.com
aag@grossmanroth.com

By: */s/ Stephen Neal Zack*
Stephen Neal Zack
Florida Bar No. 145215
Tyler Ulrich
Florida Bar No. 94705
**BOIES SCHILLER FLEXNER LLP**
100 SE 2nd St., Suite 2800
Miami, FL 33131
Office: 305-539-8400
szack@bsfllp.com
tulrich@bsfllp.com

By: */s/ Jose Ferrer*
Jose Ferrer
Florida Bar No. 173746
Michelle Genet Bernstein
Florida Bar No. 1030736
**MARK MIGDAL HAYDEN LLP**
8 SW 8th Street, Suite 1999
Miami, FL 33130
Office: 305-374-0440
jose@markmigdal.com
michelle@markmigdal.com
eservice@markmigdal.com

*Co-Counsel for Plaintiffs and the Class*

## **CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on May 17, 2023, a true and correct copy of the foregoing was

sent via electronic mail to counsel for Defendants.

By: */s/ Adam M. Moskowitz*
ADAM M. MOSKOWITZ

## <u>DEFINITIONS AND INSTRUCTIONS</u>

Unless otherwise specified, the terms set forth below have the following meanings:

1.     "Paffrath," "You," or "Your" means Defendant Kevin Paffrath and any of his affiliates, representatives, or agents.

2.     "Co-Defendants" means any of the other Defendants sued in this Action, and any of their affiliates, subsidiaries, divisions, segments, predecessors, successors, officers, directors, employees, representatives, or agents.

3.     "FTX Entities" means West Realm Shires Services, Inc., FTX Trading Ltd, Blockfolio, Inc., Alameda Research, LLC, and any of their affiliates, subsidiaries, divisions, segments, predecessors, successors, officers, directors, employees, representatives, or agents.

4.     "FTX Platform" refers to the FTX Entities' mobile application and/or web-based cryptocurrency investment service that places cryptocurrency trade orders on behalf of users.

5.     "YBAs" refers to the Yield-Bearing Accounts offered by the FTX Entities on the FTX Platform.

6.     "FTT" refers to the native cryptocurrency exchange token of the FTX Platform ecosystem.

7.     "Document(s)" means any written, printed, typed or other graphic matter, of any kind or nature, whether in hard copy or electronic format, whether the original, draft, or a copy and copies bearing notations or marks not found on the original, including but not limited to memoranda, reports, recommendations, notes, letters, envelopes, post-its, emails, telegrams, messages, manuscripts, studies, analyses, tests, comparisons, books, articles, pamphlets, magazines, newspapers, booklets, circulars, bulletins, notices, instructions, minutes, agreements, contracts, and all other written communications, of any type, including inter and

*Edwin Garrison, et al. v. Kevin Paffrath, et al.*
*CASE NO. 23-21023-CIV-ALTONAGA/Damian*

intra-office communications, purchase orders, invoices, bills, receipts, questionnaires, surveys, charts, graphs, videos, photographs, sketches, drawings, house sheets, tapes, voice messages or other recordings, print-outs or compilations from which information can be obtained or, if necessary, translated through detection devices into reasonably usable form, including all underlying or preparatory materials and drafts thereof.

8.      Unless otherwise stated in a request, the time period for which you must respond is beginning in January 1, 2019 and ending at the present time.

9.      "Person" or "People" means any natural person(s) or any business, legal, or governmental entity (or entities) or association(s).

10.     All/Each – The terms "all" and "each" shall be construed as meaning either all or each as necessary to bring within the scope of the discovery request all responses that might otherwise be construed to be outside its scope.

11.     Objections: Where an objection is made to any request, the objection shall state with specificity all grounds. Any ground not stated in an objection within the time provided by the Federal Rules of Civil Procedure, or by the Court's order, or any extensions thereof, shall be waived.

12.     Whenever a reference to a business entity appears, the reference shall mean the business entity, its affiliated companies, partnerships, divisions, subdivisions, directors, officers, employees, agents, clients or other representatives of affiliated third parties.

## **INSTRUCTIONS**

1.      Production of documents and items requested herein shall be made at the offices of The Moskowitz Law Firm, P.O. Box 141609, Coral Gables, FL 33114, or for hand deliveries at 251 Valencia Ave #141609, Coral Gables, FL 33114, or via electronic mail to the email

addresses provided in the signature blocks of the attorneys serving these requests.

2.      These requests shall include all documents that are in the possession, custody or control of Defendant or in the possession, custody or control of the present or former agents, representatives, or attorneys of Defendant, or any and all persons acting on the behalf of Defendant, or its present or former agents, representatives, or attorneys.

3.      For any document covered by a request that is withheld from production, Defendant shall provide the following information in the form of a privilege log:

        a.      the reasons and facts supporting any withholding;

        b.      the date such document was prepared;

        c.      the names, employment positions and addresses of the author or preparers of such document;

        d.      the names, employment positions, and the addresses of each person who received such document;

        e.      the title and a brief description of the document; and

        f.      the number of the request under which such document would be produced but for the objection.

4.      If any document responsive to a request has been destroyed, produce all documents describing or referencing:

        a.      the contents of the lost or destroyed document;

        b.      all locations in which any copy of the lost or destroyed document had been maintained;

        c.      the date of such loss or destruction;

        d.      the name of each person who ordered, authorized, and carried out

the destruction of any responsive document;

      e.      all document retention and destruction policies in effect at the time any requested document was destroyed; and

      f.      all efforts made to locate any responsive document alleged to have been lost.

5.     In producing the documents requested, indicate the specific request(s) pursuant to which document or group of documents is being produced.

6.     These requests should be deemed continuing, and supplemental productions should be provided as additional documents become available.

7.     All documents are to be produced in the following method:

    a)    Single page .TIFF

    b)    Color .jpg (Documents wherein reflection of importance relies on color, shall be produced in .jpg format)

    c)    OCR at document level (All documents are to be provided with searchable text files with the exception of the redacted portions of redacted documents)

    d)    Electronic documents and Emails are to be processed and converted from the electronic format to single page tiff

## <u>SEVEN REQUESTS FOR PRODUCTION</u>

***Please refer to the Definitions and Instructions when responding to these requests. To the extent that any of these requests seek information considered by Defendants to be confidential, Plaintiffs agree to enter into any reasonable confidentiality agreement with Defendants to protect such alleged confidential information.***

1. All Documents and Communications, including contracts or agreements, regarding any business You (personally or through any entity owned by You, or any of Your or Your entities' affiliates, representatives, employees, or agents) conducted with the FTX Entities, including all documents and communications regarding any payments made to You (personally or to any entity owned by You, or any of Your or Your entities' affiliates, representatives, employees, or agents) in accordance with any such contract or agreement.

2. All videos or other content You (personally or through any entity owned by You, or any of Your or Your entities' affiliates, representatives, employees, or agents) produced regarding, relating to, and/or mentioning the FTX platform, FTT, and/or YBAs, including videos or content that have been removed from their public-facing platforms.[1]

3. All Documents and Communications, that show, evidence and/or relate to Defendant "targeting" Defendant's Florida audience, and Florida's FTX consumers.

4. All Documents and Communications regarding any and all communications between You (personally or through any entity owned by You, or any of Your or Your entities'

---

[1] Any such videos and/or content either should still be saved on Defendants' hard drives and preserved for use in this litigation, or should still be on the private-facing portions of their social media platforms—for instance, Defendants could have set a video they posted on YouTube to "private" so it no longer is publicly viewable or searchable but is still posted on their account. "Spoliation is the destruction or significant alteration of evidence, or the failure to preserve property for another's use as evidence in pending or reasonably foreseeable litigation." *Graff v. Baja Marine Corp.*, 310 F. App'x 298, 301 (11th Cir. 2009). "The duty to preserve relevant evidence is triggered not only when litigation is pending, but also when it reasonably foreseeable to that party." *Title Cap. Mgmt., LLC v. Progress Residential, LLC*, No. 16-21882-CV, 2017 WL 5953428, at *4 (S.D. Fla. Sept. 29, 2017).

affiliates, representatives, employees, or agents) with the FTX Entities regarding promotion of FTT, YBAs or the FTX Platform.

5.      All Documents regarding any and all due diligence You (personally or through any entity owned by You, or any of Your or Your entities' affiliates, representatives, employees, or agents) conducted before promotion of FTT, YBAs or FTX Platform to the public.

6.      All Documents and Communications between You and any of the Co-Defendants in this Action regarding this lawsuit and/or the subject matter of this lawsuit, including the promotion of FTT, YBAs or the FTX Platform.

7.      All Documents that show, evidence and/or relate to Your purchases, ownership, or control of FTT, including any wallet addresses controlled by You related to your FTT holdings.

# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF FLORIDA
### MIAMI DIVISION

### CASE NO. 23-21023-CIV-ALTONAGA/Damian

**EDWIN GARRISON**, *et al.,* on behalf of
themselves and all others similarly situated,

     *Plaintiffs,*

*v.*

**KEVIN PAFFRATH, GRAHAM STEPHAN,
ANDREI JIKH, JASPREET SINGH, BRIAN
JUNG, JEREMY LEFEBVRE, TOM NASH,
BEN ARMSTRONG, ERIKA KULLBERG,
CREATORS AGENCY, LLC,**

     *Defendants.*

_____/

## <u>NOTICE OF TAKING THE VIDEOTAPED DEPOSITION OF</u>
## <u>DEFENDANT ANDREI JIKH</u>

Pursuant to Federal Rule of Civil Procedure 30, Plaintiff's counsel will take the deposition of the below-named person/entity on the date, time, and at the location indicated.

| | |
|---|---|
| **DEPONENT**: | Defendant Andre Jikh |
| **DATE**: | June 21, 2023 |
| **TIME**: | 10:00am EST |
| **LOCATION**: | Zoom (contact counsel for details) |

The aforesaid deposition will be before a court reporter, an officer authorized by law to administer oaths and take depositions in the State of Florida. The deposition is being taken for the purpose of discovery, for use at trial, or both, or for such other purposes as are permitted under the Federal and Local Rules of Civil Procedure.

*Edwin Garrison, et al. v. Kevin Paffrath, et al.*
*CASE NO. 23-21023-CIV-ALTONAGA/Damian*

Dated: May 17, 2023                                    Respectfully submitted,

By: */s/ Adam Moskowitz*
Adam M. Moskowitz
Florida Bar No. 984280
adam@moskowitz-law.com
Joseph M. Kaye
Florida Bar No. 117520
joseph@moskowitz-law.com
**THE MOSKOWITZ LAW FIRM, PLLC**
2 Alhambra Plaza, Suite 601
Coral Gables, FL 33134
Telephone: (305) 740-1423

By: */s/Stuart Z. Grossman*
Stuart Z. Grossman
Florida Bar No. 156113
Manuel A. Arteaga-Gomez
Florida Bar No. 18122
**GROSSMAN ROTH YAFFA COHEN, P.A.**
2525 Ponce de Leon Boulevard, Suite 1150
Coral Gables, FL 33134
Ph: 305-442-8666
Fx: 305-285-1668
szg@grossmanroth.com
aag@grossmanroth.com

By: */s/ Stephen Neal Zack*
Stephen Neal Zack
Florida Bar No. 145215
Tyler Ulrich
Florida Bar No. 94705
**BOIES SCHILLER FLEXNER LLP**
100 SE 2nd St., Suite 2800
Miami, FL 33131
Office: 305-539-8400
szack@bsfllp.com
tulrich@bsfllp.com

By: */s/ Jose Ferrer*
Jose Ferrer
Florida Bar No. 173746
Michelle Genet Bernstein
Florida Bar No. 1030736
**MARK MIGDAL HAYDEN LLP**
8 SW 8th Street, Suite 1999

*Edwin Garrison, et al. v. Kevin Paffrath, et al.*
*CASE NO. 23-21023-CIV-ALTONAGA/Damian*

Miami, FL 33130
Office: 305-374-0440
jose@markmigdal.com
michelle@markmigdal.com
eservice@markmigdal.com

*Co-Counsel for Plaintiffs and the Class*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the forgoing was filed on May 17,

2023, via Court's CM/ECF system, which will send notification to all attorneys of record.

By: */s/ Adam M. Moskowitz*
ADAM M. MOSKOWITZ

# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF FLORIDA
## MIAMI DIVISION

### CASE NO. 23-21023-CIV-ALTONAGA/Damian

**EDWIN GARRISON**, *et al.,* on behalf of
themselves and all others similarly situated,

     *Plaintiffs,*

*v.*

**KEVIN PAFFRATH, GRAHAM STEPHAN,
ANDREI JIKH, JASPREET SINGH, BRIAN
JUNG, JEREMY LEFEBVRE, TOM NASH,
BEN ARMSTRONG, ERIKA KULLBERG,
CREATORS AGENCY, LLC,**

     *Defendants.*

_____/

### PLAINTIFF'S FIRST SET OF SEVEN REQUESTS FOR PRODUCTION TO
### <u>DEFENDANT ANDREI JIKH</u>

     Plaintiff, pursuant to Fed. R. Civ. P. 26 and 34, requests that Defendant, Andrei Jikh

("Jikh"), produce the documents requested in response to these seven requests.

     Dated: May 17, 2023            Respectfully submitted,

                                   **By: */s/ Adam Moskowitz*** _____
                                   Adam M. Moskowitz
                                   Florida Bar No. 984280
                                   adam@moskowitz-law.com
                                   Joseph M. Kaye
                                   Florida Bar No. 117520
                                   joseph@moskowitz-law.com
                                   **THE MOSKOWITZ LAW FIRM, PLLC**
                                   2 Alhambra Plaza, Suite 601
                                   Coral Gables, FL 33134
                                   Telephone: (305) 740-1423

                                   **By: */s/Stuart Z. Grossman***
                                   Stuart Z. Grossman
                                   Florida Bar No. 156113
                                   Manuel A. Arteaga-Gomez

*Edwin Garrison, et al. v. Kevin Paffrath, et al.*
*CASE NO. 23-21023-CIV-ALTONAGA/Damian*

Florida Bar No. 18122
**GROSSMAN ROTH YAFFA COHEN, P.A.**
2525 Ponce de Leon Boulevard, Suite 1150
Coral Gables, FL 33134
Ph: 305-442-8666
Fx: 305-285-1668
szg@grossmanroth.com
aag@grossmanroth.com

By: */s/ Stephen Neal Zack*
Stephen Neal Zack
Florida Bar No. 145215
Tyler Ulrich
Florida Bar No. 94705
**BOIES SCHILLER FLEXNER LLP**
100 SE 2nd St., Suite 2800
Miami, FL 33131
Office: 305-539-8400
szack@bsfllp.com
tulrich@bsfllp.com

By: */s/ Jose Ferrer*
Jose Ferrer
Florida Bar No. 173746
Michelle Genet Bernstein
Florida Bar No. 1030736
**MARK MIGDAL HAYDEN LLP**
8 SW 8th Street, Suite 1999
Miami, FL 33130
Office: 305-374-0440
jose@markmigdal.com
michelle@markmigdal.com
eservice@markmigdal.com

*Co-Counsel for Plaintiffs and the Class*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on May 17, 2023, a true and correct copy of the foregoing was sent via electronic mail to counsel for Defendants.

By: */s/ Adam M. Moskowitz*
ADAM M. MOSKOWITZ

*Edwin Garrison, et al. v. Kevin Paffrath, et al.*
*CASE NO. 23-21023-CIV-ALTONAGA/Damian*

## <u>DEFINITIONS AND INSTRUCTIONS</u>

Unless otherwise specified, the terms set forth below have the following meanings:

1.      "Jikh," "You," or "Your" means Defendant Andrei Jikh and any of his affiliates, representatives, or agents.

2.      "Co-Defendants" means any of the other Defendants sued in this Action, and any of their affiliates, subsidiaries, divisions, segments, predecessors, successors, officers, directors, employees, representatives, or agents.

3.      "FTX Entities" means West Realm Shires Services, Inc., FTX Trading Ltd, Blockfolio, Inc., Alameda Research, LLC, and any of their affiliates, subsidiaries, divisions, segments, predecessors, successors, officers, directors, employees, representatives, or agents.

4.      "FTX Platform" refers to the FTX Entities' mobile application and/or web-based cryptocurrency investment service that places cryptocurrency trade orders on behalf of users.

5.      "YBAs" refers to the Yield-Bearing Accounts offered by the FTX Entities on the FTX Platform.

6.      "FTT" refers to the native cryptocurrency exchange token of the FTX Platform ecosystem.

7.      "Document(s)" means any written, printed, typed or other graphic matter, of any kind or nature, whether in hard copy or electronic format, whether the original, draft, or a copy and copies bearing notations or marks not found on the original, including but not limited to memoranda, reports, recommendations, notes, letters, envelopes, post-its, emails, telegrams, messages, manuscripts, studies, analyses, tests, comparisons, books, articles, pamphlets, magazines, newspapers, booklets, circulars, bulletins, notices, instructions, minutes, agreements, contracts, and all other written communications, of any type, including inter and

*Edwin Garrison, et al. v. Kevin Paffrath, et al.*
CASE NO. 23-21023-CIV-ALTONAGA/Damian

intra-office communications, purchase orders, invoices, bills, receipts, questionnaires, surveys, charts, graphs, videos, photographs, sketches, drawings, house sheets, tapes, voice messages or other recordings, print-outs or compilations from which information can be obtained or, if necessary, translated through detection devices into reasonably usable form, including all underlying or preparatory materials and drafts thereof.

8.     Unless otherwise stated in a request, the time period for which you must respond is beginning in January 1, 2019 and ending at the present time.

9.     "Person" or "People" means any natural person(s) or any business, legal, or governmental entity (or entities) or association(s).

10.    All/Each – The terms "all" and "each" shall be construed as meaning either all or each as necessary to bring within the scope of the discovery request all responses that might otherwise be construed to be outside its scope.

11.    Objections: Where an objection is made to any request, the objection shall state with specificity all grounds. Any ground not stated in an objection within the time provided by the Federal Rules of Civil Procedure, or by the Court's order, or any extensions thereof, shall be waived.

12.    Whenever a reference to a business entity appears, the reference shall mean the business entity, its affiliated companies, partnerships, divisions, subdivisions, directors, officers, employees, agents, clients or other representatives of affiliated third parties.

## **INSTRUCTIONS**

1.   Production of documents and items requested herein shall be made at the offices of The Moskowitz Law Firm, P.O. Box 141609, Coral Gables, FL 33114, or for hand deliveries at 251 Valencia Ave #141609, Coral Gables, FL 33114, or via electronic mail to the email

addresses provided in the signature blocks of the attorneys serving these requests.

2.    These requests shall include all documents that are in the possession, custody or control of Defendant or in the possession, custody or control of the present or former agents, representatives, or attorneys of Defendant, or any and all persons acting on the behalf of Defendant, or its present or former agents, representatives, or attorneys.

3.    For any document covered by a request that is withheld from production, Defendant shall provide the following information in the form of a privilege log:

      a.    the reasons and facts supporting any withholding;

      b.    the date such document was prepared;

      c.    the names, employment positions and addresses of the author or preparers of such document;

      d.    the names, employment positions, and the addresses of each person who received such document;

      e.    the title and a brief description of the document; and

      f.    the number of the request under which such document would be produced but for the objection.

4.    If any document responsive to a request has been destroyed, produce all documents describing or referencing:

      a.    the contents of the lost or destroyed document;

      b.    all locations in which any copy of the lost or destroyed document had been maintained;

      c.    the date of such loss or destruction;

      d.    the name of each person who ordered, authorized, and carried out

the destruction of any responsive document;

e.  all document retention and destruction policies in effect at the time any requested document was destroyed; and

f.  all efforts made to locate any responsive document alleged to have been lost.

5. In producing the documents requested, indicate the specific request(s) pursuant to which document or group of documents is being produced.

6. These requests should be deemed continuing, and supplemental productions should be provided as additional documents become available.

7. All documents are to be produced in the following method:

a) Single page .TIFF

b) Color .jpg (Documents wherein reflection of importance relies on color, shall be produced in .jpg format)

c) OCR at document level (All documents are to be provided with searchable text files with the exception of the redacted portions of redacted documents)

d) Electronic documents and Emails are to be processed and converted from the electronic format to single page tiff

## <u>SEVEN REQUESTS FOR PRODUCTION</u>

***Please refer to the Definitions and Instructions when responding to these requests. To the extent that any of these requests seek information considered by Defendants to be confidential, Plaintiffs agree to enter into any reasonable confidentiality agreement with Defendants to protect such alleged confidential information.***

1.      All Documents and Communications, including contracts or agreements, regarding any business You (personally or through any entity owned by You, or any of Your or Your entities' affiliates, representatives, employees, or agents) conducted with the FTX Entities, including all documents and communications regarding any payments made to You (personally or to any entity owned by You, or any of Your or Your entities' affiliates, representatives, employees, or agents) in accordance with any such contract or agreement.

2.      All videos or other content You (personally or through any entity owned by You, or any of Your or Your entities' affiliates, representatives, employees, or agents) produced regarding, relating to, and/or mentioning the FTX platform, FTT, and/or YBAs, including videos or content that have been removed from their public-facing platforms.[1]

3.      All Documents and Communications, that show, evidence and/or relate to Defendant "targeting" Defendant's Florida audience, and Florida's FTX consumers.

4.      All Documents and Communications regarding any and all communications between You (personally or through any entity owned by You, or any of Your or Your entities'

---

[1] Any such videos and/or content either should still be saved on Defendants' hard drives and preserved for use in this litigation, or should still be on the private-facing portions of their social media platforms—for instance, Defendants could have set a video they posted on YouTube to "private" so it no longer is publicly viewable or searchable but is still posted on their account. "Spoliation is the destruction or significant alteration of evidence, or the failure to preserve property for another's use as evidence in pending or reasonably foreseeable litigation." *Graff v. Baja Marine Corp.*, 310 F. App'x 298, 301 (11th Cir. 2009). "The duty to preserve relevant evidence is triggered not only when litigation is pending, but also when it reasonably foreseeable to that party." *Title Cap. Mgmt., LLC v. Progress Residential, LLC*, No. 16-21882-CV, 2017 WL 5953428, at *4 (S.D. Fla. Sept. 29, 2017).

affiliates, representatives, employees, or agents) with the FTX Entities regarding promotion of FTT, YBAs or the FTX Platform.

      5.     All Documents regarding any and all due diligence You (personally or through any entity owned by You, or any of Your or Your entities' affiliates, representatives, employees, or agents) conducted before promotion of FTT, YBAs or FTX Platform to the public.

      6.     All Documents and Communications between You and any of the Co-Defendants in this Action regarding this lawsuit and/or the subject matter of this lawsuit, including the promotion of FTT, YBAs or the FTX Platform.

      7.     All Documents that show, evidence and/or relate to Your purchases, ownership, or control of FTT, including any wallet addresses controlled by You related to your FTT holdings.

# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF FLORIDA
## MIAMI DIVISION

### CASE NO. 23-21023-CIV-ALTONAGA/Damian

**EDWIN GARRISON**, *et al.,* on behalf of
themselves and all others similarly situated,

     *Plaintiffs,*

*v.*

**KEVIN PAFFRATH, GRAHAM STEPHAN,
ANDREI JIKH, JASPREET SINGH, BRIAN
JUNG, JEREMY LEFEBVRE, TOM NASH,
BEN ARMSTRONG, ERIKA KULLBERG,
CREATORS AGENCY, LLC,**

     *Defendants.*

_____/

## NOTICE OF TAKING THE VIDEOTAPED DEPOSITION OF
## DEFENDANT GRAHAM STEPHAN

     Pursuant to Federal Rule of Civil Procedure 30, Plaintiff's counsel will take the deposition of the below-named person/entity on the date, time, and at the location indicated.

| | |
|---|---|
| **DEPONENT**: | Defendant Graham Stephan |
| **DATE**: | June 22, 2023 |
| **TIME**: | 10:00am EST |
| **LOCATION**: | Zoom (contact counsel for details) |

     The aforesaid deposition will be before a court reporter, an officer authorized by law to administer oaths and take depositions in the State of Florida.  The deposition is being taken for the purpose of discovery, for use at trial, or both, or for such other purposes as are permitted under the Federal and Local Rules of Civil Procedure.

*Edwin Garrison, et al. v. Kevin Paffrath, et al.*
*CASE NO. 23-21023-CIV-ALTONAGA/Damian*

Dated: May 17, 2023                    Respectfully submitted,

                                                  **By: */s/ Adam Moskowitz***
Adam M. Moskowitz
Florida Bar No. 984280
adam@moskowitz-law.com
Joseph M. Kaye
Florida Bar No. 117520
joseph@moskowitz-law.com
**THE MOSKOWITZ LAW FIRM, PLLC**
2 Alhambra Plaza, Suite 601
Coral Gables, FL 33134
Telephone: (305) 740-1423

**By: */s/Stuart Z. Grossman***
Stuart Z. Grossman
Florida Bar No. 156113
Manuel A. Arteaga-Gomez
Florida Bar No. 18122
**GROSSMAN ROTH YAFFA COHEN, P.A.**
2525 Ponce de Leon Boulevard, Suite 1150
Coral Gables, FL 33134
Ph: 305-442-8666
Fx: 305-285-1668
szg@grossmanroth.com
aag@grossmanroth.com

**By: */s/ Stephen Neal Zack***
Stephen Neal Zack
Florida Bar No. 145215
Tyler Ulrich
Florida Bar No. 94705
**BOIES SCHILLER FLEXNER LLP**
100 SE 2nd St., Suite 2800
Miami, FL 33131
Office: 305-539-8400
szack@bsfllp.com
tulrich@bsfllp.com

**By: */s/ Jose Ferrer***
Jose Ferrer
Florida Bar No. 173746
Michelle Genet Bernstein
Florida Bar No. 1030736
**MARK MIGDAL HAYDEN LLP**
8 SW 8th Street, Suite 1999

*Edwin Garrison, et al. v. Kevin Paffrath, et al.*
*CASE NO. 23-21023-CIV-ALTONAGA/Damian*

Miami, FL 33130
Office: 305-374-0440
jose@markmigdal.com
michelle@markmigdal.com
eservice@markmigdal.com

*Co-Counsel for Plaintiffs and the Class*

**<u>CERTIFICATE OF SERVICE</u>**

I HEREBY CERTIFY that a true and correct copy of the forgoing was filed on May 17,

2023, via Court's CM/ECF system, which will send notification to all attorneys of record.


By: */s/ Adam M. Moskowitz*
ADAM M. MOSKOWITZ

3

# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF FLORIDA
## MIAMI DIVISION
### CASE NO. 23-21023-CIV-ALTONAGA/Damian

**EDWIN GARRISON**, *et al.,* on behalf of
themselves and all others similarly situated,

      *Plaintiffs,*

*v.*

**KEVIN PAFFRATH, GRAHAM STEPHAN,
ANDREI JIKH, JASPREET SINGH, BRIAN
JUNG, JEREMY LEFEBVRE, TOM NASH,
BEN ARMSTRONG, ERIKA KULLBERG,
CREATORS AGENCY, LLC,**

      *Defendants.*

_____/

## PLAINTIFF'S FIRST SET OF SEVEN REQUESTS FOR PRODUCTION TO <u>DEFENDANT GRAHAM STEPHAN</u>

      Plaintiff, pursuant to Fed. R. Civ. P. 26 and 34, requests that Defendant, Graham Stephan

("Stephan"), produce the documents requested in response to these seven requests.

      Dated: May 17, 2023             Respectfully submitted,

                                    **By: */s/ Adam Moskowitz*** _____
                                    Adam M. Moskowitz
                                    Florida Bar No. 984280
                                    adam@moskowitz-law.com
                                    Joseph M. Kaye
                                    Florida Bar No. 117520
                                    joseph@moskowitz-law.com
                                    **THE MOSKOWITZ LAW FIRM, PLLC**
                                    2 Alhambra Plaza, Suite 601
                                    Coral Gables, FL 33134
                                    Telephone: (305) 740-1423

                                    **By: */s/Stuart Z. Grossman***
                                    Stuart Z. Grossman
                                    Florida Bar No. 156113
                                    Manuel A. Arteaga-Gomez

Florida Bar No. 18122
**GROSSMAN ROTH YAFFA COHEN, P.A.**
2525 Ponce de Leon Boulevard, Suite 1150
Coral Gables, FL 33134
Ph: 305-442-8666
Fx: 305-285-1668
szg@grossmanroth.com
aag@grossmanroth.com

By: */s/ Stephen Neal Zack*
Stephen Neal Zack
Florida Bar No. 145215
Tyler Ulrich
Florida Bar No. 94705
**BOIES SCHILLER FLEXNER LLP**
100 SE 2nd St., Suite 2800
Miami, FL 33131
Office: 305-539-8400
szack@bsfllp.com
tulrich@bsfllp.com

By: */s/ Jose Ferrer*
Jose Ferrer
Florida Bar No. 173746
Michelle Genet Bernstein
Florida Bar No. 1030736
**MARK MIGDAL HAYDEN LLP**
8 SW 8th Street, Suite 1999
Miami, FL 33130
Office: 305-374-0440
jose@markmigdal.com
michelle@markmigdal.com
eservice@markmigdal.com

*Co-Counsel for Plaintiffs and the Class*

**<u>CERTIFICATE OF SERVICE</u>**

I HEREBY CERTIFY that on May 17, 2023, a true and correct copy of the foregoing was sent via electronic mail to counsel for Defendants.

By: */s/ Adam M. Moskowitz*
ADAM M. MOSKOWITZ

*Edwin Garrison, et al. v. Kevin Paffrath, et al.*
*CASE NO. 23-21023-CIV-ALTONAGA/Damian*

## <u>DEFINITIONS AND INSTRUCTIONS</u>

Unless otherwise specified, the terms set forth below have the following meanings:

1.      "Stephan," "You," or "Your" means Defendant Graham Stephan and any of his affiliates, representatives, or agents.

2.      "Co-Defendants" means any of the other Defendants sued in this Action, and any of their affiliates, subsidiaries, divisions, segments, predecessors, successors, officers, directors, employees, representatives, or agents.

3.      "FTX Entities" means West Realm Shires Services, Inc., FTX Trading Ltd, Blockfolio, Inc., Alameda Research, LLC, and any of their affiliates, subsidiaries, divisions, segments, predecessors, successors, officers, directors, employees, representatives, or agents.

4.      "FTX Platform" refers to the FTX Entities' mobile application and/or web-based cryptocurrency investment service that places cryptocurrency trade orders on behalf of users.

5.      "YBAs" refers to the Yield-Bearing Accounts offered by the FTX Entities on the FTX Platform.

6.      "FTT" refers to the native cryptocurrency exchange token of the FTX Platform ecosystem.

7.      "Document(s)" means any written, printed, typed or other graphic matter, of any kind or nature, whether in hard copy or electronic format, whether the original, draft, or a copy and copies bearing notations or marks not found on the original, including but not limited to memoranda, reports, recommendations, notes, letters, envelopes, post-its, emails, telegrams, messages, manuscripts, studies, analyses, tests, comparisons, books, articles, pamphlets, magazines, newspapers, booklets, circulars, bulletins, notices, instructions, minutes, agreements, contracts, and all other written communications, of any type, including inter and

intra-office communications, purchase orders, invoices, bills, receipts, questionnaires, surveys, charts, graphs, videos, photographs, sketches, drawings, house sheets, tapes, voice messages or other recordings, print-outs or compilations from which information can be obtained or, if necessary, translated through detection devices into reasonably usable form, including all underlying or preparatory materials and drafts thereof.

8.      Unless otherwise stated in a request, the time period for which you must respond is beginning in January 1, 2019 and ending at the present time.

9.      "Person" or "People" means any natural person(s) or any business, legal, or governmental entity (or entities) or association(s).

10.     All/Each – The terms "all" and "each" shall be construed as meaning either all or each as necessary to bring within the scope of the discovery request all responses that might otherwise be construed to be outside its scope.

11.     Objections: Where an objection is made to any request, the objection shall state with specificity all grounds. Any ground not stated in an objection within the time provided by the Federal Rules of Civil Procedure, or by the Court's order, or any extensions thereof, shall be waived.

12.     Whenever a reference to a business entity appears, the reference shall mean the business entity, its affiliated companies, partnerships, divisions, subdivisions, directors, officers, employees, agents, clients or other representatives of affiliated third parties.

## **INSTRUCTIONS**

1.      Production of documents and items requested herein shall be made at the offices of The Moskowitz Law Firm, P.O. Box 141609, Coral Gables, FL 33114, or for hand deliveries at 251 Valencia Ave #141609, Coral Gables, FL 33114, or via electronic mail to the email

addresses provided in the signature blocks of the attorneys serving these requests.

2.      These requests shall include all documents that are in the possession, custody or control of Defendant or in the possession, custody or control of the present or former agents, representatives, or attorneys of Defendant, or any and all persons acting on the behalf of Defendant, or its present or former agents, representatives, or attorneys.

3.      For any document covered by a request that is withheld from production, Defendant shall provide the following information in the form of a privilege log:

   a.      the reasons and facts supporting any withholding;

   b.      the date such document was prepared;

   c.      the names, employment positions and addresses of the author or preparers of such document;

   d.      the names, employment positions, and the addresses of each person who received such document;

   e.      the title and a brief description of the document; and

   f.      the number of the request under which such document would be produced but for the objection.

4.      If any document responsive to a request has been destroyed, produce all documents describing or referencing:

   a.      the contents of the lost or destroyed document;

   b.      all locations in which any copy of the lost or destroyed document had been maintained;

   c.      the date of such loss or destruction;

   d.      the name of each person who ordered, authorized, and carried out

the destruction of any responsive document;

    e.    all document retention and destruction policies in effect at the time any requested document was destroyed; and

    f.    all efforts made to locate any responsive document alleged to have been lost.

5.    In producing the documents requested, indicate the specific request(s) pursuant to which document or group of documents is being produced.

6.    These requests should be deemed continuing, and supplemental productions should be provided as additional documents become available.

7.    All documents are to be produced in the following method:

    a)    Single page .TIFF

    b)    Color .jpg (Documents wherein reflection of importance relies on color, shall be produced in .jpg format)

    c)    OCR at document level (All documents are to be provided with searchable text files with the exception of the redacted portions of redacted documents)

    d)    Electronic documents and Emails are to be processed and converted from the electronic format to single page tiff

## <u>SEVEN REQUESTS FOR PRODUCTION</u>

***Please refer to the Definitions and Instructions when responding to these requests. To the extent that any of these requests seek information considered by Defendants to be confidential, Plaintiffs agree to enter into any reasonable confidentiality agreement with Defendants to protect such alleged confidential information.***

1.     All Documents and Communications, including contracts or agreements, regarding any business You (personally or through any entity owned by You, or any of Your or Your entities' affiliates, representatives, employees, or agents) conducted with the FTX Entities, including all documents and communications regarding any payments made to You (personally or to any entity owned by You, or any of Your or Your entities' affiliates, representatives, employees, or agents) in accordance with any such contract or agreement.

2.     All videos or other content You (personally or through any entity owned by You, or any of Your or Your entities' affiliates, representatives, employees, or agents) produced regarding, relating to, and/or mentioning the FTX platform, FTT, and/or YBAs, including videos or content that have been removed from their public-facing platforms.[1]

3.     All Documents and Communications, that show, evidence and/or relate to Defendant "targeting" Defendant's Florida audience, and Florida's FTX consumers.

4.     All Documents and Communications regarding any and all communications between You (personally or through any entity owned by You, or any of Your or Your entities'

---

[1] Any such videos and/or content either should still be saved on Defendants' hard drives and preserved for use in this litigation, or should still be on the private-facing portions of their social media platforms—for instance, Defendants could have set a video they posted on YouTube to "private" so it no longer is publicly viewable or searchable but is still posted on their account. "Spoliation is the destruction or significant alteration of evidence, or the failure to preserve property for another's use as evidence in pending or reasonably foreseeable litigation." *Graff v. Baja Marine Corp.*, 310 F. App'x 298, 301 (11th Cir. 2009). "The duty to preserve relevant evidence is triggered not only when litigation is pending, but also when it reasonably foreseeable to that party." *Title Cap. Mgmt., LLC v. Progress Residential, LLC*, No. 16-21882-CV, 2017 WL 5953428, at *4 (S.D. Fla. Sept. 29, 2017).

affiliates, representatives, employees, or agents) with the FTX Entities regarding promotion of FTT, YBAs or the FTX Platform.

5.      All Documents regarding any and all due diligence You (personally or through any entity owned by You, or any of Your or Your entities' affiliates, representatives, employees, or agents) conducted before promotion of FTT, YBAs or FTX Platform to the public.

6.      All Documents and Communications between You and any of the Co-Defendants in this Action regarding this lawsuit and/or the subject matter of this lawsuit, including the promotion of FTT, YBAs or the FTX Platform.

7.      All Documents that show, evidence and/or relate to Your purchases, ownership, or control of FTT, including any wallet addresses controlled by You related to your FTT holdings.

# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF FLORIDA
### MIAMI DIVISION

### CASE NO. 23-21023-CIV-ALTONAGA/Damian

**EDWIN GARRISON**, *et al.,* on behalf of
themselves and all others similarly situated,

     *Plaintiffs,*

*v.*

**KEVIN PAFFRATH, GRAHAM STEPHAN,
ANDREI JIKH, JASPREET SINGH, BRIAN
JUNG, JEREMY LEFEBVRE, TOM NASH,
BEN ARMSTRONG, ERIKA KULLBERG,
CREATORS AGENCY, LLC,**

     *Defendants.*

_____/

## <u>NOTICE OF TAKING THE VIDEOTAPED DEPOSITION OF</u>
## <u>DEFENDANT JASPREET SINGH</u>

     Pursuant to Federal Rule of Civil Procedure 30, Plaintiff's counsel will take the deposition
of the below-named person/entity on the date, time, and at the location indicated.

     **DEPONENT**:    Defendant Jaspreet Singh

     **DATE**:    June 23, 2023

     **TIME**:    10:00am EST

     **LOCATION**:    Zoom (contact counsel for details)

     The aforesaid deposition will be before a court reporter, an officer authorized by law to
administer oaths and take depositions in the State of Florida.  The deposition is being taken for the
purpose of discovery, for use at trial, or both, or for such other purposes as are permitted under the
Federal and Local Rules of Civil Procedure.

*Edwin Garrison, et al. v. Kevin Paffrath, et al.*
*CASE NO. 23-21023-CIV-ALTONAGA/Damian*

Dated: May 17, 2023                    Respectfully submitted,

By: */s/ Adam Moskowitz*
Adam M. Moskowitz
Florida Bar No. 984280
adam@moskowitz-law.com
Joseph M. Kaye
Florida Bar No. 117520
joseph@moskowitz-law.com
**THE MOSKOWITZ LAW FIRM, PLLC**
2 Alhambra Plaza, Suite 601
Coral Gables, FL 33134
Telephone: (305) 740-1423

By: */s/Stuart Z. Grossman*
Stuart Z. Grossman
Florida Bar No. 156113
Manuel A. Arteaga-Gomez
Florida Bar No. 18122
**GROSSMAN ROTH YAFFA COHEN, P.A.**
2525 Ponce de Leon Boulevard, Suite 1150
Coral Gables, FL 33134
Ph: 305-442-8666
Fx: 305-285-1668
szg@grossmanroth.com
aag@grossmanroth.com

By: */s/ Stephen Neal Zack*
Stephen Neal Zack
Florida Bar No. 145215
Tyler Ulrich
Florida Bar No. 94705
**BOIES SCHILLER FLEXNER LLP**
100 SE 2nd St., Suite 2800
Miami, FL 33131
Office: 305-539-8400
szack@bsfllp.com
tulrich@bsfllp.com

By: */s/ Jose Ferrer*
Jose Ferrer
Florida Bar No. 173746
Michelle Genet Bernstein
Florida Bar No. 1030736
**MARK MIGDAL HAYDEN LLP**
8 SW 8th Street, Suite 1999

*Edwin Garrison, et al. v. Kevin Paffrath, et al.*
*CASE NO. 23-21023-CIV-ALTONAGA/Damian*

Miami, FL 33130
Office: 305-374-0440
jose@markmigdal.com
michelle@markmigdal.com
eservice@markmigdal.com

*Co-Counsel for Plaintiffs and the Class*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the forgoing was filed on May 17,

2023, via Court's CM/ECF system, which will send notification to all attorneys of record.

By: */s/ Adam M. Moskowitz*
ADAM M. MOSKOWITZ

# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF FLORIDA
## MIAMI DIVISION

### CASE NO. 23-21023-CIV-ALTONAGA/Damian

**EDWIN GARRISON**, *et al.,* on behalf of
themselves and all others similarly situated,

     *Plaintiffs,*

v.

**KEVIN PAFFRATH, GRAHAM STEPHAN, ANDREI JIKH, JASPREET SINGH, BRIAN JUNG, JEREMY LEFEBVRE, TOM NASH, BEN ARMSTRONG, ERIKA KULLBERG, CREATORS AGENCY, LLC,**

     *Defendants.*

_____/

## PLAINTIFF'S FIRST SET OF SEVEN REQUESTS FOR PRODUCTION TO DEFENDANT JASPREET SINGH

Plaintiff, pursuant to Fed. R. Civ. P. 26 and 34, requests that Defendant, Jaspreet Singh

("Singh"), produce the documents requested in response to these seven requests.

Dated: May 17, 2023            Respectfully submitted,

                        **By: */s/ Adam Moskowitz*** _____
                        Adam M. Moskowitz
                        Florida Bar No. 984280
                        adam@moskowitz-law.com
                        Joseph M. Kaye
                        Florida Bar No. 117520
                        joseph@moskowitz-law.com
                        **THE MOSKOWITZ LAW FIRM, PLLC**
                        2 Alhambra Plaza, Suite 601
                        Coral Gables, FL 33134
                        Telephone: (305) 740-1423

                        **By: */s/Stuart Z. Grossman***
                        Stuart Z. Grossman
                        Florida Bar No. 156113
                        Manuel A. Arteaga-Gomez

Florida Bar No. 18122
**GROSSMAN ROTH YAFFA COHEN, P.A.**
2525 Ponce de Leon Boulevard, Suite 1150
Coral Gables, FL 33134
Ph: 305-442-8666
Fx: 305-285-1668
szg@grossmanroth.com
aag@grossmanroth.com

By: */s/ Stephen Neal Zack*
Stephen Neal Zack
Florida Bar No. 145215
Tyler Ulrich
Florida Bar No. 94705
**BOIES SCHILLER FLEXNER LLP**
100 SE 2nd St., Suite 2800
Miami, FL 33131
Office: 305-539-8400
szack@bsfllp.com
tulrich@bsfllp.com

By: */s/ Jose Ferrer*
Jose Ferrer
Florida Bar No. 173746
Michelle Genet Bernstein
Florida Bar No. 1030736
**MARK MIGDAL HAYDEN LLP**
8 SW 8th Street, Suite 1999
Miami, FL 33130
Office: 305-374-0440
jose@markmigdal.com
michelle@markmigdal.com
eservice@markmigdal.com

*Co-Counsel for Plaintiffs and the Class*

## **CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on May 17, 2023, a true and correct copy of the foregoing was

sent via electronic mail to counsel for Defendants.

By: */s/ Adam M. Moskowitz*
ADAM M. MOSKOWITZ

2

## <u>DEFINITIONS AND INSTRUCTIONS</u>

Unless otherwise specified, the terms set forth below have the following meanings:

1.      "Singh," "You," or "Your" means Defendant Jaspreet Singh and any of his affiliates, representatives, or agents.

2.      "Co-Defendants" means any of the other Defendants sued in this Action, and any of their affiliates, subsidiaries, divisions, segments, predecessors, successors, officers, directors, employees, representatives, or agents.

3.      "FTX Entities" means West Realm Shires Services, Inc., FTX Trading Ltd, Blockfolio, Inc., Alameda Research, LLC, and any of their affiliates, subsidiaries, divisions, segments, predecessors, successors, officers, directors, employees, representatives, or agents.

4.      "FTX Platform" refers to the FTX Entities' mobile application and/or web-based cryptocurrency investment service that places cryptocurrency trade orders on behalf of users.

5.      "YBAs" refers to the Yield-Bearing Accounts offered by the FTX Entities on the FTX Platform.

6.      "FTT" refers to the native cryptocurrency exchange token of the FTX Platform ecosystem.

7.      "Document(s)" means any written, printed, typed or other graphic matter, of any kind or nature, whether in hard copy or electronic format, whether the original, draft, or a copy and copies bearing notations or marks not found on the original, including but not limited to memoranda, reports, recommendations, notes, letters, envelopes, post-its, emails, telegrams, messages, manuscripts, studies, analyses, tests, comparisons, books, articles, pamphlets, magazines, newspapers, booklets, circulars, bulletins, notices, instructions, minutes, agreements, contracts, and all other written communications, of any type, including inter and

3

intra-office communications, purchase orders, invoices, bills, receipts, questionnaires, surveys, charts, graphs, videos, photographs, sketches, drawings, house sheets, tapes, voice messages or other recordings, print-outs or compilations from which information can be obtained or, if necessary, translated through detection devices into reasonably usable form, including all underlying or preparatory materials and drafts thereof.

8.      Unless otherwise stated in a request, the time period for which you must respond is beginning in January 1, 2019 and ending at the present time.

9.      "Person" or "People" means any natural person(s) or any business, legal, or governmental entity (or entities) or association(s).

10.     All/Each – The terms "all" and "each" shall be construed as meaning either all or each as necessary to bring within the scope of the discovery request all responses that might otherwise be construed to be outside its scope.

11.     Objections: Where an objection is made to any request, the objection shall state with specificity all grounds. Any ground not stated in an objection within the time provided by the Federal Rules of Civil Procedure, or by the Court's order, or any extensions thereof, shall be waived.

12.     Whenever a reference to a business entity appears, the reference shall mean the business entity, its affiliated companies, partnerships, divisions, subdivisions, directors, officers, employees, agents, clients or other representatives of affiliated third parties.

## **INSTRUCTIONS**

1.      Production of documents and items requested herein shall be made at the offices of The Moskowitz Law Firm, P.O. Box 141609, Coral Gables, FL 33114, or for hand deliveries at 251 Valencia Ave #141609, Coral Gables, FL 33114, or via electronic mail to the email

addresses provided in the signature blocks of the attorneys serving these requests.

2.      These requests shall include all documents that are in the possession, custody or control of Defendant or in the possession, custody or control of the present or former agents, representatives, or attorneys of Defendant, or any and all persons acting on the behalf of Defendant, or its present or former agents, representatives, or attorneys.

3.      For any document covered by a request that is withheld from production, Defendant shall provide the following information in the form of a privilege log:

        a.      the reasons and facts supporting any withholding;

        b.      the date such document was prepared;

        c.      the names, employment positions and addresses of the author or preparers of such document;

        d.      the names, employment positions, and the addresses of each person who received such document;

        e.      the title and a brief description of the document; and

        f.      the number of the request under which such document would be produced but for the objection.

4.      If any document responsive to a request has been destroyed, produce all documents describing or referencing:

        a.      the contents of the lost or destroyed document;

        b.      all locations in which any copy of the lost or destroyed document had been maintained;

        c.      the date of such loss or destruction;

        d.      the name of each person who ordered, authorized, and carried out

the destruction of any responsive document;

    e.    all document retention and destruction policies in effect at the time any requested document was destroyed; and

    f.    all efforts made to locate any responsive document alleged to have been lost.

5.    In producing the documents requested, indicate the specific request(s) pursuant to which document or group of documents is being produced.

6.    These requests should be deemed continuing, and supplemental productions should be provided as additional documents become available.

7.    All documents are to be produced in the following method:

    a)  Single page .TIFF

    b)  Color .jpg (Documents wherein reflection of importance relies on color, shall be produced in .jpg format)

    c)  OCR at document level (All documents are to be provided with searchable text files with the exception of the redacted portions of redacted documents)

    d)  Electronic documents and Emails are to be processed and converted from the electronic format to single page tiff

## **SEVEN REQUESTS FOR PRODUCTION**

***Please refer to the Definitions and Instructions when responding to these requests. To the extent that any of these requests seek information considered by Defendants to be confidential, Plaintiffs agree to enter into any reasonable confidentiality agreement with Defendants to protect such alleged confidential information.***

1.      All Documents and Communications, including contracts or agreements, regarding any business You (personally or through any entity owned by You, or any of Your or Your entities' affiliates, representatives, employees, or agents) conducted with the FTX Entities, including all documents and communications regarding any payments made to You (personally or to any entity owned by You, or any of Your or Your entities' affiliates, representatives, employees, or agents) in accordance with any such contract or agreement.

2.      All videos or other content You (personally or through any entity owned by You, or any of Your or Your entities' affiliates, representatives, employees, or agents) produced regarding, relating to, and/or mentioning the FTX platform, FTT, and/or YBAs, including videos or content that have been removed from their public-facing platforms.[1]

3.      All Documents and Communications, that show, evidence and/or relate to Defendant "targeting" Defendant's Florida audience, and Florida's FTX consumers.

4.      All Documents and Communications regarding any and all communications between You (personally or through any entity owned by You, or any of Your or Your entities'

---

[1] Any such videos and/or content either should still be saved on Defendants' hard drives and preserved for use in this litigation, or should still be on the private-facing portions of their social media platforms—for instance, Defendants could have set a video they posted on YouTube to "private" so it no longer is publicly viewable or searchable but is still posted on their account. "Spoliation is the destruction or significant alteration of evidence, or the failure to preserve property for another's use as evidence in pending or reasonably foreseeable litigation." *Graff v. Baja Marine Corp.*, 310 F. App'x 298, 301 (11th Cir. 2009). "The duty to preserve relevant evidence is triggered not only when litigation is pending, but also when it reasonably foreseeable to that party." *Title Cap. Mgmt., LLC v. Progress Residential, LLC*, No. 16-21882-CV, 2017 WL 5953428, at *4 (S.D. Fla. Sept. 29, 2017).

affiliates, representatives, employees, or agents) with the FTX Entities regarding promotion of FTT, YBAs or the FTX Platform.

5.      All Documents regarding any and all due diligence You (personally or through any entity owned by You, or any of Your or Your entities' affiliates, representatives, employees, or agents) conducted before promotion of FTT, YBAs or FTX Platform to the public.

6.      All Documents and Communications between You and any of the Co-Defendants in this Action regarding this lawsuit and/or the subject matter of this lawsuit, including the promotion of FTT, YBAs or the FTX Platform.

7.      All Documents that show, evidence and/or relate to Your purchases, ownership, or control of FTT, including any wallet addresses controlled by You related to your FTT holdings.

# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF FLORIDA
## MIAMI DIVISION

### CASE NO. 23-21023-CIV-ALTONAGA/Damian

EDWIN GARRISON, *et al.,* on behalf of
themselves and all others similarly situated,

     *Plaintiffs,*

v.

KEVIN PAFFRATH, GRAHAM STEPHAN,
ANDREI JIKH, JASPREET SINGH, BRIAN
JUNG, JEREMY LEFEBVRE, TOM NASH,
BEN ARMSTRONG, ERIKA KULLBERG,
CREATORS AGENCY, LLC,

     *Defendants.*

_____/

## NOTICE OF TAKING THE VIDEOTAPED DEPOSITION OF
## DEFENDANT BRIAN JUNG

     Pursuant to Federal Rule of Civil Procedure 30, Plaintiff's counsel will take the deposition of the below-named person/entity on the date, time, and at the location indicated.

| | |
|---|---|
| **DEPONENT**: | Defendant Brian Jung |
| **DATE**: | June 26, 2023 |
| **TIME**: | 10:00am EST |
| **LOCATION**: | Zoom (contact counsel for details) |

     The aforesaid deposition will be before a court reporter, an officer authorized by law to administer oaths and take depositions in the State of Florida. The deposition is being taken for the purpose of discovery, for use at trial, or both, or for such other purposes as are permitted under the Federal and Local Rules of Civil Procedure.

Dated: May 17, 2023                    Respectfully submitted,

**By: */s/ Adam Moskowitz***
Adam M. Moskowitz
Florida Bar No. 984280
adam@moskowitz-law.com
Joseph M. Kaye
Florida Bar No. 117520
joseph@moskowitz-law.com
**THE MOSKOWITZ LAW FIRM, PLLC**
2 Alhambra Plaza, Suite 601
Coral Gables, FL 33134
Telephone: (305) 740-1423

**By: */s/Stuart Z. Grossman***
Stuart Z. Grossman
Florida Bar No. 156113
Manuel A. Arteaga-Gomez
Florida Bar No. 18122
**GROSSMAN ROTH YAFFA COHEN, P.A.**
2525 Ponce de Leon Boulevard, Suite 1150
Coral Gables, FL 33134
Ph: 305-442-8666
Fx: 305-285-1668
szg@grossmanroth.com
aag@grossmanroth.com

**By: */s/ Stephen Neal Zack***
Stephen Neal Zack
Florida Bar No. 145215
Tyler Ulrich
Florida Bar No. 94705
**BOIES SCHILLER FLEXNER LLP**
100 SE 2nd St., Suite 2800
Miami, FL 33131
Office: 305-539-8400
szack@bsfllp.com
tulrich@bsfllp.com

**By: */s/ Jose Ferrer***
Jose Ferrer
Florida Bar No. 173746
Michelle Genet Bernstein
Florida Bar No. 1030736
**MARK MIGDAL HAYDEN LLP**
8 SW 8th Street, Suite 1999

*Edwin Garrison, et al. v. Kevin Paffrath, et al.*
*CASE NO. 23-21023-CIV-ALTONAGA/Damian*

Miami, FL 33130
Office: 305-374-0440
jose@markmigdal.com
michelle@markmigdal.com
eservice@markmigdal.com

*Co-Counsel for Plaintiffs and the Class*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the forgoing was filed on May 17,

2023, via Court's CM/ECF system, which will send notification to all attorneys of record.


By: */s/ Adam M. Moskowitz*
ADAM M. MOSKOWITZ

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

CASE NO. 23-21023-CIV-ALTONAGA/Damian

EDWIN GARRISON, *et al.,* on behalf of
themselves and all others similarly situated,

     *Plaintiffs,*

v.

KEVIN PAFFRATH, GRAHAM STEPHAN,
ANDREI JIKH, JASPREET SINGH, BRIAN
JUNG, JEREMY LEFEBVRE, TOM NASH,
BEN ARMSTRONG, ERIKA KULLBERG,
CREATORS AGENCY, LLC,

     *Defendants.*

_____/

**PLAINTIFF'S FIRST SET OF SEVEN REQUESTS FOR PRODUCTION TO
<u>DEFENDANT BRIAN JUNG</u>**

     Plaintiff, pursuant to Fed. R. Civ. P. 26 and 34, requests that Defendant, Brian Jung

("Jung"), produce the documents requested in response to these seven requests.

     Dated: May 17, 2023                 Respectfully submitted,

                                       **By: *<u>/s/ Adam Moskowitz</u>***
                                         Adam M. Moskowitz
                                         Florida Bar No. 984280
                                         adam@moskowitz-law.com
                                         Joseph M. Kaye
                                         Florida Bar No. 117520
                                         joseph@moskowitz-law.com
                                         **THE MOSKOWITZ LAW FIRM, PLLC**
                                         2 Alhambra Plaza, Suite 601
                                         Coral Gables, FL 33134
                                         Telephone: (305) 740-1423

                                         **By: *<u>/s/Stuart Z. Grossman</u>***
                                         Stuart Z. Grossman
                                         Florida Bar No. 156113
                                         Manuel A. Arteaga-Gomez

Florida Bar No. 18122
**GROSSMAN ROTH YAFFA COHEN, P.A.**
2525 Ponce de Leon Boulevard, Suite 1150
Coral Gables, FL 33134
Ph: 305-442-8666
Fx: 305-285-1668
szg@grossmanroth.com
aag@grossmanroth.com

By: ***/s/ Stephen Neal Zack***
Stephen Neal Zack
Florida Bar No. 145215
Tyler Ulrich
Florida Bar No. 94705
**BOIES SCHILLER FLEXNER LLP**
100 SE 2nd St., Suite 2800
Miami, FL 33131
Office: 305-539-8400
szack@bsfllp.com
tulrich@bsfllp.com

By: ***/s/ Jose Ferrer***
Jose Ferrer
Florida Bar No. 173746
Michelle Genet Bernstein
Florida Bar No. 1030736
**MARK MIGDAL HAYDEN LLP**
8 SW 8th Street, Suite 1999
Miami, FL 33130
Office: 305-374-0440
jose@markmigdal.com
michelle@markmigdal.com
eservice@markmigdal.com

*Co-Counsel for Plaintiffs and the Class*

## **CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on May 17, 2023, a true and correct copy of the foregoing was

sent via electronic mail to counsel for Defendants.

By: ***/s/ Adam M. Moskowitz***
ADAM M. MOSKOWITZ

## DEFINITIONS AND INSTRUCTIONS

Unless otherwise specified, the terms set forth below have the following meanings:

1.      "Jung," "You," or "Your" means Defendant Brian Jung and any of his affiliates, representatives, or agents.

2.      "Co-Defendants" means any of the other Defendants sued in this Action, and any of their affiliates, subsidiaries, divisions, segments, predecessors, successors, officers, directors, employees, representatives, or agents.

3.      "FTX Entities" means West Realm Shires Services, Inc., FTX Trading Ltd, Blockfolio, Inc., Alameda Research, LLC, and any of their affiliates, subsidiaries, divisions, segments, predecessors, successors, officers, directors, employees, representatives, or agents.

4.      "FTX Platform" refers to the FTX Entities' mobile application and/or web-based cryptocurrency investment service that places cryptocurrency trade orders on behalf of users.

5.      "YBAs" refers to the Yield-Bearing Accounts offered by the FTX Entities on the FTX Platform.

6.      "FTT" refers to the native cryptocurrency exchange token of the FTX Platform ecosystem.

7.      "Document(s)" means any written, printed, typed or other graphic matter, of any kind or nature, whether in hard copy or electronic format, whether the original, draft, or a copy and copies bearing notations or marks not found on the original, including but not limited to memoranda, reports, recommendations, notes, letters, envelopes, post-its, emails, telegrams, messages, manuscripts, studies, analyses, tests, comparisons, books, articles, pamphlets, magazines, newspapers, booklets, circulars, bulletins, notices, instructions, minutes, agreements, contracts, and all other written communications, of any type, including inter and

intra-office communications, purchase orders, invoices, bills, receipts, questionnaires, surveys, charts, graphs, videos, photographs, sketches, drawings, house sheets, tapes, voice messages or other recordings, print-outs or compilations from which information can be obtained or, if necessary, translated through detection devices into reasonably usable form, including all underlying or preparatory materials and drafts thereof.

8.     Unless otherwise stated in a request, the time period for which you must respond is beginning in January 1, 2019 and ending at the present time.

9.     "Person" or "People" means any natural person(s) or any business, legal, or governmental entity (or entities) or association(s).

10.     All/Each – The terms "all" and "each" shall be construed as meaning either all or each as necessary to bring within the scope of the discovery request all responses that might otherwise be construed to be outside its scope.

11.     Objections: Where an objection is made to any request, the objection shall state with specificity all grounds. Any ground not stated in an objection within the time provided by the Federal Rules of Civil Procedure, or by the Court's order, or any extensions thereof, shall be waived.

12.     Whenever a reference to a business entity appears, the reference shall mean the business entity, its affiliated companies, partnerships, divisions, subdivisions, directors, officers, employees, agents, clients or other representatives of affiliated third parties.

## **INSTRUCTIONS**

1.     Production of documents and items requested herein shall be made at the offices of The Moskowitz Law Firm, P.O. Box 141609, Coral Gables, FL 33114, or for hand deliveries at 251 Valencia Ave #141609, Coral Gables, FL 33114, or via electronic mail to the email

addresses provided in the signature blocks of the attorneys serving these requests.

2.     These requests shall include all documents that are in the possession, custody or control of Defendant or in the possession, custody or control of the present or former agents, representatives, or attorneys of Defendant, or any and all persons acting on the behalf of Defendant, or its present or former agents, representatives, or attorneys.

3.     For any document covered by a request that is withheld from production, Defendant shall provide the following information in the form of a privilege log:

      a.     the reasons and facts supporting any withholding;

      b.     the date such document was prepared;

      c.     the names, employment positions and addresses of the author or preparers of such document;

      d.     the names, employment positions, and the addresses of each person who received such document;

      e.     the title and a brief description of the document; and

      f.     the number of the request under which such document would be produced but for the objection.

4.     If any document responsive to a request has been destroyed, produce all documents describing or referencing:

      a.     the contents of the lost or destroyed document;

      b.     all locations in which any copy of the lost or destroyed document had been maintained;

      c.     the date of such loss or destruction;

      d.     the name of each person who ordered, authorized, and carried out

the destruction of any responsive document;

e.     all document retention and destruction policies in effect at the time

any requested document was destroyed; and

f.     all efforts made to locate any responsive document alleged to have

been lost.

5.     In producing the documents requested, indicate the specific request(s) pursuant to which

document or group of documents is being produced.

6.     These requests should be deemed continuing, and supplemental productions should be

provided as additional documents become available.

7.     All documents are to be produced in the following method:

a)   Single page .TIFF

b)   Color .jpg (Documents wherein reflection of importance relies on color, shall be

produced in .jpg format)

c)   OCR at document level (All documents are to be provided with searchable text files

with the exception of the redacted portions of redacted documents)

d)   Electronic documents and Emails are to be processed and converted from the

electronic format to single page tiff

## <u>SEVEN REQUESTS FOR PRODUCTION</u>

***Please refer to the Definitions and Instructions when responding to these requests. To the extent that any of these requests seek information considered by Defendants to be confidential, Plaintiffs agree to enter into any reasonable confidentiality agreement with Defendants to protect such alleged confidential information.***

1.      All Documents and Communications, including contracts or agreements, regarding any business You (personally or through any entity owned by You, or any of Your or Your entities' affiliates, representatives, employees, or agents) conducted with the FTX Entities, including all documents and communications regarding any payments made to You (personally or to any entity owned by You, or any of Your or Your entities' affiliates, representatives, employees, or agents) in accordance with any such contract or agreement.

2.      All videos or other content You (personally or through any entity owned by You, or any of Your or Your entities' affiliates, representatives, employees, or agents) produced regarding, relating to, and/or mentioning the FTX platform, FTT, and/or YBAs, including videos or content that have been removed from their public-facing platforms.[1]

3.      All Documents and Communications, that show, evidence and/or relate to Defendant "targeting" Defendant's Florida audience, and Florida's FTX consumers.

4.      All Documents and Communications regarding any and all communications between You (personally or through any entity owned by You, or any of Your or Your entities'

---

[1] Any such videos and/or content either should still be saved on Defendants' hard drives and preserved for use in this litigation, or should still be on the private-facing portions of their social media platforms—for instance, Defendants could have set a video they posted on YouTube to "private" so it no longer is publicly viewable or searchable but is still posted on their account. "Spoliation is the destruction or significant alteration of evidence, or the failure to preserve property for another's use as evidence in pending or reasonably foreseeable litigation." *Graff v. Baja Marine Corp*., 310 F. App'x 298, 301 (11th Cir. 2009). "The duty to preserve relevant evidence is triggered not only when litigation is pending, but also when it reasonably foreseeable to that party." *Title Cap. Mgmt., LLC v. Progress Residential, LLC*, No. 16-21882-CV, 2017 WL 5953428, at *4 (S.D. Fla. Sept. 29, 2017).

affiliates, representatives, employees, or agents) with the FTX Entities regarding promotion of

FTT, YBAs or the FTX Platform.

5.      All Documents regarding any and all due diligence You (personally or through

any entity owned by You, or any of Your or Your entities' affiliates, representatives, employees,

or agents) conducted before promotion of FTT, YBAs or FTX Platform to the public.

6.      All Documents and Communications between You and any of the Co-Defendants

in this Action regarding this lawsuit and/or the subject matter of this lawsuit, including the

promotion of FTT, YBAs or the FTX Platform.

7.      All Documents that show, evidence and/or relate to Your purchases, ownership,

or control of FTT, including any wallet addresses controlled by You related to your FTT holdings.

# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF FLORIDA
## MIAMI DIVISION
### CASE NO. 23-21023-CIV-ALTONAGA/Damian

**EDWIN GARRISON**, *et al.,* on behalf of
themselves and all others similarly situated,

    *Plaintiffs,*

*v.*

**KEVIN PAFFRATH, GRAHAM STEPHAN,
ANDREI JIKH, JASPREET SINGH, BRIAN
JUNG, JEREMY LEFEBVRE, TOM NASH,
BEN ARMSTRONG, ERIKA KULLBERG,
CREATORS AGENCY, LLC,**

    *Defendants.*

_____/

## <u>NOTICE OF TAKING THE VIDEOTAPED DEPOSITION OF</u>
## <u>DEFENDANT JEREMY LEFEBVRE</u>

Pursuant to Federal Rule of Civil Procedure 30, Plaintiff's counsel will take the deposition
of the below-named person/entity on the date, time, and at the location indicated.

| | |
|---|---|
| **DEPONENT**: | Defendant Jeremy LeFebvre |
| **DATE**: | June 27, 2023 |
| **TIME**: | 10:00am EST |
| **LOCATION**: | Zoom (contact counsel for details) |

The aforesaid deposition will be before a court reporter, an officer authorized by law to
administer oaths and take depositions in the State of Florida. The deposition is being taken for the
purpose of discovery, for use at trial, or both, or for such other purposes as are permitted under the
Federal and Local Rules of Civil Procedure.

Dated: May 17, 2023                        Respectfully submitted,

**By: */s/ Adam Moskowitz*_____**
Adam M. Moskowitz
Florida Bar No. 984280
adam@moskowitz-law.com
Joseph M. Kaye
Florida Bar No. 117520
joseph@moskowitz-law.com
**THE MOSKOWITZ LAW FIRM, PLLC**
2 Alhambra Plaza, Suite 601
Coral Gables, FL 33134
Telephone: (305) 740-1423

**By: */s/Stuart Z. Grossman***
Stuart Z. Grossman
Florida Bar No. 156113
Manuel A. Arteaga-Gomez
Florida Bar No. 18122
**GROSSMAN ROTH YAFFA COHEN, P.A.**
2525 Ponce de Leon Boulevard, Suite 1150
Coral Gables, FL 33134
Ph: 305-442-8666
Fx: 305-285-1668
szg@grossmanroth.com
aag@grossmanroth.com

**By: */s/ Stephen Neal Zack***
Stephen Neal Zack
Florida Bar No. 145215
Tyler Ulrich
Florida Bar No. 94705
**BOIES SCHILLER FLEXNER LLP**
100 SE 2nd St., Suite 2800
Miami, FL 33131
Office: 305-539-8400
szack@bsfllp.com
tulrich@bsfllp.com

**By: */s/ Jose Ferrer***
Jose Ferrer
Florida Bar No. 173746
Michelle Genet Bernstein
Florida Bar No. 1030736
**MARK MIGDAL HAYDEN LLP**
8 SW 8th Street, Suite 1999

*Edwin Garrison, et al. v. Kevin Paffrath, et al.*
*CASE NO. 23-21023-CIV-ALTONAGA/Damian*

Miami, FL 33130
Office: 305-374-0440
jose@markmigdal.com
michelle@markmigdal.com
eservice@markmigdal.com

*Co-Counsel for Plaintiffs and the Class*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the forgoing was filed on May 17,

2023, via Court's CM/ECF system, which will send notification to all attorneys of record.

By: */s/ Adam M. Moskowitz*
ADAM M. MOSKOWITZ

# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF FLORIDA
## MIAMI DIVISION

### CASE NO. 23-21023-CIV-ALTONAGA/Damian

**EDWIN GARRISON**, *et al.,* on behalf of
themselves and all others similarly situated,

      *Plaintiffs,*

*v.*

**KEVIN PAFFRATH, GRAHAM STEPHAN,
ANDREI JIKH, JASPREET SINGH, BRIAN
JUNG, JEREMY LEFEBVRE, TOM NASH,
BEN ARMSTRONG, ERIKA KULLBERG,
CREATORS AGENCY, LLC,**

      *Defendants.*

_____/

### PLAINTIFF'S FIRST SET OF SEVEN REQUESTS FOR PRODUCTION TO DEFENDANT JEREMY LEFEBVRE

      Plaintiff, pursuant to Fed. R. Civ. P. 26 and 34, requests that Defendant, Jeremy

LeFebvre ("LeFebvre"), produce the documents requested in response to these seven requests.

      Dated: May 17, 2023                 Respectfully submitted,

                                     **By: */s/ Adam Moskowitz*** _____
                                       Adam M. Moskowitz
                                       Florida Bar No. 984280
                                       adam@moskowitz-law.com
                                       Joseph M. Kaye
                                       Florida Bar No. 117520
                                       joseph@moskowitz-law.com
                                       **THE MOSKOWITZ LAW FIRM, PLLC**
                                       2 Alhambra Plaza, Suite 601
                                       Coral Gables, FL 33134
                                       Telephone: (305) 740-1423

                                       **By: */s/Stuart Z. Grossman***
                                       Stuart Z. Grossman
                                       Florida Bar No. 156113
                                       Manuel A. Arteaga-Gomez

*Edwin Garrison, et al. v. Kevin Paffrath, et al.*
*CASE NO. 23-21023-CIV-ALTONAGA/Damian*

Florida Bar No. 18122
**GROSSMAN ROTH YAFFA COHEN, P.A.**
2525 Ponce de Leon Boulevard, Suite 1150
Coral Gables, FL 33134
Ph: 305-442-8666
Fx: 305-285-1668
szg@grossmanroth.com
aag@grossmanroth.com

By: */s/ Stephen Neal Zack*
Stephen Neal Zack
Florida Bar No. 145215
Tyler Ulrich
Florida Bar No. 94705
**BOIES SCHILLER FLEXNER LLP**
100 SE 2nd St., Suite 2800
Miami, FL 33131
Office: 305-539-8400
szack@bsfllp.com
tulrich@bsfllp.com

By: */s/ Jose Ferrer*
Jose Ferrer
Florida Bar No. 173746
Michelle Genet Bernstein
Florida Bar No. 1030736
**MARK MIGDAL HAYDEN LLP**
8 SW 8th Street, Suite 1999
Miami, FL 33130
Office: 305-374-0440
jose@markmigdal.com
michelle@markmigdal.com
eservice@markmigdal.com

*Co-Counsel for Plaintiffs and the Class*

## <u>CERTIFICATE OF SERVICE</u>

I HEREBY CERTIFY that on May 17, 2023, a true and correct copy of the foregoing was

sent via electronic mail to counsel for Defendants.

By: */s/ Adam M. Moskowitz*
ADAM M. MOSKOWITZ

### <u>DEFINITIONS AND INSTRUCTIONS</u>

Unless otherwise specified, the terms set forth below have the following meanings:

1.      "LeFebvre," "You," or "Your" means Defendant Jeremy LeFebvre and any of his affiliates, representatives, or agents.

2.      "Co-Defendants" means any of the other Defendants sued in this Action, and any of their affiliates, subsidiaries, divisions, segments, predecessors, successors, officers, directors, employees, representatives, or agents.

3.      "FTX Entities" means West Realm Shires Services, Inc., FTX Trading Ltd, Blockfolio, Inc., Alameda Research, LLC, and any of their affiliates, subsidiaries, divisions, segments, predecessors, successors, officers, directors, employees, representatives, or agents.

4.      "FTX Platform" refers to the FTX Entities' mobile application and/or web-based cryptocurrency investment service that places cryptocurrency trade orders on behalf of users.

5.      "YBAs" refers to the Yield-Bearing Accounts offered by the FTX Entities on the FTX Platform.

6.      "FTT" refers to the native cryptocurrency exchange token of the FTX Platform ecosystem.

7.      "Document(s)" means any written, printed, typed or other graphic matter, of any kind or nature, whether in hard copy or electronic format, whether the original, draft, or a copy and copies bearing notations or marks not found on the original, including but not limited to memoranda, reports, recommendations, notes, letters, envelopes, post-its, emails, telegrams, messages, manuscripts, studies, analyses, tests, comparisons, books, articles, pamphlets, magazines, newspapers, booklets, circulars, bulletins, notices, instructions, minutes, agreements, contracts, and all other written communications, of any type, including inter and

intra-office communications, purchase orders, invoices, bills, receipts, questionnaires, surveys,

charts, graphs, videos, photographs, sketches, drawings, house sheets, tapes, voice messages or

other recordings, print-outs or compilations from which information can be obtained or, if

necessary, translated through detection devices into reasonably usable form, including all

underlying or preparatory materials and drafts thereof.

8.      Unless otherwise stated in a request, the time period for which you must respond

is beginning in January 1, 2019 and ending at the present time.

9.      "Person" or "People" means any natural person(s) or any business, legal, or

governmental entity (or entities) or association(s).

10.     All/Each – The terms "all" and "each" shall be construed as meaning either all

or each as necessary to bring within the scope of the discovery request all responses that might

otherwise be construed to be outside its scope.

11.     Objections: Where an objection is made to any request, the objection shall state

with specificity all grounds. Any ground not stated in an objection within the time provided by

the Federal Rules of Civil Procedure, or by the Court's order, or any extensions thereof, shall be

waived.

12.     Whenever a reference to a business entity appears, the reference shall mean the

business entity, its affiliated companies, partnerships, divisions, subdivisions, directors, officers,

employees, agents, clients or other representatives of affiliated third parties.

## **INSTRUCTIONS**

1.      Production of documents and items requested herein shall be made at the offices of The

Moskowitz Law Firm, P.O. Box 141609, Coral Gables, FL 33114, or for hand deliveries

at 251 Valencia Ave #141609, Coral Gables, FL 33114, or via electronic mail to the email

addresses provided in the signature blocks of the attorneys serving these requests.

2.      These requests shall include all documents that are in the possession, custody or control of

Defendant or in the possession, custody or control of the present or former agents,

representatives, or attorneys of Defendant, or any and all persons acting on the behalf of

Defendant, or its present or former agents, representatives, or attorneys.

3.      For any document covered by a request that is withheld from production, Defendant shall

provide the following information in the form of a privilege log:

        a.      the reasons and facts supporting any withholding;

        b.      the date such document was prepared;

        c.      the names, employment positions and addresses of the author or

             preparers of such document;

        d.      the names, employment positions, and the addresses of each person

             who received such document;

        e.      the title and a brief description of the document; and

        f.      the number of the request under which such document would be

             produced but for the objection.

4.      If any document responsive to a request has been destroyed, produce all documents

describing or referencing:

        a.      the contents of the lost or destroyed document;

        b.      all locations in which any copy of the lost or destroyed document

             had been maintained;

        c.      the date of such loss or destruction;

        d.      the name of each person who ordered, authorized, and carried out

the destruction of any responsive document;

    e.    all document retention and destruction policies in effect at the time any requested document was destroyed; and

    f.    all efforts made to locate any responsive document alleged to have been lost.

5.    In producing the documents requested, indicate the specific request(s) pursuant to which document or group of documents is being produced.

6.    These requests should be deemed continuing, and supplemental productions should be provided as additional documents become available.

7.    All documents are to be produced in the following method:

    a)    Single page .TIFF

    b)    Color .jpg (Documents wherein reflection of importance relies on color, shall be produced in .jpg format)

    c)    OCR at document level (All documents are to be provided with searchable text files with the exception of the redacted portions of redacted documents)

    d)    Electronic documents and Emails are to be processed and converted from the electronic format to single page tiff

*Edwin Garrison, et al. v. Kevin Paffrath, et al.*
CASE NO. 23-21023-CIV-ALTONAGA/Damian

## SEVEN REQUESTS FOR PRODUCTION

***Please refer to the Definitions and Instructions when responding to these requests. To the extent that any of these requests seek information considered by Defendants to be confidential, Plaintiffs agree to enter into any reasonable confidentiality agreement with Defendants to protect such alleged confidential information.***

1.    All Documents and Communications, including contracts or agreements, regarding any business You (personally or through any entity owned by You, or any of Your or Your entities' affiliates, representatives, employees, or agents) conducted with the FTX Entities, including all documents and communications regarding any payments made to You (personally or to any entity owned by You, or any of Your or Your entities' affiliates, representatives, employees, or agents) in accordance with any such contract or agreement.

2.    All videos or other content You (personally or through any entity owned by You, or any of Your or Your entities' affiliates, representatives, employees, or agents) produced regarding, relating to, and/or mentioning the FTX platform, FTT, and/or YBAs, including videos or content that have been removed from their public-facing platforms.[1]

3.    All Documents and Communications, that show, evidence and/or relate to Defendant "targeting" Defendant's Florida audience, and Florida's FTX consumers.

4.    All Documents and Communications regarding any and all communications between You (personally or through any entity owned by You, or any of Your or Your entities'

---

[1] Any such videos and/or content either should still be saved on Defendants' hard drives and preserved for use in this litigation, or should still be on the private-facing portions of their social media platforms—for instance, Defendants could have set a video they posted on YouTube to "private" so it no longer is publicly viewable or searchable but is still posted on their account. "Spoliation is the destruction or significant alteration of evidence, or the failure to preserve property for another's use as evidence in pending or reasonably foreseeable litigation." *Graff v. Baja Marine Corp.*, 310 F. App'x 298, 301 (11th Cir. 2009). "The duty to preserve relevant evidence is triggered not only when litigation is pending, but also when it reasonably foreseeable to that party." *Title Cap. Mgmt., LLC v. Progress Residential, LLC*, No. 16-21882-CV, 2017 WL 5953428, at *4 (S.D. Fla. Sept. 29, 2017).

affiliates, representatives, employees, or agents) with the FTX Entities regarding promotion of FTT, YBAs or the FTX Platform.

5. All Documents regarding any and all due diligence You (personally or through any entity owned by You, or any of Your or Your entities' affiliates, representatives, employees, or agents) conducted before promotion of FTT, YBAs or FTX Platform to the public.

6. All Documents and Communications between You and any of the Co-Defendants in this Action regarding this lawsuit and/or the subject matter of this lawsuit, including the promotion of FTT, YBAs or the FTX Platform.

7. All Documents that show, evidence and/or relate to Your purchases, ownership, or control of FTT, including any wallet addresses controlled by You related to your FTT holdings.

# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF FLORIDA
## MIAMI DIVISION
### CASE NO. 23-21023-CIV-ALTONAGA/Damian

**EDWIN GARRISON**, *et al.,* on behalf of
themselves and all others similarly situated,

     *Plaintiffs,*

v.

**KEVIN PAFFRATH, GRAHAM STEPHAN,
ANDREI JIKH, JASPREET SINGH, BRIAN
JUNG, JEREMY LEFEBVRE, TOM NASH,
BEN ARMSTRONG, ERIKA KULLBERG,
CREATORS AGENCY, LLC,**

     *Defendants.*

_____/

## NOTICE OF TAKING THE VIDEOTAPED DEPOSITION OF
## DEFENDANT TOM NASH

     Pursuant to Federal Rule of Civil Procedure 30, Plaintiff's counsel will take the deposition of the below-named person/entity on the date, time, and at the location indicated.

| | |
|---|---|
| **DEPONENT**: | Defendant Tom Nash |
| **DATE**: | June 28, 2023 |
| **TIME**: | 10:00am EST |
| **LOCATION**: | Zoom (contact counsel for details) |

     The aforesaid deposition will be before a court reporter, an officer authorized by law to administer oaths and take depositions in the State of Florida. The deposition is being taken for the purpose of discovery, for use at trial, or both, or for such other purposes as are permitted under the Federal and Local Rules of Civil Procedure.

Dated: May 17, 2023

Respectfully submitted,

**By: */s/ Adam Moskowitz***
Adam M. Moskowitz
Florida Bar No. 984280
adam@moskowitz-law.com
Joseph M. Kaye
Florida Bar No. 117520
joseph@moskowitz-law.com
**THE MOSKOWITZ LAW FIRM, PLLC**
2 Alhambra Plaza, Suite 601
Coral Gables, FL 33134
Telephone: (305) 740-1423

**By: */s/Stuart Z. Grossman***
Stuart Z. Grossman
Florida Bar No. 156113
Manuel A. Arteaga-Gomez
Florida Bar No. 18122
**GROSSMAN ROTH YAFFA COHEN, P.A.**
2525 Ponce de Leon Boulevard, Suite 1150
Coral Gables, FL 33134
Ph: 305-442-8666
Fx: 305-285-1668
szg@grossmanroth.com
aag@grossmanroth.com

**By: */s/ Stephen Neal Zack***
Stephen Neal Zack
Florida Bar No. 145215
Tyler Ulrich
Florida Bar No. 94705
**BOIES SCHILLER FLEXNER LLP**
100 SE 2nd St., Suite 2800
Miami, FL 33131
Office: 305-539-8400
szack@bsfllp.com
tulrich@bsfllp.com

**By: */s/ Jose Ferrer***
Jose Ferrer
Florida Bar No. 173746
Michelle Genet Bernstein
Florida Bar No. 1030736
**MARK MIGDAL HAYDEN LLP**
8 SW 8th Street, Suite 1999

*Edwin Garrison, et al. v. Kevin Paffrath, et al.*
*CASE NO. 23-21023-CIV-ALTONAGA/Damian*

Miami, FL 33130
Office: 305-374-0440
jose@markmigdal.com
michelle@markmigdal.com
eservice@markmigdal.com

*Co-Counsel for Plaintiffs and the Class*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the forgoing was filed on May 17,

2023, via Court's CM/ECF system, which will send notification to all attorneys of record.

By: */s/ Adam M. Moskowitz*
ADAM M. MOSKOWITZ

# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF FLORIDA
## MIAMI DIVISION

### CASE NO. 23-21023-CIV-ALTONAGA/Damian

**EDWIN GARRISON**, *et al.,* on behalf of
themselves and all others similarly situated,

      *Plaintiffs,*

*v.*

**KEVIN PAFFRATH, GRAHAM STEPHAN,
ANDREI JIKH, JASPREET SINGH, BRIAN
JUNG, JEREMY LEFEBVRE, TOM NASH,
BEN ARMSTRONG, ERIKA KULLBERG,
CREATORS AGENCY, LLC,**

      *Defendants.*

_____/

### PLAINTIFF'S FIRST SET OF SEVEN REQUESTS FOR PRODUCTION TO <u>DEFENDANT TOM NASH</u>

      Plaintiff, pursuant to Fed. R. Civ. P. 26 and 34, requests that Defendant, Tom Nash

("Nash"), produce the documents requested in response to these seven requests.

      Dated: May 17, 2023                Respectfully submitted,

                                    **By: */s/ Adam Moskowitz***
                                    Adam M. Moskowitz
                                    Florida Bar No. 984280
                                    adam@moskowitz-law.com
                                    Joseph M. Kaye
                                    Florida Bar No. 117520
                                    joseph@moskowitz-law.com
                                    **THE MOSKOWITZ LAW FIRM, PLLC**
                                    2 Alhambra Plaza, Suite 601
                                    Coral Gables, FL 33134
                                    Telephone: (305) 740-1423

                                    **By: */s/Stuart Z. Grossman***
                                    Stuart Z. Grossman
                                    Florida Bar No. 156113
                                    Manuel A. Arteaga-Gomez

Florida Bar No. 18122
**GROSSMAN ROTH YAFFA COHEN, P.A.**
2525 Ponce de Leon Boulevard, Suite 1150
Coral Gables, FL 33134
Ph: 305-442-8666
Fx: 305-285-1668
szg@grossmanroth.com
aag@grossmanroth.com

**By:** */s/ Stephen Neal Zack*
Stephen Neal Zack
Florida Bar No. 145215
Tyler Ulrich
Florida Bar No. 94705
**BOIES SCHILLER FLEXNER LLP**
100 SE 2nd St., Suite 2800
Miami, FL 33131
Office: 305-539-8400
szack@bsfllp.com
tulrich@bsfllp.com

**By:** */s/ Jose Ferrer*
Jose Ferrer
Florida Bar No. 173746
Michelle Genet Bernstein
Florida Bar No. 1030736
**MARK MIGDAL HAYDEN LLP**
8 SW 8th Street, Suite 1999
Miami, FL 33130
Office: 305-374-0440
jose@markmigdal.com
michelle@markmigdal.com
eservice@markmigdal.com

*Co-Counsel for Plaintiffs and the Class*

## <u>CERTIFICATE OF SERVICE</u>

I HEREBY CERTIFY that on May 17, 2023, a true and correct copy of the foregoing was
sent via electronic mail to counsel for Defendants.

By: */s/ Adam M. Moskowitz*
ADAM M. MOSKOWITZ

*Edwin Garrison, et al. v. Kevin Paffrath, et al.*
CASE NO. 23-21023-CIV-ALTONAGA/Damian

## <u>DEFINITIONS AND INSTRUCTIONS</u>

Unless otherwise specified, the terms set forth below have the following meanings:

1.      "Nash," "You," or "Your" means Defendant Tom Nash and any of his affiliates, representatives, or agents.

2.      "Co-Defendants" means any of the other Defendants sued in this Action, and any of their affiliates, subsidiaries, divisions, segments, predecessors, successors, officers, directors, employees, representatives, or agents.

3.      "FTX Entities" means West Realm Shires Services, Inc., FTX Trading Ltd, Blockfolio, Inc., Alameda Research, LLC, and any of their affiliates, subsidiaries, divisions, segments, predecessors, successors, officers, directors, employees, representatives, or agents.

4.      "FTX Platform" refers to the FTX Entities' mobile application and/or web-based cryptocurrency investment service that places cryptocurrency trade orders on behalf of users.

5.      "YBAs" refers to the Yield-Bearing Accounts offered by the FTX Entities on the FTX Platform.

6.      "FTT" refers to the native cryptocurrency exchange token of the FTX Platform ecosystem.

7.      "Document(s)" means any written, printed, typed or other graphic matter, of any kind or nature, whether in hard copy or electronic format, whether the original, draft, or a copy and copies bearing notations or marks not found on the original, including but not limited to memoranda, reports, recommendations, notes, letters, envelopes, post-its, emails, telegrams, messages, manuscripts, studies, analyses, tests, comparisons, books, articles, pamphlets, magazines, newspapers, booklets, circulars, bulletins, notices, instructions, minutes, agreements, contracts, and all other written communications, of any type, including inter and

intra-office communications, purchase orders, invoices, bills, receipts, questionnaires, surveys,

charts, graphs, videos, photographs, sketches, drawings, house sheets, tapes, voice messages or

other recordings, print-outs or compilations from which information can be obtained or, if

necessary, translated through detection devices into reasonably usable form, including all

underlying or preparatory materials and drafts thereof.

       8.     Unless otherwise stated in a request, the time period for which you must respond

is beginning in January 1, 2019 and ending at the present time.

       9.     "Person" or "People" means any natural person(s) or any business, legal, or

governmental entity (or entities) or association(s).

      10.     All/Each – The terms "all" and "each" shall be construed as meaning either all

or each as necessary to bring within the scope of the discovery request all responses that might

otherwise be construed to be outside its scope.

      11.     Objections: Where an objection is made to any request, the objection shall state

with specificity all grounds. Any ground not stated in an objection within the time provided by

the Federal Rules of Civil Procedure, or by the Court's order, or any extensions thereof, shall be

waived.

      12.     Whenever a reference to a business entity appears, the reference shall mean the

business entity, its affiliated companies, partnerships, divisions, subdivisions, directors, officers,

employees, agents, clients or other representatives of affiliated third parties.

## **INSTRUCTIONS**

1.     Production of documents and items requested herein shall be made at the offices of The

     Moskowitz Law Firm, P.O. Box 141609, Coral Gables, FL 33114, or for hand deliveries

     at 251 Valencia Ave #141609, Coral Gables, FL 33114, or via electronic mail to the email

addresses provided in the signature blocks of the attorneys serving these requests.

2.    These requests shall include all documents that are in the possession, custody or control of Defendant or in the possession, custody or control of the present or former agents, representatives, or attorneys of Defendant, or any and all persons acting on the behalf of Defendant, or its present or former agents, representatives, or attorneys.

3.    For any document covered by a request that is withheld from production, Defendant shall provide the following information in the form of a privilege log:

        a.    the reasons and facts supporting any withholding;

        b.    the date such document was prepared;

        c.    the names, employment positions and addresses of the author or preparers of such document;

        d.    the names, employment positions, and the addresses of each person who received such document;

        e.    the title and a brief description of the document; and

        f.    the number of the request under which such document would be produced but for the objection.

4.    If any document responsive to a request has been destroyed, produce all documents describing or referencing:

        a.    the contents of the lost or destroyed document;

        b.    all locations in which any copy of the lost or destroyed document had been maintained;

        c.    the date of such loss or destruction;

        d.    the name of each person who ordered, authorized, and carried out

*Edwin Garrison, et al. v. Kevin Paffrath, et al.*
*CASE NO. 23-21023-CIV-ALTONAGA/Damian*

the destruction of any responsive document;

      e.    all document retention and destruction policies in effect at the time

any requested document was destroyed; and

      f.    all efforts made to locate any responsive document alleged to have

been lost.

5.    In producing the documents requested, indicate the specific request(s) pursuant to which

document or group of documents is being produced.

6.    These requests should be deemed continuing, and supplemental productions should be

provided as additional documents become available.

7.    All documents are to be produced in the following method:

    a)  Single page .TIFF

    b)  Color .jpg (Documents wherein reflection of importance relies on color, shall be

produced in .jpg format)

    c)  OCR at document level (All documents are to be provided with searchable text files

with the exception of the redacted portions of redacted documents)

    d)  Electronic documents and Emails are to be processed and converted from the

electronic format to single page tiff

## <u>SEVEN REQUESTS FOR PRODUCTION</u>

***Please refer to the Definitions and Instructions when responding to these requests. To the extent that any of these requests seek information considered by Defendants to be confidential, Plaintiffs agree to enter into any reasonable confidentiality agreement with Defendants to protect such alleged confidential information.***

1.    All Documents and Communications, including contracts or agreements, regarding any business You (personally or through any entity owned by You, or any of Your or Your entities' affiliates, representatives, employees, or agents) conducted with the FTX Entities, including all documents and communications regarding any payments made to You (personally or to any entity owned by You, or any of Your or Your entities' affiliates, representatives, employees, or agents) in accordance with any such contract or agreement.

2.    All videos or other content You (personally or through any entity owned by You, or any of Your or Your entities' affiliates, representatives, employees, or agents) produced regarding, relating to, and/or mentioning the FTX platform, FTT, and/or YBAs, including videos or content that have been removed from their public-facing platforms.[1]

3.    All Documents and Communications, that show, evidence and/or relate to Defendant "targeting" Defendant's Florida audience, and Florida's FTX consumers.

4.    All Documents and Communications regarding any and all communications between You (personally or through any entity owned by You, or any of Your or Your entities'

---

[1] Any such videos and/or content either should still be saved on Defendants' hard drives and preserved for use in this litigation, or should still be on the private-facing portions of their social media platforms—for instance, Defendants could have set a video they posted on YouTube to "private" so it no longer is publicly viewable or searchable but is still posted on their account. "Spoliation is the destruction or significant alteration of evidence, or the failure to preserve property for another's use as evidence in pending or reasonably foreseeable litigation." *Graff v. Baja Marine Corp.*, 310 F. App'x 298, 301 (11th Cir. 2009). "The duty to preserve relevant evidence is triggered not only when litigation is pending, but also when it reasonably foreseeable to that party." *Title Cap. Mgmt., LLC v. Progress Residential, LLC*, No. 16-21882-CV, 2017 WL 5953428, at *4 (S.D. Fla. Sept. 29, 2017).

affiliates, representatives, employees, or agents) with the FTX Entities regarding promotion of FTT, YBAs or the FTX Platform.

5.      All Documents regarding any and all due diligence You (personally or through any entity owned by You, or any of Your or Your entities' affiliates, representatives, employees, or agents) conducted before promotion of FTT, YBAs or FTX Platform to the public.

6.      All Documents and Communications between You and any of the Co-Defendants in this Action regarding this lawsuit and/or the subject matter of this lawsuit, including the promotion of FTT, YBAs or the FTX Platform.

7.      All Documents that show, evidence and/or relate to Your purchases, ownership, or control of FTT, including any wallet addresses controlled by You related to your FTT holdings.

# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF FLORIDA
## MIAMI DIVISION

### CASE NO. 23-21023-CIV-ALTONAGA/Damian

**EDWIN GARRISON**, *et al.,* on behalf of
themselves and all others similarly situated,

    *Plaintiffs,*

v.

**KEVIN PAFFRATH, GRAHAM STEPHAN,
ANDREI JIKH, JASPREET SINGH, BRIAN
JUNG, JEREMY LEFEBVRE, TOM NASH,
BEN ARMSTRONG, ERIKA KULLBERG,
CREATORS AGENCY, LLC,**

    *Defendants.*

_____ /

## NOTICE OF TAKING THE VIDEOTAPED DEPOSITION OF
## DEFENDANT ERIKA KULLBERG

    Pursuant to Federal Rule of Civil Procedure 30, Plaintiff's counsel will take the deposition
of the below-named person/entity on the date, time, and at the location indicated.

        **DEPONENT**:    Defendant Erika Kullberg

        **DATE**:    June 29, 2023

        **TIME**:    10:00am EST

        **LOCATION**:    Zoom (contact counsel for details)

    The aforesaid deposition will be before a court reporter, an officer authorized by law to
administer oaths and take depositions in the State of Florida.  The deposition is being taken for the
purpose of discovery, for use at trial, or both, or for such other purposes as are permitted under the
Federal and Local Rules of Civil Procedure.

*Edwin Garrison, et al. v. Kevin Paffrath, et al.*
*CASE NO. 23-21023-CIV-ALTONAGA/Damian*

Dated: May 17, 2023

Respectfully submitted,

**By: */s/ Adam Moskowitz***
Adam M. Moskowitz
Florida Bar No. 984280
adam@moskowitz-law.com
Joseph M. Kaye
Florida Bar No. 117520
joseph@moskowitz-law.com
**THE MOSKOWITZ LAW FIRM, PLLC**
2 Alhambra Plaza, Suite 601
Coral Gables, FL 33134
Telephone: (305) 740-1423

**By: */s/Stuart Z. Grossman***
Stuart Z. Grossman
Florida Bar No. 156113
Manuel A. Arteaga-Gomez
Florida Bar No. 18122
**GROSSMAN ROTH YAFFA COHEN, P.A.**
2525 Ponce de Leon Boulevard, Suite 1150
Coral Gables, FL 33134
Ph: 305-442-8666
Fx: 305-285-1668
szg@grossmanroth.com
aag@grossmanroth.com

**By: */s/ Stephen Neal Zack***
Stephen Neal Zack
Florida Bar No. 145215
Tyler Ulrich
Florida Bar No. 94705
**BOIES SCHILLER FLEXNER LLP**
100 SE 2nd St., Suite 2800
Miami, FL 33131
Office: 305-539-8400
szack@bsfllp.com
tulrich@bsfllp.com

**By: */s/ Jose Ferrer***
Jose Ferrer
Florida Bar No. 173746
Michelle Genet Bernstein
Florida Bar No. 1030736
**MARK MIGDAL HAYDEN LLP**
8 SW 8th Street, Suite 1999

Miami, FL 33130
Office: 305-374-0440
jose@markmigdal.com
michelle@markmigdal.com
eservice@markmigdal.com

*Co-Counsel for Plaintiffs and the Class*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the forgoing was filed on May 17,

2023, via Court's CM/ECF system, which will send notification to all attorneys of record.

By: */s/ Adam M. Moskowitz*
ADAM M. MOSKOWITZ

# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF FLORIDA
## MIAMI DIVISION

### CASE NO. 23-21023-CIV-ALTONAGA/Damian

**EDWIN GARRISON**, *et al.,* on behalf of
themselves and all others similarly situated,

      *Plaintiffs,*

*v.*

**KEVIN PAFFRATH, GRAHAM STEPHAN, ANDREI JIKH, JASPREET SINGH, BRIAN JUNG, JEREMY LEFEBVRE, TOM NASH, BEN ARMSTRONG, ERIKA KULLBERG, CREATORS AGENCY, LLC,**

      *Defendants.*

_____/

## PLAINTIFF'S FIRST SET OF SEVEN REQUESTS FOR PRODUCTION TO DEFENDANT ERIKA KULLBERG

      Plaintiff, pursuant to Fed. R. Civ. P. 26 and 34, requests that Defendant, Erika Kullberg

("Kullberg"), produce the documents requested in response to these seven requests.

      Dated: May 17, 2023

      Respectfully submitted,

      By: */s/ Adam Moskowitz*_____
      Adam M. Moskowitz
      Florida Bar No. 984280
      adam@moskowitz-law.com
      Joseph M. Kaye
      Florida Bar No. 117520
      joseph@moskowitz-law.com
      **THE MOSKOWITZ LAW FIRM, PLLC**
      2 Alhambra Plaza, Suite 601
      Coral Gables, FL 33134
      Telephone: (305) 740-1423

      **By: */s/Stuart Z. Grossman***
      Stuart Z. Grossman
      Florida Bar No. 156113
      Manuel A. Arteaga-Gomez

*Edwin Garrison, et al. v. Kevin Paffrath, et al.*
*CASE NO. 23-21023-CIV-ALTONAGA/Damian*

Florida Bar No. 18122
**GROSSMAN ROTH YAFFA COHEN, P.A.**
2525 Ponce de Leon Boulevard, Suite 1150
Coral Gables, FL 33134
Ph: 305-442-8666
Fx: 305-285-1668
szg@grossmanroth.com
aag@grossmanroth.com

By: */s/ Stephen Neal Zack*
Stephen Neal Zack
Florida Bar No. 145215
Tyler Ulrich
Florida Bar No. 94705
**BOIES SCHILLER FLEXNER LLP**
100 SE 2nd St., Suite 2800
Miami, FL 33131
Office: 305-539-8400
szack@bsfllp.com
tulrich@bsfllp.com

By: */s/ Jose Ferrer*
Jose Ferrer
Florida Bar No. 173746
Michelle Genet Bernstein
Florida Bar No. 1030736
**MARK MIGDAL HAYDEN LLP**
8 SW 8th Street, Suite 1999
Miami, FL 33130
Office: 305-374-0440
jose@markmigdal.com
michelle@markmigdal.com
eservice@markmigdal.com

*Co-Counsel for Plaintiffs and the Class*

## <u>CERTIFICATE OF SERVICE</u>

I HEREBY CERTIFY that on May 17, 2023, a true and correct copy of the foregoing was

sent via electronic mail to counsel for Defendants.

By: */s/ Adam M. Moskowitz*
ADAM M. MOSKOWITZ

*Edwin Garrison, et al. v. Kevin Paffrath, et al.*
CASE NO. 23-21023-CIV-ALTONAGA/Damian

## DEFINITIONS AND INSTRUCTIONS

Unless otherwise specified, the terms set forth below have the following meanings:

1.        "Kullberg," "You," or "Your" means Defendant Erika Kullberg and any of her affiliates, representatives, or agents.

2.        "Co-Defendants" means any of the other Defendants sued in this Action, and any of their affiliates, subsidiaries, divisions, segments, predecessors, successors, officers, directors, employees, representatives, or agents.

3.        "FTX Entities" means West Realm Shires Services, Inc., FTX Trading Ltd, Blockfolio, Inc., Alameda Research, LLC, and any of their affiliates, subsidiaries, divisions, segments, predecessors, successors, officers, directors, employees, representatives, or agents.

4.        "FTX Platform" refers to the FTX Entities' mobile application and/or web-based cryptocurrency investment service that places cryptocurrency trade orders on behalf of users.

5.        "YBAs" refers to the Yield-Bearing Accounts offered by the FTX Entities on the FTX Platform.

6.        "FTT" refers to the native cryptocurrency exchange token of the FTX Platform ecosystem.

7.        "Document(s)" means any written, printed, typed or other graphic matter, of any kind or nature, whether in hard copy or electronic format, whether the original, draft, or a copy and copies bearing notations or marks not found on the original, including but not limited to memoranda, reports, recommendations, notes, letters, envelopes, post-its, emails, telegrams, messages, manuscripts, studies, analyses, tests, comparisons, books, articles, pamphlets, magazines, newspapers, booklets, circulars, bulletins, notices, instructions, minutes, agreements, contracts, and all other written communications, of any type, including inter and

intra-office communications, purchase orders, invoices, bills, receipts, questionnaires, surveys, charts, graphs, videos, photographs, sketches, drawings, house sheets, tapes, voice messages or other recordings, print-outs or compilations from which information can be obtained or, if necessary, translated through detection devices into reasonably usable form, including all underlying or preparatory materials and drafts thereof.

8.      Unless otherwise stated in a request, the time period for which you must respond is beginning in January 1, 2019 and ending at the present time.

9.      "Person" or "People" means any natural person(s) or any business, legal, or governmental entity (or entities) or association(s).

10.     All/Each – The terms "all" and "each" shall be construed as meaning either all or each as necessary to bring within the scope of the discovery request all responses that might otherwise be construed to be outside its scope.

11.     Objections: Where an objection is made to any request, the objection shall state with specificity all grounds. Any ground not stated in an objection within the time provided by the Federal Rules of Civil Procedure, or by the Court's order, or any extensions thereof, shall be waived.

12.     Whenever a reference to a business entity appears, the reference shall mean the business entity, its affiliated companies, partnerships, divisions, subdivisions, directors, officers, employees, agents, clients or other representatives of affiliated third parties.

## **INSTRUCTIONS**

1.      Production of documents and items requested herein shall be made at the offices of The Moskowitz Law Firm, P.O. Box 141609, Coral Gables, FL 33114, or for hand deliveries at 251 Valencia Ave #141609, Coral Gables, FL 33114, or via electronic mail to the email

addresses provided in the signature blocks of the attorneys serving these requests.

2.      These requests shall include all documents that are in the possession, custody or control of Defendant or in the possession, custody or control of the present or former agents, representatives, or attorneys of Defendant, or any and all persons acting on the behalf of Defendant, or its present or former agents, representatives, or attorneys.

3.      For any document covered by a request that is withheld from production, Defendant shall provide the following information in the form of a privilege log:

    a.      the reasons and facts supporting any withholding;

    b.      the date such document was prepared;

    c.      the names, employment positions and addresses of the author or preparers of such document;

    d.      the names, employment positions, and the addresses of each person who received such document;

    e.      the title and a brief description of the document; and

    f.      the number of the request under which such document would be produced but for the objection.

4.      If any document responsive to a request has been destroyed, produce all documents describing or referencing:

    a.      the contents of the lost or destroyed document;

    b.      all locations in which any copy of the lost or destroyed document had been maintained;

    c.      the date of such loss or destruction;

    d.      the name of each person who ordered, authorized, and carried out

the destruction of any responsive document;

  e. all document retention and destruction policies in effect at the time
any requested document was destroyed; and

  f. all efforts made to locate any responsive document alleged to have
been lost.

5. In producing the documents requested, indicate the specific request(s) pursuant to which
document or group of documents is being produced.

6. These requests should be deemed continuing, and supplemental productions should be
provided as additional documents become available.

7. All documents are to be produced in the following method:

  a) Single page .TIFF

  b) Color .jpg (Documents wherein reflection of importance relies on color, shall be
produced in .jpg format)

  c) OCR at document level (All documents are to be provided with searchable text files
with the exception of the redacted portions of redacted documents)

  d) Electronic documents and Emails are to be processed and converted from the
electronic format to single page tiff

## SEVEN REQUESTS FOR PRODUCTION

***Please refer to the Definitions and Instructions when responding to these requests. To the extent that any of these requests seek information considered by Defendants to be confidential, Plaintiffs agree to enter into any reasonable confidentiality agreement with Defendants to protect such alleged confidential information.***

1.      All Documents and Communications, including contracts or agreements, regarding any business You (personally or through any entity owned by You, or any of Your or Your entities' affiliates, representatives, employees, or agents) conducted with the FTX Entities, including all documents and communications regarding any payments made to You (personally or to any entity owned by You, or any of Your or Your entities' affiliates, representatives, employees, or agents) in accordance with any such contract or agreement.

2.      All videos or other content You (personally or through any entity owned by You, or any of Your or Your entities' affiliates, representatives, employees, or agents) produced regarding, relating to, and/or mentioning the FTX platform, FTT, and/or YBAs, including videos or content that have been removed from their public-facing platforms.[1]

3.      All Documents and Communications, that show, evidence and/or relate to Defendant "targeting" Defendant's Florida audience, and Florida's FTX consumers.

4.      All Documents and Communications regarding any and all communications between You (personally or through any entity owned by You, or any of Your or Your entities'

---

[1] Any such videos and/or content either should still be saved on Defendants' hard drives and preserved for use in this litigation, or should still be on the private-facing portions of their social media platforms—for instance, Defendants could have set a video they posted on YouTube to "private" so it no longer is publicly viewable or searchable but is still posted on their account. "Spoliation is the destruction or significant alteration of evidence, or the failure to preserve property for another's use as evidence in pending or reasonably foreseeable litigation." *Graff v. Baja Marine Corp*., 310 F. App'x 298, 301 (11th Cir. 2009). "The duty to preserve relevant evidence is triggered not only when litigation is pending, but also when it reasonably foreseeable to that party." *Title Cap. Mgmt., LLC v. Progress Residential, LLC*, No. 16-21882-CV, 2017 WL 5953428, at *4 (S.D. Fla. Sept. 29, 2017).

affiliates, representatives, employees, or agents) with the FTX Entities regarding promotion of
FTT, YBAs or the FTX Platform.

5.      All Documents regarding any and all due diligence You (personally or through
any entity owned by You, or any of Your or Your entities' affiliates, representatives, employees,
or agents) conducted before promotion of FTT, YBAs or FTX Platform to the public.

6.      All Documents and Communications between You and any of the Co-Defendants
in this Action regarding this lawsuit and/or the subject matter of this lawsuit, including the
promotion of FTT, YBAs or the FTX Platform.

7.      All Documents that show, evidence and/or relate to Your purchases, ownership,
or control of FTT, including any wallet addresses controlled by You related to your FTT holdings.

# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF FLORIDA
## MIAMI DIVISION

### CASE NO. 23-21023-CIV-ALTONAGA/Damian

**EDWIN GARRISON**, *et al.,* on behalf of
themselves and all others similarly situated,

     *Plaintiffs,*

*v.*

**KEVIN PAFFRATH, GRAHAM STEPHAN, ANDREI JIKH, JASPREET SINGH, BRIAN JUNG, JEREMY LEFEBVRE, TOM NASH, BEN ARMSTRONG, ERIKA KULLBERG, CREATORS AGENCY, LLC,**

     *Defendants.*

_____/

## NOTICE OF TAKING THE VIDEOTAPED DEPOSITION OF DEFENDANT CREATORS AGENCY, LLC'S RULE 30(b)(6) REPRESENTATIVE(S)

Pursuant to Federal Rule of Civil Procedure 30(b)(6), Plaintiff's counsel will take the

deposition of the below-named person/entity on the date, time, and at the location indicated.

| | |
|---|---|
| **DEPONENT**: | Defendant Creators Agency, LLC, (the "Creators"), by and through Creators' corporate representative(s) with knowledge of the eight topics listed in **Exhibit A,** pursuant to Federal Rule of Civil Procedure 30(b)(6). |
| **DATE**: | June 30, 2023 |
| **TIME**: | 10:00am EST |
| **LOCATION**: | Zoom (contact counsel for details) |

The aforesaid deposition will be before a court reporter, an officer authorized by law to

administer oaths and take depositions in the State of Florida. The deposition is being taken for the

purpose of discovery, for use at trial, or both, or for such other purposes as are permitted under the

Federal and Local Rules of Civil Procedure.

*Edwin Garrison, et al. v. Kevin Paffrath, et al.*
CASE NO. 23-21023-CIV-ALTONAGA/Damian

Pursuant to Federal Rule of Civil Procedure 30(b)(6), Defendant Creators Agency, LLC

(the "Creators") shall both designate one or more officers, directors, managing agents, or other

persons to testify on its behalf on each topic listed on **Exhibit A** attached hereto.

Dated: May 17, 2023                    Respectfully submitted,

By: ***/s/ Adam Moskowitz***
Adam M. Moskowitz
Florida Bar No. 984280
adam@moskowitz-law.com
Joseph M. Kaye
Florida Bar No. 117520
joseph@moskowitz-law.com
**THE MOSKOWITZ LAW FIRM, PLLC**
2 Alhambra Plaza, Suite 601
Coral Gables, FL 33134
Telephone: (305) 740-1423

By: ***/s/Stuart Z. Grossman***
Stuart Z. Grossman
Florida Bar No. 156113
Manuel A. Arteaga-Gomez
Florida Bar No. 18122
**GROSSMAN ROTH YAFFA COHEN, P.A.**
2525 Ponce de Leon Boulevard, Suite 1150
Coral Gables, FL 33134
Ph: 305-442-8666
Fx: 305-285-1668
szg@grossmanroth.com
aag@grossmanroth.com

By: ***/s/ Stephen Neal Zack***
Stephen Neal Zack
Florida Bar No. 145215
Tyler Ulrich
Florida Bar No. 94705
**BOIES SCHILLER FLEXNER LLP**
100 SE 2nd St., Suite 2800
Miami, FL 33131
Office: 305-539-8400
szack@bsfllp.com
tulrich@bsfllp.com

*Edwin Garrison, et al. v. Kevin Paffrath, et al.*
*CASE NO. 23-21023-CIV-ALTONAGA/Damian*

**By: */s/ Jose Ferrer*
Jose Ferrer
Florida Bar No. 173746
Michelle Genet Bernstein
Florida Bar No. 1030736
**MARK MIGDAL HAYDEN LLP**
8 SW 8th Street, Suite 1999
Miami, FL 33130
Office: 305-374-0440
jose@markmigdal.com
michelle@markmigdal.com
eservice@markmigdal.com

*Co-Counsel for Plaintiffs and the Class*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the forgoing was filed on May 17,

2023, via Court's CM/ECF system, which will send notification to all attorneys of record.


By: */s/ Adam M. Moskowitz*
ADAM M. MOSKOWITZ

## EXHIBIT A

## I. DEFINITIONS AND INSTRUCTIONS

Unless otherwise specified, the terms set forth below have the following meanings:

1.      "CA," "You," or "Your" means Defendant Creators Agency LLC and any of its affiliates, subsidiaries, divisions, segments, predecessors, successors, officers, directors, employees, representatives, or agents.

2.      "Co-Defendants" means any of the other Defendants sued in this Action, and any of their affiliates, subsidiaries, divisions, segments, predecessors, successors, officers, directors, employees, representatives, or agents.

3.      "FTX Entities" means West Realm Shires Services, Inc., FTX Trading Ltd, Blockfolio, Inc., Alameda Research, LLC, and any of their affiliates, subsidiaries, divisions, segments, predecessors, successors, officers, directors, employees, representatives, or agents.

4.      "FTX Platform" refers to the FTX Entities' mobile application and/or web-based cryptocurrency investment service that places cryptocurrency trade orders on behalf of users.

5.      "YBAs" refers to the Yield-Bearing Accounts offered by the FTX Entities on the FTX Platform.

6.      "FTT" refers to the native cryptocurrency exchange token of the FTX Platform ecosystem.

7.      "Document(s)" means any written, printed, typed or other graphic matter, of any kind or nature, whether in hard copy or electronic format, whether the original, draft, or a copy and copies bearing notations or marks not found on the original, including but not limited to memoranda, reports, recommendations, notes, letters, envelopes, post-its, emails, telegrams, messages, manuscripts, studies, analyses, tests, comparisons, books, articles, pamphlets,

magazines, newspapers, booklets, circulars, bulletins, notices, instructions, minutes, agreements, contracts, and all other written communications, of any type, including inter and intra-office communications, purchase orders, invoices, bills, receipts, questionnaires, surveys, charts, graphs, videos, photographs, sketches, drawings, house sheets, tapes, voice messages or other recordings, print-outs or compilations from which information can be obtained or, if necessary, translated through detection devices into reasonably usable form, including all underlying or preparatory materials and drafts thereof.

8.      "Person" or "People" means any natural person(s) or any business, legal, or governmental entity (or entities) or association(s).

9.      All/Each – The terms "all" and "each" shall be construed as meaning either all or each as necessary to bring within the scope of the discovery request all responses that might otherwise be construed to be outside its scope.

10.     Objections: Where an objection is made to any request, the objection shall state with specificity all grounds. Any ground not stated in an objection within the time provided by the Federal Rules of Civil Procedure, or by the Court's order, or any extensions thereof, shall be waived.

11.     Whenever a reference to a business entity appears, the reference shall mean the business entity, its affiliated companies, partnerships, divisions, subdivisions, directors, officers, employees, agents, clients or other representatives of affiliated third parties.

12.     Unless otherwise stated in a request, the time period for which you must respond is beginning in January 1, 2019 and ending at the present time.

## II. <u>EIGHT DEPOSITION SUBJECTS</u>

Pursuant to Rule 30(b)(6), CA shall designate and produce for deposition one or more of its officers, directors, managing agents, or other persons who are knowledgeable about and consent to testify on its behalf concerning the following subject matters:

1.      All Documents and responses provided in response to Plaintiffs' request for production, dated and served on May 18, 2023.

2.      All Documents and Communications, including contracts or agreements, regarding any business You (personally or through any entity owned by You, or any of Your or Your entities' affiliates, representatives, employees, or agents) conducted with the FTX Entities, including all documents and communications regarding any payments made to You (personally or to any entity owned by You, or any of Your or Your entities' affiliates, representatives, employees, or agents) in accordance with any such contract or agreement.

3.      All videos or other content You (personally or through any entity owned by You, or any of Your or Your entities' affiliates, representatives, employees, or agents) produced regarding, relating to, and/or mentioning the FTX platform, FTT, and/or YBAs, including videos or content that have been removed from their public-facing platforms.[1]

4.      All Documents and Communications, that show, evidence and/or relate to Defendant "targeting" Defendant's Florida audience, and Florida's FTX consumers.

---

[1] Any such videos and/or content either should still be saved on Defendants' hard drives and preserved for use in this litigation, or should still be on the private-facing portions of their social media platforms—for instance, Defendants could have set a video they posted on YouTube to "private" so it no longer is publicly viewable or searchable but is still posted on their account. "Spoliation is the destruction or significant alteration of evidence, or the failure to preserve property for another's use as evidence in pending or reasonably foreseeable litigation." *Graff v. Baja Marine Corp.*, 310 F. App'x 298, 301 (11th Cir. 2009). "The duty to preserve relevant evidence is triggered not only when litigation is pending, but also when it reasonably foreseeable to that party." *Title Cap. Mgmt., LLC v. Progress Residential, LLC*, No. 16-21882-CV, 2017 WL 5953428, at *4 (S.D. Fla. Sept. 29, 2017).

*Edwin Garrison, et al. v. Kevin Paffrath, et al.*
*CASE NO. 23-21023-CIV-ALTONAGA/Damian*

5.      All Documents and Communications regarding any and all communications between You (personally or through any entity owned by You, or any of Your or Your entities' affiliates, representatives, employees, or agents) with the FTX Entities regarding promotion of FTT, YBAs or the FTX Platform.

6.      All Documents regarding any and all due diligence You (personally or through any entity owned by You, or any of Your or Your entities' affiliates, representatives, employees, or agents) conducted before promotion of FTT, YBAs or FTX Platform to the public.

7.      All Documents and Communications between You and any of the Co-Defendants in this Action regarding this lawsuit and/or the subject matter of this lawsuit, including the promotion of FTT, YBAs or the FTX Platform.

8.      All Documents that show, evidence and/or relate to Your purchases, ownership, or control of FTT, including any wallet addresses controlled by You related to your FTT holdings.

# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF FLORIDA
## MIAMI DIVISION
### CASE NO. 23-21023-CIV-ALTONAGA/Damian

**EDWIN GARRISON**, *et al.,* on behalf of
themselves and all others similarly situated,

   *Plaintiffs,*

*v.*

**KEVIN PAFFRATH, GRAHAM STEPHAN,
ANDREI JIKH, JASPREET SINGH, BRIAN
JUNG, JEREMY LEFEBVRE, TOM NASH,
BEN ARMSTRONG, ERIKA KULLBERG,
CREATORS AGENCY, LLC,**

   *Defendants.*

_____/

## PLAINTIFF'S FIRST SET OF SEVEN REQUESTS FOR PRODUCTION TO DEFENDANT CREATORS AGENCY LLC

   Plaintiff, pursuant to Fed. R. Civ. P. 26 and 34, requests that Defendant, Creators Agency

LLC ("CA"), produce the documents requested in response to these seven requests.

   Dated: May 17, 2023       Respectfully submitted,

              **By: */s/ Adam Moskowitz***
              Adam M. Moskowitz
              Florida Bar No. 984280
              adam@moskowitz-law.com
              Joseph M. Kaye
              Florida Bar No. 117520
              joseph@moskowitz-law.com
              **THE MOSKOWITZ LAW FIRM, PLLC**
              2 Alhambra Plaza, Suite 601
              Coral Gables, FL 33134
              Telephone: (305) 740-1423

              **By: */s/Stuart Z. Grossman***
              Stuart Z. Grossman
              Florida Bar No. 156113
              Manuel A. Arteaga-Gomez

*Edwin Garrison, et al. v. Kevin Paffrath, et al.*
*CASE NO. 23-21023-CIV-ALTONAGA/Damian*

Florida Bar No. 18122
**GROSSMAN ROTH YAFFA COHEN, P.A.**
2525 Ponce de Leon Boulevard, Suite 1150
Coral Gables, FL 33134
Ph: 305-442-8666
Fx: 305-285-1668
szg@grossmanroth.com
aag@grossmanroth.com

By: */s/ Stephen Neal Zack*
Stephen Neal Zack
Florida Bar No. 145215
Tyler Ulrich
Florida Bar No. 94705
**BOIES SCHILLER FLEXNER LLP**
100 SE 2nd St., Suite 2800
Miami, FL 33131
Office: 305-539-8400
szack@bsfllp.com
tulrich@bsfllp.com

By: */s/ Jose Ferrer*
Jose Ferrer
Florida Bar No. 173746
Michelle Genet Bernstein
Florida Bar No. 1030736
**MARK MIGDAL HAYDEN LLP**
8 SW 8th Street, Suite 1999
Miami, FL 33130
Office: 305-374-0440
jose@markmigdal.com
michelle@markmigdal.com
eservice@markmigdal.com

*Co-Counsel for Plaintiffs and the Class*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on May 17, 2023, a true and correct copy of the foregoing was

sent via electronic mail to counsel for Defendants.

By: */s/ Adam M. Moskowitz*
ADAM M. MOSKOWITZ

## DEFINITIONS AND INSTRUCTIONS

Unless otherwise specified, the terms set forth below have the following meanings:

1.      "CA," "You," or "Your" means Defendant Creators Agency LLC and any of its affiliates, subsidiaries, divisions, segments, predecessors, successors, officers, directors, employees, representatives, or agents.

2.      "Co-Defendants" means any of the other Defendants sued in this Action, and any of their affiliates, subsidiaries, divisions, segments, predecessors, successors, officers, directors, employees, representatives, or agents.

3.      "FTX Entities" means West Realm Shires Services, Inc., FTX Trading Ltd, Blockfolio, Inc., Alameda Research, LLC, and any of their affiliates, subsidiaries, divisions, segments, predecessors, successors, officers, directors, employees, representatives, or agents.

4.      "FTX Platform" refers to the FTX Entities' mobile application and/or web-based cryptocurrency investment service that places cryptocurrency trade orders on behalf of users.

5.      "YBAs" refers to the Yield-Bearing Accounts offered by the FTX Entities on the FTX Platform.

6.      "FTT" refers to the native cryptocurrency exchange token of the FTX Platform ecosystem.

7.      "Document(s)" means any written, printed, typed or other graphic matter, of any kind or nature, whether in hard copy or electronic format, whether the original, draft, or a copy and copies bearing notations or marks not found on the original, including but not limited to memoranda, reports, recommendations, notes, letters, envelopes, post-its, emails, telegrams, messages, manuscripts, studies, analyses, tests, comparisons, books, articles, pamphlets, magazines, newspapers, booklets, circulars, bulletins, notices, instructions, minutes,

agreements, contracts, and all other written communications, of any type, including inter and

intra-office communications, purchase orders, invoices, bills, receipts, questionnaires, surveys,

charts, graphs, videos, photographs, sketches, drawings, house sheets, tapes, voice messages or

other recordings, print-outs or compilations from which information can be obtained or, if

necessary, translated through detection devices into reasonably usable form, including all

underlying or preparatory materials and drafts thereof.

8.      Unless otherwise stated in a request, the time period for which you must respond

is beginning in January 1, 2019 and ending at the present time.

9.      "Person" or "People" means any natural person(s) or any business, legal, or

governmental entity (or entities) or association(s).

10.     All/Each – The terms "all" and "each" shall be construed as meaning either all

or each as necessary to bring within the scope of the discovery request all responses that might

otherwise be construed to be outside its scope.

11.     Objections: Where an objection is made to any request, the objection shall state

with specificity all grounds. Any ground not stated in an objection within the time provided by

the Federal Rules of Civil Procedure, or by the Court's order, or any extensions thereof, shall be

waived.

12.     Whenever a reference to a business entity appears, the reference shall mean the

business entity, its affiliated companies, partnerships, divisions, subdivisions, directors, officers,

employees, agents, clients or other representatives of affiliated third parties.

## **INSTRUCTIONS**

1.      Production of documents and items requested herein shall be made at the offices of The

        Moskowitz Law Firm, P.O. Box 141609, Coral Gables, FL 33114, or for hand deliveries

at 251 Valencia Ave #141609, Coral Gables, FL 33114, or via electronic mail to the email

addresses provided in the signature blocks of the attorneys serving these requests.

2.      These requests shall include all documents that are in the possession, custody or control of

Defendant or in the possession, custody or control of the present or former agents,

representatives, or attorneys of Defendant, or any and all persons acting on the behalf of

Defendant, or its present or former agents, representatives, or attorneys.

3.      For any document covered by a request that is withheld from production, Defendant shall

provide the following information in the form of a privilege log:

   a.      the reasons and facts supporting any withholding;

   b.      the date such document was prepared;

   c.      the names, employment positions and addresses of the author or

          preparers of such document;

   d.      the names, employment positions, and the addresses of each person

          who received such document;

   e.      the title and a brief description of the document; and

   f.      the number of the request under which such document would be

          produced but for the objection.

4.      If any document responsive to a request has been destroyed, produce all documents

describing or referencing:

   a.      the contents of the lost or destroyed document;

   b.      all locations in which any copy of the lost or destroyed document

          had been maintained;

   c.      the date of such loss or destruction;

*Edwin Garrison, et al. v. Kevin Paffrath, et al.*
CASE NO. 23-21023-CIV-ALTONAGA/Damian

    d.     the name of each person who ordered, authorized, and carried out the destruction of any responsive document;

    e.     all document retention and destruction policies in effect at the time any requested document was destroyed; and

    f.     all efforts made to locate any responsive document alleged to have been lost.

5.    In producing the documents requested, indicate the specific request(s) pursuant to which document or group of documents is being produced.

6.    These requests should be deemed continuing, and supplemental productions should be provided as additional documents become available.

7.    All documents are to be produced in the following method:

    a)  Single page .TIFF

    b)  Color .jpg (Documents wherein reflection of importance relies on color, shall be produced in .jpg format)

    c)  OCR at document level (All documents are to be provided with searchable text files with the exception of the redacted portions of redacted documents)

    d)  Electronic documents and Emails are to be processed and converted from the electronic format to single page tiff

*Edwin Garrison, et al. v. Kevin Paffrath, et al.*
*CASE NO. 23-21023-CIV-ALTONAGA/Damian*

## <u>SEVEN REQUESTS FOR PRODUCTION</u>

***Please refer to the Definitions and Instructions when responding to these requests. To the
extent that any of these requests seek information considered by Defendants to be
confidential, Plaintiffs agree to enter into any reasonable confidentiality agreement with
Defendants to protect such alleged confidential information.***

1.      All Documents and Communications, including contracts or agreements,
regarding any business You (personally or through any entity owned by You, or any of Your or
Your entities' affiliates, representatives, employees, or agents) conducted with the FTX Entities,
including all documents and communications regarding any payments made to You (personally
or to any entity owned by You, or any of Your or Your entities' affiliates, representatives,
employees, or agents) in accordance with any such contract or agreement.

2.      All videos or other content You (personally or through any entity owned by You,
or any of Your or Your entities' affiliates, representatives, employees, or agents) produced
regarding, relating to, and/or mentioning the FTX platform, FTT, and/or YBAs, including videos
or content that have been removed from their public-facing platforms.[1]

3.      All Documents and Communications, that show, evidence and/or relate to
Defendant "targeting" Defendant's Florida audience, and Florida's FTX consumers.

4.      All Documents and Communications regarding any and all communications
between You (personally or through any entity owned by You, or any of Your or Your entities'

---

[1] Any such videos and/or content either should still be saved on Defendants' hard drives and
preserved for use in this litigation, or should still be on the private-facing portions of their social
media platforms—for instance, Defendants could have set a video they posted on YouTube to
"private" so it no longer is publicly viewable or searchable but is still posted on their account.
"Spoliation is the destruction or significant alteration of evidence, or the failure to preserve
property for another's use as evidence in pending or reasonably foreseeable litigation." *Graff v.
Baja Marine Corp*., 310 F. App'x 298, 301 (11th Cir. 2009). "The duty to preserve relevant
evidence is triggered not only when litigation is pending, but also when it reasonably foreseeable
to that party." *Title Cap. Mgmt., LLC v. Progress Residential, LLC*, No. 16-21882-CV, 2017 WL
5953428, at *4 (S.D. Fla. Sept. 29, 2017).

affiliates, representatives, employees, or agents) with the FTX Entities regarding promotion of FTT, YBAs or the FTX Platform.

5.     All Documents regarding any and all due diligence You (personally or through any entity owned by You, or any of Your or Your entities' affiliates, representatives, employees, or agents) conducted before promotion of FTT, YBAs or FTX Platform to the public.

6.     All Documents and Communications between You and any of the Co-Defendants in this Action regarding this lawsuit and/or the subject matter of this lawsuit, including the promotion of FTT, YBAs or the FTX Platform.

7.     All Documents that show, evidence and/or relate to Your purchases, ownership, or control of FTT, including any wallet addresses controlled by You related to your FTT holdings.