# Exhibit C

**PLAINTIFFS' OMNIBUS MOTION TO LIFT DISCOVERY STAY AND FOR LEAVE TO CONDUCT JURISDICTIONAL DISCOVERY, AND, IF NECESSARY TO AMEND THEIR COMPLAINTS WITH ANY FACTS ARISING FROM SUCH DISCOVERY**

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 23-21023-CIV-ALTONAGA/Damian

EDWIN GARRISON, *et al.*,

    Plaintiffs,
v.

KEVIN PAFFRATH, *et al.*,

    Defendants.

_____/

**ORDER**

**THIS CAUSE** came before the Court upon the parties' Joint Report [ECF No. 93] in response to the Court's May 16, 2023 Order [ECF No. 88]. The parties state that they have conferred but have different proposals as to how the Court should proceed on issues of jurisdictional discovery and service. (*See* Joint Report 1).

With respect to jurisdictional discovery, Plaintiffs have already served Defendants with "7 very narrow requests for production . . . and notices for one brief Zoom deposition of each Defendant[,]" which Plaintiffs believe should not create "any unreasonable burdens for any party." (*Id.* 3 (alterations added)). Defendants oppose any jurisdictional discovery, arguing that Plaintiffs have "failed to make a prima facie case for personal jurisdiction over any Defendant." (*Id.* 5). If the Court permits jurisdictional discovery, Defendants propose a schedule lasting approximately two months. (*See id.* 5–6).

Three of the parties previously contesting the sufficiency of service have agreed to accept service of process through waiver. (*See id.* 7). The parties have not reached agreement on the issue of service with respect to Defendant Erika Kullberg, who maintains that service was improper. (*See id.* 7). Plaintiffs request that to the extent Kullberg refuses to authorize her counsel

to accept service on her behalf, that the Court authorize Plaintiffs to serve her through email to her counsel. (*See id.* 2–3 (noting that Defendant Kullberg's "whereabouts are unknown but may be currently outside of the United States" (footnote call number omitted)).

The Court finds that jurisdictional discovery is appropriate; additional jurisdictional facts need not be alleged in Plaintiffs' pleading. Being fully advised, it is

**ORDERED** as follows:

1. Erika Kullberg has until **May 30, 2023** to file a motion challenging the sufficiency of service.

2. The parties have until **May 22, 2023** to serve written jurisdictional discovery requests.

3. Objections to written jurisdictional discovery requests — following proper conferral with opposing counsel — must be exchanged by **May 29, 2023**. Should any objections be served and not resolved by conferral, the moving party or parties shall contact Magistrate Judge Melissa Damian by **June 1, 2023** to arrange a date and time for a discovery hearing.

4. The parties shall complete document production related to personal jurisdiction and answers to interrogatories in response to jurisdictional discovery requests by **June 12, 2023**.

5. Defendants and Plaintiffs shall complete any depositions related to jurisdictional discovery by **June 23, 2023**.

6. Plaintiffs have until **June 30, 2023** to file an amended complaint or a notice advising they intend to proceed with the Complaint [ECF No. 1].

7. Defendants have until **July 18, 2023** to file a combined motion to dismiss for lack of personal jurisdiction and/or to transfer venue, or a notice that they are withdrawing their challenge to personal jurisdiction and/or venue. **No extensions of time will be given for response and reply memoranda.**

8. No answers to the Complaint or motions to dismiss under Federal Rule of Civil Procedure 12(b)(6) shall be filed until after Defendants either file a motion to dismiss for lack of personal jurisdiction and/or to transfer venue or notice that they are withdrawing their challenge to personal jurisdiction and/or venue.

**DONE AND ORDERED** in Miami, Florida, this 19th day of May, 2023.

_____
**CECILIA M. ALTONAGA
CHIEF UNITED STATES DISTRICT JUDGE**

cc: counsel of record