# Exhibit H

**PLAINTIFFS' OMNIBUS MOTION TO LIFT DISCOVERY STAY AND FOR LEAVE TO CONDUCT JURISDICTIONAL DISCOVERY, AND, IF NECESSARY TO AMEND THEIR COMPLAINTS WITH ANY FACTS ARISING FROM SUCH DISCOVERY**

# FORM ADV
## UNIFORM APPLICATION FOR INVESTMENT ADVISER REGISTRATION AND REPORT BY EXEMPT REPORTING ADVISERS

| | |
|---|---|
| **Primary Business Name:** SINO GLOBAL CAPITAL MANAGEMENT LLC | **CRD Number:** 326303 |
| Other-Than-Annual Amendment - All Sections | Rev. 10/2021 |
| 6/30/2023 12:36:30 PM | |

**WARNING:** Complete this form truthfully. False statements or omissions may result in denial of your application, revocation of your registration, or criminal prosecution. You must keep this form updated by filing periodic amendments. See Form ADV General Instruction 4.

### Item 1 Identifying Information

Responses to this Item tell us who you are, where you are doing business, and how we can contact you. If you are filing an *umbrella registration*, the information in Item 1 should be provided for the *filing adviser* only. General Instruction 5 provides information to assist you with filing an *umbrella registration*.

A. Your full legal name (if you are a sole proprietor, your last, first, and middle names):
   **SINO GLOBAL CAPITAL MANAGEMENT LLC**

B. (1) Name under which you primarily conduct your advisory business, if different from Item 1.A.
   **SINO GLOBAL CAPITAL MANAGEMENT LLC**

   List on Section 1.B. of Schedule D any additional names under which you conduct your advisory business.

   (2) If you are using this Form ADV to register more than one investment adviser under an *umbrella registration*, check this box ☐

   If you check this box, complete a Schedule R for each relying adviser.

C. If this filing is reporting a change in your legal name (Item 1.A.) or primary business name (Item 1.B.(1)), enter the new name and specify whether the name change is of
   ☐ your legal name or ☐ your primary business name:

D. (1) If you are registered with the SEC as an investment adviser, your SEC file number:
   (2) If you report to the SEC as an *exempt reporting adviser*, your SEC file number: **802-127878**
   (3) If you have one or more Central Index Key numbers assigned by the SEC ("CIK Numbers"), all of your CIK numbers:
   No Information Filed

E. (1) If you have a number ("*CRD* Number") assigned by the *FINRA's CRD* system or by the IARD system, your *CRD* number: **326303**

   If your firm does not have a CRD number, skip this Item 1.E. Do not provide the CRD number of one of your officers, employees, or affiliates.

   (2) If you have additional *CRD* Numbers, your additional *CRD* numbers:
   No Information Filed

F. *Principal Office and Place of Business*
   (1) Address (do not use a P.O. Box):

   | Number and Street 1: | Number and Street 2: | | |
   |---|---|---|---|
   | 1111 BRICKELL AVENUE, 10TH FLOOR | | | |
   | City: | State: | Country: | ZIP+4/Postal Code: |
   | MIAMI | Florida | United States | 33131 |

   If this address is a private residence, check this box: ☐

   List on Section 1.F. of Schedule D any office, other than your principal office and place of business, at which you conduct investment advisory business. If you are applying for registration, or are registered, with one or more state securities authorities, you must list all of your offices in the state or states to which you are applying for registration or with whom you are registered. If you are applying for SEC registration, if you are registered only with the SEC, or if you are reporting to the SEC as an exempt reporting adviser, list the largest twenty-five offices in terms of numbers of employees as of the end of your most recently completed fiscal year.

   (2) Days of week that you normally conduct business at your *principal office and place of business*:
   ⦿ Monday - Friday  ○ Other:
   Normal business hours at this location:
   9-5
   (3) Telephone number at this location:
   1 206 972 6047
   (4) Facsimile number at this location, if any:
   (5) What is the total number of offices, other than your *principal office and place of business*, at which you conduct investment advisory business as of the end of your most recently completed fiscal year?

G. Mailing address, if different from your *principal office and place of business* address:

- Number and Street 1:
- Number and Street 2:
- City:
- State:
- Country:
- ZIP+4/Postal Code:

If this address is a private residence, check this box: ☐

H. If you are a sole proprietor, state your full residence address, if different from your *principal office and place of business* address in Item 1.F.:

- Number and Street 1:
- Number and Street 2:
- City:
- State:
- Country:
- ZIP+4/Postal Code:

|   | Yes | No |
|---|---|---|
| I. Do you have one or more websites or accounts on publicly available social media platforms (including, but not limited to, Twitter, Facebook and LinkedIn)? | ⦿ | ○ |

If "yes," list all firm website addresses and the address for each of the firm's accounts on publicly available social media platforms on Section 1.I. of Schedule D. If a website address serves as a portal through which to access other information you have published on the web, you may list the portal without listing addresses for all of the other information. You may need to list more than one portal address. Do not provide the addresses of websites or accounts on publicly available social media platforms where you do not control the content. Do not provide the individual electronic mail (e-mail) addresses of employees or the addresses of employee accounts on publicly available social media platforms.

J. Chief Compliance Officer

(1) Provide the name and contact information of your Chief Compliance Officer. If you are an *exempt reporting adviser*, you must provide the contact information for your Chief Compliance Officer, if you have one. If not, you must complete Item 1.K. below.

- Name:
- Other titles, if any:
- Telephone number:
- Facsimile number, if any:
- Number and Street 1:
- Number and Street 2:
- City:
- State:
- Country:
- ZIP+4/Postal Code:

Electronic mail (e-mail) address, if Chief Compliance Officer has one:

(2) If your Chief Compliance Officer is compensated or employed by any *person* other than you, a *related person* or an investment company registered under the Investment Company Act of 1940 that you advise for providing chief compliance officer services to you, provide the *person's* name and IRS Employer Identification Number (if any):

- Name:
- IRS Employer Identification Number:

K. Additional Regulatory Contact Person: If a person other than the Chief Compliance Officer is authorized to receive information and respond to questions about this Form ADV, you may provide that information here.

- Name:
- Titles:
- Telephone number:
- Facsimile number, if any:
- Number and Street 1:
- Number and Street 2:
- City:
- State:
- Country:
- ZIP+4/Postal Code:

Electronic mail (e-mail) address, if contact person has one:

|   | Yes | No |
|---|---|---|
| L. Do you maintain some or all of the books and records you are required to keep under Section 204 of the Advisers Act, or similar state law, somewhere other than your *principal office and place of business*? | ○ | ⦿ |

If "yes," complete Section 1.L. of Schedule D.

|   | Yes | No |
|---|---|---|
| M. Are you registered with a *foreign financial regulatory authority*? | ○ | ⦿ |

Answer "no" if you are not registered with a foreign financial regulatory authority, even if you have an affiliate that is registered with a foreign financial regulatory authority. If "yes," complete Section 1.M. of Schedule D.

|   | Yes | No |
|---|---|---|
| N. Are you a public reporting company under Sections 12 or 15(d) of the Securities Exchange Act of 1934? | ○ | ⦿ |

|   | Yes | No |
|---|---|---|
| O. Did you have $1 billion or more in assets on the last day of your most recent fiscal year? | ○ | ⦿ |

If yes, what is the approximate amount of your assets:

○ $1 billion to less than $10 billion

○ $10 billion to less than $50 billion

For purposes of Item 1.O. only, "assets" refers to your total assets, rather than the assets you manage on behalf of clients. Determine your total assets using the total assets shown on the balance sheet for your most recent fiscal year end.

P.  Provide your *Legal Entity Identifier* if you have one:

A *legal entity identifier* is a unique number that companies use to identify each other in the financial marketplace. You may not have a *legal entity identifier*.

---

**SECTION 1.B. Other Business Names**

No Information Filed

---

**SECTION 1.F. Other Offices**

No Information Filed

---

**SECTION 1.I. Website Addresses**

List your website addresses, including addresses for accounts on publicly available social media platforms where you control the content (including, but not limited to, Twitter, Facebook and/or LinkedIn). You must complete a separate Schedule D Section 1.I. for each website or account on a publicly available social media platform.

Address of Website/Account on Publicly Available Social Media Platform:   https://sinoglobalcapital.com/

Address of Website/Account on Publicly Available Social Media Platform:   https://twitter.com/SinoGlobalCap

Address of Website/Account on Publicly Available Social Media Platform:   https://www.linkedin.com/company/sinoglobalcapital

---

**SECTION 1.L. Location of Books and Records**

No Information Filed

---

**SECTION 1.M. Registration with Foreign Financial Regulatory Authorities**

No Information Filed

---

**Item 2 SEC Registration/Reporting**

**SEC Reporting by *Exempt Reporting Advisers***

B.  Complete this Item 2.B. only if you are reporting to the SEC as an *exempt reporting adviser*. Check all that apply. You:

☑ (1) qualify for the exemption from registration as an adviser solely to one or more venture capital funds, as defined in rule 203(l)-1;

☐ (2) qualify for the exemption from registration because you act solely as an adviser to *private funds* and have assets under management, as defined in rule 203(m)-1, in the United States of less than $150 million;

☐ (3) act solely as an adviser to *private funds* but you are no longer eligible to check box 2.B.(2) because you have assets under management, as defined in rule 203(m)-1, in the United States of $150 million or more.

If you check box (2) or (3), complete Section 2.B. of Schedule D.

---

**SECTION 2.B. *Private Fund* Assets**

If you check Item 2.B.(2) or (3), what is the amount of the *private fund* assets that you manage?   $

**Item 3 Form of Organization**

If you are filing an *umbrella registration*, the information in Item 3 should be provided for the *filing adviser* only.

A. How are you organized?
- ○ Corporation
- ○ Sole Proprietorship
- ○ Limited Liability Partnership (LLP)
- ○ Partnership
- ○ Limited Liability Company (LLC)
- ◉ Limited Partnership (LP)
- ○ Other (specify):

*If you are changing your response to this Item, see Part 1A Instruction 4.*

B. In what month does your fiscal year end each year?
DECEMBER

C. Under the laws of what state or country are you organized?

| State | Country |
|---|---|
| Delaware | United States |

*If you are a partnership, provide the name of the state or country under whose laws your partnership was formed. If you are a sole proprietor, provide the name of the state or country where you reside.*

*If you are changing your response to this Item, see Part 1A Instruction 4.*

**Item 6 Other Business Activities**

In this Item, we request information about your firm's other business activities.

A. You are actively engaged in business as a (check all that apply):
- ☐ (1) broker-dealer (registered or unregistered)
- ☐ (2) registered representative of a broker-dealer
- ☐ (3) commodity pool operator or commodity trading advisor (whether registered or exempt from registration)
- ☐ (4) futures commission merchant
- ☐ (5) real estate broker, dealer, or agent
- ☐ (6) insurance broker or agent
- ☐ (7) bank (including a separately identifiable department or division of a bank)
- ☐ (8) trust company
- ☐ (9) registered municipal advisor
- ☐ (10) registered security-based swap dealer
- ☐ (11) major security-based swap participant
- ☐ (12) accountant or accounting firm
- ☐ (13) lawyer or law firm
- ☐ (14) other financial product salesperson (specify):

*If you engage in other business using a name that is different from the names reported in Items 1.A. or 1.B.(1), complete Section 6.A. of Schedule D.*

|   |   |   | Yes | No |
|---|---|---|---|---|
| B. | (1) | Are you actively engaged in any other business not listed in Item 6.A. (other than giving investment advice)? | ○ | ◉ |
|   | (2) | If yes, is this other business your primary business? | ○ | ○ |

*If "yes," describe this other business on Section 6.B.(2) of Schedule D, and if you engage in this business under a different name, provide that name.*

|   |   |   | Yes | No |
|---|---|---|---|---|
|   | (3) | Do you sell products or provide services other than investment advice to your advisory *clients*? | ○ | ◉ |

*If "yes," describe this other business on Section 6.B.(3) of Schedule D, and if you engage in this business under a different name, provide that name.*

**SECTION 6.A. Names of Your Other Businesses**

**SECTION 6.B.(2) Description of Primary Business**

Describe your primary business (not your investment advisory business):


If you engage in that business under a different name, provide that name:


**SECTION 6.B.(3) Description of Other Products and Services**

Describe other products or services you sell to your *client*. You may omit products and services that you listed in Section 6.B.(2) above.


If you engage in that business under a different name, provide that name:


**Item 7 Financial Industry Affiliations**

In this Item, we request information about your financial industry affiliations and activities. This information identifies areas in which conflicts of interest may occur between you and your *clients*.

A. This part of Item 7 requires you to provide information about you and your *related persons*, including foreign affiliates. Your *related persons* are all of your *advisory affiliates* and any *person* that is under common *control* with you.

You have a *related person* that is a (check all that apply):

- ☐ (1) broker-dealer, municipal securities dealer, or government securities broker or dealer (registered or unregistered)
- ☐ (2) other investment adviser (including financial planners)
- ☐ (3) registered municipal advisor
- ☐ (4) registered security-based swap dealer
- ☐ (5) major security-based swap participant
- ☐ (6) commodity pool operator or commodity trading advisor (whether registered or exempt from registration)
- ☐ (7) futures commission merchant
- ☐ (8) banking or thrift institution
- ☐ (9) trust company
- ☐ (10) accountant or accounting firm
- ☐ (11) lawyer or law firm
- ☐ (12) insurance company or agency
- ☐ (13) pension consultant
- ☐ (14) real estate broker or dealer
- ☐ (15) sponsor or syndicator of limited partnerships (or equivalent), excluding pooled investment vehicles
- ☑ (16) sponsor, general partner, managing member (or equivalent) of pooled investment vehicles

Note that Item 7.A. should not be used to disclose that some of your employees perform investment advisory functions or are registered representatives of a broker-dealer. The number of your firm's employees who perform investment advisory functions should be disclosed under Item 5.B.(1). The number of your firm's employees who are registered representatives of a broker-dealer should be disclosed under Item 5.B.(2).

Note that if you are filing an umbrella registration, you should not check Item 7.A.(2) with respect to your relying advisers, and you do not have to complete Section 7.A. in Schedule D for your relying advisers. You should complete a Schedule R for each relying adviser.

For each related person, including foreign affiliates that may not be registered or required to be registered in the United States, complete Section 7.A. of Schedule D.

You do not need to complete Section 7.A. of Schedule D for any related person if: (1) you have no business dealings with the related person in connection with advisory services you provide to your clients; (2) you do not conduct shared operations with the related person; (3) you do not refer clients or business to the related person, and the related person does not refer prospective clients or business to you; (4) you do not share supervised persons or premises with the related person; and (5) you have no reason to believe that your relationship with the related person otherwise creates a conflict of interest with your clients.

You must complete Section 7.A. of Schedule D for each related person acting as qualified custodian in connection with advisory services you provide to your clients (other than any mutual fund transfer agent pursuant to rule 206(4)-2(b)(1)), regardless of whether you have determined the related person to be operationally independent under rule 206(4)-2 of the Advisers Act.

**SECTION 7.A. Financial Industry Affiliations**

Complete a separate Schedule D Section 7.A. for each *related person* listed in Item 7.A.

1. Legal Name of *Related Person*:
   LIQUID VALUE GP LIMITED

2. Primary Business Name of *Related Person*:
   LIQUID VALUE GP LIMITED

3. *Related Person's* SEC File Number (if any) (e.g., 801-, 8-, 866-, 802-)
   -

4. *Related Person's*
    (a) *CRD* Number (if any):
    (b) CIK Number(s) (if any):
    
    No Information Filed

5. *Related Person* is: (check all that apply)
    (a) ☐ broker-dealer, municipal securities dealer, or government securities broker or dealer
    (b) ☐ other investment adviser (including financial planners)
    (c) ☐ registered municipal advisor
    (d) ☐ registered security-based swap dealer
    (e) ☐ major security-based swap participant
    (f) ☐ commodity pool operator or commodity trading advisor (whether registered or exempt from registration)
    (g) ☐ futures commission merchant
    (h) ☐ banking or thrift institution
    (i) ☐ trust company
    (j) ☐ accountant or accounting firm
    (k) ☐ lawyer or law firm
    (l) ☐ insurance company or agency
    (m) ☐ pension consultant
    (n) ☐ real estate broker or dealer
    (o) ☐ sponsor or syndicator of limited partnerships (or equivalent), excluding pooled investment vehicles
    (p) ☑ sponsor, general partner, managing member (or equivalent) of pooled investment vehicles

                                                                                                          Yes  No
6. Do you *control* or are you *controlled* by the *related person*?                                       ○    ⦿

7. Are you and the *related person* under common *control*?                                                ⦿    ○

8. (a) Does the *related person* act as a qualified custodian for your *clients* in connection with advisory services you provide to *clients*?   ○    ⦿
    (b) If you are registering or registered with the SEC and you have answered "yes," to question 8.(a) above, have you overcome the presumption that you are not operationally independent (pursuant to rule 206(4)-2(d)(5)) from the *related person* and thus are not required to obtain a surprise examination for your *clients*' funds or securities that are maintained at the *related person*?   ○    ○
    (c) If you have answered "yes" to question 8.(a) above, provide the location of the *related person's* office responsible for *custody* of your *clients*' assets:
        Number and Street 1:                                    Number and Street 2:
        City:                     State:                        Country:                    ZIP+4/Postal Code:
        If this address is a private residence, check this box: ☐

                                                                                                          Yes  No
9. (a) If the *related person* is an investment adviser, is it exempt from registration?                   ○    ○
    (b) If the answer is yes, under what exemption?

10. (a) Is the *related person* registered with a *foreign financial regulatory authority* ?              ○    ⦿
    (b) If the answer is yes, list the name and country, in English of each *foreign financial regulatory authority* with which the *related person* is registered.
    
    No Information Filed

11. Do you and the *related person* share any *supervised persons*?                                        ⦿    ○

12. Do you and the *related person* share the same physical location?                                      ⦿    ○

---

**Item 7 *Private Fund* Reporting**

                                                                                                          Yes  No

B. Are you an adviser to any *private fund*?                                                               ⦿    ○

If "yes," then for each private fund that you advise, you must complete a Section 7.B.(1) of Schedule D, except in certain circumstances described in the next sentence and in Instruction 6 of the Instructions to Part 1A. If you are registered or applying for registration with the SEC or reporting as an SEC exempt reporting adviser, and another SEC-registered adviser or SEC exempt reporting adviser reports this information with respect to any such private fund in Section 7.B.(1) of Schedule D of its Form ADV (e.g., if you are a subadviser), do not complete Section 7.B.(1) of Schedule D with respect to that private fund. You must, instead, complete Section 7.B.(2) of Schedule D.

In either case, if you seek to preserve the anonymity of a private fund client by maintaining its identity in your books and records in numerical or alphabetical code, or similar designation, pursuant to rule 204-2(d), you may identify the private fund in Section 7.B.(1) or 7.B.(2) of Schedule D using the same code or designation in place of the fund's name.

SECTION 7.B.(1) Private Fund Reporting
Case 1:23-md-03076-KMM   Document 348-10   Entered on FLSD Docket 11/03/2023   Page 8 of 19

Funds per Page: 15   Total Funds: 2

## A. PRIVATE FUND

**Information About the *Private Fund***

1. (a) Name of the *private fund*:
   LIQUID VALUE OFFSHORE FEEDER FUND I LP

   (b) *Private fund* identification number:
   (include the "805-" prefix also)
   805-3374738176

2. Under the laws of what state or country is the *private fund* organized:
   State:                    Country:
                             Cayman Islands

3. (a) Name(s) of General Partner, Manager, Trustee, or Directors (or *persons* serving in a similar capacity):

   | Name of General Partner, Manager, Trustee, or Director |
   |---|
   | LIQUID VALUE GP LIMITED |

   (b) If filing an *umbrella registration*, identify the *filing adviser* and/or *relying adviser(s)* that sponsor(s) or manage(s) this *private fund*.

   | No Information Filed |
   |---|

4. The *private fund* (check all that apply; you must check at least one):
   ☑ (1) qualifies for the exclusion from the definition of investment company under section 3(c)(1) of the Investment Company Act of 1940
   ☐ (2) qualifies for the exclusion from the definition of investment company under section 3(c)(7) of the Investment Company Act of 1940

5. List the name and country, in English, of each *foreign financial regulatory authority* with which the *private fund* is registered.

   | No Information Filed |
   |---|

6. (a) Is this a "master fund" in a master-feeder arrangement?  Yes ☐  No ☑

   (b) If yes, what is the name and *private fund* identification number (if any) of the feeder funds investing in this *private fund*?

   | No Information Filed |
   |---|

   (c) Is this a "feeder fund" in a master-feeder arrangement?  Yes ☑  No ☐

   (d) If yes, what is the name and *private fund* identification number (if any) of the master fund in which this *private fund* invests?
   Name of *private fund*:
   LIQUID VALUE FUND I LP
   *Private fund* identification number:
   (include the "805-" prefix also)

   NOTE: You must complete question 6 for each master-feeder arrangement regardless of whether you are filing a single Schedule D, Section 7.B.(1) for the master-feeder arrangement or reporting on the funds separately.

7. If you are filing a single Schedule D, Section 7.B.(1) for a master-feeder arrangement according to the instructions to this Section 7.B.(1), for each of the feeder funds answer the following questions:

   | No Information Filed |
   |---|

   NOTE: For purposes of questions 6 and 7, in a master-feeder arrangement, one or more funds ("feeder funds") invest all or substantially all of their assets in a single fund ("master fund"). A fund would also be a "feeder fund" investing in a "master fund" for purposes of this question if it issued multiple classes (or series) of shares or interests, and each class (or series) invests substantially all of its assets in a single master fund.

   Yes  No

8. (a) Is this *private fund* a "fund of funds"?

    NOTE: For purposes of this question only, answer "yes" if the fund invests 10 percent or more of its total assets in other pooled investment vehicles, regardless of whether they are also *private funds* or registered investment companies.

    (b) If yes, does the *private fund* invest in funds managed by you or by a *related person*?

    Yes No

9. During your last fiscal year, did the *private fund* invest in securities issued by investment companies registered under the Investment Company Act of 1940 (other than "money market funds," to the extent provided in Instruction 6.e.)?

10. What type of fund is the *private fund*?

    ○ hedge fund  ○ liquidity fund  ○ private equity fund  ○ real estate fund  ○ securitized asset fund  ⦿ venture capital fund  ○ Other *private fund*:

    NOTE: For definitions of these fund types, please see Instruction 6 of the Instructions to Part 1A.

11. Current gross asset value of the *private fund*:
    $ 111,351,942

**Ownership**

12. Minimum investment commitment required of an investor in the *private fund*:
    $ 1,000,000

    NOTE: Report the amount routinely required of investors who are not your *related persons* (even if different from the amount set forth in the organizational documents of the fund).

13. Approximate number of the *private fund's* beneficial owners:
    20

14. What is the approximate percentage of the *private fund* beneficially owned by you and your *related persons*:
    2%

15. (a) What is the approximate percentage of the *private fund* beneficially owned (in the aggregate) by funds of funds:
    5%

    Yes No

    (b) If the private fund qualifies for the exclusion from the definition of investment company under section 3(c)(1) of the Investment Company Act of 1940, are sales of the fund limited to *qualified clients*?

16. What is the approximate percentage of the *private fund* beneficially owned by non-*United States persons*:
    98%

**Your Advisory Services**

Yes No

17. (a) Are you a subadviser to this *private fund*?

    (b) If the answer to question 17.(a) is "yes," provide the name and SEC file number, if any, of the adviser of the *private fund*. If the answer to question 17.(a) is "no," leave this question blank.

    | No Information Filed |
    |---|

    Yes No

18. (a) Do any investment advisers (other than the investment advisers listed in Section 7.B.(1).A.3.(b)) advise the *private fund*?

    (b) If the answer to question 18.(a) is "yes," provide the name and SEC file number, if any, of the other advisers to the *private fund*. If the answer to question 18.(a) is "no," leave this question blank.

    | No Information Filed |
    |---|

    Yes No

19. Are your *clients* solicited to invest in the *private fund*?

    NOTE: For purposes of this question, do not consider feeder funds of the private fund.

20. Approximately what percentage of your *clients* has invested in the *private fund*?
    0%

**Private Offering**

Yes No

21. Has the *private fund* ever relied on an exemption from registration of its securities under Regulation D of the Securities Act of 1933?

22. If yes, provide the *private fund*'s Form D file number (if any):

| No Information Filed |

## B. SERVICE PROVIDERS

### Auditors

|     |     |     | Yes | No |
| --- | --- | --- | --- | --- |
| 23. (a) | (1) Are the *private fund's* financial statements subject to an annual audit? | | ● | ○ |
| | (2) If the answer to question 23.(a)(1) is "yes," are the financial statements prepared in accordance with U.S. GAAP? | | ● | ○ |

If the answer to question 23.(a)(1) is "yes," respond to questions (b) through (h) below. If the *private fund* uses more than one auditing firm, you must complete questions (b) through (f) separately for each auditing firm.

---

**Additional Auditor Information : 1 Record(s) Filed.**

If the answer to question 23.(a)(1) is "yes," respond to questions (b) through (h) below. If the *private fund* uses more than one auditing firm, you must complete questions (b) through (f) separately for each auditing firm.

(b) Name of the auditing firm:
MARCUM (CAYMAN)

(c) The location of the auditing firm's office responsible for the *private fund's* audit (city, state and country):

| City: | State: | Country: |
| --- | --- | --- |
| GRAND CAYMAN | | Cayman Islands |

|     |     | Yes | No |
| --- | --- | --- | --- |
| (d) | Is the auditing firm an *independent public accountant*? | ● | ○ |
| (e) | Is the auditing firm registered with the Public Company Accounting Oversight Board? | ○ | ● |

If yes, Public Company Accounting Oversight Board-Assigned Number:

| (f) | If "yes" to (e) above, is the auditing firm subject to regular inspection by the Public Company Accounting Oversight Board in accordance with its rules? | ○ | ○ |

---

|     |     | Yes | No |
| --- | --- | --- | --- |
| (g) | Are the *private fund's* audited financial statements for the most recently completed fiscal year distributed to the *private fund's* investors? | ● | ○ |
| (h) | Do all of the reports prepared by the auditing firm for the *private fund* since your last *annual updating amendment* contain unqualified opinions? | | |

○ Yes   ○ No   ● Report Not Yet Received

*If you check "Report Not Yet Received," you must promptly file an amendment to your Form ADV to update your response when the report is available.*

### Prime Broker

|     |     | Yes | No |
| --- | --- | --- | --- |
| 24. (a) | Does the *private fund* use one or more prime brokers? | ○ | ● |

If the answer to question 24.(a) is "yes," respond to questions (b) through (e) below for each prime broker the *private fund* uses. If the *private fund* uses more than one prime broker, you must complete questions (b) through (e) separately for each prime broker.

| No Information Filed |

### Custodian

|     |     | Yes | No |
| --- | --- | --- | --- |
| 25. (a) | Does the *private fund* use any custodians (including the prime brokers listed above) to hold some or all of its assets? | ○ | ● |

If the answer to question 25.(a) is "yes," respond to questions (b) through (g) below for each custodian the *private fund* uses. If the *private fund* uses more than one custodian, you must complete questions (b) through (g) separately for each custodian.

| No Information Filed |

**Administrator**

                                                          Yes No

26. (a) Does the *private fund* use an administrator other than your firm?        ● ○

    If the answer to question 26.(a) is "yes," respond to questions (b) through (f) below. If the *private fund* uses more than one administrator, you must complete questions (b) through (f) separately for each administrator.

    **Additional Administrator Information : 1 Record(s) Filed.**

    If the answer to question 26.(a) is "yes," respond to questions (b) through (f) below. If the *private fund* uses more than one administrator, you must complete questions (b) through (f) separately for each administrator.

    (b) Name of administrator:
        MG STOVER & CO

    (c) Location of administrator (city, state and country):

| City: | State: | Country: |
|---|---|---|
| DENVER | Colorado | United States |

                                                        Yes No

    (d) Is the administrator a *related person* of your firm?      ○ ●

    (e) Does the administrator prepare and send investor account statements to the *private fund's* investors?
       ● Yes (provided to all investors)    ○ Some (provided to some but not all investors)    ○ No (provided to no investors)

    (f) If the answer to question 26.(e) is "no" or "some," who sends the investor account statements to the (rest of the) *private fund's* investors? If investor account statements are not sent to the (rest of the) *private fund's* investors, respond "not applicable."

27. During your last fiscal year, what percentage of the *private fund's* assets (by value) was valued by a *person*, such as an administrator, that is not your *related person*?

    0%

    Include only those assets where (i) such *person* carried out the valuation procedure established for that asset, if any, including obtaining any relevant quotes, and (ii) the valuation used for purposes of investor subscriptions, redemptions or distributions, and fee calculations (including allocations) was the valuation determined by such *person*.

**Marketers**

                                                          Yes No

28. (a) Does the *private fund* use the services of someone other than you or your *employees* for marketing purposes?    ○ ●

    You must answer "yes" whether the *person* acts as a placement agent, consultant, finder, introducer, municipal advisor or other solicitor, or similar *person*. If the answer to question 28.(a) is "yes," respond to questions (b) through (g) below for each such marketer the *private fund* uses. If the *private fund* uses more than one marketer you must complete questions (b) through (g) separately for each marketer.

    No Information Filed

---

A. PRIVATE FUND

**Information About the *Private Fund***

1. (a) Name of the *private fund*:
        LIQUID VALUE US FUND I LP

   (b) *Private fund* identification number:
       (include the "805-" prefix also)
       805-4350860371

2. Under the laws of what state or country is the *private fund* organized:

| State: | Country: |
|---|---|
| Delaware | United States |

3. (a) Name(s) of General Partner, Manager, Trustee, or Directors (or *persons* serving in a similar capacity):

| Name of General Partner, Manager, Trustee, or Director |
|---|
| LIQUID VALUE GP LIMITED |

(b) If filing an *umbrella registration*, identify the *filing adviser* and/or *relying adviser(s)* that sponsor(s) or manage(s) this *private fund*.

| |
|---|
| No Information Filed |

4. The *private fund* (check all that apply; you must check at least one):

   ☑ (1) qualifies for the exclusion from the definition of investment company under section 3(c)(1) of the Investment Company Act of 1940

   ☐ (2) qualifies for the exclusion from the definition of investment company under section 3(c)(7) of the Investment Company Act of 1940

5. List the name and country, in English, of each *foreign financial regulatory authority* with which the *private fund* is registered.

| |
|---|
| No Information Filed |

|  | Yes | No |
|---|---|---|
| 6. (a) Is this a "master fund" in a master-feeder arrangement? | ○ | ⊙ |

(b) If yes, what is the name and *private fund* identification number (if any) of the feeder funds investing in this *private fund*?

| |
|---|
| No Information Filed |

|  | Yes | No |
|---|---|---|
| (c) Is this a "feeder fund" in a master-feeder arrangement? | ⊙ | ○ |

(d) If yes, what is the name and *private fund* identification number (if any) of the master fund in which this *private fund* invests?

Name of *private fund*:
LIQUID VALUE FUND I LP

*Private fund* identification number:
(include the "805-" prefix also)

NOTE: You must complete question 6 for each master-feeder arrangement regardless of whether you are filing a single Schedule D, Section 7.B.(1) for the master-feeder arrangement or reporting on the funds separately.

7. If you are filing a single Schedule D, Section 7.B.(1) for a master-feeder arrangement according to the instructions to this Section 7.B.(1), for each of the feeder funds answer the following questions:

| |
|---|
| No Information Filed |

NOTE: For purposes of questions 6 and 7, in a master-feeder arrangement, one or more funds ("feeder funds") invest all or substantially all of their assets in a single fund ("master fund"). A fund would also be a "feeder fund" investing in a "master fund" for purposes of this question if it issued multiple classes (or series) of shares or interests, and each class (or series) invests substantially all of its assets in a single master fund.

|  | Yes | No |
|---|---|---|
| 8. (a) Is this *private fund* a "fund of funds"? | ○ | ⊙ |

NOTE: For purposes of this question only, answer "yes" if the fund invests 10 percent or more of its total assets in other pooled investment vehicles, regardless of whether they are also *private funds* or registered investment companies.

|  | Yes | No |
|---|---|---|
| (b) If yes, does the *private fund* invest in funds managed by you or by a *related person*? | ○ | ○ |

|  | Yes | No |
|---|---|---|
| 9. During your last fiscal year, did the *private fund* invest in securities issued by investment companies registered under the Investment Company Act of 1940 (other than "money market funds," to the extent provided in Instruction 6.e.)? | ○ | ⊙ |

10. What type of fund is the *private fund*?

    ○ hedge fund  ○ liquidity fund  ○ private equity fund  ○ real estate fund  ○ securitized asset fund  ⊙ venture capital fund  ○ Other *private fund*:

    NOTE: For definitions of these fund types, please see Instruction 6 of the Instructions to Part 1A.

11. Current gross asset value of the *private fund*:

    $ 53,543,260

**Ownership**

12. Minimum investment commitment required of an investor in the *private fund*:
    $ 2,000,001

    NOTE: Report the amount routinely required of investors who are not your *related persons* (even if different from the amount set forth in the organizational documents of the fund).

13. Approximate number of the *private fund's* beneficial owners:
    25

14. What is the approximate percentage of the *private fund* beneficially owned by you and your *related persons*:
    2%

15. (a) What is the approximate percentage of the *private fund* beneficially owned (in the aggregate) by funds of funds:
    8%

    |  | Yes | No |
    |---|---|---|
    | (b) If the private fund qualifies for the exclusion from the definition of investment company under section 3(c)(1) of the Investment Company Act of 1940, are sales of the fund limited to *qualified clients*? | ● | ○ |

16. What is the approximate percentage of the *private fund* beneficially owned by non-*United States persons*:
    1%

**Your Advisory Services**

|  | Yes | No |
|---|---|---|
| 17. (a) Are you a subadviser to this *private fund*? | ○ | ● |

(b) If the answer to question 17.(a) is "yes," provide the name and SEC file number, if any, of the adviser of the *private fund*. If the answer to question 17.(a) is "no," leave this question blank.

| No Information Filed |
|---|

|  | Yes | No |
|---|---|---|
| 18. (a) Do any investment advisers (other than the investment advisers listed in Section 7.B.(1).A.3.(b)) advise the *private fund*? | ○ | ● |

(b) If the answer to question 18.(a) is "yes," provide the name and SEC file number, if any, of the other advisers to the *private fund*. If the answer to question 18.(a) is "no," leave this question blank.

| No Information Filed |
|---|

|  | Yes | No |
|---|---|---|
| 19. Are your *clients* solicited to invest in the *private fund*? | ○ | ● |

NOTE: For purposes of this question, do not consider feeder funds of the private fund.

20. Approximately what percentage of your *clients* has invested in the *private fund*?
    0%

**Private Offering**

|  | Yes | No |
|---|---|---|
| 21. Has the *private fund* ever relied on an exemption from registration of its securities under Regulation D of the Securities Act of 1933? | ● | ○ |

22. If yes, provide the *private fund's* Form D file number (if any):

| Form D file number |
|---|
| 021-424560 |

B. SERVICE PROVIDERS

**Auditors**

|  | Yes | No |
|---|---|---|
| 23. (a) (1) Are the *private fund's* financial statements subject to an annual audit? | ● | ○ |
| (2) If the answer to question 23.(a)(1) is "yes," are the financial statements prepared in accordance with U.S. GAAP? | ● | ○ |

If the answer to question 23.(a)(1) is "yes," respond to questions (b) through (h) below. If the *private fund* uses more than one auditing firm, you must complete questions (b) through (f) separately for each auditing firm.

| Additional Auditor Information : 1 Record(s) Filed. |
|---|
| If the answer to question 23.(a)(1) is "yes," respond to questions (b) through (h) below. If the *private fund* uses more than one auditing firm, you must complete questions (b) through (f) separately for each auditing firm. |

(b) Name of the auditing firm:
MARCUM (CAYMAN)

(c) The location of the auditing firm's office responsible for the *private fund's* audit (city, state and country):

City:  
GRAND CAYMAN

State:

Country:  
Cayman Islands

| | Yes | No |
|---|---|---|
| (d) Is the auditing firm an *independent public accountant*? | ● | ○ |
| (e) Is the auditing firm registered with the Public Company Accounting Oversight Board? | ○ | ● |

If yes, Public Company Accounting Oversight Board-Assigned Number:

| | Yes | No |
|---|---|---|
| (f) If "yes" to (e) above, is the auditing firm subject to regular inspection by the Public Company Accounting Oversight Board in accordance with its rules? | ○ | ○ |

| | Yes | No |
|---|---|---|
| (g) Are the *private fund's* audited financial statements for the most recently completed fiscal year distributed to the *private fund's* investors? | ● | ○ |

(h) Do all of the reports prepared by the auditing firm for the *private fund* since your last *annual updating amendment* contain unqualified opinions?

○ Yes  ○ No  ● Report Not Yet Received

*If you check "Report Not Yet Received," you must promptly file an amendment to your Form ADV to update your response when the report is available.*

**Prime Broker**

| | Yes | No |
|---|---|---|
| 24. (a) Does the *private fund* use one or more prime brokers? | ○ | ● |

If the answer to question 24.(a) is "yes," respond to questions (b) through (e) below for each prime broker the *private fund* uses. If the *private fund* uses more than one prime broker, you must complete questions (b) through (e) separately for each prime broker.

No Information Filed

**Custodian**

| | Yes | No |
|---|---|---|
| 25. (a) Does the *private fund* use any custodians (including the prime brokers listed above) to hold some or all of its assets? | ○ | ● |

If the answer to question 25.(a) is "yes," respond to questions (b) through (g) below for each custodian the *private fund* uses. If the *private fund* uses more than one custodian, you must complete questions (b) through (g) separately for each custodian.

No Information Filed

**Administrator**

| | Yes | No |
|---|---|---|
| 26. (a) Does the *private fund* use an administrator other than your firm? | ● | ○ |

If the answer to question 26.(a) is "yes," respond to questions (b) through (f) below. If the *private fund* uses more than one administrator, you must complete questions (b) through (f) separately for each administrator.

**Additional Administrator Information : 1 Record(s) Filed.**

If the answer to question 26.(a) is "yes," respond to questions (b) through (f) below. If the *private fund* uses more than one administrator, you must complete questions (b) through (f) separately for each administrator.

(b) Name of administrator:  
MG STOVER & CO

(c) Location of administrator (city, state and country):

City:  
DENVER

State:  
Colorado

Country:  
United States

|  |  | Yes | No |
|---|---|---|---|
| (d) | Is the administrator a *related person* of your firm? | ○ | ⊙ |

(e) Does the administrator prepare and send investor account statements to the *private fund's* investors?

⊙ Yes (provided to all investors)   ○ Some (provided to some but not all investors)   ○ No (provided to no investors)

(f) If the answer to question 26.(e) is "no" or "some," who sends the investor account statements to the (rest of the) *private fund's* investors? If investor account statements are not sent to the (rest of the) *private fund's* investors, respond "not applicable."

---

27. During your last fiscal year, what percentage of the *private fund's* assets (by value) was valued by a *person*, such as an administrator, that is not your *related person*?

    0%

    Include only those assets where (i) such *person* carried out the valuation procedure established for that asset, if any, including obtaining any relevant quotes, and (ii) the valuation used for purposes of investor subscriptions, redemptions or distributions, and fee calculations (including allocations) was the valuation determined by such *person*.

**Marketers**

|  |  | Yes | No |
|---|---|---|---|
| 28. (a) | Does the *private fund* use the services of someone other than you or your *employees* for marketing purposes? | ○ | ⊙ |

You must answer "yes" whether the *person* acts as a placement agent, consultant, finder, introducer, municipal advisor or other solicitor, or similar *person*. If the answer to question 28.(a) is "yes," respond to questions (b) through (g) below for each such marketer the *private fund* uses. If the *private fund* uses more than one marketer you must complete questions (b) through (g) separately for each marketer.

No Information Filed

Funds per Page: 15    Total Funds: 2

---

### SECTION 7.B.(2) *Private Fund* Reporting

No Information Filed

---

### Item 10 Control Persons

In this Item, we ask you to identify every *person* that, directly or indirectly, *controls* you. If you are filing an *umbrella registration*, the information in Item 10 should be provided for the *filing adviser* only.

If you are submitting an initial application or report, you must complete Schedule A and Schedule B. Schedule A asks for information about your direct owners and executive officers. Schedule B asks for information about your indirect owners. If this is an amendment and you are updating information you reported on either Schedule A or Schedule B (or both) that you filed with your initial application or report, you must complete Schedule C.

|  |  | Yes | No |
|---|---|---|---|
| A. | Does any *person* not named in Item 1.A. or Schedules A, B, or C, directly or indirectly, *control* your management or policies? | ○ | ⊙ |

   If yes, complete Section 10.A. of Schedule D.

B. If any *person* named in Schedules A, B, or C or in Section 10.A. of Schedule D is a public reporting company under Sections 12 or 15(d) of the Securities Exchange Act of 1934, please complete Section 10.B. of Schedule D.

---

### SECTION 10.A. *Control Persons*

No Information Filed

---

### SECTION 10.B. *Control Person* Public Reporting Companies

No Information Filed

## Item 11 Disclosure Information

In this Item, we ask for information about your disciplinary history and the disciplinary history of all your *advisory affiliates*. We use this information to determine whether to grant your application for registration, to decide whether to revoke your registration or to place limitations on your activities as an investment adviser, and to identify potential problem areas to focus on during our on-site examinations. One event may result in "yes" answers to more than one of the questions below. In accordance with General Instruction 5 to Form ADV, "you" and "your" include the *filing adviser* and all *relying advisers* under an *umbrella registration*.

Your *advisory affiliates* are: (1) all of your current *employees* (other than *employees* performing only clerical, administrative, support or similar functions); (2) all of your officers, partners, or directors (or any *person* performing similar functions); and (3) all *persons* directly or indirectly *controlling* you or *controlled* by you. If you are a "separately identifiable department or division" (SID) of a bank, see the Glossary of Terms to determine who your *advisory affiliates* are.

*If you are registered or registering with the SEC or if you are an exempt reporting adviser, you may limit your disclosure of any event listed in Item 11 to ten years following the date of the event. If you are registered or registering with a state, you must respond to the questions as posed; you may, therefore, limit your disclosure to ten years following the date of an event only in responding to Items 11.A.(1), 11.A.(2), 11.B.(1), 11.B.(2), 11.D.(4), and 11.H.(1)(a). For purposes of calculating this ten-year period, the date of an event is the date the final order, judgment, or decree was entered, or the date any rights of appeal from preliminary orders, judgments, or decrees lapsed.*

You must complete the appropriate Disclosure Reporting Page ("DRP") for "yes" answers to the questions in this Item 11.

|  | Yes | No |
|---|---|---|
| Do any of the events below involve you or any of your *supervised persons*? | ○ | ◉ |

For "yes" answers to the following questions, complete a Criminal Action DRP:

A. In the past ten years, have you or any *advisory affiliate*: **Yes No**

   (1) been convicted of or pled guilty or nolo contendere ("no contest") in a domestic, foreign, or military court to any *felony*? ○ ◉

   (2) been *charged* with any *felony*? ○ ◉

*If you are registered or registering with the SEC, or if you are reporting as an exempt reporting adviser, you may limit your response to Item 11.A.(2) to charges that are currently pending.*

B. In the past ten years, have you or any *advisory affiliate*:

   (1) been convicted of or pled guilty or nolo contendere ("no contest") in a domestic, foreign, or military court to a *misdemeanor* involving: investments or an *investment-related* business, or any fraud, false statements, or omissions, wrongful taking of property, bribery, perjury, forgery, counterfeiting, extortion, or a conspiracy to commit any of these offenses? ○ ◉

   (2) been *charged* with a *misdemeanor* listed in Item 11.B.(1)? ○ ◉

*If you are registered or registering with the SEC, or if you are reporting as an exempt reporting adviser, you may limit your response to Item 11.B.(2) to charges that are currently pending.*

For "yes" answers to the following questions, complete a Regulatory Action DRP:

C. Has the SEC or the Commodity Futures Trading Commission (CFTC) ever: **Yes No**

   (1) *found* you or any *advisory affiliate* to have made a false statement or omission? ○ ◉

   (2) *found* you or any *advisory affiliate* to have been *involved* in a violation of SEC or CFTC regulations or statutes? ○ ◉

   (3) *found* you or any *advisory affiliate* to have been a cause of an *investment-related* business having its authorization to do business denied, suspended, revoked, or restricted? ○ ◉

   (4) entered an *order* against you or any *advisory affiliate* in connection with *investment-related* activity? ○ ◉

   (5) imposed a civil money penalty on you or any *advisory affiliate*, or *ordered* you or any *advisory affiliate* to cease and desist from any activity? ○ ◉

D. Has any other federal regulatory agency, any state regulatory agency, or any *foreign financial regulatory authority*:

   (1) ever *found* you or any *advisory affiliate* to have made a false statement or omission, or been dishonest, unfair, or unethical? ○ ◉

   (2) ever *found* you or any *advisory affiliate* to have been *involved* in a violation of *investment-related* regulations or statutes? ○ ◉

   (3) ever *found* you or any *advisory affiliate* to have been a cause of an *investment-related* business having its authorization to do business denied, suspended, revoked, or restricted? ○ ◉

   (4) in the past ten years, entered an *order* against you or any *advisory affiliate* in connection with an *investment-related* activity? ○ ◉

   (5) ever denied, suspended, or revoked your or any *advisory affiliate's* registration or license, or otherwise prevented you or any *advisory affiliate*, by *order*, from associating with an *investment-related* business or restricted your or any *advisory affiliate's* activity? ○ ◉

E. Has any *self-regulatory organization* or commodities exchange ever:

   (1) *found* you or any *advisory affiliate* to have made a false statement or omission? ○ ◉

   (2) *found* you or any *advisory affiliate* to have been *involved* in a violation of its rules (other than a violation designated as a "*minor rule violation*" under a plan approved by the SEC)? ○ ◉

   (3) *found* you or any *advisory affiliate* to have been the cause of an *investment-related* business having its authorization to do business denied, suspended, revoked, or restricted? ○ ◉

   (4) disciplined you or any *advisory affiliate* by expelling or suspending you or the *advisory affiliate* from membership, barring or suspending you or the *advisory affiliate* from association with other members, or otherwise restricting your or the *advisory affiliate's* activities? ○ ◉

| | | | | Yes | No |
|---|---|---|---|---|---|
| F. | | Has an authorization to act as an attorney, accountant, or federal contractor granted to you or any *advisory affiliate* ever been revoked or suspended? | | ○ | ◉ |
| G. | | Are you or any *advisory affiliate* now the subject of any regulatory *proceeding* that could result in a "yes" answer to any part of Item 11.C., 11.D., or 11.E.? | | ○ | ◉ |

For "yes" answers to the following questions, complete a Civil Judicial Action DRP:

| | | | Yes | No |
|---|---|---|---|---|
| H. | (1) | Has any domestic or foreign court: | | |
| | (a) | in the past ten years, *enjoined* you or any *advisory affiliate* in connection with any *investment-related* activity? | ○ | ◉ |
| | (b) | ever *found* that you or any *advisory affiliate* were *involved* in a violation of *investment-related* statutes or regulations? | ○ | ◉ |
| | (c) | ever dismissed, pursuant to a settlement agreement, an *investment-related* civil action brought against you or any *advisory affiliate* by a state or *foreign financial regulatory authority*? | ○ | ◉ |
| | (2) | Are you or any *advisory affiliate* now the subject of any civil *proceeding* that could result in a "yes" answer to any part of Item 11.H.(1)? | ○ | ◉ |

## Schedule A
**Direct Owners and Executive Officers**

1. Complete Schedule A only if you are submitting an initial application or report. Schedule A asks for information about your direct owners and executive officers. Use Schedule C to amend this information.
2. Direct Owners and Executive Officers. List below the names of:
   (a) each Chief Executive Officer, Chief Financial Officer, Chief Operations Officer, Chief Legal Officer, Chief Compliance Officer(Chief Compliance Officer is required if you are registered or applying for registration and cannot be more than one individual), director, and any other individuals with similar status or functions;
   (b) if you are organized as a corporation, each shareholder that is a direct owner of 5% or more of a class of your voting securities, unless you are a public reporting company (a company subject to Section 12 or 15(d) of the Exchange Act);
   Direct owners include any *person* that owns, beneficially owns, has the right to vote, or has the power to sell or direct the sale of, 5% or more of a class of your voting securities. For purposes of this Schedule, a *person* beneficially owns any securities: (i) owned by his/her child, stepchild, grandchild, parent, stepparent, grandparent, spouse, sibling, mother-in-law, father-in-law, son-in-law, daughter-in-law, brother-in-law, or sister-in-law, sharing the same residence; or (ii) that he/she has the right to acquire, within 60 days, through the exercise of any option, warrant, or right to purchase the security.
   (c) if you are organized as a partnership, <u>all</u> general partners and those limited and special partners that have the right to receive upon dissolution, or have contributed, 5% or more of your capital;
   (d) in the case of a trust that directly owns 5% or more of a class of your voting securities, or that has the right to receive upon dissolution, or has contributed, 5% or more of your capital, the trust and each trustee; and
   (e) if you are organized as a limited liability company ("LLC"), (i) those members that have the right to receive upon dissolution, or have contributed, 5% or more of your capital, and (ii) if managed by elected managers, all elected managers.
3. Do you have any indirect owners to be reported on Schedule B?   ○ Yes   ◉ No
4. In the DE/FE/I column below, enter "DE" if the owner is a domestic entity, "FE" if the owner is an entity incorporated or domiciled in a foreign country, or "I" if the owner or executive officer is an individual.
5. Complete the Title or Status column by entering board/management titles; status as partner, trustee, sole proprietor, elected manager, shareholder, or member; and for shareholders or members, the class of securities owned (if more than one is issued).
6. Ownership codes are:   NA - less than 5%      B - 10% but less than 25%   D - 50% but less than 75%
                           A - 5% but less than 10%   C - 25% but less than 50%   E - 75% or more
7. (a) In the *Control Person* column, enter "Yes" if the *person* has *control* as defined in the Glossary of Terms to Form ADV, and enter "No" if the *person* does not have *control*. Note that under this definition, most executive officers and all 25% owners, general partners, elected managers, and trustees are *control persons*.
   (b) In the PR column, enter "PR" if the owner is a public reporting company under Sections 12 or 15(d) of the Exchange Act.
   (c) Complete each column.

| FULL LEGAL NAME (Individuals: Last Name, First Name, Middle Name) | DE/FE/I | Title or Status | Date Title or Status Acquired MM/YYYY | Ownership Code | Control Person | PR | CRD No. If None: S.S. No. and Date of Birth, IRS Tax No. or Employer ID No. |
|---|---|---|---|---|---|---|---|
| Graham, Matthew | I | MANAGING MEMBER | 12/2022 | E | Y | N | 7495930 |

## Schedule B
**Indirect Owners**

1. Complete Schedule B only if you are submitting an initial application or report. Schedule B asks for information about your indirect owners; you must first complete Schedule A, which asks for information about your direct owners. Use Schedule C to amend this information.
2. Indirect Owners. With respect to each owner listed on Schedule A (except individual owners), list below:
   (a) in the case of an owner that is a corporation, each of its shareholders that beneficially owns, has the right to vote, or has the power to sell or direct the sale of, 25% or more of a class of a voting security of that corporation;

   For purposes of this Schedule, a *person* beneficially owns any securities: (i) owned by his/her child, stepchild, grandchild, parent, stepparent, grandparent, spouse, sibling, mother-in-law, father-in-law, son-in-law, daughter-in-law, brother-in-law, or sister-in-law, sharing the same residence; or (ii) that he/she has the right to acquire, within 60 days, through the exercise of any option, warrant, or right to purchase the security.
   (b) in the case of an owner that is a partnership, <u>all</u> general partners and those limited and special partners that have the right to receive upon dissolution, or have contributed, 25% or more of the partnership's capital;

(c) in the case of an owner that is a trust, the trust and each trustee; and

(d) in the case of an owner that is a limited liability company, (i) those members that have the right to receive upon dissolution, or have contributed, 25% or more of the LLC's capital, and (ii) if managed by elected managers, all elected managers.

3. Continue up the chain of ownership listing all 25% owners at each level. Once a public reporting company (a company subject to Sections 12 or 15(d) of the Exchange Act) is reached, no further ownership information need be given.

4. In the DE/FE/I column below, enter "DE" if the owner is a domestic entity, "FE" if the owner is an entity incorporated or domiciled in a foreign country, or "I" if the owner is an individual.

5. Complete the Status column by entering the owner's status as partner, trustee, elected manager, shareholder, or member; and for shareholders or members, the class of securities owned (if more than one is issued).

6.  Ownership codes are:    C - 25% but less than 50%    E - 75% or more
                            D - 50% but less than 75%    F - Other (general partner, trustee, or elected manager)

7. (a) In the *Control Person* column, enter "Yes" if the *person* has *control* as defined in the Glossary of Terms to Form ADV, and enter "No" if the *person* does not have *control*. Note that under this definition, most executive officers and all 25% owners, general partners, elected managers, and trustees are *control persons*.

   (b) In the PR column, enter "PR" if the owner is a public reporting company under Sections 12 or 15(d) of the Exchange Act.

   (c) Complete each column.

No Information Filed


**Schedule D - Miscellaneous**

You may use the space below to explain a response to an Item or to provide any other information.


**DRP Pages**

**CRIMINAL DISCLOSURE REPORTING PAGE (ADV)**

No Information Filed

**REGULATORY ACTION DISCLOSURE REPORTING PAGE (ADV)**

No Information Filed

**CIVIL JUDICIAL ACTION DISCLOSURE REPORTING PAGE (ADV)**

No Information Filed


**Execution Pages**

**DOMESTIC INVESTMENT ADVISER EXECUTION PAGE**

You must complete the following Execution Page to Form ADV. This execution page must be signed and attached to your initial submission of Form ADV to the SEC and all amendments.

Appointment of Agent for Service of Process

By signing this Form ADV Execution Page, you, the undersigned adviser, irrevocably appoint the Secretary of State or other legally designated officer, of the state in which you maintain your *principal office and place of business* and any other state in which you are submitting a *notice filing*, as your agents to receive service, and agree that such *persons* may accept service on your behalf, of any notice, subpoena, summons, *order* instituting *proceedings*, demand for arbitration, or other process or papers, and you further agree that such service may be made by registered or certified mail, in any federal or state action, administrative *proceeding* or arbitration brought against you in any place subject to the jurisdiction of the United States, if the action, *proceeding*, or arbitration (a) arises out of any activity in connection with your investment advisory business that is subject to the jurisdiction of the United States, and (b) is *founded*, directly or indirectly, upon the provisions of: (i) the Securities Act of 1933, the Securities Exchange Act of 1934, the Trust Indenture Act of 1939, the Investment Company Act of 1940, or the Investment Advisers Act of 1940, or any rule or regulation under any of these acts, or (ii) the laws of the state in which you maintain your *principal office and place of business* or of any state in which you are submitting a *notice filing*.

Signature

I, the undersigned, sign this Form ADV on behalf of, and with the authority of, the investment adviser. The investment adviser and I both certify, under penalty of perjury under the laws of the United States of America, that the information and statements made in this ADV, including exhibits and any other information submitted, are true and correct, and that I am signing this Form ADV Execution Page as a free and voluntary act.

I certify that the adviser's books and records will be preserved and available for inspection as required by law. Finally, I authorize any *person* having *custody* or possession of these books and records to make them available to federal and state regulatory representatives.

| Signature: PATRICK LONEY | Date: MM/DD/YYYY 06/30/2023 |
|---|---|
| Printed Name: PATRICK LONEY | Title: GENERAL COUNSEL |
| Adviser *CRD* Number: 326303 | |

## **NON-RESIDENT** INVESTMENT ADVISER EXECUTION PAGE

You must complete the following Execution Page to Form ADV. This execution page must be signed and attached to your initial submission of Form ADV to the SEC and all amendments.

1. Appointment of Agent for Service of Process

By signing this Form ADV Execution Page, you, the undersigned adviser, irrevocably appoint each of the Secretary of the SEC, and the Secretary of State or other legally designated officer, of any other state in which you are submitting a *notice filing*, as your agents to receive service, and agree that such persons may accept service on your behalf, of any notice, subpoena, summons, *order* instituting *proceedings*, demand for arbitration, or other process or papers, and you further agree that such service may be made by registered or certified mail, in any federal or state action, administrative *proceeding* or arbitration brought against you in any place subject to the jurisdiction of the United States, if the action, *proceeding* or arbitration (a) arises out of any activity in connection with your investment advisory business that is subject to the jurisdiction of the United States, and (b) is *founded*, directly or indirectly, upon the provisions of: (i) the Securities Act of 1933, the Securities Exchange Act of 1934, the Trust Indenture Act of 1939, the Investment Company Act of 1940, or the Investment Advisers Act of 1940, or any rule or regulation under any of these acts, or (ii) the laws of any state in which you are submitting a *notice filing*.

2. Appointment and Consent: Effect on Partnerships

If you are organized as a partnership, this irrevocable power of attorney and consent to service of process will continue in effect if any partner withdraws from or is admitted to the partnership, provided that the admission or withdrawal does not create a new partnership. If the partnership dissolves, this irrevocable power of attorney and consent shall be in effect for any action brought against you or any of your former partners.

3. *Non-Resident* Investment Adviser Undertaking Regarding Books and Records

By signing this Form ADV, you also agree to provide, at your own expense, to the U.S. Securities and Exchange Commission at its principal office in Washington D.C., at any Regional or District Office of the Commission, or at any one of its offices in the United States, as specified by the Commission, correct, current, and complete copies of any or all records that you are required to maintain under Rule 204-2 under the Investment Advisers Act of 1940. This undertaking shall be binding upon you, your heirs, successors and assigns, and any *person* subject to your written irrevocable consents or powers of attorney or any of your general partners and *managing agents*.

Signature

I, the undersigned, sign this Form ADV on behalf of, and with the authority of, the *non-resident* investment adviser. The investment adviser and I both certify, under penalty of perjury under the laws of the United States of America, that the information and statements made in this ADV, including exhibits and any other information submitted, are true and correct, and that I am signing this Form ADV Execution Page as a free and voluntary act.

I certify that the adviser's books and records will be preserved and available for inspection as required by law. Finally, I authorize any *person* having *custody* or possession of these books and records to make them available to federal and state regulatory representatives.

| Signature: | Date: MM/DD/YYYY |
|---|---|
| Printed Name: | Title: |
| Adviser *CRD* Number: 326303 | |