**IN THE UNITED STATES DISRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**
**MIAMI DIVISION**
MDL No. 3076
Case No. 1:23-md-03076-KMM

**IN RE:**

**FTX Cryptocurrency Exchange Collapse Litigation**

This Document Relates To:

*Garrison v. Bankman-Fried*,
Case No. 22-cv-23753-MOORE/OTAZO-REYES

_____ /

**PLAINTIFFS' RESPONSE IN OPPOSITION TO DEFENDANT**
**GISELE BÜNDCHEN'S INDIVIDUAL MOTION TO DISMISS**
<u>**AND INCORPORATED MEMORANDUM OF LAW [ECF 273]**</u>

Plaintiffs respectfully submit this Response to Defendant Gisele Bündchen's Individual Motion to Dismiss (ECF No. 273), and states as follows:[1]

## ARGUMENT & AUTHORITIES

**A.     Plaintiffs Adequately Pleaded that Defendant Sold and Solicited the Sale of Securities.**

The complaint plausibly alleges Defendant personally participated in the sale of YBAs and FTTs, and promoted the deceptive FTX Platform. She partnered with FTX to provide spokesperson and marketing services and was its "brand ambassador" and "Environmental and Social Initiatives Head." CAC ¶¶ 57, 293, 295. She solicited the sale of securities by posting on social media, making personal appearances, and appearing in television and print advertising. *Id.* ¶¶ 293, 299. Bankman-Fried touted that Defendant took an equity stake in the company as a means as promotion. *Id.* ¶ 297. While Defendant fleetingly claims her "advertisements…focused on the FTX brand or platform [and] not any specific product," (ECF No. 273 at 1) her solicitation of investors was necessary to FTX's campaign. CAC ¶ 274 ("FTX's brand ambassadors…had a critical role in portraying FTX as being 'safe' and 'compliant.'"); ¶ 283 ("FTX's explanation for using stars like…Bunchden…and the other Defendants was no secret."); ¶ 284 ("the FTX Group needed celebrities like Defendants to continue funneling investors into the FTX Ponzi scheme, and to promote and substantially assist in the sale of unregistered securities, including the YBAs").

Defendant asserts that "general promotions are insufficient to establish that Ms. Bündchen sold or solicited the sale of YBAs or FTT." ECF No. 273 at 1. However, Plaintiffs' allegations confirm otherwise. "The necessary participant/substantial factor test essentially asks whether, but for the defendant's participation, the sale transaction would not have taken place." *Scheck Invs., L.P. v. Kensington Mgmt., Inc.*, No. 04-21160-CIV, 2009 WL 10668565, at *4 (S.D. Fla. June 17,

---

[1] Plaintiffs incorporate by reference their responses to ECF Nos. 265, 266, 268, and 271.

2009) (citations and quotations omitted) (holding that a reasonable jury could find that recruiting agents who aided a company in finding sales agents to sell the company's unregistered securities was a substantial factor in making it possible for company to sell the unregistered securities to unwitting purchasers); *see also Wildes v. BitConnect Int'l PLC*, 25 F. 4th 1341, 1346 (11th Cir. 2022) (holding that to find a promoter of an unregistered security liable under federal securities law, the plaintiffs must plausibly allege that the defendants "urged or persuaded" the Plaintiffs to buy the unregistered security). Defendant filmed a commercial called "FTX. You in?" showing her telling acquaintances to join the deceptive FTX platform. CAC ¶ 301. She and Tom Brady starred in a commercial in which Brady is shown executing a trade on the FTX platform and explaining, "I mean trading crypto. FTX is the safest and easiest way to buy and sell crypto. It's the best way to get in the game." *Id.* ¶ 304. Defendant Bündchen replies, "yeah, yeah, trade. We're telling everyone." *Id.* By promoting the FTX platform and soliciting Plaintiffs to open accounts, the Celebrity Defendants were necessarily aiding in the sale of the unregistered securities that were available on FTX's platform.

Defendant appeared alongside Bankman-Fried at the Salt Crypto Bahamas Conference. *Id.* ¶ 308. There, FTX launched its first print ad campaign called "In On," which featured Defendant. *Id.* ¶ 314. She posted TikToks during the conference promoting FTX. *Id.* ¶ 311. Vogue published an article after her appearance quoting her at length discussing her relationship with FTX. *Id.* ¶ 312. Bankman-Fried discussed Defendant's impact on the brand in an interview with Fast Company, stating "Bündchen might be the ideal voice for FTX…We're excited for her to help amplify the message, and to get people both in the industry and outside of it on board." *Id.* ¶ 318.

The overarching objective of Defendant's partnership with FTX was for Defendant to solicit investors in FTX's crypto-related securities. *Id.* ¶ 323.[2]

**B.      Plaintiffs Adequately Pleaded Defendant was Aware of or Involved in FTX's Fraud.**

This Court should reject Defendant's attempt to assert that she did not support the FTX fraud "in any way" and that she did not know about the fraud. Knowledge is not required under FDUTPA. The Eleventh Circuit has stated, "Under FDUTPA, the plaintiff must only establish three objective elements: (1) a deceptive act or unfair practice; (2) causation; and (3) actual damages." *Carriuolo v. Gen. Motors Co.*, 823 F.3d 977, 985–86 (11th Cir. 2016); *accord In re Tobacco II Cases*, 46 Cal. 4th 298, 312 (2009) (perpetrator need not have knowledge of falsity).

Given Defendant's substantial investment experience and vast resources to obtain outside advisors, she knew or should have known of potential concerns about FTX selling unregistered crypto securities and that she was aiding and abetting its fraud. CAC ¶ 331. Defendant's agreement ("yeah, yeah…We're telling everyone") with Brady's statements ("FTX is the safest and easiest way to buy and sell crypto" and "it's the best way to get into the game") was deceptive. *Id.* ¶¶ 304, 330. It was not "safe" or "best" for consumers to purchase or trade on FTX's platform. "Statements misrepresenting a product or falsely ascribing benefits or virtues to a product are actionable" and not mere puffery. *Mfg. Rsch. Corp. v. Greenlee Tool Co.*, 693 F.2d 1037, 1040 (11th Cir. 1982). In November 2022, Defendant Bündchen and others scrubbed their social media accounts to remove promotional content for FTX. *Id.* ¶¶ 321–22. Discovery is likely to uncover many additional, actionable, statements. *Id.* Further, the content of the promotion itself has no bearing on whether it in fact urged or persuaded consumers to engage with FTX.

---

[2] Nor do Plaintiffs need to allege they made their investments because of Defendant's advertisements. (ECF No. 273 at 2 n.1) *See Pino v. Cardone Capital, LLC,* 55 F.4th 1253, 1260 (9th Cir. 2022).

**CONCLUSION**

For the foregoing reasons, and those set forth in Plaintiffs' response to the omnibus motion

to dismiss, which is incorporated herein, Defendant's motion should be denied.

DATED: November 6, 2023

| Plaintiffs' Co-Lead Counsel | |
|---|---|
| By: */s/ Adam Moskowitz*<br>Adam M. Moskowitz<br>Florida Bar No. 984280<br>Joseph M. Kaye<br>Florida Bar No. 117520<br>**THE MOSKOWITZ LAW FIRM, PLLC**<br>Continental Plaza<br>3250 Mary Street, Suite 202<br>Coconut Grove, FL 33133<br>Office: (305) 740-1423<br>adam@moskowitz-law.com<br>joseph@moskowitz-law.com<br>service@moskowitz-law.com | By: */s/ David Boies*<br>David Boies<br>Alex Boies<br>Brooke Alexander<br>**BOIES SCHILLER FLEXNER LLP**<br>333 Main Street<br>Armonk, NY 10504<br>Office: (914) 749-8200<br>dboies@bsfllp.com<br>aboies@bsfllp.com<br>balexander@bsfllp.com |
| **FTX Promoter Committee Members** | |
| Barbara C. Lewis<br>Florida Bar No. 118114<br>**The Moskowitz Law Firm, PLLC**<br>Continental Plaza<br>3250 Mary Street, Suite 202<br>Coconut Grove, FL 33133<br>Office: (305) 740-1423<br>barbara@moskowitz-law.com<br>service@moskowitz-law.com | K. Rachel Lanier<br>Alex J. Brown<br>**The LANIER LAW FIRM, P.C.**<br>10940 W. Sam Houston Pkwy N<br>Houston, TX 77064<br>Telephone: (713) 659-5200<br>Facsimile: (713) 659-2204<br>Rachel.Lanier@lanierlawfirm.com<br>Alex.Brown@lanierlawfirm.com |

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on November 6, 2023, a true and correct copy of the foregoing

was filed electronically with the Clerk of the Court, by using the CM/ECF system, causing a true

and correct copy to be served on all counsel of record.

/s/ *Adam M. Moskowitz*
Adam M. Moskowitz
