# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF FLORIDA

MDL No. 3076

CASE NO. 1:23-md-03076-KMM

IN RE:

FTX Cryptocurrency Exchange Collapse MDL Litigation

_____

THIS DOCUMENT RELATES TO:

Multinational VC Defendants

*O'Keefe v. Sequoia Capital Operations, LLC, et al.*, S.D. Fla. Case No. 1:23-cv-20700

*O'Keefe v. Farmington State Bank d/b/a Moonstone Bank, et al.*, E.D. Wa. Case No. 2:23-cv-00213-TOR

_____/

**OPPOSITION TO SOFTBANK GROUP CORP., SOFTBANK INVESTMENT ADVISERS (UK) LIMITED, AND SOFTBANK GLOBAL ADVISERS LIMITED'S MOTION TO DISMISS THE [CORRECTED] ADMINISTRATIVE CLASS ACTION COMPLAINT FOR INSUFFICIENT SERVICE OF PROCESS (MDL ECF No. 296)**

**ORAL ARGUMENT REQUESTED**

While Defendants assert the contrary (MDL ECF No. 296), Plaintiffs have made numerous service attempts on the SoftBank entities to date, some of which have been successful. Plaintiffs served Defendant SB Group U.S. (SBG's U.S. subsidiary, which thus did not join the motion), and have filed proofs of service for Defendant SoftBank Global Advisers Limited (SBGA) and SoftBank Group Corp. (SBG) [Defendants note the proof filed for SBG was labeled an error (MTD at 2, Ex. 2), but omit it was re-filed in the underlying action per the clerk's request]. Plaintiffs also sought leave to serve foreign SoftBank Defendants through alternate means. (MDL ECF No. 280).

All Multinational VC Defendants filed their Rule 12(b)(5) motions the day after Plaintiffs sought leave for an alternate service plan under Rule 4(f)(3), and about a month after the administrative complaint was filed. These motions are entirely premature. Whether by alternate service or another means, Defendants are fully aware that Plaintiffs ultimately will effectuate service, and still have the time to do so. Yet, they continue to refuse to waive service in the face of their obligation under the Federal Rules to avoid causing unnecessary expense, and continue to seek technical dismissal of Plaintiffs' claims. But given Federal Rule 4(m)'s time limit exemption for foreign defendants, Plaintiffs' service efforts to date, and the pending alternate service motion, dismissal based on insufficient service at this time is fully unwarranted.

**I.      RELEVANT FACTS**

SBG is a Japanese holding corporation and corporate parent of England-based SBGA and SBIA. SBGA and SBIA are the investment adviser arms of SBG and comprise SoftBank Vision Fund, which was the primary U.S.-based investment fund for SBG's funding of FTX. MDL ECF No. 182, ¶ 30. Plaintiffs have sued SoftBank Defendants for their role in the commission of the FTX fraud—they invested $100 million in FTX, served on FTX's advisory board, actively collaborated with FTX to expand its reach, and lobbied the U.S. government to issue FTX the necessary licensing to operate. Plaintiffs have filed proofs of service as to SBG and SBGA.[1]

---

[1] SBG: Case 3:23-cv-03974-AGT (ECF No. 11) filed in the Northern District of California after entry of Filing of Error, ECF No. 209 in MDL No. 3076, although Defendants contest nevertheless that the agent served was improper; SBGA: *Id.*, (ECF No. 13).

## II. ARGUMENT

Rule 12(b)(5) motions differ from other Rule 12(b) motions in that they offer the court a course of action other than simply dismissing the case when objections are sustained. *Fed. Home Loan Mortg. Corp. v. Dutch Lane Assocs.*, 775 F. Supp. 133, 138 n.2 (S.D.N.Y. 1991) (citations omitted); *see* 5B Wright & Miller, Fed. Prac. & Proc. Civ. § 1354 ("The federal courts have broad discretion to dismiss the action or to retain the case but quash the service that has been made on the defendant.... [S]ervice generally will be quashed and the action preserved in those situations in which there is a reasonable prospect that the plaintiff ultimately will be able to serve the defendant properly."). Thus, to the extent the Court determines any service efforts to date are insufficient, the Court may simply quash service and direct that service be effectuated properly. See *Vega v. Hastens Beds, Inc.*, 339 F.R.D. 210, 217 (S.D.N.Y. 2021) (citing *M'Baye v. World Boxing Ass'n*, 429 F. Supp. 2d 652, 657 (S.D.N.Y. 2006).). Such an outcome is merited here for two reasons.

**First**, the 120-day time limit for service under Rule 4 is inapplicable to foreign defendants. Fed R. Civ. P. 4(m). There is considerable difference of opinion among circuits deciding what—if any—time limits apply for foreign defendants. *Harris v. Orange S.A.*, 636 F. App'x 476, 485 (11th Cir. 2015) (comparing *Lucas v. Natoli*, 936 F.2d 432, 432–33 (9th Cir.1991) (no time limit), with *Nylok Corp. v. Fastener World Inc.*, 396 F.3d 805, 807 (7th Cir.2005) (time is "not unlimited"), and *Mentor Ins. Co. (U.K.) Ltd. v. Brannkasse*, 996 F.2d 506, 512 (2d Cir.1993) (attempt to serve must be made within 120 days). The Eleventh Circuit, which follows a "flexible due diligence" standard has affirmed, for example, that eight months without <u>any</u> attempts at service is too long for a foreign defendant (notwithstanding that the case was also dismissed for myriad problems involving standing and failures to state a claim). *See Harris v. Orange S.A.*, 636 F. App'x at 480, 486. Here, 120 days have not even passed, and Plaintiffs have made multiple service attempts.

**Second,** Plaintiffs have moved for leave for alternate service. MDL ECF Nos. 280, 345. As set forth in those papers, service under Rule 4(f)(3) is available as a means of first resort. *The N. Face Apparel Corp. v. Individuals, Bus. Entities & Uninc. Ass'ns Identified on Schedule "A"*, 2023 WL 5669999, at *1 (S.D. Fla. June 30, 2023) (citing, *inter alia*, *De Gazelle Grp., Inc. v.*

2

*Tamaz Trading Establishment*, 817 F.3d 747, 750 (11th Cir. 2016) ("If a party cannot, or chooses not to, serve a defendant abroad using one of the methods specified in Rule 4(f)(1) and (2), the party may accomplish service 'by other means not prohibited by international agreement, as the court orders.'")); *see also*, *e.g.*, *Al-Saadi v. Annchery Fajas USA, Inc.*, Case No. 20-23939, 2022 WL 898562, at *3 (S.D. Fla. Mar. 28, 2022) ("This Court has also found that a party does not have to attempt other forms of service before requesting leave for alternative service under Rule 4(f)(3)) (citing *Brookshire Bros., Ltd. v. Chiquita Brands Int'l, Inc.*, No. 05-21962, 2007 WL 1577771 (S.D. Fla. May 31, 2022) ("[C]ertainly, Rule 4(f)(3) includes no qualifiers or limitations which indicated its availability only after attempting service of process by other means.")).

The Supreme Court has made clear that the touchstone of service is due process, and service of process is adequate if it provides notice and a fair opportunity to respond. *Mullane v. Cent. Hanover Bank & Trust Co.*, 339 U.S. 306, 314 (1950); *Henderson v. United States*, 517 U.S. 654, 672 (1996). Alternate service plans for foreign entities must comport with due process and not violate international agreement. Fed. R. Civ. P. 4(f)(3). Plaintiffs' service plan accomplishes those goals, and this District has repeatedly granted identical service plans for foreign entities, including for other Defendants in this MDL.[2] Further, as due process is the operative factor, there is little doubt that SoftBank's counsel in this matter is in regular contact with the entity and thus is reasonably calculated to provide notice, as counsel and SoftBank have an ongoing relationship in terms of litigation that takes place in the United States. *ACP Master, Ltd. v. Sprint Corp.*, No. CV 8508-VCL, 2017 WL 3421142 (Del. Ch. July 21, 2017), aff'd, 184 A.3d 1291 (Del. 2018) (counsel for SoftBank Group Corp. was from the New York and San Francisco offices of Morrison & Foerster LLP, as is true in this litigation).

Dismissal is unwarranted under these facts, and Plaintiffs respectfully request that the Court permit Plaintiffs to perfect and effectuate service as applicable.

---

[2] *See* Order, *Garrison v. Paffrath*, No. 23-cv-21023, ECF No. 96 (S.D. Fla. May 5, 2023).

**REQUEST FOR ORAL ARGUMENT**

Plaintiffs respectfully request that the Court hear oral argument on this opposition to Sino Global's Motion, and respectfully submit that thirty minutes should be sufficient for all Parties.

Dated: November 6, 2023

**By:** */s/ Adam Moskowitz*
Adam M. Moskowitz
Florida Bar No. 984280
Joseph M. Kaye
Florida Bar No. 117520
**THE MOSKOWITZ LAW FIRM, PLLC**
Continental Plaza
3250 Mary Street, Suite 202
Coconut Grove, FL 33133
Office: (305) 740-1423
adam@moskowitz-law.com
joseph@moskowitz-law.com
service@moskowitz-law.com

*Co-Lead Counsel*

James R. Swanson, La. Bar No. 18455
Kerry J. Miller, La. Bar. No. 24562
Molly L. Wells, La. Bar. No. 36721
C. Hogan Paschal, La. Bar No. 38495
**FISHMAN HAYGOOD L.L.P.**
201 St. Charles Avenue, 46th Floor
New Orleans, Louisiana 70170-4600
(504) 586-5252; (504) 586-5250 fax
jswanson@fishmanhaygood.com
kmiller@fishmanhaygood.com
mwells@fishmanhaygood.com
hpaschal@fishmanhaygood.com

Robert Lieff
P.O. Drawer A
Rutherford, CA 94573
rlieff@lieff.com

*Counsel to Plaintiffs and the Putative Classes*

Respectfully submitted,

**By:** */s/ David Boies*
David Boies
Alexander Boies
Brooke A. Alexander
**BOIES SCHILLER FLEXNER LLP**
333 Main Street
Armonk, NY 10504
914-749-8200
dboies@bsfllp.com
aboies@bsfllp.com
balexander@bsfllp.com

*Co-Lead Counsel*

Joseph R. Saveri
Christopher Young
Itak K. Moradi
**JOSEPH SAVERI LAW FIRM**
601 California Street, Suite 1000
San Francisco, CA 94108
Telephone: (415) 500-6800
jsaveri@saverilawfirm.com
cyoung@saverilawfirm.com
imoradi@saverilawfirm.com

*Counsel to Plaintiffs and the Putative Classes*

4

## **CERTIFICATE OF SERVICE**

I hereby certify that a true and correct copy of the forgoing was filed on November 6, 2023, via the Court's CM/ECF system, which will send notification of such filing to all attorneys of record.

By: ***/s/ Adam Moskowitz***
Adam Moskowitz
