IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

IN RE:
**FTX Cryptocurrency Exchange Collapse Litigation**

_____

This document relates to:
*Garrison, et al. v. Bankman-Fried*,
Case No. 22-cv-23753-MOORE/OTAZO-REYES

_____/

**PLAINTIFFS' RESPONSE IN OPPOSITION TO DEFENDANT SHOHEI OTHANI'S
INDIVIDUAL MOTION TO DISMISS [ECF NO. 270]
AND INCORPORATED MEMORANDUM OF LAW**

Plaintiffs oppose Defendant Shohei Ohtani's Individual Motion to Dismiss (ECF No. 270).[1]

## I. PLAINTIFFS ADEQUATELY PLEAD THAT DEFENDANT OHTANI'S FTX ADVERTISEMENTS TARGETED THE UNITED STATES MARKET.

It is troubling that Defendant Ohtani's sworn assertions, namely that his FTX Promotions were "only targeted to the Japanese market" are simply and unquestionably false. Defendant Ohtani filed a similar false declaration in the *Garrison* action prior to this MDL, arguing that his promotions "only targeted the Japanese market" because he only speaks Japanese. (*Garrison v. Bankman-Fried*, 22-cv-23753, ECF No. 139-3). He makes similar false arguments in his current motion. *See* ECF No. 270 at 1; Ohtani Decl. ¶¶ 8, 11–12. But these are rebutted by Ohtani's own FTX contract (which he recently produced) and his FTX ads (which were viewed by hundreds of thousands of US residents).

It is undisputed that Ohtani entered his FTX contract with "FTX US," his FTX promotions were released on opening day of the United States Major League Baseball (MLB) season, and his FTX contract expressly required him to target the geographic U.S. market, CAC ¶¶ 583, 586–87, 592–94. His unique role in the MLB garnered him "star status" and a cult following in the United States. FTX and their expert advertising agency (Denstu) leveraged that status when developing the partnership and carefully formulating the advertising plan. *See id.* ¶ 577.

## II. PLAINTIFFS ADEQUATELY PLED THAT DEFENDANT OHTANI PROMOTED THE FTX PLATFORM IN FLORIDA, CALIFORNIA, AND OKLAHOMA.

The complaint clearly alleges that Defendant Ohtani personally participated in the sale of YBAs and FTTs. He partnered with FTX to provide promotions and media campaigns. AC ¶¶ 578–80. He solicited sales of securities through numerous social media posts. *Id.* ¶¶ 583–92. Indeed, in an interview with CNN touting the then newly formed partnership, FTX founder and

---

[1] Plaintiffs incorporate by reference their responses to ECF Nos. 265, 266, 268, and 271.

1

convicted fraudster, Sam Bankman-Fried, jubilantly stated "[w]e are really excited to give our partners a stake because it means we are aligned." *Id.* ¶ 581. Defendant Ohtani was a piece of a massive scheme to deceive unsophisticated investors. FTX has acknowledged that it needed to embark on a mass branding and advertising campaign, which resulted in its use of celebrities, like Defendant Ohtani, to promote investment in FTX and its products, such as YBAs. *Id.* ¶¶ 272–274. In light of FTX's need for a celebrity-led branding campaign, Defendant Ohtani agreed to serve as a global "Brand Ambassador." *Id.* ¶ 579, 726.

Defendant Ohtani asserts "Plaintiffs' fraud-based claims must be dismissed for lack of a nexus to each state from which they seek protection under their laws." ECF No. 270 at 2. However, the promotional campaigns, including the involvement of the "Brand Ambassadors," was coordinated by FTX out of Miami, Florida. CAC ¶¶ 13–15, 18–26, 32–33, 84, 730–750. Indeed, "Ohtani also provided spokesperson services while playing for the Los Angeles Angels," a team based in California, "including while playing against teams from Florida at home, and while playing against Florida teams in Florida." *Id.* ¶ 589, 600–01.  Ohtani admits in his declaration that he was in Florida for these games during the term of his contract with FTX. Ohtani Decl. ¶ 10.

Defendant Ohtani asserts that Plaintiffs "fail to allege how Mr. Ohtani's appearances in these commercials—in which Plaintiffs do not allege Mr. Ohtani said a single word—somehow misled them." ECF No. 270 at 2. However, Plaintiffs' allegations confirm otherwise. "The necessary participant/substantial factor test essentially asks whether, but for the defendant's participation, the sale transaction would not have taken place." *Scheck Invs., L.P. v. Kensington Mgmt., Inc.*, No. 04- 21160-CIV, 2009 WL 10668565, at *4 (S.D. Fla. June 17, 2009) (citations and quotations omitted) (holding that a reasonable jury could find that recruiting agents were a substantial factor in making it possible for company to sell the unregistered securities to unwitting

2

purchasers). Indeed, failing to disclose an underlying financial relationship for promotional content is deceptive and misleading. *See FTC v. Roca Labs, Inc.*, 345 F. Supp. 3d 1375, 1390 (M.D. Fla. 2018) (failure to disclose financial relationship with product endorsers is material and deceptive).

The Amended Complaint plausibly alleges that Defendant Ohtani received a substantial financial package in the form of equity and cryptocurrencies, thereby creating a great incentive for him to promote FTX. CAC ¶ 581. He failed to disclose the form or amount of the payment he received to the public while he promoted FTX. *Id.* ¶¶ 582, 597. Moreover, he explicitly made deceptive statements in his promotions, including that he "does it all" on the FTX platform. *Id.* ¶ 598. Lastly, he had to approve every advertisement before it was published, *id.* ¶¶ 578, 583 and these deceptive promotions were designed to target investors in Florida, California, and throughout the United States. *Id.* ¶¶ 587, 589–90, 592.

## III.  FEDERAL RULE OF CIVIL PROCEDURE 41 IS INAPPLICABLE

Defendant Ohtani's reliance on Rule 41(a)(1)(B) is unwarranted. Rule 41(a)(1)(B) provides "if the plaintiff previously dismissed any federal- or state-court action based on or including the same claim, a notice of dismissal operates as an adjudication on the merits." Fed. R. Civ. P. 41(a)(1)(B). The rule's plain terms do not encompass simultaneous litigation. Defendant Ohtani claims that the dismissal of the C.D. Cal. action constitutes a second voluntary dismissal of the claims against him. ECF No. 270 at 3.  He misrepresents the pertinent facts.  Plaintiffs filed the action in the C.D. Cal. action after the Administrative Class Action complaint to resolve Defendant Ohtani's personal jurisdiction concerns.  ECF No. 73 at 7:13–17. Defendant Ohtani then waived his personal jurisdiction objection, leading to the dismissal of the C.D. Cal. action. The dismissal of the Central District of California case was not a dismissal of a previously filed action, but rather, the dismissal of a simultaneous, later-filed action. Therefore, Rule 41 does not apply.

## CONCLUSION

3

The Court should deny Defendant Shohei Ohtani's Individual Motion to Dismiss.

## REQUEST FOR ORAL ARGUMENT

Plaintiffs respectfully request that the Court hear oral argument on this Motion, and respectfully submit that thirty minutes should be sufficient for all Parties.

Dated: November 6, 2023

| Plaintiffs' Co-Lead Counsel ||
|---|---|
| By: */s/ Adam Moskowitz*<br>Adam M. Moskowitz<br>Florida Bar No. 984280<br>Joseph M. Kaye<br>Florida Bar No. 117520<br>**THE MOSKOWITZ LAW FIRM, PLLC**<br>Continental Plaza<br>3250 Mary Street, Suite 202<br>Coconut Grove, FL 33133<br>Office: (305) 740-1423<br>adam@moskowitz-law.com<br>joseph@moskowitz-law.com<br>service@moskowitz-law.com | By: */s/ David Boies*<br>David Boies<br>Alex Boies<br>Brooke Alexander<br>**BOIES SCHILLER FLEXNER LLP**<br>333 Main Street<br>Armonk, NY 10504<br>Office: (914) 749-8200<br>dboies@bsfllp.com<br>aboies@bsfllp.com<br>balexander@bsfllp.com |
| **FTX Promoter Committee Members** ||
| Barbara C. Lewis<br>Florida Bar No. 118114<br>**The Moskowitz Law Firm, PLLC**<br>Continental Plaza<br>3250 Mary Street, Suite 202<br>Coconut Grove, FL 33133<br>Office: (305) 740-1423<br>barbara@moskowitz-law.com<br>service@moskowitz-law.com | K. Rachel Lanier<br>Alex J. Brown<br>**The LANIER LAW FIRM, P.C.**<br>10940 W. Sam Houston Pkwy N<br>Houston, TX 77064<br>Telephone: (713) 659-5200<br>Facsimile: (713) 659-2204<br>Rachel.Lanier@lanierlawfirm.com<br>Alex.Brown@lanierlawfirm.com |

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on November 6, 2023, a true and correct copy of the foregoing was filed electronically with the Clerk of the Court, by using the CM/ECF system, causing a true and correct copy to be served on all counsel of record.

/s/ *Adam M. Moskowitz*
Adam M. Moskowitz