IN THE UNITED STATES DISRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION
MDL No. 3076
Case No. 1:23-md-03076-KMM

**IN RE:**

**FTX Cryptocurrency Exchange Collapse Litigation**

This Document Relates To:

*Garrison v. Bankman-Fried*,
Case No. 22-cv-23753-KMM

*Garrison v. Ohtani*,
No. 23-cv-23064-KMM

_____/

**PLAINTIFFS' RESPONSE IN OPPOSITION TO DEFENDANT
LAWRENCE GENE DAVID'S INDIVIDUAL MOTION TO DISMISS
<u>AND INCORPORATED MEMORANDUM OF LAW [ECF 274]</u>**

Plaintiffs respectfully submit this Response to Defendant Lawrence Gene David's Individual Motion to Dismiss (ECF No. 274), and states as follows:[1]

## ARGUMENT & AUTHORITIES

**I.      Plaintiffs Adequately Allege that David Solicited the Sale of Securities.**

David seeks to dismiss Plaintiffs' securities solicitation claims asserted in Counts 1, 8, and 13. However, David's individual motion misrepresents the Super Bowl advertisement that David not only appeared in, but also wrote and produced.[2] David's motion would have this Court believe that David *means* what he *says* in the commercial; but David himself admits that the commercial is "satirical."[3] Understood in this obvious context, David's Super Bowl ad clearly **promotes** the FTX Platform as an "easy and safe way to get into crypto." CAC ¶¶ 636–46.  The central feature of the ad is David himself, clearly lending his celebrity and credibility to the brand.

Additionally, there is no question that the ad, which ends with the admonition, "Don't be like Larry," is a solicitation by David. *Id.* David was paid a handsome fee to write, produce, and appear in his first-ever television advertisement for the purpose of soliciting investments from millions of unsophisticated and vulnerable potential investors. *Id.* ¶¶ 643–46. A plausible inference from the Plaintiffs' pleadings is that by scripting, producing, and appearing in an advertisement visually depicting—near the end of the commercial—the FTX app on an iPhone (and by extension

---

[1] Plaintiffs incorporate by reference their responses to ECF Nos. 265, 266, 268, and 271.
[2] David's individual motion leaves the impression that David was a mere actor; but that is not a reasonable inference in light of the Plaintiffs' pleadings. Plaintiffs allege that David "created an ad for the FTX Group." Corrected Am. Compl. ("CAC") ¶ 630. In the Variety article cited in the complaint, David's director, Jeff Schaffer, explained that he and David wrote the sketches featured in the commercial. *See id.* ¶ 632, n.248. Furthermore, David's promotional campaign on behalf of FTX went beyond the commercial itself. *See id.* ¶ 642.
[3] ECF No. 274 at 1.

1

the products like YBAs and FTTs available on the app), David was soliciting others to purchase unregistered securities from FTX, and engage with the deceptive FTX Platform. *Id.* ¶¶ 630–46.

David provides no legal support for his assertion that Plaintiffs have inadequately pleaded facts showing that he solicited the sale of YBAs and FTTs, and drove users to the deceptive FTX Platform. In fact, David's citation to *Wildes v. BitConnect Int'l PLC* undermines his own position. *See* 25 F.4th 1341, 1344, 1346 (11th Cir. 2022) (holding plaintiffs stated federal section 12 Securities Act claim against of cryptocurrency promoters who posted "posted thousands of YouTube videos extolling [cryptocurrency company]" that were "viewed millions of times" leading to millions of dollars in investments).[4] Like the defendants in *Wildes*, David leveraged his creativity and celebrity influence to urge and persuade millions of people to invest in FTX's unregistered securities during one of the most watched U.S. television events of the year. *See id.*; CAC ¶¶ 630–59 (alleging that FTX paid David paid millions of dollars to script, produce, and star in the Super Bowl commercial, which led to 130% boost in FTX downloads week-over-week on February 13, followed by 80% growth).[5]

---

[4] David's other cases are not on point because the solicitations referenced there were of a lesser magnitude than David's solicitations here. *See AREI II Cases*, 216 Cal. App. 4th 1004, 1015–19 (2013) (dismissing California Securities Law claim against investment bank that prepared misleading offering memo); *In re CNL Hotels & Resorts, Inc. Sec. Litig.*, 2005 WL 2291729, at *5 (M.D. Fla. Sept. 20, 2005) (dismissing section 12 securities act claim against defendant where the "only allegation was that [defendant] participated in the preparation of the Offering Documents"); CAC ¶¶ 630–46 (alleging David's extensive involvement in and financial interest in the Super Bowl commercial).

[5] It should be noted that David's separate challenge to Plaintiffs' fraud allegations—discussed below—does not provide a basis for dismissal of Plaintiffs' claims for direct violations of the state securities laws alleged in Counts 1, 8, and 13 because those statutes—with the exception of the materially assist provision providing for liability under section 25505.1 of the California Securities Act—do not include fraud as an element of the causes of action alleged. CAC ¶¶ 768–859.

2

**II.   Plaintiffs Adequately Allege Fraud in Support of the Remaining Causes of Action.**

Plaintiffs' response to David's position on their consumer protection, aiding and abetting, and conspiracy claims is adequately addressed in Plaintiffs' Opposition, which is incorporated by reference herein.

**III.  Defendant David's First Amendment Concerns Are Ill-Founded.**

Plaintiffs' response to any of David's First Amendment concerns, including the regulation of commerce and commercial activity, is adequately addressed in Plaintiffs' Opposition, which is incorporated herein by reference. To the extent David's concerns are "unique" because he is funny,[6] it is sufficient to point out that the Plaintiffs are not complaining about David "showcasing his creativity" – the type of speech protected by the authorities cited in David's motion. ECF No. 274 at 3. Rather, Plaintiffs are complaining about David's conduct and speech because it promoted FTX in a manner that violated securities and consumer protection laws, urged consumers to engage with FTX, and was otherwise actionable under various state tort causes of action. AC ¶¶ 630–46, 768–859.

## CONCLUSION

Plaintiffs ask this Court to deny Defendant Lawrence Gene David's Individual Motion to Dismiss and grant Plaintiffs such other relief as the Court deems just and proper.

## REQUEST FOR ORAL ARGUMENT

Plaintiffs respectfully request that the Court hear oral argument on this Motion, and respectfully submit that thirty minutes should be sufficient for all Parties.

---

[6] The United States Supreme Court recently rejected the argument that an expressive work is entitled to First Amendment protection merely because it "communicates a humorous message." *See Jack Daniel's Props., Inc. v. VIP Prods. LLC*, 143 S. Ct. 1578, 1586, 1590 (2023).

3

DATED: November 6, 2023

| Plaintiffs' Co-Lead Counsel | |
|---|---|
| By: /s/ Adam Moskowitz<br>Adam M. Moskowitz<br>Florida Bar No. 984280<br>Joseph M. Kaye<br>Florida Bar No. 117520<br>**THE MOSKOWITZ LAW FIRM, PLLC**<br>Continental Plaza<br>3250 Mary Street, Suite 202<br>Coconut Grove, FL 33133<br>Office: (305) 740-1423<br>adam@moskowitz-law.com<br>joseph@moskowitz-law.com<br>service@moskowitz-law.com | By: /s/ David Boies<br>David Boies<br>Alex Boies<br>Brooke Alexander<br>**BOIES SCHILLER FLEXNER LLP**<br>333 Main Street<br>Armonk, NY 10504<br>Office: (914) 749-8200<br>dboies@bsfllp.com<br>aboies@bsfllp.com<br>balexander@bsfllp.com |
| **FTX Promoter Committee Members** | |
| Barbara C. Lewis<br>Florida Bar No. 118114<br>**The Moskowitz Law Firm, PLLC**<br>Continental Plaza<br>3250 Mary Street, Suite 202<br>Coconut Grove, FL 33133<br>Office: (305) 740-1423<br>barbara@moskowitz-law.com<br>service@moskowitz-law.com | K. Rachel Lanier<br>Alex J. Brown<br>**The LANIER LAW FIRM, P.C.**<br>10940 W. Sam Houston Pkwy N<br>Houston, TX 77064<br>Telephone: (713) 659-5200<br>Facsimile: (713) 659-2204<br>Rachel.Lanier@lanierlawfirm.com<br>Alex.Brown@lanierlawfirm.com |

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on November 6, 2023, a true and correct copy of the foregoing was filed electronically with the Clerk of the Court, by using the CM/ECF system, causing a true and correct copy to be served on all counsel of record.

/s/ *Adam M. Moskowitz*
Adam M. Moskowitz