IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION
MDL No. 3076
Case No. 1:23-md-03076-KMM

**IN RE:**

**FTX Cryptocurrency Exchange Collapse Litigation**

This Document Relates To:

*Garrison v. Bankman-Fried*,
Case No. 22-cv-23753-MOORE/OTAZO-REYES

_____/

**PLAINTIFFS' RESPONSE IN OPPOSITION TO DEFENDANT
SHAQUILLE O'NEAL'S INDIVIDUAL MOTION TO DISMISS [ECF NO. 275]
AND INCORPORATED MEMORANDUM OF LAW**

Plaintiffs respectfully submit this Response to Defendant Shaquille O'Neal's Individual Motion to Dismiss (ECF No. 275), and states as follows:[1]

## ARGUMENT & AUTHORITIES

A.  **Plaintiffs Adequately Pleaded that Defendant Sold and Solicited the Sale of Securities.**

The complaint plausibly alleges Defendant personally participated in the sale of YBAs and FTTs, and drove users to the deceptive FTX Platform. He partnered with FTX to provide promotions and media campaigns. CAC ¶ 503. He solicited sales of securities through numerous social media posts, including sponsored social media interactions with other promoters of FTX securities. *Id.* ¶¶ 512–27.  He also appeared on the FTX podcast, promoting the products offered by FTX, which include YBAs and FTT. *Id.* ¶¶ 528–31.

Defendant asserts that "routine advertising activities" are insufficient to establish that Defendant O'Neal sold or solicited the sale of YBAs or FTT. However, Plaintiffs' allegations, and applicable law, confirm otherwise. "The necessary participant/substantial factor test essentially asks whether, but for the defendant's participation, the sale transaction would not have taken place." *Scheck Invs., L.P. v. Kensington Mgmt., Inc.*, No. 04-21160-CIV, 2009 WL 10668565, at *4 (S.D. Fla. June 17, 2009) (citations and quotations omitted) (holding that a reasonable jury could find that recruiting agents who aided a company in finding sales agents to sell the company's unregistered securities was a substantial factor in making it possible for company to sell the unregistered securities to unwitting purchasers); *see also Wildes v. BitConnect Int'l PLC*, 25 F. 4th 1341, 1346 (11th Cir. 2022) (holding that to find a promoter of an unregistered security liable under federal securities law, the plaintiffs must plausibly allege that the defendants "urge[d] or persuade[d]" the Plaintiffs to buy the unregistered security).  Defendant's promotions encouraged

---

[1] Plaintiffs incorporate by reference their responses to ECF Nos. 265, 266, 268, and 271.

1

others to join the FTX platform, open YBAs, and purchase FTX securities, including his promotion that provided codes to "earn" $10 on the platform for anyone who traded at least $100 on FTX. CAC ¶ 527; ECF No. 275 at 1.

B.	**Plaintiffs Adequately Pleaded that Defendant's Statements Were Deceptive.**

While Defendant claims his social media statements are "non-actionable puffery" and that "no reasonable consumer would confuse these promotions for anything other than paid endorsements," many of the posts were carefully "orchestrated to appear to ordinary consumers as a genuine and non-commercial expression," such as his interaction with co-Defendant Curry, where he posts, "I don't care what anyone says he's a crypto expert" in response to Curry's tweet promoting FTX. CAC ¶¶ 520–22.

"Ordinarily, the question of whether a business practice—such as a statement made on a product's packaging—is deceptive, is a question of fact not appropriately resolved on a motion to dismiss." *Thompson v. Procter & Gamble Co.*, 2018 WL 5113052, at *2 (S.D. Fla. Oct. 19, 2018). Failing to disclose an underlying financial relationship for promotional content is considered deceptive and misleading. *See FTC v. Roca Labs, Inc.*, 345 F. Supp. 3d 1375, 1390 (M.D. Fla. 2018) (finding failure to disclose financial relationship with product endorsers was material and deceptive). Further, the claims are not "non-actionable puffery." *See Mfg. Rsch. Corp. v. Greenlee Tool Co.*, 693 F.2d 1037, 1040 (11th Cir. 1982) ("Statements misrepresenting a product or falsely ascribing benefits or virtues to a product are actionable" and not mere puffery.). Further, the content of the promotion itself has no bearing on whether it in fact urged or persuaded consumers to engage with FTX.

C.	**Plaintiffs Adequately Pleaded Defendant was Aware of or Involved in FTX's Fraud.**

This Court should reject Defendant's attempt to assert that he was not aware of nor furthered the FTX fraud "in any way." Knowledge is not required under FDUTPA. The Eleventh

2

Circuit has stated, "Under FDUTPA, the plaintiff must only establish three objective elements: (1) a deceptive act or unfair practice; (2) causation; and (3) actual damages." *Carriuolo v. Gen. Motors Co.*, 823 F.3d 977, 985–86 (11th Cir. 2016); *accord In re Tobacco II Cases*, 46 Cal. 4th 298, 312 (2009) (holding that perpetrator need not have knowledge of falsity).

First, it is immaterial whether Defendant knew about FTX's financial fraud. Numerous cases confirm that Plaintiffs need not prove a "knowledge" element under their consumer protection claims—but instead, only that Defendant participated in unfair or deceptive conduct. *Lewis v. Mercedes-Benz USA, LLC*, 530 F. Supp. 3d 1183, at 1232–33 (S.D. Fla. 2021) (collecting cases and analyzing statutory text); *accord In re Tobacco II Cases*, 46 Cal. 4th 298, 312 (2009) (holding that knowledge of falsity is not an element of UCL claim); *Patterson v. Beall*, 2000 OK 92, ¶ 33 n.12, 19 P.3d 839 (emphasis added) (noting that Okla. Stat. titl. 15 §§ 752(13) does "not speak to the necessity of an intent to deceive, but . . . that the alleged deceptive actions have the *capacity* to deceive the consumer."). Further, given Defendant's substantial investment experience and vast resources to obtain outside advisors, he knew or should have known of potential concerns about FTX selling unregistered crypto securities and that he was aiding and abetting its fraud. CAC ¶ 537. This is especially true in light of the rampant mismanagement and myriad red flags that FTX's regular business practices set off. *Id.*

## CONCLUSION

For the foregoing reasons, and those set forth in Plaintiffs' response to the omnibus motion to dismiss, which is incorporated herein, Defendant's motion should be denied.

## REQUEST FOR ORAL ARGUMENT

Plaintiffs respectfully request that the Court hear oral argument on this Motion, and respectfully submit that thirty minutes should be sufficient for all Parties.

3

Dated: November 6, 2023                    Respectfully submitted,

| Plaintiffs' Co-Lead Counsel ||
|---|---|
| By: */s/ Adam Moskowitz*<br>Adam M. Moskowitz<br>Florida Bar No. 984280<br>Joseph M. Kaye<br>Florida Bar No. 117520<br>**THE MOSKOWITZ LAW FIRM, PLLC**<br>Continental Plaza<br>3250 Mary Street, Suite 202<br>Coconut Grove, FL 33133<br>Office: (305) 740-1423<br>adam@moskowitz-law.com<br>joseph@moskowitz-law.com<br>service@moskowitz-law.com | By: */s/ David Boies*<br>David Boies<br>Alex Boies<br>Brooke Alexander<br>**BOIES SCHILLER FLEXNER LLP**<br>333 Main Street<br>Armonk, NY 10504<br>Office: (914) 749-8200<br>dboies@bsfllp.com<br>aboies@bsfllp.com<br>balexander@bsfllp.com |
| **FTX Promoter Committee Members** ||
| Barbara C. Lewis<br>Florida Bar No. 118114<br>**The Moskowitz Law Firm, PLLC**<br>Continental Plaza<br>3250 Mary Street, Suite 202<br>Coconut Grove, FL 33133<br>Office: (305) 740-1423<br>barbara@moskowitz-law.com<br>service@moskowitz-law.com | K. Rachel Lanier<br>Alex J. Brown<br>**The LANIER LAW FIRM, P.C.**<br>10940 W. Sam Houston Pkwy N<br>Houston, TX 77064<br>Telephone: (713) 659-5200<br>Facsimile: (713) 659-2204<br>Rachel.Lanier@lanierlawfirm.com<br>Alex.Brown@lanierlawfirm.com |

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on November 6, 2023, a true and correct copy of the foregoing was filed electronically with the Clerk of the Court, by using the CM/ECF system, causing a true and correct copy to be served on all counsel of record.

                              /s/ *Adam M. Moskowitz*
                              Adam M. Moskowitz