UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF FLORIDA

MDL No. 3076

CASE NO. 1:23-md-03076-KMM

IN RE:

FTX Cryptocurrency Exchange Collapse MDL Litigation

_____

THIS DOCUMENT RELATES TO:

Multinational VC Defendants

*O'Keefe v. Sequoia Capital Operations, LLC, et al.*, S.D. Fla. Case No. 1:23-cv-20700

*O'Keefe v. Farmington State Bank d/b/a Moonstone Bank, et al.*, E.D. Wa. Case No. 2:23-cv-00213-TOR

_____/

**OPPOSITION TO TEMASEK HOLDINGS (PRIVATE) LIMITED'S MOTION TO DISMISS THE [CORRECTED] ADMINISTRATIVE CLASS ACTION COMPLAINT FOR INSUFFICIENT SERVICE OF PROCESS (MDL ECF No. 298)**

**ORAL ARGUMENT REQUESTED**

1

Temasek Private Holdings' (Temasek) motion to dismiss should be denied as bad faith and premature, and Plaintiffs ask that the Court allow Plaintiffs to perfect and effectuate service as it deems appropriate, including through its pending motion for alternate service. MDL ECF No. 280.

Temasek had already agreed to waive service of process. Then, it reneged on that agreement and instead tried to extract concessions by offering a waiver of service for one complaint in exchange for dismissal of another. *See* MDL ECF No. 280-1, ¶¶ 6-8. Meanwhile, it has participated in this MDL since July. It engages in motion practice, opposed the appointment of a special master, and has frequently communicated with Plaintiffs' counsel. Now, it files its second briefing in as many months seeking to dismiss itself from this litigation by disputing Plaintiffs' service efforts, but it is clear from the positions asserted that Temasek's real intent is evasion. Temasek contends Plaintiffs must comply with Rule 4(f), then opposed Plaintiffs' motion for alternate service under Rule 4(f)(3). Temasek maintains Plaintiffs must serve an agent under Rule 4(h), then disputes Plaintiffs' service of at the Temasek company address listed on its own website as its United States contact (and which Plaintiffs have alleged it conducts its U.S. business through)—Temasek International USA—as insufficient.[1] *See* MDL ECF No. 182, ¶ 2.

Notably, Temasek does not dispute service based on whether it is afforded due process, which is the driving factor in this analysis. *Mullane v. Cent. Hanover Bank & Trust Co.*, 339 U.S. 306, 314 (1950). Nor could it. Temasek is clearly on notice of the causes of action against it and has had opportunity to respond. These games are wasting judicial resources and are not in the spirit or letter of the Federal Rules requiring that parties secure just, speedy, inexpensive determinations, and avoid causing unnecessary expenses of service. *See* Fed. R. Civ. P. 1; Fed. R. Civ. P. 4(d). Notwithstanding any motive in bringing it, Temasek's motion—as well as the other Multinational

---

[1] Indeed, see Plaintiffs' Opposition to Temasek's Motion to Dismiss for Lack of Personal Jurisdiction, pp. 5-7, fn. 38-54, for discussion of the ways in which Temasek Defendants purport to maintain corporate formalities and separateness for purposes of disputing service and personal jurisdiction and divorcing the global parent corporation from the FTX fraud, but that are completely unsupported by publicly available information, including Temasek's financial records and reports, statements made to the public on the internet, Temasek's operations on the U.S. market, and government trial exhibits admitted in the course of the SBF criminal trial.

VC Defendant Rule 12(b)(5) motions—is premature. Whether by alternate service or another means, Temasek knows that Plaintiffs ultimately will effectuate complete service, and still have the time to do so. Given Federal Rule 4(m)'s time limit exemption for foreign defendants, Plaintiffs' service efforts to date, and the pending alternate service motion, dismissal for insufficient service is fully unwarranted at this time.

I.  **ARGUMENT**

Rule 12(b)(5) motions differ from other Rule 12(b) motions in that they offer the court a course of action other than simply dismissing the case when objections are sustained. *Fed. Home Loan Mortg. Corp. v. Dutch Lane Assocs.*, 775 F. Supp. 133, 138 n.2 (S.D.N.Y. 1991) (citations omitted); *see* 5B Wright & Miller, Fed. Prac. & Proc. Civ. § 1354 ("The federal courts have broad discretion to dismiss the action or to retain the case but quash the service that has been made on the defendant.... [S]ervice generally will be quashed and the action preserved in those situations in which there is a reasonable prospect that the plaintiff ultimately will be able to serve the defendant properly."). Thus, to the extent the Court determines any service efforts to date are insufficient, the Court may simply quash service and direct that service be effectuated properly. See *Vega v. Hastens Beds, Inc.*, 339 F.R.D. 210, 217 (S.D.N.Y. 2021) (citing *M'Baye v. World Boxing Ass'n*, 429 F. Supp. 2d 652, 657 (S.D.N.Y. 2006).). Such an outcome is merited here for two reasons.

**First**, the 120-day time limit for service under Rule 4 is inapplicable to foreign defendants. Fed R. Civ. P. 4(m). There is considerable difference of opinion among circuits deciding what—if any—time limits apply for foreign defendants. *Harris v. Orange S.A.*, 636 F. App'x 476, 485 (11th Cir. 2015) (comparing *Lucas v. Natoli*, 936 F.2d 432, 432–33 (9th Cir.1991) (no time limit), with *Nylok Corp. v. Fastener World Inc.*, 396 F.3d 805, 807 (7th Cir.2005) (time is "not unlimited"), and *Mentor Ins. Co. (U.K.) Ltd. v. Brannkasse*, 996 F.2d 506, 512 (2d Cir.1993) (attempt to serve must be made within 120 days). The Eleventh Circuit, which follows a "flexible due diligence" standard has affirmed, for example, that eight months without <u>any</u> attempts at service is too long for a foreign defendant (notwithstanding that the case was also dismissed for myriad problems involving standing and failures to state a claim). *See Harris v. Orange S.A.*, 636 F. App'x at 480,

2

486. Here, 120 days have not even passed, and Plaintiffs have made multiple service attempts. **Second,** Plaintiffs have moved for leave for alternate service. MDL ECF Nos. 280, 345. As set forth in those papers, service under Rule 4(f)(3) is available as a means of first resort. *The N. Face Apparel Corp. v. Individuals, Bus. Entities & Uninc. Ass'ns Identified on Schedule "A"*, 2023 WL 5669999, at *1 (S.D. Fla. June 30, 2023) (citing, *inter alia*, *De Gazelle Grp., Inc. v. Tamaz Trading Establishment*, 817 F.3d 747, 750 (11th Cir. 2016) ("If a party cannot, or chooses not to, serve a defendant abroad using one of the methods specified in Rule 4(f)(1) and (2), the party may accomplish service 'by other means not prohibited by international agreement, as the court orders.'")); *see also*, *e.g.*, *Al-Saadi v. Annchery Fajas USA, Inc.*, Case No. 20-23939, 2022 WL 898562, at *3 (S.D. Fla. Mar. 28, 2022) ("This Court has also found that a party does not have to attempt other forms of service before requesting leave for alternative service under Rule 4(f)(3)) (citing *Brookshire Bros., Ltd. v. Chiquita Brands Int'l, Inc.*, No. 05-21962, 2007 WL 1577771 (S.D. Fla. May 31, 2022) ("[C]ertainly, Rule 4(f)(3) includes no qualifiers or limitations which indicated its availability only after attempting service of process by other means.")). Alternate service plans for foreign entities must comport with due process and not violate international agreement. Fed. R. Civ. P. 4(f)(3).

Further, while Plaintiffs are required to make effort to propose a service plan that "minimizes offense to foreign law," as Singapore is not yet a Hague Convention signatory, *see Prewitt Enters., Inc. v. Org. of Petroleum Exporting Countries*, 353 F.3d 916, 921, 927 (11th Cir. 2003), Plaintiffs have done just that. Indeed, Temasek concedes that the instant proposed plan does not violate Singaporean law. *See also*, *Astrove v. Doe*, 2022 WL 4594180, at *1 (S.D. Fla. May 31, 2022). Plaintiffs' service plan accomplishes those goals, and this District has repeatedly granted identical service plans for foreign entities, including for other Defendants in this MDL.[2]

Dismissal is unwarranted under these facts, and Plaintiffs respectfully request that the Court permit Plaintiffs to perfect and effectuate service as applicable.

---

[2] *See* Order, *Garrison v. Paffrath*, No. 23-cv-21023, ECF No. 65 (S.D. Fla. May 2, 2023).

3

## REQUEST FOR ORAL ARGUMENT

Plaintiffs respectfully request that the Court hear oral argument on this opposition to Temasek's Motion, and respectfully submit that thirty minutes should be sufficient for all Parties.

Dated: November 6, 2023

Respectfully submitted,

**By: */s/ Adam Moskowitz***
Adam M. Moskowitz
Florida Bar No. 984280
Joseph M. Kaye
Florida Bar No. 117520
**THE MOSKOWITZ LAW FIRM, PLLC**
Continental Plaza
3250 Mary Street, Suite 202
Coconut Grove, FL 33133
Office: (305) 740-1423
adam@moskowitz-law.com
joseph@moskowitz-law.com
service@moskowitz-law.com

*Co-Lead Counsel*

**By: */s/ David Boies***
David Boies
Alexander Boies
Brooke A. Alexander
**BOIES SCHILLER FLEXNER LLP**
333 Main Street
Armonk, NY 10504
914-749-8200
dboies@bsfllp.com
aboies@bsfllp.com
balexander@bsfllp.com

*Co-Lead Counsel*

James R. Swanson, La. Bar No. 18455
Kerry J. Miller, La. Bar. No. 24562
Molly L. Wells, La. Bar. No. 36721
C. Hogan Paschal, La. Bar No. 38495
**FISHMAN HAYGOOD L.L.P.**
201 St. Charles Avenue, 46th Floor
New Orleans, Louisiana 70170-4600
(504) 586-5252; (504) 586-5250 fax
jswanson@fishmanhaygood.com
kmiller@fishmanhaygood.com
mwells@fishmanhaygood.com
hpaschal@fishmanhaygood.com

Robert Lieff
P.O. Drawer A
Rutherford, CA 94573
rlieff@lieff.com

*Counsel to Plaintiffs and the Putative Classes*

Joseph R. Saveri
Christopher Young
Itak K. Moradi
**JOSEPH SAVERI LAW FIRM**
601 California Street, Suite 1000
San Francisco, CA 94108
Telephone: (415) 500-6800
jsaveri@saverilawfirm.com
cyoung@saverilawfirm.com
imoradi@saverilawfirm.com

*Counsel to Plaintiffs and the Putative Classes*

4

5

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the forgoing was filed on November 6, 2023, via the Court's CM/ECF system, which will send notification of such filing to all attorneys of record.

By: */s/ Adam Moskowitz*

Adam Moskowitz