UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF FLORIDA

MDL No. 3076

CASE NO. 1:23-md-03076-KMM

IN RE:

FTX Cryptocurrency Exchange Collapse MDL Litigation

_____

THIS DOCUMENT RELATES TO:

Multinational VC Defendants

*O'Keefe v. Sequoia Capital Operations, LLC, et al.*, S.D. Fla. Case No. 1:23-cv-20700

*O'Keefe v. Farmington State Bank d/b/a Moonstone Bank, et al.*, E.D. Wa. Case No. 2:23-cv-00213-TOR

_____/

**OPPOSITION TO DEFENDANT SINO GLOBAL CAPITAL HOLDING'S MOTION TO DISMISS THE [CORRECTED] ADMINISTRATIVE CLASS ACTION COMPLAINT FOR INSUFFICIENT SERVICE OF PROCESS (ECF No. 299)**

**ORAL ARGUMENT REQUESTED**

Sino Global Capital Limited ("Sino Global") invested millions in FTX and actively promoted it for the U.S. market. Plaintiffs sued Sino Global for the role it played in the commission of FTX's fraud, as well as its wholly owned U.S. subsidiary Sino Global Capital Holdings LLC. Both entities share interlocking directories and otherwise hold themselves out as a single entity. But both Sino Global and SG Capital Holdings are wielding corporate formalities as a cudgel to evade this litigation, and waste judicial resources in the process:

- After appearing in the MDL, they refused to waive service, despite their obligation to avoid causing unnecessary expense in serving summons. Fed R. Civ. P. 4(d)(1).
- Sino Global conceals the location of its foreign headquarters and purports to operate only in the "Metaverse," but is opposing Plaintiffs' pending motion for alternate service.
- Though Plaintiffs have served SG Capital Holdings, it brings this motion to incorrectly argue service is inefficient because it was not re-served with the administrative complaint.
- Graham feigns a distinction between the two entities so as to muddy jurisdictional issues and misleadingly suggests to this Court that he is not the leader and founder of Sino Global; a rudimentary internet search makes clear that neither propositions are true.
- A Sino Global executive told Plaintiffs' process server he will "avoid service at all costs."

These are games, and Graham, Sino Global's founder, wants to distract the court with technicalities. Plaintiff asks that the Court (1) deem SG Capital Holdings served and (2) grant Plaintiffs' pending motion for leave to effect alternate service on Sino Global. MDL ECF No. 280.

## I. RELEVANT FACTS

The Sino Global entities are Defendants for their role in aiding, abetting, and facilitating the FTX fraud. MDL ECF No. 182, ¶ 34. Sino Global is headquartered in Asia, has a large equity presence in California-based technology and cryptocurrency services companies, and maintains employees and offices in the United States. *Id*; **Exhibit A** (Declaration of Adam Moskowitz), ¶ 2, Ex. A. Graham, the founder of Sino Global, is the CEO of Sino Global's U.S. subsidiary. While Graham represents to this Court that Sino Global does not direct or otherwise control SG Capital Holdings (*see* ECF No. 300-1, ¶ 5), the companies operate under one website, on which Graham is "Managing Partner";[1] were rebranded jointly as Ryze Labs, which Graham said was meant to

---

[1] Accessing www.sinoglobalcapital.com redirects to www.ryzelabs.io. (last acc. October 26, 2023).

represent his company's global reach beyond Asia;[2] provide "boots on the ground…from New York to New Delhi";[3] and otherwise are held out indistinguishably. *See* fn.4. Graham asserts he is the managing member of SG Capital Holdings but only "an authorized representative of Sino Global," and that the former was not involved with FTX. *See* ECF No. 300-1, ¶¶ 1, 6. Yet, outside of this proceeding, he consistently makes statements treating Sino Global as one company with respect to its investments, including *its investments in FTX*.[4] Graham's assertions about the nature of the entities, his relations to each, and their relations to FTX simply do not add up.

Once the underlying matters were consolidated into the MDL, Plaintiffs filed an administrative complaint. MDL ECF No. 182. On August 16, Plaintiffs served SG Capital Holdings. Moskowitz Decl. ¶ 3, Ex. B. On September 21, SG Capital Holdings appeared, and Plaintiffs' counsel reached out to request that Sino Global waive service. It refused. *Id*. ¶ 4, Ex. C.

On October 13, Plaintiffs tried to serve an attorney listed as General Counsel and Head of Investor Relations for Sino Global[5] at his State Bar address. *Id*. ¶ 5, Ex. D. The person who answered offered to accept service on Loney's behalf, then called Mr. Loney and gave the server his phone number when informed the papers needed to be hand-delivered. *Id.* ¶ 6, Ex. E. Plaintiffs decided to proceed with sub-service, but the process server left after being threatened and a phone call with Mr. Loney, during which he informed the server he would avoid service "at all costs." *Id.*

## II.  ARGUMENT

**First,** Defendants' argument that Plaintiffs must have re-served SG Capital Holdings with the administrative complaint has no support in the record or law. MDL courts and parties *may* elect

---

[2] Crypto VC Sino Global changes name to Ryze Labs | The Block (last acc. October 26, 2023).
[3] https://www.ryzelabs.io/ValueAdd. (last acc. October 30, 2023).
[4] Crypto 'kingmaker' Matthew Graham on how Sino Global Capital is tapping into the Indian Web3 market (yourstory.com); Ryze Labs on X: "https://t.co/SMkYQmDXRK" / X (twitter.com); Crypto Fund Sino Global Had Deep Ties to FTX Beyond Equity Investment (coindesk.com); SALT — Matthew Graham; (last acc. October 26, 2023). *See also*, Plaintiffs' Opposition to Sino Global's Motion to Dismiss for Lack of Personal Jurisdiction, pp. 7-9, fn. 55-67, for additional facts demonstrating that Sino Global and SG Capital Holdings hold themselves out as one entity.
[5] Patrick Loney, Sino Global Capital Ltd: Profile and Biography - Bloomberg Markets; *see also* (2) Patrick Loney | LinkedIn; *see also* fn. 4, Coindesk article (last acc. October 27, 2023).

2

to file "master" pleadings which serve to supersede prior individual pleadings, and which the transferee court may treat as merging actions. *See Gelboim v. Bank of Am. Corp.,* 574 U.S. 405 (2015); *In re Refrigerant Compressors Antitrust Litigation*, 7731 F.3d 586, 590 (6th Cir. 2013). No "merger" occurs, however, when "the master complaint is not meant to be a pleading with legal effect but only an administrative summary of the claims." *In re Refrigerant*, 7731 F.3d at 590. Indeed, *Gelboim*, which Defendants cite, confirms that when a master complaint is administrative, each MDL case retains its separate legal existence. 574 U.S. at 413. This is supported by Section 1407, which refers to individual "actions" which may be transferred to a single district, not to any monolithic multidistrict "action" created by transfer. 28. U.S.C.A § 1407; *see Lexecon Inc. v. Milberg Weiss Bershad Hynes & Lerach*, 523 U.S. 26, 37, (1998). Here, groups of similarly situated plaintiffs filed administrative summaries of their claims for ease of the MDL proceedings. There are no master pleadings. Further, the Court made no indication in its orders in the administratively stayed matters that re-serving summons and complaints was required. *See, e.g.,* 1:23-cv-23212 (S.D. Fla.), ECF No. 12. Service has thus been effectuated on SG Capital.

**Second,** to the extent the Court finds otherwise, Plaintiffs request that the Court quash service and allow Plaintiffs to perfect it. *Fed. Home Loan Mortg. Corp. v. Dutch Lane Assocs.,* 775 F. Supp. 133, 138 n.2 (S.D.N.Y. 1991) (Rule 12(b)(5) motions differ from other Rule 12(b) motions in that they offer the court a course of action other than dismissing the case when objections are sustained); *see* 5B Wright & Miller, Fed. Prac. & Proc. Civ. § 1354 ("[F]ederal courts have broad discretion to dismiss the action or to retain the case but quash the service that has been made.... in those situations in which there is a reasonable prospect that the plaintiff ultimately will be able to serve the defendant properly."); *See also*, *Vega v. Hastens Beds, Inc*., 339 F.R.D. 210, 217 (S.D.N.Y. 2021). **Finally**, as set forth in motions MDL ECF Nos. 280, 343, Plaintiffs request leave for alternate service under Rule 4(f)(3), as has been granted for other Defendants in this MDL.[6]

---

[6] *See* Order, *Garrison v. Paffrath*, No. 23-cv-21023, ECF No. 65 (S.D. Fla. May 2, 2023).

## REQUEST FOR ORAL ARGUMENT

Plaintiffs respectfully request that the Court hear oral argument on this opposition to Sino Global's Motion, and respectfully submit that thirty minutes should be sufficient for all Parties.

Dated: November 6, 2023

Respectfully submitted,

**By:** */s/ Adam Moskowitz*
Adam M. Moskowitz
Florida Bar No. 984280
Joseph M. Kaye
Florida Bar No. 117520
**THE MOSKOWITZ LAW FIRM, PLLC**
Continental Plaza
3250 Mary Street, Suite 202
Coconut Grove, FL 33133
Office: (305) 740-1423
adam@moskowitz-law.com
joseph@moskowitz-law.com
service@moskowitz-law.com

*Co-Lead Counsel*

**By:** */s/ David Boies*
David Boies
Alexander Boies
Brooke A. Alexander
**BOIES SCHILLER FLEXNER LLP**
333 Main Street
Armonk, NY 10504
914-749-8200
dboies@bsfllp.com
aboies@bsfllp.com
balexander@bsfllp.com

*Co-Lead Counsel*

James R. Swanson, La. Bar No. 18455
Kerry J. Miller, La. Bar. No. 24562
Molly L. Wells, La. Bar. No. 36721
C. Hogan Paschal, La. Bar No. 38495
**FISHMAN HAYGOOD L.L.P.**
201 St. Charles Avenue, 46th Floor
New Orleans, Louisiana 70170-4600
(504) 586-5252; (504) 586-5250 fax
jswanson@fishmanhaygood.com
kmiller@fishmanhaygood.com
mwells@fishmanhaygood.com
hpaschal@fishmanhaygood.com

Robert Lieff
P.O. Drawer A
Rutherford, CA 94573
rlieff@lieff.com

*Counsel to Plaintiffs and the Putative Classes*

Joseph R. Saveri
Christopher Young
Itak K. Moradi
**JOSEPH SAVERI LAW FIRM**
601 California Street, Suite 1000
San Francisco, CA 94108
Telephone: (415) 500-6800
jsaveri@saverilawfirm.com
cyoung@saverilawfirm.com
imoradi@saverilawfirm.com

*Counsel to Plaintiffs and the Putative Classes*

4

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the forgoing was filed on November 6, 2023, via the Court's CM/ECF system, which will send notification of such filing to all attorneys of record.

By: */s/ Adam Moskowitz*
Adam Moskowitz
