IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION
MDL No. 3076
Case No. 1:23-md-03076-KMM

IN RE:

**FTX Cryptocurrency Exchange Collapse Litigation**

_____

This Document Relates To:

*Garrison, et al. v. Bankman-Fried, et al.,*
Case No. 22-cv-23753-MOORE/OTAZO-REYES

*Garrison, et al. v. Golden State Warriors, LLC, et al.*
Case No. 23-cv-23084-KMM
_____/

**PLAINTIFFS' RESPONSE IN OPPOSITION TO DEFENDANT
GOLDEN STATE WARRIORS, LLC'S INDIVIDUAL BRIEF IN SUPPORT OF
MOTION TO DISMISS FOR FAILURE TO STATE A CLAIM [ECF NO. 277]**

Plaintiffs respectfully submit this Response to Defendant Golden State Warriors LLC's ("GSW") Individual Brief in Support of the Motion to Dismiss for Failure to State a Claim (ECF No. 277), and state as follows:[1]

## ARGUMENT & AUTHORITIES

GSW's assertion that it is merely a publisher of FTX's marketing materials and thus cannot be held liable unless it knew those materials were false is a question of fact unsuitable for resolution on a motion to dismiss. *See Larach v. Standard Chartered Bank Int'l (Americas) Ltd.*, 724 F. Supp. 2d 1228, 1238 (S.D. Fla. 2010) (denying motion to dismiss, holding it "premature at the motion to dismiss stage to determine whether" defendants' conduct entitled it to FDUTPA's safe harbor).

But even if GSW's publisher exemption argument was not premature, the Amended Complaint plausibly alleges that GSW went beyond "merely 'reproduc[ing]'" FTX's advertising and indeed participated in the sale of YBAs and FTTs, and drove users to the deceptive FTX Platform. GSW entered a multiyear, $10 million sponsorship deal with FTX to provide promotions, NFTs, and physical merchandise. CAC ¶¶ 473–74, 476–82. GSW also solicited sales of securities through numerous social media posts. *Id.* ¶ 480. Further, GSW made $2 million from NFT sales offered exclusively through the FTX US NFT marketplace. *Id.* ¶ 481. Moreover, Warriors President and COO Brandon Schneider expressed GSW and FTX's "joint desire to innovate around cryptocurrency integration and adoption . . . ." *Id.* ¶ 473. GSW touted FTX as its "Official Crypto Platform and NFT Marketplace." *Id.* ¶ 468.

This kind of conduct is hardly akin to a billboard owner or TV network who simply leases space for the purchaser to display an ad of their choosing. GSW offers no support for the

---

[1] Plaintiffs incorporate by reference their responses to ECF Nos. 265, 266, 268, and 271.

1

proposition that its conduct was that of a publishing or broadcasting entity covered by the Florida, California, and Oklahoma consumer protection laws' publisher exemptions. The three cases that GSW cites, which it admits do not analyze the three state laws it asserts exemption from, each involved publishers or broadcasters in the traditional sense, not basketball teams. *See* ECF No. 277 at 3 n.1; *Sheridan v. iHeartMedia, Inc.*, 255 F. Supp. 3d 767, 769, 775 (N.D. Ill. 2017) (dismissing claims against radio station for unlicensed broadcasting of plaintiff's recordings); *Ferron v. EchoStar Satellite, LLC*, 410 F. App'x 903, 905, 910 (6th Cir. 2010) (dismissing claims against online marketing service provider that "merely stored [challenged advertisements] for purposes of later dissemination"); *Karpinski v. Union Leader Corp.*, 2019 WL 3203144, at *1, *8 (D.N.H. July 16, 2019) (dismissing claims against newspaper that published allegedly defamatory reporting).

At least one court interpreting a similar publisher exception in Illinois' consumer protection law held that the exception was inapplicable to a defendant that personally created and issued the advertisements for the product at issue. *People ex rel. Hartigan v. Maclean Hunter Pub. Corp.*, 457 N.E.2d 480, 485 (Ill. App. Ct. 1983) ("[The publisher] exception appears intended to exempt from the application of the Act the transmission by the specified communications media of advertisements prepared by third parties."). As explained above, GSW prepared and issued its own materials promoting FTX, thus the state law publisher exemptions should not apply. *See id.*; CAC ¶ 482 (discussing cross-promotional physical merchandise developed and distributed by GSW); *id.* ¶ 480 (discussing social media posts by GSW); *id.* ¶ 481 (discussing NFTs GSW offered through the FTX US NFT marketplace); *id.* ¶ 473 (Warriors President and COO Brandon Schneider stating GSW and FTX's "joint desire to innovate around cryptocurrency integration and adoption . . . ."); *id.* at ¶ 468 (touting FTX as the "Official Crypto Platform and NFT Marketplace" of GSW).

Additionally, the plain language of the FDUTPA's safe harbor provision[2] and its California[3] and Oklahoma[4] analogues does not apply to professional basketball teams. *See Soverino v. State*, 356 So.2d 269, 273 (Fla. 1978). A professional basketball team is not "of the same general nature or class" as publishers, broadcasters, printers, radio stations, TV stations, internet service providers, newspapers, and magazines. *See id.*; *see also Commonwealth ex rel. Creamer v. Monumental Props., Inc.*, 329 A.2d 812, 827–28 (Pa. 1974) (excepting printers from vicarious liability for misrepresentations because legislature did not intend to apply consumer protection law to parties whose involvement was solely "mechanical"). No clear, contrary legislative intent to protect promotional partners under the publisher exemptions appears in the laws' text or elsewhere. *See id.* Thus, applying the doctrine of *ejusdem generis* to the consumer protection safe harbors, it is plain that GSW is not shielded from liability. *See id.*; CAC ¶ 62 ("[GSW] is a professional basketball team in the NBA."). GSW does not allege that, alongside the services it contracted to provide to FTX, it broadcasts any of its own games, owns any networks, or is otherwise in the media business.

## CONCLUSION

For the foregoing reasons, and those set forth in Plaintiffs' response to the omnibus motion to dismiss, which is incorporated by reference herein, Defendant's motion should be denied.

---

[2] Exempting "[p]ublishers, broadcasters, printers or other persons engaged in the dissemination of information or the reproduction of printed or pictorial matter" from liability. Fla. Stat. § 501.212(2).

[3] Exempting "any visual or sound radio broadcasting station, [] any internet service provider or commercial online service, [and] any publisher of a newspaper, magazine, or other publication" from liability. Cal. Bus. & Prof. Code § 17502.

[4] Exempting "[p]ublishers, broadcasters, printers or other persons" from liability. Okla. Stat. tit. 15, § 754(1).

3

## REQUEST FOR ORAL ARGUMENT

Plaintiffs respectfully request that the Court hear oral argument on this Motion, and respectfully submit that thirty minutes should be sufficient for all Parties.

| Plaintiffs' Co-Lead Counsel ||
|---|---|
| By: /s/ *Adam Moskowitz*<br>Adam M. Moskowitz<br>Florida Bar No. 984280<br>Joseph M. Kaye<br>Florida Bar No. 117520<br>**THE MOSKOWITZ LAW FIRM, PLLC**<br>Continental Plaza<br>3250 Mary Street, Suite 202<br>Coconut Grove, FL 33133<br>Office: (305) 740-1423<br>adam@moskowitz-law.com<br>joseph@moskowitz-law.com<br>service@moskowitz-law.com | By: /s/ *David Boies*<br>David Boies<br>Alex Boies<br>Brooke Alexander<br>**BOIES SCHILLER FLEXNER LLP**<br>333 Main Street<br>Armonk, NY 10504<br>Office: (914) 749-8200<br>dboies@bsfllp.com<br>aboies@bsfllp.com<br>balexander@bsfllp.com |
| **FTX Promoter Committee Members** ||
| Barbara C. Lewis<br>Florida Bar No. 118114<br>**The Moskowitz Law Firm, PLLC**<br>Continental Plaza<br>3250 Mary Street, Suite 202<br>Coconut Grove, FL 33133<br>Office: (305) 740-1423<br>barbara@moskowitz-law.com<br>service@moskowitz-law.com | K. Rachel Lanier<br>Alex J. Brown<br>**The LANIER LAW FIRM, P.C.**<br>10940 W. Sam Houston Pkwy N<br>Houston, TX 77064<br>Telephone: (713) 659-5200<br>Facsimile: (713) 659-2204<br>Rachel.Lanier@lanierlawfirm.com<br>Alex.Brown@lanierlawfirm.com |



## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on November 6, 2023, a true and correct copy of the foregoing was filed electronically with the Clerk of the Court, by using the CM/ECF system which will send an electronic notification of such filing to all counsel of record.

By: */s/ Adam M. Moskowitz*
Adam M. Moskowitz