IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

IN RE:
**FTX Cryptocurrency Exchange Collapse Litigation**

_____

This document relates to:
*Garrison, et al. v. Bankman-Fried*,
Case No. 22-cv-23753-KMM

*Norris v. Brady*,
Case No. 23-cv-20439-KMM
_____/

**PLAINTIFFS' RESPONSE TO DEFENDANT THOMAS BRADY'S
INDIVIDUAL MOTION TO DISMISS [ECF No. 272]**

Plaintiffs respectfully submit this Response to Defendant Thomas Brady's Individual Motion to Dismiss pursuant to FRCP 12(b)(6) (ECF No. 272) and state as follows:[1]

I. **DEFENDANT BRADY SOLD AND SOLICITED THE SALE OF UNREGISTERED SECURITIES.**

The Consolidated Amended Complaint, [ECF No. 179] ("CAC"), plausibly alleges that Defendant Brady personally participated in the solicitation and sale of YBAs and FTTs, and persuaded users to join the deceptive FTX Platform. Plaintiffs allege that Defendant directly encouraged his followers on social media and other members of the public to invest through FTX; investment through FTX results in the opening of YBAs, and enables one to invest in FTX's FTT. CAC ¶¶ 35, 236, 237, 256–258, 270–286. While Defendant's Motion to Dismiss fleetingly mentions that the "advertisements focused on the FTX brand and platform, [and] not any specific product," (ECF No. 272 at 1) Defendant's solicitation of investors to FTX was necessary to FTX's campaign to attract investors, and its commercial success prior to collapse. Am. Compl. ¶ 274 ("FTX's brand ambassadors and ad campaigns that utilized those brand ambassadors had a critical role in portraying FTX as being 'safe' and 'compliant.'"); *id.* ¶ 283 ("FTX's explanation for using stars like Brady, Bunchden, and the other Defendants was no secret."); *id.* ¶ 284 ("the FTX Group needed celebrities like Defendants to continue funneling investors into the FTX Ponzi scheme, and to promote and substantially assist in the sale of unregistered securities, including the YBAs").

Defendant Brady further asserts that "general promotions of FTX are insufficient to establish that Mr. Brady sold or solicited the sale of YBAs or FTT," and that he did not personally participate in the sale of YBAs or FTTs to Plaintiffs. ECF No. 272 at 1. Plaintiffs' allegations confirm otherwise. "The necessary participant/substantial factor test essentially asks whether, but

---

[1] Plaintiffs incorporate by reference their responses to ECF Nos. 265, 266, 268, and 271.

1

for the defendant's participation, the sale transaction would not have taken place." *Scheck Invs., L.P. v. Kensington Mgmt., Inc.*, No. 04-21160-CIV, 2009 WL 10668565, at *4 (S.D. Fla. June 17, 2009) (citations and quotations omitted) (holding that a reasonable jury could find that recruiting agents who aided a company in finding sales agents to sell the company's unregistered securities was a substantial factor in making it possible for company to sell the unregistered securities to unwitting purchasers); *see also Wildes v. BitConnect Int'l PLC*, 25 F. 4th 1341, 1346 (11th Cir. 2022) (holding that to find a promoter of an unregistered security liable under federal securities law, the plaintiffs must plausibly allege that the defendants "**urged or persuaded**" the Plaintiffs to buy the unregistered security) (emphasis added). Here, as Defendant quotes from the Complaint later in his Motion, Defendant stated, among other things, that FTX is "the best way to get in the [crypto] game." ECF No. 272 at 2 (quoting CAC ¶ 304). Not only did Defendant "urge" investors to engage with FTX and its offered securities, but Defendant also very successfully "persuaded" many investors as well. *See Wildes*, 25 F.4th at 1346. Plaintiffs further need not allege that the Defendant's solicitation was "personal or individualized." *Id.* (holding spokesmen promoting a cryptocurrency staking Ponzi scheme engaged in "solicitation" of securities when they "urged people to buy Bitconnect coins in online videos."). For these reasons, Plaintiffs adequately plead that Defendant sold and solicited the sale of securities.[2]

## II. DEFENDANT BRADY AIDED AND ABETTED THE FTX FRAUD.

This Court should reject Defendant's attempt to assert that he did not support the FTX fraud "in any way" and that he did not know about the fraud itself. Knowledge is not required under

---

[2] Nor do Plaintiffs need allege that they made their investments because of Defendant's advertisements. (ECF No. 272 at 1 n.1). *See Pino v. Cardone Capital, LLC,* 55 F.4th 1253, 1260 (9th Cir. 2022) (adopting *Wildes*'s analysis and holding that to state a cause of action, plaintiff "need not have alleged that he specifically relied on any of the alleged misstatements identified in the [complaint].").

2

FDUTPA. As the Eleventh Circuit has stated, "Under FDUTPA, the plaintiff must only establish three objective elements: (1) a deceptive act or unfair practice; (2) causation; and (3) actual damages." *Carriuolo v. Gen. Motors Co.*, 823 F.3d 977, 985–86 (11th Cir. 2016)); *accord In re Tobacco II Cases*, 46 Cal. 4th 298, 312 (2009) (noting that the perpetrator need not have knowledge of falsity under the Unfair Competition Law).

Further, Defendant contends that Plaintiffs' only allegations of deceptive statements were of Defendant's expression of his general support for FTX, and that such statements are "nonactionable puffery," which cannot be the basis of a FDUTPA claim. Defendant's assertion that these improper acts amount merely to "puffery" is patently false. The Complaint provides many examples of promotions by Defendant in which Defendant falsely stated that the FTX platform was "the safest and easiest way to buy and sell crypto" and that it was easy to use. *See, e.g.*, CAC ¶¶ 8, 30, 55, 278, 330, 706. Further, "[i]n distinguishing actionable representations from non-actionable 'puffery' under FDUTPA . . . courts do not assess the individual representations in a vacuum, and still ultimately ask whether the representations are ones to which a reasonable consumer could rely." *Thompson v. Procter & Gamble Co.*, 2018 WL 5113052, at *2 (S.D. Fla. Oct. 19, 2018). Like the statements in *Thompson*, on which Defendant relies, Defendant's statements about FTX, including its safety, "could reasonably be taken to amount to more than just a salesman's lavish claims." *See id.* As a result, the Court should not "conclude that a reasonable person would not rely on those statements to their detriment." *Id.* "Statements misrepresenting a product or falsely ascribing benefits or virtues to a product are actionable" and not mere puffery. *Mfg. Rsch. Corp. v. Greenlee Tool Co.*, 693 F.2d 1037, 1040 (11th Cir. 1982). Defendant misrepresented FTTs, YBAs, and the FTX Platform as "safe" and "better."

## CONCLUSION

For the foregoing reasons, Plaintiffs respectfully request that this Court deny Defendant Thomas Brady's Motion to Dismiss.

## REQUEST FOR ORAL ARGUMENT

Plaintiffs respectfully request that the Court hear oral argument on this Motion, and respectfully submit that thirty minutes should be sufficient for all Parties.

Dated: November 6, 2023                                                                 Respectfully submitted,

| Plaintiffs' Co-Lead Counsel ||
|---|---|
| By: /s/ *Adam Moskowitz*<br>Adam M. Moskowitz<br>Florida Bar No. 984280<br>Joseph M. Kaye<br>Florida Bar No. 117520<br>**THE MOSKOWITZ LAW FIRM, PLLC**<br>Continental Plaza<br>3250 Mary Street, Suite 202<br>Coconut Grove, FL 33133<br>Office: (305) 740-1423<br>adam@moskowitz-law.com<br>joseph@moskowitz-law.com<br>service@moskowitz-law.com | By: /s/ *David Boies*<br>David Boies<br>Alex Boies<br>Brooke Alexander<br>**BOIES SCHILLER FLEXNER LLP**<br>333 Main Street<br>Armonk, NY 10504<br>Office: (914) 749-8200<br>dboies@bsfllp.com<br>aboies@bsfllp.com<br>balexander@bsfllp.com |
| Plaintiffs' Promoter Committee Members ||
| Barbara C. Lewis<br>Florida Bar No. 118114<br>**THE MOSKOWITZ LAW FIRM, PLLC**<br>Continental Plaza<br>3250 Mary Street, Suite 202<br>Coconut Grove, FL 33133<br>Office: (305) 740-1423<br>barbara@moskowitz-law.com<br>service@moskowitz-law.com | K. Rachel Lanier<br>Alex Brown<br>**THE LANIER LAW FIRM, P.C.**<br>10940 W. Sam Houston Pkwy N.<br>Houston, TX 77064<br>Telephone: (713) 659-5200<br>Rachel.Lanier@lanierlawfirm.com<br>Alex.Brown@lanierlawfirm.com |

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on November 6, 2023, a true and correct copy of the foregoing was filed electronically with the Clerk of the Court, by using the CM/ECF system, causing a true and correct copy to be served on all counsel of record.

/s/ *Adam M. Moskowitz*
Adam M. Moskowitz