IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION
MDL No. 3076
Case No. 1:23-md-03076-KMM

IN RE:

FTX Cryptocurrency Exchange Collapse Litigation

_____

This Document Relates To:

*Garrison v. Bankman-Fried*,
Case No. 22-cv-23753-MOORE/OTAZO-REYES

_____/

**PLAINTIFFS' RESPONSE IN OPPOSITION TO DEFENDANT
UDONIS HASLEM'S INDIVIDUAL MOTION TO DISMISS
AND INCORPORATED MEMORANDUM OF LAW [D.E. 278]**

1

Plaintiffs filed this action against Defendant on November 15, 2022. *Garrison,* Case No. 22-cv-23753, ECF No. 1. Plaintiffs voluntarily dismissed that action without prejudice on December 8, 2022. *Id*. ECF 14. Plaintiffs then filed this action on December 16, 2022. *Id*. ECF 16.

On February 21, 2023, Plaintiffs asked their process server to effectuate service on Defendant Udonis Haslem. *See* ECF No. 278, Ex. 1 at 1. Plaintiffs' process server attempted to serve process at Defendant's home on February 25 and 28, 2023. *Id.* at 2. On February 25, the process server rang the doorbell at the gate to Defendant's home and spoke with an unidentified female. *Id.* The communication signal had bad reception. *Id.* The process server made multiple attempts to reach the individual through the doorbell again that day with no success. *Id.*

On February 28, the process server returned to the residence and rang the doorbell at the gate, but no one answered. *Id.* Several minutes later, a white BMW driven by Faith Haslem, Defendant's wife, drove quickly out of the gate, passed the process server, and fled the neighborhood, intentionally running through a stop sign. *Id.* at 1. The process server followed Ms. Haslem and met up with her at the intersection of Griffin Road and Weston Road, 3.6 miles from Defendant's home. *Id.* He identified himself, his authority, and purpose, and he read the summons out loud and then placed the documents on the windshield of her car. *Id.*

## ARGUMENT

Defendant Haslem asks this Court to dismiss Plaintiffs' claims because service of process was improper and untimely. Defendant also argues that his FTX-related statements, which form the basis for Plaintiffs' claims against him, are not actionable. Both arguments fail. Defendant's Motion should be denied.[1]

---

[1] Plaintiffs incorporate by reference their responses to ECF Nos. 265, 266, 268, and 271.

2

First, service on Defendant was not untimely. Rule 4(m) requires that a defendant be served within 90 days after the complaint is filed. Fed. R. Civ. P. 4(m). Plaintiffs *refiled* the action on December 16, 2022, and timely served Defendant on February 28, 2023. This is in sharp contrast to *Selvas v. Atlas One Fin. Grp., LLC* (ECF No. 278 at 3), where plaintiffs attempted service over three months *after* the deadline had expired. 2011 WL 13223728, at *1 (S.D. Fla. Aug. 26, 2011).

Second, Plaintiffs did not improperly serve Defendant through his spouse. Plaintiffs' process server twice attempted to serve process on Defendant or a person of sufficient age at the Haslem residence pursuant to Rule 4(e)(2)(A) and Fla. Stat. § 48.031(2)(a). The process server followed Defendant's wife when she fled after refusing to answer the door or permit him through the gate and handed her the summons at a nearby intersection where he identified himself to Mrs. Haslem, who acknowledged his presence and purpose when she took a picture of his SPS badge. ECF No. 27, Ex. 1 at 1. He then read the summons out loud and placed it on her windshield, directly in Mrs. Haslem's line of sight. This constitutes valid service. *See Haney v. Olin Corp.*, 245 So. 2d 671, 672–74 (Fla. 4th DCA 1971) (holding sheriff identifying himself, announcing he had copies of summons, reading them loudly outside the door, and announcing he was leaving them on the doorstep constituted valid service on defendant's wife).

Because "a person has the legal obligation to accept service of process when service is attempted reasonably," courts have found service effective despite attempts to evade process. *Coffin v. Brandau*, 642 F.3d 999, 1007 (11th Cir. 2011) (citing *Haney*, 245 So. 2d at 673); *Rokeach v. Glickstein*, 718 So. 2d 831, 832 (Fla. 4th DCA 1998), *reh'g denied* (holding service was proper where process server waited outside house after no one had answered doorbell, saw defendant's husband emerge from driveway, stood in path of car, identified himself, described summons and complaint, and placed papers against window of car for four or five seconds before driver pulled

3

away); *see also Dowd Shipping, Inc. v. Lee*, 354 So. 2d 1252 (Fla. 4th DCA 1978) (service effectuated where summons were attached to outer gate of the home because defendant's spouse refused to accept service or grant access through the gate).

"The primary function of Rule 4 is to provide the mechanism for bringing notice of the commencement of an action to the defendant's attention and to provide a ritual that marks the court's assertion of jurisdiction over the lawsuit." § 1063 Subject Matter Jurisdiction, Venue, Personal Jurisdiction, and Service of Process Distinguished, 4 Fed. Prac. & Proc. Civ. § 1063 (4th ed.). Plaintiffs' service of process on Defendant through his wife gave him notice of the lawsuit and the claims against him. Alternatively, if the Court finds that service was defective, Plaintiffs request that the Court grant them an extension of time to serve process on Defendant and that the Court permit them do so by serving Defendant's counsel.

Finally, contrary to his claims, Defendant *is* a "malefactor" in the FTX scheme. ECF No. 278 at 1. His promotions of FTX, which include but are not limited to his "You in, Miami?" advertisement, make him liable to Plaintiffs for the reasons detailed in Plaintiffs' opposition to Defendants' Fed. R. Civ. P. 12(b)(6) motion to dismiss, which is incorporated herein. Defendant's reliance on *Pop v. Lulifama.com LLC* is misplaced because, there, the plaintiff failed to allege "any instances in which the Influencers posted any allegedly misleading advertisement" or that he was injured by purchasing an inferior product. 2023 WL 4661977, at *3 (M.D. Fla. July 20, 2023). Here, Plaintiffs allege monetary loss and damages as well as the specific misrepresentations made by Defendant. *See* CAC ¶¶ 371–385.

## CONCLUSION

For the foregoing reasons, Plaintiffs ask this Court to deny Defendant's Motion to Dismiss and grant Plaintiffs such other relief as the Court deems just and proper.

**REQUEST FOR ORAL ARGUMENT**

Plaintiffs respectfully request that the Court hear oral argument on this Motion, and respectfully submit that thirty minutes should be sufficient for all Parties.

Dated: November 6, 2023                                          Respectfully submitted,

| Plaintiffs' Co-Lead Counsel ||
|---|---|
| By: /s/ *Adam Moskowitz*<br>Adam M. Moskowitz<br>Florida Bar No. 984280<br>Joseph M. Kaye<br>Florida Bar No. 117520<br>**THE MOSKOWITZ LAW FIRM, PLLC**<br>Continental Plaza<br>3250 Mary Street, Suite 202<br>Coconut Grove, FL 33133<br>Office: (305) 740-1423<br>adam@moskowitz-law.com<br>joseph@moskowitz-law.com<br>service@moskowitz-law.com | By: /s/ *David Boies*<br>David Boies<br>Alex Boies<br>Brooke Alexander<br>**BOIES SCHILLER FLEXNER LLP**<br>333 Main Street<br>Armonk, NY 10504<br>Office: (914) 749-8200<br>dboies@bsfllp.com<br>aboies@bsfllp.com<br>balexander@bsfllp.com |
| Plaintiffs' Promoter Committee Members ||
| Barbara C. Lewis<br>Florida Bar No. 118114<br>**THE MOSKOWITZ LAW FIRM, PLLC**<br>Continental Plaza<br>3250 Mary Street, Suite 202<br>Coconut Grove, FL 33133<br>Office: (305) 740-1423<br>barbara@moskowitz-law.com<br>service@moskowitz-law.com | K. Rachel Lanier<br>Alex Brown<br>**THE LANIER LAW FIRM, P.C.**<br>10940 W. Sam Houston Pkwy N.<br>Houston, TX 77064<br>Telephone: (713) 659-5200<br>Rachel.Lanier@lanierlawfirm.com<br>Alex.Brown@lanierlawfirm.com |

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on November 6, 2023, a true and correct copy of the foregoing was filed electronically with the Clerk of the Court, by using the CM/ECF system, causing a true and correct copy to be served on all counsel of record.

/s/ *Adam M. Moskowitz*
Adam M. Moskowitz