IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

**IN RE:**
**FTX Cryptocurrency Exchange Collapse Litigation**

─────────────────────────────────────────

This document relates to:
*Garrison, et al. v. Bankman-Fried*,
Case No. 22-cv-23753-MOORE/OTAZO-REYES

*Norris v. Brady*,
Case No. 23-cv-20439-KMM

─────────────────────────────────────────/

**PLAINTIFFS' RESPONSE TO DEFENDANT DAVID ORTIZ'S**
**INDIVIDUAL MOTION TO DISMISS [ECF No. 279]**

Plaintiffs respectfully submit this Response to Defendant David Ortiz' Individual Motion to Dismiss pursuant to FRCP 12(b)(6) (ECF No. 279) and state as follows:[1]

## I. PLAINTIFFS ADEQUATELY PLEAD THAT MR. ORTIZ SOLD AND SOLICITED THE SALE OF UNREGISTERED SECURITIES.

Plaintiffs adequately allege that Defendant Ortiz personally participated in the solicitation and sale of YBAs and FTTs, and successfully drove customers to the deceptive FTX platform. The very purpose of FTX's Brand Ambassador Program was to use individuals with large followings to lure unsuspecting new investors to FTX. While FTX was indeed a "malefactor" (ECF No. 279 at 2), Defendant was one as well. As detailed in the Complaint, Defendant played a critical role in promulgating the FTX fraud. Defendant directly encouraged his followers on social media and other members of the public to invest through FTX, both in YBAs and FTTs. CAC ¶¶ 404–10. Defendant attempts to minimize his involvement and participation in the FTX fraudulent scheme by characterizing his involvement as nothing more than a mere "phone call" from the Moon. Not so. That "phone call" was a national commercial which tied Defendant Ortiz's image and status to FTX in the minds of viewers, and successfully caused customers to engage with FTX. Defendant's FTX promotions stemmed further than that "phone call," such as, for example, publicly endorsing FTX at local events (*id*. ¶ 407), participating as a judge in FTX's Hackathon Finals (*id*. ¶ 408) and appearing on local Florida news channels to discuss FTX (*id*. ¶ 349). Most importantly, his solicitation of investors to FTX was necessary and critical to FTX's campaign to attract more investors and grow the number of FTX users. *See id*. ¶ 274 ("FTX's brand ambassadors and ad campaigns that utilized those brand ambassadors had a critical role in portraying FTX as being 'safe' and 'compliant.'"); ¶ 283 ("FTX's explanation for using stars like Brady, Bunchden, and the

---

[1] Plaintiffs incorporate by reference their responses to ECF Nos. 265, 266, 268, and 271.

1

other Defendants was no secret."); ¶ 284 ("the FTX Group needed celebrities like Defendants to continue funneling investors into the FTX Ponzi scheme, and to promote and substantially assist in the sale of unregistered securities, including the YBAs").

## II.   A CAUSAL CONNECTION EXISTS BETWEEN PLAINTIFFS AND MR. ORTIZ.

Defendant argues that Plaintiffs' claims fail for lack of causation "between Plaintiffs and [himself]." (ECF No. 279 at 3). He also asserts that the Complaint is deficient because it does "not allege whether any [Plaintiffs] purchased a YBA or FTT and do[es] not allege any ever saw the commercial or any of the tweets." *Id.* In doing so, Defendant fleetingly attempts to claim that he did not personally participate in the sale of YBAs or FTTs to Plaintiffs or urge Plaintiffs to sign up with the deceptive FTX platform. However, "[t]he necessary participant/substantial factor test essentially asks whether, but for the defendant's participation, the sale transaction would not have taken place." *Scheck Invs., L.P. v. Kensington Mgmt., Inc.*, No. 04-21160-CIV, 2009 WL 10668565, at *4 (S.D. Fla. June 17, 2009) (citations and quotations omitted) (holding that a reasonable jury could find that recruiting agents who aided a company in finding sales agents to sell the company's unregistered securities was a substantial factor in making it possible for company to sell the unregistered securities to unwitting purchasers); *see also Wildes v. BitConnect Int'l PLC*, 25 F. 4th 1341, 1346 (11th Cir. 2022) (holding that to find a promoter of an unregistered security liable under federal securities law, the plaintiffs must plausibly allege that the defendants "**urged or persuaded**" the Plaintiffs to buy the unregistered security) (emphasis added); *Pino v. Cardone Capital, LLC*, 55 F.4th 1253, 1257–60 (9th Cir. 2022) (adopting the *Bitconnect* court's reasoning and holding that a plaintiff "need not have alleged that he specifically relied on any of the alleged misstatements identified in the [complaint]" to state a claim for promotion of unregistered securities).

2

Here, the Complaint is riddled with instances of Defendant urging Plaintiffs to engage with FTX. Defendant wrote a Tweet stating that FTX was "really giving away $1m to the best idea… that's doing it real big." CAC ¶ 409. Not only did Defendant "urge" investors to engage with FTX and its offered securities, but Defendant also very successfully "persuaded" many investors as well. *See Wildes*, 25 F. 4th at 1346. Contrary to what Defendant's suggests, Plaintiffs need not allege that the Defendant's solicitation was "personal or individualized." *Id.* (holding spokesmen promoting a cryptocurrency staking Ponzi scheme engaged in "solicitation" of securities when they "urged people to buy Bitconnect coins in online videos."). Defendant's online videos and role as a judge for the FTX Hackathon Finals and Crypto Summit, as alleged in the Complaint, are analogous to the promotion of the Bitconnect coins in *Wildes*. Further, it would be unreasonable to expect every Plaintiff to recall precisely when they saw Defendant's numerous advertisements over the extended period of time that Defendant was involved in the common scheme to promote FTX. Defendant cannot evade liability.

### III.   DEFENDANT ORTIZ AIDED AND ABETTED THE FTX DISASTER.

Defendant's Motion desperately attempts to impute liability onto other entities, including FTX, the "Moon," the Miami Heat, and Miami-Dade County. Instead, the Court should focus on what the Complaint alleges against *Defendant Ortiz*, "an ex-Red Sox baseball player" who is not immune from the Securities Act of 1934 and FDUTPA. Defendant emphasizes that the fraud was "hidden," but Defendant's knowledge of the fraud is not required under FDUTPA. As the Eleventh Circuit has stated, "Under FDUTPA, the plaintiff must only establish three objective elements: (1) a deceptive act or unfair practice; (2) causation; and (3) actual damages." *Carriuolo v. Gen. Motors Co.*, 823 F.3d 977, 985–86 (11th Cir. 2016); *accord In re Tobacco II Cases*, 46 Cal. 4th 298, 312 (2009) (noting that the perpetrator need not have knowledge of falsity under the Unfair

3

Competition Law). The Complaint devotes an entire section to Defendant Ortiz in outlining these three prongs and provides multiple instances of Defendant's involvement in aiding and abetting the FTX fraud: his involvement in his FTX-sponsored charity golf event, the FTX Hackathon, and the Crypto Summit. *See, e.g.*, CAC ¶¶ 404–10.

## CONCLUSION

For the foregoing reasons, Plaintiffs respectfully request that this Court deny Defendant David Ortiz' Individual Motion to Dismiss.

Dated: November 6, 2023                                                                 Respectfully submitted,

| Plaintiffs' Co-Lead Counsel | |
|---|---|
| By: */s/ Adam Moskowitz*<br>Adam M. Moskowitz<br>Florida Bar No. 984280<br>Joseph M. Kaye<br>Florida Bar No. 117520<br>**THE MOSKOWITZ LAW FIRM, PLLC**<br>Continental Plaza<br>3250 Mary Street, Suite 202<br>Coconut Grove, FL 33133<br>Office: (305) 740-1423<br>adam@moskowitz-law.com<br>joseph@moskowitz-law.com<br>service@moskowitz-law.com | By: */s/ David Boies*<br>David Boies<br>Alex Boies<br>Brooke Alexander<br>**BOIES SCHILLER FLEXNER LLP**<br>333 Main Street<br>Armonk, NY 10504<br>Office: (914) 749-8200<br>dboies@bsfllp.com<br>aboies@bsfllp.com<br>balexander@bsfllp.com |
| Plaintiffs' Promoter Committee Members | |
| Barbara C. Lewis<br>Florida Bar No. 118114<br>**THE MOSKOWITZ LAW FIRM, PLLC**<br>Continental Plaza<br>3250 Mary Street, Suite 202<br>Coconut Grove, FL 33133<br>Office: (305) 740-1423<br>barbara@moskowitz-law.com<br>service@moskowitz-law.com | K. Rachel Lanier<br>Alex Brown<br>**THE LANIER LAW FIRM, P.C.**<br>10940 W. Sam Houston Pkwy N.<br>Houston, TX 77064<br>Telephone: (713) 659-5200<br>Rachel.Lanier@lanierlawfirm.com<br>Alex.Brown@lanierlawfirm.com |

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on November 6, 2023, a true and correct copy of the foregoing was filed electronically with the Clerk of the Court, by using the CM/ECF system, causing a true and correct copy to be served on all counsel of record.

/s/ *Adam M. Moskowitz*
Adam M. Moskowitz