**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**
**MIAMI DIVISION**
MDL No. 3076
Case No. 1:23-md-03076-KMM

**IN RE:**
**FTX Cryptocurrency Exchange Collapse Litigation**

_____

This document relates to:

*Garrison, et al. v. Paffrath et al.*,
Case No. 23-cv-21023

_____/

**PLAINTIFFS' OPPOSITION TO DEFENDANT ERIKA KULLBERG'S MOTION TO DISMISS**
**PURSUANT TO FEDERAL RULE OF CIVIL PROCEDURE 12(b)(5) [ECF NO. 263]**

Plaintiffs oppose Ms. Kullberg's Rule 12(b)(5) Motion to Dismiss. ECF No. 263.[1]

Defendant is an influencer with over 18 million social media followers. CAC ¶ 75. She is a founder of co-defendant Creators Agency LLC ("CA"), a talent management firm and digital ad network, which promoted FTX. *Id*. ¶¶ 75–76. She is an attorney and promotes herself as a "personal finance expert."[2] Ms. Kullberg was the ringleader who, under her CA umbrella, personally participated with and led several "Youtuber" Defendants in drafting and disseminating mass solicitations of FTX's unregistered securities offerings to investors. CAC ¶ 715. Unsurprisingly, Ms. Kullberg scrubbed FTX from her social media accounts.  There is no doubt that much more will be uncovered when discovery of those accounts is obtained.

Plaintiffs began an investigation concerning Defendant to ascertain her whereabouts. Moskowitz Decl. ¶ 2.[3]  Their investigation uncovered that Defendant also went by the name Erika Nicole Shannon before she married Eric Kullberg on April 20, 2019. *Id*. ¶ 3. Indeed, she is still Erika Shannon according to the State Bar of California, where she is listed as active with an address in Sheridan, WY. *Id*. ¶ 4. Plaintiffs also located various residential addresses for Defendant. *Id*. ¶ 5. The two most recent addresses, according to Plaintiffs' investigation, were 400 E. 20th Street, Apt. 5h, New York, NY 10009 and 40 Waterside Plaza, Apt. 11D, New York, New York 10010. *Id*. ¶ 6.

When Plaintiffs were informed during a service attempt at the 400 E. 20th St. address that Defendant was the *previous* resident, but had moved, Plaintiffs attempted service at the Waterside Plaza address on April 6, 2023. *Id*. ¶¶ 7–8. As the Return of Service states, the doorman at

---

[1] Plaintiffs incorporate by reference their responses to ECF Nos. 265, 266, 268, and 271.
[2] https://erikakullberg.com/.
[3] The Declaration of Adam M. Moskowitz, in support of this response is attached as **Exhibit A**.

Waterside Plaza *did not permit the process server to go further than the lobby*, but called the "recipient" of the summons, who advised him to accept service. *Id*. ¶ 9.

Defendant argues the service at the Waterside Plaza address was improper, but she has not submitted any evidence that clearly and convincingly rebuts the facts in the Return of Service. The Court should deny Ms. Kullberg's motion.

"A process server's return of service on a defendant, which is regular on its face, is presumed to be valid absent clear and convincing evidence presented to the contrary." *Happy Tax Franchising, LLC v. Hill*, No. 19-CV-24539-FAM, 2022 WL 6744545, at *3 (S.D. Fla. July 22, 2022); *see also Telf Corp. v. Gomez*, 671 So. 2d 818, 818 (Fla. 3d DCA 1996) ("It has well been established that a process server's return of service on a defendant which is regular on its face is presumed to be valid absent clear and convincing evidence presented to the contrary."). "Further, a defendant may not impeach the validity of the summons with a simple denial of service, but must present 'clear and convincing evidence' to corroborate his denial." *Id*. To meet this standard, "the witnesses to a fact [must] be credible" and "the testimony must be clear, direct and weighty." *Lazo v. Bill Swad Leasing Co.*, 548 So. 2d 1194, 1195 (Fla. 4th DCA 1989).

The Declaration of Arzu Malik, the purported current resident at Waterside Plaza, is inexplicably proffered by Ms. Kullberg with no explanation as to how she knows Malik and is riddled with inconsistencies and incomplete information, beginning with the details of the service itself. According to Malik, Plaintiffs' process server approached the apartment door in an attempt to serve the process papers. Malik Decl. ¶ 6. Yet, the Return attests that the "doorman refused to let [him] up." Moskowitz Decl. Ex. 4. Also, while the Return states that the doorman called the "recipient," Malik claims that she was never notified someone was heading to her apartment. Malik Decl. ¶ 6. Malik even admits that the fact that she was never notified by the doorman was "odd"

given that "the doorman calls to notify [her] of anyone entering the building to visit [her] Apartment, even food deliveries." *Id.* ¶ 7.[4] Moreover, the Return notes that the doorman was instructed by the recipient to "accept the [service] documents." Moskowitz Decl. Ex. 4. Nowhere in Malik's declaration does she deny this.

Kullberg's declaration fares no better. She claims she has never resided at "any address in New York." Kullberg Decl. ¶ 3. But the current resident at 400 E. stated that Kullberg was the previous resident of that apartment. Moskowitz Decl. ¶ 7. Ms. Kullberg could have, but did not, furnish a list of current and previous addresses and evidence supporting their validity. As Ms. Kullberg has not presented "clear and convincing evidence" to rebut the process server's Return, service is presumed valid.[5]

Further, the current service was certainly sufficient to provide Defendant with notice. "The primary function of Rule 4 is to provide the mechanism for bringing notice of the commencement of an action to the defendant's attention and to provide a ritual that marks the court's assertion of jurisdiction over the lawsuit." §1063 Subject Matter Jurisdiction, Venue, Personal Jurisdiction, and Service of Process Distinguished, 4 Fed. Prac. & Proc. Civ. § 1063 (4th ed.). Defendant has long been aware of this lawsuit and the claims against her. Indeed, if Ms. Kullberg has never lived in New York, ***how did she get notice of the suit from Malik?*** While Defendant has refused to authorize her counsel to accept service on her behalf, Plaintiffs respectfully submit that the Court

---

[4] Nor is Malik's "belie[f]" that the doorman she spoke to was "Carlos" enough to rebut the facts on the Return (indicating the doorman was an individual named "Jerry Doe."). *See Hill*, 2022 WL 6744545, at *3 (finding service was proper where the movant's affidavits were "too vague and amorphous to refute the presumption of validity attendant to [the] affidavit of service").

[5] Should the Court find otherwise, it should delay ruling on the motion until after Plaintiffs have conducted discovery on the issues raised in the motion. *See* Plaintiff's Omnibus Motion to Lift Discovery Stay and for Leave to Conduct Jurisdictional Discovery. ECF No. 348.

could authorize Plaintiffs to serve her with process through email to her counsel in this Action, to the extent there are any perceived issues with how process was served.

For the foregoing reasons, Plaintiffs ask this Court to deny Defendant's motion to dismiss and grant Plaintiffs such other relief as the Court deems just and proper.

Dated: November 6, 2023                                      Respectfully submitted,

| **Plaintiffs' Co-Lead Counsel** | |
| --- | --- |
| By: */s/ Adam Moskowitz*<br>Adam M. Moskowitz<br>Florida Bar No. 984280<br>Joseph M. Kaye<br>Florida Bar No. 117520<br>**THE MOSKOWITZ LAW FIRM, PLLC**<br>Continental Plaza<br>3250 Mary Street, Suite 202<br>Coconut Grove, FL 33133<br>Office: (305) 740-1423<br>adam@moskowitz-law.com<br>joseph@moskowitz-law.com<br>service@moskowitz-law.com | By: */s/ David Boies*<br>David Boies<br>Alex Boies<br>Brooke Alexander<br>**BOIES SCHILLER FLEXNER LLP**<br>333 Main Street<br>Armonk, NY 10504<br>Office: (914) 749-8200<br>dboies@bsfllp.com<br>aboies@bsfllp.com<br>balexander@bsfllp.com |
| **Plaintiffs' Promoter Committee Members** | |
| Barbara C. Lewis<br>Florida Bar No. 118114<br>**THE MOSKOWITZ LAW FIRM, PLLC**<br>Continental Plaza<br>3250 Mary Street, Suite 202<br>Coconut Grove, FL 33133<br>Office: (305) 740-1423<br>barbara@moskowitz-law.com<br>service@moskowitz-law.com | K. Rachel Lanier<br>Alex Brown<br>**THE LANIER LAW FIRM, P.C.**<br>10940 W. Sam Houston Pkwy N.<br>Houston, TX 77064<br>Telephone: (713) 659-5200<br>Rachel.Lanier@lanierlawfirm.com<br>Alex.Brown@lanierlawfirm.com |

## <u>CERTIFICATE OF SERVICE</u>

I HEREBY CERTIFY that on November 6, 2023, a true and correct copy of the foregoing

was filed electronically with the Clerk of the Court, by using the CM/ECF system, causing a true

and correct copy to be served on all counsel of record.

/s/ <i>Adam M. Moskowitz</i>
Adam M. Moskowitz
