IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION
MDL No. 3076
Case No. 1:23-md-03076-KMM

IN RE:

**FTX Cryptocurrency Exchange Collapse Litigation**

_____

This Document Relates To:

*Garrison v. Bankman-Fried*,
Case No. 22-cv-23753-MOORE/OTAZO-REYES

_____/

**PLAINTIFFS' RESPONSE IN OPPOSITION TO DEFENDANT
WILLIAM TREVOR LAWRENCE'S INDIVIDUAL MOTION TO DISMISS
[ECF NO. 283] AND INCORPORATED MEMORANDUM OF LAW**

Plaintiffs respectfully submit this Response to Defendant William Trevor Lawrence's Individual Motion to Dismiss (ECF No. 283). Plaintiffs and Mr. Lawrence have agreed to settle, subject to Court approval, and submit this response only in the event the Court need reach it. (ECF No. 245). Plaintiffs state as follows:[1]

I. **DEFENDANT LAWRENCE SOLD AND SOLICITED THE SALE OF UNREGISTERED SECURITIES.**

The [Corrected] Administrative Class Action Complaint ("CAC") (ECF No. 179) plausibly alleges Defendant Lawrence participated in the sale of YBAs and FTTs and the promotion of the deceptive FTX Platform (the "Platform"). Defendant partnered with FTX through Blockfolio, which had already merged with FTX, encouraging his followers on social media and other members of the public to invest through FTX. CAC ¶ 560. He solicited sales of securities through numerous social media posts as part of an FTX coordinated campaign, including sponsored social media shout outs of FTX and its Platform. *Id.* ¶¶ 565–69.

Defendant asserts that "promoting the Blockfolio App" cannot be the basis for claims against him and is insufficient to establish that he sold or solicited the sale of YBAs or FTT. *See* ECF No. 283 at 1–2. However, this argument ignores that Defendant promoted the FTX brand and promoted the rebranded FTX app, which included FTX's Platform.

First, Defendant lent his credibility and support to the FTX brand. On June 16, 2021, as part of his promotional campaign, Defendant appeared on "The FTX Podcast." CAC ¶ 566. There is no grey area in the promotional material for the podcast; Lawrence is pictured with clear FTX branding, not Blockfolio branding. *Id.* This podcast was hosted before Blockfolio's full rebranding as simply FTX; even then Defendant's promotions emphasized FTX.

---

[1] Plaintiffs incorporate by reference their responses to ECF Nos. 265, 266, 268, and 271.

1

Despite Defendant's assurances that he merely promoted Blockfolio, *see* ECF No. 283 at 3, Defendant continued his promotions after Blockfolio was publicly indistinguishable from FTX, even if they were separate entities outside the public eye. Any promotional work after this transition, including his October 7, 2021 social media post promoting the "ftx_app," was necessarily promoting FTX and driving new users to the Platform. CAC ¶ 567.

Second, Defendant ignores that the app Defendant admits he promoted did contain the unregistered securities identified in the Complaint. While Blockfolio, in 2020, was a news and portfolio tracking app, FTX purchased the app to integrate its trading platform and emphasize its specific trading services "to attract more retail customers." *Id.* ¶ 561. Rebranding Blockfolio was FTX committing to mobile trading. *Id.* Defendant's promotions sent members of the public to an FTX branded app that contained the capacity to trade on the illegal Platform. *See id.* ¶ 259 (alleging that FTX integrated its trading platform into the Blockfolio app which allowed users, through the app Defendant admits he was advertising, to create FTX trading accounts, access the Deceptive FTX Platform, and therefore earn yield on deposits). Even if a user could trade on other platforms on the rebranded Blockfolio app, the brand synergy between the app Defendant promoted and FTX's unregistered, illegal trading Platform makes it disingenuous to argue that "the Blockfolio App obviously is not the same as the allegedly deceptive FTX Platform." *See* ECF No. 283 at 2.

Plaintiff has sufficiently alleged that Defendant's conduct was a but-for cause for a segment of his fans investing in FTX, fans who heard his promotions of FTX related products and services as "safe" and beginner friendly. CAC ¶ 567. *See Scheck Invs., L.P. v. Kensington Mgmt., Inc.*, No. 04-21160-CIV, 2009 WL 10668565, at *4 (S.D. Fla. June 17, 2009) (holding that a reasonable jury could find that recruiting agents who aided a company in finding sales agents to sell the company's unregistered securities was a substantial factor in making it possible for company to

sell the unregistered securities to unwitting purchasers); *see also Wildes v. BitConnect Int'l PLC*, 25 F. 4th 1341, 1346 (11th Cir. 2022) (holding that to find a promoter of an unregistered security liable under federal securities law, the plaintiffs must plausibly allege that the defendants "urged or persuaded" the Plaintiffs to buy the unregistered security). Defendant's promotions encouraged others to join the FTX ecosystem, engage with its platform, and purchase its securities. As part of the FTX family of entities, Blockfolio and the revenue it produced contributed to propping up a fraud.

## CONCLUSION

For the foregoing reasons, and those set forth in Plaintiffs' response to the omnibus motion to dismiss, which is incorporated herein, Defendant's Individual Motion to Dismiss should be denied.

Dated: November 6, 2023                                             Respectfully submitted,

| Plaintiffs' Co-Lead Counsel | |
|---|---|
| By: */s/ Adam Moskowitz*<br>Adam M. Moskowitz<br>Florida Bar No. 984280<br>Joseph M. Kaye<br>Florida Bar No. 117520<br>**THE MOSKOWITZ LAW FIRM, PLLC**<br>Continental Plaza<br>3250 Mary Street, Suite 202<br>Coconut Grove, FL 33133<br>Office: (305) 740-1423<br>adam@moskowitz-law.com<br>joseph@moskowitz-law.com<br>service@moskowitz-law.com | By: */s/ David Boies*<br>David Boies<br>Alex Boies<br>Brooke Alexander<br>**BOIES SCHILLER FLEXNER LLP**<br>333 Main Street<br>Armonk, NY 10504<br>Office: (914) 749-8200<br>dboies@bsfllp.com<br>aboies@bsfllp.com<br>balexander@bsfllp.com |

| FTX Promoter Committee Members | |
|---|---|
| Barbara C. Lewis<br>Florida Bar No. 118114<br>**The Moskowitz Law Firm, PLLC**<br>Continental Plaza<br>3250 Mary Street, Suite 202<br>Coconut Grove, FL 33133<br>Office: (305) 740-1423<br>barbara@moskowitz-law.com<br>service@moskowitz-law.com | K. Rachel Lanier<br>Alex J. Brown<br>**The LANIER LAW FIRM, P.C.**<br>10940 W. Sam Houston Pkwy N<br>Houston, TX 77064<br>Telephone: (713) 659-5200<br>Facsimile: (713) 659-2204<br>Rachel.Lanier@lanierlawfirm.com<br><br>Alex.Brown@lanierlawfirm.com |

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on November 6, 2023, a true and correct copy of the foregoing was filed electronically with the Clerk of the Court, by using the CM/ECF system which will send an electronic notification of such filing to all counsel of record.

By: */s/ Adam M. Moskowitz*
Adam M. Moskowitz