UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MDL No. 3076
Case No. 1:23-md-03076-KMM

IN RE:

FTX Cryptocurrency Exchange Collapse Litigation

_____

THIS DOCUMENT RELATES TO:

Defendants SoftBank Group Corp., SoftBank Investment Advisers (UK) Limited, and SoftBank Global Advisers Limited

*O'Keefe v. Sequoia Capital Operations, LLC*,
No. 1:23-cv-20700 (S.D. Fla.)

*Chernyavsky v. Temasek Holdings (Private) Limited*,
No. 1:23-cv-22960 (S.D. Fla.)

*Cabo v. Temasek Holdings (Private) Limited*,
No. 1:23-cv-23212 (S.D. Fla.)
_____/

**DEFENDANTS SOFTBANK GROUP CORP., SOFTBANK INVESTMENT ADVISERS (UK) LIMITED, AND SOFTBANK GLOBAL ADVISERS LIMITED'S OPPOSITION TO PLAINTIFFS' MOTION FOR LEAVE <u>TO CONDUCT JURISDICTIONAL DISCOVERY</u>**

## **PRELIMINARY STATEMENT**

Plaintiffs' Motion[1] does not even attempt to provide a basis for jurisdictional discovery from Defendants SoftBank Group Corp. ("SBG"), SoftBank Investment Advisers (UK) Limited ("SBIA"), or SoftBank Global Advisers Limited ("SBGA," and collectively "SoftBank")—none of which are discussed in the Motion at all. Plaintiffs' baseless Motion wastes this Court's resources and harasses those SoftBank entities. It should be denied.[2]

That Plaintiffs continue to pursue claims against SBG, SBIA, and SBGA is shocking. As SBG, SBIA, and SBGA showed in their motion to dismiss, Plaintiffs' theory that these SoftBank entities conspired with FTX to defraud FTX's customers is frivolous. (*See* ECF No. 303.) The U.S. Securities and Exchange Commission and the U.S. Department of Justice investigated FTX's collapse and concluded that investors like SoftBank "were victims of [Sam Bankman-Fried's] fraudulent scheme rather than being liable for it." (ECF No. 247 at 3, 14; *see also* ECF No. 303 at 6–7.) And on November 2, 2023, a jury in the Southern District of New York convicted Mr. Bankman-Fried of all seven counts charged by the Department of Justice, ***including conspiracy to commit securities fraud on FTX's investors***. *See United States v. Bankman-Fried*, No. 1:22-cr-00673-LAK (S.D.N.Y.), ECF No. 202 & Jury Verdict.

In response, Plaintiffs should have dismissed their claims against the investor defendants, including the SoftBank entities. Instead, Plaintiffs made the astonishing decision to seek unnecessary jurisdictional discovery and, contrary to Plaintiffs' false certification, filed the instant Motion without even first meeting and conferring with counsel for SBG, SBIA, and SBGA. That

---

[1] "Motion" or "Mot." refers to Plaintiffs' Motion for Leave to Conduct Jurisdictional Discovery (ECF No. 348).

[2] Defendants SBG, SBIA, and SBGA have filed motions to dismiss pursuant to Rules 12(b)(5) and 12(b)(6) of the Federal Rules of Civil Procedure. (ECF Nos. 296, 303.) These defendants file this opposition without prejudice to their positions taken in those motions.

1

alone is an independent, sufficient basis to deny Plaintiffs' Motion. Worse, the Motion includes ***no substantive discussion*** of Plaintiffs' basis for jurisdictional discovery from any of those SoftBank entities, none of which have challenged personal jurisdiction.

Plaintiffs' Motion should be denied, and their frivolous litigation tactics put to an end.

## ARGUMENT

Plaintiffs' request for jurisdictional discovery from SBG, SBIA, and SBGA should be denied for four independent reasons.

***First***, Plaintiffs bear the burden of demonstrating a specific need for jurisdictional discovery, *see Turner v. Costa Crociere S.P.A.*, 2020 WL 9071486, at *6 (S.D. Fla. Aug. 23, 2020) (Moore, J.), but they provide no basis for jurisdictional discovery from SBG, SBIA, or SBGA. Plaintiffs do not explain ***what*** factual issues they need to investigate or ***why*** they need jurisdictional discovery with respect to any of those entities. Indeed, Plaintiffs say nothing of substance about SBG, SBIA, or SBGA at all.

***Second***, the premise of Plaintiffs' Motion is that they purportedly need discovery to uncover "additional facts that support personal jurisdiction over these Defendants." (Mot. at 2.) ***But SBG, SBIA, and SBGA have not challenged personal jurisdiction here.*** Those entities filed motions to dismiss only for failure to state a claim and for insufficient service of process. (ECF Nos. 296, 303.) Needless to say, "plaintiffs only have a right to jurisdictional discovery if the jurisdictional question is genuinely in dispute." *Turner*, 2020 WL 9071486, at *2 (quotation marks omitted). There is no such dispute here.

***Third***, Plaintiffs briefly mention that SBG, SBIA, and SBGA have challenged service, but there is no factual dispute related to SBG, SBIA, and SBGA's motion to dismiss for insufficient service of process, let alone one meriting discovery. In multiple filings, Plaintiffs have conceded

2

that they have not properly served those entities. (*See* ECF Nos. 280, 345, 352.) Tellingly, in their opposition to SBG, SBIA, and SBGA's motion to dismiss for insufficient service of process, Plaintiffs do not raise any factual disputes, and they say nothing about needing discovery. (*See* ECF No. 352.) That should end the inquiry.

***Fourth***, Plaintiffs falsely certified that they "conferred with Counsel" for SBG, SBIA, and SBGA "in a good faith effort to resolve the issues raised in this Motion." (Mot. at 14.) Plaintiffs never even attempted to confer with SBG, SBIA, and SBGA about jurisdictional discovery before filing their Motion. That alone is grounds for denial of the Motion. *See Burleigh House Condo., Inc. v. Rockhill Ins. Co.*, 2022 WL 17082909, at *6 (S.D. Fla. Nov. 18, 2022) ("[T]he Eleventh Circuit has affirmed that failure to comply with Local Rule conferral requirements is an independently sufficient basis to deny a motion.").[3]

## **CONCLUSION**

For the foregoing reasons, Plaintiffs' Motion should be denied.

---

[3] This is not the first time Plaintiffs have flouted the meet and confer requirement in Local Rule 7.1(a)(3). As this Court observed when denying a previous motion filed by Plaintiffs, "multiple Defendants have asserted that Plaintiffs wrongly represented that they had conferred with Defendants about the relief requested." (ECF No. 336.) This Court has also already warned Plaintiffs that "[t]his alone is sufficient to deny the Motion." (*Id.*)

Dated: November 13, 2023

Respectfully submitted,

*/s/ Eric D. Lawson*
Eric D. Lawson (mdl102196)
MORRISON & FOERSTER LLP
250 West 55th Street
New York, NY 10019-9601
Telephone: (212) 468-8000
Email: elawson@mofo.com

Anna Erickson White (mdl102198)
Ryan M. Keats (mdl102197)
MORRISON & FOERSTER LLP
425 Market Street
San Francisco, CA 94105-2482
Telephone: (415) 268-7000
Email: awhite@mofo.com
       rkeats@mofo.com

Adam M. Foslid (Fla. Bar No. 682284)
WINSTON & STRAWN LLP
Southeast Financial Center
200 S. Biscayne Blvd., Suite 2400
Miami, FL 33131
Telephone: (305) 910-0500
Email: afoslid@winston.com

*Counsel for Defendants SoftBank Group Corp., SoftBank Investment Advisers (UK) Limited, and SoftBank Global Advisers Limited*

## **CERTIFICATE OF SERVICE**

      I hereby certify that on this 13th day of November, 2023, I e-filed the foregoing document using the Court's CM/ECF system, which will send a notice of electronic filing to all counsel of record.

                                                    /s/ *Eric D. Lawson*