UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MDL No. 3076
Lead Case No. 1:23-md-03076-KMM
Associated Case No. 1:23-cv-21023

In Re: FTX CRYPTOCURRENCY
EXCHANGE COLLAPSE LITIGATION

_____

This Document Relates To:

GARRISON V. PAFFRATH, ET AL.
Case No. 23-cv-21023

_____/

## "YOUTUBER DEFENDANTS'" RESPONSE IN OPPOSITION TO THE PLAINTIFFS' OMNIBUS MOTION [ECF No. 348] TO LIFT DISCOVERY STAY AND FOR LEAVE TO CONDUCT JURISDICTIONAL DISCOVERY, AND, IF NECESSARY TO AMEND THEIR COMPLAINTS WITH ANY FACTS ARISING FROM SUCH DISCOVERY

Defendants Graham Stephan, Andrei Jikh, Jaspreet Singh, Brian Jung, Jeremy Lefebvre, Erika Kullberg, and Creators Agency LLC (collectively, the "YouTuber Defendants" or "Defendants"), by and through their undersigned counsel, hereby submit their Response in Opposition to Plaintiffs' Omnibus Motion to Lift Discovery Stay and For Leave to Conduct Jurisdictional Discovery, and, If Necessary to Amend Their Complaints with Any Facts Arising From Such Discovery, and state as follows:

### PRELIMINARY STATEMENT AND BACKGROUND

Plaintiffs seek three different forms of relief in their Omnibus Motion [ECF No. 348]: (i) lifting of the discovery stay; (ii) jurisdictional discovery; and (iii) leave to amend their Corrected Administrative Complaint [ECF No. 179] ("CAC") or opposition motions following jurisdictional

1

discovery, all of which should be denied. Plaintiffs' Omnibus Motion does not even attempt to provide a basis for jurisdictional discovery from these YouTuber Defendants at this time.

As an initial matter, the CAC presents the very problems that the Eleventh Circuit held warrant a stay of discovery pending a decision on a motion to dismiss. *Chudasama v. Mazda Motor Corp.*, 123 F.3d 1353 (11th Cir. 1997). Rather than plead with clarity and precision, Plaintiffs "throw the kitchen sink," at all of the Defendants collectively, without pleading facts sufficient to raise a plausible right to relief against any of them, apparently in the expectation that the Court will hand over the keys to the discovery process so that Plaintiffs can go search for facts that might support the claims they have asserted.

Because Plaintiffs' claims are so ill-defined, it is inevitable that if discovery proceeds, Plaintiffs will seek discovery on claims that are not legally viable and seek it from parties against whom Plaintiffs have not stated and cannot state any claim. This, in turn, will lead to discovery disputes that will necessitate unnecessary time and costs of the Parties and extensive involvement of the Court. Without guideposts supplied by a well-drawn pleading, the Court will be challenged to reach any conclusion regarding what discovery will be "relevant to any party's claim or defense and proportional to the needs of the case." Fed. R. Civ. P. 26(b)(1).

Rather than embark upon extensive, costly and wasteful discovery in this putative class action, the law in this Circuit empowers the Court to take a "preliminary peek" at the merits of the YouTuber Defendants' Motion to Dismiss pursuant to FRCP 12(b)(2) [ECF No. 266], along with YouTuber Defendants' Motion to Dismiss pursuant to FRCP 12(b)(6) [ECF No. 265], to determine whether the Motions to Dismiss are meritorious. Whereas here, the Motions to Dismiss are meritorious, the Court has the discretion to continue the stay of discovery unless Plaintiffs

articulate undue prejudice that would be suffered as a result of such stay, which Plaintiffs have failed to do.

Plaintiffs' request for jurisdictional discovery fares no better upon review of the Plaintiffs' paltry conclusory allegations of personal jurisdiction as to these Youtuber Defendants. Plaintiffs cannot point to any disputed facts material to the jurisdictional inquiry. *See Bernardele v. Bonorino*, 608 F.Supp.2d 1313, 1321 (S.D. Fla. 2009) (J. Gold) ("here, the declarations offered by the parties reflect certain contradictions. However, these contradictions must be sufficiently material to warrant jurisdictional discovery or an evidentiary hearing."). Plaintiffs are not entitled to jurisdictional discovery solely to buttress the conclusory jurisdictional allegations in the CAC. *See Lowery v. Alabama Power Co.*, 483 F.3d 1184, 1217 (11th Cir. 2007).

Plaintiffs attempt to avoid their jurisdictional pleading deficiencies, and claim they are entitled to jurisdictional discovery from these Youtuber Defendants based on an order entered by Judge Altonaga in the *Paffrath Action* prior to the matter being transferred to this Court [ECF No. 348, pp. 3, 4] (*Paffrath* ECF No. 96). However, Plaintiffs position is severely misplaced. Plaintiffs ignore the fact that the issue of jurisdictional discovery was never briefed and that subsequent to the entry of the referenced order, the Court found the personal jurisdiction issues moot based upon the transfer to this MDL. (*Paffrath* ECF No. 119, 120, 121, 123). Moreover, Judge Altonaga's order prohibited the parties from filing any answers to the complaint or any motions to dismiss under Fed. R. Civ. P. 12(b)(6). (*Paffrath* ECF No. 96). As evidenced by this Court's orders [ECF Nos. 61, 63], and the Youtuber Defendants filing of a motion to dismiss under Fed. R. Civ. P. 12(b)(6) [ECF No. 266], the order entered by Judge Altonaga [ECF No. 96] is not applicable to this MDL, where the Court has consolidated all the individual cases, temporarily, for pretrial purposes consistent with its mandate under 28 U.S.C. § 1407.

Plaintiffs premature request to amend their CAC is a concession that the pending Motions to Dismiss are meritorious and that the CAC fails to plead a *prima facie* case for personal jurisdiction. Plaintiffs concede that the discovery sought is necessary for Plaintiffs to amend their complaint or opposition briefs. [ECF No. 348, pp. 2, 5, 14]. Plaintiffs' Motion is a quintessential fishing expedition, searching for facts in an effort to state a claim and personal jurisdiction.

## LEGAL ARGUMENT

### I. The Discovery Stay Should Remain in Place

The pleadings are not yet settled, therefore, the issues subject to discovery are not yet defined. This Court's decision on the YouTuber Defendants' Motions to Dismiss will clarify what allegations remain and what theories, if any, will survive dismissal.

"District courts are entitled to broad discretion in managing pretrial discovery matters." *Rivas v. The Bank of New York Melon*, 676 F. App'x 926, 932 (11th Cir. 2017). The Eleventh Circuit has emphasized the responsibility of trial courts to manage pretrial discovery properly to avoid a waste of judicial and private resources, and a loss of society's confidence in the courts' ability to administer justice. *Id.* "Facial challenges to the legal sufficiency of a claim or defense, such as a motion to dismiss based on failure to state a claim for relief, should . . . be resolved before discovery begins." *Chudasama*, 123 F.3d at 1367. "[N]either the parties nor the court have any need for discovery before the court rules on the motion" when the dispute is purely legal and involves no issues of fact. *Id.*; *Horsley v. Feldt,* 304 F.3d 1125, 1131 n.2 (11th Cir. 2002).

In deciding whether to grant a stay of discovery pending the resolution of a motion to dismiss "the court must take a preliminary peek at the merits of the dispositive motion to see if it appears to be clearly meritorious and truly case dispositive." *Belloso v. Asplundh Tree Expert, Co.*, 2018 WL 4407088, at *2 (M.D. Fla. Sept. 17, 2018). "This is a case-specific task, so other cases

4

may be generally helpful in outlining broad principles and pinpointing factors, but they do not provide adequate specific guidance to generate the actual results. The final conclusion ultimately rests on the specific issues raised in the Complaint and the dismissal motion." *Zamber v. Am. Airlines, Inc.*, 2017 WL 5202748, at *5 (S.D. Fla. Feb. 17, 2017).

A continued stay of discovery is appropriate because the merits of the dispositive motion appear to be clearly meritorious and truly case dispositive. *See Taylor v. Serv. Corp. Int'l*, No. 20-cv-60709, 2020 WL 6118779, at *1 (S.D. Fla. Oct. 16, 2020) (citations and quotations omitted).

YouTuber Defendants respectfully refer the Court to their Motion to Dismiss pursuant to FRCP 12(b)(6) for its "preliminary peek" [ECF No. 265], but will provide a brief overview herein. To avoid dismissal under Rule 12(b)(6), a complaint must contain sufficient factual allegations to "state a claim to relief that is plausible on its face" and "raise a right to relief above the speculative level." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555, 570 (2007). A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw a reasonable inference that the defendant is liable for the misconduct alleged. *Ashcroft v. Iqbal*, 556 U.S. 662, 678-79 (2009).

Plaintiffs bring this action against the YouTuber Defendants [ECF No. 179] seeking to recover not from the FTX entities, the party purportedly responsible – but rather from the YouTuber Defendants, alleged "digital creators who provide investor information and advice . . . on their YouTube channels." [ECF No. 179, ¶ 55].

Plaintiffs have filed a shotgun CAC that is long on legal conclusions and facts pertaining to FTX and its insiders, but extraordinarily short on facts pertaining to or supporting any legal conclusions relating to the YouTuber Defendants. YouTuber Defendants, in their motion to dismiss challenge the sufficiency of the pleading, urging that the Plaintiffs have failed to "assert

5

that any YouTuber Defendant made any statement about the YBAs or FTTs, that Defendants profited from FTX's sale of YBAs or FTTs, that Defendants had any knowledge of FTX's alleged misappropriation and fraud (or even knowledge of the YBAs or FTTs), or that any statement by any YouTuber Defendant caused any Plaintiff to purchase any YBAs or FTTs." [ECF No. 265, pp. 1].

Additionally, Plaintiffs fail to plead any specific facts sufficient to state a claim. Plaintiffs fail to state a claim under the Florida Securities Act, FDUTPA, for Civil Conspiracy and Aiding and Abetting Counts, for declaratory relief, or under other (non-Florida) State laws [ECF No. 265]. YouTuber Defendants also advise the Court of legal grounds that bar Plaintiffs claims, including the PSLRA and the First Amendment [ECF No. 265]. The CAC as to these YouTuber Defendants is, in effect, drawn out of thin air. There is simply no basis for naming these YouTuber Defendants as defendants.

Plaintiffs are not entitled to go on a fishing expedition to see if their speculative complaint, which is deficient on its face, has any basis in fact. The Eleventh Circuit has instructed, "as the burdens of allowing a dubious claim in a lawsuit increase, so too does the duty of the district court finally to determine the validity of the claim. Thus, when faced with a motion to dismiss a claim that significantly enlarges the scope of discovery, *the district court should rule on the motion before entering discovery orders if possible.*" *Chudasama*, 123 F.3d at 1368 (emphasis added); *see also Rivas,* 676 Fed. Appx. at 933 (11th Cir. 2017) ("Granting a discovery stay until an impending motion to dismiss is resolved is a proper exercise of" the "responsibility of trial courts to manage pretrial discovery properly in order to avoid a massive waste of judicial and private resources and a loss of society's confidence in the courts' ability to administer justice.") (quoting *Chudasama*).

6

Plaintiffs' Omnibus Motion is nothing more than their latest gambit to obtain discovery so that Plaintiffs can attempt to learn whether they have any viable claim that they can assert against any of the YouTuber Defendants. This is impermissible because discovery is not a device to enable a plaintiff to make a case when his complaint has failed to state a claim. *See Lazarre v. JPMorgan Chase Bank, N.A.,* 780 F.Supp.2d 1320, 1329 (S.D. Fla. 2011) ("the court is of the firm belief that facts necessary to state a cause of action must be stated in the complaint and that a plaintiff should not be allowed to file a suit and then conduct discovery to see if he, in fact, has a case.").

A stay of discovery, accordingly, remains warranted where the CAC deficiencies are apparent on their face. *See, e.g., Lawrence v. Gov. of Georgia*, No. 17-11564, 2018 WL 259213, at *2 (11th Cir. Jan. 2, 2018) (affirming the district court's grant of a motion to stay because "the problematic nature of the complaint" gave the district court a sufficient basis upon which to grant the stay). "The Rules of Civil Procedure do not contemplate that a plaintiff may file a complaint rife with conclusory and speculative allegations, hoping to find data and evidence to support the allegations through subsequent discovery." *Moss v. Liberty Mut. Fire Ins. Co.*, No. 3:16-cv-677-J-39JBT, 2017 WL 4676629, at *7 (M.D. Fla. Aug. 18, 2017). That, however, is exactly what Plaintiffs have attempted to do with their CAC.

Allowing Plaintiffs to initiate discovery in this putative class action while the Motions to Dismiss are pending is simply not proportional to the needs of this case. The prejudice to the YouTuber Defendants is even greater in this case than typical because Plaintiffs seek to represent a class. Class actions involve the potential "for hefty litigation expenses and extensive use of judicial resources in the resolution of these claims[.]" *Bais Yokov of Spring Valley v. Peterson's Nelnet, LLC*, Civ. No. 11-00022, 2013 WL 663301, at *5 (D.N.J. Feb. 21, 2013). Because of the extreme burden that putative class actions present, courts in this Circuit regularly grant stays of

discovery pending a meritorious motion to dismiss. *See Zamber v. American Airlines, Inc.,* Case No. 16-CV-23901- Martinez/Goodman, 2017 WL 5202748 (S.D. Fla. Feb. 17, 2017) (preliminary peek demonstrated stay of discovery was warranted); *Pierce v. State Farm Mutual Auto Ins. Co.,* Case No.: 14-22691-civ-Williams, 2014 WL 12528362 (S.D. Fla. Dec. 12, 2014) (granting stay of class action where threshold legal issues may dispose of case in its entirety); *Bradley v. Heritage Auto. Corp.*, No. 2:11–CV–303–FTM–99SPC, 2012 WL 2116135 (M.D. Fla. June 11, 2012) (granting stay of class action where motion to dismiss could be "meritorious and truly case dispositive"); *Prohias v. Asurion Corp.,* Case No. 05-22259-civ- Seitz/McAliley, 2006 WL 8433152 (S.D. Fla. Jan. 10, 2016) (granting motion to stay discovery in class action without awaiting the filing of opposition papers*).*

Conversely, there will be no prejudice to Plaintiffs by continuing the stay. A continuation of the stay would not deny Plaintiffs the right to take discovery. If the Court denies the pending Motions to Dismiss and finds that the Plaintiffs have stated plausible claims for relief, which is highly unlikely, Plaintiffs will then have the opportunity to take discovery.

In sum, to allow discovery prior to the resolution of the Motions to Dismiss in this case would render pleading requirements meaningless.

**II.  Plaintiffs are Not Entitled to Jurisdictional Discovery and as such Plaintiffs' Request for Jurisdictional Discovery Should Be Denied**

Plaintiffs move the Court to permit them to conduct jurisdictional discovery in order to respond to the arguments raised in the YouTuber Defendants' Motions to Dismiss and/or amend their CAC in order to properly plead personal jurisdiction. [ECF No. 348, pp. 2]. However, the failure of a plaintiff to investigate jurisdictional issues prior to filing suit does not give rise to a genuine jurisdictional dispute so as to entitle Plaintiffs to a right to jurisdictional discovery. *See Yepez v. Regent Seven Seas Cruises*, 2011 WL 3439943, at *1 (S.D. Fla. Aug. 5, 2011).

The Eleventh Circuit jurisprudence on jurisdictional discovery can be summarized as follows:

> To illustrate, we begin with the paradigmatic case of a plaintiff filing an original diversity action in federal court....The party who invokes the jurisdiction of the court has the burden of establishing jurisdiction. Rule 8(a) requires the plaintiff to set forth in the complaint the factual support for jurisdiction. Fed R. Civ. P. 8(a). The plaintiff's factual allegations are subject to Rule 11's command- under pain of sanctions-that the "allegations and other factual contentions have, [or are likely to have following discovery,] evidentiary support[.]" Fed. R. Civ. P. 11(b). By filing the action in federal court, the plaintiff is making a representation that the action belongs before the court. *Red Cab,* 303 U.S. at 288, 58 S.Ct. at 590–91. Because counsel is subject to Rule 11 sanctions, we assume that this representation is made in good faith and that the plaintiff has factual bases for believing that the federal court has jurisdiction to hear its claims.
>
> Despite the plaintiff's representation and our assumption of good faith, if a material element required for either the substantive claim or the court's subject matter jurisdiction is missing from the complaint, the defendant may move to dismiss. If the plaintiff's counsel concedes that the plaintiff lacks the evidence necessary to cure the deficiency, the court may dismiss the action for failure to state a claim or want of jurisdiction. In either case, without further discovery, counsel cannot in good faith amend the complaint to provide the missing element. In our hypothetical diversity case, should the plaintiff request leave to conduct discovery to support its assertion that the case is properly before the court, the court would deny such a request. In such a situation, **the court would not reserve ruling on the motion to dismiss in order to allow the plaintiff to look for what the plaintiff should have had—but did not—before coming through the courthouse doors, even though the court would have the inherent power to do so.** In deciding if dismissal is proper, a court would look only to the facts as alleged in the complaint and would not waste limited judicial resources by directing its inquiry elsewhere.

*Yepez,* 2011 WL 3439943 at *1 (quoting *Lowery v. Alabama Power Co.*, 483 F. 3d 1184, 1216 (11th Cir. 2007) (emphasis added).

9

As pled, Defendants Graham Stephan, Andrei Jikh, and Jeremy Lefebvre are citizens and residents of Las Vegas, Nevada. *CAC* ¶ 69, 70, 73. Defendant Jaspreet Singh is a citizen and resident of Detroit, Michigan. *CAC* ¶ 71. Defendant Brian Jung is alleged to be a citizen and resident of Washington, D.C. *CAC* ¶ 72. Plaintiffs do not plead where Defendant Erika Kullberg is a citizen or resident, only that she is, "upon information and belief," a founder of Creators Agency. *CAC* ¶ 75. Plaintiffs plead that upon information and belief, Creators Agency is organized and existing under the laws of the State of Delaware and has its principal place of business in Tokyo, Japan. *CAC* ¶ 76.

Plaintiffs conclusively allege that this "Court has jurisdiction over every Defendant in this multi-district litigation because every Defendant was transferred to this forum from a transferor court which had personal jurisdiction over that Defendant."[1] *CAC* ¶ 78. Plaintiffs' allegations of personal jurisdiction are nothing more than statements providing "labels and conclusions" or "a formulaic recitation of the elements of [jurisdiction]." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007).

Jurisdictional discovery is only appropriate when there is a genuine dispute about the material jurisdictional facts pled in support of the plaintiff's allegations of jurisdiction. *Peruyero*

---

[1] Plaintiffs cite to an allegation that is not set forth in the operative CAC. Specifically, Plaintiffs cite to the allegation of personal jurisdiction as set forth in the *Paffrath Action* [*Paffrath* ECF No. 1]. However, reliance on its allegation of jurisdiction in the non-operative complaint is misplaced. Nonetheless, Plaintiffs allegation still fails to provide anything more than a formulaic recitation of the elements of jurisdiction or conclusory allegations that Plaintiffs fail to support with any factual basis.

*v. Airbus S.A.S.*, 83 F.Supp.3d 1283. However, here, where the allegations alone do not establish a *prima facie* case of personal jurisdiction, no jurisdictional discovery is warranted.

As Plaintiffs are aware, all of the YouTuber Defendants disputed personal jurisdiction in the tag-along *Paffrath Action*. (*See* ECF No. 89, Stephan, Jikh, and Lefebvre's Notice Contesting Personal Jurisdiction); (ECF No. 90, Singh's Notice Contesting Personal Jurisdiction); (ECF No. 91, Jung, Kullberg, and Creator's Agency's Notice Contesting Personal Jurisdiction).

Plaintiffs had months to investigate the personal jurisdiction issues, which were admittedly brought to Plaintiffs attention on or before May 12, 2023, when the YouTuber Defendants filed a Motion for Leave to File Separate Defendant Specific Motions to Dismiss in the *Paffrath Action*. (*Paffrath* ECF No. 86). The CAC was filed on August 11, 2023, nearly five months after filing the original complaint and three months after Plaintiffs were advised of their jurisdictional flaws. The denial of jurisdictional discovery here makes sense where it will become intuitively obvious to the Court that Plaintiffs are attempting to marshal facts they should have had—but did not because they don't exist —before filing his lawsuit. *See Thompson v. Carnival,* 2016 WL 1242280, at *7 (S.D. Fla. March 30, 2016) (precluding plaintiff from pursuing jurisdictional discovery in an attempt to marshal facts that she "should have had—but did not—before coming through the courthouse doors.");

The CAC unconditionally alleges that the YouTuber Defendants are subject to personal jurisdiction. Consistent with Rule 11, which requires under penalty of sanctions that the allegations

and factual contentions have evidentiary support, the Plaintiffs could not have made these broad allegations unless they had meaningful factual evidence to support them.[2]

YouTuber Defendants' Motion to Dismiss pursuant to FRCP 12(b)(2) argues that this Court does not have personal jurisdiction over the YouTuber Defendants because: they do not reside in Florida, do not own property in Florida, do not conduct business in Florida, do not have sufficient contacts with Florida, and have not committed a tort or breached a contract in Florida. [ECF 266, pp.1]. Plaintiffs appear to claim that they cannot respond to these arguments without jurisdictional discovery. [ECF 348].

However, as the Eleventh Circuit explained in *Lowery*, "these are the types of facts plaintiffs are expected to investigate prior to filing suit. Because the typical plaintiff is expected to be able to allege these facts in good faith without the benefit of discovery." *Yepez*, 2011 WL 3439943 at *2.

Plaintiffs implicitly admit that they do not have sufficient facts or evidence to support their allegations of personal jurisdiction by prematurely requesting leave to amend their CAC based on the facts gleaned through jurisdictional discovery. Plaintiffs request leave to amend so that they "may incorporate any additional facts that support personal jurisdiction over these Defendants and address arguments raised [in Defendants] motions to dismiss." [ECF No. 348, pp. 2].

---

[2] Plaintiffs devote an entire section of their CAC, section N, to "Material Ties to Florida" (*CAC* ¶ 730-750). Section N, along with the remainder of the CAC, is devoid of any factual evidence to support any ties between the YouTuber Defendants and Florida.

12

The purpose of jurisdictional discovery is to ascertain the truth of the allegations or facts underlying the assertion of personal jurisdiction. It is *not* a vehicle for a fishing expedition in hopes that discovery will sustain their allegation of personal jurisdiction.

Furthermore, Plaintiffs' counsel represented to the Court at the Initial Conference that Plaintiffs would moot any personal jurisdiction issues by refiling their claims in the proper venues:

> Given the MDL order, we think the personal jurisdiction issues will be resolved, either that the defendants will accept personal jurisdiction here or alternatively, to avoid a lengthy fight, we will simply file cases in their home states that would then be tagalong cases to this Court.

Tr. [ECF No. 73] at 7:13-17. However, Plaintiffs have failed to refile their claim in proper venues, failed to dismiss their originally filed complaints in Florida, and continue to claim that Defendants are subject to personal jurisdiction in Florida. [ECF No. 348].

Accordingly, Plaintiffs request to take jurisdictional discovery should be denied.

If this Court is inclined to authorize Plaintiffs to take jurisdictional discovery, it should likewise authorize Defendants to take jurisdictional discovery. Rule 26(b)(1) states that the "parties" may obtain discovery, and does not make any distinction between plaintiffs and defendants. Similarly, from an equitable perspective Defendants should likewise be permitted to take limited jurisdictional discovery if this Court is inclined to permit Plaintiffs such relief. *See Vorbe v. Morisseau,* 2014 WL 12637924 at *5 (S.D. Fla. Aug. 27, 2014).

### III.     Plaintiffs Should Not Be Granted Leave to Amend

Plaintiffs' Motion for Leave to Amend their CAC and/or pending opposition motions should be denied. Plaintiffs' motion for leave to amend is premature because it requests leave to file future amendments to its CAC or pending opposition motions based on the information obtained from jurisdictional discovery. Plaintiffs fail to indicate what would be changed or

amended in the CAC or pending oppositions; nor did they attach an amended complaint or opposition. *See Wolgin v. Simon*, 722 F.2d 389, 395 (8th Cir. 1983) (holding that "to preserve the right to amend a complaint a party must submit the proposed amendment along with its motion."). Thus, Plaintiffs' request is premature at best, but more importantly, concedes that the YouTuber Defendants' Motion to Dismiss pursuant to FRCP 12(b)(2) [ECF No. 266] should be granted. Plaintiffs cannot be allowed to confuse discovery at this stage with a fishing expedition to fix their defects in pleading.

## CONCLUSION

This case presents a textbook example of a case appropriate for a discovery stay and where Plaintiffs should not be permitted to engage in jurisdictional discovery. A preliminary peek at the merits of the YouTuber Defendants' Motion to Dismiss shows Plaintiffs' shotgun pleading CAC fails to state a legally sufficient claim, fails as a matter of law, and that Plaintiffs have failed to adequately plead personal jurisdiction. Any discovery prior to the resolution of the Motion to Dismiss would be intended by Plaintiffs to develop evidentiary support for the jurisdictional allegations and to try and learn whether Plaintiffs may be able to assert a valid claim on behalf of themselves and a potential class. "Parties may not file insufficient complaints with the hope of receiving discovery to make them sufficient." *Sovereign Bonds Exch. LLC v. Fed. Republic of Germany*, No. 10-21944-CIV, 2011 WL 13100214, at *1-2 (S.D. Fla. Aug. 9, 2011) ("It is no answer to say that a claim just shy of a plausible entitlement to relief can, be given discovery and, if groundless, be weeded out early in the discovery process through careful case Management."). Plaintiffs are not entitled to change the "logical sequence [of] litigation." *Belik v. Carlson Travel Group, Inc.,* No. 11–21136–CIV, 2011 WL 2221224, at *10 (S.D. Fla. June 6, 2011).

WHEREFORE, the YouTuber Defendants respectfully request that this Court deny Plaintiffs' Omnibus Motion, continue the stay of discovery, and deny all further relief requested by Plaintiffs.

Dated: November 17, 2023                                Respectfully submitted,

**LAW OFFICE OF JOSEF M. MYSOREWALA, PLLC**
2000 S. Dixie Hwy. Ste. 112
Miami, Florida 33133
(305) 356-1031

By: */s/ Josef M. Mysorewala*
    Josef M. Mysorewala, Esq.
    Fla. Bar No. 105425
    josefm@lawjmm.com


**FLANGAS LAW GROUP**
3275 South Jones Blvd., Suite 105
Las Vegas, NV 89146
Kimberly P. Stein, Esq. (*pro hac vice*)
kps@fdlawlv.com

*Attorneys for Defendants,*
*Graham Stephan, Andrei Jikh and*
*Jeremy Lefebvre*

**STEARNS WEAVER MILLER WEISSLER ALHADEFF & SITTERSON, P.A.**

By: */s/ Jose G. Sepulveda*
Jose G. Sepulveda, Esq.
Florida Bar No. 154490
jsepulveda@stearnsweaver.com
mfigueras@stearnsweaver.com
150 W. Flagler Street, Suite 2000
Miami, Florida 33130
Telephone: 305-789-3200

and

POTOMAC LAW GROUP, PLLC
Derek Adams, Esq., *Pro Hac Vice*
dadams@potomaclaw.com
1300 Pennsylvania Avenue, NW, Suite 700
Washington, D.C. 20004
Telephone: 202-204-3005

*Counsel for Defendants Erika Kullberg, Brian Jung and Creators Agency LLC*

**CUMMINGS, MCCLORY, DAVIS &ACHO, P.C.**

By: *s/Michael O. Cummings*
Michael O. Cummings
New York Bar No. 2701506
mcummings@cmda-law.com
1185 Avenue of The Americas, Third Floor
New York, NY 10036
(212) 547-8810
Ronald G. Acho
Michigan Bar No. P-23913
racho@cmda-law.com
17436 College Parkway
Livonia, MI 48152
(734) 261-2400

*Counsel for Defendant Jaspreet Singh*

16

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on November 17, 2023, a true and correct copy of the foregoing was filed electronically with the Clerk of the Court, by using the CM/ECF system, causing a true and correct copy to be served on all counsel of record.

By: */s/Andi Hughes*