UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 1:23-md-03076-KMM

IN RE:

FTX CRYPTOCURRENCY EXCHANGE
COLLAPSE LITIGATION

THIS DOCUMENT RELATES TO:

Bank Defendants

*O'Keefe v. Sequoia Capital Operations, LLC, et al.*,
S.D. Fla. Case No. 1:23-cv-20700

*O'Keefe v. Farmington State Bank d/b/a Moonstone Bank, et al.*, E.D. Wa. Case No. 2:23-cv-00213-TOR

**DEFENDANT MOONSTONE BANK'S OPPOSITION TO
PLAINTIFFS' OMNIBUS MOTION TO LIFT DISCOVERY STAY AND FOR LEAVE
TO CONDUCT JURISDICTIONAL DISCOVERY AND, IF NECESSARY TO AMEND
THEIR COMPLAINTS WITH ANY FACTS ARISING FROM SUCH DISCOVERY,
AND INCORPORATED MEMORANDUM OF LAW**

Plaintiffs' Omnibus Motion [ECF 348] indiscriminately seeks jurisdictional discovery and other relief as to Defendant Farmington State Bank d/b/a Moonstone Bank ("Moonstone") based on arguments inapplicable to and outright contrary to Moonstone's procedural posture by grouping Moonstone in with Defendants in materially different postures. As the relief Plaintiffs seek is legally and procedurally untenable as to Moonstone, the Court should deny Plaintiffs' Omnibus Motion in its entirety.

**I.        INTRODUCTION**

Plaintiffs have absolutely no basis for or entitlement to seek jurisdictional discovery from

1

Moonstone. Their shotgun-style[1] inclusion of Moonstone in the Omnibus Motion is not only legally unjustified but also unnecessary and disingenuous given the posture of this case.

**First**, jurisdictional discovery is neither necessary nor proper where, as here, Plaintiffs fail to make out a prima facie case for jurisdiction. *See, e.g., RMS Titanic, Inc. v. Kingsmen Creatives, Ltd.*, 579 Fed. App'x 779 (11th Cir. 2014). Moonstone's Motion to Dismiss raised solely facial challenges to the sufficiency of the allegations of the Administrative Complaint, without interjecting any affidavits or evidence that would necessitate findings of fact to resolve the challenge. [*See* ECF 262.] Plaintiffs' attempt to treat Moonstone's *facial* challenge as if it was a *factual* challenge disputing jurisdictional facts is misleading and inappropriate.

**Second**, Plaintiffs impermissibly rely on allegations outside of their complaint as a basis for jurisdictional discovery. *See In re Zantac (Ranitidine) Prods. Liability Litig.*, --- F.Supp.3d ----, 2020 WL 6907056, at *2 (S.D. Fla. 2020). Plaintiffs' purported justification for the proposed discovery from Moonstone relies entirely on their unwarranted inferences from two documents that they concede were not even referenced in Plaintiffs' Complaint. [ECF 348, at 9-10; *see generally* ECF 155.] Plaintiffs cannot meet their burden of showing that their **current pleading** adequately establishes a basis for personal jurisdiction under Florida and Federal law. The new allegations bootstrapped to the Omnibus Motion are not ripe for the Court's consideration; even if they were, Plaintiffs have grossly exaggerated the two documents' import. [*Cf.* ECF 348, at 10.]

**Third**, Plaintiffs' plea for discovery on its conspiracy allegations is baseless but for this

---

[1] *See Weiland v. Palm Beach Cnty. Sheriff's Off.*, 792 F.3d 1313, 1323 (11th Cir. 2015) (shotgun pleadings include "asserting multiple claims against multiple defendants without specifying which of the defendants are responsible for which acts or omissions," thus depriving defendants of notice of which allegations are intended to support which claim(s) for relief); *see also Holcomb v. EEOC*, No. 1:23-CV-22362-KMM, 2023 WL 7294679, at *2 (S.D. Fla. Nov. 6, 2023).

procedural posture that Plaintiffs have contrived. Moonstone has only challenged the existence of personal jurisdiction over it in the virtually identical Florida Action that is also part of this MDL, which Plaintiffs inexplicably refuse to dismiss even after filing the Washington Action. [ECF 262, at 17-20.] Plaintiffs are now exploiting the Florida Action to seek "jurisdictional" discovery on the merits of the very same conspiracy allegations for which discovery is stayed in the Washington Action[2] and where Moonstone is likewise contesting the sufficiency of the allegations to state a claim for conspiracy but has not challenged personal jurisdiction in that District. This is nothing more than an attempt to get merits discovery in the Washington Action through the guise of jurisdictional discovery in the Florida Action, which Plaintiffs will only be entitled to if they are able to survive the motion to dismiss for failure to state a claim. The Court should not allow such gamesmanship.

**Fourth**, Plaintiffs' request for leave to amend their complaints or oppositions is premature and violates Local Rule 7.1(a)(3)[3], which alone is grounds for denial, and Local Rule 15.1, which their Omnibus Motion fails to even mention. *See* L.R. 15.1 ("A party who moves to amend a pleading shall attach the original of the amendment to the motion . . . .").

Because Plaintiffs know they have absolutely no basis for or entitlement to seek jurisdictional discovery from Moonstone, they have simply cast Moonstone as one of "the thirteen Defendants who are challenging jurisdiction" [ECF 348, at 12-13], including those who have distinctly contested Plaintiff's allegations factually, not just facially [*id.* at 8-10 (referring to other

---

[2] Plaintiffs' Omnibus Motion makes no argument that the stay of discovery should be lifted for non-jurisdictional, merits-based discovery. [*See* ECF 348.]
[3] While Plaintiffs sent Moonstone a copy of the proposed requests for production and asked if Moonstone would object to their seeking leave to issue jurisdictional discovery, Plaintiffs made no attempt to confer with Moonstone on their request for leave to amend their complaints or opposition briefs, nor on the length of time for jurisdictional discovery.

3

defendants' jurisdictional declarations).]. Just as Plaintiffs have done with their Administrative Complaint, Plaintiffs have lumped Moonstone together with other defendants using impermissibly broad, conjectural, and sensationalist strokes to obscure that neither the law nor the circumstances of this case support lifting the stay, issuing jurisdictional discovery, or granting prospective leave to amend. The Court should deny Plaintiffs' Omnibus Motion in its entirety.

## II.   RELEVANT FACTUAL AND PROCEDURAL BACKGROUND

In February 2023 and July 2023, Connor O'Keefe filed two identical putative class actions in the United States District Courts for the Southern District of Florida (the "Florida Action") and the District of Washington (the "Washington Action") against numerous defendants, including Moonstone, Deltec Bank & Trust Co. ("Deltec"), and Mr. Jean Chalopin ("Mr. Chalopin"), based on conspiracy and aiding and abetting tortious conduct. On June 6, 2023, multidistrict litigation was authorized for the numerous actions arising out of the collapse of the FTX cryptocurrency exchange, and all were transferred to the Southern District of Florida for consolidated pretrial proceedings (the "MDL"). [*See* ECF 1.] The Florida and Washington Actions—the only cases to name Moonstone as a defendant—were transferred to the MDL. [*See* ECF 4, 61, 176.]

On August 7, 2023, with leave of Court, Plaintiffs filed an Administrative Class Action Complaint against the "Bank Defendants," including Moonstone. [ECF 155 (the "Administrative Complaint").] In the Administrative Complaint, Plaintiffs explicitly state they are "not otherwise joining or merging [the Florida and Washington] actions, which retain their individual nature for all other purposes, including venue, transferor forum, ***personal jurisdiction***, and subject matter jurisdiction." [*Id.* at 4 (emphasis added).] Despite Moonstone's consistent position that it contests personal jurisdiction in the Florida Action and that Plaintiffs' pleadings lack sufficient allegations to extend long-arm jurisdiction over Moonstone in Florida, **while not contesting personal**

**jurisdiction in the Washington action**, Plaintiffs have refused to dismiss the duplicative Florida Action.

On September 21, 2023, Moonstone filed a Motion to Dismiss Plaintiffs' Administrative Complaint in its entirety under Federal Rules of Civil Procedure 12(b)(6) and 12(b)(2) for failure to state a claim and for lack of personal jurisdiction in the Florida Action. [ECF 262.] Plaintiffs filed their Opposition to Moonstone's Motion to Dismiss on November 6, 2023. [ECF 368.]

Discovery in the MDL has been stayed by the Court since August 3, 2023, pending resolution of Samuel Bankman-Fried's criminal trial.[4] [*See* ECF 152, 318.] On November 3, 2023, Plaintiffs filed their Omnibus Motion seeking to lift the discovery stay, for leave to conduct jurisdictional discovery from 22 Defendants who had moved to dismiss Plaintiffs' claims for lack of personal jurisdiction or for insufficient service of process, and for leave to amend Plaintiffs' administrative complaints or opposition briefs based on the findings in discovery. [*See* ECF 348.] As to Moonstone, Plaintiffs argue they are entitled to serve jurisdictional discovery on Moonstone because "certain documents have come to light" after Plaintiffs filed their complaint. [*See id.* at 9-10.][5] Instead of seeking to amend their Administrative Complaint at this time based on this supposed new evidence, Plaintiffs suggest that their self-serving inferences from these two documents justify skipping straight to jurisdictional discovery. [*See id.*]

### III. LEGAL STANDARDS FOR JURISDICTIONAL DISCOVERY

A defendant challenges personal jurisdiction by filing a motion under Rule 12(b)(2). *In re*

---

[4] *United States v. Samuel Bankman-Fried*, 22 Cr. 673 (LAK), concluded on November 2, 2023.
[5] [*See* ECF 348-14, Salame Indictment, Exhibit L, ¶ 5); Turner Wright, *Federal Reserve issues enforcement action against FTX-linked US bank*, Cointelegraph (Aug. 17, 2023), https://cointelegraph.com/news/federal-reserve-issues-enforcement-action-against-ftx-linked-bank.]

*Zantac*, 2020 WL 6907056, at *2. The challenge can be facial or factual. *Id.* "[A] motion to dismiss, without more, challenges only the facial sufficiency of the jurisdictional pleading." *Id.* (quoting *Kemin Foods, L.C. v. Omniactive Health Techs., Inc.*, 654 F. Supp. 2d 1328, 1333 (M.D. Fla. 2009)). In contrast, it is only when the defendant includes affidavits or other evidence in support of the 12(b)(2) motion that the dispute over personal jurisdiction is resolved by reference to facts outside the four corners of the complaint. *See id.* It is only when a court's jurisdiction is "genuinely in dispute" upon a factual challenge that jurisdictional discovery is available. *See Wolf v. Celebrity Cruises, Inc.*, 683 F. App'x 786, 792 (11th Cir. 2017).

Proving an entitlement to jurisdictional discovery is subject to the same burden shifting the plaintiff faces in establishing that personal jurisdiction exists. *See id.* at 790. It is well-settled in this Circuit that "[a] plaintiff seeking the exercise of personal jurisdiction over a nonresident defendant bears the initial burden of alleging in the complaint sufficient facts to make out a prima facie case of jurisdiction." *United Techs. Corp. v. Mazer,* 556 F.3d 1260, 1274 (11th Cir. 2009) (citing *Posner v. Essex Ins. Co., Ltd.*, 178 F.3d 1209, 1214 (11th Cir. 1999)). "[W]here the threshold question of personal jurisdiction turns on whether a tort is committed in Florida, the court necessarily must review the allegations of the complaint to determine if a cause of action is stated." *Wendt v. Horowitz*, 822 So. 2d 1252, 1260 (Fla. 2002) (citing *8100 R.R. Ave. Realty Trust v. R.W. Tansill Constr. Co.,* 638 So.2d 149, 151 (Fla. 4th DCA 1994)); *see also Taylor v. Moskow*, 717 F. App'x 836, 839-40 (11th Cir. 2017). Therefore, before a court can impose jurisdiction over a foreign defendant under a conspiracy-liability theory, "a plaintiff must at least make out a colorable, factually supported claim of the conspiracy's existence." *Maale v. Kirchgessner*, No. 08-80131-CIV, 2010 WL 11506095, at *4 (S.D. Fla. May 27, 2010) (internal citation omitted); *see RMS Titanic, Inc. v. Kingsmen Creatives, Ltd.*, 579 Fed. App'x 779, 789-90 (11th Cir. 2014)

(finding there was no conspiracy-imputed jurisdiction under Florida's long-arm statute because the allegations did not establish a civil conspiracy).

Accordingly, Eleventh Circuit precedent instructs that a district court should not grant jurisdictional discovery where a complaint fails to make out a prima facie case of jurisdiction. *See, e.g.*, *Butler v. Sukhoi Co.*, 579 F.3d 1307, 1314 (11th Cir. 2009) (finding "the district court abused its discretion in allowing the case to proceed and granting discovery on the jurisdictional issue" because "the complaint was insufficient as a matter of law to establish a prima facie case that the district court had jurisdiction"); *see also Mezerhane v. República Bolivariana de Venezuela*, No. 11-23983-CIV, 2013 WL 11322604, at *7 (S.D. Fla. Dec. 30, 2013), *aff'd sub nom. Mezerhane v. Republica Bolivariana de Venezuela*, 785 F.3d 545 (11th Cir. 2015) (denying jurisdictional discovery depositions requested to substantiate personal jurisdiction over foreign national); *Augusta Nat'l, Inc. v. Green Jacket Auctions, Inc.*, No. CV 117-096, 2018 WL 3429714, at *4 (S.D. Ga. July 16, 2018) ("Because the second amended complaint does not state a prima facie case for personal jurisdiction . . . , jurisdictional discovery is not warranted.").

Even when plaintiffs have made out a prima facie case, courts in the Eleventh Circuit have authorized limited jurisdictional discovery **only** where the defendant has disputed the facts that would support plaintiff's allegations, and where the discovery sought, if it exists, would support the exercise of personal jurisdiction. *See, e.g., RMS Titanic, Inc.*, 579 F. App'x at 790-91 (affirming denial of personal jurisdiction discovery because the information sought by plaintiffs would not be sufficient to establish jurisdiction).

### IV. THE OMNIBUS MOTION SHOULD BE DENIED IN ITS ENTIRETY

#### a. <u>Jurisdictional Discovery is Improper As to Moonstone.</u>

##### i. Plaintiffs fail to make out a prima facie case of personal jurisdiction over Moonstone in the Administrative Complaint.

As a threshold issue, Moonstone has made a ***facial***, ***not factual***, challenge to Plaintiffs' allegations of personal jurisdiction. *See In re Zantac*, 2020 WL 6907056, at *2 ("[A] motion to dismiss, without more, challenges only the facial sufficiency of the jurisdictional pleading."). As such, Plaintiff bears the initial burden of alleging facts within the four corners of their Administrative Complaint sufficient to demonstrate personal jurisdiction over Moonstone. *See id.*; *Diamond Resorts U.S. Collection Dev., LLC v. Neally*, No. 6:20-CV-1516-CEM-EJK, 2022 WL 2056197, at *3 (M.D. Fla. Jan. 27, 2022) (explaining that, because of defendants' facial challenge to personal jurisdiction, the Court "must first determine—based on the allegations in the Amended Complaint—whether Plaintiff has met its prima facie burden"); *see also Lawrence v. Dunbar*, 919 F.2d 1525, 1529 (11th Cir.1990) (review of facial jurisdictional challenges is limited to the four corners of the complaint).

As demonstrated in Moonstone's Motion to Dismiss, Plaintiffs' allegations in the Administrative Complaint are insufficient to establish a prima facie case of personal jurisdiction over Moonstone in Florida. [ECF 262.] Plaintiffs' only asserted basis for personal jurisdiction in Florida over Moonstone is their conclusory claim that Moonstone conspired with SBF and other Defendants to defraud and harm Plaintiffs. [*See* ECF 348, at 10 (identifying only conspiracy-based jurisdiction).] Plaintiffs simply have not stated a prima facie case for jurisdiction because they have not sufficiently alleged a conspiracy claim against Moonstone.[6] On this basis alone,

---

[6] *Taylor*, 717 F. App'x at 839-40; *Wendt*, 822 So. 2d at 1260; *see also World Class Yachts, Inc. v. Murphy*, 731 So. 2d 798, 799 (Fla. 4th DCA 1999) ("It is well-settled that in order to determine

Plaintiffs' request for jurisdictional discovery must be denied.

Plaintiffs failed to meet its obligation to allege sufficient facts to establish a prima facie case of personal jurisdiction. *See Mazer*, 556 F.3d at 1274. Moonstone's Motion to Dismiss demonstrates that Plaintiffs fail to make out a prima facie case for jurisdiction because, when the 136-page, 359-paragraph Administrative Complaint is boiled down to the factual allegations pertinent to Moonstone, it is clear that it fails to sufficiently state any entitlement to relief in the five counts against Moonstone. [ECF 262.] The Motion to Dismiss establishes, as a matter of law, the insufficiency of Plaintiffs' allegations that Moonstone conspired on any of the alleged underlying torts, which are the very same allegations upon which Plaintiffs assert conspiracy-based jurisdiction over Moonstone in the Florida Action. [*See id.* at 9-17.] Because Plaintiffs' allegations fail to adequately state a prima facie claim for conspiracy, the allegations necessarily also fail to adequately state a prima facie case for personal jurisdiction solely based on that conspiracy. [*See id.* at 17-20.]

Because Plaintiffs have failed to make out a prima facie case, jurisdictional discovery should not be granted. *See Butler*, 579 F.3d at 1314; *RMS Titanic Inc.*, 579 F. App'x at 790-91 (recognizing jurisdictional discovery is contingent on the plaintiff establishing a prima facie case of personal jurisdiction). The requirement that Plaintiffs establish a prima facie case for personal jurisdiction protects Moonstone's "legitimate and protectable interest in avoiding the time, effort, and expense of discovery when the court's jurisdiction to hear the merits may be lacking." *Zapata v. Royal Caribbean Cruises, Ltd.*, No. 12-21897-CIV, 2013 WL 1100028, at *4 (S.D. Fla. Mar. 15, 2013); *Atlantis Hydroponics, Inc. v. Int'l Growers Supply, Inc.*, 915 F. Supp. 2d 1365, 1380

---

whether long-arm jurisdiction is appropriate, the trial court must first decide whether the complaint alleges sufficient jurisdictional facts to bring the action within section 48.193, Florida Statutes.").

(N.D. Ga. 2013) (internal quotations omitted) (jurisdictional discovery "is not a vehicle for a fishing expedition in hopes that discovery will sustain the exercise of personal jurisdiction"). For this reason alone, Plaintiffs are not entitled to jurisdictional discovery and their claims must be dismissed as to Moonstone. *See Mazer*, 556 F.3d at 1274.

### ii. Moonstone has not interjected a factual dispute of Plaintiffs' allegations.

In the absence of a prima facie case for personal jurisdiction, there is no need to resolve any factual disputes and, therefore, no need for jurisdictional discovery. *See Butler*, 579 F.3d at 1314; *see also In re Zantac*, 2020 WL 6907056, at *2. Here, **unlike every single case cited by Plaintiffs' Omnibus Motion**, the resolution of the jurisdictional question in this case does not require any findings of fact. [*Cf.* ECF 348, at 11-12 (citing cases in which defendants raised *factual* challenges to jurisdiction).]

Moonstone's Motion to Dismiss, which is premised on the procedural necessity of accepting the truth of any well-pleaded allegations in the Administrative Complaint, demonstrates that Plaintiffs' allegations, including those upon which it attempts to have the Court assert personal jurisdiction over Moonstone in Florida, nevertheless fail to state a claim. Accordingly, in challenging the adequacy of Plaintiffs' pleading, Moonstone ***did not (and did not need to)*** submit any affidavit, declaration, or other evidence to dispute any of the factual allegations against Moonstone in the Administrative Complaint. [*See* ECF 262.] Thus, Plaintiffs' arguments that "[n]one of the Defendants deny any of the Complaint's material allegations" alleging specific jurisdiction exists in Florida and that "Defendants' jurisdictional declarations . . . contain only general assertions" are respectively misleading and inapplicable as to Moonstone. [ECF 348, at 10-11.]

The lack of factual dispute by Moonstone precludes from the outset any consideration of jurisdictional discovery. *See Butler*, 579 F.3d at 1314; *In re Zantac*, 2020 WL 6907056, at *2; *see also RMS Titanic, Inc.*, 579 F. App'x at 790 (concluding, where defendant made both facial and factual challenges, that there was no conspiracy-imputed jurisdiction under Florida's long-arm statute because the plaintiffs' allegations themselves did not establish a civil conspiracy, and rejecting plaintiffs' argument that they were entitled to jurisdictional discovery prior to dismissal because "resolution of the jurisdictional question in this case does not require any additional findings of fact").

### iii. Plaintiffs cannot rely on allegations outside the operative complaint to establish a prima facie case for jurisdiction.

Plaintiffs cannot overcome the insufficiencies of their Administrative Complaint by making extraneous allegations that are exaggerated and baseless. Specifically, in the two paragraphs addressing the purported basis for jurisdictional discovery from Moonstone, Plaintiffs' Omnibus Motion relies *entirely* on two new documents that they contend substantiate their allegations of conspiracy jurisdiction over Moonstone in Florida. [*See* ECF 348, at 9-10.][7] The Court is not permitted to consider these documents, which were not mentioned in the current pleading, and even if it did, they provide no material support for jurisdictional discovery here.

On a facial challenge to jurisdiction, the Court must determine whether Plaintiff has met its prima facie burden **based on the allegations in their current Administrative Complaint**. *See In re Zantac*, 2020 WL 6907056, at *2; *Diamond Resorts U.S. Collection Dev.*, 2022 WL 2056197, at *3; *see also Lawrence*, 919 F.2d at 1529. Thus, Plaintiffs' attempts in the Omnibus Motion to

---

[7] Before seeking jurisdictional discovery, Plaintiffs made no attempt to amend their Administrative Complaint based on these new allegations.

justify discovery from Moonstone based on two documents that are outside the four corners of Plaintiffs' current Administrative Complaint, namely, the indictment of Ryan Salame and an online article reporting the Federal Reserve's announcement of a "enforcement action" against Moonstone, cannot and should not be considered. [*See id.* at 9-10.] Specifically, Plaintiffs rely on a single paragraph of the Salame Indictment, which makes ***zero mention of Moonstone, directly or indirectly***. [ECF 348-14, Exhibit L.] Instead, Plaintiffs exaggerate its relevance by generically alleging that "[w]hen FTX was founded," many U.S. banks were hesitant to do business with cryptocurrency companies, and those banks had extensive customer due diligence and licensing requirements that FTX would have failed to meet. [*Id.* at ¶ 5.] Plaintiffs conspicuously fail to offer any explanation of how or why that generic statement in an indictment against an individual with no alleged relationship with Moonstone would support that Moonstone conspired by providing "substantial assistance" to FTX or render Plaintiffs' conspiracy allegations against Moonstone "more plausible."[8]

Likewise, Plaintiffs speculate and draw unwarranted inferences from an online article about the Federal Reserve's six-sentence announcement about its enforcement action related to Moonstone "'improperly chang[ing] its business plan' in 2022 without proper notification and approval." (*See* Wright, *supra*, n.5.) Notably, the article acknowledges (unlike Plaintiffs) that the enforcement action does not explicitly mention FTX at all. While Plaintiffs again conclusorily assert this document somehow "renders even more plausible" their allegations of conspiracy-based jurisdiction, upon actual inspection, the documents have no such effect. Plaintiffs simply

---

[8] Their lack of explanation is particularly notable given that Plaintiffs have alleged that FTX was founded in 2019, well before Mr. Chalopin allegedly even acquired Moonstone (in 2020) or FTX allegedly became a customer at Moonstone (in 2022). [*See* ECF 155, at ¶¶ 57, 306, 313.]

exaggerate the import of these documents without actually explaining how their contents are material to establishing jurisdiction over Moonstone in Florida. Plaintiffs' total disregard for the lack of legal and factual support for their Omnibus Motion as to Moonstone suggests that their ulterior motive in bringing such a frivolous motion is to further smear and inflame the reader against Moonstone or to bait Moonstone into a gratuitous factual dispute.

>  iv. **Even if a prima facie case had been shown, Plaintiffs have not shown their proposed discovery from Moonstone would support the exercise of personal jurisdiction.**

Even assuming, *arguendo*, that the Court decides jurisdictional discovery is necessary (which it should not), Plaintiffs' proposed discovery is not properly limited to the allegations involving Moonstone in the Administrative Complaint that would support conspiracy-based jurisdiction. *See, e.g., R.D. Jones, Stop Experts*, 2016 WL 7042930, at *2 (limiting jurisdictional discovery to that necessary to resolve the "possibility of a factual dispute" where plaintiffs' requests were overbroad). Plaintiffs' Omnibus Motion should be denied because their proposed Requests for Production to Moonstone are not limited in scope to the jurisdictional basis asserted in the Administrative Complaint, as this Circuit requires, only confirming the discovery game Plaintiffs are playing.

"Given the requirements of Rule 11, it should not be surprising that the scope of a plaintiff's jurisdictional discovery has limits." *In re Zantac*, 2020 WL 6907056, at *2. A plaintiff "is foreclosed from pursuing jurisdictional discovery in an attempt to marshal facts that he 'should have had— but did not— before coming through the courthouse doors.'" *Thompson v. Carnival Corp.*, 174 F. Supp. 3d 1327, 1339 (S.D. Fla. 2016) (Moore, J.) (quoting *Lowery v. Alabama Power Co.*, 483 F.3d 1184, 1216 (11th Cir. 2007)) (denying jurisdictional discovery); *see also In re Zantac*, 2020 WL 6907056, at *2. Moreover, **limited** jurisdictional discovery is permitted only

13

where the plaintiff has shown that the information the plaintiff seeks, if it exists, would give rise to jurisdiction. *RMS Titanic, Inc.*, 579 F. App'x at 790 (denying jurisdictional discovery).

Here, just as other courts in this Circuit have found, "Plaintiffs are not entitled to discovery to develop or support a new theory of personal jurisdiction [nor] to discovery solely to buttress the conclusory jurisdictional allegations in the Complaints." *In re Zantac*, 2020 WL 6907056, at *6; *see Basulto v. Netflix, Inc.,* 2023 WL 4014741, at *9 (S.D. Fla. May 25, 2023), *report and rec. adopted*, 2023 WL 5271335 (S.D. Fla. Aug. 16, 2023) ("[I]ncluding a conspiracy claim does not operate as a jurisdictional net which captures all defendants in its embrace."). Plaintiffs' Motion contends, in indiscriminatory fashion, that its proposed jurisdictional discovery "may reveal relevant facts" including an express list of additional bases for general or specific jurisdiction that ***they have not asserted*** (and cannot) as to Moonstone. [ECF 348, at 14.]

Moreover, Plaintiffs' proposed Requests for Production include such sweeping requests for documents since January 1, 2019, which is more than one year before Plaintiffs themselves allege that "Mr. Chalopin purchased Moonstone" in 2020 [ECF 155, ¶ 306], and three years before Plaintiffs allege that Alameda invested in Moonstone and that FTX deposited money into two accounts at Moonstone [*id.* at ¶ 313]. These requests encompass the entirety of Moonstone's operations and reaches even further to ***Deltec's*** relationship with non-parties.[9] Unsurprisingly,

---

[9] For example, Plaintiffs' Requests for Production to Moonstone demand:

> 30. All workpapers, communications and/or documents concerning the accounts opened by Tether Limited Inc. ("Tether") at Deltec, Tether's expected banking activity at Deltec, Tether's actual banking activity at Deltec, including transactions by, to, or through the FTX Entities, their insiders, or their affiliates.
>
> 31. All workpapers, communications and/or documents concerning your efforts to transform Bahamian laws, regulations, policies, or other guidance in order to make them more favorable for digital asset startups.

Plaintiffs fail to show how these Requests for Production are tailored to information that, if it exists, would give rise to personal jurisdiction against Moonstone—because they are not. *See RMS Titanic, Inc.*, 579 F. App'x at 790; *see also Auf v. Howard Univ.*, Case No. 19-22065-CIV-SMITH, 2020 WL 1452350 (S.D. Fla. March 25, 2020) (in granting motion to dismiss for lack of personal jurisdiction premised on conspiracy-based jurisdiction, also denying jurisdictional discovery upon finding that "Plaintiff has not made a showing that discovery would be relevant to the Court's jurisdictional analysis").

Rather than explain how limited discovery will support their jurisdictional allegations, Plaintiffs merely speculate as to the existence of facts (albeit, irrelevant facts) not mentioned in their operative pleading. In fact, these Requests are untethered even to Plaintiffs' conclusory and speculative allegations that Moonstone participated in the particular conspiracy alleged in the Administrative Complaint. [*See, e.g.*, ECF 155, ¶¶ 283, 305-316.] Plaintiffs' lip service to the applicable standard, by quoting it in a parenthetical citation but failing to apply it, [ECF 348, at 13-14], falls far short of meeting that standard with respect to the proposed jurisdictional discovery from Moonstone. The Requests are plainly an end-run to obtain merits discovery and to fish for more salacious allegations of the type that Plaintiffs have used to prop up their claims. *See Atlantis Hydroponics, Inc.*, 915 F. Supp. 2d at 1380. Though no discovery whatsoever would be legally proper here, the proposed jurisdictional discovery from Moonstone is unnecessary and

---

32. All workpapers, communications and/or documents concerning the $50 million loan in favor of Deltec International Group from Norton Hall Ltd.

…

37. All workpapers, communications, documents, other discovery concerning your operations in the United States.

[ECF 348-5, Composite Exhibit D, at 26-49.]

inappropriate.

### b. Jurisdictional Discovery Is Baseless Given Plaintiffs' Identical Washington Action Where Personal Jurisdiction In Not Contested.

The Court should also refuse to allow discovery from Moonstone in these circumstances because to grant the proposed "jurisdictional" discovery would be to reward Plaintiffs for their gamesmanship in inexplicably refusing to dismiss the duplicative Florida Action.

Plaintiffs ostensibly tried to cure the lack of personal jurisdiction over Moonstone in the Florida Action by filing the virtually identical Washington Action, but have failed and refused to dismiss the Florida Action, instead having both the Florida and Washington Actions transferred into this MDL.  Though the two suits are duplicative, Plaintiffs have refused, without explanation, to dismiss the Florida Action—the only one of the two where the *prima facie* sufficiency of Plaintiffs' jurisdictional allegations is contested.

Plaintiffs' efforts to manufacture and now exploit the slightly different procedural postures between the Florida and Washington Actions smacks of pretext and gamesmanship.  This is especially true because Plaintiffs are essentially using Moonstone's challenge to personal jurisdiction in the *Florida Action* to plead a need for "jurisdictional" discovery on the very same conspiracy claims for which non-jurisdictional discovery should rightfully remain stayed in the *Washington Action* pending resolution of Moonstone's Motion to Dismiss.  *See Zapata*, 2013 WL 1100028 at *4 ("A defendant has a legitimate and protectable interest in avoiding the time, effort, and expense of discovery when the court's jurisdiction to hear the merits may be lacking."). Indeed, if this Court were to find that Plaintiffs' Administrative Complaint sufficiently and plausibly states a claim for relief against Moonstone under federal pleading standards, then Plaintiffs will have an opportunity to take merits discovery on their conspiracy claims via the

Washington Action.

The so-called "jurisdictional" discovery at issue is simply manufactured and unnecessary here to ensure that an *adequately pled* claim against Moonstone will be decided on its merits. This Omnibus Motion, which puts the cart before the horse, thus should be denied.[10]

### c. The Court Should Deny Prospective Leave To Amend.

Plaintiffs' request for leave to amend their complaints and/or opposition briefs violates Local Rules 7.1(a)(3) and 15.1 and is premature. [*See* ECF 348, at 2, 5, 14.]

First, Plaintiffs' failure to confer with Moonstone on this request for relief is grounds, in itself, to deny the Motion. *See* L.R. 7.1(a)(3) (providing in relevant part, "[f]ailure to comply with the requirements of this Local Rule may be cause for the Court to grant or deny the motion and impose on counsel an appropriate sanction . . . ."). Despite certifying their "good faith effort to resolve the issues raised in this Motion" [ECF 348, at 14], Plaintiffs did not confer regarding part of the issues and relief raised in this Motion, namely, leave to amend or the nature of any potential amendment.

Second, their Omnibus Motion fails to comply with, much less mention, Local Rule 15.1, which requires that a party seeking leave to amend "shall attach the original of the amendment to the motion." L.R. 15.1. Plaintiffs have not done so, nor could they, given the speculative nature

---

[10] If, following an adequately pled claim, merits discovery provides Plaintiffs a basis to argue that personal jurisdiction, subject matter jurisdiction, and venue would be proper in the Southern District of Florida, the dismissal of the Florida Action on a facial challenge would not preclude Plaintiffs from seeking a post-MDL transfer of the Washington Action to the Southern District of Florida. *See, e.g., Kenwin Shops, Inc. v. Bank of La.*, No. 97 CIV 907(LMM), 1999 WL 294800 (S.D.N.Y. May 11, 1999) (granting post-MDL transfer of case under 28 U.S.C. § 1404(a) by transferor court back to transferee court). However, to the extent Plaintiffs simply prefer or find convenience in the Southern District of Florida, those features have no relevance where personal jurisdiction has not even been adequately pled.

17

of their request for leave based on hypothetical information that they assume they might find if permitted to serve their proposed discovery. Plaintiffs' request contravenes the letter and purpose of Local Rule 15.1, as the Court and Defendants have nothing on which to evaluate whether there is substantial reason (such as futility) to deny Plaintiffs' anticipatory amendment. [*Cf.* ECF 348, at 5 n.6.] Plaintiffs' intimation that the Rule 12(b)(6) pleading deficiencies raised by Moonstone are "mere technicalities" does not mean they can unilaterally bypass this District's requirements. [*See* ECF 348, at 5.]

For these same reasons, Plaintiffs' request for leave to amend is fundamentally premature and leave is unwarranted at this juncture. Plaintiffs provide no basis for this Court or Moonstone to prospectively cede its obligation or waive its right to evaluate whether Plaintiffs' hypothetical amendment is proper. The Court should deny this unripe request for leave.

## V. CONCLUSION

Plaintiffs fail to satisfy their initial burden of alleging a *prima facie* case for personal jurisdiction over Moonstone in Florida in their Administration Complaint. Their attempt to respond to Moonstone's facial challenge as if it was a factual challenge should be rejected. Furthermore, to grant jurisdictional discovery in these circumstances would be to unjustly reward Plaintiffs for their gamesmanship in refusing to dismiss the duplicative Florida Action.

Based on the foregoing arguments and authorities, Moonstone respectfully requests the Court deny Plaintiffs' Omnibus Motion and maintain the stay of discovery pending its resolution of Moonstone's Motion to Dismiss under Rule 12(b)(6) and 12(b)(2), deny leave to conduct jurisdictional discovery against Moonstone, and deny Plaintiffs' non-compliant and premature request for leave to amend their complaints or opposition briefs.

Dated: November 17, 2023              Respectfully submitted,

/s/ *Marisa R. Dorough*
Ty Kelly Cronin
Maryland CPF No. 0212180158
(*Certificate of Understanding filed*)
Frank C. Bonaventure, Jr.
Maryland CPF No. 8011010040
(*Certificate of Understanding filed*)
BAKER, DONELSON, BEARMAN,
CALDWELL & BERKOWITZ, P.C.
100 Light Street, 19th Floor
Baltimore, Maryland 21202
Phone: (410) 862-1049
tykelly@bakerdonelson.com
fbonaventure@bakerdonelson.com

-and-

Marisa Rosen Dorough
Florida Bar No. 73152
BAKER, DONELSON, BEARMAN,
CALDWELL & BERKOWITZ, P.C.
200 South Orange Avenue, Suite 2900
Orlando, Florida 32801
Phone: (407) 422-6600
mdorough@bakerdonelson.com

*Counsel for Defendant*
*Farmington State Bank d/b/a Moonstone Bank*

**CERTIFICATE OF SERVICE**

    I HEREBY CERTIFY that on this 17th day of November, 2023, I caused the foregoing Defendant Moonstone Bank's Opposition to Plaintiffs' Omnibus Motion to Lift Discovery Stay and for Leave to Conduct Jurisdictional Discovery to be electronically filed and served on all counsel of record via this Court's CM/ECF e-filing system.

                                           *s/ Marisa R. Dorough*

                                           Marisa R. Dorough