UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
No. 1:23-md-3076-KMM

*In re FTX Cryptocurrency Exchange Collapse Litigation*

This Document Relates to the Administrative Class Action Complaint and Demand for Jury Trial as to the Bank Defendants (ECF No. 155)

**DEFENDANTS DELTEC BANK AND TRUST COMPANY LIMITED AND
JEAN CHALOPIN'S OPPOSITION TO
PLAINTIFFS' OMNIBUS MOTION TO LIFT THE DISCOVERY STAY, CONDUCT
JURISDICTIONAL DISCOVERY, AND AMEND THEIR COMPLAINTS**

**TABLE OF CONTENTS**

Page

INTRODUCTION ..................................................................................................................1

ARGUMENT ..........................................................................................................................3

    I.     PLAINTIFFS ARE NOT ENTITLED TO JURISDICTIONAL DISCOVERY AS TO DELTEC OR MR. CHALOPIN ..................................................................3

         A.     There Is No Dispute Regarding Any Jurisdictional Fact as to Deltec or Mr. Chalopin and Therefore Plaintiffs Are Precluded from Seeking Jurisdictional Discovery from Them ..............................................3

         B.     Plaintiffs' Request for Jurisdictional Discovery Is Not Timely and Would Lead to Avoidable Inefficiencies in this Litigation .........................9

    II.    PLAINTIFFS HAVE OFFERED NO REASON FOR THIS COURT TO LIFT THE DISCOVERY STAY AT THIS STAGE OF THE PROCEEDINGS ...............................................................................................10

    III.   PLAINTIFFS HAVE NOT DEMONSTRATED "GOOD CAUSE" ENTITLING THEM TO ANY FURTHER AMENDMENT OF THE COMPLAINT ...............................................................................................11

CONCLUSION ....................................................................................................................13

# **TABLE OF AUTHORITIES**

Cases

Page(s)

*Aviation One of Fla., Inc. v. Airborne Ins. Consultants (PTY), Ltd.*,
   722 F. App'x 870 (11th Cir. 2018) ............................................................................... 8

*Balthazar Mgmt. v. Beale St. Blues Co.*,
   2018 WL 8221674 (S.D. Fla. Oct. 11, 2018) ........................................................... 11

*Basulto v. Netflix, Inc.*,
   2023 WL 4014741 (S.D. Fla. May 25, 2023),
   *report and rec. adopted*, 2023 WL 5271335 (S.D. Fla. Aug. 16, 2023) ................... 6

*Carty v. New Horizon of the Treasure Coast, Inc.*,
   2010 WL 11597963 (S.D. Fla. July 12, 2010) ......................................................... 13

*Diulus v. Am. Express Travel Related Servs. Co.*,
   823 F. App'x 843 (11th Cir. 2020) ............................................................................. 4

*Farrell v. Royal Caribbean Cruises, Ltd.*,
   917 F. Supp. 2d 1248 (S.D. Fla. 2013) ...................................................................... 6

*Jastrjembskaia v. inCruises LLC*,
   2023 WL 5246817 (S.D. Fla. Aug. 2, 2023) ...................................................... 12, 13

*McCabe v. Foley*,
   233 F.R.D. 683 (M.D. Fla. 2006) ............................................................................ 10

*Mother Doe I v. Al Maktoum*,
   632 F. Supp. 2d 1130 (S.D. Fla. 2007) ................................................................ 8, 10

*Pierce v. State Farm Mut. Auto. Ins. Co.*,
   2014 WL 12528362 (S.D. Fla. Dec. 10, 2014) ........................................................ 10

*PVC Windoors, Inc. v. Babbitbay Beach Constr., N.V.*,
   598 F.3d 802 (11th Cir. 2010) ................................................................................... 3

*RMS Titanic, Inc. v. Kingsmen Creatives, Ltd.*,
   579 F. App'x 779 (11th Cir. 2014) ........................................................................ 4, 8

*S. Grouts & Mortars, Inc. v. 3M Co.*,
   575 F.3d 1235 (11th Cir. 2009) ............................................................................... 11

*Sanchez v. H & R Maint., L.C.*,
   294 F.R.D. 677 (S.D. Fla. 2013) ............................................................................. 11

*Sanlu Zhang v. Royal Caribbean Cruises, Ltd.*,
  2020 WL 1472302 (S.D. Fla. Mar. 25, 2020) ....................................................................... 11

*Sosa v. Airprint Sys.*,
  133 F.3d 1417 (11th Cir. 1998) ........................................................................................... 11

*Turner v. Costa Crociere S.P.A.*,
  2020 WL 9071486 (S.D. Fla. Aug. 23, 2020) ....................................................................... 8

*In re Zantac (Ranitidine) Prod. Liab. Litig.*,
  2020 WL 6907056 (S.D. Fla. Nov. 24, 2020) ................................................................ 3, 4, 8

### STATUTES & RULES

Fed. R. Civ. P. 12(b)(2) ................................................................................................................. 4
Fed. R. Civ. P. 15(a) ............................................................................................................... 11-12
Fed. R. Civ. P. 16(b) .............................................................................................................. 3, 11
S.D. Fla. Local Rule 15.1 ........................................................................................................ 3, 12

Defendants Deltec Bank and Trust Company Limited ("Deltec") and its Chairman, Jean Chalopin, by and through their undersigned attorneys, respectfully submit this memorandum of law in opposition to Plaintiffs' motion to obtain jurisdictional discovery, lift the discovery stay, and amend the Class Action Complaint as to the Bank Defendants (the "Motion) (ECF No. 348).

**INTRODUCTION**

More than eight months after filing a complaint in which Plaintiffs alleged that both Deltec and Mr. Chalopin were Bahamian residents—and more than five months after Deltec and Mr. Chalopin informed Plaintiffs' counsel that they were not subject to personal jurisdiction in the United States—Plaintiffs are seeking to lift the discovery stay in a transparent attempt to serve broad-ranging merits discovery under the guise of jurisdictional discovery. Plaintiffs' request for this overbroad and overreaching discovery is accompanied by an improper and premature request to potentially amend the Consolidated Class Action Complaint as to the Bank Defendants (the "Class Action Complaint") (ECF No. 155). This additional request is based on *any* additional information that Plaintiffs may gain through the plain fishing expedition upon which they are seeking to embark. Plaintiffs' Motion is improper and should be denied in full for three principal reasons.

*First*, both the nature and timing of Plaintiffs' request for jurisdictional discovery are disqualifying. Plaintiffs cannot establish their entitlement to jurisdictional discovery from Deltec and Mr. Chalopin because there are no disputed jurisdictional facts as to them; both have challenged the facial sufficiency of the jurisdictional allegations in the Class Action Complaint, and neither has submitted a declaration that could create any factual disputes.

Even assuming Plaintiffs could establish an entitlement to jurisdictional discovery— which they cannot do—the purported jurisdictional discovery they are seeking is not

jurisdictional discovery at all. Indeed, when compared to the substantially similar (and equally wide-ranging) merits discovery Plaintiffs served on Deltec on August 2, 2023, it becomes readily apparent that Plaintiffs' proposed "jurisdictional" discovery is in fact full-blown merits discovery. The law is clear that a plaintiff cannot use jurisdictional discovery as a fishing expedition in an attempt to search for information that could establish a prima facie case of personal jurisdiction over a defendant (nor can Plaintiffs seek to circumvent the discovery stay in this case by disguising merits discovery as "jurisdictional discovery").

Moreover, Plaintiffs' request for jurisdictional discovery is untimely. Despite having had multiple opportunities and ample time to request jurisdictional discovery since a complaint was first filed against Deltec and Mr. Chalopin on February 22, 2023, Plaintiffs failed to do so. Instead, the request comes at a time that would lead to unwarranted delay in resolving Deltec's and Mr. Chalopin's pending case-dispositive motion to dismiss, which will be fully briefed in just over two weeks. (*See* ECF Nos. 267, 361.)

*Second*, Plaintiffs have offered no credible reason for this Court to lift the discovery stay at this time. Deltec and Mr. Chalopin have filed a fully case-dispositive motion to dismiss on multiple independent grounds, which is nearly fully briefed and, if successful, would eliminate the need for discovery. Based on the merits discovery Plaintiffs have already served on Deltec, it is clear that lifting the discovery stay at this stage will only lead to Plaintiffs using discovery as a tool to seek burdensome and sweeping information that bears no connection to their claims in this litigation, and the production of which may violate Bahamian law.

*Third*, Plaintiffs' request to amend the Class Action Complaint in an unspecified and unsupported way is improper. Pursuant to this Court's scheduling order entered on June 21, 2023 (ECF No. 61), Plaintiffs' deadline to file consolidated amended complaints was August 7,

2023. Once that time expired, Plaintiffs are not entitled to any further amendment absent a showing of "good cause" pursuant to Federal Rule of Civil Procedure 16(b). Far from being able to demonstrate "good cause," Plaintiffs have not articulated a single reason why they are entitled to a further amendment—which would represent a fourth complaint filed against Deltec and Mr. Chalopin in this litigation—nor have Plaintiffs identified any proposed amendments, in contravention of Local Rule 15.1.

Plaintiffs' Motion should thus be denied in full.

## ARGUMENT

### I.  PLAINTIFFS ARE NOT ENTITLED TO JURISDICTIONAL DISCOVERY AS TO DELTEC OR MR. CHALOPIN

#### A.  There Is No Dispute Regarding Any Jurisdictional Fact as to Deltec or Mr. Chalopin and Therefore Plaintiffs Are Precluded from Seeking Jurisdictional Discovery from Them

As a threshold matter, Plaintiffs' Motion should be denied because—as their own Class Action Complaint makes clear—there are no disputed jurisdictional facts. Plaintiffs allege that Deltec is a Bahamian resident; Plaintiffs allege that Mr. Chalopin is a Bahamian resident; and Plaintiffs include not one single allegation that supports general or specific jurisdiction over Deltec or Mr. Chalopin in Florida or Washington. (*See, e.g.*, ECF No. 155 (Class Action Complaint); ECF No. 267 (Motion to Dismiss) at 4-12.)

It is well-settled that a plaintiff bears the initial burden of "plead[ing] sufficient non-conclusory facts to establish a *prima facie* case of personal jurisdiction." *In re Zantac (Ranitidine) Prod. Liab. Litig.*, 2020 WL 6907056, at *3 (S.D. Fla. Nov. 24, 2020); *see also PVC Windoors, Inc. v. Babbitbay Beach Const., N.V.*, 598 F.3d 802, 810 (11th Cir. 2010) ("[T]he plaintiff bears the burden of establishing a prima facie case of jurisdiction over the movant, non-resident defendant."). "[A] defendant may, but is not required to, assert its own counter-facts to

challenge the sufficiency of the well-pled jurisdictional facts alleged in the complaint." *In re Zantac*, 2020 WL 6907056, at *3.  Where a defendant challenges the facial sufficiency of the jurisdictional allegations in the complaint without submitting a declaration in support of its 12(b)(2) motion, "a district court does not abuse its discretion by denying jurisdictional discovery if the complaint was insufficient as a matter of law to establish a *prima facie* case that the district court had jurisdiction." *Diulus v. Am. Express Travel Related Servs. Co.*, 823 F. App'x 843, 849 (11th Cir. 2020) (internal quotation marks omitted) (affirming denial of plaintiffs' request for jurisdictional discovery where plaintiffs "did not meet their initial burden to allege a prima facie case of personal jurisdiction").

There is no jurisdictional fact in dispute with respect to Deltec and Mr. Chalopin because their Rule 12(b)(2) motion challenges the facial sufficiency of Plaintiffs' jurisdictional allegations, and neither defendant submitted a declaration to controvert any allegations in the Class Action Complaint (and no such declaration was necessary as Plaintiffs did not plead any jurisdictional fact that would need to be refuted).  Plaintiffs thus cannot—and do not—point to any disputed jurisdictional fact as to Deltec and Mr. Chalopin, which bars them from seeking jurisdictional discovery here.[1]  *See In re Zantac*, 2020 WL 6907056, at *3 (reasoning that "*if* the counter-facts [in a defendant's declaration opposing personal jurisdiction] create a genuine dispute with the well-pled facts in the complaint, the plaintiff has a right to limited jurisdictional discovery on those genuinely-disputed facts" (emphasis added)); *see also RMS Titanic, Inc. v. Kingsmen Creatives, Ltd.*, 579 F. App'x 779, 791 (11th Cir. 2014) ("Although a motion to dismiss for lack of personal jurisdiction may in some cases require limited jurisdictional

---

[1] In fact, Plaintiffs' Motion does not even make *a single reference* to the Class Action Complaint naming Deltec and Mr. Chalopin as defendants (ECF No. 155).

4

discovery, that is only true if the resolution of that motion turns on findings of fact." (internal quotation marks omitted)).

Plaintiffs' claim that they have "located certain documents demonstrating that jurisdictional discovery would yield jurisdictionally relevant facts" (Mot. at 7) does not assist their argument. With respect to Deltec and Mr. Chalopin, even after having the benefit of seeing hundreds of exhibits at Sam Bankman-Fried's recently concluded criminal trial, Plaintiffs can only point to two documents, neither of which supports Plaintiffs' Motion. First, Plaintiffs point to Ryan Salame's indictment, which makes no mention whatsoever of Deltec or Mr. Chalopin. (*See* Mot. Ex. L.) Mr. Salame's indictment focuses solely on FTX's relationship with *banks based in the United States*, and does not say anything at all about Deltec, any bank in The Bahamas, or Mr. Chalopin. Second, Plaintiffs point to a Federal Reserve "enforcement action" against Farmington State Bank ("Farmington"), a separate institution that is not alleged to have—and does not have—any transactions with or institutional connection to Deltec. The relevant document, which is a cease-and-desist order issued upon consent, has nothing to do with the allegations in the Class Action Complaint and Plaintiffs offer no explanation as to how this document bears on whether Deltec or Mr. Chalopin are subject to jurisdiction in the United States.[2] (*See* Mot. at 10.) For these reasons, Plaintiffs' claim that Mr. Salame's indictment and the Federal Reserve's enforcement action against Farmington "render even more plausible Plaintiffs' conspiracy allegations in support of conspiracy jurisdiction over these defendants in Florida" (Mot. at 10) is nonsensical. Neither Mr. Salame's indictment nor the enforcement

---

[2] The document is also irrelevant to Mr. Chalopin's alleged role at Farmington; the only references to Mr. Chalopin in the cease-and-desist order are in his capacity as Chairman and President of FBH Corporation, a separate entity that is not a party to this case. Further, as the cease-and-desist order makes clear, and contrary to Plaintiffs' allegations (*see* ECF No. 155 ¶ 31), Mr. Chalopin is *not* the chief executive officer of Farmington.

5

action bears any connection whatsoever to a purported conspiracy involving Deltec and Mr. Chalopin in Florida; in fact, neither document even mentions Florida. In short, Plaintiffs' allegations regarding Deltec's and Mr. Chalopin's participation in a conspiracy emanating from Florida are utterly conclusory and speculative, and clearly unsupported by any factual allegations. Plaintiffs therefore cannot claim conspiracy-based jurisdiction as a hook for seeking jurisdictional discovery from Deltec and Mr. Chalopin. *Cf. Basulto v. Netflix, Inc.,* 2023 WL 4014741, at *9 (S.D. Fla. May 25, 2023), *report and rec. adopted*, 2023 WL 5271335 (S.D. Fla. Aug. 16, 2023) ("[I]ncluding a conspiracy claim does not operate as a jurisdictional net which captures all defendants in its embrace.").

Even if Plaintiffs were entitled to jurisdictional discovery—and they are not, for the reasons explained above—jurisdictional discovery does not "permit[] a plaintiff to seek facts that would ultimately not support a showing [of] personal jurisdiction." *Farrell v. Royal Caribbean Cruises, Ltd.*, 917 F. Supp. 2d 1248, 1252 (S.D. Fla. 2013) (citation omitted). Here, none of the facts Plaintiffs identify as potentially relevant information they hope to uncover through discovery has any connection to Deltec or Mr. Chalopin (*see* Mot. at 13), and even a cursory review of Plaintiffs' proposed jurisdictional discovery reveals that the vast majority of the requests are irrelevant to establishing jurisdiction over Deltec or Mr. Chalopin, whether in Florida or in Washington. (*See* Mot. Ex. D, Part 2 (ECF No. 348-5) at 2-25 (proposed jurisdictional discovery as to Deltec); *id.* at 50-64 (proposed jurisdictional discovery as to Mr. Chalopin).) For instance, Plaintiffs' proposed jurisdictional discovery predominantly seeks information regarding a Bahamian bank's and its Bahamian Chairman's activities in The Bahamas, and includes various other extraneous requests, such as:

6

- "All workpapers, communications and/or documents concerning your monitoring for suspicious or fraudulent activity, including but not limited to actual or potential alerts, cautions, flags, or alarms raised as a result of Your monitoring systems or the policies and procedures referenced in the previous request" (Mot. Ex. D (ECF No. 348-5) at 13 ¶ 8);

- "All workpapers, communications and/or documents concerning generated by or concerning any automated transaction monitoring systems maintained by you in response to activity at any time in any accounts (including correspondent accounts) held or opened in the name of or for the benefit of FTX Entities and/or Alameda" (*id.* at 15 ¶ 10);

- "All workpapers, communications and/or documents that you gathered or created before November 11, 2022 concerning . . . any news articles or media coverage concerning FTX Entities and/or Alameda" (*id.* at 17 ¶ 18(a));

- "All workpapers, communications and/or documents concerning the size and importance to You of your actual and prospective relationships with FTX Entities and/or Alameda, on an absolute basis and on a comparative basis to your relationships with other clients" (*id.* at 18 ¶ 20);

- "All workpapers, communications and/or documents concerning the formation and governance of any of the FTX Entities and/or Alameda, including, but not limited to, articles of incorporation, articles of formation, by-laws, membership agreements, partnership agreements, and certificates of good standing" (*id.* at 20 ¶ 28);

- "All workpapers, communications and/or documents concerning the ownership of, and relationship between, if any, each of the FTX Entities and/or Alameda and/or any joint ventures, affiliates, and/or subsidiaries, including, but not limited to, organizational charts" (*id.* at 20 ¶ 29); and

- "All workpapers, communications and/or documents concerning the accounts opened by Tether Limited Inc. ('Tether') at Deltec, Tether's expected banking activity at Deltec, Tether's actual banking activity at Deltec, including transactions by, to, or through the FTX entities, their insiders, or their affiliates" (*id.* at 21 ¶ 31).

It is clear that Plaintiffs are not seeking this discovery to elucidate any contested jurisdictional allegations (there are none) or to bolster their threadbare jurisdictional allegations. And the improper breadth of these requests becomes plain when they are compared to the merits discovery Plaintiffs served on Deltec on August 2, 2023; both the proposed jurisdictional discovery and the merits discovery are substantially similar, with the former functioning as a mildly pared-down version of the latter, and both seeking information that may not be produced

7

under Bahamian law. (*See* Mot. Ex. D (ECF No. 348-5) at 1-22 (proposed jurisdictional discovery as to Deltec); Ex. 1 (merits discovery served on Deltec); Ex. 2 (redline comparison between Plaintiffs' proposed jurisdictional discovery as to Deltec and the merits discovery served on Deltec).)

At bottom, Plaintiffs realize that they have not discharged their burden of pleading a prima facie case of jurisdiction over Deltec and Mr. Chalopin, and they are now desperately attempting to defer consideration on case-dispositive motions to dismiss while they seek any and every possible hook to save their deficient claims. But "discovery requests should not serve as fishing expeditions," *Turner v. Costa Crociere S.P.A.*, 2020 WL 9071486, at *2 (S.D. Fla. Aug. 23, 2020) (Moore, J.), and courts in the Eleventh Circuit are clear that "a party is not entitled to jurisdictional discovery solely to remedy a lack of jurisdictional facts." *In re Zantac*, 2020 WL 6907056, at *3; *see also Mother Doe I v. Al Maktoum*, 632 F. Supp. 2d 1130, 1147 (S.D. Fla. 2007) (denying request for jurisdictional discovery where plaintiffs were improperly seeking to "engage in discovery in an attempt to make a *prima facie* or other showing that the Court's exercise of personal jurisdiction over Defendants would be appropriate"); *Aviation One of Fla., Inc. v. Airborne Ins. Consultants (PTY), Ltd*, 722 F. App'x 870, 886 (11th Cir. 2018) (affirming denial of jurisdictional discovery where, among other reasons, "[plaintiff] does not explain how such discovery would have aided the court's analysis"); *RMS Titanic*, 579 F. App'x at 790 (affirming denial of request for jurisdictional discovery where there was "no indication that the receipt of additional information [sought through jurisdictional discovery] would demonstrate the existence of jurisdiction").

This Court should thus deny Plaintiffs' improper request for jurisdictional discovery.

### B. Plaintiffs' Request for Jurisdictional Discovery Is Not Timely and Would Lead to Avoidable Inefficiencies in this Litigation

Even if Plaintiffs could identify disputed jurisdictional facts—and they cannot—the Motion should be denied because the discovery request is not timely made and instead is seemingly designed to delay a decision on pending motions to dismiss.

On February 22, 2023, Plaintiff O'Keefe filed a complaint against Deltec, Mr. Chalopin, and others in the Southern District of Florida (the "Florida Complaint"), which was consolidated with this multidistrict litigation on June 5, 2023, pursuant to an order issued by the Judicial Panel on Multidistrict Litigation. (*See* ECF No. 96.) After the Florida Complaint was transferred to this Court, over the next two months, Deltec and Mr. Chalopin informed Plaintiffs on multiple occasions that they were not subject to personal jurisdiction in Florida (or anywhere else in the United States), and that the complaint lacked any well-pled allegations that could establish jurisdiction over them in Florida. Plaintiffs made no attempt to engage with Deltec or Mr. Chalopin on this issue, nor did they seek jurisdictional discovery.

Five months after the filing of the Florida Complaint—and being on clear notice that Deltec and Mr. Chalopin intended to contest personal jurisdiction anywhere in the United States—on July 26, 2023, Plaintiffs filed a second complaint against Deltec and Mr. Chalopin in the Eastern District of Washington (the "Washington Complaint"). The Washington Complaint was substantively identical to the Florida Complaint in its lack of jurisdictional allegations as to Deltec and Mr. Chalopin, and both of them once again informed Plaintiffs that there was no personal jurisdiction over them anywhere in the United States. Plaintiffs continued to ignore Deltec's and Mr. Chalopin's stated jurisdictional concerns. Plaintiffs' failure to seek jurisdictional discovery prior to this Court entering a stay of all discovery on August 3, 2023, *see* ECF No. 61, is Plaintiffs' own strategic choice—where, as here, "[n]o explanation is offered as

9

to why . . . when Defendants first challenged personal jurisdiction, Plaintiffs did not seek to take discovery," the request for jurisdictional discovery should be denied. *Mother Doe*, 632 F. Supp. 2d at 1146.

## II. PLAINTIFFS HAVE OFFERED NO REASON FOR THIS COURT TO LIFT THE DISCOVERY STAY AT THIS STAGE OF THE PROCEEDINGS

Plaintiffs' additional request—to lift the discovery stay—should be denied, at least until a decision on pending case-dispositive motions to dismiss. "Federal courts [] have broad discretion to stay proceedings as part of their inherent authority to control their docket." *Pierce v. State Farm Mut. Auto. Ins. Co.*, 2014 WL 12528362, at *1 (S.D. Fla. Dec. 10, 2014). "As the Eleventh Circuit has recognized, [f]acial challenges to the legal sufficiency of a claim or defense, such as a motion to dismiss based on failure to state a claim for relief, should [] be resolved before discovery begins." *Id.* (internal quotation marks omitted).

Here, Deltec's and Mr. Chalopin's case-dispositive motion to dismiss is expected to be fully briefed in less than three weeks, and resolution of that motion does not turn on any disputed questions of fact. In light of this, Plaintiffs have offered no reason why discovery should be allowed in advance of the Court issuing a decision on the motion to dismiss, nor have Plaintiffs identified any changed circumstances since the entry of the discovery stay that warrants lifting the stay at a time when briefing on various defendants' motions to dismiss is well underway. Plaintiffs "will [not] be prejudiced by a temporary delay in discovery while the potentially case dispositive motions are decided," *McCabe v. Foley*, 233 F.R.D. 683, 687 (M.D. Fla. 2006), and indeed, this Court has already determined as much by staying discovery. (*See* ECF No. 61.)

Moreover, Plaintiffs have not identified a single piece of information coming out of Mr. Bankman-Fried's criminal trial that would suggest that either Deltec or Mr. Chalopin had any role whatsoever in FTX's fraudulent scheme (and no such information exists). The

10

conclusion of Bankman-Fried's trial thus does not create any change in circumstances as to Deltec and Mr. Chalopin that warrants lifting the discovery stay.

**III. PLAINTIFFS HAVE NOT DEMONSTRATED "GOOD CAUSE" ENTITLING THEM TO ANY FURTHER AMENDMENT OF THE COMPLAINT**

On June 21, 2023, this Court issued a scheduling order setting out various deadlines, including a deadline for Plaintiffs to file consolidated amended complaints by August 7, 2023. (*See* ECF No. 61.)  When a motion for leave to amend a pleading is filed after the deadline set in a court's scheduling order, the court employs a two-step analysis in determining whether an amendment is warranted.  *Sosa v. Airprint Sys., Inc.*, 133 F.3d 1417, 1419 (11th Cir. 1998). First, the plaintiff must demonstrate "good cause" to amend under Rule 16(b) of the Federal Rules of Civil Procedure.  *S. Grouts & Mortars, Inc. v. 3M Co.*, 575 F.3d 1235, 1241 (11th Cir. 2009).  Good cause exists when "evidence supporting the proposed amendment would not have been discovered in the exercise of reasonable diligence until after the amendment deadline passed."  *Balthazar Mgmt v. Beale St. Blues Co.*, 2018 WL 8221674, at *1 (S.D. Fla. Oct. 12, 2018).  Second, if the plaintiff successfully demonstrates good cause, the court proceeds to determine whether an amendment to the pleadings is proper under Rule 15(a) of the Federal Rules of Civil Procedure.  *Sosa*, 133 F.3d at 1419.

Far from demonstrating "good cause," Plaintiffs—who have already filed three versions of their complaint against Deltec and Mr. Chalopin—have not offered a single reason why they should be allowed to amend their complaints at this juncture.  *See Sanlu Zhang v. Royal Caribbean Cruises, Ltd.*, 2020 WL 1472302, at *2 (S.D. Fla. Mar. 26, 2020) (denying amendment where "[plaintiff] does not even mention Rule 16(b), never mind argue that he has satisfied its 'good cause' showing).  Under such circumstances, Plaintiffs' half-hearted and vague request to amend the Class Action Complaint must be denied.  *See Sanchez v. H & R*

11

*Maint., L.C.*, 294 F.R.D. 677, 679-80 (S.D. Fla. 2013) (denying request to amend complaint where plaintiff filed motion seeking leave to amend three months after the deadline for amendment of pleadings in the court's scheduling order had passed, and where plaintiff was "on notice that Defendants contested [] jurisdiction" but demonstrated a "lack of diligence" in exploring that defense).

Nor can Plaintiffs rely on Rule 15(a) to salvage their request; courts routinely deny motions to amend under Rule 15(a) on the grounds of undue delay, bad faith or dilatory motive, undue prejudice to the opposing party, or futility of amendment. *Jastrjembskaia v. inCruises LLC*, 2023 WL 5246817, at *1 (S.D. Fla. Aug. 2, 2023) (denying motion to amend where plaintiff delayed in making that request and amendment would be futile). Here, granting Plaintiffs leave to amend their complaints would cause undue delay and prejudice to Deltec and Mr. Chalopin, who were at the cusp of filing a case-dispositive motion to dismiss in response to the Florida Complaint in May 2023 prior to that action being consolidated with this multidistrict litigation, and are now again on the cusp of fully briefing their motion to dismiss Plaintiffs' Class Action Complaint.

Finally, in contravention of Local Rule 15.1, Plaintiffs do not even identify their proposed amendments. (*See* S.D. Fla. Local Rule 15.1 ("A party who moves to amend a pleading shall attach the original of the amendment to the motion . . . .").) Absent an indication of what Plaintiffs propose to include in a further amended complaint, this Court—and defendants—cannot assess the propriety of the proposed amendments. *See Jastrjembskaia*, 2023 WL 5246817, at *1-2 (denying motion to amend complaint because, among other reasons, "Plaintiffs failed to file a proposed second amended complaint pursuant to Local Rule 15.1"). Moreover, any further amendment of the Class Action Complaint would be futile, including for

12

all of the reasons described in Deltec's and Mr. Chalopin's joint motion to dismiss. (*See* ECF No. 267.) Where a plaintiff "fails to allege any new facts that [could] support a legal claim," a request to amend the complaint should be denied as futile. *Carty v. New Horizon of the Treasure Coast, Inc.*, 2010 WL 11597963, at *2 (S.D. Fla. Jul. 12, 2010); *see also Jastrjembskaia*, 2023 WL 5246817, at *1-2 (denying motion to amend complaint where "there is good reason to believe that amendment would be futile [because] it is [] not obvious how Plaintiffs can establish personal jurisdiction over these foreign Defendants").

## CONCLUSION

For the foregoing reasons, Deltec and Mr. Chalopin respectfully request that the Court deny Plaintiffs' Motion in full.

Dated: November 17, 2023
      New York, New York

Respectfully submitted,

/s/ *Lara Samet Buchwald*

Lara Samet Buchwald
NY Bar No. 4700944
(*Certificate of Understanding filed*)
lara.buchwald@davispolk.com
Tatiana Martins
NY Bar No. 4300455
(*Certificate of Understanding filed*)
tatiana.martins@davispolk.com
**Davis Polk & Wardwell LLP**
450 Lexington Avenue
New York, New York 10017
Tel: 212-450-4000
Fax: 212-701-5351

-and-

Mallory M. Cooney
Florida Bar No. 125659
mallory.cooney@klgates.com
Desirée Moore
Illinois Bar No. 6286198
(*Certificate of Understanding filed*)
desiree.moore@klgates.com
**K&L Gates LLP**
200 S. Biscayne Blvd.
Miami, FL 33131
Tel: 305-539-3300
Fax: 305-358-7095

*Attorneys for Defendants Deltec Bank and Trust Company Limited and Jean Chalopin*