**IN THE UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**
**MIAMI DIVISION**
MDL No. 3076
Case No. 1:23-md-03076-KMM

**IN RE:**

**FTX Cryptocurrency Exchange Collapse Litigation**

_____

This Document Relates To:

*Garrison v. Bankman-Fried*,
Case No. 22-cv-23753-KMM

*Garrison v. Ohtani*,
No. 23-cv-23064-KMM

*Garrison v. Golden State Warriors, LLC*,
No. 23-cv-23084-KMM

*Norris v. Brady*,
No. 23-cv-20439-KMM
_____/

**OPPOSITION BY DEFENDANTS STEPHEN CURRY, LAWRENCE GENE DAVID,**
**GOLDEN STATE WARRIORS, LLC, UDONIS HASLEM, NAOMI OSAKA, AND**
**SOLOMID CORPORATION TO PLAINTIFFS' OMNIBUS MOTION TO LIFT**
**DISCOVERY STAY AND FOR LEAVE TO CONDUCT JURISDICTIONAL**
**DISCOVERY, AND IF NECESSARY TO AMEND THEIR COMPLAINTS**
**WITH ANY FACTS ARISING FROM SUCH DISCOVERY**

## INTRODUCTION

Like the two prior instances where Plaintiffs requested jurisdictional discovery from the California S&E Defendants,[1] this third request is equally meritless and a transparent ploy to fish for merits discovery prior to a ruling dismissing this baseless case. Plaintiffs are asking this Court to authorize wide-ranging document requests and depositions of 23 parties; to grant leave to amend their already voluminous consolidated complaints with theoretical new jurisdictional facts; and restart briefing on the motions to dismiss. This proposed process, if allowed, will delay a ruling on the S&E Defendants' meritorious Rule 12(b)(6) motions until well into 2024, which are essentially the same arguments the S&E Defendants made in their original Rule 12(b)(6) motion filed seven months ago. The Court should not permit Plaintiffs to continue to stall a threshold ruling on their defective pleadings.

Plaintiffs' request for expansive jurisdictional discovery should be denied as to the California S&E Defendants[2] for at least three reasons. *First*, Plaintiffs cannot satisfy the three prerequisites for jurisdictional discovery. Plaintiffs have failed to allege facts to establish a *prima facie* case of jurisdiction; failed to show that there is a genuine dispute as to any material jurisdictional fact; and failed to demonstrate their proposed far-reaching "jurisdictional" discovery is tailored to any actually-disputed jurisdictional facts. Indeed, Plaintiffs' motion barely even

---

[1] The California S&E Defendants are Stephen Curry, Lawrence Gene David, Golden State Warriors, LLC ("GSW"), Naomi Osaka, and Solomid Corporation ("Solomid"). Udonis Haslem also appears to be a target of Plaintiffs' motion because he challenged service but as discussed below, jurisdictional discovery as to him is unwarranted—he never challenged jurisdiction.

[2] Plaintiffs have agreed to withdraw their requests for jurisdictional discovery as to Lawrence Gene David, and have agreed to exclude him from the scope of relief requested in the motion.

mentions the California S&E Defendants, much less any disputed factual issue requiring jurisdictional discovery—which is unsurprising because the California S&E Defendants only contested the sufficiency of Plaintiffs' allegations, and did not dispute the facts pled. *Second*, to conserve both judicial and party resources, the Court need not address the necessity of jurisdictional discovery until *after* it rules on the S&E Defendants' Rule 12(b)(6) motions. A court may address multiple defendants' facial challenges to a complaint before turning to personal jurisdiction issues so long as it indisputably has jurisdiction over at least one defendant. *Chevron Corp. v. Naranjo*, 667 F.3d 232, 246 n.17 (2d Cir. 2012).  *Third*, the Court should dismiss the California S&E Defendants from *Garrison v. Bankman Fried*, S.D. Fla. 22-cv-23753 (the "Florida Action") based on improper claim splitting, which would moot all jurisdictional issues as to them and obviate the need for jurisdictional discovery.

Relatedly, the Court also should reject Plaintiffs' premature request to amend their complaint. Plaintiffs speculate that *if* the Court permits them to serve discovery, that discovery *may* result in facts they want to allege in a new complaint. But Plaintiffs have not identified any facts they would allege in an amended complaint, let alone explain how those factual allegations would cure their deficient pleadings. That is plainly insufficient. If Plaintiffs want to amend their complaint, they must identify what allegations they plan to add so that Defendants may assess whether amending to add those allegations would be futile.

As the Court has observed, this is a "complex and costly litigation for all parties involved." Florida Action ECF No. 133 at 3. That is especially true for the S&E Defendants, who have spent nearly a year vigorously defending against claims that never should have been brought in the first place. Allowing extensive jurisdictional discovery, amended pleadings, and new motions to dismiss will significantly delay this unfounded case and unfairly prejudice the S&E Defendants who have been waiting since April 2023 to have their motions to dismiss adjudicated. Plaintiffs

should not be able to use "jurisdictional" discovery as an improper means to both delay judgment on their deficient pleadings and fish for additional evidence in the hopes of saving their claims.

## BACKGROUND

***Plaintiffs' Prior Requests for Jurisdictional Discovery in the Garrison Action***

Plaintiffs filed their initial complaint in the Florida Action on November 15, 2022, and their First Amended Complaint in December 2022. Florida Action ECF Nos. 1, 16. In April 2023, the California S&E Defendants (except for Solomid, which was not yet a defendant) moved to dismiss the First Amended Complaint for both lack of personal jurisdiction and failure to state a claim. Florida Action ECF Nos. 139, 154.

Almost immediately, in late April 2023, Plaintiffs filed an "expedited" motion for leave to conduct jurisdictional discovery and requested that they be allowed to amend their complaint and delay a ruling on the motions to dismiss. Florida Action ECF No. 163. Plaintiffs' "jurisdictional" discovery was effectively premature merits discovery. They requested that various S&E Defendants produce *all* documents and communications relating to each Defendant's relationship with FTX; *all* documents and communications regarding whether YBAs or FTT constitute securities; and *all* documents and communications relating to "targeting" Florida residents. Florida Action ECF No. 195 at 18. Plaintiffs' motion failed to point to *any* jurisdictional facts that were genuinely in dispute and material to the jurisdictional inquiry. Florida Action ECF No. 163.

While their motion to conduct jurisdictional discovery was pending, Plaintiffs requested leave to file a Second Amended Complaint (the "SAC") (their third iteration of the Complaint). Florida Action ECF No. 198.  On May 12, 2023, the Court issued an order to show cause regarding the pending motion, specifically requiring Plaintiffs to point to genuine issues of material fact that would support leave to conduct jurisdictional discovery. The Court stated:

> Plaintiffs have an outstanding Motion for Leave to Conduct Jurisdictional
> Discovery, seeking the information they now claim to have included in their

proposed Second Amended Complaint … Plaintiffs are ORDERED TO SHOW CAUSE … whether they still seek jurisdictional discovery. ***If Plaintiffs do seek jurisdictional discovery, they are ordered to include in their response the specific genuine issues of material fact that give rise to jurisdictional discovery, as to each Defendant.***

Florida Action ECF No. 201 (emphasis added).

In response to the show cause order, Plaintiffs noted that if the Court granted them leave to amend, "no discovery is necessary at this stage" but they reserved the right to request jurisdictional discovery later. Plaintiffs, however, once again failed to point to any disputed genuine issues of material fact for which they required discovery. Florida Action ECF No. 202.

After granting Plaintiffs leave to file the SAC, the Court denied all pending motions to dismiss without prejudice, along with Plaintiffs' request for jurisdictional discovery. Florida Action ECF No. 207. The Court ordered the S&E Defendants to move to dismiss by June 12, 2023. After the S&E Defendants drafted dismissal motions (but before they filed), the case was transferred to the MDL.

***Proceedings in the MDL***

The Court held a status conference to organize the MDL on June 21, 2023. The California S&E Defendants continued to assert that they had personal jurisdiction defenses to the Florida Action notwithstanding the transfer. At the status conference, Plaintiffs represented that they would resolve all personal jurisdiction issues by filing new complaints against the California S&E Defendants "in their home states that would then be tagalong cases to this Court" and "will be transferred here." June 21, 2023 Hr'g Tr. at 7, 15. Plaintiffs said they would do this "to avoid a lengthy fight" and "unnecessary motion practice" over personal jurisdiction issues. *Id.* While they did file complaints against the California S&E Defendants in their home state and transferred them to this MDL, MDL ECF Nos. 200, 204, Plaintiffs have inexplicably refused to dismiss the California Defendants from the Florida Action, thereby necessitating the "unnecessary motion

practice" Plaintiffs represented to the Court they would avoid, including both a motion to dismiss for lack of personal jurisdiction and the instant briefing.

In late September, after filing amended complaints, Plaintiffs once again asked for jurisdictional discovery. MDL ECF No. 317. In their motion, Plaintiffs did not even attempt to show that there was a genuine dispute of any material jurisdictional fact that required jurisdictional discovery. *Id.* at 6. The Court denied Plaintiffs' motion, but allowed them to renew the motion after the conclusion of Sam Bankman-Fried's trial. MDL ECF No. 336.

Now, for the third time, Plaintiffs seek jurisdictional discovery, asking for the same wide-ranging documents that they first requested in April 2023—and which has been denied by the Court twice already.

## LEGAL STANDARD

To obtain jurisdictional discovery, Plaintiffs must clear two hurdles. First, they must plead a *prima facie* case for jurisdiction, and then they must point to jurisdictional facts that are genuinely in dispute and material to the jurisdictional inquiry. *In re Zantac (Ranitidine) Prods. Liab. Litig.*, 2020 WL 6907056, at *2, *6 (S.D. Fla. Nov. 24, 2020). A court should not allow a plaintiff to build a *prima facie* case for jurisdiction by allowing plaintiff "to look for what the plaintiff should have had—but did not—before coming through the courthouse doors." *In re Takata Airbag Prod. Liab. Litig.*, 396 F. Supp. 3d 1101, 1156 (S.D. Fla. 2019) (citations omitted). Jurisdictional discovery is "not a vehicle for a fishing expedition," and Plaintiffs cannot use it to "search for a new basis for jurisdiction." *JMA, Inc. v. Biotronik SE & Co. KG*, 2013 WL 1402322, at *5-6 (S.D. Fla. Apr. 5, 2013) (citations omitted). In other words, "the failure of a plaintiff to investigate jurisdictional issues prior to filing suit does not give rise to" the right to jurisdictional discovery. *Yepez v. Regent Seven Seas Cruises*, 2011 WL 3439943, at *1 (S.D. Fla. Aug. 5, 2011).

Thus, where, as here, a "complaint [is] insufficient as a matter of law to establish a *prima facie* case that the district court had jurisdiction, [a] district court abuse[s] its discretion in allowing the case to proceed and granting discovery on the jurisdictional issue." *Butler v. Sukhoi Co.*, 579 F.3d 1307, 1314 (11th Cir. 2009).

## ARGUMENT

**I.     Plaintiffs fail to satisfy the prerequisites for jurisdictional discovery.**

    **A.     Plaintiffs fail (once again) to allege a *prima facie* case of personal jurisdiction and are thus not entitled to jurisdictional discovery.**

As a threshold matter, the Court should dispense with this motion because Plaintiffs have failed in their obligation to "allege sufficient facts" to establish a *prima facie* case of either general or specific personal jurisdiction over any of the California S&E Defendants. *See generally* MDL ECF No. 268 ("PJ Motion").

Plaintiffs concede that there is no general jurisdiction over any of the California S&E Defendants, affirmatively alleging that the individual California S&E Defendants are all domiciled outside Florida (Administrative Class Action Complaint ECF No. 179 ("ACAC") ¶¶ 61, 66-67) and that GSW and Solomid are California companies headquartered in California (ACAC ¶¶ 62, 68). Plaintiffs' assertion of jurisdiction is thus centered upon specific jurisdiction.

However, as set out in the PJ Motion, the Court lacks specific jurisdiction over the California S&E Defendants because Plaintiffs' claims do not arise out of acts committed by defendants in or directed at Florida. *See, e.g.*, *Ford Motor Co. v. Mont. Eighth Jud. Dist. Ct.*, 141 S. Ct. 1017, 1028 (2021); PJ Mot. at 8-13 (detailing why the ACAC fails to establish specific jurisdiction). Plaintiffs allege they were harmed by GSW because FTX's logo allegedly was displayed at Chase Center in California. ACAC ¶¶ 479-482, 490-494. Plaintiffs' claims against Curry, David, Osaka, and Solomid are based on their respective appearances in untargeted, nationally available ads and promotions (ACAC ¶¶ 438, 607-610, 630-31, 683). Plaintiffs have

not made any  non-conclusory allegations that any of these defendants "directed their [alleged] advertising and marketing … toward the Florida Plaintiffs" in this action. *In re Takata*, 396 F. Supp. 3d at 1141. In fact, Plaintiffs do not allege that any of them saw or heard any of the challenged promotional materials, let alone in Florida. But even if they had, that would still not be enough because allegations that the allegedly tortious statements were "accessible and accessed in Florida" cannot give rise to specific jurisdiction under Florida's long-arm statute or the Due Process clause of the U.S. Constitution. *McCall v. Zotos*, 2023 WL 3946827, at *5 (11th Cir. June 12, 2023); *Zamora Radio, LLC v. Last.fm LTD.*, 2011 WL 2580401, at *6 (S.D. Fla. June 29, 2011) ("[S]ubject[ing] [defendant] to jurisdiction in a particular forum just for offering national and un-targeted advertising" would "set a troubling precedent."); PJ Mot. at 12 (collecting cases).

Given these defective jurisdictional allegations, Plaintiffs' motion does not—and cannot—point to any factual allegations that would give rise to a *prima facie* case of specific jurisdiction, which is a prerequisite for seeking jurisdictional discovery. Instead, Plaintiffs improperly try to satisfy their *prima facie* burden by pointing to three categories of allegations (*see* Mot. at 6):

- That FTX employee Avi Dabir, who worked out of a Florida office, allegedly oversaw the creation of the "deals between FTX and" the California S&E Defendants (ACAC ¶ 732);

- That in late 2022, FTX announced its intention to move its domestic headquarters to Miami (ACAC ¶¶ 731); and

- That Osaka wore the FTX logo at a tournament in Miami in 2022 (ACAC ¶ 603) while Curry played a few basketball games in Miami (ACAC ¶ 465).

None of these allegations supports Plaintiffs' argument for jurisdiction—thereby precluding jurisdictional discovery. PJ Mot. at 8-9, 13. *First*, Plaintiffs' allegations that FTX's Dabir was in Florida when he oversaw the creation of the "deals between FTX" are insufficient to

establish jurisdiction. These allegations say nothing about whether any S&E California Defendant undertook some act by which it purposefully availed itself of doing business in Florida. Courts routinely hold that the location of a contractual counterparty does not confer jurisdiction in that location—even in a breach of contract action where, unlike here, the connection between plaintiff's cause of action and contract negotiations is self-evident. PJ Mot. at 13 (collecting cases).

*Second*, Plaintiffs' allegation that FTX moved its domestic headquarters to Florida in "late 2022," ACAC Ex. A ¶ 20 (Friedberg Decl.); ACAC ¶ 739, undermines Plaintiffs' argument for jurisdiction—because this occurred *after* California Defendants and FTX allegedly entered into their deals, ACAC ¶¶ 423, 468, 607, 630, 679. This Court cannot exercise personal jurisdiction over the California S&E Defendants based solely on the fact that their contractual counterparty moved *its* domestic headquarters *after* the parties entered the deals.[3]

*Third*, Osaka and Curry's alleged participation in sporting events in Miami on a handful of occasions does not give a Florida court the authority to exercise jurisdiction over them. *See Goldstein v. Johnson & Johnson*, 2019 WL 289290, at *3 (S.D. Fla. Jan. 21, 2019) (Moore, J.) (rejecting plaintiff's "contention that the use of a company's brand name or logo within a particular state by itself constitutes sufficient contacts with that state for personal jurisdiction purposes"); PJ Mot. at 8 n.6.

Because Plaintiffs fail to "meet their initial burden to allege a prima facie case of"

---

[3] Further, it appears that *the move never actually happened* which further undermines Plaintiffs' allegation that Miami was FTX's domestic headquarters. *See* Carly Wanna & Felipe Marques, *FTX US Eyed High-End Office Space in Miami Before Bankruptcy*, BLOOMBERG (Dec. 14, 2022), https://www.bloomberg.com/news/articles/2022-12-14/ftx-us-planned-miami-headquarters-move-before-bankruptcy#xj4y7vzkg.

jurisdiction, their request for jurisdictional discovery should be denied. *Diulus v. Am. Express. Travel Related Servs. Co.*, 823 F. App'x 843, 849-850 (11th Cir. 2020).

**B.      Plaintiffs are not entitled to jurisdictional discovery because (once again) they have not shown a genuine dispute as to any material fact.**

In addition to their failure to satisfy the most basic requirement for jurisdictional discovery, Plaintiffs' motion should also be denied because Plaintiffs have not demonstrated that there is a genuine dispute as to any material jurisdictional fact.

**1.      *Plaintiffs fail to show a genuine dispute as to any material jurisdictional fact.***

Plaintiffs do not even purport to show that there is a genuine dispute of any material jurisdictional fact that requires jurisdictional discovery; in fact, the motion does not identify *any* disputed facts in the ACAC. That is because the California S&E Defendants do not dispute any well-pleaded facts touching on this Court's personal jurisdiction (or lack thereof) over them—because none exist in the ACAC. The PJ Motion only contests the sufficiency of the jurisdictional allegations in the ACAC, and raises no factual dispute. The declarations submitted by certain of the California S&E Defendants in support of the  PJ Motion merely confirm Plaintiffs' allegations that none of the California S&E Defendants reside in Florida. MDL ECF Nos. 268, 268-1, 268-2. Plaintiffs have not set out how those declarations create *any* disputed jurisdictional fact, let alone one that is material to the determination of whether the Court has personal jurisdiction over the California S&E Defendants. Because Plaintiffs identify no facts in dispute at all, they cannot demonstrate a *genuine* dispute over any *material* jurisdictional facts. *Bernadele v. Bonorino*, 608 F. Supp. 2d 1313, 1321 (S.D. Fla. 2009); *Peruyero v. Airbus S.A.S.*, 83 F. Supp. 3d 1283, 1290 (S.D. Fla. 2014) ("[J]urisdictional discovery is not warranted here . . . because [the plaintiff] did not submit any evidence to rebut [the defendant's] evidence.").

Notably, Plaintiffs concede that there is no genuinely disputed material fact. Instead,

admitting that this is a fishing expedition, Plaintiffs request jurisdictional discovery because vast document productions and depositions "*may* reveal relevant facts" that would give Plaintiffs a basis for asserting personal jurisdiction. Mot. at 13 (emphasis added). Plaintiffs broadly assert that the requested discovery "may reveal," for example, whether the California S&E Defendants are engaged in substantial activity in Florida and whether the California S&E Defendants entered into "other agreements" with FTX in which they "agreed to target actions or submit to jurisdiction in Florida." Mot. at 13. These assertions are mere speculation and this type of request—fishing for facts probative of jurisdiction without demonstrating genuine factual disputes—is squarely prohibited because "a party is not entitled to jurisdictional discovery solely to remedy a lack of jurisdictional facts or an insufficient pre-filing investigation." *See In re Zantac*, 2020 WL 6907056, at *3 (only where a defendant's "counter-facts create a genuine dispute with the well-pled facts in the complaint" does "the plaintiff ha[ve] a right to limited jurisdictional discovery on those genuinely-disputed facts"); *see also Thompson v. Carnival Corp.*, 174 F. Supp. 3d 1327, 1339 (S.D. Fla. 2016) (plaintiffs are not entitled to jurisdictional discovery "to test 'the veracity of the statements made in the [defendants'] affidavit[s]").

The *Voyager* cases relied on by Plaintiffs—in which some jurisdictional discovery was permitted—are not helpful to Plaintiff (and the Court has seen this exact argument in Plaintiffs' prior requests). There, Chief Judge Altonaga authorized jurisdictional discovery against Voyager Ltd. based on allegations in *that* complaint which *did* set forth a *prima face* case of personal jurisdiction and the existence of a material dispute of jurisdictional fact. *See* MDL ECF No. 348-1 at 16 of 83. The *Voyager* Defendants argued they did not maintain any employees or do any business in Florida, but documentary evidence attached to that complaint contradicted those defendants' position and supported plaintiffs' jurisdictional allegations. *Id.* The same is not true here. Plaintiffs are not seeking jurisdictional discovery from *FTX* entities (the analogue to Voyager

Ltd. in this case), nor have Plaintiffs come forward with factual allegations or evidence that any California S&E Defendant specifically targeted Florida.[4]

If Plaintiffs had any factual basis for asserting personal jurisdiction against the California S&E Defendants in connection with their claims, they had an obligation to plead those facts in the ACAC or put them into evidence in support of their request for jurisdictional discovery. Plaintiffs have not done so, and thus they have not shown any genuinely disputed, material jurisdictional fact. Thus, jurisdictional discovery should be denied.

### 2. *There cannot possibly be jurisdictional discovery from Haslem, GSW, Osaka, or Solomid.*

While plaintiffs fail to show a genuinely disputed jurisdictional fact as to any of the California S&E Defendants, Plaintiffs' failure is especially glaring as to Haslem, GSW, Osaka, and Solomid because they did not submit declarations in support of the PJ Motion.

As to Defendant Haslem, Plaintiffs' request for "jurisdictional discovery" makes no sense. Haslem is a Florida resident and former player for the Miami Heat; he has *never* contested the Court's personal jurisdiction. Plaintiffs mistakenly lump him with S&E Defendants who *have* contested personal jurisdiction; and they contend that he is within the group raising "the same

---

[4] Judge Altman in *Robertson v. Cuban* did not grant a motion for jurisdictional discovery, but instead ordered ordinary discovery to proceed because the defendants had not made a sufficiently "specific showing of prejudice or burdensomeness" to warrant staying discovery pending resolution of the motions to dismiss. Order, *Robertson v. Cuban*, No. 22-cv-22538 (S.D. Fla. Nov. 18, 2022), MDL ECF No. 348-1 at 23 of 83. Here, by contrast, the S&E Defendants *have* made that showing in their motion to stay discovery (MDL ECF No. 124), and the Court has already recognized that this is a "complex and costly litigation for all parties involved." Florida Action ECF No. 133 at 3.

jurisdictional arguments" raised in *Garrison*. *See* Mot. at 3. But Haslem was not a movant in the *Garrison* Rule 12(b)(2) motion, *see* Florida Action ECF No. 139, and he is not a movant in the Rule 12(b)(2) motion filed in this action, *see* PJ Motion. As Haslem does not contest personal jurisdiction, the motion should be denied as to him.

Nowhere in the motion do Plaintiffs identify a reason specific to Haslem for leave to depose or serve discovery on him. He appears to be listed because he has highlighted Plaintiffs' failure to effect substitute service in his individual motion to dismiss, which failure is established by Plaintiffs' process server's job "Details" and the filed Return of Service. *See* MDL ECF No. 278 at 3-4. The *facts* showing Plaintiffs' failure are not contested by Plaintiffs; instead, they assert (incorrectly) that the "Details" and Return of Service show proper substitute service under Florida law. *See* MDL ECF No. 365. There is no "jurisdictional" dispute as to Haslem; therefore, there is no basis to grant the motion as to him. And, because Plaintiffs do not claim he was served personally, his deposition could not shed any light on the issues. The proposed written discovery, *see* MDL ECF 348-4 at 10 (interrogatories); MDL ECF 348-6 at 140 (requests for production), is purported jurisdictional discovery; it is irrelevant to Haslem. Moreover, Plaintiffs' wholesale failure to substantiate their request for discovery as to Haslem in the motion requires denial as to him, and Plaintiffs may not properly substantiate their request in their reply. *FTC v. Alternatel, Inc.*, 2008 WL 11333090, at *2 (S.D. Fla. Oct. 27, 2008) ("It is well settled that a party cannot raise an issue in its reply that was not made in its initial motion or brief.").

As to GSW, Osaka, and Solomid, jurisdictional discovery should also be denied because they did not submit evidence with their motions. Again, jurisdictional discovery is available only "when a factual challenge is made," and "jurisdictional facts are genuinely in dispute." *ACLU v. City of Sarasota*, 859 F.3d 1337, 1341 (11th Cir. 2017). This rule precludes a plaintiff from manufacturing a basis to burden a defendant with jurisdictional discovery when the defendant

merely makes a facial challenge to the complaint. *See Kemin Foods, L.C. v. Omniactive Health Techs., Inc.*, 654 F. Supp. 2d 1328, 1333 (M.D. Fla. 2009) ("[A] motion to dismiss, without more, challenges only the facial sufficiency of the jurisdictional pleading." (quotations omitted)). Jurisdictional discovery should be automatically denied when a party seeking dismissal for lack of personal jurisdiction does not even submit evidentiary declarations with their motion. *See In re Takata*, 396 F. Supp. 3d at 1157 (denying jurisdictional discovery where there was "no genuine factual dispute concerning personal jurisdiction because none of the parties submitted affidavit or declaration evidence in support of, or in opposition to, the exercise of personal jurisdiction" (citations omitted)); *see also Peruyero*, 83 F. Supp. 3d at 1290 (denying plaintiff's request for jurisdictional discovery because there was "no genuine dispute on a material jurisdictional fact to warrant jurisdictional discovery").

Given that GSW, Osaka, and Solomid did not present any evidence by declaration (or otherwise) and Haslem has never contested personal jurisdiction, Plaintiffs' request for jurisdictional discovery as to them is especially improper.

### C.   Plaintiffs have not shown how the requested discovery could bolster their non-existent jurisdictional allegations.

Finally, the Court should deny Plaintiffs' motion because Plaintiffs have failed to "demonstrate[] that [they] can supplement [their] jurisdictional allegations through discovery.'" *Wolf v. Celebrity Cruises, Inc.*, 683 F. App'x 786, 792 (11th Cir. 2017) (quotation omitted). Where plaintiffs have failed to specify what information discovery would produce and "how that information would bolster [their] allegations," jurisdictional discovery is properly denied. *In re Takata*, 396 F. Supp. 3d at 1157. Plaintiffs' proposed far-reaching "jurisdictional" discovery is not tailored to disputed jurisdictional facts at all and would not "bolster" Plaintiffs' non-existent allegations of personal jurisdiction. Indeed, it is apparent on the face of the requests that Plaintiffs are not seeking "jurisdictional" discovery but rather premature discovery on the *merits* of their

claims, almost certainly in the hopes of bolstering their defective claims. Granting such broad requests at this juncture would unfairly prejudice the California S&E Defendants by imposing unduly burdensome discovery on novel and legally deficient claims that should be dismissed under Rule 12(b)(6).

A quick assessment of Plaintiffs' requested discovery demonstrates the categories of documents sought are not permissible as jurisdictional discovery.

- Plaintiffs want *all* documents and communications relating to the California S&E Defendants' relationship with FTX (Request No. 1). *See, e.g.*, ECF No. 348-6 at 113 of 143. That is overbroad and unrelated to any potential connection with Florida. This is, on its face, a fishing expedition disguised as a jurisdictional discovery request. *Wolf*, 683 F. App'x at 792 (jurisdictional "discovery requests should not serve as fishing expeditions, and, as such, are appropriate only when 'a party demonstrates that it can supplement its jurisdictional allegations through discovery'").

- Plaintiffs request all documents and communications regarding whether YBAs or FTT constitute a security (Request No. 3). *Id.* This request also has nothing to do with Florida connections.

- Plaintiffs want all documents and communications relating to "targeting" the California S&E Defendants' "Florida fans" and "Florida's FTX consumers" with game broadcasts or advertisements (Request No. 2). *Id.* But this broad request will not bolster Plaintiffs' jurisdictional allegations. Documents reflecting that Florida residents might have watched games or ads that promoted *FTX* could never cure the defective allegations by providing the "connexity" between Plaintiffs' claims and any California S&E Defendants' alleged conduct required for jurisdiction. *See*,

*e.g., Paws Aboard, LLC v. DiDonato*, 2012 WL 1252763, \*3-4 (M.D. Fla. April 13, 2012) (statements on website insufficient to confer jurisdiction where plaintiff failed to allege that the statements were read by anyone in Florida).

In short, Plaintiffs have failed to show how any of the requested jurisdictional discovery "would bolster" their jurisdictional allegations or resolve any genuinely disputed jurisdictional fact. *In re Takata*, 396 F. Supp. 3d at 1157. That, too, compels denial of the motion.

## II.   Jurisdictional issues can be deferred until after a ruling on the S&E Defendants' pending 12(b)(6) motions.

Though personal jurisdiction issues are usually addressed before the merits, there are certain cases, like this one, where the merits-based challenges should be resolved first to conserve both judicial and party resources. *Chevron Corp. v. Naranjo*, 667 F.3d 232, 246 n.17 (2d Cir. 2012). In cases "with multiple defendants—over some of whom the court indisputably has personal jurisdiction—in which all defendants collectively challenge the legal sufficiency of the plaintiff's cause of action, [a court] may address first the facial challenge to the underlying cause of action, and if [the court] dismiss[es] the claim in its entirety, decline to address the personal jurisdictional claims made by some defendants." *Id.* This is particularly true when the personal jurisdiction challenges are based on factual disputes and discovery is in its "early posture." *Id.*; *see also Shields of Strength v. U.S. Dep't of Def.,* 2023 WL 3293279, at \*8 (E.D. Tex. May 5, 2023) ("[I]n cases with (1) multiple defendants, (2) indisputable personal jurisdiction over at least one defendant, and (3) a collective challenge by all defendants to the legal merits of a claim, a court may address the legal merits first and, if it dismisses the claim, decline to address personal jurisdiction.").

Relatedly, a court may choose to adjudicate a motion that attacks the legal sufficiency of a complaint brought by multiple defendants *before* addressing the necessity of jurisdictional discovery so long as the court plainly has jurisdiction over at least one of the defendants. *Keim v.*

- 15 -

*ADF Midatlantic*, 2015 WL 13858827, at *2 (S.D. Fla. June 1, 2015). For example, in *Keim*, Judge Marra indisputably had personal jurisdiction over two of the five defendants. Because the court was going to have to address the sufficiency of the pleadings no matter the outcome of the jurisdictional issue as to the three defendants, it held that it would first rule on the 12(b)(6) motion before turning to the jurisdictional motion. *Id*. at *2. After resolving the 12(b)(6) motion, the court would decide "the necessity of jurisdictional discovery." *Id.*

Judge Marra's approach is practical and should be followed here. Eight[5] of the thirteen S&E Defendants do not raise personal jurisdiction defenses and all of S&E Defendants filed a joint motion to dismiss for failure to state a claim. MDL ECF No. 271. That motion (and the individual motions to dismiss) will have to be resolved no matter the outcome of the instant personal jurisdiction dispute.[6] Because a ruling may dispose of this case in its entirety and obviate the need for the parties to engage in jurisdictional discovery, the Court should resolve the 12(b)(6) motions first.

---

[5] Thomas Brady, Gisele Bündchen, Udonis Haslem, Shohei Ohtani, Kevin O'Leary, Shaquille O'Neal, David Ortiz, and Trevor Lawrence do not raise personal jurisdiction challenges.

[6] In *Garrison v. Paffrath*, S.D. Fla. Case No. 23-cv-21023, Judge Altonaga authorized narrow jurisdictional discovery. MDL ECF No. 348-3. However, in that case, all defendants intended to "challenge personal jurisdiction" (MDL ECF No. 348-2 at 4) meaning that the Court could not address 12(b)(6) issues before determining whether it had personal jurisdiction over at least one of the defendants. Here, by contrast, the Court indisputably has jurisdiction over eight of the thirteen S&E Defendants so it can address 12(b)(6) issues before turning to personal jurisdiction matters (if still necessary after ruling on the 12(b)(6) motion).

Judicial and party resources can thus be conserved by first adjudicating the S&E Defendants' 12(b)(6) motions and then, if any jurisdictional arguments remain, addressing those issues and any necessary discovery later.

### III.   Jurisdictional discovery is unnecessary because the Florida Action should be dismissed for improper claim splitting.

The motion should also be denied because the Court may—and should—dismiss the duplicative Florida Action under the "claim-splitting" doctrine because "Plaintiffs have no right to maintain two actions on the same subject in the same court, against the same defendant[s] at the same time." *Hussain v. Hussain*, 2022 WL 198811, at *2 (M.D. Fla. Jan. 12, 2022) (dismissing duplicative complaint). If the California S&E Defendants are dismissed from the Florida Action, this would moot any jurisdictional issues and obviate the need for jurisdictional discovery.

### IV.   Plaintiffs' request for leave to amend (yet again) should be rejected because it is premature.

Plaintiffs argue that *if* the Court permits them to serve discovery, that discovery *may* lead to facts they want to allege in a new complaint. Mot. at 2, 14. But Plaintiffs have not identified any facts they would allege in an amended complaint, let alone explain how those factual allegations would cure the ACAC's jurisdictional or merits defects. Their request for leave to amend is premature and should be denied on that basis alone.

Further, any such amendment would likely be futile. For nearly a year, Plaintiffs' counsel have shopped this litigation from forum to forum and judge to judge, most recently by moving to create the instant multidistrict litigation. As part of these maneuvers, Plaintiffs have filed at least nine original complaints in state and federal court, three amended complaints, and now the instant complaint. *See* MDL ECF Nos. 156, 179. As a result, Plaintiffs have alleged nearly identical claims more than a dozen times, giving Plaintiffs more than a dozen opportunities to plead adequate factual allegations and refine their theories of jurisdiction and liability. Yet the

complaint still suffers from the same fatal defects as the previous twelve iterations. Thus, any amendment will likely be futile and no further amendment should be permitted. *See, e.g., Opus Grp., LLC v. Enomatic Srl*, 2012 WL 13134611, at *1 (S.D. Fla. Aug.23, 2012) (denying leave to file third amended complaint).

## CONCLUSION

For the above reasons, the California S&E Defendants respectfully request that Plaintiffs' motion be denied.

Dated: November 17, 2023

Respectfully submitted,

**COLSON, HICKS, EIDSON, P.A.**
255 Alhambra Circle, Penthouse
Coral Gables, Florida 33134
(305) 476-7400

By: */s/ Roberto Martínez*
    Roberto Martínez
    Florida Bar No. 305596
      *bob@colson.com*
    Stephanie A. Casey
    Florida Bar No. 97483
      *scasey@colson.com*
    Zachary Lipshultz
    Florida Bar No. 123594
      *zach@colson.com*

*Attorneys for Defendants Lawrence Gene David, Golden State Warriors, LLC, and Naomi Osaka*

**LATHAM & WATKINS LLP**
    Andrew B. Clubok (*pro hac vice*)
      *andrew.clubok@lw.com*
    Susan E. Engel (*pro hac vice*)
      *susan.engel@lw.com*
    Brittany M.J. Record (*pro hac vice*)
      *brittany.record@lw.com*
    555 Eleventh Street, N.W., Suite 1000
    Washington, D.C. 20004-1304
    Tel: +1.202.637.2200
    Fax: +1.202.637.2201

**LATHAM & WATKINS LLP**
    Marvin S. Putnam (*pro hac vice*)
      *marvin.putnam@lw.com*
    Jessica Stebbins Bina (*pro hac vice*)
      *jessica.stebbinsbina@lw.com*
    Elizabeth A. Greenman (*pro hac vice*)

*elizabeth.greenman@lw.com*
10250 Constellation Blvd., Suite 1100
Los Angeles, California 90067
Tel: +1.424.653.5500
Fax: +1.424.653.5501

**LATHAM & WATKINS LLP**
  Michele D. Johnson (*pro hac vice*)
    *michele.johnson@lw.com*
650 Town Center Drive, 20th Floor
Costa Mesa, California 92626-1925
Tel: +1.714.540.1235
Fax: +1.714.755.8290

*Attorneys for Defendant Lawrence Gene David*

**GIBSON, DUNN & CRUTCHER LLP**

Matthew S. Kahn (*pro hac vice*)
  *MKahn@gibsondunn.com*
Michael J. Kahn (*pro hac vice*)
  *MJKahn@gibsondunn.com*
555 Mission Street, Suite 3000
San Francisco, CA 94105-0921
Phone: 415.393.8200

Michael Dore (*pro hac vice*)
  *MDore@gibsondunn.com*
Jamila MacEbong (*pro hac vice*)
  *JMacEbong@gibsondunn.com*
333 South Grand Avenue
Suite 4600
Los Angeles, CA 90071-3197
Phone: 213.229.7155

*Attorneys for Defendants Golden State Warriors,
LLC and Naomi Osaka*

**AKERMAN LLP**
350 East Las Olas Boulevard – Suite 1600
Ft. Lauderdale, FL 33301
Tel.: 954-463-2700
Fax: 954-468-2454

By: */s/ Christopher S. Carver*
    Christopher S. Carver, Esq.
    Florida Bar No. 993580
    *christopher.carver@akerman.com*
    Jason S. Oletsky, Esq.
    Florida Bar No. 9301
    *jason.oletsky@akerman.com*
    Katherine A Johnson, Esq.
    Florida Bar No. 1040357
    *katie.johnson@akerman.com*

*Attorneys for Defendant Udonis Haslem*

**McDERMOTT WILL & EMERY LLP**
333 SE 2nd Ave., Suite 4500
Miami, Florida 33131
Telephone: (212) 547-5768
Facsimile: (305) 347-6500

By: */s/ Nathan Bull*
    Nathan Bull (Fla. Bar No. 1029523)
    *nbull@mwe.com*

**McDERMOTT WILL & EMERY LLP**
    Jason D. Strabo (*pro hac vice*)
    *jstrabo@mwe.com*
    Ellie Hourizadeh (*pro hac vice*)
    *ehourizadeh@mwe.com*
2049 Century Park East, Suite 3200
Los Angeles, CA 90067
Telephone: (310) 788-4125
Facsimile: (310) 277-4730

**McDERMOTT WILL & EMERY LLP**
    Sarah P. Hogarth (*pro hac vice*)
    *shogarth@mwe.com*
500 North Capitol Street NW
Washington, DC 20001
Telephone: (202) 756-8354
Facsimile: (202) 756-8087

*Attorneys for Defendant Stephen Curry*

**MARCUS NEIMAN RASHBAUM
& PINEIRO LLP**
100 Southeast Third Avenue, Suite 805
Fort Lauderdale, Florida 33394
Tel: (954) 462-1200

2 South Biscayne Blvd., Suite 2530
Miami, Florida 33131
Tel: (305)-400-4260

By: */s/ Jeffrey Neiman*
    Jeffrey Neiman
    Fla Bar. No. 544469
    *jneiman@mnrlawfirm.com*
    Jeffrey Marcus
    Fla. Bar No. 310890
    *jmarcus@mnrlawfirm.com*
    Michael Pineiro
    Fla. Bar No. 041897
    *mpineiro@mnrlawfirm.com*
    Brandon Floch
    Fla. Bar No. 125218
    *bfloch@mnrlawfirm.com*

**BERK BRETTLER LLP**
9119 Sunset Boulevard
West Hollywood, CA 90069
Tel.: (310) 278-2111
Andrew B. Brettler (*pro hac vice*)
  *abrettler@berkbrettler.com*

*Attorneys for Defendant Solomid Corporation*