IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA, MIAMI DIVISION
Case No. 1:23-md-03076-KMM

IN RE:

FTX Cryptocurrency Exchange Collapse
Litigation

THIS DOCUMENT RELATES TO:

*O'Keefe* v. *Sequoia Capital Operations, LLC, et al.*, Case No. 23-cv-20700 (S.D. Fla.)

*O'Keefe* v. *Temasek Holdings (Private) Limited, et al.*, Case No. 1:23-cv-23065 (S.D. Fla.)

*Chernyavsky, et al.* v. *Temasek Holdings (Private) Limited, et al.*, Case No. 1:23-cv-22960 (S.D. Fla.)

*Cabo, et al.* v. *Temasek Holdings (Private) Limited, et al.*, Case No. 1:23-cv-23212 (S.D. Fla.)

**DEFENDANTS TEMASEK HOLDINGS (PRIVATE) LIMITED AND
TEMASEK INTERNATIONAL (USA) LLC'S OPPOSITION
TO PLAINTIFFS' OMNIBUS MOTION TO LIFT DISCOVERY STAY AND
<u>FOR LEAVE TO CONDUCT JURISDICTIONAL DISCOVERY</u>**

**TABLE OF CONTENTS**

PRELIMINARY STATEMENT ................................................................................................... 1

PLAINTIFFS' REQUESTS............................................................................................................ 2

ARGUMENT .................................................................................................................................. 4

I.     PLAINTIFFS' REQUEST FOR JURISDICTIONAL DISCOVERY SHOULD BE DENIED................................................................................................................... 4

     A.     Legal Standard .................................................................................................... 4

     B.     Plaintiffs Are Not Entitled to Jurisdictional Discovery Because They Have Failed to Plead a Prima Facie Case of Personal Jurisdiction ................................ 5

     C.     Plaintiffs Have Not Identified a Genuine Factual Dispute Relevant to the Court's Exercise of Personal Jurisdiction ................................................................ 7

     D.     Plaintiffs' Requests Improperly Seek to Substantiate Their Inadequately Pled Claims on the Merits .................................................................................... 10

CONCLUSION............................................................................................................................. 12

## TABLE OF AUTHORITIES

Page(s)

**Cases**

*Butler* v. *Sukhoi Co.*,
  579 F.3d 1307 (11th Cir. 2009) ................................................................................... 4, 5

*Cortazar* v. *CA Ventures, LLC*,
  2019 WL 13092852 (S.D. Fla. Aug. 15, 2019) ................................................................. 7

*Covenant Imaging LLC* v. *Viking Rigging & Logistics, Inc.*,
  2020 WL 12442002 (S.D. Fla. Feb. 14, 2020) ................................................................. 7

*Diulus* v. *Am. Express Travel Related Servs. Co.*,
  823 F. App'x 843 (11th Cir. 2020) ............................................................................... 4, 5

*Giuliani* v. *NCL (Bahamas) LTD.*,
  2021 WL 1152931 (S.D. Fla. Mar. 26, 2021) ................................................................. 11

*Instabook Corp.* v. *Instantpublisher.com*,
  469 F. Supp. 2d 1120 (M.D. Fla. 2006) ......................................................................... 11

*Kilma* v. *Carnival Corp.*,
  2008 WL 4559231 (S.D. Fla. Oct. 10, 2008) ................................................................. 10

*Koswire, Inc.* v. *Alpha Stainless, Ltd.*,
  2018 WL 8368847 (N.D. Ga. Aug. 1, 2018) ..................................................................... 5

*Lazarre* v. *JPMorgan Chase Bank, N.A.*,
  780 F. Supp. 2d 1320 (S.D. Fla. 2011) ........................................................................... 10

*Melech* v. *Life Ins. Co. of N. Am.*,
  2011 WL 1047716 (S.D. Ala. Mar. 1, 2011) .................................................................. 10

*Millennium Indus. Network, Inc.* v. *Hitti*,
  2014 WL 324656 (S.D. Fla. Jan. 28, 2014) ............................................................ 4, 9, 10

*Peruyero* v. *Airbus S.A.S.*,
  83 F. Supp. 3d 1283 (S.D. Fla. 2014) ............................................................................... 8

*Serra-Cruz* v. *Carnival Corp.*,
  400 F. Supp. 3d 1354 (S.D. Fla. 2019) ............................................................................. 8

*Singh* v. *Royal Caribbean Cruises Ltd.*,
  576 F. Supp. 3d 1166 (S.D. Fla. 2021) .......................................................................... 4, 7

*Thompson* v. *Carnival Corp.*,
   174 F. Supp. 3d 1327 (S.D. Fla. 2016) ...............................................................................2, 11

*Valle* v. *3M Co.*,
   647 F. Supp. 3d 1262 (N.D. Fla. 2022)....................................................................................5

*Wolf* v. *Celebrity Cruises, Inc.*,
   683 F. App'x 786 (11th Cir. 2017) ........................................................................................11

*Yepez* v. *Regent Seven Seas Cruises*,
   2011 WL 3439943 (S.D. Fla. Aug. 5, 2011)...........................................................................9

*Zamora Radio, LLC* v. *Last.fm LTD.*,
   2011 WL 2580401 (S.D. Fla. June 28, 2011) ...................................................................8, 11

*In re Zantac (Ranitidine) Prods. Liab. Litig.*,
   --- F. Supp. 3d ---, 2020 WL 6907056 (S.D. Fla. Nov. 24, 2020) ...........................................5

*Zapata* v. *Royal Caribbean Cruises, Ltd.*,
   2013 WL 1100028 (S.D. Fla. Mar. 15, 2013)..............................................................8, 10, 11

**Other Authorities**

Fed. R. Civ. P. 12(b) .......................................................................................................................5, 9

**PRELIMINARY STATEMENT**

Defendants' motions to dismiss demonstrate that Plaintiffs' claims against Temasek Holdings (Private) Limited ("Temasek Holdings") and Temasek International (USA) LLC ("Temasek USA," and together with Temasek Holdings, the "Temasek Defendants") should be dismissed on multiple grounds. *See* ECF Nos. 298, 300, 303. Most fundamentally, Plaintiffs' complaint fails to plead a prima facie case of personal jurisdiction against Temasek Holdings, a Singapore investment firm with no relevant contacts with Florida or California, or Temasek USA, a domestic subsidiary that was wholly uninvolved in the FTX investment at issue. Plaintiffs also utterly fail to allege those defendants' participation in any conspiracy, or even the existence of any conspiracy involving the foreign investor defendants, who suffered substantial losses as a result of FTX's collapse. Plaintiffs' inability to marshal any supporting facts is unsurprising: Samuel Bankman-Fried was just found guilty of conspiring to defraud the very investors that Plaintiffs are trying to implicate in their implausible narrative.

Plaintiffs' motion thus presents the quintessential example of an improper attempt to use jurisdictional discovery as a fishing expedition in hopes of shoring up deficient allegations. Indeed, under the guise of seeking supposedly limited jurisdictional discovery, Plaintiffs have served each of Temasek Holdings and Temasek USA with 46 document requests and seven interrogatories. Plaintiffs seek the Court's blessing to request from defendants, among many other things, every piece of paper in their files related to FTX in any way, and every communication they have ever engaged in regarding FTX. Plaintiffs' motion should be denied for at least three reasons.

*First*, Plaintiffs have failed to satisfy the threshold burden of pleading a prima facie case of personal jurisdiction, which is a prerequisite to obtaining jurisdictional discovery. As to Temasek Holdings, Plaintiffs have shown no contacts with either Florida or California, nor could

1

they, as Temasek Holdings does not do business in those states and did not direct any act towards those states in connection with the FTX investment. With respect to Temasek USA, Plaintiffs have failed to make any substantive allegations of any conduct whatsoever. Plaintiffs thus resort to relying on so-called conspiracy jurisdiction, but fail to plead any non-conclusory facts showing any agreement to commit any unlawful act, much less the other specific facts required to plausibly allege a conspiracy.

*Second*, Plaintiffs have not identified any genuine dispute of material fact that is relevant to this Court's exercise of personal jurisdiction. They point to no information that undercuts the sworn testimony in the declarations that the Temasek Defendants submitted with their motion to dismiss, which establish, among other things, that neither entity has any relevant contacts with Florida, and that the two entities are legally and practically distinct and thus may not be lumped together in an effort to manufacture jurisdiction over a foreign defendant. *See* ECF Nos. 300-2, 300-3.

*Third*, Plaintiffs' requested discovery is in no way limited to personal jurisdiction issues. Rather, Plaintiffs are, admittedly, seeking to shore up their deficient allegations of conspiracy. But it is well established that jurisdictional discovery may not be used "in an attempt to marshal facts that" plaintiffs "'should have had—but did not—before coming through the courthouse doors.'" *Thompson* v. *Carnival Corp.*, 174 F. Supp. 3d 1327, 1339 (S.D. Fla. 2016) (quoting *Lowery* v. *Alabama Power Co.*, 483 F.3d 1184, 1216 (11th Cir. 2007)). Nor may jurisdictional discovery be used as a "fishing expedition" by a plaintiff hoping to bolster a speculative complaint. *Id.* at 1341. Plaintiffs' request should be denied.

<h3 style="text-align:center"><u>PLAINTIFFS' REQUESTS</u></h3>

Plaintiffs purport to seek "brief jurisdictional discovery," ECF No. 348 at 2, directing their proposed discovery requests only to those defendants that have filed motions to dismiss for lack

of personal jurisdiction or insufficient service of process. But the requests to Temasek Holdings and Temasek USA—<u>each</u> comprising seven interrogatories and 46 requests for production, ECF No. 348-5 at 140–52, 166–78—are wildly overbroad and in no way limited to ascertaining jurisdictional facts. Just by way of example:

- Request for Production No. 2 seeks "[a]ll communications between you and any of the FTX Entities, Alameda, or any of the Defendants concerning any of the FTX Entities and/or Alameda." ECF No. 348-5 at 141, 167. Because "Defendants" is defined to include every individual and entity named as a defendant in any of the actions in this MDL, *id.* at 130, 156, the Request, on its face, encompasses every communication between Temasek Holdings and dozens of others regarding FTX.

- In addition to seeking external communications, Plaintiffs have also requested that Temasek Holdings and Temasek USA produce every scrap of paper they have relating to FTX. Request Nos. 3, 4, and 5 seek "[a]ll work papers, communications, and other documents concerning" multiple rounds of investment in FTX. ECF No. 348-5 at 141–42, 167–68. Request No. 11 seeks all internal "work papers, communications, and other documents concerning any of the FTX Entities and/or Alameda." ECF No. 348-5 at 143, 169.

- Multiple of the requests also seek highly sensitive, proprietary business information that has nothing to do with this case, let alone jurisdictional discovery. For example, Plaintiffs seek—from an investment firm owned by a foreign government—"[a]ll documents and work papers concerning your formation, organization, and corporate governance." ECF No. 348-5 at 150–51, 176–77. Plaintiffs likewise seek organizational charts, audited financial statements, federal and state tax returns, and "[d]ocuments concerning your banking relationships." *Id.* at 150–51, 176–77.

- Plaintiffs also remarkably, and incoherently, seek "[a]ll documents, work papers, or other discovery concerning your operations in the United States." ECF No. 348-5 at 151, 177.

- Plaintiffs' Interrogatories are likewise overbroad. Interrogatory No. 1, for example, requests the identity of "all current and former owners of" Temasek USA, Temasek Holdings, and <u>non-parties</u> "Artz Fund Investments Pte. Ltd., and/or Temasek International Pte. Ltd., including the ownership percentage held by each owner." ECF No. 348-5 at 140, 166.

3

# ARGUMENT

## I. PLAINTIFFS' REQUEST FOR JURISDICTIONAL DISCOVERY SHOULD BE DENIED

### A. Legal Standard

The Eleventh Circuit has held that, where a complaint is "insufficient as a matter of law to establish a prima facie case that the district court [has] jurisdiction," it is an abuse of discretion to "allow[] the case to proceed and" to grant jurisdictional discovery. *Butler* v. *Sukhoi Co.*, 579 F.3d 1307, 1314 (11th Cir. 2009) (holding that district court abused its discretion in allowing jurisdictional discovery where plaintiff had failed to plead subject matter jurisdiction); *see also Diulus* v. *Am. Express Travel Related Servs. Co.*, 823 F. App'x 843, 849–50 (11th Cir. 2020) (citing *Butler* in affirming district court's denial of jurisdictional discovery where plaintiffs failed to plead prima facie case of personal jurisdiction). "The right to jurisdictional discovery is a qualified one," and is available only where "a court's jurisdiction is genuinely in dispute." *Singh* v. *Royal Caribbean Cruises Ltd.*, 576 F. Supp. 3d 1166, 1182 (S.D. Fla. 2021) (quoting *Wolf* v. *Celebrity Cruises, Inc.*, 683 F. App'x 786, 792 (11th Cir. 2017)).

"The purpose of jurisdictional discovery is to ascertain the truth of the allegations underlying the assertion of personal jurisdiction—'it is not a vehicle for a "fishing expedition" in hopes that discovery will sustain the exercise of personal jurisdiction.'" *Millennium Indus. Network, Inc.* v. *Hitti*, 2014 WL 324656, at *3 (S.D. Fla. Jan. 28, 2014) (quoting *JMA, Inc.* v. *Biotronik SE & Co. KG*, 2013 WL 1402322, at *5 (S.D. Fla. Apr. 5, 2013)).

4

### B. Plaintiffs Are Not Entitled to Jurisdictional Discovery Because They Have Failed to Plead a Prima Facie Case of Personal Jurisdiction

Plaintiffs claim that they have shown a prima facie case of personal jurisdiction in Florida[1] as to the Temasek Defendants based on conclusory allegations of "tortious conduct in-state" or the Temasek Defendants' supposed participation "in a civil conspiracy where at least one act in furtherance occurred in the state." ECF No. 358 at 9. As shown in Defendants' motions to dismiss under Rules 12(b)(2) and 12(b)(6) and their forthcoming reply submissions, Plaintiffs come nowhere close to alleging a prima facie case of personal jurisdiction on these or any other grounds. ECF Nos. 300, 303. Jurisdictional discovery should be denied on this ground alone. *Butler*, 579 F.3d at 1314; *see also Diulus*, 823 F. App'x at 849–50; *Valle* v. *3M Co.*, 647 F. Supp. 3d 1262, 1270 (N.D. Fla. 2022) ("[S]ince Plaintiffs have failed to present a prima facie case for personal jurisdiction and there are no disputed jurisdictional facts, jurisdictional discovery is not warranted.").[2]

Plaintiffs make no allegations whatsoever regarding any contacts between the Temasek Defendants and Florida, as required for a constitutional assertion of jurisdiction. Nor could they: As shown in the declarations accompanying the Temasek Defendants' Rule 12(b)(2) motion, neither Temasek Holdings nor Temasek USA has any operations, assets, or accounts in Florida.

---

[1] Plaintiffs' motion to reopen discovery makes no attempt to defend an assertion of jurisdiction in California, *see* ECF No. 348, but in any event, there is no jurisdiction there either, *see* ECF No. 300 at 12–15.

[2] *In re Zantac (Ranitidine) Prods. Liab. Litig.*, --- F. Supp. 3d ---, 2020 WL 6907056, at *6 (S.D. Fla. Nov. 24, 2020) (declining to permit jurisdictional discovery where "there is no prima facie case pled, nor is there a genuinely disputed well-pled jurisdictional fact"); *Koswire, Inc.* v. *Alpha Stainless, Ltd.*, 2018 WL 8368847, at *10 (N.D. Ga. Aug. 1, 2018) (deciding that "jurisdictional discovery would be improper" where plaintiff "failed to make a prima facie showing of personal jurisdiction").

ECF No. 300-2 ¶¶ 18–25 (Temasek Holdings Does Not Have a Presence in Florida); ECF No. 300-3 ¶¶ 14–22 (Temasek USA Does Not Have a Presence in Florida).

Temasek Holdings—the defendant against which Plaintiffs originally brought their claims—is owned by the Singapore Minister for Finance and based in Singapore. ECF No. 300-2 ¶ 2. The entity that invested in FTX, an indirect subsidiary of Temasek Holdings called Artz Fund Investments Pte. Ltd. ("Artz"), is also a Singapore private limited company. ECF No. 300-2 ¶¶ 4–5. And the individuals who Plaintiffs allege served on an advisory board for FTX were also based in Singapore, and at no point traveled to Florida in connection with FTX. ECF No. 300-2 ¶ 8.

Temasek USA—which Plaintiffs later sued in California (in addition to Florida) in an attempt to manufacture jurisdiction in the United States—is a Delaware-incorporated, New York-based subsidiary of an indirect subsidiary of Temasek Holdings. ECF No. 300-2 ¶¶ 2–4. While Plaintiffs nominally added Temasek USA as a defendant, they made *no* distinct allegations about its conduct. Nor could they, given that Temasek USA was uninvolved with the FTX investment. ECF No. 300-2 ¶¶ 10–12.

Aside from the existence of Temasek USA's offices and employees, the only U.S. contacts that Plaintiffs allege as to "Temasek"—a term that Plaintiffs impermissibly use to lump together both Temasek Holdings and Temasek USA—are investments in three U.S. companies for which the complaint supplies no information as to location, and which are wholly unrelated to FTX. ECF No. 182 ¶ 29. The only other specific allegation tied to any particular location concerning either Temasek entity relates to a conference in the Bahamas. *Id.* ¶ 364. Stated simply, Plaintiffs' complaint does not contain a single non-conclusory allegation against either Temasek entity tying it to any wrongdoing in any U.S. jurisdiction, or any wrongdoing at all.

6

Recognizing their failure to allege any Florida contacts, Plaintiffs double down on a "conspiracy theory" of specific jurisdiction. But Plaintiffs fail to particularly allege a conspiracy involving either Temasek Holdings or Temasek USA. ECF No. 303 at 22–23; *see also Covenant Imaging LLC* v. *Viking Rigging & Logistics, Inc.*, 2020 WL 12442002, at *7 (S.D. Fla. Feb. 14, 2020) (plaintiff failed to plead a conspiracy where it failed to allege that the defendant had agreed "to do an unlawful act or to do a lawful act by unlawful means"). This theory, which has always been implausible given that investors in FTX like Temasek lost their investments when FTX collapsed, is also completely inconsistent with the recent finding of a jury in the Southern District of New York that SBF **conspired to defraud investors**. *See United States* v. *Bankman-Fried*, No. 1:22-cr-00673-LAK (S.D.N.Y.), ECF No. 202 ¶ 29 (Count V, alleging that SBF "agreed with others to engage in a scheme to defraud investors in FTX by providing false and misleading information to those investors regarding FTX's financial condition and the relationship between FTX and Alameda") and November 2, 2023 Jury Verdict (finding SBF guilty on Count V).

### C. Plaintiffs Have Not Identified a Genuine Factual Dispute Relevant to the Court's Exercise of Personal Jurisdiction

Plaintiffs may seek jurisdictional discovery only "when a court's jurisdiction is genuinely in dispute." *Singh*, 576 F. Supp. 3d at 1182 (quoting *Wolf*, 683 F. App'x at 792). Thus, even if Plaintiffs had stated a prima facie case of personal jurisdiction—and they have not—Plaintiffs' motion should be denied because it fails to identify any factual dispute that, if resolved in their favor, would give rise to personal jurisdiction. Courts in the Eleventh Circuit have repeatedly denied jurisdictional discovery where, as here, plaintiffs failed to demonstrate a genuine factual dispute that is relevant to the Court's exercise of personal jurisdiction. *See, e.g.*, *Cortazar* v. *CA Ventures, LLC*, 2019 WL 13092852, at *3 (S.D. Fla. Aug. 15, 2019) (denying jurisdictional

discovery where plaintiff's declaration failed to rebut any relevant facts set forth in defendant's affidavit).[3]

Here, Plaintiffs' motion has nothing to say about the fact that neither Temasek Holdings nor Temasek USA owns property in Florida; conducts any business in Florida; has any employees in Florida; or so much as visited Florida in connection with Artz's investment in FTX. Indeed, Plaintiffs' motion does not "point to any evidence contradicting the representations contained" in the Temasek Defendants' declarations. *Zapata* v. *Royal Caribbean Cruises, Ltd.*, 2013 WL 1100028, at *4 (S.D. Fla. Mar. 15, 2013).

In conclusory fashion, Plaintiffs claim that "certain documents" they submitted as exhibits "demonstrat[e] that jurisdictional discovery would yield jurisdictionally relevant facts—namely, the underlying conspiracy's existence as well as contacts with the relevant jurisdictions." ECF No. 348 at 7. The "documents" involving the Temasek Defendants that Plaintiffs reference are (i) a spreadsheet consisting of contact information for various FTX investors, ECF No. 348-11; and (ii) a calendar invitation from a Singapore-based employee of a non-party Temasek entity to an FTX employee, regarding a meeting in *New York*, ECF No. 348-12. Neither of these documents can be said to cast into doubt any of the sworn testimony in the Temasek Defendants' affidavits.

---

[3] *See also Serra-Cruz* v. *Carnival Corp.*, 400 F. Supp. 3d 1354, 1363 (S.D. Fla. 2019) (denying jurisdictional discovery because "Plaintiff did not submit any evidence or affidavit to support the jurisdictional allegations" in her complaint, and there were thus no genuine dispute of any material jurisdictional fact); *Peruyero* v. *Airbus S.A.S.*, 83 F. Supp. 3d 1283, 1289–90 (S.D. Fla. 2014) (similar); *Zapata* v. *Royal Caribbean Cruises, Ltd.*, 2013 WL 1100028, at *4 (S.D. Fla. Mar. 15, 2013) (denying jurisdictional discovery where plaintiff did not adduce "any evidence contradicting the representations contained in the" defendant's affidavit); *Zamora Radio, LLC* v. *Last.fm LTD.*, 2011 WL 2580401, at *12 (S.D. Fla. June 28, 2011) (denying request for jurisdictional discovery "in the absence of a 'genuine dispute' on a material jurisdictional fact").

Plaintiffs also assert that an email exchange between Paradigm and SBF—that ***does not include or even mention the Temasek Defendants***—confirms they "have a right to discovery into similar exchanges between FTX and Temasek and/or Sino Global to further prove up the existence of conspiracy jurisdiction."  ECF No. 348 at 8; ECF No. 348-7.  To be clear, Plaintiffs' argument is that an SBF exchange with an investor, used at the criminal trial where that investor testified and a jury found beyond a reasonable doubt that SBF had conspired to defraud investors, means this Court should allow a fishing expedition into the documents of a different foreign investor and its U.S. subsidiary.  Plaintiffs' baseless hope of finding anything at all to bolster their non-existent allegations of conspiracy does not warrant jurisdictional discovery, as "the failure of a plaintiff to investigate jurisdictional issues prior to filing suit does not give rise to a genuine jurisdictional dispute."  *Yepez* v. *Regent Seven Seas Cruises*, 2011 WL 3439943, at *1 (S.D. Fla. Aug. 5, 2011).

In opposing Defendants' Rule 12(b)(2) motion, Plaintiffs claim—for the first time—that the Court may exercise personal jurisdiction over Temasek Holdings under an agency theory "based on its presence in the U.S. market through its subsidiary Temasek USA or contacts with Florida through other subsidiaries," and assert that jurisdictional discovery is warranted to probe this basis.  ECF No. 358 at 5, 7.  This is improper.  Plaintiffs made no attempt to allege any facts in their complaint giving rise to an inference that the corporate distinctions between Temasek Holdings and Temasek USA should be disregarded, and they may not now ask the "Court to allow [them] to conduct discovery in order to assert a new basis for jurisdiction" not pleaded in the complaint.  *Millennium Indus. Network, Inc.* v. *Hitti*, 2014 WL 324656, at *3 (S.D. Fla. Jan. 28, 2014) (denying jurisdictional discovery).  And even if Plaintiffs were entitled to jurisdictional discovery to support allegations they failed to plead, which they are not, Plaintiffs have failed to offer any evidence that contradicts the Temasek Defendants' declarations.  ECF No. 300-2 ¶¶ 26–

29; ECF No. 300-3 ¶¶ 5–9. Neither the complaint nor Plaintiffs' motion offers any evidence to suggest that Temasek Holdings "exercised an unusually high degree of control over its subsidiary, or that the subsidiary acted merely as an agent. Rather, Plaintiff[s] merely hope[] to prove" such control with discovery. *Melech* v. *Life Ins. Co. of N. Am.*, 2011 WL 1047716, at *7 (S.D. Ala. Mar. 1, 2011). "Mere hope" is insufficient to justify jurisdictional discovery.

More fundamentally, Plaintiffs' agency theory is irrelevant given that Plaintiffs have made no allegations of any conduct by Temasek USA whatsoever, let alone any related to FTX. In other words, Plaintiffs have failed to allege anything that Temasek USA supposedly did as Temasek Holdings's agent that would give rise to jurisdiction against either entity—or anything at all, for that matter. *See Zapata*, 2013 WL 1100028, at *4 (explaining that jurisdictional discovery "is not an unconditional right that permits a plaintiff to seek facts that would ultimately not support a showing [of] personal jurisdiction").

### D. Plaintiffs' Requests Improperly Seek to Substantiate Their Inadequately Pled Claims on the Merits

Finally, Plaintiffs' requests flout the basic principle that jurisdictional discovery "must be narrowly tailored to personal jurisdiction issues and may not stray to the merits of the case." *Kilma* v. *Carnival Corp.*, 2008 WL 4559231, at *3 (S.D. Fla. Oct. 10, 2008). Jurisdictional discovery may not be used as "a vehicle for a 'fishing expedition'" in the manner that Plaintiffs attempt. *Millennium Indus. Network, Inc.*, 2014 WL 324656, at *3 (quoting *JMA, Inc.*, 2013 WL 1402322, at *5); *see also Lazarre* v. *JPMorgan Chase Bank, N.A.*, 780 F. Supp. 2d 1320, 1329 n.16 (S.D. Fla. 2011) (explaining that jurisdictional discovery "is not intended to allow a plaintiff to go on a fishing expedition to see if the speculative complaint that he has filed has any basis in fact" (citation omitted)).

As discussed above, Plaintiffs' wide-ranging requests seek, among other things, every document and communication that the Temasek Defendants may have concerning FTX, as well as highly sensitive financial and governance information that has nothing at all to do with this action. Thus, not only is Plaintiffs' request for jurisdictional discovery a fishing expedition for the reasons discussed above, but the requests themselves compound the issue by fishing for information outside of any conceivable bounds of jurisdictional facts. Plaintiffs have "no justification for these extensive discovery requests beyond the contention that [their] allegations of jurisdictional facts entitle" them to these materials. *Giuliani* v. *NCL (Bahamas) LTD.*, 2021 WL 1152931, at *3 (S.D. Fla. Mar. 26, 2021) (denying request for jurisdictional discovery as overbroad and unsupported). Further, Plaintiffs ignore the requirement that they "set forth the specific information sought that will establish personal jurisdiction." *Zamora Radio, LLC*, 2011 WL 2580401, at *12; *see also Instabook Corp.* v. *Instantpublisher.com*, 469 F. Supp. 2d 1120, 1127 (M.D. Fla. 2006) (denying jurisdictional discovery when requesting party "had only generally requested jurisdictional discovery, without explaining how such discovery would bolster its contentions"); *Wolf*, 683 F. App'x at 792 (affirming the denial of jurisdictional discovery in part because the plaintiff "did not specify what information he sought or how that information would bolster his allegations").

Plaintiffs may wish they had specific facts to support an inference of a conspiracy involving the investors that were themselves defrauded by FTX. But that desire cannot override the Temasek Defendants' "legitimate and protectable interest in avoiding the time, effort, and expense of discovery when the court's jurisdiction to hear the merits may be lacking." *Zapata*, 2013 WL 1100028, at *4. The Court should not permit Plaintiffs to use "jurisdictional discovery in an attempt to marshal facts that [they] 'should have had—but did not—before coming through the courthouse doors.'" *Thompson*, 174 F. Supp. 3d at 1339 (quoting *Lowery*, 483 F.3d at 1216).

## CONCLUSION

The Temasek Defendants respectfully request that the Court deny Plaintiffs' motion for jurisdictional discovery and maintain the operative stay of discovery pending the Court's resolution of Defendants' motions to dismiss.

Dated: November 17, 2023

Respectfully submitted,

FRIDMAN FELS & SOTO, PLLC

By: */s/ Adam S. Fels*

Adam S. Fels, Florida Bar No. 0114917
150 Alhambra Circle
Suite 715
Coral Gables, Florida 33134
Telephone: (305) 569-7701
Email: afels@ffslawfirm.com

- and

Brad S. Karp, *pro hac vice*
Andrew J. Ehrlich, *pro hac vice*
Nina M. Kovalenko, *pro hac vice*
PAUL, WEISS, RIFKIND,
 WHARTON & GARRISON LLP
1285 Avenue of the Americas
New York, New York 10019
Telephone: (212) 373-3000
Facsimile: (212) 757-3990
Email: bkarp@paulweiss.com
           aehrlich@paulweiss.com
           nkovalenko@paulweiss.com

*Attorneys for Defendants Temasek Holdings (Private) Limited and Temasek International (USA) LLC*

## **CERTIFICATE OF SERVICE**

      I hereby certify that on this 17th day of November, 2023, I e-filed the foregoing document using the Court's CM/ECF system, which will send a notice of electronic filing to all counsel of record.

<em>/s/ Adam S. Fels</em>