IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA, MIAMI DIVISION
Case No. 1:23-md-03076-KMM

**IN RE:**

**FTX Cryptocurrency Exchange Collapse Litigation**

This Document Relates To:

*Chernyavsky, et al.* v. *Temasek Holdings (Private) Limited, et al.*
Case No. 1:23-cv-22960 (S.D. Fla.)

*Cabo, et al.* v. *Temasek Holdings (Private) Limited, et al.*
No. 1:23-cv-23212 (S.D. Fla.)

**SINO GLOBAL CAPITAL HOLDINGS LLC'S OPPOSITION TO PLAINTIFFS' OMNIBUS MOTION TO LIFT DISCOVERY STAY AND FOR LEAVE TO CONDUCT JURISDICTIONAL DISCOVERY, AND, IF NECESSARY TO AMEND THEIR COMPLAINTS WITH ANY FACTS ARISING FROM SUCH DISCOVERY**

**TABLE OF CONTENTS**

TABLE OF AUTHORITIES ................................................................................................................ ii
PRELIMINARY STATEMENT ....................................................................................................... 1
ARGUMENT ..................................................................................................................................... 3
    I.   PLAINTIFFS ARE NOT ENTITLED TO JURISDICTIONAL DISCOVERY REGARDING PERSONAL JURISDICTION OVER SG CAPITAL HOLDINGS .......... 3
        A.   Jurisdictional Discovery Is Only Permitted When There are Disputed Issues of Jurisdictional Facts, and Cannot Be Used for a Fishing Expedition ........................ 3
        B.   Plaintiffs Have Not Established Their Right to Jurisdictional Discovery Because There are No Disputed Jurisdictional Facts Regarding SG Capital Holdings ........... 4
            1.   *The Amended Complaint Contains No Facts About SG Capital Holdings Whatsoever, Let Alone Any Facts Establishing Personal Jurisdiction* ............. 4
            2.   *The Documents Attached to the Motion Do Not Raise Any Factual Questions Regarding Personal Jurisdiction Over SG Capital Holdings* .......... 7
            3.   *Plaintiffs Have Not Raised Any Material Issues of Fact Under Any of Their Jurisdictional Theories* ................................................................................ 9
        C.   The Jurisdiction Discovery Sought By Plaintiffs Is Extremely Overbroad and Seeks Information Regarding Merits Issues ............................................................ 12
    II.  PLAINTIFFS ARE NOT ENTITLED TO JURISDICTIONAL DISCOVERY REGARDING SERVICE OF PROCESS ................................................................... 14
    III. PLAINTIFFS' REQUEST TO AMEND THEIR COMPLAINT AND THEIR OPPOSITION BRIEFS SHOULD BE DENIED .......................................................... 14
CONCLUSION ................................................................................................................................ 15

## TABLE OF AUTHORITIES

Page(s)

**Cases**

*Am. Civ. Liberties Union of Fla., Inc. v. City of Sarasota*,
   859 F.3d 1337 (11th Cir. 2017) ........................................................................................... 11

*Auf v. Howard Univ.*,
   19-22065-CIV-SMITH, 2020 U.S. Dist. LEXIS 53226 (S.D. Fla. Mar. 25,
   2020) ................................................................................................................................ 3, 13

*Blanco v. Carigulf Lines*,
   632 F.2d 656 (5th Cir. 1980) ................................................................................................ 12

*Chernyavsky, et al. v. Temasek Holdings (Private) Limited, et al.*,
   No. 23-cv-22960-KMM (S.D. Fla.), ECF No. 1 ................................................................. 4, 5

*Daimler AG v. Bauman*,
   571 U.S. 117 (2014) ........................................................................................................... 9, 10

*Eaton v. Dorchester Dev., Inc.*,
   692 F.2d 727 (11th Cir. 1982) ......................................................................................... 11, 12

*Gleneagle Ship Mgmt. Co. v. Leondakos*,
   602 So. 2d 1282 (Fla. 1992) ............................................................................................ 11, 12

*Grimes v. Young Life, Inc.*,
   16-cv-27-T-23EAJ, 2016 U.S. Dist. LEXIS 196692 (M.D. Fla. May 2, 2016) ..................... 10

*Happy Tax Franchising, LLC v. Hill*,
   No. 19-24539-CIV, 2020 WL 13221241 (S.D. Fla. June 24, 2020) ...................................... 11

*Iglesias v. Pernod Ricard, S.A.*,
   20-20157-Civ-WILLIAMS/TORRES, 2020 U.S. Dist. LEXIS 263814 (S.D.
   Fla. Oct. 30, 2020) ................................................................................................................. 4

*JMA, Inc. v. Biotronic SE & Co. KG*,
   12-CV-23466-SEITZ/SIMONTON, 2013 U.S. Dist. LEXIS 49854 (S.D. Fla.
   Apr. 4, 2013) ....................................................................................................................... 4, 5

*Kilma v. Carnival Corp.*,
   No. 08-20335-CIV, 2008 WL 4559231 (S.D. Fla. Oct. 10, 2008) ......................................... 11

*Millennium Indus. Network v. Hitti*,
   11-62570-CIV-ROSENBAUM/HUNT, 2014 U.S. Dist. LEXIS 10232 (S.D.
   Fla. Jan. 28, 2014) ................................................................................................................... 4

*Oueiss v. Al Saud*,
   No. 1:20-CV-25022-KMM, 2022 WL 1311114 (S.D. Fla. Mar. 29, 2022)
   (Moore, J.) ................................................................................................................... 10

*Peach.com, LLC v. Peachly, LLC*,
   21-20636-Civ-GAYLES/TORRES, 2021 U.S. Dist. LEXIS 255995 (S.D. Fla.
   June 16, 2021) .............................................................................................................. 12

*Posner v. Essex Ins. Co.*,
   178 F.3d 1209 (11th Cir. 1999) ................................................................................... 11

*RMS Titanic, Inc. v. Kingsmen Creatives, Ltd.*,
   579 F. App'x 779 (11th Cir. 2014) ............................................................................... 11

*Schwab v. Hites*,
   896 F. Supp.2d 1124 (M.D. Fla. 2012) .......................................................................... 9

*Sierra Equity Grp., Inc. v. White Oak Equity Partners, LLC*,
   No. 08-80017-CIV, 2008 WL 1771857 (S.D. Fla. Apr. 15, 2008) ............................... 11

*Thompson v. Carnival Corp.*,
   174 F. Supp. 3d 1327 (S.D. Fla. 2016) (Moore, J.) ....................................................... 3

*Turner v. Costa Crociere S.P.A.*,
   No. 1:20-CV-21481-KMM, 2020 WL 9071486 (S.D. Fla. Aug. 23, 2020)
   (Moore, J.) ..................................................................................................................... 4

*United Techs. Corp. v. Mazer*,
   556 F.3d 1260 (11th Cir. 2009) ................................................................................... 10

*Wolf v. Celebrity Cruises, Inc.*,
   683 F. App'x 786 (11th Cir. 2017) ............................................................................ 3, 7

*Yepez v. Regent Seven Seas Cruises*,
   10-23920-CIV, 2011 WL 3439943 (S.D. Fla. Aug. 5, 2011) ............................... 3, 6, 7

Defendant Sino Global Capital Holdings, LLC ("SG Capital Holdings") respectfully submits this opposition to Plaintiffs' Omnibus Motion to Lift Discovery Stay and for Leave to Conduct Jurisdictional Discovery, and, If Necessary to Amend Their Complaints with any Facts Arising from Such Discovery (ECF No. 348, the "Motion" or the "Mot.").

## PRELIMINARY STATEMENT

Plaintiffs have failed to plead any facts supporting personal jurisdiction over SG Capital Holdings, and Plaintiffs cannot remedy that deficiency through jurisdictional discovery.

The Eleventh Circuit has explained that a plaintiff is only entitled to jurisdictional discovery where there are disputed issues of fact that support the exercise of personal jurisdiction. A plaintiff is not entitled to utilize jurisdictional discovery to engage in a fishing expedition, or to establish new, non-pleaded theories of jurisdiction. Plaintiffs are attempting to do just that.

Plaintiffs' [Corrected] Administrative Class Action Complaint and Demand for Jury Trial (ECF No. 182, the "Amended Complaint" or the "Am. Comp.") contains no non-conclusory allegations supporting personal jurisdiction over SG Capital Holdings in Florida or California. The Amended Complaint concedes that SG Capital Holdings is a Delaware LLC. The Amended Complaint does not allege that SG Capital Holdings invested in FTX, or had any relationship with FTX whatsoever. The Amended Complaint's only actual "fact" pleaded against SG Capital Holdings is that co-Defendant Sino Global Capital Limited ("SG Capital Limited")[1] operates in the United States through its "wholly owned Delaware subsidiary" SG Capital Holdings. That "fact" is untrue, but even assuming its veracity *arguendo*, Plaintiffs have not pleaded any actual facts about how SG Capital Limited supposedly operates through SG Capital Holdings and Plaintiffs did not argue in the Amended Complaint that the corporate form should be disregarded.

---

[1] SG Capital Limited has not yet been served with process in this litigation.

Indeed, in a declaration attached to the motion by SG Capital Holdings and other so-called "Multinational VCs" to dismiss for lack of personal jurisdiction (ECF No. 300, the "Personal Jurisdiction MTD"), SG Capital Holdings' managing member explained that SG Capital Holdings lacks a connection to Florida and California, and did not invest in FTX.

After having failed to plead any facts supporting jurisdiction over SG Capital Holdings, and faced with a declaration confirming that there is no jurisdiction over SG Capital Holdings in Florida and California, Plaintiffs have filed the Motion as a last gasp to avoid dismissal. But the Motion is a blatant fishing expedition, seeking to search for some alternate theory of jurisdiction over SG Capital Holdings in Florida.[2] The Motion is therefore forbidden by longstanding Eleventh Circuit case law.

In addition to being improper, the discovery sought by Plaintiffs is extremely overbroad. The Motion claims that Plaintiffs seek to take jurisdictional discovery on nine topics, but the actual discovery requests themselves attached to the Motion – consisting of document requests, interrogatories, requests for admission, and a deposition – are blunderbuss, seeking wide-ranging merits discovery on every issue related to the litigation. The overbreadth of the jurisdictional discovery is yet another reason to deny the Motion; or alternatively the Court should require Plaintiffs to narrow significantly the jurisdictional discovery that they seek.

The Motion is plainly a fishing expedition, and underscores the lack of allegations against SG Capital Holdings. The Motion should be denied, and the Personal Jurisdiction MTD should be granted.

---

[2]  In the Personal Jurisdiction MTD, SG Capital Holdings and the other Multinational VCs that are contesting jurisdiction argued that there is no jurisdiction against them in Florida and California, because those are the two jurisdictions in which actions were filed against them and subsequently transferred to this MDL proceeding for pretrial purposes. Yet, the Motion only addresses jurisdiction in Florida, not California.

# ARGUMENT

## I. PLAINTIFFS ARE NOT ENTITLED TO JURISDICTIONAL DISCOVERY REGARDING PERSONAL JURISDICTION OVER SG CAPITAL HOLDINGS

### A. Jurisdictional Discovery Is Only Permitted When There are Disputed Issues of Jurisdictional Facts, and Cannot Be Used for a Fishing Expedition

The Eleventh Circuit has explained that the "right to jurisdictional discovery is a qualified one, available when a court's jurisdiction is genuinely in dispute. Such discovery requests should not serve as fishing expeditions, and, as such, are appropriate only when a party demonstrates that it can supplement its jurisdictional allegations through discovery." *Wolf v. Celebrity Cruises, Inc.*, 683 F. App'x 786, 792 (11th Cir. 2017) (citation and quotation marks omitted). *See also Auf v. Howard Univ.*, 19-22065-CIV-SMITH, 2020 U.S. Dist. LEXIS 53226, at *29 (S.D. Fla. Mar. 25, 2020) (The "purpose of jurisdictional discovery is to ascertain the truth of the allegations or facts underlying the assertion of personal jurisdiction. It is *not* a vehicle for a 'fishing expedition' in hopes that discovery will sustain the exercise of personal jurisdiction.") (citations and question marks omitted, emphasis in original).

A plaintiff is "foreclosed from pursuing jurisdictional discovery in an attempt to marshal facts that he should have had – but did not – before coming through the courthouse doors." *Thompson v. Carnival Corp.*, 174 F. Supp. 3d 1327, 1339 (S.D. Fla. 2016) (Moore, J.) (citation and quotation marks omitted). The "failure of a plaintiff to investigate jurisdictional issues prior to filing suit does not give rise to a genuine jurisdictional dispute." *Yepez v. Regent Seven Seas Cruises*, 10-23920-CIV, 2011 WL 3439943, at *1 (S.D. Fla. Aug. 5, 2011).

Plaintiffs that rely on "broad generalizations as a basis for personal jurisdiction" are engaging in a "fishing expedition with no bait on the hook. That, of course, cannot be allowed and Plaintiffs must do more if they seek to engage in jurisdictional discovery because it remains unclear what discovery Plaintiffs need, how it will establish jurisdiction, and what factual issues remain in

dispute." *Iglesias v. Pernod Ricard, S.A.*, 20-20157-Civ-WILLIAMS/TORRES, 2020 U.S. Dist. LEXIS 263814, at *10-11 (S.D. Fla. Oct. 30, 2020) (internal citations omitted).

Plaintiffs also are not permitted to utilize jurisdictional discovery to "search[] for a new basis for jurisdiction, not based on anything pled in the complaint" or to "search[] for potential additional causes of action," which "would be, by definition, a 'fishing expedition.'" *JMA, Inc. v. Biotronic SE & Co. KG*, 12-CV-23466-SEITZ/SIMONTON, 2013 U.S. Dist. LEXIS 49854, at *18 (S.D. Fla. Apr. 4, 2013).  *See also Millennium Indus. Network v. Hitti*, 11-62570-CIV-ROSENBAUM/HUNT, 2014 U.S. Dist. LEXIS 10232, at *9 (S.D. Fla. Jan. 28, 2014) (denying request for jurisdictional discovery because "Plaintiff is asking this Court to allow it to conduct discovery in order to assert a new basis for jurisdiction.").

The "burden is on [the] Plaintiff to demonstrate that there is a genuine dispute by identifying the factual information that Plaintiff seeks in discovery." *Turner v. Costa Crociere S.P.A.*, No. 1:20-CV-21481-KMM, 2020 WL 9071486, at *6 (S.D. Fla. Aug. 23, 2020) (Moore, J.).

>    B.   **Plaintiffs Have Not Established Their Right to Jurisdictional Discovery Because There are No Disputed Jurisdictional Facts Regarding SG Capital Holdings**

Plaintiffs have not demonstrated any qualified right to jurisdictional discovery.  Plaintiffs have provided no factual basis for jurisdiction over SG Capital Holdings, and as such, jurisdictional discovery would be a fishing expedition.

>    1.   *The Amended Complaint Contains No Facts About SG Capital Holdings Whatsoever, Let Alone Any Facts Establishing Personal Jurisdiction*

The Amended Complaint's only allegation against SG Capital Holdings is that SG Capital Limited operates in the United States through its "wholly owned Delaware subsidiary" SG Capital Holdings.  Am Comp. ¶ 34.  The Amended Complaint contains no other factual allegations about

4

SG Capital Holdings whatsoever. The Amended Complaint does not explain how SG Capital Limited allegedly operates through SG Capital Holdings and does not argue that SG Capital Holdings' corporate form should be disregarded.[3]

In the Amended Complaint's "Jurisdiction" section, Plaintiffs allege that this "Court has jurisdiction over every MDL Defendant in this multi-district litigation because every MDL Defendant was transferred to this forum from a transferor court which had personal jurisdiction over that MDL Defendant." Am. Comp. ¶ 34. The complaints in the two transferor cases in which SG Capital Holdings was named contain equally skeletal allegations of jurisdiction: both allege that there is personal jurisdiction over all Defendants "because the Court has jurisdiction over one or more of the co-conspirators of the civil conspiracy alleged herein, and because Defendants regularly conducted business within Florida, and committed tortious acts in the state of Florida, including aiding and abetting the fraud, and the other tortious acts, as alleged herein." *See Chernyavsky, et al. v. Temasek Holdings (Private) Limited, et al.*, No. 23-cv-22960-KMM (S.D. Fla.), ECF No. 1 ¶ 28; *Cabo, et al. v. Temasek Holdings (Private) Limited, et al.*, No. 23-cv-03974 (N.D. Cal.), ECF No. 1 ¶ 27.

Accordingly, none of the Complaints filed against SG Capital Holdings contains any factual, non-conclusory allegations that SG Capital Holdings engaged in any actions in Florida or California (the two jurisdictions where the transferor actions initially were filed), or took any

---

[3] In their opposition to the Personal Jurisdiction MTD, Plaintiffs argued that SG Capital Holdings' corporate form should be disregarded under an "agency" theory. ECF No. 358. Plaintiffs did not argue that theory in the instant Motion, and did not allege in the Amended Complaint that SG Capital Holdings is the "agent" of SG Capital Limited. *See JMA*, 2013 U.S. Dist. LEXIS, at *18 (Plaintiffs cannot utilize jurisdictional discovery to "search[] for a new basis for jurisdiction"). Regardless, SG Capital Holdings' reply brief in further support of the Personal Jurisdiction MTD, to be filed on December 6, 2023, will explain how Plaintiffs have not met the high bar to establish personal jurisdiction under an "agency" theory.

5

actions as part of any purported conspiracy. Plaintiffs thus failed to "investigate [key jurisdictional facts] prior to filing suit." *Yepez*, 2011 WL 3439943, at *2. Indeed, the declaration of SG Capital Holdings' managing member filed in support of the Personal Jurisdiction MTD makes clear that SG Capital Holdings lacks any connection whatsoever to Florida or California, and did not make any investment in any FTX-related entity. *See* ECF No. 300-1.

The Motion falsely claims that the Amended Complaint itself contains "allegations in support of PJ [personal jurisdiction] in Florida," but none of the cited paragraphs in the Amended Complaint has anything to do with SG Capital Holdings. Mot. at 7. The cited paragraphs either concern other Defendants specifically or are group-pleaded against all Defendants generally. *Id.*

Underscoring the complete lack of allegations specifically against SG Capital Holdings, the Motion claims that the Amended Complaint contains allegations about "Sino Global's" "presence in Florida . . . on related matters," but the cited paragraphs concern another entity, not SG Capital Holdings, and many of the cited paragraphs have nothing to do with Florida.[4] *See* Mot. at 7 (citing Am. Comp. ¶¶ 35, 253, 264, 316-18). As just one example, the Motion cites Paragraph 253 of the Amended Complaint to support the proposition that the Amended Complaint contains sufficient allegations of jurisdiction over SG Capital Holdings in Florida, but that paragraph plainly concerns another entity and has makes no mention of Florida (or any connection to the United States). *Compare* Mot. at 7 *with* Am. Comp. ¶ 253.

Having plainly failed to plead any facts establishing personal jurisdiction over SG Capital Holdings in Florida or California, and facing a motion to dismiss for lack of personal jurisdiction in which, *inter alia*, SG Capital Holdings filed a declaration underscoring the dearth of connections

---

[4] The Motion references "Sino Global," but never defines the term. It is unclear whether Plaintiffs are referring to SG Capital Holdings, or SG Capital Limited, or some other entity.

between SG Capital Holdings and Florida or California, Plaintiffs are evidently seeking jurisdictional discovery to ascertain new facts to buttress their faulty jurisdictional allegations. But under the above-cited case law in the Eleventh Circuit and in this district, they are not permitted to do so. Plaintiffs have not demonstrated that "a court's jurisdiction is genuinely in dispute" or that they "can supplement [their] jurisdictional allegations through discovery." *Wolf*, 683 F. App'x at 792. *See also Yepez*, 2011 WL 3439943, at *2 (denying request for jurisdictional discovery and explaining that "the typical plaintiff is expected to be able to allege [key jurisdictional facts] in good faith without the benefit of discovery").

> 2. *The Documents Attached to the Motion Do Not Raise Any Factual Questions Regarding Personal Jurisdiction Over SG Capital Holdings*

The Motion points to a handful of new documents supposedly learned at Sam Bankman-Fried's criminal trial (the "SBF Criminal Trial") that purportedly "demonstrat[e] that jurisdictional discovery would yield jurisdictionally relevant facts—namely, the underlying conspiracy's existence as well as contacts with the relevant jurisdictions." Mot. at 7. But none of those documents actually concerns SG Capital Holdings and none raises any factual issues entitling Plaintiffs to jurisdictional discovery.

First, the Motion points to an SBF Criminal Trial exhibit consisting of an email chain between FTX and Paradigm (an entity that is not one of the so-called "Multinational VCs") that Plaintiffs claim "shows that the VCs were indeed inquiring into the relationship between FTX and Alameda, the lack of corporate controls at both companies or group of companies, the VCs' awareness of the value of their association with FTX, and that the VCs wanted only to bump FTX's value before getting it on the selling block and cashing out." Mot. at 7-8 & Ex. E. Plaintiffs argue that this email illustrates that Plaintiffs "have a right to discovery into similar exchanges between FTX and Temasek and/or Sino Global to further prove up the existence of conspiracy jurisdiction."

7

Mot. at 8. Plaintiffs' argument is nonsensical. The email chain in question – between Sam Bankman-Fried and various employees of an unrelated domestic venture capital firm Paradigm – does not mention SG Capital Holdings (or any other Multinational VC Defendant) and does not mention or even hint at the existence of a "conspiracy." Mot. Ex. E. It is ludicrous for Plaintiffs to argue that this document somehow supports personal jurisdiction (or jurisdictional discovery) over SG Capital Holdings.

Second, Plaintiffs assert that another SBF Criminal Trial exhibit evinces "FTX's involvement in the Liquid Value fund" and "FTX's favor to Sino Global in return for Sino Global's agreement to invest in FTX and publicize the same." Mot. at 8 & Ex. F. But the Amended Complaint alleges that the "Liquid Value Fund" concerned a different entity. Am. Compl. ¶ 35. The Amended Complaint contains no allegations that SG Capital Holdings was involved at all in the Liquid Value Fund.[5] And the excerpted document attached to the Motion (Ex. F) is merely a list of "projects," with no context whatsoever, and does not reference SG Capital Holdings.

Third, Plaintiffs contend that a "publicly available slide deck on the Liquid Value fund mentions that a 'Sino Global Capital' team member was based in Miami Florida." Mot. at 8 & Ex. G. Even putting aside the jurisdictional significance of one employee's mere presence in Florida without additional allegations, the document plainly concerns an "Asia-based VC," and not Delaware-based SG Capital Holdings.[6] Mot. Ex. G at 2.

Fourth, Plaintiffs exhibit the Form ADV of another entity that is not a party to this litigation, Sino Global Capital Management LLC, listing that entity's principal place of business

---

[5]  Regardless, there are no allegations that the Liquid Value Fund engaged in any unlawful activities in Florida or California.

[6]  The Amended Complaint concedes that SG Holdings is a Delaware LLC. Am. Comp. ¶ 34.

8

as Miami. Mot. at 7 & Ex. H. Plaintiffs do not ever allege or explain how Sino Global Capital Management LLC's contacts with Florida are somehow relevant to SG Capital Holdings. They are not.[7] The Court should ignore this document as irrelevant to SG Capital Holdings.

<u>Fifth</u>, Plaintiffs exhibit a list of numerous names (many of which are not Defendants) in a "fund raise folder" that Plaintiffs claim provides "additional details regarding which employees from the venture capitalist defendants were involved with the FTX investment." Mot. at 8 & Ex. I. One of the names is Matthew Graham, listed as affiliated with "Sino Global." Aside from lacking all context and jurisdictional significance, this document does not state that Mr. Graham is listed in his capacity as managing member of SG Capital Holdings, especially because Mr. Graham has already explained that SG Capital Holdings had nothing to do with FTX. ECF No. 300-1.

In sum, none of the "new" documents raise any disputed material facts justifying Plaintiffs' request for jurisdictional discovery. *See Schwab v. Hites*, 896 F. Supp.2d 1124, 1138 (M.D. Fla. 2012) (disputed facts "must be sufficiently material to warrant jurisdictional discovery") (citations and quotation marks omitted).

    3. *Plaintiffs Have Not Raised Any Material Issues of Fact Under Any of Their Jurisdictional Theories*

Plaintiffs claim that they seek jurisdictional discovery to determine whether there is general jurisdiction over SG Capital Holdings, but in light of *Daimler AG v. Bauman*, 571 U.S. 117 (2014), SG Capital Holdings is not subject to jurisdiction in Florida (or California) because it is uncontested that SG Capital Holdings is not incorporated in Florida (or California) and does not

---

[7] Plaintiffs have not alleged, for example, that the two entities are alter egos, and have not argued any other reason to disregard the corporate form.

have its principal place of business in either state.[8]  Indeed, the Supreme Court explained in *Daimler* that "it is hard to see why much in the way of discovery would be needed to determine where a corporation is at home." *Id.* at 139 n.20.  *See also Grimes v. Young Life, Inc.*, 16-cv-27-T-23EAJ, 2016 U.S. Dist. LEXIS 196692, at *8 (M.D. Fla. May 2, 2016) (denying request for jurisdictional discovery and noting that "the plaintiff fails to explain how the information obtained in discovery would show that the defendants are 'at home' in Florida" under the *Daimler* test).

Plaintiffs likewise have not raised any material issues of fact as to whether there is specific jurisdiction over SG Capital Holdings.  The Amended Complaint contains no allegations about <u>any</u> actions taken by SG Capital Holdings, let alone any tortious actions taken in or aimed at Florida (or California).[9]  The documents attached to the Motion – which, as explained above, all concern <u>other entities</u> – do not alter that analysis.

Plaintiffs also have not raised any material issues of fact as to whether the Court can exercise jurisdiction over SG Capital Holdings under a "conspiracy" theory.  Neither the Amended Complaint nor the documents attached to the Motion establish that SG Capital Holdings came to an agreement with anyone (or actually did anything).[10]  *See United Techs. Corp. v. Mazer*, 556 F.3d 1260, 1282 (11th Cir. 2009) (no conspiracy-based personal jurisdiction where plaintiff failed to "allege unambiguously that [defendant] was involved in a Florida based agreement . . . i.e., involved in a meeting of the minds with at least one other co-conspirator"); *Oueiss v. Al Saud*, No.

---

[8] *See also* Personal Jurisdiction MTD at 9-10 & 15 (explaining how SG Capital Holdings – and the other Multinational VCs that have objected to personal jurisdiction – are not "at home" in Florida or California).

[9] *See also* Personal Jurisdiction MTD at 10 & 15 (explaining how SG Capital Holdings – and the other Multinational VCs that have objected to personal jurisdiction – are not subject to specific jurisdiction in Florida or California).

[10] *See also* Personal Jurisdiction MTD at 11-12 & 15 (explaining how SG Capital Holdings – and the other Multinational VCs that have objected to personal jurisdiction – are not subject to personal jurisdiction under a conspiracy theory).

1:20-CV-25022-KMM, 2022 WL 1311114 (S.D. Fla. Mar. 29, 2022) (Moore, J.), *appeal dismissed Oueiss v. Al Saud*, No. 22-11408-AA, 2022 WL 19692323 (11th Cir. Nov. 9, 2022) (no conspiracy-based jurisdiction over defendant where there was "no indication that [defendant] was aware of any act in furtherance of the Conspiracy that took place or would take place in Florida.").

The cases cited in the Motion are inapposite because in those cases, there were disputed jurisdictional issues of fact that could be resolved through jurisdictional discovery, or in certain instances the pertinent court denied jurisdictional discovery. *See Am. Civ. Liberties Union of Fla., Inc. v. City of Sarasota*, 859 F.3d 1337, 1341 (11th Cir. 2017) (granting jurisdictional discovery because there were factual issues regarding whether officer had created certain documents in his capacity as a federal officer or a state officer, and such facts were relevant to subject matter jurisdiction); *Posner v. Essex Ins. Co.*, 178 F.3d 1209, 1214 n.7 (11th Cir. 1999) (denying jurisdictional discovery); *Eaton v. Dorchester Dev., Inc.*, 692 F.2d 727, 730-31 (11th Cir. 1982) (granting jurisdictional discovery for plaintiffs to develop facts that were "decisive" to subject matter jurisdiction); *Gleneagle Ship Mgmt. Co. v. Leondakos*, 602 So. 2d 1282, 1284 (Fla. 1992) (in case decided under Florida state procedural rules, allowing jurisdictional discovery when there was a question of "whether to grant or deny jurisdiction."); *RMS Titanic, Inc. v. Kingsmen Creatives, Ltd.*, 579 F. App'x 779, 790 (11th Cir. 2014) (affirming denial of request for jurisdictional discovery because "there is no indication that the receipt of additional information would demonstrate the existence of jurisdiction"); *Happy Tax Franchising, LLC v. Hill*, No. 19-24539-CIV, 2020 WL 13221241, at *1 (S.D. Fla. June 24, 2020) (granting <u>unopposed</u> motion for jurisdictional discovery); *Kilma v. Carnival Corp.*, No. 08-20335-CIV, 2008 WL 4559231, at *3 (S.D. Fla. Oct. 10, 2008) (granting request for jurisdictional discovery where plaintiff raised sufficient question as to whether general jurisdiction existed over defendant); *Sierra Equity Grp.,*

*Inc. v. White Oak Equity Partners, LLC*, No. 08-80017-CIV, 2008 WL 1771857, at *2 (S.D. Fla. Apr. 15, 2008) (allowing jurisdictional discovery when there was a "question of fact" that discovery could resolve); *Eaton*, 692 F.2d at 727 (permitting jurisdictional discovery when Plaintiffs raised questions of facts regarding whether there was subject matter jurisdiction); *Blanco v. Carigulf Lines*, 632 F.2d 656, 658 (5th Cir. 1980) (reversing dismissal and allowing jurisdictional discovery where the district court "did not review all of the necessary factors upon which a resolution of the presence or absence of proper jurisdiction must be based").

In sum, there are no disputed jurisdictional issues concerning SG Capital Holdings. The Motion should be denied.

    **C.**    **The Jurisdiction Discovery Sought By Plaintiffs Is Extremely Overbroad and Seeks Information Regarding Merits Issues**

Although Plaintiffs claim that they seek to take "limited jurisdictional discovery" (Mot. at 12), Plaintiffs actually are attempting to take extremely broad, blunderbuss discovery against SG Capital Holdings and other Defendants that delves into merits issues.

Even a case cited by Plaintiffs explained that jurisdictional discovery "should not be broad, onerous or expansive, nor should it address the merits of the case." *Gleneagle*, 602 So. 2d at 1284. Courts will not permit plaintiffs to engage in "boundless search" in the name of jurisdictional discovery. *Peach.com, LLC v. Peachly, LLC*, 21-20636-Civ-GAYLES/TORRES, 2021 U.S. Dist. LEXIS 255995, at *9 (S.D. Fla. June 16, 2021). Plaintiffs cannot "exceed the scope necessary to resolve the jurisdictional issues Plaintiffs claim." *Id.* at *10. And courts will "limit the[] discovery request to purely jurisdictional issues," rather than allowing requests that "essentially ask[] to gain access to all of Defendants' business activities and contracts. Doing so counteracts the well-established purpose behind jurisdictional discovery, which is to ascertain the truth of the allegations or facts underlying the assertion of personal jurisdiction." *Id.*

The failure to limit the requests to jurisdictional issues is a separate basis to deny the Motion. *See Auf*, 2020 U.S. Dist. LEXIS 53226, at *31 (denying request for jurisdictional discovery where "[the] requests overwhelmingly pertain to the merits of the case and service of process, and not personal jurisdiction."

The Motion claims that Plaintiffs seek to take "limited jurisdictional discovery – consisting of the requests for production of documents, interrogatories, and a single deposition of each of the thirteen Defendants who are challenging jurisdiction." Mot. at 12-13. The Motion argues that such "limited jurisdictional discovery" would concern nine topics supposedly relevant to jurisdiction. Mot. at 13. Yet, Exhibit D to the Motion – containing the requests that Plaintiffs seek to serve – belies Plaintiffs' argument. Exhibit D to the Motion illustrates that Plaintiffs seek <u>fifty-one</u> requests for document production, <u>twenty-four</u> requests for admission, and <u>eight</u> interrogatories.[11] Mot. Ex. D (ECF No. 348-5). The requests go well beyond the nine categories of "limited jurisdictional discovery" set forth in the Motion. *Compare* Mot. at 13 *with* Mot. Ex. D. Just as two examples, Document Request 5 seeks "[a]ll work papers, communications, and other documents concerning the Series B funding of FTX Trading, which closed in October 2021, including, but not limited to offering memoranda, offering circulars, prospectuses, pitch decks, capitalization tables, diligence memoranda, reports, opinions, and other diligence materials concerning any of the FTX Entities and/or Alameda." Mot. Ex. D. And Document Request 6 seeks "[d]ocuments evidencing wire transfers or other payments, or instructions related to the foregoing, for any payments (1) from you, Sino Global Capital Management and/or Liquid Value to any of the FTX Entities and/or Alameda or (2) from any of the FTX Entities and/or Alameda to

---

[11] Exhibit D also contains proposed "jurisdictional discovery" as to SG Capital Limited, even though the Motion was not asserted against SG Capital Limited.

13

you, Sino Global Capital Management, and/or Liquid Value." *Id.* These requests plainly concern merits issues, and are not limited to seeking information regarding jurisdiction over SG Capital Holdings in Florida or California.

As noted above, the failure to narrowly tailor the proposed requests to jurisdictional issues is an independent reason to deny the Motion. Regardless, in the event that the Motion is granted, Plaintiffs should be required to narrow the requests significantly, so that they only seek discovery on facts relating to personal jurisdiction.

**II.     PLAINTIFFS ARE NOT ENTITLED TO JURISDICTIONAL DISCOVERY REGARDING SERVICE OF PROCESS**

The Motion briefly claims that Plaintiffs seek jurisdictional discovery to buttress their opposition to SG Capital Holdings' motion to dismiss for insufficient service of process (and similar motions by other Defendants). Mot. at 1, 4. Yet, neither SG Capital Holdings' motion to dismiss for insufficient service of process nor Plaintiffs' opposition raises any factual issues that could be resolved by jurisdictional discovery. *See* ECF Nos. 299, 360. The Motion does not even explain what discovery could possibly be relevant to insufficient service of process.

Accordingly, to the extent that Plaintiffs are seeking jurisdictional discovery for purposes of contesting SG Capital Holdings' motion to dismiss for insufficient service of process, such request should be denied.

**III.    PLAINTIFFS' REQUEST TO AMEND THEIR COMPLAINT AND THEIR OPPOSITION BRIEFS SHOULD BE DENIED**

Because, Plaintiffs are not entitled to jurisdictional discovery, their request for leave to "file any amendments to the Administrative Complaints or oppositions to the pending motions . . . so Plaintiffs may incorporate any additional facts that support personal jurisdiction over these Defendants and address arguments raised in all Defendants' motions to dismiss," Mot. at 2, should be denied.

14

## **CONCLUSION**

For the foregoing reasons, the Motion should be denied.

Dated:  November 17, 2023

*/s/ Jason P. Gottlieb*
Jason P. Gottlieb
Michael Mix
Vani Upadhyaya
MORRISON COHEN LLP
909 Third Avenue
New York, New York 10022
Telephone: (212) 735-8600
Email: jgottlieb@morrisoncohen.com
         mmix@morrisoncohen.com
         vupadhyaya@morrisoncohen.com

*Counsel for Defendant Sino Global Capital Holdings LLC*

**CERTIFICATE OF SERVICE**

I hereby certify that on this 17th day of November, 2023, I e-filed a true and correct copy of the foregoing document using the Court's CM/ECF system, which will send a notice of electronic filing to all counsel of record.

*/s/ Jason P. Gottlieb*