IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

MDL No. 3076
Case No. 1:23-md-03076-KMM

IN RE:

FTX Cryptocurrency Exchange Collapse Litigation

This Document Relates To:

*Garrison, et al. v. Kevin Paffrath, Graham Stephan, Andrei Jikh, Jaspreet Singh, Brian Jung, Jeremy Lefebvre, Tom Nash, Ben Armstrong, Erika Kullberg, and Creators Agency, LLC*,
Case No. 23-cv-21023

_____/

**SPECIALLY APPEARING DEFENDANT ERIKA KULLBERG'S
REPLY IN SUPPORT OF MOTION TO DISMISS PLAINTIFFS' AMENDED
COMPLAINT PURSUANT TO FEDERAL RULE OF CIVIL PROCEDURE 12(b)(5)**

In her motion to dismiss under FRCP 12(b)(5) [ECF No. 263], Erika Kullberg ("Kullberg") provided "strong and convincing evidence of insufficient process." *Hollander v. Wolf*, No. 09-80587-CIV, 2009 WL 3336012, at *3 (S.D. Fla. Oct. 14, 2009). Kullberg submitted two declarations serving as clear evidence that Plaintiffs failed to effect service as required under FRCP 4(e) because she does not and has never resided at the address where service was attempted. *Id.* ("The Court may look to affidavits, depositions, and oral testimony to resolve disputes of fact.").

Arzu Malik ("Malik"), the current resident of the address in question, and Kullberg declared under penalty of perjury that Kullberg did not and had never resided at the address identified in the Return of Service. Malik Decl. ¶ 4; ECF No. 263, Ex. B, Kullberg Decl. ¶ 3. Malik also attested to **and provided photographic evidence** clearly showing that the Return of Service was false because, *inter alia*, it was posted instead of being left with the doorman as stated in the Return of Service. ECF No. 263, Ex. A, Malik Decl. ¶¶ 6-11. *See Supreme Fuels Trading FZE v. Sargeant*, No. 08-81215-CIV, 2009 WL 5128504, at *3 (S.D. Fla. Dec. 18, 2009) (service insufficient when left with defendant's daughter at a condo, but defendant submitted an affidavit that he never resided at the condo). In addition, both declared that Malik was not authorized to accept service on Kullberg's behalf. Kullberg Decl. 4; Malik Decl. ¶ 12.

This attempt at service does not comply with the requirements under FRCP 4(e)(1) or FRCP 4(e)(2), as the address used was not Kullberg's dwelling or usual place of abode. Under Florida law, "leaving process with an apartment doorman in the apartment lobby is insufficient service." *Schupak v. Sutton Hill Assocs.*, 710 So. 2d 707, 709 (Fla. Dist. Ct. App. 1998). Under New York law, service upon a doorman is only effective if the papers are left at the defendant's *actual* residence or dwelling. *Doe v. Alsaud*, 12 F. Supp. 3d 684, 687-88 (S.D.N.Y. 2014); *FDIC v. O'Connor*, 94 Civ. 4218, 2008 WL 2557426, at *2 (S.D.N.Y. 2008).

In Plaintiffs' opposition, instead of obtaining a declaration from the process server to address the serious issues raised by Kullberg, they tellingly submit an attorney declaration which includes a third-party online search that itself disclaims its accuracy noting that "[t]his system should not be relied upon as definitively accurate." ECF No. 367-1, Ex. 1.[1] Further, Plaintiffs' attorney declaration merely points back to the same Return of Service already shown as unreliable and false. *Id*. at Ex. 1, ¶ 9. This falls far short of sufficiently countering the strong and convincing evidence provided by Kullberg of insufficient service. *See Hollander*, 2009 WL 3336012, at *4 (finding attorney affidavit with public records search did not sufficiently counter affidavits from current resident and owner of the home that defendant did not reside at residence); *Empire Cmty. Dev. LLC v. Campoverde*, 22 Civ. 4046, 2023 WL 7000878, at *5 (E.D.N.Y. Aug. 23, 2023).

Finally, Plaintiffs try to save their failure to properly serve Kullberg by claiming that her notice of the present lawsuit is sufficient, and they should be allowed to serve Kullberg's counsel through email. Both Florida law and New York law require that service of process must be made "in strict compliance with statutory methods for effecting personal service upon a natural person." *Campoverde*, 2023 WL 7000878, at *4; *Sargeant*, 2009 WL 5128504, at *4. Furthermore, while Plaintiffs have been on notice of their service failures since at least May 30, 2023, *see* Case No. 1:23-cv-21023-CMA, ECF No. 108, they have failed to reattempt service on Kullberg or to file a motion for alternative service, and have allowed their 90-day period under FRCP 4(m) to expire. For the foregoing reasons, the Amended Complaint should be dismissed.

---

[1] Even if the third-party online search were accurate—and it is not—it lists 40 Waterside Plz Apt 11D as a possible address that ended *August 2022*, over six months prior to when Plaintiffs attempted service. ECF No. 367-1, Ex. 1.

## CERTIFICAT OF SERVICE

I HEREBY CERTIFY that on November 22, 2023 undersigned counsel filed the foregoing document with the Clerk of Court using CM/ECF.  I also certify that the foregoing document is being served on all counsel of record and parties registered via transmission of Notices of Electronic Filing generated by CM/ECF.

          STEARNS WEAVER MILLER WEISSLER
          ALHADEFF & SITTERSON, P.A.

By: */s/     Jose G. Sepulveda*
    JOSE G. SEPULVEDA, FL Bar No. 154490
    Primary: jsepulveda@stearnsweaver.com
    Secondary:  mfigueras@stearnsweaver.com
    150 West Flagler Street, Suite 2000
    Miami, Florida 33130
    Telephone:  305-789-3200

and

POTOMAC LAW GROUP, PLLC
Derek Adams, Esq., *Pro Hac Vice*
Primary: dadams@potomaclaw.com
1717 Pennsylvania Avenue, NW
Suite 1025
Washington, D.C. 20006
Telephone: 202-204-3005

*Counsel for Erika Kullberg*