UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MDL No. 3076

CASE NO. 1:23-md-03076-KMM

**IN RE:**

**FTX Cryptocurrency Exchange Collapse MDL Litigation**

THIS DOCUMENT RELATES TO:

Multinational VC Defendants

*Chernyavsky, et al. v. Temasek Holdings (Private) Limited, et al.* Case No. 1:23-cv-22960 (S.D. Fla.)

*Cabo, et al. v. Temasek Holdings (Private) Limited, et al.* Case No. 1:23-cv-23212 (S.D. Fla.)

_____/

**REPLY IN RESPONSE TO DEFENDANT TEMASEK HOLDINGS (PRIVATE) LIMITED AND TEMASEK INTERNATIONAL (USA) LLC'S OPPOSITION TO PLAINTIFFS' OMNIBUS MOTION TO LIFT DISCOVERY STAY AND FOR LEAVE TO CONDUCT JURISDICTIONAL DISCOVERY, AND, IF NECESSARY TO AMEND THEIR COMPLAINTS WITH ANY FACTS ARISING FROM SUCH DISCOVERY**

1

Plaintiffs file this reply in support of their omnibus motion to lift the discovery stay and for leave to conduct jurisdictional discovery (ECF No. 348), and in response to the opposition thereto filed by Temasek Holdings (Private) Ltd. and Temasek International (USA) LLC (Temasek Defendants). (ECF No. 382).

## I.     INTRODUCTION

Temasek enabled and participated in FTX's fraud with the provision of its capital, partnership, advice, and promotion. Plaintiffs allege that co-conspirator acts in furtherance of that scheme were carried out in Florida and resulted in injury in Florida and in California. Temasek has now submitted declarations that purport to disavow its contacts with the forum states and that rely on corporate distinctions unsubstantiated by the public record. Notwithstanding that the declarations (1) are premised on too narrow of a view of conspiracy and aiding and abetting theories of liability and (2) contain only conclusory assertions and thus arguably do not shift the evidentiary burden back to Plaintiffs,[1] what these submissions do make clear is that there are material facts regarding jurisdiction and the merits of this case that are in dispute. The law is clear—when facts about both the merits and jurisdiction are in genuine dispute, a district court "abuses its discretion if it completely denies a party jurisdictional discovery" that is sought in a timely manner. *Am. Civil Liberties Union of Fla. v. City of Sarasota*, 859 F.3d 1337, 1341 (11th Cir. 2017); *Eaton v. Dorchester Dev., Inc.*, 692 F.2d 727, 730 (11th Cir. 1982).

Temasek simply argues there is no dispute. But the discovery sought seeks information regarding the corporate formalities on which Temasek relies and which Plaintiffs allege are immaterial (or that at least are unclear). The discovery would thus facilitate the Court in determining whether jurisdiction over the Temasek entities is proper, which is the exact purpose of jurisdictional discovery. *Eaton*, 692 F.2d at 730-731 (holding that a dismissal for lack of jurisdiction was premature because a plaintiff must be given an opportunity to develop facts that support a determination on that issue); *Cohodes v. MiMedx Grp., Inc.*, 2022 WL 15523079, at *3

---

[1] *See, e.g., Meier ex rel. Meier v. Sun Intern. Hotels, Ltd.*, 288 F.3d 1264, 1269 (11th Cir. 2002) (citing *Posner v. Essex. Ins. Co.*, 178 F.3d 1209, 1215 (11th Cir. 1999).

(N.D. Cal. Oct. 27, 2022) (citing *Coschetto v. Hansing*, 539 F.3d 1011, 1020 (9th Cir. 2008); *Oppenheimer Fund, Inc. v. Sanders*, 437 U.S. 340, 351 (1978) (holding that where jurisdiction or venue is in dispute, discovery is available to ascertain the facts bearing on such issues).

Temasek also argues that the discovery sought is overly broad. Plaintiffs are of course amenable to conferring to discuss the proposed scope and reduce any associated burden as necessary. But disputes over the scope of discovery are not a basis for refusing discovery entirely.

Finally, Temasek asks this Court to maintain the stay on discovery until after it rules on the pending motions to dismiss, but Eleventh Circuit precedent indicates that jurisdictional discovery is highly favored before resolving motions to dismiss for want of personal jurisdiction. S*ierra Equity Grp., Inc. v. White Oak Equity Partners, LLC*, 2008 WL 1771857, at *1 (S.D. Fla. Apr. 15, 2008) (collecting cases). Further, because Temasek asks the Court for what amounts to a dispositive judgment on the merits with respect to its pending motion to dismiss for failure to state a claim, the Court must first establish the threshold issue of whether it even has the jurisdiction to evaluate the merits, as a consideration of the merits before jurisdiction offends fundamental principals of separation of powers. *Id.* (citing *Federated Dept. Stores, Inc. v. Moitie*, 452 U.S. 394, 399 n. 3, (1981); *Steel Co. v. Citizens for a Better Environment*, 523 U.S. 83, 94–95 (1998)).

I. ARGUMENT

A. Plaintiffs Have Pled a Prima Facie Case of Jurisdiction Against Temasek

Temasek argues Plaintiffs have no right to discovery because they have not pled a prima facie case for jurisdiction. But its assertion that jurisdiction requires contacts between every Temasek Defendant and Florida in the form of operations, assets, accounts, or travel to Florida (Opp. at 5-6) is way too narrow a read of Florida and California's long-arm statutes conferring jurisdiction over a nonresident accused of causing harm in the state by aiding and abetting fraud and of participating in a conspiracy.

In Florida, Plaintiffs have pled jurisdiction if they sufficiently allege Temasek committed an intentional tort causing injury within Florida or participated in a conspiracy where at least one act in furtherance of the conspiracy occurred in the state. *See, e.g., Louis Vuitton Malletier, S.A. v.*

3

*Mosseri*, 736 F.3d 1339, 1353 (11th Cir. 2013) (regarding tortious conduct); *AXA Equitable Life Ins. Co. v. Infinity Fin. Grp., LLC*, 608 F. Supp. 2d 1349, 1354 (S.D. Fla. 2009) (regarding conspiracy jurisdiction). As for due process, directing a conspiracy at Florida suffices as sufficient minimum contacts with Florida. *Machtinger v. Inertial Airline Servs., Inc.*, 937 So. 2d 730, 736 (Fla. Dist. Ct. App. 2006); *see also Tavakoli v. Doronin*, 2019 WL 1242669, at *11-12 (S.D. Fla. Mar. 18, 2019). In California, exercising personal jurisdiction over a nonresident defendant is proper if the claims "arise out of or relate to" at least one of the defendant's contacts with the forum; (2) the nonresident defendant "purposefully availed" himself of the privilege of conducting activities in the forum state, thus invoking the benefit of the forum state's laws; and (3) the exercise of jurisdiction comports with "traditional notions of fair play and substantial justice." *Yahoo! Inc. v. La Ligue*, 433 F.3d 1199, 1206 (9th Cir. 2006).

Plaintiffs have pled Temasek's intentional conduct in detail, including the overt acts it took in furtherance of the fraud, its knowledge of the fraud, how it benefitted from facilitating the fraud, and how that conduct formed part of a conspiracy undertaken with Floridian co-conspirators that caused harm in Florida. For example, Temasek provided FTX—including FTX US, which was headquartered in Miami—with funding, publicly promoted their partnership, allowed FTX to launder Temasek's reputation, and otherwise assisted FTX with strategy in hopes of massive returns on its equity stakes. ECF No. 182, ¶¶ 322, 343, 344, 346, 347, 348, 349, 364, 365, 376. Temasek employees Pradyumna Agrawal and Antony Lewis served on FTX's Advisory Board, which met quarterly, and advised on matters including the publicity campaign and FTX Derivatives strategy, both of which were based in Miami. *Id.* ¶¶ 361-63.

Temasek represented conducting multiple rounds of due diligence for eight months, including significant regulatory and licensing due diligence on the business model of FTX, particularly on financial regulations, licensing, anti-money laundering (AML) / You're your Customer (KYC) and sanctions across multiple jurisdictions," which involved a review of FTX's audited financial statements and a cybersecurity review. *Id.* ¶ 320. Temasek also specifically admitted to enquiring about the relationship, preferential treatment, and separation between

4

Alameda and FTX. *Id.* ¶ 321. Through that due diligence, its Advisory Board seats, and their ongoing partnership, Temasek was exposed to, *inter alia*, pitchbooks featuring unsubstantiated projections and calculations, and which appeared unorganized, inaccurate, confusing, and unsophisticated (*id.* ¶ 331); audited financials with clearly irregular activity, including FTX using its own FTT tokens as currency for acquisitions, questionable loans, and perplexing related party transactions (*id.* ¶¶ 332-334, 336; *see also* ¶¶ 127-128); the fact that neither FTX Trading nor FTX US paid federal income taxes (*id.* ¶ 335); that the FTX terms of service contradicted its actual practices, most notably through its undisclosed and unlawful use of customers' fiat and cryptocurrencies (*id.* ¶¶ 338-339); and that FTX's products were unregistered securities (*id.* ¶¶ 203-229). But it decided to invest and continue to promote FTX anyway because its assistance would continue to grow FTX's deposits to Temasek's direct benefit, and because it knew it could write off any resulting loss if the scheme ended which it did. *Id.* ¶¶ 356, 382-83. This conduct was directed nationwide, including the forum states, and much of the acts in furtherance of the conspiracy took place in Florida. *Id.* ¶ 29.[2]

Plaintiffs are not required to allege that Temasek engaged in independent conspiratorial acts in Florida to satisfy the long-arm statute. *See AXA Equitable Life Ins. Co.*, 608 F. Supp. 2d at 1354. What Plaintiffs do allege is that, because the FTX collapse occurred in Miami, Temasek's aiding and abetting of FTX's tortious conduct as detailed above caused injuries emanating from Florida. *Id.* ¶¶ 17-19, 391. "[U]nder Florida law, a nonresident defendant commits 'a tortious act within [Florida]' when he commits an act *outside* the state that causes *injury within Florida*." *Louis Vuitton*, 736 F.3d at 1353; *see also Elandia Intern., Inc. v. Ah Koy*, 690 F. Supp. 2d 1317 (S.D. Fla. Feb. 17, 2010). This means Florida's long-arm statute can support personal jurisdiction over any

---

[2] *See Lions Gate Ent. Inc. v. TD Ameritrade Servs. Co., Inc.*, 170 F. Supp. 3d 1239, 1262 (C.D. Cal. 2016) (finding nationwide advertisement campaign gave rise to personal jurisdiction in the plaintiff's home forum of California); *see also Asahi Metal Indus. Co. v. Superior Ct. of Cal., Solano Cnty.*, 480 U.S. 102, 112 (1987) ("[D]efendant may indicate an intent or purpose to serve the market in the forum state . . . [by] marketing the product through a distributor who has agreed to serve as the sales agent in the forum State.").

5

conspirator even if that party committed no act in or had relevant contact to Florida, so long as another co-conspirator did. *Bluegreen Vacations Unlimited, Inc. v. Montgomery L. Firm LLC*, 2022 WL 17987280, at *4 (S.D. Fla. June 17, 2022) (unpublished) (citing *United Techs. Corp. v. Mazer*, 556 F.3d 1260, 1281-82 (11th Cir. 2009)); *see also Quail Cruises Ship Mgmt., Ltd. v. Agencia de Viagens CVC Tur Limitada*, 2011 WL 5057203, at *3 (S.D. Fla. Oct. 24, 2011).

The same analysis applies in California, and Plaintiffs have sufficiently alleged that Temasek availed itself of the California market. Temasek USA, which was created by Temasek Holdings as Temasek's investing vehicle to the U.S. market, maintains an office and employees in California. ECF No. 182, ¶ 29. Temasek disputes with a declaration that Temasek USA employees were nevertheless not "charged with" "researching, diligencing, negotiating, or making recommendations regarding investments in FTX," but does not affirmatively address whether they in fact undertook those tasks, *See* ECF No. 300-3, ¶ 11, and does not address Plaintiffs' argument that there is a lack of corporate distinction in the public record as to control over Temasek's investments. In fact, Defendants concede that the Singaporean Temasek Holdings does set the investment objective and strategies for Temasek USA. *Id.* ¶ 7-8; ECF No. 300-2, ¶ 28. Any suggestion that Temasek's due diligence and other investment activities in the United States regarding FTX were not directed towards Silicon Valley and that Temasek's involvement in the scheme was not interwoven with other California institutional investors and retail FTX investors is belied by the Plaintiffs' allegations. ECF No. 182, ¶ 361 (noting that a Temasek was on the FTX Advisory Board along with five firms with office based in California (Sequoia, Paradigm, Thoma Bravo, Altimeter, and Ribbit Capital) and one based in Florida (K5 Global), along with FTX US, which was based in Miami).

### B. Jurisdictional Discovery is Appropriate Because Temasek's Challenge of the Sufficiency of its State Contacts is a Question of Fact

Ultimately, Temasek's challenge to jurisdiction highlights that the dispute is partially about a purported corporate separateness between the Temasek entities and whether there is a sufficient agency relationship between the parent corporation and its subsidiaries. But the evidence Plaintiffs

have already put in the record (including in support of their oppositions to motions to dismiss, and in the instant motion for jurisdictional discovery, ECF Nos. 298, 358, 348) shows that Temasek, like its co-defendant Sino Global, completely conflates its entities by holding out the company to the public as one "global…company," *e.g.*, in statements made on its website[3]; with its email address domains, which are the same for all employees regardless of which purportedly separate Temasek entity they are affiliated with[4]; in its yearly financial reports[5]; through its maintenance of interlocking directorates and loci of control[6]; and by holding out its leadership board as one entity, called "OneTemasek."[7] The point of jurisdictional discovery is to prevent a defendant from defeating the jurisdiction of a federal court by withholding information on its contacts with the forum. *See, e.g., Diamond Chem. Co. v. Atofina Chemicals, Inc.*, 268 F. Supp. 2d 1, 15 (D.D.C. 2003).

Temasek argues that "Plaintiffs' motion has nothing to say about the fact that neither Temasek Holdings nor Temasek USA owns property in Florida; conducts any business in Florida; has any employees in Florida; or so much as visited Florida in connection with Artz's investment in FTX," but publicly available facts which are alleged in the complaint clearly establish that (1) FTX US was based in Florida, along with its CEO Zach Dexter, (2) Temasek had executives on the same FTX board as the FTX US CEO, and (3) that the scheme alleged was targeted towards retail investors in Florida and states. In addition, "Temasek Holdings, LLC" has a registered agent in Florida and lists two authorized persons in Singapore on the Florida Division of Corporations

---

[3] "Temasek at a Glance," https://www.temasek.com.sg/en/about-us/temasek-at-a-glance; *See also* FTX Statement and FAQs - Temasek (Temasek describes in an FAQ that "we" invested in FTX, with no distinction between the various subsidiaries on which it now so heavily relies (last accessed November 25, 2023).
[4] ECF No. 348-11 (Exhibit I).
[5] *See, e.g.*, "Temasek Review 2023," https://www.temasekreview.com.sg/downloads/Temasek-Review-2023-full-version.pdf (last accessed November 25, 2023).
[6] https://www.temasek.com.sg/en/about-us/our-leadership#organisation-structure (last accessed November 25, 2023).
[7] Supra fn. 6 at 112; ECF No. 182, ¶ 29.

website. This evidence alone seems to sufficient to establish jurisdiction, but given that Temasek attempts to raise a dispute of fact, Plaintiffs are at the very least entitled to jurisdictional discovery.

If nothing else, Temasek's attacks on jurisdiction "go right to the merits of the overall case," and in the alternative to ordering jurisdictional discovery, "the proper course of action for a district court is to find that jurisdiction exists and deal with the objection as a direct attack on the merits of the plaintiff's case [which is a challenge that can be addressed] in the proper manner: after discovery and with the protections of either a trial or review on summary judgment." *Douglas v. United States*, 814 F.3d 1268, 1275–76 (11th Cir. 2016).

Finally, the cases to which Temasek cites in support of its argument that Plaintiffs have not properly identified a factual dispute are distinguishable. Opp. at 7-8, fn. 3. Unlike here, Plaintiffs' request is proper because they have affirmatively moved for the Court's leave; have made a prima facie showing of jurisdiction and identified a related factual dispute that goes to the merits of their claim; identify in detail the information sought by way of jurisdictional discovery; and, explain how such information would bolster their specific jurisdiction allegations. It should also be noted that, in the below cases, the analysis of contacts with the forum is fundamentally different than that which applies to a conspiracy, as these cases were premised on direct theories of negligence, contract breaches, or specific statutes.

*Cf. Cortazar v. CA Ventures LLC*, 2019 WIL 13092852, at *3 (jurisdictional discovery denied where Plaintiff buried request in a footnote in an opposition and had nothing to support its allegation that the telephone advertisements at issue and directed at Miami were actually from phone numbers belonging to or affiliated with Defendants); *Serra-Cruz v. Carnival Corp.*, 400 F. Supp. 3d 1354, 1358-1359 (S.D. Fla. 2019) (jurisdictional discovery denied because plaintiff had not made a showing that could support the court exercising specific jurisdiction over her negligence claim under the subsection of the Florida long-arm statute that permits jurisdiction where a contract is formed within the state, where no contract was formed); *Peruyero v. Airbus S.A.S.*, 83 F. Supp.3d 1283 (jurisdictional discovery denied as procedurally flawed because plaintiff never moved the court and in any event failed to rebut that its claim was time-barred and

thus that jurisdictional discovery could provide adequate relief); *Zapata v. Royal Caribbean Cruises, Ltd.*, 2013 WL 1100028, at *2 (S.D. Fla. Mar. 15, 2013) (motion to dismiss on a negligence claim granted as to Bermuda company only, and jurisdictional discovery denied as futile, because plaintiff did not show a connection between the Bermuda company that sold a cruise ticket in Bermuda and its co-defendant cruise ship operating in Florida, i.e., no indemnity agreements, insurance, business presence, advertisements, partnerships, joint ventures, shared profits, nor any business presence, offices, or advertisements directed at Florida.) Finally, Temasek cites to *Zamora Radio, LLC v. Last.fm LTD.*, 2011 WL 2580401, but there, the Southern District of Florida actually deferred ruling on the plaintiffs' request for limited jurisdictional discovery to sua sponte allow plaintiff to conduct a deposition, based on its own research of defendant's online activity and despite plaintiff failing to have moved to request such discovery. *Id.*, *12-13.

### C. The Court Should Allow for Jurisdictional Discovery Before Ruling on the Rule 12 Motions and Should Allow for Any Necessary Amendments as Result

Limited jurisdictional discovery is routinely permitted prior to ruling on a motion to dismiss.[8] Further, courts allow for amendments resulting from such discovery to cure pleading deficiencies in service of the general principle that "decisions on the merits are not to be avoided on the basis of 'mere technicalities.'" *Castros v. Signal Fin. Co. LLC*, 1:17-CV-21870-KMM, 2018 WL 1137099, at *1 (S.D. Fla. Feb. 4, 2018) (Moore, C.J.) (collecting cases). Granting Plaintiffs' motion would thus comport with the "policy of the federal rules…to permit liberal amendment to facilitate determination of claims on the merits and to prevent litigation from

---

[8] *See Am. Civil Liberties, Union of Fla. v. City of Sarasota*, 859 F.3d 1337,1341 (11th Cir. 2017); *Happy Tax Franchising, LLC v. Hill*, Case No. 19-24539- CIV, 2020 WL 13221241, *1 (S.D. Fla. Jun 24, 2020) (granting leave to conduct jurisdictional discovery prior to deciding motion to dismiss); *Kilma v. Carnival Corp.*, 2008 WL 4559231, at *1 (S.D. Fla. Oct. 10, 2008) (same) (Moore, J.); *Sierra*, 2008 WL. 1771857, *2 (S.D. Fla. Apr. 15, 2008); *Eaton*, 692 F.2d at 729 (11th Cir. 1982) (holding it was premature to dismiss a claim for lack of jurisdiction where plaintiffs were not given an opportunity to elicit material through discovery to support a determination on jurisdiction); *Blanco v. Carigulf Lines*, 632 F.2d 656, 657 (5th Cir. 1980) (reversing a dismissal on jurisdictional grounds because "Plaintiff is not required to rely exclusively upon a defendant's affidavit for resolution of the jurisdictional issue" where the dismissal was entered before Plaintiff had an adequate opportunity to take jurisdictional discovery).

9

becoming a technical exercise in the fine points of pleading," particularly where the proposed amendment would not violate any scheduling order in place and there is no "substantial reason" to deny the amendment, which "could include 'undue delay, bad faith or dilatory motive, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party, and futility of the amendment[,]'" none of which would apply since Plaintiffs would be providing their first substantive amendment after, at a minimum, taking narrow discovery to address the jurisdictional arguments raised by Temasek. *Id.* (citations omitted).

## II. CONCLUSION

For reasons herein, Plaintiffs' Motion should be granted.

Dated: November 27, 2023                          Respectfully submitted,

**By:** */s/ Adam Moskowitz*                      **By:** */s/ David Boies*
Adam M. Moskowitz                                 David Boies
Florida Bar No. 984280                            Alexander Boies
Joseph M. Kaye                                    Brooke A. Alexander
Florida Bar No. 117520                            **BOIES SCHILLER FLEXNER LLP**
**THE MOSKOWITZ LAW FIRM, PLLC**                  333 Main Street
Continental Plaza                                 Armonk, NY 10504
3250 Mary Street, Suite 202                       914-749-8200
Coconut Grove, FL 33133                           dboies@bsfllp.com
Office: (305) 740-1423                            aboies@bsfllp.com
adam@moskowitz-law.com                            balexander@bsfllp.com
joseph@moskowitz-law.com
service@moskowitz-law.com

*Co-Lead Counsel*                                 *Co-Lead Counsel*


Joseph R. Saveri                                  James R. Swanson, La. Bar No. 18455
Christopher Young                                 Kerry J. Miller, La. Bar. No. 24562
Itak K. Moradi                                    Molly L. Wells, La. Bar. No. 36721
**JOSEPH SAVERI LAW FIRM**                        C. Hogan Paschal, La. Bar No. 38495
601 California Street, Suite 1000                 **FISHMAN HAYGOOD L.L.P.**
San Francisco, CA 94108                           201 St. Charles Avenue, 46th Floor
Telephone: (415) 500-6800                         New Orleans, Louisiana 70170-4600
jsaveri@saverilawfirm.com                         (504) 586-5252; (504) 586-5250 fax
cyoung@saverilawfirm.com                          jswanson@fishmanhaygood.com
imoradi@saverilawfirm.com                         kmiller@fishmanhaygood.com
                                                  mwells@fishmanhaygood.com
*Counsel to Plaintiffs and the Putative*          hpaschal@fishmanhaygood.com
*Classes*
                                                  Robert Lieff
                                                  P.O. Drawer A
                                                  Rutherford, CA 94573
                                                  rlieff@lieff.com

                                                  *Counsel to Plaintiffs and the Putative*
                                                  *Classes*