UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION
MDL No. 3076
Case No. 1:23-md-03076-KMM

**IN RE:**
**FTX Cryptocurrency Exchange Collapse Litigation**

_____

This document relates to:

*Garrison v. Bankman-Fried*, Case No. 22-cv-23753-KMM

*Garrison v. Ohtani*,
No. 23-cv-23064-KMM

*Garrison v. Golden State Warriors, LLC*, No. 23-cv-23084-KMM

*Norris v. Brady*,
No. 23-cv-20439-KMM

*Garrison* v. Paffrath, et al. Case No. 23-cv-21023

_____/

**PLAINTIFFS' REPLY IN SUPPORT OF THEIR OMNIBUS MOTION TO LIFT DISCOVERY STAY AND FOR LEAVE TO CONDUCT JURISDICTIONAL DISCOVERY**

Plaintiffs submit this Reply to the Youtuber Defendants' and Celebrity Defendants' Oppositions (ECF Nos. 378, 381) to Plaintiffs' Motion for Jurisdictional Discovery (ECF No. 348).

**1. Plaintiffs are entitled to jurisdictional discovery.**

The Court should grant Plaintiffs' request for jurisdictional discovery. *First*, Plaintiffs sufficiently establish a *prima facie* case of personal jurisdiction over Defendants. *See* ECF No. 378, 11; ECF No. 381, 6–9. While Defendants incorrectly assert that Florida's long-arm statute does not allow for personal jurisdiction where their tortious statements were accessible and accessed in Florida, (ECF No. 381, 7), the law is clear that an out-of-state defendant's "telephonic, electronic, or written communications into Florida" suffice to trigger jurisdiction under the long–arm statute where the cause of action arises from those communications. *Horizon Aggressive Growth, L.P. v. Rothstein-Kass, P.A.*, 421 F.3d 1162, 1168 (11th Cir. 2005). The plaintiff in *Tobinick v. Novella*, No. 9:14-cv-80781, 2015 WL 328236, at *4 (S.D. Fla. Jan. 23, 2015), alleged the non-resident defendant committed a tort as a result of the defendant's postings on a noncommercial website. The court found jurisdiction under the long arm statute as "the website was both accessible, and accessed, in Florida," even though the posting "contained minimal references to the state of Florida." *Id. See also Internet Sols. Corp. v. Marshall*, 611 F.3d 1368, 1370 (11th Cir. 2010) ("because the Florida Supreme Court concluded that Marshall committed a tortious act in Florida by posting allegedly defamatory material about ISC that was accessible in Florida when the material was then accessed and thus published in Florida, she is accordingly subject to the Florida long-arm statute."); *Licciardello v. Lovelady*, 544 F.3d 1280, 1283 (11th Cir.

1

2008) (jurisdiction over nonresident defendant proper under long-arm statute because "the alleged infringement clearly [] occurred in Florida by virtue of the website's accessibility in Florida.").[1]

*Second*, Plaintiffs sufficiently allege Defendants partnered with FTX to promote its platform and endorsed and promoted FTX on their channels and social media platforms, which were made available and were accessed in Florida. Plaintiffs also allege they invested in FTX after being exposed to Defendants' promotional activities and material misrepresentations, and that Miami was the center for the FTX fraud scheme and the office from which partnerships and promotional deals were negotiated. Therefore, Defendants knew or should have known the effects of their actions would be felt in Florida.[2] In short, Defendants' communications and actions were instrumental to furthering the FTX fraudulent scheme and caused injury in Florida as the Florida plaintiffs who invested with FTX lost their investments when the fraudulent scheme fell apart.

*Third*, Defendants ignore Plaintiffs' civil conspiracy basis for jurisdiction, i.e., that Defendants conspired to engage in tortious conduct that included their participation in the deceptive promotions of FTX and the solicitation of unregistered investments in Florida. *See* PJ Opp. at 6–9. Defendants' role as co-conspirators subjects them to jurisdiction in Florida. *See id*. For this reason, the allegations that Defendants single out in their opposition (ECF No. 381 at 7–

---

[1] *McCall v. Zotos*, No. 22-11725, 2023 WL 3946827, at *4 (11th Cir. June 12, 2023) (ECF No. 381, 7), is inapposite because there, neither the alleged tortious conduct nor injury occurred in Florida. Here, in contrast, Plaintiffs allege that the FTX fraud emanated from Florida, as did Defendants' tortious conduct, including but not limited to the unlawful and deceptive promotions, which led to injury in Florida as the Florida plaintiffs lost their investments. *Zamora Radio, LLC v. Last.fm Ltd.*, No. 09-20940-civ, 2011 WL 2580401, at *4 (S.D. Fla. June 28, 2011) (ECF No. 381, 7), is similarly unhelpful because there the court analyzed due process in the context of websites selling products, which is not at issue here.
[2] *See* Opp. to Mot. to Dismiss for Lack of Jurisdiction ("PJ Opp."), ECF No. 353, 4–6.

8) should not be viewed in isolation, but rather, as part of the complex scheme that Defendants entered with FTX and each other to solicit Plaintiffs' FTX investments.[3]

Defendants also fail to prove there is no genuine dispute of material jurisdictional fact. *See* ECF No. 381, 9; ECF No. 378, 8–12. Defendants' declarations certainly raise issues going to the heart of these jurisdictional questions. In Defendant Curry's declaration, for example, he denies any connection to Florida in his pursuit and undertaking of his FTX promotions and advertisements (*see* ECF No. 268–1 at 1–2), despite Miami's critical role in the creation of the Brand Ambassadors' endorsements, which promotional campaigns emanated from the FTX "brain trust" in Miami. *See e.g.*, ECF No. 179 ¶ 16. Plaintiffs are entitled to question Defendant Curry on these assertions prior to the Court's determination on jurisdiction. *See Eaton v. Dorchester Develop., Inc.*, 692 F.2d 727 (11th Cir. 1982) (holding it was premature to dismiss a claim for lack of jurisdiction where plaintiffs were not given an opportunity to elicit material through discovery to support a determination on jurisdiction).[4]

Plaintiffs are equally entitled to jurisdictional discovery as to Defendants GSW, Osaka, and Solomid, even without declarations, *see* ECF No. 381, 11, as they have created a genuine dispute as to material jurisdictional facts by denying, like the other Defendants, the existence of any agreement to conspire with FTX and by claiming they did not target Florida with their

---

[3] *Goldstein v. Johnson & Johnson*, No. 1:18-cv-20341-KMM, 2019 WL 289290 (S.D. Fla. Jan. 21, 2019) (ECF No. 381 at 8) is inapposite, as it concerned a defendant who was a "mere holding company entirely separate from its subsidiaries," which actually "designed, manufactured, sold, and distributed [] the drug at issue in th[e] case." *Id.* at *3. Here, Defendants have not denied, nor can they, that Osaka and Curry promoted FTX in various sporting events in Miami.

[4] *See also Blanco v. Carigulf Lines*, 632 F.2d 656, 657–58 (5th Cir. 1980) (holding that plaintiff was entitled "to elicit material facts regarding jurisdiction through discovery before [plaintiff's] claim [could] be dismissed for lack of jurisdiction" because "plaintiff was not required to depend exclusively upon defendant's affidavit for answers to that question.").

promotions. *See* ECF No. 268 at 2, 8–9.[5] Defendants placed jurisdiction in dispute, triggering Plaintiffs' qualified right to discovery. *Peach.com, LLC v. Peachly, LLC*, No. 21-20636-CIV, 2021 WL 7542983, at *2 (S.D. Fla. June 16, 2021) ("[A] plaintiff faced with a motion to dismiss for lack of personal jurisdiction is entitled to reasonable discovery, lest the defendant defeat the jurisdiction of a federal court by withholding information on its contacts with the forum.").

The Court should also reject Defendants' "claim-splitting" argument, (ECF No. 381 at 17), which is "concerned with the district court's comprehensive management of its docket," allowing it to "dispense with duplicative litigation." *Vanover v. NCO Financial Services, Inc.*, 857 F.3d 833, 841 (11th Cir. 2017); *Katz v. Gerardi*, 655 F.3d 1212, 1218–19 (10th Cir. 2011). These concerns are not implicated in this MDL because the California suits are stayed pending this MDL and were simply brought to grant this Court the same general jurisdictional basis that the California district courts would have over these Defendants. As plaintiffs are not litigating multiple, duplicative lawsuits in a piecemeal manner, the claim-splitting does not apply. *See also* PJ Opp. at 14.

Affording Plaintiffs the opportunity to avail themselves of their qualified right to jurisdictional discovery, on the other hand, will assist the Court in making an informed and reasoned ruling on the facts based upon all the evidence. *Sierra Equity Grp., Inc. v. White Oak Equity Partners, LLC*, No. 08-80017-CIV, 2008 WL 1771857, at *2 (S.D. Fla. Apr. 15, 2008) ("Jurisdictional discovery will be useful to determine the actual extent of Defendants' contacts with Florida to determine whether this case can be resolved on its merits. Without factual discovery, the court would be left to conjecture whether it could exercise jurisdiction over Defendants."). At a minimum, the jurisdictional discovery that Plaintiffs seek will reveal Defendants' involvement in the FTX fraud scheme as alleged in Plaintiffs' complaint. For

---

[5] Plaintiffs only seek discovery from Mr. Haslem concerning service of process, not jurisdiction.

4

example, Plaintiffs seek discovery of Defendants' contracts and agreements regarding their FTX partnerships and Defendants' "targeting" of fans in Florida and Florida's FTX consumers. *See e.g.*, ECF No. 348–4, 9, 20, and 28. This discovery will reveal whether Defendants targeted Florida in their FTX promotions, which is relevant to the analysis under Florida's long-arm statute.

In short, should the Court grant jurisdictional discovery, Plaintiffs will be able to prove that Defendants have purposefully availed themselves to jurisdiction in Florida. The Court should allow Plaintiffs to conduct jurisdictional discovery against Defendants.

**2. The Court should allow jurisdictional discovery and address the jurisdictional issues *before* ruling on the Defendants' pending 12(b)(6) motions.**

The Court should grant Plaintiffs' motion and lift the discovery stay. Defendants assert that the "continued stay of discovery is appropriate because the merits of the dispositive motion appear to be clearly meritorious and truly case dispositive." ECF No. 378, 5. Defendants' motions are unlikely to prevail for the reasons detailed in Plaintiffs' opposition. *See* ECF No. 372, 4–37.

Notably, for the motion to be "truly case dispositive," Defendants would have to succeed in persuading the Court to dismiss *all* the claims asserted against them. Unlike *Belloso v. Asplundh Tree Expert, Co.*, which Defendants cite in support of a prolonged stay (ECF No. 378, 4) Defendants here do not have a motion that is "clearly meritorious" when viewed with a "preliminary peek" at the merits; Defendants have not advanced any arguments that would easily dispose of the entire case against them, like the lack of subject matter jurisdiction at issue in the motion to dismiss in *Belloso*. 2018 WL 4407088, at *2 (M.D. Fla. Sept. 17, 2018) (finding the defendants' motion to dismiss potentially meritorious and case dispositive as to whether plaintiffs had adequately alleged a concrete injury).

The party seeking to stay discovery has "the burden of showing good cause and reasonableness." *McCabe v. Foley*, 233 F.R.D. 683, 687 (M.D. Fla. 2006). Besides repeating the

5

arguments from their motion to dismiss, Defendants "fail to articulate any particular burden that engaging in the discovery process would impose." *United States v. Physician Surgical Network, Inc.*, 2022 WL 6163122 (M.D. Fla. Oct. 7, 2022) (denying motion to stay discovery after a "preliminary peek" at the defendant's motion to dismiss). *See also Tech Traders, LLC v. Insuladd Env't, Ltd.*, 2018 WL 8369219, at *2 (M.D. Fla. Oct. 5, 2018) (denying motion to stay discovery where "a preliminary peek does not reveal that the Motion to Dismiss is 'clearly meritorious and truly case dispositive.'") (quoting *Koock v. Sugar & Felsenthal, LLP*, 2009 WL 2579307, at *2 (M.D. Fla. Aug. 19, 2009)). Defendants state only that if discovery proceeds, it will result in "unnecessary time and costs of the Parties" (ECF No. 378, 2) but this Court "is, of course, not unsympathetic to the sometimes unfair costs and burdens discovery can impose upon defendants" and has nonetheless found that "a stay of discovery should be a sparingly ordered thing." *Ray v. Spirit Airlines, Inc.*, No. 12-61528-CIV, 2012 WL 5471793, at *3 (S.D. Fla. Nov. 9, 2012) (denying motion to stay discovery where the defendant failed to show any specific prejudice or burdensomeness in having to engage in discovery).[6]

    The Court should lift the stay and allow Plaintiffs to seek jurisdictional discovery.

---

[6] *Chudasama v. Mazda Motor Corp.*, 123 F.3d 1353 (11th Cir. 1997) (ECF No. 378, 2) does not help Defendants, which "has been analyzed on numerous occasions, and courts have consistently rejected any *per se* requirement to stay discovery pending resolution of a dispositive motion." *Bocciolone v. Solowsky*, No. 08-20200-CIV, 2008 WL 2906719, at *1 (S.D. Fla. July 24, 2008). Defendants have not made a specific showing of burdensomeness to warrant a stay of discovery and the Court "should only limit discovery 'based on *evidence* of the burden involved, not on a mere recitation that the discovery request is unduly burdensome." *Trinos v. Quality Staffing Servs. Corp.,* 250 F.R.D. 696, 698–99 (S.D. Fla. 2008) (denying motion for protective order for deposition where movant did not provide "any affidavits or evidence to support [] claims that the proposed depositions would constitute an undue burden" such as a "sworn statement[] as to [the party's] financial situations" and "[w]ithout this information and affidavits, the Court cannot properly assess [the movant's] burdensomeness arguments").

The Court should also address the personal jurisdiction issue before it addresses the Parties' merits briefing.

Defendants acknowledge—as they must—that "personal jurisdiction issues are usually addressed before the merits." ECF No. 381, 15. *See also Republic of Panama v. BCCI Holdings (Luxembourg) S.A.*, 119 F.3d 935, 940 (11th Cir. 1997) ("As a general rule, courts should address issues relating to personal jurisdiction before reaching the merits of a plaintiff's claims" because "[a] defendant that is not subject to the jurisdiction of the court cannot be bound by its rulings.") (citing *Madara v. Hall*, 916 F.2d 1510, 1514 (11th Cir. 1990)). Indeed, the Eleventh Circuit has recognized that it is only permissible for district courts to bypass the personal jurisdiction issue under limited circumstances like where "a decision on the merits would favor the party challenging jurisdiction and *the jurisdictional issue is difficult.*" *Id.*, 941 (emphasis added).

Here, the complaint demonstrates that the conduct creating personal jurisdiction over all Defendants emanate from the same set of jurisdictional allegations. The complaint plausibly alleges that the center of the FTX fraud was Miami, Florida. *See* ECF No. 179 ¶ 13. Mr. Dabir was based in Miami and was in charge of "formulating and executing FTX's important celebrity partnerships." *See id*. ¶¶ 13–14; *see also id*. ¶ 732 ("Mr. Dabir was the senior FTX executive responsible for creating, consummating, and implementing deals between FTX and other Partners, such as …Stephen Curry, the Golden State Warriors, Naomi Osaka, [and] Larry David" all from FTX's Miami office).

While Defendants argue the Court should deviate from the rule and address the parties' pending Rule 12(b)(6) motion before it resolves the personal jurisdiction issues because there are multiple defendants and Court has jurisdiction over some of them,[7] because the jurisdictional

---

[7] ECF No. 381, 15 (citing *Chevron Corp. v. Naranjo*, 667 F.3d 232, 24 n.17 (2d Cir. 2012).

7

nexus for all Defendants emanates from the same conduct—namely, FTX's creation of Brand Ambassadorships with Defendants from the Miami office and its other promotional efforts from Miami, Florida—the underlying rationale for the exception does not apply. Thus, because "the jurisdictional issue is [not] difficult," *Republic of Panama*, 119 F.3d at 941, the Court should stick to the general rule and decide the personal jurisdiction issue before addressing the claims' merits.[8]

### 3. Plaintiffs' request for leave to amend should be granted.

"[U]nless a substantial reason exists to deny leave to amend, the discretion of the district court is not broad enough to permit denial." *Shipner v. E. Air Lines, Inc.*, 868 F.2d 401, 407 (11th Cir. 1989).[9] The Court can only deny leave to amend where any further amendment would be futile. *Silberman v. Miami Dade Transit*, 927 F.3d 1123, 1133 (11th Cir. 2019). Notably, "[t]he futility issue is concerned less with whether [a plaintiff] *has* otherwise stated a claim against the [defendant] than with whether, when all is said and done, he *can* do so." *Id.*

Should Plaintiffs be given the opportunity to seek jurisdictional discovery, "any such amendment" based on this discovery would *not* be futile. *See* ECF No. 381, 17; ECF No. 378, 13–14. As explained above, the jurisdictional discovery that Plaintiffs seek will confirm facts critical to the personal jurisdiction analysis, such as whether and how Defendants targeted Florida residents with their FTX promotions and whether Defendants offered to sell or sold unregistered securities to investors in Florida. Further, Defendants should not be permitted to argue that

---

[8] Necessarily, the Court's decision in *Keim v. ADF Midatlantic, LLC*, 2015 WL 13858827, at *1-2 (S.D. Fla. June 1, 2015) (ECF No. 378 at 15–16) is inapposite because it did not address whether the jurisdictional nexus for the non-Florida defendants emanate from the same conduct.

[9] *See also Moore v. Baker*, 989 F.2d 1129, 1131 (11th Cir. 1993) (holding that "a justifying reason must be apparent for denial of a motion to amend"); *Thomas v. Town of Davie*, 847 F.2d 771, 773 (11th Cir. 1988) ("a district court's discretion to dismiss a complaint without leave to amend is 'severely restrict[ed]' by Fed.R.Civ.P. 15(a), which directs that leave to amend 'shall be freely given when justice so requires'").

Plaintiffs have had "more than a dozen opportunities" to obtain the information for their theories of jurisdiction (ECF No. 381, 17) when, as Defendants well know, Plaintiffs have been trying, for months, to obtain from Defendants some of the requests included in Plaintiffs' motion, like their FTX agreements and basic documents concerning Defendants' FTX promotions, which Defendants have refused to provide. Plaintiffs' request for leave to amend should be granted.

## **CONCLUSION**

For the foregoing reasons, Plaintiffs respectfully request that the Court grant Plaintiffs' motion and enter an order granting leave for Plaintiffs to: (1) lift the stay of discovery; (2) conduct limited jurisdictional discovery in the manner described within sixty days of the Court's order on their motion; and (3) to file any amendments to the Administrative Complaints or oppositions to the pending motions within twenty days after completing that brief jurisdictional discovery.

Dated: November 27, 2023                                  Respectfully submitted,

| Plaintiffs' Co-Lead Counsel ||
|---|---|
| By: */s/ Adam Moskowitz*<br>Adam M. Moskowitz<br>Florida Bar No. 984280<br>Joseph M. Kaye<br>Florida Bar No. 117520<br>**THE MOSKOWITZ LAW FIRM, PLLC**<br>Continental Plaza<br>3250 Mary Street, Suite 202<br>Coconut Grove, FL 33133<br>Office: (305) 740-1423<br>adam@moskowitz-law.com<br>joseph@moskowitz-law.com<br>service@moskowitz-law.com | By: */s/ David Boies*<br>David Boies<br>Alex Boies<br>Brooke Alexander<br>**BOIES SCHILLER FLEXNER LLP**<br>333 Main Street<br>Armonk, NY 10504<br>Office: (914) 749-8200<br>dboies@bsfllp.com<br>aboies@bsfllp.com<br>balexander@bsfllp.com |
| **Plaintiffs' Promoter Committee Members** ||
| Barbara C. Lewis<br>Florida Bar No. 118114<br>**THE MOSKOWITZ LAW FIRM, PLLC**<br>Continental Plaza<br>3250 Mary Street, Suite 202<br>Coconut Grove, FL 33133<br>Office: (305) 740-1423<br>barbara@moskowitz-law.com<br>service@moskowitz-law.com | K. Rachel Lanier<br>Alex Brown<br>**THE LANIER LAW FIRM, P.C.**<br>10940 W. Sam Houston Pkwy N.<br>Houston, TX 77064<br>Telephone: (713) 659-5200<br>Rachel.Lanier@lanierlawfirm.com<br>Alex.Brown@lanierlawfirm.com |

## **CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on November 27, 2023, a true and correct copy of the foregoing was filed electronically with the Clerk of the Court, by using the CM/ECF system, causing a true and correct copy to be served on all counsel of record.

/s/ *Adam M. Moskowitz*
Adam M. Moskowitz