IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION
MDL No. 3076
Case No. 1:23-md-03076-KMM

**IN RE:**

**FTX Cryptocurrency Exchange Collapse Litigation**

This Document Relates To:

*Garrison, et al. v. Bankman-Fried, et al.*,
Case No. 22-cv-23753-MOORE/OTAZO-REYES

*Garrison, et al. v. Golden State Warriors, LLC, et al.*
Case No. 23-cv-23084-KMM

/

**DEFENDANT GOLDEN STATE WARRIORS, LLC'S REPLY BRIEF
IN SUPPORT OF MOTION TO DISMISS FOR FAILURE TO STATE A CLAIM**

GSW demonstrated in its opening brief that Plaintiffs' consumer protection claims under FDUTPA, UCL, and CPA should be dismissed because GSW is immune from liability as an alleged "publisher" of FTX's advertisements. ECF 277.[1] In their Opposition, Plaintiffs contend that the relevant publisher exemptions[2] do not support dismissal because: (1) application of the exemptions cannot be decided on the pleadings; (2) basketball teams are not publishers; and (3) GSW supposedly created the advertisements at issue. ECF 363. All these arguments fail.

First, Plaintiffs are wrong that deciding whether the publisher exemptions apply "is a question of fact unsuitable for resolution on a motion to dismiss." ECF 363 at 1. Courts routinely consider—and grant—motions to dismiss pursuant to these exemptions. *See, e.g., Sheridan v. iHeartMedia, Inc.*, 255 F. Supp. 3d 767, 775–79 (N.D. Ill. 2017) (granting motion to dismiss); *Karpinski v. Union Leader Corp.*, 2019 WL 3203144, at *8 (D.N.H. July 16, 2019) (same). The single case that Plaintiffs rely on, *Larach v. Standard Chartered Bank Int'l (Americas) Ltd.*, is inapposite. 724 F. Supp. 2d 1228 (S.D. Fla. 2010). The court there did not address the publisher exemption; it addressed a separate exemption for banks. *Id.* at 1238. The court held it was premature to address that exemption because plaintiffs alleged that the defendants were acting as brokers, not banks. *Id.* Here, Plaintiffs' own allegations—that GSW permitted FTX to advertise on GSW's basketball court, social media posts, and a bobblehead—establish that GSW was acting as a publisher. ECF 277 at 2. And because Plaintiffs do not plead that GSW *knew* the FTX logo allegedly published by GSW was deceptive, the publisher exemptions bar Plaintiffs' claims. *Id.*

Second, Plaintiffs' argument that the publisher exemptions do "not apply to professional basketball teams"[3] lacks any support and is contradicted by the plain language of the statutes. ECF

---

[1] All defined terms have the meaning set forth in the opening brief. ECF 277.
[2] Fla. Stat. § 501.212(2); Cal. Bus. & Prof. Code § 17502; Okla. Stat. Ann. tit. 15, § 754(1).
[3] GSW is not a basketball team; it is a limited liability company that *owns* a basketball team.

1

361 at 2-3.  Both the FDUTPA and CPA exemptions broadly apply to *any* "person engaged in the dissemination of information or the reproduction of printed or pictorial matter."  Fla. Stat. § 501.212(2); *see* Okla. Stat. Ann. tit. 15, § 754(1) (exemption applies to "[p]ublishers, broadcasters, printers or *other persons*") (emphasis added).  The UCL does not contain the exact same language, but the exemption similarly covers a broad array of people involved in "publishing."  Cal. Bus. & Prof. Code § 17502.  Nothing in these broadly-worded statutes supports Plaintiffs' argument that GSW is categorically barred from invoking the publisher exemption, and Plaintiffs tellingly cite no authority in support of their cramped interpretation of the statutes.[4]

Finally, Plaintiffs' argument that GSW is not a publisher because it "personally created and issued the [FTX] advertisements" has zero support in the Complaint.  ECF 363 at 2.  All Plaintiffs allege is that GSW permitted FTX's logo to appear on GSW's court, social media posts, and a bobble head.  ECF 179 ¶¶ 474, 479, 480, 482.[5]  But the only thing supposedly deceptive about these acts is the FTX logo itself, and there are no allegations that GSW "personally created" this logo.

GSW's motion should be granted for these reasons and those stated in the opening brief.

---

[4] *Soverino v. State*, 356 So.2d 269, 273 (Fla. 1978) is not about the publisher exemption, and *Commonwealth ex rel. Creamer v. Monumental Props., Inc.*, 329 A.2d 812, 827–28 (Pa. 1974) is not about the statutes in this case and does not limit the application of the publisher exemption.

[5] Plaintiffs also reference their claim that GSW "participated in the sale of YBAs and FTTs," ECF 363 at 1, but that is about Plaintiffs' securities claims, not the consumer protection claims at issue in this motion; *see also id.* at 1, 2 (referencing allegations about NFTs and GSW's business agreement with FTX that are not alleged to violate the consumer protection statutes).

2

Dated: December 6, 2023

Respectfully submitted,

By: /s/        *Roberto Martínez*
Roberto Martínez (FBN 305596)
Stephanie A. Casey (FBN 97483)
Zachary Lipshultz (FBN 123594)
Thomas A. Kroeger (FBN 0019303)
255 Alhambra Circle, Penthouse
Coral Gables, Florida 33134
Phone: 305.476.7400
bob@colson.com
scasey@colson.com
zach@colson.com
tom@colson.com

GIBSON, DUNN & CRUTCHER LLP

Matthew S. Kahn (*pro hac vice*)
Michael J. Kahn (*pro hac vice*)
555 Mission Street, Suite 3000
San Francisco, CA 94105-0921
Phone: 415.393.8200
MKahn@gibsondunn.com
MJKahn@gibsondunn.com

Michael Dore (*pro hac vice*)
Jamila MacEbong (*pro hac vice*)
333 South Grand Avenue
Suite 4600
Los Angeles, CA 90071-3197
Phone: 213.229.7155
MDore@gibsondunn.com
JMacEbong@gibsondunn.com

Attorneys for Defendant
GOLDEN STATE WARRIORS, LLC

3

**CERTIFICATE OF SERVICE**

I hereby certify that on this 6th day of December, 2023, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF. I also certify that the foregoing document is being served this day on all counsel of record via transmission of Notices of Electronic Filing generated by CM/ECF.

*/s/ Roberto Martínez*
Roberto Martínez