**IN THE UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**
**MIAMI DIVISION**
MDL No. 3076
Case No. 1:23-md-03076-KMM

**IN RE:**

**FTX Cryptocurrency Exchange Collapse Litigation**

---

This Document Relates To:

*Garrison, et al. v. Bankman-Fried, et al.*,
Case No. 22-cv-23753-MOORE/OTAZO-REYES

______________________________________________/

**DEFENDANTS STEPHEN CURRY, LARRY DAVID, GOLDEN STATE WARRIORS, LLC, NAOMI OSAKA, AND SOLOMID CORPORATION'S REPLY IN SUPPORT OF MOTION TO DISMISS FOR LACK OF PERSONAL JURISDICTION**

**TABLE OF CONTENTS**

Page

ARGUMENT ........................................................................................................................ 1

1. There Is No Specific Jurisdiction Under Florida's Long Arm Statute .................. 2
2. Exercising Personal Jurisdiction Does Not Comport with Due Process................ 4
3. The Florida Action Also Should Be Dismissed For Improper Claim Splitting........................................................................................................ 7
4. No Jurisdictional Discovery Is Warranted ............................................................ 8

Plaintiffs' Opposition ("Opp." ECF 353) confirms that the California Defendants should be dismissed from the Florida Action for lack of personal jurisdiction.[1] Plaintiffs concede that there is no general jurisdiction over the California Defendants and only argue there is specific jurisdiction. But Plaintiffs' 312-page complaint does not allege that any tort by any California Defendant occurred in Florida, or that any cause of action arises from tortious acts committed by any California Defendant within the state. Instead, Plaintiffs' frivolous claims are based on alleged FTX promotions that did not target Florida and that Plaintiffs do not even allege they saw. Plaintiffs' fallback argument regarding conspiracy allegations fares no better because the allegations do not reflect any illicit agreement, let alone one based in Florida.

The most that Plaintiffs can muster to carry their burden of showing personal jurisdiction is that alleged advertisements "were accessible in Florida." Opp. at 11. But the Eleventh Circuit squarely rejected this argument earlier this year in holding that "allegations that [an allegedly tortious statement] was accessible and accessed in Florida" are *insufficient* to establish a defendant's invocation of the benefit of Florida's laws. *McCall v. Zotos*, No. 22-11725, 2023 WL 3946827, at *5 (11th Cir. June 12, 2023).

There simply is no legitimate reason for maintaining the Florida Action against the California Defendants. The merits of Plaintiffs' claims against the California Defendants can be (and are being) tested in the California actions. This Motion should be granted so the Court and parties can focus on the actual merits of Plaintiffs' claims instead of wasting additional resources on what Plaintiffs admit is "unnecessary motion practice." June 21, 2023 Hr'g Tr. at 7, 15.

**ARGUMENT**

Plaintiffs do not dispute they fail to plead facts establishing general jurisdiction over the

[1] All defined terms have the meaning set forth in ECF 268 ("Motion" or "Mot.").

California Defendants. Mot. at 7. This Motion thus turns on whether Plaintiffs have pleaded sufficient facts to establish specific jurisdiction. There is no dispute that Plaintiffs are required to plead factual allegations sufficient to make a *prima facie* showing of personal jurisdiction as to each defendant and that "vague and conclusory allegations . . . are insufficient to establish a prima facie case of personal jurisdiction." Mot. at 6 (quoting *Snow v. DirecTV, Inc.*, 450 F.3d 1314, 1318 (11th Cir. 2006)). The Opposition confirms that Plaintiffs have failed to meet their pleading burden to establish both that there is jurisdiction under Florida's long arm statute *and* that jurisdiction would comport with due process; to the contrary, Plaintiffs establish neither.

**1. There Is No Specific Jurisdiction Under Florida's Long Arm Statute**

The California Defendants established that Florida's long arm statute does not confer jurisdiction because Plaintiffs fail to plead tortious acts in Florida and connexity. Mot. at 8-10.

Plaintiffs' main argument in their Opposition is that the California Defendants' alleged ads "were accessible *and* were accessed in Florida." Opp. at 5-6. But Plaintiffs cite no allegation in support of this assertion, and for good reason: not one Plaintiff pleaded facts showing that they viewed or heard *any* ad involving a California Defendant, let alone in Florida.

This pleading failure distinguishes Plaintiffs' allegations from those in the inapposite cases that Plaintiffs cite, which involved infringement and defamatory posts that constituted tortious conduct in Florida. Opp. at 4-6; *see Horizon Aggressive Growth, L.P. v. Rothstein-Kass, P.A.*, 421 F.3d 1162, 1168 (11th Cir. 2005) (allegedly fraudulent calls made to plaintiff in Florida); *Licciardello v. Lovelady*, 544 F.3d 1280, 1283 (11th Cir. 2008) (website allegedly "individually targeted" Florida resident); *Internet Sols. Corp. v. Marshall*, 611 F.3d 1368, 1370 (11th Cir. 2010) (post both accessible *and accessed* in Florida may satisfy long arm statute); *Louis Vuitton Malletier, S.A. v. Mosseri*, 736 F.3d 1339, 1354 (11th Cir. 2013) (allegedly infringing products sold through website into Florida); *Tobinick v. Novella*, 2015 WL 328236, at *4 (S.D. Fla. Jan. 23,

2015) (website referenced Florida and was "accessible, and accessed, in Florida"); *DCS Real Est. Invs., LLC v. Bella Collina Events, LLC*, 2015 WL 628586, at *2 (M.D. Fla. Feb. 12, 2015) (defendant "solicited business through Florida using at least three websites"). By contrast, Plaintiffs have not pleaded that any California Defendant targeted ads to Florida or that Plaintiffs "accessed" any such ads in Florida.

Even if Plaintiffs adequately alleged tortious conduct in Florida, Plaintiffs also do not allege any causal connection between *the California Defendants'* activities in Florida and Plaintiffs' claims. *Id.* "[S]pecific jurisdiction requires connexity, or in other words some direct affiliation, nexus, or substantial connection between the cause of action and the [defendant's] activities within the state." *Kilma v. Carnival Corp.*, 2008 WL 4559231, *2 (S.D. Fla. Oct. 10, 2008) (internal quotations omitted) (Moore, J.). Plaintiffs do not allege a sufficient link between the California Defendants' purported tortious conduct and the State of Florida. *See* Opp. at 8-9. This alone requires dismissal. Mot. at 10.

Plaintiffs' argument that their conspiracy claim satisfies the long arm statute similarly fails. Opp. at 6-9. Unlike in the cases cited in the Opposition, Plaintiffs have not come close to adequately alleging a conspiracy. Mot. at 9. As this Court has recognized, "[c]ourts in Florida will 'decline to apply the co-conspirator theory to extend jurisdiction over nonresidents if the plaintiff fails to plead with specificity any facts supporting the existence of the conspiracy and provides nothing more than vague and conclusory allegations regarding a conspiracy involving the defendants.'" *Oueiss v. Saud*, 2022 WL 1311114, at *14-15 (S.D. Fla. Mar. 29, 2022) (Moore, J.) (quoting *Parisi v. Kingston*, 314 So.3d 656, 661 (Fla. Dist. Ct. App. 2021)). That is the case here.

Plaintiffs do not—and cannot—explain how the California Defendants' entry into routine advertising agreements amounts to an illegal conspiracy. The only example Plaintiffs could come

up with of purportedly "unlawful actions" underlying their conspiracy claim is an allegation that "Osaka [was] wearing the FTX logo during the Miami Open." Opp. at 8. The notion that this allegation suggests anything "unlawful" is absurd on its face.[2] There are zero allegations in the ACAC that support conspiracy jurisdiction over the California Defendants.

**2. Exercising Personal Jurisdiction Does Not Comport with Due Process**

Plaintiffs likewise cannot overcome the California Defendants' showing that exercising jurisdiction over them would violate the due process clause of the U.S. Constitution.

Plaintiffs fail to meet the first prong of the due process test because there is no connection between their claims and the California Defendants' alleged contacts with Florida. Plaintiffs argue their claims "relate to" the California Defendants' contacts with Florida because "but for Defendants' FTX promotions, there would be no claim before this Court." Opp. at 9. This argument fails because Plaintiffs cite no allegations supporting this assertion. Nor could they: Plaintiffs have failed to allege that any California Defendant's contact with Florida gives rise to Plaintiffs' claims. ACAC ¶¶ 39-54 (not specifically referencing Florida or any California Defendant, and lumping together all MDL Defendants).

Even if Plaintiffs had alleged such facts, Plaintiffs' "but for" theory still would be insufficient as a matter of law. The Supreme Court has rejected the premise that a defendant can be haled into court in any jurisdiction where an alleged injury arguably related to their conduct may have occurred. *See, e.g.*, *World–Wide Volkswagen Corp. v. Woodson*, 444 U.S. 286, 297–98

---

[2] The isolated act of wearing a logo on her uniform at one tournament in Miami also is patently insufficient to establish the required "substantial connection" between Ms. Osaka and Florida that would make litigation there reasonably foreseeable. *See Burger King v. Rudzewicz*, 471 U.S. 462, 475 & n.18 (1985); *see* Mot. at 8 n.6.

(1980) (rejecting a "but for" theory of personal jurisdiction). And the Eleventh Circuit has long rejected the "over-inclusive" "but-for approach" to satisfying the due process "relatedness requirement" that Plaintiffs advocate here. *Oldfield v. Pueblo De Bahia Lora, S.A.*, 558 F.3d 1210, 1223 (11th Cir. 2009); *see also Fraser v. Smith*, 594 F.3d 842, 851 (11th Cir. 2010). For example, in *Oldfield*, the plaintiff sued a Costa Rican resort because of an injury suffered on a boat trip while vacationing at the resort. The plaintiff argued there was personal jurisdiction over the resort because "but for" the resort's website promoting itself (accessible in the U.S.), plaintiff never would have gone on vacation, and thus never would have suffered any injury. The Eleventh Circuit held that "the nexus between [plaintiff's] injury and the internet contact is too remote to satisfy the relatedness requirement." 558 F.3d at 1223.

The same is true here. Plaintiffs allege they were injured by FTX's collapse, which was caused by FTX's fraud. *E.g.*, ACAC ¶¶ 31, 186-187. Even assuming Plaintiffs had alleged they never would have become FTX customers "but for" the California Defendants' advertising efforts (they do not), the connection between these ads and Plaintiffs' injuries caused by FTX's fraud is too "tenuous" to satisfy the relatedness requirement. Doing so "would not only contravene the fairness principles that permeate the jurisdictional due process analysis, but would also interpret the requirement so broadly as to render it virtually meaningless." *Oldfield*, 558 F.3d at 1223-24.

Plaintiffs also fail to satisfy the second prong of the due process test—purposeful availment—because they do not plead facts showing that the California Defendants deliberately targeted Florida with their alleged advertising efforts. Mot. at 12-13. This is dispositive under either the "effects" test (Opp. at 10) or the "minimum contacts" test (Opp. at 11) because both require that a defendant "purposefully direct[]" or "specifically direct[]" the allegedly tortious activity at the forum. *See, e.g.*, *Miller v. Gizmodo Media Grp., LLC*, 383 F. Supp. 3d 1365, 1374

(S.D. Fla. 2019) (effects test); *id.* at 1375 (minimum contacts test).

Plaintiffs argue they have satisfied the purposeful availment prong merely because the alleged ads "were accessible throughout the entire world" and specifically "were accessible in Florida and viewed by Plaintiffs in Florida." Opp. at 11. To begin with, Plaintiffs do not plead they "viewed" any of the alleged ads (in Florida or anywhere else). ACAC ¶¶ 39-54. Even putting that aside, Supreme Court and Eleventh Circuit authority shows that Plaintiffs are wrong.

With respect to the *Calder* "effects test," Plaintiffs have not come close to showing the "ample" "forum contacts" that the defendant had established in that case. *See Walden*, 571 U.S. at 287 (distinguishing *Calder v. Jones*, 465 U.S. 783 (1984)). In *Calder*, unlike here, the forum state was the "focal point" of the alleged conduct at issue (a defamatory newspaper story); it was where the "brunt" of the injury was suffered; it was where the story was based and from where it was sourced; and it was the state with the newspaper's largest circulation. *See Walden*, 571 U.S. at 287–88 & n.7. Plaintiffs have alleged nothing remotely comparable here. *See Briskin v. Shopify, Inc*., No. 22-15815, at *32 (9th Cir. Nov. 28, 2023) (refusing jurisdiction over a nationally-available online platform to prevent potential "specific jurisdiction in every state").

With respect to "minimum contacts," the Supreme Court has consistently held that personal jurisdiction must arise out of contacts the "*defendant himself*" creates specifically with the forum state. *Burger King*, 471 U.S. at 475. It is *not* enough to merely allege that harm (even foreseeable harm) occurred in a forum (*World-Wide Volkswagen Corp*, 444 U.S. at 297); that plaintiffs or third-parties have a connection to it (*Walden*, 571 U.S. at 288); or that the defendant conducted "unconnected activities" there. *Bristol-Myers Squibb Co. v. Superior Ct. of California*, 582 U.S. 255, 264 (2017). Indeed, the Eleventh Circuit expressly rejected Plaintiffs' "access" theory, holding that "allegations that [an allegedly tortious statement] was accessible and accessed in

Florida" are insufficient to establish purposeful availment where that statement is equally "accessible in all 50 states." *McCall*, 2023 WL 3946827, at *5. Plaintiffs claim *McCall* is distinguishable because "the alleged tortious conduct and/or injury did not occur in Florida." Opp. at 12. That is false: the *McCall* plaintiffs alleged they were harmed *in Florida* by a defamatory internet review accessed by a *Florida* resident, and the Eleventh Circuit held that the tort occurred *in Florida* for purposes of the long arm statute. 2023 WL 3946827, at *1, *3. Because the Eleventh Circuit has rejected Plaintiffs' purposeful availment theory,[3] the Motion should be granted.

Finally, on the third due process prong—whether exercising jurisdiction would be unfair—Plaintiffs' primary argument is that the California Defendants face no burden in litigating the Florida Action because they also are defendants in the California actions pending in this MDL. Opp. at 13. Plaintiffs' attempt to weaponize their improper claim-splitting is belied by the fact that the California actions are only in Florida for pre-trial proceedings, while any trial in those actions would occur in California. There is no question that forcing the California Defendants to defend duplicative trials in California (for the California actions) and in Florida (for the Florida Action) is burdensome. And Plaintiffs' contention that the parties' respective burdens for hiring local counsel are "neutral at best" (Opp. at 14) is perplexing, as it is Plaintiffs that brought the California actions (in any event, Plaintiffs' counsel Boies Schiller has two offices in California).

**3. The Florida Action Also Should Be Dismissed For Improper Claim Splitting**

The Florida Action may independently be dismissed under the claim splitting doctrine.

---

[3] Plaintiffs' lone citation in support of their argument, *Gubarev v. Buzzfeed, Inc.*, 253 F. Supp. 3d 1149, 1161 (S.D. Fla. 2017)—which held there was jurisdiction where a website allegedly was "accessible" and "accessed" in Florida—was decided before the Eleventh Circuit made clear in *McCall* that such allegations are insufficient. 2023 WL 3946827, at *5.

Mot. at 15. Plaintiffs respond that the doctrine does not apply in the MDL context, citing *In re Zantac Products Liability Litigation*, 546 F. Supp. 3d 1152 (S.D. Fla. 2021). Opp. at 14. But "cases consolidated for MDL pretrial proceedings ordinarily retain their separate identities" (*Gelboim v. Bank of Am. Corp*., 574 U.S. 405, 406 (2015)), so the claim splitting doctrine applies to them with equal force. *See In re Takata Airbag Prod. Liab. Litig.*, 379 F. Supp. 3d 1333, 1342 (S.D. Fla. 2019); *see also In re Chiquita Brands Int'l, Inc. Alien Tort Statute & S'holder Deriv. Litig*., 2018 WL 11251118, at *5 (S.D. Fla. Aug. 13, 2018). Moreover, *Zantac* is distinguishable. There, the court had "expressly granted the Plaintiffs permission" to file separate complaints to help the court "manage [its] docket." 546 F. Supp. 3d at 1182 (alteration in original). Here, the Court never authorized or endorsed Plaintiffs filing duplicative lawsuits in two different forums—especially where Plaintiffs represented they would file actions in California to moot "unnecessary motion practice" over personal jurisdiction. *See* June 21, 2023 Hr'g Tr. at 7, 15.

**4. No Jurisdictional Discovery Is Warranted**

Plaintiffs seek jurisdictional discovery to try to redeem their complaint's obvious jurisdictional flaws. But their request for jurisdictional discovery is an unwarranted and improper fishing expedition. *See* ECF 381 (opposition to Plaintiffs' motion for leave to conduct jurisdictional discovery). The Court lacks jurisdiction because of Plaintiffs' failure to allege any meaningful connection to Florida (*see supra* at 2-7), not for lack of information about the California Defendants. The declarations filed by Curry and David do not dispute any of Plaintiffs' factual allegations, and GSW, Osaka, and Solomid did not submit any evidence at all. Plaintiffs have not cited one case that granted jurisdictional discovery where the defendant only opposed jurisdiction on the complaint's face without presenting contrary evidence. *See* ECF 390 at 5 (citing *Peach.com, LLC v. Peachly, LLC*, 2021 WL 7542983, at *1 (S.D. Fla. June 16, 2021) (authorizing jurisdictional discovery because of factual dispute created by defendants' declaration)).

DATED: December 6, 2023

Respectfully submitted,

McDERMOTT WILL & EMERY LLP

By: */s/ Nathan Bull*
Nathan Bull (FBN 1029523)
333 SE 2nd Ave Suite 4500
Miami, FL 33131
(212) 547-5768
nbull@mwe.com

Jason D. Strabo (*pro hac vice*)
Ellie Hourizadeh (*pro hac vice*)
2049 Century Park East, Suite 3200
Los Angeles, CA 90067
(310) 788-4125
jstrabo@mwe.com
ehourizadeh@mwe.com

Sarah P. Hogarth (*pro hac vice*)
500 North Capitol Street NW
Washington, DC 20001
(202) 756-8354
shogarth@mwe.com

Attorneys for Defendant
STEPHEN CURRY

MARCUS NEIMAN RASHBAUM & PINEIRO LLP

By: */s/ Jeffrey Neiman*
Jeffrey Neiman (FBN 544469)
100 Southeast Third Avenue, Suite 805
Fort Lauderdale, FL 33394
(954) 462-1200
jneiman@mnrlawfirm.com

Jeffrey Marcus (FBN 310890)
Michael Pineiro (FBN 041897)
Brandon Floch (FBN 125218)
2 South Biscayne Blvd., Suite 2530
Miami, FL 33131
(305) 400-4260
jmarcus@mnrlawfirm.com

COLSON, HICKS, EIDSON, P.A.

By: */s/ Roberto Martinez*
Roberto Martínez (FBN 305596)
Stephanie A. Casey (FBN 97483)
Zachary Lipshultz (FBN 123594)
Thomas A. Kroeger (FBN 0019303)
255 Alhambra Circle, Penthouse
Coral Gables, Florida 33134
Phone: 305.476.7400
bob@colson.com
scasey@colson.com
zach@colson.com
tom@colson.com

GIBSON, DUNN & CRUTCHER LLP

Matthew S. Kahn (*pro hac vice*)
Michael J. Kahn (*pro hac vice*)
555 Mission Street, Suite 3000
San Francisco, CA 94105-0921
Phone: 415.393.8200
MKahn@gibsondunn.com
MJKahn@gibsondunn.com

Michael Dore (*pro hac vice*)
Jamila MacEbong (*pro hac vice*)
333 South Grand Avenue
Suite 4600
Los Angeles, CA 90071-3197
Phone: 213.229.7155
MDore@gibsondunn.com
JMacEbong@gibsondunn.com

Attorneys for Defendants
GOLDEN STATE WARRIORS, LLC and NAOMI OSAKA

COLSON, HICKS, EIDSON, P.A.

By: */s/ Roberto Martinez*
Roberto Martínez (FBN 305596)

mpineiro@mnrlawfirm.com
bfloch@mnrlawfirm.com

BERK BRETTLER LLP

Andrew B. Brettler (*pro hac vice*)
9119 Sunset Boulevard
West Hollywood, CA
(310) 278-2111
abrettler@berkbrettler.com

Attorneys for Defendant
SOLOMID CORPORATION

Stephanie A. Casey (FBN 97483)
Zachary Lipshultz (FBN 123594)
Thomas A. Kroeger (FBN 0019303)
255 Alhambra Circle, Penthouse
Coral Gables, Florida 33134
Phone: 305.476.7400
bob@colson.com
scasey@colson.com
zach@colson.com
tom@colson.com

LATHAM & WATKINS LLP

Andrew Clubok (*pro hac vice*)
Susan E. Engel (*pro hac vice*)
Brittany M.J. Record (*pro hac vice*)
555 Eleventh Street, N.W., Suite 1000
Washington, D.C. 20004-1304
Tel: +1.202.637.2200
Fax: +1.202.637.2201
andrew.clubok@lw.com
susan.engel@lw.com
brittany.record@lw.com

Marvin S. Putnam (*pro hac vice*)
Jessica Stebbins Bina (*pro hac vice*)
Elizabeth A. Greenman (*pro hac vice*)
10250 Constellation Blvd., Suite 1100
Los Angeles, CA 90067
Tel: +1.424.653.5500
Fax: +1.424.653.5501
marvin.putnam@lw.com
jessica.stebbinsbina@lw.com
elizabeth.greenman@lw.com

Michele D. Johnson (*pro hac vice*)
650 Town Center Drive, 20th Floor
Costa Mesa, CA 92626-1925
Tel: +1.714.540.1235
Fax: +1.714.755.8290
michele.johnson@lw.com

Attorneys for Defendant
LAWRENCE GENE DAVID

**CERTIFICATE OF SERVICE**

I hereby certify that on this 6th day of December, 2023, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF. I also certify that the foregoing document is being served this day on all counsel of record via transmission of Notices of Electronic Filing generated by CM/ECF.

*/s/ Roberto Martinez*
Roberto Martínez