IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA, MIAMI DIVISION
Case No. 1:23-md-03076-KMM

**IN RE:**

**FTX Cryptocurrency Exchange Collapse Litigation**

This Document Relates To:

*Chernyavsky, et al.* v. *Temasek Holdings (Private) Limited, et al.*
Case No. 1:23-cv-22960 (S.D. Fla.)

*Cabo, et al.* v. *Temasek Holdings (Private) Limited, et al.*
No. 1:23-cv-23212 (S.D. Fla.)

/

**SINO GLOBAL CAPITAL HOLDINGS, LLC'S REPLY IN FURTHER SUPPORT OF
ITS MOTION TO DISMISS THE [CORRECTED] ADMINISTRATIVE CLASS ACTION
COMPLAINT FOR INSUFFICIENT SERVICE OF PROCESS**

TABLE OF CONTENTS

ARGUMENT ................................................................................................................................. 1
CONCLUSION ............................................................................................................................. 2

## **TABLE OF AUTHORITIES**

**Page(s)**

**Cases**

*Laltitude, LLC v. Freshetech, LLC*,
    2022 WL 14636889 (M.D. Fla. Oct. 24, 2022) ............................................................................1

*Vega Glen v. Club Mediterranee S.A.*,
    359 F. Supp. 2d 1352 (S.D. Fla. 2005) ......................................................................................2

**Other Authorities**

Fed. R. Civ. P. 42.............................................................................................................................1

Fed. R. Civ. P. 12(b)(5)....................................................................................................................1

Sino Global Capital Holdings, LLC ("SG Capital Holdings") respectfully submits this reply in further support of its motion to dismiss (Dkt. #299, the "Motion") the [Corrected] Administrative Class Action Complaint (Dkt. #182, the "Amended Complaint") for insufficient service of process pursuant to Rule 12(b)(5).

## ARGUMENT

After a defendant satisfies its initial burden of challenging the sufficiency of process, the burden shifts to the plaintiffs to prove a *prima facie* case of proper service. *See Laltitude, LLC v. Freshetech, LLC*, 2022 WL 14636889 (M.D. Fla. Oct. 24, 2022). Plaintiffs have utterly failed to establish that *prima facie* case here.

Plaintiffs do not contest that they did not serve the Amended Complaint on SG Capital Holdings.[1] Rather, Plaintiffs' Opposition (Dkt. #360, the "Opp.") argues that they did not need to serve the Amended Complaint because it is not a "master" pleading, but rather an "administrative summar[y] of [plaintiffs'] claims for ease of the MDL proceedings." Opp. at 3.

On August 3, 2023, the Court ordered that all outstanding discovery was stayed "to allow Plaintiffs to prepare their Amended Complaints." Dkt. #152 (emphasis added). The Amended Complaint itself specifically states, "Plaintiffs hereby file this [Complaint] pursuant to Rule 42 of the Federal Rules of Civil Procedure as the controlling document for pre-trial purposes…" Dkt. #182 at 1 (emphasis added). On August 25, 2023, the Court ordered that Defendants were permitted to file motions to dismiss "in response to each Amended Complaint that they are named as a Party in." Dkt. #216. That Amended Complaint that is the subject of various motions to dismiss, including this one, is the "controlling document" according to Plaintiffs. And it is

---

[1] Because SG Capital Holdings' counsel did not make an appearance in this litigation until after the filing of the Amended Complaint, and because the Amended Complaint superseded the prior complaints, Plaintiffs were required to serve the Amended Complaint on SG Capital Holdings.

1

undisputed that such Amended Complaint was not served on SG Capital Holdings. Without an attempt at proper service, this Court should reject Plaintiffs' request to quash and perfect service.

The Motion also noted that another Defendant, Sino Global Capital Limited ("SG Capital Limited"), had not been served at all, and thus had not yet responded to the Amended Complaint on any grounds. Plaintiffs do not contest that they have not served SG Capital Limited with any process. Instead, Plaintiffs reiterate their prior motion to serve SG Capital Limited via email and U.S. counsel and make conclusory allegations that SG Capital Limited and SG Capital Holdings act as a single entity. Opp. at 1.

Plaintiffs' motion for alternate service has already been fully briefed, and should be denied for the reasons set forth in SG Capital Limited's Opposition to that motion. Dkt. #331.

It is unclear what legal significance Plaintiffs place on their conflation of SG Capital Limited and SG Capital Holdings. Regardless, even if SG Capital Holdings was SG Capital Limited's wholly-owned subsidiary (it is not), "[t]he fact that a party served within the state is a wholly owned subsidiary of another company does not, by itself, support substituted service under Florida law." *Vega Glen v. Club Mediterranee S.A.*, 359 F. Supp. 2d 1352, 1356 (S.D. Fla. 2005). Therefore, even purported proper service on SG Capital Holdings would not suffice as proper service on SG Capital Limited (if that is what Plaintiffs are arguing).

Finally, although legally irrelevant, Plaintiffs make false statements about attempts to serve an individual who (contrary to Plaintiffs' contention) was not an officer or director of a Defendant. Opp. at 1-2. Plaintiffs' process server repeatedly harassed such individual's parents – including threatening to stalk his mother. Plaintiffs' underhanded tactics should not be countenanced.

## CONCLUSION

For the foregoing reasons, the claims against SG Capital Holdings should be dismissed for insufficient service of process.

2

Dated:  December 6, 2023

/s/ *Jason P. Gottlieb*
Jason P. Gottlieb
Michael Mix
Vani Upadhyaya
MORRISON COHEN LLP
909 Third Avenue
New York, New York 10022
Telephone: (212) 735-8600
Email: jgottlieb@morrisoncohen.com
          mmix@morrisoncohen.com
          vupadhyaya@morrisoncohen.com

*Counsel for Defendant Sino Global Capital Holdings LLC*

**CERTIFICATE OF SERVICE**

I hereby certify that on this 6th day of December, 2023, I e-filed a true and correct copy of the foregoing document using the Court's CM/ECF system, which will send a notice of electronic filing to all counsel of record.

*/s/ Jason P. Gottlieb*