IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

MDL No. 3076
Case No. 1:23-md-03076-KMM

IN RE:

FTX Cryptocurrency Exchange Collapse Litigation

This Document Relates To:

*Garrison, et al. v. Kevin Paffrath, Graham Stephan,
Andrei Jikh, Jaspreet Singh, Brian Jung,
Jeremy Lefebvre, Tom Nash, Ben Armstrong,
Erika Kullberg, and Creators Agency, LLC*,
Case No. 23-cv-21023

/

### YOUTUBER DEFENDANTS' REPLY TO PLAINTIFFS' RESPONSE IN OPPOSITION TO DEFENDANTS' MOTION TO DISMISS PURSUANT TO FRCP 12(b)(2)

Defendants Graham Stephan, Andrei Jikh, Jaspreet Singh, Brian Jung, Jeremy Lefebvre, Erika Kullberg, and Creators Agency LLC (collectively, the "YouTuber Defendants" or "Movants"), hereby reply to the response (the "Opposition") (ECF No. 353) which Plaintiffs filed in opposition to the YouTuber Defendants' Motion to Dismiss pursuant to FRCP 12(b)(2) (ECF No. 266).[1]

---

[1] Plaintiffs Opposition also responds to the Defendants Stephen Curry, Larry David, Golden State Warriors, LLC, Naomi Osaka, and Solomid Corporation's ("California Defendants") Motion to Dismiss for Lack of Personal Jurisdiction (ECF 268).

I. INTRODUCTION

Plaintiffs' have failed to meet their burden of establishing that this court has general or specific jurisdiction over the YouTuber Defendants. Plaintiffs' Amended Complaint (ECF No. 179) fails to allege sufficient facts to establish the Court's jurisdiction over the YouTuber Defendants, and likewise, Plaintiffs' Opposition woefully fails to establish that this Court's exercise of jurisdiction over the YouTuber Defendants is proper.

First, the Opposition fails to address the YouTuber Defendants' arguments against general jurisdiction, conceding that the Court cannot properly exercise general jurisdiction over the YouTuber Defendants.

Moreover, the Opposition reinforces the fact that Plaintiffs cannot allege a *prima facie* case of specific personal jurisdiction. Plaintiffs continue to improperly lump all of the YouTuber Defendants, as well as the California Defendants, together in an effort to establish specific jurisdiction, which is the same infirmity that effects the Amended Complaint. Plaintiffs' allegations fail to provide any substantive detail establishing how their tort claims arise from the YouTuber Defendants' alleged communications—if any—on the internet at large. Moreover, Plaintiffs' allegations lack the required level of specificity to allow this Court to determine whether the YouTuber Defendants' alleged tortious conduct was purposefully directed at Florida as required for both long-arm jurisdiction and the due process inquiry.

Finally, given Plaintiffs' failure to establish a *prima facie* case based on their woefully inadequate allegations, and for the reasons set forth in the YouTuber Defendants Response in Opposition to the Plaintiffs' Omnibus Motion (ECF No. 378), Plaintiffs' request for jurisdictional discovery should be denied. Dismissal is required.

II. ARGUMENT

    A. **Plaintiffs Concede there is No General Jurisdiction Over the YouTuber Defendants.**

Plaintiffs concede the Court may not properly exercise general jurisdiction by failing to address the YouTuber Defendants' lack of general jurisdiction argument in this case. *See Emrit v.*

1

*Universal Music Grp.*, No. 8:19-CV-2562-T-33SPF, 2020 WL 4751446, at *5-6 (M.D. Fla. Aug. 17, 2020), aff'd, 833 F. App'x 333 (11th Cir. 2021) (by failing to address the defendant's personal jurisdiction argument in his responsive brief, plaintiff conceded that personal jurisdiction did not exist over the defendant); *see also Melendez v. Town of Bay Harbor Islands*, No. 14-22383-CIV, 2014 WL 6682535, at *7 (S.D. Fla. Nov. 25, 2014); *Brady v. Medtronic, Inc.*, No. 13-CV-62199-RNS, 2014 WL 1377830, at *6 (S.D. Fla. Apr. 8, 2014).

Plaintiffs' failure to address general jurisdiction is understandable given that the individual YouTuber Defendants are all domiciled outside of Florida and Defendant Creators Agency LLC is incorporated in Wyoming. None of the YouTuber Defendants can be "fairly regarded as at Home" in the State of Florida so as to comport with the U.S. Supreme Court's standard for general jurisdiction. *Daimler AG v. Bauman*, 571 U.S. 117, 137 (2014).

### B.   Plaintiffs' Amended Complaint Fails to State a *Prima Facie* Case of Specific Jurisdiction Under Fla. Stat. 48.193(1)(a)(2).

Plaintiffs' Opposition makes the bare assertion that "Plaintiffs have sufficiently alleged specific jurisdiction over **Defendants** for committing tortious acts within Florida under Fla. Stat. § 48.193(1)(a)(2)." (ECF 353, at pg. 4) (emphasis added). However, generalized jurisdictional allegations that are "non-specific statements providing 'labels and conclusions' or a 'formulaic recitation of the elements of [jurisdiction]'… 'do no establish a prima facie case of personal jurisdiction'"). *See In re Zantac (Ranitidine) Prods. Liab. Litig.*, 2020 WL 6907056, at *4 (S.D. Fla. Nov. 24, 2020). Not only do Plaintiffs rely on conclusory and formulaic allegations, but Plaintiffs' Opposition continues the Amended Complaint's trend of directing all of its conclusory jurisdictional allegations towards all of the "Defendants," lumping together 21 defendants, including the California Defendants, with the YouTuber Defendants, none of which are in California. In doing so, Plaintiffs cannot allege a *prima facie* case of personal jurisdiction because there are no specific jurisdictional allegations directed towards any specific YouTuber Defendant in this case. *See Andres v. Raytheon Techs. Corp.*, No. 21-61757-CIV, 2022 WL 1015489, at *3 (S.D. Fla. Apr. 5, 2022), at *3 (the plaintiff failed to allege a *prima facie* case of

personal jurisdiction where he lumped a corporate defendant together with fifty other defendants when pleading his jurisdictional allegations and merely recited fourteen conclusory reasons in support); *see also Sanchez v. Team Health, LLC*, No. 18-21174-CIV, 2020 WL 12188439, at *6 (S.D. Fla. May 18, 2020) (the plaintiff failed to state a prima facie case for general jurisdiction and specific jurisdiction where his jurisdictional allegations lumped several defendants together, without differentiating who did what); *Flava Works, Inc. v. Roje on Holiday, Inc.*, 2012 WL 1535684, at *5 (S.D. Fla. May 1, 2012) (holding that a plaintiff may not "indiscriminately lump [ ] all of Defendants" in jurisdictional allegations and that a plaintiff "must establish personal jurisdiction over each individual Defendant based on that Defendant's activities in and contacts with Florida").

Plaintiffs' opposition ignores the YouTuber Defendants' arguments that the Amended Complaint fails to include specific references to the YouTuber Defendants as it relates to jurisdiction. *See* ECF 266 at pg. 4-5. Neither the Amended Complaint nor the Opposition includes any evidence regarding any activity by the YouTuber Defendants in Florida, how any of the YouTuber Defendants purposefully availed themselves to Florida, or how Plaintiffs' claims purportedly relate to any contacts by any of the YouTuber Defendants with Florida. Plaintiffs' argue that the following allegations in the Amended Complaint are sufficient to state a prima facie case of specific jurisdiction: (1) "the Defendants partnered with FTX to promote its platform to investors by claiming FTX was the "safe" option among its competing cryptocurrency exchanges; (2) "Defendants endorsed and promoted FTX on their channels and social media platforms," (3) "[t]hese communications and promotions were accessible *and* were accessed in Florida," and (4) "Miami was the center for the FTX fraud scheme and therefore, Defendants knew or should have known that, if FTX failed, the effect would be felt by Florida citizens." (ECF 353, at pg. 5-6). However, none of these allegations are sufficient to establish specific personal jurisdiction.

The allegations regarding FTX's Miami-based operations have no connection to the tort allegations against the YouTuber Defendants in this case, which are solely based on alleged web-based communications. Indeed, there are **no** specific allegations that any of the YouTuber

3

Defendants ever met or negotiated with any FTX employee located in Florida. But even if they had, that alone would not be sufficient to establish jurisdiction. Similarly, the fact that some of the YouTuber Defendants' content may have been viewed in Florida, without more, is insufficient to establish jurisdiction. *See* ECF 266 at 10. Indeed, Plaintiffs have not even presented any evidence that any of the Plaintiffs actually viewed content from even one YouTuber Defendant while in Florida or anywhere.

Plaintiffs rely on cases holding that an out-of-state defendant's "telephonic, electronic, or written communications into Florida" suffice to trigger jurisdiction under the long–arm statute so long as the cause of action arises from those communications and the communications cause an injury in Florida. *Licciardello v. Lovelady*, 544 F.3d 1280, 1283 (11th Cir. 2008); *Horizon Aggressive Growth, L.P. v. Rothstein-Kass, P.A.*, 421 F.3d 1162, 1168 (11th Cir. 2005); *Wendt v. Horowitz*, 822 So.2d 1252, 1260 (Fla. 2002); *Louis Vuitton Malletier, S.A. v. Mosseri*, 736 F.3d 1339, 1354 (11th Cir. 2013). But the Eleventh Circuit and Florida Supreme Court have since distinguished *Wendt, Licciardello* and *Louis Vuitton*, to hold that "mere accessibility" of a website post is insufficient to establish a prima facie case of specific jurisdiction under § 48.193(1)(a)(2). *Catalyst Pharmaceuticals, Inc. v. Fullerton*, 748 F. App'x 944, 948 (11th Cir. 2018); (citing *Internet Solutions Corp. v. Marshall*, 39 So. 3d 1201, 1203 (Fla. 2010) (distinguishing *Wendt* and holding that "posting defamatory material on a website alone does not constitute the commission of a tortious act within Florida for purposes of section 48.193(1)(b)").

Similar to the allegations at issue, the plaintiff in *Catalyst Pharmaceuticals* alleged that a Texas resident "published ... defamatory Statements in Florida to Catalyst and third parties in Florida via [the Message Board] dedicated to discussions regarding Catalyst," and alleged that these "[s]tatements were accessed by Catalyst and others in Florida." *Catalyst Pharmaceuticals*, 748 F. App'x at 947. The Eleventh Circuit examined its previous holdings in *Louis Vuitton* and *Licciardello* (which both involved trademark infringement claims), and declined to extend those rulings "to say that mere accessibility is enough to establish a prima facie case that defamation 'occurred within' Florida under § 48.193(1)(a)(2)." *Id.* at 947-948. Ultimately, the Eleventh

4

Circuit held that the plaintiff's allegations failed to establish that the nonresident committed a tortious act within Florida because the allegations did not specify when the plaintiff or any other third party accessed the allegedly defamatory posts while in Florida. *Id.* at 946. The same pleading failure is present here, where Plaintiffs allege that Defendants' "communications and promotions were accessible *and* were accessed in Florida," yet fail to adequately allege that any Plaintiff in this case actually accessed any such communication while in Florida, let alone a communication from any YouTuber Defendant. Tellingly, Plaintiffs did not provide any affidavits establishing which Plaintiff allegedly viewed posts from Florida and from which specific YouTuber Defendant.[2] Like in *Catalyst Pharmaceuticals*, by failing to plead sufficient facts demonstrating that Plaintiffs' claims arise from YouTuber Defendants' specific communications into Florida, the Amended Complaint and Opposition cannot establish a *prima facie* case of specific jurisdiction under Fla. Stat. § 48.193(1)(a)(2). *Woodruff-Sawyer & Co. v. Ghilotti*, 255 So. 3d 423, 430 (Fla. 3d DCA 2018) (the long-arm statute contains a "connexity requirement: the existence of a causal connection between the defendant's activities in Florida and the plaintiff's cause of action"); *Wiggins v. Tigrent*, 147 So.3d 76, 87 (Fla. 2d DCA 2014).

    **C.**    **<u>Due Process Can Never Be Satisfied under the Plaintiffs' Facts.</u>**

As a matter of law, there is no need for a due process analysis here. Plaintiffs have failed to meet their burden to establish long-arm jurisdiction over the nonresident YouTuber Defendants as demonstrated above[3]. *See Sutton v. Seaman*, No. 13-61933-CIV, 2014 WL 12861091, at *4 (S.D. Fla. Sept. 4, 2014) ("[b]ecause Plaintiff has not established jurisdiction under Florida's long-

---

[2] Equally unavailing is Plaintiffs' attempt to establish jurisdiction based on the deficient conspiracy count. Neither the allegations in the Amended Complaint nor Plaintiffs' Opposition demonstrate that the underlying tort occurred in Florida, and there is no allegation or evidence that any of the alleged co-conspirators, much less the YouTuber Defendants, engaged in any acts underlying the formation of a conspiracy in Florida. There is no basis for "conspiracy-imputed" personal jurisdiction over the YouTuber Defendants under Florida's long-arm statute. *See United Technologies Corp. v. Mazer*, 556 F.3d 1260, 1283 (Fla. 11th Cir. 2009).

[3] Plaintiffs falsely represent to this Court that Defendants Jikh, Lefebvre, and Stephan "would still be subject to suit here in this MDL because there are actions already properly transferred into this MDL from their home jurisdictions." (ECF No. 353, p. 13). (ECF No. 266 pp. 3-4).

arm statute, the Court need not consider Constitutional Due Process"); *Blackwell v. Kleemann*, No. 5:09-CV-278-OC-10GRJ, 2010 WL 11507770, at *9 (M.D. Fla. July 1, 2010), *report and recommendation adopted sub nom. Blackwell v. Kleeman*, No. 5:09-CV-278-OC-10GRJ, 2010 WL 11507771 (M.D. Fla. Aug. 5, 2010) (holding the same).Furthermore, Plaintiffs' Opposition fails to address the case law cited in the YouTuber Defendants' Motion, which support the YouTuber Defendants' position that they do not have sufficient minimum contacts with Florida to satisfy the due process analysis. *See* ECF 266 at 12-14

Moreover, Plaintiffs' cite to *DCS Real Est. Invs., LLC v. Bella Collina Events, LLC*, No. 5:14-CV-678-JSM-PRL, 2015 WL 628586, at *2 (M.D. Fla. Feb. 12, 2015) for long-arm jurisdiction purposes. Yet, *DCS* makes clear that the YouTuber Defendants' Florida contacts do not comport with due process. In *DCS*, the court analyzed the due process implications of a trademark infringement claim based on the alleged improper use of a mark on the internet, and in doing so, noted that "the sole issue here is whether [the defendant] purposefully directed its conduct at residents of Florida." *Id.* Like Plaintiffs' Opposition, the plaintiff in *DCS* relied on *Licciardello* (among other cases) to establish that a nonresident's internet posting could satisfy due process. However, the *DCS* court distinguished *Licciardello* holding that the facts in that case were "instrumental in establishing why due process demands that (the nonresident defendant) not be subject to jurisdiction in Florida." *Id.* at *4. More specifically, the *DCS* court noted that *Licciardello* had "something more" than merely posting an infringing mark on a website, because the nonresident defendant's conduct was purposefully and specifically targeted towards a Florida plaintiff in order to misappropriate his name and reputation for commercial gain. *Id.*

The allegations against any Defendant in this case (although not even made against the YouTuber Defendants) – posting promotional communications which "Defendants knew or should have known that, if FTX failed, the effect would be felt by Florida citizens" – can *at best* be described as "untargeted negligence" for the purposes of analyzing due process. (ECF 353, at pg. 6). Indeed, none of the allegations in the Amended Complaint suggest that the YouTuber

6

Defendants purposefully directed their conduct towards Plaintiffs in Florida, and thus due process cannot be satisfied in this case.

### III.   PLAINTIFFS' REQUEST FOR JURISDICTION DISCOVERY MUST BE DENIED

To obtain jurisdictional discovery, Plaintiffs must first plead a *prima facie* case for jurisdiction, and then they must point to material jurisdictional facts that are genuinely in dispute. *In re Zantac (Ranitidine) Prods. Liab. Litig.*, 2020 WL 6907056, at *2, *6 (S.D. Fla. Nov. 24, 2020).  A court should not allow a plaintiff to build a prima facie case for jurisdiction by allowing plaintiff "to look for what the plaintiff should have had—but did not—before coming through the courthouse doors." *In re* Takata *Airbag Prod. Liab. Litig.*, 396 F. Supp. 3d 1101, 1156 (S.D. Fla. 2019) (citations omitted).  Jurisdictional discovery is "not a vehicle for a fishing expedition," and Plaintiffs cannot use it to "search for a new basis for jurisdiction." *JMA, Inc. v. Biotronik SE & Co. KG*, 2013 WL 1402322, at *5-6 (S.D. Fla. Apr. 5, 2013) (citations omitted). In other words, "the failure of a plaintiff to investigate jurisdictional issues prior to filing suit does not give rise to" the right to jurisdictional discovery. *Yepez v. Regent Seven Seas Cruises*, 2011 WL 3439943, at *1 (S.D. Fla. Aug. 5, 2011).  Plaintiffs have failed to "demonstrate[] that [they] can supplement [their] jurisdictional allegations through discovery.'" *Wolf v. Celebrity Cruises, Inc.*, 683 F. App'x 786, 792 (11th Cir. 2017).  Where plaintiffs have failed to specify what information discovery would produce and "how that information would bolster [their] allegations," jurisdictional discovery is properly denied. *In re Takata*, 396 F. Supp. 3d at 1157. Plaintiffs' proposed far-reaching "jurisdictional" discovery is not tailored to disputed jurisdictional facts and would not "bolster" Plaintiffs' non-existent allegations of personal jurisdiction. Indeed, it is apparent on the face of the requests that Plaintiffs are not seeking "jurisdictional" discovery but rather premature discovery on the merits of their claims, almost certainly in the hopes of bolstering their defective claims. Granting such broad requests at this juncture would unfairly prejudice the YouTuber Defendants by imposing unduly burdensome discovery on novel and legally deficient claims that should be dismissed under Rule 12(b)(6).  In failing to allege a *prima facie* case of personal

jurisdiction, Plaintiffs forfeit their ability to conduct jurisdictional discovery in this case. *Butler v. Sukhoi Co.*, 579 F.3d 1307, 1314 (11th Cir. 2009) (where a "complaint [is] insufficient as a matter of law to establish a *prima facie* case that the district court had jurisdiction, [a] district court abuse[s] its discretion in allowing the case to proceed and granting discovery on the jurisdictional issue."). At this stage, Plaintiffs have wholly failed to specify what information jurisdictional discovery would produce and "how that information would bolster [their] allegations" or resolve any genuinely disputed jurisdictional fact. *In re Takata*, 396 F. Supp. 3d at 1157. This likewise compels denial of Plaintiffs' motion for jurisdictional discovery (ECF No. 348).

WHEREFORE, for the foregoing reasons and those articulated in the YouTuber Defendants Motion to Dismiss, the YouTuber Defendants respectfully request that the Court dismiss this action with prejudice and deny Plaintiffs' motion for jurisdictional discovery.

<u>**CERTIFICATE OF SERVICE**</u>

I HEREBY CERTIFY that on December 6, 2023, a true and correct copy of the foregoing was filed electronically with the Clerk of the Court, by using the CM/ECF system, causing a true and correct copy to be served on all counsel of record.

**LAW OFFICE OF JOSEF M. MYSOREWALA, PLLC**

By: */s/ Josef M. Mysorewala*
  Josef M. Mysorewala, Esq.
  FL Bar 105425
  josefm@lawjmm.com
  2000 S. Dixie Hwy, Ste. 112
  Miami, Florida 33133
  (305) 356-1031

**FLANGAS LAW GROUP**
3275 South Jones Blvd., Suite 105
Las Vegas, NV 89146
Kimberly P. Stein, Esq. (*pro hac vice*)
kps@fdlawlv.com

*Attorneys for Defendants, Graham Stephan, Andrei Jikh and Jeremy Lefebvre*

8

**STEARNS WEAVER MILLER WEISSLER ALHADEFF & SITTERSON, P.A.**

By: */s/ Jose G. Sepulveda*
Jose G. Sepulveda, Esq.
Florida Bar No. 154490
jsepulveda@stearnsweaver.com
mfigueras@stearnsweaver.com
150 W. Flagler Street, Suite 2000
Miami, Florida 33130
Telephone:  305-789-3200

and

POTOMAC LAW GROUP, PLLC
Derek Adams, Esq., *Pro Hac Vice*
dadams@potomaclaw.com
1717 Pennsylvania Avenue, NW, Suite 1025
Washington, D.C. 20006
Telephone: 202-204-3005

*Counsel for Defendants Erika Kullberg, Brian Jung and Creators Agency LLC*

**CUMMINGS, MCCLORY, DAVIS &ACHO, P.C.**

By: *s/Michael O. Cummings*
   Michael O. Cummings, NY Bar 2701506
   mcummings@cmda-law.com
   1185 Avenue of The Americas, 3rd Floor
   New York, NY 10036
   (212) 547-8810
   Ronald G. Acho, Michigan Bar No. P-23913
   racho@cmda-law.com
   17436 College Parkway
   Livonia, MI 48152
   (734) 261-2400

*Counsel for Defendant Jaspreet Singh*

9