UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

| IN RE: FTX CRYPTOCURRENCY EXCHANGE COLLAPSE LITIGATION | No: 1:23-md-03076-KMM<br><br>MDL No. 3076 |
|---|---|
| This Document Relates To:<br><br>GARRISON V. BANKMAN-FRIED<br>No. 22-cv-23753-MOORE/OTAZO-REYES | |

**<u>DEFENDANT SHOHEI OHTANI'S SUPPLEMENTAL REPLY MEMORANDUM OF LAW IN SUPPORT OF MOTION TO DISMISS</u>**

Plaintiffs concede that Mr. Ohtani made no statements that could give rise to a violation of any U.S. securities or fraud-based claims. Mr. Ohtani is Japanese, resides in Japan, signed a contract with Bahamas-based FTX while in Japan, and licensed his name, image, and likeness only to promote FTX's international business in the Japanese market. Ohtani Decl. ¶¶ 2, 8, 11. Indeed, Plaintiffs state in their Response that FTX engaged Dentsu—a Japanese advertising agency based in Tokyo—to "formulat[e] the advertising plan," including a billboard in Tokyo's famous Shibuya crossing. Pls.' Resp. to Ohtani Suppl. Br. at 1 (ECF 355). Plaintiffs likewise concede that there are no allegations that any Plaintiff—whether based in the U.S., Brazil, Canada, Germany, or the U.K.—saw or relied upon the billboard in Tokyo or the internet videos that Mr. Ohtani appeared in—or any act on the part of Mr. Ohtani at all—when deciding whether to purchase YBAs or FTTs from FTX. Plaintiffs only include one conclusory allegation that Mr. Ohtani "provided spokesperson services" for FTX while playing for the Los Angeles Angels, and that he did so when the Angels came to Florida to play Florida teams. CAC ¶ 589. But Plaintiffs do not allege what Mr. Ohtani ever actually did to provide "spokesperson services," because it is purely conjecture. Without any such allegations, there is nothing that shows that "but for the defendant's participation, the sale transaction would not have taken place." *Scheck Invs., L.P. v. Kensington Mgmt.*, 2009 WL 10668565, at *5 (S.D. Fla. June 17, 2009). Thus, Mr. Ohtani should be dismissed.

Plaintiffs' Response slings red-herrings about what Mr. Ohtani did and did not in fact do, including by trying to insert new information outside of the pleadings to avoid dismissal, which the Court should not countenance. But even so, the CAC and Plaintiffs' Response is clear that Mr. Ohtani made no social media posts about FTX, and in fact made no statements of his own about FTX at all. The only thing he said was the word "maybe" when asked whether he liked the nickname "The Great Cryptohtani," a proposal clearly intended to be a joke that references "crypto [and] NFTs" generally, not FTX. CAC ¶ 586. To overcome the fact that Mr. Ohtani did and said

nothing to promote FTX's YBAs or FTTs, let alone anything directed at U.S. investors, Plaintiffs list a hodgepodge of statements **made by FTX from the Bahamas**, like Sam Bankman-Fried saying that he was "excited to give our partners a stake" or that "FTX shared the news of Ohtani's signing on its twitter account." *Id.* ¶¶ 581, 584.[1] But none of these are statements made *by Mr. Ohtani*. As there is no allegation to support an inference that "in [the] absence [of Mr. Ohtani's purported misrepresentations] the plaintiff in all reasonable probability would not have engaged in the injury-producing conduct," Mr. Ohtani must be dismissed. Opp. at 22 n.16 (ECF 372).

Finally, Plaintiffs Garrison and Kavuri dispute that their claims have already been adjudicated on the merits due to the fact that they both previously filed and voluntarily dismissed at least two actions against Mr. Ohtani. Tellingly, Plaintiffs cite no authority to support their strained view that the two-dismissal rule should not apply because one of the voluntary dismissals was "of a simultaneous, later-filed action." ECF 355 at 3. That makes sense, because Rule 41(a)(1)(B) explicitly states that "if the plaintiff previously dismissed any . . . action based on or including the same claim, a notice of dismissal operates as an adjudication on the merits." Whether Plaintiffs *filed* the action prior to the operative complaint is irrelevant. Based on the plain language of the statute, "we ask *only* two questions: (1) Did the *plaintiff* dismiss two prior cases? (2) If so, are all *three* cases—this case plus the two dismissed cases—based on or including the same claim?" *Great Lakes Ins. SE v. Crabtree*, 2023 WL 3534170, at *5 (S.D. Fla. May 18, 2023). The answer to both questions here is in the affirmative, and therefore, their claims must be dismissed.

---

[1] The CNN article Plaintiffs cite states that Mr. Bankman-Fried made these statements via telephone. *Id.* ¶ 581 n.239. Mr. Bankman-Fried resided in the Bahamas at the time. *Id.* ¶ 104. FTX was incorporated in Antigua and Barbuda, with its headquarters located in the Bahamas. *Id.* ¶ 259.

3

| | |
|---|---|
| DATED: December 6, 2023<br>Miami, Florida | Respectfully submitted,<br><br>**WEIL, GOTSHAL & MANGES LLP**<br><br>*/s/ Edward Soto*<br>Edward Soto (Fla. Bar No. 0265144)<br>Alli Katzen (Fla. Bar No. 1024803)<br>1395 Brickell Avenue, Suite 1200<br>Miami, FL 33131-3368<br>Phone: (305)-577-3100<br>edward.soto@weil.com<br>alli.katzen@weil.com<br><br>*Attorneys for Defendant Shohei Ohtani* |

3

## CERTIFICATE OF SERVICE

I hereby certify that on this December 6, 2023, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF. I also certify that the foregoing document is being served this day on all counsel of record via transmission of Notices of Electronic Filing generated by CM/ECF.

DATED:   December 6, 2023                             /s/ Edward Soto
                                                                         Edward Soto