UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
No. 1:23-md-3076-KMM

*In re*

*FTX Cryptocurrency Exchange Collapse Litigation*

This Document Relates to the Administrative Class Action Complaint and Demand for Jury Trial as to the Bank Defendants (ECF No. 155)

**DEFENDANTS DELTEC BANK AND TRUST COMPANY LIMITED AND JEAN CHALOPIN'S REPLY IN FURTHER SUPPORT OF THEIR MOTION TO DISMISS THE CLASS ACTION COMPLAINT <u>AS TO BANK DEFENDANTS</u>**

## **TABLE OF CONTENTS**

Page

INTRODUCTION ............................................................................................................................. 1

ARGUMENT ..................................................................................................................................... 4

    I.    PLAINTIFFS HAVE FAILED TO ESTABLISH THAT ANY COURT IN FLORIDA OR WASHINGTON CAN EXERCISE PERSONAL JURISDICTION OVER DELTEC OR MR. CHALOPIN .................................... 4

        A.    Plaintiffs Fail to Allege Sufficient Facts to Establish Personal Jurisdiction Over Either Deltec or Mr. Chalopin in Florida ....................... 5

        B.    Plaintiffs Fail to Allege Sufficient Facts to Establish Personal Jurisdiction Over Either Deltec or Mr. Chalopin in Washington ............... 6

        C.    The Exercise of Personal Jurisdiction Over Deltec or Mr. Chalopin in Florida or Washington Violates Due Process ......................................... 7

    II.    PLAINTIFFS FAIL TO PLEAD ANY PLAUSIBLE CLAIM AGAINST EITHER DELTEC OR MR. CHALOPIN ............................................................. 8

        A.    Plaintiffs Fail to Allege a Plausible Civil Conspiracy Claim as to Either Deltec or Mr. Chalopin .................................................................... 9

        B.    Plaintiffs Fail to Allege that Either Deltec or Mr. Chalopin Aided and Abetted Any Fraud, Breach of Fiduciary Duty, or Conversion by FTX .................................................................................................. 10

        C.    Plaintiffs Fail to Allege that Deltec Was Unjustly Enriched .................... 13

CONCLUSION ............................................................................................................................... 14

# **TABLE OF AUTHORITIES**

### CASES

PAGE(S)

*Am. Safety Ins. Serv. v. Griggs*,
   959 So. 2d 322 (Fla. 5th Dist. 2007) .................................................................................. 14

*Aceto Corp. v. TherapeuticsMD, Inc.*,
   953 F. Supp. 2d 1269 (S.D. Fla. 2013) ................................................................................ 14

*Alhassid v. Bank of Am., N.A.*,
   60 F. Supp. 3d 1302 (S.D. Fla. 2014) ..................................................................................... 9

*Amazon.com Servs. LLC v. Paradigm Clinical Rsch. Inst.*, Inc.
   631 F. Supp. 3d 950 (W.D. Wash. 2022) .............................................................................. 7

*Basulto v. Netflix, Inc.*,
   2023 WL 4014741 (S.D. Fla. May 25, 2023), *report and rec. adopted*,
   2023 WL 5271335 (S.D. Fla. Aug. 16, 2023) .................................................................... 5, 8

*Bell Atl. Corp. v. Twombly*,
   550 U.S. 544 (2007) ............................................................................................................... 9

*Christy v. Custom Servs., LLC*,
   2020 WL 5514185 (S.D. Fla. Aug. 5, 2020) ....................................................................... 13

*Honig v. Kornfeld*,
   339 F. Supp. 3d 1323 (S.D. Fla. 2018) .................................................................................. 9

*In re Consol. Meridian Funds*,
   485 B.R. 604 (Bankr. W.D. Wash. 2013) ................................................................ 10, 11, 13

*Licciardello v. Lovelady*,
   544 F.3d 1280 (11th Cir. 2008) .......................................................................................... 7, 8

*Meridian Tr. Co. v. Batista*,
   2018 WL 4693533 (S.D. Fla. Sept. 26, 2018) .................................................................... 11

*Oueiss v. Saud*,
   2022 WL 1311114 (S.D. Fla. Mar. 29, 2022) ..................................................................... 5, 6

*Perlman v. Wells Fargo Bank, N.A.*,
   559 F. App'x 988 (11th Cir. 2014) ...................................................................................... 12

*Romano v. Motorola, Inc.*,
   2007 WL 4199781 (S.D. Fla. Nov. 26, 2007) .................................................................... 14

*Sencion v. Lady Burd Exclusive Cosms., Inc.*,
   2007 WL 9701848 (S.D. Fla. Feb. 12, 2007) ....................................................................... 6

*In re Takata Airbag Prod. Liab. Litig.*,
    2017 WL 2406711 (S.D. Fla. June 1, 2017) ............................................................................ 14

*Young v. Rayan*,
    533 P.3d 123 (Wash. Ct. App. 2023) ..................................................................................... 10

Defendants Deltec Bank and Trust Company Limited ("Deltec") and Jean Chalopin, by and through their undersigned attorneys, respectfully submit this reply memorandum in further support of their motion to dismiss (the "Motion") (ECF No. 267) the claims alleged against them in the Class Action Complaint as to the Bank Defendants (the "Complaint") (ECF No. 155).

## INTRODUCTION

After cutting through the inflammatory, unpleaded, and counterfactual rhetoric in Plaintiffs' opposition to Deltec's and Mr. Chalopin's Motion (the "Opposition") (ECF No. 361), the issues raised in the Motion are straightforward:  (1) have Plaintiffs pleaded sufficient jurisdictional facts to establish personal jurisdiction over Deltec and Mr. Chalopin, both foreign residents by Plaintiffs' own admission; (2) did Plaintiffs plausibly allege that Deltec and Mr. Chalopin participated in a conspiracy to defraud FTX's customers; (3) did Plaintiffs plausibly allege that Deltec and Mr. Chalopin aided and abetted—with actual knowledge and substantial assistance—FTX's alleged fraud, breach of fiduciary duty, and conversion; and (4) did Plaintiffs plausibly allege that Deltec was unjustly enriched through its purported participation in FTX's wrongdoing?  Reviewing the allegations in the Complaint—and disregarding the unpleaded (and factually incorrect) statements peppered throughout the Opposition—the answer to each of the above questions is a clear and resounding "no."

In a Complaint spanning 135 pages, Plaintiffs' threadbare allegations directed at Deltec and/or Mr. Chalopin are confined to fewer than fifteen pages.  Within those pages, the most notable aspect of Plaintiffs' allegations is what they do *not* allege:

- Plaintiffs do not allege a single action taken by either Deltec or Mr. Chalopin anywhere in the United States, including in Florida or in Washington;

- Plaintiffs nowhere point to any evidence of an agreement to conspire between Deltec, Mr. Chalopin, FTX, its founder Sam Bankman-Fried, or anyone else, nor do Plaintiffs identify a single overt act by either Deltec or Mr. Chalopin in furtherance of any supposed conspiracy;

- Plaintiffs do not allege that Deltec or Mr. Chalopin had any actual knowledge of FTX's wrongdoing—the best Plaintiffs can manage are speculative allegations that Deltec and Mr. Chalopin *would have known* of such wrongdoing based on their alleged and nonspecific "close ties with FTX" (Compl. ¶ 298), Deltec's work with FTX "in proselytizing on behalf of the crypto industry" in The Bahamas (*id.* ¶ 316), and Deltec's compliance with Bahamian bank regulations (*id.* ¶ 302);

- Plaintiffs do not point to any actions by Deltec or Mr. Chalopin that could constitute substantial assistance in aiding and abetting FTX's wrongdoing—in fact, Plaintiffs' key allegations in this regard are that, "upon information and belief," Deltec "served as a primary vehicle through which SBF routed Class Member funds offshore" (*id.* ¶ 283), which included, "upon information and belief, not only Class Members' U.S. dollar deposits, but also Class Members' cryptocurrencies" (*id.* ¶ 303); and

- Plaintiffs do not identify any purported benefit they have conferred upon Deltec.

Simply put, Plaintiffs have not pleaded any jurisdictional facts that could establish personal jurisdiction over Deltec or Mr. Chalopin anywhere in the United States, and their conclusory and speculative allegations are wholly insufficient to establish Deltec's or Mr. Chalopin's participation in any conspiracy, aiding and abetting of fraud, breach of fiduciary duty, or conversion by FTX, or to demonstrate that Deltec was unjustly enriched.

Instead of demonstrating that their allegations are sufficient to withstand a motion to dismiss—which Plaintiffs cannot do—Plaintiffs have instead filled the Opposition with arguments that are nowhere pleaded in the complaint, and that are inaccurate and misleading at best. Plaintiffs claim, for instance, that John J. Ray testified before Congress that "the services [Farmington] and Deltec provided to FTX were 'certainly highly irregular'" and that "FTX's transfers from [Farmington] to The Bahamas (i.e., Deltec) 'have gotten the [Bankruptcy Estate's] attention.'" (Opp. at 18, 25.) This is an egregious misrepresentation of Mr. Ray's testimony, which makes no mention whatsoever, whether directly or indirectly, of Deltec, let alone any services that Deltec provided to FTX or any transfers between Deltec and Farmington.

2

Though Deltec and Mr. Chalopin cannot engage with every falsehood in Plaintiffs' overlong Opposition, the following statements in the Opposition are untrue, stated without supporting sources, and, most critically, not pleaded anywhere in the Complaint: Deltec is Farmington's "sister bank" (Opp. at 2); Mr. Chalopin purchased Farmington to use "as a conduit of FTX customer funds from the U.S. to Deltec" (*id.*); Mr. Bankman-Fried held a "majority stake" in Farmington (*id.* at 11); Alameda is the largest shareholder of Farmington (*id.* at 13); Mr. Chalopin assisted Farmington in obtaining Federal Reserve membership "by way of deceit" (*id.* at 25); FTX "rewarded" Deltec and Mr. Chalopin "with tens of millions of dollars in needed capital and hundreds of millions of dollars of deposits" (*id.* at 2); Mr. Chalopin made FTX the "star" of the Crypto Bahamas conference (*id.*); and the "Tether fraud directly implicated FTX" (*id.* at 8). This Court should disregard each of these statements, none of which is pleaded in the Complaint and thus cannot be considered on a motion to dismiss (and each of which is also factually incorrect).

Similarly, this Court should disregard the two exhibits Plaintiffs attached to the Opposition, neither of which is referenced in or annexed to the Complaint. In any case, neither exhibit provides support for Plaintiffs' claims; to the contrary, they serve to further highlight that Deltec and Mr. Chalopin had no involvement whatsoever in FTX's fraud. Exhibit 1 to the Opposition is a Twitter direct message chain introduced at Mr. Bankman-Fried's recently concluded criminal trial that, on its face, is *not* about Deltec and in no way shows that "Deltec accepted customer deposits directly into FTX's accounts," as Plaintiffs would have it. (*See* Opp. Ex. 1.) Exhibit 2, Ryan Salame's indictment, is equally irrelevant. The indictment focuses solely on FTX's relationship with banks *in the United States* and makes no mention of Deltec, a Bahamian bank, or Mr. Chalopin, its Bahamas-based Chairman. (*See* Opp. Ex. 2.)

3

It is telling that after Plaintiffs have had over a year to investigate their claims against Deltec and Mr. Chalopin, the best Plaintiffs can manage in support of their claims are two documents that are unrelated to Deltec and Mr. Chalopin. If, as Plaintiffs allege, "SBF could not have perpetuated the fraud without [Deltec's] services" (Compl. ¶ 316), it is a glaring omission that neither Deltec nor Mr. Chalopin were mentioned *even once* during the weeks-long trial, which marshalled evidence from hundreds of trial exhibits and almost two dozen witnesses.

At bottom, Plaintiffs' Opposition focuses on unpleaded hyperbole and falsehoods because Plaintiffs seemingly recognize that the allegations in the Complaint are legally deficient. Because none of Plaintiffs' allegations serves to establish personal jurisdiction over Deltec or Mr. Chalopin, nor do they state any cognizable claim against them, Plaintiffs' claims against Deltec and Mr. Chalopin should be dismissed in full and with prejudice.[1]

## ARGUMENT

### I. PLAINTIFFS HAVE FAILED TO ESTABLISH THAT ANY COURT IN FLORIDA OR WASHINGTON CAN EXERCISE PERSONAL JURISDICTION OVER DELTEC OR MR. CHALOPIN

Despite having had multiple opportunities (including three complaints) to plausibly allege personal jurisdiction over Deltec and Mr. Chalopin in either Florida or Washington, Plaintiffs have failed to do so at every turn. Plaintiffs simply do not—and cannot—allege that a Bahamian

---

[1] Plaintiffs' Opposition is far above the permissible page limit set by this Court in its Aug. 25, 2023 Order. (ECF No. 216.) With regard to the Bank Defendants (Deltec, Mr. Chalopin, and Farmington) this Court allowed Deltec and Mr. Chalopin to file a joint motion to dismiss, and Farmington to file a separate motion to dismiss, with an order to "adhere to the pagination requirements set forth in this Court's Order in ECF No. 216." (ECF No. 243.) Deltec and Mr. Chalopin together, and Farmington separately, submitted two motions to dismiss that were less than 55 pages collectively, and each less than 27.5 pages. (*See id.* (allowing 40 pages for each group of defendants to file one 12(b)(6) motion, and 15 pages for one 12(b)(2) motion).) Pursuant to the Aug. 25 Order, Plaintiffs' response to the Bank Defendants' motions to dismiss was limited to 55 pages in total. (*See* ECF No. 216.) However, Plaintiffs' Opposition to Deltec's and Mr. Chalopin's Motion is 33 pages, while the opposition to Farmington's motion to dismiss is another 33 pages (ECF No. 368)—together, Plaintiffs' response to the Bank Defendants' motions to dismiss spans 66 pages. Deltec and Mr. Chalopin respectfully request that the Court disregard the last 5.5 pages of Plaintiffs' Opposition as violating the page limits set by this Court's Aug. 25 Order, or alternatively, strike the section titled "Plaintiff's Factual Allegations," which contains unpleaded and unsupported contentions.

bank and its Bahamian Chairman (*see* Compl. ¶¶ 29, 31) conducted any business or took any actions within Florida or Washington such that a court could exercise jurisdiction over them pursuant to each state's long-arm statute in a manner that comports with due process.

> A. **Plaintiffs Fail to Allege Sufficient Facts to Establish Personal Jurisdiction Over Either Deltec or Mr. Chalopin in Florida**

As explained in the Motion, Plaintiffs have failed to allege any jurisdictional facts that could establish a prima facie case of jurisdiction over Deltec or Mr. Chalopin in Florida (*see* Mot. at 5-6), and the Opposition confirms this deficiency by failing to identify any well-pleaded facts relevant to establishing jurisdiction over Deltec or Mr. Chalopin in the state (*see* Opp. at 30-31). Having conceded that they cannot establish general or specific personal jurisdiction over Deltec or Mr. Chalopin in Florida, Plaintiffs hang their hat on Deltec and Mr. Chalopin's supposed assistance in "misconduct which emanated from Miami" and their alleged participation in a conspiracy with unspecified parties who were "domiciled in Miami and committed acts in furtherance of FTX's misconduct therefrom." (Opp. at 31.) Though Plaintiffs have not pleaded this theory in their Complaint, they now appear to be relying on a theory of conspiracy-based jurisdiction. But "the mere fact that Plaintiffs allege that a conspiracy exists does not render meaningless the requirement that each Defendant have contacts with the subject forum." *Basulto v. Netflix, Inc.*, 2023 WL 4014741, at *12 (S.D. Fla. May 25, 2023), *report and rec. adopted*, 2023 WL 5271335 (S.D. Fla. Aug. 16, 2023). Where a defendant's "actions are either entirely unrelated to Florida or constitute only a *de minimis* relation to Florida," courts in this Circuit have declined to exercise jurisdiction. *Id.* at 11; *see also Oueiss v. Saud*, 2022 WL 1311114, at *14 (S.D. Fla. Mar. 29, 2022) (Moore, J.) (explaining that "[c]ourts in Florida will decline to apply the co-conspirator theory to extend jurisdiction over nonresidents if the plaintiff fails to plead with specificity any facts supporting the existence of the conspiracy and provides nothing

more than vague and conclusory allegations regarding a conspiracy involving the defendants" and declining to exercise jurisdiction on these grounds (internal quotation marks omitted)).

Because Plaintiffs cannot point to a single allegation that would establish any connection between Deltec or Mr. Chalopin and Florida, and because Plaintiffs' allegations regarding Deltec's and Mr. Chalopin's participation in a Florida-based conspiracy are entirely speculative, there can be no personal jurisdiction over them in Florida under any theory of jurisdiction.

### B. Plaintiffs Fail to Allege Sufficient Facts to Establish Personal Jurisdiction Over Either Deltec or Mr. Chalopin in Washington

Similarly, Plaintiffs have failed to plead sufficient facts to support jurisdiction over Deltec or Mr. Chalopin in Washington. As explained in the Motion, Plaintiffs' threadbare allegations cannot satisfy the Ninth Circuit's three-pronged inquiry regarding the exercise of jurisdiction over a foreign defendant. (*See* Mot. at 9-12.) In response, instead of identifying allegations that could satisfy the Ninth Circuit's jurisdictional inquiry (there are none), the Opposition deflects towards legally and factually untenable arguments. (*See* Opp. at 32.)

In the Opposition, Plaintiffs argue for the first time that there is jurisdiction over Deltec in Washington on the basis of its "banking transfers with [Farmington]," the latter of which is a Washington institution. (Opp. at 32.) But nowhere in the Complaint do Plaintiffs plead that that there were *any* transfers between Deltec and Farmington (there were none). This unpleaded and factually incorrect assertion cannot support jurisdiction over Deltec in Washington—"courts only look at the four corners of a complaint to address a motion to dismiss [and] the court is not to consider whatever a plaintiff may choose to include in a response as an afterthought (or because a defendant points it out) to correct pleading failures." *Sencion v. Lady Burd Exclusive Cosms., Inc.*, 2007 WL 9701848, at *4 (S.D. Fla. Feb. 12, 2007). Plaintiffs offer no other rationale for asserting jurisdiction over Deltec in Washington.

6

As for Mr. Chalopin, the sole basis alleged for jurisdiction in Washington is his ownership stake in Farmington and his alleged "direction" of Farmington to take certain actions. (Opp. at 32-33.) But Plaintiffs cite to no case law to support the notion that partial ownership of a Washington entity can confer jurisdiction over a non-resident in Washington—and indeed, it cannot. *See Amazon.com Servs. LLC v. Paradigm Clinical Rsch. Inst.*, 631 F. Supp. 3d 950, 962 (W.D. Wash. 2022) ("[A] person's mere association with a corporation that causes injury in the forum state is not sufficient in itself to permit that forum to assert jurisdiction over the person." (citation omitted)). Nor do Plaintiffs allege that any of Mr. Chalopin's alleged "direction" of Farmington took place within Washington, was expressly aimed at the state, caused any injuries in the state, or otherwise created any connection between Mr. Chalopin and Washington or its public. (*See* Compl. ¶¶ 305-08; *see also* Mot. at 10 (analyzing the Ninth Circuit's "purposeful direction" standard).) Absent any such allegations, there can be no jurisdiction over Mr. Chalopin in Washington. *See Amazon.com*, 631 F. Supp. 3d at 963 (declining to exercise jurisdiction over foreign defendants where plaintiff failed to show that defendants "'expressly aimed' their acts at Washington" and the allegations "only serve to connect [the foreign defendants] to [a Washington entity] and not to the state of Washington or its public").

### C. The Exercise of Personal Jurisdiction Over Deltec or Mr. Chalopin in Florida or Washington Violates Due Process

As Deltec and Mr. Chalopin argued in the Motion, even if Plaintiffs had pleaded sufficient facts in the Complaint to establish jurisdiction over them in either Florida or Washington—which they have not—the exercise of such jurisdiction would violate due process. (*See* Mot. at 8-9, 12.) In the Opposition, Plaintiffs acknowledge that jurisdiction "may be constitutionally asserted over [a] nonresident defendant whenever he has by his own purposeful conduct created a 'substantial connection'" with the state. (Opp. at 32 (quoting *Licciardello v.*

7

*Lovelady*, 544 F.3d 1280, 1284 (11th Cir. 2008)).) But Plaintiffs have failed to identify *any* conduct by Deltec or Mr. Chalopin that was purposefully directed at Florida or created a substantial connection with that state. (*See* Opp. at 32-33.) Moreover, as explained above, Plaintiffs' sole basis for asserting jurisdiction over Deltec in Washington—that Deltec purportedly engaged in transactions with Farmington—is both unpleaded and also factually incorrect. (*See id*. at 32.) And Plaintiffs' flimsy attempts to establish jurisdiction over Mr. Chalopin in Washington based on his ownership and alleged "direction" of a Washington institution do not identify any actions by Mr. Chalopin expressly aimed at Washington, any actions he took within the state, or any effect of his conduct felt in the state. (*See id*. at 32-33.)

Plaintiffs' threadbare allegations simply provide no basis for a court in Florida or Washington to conclude that exercising jurisdiction over Deltec or Mr. Chalopin would comport with due process. Nor can the unpleaded, fanciful assertions in the Opposition (*see supra* at 3) assist in this inquiry—"embellishments and incomplete factual recitations cannot win the day" where plaintiffs "have precious few facts in their favor on the due process portion of the analysis." *Basulto*, 2023 WL 4014741, at *2 (declining to exercise jurisdiction over foreign defendants where plaintiffs' allegations were "too conclusory and detail-free to propel Plaintiffs over the due process goal line of a personal jurisdiction battle").

For the reasons explained above and in Deltec's and Mr. Chalopin's Motion (*see* Mot. at 8-9, 11), Plaintiffs have failed to establish that personal jurisdiction over Deltec or Mr. Chalopin in Florida or Washington comports with due process, and dismissal with prejudice is warranted.

## II.  PLAINTIFFS FAIL TO PLEAD ANY PLAUSIBLE CLAIM AGAINST EITHER DELTEC OR MR. CHALOPIN

It is well-established law that unless a plaintiff's well-pleaded allegations have "nudged their claims across the line from conceivable to plausible, their complaint must be dismissed."

*Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). Plaintiffs' allegations against Deltec and Mr. Chalopin cannot cross the line from speculative to conceivable, let alone from conceivable to plausible, and the Complaint should be dismissed in full for failing to state any cognizable claim.

> A.   **Plaintiffs Fail to Allege a Plausible Civil Conspiracy Claim as to Either Deltec or Mr. Chalopin**

From the outset, as Deltec and Mr. Chalopin explained in the Motion (*see* Mot. at 13-14), the fundamental flaw in Plaintiffs' conspiracy claim has remained the same: Plaintiffs have failed to specify *who* Deltec or Mr. Chalopin agreed to conspire with, regarding *what*, as well as *when*, *where*, and *how* the purported agreement to conspire transpired. *See Alhassid v. Bank of Am., N.A.*, 60 F. Supp. 3d 1302, 1320 (S.D. Fla. 2014) (dismissing conspiracy claim where "Plaintiffs have failed to provide any detail at all as to the alleged conspiracy, let alone the who, what, when, where and how of Defendants' alleged agreement").

Instead of identifying pleaded allegations that could save their civil conspiracy claim, Plaintiffs instead argue in the Opposition that there is no requirement in Florida for parties to formalize an agreement to conspire, and that under Washington law, evidence of a conspiracy may be based on circumstantial evidence. (Opp. at 28.) These arguments miss the mark—Plaintiffs' allegations of conspiracy are deficient because they do not establish the existence of *any* agreement to conspire, regardless of whether the agreement is formal, informal, written, or oral. Indeed, the Complaint does not include *a single detail* regarding the purported agreement to conspire, including basic information such as the conspiracy's participants. *See Honig v. Kornfeld*, 339 F. Supp. 3d 1323, 1347 (S.D. Fla. 2018) (dismissing civil conspiracy claim where plaintiff's allegations "[fell] far short of the agreement necessary to plead a civil conspiracy").

Nor have Plaintiffs presented any circumstantial evidence to establish the existence of an agreement to conspire. The only "circumstantial evidence" Plaintiffs point to—that Deltec

9

provided banking services to FTX, Mr. Chalopin allegedly had "close ties with SBF," and that Deltec's parent company received a $50 million loan from an FTX-affiliated company (Opp. at 28)—taken as true, simply demonstrates that Deltec provided ordinary course banking services to FTX and raises no inference of any conspiratorial motives or acts by Deltec or Mr. Chalopin. Where, as here, "the facts and circumstances relied upon to establish a conspiracy are as consistent with a lawful or honest purpose as with an unlawful undertaking, they are insufficient" to establish a claim of conspiracy. *Young v. Rayan*, 533 P.3d 123, 133 (Wash. Ct. App. 2023).

**B. Plaintiffs Fail to Allege that Either Deltec or Mr. Chalopin Aided and Abetted Any Fraud, Breach of Fiduciary Duty, or Conversion by FTX**

As Deltec and Mr. Chalopin explained in the Motion, each of Plaintiffs' aiding and abetting claims fails because (1) Plaintiffs have not alleged that Deltec or Mr. Chalopin had actual knowledge of FTX's alleged fraud, breach of fiduciary duty, or conversion, and (2) Plaintiffs have not alleged that Deltec or Mr. Chalopin provided substantial assistance to FTX in furtherance of its alleged misconduct. (*See* Mot. at 16.)

> 1. *Plaintiffs Fail to Allege that Either Deltec or Mr. Chalopin Had Actual Knowledge of FTX's Alleged Fraud, Breach of Fiduciary Duty, or Conversion*

Plaintiffs have conceded in the Opposition that they cannot establish Deltec's or Mr. Chalopin's "actual knowledge" of FTX's wrongdoing—instead, Plaintiffs argue that they have presented "circumstantial evidence" that Deltec and Mr. Chalopin had "general awareness" of wrongdoing at FTX, and that such evidence is sufficient to satisfy the actual knowledge requirement of an aiding and abetting claim. (Opp. at 19.) Plaintiffs' argument omits, however, that "although actual knowledge may be inferred and proven by circumstantial evidence . . . *the allegations of the same must still satisfy the pleading requirements set forth in Twombly and Iqbal*." *In Re Consol. Meridian Funds*, 485 B.R. 604, 617 (Bankr. W.D. Wash. 2013) (emphasis

10

added); *see also Meridian Tr. Co. v. Batista*, 2018 WL 4693533, at *3 (S.D. Fla. Sept. 26, 2018) ("[W]hile . . . actual knowledge may be alleged generally, the plaintiff still must accompany that general allegation with allegations of specific facts that give rise to a strong inference of actual knowledge regarding the underlying fraud." (internal quotation marks omitted)). The purported "circumstantial evidence" Plaintiffs point to is wholly speculative and cannot satisfy Plaintiffs' burden of pleading actual knowledge.

First, to establish that Deltec supposedly had "general awareness" of the fraud at FTX, Plaintiffs point to allegations that Deltec "would have" conducted due diligence on FTX in compliance with its regulatory obligations in The Bahamas, through which Deltec "would have learned" that FTX was misappropriating customer funds.[2] (Opp. at 20-21.) This theory, however, rests on the faulty assumption that FTX was transparent and honest with Deltec, and that FTX would have identified the source of its funds to Deltec when no other advisor to, counterparty to, or investor in FTX identified an issue. In reality, the opposite inference is more plausible—FTX would have gone to great lengths to hide from Deltec and Mr. Chalopin (and everyone else) that any of FTX's banking transactions were effectuated using illegitimate funds. (*See, e.g.,* Opp. Ex. 1 (Twitter messages indicating Mr. Bankman-Fried sought to deceive Silvergate, a separate bank, to effectuate a transaction).) For the same reason, Plaintiffs' claim that Mr. Chalopin's alleged efforts to obtain an investment from Alameda in Farmington would have alerted him to "facts demonstrating FTX's underlying misconduct" (Opp. at 21) is equally implausible. At bottom, Plaintiffs are "merely alleging that a bank [and its Chairman] should have known of a Ponzi scheme based solely on a series of purportedly atypical transactions"—

---

[2] Plaintiffs misleadingly cite to allegations that Deltec "would have" known of FTX's wrongdoing to support their claims in the Opposition that Deltec *did* know of the purported wrongdoing. (*Compare* Compl. ¶¶ 298, 301, 302, *with* Opp. at 7, 9-10, 21.) Plaintiffs' allegations do not provide any basis for this inferential leap.

11

but such allegations cannot demonstrate actual knowledge and "[are] not sufficient to survive *Twombly*." *Perlman v. Wells Fargo Bank, N.A.*, 559 F. Appx. 988, 993 (11th Cir. 2014).

Plaintiffs also argue that Deltec and Mr. Chalopin "exhibited indicia of knowledge" of FTX's fraud based on "having exclusive and/or superior access to the primary violator's financial records" and "receiving kickbacks." (Opp. at 24.) But Plaintiffs do not allege that Deltec had either "exclusive" or "superior" access to FTX's records over other banks, service providers, investors, and regulators, nor do Plaintiffs allege that Deltec (or its parent company) received any "kickbacks." (*See generally* Compl.) These unpleaded statements cannot support Plaintiffs' claims, and in any event, as discussed above, these statements do not support any reasonable inference that Deltec or Mr. Chalopin had "actual knowledge" of wrongdoing at FTX.

   2. *Plaintiffs Fail to Allege that Either Deltec or Mr. Chalopin Provided Substantial Assistance in Furtherance of FTX's Alleged Fraud, Breach of Fiduciary Duty, or Conversion*

In response to Deltec and Mr. Chalopin's argument that Plaintiffs do not allege any actions by them that could constitute substantial assistance to FTX's fraud, breach of fiduciary duty, and conversion (*see* Mot. at 21), Plaintiffs identify five points that they claim sufficiently discharge their burden to plead that Deltec and Mr. Chalopin provided "substantial assistance": (1) Deltec "took deposits of FTX customer assets"; (2) Deltec effected banking transactions to and from FTX and its related entities; (3) Deltec effected transfers to and from FTX accounts in the U.S. and The Bahamas; (4) Deltec helped "normaliz[e]" FTX; and (5) Mr. Chalopin failed to disclose his purported knowledge of FTX's wrongdoing to FTX's customers despite his supposed "obligation to do so." (Opp. at 25-26.) None of these points discharges Plaintiffs' burden of pleading substantial assistance sufficient to sustain an aiding and abetting claim.

To start, Plaintiffs' first three points in the list above are entirely conclusory and insufficiently pleaded in the Complaint. Though Plaintiffs allege that "Deltec, at Mr. Chalopin's

12

direction, assisted FTX in moving Class Member funds offshore" (Compl. ¶ 303) and that Deltec "served as a primary vehicle through which SBF routed Class Member funds offshore" (*id.* ¶ 283), the Complaint includes no factual detail to support these conclusory allegations. "Conclusory allegations without specific supporting facts have no probative value," and Plaintiffs' bald assertions are insufficient to meet their pleading burden. *Christy v. Custom Servs., LLC*, 2020 WL 5514185, at *2 (S.D. Fla. Aug. 5, 2020) (noting that Black's Law Dictionary defines "conclusory" as "[e]xpressing a factual inference without stating the underlying facts on which the inference is based").

The fourth point in the above list—which is based on Deltec's co-sponsorship of the Crypto Bahamas conference—has no connection to any purported wrongdoing by FTX, and thus cannot demonstrate any substantial assistance by Deltec or Mr. Chalopin in any fraud, breach of fiduciary duty, or conversion. Finally, the fifth point is entirely unsupported by the law and the facts; not only do Plaintiffs fail to establish that Mr. Chalopin had any knowledge of FTX's wrongdoing, but they also point to case law that "*a bank* has a duty to notify a beneficiary" if it has knowledge of a breach of fiduciary duty (Opp. at 25 (quoting *In re Consol*, 485 B.R. 604) (emphasis added))—this is plainly inapplicable to Mr. Chalopin, and Plaintiffs cannot demonstrate his substantial assistance in any wrongdoing on this basis (or on any other basis).

### C. Plaintiffs Fail to Allege that Deltec Was Unjustly Enriched

As an initial matter, Plaintiffs have brought an unjust enrichment claim only as to Deltec; any statements in the Opposition with respect to Mr. Chalopin being unjustly enriched are thus irrelevant and should be disregarded.

In response to black letter law that an unjust enrichment claim requires the "direct" conferral of a benefit from the plaintiff to the defendant (*see* Mot. at 23), Plaintiffs argue that the direct benefit requirement of an unjust enrichment claim is not defeated by the benefit passing

13

through an intermediary. (*See* Opp. at 30.) But as the cases Plaintiffs rely on demonstrate, the rule that an unjust enrichment claim is not defeated by the benefit passing through an intermediary applies where it would be unconscionable for one party to retain a benefit conferred on them by another party simply because an intermediary was involved in transferring that benefit.[3] Here, there is no allegation that a benefit Plaintiffs intended to confer directly on Deltec happened to pass through an intermediary (i.e., FTX) such that it would be unconscionable for Deltec to retain that benefit.

More critically, Plaintiffs have not identified any actual benefit they have conferred on Deltec, even if they claim it flowed through FTX. And Plaintiffs cannot contend that the fees FTX paid to Deltec in exchange for banking services in the regular course of business amount to a "benefit" for purposes of an unjust enrichment claim; where a defendant "has given adequate consideration to someone for the benefit conferred"—here, FTX's payment of fees to Deltec for its banking services—"a claim of unjust enrichment fails." *Am. Safety Ins. Serv. v. Griggs*, 959 So. 2d 322, 331-32 (Fla. 5th Dist. 2007).

## CONCLUSION

For the foregoing reasons, Deltec and Mr. Chalopin respectfully request that the Court dismiss the Complaint as to each of them in full and with prejudice.

---

[3] *See Aceto Corp. v. TherapeuticsMD, Inc*., 953 F. Supp. 2d 1269, 1288 (S.D. Fla. 2013) (reasoning that "[i]t would not serve the principles of justice and equity to preclude an unjust enrichment claim merely because the 'benefit' passed through an intermediary before being conferred on a defendant"); *Romano v. Motorola, Inc*., 2007 WL 4199781, at *2 (S.D. Fla. Nov. 26, 2007) (where defendant-manufacturer sold its phones through retailers who gave defendant a cut of each phone sale, holding that "while there was no direct *contact* between the manufacturer [] and [the plaintiff-purchasers], by purchasing the [] phones, [the purchasers] directly conferred a benefit on [the manufacturer] in the form of payment for the phone"); *cf. In re Takata Airbag Prod. Liab. Litig*., 2017 WL 2406711, at *10 (S.D. Fla. June 1, 2017) (dismissing unjust enrichment claim where defendant sold a product to an intermediary, who in turn sold the product to the final consumer, because defendant "realized its benefit as soon as it sold its [product] to the [intermediary]" and gained no further benefit from the consumer purchasing the product).

14

Dated: December 6, 2023
      New York, New York

Respectfully submitted,

/s/ *Lara Samet Buchwald*
Lara Samet Buchwald
NY Bar No. 4700944
(*Certificate of Understanding filed*)
lara.buchwald@davispolk.com
Tatiana Martins
NY Bar No. 4300455
(*Certificate of Understanding filed*)
tatiana.martins@davispolk.com
**Davis Polk & Wardwell LLP**
450 Lexington Avenue
New York, New York 10017
Tel: 212-450-4000
Fax: 212-701-5351

-and-

Mallory M. Cooney
Florida Bar No. 125659
mallory.cooney@klgates.com
Desirée Moore
Illinois Bar No. 6286198
(*Certificate of Understanding filed*)
desiree.moore@klgates.com
**K&L Gates LLP**
200 S. Biscayne Blvd.
Miami, FL 33131
Tel: 305-539-3300
Fax: 305-358-7095

*Attorneys for Defendants Deltec Bank and Trust Company Limited and Jean Chalopin*