IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA, MIAMI DIVISION
Case No. 1:23-md-03076-KMM

IN RE:

FTX Cryptocurrency Exchange Collapse Litigation

THIS DOCUMENT RELATES TO:

*O'Keefe* v. *Sequoia Capital Operations, LLC, et al.*, Case No. 23-cv-20700 (S.D. Fla.)

*O'Keefe* v. *Temasek Holdings (Private) Limited, et al.*, Case No. 1:23-cv-23065 (S.D. Fla.)

*Chernyavsky, et al.* v. *Temasek Holdings (Private) Limited, et al.*, Case No. 1:23-cv-22960 (S.D. Fla.)

*Cabo, et al.* v. *Temasek Holdings (Private) Limited, et al.*, Case No. 1:23-cv-23212 (S.D. Fla.)

**TEMASEK HOLDINGS (PRIVATE) LIMITED'S REPLY IN FURTHER SUPPORT OF
ITS MOTION TO DISMISS THE ADMINISTRATIVE COMPLAINT
<u>FOR INSUFFICIENT SERVICE OF PROCESS</u>**

Because Plaintiffs have not properly served Temasek Holdings (Private) Limited ("Temasek Holdings") and have failed even to diligently attempt service, the Court should dismiss the Complaint for insufficient service of process under Rule 12(b)(5).

There can be no serious dispute that Plaintiffs have not served Temasek Holdings under Rules 4(f)(1), (2), or (h). Plaintiffs have not served (or indicated that they intend to serve) Temasek Holdings under the Hague Convention, in a manner directed by Singapore, or in a manner prescribed by Singapore law, which requires personal service for civil actions. *See Ganpat* v. *E. Pac. Shipping, PTE, LTD.*, 553 F. Supp. 3d 324, 332 (E.D. La. 2021). Plaintiffs claim that they tried to serve Temasek Holdings under Rule 4(h) by serving Temasek International (USA) LLC ("Temasek USA") but fail to grapple with the basic rule that, absent a showing of an agency relationship—which Plaintiffs here lack[1]—a plaintiff may not effect service on a foreign parent by serving a domestic subsidiary. *Vega Glen* v. *Club Mediterranee S.A.*, 359 F. Supp. 2d 1352, 1357 (S.D. Fla. 2005). Indeed, Plaintiffs misleadingly state that Temasek Holdings lists a U.S. address as its U.S. contact on its website, even though the website specifically lists the separate corporate entity of Temasek USA above the U.S. address at which Plaintiffs claim to have served Temasek Holdings.[2] Nor is the relevant inquiry whether Temasek Holdings has actual notice of the suit, which is insufficient absent proper service. *See*, *e.g.*, *Talib* v. *Anders*, 2018 WL 806868, at *3 (M.D. Fla. Feb. 9, 2018).

Plaintiffs argue that they should be permitted to employ alternate service under Rule 4(f)(3), but, as explained in Temasek Holdings' Opposition to Plaintiffs' Motion to Serve Certain

---

[1]   In a footnote, Plaintiffs assert that the corporate distinction between Temasek Holdings and Temasek USA should be disregarded. ECF No. 359 at 1 n.1. Plaintiffs' failure even to plead (let alone prove) an agency relationship is discussed in Foreign Investor Defendants' reply in support of their Rule 12(b)(2) motion.

[2]   *See Contact Us*, https://www.temasek.com.sg/en/contact-us.

1

Defendants with Process Through Alternate Means, *see* ECF No. 332, the weight of authority in the Eleventh Circuit is that alternative service under Rule 4(f)(3) is not permitted where plaintiffs have not first made a reasonable effort to serve the foreign defendant in accordance with the applicable foreign law—which Plaintiffs have indisputably failed to do.  ECF No. 332 at 3–5.  The cases on which Plaintiffs rely in arguing to the contrary, *see* ECF No. 359 at 3, involve a plaintiff without knowledge of a valid address for the defendant, or failed attempts at personal service—situations not present here.[3]

Any further attempt at service is too late.  As Plaintiffs recognize, the Eleventh Circuit follows a "flexible due diligence" test in determining the time limit for service of a foreign corporation.  ECF No. 359 at 2; *see Harris* v. *Orange S.A.*, 636 F. App'x 476, 485–86 (11th Cir. 2015).  Plaintiffs, however, have not exercised *any* diligence to serve Temasek Holdings in Singapore such that their delay should be excused.  Plaintiffs assert that "Singapore is not yet a Hague Convention signatory," ECF No. 359 at 3, but—as Temasek Holdings pointed out in its opening brief, ECF No. 332 at 4—Singapore acceded to the Hague Convention earlier this year, and that accession recently entered into force on December 1, 2023.[4]  Plaintiffs do not explain why they cannot serve Temasek Holdings in Singapore under the Hague Convention.

The Court should dismiss the Complaint against Temasek Holdings for insufficient service.

---

[3]  Pls.' Ex Parte Mot. for Order Authorizing Alternate Service, *The N. Face Apparel Corp.* v. *Individuals, Bus. Entities & Uninc. Ass'ns Identified on Schedule "A"*, No. 23-cv-60653, ECF No. 7 at 13 n.7 (S.D. Fla. Apr. 7, 2023); Pls.' Disc. Mem. Concerning Alternative Service, *Al-Saadi* v. *Annchery Fajas USA, Inc.*, No. 20-cv-23937, ECF No. 100 at 3–4 ¶ 7 (S.D. Fla. Feb. 28, 2022).

[4]  *Status Table*, HAGUE CONFERENCE ON PRIVATE INTERNATIONAL LAW, https://www.hcch.net/en/instruments/conventions/status-table/?cid=17.

Dated:  December 6, 2023                    Respectfully submitted,

                                                FRIDMAN FELS & SOTO, PLLC

By: *Adam S. Fels*
Adam S. Fels, Florida Bar No. 0114917
150 Alhambra Circle
Suite 715
Coral Gables, Florida 33134
Telephone:  (305) 569-7701
Email:  afels@ffslawfirm.com

- and

Brad S. Karp, *pro hac vice*
Andrew J. Ehrlich, *pro hac vice*
Nina M. Kovalenko, *pro hac vice*
PAUL, WEISS, RIFKIND,
 WHARTON & GARRISON LLP
1285 Avenue of the Americas
New York, New York 10019
Telephone: (212) 373-3000
Facsimile: (212) 757-3990
Email:  bkarp@paulweiss.com
            aehrlich@paulweiss.com
            nkovalenko@paulweiss.com

*Attorneys for Defendant Temasek Holdings (Private) Limited*

3

**CERTIFICATE OF SERVICE**

I hereby certify that on this 6th day of December, 2023, I e-filed the foregoing document using the Court's CM/ECF system, which will send a notice of electronic filing to all counsel of record.

/s/ Adam S. Fels