IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION
MDL No. 3076
Case No. 1:23-md-03076-KMM

IN RE:

FTX Cryptocurrency Exchange Collapse Litigation

This Document Relates To:

*Garrison, et al. v. Bankman-Fried, et al.*,
Case No. 22-cv-23753-MOORE/OTAZO-REYES

/

**DEFENDANT WILLIAM TREVOR LAWRENCE'S
REPLY BRIEF IN SUPPORT OF HIS INDIVIDUAL MOTION TO DISMISS**

Defendant William Trevor Lawrence (**"Mr. Lawrence"**) hereby files this Reply Brief in Support of his Individual Motion to Dismiss [ECF No. 283]. [1]

Plaintiffs claim they have alleged Mr. Lawrence engaged in conduct sufficient to make him liable as a statutory "seller" of YBAs and FTTs – but they have not. To be a statutory seller of an unregistered security, the defendant must engage in "active solicitation," which means the defendants must "urge" or "persuade" the plaintiff to buy the particular security in question.[2] And the plaintiff must also plead that the plaintiff purchased the securities in question "as a result" of that solicitation.[3] Plaintiffs make two final attempts to satisfy the foregoing – but both fail.

---

[1] Plaintiffs and Mr. Lawrence have agreed to settle – subject to Court approval [ECF No. 245]. Mr. Lawrence files this Reply Brief for consideration only if the settlement fails for any reason.

[2] *See In re BitConnect,* 2019 WL 9104318, *10 (S.D. Fla. 2019); *Wildes v. BitConnect*, 25 F. 4th 1341, 1346 (11th Cir. 2022).

[3] *See Rensel v. Centra Tech.,* 2019 WL 2085839, *3 (S.D. Fla. 2019); *BitConnect,* 2019 WL

First, Plaintiffs note that Mr. Lawrence appeared on a podcast. But that means nothing unless he did or said anything to "urge" or "persuade" anyone to buy YBAs or FTTs – and Plaintiffs fail to allege that he did. Even more, Plaintiffs fail to allege that anyone purchased any securities "as a result" of words spoken by Mr. Lawrence during that podcast.

Second, Plaintiffs complain that because the Blockfolio app "contained the capacity" to trade on the FTX platform, that was a "but-for cause" of Plaintiffs having invested in FTX – i.e., a "substantial factor" in enabling FTX to sell YBAs and FTTs. But that is not enough under *Pinter v. Dahl*, 486 U.S. 622 (1988). In *Pinter*, the Court specifically rejected the substantial-factor test because it extended liability too far. *Id.* at 641-647. The Court explained Congress never intended to impose seller liability on participants "collateral to the offer or sale." *Id.* at 650. The substantial-factor test improperly extends liability "to participants only remotely related to the relevant aspects of the sales transaction." *Id. at 651*. Ultimately, the *Pinter* Court determined that statutory "seller" extends only to a person "who successfully solicits the purchase" of the security in question. *Id.* at 647. And as noted above, *Pinter's* progeny dictate that "active solicitation" is required – which means the defendant must "urge" or "persuade" the plaintiff to buy the particular security in question – and, even more, the plaintiff must have purchased the securities "as a result" of that solicitation.[4]

Plaintiffs have come nowhere close to pleading what is required and, therefore, all claims pleaded against Mr. Lawrence should be dismissed with *prejudice*.

---

9104318 at *10; *Wildes,* 25 F. 4th at *1346.

[4] Statutory "seller" liability under the Florida Blue Sky Law is coterminous with statutory "seller" liability under Pinter. *See* Mr. Lawrence's Individual Motion to Dismiss [ECF No. 283 at 3 n.2].

Dated: December 6, 2023

Respectfully submitted,

DIMOND KAPLAN & ROTHSTEIN, P.A.
Offices at Grand Bay Plaza
2665 South Bayshore Drive, PH-2B
Miami, Florida 33133
Telephone:    (305) 374-1920
Facsimile:    (305) 374-1961

By:    /s/ David A. Rothstein
David A. Rothstein, Esq.
Fla. Bar No. 995762
DRothstein@dkrpa.com
Alexander M. Peraza, Esq.
Fla. Bar No. 107044
APeraza@dkrpa.com
Eshaba Jahir-Sharuz, Esq.
Fla. Bar No. 1038846
Eshaba@dkrpa.com

MCANGUS GOUDELOCK & COURIE LLC
2000 Market Street, Suite 780
Philadelphia, PA 19103
Telephone:    (484) 406-4334
Facsimile:    (215) 501-5374

Eric A. Fitzgerald (*pro hac vice*)
eric.fitzgerald@mgclaw.com
Hillary N. Ladov (*pro hac vice*)
hillary.ladov@mgclaw.com

Attorneys for Defendant
WILLIAM TREVOR LAWRENCE