**IN THE UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA, MIAMI DIVISION**
Case No. 1:23-md-03076-KMM

IN RE:

**FTX Cryptocurrency Exchange Collapse Litigation**

THIS DOCUMENT RELATES TO:

*O'Keefe* v. *Sequoia Capital Operations, LLC, et al.*, Case No. 23-cv-20700 (S.D. Fla.)

*O'Keefe* v. *Temasek Holdings (Private) Limited, et al.*, Case No. 1:23-cv-23065 (S.D. Fla.)

*Chernyavsky, et al.* v. *Temasek Holdings (Private) Limited, et al.*, Case No. 1:23-cv-22960 (S.D. Fla.)

*Cabo, et al.* v. *Temasek Holdings (Private) Limited, et al.*, Case No. 1:23-cv-23212 (S.D. Fla.)

**FOREIGN INVESTOR DEFENDANTS' REPLY IN FURTHER SUPPORT OF MOTION TO DISMISS THE ADMINISTRATIVE COMPLAINT <u>FOR LACK OF PERSONAL JURISDICTION</u>**

## **TABLE OF CONTENTS**

                                                                                                                          **Page**

INTRODUCTION .................................................................................................................. 1

ARGUMENT .......................................................................................................................... 2

I.     PLAINTIFFS FAIL TO ESTABLISH PERSONAL JURISDICTION OVER THE FOREIGN INVESTOR DEFENDANTS. ................................................................... 2

        A.     Plaintiffs Do Not Dispute That the Foreign Investor Defendants Are Not Subject to General Jurisdiction in Florida or California. ........................................ 2

        B.     Plaintiffs Fail to Plead an Actionable Conspiracy Supporting Personal Jurisdiction in Florida. ............................................................................................ 2

        C.     Plaintiffs' New Agency Theory Is Unsupported and Irrelevant. ........................... 3

        D.     Plaintiffs Fail to Show That the Exercise of Jurisdiction Is Permissible Under the Florida or California Long-Arm Statutes or the U.S. Constitution. ............................................................................................................ 6

        E.     Plaintiffs Are Not Entitled to Jurisdictional Discovery. ........................................ 8

CONCLUSION ....................................................................................................................... 9

# **TABLE OF AUTHORITIES**

Page(s)

**Cases**

*Am. Civil Liberties Union of Fla.* v. *City of Sarasota*,
    859 F.3d 1337 (11th Cir. 2017) ...................................................................................8

*Aviation One of Fla, Inc.* v. *Airborne Ins. Consultants (PTY), Ltd.*,
    722 F. App'x 870 (11th Cir. 2018) ...............................................................................6

*Basulto* v. *Netflix, Inc.*,
    2023 WL 5271335 (S.D. Fla. Aug. 16, 2023)...............................................................7

*Birmingham* v. *RoFx.net*,
    2022 WL 1686683 (S.D. Fla. May 26, 2022) ...............................................................3

*CJS Sols. Grp., LLC* v. *Tokarz*,
    2021 WL 848159 (M.D. Fla. Mar. 5, 2021) ...............................................................7, 8

*In re: Cmty. Health Sys., Inc.*,
    2016 WL 4732630 (N.D. Ala. Sept. 12, 2016).............................................................5

*Consol. Dev. Corp.* v. *Sherritt, Inc.*,
    216 F.3d 1286 (11th Cir. 2000) ....................................................................................5

*Covenant Imaging LLC* v. *Viking Rigging & Logistics, Inc.*,
    2020 WL 12442002 (S.D. Fla. Feb. 14, 2020) .............................................................3

*Eaton* v. *Dorchester Dev., Inc.*,
    692 F.2d 727 (11th Cir. 1982) ......................................................................................8

*Hard Candy, LLC* v. *Hard Candy Fitness, LLC*,
    106 F. Supp. 3d 1231 (S.D. Fla. 2015) .........................................................................4

*KrunchCash, LLC* v. *Craig*,
    2023 WL 2487230 (S.D. Fla. Mar. 13, 2023)...............................................................6

*Lee-Bolton* v. *Koppers Inc.*,
    2013 WL 11522040 (N.D. Fla. Sept. 9, 2013)..............................................................5

*Licciardello* v. *Lovelady*,
    544 F.3d 1280 (11th Cir. 2008) ................................................................................6, 7

*Oueiss* v. *Saud*,
    2022 WL 1311114 (S.D. Fla. Mar. 29, 2022)............................................................6, 8

*Rae* v. *Celebrity Cruises, Inc.*,
    2022 WL 2981868 (S.D. Fla. July 28, 2022)................................................................2

*Singh* v. *Royal Caribbean Cruises Ltd.*,
    576 F. Supp. 3d 1166 (S.D. Fla. 2021) ...................................................................................3

*Thompson* v. *Carnival Corp.*,
    174 F. Supp. 3d 1327 (S.D. Fla. 2016) ...................................................................................8

*Waite* v. *All Acquisition Corp.*,
    901 F.3d 1307 (11th Cir. 2018) ..............................................................................................7

*Walden* v. *Fiore*,
    571 U.S. 277 (2014) ...............................................................................................................6

**Other Authorities**

Fed. R. Civ. P. 12(b) ......................................................................................................................3

**INTRODUCTION**

The opposition confirms that the claims against the moving Foreign Investor Defendants[1] should be dismissed for lack of personal jurisdiction. Plaintiffs do not dispute that Foreign Investor Defendants are not "at home" in either Florida or California, nor do they point to any allegations in the Complaint concerning any acts undertaken by Foreign Investor Defendants in either state that are related to Plaintiffs' claims—or, for SG Capital Holdings and Temasek USA, any acts at all. Plaintiffs' Complaint fails even to state a *prima facie* case of personal jurisdiction, so their pleas to defer decision of this motion so they can go on a fishing expedition of jurisdictional discovery should be rejected. Not only is Plaintiffs' pleading totally bereft of any jurisdictional facts, Plaintiffs have also failed to raise any genuine dispute as to the sworn testimony that Foreign Investor Defendants submitted with their motion to dismiss.[2] Plaintiffs' claims should be dismissed forthwith and with no further proceedings.

Plaintiffs devote much of their opposition to arguing that Foreign Investor Defendants are subject to jurisdiction in Florida. But Plaintiffs have pleaded no facts whatsoever about any contacts between any Foreign Investor Defendant and Florida. Plaintiffs thus cling to their conspiracy claim, which they argue gives rise to jurisdiction. However, not only have Plaintiffs failed entirely to plead any conspiracy involving Foreign Investor Defendants, those Defendants either never invested in FTX or were themselves defrauded by SBF and lost their investments.

---

[1] The moving Foreign Investor Defendants are Temasek Holdings Private Limited ("Temasek Holdings"), Temasek International (USA) LLC ("Temasek USA"), and Sino Global Capital Holdings, LLC ("SG Capital Holdings"). *See* ECF No. 300 at 1 & n.1.

[2] *See* ECF Nos. 300, 300-1 (Declaration of M. Graham on behalf of SG Capital Holdings), 300-2 (Declaration of B. Chan on behalf of Temasek Holdings), 300-3 (Declaration of C. Atherton on behalf of Temasek USA).

1

In a last-ditch attempt to drum up jurisdiction, Plaintiffs raise a new "agency" theory of jurisdiction that they failed to plead, based on U.S. entities SG Capital Holdings and Temasek USA supposedly being the agents of the foreign defendants. Even if Plaintiffs are permitted to raise a new jurisdictional theory at this stage—and they are not—they have pleaded no facts, in their Complaint or in their opposition, showing the requisite "high" or "very significant" levels of operational control by the foreign entities over the U.S. entities. Moreover, Plaintiffs' new theory cannot help them where, with respect to the U.S. entities, Plaintiffs have pled no specific facts at all. There are no allegations contesting Defendants' showing that these U.S. entities were wholly uninvolved with FTX, and thus cannot serve as the basis for an assertion of specific jurisdiction.

Defendants' motion should be granted, and Plaintiffs' claims dismissed with prejudice.

## ARGUMENT

### I. PLAINTIFFS FAIL TO ESTABLISH PERSONAL JURISDICTION OVER THE FOREIGN INVESTOR DEFENDANTS.

#### A. Plaintiffs Do Not Dispute That the Foreign Investor Defendants Are Not Subject to General Jurisdiction in Florida or California.

Plaintiffs completely fail to address the sworn testimony demonstrating that no Foreign Investor Defendant is "at home" in Florida or California. *See* ECF No. 300 at 9–10, 15. Plaintiffs have thus abandoned this jurisdictional theory. *See Rae* v. *Celebrity Cruises, Inc.*, 2022 WL 2981868, at *2 n.2 (S.D. Fla. July 28, 2022) (finding general jurisdiction theory abandoned where plaintiff failed to respond to argument raised in defendant's motion to dismiss).

#### B. Plaintiffs Fail to Plead an Actionable Conspiracy Supporting Personal Jurisdiction in Florida.

As Foreign Investor Defendants demonstrated in their opening brief, Plaintiffs have failed to plead even a *prima facie* case of specific personal jurisdiction against SG Capital Holdings, Temasek Holdings, or Temasek USA. ECF No. 300 at 9–15. Plaintiffs argue in response that they

2

have sufficiently pled specific jurisdiction by alleging a civil conspiracy. ECF No. 358 at 9. But Plaintiffs have not satisfied the threshold criteria for conspiracy theory jurisdiction because they lack any colorable factual allegations showing the existence of a conspiracy, let alone a conspiracy involving any Foreign Investor Defendant. *See Birmingham* v. *RoFx.net*, 2022 WL 1686683, at *2 (S.D. Fla. May 26, 2022); *Covenant Imaging LLC* v. *Viking Rigging & Logistics, Inc.*, 2020 WL 12442002, at *7 (S.D. Fla. Feb. 14, 2020).

As Foreign Investor Defendants have shown, *see, e.g.*, ECF No. 382 at 7; ECF No. 383 at 10–11, and as further set forth in their reply in support of their Rule 12(b)(6) motion, Plaintiffs' theory is implausible, unsupported by any actual pleaded facts, and irreconcilable with the recent jury finding in the Southern District of New York that SBF ***conspired to defraud FTX investors*** like the foreign defendants here, whom Plaintiffs are seeking to implicate in the conspiracy, by hiding the very same information that Plaintiffs claim Foreign Investor Defendants had. *See United States* v. *Bankman-Fried*, No. 1:22-cr-00673-LAK (S.D.N.Y.), Nov. 2, 2023 Jury Verdict.

**C.     Plaintiffs' New Agency Theory Is Unsupported and Irrelevant.**

Plaintiffs likewise fail to manufacture jurisdiction through the "agency" theory they newly assert in their opposition. As a threshold matter, Plaintiffs "cannot assert what is essentially a new [jurisdictional allegation], not previously pled, in a response to a motion to dismiss[,] and the Court need not consider it." *Singh* v. *Royal Caribbean Cruises Ltd.*, 576 F. Supp. 3d 1166, 1176 (S.D. Fla. 2021) (alterations in original) (internal quotations and citation omitted). Here, the Complaint contains no allegations whatsoever establishing—or even mentioning—an agency relationship justifying the exercise of personal jurisdiction over a foreign defendant through an alleged domestic subsidiary, as to either the Temasek entities or the Sino entities. Tellingly, the only allegations that Plaintiffs cite in support of this theory merely allege, in a wholly conclusory fashion, that Temasek Holdings and Sino Global Capital Limited "operate[] in North America

3

primarily through" Temasek USA and SG Capital Holdings, respectively. Compl. ¶¶ 29, 34. Plaintiffs cannot allege new facts in this regard in their opposition.

Regardless, Plaintiffs' arguments lack merit. "Agency-based personal jurisdiction exists where the parent entity exercises *operational control* over a subsidiary," which "means 'the day-to-day control of the internal affairs or basic operations of the subsidiary.'" *Hard Candy, LLC* v. *Hard Candy Fitness, LLC*, 106 F. Supp. 3d 1231, 1241 (S.D. Fla. 2015) (emphasis added) (quoting *Yellow Pages Photos, Inc.* v. *Ziplocal, LP*, 2012 WL 5830590, at *3 (M.D. Fla. Nov. 16, 2012)). "The amount of control exercised by the parent must be high and very significant." *Id.* (citation omitted). Further, "[j]urisdictional contacts will not be imputed in the absence of such a high degree of control, even where a parent and its subsidiary otherwise have 'a very close working relationship' and 'regular and extensive contact.'" *Id.* (quoting *Gen. Cigar Holdings, Inc.* v. *Altadis, S.A.*, 205 F. Supp. 2d 1335, 1343–44 (S.D. Fla. 2002)).

Here, despite Plaintiffs' failure to plead a *prima facie* case of personal jurisdiction, Foreign Investor Defendants submitted sworn testimony that, among other things, explains that the foreign parents do not exercise day-to-day control over their alleged domestic subsidiaries. *See* ECF Nos. 300-1 ¶¶ 4–5; 300-2 ¶¶ 26–29; 300-3 ¶¶ 5–9. Plaintiffs point to nothing contradicting this competent evidence. Indeed, Florida courts have expressly rejected the types of "facts" the opposition strains to muster here, *see* ECF No. 358 at 6–9, which mainly comprise cribbed quotes from webpages or other communications attributed to Temasek Holdings or the Sino Global brand that use inclusive pronouns. As one court explained, "[t]he fact that a holding company discusses profits, losses, and operations as joint operations with its subsidiary in press releases, web sites, SEC filings or financial reports for the plain understanding of its shareholders," even where such statements suggest "that the companies are intertwined, does not alter their legal relationship or

4

demonstrate sufficient operational control to justify personal jurisdiction under an agency theory." *Lee-Bolton* v. *Koppers Inc.*, 2013 WL 11522040, at *5 (N.D. Fla. Sept. 9, 2013); *see also, e.g.*, *In re: Cmty. Health Sys., Inc.*, 2016 WL 4732630, at *4 (N.D. Ala. Sept. 12, 2016) (finding presence of "inclusive terms, such as 'we,' 'us,' 'our' and 'the Company'" on corporation's website insufficient to rebut declaration testimony refuting agency relationship).

Plaintiffs' agency theory also makes no sense because they allege no facts about anything that SG Capital Holdings or Temasek USA actually *did* as purported agents that might give rise to jurisdiction in Florida or California. Indeed, Plaintiffs allege no specific acts by these entities *at all*. This is unsurprising given that neither entity was involved with FTX. ECF No. 300-1 ¶ 6; ECF No. 300-2 ¶ 29; ECF No. 300-3 ¶ 11. Plaintiffs' attempt to fabricate jurisdiction by naming uninvolved alleged subsidiaries fails because "[t]he casual presence of a corporate agent in the forum is not enough to subject the corporation to suit where the cause of action is unrelated to the agent's activities." *Consol. Dev. Corp.* v. *Sherritt, Inc.*, 216 F.3d 1286, 1293 (11th Cir. 2000).

Plaintiffs thus resort to describing acts by non-parties, which still fail to confer jurisdiction. They cite a calendar invitation from a Singapore-based employee of a non-party Temasek entity to an FTX employee, regarding a meeting in **New York**. ECF No. 358-1 at 75. Although Plaintiffs assert that the non-party employer was "maintained and operated as Temasek Holdings' agent," ECF No. 358 at 7, they have no factual allegations to that effect, in either their Complaint or in their opposition, and they utterly fail to explain what the jurisdictional relevance of that entity is.

Plaintiffs also point to documents concerning Sino Global Capital Management LLC, which they concede "is not a defendant in this matter." ECF No. 358 at 8 & n.62. The opposition asserts in conclusory fashion that Sino Global Capital Management LLC's "contacts with Florida may be imputed to [SG Capital Holdings] due to the agency relationship among the entities." *Id.*

5

But Plaintiffs have once again failed to show any sort of control between Sino Global Capital Management LLC and SG Capital Holdings (or any other entity), let alone "operational control."

        **D.**        **Plaintiffs Fail to Show That the Exercise of Jurisdiction Is Permissible Under the Florida or California Long-Arm Statutes or the U.S. Constitution.**

As stated above, Plaintiffs do not plead that any Foreign Investor Defendant actually did anything in Florida. Plaintiffs nevertheless allege that the Court may exercise specific personal jurisdiction over these Defendants because they made "communications that painted FTX as safe and legitimate," ECF No. 358 at 9, and those statements were "available online in Florida" and allegedly caused injury there, *id.* at 10. Like Plaintiffs' agency theory, this argument lacks factual support and mischaracterizes Florida and federal law construing the due process clause, which require a "substantial connection" between the foreign defendant and the forum state. *Licciardello* v. *Lovelady*, 544 F.3d 1280, 1285 (11th Cir. 2008) (citation omitted); *KrunchCash, LLC* v. *Craig*, 2023 WL 2487230, at *9 (S.D. Fla. Mar. 13, 2023) (explaining that "mere injury in Florida resulting from a tort committed elsewhere is insufficient to support personal jurisdiction over a nonresident defendant" (citation omitted)).

The opposition tellingly cites cases pre-dating *Walden* v. *Fiore*, 571 U.S. 277 (2014), which held that, to comport with due process, the exercise of jurisdiction must be based on a relationship "aris[ing] out of contacts that the defendant *himself* creates with the forum State," not "contacts between the plaintiff (or third parties) and the forum State." *Id.* at 284 (internal quotations and citation omitted); *see also Aviation One of Fla, Inc.* v. *Airborne Ins. Consultants (PTY), Ltd.*, 722 F. App'x 870, 882 (11th Cir. 2018) ("[T]he fact that [defendant's] alleged actions caused economic harm in the forum state is not alone sufficient."). Where plaintiffs rely on conspiracy jurisdiction, they must plead actual facts showing defendants were aware of overt acts taking place in Florida. *Oueiss* v. *Saud*, 2022 WL 1311114, at *18 (S.D. Fla. Mar. 29, 2022); *see*

6

*also Basulto v. Netflix, Inc.*, 2023 WL 5271335, at *1 (S.D. Fla. Aug. 16, 2023) (alleged conspiracy was insufficient to establish personal jurisdiction under *Walden* where "the evidence does not show that the Foreign Defendants engaged in their own purposeful acts in the forum"). Further, to satisfy due process, each defendant's activities in the forum state must be a "but-for" cause of the plaintiff's claim. *See Waite* v. *All Acquisition Corp.*, 901 F.3d 1307, 1314 (11th Cir. 2018). Plaintiffs do not allege that Temasek Holdings, Temasek USA, or SG Capital Holdings committed any acts forming a connection with Florida that gave rise to their claims.[3] Likewise, Plaintiffs identify no connection between their claims and any actions by any of the Foreign Investor Defendants in California.

The authorities Plaintiffs cite are not to the contrary. The "effects test" Plaintiffs invoke to support their due process arguments, ECF No. 358 at 13, is satisfied only when the "non-resident defendant commits an intentional tort that was directly aimed at the forum state and caused an injury within the forum state that the defendant reasonably should have anticipated." *CJS Sols. Grp., LLC* v. *Tokarz*, 2021 WL 848159, at *10 (M.D. Fla. Mar. 5, 2021). Thus, in *Licciardello*, the court found that the defendant's use of the plaintiff's trademarks on a website that was accessible from Florida satisfied the effects test because (i) the act was an intentional tort, (ii) the act was aimed at a specific individual in the forum state, and (iii) the effects of the tort were felt in the forum state. 544 F.3d at 1288. Here, by contrast, Plaintiffs fail to allege any conduct, much less any wrongdoing, by any Foreign Investor Defendant that was "directly aimed" at a specific

---

[3] The opposition attempts to argue that there is specific jurisdiction over SG Capital Holdings based on what is *not* stated in the declaration of SG Capital Holdings' Managing Member, submitted with the opening brief. ECF No. 358 at 9. For the avoidance of doubt, with this reply brief, SG Capital Holdings is submitting a reply declaration by its Managing Member confirming the complete dearth of connections between SG Capital Holdings and Florida. *See* Reply Declaration of Matthew Graham ¶¶ 3–7.

individual in Florida or California. *CJS Sols. Grp.*, 2021 WL 848159, at *10; *Oueiss*, 2022 WL 1311114, at *18. With respect to Temasek USA, Plaintiffs resort to arguing that its conduct (which goes unmentioned in the Complaint) "was directed nationwide," ECF No. 358 at 14—thereby showing that Plaintiffs have no basis to plead specific jurisdiction in either forum they have chosen.

### E. Plaintiffs Are Not Entitled to Jurisdictional Discovery.

Plaintiffs may not obtain wide-ranging discovery to bolster their conspiracy claim (or any of their other deficient allegations) before the Court decides Foreign Investor Defendants' motion to dismiss simply because they contend jurisdiction is supposedly "inextricably intertwined with the merits of the case." ECF No. 358 at 15. As demonstrated in Foreign Investor Defendants' oppositions to Plaintiffs' motion seeking jurisdictional discovery, Plaintiffs have failed to plead even a *prima facie* case of personal jurisdiction. ECF No. 382 at 5–7; ECF No. 383 at 3–6. It cannot be the case that where Plaintiffs have no jurisdictional facts and no facts supporting a conspiracy claim, they may drag foreign defendants into court—and then try to salvage the claims that they ought to have already researched by forcing defendants to expend resources responding to broad-ranging discovery requests that are nothing more than a fishing expedition. *Thompson* v. *Carnival Corp.*, 174 F. Supp. 3d 1327, 1339 (S.D. Fla. 2016) (explaining that jurisdictional discovery may not be used "in an attempt to marshal facts that" plaintiffs "'should have had—but did not—before coming through the courthouse doors'" (quoting *Lowery* v. *Alabama Power Co.*, 483 F.3d 1184, 1216 (11th Cir. 2007))).[4]

---

[4] The cases Plaintiffs cite, ECF No. 358 at 15; ECF No. 388 at 2, involved narrow factual disputes that were dispositive of the court's subject matter jurisdiction, not unsubstantiated conspiracy claims used to bootstrap personal jurisdiction where none exists. *See Am. Civil Liberties Union of Fla.* v. *City of Sarasota*, 859 F.3d 1337, 1341 (11th Cir. 2017) (discovery granted as to whether specific actions were undertaken at behest of federal agency); *Eaton* v. *Dorchester Dev., Inc.*, 692 F.2d 727, 734 (11th Cir. 1982) (discovery granted as to whether development housed more than 100 units so as to give rise to federal-question jurisdiction).

## CONCLUSION

The moving Foreign Investor Defendants respectfully request that the Court dismiss the actions against them with prejudice for lack of personal jurisdiction.

Dated:  December 6, 2023                                          Respectfully submitted,

FRIDMAN FELS & SOTO, PLLC

By: *Adam S. Fels*
Adam S. Fels, Florida Bar No. 0114917
150 Alhambra Circle
Suite 715
Coral Gables, Florida 33134
Telephone:  (305) 569-7701
Email:  afels@ffslawfirm.com

- and

Brad S. Karp, *pro hac vice*
Andrew J. Ehrlich, *pro hac vice*
Nina M. Kovalenko, *pro hac vice*
PAUL, WEISS, RIFKIND,
  WHARTON & GARRISON LLP
1285 Avenue of the Americas
New York, New York 10019
Telephone: (212) 373-3000
Facsimile: (212) 757-3990
Email:  bkarp@paulweiss.com
            aehrlich@paulweiss.com
            nkovalenko@paulweiss.com

*Attorneys for Defendants Temasek Holdings (Private) Limited and Temasek International (USA) LLC*

By: *Michael Mix*
Jason P. Gottlieb, *pro hac vice*
Michael Mix, *pro hac vice*
Vani Upadhyaya, *pro hac vice*
MORRISON COHEN LLP
909 Third Avenue

9

New York, New York 10022
Telephone: (212) 735-8600
Email: jgottlieb@morrisoncohen.com
      mmix@morrisoncohen.com
      vupadhyaya@morrisoncohen.com

*Attorneys for Defendant Sino Global Capital Holdings, LLC*

## CERTIFICATE OF SERVICE

      I hereby certify that on this 6th day of December, 2023, I e-filed the foregoing document using the Court's CM/ECF system, which will send a notice of electronic filing to all counsel of record.

<em>/s/ Adam S. Fels</em>