UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MDL No. 3076
Case No. 1:23-md-03076-KMM

IN RE:

FTX Cryptocurrency Exchange Collapse
Litigation

_____

THIS DOCUMENT RELATES TO:

Defendants SoftBank Group Corp., SoftBank
Investment Advisers (UK) Limited, and SoftBank
Global Advisers Limited

*O'Keefe v. Sequoia Capital Operations, LLC*,
No. 1:23-cv-20700 (S.D. Fla.)

*Chernyavsky v. Temasek Holdings (Private) Limited*,
No. 1:23-cv-22960 (S.D. Fla.)

*Cabo v. Temasek Holdings (Private) Limited*,
No. 1:23-cv-23212 (S.D. Fla.)
_____/

**DEFENDANTS SOFTBANK GROUP CORP., SOFTBANK
INVESTMENT ADVISERS (UK) LIMITED, AND SOFTBANK
GLOBAL ADVISERS LIMITED'S REPLY IN SUPPORT OF THEIR
MOTION TO DISMISS THE [CORRECTED] ADMINISTRATIVE
<u>CLASS ACTION COMPLAINT FOR INSUFFICIENT SERVICE OF PROCESS</u>**

The Court should dismiss Plaintiffs' Complaint against SBG, SBIA, and SBGA for insufficient service of process because Plaintiffs have repeatedly conceded that they have not properly served those foreign entities. (Mot. at 1–3.)[1] Plaintiffs do not contest that in their Opposition.[2] Instead, they offer a series of irrelevant arguments that underscore their failure to even attempt proper service as to those foreign entities at any point in the past nine months.

***First***, Plaintiffs state that the Motion was "premature." (Opp. at 1.) Not so. SBG, SBIA, and SBGA filed the Motion pursuant to the Court's order setting a deadline for motions in which "Defendants seek[] to raise unique issues . . . ***e.g., a challenge to adequacy of service of process***." (ECF No. 216 (emphasis added).) The Motion was filed pursuant to that case management order.

***Second***, this Court should reject Plaintiffs' request to quash service rather than dismiss the Complaint. (Opp. at 2.) SBG was first named as a defendant on February 22, 2023 (287 days before this filing), and SBIA and SBGA were first named as defendants on August 7, 2023 (121 days before this filing). (*See* Mot. at 1.) In that time, Plaintiffs have apparently made ***no attempt to even begin the process*** for serving any of those foreign entities through the Hague Service Convention. That neglect warrants dismissal. *See Harris v. Orange S.A.*, 636 F. App'x 476, 486 (11th Cir. 2015) ("[A] plaintiff's complaint may be dismissed upon a showing that she failed to exercise diligence in attempting to effectuate service on a foreign defendant."); *In re BitConnect Sec. Litig.*, 2020 WL 3496331, at *3 (S.D. Fla. Jan. 9, 2020) (denying motion for alternative service

---

[1] The "Motion" or "Mot." is SBG, SBIA, and SBGA's motion to dismiss the Complaint pursuant to Federal Rule of Civil Procedure 12(b)(5). (ECF No. 296.) The "Opposition" or "Opp." is Plaintiffs' opposition to the Motion. (ECF No. 352.) Capitalized terms not otherwise defined have the meanings set forth in the Motion.

[2] Plaintiffs only claim to have served Defendant SB Group US, Inc. (Opp. at 1.) However, that domestic entity did not join the Motion and has not challenged service of process. Plaintiffs also note that they "re-filed" their proof of service for SBG in the correct underlying action (*id.*), but that is irrelevant. SBG explained why that proof is flawed. (Mot. at 2–3.) Plaintiffs have no response. Indeed, they concede that they have not served SBG.

1

and dismissing foreign defendants because plaintiffs had "not even begun to serve process under the Hague Convention"); *Tower v. Adoption Partners, Inc.*, 2010 WL 11507809, at *3–5 (M.D. Fla. Sept. 15, 2010) (similar); *Plantation Gen. Hosp., L.P. v. Cayman Islands*, 2010 WL 731853, at *1 (S.D. Fla. Feb. 26, 2010) (similar).[3]

***Third***, Plaintiffs argue that they should be permitted to serve SBG, SBIA, and SBGA through alternative means under Rule 4(f)(3) and rehash arguments from their motion for alternate service. (Opp. at 2–3.) Again, this is a concession that Plaintiffs have not properly served or even attempted to serve any of those entities. In any event, those arguments fail for all the reasons set forth in SBG, SBIA, and SBGA's opposition to that motion, including that Plaintiffs have made no showing of any attempts to serve those entities through the Hague Service Convention and their proposed alternative means of service are improper. (*See* ECF No. 330 at 5–10.)

***Fourth***, Plaintiffs complain that SBG, SBIA, and SBGA "continue to refuse to waive service." (Opp. at 1.) That is yet another admission that Plaintiffs have not properly served these entities. It is also irrelevant because "[a] defendant is not required to waive formal service if requested." *Fitzpatrick v. Bank of N.Y. Mellon*, 580 F. App'x 690, 694 (11th Cir. 2014); *see also AGIS Software Dev., LLC v. ZTE Corp.*, 2018 WL 4053897, at *3 (E.D. Tex. July 20, 2018) (explaining that defendants "are not obligated to waive service under the Hague Convention").

Plaintiffs have neglected to properly serve SBG, SBIA, and SBGA. The Complaint should be dismissed as to each of them.

---

[3] Plaintiffs cite two out-of-district cases in support of their request that the Court "quash service and direct that service be effectuated properly": *Vega v. Hastens Beds, Inc.*, 339 F.R.D. 210, 217, 222 (S.D.N.Y. 2021), and *Fed. Home Loan Mortg. Corp. v. Dutch Lane Assocs.*, 775 F. Supp. 133, 138 (S.D.N.Y. 1991). (Opp. at 2.) Both are inapposite because the plaintiffs in those cases made substantial efforts to serve the defendants through proper procedures. Plaintiffs here have not.

Dated:  December 6, 2023

Respectfully submitted,

*/s/ Eric D. Lawson*
Eric D. Lawson (mdl102196)
MORRISON & FOERSTER LLP
250 West 55th Street
New York, NY 10019-9601
Telephone: (212) 468-8000
Email: elawson@mofo.com

Anna Erickson White (mdl102198)
Ryan M. Keats (mdl102197)
MORRISON & FOERSTER LLP
425 Market Street
San Francisco, CA 94105-2482
Telephone: (415) 268-7000
Email: awhite@mofo.com
        rkeats@mofo.com

Adam M. Foslid (Fla. Bar No. 682284)
WINSTON & STRAWN LLP
Southeast Financial Center
200 S. Biscayne Blvd., Suite 2400
Miami, FL 33131
Telephone: (305) 910-0500
Email: afoslid@winston.com

*Counsel for Defendants SoftBank Group Corp., SoftBank Investment Advisers (UK) Limited, and SoftBank Global Advisers Limited*

## CERTIFICATE OF SERVICE

      I hereby certify that on this 6th day of December, 2023, I e-filed the foregoing document using the Court's CM/ECF system, which will send a notice of electronic filing to all counsel of record.

/s/ *Eric D. Lawson*