**IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION**

| | |
|---|---|
| IN RE: FTX CRYPTOCURRENCY EXCHANGE COLLAPSE LITIGATION | No: 1:23-md-03076-KMM<br><br>MDL No. 3076 |
| This Document Relates To:<br><br>*Garrison v. Bankman-Fried*,<br>No. 22-cv-23753-KMM<br><br>*Garrison v. Ohtani*,<br>No. 23-cv-23064-KMM<br><br>*Garrison v. Golden State Warriors, LLC*,<br>No. 1:23-cv-23084-KMM<br><br>*Norris v. Brady*,<br>No. 23-cv-20439-KMM | |

**REPLY BRIEF IN SUPPORT OF MOTION TO DISMISS FOR FAILURE TO STATE A CLAIM BY DEFENDANTS THOMAS BRADY, GISELE BÜNDCHEN, STEPHEN CURRY, LAWRENCE GENE DAVID, GOLDEN STATE WARRIORS, LLC, UDONIS HASLEM, SHOHEI OHTANI, KEVIN O'LEARY, SHAQUILLE O'NEAL, DAVID <u>ORTIZ, NAOMI OSAKA, AND SOLOMID CORPORATION</u>**

## <u>TABLE OF CONTENTS</u>

<u>Page</u>

I.    Plaintiffs Fail to State a Claim ..........................................................2

    A.    Plaintiffs' Opposition Does Not Cure Their Defective Shotgun Pleading .............2

    B.    Plaintiffs Fail To State Claims Under Any State's Securities Act.........................2

        1.    Plaintiffs' Securities Claims All Fail Because They Do Not Allege They Purchased Or That Movants Sold Them Unregistered Securities.........................................................................3

        2.    Plaintiffs' FSIPA Claim Fails For Additional Reasons ...........................6

        3.    Plaintiffs' California Claims Also Fail For Lack Of Intent ......................8

        4.    Plaintiffs' Oklahoma Claims Also Fail For Lack Of Material Aid ............9

    C.    Plaintiffs Fail To State A Claim Under Any State's Consumer Laws....................9

        1.    Consumer Protection Laws Do Not Apply To Securities Transactions ........................................................................9

        2.    Rule 9(b) Governs Plaintiffs' Consumer Protection Claims....................11

        3.    Plaintiffs Fail To Allege Movants Had Knowledge Of Or Participated In FTX's Wrongdoing ........................................12

        4.    Plaintiffs Fail To Plead The Elements Of Their Consumer Claims...........13

        5.    Plaintiffs' California Claim Further Fails For Lack Of A Remedy ...........16

    D.    Plaintiffs Fail To State Claims For Civil Conspiracy ...........................................17

    E.    Plaintiffs Fail To State Claims For Aiding And Abetting .....................................18

    F.    Plaintiffs Fail To Allege A Basis For Declaratory Relief......................................19

    G.    Allowing Plaintiffs' Claims To Proceed Raises First Amendment Concerns .........................................................................19

    H.    The Cases Should Be Dismissed Because FTX Is An Indispensable Party .........19

    I.    Further Amendment Would Require Leave And Should Be Denied ...................20

# **TABLE OF AUTHORITIES**

**Page(s)**

## CASES

*2 Montauk Highway LLC v. Glob. Partners LP*,
   296 F.R.D. 94 (E.D.N.Y. 2013) ...............................................................20

*Am. Dental Ass'n v. Cigna Corp.*,
   605 F.3d 1283 (11th Cir. 2010) .............................................................18

*Anderson v. Branch Banking & Tr. Co.*,
   119 F. Supp. 3d 1328 (S.D. Fla. 2015) ....................................................6

*Apex Toxicology, LLC v. United HealthCare Servs., Inc.*,
   2020 WL 13551299 (S.D. Fla. July 7, 2020).........................................17

*AquaDry Plus Corp. v. Rockhill Ins. Co.*,
   2020 WL 927440 (S.D. Fla. Feb. 26, 2020) ...........................................19

*Cabrera v. Gov't Emps. Ins. Co.*,
   452 F. Supp. 3d 1305 (S.D. Fla. 2014) ....................................................6

*Carolina Cas. Ins. Co. v. Condor Aerial, LLC*,
   2018 WL 5668505 (N.D. Fla. July 2, 2018) ...........................................20

*Carvelli v. Ocwen Fin. Corp.*,
   934 F.3d 1307 (11th Cir. 2019) .............................................................15

*Cawthon v. Phillips Petroleum Co.*,
   124 So. 2d 517 (Fla. Dist. Ct. App. 1960) ...............................................7

*Chang v. JPMorgan Chase Bank, N.A.*,
   845 F.3d 1087 (11th Cir. 2017) .............................................................19

*Cold Stone Creamery, Inc. v. Lenora Foods I, LLC*,
   332 F. App'x 565 (11th Cir. 2009) .........................................................16

*Corbett v. PharmaCare U.S., Inc.*,
   567 F. Supp. 3d 1172 (S.D. Cal. 2021)...................................................16

*De Ford v. Koutoulas*,
   2023 WL 2709816 (M.D. Fla. Mar. 30, 2023) .........................................8

*Demetriades v. Yelp, Inc.*,
   228 Cal. App. 4th 294 (2014) ................................................................14

ii

*Dillon v. Axxsys Int'l, Inc.*,
    185 F. App'x 823 (11th Cir. 2006) ......................................................................8

*Dillon v. Axxsys Int'l, Inc.*,
    385 F. Supp. 2d 1307 (M.D. Fla. 2005)...............................................................6

*Dinaco, Inc., v. Time Warner, Inc.*,
    346 F.3d 64 (2d Cir. 2003).................................................................................7

*Donofrio v. Matassini*,
    503 So. 2d 1278 (Fla. Dist. Ct. App. 1987) .......................................................17

*EnSource Invs. LLC v. Willis*,
    2019 WL 6700403 (S.D. Cal. Dec. 6, 2019)......................................................10

*Epstein v. Gilead Scis., Inc.*,
    2020 WL 4333011 (S.D. Fla. July 27, 2020)......................................................16

*Feng v. Walsh*,
    2021 WL 8055449 (S.D. Fla. Dec. 21, 2021), *report and recommendation adopted*,
    2022 WL 669198 (S.D. Fla. Mar. 7, 2022)........................................................10

*Fineman v. Ferragamo USA Inc.*,
    2023 WL 3778264 (S.D. Fla. May 12, 2023) ......................................................14

*Gayle v. Bill Holt Auto., Inc.*,
    2023 WL 6192733 (N.D. Ga. July 10, 2023)........................................................7

*GE Real Est. Servs., Inc. v. Mandich Real Est. Advisors, Inc.*,
    337 So. 3d 416 (Fla. Dist. Ct. App. 2021) .........................................................17

*Genesis NYC Enters., Inc. v. JAI Grp., SA*,
    2016 WL 1588397 (S.D. Fla. Apr. 20, 2016) ......................................................2

*Glasser v. Hilton Grand Vacations Co., LLC*,
    948 F.3d 1301 (11th Cir. 2020) .........................................................................19

*Groom v. Bank of Am.*,
    2012 WL 50250 (M.D. Fla. Jan. 9, 2012)........................................................7, 8

*Hodges v. Monkey Capital, LLC*,
    2018 WL 9686569 (S.D. Fla. Aug. 14, 2018).....................................................10

*Honig v. Kornfeld*,
    339 F. Supp. 3d 1323 (S.D. Fla. 2018) ..............................................................18

*Hossfeld v. Am. Fin. Sec. Life Ins. Co.*,
    544 F. Supp. 3d 1323 (S.D. Fla. 2021) ................................................................6

*Houghton v. Leshner*,
   2023 WL 6826814 (N.D. Cal. Sept. 20, 2023) ..........................................................................8

*J.P. Morgan Sec., LLC v. Geveran Invs. Ltd.*,
   224 So. 3d 316 (Fla. Dist. Ct. App. 2017) ..................................................................6, 7, 8

*Jones v. Nutiva, Inc.*,
   2017 WL 3617104 (N.D. Cal. Aug. 23, 2017) ......................................................................16

*KC Leisure, Inc. v. Haber*,
   972 So. 2d 1069 (Fla. Dist. Ct. App. 2008) .........................................................................12

*Kearns v. Ford Motor Co.*,
   567 F.3d 1120 (9th Cir. 2009) ...............................................................................................11

*Laker Airways, Inc. v. British Airways, PLC*,
   182 F.3d 843 (11th Cir. 1999) ...............................................................................................20

*Lewis v. Mercedes-Benz USA, LLC*,
   530 F. Supp. 3d 1183 (S.D. Fla. 2021) .................................................................................12

*Lombardo v. Johnson & Johnson Consumer Cos.*,
   124 F. Supp. 3d 1283 (S.D. Fla. 2015) .................................................................................16

*Lowe v. SEC*,
   472 U.S. 181 (1985)...............................................................................................................19

*Marks v. Buckner*,
   1984 U.S. Dist. LEXIS 18692 (N.D. Okla. Mar. 13, 1984)...................................................9

*Marty v. Anheuser-Busch Cos.*,
   43 F. Supp. 3d 1333 (S.D. Fla. 2014) ...................................................................................14

*Morchem Indus., Inc. v. Rockin Essentials LLC*,
   2021 WL 5014105 (S.D. Fla. June 16, 2021) ..................................................................2, 11

*Next Century Commc'ns Corp. v. Ellis*,
   318 F.3d 1023 (11th Cir. 2003) .............................................................................................14

*Odor v. Rose*,
   2008 WL 2557607 (W.D. Okla. June 20, 2008).....................................................................9

*Orloff v. Allman*,
   819 F.2d 904 (9th Cir. 1987), *abrogated on other grounds by Hollinger v. Titan Cap. Corp.*,
   914 F.2d 1564 (9th Cir. 1990) .................................................................................................8

*Park Place Kendall Condo. Ass'n, Inc. v. Rockhill Ins. Co.*,
   2022 WL 18779644 (S.D. Fla. June 24, 2022) .....................................................................19

iv

*Patterson v. Beall*,
    19 P.3d 839 (Okla. 2000) ............................................................................................12

*PB Prop. Mgmt., Inc. v. Goodman Mfg. Co., L.P.*,
    2016 WL 7666179 (M.D. Fla. May 12, 2016) .........................................................16

*Perret v. Wyndham Vacation Resorts, Inc.*,
    846 F. Supp. 2d 1327 (S.D. Fla. 2012) ....................................................................11

*Pom Wonderful LLC v. Welch Foods, Inc.*,
    2009 WL 5184422 (C.D. Cal. Dec. 21, 2009) .........................................................17

*Pop v. Lulifama.com LLC*,
    2023 WL 4661977 (M.D. Fla. July 20, 2023) .........................................................12

*Roberson v. Health Career Inst., LLC*,
    2023 WL 4991121 (S.D. Fla. Aug. 3, 2023) ............................................................13

*Rogers v. Cisco Sys., Inc.*,
    268 F. Supp. 2d 1305 (N.D. Fla. 2003) ..............................................................10, 11

*Roskind v. Morgan Stanley Dean Witter & Co.*,
    80 Cal. App. 4th 345 (2000) .....................................................................................10

*Scarff v. Wells Fargo Bank, N.A.*,
    2005 WL 3454136 (N.D. Cal. Dec. 16, 2005) .........................................................18

*Schaffer Fam. Invs., LLC v. Sonnier*,
    120 F. Supp. 3d 1028 (C.D. Cal. 2015) ......................................................................8

*SEC v. W.J. Howey Co.*,
    328 U.S. 293 (1946).....................................................................................................4

*SIG, Inc. v. AT&T Digit. Life, Inc.*,
    971 F. Supp. 2d 1178 (S.D. Fla. 2013) ....................................................................12

*Skypoint Advisors LLC v. 3 Amigos Prods. LLC*,
    2021 WL 6118098 (M.D. Fla. Dec. 27, 2021).........................................................10

*State Farm Mut. Auto. Ins. Co. v. Performance Orthopaedics & Neurosurgery, LLC*,
    278 F. Supp. 3d 1307 (S.D. Fla. 2017) ....................................................................11

*Stone Invest Dakota LLC v. De Bastos*,
    2015 WL 6997979 (S.D. Fla. Nov. 12, 2015)..........................................................10

*Sun Life Assur. Co. of Can. v. Imperial Premium Fin., LLC*,
    904 F.3d 1197 (11th Cir. 2018) ................................................................................11

*T.D. Williamson, Inc. v. Lincoln Elec. Automation, Inc.*,
   2022 WL 16842907 (N.D. Okla. Jan. 21, 2022) ....................................................11

*SEC v. Terraform Labs Pte. Ltd*,
   2023 WL 4858299 (S.D.N.Y. July 31, 2023) ..........................................................5

*Thompson v. Procter & Gamble Co.*,
   2018 WL 5113052 (S.D. Fla. Oct. 19, 2018) .........................................................14

*In re Tobacco II Cases*,
   46 Cal. 4th 298 (2009) ...........................................................................................12

*Tomek v. Apple Inc.*,
   636 F. App'x 712 (9th Cir. 2016) ...........................................................................12

*Troyk v. Framers Grp., Inc.*,
   171 Cal. App. 4th 1305 (2009) ...............................................................................17

*Walls v. Am. Tobacco Co.*,
   11 P.3d 626 (Okla. 2000) ........................................................................................16

*WESI, LLC v. Compass Env'tl, Inc.*,
   509 F. Supp. 2d 1353 (N.D. Ga. 2007) ...................................................................18

*Westinghouse Credit Corp. v. Founders Bank & Tr. Co.*,
   1987 WL 1435734 (W.D. Okla. Oct. 26, 1987) .......................................................9

*Whetstone Candy Co. v. Kraft Foods, Inc.*,
   351 F.3d 1067 (11th Cir. 2003) ................................................................................7

*Wildes v. BitConnect Int'l PLC*,
   25 F.4th 1341 (11th Cir. 2022) ............................................................................7, 8

*Woods v. Barnett Bank of Ft. Lauderdale*,
   765 F.2d 1004 (11th Cir. 1985) ..............................................................................18

## STATUTES

15 O.S. § 753(5) ...............................................................................................................12

11 U.S.C. § 362 ................................................................................................................20

15 U.S.C.
   § 45 ..........................................................................................................................12
   § 78c ..........................................................................................................................5

Fla. Stat.
§ 501.2105.............................................................................................................20
§ 517.211.......................................................................................................6, 7, 20
§ 620.8202...............................................................................................................6

## TREATISES

Restatement (Third) of Agency § 1.01 ............................................................................6

## REGULATIONS

16 C.F.R.
§ 255.1....................................................................................................................16
§ 255.5....................................................................................................................15

Plaintiffs' opposition (ECF 372) does nothing to address the fatal flaws in their "corrected" amended complaint (ECF 179). Instead, Plaintiffs continue to argue that Movants are guilty by mere association—*i.e.*, that Movants should be held liable for ***FTX's*** secret fraud because they engaged in garden-variety promotions. Plaintiffs' allegations are implausible, lack particularity, and should be dismissed with prejudice.

The thrust of Plaintiffs' ***thirteenth*** complaint filed against Movants is that Plaintiffs bought and sold crypto-related securities through the FTX platform, and Movants are supposedly responsible for those purchases (and ensuing losses) because Movants appeared in or displayed advertisements that merely mentioned FTX—but did ***not*** mention any alleged securities. Movants explained in their motion to dismiss (ECF 271) that they cannot be held liable for "promoting" any alleged security (FTT or YBAs) that they never mentioned, particularly where Plaintiffs do not claim they saw any of the alleged advertisements or that the advertisements even ***existed*** at the undisclosed time Plaintiffs allegedly directed undisclosed funds to FTX. Plaintiffs' claim that the advertisements were somehow "deceptive" fares no better: Movants demonstrated there is no allegation explaining how the challenged conduct, *e.g*., displaying the letters "FTX" on GSW's bobblehead or Tom Brady saying he's "in" on FTX, was or could be misleading.

In response, Plaintiffs do not argue that there is any connection between Movants' advertisements about FTX and Plaintiffs' alleged losses from buying FTT or depositing money into YBAs. Instead, Plaintiffs press their bizarre theory that the FTX platform itself is a security, and that Movants can be held liable for promoting ***that*** "unregistered security." Even to say Plaintiffs' claim is to refute it. Plaintiffs allege they ***traded*** in "fiat or cryptocurrency deposited or invested ***through*** the FTX Platform." ECF 179 ¶¶ 39-54. In other words, the platform is ***where*** Plaintiffs engaged with the alleged securities; it is not itself a security. And Plaintiffs' deceptive

advertising claims fail because Plaintiffs cannot explain how Movants' generalized promotions of FTX—made with no alleged knowledge of FTX's fraud—were misleading. Because Plaintiffs cannot connect any losses to Movants, the Court should dismiss their claims with prejudice and award Movants fees.[1]

## I.      PLAINTIFFS FAIL TO STATE A CLAIM

### A.      Plaintiffs' Opposition Does Not Cure Their Defective Shotgun Pleading

Plaintiffs have no meaningful response to Movants' argument that the complaint is a shotgun pleading under Eleventh Circuit precedent because it fails "to distinguish precisely what each defendant is alleged to have done sufficiently enough to give Defendants fair notice." *Genesis NYC Enters., Inc. v. JAI Grp., SA*, 2016 WL 1588397, at *3 (S.D. Fla. Apr. 20, 2016) (Moore, J.). While Plaintiffs insist that much of the complaint "is pled on a person-by-person" or "group-by-group" basis, ECF 372 at 33, the almost 500 paragraphs cited demonstrate this is not true. *Id.* (citing ECF 179 ¶¶ 287-750). The complaint repeatedly refers to "the MDL Defendants' wrongdoing," ECF 179 ¶¶ 39-54, and while it recites each Movant's FTX advertisements, *id.* ¶¶ 287-750, there is no allegation that any Plaintiff saw any of those ads, let alone any allegation that any ads are connected to, or even existed at the time of, any Plaintiff's alleged purchase of FTT or a YBA. *Id.* ¶¶ 39-54. This is insufficient. *See Morchem Indus., Inc. v. Rockin Essentials LLC*, 2021 WL 5014105, at *4 (S.D. Fla. June 16, 2021) (Moore, J.). The few facts Plaintiffs plead with respect to each Movant's advertisements are thus unconnected to their alleged injuries and cannot remedy Plaintiffs' shotgun pleading. *See, e.g.*, *Genesis*, 2016 WL 1588397, at *3.

### B.      Plaintiffs Fail To State Claims Under Any State's Securities Act

Plaintiffs' claims for the sale of unregistered securities fail because they do not allege that

---

[1] All emphasis is added and all internal citations omitted unless otherwise noted.

any Movant sold or substantially participated in the sale of any particular alleged security or even that any Plaintiff purchased the alleged securities. In addition, Plaintiffs have failed to plead other predicate elements of each claim under each of the three state securities laws.

1.   **Plaintiffs' Securities Claims All Fail Because They Do Not Allege They Purchased Or That Movants Sold Them Unregistered Securities**

**Plaintiffs do not state a securities claim based on YBAs or FTT.** As an initial matter, Plaintiffs do not dispute that their shotgun pleading fails to allege they even purchased YBAs or FTT.[2] ECF 179 ¶ 30 (alleging "Plaintiffs' claims arise simply from the purchase of and investment in the FTX Platform, FTT, **and/or** a YBA"). Indeed, in the allegations specific to Plaintiffs, they do not allege they purchased any cryptocurrency at all—rather, they vaguely allege they bought or held "any fiat or cryptocurrency deposited or invested through an FTX Platform." *Id.* ¶¶ 39-54. Plaintiffs cannot bring a claim based on securities they never allege they purchased.

More basically, Plaintiffs cannot bring a claim against *any* Movant because there are no factual allegations in the complaint connecting any alleged purchases of YBAs or FTT to any Movant's advertisement. No Plaintiff alleges they saw any Movant's advertisement—or even that they purchased YBAs or FTT *after* any advertisement ran. Even if they had, no advertisement offered to sell (or even mentioned) YBAs or FTT; they referred only to FTX. ECF 271 at 19; ECF 179 ¶¶ 287-703 (containing zero allegations that any Movant referenced YBAs or FTT).

Plaintiffs cannot avoid this fatal disconnect by arguing that customers "were, by default, placed in YBAs" (a claim their complaint does not support[3]) when they traded on FTX. ECF 372 at 5. Plaintiffs' claims require them to show that a Movant sold, or offered to sell, a *particular*

---

[2] Movants reserve the right to challenge whether YBAs and FTT are "securities" at a later stage.

[3] In support of this allegation, Plaintiffs quote a declaration by a state securities official, claiming that "the FTX Trading App's default settings were automatically configured to enable the earning of yield." ECF 179 ¶ 259. But Plaintiffs do not allege that they used the FTX app. *Id.* ¶¶ 39-54.

unregistered security. They have not and cannot: no facts alleged suggest any Movant promoted *anything* other than FTX—the company and platform where individuals could "buy, sell, or trade crypto" or invest in a variety of products with fiat or cryptocurrency. *See, e.g.*, ECF 179 ¶¶ 305 (alleging Mr. Brady stated FTX is for "all kinds of investing"), 406 (alleging the Moon recounted "opportunities to get into cryptocurrency with FTX"), 438 (alleging Mr. Curry stated FTX has everything to "buy, sell, and trade crypto"). Certainly there is nothing in any advertisement that referred to FTT or YBAs, a type of account where customers deposited particular cryptocurrencies to be used for "staking," and, if traders chose to do that, they "earn[ed] yield immediately." *Id.* ¶¶ 249, 255, 259. Plaintiffs admit that FTX offered a variety of different products, and as described on FTX's now-defunct website, customers had to "opt[] in" to use the YBA staking service. *Id.* ¶ 249. Nowhere do Plaintiffs suggest that to use FTX, they were required to deposit particular cryptocurrencies into a YBA account (or that any Plaintiff ever did that). To the contrary, Plaintiffs admit that FTX could be used *without* engaging with cryptocurrencies at all. *Id.* ¶¶ 39-54.

Plaintiffs' claims relating to YBAs and FTT are thus doomed by their failure to allege that they purchased either product, that Movants offered to sell either product (or even knew anything about them), and independently, that any Plaintiff saw any challenged advertisement.

**Plaintiffs do not state securities claims based on the FTX platform as an alleged unregistered security.** Having largely abandoned their allegations about FTT and YBAs, Plaintiffs instead insist that the ***entire FTX platform*** is a security under *SEC v. W.J. Howey Co.*, 328 U.S. 293 (1946), and that Movants are "sellers" of the FTX platform because their statements concerned FTX. ECF 372 at 5-6. That makes no sense and cannot be the basis of any claim.

First, Plaintiffs do not allege they ***bought*** the FTX platform (or a piece of it), let alone that Movants ***sold*** it to them. Plaintiffs are FTX users who allegedly invested in fiat or cryptocurrencies

traded on the FTX platform. ECF 179 ¶¶ 39-54. There are no allegations that Plaintiffs invested in FTX—indeed, Plaintiffs are *suing* FTX's investors on the theory that they aided and abetted FTX's fraud. ECF 157, 182. Contrary to Plaintiffs' contention in their opposition, Plaintiffs allege only that they "purchased or held legal title to and/or beneficial interest in any fiat or cryptocurrency deposited or invested *through* an FTX Platform." ECF 179 ¶¶ 39-54.

Second, there is no connection between Movants' advertisements and any purported investment in FTX. The ads did not encourage anyone to invest *in* FTX. If anything, Movants' statements promoted trading *through* FTX. *E.g.*, *id.* ¶¶ 305, 406, 438. An advertisement for Amazon does not solicit the sale of any specific shirt that Amazon sells on its platform, nor does it solicit an investment in Amazon the company.

Third, the FTX platform is not somehow transformed into a security because the platform "exposed" traders to securities transactions, whether because FTX "may have" used customer funds to purchase unregistered securities, *id.* ¶¶ 262-71, or because FTX offered YBAs, ECF 372 at 5. Those allegations at most suggest the platform allows the *exchange* of securities, not that the platform *is* a security. Unsurprisingly, the *places* where securities trade (*e.g.*, the FTX platform) are regulated differently from securities (*e.g.*, FTT or YBAs) traded in those places (and regulation of those *places* occurs exclusively under federal law). *See* 15 U.S.C. § 78c(a)(1).

Unsurprisingly, Plaintiffs cite no authority—because none exists—for the claim that FTX's alleged use of customer funds to purchase securities (registered or not) transformed the FTX platform into a security that Plaintiffs "purchased" merely by engaging with it. ECF 372 at 5-6; ECF 179 ¶¶ 262-71. *SEC v. Terraform Labs Pte. Ltd.* is inapposite because it considered whether specific cryptocurrency products were securities—not whether the platform through which those products were offered was itself a security. 2023 WL 4858299, at *12 (S.D.N.Y. July 31, 2023).

## 2.      Plaintiffs' FSIPA Claim Fails For Additional Reasons

As explained in the MTD, ECF 271, liability under FSIPA extends to only two groups: (i) the "person making the sale" of the security; and (ii) directors, officers, partners, and agents of the seller who "personally participate[] or aid[] in making the sale." Fla. Stat. § 517.211(1); *see also J.P. Morgan Sec., LLC v. Geveran Invs. Ltd.*, 224 So. 3d 316, 327, 330-31 (Fla. Dist. Ct. App. 2017) (requiring plaintiff to plead ***both*** agency relationship ***and*** personal participation in sale). Plaintiffs do not dispute that no privity exists between Movants and Plaintiffs, ECF 372 at 6, and thus concede that they have not alleged liability under the first prong. *See Anderson v. Branch Banking & Tr. Co.*, 119 F. Supp. 3d 1328, 1345 (S.D. Fla. 2015). The second prong fares no better.

**Plaintiffs fail to plead that Movants were "partners" or "agents" of FTX.** Plaintiffs' allegations that some Movants colloquially said they were "partnering with" FTX, ECF 372 at 6-7, do not make Movants "partners" within the meaning of FSIPA, which extends liability to partners as defined by Florida partnership law. *See Dillon v. Axxsys Int'l, Inc.*, 385 F. Supp. 2d 1307, 1314-15 (M.D. Fla. 2005) (looking to "partnership law" in assessing liability under Section 517.211). A "partnership" in the legal sense is "the association of two or more persons to carry on as co-owners a business for profit." Fla. Stat. § 620.8202(1). Plaintiffs do not allege Movants were co-owners of FTX; they allege Movants were paid endorsers. ECF 179 ¶¶ 8, 14-16, 273, 278.

Nor do Plaintiffs allege facts demonstrating any Movant is an "agent" of FTX, let alone ***for purposes of selling securities***. ECF 372 at 7-8. To survive a motion to dismiss, Plaintiffs "must allege enough facts" to plausibly infer the essential elements of an agency relationship. *Hossfeld v. Am. Fin. Sec. Life Ins. Co.*, 544 F. Supp. 3d 1323, 1332 (S.D. Fla. 2021). But Plaintiffs do not even attempt to allege that Movants had any "power to affect the legal rights and duties" of FTX or to bind FTX with respect to third parties, a key element of actual agency. *Cabrera v. Gov't Emps. Ins. Co.*, 452 F. Supp. 3d 1305, 1319 (S.D. Fla. 2014) (citing Restatement (Third) of Agency

§ 1.01).[4] This omission is fatal, as there is no "credible argument that [FTX] authorized [Movants] to act on its behalf." *Whetstone Candy Co. v. Kraft Foods, Inc.*, 351 F.3d 1067, 1077 (11th Cir. 2003).[5]

Even if Movants were partners or agents (they are not), Plaintiffs' claims would still fail because they fail to allege Movants "personally participate[d]" or "aid[ed]" in selling unregistered securities. Fla. Stat. § 517.211(1). The standard under Florida law is high. It requires direct involvement in the sale itself, *J.P. Morgan*, 224 So. 3d at 328, *i.e.*, personal activity encouraging purchase of an unregistered security, *Groom v. Bank of Am.*, 2012 WL 50250, at *5 (M.D. Fla. Jan. 9, 2012) (collecting cases). As already discussed, *see supra* at 2, Plaintiffs' shotgun pleading does not allege that Movants were directly involved in Plaintiffs' supposed "purchases." No Plaintiff alleges they saw any Movant's advertisements; the advertisements do not mention YBAs or FTT; and there is no authority for the idea that an exchange becomes a security merely because a product offered on that exchange is deemed to be a security.

Plaintiffs point to *Wildes v. BitConnect Int'l PLC*, 25 F.4th 1341 (11th Cir. 2022); ECF 372 at 9, but *Wildes* provides them no support. The Eleventh Circuit was interpreting ***federal*** securities law, which *Wildes* held more broadly applied to solicitations that were ***not*** directly targeted at a particular individual. 25 F.4th at 1346. Florida's law, however, is more stringent than its federal counterpart, including because it requires "direct[] involve[ment] in a sale of securities."

---

[4] Plaintiffs' attempt to distinguish *Dinaco, Inc., v. Time Warner, Inc*., 346 F.3d 64 (2d Cir. 2003), effectively concedes Movants are not apparent agents of FTX. ECF 372 at 8 n.4. And Plaintiffs fail to distinguish *Cawthon v. Phillips Petroleum Co*., 124 So. 2d 517 (Fla. Dist. Ct. App. 1960) (cited at ECF 372 at 8 n.4); the advertisements in this case are analogous to the "general advertisements" at issue in *Cawthon* because Movants merely broadly promoted FTX and did not even reference YBAs or FTT.

[5] *See also Gayle v. Bill Holt Auto., Inc*., 2023 WL 6192733, at *7 (N.D. Ga. July 10, 2023) (agency insufficient where only supporting fact was that defendant's website stated "it [was] 'responsible for the sales, marketing and customer service of Mitsubishi Motor vehicles in the U.S.'").

*J.P. Morgan*, 224 So. 3d at 328; *see also Dillon v. Axxsys Int'l, Inc.*, 185 F. App'x 823, 828 (11th Cir. 2006) ("The law requires some personal activity and involvement in the sale."); *Groom*, 2012 WL 50250, at *5. Regardless, while *Wildes* found that a solicitation can occur under federal law where the defendant had not "directly communicate[d]" with the plaintiff (*i.e.*, had communicated through a mass-media YouTube video)—it did not eliminate the requirement that those participating in a sale solicit a ***particular*** security. 25 F.4th at 1344. *Wildes* and the additional federal cases cited by Plaintiffs ***all*** involved solicitation of particular cryptocurrency tokens.[6] In contrast, Plaintiffs challenge Movants' generic promotions of FTX—a company, not a token.

### 3.    Plaintiffs' California Claims Also Fail For Lack Of Intent

In addition to Plaintiffs' failure to allege any purchase of a security attributable to Movants' statements and Plaintiffs' failure to allege privity, ECF 271 at 19-20; *supra* at 3-5, Plaintiffs' California securities claims fail for the additional reason that they have not plausibly alleged—as they admit they were required to do, ECF 372 at 10—that any Movant had an "intent to deceive or defraud." *Orloff v. Allman*, 819 F.2d 904, 907 (9th Cir. 1987), *abrogated on other grounds by Hollinger v. Titan Cap. Corp.*, 914 F.2d 1564 (9th Cir. 1990). Plaintiffs allege only that Movants "were exposed to red flags of fraud." ECF 372 at 10. Putting aside the deficiencies in Plaintiffs' "red flags" argument—that Movants should have uncovered a fraud that regulators, investors, and senior FTX insiders did not, ECF 271 at 12-16—pleading red flags does not suffice under California's securities law, which requires Plaintiffs to allege specific facts showing each Movant "intend[ed] to induce reliance on a knowing misrepresentation or omission." *Schaffer Fam. Invs., LLC v. Sonnier*, 120 F. Supp. 3d 1028, 1046 (C.D. Cal. 2015) (dismissing unregistered securities

---

[6] See 25 F.4th at 1345 (stating that "the promoters urged people to buy BitConnect coins in online videos"); *see also De Ford v. Koutoulas*, 2023 WL 2709816, at *3-4, *15 (M.D. Fla. Mar. 30, 2023) (reviewing allegations concerning ads for "LGBCoin," a specific type of crypto token); *Houghton v. Leshner*, 2023 WL 6826814, at *1, *3 (N.D. Cal. Sept. 20, 2023) (similar).

claim). Plaintiffs fail to plead such facts. To the contrary, Plaintiffs contend that Movants made "uninformed recommendations," ECF 372 at 11, which belies any inference of intent to deceive.

### 4. Plaintiffs' Oklahoma Claims Also Fail For Lack Of Material Aid

Plaintiffs' Oklahoma securities claims fail for the additional reason that Plaintiffs have not pled facts sufficient to state (1) that Movants "materially aided" in the sale of unregistered securities or (2) Plaintiffs' actual reliance on Movants' statements. *See Westinghouse Credit Corp. v. Founders Bank & Tr. Co.*, 1987 WL 1435734, at *12 (W.D. Okla. Oct. 26, 1987); *Marks v. Buckner*, 1984 U.S. Dist. LEXIS 18692, at *10 (N.D. Okla. Mar. 13, 1984). As explained above, they alleged neither.[7]

### C. Plaintiffs Fail To State A Claim Under Any State's Consumer Laws

Plaintiffs' consumer protection claims fail because they are based on alleged securities transactions and are not pled with the specificity required under Rule 9(b). But more basically, the consumer claims must be dismissed because: (1) Movants' statements are indistinguishable from the non-actionable puffery that is routinely rejected by courts; (2) liability under consumer protection statutes does not attach to individuals who had a business relationship with a company in the absence of the individual's knowledge of and participation in the company's alleged misconduct; and (3) there are zero allegations supporting the element of causation.

### 1. Consumer Protection Laws Do Not Apply To Securities Transactions

Plaintiffs' suggestion that their consumer protection claims can proceed despite being based in securities transactions is both untethered to the allegations in the complaint and against the great weight of authority. The overwhelming majority of courts to consider this issue have held

---

[7] Plaintiffs cite a case regarding the burden of proof at summary judgment. *Odor v. Rose*, 2008 WL 2557607, at *4 (W.D. Okla. June 20, 2008) (ECF 372 at 11 n.8). But Plaintiffs still bear the initial burden to plead facts supporting their Oklahoma securities claim, which they have not done.

that FDUTPA, the UCL, and OCPA do not apply to alleged securities transactions. ECF 271 at 23; *see also, e.g.*, *Feng v. Walsh*, 2021 WL 8055449, at \*13 (S.D. Fla. Dec. 21, 2021), *report and recommendation adopted*, 2022 WL 669198 (S.D. Fla. Mar. 7, 2022). Liability under the applicable state consumer protection laws is ***foreclosed*** where alleged misconduct is "rooted in [alleged] securities transactions." *Id.* at \*13.[8] This Court should reach the same conclusion. *See Rogers v. Cisco Sys., Inc.*, 268 F. Supp. 2d 1305, 1315 & n.20 (N.D. Fla. 2003) (collecting cases).

The three Florida cases Plaintiffs cite, ECF 372 at 12-15, rest on tenuous grounds. *Stone Invest Dakota LLC v. De Bastos* did not directly consider whether FDUTPA applies to alleged securities transactions and thus is inapposite. 2015 WL 6997979, at \*4 (S.D. Fla. Nov. 12, 2015). *Hodges v. Monkey Capital, LLC* is likewise unpersuasive, as the court there, in the context of issuing a default judgment, only considered plaintiffs' "one-sided submissions to the Court" on this issue, "without the benefit of any adversarial process." 2018 WL 9686569, at \*4, \*7-8 (S.D. Fla. Aug. 14, 2018). In *Skypoint Advisors, LLC v. 3 Amigos Prods. LLC*, the court's analysis was premised solely on *Hodges*, and is therefore unreliable for the same reasons. 2021 WL 6118098, at \*7 (M.D. Fla. Dec. 27, 2021).[9]

Plaintiffs' alternative argument that their consumer protection claims are not predicated on alleged securities transactions defies credulity. The complaint alleges that Movants' statements "w[ere] deceptive because [they] promoted widely FTX, which would necessarily entail investment in unregistered securities" and "promot[ed] the sale of unregistered securities." ECF

---

[8] *See also* ECF 271 at 23 (citing California and Oklahoma authorities holding the same).

[9] California courts expressly rejected the proposition for which Plaintiffs cite *Roskind v. Morgan Stanley Dean Witter & Co.*, 80 Cal. App. 4th 345 (2000); ECF 372 at 14 n.10, *i.e.*, that the UCL applies to securities transactions. *See EnSource Invs. LLC v. Willis*, 2019 WL 6700403, at \*16-17 (S.D. Cal. Dec. 6, 2019) (rejecting *Roskind* and finding the UCL "d[id] not apply" because the case revolved around "the purchase and sales of securities"). Plaintiffs cite no contrary authorities in Oklahoma.

179 ¶¶ 533-34; *see also, e.g., id.* ¶¶ 329, 364, 393, 416-17, 460, 486, 597, 622, 649 (similar). The complaint also makes reference to SEC securities-touting regulations—which could only be meant to inform what Plaintiffs allege to be deceptive. *See id.* ¶ 27. And finally, Plaintiffs admit in their opposition that their theory of causation is premised on the notion that Movants' promotions caused FTX customers to unwittingly invest in "**high-risk securities**." ECF 372 at 23.[10]

### 2.    Rule 9(b) Governs Plaintiffs' Consumer Protection Claims

Plaintiffs wrongly argue that their consumer protection claims need not "be pled with particularity under Rule 9(b)." ECF 372 at 15. This Court has held that "where the gravamen of [a FDUTPA] claim sounds in fraud, . . . Rule 9(b) applies." *State Farm Mut. Auto. Ins. Co. v. Performance Orthopaedics & Neurosurgery, LLC*, 278 F. Supp. 3d 1307, 1328 (S.D. Fla. 2017) (Moore, J.). That is precisely the case here. ECF 179 ¶¶ 287, 331, 364, 396, 418, 462, 489, 537, 599, 649, 776-85, 812-13, 843-44 (alleging Movants engaged in or furthered fraud).[11]

Plaintiffs fail to meet this standard. Under the relevant consumer protection laws, Plaintiffs were required to explain "who made the [deceptive] statements to them" and "how the statements misled [them]." *Perret v. Wyndham Vacation Resorts, Inc.*, 846 F. Supp. 2d 1327, 1333 (S.D. Fla. 2012) (dismissing FDUTPA claim under Rule 9(b)); *see also Morchem*, 2021 WL 5014105, at *4- 5. Plaintiffs' complaint includes none of these allegations—they fail to allege they saw any specific

---

[10] Plaintiffs' request for the consumer protection claims to proceed in the alternative would cause the precise overlap with securities laws that Florida courts seek to avoid. *Rogers*, 268 F. Supp. 2d at 1316-17, 1317 n.22. And, in any event, Plaintiffs did not plead their consumer protection claims in the alternative to their securities claims, as required to proceed in this manner. *Sun Life Assur. Co. of Can. v. Imperial Premium Fin., LLC*, 904 F.3d 1197, 1213 n.16 (11th Cir. 2018) ("Rule 8(d)(2) requires that 'alternative statements' be 'set out' in the pleading[.]").

[11] Plaintiffs do not cite to any cases addressing this issue under the UCL or OCPA, ECF 372 at 15- 16, but courts likewise apply Rule 9(b) to claims sounding in fraud under those statutes. *See, e.g.*, *Kearns v. Ford Motor Co.*, 567 F.3d 1120, 1125 (9th Cir. 2009); *T.D. Williamson, Inc. v. Lincoln Elec. Automation, Inc.*, 2022 WL 16842907, at *8 (N.D. Okla. Jan. 21, 2022).

advertisement, let alone the time and place of that exposure or an explanation of **how** they were misled by each Movant. ECF 179 ¶¶ 39-54. Plaintiffs' failure to plead such facts independently warrants dismissal of their consumer protection claims. ECF 271 at 24-25 (citing *Pop v. Lulifama.com LLC*, 2023 WL 4661977, at *3 (M.D. Fla. July 20, 2023) (dismissing FDUTPA claim where plaintiff failed to identify "which posts from the Influencer Defendants led him to purchase the [contested] product")).

### 3.    Plaintiffs Fail To Allege Movants Had Knowledge Of Or Participated In FTX's Wrongdoing

Plaintiffs concede that Movants cannot be liable for **FTX's** misconduct under FDUTPA, the UCL, or OCPA, absent a showing that Movants controlled FTX. ECF 372 at 20. To hold an individual defendant liable under FDUTPA, as Plaintiffs seek to do here, "'it is necessary to show that an individual defendant **actively participated** in or had some measure of control over the corporation's deceptive practices' **and** 'that the defendant had or should have had knowledge or awareness of the misrepresentations.'" *SIG, Inc. v. AT&T Digit. Life, Inc.*, 971 F. Supp. 2d 1178, 1195 (S.D. Fla. 2013) (quoting *KC Leisure, Inc. v. Haber*, 972 So. 2d 1069, 1074 (Fla. Dist. Ct. App. 2008) (cited *by Plaintiffs* at ECF 372 at 19)).[12] Plaintiffs' argument that Movants "were exposed to red flags of fraud," ECF 372 at 19, is both unsupported and insufficient.

For example, Plaintiffs point to an allegation about a financial disclosure FTX made to

---

[12] Knowledge is also required under California and Oklahoma law. *Tomek v. Apple Inc.,* 636 F. App'x 712, 713-14 (9th Cir. 2016) (affirming dismissal of UCL claim for failure to allege knowledge); 15 O.S. § 753(5) (requiring "a false representation, knowingly or with reason to know"). Plaintiffs' authorities do not address this requirement whatsoever. ECF 372 at 19 (citing *In re Tobacco II Cases*, 46 Cal. 4th 298, 312 (2009); *Patterson v. Beall*, 19 P.3d 839, 847 n.12 (Okla. 2000)). In *Lewis v. Mercedes-Benz USA, LLC*, 530 F. Supp. 3d 1183 (S.D. Fla. 2021) (cited at ECF 372 at 19), the court looked to the standards under the FTC Act for corporate, not individual, liability in finding "a practice may be deceptive without a showing of intent to deceive," *id.* at 1232, but for individuals, the FTC Act **limits liability** to those "with actual knowledge or knowledge fairly implied on the basis of objective circumstances," 15 U.S.C. § 45(m)(1)(A).

Miami-Dade County, but do not explain how that disclosure revealed FTX's fraud or that any Movant saw it. ECF 179 ¶ 22. Plaintiffs describe FTX's internal controls **after** it declared bankruptcy, but this does not explain how Movants would have been aware of such controls (or the lack thereof) **prior** to FTX's bankruptcy. *Id.* ¶ 31. Plaintiffs' allegations that the cryptocurrency industry is not regulated, *id.* ¶¶ 139-44, are unrelated to alleged misconduct at FTX or Movants' knowledge of it. Indeed, Plaintiffs' allegation that FTX's fraud was "thoroughly concealed," *id.* ¶¶ 145, 159, even from FTX's general counsel, ECF 179-1 ¶¶ 6-7, 9, belies the notion that Movants could have had enough insight into the inner workings of FTX to sniff out FTX's fraud, ECF 179 ¶ 160 (noting only four people knew of FTX's transfers of customer funds to Alameda).

Plaintiffs argue that they have stated a claim under consumer protection laws for Movants' **own** allegedly deceptive statements. As detailed *infra*, however, Plaintiffs fail entirely to allege actually deceptive conduct by any Movant, instead alleging garden-variety puffery or even less (*e.g.*, wearing branded clothing or displaying logos). *See infra* at 13-15. There is zero authority supporting Plaintiffs' attempt to convert their consumer protection claims into strict liability causes of action by finding that engaging in advertising for a company renders a person responsible for any wrongdoing by that company, regardless of the individual's own culpability. "Plaintiffs need to allege how each individual Defendant 'actively participated in or controlled' the FDUTPA violations at issue to clear the plausibility pleading threshold." *Roberson v. Health Career Inst., LLC*, 2023 WL 4991121, at *11 (S.D. Fla. Aug. 3, 2023). They have not done do so here.

### 4.    Plaintiffs Fail To Plead The Elements Of Their Consumer Claims

Plaintiffs likewise fail to plead any facts demonstrating that any Movant made any deceptive statement, or any connection between Movants' statements and Plaintiffs' damages.

**No unfair or deceptive act.** Movants' ads, at most, amount to non-actionable puffery which cannot form the basis of a consumer protection claim. ECF 271 at 25. And the FTC

regulations Plaintiffs cite, *see id.*, do not suggest Movants' statements were in any way deceptive.

First, Plaintiffs never explain how most of Movants' acts—such as merely "[d]isplaying the FTX name and logo," giving away or selling FTX-branded merchandise, and participating in FTX's charitable endeavors, ECF 372 at 20—are deceptive. Instead, they focus only on certain Movants' statements, such as the statement that FTX is a "safe" way to trade crypto. *Id.* at 19. But Plaintiffs do not cite a single case in which any court has found similarly vague statements to be anything other than non-actionable puffery. *Id.* at 16-19 (collecting cases). Plaintiffs' authorities are inapposite because they all evaluate empirically verifiable claims. In each case, the plaintiffs alleged that the defendants misrepresented a provable ***fact*** about the nature of their products. *See Fineman v. Ferragamo USA Inc.*, 2023 WL 3778264, at *7 (S.D. Fla. May 12, 2023) (finding statements that could not be "affirmatively proven or disproven" were "non-actionable puffery").[13]

Here, statements that FTX is "the best way to get in the game" or simply "better," or that certain Movants were "all in" on FTX, ECF 179 ¶¶ 8, 286, 301, 304-05, 330, 377, 395, 415, 502, 526, 567, 610, are not empirically verifiable and are classic puffery. Indeed, such statements are routinely found to be nonactionable opinion statements. *See, e.g.*, *Next Century Commc'ns Corp. v. Ellis*, 318 F.3d 1023, 1028 (11th Cir. 2003) (statement of stock's "strong" performance was "not the sort of empirically verifiable statement that can be affirmatively disproven"); *Ferragamo*, 2023 WL 3778264, at *7. Plaintiffs also allege that certain Movants generally referenced "FTX's safety, trustworthiness, and compliance with regulations." ECF 372 at 17; *see also, e.g.*, ECF 179 ¶¶ 304, 330, 344-45, 351, 354-555, 438, 461, 478, 567, 573, 635-40, 648, 695. But the Eleventh Circuit

---

[13] For example, Plaintiffs' cases consider whether a soap containing a known allergen is "gentle on the hands," *Thompson v. Procter & Gamble Co.*, 2018 WL 5113052, at *1 (S.D. Fla. Oct. 19, 2018), whether a beer labeled "Product of USA" is from Germany or of "German Quality," *Marty v. Anheuser-Busch Cos.*, 43 F. Supp. 3d 1333, 1342 (S.D. Fla. 2014), and whether Yelp's review filters accurately "distinguish[] between trustworthy and untrustworthy reviews," *Demetriades v. Yelp, Inc.*, 228 Cal. App. 4th 294, 301 (2014).

has decisively held that such statements are not deceptive. *See Carvelli v. Ocwen Fin. Corp.*, 934 F.3d 1307, 1318, 1320 (11th Cir. 2019) (statements that defendant "devote[d] substantial resources to . . . regulatory compliance and risk management efforts," were "just too boosterish" to be actionable (omission in original); ECF 271 at 25 (collecting cases). No reasonable customer would have taken as factual truths statements made in an ad wherein David Ortiz "receives a phone call from The Moon" or Larry David expresses skepticism of the newly invented wheel during prehistoric times. ECF 179 ¶¶ 406, 631. The alleged statements are non-actionable puffery.

Second, Plaintiffs assert deception because some Movants allegedly failed to disclose their compensation for their endorsements. But again, Plaintiffs are wrong in suggesting that the advertisements were unfair or deceptive acts under FTC "anti-touting" guidelines because Movants did not disclose compensation.[14] The FTC has indicated that compensation should be disclosed ***only where it would not be "reasonably expected by the audience."*** 16 C.F.R. § 255.5(a). That is plainly not the case here. FTX broadly publicized its agreements with celebrity endorsers, including Movants, and disseminated their content in widely seen commercial advertising channels such as television ads, billboards, athletic uniforms, and social media. ECF 271 at 28; ECF 179 ¶¶ 527, 588, 613, 630. Moreover, certain alleged statements—*e.g.*, stating that a Movant "teamed up with [FTX]," *id.* ¶ 527, or formally announcing "partnerships" with FTX, *id*. ¶¶ 339, 435, 468—clearly conveyed that Movants were paid promoters of FTX, in some instances even noting the form of payment (equity versus cash), *id.* ¶¶ 297, 339. In these circumstances, the audience would "reasonably expect" Movants to have been compensated; no separate disclosure was warranted. And with respect to television commercials, *see, e.g.*, *id*. ¶¶ 301, 377, 406, 438, 630, FTC guidance states celebrities ***do not*** need to disclose their

---

[14] Plaintiffs concede they do not allege a *per se* violation of FTC or SEC guidance. ECF 372 at 21.

compensation, *see* 16 C.F.R. § 255.1(h)(2).

**No causation.** Plaintiffs' consumer protection claims fail for the additional reason that they have not alleged Movants' statements ***caused*** Plaintiffs' alleged harm. Plaintiffs' argument that causation is not required misstates the law.[15] All three states' laws hold that causation is a "necessary" element of the claim, requiring a "direct" causal nexus between Movants' alleged conduct and any harm to Plaintiffs. *Lombardo*, 124 F. Supp. 3d at 1290; *Corbett v. PharmaCare U.S., Inc.*, 567 F. Supp. 3d 1172, 1185 (S.D. Cal. 2021) (same); *Walls v. Am. Tobacco Co.*, 11 P.3d 626, 630 (Okla. 2000) (same). Plaintiffs cannot maintain consumer claims arising from statements when they do not even allege "exposure to the same misrepresentations or omissions." *PB Prop. Mgmt., Inc. v. Goodman Mfg. Co., L.P.*, 2016 WL 7666179, at *21 (M.D. Fla. May 12, 2016); *see also Epstein v. Gilead Scis., Inc*., 2020 WL 4333011, at *3 (S.D. Fla. July 27, 2020) (dismissing FDUTPA claim where plaintiff "fail[ed] to allege any facts differentiating what specific misrepresentations or omissions Plaintiff was himself exposed to"); *Jones v. Nutiva, Inc.*, 2017 WL 3617104, at *3 (N.D. Cal. Aug. 23, 2017) (similar); *Walls*, 11 P.3d at 630.

### 5.    Plaintiffs' California Claim Further Fails For Lack Of A Remedy

Plaintiffs' argument that they can recover restitution from Movants, ECF 372 at 23, is likewise wrong. Restitution to recover monies paid to a third party is available only "from a defendant whose [deceptive conduct] ***caused*** the plaintiff to pay that money*.*" *Id*. at 23 (quoting *Troyk v. Framers Grp., Inc.*, 171 Cal. App. 4th 1305, 1338 (2009)). Plaintiffs also do not allege

---

[15] The standard Plaintiffs recite—that a plaintiff need only allege that the "practice was likely to deceive a consumer acting reasonably in the same circumstances," ECF 372 at 22—relates to whether an unfair or deceptive act took place, the ***first*** element of a consumer protection claim. *See, e.g.*, *Cold Stone Creamery, Inc. v. Lenora Foods I, LLC*, 332 F. App'x 565, 567 (11th Cir. 2009); ECF 271 at 23. It does not eliminate the requirement that each plaintiff allege actual exposure to the allegedly deceptive statements. *See Lombardo v. Johnson & Johnson Consumer Cos.*, 124 F. Supp. 3d 1283, 1290 (S.D. Fla. 2015).

they lost money now in Movants' possession—a requirement for UCL restitution. *Pom Wonderful LLC v. Welch Foods, Inc*., 2009 WL 5184422, at *2 (C.D. Cal. Dec. 21, 2009).

**D.     Plaintiffs Fail To State Claims For Civil Conspiracy**

Plaintiffs concede that to plead civil conspiracy—a claim they plead only under Florida and California law—they must allege "an agreement" "to do an unlawful act or to do a lawful act by unlawful means." ECF 372 at 25. Yet Plaintiffs allege neither. Instead, Plaintiffs merely allege that Movants were paid to promote FTX. *Id*. at 25-26. This does not come close to alleging an agreement to commit fraud or any other unlawful act. ECF 271 at 30 (collecting cases).

Plaintiffs' citation to *Donofrio v. Matassini*, for the propositions that they may rely on "circumstantial evidence" and need not "plead [civil conspiracy] with specificity," is inapt for two reasons. ECF 372 at 25-26 (citing 503 So. 2d 1278, 1281 (Fla. Dist. Ct. App. 1987)). First, because Plaintiffs allege a "conspiracy with the FTX Entities ***to commit fraud***," ECF 179 ¶ 791, they must plead this claim with particularity. *See, e.g.*, *Apex Toxicology, LLC v. United HealthCare Servs., Inc*., 2020 WL 13551299, at *7 (S.D. Fla. July 7, 2020). Without allegations of the who, what, when, and where of the alleged unlawful agreement, Plaintiffs have failed to adequately plead this claim. *Id.* Moreover, Plaintiffs' argument that they are permitted to allege conspiracy against Movants as a group is incorrect. *See id*. at *5.

Second, while a plaintiff may rely on circumstantial ***facts*** to support an inference of conspiracy, *see Donofrio*, 503 So. 2d at 1281, Plaintiffs do not plead any such facts. Rather, they merely allege that Movants were paid to promote FTX, and that, in Plaintiffs' opinion, there were "red flags" that should have put Movants on notice that FTX was engaged in fraud. The first allegation is wholly inadequate. *See GE Real Est. Servs., Inc. v. Mandich Real Est. Advisors, Inc*., 337 So. 3d 416, 421 (Fla. Dist. Ct. App. 2021) ("To assume or speculate . . . that the [appellees] participated in a conspiracy . . . merely because they ultimately received some benefits from the

[investments] is insufficient." (alterations and omissions in original)). As to the second, Plaintiffs have not made the sort of specific, substantive allegations regarding a "meeting of the minds" that might "nudge[] their claims across the line from conceivable to plausible." *Am. Dental Ass'n v. Cigna Corp.*, 605 F.3d 1283, 1296 (11th Cir. 2010) (affirming dismissal of similarly deficient conspiracy claim); *see supra* at 12-13.

### E.   Plaintiffs Fail To State Claims For Aiding And Abetting

As Plaintiffs concede, ECF 372 at 27, an aiding-and-abetting claim requires both knowledge of the underlying violation and the rendering of substantial assistance in committing the violation. Plaintiffs have alleged neither.

**No actual knowledge.** Plaintiffs do not allege that any Movant had actual knowledge of FTX's fraud. Instead, they duck the "actual knowledge" standard by referencing a lower constructive knowledge standard that, in their view, is satisfied "by circumstantial evidence" and the complaint's allegations that Movants "knew or should have known of FTX's wrongdoing." *Id.* at 28. But aiding and abetting requires the defendant "ha[d] ***actual 'knowledge*** of the underlying [tort],' not merely that certain 'red flags' indicate a defendant 'should have known' of the [tort]." *Honig v. Kornfeld*, 339 F. Supp. 3d 1323, 1343 (S.D. Fla. 2018). Constructive knowledge is insufficient. *WESI, LLC v. Compass Env'tl, Inc.*, 509 F. Supp. 2d 1353, 1359 (N.D. Ga. 2007); *Woods v. Barnett Bank of Ft. Lauderdale*, 765 F.2d 1004, 1010 (11th Cir. 1985) (cited by Plaintiffs at ECF 372 at 28) (aiding and abetting requires "actual awareness" of the fraudulent scheme); *Scarff v. Wells Fargo Bank, N.A.*, 2005 WL 3454136, at *5 (N.D. Cal. Dec. 16, 2005) (similar).

**No Substantial Assistance.** Plaintiffs' opposition also does not address their failure to adequately allege that any Movant substantially assisted in the commission of FTX's fraud. Movants' alleged advertising agreements with FTX, constructive knowledge, and certain Movants' statements opining that FTX was "safe," ECF 372 at 28-29, do not support the inference

that any Movant "affirmatively assist[ed]" or "help[ed] conceal" FTX's misconduct, as required, *Chang v. JPMorgan Chase Bank, N.A.*, 845 F.3d 1087, 1098 (11th Cir. 2017).

### F.    Plaintiffs Fail To Allege A Basis For Declaratory Relief

Plaintiffs concede that for a declaratory claim to survive, they must "sufficiently allege[]" either their securities claims or consumer protection claims. ECF 372 at 29. As explained above, they have not done so, and their declaratory relief claim must be dismissed on this basis alone. *See supra* at 2-17; ECF 271 at 32. Plaintiffs' declaratory claim also fails because they have not alleged any imminent and concrete likelihood of future injury. The only potential future harms Plaintiffs identify are theoretical harms stemming from the potential use of cryptocurrencies by crime syndicates and hostile nation-states and downstream harms from FTX's ***past*** misconduct. ECF 372 at 29-30. Neither supports declaratory relief; the first is unrelated to Plaintiffs' claims against Movants and the latter is past and cannot be remedied by declaratory relief. *See, e.g.*, *Park Place Kendall Condo. Ass'n, Inc. v. Rockhill Ins. Co.*, 2022 WL 18779644, at *2-3 (S.D. Fla. June 24, 2022); *AquaDry Plus Corp. v. Rockhill Ins. Co.*, 2020 WL 927440, at *3 (S.D. Fla. Feb. 26, 2020).

### G.    Allowing Plaintiffs' Claims To Proceed Raises First Amendment Concerns

Plaintiffs' opposition does not mitigate the substantial First Amendment concerns surrounding their claims. ECF 271 at 33-34. Allowing Plaintiffs' assertions of liability for "the expression of an opinion" in advertisements to proceed gives rise to the possibility of imposing tort liability for innocent commercial speech. *Lowe v. SEC*, 472 U.S. 181, 210 n.58 (1985); *see Glasser v. Hilton Grand Vacations Co., LLC*, 948 F.3d 1301, 1310 (11th Cir. 2020).

### H.    The Cases Should Be Dismissed Because FTX Is An Indispensable Party

FTX is a necessary party to these cases. ECF 271 at 34-36. Contrary to Plaintiffs' characterization, Movants have never relied "on FTX's status as a co-conspirator to claim that FTX is an indispensable party," ECF 372 at 31 (nor would they, since, as explained *supra* at 17-

18, Plaintiffs have not alleged that Movants entered a conspiracy with FTX). Rather, Movants contend FTX is indispensable because Plaintiffs' claims revolve around FTX, the conduct of FTX's executives, and the fraud that took place within the company. ECF 271 at 34-35; *see also Laker Airways, Inc. v. British Airways, PLC*, 182 F.3d 843, 848 (11th Cir. 1999).

Plaintiffs' claim that FTX's "interests" "align[] with" Movants' interests, ECF 372 at 32, is wrong. Movants do not share FTX's interest in showing that its business practices were not fraudulent, a predicate of Plaintiffs' aiding-and-abetting claims. ECF 271 at 34-35. Plaintiffs also ignore, ECF 372 at 31-32, that claims about these same customer funds are being actively litigated in FTX's bankruptcy proceedings, further warranting application of the indispensable party rule. ECF 271 at 8 n.8, 35; *Carolina Cas. Ins. Co. v. Condor Aerial, LLC*, 2018 WL 5668505, at *3 (N.D. Fla. July 2, 2018). Movants cannot "defend any interest FTX allegedly has," ECF 372 at 32, because their interests diverge. And because the bankruptcy stay likely prevents discovery from FTX and its former employees, *see* 11 U.S.C. § 362(a)(1), (3); ECF 271 at 35, 35-36 n.20, Movants will be prejudiced by being forced to litigate without evidence in FTX's possession. *2 Montauk Highway LLC v. Glob. Partners LP*, 296 F.R.D. 94, 101 (E.D.N.Y. 2013).

## I.    Further Amendment Would Require Leave And Should Be Denied

This is Plaintiffs' ***thirteenth*** complaint against Movants. Every complaint has been based on the same fundamentally flawed premise—that run-of-the-mill advertising for FTX makes Movants liable for FTX's unrelated and hidden fraud (which Plaintiffs do not even allege Movants knew about). Amendment would be futile because Plaintiffs cannot cure their inherently defective legal theory. ECF 271 at 36-37. The complaint should be dismissed with prejudice and Movants should be awarded fees and costs pursuant to Fla. Stat. §§ 501.2105(1) and 517.211(6).

Date:  December 6, 2023                    Respectfully submitted,

                                           **COLSON, HICKS, EIDSON, P.A.**
                                           255 Alhambra Circle, Penthouse
                                           Coral Gables, Florida 33134
                                           (305) 476-7400

                                           By: */s/ Roberto Martínez*
                                               Roberto Martínez
                                               Florida Bar No. 305596
                                               *bob@colson.com*
                                               Stephanie A. Casey
                                               Florida Bar No. 97483
                                               *scasey@colson.com*
                                               Zachary Lipshultz
                                               Florida Bar No. 123594
                                               *zach@colson.com*

                                           *Attorneys for Defendants Thomas Brady, Gisele*
                                           *Bündchen, Lawrence Gene David, Shaquille*
                                           *O'Neal, Golden State Warriors, LLC and Naomi*
                                           *Osaka*

                                           **LATHAM & WATKINS LLP**
                                               Andrew B. Clubok (*pro hac vice*)
                                               *andrew.clubok@lw.com*
                                               Susan E. Engel (*pro hac vice*)
                                               *susan.engel@lw.com*
                                               Brittany M.J. Record (*pro hac vice*)
                                               *brittany.record@lw.com*
                                           555 Eleventh Street, N.W., Suite 1000
                                           Washington, D.C. 20004-1304
                                           Tel: +1.202.637.2200
                                           Fax: +1.202.637.2201

                                           **LATHAM & WATKINS LLP**
                                               Marvin S. Putnam (*pro hac vice*)
                                               *marvin.putnam@lw.com*
                                               Jessica Stebbins Bina (*pro hac vice*)
                                               *jessica.stebbinsbina@lw.com*
                                               Elizabeth A. Greenman (*pro hac vice*)
                                               *elizabeth.greenman@lw.com*
                                           10250 Constellation Blvd., Suite 1100
                                           Los Angeles, California 90067
                                           Tel: +1.424.653.5500
                                           Fax:  +1.424.653.5501

                                           **LATHAM & WATKINS LLP**
                                               Michele D. Johnson (*pro hac vice*)
                                               *michele.johnson@lw.com*
                                           650 Town Center Drive, 20th Floor
                                           Costa Mesa, California 92626-1925
                                           Tel: +1.714.540.1235

21

Fax: +1.714.755.8290

*Attorneys for Defendants Thomas Brady, Gisele Bündchen, Lawrence Gene David, and Shaquille O'Neal*

**GIBSON, DUNN & CRUTCHER LLP**

Matthew S. Kahn (*pro hac vice*)
  MKahn@gibsondunn.com
Michael J. Kahn (*pro hac vice*)
  MJKahn@gibsondunn.com
555 Mission Street, Suite 3000
San Francisco, CA 94105-0921
Phone: 415.393.8200

Michael Dore (*pro hac vice*)
  MDore@gibsondunn.com
Jamila MacEbong (*pro hac vice*)
  JMacEbong@gibsondunn.com
333 South Grand Avenue
Suite 4600
Los Angeles, CA 90071-3197
Phone: 213.229.7155

*Attorneys for Defendants Golden State Warriors, LLC and Naomi Osaka*

**WEIL, GOTSHAL & MANGES LLP**
1395 Brickell Avenue, Suite 1200
Miami, FL 33131-3368
Phone: (305)-577-3100

By: */s/ Edward Soto*
  Edward Soto (Fla Bar. No. 0265144)
  edward.soto@weil.com

*Attorney for Defendant Shohei Ohtani*

**McDERMOTT WILL & EMERY LLP**
333 SE 2nd Ave., Suite 4500
Miami, Florida 33131
Telephone: (212) 547-5768
Facsimile: (305) 347-6500

By: */s/ Nathan Bull*
  Nathan Bull (Fla. Bar No. 1029523)
  nbull@mwe.com

**McDERMOTT WILL & EMERY LLP**
Jason D. Strabo (*pro hac vice*)
  jstrabo@mwe.com
Ellie Hourizadeh (*pro hac vice*)

22

*ehourizadeh@mwe.com*
2049 Century Park East, Suite 3200
Los Angeles, CA 90067
Telephone: (310) 788-4125
Facsimile: (310) 277-4730

**McDERMOTT WILL & EMERY LLP**
  Sarah P. Hogarth (*pro hac vice*)
  *shogarth@mwe.com*
500 North Capitol Street NW
Washington, DC 20001
Telephone: (202) 756-8354
Facsimile: (202) 756-8087

*Attorneys for Defendant Stephen Curry*

**AKERMAN LLP**
350 East Las Olas Boulevard – Suite 1600
Ft. Lauderdale, FL 33301
Tel.: 954-463-2700
Fax: 954-468-2454

By: */s/ Christopher S. Carver*
  Christopher S. Carver, Esq.
  Florida Bar No. 993580
    *christopher.carver@akerman.com*
  Jason S. Oletsky, Esq.
  Florida Bar No. 9301
    *jason.oletsky@akerman.com*
  Katherine A Johnson, Esq.
  Florida Bar No. 1040357
    *katie.johnson@akerman.com*

*Attorneys for Defendants David Ortiz and
Udonis Haslem*

**MARCUS NEIMAN RASHBAUM
& PINEIRO LLP**
100 Southeast Third Avenue, Suite 805
Fort Lauderdale, Florida 33394
Tel: (954) 462-1200

2 South Biscayne Blvd., Suite 2530
Miami, Florida 33131
Tel: (305)-400-4260

By: */s/ Jeffrey Neiman*
Jeffrey Neiman
Fla Bar. No. 544469
  *jneiman@mnrlawfirm.com*
Jeffrey Marcus
Fla. Bar No. 310890
  *jmarcus@mnrlawfirm.com*
Michael Pineiro

Fla. Bar No. 041897
  *mpineiro@mnrlawfirm.com*
Brandon Floch
Fla. Bar No. 125218
  *bfloch@mnrlawfirm.com*

**BERK BRETTLER LLP**
9119 Sunset Boulevard
West Hollywood, CA 90069
Tel.: (310) 278-2111
Andrew B. Brettler (*pro hac vice*)
  *abrettler@berkbrettler.com*

*Attorneys for Defendants Kevin O'Leary and
Solomid Corporation*

24

**<u>CERTIFICATE OF SERVICE</u>**

I HEREBY CERTIFY that on December 6, 2023, a true and correct copy of the foregoing

was filed electronically with the Clerk of the Court, by using the CM/ECF system, causing a true

and correct copy to be served on all counsel of record.

By: *<u>/s/ Roberto Martínez</u>*
Roberto Martínez

25