IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION
MDL No. 3076
Case No. 1:23-md-03076-KMM

**IN RE:**

**FTX Cryptocurrency Exchange Collapse Litigation**

This Document Relates To:

*Garrison v. Bankman-Fried*,
Case No. 22-cv-23753-MOORE/OTAZO-REYES

_____/

**REPLY IN SUPPORT OF DEFENDANT UDONIS HASLEM'S
INDIVIDUAL MOTION TO DISMISS**

Defendant Udonis Haslem replies to Plaintiffs' Response (ECF 365) to Mr. Haslem's individual motion (ECF 278) to dismiss the Consolidated Amended Complaint ("CAC"; ECF 179).

### **ARGUMENT**

Plaintiffs implicitly recognize that the facts in their process server's Return of Service and Details show invalid service by resorting to asserting "facts" nowhere found in the Return or Details. Plaintiffs claim Mrs. Haslem "drove quickly out of the gate" and "fled the neighborhood," Resp. at 2, but the Details (ECF 178-2 pp. 2-3) do not state either. The process server had no idea on whose windshield he placed the documents until *after* the service event. *See id.* at 2-3 ("I placed it on her windshield as sufficient service. I also ran the tag [then] Googled her name and it was the same person I served."). Plaintiffs admit this occurred "3.6 miles from [the] home." Resp, at 2. The Details establish conclusively that Mrs. Haslem did not request service away from their home, *see id.*, which is statutorily required for substitute service, *see* § 48.031(2)(a), Fla. Stat.[1]

None of Plaintiffs' authorities validates the attempted substitute service. *See* Resp. at 3-4.[2] In addition, as to service deadline, *see* Resp. at 3, the Court ruled on March 9, 2023, "the deadline to serve process on Defendants was December 25, 2022," *Garrison* ECF 90 at 1.

---

[1] The process server claims he was able to follow "one of the vehicles from the property" for over three and a half miles, stop, identify himself, explain the reason for his attempt of service, try to communicate with the person in the vehicle, read the summons, place the summons on the windshield, run the license plate, and Google Mrs. Haslem – somehow all within <u>eight minutes</u>. *See* Details at 2-3; Return of Service (ECF 278-2). If that is accurate, it would be no wonder that a woman in a car being chased at high speed by a stranger would refuse to communicate with him.

[2] Plaintiffs rely upon *Haney v. Olin Corp.*, 245 So. 2d 671 (Fla. 4th DCA 1971) – a direct service case, *see id.* at 673-74 – but the parallel decision in *Olin Corp. v. Haney*, 245 So. 2d 669 (Fla. 4th DCA 1971), affirmed the trial court's conclusion that a knock-and-announce at the defendants' home **did not** effectuate substitute service, *see id.* at 670. *Coffin v. Brandau*, 642 F.3d 999 (11th Cir. 2011), is a Section 1983 decision; again, the event occurred at the defendant's home. *See id.* at 1003-4 & 1007. In *Rokeach v. Glickstein*, the service occurred at the defendant's home in the driveway, "eight to ten feet from the residence." 718 So. 2d 831, 832 (Fla. 4th DCA 1998). In *Dowd Shipping, Inc. v. Lee*, the service would have been effective only if the place of service was the "usual place of abode" of the defendant and the person served was over 15 years old; the appellate court remanded for those determinations. 354 So. 2d 1252, 1253 (Fla. 4th DCA 1978).

Thus, this case is exactly like *Selvas v. Atlas One Financial Group, LLC*, 2011 WL 13223728 (S.D. Fla. Aug. 26, 2011), where former Judge Ungaro found invalid substitute service attempted by "delivering a copy of the summons and complaint to Defendant's spouse … in the parking lot of a grocery store … across the street from [their] home" and "the [service documents] make clear that [she] refused process." *Id.* at *1. Finding that "the deadline for service has passed," the case was dismissed as to that defendant. *See id.* at *2. Similarly here, even if the Court denies Rule 12(b)(6) dismissal – and it should not – Rule 12(b)(5) dismissal should be granted.

Plaintiffs' single paragraph on the Rule 12(b)(6) issues, *see* Resp. at 4, provides no basis to deny dismissal.[3] They claim "Plaintiffs allege monetary loss and damages as well as the specific misrepresentations made by [Mr. Haslem]." Resp. at *id*. That is false. Not one of the twenty-nine paragraphs devoted to Mr. Haslem (CAC ¶¶ 371-399) shows a single misrepresentation, and **there is no mention of YBAs or FTT**. Furthermore, Plaintiffs have **never** identified (i) anything they purchased, (ii) when they purchased whatever they purchased, or (iii) whether they ever viewed the "You in?" commercial or any of the tweets involving Mr. Haslem. Even if liability **to anyone** could arise from any of this – and none can, as shown by the S&E Defendants' motion to dismiss (ECF 271) and reply (ECF 407) – no liability **to Plaintiffs** is possible. "The law requires some personal activity and involvement in the sale." *Dillon v. Axxsys Int'l, Inc.*, 185 F. App'x 823, 828 (11th Cir. 2006) (addressing FSIPA claim). *See also Dep't of Educ. v. Brown,* 143 S.Ct. 2343, 2351 (2023) ("there must be a causal connection between the injury and the conduct").

Plaintiffs wholly fail to plead that Mr. Haslem had any personal involvement in a sale of **anything** to **anyone**, much less of YBAs or FTT to **any** Plaintiff.

Therefore, the CAC should be dismissed against Mr. Haslem– and with prejudice.

---

[3] Plaintiffs' attempt to incorporate their opposition to the S&E Defendants' Rule 12(b)(6) motion, *see id.*, violates the briefing order limiting their opposition to 3 pages. *See* ECF 316.

Dated: December 6, 2023

Respectfully submitted,

**AKERMAN LLP**
201 East Las Olas Boulevard – Suite 1800
Ft. Lauderdale, FL 33301
Tel.: 954-463-2700
Fax: 954-468-2454

By: */s/ Christopher S. Carver*
  Christopher S. Carver
  Florida Bar No. 993580
  christopher.carver@akerman.com
  Jason S. Oletsky, Esq.
  Florida Bar No. 9301
  jason.oletsky@akerman.com
  Katherine A. Johnson
  Florida Bar No. 1040357
  katie.johnson@akerman.com

*Attorneys for Defendant Udonis Haslem*