# IN THE UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF FLORIDA
## MIAMI DIVISION
MDL No. 3076
Case No. 1:23-md-03076-KMM

**IN RE:**

**FTX Cryptocurrency Exchange Collapse Litigation**

_____

This Document Relates To:

*Garrison v. Bankman-Fried*,
Case No. 22-cv-23753-MOORE/OTAZO-REYES

*Norris v. Brady*,
Case No. 23-cv-20439-KMM

_____/

**REPLY IN SUPPORT OF DEFENDANT
DAVID ORTIZ' INDIVIDUAL MOTION TO DISMISS**

Defendant David Ortiz replies to Plaintiffs' Response (ECF 366) to Mr. Ortiz' individual motion (ECF 279) to dismiss the Consolidated Amended Complaint ("CAC"; ECF 179).

## ARGUMENT

*Lunatic* – 1. Originally, affected with the kind of insanity that was supposed to have recurring periods dependent on the changes of the [M]oon.

Oxford English Dictionary (Oxford University Press 1971).

From all that can be gleaned from the CAC, as to Mr. Ortiz Plaintiffs claim to be lunatics in the classical sense of the word. The substantive – using the word loosely – allegations as to Mr. Ortiz are (1) an ***FTX*** tweet, "The Moon even called up MLB Legend @DavidOrtiz to tell him about crypto and FTX. Now, **Big Papi** is in," *id.* ¶ 403 (bold in original; underline added); and (2) an ***FTX*** television commercial Plaintiffs describe by writing, in part, "The Moon frantically tells David about opportunities to get into cryptocurrency with FTX. David decides it's an offer he can't refuse[.]" *Id.* at ¶ 406. In a way not elucidated in their pleading, this FTX tweet and FTX commercial supposedly affected Plaintiffs and caused them to incur their (unidentified) claimed losses. In sum, if the Moon had not called Mr. Ortiz, Plaintiffs apparently would not have sued.

The first substantive sentence of Plaintiffs' Response underscores the core fallacy here: "Plaintiffs adequately allege that Defendant Ortiz personally participated in the solicitation and sale of YBAs and FTTs, and successfully drove customers to the deceptive FTX platform." *Id.* at 1. On what moon? Review of their pleading shows their statement to be false. ***Not one of the twenty-two paragraphs devoted specifically to Mr. Ortiz (CAC ¶¶ 400-421) alleges anything remotely close to "personal participat[ion] in the solicitation of YBAs and FTTs"*** – and there is no such allegation anywhere in the CAC. Indeed, ignoring the two vague and conclusory "including YBAs and/or FTT" references (¶¶ 414 & 416), not one of the paragraphs devoted to Mr. Ortiz even mentions the purported securities on which Plaintiffs' claims are based. Given that he is not alleged to have said anything about YBAs or FTT, how could there be any solicitation?

Moreover, how the Moon's phone call to Mr. Ortiz could have affected any Plaintiff remains a mystery – as it has been from when Plaintiffs' first filed claims against him on November 15, 2022. *See Garrison* ECF 1. Plaintiffs have **never** identified (i) anything they purchased, (ii) when they purchased whatever they purchased, or (iii) whether they ever viewed the Moon commercial or any of FTX's tweets referencing Mr. Ortiz. Even if liability *to anyone* could arise from any of this – and none can, as shown by the S&E Defendants' motion to dismiss (ECF 271) and reply (ECF 407) – no liability *to Plaintiffs* is possible. Plaintiffs essentially claim they were ephemerally affected by the Moon's phone call to make whatever purchases they made, because they do **not** claim they ever saw the ad, the tweets, or anything else. For all that the CAC reveals, their purchases could have occurred **before** the ad or the tweets. That is lunacy in its original meaning – not causation (or standing). *See Dep't of Educ. v. Brown,* 143 S.Ct. 2343, 2351 (2023) ("there must be a causal connection between the injury and the conduct complained of").

Plaintiffs cite a report and recommendation on summary judgment – *Scheck Investments, L.P. v. Kensington Management, Inc.*, 2009 WL 10668565 (S.D. Fla. June 17, 2009) (Torres, M.J.) – and the Eleventh Circuit's decision in *Wildes v. Bitconnect International PLC*, 25 F.4th 1341 (11th Cir. 2022), to argue their allegations are sufficient. *See* Resp. at 2. *Scheck* states, "A defendant is liable as a seller under Section 5 if he was a 'necessary participant' or 'substantial factor' in the illicit sale." 2009 WL 10668565 at *4. Not only is this not a Section 5 case, *Wildes* is explicit: "for solicitation to occur, a person must urge or persuade another to buy a particular security." 25 F.4th at 1346 (internal quotation and citation omitted).

Plaintiffs wholly fail to plead that Mr. Ortiz was a "necessary participant" or "substantial factor" in *any* sale of *anything*, much less the sale of any "particular security" to "an[y ]other" person – especially including *any* Plaintiff.

The CAC should be dismissed as to Mr. Ortiz – and with prejudice.

Dated:  December 6, 2023

Respectfully submitted,

**AKERMAN LLP**
201 East Las Olas Boulevard – Suite 1800
Ft. Lauderdale, FL 33301
Tel.: 954-463-2700
Fax: 954-468-2454

By: */s/ Christopher S. Carver*
  Christopher S. Carver
  Florida Bar No. 993580
  christopher.carver@akerman.com
  Jason S. Oletsky, Esq.
  Florida Bar No. 9301
  jason.oletsky@akerman.com
  Katherine A. Johnson
  Florida Bar No. 1040357
  katie.johnson@akerman.com

*Attorneys for Defendant David Ortiz*