# IN THE UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF FLORIDA
# MIAMI DIVISION

| | |
|---|---|
| IN RE: FTX CRYPTOCURRENCY EXCHANGE COLLAPSE LITIGATION | No: 1:23-md-03076-KMM<br><br>MDL No. 3076 |
| This Document Relates To:<br><br>*Garrison v. Bankman-Fried*,<br>No. 22-cv-23753-KMM<br><br>*Norris v. Brady*,<br>No. 23-cv-20439-KMM | |

**REPLY BRIEF IN SUPPORT OF DEFENDANT THOMAS BRADY'S INDIVIDUAL MOTION TO DISMISS AND INCORPORATED MEMORANDUM OF LAW**

Plaintiffs' response (ECF 364) fails to identify a single fact connecting Mr. Brady to any damages Plaintiffs allegedly suffered. This critical defect is amplified by the total lack of precedent for the theories Plaintiffs invoke—holding a mere spokesperson liable for alleged ***secret*** fraud by the company they have referenced in advertisements. Plaintiffs' claims are not only legally impermissible, but would set disastrous new precedent.

I.      MR. BRADY DID NOT SELL OR SOLICIT THE SALE OF SECURITIES

Plaintiffs' securities claims fail because (a) Plaintiffs do not allege they ever saw Mr. Brady's advertisements; (b) Mr. Brady never actually promoted any securities; and (c) Plaintiffs fail to plead any of the additional elements required by state law.

As to the first, Plaintiffs wholly fail to allege they ever saw a single advertisement or acted in reliance on it. This dooms their securities claims *in toto*. *See* ECF 272 at 1 (collecting cases); ECF 407 at 6-8. Plaintiffs' reference to the "substantial factor" test is likewise misplaced, since they do not allege that they saw Mr. Brady's statements or acted on them in any way. *See, e.g.*, *Groom v. Bank of Am.*, 2012 WL 50250, at *5 (M.D. Fla. Jan. 9, 2012) (collecting cases). Even if they had, as explained further below, Plaintiffs allege only that Mr. Brady said FTX was "the safest and easiest way to buy and sell crypto" and was "for all kinds of investing," ECF 179 ¶ 330, not that he urged the purchase of any unregistered security. ECF 407 at 5.

As to the second, Plaintiffs do not dispute that Mr. Brady ***never*** referenced their alleged securities (YBAs or FTT) in ***any*** promotion in which he appeared. *See* ECF 364 at 1-2. Plaintiffs' response concedes this, spelling out their tenuous securities claim: "investment in FTX results in the opening of YBAs, and enables one to invest in FTX's FTT.*" Id*. at 1. This is not enough. *See* ECF 407 at 6-8. There is no allegation that Mr. Brady promoted ***anything*** other than FTX—the company and platform where individuals could "buy, sell, or trade crypto" ***or*** invest. ECF 179 ¶ 304; *see id*. ¶¶ 289-320. Allegations that in some instances the FTX app may have defaulted

1

some users into opting into a YBA that Plaintiffs claim is a security—***even if true***—do not transform Mr. Brady's advertisements into securities "solicitation[s]," as Mr. Brady did not "'urge or persuade' another to buy a ***particular security***." *Wildes v. BitConnect Int'l PLC*, 25 F.4th 1341, 1346 (11th Cir. 2022) (emphasis added) (citation omitted).

Finally, Plaintiffs fail to plead the elements of their state law claims. *See* ECF 364 at 2; ECF 407 at 5-9.

## II.   MR. BRADY WAS NOT AWARE OF OR INVOLVED IN FTX'S FRAUD

As to Plaintiffs' remaining claims, an ***individual*** spokesperson is not liable under any state's consumer protection laws for statements made without ***individual*** culpable conduct. Plaintiffs fail to plead such conduct, and their "red flags" arguments are insufficient. *See* ECF 272 at 2-3; ECF 407 at 12-13, 17-18.

Plaintiffs' response proves that Mr. Brady's general statements, such as that FTX was "the safest and easiest way to buy and sell crypto," ECF 179 ¶¶ 304, 330, are non-actionable puffery, as the only cases they cite involved specific, empirically verifiable claims utterly distinct from Mr. Brady's. *See, e.g.*, *Thompson v. Procter & Gamble Co.*, 2018 WL 5113052, at *1 (S.D. Fla. Oct. 19, 2018) (whether soap with known allergen is "gentle on the hands"). As Plaintiffs' own authorities acknowledge, "[s]tatements made to puff goods are not actionable in misrepresentation even if untrue on the theory that no reasonable person would rely on general claims of superiority made by a salesman." *Mfg. Rsch. Corp. v. Greenlee Tool Co.*, 693 F.2d 1037, 1040 (11th Cir. 1982). Mr. Brady's statements are puffery under well-established Eleventh Circuit precedent.[1]

---

[1] *Carvelli v. Ocwen Fin. Corp.*, 934 F.3d 1307, 1318, 1320 (11th Cir. 2019) (defendant's statements, including that he "devote[d] substantial resources to . . . regulatory compliance and risk management efforts," were "just too boosterish" to be actionable (omission in original)); *Next Century Commc'ns Corp. v. Ellis*, 318 F.3d 1023, 1028 (11th Cir. 2003) (statement regarding stock's "strong" performance was "not the sort of empirically verifiable statement that can be affirmatively disproven").

2

Dated: December 6, 2023

Respectfully submitted,

**Colson, Hicks, Eidson, P.A.**
255 Alhambra Circle, Penthouse
Coral Gables, Florida 33134
(305) 476-7400

By: */s/ Roberto Martínez*
Roberto Martínez
Florida Bar No. 305596
bob@colson.com
Stephanie A. Casey
Florida Bar No. 97483
scasey@colson.com
Zachary Lipshultz
Florida Bar No. 123594
zach@colson.com

**LATHAM & WATKINS LLP**
Andrew B. Clubok (*pro hac vice*)
andrew.clubok@lw.com
Susan E. Engel (*pro hac vice*)
susan.engel@lw.com
Brittany M.J. Record (*pro hac vice*)
brittany.record@lw.com
555 Eleventh Street, N.W., Suite 1000
Washington, D.C. 20004-1304
Tel: +1.202.637.2200
Fax: +1.202.637.2201

**LATHAM & WATKINS LLP**
Marvin S. Putnam (*pro hac vice*)
marvin.putnam@lw.com
Jessica Stebbins Bina (*pro hac vice*)
jessica.stebbinsbina@lw.com
Elizabeth A. Greenman (*pro hac vice*)
elizabeth.greenman@lw.com
10250 Constellation Blvd., Suite 1100
Los Angeles, California 90067
Tel: +1.424.653.5500
Fax: +1.424.653.5501

**LATHAM & WATKINS LLP**
Michele D. Johnson (*pro hac vice*)
michele.johnson@lw.com
650 Town Center Drive, 20th Floor
Costa Mesa, California 92626-1925
Tel: +1.714.540.1235
Fax: +1.714.755.8290

*Attorneys for Defendant Thomas Brady*

3

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on December 6, 2023, a true and correct copy of the foregoing was filed electronically with the Clerk of the Court, by using the CM/ECF system, causing a true and correct copy to be served on all counsel of record.

By: */s/ Roberto Martínez*
Roberto Martínez