**IN THE UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**
**MIAMI DIVISION**

| | |
|---|---|
| IN RE: FTX CRYPTOCURRENCY EXCHANGE COLLAPSE LITIGATION | No: 1:23-md-03076-KMM<br><br>MDL No. 3076 |
| This Document Relates To:<br><br>*Garrison v. Bankman-Fried*,<br>No. 22-cv-23753-KMM | |

**REPLY BRIEF IN SUPPORT OF DEFENDANT GISELE BÜNDCHEN'S INDIVIDUAL**
**MOTION TO DISMISS AND INCORPORATED MEMORANDUM OF LAW**

Plaintiffs' response (ECF 351) fails to identify a single fact connecting Ms. Bündchen to any damages Plaintiffs allegedly suffered. This critical defect is amplified by the total lack of authority supporting the theories Plaintiffs invoke—holding a mere spokesperson liable for alleged *secret* fraud by a company they have referenced in advertisements. Plaintiffs' claims are not only legally impermissible, but would set disastrous new precedent.

## I.      MS. BÜNDCHEN DID NOT SELL OR SOLICIT THE SALE OF SECURITIES

Plaintiffs' securities claims fail because (a) Plaintiffs do not allege they ever saw Ms. Bündchen's advertisements; (b) Ms. Bündchen never actually promoted any securities; and (c) Plaintiffs fail to plead any of the additional elements required by state law. As to the first, Plaintiffs wholly fail to allege they saw a single of Ms. Bündchen's ads or acted in reliance on it. This dooms their securities claims *in toto*. *See* ECF 273 at 1-2 (collecting cases); ECF 407 at 6-8. Plaintiffs' reference to the "substantial factor" test is likewise misplaced, since they do not allege that they saw Ms. Bündchen's statements or acted on them in any way. *See, e.g.*, *Groom v. Bank of Am.*, 2012 WL 50250, at *5 (M.D. Fla. Jan. 9, 2012) (collecting cases). Even if they had, as explained below, Plaintiffs allege only that Ms. Bündchen "t[old] everyone" to "*trade*" crypto on FTX, ECF 179 ¶¶ 304, 330 (emphasis added), not to buy any unregistered security. ECF 407 at 5.

As to the second, Plaintiffs do not dispute that Ms. Bündchen *never* referenced the alleged securities (YBAs or FTT) in *any* promotion in which she appeared. ECF 351 at 2-3. Plaintiffs' response concedes this, alleging only that Ms. Bündchen served as FTX's "Environmental and Social Initiatives Head," made some personal appearances, and was featured in television and print ads. *Id.* at 1. In those capacities, however, Ms. Bündchen said only that she was "telling everyone" about FTX, or discussed "effective altruism" and FTX's "passion for creating positive change." ECF 179 ¶¶ 304, 308, 314-16, 330. This is not enough. ECF 407 at 6-8. There is no allegation that Ms. Bündchen promoted *anything* other than FTX—the company and platform where individuals

1

could buy and sell crypto *or* invest. ECF 179 ¶¶ 287-320. Allegations that Ms. Bündchen "partnered with FTX to provide spokesperson and marketing services" and "took an equity stake in the company," ECF 351 at 2, do not transform her advertisements into securities "solicitation[s]," as Ms. Bündchen did not "'urge or persuade' another to buy a ***particular security***." *Wildes v. BitConnect Int'l PLC*, 25 F.4th 1341, 1346 (11th Cir. 2022) (emphasis added).

Finally, Plaintiffs fail to plead the elements of each state law claim. ECF 351 at 3; ECF 407 at 5-9.

## II.     MS. BÜNDCHEN WAS NOT AWARE OF OR INVOLVED IN FTX'S FRAUD

As to the remaining claims, Plaintiffs' response proves that Ms. Bündchen's general statements, such as that she was "telling everyone" about FTX, ECF 179 ¶¶ 304, 330, are non-actionable puffery. The only cases they cite involved specific, empirically verifiable claims utterly distinct from Ms. Bündchen's. *See, e.g.*, *Thompson v. Procter & Gamble Co.*, 2018 WL 5113052, at *1 (S.D. Fla. Oct. 19, 2018) (whether soap with known allergen is "gentle on the hands"). As Plaintiffs' authorities hold, "[s]tatements made to puff goods are not actionable in misrepresentation even if untrue on the theory that no reasonable person would rely on general claims of superiority made by a salesman." *Mfg. Rsch. Corp. v. Greenlee Tool Co.*, 693 F.2d 1037, 1040 (11th Cir. 1982). Ms. Bündchen's statements are puffery under Eleventh Circuit precedent.[1]

Further, an ***individual*** spokesperson is not liable under any state's consumer protection laws for statements made without ***individual*** culpable conduct. Plaintiffs fail to plead such conduct and their "red flags" arguments are insufficient. *See* ECF 273 at 3; ECF 407 at 12-13, 17-18.

_____

[1] *Carvelli v. Ocwen Fin. Corp.*, 934 F.3d 1307, 1318, 1320 (11th Cir. 2019) (defendant's statements, including that he "devote[d] substantial resources to . . . regulatory compliance and risk management efforts," were "just too boosterish" to be actionable (omission in original)); *see Next Century Commc'ns Corp. v. Ellis*, 318 F.3d 1023, 1028 (11th Cir. 2003) (statement regarding stock's "strong" performance was "not the sort of empirically verifiable statement that can be affirmatively disproven").

Dated:  December 6, 2023

Respectfully submitted,

**Colson, Hicks, Eidson, P.A.**
  255 Alhambra Circle, Penthouse
  Coral Gables, Florida 33134
  (305) 476-7400

By: */s/ Roberto Martínez*
  Roberto Martínez
  Florida Bar No. 305596
  bob@colson.com
  Stephanie A. Casey
  Florida Bar No. 97483
  scasey@colson.com
  Zachary Lipshultz
  Florida Bar No. 123594
  zach@colson.com

**LATHAM & WATKINS LLP**
  Andrew B. Clubok (*pro hac vice*)
  *andrew.clubok@lw.com*
  Susan E. Engel (*pro hac vice*)
  *susan.engel@lw.com*
  Brittany M.J. Record (*pro hac vice*)
  *brittany.record@lw.com*
555 Eleventh Street, N.W., Suite 1000
Washington, D.C. 20004-1304
Tel: +1.202.637.2200
Fax: +1.202.637.2201

**LATHAM & WATKINS LLP**
  Marvin S. Putnam (*pro hac vice*)
  *marvin.putnam@lw.com*
  Jessica Stebbins Bina (*pro hac vice*)
  *jessica.stebbinsbina@lw.com*
  Elizabeth A. Greenman (*pro hac vice*)
  *elizabeth.greenman@lw.com*
10250 Constellation Blvd., Suite 1100
Los Angeles, California 90067
Tel: +1.424.653.5500
Fax:  +1.424.653.5501

**LATHAM & WATKINS LLP**
  Michele D. Johnson (*pro hac vice*)
  *michele.johnson@lw.com*
650 Town Center Drive, 20th Floor
Costa Mesa, California 92626-1925
Tel: +1.714.540.1235
Fax: +1.714.755.8290

*Attorneys for Defendant Gisele Bündchen*

3

## <u>CERTIFICATE OF SERVICE</u>

I HEREBY CERTIFY that on December 6, 2023, a true and correct copy of the foregoing was filed electronically with the Clerk of the Court, by using the CM/ECF system, causing a true and correct copy to be served on all counsel of record.

By: */s/ Roberto Martínez*
Roberto Martínez