**IN THE UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**
**MIAMI DIVISION**

| | |
|---|---|
| IN RE: FTX CRYPTOCURRENCY EXCHANGE COLLAPSE LITIGATION <br><br> This Document Relates To: <br><br> *Garrison v. Bankman-Fried*, No. 22-cv-23753-KMM <br><br> *Garrison v. Ohtani*, No. 23-cv-23064-KMM | No: 1:23-md-03076-KMM <br><br> MDL No. 3076 |

**REPLY BRIEF IN SUPPORT OF DEFENDANT**
**LAWRENCE GENE DAVID'S INDIVIDUAL MOTION TO DISMISS AND**
<u>**INCORPORATED MEMORANDUM OF LAW**</u>

Plaintiffs' response (ECF 356) fails to identify a single fact connecting Mr. David to any damages Plaintiffs allegedly suffered. This critical defect is amplified by the total lack of authority supporting the theories Plaintiffs invoke—holding a mere spokesperson liable for alleged **secret** fraud by a company they have referenced in advertisements. Plaintiffs' claims are not only legally impermissible, but would set disastrous new precedent.

I.     **MR. DAVID DID NOT SELL OR SOLICIT THE SALE OF SECURITIES**

Plaintiffs' securities claims fail because (a) Plaintiffs do not allege they ever saw Mr. David's ad; (b) Mr. David never actually promoted any securities; and (c) Plaintiffs fail to plead any of the additional elements required by state law.

As to the first, Plaintiffs wholly fail to allege they ever saw Mr. David's ad or acted in reliance on it. This dooms their securities claims *in toto*. *See* ECF 274 at 1 (collecting cases); ECF 407 at 6-8.[1]

As to the second, Plaintiffs do not dispute that Mr. David **never** referenced any alleged security (*e.g.*, YBAs or FTT), in the single television commercial in which he appeared. ECF 356 at 1-2. And Plaintiffs acknowledge that the commercial made zero statements of fact, instead comically comparing various technological innovations in history (the wheel, the fork, the toilet) to FTX. *Id.* The most Plaintiffs can point to is an actor (not Mr. David) holding up a phone and saying FTX was a "easy and safe way to get into crypto," *id.*—a statement that focuses on the FTX platform and not any of the "wide assortment" of cryptocurrencies, fiat currency trading, or other products offered by FTX. *See* ECF 179 ¶¶ 39-54, 85, 648. Mr. David did not "'urge or persuade'

---

[1] Plaintiffs' assertions that *AREI II Cases*, 216 Cal. App. 4th 1004, 1015-19 (2013) and *In re CNL Hotels & Resorts, Inc. Securities Litigation*, 2005 WL 2291729, at *5 (M.D. Fla. Sept. 30, 2005) somehow involve **lesser** conduct than Mr. David is laughable. Defendants in those cases **prepared securities offering documents**, while Mr. David is not alleged to have ever mentioned a single alleged security.

1

another to buy a ***particular security***," and securities claims based on his humorous ad fail as a matter of law. *Wildes v. BitConnect Int'l PLC*, 25 F.4th 1341, 1346 (11th Cir. 2022) (emphasis added) (citation omitted).

Finally, Plaintiffs fail to plead the elements of their state law claims. *See* ECF 356 at 1-2; ECF 407 at 5-9.

## II.    MR. DAVID WAS NOT AWARE OF OR INVOLVED IN FTX'S FRAUD

Plaintiffs do not respond to Mr. David's arguments that his ad amounts to non-actionable puffery and that there are no plausible allegations that he was aware of FTX's misconduct, *see* ECF 356 at 3, because the sole statement about FTX in Mr. David's advertisement (that it was an "easy and safe way to get into crypto") is ***textbook puffery***, ECF 407 at 13-15, and there are no allegations suggesting that Mr. David—a professional comedian involved in a single ad—plausibly could have been aware of FTX's secret fraud. The remaining claims must be dismissed.

## III.   THE FIRST AMENDMENT BARS PLAINTIFFS' CLAIMS

Contrary to Plaintiffs' claims, the assertion that holding a comedian liable for a funny commercial for no other reason than because ***the company who hired him committed fraud*** absolutely raises serious First Amendment concerns to which Plaintiffs have no response. Indeed, the Supreme Court has found that humorous speech is entitled to unique protection under the First Amendment. *Hustler Mag., Inc. v. Falwell*, 485 U.S. 46, 50 (1988) (First Amendment precluded recovery in state emotional distress action for ad "***parody***," which "could not reasonably have been interpreted as stating actual facts about the public figure involved" (emphasis added)). So too here. Plaintiffs have left this argument entirely unrebutted.

2

Dated:  December 6, 2023                         Respectfully submitted,

        **Colson, Hicks, Eidson, P.A.**
        255 Alhambra Circle, Penthouse
        Coral Gables, Florida 33134
        (305) 476-7400

By: */s/ Roberto Martinez*
        Roberto Martínez
        Florida Bar No. 305596
        bob@colson.com
        Stephanie A. Casey
        Florida Bar No. 97483
        scasey@colson.com
        Zachary Lipshultz
        Florida Bar No. 123594
        zach@colson.com

**LATHAM & WATKINS LLP**
  Andrew B. Clubok (*pro hac vice*)
    *andrew.clubok@lw.com*
  Susan E. Engel (*pro hac vice*)
    *susan.engel@lw.com*
  Brittany M.J. Record (*pro hac vice*)
    *brittany.record@lw.com*
555 Eleventh Street, N.W., Suite 1000
Washington, D.C. 20004-1304
Tel: +1.202.637.2200
Fax: +1.202.637.2201

**LATHAM & WATKINS LLP**
  Marvin S. Putnam (*pro hac vice*)
    *marvin.putnam@lw.com*
  Jessica Stebbins Bina (*pro hac vice*)
    *jessica.stebbinsbina@lw.com*
  Elizabeth A. Greenman (*pro hac vice*)
    *elizabeth.greenman@lw.com*
10250 Constellation Blvd., Suite 1100
Los Angeles, California 90067
Tel: +1.424.653.5500
Fax:  +1.424.653.5501

**LATHAM & WATKINS LLP**
  Michele D. Johnson (*pro hac vice*)
    *michele.johnson@lw.com*
650 Town Center Drive, 20th Floor
Costa Mesa, California 92626-1925
Tel: +1.714.540.1235
Fax: +1.714.755.8290

*Attorneys for Defendant Lawrence Gene David*

3

## **CERTIFICATE OF SERVICE**

      I HEREBY CERTIFY that on December 6, 2023, a true and correct copy of the foregoing was filed electronically with the Clerk of the Court, by using the CM/ECF system, causing a true and correct copy to be served on all counsel of record.

                                       By: */s/ Roberto Martinez*
                                             Roberto Martínez