# IN THE UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF FLORIDA
# MIAMI DIVISION

| | |
|---|---|
| IN RE: FTX CRYPTOCURRENCY EXCHANGE COLLAPSE LITIGATION | No: 1:23-md-03076-KMM <br><br> MDL No. 3076 |
| This Document Relates To: <br><br> *Garrison v. Bankman-Fried*, <br> No. 22-cv-23753-KMM | |

**REPLY BRIEF IN SUPPORT OF DEFENDANT SHAQUILLE O'NEAL'S INDIVIDUAL MOTION TO DISMISS AND INCORPORATED MEMORANDUM OF LAW**

Plaintiffs' response (ECF 357) fails to identify a single fact connecting Mr. O'Neal to any damages Plaintiffs allegedly suffered. This critical defect is amplified by the total lack of authority supporting the theories Plaintiffs invoke—holding a mere spokesperson liable for alleged ***secret*** fraud by a company they have referenced in advertisements. Plaintiffs' claims are not only legally impermissible, but would set disastrous new precedent.

I.  **MR. O'NEAL DID NOT SELL OR SOLICIT THE SALE OF SECURITIES**

Plaintiffs' securities claims fail because (a) Plaintiffs do not allege they ever saw Mr. O'Neal's advertisements; (b) Mr. O'Neal never actually promoted any securities; and (c) Plaintiffs fail to plead any of the additional elements required by state law. As to the first, Plaintiffs wholly fail to allege they ever saw a single advertisement or acted in reliance on it. This dooms their securities claims *in toto*. *See* ECF 275 at 1-2 (collecting cases); ECF 407 at 6-8. Plaintiffs' reference to the "substantial factor" test is likewise misplaced, since they do not allege that they saw Mr. O'Neal's statements or acted on them in any way. *See, e.g.*, *Groom v. Bank of Am.*, 2012 WL 50250, at *5 (M.D. Fla. Jan. 9, 2012) (collecting cases). Even if they had, as explained below, Plaintiffs allege only that Mr. O'Neal encouraged users to "***trade[]***" crypto on the FTX platform, ECF 179 ¶ 527 (emphasis added), not to buy any unregistered security. ECF 407 at 5.

As to the second, Plaintiffs do not dispute that Mr. O'Neal ***never*** referenced the alleged securities (YBAs or FTT) in ***any*** promotion in which he appeared. ECF 357 at 1-2. Plaintiffs' response concedes this, alleging only that Mr. O'Neal generally "promot[ed] the products offered by FTX" in a podcast appearance. *Id.* at 1. In that appearance, however, Mr. O'Neal "describe[d] his business philosophy, how he became involved with cryptocurrency, and his own personal cryptocurrency project." ECF 179 ¶ 530. There is no allegation that Mr. O'Neal promoted ***anything*** other than FTX—the company and platform where individuals could "buy, sell, or trade crypto" ***or*** invest. *See id.* ¶¶ 495-558. Allegations that Mr. O'Neal "partnered with FTX to provide

1

promotions and media campaigns" and made "social media posts, including . . . interactions with other promoters," ECF 357 at 1, do not transform his advertisements into securities "solicitation[s]," as he did not "'urge or persuade' another to buy a ***particular security***." *Wildes v. BitConnect Int'l PLC*, 25 F.4th 1341, 1346 (11th Cir. 2022) (emphasis added).

Finally, Plaintiffs fail to plead the elements of each state law claim. *See* ECF 357 at 2; ECF 407 at 5-9.

## II. MR. O'NEAL WAS NOT AWARE OF OR INVOLVED IN FTX'S FRAUD

As to Plaintiffs' remaining claims, their response proves that Mr. O'Neal's general statements, such as that he was "all in" on FTX "to help make crypto accessible for everyone," ECF 179 ¶¶ 502, 526-27, are non-actionable puffery, as the only cases they cite involved specific, empirically verifiable claims utterly distinct from Mr. O'Neal's. *See, e.g.*, *Thompson v. Procter & Gamble Co.*, 2018 WL 5113052, at *1 (S.D. Fla. Oct. 19, 2018) (whether soap with known allergen is "gentle on the hands"). As Plaintiffs' own authorities acknowledge, "[s]tatements made to puff goods are not actionable in misrepresentation even if untrue on the theory that no reasonable person would rely on general claims of superiority made by a salesman." *Mfg. Rsch. Corp. v. Greenlee Tool Co.*, 693 F.2d 1037, 1040 (11th Cir. 1982). Mr. O'Neal's statements are puffery under well-established Eleventh Circuit precedent.[1]

Further, an ***individual*** spokesperson is not liable under any state's consumer protection laws for statements made without ***individual*** culpable conduct. Plaintiffs fail to plead such conduct and their "red flags" arguments are insufficient. *See* ECF 275 at 3; ECF 407 at 12-13, 17-18.

---

[1] *Carvelli v. Ocwen Fin. Corp.*, 934 F.3d 1307, 1318, 1320 (11th Cir. 2019) (defendant's statements, including that he "devote[d] substantial resources to . . . regulatory compliance and risk management efforts," were "just too boosterish" to be actionable (omission in original)); *see Next Century Commc'ns Corp. v. Ellis*, 318 F.3d 1023, 1028 (11th Cir. 2003) (statement regarding stock's "strong" performance was "not the sort of empirically verifiable statement that can be affirmatively disproven").

Dated: December 6, 2023

Respectfully submitted,

**Colson, Hicks, Eidson, P.A.**
255 Alhambra Circle, Penthouse
Coral Gables, Florida 33134
(305) 476-7400

By: */s/ Roberto Martínez*
Roberto Martínez
Florida Bar No. 305596
bob@colson.com
Stephanie A. Casey
Florida Bar No. 97483
scasey@colson.com
Zachary Lipshultz
Florida Bar No. 123594
zach@colson.com

**LATHAM & WATKINS LLP**
Andrew B. Clubok (*pro hac vice*)
andrew.clubok@lw.com
Susan E. Engel (*pro hac vice*)
susan.engel@lw.com
Brittany M.J. Record (*pro hac vice*)
brittany.record@lw.com
555 Eleventh Street, N.W., Suite 1000
Washington, D.C. 20004-1304
Tel: +1.202.637.2200
Fax: +1.202.637.2201

**LATHAM & WATKINS LLP**
Marvin S. Putnam (*pro hac vice*)
marvin.putnam@lw.com
Jessica Stebbins Bina (*pro hac vice*)
jessica.stebbinsbina@lw.com
Elizabeth A. Greenman (*pro hac vice*)
elizabeth.greenman@lw.com
10250 Constellation Blvd., Suite 1100
Los Angeles, California 90067
Tel: +1.424.653.5500
Fax: +1.424.653.5501

**LATHAM & WATKINS LLP**
Michele D. Johnson (*pro hac vice*)
michele.johnson@lw.com
650 Town Center Drive, 20th Floor
Costa Mesa, California 92626-1925
Tel: +1.714.540.1235
Fax: +1.714.755.8290

*Attorneys for Defendant Shaquille O'Neal*

3

## CERTIFICATE OF SERVICE

      I HEREBY CERTIFY that on December 6, 2023, a true and correct copy of the foregoing was filed electronically with the Clerk of the Court, by using the CM/ECF system, causing a true and correct copy to be served on all counsel of record.

                                        By: */s/ Roberto Martínez*
                                                Roberto Martínez