UNITED STATES JUDICIAL PANEL
on
MULTIDISTRICT LITIGATION

IN RE: FTX CRYPTOCURRENCY EXCHANGE
COLLAPSE LITIGATION                                                    MDL No. 3076

**TRANSFER ORDER**

**Before the Panel:**[*] Defendant Jaspreet Singh in the action listed on Schedule A (*Singh*) moves under Panel Rule 7.1 to vacate the order conditionally transferring the action to MDL No. 3076. Plaintiffs oppose the motion and support transfer.

After considering the argument of counsel, we find that this action involves common questions of fact with the actions transferred to MDL No. 3076, and that transfer under 28 U.S.C. § 1407 will serve the convenience of the parties and witnesses and promote the just and efficient conduct of the litigation. In our order establishing MDL No. 3076, we held that centralization was warranted for actions concerning the collapse of the FTX cryptocurrency exchange and the ensuing losses suffered by depositors and investors. *See In re FTX Cryptocurrency Exchange Collapse Litig.*, __ F. Supp. 3d __, 2023 WL 3829242 (J.P.M.L. June 5, 2023). Among the defendants in the MDL are FTX's former executives and professional services firms and celebrity promoters who worked with FTX and allegedly were complicit in the alleged fraud. *See id.*

Like the actions in the MDL, the *Singh* action is a putative class action arising out of the FTX collapse. Plaintiffs allege that defendant Singh promoted an FTX product (specifically, Yield-Bearing Accounts, or "YBAs") and was complicit in the alleged fraud. Notably, plaintiffs assert nearly identical claims against defendant Singh in the MDL[1] but filed this action to address alleged personal jurisdiction defects. *Singh* undoubtedly shares factual questions with the actions in the MDL, and the transferee court is well-positioned to manage the pretrial proceedings.

In opposition to transfer, defendant principally argues that common factual questions are insufficient to warrant transfer because the claims in *Singh* are based almost exclusively on his individual alleged promotion of YBAs, which does not overlap with the conduct of any other

---

[*] Judge Karen K. Caldwell did not participate in the decision of this matter.

[1] *See Garrison v. Paffrath*, No. 23-21023, Complaint, ECF No. 1 (S.D. Fla. filed Mar. 15, 2023); *In re FTX Cryptocurrency Exchange Collapse Litig.*, No. 23-md-3076, Administrative Class Action Complaint: Promoters and Digital Creator Defendants, ECF No. 179 (S.D. Fla. filed Aug. 11, 2023).

promoter or other defendant. But this argument ignores that the claims asserted in *Singh* already are pending against him in the MDL.

Defendant attempts to discount the existing claims against him in the MDL by arguing that there was an understanding between the parties and the court that the claims against him in the MDL would be voluntarily dismissed to resolve a personal jurisdiction dispute. Assuming *arguendo* that is true, the resolution of the claims against defendant should be managed by the transferee court. The threshold issue of whether plaintiffs may pursue claims against him in the MDL already is before the transferee court on Rule 12(b)(2) and 12(b)(6) motions to dismiss. Even if those claims are dismissed, transfer of *Singh* would be warranted based on common factual questions arising from the collapse of the FTX cryptocurrency exchange[2] – specifically, (1) whether the promoter defendants sold FTX products with knowledge or willful blindness of the alleged FTX fraud; and (2) the nature of FTX's Yield-Bearing Accounts, including whether they are securities.

Defendant also argues that transfer would not serve the just and efficient conduct of the litigation because of the alleged prevalence of case-specific issues in *Singh* – *i.e.,* any specific actions that he took to promote FTX YBAs and his individual interactions with FTX. This argument is not persuasive. Transfer does not require a complete identity of factual issues or parties as a prerequisite to transfer, and the presence of additional facts is not significant when the actions arise from a common factual core. *See In re Auto Body Shop Antitrust Litig.*, 37 F. Supp. 3d 1388, 1390 (J.P.M.L. 2014). Moreover, in the MDL, defendant Singh has joined in a motion to dismiss the claims against him and other YouTube promoter defendants for failure to state a claim. The similarity of the claims against the YouTube promoters suggests that other joint motion practice applicable to the *Singh* action may occur. Additionally, the question of whether the MDL defendants – including Mr. Singh – were aware, or should have been aware, of FTX's fraud will involve common discovery on the threshold subject of whether a fraudulent scheme existed and, if so, the scope of the scheme. In our view, efficiency is best served by having that common discovery take place in the MDL.

The alleged inconvenience to defendant here does not warrant treating him differently than other parties from across the country who may have experienced some inconvenience from transfer to the MDL. In deciding transfer, we must look to "the overall convenience of the parties and witnesses in the litigation as a whole, not just those of a single plaintiff or defendant in isolation." *See In re Watson Fentanyl Patch Prods. Liab. Litig.*, 883 F. Supp. 2d 1350, 1351-52 (J.P.M.L. 2012).

---

[2] The Panel previously has transferred actions to MDLs where the defendant was dismissed from an MDL action for lack of personal jurisdiction and plaintiffs subsequently refiled their actions in the defendant's home forum. *See In re Telexfree Secs. Litig.*, MDL No. 2566, ECF No. 122, Transfer Order at 1 (J.P.M.L. Feb. 1, 2023).

-3-

IT IS THEREFORE ORDERED that the action listed on Schedule A is transferred to the Southern District of Florida and, with the consent of that court, assigned to the Honorable K. Michael Moore for inclusion in the coordinated or consolidated pretrial proceedings.

PANEL ON MULTIDISTRICT LITIGATION

_____
Nathaniel M. Gorton
Acting Chair

Matthew F. Kennelly     David C. Norton
Roger T. Benitez     Dale A. Kimball
Madeline Cox Arleo

IN RE: FTX CRYPTOCURRENCY EXCHANGE
COLLAPSE LITIGATION                                          MDL No. 3076

## SCHEDULE A

<u>Eastern District of Michigan</u>

GARRISON, ET AL. v. SINGH, C.A. No. 2:23−11764