UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 23-md-03076-KMM

IN RE:

FTX CRYPTOCURRENCY EXCHANGE
COLLAPSE LITIGATION

THIS DOCUMENT RELATES TO:

Bank Defendants

**DEFENDANT MOONSTONE BANK'S NOTICE OF CONSENT TO PERSONAL JURISDICTION AND WITHDRAWAL OF FRCP 12(b)(2) DEFENSE ONLY**

Defendant Farmington State Bank d/b/a Moonstone Bank ("Moonstone") hereby gives notice of its express consent to personal jurisdiction in that certain MDL transferee case *Connor O'Keefe v. Sequoia Capital Operations, LLC et al.*, Case No. 1:23-cv-20700 in the Southern District of Florida ("*O'Keefe* Florida Action"). Thus, Moonstone hereby unconditionally waives and withdraws its arguments for dismissal for lack of personal jurisdiction in the *O'Keefe* Florida Action under Rule 12(b)(2), FED. R. CIV. P., as it raised in the Motion to Dismiss [DE 262, at 17-20] and Reply [DE 394, at 21] filed in this MDL (Case No. 23-md-03076-KMM, S.D. Fla.).[1]

In consenting to the Court's personal jurisdiction over it in the *O'Keefe* Florida Action, Moonstone does not and need not admit any allegations of Plaintiffs' pleadings against it. All remaining arguments and defenses available to Moonstone shall remain in full force and effect. Namely, Moonstone does not withdraw, and expressly preserves, the Rule 12(b)(6) arguments

---

[1] The *O'Keefe* Florida Action is the only case in which Moonstone had challenged personal jurisdiction; Moonstone did not challenge personal jurisdiction in that certain MDL transferee case *Connor O'Keefe v. Farmington State Bank d/b/a Moonstone Bank et al.*, Case No. 2:23-cv-213 in the Eastern District of Washington.

raised in its Motion to Dismiss [DE 262, at 1-17] and Reply [DE 394, at 1-20]. Moreover, Moonstone expressly does not consent to jurisdiction on behalf of any other entity or person other than the entity Farmington State Bank d/b/a Moonstone Bank.

Having consented to personal jurisdiction and waived its Rule 12(b)(2) defense, it is Moonstone's understanding and belief that the jurisdictional discovery recently served by Plaintiffs on Moonstone is rendered moot and unnecessary. [*See* Order of December 18, 2023, DE 422, at 5 n.2 (finding jurisdictional discovery would be irrelevant where defendant does not challenge personal jurisdiction).]

| | |
|---|---|
| Date: <u>January 5, 2024</u> | */s/ Marisa R. Dorough*<br>Ty Kelly Cronin (*Pro hac vice*)<br>Frank C. Bonaventure, Jr. (*Pro hac vice*)<br>**BAKER, DONELSON, BEARMAN,**<br>**CALDWELL & BERKOWITZ, P.C.**<br>100 Light Street, 19th Floor<br>Baltimore, Maryland 21202<br>Phone: (410) 862-1049<br>tykelly@bakerdonelson.com<br>fbonaventure@bakerdonelson.com<br><br>   -and-<br><br>Marisa Rosen Dorough, Esq.<br>Florida Bar No. 73152<br>**BAKER, DONELSON, BEARMAN,**<br>**CALDWELL & BERKOWITZ, P.C.**<br>200 South Orange Avenue, Suite 2900<br>Orlando, Florida 32801<br>Phone: (407) 422-6600<br>mdorough@bakerdonelson.com<br><br>*Counsel for Defendant Farmington State Bank d/b/a Moonstone Bank.* |

## CERTIFICATE OF SERVICE

I hereby certify that on January 5, 2024, the foregoing was electronically filed with the Clerk of the Court through the CM/ECF system, which will send a notice of electronic filing to counsel for all parties of record.

/s/ *Marisa R. Dorough*
Marisa Rosen Dorough