IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION
MDL No. 3076
Case No. 1:23-md-03076-KMM

IN RE:

FTX Cryptocurrency Exchange Collapse Litigation

This Document Relates To:

*Garrison, et al. v. Kevin Paffrath, Graham Stephan,
Andrei Jikh, Jaspreet Singh, Brian Jung,
Jeremy Lefebvre, Tom Nash, Ben Armstrong,
Erika Kullberg, and Creators Agency, LLC*,
Case No. 23-cv-21023

/

### SPECIALLY APPEARING DEFENDANT ERIKA KULLBERG'S MOTION FOR PROTECTIVE ORDER AND INCORPORATED MEMORANDUM OF LAW

Pursuant to Rule 26 of the Federal Rules of Civil Procedure and Southern District of Florida Local Rules 7.1 and 26.1, Specially Appearing Defendant Erika Kullberg ("Kullberg") hereby submits her Motion for Protective Order and Incorporated Memorandum of Law, and in support thereof states as follows:

### INTRODUCTION AND BACKGROUND

On March 15, 2023, Kullberg was named as a defendant, along with nine others, in a Class Action Complaint and Demand for Jury Trial in the U.S. District Court for the Southern District of Florida, Case No. 1:23-cv-21023-KMM. Kullberg was mentioned only once in the 73-page, 213-paragraph complaint, in which Plaintiffs stated that Kullberg "is, upon information and belief, a founder of Defendant, Creators Agency LLC ('Creators Agency') and is currently identified on Creative [sic] Agency's website as one of its 'Finance/Business Creators' with 18 million social media followers." Case No. 1:23-cv-21023-KMM, DE 1, ¶ 30.

On May 30, 2023, Kullberg moved to dismiss pursuant to FRCP 12(b)(5), as she had not been served with the Summons and Complaint; rather, Plaintiffs had purported to serve Kullberg at an address in New York where Kullberg did not reside, and never resided. *Id*. DE 108. Prior to Kullberg's motion being decided, the case was transferred to these MDL proceedings.

As such, on September 21, 2023, Kullberg once again moved to dismiss pursuant to FRCP 12(b)(5), based on insufficient service. Case No. 1:23-md-03076-KMM, DE 263. Kullberg's motion was supported by two declarations, which clearly established that service was ineffective. Plaintiffs' opposition to Kullberg's motion was filed on November 6, 2023 (along with their own declaration), DE 367, and Kullberg's reply was filed on November 22, 2023, DE 387. Despite Kullberg first raising this defense in May 2023, Plaintiffs have not attempted to repair their service deficiencies in the intervening six months (well beyond the time period permitted for service under FRCP 4(m)), nor have Plaintiffs filed a motion for substitute service.

Instead, Plaintiffs now seek to utilize the "limited jurisdictional discovery" permitted by Judge Moore's December 18, 2023 Order as a fishing expedition to obtain discovery from Kullberg far beyond that ordered by Moore, including discovery related to service. On December 22, 2023, Plaintiffs sent Kullberg's counsel a notice of deposition requiring her appearance on January 11, 2024[1], a set of 25 "jurisdictional interrogatories" (13 of which relate solely to service), and six requests for production of documents. *See* Exhibits 1-3.

Through this motion, Kullberg seeks: (1) protection from responding to Plaintiffs' discovery until Kullberg's motion to dismiss based on insufficient service under FRCP 12(b)(5) is

---

[1] During a meet and confer held on January 4, 2023, Plaintiffs agreed that they would not be seeking to enforce the noticed date of January 11 due to a conflict of Kullberg's counsel on that date.

2

decided; and (2) further protection against Plaintiffs' discovery as beyond the scope of Judge Moore's order granting limited jurisdictional discovery.

## LEGAL STANDARD GOVERNING A MOTION FOR PROTECTIVE ORDER

Federal Rule of Civil Procedure 26(c) permits the Court to issue a protective order upon a finding of good cause to protect a party or person against "annoyance, embarrassment, oppression, or undue burden or expense." FRCP 26(c). "Under Fed. R. Civ. P. 26(b)(1) the court has broad discretion to fashion protective orders to ensure the discovery process is not manipulated in furtherance of any improper purpose." *Turner v. Ramo, LLC*, No. 09-81609, 2010 WL 11479360, at *2 (S.D. Fla. Nov. 8, 2010). This includes, *inter alia*, "forbidding the disclosure or discovery . . . prescribing a discovery method other than the one selected by the party seeking discovery . . . [and] forbidding inquiry into certain matters, or limiting the scope of disclosure or discovery to certain matters." FRCP 26(c)(1).

In this Circuit, four factors have been identified to ascertain whether "good cause" exists for a protective order: "[1] the severity and the likelihood of the perceived harm; [2] the precision with which the order is drawn; [3] the availability of a less onerous alternative; and [4] the duration of the order." *In re Alexander Grant & Co. Litigation*, 820 F.2d 352, 356 (11th Cir. 1987), *citing Kleiner v. First National Bank of Atlanta,* 751 F.2d 1193, 1205 (11th Cir.1985) (internal citations omitted). The burden to establish good cause lies with the moving party. *See Jeld-Wen, Inc. v. Nebula Glass International Inc.*, No. 07-22326, 2008 WL 11333315, at *4-5 (S.D. Fla. March 6, 2008) (finding burden met and restricting deposition questions permitted).

## ARGUMENT

Here, good cause exists to protect Kullberg from incurring the undue burden and expense of responding to discovery, including sitting for a deposition, until the Court rules on Kullberg's

3

motion to dismiss under FRCP 12(b)(5). In addition, even if Kullberg's motion for insufficient service is denied, or Plaintiffs are successful in remedying their service deficiencies, the scope of requested discovery is still beyond Judge Moore's order permitting "limited jurisdictional discovery."

### I.    Any Discovery as to Kullberg Should be Postponed

While the Court granted in part Plaintiffs' omnibus motion to lift the discovery stay (DE 422), it only permitted limited jurisdictional discovery; thus, apart from this, the broader stay of discovery remains in place. *See* DE 152, 318. Moreover, the Court held that Plaintiffs had a qualified right to jurisdictional discovery because "[t]he disputed facts related to Plaintiffs' theories of personal jurisdiction are intertwined with the merits of the respective cases." DE 422 at 5. The Court's Order specifically denied discovery related to insufficient service of process. DE 422, at fn. 2 (addressing Defendant Udonis Haslem and writing, "the Court finds no justification to permit discovery regarding service of process").

Given that the Court has yet to rule on Kullberg's motion regarding insufficient service (which has now been fully briefed), she submits that good cause exists for a short delay of her discovery responses, including her deposition, until the Court rules on her FRCP 12(b)(5) motion. Service of process is a core procedural requirement that must be satisfied *before* a federal court exercises personal jurisdiction over a defendant, including its ability to order party discovery against that defendant. *Omni Cap. Int'l, Ltd. v. Rudolf Wolff & Co., Ltd*., 484 U.S. 97, 104 (1987); *Hemispherx Biopharma, Inc. v. Johannesburg Consol. Invs.*, 553 F.3d 1531, 1360 (11th Cir. 2008) ("Service of process is a jurisdictional requirement: a court lacks jurisdiction over the person of a defendant when that defendant has not been served."); *Innomed Technologies, Inc. v. Worldwide Medical Technologies, Inc.*, 267 F.Supp.2d 1171, 1173 (M.D. Fla. March 14, 2003), *citing Posner*

*v. Essex Insurance Co., Ltd.*, 178 F.3d 1209, 1214, n. 6 (11th Cir. 1999) (denying motion to compel expedited discovery and noting, "[a] court without personal jurisdiction is powerless to take further action").

Kullberg has already incurred significant litigation expenses in a case in which she has never been served—now ***nine months*** after the original complaint was filed. Requiring her to sit for a deposition, respond to twenty-five interrogatories, or produce documents, *prior to* service, will result in additional and unnecessary burden and expense for Kullberg. Moreover, Plaintiffs will not be prejudiced from a short delay, as jurisdictional discovery can be provided if and when service is effectuated on Kullberg.

## II.     Plaintiffs' Discovery Requests are Inconsistent with the Court's Order

As discussed above, Plaintiffs have propounded to Kullberg a notice of deposition, twenty-five interrogatories, and six document requests. Kullberg seeks the Court's protection in limiting Plaintiffs' questions during any such deposition to those expressly covered by the Court's order granting "limited jurisdictional discovery," namely the issues addressed by Kullberg's declaration in support of her motion to dismiss under FRCP 12(b)(2), and not those pertaining to service.[2]

## III.    Conclusion

For the reasons stated herein, Kullberg respectfully requests that the Court postpone any discovery as to Kullberg until ruling on her motion for insufficient service, and further limit the scope of any deposition questioning to personal jurisdiction under FRCP 12(b)(2). A proposed order is appended hereto as Exhibit 4.

---

[2] The interrogatory and document requests also exceed the scope of Judge Moore's order and Kullberg will be submitting objections with her discovery responses, when due.

**Local Rule 7.1(a)(3) Certification**

In accordance with Local Rule 7.1(a)(3), counsel for Kullberg conferred with Plaintiffs' counsel in a good faith effort to resolve this motion for protective order by email and by Zoom meeting held on January 4, 2023, but have been unable to do so.

**CERTIFICATE OF SERVICE**

I hereby certify that on this 5th day of January, 2024, I e-filed the foregoing document using the Court's CM/ECF system, which will send a notice of electronic filing to all counsel of record.

Respectfully submitted,

STEARNS WEAVER MILLER WEISSLER
ALHADEFF & SITTERSON, P.A.

By: */s/ Jose G. Sepulveda*
JOSE G. SEPULVEDA, FL Bar No. 154490
jsepulveda@stearnsweaver.com
mfigueras@stearnsweaver.com
150 W. Flagler Street, Suite 2000
Miami, Florida 33130
Telephone: 305-789-3200

and

POTOMAC LAW GROUP, PLLC
Derek Adams, Esq., *Pro Hac Vice*
dadams@potomaclaw.com
1717 Pennsylvania Avenue, NW, Suite 1025
Washington, D.C. 20006
Telephone: 202-204-3005

*Counsel for Erika Kullberg*