UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MDL No. 3076
CASE NO. 1:23-md-03076-KMM

IN RE:

**FTX Cryptocurrency Exchange Collapse MDL Litigation**

THIS DOCUMENT RELATES TO:

Bank Defendants

*O'Keefe v. Sequoia Capital Operations, LLC, et al.*, S.D. Fla. Case No. 1:23-cv-20700

*O'Keefe v. Farmington State Bank d/b/a Moonstone Bank, et al.*, E.D. Wa. Case No. 2:23-cv-00213-TOR

_____/

**PLAINTIFFS' MOTION TO COMPEL AND EXPEDITE DISCOVERY IN ACCORDANCE WITH THE DISTRICT COURT'S DECEMBER 18, 2023 ORDER**

On December 18, 2023, this Court granted Plaintiffs leave to take jurisdictional discovery as to Defendants Deltec Bank and Trust Company ("Deltec") and Jean Chalopin (collectively "Defendants") and ordered that such discovery be completed by February 1, 2024. ECF No. 422. Defendants refuse, wholesale, to produce *any* discovery, and have manifested their intent to flout this Court's Order by hiding behind a Bahamian statute they claim "bars" application of the Federal Rules and enforcement of the District Court's Order. But the statute is neither mandatory nor applicable here, and in no way excuses Defendants' noncompliance with this Court's Order. Defendants are parties to this litigation, they have appeared in this Court, and they have availed themselves of the Federal Rules and this Court's authority in filing motions to dismiss. They cannot now argue that the Federal Rules do not apply because it suits their position. Plaintiffs move this Court to compel Defendants' production as ordered by the District Court.

## BACKGROUND

This case arises from the collapse of the FTX cryptocurrency exchange, the largest financial fraud in US history and for which FTX's former CEO, Sam Bankman-Fried ("SBF"), was convicted of seven criminal charges. At its highest level, the fraud was simple, though concealed from the public: FTX took in customer funds, in the form of fiat or cryptocurrency, and promised to hold those funds in custody for the benefit of FTX customers. Instead, FTX secretly funneled customer deposits to Alameda Research, LLC ("Alameda"), the crypto hedge fund that SBF separately owned, to line SBF's pockets, to fund his speculative investments, and to underwrite his purchases of beachfront properties, Formula One teams, and other items of luxury.

The FTX fraud was unprecedented in scope. SBF stole upwards of $8 billion from more than one million customers, Plaintiffs and class members included. SBF could not have effected fraud of such scale on his own. He needed the assistance of a bank at which he could open accounts for FTX, Alameda, and other affiliates, and through which he, with the assistance of the bank, could launder customer deposits and stash them offshore. SBF found that assistance in Defendants Deltec and Chalopin—an offshore Bahamian bank and its chairman, respectively—and rewarded them handsomely for it, including a sham "loan" to Deltec totaling $50 million in customer funds. Based on these allegations, and as further set forth in their Administrative Class Action Complaint, Plaintiffs bring claims against Defendants for aiding and abetting fraud, conversion, and fiduciary breach, civil conspiracy to commit those underlying torts, and unjust enrichment thereby in knowingly assisting FTX's misappropriation of customer funds. *See generally* ECF No. 155.

1

On September 21, 2023 Defendants moved to dismiss Plaintiffs' claims for lack of personal jurisdiction pursuant to Federal Rule 12(b)(2). ECF No. 267. Plaintiffs subsequently sought leave to conduct jurisdictional discovery on Defendants, which leave the District Court granted on December 18, 2023. R. Docs. 348, 422. Plaintiffs served requests for production and deposition notices for each Defendant on December 22, 2023. *See* Ex. A. Notwithstanding the District Court's order, Defendants refuse to produce *any* discovery, asserting (1) a Bahamian statute displaces the Federal Rules, and (2) the District Court's Order did not authorize the depositions. Ex. B at 3. This Court should reject these baseless objections and compel Defendants' production.

## ARGUMENT

**I.    This Court is empowered to enforce the District Court's Order and the Federal Rules governing discovery, notwithstanding Bahamian law.**

Defendants object that the Bahamian Evidence (Proceedings in Other Jurisdictions) Act (the "Act") "bars [Defendants] from sitting for a deposition or producing any documents without first obtaining an order from the Supreme Court of The Bahamas," Ex. B at 3, though Defendants made no mention of the Act in opposing Plaintiffs' motion for leave. Defendants bear the burden to show that the Act prohibits the discovery Plaintiffs seek. *In re Auto. Refinishing Paint Antitrust Litig.*, 358 F.3d 288, 305 (3d Cir. 2004); *In re Chiquita Brands Int'l, Inc.*, No. 07-60821-CV, 2015 WL 12601043, at *7 (S.D. Fla. Apr. 7, 2015). Defendants cannot satisfy that burden; their objection mischaracterizes the Act and is unsupported by law.

### A.    The Act does not prohibit Defendants' disclosure of evidence or testimony.

At the threshold, nothing in the Act's plain language "bars the disclosure of documents and testimony [absent] an application to the Bahamas Supreme Court," as Defendants suggest. The Act does not use any mandatory language, instead providing that an application for assistance in discovery "*may* be made to the Supreme Court by or on behalf of a court of tribunal" and limits the scope of the Act's provisions to those instances "[w]here an application is made." *See* Ex. C, §§ 3.(1), 4 (emphasis added). Nowhere does the Act prohibit a Bahamian resident from disclosing documents and testimony in compliance with an order from this Court. To the contrary, according to Bahamian practitioners, "[a] citizen residing in the Bahamas *may volunteer* to submit to the jurisdiction of a foreign court and give evidence in foreign proceedings" under the Act.[1]

---

[1] *See, e.g.*, Lex Mundi, *Gathering Evidence in Aid of Foreign Litigation Guide – Bahamas* (Mar. 16, 2022), https://www.lexmundi.com/guides/gathering-evidence-in-aid-of-foreign-litigation-guide/jurisdictions/latin-america-caribbean/bahamas/ (emphasis added).

2

When asked to provide authority to the contrary, counsel to Defendants could supply none, offering instead a handful of letters rogatory and motions to a U.S. court requesting same (i.e., no court order or other binding authority), all in a single case involving discovery on third-parties or defendants who had liquidated, such that the discovery was no longer in the defendants' possession, custody, or control.[2] *See* Ex. B at 1, 9-88. That is not the case here. Defendants are parties to this litigation, and the requested discovery is within Defendants' possession, custody, or control. The Act permits Defendants to produce the discovery, and the District Court has ordered its production. Defendants must comply with that Order, as the Act freely allows them to do.

### B. This Court may order Defendants to comply with the District Court's Order and the Federal Rules, notwithstanding the Act.

It is well established that this Court is empowered to order a non-U.S. defendant to produce discovery—including jurisdictional discovery—in accordance with the Federal Rules, without resorting to (and despite) provisions of international treaty or foreign law, in part because the latter "would be unduly time consuming and expensive, as well as less certain to produce needed evidence [compared to] the Federal Rules,"[3] and particularly where, as here, defendants have "taken advantage of the Federal Rule allowing them a preliminary hearing and determination of issues raised in their [Rule 12(b)(2)] motion."[4] Indeed, "the Federal Rules remain the 'normal method for federal litigation involving foreign national parties, 'unless the facts of a given case indicate the 'optional' or 'supplemental' convention procedures prove to be conducive to discovery." *In re Chiquita Brands International, Inc.*, 2015 WL 126010403, at *8 (quoting *In re Auto Refinishing*, 358 F.3d at 300) (distinguishing the law applicable to foreign non-parties).

The analysis is two-fold. A court first considers whether the Federal Rules conflict with foreign law. *In re Vitamins*, 120 F. Supp. at 55. If so, the court analyzes "principles of comity" to

---

[2] It is well accepted that letters rogatory are "complimentary procedures" to obtain discovery and need not be used "as a first resort;" a court may also order discovery under the Federal Rules in lieu of issuing a letter rogatory. *Burrow v. Forjas Taurus S.A.*, 2017 WL 2620067, at *5.
[3] *Societe Nationale Industrielle Aerospatiale v. United States Dist. Court for the S. Dist. of Iowa*, 482 U.S. 522, 542 (1987) (t U.S. courts may enforce the Federal Rules on non-U.S. defendants as a first resort, notwithstanding provisions of The Hague Convention); *see also In re Vitamins Antitrust Litig.*, 120 F. Supp. 2d 45, 49 (D.D.C. 2000) (extending *Aerospatiale* to jurisdictional discovery and foreign law other than The Convention); *Burrow v. Forjas Taurus S.A.*, No. 16-21606-CIV, 2017 WL 2620067, at *3 (S.D. Fla. June 16, 2017) (applying *Aerospatiale* in dispute involving international law other than The Convention and collecting cases).
[4] *In re Auto. Refinishing*, 358 F.3d at 303 (extending *Aerospatiale* to jurisdictional discovery).

3

determine whether the Federal Rules should still prevail, *id.*, including (1) the importance of the discovery; (2) the specificity of the requests; (3) whether the discovery originated in the U.S.; (4) whether it can be obtained by alternative means; and (5) the extent to which the interests of the U.S. or the foreign jurisdiction would be undermined by compliance or noncompliance with the request. *Burrow*, 2017 WL 2620067, at *4 (citing *Aerospatiale*, 482 U.S. at 523).

There is no conflict here. The Act does not mandate that discovery be had exclusively through its procedures, nor does the Act prohibit a Bahamian citizen from voluntarily producing discovery in compliance with the District Court's Order. *See* Section I.A. In the absence of conflict with the Act, this Court may enforce the Federal Rules and the District Court's Order without infringing on provisions of Bahamian law.[5]

To be sure, comity would permit enforcement of the District Court's Order, even if conflict between the Federal Rules and the Act were to arise: (1) The importance of the discovery is high, as it is needed by the District Court to determine its jurisdiction over the merits of Plaintiffs' claims; (2) the requests are narrowly tailored to Plaintiffs' theories of jurisdiction over Defendants; (3) much of the discovery likely originated in the U.S., as it concerns Defendants' correspondence with, and assistance to, FTX entities and employees located in Florida, Washington, and New York; (4) obtaining discovery through the permissive procedures set forth in the Act will cause undue (and unnecessary) expense and delay, contrary to the aims of *Aerospatiale*; and (5) the requested discovery should not offend The Bahamas' sovereign interest as this arises from the FTX fraud, which The Bahamas, "like the United States, would prohibit … and would welcome investigation of such … violation[s] to the fullest extent." *In re Automotive Refinishing*, 358 F.3d at 304 (permitting discovery on non-U.S. defendant in price-fixing conspiracy).

II. **The scope of Plaintiffs' requests is authorized by the District Court's Order and permitted under the Federal Rules.**

Defendants next object that the depositions of Deltec and Chalopin are not authorized by the District Court's Order, because notices for those depositions were not attached to Plaintiffs'

---

[5] For the sake of argument, if the Act did in fact prohibit Defendants' disclosure of the discovery that Plaintiffs seek (as Defendants suggest), U.S. law would still permit discovery on Defendants under the Federal Rules and in accordance with the District Court's Order, despite the Act's "blocking" of such disclosures. *See, e.g.*, *In re Auto. Refinishing*, 358 F.3d at 303–04 ("*Aerospatiale* reiterates the well-settled view that 'blocking statutes do not deprive an American court the power to order a party subject to its jurisdiction to produce evidence even though the act of production may violate that statute.'") (quoting 482 U.S. at 544–45 n.29).

4

motion for leave. Ex. B at 1–3. But nothing in the District Court's Order limits Plaintiffs' jurisdictional discovery to the requests attached to Plaintiffs' motion. Instead, the Order plainly states that Plaintiffs may "conduct limited jurisdictional discovery." ECF No. 422 at 6. Jurisdictional discovery routinely includes depositions,[6] and the noticing of each Defendants' deposition falls within the ambit of the District Court's order.

To the extent Defendants object to the scope of Plaintiffs' requests more generally, such objection should not be well taken. Plaintiffs assert several theories of jurisdiction, including "a civil conspiracy theory of personal jurisdiction," "where at least one act in furtherance of the conspiracy occurred in the forum state," and an intentional tort theory, "based on alleged tortious action causing harm in the forum state." ECF No. 422 at 4; *see also* ECF No. 361 at 35–38 (asserting theories against Defendants). Accordingly, as the District Court observed in issuing its Order, "[t]he disputed facts related to Plaintiffs' theories of personal jurisdiction are intertwined with the merits of the respective cases," ECF No. 422 at 5, and the District Court's Order permits Plaintiffs' to conduct discovery related to their theories of jurisdiction, which necessarily overlap with the elements of their civil conspiracy and intentional tort claims. Each of Plaintiffs' requests for discovery from Defendants is tied to an element of those claims, which in turn ties the request to the jurisdictional analysis. *See* ECF No. 391 at 8-10 (specifying relations to elements giving rise to jurisdiction).

**III.     Plaintiffs request that the Court order production by February 1, 2024.**

The District Court's Order requires that jurisdictional discovery be completed by February 1, 2024 and supplemental briefing in opposition to Defendants' Rule 12(b)(2) motions be filed within 15 days thereafter. Plaintiffs therefore request that this Court order Defendants' to sit for deposition on or before February 1, 2024, with production of all responsive documents and interrogatory responses to be completed at least 3 business days before the deposition, in accordance with the District Court's Order and as Federal Rules 26(d) and 34(b)(2) grant this Court the discretion to do.[7]

## CONCLUSION

For reasons herein, Plaintiffs' Motion should be granted and Defendants ordered to produce the requested discovery, attached as Exhibit A, on or before February 1, 2024.

---

[6] *See, e.g.*, *Funez v. CMI Leisure Mgmt., Inc.*, 482 F. Supp. 3d 1252, 1255–56 (S.D. Fla. 2020).
[7] *See AT&T Mobility LLC v. Dynamic Cellular Corp.*, No. 08-20537-CIV-MORENO, 2008 WL 2139518, at *2 (S.D. Fla. May 7, 2008).

## REQUEST FOR ORAL ARGUMENT

Plaintiffs respectfully request that the Court hear oral argument on this Motion, and respectfully submit that fifteen minutes should be sufficient for all Parties.

### CERTIFICATE OF L.R. 7.1(a)(3) GOOD FAITH CONFERENCE

Plaintiffs' counsel certifies they have conferred in good faith with Defendants' counsel in a good faith effort to resolve the issue raised in this motion and as of the date of this filing have been unable to do so. Plaintiffs therefore assume Defendants oppose the relief sought herein.

Dated: January 5, 2024                                                                  Respectfully submitted,

**By:** */s/ Adam Moskowitz*
Adam M. Moskowitz
Florida Bar No. 984280
Joseph M. Kaye
Florida Bar No. 117520
**THE MOSKOWITZ LAW FIRM, PLLC**
Continental Plaza
3250 Mary Street, Suite 202
Coconut Grove, FL 33133
Office: (305) 740-1423
adam@moskowitz-law.com
joseph@moskowitz-law.com
service@moskowitz-law.com

*Co-Lead Counsel*

Joseph R. Saveri
Christopher Young
Itak K. Moradi
**JOSEPH SAVERI LAW FIRM**
601 California Street, Suite 1000
San Francisco, CA 94108
Telephone: (415) 500-6800
jsaveri@saverilawfirm.com
cyoung@saverilawfirm.com
imoradi@saverilawfirm.com

*Counsel to Plaintiffs and the Putative Classes*

**By:** */s/ David Boies*
David Boies
Alexander Boies
Brooke A. Alexander
**BOIES SCHILLER FLEXNER LLP**
333 Main Street
Armonk, NY 10504
914-749-8200
dboies@bsfllp.com
aboies@bsfllp.com
balexander@bsfllp.com

*Co-Lead Counsel*

James R. Swanson, La. Bar No. 18455
Kerry J. Miller, La. Bar. No. 24562
Molly L. Wells, La. Bar. No. 36721
C. Hogan Paschal, La. Bar. No. 38495
**FISHMAN HAYGOOD L.L.P.**
201 St. Charles Avenue, 46th Floor
New Orleans, Louisiana 70170-4600
(504) 586-5252; (504) 586-5250 fax
jswanson@fishmanhaygood.com
kmiller@fishmanhaygood.com
mwells@fishmanhaygood.com
hpaschal@fishmanhaygood.com

Robert Lieff
P.O. Drawer A

>Rutherford, CA 94573
>rlieff@lieff.com
>
>***Counsel to Plaintiffs and the Putative Classes***

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing was filed on January 5, 2024 via the Court's CM/ECF system, which will send notification of such filing to all attorneys of record.

>**By:** */s/ Adam Moskowitz*
>Adam M. Moskowitz

7