# Exhibit B

| | |
|---|---|
| **From:** | Wasim, Roshaan |
| **To:** | joseph@moskowitz-law.com; Adam Moskowitz; Wells, Molly; David Boies; Brooke Alexander; Paschal, Hogan; Joseph Saveri; Miller, Kerry; Rejane Passos; Barbara C. Lewis |
| **Cc:** | Buchwald, Lara Samet; Martins, Tatiana R. |
| **Subject:** | RE: Activity in Case 1:22-cv-23753-KMM Garrison v. Bankman-Fried et al (Discovery Orders) |
| **Date:** | Friday, January 5, 2024 8:31:48 AM |
| **Attachments:** | image001.png |
| | SEC v Mintbroker - [ECF No. 136] Request_for_International_Judicial_Assistance_Lett.pdf |
| | SEC v Mintbroker - [ECF No. 104 ] MOTION_for_Issuance_of_Letters_Rogatory_Requesting.pdf |
| | SEC v Mintbroker - [ECF No. 109] Letter_of_Request_for_International_Judicial_Assis.pdf |
| | SEC v Mintbroker - [ECF No. 113] MOTION_for_Issuance_of_Letters_Rogatory_by_Securit.pdf |
| | SEC v Mintbroker - [ECF No. 116] Request_for_International_Judicial_Assistance_Lett.pdf |
| | SEC v Mintbroker - [ECF No. 134] Unopposed_MOTION_For_Court_to_Issue_Request_for_In.pdf |

Some people who received this message don't often get email from roshaan.wasim@davispolk.com. Learn why this is important

Counsel:

As discussed on yesterday's call, attached are some examples of the application of the Bahamas Evidence (Proceedings in Other Jurisdictions) Act in a proceeding in the Southern District of Florida.  Please advise whether you intend to comply with the statutory procedure.

Best,
Roshaan

**Roshaan Wasim**

**Davis Polk & Wardwell** LLP
+1 212 450 4567 office
+1 646 413 5955 mobile
roshaan.wasim@davispolk.com

---

**From:** Wasim, Roshaan
**Sent:** Wednesday, January 3, 2024 3:10 PM
**To:** 'joseph@moskowitz-law.com' <joseph@moskowitz-law.com>; Adam Moskowitz <Adam@moskowitz-law.com>; Wells, Molly <mwells@fishmanhaygood.com>; David Boies <dBoies@BSFLLP.com>; Brooke Alexander <balexander@bsfllp.com>; Paschal, Hogan <hpaschal@fishmanhaygood.com>; Joseph Saveri <jsaveri@saverilawfirm.com>; Miller, Kerry <kmiller@fishmanhaygood.com>; Rejane Passos <rejane@moskowitz-law.com>; Barbara C. Lewis <barbara@moskowitz-law.com>
**Cc:** Buchwald, Lara Samet <lara.buchwald@davispolk.com>; Martins, Tatiana R. <tatiana.martins@davispolk.com>
**Subject:** RE: Activity in Case 1:22-cv-23753-KMM Garrison v. Bankman-Fried et al (Discovery Orders)

Joseph,

Thank you – 5:30 EST tomorrow works on our end.  We will circulate a dial-in.

In response to your questions: (1) Your motion requesting jurisdictional discovery attached your proposed discovery requests, which did not include deposition notices to Deltec Bank or Mr. Chalopin.  (See ECF No. 348, Exhibit D.)  Judge Moore thus had no occasion to

consider, nor does his order authorize, depositions of Deltec Bank or Mr. Chalopin.  (2) Deltec Bank and Mr. Chalopin are Bahamian residents and citizens, and thus are bound by Bahamian law.  The Bahamas (Proceedings in Other Jurisdictions) Act bars the disclosure of evidence in connection with foreign proceedings, including documents and testimony, located in The Bahamas without the requesting party first making an application to the Bahamas Supreme Court.  The statute is available on the Central Bank of The Bahamas website: Evidence (Proceedings in Other Jurisdictions) Act.

Best,
Roshaan

**Roshaan Wasim**

**Davis Polk & Wardwell** LLP
+1 212 450 4567 office
+1 646 413 5955 mobile
roshaan.wasim@davispolk.com

**From:** joseph@moskowitz-law.com <joseph@moskowitz-law.com>
**Sent:** Wednesday, January 3, 2024 2:00 PM
**To:** Wasim, Roshaan <roshaan.wasim@davispolk.com>; Adam Moskowitz <Adam@moskowitz-law.com>; Wells, Molly <mwells@fishmanhaygood.com>; David Boies <dBoies@BSFLLP.com>; Brooke Alexander <balexander@bsfllp.com>; Paschal, Hogan <hpaschal@fishmanhaygood.com>; Joseph Saveri <jsaveri@saverilawfirm.com>; Miller, Kerry <kmiller@fishmanhaygood.com>; Rejane Passos <rejane@moskowitz-law.com>; Barbara C. Lewis <barbara@moskowitz-law.com>
**Cc:** Buchwald, Lara Samet <lara.buchwald@davispolk.com>; Martins, Tatiana R. <tatiana.martins@davispolk.com>
**Subject:** Re: Activity in Case 1:22-cv-23753-KMM Garrison v. Bankman-Fried et al (Discovery Orders)

Hello Roshaan,

I am looping in my paralegal, Rejane, so that we can set a time for all of us to confer on your objections to our requests. We have 5:30pm EST tomorrow open on our end (let me know if anyone else has a conflict).

Please send us any authority you have for your arguments that (1) depositions are not included within the Court's order that "Plaintiffs shall have 45 days from the date of this order to conduct limited jurisdictional discovery," and (2) the Bahamas Evidence Act controls to bar the discovery ordered by Judge Moore.

Thank you

Best,

Joseph M. Kaye, P.A.
Partner



Continental Plaza
3250 Mary Street, Suite 202
Coconut Grove, FL 33133
Office: (305) 740-1423
Direct: (786) 309-9585

*Note: The information in this email is confidential and intended to be legally privileged. If you are not the intended recipient, you must not read, use or disseminate the information contained herein; please advise the sender immediately by reply email and delete this message and any attachments without retaining a copy. Although this email and any attachments are believed to be free of any viruses or other defects that may affect any computer system into which it is received and opened, it is the responsibility of the recipient to ensure that it is virus-free and no responsibility is accepted by The Moskowitz Law Firm or the sender of this email for any loss or damage arising in any way from its use.*

---

**From:** Wasim, Roshaan <roshaan.wasim@davispolk.com>
**Sent:** Wednesday, January 3, 2024 1:39 PM
**To:** Adam Moskowitz <Adam@moskowitz-law.com>; Joseph Kaye <joseph@moskowitz-law.com>; Wells, Molly <mwells@fishmanhaygood.com>; David Boies <dBoies@BSFLLP.com>; Brooke Alexander <balexander@bsfllp.com>; Paschal, Hogan <hpaschal@fishmanhaygood.com>; Joseph Saveri <jsaveri@saverilawfirm.com>
**Cc:** Buchwald, Lara Samet <lara.buchwald@davispolk.com>; Martins, Tatiana R. <tatiana.martins@davispolk.com>
**Subject:** RE: Activity in Case 1:22-cv-23753-KMM Garrison v. Bankman-Fried et al (Discovery Orders)

Counsel:

We represent Deltec Bank and Jean Chalopin.  We are reaching out in connection with the deposition notices and requests for production you served on Deltec Bank and Mr. Chalopin on the evening of Friday, December 22.

Deltec Bank and Mr. Chalopin object to the discovery requests on multiple grounds, including because Judge Moore's order permitting jurisdictional discovery did not authorize depositions of either Deltec Bank or Mr. Chalopin, and because the Bahamas Evidence (Proceedings in Other Jurisdictions) Act bars Deltec and Mr. Chalopin from sitting for a deposition or producing any documents without first obtaining an order from the Supreme Court of The Bahamas that authorizes the production of such evidence.

We suggest that we confer on these issues.  Please let us know if you are available to discuss on Thursday 1/4 from 8:30-9 a.m. or after 5 p.m. ET or Friday 1/5 from 8-8:30 a.m. ET.

Best,
Roshaan
**Roshaan Wasim**

**Davis Polk & Wardwell** LLP
+1 212 450 4567 office
+1 646 413 5955 mobile
roshaan.wasim@davispolk.com

---

Begin forwarded message:

**From:** "Paschal, Hogan" <hpaschal@fishmanhaygood.com>
**Date:** December 23, 2023 at 4:04:33 AM GMT+1
**To:** "Kelly, Ty" <tykelly@bakerdonelson.com>, "Bonaventure, Frank" <fbonaventure@bakerdonelson.com>, "Dorough, Marisa" <mdorough@bakerdonelson.com>, "Buchwald, Lara Samet" <lara.buchwald@davispolk.com>, "Martins, Tatiana R." <tatiana.martins@davispolk.com>, "Cooney, Mallory M." <Mallory.Cooney@klgates.com>, "Moore, Desiree F." <Desiree.Moore@klgates.com>, "Ehrlich, Andrew J" <aehrlich@paulweiss.com>, bkarp@paulweiss.com, "Beer, Alex" <abeer@paulweiss.com>, "Kovalenko, Nina" <nkovalenko@paulweiss.com>, Adam Fels <afels@ffslawfirm.com>, mmix@morrisoncohen.com, vupadhyaya@morrisoncohen.com, jgottlieb@morriseoncohen.com
**Cc:** "Swanson, James R." <jswanson@fishmanhaygood.com>, "Miller, Kerry" <kmiller@fishmanhaygood.com>, "Wells, Molly" <mwells@fishmanhaygood.com>, jsaveri@saverilawfirm.com, rlieff@lieff.com, cyoung@saverilawfirm.com, "Reichard, Benjamin D." <breichard@fishmanhaygood.com>, Itak Moradi <imoradi@saverilawfirm.com>, Louis Kessler <Lkessler@saverilawfirm.com>, David Lerch <dlerch@saverilawfirm.com>, "Richards, Lara K." <lrichards@fishmanhaygood.com>, "Veith, Rebekka C." <rveith@fishmanhaygood.com>
**Subject: FW: Activity in Case 1:22-cv-23753-KMM Garrison v. Bankman-Fried et al (Discovery Orders)**

Counsel,

I'm forwarding the correspondence below regarding jurisdictional discovery in the above captioned matter and attaching the discovery requests referenced therein.

Best and happy holidays,
Hogan

Hogan Paschal
hpaschal@fishmanhaygood.com

**Fishman**Haygood LLP
201 St. Charles Avenue, 46th Floor
New Orleans, Louisiana  70170

t: 504.586.5252 d:504.556.5507  f: 504.310.0270
fishmanhaygood.com

This transmittal and attachments may be a confidential attorney-client communication or may otherwise be privileged or confidential. If you are not the intended recipient, you have received this transmittal in error; any review, dissemination, distribution or copying of this transmittal is prohibited. If you

have received this transmittal and/or attachments in error please notify us immediately by reply or by telephone (call us collect at 504-586-5252) and immediately delete this message and all its attachments.

IRS Circular 230 disclosure: To ensure compliance with requirements imposed by the IRS, we inform you that any U.S. federal tax advice contained in this communication (including any attachments) is not intended or written to be used, and cannot be used, for the purpose of (i) avoiding penalties under the Internal Revenue Code or (ii) promoting, marketing or recommending to another party any transaction or matter addressed herein.

**From:** Adam Moskowitz <Adam@moskowitz-law.com>
**Sent:** Friday, December 22, 2023 3:09 PM
**To:** 'jneiman@mnrlawfirm.com' <jneiman@mnrlawfirm.com>; 'mphillip@mnrlawfirm.com' <mphillip@mnrlawfirm.com>; 'bfloch@mnrlawfirm.com' <bfloch@mnrlawfirm.com>; 'mordenes@mnrlawfirm.com' <mordenes@mnrlawfirm.com>; 'jmarcus@mnrlawfirm.com' <jmarcus@mnrlawfirm.com>; 'mordenes@mnrlawfirm.com' <mordenes@mnrlawfirm.com> 'mpineiro@mnrlawfirm.com' <mpineiro@mnrlawfirm.com>; 'mordenes@mnrlawfirm.com' <mordenes@mnrlawfirm.com>; 'abrettler@berkbrettler.com' <abrettler@berkbrettler.com>; 'Susan.Engel@lw.com' <Susan.Engel@lw.com>; 'Jessica.StebbinsBina@lw.com' <Jessica.StebbinsBina@lw.com>; 'Andrew.Clubok@lw.com' <Andrew.Clubok@lw.com>; 'Brittany.Record@lw.com' <Brittany.Record@lw.com>; 'Elizabeth.Greenman@lw.com' <Elizabeth.Greenman@lw.com>; 'Marvin.Putnam@lw.com' <Marvin.Putnam@lw.com>; 'michele.johnson@lw.com' <michele.johnson@lw.com>; 'Bob@colson.com' <Bob@colson.com>; 'scasey@colson.com' <scasey@colson.com>; 'zach@colson.com' <zach@colson.com>; 'tlydon@mgclaw.com' <tlydon@mgclaw.com>; 'Eshaba@dkrpa.com' <Eshaba@dkrpa.com>; 'APeraza@dkrpa.com' <APeraza@dkrpa.com>; 'DRothstein@dkrpa.com' <DRothstein@dkrpa.com>; 'eric.fitzgerald@mgclaw.com' <eric.fitzgerald@mgclaw.com>; 'hillary.ladov@mgclaw.com' <hillary.ladov@mgclaw.com>; Lorenza B. Ospina <lorie@moskowitz-law.com>; 'MKahn@gibsondunn.com' <MKahn@gibsondunn.com>; 'christopher.carver@akerman.com' <christopher.carver@akerman.com>; 'jason.oletsky@akerman.com' <jason.oletsky@akerman.com>; 'katie.johnson@akerman.com' <katie.johnson@akerman.com>; 'jmishkin@mmwr.com' <jmishkin@mmwr.com>; 'danielscottfriedberg@gmail.com' <danielscottfriedberg@gmail.com>; 'defink@Venable.com' <defink@Venable.com>; 'stephanie.avakian@wilmerhale.com' <stephanie.avakian@wilmerhale.com>; 'agoldstein@cooley.com' <agoldstein@cooley.com>; Rejane Passos <rejane@moskowitz-law.com>; lcarlsen <lcarlsen@bsfllp.com>; Tyler Ulrich <tulrich@BSFLLP.com>; Marc Ayala <mayala@bsfllp.com>; David Boies2 <xboies@gmail.com>; Robert Lieff <rlieff@lieff.com>
**Cc:** Alex Boies <ABoies@BSFLLP.com>; 'David Boies2' <xboies@gmail.com>; 'Stuart Grossman' <SZG@grossmanroth.com>; Stephen N. Zack <SZack@BSFLLP.com>; Brooke Alexander <balexander@bsfllp.com>; Tyler Ulrich <tulrich@BSFLLP.com>; Jose M. Ferrer <jose@markmigdal.com>; Michelle Genet Bernstein <michelle@markmigdal.com>; Miller, Kerry <kmiller@fishmanhaygood.com>; Wells, Molly <mwells@fishmanhaygood.com>; Paschal, Hogan <hpaschal@fishmanhaygood.com>; Howard Bushman <Howard@moskowitz-law.com>; David Khazen <David@moskowitz-law.com>; John Rodstrom <john@moskowitz-law.com>; Jose M. Ferrer <jose@markmigdal.com>; Desiree Fernandez <desiree@markmigdal.com>
**Subject:** RE: Activity in Case 1:22-cv-23753-KMM Garrison v. Bankman-Fried et al (Discovery Orders)

Dear FTX Defense Counsel:  We hope you all have a happy and healthy holiday.  Earlier this week, we all reviewed the Court's new Orders (DE 422 and DE 423]: (1) allowing the class to serve jurisdictional discovery upon the appropriate Defendants, and (2) appointing a Magistrate to decide and rule upon, any and all objections raised to this jurisdictional discovery (see Footnote 3 of DE

422).

As per Court Order, we will serve each Defendant with jurisdiction discovery today. The Court has set a very tight time table, so here is our schedule:  (1) Defendants will raise any and all objections with the Magistrate by January 5th (2 weeks), (2) any defendant that raises objections will contact Brooke and Joey to arrange meet and confer sessions, to take place between January 5th-9th, (3) we will request the Magistrate rule upon any remaining objections by January 12th, (4) we will conduct the depositions as per the Notices, but please let Brooke and Joey know if you would like to suggest a change to any of the dates and/or locations, (5) the Court required us to complete all of this jurisdictional discovery by Thursday, February 1st, and (6) we can file any Supplements with the Court on jurisdiction by February 16th.

Thank you for all of your cooperation and professionalism and have a wonderful holiday and new year.  Adam and David

PS:  Please make sure to forward this email to any FTX defense counsel that has been added since our last group email.

Adam M. Moskowitz
The Moskowitz Law Firm
Continental Plaza
3250 Mary Street
Suite 202
Miami, FL 33133
305.740.1423 main
786.309.9561 direct
adam@moskowitz-law.com

Note: The information in this email is confidential and intended to be legally privileged. If you are not the intended recipient, you must not read, use or disseminate the information contained herein; please advise the sender immediately by reply email and delete this message and any attachments without retaining a copy. Although this email and any attachments are believed to be free of any viruses or other defects that may affect any computer system into which it is received and opened, it is the responsibility of the recipient to ensure that it is virus-free and no responsibility is accepted by The Moskowitz Law Firm or the sender of this email for any loss or damage arising in any way from its use.

CIRCULAR 230 DISCLAIMER: The IRS now requires written advice (including electronic communications) regarding one or more Federal (i.e., United States) tax issues to meet certain standards. Those standards involve a detailed and careful analysis of the facts and applicable law which we expect would be time consuming and costly. We have not made and have not been asked to make that type of analysis in connection with any advice given in this e-mail. As a result, we are required to advise you that any Federal tax advice rendered in this e-mail is not intended or written to be used and cannot be used for the purpose of avoiding penalties that may be imposed by the IRS.

**From:** Adam Moskowitz
**Sent:** Tuesday, March 7, 2023 4:18 PM
**To:** jneiman@mnrlawfirm.com; mphillip@mnrlawfirm.com; bfloch@mnrlawfirm.com;
mordenes@mnrlawfirm.com; jmarcus@mnrlawfirm.com; mordenes@mnrlawfirm.com;
mpineiro@mnrlawfirm.com; mordenes@mnrlawfirm.com; abrettler@berkbrettler.com;
Susan.Engel@lw.com; Jessica.StebbinsBina@lw.com; Andrew.Clubok@lw.com;
Brittany.Record@lw.com; Elizabeth.Greenman@lw.com; Marvin.Putnam@lw.com;
michele.johnson@lw.com; Bob@colson.com; scasey@colson.com; zach@colson.com;
tlydon@mgclaw.com; Eshaba@dkrpa.com; APeraza@dkrpa.com; DRothstein@dkrpa.com;
eric.fitzgerald@mgclaw.com; hillary.ladov@mgclaw.com; Lorenza B. Ospina <lorie@moskowitz-
law.com>; MKahn@gibsondunn.com; christopher.carver@akerman.com;
jason.oletsky@akerman.com; katie.johnson@akerman.com; jmishkin@mmwr.com;
danielscottfriedberg@gmail.com; defink@Venable.com; stephanie.avakian@wilmerhale.com;
agoldstein@cooley.com
**Cc:** aboies@bsfllp.com; David Boies2 <xboies@gmail.com>; Stuart Grossman
<SZG@grossmanroth.com>; Stephen N. Zack <szack@bsfllp.com>; Brooke Alexander
<balexander@bsfllp.com>; tulrich@BSFLLP.com; José Ferrer <jose@markmigdal.com>; Michelle
Genet Bernstein <Michelle@markmigdal.com>
**Subject:** Activity in Case 1:22-cv-23753-KMM Garrison v. Bankman-Fried et al (Joint Scheduling
Report)

**To all FTX Defendants and their Counsel:**

All of you should have reviewed the recent Order by Judge Moore, which requires the
Parties to comply with the prior Order and file the Joint Scheduling Order by this Friday.
Attached is a fully drafted JSO and we certainly look forward to reviewing your revisions,
suggestions and/or edits this week.  Please let us know if you have selected one (or more)
counsel to serve as Liaison Counsel, but in the abundance of caution, we have copied all
counsel (and *pro se*) of record.

We have spent great efforts (4 different service companies) trying to get all of you served
with our Complaint.  Since we filed this action many weeks ago, we appreciate that many
of you have been cooperative, have proactively accepted service of the complaint, and have
entered your appearances. Others have been more difficult to serve and are now joining
these proceedings, either *pro se* or through counsel. Only one, however, has chosen instead
to evade service, in order to draw out these proceedings, or to otherwise attempt to avoid
answering for these allegations.

In any event, Defendants have now been served and are before the Court (or will soon be).

The sole remaining Defendant to accept service of the complaint is Defendant Mr. Shaquille O'Neal, who we know has discussed the existence of this case, but is apparently still actively evading service, refusing to answer his home door when approached by our process servers. We have reached out to his last known litigation counsel, and if any defense counsel are aware of who will represent Mr. O'Neal in this action (or are in contact with Mr, O'Neal), please forward this email to them, so we can ensure all Defendants are served and join in this Meet and Confer.

In furtherance of this goal, and in accordance with the Court's Order, attached for Defendants' review and input is a draft proposed Joint Conference Report and proposed Scheduling Order. We have included Plaintiffs' position and designated areas for Defendants to include their respective positions, to the extent they differ from Plaintiffs'. Please advise when there are points that are not in dispute so we can revise those points to be made jointly.

We will hold the Joint Scheduling Conference to discuss the report **via Zoom on Thursday at 1:00pm EST**, so we can all discuss any and all points in dispute and finalize the report for filing by Friday afternoon, as Ordered by the Court. We will send a calendar invite with Zoom information to each of you, so please forward the instructions to anyone and everyone that you know will be involved in this matter, but are not copied on this email.

Thank you,

Adam Moskowitz and David Boies

# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF FLORIDA

### CASE NO.: 1:21-cv-21079-BB

SECURITIES AND EXCHANGE COMMISSION,

      Plaintiff,

v.

MINTBROKER INTERNATIONAL, LTD.,
f/k/a SWISS AMERICA SECURITIES LTD.
and d/b/a SURETRADER, and
GUY GENTILE, a/k/a GUY GENTILE NIGRO,

      Defendants.

## DEFENDANT GUY GENTILE'S MOTION
## FOR ISSUANCE OF LETTER ROGATORY REQUESTING
## INTERNATIONAL JUDICIAL ASSISTANCE BY THE COURT

Defendant, Guy Gentile ("**Gentile**"), by and through his undersigned counsel, hereby files this Motion for Issuance of Letter Rogatory, pursuant to 28 U.S.C. § 1781 and the Court's inherent authority, and respectfully requests that the Court issue the accompanying Request for International Judicial Assistance (Letter Rogatory) ("**Letter Rogatory**") seeking documents located in The Commonwealth of The Bahamas (the "**Bahamas**") (Attached hereto as *Exhibit A*). Plaintiff Securities and Exchange Commission ("**SEC**") does not join the Motion and opposes the below Introduction, Background and Procedural History, and Argument in support. The SEC does not oppose the ultimate relief sought in the Prayer, i.e., issuance of the Letter Rogatory.

## INTRODUCTION

Documents and company records that are key to the issues presented in this litigation are located in the Bahamas. As acknowledged by the SEC in its Complaint, Defendant MintBroker International, Ltd., f/k/a Swiss America Securities Ltd., d/b/a SureTrader ("**SureTrader**" or the

"**Company**") was formed in Nassau in 2011 and, at all times relevant, had its principal place of business in the Bahamas. ECF No. 1 ¶ 11. SureTrader's records are inaccessible to Gentile, and have been since approximately March 2020, as SureTrader is presently subject to a liquidation by which Company documents are under the supervision and control of a Joint Official Liquidator ("**JOL**") appointed by the Securities Commission of the Bahamas.

The significance of SureTrader's documents to the matters in this litigation is beyond dispute. In fact, the SEC has also requested many of the same documents included in the requested Letter Rogatory (attached as *Exhibit A*). The SEC has gone so far as to coordinate with two former employees of SureTrader to unlawfully obtain approximately 44,000 documents in violation of Bahamian law and the Federal Rules of Civil Procedure.[1] Notably, many of the requested documents contain company records and customer identifying information subject to Bahamian data privacy laws. As such, formal discovery through the letters rogatory process, resulting in an order from the Appropriate Judicial Authority of The Commonwealth of The Bahamas, is especially crucial in this case.

Gentile's counsel has conferred with the SEC regarding this request to issue a Letter Rogatory. The SEC has indicated that it is not opposed to the issuance of the attached Letter Rogatory. Further, the SEC has effectively agreed that the appropriate avenue to obtain discovery located in the Bahamas is through the letters rogatory process. ECF No. 81 ¶ 3.[2]

---

[1] Gentile presently has no idea of the contents of those 44,000 documents, but suspects they do not cover the Requests in the Letter Rogatory, as they were received from two former employees whose employment at the Company was limited and did not span the relevant period. Gentile is unaware if any of the documents are even responsive to the Requests in the Letter Rogatory or otherwise related to this action.

[2] The SEC also indicated during a conference on May 9, 2022, that it was contemplating obtaining letters rogatory for the purpose of deposing witnesses located abroad.

For the following reasons, Gentile respectfully requests that the Court issue the accompanying Letter Rogatory in accordance with the procedures set out herein. As explained below, pursuant to the Court's order granting this Motion, Gentile's counsel will deliver the signed and sealed Letter Rogatory, along with the Court's order, to the United States Department of State, which will in turn forward the Letter Rogatory to the Appropriate Judicial Authority of The Commonwealth of The Bahamas so that documents may be obtained from SureTrader.

## BACKGROUND AND PROCEDURAL HISTORY

SureTrader was registered as a broker-dealer with the Securities Commission of the Bahamas and did business in the Bahamas from 2011 to late 2019. For at least the past five years, the SEC has intentionally coordinated with the Securities Commission of the Bahamas in connection with various investigations into Gentile. In March 2020, the Securities Commission of the Bahamas filed a Winding Up Petition against SureTrader, and pursuant to liquidation, placed the Company's books and records under the possession and control of an appointed Joint Provisional Liquidator ("**JPL**"). The JPL—which has since been approved as the Joint Official Liquidator ("**JOL**")—has refused to appear or otherwise participate in this action.

On May 6, 2022, the SEC issued its First Request for Production to Gentile, seeking SureTrader records including detailed account and contact information for all of SureTrader's users going back to January 1, 2015; internal Company operating procedures for the same period; and company-to-company agreements and transfers for the same period. Critically, Gentile has not had access to these documents since prior to March 2020.

After the SEC issued those Requests, counsel for Gentile learned, on May 9, 2022, that the SEC has been actively working with and directing individuals who stole or illicitly retained approximately 44,000 documents from SureTrader. On June 3, 2022, Gentile filed his Motion for

3

Sanctions and Memorandum of Law in Support on June 3, 2022, drawing the Court's attention to the SEC's violation of its own investigative practices, the Federal Rules of Civil Procedure, and Bahamian law. Notably, the SEC issued its Requests to Gentile—not SureTrader—only after it had already received those stolen Company records from former employees.

Gentile issued his Responses on June 6, 2022, objecting to 37 of the 48 Requests to the extent they sought "documents containing information that is not available to him or requires him to produce third-party documents over which he lacks control." As stated, Gentile has not had access to SureTrader's records since the liquidation began in March 2020, and those documents, located in the Bahamas, are presently still under the supervision and control of the JOL appointed by the Securities Commission of the Bahamas who refuses to appear or otherwise participate in this litigation. Gentile served amended Responses on July 21, 2022, reiterating many of the same objections, and on July 27, 2022, the SEC moved to compel.

## ARGUMENT

### I.     The letter rogatory process is appropriate where a party seeks production of evidence located in a foreign country—here, the Bahamas.

Where evidence sought is from abroad, the appropriate mechanism is the letter rogatory process. *See* 22 C.F.R. § 92.54 ("In its broader sense in international practice, the term letters rogatory denotes a formal request from a court in which an action is pending, to a foreign court to perform some judicial act. Examples are requests for the taking of evidence, the serving of a summons, subpoena, or other legal notice, or the execution of a civil judgment. In United States usage, letters rogatory have been commonly utilized only for the purpose of obtaining evidence."); *see also Yellow Pages Photos, Inc. v. Ziplocal, LP*, 795 F.3d 1255, 1273 (11th Cir. 2015) ("Letters rogatory are the means by which a court in one country requests a court of another country to assist in the production of evidence located in the foreign country." (citation omitted)).

4

Letters rogatory may be issued pursuant to the inherent authority of the court. *United States v. Reagan*, 453 F.2d 165, 172 (6th Cir. 1971). Indeed, even where a treaty provides procedures for obtaining evidence abroad, letters rogatory may still be issued pursuant to the court's inherent authority. *See Société Nationale Industrielle Aérospatiale v. U.S. Dist. Ct. for the S.D. Ia.*, 482 U.S. 522, 536 (1987) (holding that the Hague Evidence Convention "was intended as a permissive supplement, not a pre-emptive replacement, for other means of obtaining evidence located abroad"). The court's inherent authority to issue letters rogatory is bolstered by statute and by the Federal Rules of Civil Procedure. *See* 28 U.S.C. § 1781(a) ("The Department of State has power, directly, or through suitable channels . . . to receive a letter rogatory issued, or request made, by a tribunal in the United States, to transmit it to the foreign or international tribunal, officer, or agency to whom it is addressed, and to receive and return it after execution."); *see also* 28 U.S.C. § 1781(b)(2) (allowing "the transmittal of a letter rogatory or request directly from a tribunal in the United States to the foreign or international tribunal, officer, or agency to whom it is addressed and its return in the same manner").

When a party requests the issuance of a letter rogatory, it should be issued without qualification, unless the opposing party can show "good reason" why such a request should not issue. *Zassenhaus v. Evening Star Newspaper Co.*, 404 F.2d 1361, 1364 (D.C. Cir. 1968); *see generally* Fed. R. Civ. P. 28(b)(2) ("A letter of request, a commission, or both may be issued . . . without a showing that taking the deposition in another manner is impracticable or inconvenient.").

In this case, the SEC has acknowledged that "[t]he Bahamas is not a member of the Hague Evidence Convention. Thus, *in order to obtain discovery and take witnesses' testimony that are located in the Bahamas, the parties must proceed by a Letters Rogatory process*." ECF No. 81 ¶ 3 (emphasis added).

013

The SEC's Complaint alleges, as to SureTrader, violations of Section 15(a)(1) of the Securities Exchange Act of 1934 ("**Exchange Act**"), [15 U.S.C. § 78o(a)(1)] and, as to Gentile, liability under Sections 20(a), (b) of the Exchange Act. The key premise underlying the SEC's Complaint is that *SureTrader allegedly solicited* customers in the United States. Its claims against Gentile pertain to his role as an alleged "control person" *of SureTrader*.

Again, the need for discovery of SureTrader's documents is beyond dispute. The SEC has conceded as much by sending a majority of the same Requests included in the attached Letter Rogatory to Gentile. However, as explained above, Gentile has not had access to SureTrader's documents since approximately March 2020, when the Company became subject to liquidation and the supervision and control of a JOL appointed by the Securities Commission of the Bahamas. SureTrader, and all of its documents located in the Bahamas, remain subject to the JOL's control, who refuses to appear or otherwise participate in this litigation. As such, the Letter Rogatory sought is the only proper means available to either party to compel the JOL to turn over SureTrader's documents.

In fact, because SureTrader is a Bahamian company, organized under the laws of the Bahamas, the parties cannot seek discovery from SureTrader under the normal discovery rules. This Court, however, has the authority to issue the attached Letter Rogatory, which allows discovery of SureTrader's documents and records located in the Bahamas. Thus, the appropriate mechanism to seek SureTrader's documents from the Bahamas is the letter rogatory process.

Under these circumstances, moreover, there is no "good reason" why the Letter Rogatory should not be issued. *See Zassenhaus*, 404 F.2d at 1364 (letter rogatory should be issued unless the opposing party can show "good reason" why the request should not issue). As noted, Gentile's counsel conferred with the SEC's counsel regarding this request and the SEC has indicated that it

014

does not oppose issuance of the Letter Rogatory. Under these circumstances, there is no reason to deny Gentile's request for the issuance of the accompanying Letter Rogatory.

## II.     The letter rogatory process is especially necessary here where the discovery sought includes records subject to the Bahamian Data Protection Act.

The attached Letter Rogatory and its accompanying document requests, featuring substantially the same exact document requests the SEC issued to Gentile, seek SureTrader records containing highly sensitive customer information, including—for example—detailed account and contact information for all of SureTrader's users going back to January 1, 2015; internal Company operating procedures for the same period; and company-to-company agreements and transfers for the same period.

Even if Gentile had access to SureTrader's records, his authority to produce those documents would have been substantially limited by Bahamian law. The Data Protection (Privacy of Personal Information) Act, 2003 ("**Data Protection Act**") of the Statute Law of the Bahamas provides: "A person who obtains access to personal data, or obtains any information constituting such data, without the prior authority of the data controller or data processor by whom the data are kept; and *discloses the data or information to another person, shall be guilty of an offence*." Data Protection Act, CH.324A – 23; *see also* Affidavit of Michael C. Miller, ECF No. 86-3 ¶ 6. This is understood to mean that disclosure of personal data is unlawful "in the absence of a court order." *Id.*, at § 13 ("any restrictions on or exceptions to the disclosure of personal data do not apply if the disclosure is . . . required by . . . order of a court"); *see also* Affidavit of Michael C. Miller, ECF No. 86-3 ¶ 6 ("disclosure of information . . . *in the absence of a court order*" constitutes a "breach of the aforesaid legislation").

Additionally, SureTrader's Code of Ethics apprised employees of strict data privacy laws in the Bahamas, providing:

7

31.1  The Laws of The Commonwealth of The Bahamas prohibit all Financial Institution employees from divulging any information whatsoever concerning the affairs of [SureTrader], its subsidiaries or associated companies or their customers to any third party, *unless disclosure of such information is ordered by The Supreme Court of The Bahamas*, or with the express written consent of the customer concerned.

*See* Affidavit of Edward Cooper, ECF No. 86-2 ¶ 12. For these reasons, neither Gentile (notwithstanding his lack of access to the documents anyway) nor the JOL supervising SureTrader's liquidation are permitted, under Bahamian law, to disclose those Company records which contain personal data or any information concerning the affairs of SureTrader without an order from the Appropriate Judicial Authority in the Bahamas permitting such disclosure. As such, it is especially crucial in this case to follow the appropriate channels—namely the letters rogatory process—to seek disclosure of SureTrader's documents located in the Bahamas and subject to Bahamian privacy laws.

### III.  The procedure outlined applies to issuing the Letter Rogatory

Gentile requests that the Court issue the Letter Rogatory pursuant to its inherent authority and utilize the procedures set forth by the U.S. Department of State[3] to maximize the chances of obtaining discovery. Those procedures are as follows:

(1) The Court signs the attached Letter Rogatory and instructs the Clerk of the Court to attach a judicial seal to the Letter Rogatory.

(2) The Clerk of the Court returns the signed and sealed Letter Rogatory to counsel for Gentile so that Gentile's counsel may deliver the Letter Rogatory to the U.S. Department of State, and the Department of State will in turn authenticate the documents and ultimately forward them to the Appropriate Judicial Authority of The Commonwealth of The Bahamas to be executed.

---

[3]  *See* Bureau of Consular Affairs, U.S. Department of State, *Preparation of Letters Rogatory,* https://travel.state.gov/content/travel/en/legal/travel-legal-considerations/internl-judicial-asst/obtaining-evidence/Preparation-Letters-Rogatory.html. (last visited Jul. 20, 2022).

## PRAYER

For the foregoing reasons, Gentile respectfully requests that this Court (1) grant Gentile's motion for the issuance of the accompanying Letter Rogatory; (2) issue the accompanying Letter Rogatory; and (3) follow the procedures for issuing the Letter Rogatory as set forth in Section III above.

## CERTIFICATE OF GOOD FAITH CONFERENCE

Pursuant to Local Rule 7.1(a)(3)(A), undersigned counsel for Defendant Gentile represent that the SEC does not oppose the ultimate relief sought in the Motion.


Dated:    July 29, 2022

*/s/ Dayliset Rielo*
Dayliset Rielo, Esq.
The Rielo Law Firm, LLC
8180 N.W. 36th Street, Suite 220
Doral, FL 33166
Tel: (786) 454-9873
dayliset@rielolaw.com

Adam C. Ford, Esq. (PHV granted)
Matthew A. Ford, Esq. (PHV granted)
Stephen R. Halpin III, Esq. (PHV granted)
FORD O'BRIEN LANDY LLP
275 Madison Avenue, 24th Floor
New York, NY 10016
Tel: (212) 858-0040 (main)
aford@fordobrien.com
mford@fordobrien.com
shalpin@fordobrien.com

*Counsel for Defendant Guy Gentile*

017

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that I caused the foregoing Defendant Guy Gentile's Motion for Issuance

of Letter Rogatory Requesting International Judicial Assistance by the Court, dated July 29,

2022, to be served via CM/ECF on the following counsel for Plaintiff:


Alice Sum
U.S. Securities and Exchange Commission
801 Brickell Avenue, Suite 1950
Miami, FL 33131
(305) 982-6300
sumal@sec.gov

Alise Meredith Johnson
U.S. Securities and Exchange Commission
801 Brickell Avenue, Suite 1800
Miami, FL 33131
(305) 982-6385
johnsonali@sec.gov


          _/s/ Dayliset Rielo_____
          Dayliset Rielo, Esq.

018

# EXHIBIT A

# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF FLORIDA

### CASE NO.: 1:21-cv-21079-BB

SECURITIES AND EXCHANGE COMMISSION,

      Plaintiff,

v.

MINTBROKER INTERNATIONAL, LTD.,
f/k/a SWISS AMERICA SECURITIES LTD.
and d/b/a SURETRADER, and
GUY GENTILE, a/k/a GUY GENTILE NIGRO,

      Defendants.

**REQUEST FOR INTERNATIONAL JUDICIAL ASSISTANCE (LETTER ROGATORY)**

The United State District Court for the Southern District of Florida presents its compliments to the Appropriate Judicial Authority of The Commonwealth of The Bahamas and requests international judicial assistance to effectuate service (and, if necessary, enforcement) of a Subpoena for production of documents, requesting the documents identified in *Exhibit A-1* (attached hereto) upon MintBroker International, Ltd., f/k/a Swiss America Securities Ltd. and d/b/a SureTrader ("**SureTrader**" or the "**Company**"), via its registered agent, and its appointed Joint Provisional Liquidators, for use in a civil proceeding before this Court in the above-captioned matter.

## I. REQUEST

This Court respectfully requests the assistance described herein as necessary in the interests of justice. The assistance requested is for the Appropriate Judicial Authority of The Commonwealth of The Bahamas to effect service (and, if necessary, enforcement) of a Subpoena

020

for production of documents upon SureTrader, via its registered agent, and through its appointed

Joint Provisional Liquidators as follows:

> Kensington Chambers
> #10 Lookout Hill, Winston Heights,
> Nassau, Bahamas

> MintBroker International, Ltd., f/k/a Swiss America Securities Ltd. and d/b/a SureTrader
> c/o Igal Wizman and Eleanor Fisher, Joint Provisional Liquidators
> Ernst & Young
> Caves Corporate Centre, West Bay Street & Blake Road,
> Nassau, Bahamas

The Appropriate Judicial Authority of The Commonwealth of The Bahamas is requested

to serve the above-mentioned Subpoena, requesting the documents identified in *Exhibit A-1,* by

personal service into the hands of a director, managing agent or other person authorized to accept

service or in any manner of service consistent with the laws of The Commonwealth of The

Bahamas (the "**Bahamas**").

## II.    FACTS OF THE CASE

On March 22, 2021, the U.S. Securities and Exchange Commission ("**SEC**") filed a lawsuit

against SureTrader and Guy Gentile ("**Gentile**") in this Court.

The SEC asserted claims against SureTrader and Gentile for violations of the U.S.

Securities and Exchange Act of 1934 ("Exchange Act"), [15 U.S.C. §78o(a)(1)]. The key premise

underlying the SEC's Complaint is that SureTrader allegedly solicited customers in the United

States in violation of the Exchange Act.

At all times relevant, SureTrader has had its principal place of business in the Bahamas

and its documents and Company records, which are key to the issues presented in this litigation

are located in the Bahamas. SureTrader's records are inaccessible to Gentile, and have been since

March 2020, as SureTrader is presently subject to a liquidation by which Company documents are under the supervision and control of a Joint Provisional Liquidator ("**JPL**") appointed by the Bahamas Securities Commission. The JPL has refused to appear or otherwise participate in this action.

**This Court expresses its willingness to provide similar assistance to the Appropriate Judicial Authority of The Commonwealth of The Bahamas under appropriate circumstances and in appropriate instances.**

**This Court is willing to assist the Appropriate Judicial Authority in The Commonwealth of The Bahamas for any reasonable and necessary costs incurred in executing this request of judicial assistance.**

[insert: judicial seal]

_____
**BETH BLOOM**
**UNITED STATES DISTRICT JUDGE**

Cc: Counsel of Record

# EXHIBIT A-1

## SUBPOENA ATTACHMENT

Pursuant to the Request for International Judicial Assistance (Letter Rogatory) issued to the Appropriate Judicial Authority of The Commonwealth of The Bahamas and in compliance with the applicable laws of The Commonwealth of the Bahamas, MintBroker International, Ltd., f/k/a Swiss America Securities Ltd. and d/b/a SureTrader, by and through its director, managing agent, or any other person authorized to produce the requested documents consistent with the laws of The Commonwealth of The Bahamas, shall produce for discovery, inspection, and photocopying the documents and things described herein on or before October 3, 2022, at the offices of Ford O'Brien Landy LLP, 275 Madison Avenue, 24th Floor, New York, NY, 10016.

### I.      DEFINITIONS

1.      "SureTrader" means MintBroker International, Ltd., f/k/a Swiss America Securities Ltd. and d/b/a SureTrader and any agent, employee, representative, contractor, attorney, investigator, or any other person or entity acting on behalf of SureTrader or pursuant to its direction.

2.      The "SEC" means the United States Security and Exchange Commission any agent, employee, representative, contractor, attorney, investigator, or any other person or entity acting on behalf of the SEC or pursuant to its direction.

3.      "Guy Gentile" means Guy Gentile a/k/a Guy Gentile Nigro, his agents, employees, representatives, contractors, attorneys, investigators, and anyone acting on his behalf or pursuant to his direction, and any entity or company of which he is or was a principal, director or officer, or otherwise controls or controlled.

4.      "Person" means any individual, natural person, corporation, partnership, limited partnership, or any other entity. Plurals and singulars are used interchangeably.

5.     The term "communication" means the transmittal of information (in the form of facts, ideas, inquiries, or otherwise).

6.     The term "document" is defined to be synonymous in meaning and equal in scope to the usage of the term "documents or electronically stored information" in Fed. R. Civ. P. 34(a)(1)(A). A draft or non-identical copy is a separate document within the meaning of this term.

7.     Any reference to "Fed. R. Civ. P." means the United States Federal Rules of Civil Procedure. Such references are included for purposes of defining the meaning or scope of their accompanying terms.

8.     "Complaint" is defined as the complaint filed by the U.S. Securities and Exchange Commission in the lawsuit entitled: *Securities and Exchange Commission v. MintBroker International, Ltd., f/k/a Swiss America Securities Ltd. and d/b/a SureTrader and Guy Gentile a/k/a Guy Gentile Nigro*, Case No.: 1:21-cv-21079-BB, in the United State District Court, Southern District of Florida.

9.     When referring to documents, "to identify" means to give, to the extent known, the (i) type of document; (ii) general subject matter; (iii) date of the document; and (iv) author(s), addressee(s), and recipient(s).

10.     "You" or "Your" shall refer to MintBroker International, Ltd., f/k/a Swiss America Securities Ltd. and d/b/a SureTrader ("SureTrader") and any agent, employee, representative, contractor, attorney, investigator, or any other person or entity acting on behalf of SureTrader or pursuant to its direction.

11.     The "Relevant Period" shall be from January 1, 2012 through the present. Unless a different period of time is specified, all requests shall be for documents created, modified, sent, or received during the Relevant Period.

025

## II.    INSTRUCTIONS

1.      This Subpoena calls for all documents in Your possession, custody or control, regardless of where such documents are located.

2.      This request is continuing in nature. Any information or documents called for by this request that You obtain subsequent to the service of its response to this request, shall promptly be supplied in the form of supplemental document productions.

3.      In construing this request: (a) the singular shall include the plural and the plural shall include the singular; (b) the words "and" and "or" shall be construed either disjunctively or conjunctively so as to bring within the scope of the request all information that might otherwise be construed to be outside its scope; (c) the words "any" and "all" shall be read to mean each and every; and (d) the term "including" shall mean "including, without limitation."

4.      You may comply with the request by providing legible copies of the responsive documents. You may provide copies in an electronic format and/or in hard copy format.

5.      If You object to any request or any part thereof on the basis of any claimed privilege, create a privilege log that identifies the privilege claimed, the statement or communication for which such privilege is claimed, and provide the following information with respect to each such statement, communication or document:

a)  date;
b)  names of persons present;
c)  subject matter;
d)  location or custodian; and
e)  the basis on which the privilege is claimed.

6.      If any documents requested were at one time in existence but are no longer in existence, please so state, separately specifying for each document no longer existing:

a)  the type of document;
b)  the type of information contained therein;

026

c) the date(s) on which it was created;
d) the sender(s) and recipient(s), if applicable;
e) the date (or approximate date) on which it ceased to exist;
f) the circumstances under which it ceased to exist;
g) the name of the person authorizing the disposal or destruction or having responsibility for the loss of the document;
h) the identity of all persons having knowledge of the contents of such document; and
i) the paragraph number(s) of the request(s) in response to which the document otherwise would have been produced.

7. Each request shall be answered fully unless it is subject to a good-faith objection, in which event the reason for the objection shall be stated in detail. If an objection pertains to only a portion of a request, or a word, or phrase, or clause contained within a request, please state the objection to that portion only and respond to the remainder of the request.

8. If any document sought by these document requests once was, but no longer is, within Your possession, custody, or control, please identify each such document and its present or last known custodian and state: (a) the reason why the document is not being produced; and (b) the date of the loss, destruction, discarding, theft, or other disposal of the document.

9. These requests are ongoing in nature and You should continue to produce responsive documents as they are found or created on an ongoing basis.

027

## REQUESTED DOCUMENTS

**REQUEST NO. 1:** Documents sufficient to show all Persons who were Controlled by SureTrader.

**REQUEST NO. 2:** Documents sufficient to show all Persons who were (a) in Control of SureTrader; and (b) under common Control with SureTrader.

**REQUEST NO. 3:** Documents sufficient to show all banking, depository, and any other financial institution accounts, foreign and domestic, held on behalf of or in the name of SureTrader (including all such accounts that were closed or terminated).

**REQUEST NO. 4:** Documents sufficient to show all banking, depositary, and any other financial institution accounts, foreign and domestic, held on behalf of or in the name of any of the Persons who were Controlled by SureTrader (including all such accounts that were closed or terminated).

**REQUEST NO. 5:** Documents sufficient to show all Persons who have or had an account at SureTrader. This Request includes, but is not limited to, any lists or spreadsheets identifying each such customer's name, brokerage account number, date such account was opened, email address, phone number, and/or street address.

**REQUEST NO. 6:** Documents related to the opening of an account by all Persons who have or had an account at SureTrader and resided, or were otherwise located, in the United States.

**REQUEST NO. 7:** Documents related to FINRA Rule 2090 ("Know Your Customer"), including, but not limited to, those used to assess and monitor customer risk and verify a customer's identity for all Persons who have or had an account at SureTrader and resided, or were otherwise located, in the United States.

**REQUEST NO. 8:** Communications with Persons who have or had an account at SureTrader and resided, or were otherwise located, in the United States.

**REQUEST NO. 9:** For each Person identified in response to Request No. 5 that resided, or were otherwise located, in the United States, Documents sufficient to show (a) all trades executed by such Person through accounts with SureTrader (b) all fees incurred by such Person and collected or collectable by SureTrader and (c) all commissions charged against the account of such Person or otherwise collected from such Person by SureTrader.

**REQUEST NO. 10:** All Agreements by, between, or on behalf of SureTrader with any Person located in the United States.

**REQUEST NO. 11:** All Agreements with Warrior Trading (www.warriortrading.com), Day Trading Radio, Inc. (www.DayTradingRadio.com), Commission Junction (www.cj.com), The Sykes Challenge (www.timothysykes.com), Investors Underground

(www.investorsunderground.com), StockTradeIdeas.com (www.stocktradeideas.com), MOJO Day Trading (www.mojodaytrading.com) (collectively, the "Entities").

**REQUEST NO. 12:**  All communications with the Entities.

**REQUEST NO. 13:**  All Communications by and between You and SureTrader's officers, directors, employees, and independent contractors Concerning non-solicitation of customers who resided, or were otherwise located, in the United States.

**REQUEST NO. 14:**  All Documents You produced, whether voluntarily or pursuant to subpoena or formal request, to the Securities Commission of The Bahamas.

**REQUEST NO. 15:**  All Documents You produced, whether voluntarily or pursuant to subpoena or formal request, in connection with the "Winding Up Petition" filed by the Securities Commission of The Bahamas against Swiss America Securities Ltd.

**REQUEST NO. 16:**  All documents received in response to any voluntary document requests made by You to any non-party Concerning the allegations and claims in the Complaint.

**REQUEST NO. 17:**  All Communications with any non-party Concerning the allegations and claims in the Complaint.

**REQUEST NO. 18:**  All Documents Related to SureTrader's non-solicitation of customers residing in, or were otherwise located, in the United States.

**REQUEST NO. 19:**  All Documents Referring or Relating to any and all efforts by SureTrader to limit or avoid solicitation of customers who resided, or were otherwise located, in the United States.

**REQUEST NO. 20:**  All emails sent by SureTrader to customers residing in, or otherwise located, in the United States.

**REQUEST NO. 21:**  All SureTrader policies, manuals, or procedures Concerning non-solicitation and intake of new customers.

**REQUEST NO. 22:**  All versions of the website www.suretrader.com, including each interlinked web page that shares the domain name www.suretrader.com.

**REQUEST NO. 23:**  Any advertisements for SureTrader on or through U.S.-based websites.

**REQUEST NO. 24:**  Any invoices for advertisements for SureTrader on or through U.S.-based websites.

**REQUEST NO. 25:**  Any documents Referring or Relating to payments for advertisements for SureTrader on or through U.S.-based websites.

029

**REQUEST NO. 26:**  Documents showing which SureTrader customers were referred by the Entities.

**REQUEST NO. 27:**  All Documents and Communications Concerning SureTrader customers signing an "Unsolicited Acknowledgement Agreement."

**REQUEST NO. 28:**  All Documents and Communications Concerning SureTrader using a web-based Internet Protocol blocker and pop-up windows.

**REQUEST NO. 29:**  Organization charts or employee lists for SureTrader.

**REQUEST NO. 30:**  Audited and unaudited financial statements for SureTrader.

030

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

**CASE NO.: 1:21-cv-21079-BB**

SECURITIES AND EXCHANGE COMMISSION,

     Plaintiff,

v.

MINTBROKER INTERNATIONAL, LTD.,
f/k/a SWISS AMERICA SECURITIES LTD.
and d/b/a SURETRADER, and
GUY GENTILE, a/k/a GUY GENTILE NIGRO,

     Defendants.

**REQUEST FOR INTERNATIONAL JUDICIAL ASSISTANCE (LETTER ROGATORY)**

The United State District Court for the Southern District of Florida presents its compliments to the Appropriate Judicial Authority of The Commonwealth of The Bahamas and requests international judicial assistance to effectuate service (and, if necessary, enforcement) of a Subpoena for production of documents, requesting the documents identified in *Exhibit A-1* (attached hereto) upon MintBroker International, Ltd., f/k/a Swiss America Securities Ltd. and d/b/a SureTrader ("**SureTrader**" or the "**Company**"), via its registered agent, and its appointed Joint Provisional Liquidators, for use in a civil proceeding before this Court in the above-captioned matter.

**I.    REQUEST**

This Court respectfully requests the assistance described herein as necessary in the interests of justice. The assistance requested is for the Appropriate Judicial Authority of The Commonwealth of The Bahamas to effect service (and, if necessary, enforcement) of a Subpoena

for production of documents upon SureTrader, via its registered agent, and through its appointed

Joint Provisional Liquidators as follows:

> Kensington Chambers
> #10 Lookout Hill, Winston Heights,
> Nassau, Bahamas

> MintBroker International, Ltd., f/k/a Swiss America Securities Ltd. and d/b/a SureTrader
> c/o Igal Wizman and Eleanor Fisher, Joint Provisional Liquidators
> Ernst & Young
> Caves Corporate Centre, West Bay Street & Blake Road,
> Nassau, Bahamas

The Appropriate Judicial Authority of The Commonwealth of The Bahamas is requested

to serve the above-mentioned Subpoena, requesting the documents identified in *Exhibit A-1,* by

personal service into the hands of a director, managing agent or other person authorized to accept

service or in any manner of service consistent with the laws of The Commonwealth of The

Bahamas (the "**Bahamas**").

## II.     FACTS OF THE CASE

On March 22, 2021, the U.S. Securities and Exchange Commission ("**SEC**") filed a lawsuit

against SureTrader and Guy Gentile ("**Gentile**") in this Court.

The SEC asserted claims against SureTrader and Gentile for violations of the U.S.

Securities and Exchange Act of 1934 ("Exchange Act"), [15 U.S.C. §78o(a)(1)]. The key premise

underlying the SEC's Complaint is that SureTrader allegedly solicited customers in the United

States in violation of the Exchange Act.

At all times relevant, SureTrader has had its principal place of business in the Bahamas

and its documents and Company records, which are key to the issues presented in this litigation

are located in the Bahamas. SureTrader's records are inaccessible to Gentile, and have been since

March 2020, as SureTrader is presently subject to a liquidation by which Company documents are under the supervision and control of a Joint Provisional Liquidator ("**JPL**") appointed by the Bahamas Securities Commission. The JPL has refused to appear or otherwise participate in this action.

This Court expresses its willingness to provide similar assistance to the Appropriate Judicial Authority of The Commonwealth of The Bahamas under appropriate circumstances and in appropriate instances.

This Court is willing to assist the Appropriate Judicial Authority in The Commonwealth of The Bahamas for any reasonable and necessary costs incurred in executing this request of judicial assistance.

[COURT SEAL]

**ALICIA M. OTAZO-REYES**
**UNITED STATES MAGISTRATE JUDGE**

Cc: Counsel of Record

033

# EXHIBIT A-1

**SUBPOENA ATTACHMENT**

Pursuant to the Request for International Judicial Assistance (Letter Rogatory) issued to the Appropriate Judicial Authority of The Commonwealth of The Bahamas and in compliance with the applicable laws of The Commonwealth of the Bahamas, MintBroker International, Ltd., f/k/a Swiss America Securities Ltd. and d/b/a SureTrader, by and through its director, managing agent, or any other person authorized to produce the requested documents consistent with the laws of The Commonwealth of The Bahamas, shall produce for discovery, inspection, and photocopying the documents and things described herein on or before October 3, 2022, at the offices of Ford O'Brien Landy LLP, 275 Madison Avenue, 24th Floor, New York, NY, 10016.

## I.     DEFINITIONS

1.     "SureTrader" means MintBroker International, Ltd., f/k/a Swiss America Securities Ltd. and d/b/a SureTrader and any agent, employee, representative, contractor, attorney, investigator, or any other person or entity acting on behalf of SureTrader or pursuant to its direction.

2.     The "SEC" means the United States Security and Exchange Commission any agent, employee, representative, contractor, attorney, investigator, or any other person or entity acting on behalf of the SEC or pursuant to its direction.

3.     "Guy Gentile" means Guy Gentile a/k/a Guy Gentile Nigro, his agents, employees, representatives, contractors, attorneys, investigators, and anyone acting on his behalf or pursuant to his direction, and any entity or company of which he is or was a principal, director or officer, or otherwise controls or controlled.

4.     "Person" means any individual, natural person, corporation, partnership, limited partnership, or any other entity. Plurals and singulars are used interchangeably.

5.      The term "communication" means the transmittal of information (in the form of facts, ideas, inquiries, or otherwise).

6.      The term "document" is defined to be synonymous in meaning and equal in scope to the usage of the term "documents or electronically stored information" in Fed. R. Civ. P. 34(a)(1)(A). A draft or non-identical copy is a separate document within the meaning of this term.

7.      Any reference to "Fed. R. Civ. P." means the United States Federal Rules of Civil Procedure. Such references are included for purposes of defining the meaning or scope of their accompanying terms.

8.      "Complaint" is defined as the complaint filed by the U.S. Securities and Exchange Commission in the lawsuit entitled: *Securities and Exchange Commission v. MintBroker International, Ltd., f/k/a Swiss America Securities Ltd. and d/b/a SureTrader and Guy Gentile a/k/a Guy Gentile Nigro*, Case No.: 1:21-cv-21079-BB, in the United State District Court, Southern District of Florida.

9.      When referring to documents, "to identify" means to give, to the extent known, the (i) type of document; (ii) general subject matter; (iii) date of the document; and (iv) author(s), addressee(s), and recipient(s).

10.     "You" or "Your" shall refer to MintBroker International, Ltd., f/k/a Swiss America Securities Ltd. and d/b/a SureTrader ("SureTrader") and any agent, employee, representative, contractor, attorney, investigator, or any other person or entity acting on behalf of SureTrader or pursuant to its direction.

11.     The "Relevant Period" shall be from January 1, 2012 through the present. Unless a different period of time is specified, all requests shall be for documents created, modified, sent, or received during the Relevant Period.

2

## II. INSTRUCTIONS

1.     This Subpoena calls for all documents in Your possession, custody or control, regardless of where such documents are located.

2.     This request is continuing in nature. Any information or documents called for by this request that You obtain subsequent to the service of its response to this request, shall promptly be supplied in the form of supplemental document productions.

3.     In construing this request: (a) the singular shall include the plural and the plural shall include the singular; (b) the words "and" and "or" shall be construed either disjunctively or conjunctively so as to bring within the scope of the request all information that might otherwise be construed to be outside its scope; (c) the words "any" and "all" shall be read to mean each and every; and (d) the term "including" shall mean "including, without limitation."

4.     You may comply with the request by providing legible copies of the responsive documents. You may provide copies in an electronic format and/or in hard copy format.

5.     If You object to any request or any part thereof on the basis of any claimed privilege, create a privilege log that identifies the privilege claimed, the statement or communication for which such privilege is claimed, and provide the following information with respect to each such statement, communication or document:

    a)  date;
    b)  names of persons present;
    c)  subject matter;
    d)  location or custodian; and
    e)  the basis on which the privilege is claimed.

6.     If any documents requested were at one time in existence but are no longer in existence, please so state, separately specifying for each document no longer existing:

    a)  the type of document;
    b)  the type of information contained therein;

3

c) the date(s) on which it was created;

d) the sender(s) and recipient(s), if applicable;

e) the date (or approximate date) on which it ceased to exist;

f) the circumstances under which it ceased to exist;

g) the name of the person authorizing the disposal or destruction or having responsibility for the loss of the document;

h) the identity of all persons having knowledge of the contents of such document; and

i) the paragraph number(s) of the request(s) in response to which the document otherwise would have been produced.

7. Each request shall be answered fully unless it is subject to a good-faith objection, in which event the reason for the objection shall be stated in detail. If an objection pertains to only a portion of a request, or a word, or phrase, or clause contained within a request, please state the objection to that portion only and respond to the remainder of the request.

8. If any document sought by these document requests once was, but no longer is, within Your possession, custody, or control, please identify each such document and its present or last known custodian and state: (a) the reason why the document is not being produced; and (b) the date of the loss, destruction, discarding, theft, or other disposal of the document.

9. These requests are ongoing in nature and You should continue to produce responsive documents as they are found or created on an ongoing basis.

4

## REQUESTED DOCUMENTS

**REQUEST NO. 1:**    Documents sufficient to show all Persons who were Controlled by SureTrader.

**REQUEST NO. 2:**    Documents sufficient to show all Persons who were (a) in Control of SureTrader; and (b) under common Control with SureTrader.

**REQUEST NO. 3:**    Documents sufficient to show all banking, depository, and any other financial institution accounts, foreign and domestic, held on behalf of or in the name of SureTrader (including all such accounts that were closed or terminated).

**REQUEST NO. 4:**    Documents sufficient to show all banking, depositary, and any other financial institution accounts, foreign and domestic, held on behalf of or in the name of any of the Persons who were Controlled by SureTrader (including all such accounts that were closed or terminated).

**REQUEST NO. 5:**    Documents sufficient to show all Persons who have or had an account at SureTrader. This Request includes, but is not limited to, any lists or spreadsheets identifying each such customer's name, brokerage account number, date such account was opened, email address, phone number, and/or street address.

**REQUEST NO. 6:**    Documents related to the opening of an account by all Persons who have or had an account at SureTrader and resided, or were otherwise located, in the United States.

**REQUEST NO. 7:**    Documents related to FINRA Rule 2090 ("Know Your Customer"), including, but not limited to, those used to assess and monitor customer risk and verify a customer's identity for all Persons who have or had an account at SureTrader and resided, or were otherwise located, in the United States.

**REQUEST NO. 8:**    Communications with Persons who have or had an account at SureTrader and resided, or were otherwise located, in the United States.

**REQUEST NO. 9:**    For each Person identified in response to Request No. 5 that resided, or were otherwise located, in the United States, Documents sufficient to show (a) all trades executed by such Person through accounts with SureTrader (b) all fees incurred by such Person and collected or collectable by SureTrader and (c) all commissions charged against the account of such Person or otherwise collected from such Person by SureTrader.

**REQUEST NO. 10:**    All Agreements by, between, or on behalf of SureTrader with any Person located in the United States.

**REQUEST NO. 11:**    All Agreements with Warrior Trading (www.warriortrading.com), Day Trading Radio, Inc. (www.DayTradingRadio.com), Commission Junction (www.cj.com), The Sykes    Challenge    (www.timothysykes.com),    Investors    Underground

039

(www.investorsunderground.com), StockTradeIdeas.com (www.stocktradeideas.com), MOJO Day Trading (www.mojodaytrading.com) (collectively, the "Entities").

**REQUEST NO. 12:**  All communications with the Entities.

**REQUEST NO. 13:**  All Communications by and between You and SureTrader's officers, directors, employees, and independent contractors Concerning non-solicitation of customers who resided, or were otherwise located, in the United States.

**REQUEST NO. 14:**  All Documents You produced, whether voluntarily or pursuant to subpoena or formal request, to the Securities Commission of The Bahamas.

**REQUEST NO. 15:**  All Documents You produced, whether voluntarily or pursuant to subpoena or formal request, in connection with the "Winding Up Petition" filed by the Securities Commission of The Bahamas against Swiss America Securities Ltd.

**REQUEST NO. 16:**  All documents received in response to any voluntary document requests made by You to any non-party Concerning the allegations and claims in the Complaint.

**REQUEST NO. 17:**  All Communications with any non-party Concerning the allegations and claims in the Complaint.

**REQUEST NO. 18:**  All Documents Related to SureTrader's non-solicitation of customers residing in, or were otherwise located, in the United States.

**REQUEST NO. 19:**  All Documents Referring or Relating to any and all efforts by SureTrader to limit or avoid solicitation of customers who resided, or were otherwise located, in the United States.

**REQUEST NO. 20:**  All emails sent by SureTrader to customers residing in, or otherwise located, in the United States.

**REQUEST NO. 21:**  All SureTrader policies, manuals, or procedures Concerning non-solicitation and intake of new customers.

**REQUEST NO. 22:**  All versions of the website www.suretrader.com, including each interlinked web page that shares the domain name www.suretrader.com.

**REQUEST NO. 23:**  Any advertisements for SureTrader on or through U.S.-based websites.

**REQUEST NO. 24:**  Any invoices for advertisements for SureTrader on or through U.S.-based websites.

**REQUEST NO. 25:**  Any documents Referring or Relating to payments for advertisements for SureTrader on or through U.S.-based websites.

**REQUEST NO. 26:** Documents showing which SureTrader customers were referred by the Entities.

**REQUEST NO. 27:** All Documents and Communications Concerning SureTrader customers signing an "Unsolicited Acknowledgement Agreement."

**REQUEST NO. 28:** All Documents and Communications Concerning SureTrader using a web-based Internet Protocol blocker and pop-up windows.

**REQUEST NO. 29:** Organization charts or employee lists for SureTrader.

**REQUEST NO. 30:** Audited and unaudited financial statements for SureTrader.

041

# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF FLORIDA

### CASE NO.: 1:21-CV-21079-Bloom

SECURITIES AND EXCHANGE COMMISSION,

     Plaintiff,

v.

MINTBROKER INTERNATIONAL, LTD.,
f/k/a SWISS AMERICA SECURITIES LTD.
and d/b/a SURETRADER, and
GUY GENTILE, a/k/a GUY GENTILE NIGRO,

     Defendants.

_____/

### PLAINTIFF'S MOTION FOR COURT TO ISSUE
### REQUEST FOR INTERNATIONAL JUDICIAL ASSISTANCE (LETTER ROGATORY)

Plaintiff Securities and Exchange Commission, pursuant to 28 U.S.C. § 1781, hereby requests this Court issue the attached Request for International Judicial Assistance (Letter Rogatory) seeking documents located in The Bahamas, and states:

1.      The Commission filed this action on March 23, 2021, alleging, among other things, that Defendants MintBroker International, Ltd., f/k/a Swiss America Securities Ltd., d/b/a SureTrader ("SureTrader") and its founder, owner, and chief executive officer Guy Gentile ("Gentile") operated an offshore broker-dealer in the Bahamas designed to help day traders in the United States circumvent the U.S. rules that regulate pattern day trading. Through these activities, SureTrader violated Section 15(a)(1) of the Securities Exchange Act of 1934 ("Exchange Act"), 15 U.S.C. § 78o(a)(1), by acting as an unregistered securities broker-dealer. Gentile is liable for SureTrader's violations as a control person under Section 20(a) of the Exchange Act, 15 U.S.C. §

1

78t(a), and for violating Section 15(a)(1) of the Exchange Act, 15 U.S.C. § 78o(a)(1), through or by means of SureTrader in violation of Section 20(b) of the Exchange Act, 15 U.S.C. § 78t(b).

2.      SureTrader is a Bahamian entity, and the Supreme Court of The Bahamas has appointed Joint Official Liquidators ("JOLs") to, among other things, wind up the company. *See* DE 105, Declaration of Igal Wizman at ¶ 1.  Additionally, the JOLs' duties include acquisition of SureTrader's books and records.  *Id.* at ¶ 3.

3.      On May 6, 2022, the SEC propounded its First Request for Production on Gentile. In response, Gentile served his Responses on June 9, 2022, and Amended Responses on July 21, 2022.  Gentile asserted multiple objections, many of which are the subject of the SEC's Motion to Compel ECF No. [103], including that "Gentile further objects to Request [No. ] to the extent it seeks documents containing information that is not available to him or requires him to produce third-party [SureTrader] documents over which he lacks control."  Gentile also responded to certain Requests by stating that "he has documents in his possession, but the documents belong to SureTrader and he lacks the authority to produce such documents."

4.      The SEC believes that Gentile's objections lack merit and that he lacks standing to object to production of responsive SureTrader documents in his possession.  However, in an effort to obtain the information through all available channels, and to obtain responsive documents in the possession of the JOLs, the SEC seeks the issuance of a letter rogatory to assist it in obtaining documents requested in its First Request for Production from the JOLs.

5.      Recently, Gentile filed his own Unopposed Motion for Issuance of Letter Rogatory Requesting International Judicial Assistance ECF No. [104], which this Court granted ECF No.

043

[108].   In Gentile's Motion, Gentile duplicated the vast majority of the SEC's requests for SureTrader documents in its First Request for Production.[1]

6.      The SEC seeks issuance of a letter rogatory to include all the requests in the SEC's First Request for Production, except those requesting Gentile's initial disclosure documents and related to Gentile's affirmative defenses.  The SEC is including all of the requests in its First Request for Production in an abundance of caution because Gentile can unilaterally decide to not pursue his Letter Rogatory request.  The SEC's concerns are well-founded because, during a call with the Joint Official Liquidators appointed for SureTrader, Gentile's counsel advised that he would not agree to pay any costs incurred by the JOLs to respond to Gentile's Letter Rogatory request and even jokingly asked if Gentile withdrew his request whether the SEC would pay for the costs.  Gentile's objections to this Motion are meritless and reflect a pattern of preventing – through any and all means – production of SureTrader's records, including records from former employees who have expressed serious concerns about Gentile and SureTrader's violations of U.S. securities laws.[2]

---

[1] Of the 48 requests in the SEC's First Request for Production, Gentile included 30 of them in his Motion for Issuance of Letter Rogatory.  Of the 18 that were not included, 10 related to Gentile's affirmative defenses and 1 related to Gentile's initial disclosures.  This leaves 7 requests from the SEC's First Request for Production: Nos. 22, 23, 30, 31, 34, 35, and 36.  ECF No. [103-2]. Notably, despite asserting objections, Gentile answered each of these Requests with (1) he will produce responsive documents; (2) he does not have any responsive documents in his possession, custody, or control; or (3) he has documents in his possession but he lacks authority to produce such documents.  *Id.*  Having answered these 7 requests, there certainly is no basis for Gentile to object to the SEC seeking these records from SureTrader in The Bahamas through a Letter Rogatory.

[2] At every juncture, Gentile has manufactured a reason for why the SEC should not receive records concerning SureTrader's operations and the allegations in the Complaint.  These whack-a-mole tactics include Gentile refusing to produce documents in response to the SEC's First Request for Production because (1) they are not available to him; (2) he lacks control; or (3) he lacks authority. Yet, four months ago, he was able to easily obtain SureTrader records in New York litigation from SureTrader's IT professional, *see* ECF No.  [89-7 at p. 5].  When the SEC received or was about to receive voluntary production of emails and records from two former employees, Gentile's excuse shifted to his baseless claim that the SEC "illegally" obtained documents from former employees, even though the SEC is a regulatory agency receiving information from employees

3

7.     The SEC's requests are relevant to the allegations in the SEC's Complaint that SureTrader and Gentile operated an offshore broker-dealer in the Bahamas designed to help day traders in the United States circumvent the U.S. rules that regulate pattern day trading, illegally solicited U.S. customers, and acted as an unregistered securities broker-dealer.

8.     To ensure that the SEC can obtain SureTrader's records (as requested in its First Request for Production), the Commission asks the Court to issue the attached Letter Rogatory, requesting the assistance of the Registrar of the Supreme Court of The Bahamas to compel the production of the records. As SureTrader is a Bahamian entity, it is beyond the jurisdiction of this or any American Court. And, although SureTrader is a Defendant in this case, it has not defended, the JOLs have not appeared in the case, and the Court has entered a default against SureTrader. Thus, the SEC is not able to issue a Rule 34 request for production of documents directly to SureTrader to obtain the requested documents.[3]

9.     "A letter rogatory is the request by a domestic court to a foreign court to take evidence from a certain witness." *Intel Corp. v. Advanced Micro Devices, Inc.*, 542 U.S. 241, n.1 (U.S. 2004). Letters rogatory "are freely granted by district courts in the United States." *In re Banco Santander Securities-Optimal Litigation*, 732 F. Supp. 2d 1305, 1338 (S.D. Fla. 2010).

10.     Gentile opposes the SEC's Motion for baseless reasons. During the meet and confer for this Motion, Gentile's counsel advised that Gentile opposes this Motion because it

---

who were concerned about SureTrader's and Gentile's violations of U.S. securities laws. Then Gentile argued that the records must be obtained through the letter rogatory process to the JOLs for SureTrader in The Bahamas, yet when the JOLs' counsel stated that under Bahamian law, the costs must be paid, Gentile refused to split the cost with the SEC. Now, he objects to the SEC's Motion to obtain the very same records he requested through his own Letter Rogatory request. It is abundantly clear that Gentile's tactics are crafted to serve his goal of running out the clock on discovery as the liquidation of SureTrader winds down in The Bahamas

[3] The SEC will be filing a separate Motion for Issuance of Request for International Judicial Assistance (Letter Rogatory) seeking to depose former employees of SureTrader who are believed to have knowledge concerning the allegations in the Complaint and Gentile's Amended Answer and Affirmative Defenses.

"seeks relief already granted by the court."[4]  To the contrary, it is far more reasonable and efficient for this Court to issue a Letter Rogatory that contains a **complete** list of documents the SEC seeks in its First Request for Production rather than having potentially piecemeal letters rogatory from each party that require the JOLs to conduct separate and potentially disjointed reviews.  Certainly, the SEC's and Gentile's counsel can communicate directly with the JOLs' counsel once The Bahamian Court issues the request and provide them with these Court filings to explain how the parties are streamlining the Letter Rogatory process.

11.     If the Court grants the SEC's Motion, (1) one signed and sealed Letter Rogatory will be sent by the Clerk of Court to the Registrar of the Supreme Court of The Bahamas in a pre-addressed/stamped envelope the SEC will deliver to the Clerk of Court; (2) a second signed and sealed Letter Rogatory will be sent directly by the SEC to the Registrar of the Supreme Court of The Bahamas; and (3) a third signed and sealed Letter Rogatory will be sent by the SEC's local counsel in The Bahamas to the Registrar of the Supreme Court of The Bahamas.  The SEC requests the three signed and sealed Letters Rogatory in order to expedite the process and guarantee delivery to the Registrar of the Supreme Court of The Bahamas.

**WHEREFORE**, the SEC respectfully requests that this Court grant the SEC's Motion for Issuance of Letter Rogatory and issue the Request for International Judicial Assistance, attached as Exhibit A, as follows:

(1) The Court would sign three originals of the Letter Rogatory;

(2) The Court would then instruct the Clerk of this Court to enter the Letter Rogatory on the electronic docket, place the Court's official seal upon each signed Letter Rogatory;

---

[4] The SEC's counsel did inquire whether there were any other objections to the SEC's Motion, specifically whether they objected to the SEC including the 7 requests from its First Request for Production that Gentile did not include in his Unopposed Motion for Issuance of Letter Rogatory. Gentile's counsel refused to answer this question as hypothetical.

(3) The Clerk of Court would transmit one set to the Registrar of the Supreme Court of the Bahamas in a pre-addressed/stamped envelope the SEC will hand-deliver to the Clerk of Court;

(4) The SEC's counsel would pick up from the Clerk of Court the remaining two signed and sealed Letter Rogatory, which the SEC's counsel would then transmit one set directly to the Registrar of the Supreme Court of The Bahamas and the second set to its local counsel in The Bahamas, who may be able to expedite the process by making request to the Registrar of the Supreme Court of The Bahamas directly.

## <u>CERTIFICATE OF CONFERRAL</u>

Pursuant to Southern District of Florida Local Rule 7.1(a)(3), undersigned counsel conferred with counsel for Gentile and they object to the relief sought in this Motion.

August 19, 2022

Respectfully submitted,

Alice K. Sum
_____
Alice K. Sum, Esq.
Trial Counsel
Fla. Bar No. 354510
Direct Dial: (305) 416-6293
Email: sumal@sec.gov

Attorneys for Plaintiff
**SECURITIES AND EXCHANGE COMMISSION**
801 Brickell Avenue, Suite 1950
Miami, Florida 33131
Telephone:   (305) 982-6300
Facsimile:    (305) 536-4154

## **CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that a true and correct copy of the foregoing was served this 19th day

of August 2022 via CM-ECF on all counsel.

Alice Sum

Alice Sum

# EXHIBIT A

# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF FLORIDA

### CASE NO.: 1:21-CV-21079-Bloom

SECURITIES AND EXCHANGE COMMISSION,

     Plaintiff,

v.

MINTBROKER INTERNATIONAL, LTD.,
f/k/a SWISS AMERICA SECURITIES LTD.
and d/b/a SURETRADER, and
GUY GENTILE, a/k/a GUY GENTILE NIGRO,

     Defendants.

_____/

## REQUEST FOR INTERNATIONAL JUDICIAL ASSISTANCE (LETTER ROGATORY)

    TO:   Ms. Constance Delancy, Registrar of the Supreme Court of the Commonwealth of The Bahamas and / or the Appropriate Judicial Authority in The Bahamas

The United States District Court for the Southern District of Florida presents its compliments to the Registrar of the Supreme Court of the Commonwealth of The Bahamas ("Registrar of the Supreme Court of The Bahamas") and requests international judicial assistance to effectuate service (and, if necessary, enforcement) of a Subpoena for production of documents, requesting the documents identified in Exhibit A-1 (attached hereto) upon MintBroker International, Ltd., f/k/a Swiss America Securities Ltd. and d/b/a SureTrader ("SureTrader"), via its appointed Joint Provisional Liquidators, for use in a civil proceeding before this Court in the above-captioned matter.

## I.    REQUEST

    This Court respectfully requests the assistance described herein as necessary in the interests of justice. The assistance requested is for the Registrar of the Supreme Court of The Bahamas to

effect service (and, if necessary, enforcement) of a Subpoena for production of documents upon SureTrader, via its appointed Joint Provisional Liquidators as follows:

> MintBroker International, Ltd., f/k/a Swiss America Securities Ltd. and d/b/a
> SureTrader
> c/o Igal Wizman and Eleanor Fisher, Joint Provisional Liquidators
> Ernst & Young
> Caves Corporate Centre
> West Bay Street & Blake Road
> Nassau, Bahamas

The Registrar of the Supreme Court of The Bahamas is requested to serve the above-mentioned Subpoena, requesting the documents identified in Exhibit A-1, by personal service into the hands of a director, managing agent or other person authorized to accept service or in any manner of service consistent with the laws of The Bahamas.

## II.   SUMMARY OF ACTION

On March 23, 2021, the Securities and Exchange Commission ("SEC") filed a Complaint against Defendants SureTrader and its founder, owner, and chief executive officer Guy Gentile ("Gentile"), alleging that they operated an offshore broker-dealer in The Bahamas designed to help day traders in the United States circumvent the U.S. rules that regulate pattern day trading.  The SEC alleges that, through these activities, SureTrader violated Section 15(a)(1) of the Securities Exchange Act of 1934 ("Exchange Act"), 15 U.S.C. § 78o(a)(1), by acting as an unregistered securities broker-dealer.  The SEC also alleges that Gentile is liable for SureTrader's violations as a control person under Section 20(a) of the Exchange Act, 15 U.S.C. § 78t(a), and for violating Section 15(a)(1) of the Exchange Act, 15 U.S.C. § 78o(a)(1), through or by means of SureTrader in violation of Section 20(b) of the Exchange Act, 15 U.S.C. § 78t(b).

SureTrader is a Bahamian entity, and the Supreme Court of The Bahamas has appointed Joint Official Liquidators ("JOLs") to, among other things, liquidate and wind up the company.

Additionally, the JOLs' duties include acquisition of SureTrader's books and records, which are key to the issues presented in this litigation and are located in The Bahamas. SureTrader's documents and records are under the supervision and control of the JOLs.

On May 6, 2022, the SEC propounded its First Request for Production on Gentile. In response, Gentile served his Responses on June 9, 2022, and Amended Responses on July 21, 2022. Gentile asserted multiple objections, including that the requests seek "documents containing information that is not available to him or requires him to produce third-party [SureTrader] documents over which he lacks control" or that "he has documents in his possession, but the documents belong to SureTrader and he lacks the authority to produce such documents." Although the SEC and Gentile do not agree concerning Gentile's objections to the First Request for Production, the SEC sought the issuance of a letter rogatory to assist it in obtaining documents responsive to its First Request for Production from the JOLs in an effort to attempt to acquire the information through all available channels. The SEC's requests are relevant to the allegations in the SEC's Complaint that SureTrader and Gentile operated an offshore broker-dealer in the Bahamas designed to help day traders in the United States circumvent the U.S. rules that regulate pattern day trading, illegally solicited U.S. customers, and acted as an unregistered securities broker-dealer.

**This Court expresses its willingness to provide similar assistance to the Registrar of the Supreme Court of The Bahamas under appropriate circumstances and in appropriate instances.**

**This Court is willing to assist the Registrar of the Supreme Court of The Bahamas for any reasonable and necessary costs incurred in executing this request of judicial assistance.**

[COURT SEAL]

_____
BETH BLOOM
UNITED STATES DISTRICT JUDGE

Cc:     Counsel of Record

# EXHIBIT A-1

## SUBPOENA ATTACHMENT

Pursuant to the Request for International Judicial Assistance (Letter Rogatory) issued to the Appropriate Judicial Authority of The Commonwealth of The Bahamas and in compliance with the applicable laws of The Commonwealth of the Bahamas, MintBroker International, Ltd., f/k/a Swiss America Securities Ltd. and d/b/a SureTrader, by and through its director, managing agent, or any other person authorized to produce the requested documents consistent with the laws of The Commonwealth of The Bahamas, shall produce for discovery, inspection, and photocopying the documents and things described herein on or before October 3, 2022, at U.S. Securities and Exchange Commission, 801 Brickell Avenue, Suite 1950, Miami, FL 33131.

## DEFINITIONS

1.      "You," "Your," or "SureTrader" means Mintbroker International, Ltd., f/k/a Swiss America Securities Ltd.  and d/b/a SureTrader, including parents, subsidiaries, affiliates, predecessors, successors, officers, directors, employees, agents, general partners, limited partners, partnerships and aliases, code names, or trade or business names used by any of the foregoing.

2.      "Gentile" means Guy Gentile a/k/a Guy Gentile Nigro, his agents, servants, employees, representatives, contractors, attorneys, investigators, and anyone acting on his behalf or pursuant to his direction, any entity or company of which he is or was a trustee, principal, director or officer, member, partner, or otherwise controlled or controls.

3.      "SEC" means the U.S. Securities and Exchange Commission.

4.      "Person" or "People" mean any individual, natural person, corporation, partnership, limited partnership, trust, or any other entity.  Plurals and singulars are used interchangeably.

5.      A "Representative" of a Person means any present or former family members, officers, executives, partners, joint-venturers, directors, trustees, employees, consultants, accountants, attorneys, agents, or any other representative acting or purporting to act on behalf of the Person.

6.      "Documents" includes all writings and graphic matter of any kind, including, but not limited to, the original, all interim drafts, and each copy containing interlineations, deletions, marginal notes, or which is otherwise non-conforming and which shall include, but not be limited to, any file, financial statement or report, note, bank statement, canceled checks, analysis, deposit slip, credit and debit memoranda, telex, bill (including telephone and credit card), correspondence, prospectus, script, transcript, offering materials, e-mails, ledger sheet, receipt, transcript, photograph, sketch, chart, graph, diagram, diary, telephone log, appointment calendar, telegram, telecopy, fax, diary, mailgram, accounting work paper, report, computer printout, filing with any state or federal agency, inter- or intra-office communication, minutes of meetings, invoices, and any tangible items of readable or visual material, whether printed, typed, handwritten, microfilmed, or recorded on tape, computer hard drive or disk or other means of recording or data entry.  The term "documents" also includes voice recordings, film, tapes, and other compilations from which information can be obtained.

1

7.  A document "Referring or Relating To" a given subject matter means any document or communication that constitutes, contains, embodies, comprises, reflects, identifies, describes, analyzes, or in any way relates to that subject, including, but not limited to, documents concerning the presentation of the documents.

8.  "Concerning" means directly or indirectly, in whole or in part, describing, constituting, evidencing, recording, evaluating, substantiating, concerning, referring to, alluding to, in connection with, commenting on, relating to, regarding, discussing, showing, describing, analyzing or reflecting.

9.  "Communication" or "Communications" means all written or oral communications however informal, including without limitation to the foregoing, correspondence, memoranda, notes, telegraphs, e-mail, telephone conversations, negotiations, meetings or other oral communications, which are in any manner evidenced by, or referred to in document, whether prepared in anticipation of, during, or subsequent to such communications.

10.  "Control" or "Controlled" shall mean the ownership, beneficial or otherwise, by any Person, directly or indirectly, of more than 50% of the voting interest or the then issued shares of an entity.

11.  An "Agreement" means any actual or contemplated (i) written or oral Agreement; (ii) term or provision of such Agreement; or (iii) amendment of any nature or termination of such Agreement. A request for any Agreement among or between specified parties includes a request for all Documents Concerning (i) any actual or contemplated Agreement among or between such parties, whether or not such Agreement included any other Person; (ii) the drafting or negotiation of any such Agreement; (iii) any actual or contemplated demand, request or application for any such Agreement, and any response thereto; and (iv) any actual or contemplated objection or refusal to enter into any such Agreement, and any response thereto.

12.  "United States" means the United States, including its territories and possessions.

13.  "Complaint" means the Complaint filed by the SEC in the lawsuit *Securities and Exchange Commission v. MintBroker International, Ltd., f/k/a Swiss America Securities Ltd. and d/b/a SureTrader and Guy Gentile a/k/a Guy Gentile Nigro*, Case No.: 1:21-cv-21079-BB, in the United States District Court, Southern District of Florida.

## **INSTRUCTIONS**

1.  This request calls for all documents in your possession, custody, or control, regardless of where such documents are located. This request includes and covers documents already in your possession, custody, or control as well as additional documents you may receive, including, but not limited to, documents from former employees of SureTrader or other non-parties to the SEC's lawsuit in the Southern District of Florida.

2.  Unless otherwise stated, the time period covered by these requests shall be from January 1, 2015, through the present.

3.  This request is continuing in nature.  Any information or documents called for by

056

this request that you obtain subsequent to the service of your response to this request, shall promptly be supplied in the form of supplemental document productions.

4.      In construing this request: (a) the singular shall include the plural and the plural shall include the singular; (b) the words "and" and "or" shall be construed either disjunctively or conjunctively so as to bring within the scope of the request all information that might otherwise be construed to be outside its scope; (c) the words "any" and "all" shall be read to mean each and every; and (d) the term "including" shall mean "including, without limitation."

5.      A copy of a document that varies in any way whatsoever from the original or from any other copy of the document, whether by reason of handwritten or other notation or any omission, shall constitute a separate document and must be produced, whether or not the original of such document is within your possession, custody, or control.

6.      All documents must be produced in their entirety, including all attachments and enclosures, and in their original folder, binder or other cover or container.  Whenever a document or group of documents is removed from a file folder, binder, file drawer, file box, notebook, or the cover or container, a copy of the label of such cover or other container must be attached to the document or group of documents.

7.      All documents responsive to this request that are maintained in the usual course of business in electronic format shall be produced in their <u>native</u> format along with software necessary to interpret such files if such software is not readily available.  All such documents shall be accompanied by a listing of all file properties, commonly known as metadata, concerning such document, including all information concerning the date(s) and recipient(s) of the document, the location, and content of any attachment(s) to the document, and the location and content of any information imbedded or annotated in the document.

8.      You may comply with the request by providing legible copies of the responsive documents.  You may provide copies in an electronic format if consented to by the Commission prior to the response.

9.      If you object to any request, state with specificity the grounds for each such objection and produce all documents and submit all answers responsive to the remainder of the request.  If you object to only part of a request, you must state the objection and answer the remainder of the request.

10.     If you claim privilege or immunity with respect to any document or information, state the nature and basis of the privilege or other ground asserted as justification for withholding such information in sufficient detail to permit the Court to adjudicate the validity of the claim. This includes, at a minimum:  (a) the date of the document or communication; (b) the author or speaker; (c) the addressee(s) or person to whom the communication was directed; (d) all other recipients or persons receiving the communication; (e) the type of document or communication (letter, report, memo, recording, e-mail, etc.); (f) the general subject matter of the document or communication; and (g) the specific privilege claimed.

11.     If any documents requested were at one time in existence but are no longer in existence, please so state, separately specifying for each document no longer existing:

(a) the type of document;

(b) the type of information contained therein;

(c) the date(s) on which it was created;

(d) the sender(s) and recipient(s), if applicable;

(e) the date (or approximate date) on which it ceased to exist;

(f) the circumstances under which it ceased to exist;

(g) the name of the person authorizing the disposal or destruction or having responsibility for the loss of the document;

(h) the identity of all persons having knowledge of the contents of such document; and

(i) the paragraph number(s) of the request(s) in response to which the document otherwise would have been produced.

058

## DOCUMENTS REQUESTED

1.      Documents sufficient to show all Persons who were Controlled by SureTrader.

2.      Documents sufficient to show all Persons who were (a) in Control of SureTrader; and (b) under common Control with SureTrader.

3.      Documents sufficient to show all banking, depository, and any other financial institution accounts, foreign and domestic, held on behalf of or in the name of SureTrader (including all such accounts that were closed or terminated).

4.      Documents sufficient to show all banking, depository, and any other financial institution accounts, foreign and domestic, held on behalf of or in the name of any of the Persons who were Controlled by SureTrader (including all such accounts that were closed or terminated).

5.      Documents sufficient to show all Persons who have or had an account at SureTrader.  This Request includes, but is not limited to, any lists or spreadsheets identifying each such customer's name, brokerage account number, date such account was opened, email address, phone number, and/or street address.

6.      Documents related to the opening of an account by all Persons who have or had an account at SureTrader and resided, or were otherwise located, in the United States.

7.      Documents related to or collected pursuant to FINRA Rule 2090 ("Know Your Customer"), including, but not limited to, those used to assess and monitor customer risk and verify a customer's identity for all Persons who have or had an account at SureTrader and resided, or were otherwise located, in the United States.

8.      Communications with Persons who have or had an account at SureTrader and resided, or were otherwise located, in the United States.

9.      For each Person identified in response to Request #6 and resided, or were otherwise located, in the United States, Documents sufficient to show: (a) all trades executed by such Person through accounts with SureTrader; (b) all fees incurred by such Person and collected or collectable by SureTrader; and (c) all commissions charged against the account of such Person or otherwise collected from such Person by SureTrader.

10.      Except for Documents already produced pursuant to Request #6, all Agreements by, between, or on behalf of SureTrader with any Person located in the United States.

11.      All Agreements with Warrior Trading (www.warriortrading.com), Day Trading Radio, Inc. (www.DayTradingRadio.com), Commission Junction (www.cj.com), The Sykes Challenge (www.timothysykes.com), Investors Underground (www.investorsunderground.com), StockTradeIdeas.com (www.stocktradeideas.com), MOJO Day Trading (www.mojodaytrading.com) (collectively, the "Affiliates").

5

12.     All Communications with the Affiliates.

13.     All Communications by and between You and SureTrader's officers, directors, employees, and independent contractors Concerning soliciting customers who resided, or were otherwise located, in the United States.

14.     All Documents you produced, whether voluntarily or pursuant to subpoena or formal request, to the Securities Commission of The Bahamas.

15.     All Documents you produced, whether voluntarily or pursuant to subpoena or formal request, in connection with the "Winding Up Petition" filed by the Securities Commission of The Bahamas against Swiss America Securities Ltd.

16.     All documents received in response to any voluntary document requests made by You to any non-party Concerning the allegations and claims in the Complaint.

17.     All Communications with any non-party Concerning the allegations and claims in the Complaint.

18.     All Documents Related to SureTrader soliciting customers residing in, or were otherwise located, in the United States.

19.     All Documents Referring or Relating to any and all efforts by SureTrader to limit or avoid solicitation of customers who resided, or were otherwise located, in the United States.

20.     All emails sent by SureTrader to customers residing in, or were otherwise located, in the United States.

21.     All transcripts, transcript exhibits, recorded testimony, verbatim notes, declarations, affidavits, and witness statements Concerning the allegations and claims in the Complaint.

22.     All Communications with potential witnesses or persons with knowledge of the allegations and claims in the Complaint requesting them to provide documents, testimony, or an interview.

23.     All SureTrader policies, manuals, or procedures Concerning soliciting and intake of new customers.

24.     All versions of the website www.suretrader.com, including each interlinked web page that shares the domain name www.suretrader.com.

25.     All advertisements for SureTrader on or through U.S.-based websites.

26.     All invoices for advertisements for SureTrader on or through U.S.-based websites.

27.     All documents Referring or Relating to payments for advertisements for SureTrader on or through U.S.-based websites.

28.     Documents showing which SureTrader customers were referred by the Affiliates.

29.     All Documents Referring or Relating to SureTrader offering or providing a trading commission rebate.

30.     Documents Referring or Relating to SureTrader providing a trading commission rebate to customers in the United States, including its territories and possessions.

31.     All Documents and Communications Concerning SureTrader customers signing an "Unsolicited Acknowledgement Agreement."

32.     All Documents and Communications Concerning SureTrader using a web-based Internet Protocol blocker and pop-up windows.

33.     All Documents showing funds received by Mint Custody Limited from U.S.-based customers.

34.     All Documents showing funds received by MinTrade Technologies, LLC from U.S.-based customers.

35.     All Documents showing funds transferred from Mint Custody Limited and/or MinTrade Technologies, LLC to SureTrader.

36.     Organization charts or employee lists for SureTrader.

37.     Audited and unaudited financial statements for SureTrader.

# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF FLORIDA

### CASE NO.: 1:21-CV-21079-Bloom

SECURITIES AND EXCHANGE COMMISSION,

      Plaintiff,

v.

MINTBROKER INTERNATIONAL, LTD.,
f/k/a SWISS AMERICA SECURITIES LTD.
and d/b/a SURETRADER, and
GUY GENTILE, a/k/a GUY GENTILE NIGRO,

      Defendants.

_____/

## REQUEST FOR INTERNATIONAL JUDICIAL ASSISTANCE (LETTER ROGATORY)

    TO:   Ms. Constance Delancy, Registrar of the Supreme Court of the Commonwealth of
The Bahamas and / or the Appropriate Judicial Authority in The Bahamas

The United States District Court for the Southern District of Florida presents its compliments to the Registrar of the Supreme Court of the Commonwealth of The Bahamas ("Registrar of the Supreme Court of The Bahamas") and requests international judicial assistance to effectuate service (and, if necessary, enforcement) of a Subpoena for production of documents, requesting the documents identified in Exhibit A-1 (attached hereto) upon MintBroker International, Ltd., f/k/a Swiss America Securities Ltd. and d/b/a SureTrader ("SureTrader"), via its appointed Joint Provisional Liquidators, for use in a civil proceeding before this Court in the above-captioned matter.

## I.    REQUEST

This Court respectfully requests the assistance described herein as necessary in the interests of justice. The assistance requested is for the Registrar of the Supreme Court of The Bahamas to

effect service (and, if necessary, enforcement) of a Subpoena for production of documents upon SureTrader, via its appointed Joint Provisional Liquidators as follows:

> MintBroker International, Ltd., f/k/a Swiss America Securities Ltd. and d/b/a
> SureTrader
> c/o Igal Wizman and Eleanor Fisher, Joint Provisional Liquidators
> Ernst & Young
> Caves Corporate Centre
> West Bay Street & Blake Road
> Nassau, Bahamas

The Registrar of the Supreme Court of The Bahamas is requested to serve the above-mentioned Subpoena, requesting the documents identified in Exhibit A-1, by personal service into the hands of a director, managing agent or other person authorized to accept service or in any manner of service consistent with the laws of The Bahamas.

## II.    SUMMARY OF ACTION

On March 23, 2021, the Securities and Exchange Commission ("SEC") filed a Complaint against Defendants SureTrader and its founder, owner, and chief executive officer Guy Gentile ("Gentile"), alleging that they operated an offshore broker-dealer in The Bahamas designed to help day traders in the United States circumvent the U.S. rules that regulate pattern day trading. The SEC alleges that, through these activities, SureTrader violated Section 15(a)(1) of the Securities Exchange Act of 1934 ("Exchange Act"), 15 U.S.C. § 78o(a)(1), by acting as an unregistered securities broker-dealer. The SEC also alleges that Gentile is liable for SureTrader's violations as a control person under Section 20(a) of the Exchange Act, 15 U.S.C. § 78t(a), and for violating Section 15(a)(1) of the Exchange Act, 15 U.S.C. § 78o(a)(1), through or by means of SureTrader in violation of Section 20(b) of the Exchange Act, 15 U.S.C. § 78t(b).

SureTrader is a Bahamian entity, and the Supreme Court of The Bahamas has appointed Joint Official Liquidators ("JOLs") to, among other things, liquidate and wind up the company.

Additionally, the JOLs' duties include acquisition of SureTrader's books and records, which are key to the issues presented in this litigation and are located in The Bahamas. SureTrader's documents and records are under the supervision and control of the JOLs.

On May 6, 2022, the SEC propounded its First Request for Production on Gentile. In response, Gentile served his Responses on June 9, 2022, and Amended Responses on July 21, 2022. Gentile asserted multiple objections, including that the requests seek "documents containing information that is not available to him or requires him to produce third-party [SureTrader] documents over which he lacks control" or that "he has documents in his possession, but the documents belong to SureTrader and he lacks the authority to produce such documents." Although the SEC and Gentile do not agree concerning Gentile's objections to the First Request for Production, the SEC sought the issuance of a letter rogatory to assist it in obtaining documents responsive to its First Request for Production from the JOLs in an effort to attempt to acquire the information through all available channels. The SEC's requests are relevant to the allegations in the SEC's Complaint that SureTrader and Gentile operated an offshore broker-dealer in the Bahamas designed to help day traders in the United States circumvent the U.S. rules that regulate pattern day trading, illegally solicited U.S. customers, and acted as an unregistered securities broker-dealer.

**This Court expresses its willingness to provide similar assistance to the Registrar of the Supreme Court of The Bahamas under appropriate circumstances and in appropriate instances.**

This Court is willing to assist the Registrar of the Supreme Court of The Bahamas for any reasonable and necessary costs incurred in executing this request of judicial assistance.

[COURT SEAL]

ALICIA M. OTAZO-REYES
UNITED STATES MAGISTRATE JUDGE

Cc:     Counsel of Record

# EXHIBIT A-1

## SUBPOENA ATTACHMENT

Pursuant to the Request for International Judicial Assistance (Letter Rogatory) issued to the Appropriate Judicial Authority of The Commonwealth of The Bahamas and in compliance with the applicable laws of The Commonwealth of the Bahamas, MintBroker International, Ltd., f/k/a Swiss America Securities Ltd. and d/b/a SureTrader, by and through its director, managing agent, or any other person authorized to produce the requested documents consistent with the laws of The Commonwealth of The Bahamas, shall produce for discovery, inspection, and photocopying the documents and things described herein on or before October 3, 2022, at U.S. Securities and Exchange Commission, 801 Brickell Avenue, Suite 1950, Miami, FL 33131.

## DEFINITIONS

1.     "You," "Your," or "SureTrader" means Mintbroker International, Ltd., f/k/a Swiss America Securities Ltd.  and d/b/a SureTrader, including parents, subsidiaries, affiliates, predecessors, successors, officers, directors, employees, agents, general partners, limited partners, partnerships and aliases, code names, or trade or business names used by any of the foregoing.

2.     "Gentile" means Guy Gentile a/k/a Guy Gentile Nigro, his agents, servants, employees, representatives, contractors, attorneys, investigators, and anyone acting on his behalf or pursuant to his direction, any entity or company of which he is or was a trustee, principal, director or officer, member, partner, or otherwise controlled or controls.

3.     "SEC" means the U.S. Securities and Exchange Commission.

4.     "Person" or "People" mean any individual, natural person, corporation, partnership, limited partnership, trust, or any other entity.  Plurals and singulars are used interchangeably.

5.     A "Representative" of a Person means any present or former family members, officers, executives, partners, joint-venturers, directors, trustees, employees, consultants, accountants, attorneys, agents, or any other representative acting or purporting to act on behalf of the Person.

6.     "Documents" includes all writings and graphic matter of any kind, including, but not limited to, the original, all interim drafts, and each copy containing interlineations, deletions, marginal notes, or which is otherwise non-conforming and which shall include, but not be limited to, any file, financial statement or report, note, bank statement, canceled checks, analysis, deposit slip, credit and debit memoranda, telex, bill (including telephone and credit card), correspondence, prospectus, script, transcript, offering materials, e-mails, ledger sheet, receipt, transcript, photograph, sketch, chart, graph, diagram, diary, telephone log, appointment calendar, telegram, telecopy, fax, diary, mailgram, accounting work paper, report, computer printout, filing with any state or federal agency, inter- or intra-office communication, minutes of meetings, invoices, and any tangible items of readable or visual material, whether printed, typed, handwritten, microfilmed, or recorded on tape, computer hard drive or disk or other means of recording or data entry.  The term "documents" also includes voice recordings, film, tapes, and other compilations from which information can be obtained.

1

7.      A document "Referring or Relating To" a given subject matter means any document or communication that constitutes, contains, embodies, comprises, reflects, identifies, describes, analyzes, or in any way relates to that subject, including, but not limited to, documents concerning the presentation of the documents.

8.      "Concerning" means directly or indirectly, in whole or in part, describing, constituting, evidencing, recording, evaluating, substantiating, concerning, referring to, alluding to, in connection with, commenting on, relating to, regarding, discussing, showing, describing, analyzing or reflecting.

9.      "Communication" or "Communications" means all written or oral communications however informal, including without limitation to the foregoing, correspondence, memoranda, notes, telegraphs, e-mail, telephone conversations, negotiations, meetings or other oral communications, which are in any manner evidenced by, or referred to in document, whether prepared in anticipation of, during, or subsequent to such communications.

10.      "Control" or "Controlled" shall mean the ownership, beneficial or otherwise, by any Person, directly or indirectly, of more than 50% of the voting interest or the then issued shares of an entity.

11.      An "Agreement" means any actual or contemplated (i) written or oral Agreement; (ii) term or provision of such Agreement; or (iii) amendment of any nature or termination of such Agreement. A request for any Agreement among or between specified parties includes a request for all Documents Concerning (i) any actual or contemplated Agreement among or between such parties, whether or not such Agreement included any other Person; (ii) the drafting or negotiation of any such Agreement; (iii) any actual or contemplated demand, request or application for any such Agreement, and any response thereto; and (iv) any actual or contemplated objection or refusal to enter into any such Agreement, and any response thereto.

12.      "United States" means the United States, including its territories and possessions.

13.      "Complaint" means the Complaint filed by the SEC in the lawsuit *Securities and Exchange Commission v. MintBroker International, Ltd., f/k/a Swiss America Securities Ltd. and d/b/a SureTrader and Guy Gentile a/k/a Guy Gentile Nigro*, Case No.: 1:21-cv-21079-BB, in the United States District Court, Southern District of Florida.

## INSTRUCTIONS

1.      This request calls for all documents in your possession, custody, or control, regardless of where such documents are located. This request includes and covers documents already in your possession, custody, or control as well as additional documents you may receive, including, but not limited to, documents from former employees of SureTrader or other non-parties to the SEC's lawsuit in the Southern District of Florida.

2.      Unless otherwise stated, the time period covered by these requests shall be from January 1, 2015, through the present.

3.      This request is continuing in nature. Any information or documents called for by

068

this request that you obtain subsequent to the service of your response to this request, shall promptly be supplied in the form of supplemental document productions.

4. In construing this request: (a) the singular shall include the plural and the plural shall include the singular; (b) the words "and" and "or" shall be construed either disjunctively or conjunctively so as to bring within the scope of the request all information that might otherwise be construed to be outside its scope; (c) the words "any" and "all" shall be read to mean each and every; and (d) the term "including" shall mean "including, without limitation."

5. A copy of a document that varies in any way whatsoever from the original or from any other copy of the document, whether by reason of handwritten or other notation or any omission, shall constitute a separate document and must be produced, whether or not the original of such document is within your possession, custody, or control.

6. All documents must be produced in their entirety, including all attachments and enclosures, and in their original folder, binder or other cover or container. Whenever a document or group of documents is removed from a file folder, binder, file drawer, file box, notebook, or the cover or container, a copy of the label of such cover or other container must be attached to the document or group of documents.

7. All documents responsive to this request that are maintained in the usual course of business in electronic format shall be produced in their native format along with software necessary to interpret such files if such software is not readily available. All such documents shall be accompanied by a listing of all file properties, commonly known as metadata, concerning such document, including all information concerning the date(s) and recipient(s) of the document, the location, and content of any attachment(s) to the document, and the location and content of any information imbedded or annotated in the document.

8. You may comply with the request by providing legible copies of the responsive documents. You may provide copies in an electronic format if consented to by the Commission prior to the response.

9. If you object to any request, state with specificity the grounds for each such objection and produce all documents and submit all answers responsive to the remainder of the request. If you object to only part of a request, you must state the objection and answer the remainder of the request.

10. If you claim privilege or immunity with respect to any document or information, state the nature and basis of the privilege or other ground asserted as justification for withholding such information in sufficient detail to permit the Court to adjudicate the validity of the claim. This includes, at a minimum: (a) the date of the document or communication; (b) the author or speaker; (c) the addressee(s) or person to whom the communication was directed; (d) all other recipients or persons receiving the communication; (e) the type of document or communication (letter, report, memo, recording, e-mail, etc.); (f) the general subject matter of the document or communication; and (g) the specific privilege claimed.

11. If any documents requested were at one time in existence but are no longer in existence, please so state, separately specifying for each document no longer existing:

069

(a)  the type of document;

(b)  the type of information contained therein;

(c)  the date(s) on which it was created;

(d)  the sender(s) and recipient(s), if applicable;

(e)  the date (or approximate date) on which it ceased to exist;

(f)  the circumstances under which it ceased to exist;

(g)  the name of the person authorizing the disposal or destruction or having responsibility for the loss of the document;

(h)  the identity of all persons having knowledge of the contents of such document; and

(i)  the paragraph number(s) of the request(s) in response to which the document otherwise would have been produced.

070

## DOCUMENTS REQUESTED

1.   Documents sufficient to show all Persons who were Controlled by SureTrader.

2.   Documents sufficient to show all Persons who were (a) in Control of SureTrader; and (b) under common Control with SureTrader.

3.   Documents sufficient to show all banking, depository, and any other financial institution accounts, foreign and domestic, held on behalf of or in the name of SureTrader (including all such accounts that were closed or terminated).

4.   Documents sufficient to show all banking, depository, and any other financial institution accounts, foreign and domestic, held on behalf of or in the name of any of the Persons who were Controlled by SureTrader (including all such accounts that were closed or terminated).

5.   Documents sufficient to show all Persons who have or had an account at SureTrader. This Request includes, but is not limited to, any lists or spreadsheets identifying each such customer's name, brokerage account number, date such account was opened, email address, phone number, and/or street address.

6.   Documents related to the opening of an account by all Persons who have or had an account at SureTrader and resided, or were otherwise located, in the United States.

7.   Documents related to or collected pursuant to FINRA Rule 2090 ("Know Your Customer"), including, but not limited to, those used to assess and monitor customer risk and verify a customer's identity for all Persons who have or had an account at SureTrader and resided, or were otherwise located, in the United States.

8.   Communications with Persons who have or had an account at SureTrader and resided, or were otherwise located, in the United States.

9.   For each Person identified in response to Request #6 and resided, or were otherwise located, in the United States, Documents sufficient to show: (a) all trades executed by such Person through accounts with SureTrader; (b) all fees incurred by such Person and collected or collectable by SureTrader; and (c) all commissions charged against the account of such Person or otherwise collected from such Person by SureTrader.

10.   Except for Documents already produced pursuant to Request #6, all Agreements by, between, or on behalf of SureTrader with any Person located in the United States.

11.   All Agreements with Warrior Trading (www.warriortrading.com), Day Trading Radio, Inc. (www.DayTradingRadio.com), Commission Junction (www.cj.com), The Sykes Challenge (www.timothysykes.com), Investors Underground (www.investorsunderground.com), StockTradeIdeas.com (www.stocktradeideas.com), MOJO Day Trading (www.mojodaytrading.com) (collectively, the "Affiliates").

071

12.     All Communications with the Affiliates.

13.     All Communications by and between You and SureTrader's officers, directors, employees, and independent contractors Concerning soliciting customers who resided, or were otherwise located, in the United States.

14.     All Documents you produced, whether voluntarily or pursuant to subpoena or formal request, to the Securities Commission of The Bahamas.

15.     All Documents you produced, whether voluntarily or pursuant to subpoena or formal request, in connection with the "Winding Up Petition" filed by the Securities Commission of The Bahamas against Swiss America Securities Ltd.

16.     All documents received in response to any voluntary document requests made by You to any non-party Concerning the allegations and claims in the Complaint.

17.     All Communications with any non-party Concerning the allegations and claims in the Complaint.

18.     All Documents Related to SureTrader soliciting customers residing in, or were otherwise located, in the United States.

19.     All Documents Referring or Relating to any and all efforts by SureTrader to limit or avoid solicitation of customers who resided, or were otherwise located, in the United States.

20.     All emails sent by SureTrader to customers residing in, or were otherwise located, in the United States.

21.     All transcripts, transcript exhibits, recorded testimony, verbatim notes, declarations, affidavits, and witness statements Concerning the allegations and claims in the Complaint.

22.     All Communications with potential witnesses or persons with knowledge of the allegations and claims in the Complaint requesting them to provide documents, testimony, or an interview.

23.     All SureTrader policies, manuals, or procedures Concerning soliciting and intake of new customers.

24.     All versions of the website www.suretrader.com, including each interlinked web page that shares the domain name www.suretrader.com.

25.     All advertisements for SureTrader on or through U.S.-based websites.

26.     All invoices for advertisements for SureTrader on or through U.S.-based websites.

6

27.     All documents Referring or Relating to payments for advertisements for SureTrader on or through U.S.-based websites.

28.     Documents showing which SureTrader customers were referred by the Affiliates.

29.     All Documents Referring or Relating to SureTrader offering or providing a trading commission rebate.

30.     Documents Referring or Relating to SureTrader providing a trading commission rebate to customers in the United States, including its territories and possessions.

31.     All Documents and Communications Concerning SureTrader customers signing an "Unsolicited Acknowledgement Agreement."

32.     All Documents and Communications Concerning SureTrader using a web-based Internet Protocol blocker and pop-up windows.

33.     All Documents showing funds received by Mint Custody Limited from U.S.-based customers.

34.     All Documents showing funds received by MinTrade Technologies, LLC from U.S.-based customers.

35.     All Documents showing funds transferred from Mint Custody Limited and/or MinTrade Technologies, LLC to SureTrader.

36.     Organization charts or employee lists for SureTrader.

37.     Audited and unaudited financial statements for SureTrader.

7

# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF FLORIDA

### CASE NO.: 1:21-CV-21079-BLOOM/Otazo-Reyes

SECURITIES AND EXCHANGE COMMISSION,

     Plaintiff,

v.

MINTBROKER INTERNATIONAL, LTD.,
f/k/a SWISS AMERICA SECURITIES LTD.
and d/b/a SURETRADER, and
GUY GENTILE, a/k/a GUY GENTILE NIGRO,

     Defendants.

_____/

## PLAINTIFF'S UNOPPOSED MOTION FOR COURT TO ISSUE REQUEST FOR INTERNATIONAL JUDICIAL ASSISTANCE (LETTER ROGATORY)

Plaintiff Securities and Exchange Commission, pursuant to 28 U.S.C. § 1781, hereby requests this Court issue the attached Request for International Judicial Assistance (Letter Rogatory) seeking testimony from witnesses located in The Bahamas, and states:

     1.     The Commission filed this action on March 23, 2021, alleging, among other things, that Defendants MintBroker International, Ltd., f/k/a Swiss America Securities Ltd., d/b/a SureTrader ("SureTrader"), a Bahamian entity, and its founder, owner, and chief executive officer Guy Gentile ("Gentile") operated an offshore broker-dealer in the Bahamas designed to help day traders in the United States circumvent the U.S. rules that regulate pattern day trading. Through these activities, SureTrader violated Section 15(a)(1) of the Securities Exchange Act of 1934 ("Exchange Act"), 15 U.S.C. § 78o(a)(1), by acting as an unregistered securities broker-dealer. Gentile is liable for SureTrader's violations as a control person under Section 20(a) of the Exchange Act, 15 U.S.C. § 78t(a), and for violating Section 15(a)(1) of the Exchange Act, 15

1

U.S.C. § 78o(a)(1), through or by means of SureTrader in violation of Section 20(b) of the Exchange Act, 15 U.S.C. § 78t(b).

2.  The Commission seeks issuance of a letter rogatory to obtain oral testimony from former employees of SureTrader relevant to the allegations in the SEC's Complaint.

3.  "A letter rogatory is the request by a domestic court to a foreign court to take evidence from a certain witness." *Intel Corp. v. Advanced Micro Devices, Inc.*, 542 U.S. 241, n.1 (U.S. 2004).  Letters rogatory "are freely granted by district courts in the United States." *In re Banco Santander Securities-Optimal Litigation*, 732 F. Supp. 2d 1305, 1338 (S.D. Fla. 2010).

4.  The following are the former employees from whom the SEC seeks testimony and their title/role at SureTrader:

| Name | Title/Role at SureTrader |
|---|---|
| Antonio Collie | Chief Financial Officer |
| Edward Cooper | Chief Compliance Officer |
| Stephen Darville | Information Technology professional |
| Drameko Moore | Worked with Affiliates |
| Janay Symonette Pyfrom | Chief Marketing Officer |
| Jasmine Sands | Handled new accounts and reported to Cooper |

5.  Because of their roles at SureTrader, the above former employees have relevant information about SureTrader and Gentile operating an offshore broker-dealer in the Bahamas designed to help day traders in the United States circumvent the U.S. rules that regulate pattern day trading, illegally soliciting U.S. customers, and acting as an unregistered securities broker-dealer.  The areas in which these former employees are expected to have knowledge include:

    a. SureTrader's policies and procedures concerning solicitation of customers, including those from the U.S.
    b. SureTrader's marketing to potential customers, including in the U.S.

    c.  SureTrader soliciting U.S. customers through
        i.  the SureTrader website;
       ii.  e-mail messages;
      iii.  third-party websites including
           1.  U.S.-based day trading websites SureTrader referred to internally as "affiliates," which offered day trading schools, courses, and advice through on demand videos and chatrooms
           2.  SureTrader offering coupons for free trades and trading with as little as $500

    d.  Traffic on SureTrader.com from the United States.

    e.  SureTrader's customers located in the U.S.

    f.  SureTrader account opening documents for U.S. customers.

    g.  SureTrader's use of a web-based Internet Protocol ("IP") blocker and pop-up windows.

    h.  The percentage/number of SureTrader customers that were from the U.S.

    i.  SureTrader's compensation, including commissions and other related fees, on U.S.-based customer accounts.

    j.  Agreements with SureTrader's "affiliates."

    k.  Gentile's ownership, control, and decision-making authority for SureTrader including its and policies and procedures, operations, website content, and arrangements with "affiliates."

    l.  SureTrader's use of the "Unsolicited Acknowledgement Agreement" for U.S. customers.

    m.  SureTrader's compliance with U.S. laws and regulations.

    n.  Status of SureTrader's company records, including whether copies were made, where they are currently maintained, and who has copies/access.

6.    The Commission therefore has an interest in securing their testimony, and it is in the interests of justice that their testimony be secured. As all are Bahamian citizens residing in The Bahamas, they are beyond the jurisdiction of this or any American Court. Thus, the Commission will not be able to compel their testimony at trial. To ensure the Commission can take preserve their testimony for trial, the Commission asks the Court to issue the attached letter rogatory, requesting the assistance of the Supreme Court of the Commonwealth of The Bahamas to compel the oral testimony of the former employees in The Bahamas.

7.    If the Court grants the SEC's Motion, (1) one certified copy of the Letter Rogatory will be sent by the Clerk of Court to the Registrar of the Supreme Court of The Bahamas in a pre-addressed/stamped envelope the SEC will deliver to the Clerk of Court; (2) a second certified copy of the Letter Rogatory will be sent directly by the SEC to the Registrar of the Supreme Court of

076

The Bahamas; and (3) a third certified copy of the Letter Rogatory will be sent by the SEC's local counsel in The Bahamas to the Registrar of the Supreme Court of The Bahamas. The SEC requests the three certified copies of the Letter Rogatory in order to expedite the process and guarantee delivery to the Registrar of the Supreme Court of The Bahamas.

**WHEREFORE**, the SEC respectfully requests that this Court grant the SEC's Motion for Issuance of Letter Rogatory and issue the Request for International Judicial Assistance, attached as Exhibit A, as follows:

(1) The Court would sign an original of the Letter Rogatory;

(2) The Court would then instruct the Clerk of this Court to enter the Letter Rogatory on the electronic docket, place the Court's official seal upon the signed Letter Rogatory;

(3) The Clerk of Court would transmit one certified copy of the Letter Rogatory to the Registrar of the Supreme Court of the Bahamas in a pre-addressed/stamped envelope the SEC will hand-deliver to the Clerk of Court;

(4) The SEC's counsel would pick up from the Clerk of Court the remaining two certified copies of the Letter Rogatory, which the SEC's counsel would then transmit one set directly to the Registrar of the Supreme Court of The Bahamas and the second set to its local counsel in The Bahamas, who may be able to expedite the process by making request to the Registrar of the Supreme Court of The Bahamas directly.

<u>**CERTIFICATE OF CONFERRAL**</u>

Pursuant to Southern District of Florida Local Rule 7.1(a)(3), undersigned counsel conferred with counsel for Gentile and they do not object to the relief sought in this Motion.

4

October 13, 2022                          Respectfully submitted,


                                          Alice K. Sum
                                          _____
                                          Alice K. Sum, Esq.
                                          Trial Counsel
                                          Fla. Bar No. 354510
                                          Direct Dial: (305) 416-6293
                                          Email: sumal@sec.gov

                                          Attorneys for Plaintiff
                                          **SECURITIES AND EXCHANGE COMMISSION**
                                          801 Brickell Avenue, Suite 1950
                                          Miami, Florida 33131
                                          Telephone:    (305) 982-6300
                                          Facsimile:    (305) 536-4154

# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF FLORIDA

### CASE NO.: 1:21-CV-21079-Bloom

SECURITIES AND EXCHANGE COMMISSION,

      Plaintiff,

v.

MINTBROKER INTERNATIONAL, LTD.,
f/k/a SWISS AMERICA SECURITIES LTD.
and d/b/a SURETRADER, and
GUY GENTILE, a/k/a GUY GENTILE NIGRO,

      Defendants.

_____/

## REQUEST FOR INTERNATIONAL JUDICIAL ASSISTANCE (LETTER ROGATORY)

    TO:    Ms. Constance Delancy, Registrar of the Supreme Court of the Commonwealth of The Bahamas and / or the Appropriate Judicial Authority in The Bahamas

The United States District Court for the Southern District of Florida presents its compliments to the Registrar of the Supreme Court of the Commonwealth of The Bahamas ("Registrar of the Supreme Court of The Bahamas") and requests international judicial assistance to obtain testimony to be used in a civil proceeding before this Court in the above-captioned matter pursuant to Evidence (Proceeding in Other Jurisdictions) Act, 2000, enacted by the Parliament of The Bahamas.

## I.    SUMMARY OF ACTION

The above-captioned matter is a civil proceeding pending in the United States District Court for the Southern District of Florida. On March 23, 2021, the Securities and Exchange Commission ("SEC") filed a Complaint against Defendants MintBroker International, Ltd., f/k/a Swiss America Securities Ltd., d/b/a SureTrader ("SureTrader"), a Bahamian entity, and its

1



EXHIBIT

079

founder, owner, and chief executive officer Guy Gentile a/k/a Guy Gentile Nigro ("Gentile"), alleging that they operated an offshore broker-dealer in The Bahamas designed to help day traders in the United States circumvent the U.S. rules that regulate pattern day trading. The SEC alleges that, through these activities, SureTrader violated Section 15(a)(1) of the Securities Exchange Act of 1934 ("Exchange Act"), 15 U.S.C. § 78o(a)(1), by acting as an unregistered securities broker-dealer. The SEC also alleges that Gentile is liable for SureTrader's violations as a control person under Section 20(a) of the Exchange Act, 15 U.S.C. § 78t(a), and for violating Section 15(a)(1) of the Exchange Act, 15 U.S.C. § 78o(a)(1), through or by means of SureTrader in violation of Section 20(b) of the Exchange Act, 15 U.S.C. § 78t(b).

## II. ASSISTANCE REQUIRED

The SEC wishes to obtain the oral examination of certain former employees of SureTrader who are Bahamian citizens and reside in The Bahamas. Based upon their roles/job duties at SureTrader, the SEC expects that they will have information about SureTrader and Gentile operating an offshore broker-dealer in The Bahamas designed to help day traders in the United States circumvent the U.S. rules that regulate pattern day trading, illegally soliciting U.S. customers, and acting as an unregistered securities broker-dealer. The specific areas in which these former employees are expected to have knowledge include:

1. SureTrader's policies and procedures concerning solicitation of customers, including those from the U.S.
2. SureTrader's marketing to potential customers, including in the U.S.
3. SureTrader soliciting U.S. customers through
   a. the SureTrader website;
   b. e-mail messages;
   c. third-party websites including
      i. U.S.-based day trading websites SureTrader referred to internally as "affiliates," which offered day trading schools, courses, and advice through on demand videos and chatrooms
      ii. SureTrader offering coupons for free trades and trading with as little as $500

2

4. Traffic on the SureTrader.com website from the United States.
5. SureTrader's customers located in the U.S.
6. SureTrader account opening documents for U.S. customers.
7. SureTrader's use of a web-based Internet Protocol ("IP") blocker and pop-up windows.
8. The percentage/number of SureTrader customers that were from the U.S.
9. SureTrader's compensation, including commissions and other related fees, on U.S.-based customer accounts.
10. Agreements with SureTrader's "affiliates."
11. Gentile's ownership, control, and decision-making authority for SureTrader including its and policies and procedures, operations, website content, and arrangements with "affiliates".
12. SureTrader's use of the "Unsolicited Acknowledgement Agreement" for U.S. customers.
13. SureTrader's compliance with U.S. laws and regulations.
14. Status of SureTrader's company records, including whether copies were made, where they are currently maintained, and who has copies/access.

The Supreme Court, Commonwealth of The Bahamas is requested to issue an order pursuant to Evidence (Proceedings in Other Jurisdictions) Act, 2000, subsection (5)(2)(a), permitting the SEC's counsel in the above-captioned case to conduct an oral examination of the following persons:

| Name | Title/Role at SureTrader | Last Known Contact Information |
|---|---|---|
| Antonio Collie | Chief Financial Officer | 1 (242) 364 6197<br>1 (242) 423 7624 |
| Edward Cooper | Chief Compliance Officer | 1 (242) 422 4120<br>1 (242) 677 7506<br>ec_buzz@hotmail.com |
| Stephen Darville | Information Technology professional | 1 (242) 603 0800<br>1 (242) 826 4711 |
| Drameko Moore | Worked with Affiliates | 1 (242) 302 4100<br>dmoore@delchain.io |
| Janay Symonette Pyfrom | Chief Marketing Officer | 1 (242) 302 4100<br>jsymonette@deltecbank.com |
| Jasmine Sands | Handled new accounts and reported to Cooper | unknown |

3

The aforementioned individuals' testimony is requested to be given under oath or affirmation. The SEC requests that the oral examinations be taken with videographer and a stenographer to be provided by the SEC.

This Court has jurisdiction under the Federal Rules of Civil Procedure to order discovery, including depositions of witnesses within the United States upon oral examination regarding any matter that is relevant to the subject matter of the pending action. The evidence sought from the witnesses is not only relevant to discovery in this case, but is necessary for the trial of this case and may be so used by the parties because it is not otherwise obtainable by this Court through its compulsory process. The evidence sought in The Bahamas through this request is necessary in order for the Court to do justice in this case. Therefore, this Court respectfully requests that, in the interest of justice, the Supreme Court of The Bahamas issue appropriate orders, subpoenas, or other compulsory process necessary to compel the above-identified persons to attend to be orally examined.

The Court further requests that the following counsel be allowed to be present and, if necessary, ask questions:

| Party | Attorneys | Contact Information |
|---|---|---|
| Plaintiff SEC | -Alice Sum, Alise Johnson, Russell Koonin, and Teresa Verges, U.S. counsel for SEC<br><br>-Tara Archer-Glasgow, Bahamian counsel for SEC | Alice Sum<br>Securities and Exchange Commission<br>801 Brickell Avenue, Suite 1950<br>Miami, FL 33131<br>Phone:  (305) 416-6293<br>Email: SumAl@sec.gov<br><br>Tara Archer-Glasgow<br>Higgs & Johnson<br>Ocean Centre, Montagu Foreshore<br>East Bay Street<br>PO Box N3247<br>Nassau, The Bahamas<br>Phone: (242) 502-5200<br>tarcher@higgsjohnson.com |

| Defendant Gentile | -Adam Ford, Matthew Ford, Steven Halpin, U.S. counsel for Gentile<br><br>-Bahamian counsel for Gentile | Adam Ford<br>Ford O'Brien Landy LLP<br>275 Madison Avenue<br>24th Floor<br>New York, New York 10016<br>Phone: (212) 858-0040<br>Email: aford@fordobrien.com |

If any objections are made during the oral examinations based on the U.S. Federal Rules of Civil Procedure, Rules of Evidence, or otherwise on U.S. law, rulings shall be made and the issue of admissibility reserved for the trial judge in the U.S. District Court for the Southern District of Florida.

**This Court expresses its willingness to provide similar assistance to the Registrar of the Supreme Court of The Bahamas under appropriate circumstances and in appropriate instances.**

**This Court is willing to assist the Registrar of the Supreme Court of The Bahamas for any reasonable and necessary costs incurred in executing this request of judicial assistance.**

[COURT SEAL]

_____
BETH BLOOM
UNITED STATES DISTRICT JUDGE

Cc:     Counsel of Record

083

# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF FLORIDA

### CASE NO.: 1:21-CV-21079-Bloom

SECURITIES AND EXCHANGE COMMISSION,

      Plaintiff,

v.

MINTBROKER INTERNATIONAL, LTD.,
f/k/a SWISS AMERICA SECURITIES LTD.
and d/b/a SURETRADER, and
GUY GENTILE, a/k/a GUY GENTILE NIGRO,

      Defendants.

_____/

## REQUEST FOR INTERNATIONAL JUDICIAL ASSISTANCE (LETTER ROGATORY)

    TO:    Ms. Constance Delancy, Registrar of the Supreme Court of the Commonwealth of The Bahamas and / or the Appropriate Judicial Authority in The Bahamas

The United States District Court for the Southern District of Florida presents its compliments to the Registrar of the Supreme Court of the Commonwealth of The Bahamas ("Registrar of the Supreme Court of The Bahamas") and requests international judicial assistance to obtain testimony to be used in a civil proceeding before this Court in the above-captioned matter pursuant to Evidence (Proceeding in Other Jurisdictions) Act, 2000, enacted by the Parliament of The Bahamas.

## I.    SUMMARY OF ACTION

The above-captioned matter is a civil proceeding pending in the United States District Court for the Southern District of Florida. On March 23, 2021, the Securities and Exchange Commission ("SEC") filed a Complaint against Defendants MintBroker International, Ltd., f/k/a Swiss America Securities Ltd., d/b/a SureTrader ("SureTrader"), a Bahamian entity, and its

founder, owner, and chief executive officer Guy Gentile a/k/a Guy Gentile Nigro ("Gentile"),

alleging that they operated an offshore broker-dealer in The Bahamas designed to help day traders

in the United States circumvent the U.S. rules that regulate pattern day trading.  The SEC alleges

that, through these activities, SureTrader violated Section 15(a)(1) of the Securities Exchange Act

of 1934 ("Exchange Act"), 15 U.S.C. § 78o(a)(1), by acting as an unregistered securities broker-

dealer.  The SEC also alleges that Gentile is liable for SureTrader's violations as a control person

under Section 20(a) of the Exchange Act, 15 U.S.C. § 78t(a), and for violating Section 15(a)(1) of

the Exchange Act, 15 U.S.C. § 78o(a)(1), through or by means of SureTrader in violation of

Section 20(b) of the Exchange Act, 15 U.S.C. § 78t(b).

## II.    ASSISTANCE REQUIRED

The SEC wishes to obtain the oral examination of certain former employees of SureTrader

who are Bahamian citizens and reside in The Bahamas.  Based upon their roles/job duties at

SureTrader, the SEC expects that they will have information about SureTrader and Gentile

operating an offshore broker-dealer in The Bahamas designed to help day traders in the United

States circumvent the U.S. rules that regulate pattern day trading, illegally soliciting U.S.

customers, and acting as an unregistered securities broker-dealer.  The specific areas in which

these former employees are expected to have knowledge include:

1. SureTrader's policies and procedures concerning solicitation of customers, including those from the U.S.
2. SureTrader's marketing to potential customers, including in the U.S.
3. SureTrader soliciting U.S. customers through
    a. the SureTrader website;
    b. e-mail messages;
    c. third-party websites including
        i. U.S.-based day trading websites SureTrader referred to internally as "affiliates," which offered day trading schools, courses, and advice through on demand videos and chatrooms
        ii. SureTrader offering coupons for free trades and trading with as little as $500

2

4. Traffic on the SureTrader.com website from the United States.
5. SureTrader's customers located in the U.S.
6. SureTrader account opening documents for U.S. customers.
7. SureTrader's use of a web-based Internet Protocol ("IP") blocker and pop-up windows.
8. The percentage/number of SureTrader customers that were from the U.S.
9. SureTrader's compensation, including commissions and other related fees, on U.S.-based customer accounts.
10. Agreements with SureTrader's "affiliates."
11. Gentile's ownership, control, and decision-making authority for SureTrader including its and policies and procedures, operations, website content, and arrangements with "affiliates".
12. SureTrader's use of the "Unsolicited Acknowledgement Agreement" for U.S. customers.
13. SureTrader's compliance with U.S. laws and regulations.
14. Status of SureTrader's company records, including whether copies were made, where they are currently maintained, and who has copies/access.

The Supreme Court, Commonwealth of The Bahamas is requested to issue an order pursuant to Evidence (Proceedings in Other Jurisdictions) Act, 2000, subsection (5)(2)(a), permitting the SEC's counsel in the above-captioned case to conduct an oral examination of the following persons:

| Name | Title/Role at SureTrader | Last Known Contact Information |
|---|---|---|
| Antonio Collie | Chief Financial Officer | 1 (242) 364 6197<br>1 (242) 423 7624 |
| Edward Cooper | Chief Compliance Officer | 1 (242) 422 4120<br>1 (242) 677 7506<br>ec_buzz@hotmail.com |
| Stephen Darville | Information Technology professional | 1 (242) 603 0800<br>1 (242) 826 4711 |
| Drameko Moore | Worked with Affiliates | 1 (242) 302 4100<br>dmoore@delchain.io |
| Janay Symonette Pyfrom | Chief Marketing Officer | 1 (242) 302 4100<br>jsymonette@deltecbank.com |
| Jasmine Sands | Handled new accounts and reported to Cooper | unknown |

The aforementioned individuals' testimony is requested to be given under oath or affirmation. The SEC requests that the oral examinations be taken with videographer and a stenographer to be provided by the SEC.

This Court has jurisdiction under the Federal Rules of Civil Procedure to order discovery, including depositions of witnesses within the United States upon oral examination regarding any matter that is relevant to the subject matter of the pending action. The evidence sought from the witnesses is not only relevant to discovery in this case, but is necessary for the trial of this case and may be so used by the parties because it is not otherwise obtainable by this Court through its compulsory process. The evidence sought in The Bahamas through this request is necessary in order for the Court to do justice in this case. Therefore, this Court respectfully requests that, in the interest of justice, the Supreme Court of The Bahamas issue appropriate orders, subpoenas, or other compulsory process necessary to compel the above-identified persons to attend to be orally examined.

The Court further requests that the following counsel be allowed to be present and, if necessary, ask questions:

| Party | Attorneys | Contact Information |
|---|---|---|
| Plaintiff SEC | -Alice Sum, Alise Johnson, Russell Koonin, and Teresa Verges, U.S. counsel for SEC<br><br>-Tara Archer-Glasgow, Bahamian counsel for SEC | Alice Sum<br>Securities and Exchange Commission<br>801 Brickell Avenue, Suite 1950<br>Miami, FL 33131<br>Phone: (305) 416-6293<br>Email: SumAl@sec.gov<br><br>Tara Archer-Glasgow<br>Higgs & Johnson<br>Ocean Centre, Montagu Foreshore<br>East Bay Street<br>PO Box N3247<br>Nassau, The Bahamas<br>Phone: (242) 502-5200<br>tarcher@higgsjohnson.com |

| Defendant Gentile | -Adam Ford, Matthew Ford, Steven Halpin, U.S. counsel for Gentile<br><br>-Bahamian counsel for Gentile | Adam Ford<br>Ford O'Brien Landy LLP<br>275 Madison Avenue<br>24th Floor<br>New York, New York 10016<br>Phone: (212) 858-0040<br>Email: aford@fordobrien.com |
|---|---|---|

If any objections are made during the oral examinations based on the U.S. Federal Rules of Civil Procedure, Rules of Evidence, or otherwise on U.S. law, rulings shall be made and the issue of admissibility reserved for the trial judge in the U.S. District Court for the Southern District of Florida.

**This Court expresses its willingness to provide similar assistance to the Registrar of the Supreme Court of The Bahamas under appropriate circumstances and in appropriate instances.**

**This Court is willing to assist the Registrar of the Supreme Court of The Bahamas for any reasonable and necessary costs incurred in executing this request of judicial assistance.**

[COURT SEAL]

ALICIA M. OTAZO-REYES
UNITED STATES MAGISTRATE JUDGE

Cc:     Counsel of Record