UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

MDL No. 3076
Case No. 1:23-md-03076-KMM

**IN RE:**

**FTX Cryptocurrency Exchange Collapse Litigation**
_____/
THIS DOCUMENT RELATES TO:

Promoter Defendants

    *Garrison, et al. v. Kevin Paffrath, et al.,* S.D. Fla. Case No. 23-cv-21023

_____/

**PLAINTIFFS' MOTION TO COMPEL EXPEDITED DISCOVERY FROM DEFENDANTS
<u>ERIKA KULLBERG, BRIAN JUNG, AND CREATORS AGENCY LLC</u>**

Plaintiffs respectfully move for an order overruling objections and compelling Defendants Erika Kullberg, Brian Jung, and Creators Agency LLC (collectively, "Defendants") to serve responses and documents to Plaintiffs' jurisdictional discovery requests and to sit for their depositions, as ordered by this Court. ECF No. 422.

In the original action filed against Defendants, *Garrison v. Paffrath*, No. 23-21023-CIV-ALTONAGA/Damian ("*Paffrath*"), Defendants moved to dismiss, arguing that this Court has no jurisdiction over them because neither they nor FTX conducted any substantial business regarding FTX in this state. A discovery dispute ensued, and Chief Judge Altonaga later entered an Order ruling "[t]he Court finds that jurisdictional discovery is appropriate; additional jurisdictional facts need not be alleged in Plaintiffs' pleading," and granting the plaintiffs leave to conduct jurisdictional discovery—written requests and depositions—against Defendants. Plaintiffs accordingly served Defendants with a set of discovery requests seeking basic documents, such as their contracts and agreements concerning their relationship to FTX. *See Paffrath* Requests, attached as **Exhibit 1**. In response to the requests, and before the case was transferred into this MDL, Defendants served objections. *See Paffrath* Responses, attached at **Exhibit 2**.

Shortly after Plaintiffs filed their administrative complaints, with Sam Bankman-Fried's trial imminent, the Court stayed discovery in these proceedings pending the completion of Mr. Bankman-Fried's criminal trial. [ECF Nos. 318, 336]. In doing so, the Court ruled that Plaintiffs could seek to lift the stay and renew the request for jurisdictional discovery when Mr. Bankman-Fried's trial was over. [ECF No. 336]. In moving to dismiss the administrative complaints, Defendants renewed the exact same arguments.

Once Mr. Bankman-Fried's trial concluded, Plaintiffs moved the Court to lift the stay and to grant Plaintiffs leave to conduct limited jurisdictional discovery. *See* Omnibus Motion, attached at **Exhibit 3**. The Court granted Plaintiffs' motion, holding that "jurisdictional discovery is appropriate." *See* Order [ECF No. 422], attached as **Exhibit 4**. The Court held: "The disputed facts related to Plaintiffs' theories of personal jurisdiction are intertwined with the merits of the respective cases—thus, Plaintiffs have a qualified right to jurisdictional discovery." *See id.* at 5. The Order further states that "Plaintiffs shall have 45 days from the date of this order to conduct limited jurisdictional discovery" and that "[a]ny dispute regarding jurisdictional discovery, including but not limited to the breadth of the discovery requests, shall be resolved by a United States Magistrate Judge." *Id.* at 6.

1

Pursuant to the Court's Order, Plaintiffs served Defendants with notices for deposition, and a set of requests for production and interrogatories on December 22, 2023. *See* Jurisdictional Requests, attached as **Exhibit 5**. The Jurisdictional Requests are nearly identical to the same requests Plaintiffs previously served on Defendants in *Paffrath* pre-MDL, to which Defendants already responded with objections in **May 2023**. *Compare* Exs. 1 & 5; *see also* Ex. 2.

Given the expedited February 1st deadline imposed by the Order and the fact that Defendants objected to these same requests seven months ago, Plaintiffs reached out to Defendants to meet and confer on depositions dates and on the requests, simply to confirm whether they intended to renew their same objections (namely unsupported "undue burden" and general "overbreadth" objections) or change them in any way, in order to move this discovery along efficiently. In response, Defendants have refused to provide Plaintiffs with dates for their depositions and maintain that they have 30 days under the Rules to provide their objections to the requests (January 22, 2024), and have no obligation to provide them earlier absent a court order. Defendant Kullberg further objects to "service-related" discovery, contending that because the Court denied Plaintiffs' motion for discovery as to Defendant Haslem, that limited ruling somehow applies to her and the other Defendants that also moved to dismiss for jurisdiction and service-related issues. As explained in Plaintiff's numerous submissions in this MDL and in the original *Paffrath* action, Ms. Kullberg ***was properly served*** and has instead lodged arguments based on a conclusory declaration of an unknown third party that is rife with internal issues and inconsistencies and also contradicts the service affidavit of the disinterested process server who effected service in the first place. Rather than move this action along, Ms. Kullberg is not only stating her intent to ignore the Court's Order, she has even refused to authorize her counsel to confirm whether she is still in the United States (despite participating in this litigation for nearly a year).[1]

Plaintiffs therefore request that the Court grant Plaintiffs' motion and (1) overrule Defendants' objections, (2) order Defendants' to sit for deposition on or before February 1, 2024, with production of all responsive documents and interrogatory responses to be completed at least

---

[1] Plaintiffs will respond to Ms. Kullberg's separate Motion for Protective Order (ECF No. 466) in accordance with the Court's Discovery Procedures.

3 business days before the deposition, in accordance with the District Court's Order and as Federal Rules 26(d) and 34(b)(2) grant this Court the discretion to do.[2]

## ARGUMENT

"The Court is authorized to shorten the discovery response deadlines and has broad discretion to manage the timing of discovery." *Gayle v. Meade*, No. 20-CV-21553, 2020 WL 4515517, at *2 (S.D. Fla. July 13, 2020); *see also Rodriguez v. Niagara Cleaning Servs., Inc.,* No. 09-22645-CIV-UNGARO, 2010 WL 23076, at *1 (S.D. Fla. Jan. 4, 2010) (granting "Motion requesting the Court to shorten the Defendants' response time to the discovery requests"). The Rules of Civil Procedure provide that the time to respond to discovery may be shortened by order of the court. *See* Fed. R. Civ. P. 33(b)(2) and 34(b)(2)(A). Plaintiffs request that the Court use its broad discretion to grant the relief sought herein and compel Defendants to respond to the discovery within the timeframe proposed by Plaintiffs.

"Expedited discovery should be granted when some unusual circumstances or conditions exist that would likely prejudice the party if he were required to wait the normal time." *Fimab-Finanziaria Maglificio Biellese Fratelli Fila S.P.A. v. Helio Imp./Exp.,* 601 F. Supp. 1, 3 (S.D. Fla. 1983). Because Plaintiffs must complete jurisdictional discovery by February 1st, they will be prejudiced if they are forced to wait the full 30 days period allowed under the Rules of Civil Procedure to receive Defendants' discovery responses. On the one hand, if Defendants take the entire time allowed to serve their objections, as they already previously did in *Paffrath*, and as they have indicated they are wont to do again here, simply because the standard rules afford them to, Plaintiffs will be left with no time to meet, confer, and seek Court intervention to resolve the objections in order to obtain any meaningful production and then depose Defendants in advance of the February 1st deadline.

On the other hand, there is simply no prejudice to Defendants in requiring them, on an expedited basis, to simply reassert the same objections that have been pending since May 2023, to respond to *five* requests for production and limited interrogatories, and to sit for *Zoom* depositions in compliance with the Court's Order. To be sure, this is not Defendants' first encounter with these requests, as most of the requests seek the same documents sought in the requests that plaintiffs

---

[2] *See AT&T Mobility LLC v. Dynamic Cellular Corp.*, No. 08-20537-CIV-MORENO, 2008 WL 2139518, at *2 (S.D. Fla. May 7, 2008).

3

served in the *Paffrath* action. *Compare* Exs. 1 & 5; *see also* Ex. 2.[3] Defendants already served objections for these requests and were already preparing documents to serve "by June 12, 2023" (*see* Ex. 2 at 3), and therefore, Defendants can certainly serve responses within the timeline proposed by Plaintiffs. Nor should the Defendants need much time to respond to the "new" request seeking documents concerning Defendants' "travel to, or presence in, Florida" given that, per Defendants' own admissions, Defendants' contacts with Florida are minimal. In sum, because Defendants have had these requests for essentially a year, they should be compelled to serve the responses and produce the documents on an expedited basis.

Given that (1) Defendants already objected to these requests 7 months ago, and (2) the expedited timeframe imposed by the Court's Order, a shortened timeframe for Defendants to serve their discovery responses is not just appropriate, but necessary to give effect to the Court's Order.

Finally, the Court should order that Defendants provide the requested discovery as to *all* Defendants, *including* Defendant Kullberg. The Court's Order allows for jurisdictional discovery as to *all* Defendants, with the exception of *only* Defendant Haslem. *See* Order at n. 2 ("This Order grants limited jurisdictional discovery to all aforementioned Defendants excluding Udonis Haslem."). Defendants have nonetheless indicated that they will oppose any "service-related" discovery as to Defendant Kullberg, in clear violation of the order, which they claim is beyond the scope of "jurisdictional" discovery.

But the Court should reject Kullberg's objection because the targeted service-related discovery *is* jurisdictional discovery, as "[s]ervice of process is a jurisdictional requirement—a court lacks personal jurisdiction over a defendant when the defendant has not been served." *Gubanova v. Miami Beach Owner, LLC*, No. 12-22319-CIV, 2013 WL 6229142, at *5 (S.D. Fla. Dec. 2, 2013) (Rosenbaum, J.) (citing *Pardazi v. Cullman Med. Ctr.*, 896 F.2d 1313, 1317 (11th Cir. 1990)). Moreover, the discovery is necessary to establish that Plaintiffs *did* properly serve Ms. Kullberg, which subjects her to the jurisdiction of this Court, given the numerous discrepancies and obvious inconsistencies concerning service of process that are in the Declaration of Arzu Malik (attached as **Exhibit 7**), an unknown third party whose declaration was for some unexplained reason obtained and proffered by Kullberg, and the process server's return of service (attached as **Exhibit 8**), which "is presumed to be valid absent clear and convincing evidence

---

[3] Moreover, some of the requests were also within in the set of discovery that Plaintiffs served on Defendants early on in this MDL in July 2023. *See, e.g.,* **Exhibit 6**.

4

presented to the contrary." *Happy Tax Franchising, LLC v. Hill*, No. 19-CV-24539-FAM, 2022 WL 6744545, at *3 (S.D. Fla. July 22, 2022).

For example, the process server's Return of Service attests that the "doorman" to the building that was Kullberg's last known address of record (whose picture the process server took) "refused to let [him] up" to the floor where Kullberg's apartment was located, that the doorman called the "recipient" of the service package and was authorized to accept the papers on Kullberg's behalf. *See* Ex. 8 at Ex. 4.

According to "Malik," however, Plaintiffs' process server appeared outside the eleventh floor apartment door in an attempt to serve the process papers, and Malik claims she was never called by the doorman or notified that the process server was there. *See* Exhibit 7 at ¶ 6.[4] Yet, the Return notes that the doorman was *instructed* by the recipient to "accept the [service] documents." *See* Exhibit 8. Kullberg also submitted a declaration (attached as **Exhibit 9**) where she claims she has never resided at "any address in New York," but, according to the current resident at 400 E., Kullberg *was* the previous resident of that apartment. *See* Ex. 9 at ¶ 7; *see also* Ex. 8. Finally, most confusing of all, neither Malik nor Kullberg *ever* explain how they know each other or how Malik was able to contact Kullberg to give her the service package or her subsequent declaration.

Given the two wildly conflicting versions of what occurred on the date of service—and the fact that Kullberg's whereabouts are unknown—it is unclear as whether Defendant Kullberg is even residing in the United States—Plaintiffs are entitled, pursuant to the Court's Order, to seek jurisdictional discovery from Kullberg as to the alleged facts and testimony she has proffered as to service of process on her.

## CONCLUSION

For the foregoing reasons, Plaintiffs respectfully request that the Court grant Plaintiffs' motion and (1) overrule Defendants' objections, (2) order Defendants' to sit for deposition on or before February 1, 2024, with production of all responsive documents and interrogatory responses to be completed at least 3 business days before the deposition, in accordance with the District Court's Order and as Federal Rules 26(d) and 34(b)(2) grant this Court the discretion to do.[5]

---

[4] Though, Malik admits that the fact that she was never notified by the doorman was "odd" given that "the doorman calls to notify [her] of anyone entering the building to visit [her] Apartment, even food deliveries." *Id.* ¶ 7.

[5] *See AT&T Mobility LLC v. Dynamic Cellular Corp.*, No. 08-20537-CIV-MORENO, 2008 WL 2139518, at *2 (S.D. Fla. May 7, 2008).

5

## S.D. FLA. L.R. 7.1 CERTIFICATION

Plaintiffs' Counsel certify that they have conferred with Counsel for Defendants Erika Kullberg, Brian Jung, and Creators Agency LLC in a good faith effort to resolve the issues raised in this Motion, and report that Defendants oppose the requested relief.

Dated: January 5, 2024                                         Respectfully submitted,

| **Plaintiffs' Co-Lead Counsel** | |
|---|---|
| By: /s/ *Adam Moskowitz*<br>Adam M. Moskowitz<br>Florida Bar No. 984280<br>Joseph M. Kaye<br>Florida Bar No. 117520<br>**THE MOSKOWITZ LAW FIRM, PLLC**<br>Continental Plaza<br>3250 Mary Street, Suite 202<br>Coconut Grove, FL 33133<br>Office: (305) 740-1423<br>adam@moskowitz-law.com<br>joseph@moskowitz-law.com<br>service@moskowitz-law.com | By: /s/ *David Boies*<br>David Boies<br>Alex Boies<br>Brooke Alexander<br>**BOIES SCHILLER FLEXNER LLP**<br>333 Main Street<br>Armonk, NY 10504<br>Office: (914) 749-8200<br>dboies@bsfllp.com<br>aboies@bsfllp.com<br>balexander@bsfllp.com |
| **Plaintiffs' Promoter Committee Members** | |
| Barbara C. Lewis<br>Florida Bar No. 118114<br>**THE MOSKOWITZ LAW FIRM, PLLC**<br>Continental Plaza<br>3250 Mary Street, Suite 202<br>Coconut Grove, FL 33133<br>Office: (305) 740-1423<br>barbara@moskowitz-law.com<br>service@moskowitz-law.com | K. Rachel Lanier<br>Alex Brown<br>**THE LANIER LAW FIRM, P.C.**<br>10940 W. Sam Houston Pkwy N.<br>Houston, TX 77064<br>Telephone: (713) 659-5200<br>Rachel.Lanier@lanierlawfirm.com<br>Alex.Brown@lanierlawfirm.com |

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on January 5, 2024, a true and correct copy of the foregoing was filed electronically with the Clerk of the Court, by using the CM/ECF system, causing a true and correct copy to be served on all counsel of record.

/s/ *Adam M. Moskowitz*
Adam M. Moskowitz