# Exhibit 1

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**
**MIAMI DIVISION**

**CASE NO. 23-21023-CIV-ALTONAGA/Damian**

**EDWIN GARRISON**, *et al.,* on behalf of
themselves and all others similarly situated,

    *Plaintiffs,*

*v.*

**KEVIN PAFFRATH, GRAHAM STEPHAN,
ANDREI JIKH, JASPREET SINGH, BRIAN
JUNG, JEREMY LEFEBVRE, TOM NASH,
BEN ARMSTRONG, ERIKA KULLBERG,
CREATORS AGENCY, LLC,**

    *Defendants.*

_____/

**PLAINTIFF'S FIRST SET OF SEVEN REQUESTS FOR PRODUCTION TO**
**<u>DEFENDANT BRIAN JUNG</u>**

    Plaintiff, pursuant to Fed. R. Civ. P. 26 and 34, requests that Defendant, Brian Jung

("Jung"), produce the documents requested in response to these seven requests.

    Dated: May 17, 2023              Respectfully submitted,

                          **By: <u>*/s/ Adam Moskowitz*</u>**
                          Adam M. Moskowitz
                          Florida Bar No. 984280
                          adam@moskowitz-law.com
                          Joseph M. Kaye
                          Florida Bar No. 117520
                          joseph@moskowitz-law.com
                          **THE MOSKOWITZ LAW FIRM, PLLC**
                          2 Alhambra Plaza, Suite 601
                          Coral Gables, FL 33134
                          Telephone: (305) 740-1423

                          **By: <u>*/s/Stuart Z. Grossman*</u>**
                          Stuart Z. Grossman
                          Florida Bar No. 156113
                          Manuel A. Arteaga-Gomez

*Edwin Garrison, et al. v. Kevin Paffrath, et al.*
*CASE NO. 23-21023-CIV-ALTONAGA/Damian*

Florida Bar No. 18122
**GROSSMAN ROTH YAFFA COHEN, P.A.**
2525 Ponce de Leon Boulevard, Suite 1150
Coral Gables, FL 33134
Ph: 305-442-8666
Fx: 305-285-1668
szg@grossmanroth.com
aag@grossmanroth.com

By: */s/ Stephen Neal Zack*
Stephen Neal Zack
Florida Bar No. 145215
Tyler Ulrich
Florida Bar No. 94705
**BOIES SCHILLER FLEXNER LLP**
100 SE 2nd St., Suite 2800
Miami, FL 33131
Office: 305-539-8400
szack@bsfllp.com
tulrich@bsfllp.com

**By: */s/ Jose Ferrer***
Jose Ferrer
Florida Bar No. 173746
Michelle Genet Bernstein
Florida Bar No. 1030736
**MARK MIGDAL HAYDEN LLP**
8 SW 8th Street, Suite 1999
Miami, FL 33130
Office: 305-374-0440
jose@markmigdal.com
michelle@markmigdal.com
eservice@markmigdal.com

*Co-Counsel for Plaintiffs and the Class*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on May 17, 2023, a true and correct copy of the foregoing was

sent via electronic mail to counsel for Defendants.

By: */s/ Adam M. Moskowitz*
ADAM M. MOSKOWITZ

*Edwin Garrison, et al. v. Kevin Paffrath, et al.*
*CASE NO. 23-21023-CIV-ALTONAGA/Damian*

## DEFINITIONS AND INSTRUCTIONS

Unless otherwise specified, the terms set forth below have the following meanings:

1.      "Jung," "You," or "Your" means Defendant Brian Jung and any of his affiliates, representatives, or agents.

2.      "Co-Defendants" means any of the other Defendants sued in this Action, and any of their affiliates, subsidiaries, divisions, segments, predecessors, successors, officers, directors, employees, representatives, or agents.

3.      "FTX Entities" means West Realm Shires Services, Inc., FTX Trading Ltd, Blockfolio, Inc., Alameda Research, LLC, and any of their affiliates, subsidiaries, divisions, segments, predecessors, successors, officers, directors, employees, representatives, or agents.

4.      "FTX Platform" refers to the FTX Entities' mobile application and/or web-based cryptocurrency investment service that places cryptocurrency trade orders on behalf of users.

5.      "YBAs" refers to the Yield-Bearing Accounts offered by the FTX Entities on the FTX Platform.

6.      "FTT" refers to the native cryptocurrency exchange token of the FTX Platform ecosystem.

7.      "Document(s)" means any written, printed, typed or other graphic matter, of any kind or nature, whether in hard copy or electronic format, whether the original, draft, or a copy and copies bearing notations or marks not found on the original, including but not limited to memoranda, reports, recommendations, notes, letters, envelopes, post-its, emails, telegrams, messages, manuscripts, studies, analyses, tests, comparisons, books, articles, pamphlets, magazines, newspapers, booklets, circulars, bulletins, notices, instructions, minutes, agreements, contracts, and all other written communications, of any type, including inter and

intra-office communications, purchase orders, invoices, bills, receipts, questionnaires, surveys, charts, graphs, videos, photographs, sketches, drawings, house sheets, tapes, voice messages or other recordings, print-outs or compilations from which information can be obtained or, if necessary, translated through detection devices into reasonably usable form, including all underlying or preparatory materials and drafts thereof.

8.    Unless otherwise stated in a request, the time period for which you must respond is beginning in January 1, 2019 and ending at the present time.

9.    "Person" or "People" means any natural person(s) or any business, legal, or governmental entity (or entities) or association(s).

10.    All/Each – The terms "all" and "each" shall be construed as meaning either all or each as necessary to bring within the scope of the discovery request all responses that might otherwise be construed to be outside its scope.

11.    Objections: Where an objection is made to any request, the objection shall state with specificity all grounds. Any ground not stated in an objection within the time provided by the Federal Rules of Civil Procedure, or by the Court's order, or any extensions thereof, shall be waived.

12.    Whenever a reference to a business entity appears, the reference shall mean the business entity, its affiliated companies, partnerships, divisions, subdivisions, directors, officers, employees, agents, clients or other representatives of affiliated third parties.

## **INSTRUCTIONS**

1.    Production of documents and items requested herein shall be made at the offices of The Moskowitz Law Firm, P.O. Box 141609, Coral Gables, FL 33114, or for hand deliveries at 251 Valencia Ave #141609, Coral Gables, FL 33114, or via electronic mail to the email

addresses provided in the signature blocks of the attorneys serving these requests.

2.      These requests shall include all documents that are in the possession, custody or control of Defendant or in the possession, custody or control of the present or former agents, representatives, or attorneys of Defendant, or any and all persons acting on the behalf of Defendant, or its present or former agents, representatives, or attorneys.

3.      For any document covered by a request that is withheld from production, Defendant shall provide the following information in the form of a privilege log:

   a.      the reasons and facts supporting any withholding;

   b.      the date such document was prepared;

   c.      the names, employment positions and addresses of the author or preparers of such document;

   d.      the names, employment positions, and the addresses of each person who received such document;

   e.      the title and a brief description of the document; and

   f.      the number of the request under which such document would be produced but for the objection.

4.      If any document responsive to a request has been destroyed, produce all documents describing or referencing:

   a.      the contents of the lost or destroyed document;

   b.      all locations in which any copy of the lost or destroyed document had been maintained;

   c.      the date of such loss or destruction;

   d.      the name of each person who ordered, authorized, and carried out

the destruction of any responsive document;

    e.    all document retention and destruction policies in effect at the time any requested document was destroyed; and

    f.    all efforts made to locate any responsive document alleged to have been lost.

5.    In producing the documents requested, indicate the specific request(s) pursuant to which document or group of documents is being produced.

6.    These requests should be deemed continuing, and supplemental productions should be provided as additional documents become available.

7.    All documents are to be produced in the following method:

    a)  Single page .TIFF

    b)  Color .jpg (Documents wherein reflection of importance relies on color, shall be produced in .jpg format)

    c)  OCR at document level (All documents are to be provided with searchable text files with the exception of the redacted portions of redacted documents)

    d)  Electronic documents and Emails are to be processed and converted from the electronic format to single page tiff

## <u>SEVEN REQUESTS FOR PRODUCTION</u>

***Please refer to the Definitions and Instructions when responding to these requests. To the extent that any of these requests seek information considered by Defendants to be confidential, Plaintiffs agree to enter into any reasonable confidentiality agreement with Defendants to protect such alleged confidential information.***

1.      All Documents and Communications, including contracts or agreements, regarding any business You (personally or through any entity owned by You, or any of Your or Your entities' affiliates, representatives, employees, or agents) conducted with the FTX Entities, including all documents mgmt communications regarding any payments made to You (personally or to any entity owned by You, or any of Your or Your entities' affiliates, representatives, employees, or agents) in accordance with any such contract or agreement.

2.      All videos or other content You (personally or through any entity owned by You, or any of Your or Your entities' affiliates, representatives, employees, or agents) produced regarding, relating to, and/or mentioning the FTX platform, FTT, and/or YBAs, including videos or content that have been removed from their public-facing platforms.[1]

3.      All Documents and Communications, that show, evidence and/or relate to Defendant "targeting" Defendant's Florida audience, and Florida's FTX consumers.

4.      All Documents and Communications regarding any and all communications between You (personally or through any entity owned by You, or any of Your or Your entities'

---

[1] Any such videos and/or content either should still be saved on Defendants' hard drives and preserved for use in this litigation, or should still be on the private-facing portions of their social media platforms—for instance, Defendants could have set a video they posted on YouTube to "private" so it no longer is publicly viewable or searchable but is still posted on their account. "Spoliation is the destruction or significant alteration of evidence, or the failure to preserve property for another's use as evidence in pending or reasonably foreseeable litigation." *Graff v. Baja Marine Corp*., 310 F. App'x 298, 301 (11th Cir. 2009). "The duty to preserve relevant evidence is triggered not only when litigation is pending, but also when it reasonably foreseeable to that party." *Title Cap. Mgmt., LLC v. Progress Residential, LLC*, No. 16-21882-CV, 2017 WL 5953428, at *4 (S.D. Fla. Sept. 29, 2017).

affiliates, representatives, employees, or agents) with the FTX Entities regarding promotion of FTT, YBAs or the FTX Platform.

5.      All Documents regarding any and all due diligence You (personally or through any entity owned by You, or any of Your or Your entities' affiliates, representatives, employees, or agents) conducted before promotion of FTT, YBAs or FTX Platform to the public.

6.      All Documents and Communications between You and any of the Co-Defendants in this Action regarding this lawsuit and/or the subject matter of this lawsuit, including the promotion of FTT, YBAs or the FTX Platform.

7.      All Documents that show, evidence and/or relate to Your purchases, ownership, or control of FTT, including any wallet addresses controlled by You related to your FTT holdings.

## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF FLORIDA
## MIAMI DIVISION

### CASE NO. 23-21023-CIV-ALTONAGA/Damian

**EDWIN GARRISON**, *et al.,* on behalf of
themselves and all others similarly situated,

    *Plaintiffs,*

v.

**KEVIN PAFFRATH, GRAHAM STEPHAN,
ANDREI JIKH, JASPREET SINGH, BRIAN
JUNG, JEREMY LEFEBVRE, TOM NASH,
BEN ARMSTRONG, ERIKA KULLBERG,
CREATORS AGENCY, LLC,**

    *Defendants.*

_____/

### PLAINTIFF'S FIRST SET OF SEVEN REQUESTS FOR PRODUCTION TO
### <u>DEFENDANT CREATORS AGENCY LLC</u>

Plaintiff, pursuant to Fed. R. Civ. P. 26 and 34, requests that Defendant, Creators Agency

LLC ("CA"), produce the documents requested in response to these seven requests.

Dated: May 17, 2023                Respectfully submitted,

                                    **By: <u>*/s/ Adam Moskowitz*</u>**
                                    Adam M. Moskowitz
                                    Florida Bar No. 984280
                                    adam@moskowitz-law.com
                                    Joseph M. Kaye
                                    Florida Bar No. 117520
                                    joseph@moskowitz-law.com
                                    **THE MOSKOWITZ LAW FIRM, PLLC**
                                    2 Alhambra Plaza, Suite 601
                                    Coral Gables, FL 33134
                                    Telephone: (305) 740-1423

                                    **By: <u>*/s/Stuart Z. Grossman*</u>**
                                    Stuart Z. Grossman
                                    Florida Bar No. 156113
                                    Manuel A. Arteaga-Gomez

*Edwin Garrison, et al. v. Kevin Paffrath, et al.*
*CASE NO. 23-21023-CIV-ALTONAGA/Damian*

Florida Bar No. 18122
**GROSSMAN ROTH YAFFA COHEN, P.A.**
2525 Ponce de Leon Boulevard, Suite 1150
Coral Gables, FL 33134
Ph: 305-442-8666
Fx: 305-285-1668
szg@grossmanroth.com
aag@grossmanroth.com

By: */s/ Stephen Neal Zack*
Stephen Neal Zack
Florida Bar No. 145215
Tyler Ulrich
Florida Bar No. 94705
**BOIES SCHILLER FLEXNER LLP**
100 SE 2nd St., Suite 2800
Miami, FL 33131
Office: 305-539-8400
szack@bsfllp.com
tulrich@bsfllp.com

By: */s/ Jose Ferrer*
Jose Ferrer
Florida Bar No. 173746
Michelle Genet Bernstein
Florida Bar No. 1030736
**MARK MIGDAL HAYDEN LLP**
8 SW 8th Street, Suite 1999
Miami, FL 33130
Office: 305-374-0440
jose@markmigdal.com
michelle@markmigdal.com
eservice@markmigdal.com

*Co-Counsel for Plaintiffs and the Class*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on May 17, 2023, a true and correct copy of the foregoing was

sent via electronic mail to counsel for Defendants.

By: */s/ Adam M. Moskowitz*
ADAM M. MOSKOWITZ

*Edwin Garrison, et al. v. Kevin Paffrath, et al.*
*CASE NO. 23-21023-CIV-ALTONAGA/Damian*

## <u>DEFINITIONS AND INSTRUCTIONS</u>

Unless otherwise specified, the terms set forth below have the following meanings:

1.      "CA," "You," or "Your" means Defendant Creators Agency LLC and any of its affiliates, subsidiaries, divisions, segments, predecessors, successors, officers, directors, employees, representatives, or agents.

2.      "Co-Defendants" means any of the other Defendants sued in this Action, and any of their affiliates, subsidiaries, divisions, segments, predecessors, successors, officers, directors, employees, representatives, or agents.

3.      "FTX Entities" means West Realm Shires Services, Inc., FTX Trading Ltd, Blockfolio, Inc., Alameda Research, LLC, and any of their affiliates, subsidiaries, divisions, segments, predecessors, successors, officers, directors, employees, representatives, or agents.

4.      "FTX Platform" refers to the FTX Entities' mobile application and/or web-based cryptocurrency investment service that places cryptocurrency trade orders on behalf of users.

5.      "YBAs" refers to the Yield-Bearing Accounts offered by the FTX Entities on the FTX Platform.

6.      "FTT" refers to the native cryptocurrency exchange token of the FTX Platform ecosystem.

7.      "Document(s)" means any written, printed, typed or other graphic matter, of any kind or nature, whether in hard copy or electronic format, whether the original, draft, or a copy and copies bearing notations or marks not found on the original, including but not limited to memoranda, reports, recommendations, notes, letters, envelopes, post-its, emails, telegrams, messages, manuscripts, studies, analyses, tests, comparisons, books, articles, pamphlets, magazines, newspapers, booklets, circulars, bulletins, notices, instructions, minutes,

3

agreements, contracts, and all other written communications, of any type, including inter and intra-office communications, purchase orders, invoices, bills, receipts, questionnaires, surveys, charts, graphs, videos, photographs, sketches, drawings, house sheets, tapes, voice messages or other recordings, print-outs or compilations from which information can be obtained or, if necessary, translated through detection devices into reasonably usable form, including all underlying or preparatory materials and drafts thereof.

8.      Unless otherwise stated in a request, the time period for which you must respond is beginning in January 1, 2019 and ending at the present time.

9.      "Person" or "People" means any natural person(s) or any business, legal, or governmental entity (or entities) or association(s).

10.     All/Each – The terms "all" and "each" shall be construed as meaning either all or each as necessary to bring within the scope of the discovery request all responses that might otherwise be construed to be outside its scope.

11.     Objections: Where an objection is made to any request, the objection shall state with specificity all grounds. Any ground not stated in an objection within the time provided by the Federal Rules of Civil Procedure, or by the Court's order, or any extensions thereof, shall be waived.

12.     Whenever a reference to a business entity appears, the reference shall mean the business entity, its affiliated companies, partnerships, divisions, subdivisions, directors, officers, employees, agents, clients or other representatives of affiliated third parties.

## **INSTRUCTIONS**

1.      Production of documents and items requested herein shall be made at the offices of The Moskowitz Law Firm, P.O. Box 141609, Coral Gables, FL 33114, or for hand deliveries

at 251 Valencia Ave #141609, Coral Gables, FL 33114, or via electronic mail to the email addresses provided in the signature blocks of the attorneys serving these requests.

2.   These requests shall include all documents that are in the possession, custody or control of Defendant or in the possession, custody or control of the present or former agents, representatives, or attorneys of Defendant, or any and all persons acting on the behalf of Defendant, or its present or former agents, representatives, or attorneys.

3.   For any document covered by a request that is withheld from production, Defendant shall provide the following information in the form of a privilege log:

      a.   the reasons and facts supporting any withholding;

      b.   the date such document was prepared;

      c.   the names, employment positions and addresses of the author or preparers of such document;

      d.   the names, employment positions, and the addresses of each person who received such document;

      e.   the title and a brief description of the document; and

      f.   the number of the request under which such document would be produced but for the objection.

4.   If any document responsive to a request has been destroyed, produce all documents describing or referencing:

      a.   the contents of the lost or destroyed document;

      b.   all locations in which any copy of the lost or destroyed document had been maintained;

      c.   the date of such loss or destruction;

*Edwin Garrison, et al. v. Kevin Paffrath, et al.*
*CASE NO. 23-21023-CIV-ALTONAGA/Damian*

    d.      the name of each person who ordered, authorized, and carried out the destruction of any responsive document;

    e.      all document retention and destruction policies in effect at the time any requested document was destroyed; and

    f.      all efforts made to locate any responsive document alleged to have been lost.

5.    In producing the documents requested, indicate the specific request(s) pursuant to which document or group of documents is being produced.

6.    These requests should be deemed continuing, and supplemental productions should be provided as additional documents become available.

7.    All documents are to be produced in the following method:

    a)  Single page .TIFF

    b)  Color .jpg (Documents wherein reflection of importance relies on color, shall be produced in .jpg format)

    c)  OCR at document level (All documents are to be provided with searchable text files with the exception of the redacted portions of redacted documents)

    d)  Electronic documents and Emails are to be processed and converted from the electronic format to single page tiff

*Edwin Garrison, et al. v. Kevin Paffrath, et al.*
*CASE NO. 23-21023-CIV-ALTONAGA/Damian*

## <u>SEVEN REQUESTS FOR PRODUCTION</u>

***Please refer to the Definitions and Instructions when responding to these requests. To the extent that any of these requests seek information considered by Defendants to be confidential, Plaintiffs agree to enter into any reasonable confidentiality agreement with Defendants to protect such alleged confidential information.***

1.      All Documents and Communications, including contracts or agreements, regarding any business You (personally or through any entity owned by You, or any of Your or Your entities' affiliates, representatives, employees, or agents) conducted with the FTX Entities, including all documents and communications regarding any payments made to You (personally or to any entity owned by You, or any of Your or Your entities' affiliates, representatives, employees, or agents) in accordance with any such contract or agreement.

2.      All videos or other content You (personally or through any entity owned by You, or any of Your or Your entities' affiliates, representatives, employees, or agents) produced regarding, relating to, and/or mentioning the FTX platform, FTT, and/or YBAs, including videos or content that have been removed from their public-facing platforms.[1]

3.      All Documents and Communications, that show, evidence and/or relate to Defendant "targeting" Defendant's Florida audience, and Florida's FTX consumers.

4.      All Documents and Communications regarding any and all communications between You (personally or through any entity owned by You, or any of Your or Your entities'

---

[1] Any such videos and/or content either should still be saved on Defendants' hard drives and preserved for use in this litigation, or should still be on the private-facing portions of their social media platforms—for instance, Defendants could have set a video they posted on YouTube to "private" so it no longer is publicly viewable or searchable but is still posted on their account. "Spoliation is the destruction or significant alteration of evidence, or the failure to preserve property for another's use as evidence in pending or reasonably foreseeable litigation." *Graff v. Baja Marine Corp.*, 310 F. App'x 298, 301 (11th Cir. 2009). "The duty to preserve relevant evidence is triggered not only when litigation is pending, but also when it reasonably foreseeable to that party." *Title Cap. Mgmt., LLC v. Progress Residential, LLC*, No. 16-21882-CV, 2017 WL 5953428, at *4 (S.D. Fla. Sept. 29, 2017).

affiliates, representatives, employees, or agents) with the FTX Entities regarding promotion of FTT, YBAs or the FTX Platform.

5.      All Documents regarding any and all due diligence You (personally or through any entity owned by You, or any of Your or Your entities' affiliates, representatives, employees, or agents) conducted before promotion of FTT, YBAs or FTX Platform to the public.

6.      All Documents and Communications between You and any of the Co-Defendants in this Action regarding this lawsuit and/or the subject matter of this lawsuit, including the promotion of FTT, YBAs or the FTX Platform.

7.      All Documents that show, evidence and/or relate to Your purchases, ownership, or control of FTT, including any wallet addresses controlled by You related to your FTT holdings.

# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF FLORIDA
## MIAMI DIVISION
### CASE NO. 23-21023-CIV-ALTONAGA/Damian

EDWIN GARRISON, *et al.,* on behalf of
themselves and all others similarly situated,

     *Plaintiffs,*

*v.*

KEVIN PAFFRATH, GRAHAM STEPHAN,
ANDREI JIKH, JASPREET SINGH, BRIAN
JUNG, JEREMY LEFEBVRE, TOM NASH,
BEN ARMSTRONG, ERIKA KULLBERG,
CREATORS AGENCY, LLC,

     *Defendants.*

_____/

## PLAINTIFF'S FIRST SET OF SEVEN REQUESTS FOR PRODUCTION TO DEFENDANT ERIKA KULLBERG

Plaintiff, pursuant to Fed. R. Civ. P. 26 and 34, requests that Defendant, Erika Kullberg

("Kullberg"), produce the documents requested in response to these seven requests.

Dated: May 17, 2023             Respectfully submitted,

                              **By: */s/ Adam Moskowitz*_____**
                              Adam M. Moskowitz
                              Florida Bar No. 984280
                              adam@moskowitz-law.com
                              Joseph M. Kaye
                              Florida Bar No. 117520
                              joseph@moskowitz-law.com
                              **THE MOSKOWITZ LAW FIRM, PLLC**
                              2 Alhambra Plaza, Suite 601
                              Coral Gables, FL 33134
                              Telephone: (305) 740-1423

                              **By: */s/Stuart Z. Grossman*__**
                              Stuart Z. Grossman
                              Florida Bar No. 156113
                              Manuel A. Arteaga-Gomez

*Edwin Garrison, et al. v. Kevin Paffrath, et al.*
*CASE NO. 23-21023-CIV-ALTONAGA/Damian*

Florida Bar No. 18122
**GROSSMAN ROTH YAFFA COHEN, P.A.**
2525 Ponce de Leon Boulevard, Suite 1150
Coral Gables, FL 33134
Ph: 305-442-8666
Fx: 305-285-1668
szg@grossmanroth.com
aag@grossmanroth.com

By: */s/ Stephen Neal Zack*
Stephen Neal Zack
Florida Bar No. 145215
Tyler Ulrich
Florida Bar No. 94705
**BOIES SCHILLER FLEXNER LLP**
100 SE 2nd St., Suite 2800
Miami, FL 33131
Office: 305-539-8400
szack@bsfllp.com
tulrich@bsfllp.com

By: */s/ Jose Ferrer*
Jose Ferrer
Florida Bar No. 173746
Michelle Genet Bernstein
Florida Bar No. 1030736
**MARK MIGDAL HAYDEN LLP**
8 SW 8th Street, Suite 1999
Miami, FL 33130
Office: 305-374-0440
jose@markmigdal.com
michelle@markmigdal.com
eservice@markmigdal.com

*Co-Counsel for Plaintiffs and the Class*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on May 17, 2023, a true and correct copy of the foregoing was

sent via electronic mail to counsel for Defendants.

By: */s/ Adam M. Moskowitz*
ADAM M. MOSKOWITZ

2

*Edwin Garrison, et al. v. Kevin Paffrath, et al.*
*CASE NO. 23-21023-CIV-ALTONAGA/Damian*

## <u>DEFINITIONS AND INSTRUCTIONS</u>

Unless otherwise specified, the terms set forth below have the following meanings:

1.        "Kullberg," "You," or "Your" means Defendant Erika Kullberg and any of her affiliates, representatives, or agents.

2.        "Co-Defendants" means any of the other Defendants sued in this Action, and any of their affiliates, subsidiaries, divisions, segments, predecessors, successors, officers, directors, employees, representatives, or agents.

3.        "FTX Entities" means West Realm Shires Services, Inc., FTX Trading Ltd, Blockfolio, Inc., Alameda Research, LLC, and any of their affiliates, subsidiaries, divisions, segments, predecessors, successors, officers, directors, employees, representatives, or agents.

4.        "FTX Platform" refers to the FTX Entities' mobile application and/or web-based cryptocurrency investment service that places cryptocurrency trade orders on behalf of users.

5.        "YBAs" refers to the Yield-Bearing Accounts offered by the FTX Entities on the FTX Platform.

6.        "FTT" refers to the native cryptocurrency exchange token of the FTX Platform ecosystem.

7.        "Document(s)" means any written, printed, typed or other graphic matter, of any kind or nature, whether in hard copy or electronic format, whether the original, draft, or a copy and copies bearing notations or marks not found on the original, including but not limited to memoranda, reports, recommendations, notes, letters, envelopes, post-its, emails, telegrams, messages, manuscripts, studies, analyses, tests, comparisons, books, articles, pamphlets, magazines, newspapers, booklets, circulars, bulletins, notices, instructions, minutes, agreements, contracts, and all other written communications, of any type, including inter and

intra-office communications, purchase orders, invoices, bills, receipts, questionnaires, surveys,

charts, graphs, videos, photographs, sketches, drawings, house sheets, tapes, voice messages or

other recordings, print-outs or compilations from which information can be obtained or, if

necessary, translated through detection devices into reasonably usable form, including all

underlying or preparatory materials and drafts thereof.

8.      Unless otherwise stated in a request, the time period for which you must respond

is beginning in January 1, 2019 and ending at the present time.

9.      "Person" or "People" means any natural person(s) or any business, legal, or

governmental entity (or entities) or association(s).

10.     All/Each – The terms "all" and "each" shall be construed as meaning either all

or each as necessary to bring within the scope of the discovery request all responses that might

otherwise be construed to be outside its scope.

11.     Objections: Where an objection is made to any request, the objection shall state

with specificity all grounds. Any ground not stated in an objection within the time provided by

the Federal Rules of Civil Procedure, or by the Court's order, or any extensions thereof, shall be

waived.

12.     Whenever a reference to a business entity appears, the reference shall mean the

business entity, its affiliated companies, partnerships, divisions, subdivisions, directors, officers,

employees, agents, clients or other representatives of affiliated third parties.

## **INSTRUCTIONS**

1.      Production of documents and items requested herein shall be made at the offices of The

Moskowitz Law Firm, P.O. Box 141609, Coral Gables, FL 33114, or for hand deliveries

at 251 Valencia Ave #141609, Coral Gables, FL 33114, or via electronic mail to the email

addresses provided in the signature blocks of the attorneys serving these requests.

2.      These requests shall include all documents that are in the possession, custody or control of Defendant or in the possession, custody or control of the present or former agents, representatives, or attorneys of Defendant, or any and all persons acting on the behalf of Defendant, or its present or former agents, representatives, or attorneys.

3.      For any document covered by a request that is withheld from production, Defendant shall provide the following information in the form of a privilege log:

      a.      the reasons and facts supporting any withholding;

      b.      the date such document was prepared;

      c.      the names, employment positions and addresses of the author or preparers of such document;

      d.      the names, employment positions, and the addresses of each person who received such document;

      e.      the title and a brief description of the document; and

      f.      the number of the request under which such document would be produced but for the objection.

4.      If any document responsive to a request has been destroyed, produce all documents describing or referencing:

      a.      the contents of the lost or destroyed document;

      b.      all locations in which any copy of the lost or destroyed document had been maintained;

      c.      the date of such loss or destruction;

      d.      the name of each person who ordered, authorized, and carried out

*Edwin Garrison, et al. v. Kevin Paffrath, et al.*
*CASE NO. 23-21023-CIV-ALTONAGA/Damian*

the destruction of any responsive document;

   e.   all document retention and destruction policies in effect at the time any requested document was destroyed; and

   f.   all efforts made to locate any responsive document alleged to have been lost.

5.   In producing the documents requested, indicate the specific request(s) pursuant to which document or group of documents is being produced.

6.   These requests should be deemed continuing, and supplemental productions should be provided as additional documents become available.

7.   All documents are to be produced in the following method:

   a)   Single page .TIFF

   b)   Color .jpg (Documents wherein reflection of importance relies on color, shall be produced in .jpg format)

   c)   OCR at document level (All documents are to be provided with searchable text files with the exception of the redacted portions of redacted documents)

   d)   Electronic documents and Emails are to be processed and converted from the electronic format to single page tiff

*Edwin Garrison, et al. v. Kevin Paffrath, et al.*
*CASE NO. 23-21023-CIV-ALTONAGA/Damian*

## <u>SEVEN REQUESTS FOR PRODUCTION</u>

***Please refer to the Definitions and Instructions when responding to these requests. To the extent that any of these requests seek information considered by Defendants to be confidential, Plaintiffs agree to enter into any reasonable confidentiality agreement with Defendants to protect such alleged confidential information.***

1.     All Documents and Communications, including contracts or agreements, regarding any business You (personally or through any entity owned by You, or any of Your or Your entities' affiliates, representatives, employees, or agents) conducted with the FTX Entities, including all documents and communications regarding any payments made to You (personally or to any entity owned by You, or any of Your or Your entities' affiliates, representatives, employees, or agents) in accordance with any such contract or agreement.

2.     All videos or other content You (personally or through any entity owned by You, or any of Your or Your entities' affiliates, representatives, employees, or agents) produced regarding, relating to, and/or mentioning the FTX platform, FTT, and/or YBAs, including videos or content that have been removed from their public-facing platforms.[1]

3.     All Documents and Communications, that show, evidence and/or relate to Defendant "targeting" Defendant's Florida audience, and Florida's FTX consumers.

4.     All Documents and Communications regarding any and all communications between You (personally or through any entity owned by You, or any of Your or Your entities'

---

[1] Any such videos and/or content either should still be saved on Defendants' hard drives and preserved for use in this litigation, or should still be on the private-facing portions of their social media platforms—for instance, Defendants could have set a video they posted on YouTube to "private" so it no longer is publicly viewable or searchable but is still posted on their account. "Spoliation is the destruction or significant alteration of evidence, or the failure to preserve property for another's use as evidence in pending or reasonably foreseeable litigation." *Graff v. Baja Marine Corp.*, 310 F. App'x 298, 301 (11th Cir. 2009). "The duty to preserve relevant evidence is triggered not only when litigation is pending, but also when it reasonably foreseeable to that party." *Title Cap. Mgmt., LLC v. Progress Residential, LLC*, No. 16-21882-CV, 2017 WL 5953428, at *4 (S.D. Fla. Sept. 29, 2017).

affiliates, representatives, employees, or agents) with the FTX Entities regarding promotion of FTT, YBAs or the FTX Platform.

5.      All Documents regarding any and all due diligence You (personally or through any entity owned by You, or any of Your or Your entities' affiliates, representatives, employees, or agents) conducted before promotion of FTT, YBAs or FTX Platform to the public.

6.      All Documents and Communications between You and any of the Co-Defendants in this Action regarding this lawsuit and/or the subject matter of this lawsuit, including the promotion of FTT, YBAs or the FTX Platform.

7.      All Documents that show, evidence and/or relate to Your purchases, ownership, or control of FTT, including any wallet addresses controlled by You related to your FTT holdings.