# Exhibit 2

SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

EDWIN GARRISON, *et al.*,                               CASE NO. 1:23-cv-21023-CMA/Damian

      Plaintiffs,

v.

KEVIN PAFFRATH, *et al.*,

      Defendants.
_____/

**DEFENDANT BRIAN JUNG'S RESPONSE TO PLAINTIFFS'
FIRST SET OF SEVEN REQUESTS FOR PRODUCTION**

Pursuant to Rules 26 and 34 of the Federal Rules of Civil Procedure and in accordance with this Court's Order dated May 19, 2023 [D.E. 96], Defendant Brian Jung hereby responds to Plaintiffs' First Set of Seven Requests for Production to Defendant Brian Jung (each a "Request," and, collectively, the "Requests"), including the "Definitions and Instructions" contained therein, as follows:

**PRELIMINARY STATEMENT AND PRESERVATION OF RIGHTS**

1. This Reservation of Rights, along with the General Objections and Responses to Specific Requests, are incorporated in each response set forth below. Mr. Jung's responses to all or any part of the Requests should not be taken as an admission that: (1) Mr. Jung accepts, admits, or agrees to any factual or legal conclusion set forth in, or assumed by, all or any part of the Requests, or (2) Mr. Jung has in his possession, custody, or control documents responsive to all or any part of the Requests; or (3) documents responsive to any particular Request exist.

2. Mr. Jung's responses to all or any part of any Request are not intended to be, and shall not be a waiver by Mr. Jung of all or any part of his objection(s) to the Request(s). Mr. Jung also expressly preserves: (a) any objections as to the privilege of any document requested in response

1

to the Requests; (b) the right at any time to revise, correct, supplement, or clarify any of the responses or objections herein.

3. Mr. Jung reserves his right to object to the admission or use at trial of any and all documents produced, or information provided, in response to the Requests, including any objections with regard to competence, relevance, materiality, propriety, admissibility, privilege, privacy, and any and all other objections on grounds that would require the exclusion of any response or document under the Federal Rules of Evidence.

4. To the extent it is determined that the Requests may exceed the scope of written jurisdictional discovery requests, notwithstanding Judge Altonaga's May 19, 2023 Order [D.E. 96], Mr. Jung reserves the right to raise merits-based or class-based objections, including but not limited to an objection that the Requests exceed the scope of materials relevant to the YBAs, which are the alleged "security" at issue in this litigation.

5. Subject to the Reservation of Rights, the General Objections, and the Specific Objections and Responses to Requests below, Mr. Jung will search for and produce non-privileged documents that are responsive to the Requests, in his custody, possession and control, and that fall within the agreed upon time period.

## GENERAL OBJECTIONS

1. The following responses and objections are incorporated in Mr. Jung's responses to each Request contained in the Seven Requests for Production.

2. Mr. Jung objects to the extent that the Requests exceed the scope of written jurisdictional discovery, which was the limit imposed for this set of requests, pursuant to Judge Altonaga's May 19, 2023 Order [D.E. 96] in the above-captioned action ("The parties have until **May 22, 2023** to serve written jurisdictional discovery requests.") (emphasis in original).

3. Mr. Jung objects to the definition of "Jung," "You," or "Your" to the extent that the definition would include his attorneys, agents, or any other individuals besides Mr. Jung individually.

4. Mr. Jung objects to the extent the Requests seek documents or information protected from disclosure by the attorney-client privilege, attorney work product doctrine, common interest privilege and/or joint defense privilege. Any inadvertent disclosure of privileged information or material is not intended as a waiver of the applicable privilege or protection.

## RESPONSES TO SEVEN REQUESTS FOR PRODUCTION

**REQUEST FOR PRODUCTION NO. 1**: All Documents and Communications, including contracts or agreements, regarding any business You (personally or through any entity owned by You, or any of Your or Your entities' affiliates, representatives, employees, or agents) conducted with the FTX Entities, including all documents and communications regarding any payments made to You (personally or to any entity owned by You, or any of Your or Your entities' affiliates, representatives, employees, or agents) in accordance with any such contract or agreement.

> **RESPONSE**: In addition to the foregoing General Objections, Mr. Jung objects to this Request to the extent it seeks documents and communications regarding business Mr. Jung conducted with the FTX Entities, if any, that are not related to, referring to, or connected in any way to the State of Florida, and are therefore outside the scope of jurisdictional discovery.
>
> To the extent that Mr. Jung has any documents and communications regarding business Mr. Jung conducted with the FTX Entities related to, referring to, or connected to the State of Florida, Mr. Jung will produce such documents and communications by the June 12, 2023 deadline set by the Court.

**REQUEST FOR PRODUCTION NO. 2**: All videos or other content You (personally or through any entity owned by You, or any of Your or Your entities' affiliates, representatives, employees, or agents) produced regarding, relating to, and/or mentioning the FTX platform, FTT, and/or YBAs, including videos or content that have been removed from their public-facing platforms.

> **RESPONSE**: In addition to the foregoing General Objections, Mr. Jung objects to this Request as seeking documents outside the scope of jurisdictional discovery.

**REQUEST FOR PRODUCTION NO. 3**: All Documents and Communications, that show, evidence and/or relate to Defendant "targeting" Defendant's Florida audience, and Florida's FTX consumers.

> **RESPONSE**: Mr. Jung will produce any responsive documents, to the extent any exist, by the June 12, 2023 deadline set by the Court.

**REQUEST FOR PRODUCTION NO. 4**: All Documents and Communications regarding any and all communications between You (personally or through any entity owned by You, or any of Your or Your entities' affiliates, representatives, employees, or agents) with the FTX Entities regarding promotion of FTT, YBAs or the FTX Platform.

> **RESPONSE**: In addition to the foregoing General Objections, Mr. Jung objects to this Request to the extent it seeks documents and communications with the FTX Entities regarding promotion of FTT, YBAs or the FTX Platform, if any, that are not related to, referring to, or connected in any way to the State of Florida, and are therefore outside the scope of jurisdictional discovery.
>
> To the extent that Mr. Jung has any documents and communications with the FTX Entities related to, referring to, or connected to the State of Florida regarding promotion of FTT, YBAs or the FTX Platform, Mr. Jung will produce such documents and communications by the June 12, 2023 deadline set by the Court.

**REQUEST FOR PRODUCTION NO. 5**: All Documents regarding any and all due diligence You (personally or through any entity owned by You, or any of Your or Your entities' affiliates, representatives, employees, or agents) conducted before promotion of FTT, YBAs or FTX Platform to the public.

> **RESPONSE**: In addition to the foregoing General Objections, Mr. Jung objects to this Request as seeking documents outside the scope of jurisdictional discovery.

**REQUEST FOR PRODUCTION NO 6**: All Documents and Communications between You and any of the Co-Defendants in this Action regarding this lawsuit and/or the subject matter of this lawsuit, including the promotion of FTT, YBAs or the FTX Platform.

> **RESPONSE**: In addition to the General Objections, Mr. Jung objects to this Request as seeking documents and communications that are protected by the attorney-client privilege, attorney work product doctrine, common interest and/or joint defense privilege. In addition, Mr. Jung objects to this Request as outside the scope of jurisdictional discovery to the extent it seeks communications that are not related to, referring to, or connected to the State of Florida.
>
> To the extent that non-privileged documents exist between or among Co-Defendants, in which at least one Defendant was operating from the State of Florida, Mr. Jung will product such documents and communications.

**REQUEST FOR PRODUCTION NO. 7**: All Documents that show, evidence and/or relate to Your purchases, ownership, or control of FTT, including any wallet addresses controlled by You related to your FTT holdings.

**RESPONSE**: In addition to the foregoing General Objections, Mr. Jung objects to this Request as seeking documents outside the scope of jurisdictional discovery.

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on May 29, 2023, a true and correct copy of the foregoing was sent via electronic mail to all counsel of record.

> STEARNS WEAVER MILLER WEISSLER
> ALHADEFF & SITTERSON, P.A.
>
> By: */s/ Jose G. Sepulveda*
> JOSE G. SEPULVEDA, FL Bar No. 154490
> jsepulveda@stearnsweaver.com
> mfigueras@stearnsweaver.com
> 150 W. Flagler Street, Suite 2000
> Miami, Florida 33130
> Telephone: 305-789-3200
>
> and
>
> POTOMAC LAW GROUP, PLLC
> Derek Adams, Esq., *Pro Hac Vice*
> dadams@potomaclaw.com
> 1300 Pennsylvania Avenue, NW, Suite 700
> Washington, D.C. 20004
> Telephone: 202-204-3005
>
> *Counsel for Defendant Brian Jung,*

5

#11722308 v1

SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

EDWIN GARRISON, *et al.*,　　　　　　　　　CASE NO. 1:23-cv-21023-CMA/Damian

　　Plaintiffs,

v.

KEVIN PAFFRATH, *et al.*,

　　Defendants.
_____/

**DEFENDANT CREATORS AGENCY LLC'S RESPONSE TO PLAINTIFFS'
FIRST SET OF SEVEN REQUESTS FOR PRODUCTION**

Pursuant to Rules 26 and 34 of the Federal Rules of Civil Procedure and in accordance with this Court's Order dated May 19, 2023 [D.E. 96], Defendant Creators Agency LLC ("Creators Agency") hereby responds to Plaintiffs' First Set of Seven Requests for Production to Defendant Creators Agency LLC (each a "Request," and, collectively, the "Requests"), including the "Definitions and Instructions" contained therein, as follows:

**PRELIMINARY STATEMENT AND PRESERVATION OF RIGHTS**

1. This Reservation of Rights, along with the General Objections and Responses to Specific Requests, are incorporated in each response set forth below. Creators Agency's responses to all or any part of the Requests should not be taken as an admission that: (1) Creators Agency accepts, admits, or agrees to any factual or legal conclusion set forth in, or assumed by, all or any part of the Requests, or (2) Creators Agency has in its possession, custody, or control documents responsive to all or any part of the Requests; or (3) documents responsive to any particular Request exist.

2. Creators Agency's responses to all or any part of any Request are not intended to be, and shall not be a waiver by Creators Agency of all or any part of his objection(s) to the Request(s).

1

Creators Agency also expressly preserves: (a) any objections as to the privilege of any document requested in response to the Requests; (b) the right at any time to revise, correct, supplement, or clarify any of the responses or objections herein.

3. Creators Agency reserves its right to object to the admission or use at trial of any and all documents produced, or information provided, in response to the Requests, including any objections with regard to competence, relevance, materiality, propriety, admissibility, privilege, privacy, and any and all other objections on grounds that would require the exclusion of any response or document under the Federal Rules of Evidence.

4. To the extent it is determined that the Requests may exceed the scope of written jurisdictional discovery requests, notwithstanding Judge Altonaga's May 19, 2023 Order [D.E. 96], Creators Agency reserves the right to raise merits-based or class-based objections, including but not limited to an objection that the Requests exceed the scope of materials relevant to the YBAs, which are the alleged "security" at issue in this litigation.

5. Subject to the Reservation of Rights, the General Objections, and the Specific Objections and Responses to Requests below, Creators Agency will search for and produce non-privileged documents that are responsive to the Requests, in its custody, possession and control, and that fall within the agreed upon time period.

## GENERAL OBJECTIONS

1. The following responses and objections are incorporated in Creators Agency's responses to each Request contained in the Seven Requests for Production.

2. Creators Agency objects to the extent that the Requests exceed the scope of written jurisdictional discovery, which was the limit imposed for this set of requests, pursuant to Judge Altonaga's May 19, 2023 Order [D.E. 96] in the above-captioned action ("The parties have until **May 22, 2023** to serve written jurisdictional discovery requests.") (emphasis in original).

3. Creators Agency objects to the definition of "CA," "You," or "Your" as overbroad and will limit its production to documents in the possession, custody, or control of Creators Agency.

4. Creators Agency objects to the extent the Requests seek documents or information protected from disclosure by the attorney-client privilege, attorney work product doctrine, common interest privilege and/or joint defense privilege. Any inadvertent disclosure of privileged information or material is not intended as a waiver of the applicable privilege or protection.

## RESPONSES TO SEVEN REQUESTS FOR PRODUCTION

**REQUEST FOR PRODUCTION NO. 1**: All Documents and Communications, including contracts or agreements, regarding any business You (personally or through any entity owned by You, or any of Your or Your entities' affiliates, representatives, employees, or agents) conducted with the FTX Entities, including all documents and communications regarding any payments made to You (personally or to any entity owned by You, or any of Your or Your entities' affiliates, representatives, employees, or agents) in accordance with any such contract or agreement.

> **RESPONSE**: In addition to the foregoing General Objections, Creators Agency objects to this Request to the extent it seeks documents and communications regarding business Creators Agency conducted with the FTX Entities, that are not related to, referring to, or connected in any way to the State of Florida, and are therefore outside the scope of jurisdictional discovery.
>
> To the extent that Creators Agency has any documents and communications regarding business Creators Agency conducted with the FTX Entities, if any, related to, referring to, or connected to the State of Florida, Creators Agency will produce such documents and communications by the June 12, 2023 deadline set by the Court.

**REQUEST FOR PRODUCTION NO. 2**: All videos or other content You (personally or through any entity owned by You, or any of Your or Your entities' affiliates, representatives, employees, or agents) produced regarding, relating to, and/or mentioning the FTX platform, FTT, and/or YBAs, including videos or content that have been removed from their public-facing platforms.

> **RESPONSE**: In addition to the foregoing General Objections, Creators Agency objects to this Request as seeking documents outside the scope of jurisdictional discovery.

**REQUEST FOR PRODUCTION NO. 3**: All Documents and Communications, that show, evidence and/or relate to Defendant "targeting" Defendant's Florida audience, and Florida's FTX consumers.

**RESPONSE**: Creators Agency will produce any responsive documents, to the extent any exist, by the June 12, 2023 deadline set by the Court.

**REQUEST FOR PRODUCTION NO. 4**: All Documents and Communications regarding any and all communications between You (personally or through any entity owned by You, or any of Your or Your entities' affiliates, representatives, employees, or agents) with the FTX Entities regarding promotion of FTT, YBAs or the FTX Platform.

**RESPONSE**: In addition to the foregoing General Objections, Creators Agency objects to this Request to the extent it seeks documents and communications with the FTX Entities regarding promotion of FTT, YBAs or the FTX Platform, if any, that are not related to, referring to, or connected in any way to the State of Florida, and are therefore outside the scope of jurisdictional discovery.

To the extent that Creators Agency has any documents and communications with the FTX Entities related to, referring to, or connected to the State of Florida regarding promotion of FTT, YBAs or the FTX Platform, Creators Agency will produce such documents and communications by the June 12, 2023 deadline set by the Court.

**REQUEST FOR PRODUCTION NO. 5**: All Documents regarding any and all due diligence You (personally or through any entity owned by You, or any of Your or Your entities' affiliates, representatives, employees, or agents) conducted before promotion of FTT, YBAs or FTX Platform to the public.

**RESPONSE**: In addition to the foregoing General Objections, Creators Agency objects to this Request as seeking documents outside the scope of jurisdictional discovery.

**REQUEST FOR PRODUCTION NO 6**: All Documents and Communications between You and any of the Co-Defendants in this Action regarding this lawsuit and/or the subject matter of this lawsuit, including the promotion of FTT, YBAs or the FTX Platform.

**RESPONSE**: In addition to the General Objections, Creators Agency objects to this Request as seeking documents and communications that are protected by the attorney-client privilege, attorney work product doctrine, common interest and/or joint defense privilege. In addition, Creators Agency objects to this Request as outside the scope of jurisdictional discovery to the extent it seeks communications that are not related to, referring to, or connected to the State of Florida.

To the extent that non-privileged documents exist between or among Co-Defendants, in which at least one Defendant was operating from the State of Florida, Creators Agency will product such documents and communications.

**REQUEST FOR PRODUCTION NO. 7**: All Documents that show, evidence and/or relate to Your purchases, ownership, or control of FTT, including any wallet addresses controlled by You related to your FTT holdings.

4

**RESPONSE**: In addition to the foregoing General Objections, Creators Agency objects to this Request as seeking documents outside the scope of jurisdictional discovery.

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on May 29, 2023, a true and correct copy of the foregoing was sent via electronic mail to all counsel of record.

STEARNS WEAVER MILLER WEISSLER
ALHADEFF & SITTERSON, P.A.

By: */s/ Jose G. Sepulveda*
JOSE G. SEPULVEDA, FL Bar No. 154490
jsepulveda@stearnsweaver.com
mfigueras@stearnsweaver.com
150 W. Flagler Street, Suite 2000
Miami, Florida 33130
Telephone: 305-789-3200

and

POTOMAC LAW GROUP, PLLC
Derek Adams, Esq., *Pro Hac Vice*
dadams@potomaclaw.com
1300 Pennsylvania Avenue, NW, Suite 700
Washington, D.C. 20004
Telephone: 202-204-3005

*Counsel for Defendant Creators Agency LLC*

#11722309 v1

SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

EDWIN GARRISON, *et al.*,            CASE NO. 1:23-cv-21023-CMA/Damian

      Plaintiffs,

v.

KEVIN PAFFRATH, *et al.*,

      Defendants.
_____/

### DEFENDANT ERIKA KULLBERG'S RESPONSE TO PLAINTIFFS' FIRST SET OF SEVEN REQUESTS FOR PRODUCTION

Pursuant to Rules 26 and 34 of the Federal Rules of Civil Procedure and in accordance with this Court's Order dated May 19, 2023 [D.E. 96], Defendant Erika Kullberg hereby responds to Plaintiffs' First Set of Seven Requests for Production to Defendant Erika Kullberg (each a "Request," and, collectively, the "Requests"), including the "Definitions and Instructions" contained therein, as follows:[1]

### PRELIMINARY STATEMENT AND PRESERVATION OF RIGHTS

1. This Reservation of Rights, along with the General Objections and Responses to Specific Requests, are incorporated in each response set forth below. Ms. Kullberg's responses to all or any part of the Requests should not be taken as an admission that: (1) Ms. Kullberg accepts, admits, or agrees to any factual or legal conclusion set forth in, or assumed by, all or any part of the Requests, or (2) Ms. Kullberg has in her possession, custody, or control documents responsive to all or any part of the Requests; or (3) documents responsive to any particular Request exist.

---

[1] By answering this discovery request, Defendant Kullberg does not waive, and specifically preserves, her defenses under Rule 12(b)(5), which is being filed separately, in accordance with the Court's Order [D.E. 96].

1

2. Ms. Kullberg's responses to all or any part of any Request are not intended to be, and shall not be a waiver by Ms. Kullberg of all or any part of her objection(s) to the Request(s). Ms. Kullberg also expressly preserves: (a) any objections as to the privilege of any document requested in response to the Requests; (b) the right at any time to revise, correct, supplement, or clarify any of the responses or objections herein.

3. Ms. Kullberg reserves her right to object to the admission or use at trial of any and all documents produced, or information provided, in response to the Requests, including any objections with regard to competence, relevance, materiality, propriety, admissibility, privilege, privacy, and any and all other objections on grounds that would require the exclusion of any response or document under the Federal Rules of Evidence.

4. To the extent it is determined that the Requests may exceed the scope of written jurisdictional discovery requests, notwithstanding Judge Altonaga's May 19, 2023 Order [D.E. 96], Ms. Kullberg reserves the right to raise merits-based or class-based objections, including but not limited to an objection that the Requests exceed the scope of materials relevant to the YBAs, which are the alleged "security" at issue in this litigation.

5. Subject to the Reservation of Rights, the General Objections, and the Specific Objections and Responses to Requests below, Ms. Kullberg will search for and produce non-privileged documents that are responsive to the Requests, in her custody, possession and control, and that fall within the agreed upon time period.

## GENERAL OBJECTIONS

1. The following responses and objections are incorporated in Ms. Kullberg's responses to each Request contained in the Seven Requests for Production.

2. Ms. Kullberg objects to the extent that the Requests exceed the scope of written jurisdictional discovery, which was the limit imposed for this set of requests, pursuant to Judge

Altonaga's May 19, 2023 Order [D.E. 96] in the above-captioned action ("The parties have until **May 22, 2023** to serve written jurisdictional discovery requests.") (emphasis in original).

3. Ms. Kullberg objects to the definition of "Kullberg," "You," or "Your" to the extent that the definition would include her attorneys, agents, or any other individuals besides Ms. Kullberg individually.

4. Ms. Kullberg objects to the extent the Requests seek documents or information protected from disclosure by the attorney-client privilege, attorney work product doctrine, common interest privilege and/or joint defense privilege. Any inadvertent disclosure of privileged information or material is not intended as a waiver of the applicable privilege or protection.

## RESPONSES TO SEVEN REQUESTS FOR PRODUCTION

**REQUEST FOR PRODUCTION NO. 1**: All Documents and Communications, including contracts or agreements, regarding any business You (personally or through any entity owned by You, or any of Your or Your entities' affiliates, representatives, employees, or agents) conducted with the FTX Entities, including all documents and communications regarding any payments made to You (personally or to any entity owned by You, or any of Your or Your entities' affiliates, representatives, employees, or agents) in accordance with any such contract or agreement.

>**RESPONSE**: In addition to the foregoing General Objections, Ms. Kullberg objects to this Request to the extent it seeks documents and communications regarding business Ms. Kullberg conducted with the FTX Entities, if any, that are not related to, referring to, or connected in any way to the State of Florida, and are therefore outside the scope of jurisdictional discovery.
>
>To the extent that Ms. Kullberg has any documents and communications regarding business Ms. Kullberg conducted with the FTX Entities related to, referring to, or connected to the State of Florida, Ms. Kullberg will produce such documents and communications by the June 12, 2023 deadline set by the Court.

**REQUEST FOR PRODUCTION NO. 2**: All videos or other content You (personally or through any entity owned by You, or any of Your or Your entities' affiliates, representatives, employees, or agents) produced regarding, relating to, and/or mentioning the FTX platform, FTT, and/or YBAs, including videos or content that have been removed from their public-facing platforms.

3

**RESPONSE**: In addition to the foregoing General Objections, Ms. Kullberg objects to this Request as seeking documents outside the scope of jurisdictional discovery.

**REQUEST FOR PRODUCTION NO. 3**: All Documents and Communications, that show, evidence and/or relate to Defendant "targeting" Defendant's Florida audience, and Florida's FTX consumers.

**RESPONSE**: Ms. Kullberg will produce any responsive documents, to the extent any exist, by the June 12, 2023 deadline set by the Court.

**REQUEST FOR PRODUCTION NO. 4**: All Documents and Communications regarding any and all communications between You (personally or through any entity owned by You, or any of Your or Your entities' affiliates, representatives, employees, or agents) with the FTX Entities regarding promotion of FTT, YBAs or the FTX Platform.

**RESPONSE**: In addition to the foregoing General Objections, Ms. Kullberg objects to this Request to the extent it seeks documents and communications with the FTX Entities regarding promotion of FTT, YBAs or the FTX Platform, if any, that are not related to, referring to, or connected in any way to the State of Florida, and are therefore outside the scope of jurisdictional discovery.

To the extent that Ms. Kullberg has any documents and communications with the FTX Entities related to, referring to, or connected to the State of Florida regarding promotion of FTT, YBAs or the FTX Platform, Ms. Kullberg will produce such documents and communications by the June 12, 2023 deadline set by the Court.

**REQUEST FOR PRODUCTION NO. 5**: All Documents regarding any and all due diligence You (personally or through any entity owned by You, or any of Your or Your entities' affiliates, representatives, employees, or agents) conducted before promotion of FTT, YBAs or FTX Platform to the public.

**RESPONSE**: In addition to the foregoing General Objections, Ms. Kullberg objects to this Request as seeking documents outside the scope of jurisdictional discovery.

**REQUEST FOR PRODUCTION NO 6**: All Documents and Communications between You and any of the Co-Defendants in this Action regarding this lawsuit and/or the subject matter of this lawsuit, including the promotion of FTT, YBAs or the FTX Platform.

**RESPONSE**: In addition to the General Objections, Ms. Kullberg objects to this Request as seeking documents and communications that are protected by the attorney-client privilege, attorney work product doctrine, common interest and/or joint defense privilege. In addition, Ms. Kullberg objects to this Request as outside the scope of jurisdictional discovery to the extent it seeks communications that are not related to, referring to, or connected to the State of Florida.

To the extent that non-privileged documents exist between or among Co-Defendants, in which at least one Defendant was operating from the State of Florida, Ms. Kullberg will product such documents and communications.

**REQUEST FOR PRODUCTION NO. 7**: All Documents that show, evidence and/or relate to Your purchases, ownership, or control of FTT, including any wallet addresses controlled by You related to your FTT holdings.

**RESPONSE**: In addition to the foregoing General Objections, Ms. Kullberg objects to this Request as seeking documents outside the scope of jurisdictional discovery.

### CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on May 22, 2023, a true and correct copy of the foregoing was sent via electronic mail to all counsel of record.

STEARNS WEAVER MILLER WEISSLER
ALHADEFF & SITTERSON, P.A.

By: */s/ Jose G. Sepulveda*
JOSE G. SEPULVEDA, FL Bar No. 154490
jsepulveda@stearnsweaver.com
mfigueras@stearnsweaver.com
150 W. Flagler Street, Suite 2000
Miami, Florida 33130
Telephone: 305-789-3200

and

POTOMAC LAW GROUP, PLLC
Derek Adams, Esq., *Pro Hac Vice*
dadams@potomaclaw.com
1300 Pennsylvania Avenue, NW, Suite 700
Washington, D.C. 20004
Telephone: 202-204-3005

*Counsel for Defendant Erika Kullberg*