# Exhibit 3

# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF FLORIDA
## MDL No. 3076
## CASE NO. 1:23-md-03076-KMM

IN RE:

**FTX Cryptocurrency Exchange Collapse MDL Litigation**

_____

THIS DOCUMENT RELATES TO:

Bank Defendants

> *O'Keefe v. Sequoia Capital Operations, LLC, et al.*,
> S.D. Fla. Case No. 1:23-cv-20700

> *O'Keefe v. Farmington State Bank d/b/a Moonstone
> Bank, et al.*, E.D. Wa. Case No. 2:23-cv-00213-TOR

Multinational VC Defendants

> *O'Keefe v. Sequoia Capital Operations, LLC, et al.*,
> S.D. Fla. Case No. 1:23-cv-20700

> *O'Keefe v. Temasek Holdings (Private) Ltd., et al.*,
> N.D. Cal. Case No. 3:23-cv-3655

> *Chernyavsky et al. v. Temasek Holdings (Private) Ltd.,
> et al.*, S.D. Fla. Case No. 1:23-cv-22960

> *Cabo et al. v. Temasek Holdings (Private) Ltd. et al.*,
> N.D. Cal. Case No. 3:23-cv-03974

Promoter Defendants

> *Garrison, et al. v. Bankman-Fried, et al.,* S.D. Fla.
> Case No. 22-cv-23753

> *Garrison, et al. v. Kevin Paffrath, et al.,* S.D. Fla. Case
> No. 23-cv-21023

_____/

## PLAINTIFFS' OMNIBUS MOTION TO LIFT DISCOVERY STAY AND FOR LEAVE TO CONDUCT JURISDICTIONAL DISCOVERY, AND, IF NECESSARY TO AMEND THEIR COMPLAINTS WITH ANY FACTS ARISING FROM SUCH DISCOVERY

Plaintiffs respectfully move the Court to enter an order: (1) lifting the stay of discovery imposed during the pendency of Sam Bankman-Fried's Trial, [ECF Nos. 318, 336]; (2) granting Plaintiffs leave to (a) take brief jurisdictional discovery from the following Defendants, prior to a ruling on Defendants' arguments to dismiss the actions against them for lack of personal jurisdiction or insufficient service of process: Steph Curry, Golden State Warriors LLC ("GSW"), Solomid Corporation ("TSM"), Naomi Osaka, Udonis Haslem, Lawrence Gene David, Andre Jikh, Jeremy LeFebvre, Graham Stephan, Jaspreet Singh, Erika Kullberg, Brian Jung, Creators Agency LLC ("CA"), SoftBank Group Corp., SoftBank Investment Advisers (UK) Limited, SoftBank Global Advisers Limited, Temasek Holdings (Private) Limited, Temasek International USA LLC, Sino Global Capital Holdings LLC, Farmington State Bank d/b/a Moonstone Bank ("Moonstone"), Deltec Bank and Trust Company Limited ("Deltec"), and Jean Chalopin; and (b) to file any amendments to the Administrative Complaints or oppositions to the pending motions within twenty (20) days after completing that brief jurisdictional discovery, so Plaintiffs may incorporate any additional facts that support personal jurisdiction over these Defendants and address arguments raised in all Defendants' motions to dismiss.

## **BACKGROUND**

Since before this MDL was created, the Promoter Defendants'[1] primary argument was that Florida courts had no jurisdiction over them because neither they nor FTX conducted any substantial business regarding FTX in this state.

---

[1] The "Promoter Defendants," for purposes of this Motion, are defined as Steph Curry, Golden State Warriors LLC ("GSW"), Solomid Corporation ("TSM"), Naomi Osaka, Udonis Haslem, Lawrence Gene David, Andre Jikh, Jeremy LeFebvre, Graham Stephan, Jaspreet Singh, Erika Kullberg, Brian Jung, and CA. The "Bank Defendants," for purposes of this Motion, are Moonstone, Deltec, and Jean Chalopin; the "VC Defendants" are SoftBank Group Corp., SoftBank Investment Advisers (UK) Limited, SoftBank Global Advisers Limited, Temasek Holdings (Private) Limited, Temasek International USA LLC, and Sino Global Capital Holdings LLC.

In *Garrison v. Bankman-Fried*, No. 1:22-cv-23753-KMM ("*Garrison*"), Plaintiffs filed a motion for leave to conduct jurisdictional discovery as to Defendants Curry, David, GSW, and Osaka,[2] and Udonis Haslem, based on the same jurisdictional arguments they raise in their now-pending motion to dismiss. *See Garrison*, ECF No. 163, attached as **Exhibit A**. The Court denied that motion as moot when the Court granted the *Garrison* Plaintiffs leave to amend their complaint, [ECF No. 207] which included, among other materials, the Declaration of Dan Friedberg, where he explained that FTX's Vice President of Business Development, Avi Dabir, "operated from our Miami office, and he was focused on formulating and executing our important FTX celebrity partnerships." [ECF No. 205-1, ¶¶ 20–25].

The *Garrison* Plaintiffs maintained, however, that if "any FTX Defendant decides to renew any arguments, and/or raise additional arguments as to personal jurisdiction directed to that Amended Complaint, even in light of this new jurisdictional information, Plaintiffs respectfully submit that brief jurisdictional discovery (brief depositions and targeted discovery) may be necessary, consistent with the orders on discovery entered by Chief Judge Altonaga, Judge Altman, and Magistrate Judge Reid in the related Voyager Digital class actions pending before this Court." [ECF No. 202].

Also before this MDL, in *Garrison v. Paffrath*, No. 23-21023-CIV-ALTONAGA/Damian ("*Paffrath*"), Defendants Jikh, LeFebvre, Stephan, Singh, Kullberg, Jung, and CA also moved to dismiss on the same jurisdictional grounds they now raise here. After considering the *Paffrath* Parties' Joint Report on Discovery,[3] Chief Judge Altonaga entered an Order,[4] ruling "[t]he Court

---

[2] Defendant Shohei Ohtani as well, though he no longer contests personal jurisdiction here.

[3] *Paffrath*, [ECF No. 93], attached as **Exhibit B**.

[4] *Id.,* [ECF No. 96], attached as **Exhibit C**.

finds that jurisdictional discovery is appropriate; additional jurisdictional facts need not be alleged in Plaintiffs' pleading," and granted Plaintiffs leave to conduct jurisdictional discovery—written requests and depositions—against Defendants Jikh, LeFebvre, Stephan, Singh, Kullberg, Jung, and CA. Further, Chief Judge Altonaga stayed any and all briefing on motions to dismiss under Federal Rule of Civil Procedure 12(b)(6) pending completion of jurisdictional discovery and the filing of operative complaints and motions to dismiss for lack of personal jurisdiction and/or to transfer venue. *Id.*

Once this MDL was consolidated before this Court, however, these same Defendants renewed their claim that Plaintiffs are not entitled to jurisdictional discovery, ignoring that the Court already found these same allegations sufficient to trigger Plaintiffs' "qualified right to jurisdictional discovery." *See Am. Civil Liberties, Union of Fla. v. City of Sarasota*, 859 F.3d 1337, 1341 (11th Cir. 2017).

Shortly after Plaintiffs filed their Consolidated Amended Complaints, The Promoter Defendants, the Bank Defendants, and the Foreign VC Defendants all moved to dismiss the claims against them for lack of personal jurisdiction or for insufficient service of process.

Given that Sam Bankman-Fried's trial was imminent, the Court granted Mr. Bankman-Fried's and the Government's request to stay discovery in these proceedings pending the completion of Mr. Bankman-Fried's criminal trial. [ECF Nos. 318, 336]. The Court ruled, however, that Plaintiffs may seek to lift the stay and renew this request for jurisdictional discovery when Mr. Bankman-Fried's trial was over. [ECF No. 336].

On November 2, 2023, Mr. Bankman-Fried's trial concluded when the jury returned a verdict finding him guilty on all seven counts.[5] Accordingly, Plaintiffs respectfully ask the Court at this stage to lift the stay and to grant Plaintiffs leave to conduct limited jurisdictional discovery, and to afford a very brief period (20 days) following that discovery to file any amendments to the Administrative Complaints or oppositions to the pending motions, especially because Courts routinely allow such amendments to cure pleading deficiencies in service of the general principle that "decisions on the merits are not to be avoided on the basis of 'mere technicalities.'" *Castros v. Signal Fin. Co. LLC*, 1:17-CV-21870-KMM, 2018 WL 1137099, at *1 (S.D. Fla. Feb. 4, 2018) (Moore, C.J.) (collecting cases).[6]

## I.   LEGAL ARGUMENT

Florida's long-arm statute provides for both general and specific personal jurisdiction. The Court has general personal jurisdiction over a defendant who has been "engaged in substantial and not isolated activity within this state ... whether or not the claim arises from that activity." Fla. Stat. § 48.193(2). Specific jurisdiction exists for claims arising out of certain discrete acts of a defendant that occur in Florida, including "[c]omitting a tortious act within this state." Fla. Stat. § 48.193(1)(a)(2) (2022).

---

[5]   https://www.reuters.com/legal/ftx-founder-sam-bankman-fried-thought-rules-did-not-apply-him-prosecutor-says-2023-11-02/ (accessed November 3, 2023).

[6]   Granting Plaintiffs' request would comport with the "policy of the federal rules []to permit liberal amendment to facilitate determination of claims on the merits and to prevent litigation from becoming a technical exercise in the fine points of pleading," particularly where the proposed amendment would not violate any scheduling order in place and there is no "substantial reason" to deny the amendment, which "could include 'undue delay, bad faith or dilatory motive, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party, and futility of the amendment[,]'" none of which would apply since Plaintiffs would be providing their first substantive amendment to the complaint after, at a minimum, taking narrow discovery to address the jurisdictional arguments raised by some of the Defendants. *Castros*, 2018 WL 1137099, at *1 (citations omitted).

In the *Paffrath* complaint, Plaintiffs invoked both general and specific jurisdiction as the basis for personal jurisdiction over each of the FTX Defendants under the long arm statute by alleging:

> 11. FTX's fraudulent scheme was designed to take advantage of investors from across the globe, including specifically in Florida, who sought out what was represented to be a safe platform to make their investments in the burgeoning cryptocurrency industry. The scheme resulted in FTX investors collectively sustaining billions of dollars in damages.
>
> . . .
>
> 33. This Court has personal jurisdiction against Defendants because they conduct substantial and not isolated business in Florida, and/or have otherwise intentionally availed themselves of the Florida consumer market through the promotion, marketing, and sale of FTX's YBAs in Florida — including to Plaintiffs in this case — which constitutes committing a tortious act within the state of Florida. Defendants have also marketed and participated and/or assisted in the sale of FTX's unregistered securities to consumers in Florida. Further, Defendants have engaged in a conspiracy in which some of the co-conspirators—including some who are Defendants in this action—committed overt acts in furtherance of the conspiracy in the State of Florida. This purposeful availment renders the exercise of jurisdiction by this Court over Defendants permissible under traditional notions of fair play and substantial justice.

*Paffrath*, [ECF No. 1, at ¶¶ 11, 33]. Plaintiffs also alleged FTX's domestic US base of operations was Miami, Florida [*id.*, ¶ 63] and was where FTX put the alleged fraudulent plan, involving Defendants, into effect [*id.*, ¶ 43]. Judge Altonaga found these allegations sufficient to allow Plaintiffs to proceed to jurisdictional discovery. *Id.*, ECF No. 96.

In *Garrison*, the Complaint's allegations in support of personal jurisdiction in Florida are reliant on FTX's domestic headquarters being based in Miami (ECF No. 205, ¶¶ 2–3, 7, 9, 23, 31, see also ECF No. 205-1), the defendants' understanding of the overall publicity campaign emanating from Florida (¶¶ 371, 382, 405–407, 414, 427, 434–438, 576–581, 603–611, 623, 651-54), the value of such campaign overall (ECF No. 205 ¶¶ 12, 219, 624–29), their own place in that campaign both in terms of the publicity that their investment in/affiliation with FTX would provide

(¶¶ 6, 13, 219, 232, 365–399, 419–428, 560–567, 582–594, 631–642), participation with others located in Florida on matters relating to the publicity campaign (¶¶ 16, 231, 398, 424), and presence in Florida on related matters (Curry, see ¶¶ 372, 297, 408, and Osaka, see ¶¶ 556, 566–67).

For *O'Keefe v. Sequoia Capital Operations, LLC, et al.*, *O'Keefe v. Temasek Holdings (Private) Ltd., et al.*, *Chernyavsky et al. v. Temasek Holdings (Private) Ltd., et al.*, and *Cabo et al. v. Temasek Holdings (Private) Ltd. et al.*, the allegations in support of PJ in Florida are reliant on FTX's domestic headquarters being based in Florida (ECF No. 182, ¶¶ 9, 45, 121, 290), Defendants' understanding of the overall publicity campaign emanating from Florida (*see* ECF No. 182, ¶¶ 281-91, 302; ECF No. 182-1), the value of such campaign overall (ECF No. 182, ¶¶ 231, 233, 287–88; ECF No. 182-2, at pp. 2-3, 6), their own place in that campaign both in terms of the publicity that their investment in/affiliation with FTX would provide as well as the fact that their investment moneys were used to further such campaign (ECF No. 182, ¶¶ 304–05, 318, 344–49, 351, 388), participation on the Advisory Board (by Temasek) with others located in Florida and on matters relating to the publicity campaign and LedgerX (also Florida-based) (ECF No. 182, ¶¶ 36, 251, 262, 361–63, 372), and presence in Florida (Sino Global) on related matters (ECF No. 182, ¶¶ 35, 253, 264, 316–18)).

Plaintiffs have already located certain documents demonstrating that jurisdictional discovery would yield jurisdictionally relevant facts—namely, the underlying conspiracy's existence as well as contacts with the relevant jurisdictions.

For example, an email exchange between Paradigm and FTX used as an exhibit in the criminal trial shows that the VCs were indeed inquiring into the relationship between FTX and Alameda, the lack of corporate controls at both companies or groups of companies, the VCs'

awareness of the value of their association with FTX, and that the VCs wanted only to bump FTX's value before getting it on the selling block and cashing out. See GX-320, attached as **Exhibit E**. Plaintiffs have a right to discovery into similar exchanges between FTX and Temasek and/or Sino Global to further prove up the existence of conspiracy jurisdiction.

Other exhibits from Sam Bankman-Fried's criminal trial confirm FTX's involvement in the Liquid Value fund in which Plaintiffs allege Sino Global and FTX were co general partners, which fund Plaintiffs further allege is representative of the quid pro quo arrangement existing between the entities—i.e., FTX's favor to Sino Global in return for Sino Global's agreement to invest in FTX and publicize the same. See GX-14B, an excerpt of which is attached as **Exhibit F**; see also ECF No. 182, ¶ 35 (alleging quid pro quo relationship involving Sino Global, FTX, and Liquid Value fund).

Although Sino Global's Matthew Graham denies any relevant Florida contacts in his declaration in support of the motion to dismiss for lack of personal jurisdiction, see ECF No. 300-1, a publicly available slide deck on the Liquid Value fund mentions that a "Sino Global Capital" team member was based in Miami, Florida. See Liquid Value Slide Deck, attached as **Exhibit G**, at p. 4. Sino Global further represented to regulators that its subsidiary maintained a "principal office and place of business" at 1111 Brickell Avenue, 10th Floor, Miami, Florida 33131 in relation to the Liquid Value fund. See Sino Global Capital Management LLC Form ADV, attached as **Exhibit H**, Sections 1 & 7.A.

Still other trial exhibits include additional details regarding which employees from the venture capitalist defendants were involved with the FTX investment, see GX-26, an excerpt of which is attached as **Exhibit I**; confirm meetings between Temasek employees that served on FTX's advisory board and FTX's SBF and Ramnik Arora that further suggest a blurring of the

lines by Temasek between its numerous subsidiaries, see GX-286, attached as **Exhibit J**; and reveal that a large number of documents exist regarding the FTX advisory board on which Temasek employees sat and which monitored and advised on matters pertaining to the Miami publicity campaign and Miami-based LedgerX, LLC d/b/a FTX US Derivatives, an entity with a longtime base in Miami that likewise formed part of FTX's publicity campaign to appear as the safe, dependable, and legitimate place to trade crypto, see S-2003, attached as **Exhibit K**, at Attachment A-1, at GX-29 ("Advisory_Board_Update_20210818 (1)"), GX-68 ("Advisory Board-comments"); *id.* Attachment A-2, at GX-234 ("Advisory Board Meeting Materials-09/19/2022"), GX-235 ("FTX Advisory Board Meeting 09_19_2022.pdf (Attachment To Advisory Board Meeting Materials – 09/19/2022), GX-278 ("RE: Advisory Board Meeting tomorrow").

 If the guilty pleas of Caroline Ellison, Nishad Singh, and Gary Wang along with the agreements that we know exist between FTX and these venture capitalists, but which such venture capitalists have kept secret to date, do not alone provide sufficient basis for conspiracy jurisdiction to warrant jurisdictional discovery, then certainly Plaintiffs many detailed allegations combined with the foregoing documents tending to support the same get Plaintiffs across the line.

 With respect to Moonstone, Deltec, and Chalopin, certain documents have come to light since Plaintiffs filed their complaint further establishing that such banks' services were key to the success of the conspiracy. For example, the indictment of Ryan Salame speaks to the struggle that FTX faced in locating banks that would provide the services that it needed to thrive—that is, until Deltec and Moonstone stepped in. See Salame Indictment, attached as **Exhibit L**, at ¶5 ("When FTX was founded … many U.S. banks were reluctant to do business with cryptocurrency companies, and those banks that were willing to open accounts for cryptocurrency companies had

extensive customer due diligence and licensing requirements, with which FTX was not compliant."
(emphasis added)).

Others show that Moonstone made certain misrepresentations to regulators in order to
obtain the licenses that it needed to enable FTX to move depositors' funds offshore. Specifically,
on August 17, 2023, just one week after Plaintiffs filed the Administrative Class Action Complaint,
the Federal Reserve announced an enforcement action against Moonstone, because, upon
information and belief, at Chalopin's direction, Moonstone did not inform the Federal Reserve, in
applying for membership, that Moonstone intended "to pursue a strategy focused on digital
banking services or digital assets" (i.e., banking FTX and Alameda), and Moonstone "improperly
chang[ed] its business plan" to provide such services (i.e., to FTX and Alameda) without prior
notification or approval from the Federal Reserve. *See* Turner Wright, "Federal Reserve issues
enforcement action against FTX-linked US bank," Cointelegraph.com (Aug. 17, 2023), *available
at* https://cointelegraph.com/news/federal-reserve-issues-enforcement-action-against-ftx-linked-
bank (last accessed Nov. 3, 2023) (summarizing the Federal Reserve's enforcement action and
providing a link to the Federal Reserve's cease and desist order arising from same). Moonstone,
Deltec, and Chalopin deny that Plaintiffs' allegations prove certain elements of their claims,
including arguing that their routine banking services cannot constitute substantial assistance of any
kind. Yet, these two documents alone prove the contrary. They likewise render even more plausible
Plaintiffs' conspiracy allegations in support of conspiracy jurisdiction over these defendants in
Florida.

None of the Defendants deny any of the Complaint's material allegations that FTX
marketed its products to investors in, and from Florida through the use of paid celebrity
endorsements (many millions of dollars), or that FTX paid Defendants many millions of dollars to

promote FTX's YBA's to millions of investors worldwide, including in Florida. Instead, the Defendants' jurisdictional declarations—exactly like the ones provided by Messrs. Cuban and Ehrlich in the Voyager cases—contain only general assertions regarding where the Defendants live and where they physically negotiated and signed their individual contracts with FTX.

Further, for purposes of specific jurisdiction under Florida's long arm statute, the issue is whether Defendants' tortious acts <u>*caused injury*</u> in Florida. *See Louis Vuitton Malleties, S.A. v. Mosseri*, 736 F.3d 1339, 1354 (11th Cir. 2013) ("[W]e conclude that under Florida law where Mosseri created the websites and posted the alleged infringing material does not matter. For purposes of § 48.193(1)(a)(2), the issue is whether Mosseri's tortious acts caused injury in Florida."). Defendants' general denials of contacts with Florida do not address whether these Defendants nevertheless committed a tortious act within Florida by knowingly and purposely promoting FTX's products and services to Florida residents who purchased those products and services based on Defendants' promotional activities, even if conducted outside of Florida. *See Licciardo v. Lovelady*, 544 F.3d 1280, 1283 (11th Cir. 2008) (holding that, under Florida law, a nonresident defendant commits "a tortious act within [Florida]" when he commits an act outside the state that causes injury within Florida).

The law of this Circuit has long recognized a qualified right to jurisdictional discovery. *See Am. Civil Liberties, Union of Fla.*, 859 F.3d at 1341. The qualified right is afforded when (1) the movant timely moves for jurisdictional discovery and (2) the information the movant seeks, if it exists, would give rise to jurisdiction. *See Posner v. Essex Ins. Co., Ltd.*, 178 F.3d 1209, 1214 n.7 (11th Cir. 1999) (distinguishing cases referring to qualified right of jurisdictional discovery because in *Posner*, plaintiff failed to make discovery requests in the eight months between the time the complaint was filed and the time it was dismissed) (citing *Eaton v. Dorchester Dev., Inc.*, 692

F.2d 727, 729-31 (11th Cir. 1982); *Gleneagle Ship Mgmt. Co. v. Leondakos*, 602 So.2d 1282, 1284 (Fla. 1992)); *see also RMS Titanic, Inc. v. Kingsmen Creatives, Ltd.*, 579 F. App'x 779, 790 (11th Cir. 2014) ("Our case law suggests that federal courts should order limited jurisdictional discovery where the information plaintiff seeks, if it exists, would give rise to jurisdiction.).

Thus, courts in this circuit routinely permit limited jurisdictional discovery before ruling on a jurisdictional motion to dismiss. *See Happy Tax Franchising, LLC v. Hill*, Case No. 19-24539-CIV, 2020 WL 13221241, *1 (S.D. Fla. Jun 24, 2020) (granting leave to conduct jurisdictional discovery prior to deciding motion to dismiss); *Kilma v. Carnival Corp.*, 2008 WL 4559231, at *1 (S.D. Fla. Oct. 10, 2008) (permitting jurisdictional discovery prior to ruling on a motion to dismiss) (Moore, J.); *Sierra Equity Group, Inc. v. White Oak Equity Partners, LLC*, 2008 WL. 1771857, *2 (S.D. Fla. Apr. 15, 2008) ("[J]urisdictional discovery will be useful to determine the actual extent of Defendants' contacts with Florida to determine whether this case can be resolved on its merits. Without factual discovery, the Court would be left to conjecture whether it could exercise jurisdiction over Defendants."); *Eaton*, 692 F.2d at 729 (holding it was premature to dismiss a claim for lack of jurisdiction where plaintiffs were not given an opportunity to elicit material through discovery to support a determination on jurisdiction); *Blanco Lines*, 632 F.2d at 657 (reversing a dismissal on jurisdictional grounds because "Plaintiff is not required to rely exclusively upon a defendant's affidavit for resolution of the jurisdictional issue" where the dismissal was entered before Plaintiff had an adequate opportunity to take jurisdictional discovery).

Here, limited jurisdictional discovery – consisting of the requests for production of documents, interrogatories, and a single deposition of each of the thirteen Defendants who are

challenging jurisdiction, *see* **Composite Exhibit D** – may reveal relevant facts, including, among other things:

1.       Whether Defendants otherwise are engaged in substantial and not isolated activity targeting or taking place in Florida which may subject them to general jurisdiction in Florida;

2.       Whether other agreements exist between Defendants and FTX under which Defendants agreed to target actions or submit to jurisdiction in Florida;

3.       Whether Defendants have generated sales or revenue from advertising and marketing in Florida and/or to Florida consumers;

4.       Whether Defendants are authorized to do business or conduct business in Florida;

5.       Whether Defendants operate in the United States or sought financial investments or financing in the United States;

6.       Whether Defendants maintain accounts with Florida based financial institutions;

7.       Whether Defendants' board of directors or employees reside in Florida;

8.       Whether there are any other relevant contacts between Defendants and FTX that may be sufficient to establish general or specific jurisdiction under the long-arm statute.

9.       Whether Defendants contracted to target their advertising or marketing efforts for FTX's services and products to the state of Florida in a manner that may subject them to specific jurisdiction in Florida.

Plaintiffs should have the opportunity to at least conduct jurisdictional discovery before the Court rules on Defendants' jurisdictional arguments. Plaintiffs' request is timely and appropriate considering Defendants' jurisdictional arguments. *See, e.g., Happy Tax Franchising*, 2020 WL 13221241 at *1 ("The qualified right [to jurisdictional discovery] is afforded when 1)

the movant timely moves for jurisdictional discovery and 2) the information the movant seeks if it exists, would give rise to jurisdiction.").

## CONCLUSION

For all the foregoing reasons, Plaintiffs very respectfully request that the Court grant this Motion and enter an order granting leave for Plaintiffs to: (1) lift the stay of discovery in these proceedings now that Sam Bankman-Fried's trial has concluded; (2) conduct limited jurisdictional discovery in the manner described above within sixty (60) days of the Court's order on this Motion; and (3) to file any amendments to the Administrative Complaints or oppositions to the pending motions within twenty (20) days after completing that brief jurisdictional discovery. Any of the FTX Defendants can still raise any and all specific objections (undue burden, etc.) to the discovery that is served, which the Court can decide.

## S.D. FLA. L.R. 7.1 CERTIFICATION

Plaintiffs' Counsel certify that they have conferred with Counsel for Defendants Steph Curry, Golden State Warriors LLC, Solomid Corporation, Naomi Osaka, Udonis Haslem, Lawrence Gene David, Andre Jikh, Jeremy LeFebvre, Graham Stephan, Jaspreet Singh, Erika Kullberg, Brian Jung, Creators Agency LLC, Farmington State Bank d/b/a Moonstone Bank, SoftBank Group Corp., SoftBank Investment Advisers (UK) Limited, SoftBank Global Advisers Limited, Temasek Holdings (Private) Limited, Temasek International USA LLC, Sino Global Capital Holdings LLC, Deltec Bank and Trust Company Limited, and Jean Chalopin, in a good faith effort to resolve the issues raised in this Motion, and report that Defendants uniformly oppose the requested relief.

Dated: November 3, 2023.                    Respectfully submitted,

**By:** *_/s/ Adam Moskowitz_*                    **By:** *_/s/ David Boies_*
Adam M. Moskowitz                           David Boies
Florida Bar No. 984280                      Alexander Boies
Joseph M. Kaye                              Brooke A. Alexander
Florida Bar No. 117520                      **BOIES SCHILLER FLEXNER LLP**
**THE MOSKOWITZ LAW FIRM, PLLC**            333 Main Street
Continental Plaza                           Armonk, NY 10504
3250 Mary Street, Suite 202                 914-749-8200
Coconut Grove, FL 33133                     dboies@bsfllp.com
Office: (305) 740-1423                      aboies@bsfllp.com
adam@moskowitz-law.com                      balexander@bsfllp.com
joseph@moskowitz-law.com
service@moskowitz-law.com

*Co-Lead MDL Counsel*                        *Co-Lead MDL Counsel*


Joseph R. Saveri                            James R. Swanson
**JOSEPH SAVERI LAW FIRM**                   Kerry J. Miller
601 California Street, Suite 1000           **FISHMAN HAYGOOD LLP**
San Francisco, CA 94108                     201 St. Charles Avenue, 46th Floor
Telephone: (415) 500-6800                   New Orleans, LA 70170
jsaveri@saverilawfirm.com                   Telephone: (504) 586-5252
                                            jswanson@fishmanhaygood.com
                                            kmiller@fishmanhaygood.com

*Plaintiffs' Steering Committee Members*     *Plaintiffs' Steering Committee Members*

### CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on November 3, 2023, a true and correct copy of the foregoing

was filed electronically with the Clerk of the Court, by using the CM/ECF system which will send

an electronic notification of such filing to all counsel of record.

By: */s/ Adam M. Moskowitz*
 Adam M. Moskowitz

# Exhibit A

**PLAINTIFFS' OMNIBUS MOTION TO LIFT DISCOVERY STAY
AND FOR LEAVE TO CONDUCT JURISDICTIONAL DISCOVERY,
AND, IF NECESSARY TO AMEND THEIR COMPLAINTS WITH
ANY FACTS ARISING FROM SUCH DISCOVERY**

# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF FLORIDA
### MIAMI DIVISION

### CASE NO. 1:22-cv-23753-KMM

EDWIN GARRISON, *et al.*, on behalf of
Themselves and all others similarly situated,

      Plaintiffs,

v.

SAM BANKMAN-FRIED, *et al.*,

      Defendants.

_____/

## PLAINTIFFS' EXPEDITED MOTION FOR LEAVE TO CONDUCT JURISDICTIONAL DISCOVERY, AND TO AMEND THEIR COMPLAINT WITH ANY FACTS ARISING FROM SUCH DISCOVERY

Plaintiffs, pursuant to Local Rule 7.1(d)(2), respectfully move the Court to enter an order granting Plaintiffs leave to: (1) take brief jurisdictional discovery from Defendants, Stephen Curry, Larry David, Golden State Warriors, LLC, Shohei Ohtani, and Naomi Osaka (collectively, "<u>FTX Non-Florida Defendants</u>") prior to a ruling on Defendants' jurisdictional arguments; and (2) to file their first substantive amendment to the Complaint within twenty (20) days after completing that brief jurisdictional discovery, so Plaintiffs' may incorporate any additional facts that support personal jurisdiction over these FTX Non-Florida Defendants and address arguments raised in all Defendants' motions to dismiss.

This is the same, exact reasonable discovery that was opposed by defendants in Undersigned Counsel's related *Voyager Digital* cases, and required to be produced by Chief Judge Altonaga, Judge Altman, and Magistrate Judge Reid, in various Orders based specifically on Eleventh Circuit precedent, in the pending related *Voyager Digital* class actions. ***See* Composite Exhibit A.** All FTX Defendants continue to argue and reiterate that ***none*** of these prior Orders by

*this Court* are in "in any manner" relevant to this inquiry, and cannot even be "considered by this Court," but they are in fact based upon extremely analogous facts. For example, Voyager and Mr. Cuban specifically argued the cases against them should be dismissed for a lack of personal jurisdiction, alleging they had "no connection to Florida." However, the plethora of evidence that was obtained in discovery demonstrated that not only was Florida one of the "main" targets for their promotion of Voyager's unregistered securities, but it was also one of the *most* targeted states, and thus tens of thousands of Florida residents, in fact, suffered millions in damages from defendants' offer and sale of these unregistered securities. Here, there is no dispute that FTX (unlike Voyager) conducted its activities from its headquarters here in Miami, Florida, and there can be no dispute that these Defendants' activities were certainly not confined to some limited geographic area.

All 18 FTX Defendants have, as of today, now definitively informed Plaintiffs that: (1) they have unilaterally decided not to respond to *any* discovery that Plaintiffs would serve following the initial Scheduling Conference, pending the Court's ruling on their Motions to Dismiss (jurisdictional and/or merits) (while Judge Altman denied a very similar Motion to Stay All Discovery in the related Voyager litigation, *See* Comp. Ex. **A**); and (2) they request the Court rely upon their newly filed, Sworn FTX Defendant Declarations, where they make new arguments to support an alleged lack of personal jurisdiction (such as they were not just "physically present" in Florida), but will not allow Plaintiffs to test *any* such arguments, as was specifically ordered in the Voyager cases also pending before this Court.

Plaintiffs diligently worked to confer with Defendants on these issues immediately after they filed their motions, but Defendants as a group were only available for a meet and confer on April 24, 2023, and a follow-up today, April 26, 2023, before they made clear this issue required

Court intervention. Plaintiffs' responses to the pending Motions to Dismiss are currently due Monday, May 15, 2023; therefore, absent an expedited ruling before that date, this matter will likely not be fully briefed and decided under the rules until after that current deadline.

## I.     **BACKGROUND**

This Court has acknowledged that all of these related FTX cases involve a main question of whether FTX's offerings are securities that need to be registered by the SEC. *See Norris, et al. v. Brady, et al.*, No. 1:23-cv-20439-KMM ("*Norris*"), ECF Nos. 43, 45. If the Court decides that question in the affirmative, the only remaining question will be whether these FTX Defendants "aided and abetted" in the offer and sale of such unregistered securities under Florida law.

The FTX Non-Florida Defendants moved on Friday, April 14, 2023, to dismiss the complaint for lack of personal jurisdiction. ECF No. 139. Relying on newly filed declarations of Defendants Stephen Curry, Larry David, and Shohei Ohtani, these FTX Defendants argue that the entire case against them should be dismissed, because this Court lacks specific jurisdiction over them.[1] But the declarations contain only general assertions regarding where the declarants live and where they negotiated and signed their individual contracts. As demonstrated by the FTX Contracts produced in *Norris* by Brady, Ortiz, and O'Leary in support of their opposition to the motion to remand, these contracts are all varied in their requirements, with some requiring FTX Brand Ambassadors to create and publish numerous "social media posts," autograph a certain number of

---

[1] Defendants advance these arguments even in the face of allegations that, for instance, Defendant Osaka ***specifically attended matches in Miami wearing her FTX kit as part of the promotional activities for which she was paid by FTX,*** [ECF No. 16 ¶ 227], or that Defendant Golden State Warriors promoted the FTX Platform and its unregistered offerings through branding FTX as the "Official Crypto Platform and NFT Marketplace of the **Golden State Warriors**," as a result of FTX being their "first international rights partner," meaning they jointly advertised together on an international basis, and the Golden State Warriors dropped NFTs on the FTX Platform and promoted FTX throughout their G League and eSports teams, also internationally. ECF No. 16 ¶¶ 222–223 (emphasis in original).

items per year, launch NFTs across the country through FTX, conduct virtual meetings and lunches, host FTX charity events, etc.

While Defendants assert that certain information must be filed under seal (and thus Plaintiffs will not be attaching them hereto or providing specifics), the few materials which were provided in the related *Norris* action were also produced in redacted form, some with complete paragraphs redacted (without any table or index to provide context) as well as all of the details regarding their compensation. All of this information was compelled by this Court in the related *Voyager* cases. *See* Comp. Ex. A. Plaintiffs have requested, but have been denied, any fully unredacted copies of these relevant materials. Further, Defendants attempt to handicap Plaintiffs in their efforts to address these specific questions. For example, Mr. David alludes in his declaration to an "FTX Restricted Stock Purchase Agreement," which he references generally, but refuses to produce in this litigation. *See* ECF No. 139-2, at n.1.

Some of these FTX Contracts specifically require the Defendants to collaborate with the FTX advertising company on these scripts (*i.e.,* such as the fraudulent FTX "I am All In" Campaign), via phone and emails, and preclude these celebrities from promoting any FTX competitors, in any manner. At a minimum, Defendants' declarations (just like those provided in *Voyager*) inject issues that cannot be resolved by the Court, or adequately addressed by Plaintiffs, absent some limited jurisdictional discovery and supplemental briefing and/or amended pleadings before the Court rules on Defendants' jurisdictional arguments.

Plaintiffs have been attempting for weeks to confer with Defendants on discovery. In response, Defendants have largely either ignored the requests or have indicated that they all need "proposed dates and times a week in advance (at minimum)" before they can schedule any time to

confer with Plaintiffs.[2] After reviewing Defendants' Motions to Dismiss, Plaintiffs requested a

meet and confer to discuss discovery in connection with the motions to dismiss. Plaintiffs also sent

proposed jurisdictional discovery (requests for production and deposition notices) to Defendants

to demonstrate how narrow the discovery sought was and to expedite the meet and confer process.

*See* **Composite Exhibit B** (proposed jurisdictional discovery requests). After two meet and confer

sessions, Defendants have now made it clear they will oppose Plaintiffs' request for *any*

jurisdictional discovery (no matter how narrow) and instead have sought to stay all discovery.

Defendants take this position despite the fact that in two related cases against Voyager Digital and

the celebrities alleged to have promoted the offer and sale of unregistered securities, Judge

Altonaga, Judge Altman, and Magistrate Judge Reid all granted leave and allowed discovery on

personal jurisdiction to proceed based on very similar declarations filed by defendants in support

of their motions to dismiss for lack of personal jurisdiction, raising many of the same arguments

as Defendants here. *See* Comp. Ex. A.

      Notably, Plaintiffs' current Complaint has not gone through any ***substantive*** amendment,

and certainly not one after the filing of a Motion to Dismiss or after any discovery has been

produced, in that the amended complaint was filed December 16, 2023, to effect the consolidation

of the *Garrison* and *Podalsky* actions in accordance with this Court's Order. Defendant O'Neal,

the last of the 18 Defendants was finally personally served April 16, 2023—10 days ago, within

the deadline to do so set by this Court. No scheduling conference has yet been held, nor is there a

case scheduling order. Indeed, the Court set a deadline of May 8, 2023, for the Parties to file a joint

---

[2] Plaintiffs can provide the correspondence should the Court deem it necessary.

scheduling report after holding a scheduling conference once Defendant O'Neal was finally located and personally served.[3]

In the *Voyager Digital* cases, this Court denied defendants' motion to stay all discovery, in part, because there was no showing, by declaration nor any evidence, that such requested discovery was unduly burdensome. *See* Comp. Ex. A. In fact, all of that discovery was already taken in those cases and is now completed. Certainly, none of these 18 FTX Defendants have made *any* showing of "undue burden," ***in fact,*** they argue just the opposite, that very little responsive discovery (if any) should exist, conceding there is no burden.

Plaintiffs respectfully ask the Court at this stage for leave to conduct limited jurisdictional discovery, and to afford a very brief period (20 days) following that discovery to allow them to file their first amended complaint with substantive amendments, especially because "Courts routinely allow such amendments to cure pleading deficiencies in service of the general principle that "decisions on the merits are not to be avoided on the basis of 'mere technicalities.'" *Castros v. Signal Fin. Co. LLC*, 1:17-CV-21870-KMM, 2018 WL 1137099, at *1 (S.D. Fla. Feb. 4, 2018) (Moore, C.J.) (collecting cases).[4]

---

[3] The Parties have agreed to hold the Joint Conference this Friday, April 28, 2023.

[4] Granting Plaintiffs' request would comport with the "policy of the federal rules []to permit liberal amendment to facilitate determination of claims on the merits and to prevent litigation from becoming a technical exercise in the fine points of pleading," particularly where the proposed amendment would not violate any scheduling order in place and there is no "substantial reason" to deny the amendment, which "could include 'undue delay, bad faith or dilatory motive, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party, and futility of the amendment[,]'" none of which would apply since Plaintiffs would be providing their first substantive amendment to the complaint after, at a minimum, taking narrow discovery to address the jurisdictional arguments raised by some of the Defendants. *Castros*, 2018 WL 1137099, at *1 (citations omitted).

## II.    <u>LEGAL ARGUMENT</u>

Florida's long-arm statute provides for both general and specific personal jurisdiction. The Court has general personal jurisdiction over a defendant who has been "engaged in substantial and not isolated activity within this state ... whether or not the claim arises from that activity." Fla. Stat. § 48.193(2). Specific jurisdiction exists for claims arising out of certain discrete acts of a defendant that occur in Florida, including "[c]ommitting a tortious act within this state." Fla. Stat. § 48.193(1)(a)(2) (2022).

In their complaint, Plaintiffs have invoked both ***general*** and ***specific*** jurisdiction as the basis for personal jurisdiction over each of the FTX Defendants under the long arm statute by alleging:

> This Court has personal jurisdiction against Defendants because they conduct substantial and not isolated business in Florida, and/or have otherwise intentionally availed themselves of the Florida consumer market through the promotion, marketing, and sale of FTX's YBAs in Florida, which constitutes committing a tortious act within the state of Florida. Defendants have also marketed and participated and/or assisted in the sale of FTX's unregistered securities to consumers in Florida. Further, Defendants have engaged in a conspiracy in which some of the co-conspirators—including some who are Defendants in this action— committed overt acts in furtherance of the conspiracy in the State of Florida. This purposeful availment renders the exercise of jurisdiction by this Court over Defendants permissible under traditional notions of fair play and substantial justice.

[ECF No. 16, at ¶ 50]. The Complaint also alleges that "FTX organized and emanated its fraudulent plan from its worldwide headquarters located here in Miami, Florida[,]" [ECF No. 16, at ¶ 8], that FTX promoted the sale of unregistered securities in Florida by using celebrity endorsers, including the Defendants, [ECF No. 16, at ¶ 16], and that FTX paid celebrity endorsers millions of dollars to use the positive reputation associated with specific celebrities to convince consumers that FTX was a safe place to buy and sell cryptocurrency. [ECF No. 16, at ¶¶ 193, 194].

None of the Defendants deny any of the Complaint's material allegations that FTX marketed its products to investors in, and from Florida through the use of paid celebrity endorsements (many millions of dollars), or that FTX paid Defendants many millions of dollars to promote FTX's YBA's to millions of investors worldwide, including in Florida. Instead, the Defendants' jurisdictional declarations—exactly like the ones provided by Messrs. Cuban and Ehrlich in the Voyager cases—contain only general assertions regarding where the Defendants live and where they physically negotiated and signed their individual contracts with FTX.

More importantly, none of the FTX Non-Florida Defendants challenging jurisdiction ___have even attached copies of their FTX Agreements___ to which they repeatedly allude in their respective newly sworn declarations.[5]

Further, for purposes of specific jurisdiction under Florida's long arm statute, the issue is whether Defendants' tortious acts _caused injury_ in Florida. *See Louis Vuitton Malleties, S.A. v. Mosseri*, 736 F.3d 1339, 1354 (11th Cir. 2013) ("[W]e conclude that under Florida law where Mosseri created the websites and posted the alleged infringing material does not matter. For purposes of § 48.193(1)(a)(2), the issue is whether Mosseri's tortious acts caused injury in Florida."). Defendants' general denials of contacts with Florida do not address whether these Defendants nevertheless committed a tortious act within Florida by knowingly and purposely promoting FTX's products and services to Florida residents who purchased those products and services based on Defendants' promotional activities, even if conducted outside of Florida. *See Licciardo v. Lovelady*, 544 F.3d 1280, 1283 (11th Cir. 2008) (holding that, under Florida law, a

---

[5] Defendant David moved for leave to file under seal one of the two referenced agreements in his Declaration, [ECF No. 146], which motion is pending, but has to date failed to provide a copy of either to Plaintiffs, redacted or otherwise, despite Plaintiffs' agreement to preliminarily treat the agreement as confidential.

nonresident defendant commits "a tortious act within [Florida]" when he commits an act outside the state that causes injury within Florida).

The law of this Circuit has long recognized a qualified right to jurisdictional discovery. *See Am. Civil Liberties, Union of Fla. v. City of Sarasota*, 859 F.3d 1337, 1341 (11th Cir. 2017). The qualified right is afforded when (1) the movant timely moves for jurisdictional discovery and (2) the information the movant seeks, if it exists, would give rise to jurisdiction. *See Posner v. Essex Ins. Co., Ltd.*, 178 F.3d 1209, 1214 n.7 (11th Cir. 1999) (distinguishing cases referring to qualified right of jurisdictional discovery because in *Posner*, plaintiff failed to make discovery requests in the eight months between the time the complaint was filed and the time it was dismissed) (citing *Eaton v. Dorchester Dev., Inc.*, 692 F.2d 727, 729-31 (11th Cir. 1982); *Gleneagle Ship Mgmt. Co. v. Leondakos*, 602 So.2d 1282, 1284 (Fla. 1992)); *see also RMS Titanic, Inc. v. Kingsmen Creatives, Ltd.*, 579 F. App'x 779, 790 (11th Cir. 2014) ("Our case law suggests that federal courts should order limited jurisdictional discovery where the information plaintiff seeks, if it exists, would give rise to jurisdiction.).

Thus, courts in this circuit routinely permit limited jurisdictional discovery before ruling on a jurisdictional motion to dismiss. *See Happy Tax Franchising, LLC v. Hill*, Case No. 19-24539-CIV, 2020 WL 13221241, *1 (S.D. Fla. Jun 24, 2020) (granting leave to conduct jurisdictional discovery prior to deciding motion to dismiss); *Kilma v. Carnival Corp.*, 2008 WL 4559231, at *1 (S.D. Fla. Oct. 10, 2008) (permitting jurisdictional discovery prior to ruling on a motion to dismiss) (Moore, J.); *Sierra Equity Group, Inc. v. White Oak Equity Partners, LLC*, 2008 WL. 1771857, *2 (S.D. Fla. Apr. 15, 2008) ("[J]urisdictional discovery will be useful to determine the actual extent of Defendants' contacts with Florida to determine whether this case can be resolved on its merits. Without factual discovery, the Court would be left to conjecture whether it could exercise

jurisdiction over Defendants."); *Eaton*, 692 F.2d at 729 (holding it was premature to dismiss a claim for lack of jurisdiction where plaintiffs were not given an opportunity to elicit material through discovery to support a determination on jurisdiction); *Blanco Lines*, 632 F.2d at 657 (reversing a dismissal on jurisdictional grounds because "Plaintiff is not required to rely exclusively upon a defendant's affidavit for resolution of the jurisdictional issue" where the dismissal was entered before Plaintiff had an adequate opportunity to take jurisdictional discovery).

Here, limited jurisdictional discovery – consisting of the requests for production of documents and a single deposition of each of the five Defendants who is challenging jurisdiction, *see* Comp. Ex. B – may reveal relevant facts, including, among other things:

1. Whether Defendants otherwise are engaged in substantial and not isolated activity targeting Florida which may subject them to general jurisdiction in Florida;

2. Whether other agreements exist between Defendants and FTX under which Defendants agreed to target actions or submit to jurisdiction in Florida;

3. Whether there are any other relevant contacts between Defendants and FTX that may be sufficient to establish general or specific jurisdiction under the long-arm statute.

4. Whether Defendants contracted to target their advertising or marketing efforts for FTX's services and products to the state of Florida in a manner that may subject them to specific jurisdiction in Florida.

Plaintiffs should have the opportunity to at least conduct jurisdictional discovery before the Court rules on Defendants' jurisdictional arguments. Plaintiffs' request is timely and appropriate considering Defendants' jurisdictional arguments. *See, e.g., Happy Tax Franchising*, 2020 WL 13221241 at *1 ("The qualified right [to jurisdictional discovery] is afforded when 1)

the movant timely moves for jurisdictional discovery and 2) the information the movant seeks if it exists, would give rise to jurisdiction.").

### III.    <u>CONCLUSION</u>

For all the foregoing reasons, Plaintiffs very respectfully request that the Court grant this Expedited Motion and enter an order granting leave for Plaintiffs to: (1) conduct limited jurisdictional discovery in the manner described above within forty-five (45) days of the Court's order on this Motion; and (2) file an amended complaint with any additional facts revealed by such additional discovery that establish personal jurisdiction over the Defendants within 20 days after the close of such jurisdictional discovery.  Any of the FTX Defendants can still raise any and all specific objections (undue burden, etc.) to the discovery that is served, which the Court can decide.

### <u>S.D. FLA. L.R. 7.1 CERTIFICATION</u>

Plaintiffs' Counsel certify that they have conferred with Defendants' Counsel on the earliest dates Defendants' Counsel made available, via Zoom videoconference on April 24, 2023, and again on April 26, 2023, in a good faith effort to resolve the issues raised in this Motion, and report that Defendants oppose the requested relief.

Dated: April 26, 2023

Respectfully submitted,

**By: */s/ Adam Moskowitz*_____**
Adam M. Moskowitz
Florida Bar No. 984280
adam@moskowitz-law.com
Joseph M. Kaye
Florida Bar No. 117520
joseph@moskowitz-law.com
**THE MOSKOWITZ LAW FIRM, PLLC**
3250 Mary Street, Suite 202
Coconut Grove, FL 33133
Telephone: (305) 740-1423

**By: */s/ David Boies***
David Boies
(*Pro Hac Vice*)
Alex Boies
(*Pro Hac Vice*)
**BOIES SCHILLER FLEXNER LLP**
333 Main Street
Armonk, NY 10504
Phone: (914) 749–8200
dboies@bsfllp.com

**By: */s/ Stephen Neal Zack***
Stephen Neal Zack
Florida Bar No. 145215
**BOIES SCHILLER FLEXNER LLP**
100 SE 2nd St., Suite 2800
Miami, FL 33131
Office: 305-539-8400
szack@bsfllp.com

**By: */s/Jose M. Ferrer***
Jose Ferrer
Florida Bar No. 173746
Michelle Genet Bernstein
Florida Bar No. 1030736
**MARK MIGDAL HAYDEN LLP**
8 SW 8th Street, Suite 1999
Miami, FL 33130
Office: 305-374-0440
jose@markmigdal.com
michelle@markmigdal.com
eservice@markmigdal.com

*Co-Counsel for Plaintiff and the Class*

*CASE NO. 1:22-cv-23753-KMM*

<u>**CERTIFICATE OF SERVICE**</u>

I hereby certify that a true and correct copy of the forgoing was filed on April 26, 2023, via the Court's CM/ECF system, which will send notification of such filing to all attorneys of record.

By: *<u>/s/ Adam M. Moskowitz</u>*
ADAM M. MOSKOWITZ

# Composite

# Exhibit A

# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF FLORIDA

### CASE NO. 21-24441-CIV-ALTONAGA/Torres

**MARK CASSIDY**,

      Plaintiff,

v.

**VOYAGER DIGITAL LTD.**, *et al.*,

      Defendants.

_____/

### <u>ORDER</u>

**THIS CAUSE** came before the Court on Defendants, Voyager Digital Ltd.'s ("Voyager Ltd.") and Voyager Digital, LLC's Expedited Motion to Stay Discovery Pending Resolution of Defendants' Motion to Compel Arbitration and to Dismiss the Complaint [ECF No. 29], filed on February 17, 2022. The Court issued an Order [ECF No. 30] requiring expedited briefing. Plaintiff, Mark Cassidy, filed a Response [ECF No. 33], to which Defendants filed their Reply [ECF No. 34]. For the following reasons, the Motion is denied.

***Standard.*** A district court "has broad discretion to stay discovery pending decision on a dispositive motion." *Panola Land Buyers Ass'n v. Shuman*, 762 F.2d 1550, 1560 (11th Cir. 1985) (citations omitted). "Motions to stay discovery 'are not favored because when discovery is delayed or prolonged it can create case management problems which impede the Court's responsibility to expedite discovery and cause unnecessary litigation expenses and problems.'" *Randy Rosenberg, D.C., P.A. v. GEICO Gen. Ins. Co.*, No. 19-cv-61422, 2019 WL 6052408, at *1 (S.D. Fla. Nov. 15, 2019) (quoting *Feldman v. Flood*, 176 F.R.D. 651, 652 (M.D. Fla. 1997)). In determining whether to stay discovery, courts must take a "preliminary peek" at a dispositive motion to assess the likelihood that the motion will be granted. *McCabe v. Foley*, 233 F.R.D. 683, 685 (M.D. Fla. 2006) (quotation marks omitted; quoting *Feldman*, 176 F.R.D. at 652). Parties seeking to stay

discovery must make a "specific showing of prejudice or burdensomeness[.]" *Cuhaci v. Kouri Grp., LP*, No. 20-cv-23950, 2021 WL 1945819, at *2 (S.D. Fla. May 14, 2021) (quotation marks and citation omitted).

      *Discussion*.   Having taken a "preliminary peek" at Defendants' Motion to Compel Arbitration and to Dismiss the Complaint [ECF No. 28] ("Motion to Compel & Dismiss"), the Court cannot grant the Motion to Stay. Instead, the parties must conduct limited discovery to determine (1) whether the Court has personal jurisdiction over Voyager Ltd.; and (2) whether the arbitration agreement is enforceable. The Court explains.

      <u>Motion to Dismiss for Lack of Personal Jurisdiction.</u>  Voyager Ltd. seeks to dismiss the Complaint [ECF No. 1] for lack of personal jurisdiction.  (*See* Mot. to Compel & Dismiss 23).[1] Voyager Ltd. maintains that Plaintiff has "failed to make a prima facie showing of personal jurisdiction" over it.  (Reply 7; *see* Mot. to Compel & Dismiss 23).  To establish personal jurisdiction over a nonresident defendant, a plaintiff "initially need only allege sufficient facts to make out a prima facie case of jurisdiction." *Posner v. Essex Ins. Co., Ltd.*, 178 F.3d 1209, 1214 (11th Cir. 1999) (citation omitted).  Courts must accept the facts alleged as true, to the extent they are undisputed. *See id.* at 1214–15.  A genuine dispute of material jurisdictional fact warrants jurisdictional discovery. *See Aviation One of Fla., Inc. v. Airborne Ins. Consultants (PTY), Ltd*, 722 F. App'x 870, 878 (11th Cir. 2018).

      Voyager Ltd. disputes that it purposefully "avail[ed itself] of the Florida consumer market through the promotion, marketing, sale, and service of [its] Voyager Platform in Florida." (Compl. ¶ 15 (alterations added); *see* Mot. to Compel & Dismiss 23).  Voyager Ltd. describes itself as a

---

[1] The Court uses the pagination generated by the electronic CM/ECF database, which appears in the headers of all court filings.

mere "holding company" that does not conduct business in Florida. (Reply 7 (citations omitted); *see also* Mot. to Compel & Dismiss 24).

But Voyager Ltd.'s own statements contradict its position and bolster Plaintiff's allegations that it provides services in Florida. In Voyager Ltd.'s March 2021 earnings call, one of its representatives stated, "We're at 49 states today. We offer our services in 49 states. It's only New York that we're not — we don't offer this service." (Compl., Ex. G, March 3, 2021 Earnings Call [ECF No. 1-8] 17; *see id.* 2 ("[W]elcome to Voyager Digital Limited earnings call." (alteration added)). It is possible that the representative meant to reference Voyager Digital, LLC, when he used "we," but this ambiguity only accentuates the need for jurisdictional discovery.

Although the Court is only conducting a "preliminary peek at the merits," *McCabe*, 233 F.R.D. at 685 (citation and quotation marks omitted), other courts have concluded that similar evidence of business activity within a jurisdiction is sufficient to satisfy a plaintiff's initial burden of alleging personal jurisdiction. *See, e.g.*, *Sculptchair, Inc. v. Century Arts, Ltd.*, 94 F.3d 623, 628, 632 (11th Cir. 1996) (affirming finding of personal jurisdiction over nonresident defendant where her "sporadic" business activities occurred in Florida); *Kinney v. Mindsize, LLC*, No. 20-62094-Civ, 2021 WL 3911859, at *4–5 (S.D. Fla. June 7, 2021) (concluding that unrebutted allegations of business activity in a state "establish at least a prima facie basis for exercising personal jurisdiction" (italics omitted)). Given the Complaint's allegations and Voyager Ltd.'s own statement that it operates in 49 states, including Florida, the possibility of dismissal "is not apparent enough after a 'preliminary peek' to warrant an across-the-board stay of discovery[.]" *Cabrera v. Progressive Behav. Sci., Inc.*, 331 F.R.D. 185, 187 (S.D. Fla. 2019) (alteration added).

While Plaintiff has satisfied his prima facie showing at this juncture, Voyager Ltd. has produced a declaration that conflicts with Plaintiff's allegations and evidence. (*See* Mot. to Compel & Dismiss, Ex. A., Casey Decl. [ECF No. 28-1] 3 ("Voyager Ltd[.] is a foreign holding

company parent of Voyager [Digital] LLC with no operations or employees. Voyager Ltd[.] does not operate or market the Voyager Platform." (alterations added))). Even though factual conflicts merit jurisdictional discovery, *see Aviation One of Fla.*, 722 F. App'x at 878, Voyager Ltd. opposes discovery because "Plaintiff has not moved the Court for jurisdictional discovery or for an extension of time to respond to the Motion to Compel" (Reply 6).[2]

Courts may occasionally deny informal requests for jurisdictional discovery, *see Hinkle v. Cirrus Design Corp.*, 775 F. App'x 545, 550 (11th Cir. 2019), but they also "have the power to order the discovery of facts necessary to determine their jurisdiction over the merits[,]" *Aviation One of Fla.*, 722 F. App'x at 878 (alteration added; citation omitted). The Court opts to exercise its authority to order jurisdictional discovery to resolve the disputed facts surrounding personal jurisdiction rather than waste time awaiting further briefing.

Nevertheless, if Plaintiffs' jurisdictional discovery requests are too far-reaching, and conferral is unsuccessful at resolving any disagreement, Defendants may address that matter with Magistrate Judge Torres.

<u>Motion to Compel Arbitration.</u> Defendants also argue that (1) permitting discovery prejudices Defendants because it risks a conclusion that they waived their right to arbitrate (*see* Mot. 4); (2) the Federal Arbitration Act ("FAA") requires the Court stay discovery until arbitration is conducted (*see id.* 4–5); and (3) failure to grant a stay will waste the parties' resources (*see id.* 5–6). These arguments do not persuade.

First, Defendants can rest assured knowing that their participation in court-ordered discovery will not waive their right to arbitrate. It may be true that "substantially participat[ing]

---

[2] Voyager Ltd. also argues that the Court should deny Plaintiff's "informal requests for" jurisdictional discovery because Plaintiff omitted any jurisdictional inquiries in his first wave of requests. (Reply 6). Nonsense. Plaintiff served discovery *before* Voyager Ltd. moved to dismiss for lack of personal jurisdiction. (*See* Resp. 6). Plaintiff's failure to predict Voyager Ltd.'s position does not require that he forgo jurisdictional discovery.

in litigation" could reach "a point inconsistent with an intent to arbitrate." *Citibank, N.A. v. Stok & Assocs., P.A.*, 387 F. App'x 921, 924 (11th Cir. 2010) (alteration added; citation and quotation marks omitted). But no waiver occurs when a party invokes its right to arbitrate, and the court orders it to engage in discovery. *See, e.g.*, *Burch v. P.J. Cheese, Inc.*, 861 F.3d 1338, 1351–52 (11th Cir. 2017) ("To conclude that [defendant] acted inconsistently with its right to arbitrate, we would have to conclude that [defendant] should have disobeyed the District Court's order. We decline to adopt such a position." (alterations added)).

Second, Defendants are correct that the FAA requires courts to stay "any issue referable to arbitration under an agreement[,]" but courts must first be "satisfied that the issue involved in such suit or proceeding is referable to arbitration under such an agreement[.]" 9 U.S.C. § 3 (alterations added). It is not immediately apparent, even after a "preliminary peek at the merits" of the Motion to Compel, that the arbitration agreement is enforceable. *McCabe*, 233 F.R.D. at 685 (citation and quotation marks omitted).

To begin, assessing the merits proves difficult because it is unclear whether Florida or New Jersey law applies. (*See* Mot. to Compel & Dismiss 18–21; Resp. 13). Regardless, courts in both jurisdictions have chosen not to immediately enforce arbitration agreements that bear at least some resemblance to the arbitration agreement at issue here. *See Doe v. Natt*, 299 So. 3d 599, 600–02 (Fla. 2d DCA 2020); *Morgan v. Sanford Brown Inst.*, 137 A.3d 1168, 1182 (N.J. 2016).

Moreover, compelling arbitration could depend on which version, if any, of the arbitration provisions Plaintiff assented to. For example, even if a January 2021 arbitration provision is unenforceable (*see* Resp. 14), then Plaintiff could still be subject to an amended, later, valid arbitration agreement. Until the parties have an opportunity to evaluate different iterations of the arbitration agreement and fully brief their enforceability, the Court cannot definitively state that

Defendants' chance of success is "apparent enough" to merit a discovery stay. *Cabrera*, 331 F.R.D. at 187.

Third, Defendants maintain that permitting discovery will waste the parties' and Court's resources. (*See* Mot. 5). Not only does this argument rely on a premature assumption that Plaintiff has "an invalid claim" (*id.* 6 (quotation marks omitted; quoting *Chudasama v. Mazda Motor Corp.*, 123 F.3d 1353, 1368 (11th Cir. 1997)), but Defendants point only to cherry-picked exhibits purportedly demonstrating that discovery would be a waste (*see* Mot. 6 (citing Mot. to Compel & Dismiss, Exs. A–F [ECF No. 28-1])). The Court cannot take Defendants' word without giving Plaintiff a chance to investigate the evidence. Plaintiff will therefore have an opportunity to take discovery and assess the validity of the arbitration clause. *See Envision Ins. Co. v. GrayRobinson, P.A.*, No. 8:13-cv-114, 2013 WL 12388601, at *3 (M.D. Fla. Aug. 19, 2013) (denying a motion to stay discovery pending a motion to compel arbitration where the arbitration clause's validity was at issue).

Accordingly, it is

**ORDERED AND AJUDGED** as follows:

1.  Defendants, Voyager Digital Ltd. and Voyager Digital, LLC's Expedited Motion to Stay Discovery Pending Resolution of Defendants' Motion to Compel Arbitration and to Dismiss the Complaint **[ECF No. 29]** is **DENIED** without prejudice.

2.  Plaintiff shall propound written jurisdictional and arbitration-related discovery requests by **March 7, 2022**.[3]

3.  Defendants shall serve objections to written jurisdictional arbitration-related discovery requests — following proper conferral with Plaintiff — by **March 17, 2022**. Should any

---

[3] Defendants may similarly engage in discovery if they wish; the Court will not address deadlines for such discovery as this is not an issue in the parties' briefing.

objections be served, Plaintiff shall contact Magistrate Judge Edwin G. Torres's chambers by March 21, 2022 to arrange a date for a discovery hearing.

4.      Defendants shall respond to written jurisdictional discovery requests by **March 24, 2022**.

5.      The parties shall complete jurisdictional discovery, including depositions, by **April 14, 2022**.

6.      Plaintiff has until **April 14, 2022** to file his first amended complaint or file a notice stating that he intends to proceed with the Complaint [ECF No. 1].

7.      Defendants have until **April 16, 2022** to file a notice indicating they will not be challenging personal jurisdiction or seeking to compel arbitration, or until **April 24, 2022** to renew their motion to compel arbitration and dismiss for lack of personal jurisdiction.  The response and reply memoranda are due within the times permitted by the Rules.  No extensions of time will be given.

8.      The deadlines set forth in the Court's Scheduling Order **[ECF No. 20]** are **SET ASIDE**. Once the matters of personal jurisdiction and arbitration are resolved, the parties will be instructed by separate order to submit an amended joint scheduling report.

9.      All pending motions are **DENIED** as premature.

**DONE AND ORDERED** in Miami, Florida, this 3rd day of March, 2022.

_____
**CECILIA M. ALTONAGA**
**CHIEF UNITED STATES DISTRICT JUDGE**

cc:     counsel of record

| From: | cmecfautosender@flsd.uscourts.gov |
|---|---|
| To: | flsd_cmecf_notice@flsd.uscourts.gov |
| Subject: | Activity in Case 1:22-cv-22538-RKA Robertson et al v. Cuban et al Order on Motion to Certify Class |
| Date: | Friday, November 18, 2022 4:33:14 PM |

**This is an automatic e-mail message generated by the CM/ECF system. Please DO NOT RESPOND to this e-mail because the mail box is unattended.**

**\*\*\*NOTE TO PUBLIC ACCESS USERS\*\*\* Judicial Conference of the United States policy permits attorneys of record and parties in a case (including pro se litigants) to receive one free electronic copy of all documents filed electronically, if receipt is required by law or directed by the filer. PACER access fees apply to all other users. To avoid later charges, download a copy of each document during this first viewing. However, if the referenced document is a transcript, the free copy and 30 page limit do not apply.**

### U.S. District Court

### Southern District of Florida

**Notice of Electronic Filing**

The following transaction was entered on 11/18/2022 at 4:31 PM EST and filed on 11/18/2022
**Case Name:**      Robertson et al v. Cuban et al
**Case Number:**    1:22-cv-22538-RKA
**Filer:**
**WARNING: CASE CLOSED on 08/31/2022**
**Document Number:** 45(No document attached)

**Docket Text:**
**PAPERLESS ORDER denying without prejudice [40] the Plaintiffs' Motion for Class Certification. The Plaintiffs may refile their motion after we rule on the pending Motion to Dismiss [ECF No. 41]. We also DENY as moot [43] the Defendants' Motion for Extension of Time since we've denied the Plaintiffs' Motion for Class Certification.**

**Finally, we deny [42] the Defendants' Motion to Stay and for a Protective Order. "Motions to stay discovery are not favored because when discovery is delayed or prolonged it can create case management problems which impede the Court's responsibility to expedite discovery and cause unnecessary litigation expenses and problems." *Cuhaci v. Kouri Grp., LP*, 2021 WL 1945819, at \*2 (S.D. Fla. May 14, 2021) (cleaned up). "[D]iscovery stay motions are generally denied except where a specific showing of prejudice or burdensomeness is made." *Montoya v. PNC Bank, N.A.*, 2014 WL 2807617, at \*2 (S.D. Fla. June 20, 2014). The party moving for a stay of discovery "bears the burden of showing good cause and reasonableness." *Feldman v. Flood*, 176 F.R.D. 651, 652 (M.D. Fla. 1997). Similarly, the Court's scheduling orders may be modified "only for good cause." Fed. R. Civ. P. 16(b)(4).**

**Here, the Defendants have failed to establish that staying discovery is**

**warranted. The Defendants' sole justification for requesting a stay is that their pending motion to dismiss might eliminate the need for discovery. But that could be said about nearly all motions to dismiss -- and so, the Defendants have done nothing to establish a "specific showing of prejudice or burdensomeness." They have not, for example, pointed to extraordinary costs or to a long-awaited ruling on a dispositive motion or to a particularly dubious complaint. In fact, taking "a preliminary peek" at the merits of the motion to dismiss, the motion is not "clearly" meritorious.** *Feldman***, 176 F.R.D. at 652-53. For these reasons, the Defendants have not established that a stay would be reasonable or that there is good cause for the request in this case.**

**And, to the extent the Defendants' Motion seeks a protective order, we'll DENY that, too, because the Defendants haven't told us what they seek protection from or what that protective order might look like. Signed by Judge Roy K. Altman on 11/18/2022. (js07)**

**1:22-cv-22538-RKA Notice has been electronically mailed to:**

Adam M. Moskowitz    adam@moskowitz-law.com, dione@moskowitz-law.com, rejane@moskowitz-law.com, service@moskowitz-law.com

Alexandra Lyn Tifford    atifford@fowler-white.com, aherazo@ecf.courtdrive.com, aherazo@fowler-white.com, atifford@ecf.courtdrive.com, CAfilings@fowler-white.com, mramirez@ecf.courtdrive.com

Barbara Cabrera Lewis    barbara@moskowitz-law.com, service@moskowitz-law.com

Christopher Edson Knight    cknight@fowler-white.com, CAfilings@fowler-white.com, golivares@fowler-white.com

David Boies    dboies@bsfllp.com

Esther Elisa Galicia    egalicia@fowler-white.com, CAFilings@fowler-white.com, sabreu@fowler-white.com

Jessica N. Meyers    jmeyers@brownrudnick.com

Joseph M. Kaye    joseph@moskowitz-law.com, dione@moskowitz-law.com, rejane@moskowitz-law.com, service@moskowitz-law.com

Rachel O. Wolkinson    rwolkinson@brownrudnick.com

Sigmund Wissner-Gross    swissner-gross@brownrudnick.com

Stephen A. Best    sbest@brownrudnick.com

Stephen N. Zack    szack@bsfllp.com, Cwashenko@BSFLLP.com

**1:22-cv-22538-RKA Notice has not been delivered electronically to those listed below and**

will be provided by other means. For further assistance, please contact our Help Desk at 1-888-318-2260.:

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 22-cv-22538-ALTMAN/REID

PIERCE ROBERTSON, *et al.*,

      Plaintiffs,

v.

MARK CUBAN, *et al.*,

      Defendants.

_____/

## <u>ORDER FOLLOWING HEARING</u>

This cause comes before the Court following a discovery hearing conducted on January 6, 2023. [ECF No. 76]. At the hearing the parties discussed the following issues: (1) Defendants' request to bifurcate deposition discovery; (2) Defendants' responses to Plaintiff's initial discovery requests; (3) the date for Defendant Mark Cuban's deposition; (4) whether Mr. Cuban's deposition will be limited to jurisdictional issues; (5) the date Defendant Dallas Mavericks ("Mavericks") must produce employees Ryan Mackey and Kyle Tapply to be deposed; (6) scheduling the in-person depositions of three Florida-based Plaintiffs, Pierce Robertson, Rachel Gold, and Sanford Gold, as well as non-party Eric Rares (Rachel Gold's husband); and (7) Plaintiffs' responses to Defendants' First Omnibus Request for Production.

Having heard from the parties, in accordance with the ruling from the bench, and for the reasons stated on the record, it is **ORDERED AND ADJUDGED** as follows:

1. Defendants' request to bifurcate discovery allowing Plaintiffs to initially depose witnesses regarding solely jurisdictional issues is denied'

2. Mark Cuban's deposition, scheduled to take place in Dallas, Texas, on February 2, 2023, will be taken in full and will *not* be limited to jurisdictional issues;

1

3. The three Florida-based Plaintiffs shall appear for *in-person* depositions as follows:

    a. Pierce Robertson may be deposed in Chicago, Illinois during the week of January 9, 2023;

    b. Rachel Gold shall be deposed in her Coral Springs, Florida home on January 23, 2023;

    c. Sanford Gold shall be deposed in Miami, Florida, on either January 23 or 24, 2023;

    d. Non-party Eric Rares shall be deposed in Miami, Florida on either January 23 or 24, 2023;

4. Plaintiffs shall produce outstanding discovery requested in Defendants' First Omnibus Request for Production. Specifically, Plaintiffs must produce outstanding discovery relating to Plaintiffs' Voyager accounts and trading and financial information related to those Voyager accounts by the close of business January 13, 2023. With respect to the request for "documents relating to any investment accounts with any brokerage firm, person or entity," at this juncture, Plaintiffs have not established the relevancy of those documents; and

5. Defendants shall produce Mavericks employees Ryan Mackey and Kyle Tapply to be deposed prior to February 23, 2023. Defendants shall prioritize and produce all discovery to Plaintiffs as to these two individuals by the end of January 2023.

**DONE AND ORDERED** in Chambers at Miami, Florida this 6th day of January 2023.

LISETTE M. REID
UNITED STATES MAGISTRATE JUDGE

cc:    **U.S. District Court Judge Roy K. Altman**; and

        **All Counsel of Record**

# Composite

# Exhibit B

# PLAINTIFF'S FIRST SET OF THREE REQUESTS FOR PRODUCTION TO DEFENDANT
# GOLDEN STATE WARRIORS LLC

# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF FLORIDA
### MIAMI DIVISION

### CASE NO. 1:22-cv-23753-KMM

**EDWIN GARRISON**, *et al.,* on behalf of
themselves and all others similarly situated,

     *Plaintiffs,*

*v.*

**SAM BANKMAN-FRIED**, *et al.*,

     *Defendants.*

_____/

## PLAINTIFF'S FIRST SET OF THREE REQUESTS FOR PRODUCTION TO DEFENDANT GOLDEN STATE WARRIORS LLC

     Plaintiff, pursuant to Fed. R. Civ. P. 26 and 34, requests that Defendant, Golden State

Warriors LLC ("GSW"), produce the documents requested in response to these three requests.

Dated: April 21, 2023                 Respectfully submitted,

                             **By:** */s/ Adam Moskowitz*
                             Adam M. Moskowitz
                             Florida Bar No. 984280
                             adam@moskowitz-law.com
                             Joseph M. Kaye
                             Florida Bar No. 117520
                             joseph@moskowitz-law.com
                             **THE MOSKOWITZ LAW FIRM, PLLC**
                             2 Alhambra Plaza, Suite 601
                             Coral Gables, FL 33134
                             Telephone: (305) 740-1423

                             **By:** */s/ David Boies*
                             David Boies
                             (*Pro Hac Vice*)
                             Alex Boies
                             (*Pro Hac Vice*)
                             **BOIES SCHILLER FLEXNER LLP**
                             333 Main Street
                             Armonk, NY 10504

Phone: (914) 749–8200
dboies@bsfllp.com

**By:** *__/s/ Stephen Neal Zack__*
Stephen Neal Zack
Florida Bar No. 145215
**BOIES SCHILLER FLEXNER LLP**
100 SE 2nd St., Suite 2800
Miami, FL 33131
Office: 305-539-8400
szack@bsfllp.com

*Co-Counsel for Plaintiff and the Class*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on April 21, 2023, a true and correct copy of the foregoing was sent via electronic mail to counsel for Defendants.

By: *__/s/ Adam M. Moskowitz__*
ADAM M. MOSKOWITZ

*Edwin Garrison, et al. v. Samuel Bankman-Fried, et al.*
*Case No. 1:22-cv-23753-KMM*

## DEFINITIONS AND INSTRUCTIONS

Unless otherwise specified, the terms set forth below have the following meanings:

1.      "GSW," "You," or "Your" means Defendant Golden State Warriors LLC and any of its affiliates, subsidiaries, divisions, segments, predecessors, successors, officers, directors, employees, representatives, or agents.

2.      "FTX Entities" means West Realm Shires Services, Inc., FTX Trading Ltd, Blockfolio, Inc., and any of their affiliates, subsidiaries, divisions, segments, predecessors, successors, officers, directors, employees, representatives, or agents.

3.      "FTX Platform" refers to the FTX Entities' mobile application and/or web-based cryptocurrency investment service that places cryptocurrency trade orders on behalf of users.

4.      "YBAs" refers to the Yield-Bearing Accounts offered by the FTX Entities on the FTX Platform.

5.      "FTT" refers to the native cryptocurrency exchange token of the FTX Platform ecosystem.

6.      "FTX Platform" refers to the FTX Entities' mobile application cryptocurrency investment service that places cryptocurrency trade orders on behalf of users.

7.      "Document(s)" means any written, printed, typed or other graphic matter, of any kind or nature, whether in hard copy or electronic format, whether the original, draft, or a copy and copies bearing notations or marks not found on the original, including but not limited to memoranda, reports, recommendations, notes, letters, envelopes, post-its, emails, telegrams, messages, manuscripts, studies, analyses, tests, comparisons, books, articles, pamphlets, magazines, newspapers, booklets, circulars, bulletins, notices, instructions, minutes, agreements, contracts, and all other written communications, of any type, including inter and

*Edwin Garrison, et al. v. Samuel Bankman-Fried, et al.*
*Case No. 1:22-cv-23753-KMM*

intra-office communications, purchase orders, invoices, bills, receipts, questionnaires, surveys, charts, graphs, videos, photographs, sketches, drawings, house sheets, tapes, voice messages or other recordings, print-outs or compilations from which information can be obtained or, if necessary, translated through detection devices into reasonably usable form, including all underlying or preparatory materials and drafts thereof.

8.  Unless otherwise stated in a request, the time period for which you must respond is beginning in January 1, 2019 and ending at the present time.

9.  "Person" or "People" means any natural person(s) or any business, legal, or governmental entity (or entities) or association(s).

10.  All/Each – The terms "all" and "each" shall be construed as meaning either all or each as necessary to bring within the scope of the discovery request all responses that might otherwise be construed to be outside its scope.

11.  Objections: Where an objection is made to any request, the objection shall state with specificity all grounds. Any ground not stated in an objection within the time provided by the Federal Rules of Civil Procedure, or by the Court's order, or any extensions thereof, shall be waived.

12.  Whenever a reference to a business entity appears, the reference shall mean the business entity, its affiliated companies, partnerships, divisions, subdivisions, directors, officers, employees, agents, clients or other representatives of affiliated third parties.

## **INSTRUCTIONS**

1.  Production of documents and items requested herein shall be made at the offices of The Moskowitz Law Firm, P.O. Box 141609, Coral Gables, FL 33114, or for hand deliveries at 251 Valencia Ave #141609, Coral Gables, FL 33114, or via electronic mail to the email

addresses provided in the signature blocks of the attorneys serving these requests.

2.      These requests shall include all documents that are in the possession, custody or control of Defendant or in the possession, custody or control of the present or former agents, representatives, or attorneys of Defendant, or any and all persons acting on the behalf of Defendant, or its present or former agents, representatives, or attorneys.

3.      For any document covered by a request that is withheld from production, Defendant shall provide the following information in the form of a privilege log:

        a.      the reasons and facts supporting any withholding;

        b.      the date such document was prepared;

        c.      the names, employment positions and addresses of the author or preparers of such document;

        d.      the names, employment positions, and the addresses of each person who received such document;

        e.      the title and a brief description of the document; and

        f.      the number of the request under which such document would be produced but for the objection.

4.      If any document responsive to a request has been destroyed, produce all documents describing or referencing:

        a.      the contents of the lost or destroyed document;

        b.      all locations in which any copy of the lost or destroyed document had been maintained;

        c.      the date of such loss or destruction;

        d.      the name of each person who ordered, authorized, and carried out

the destruction of any responsive document;

    e.    all document retention and destruction policies in effect at the time any requested document was destroyed; and

    f.    all efforts made to locate any responsive document alleged to have been lost.

5.    In producing the documents requested, indicate the specific request(s) pursuant to which document or group of documents is being produced.

6.    These requests should be deemed continuing, and supplemental productions should be provided as additional documents become available.

7.    All documents are to be produced in the following method:

    a)  Single page .TIFF

    b)  Color .jpg (Documents wherein reflection of importance relies on color, shall be produced in .jpg format)

    c)  OCR at document level (All documents are to be provided with searchable text files with the exception of the redacted portions of redacted documents)

    d)  Electronic documents and Emails are to be processed and converted from the electronic format to single page tiff

*Edwin Garrison, et al. v. Samuel Bankman-Fried, et al.*
*Case No. 1:22-cv-23753-KMM*

## THREE REQUESTS FOR PRODUCTION

*Please refer to the Definitions and Instructions when responding to these requests. To the extent that any of these requests seek information considered by Defendants to be confidential, Plaintiff have already agreed to enter into any reasonable confidentiality agreement with Defendants to protect such alleged confidential information.*

1.     All Documents and Communications, including but not limited to contracts or agreements, regarding Your "First-Of-Its-Kind" International Partnership with the FTX Entities. *See* https://www.nba.com/warriors/warriors-ftx-partnership-20211214 (accessed April 21, 2023).

2.     All Documents and Communications, that show, evidence and/or relate to Defendant "targeting" Defendant's Florida fans, and Florida's FTX consumers, including but not limited to (1) any advertising for the FTX Platform or FTX Entities located in the Chase Center that was broadcast in or viewable by Florida investors and GSW fans residing in Florida during GSW games (including GSW home games where GSW played either the Miami Heat or Orlando Magic); (2) any advertising for the FTX Platform or FTX Entities located in the Warriors Gaming Squad court during NBA 2K League games; and (3) any NFTs that GSW offered for sale on the FTX Platform.

3.     All documents regarding any and all communications with the FTX Entities regarding whether YBAs or FTT constitute a security under any federal or state law.

**PLAINTIFF'S FIRST SET OF THREE REQUESTS FOR
PRODUCTION TO DEFENDANT
LAWRENCE GENE DAVID**

# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF FLORIDA
## MIAMI DIVISION

### CASE NO. 1:22-cv-23753-KMM

**EDWIN GARRISON**, *et al.,* on behalf of
themselves and all others similarly situated,

    *Plaintiffs,*

*v.*

**SAM BANKMAN-FRIED**, *et al.*,

    *Defendants.*

_____/

## PLAINTIFF'S FIRST SET OF THREE REQUESTS FOR PRODUCTION TO DEFENDANT LAWRENCE GENE DAVID

    Plaintiff, pursuant to Fed. R. Civ. P. 26 and 34, requests that Defendant, Lawrence Gene

David ("David"), produce the documents requested in response to these three requests.

Dated: April 21, 2023

Respectfully submitted,

**By: */s/ Adam Moskowitz*** _____
Adam M. Moskowitz
Florida Bar No. 984280
adam@moskowitz-law.com
Joseph M. Kaye
Florida Bar No. 117520
joseph@moskowitz-law.com
**THE MOSKOWITZ LAW FIRM, PLLC**
2 Alhambra Plaza, Suite 601
Coral Gables, FL 33134
Telephone: (305) 740-1423

**By: */s/ David Boies***
David Boies
(*Pro Hac Vice*)
Alex Boies
(*Pro Hac Vice*)
**BOIES SCHILLER FLEXNER LLP**
333 Main Street
Armonk, NY 10504

*Edwin Garrison, et al. v. Samuel Bankman-Fried, et al.*
*Case No. 1:22-cv-23753-KMM*

Phone: (914) 749–8200
dboies@bsfllp.com

**By:** ***/s/ Stephen Neal Zack***
Stephen Neal Zack
Florida Bar No. 145215
**BOIES SCHILLER FLEXNER LLP**
100 SE 2nd St., Suite 2800
Miami, FL 33131
Office: 305-539-8400
szack@bsfllp.com

*Co-Counsel for Plaintiff and the Class*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on April 21, 2023, a true and correct copy of the foregoing was sent via electronic mail to counsel for Defendants.

By: */s/ Adam M. Moskowitz*
ADAM M. MOSKOWITZ

*Edwin Garrison, et al. v. Samuel Bankman-Fried, et al.*
*Case No. 1:22-cv-23753-KMM*

## DEFINITIONS AND INSTRUCTIONS

Unless otherwise specified, the terms set forth below have the following meanings:

1.      "David," "You," or "Your" means Defendant Lawrence Gene David and any of his affiliates, representatives, or agents.

2.      "FTX Entities" means West Realm Shires Services, Inc., FTX Trading Ltd, Blockfolio, Inc., and any of their affiliates, subsidiaries, divisions, segments, predecessors, successors, officers, directors, employees, representatives, or agents.

3.      "FTX Platform" refers to the FTX Entities' mobile application and/or web-based cryptocurrency investment service that places cryptocurrency trade orders on behalf of users.

4.      "YBAs" refers to the Yield-Bearing Accounts offered by the FTX Entities on the FTX Platform.

5.      "FTT" refers to the native cryptocurrency exchange token of the FTX Platform ecosystem.

6.      "FTX Platform" refers to the FTX Entities' mobile application cryptocurrency investment service that places cryptocurrency trade orders on behalf of users.

7.      "Document(s)" means any written, printed, typed or other graphic matter, of any kind or nature, whether in hard copy or electronic format, whether the original, draft, or a copy and copies bearing notations or marks not found on the original, including but not limited to memoranda, reports, recommendations, notes, letters, envelopes, post-its, emails, telegrams, messages, manuscripts, studies, analyses, tests, comparisons, books, articles, pamphlets, magazines, newspapers, booklets, circulars, bulletins, notices, instructions, minutes, agreements, contracts, and all other written communications, of any type, including inter and intra-office communications, purchase orders, invoices, bills, receipts, questionnaires, surveys,

3

charts, graphs, videos, photographs, sketches, drawings, house sheets, tapes, voice messages or other recordings, print-outs or compilations from which information can be obtained or, if necessary, translated through detection devices into reasonably usable form, including all underlying or preparatory materials and drafts thereof.

8.      Unless otherwise stated in a request, the time period for which you must respond is beginning in January 1, 2019 and ending at the present time.

9.      "Person" or "People" means any natural person(s) or any business, legal, or governmental entity (or entities) or association(s).

10.     All/Each – The terms "all" and "each" shall be construed as meaning either all or each as necessary to bring within the scope of the discovery request all responses that might otherwise be construed to be outside its scope.

11.     Objections: Where an objection is made to any request, the objection shall state with specificity all grounds. Any ground not stated in an objection within the time provided by the Federal Rules of Civil Procedure, or by the Court's order, or any extensions thereof, shall be waived.

12.     Whenever a reference to a business entity appears, the reference shall mean the business entity, its affiliated companies, partnerships, divisions, subdivisions, directors, officers, employees, agents, clients or other representatives of affiliated third parties.

## **<u>INSTRUCTIONS</u>**

1.      Production of documents and items requested herein shall be made at the offices of The Moskowitz Law Firm, P.O. Box 141609, Coral Gables, FL 33114, or for hand deliveries at 251 Valencia Ave #141609, Coral Gables, FL 33114, or via electronic mail to the email addresses provided in the signature blocks of the attorneys serving these requests.

2.     These requests shall include all documents that are in the possession, custody or control of Defendant or in the possession, custody or control of the present or former agents, representatives, or attorneys of Defendant, or any and all persons acting on the behalf of Defendant, or its present or former agents, representatives, or attorneys.

3.     For any document covered by a request that is withheld from production, Defendant shall provide the following information in the form of a privilege log:

        a.    the reasons and facts supporting any withholding;

        b.    the date such document was prepared;

        c.    the names, employment positions and addresses of the author or preparers of such document;

        d.    the names, employment positions, and the addresses of each person who received such document;

        e.    the title and a brief description of the document; and

        f.    the number of the request under which such document would be produced but for the objection.

4.     If any document responsive to a request has been destroyed, produce all documents describing or referencing:

        a.    the contents of the lost or destroyed document;

        b.    all locations in which any copy of the lost or destroyed document had been maintained;

        c.    the date of such loss or destruction;

        d.    the name of each person who ordered, authorized, and carried out the destruction of any responsive document;

    e.      all document retention and destruction policies in effect at the time any requested document was destroyed; and

    f.      all efforts made to locate any responsive document alleged to have been lost.

5.     In producing the documents requested, indicate the specific request(s) pursuant to which document or group of documents is being produced.

6.     These requests should be deemed continuing, and supplemental productions should be provided as additional documents become available.

7.     All documents are to be produced in the following method:

    a)  Single page .TIFF

    b)  Color .jpg (Documents wherein reflection of importance relies on color, shall be produced in .jpg format)

    c)  OCR at document level (All documents are to be provided with searchable text files with the exception of the redacted portions of redacted documents)

    d)  Electronic documents and Emails are to be processed and converted from the electronic format to single page tiff

## THREE REQUESTS FOR PRODUCTION

*Please refer to the Definitions and Instructions when responding to these requests. To the extent that any of these requests seek information considered by Defendants to be confidential, Plaintiff have already agreed to enter into any reasonable confidentiality agreement with Defendants to protect such alleged confidential information.*

1.      All Documents and Communications, including contracts or agreements, regarding any business You conducted with the FTX Entities.

2.      All Documents and Communications, that show, evidence and/or relate to Defendant "targeting" Defendant's Florida fans, and Florida's FTX consumers, including but not limited to the "Don't Miss Out on Crypto" 2022 Super Bowl advertisement. *See* https://youtu.be/hWMnbJJpeZc (accessed April 21, 2023).

3.      All documents regarding any and all communications with the FTX Entities regarding whether YBAs or FTT constitute a security under any federal or state law.

**PLAINTIFF'S FIRST SET OF THREE REQUESTS FOR
PRODUCTION TO DEFENDANT NAOMI OSAKA**

# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF FLORIDA
### MIAMI DIVISION

### CASE NO. 1:22-cv-23753-KMM

**EDWIN GARRISON**, *et al.,* on behalf of
themselves and all others similarly situated,

   *Plaintiffs,*

*v.*

**SAM BANKMAN-FRIED**, *et al.*,

   *Defendants.*

_____/

## PLAINTIFF'S FIRST SET OF THREE REQUESTS FOR PRODUCTION TO DEFENDANT NAOMI OSAKA

   Plaintiff, pursuant to Fed. R. Civ. P. 26 and 34, requests that Defendant, Naomi Osaka

("Osaka"), produce the documents requested in response to these three requests.

Dated: April 21, 2023       Respectfully submitted,

        **By:** ***/s/ Adam Moskowitz***
        Adam M. Moskowitz
        Florida Bar No. 984280
        adam@moskowitz-law.com
        Joseph M. Kaye
        Florida Bar No. 117520
        joseph@moskowitz-law.com
        **THE MOSKOWITZ LAW FIRM, PLLC**
        2 Alhambra Plaza, Suite 601
        Coral Gables, FL 33134
        Telephone: (305) 740-1423

        **By:** ***/s/ David Boies***
        David Boies
        (*Pro Hac Vice*)
        Alex Boies
        (*Pro Hac Vice*)
        **BOIES SCHILLER FLEXNER LLP**
        333 Main Street
        Armonk, NY 10504

*Edwin Garrison, et al. v. Samuel Bankman-Fried, et al.*
*Case No. 1:22-cv-23753-KMM*

Phone: (914) 749–8200
dboies@bsfllp.com

**By:** *<u>/s/ Stephen Neal Zack</u>*
Stephen Neal Zack
Florida Bar No. 145215
**BOIES SCHILLER FLEXNER LLP**
100 SE 2nd St., Suite 2800
Miami, FL 33131
Office: 305-539-8400
szack@bsfllp.com

*Co-Counsel for Plaintiff and the Class*

## <u>CERTIFICATE OF SERVICE</u>

I HEREBY CERTIFY that on April 21, 2023, a true and correct copy of the foregoing was

sent via electronic mail to counsel for Defendants.

By: *<u>/s/ Adam M. Moskowitz</u>*
ADAM M. MOSKOWITZ

Edwin Garrison, et al. v. Samuel Bankman-Fried, et al.
Case No. 1:22-cv-23753-KMM

## DEFINITIONS AND INSTRUCTIONS

Unless otherwise specified, the terms set forth below have the following meanings:

1.      "Osaka," "You," or "Your" means Defendant Naomi Osaka and any of her affiliates, representatives, or agents.

2.      "FTX Entities" means West Realm Shires Services, Inc., FTX Trading Ltd, Blockfolio, Inc., and any of their affiliates, subsidiaries, divisions, segments, predecessors, successors, officers, directors, employees, representatives, or agents.

3.      "FTX Platform" refers to the FTX Entities' mobile application and/or web-based cryptocurrency investment service that places cryptocurrency trade orders on behalf of users.

4.      "YBAs" refers to the Yield-Bearing Accounts offered by the FTX Entities on the FTX Platform.

5.      "FTT" refers to the native cryptocurrency exchange token of the FTX Platform ecosystem.

6.      "FTX Platform" refers to the FTX Entities' mobile application cryptocurrency investment service that places cryptocurrency trade orders on behalf of users.

7.      "Document(s)" means any written, printed, typed or other graphic matter, of any kind or nature, whether in hard copy or electronic format, whether the original, draft, or a copy and copies bearing notations or marks not found on the original, including but not limited to memoranda, reports, recommendations, notes, letters, envelopes, post-its, emails, telegrams, messages, manuscripts, studies, analyses, tests, comparisons, books, articles, pamphlets, magazines, newspapers, booklets, circulars, bulletins, notices, instructions, minutes, agreements, contracts, and all other written communications, of any type, including inter and intra-office communications, purchase orders, invoices, bills, receipts, questionnaires, surveys,

3

charts, graphs, videos, photographs, sketches, drawings, house sheets, tapes, voice messages or other recordings, print-outs or compilations from which information can be obtained or, if necessary, translated through detection devices into reasonably usable form, including all underlying or preparatory materials and drafts thereof.

8.      Unless otherwise stated in a request, the time period for which you must respond is beginning in January 1, 2019 and ending at the present time.

9.      "Person" or "People" means any natural person(s) or any business, legal, or governmental entity (or entities) or association(s).

10.     All/Each – The terms "all" and "each" shall be construed as meaning either all or each as necessary to bring within the scope of the discovery request all responses that might otherwise be construed to be outside its scope.

11.     Objections: Where an objection is made to any request, the objection shall state with specificity all grounds. Any ground not stated in an objection within the time provided by the Federal Rules of Civil Procedure, or by the Court's order, or any extensions thereof, shall be waived.

12.     Whenever a reference to a business entity appears, the reference shall mean the business entity, its affiliated companies, partnerships, divisions, subdivisions, directors, officers, employees, agents, clients or other representatives of affiliated third parties.

## **INSTRUCTIONS**

1.      Production of documents and items requested herein shall be made at the offices of The Moskowitz Law Firm, P.O. Box 141609, Coral Gables, FL 33114, or for hand deliveries at 251 Valencia Ave #141609, Coral Gables, FL 33114, or via electronic mail to the email addresses provided in the signature blocks of the attorneys serving these requests.

2.      These requests shall include all documents that are in the possession, custody or control of Defendant or in the possession, custody or control of the present or former agents, representatives, or attorneys of Defendant, or any and all persons acting on the behalf of Defendant, or its present or former agents, representatives, or attorneys.

3.      For any document covered by a request that is withheld from production, Defendant shall provide the following information in the form of a privilege log:

   a.      the reasons and facts supporting any withholding;

   b.      the date such document was prepared;

   c.      the names, employment positions and addresses of the author or preparers of such document;

   d.      the names, employment positions, and the addresses of each person who received such document;

   e.      the title and a brief description of the document; and

   f.      the number of the request under which such document would be produced but for the objection.

4.      If any document responsive to a request has been destroyed, produce all documents describing or referencing:

   a.      the contents of the lost or destroyed document;

   b.      all locations in which any copy of the lost or destroyed document had been maintained;

   c.      the date of such loss or destruction;

   d.      the name of each person who ordered, authorized, and carried out the destruction of any responsive document;

e.       all document retention and destruction policies in effect at the time any requested document was destroyed; and

f.       all efforts made to locate any responsive document alleged to have been lost.

5.      In producing the documents requested, indicate the specific request(s) pursuant to which document or group of documents is being produced.

6.      These requests should be deemed continuing, and supplemental productions should be provided as additional documents become available.

7.      All documents are to be produced in the following method:

a)  Single page .TIFF

b)  Color .jpg (Documents wherein reflection of importance relies on color, shall be produced in .jpg format)

c)  OCR at document level (All documents are to be provided with searchable text files with the exception of the redacted portions of redacted documents)

d)  Electronic documents and Emails are to be processed and converted from the electronic format to single page tiff

*Edwin Garrison, et al. v. Samuel Bankman-Fried, et al.*
*Case No. 1:22-cv-23753-KMM*

## THREE REQUESTS FOR PRODUCTION

***Please refer to the Definitions and Instructions when responding to these requests. To the extent that any of these requests seek information considered by Defendants to be confidential, Plaintiff have already agreed to enter into any reasonable confidentiality agreement with Defendants to protect such alleged confidential information.***

1.      All Documents and Communications, including contracts or agreements, regarding Your Global Partnership with the FTX Entities. *See* https://www.prnewswire.com/news-releases/naomi-osaka-world-renowned-tennis-player-and-activist-becomes-global-ambassador-and-shareholder-of-ftx-with-long-term-partnership-to-increase-access-and-opportunity-for-women-in-crypto-301506633.html (accessed April 21, 2023).

2.      All Documents and Communications, that show, evidence and/or relate to Defendant "targeting" Defendant's Florida fans, and Florida's FTX consumers, including but not limited to, (1) through wearing the FTX logo on the kit Defendant wore at tournaments, including the 2022 Miami Open, and (2) through any and all content you directed, created, produced, or participated in in association with the FTX Entities designed to promote the FTX Platform, FTT, and/or YBAs, such as the advertisement viewable here: https://youtu.be/pkuf8avR50k (accessed April 21, 2023).

3.      All documents regarding any and all communications with the FTX Entities regarding whether YBAs or FTT constitute a security under any federal or state law.

**PLAINTIFF'S FIRST SET OF THREE REQUESTS FOR PRODUCTION TO DEFENDANT SHOHEI OHTANI**

# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF FLORIDA
## MIAMI DIVISION

### CASE NO. 1:22-cv-23753-KMM

**EDWIN GARRISON**, *et al.,* on behalf of
themselves and all others similarly situated,

     *Plaintiffs,*

*v.*

**SAM BANKMAN-FRIED**, *et al.*,

     *Defendants.*

_____/

## PLAINTIFF'S FIRST SET OF THREE REQUESTS FOR PRODUCTION TO DEFENDANT SHOHEI OHTANI

     Plaintiff, pursuant to Fed. R. Civ. P. 26 and 34, requests that Defendant, Shohei Ohtani

("Ohtani"), produce the documents requested in response to these three requests.

Dated: April 21, 2023

Respectfully submitted,

By: **/s/ Adam Moskowitz**
Adam M. Moskowitz
Florida Bar No. 984280
adam@moskowitz-law.com
Joseph M. Kaye
Florida Bar No. 117520
joseph@moskowitz-law.com
**THE MOSKOWITZ LAW FIRM, PLLC**
2 Alhambra Plaza, Suite 601
Coral Gables, FL 33134
Telephone: (305) 740-1423

By: **/s/ David Boies**
David Boies
(*Pro Hac Vice*)
Alex Boies
(*Pro Hac Vice*)
**BOIES SCHILLER FLEXNER LLP**
333 Main Street
Armonk, NY 10504

Phone: (914) 749–8200
dboies@bsfllp.com

**By:** *_/s/ Stephen Neal Zack_*
Stephen Neal Zack
Florida Bar No. 145215
**BOIES SCHILLER FLEXNER LLP**
100 SE 2nd St., Suite 2800
Miami, FL 33131
Office: 305-539-8400
szack@bsfllp.com

*Co-Counsel for Plaintiff and the Class*

<u>**CERTIFICATE OF SERVICE**</u>

I HEREBY CERTIFY that on April 21, 2023, a true and correct copy of the foregoing was

sent via electronic mail to counsel for Defendants.

By: *_/s/ Adam M. Moskowitz_*
ADAM M. MOSKOWITZ

## DEFINITIONS AND INSTRUCTIONS

Unless otherwise specified, the terms set forth below have the following meanings:

1.　　"Ohtani," "You," or "Your" means Defendant Shohei Ohtani and any of his affiliates, representatives, or agents.

2.　　"FTX Entities" means West Realm Shires Services, Inc., FTX Trading Ltd, Blockfolio, Inc., and any of their affiliates, subsidiaries, divisions, segments, predecessors, successors, officers, directors, employees, representatives, or agents.

3.　　"FTX Platform" refers to the FTX Entities' mobile application and/or web-based cryptocurrency investment service that places cryptocurrency trade orders on behalf of users.

4.　　"YBAs" refers to the Yield-Bearing Accounts offered by the FTX Entities on the FTX Platform.

5.　　"FTT" refers to the native cryptocurrency exchange token of the FTX Platform ecosystem.

6.　　"FTX Platform" refers to the FTX Entities' mobile application cryptocurrency investment service that places cryptocurrency trade orders on behalf of users.

7.　　"Document(s)" means any written, printed, typed or other graphic matter, of any kind or nature, whether in hard copy or electronic format, whether the original, draft, or a copy and copies bearing notations or marks not found on the original, including but not limited to memoranda, reports, recommendations, notes, letters, envelopes, post-its, emails, telegrams, messages, manuscripts, studies, analyses, tests, comparisons, books, articles, pamphlets, magazines, newspapers, booklets, circulars, bulletins, notices, instructions, minutes, agreements, contracts, and all other written communications, of any type, including inter and intra-office communications, purchase orders, invoices, bills, receipts, questionnaires, surveys,

charts, graphs, videos, photographs, sketches, drawings, house sheets, tapes, voice messages or other recordings, print-outs or compilations from which information can be obtained or, if necessary, translated through detection devices into reasonably usable form, including all underlying or preparatory materials and drafts thereof.

8.      Unless otherwise stated in a request, the time period for which you must respond is beginning in January 1, 2019 and ending at the present time.

9.      "Person" or "People" means any natural person(s) or any business, legal, or governmental entity (or entities) or association(s).

10.     All/Each – The terms "all" and "each" shall be construed as meaning either all or each as necessary to bring within the scope of the discovery request all responses that might otherwise be construed to be outside its scope.

11.     Objections: Where an objection is made to any request, the objection shall state with specificity all grounds. Any ground not stated in an objection within the time provided by the Federal Rules of Civil Procedure, or by the Court's order, or any extensions thereof, shall be waived.

12.     Whenever a reference to a business entity appears, the reference shall mean the business entity, its affiliated companies, partnerships, divisions, subdivisions, directors, officers, employees, agents, clients or other representatives of affiliated third parties.

## **INSTRUCTIONS**

1.    Production of documents and items requested herein shall be made at the offices of The Moskowitz Law Firm, P.O. Box 141609, Coral Gables, FL 33114, or for hand deliveries at 251 Valencia Ave #141609, Coral Gables, FL 33114, or via electronic mail to the email addresses provided in the signature blocks of the attorneys serving these requests.

2.      These requests shall include all documents that are in the possession, custody or control of Defendant or in the possession, custody or control of the present or former agents, representatives, or attorneys of Defendant, or any and all persons acting on the behalf of Defendant, or its present or former agents, representatives, or attorneys.

3.      For any document covered by a request that is withheld from production, Defendant shall provide the following information in the form of a privilege log:

          a.      the reasons and facts supporting any withholding;

          b.      the date such document was prepared;

          c.      the names, employment positions and addresses of the author or preparers of such document;

          d.      the names, employment positions, and the addresses of each person who received such document;

          e.      the title and a brief description of the document; and

          f.      the number of the request under which such document would be produced but for the objection.

4.      If any document responsive to a request has been destroyed, produce all documents describing or referencing:

          a.      the contents of the lost or destroyed document;

          b.      all locations in which any copy of the lost or destroyed document had been maintained;

          c.      the date of such loss or destruction;

          d.      the name of each person who ordered, authorized, and carried out the destruction of any responsive document;

e.     all document retention and destruction policies in effect at the time any requested document was destroyed; and

f.     all efforts made to locate any responsive document alleged to have been lost.

5.     In producing the documents requested, indicate the specific request(s) pursuant to which document or group of documents is being produced.

6.     These requests should be deemed continuing, and supplemental productions should be provided as additional documents become available.

7.     All documents are to be produced in the following method:

a)  Single page .TIFF

b)  Color .jpg (Documents wherein reflection of importance relies on color, shall be produced in .jpg format)

c)  OCR at document level (All documents are to be provided with searchable text files with the exception of the redacted portions of redacted documents)

d)  Electronic documents and Emails are to be processed and converted from the electronic format to single page tiff

*Edwin Garrison, et al. v. Samuel Bankman-Fried, et al.*
*Case No. 1:22-cv-23753-KMM*

## THREE REQUESTS FOR PRODUCTION

***Please refer to the Definitions and Instructions when responding to these requests. To the extent that any of these requests seek information considered by Defendants to be confidential, Plaintiff have already agreed to enter into any reasonable confidentiality agreement with Defendants to protect such alleged confidential information.***

1.      All Documents and Communications, including contracts or agreements, regarding Your Global Partnership with the FTX Entities. *See* https://www.prnewswire.com/news-releases/mlb-superstar-shohei-ohtani-joins-ftx-as-global-ambassador-through-long-term-partnership-301425911.html (accessed April 21, 2023).

2.      All Documents and Communications, that show, evidence and/or relate to Defendant "targeting" Defendant's Florida fans, and Florida's FTX consumers, including but not limited to the "Shohei Does it All" advertising campaign. *See* https://www.youtube.com/watch?v=Is72XSKuUqA (accessed April 21, 2023).

3.      All documents regarding any and all communications with the FTX Entities regarding whether YBAs or FTT constitute a security under any federal or state law.

## PLAINTIFF'S FIRST SET OF THREE REQUESTS FOR PRODUCTION TO DEFENDANT STEPHEN CURRY

# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF FLORIDA
## MIAMI DIVISION

### CASE NO. 1:22-cv-23753-KMM

**EDWIN GARRISON**, *et al.,* on behalf of
themselves and all others similarly situated,

      *Plaintiffs,*

*v.*

**SAM BANKMAN-FRIED**, *et al.*,

      *Defendants.*

                                 /

### PLAINTIFF'S FIRST SET OF THREE REQUESTS FOR PRODUCTION TO <u>DEFENDANT STEPHEN CURRY</u>

      Plaintiff, pursuant to Fed. R. Civ. P. 26 and 34, requests that Defendant, Stephen Curry

("Curry"), produce the documents requested in response to these three requests.

Dated: April 21, 2023                      Respectfully submitted,

                                    **By: */s/ Adam Moskowitz***
                                    Adam M. Moskowitz
                                    Florida Bar No. 984280
                                    adam@moskowitz-law.com
                                    Joseph M. Kaye
                                    Florida Bar No. 117520
                                    joseph@moskowitz-law.com
                                  **THE MOSKOWITZ LAW FIRM, PLLC**
                                    2 Alhambra Plaza, Suite 601
                                    Coral Gables, FL 33134
                                    Telephone: (305) 740-1423

                                    **By: */s/ David Boies***
                                    David Boies
                                    (*Pro Hac Vice*)
                                    Alex Boies
                                    (*Pro Hac Vice*)
                                    **BOIES SCHILLER FLEXNER LLP**
                                    333 Main Street
                                    Armonk, NY 10504

*Edwin Garrison, et al. v. Samuel Bankman-Fried, et al.*
*Case No. 1:22-cv-23753-KMM*

Phone: (914) 749–8200
dboies@bsfllp.com

**By: */s/ Stephen Neal Zack*
Stephen Neal Zack
Florida Bar No. 145215
**BOIES SCHILLER FLEXNER LLP**
100 SE 2nd St., Suite 2800
Miami, FL 33131
Office: 305-539-8400
szack@bsfllp.com

*Co-Counsel for Plaintiff and the Class*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on April 21, 2023, a true and correct copy of the foregoing was

sent via electronic mail to counsel for Defendants.

By: */s/ Adam M. Moskowitz*
ADAM M. MOSKOWITZ

2

## DEFINITIONS AND INSTRUCTIONS

Unless otherwise specified, the terms set forth below have the following meanings:

1.      "Curry," "You," or "Your" means Defendant Stephen Curry and any of his affiliates, representatives, or agents.

2.      "FTX Entities" means West Realm Shires Services, Inc., FTX Trading Ltd, Blockfolio, Inc., and any of their affiliates, subsidiaries, divisions, segments, predecessors, successors, officers, directors, employees, representatives, or agents.

3.      "FTX Platform" refers to the FTX Entities' mobile application and/or web-based cryptocurrency investment service that places cryptocurrency trade orders on behalf of users.

4.      "YBAs" refers to the Yield-Bearing Accounts offered by the FTX Entities on the FTX Platform.

5.      "FTT" refers to the native cryptocurrency exchange token of the FTX Platform ecosystem.

6.       "FTX Platform" refers to the FTX Entities' mobile application cryptocurrency investment service that places cryptocurrency trade orders on behalf of users.

7.      "Document(s)" means any written, printed, typed or other graphic matter, of any kind or nature, whether in hard copy or electronic format, whether the original, draft, or a copy and copies bearing notations or marks not found on the original, including but not limited to memoranda, reports, recommendations, notes, letters, envelopes, post-its, emails, telegrams, messages, manuscripts, studies, analyses, tests, comparisons, books, articles, pamphlets, magazines, newspapers, booklets, circulars, bulletins, notices, instructions, minutes, agreements, contracts, and all other written communications, of any type, including inter and intra-office communications, purchase orders, invoices, bills, receipts, questionnaires, surveys,

charts, graphs, videos, photographs, sketches, drawings, house sheets, tapes, voice messages or other recordings, print-outs or compilations from which information can be obtained or, if necessary, translated through detection devices into reasonably usable form, including all underlying or preparatory materials and drafts thereof.

8.      Unless otherwise stated in a request, the time period for which you must respond is beginning in January 1, 2019 and ending at the present time.

9.      "Person" or "People" means any natural person(s) or any business, legal, or governmental entity (or entities) or association(s).

10.     All/Each – The terms "all" and "each" shall be construed as meaning either all or each as necessary to bring within the scope of the discovery request all responses that might otherwise be construed to be outside its scope.

11.     Objections: Where an objection is made to any request, the objection shall state with specificity all grounds. Any ground not stated in an objection within the time provided by the Federal Rules of Civil Procedure, or by the Court's order, or any extensions thereof, shall be waived.

12.     Whenever a reference to a business entity appears, the reference shall mean the business entity, its affiliated companies, partnerships, divisions, subdivisions, directors, officers, employees, agents, clients or other representatives of affiliated third parties.

## **<u>INSTRUCTIONS</u>**

1.      Production of documents and items requested herein shall be made at the offices of The Moskowitz Law Firm, P.O. Box 141609, Coral Gables, FL 33114, or for hand deliveries at 251 Valencia Ave #141609, Coral Gables, FL 33114, or via electronic mail to the email addresses provided in the signature blocks of the attorneys serving these requests.

2.      These requests shall include all documents that are in the possession, custody or control of Defendant or in the possession, custody or control of the present or former agents, representatives, or attorneys of Defendant, or any and all persons acting on the behalf of Defendant, or its present or former agents, representatives, or attorneys.

3.      For any document covered by a request that is withheld from production, Defendant shall provide the following information in the form of a privilege log:

   a.      the reasons and facts supporting any withholding;

   b.      the date such document was prepared;

   c.      the names, employment positions and addresses of the author or preparers of such document;

   d.      the names, employment positions, and the addresses of each person who received such document;

   e.      the title and a brief description of the document; and

   f.      the number of the request under which such document would be produced but for the objection.

4.      If any document responsive to a request has been destroyed, produce all documents describing or referencing:

   a.      the contents of the lost or destroyed document;

   b.      all locations in which any copy of the lost or destroyed document had been maintained;

   c.      the date of such loss or destruction;

   d.      the name of each person who ordered, authorized, and carried out the destruction of any responsive document;

*Edwin Garrison, et al. v. Samuel Bankman-Fried, et al.*
*Case No. 1:22-cv-23753-KMM*

      e.      all document retention and destruction policies in effect at the time any requested document was destroyed; and

      f.      all efforts made to locate any responsive document alleged to have been lost.

5.      In producing the documents requested, indicate the specific request(s) pursuant to which document or group of documents is being produced.

6.      These requests should be deemed continuing, and supplemental productions should be provided as additional documents become available.

7.      All documents are to be produced in the following method:

      a)  Single page .TIFF

      b)  Color .jpg (Documents wherein reflection of importance relies on color, shall be produced in .jpg format)

      c)  OCR at document level (All documents are to be provided with searchable text files with the exception of the redacted portions of redacted documents)

      d)  Electronic documents and Emails are to be processed and converted from the electronic format to single page tiff

*Edwin Garrison, et al. v. Samuel Bankman-Fried, et al.*
*Case No. 1:22-cv-23753-KMM*

## THREE REQUESTS FOR PRODUCTION

***Please refer to the Definitions and Instructions when responding to these requests. To the extent that any of these requests seek information considered by Defendants to be confidential, Plaintiff have already agreed to enter into any reasonable confidentiality agreement with Defendants to protect such alleged confidential information.***

1.      All Documents and Communications, including contracts or agreements, regarding Your Global Partnership with the FTX Entities. *See* https://www.prnewswire.com/news-releases/nba-superstar-stephen-curry-becomes-global-ambassador-and-shareholder-of-leading-cryptocurrency-exchange-ftx-through-long-term-partnership-301370497.html (accessed April 21, 2023).

2.      All Documents and Communications, including but not limited to Contracts or Agreements and any negotiations, that shows, evidences and/or relates to Defendant "targeting" Defendant's Florida fans, and Florida's FTX consumers, including but not limited to, through any NFTs You offered for sale on the FTX Platform, or through the extremely well-marketed the "#notanexpert" campaign and Your statements made in that campaign, including "I'm not an expert, ***and I don't need to be.*** With FTX I have everything I need to buy, sell, and trade crypto ***safely.***" *See* https://www.youtube.com/watch?v=gsy2N-XI04o (accessed April 21, 2023); *see also* https://www.prnewswire.com/news-releases/stephen-curry-drops-surprise-nft-for-charity-to-commemorate-breaking-all-time-nba-three-point-record-301447687.html (accessed April 21, 2023).

3.      All documents regarding any and all communications with the FTX Entities regarding whether YBAs or FTT constitute a security under any federal or state law.

**NOTICES OF TAKING THE VIDEOTAPED DEPOSITION OF DEFENDANTS GOLDEN STATE WARRIORS LLC'S RULE 30(b)(6) REPRESENTATIVE(S), LAWRENCE GENE DAVID, NAOMI OSAKA, SHOHEI OHTANI, AND STEPHEN CURRY**

# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF FLORIDA
## MIAMI DIVISION

### CASE NO. 1:22-cv-23753-KMM

**EDWIN GARRISON**, *et al.,* on behalf of
themselves and all others similarly situated,

      *Plaintiffs,*

*v.*

**SAM BANKMAN-FRIED**, *et al.*,

      *Defendants.*

_____/

## NOTICE OF TAKING THE VIDEOTAPED DEPOSITION OF DEFENDANT GOLDEN STATE WARRIORS LLC'S RULE 30(b)(6) REPRESENTATIVE(S)

Pursuant to Federal Rule of Civil Procedure 30(b)(6), Plaintiff's counsel will take the

deposition of the below-named person/entity on the date, time, and at the location indicated.

| | |
|---|---|
| **DEPONENT**: | Defendant Golden State Warriors LLC, (the "GSW"), by and through GSW' corporate representative(s) with knowledge of the four topics listed in **Exhibit A,** pursuant to Federal Rule of Civil Procedure 30(b)(6). |
| **DATE**: | May 8, 2023 |
| **TIME**: | 10:00 AM (PDT) // 1:00 PM (EDT) |
| **LOCATION**: | Boies, Schiller Flexner, LLP<br>725 S Figueroa Street, 31st Floor<br>Los Angeles, CA 90017<br>Phone (213) 629–9040 |

The aforesaid deposition will be before a court reporter, an officer authorized by law to

administer oaths and take depositions in the State of California. The deposition is being taken for

the purpose of discovery, for use at trial, or both, or for such other purposes as are permitted under

the Federal and Local Rules of Civil Procedure.

*Edwin Garrison, et al. v. Samuel Bankman-Fried, et al.*
*Case No. 1:22-cv-23753-KMM*

Pursuant to Federal Rule of Civil Procedure 30(b)(6), Defendant Golden State Warriors

LLC (the "GSW") shall both designate one or more officers, directors, managing agents, or other

persons to testify on its behalf on each topic listed on **Exhibit A** attached hereto.

Dated: April 21, 2023                                        Respectfully submitted,

                                                            **By:** *_/s/ Adam Moskowitz_____*
                                                            Adam M. Moskowitz
                                                            Florida Bar No. 984280
                                                            adam@moskowitz-law.com
                                                            Joseph M. Kaye
                                                            Florida Bar No. 117520
                                                            joseph@moskowitz-law.com
                                                            **THE MOSKOWITZ LAW FIRM, PLLC**
                                                            2 Alhambra Plaza, Suite 601
                                                            Coral Gables, FL 33134
                                                            Telephone: (305) 740-1423

                                                            **By:** *_/s/ David Boies_*
                                                            David Boies
                                                            (*Pro Hac Vice*)
                                                            Alex Boies
                                                            (*Pro Hac Vice*)
                                                            **BOIES SCHILLER FLEXNER LLP**
                                                            333 Main Street
                                                            Armonk, NY 10504
                                                            Phone: (914) 749–8200
                                                            dboies@bsfllp.com

                                                            **By:** *_/s/ Stephen Neal Zack_*
                                                            Stephen Neal Zack
                                                            Florida Bar No. 145215
                                                            **BOIES SCHILLER FLEXNER LLP**
                                                            100 SE 2nd St., Suite 2800
                                                            Miami, FL 33131
                                                            Office: 305-539-8400
                                                            szack@bsfllp.com

                                                            *Co-Counsel for Plaintiff and the Class*

*Edwin Garrison, et al. v. Samuel Bankman-Fried, et al.*
*Case No. 1:22-cv-23753-KMM*

<u>**CERTIFICATE OF SERVICE**</u>

I HEREBY CERTIFY that a true and correct copy of the forgoing was filed on April 21,

2023, via the Court's CM/ECF system, which will send notification of such filing to all attorneys

of record.

By: */s/ Adam M. Moskowitz*
ADAM M. MOSKOWITZ

*Edwin Garrison, et al. v. Samuel Bankman-Fried, et al.*
*Case No. 1:22-cv-23753-KMM*

## EXHIBIT A

## I. DEFINITIONS AND INSTRUCTIONS

Unless otherwise specified, the terms set forth below have the following meanings:

1.      "GSW," "You," or "Your" means Defendant, Golden State Warriors LLC, any of its affiliates, subsidiaries, divisions, segments, predecessors, successors, officers, directors, employees, representatives, or agents.

2.      "FTX Entities" means West Realm Shires Services, Inc., FTX Trading Ltd, Blockfolio, Inc., and any of their affiliates, subsidiaries, divisions, segments, predecessors, successors, officers, directors, employees, representatives, or agents.

3.      "FTX Platform" refers to the FTX Entities' mobile application and/or web-based cryptocurrency investment service that places cryptocurrency trade orders on behalf of users.

4.      "YBAs" refers to the Yield-Bearing Accounts offered by the FTX Entities on the FTX Platform.

5.      "FTT" refers to the native cryptocurrency exchange token of the FTX Platform ecosystem.

6.      "FTX Platform" refers to the FTX Entities' mobile application cryptocurrency investment service that places cryptocurrency trade orders on behalf of users.

7.      "Document(s)" means any written, printed, typed or other graphic matter, of any kind or nature, whether in hard copy or electronic format, whether the original, draft, or a copy and copies bearing notations or marks not found on the original, including but not limited to memoranda, reports, recommendations, notes, letters, envelopes, post-its, emails, telegrams, messages, manuscripts, studies, analyses, tests, comparisons, books, articles, pamphlets, magazines, newspapers, booklets, circulars, bulletins, notices, instructions, minutes,

agreements, contracts, and all other written communications, of any type, including inter and intra-office communications, purchase orders, invoices, bills, receipts, questionnaires, surveys, charts, graphs, videos, photographs, sketches, drawings, house sheets, tapes, voice messages or other recordings, print-outs or compilations from which information can be obtained or, if necessary, translated through detection devices into reasonably usable form, including all underlying or preparatory materials and drafts thereof.

8.     "Person" or "People" means any natural person(s) or any business, legal, or governmental entity (or entities) or association(s).

9.     All/Each – The terms "all" and "each" shall be construed as meaning either all or each as necessary to bring within the scope of the discovery request all responses that might otherwise be construed to be outside its scope.

10.    Objections: Where an objection is made to any request, the objection shall state with specificity all grounds. Any ground not stated in an objection within the time provided by the Federal Rules of Civil Procedure, or by the Court's order, or any extensions thereof, shall be waived.

11.    Whenever a reference to a business entity appears, the reference shall mean the business entity, its affiliated companies, partnerships, divisions, subdivisions, directors, officers, employees, agents, clients or other representatives of affiliated third parties.

12.    Unless otherwise stated in a request, the time period for which you must respond is beginning in January 1, 2019 and ending at the present time.

*Edwin Garrison, et al. v. Samuel Bankman-Fried, et al.*
*Case No. 1:22-cv-23753-KMM*

## II. <u>FOUR DEPOSITION SUBJECTS</u>

Pursuant to Rule 30(b)(6), the GSW shall designate and produce for deposition one or more of its officers, directors, managing agents, or other persons who are knowledgeable about and consent to testify on its behalf concerning the following subject matters:

1.      All Documents and responses provided in response to Plaintiffs' request for production, each dated and served on April 21, 2023.

2.      All contracts or agreements and circumstances regarding Your "First-Of-Its-Kind" International Partnership with the FTX Entities. *See* https://www.nba.com/warriors/warriors-ftx-partnership-20211214 (accessed April 21, 2023).

3.      All Documents and Communications, that show, evidence and/or relate to Defendant "targeting" Defendant's Florida fans, and Florida's FTX consumers, including but not limited to (1) any advertising for the FTX Platform or FTX Entities located in the Chase Center that was broadcast in or viewable by Florida investors and GSW fans residing in Florida during GSW games (including GSW home games where GSW played either the Miami Heat or Orlando Magic); (2) any advertising for the FTX Platform or FTX Entities located in the Warriors Gaming Squad court during NBA 2K League games; and (3) any NFTs that GSW offered for sale on the FTX Platform.

4.      All research or due diligence YOU and/or the NBA performed about the FTX Entities, the FTX Platform, or whether YBAs or FTT constitute a security under any federal or state law.

# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF FLORIDA
## MIAMI DIVISION

### CASE NO. 1:22-cv-23753-KMM

**EDWIN GARRISON**, *et al.,* on behalf of
themselves and all others similarly situated,

    *Plaintiffs,*

*v.*

**SAM BANKMAN-FRIED**, *et al.*,

    *Defendants.*

_____/

## <u>NOTICE OF TAKING THE VIDEOTAPED DEPOSITION OF</u>
## <u>DEFENDANT LAWRENCE GENE DAVID</u>

    Pursuant to Federal Rule of Civil Procedure 30, Plaintiff's counsel will take the deposition of the below-named person/entity on the date, time, and at the location indicated.

| | |
|---|---|
| **DEPONENT**: | Defendant Lawrence Gene David |
| **DATE**: | May 11, 2023 |
| **TIME**: | 10:00 AM (PDT) // 1:00 PM (EDT) |
| **LOCATION**: | Boies, Schiller Flexner, LLP |
| | 725 S Figueroa Street, 31st Floor |
| | Los Angeles, CA 90017 |
| | Phone (213) 629–9040 |

    The aforesaid deposition will be before a court reporter, an officer authorized by law to administer oaths and take depositions in the State of California. The deposition is being taken for the purpose of discovery, for use at trial, or both, or for such other purposes as are permitted under the Federal and Local Rules of Civil Procedure.

Dated: April 21, 2023               Respectfully submitted,

                                   **By:** ***/s/ Adam Moskowitz***_____
                                   Adam M. Moskowitz

Florida Bar No. 984280
adam@moskowitz-law.com
Joseph M. Kaye
Florida Bar No. 117520
joseph@moskowitz-law.com
**THE MOSKOWITZ LAW FIRM, PLLC**
2 Alhambra Plaza, Suite 601
Coral Gables, FL 33134
Telephone: (305) 740-1423

**By:** */s/ David Boies*
David Boies
(*Pro Hac Vice*)
Alex Boies
(*Pro Hac Vice*)
**BOIES SCHILLER FLEXNER LLP**
333 Main Street
Armonk, NY 10504
Phone: (914) 749–8200
dboies@bsfllp.com

**By:** */s/ Stephen Neal Zack*
Stephen Neal Zack
Florida Bar No. 145215
**BOIES SCHILLER FLEXNER LLP**
100 SE 2nd St., Suite 2800
Miami, FL 33131
Office: 305-539-8400
szack@bsfllp.com

*Co-Counsel for Plaintiff and the Class*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the forgoing was filed on April 21, 2023, via the Court's CM/ECF system, which will send notification of such filing to all attorneys of record.

By: */s/ Adam M. Moskowitz*
ADAM M. MOSKOWITZ

# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF FLORIDA
## MIAMI DIVISION

### CASE NO. 1:22-cv-23753-KMM

**EDWIN GARRISON**, *et al.,* on behalf of
themselves and all others similarly situated,

     *Plaintiffs,*

*v.*

**SAM BANKMAN-FRIED**, *et al.*,

     *Defendants.*

_____/

## <u>NOTICE OF TAKING THE VIDEOTAPED DEPOSITION OF</u>
## <u>DEFENDANT NAOMI OSAKA</u>

     Pursuant to Federal Rule of Civil Procedure 30, Plaintiff's counsel will take the deposition of the below-named person/entity on the date, time, and at the location indicated.

| | |
|---|---|
| **DEPONENT**: | Defendant Naomi Osaka |
| **DATE**: | May 10, 2023 |
| **TIME**: | 10:00 AM (PDT) // 1:00 PM (EDT) |
| **LOCATION**: | Boies, Schiller Flexner, LLP<br>725 S Figueroa Street, 31st Floor<br>Los Angeles, CA 90017<br>Phone (213) 629–9040 |

     The aforesaid deposition will be before a court reporter, an officer authorized by law to administer oaths and take depositions in the State of California. The deposition is being taken for the purpose of discovery, for use at trial, or both, or for such other purposes as are permitted under the Federal and Local Rules of Civil Procedure.

Dated: April 21, 2023

                         Respectfully submitted,

                         **By:** *<u>/s/ Adam Moskowitz</u>*
                         Adam M. Moskowitz

Florida Bar No. 984280
adam@moskowitz-law.com
Joseph M. Kaye
Florida Bar No. 117520
joseph@moskowitz-law.com
**THE MOSKOWITZ LAW FIRM, PLLC**
2 Alhambra Plaza, Suite 601
Coral Gables, FL 33134
Telephone: (305) 740-1423

**By:** */s/ David Boies*
David Boies
(*Pro Hac Vice*)
Alex Boies
(*Pro Hac Vice*)
**BOIES SCHILLER FLEXNER LLP**
333 Main Street
Armonk, NY 10504
Phone: (914) 749–8200
dboies@bsfllp.com

**By:** */s/ Stephen Neal Zack*
Stephen Neal Zack
Florida Bar No. 145215
**BOIES SCHILLER FLEXNER LLP**
100 SE 2nd St., Suite 2800
Miami, FL 33131
Office: 305-539-8400
szack@bsfllp.com

*Co-Counsel for Plaintiff and the Class*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the forgoing was filed on April 21, 2023, via the Court's CM/ECF system, which will send notification of such filing to all attorneys of record.

By: */s/ Adam M. Moskowitz*
ADAM M. MOSKOWITZ

# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF FLORIDA
## MIAMI DIVISION

### CASE NO. 1:22-cv-23753-KMM

**EDWIN GARRISON**, *et al.,* on behalf of
themselves and all others similarly situated,

     *Plaintiffs,*

*v.*

**SAM BANKMAN-FRIED**, *et al.*,

     *Defendants.*

_____/

## NOTICE OF TAKING THE VIDEOTAPED DEPOSITION OF
## DEFENDANT SHOHEI OHTANI

     Pursuant to Federal Rule of Civil Procedure 30, Plaintiff's counsel will take the deposition of the below-named person/entity on the date, time, and at the location indicated.

     **DEPONENT**:     Defendant Shohei Ohtani

     **DATE**:     May 12, 2023

     **TIME**:     10:00 AM (PDT) // 1:00 PM (EDT)

     **LOCATION**:     Boies, Schiller Flexner, LLP
     725 S Figueroa Street, 31st Floor
     Los Angeles, CA 90017
     Phone (213) 629–9040

     The aforesaid deposition will be before a court reporter, an officer authorized by law to administer oaths and take depositions in the State of California.  The deposition is being taken for the purpose of discovery, for use at trial, or both, or for such other purposes as are permitted under the Federal and Local Rules of Civil Procedure.

Dated: April 21, 2023     Respectfully submitted,

     **By: */s/ Adam Moskowitz*_____
     Adam M. Moskowitz

Florida Bar No. 984280
adam@moskowitz-law.com
Joseph M. Kaye
Florida Bar No. 117520
joseph@moskowitz-law.com
**THE MOSKOWITZ LAW FIRM, PLLC**
2 Alhambra Plaza, Suite 601
Coral Gables, FL 33134
Telephone: (305) 740-1423

**By:** */s/ David Boies*
David Boies
(*Pro Hac Vice*)
Alex Boies
(*Pro Hac Vice*)
**BOIES SCHILLER FLEXNER LLP**
333 Main Street
Armonk, NY 10504
Phone: (914) 749–8200
dboies@bsfllp.com

**By:** */s/ Stephen Neal Zack*
Stephen Neal Zack
Florida Bar No. 145215
**BOIES SCHILLER FLEXNER LLP**
100 SE 2nd St., Suite 2800
Miami, FL 33131
Office: 305-539-8400
szack@bsfllp.com

*Co-Counsel for Plaintiff and the Class*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the forgoing was filed on April 21, 2023, via the Court's CM/ECF system, which will send notification of such filing to all attorneys of record.

By: */s/ Adam M. Moskowitz*
ADAM M. MOSKOWITZ

# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF FLORIDA
## MIAMI DIVISION
### CASE NO. 1:22-cv-23753-KMM

**EDWIN GARRISON**, *et al.,* on behalf of
themselves and all others similarly situated,

     *Plaintiffs,*

*v.*

**SAM BANKMAN-FRIED**, *et al.*,

     *Defendants.*

_____/

## <u>NOTICE OF TAKING THE VIDEOTAPED DEPOSITION OF</u>
## <u>DEFENDANT STEPHEN CURRY</u>

Pursuant to Federal Rule of Civil Procedure 30, Plaintiff's counsel will take the deposition of the below-named person/entity on the date, time, and at the location indicated.

| | |
|---|---|
| **DEPONENT**: | Defendant Stephen Curry |
| **DATE**: | May 9, 2023 |
| **TIME**: | 10:00 AM (PDT) // 1:00 PM (EDT) |
| **LOCATION**: | Boies, Schiller Flexner, LLP |
| | 725 S Figueroa Street, 31st Floor |
| | Los Angeles, CA 90017 |
| | Phone (213) 629–9040 |

The aforesaid deposition will be before a court reporter, an officer authorized by law to administer oaths and take depositions in the State of California.  The deposition is being taken for the purpose of discovery, for use at trial, or both, or for such other purposes as are permitted under the Federal and Local Rules of Civil Procedure.

Dated: April 21, 2023                           Respectfully submitted,

                                    **By: */s/ Adam Moskowitz*_____**
                                    Adam M. Moskowitz
                                    Florida Bar No. 984280
                                    adam@moskowitz-law.com
                                    Joseph M. Kaye
                                    Florida Bar No. 117520
                                    joseph@moskowitz-law.com
                                    **THE MOSKOWITZ LAW FIRM, PLLC**
                                    2 Alhambra Plaza, Suite 601
                                    Coral Gables, FL 33134
                                    Telephone: (305) 740-1423

                                    **By: */s/ David Boies***
                                    David Boies
                                    (*Pro Hac Vice*)
                                    Alex Boies
                                    (*Pro Hac Vice*)
                                    **BOIES SCHILLER FLEXNER LLP**
                                    333 Main Street
                                    Armonk, NY 10504
                                    Phone: (914) 749–8200
                                    dboies@bsfllp.com

                                    **By: */s/ Stephen Neal Zack***
                                    Stephen Neal Zack
                                    Florida Bar No. 145215
                                    **BOIES SCHILLER FLEXNER LLP**
                                    100 SE 2nd St., Suite 2800
                                    Miami, FL 33131
                                    Office: 305-539-8400
                                    szack@bsfllp.com
                                    *Co-Counsel for Plaintiff and the Class*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the forgoing was filed on April 21,

2023, via Court's CM/ECF system, which will send notification to all attorneys of record.

                        By: */s/ Adam M. Moskowitz*_____
                           ADAM M. MOSKOWITZ

# Exhibit B

**PLAINTIFFS' OMNIBUS MOTION TO LIFT DISCOVERY STAY AND FOR LEAVE TO CONDUCT JURISDICTIONAL DISCOVERY, AND, IF NECESSARY TO AMEND THEIR COMPLAINTS WITH ANY FACTS ARISING FROM SUCH**

# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF FLORIDA
# MIAMI DIVISION

## CASE NO. 23-21023-CIV-ALTONAGA/Damian

**EDWIN GARRISON**, *et al.,* on behalf of
themselves and all others similarly situated,

       Plaintiffs,

v.

**KEVIN PAFFRATH, GRAHAM STEPHAN,
ANDREI JIKH, JASPREET SINGH, BRIAN
JUNG, JEREMY LEFEBVRE, TOM NASH,
BEN ARMSTRONG, ERIKA KULLBERG,
CREATORS AGENCY, LLC,**

       Defendants.

_____/

## JOINT REPORT IN RESPONSE TO THE COURT'S MAY 16, 2023 ORDER [ECF 88]

    Plaintiffs, Edwin Garrison, et al. ("Plaintiffs"), and Kevin Paffrath, et al. ("Defendants") (Defendants together with Plaintiffs, the "Parties"), submit this Joint Report, in accordance with the Court's May 16, 2023 Order. ECF No. 88. All of the Parties have been very cooperative and met via phone and Zoom teleconference, but respectfully submit different suggestions for how the Court should conduct discovery on issues of service and jurisdiction. In accordance with the Court's Order, the Parties respectfully state as follows:

## I.    PLAINTIFFS' REPORT ON DISCOVERY

    Plaintiffs and their Counsel have been litigating crypto class actions before this Court[1] for over a year and have learned a great deal during the discovery process. Plaintiffs and their Counsel have fully briefed, and received many Orders, on issues including jurisdictional discovery. Plaintiffs' Counsel have also been litigating similar class actions against Defendants Mark Cuban and his Dallas Mavericks, for their role in promoting *Voyager's* unregistered securities offerings,[2] where plaintiffs have completed most of the necessary discovery and depositions.

---

[1] *Mark Cassidy v. Voyager Digital Ltd., et al.,* Case No. 21-cv-24441 (the "*Cassidy* Action")

[2] *Robertson, et al. v. Mark Cuban, et al.,* Case No. 22-CV-22538 (the "*Voyager Brand*

Plaintiffs want to streamline and narrow discovery so that the Parties can focus on two main questions: (1) Did FTX offer and sell "unregistered securities" (including through offering and selling the FTX interest accounts and FTT tokens), and (2) did these specific Defendants "promote" the sale of the unregistered securities, leading to joint and several liability against FTX under the Florida (and/or other applicable state) securities statute(s).

In the Court's Case Management Order [D.E. 62], the Court already stated it was not (at this stage) bifurcating discovery. In the related *Voyager* cases, this Court (in the *Cassidy* Action) and Magistrate Judge Reid and Judge Altman (in the *Voyager Brand Ambassadors* Action) also found that there was no clear line between merits and class discovery under these facts and declined to bifurcate discovery. After these rulings in the *Voyager Brand Ambassadors* Action, counsel for Mr. Cuban even agreed that we take only one deposition (7 hours), so we only took one complete deposition that covered all areas (jurisdiction and merits). The Court has set a discovery deadline here of July 3rd [D.E. 62], for Plaintiffs to complete discovery related to the impending class certification.

**Service of the Complaint**: Issues regarding whether the Defendants were properly served is easier, because Plaintiffs provided 8 of the 10 Defendants (other than Armstrong and Creators Agency LLC) via email on March 31, 2023, with a copy of the Complaint and Notice of Commencement of Action and Request for Waiver of Service forms. *See* **Composite Exhibit A**. Many of the Defendants declined to return the Waiver forms, so they were served with formal process. Although a few Defendants contend that they were improperly served, each defendant has now appeared through counsel, who should be authorized (either by their client or by the Court) to accept service of process on their behalf, to the extent there are any perceived issues with how process was served. The current service as it stands was certainly sufficient to provide all Defendants with notice to the extent that they have now appeared in this Action. In any event, Plaintiffs certainly would not object to the Court granting Defendants—as requested—an extension of time for their responses to the Complaint as if their counsel now executed the waiver (as the deadline for responses under the waivers that were sent on March 31, 2023, would be May 30, 2023).

To the extent that any of these Defendants refuse to authorize their counsel to accept service on their behalf, Plaintiffs respectfully submit that the Court can enter an order authorizing Plaintiffs

*Ambassadors* Action")

to serve any Defendant with process through email to their counsel in this Action, particularly in the case of Defendant Kullberg, whose whereabouts are unknown but may be currently outside of the United States,[3] since the Court ordered all Defendants be served before June 13, 2023. *See, e.g.,* ECF Nos. 3, 61, 65.

**Jurisdictional Discovery**: Judge K. Michael Moore recently granted Plaintiffs leave to file an Amended Complaint in the related matter, *Garrison v. Bankman-Fried*, No. 1:22-cv-23753-KMM, ECF No. 205. We know now that it was FTX's Miami office, and its Miami-based Vice President of Business Development, Mr. Avinash Dabir, who was personally involved with originating, organizing and directing most of the FTX celebrity and promotional activities. Now that the Parties conducted their Rule 26 Meeting, Plaintiffs already served Defendants on May 17, 2023, with 7 very narrow requests for production (seeking documents about their own FTX promotions) and notices for one brief Zoom deposition of each Defendant. *See* **Composite Exhibit B**.

Plaintiffs do not want to create any unreasonable burdens for any party. In all of our prior cases, none of the Defendants have sustained their burden to show any "undue burden" in responding to this discovery, and Plaintiffs have effectively completed all of that discovery efficiently and expeditiously. These 7 narrow requests are very specific and Plaintiffs are glad for defendants to produce their materials, as they are kept in the ordinary course of business. Plaintiffs are also open to work out any specific cases, where for some reason, the production of the responsive materials may be "unduly burdensome." Moreover, Plaintiffs agree to take only one deposition via Zoom (so no travel is necessary), and Defendants can select their own location), on any date (at least 10 days after the materials are produced, but well before July 3rd).

---

[3] Various recent sources state that Kullberg may be located in the "United States" or in Japan, and her husband, Eric Kullberg, lists Dubai as his location on his LinkedIn profile. *See* https://www.linkedin.com/in/erika2/ (Erika Kullberg LinkedIn); https://ae.linkedin.com/in/eric-kullberg-315b633a?trk=public_post_feed-actor-name (Eric Kullberg LinkedIn); https://il.linkedin.com/posts/eric-kullberg-315b633a_erikataughtme-activity-6988093145766887425-Vacy ("I am unbelievably proud of my wife, Erika Kullberg, who has travelled the world over the past four months to interview industry experts, entrepreneurs, leaders, authors and creators as part of her latest project — the 'Erika Taught Me' podcast.").

## 2. **DEFENDANT'S REPORT ON DISCOVERY**

Defendants Creators Agency LLC, Erika Kullberg, Brian Jung, Tom Nash, Jaspreet Singh, Ben Armstrong, Jeremy Lefebvre, Andrei Jikh, Graham Stephan, and Kevin Paffrath intend to challenge personal jurisdiction over them. Additionally, Defendants Jeremy Lefebvre, Andrei Jikh, Erika Kullberg, and Kevin Paffrath do not believe that they have been properly served. As required by the Court's amended order of May 16, 2023, ECF No. 88, Plaintiffs and Defendants have conferred. Below, Defendants set forth their positions and address the Court's directives.

Defendants summarize their position as follows: Defendants do not believe that Plaintiffs are entitled to any jurisdictional discovery for the reasons set forth below. If, however, the Court permits limited jurisdictional discovery, then the Court should adopt a discovery and briefing schedule similar to the one it issued in *Cassidy v. Voyager Digital Ltd. See* Order, *Cassidy v. Voyager Digital Ltd.*, No. 21-cv-24441-CMA, at 6–7 (S.D. Fla. Mar. 3, 2022), ECF No. 36 (the "*Voyager Digital* Order"). Regardless of whether the Court permits limited jurisdictional discovery, the Court—as it also ruled in the *Voyager Digital* Order—should set aside or stay all other deadlines in its Scheduling Order. ECF No. 62. Only if any of Defendants are not dismissed because of lack of personal jurisdiction or improper service should the case then proceed on the merits.

### Personal Jurisdiction

At the outset, based on the allegations in the Complaint, Plaintiffs are not entitled to any jurisdictional discovery. It is well established that courts have wide latitude in denying jurisdictional discovery where a plaintiff has failed to make a prima facie case for jurisdiction. *See, e.g.*, *Frontera Res. Azerbaijan Corp. v. State Oil Co. of the Azerbaijan Rep.*, 582 F.3d 393, 401 (2d Cir. 2009) ("A district court has wide latitude to determine the scope of discovery, and is typically within its discretion to deny jurisdictional discovery when the plaintiff has not made out a prima facie case for jurisdiction." (alteration omitted) (citation omitted) (internal quotation marks omitted)); *Negrón–Torres v. Verizon Commc'ns, Inc.*, 478 F.3d 19, 27 (1st Cir. 2007) ("[B]ecause Negrón has failed to make a colorable claim for personal jurisdiction, we have no reason to overturn the district court's denial of her request for jurisdictional discovery."); *Vision Media TV Grp., LLC v. Forte*, 724 F. Supp. 2d 1260, 1267 n.3 (S.D. Fla. 2010) ("Plaintiff must provide the Court with some showing establishing the need for jurisdictional discovery."); 8 CHARLES ALAN WRIGHT, FEDERAL PRACTICE AND PROCEDURE § 2008.3 (3d ed. Apr. 2014) ("[A] district court

may properly refuse or limit jurisdictional discovery if the plaintiff has not made a sufficient showing that there may be a basis for exercise of jurisdiction ….").

Here, Plaintiffs have failed to make a prima facie case for personal jurisdiction over any Defendant. To begin with, the Complaint contains no well-pleaded allegations about any one of Defendants that would support personal jurisdiction over any of them. Indeed, apart from brief allegations identifying Defendants, *see* Compl. ¶¶ 22–31, the Complaint contains no allegations about any Defendant suggesting that any is subject to personal jurisdiction in Florida. Although the Complaint does contain a paragraph on personal jurisdiction, *see* Compl. ¶ 33, the allegations in that paragraph—which lumps all Defendants together—contain "no more than conclusions" that "are not entitled to the assumption of truth." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Although—as the Court recently observed—"a plaintiff 'initially need only allege sufficient facts to make out a prima facie case of jurisdiction,'" *Voyager Digital* Order at 2 (quoting *Posner v. Essex Ins. Co.*, 178 F.3d 1209, 1214 (11th Cir. 1999), Plaintiffs' Complaint has failed even to do that. In short, the Court should not permit any jurisdictional discovery at all. *See Indus. Network, Inc. v. Hitti*, 2014 WL 324656, at *3 (S.D. Fla. Jan. 28, 2014) ("The purpose of jurisdictional discovery is to ascertain the truth of the allegations underlying the assertion of personal jurisdiction—it is not a vehicle for a fishing expedition in the hopes that discovery will sustain the exercise of jurisdiction.").

If the Court does not permit any jurisdictional discovery, then the Court should require Defendants to file their motions to dismiss for lack of personal jurisdiction, to dismiss for improper service, and to dismiss for failure to state a claim and to join indispensable parties within 30 days, so that all Defendants respond at the same time. All other deadlines and merits discovery should be stayed until after the Court rules on these motions to dismiss.

If, on the other hand, the Court is inclined instead to permit limited jurisdictional discovery, then the Court should adopt a discovery and briefing schedule similar to the one set forth in the *Voyager Digital* Order. Specifically, Defendants propose the following schedule, which would conclude jurisdictional discovery within roughly two months' time:

- Within 10 days after the Court enters an order, the parties must serve any written discovery (which may consist of requests for production, interrogatories, and requests for admission) on the opposing party[4], which must be limited solely to personal jurisdiction.

---

[4] For clarity, if jurisdictional discovery is permitted, Defendants seek to take discovery from

- Within 21 days after service of any written discovery, the parties must serve responses, any objections, and any non-objected-to discovery (together, "Responsive Discovery"). For any objections, the parties must promptly meet and confer and contact Judge Damian's chambers to arrange a date for a hearing.

- Within 21 days after service of the Responsive Discovery, any desired depositions must take place. As with the written discovery, the scope of any deposition is limited solely to personal jurisdiction and is limited to 5 hours each.

- Within 7 days after completion of jurisdictional discovery, Defendants must file their motions to dismiss for lack of personal jurisdiction, for improper service, and for failure to state a cause of action and failure to join indispensable parties. Thereafter, response and reply memoranda are due within the timeframe permitted by the Local Rules.

Defendants acknowledge that this briefing schedule builds in more time than that in the *Voyager Digital* Order. But that additional time—about two months for jurisdictional discovery to be completed and for the motions to dismiss for lack of personal jurisdiction to be filed—is necessary because inn *Voyager Digital*, there were only two defendants; here, there are ten defendants. Thus, discovery will take longer logistically, and additional time is warranted.

Regardless of whether the Court permits limited jurisdictional discovery, the Court should set aside or stay all other deadlines in its Scheduling Order. ECF No. 62 including merits discovery. "As a general rule, courts should address issues relating to personal jurisdiction before reaching the merits of a plaintiff's claims." *Rep. of Pan. v. BCCI Holdings (Lux.) S.A.*, 119 F.3d 935, 941 (11th Cir. 1997); *see also id.* ("A defendant that is not subject to the jurisdiction of the court cannot be bound by its rulings. Thus, as a preliminary matter, courts should determine if they have the power to bind a defendant with a ruling on the merits of the case." (citation omitted)). For this reason, the Court stayed all its deadlines in the *Voyager Digital* Order, and it should do the same here. Only if any Defendant is not dismissed because of lack of personal jurisdiction or improper service should the Court permit merits discovery.

### Service of Process

Four Defendants assert that that have not been properly served with process: Jeremy Lefebvre, Andrei Jikh, Kevin Paffrath, and Erika Kullberg. On May 18, 2023, these Defendants

---

Plaintiffs regarding personal jurisdiction as well. During meet-and-confer sessions with counsel for Defendant Paffrath, Plaintiffs' counsel seem to indicate that they believed jurisdictional discovery should be provided only from Defendants to Plaintiff. Defendants disagree with this position and believe that jurisdictional discovery should be available to all parties.

conferred with Plaintiffs in an attempt to resolve the issues surrounding service. Defendants Lefebvre, Jikh, and Paffrath have agreed to accept service of process through an appropriate waiver, and it is their position that doing so would entitle them to 60 days to answer or otherwise respond to the Complaint. *See* FED. R. CIV. P. 4(d). Based on the conferral, Plaintiffs seemed inclined to permit these Defendants additional time to respond if Defendants accepted service of process. Plaintiffs, however, raised a concern that the Court would not want multiple or varying deadlines within which different Defendants would respond.

To address this concern, Defendants propose that, if no jurisdictional discovery is permitted, *all* Defendants be given 30 days to file a motion for lack of personal jurisdiction and to file a motion to dismiss based on Rule 12(b)(6) and/or Rule 12(b)(7) grounds (and Defendant Kullberg will file a motion to dismiss to challenge the sufficiency of service). Alternatively, if jurisdictional discovery is permitted, the motions to dismiss would be filed in accordance with the schedule proposed above (7 days after completion of jurisdictional discovery) and all Defendants would agree to participate in jurisdictional discovery in the interim period before the motions to dismiss would be due.

With regard to Defendant Paffrath, Plaintiffs claim to have served Mr. Paffrath by serving the summons complaint on the windshield of his wife's automobile, in Ventura, California on April 27, 2023. (*See* Affidavit of Jeffrey S. Larock, ECF No. 58). Paffrath's counsel has preliminarily reviewed whether this purported service of process complies with federal or California law and believes the service is defective. However, Paffrath's counsel has proposed to Plaintiffs' counsel it would accept Plaintiffs' Request for Waiver of Service of Process, pursuant to Federal Rule of Civil Procedure(4)(d) in lieu of contesting service and would agree to the procedure proposed above.

Defendant Kullberg conferred with Plaintiffs' counsel via a zoom conference and via email in an effort to resolve the issues surrounding service. Specifically, Kullberg's service was not proper under New York law because she does not reside, and has never resided, at 40 Waterside Plz, Apt 11D, New York, NY, *see* ECF No. 25, nor at any location in New York. Furthermore, the return of service has inaccurate statements. Defendant Kullberg has requested that Plaintiffs withdraw their affidavit of return of service, and properly serve Defendant Kullberg. No agreement on the issues of service as it relates to Kullberg has been reached.

**Respectfully submitted May 18, 2023.**

| | |
|---|---|
| ***By: /s/ Adam M. Moskowitz*** | By: */s/Brian W. Toth* |
| Adam M. Moskowitz | Brian W. Toth |
| Florida Bar No. 984280 | Florida Bar No. 57708 |
| Joseph M. Kaye | btoth@tothfunes.com |
| Florida Bar No. 117520 | Ingraham Building |
| **THE MOSKOWITZ LAW FIRM, PLLC** | Freddy Funes |
| 3250 Mary Street, Suite 202 | Florida Bar No. 87932 |
| Coconut Grove, FL 33133 | TOTH FUNES PA |
| Telephone: (305) 740-1423 | ffunes@tothfunes.com |
| adam@moskowitz-law.com | 25 Southeast Second Avenue, Suite 805 |
| joseph@moskowitz-law.com | Miami, Florida 33131 |
| | (305) 717-7850 |
| Stuart Z. Grossman | |
| Florida Bar No. 156113 | *Counsel for Defendant Tom Nash* |
| Manuel A. Arteaga-Gomez | |
| Florida Bar No. 18122 | By: */s/ Jose G. Sepulveda* |
| **GROSSMAN ROTH YAFFA COHEN, P.A.** | Jose Guillermo Sepulveda |
| 2525 Ponce de Leon Boulevard, Suite 1150 | jsepulveda@stearnsweaver.com |
| Coral Gables, FL 33134 | STEARNS WEAVER MILLER WEISSLER |
| Ph: 305-442-8666 | ALHADEFF & SITTERSON |
| szg@grossmanroth.com | Museum Tower |
| aag@grossmanroth.com | 150 W Flagler Street, Suite 2200 |
| | Miami, Florida 33130 |
| Stephen Neal Zack | (305) 789-3200 |
| Florida Bar No. 145215 | |
| Tyler Ulrich | Derek Adams |
| Florida Bar No. 94705 | dadams@potomaclaw.com |
| **BOIES SCHILLER FLEXNER LLP** | POTOMAC LAW GROUP, PLLC |
| 100 SE 2nd St., Suite 2800 | 1300 Pennsylvania Avenue, NW, Suite 700 |
| Miami, FL 33131 | Washington, DC 20004 |
| Office: 305-539-8400 | (202) 743-1511 |
| szack@bsfllp.com | |
| tulrich@bsfllp.com | *Counsel for Defendants Brian Jung, Erika* |
| | *Kullberg, and Creators Agency LLC* |
| Jose Ferrer | |
| Florida Bar No. 173746 | David E Ghannam |
| **MARK MIGDAL HAYDEN LLP** | david@ghannam.law |
| Miami, FL 33130 | DAVID E GHANNAM, P.C. |
| Office: 305-374-0440 | 17436 College Parkway |
| jose@markmigdal.com | Ste 3rd Floor |
| michelle@markmigdal.com | Livonia, Michigan 48152 |
| eservice@markmigdal.com | (313) 945-0088 |
| | |
| *Co-Counsel for Plaintiffs and the Class* | *Counsel for Defendant Jaspreet Singh* |

By: */s/Joseph M. Mysorewala*
Josef M Mysorewala
josefm@lawjmm.com
LAW OFFICE OF JOSEF M MYSOREWALA, PLLC
2000 S. Dixie Highway, Suite 112
Miami, Florida 33133
(305) 356-1031

Kimberly P. Stein
kps@fdllawlv.com
FLANGAS LAW GROUP, INC.
3275 South Jones Blvd., Suite 105
Las Vegas, Nevada 89146
(702) 307-9500

*Counsel for Defendants Graham Stephan, Adrei Jikh, and Jeremy Lefebvre*

By: */s/Darren Adam Heitner*
Darren Adam Heitner
darren@heitnerlegal.com
HEITNER LEGAL, P.L.L.C.
215 Hendricks Isle
Fort Lauderdale, Florida 33301
(954) 558-6999

*Counsel for Ben Armstrong*

By: */s/Adam J. Lamb*
**JOSEPH A. DEMARIA, B.C.S.**
Florida Bar No. 764711
JDeMaria@FoxRothschild.com
**ADAM J. LAMB**
Florida Bar No. 899046
alamb@FoxRothschild.com
**FOX ROTHSCHILD LLP**
One Biscayne Tower, Suite 2750
2 South Biscayne Blvd.
Miami, Florida 33131
Telephone: 305.442.6547
Facsimile: 305.442.6541

*Attorney for Defendant Kevin Paffrath*

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that a true and correct copy of the forgoing was filed on May 18, 2023, with the Court via the CM/ECF system, which will send notification of such filing to all attorneys and/or parties of record.

By: *s/ Adam M. Moskowitz*
ADAM M. MOSKOWITZ

# Composite

# Exhibit A

## Rejane Passos

| | |
|---|---|
| **From:** | Joseph Kaye |
| **Sent:** | Friday, March 31, 2023 12:29 AM |
| **To:** | andrei@majikh.com |
| **Cc:** | Adam Moskowitz; Rejane Passos; dboies@bsfllp.com; aboies@bsfllp.com; Jose Ferrer; Michelle Genet Bernstein; Stuart Grossman; Alex Arteaga-Gomez; Stephen N. Zack |
| **Subject:** | Re: Garrison, et al. v. Paffrath, et al. - No. 1:23-cv-21023-CMA - Request for Waiver of Service - Andrei Jikh |
| **Attachments:** | 2023.03.31 - ANDRE JIKH - Garrison v. Paffrath - Waiver Return.pdf; Garrison v. Paffrath - 23-cv-21023 - D.E. 1 - Complaint.PDF; 2023.03.31 - ANDRE JIKH - Garrison v. Paffrath - Waiver Request.pdf |

| | |
|---|---|
| **Follow Up Flag:** | Follow up |
| **Flag Status:** | Flagged |

Good evening, Mr. Jikh,

We represent Plaintiffs and the putative classes in the above-reference action. A copy of the operative complaint is attached. I am reaching out to you with a Notice of Commencement of Action and Request for Waiver of Service (both forms attached). Please sign, date, and return the waiver so we may proceed with the litigation. Thank you.

Best,

Joseph M. Kaye, P.A.
Partner
**The Moskowitz Law Firm, PLLC**
P.O. Box 141609
Coral Gables, FL 33114
*For Hand Deliveries Use:*
251 Valencia Ave #141609
Coral Gables, FL 33114
Office: (305) 740-1423
Direct: (786) 309-9585

Note: The information in this email is confidential and intended to be legally privileged. If you are not the intended recipient, you must not read, use or disseminate the information contained herein; please advise the sender immediately by reply email and delete this message and any attachments without retaining a copy. Although this email and any attachments are believed to be free of any viruses or other defects that may affect any computer system into which it is received and opened, it is the responsibility of the recipient to ensure that it is virus-free and no responsibility is accepted by The Moskowitz Law Firm or the sender of this email for any loss or damage arising in any way from its use.

CIRCULAR 230 DISCLAIMER: The IRS now requires written advice (including electronic communications) regarding one or more Federal (i.e., United States) tax issues to meet certain standards. Those standards involve a detailed and careful analysis of the facts and applicable law which we expect would be time

**Rejane Passos**

| | |
|---|---|
| **From:** | Joseph Kaye |
| **Sent:** | Friday, March 31, 2023 12:29 AM |
| **To:** | team@jungmedia.io |
| **Cc:** | Adam Moskowitz; Rejane Passos; dboies@bsfllp.com; aboies@bsfllp.com; Jose Ferrer; Michelle Genet Bernstein; Stuart Grossman; Alex Arteaga-Gomez; Stephen N. Zack |
| **Subject:** | Re: Garrison, et al. v. Paffrath, et al. - No. 1:23-cv-21023-CMA - Request for Waiver of Service - Brian Jung |
| **Attachments:** | 2023.03.31 - BRIAN JUNG - Garrison v. Paffrath - Waiver Return.pdf; Garrison v. Paffrath - 23-cv-21023 - D.E. 1 - Complaint.PDF; 2023.03.31 - BRIAN JUNG - Garrison v. Paffrath - Waiver Request.pdf |

| | |
|---|---|
| **Follow Up Flag:** | Follow up |
| **Flag Status:** | Flagged |

Good evening, Mr. Jung,

We represent Plaintiffs and the putative classes in the above-reference action. A copy of the operative complaint is attached. I am reaching out to you with a Notice of Commencement of Action and Request for Waiver of Service (both forms attached). Please sign, date, and return the waiver so we may proceed with the litigation. Thank you.

Best,

Joseph M. Kaye, P.A.
Partner
**The Moskowitz Law Firm, PLLC**
P.O. Box 141609
Coral Gables, FL 33114
*For Hand Deliveries Use:*
251 Valencia Ave #141609
Coral Gables, FL 33114
Office: (305) 740-1423
Direct: (786) 309-9585

Note: The information in this email is confidential and intended to be legally privileged. If you are not the intended recipient, you must not read, use or disseminate the information contained herein; please advise the sender immediately by reply email and delete this message and any attachments without retaining a copy. Although this email and any attachments are believed to be free of any viruses or other defects that may affect any computer system into which it is received and opened, it is the responsibility of the recipient to ensure that it is virus-free and no responsibility is accepted by The Moskowitz Law Firm or the sender of this email for any loss or damage arising in any way from its use.

CIRCULAR 230 DISCLAIMER: The IRS now requires written advice (including electronic communications) regarding one or more Federal (i.e., United States) tax issues to meet certain standards. Those standards involve a detailed and careful analysis of the facts and applicable law which we expect would be time

**Rejane Passos**

---

| | |
|---|---|
| **From:** | Joseph Kaye |
| **Sent:** | Friday, March 31, 2023 12:30 AM |
| **To:** | grahamstephanbusiness@gmail.com; graham.stephan@gmail.com; graham.stephan1@gmail.com; graham_stephan@yahoo.com; grahamthebeast@yahoo.com; gstephan@youtube.com; grahamstephan@youtube.com |
| **Cc:** | Adam Moskowitz; Rejane Passos; dboies@bsfllp.com; aboies@bsfllp.com; Jose Ferrer; Michelle Genet Bernstein; Stuart Grossman; Alex Arteaga-Gomez; Stephen N. Zack |
| **Subject:** | Re: Garrison, et al. v. Paffrath, et al. - No. 1:23-cv-21023-CMA - Request for Waiver of Service - Graham Stephan |
| **Attachments:** | 2023.03.31 - GRAHAM STEPHAN - Garrison v. Paffrath - Waiver Request.pdf; 2023.03.31 - GRAHAM STEPHAN - Garrison v. Paffrath - Waiver Return.pdf; Garrison v. Paffrath - 23-cv-21023 - D.E. 1 - Complaint.PDF |

| | |
|---|---|
| **Follow Up Flag:** | Follow up |
| **Flag Status:** | Flagged |

Good evening, Mr. Stephan,

We represent Plaintiffs and the putative classes in the above-reference action. A copy of the operative complaint is attached. I am reaching out to you with a Notice of Commencement of Action and Request for Waiver of Service (both forms attached). Please sign, date, and return the waiver so we may proceed with the litigation. Thank you.

Best,

Joseph M. Kaye, P.A.
Partner
**The Moskowitz Law Firm, PLLC**
P.O. Box 141609
Coral Gables, FL 33114
*For Hand Deliveries Use:*
251 Valencia Ave #141609
Coral Gables, FL 33114
Office: (305) 740-1423
Direct: (786) 309-9585

Note: The information in this email is confidential and intended to be legally privileged. If you are not the intended recipient, you must not read, use or disseminate the information contained herein; please advise the sender immediately by reply email and delete this message and any attachments without retaining a copy. Although this email and any attachments are believed to be free of any viruses or other defects that may affect any computer system into which it is received and opened, it is the responsibility of the recipient to ensure that it is virus-free and no responsibility is accepted by The Moskowitz Law Firm or the sender of this email for any loss or damage arising in any way from its use.

CIRCULAR 230 DISCLAIMER: The IRS now requires written advice (including electronic communications) regarding one or more Federal (i.e., United States) tax issues to meet certain standards. Those standards

## Rejane Passos

| | |
|---|---|
| **From:** | Joseph Kaye |
| **Sent:** | Friday, March 31, 2023 12:30 AM |
| **To:** | team@theminoritymindset.com; jsingh@theminoritymindset.com; jasingh21@gmail.com |
| **Cc:** | Adam Moskowitz; Rejane Passos; dboies@bsfllp.com; aboies@bsfllp.com; Jose Ferrer; Michelle Genet Bernstein; Stuart Grossman; Alex Arteaga-Gomez; Stephen N. Zack |
| **Subject:** | Re: Garrison, et al. v. Paffrath, et al. - No. 1:23-cv-21023-CMA - Request for Waiver of Service - Jaspreet Singh |
| **Attachments:** | 2023.03.31 - JASPREET SINGH - Garrison v. Paffrath - Waiver Request.pdf; 2023.03.31 - JASPREET SINGH - Garrison v. Paffrath - Waiver Return.pdf; Garrison v. Paffrath - 23-cv-21023 - D.E. 1 - Complaint.PDF |

| | |
|---|---|
| **Follow Up Flag:** | Follow up |
| **Flag Status:** | Flagged |

Good evening, Mr. Singh,

We represent Plaintiffs and the putative classes in the above-reference action. A copy of the operative complaint is attached. I am reaching out to you with a Notice of Commencement of Action and Request for Waiver of Service (both forms attached). Please sign, date, and return the waiver so we may proceed with the litigation. Thank you.


Best,

Joseph M. Kaye, P.A.
Partner
**The Moskowitz Law Firm, PLLC**
P.O. Box 141609
Coral Gables, FL 33114
*For Hand Deliveries Use:*
251 Valencia Ave #141609
Coral Gables, FL 33114
Office: (305) 740-1423
Direct: (786) 309-9585

Note: The information in this email is confidential and intended to be legally privileged. If you are not the intended recipient, you must not read, use or disseminate the information contained herein; please advise the sender immediately by reply email and delete this message and any attachments without retaining a copy. Although this email and any attachments are believed to be free of any viruses or other defects that may affect any computer system into which it is received and opened, it is the responsibility of the recipient to ensure that it is virus-free and no responsibility is accepted by The Moskowitz Law Firm or the sender of this email for any loss or damage arising in any way from its use.

CIRCULAR 230 DISCLAIMER: The IRS now requires written advice (including electronic communications) regarding one or more Federal (i.e., United States) tax issues to meet certain standards. Those standards

**Rejane Passos**

| | |
|---|---|
| **From:** | Joseph Kaye |
| **Sent:** | Friday, March 31, 2023 12:30 AM |
| **To:** | jlbrandsproduction@yahoo.com; jeremy@financialeducationjeremy.com |
| **Cc:** | Adam Moskowitz; Rejane Passos; dboies@bsfllp.com; aboies@bsfllp.com; Jose Ferrer; Michelle Genet Bernstein; Stuart Grossman; Alex Arteaga-Gomez; Stephen N. Zack |
| **Subject:** | Re: Garrison, et al. v. Paffrath, et al. - No. 1:23-cv-21023-CMA - Request for Waiver of Service - Jeremy Lefebvre |
| **Attachments:** | 2023.03.31 - JEREMY LEFEBVRE - Garrison v. Paffrath - Waiver Request.pdf; 2023.03.31 - JEREMY LEFEBVRE - Garrison v. Paffrath - Waiver Return.pdf; Garrison v. Paffrath - 23-cv-21023 - D.E. 1 - Complaint.PDF |

| | |
|---|---|
| **Follow Up Flag:** | Follow up |
| **Flag Status:** | Flagged |

Good evening, Mr. Lefebvre,

We represent Plaintiffs and the putative classes in the above-reference action. A copy of the operative complaint is attached. I am reaching out to you with a Notice of Commencement of Action and Request for Waiver of Service (both forms attached). Please sign, date, and return the waiver so we may proceed with the litigation. Thank you.

Best,

Joseph M. Kaye, P.A.
Partner
**The Moskowitz Law Firm, PLLC**
P.O. Box 141609
Coral Gables, FL 33114
*For Hand Deliveries Use:*
251 Valencia Ave #141609
Coral Gables, FL 33114
Office: (305) 740-1423
Direct: (786) 309-9585

Note: The information in this email is confidential and intended to be legally privileged. If you are not the intended recipient, you must not read, use or disseminate the information contained herein; please advise the sender immediately by reply email and delete this message and any attachments without retaining a copy. Although this email and any attachments are believed to be free of any viruses or other defects that may affect any computer system into which it is received and opened, it is the responsibility of the recipient to ensure that it is virus-free and no responsibility is accepted by The Moskowitz Law Firm or the sender of this email for any loss or damage arising in any way from its use.

CIRCULAR 230 DISCLAIMER: The IRS now requires written advice (including electronic communications) regarding one or more Federal (i.e., United States) tax issues to meet certain standards. Those standards involve a detailed and careful analysis of the facts and applicable law which we expect would be time

## Rejane Passos

| | |
|---|---|
| **From:** | Joseph Kaye |
| **Sent:** | Friday, March 31, 2023 12:29 AM |
| **To:** | staff@meetkevin.com; kevin@meetkevin.com; kevinpaffrath@gmail.com |
| **Cc:** | Adam Moskowitz; Rejane Passos; dboies@bsfllp.com; aboies@bsfllp.com; Jose Ferrer; Michelle Genet Bernstein; Stuart Grossman; Alex Arteaga-Gomez; Stephen N. Zack |
| **Subject:** | Re: Garrison, et al. v. Paffrath, et al. - No. 1:23-cv-21023-CMA - Request for Waiver of Service - Kevin Paffrath |
| **Attachments:** | 2023.03.31 - KEVIN PAFFRATH - Garrison v. Paffrath - Waiver Request.pdf; 2023.03.31 - KEVIN PAFFRATH - Garrison v. Paffrath - Waiver Return.pdf; Garrison v. Paffrath - 23-cv-21023 - D.E. 1 - Complaint.PDF |

| | |
|---|---|
| **Follow Up Flag:** | Follow up |
| **Flag Status:** | Flagged |

Good evening, Mr. Paffrath,

We represent Plaintiffs and the putative classes in the above-reference action. A copy of the operative complaint is attached. I am reaching out to you with a Notice of Commencement of Action and Request for Waiver of Service (both forms attached). Please sign, date, and return the waiver so we may proceed with the litigation. Thank you.

Best,

Joseph M. Kaye, P.A.
Partner
**The Moskowitz Law Firm, PLLC**
P.O. Box 141609
Coral Gables, FL 33114
*For Hand Deliveries Use:*
251 Valencia Ave #141609
Coral Gables, FL 33114
Office: (305) 740-1423
Direct: (786) 309-9585

Note: The information in this email is confidential and intended to be legally privileged. If you are not the intended recipient, you must not read, use or disseminate the information contained herein; please advise the sender immediately by reply email and delete this message and any attachments without retaining a copy. Although this email and any attachments are believed to be free of any viruses or other defects that may affect any computer system into which it is received and opened, it is the responsibility of the recipient to ensure that it is virus-free and no responsibility is accepted by The Moskowitz Law Firm or the sender of this email for any loss or damage arising in any way from its use.

CIRCULAR 230 DISCLAIMER: The IRS now requires written advice (including electronic communications) regarding one or more Federal (i.e., United States) tax issues to meet certain standards. Those standards involve a detailed and careful analysis of the facts and applicable law which we expect would be time

**Rejane Passos**

| | |
|---|---|
| **From:** | Joseph Kaye |
| **Sent:** | Friday, March 31, 2023 12:29 AM |
| **To:** | tomnashyt@gmail.com |
| **Cc:** | Adam Moskowitz; Rejane Passos; dboies@bsfllp.com; aboies@bsfllp.com; Jose Ferrer; Michelle Genet Bernstein; Stuart Grossman; Alex Arteaga-Gomez; Stephen N. Zack |
| **Subject:** | Re: Garrison, et al. v. Paffrath, et al. - No. 1:23-cv-21023-CMA - Request for Waiver of Service - Tom Nash |
| **Attachments:** | 2023.03.31 - TOM NASH - Garrison v. Paffrath - Waiver Return.pdf; Garrison v. Paffrath - 23-cv-21023 - D.E. 1 - Complaint.PDF; 2023.03.31 - TOM NASH - Garrison v. Paffrath - Waiver Request.pdf |

| | |
|---|---|
| **Follow Up Flag:** | Follow up |
| **Flag Status:** | Flagged |

Good evening, Mr. Nash,

We represent Plaintiffs and the putative classes in the above-reference action. A copy of the operative complaint is attached. I am reaching out to you with a Notice of Commencement of Action and Request for Waiver of Service (both forms attached). Please sign, date, and return the waiver so we may proceed with the litigation. Thank you.

Best,

Joseph M. Kaye, P.A.
Partner
**The Moskowitz Law Firm, PLLC**
P.O. Box 141609
Coral Gables, FL 33114
*For Hand Deliveries Use:*
251 Valencia Ave #141609
Coral Gables, FL 33114
Office: (305) 740-1423
Direct: (786) 309-9585

Note: The information in this email is confidential and intended to be legally privileged. If you are not the intended recipient, you must not read, use or disseminate the information contained herein; please advise the sender immediately by reply email and delete this message and any attachments without retaining a copy. Although this email and any attachments are believed to be free of any viruses or other defects that may affect any computer system into which it is received and opened, it is the responsibility of the recipient to ensure that it is virus-free and no responsibility is accepted by The Moskowitz Law Firm or the sender of this email for any loss or damage arising in any way from its use.

CIRCULAR 230 DISCLAIMER: The IRS now requires written advice (including electronic communications) regarding one or more Federal (i.e., United States) tax issues to meet certain standards. Those standards involve a detailed and careful analysis of the facts and applicable law which we expect would be time consuming and costly. We have not made and have not been asked to make that type of analysis in connection

| From: | Joseph Kaye |
|---|---|
| To: | erika@creatorsagency.co; erika@erikakullberg.com |
| Cc: | Adam Moskowitz; Rejane Passos; dboies@bsfllp.com; aboies@bsfllp.com; Jose Ferrer; Michelle Genet Bernstein; Stuart Grossman; Alex Arteaga-Gomez; Stephen N. Zack |
| Subject: | Re: Garrison, et al. v. Paffrath, et al. - No. 1:23-cv-21023-CMA - Request for Waiver of Service - Erika Kullberg |
| Date: | Friday, March 31, 2023 12:29:54 AM |
| Attachments: | 2023.03.31 - ERIKA KULLBERG - Garrison v. Paffrath - Waiver Request.pdf |
| | 2023.03.31 - ERIKA KULLBERG - Garrison v. Paffrath - Waiver Return.pdf |
| | Garrison v. Paffrath - 23-cv-21023 - D.E. 1 - Complaint.PDF |

Good evening, Ms. Kullberg,

We represent Plaintiffs and the putative classes in the above-reference action. A copy of the operative complaint is attached. I am reaching out to you with a Notice of Commencement of Action and Request for Waiver of Service (both forms attached). Please sign, date, and return the waiver so we may proceed with the litigation. Thank you.

Best,

Joseph M. Kaye, P.A.
Partner
**The Moskowitz Law Firm, PLLC**
P.O. Box 141609
Coral Gables, FL 33114
*For Hand Deliveries Use:*
251 Valencia Ave #141609
Coral Gables, FL 33114
Office: (305) 740-1423
Direct: (786) 309-9585

Note: The information in this email is confidential and intended to be legally privileged. If you are not the intended recipient, you must not read, use or disseminate the information contained herein; please advise the sender immediately by reply email and delete this message and any attachments without retaining a copy. Although this email and any attachments are believed to be free of any viruses or other defects that may affect any computer system into which it is received and opened, it is the responsibility of the recipient to ensure that it is virus-free and no responsibility is accepted by The Moskowitz Law Firm or the sender of this email for any loss or damage arising in any way from its use.

CIRCULAR 230 DISCLAIMER: The IRS now requires written advice (including electronic communications) regarding one or more Federal (i.e., United States) tax issues to meet certain standards. Those standards involve a detailed and careful analysis of the facts and applicable law which we expect would be time consuming and costly. We have not made and have not been asked to make that type of analysis in connection with any advice given

# Composite

# Exhibit B

# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF FLORIDA
## MIAMI DIVISION

### CASE NO. 23-21023-CIV-ALTONAGA/Damian

**EDWIN GARRISON**, *et al.,* on behalf of
themselves and all others similarly situated,

     *Plaintiffs,*

*v.*

**KEVIN PAFFRATH, GRAHAM STEPHAN,
ANDREI JIKH, JASPREET SINGH, BRIAN
JUNG, JEREMY LEFEBVRE, TOM NASH,
BEN ARMSTRONG, ERIKA KULLBERG,
CREATORS AGENCY, LLC,**

     *Defendants.*

_____/

## NOTICE OF TAKING THE VIDEOTAPED DEPOSITION OF
## DEFENDANT BEN ARMSTRONG

Pursuant to Federal Rule of Civil Procedure 30, Plaintiff's counsel will take the deposition of the below-named person/entity on the date, time, and at the location indicated.

| | |
|---|---|
| **DEPONENT**: | Defendant Ben Armstrong |
| **DATE**: | June 19, 2023 |
| **TIME**: | 10:00am EST |
| **LOCATION**: | Zoom (contact counsel for details) |

The aforesaid deposition will be before a court reporter, an officer authorized by law to administer oaths and take depositions in the State of Florida. The deposition is being taken for the purpose of discovery, for use at trial, or both, or for such other purposes as are permitted under the Federal and Local Rules of Civil Procedure.

*Edwin Garrison, et al. v. Kevin Paffrath, et al.*
*CASE NO. 23-21023-CIV-ALTONAGA/Damian*

Dated: May 17, 2023                    Respectfully submitted,

**By: */s/ Adam Moskowitz*_____**
Adam M. Moskowitz
Florida Bar No. 984280
adam@moskowitz-law.com
Joseph M. Kaye
Florida Bar No. 117520
joseph@moskowitz-law.com
**THE MOSKOWITZ LAW FIRM, PLLC**
2 Alhambra Plaza, Suite 601
Coral Gables, FL 33134
Telephone: (305) 740-1423

**By: */s/Stuart Z. Grossman***
Stuart Z. Grossman
Florida Bar No. 156113
Manuel A. Arteaga-Gomez
Florida Bar No. 18122
**GROSSMAN ROTH YAFFA COHEN, P.A.**
2525 Ponce de Leon Boulevard, Suite 1150
Coral Gables, FL 33134
Ph: 305-442-8666
Fx: 305-285-1668
szg@grossmanroth.com
aag@grossmanroth.com

**By: */s/ Stephen Neal Zack***
Stephen Neal Zack
Florida Bar No. 145215
Tyler Ulrich
Florida Bar No. 94705
**BOIES SCHILLER FLEXNER LLP**
100 SE 2nd St., Suite 2800
Miami, FL 33131
Office: 305-539-8400
szack@bsfllp.com
tulrich@bsfllp.com

**By: */s/ Jose Ferrer***
Jose Ferrer
Florida Bar No. 173746
Michelle Genet Bernstein
Florida Bar No. 1030736
**MARK MIGDAL HAYDEN LLP**
8 SW 8th Street, Suite 1999

*Edwin Garrison, et al. v. Kevin Paffrath, et al.*
*CASE NO. 23-21023-CIV-ALTONAGA/Damian*

Miami, FL 33130
Office: 305-374-0440
jose@markmigdal.com
michelle@markmigdal.com
eservice@markmigdal.com

*Co-Counsel for Plaintiffs and the Class*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the forgoing was filed on May 17,

2023, via Court's CM/ECF system, which will send notification to all attorneys of record.

By: */s/ Adam M. Moskowitz*
ADAM M. MOSKOWITZ

# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF FLORIDA
### MIAMI DIVISION

### CASE NO. 23-21023-CIV-ALTONAGA/Damian

**EDWIN GARRISON**, *et al.,* on behalf of
themselves and all others similarly situated,

     *Plaintiffs,*

*v.*

**KEVIN PAFFRATH, GRAHAM STEPHAN,
ANDREI JIKH, JASPREET SINGH, BRIAN
JUNG, JEREMY LEFEBVRE, TOM NASH,
BEN ARMSTRONG, ERIKA KULLBERG,
CREATORS AGENCY, LLC,**

     *Defendants.*

_____/

## PLAINTIFF'S FIRST SET OF SEVEN REQUESTS FOR PRODUCTION TO <u>DEFENDANT BEN ARMSTRONG</u>

     Plaintiff, pursuant to Fed. R. Civ. P. 26 and 34, requests that Defendant, Ben Armstrong

("Armstrong"), produce the documents requested in response to these seven requests.

     Dated: May 17, 2023              Respectfully submitted,

                                  **By: */s/ Adam Moskowitz*_____**
                                  Adam M. Moskowitz
                                  Florida Bar No. 984280
                                  adam@moskowitz-law.com
                                  Joseph M. Kaye
                                  Florida Bar No. 117520
                                  joseph@moskowitz-law.com
                                  **THE MOSKOWITZ LAW FIRM, PLLC**
                                  2 Alhambra Plaza, Suite 601
                                  Coral Gables, FL 33134
                                  Telephone: (305) 740-1423

                                  **By: */s/Stuart Z. Grossman***
                                  Stuart Z. Grossman
                                  Florida Bar No. 156113
                                  Manuel A. Arteaga-Gomez

*Edwin Garrison, et al. v. Kevin Paffrath, et al.*
*CASE NO. 23-21023-CIV-ALTONAGA/Damian*

Florida Bar No. 18122
**GROSSMAN ROTH YAFFA COHEN, P.A.**
2525 Ponce de Leon Boulevard, Suite 1150
Coral Gables, FL 33134
Ph: 305-442-8666
Fx: 305-285-1668
szg@grossmanroth.com
aag@grossmanroth.com

**By:** */s/ Stephen Neal Zack*
Stephen Neal Zack
Florida Bar No. 145215
Tyler Ulrich
Florida Bar No. 94705
**BOIES SCHILLER FLEXNER LLP**
100 SE 2nd St., Suite 2800
Miami, FL 33131
Office: 305-539-8400
szack@bsfllp.com
tulrich@bsfllp.com

**By:** */s/ Jose Ferrer*
Jose Ferrer
Florida Bar No. 173746
Michelle Genet Bernstein
Florida Bar No. 1030736
**MARK MIGDAL HAYDEN LLP**
8 SW 8th Street, Suite 1999
Miami, FL 33130
Office: 305-374-0440
jose@markmigdal.com
michelle@markmigdal.com
eservice@markmigdal.com

*Co-Counsel for Plaintiffs and the Class*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on May 17, 2023, a true and correct copy of the foregoing was

sent via electronic mail to counsel for Defendants.

By: */s/ Adam M. Moskowitz*
ADAM M. MOSKOWITZ

## DEFINITIONS AND INSTRUCTIONS

Unless otherwise specified, the terms set forth below have the following meanings:

1.      "Armstrong," "You," or "Your" means Defendant Ben Armstrong and any of his affiliates, representatives, or agents.

2.      "Co-Defendants" means any of the other Defendants sued in this Action, and any of their affiliates, subsidiaries, divisions, segments, predecessors, successors, officers, directors, employees, representatives, or agents.

3.      "FTX Entities" means West Realm Shires Services, Inc., FTX Trading Ltd, Blockfolio, Inc., Alameda Research, LLC, and any of their affiliates, subsidiaries, divisions, segments, predecessors, successors, officers, directors, employees, representatives, or agents.

4.      "FTX Platform" refers to the FTX Entities' mobile application and/or web-based cryptocurrency investment service that places cryptocurrency trade orders on behalf of users.

5.      "YBAs" refers to the Yield-Bearing Accounts offered by the FTX Entities on the FTX Platform.

6.      "FTT" refers to the native cryptocurrency exchange token of the FTX Platform ecosystem.

7.      "Document(s)" means any written, printed, typed or other graphic matter, of any kind or nature, whether in hard copy or electronic format, whether the original, draft, or a copy and copies bearing notations or marks not found on the original, including but not limited to memoranda, reports, recommendations, notes, letters, envelopes, post-its, emails, telegrams, messages, manuscripts, studies, analyses, tests, comparisons, books, articles, pamphlets, magazines, newspapers, booklets, circulars, bulletins, notices, instructions, minutes, agreements, contracts, and all other written communications, of any type, including inter and

intra-office communications, purchase orders, invoices, bills, receipts, questionnaires, surveys, charts, graphs, videos, photographs, sketches, drawings, house sheets, tapes, voice messages or other recordings, print-outs or compilations from which information can be obtained or, if necessary, translated through detection devices into reasonably usable form, including all underlying or preparatory materials and drafts thereof.

8.  Unless otherwise stated in a request, the time period for which you must respond is beginning in January 1, 2019 and ending at the present time.

9.  "Person" or "People" means any natural person(s) or any business, legal, or governmental entity (or entities) or association(s).

10. All/Each – The terms "all" and "each" shall be construed as meaning either all or each as necessary to bring within the scope of the discovery request all responses that might otherwise be construed to be outside its scope.

11. Objections: Where an objection is made to any request, the objection shall state with specificity all grounds. Any ground not stated in an objection within the time provided by the Federal Rules of Civil Procedure, or by the Court's order, or any extensions thereof, shall be waived.

12. Whenever a reference to a business entity appears, the reference shall mean the business entity, its affiliated companies, partnerships, divisions, subdivisions, directors, officers, employees, agents, clients or other representatives of affiliated third parties.

## **INSTRUCTIONS**

1.  Production of documents and items requested herein shall be made at the offices of The Moskowitz Law Firm, P.O. Box 141609, Coral Gables, FL 33114, or for hand deliveries at 251 Valencia Ave #141609, Coral Gables, FL 33114, or via electronic mail to the email

addresses provided in the signature blocks of the attorneys serving these requests.

2. These requests shall include all documents that are in the possession, custody or control of Defendant or in the possession, custody or control of the present or former agents, representatives, or attorneys of Defendant, or any and all persons acting on the behalf of Defendant, or its present or former agents, representatives, or attorneys.

3. For any document covered by a request that is withheld from production, Defendant shall provide the following information in the form of a privilege log:

  a. the reasons and facts supporting any withholding;

  b. the date such document was prepared;

  c. the names, employment positions and addresses of the author or preparers of such document;

  d. the names, employment positions, and the addresses of each person who received such document;

  e. the title and a brief description of the document; and

  f. the number of the request under which such document would be produced but for the objection.

4. If any document responsive to a request has been destroyed, produce all documents describing or referencing:

  a. the contents of the lost or destroyed document;

  b. all locations in which any copy of the lost or destroyed document had been maintained;

  c. the date of such loss or destruction;

  d. the name of each person who ordered, authorized, and carried out

the destruction of any responsive document;

    e.    all document retention and destruction policies in effect at the time any requested document was destroyed; and

    f.    all efforts made to locate any responsive document alleged to have been lost.

5.    In producing the documents requested, indicate the specific request(s) pursuant to which document or group of documents is being produced.

6.    These requests should be deemed continuing, and supplemental productions should be provided as additional documents become available.

7.    All documents are to be produced in the following method:

    a)    Single page .TIFF

    b)    Color .jpg (Documents wherein reflection of importance relies on color, shall be produced in .jpg format)

    c)    OCR at document level (All documents are to be provided with searchable text files with the exception of the redacted portions of redacted documents)

    d)    Electronic documents and Emails are to be processed and converted from the electronic format to single page tiff

*Edwin Garrison, et al. v. Kevin Paffrath, et al.*
*CASE NO. 23-21023-CIV-ALTONAGA/Damian*

## <u>SEVEN REQUESTS FOR PRODUCTION</u>

***Please refer to the Definitions and Instructions when responding to these requests. To the extent that any of these requests seek information considered by Defendants to be confidential, Plaintiffs agree to enter into any reasonable confidentiality agreement with Defendants to protect such alleged confidential information.***

1.      All Documents and Communications, including contracts or agreements, regarding any business You (personally or through any entity owned by You, or any of Your or Your entities' affiliates, representatives, employees, or agents) conducted with the FTX Entities, including all documents and communications regarding any payments made to You (personally or to any entity owned by You, or any of Your or Your entities' affiliates, representatives, employees, or agents) in accordance with any such contract or agreement.

2.      All videos or other content You (personally or through any entity owned by You, or any of Your or Your entities' affiliates, representatives, employees, or agents) produced regarding, relating to, and/or mentioning the FTX platform, FTT, and/or YBAs, including videos or content that have been removed from their public-facing platforms.[1]

3.      All Documents and Communications, that show, evidence and/or relate to Defendant "targeting" Defendant's Florida audience, and Florida's FTX consumers.

4.      All Documents and Communications regarding any and all communications between You (personally or through any entity owned by You, or any of Your or Your entities'

---

[1] Any such videos and/or content either should still be saved on Defendants' hard drives and preserved for use in this litigation, or should still be on the private-facing portions of their social media platforms—for instance, Defendants could have set a video they posted on YouTube to "private" so it no longer is publicly viewable or searchable but is still posted on their account. "Spoliation is the destruction or significant alteration of evidence, or the failure to preserve property for another's use as evidence in pending or reasonably foreseeable litigation." *Graff v. Baja Marine Corp*., 310 F. App'x 298, 301 (11th Cir. 2009). "The duty to preserve relevant evidence is triggered not only when litigation is pending, but also when it reasonably foreseeable to that party." *Title Cap. Mgmt., LLC v. Progress Residential, LLC*, No. 16-21882-CV, 2017 WL 5953428, at *4 (S.D. Fla. Sept. 29, 2017).

affiliates, representatives, employees, or agents) with the FTX Entities regarding promotion of FTT, YBAs or the FTX Platform.

5.      All Documents regarding any and all due diligence You (personally or through any entity owned by You, or any of Your or Your entities' affiliates, representatives, employees, or agents) conducted before promotion of FTT, YBAs or FTX Platform to the public.

6.      All Documents and Communications between You and any of the Co-Defendants in this Action regarding this lawsuit and/or the subject matter of this lawsuit, including the promotion of FTT, YBAs or the FTX Platform.

7.      All Documents that show, evidence and/or relate to Your purchases, ownership, or control of FTT, including any wallet addresses controlled by You related to your FTT holdings.

# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF FLORIDA
## MIAMI DIVISION

### CASE NO. 23-21023-CIV-ALTONAGA/Damian

**EDWIN GARRISON**, *et al.,* on behalf of
themselves and all others similarly situated,

     *Plaintiffs,*

*v.*

**KEVIN PAFFRATH, GRAHAM STEPHAN, ANDREI JIKH, JASPREET SINGH, BRIAN JUNG, JEREMY LEFEBVRE, TOM NASH, BEN ARMSTRONG, ERIKA KULLBERG, CREATORS AGENCY, LLC,**

     *Defendants.*

_____/

## NOTICE OF TAKING THE VIDEOTAPED DEPOSITION OF
## DEFENDANT KEVIN PAFFRATH

     Pursuant to Federal Rule of Civil Procedure 30, Plaintiff's counsel will take the deposition of the below-named person/entity on the date, time, and at the location indicated.

        **DEPONENT**:     Defendant Kevin Paffrath

        **DATE**:     June 20, 2023

        **TIME**:     10:00am EST

        **LOCATION**:     Zoom (contact counsel for details)

     The aforesaid deposition will be before a court reporter, an officer authorized by law to administer oaths and take depositions in the State of Florida. The deposition is being taken for the purpose of discovery, for use at trial, or both, or for such other purposes as are permitted under the Federal and Local Rules of Civil Procedure.

*Edwin Garrison, et al. v. Kevin Paffrath, et al.*
*CASE NO. 23-21023-CIV-ALTONAGA/Damian*

Dated: May 17, 2023                     Respectfully submitted,

By: **/s/ Adam Moskowitz**
Adam M. Moskowitz
Florida Bar No. 984280
adam@moskowitz-law.com
Joseph M. Kaye
Florida Bar No. 117520
joseph@moskowitz-law.com
**THE MOSKOWITZ LAW FIRM, PLLC**
2 Alhambra Plaza, Suite 601
Coral Gables, FL 33134
Telephone: (305) 740-1423

By: **/s/Stuart Z. Grossman**
Stuart Z. Grossman
Florida Bar No. 156113
Manuel A. Arteaga-Gomez
Florida Bar No. 18122
**GROSSMAN ROTH YAFFA COHEN, P.A.**
2525 Ponce de Leon Boulevard, Suite 1150
Coral Gables, FL 33134
Ph: 305-442-8666
Fx: 305-285-1668
szg@grossmanroth.com
aag@grossmanroth.com

By: **/s/ Stephen Neal Zack**
Stephen Neal Zack
Florida Bar No. 145215
Tyler Ulrich
Florida Bar No. 94705
**BOIES SCHILLER FLEXNER LLP**
100 SE 2nd St., Suite 2800
Miami, FL 33131
Office: 305-539-8400
szack@bsfllp.com
tulrich@bsfllp.com

By: **/s/ Jose Ferrer**
Jose Ferrer
Florida Bar No. 173746
Michelle Genet Bernstein
Florida Bar No. 1030736
**MARK MIGDAL HAYDEN LLP**
8 SW 8th Street, Suite 1999

2

Miami, FL 33130
Office: 305-374-0440
jose@markmigdal.com
michelle@markmigdal.com
eservice@markmigdal.com

*Co-Counsel for Plaintiffs and the Class*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the forgoing was filed on May 17, 2023, via Court's CM/ECF system, which will send notification to all attorneys of record.

By: */s/ Adam M. Moskowitz*_____
ADAM M. MOSKOWITZ

# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF FLORIDA
## MIAMI DIVISION

### CASE NO. 23-21023-CIV-ALTONAGA/Damian

**EDWIN GARRISON**, *et al.,* on behalf of
themselves and all others similarly situated,

     *Plaintiffs,*

*v.*

**KEVIN PAFFRATH, GRAHAM STEPHAN, ANDREI JIKH, JASPREET SINGH, BRIAN JUNG, JEREMY LEFEBVRE, TOM NASH, BEN ARMSTRONG, ERIKA KULLBERG, CREATORS AGENCY, LLC,**

     *Defendants.*

_____ /

## PLAINTIFF'S FIRST SET OF SEVEN REQUESTS FOR PRODUCTION TO DEFENDANT KEVIN PAFFRATH

     Plaintiff, pursuant to Fed. R. Civ. P. 26 and 34, requests that Defendant, Kevin Paffrath

("Paffrath"), produce the documents requested in response to these seven requests.

     Dated: May 17, 2023               Respectfully submitted,

                                   **By: */s/ Adam Moskowitz*_____
                                   Adam M. Moskowitz
                                   Florida Bar No. 984280
                                   adam@moskowitz-law.com
                                   Joseph M. Kaye
                                   Florida Bar No. 117520
                                   joseph@moskowitz-law.com
                                 **THE MOSKOWITZ LAW FIRM, PLLC**
                                 2 Alhambra Plaza, Suite 601
                                 Coral Gables, FL 33134
                                 Telephone: (305) 740-1423

                                 **By: */s/Stuart Z. Grossman*
                                 Stuart Z. Grossman
                                 Florida Bar No. 156113
                                 Manuel A. Arteaga-Gomez

*Edwin Garrison, et al. v. Kevin Paffrath, et al.*
*CASE NO. 23-21023-CIV-ALTONAGA/Damian*

Florida Bar No. 18122
**GROSSMAN ROTH YAFFA COHEN, P.A.**
2525 Ponce de Leon Boulevard, Suite 1150
Coral Gables, FL 33134
Ph: 305-442-8666
Fx: 305-285-1668
szg@grossmanroth.com
aag@grossmanroth.com

By: */s/ Stephen Neal Zack*
Stephen Neal Zack
Florida Bar No. 145215
Tyler Ulrich
Florida Bar No. 94705
**BOIES SCHILLER FLEXNER LLP**
100 SE 2nd St., Suite 2800
Miami, FL 33131
Office: 305-539-8400
szack@bsfllp.com
tulrich@bsfllp.com

By: */s/ Jose Ferrer*
Jose Ferrer
Florida Bar No. 173746
Michelle Genet Bernstein
Florida Bar No. 1030736
**MARK MIGDAL HAYDEN LLP**
8 SW 8th Street, Suite 1999
Miami, FL 33130
Office: 305-374-0440
jose@markmigdal.com
michelle@markmigdal.com
eservice@markmigdal.com

*Co-Counsel for Plaintiffs and the Class*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on May 17, 2023, a true and correct copy of the foregoing was

sent via electronic mail to counsel for Defendants.

By: */s/ Adam M. Moskowitz*
ADAM M. MOSKOWITZ

## <u>DEFINITIONS AND INSTRUCTIONS</u>

Unless otherwise specified, the terms set forth below have the following meanings:

1. "Paffrath," "You," or "Your" means Defendant Kevin Paffrath and any of his affiliates, representatives, or agents.

2. "Co-Defendants" means any of the other Defendants sued in this Action, and any of their affiliates, subsidiaries, divisions, segments, predecessors, successors, officers, directors, employees, representatives, or agents.

3. "FTX Entities" means West Realm Shires Services, Inc., FTX Trading Ltd, Blockfolio, Inc., Alameda Research, LLC, and any of their affiliates, subsidiaries, divisions, segments, predecessors, successors, officers, directors, employees, representatives, or agents.

4. "FTX Platform" refers to the FTX Entities' mobile application and/or web-based cryptocurrency investment service that places cryptocurrency trade orders on behalf of users.

5. "YBAs" refers to the Yield-Bearing Accounts offered by the FTX Entities on the FTX Platform.

6. "FTT" refers to the native cryptocurrency exchange token of the FTX Platform ecosystem.

7. "Document(s)" means any written, printed, typed or other graphic matter, of any kind or nature, whether in hard copy or electronic format, whether the original, draft, or a copy and copies bearing notations or marks not found on the original, including but not limited to memoranda, reports, recommendations, notes, letters, envelopes, post-its, emails, telegrams, messages, manuscripts, studies, analyses, tests, comparisons, books, articles, pamphlets, magazines, newspapers, booklets, circulars, bulletins, notices, instructions, minutes, agreements, contracts, and all other written communications, of any type, including inter and

*Edwin Garrison, et al. v. Kevin Paffrath, et al.*
CASE NO. 23-21023-CIV-ALTONAGA/Damian

intra-office communications, purchase orders, invoices, bills, receipts, questionnaires, surveys, charts, graphs, videos, photographs, sketches, drawings, house sheets, tapes, voice messages or other recordings, print-outs or compilations from which information can be obtained or, if necessary, translated through detection devices into reasonably usable form, including all underlying or preparatory materials and drafts thereof.

8.      Unless otherwise stated in a request, the time period for which you must respond is beginning in January 1, 2019 and ending at the present time.

9.      "Person" or "People" means any natural person(s) or any business, legal, or governmental entity (or entities) or association(s).

10.     All/Each – The terms "all" and "each" shall be construed as meaning either all or each as necessary to bring within the scope of the discovery request all responses that might otherwise be construed to be outside its scope.

11.     Objections: Where an objection is made to any request, the objection shall state with specificity all grounds. Any ground not stated in an objection within the time provided by the Federal Rules of Civil Procedure, or by the Court's order, or any extensions thereof, shall be waived.

12.     Whenever a reference to a business entity appears, the reference shall mean the business entity, its affiliated companies, partnerships, divisions, subdivisions, directors, officers, employees, agents, clients or other representatives of affiliated third parties.

## **INSTRUCTIONS**

1.     Production of documents and items requested herein shall be made at the offices of The Moskowitz Law Firm, P.O. Box 141609, Coral Gables, FL 33114, or for hand deliveries at 251 Valencia Ave #141609, Coral Gables, FL 33114, or via electronic mail to the email

*Edwin Garrison, et al. v. Kevin Paffrath, et al.*
CASE NO. 23-21023-CIV-ALTONAGA/Damian

addresses provided in the signature blocks of the attorneys serving these requests.

2.    These requests shall include all documents that are in the possession, custody or control of Defendant or in the possession, custody or control of the present or former agents, representatives, or attorneys of Defendant, or any and all persons acting on the behalf of Defendant, or its present or former agents, representatives, or attorneys.

3.    For any document covered by a request that is withheld from production, Defendant shall provide the following information in the form of a privilege log:

        a.    the reasons and facts supporting any withholding;

        b.    the date such document was prepared;

        c.    the names, employment positions and addresses of the author or preparers of such document;

        d.    the names, employment positions, and the addresses of each person who received such document;

        e.    the title and a brief description of the document; and

        f.    the number of the request under which such document would be produced but for the objection.

4.    If any document responsive to a request has been destroyed, produce all documents describing or referencing:

        a.    the contents of the lost or destroyed document;

        b.    all locations in which any copy of the lost or destroyed document had been maintained;

        c.    the date of such loss or destruction;

        d.    the name of each person who ordered, authorized, and carried out

the destruction of any responsive document;

    e.    all document retention and destruction policies in effect at the time any requested document was destroyed; and

    f.    all efforts made to locate any responsive document alleged to have been lost.

5.    In producing the documents requested, indicate the specific request(s) pursuant to which document or group of documents is being produced.

6.    These requests should be deemed continuing, and supplemental productions should be provided as additional documents become available.

7.    All documents are to be produced in the following method:

    a)    Single page .TIFF

    b)    Color .jpg (Documents wherein reflection of importance relies on color, shall be produced in .jpg format)

    c)    OCR at document level (All documents are to be provided with searchable text files with the exception of the redacted portions of redacted documents)

    d)    Electronic documents and Emails are to be processed and converted from the electronic format to single page tiff

*Edwin Garrison, et al. v. Kevin Paffrath, et al.*
*CASE NO. 23-21023-CIV-ALTONAGA/Damian*

## SEVEN REQUESTS FOR PRODUCTION

*Please refer to the Definitions and Instructions when responding to these requests. To the extent that any of these requests seek information considered by Defendants to be confidential, Plaintiffs agree to enter into any reasonable confidentiality agreement with Defendants to protect such alleged confidential information.*

1.    All Documents and Communications, including contracts or agreements, regarding any business You (personally or through any entity owned by You, or any of Your or Your entities' affiliates, representatives, employees, or agents) conducted with the FTX Entities, including all documents and communications regarding any payments made to You (personally or to any entity owned by You, or any of Your or Your entities' affiliates, representatives, employees, or agents) in accordance with any such contract or agreement.

2.    All videos or other content You (personally or through any entity owned by You, or any of Your or Your entities' affiliates, representatives, employees, or agents) produced regarding, relating to, and/or mentioning the FTX platform, FTT, and/or YBAs, including videos or content that have been removed from their public-facing platforms.[1]

3.    All Documents and Communications, that show, evidence and/or relate to Defendant "targeting" Defendant's Florida audience, and Florida's FTX consumers.

4.    All Documents and Communications regarding any and all communications between You (personally or through any entity owned by You, or any of Your or Your entities'

---

[1] Any such videos and/or content either should still be saved on Defendants' hard drives and preserved for use in this litigation, or should still be on the private-facing portions of their social media platforms—for instance, Defendants could have set a video they posted on YouTube to "private" so it no longer is publicly viewable or searchable but is still posted on their account. "Spoliation is the destruction or significant alteration of evidence, or the failure to preserve property for another's use as evidence in pending or reasonably foreseeable litigation." *Graff v. Baja Marine Corp.*, 310 F. App'x 298, 301 (11th Cir. 2009). "The duty to preserve relevant evidence is triggered not only when litigation is pending, but also when it reasonably foreseeable to that party." *Title Cap. Mgmt., LLC v. Progress Residential, LLC*, No. 16-21882-CV, 2017 WL 5953428, at *4 (S.D. Fla. Sept. 29, 2017).

affiliates, representatives, employees, or agents) with the FTX Entities regarding promotion of FTT, YBAs or the FTX Platform.

5.     All Documents regarding any and all due diligence You (personally or through any entity owned by You, or any of Your or Your entities' affiliates, representatives, employees, or agents) conducted before promotion of FTT, YBAs or FTX Platform to the public.

6.     All Documents and Communications between You and any of the Co-Defendants in this Action regarding this lawsuit and/or the subject matter of this lawsuit, including the promotion of FTT, YBAs or the FTX Platform.

7.     All Documents that show, evidence and/or relate to Your purchases, ownership, or control of FTT, including any wallet addresses controlled by You related to your FTT holdings.

# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF FLORIDA
## MIAMI DIVISION

### CASE NO. 23-21023-CIV-ALTONAGA/Damian

**EDWIN GARRISON**, *et al.,* on behalf of
themselves and all others similarly situated,

     *Plaintiffs,*

*v.*

**KEVIN PAFFRATH, GRAHAM STEPHAN,
ANDREI JIKH, JASPREET SINGH, BRIAN
JUNG, JEREMY LEFEBVRE, TOM NASH,
BEN ARMSTRONG, ERIKA KULLBERG,
CREATORS AGENCY, LLC,**

     *Defendants.*

_____/

## NOTICE OF TAKING THE VIDEOTAPED DEPOSITION OF
## DEFENDANT ANDREI JIKH

     Pursuant to Federal Rule of Civil Procedure 30, Plaintiff's counsel will take the deposition
of the below-named person/entity on the date, time, and at the location indicated.

| | |
|---|---|
| **DEPONENT**: | Defendant Andre Jikh |
| **DATE**: | June 21, 2023 |
| **TIME**: | 10:00am EST |
| **LOCATION**: | Zoom (contact counsel for details) |

     The aforesaid deposition will be before a court reporter, an officer authorized by law to
administer oaths and take depositions in the State of Florida. The deposition is being taken for the
purpose of discovery, for use at trial, or both, or for such other purposes as are permitted under the
Federal and Local Rules of Civil Procedure.

*Edwin Garrison, et al. v. Kevin Paffrath, et al.*
*CASE NO. 23-21023-CIV-ALTONAGA/Damian*

Dated: May 17, 2023                    Respectfully submitted,

**By:** *_/s/ Adam Moskowitz_____*
Adam M. Moskowitz
Florida Bar No. 984280
adam@moskowitz-law.com
Joseph M. Kaye
Florida Bar No. 117520
joseph@moskowitz-law.com
**THE MOSKOWITZ LAW FIRM, PLLC**
2 Alhambra Plaza, Suite 601
Coral Gables, FL 33134
Telephone: (305) 740-1423

**By:** *_/s/Stuart Z. Grossman_*
Stuart Z. Grossman
Florida Bar No. 156113
Manuel A. Arteaga-Gomez
Florida Bar No. 18122
**GROSSMAN ROTH YAFFA COHEN, P.A.**
2525 Ponce de Leon Boulevard, Suite 1150
Coral Gables, FL 33134
Ph: 305-442-8666
Fx: 305-285-1668
szg@grossmanroth.com
aag@grossmanroth.com

**By:** *_/s/ Stephen Neal Zack_*
Stephen Neal Zack
Florida Bar No. 145215
Tyler Ulrich
Florida Bar No. 94705
**BOIES SCHILLER FLEXNER LLP**
100 SE 2nd St., Suite 2800
Miami, FL 33131
Office: 305-539-8400
szack@bsfllp.com
tulrich@bsfllp.com

**By:** *_/s/ Jose Ferrer_*
Jose Ferrer
Florida Bar No. 173746
Michelle Genet Bernstein
Florida Bar No. 1030736
**MARK MIGDAL HAYDEN LLP**
8 SW 8th Street, Suite 1999

*Edwin Garrison, et al. v. Kevin Paffrath, et al.*
*CASE NO. 23-21023-CIV-ALTONAGA/Damian*

Miami, FL 33130
Office: 305-374-0440
jose@markmigdal.com
michelle@markmigdal.com
eservice@markmigdal.com

*Co-Counsel for Plaintiffs and the Class*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the forgoing was filed on May 17, 2023, via Court's CM/ECF system, which will send notification to all attorneys of record.

By: */s/ Adam M. Moskowitz*
ADAM M. MOSKOWITZ

# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF FLORIDA
## MIAMI DIVISION

### CASE NO. 23-21023-CIV-ALTONAGA/Damian

**EDWIN GARRISON**, *et al.,* on behalf of
themselves and all others similarly situated,

      *Plaintiffs,*

*v.*

**KEVIN PAFFRATH, GRAHAM STEPHAN,
ANDREI JIKH, JASPREET SINGH, BRIAN
JUNG, JEREMY LEFEBVRE, TOM NASH,
BEN ARMSTRONG, ERIKA KULLBERG,
CREATORS AGENCY, LLC,**

      *Defendants.*

_____/

## PLAINTIFF'S FIRST SET OF SEVEN REQUESTS FOR PRODUCTION TO
## DEFENDANT ANDREI JIKH

Plaintiff, pursuant to Fed. R. Civ. P. 26 and 34, requests that Defendant, Andrei Jikh

("Jikh"), produce the documents requested in response to these seven requests.

Dated: May 17, 2023             Respectfully submitted,

                          **By: */s/ Adam Moskowitz*_____**
                          Adam M. Moskowitz
                          Florida Bar No. 984280
                          adam@moskowitz-law.com
                          Joseph M. Kaye
                          Florida Bar No. 117520
                          joseph@moskowitz-law.com
                          **THE MOSKOWITZ LAW FIRM, PLLC**
                          2 Alhambra Plaza, Suite 601
                          Coral Gables, FL 33134
                          Telephone: (305) 740-1423

                          **By: */s/Stuart Z. Grossman***
                          Stuart Z. Grossman
                          Florida Bar No. 156113
                          Manuel A. Arteaga-Gomez

*Edwin Garrison, et al. v. Kevin Paffrath, et al.*
*CASE NO. 23-21023-CIV-ALTONAGA/Damian*

Florida Bar No. 18122
**GROSSMAN ROTH YAFFA COHEN, P.A.**
2525 Ponce de Leon Boulevard, Suite 1150
Coral Gables, FL 33134
Ph: 305-442-8666
Fx: 305-285-1668
szg@grossmanroth.com
aag@grossmanroth.com

**By:** */s/ Stephen Neal Zack*
Stephen Neal Zack
Florida Bar No. 145215
Tyler Ulrich
Florida Bar No. 94705
**BOIES SCHILLER FLEXNER LLP**
100 SE 2nd St., Suite 2800
Miami, FL 33131
Office: 305-539-8400
szack@bsfllp.com
tulrich@bsfllp.com

**By:** */s/ Jose Ferrer*
Jose Ferrer
Florida Bar No. 173746
Michelle Genet Bernstein
Florida Bar No. 1030736
**MARK MIGDAL HAYDEN LLP**
8 SW 8th Street, Suite 1999
Miami, FL 33130
Office: 305-374-0440
jose@markmigdal.com
michelle@markmigdal.com
eservice@markmigdal.com

*Co-Counsel for Plaintiffs and the Class*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on May 17, 2023, a true and correct copy of the foregoing was

sent via electronic mail to counsel for Defendants.

By: */s/ Adam M. Moskowitz*
ADAM M. MOSKOWITZ

## DEFINITIONS AND INSTRUCTIONS

Unless otherwise specified, the terms set forth below have the following meanings:

1.       "Jikh," "You," or "Your" means Defendant Andrei Jikh and any of his affiliates, representatives, or agents.

2.       "Co-Defendants" means any of the other Defendants sued in this Action, and any of their affiliates, subsidiaries, divisions, segments, predecessors, successors, officers, directors, employees, representatives, or agents.

3.       "FTX Entities" means West Realm Shires Services, Inc., FTX Trading Ltd, Blockfolio, Inc., Alameda Research, LLC, and any of their affiliates, subsidiaries, divisions, segments, predecessors, successors, officers, directors, employees, representatives, or agents.

4.       "FTX Platform" refers to the FTX Entities' mobile application and/or web-based cryptocurrency investment service that places cryptocurrency trade orders on behalf of users.

5.       "YBAs" refers to the Yield-Bearing Accounts offered by the FTX Entities on the FTX Platform.

6.       "FTT" refers to the native cryptocurrency exchange token of the FTX Platform ecosystem.

7.       "Document(s)" means any written, printed, typed or other graphic matter, of any kind or nature, whether in hard copy or electronic format, whether the original, draft, or a copy and copies bearing notations or marks not found on the original, including but not limited to memoranda, reports, recommendations, notes, letters, envelopes, post-its, emails, telegrams, messages, manuscripts, studies, analyses, tests, comparisons, books, articles, pamphlets, magazines, newspapers, booklets, circulars, bulletins, notices, instructions, minutes, agreements, contracts, and all other written communications, of any type, including inter and

intra-office communications, purchase orders, invoices, bills, receipts, questionnaires, surveys, charts, graphs, videos, photographs, sketches, drawings, house sheets, tapes, voice messages or other recordings, print-outs or compilations from which information can be obtained or, if necessary, translated through detection devices into reasonably usable form, including all underlying or preparatory materials and drafts thereof.

8.      Unless otherwise stated in a request, the time period for which you must respond is beginning in January 1, 2019 and ending at the present time.

9.      "Person" or "People" means any natural person(s) or any business, legal, or governmental entity (or entities) or association(s).

10.     All/Each – The terms "all" and "each" shall be construed as meaning either all or each as necessary to bring within the scope of the discovery request all responses that might otherwise be construed to be outside its scope.

11.     Objections: Where an objection is made to any request, the objection shall state with specificity all grounds. Any ground not stated in an objection within the time provided by the Federal Rules of Civil Procedure, or by the Court's order, or any extensions thereof, shall be waived.

12.     Whenever a reference to a business entity appears, the reference shall mean the business entity, its affiliated companies, partnerships, divisions, subdivisions, directors, officers, employees, agents, clients or other representatives of affiliated third parties.

## **INSTRUCTIONS**

1.      Production of documents and items requested herein shall be made at the offices of The Moskowitz Law Firm, P.O. Box 141609, Coral Gables, FL 33114, or for hand deliveries at 251 Valencia Ave #141609, Coral Gables, FL 33114, or via electronic mail to the email

*Edwin Garrison, et al. v. Kevin Paffrath, et al.*
*CASE NO. 23-21023-CIV-ALTONAGA/Damian*

addresses provided in the signature blocks of the attorneys serving these requests.

2.       These requests shall include all documents that are in the possession, custody or control of Defendant or in the possession, custody or control of the present or former agents, representatives, or attorneys of Defendant, or any and all persons acting on the behalf of Defendant, or its present or former agents, representatives, or attorneys.

3.       For any document covered by a request that is withheld from production, Defendant shall provide the following information in the form of a privilege log:

        a.       the reasons and facts supporting any withholding;

        b.       the date such document was prepared;

        c.       the names, employment positions and addresses of the author or preparers of such document;

        d.       the names, employment positions, and the addresses of each person who received such document;

        e.       the title and a brief description of the document; and

        f.       the number of the request under which such document would be produced but for the objection.

4.       If any document responsive to a request has been destroyed, produce all documents describing or referencing:

        a.       the contents of the lost or destroyed document;

        b.       all locations in which any copy of the lost or destroyed document had been maintained;

        c.       the date of such loss or destruction;

        d.       the name of each person who ordered, authorized, and carried out

the destruction of any responsive document;

    e.    all document retention and destruction policies in effect at the time any requested document was destroyed; and

    f.    all efforts made to locate any responsive document alleged to have been lost.

5.    In producing the documents requested, indicate the specific request(s) pursuant to which document or group of documents is being produced.

6.    These requests should be deemed continuing, and supplemental productions should be provided as additional documents become available.

7.    All documents are to be produced in the following method:

    a)    Single page .TIFF

    b)    Color .jpg (Documents wherein reflection of importance relies on color, shall be produced in .jpg format)

    c)    OCR at document level (All documents are to be provided with searchable text files with the exception of the redacted portions of redacted documents)

    d)    Electronic documents and Emails are to be processed and converted from the electronic format to single page tiff

*Edwin Garrison, et al. v. Kevin Paffrath, et al.*
*CASE NO. 23-21023-CIV-ALTONAGA/Damian*

## <u>SEVEN REQUESTS FOR PRODUCTION</u>

*Please refer to the Definitions and Instructions when responding to these requests. To the extent that any of these requests seek information considered by Defendants to be confidential, Plaintiffs agree to enter into any reasonable confidentiality agreement with Defendants to protect such alleged confidential information.*

      1.    All Documents and Communications, including contracts or agreements, regarding any business You (personally or through any entity owned by You, or any of Your or Your entities' affiliates, representatives, employees, or agents) conducted with the FTX Entities, including all documents and communications regarding any payments made to You (personally or to any entity owned by You, or any of Your or Your entities' affiliates, representatives, employees, or agents) in accordance with any such contract or agreement.

      2.    All videos or other content You (personally or through any entity owned by You, or any of Your or Your entities' affiliates, representatives, employees, or agents) produced regarding, relating to, and/or mentioning the FTX platform, FTT, and/or YBAs, including videos or content that have been removed from their public-facing platforms.[1]

      3.    All Documents and Communications, that show, evidence and/or relate to Defendant "targeting" Defendant's Florida audience, and Florida's FTX consumers.

      4.    All Documents and Communications regarding any and all communications between You (personally or through any entity owned by You, or any of Your or Your entities'

---

[1] Any such videos and/or content either should still be saved on Defendants' hard drives and preserved for use in this litigation, or should still be on the private-facing portions of their social media platforms—for instance, Defendants could have set a video they posted on YouTube to "private" so it no longer is publicly viewable or searchable but is still posted on their account. "Spoliation is the destruction or significant alteration of evidence, or the failure to preserve property for another's use as evidence in pending or reasonably foreseeable litigation." *Graff v. Baja Marine Corp.*, 310 F. App'x 298, 301 (11th Cir. 2009). "The duty to preserve relevant evidence is triggered not only when litigation is pending, but also when it reasonably foreseeable to that party." *Title Cap. Mgmt., LLC v. Progress Residential, LLC*, No. 16-21882-CV, 2017 WL 5953428, at *4 (S.D. Fla. Sept. 29, 2017).

affiliates, representatives, employees, or agents) with the FTX Entities regarding promotion of FTT, YBAs or the FTX Platform.

5.      All Documents regarding any and all due diligence You (personally or through any entity owned by You, or any of Your or Your entities' affiliates, representatives, employees, or agents) conducted before promotion of FTT, YBAs or FTX Platform to the public.

6.      All Documents and Communications between You and any of the Co-Defendants in this Action regarding this lawsuit and/or the subject matter of this lawsuit, including the promotion of FTT, YBAs or the FTX Platform.

7.      All Documents that show, evidence and/or relate to Your purchases, ownership, or control of FTT, including any wallet addresses controlled by You related to your FTT holdings.

# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF FLORIDA
## MIAMI DIVISION

### CASE NO. 23-21023-CIV-ALTONAGA/Damian

**EDWIN GARRISON**, *et al.,* on behalf of
themselves and all others similarly situated,

     *Plaintiffs,*

*v.*

**KEVIN PAFFRATH, GRAHAM STEPHAN,
ANDREI JIKH, JASPREET SINGH, BRIAN
JUNG, JEREMY LEFEBVRE, TOM NASH,
BEN ARMSTRONG, ERIKA KULLBERG,
CREATORS AGENCY, LLC,**

     *Defendants.*

_____/

## NOTICE OF TAKING THE VIDEOTAPED DEPOSITION OF
## DEFENDANT GRAHAM STEPHAN

Pursuant to Federal Rule of Civil Procedure 30, Plaintiff's counsel will take the deposition
of the below-named person/entity on the date, time, and at the location indicated.

| | |
|---|---|
| **DEPONENT**: | Defendant Graham Stephan |
| **DATE**: | June 22, 2023 |
| **TIME**: | 10:00am EST |
| **LOCATION**: | Zoom (contact counsel for details) |

The aforesaid deposition will be before a court reporter, an officer authorized by law to
administer oaths and take depositions in the State of Florida. The deposition is being taken for the
purpose of discovery, for use at trial, or both, or for such other purposes as are permitted under the
Federal and Local Rules of Civil Procedure.

*Edwin Garrison, et al. v. Kevin Paffrath, et al.*
*CASE NO. 23-21023-CIV-ALTONAGA/Damian*

Dated: May 17, 2023

Respectfully submitted,

**By: /s/ Adam Moskowitz**
Adam M. Moskowitz
Florida Bar No. 984280
adam@moskowitz-law.com
Joseph M. Kaye
Florida Bar No. 117520
joseph@moskowitz-law.com
**THE MOSKOWITZ LAW FIRM, PLLC**
2 Alhambra Plaza, Suite 601
Coral Gables, FL 33134
Telephone: (305) 740-1423

**By: /s/Stuart Z. Grossman**
Stuart Z. Grossman
Florida Bar No. 156113
Manuel A. Arteaga-Gomez
Florida Bar No. 18122
**GROSSMAN ROTH YAFFA COHEN, P.A.**
2525 Ponce de Leon Boulevard, Suite 1150
Coral Gables, FL 33134
Ph: 305-442-8666
Fx: 305-285-1668
szg@grossmanroth.com
aag@grossmanroth.com

**By: /s/ Stephen Neal Zack**
Stephen Neal Zack
Florida Bar No. 145215
Tyler Ulrich
Florida Bar No. 94705
**BOIES SCHILLER FLEXNER LLP**
100 SE 2nd St., Suite 2800
Miami, FL 33131
Office: 305-539-8400
szack@bsfllp.com
tulrich@bsfllp.com

**By: /s/ Jose Ferrer**
Jose Ferrer
Florida Bar No. 173746
Michelle Genet Bernstein
Florida Bar No. 1030736
**MARK MIGDAL HAYDEN LLP**
8 SW 8th Street, Suite 1999

*Edwin Garrison, et al. v. Kevin Paffrath, et al.*
*CASE NO. 23-21023-CIV-ALTONAGA/Damian*

Miami, FL 33130
Office: 305-374-0440
jose@markmigdal.com
michelle@markmigdal.com
eservice@markmigdal.com

*Co-Counsel for Plaintiffs and the Class*

### CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the forgoing was filed on May 17,

2023, via Court's CM/ECF system, which will send notification to all attorneys of record.


By: */s/ Adam M. Moskowitz*
ADAM M. MOSKOWITZ

# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF FLORIDA
### MIAMI DIVISION

### CASE NO. 23-21023-CIV-ALTONAGA/Damian

**EDWIN GARRISON**, *et al.,* on behalf of
themselves and all others similarly situated,

     *Plaintiffs,*

*v.*

**KEVIN PAFFRATH, GRAHAM STEPHAN,
ANDREI JIKH, JASPREET SINGH, BRIAN
JUNG, JEREMY LEFEBVRE, TOM NASH,
BEN ARMSTRONG, ERIKA KULLBERG,
CREATORS AGENCY, LLC,**

     *Defendants.*

_____/

### PLAINTIFF'S FIRST SET OF SEVEN REQUESTS FOR PRODUCTION TO DEFENDANT GRAHAM STEPHAN

     Plaintiff, pursuant to Fed. R. Civ. P. 26 and 34, requests that Defendant, Graham Stephan

("Stephan"), produce the documents requested in response to these seven requests.

     Dated: May 17, 2023          Respectfully submitted,

                        **By:** */s/ Adam Moskowitz*
                        Adam M. Moskowitz
                        Florida Bar No. 984280
                        adam@moskowitz-law.com
                        Joseph M. Kaye
                        Florida Bar No. 117520
                        joseph@moskowitz-law.com
                        **THE MOSKOWITZ LAW FIRM, PLLC**
                        2 Alhambra Plaza, Suite 601
                        Coral Gables, FL 33134
                        Telephone: (305) 740-1423

                        **By:** */s/Stuart Z. Grossman*
                        Stuart Z. Grossman
                        Florida Bar No. 156113
                        Manuel A. Arteaga-Gomez

*Edwin Garrison, et al. v. Kevin Paffrath, et al.*
*CASE NO. 23-21023-CIV-ALTONAGA/Damian*

Florida Bar No. 18122
**GROSSMAN ROTH YAFFA COHEN, P.A.**
2525 Ponce de Leon Boulevard, Suite 1150
Coral Gables, FL 33134
Ph: 305-442-8666
Fx: 305-285-1668
szg@grossmanroth.com
aag@grossmanroth.com

By: */s/ Stephen Neal Zack*
Stephen Neal Zack
Florida Bar No. 145215
Tyler Ulrich
Florida Bar No. 94705
**BOIES SCHILLER FLEXNER LLP**
100 SE 2nd St., Suite 2800
Miami, FL 33131
Office: 305-539-8400
szack@bsfllp.com
tulrich@bsfllp.com

By: */s/ Jose Ferrer*
Jose Ferrer
Florida Bar No. 173746
Michelle Genet Bernstein
Florida Bar No. 1030736
**MARK MIGDAL HAYDEN LLP**
8 SW 8th Street, Suite 1999
Miami, FL 33130
Office: 305-374-0440
jose@markmigdal.com
michelle@markmigdal.com
eservice@markmigdal.com

*Co-Counsel for Plaintiffs and the Class*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on May 17, 2023, a true and correct copy of the foregoing was sent via electronic mail to counsel for Defendants.

By: */s/ Adam M. Moskowitz*
ADAM M. MOSKOWITZ

## DEFINITIONS AND INSTRUCTIONS

Unless otherwise specified, the terms set forth below have the following meanings:

1. "Stephan," "You," or "Your" means Defendant Graham Stephan and any of his affiliates, representatives, or agents.

2. "Co-Defendants" means any of the other Defendants sued in this Action, and any of their affiliates, subsidiaries, divisions, segments, predecessors, successors, officers, directors, employees, representatives, or agents.

3. "FTX Entities" means West Realm Shires Services, Inc., FTX Trading Ltd, Blockfolio, Inc., Alameda Research, LLC, and any of their affiliates, subsidiaries, divisions, segments, predecessors, successors, officers, directors, employees, representatives, or agents.

4. "FTX Platform" refers to the FTX Entities' mobile application and/or web-based cryptocurrency investment service that places cryptocurrency trade orders on behalf of users.

5. "YBAs" refers to the Yield-Bearing Accounts offered by the FTX Entities on the FTX Platform.

6. "FTT" refers to the native cryptocurrency exchange token of the FTX Platform ecosystem.

7. "Document(s)" means any written, printed, typed or other graphic matter, of any kind or nature, whether in hard copy or electronic format, whether the original, draft, or a copy and copies bearing notations or marks not found on the original, including but not limited to memoranda, reports, recommendations, notes, letters, envelopes, post-its, emails, telegrams, messages, manuscripts, studies, analyses, tests, comparisons, books, articles, pamphlets, magazines, newspapers, booklets, circulars, bulletins, notices, instructions, minutes, agreements, contracts, and all other written communications, of any type, including inter and

intra-office communications, purchase orders, invoices, bills, receipts, questionnaires, surveys, charts, graphs, videos, photographs, sketches, drawings, house sheets, tapes, voice messages or other recordings, print-outs or compilations from which information can be obtained or, if necessary, translated through detection devices into reasonably usable form, including all underlying or preparatory materials and drafts thereof.

8.      Unless otherwise stated in a request, the time period for which you must respond is beginning in January 1, 2019 and ending at the present time.

9.      "Person" or "People" means any natural person(s) or any business, legal, or governmental entity (or entities) or association(s).

10.      All/Each – The terms "all" and "each" shall be construed as meaning either all or each as necessary to bring within the scope of the discovery request all responses that might otherwise be construed to be outside its scope.

11.      Objections: Where an objection is made to any request, the objection shall state with specificity all grounds. Any ground not stated in an objection within the time provided by the Federal Rules of Civil Procedure, or by the Court's order, or any extensions thereof, shall be waived.

12.      Whenever a reference to a business entity appears, the reference shall mean the business entity, its affiliated companies, partnerships, divisions, subdivisions, directors, officers, employees, agents, clients or other representatives of affiliated third parties.

## **INSTRUCTIONS**

1.      Production of documents and items requested herein shall be made at the offices of The Moskowitz Law Firm, P.O. Box 141609, Coral Gables, FL 33114, or for hand deliveries at 251 Valencia Ave #141609, Coral Gables, FL 33114, or via electronic mail to the email

addresses provided in the signature blocks of the attorneys serving these requests.

2. These requests shall include all documents that are in the possession, custody or control of Defendant or in the possession, custody or control of the present or former agents, representatives, or attorneys of Defendant, or any and all persons acting on the behalf of Defendant, or its present or former agents, representatives, or attorneys.

3. For any document covered by a request that is withheld from production, Defendant shall provide the following information in the form of a privilege log:

   a. the reasons and facts supporting any withholding;

   b. the date such document was prepared;

   c. the names, employment positions and addresses of the author or preparers of such document;

   d. the names, employment positions, and the addresses of each person who received such document;

   e. the title and a brief description of the document; and

   f. the number of the request under which such document would be produced but for the objection.

4. If any document responsive to a request has been destroyed, produce all documents describing or referencing:

   a. the contents of the lost or destroyed document;

   b. all locations in which any copy of the lost or destroyed document had been maintained;

   c. the date of such loss or destruction;

   d. the name of each person who ordered, authorized, and carried out

*Edwin Garrison, et al. v. Kevin Paffrath, et al.*
*CASE NO. 23-21023-CIV-ALTONAGA/Damian*

the destruction of any responsive document;

    e.    all document retention and destruction policies in effect at the time any requested document was destroyed; and

    f.    all efforts made to locate any responsive document alleged to have been lost.

5.    In producing the documents requested, indicate the specific request(s) pursuant to which document or group of documents is being produced.

6.    These requests should be deemed continuing, and supplemental productions should be provided as additional documents become available.

7.    All documents are to be produced in the following method:

    a)    Single page .TIFF

    b)    Color .jpg (Documents wherein reflection of importance relies on color, shall be produced in .jpg format)

    c)    OCR at document level (All documents are to be provided with searchable text files with the exception of the redacted portions of redacted documents)

    d)    Electronic documents and Emails are to be processed and converted from the electronic format to single page tiff

*Edwin Garrison, et al. v. Kevin Paffrath, et al.*
*CASE NO. 23-21023-CIV-ALTONAGA/Damian*

## <u>SEVEN REQUESTS FOR PRODUCTION</u>

***Please refer to the Definitions and Instructions when responding to these requests. To the extent that any of these requests seek information considered by Defendants to be confidential, Plaintiffs agree to enter into any reasonable confidentiality agreement with Defendants to protect such alleged confidential information.***

1.     All Documents and Communications, including contracts or agreements, regarding any business You (personally or through any entity owned by You, or any of Your or Your entities' affiliates, representatives, employees, or agents) conducted with the FTX Entities, including all documents and communications regarding any payments made to You (personally or to any entity owned by You, or any of Your or Your entities' affiliates, representatives, employees, or agents) in accordance with any such contract or agreement.

2.     All videos or other content You (personally or through any entity owned by You, or any of Your or Your entities' affiliates, representatives, employees, or agents) produced regarding, relating to, and/or mentioning the FTX platform, FTT, and/or YBAs, including videos or content that have been removed from their public-facing platforms.[1]

3.     All Documents and Communications, that show, evidence and/or relate to Defendant "targeting" Defendant's Florida audience, and Florida's FTX consumers.

4.     All Documents and Communications regarding any and all communications between You (personally or through any entity owned by You, or any of Your or Your entities'

---

[1] Any such videos and/or content either should still be saved on Defendants' hard drives and preserved for use in this litigation, or should still be on the private-facing portions of their social media platforms—for instance, Defendants could have set a video they posted on YouTube to "private" so it no longer is publicly viewable or searchable but is still posted on their account. "Spoliation is the destruction or significant alteration of evidence, or the failure to preserve property for another's use as evidence in pending or reasonably foreseeable litigation." *Graff v. Baja Marine Corp.*, 310 F. App'x 298, 301 (11th Cir. 2009). "The duty to preserve relevant evidence is triggered not only when litigation is pending, but also when it reasonably foreseeable to that party." *Title Cap. Mgmt., LLC v. Progress Residential, LLC*, No. 16-21882-CV, 2017 WL 5953428, at *4 (S.D. Fla. Sept. 29, 2017).

affiliates, representatives, employees, or agents) with the FTX Entities regarding promotion of FTT, YBAs or the FTX Platform.

5. All Documents regarding any and all due diligence You (personally or through any entity owned by You, or any of Your or Your entities' affiliates, representatives, employees, or agents) conducted before promotion of FTT, YBAs or FTX Platform to the public.

6. All Documents and Communications between You and any of the Co-Defendants in this Action regarding this lawsuit and/or the subject matter of this lawsuit, including the promotion of FTT, YBAs or the FTX Platform.

7. All Documents that show, evidence and/or relate to Your purchases, ownership, or control of FTT, including any wallet addresses controlled by You related to your FTT holdings.

# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF FLORIDA
## MIAMI DIVISION

### CASE NO. 23-21023-CIV-ALTONAGA/Damian

**EDWIN GARRISON**, *et al.,* on behalf of
themselves and all others similarly situated,

     *Plaintiffs,*

*v.*

**KEVIN PAFFRATH, GRAHAM STEPHAN,
ANDREI JIKH, JASPREET SINGH, BRIAN
JUNG, JEREMY LEFEBVRE, TOM NASH,
BEN ARMSTRONG, ERIKA KULLBERG,
CREATORS AGENCY, LLC,**

     *Defendants.*

_____/

## <u>NOTICE OF TAKING THE VIDEOTAPED DEPOSITION OF</u>
## <u>DEFENDANT JASPREET SINGH</u>

Pursuant to Federal Rule of Civil Procedure 30, Plaintiff's counsel will take the deposition of the below-named person/entity on the date, time, and at the location indicated.

| | |
|---|---|
| **DEPONENT**: | Defendant Jaspreet Singh |
| **DATE**: | June 23, 2023 |
| **TIME**: | 10:00am EST |
| **LOCATION**: | Zoom (contact counsel for details) |

The aforesaid deposition will be before a court reporter, an officer authorized by law to administer oaths and take depositions in the State of Florida. The deposition is being taken for the purpose of discovery, for use at trial, or both, or for such other purposes as are permitted under the Federal and Local Rules of Civil Procedure.

*Edwin Garrison, et al. v. Kevin Paffrath, et al.*
*CASE NO. 23-21023-CIV-ALTONAGA/Damian*

Dated: May 17, 2023　　　　　　　Respectfully submitted,

**By:** *_/s/ Adam Moskowitz_____*
Adam M. Moskowitz
Florida Bar No. 984280
adam@moskowitz-law.com
Joseph M. Kaye
Florida Bar No. 117520
joseph@moskowitz-law.com
**THE MOSKOWITZ LAW FIRM, PLLC**
2 Alhambra Plaza, Suite 601
Coral Gables, FL 33134
Telephone: (305) 740-1423

**By:** *_/s/Stuart Z. Grossman_*
Stuart Z. Grossman
Florida Bar No. 156113
Manuel A. Arteaga-Gomez
Florida Bar No. 18122
**GROSSMAN ROTH YAFFA COHEN, P.A.**
2525 Ponce de Leon Boulevard, Suite 1150
Coral Gables, FL 33134
Ph: 305-442-8666
Fx: 305-285-1668
szg@grossmanroth.com
aag@grossmanroth.com

**By:** *_/s/ Stephen Neal Zack_*
Stephen Neal Zack
Florida Bar No. 145215
Tyler Ulrich
Florida Bar No. 94705
**BOIES SCHILLER FLEXNER LLP**
100 SE 2nd St., Suite 2800
Miami, FL 33131
Office: 305-539-8400
szack@bsfllp.com
tulrich@bsfllp.com

**By:** *_/s/ Jose Ferrer_*
Jose Ferrer
Florida Bar No. 173746
Michelle Genet Bernstein
Florida Bar No. 1030736
**MARK MIGDAL HAYDEN LLP**
8 SW 8th Street, Suite 1999

*Edwin Garrison, et al. v. Kevin Paffrath, et al.*
*CASE NO. 23-21023-CIV-ALTONAGA/Damian*

Miami, FL 33130
Office: 305-374-0440
jose@markmigdal.com
michelle@markmigdal.com
eservice@markmigdal.com

*Co-Counsel for Plaintiffs and the Class*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the forgoing was filed on May 17, 2023, via Court's CM/ECF system, which will send notification to all attorneys of record.

By: */s/ Adam M. Moskowitz*
ADAM M. MOSKOWITZ

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**
**MIAMI DIVISION**

**CASE NO. 23-21023-CIV-ALTONAGA/Damian**

**EDWIN GARRISON**, *et al.,* on behalf of
themselves and all others similarly situated,

     *Plaintiffs,*

v.

**KEVIN PAFFRATH, GRAHAM STEPHAN,
ANDREI JIKH, JASPREET SINGH, BRIAN
JUNG, JEREMY LEFEBVRE, TOM NASH,
BEN ARMSTRONG, ERIKA KULLBERG,
CREATORS AGENCY, LLC,**

     *Defendants.*

_____/

**PLAINTIFF'S FIRST SET OF SEVEN REQUESTS FOR PRODUCTION TO
<u>DEFENDANT JASPREET SINGH</u>**

     Plaintiff, pursuant to Fed. R. Civ. P. 26 and 34, requests that Defendant, Jaspreet Singh

("Singh"), produce the documents requested in response to these seven requests.

     Dated: May 17, 2023               Respectfully submitted,

                                      **By: */s/ Adam Moskowitz*_____**
                                        Adam M. Moskowitz
                                        Florida Bar No. 984280
                                        adam@moskowitz-law.com
                                        Joseph M. Kaye
                                          Florida Bar No. 117520
                                        joseph@moskowitz-law.com
                                        **THE MOSKOWITZ LAW FIRM, PLLC**
                                        2 Alhambra Plaza, Suite 601
                                        Coral Gables, FL 33134
                                        Telephone: (305) 740-1423

                                        **By: */s/Stuart Z. Grossman***
                                        Stuart Z. Grossman
                                        Florida Bar No. 156113
                                        Manuel A. Arteaga-Gomez

Florida Bar No. 18122
**GROSSMAN ROTH YAFFA COHEN, P.A.**
2525 Ponce de Leon Boulevard, Suite 1150
Coral Gables, FL 33134
Ph: 305-442-8666
Fx: 305-285-1668
szg@grossmanroth.com
aag@grossmanroth.com

By: */s/ Stephen Neal Zack*
Stephen Neal Zack
Florida Bar No. 145215
Tyler Ulrich
Florida Bar No. 94705
**BOIES SCHILLER FLEXNER LLP**
100 SE 2nd St., Suite 2800
Miami, FL 33131
Office: 305-539-8400
szack@bsfllp.com
tulrich@bsfllp.com

By: */s/ Jose Ferrer*
Jose Ferrer
Florida Bar No. 173746
Michelle Genet Bernstein
Florida Bar No. 1030736
**MARK MIGDAL HAYDEN LLP**
8 SW 8th Street, Suite 1999
Miami, FL 33130
Office: 305-374-0440
jose@markmigdal.com
michelle@markmigdal.com
eservice@markmigdal.com

*Co-Counsel for Plaintiffs and the Class*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on May 17, 2023, a true and correct copy of the foregoing was

sent via electronic mail to counsel for Defendants.

By: */s/ Adam M. Moskowitz*_____
ADAM M. MOSKOWITZ

## DEFINITIONS AND INSTRUCTIONS

Unless otherwise specified, the terms set forth below have the following meanings:

1.      "Singh," "You," or "Your" means Defendant Jaspreet Singh and any of his affiliates, representatives, or agents.

2.      "Co-Defendants" means any of the other Defendants sued in this Action, and any of their affiliates, subsidiaries, divisions, segments, predecessors, successors, officers, directors, employees, representatives, or agents.

3.      "FTX Entities" means West Realm Shires Services, Inc., FTX Trading Ltd, Blockfolio, Inc., Alameda Research, LLC, and any of their affiliates, subsidiaries, divisions, segments, predecessors, successors, officers, directors, employees, representatives, or agents.

4.      "FTX Platform" refers to the FTX Entities' mobile application and/or web-based cryptocurrency investment service that places cryptocurrency trade orders on behalf of users.

5.      "YBAs" refers to the Yield-Bearing Accounts offered by the FTX Entities on the FTX Platform.

6.      "FTT" refers to the native cryptocurrency exchange token of the FTX Platform ecosystem.

7.      "Document(s)" means any written, printed, typed or other graphic matter, of any kind or nature, whether in hard copy or electronic format, whether the original, draft, or a copy and copies bearing notations or marks not found on the original, including but not limited to memoranda, reports, recommendations, notes, letters, envelopes, post-its, emails, telegrams, messages, manuscripts, studies, analyses, tests, comparisons, books, articles, pamphlets, magazines, newspapers, booklets, circulars, bulletins, notices, instructions, minutes, agreements, contracts, and all other written communications, of any type, including inter and

intra-office communications, purchase orders, invoices, bills, receipts, questionnaires, surveys, charts, graphs, videos, photographs, sketches, drawings, house sheets, tapes, voice messages or other recordings, print-outs or compilations from which information can be obtained or, if necessary, translated through detection devices into reasonably usable form, including all underlying or preparatory materials and drafts thereof.

8. Unless otherwise stated in a request, the time period for which you must respond is beginning in January 1, 2019 and ending at the present time.

9. "Person" or "People" means any natural person(s) or any business, legal, or governmental entity (or entities) or association(s).

10. All/Each – The terms "all" and "each" shall be construed as meaning either all or each as necessary to bring within the scope of the discovery request all responses that might otherwise be construed to be outside its scope.

11. Objections: Where an objection is made to any request, the objection shall state with specificity all grounds. Any ground not stated in an objection within the time provided by the Federal Rules of Civil Procedure, or by the Court's order, or any extensions thereof, shall be waived.

12. Whenever a reference to a business entity appears, the reference shall mean the business entity, its affiliated companies, partnerships, divisions, subdivisions, directors, officers, employees, agents, clients or other representatives of affiliated third parties.

## **INSTRUCTIONS**

1. Production of documents and items requested herein shall be made at the offices of The Moskowitz Law Firm, P.O. Box 141609, Coral Gables, FL 33114, or for hand deliveries at 251 Valencia Ave #141609, Coral Gables, FL 33114, or via electronic mail to the email

addresses provided in the signature blocks of the attorneys serving these requests.

2.      These requests shall include all documents that are in the possession, custody or control of Defendant or in the possession, custody or control of the present or former agents, representatives, or attorneys of Defendant, or any and all persons acting on the behalf of Defendant, or its present or former agents, representatives, or attorneys.

3.      For any document covered by a request that is withheld from production, Defendant shall provide the following information in the form of a privilege log:

      a.      the reasons and facts supporting any withholding;

      b.      the date such document was prepared;

      c.      the names, employment positions and addresses of the author or preparers of such document;

      d.      the names, employment positions, and the addresses of each person who received such document;

      e.      the title and a brief description of the document; and

      f.      the number of the request under which such document would be produced but for the objection.

4.      If any document responsive to a request has been destroyed, produce all documents describing or referencing:

      a.      the contents of the lost or destroyed document;

      b.      all locations in which any copy of the lost or destroyed document had been maintained;

      c.      the date of such loss or destruction;

      d.      the name of each person who ordered, authorized, and carried out

the destruction of any responsive document;

    e.    all document retention and destruction policies in effect at the time any requested document was destroyed; and

    f.    all efforts made to locate any responsive document alleged to have been lost.

5.    In producing the documents requested, indicate the specific request(s) pursuant to which document or group of documents is being produced.

6.    These requests should be deemed continuing, and supplemental productions should be provided as additional documents become available.

7.    All documents are to be produced in the following method:

    a)  Single page .TIFF

    b)  Color .jpg (Documents wherein reflection of importance relies on color, shall be produced in .jpg format)

    c)  OCR at document level (All documents are to be provided with searchable text files with the exception of the redacted portions of redacted documents)

    d)  Electronic documents and Emails are to be processed and converted from the electronic format to single page tiff

## <u>SEVEN REQUESTS FOR PRODUCTION</u>

*Please refer to the Definitions and Instructions when responding to these requests. To the extent that any of these requests seek information considered by Defendants to be confidential, Plaintiffs agree to enter into any reasonable confidentiality agreement with Defendants to protect such alleged confidential information.*

1.    All Documents and Communications, including contracts or agreements, regarding any business You (personally or through any entity owned by You, or any of Your or Your entities' affiliates, representatives, employees, or agents) conducted with the FTX Entities, including all documents and communications regarding any payments made to You (personally or to any entity owned by You, or any of Your or Your entities' affiliates, representatives, employees, or agents) in accordance with any such contract or agreement.

2.    All videos or other content You (personally or through any entity owned by You, or any of Your or Your entities' affiliates, representatives, employees, or agents) produced regarding, relating to, and/or mentioning the FTX platform, FTT, and/or YBAs, including videos or content that have been removed from their public-facing platforms.[1]

3.    All Documents and Communications, that show, evidence and/or relate to Defendant "targeting" Defendant's Florida audience, and Florida's FTX consumers.

4.    All Documents and Communications regarding any and all communications between You (personally or through any entity owned by You, or any of Your or Your entities'

---

[1] Any such videos and/or content either should still be saved on Defendants' hard drives and preserved for use in this litigation, or should still be on the private-facing portions of their social media platforms—for instance, Defendants could have set a video they posted on YouTube to "private" so it no longer is publicly viewable or searchable but is still posted on their account. "Spoliation is the destruction or significant alteration of evidence, or the failure to preserve property for another's use as evidence in pending or reasonably foreseeable litigation." *Graff v. Baja Marine Corp.*, 310 F. App'x 298, 301 (11th Cir. 2009). "The duty to preserve relevant evidence is triggered not only when litigation is pending, but also when it reasonably foreseeable to that party." *Title Cap. Mgmt., LLC v. Progress Residential, LLC*, No. 16-21882-CV, 2017 WL 5953428, at *4 (S.D. Fla. Sept. 29, 2017).

affiliates, representatives, employees, or agents) with the FTX Entities regarding promotion of FTT, YBAs or the FTX Platform.

      5.      All Documents regarding any and all due diligence You (personally or through any entity owned by You, or any of Your or Your entities' affiliates, representatives, employees, or agents) conducted before promotion of FTT, YBAs or FTX Platform to the public.

      6.      All Documents and Communications between You and any of the Co-Defendants in this Action regarding this lawsuit and/or the subject matter of this lawsuit, including the promotion of FTT, YBAs or the FTX Platform.

      7.      All Documents that show, evidence and/or relate to Your purchases, ownership, or control of FTT, including any wallet addresses controlled by You related to your FTT holdings.

# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF FLORIDA
### MIAMI DIVISION

### CASE NO. 23-21023-CIV-ALTONAGA/Damian

**EDWIN GARRISON**, *et al.,* on behalf of
themselves and all others similarly situated,

      *Plaintiffs,*

*v.*

**KEVIN PAFFRATH, GRAHAM STEPHAN,
ANDREI JIKH, JASPREET SINGH, BRIAN
JUNG, JEREMY LEFEBVRE, TOM NASH,
BEN ARMSTRONG, ERIKA KULLBERG,
CREATORS AGENCY, LLC,**

      *Defendants.*

_____/

## NOTICE OF TAKING THE VIDEOTAPED DEPOSITION OF
## DEFENDANT BRIAN JUNG

      Pursuant to Federal Rule of Civil Procedure 30, Plaintiff's counsel will take the deposition of the below-named person/entity on the date, time, and at the location indicated.

| | |
|---|---|
| **DEPONENT**: | Defendant Brian Jung |
| **DATE**: | June 26, 2023 |
| **TIME**: | 10:00am EST |
| **LOCATION**: | Zoom (contact counsel for details) |

      The aforesaid deposition will be before a court reporter, an officer authorized by law to administer oaths and take depositions in the State of Florida.  The deposition is being taken for the purpose of discovery, for use at trial, or both, or for such other purposes as are permitted under the Federal and Local Rules of Civil Procedure.

*Edwin Garrison, et al. v. Kevin Paffrath, et al.*
*CASE NO. 23-21023-CIV-ALTONAGA/Damian*

Dated: May 17, 2023                    Respectfully submitted,

**By: /s/ Adam Moskowitz**
Adam M. Moskowitz
Florida Bar No. 984280
adam@moskowitz-law.com
Joseph M. Kaye
Florida Bar No. 117520
joseph@moskowitz-law.com
**THE MOSKOWITZ LAW FIRM, PLLC**
2 Alhambra Plaza, Suite 601
Coral Gables, FL 33134
Telephone: (305) 740-1423

**By: /s/Stuart Z. Grossman**
Stuart Z. Grossman
Florida Bar No. 156113
Manuel A. Arteaga-Gomez
Florida Bar No. 18122
**GROSSMAN ROTH YAFFA COHEN, P.A.**
2525 Ponce de Leon Boulevard, Suite 1150
Coral Gables, FL 33134
Ph: 305-442-8666
Fx: 305-285-1668
szg@grossmanroth.com
aag@grossmanroth.com

**By: /s/ Stephen Neal Zack**
Stephen Neal Zack
Florida Bar No. 145215
Tyler Ulrich
Florida Bar No. 94705
**BOIES SCHILLER FLEXNER LLP**
100 SE 2nd St., Suite 2800
Miami, FL 33131
Office: 305-539-8400
szack@bsfllp.com
tulrich@bsfllp.com

**By: /s/ Jose Ferrer**
Jose Ferrer
Florida Bar No. 173746
Michelle Genet Bernstein
Florida Bar No. 1030736
**MARK MIGDAL HAYDEN LLP**
8 SW 8th Street, Suite 1999

Miami, FL 33130
Office: 305-374-0440
jose@markmigdal.com
michelle@markmigdal.com
eservice@markmigdal.com

*Co-Counsel for Plaintiffs and the Class*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the forgoing was filed on May 17, 2023, via Court's CM/ECF system, which will send notification to all attorneys of record.

By: */s/ Adam M. Moskowitz*
ADAM M. MOSKOWITZ

# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF FLORIDA
### MIAMI DIVISION

### CASE NO. 23-21023-CIV-ALTONAGA/Damian

**EDWIN GARRISON**, *et al.,* on behalf of
themselves and all others similarly situated,

     *Plaintiffs,*

*v.*

**KEVIN PAFFRATH, GRAHAM STEPHAN,
ANDREI JIKH, JASPREET SINGH, BRIAN
JUNG, JEREMY LEFEBVRE, TOM NASH,
BEN ARMSTRONG, ERIKA KULLBERG,
CREATORS AGENCY, LLC,**

     *Defendants.*

_____/

## PLAINTIFF'S FIRST SET OF SEVEN REQUESTS FOR PRODUCTION TO <u>DEFENDANT BRIAN JUNG</u>

     Plaintiff, pursuant to Fed. R. Civ. P. 26 and 34, requests that Defendant, Brian Jung

("Jung"), produce the documents requested in response to these seven requests.

     Dated: May 17, 2023          Respectfully submitted,

                            **By: */s/ Adam Moskowitz*_____**
                            Adam M. Moskowitz
                            Florida Bar No. 984280
                            adam@moskowitz-law.com
                            Joseph M. Kaye
                            Florida Bar No. 117520
                            joseph@moskowitz-law.com
                            **THE MOSKOWITZ LAW FIRM, PLLC**
                            2 Alhambra Plaza, Suite 601
                            Coral Gables, FL 33134
                            Telephone: (305) 740-1423

                            **By: */s/Stuart Z. Grossman***
                            Stuart Z. Grossman
                            Florida Bar No. 156113
                            Manuel A. Arteaga-Gomez

Florida Bar No. 18122
**GROSSMAN ROTH YAFFA COHEN, P.A.**
2525 Ponce de Leon Boulevard, Suite 1150
Coral Gables, FL 33134
Ph: 305-442-8666
Fx: 305-285-1668
szg@grossmanroth.com
aag@grossmanroth.com

By: */s/ Stephen Neal Zack*
Stephen Neal Zack
Florida Bar No. 145215
Tyler Ulrich
Florida Bar No. 94705
**BOIES SCHILLER FLEXNER LLP**
100 SE 2nd St., Suite 2800
Miami, FL 33131
Office: 305-539-8400
szack@bsfllp.com
tulrich@bsfllp.com

By: */s/ Jose Ferrer*
Jose Ferrer
Florida Bar No. 173746
Michelle Genet Bernstein
Florida Bar No. 1030736
**MARK MIGDAL HAYDEN LLP**
8 SW 8th Street, Suite 1999
Miami, FL 33130
Office: 305-374-0440
jose@markmigdal.com
michelle@markmigdal.com
eservice@markmigdal.com

*Co-Counsel for Plaintiffs and the Class*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on May 17, 2023, a true and correct copy of the foregoing was sent via electronic mail to counsel for Defendants.

By: */s/ Adam M. Moskowitz*_____
ADAM M. MOSKOWITZ

## DEFINITIONS AND INSTRUCTIONS

Unless otherwise specified, the terms set forth below have the following meanings:

1.      "Jung," "You," or "Your" means Defendant Brian Jung and any of his affiliates, representatives, or agents.

2.      "Co-Defendants" means any of the other Defendants sued in this Action, and any of their affiliates, subsidiaries, divisions, segments, predecessors, successors, officers, directors, employees, representatives, or agents.

3.      "FTX Entities" means West Realm Shires Services, Inc., FTX Trading Ltd, Blockfolio, Inc., Alameda Research, LLC, and any of their affiliates, subsidiaries, divisions, segments, predecessors, successors, officers, directors, employees, representatives, or agents.

4.      "FTX Platform" refers to the FTX Entities' mobile application and/or web-based cryptocurrency investment service that places cryptocurrency trade orders on behalf of users.

5.      "YBAs" refers to the Yield-Bearing Accounts offered by the FTX Entities on the FTX Platform.

6.      "FTT" refers to the native cryptocurrency exchange token of the FTX Platform ecosystem.

7.      "Document(s)" means any written, printed, typed or other graphic matter, of any kind or nature, whether in hard copy or electronic format, whether the original, draft, or a copy and copies bearing notations or marks not found on the original, including but not limited to memoranda, reports, recommendations, notes, letters, envelopes, post-its, emails, telegrams, messages, manuscripts, studies, analyses, tests, comparisons, books, articles, pamphlets, magazines, newspapers, booklets, circulars, bulletins, notices, instructions, minutes, agreements, contracts, and all other written communications, of any type, including inter and

intra-office communications, purchase orders, invoices, bills, receipts, questionnaires, surveys, charts, graphs, videos, photographs, sketches, drawings, house sheets, tapes, voice messages or other recordings, print-outs or compilations from which information can be obtained or, if necessary, translated through detection devices into reasonably usable form, including all underlying or preparatory materials and drafts thereof.

8.      Unless otherwise stated in a request, the time period for which you must respond is beginning in January 1, 2019 and ending at the present time.

9.      "Person" or "People" means any natural person(s) or any business, legal, or governmental entity (or entities) or association(s).

10.     All/Each – The terms "all" and "each" shall be construed as meaning either all or each as necessary to bring within the scope of the discovery request all responses that might otherwise be construed to be outside its scope.

11.     Objections: Where an objection is made to any request, the objection shall state with specificity all grounds. Any ground not stated in an objection within the time provided by the Federal Rules of Civil Procedure, or by the Court's order, or any extensions thereof, shall be waived.

12.     Whenever a reference to a business entity appears, the reference shall mean the business entity, its affiliated companies, partnerships, divisions, subdivisions, directors, officers, employees, agents, clients or other representatives of affiliated third parties.

## **INSTRUCTIONS**

1.      Production of documents and items requested herein shall be made at the offices of The Moskowitz Law Firm, P.O. Box 141609, Coral Gables, FL 33114, or for hand deliveries at 251 Valencia Ave #141609, Coral Gables, FL 33114, or via electronic mail to the email

addresses provided in the signature blocks of the attorneys serving these requests.

2.      These requests shall include all documents that are in the possession, custody or control of Defendant or in the possession, custody or control of the present or former agents, representatives, or attorneys of Defendant, or any and all persons acting on the behalf of Defendant, or its present or former agents, representatives, or attorneys.

3.      For any document covered by a request that is withheld from production, Defendant shall provide the following information in the form of a privilege log:

        a.      the reasons and facts supporting any withholding;

        b.      the date such document was prepared;

        c.      the names, employment positions and addresses of the author or preparers of such document;

        d.      the names, employment positions, and the addresses of each person who received such document;

        e.      the title and a brief description of the document; and

        f.      the number of the request under which such document would be produced but for the objection.

4.      If any document responsive to a request has been destroyed, produce all documents describing or referencing:

        a.      the contents of the lost or destroyed document;

        b.      all locations in which any copy of the lost or destroyed document had been maintained;

        c.      the date of such loss or destruction;

        d.      the name of each person who ordered, authorized, and carried out

the destruction of any responsive document;

     e.    all document retention and destruction policies in effect at the time any requested document was destroyed; and

     f.    all efforts made to locate any responsive document alleged to have been lost.

5.    In producing the documents requested, indicate the specific request(s) pursuant to which document or group of documents is being produced.

6.    These requests should be deemed continuing, and supplemental productions should be provided as additional documents become available.

7.    All documents are to be produced in the following method:

    a)  Single page .TIFF

    b)  Color .jpg (Documents wherein reflection of importance relies on color, shall be produced in .jpg format)

    c)  OCR at document level (All documents are to be provided with searchable text files with the exception of the redacted portions of redacted documents)

    d)  Electronic documents and Emails are to be processed and converted from the electronic format to single page tiff

*Edwin Garrison, et al. v. Kevin Paffrath, et al.*
*CASE NO. 23-21023-CIV-ALTONAGA/Damian*

## <u>SEVEN REQUESTS FOR PRODUCTION</u>

*Please refer to the Definitions and Instructions when responding to these requests. To the extent that any of these requests seek information considered by Defendants to be confidential, Plaintiffs agree to enter into any reasonable confidentiality agreement with Defendants to protect such alleged confidential information.*

1.      All Documents and Communications, including contracts or agreements, regarding any business You (personally or through any entity owned by You, or any of Your or Your entities' affiliates, representatives, employees, or agents) conducted with the FTX Entities, including all documents and communications regarding any payments made to You (personally or to any entity owned by You, or any of Your or Your entities' affiliates, representatives, employees, or agents) in accordance with any such contract or agreement.

2.      All videos or other content You (personally or through any entity owned by You, or any of Your or Your entities' affiliates, representatives, employees, or agents) produced regarding, relating to, and/or mentioning the FTX platform, FTT, and/or YBAs, including videos or content that have been removed from their public-facing platforms.[1]

3.      All Documents and Communications, that show, evidence and/or relate to Defendant "targeting" Defendant's Florida audience, and Florida's FTX consumers.

4.      All Documents and Communications regarding any and all communications between You (personally or through any entity owned by You, or any of Your or Your entities'

---

[1] Any such videos and/or content either should still be saved on Defendants' hard drives and preserved for use in this litigation, or should still be on the private-facing portions of their social media platforms—for instance, Defendants could have set a video they posted on YouTube to "private" so it no longer is publicly viewable or searchable but is still posted on their account. "Spoliation is the destruction or significant alteration of evidence, or the failure to preserve property for another's use as evidence in pending or reasonably foreseeable litigation." *Graff v. Baja Marine Corp*., 310 F. App'x 298, 301 (11th Cir. 2009). "The duty to preserve relevant evidence is triggered not only when litigation is pending, but also when it reasonably foreseeable to that party." *Title Cap. Mgmt., LLC v. Progress Residential, LLC*, No. 16-21882-CV, 2017 WL 5953428, at *4 (S.D. Fla. Sept. 29, 2017).

affiliates, representatives, employees, or agents) with the FTX Entities regarding promotion of FTT, YBAs or the FTX Platform.

5.      All Documents regarding any and all due diligence You (personally or through any entity owned by You, or any of Your or Your entities' affiliates, representatives, employees, or agents) conducted before promotion of FTT, YBAs or FTX Platform to the public.

6.      All Documents and Communications between You and any of the Co-Defendants in this Action regarding this lawsuit and/or the subject matter of this lawsuit, including the promotion of FTT, YBAs or the FTX Platform.

7.      All Documents that show, evidence and/or relate to Your purchases, ownership, or control of FTT, including any wallet addresses controlled by You related to your FTT holdings.

# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF FLORIDA
### MIAMI DIVISION

### CASE NO. 23-21023-CIV-ALTONAGA/Damian

**EDWIN GARRISON**, *et al.,* on behalf of
themselves and all others similarly situated,

     *Plaintiffs,*

*v.*

**KEVIN PAFFRATH, GRAHAM STEPHAN,
ANDREI JIKH, JASPREET SINGH, BRIAN
JUNG, JEREMY LEFEBVRE, TOM NASH,
BEN ARMSTRONG, ERIKA KULLBERG,
CREATORS AGENCY, LLC,**

     *Defendants.*

_____/

## NOTICE OF TAKING THE VIDEOTAPED DEPOSITION OF
## DEFENDANT JEREMY LEFEBVRE

Pursuant to Federal Rule of Civil Procedure 30, Plaintiff's counsel will take the deposition of the below-named person/entity on the date, time, and at the location indicated.

| | |
|---|---|
| **DEPONENT**: | Defendant Jeremy LeFebvre |
| **DATE**: | June 27, 2023 |
| **TIME**: | 10:00am EST |
| **LOCATION**: | Zoom (contact counsel for details) |

The aforesaid deposition will be before a court reporter, an officer authorized by law to administer oaths and take depositions in the State of Florida. The deposition is being taken for the purpose of discovery, for use at trial, or both, or for such other purposes as are permitted under the Federal and Local Rules of Civil Procedure.

*Edwin Garrison, et al. v. Kevin Paffrath, et al.*
*CASE NO. 23-21023-CIV-ALTONAGA/Damian*

Dated: May 17, 2023                    Respectfully submitted,

**By:** */s/ Adam Moskowitz*
Adam M. Moskowitz
Florida Bar No. 984280
adam@moskowitz-law.com
Joseph M. Kaye
Florida Bar No. 117520
joseph@moskowitz-law.com
**THE MOSKOWITZ LAW FIRM, PLLC**
2 Alhambra Plaza, Suite 601
Coral Gables, FL 33134
Telephone: (305) 740-1423

**By:** */s/Stuart Z. Grossman*
Stuart Z. Grossman
Florida Bar No. 156113
Manuel A. Arteaga-Gomez
Florida Bar No. 18122
**GROSSMAN ROTH YAFFA COHEN, P.A.**
2525 Ponce de Leon Boulevard, Suite 1150
Coral Gables, FL 33134
Ph: 305-442-8666
Fx: 305-285-1668
szg@grossmanroth.com
aag@grossmanroth.com

**By:** */s/ Stephen Neal Zack*
Stephen Neal Zack
Florida Bar No. 145215
Tyler Ulrich
Florida Bar No. 94705
**BOIES SCHILLER FLEXNER LLP**
100 SE 2nd St., Suite 2800
Miami, FL 33131
Office: 305-539-8400
szack@bsfllp.com
tulrich@bsfllp.com

**By:** */s/ Jose Ferrer*
Jose Ferrer
Florida Bar No. 173746
Michelle Genet Bernstein
Florida Bar No. 1030736
**MARK MIGDAL HAYDEN LLP**
8 SW 8th Street, Suite 1999

*Edwin Garrison, et al. v. Kevin Paffrath, et al.*
*CASE NO. 23-21023-CIV-ALTONAGA/Damian*

Miami, FL 33130
Office: 305-374-0440
jose@markmigdal.com
michelle@markmigdal.com
eservice@markmigdal.com

*Co-Counsel for Plaintiffs and the Class*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the forgoing was filed on May 17, 2023, via Court's CM/ECF system, which will send notification to all attorneys of record.

By: */s/ Adam M. Moskowitz*
ADAM M. MOSKOWITZ

# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF FLORIDA
### MIAMI DIVISION

### CASE NO. 23-21023-CIV-ALTONAGA/Damian

**EDWIN GARRISON**, *et al.,* on behalf of
themselves and all others similarly situated,

     *Plaintiffs,*

v.

**KEVIN PAFFRATH, GRAHAM STEPHAN, ANDREI JIKH, JASPREET SINGH, BRIAN JUNG, JEREMY LEFEBVRE, TOM NASH, BEN ARMSTRONG, ERIKA KULLBERG, CREATORS AGENCY, LLC,**

     *Defendants.*

_____/

## PLAINTIFF'S FIRST SET OF SEVEN REQUESTS FOR PRODUCTION TO DEFENDANT JEREMY LEFEBVRE

Plaintiff, pursuant to Fed. R. Civ. P. 26 and 34, requests that Defendant, Jeremy

LeFebvre ("LeFebvre"), produce the documents requested in response to these seven requests.

Dated: May 17, 2023          Respectfully submitted,

          **By: */s/ Adam Moskowitz*_____**
          Adam M. Moskowitz
          Florida Bar No. 984280
          adam@moskowitz-law.com
          Joseph M. Kaye
          Florida Bar No. 117520
          joseph@moskowitz-law.com
          **THE MOSKOWITZ LAW FIRM, PLLC**
          2 Alhambra Plaza, Suite 601
          Coral Gables, FL 33134
          Telephone: (305) 740-1423

          **By: */s/Stuart Z. Grossman***
          Stuart Z. Grossman
          Florida Bar No. 156113
          Manuel A. Arteaga-Gomez

*Edwin Garrison, et al. v. Kevin Paffrath, et al.*
*CASE NO. 23-21023-CIV-ALTONAGA/Damian*

Florida Bar No. 18122
**GROSSMAN ROTH YAFFA COHEN, P.A.**
2525 Ponce de Leon Boulevard, Suite 1150
Coral Gables, FL 33134
Ph: 305-442-8666
Fx: 305-285-1668
szg@grossmanroth.com
aag@grossmanroth.com

By: */s/ Stephen Neal Zack*
Stephen Neal Zack
Florida Bar No. 145215
Tyler Ulrich
Florida Bar No. 94705
**BOIES SCHILLER FLEXNER LLP**
100 SE 2nd St., Suite 2800
Miami, FL 33131
Office: 305-539-8400
szack@bsfllp.com
tulrich@bsfllp.com

By: */s/ Jose Ferrer*
Jose Ferrer
Florida Bar No. 173746
Michelle Genet Bernstein
Florida Bar No. 1030736
**MARK MIGDAL HAYDEN LLP**
8 SW 8th Street, Suite 1999
Miami, FL 33130
Office: 305-374-0440
jose@markmigdal.com
michelle@markmigdal.com
eservice@markmigdal.com

*Co-Counsel for Plaintiffs and the Class*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on May 17, 2023, a true and correct copy of the foregoing was sent via electronic mail to counsel for Defendants.

By: */s/ Adam M. Moskowitz*
ADAM M. MOSKOWITZ

2

*Edwin Garrison, et al. v. Kevin Paffrath, et al.*
*CASE NO. 23-21023-CIV-ALTONAGA/Damian*

## DEFINITIONS AND INSTRUCTIONS

Unless otherwise specified, the terms set forth below have the following meanings:

1.　　"LeFebvre," "You," or "Your" means Defendant Jeremy LeFebvre and any of his affiliates, representatives, or agents.

2.　　"Co-Defendants" means any of the other Defendants sued in this Action, and any of their affiliates, subsidiaries, divisions, segments, predecessors, successors, officers, directors, employees, representatives, or agents.

3.　　"FTX Entities" means West Realm Shires Services, Inc., FTX Trading Ltd, Blockfolio, Inc., Alameda Research, LLC, and any of their affiliates, subsidiaries, divisions, segments, predecessors, successors, officers, directors, employees, representatives, or agents.

4.　　"FTX Platform" refers to the FTX Entities' mobile application and/or web-based cryptocurrency investment service that places cryptocurrency trade orders on behalf of users.

5.　　"YBAs" refers to the Yield-Bearing Accounts offered by the FTX Entities on the FTX Platform.

6.　　"FTT" refers to the native cryptocurrency exchange token of the FTX Platform ecosystem.

7.　　"Document(s)" means any written, printed, typed or other graphic matter, of any kind or nature, whether in hard copy or electronic format, whether the original, draft, or a copy and copies bearing notations or marks not found on the original, including but not limited to memoranda, reports, recommendations, notes, letters, envelopes, post-its, emails, telegrams, messages, manuscripts, studies, analyses, tests, comparisons, books, articles, pamphlets, magazines, newspapers, booklets, circulars, bulletins, notices, instructions, minutes, agreements, contracts, and all other written communications, of any type, including inter and

intra-office communications, purchase orders, invoices, bills, receipts, questionnaires, surveys, charts, graphs, videos, photographs, sketches, drawings, house sheets, tapes, voice messages or other recordings, print-outs or compilations from which information can be obtained or, if necessary, translated through detection devices into reasonably usable form, including all underlying or preparatory materials and drafts thereof.

8. Unless otherwise stated in a request, the time period for which you must respond is beginning in January 1, 2019 and ending at the present time.

9. "Person" or "People" means any natural person(s) or any business, legal, or governmental entity (or entities) or association(s).

10. All/Each – The terms "all" and "each" shall be construed as meaning either all or each as necessary to bring within the scope of the discovery request all responses that might otherwise be construed to be outside its scope.

11. Objections: Where an objection is made to any request, the objection shall state with specificity all grounds. Any ground not stated in an objection within the time provided by the Federal Rules of Civil Procedure, or by the Court's order, or any extensions thereof, shall be waived.

12. Whenever a reference to a business entity appears, the reference shall mean the business entity, its affiliated companies, partnerships, divisions, subdivisions, directors, officers, employees, agents, clients or other representatives of affiliated third parties.

## **<u>INSTRUCTIONS</u>**

1. Production of documents and items requested herein shall be made at the offices of The Moskowitz Law Firm, P.O. Box 141609, Coral Gables, FL 33114, or for hand deliveries at 251 Valencia Ave #141609, Coral Gables, FL 33114, or via electronic mail to the email

addresses provided in the signature blocks of the attorneys serving these requests.

2.      These requests shall include all documents that are in the possession, custody or control of Defendant or in the possession, custody or control of the present or former agents, representatives, or attorneys of Defendant, or any and all persons acting on the behalf of Defendant, or its present or former agents, representatives, or attorneys.

3.      For any document covered by a request that is withheld from production, Defendant shall provide the following information in the form of a privilege log:

        a.      the reasons and facts supporting any withholding;

        b.      the date such document was prepared;

        c.      the names, employment positions and addresses of the author or preparers of such document;

        d.      the names, employment positions, and the addresses of each person who received such document;

        e.      the title and a brief description of the document; and

        f.      the number of the request under which such document would be produced but for the objection.

4.      If any document responsive to a request has been destroyed, produce all documents describing or referencing:

        a.      the contents of the lost or destroyed document;

        b.      all locations in which any copy of the lost or destroyed document had been maintained;

        c.      the date of such loss or destruction;

        d.      the name of each person who ordered, authorized, and carried out

the destruction of any responsive document;

    e.    all document retention and destruction policies in effect at the time any requested document was destroyed; and

    f.    all efforts made to locate any responsive document alleged to have been lost.

5.    In producing the documents requested, indicate the specific request(s) pursuant to which document or group of documents is being produced.

6.    These requests should be deemed continuing, and supplemental productions should be provided as additional documents become available.

7.    All documents are to be produced in the following method:

    a)    Single page .TIFF

    b)    Color .jpg (Documents wherein reflection of importance relies on color, shall be produced in .jpg format)

    c)    OCR at document level (All documents are to be provided with searchable text files with the exception of the redacted portions of redacted documents)

    d)    Electronic documents and Emails are to be processed and converted from the electronic format to single page tiff

## <u>SEVEN REQUESTS FOR PRODUCTION</u>

*Please refer to the Definitions and Instructions when responding to these requests. To the extent that any of these requests seek information considered by Defendants to be confidential, Plaintiffs agree to enter into any reasonable confidentiality agreement with Defendants to protect such alleged confidential information.*

1.      All Documents and Communications, including contracts or agreements, regarding any business You (personally or through any entity owned by You, or any of Your or Your entities' affiliates, representatives, employees, or agents) conducted with the FTX Entities, including all documents and communications regarding any payments made to You (personally or to any entity owned by You, or any of Your or Your entities' affiliates, representatives, employees, or agents) in accordance with any such contract or agreement.

2.      All videos or other content You (personally or through any entity owned by You, or any of Your or Your entities' affiliates, representatives, employees, or agents) produced regarding, relating to, and/or mentioning the FTX platform, FTT, and/or YBAs, including videos or content that have been removed from their public-facing platforms.[1]

3.      All Documents and Communications, that show, evidence and/or relate to Defendant "targeting" Defendant's Florida audience, and Florida's FTX consumers.

4.      All Documents and Communications regarding any and all communications between You (personally or through any entity owned by You, or any of Your or Your entities'

---

[1] Any such videos and/or content either should still be saved on Defendants' hard drives and preserved for use in this litigation, or should still be on the private-facing portions of their social media platforms—for instance, Defendants could have set a video they posted on YouTube to "private" so it no longer is publicly viewable or searchable but is still posted on their account. "Spoliation is the destruction or significant alteration of evidence, or the failure to preserve property for another's use as evidence in pending or reasonably foreseeable litigation." *Graff v. Baja Marine Corp*., 310 F. App'x 298, 301 (11th Cir. 2009). "The duty to preserve relevant evidence is triggered not only when litigation is pending, but also when it reasonably foreseeable to that party." *Title Cap. Mgmt., LLC v. Progress Residential, LLC*, No. 16-21882-CV, 2017 WL 5953428, at *4 (S.D. Fla. Sept. 29, 2017).

affiliates, representatives, employees, or agents) with the FTX Entities regarding promotion of FTT, YBAs or the FTX Platform.

5.      All Documents regarding any and all due diligence You (personally or through any entity owned by You, or any of Your or Your entities' affiliates, representatives, employees, or agents) conducted before promotion of FTT, YBAs or FTX Platform to the public.

6.      All Documents and Communications between You and any of the Co-Defendants in this Action regarding this lawsuit and/or the subject matter of this lawsuit, including the promotion of FTT, YBAs or the FTX Platform.

7.      All Documents that show, evidence and/or relate to Your purchases, ownership, or control of FTT, including any wallet addresses controlled by You related to your FTT holdings.

# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF FLORIDA
## MIAMI DIVISION

### CASE NO. 23-21023-CIV-ALTONAGA/Damian

**EDWIN GARRISON**, *et al.,* on behalf of
themselves and all others similarly situated,

     *Plaintiffs,*

v.

**KEVIN PAFFRATH, GRAHAM STEPHAN,
ANDREI JIKH, JASPREET SINGH, BRIAN
JUNG, JEREMY LEFEBVRE, TOM NASH,
BEN ARMSTRONG, ERIKA KULLBERG,
CREATORS AGENCY, LLC,**

     *Defendants.*

_____/

## <u>NOTICE OF TAKING THE VIDEOTAPED DEPOSITION OF</u>
## <u>DEFENDANT TOM NASH</u>

     Pursuant to Federal Rule of Civil Procedure 30, Plaintiff's counsel will take the deposition
of the below-named person/entity on the date, time, and at the location indicated.

     **DEPONENT**:    Defendant Tom Nash

     **DATE**:    June 28, 2023

     **TIME**:    10:00am EST

     **LOCATION**:    Zoom (contact counsel for details)

     The aforesaid deposition will be before a court reporter, an officer authorized by law to
administer oaths and take depositions in the State of Florida.  The deposition is being taken for the
purpose of discovery, for use at trial, or both, or for such other purposes as are permitted under the
Federal and Local Rules of Civil Procedure.

*Edwin Garrison, et al. v. Kevin Paffrath, et al.*
*CASE NO. 23-21023-CIV-ALTONAGA/Damian*

Dated: May 17, 2023

Respectfully submitted,

**By: */s/ Adam Moskowitz*_____**
Adam M. Moskowitz
Florida Bar No. 984280
adam@moskowitz-law.com
Joseph M. Kaye
Florida Bar No. 117520
joseph@moskowitz-law.com
**THE MOSKOWITZ LAW FIRM, PLLC**
2 Alhambra Plaza, Suite 601
Coral Gables, FL 33134
Telephone: (305) 740-1423

**By: */s/Stuart Z. Grossman***
Stuart Z. Grossman
Florida Bar No. 156113
Manuel A. Arteaga-Gomez
Florida Bar No. 18122
**GROSSMAN ROTH YAFFA COHEN, P.A.**
2525 Ponce de Leon Boulevard, Suite 1150
Coral Gables, FL 33134
Ph: 305-442-8666
Fx: 305-285-1668
szg@grossmanroth.com
aag@grossmanroth.com

**By: */s/ Stephen Neal Zack***
Stephen Neal Zack
Florida Bar No. 145215
Tyler Ulrich
Florida Bar No. 94705
**BOIES SCHILLER FLEXNER LLP**
100 SE 2nd St., Suite 2800
Miami, FL 33131
Office: 305-539-8400
szack@bsfllp.com
tulrich@bsfllp.com

**By: */s/ Jose Ferrer***
Jose Ferrer
Florida Bar No. 173746
Michelle Genet Bernstein
Florida Bar No. 1030736
**MARK MIGDAL HAYDEN LLP**
8 SW 8th Street, Suite 1999

*Edwin Garrison, et al. v. Kevin Paffrath, et al.*
*CASE NO. 23-21023-CIV-ALTONAGA/Damian*

Miami, FL 33130
Office: 305-374-0440
jose@markmigdal.com
michelle@markmigdal.com
eservice@markmigdal.com

*Co-Counsel for Plaintiffs and the Class*

## <u>CERTIFICATE OF SERVICE</u>

I HEREBY CERTIFY that a true and correct copy of the forgoing was filed on May 17,

2023, via Court's CM/ECF system, which will send notification to all attorneys of record.

By: */s/ Adam M. Moskowitz*
ADAM M. MOSKOWITZ

# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF FLORIDA
## MIAMI DIVISION
### CASE NO. 23-21023-CIV-ALTONAGA/Damian

**EDWIN GARRISON**, *et al.,* on behalf of
themselves and all others similarly situated,

      *Plaintiffs,*

*v.*

**KEVIN PAFFRATH, GRAHAM STEPHAN,
ANDREI JIKH, JASPREET SINGH, BRIAN
JUNG, JEREMY LEFEBVRE, TOM NASH,
BEN ARMSTRONG, ERIKA KULLBERG,
CREATORS AGENCY, LLC,**

      *Defendants.*

_____/

### PLAINTIFF'S FIRST SET OF SEVEN REQUESTS FOR PRODUCTION TO <u>DEFENDANT TOM NASH</u>

      Plaintiff, pursuant to Fed. R. Civ. P. 26 and 34, requests that Defendant, Tom Nash

("Nash"), produce the documents requested in response to these seven requests.

      Dated: May 17, 2023           Respectfully submitted,

                                    **By: */s/ Adam Moskowitz*_____**
                                      Adam M. Moskowitz
                                      Florida Bar No. 984280
                                      adam@moskowitz-law.com
                                      Joseph M. Kaye
                                      Florida Bar No. 117520
                                      joseph@moskowitz-law.com
                                    **THE MOSKOWITZ LAW FIRM, PLLC**
                                    2 Alhambra Plaza, Suite 601
                                      Coral Gables, FL 33134
                                      Telephone: (305) 740-1423

                                    **By: */s/Stuart Z. Grossman***
                                    Stuart Z. Grossman
                                    Florida Bar No. 156113
                                    Manuel A. Arteaga-Gomez

*Edwin Garrison, et al. v. Kevin Paffrath, et al.*
*CASE NO. 23-21023-CIV-ALTONAGA/Damian*

Florida Bar No. 18122
**GROSSMAN ROTH YAFFA COHEN, P.A.**
2525 Ponce de Leon Boulevard, Suite 1150
Coral Gables, FL 33134
Ph: 305-442-8666
Fx: 305-285-1668
szg@grossmanroth.com
aag@grossmanroth.com

By: */s/ Stephen Neal Zack*
Stephen Neal Zack
Florida Bar No. 145215
Tyler Ulrich
Florida Bar No. 94705
**BOIES SCHILLER FLEXNER LLP**
100 SE 2nd St., Suite 2800
Miami, FL 33131
Office: 305-539-8400
szack@bsfllp.com
tulrich@bsfllp.com

By: */s/ Jose Ferrer*
Jose Ferrer
Florida Bar No. 173746
Michelle Genet Bernstein
Florida Bar No. 1030736
**MARK MIGDAL HAYDEN LLP**
8 SW 8th Street, Suite 1999
Miami, FL 33130
Office: 305-374-0440
jose@markmigdal.com
michelle@markmigdal.com
eservice@markmigdal.com

*Co-Counsel for Plaintiffs and the Class*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on May 17, 2023, a true and correct copy of the foregoing was

sent via electronic mail to counsel for Defendants.

By: */s/ Adam M. Moskowitz*
ADAM M. MOSKOWITZ

2

## DEFINITIONS AND INSTRUCTIONS

Unless otherwise specified, the terms set forth below have the following meanings:

1.       "Nash," "You," or "Your" means Defendant Tom Nash and any of his affiliates, representatives, or agents.

2.       "Co-Defendants" means any of the other Defendants sued in this Action, and any of their affiliates, subsidiaries, divisions, segments, predecessors, successors, officers, directors, employees, representatives, or agents.

3.       "FTX Entities" means West Realm Shires Services, Inc., FTX Trading Ltd, Blockfolio, Inc., Alameda Research, LLC, and any of their affiliates, subsidiaries, divisions, segments, predecessors, successors, officers, directors, employees, representatives, or agents.

4.       "FTX Platform" refers to the FTX Entities' mobile application and/or web-based cryptocurrency investment service that places cryptocurrency trade orders on behalf of users.

5.       "YBAs" refers to the Yield-Bearing Accounts offered by the FTX Entities on the FTX Platform.

6.       "FTT" refers to the native cryptocurrency exchange token of the FTX Platform ecosystem.

7.       "Document(s)" means any written, printed, typed or other graphic matter, of any kind or nature, whether in hard copy or electronic format, whether the original, draft, or a copy and copies bearing notations or marks not found on the original, including but not limited to memoranda, reports, recommendations, notes, letters, envelopes, post-its, emails, telegrams, messages, manuscripts, studies, analyses, tests, comparisons, books, articles, pamphlets, magazines, newspapers, booklets, circulars, bulletins, notices, instructions, minutes, agreements, contracts, and all other written communications, of any type, including inter and

intra-office communications, purchase orders, invoices, bills, receipts, questionnaires, surveys, charts, graphs, videos, photographs, sketches, drawings, house sheets, tapes, voice messages or other recordings, print-outs or compilations from which information can be obtained or, if necessary, translated through detection devices into reasonably usable form, including all underlying or preparatory materials and drafts thereof.

8. Unless otherwise stated in a request, the time period for which you must respond is beginning in January 1, 2019 and ending at the present time.

9. "Person" or "People" means any natural person(s) or any business, legal, or governmental entity (or entities) or association(s).

10. All/Each – The terms "all" and "each" shall be construed as meaning either all or each as necessary to bring within the scope of the discovery request all responses that might otherwise be construed to be outside its scope.

11. Objections: Where an objection is made to any request, the objection shall state with specificity all grounds. Any ground not stated in an objection within the time provided by the Federal Rules of Civil Procedure, or by the Court's order, or any extensions thereof, shall be waived.

12. Whenever a reference to a business entity appears, the reference shall mean the business entity, its affiliated companies, partnerships, divisions, subdivisions, directors, officers, employees, agents, clients or other representatives of affiliated third parties.

## **INSTRUCTIONS**

1. Production of documents and items requested herein shall be made at the offices of The Moskowitz Law Firm, P.O. Box 141609, Coral Gables, FL 33114, or for hand deliveries at 251 Valencia Ave #141609, Coral Gables, FL 33114, or via electronic mail to the email

addresses provided in the signature blocks of the attorneys serving these requests.

2.      These requests shall include all documents that are in the possession, custody or control of Defendant or in the possession, custody or control of the present or former agents, representatives, or attorneys of Defendant, or any and all persons acting on the behalf of Defendant, or its present or former agents, representatives, or attorneys.

3.      For any document covered by a request that is withheld from production, Defendant shall provide the following information in the form of a privilege log:

        a.      the reasons and facts supporting any withholding;

        b.      the date such document was prepared;

        c.      the names, employment positions and addresses of the author or preparers of such document;

        d.      the names, employment positions, and the addresses of each person who received such document;

        e.      the title and a brief description of the document; and

        f.      the number of the request under which such document would be produced but for the objection.

4.      If any document responsive to a request has been destroyed, produce all documents describing or referencing:

        a.      the contents of the lost or destroyed document;

        b.      all locations in which any copy of the lost or destroyed document had been maintained;

        c.      the date of such loss or destruction;

        d.      the name of each person who ordered, authorized, and carried out

the destruction of any responsive document;

    e.    all document retention and destruction policies in effect at the time any requested document was destroyed; and

    f.    all efforts made to locate any responsive document alleged to have been lost.

5.    In producing the documents requested, indicate the specific request(s) pursuant to which document or group of documents is being produced.

6.    These requests should be deemed continuing, and supplemental productions should be provided as additional documents become available.

7.    All documents are to be produced in the following method:

    a)   Single page .TIFF

    b)   Color .jpg (Documents wherein reflection of importance relies on color, shall be produced in .jpg format)

    c)   OCR at document level (All documents are to be provided with searchable text files with the exception of the redacted portions of redacted documents)

    d)   Electronic documents and Emails are to be processed and converted from the electronic format to single page tiff

*Edwin Garrison, et al. v. Kevin Paffrath, et al.*
CASE NO. 23-21023-CIV-ALTONAGA/Damian

## <u>SEVEN REQUESTS FOR PRODUCTION</u>

***Please refer to the Definitions and Instructions when responding to these requests. To the extent that any of these requests seek information considered by Defendants to be confidential, Plaintiffs agree to enter into any reasonable confidentiality agreement with Defendants to protect such alleged confidential information.***

1.      All Documents and Communications, including contracts or agreements, regarding any business You (personally or through any entity owned by You, or any of Your or Your entities' affiliates, representatives, employees, or agents) conducted with the FTX Entities, including all documents and communications regarding any payments made to You (personally or to any entity owned by You, or any of Your or Your entities' affiliates, representatives, employees, or agents) in accordance with any such contract or agreement.

2.      All videos or other content You (personally or through any entity owned by You, or any of Your or Your entities' affiliates, representatives, employees, or agents) produced regarding, relating to, and/or mentioning the FTX platform, FTT, and/or YBAs, including videos or content that have been removed from their public-facing platforms.[1]

3.      All Documents and Communications, that show, evidence and/or relate to Defendant "targeting" Defendant's Florida audience, and Florida's FTX consumers.

4.      All Documents and Communications regarding any and all communications between You (personally or through any entity owned by You, or any of Your or Your entities'

---

[1] Any such videos and/or content either should still be saved on Defendants' hard drives and preserved for use in this litigation, or should still be on the private-facing portions of their social media platforms—for instance, Defendants could have set a video they posted on YouTube to "private" so it no longer is publicly viewable or searchable but is still posted on their account. "Spoliation is the destruction or significant alteration of evidence, or the failure to preserve property for another's use as evidence in pending or reasonably foreseeable litigation." *Graff v. Baja Marine Corp.*, 310 F. App'x 298, 301 (11th Cir. 2009). "The duty to preserve relevant evidence is triggered not only when litigation is pending, but also when it reasonably foreseeable to that party." *Title Cap. Mgmt., LLC v. Progress Residential, LLC*, No. 16-21882-CV, 2017 WL 5953428, at *4 (S.D. Fla. Sept. 29, 2017).

affiliates, representatives, employees, or agents) with the FTX Entities regarding promotion of FTT, YBAs or the FTX Platform.

5.      All Documents regarding any and all due diligence You (personally or through any entity owned by You, or any of Your or Your entities' affiliates, representatives, employees, or agents) conducted before promotion of FTT, YBAs or FTX Platform to the public.

6.      All Documents and Communications between You and any of the Co-Defendants in this Action regarding this lawsuit and/or the subject matter of this lawsuit, including the promotion of FTT, YBAs or the FTX Platform.

7.      All Documents that show, evidence and/or relate to Your purchases, ownership, or control of FTT, including any wallet addresses controlled by You related to your FTT holdings.

# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF FLORIDA
## MIAMI DIVISION

### CASE NO. 23-21023-CIV-ALTONAGA/Damian

**EDWIN GARRISON**, *et al.,* on behalf of
themselves and all others similarly situated,

     *Plaintiffs,*

v.

**KEVIN PAFFRATH, GRAHAM STEPHAN,
ANDREI JIKH, JASPREET SINGH, BRIAN
JUNG, JEREMY LEFEBVRE, TOM NASH,
BEN ARMSTRONG, ERIKA KULLBERG,
CREATORS AGENCY, LLC,**

     *Defendants.*

_____/

## <u>NOTICE OF TAKING THE VIDEOTAPED DEPOSITION OF</u>
## <u>DEFENDANT ERIKA KULLBERG</u>

Pursuant to Federal Rule of Civil Procedure 30, Plaintiff's counsel will take the deposition of the below-named person/entity on the date, time, and at the location indicated.

| | |
|---|---|
| **DEPONENT**: | Defendant Erika Kullberg |
| **DATE**: | June 29, 2023 |
| **TIME**: | 10:00am EST |
| **LOCATION**: | Zoom (contact counsel for details) |

The aforesaid deposition will be before a court reporter, an officer authorized by law to administer oaths and take depositions in the State of Florida. The deposition is being taken for the purpose of discovery, for use at trial, or both, or for such other purposes as are permitted under the Federal and Local Rules of Civil Procedure.

*Edwin Garrison, et al. v. Kevin Paffrath, et al.*
*CASE NO. 23-21023-CIV-ALTONAGA/Damian*

Dated: May 17, 2023                   Respectfully submitted,

**By:** */s/ Adam Moskowitz*
Adam M. Moskowitz
Florida Bar No. 984280
adam@moskowitz-law.com
Joseph M. Kaye
Florida Bar No. 117520
joseph@moskowitz-law.com
**THE MOSKOWITZ LAW FIRM, PLLC**
2 Alhambra Plaza, Suite 601
Coral Gables, FL 33134
Telephone: (305) 740-1423

**By:** */s/Stuart Z. Grossman*
Stuart Z. Grossman
Florida Bar No. 156113
Manuel A. Arteaga-Gomez
Florida Bar No. 18122
**GROSSMAN ROTH YAFFA COHEN, P.A.**
2525 Ponce de Leon Boulevard, Suite 1150
Coral Gables, FL 33134
Ph: 305-442-8666
Fx: 305-285-1668
szg@grossmanroth.com
aag@grossmanroth.com

**By:** */s/ Stephen Neal Zack*
Stephen Neal Zack
Florida Bar No. 145215
Tyler Ulrich
Florida Bar No. 94705
**BOIES SCHILLER FLEXNER LLP**
100 SE 2nd St., Suite 2800
Miami, FL 33131
Office: 305-539-8400
szack@bsfllp.com
tulrich@bsfllp.com

**By:** */s/ Jose Ferrer*
Jose Ferrer
Florida Bar No. 173746
Michelle Genet Bernstein
Florida Bar No. 1030736
**MARK MIGDAL HAYDEN LLP**
8 SW 8th Street, Suite 1999

*Edwin Garrison, et al. v. Kevin Paffrath, et al.*
*CASE NO. 23-21023-CIV-ALTONAGA/Damian*

Miami, FL 33130
Office: 305-374-0440
jose@markmigdal.com
michelle@markmigdal.com
eservice@markmigdal.com

*Co-Counsel for Plaintiffs and the Class*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the forgoing was filed on May 17,

2023, via Court's CM/ECF system, which will send notification to all attorneys of record.

By: */s/ Adam M. Moskowitz*
ADAM M. MOSKOWITZ

# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF FLORIDA
### MIAMI DIVISION

### CASE NO. 23-21023-CIV-ALTONAGA/Damian

**EDWIN GARRISON**, *et al.,* on behalf of
themselves and all others similarly situated,

      *Plaintiffs,*

*v.*

**KEVIN PAFFRATH, GRAHAM STEPHAN,
ANDREI JIKH, JASPREET SINGH, BRIAN
JUNG, JEREMY LEFEBVRE, TOM NASH,
BEN ARMSTRONG, ERIKA KULLBERG,
CREATORS AGENCY, LLC,**

      *Defendants.*

_____/

## PLAINTIFF'S FIRST SET OF SEVEN REQUESTS FOR PRODUCTION TO DEFENDANT ERIKA KULLBERG

      Plaintiff, pursuant to Fed. R. Civ. P. 26 and 34, requests that Defendant, Erika Kullberg

("Kullberg"), produce the documents requested in response to these seven requests.

      Dated: May 17, 2023                  Respectfully submitted,

                            **By: */s/ Adam Moskowitz*_____**
                            Adam M. Moskowitz
                            Florida Bar No. 984280
                            adam@moskowitz-law.com
                            Joseph M. Kaye
                            Florida Bar No. 117520
                            joseph@moskowitz-law.com
                            **THE MOSKOWITZ LAW FIRM, PLLC**
                            2 Alhambra Plaza, Suite 601
                            Coral Gables, FL 33134
                            Telephone: (305) 740-1423

                            **By: */s/Stuart Z. Grossman***
                            Stuart Z. Grossman
                            Florida Bar No. 156113
                            Manuel A. Arteaga-Gomez

*Edwin Garrison, et al. v. Kevin Paffrath, et al.*
*CASE NO. 23-21023-CIV-ALTONAGA/Damian*

Florida Bar No. 18122
**GROSSMAN ROTH YAFFA COHEN, P.A.**
2525 Ponce de Leon Boulevard, Suite 1150
Coral Gables, FL 33134
Ph: 305-442-8666
Fx: 305-285-1668
szg@grossmanroth.com
aag@grossmanroth.com

By: */s/ Stephen Neal Zack*
Stephen Neal Zack
Florida Bar No. 145215
Tyler Ulrich
Florida Bar No. 94705
**BOIES SCHILLER FLEXNER LLP**
100 SE 2nd St., Suite 2800
Miami, FL 33131
Office: 305-539-8400
szack@bsfllp.com
tulrich@bsfllp.com

By: */s/ Jose Ferrer*
Jose Ferrer
Florida Bar No. 173746
Michelle Genet Bernstein
Florida Bar No. 1030736
**MARK MIGDAL HAYDEN LLP**
8 SW 8th Street, Suite 1999
Miami, FL 33130
Office: 305-374-0440
jose@markmigdal.com
michelle@markmigdal.com
eservice@markmigdal.com

*Co-Counsel for Plaintiffs and the Class*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on May 17, 2023, a true and correct copy of the foregoing was sent via electronic mail to counsel for Defendants.

By: */s/ Adam M. Moskowitz*
ADAM M. MOSKOWITZ

<u>**DEFINITIONS AND INSTRUCTIONS**</u>

Unless otherwise specified, the terms set forth below have the following meanings:

1.      "Kullberg," "You," or "Your" means Defendant Erika Kullberg and any of her affiliates, representatives, or agents.

2.      "Co-Defendants" means any of the other Defendants sued in this Action, and any of their affiliates, subsidiaries, divisions, segments, predecessors, successors, officers, directors, employees, representatives, or agents.

3.      "FTX Entities" means West Realm Shires Services, Inc., FTX Trading Ltd, Blockfolio, Inc., Alameda Research, LLC, and any of their affiliates, subsidiaries, divisions, segments, predecessors, successors, officers, directors, employees, representatives, or agents.

4.      "FTX Platform" refers to the FTX Entities' mobile application and/or web-based cryptocurrency investment service that places cryptocurrency trade orders on behalf of users.

5.      "YBAs" refers to the Yield-Bearing Accounts offered by the FTX Entities on the FTX Platform.

6.      "FTT" refers to the native cryptocurrency exchange token of the FTX Platform ecosystem.

7.      "Document(s)" means any written, printed, typed or other graphic matter, of any kind or nature, whether in hard copy or electronic format, whether the original, draft, or a copy and copies bearing notations or marks not found on the original, including but not limited to memoranda, reports, recommendations, notes, letters, envelopes, post-its, emails, telegrams, messages, manuscripts, studies, analyses, tests, comparisons, books, articles, pamphlets, magazines, newspapers, booklets, circulars, bulletins, notices, instructions, minutes, agreements, contracts, and all other written communications, of any type, including inter and

intra-office communications, purchase orders, invoices, bills, receipts, questionnaires, surveys, charts, graphs, videos, photographs, sketches, drawings, house sheets, tapes, voice messages or other recordings, print-outs or compilations from which information can be obtained or, if necessary, translated through detection devices into reasonably usable form, including all underlying or preparatory materials and drafts thereof.

8.      Unless otherwise stated in a request, the time period for which you must respond is beginning in January 1, 2019 and ending at the present time.

9.      "Person" or "People" means any natural person(s) or any business, legal, or governmental entity (or entities) or association(s).

10.     All/Each – The terms "all" and "each" shall be construed as meaning either all or each as necessary to bring within the scope of the discovery request all responses that might otherwise be construed to be outside its scope.

11.     Objections: Where an objection is made to any request, the objection shall state with specificity all grounds. Any ground not stated in an objection within the time provided by the Federal Rules of Civil Procedure, or by the Court's order, or any extensions thereof, shall be waived.

12.     Whenever a reference to a business entity appears, the reference shall mean the business entity, its affiliated companies, partnerships, divisions, subdivisions, directors, officers, employees, agents, clients or other representatives of affiliated third parties.

## **INSTRUCTIONS**

1.      Production of documents and items requested herein shall be made at the offices of The Moskowitz Law Firm, P.O. Box 141609, Coral Gables, FL 33114, or for hand deliveries at 251 Valencia Ave #141609, Coral Gables, FL 33114, or via electronic mail to the email

addresses provided in the signature blocks of the attorneys serving these requests.

2.      These requests shall include all documents that are in the possession, custody or control of Defendant or in the possession, custody or control of the present or former agents, representatives, or attorneys of Defendant, or any and all persons acting on the behalf of Defendant, or its present or former agents, representatives, or attorneys.

3.      For any document covered by a request that is withheld from production, Defendant shall provide the following information in the form of a privilege log:

        a.      the reasons and facts supporting any withholding;

        b.      the date such document was prepared;

        c.      the names, employment positions and addresses of the author or preparers of such document;

        d.      the names, employment positions, and the addresses of each person who received such document;

        e.      the title and a brief description of the document; and

        f.      the number of the request under which such document would be produced but for the objection.

4.      If any document responsive to a request has been destroyed, produce all documents describing or referencing:

        a.      the contents of the lost or destroyed document;

        b.      all locations in which any copy of the lost or destroyed document had been maintained;

        c.      the date of such loss or destruction;

        d.      the name of each person who ordered, authorized, and carried out

the destruction of any responsive document;

    e.    all document retention and destruction policies in effect at the time any requested document was destroyed; and

    f.    all efforts made to locate any responsive document alleged to have been lost.

5.    In producing the documents requested, indicate the specific request(s) pursuant to which document or group of documents is being produced.

6.    These requests should be deemed continuing, and supplemental productions should be provided as additional documents become available.

7.    All documents are to be produced in the following method:

    a)    Single page .TIFF

    b)    Color .jpg (Documents wherein reflection of importance relies on color, shall be produced in .jpg format)

    c)    OCR at document level (All documents are to be provided with searchable text files with the exception of the redacted portions of redacted documents)

    d)    Electronic documents and Emails are to be processed and converted from the electronic format to single page tiff

## <u>SEVEN REQUESTS FOR PRODUCTION</u>

***Please refer to the Definitions and Instructions when responding to these requests. To the
extent that any of these requests seek information considered by Defendants to be
confidential, Plaintiffs agree to enter into any reasonable confidentiality agreement with
Defendants to protect such alleged confidential information.***

1.      All Documents and Communications, including contracts or agreements,
regarding any business You (personally or through any entity owned by You, or any of Your or
Your entities' affiliates, representatives, employees, or agents) conducted with the FTX Entities,
including all documents and communications regarding any payments made to You (personally
or to any entity owned by You, or any of Your or Your entities' affiliates, representatives,
employees, or agents) in accordance with any such contract or agreement.

2.      All videos or other content You (personally or through any entity owned by You,
or any of Your or Your entities' affiliates, representatives, employees, or agents) produced
regarding, relating to, and/or mentioning the FTX platform, FTT, and/or YBAs, including videos
or content that have been removed from their public-facing platforms.[1]

3.      All Documents and Communications, that show, evidence and/or relate to
Defendant "targeting" Defendant's Florida audience, and Florida's FTX consumers.

4.      All Documents and Communications regarding any and all communications
between You (personally or through any entity owned by You, or any of Your or Your entities'

---

[1] Any such videos and/or content either should still be saved on Defendants' hard drives and
preserved for use in this litigation, or should still be on the private-facing portions of their social
media platforms—for instance, Defendants could have set a video they posted on YouTube to
"private" so it no longer is publicly viewable or searchable but is still posted on their account.
"Spoliation is the destruction or significant alteration of evidence, or the failure to preserve
property for another's use as evidence in pending or reasonably foreseeable litigation." *Graff v.
Baja Marine Corp*., 310 F. App'x 298, 301 (11th Cir. 2009). "The duty to preserve relevant
evidence is triggered not only when litigation is pending, but also when it reasonably foreseeable
to that party." *Title Cap. Mgmt., LLC v. Progress Residential, LLC*, No. 16-21882-CV, 2017 WL
5953428, at *4 (S.D. Fla. Sept. 29, 2017).

affiliates, representatives, employees, or agents) with the FTX Entities regarding promotion of FTT, YBAs or the FTX Platform.

5.   All Documents regarding any and all due diligence You (personally or through any entity owned by You, or any of Your or Your entities' affiliates, representatives, employees, or agents) conducted before promotion of FTT, YBAs or FTX Platform to the public.

6.   All Documents and Communications between You and any of the Co-Defendants in this Action regarding this lawsuit and/or the subject matter of this lawsuit, including the promotion of FTT, YBAs or the FTX Platform.

7.   All Documents that show, evidence and/or relate to Your purchases, ownership, or control of FTT, including any wallet addresses controlled by You related to your FTT holdings.

# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF FLORIDA
## MIAMI DIVISION

### CASE NO. 23-21023-CIV-ALTONAGA/Damian

**EDWIN GARRISON**, *et al.,* on behalf of
themselves and all others similarly situated,

      *Plaintiffs,*

*v.*

**KEVIN PAFFRATH, GRAHAM STEPHAN,
ANDREI JIKH, JASPREET SINGH, BRIAN
JUNG, JEREMY LEFEBVRE, TOM NASH,
BEN ARMSTRONG, ERIKA KULLBERG,
CREATORS AGENCY, LLC,**

      *Defendants.*

_____/

## NOTICE OF TAKING THE VIDEOTAPED DEPOSITION OF DEFENDANT
## CREATORS AGENCY, LLC'S RULE 30(b)(6) REPRESENTATIVE(S)

Pursuant to Federal Rule of Civil Procedure 30(b)(6), Plaintiff's counsel will take the

deposition of the below-named person/entity on the date, time, and at the location indicated.

| | |
|---|---|
| **DEPONENT**: | Defendant Creators Agency, LLC, (the "Creators"), by and through Creators' corporate representative(s) with knowledge of the eight topics listed in **Exhibit A,** pursuant to Federal Rule of Civil Procedure 30(b)(6). |
| **DATE**: | June 30, 2023 |
| **TIME**: | 10:00am EST |
| **LOCATION**: | Zoom (contact counsel for details) |

The aforesaid deposition will be before a court reporter, an officer authorized by law to

administer oaths and take depositions in the State of Florida.  The deposition is being taken for the

purpose of discovery, for use at trial, or both, or for such other purposes as are permitted under the

Federal and Local Rules of Civil Procedure.

Pursuant to Federal Rule of Civil Procedure 30(b)(6), Defendant Creators Agency, LLC

(the "Creators") shall both designate one or more officers, directors, managing agents, or other

persons to testify on its behalf on each topic listed on **Exhibit A** attached hereto.

Dated: May 17, 2023                Respectfully submitted,

By: */s/ Adam Moskowitz*
Adam M. Moskowitz
Florida Bar No. 984280
adam@moskowitz-law.com
Joseph M. Kaye
Florida Bar No. 117520
joseph@moskowitz-law.com
**THE MOSKOWITZ LAW FIRM, PLLC**
2 Alhambra Plaza, Suite 601
Coral Gables, FL 33134
Telephone: (305) 740-1423

By: */s/Stuart Z. Grossman*
Stuart Z. Grossman
Florida Bar No. 156113
Manuel A. Arteaga-Gomez
Florida Bar No. 18122
**GROSSMAN ROTH YAFFA COHEN, P.A.**
2525 Ponce de Leon Boulevard, Suite 1150
Coral Gables, FL 33134
Ph: 305-442-8666
Fx: 305-285-1668
szg@grossmanroth.com
aag@grossmanroth.com

By: */s/ Stephen Neal Zack*
Stephen Neal Zack
Florida Bar No. 145215
Tyler Ulrich
Florida Bar No. 94705
**BOIES SCHILLER FLEXNER LLP**
100 SE 2nd St., Suite 2800
Miami, FL 33131
Office: 305-539-8400
szack@bsfllp.com
tulrich@bsfllp.com

*Edwin Garrison, et al. v. Kevin Paffrath, et al.*
*CASE NO. 23-21023-CIV-ALTONAGA/Damian*

**By: */s/ Jose Ferrer*
Jose Ferrer
Florida Bar No. 173746
Michelle Genet Bernstein
Florida Bar No. 1030736
**MARK MIGDAL HAYDEN LLP**
8 SW 8th Street, Suite 1999
Miami, FL 33130
Office: 305-374-0440
jose@markmigdal.com
michelle@markmigdal.com
eservice@markmigdal.com

*Co-Counsel for Plaintiffs and the Class*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the forgoing was filed on May 17,

2023, via Court's CM/ECF system, which will send notification to all attorneys of record.


By: */s/ Adam M. Moskowitz*_____
ADAM M. MOSKOWITZ

# EXHIBIT A

## I. <u>DEFINITIONS AND INSTRUCTIONS</u>

Unless otherwise specified, the terms set forth below have the following meanings:

1.　　"CA," "You," or "Your" means Defendant Creators Agency LLC and any of its affiliates, subsidiaries, divisions, segments, predecessors, successors, officers, directors, employees, representatives, or agents.

2.　　"Co-Defendants" means any of the other Defendants sued in this Action, and any of their affiliates, subsidiaries, divisions, segments, predecessors, successors, officers, directors, employees, representatives, or agents.

3.　　"FTX Entities" means West Realm Shires Services, Inc., FTX Trading Ltd, Blockfolio, Inc., Alameda Research, LLC, and any of their affiliates, subsidiaries, divisions, segments, predecessors, successors, officers, directors, employees, representatives, or agents.

4.　　"FTX Platform" refers to the FTX Entities' mobile application and/or web-based cryptocurrency investment service that places cryptocurrency trade orders on behalf of users.

5.　　"YBAs" refers to the Yield-Bearing Accounts offered by the FTX Entities on the FTX Platform.

6.　　"FTT" refers to the native cryptocurrency exchange token of the FTX Platform ecosystem.

7.　　"Document(s)" means any written, printed, typed or other graphic matter, of any kind or nature, whether in hard copy or electronic format, whether the original, draft, or a copy and copies bearing notations or marks not found on the original, including but not limited to memoranda, reports, recommendations, notes, letters, envelopes, post-its, emails, telegrams, messages, manuscripts, studies, analyses, tests, comparisons, books, articles, pamphlets,

magazines, newspapers, booklets, circulars, bulletins, notices, instructions, minutes, agreements, contracts, and all other written communications, of any type, including inter and intra-office communications, purchase orders, invoices, bills, receipts, questionnaires, surveys, charts, graphs, videos, photographs, sketches, drawings, house sheets, tapes, voice messages or other recordings, print-outs or compilations from which information can be obtained or, if necessary, translated through detection devices into reasonably usable form, including all underlying or preparatory materials and drafts thereof.

8.      "Person" or "People" means any natural person(s) or any business, legal, or governmental entity (or entities) or association(s).

9.      All/Each – The terms "all" and "each" shall be construed as meaning either all or each as necessary to bring within the scope of the discovery request all responses that might otherwise be construed to be outside its scope.

10.     Objections: Where an objection is made to any request, the objection shall state with specificity all grounds. Any ground not stated in an objection within the time provided by the Federal Rules of Civil Procedure, or by the Court's order, or any extensions thereof, shall be waived.

11.     Whenever a reference to a business entity appears, the reference shall mean the business entity, its affiliated companies, partnerships, divisions, subdivisions, directors, officers, employees, agents, clients or other representatives of affiliated third parties.

12.     Unless otherwise stated in a request, the time period for which you must respond is beginning in January 1, 2019 and ending at the present time.

## II. EIGHT DEPOSITION SUBJECTS

Pursuant to Rule 30(b)(6), CA shall designate and produce for deposition one or more of
its officers, directors, managing agents, or other persons who are knowledgeable about and consent
to testify on its behalf concerning the following subject matters:

1.    All Documents and responses provided in response to Plaintiffs' request for
production, dated and served on May 18, 2023.

2.    All Documents and Communications, including contracts or agreements,
regarding any business You (personally or through any entity owned by You, or any of Your or
Your entities' affiliates, representatives, employees, or agents) conducted with the FTX Entities,
including all documents and communications regarding any payments made to You (personally
or to any entity owned by You, or any of Your or Your entities' affiliates, representatives,
employees, or agents) in accordance with any such contract or agreement.

3.    All videos or other content You (personally or through any entity owned by You,
or any of Your or Your entities' affiliates, representatives, employees, or agents) produced
regarding, relating to, and/or mentioning the FTX platform, FTT, and/or YBAs, including videos
or content that have been removed from their public-facing platforms.[1]

4.    All Documents and Communications, that show, evidence and/or relate to
Defendant "targeting" Defendant's Florida audience, and Florida's FTX consumers.

---

[1] Any such videos and/or content either should still be saved on Defendants' hard drives and
preserved for use in this litigation, or should still be on the private-facing portions of their social
media platforms—for instance, Defendants could have set a video they posted on YouTube to
"private" so it no longer is publicly viewable or searchable but is still posted on their account.
"Spoliation is the destruction or significant alteration of evidence, or the failure to preserve
property for another's use as evidence in pending or reasonably foreseeable litigation." *Graff v.
Baja Marine Corp.*, 310 F. App'x 298, 301 (11th Cir. 2009). "The duty to preserve relevant
evidence is triggered not only when litigation is pending, but also when it reasonably foreseeable
to that party." *Title Cap. Mgmt., LLC v. Progress Residential, LLC*, No. 16-21882-CV, 2017 WL
5953428, at *4 (S.D. Fla. Sept. 29, 2017).

5.      All Documents and Communications regarding any and all communications between You (personally or through any entity owned by You, or any of Your or Your entities' affiliates, representatives, employees, or agents) with the FTX Entities regarding promotion of FTT, YBAs or the FTX Platform.

6.      All Documents regarding any and all due diligence You (personally or through any entity owned by You, or any of Your or Your entities' affiliates, representatives, employees, or agents) conducted before promotion of FTT, YBAs or FTX Platform to the public.

7.      All Documents and Communications between You and any of the Co-Defendants in this Action regarding this lawsuit and/or the subject matter of this lawsuit, including the promotion of FTT, YBAs or the FTX Platform.

8.      All Documents that show, evidence and/or relate to Your purchases, ownership, or control of FTT, including any wallet addresses controlled by You related to your FTT holdings.

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

CASE NO. 23-21023-CIV-ALTONAGA/Damian

EDWIN GARRISON, *et al.,* on behalf of
themselves and all others similarly situated,

     *Plaintiffs,*

v.

KEVIN PAFFRATH, GRAHAM STEPHAN,
ANDREI JIKH, JASPREET SINGH, BRIAN
JUNG, JEREMY LEFEBVRE, TOM NASH,
BEN ARMSTRONG, ERIKA KULLBERG,
CREATORS AGENCY, LLC,

     *Defendants.*

_____/

### PLAINTIFF'S FIRST SET OF SEVEN REQUESTS FOR PRODUCTION TO DEFENDANT CREATORS AGENCY LLC

Plaintiff, pursuant to Fed. R. Civ. P. 26 and 34, requests that Defendant, Creators Agency

LLC ("CA"), produce the documents requested in response to these seven requests.

Dated: May 17, 2023          Respectfully submitted,

By: */s/ Adam Moskowitz*_____
Adam M. Moskowitz
Florida Bar No. 984280
adam@moskowitz-law.com
Joseph M. Kaye
Florida Bar No. 117520
joseph@moskowitz-law.com
**THE MOSKOWITZ LAW FIRM, PLLC**
2 Alhambra Plaza, Suite 601
Coral Gables, FL 33134
Telephone: (305) 740-1423

By: */s/Stuart Z. Grossman*
Stuart Z. Grossman
Florida Bar No. 156113
Manuel A. Arteaga-Gomez

*Edwin Garrison, et al. v. Kevin Paffrath, et al.*
*CASE NO. 23-21023-CIV-ALTONAGA/Damian*

Florida Bar No. 18122
**GROSSMAN ROTH YAFFA COHEN, P.A.**
2525 Ponce de Leon Boulevard, Suite 1150
Coral Gables, FL 33134
Ph: 305-442-8666
Fx: 305-285-1668
szg@grossmanroth.com
aag@grossmanroth.com

**By:** */s/ Stephen Neal Zack*
Stephen Neal Zack
Florida Bar No. 145215
Tyler Ulrich
Florida Bar No. 94705
**BOIES SCHILLER FLEXNER LLP**
100 SE 2nd St., Suite 2800
Miami, FL 33131
Office: 305-539-8400
szack@bsfllp.com
tulrich@bsfllp.com

**By:** */s/ Jose Ferrer*
Jose Ferrer
Florida Bar No. 173746
Michelle Genet Bernstein
Florida Bar No. 1030736
**MARK MIGDAL HAYDEN LLP**
8 SW 8th Street, Suite 1999
Miami, FL 33130
Office: 305-374-0440
jose@markmigdal.com
michelle@markmigdal.com
eservice@markmigdal.com

*Co-Counsel for Plaintiffs and the Class*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on May 17, 2023, a true and correct copy of the foregoing was

sent via electronic mail to counsel for Defendants.

By: */s/ Adam M. Moskowitz*
ADAM M. MOSKOWITZ

## <u>DEFINITIONS AND INSTRUCTIONS</u>

Unless otherwise specified, the terms set forth below have the following meanings:

1.       "CA," "You," or "Your" means Defendant Creators Agency LLC and any of its affiliates, subsidiaries, divisions, segments, predecessors, successors, officers, directors, employees, representatives, or agents.

2.       "Co-Defendants" means any of the other Defendants sued in this Action, and any of their affiliates, subsidiaries, divisions, segments, predecessors, successors, officers, directors, employees, representatives, or agents.

3.       "FTX Entities" means West Realm Shires Services, Inc., FTX Trading Ltd, Blockfolio, Inc., Alameda Research, LLC, and any of their affiliates, subsidiaries, divisions, segments, predecessors, successors, officers, directors, employees, representatives, or agents.

4.       "FTX Platform" refers to the FTX Entities' mobile application and/or web-based cryptocurrency investment service that places cryptocurrency trade orders on behalf of users.

5.       "YBAs" refers to the Yield-Bearing Accounts offered by the FTX Entities on the FTX Platform.

6.       "FTT" refers to the native cryptocurrency exchange token of the FTX Platform ecosystem.

7.       "Document(s)" means any written, printed, typed or other graphic matter, of any kind or nature, whether in hard copy or electronic format, whether the original, draft, or a copy and copies bearing notations or marks not found on the original, including but not limited to memoranda, reports, recommendations, notes, letters, envelopes, post-its, emails, telegrams, messages, manuscripts, studies, analyses, tests, comparisons, books, articles, pamphlets, magazines, newspapers, booklets, circulars, bulletins, notices, instructions, minutes,

3

agreements, contracts, and all other written communications, of any type, including inter and intra-office communications, purchase orders, invoices, bills, receipts, questionnaires, surveys, charts, graphs, videos, photographs, sketches, drawings, house sheets, tapes, voice messages or other recordings, print-outs or compilations from which information can be obtained or, if necessary, translated through detection devices into reasonably usable form, including all underlying or preparatory materials and drafts thereof.

8.      Unless otherwise stated in a request, the time period for which you must respond is beginning in January 1, 2019 and ending at the present time.

9.      "Person" or "People" means any natural person(s) or any business, legal, or governmental entity (or entities) or association(s).

10.      All/Each – The terms "all" and "each" shall be construed as meaning either all or each as necessary to bring within the scope of the discovery request all responses that might otherwise be construed to be outside its scope.

11.      Objections: Where an objection is made to any request, the objection shall state with specificity all grounds. Any ground not stated in an objection within the time provided by the Federal Rules of Civil Procedure, or by the Court's order, or any extensions thereof, shall be waived.

12.      Whenever a reference to a business entity appears, the reference shall mean the business entity, its affiliated companies, partnerships, divisions, subdivisions, directors, officers, employees, agents, clients or other representatives of affiliated third parties.

## **<u>INSTRUCTIONS</u>**

1.      Production of documents and items requested herein shall be made at the offices of The Moskowitz Law Firm, P.O. Box 141609, Coral Gables, FL 33114, or for hand deliveries

at 251 Valencia Ave #141609, Coral Gables, FL 33114, or via electronic mail to the email addresses provided in the signature blocks of the attorneys serving these requests.

2.   These requests shall include all documents that are in the possession, custody or control of Defendant or in the possession, custody or control of the present or former agents, representatives, or attorneys of Defendant, or any and all persons acting on the behalf of Defendant, or its present or former agents, representatives, or attorneys.

3.   For any document covered by a request that is withheld from production, Defendant shall provide the following information in the form of a privilege log:

      a.   the reasons and facts supporting any withholding;

      b.   the date such document was prepared;

      c.   the names, employment positions and addresses of the author or preparers of such document;

      d.   the names, employment positions, and the addresses of each person who received such document;

      e.   the title and a brief description of the document; and

      f.   the number of the request under which such document would be produced but for the objection.

4.   If any document responsive to a request has been destroyed, produce all documents describing or referencing:

      a.   the contents of the lost or destroyed document;

      b.   all locations in which any copy of the lost or destroyed document had been maintained;

      c.   the date of such loss or destruction;

> d.    the name of each person who ordered, authorized, and carried out the destruction of any responsive document;
>
> e.    all document retention and destruction policies in effect at the time any requested document was destroyed; and
>
> f.    all efforts made to locate any responsive document alleged to have been lost.

5.    In producing the documents requested, indicate the specific request(s) pursuant to which document or group of documents is being produced.

6.    These requests should be deemed continuing, and supplemental productions should be provided as additional documents become available.

7.    All documents are to be produced in the following method:

   a)  Single page .TIFF

   b)  Color .jpg (Documents wherein reflection of importance relies on color, shall be produced in .jpg format)

   c)  OCR at document level (All documents are to be provided with searchable text files with the exception of the redacted portions of redacted documents)

   d)  Electronic documents and Emails are to be processed and converted from the electronic format to single page tiff

*Edwin Garrison, et al. v. Kevin Paffrath, et al.*
*CASE NO. 23-21023-CIV-ALTONAGA/Damian*

## <u>SEVEN REQUESTS FOR PRODUCTION</u>

***Please refer to the Definitions and Instructions when responding to these requests. To the extent that any of these requests seek information considered by Defendants to be confidential, Plaintiffs agree to enter into any reasonable confidentiality agreement with Defendants to protect such alleged confidential information.***

1.      All Documents and Communications, including contracts or agreements, regarding any business You (personally or through any entity owned by You, or any of Your or Your entities' affiliates, representatives, employees, or agents) conducted with the FTX Entities, including all documents and communications regarding any payments made to You (personally or to any entity owned by You, or any of Your or Your entities' affiliates, representatives, employees, or agents) in accordance with any such contract or agreement.

2.      All videos or other content You (personally or through any entity owned by You, or any of Your or Your entities' affiliates, representatives, employees, or agents) produced regarding, relating to, and/or mentioning the FTX platform, FTT, and/or YBAs, including videos or content that have been removed from their public-facing platforms.[1]

3.      All Documents and Communications, that show, evidence and/or relate to Defendant "targeting" Defendant's Florida audience, and Florida's FTX consumers.

4.      All Documents and Communications regarding any and all communications between You (personally or through any entity owned by You, or any of Your or Your entities'

---

[1] Any such videos and/or content either should still be saved on Defendants' hard drives and preserved for use in this litigation, or should still be on the private-facing portions of their social media platforms—for instance, Defendants could have set a video they posted on YouTube to "private" so it no longer is publicly viewable or searchable but is still posted on their account. "Spoliation is the destruction or significant alteration of evidence, or the failure to preserve property for another's use as evidence in pending or reasonably foreseeable litigation." *Graff v. Baja Marine Corp.*, 310 F. App'x 298, 301 (11th Cir. 2009). "The duty to preserve relevant evidence is triggered not only when litigation is pending, but also when it reasonably foreseeable to that party." *Title Cap. Mgmt., LLC v. Progress Residential, LLC*, No. 16-21882-CV, 2017 WL 5953428, at *4 (S.D. Fla. Sept. 29, 2017).

affiliates, representatives, employees, or agents) with the FTX Entities regarding promotion of FTT, YBAs or the FTX Platform.

5. All Documents regarding any and all due diligence You (personally or through any entity owned by You, or any of Your or Your entities' affiliates, representatives, employees, or agents) conducted before promotion of FTT, YBAs or FTX Platform to the public.

6. All Documents and Communications between You and any of the Co-Defendants in this Action regarding this lawsuit and/or the subject matter of this lawsuit, including the promotion of FTT, YBAs or the FTX Platform.

7. All Documents that show, evidence and/or relate to Your purchases, ownership, or control of FTT, including any wallet addresses controlled by You related to your FTT holdings.

# Exhibit C

**PLAINTIFFS' OMNIBUS MOTION TO LIFT DISCOVERY STAY AND FOR LEAVE TO CONDUCT JURISDICTIONAL DISCOVERY, AND, IF NECESSARY TO AMEND THEIR COMPLAINTS WITH ANY FACTS ARISING FROM SUCH DISCOVERY**

# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF FLORIDA

### CASE NO. 23-21023-CIV-ALTONAGA/Damian

**EDWIN GARRISON**, *et al.*,

      Plaintiffs,

v.

**KEVIN PAFFRATH**, *et al.*,

      Defendants.

_____/

### <u>ORDER</u>

**THIS CAUSE** came before the Court upon the parties' Joint Report [ECF No. 93] in response to the Court's May 16, 2023 Order [ECF No. 88].  The parties state that they have conferred but have different proposals as to how the Court should proceed on issues of jurisdictional discovery and service.  (*See* Joint Report 1).

With respect to jurisdictional discovery, Plaintiffs have already served Defendants with "7 very narrow requests for production . . . and notices for one brief Zoom deposition of each Defendant[,]" which Plaintiffs believe should not create "any unreasonable burdens for any party." (*Id.* 3 (alterations added)).  Defendants oppose any jurisdictional discovery, arguing that Plaintiffs have "failed to make a prima facie case for personal jurisdiction over any Defendant."  (*Id.* 5).  If the Court permits jurisdictional discovery, Defendants propose a schedule lasting approximately two months.  (*See id.* 5–6).

Three of the parties previously contesting the sufficiency of service have agreed to accept service of process through waiver.  (*See id.* 7).  The parties have not reached agreement on the issue of service with respect to Defendant Erika Kullberg, who maintains that service was improper.  (*See id.* 7).  Plaintiffs request that to the extent Kullberg refuses to authorize her counsel

to accept service on her behalf, that the Court authorize Plaintiffs to serve her through email to her counsel. (*See id.* 2–3 (noting that Defendant Kullberg's "whereabouts are unknown but may be currently outside of the United States" (footnote call number omitted)).

The Court finds that jurisdictional discovery is appropriate; additional jurisdictional facts need not be alleged in Plaintiffs' pleading. Being fully advised, it is

**ORDERED** as follows:

1. Erika Kullberg has until **May 30, 2023** to file a motion challenging the sufficiency of service.

2. The parties have until **May 22, 2023** to serve written jurisdictional discovery requests.

3. Objections to written jurisdictional discovery requests — following proper conferral with opposing counsel — must be exchanged by **May 29, 2023**. Should any objections be served and not resolved by conferral, the moving party or parties shall contact Magistrate Judge Melissa Damian by **June 1, 2023** to arrange a date and time for a discovery hearing.

4. The parties shall complete document production related to personal jurisdiction and answers to interrogatories in response to jurisdictional discovery requests by **June 12, 2023**.

5. Defendants and Plaintiffs shall complete any depositions related to jurisdictional discovery by **June 23, 2023**.

6. Plaintiffs have until **June 30, 2023** to file an amended complaint or a notice advising they intend to proceed with the Complaint [ECF No. 1].

CASE NO. 23-21023-CIV-ALTONAGA/Damian

7. Defendants have until **July 18, 2023** to file a combined motion to dismiss for lack of personal jurisdiction and/or to transfer venue, or a notice that they are withdrawing their challenge to personal jurisdiction and/or venue. **No extensions of time will be given for response and reply memoranda.**

8. No answers to the Complaint or motions to dismiss under Federal Rule of Civil Procedure 12(b)(6) shall be filed until after Defendants either file a motion to dismiss for lack of personal jurisdiction and/or to transfer venue or notice that they are withdrawing their challenge to personal jurisdiction and/or venue.

**DONE AND ORDERED** in Miami, Florida, this 19th day of May, 2023.

_Cecilia M. Altonaga_

**CECILIA M. ALTONAGA**
**CHIEF UNITED STATES DISTRICT JUDGE**

cc:     counsel of record

# Composite

# Exhibit D

**PLAINTIFFS' OMNIBUS MOTION TO LIFT DISCOVERY STAY
AND FOR LEAVE TO CONDUCT JURISDICTIONAL DISCOVERY,
AND, IF NECESSARY TO AMEND THEIR COMPLAINTS WITH
ANY FACTS ARISING FROM SUCH DISCOVERY**

(Part 1 of 3)

# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF FLORIDA
# MDL No. 3076
# CASE NO. 1:23-md-03076-KMM

In Re: FTX Cryptocurrency Exchange Collapse Litigation

## PLAINTIFFS' SECOND SET OF INTERROGATORIES TO DEFENDANTS HASLEM, CURRY, DAVID, GOLDEN STATE WARRIORS, OSAKA, SOLOMID CORPORATION, STEPHAN, JIKH, KULLBERG, SINGH, JUNG, LEFEBVRE, AND CREATORS AGENCY, LLC

Plaintiffs, pursuant to Fed. R. Civ. P. 26 and 33, and Rule 26.1 of the Local Rules of the Southern District of Florida, request that Defendants Udonis Haslem, Stephen Curry, Naomi Osaka, Lawrence Gene David, Solomid Corporation, Golden State Warriors, LLC, Graham Stephan, Andrei Jikh, Erika Kullberg, Jaspreet Singh, Brian Jung, Jeremy Lefebvre, and Creators Agency, LLC, respectively respond, in writing and under oath, to the following interrogatories, within the time prescribed by such rules.

Respectfully submitted on November ___, 2023.

| **Plaintiffs' Co-Lead Counsel** | |
|---|---|
| By: */s/ Adam Moskowitz*<br>Adam M. Moskowitz<br>Florida Bar No. 984280<br>Joseph M. Kaye<br>Florida Bar No. 117520<br>**THE MOSKOWITZ LAW FIRM, PLLC**<br>Continental Plaza<br>3250 Mary Street, Suite 202<br>Coconut Grove, FL 33133<br>Office: (305) 740-1423<br>adam@moskowitz-law.com<br>joseph@moskowitz-law.com<br>service@moskowitz-law.com | By: */s/ David Boies*<br>David Boies<br>Alex Boies<br>Brooke Alexander<br>**BOIES SCHILLER FLEXNER LLP**<br>333 Main Street<br>Armonk, NY 10504<br>Office: (914) 749-8200<br>dboies@bsfllp.com<br>aboies@bsfllp.com<br>balexander@bsfllp.com |

| Committee Members | |
|---|---|
| K. Rachel Lanier<br>Alex J. Brown<br>**The LANIER LAW FIRM, P.C.**<br>10940 W. Sam Houston Pkwy N<br>Houston, TX 77064<br>Telephone: (713) 659-5200<br>Facsimile: (713) 659-2204<br>Rachel.Lanier@lanierlawfirm.com<br>Alex.Brown@lanierlawfirm.com | Barbara C. Lewis<br>Florida Bar No. 118114<br>**THE MOSKOWITZ LAW FIRM, PLLC**<br>Continental Plaza<br>3250 Mary Street, Suite 202<br>Coconut Grove, FL 33133<br>Office: (305) 740-1423<br>Barbara@moskowitz-law.com |

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on November ___, 2023, a true and correct copy of the foregoing was served via email to all counsel of record.

By: */s/ Adam Moskowitz*
Adam M. Moskowitz

## DEFINITIONS

Unless otherwise specified, the terms set forth below have the following meanings:

1.       "FTX Entities" refers to FTX Trading and/or FTX US.

2.       "FTX Trading" refers to FTX Trading Ltd. d/b/a FTX Trading, including, but not limited to, its past and present subsidiaries, affiliates, divisions, segments (including any mobile application and/or web-based cryptocurrency investment services or trading platform, such as FTX.com), predecessors (including acquired entities or lines of business such as Blockfolio, Inc.), successors, directors, officers, employees, representatives and/or agents.

3.       "FTX US" refers to West Realm Shires Services Inc. d/b/a FTX US, including, but not limited to, its past and present subsidiaries, affiliates, divisions, segments (including any mobile application and/or web-based cryptocurrency investment services or platform, such as FTX.com), predecessors (including acquired entities or lines of business such as Blockfolio, Inc.), successors, directors, officers, employees, representatives and/or agents.

4.       "FTX Platform" refers to the FTX Entities' mobile application and/or web-based cryptocurrency investment service that places cryptocurrency trade orders on behalf of users.

5.       "Person" or "People" refers to any natural person(s) or any business, legal, or governmental entity (or entities) or association(s).

6.       "Alameda" refers to Alameda Research LLC, including, but not limited to, its past and present subsidiaries, affiliates, divisions, segments (including any mobile application and/or web-based cryptocurrency investment services or trading platform), predecessors (including acquired entities or lines of business), successors, directors, officers, employees, representatives and/or agents.

7.       All/Each and And/Or – The terms "all", "each", "and" and "or" shall be construed as meaning either all or each as necessary, or conjunctively, to bring within the scope of the discovery request all responses that might otherwise be construed to be outside its scope.

8.      "FTT" refers to the native cryptocurrency exchange token of the FTX Platform ecosystem.

9.      "Communication" refers to the transmittal of information in the form of facts, ideas, inquiries or otherwise, and whether orally or in writing, or by any other means or medium, including in person, electronically and/or by exchange or communication of any document.

10.     "Concerning" means relating to, referring to, describing, evidencing or constituting.

11.     "Defendants" refers to any and all persons and/or entities named as defendants in any of the actions consolidated with, and into, the above-captioned action.  For purposes of these Requests, Defendants also includes Silvergate Capital Corporation (a/k/a Silvergate Bank).

12.     "Document" refers to any written, printed, typed or other graphic matter, of any kind or nature, whether in hard copy or electronic format, whether the original, draft, or a copy and copies bearing notations or marks not found on the original, including, but not limited to, memoranda, reports, recommendations, notes, letters, envelopes, post-its, emails, text messages, instant messages (including, but not limited to, messages exchanged or sent using Slack, Teams, Discord, WhatsApp, Signal or any other similar application), transcripts, studies, analyses, tests, books, articles, minutes, agreements, contracts, and all other written communications, of any type, including inter and intra-office communications, questionnaires, surveys, charts, graphs, videos, photographs, tapes, voice messages or other recordings, print-outs or compilations from which information can be obtained or, if necessary, translated through detection devices into reasonably usable form, including all underlying or preparatory materials and drafts thereof.  To the extent not already covered in the above

- 4

definition, "Document" specifically includes any "writing", "recording", "photograph", "original" or "duplicate" as defined in Rule 1001 of the Federal Rules of Evidence, and/or "Electronically Stored Information" as set forth in Rule 34 of the Federal Rules of Civil Procedure and/or as further defined as "ESI" herein.

13.     "ESI" refers to Electronically Stored Information, as consistent with Rule 34 of the Federal Rules of Civil Procedure, and includes all computer or electronically stored or generated data and information, including all attachments to and enclosures within any requested item, and all drafts thereof.  ESI includes all information and documents stored in any format and on any storage media, including, but not limited to:  hard disks; optical disks, floppy disks; flash memory drives; and magnetic tape, whether fixed, portable or removable, and ESI further includes, but is not limited to, electronic spreadsheets, electronic presentation documents, e-mail messages, text messages, instant messages (including, but not limited to, message exchanged or sent using Slack, Teams, Discord, WhatsApp, Signal or any other similar application); image files; sound files; material or information stored in a database or accessible from a database. ESI also includes all associated metadata that is maintained or saved (including for example, author, recipient, file creation date, file modification date, etc.).

14.     "You" or "Your" shall refer to the defendant responding to these requests, including, but not limited to, its international, national or local branches or offices, and current and prior partners, employees and agents.

15.     Whenever a reference to a business entity appears, the reference shall mean the business entity, its affiliated companies, partnerships, divisions, subdivisions, directors, officers, employees, agents, clients or other representatives of affiliated third parties.

16.     Defined terms may or may not be capitalized or made uppercase; the given definitions apply even if a term in question is not capitalized or made uppercase. No waiver of a definition is implied by the use of a defined term in a non-capitalized or lowercase form.

## INSTRUCTIONS

1.      Production of responses and objections to the interrogatories shall be made at the offices of The Moskowitz Law Firm, P.O. Box 653409, Miami, FL 33133, or via electronic mail to the email addresses provided in the signature blocks of the attorneys serving these interrogatories.

2.      Unless otherwise stated in an interrogatory, the time period for which you must respond is January 1, 2019 through the date of response to these interrogatories.

3.      These interrogatories shall include all information in your possession, custody or control or in the possession, custody or control of your present or former agents, representatives, or your attorneys, or any and all persons acting on your behalf, or your present or former agents, representatives, or attorneys.

4.      Each interrogatory objection and/or response must immediately follow the quoted interrogatory, and no part of an interrogatory shall be left unanswered merely because an objection is interposed to another part of the interrogatory.

5.      If you claim there is any ambiguity in either a particular interrogatory or in a definition or an instruction applicable thereto, you shall not use such claim as a basis for refusing to respond to the interrogatory, but you shall set forth as part of the response the language you deem ambiguous and the interpretation you used in responding.

6.      Where an objection is made to any interrogatory, the objection shall state with specificity all grounds. Any ground not stated in an objection within the time provided by the Federal Rules of Civil Procedure, the local rules of the Southern District of Florida, or by the Court's order, or any extensions thereof, shall be waived.

7.      Where a claim of privilege or protection from disclosure is asserted in objecting to any interrogatory, or sub-part thereof, and a complete answer is not provided on the basis of such assertion, you shall provide a log within the time period set forth in Rule 26.1 of the Local Rules of

the Southern District of Florida, and in conformity with the requirements of that rule.

8.      If you answer any interrogatory by reference to records or materials from which the answer may be derived or ascertained, you shall make available within the time period specified in Rule 26.1 of the Local Rules of the Southern District of Florida:

(A)     any electronically stored information or summaries thereof that you have or can adduce by a relatively simple procedure, unless those materials are privileged or otherwise immune from discovery.

(B)     any relevant compilations, abstracts or summaries in your custody or readily obtainable by you, unless those materials are privileged or otherwise immune from discovery.

9.      If any documents are produced in connection with responding to any interrogatory, such documents are to be produced in the following method:

a.      Single page .TIFF

b.      Color .jpg (documents wherein reflection of importance relies on color, shall be produced in .jpg format)

c.      OCR at document level (all documents are to be provided with searchable text files with the exception of the redacted portions of redacted documents).

d.      Electronic documents, e-mails, text or instant messages are to be processed and converted from the electronic format to single page tiff.

10.     These interrogatories shall be deemed continuing, and supplemental interrogatory responses shall be provided as additional responsive information becomes available.

## INTERROGATORIES

**For All Defendants:**

1.      State whether you are authorized to do business in Florida and provide the date of issuance and nature of such authorization.

2.      Identify each contract you have entered with any person or entity in Florida and provide the nature and dates of each said contract.

3.      State all business you conduct or have conducted within Florida during the past three years, including the number of employees and/or agents located in Florida and any subsidiary entities located in Florida.

4.      List any communication(s) you had to, from, or in Florida (whether written or oral) with any individual or entity for the purpose of conducting business for you or on your behalf.

5.      State each occasion in which you travelled to Florida and the purpose and dates of such travel.

6.      State the existence and nature of any regular sales You have within Florida.

7.      List all advertising activity directed towards Florida.

8.      State the location/address of any bank, credit union, or other financial institution at which you maintain account(s) in Florida.

9.      State whether you have paid state income tax in Florida in the last three years.


**For Defendant Erika Kullberg:**

10.      State your full legal name and any aliases you have.

11.      State your domicile and your current residence address.

12.      State all residence addresses you have resided in and the address(es) at which you have received mail.

13.     State the address(es) shown on your driver's license and any professional license(s).

14.     State the address(es) of any business(es) you own or operate in the United States.

15.     State each location in which you are licensed or otherwise authorized to do business and provide the date of issuance.

16.     State any previous names or aliases.

17.     List any and all dates for which you have either visited, lived, or resided at 40 Waterside Plz, Apt. 11D, New York, New York 10010.

18.     State whether you have ever leased a residence under the name "Erika Nicole Shannon."

19.     State all addresses for which you have entered into a lease using the name "Erika Nicole Shannon" or "Erika Kullberg."

20.     State how you became aware of the service attempt on April 6, 2023 at 40 Waterside Plz, Apt. 11D, New York, New York 10010.

21.     State whether you received any telephone calls from an individual purporting to be a front desk worker or security for an apartment building on April 6, 2023.

22.     State how you know Arzu Malik.

23.     State how you became aware that you were named as a Defendant in the above-captioned case.

- 10

# **VERIFICATION**

_____

**SIGNATURE**

STATE OF _____ )

                                     ) SS:

COUNTY OF _____ )

BEFORE ME, the undersigned authority, personally appeared _____ [  ] personally known to me or [  ] who produced identification of _____, who after being first duly sworn, deposes and states that he executed the foregoing and that it is true and correct.

SWORN TO AND SUBSCRIBED BEFORE ME this ____ day of _____, 2023.

[Seal]

_____

Notary Public

_____

Print Name

# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF FLORIDA
### MDL No. 3076
### CASE NO. 1:23-md-03076-KMM

In Re: FTX Cryptocurrency Exchange Collapse Litigation

## NOTICE OF TAKING THE VIDEOTAPED DEPOSITION OF DEFENDANT ANDREI JIKH

Pursuant to Federal Rule of Civil Procedure 30, Plaintiffs' counsel will take the deposition of the below-named person/entity on the date, time, and at the location indicated.

**DEPONENT**:        Defendant Andre Jikh

**DATE**:

**TIME**:

**LOCATION**:        Zoom (contact counsel for details)

The aforesaid deposition will be before a court reporter, an officer authorized by law to administer oaths and take depositions in the State of Florida. The deposition is being taken for the purpose of discovery, for use at trial, or both, or for such other purposes as are permitted under the Federal and Local Rules of Civil Procedure.

Respectfully submitted on November ___, 2023.

| **Plaintiffs' Co-Lead Counsel** | |
|---|---|
| By: */s/ Adam Moskowitz*<br>Adam M. Moskowitz<br>Florida Bar No. 984280<br>Joseph M. Kaye<br>Florida Bar No. 117520<br>**THE MOSKOWITZ LAW FIRM, PLLC**<br>Continental Plaza<br>3250 Mary Street, Suite 202<br>Coconut Grove, FL 33133<br>Office: (305) 740-1423<br>adam@moskowitz-law.com<br>joseph@moskowitz-law.com<br>service@moskowitz-law.com | By: */s/ David Boies*<br>David Boies<br>Alex Boies<br>Brooke Alexander<br>**BOIES SCHILLER FLEXNER LLP**<br>333 Main Street<br>Armonk, NY 10504<br>Office: (914) 749-8200<br>dboies@bsfllp.com<br>aboies@bsfllp.com<br>balexander@bsfllp.com |

| Plaintiffs' Promoter Committee Members | |
|---|---|
| Barbara C. Lewis<br>Florida Bar No. 118114<br>**THE MOSKOWITZ LAW FIRM, PLLC**<br>Continental Plaza<br>3250 Mary Street, Suite 202<br>Coconut Grove, FL 33133<br>Office: (305) 740-1423<br>barbara@moskowitz-law.com<br>service@moskowitz-law.com | K. Rachel Lanier<br>Alex Brown<br>**THE LANIER LAW FIRM, P.C.**<br>10940 W. Sam Houston Pkwy N.<br>Houston, TX 77064<br>Telephone: (713) 659-5200<br>Rachel.Lanier@lanierlawfirm.com<br>Alex.Brown@lanierlawfirm.com |

## <u>CERTIFICATE OF SERVICE</u>

I HEREBY CERTIFY that on November ___, 2023, a true and correct copy of the foregoing was served via email to all counsel of record.

By: _/s/ Adam M. Moskowitz_
Adam M. Moskowitz

# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF FLORIDA
### MDL No. 3076
### CASE NO. 1:23-md-03076-KMM

In Re: FTX Cryptocurrency Exchange Collapse Litigation

## NOTICE OF TAKING THE VIDEOTAPED DEPOSITION OF DEFENDANT BRIAN JUNG

Pursuant to Federal Rule of Civil Procedure 30, Plaintiffs' counsel will take the deposition of the below-named person/entity on the date, time, and at the location indicated.

**DEPONENT**:        Defendant Brian Jung

**DATE**:

**TIME**:

**LOCATION**:        Zoom (contact counsel for details)

The aforesaid deposition will be before a court reporter, an officer authorized by law to administer oaths and take depositions in the State of Florida. The deposition is being taken for the purpose of discovery, for use at trial, or both, or for such other purposes as are permitted under the Federal and Local Rules of Civil Procedure.

Respectfully submitted on November ___, 2023

| **Plaintiffs' Co-Lead Counsel** | |
|---|---|
| By: */s/ Adam Moskowitz*<br>Adam M. Moskowitz<br>Florida Bar No. 984280<br>Joseph M. Kaye<br>Florida Bar No. 117520<br>**THE MOSKOWITZ LAW FIRM, PLLC**<br>Continental Plaza<br>3250 Mary Street, Suite 202<br>Coconut Grove, FL 33133<br>Office: (305) 740-1423<br>adam@moskowitz-law.com<br>joseph@moskowitz-law.com<br>service@moskowitz-law.com | By: */s/ David Boies*<br>David Boies<br>Alex Boies<br>Brooke Alexander<br>**BOIES SCHILLER FLEXNER LLP**<br>333 Main Street<br>Armonk, NY 10504<br>Office: (914) 749-8200<br>dboies@bsfllp.com<br>aboies@bsfllp.com<br>balexander@bsfllp.com |

| Plaintiffs' Promoter Committee Members | |
|---|---|
| Barbara C. Lewis<br>Florida Bar No. 118114<br>**THE MOSKOWITZ LAW FIRM, PLLC**<br>Continental Plaza<br>3250 Mary Street, Suite 202<br>Coconut Grove, FL 33133<br>Office: (305) 740-1423<br>barbara@moskowitz-law.com<br>service@moskowitz-law.com | K. Rachel Lanier<br>Alex Brown<br>**THE LANIER LAW FIRM, P.C.**<br>10940 W. Sam Houston Pkwy N.<br>Houston, TX 77064<br>Telephone: (713) 659-5200<br>Rachel.Lanier@lanierlawfirm.com<br>Alex.Brown@lanierlawfirm.com |

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on November ___, 2023, a true and correct copy of the foregoing was served via email to all counsel of record.

By: */s/ Adam M. Moskowitz*
Adam M. Moskowitz

# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF FLORIDA
## MDL No. 3076
## CASE NO. 1:23-md-03076-KMM

In Re: FTX Cryptocurrency Exchange Collapse Litigation

## NOTICE OF TAKING THE VIDEOTAPED DEPOSITION OF DEFENDANT CREATORS AGENCY, LLC'S RULE 30(b)(6) REPRESENTATIVE(S)

Pursuant to Federal Rule of Civil Procedure 30, Plaintiff's counsel will take the deposition of the below-named person/entity on the date, time, and at the location indicated.

**DEPONENT**:         Defendant Creators Agency, LLC, (the "Creators"), by and through Creators' corporate representative(s) with knowledge of the eight topics listed in **Exhibit A,** pursuant to Federal Rule of Civil Procedure 30(b)(6).

**DATE**:

**TIME**:

**LOCATION**:         Zoom (contact counsel for details)

The aforesaid deposition will be before a court reporter, an officer authorized by law to administer oaths and take depositions in the State of Florida.  The deposition is being taken for the purpose of discovery, for use at trial, or both, or for such other purposes as are permitted under the Federal and Local Rules of Civil Procedure.

Respectfully submitted on November ___, 2023.

| Plaintiffs' Co-Lead Counsel | |
|---|---|
| By: */s/ Adam Moskowitz*<br>Adam M. Moskowitz<br>Florida Bar No. 984280<br>Joseph M. Kaye<br>Florida Bar No. 117520<br>**THE MOSKOWITZ LAW FIRM, PLLC**<br>Continental Plaza | By: */s/ David Boies*<br>David Boies<br>Alex Boies<br>Brooke Alexander<br>**BOIES SCHILLER FLEXNER LLP**<br>333 Main Street<br>Armonk, NY 10504 |

| | |
|---|---|
| 3250 Mary Street, Suite 202<br>Coconut Grove, FL 33133<br>Office: (305) 740-1423<br>adam@moskowitz-law.com<br>joseph@moskowitz-law.com<br>service@moskowitz-law.com | Office: (914) 749-8200<br>dboies@bsfllp.com<br>aboies@bsfllp.com<br>balexander@bsfllp.com |
| **Plaintiffs' Promoter Committee Members** | |
| Barbara C. Lewis<br>Florida Bar No. 118114<br>**THE MOSKOWITZ LAW FIRM, PLLC**<br>Continental Plaza<br>3250 Mary Street, Suite 202<br>Coconut Grove, FL 33133<br>Office: (305) 740-1423<br>barbara@moskowitz-law.com<br>service@moskowitz-law.com | K. Rachel Lanier<br>Alex Brown<br>**THE LANIER LAW FIRM, P.C.**<br>10940 W. Sam Houston Pkwy N.<br>Houston, TX 77064<br>Telephone: (713) 659-5200<br>Rachel.Lanier@lanierlawfirm.com<br>Alex.Brown@lanierlawfirm.com |

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on November ___, 2023, a true and correct copy of the foregoing was served via email to all counsel of record.

By: */s/ Adam M. Moskowitz*
Adam M. Moskowitz

# EXHIBIT A

## I. DEFINITIONS AND INSTRUCTIONS

Unless otherwise specified, the terms set forth below have the following meanings:

1. "CA," "You," or "Your" means Defendant Creators Agency LLC and any of its affiliates, subsidiaries, divisions, segments, predecessors, successors, officers, directors, employees, representatives, or agents.

2. "Co-Defendants" means any of the other Defendants sued in this Action, and any of their affiliates, subsidiaries, divisions, segments, predecessors, successors, officers, directors, employees, representatives, or agents.

3. "FTX Entities" means West Realm Shires Services, Inc., FTX Trading Ltd, Blockfolio, Inc., Alameda Research, LLC, and any of their affiliates, subsidiaries, divisions, segments, predecessors, successors, officers, directors, employees, representatives, or agents.

4. "FTX Platform" refers to the FTX Entities' mobile application and/or web-based cryptocurrency investment service that places cryptocurrency trade orders on behalf of users.

5. "YBAs" refers to the Yield-Bearing Accounts offered by the FTX Entities on the FTX Platform.

6. "FTT" refers to the native cryptocurrency exchange token of the FTX Platform ecosystem.

7. "Document(s)" means any written, printed, typed or other graphic matter, of any kind or nature, whether in hard copy or electronic format, whether the original, draft, or a copy and copies bearing notations or marks not found on the original, including but not limited to memoranda, reports, recommendations, notes, letters, envelopes, post-its, emails, telegrams, messages, manuscripts, studies, analyses, tests, comparisons, books, articles, pamphlets,

magazines, newspapers, booklets, circulars, bulletins, notices, instructions, minutes, agreements, contracts, and all other written communications, of any type, including inter and intra-office communications, purchase orders, invoices, bills, receipts, questionnaires, surveys, charts, graphs, videos, photographs, sketches, drawings, house sheets, tapes, voice messages or other recordings, print-outs or compilations from which information can be obtained or, if necessary, translated through detection devices into reasonably usable form, including all underlying or preparatory materials and drafts thereof.

8.      "Person" or "People" means any natural person(s) or any business, legal, or governmental entity (or entities) or association(s).

9.      All/Each – The terms "all" and "each" shall be construed as meaning either all or each as necessary to bring within the scope of the discovery request all responses that might otherwise be construed to be outside its scope.

10.      Objections: Where an objection is made to any request, the objection shall state with specificity all grounds. Any ground not stated in an objection within the time provided by the Federal Rules of Civil Procedure, or by the Court's order, or any extensions thereof, shall be waived.

11.      Whenever a reference to a business entity appears, the reference shall mean the business entity, its affiliated companies, partnerships, divisions, subdivisions, directors, officers, employees, agents, clients or other representatives of affiliated third parties.

12.      Unless otherwise stated in a request, the time period for which you must respond is beginning in January 1, 2019 and ending at the present time.

- 4 -

## II. <u>DEPOSITION SUBJECTS</u>

Pursuant to Rule 30(b)(6), CA shall designate and produce for deposition one or more of its officers, directors, managing agents, or other persons who are knowledgeable about and consent to testify on its behalf concerning the following subject matters:

1. All Documents and responses provided in response to Plaintiffs' requests for production and interrogatories.

2. Contracts or agreements regarding any business You (personally or through any entity owned by You, or any of Your or Your entities' affiliates, representatives, employees, or agents) conducted with the FTX Entities, including any payments made to You (personally or to any entity owned by You, or any of Your or Your entities' affiliates, representatives, employees, or agents) in accordance with any such contract or agreement.

3. All videos or other content You (personally or through any entity owned by You, or any of Your or Your entities' affiliates, representatives, employees, or agents) produced regarding, relating to, and/or mentioning the FTX platform, FTT, and/or YBAs, including videos or content that have been removed from their public-facing platforms.[1]

4. Defendant's "targeting" of Florida audience and Florida's FTX consumers.

5. Your (or Your entities' affiliates, representatives, employees, or agents) promotion of FTT, YBAs or the FTX Platform.

---

[1] Any such videos and/or content either should still be saved on Defendant's hard drives and preserved for use in this litigation or should still be on the private-facing portions of their social media platforms—for instance, Defendant could have set a video they posted on YouTube to "private" so it no longer is publicly viewable or searchable but is still posted on their account. "Spoliation is the destruction or significant alteration of evidence, or the failure to preserve property for another's use as evidence in pending or reasonably foreseeable litigation." *Graff v. Baja Marine Corp.*, 310 F. App'x 298, 301 (11th Cir. 2009). "The duty to preserve relevant evidence is triggered not only when litigation is pending, but also when it reasonably foreseeable to that party." *Title Cap. Mgmt., LLC v. Progress Residential, LLC*, No. 16-21882-CV, 2017 WL 5953428, at *4 (S.D. Fla. Sept. 29, 2017).

6.      All due diligence You (personally or through any entity owned by You, or any of Your or Your entities' affiliates, representatives, employees, or agents) conducted before promotion of FTT, YBAs or FTX Platform to the public.

7.      This lawsuit and/or the subject matter of this lawsuit.

## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF FLORIDA
### MDL No. 3076
### CASE NO. 1:23-md-03076-KMM

In Re: FTX Cryptocurrency Exchange Collapse Litigation

### NOTICE OF TAKING THE VIDEOTAPED DEPOSITION OF DEFENDANT ERIKA KULLBERG

     Pursuant to Federal Rule of Civil Procedure 30, Plaintiffs' counsel will take the deposition of the below-named person/entity on the date, time, and at the location indicated.

**DEPONENT**:     Defendant Erika Kullberg

**DATE**:

**TIME**:

**LOCATION**:     Zoom (contact counsel for details)

The aforesaid deposition will be before a court reporter, an officer authorized by law to administer oaths and take depositions in the State of Florida.  The deposition is being taken for the purpose of discovery, for use at trial, or both, or for such other purposes as are permitted under the Federal and Local Rules of Civil Procedure.

Respectfully submitted on November ___, 2023.

| **Plaintiffs' Co-Lead Counsel** | |
|---|---|
| By: */s/ Adam Moskowitz*_____<br>Adam M. Moskowitz<br>Florida Bar No. 984280<br>Joseph M. Kaye<br>Florida Bar No. 117520<br>**THE MOSKOWITZ LAW FIRM, PLLC**<br>Continental Plaza<br>3250 Mary Street, Suite 202<br>Coconut Grove, FL 33133<br>Office: (305) 740-1423<br>adam@moskowitz-law.com<br>joseph@moskowitz-law.com<br>service@moskowitz-law.com | By: */s/ David Boies*<br>David Boies<br>Alex Boies<br>Brooke Alexander<br>**BOIES SCHILLER FLEXNER LLP**<br>333 Main Street<br>Armonk, NY 10504<br>Office: (914) 749-8200<br>dboies@bsfllp.com<br>aboies@bsfllp.com<br>balexander@bsfllp.com |

| Plaintiffs' Promoter Committee Members | |
|---|---|
| Barbara C. Lewis<br>Florida Bar No. 118114<br>**THE MOSKOWITZ LAW FIRM, PLLC**<br>Continental Plaza<br>3250 Mary Street, Suite 202<br>Coconut Grove, FL 33133<br>Office: (305) 740-1423<br>barbara@moskowitz-law.com<br>service@moskowitz-law.com | K. Rachel Lanier<br>Alex Brown<br>**THE LANIER LAW FIRM, P.C.**<br>10940 W. Sam Houston Pkwy N.<br>Houston, TX 77064<br>Telephone: (713) 659-5200<br>Rachel.Lanier@lanierlawfirm.com<br>Alex.Brown@lanierlawfirm.com |

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on November ___, 2023, a true and correct copy of the foregoing was served via email to all counsel of record.

By: */s/ Adam M. Moskowitz*
Adam M. Moskowitz

# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF FLORIDA
### MDL No. 3076
### CASE NO. 1:23-md-03076-KMM

In Re: FTX Cryptocurrency Exchange Collapse Litigation

## NOTICE OF TAKING THE VIDEOTAPED DEPOSITION OF DEFENDANT GOLDEN STATE WARRIORS LLC RULE 30(b)(6) REPRESENTATIVE(S)

Pursuant to Federal Rule of Civil Procedure 30, Plaintiffs' counsel will take the deposition of the below-named person/entity on the date, time, and at the location indicated.

**DEPONENT**:        Defendant Golden State Warriors LLC

**DATE**:

**TIME**:

**LOCATION**:        Zoom (contact counsel for details)

The aforesaid deposition will be before a court reporter, an officer authorized by law to administer oaths and take depositions in the State of Florida. The deposition is being taken for the purpose of discovery, for use at trial, or both, or for such other purposes as are permitted under the Federal and Local Rules of Civil Procedure.

Respectfully submitted on November ___, 2023.

| Plaintiffs' Co-Lead Counsel | |
|---|---|
| By: */s/ Adam Moskowitz*         <br>Adam M. Moskowitz<br>Florida Bar No. 984280<br>Joseph M. Kaye<br>Florida Bar No. 117520<br>**THE MOSKOWITZ LAW FIRM, PLLC**<br>Continental Plaza<br>3250 Mary Street, Suite 202<br>Coconut Grove, FL 33133<br>Office: (305) 740-1423<br>adam@moskowitz-law.com<br>joseph@moskowitz-law.com<br>service@moskowitz-law.com | By: */s/ David Boies*<br>David Boies<br>Alex Boies<br>Brooke Alexander<br>**BOIES SCHILLER FLEXNER LLP**<br>333 Main Street<br>Armonk, NY 10504<br>Office: (914) 749-8200<br>dboies@bsfllp.com<br>aboies@bsfllp.com<br>balexander@bsfllp.com |

| Plaintiffs' Promoter Committee Members | |
|---|---|
| Barbara C. Lewis<br>Florida Bar No. 118114<br>**THE MOSKOWITZ LAW FIRM, PLLC**<br>Continental Plaza<br>3250 Mary Street, Suite 202<br>Coconut Grove, FL 33133<br>Office: (305) 740-1423<br>barbara@moskowitz-law.com<br>service@moskowitz-law.com | K. Rachel Lanier<br>Alex Brown<br>**THE LANIER LAW FIRM, P.C.**<br>10940 W. Sam Houston Pkwy N.<br>Houston, TX 77064<br>Telephone: (713) 659-5200<br>Rachel.Lanier@lanierlawfirm.com<br>Alex.Brown@lanierlawfirm.com |

## <u>CERTIFICATE OF SERVICE</u>

I HEREBY CERTIFY that on November ___, 2023, a true and correct copy of the foregoing was served via email to all counsel of record.

By: */s/ Adam M. Moskowitz*

Adam M. Moskowitz

# EXHIBIT A

## I. <u>DEFINITIONS AND INSTRUCTIONS</u>

Unless otherwise specified, the terms set forth below have the following meanings:

      1.    "GSW," "You," or "Your" means Defendant Golden State Warriors LLC and any of its affiliates, subsidiaries, divisions, segments, predecessors, successors, officers, directors, employees, representatives, or agents.

      2.    "Co-Defendants" means any of the other Defendants sued in this Action, and any of their affiliates, subsidiaries, divisions, segments, predecessors, successors, officers, directors, employees, representatives, or agents.

      3.    "FTX Entities" means West Realm Shires Services, Inc., FTX Trading Ltd, Blockfolio, Inc., Alameda Research, LLC, and any of their affiliates, subsidiaries, divisions, segments, predecessors, successors, officers, directors, employees, representatives, or agents.

      4.    "FTX Platform" refers to the FTX Entities' mobile application and/or web-based cryptocurrency investment service that places cryptocurrency trade orders on behalf of users.

      5.    "YBAs" refers to the Yield-Bearing Accounts offered by the FTX Entities on the FTX Platform.

      6.    "FTT" refers to the native cryptocurrency exchange token of the FTX Platform ecosystem.

      7.    "Document(s)" means any written, printed, typed or other graphic matter, of any kind or nature, whether in hard copy or electronic format, whether the original, draft, or a copy and copies bearing notations or marks not found on the original, including but not limited to memoranda, reports, recommendations, notes, letters, envelopes, post-its, emails, telegrams, messages, manuscripts, studies, analyses, tests, comparisons, books, articles, pamphlets, magazines, newspapers, booklets, circulars, bulletins, notices, instructions, minutes, agreements, contracts, and all other written communications, of any type, including inter and

intra-office communications, purchase orders, invoices, bills, receipts, questionnaires, surveys, charts, graphs, videos, photographs, sketches, drawings, house sheets, tapes, voice messages or other recordings, print-outs or compilations from which information can be obtained or, if necessary, translated through detection devices into reasonably usable form, including all underlying or preparatory materials and drafts thereof.

8.  "Person" or "People" means any natural person(s) or any business, legal, or governmental entity (or entities) or association(s).

9.  All/Each – The terms "all" and "each" shall be construed as meaning either all or each as necessary to bring within the scope of the discovery request all responses that might otherwise be construed to be outside its scope.

10.  Objections: Where an objection is made to any request, the objection shall state with specificity all grounds. Any ground not stated in an objection within the time provided by the Federal Rules of Civil Procedure, or by the Court's order, or any extensions thereof, shall be waived.

11.  Whenever a reference to a business entity appears, the reference shall mean the business entity, its affiliated companies, partnerships, divisions, subdivisions, directors, officers, employees, agents, clients or other representatives of affiliated third parties.

12.  Unless otherwise stated in a request, the time period for which you must respond is beginning in January 1, 2019 and ending at the present time.

## II. <u>DEPOSITION SUBJECTS</u>

Pursuant to Rule 30(b)(6), GSW shall designate and produce for deposition one or more of its officers, directors, managing agents, or other persons who are knowledgeable about and consent to testify on its behalf concerning the following subject matters:

1.      All Documents and responses provided in response to Plaintiffs' requests for production and interrogatories.

2.      Contracts or agreements, regarding any business You (personally or through any entity owned by You, or any of Your or Your entities' affiliates, representatives, employees, or agents) conducted with the FTX Entities, including any payments made to You (personally or to any entity owned by You, or any of Your or Your entities' affiliates, representatives, employees, or agents) in accordance with any such contract or agreement.

3.      All content You (personally or through any entity owned by You, or any of Your or Your entities' affiliates, representatives, employees, or agents) produced or generated regarding, relating to, and/or mentioning the FTX platform, FTT, and/or YBAs, including content that may no longer be publicly available.

4.      Defendant's "targeting" of Florida audience and Florida's FTX consumers.

5.      Your (or Your entities' affiliates, representatives, employees, or agents) promotion of FTT, YBAs or the FTX Platform.

6.      All due diligence You (personally or through any entity owned by You, or any of Your or Your entities' affiliates, representatives, employees, or agents) conducted before promotion of FTT, YBAs or FTX Platform to the public.

7.      Your sales and revenue generated from advertising and marketing in Florida and/or to Florida consumers.

8.      This lawsuit and/or the subject matter of this lawsuit.

# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF FLORIDA
### MDL No. 3076
### CASE NO. 1:23-md-03076-KMM

In Re: FTX Cryptocurrency Exchange Collapse Litigation

## <u>NOTICE OF TAKING THE VIDEOTAPED DEPOSITION OF</u>
## <u>DEFENDANT JASPREET SINGH</u>

Pursuant to Federal Rule of Civil Procedure 30, Plaintiffs' counsel will take the deposition of the below-named person/entity on the date, time, and at the location indicated.

**DEPONENT**: Defendant Jaspreet Singh

**DATE**:

**TIME**:

**LOCATION**: Zoom (contact counsel for details)

The aforesaid deposition will be before a court reporter, an officer authorized by law to administer oaths and take depositions in the State of Florida. The deposition is being taken for the purpose of discovery, for use at trial, or both, or for such other purposes as are permitted under the Federal and Local Rules of Civil Procedure.

Respectfully submitted on November ___, 2023.

| **Plaintiffs' Co-Lead Counsel** | |
|---|---|
| By: */s/ Adam Moskowitz*<br>Adam M. Moskowitz<br>Florida Bar No. 984280<br>Joseph M. Kaye<br>Florida Bar No. 117520<br>**THE MOSKOWITZ LAW FIRM, PLLC**<br>Continental Plaza<br>3250 Mary Street, Suite 202<br>Coconut Grove, FL 33133<br>Office: (305) 740-1423<br>adam@moskowitz-law.com<br>joseph@moskowitz-law.com<br>service@moskowitz-law.com | By: */s/ David Boies*<br>David Boies<br>Alex Boies<br>Brooke Alexander<br>**BOIES SCHILLER FLEXNER LLP**<br>333 Main Street<br>Armonk, NY 10504<br>Office: (914) 749-8200<br>dboies@bsfllp.com<br>aboies@bsfllp.com<br>balexander@bsfllp.com |

| Plaintiffs' Promoter Committee Members | |
|---|---|
| Barbara C. Lewis<br>Florida Bar No. 118114<br>**THE MOSKOWITZ LAW FIRM, PLLC**<br>Continental Plaza<br>3250 Mary Street, Suite 202<br>Coconut Grove, FL 33133<br>Office: (305) 740-1423<br>barbara@moskowitz-law.com<br>service@moskowitz-law.com | K. Rachel Lanier<br>Alex Brown<br>**THE LANIER LAW FIRM, P.C.**<br>10940 W. Sam Houston Pkwy N.<br>Houston, TX 77064<br>Telephone: (713) 659-5200<br>Rachel.Lanier@lanierlawfirm.com<br>Alex.Brown@lanierlawfirm.com |

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on November ___, 2023, a true and correct copy of the foregoing was served via email to all counsel of record.

By: */s/ Adam M. Moskowitz*
Adam M. Moskowitz

- 2 -

# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF FLORIDA
### MDL No. 3076
### CASE NO. 1:23-md-03076-KMM

In Re: FTX Cryptocurrency Exchange Collapse Litigation

## NOTICE OF TAKING THE VIDEOTAPED DEPOSITION OF DEFENDANT JEREMY LEFEBVRE

Pursuant to Federal Rule of Civil Procedure 30, Plaintiffs' counsel will take the deposition of the below-named person/entity on the date, time, and at the location indicated.

**DEPONENT**:        Defendant Jeremy LeFebvre

**DATE**:

**TIME**:

**LOCATION**:        Zoom (contact counsel for details)

The aforesaid deposition will be before a court reporter, an officer authorized by law to administer oaths and take depositions in the State of Florida. The deposition is being taken for the purpose of discovery, for use at trial, or both, or for such other purposes as are permitted under the Federal and Local Rules of Civil Procedure.

Respectfully submitted on November ___, 2023.

| Plaintiffs' Co-Lead Counsel | |
|---|---|
| By: */s/ Adam Moskowitz*<br>Adam M. Moskowitz<br>Florida Bar No. 984280<br>Joseph M. Kaye<br>Florida Bar No. 117520<br>**THE MOSKOWITZ LAW FIRM, PLLC**<br>Continental Plaza<br>3250 Mary Street, Suite 202<br>Coconut Grove, FL 33133<br>Office: (305) 740-1423<br>adam@moskowitz-law.com<br>joseph@moskowitz-law.com<br>service@moskowitz-law.com | By: */s/ David Boies*<br>David Boies<br>Alex Boies<br>Brooke Alexander<br>**BOIES SCHILLER FLEXNER LLP**<br>333 Main Street<br>Armonk, NY 10504<br>Office: (914) 749-8200<br>dboies@bsfllp.com<br>aboies@bsfllp.com<br>balexander@bsfllp.com |

| Plaintiffs' Promoter Committee Members | |
|---|---|
| Barbara C. Lewis<br>Florida Bar No. 118114<br>**THE MOSKOWITZ LAW FIRM, PLLC**<br>Continental Plaza<br>3250 Mary Street, Suite 202<br>Coconut Grove, FL 33133<br>Office: (305) 740-1423<br>barbara@moskowitz-law.com<br>service@moskowitz-law.com | K. Rachel Lanier<br>Alex Brown<br>**THE LANIER LAW FIRM, P.C.**<br>10940 W. Sam Houston Pkwy N.<br>Houston, TX 77064<br>Telephone: (713) 659-5200<br>Rachel.Lanier@lanierlawfirm.com<br>Alex.Brown@lanierlawfirm.com |

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on November ___, 2023, a true and correct copy of the foregoing was served via email to all counsel of record.

By: */s/ Adam M. Moskowitz*
Adam M. Moskowitz

- 2 -

# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF FLORIDA
### MDL No. 3076
### CASE NO. 1:23-md-03076-KMM

In Re: FTX Cryptocurrency Exchange Collapse Litigation

## NOTICE OF TAKING THE VIDEOTAPED DEPOSITION OF DEFENDANT LAWRENCE GENE DAVID

Pursuant to Federal Rule of Civil Procedure 30, Plaintiffs' counsel will take the deposition of the below-named person/entity on the date, time, and at the location indicated.

**DEPONENT**:     Defendant Lawrence Gene David

**DATE**:

**TIME**:

**LOCATION**:     Zoom (contact counsel for details)

The aforesaid deposition will be before a court reporter, an officer authorized by law to administer oaths and take depositions in the State of Florida. The deposition is being taken for the purpose of discovery, for use at trial, or both, or for such other purposes as are permitted under the Federal and Local Rules of Civil Procedure.

Respectfully submitted on November ___, 2023.

| **Plaintiffs' Co-Lead Counsel** | |
|---|---|
| By: */s/ Adam Moskowitz*<br>Adam M. Moskowitz<br>Florida Bar No. 984280<br>Joseph M. Kaye<br>Florida Bar No. 117520<br>**THE MOSKOWITZ LAW FIRM, PLLC**<br>Continental Plaza<br>3250 Mary Street, Suite 202<br>Coconut Grove, FL 33133<br>Office: (305) 740-1423 | By: */s/ David Boies*<br>David Boies<br>Alex Boies<br>Brooke Alexander<br>**BOIES SCHILLER FLEXNER LLP**<br>333 Main Street<br>Armonk, NY 10504<br>Office: (914) 749-8200<br>dboies@bsfllp.com<br>aboies@bsfllp.com |

| adam@moskowitz-law.com<br>joseph@moskowitz-law.com<br>service@moskowitz-law.com | balexander@bsfllp.com |
| --- | --- |
| **Plaintiffs' Promoter Committee Members** | |
| Barbara C. Lewis<br>Florida Bar No. 118114<br>**THE MOSKOWITZ LAW FIRM, PLLC**<br>Continental Plaza<br>3250 Mary Street, Suite 202<br>Coconut Grove, FL 33133<br>Office: (305) 740-1423<br>barbara@moskowitz-law.com<br>service@moskowitz-law.com | K. Rachel Lanier<br>Alex Brown<br>**THE LANIER LAW FIRM, P.C.**<br>10940 W. Sam Houston Pkwy N.<br>Houston, TX 77064<br>Telephone: (713) 659-5200<br>Rachel.Lanier@lanierlawfirm.com<br>Alex.Brown@lanierlawfirm.com |

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on November ___, 2023, a true and correct copy of the foregoing was served via email to all counsel of record.

By: */s/ Adam M. Moskowitz*
Adam M. Moskowitz

- 2 -

# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF FLORIDA
### MDL No. 3076
### CASE NO. 1:23-md-03076-KMM

In Re: FTX Cryptocurrency Exchange Collapse Litigation

## <u>NOTICE OF TAKING THE VIDEOTAPED DEPOSITION OF<br>DEFENDANT NAOMI OSAKA</u>

Pursuant to Federal Rule of Civil Procedure 30, Plaintiffs' counsel will take the deposition

of the below-named person/entity on the date, time, and at the location indicated.

**DEPONENT**:          Defendant Naomi Osaka

**DATE**:

**TIME**:

**LOCATION**:          Zoom (contact counsel for details)

The aforesaid deposition will be before a court reporter, an officer authorized by law to

administer oaths and take depositions in the State of Florida.  The deposition is being taken for the

purpose of discovery, for use at trial, or both, or for such other purposes as are permitted under the

Federal and Local Rules of Civil Procedure.

Respectfully submitted on November ___, 2023.

| **Plaintiffs' Co-Lead Counsel** | |
|---|---|
| By: */s/ Adam Moskowitz*<br>Adam M. Moskowitz<br>Florida Bar No. 984280<br>Joseph M. Kaye<br>Florida Bar No. 117520<br>**THE MOSKOWITZ LAW FIRM, PLLC**<br>Continental Plaza<br>3250 Mary Street, Suite 202<br>Coconut Grove, FL 33133<br>Office: (305) 740-1423<br>adam@moskowitz-law.com<br>joseph@moskowitz-law.com<br>service@moskowitz-law.com | By: */s/ David Boies*<br>David Boies<br>Alex Boies<br>Brooke Alexander<br>**BOIES SCHILLER FLEXNER LLP**<br>333 Main Street<br>Armonk, NY 10504<br>Office: (914) 749-8200<br>dboies@bsfllp.com<br>aboies@bsfllp.com<br>balexander@bsfllp.com |

| Plaintiffs' Promoter Committee Members | |
|---|---|
| Barbara C. Lewis<br>Florida Bar No. 118114<br>**THE MOSKOWITZ LAW FIRM, PLLC**<br>Continental Plaza<br>3250 Mary Street, Suite 202<br>Coconut Grove, FL 33133<br>Office: (305) 740-1423<br>barbara@moskowitz-law.com<br>service@moskowitz-law.com | K. Rachel Lanier<br>Alex Brown<br>**THE LANIER LAW FIRM, P.C.**<br>10940 W. Sam Houston Pkwy N.<br>Houston, TX 77064<br>Telephone: (713) 659-5200<br>Rachel.Lanier@lanierlawfirm.com<br>Alex.Brown@lanierlawfirm.com |

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on November ___, 2023, a true and correct copy of the foregoing was served via email to all counsel of record.

By: */s/ Adam M. Moskowitz*
Adam M. Moskowitz

# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF FLORIDA
### MDL No. 3076
### CASE NO. 1:23-md-03076-KMM

In Re: FTX Cryptocurrency Exchange Collapse Litigation

## NOTICE OF TAKING THE VIDEOTAPED DEPOSITION OF
## DEFENDANT SOLOMID CORP. RULE 30(b)(6) REPRESENTATIVE(S)

Pursuant to Federal Rule of Civil Procedure 30, Plaintiffs' counsel will take the deposition of the below-named person/entity on the date, time, and at the location indicated.

**DEPONENT**: Defendant Solomid Corp. by and through Solomid Corp.' corporate representative(s) with knowledge of the eight topics listed in **Exhibit A,** pursuant to Federal Rule of Civil Procedure 30(b)(6).

**DATE**:

**TIME**:

**LOCATION**: Zoom (contact counsel for details)

The aforesaid deposition will be before a court reporter, an officer authorized by law to administer oaths and take depositions in the State of Florida. The deposition is being taken for the purpose of discovery, for use at trial, or both, or for such other purposes as are permitted under the Federal and Local Rules of Civil Procedure.

Respectfully submitted on November ___, 2023.

| **Plaintiffs' Co-Lead Counsel** | |
|---|---|
| By: */s/ Adam Moskowitz*<br>Adam M. Moskowitz<br>Florida Bar No. 984280<br>Joseph M. Kaye<br>Florida Bar No. 117520<br>**THE MOSKOWITZ LAW FIRM, PLLC**<br>Continental Plaza<br>3250 Mary Street, Suite 202<br>Coconut Grove, FL 33133 | By: */s/ David Boies*<br>David Boies<br>Alex Boies<br>Brooke Alexander<br>**BOIES SCHILLER FLEXNER LLP**<br>333 Main Street<br>Armonk, NY 10504<br>Office: (914) 749-8200<br>dboies@bsfllp.com |

| Office: (305) 740-1423<br>adam@moskowitz-law.com<br>joseph@moskowitz-law.com<br>service@moskowitz-law.com | aboies@bsfllp.com<br>balexander@bsfllp.com |
|---|---|
| **Plaintiffs' Promoter Committee Members** ||
| Barbara C. Lewis<br>Florida Bar No. 118114<br>**THE MOSKOWITZ LAW FIRM, PLLC**<br>Continental Plaza<br>3250 Mary Street, Suite 202<br>Coconut Grove, FL 33133<br>Office: (305) 740-1423<br>barbara@moskowitz-law.com<br>service@moskowitz-law.com | K. Rachel Lanier<br>Alex Brown<br>**THE LANIER LAW FIRM, P.C.**<br>10940 W. Sam Houston Pkwy N.<br>Houston, TX 77064<br>Telephone: (713) 659-5200<br>Rachel.Lanier@lanierlawfirm.com<br>Alex.Brown@lanierlawfirm.com |

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on November ___, 2023, a true and correct copy of the foregoing was served via email to all counsel of record.

By: */s/ Adam M. Moskowitz*
Adam M. Moskowitz

# EXHIBIT A

## I. DEFINITIONS AND INSTRUCTIONS

Unless otherwise specified, the terms set forth below have the following meanings:

 1. "Solomid," "You," or "Your" means Defendant Solomid Corp. and any of its affiliates, subsidiaries, divisions, segments, predecessors, successors, officers, directors, employees, representatives, or agents.

 2. "Co-Defendants" means any of the other Defendants sued in this Action, and any of their affiliates, subsidiaries, divisions, segments, predecessors, successors, officers, directors, employees, representatives, or agents.

 3. "FTX Entities" means West Realm Shires Services, Inc., FTX Trading Ltd, Blockfolio, Inc., Alameda Research, LLC, and any of their affiliates, subsidiaries, divisions, segments, predecessors, successors, officers, directors, employees, representatives, or agents.

 4. "FTX Platform" refers to the FTX Entities' mobile application and/or web-based cryptocurrency investment service that places cryptocurrency trade orders on behalf of users.

 5. "YBAs" refers to the Yield-Bearing Accounts offered by the FTX Entities on the FTX Platform.

 6. "FTT" refers to the native cryptocurrency exchange token of the FTX Platform ecosystem.

 7. "Document(s)" means any written, printed, typed or other graphic matter, of any kind or nature, whether in hard copy or electronic format, whether the original, draft, or a copy and copies bearing notations or marks not found on the original, including but not limited to memoranda, reports, recommendations, notes, letters, envelopes, post-its, emails, telegrams, messages, manuscripts, studies, analyses, tests, comparisons, books, articles, pamphlets,

- 3 -

magazines, newspapers, booklets, circulars, bulletins, notices, instructions, minutes, agreements, contracts, and all other written communications, of any type, including inter and intra-office communications, purchase orders, invoices, bills, receipts, questionnaires, surveys, charts, graphs, videos, photographs, sketches, drawings, house sheets, tapes, voice messages or other recordings, print-outs or compilations from which information can be obtained or, if necessary, translated through detection devices into reasonably usable form, including all underlying or preparatory materials and drafts thereof.

8.      "Person" or "People" means any natural person(s) or any business, legal, or governmental entity (or entities) or association(s).

9.      All/Each – The terms "all" and "each" shall be construed as meaning either all or each as necessary to bring within the scope of the discovery request all responses that might otherwise be construed to be outside its scope.

10.      Objections: Where an objection is made to any request, the objection shall state with specificity all grounds. Any ground not stated in an objection within the time provided by the Federal Rules of Civil Procedure, or by the Court's order, or any extensions thereof, shall be waived.

11.      Whenever a reference to a business entity appears, the reference shall mean the business entity, its affiliated companies, partnerships, divisions, subdivisions, directors, officers, employees, agents, clients or other representatives of affiliated third parties.

12.      Unless otherwise stated in a request, the time period for which you must respond is beginning in January 1, 2019 and ending at the present time.

## II. **DEPOSITION SUBJECTS**

Pursuant to Rule 30(b)(6), Solomid shall designate and produce for deposition one or more of its officers, directors, managing agents, or other persons who are knowledgeable about and consent to testify on its behalf concerning the following subject matters:

1.     All Documents and responses provided in response to Plaintiffs' requests for production and interrogatories.

2.     Contracts or agreements, regarding any business You (personally or through any entity owned by You, or any of Your or Your entities' affiliates, representatives, employees, or agents) conducted with the FTX Entities, including any payments made to You (personally or to any entity owned by You, or any of Your or Your entities' affiliates, representatives, employees, or agents) in accordance with any such contract or agreement.

3.     All content You (personally or through any entity owned by You, or any of Your or Your entities' affiliates, representatives, employees, or agents) produced or generated regarding, relating to, and/or mentioning the FTX platform, FTT, and/or YBAs, including content that may no longer be publicly available.

4.     Defendant's "targeting" of Florida audience and Florida's FTX consumers.

5.     Your (or Your entities' affiliates, representatives, employees, or agents) promotion of FTT, YBAs or the FTX Platform.

6.     All due diligence You (personally or through any entity owned by You, or any of Your or Your entities' affiliates, representatives, employees, or agents) conducted before promotion of FTT, YBAs or FTX Platform to the public.

7.     Your sales and revenue generated from advertising and marketing in Florida and/or to Florida consumers.

8.     This lawsuit and/or the subject matter of this lawsuit.

- 5 -

# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF FLORIDA
### MDL No. 3076
### CASE NO. 1:23-md-03076-KMM

In Re: FTX Cryptocurrency Exchange Collapse Litigation

## NOTICE OF TAKING THE VIDEOTAPED DEPOSITION OF DEFENDANT STEPHEN CURRY

Pursuant to Federal Rule of Civil Procedure 30, Plaintiffs' counsel will take the deposition of the below-named person/entity on the date, time, and at the location indicated.

**DEPONENT**:      Defendant Stephen Curry

**DATE**:

**TIME**:

**LOCATION**:      Zoom (contact counsel for details)

The aforesaid deposition will be before a court reporter, an officer authorized by law to administer oaths and take depositions in the State of Florida. The deposition is being taken for the purpose of discovery, for use at trial, or both, or for such other purposes as are permitted under the Federal and Local Rules of Civil Procedure.

Respectfully submitted on November ___, 2023.

| **Plaintiffs' Co-Lead Counsel** | |
|---|---|
| By: */s/ Adam Moskowitz* <br> Adam M. Moskowitz <br> Florida Bar No. 984280 <br> Joseph M. Kaye <br> Florida Bar No. 117520 <br> **THE MOSKOWITZ LAW FIRM, PLLC** <br> Continental Plaza <br> 3250 Mary Street, Suite 202 <br> Coconut Grove, FL 33133 <br> Office: (305) 740-1423 <br> adam@moskowitz-law.com <br> joseph@moskowitz-law.com <br> service@moskowitz-law.com | By: */s/ David Boies* <br> David Boies <br> Alex Boies <br> Brooke Alexander <br> **BOIES SCHILLER FLEXNER LLP** <br> 333 Main Street <br> Armonk, NY 10504 <br> Office: (914) 749-8200 <br> dboies@bsfllp.com <br> aboies@bsfllp.com <br> balexander@bsfllp.com |

| Plaintiffs' Promoter Committee Members | |
|---|---|
| Barbara C. Lewis<br>Florida Bar No. 118114<br>**THE MOSKOWITZ LAW FIRM, PLLC**<br>Continental Plaza<br>3250 Mary Street, Suite 202<br>Coconut Grove, FL 33133<br>Office: (305) 740-1423<br>barbara@moskowitz-law.com<br>service@moskowitz-law.com | K. Rachel Lanier<br>Alex Brown<br>**THE LANIER LAW FIRM, P.C.**<br>10940 W. Sam Houston Pkwy N.<br>Houston, TX 77064<br>Telephone: (713) 659-5200<br>Rachel.Lanier@lanierlawfirm.com<br>Alex.Brown@lanierlawfirm.com |

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on November ___, 2023, a true and correct copy of the foregoing was served via email to all counsel of record.

By: */s/ Adam M. Moskowitz*
Adam M. Moskowitz

- 2 -

# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF FLORIDA
### MDL No. 3076
### CASE NO. 1:23-md-03076-KMM

In Re: FTX Cryptocurrency Exchange Collapse Litigation

## NOTICE OF TAKING THE VIDEOTAPED DEPOSITION OF DEFENDANT UDONIS HASLEM

Pursuant to Federal Rule of Civil Procedure 30, Plaintiffs' counsel will take the deposition of the below-named person/entity on the date, time, and at the location indicated.

**DEPONENT**:          Defendant Udonis Haslem

**DATE**:

**TIME**:

**LOCATION**:          Zoom (contact counsel for details)

The aforesaid deposition will be before a court reporter, an officer authorized by law to administer oaths and take depositions in the State of Florida. The deposition is being taken for the purpose of discovery, for use at trial, or both, or for such other purposes as are permitted under the Federal and Local Rules of Civil Procedure.

Respectfully submitted on November ___, 2023.

| **Plaintiffs' Co-Lead Counsel** | |
|---|---|
| By: */s/ Adam Moskowitz*<br>Adam M. Moskowitz<br>Florida Bar No. 984280<br>Joseph M. Kaye<br>Florida Bar No. 117520<br>**THE MOSKOWITZ LAW FIRM, PLLC**<br>Continental Plaza<br>3250 Mary Street, Suite 202<br>Coconut Grove, FL 33133<br>Office: (305) 740-1423<br>adam@moskowitz-law.com<br>joseph@moskowitz-law.com<br>service@moskowitz-law.com | By: */s/ David Boies*<br>David Boies<br>Alex Boies<br>Brooke Alexander<br>**BOIES SCHILLER FLEXNER LLP**<br>333 Main Street<br>Armonk, NY 10504<br>Office: (914) 749-8200<br>dboies@bsfllp.com<br>aboies@bsfllp.com<br>balexander@bsfllp.com |

| Plaintiffs' Promoter Committee Members | |
|---|---|
| Barbara C. Lewis<br>Florida Bar No. 118114<br>**THE MOSKOWITZ LAW FIRM, PLLC**<br>Continental Plaza<br>3250 Mary Street, Suite 202<br>Coconut Grove, FL 33133<br>Office: (305) 740-1423<br>barbara@moskowitz-law.com<br>service@moskowitz-law.com | K. Rachel Lanier<br>Alex Brown<br>**THE LANIER LAW FIRM, P.C.**<br>10940 W. Sam Houston Pkwy N.<br>Houston, TX 77064<br>Telephone: (713) 659-5200<br>Rachel.Lanier@lanierlawfirm.com<br>Alex.Brown@lanierlawfirm.com |

## <u>CERTIFICATE OF SERVICE</u>

I HEREBY CERTIFY that on November ___, 2023, a true and correct copy of the foregoing was served via email to all counsel of record.

By: */s/ Adam M. Moskowitz*
Adam M. Moskowitz

# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF FLORIDA
### MDL No. 3076
### CASE NO. 1:23-md-03076-KMM

In Re: FTX Cryptocurrency Exchange Collapse Litigation

## NOTICE OF TAKING THE VIDEOTAPED DEPOSITION OF DEFENDANT GRAHAM STEPHAN

Pursuant to Federal Rule of Civil Procedure 30, Plaintiffs' counsel will take the deposition of the below-named person/entity on the date, time, and at the location indicated.

**DEPONENT**:          Defendant Graham Stephan

**DATE**:

**TIME**:

**LOCATION**:          Zoom (contact counsel for details)

The aforesaid deposition will be before a court reporter, an officer authorized by law to administer oaths and take depositions in the State of Florida.  The deposition is being taken for the purpose of discovery, for use at trial, or both, or for such other purposes as are permitted under the Federal and Local Rules of Civil Procedure.

Respectfully submitted on November ___, 2023.

| **Plaintiffs' Co-Lead Counsel** | |
|---|---|
| By: */s/ Adam Moskowitz*<br>Adam M. Moskowitz<br>Florida Bar No. 984280<br>Joseph M. Kaye<br>Florida Bar No. 117520<br>**THE MOSKOWITZ LAW FIRM, PLLC**<br>Continental Plaza<br>3250 Mary Street, Suite 202<br>Coconut Grove, FL 33133<br>Office: (305) 740-1423<br>adam@moskowitz-law.com<br>joseph@moskowitz-law.com<br>service@moskowitz-law.com | By: */s/ David Boies*<br>David Boies<br>Alex Boies<br>Brooke Alexander<br>**BOIES SCHILLER FLEXNER LLP**<br>333 Main Street<br>Armonk, NY 10504<br>Office: (914) 749-8200<br>dboies@bsfllp.com<br>aboies@bsfllp.com<br>balexander@bsfllp.com |

| Plaintiffs' Promoter Committee Members | |
|---|---|
| Barbara C. Lewis<br>Florida Bar No. 118114<br>**THE MOSKOWITZ LAW FIRM, PLLC**<br>Continental Plaza<br>3250 Mary Street, Suite 202<br>Coconut Grove, FL 33133<br>Office: (305) 740-1423<br>barbara@moskowitz-law.com<br>service@moskowitz-law.com | K. Rachel Lanier<br>Alex Brown<br>**THE LANIER LAW FIRM, P.C.**<br>10940 W. Sam Houston Pkwy N.<br>Houston, TX 77064<br>Telephone: (713) 659-5200<br>Rachel.Lanier@lanierlawfirm.com<br>Alex.Brown@lanierlawfirm.com |

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on November ___, 2023, a true and correct copy of the foregoing was served via email to all counsel of record.

By: */s/ Adam M. Moskowitz*
Adam M. Moskowitz

- 2 -

# Composite

# Exhibit D

**PLAINTIFFS' OMNIBUS MOTION TO LIFT DISCOVERY STAY AND FOR LEAVE TO CONDUCT JURISDICTIONAL DISCOVERY, AND, IF NECESSARY TO AMEND THEIR COMPLAINTS WITH ANY FACTS ARISING FROM SUCH DISCOVERY**

(Part 2 of 3)

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**
**MDL No. 3076**
**CASE NO. 1:23-md-03076-KMM**

In Re: FTX Cryptocurrency Exchange Collapse Litigation

**PLAINTIFFS' FIRST SET OF REQUESTS FOR PRODUCTION OF DOCUMENTS TO**
**DEFENDANT DELTEC BANK AND TRUST COMPANY LIMITED.**

Plaintiffs in the above-titled action, pursuant to Rules 26 and 34 of the Federal Rules of

Civil Procedure, and Local Rule 26.1 of the United States District Court for the Southern District

of Florida, request that Defendant Deltec Bank and Trust Company Limited, produce all

documents, electronically stored information, and things that are in your possession, custody, or

control requested in response to the following Requests for Production.

Respectfully submitted on November ___, 2023

| Plaintiffs' Co-Lead Counsel | |
|---|---|
| By: */s/ Adam Moskowitz*<br>Adam M. Moskowitz<br>Florida Bar No. 984280<br>Joseph M. Kaye<br>Florida Bar No. 117520<br>**THE MOSKOWITZ LAW FIRM, PLLC**<br>Continental Plaza<br>3250 Mary Street, Suite 202<br>Coconut Grove, FL 33133<br>Office: (305) 740-1423<br>adam@moskowitz-law.com<br>joseph@moskowitz-law.com<br>service@moskowitz-law.com | By: */s/ David Boies*<br>David Boies<br>Alex Boies<br>Brooke Alexander<br>**BOIES SCHILLER FLEXNER LLP**<br>333 Main Street<br>Armonk, NY 10504<br>Office: (914) 749-8200<br>dboies@bsfllp.com<br>aboies@bsfllp.com<br>balexander@bsfllp.com |

| Plaintiffs' Steering Committee Members | |
|---|---|
| Joseph R. Saveri<br>**JOSEPH SAVERI LAW FIRM**<br>601 California Street, Suite 1000<br>San Francisco, CA 94108<br>Telephone: (415) 500-6800<br>jsaveri@saverilawfirm.com | James R. Swanson<br>Kerry J. Miller<br>**FISHMAN HAYGOOD LLP**<br>201 St. Charles Avenue, 46th Floor<br>New Orleans, LA 70170<br>Telephone: (504) 586-5252<br>jswanson@fishmanhaygood.com<br>kmiller@fishmanhaygood.com |
| Robert Lieff<br>**P.O. Drawer A**<br>Rutherford, CA 94573<br>rlieff@lieff.com | |

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on November ___, 2023, a true and correct copy of the foregoing was served via email to all counsel of record.

By: */s/ Adam M. Moskowitz*
Adam M. Moskowitz

## **DEFINITIONS**

Unless otherwise specified, the terms set forth below have the following meanings:

1.    "Alameda" refers to Alameda Research LLC, including, but not limited to, its past and present subsidiaries, affiliates, divisions, segments (including any mobile application and/or web-based cryptocurrency investment services or trading platform), predecessors (including acquired entities or lines of business), successors, directors, officers, employees, representatives and/or agents. No specific reference to any of the foregoing in the following Requests, including any specific reference to Samuel Bankman-Fried, Caroline Ellison, Gary Wang, or Nishad Singh, serves to limit the scope of any reference to Alameda herein.

2.    "All/Each" and "And/Or" – The terms "all", "each", "and" and "or" shall be construed as meaning either all or each as necessary, or conjunctively, to bring within the scope of the discovery request all responses that might otherwise be construed to be outside its scope.

3.    "Bankruptcy Actions" refers to Case No. 22-11068 (JTD) (Jointly Administered) pending in the United States Bankruptcy Court for the District of Delaware, and all bankruptcy proceedings filed in or after November 2022 on behalf of any of the FTX Entities and/or Alameda, and all adversary proceedings filed in connection therewith.

4.    "Communication" means, without limitation, the transmittal of information in the form of facts, ideas, inquiries or otherwise, and whether orally or in writing, or by any other means or medium, including in person, electronically and/or by exchange or communication of any document, and includes, without limitation,

correspondence, memoranda, reports, presentations, face-to-face conversations, telephone conversations, text messages, instant messages, voice messages, negotiations, Agreements, inquiries, understandings, meetings, letters, notes, telegrams, mail, email, exchanges of recorded information, and postings of any type. The term "Communication" includes instances where one party disseminates information that the other party receives but does not respond to.

5.  "Concerning" means relating to, referring to, describing, evidencing or constituting.

6.  "Control person" means a person (as defined herein) in direct or indirect possession of the power to direct or cause the direction of the management and policies of a person (as defined herein), whether through the ownership of voting securities, by contract, or otherwise.

7.  "Creditors" refers to all creditors in the Bankruptcy Actions, including, but not limited to, any committees of such creditors.

8.  "Criminal Proceedings" refers to *United States v. Sam Bankman-Fried*, 1:22-CR-00673 pending in the Southern District of New York, and all criminal proceedings filed in or after November 2022 relating to  the FTX Entities and/or Alameda. "Debtors" refers to all FTX Entities and/or Alameda that have filed petitions for bankruptcy protection in the Bankruptcy Actions.  When referring to the FTX Entities and/or Alameda in the Requests, the Requests cover the periods both prior to, and after, their filing of any of the Bankruptcy Actions.

9.  "Defendants" refers to any and all persons and/or entities named as defendants in any of the actions consolidated with, and into, the above-captioned action.  For

- 2 -

purposes of these Requests, Defendants also includes Silvergate Capital Corporation (a/k/a Silvergate Bank) and Signature Bank.

10. "Document" refers to any written, printed, typed or other graphic matter, of any kind or nature, whether in hard copy or electronic format, whether the original, draft, or a copy and copies bearing notations or marks not found on the original, including, but not limited to, memoranda, reports, recommendations, notes, letters, envelopes, post-its, emails, text messages, instant messages (including, but not limited to, messages exchanged or sent using Slack, Teams, Discord, WhatsApp, Signal or any other similar application), transcripts, studies, analyses, tests, books, articles, minutes, agreements, contracts, and all other written communications, of any type, including inter and intra-office communications, questionnaires, surveys, charts, graphs, videos, photographs, tapes, voice messages or other recordings, print-outs or compilations from which information can be obtained or, if necessary, translated through detection devices into reasonably usable form, including all underlying or preparatory materials and drafts thereof. To the extent not already covered in the above definition, "Document" specifically includes any "writing", "recording", "photograph", "original" or "duplicate" as defined in Rule 1001 of the Federal Rules of Evidence, and/or "Electronically Stored Information" within the full scope of Rule 34 of the Federal Rules of Civil Procedure and/or as further defined as "ESI" herein.

11. "ESI" refers to Electronically Stored Information, as consistent with Rule 34 of the Federal Rules of Civil Procedure and includes all computer or electronically stored or generated data and information, including all attachments to and enclosures

3816133v1

within any requested item, and all drafts thereof. ESI includes all information and documents stored in any format and on any storage media, including, but not limited to: internal and external storage devices, hard drives, flash drives; and magnetic tape, whether fixed, portable or removable, and ESI further includes, but is not limited to, electronic spreadsheets, electronic presentation documents, e-mail messages, text messages, message platforms (including, but not limited to, Slack, Teams, Discord, WhatsApp, Telegram, Messenger, Signal or any other similar platforms where chat messages are exchanged); image files; sound files; material or information stored in a database or accessible from a database (including, but not limited to, Salesforce, Azure Cloud, or SQL databases). Responsive ESI may also include data on social media websites (e.g., LinkedIn, Facebook, Twitter, Instagram, and internal intranet social media). To the extent that a document or ESI contains tracked changes, comments, or other hidden text, the document or ESI should be imaged with that hidden text displayed. ESI also includes all associated metadata that is maintained or saved (including for example, author, recipient, file creation date, file modification date, etc.). Metadata preservation includes preserving parent-child relationships within a document family (the association between an attachment and its parents' document or between embedded documents and their parent). The entire document and attachments will be produced, except any attachments that may be withheld or redacted on the basis of any protection or privilege, work product, or other applicable protection. Best efforts shall be made to ensure that the parent-child relationships within a document family (the association between an attachment and its parent document) are preserved and that

3816133v1

such responsive child document(s) should be consecutively produced immediately after the responsive parent document.

12. "FTT" refers to the digital token created by the FTX Entities.

13. "FTX Entities" refers to FTX Trading and/or FTX US.

14. "FTX Trading" refers to FTX Trading Ltd. d/b/a FTX Trading, including, but not limited to, its past and present subsidiaries, affiliates, divisions, segments (including any mobile application and/or web-based cryptocurrency investment services or trading platform, such as FTX.com), predecessors (including acquired entities or lines of business such as Blockfolio, Inc.), successors, directors, officers, employees, representatives and/or agents. No specific reference to any of the foregoing in the following Requests, including any specific reference to Samuel Bankman-Fried, Caroline Ellison, Gary Wang, or Nishad Singh, serves to limit the scope of any reference to FTX Trading herein.

15. "FTX US" refers to West Realm Shires Services Inc. d/b/a FTX US, including, but not limited to, its past and present subsidiaries, affiliates, divisions, segments (including any mobile application and/or web-based cryptocurrency investment services or platform, such as FTX.com), predecessors (including acquired entities or lines of business such as Blockfolio, Inc.), successors, directors, officers, employees, representatives and/or agents. No specific reference to any of the foregoing in the following Requests, including any specific reference to Samuel Bankman-Fried, Caroline Ellison, Gary Wang, or Nishad Singh, serves to limit the scope of any reference to FTX US herein.

16.     "Liquidators" refers to all liquidators in the Bankruptcy Actions, including, but not limited to, the Joint Provisional Liquidators of FTX Digital Markets Ltd.

17.     "Moonstone" refers to Farmington State Bank d/b/a Moonstone Bank, its predecessors, successors, subsidiaries, departments divisions, and/or affiliates, including, but not limited to, any banking entities affiliated with or held by Moonstone or in which Moonstone is a member or other owner, its international, national or local branches or offices. "Moonstone" shall also encompass Moonstone's current and prior partners, officers, directors, employees, representatives, agents or any persons acting or purporting to act on behalf of Moonstone, including but not limited to Jean Chalopin and Janvier Chalopin

18.     "Person" or "People" refers to any natural person(s) or any business, legal, or governmental entity (or entities) or association(s).

19.     "Trustee" refers to the U.S. Trustee assigned in the Bankruptcy Actions, including any of the Trustee's employee or agents, including any examiner appointed in the Bankruptcy Actions.

20.     "You" or "Your" shall refer to Deltec Bank and Trust Company Limited ("Deltec"), its predecessors, successors, subsidiaries, departments divisions, and/or affiliates, including, but not limited to, any banking entities affiliated with or held by Deltec or in which Deltec is a member or other owner, its international, national or local branches or offices. "You" or "Your" shall also encompass Deltec's current and prior partners, officers, directors, employees, representatives, agents or any persons acting or purporting to act on behalf of Deltec, including but not limited to Jean Chalopin.

- 6 -

21.     Whenever a reference to a business entity appears, the reference shall mean the business entity, its affiliated companies, partnerships, divisions, subdivisions, directors, officers, employees, agents, clients or other representatives of affiliated third parties.

22.     Defined terms may or may not be capitalized or made uppercase; the given definitions apply even if a term in question is not capitalized or made uppercase. No waiver of a definition is implied by the use of a defined term in a non-capitalized or lowercase form.

# <u>INSTRUCTIONS</u>

1.    Production of documents and items requested herein shall be made at the offices of The Moskowitz Law Firm, P.O. Box 653409, Miami, FL 33133, or via electronic mail to the email addresses provided in the signature blocks of the attorneys serving these requests.

2.    Unless otherwise stated in a request, the time period for which you must respond is January 1, 2019, through the date of production.

3.    Objections: Where an objection is made to any request, the objection shall state with specificity all grounds for the objection and respond to the Request to the extent it is not objectionable. Any ground not stated in an objection within the time provided by the Federal Rules of Civil Procedure, or by the Court's order, or any extensions thereof, shall be waived.

4.    These requests shall include all documents that are in your possession, custody or control or in the possession, custody or control of your present or former agents, representatives, or your attorneys, or any and all persons acting on your behalf, or your present or former agents, representatives, or attorneys.

5.    For any document, or portion thereof, covered by a request that is withheld from production (or redacted in whole or in part) under claim of privilege, work product protection or any other basis, you shall provide the following information in the form of a privilege log:

       a.    the reasons and each and every fact supporting any withholding, and legal basis for withholding the document including sufficient facts for the Court to make a full determination as to whether the claim of privilege is valid;

       b.    the date such document was prepared;

- 8 -

c.  the names, employment positions and addresses of the author or preparers of such document;

d.  the names, employment positions, and the addresses of each person who received such document;

e.  the title, a brief description, and the subject matter of the document;

f.  the number of the request under which such document would be produced but for the objection; and

g.  description of the subject matter sufficient to determine whether the privilege is properly invoked (without revealing privileged information)

6.  If any document responsive to a request has been destroyed, produce all documents describing or referencing:

a.  the contents of the lost or destroyed document;

b.  all locations in which any copy of the lost or destroyed document had been maintained;

c.  the date of such loss or destruction;

d.  the name of each person who ordered, authorized, and carried out the destruction of any responsive document;

e.  all document retention and destruction policies in effect at the time any requested document was destroyed; and

f.  all efforts made to locate any responsive document alleged to have been lost.

7.  In producing the documents requested, indicate the specific request(s) pursuant to which document or group of documents is being produced.

8.  These requests should be deemed continuing such that if you, your directors, officers, employees, agents, representatives, or any person acting on your behalf, subsequently discover or obtain possession, custody, or control of any document or ESI previously requested or required to be produced, you should make a

supplemental production of such document or ESI. Supplemental productions should be provided on a rolling basis as additional documents become available.

9. All documents that cannot be accurately represented in TIFF format (such as spreadsheets, computer slide presentations, audio files, video files, and other similar file types) shall be provided in native format. The parties will further meet and confer regarding appropriate format of production for databases and structured data (e.g., Microsoft Teams, Slack, Microsoft Access, Azure Cloud, Salesforce, Oracle, or other ephemeral messaging or proprietary database systems).

10. In responding to these Document Requests, you are to include Documents:

    a.    obtained from witnesses who gave information to any governmental agency or investigatory body;

    b.    that constitute, or refer or relate to, summaries of testimony or other statements in connection with any governmental agency or investigatory body proceeding or investigation; or

    c.    obtained on your behalf by counsel in preparing for testimony or interviews before any governmental agency or investigatory body.

11. All documents are to be produced in the following method if not produced in its Native Format:

    a.    Single page .TIFF images

    b.    Color.jpg (documents wherein reflection of importance relies on color, shall be produced in .jpg format)

    c.    Document level Text Files containing extracted full text or OCR text

    d.    Electronic documents, e-mails, text or instant messages are to be processed and converted from the electronic format to single page tiff.

- 10 -

## REQUESTS FOR PRODUCTION

1.     All workpapers, communications and/or other documents concerning any of the accounts at Deltec that were opened or held in the name of or for the benefit of FTX Entities and/or Alameda, including, but not limited to, account lists, account opening documents, signature cards, and terms for the accounts..

2.     All agreements between you and FTX Entities and/or Alameda, including but not limited to deposit agreements, wire transfer agreements, escrow agreements, custodial agreements, loan agreements, ACH agreements and authorization limits, account signatory agreements, and any other service or account management agreements.

3.     All workpapers, communications and/or other documents concerning the expected account activity in the accounts at Deltec that were opened or held in the name of or for the benefit of FTX Entities and/or Alameda.

4.     All workpapers, communications and/or other documents concerning the actual account activity in the accounts that were opened or held in the name of or for the benefit of FTX Entities and/or Alameda. This request specifically seeks but is not limited to: all account statements and summaries, records of deposits and withdrawals, wire transfer records, records of all other electronic funds transfers not constituting wire transfers, ACH records, records of account transfers between accounts opened or held in the name of or for the benefit of FTX Entities and/or Alameda at Deltec, and records of all account activity involving checks.

5.     All workpapers, communications and/or other documents concerning any loans made or credit facilities (e.g. irrevocable standby letters of credit, or other letters of

credit) offered by you to or for the benefit of FTX Entities and/or Alameda including all documents and communications concerning:

    a.     any loan evaluations,

    b.     any claimed or actual security or collateral for such loans or credit facilities,

    c.     any repayment of such loans or credit facilities that you sought or that any person made, and

    d.     any claimed or actual use of the proceeds of such loans or credit facilities.

This includes a request for documents sufficient to identify your employees with responsibility for making, approving, and monitoring such loans or credit facilities.

6.     All workpapers, communications and/or documents concerning concerning accounts personally held by directors, officers, managers, employees, representatives, or agents of FTX Entities and/or Alameda at Deltec, and any non-market or non-standard terms in those accounts, including but not limited to in respect of wire or electronic transfer processes, overdraft privileges, interest rates, and amortization.

7.     Your policies, procedures, manuals, training materials, instructions, or forms related to Anti-Money Laundering ("AML"), Countering the Financing of Terrorism ("CFT"), verification of customer identity, Customer Due Diligence ("CDD"), Know Your Customer ("KYC"), Customer Risk Assessment or Risk Rating, Services Risk Assessment or Risk Rating, Enhanced CDD, on-going monitoring of customer relationships, electronic funds transfers, Suspicious Transaction Reports ("STR"), account-opening, risk management, record-keeping, and any similar such policies or procedures related to customer due diligence or

- 12 -

account monitoring, as well as any heightened or enhanced versions of such policies or procedures. This request includes all versions of the foregoing documents that were proposed or put in place from 2019 to present.

8.      All workpapers, communications and/or documents concerning your monitoring for suspicious or fraudulent activity, including but not limited to actual or potential alerts, cautions, flags, or alarms raised as a result of Your monitoring systems or the policies and procedures referenced in the previous request – including enhanced versions of them – and any reports (*e.g.*, STRs, Currency Transaction Reports ("CTR"), Reports of International Transportation of Currency or Monetary Instruments ("CMIR"), large scale cash deposits, large scale transaction reports, low balance reports, balance fluctuation reports, reports of international funds transfers just below reporting threshold, or reports of atypical or uneconomical account activity or funds movement) made thereof, including any STR filed by you. This includes a request for documents sufficient to identify your employees who were involved in such procedures.

9.      All workpapers, communications and/or documents concerning your review of, or inquiry or investigation into, any activity at any time in any accounts (including correspondent accounts) held or opened in the name of or for the benefit of FTX Entities and/or Alameda at Deltec. This includes a request for all documents and communications concerning any actual or potential alerts, cautions, flags, alarms, or red flags raised by such review, inquiry, or investigation, based upon:

a.      possible or actual comingling of FTX Entities' depositors' funds or assets with FTX Entities' or Alameda's funds or assets,

b.      the volume of transfers made into and out of such accounts,

- 13 -

c.      the individual or aggregate value of transfers made into and out of such accounts,

d.      the rationale or lack thereof for large transactions made into and out of such accounts,

e.      the frequency of transfers made into and out of such accounts,

f.      the round trip or circular nature of any of the transfers made into and out of such accounts,

g.      the geographic place of origin or destination of transfers made into and out of such accounts,

h.      the unusual, atypical, or uneconomic nature of transfers made into and out of such accounts,

i.      the repetitiveness of transfers made into and out of such accounts,

j.      the complexity of transfers made into and out of such accounts,

k.      the electronic nature of transfers made into and out of such accounts,

l.      the purpose of transfers made into and out of such accounts,

m.      the identity of the transferees for transfers made out of such accounts, including whether the transferees (or the transferee accounts) were related to the transferors (or the transferor accounts),

n.      the identity of the transferees for transfers made out of such accounts, including whether the transferees appeared to take possession of funds or assets of depositors of FTX Entities,

o.      the identity of the transferees for transfers made out of such accounts, including whether the transferees were entities whose role as transferee had been disclosed to FTX Entities' depositors or you by FTX Entities or Alameda,

p.       any round number dollar amounts involved in the transfers made into or out of such accounts,

q.      any check pouching or cash letter activity in such accounts, or

r.      certain of these accounts being correspondent accounts.

- 14 -

This also includes a request for documents sufficient to identify your directors, officers, managers, employees, representatives, or other agents involved in such review, inquiry, or investigation.

10.     All workpapers, communications and/or documents concerning generated by or concerning any automated transaction monitoring systems maintained by you in response to activity at any time in any accounts (including correspondent accounts) held or opened in the name of or for the benefit of FTX Entities and/or Alameda, including documents sufficient to identify the codes, rules, thresholds or parameters that have been established for or used by the automated transaction monitoring systems that generated any alerts, cautions, flags, alarms or red flags that are responsive to the previous request. This includes a request for any and all documents necessary to understand all fields in documents produced in response to the previous request.

11.     All workpapers, communications and/or documents, including investigation reports, concerning the automated transaction monitoring system alerts, cautions, flags, alarms, or red flags that are responsive to individual request number 8. This includes a request for documents sufficient to identify your employees involved in reviewing such alerts, cautions, flags, alarms, or red flags.

12.     All your general policies, procedures, or operating manuals related to the services you provided to FTX Entities and/or Alameda, including but not limited to those relating to processing wire transfers or other electronic funds transfers, treasury services, any advisory services, trade financing services, banking and taking custody of cryptocurrencies, or trading, lending, and borrowing digital assets.

- 15 -

13.     All workpapers, communications and/or documents reflecting or relating to any special policies, procedures, or manuals—whether official or unofficial—that you prepared and followed specifically for the FTX Entities' and/or Alameda accounts.

14.     All workpapers, communications and/or documents concerning actual, requested, or proposed visits by you to FTX Entities and/or Alameda or by FTX Entities and/or Alameda to you.

15.     All communications among or between Deltec's directors, officers, managers, employees, representatives and/or agents concerning accounts held in the name of FTX Entities and/or Alameda.

16.     All work papers, documents, and/or communications concerning the FTX Entities and/or Alameda that you provided to or exchanged with:

    a.      Officers, directors, employees, and control persons of any of the FTX Entities and/or Alameda, including, but not limited to, Samuel Bankman-Fried, Gary Wang, Nishad Singh, Caroline Ellison, Brett Harrison, Sam Trabucco, Zach Dexter, Ryne Miller, Ryan Salame, Dan Friedberg, and Ramnik Arora;

    b.      any actual or prospective customer of any of the FTX Entities and/or any actual or prospective investor in any of the FTX Entities;   or

    c.      any of the Defendants.

17.     All workpapers, communications and/or documents concerning (a) whether FTX Entities and/or Alameda were registered (including any registration for purposes of the Investment Company Act of 1940, 15 U.S.C. § 80a, et seq.) or regulated (including by the SEC or FINRA), or (b) whether any applicable digital assets were registered or were subject to a Regulation D exemption from registration under the Securities Act of 1933, 15 U.S.C. § 77a, et seq.

- 16 -

18.     All workpapers, communications and/or documents that you gathered or created before November 11, 2022 concerning:

     a.    any news articles or media coverage concerning FTX Entities and/or Alameda,

     b.    any litigation activity concerning FTX Entities and/or Alameda, or to which FTX Entities and/or Alameda was a party,

     c.    any proceedings at any administrative or regulatory body concerning FTX Entities and/or Alameda, or to which FTX Entities and/or Alameda was a party, including proceedings involving their employees or their customers, and the outcomes of any such proceedings, including sanctions, suspensions, fines, or censures,

     d.    any action that was taken or notice that was issued concerning FTX Entities and/or Alameda by a governmental, regulatory (including self-regulatory), oversight, administrative, criminal law, or enforcement body,

     e.    any proposed or final report issued or to be issued by any agency or government instrumentality (*e.g.*, an administrative or regulatory body or committee or subcommittee of either chamber of the U.S. Congress) concerning FTX Entities and/or Alameda,

     f.    allegations made by any claimed whistleblower against or concerning FTX Entities and/or Alameda,

     g.    any examination, inquiry, or review by a governmental or regulatory agency into or concerning FTX Entities and/or Alameda, and

     h.    all assertions that FTX Entities and/or Alameda were or might be engaged in or part of a fraudulent enterprise or Ponzi scheme, or were or might be engaged in or part of money-laundering activities for drug cartels or others.

This includes a request for all documents and communications concerning FTX Entities and/or Alameda that you conducted or attempted to conduct with persons litigating against them, including employees and customers (as referenced in subparagraphs (b) and (c) above), or with journalists (as referenced in subparagraph (a) above), or with whistleblowers (as referenced in subparagraph (f) above).

- 17 -

19.     All workpapers, communications and/or documents concerning any recommendations, referrals, or references that you provided to or for FTX Entities and/or Alameda, including as addressed to all actual or prospective depositors generally speaking, business counterparties, regulators or other governmental bodies, specific persons, "To Whom It May Concern," or otherwise. This includes a request for all documents and communications whereby you vouch for FTX Entities and/or Alameda, including for FTX Entities and/or Alameda insiders or control persons.

20.     All workpapers, communications and/or documents concerning the size and importance to You of your actual and prospective relationships with FTX Entities and/or Alameda, on an absolute basis and on a comparative basis to your relationships with other clients. This includes a request for all documents and communications concerning the size and importance to you of:

        a.      your actual and prospective revenue and profits from FTX Entities and/or Alameda, on an absolute basis and on a comparative basis to your revenues and profits from other clients, and

        b.      the balances in the accounts (including correspondent accounts) in the names of FTX Entities and/or Alameda, on an absolute basis and on a comparative basis to balances in the accounts in the names of other clients.

        This also includes documentation showing total deposits at Deltec in the accounts in the name of FTX Entities and/or Alameda as well as total deposits overall at Deltec.

21.     All workpapers, communications and/or documents concerning (a) threats, indications, or statements by FTX Entities and/or Alameda concerning the movement of some or all of their business, accounts, or balances from Deltec, (b)

your contemplation that FTX Entities and/or Alameda might do so, and (c) actual or potential efforts by you to grow your business, relationships, accounts, or balances with FTX Entities and/or Alameda.

22.    All workpapers, communications and/or documents concerning FTX Entities and/or Alameda, or any of their officers or directors or control persons actually or potentially being (a) designated as a "VIP customer," (b) designated as a "Politically Exposed Person," or (c) deemed to be in a "Special Category of Clients," as well as all documents and communications concerning any risk level assigned by you to FTX Entities and/or Alameda.

23.    All correspondent banking agreements between you and any other bank relating to any services performed by you concerning the FTX Entities and/or Alameda.

24.    All audit, due diligence, or other reports (whether prepared by you or others) concerning the FTX Entities and/or Alameda, and all documents and communications concerning such reports.

25.    Any periodic or intermittent audits, reviews, evaluations, or reports, either prepared internally or by a third party, regarding your compliance with applicable Statutes and Regulations or internal policies and procedures regarding compliance with Statutes and Regulations or industry standards and best practices, including any KYC procedures, AML procedures, customer identification procedures, procedures and related guidelines pursuant to the Bahamas Banks and Trust Companies Regulation Act, the Central Bank of the Bahamas Act and the Bahamas Cooperative Credit Unions Act, AML risk management, client due diligence, or account-opening policies and procedures maintained by you. This includes a request for any

- 19 -

audit or model validation reports regarding automated transaction monitoring systems maintained by you.

26. All workpapers, communications and/or documents concerning the source of funds deposited into any accounts (including correspondent accounts) opened or held in the name of or for the benefit of FTX Entities and/or Alameda, including all documents and communications concerning whether these funds originated from (a) the purchase of cryptocurrencies or tokens, or (b) other deposit products offered by FTX Entities and/or Alameda.

27. All workpapers, communications and/or documents concerning any services or products that FTX Entities and/or Alameda offered to customers or depositors or investors.

28. All workpapers, communications and/or documents concerning the formation and governance of any of the FTX Entities and/or Alameda, including, but not limited to, articles of incorporation, articles of formation, by-laws, membership agreements, partnership agreements, and certificates of good standing.

29. All workpapers, communications and/or documents concerning the ownership of, and relationship between, if any, each of the FTX Entities and/or Alameda and/or any joint ventures, affiliates, and/or subsidiaries, including, but not limited to, organizational charts.

30. All workpapers, communications and/or documents concerning your efforts to transform Bahamian laws, regulations, policies, or other guidance in order to make them more favorable for digital asset startups.

- 20 -

31.   All workpapers, communications and/or documents concerning the accounts opened by Tether Limited Inc. ("Tether") at Deltec, Tether's expected banking activity at Deltec, Tether's actual banking activity at Deltec, including transactions by, to, or through the FTX entities, their insiders, or their affiliates.

32.   All workpapers, communications and/or documents concerning the Crypto Bahamas cryptocurrency summit that you co-hosted with FTX in the Bahamas.

33.   All workpapers, communications and/or documents concerning the $50 million loan in favor of Deltec International Group from Norton Hall Ltd, and any other loans or other transactions between you and FTX, its insiders, or its affiliates.

34.   All workpapers, communications and/or documents concerning Jean Chalopin's efforts to obtain funding, whether via investment or loan or any other form whatsoever, for Deltec or Moonstone from the FTX Entities and/or Alameda.

35.   All workpapers, communications and/or documents concerning Alameda's $11.5 million investment in Moonstone.

36.   All workpapers, communications and/or documents between FTX Entities and/or Alameda and Jean Chalopin, whether in his personal capacity or representative capacity for Deltec and/or Moonstone, concerning the U.S. banking services that FTX Entities and/or Alameda requested or required.

37.   To the extent not already produced in connection with any of the above requests, all work papers, communications, transcripts and/or recordings of any depositions, testimony, interviews, or statements you have provided concerning the FTX Entities and/or Alameda in any court, administrative proceedings, the Bankruptcy

- 21 -

Actions, the Criminal Proceedings, or any other foreign or domestic forum or in response to any governmental agency request.

38. All workpapers, communications, documents or other discovery concerning your operations in the United States.

39. To the extent not produced in response to any of the foregoing requests, all documents and communications concerning any account at Deltec in the name of FTX Entities and/or Alameda. This includes a request for documents sufficient to identify your employees involved in (a) opening such accounts, (b) ongoing activity in such accounts, or (c) any review, inquiry, or investigation into the holders of such accounts or into any activity in such accounts.

# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF FLORIDA
### MDL No. 3076
### CASE NO. 1:23-md-03076-KMM

In Re: FTX Cryptocurrency Exchange Collapse Litigation

## PLAINTIFFS' FIRST SET OF REQUESTS FOR PRODUCTION OF DOCUMENTS TO DEFENDANT MOONSTONE BANK

Plaintiffs in the above-titled action, pursuant to Rules 26 and 34 of the Federal Rules of

Civil Procedure, and Local Rule 26.1 of the United States District Court for the Southern District

of Florida, request that Defendant Farmington State Bank d/b/a Moonstone Bank, produce all

documents, electronically stored information, and things that are in your possession, custody, or

control requested in response to the following Requests for Production.

Respectfully submitted on November ___, 2023

| Plaintiffs' Co-Lead Counsel | |
|---|---|
| By: */s/ Adam Moskowitz*<br>Adam M. Moskowitz<br>Florida Bar No. 984280<br>Joseph M. Kaye<br>Florida Bar No. 117520<br>**THE MOSKOWITZ LAW FIRM, PLLC**<br>Continental Plaza<br>3250 Mary Street, Suite 202<br>Coconut Grove, FL 33133<br>Office: (305) 740-1423<br>adam@moskowitz-law.com<br>joseph@moskowitz-law.com<br>service@moskowitz-law.com | By: */s/ David Boies*<br>David Boies<br>Alex Boies<br>Brooke Alexander<br>**BOIES SCHILLER FLEXNER LLP**<br>333 Main Street<br>Armonk, NY 10504<br>Office: (914) 749-8200<br>dboies@bsfllp.com<br>aboies@bsfllp.com<br>balexander@bsfllp.com |

| Plaintiffs' Steering Committee Members | |
|---|---|
| Joseph R. Saveri<br>**JOSEPH SAVERI LAW FIRM**<br>601 California Street, Suite 1000<br>San Francisco, CA 94108<br>Telephone: (415) 500-6800<br>jsaveri@saverilawfirm.com | James R. Swanson<br>Kerry J. Miller<br>**FISHMAN HAYGOOD LLP**<br>201 St. Charles Avenue, 46th Floor<br>New Orleans, LA 70170<br>Telephone: (504) 586-5252<br>jswanson@fishmanhaygood.com<br>kmiller@fishmanhaygood.com |
| Robert Lieff<br>P.O. Drawer A<br>Rutherford, CA 94573<br>rlieff@lieff.com | |

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on November ___, 2023, a true and correct copy of the foregoing was served via email to all counsel of record.

By: */s/ Adam M. Moskowitz*
Adam M. Moskowitz

## **DEFINITIONS**

Unless otherwise specified, the terms set forth below have the following meanings:

1.  "Alameda" refers to Alameda Research LLC, including, but not limited to, its past and present subsidiaries, affiliates, divisions, segments (including any mobile application and/or web-based cryptocurrency investment services or trading platform), predecessors (including acquired entities or lines of business), successors, directors, officers, employees, representatives and/or agents. No specific reference to any of the foregoing in the following Requests, including any specific reference to Samuel Bankman-Fried, Caroline Ellison, Gary Wang, or Nishad Singh, serves to limit the scope of any reference to Alameda herein.

2.  "All/Each" and "And/Or" – The terms "all", "each", "and" and "or" shall be construed as meaning either all or each as necessary, or conjunctively, to bring within the scope of the discovery request all responses that might otherwise be construed to be outside its scope.

3.  "Bankruptcy Actions" refers to Case No. 22-11068 (JTD) (Jointly Administered) pending in the United States Bankruptcy Court for the District of Delaware, and all bankruptcy proceedings filed in or after November 2022 on behalf of any of the FTX Entities and/or Alameda, and all adversary proceedings filed in connection therewith.

4.  "Communication" means, without limitation, the transmittal of information in the form of facts, ideas, inquiries or otherwise, and whether orally or in writing, or by any other means or medium, including in person, electronically and/or by exchange or communication of any document, and includes, without limitation,

- 1 -

correspondence, memoranda, reports, presentations, face-to-face conversations, telephone conversations, text messages, instant messages, voice messages, negotiations, Agreements, inquiries, understandings, meetings, letters, notes, telegrams, mail, email, exchanges of recorded information, and postings of any type. The term "Communication" includes instances where one party disseminates information that the other party receives but does not respond to.

5.    "Concerning" means relating to, referring to, describing, evidencing or constituting.

6.    "Control person" means a person (as defined herein) in direct or indirect possession of the power to direct or cause the direction of the management and policies of a person (as defined herein), whether through the ownership of voting securities, by contract, or otherwise.

7.    "Creditors" refers to all creditors in the Bankruptcy Actions, including, but not limited to, any committees of such creditors.

8.    "Criminal Proceedings" refers to *United States v. Sam Bankman-Fried*, 1:22-CR-00673 pending in the Southern District of New York, and all criminal proceedings filed in or after November 2022 relating to  the FTX Entities and/or Alameda.

9.    "Debtors" refers to all FTX Entities and/or Alameda that have filed petitions for bankruptcy protection in the Bankruptcy Actions.  When referring to the FTX Entities and/or Alameda in the Requests, the Requests cover the periods both prior to, and after, their filing of any of the Bankruptcy Actions.

10.    "Defendants" refers to any and all persons and/or entities named as defendants in any of the actions consolidated with, and into, the above-captioned action.  For

- 2 -

purposes of these Requests, Defendants also includes Silvergate Capital Corporation (a/k/a Silvergate Bank) and Signature Bank.

11. "Deltec" refers to Deltec Bank & Trust Company Ltd. including, but not limited to, its past and present subsidiaries, affiliates, divisions, segments (including any mobile application and/or web-based cryptocurrency investment services or trading platform), predecessors (including acquired entities or lines of business), successors, directors, officers, employees, representatives and/or agents.

12. "Document" refers to any written, printed, typed or other graphic matter, of any kind or nature, whether in hard copy or electronic format, whether the original, draft, or a copy and copies bearing notations or marks not found on the original, including, but not limited to, memoranda, reports, recommendations, notes, letters, envelopes, post-its, emails, text messages, instant messages (including, but not limited to, messages exchanged or sent using Slack, Teams, Discord, WhatsApp, Signal or any other similar application), transcripts, studies, analyses, tests, books, articles, minutes, agreements, contracts, and all other written communications, of any type, including inter and intra-office communications, questionnaires, surveys, charts, graphs, videos, photographs, tapes, voice messages or other recordings, print-outs or compilations from which information can be obtained or, if necessary, translated through detection devices into reasonably usable form, including all underlying or preparatory materials and drafts thereof. To the extent not already covered in the above definition, "Document" specifically includes any "writing", "recording", "photograph", "original" or "duplicate" as defined in Rule 1001 of the Federal Rules of Evidence, and/or "Electronically Stored Information" within the

- 3 -

full scope of Rule 34 of the Federal Rules of Civil Procedure and/or as further defined as "ESI" herein.

13. "ESI" refers to Electronically Stored Information, as consistent with Rule 34 of the Federal Rules of Civil Procedure and includes all computer or electronically stored or generated data and information, including all attachments to and enclosures within any requested item, and all drafts thereof. ESI includes all information and documents stored in any format and on any storage media, including, but not limited to: internal and external storage devices, hard drives, flash drives; and magnetic tape, whether fixed, portable or removable, and ESI further includes, but is not limited to, electronic spreadsheets, electronic presentation documents, e-mail messages, text messages, message platforms (including, but not limited to, Slack, Teams, Discord, WhatsApp, Telegram, Messenger, Signal or any other similar platforms where chat messages are exchanged); image files; sound files; material or information stored in a database or accessible from a database (including, but not limited to, Salesforce, Azure Cloud, or SQL databases). Responsive ESI may also include data on social media websites (e.g., LinkedIn, Facebook, Twitter, Instagram, and internal intranet social media). To the extent that a document or ESI contains tracked changes, comments, or other hidden text, the document or ESI should be imaged with that hidden text displayed. ESI also includes all associated metadata that is maintained or saved (including for example, author, recipient, file creation date, file modification date, etc.). Metadata preservation includes preserving parent-child relationships within a document family (the association between an attachment and its parents' document or between embedded documents

- 4 -

and their parent). The entire document and attachments will be produced, except any attachments that may be withheld or redacted on the basis of any protection or privilege, work product, or other applicable protection. Best efforts shall be made to ensure that the parent-child relationships within a document family (the association between an attachment and its parent document) are preserved and that such responsive child document(s) should be consecutively produced immediately after the responsive parent document.

14.    "FTT" refers to the digital token created by the FTX Entities.

15.    "FTX Entities" refers to FTX Trading and/or FTX US.

16.    "FTX Trading" refers to FTX Trading Ltd. d/b/a FTX Trading, including, but not limited to, its past and present subsidiaries, affiliates, divisions, segments (including any mobile application and/or web-based cryptocurrency investment services or trading platform, such as FTX.com), predecessors (including acquired entities or lines of business such as Blockfolio, Inc.), successors, directors, officers, employees, representatives and/or agents. No specific reference to any of the foregoing in the following Requests, including any specific reference to Samuel Bankman-Fried, Caroline Ellison, Gary Wang, or Nishad Singh, serves to limit the scope of any reference to FTX Trading herein.

17.    "FTX US" refers to West Realm Shires Services Inc. d/b/a FTX US, including, but not limited to, its past and present subsidiaries, affiliates, divisions, segments (including any mobile application and/or web-based cryptocurrency investment services or platform, such as FTX.com), predecessors (including acquired entities or lines of business such as Blockfolio, Inc.), successors, directors, officers,

- 5 -

employees, representatives and/or agents. No specific reference to any of the foregoing in the following Requests, including any specific reference to Samuel Bankman-Fried, Caroline Ellison, Gary Wang, or Nishad Singh, serves to limit the scope of any reference to FTX US herein.

18. "Liquidators" refers to all liquidators in the Bankruptcy Actions, including, but not limited to, the Joint Provisional Liquidators of FTX Digital Markets Ltd.

19. "Moonstone" refers to Farmington State Bank d/b/a Moonstone Bank, its predecessors, successors, subsidiaries, departments divisions, and/or affiliates, including, but not limited to, any banking entities affiliated with or held by Moonstone or in which Moonstone is a member or other owner, its international, national or local branches or offices. "Moonstone" shall also encompass Moonstone's current and prior partners, officers, directors, employees, representatives, agents or any persons acting or purporting to act on behalf of Moonstone, including but not limited to Jean Chalopin and Janvier Chalopin

20. "Person" or "People" refers to any natural person(s) or any business, legal, or governmental entity (or entities) or association(s).

21. "Trustee" refers to the U.S. Trustee assigned in the Bankruptcy Actions, including any of the Trustee's employee or agents, including any examiner appointed in the Bankruptcy Actions.

22. "You" or "Your" shall refer to Farmington State Bank d/b/a Moonstone Bank ("Moonstone"), its predecessors, successors, subsidiaries, departments divisions, and/or affiliates, including, but not limited to, any banking entities affiliated with or held by Moonstone or in which Deltec is a member or other owner, its

- 6 -

international, national or local branches or offices. "You" or "Your" shall also encompass Moonstone's current and prior partners, officers, directors, employees, representatives, agents or any persons acting or purporting to act on behalf of Moonstone, including but not limited to Jean Chalopin.

23.    Whenever a reference to a business entity appears, the reference shall mean the business entity, its affiliated companies, partnerships, divisions, subdivisions, directors, officers, employees, agents, clients or other representatives of affiliated third parties.

24.    Defined terms may or may not be capitalized or made uppercase; the given definitions apply even if a term in question is not capitalized or made uppercase. No waiver of a definition is implied by the use of a defined term in a non-capitalized or lowercase form.

3816135v1

## <u>INSTRUCTIONS</u>

1.     Production of documents and items requested herein shall be made at the offices of
The Moskowitz Law Firm, P.O. Box 653409, Miami, FL 33133, or via electronic
mail to the email addresses provided in the signature blocks of the attorneys serving
these requests.

2.     Unless otherwise stated in a request, the time period for which you must respond is
January 1, 2019, through the date of production.

3.     Objections: Where an objection is made to any request, the objection shall state
with specificity all grounds for the objection and respond to the Request to the
extent it is not objectionable. Any ground not stated in an objection within the time
provided by the Federal Rules of Civil Procedure, or by the Court's order, or any
extensions thereof, shall be waived.

4.     These requests shall include all documents that are in your possession, custody or
control or in the possession, custody or control of your present or former agents,
representatives, or your attorneys, or any and all persons acting on your behalf, or
your present or former agents, representatives, or attorneys.

5.     For any document, or portion thereof, covered by a request that is withheld from
production (or redacted in whole or in part) under claim of privilege, work product
protection or any other basis, you shall provide the following information in the
form of a privilege log:

    a.     the reasons and each and every fact supporting any withholding, and legal
basis for withholding the document including sufficient facts for the Court
to make a full determination as to whether the claim of privilege is valid;

    b.     the date such document was prepared;

- 8 -

c.      the names, employment positions and addresses of the author or preparers of such document;

d.      the names, employment positions, and the addresses of each person who received such document;

e.      the title, a brief description, and the subject matter of the document;

f.      the number of the request under which such document would be produced but for the objection; and

g.      description of the subject matter sufficient to determine whether the privilege is properly invoked (without revealing privileged information)

6.    If any document responsive to a request has been destroyed, produce all documents describing or referencing:

a.      the contents of the lost or destroyed document;

b.      all locations in which any copy of the lost or destroyed document had been maintained;

c.      the date of such loss or destruction;

d.      the name of each person who ordered, authorized, and carried out the destruction of any responsive document;

e.      all document retention and destruction policies in effect at the time any requested document was destroyed; and

f.      all efforts made to locate any responsive document alleged to have been lost.

7.    In producing the documents requested, indicate the specific request(s) pursuant to which document or group of documents is being produced.

8.    These requests should be deemed continuing such that if you, your directors, officers, employees, agents, representatives, or any person acting on your behalf, subsequently discover or obtain possession, custody, or control of any document or ESI previously requested or required to be produced, you should make a

3816135v1

supplemental production of such document or ESI. Supplemental productions should be provided on a rolling basis as additional documents become available.

9.      All documents that cannot be accurately represented in TIFF format (such as spreadsheets, computer slide presentations, audio files, video files, and other similar file types) shall be provided in native format. The parties will further meet and confer regarding appropriate format of production for databases and structured data (e.g., Microsoft Teams, Slack, Microsoft Access, Azure Cloud, Salesforce, Oracle, or other ephemeral messaging or proprietary database systems).

10.     In responding to these Document Requests, you are to include Documents:

      a.      obtained from witnesses who gave information to any governmental agency or investigatory body;

      b.      that constitute, or refer or relate to, summaries of testimony or other statements in connection with any governmental agency or investigatory body proceeding or investigation; or

      c.      obtained on your behalf by counsel in preparing for testimony or interviews before any governmental agency or investigatory body.

11.     All documents are to be produced in the following method if not produced in its Native Format:

      a.      Single page .TIFF images

      b.      Color.jpg (documents wherein reflection of importance relies on color, shall be produced in .jpg format)

      c.      Document level Text Files containing extracted full text or OCR text

      d.      Electronic documents, e-mails, text or instant messages are to be processed and converted from the electronic format to single page tiff.

- 10 -

## REQUESTS FOR PRODUCTION

1.      All workpapers, communications and/or other documents concerning any of the accounts at Moonstone that were opened or held in the name of or for the benefit of FTX Entities and/or Alameda, including, but not limited to, account lists, account opening documents, signature cards, and terms for the accounts.

2.      All agreements between you and FTX Entities and/or Alameda, including but not limited to deposit agreements, wire transfer agreements, escrow agreements, custodial agreements, loan agreements, ACH agreements and authorization limits, account signatory agreements, and any other service or account management agreements.

3.      All workpapers, communications and/or other documents describing the expected account activity in the accounts at Moonstone that were opened or held in the name of or for the benefit of FTX Entities and/or Alameda.

4.      All workpapers, communications and/or other documentation reflecting the actual account activity in the accounts that were opened or held in the name of or for the benefit of FTX Entities and/or Alameda. This request specifically seeks but is not limited to: all account statements and summaries, records of deposits and withdrawals, wire transfer records, records of all other electronic funds transfers not constituting wire transfers, ACH records, records of account transfers between accounts opened or held in the name of or for the benefit of FTX Entities and/or Alameda at Moonstone, and records of all account activity involving checks.

5.      All workpapers, communications and/or documents concerning any loans made or credit facilities (e.g. irrevocable standby letters of credit, or other letters of credit)

3816135v1

offered by you to or for the benefit of FTX Entities and/or Alameda including all documents and communications concerning:

a.      any loan evaluations,

b.      any claimed or actual security or collateral for such loans or credit facilities,

c.      any repayment of such loans or credit facilities that you sought or that any person made, and

d.      any claimed or actual use of the proceeds of such loans or credit facilities.

This includes a request for documents sufficient to identify your employees with responsibility for making, approving, and monitoring such loans or credit facilities.

6.      All workpapers, communications and/or documents concerning accounts personally held by directors, officers, managers, employees, representatives, or agents of FTX Entities and/or Alameda at Moonstone, and any non-market or non-standard terms in those accounts, including but not limited to in respect of wire or electronic transfer processes, overdraft privileges, interest rates, and amortization.

7.      Your policies, procedures, manuals, training materials, instructions, or forms related to Anti-Money Laundering ("AML"), Countering the Financing of Terrorism ("CFT"), verification of customer identity, Customer Due Diligence ("CDD"), Know Your Customer ("KYC"), Customer Risk Assessment or Risk Rating, Services Risk Assessment or Risk Rating, Enhanced CDD, on-going monitoring of customer relationships, electronic funds transfers, Suspicious Activity Reports ("SAR"), account-opening, risk management, record-keeping, and any similar such policies or procedures related to customer due diligence or account monitoring, as well as any heightened or enhanced versions of such policies or

- 12 -

procedures. This request includes all versions of the foregoing documents that were proposed or put in place from 2019 to present.

8.   All workpapers, communications and/or documents concerning your monitoring for suspicious or fraudulent activity, including but not limited to actual or potential alerts, cautions, flags, or alarms raised as a result of Your monitoring systems or the policies and procedures referenced in the previous request – including enhanced versions of them – and any reports (*e.g.*, SARs, Currency Transaction Reports ("CTR"), Reports of International Transportation of Currency or Monetary Instruments ("CMIR"), large scale cash deposits, large scale transaction reports, low balance reports, balance fluctuation reports, reports of international funds transfers just below reporting threshold, or reports of atypical or uneconomical account activity or funds movement) made thereof, including any SAR filed by you. This includes a request for documents sufficient to identify your employees who were involved in such procedures.

9.   All workpapers, communications and/or documents concerning your review of, or inquiry or investigation into, any activity at any time in any accounts (including correspondent accounts) held or opened in the name of or for the benefit of FTX Entities and/or Alameda at Moonstone. This includes a request for all documents and communications concerning any actual or potential alerts, cautions, flags, alarms, or red flags raised by such review, inquiry, or investigation, based upon:

a.      possible or actual comingling of FTX Entities' depositors' funds or assets with FTX Entities' or Alameda's funds or assets,

b.      the volume of transfers made into and out of such accounts,

- 13 -

c.      the individual or aggregate value of transfers made into and out of such accounts,

d.      the rationale or lack thereof for large transactions made into and out of such accounts,

e.      the frequency of transfers made into and out of such accounts,

f.      the round trip or circular nature of any of the transfers made into and out of such accounts,

g.      the geographic place of origin or destination of transfers made into and out of such accounts,

h.      the unusual, atypical, or uneconomic nature of transfers made into and out of such accounts,

i.      the repetitiveness of transfers made into and out of such accounts,

j.      the complexity of transfers made into and out of such accounts,

k.      the electronic nature of transfers made into and out of such accounts,

l.      the purpose of transfers made into and out of such accounts,

m.      the identity of the transferees for transfers made out of such accounts, including whether the transferees (or the transferee accounts) were related to the transferors (or the transferor accounts),

n.      the identity of the transferees for transfers made out of such accounts, including whether the transferees appeared to take possession of funds or assets of depositors of FTX Entities,

o.      the identity of the transferees for transfers made out of such accounts, including whether the transferees were entities whose role as transferee had been disclosed to FTX Entities' depositors or you by FTX Entities or Alameda,

p.       any round number dollar amounts involved in the transfers made into or out of such accounts,

q.      any check pouching or cash letter activity in such accounts, or

r.      certain of these accounts being correspondent accounts.

- 14 -

This also includes a request for documents sufficient to identify your directors, officers, managers, employees, representatives, or other agents involved in such review, inquiry, or investigation.

10. All workpapers, communications and/or documents generated by or concerning any automated transaction monitoring systems maintained by you in response to activity at any time in any accounts (including correspondent accounts) held or opened in the name of or for the benefit of FTX Entities and/or Alameda, including documents sufficient to identify the codes, rules, thresholds or parameters that have been established for or used by the automated transaction monitoring systems that generated any alerts, cautions, flags, alarms or red flags that are responsive to the previous request. This includes a request for any and all documents necessary to understand all fields in documents produced in response to the previous request.

11. All workpapers, communications and/or documents, including investigation reports, concerning the automated transaction monitoring system alerts, cautions, flags, alarms, or red flags that are responsive to individual request number 8. This includes a request for documents sufficient to identify your employees involved in reviewing such alerts, cautions, flags, alarms, or red flags.

12. All your general policies, procedures, or operating manuals related to the services you provided to FTX Entities and/or Alameda, including but not limited to those relating to processing wire transfers or other electronic funds transfers, treasury services, any advisory services, trade financing services, banking and taking custody of cryptocurrencies, or trading, lending, and borrowing digital assets.

13. All workpapers, communications and/or documents concerning any special policies, procedures, or manuals—whether official or unofficial—that you prepared and followed specifically for the FTX Entities' and/or Alameda accounts.

14. All workpapers, communications and/or documents concerning actual, requested, or proposed visits by you to FTX Entities and/or Alameda or by FTX Entities and/or Alameda to you.

15. All communications among or between Moonstone's directors, officers, managers, employees, representatives and/or agents concerning accounts held in the name of FTX Entities and/or Alameda.

16. All documents, work papers, and/or communications concerning the FTX Entities and/or Alameda that you provided to or exchanged with:

   a. Officers, directors, employees, and control persons of any of the FTX Entities and/or Alameda, including, but not limited to, Samuel Bankman-Fried, Gary Wang, Nishad Singh, Caroline Ellison, Constance Wang, Brett Harrison, Sam Trabucco, Zach Dexter, Ryne Miller, Ryan Salame, Dan Friedberg, and Ramnik Arora;

   b. any actual or prospective customer of any of the FTX Entities and/or any actual or prospective investor in any of the FTX Entities; or

   c. any of the Defendants.

17. All workpapers, communications and/or documents concerning (a) whether FTX Entities and/or Alameda were registered (including any registration for purposes of the Investment Company Act of 1940, 15 U.S.C. § 80a, et seq.) or regulated (including by the SEC or FINRA), or (b) whether any applicable digital assets were registered or were subject to a Regulation D exemption from registration under the Securities Act of 1933, 15 U.S.C. § 77a, et seq.

- 16 -

18.     All workpapers, communications and/or documents that you gathered or created

before November 11, 2022 concerning:

a.      any news articles or media coverage concerning FTX Entities and/or
Alameda,

b.      any litigation activity concerning FTX Entities and/or Alameda, or to which
FTX Entities and/or Alameda was a party,

c.      any proceedings at any administrative or regulatory body concerning FTX
Entities and/or Alameda, or to which FTX Entities and/or Alameda was a
party, including proceedings involving their employees or their customers,
and the outcomes of any such proceedings, including sanctions,
suspensions, fines, or censures,

d.      any action that was taken or notice that was issued concerning FTX Entities
and/or Alameda by a governmental, regulatory (including self-regulatory),
oversight, administrative, criminal law, or enforcement body,

e.      any proposed or final report issued or to be issued by any agency or
government instrumentality (*e.g.*, an administrative or regulatory body or
committee or subcommittee of either chamber of the U.S. Congress)
concerning FTX Entities and/or Alameda,

f.      allegations made by any claimed whistleblower against or concerning FTX
Entities and/or Alameda,

g.      any examination, inquiry, or review by a governmental or regulatory agency
into or concerning FTX Entities and/or Alameda, and

h.      all assertions that FTX Entities and/or Alameda were or might be engaged
in or part of a fraudulent enterprise or Ponzi scheme, or were or might be
engaged in or part of money-laundering activities for drug cartels or others.

This includes a request for all documents and communications concerning FTX

Entities and/or Alameda that you conducted or attempted to conduct with persons

litigating against them, including employees and customers (as referenced in

subparagraphs (b) and (c) above), or with journalists (as referenced in subparagraph

(a) above), or with whistleblowers (as referenced in subparagraph (f) above).

- 17 -

19.   All workpapers, communications and/or documents concerning any recommendations, referrals, or references that you provided to or for FTX Entities and/or Alameda, including as addressed to all actual or prospective depositors generally speaking, business counterparties, regulators or other governmental bodies, specific persons, "To Whom It May Concern," or otherwise. This includes a request for all documents and communications whereby you vouch for FTX Entities and/or Alameda, including for FTX Entities and/or Alameda insiders or control persons.

20.   All workpapers, communications and/or documents concerning the size and importance to You of your actual and prospective relationships with FTX Entities and/or Alameda, on an absolute basis and on a comparative basis to your relationships with other clients. This includes a request for all documents and communications concerning the size and importance to you of:

   a.   your actual and prospective revenue and profits from FTX Entities and/or Alameda, on an absolute basis and on a comparative basis to your revenues and profits from other clients, and

   b.   the balances in the accounts (including correspondent accounts) in the names of FTX Entities and/or Alameda, on an absolute basis and on a comparative basis to balances in the accounts in the names of other clients.

This also includes documentation showing total deposits at Deltec in the accounts in the name of FTX Entities and/or Alameda as well as total deposits overall at Moonstone.

21.   All workpapers, communications and/or documents concerning (a) threats, indications, or statements by FTX Entities and/or Alameda concerning the movement of some or all of their business, accounts, or balances from Moonstone,

- 18 -

(b) your contemplation that FTX Entities and/or Alameda might do so, and (c) actual or potential efforts by you to grow your business, relationships, accounts, or balances with FTX Entities and/or Alameda.

22. All workpapers, communications and/or documents concerning FTX Entities and/or Alameda, or any of their officers or directors or control persons actually or potentially being (a) designated as a "VIP customer," (b) designated as a "Politically Exposed Person," or (c) deemed to be in a "Special Category of Clients," as well as all documents and communications concerning any risk level assigned by you to FTX Entities and/or Alameda.

23. All correspondent banking agreements between you and any other bank relating to any services performed by you concerning the FTX Entities and/or Alameda.

24. All audit, due diligence, or other reports (whether prepared by you or others) concerning the FTX Entities and/or Alameda, and all documents and communications concerning such reports.

25. Any periodic or intermittent audits, reviews, evaluations, or reports, either prepared internally or by a third party, regarding your compliance with applicable Statutes and Regulations or internal policies and procedures regarding compliance with Statutes and Regulations or industry standards and best practices, including any KYC procedures, AML procedures, customer identification procedures, procedures and related guidelines pursuant to the Bank Secrecy Act, Patriot Act, FinCEN, FFEIC Manual, AML risk management, client due diligence, or account-opening policies and procedures maintained by you. This includes a request for any audit or

model validation reports regarding automated transaction monitoring systems maintained by you.

26. All workpapers, communications and/or documents concerning the source of funds deposited into any accounts (including correspondent accounts) opened or held in the name of or for the benefit of FTX Entities and/or Alameda, including all documents and communications concerning whether these funds originated from (a) the purchase of cryptocurrencies or tokens, or (b) other deposit products offered by FTX Entities and/or Alameda.

27. All workpapers, communications and/or documents concerning any services or products that FTX Entities and/or Alameda offered to customers or depositors or investors.

28. All workpapers, communications and/or documents concerning the formation and governance of any of the FTX Entities and/or Alameda, including, but not limited to, articles of incorporation, articles of formation, by-laws, membership agreements, partnership agreements, and certificates of good standing.

29. All workpapers, communications and/or documents concerning the ownership of, and relationship between, if any, each of the FTX Entities and/or Alameda and/or any joint ventures, affiliates, and/or subsidiaries, including, but not limited to, organizational charts.

30. All workpapers, communications and/or documents concerning the accounts opened by Tether Limited Inc. ("Tether") at Deltec, Tether's expected banking activity at Deltec, Tether's actual banking activity at Deltec, including transactions by, to, or through the FTX Entities, their insiders, or their affiliates.

- 20 -

31.    All workpapers, communications and/or documents concerning your efforts to transform Bahamian laws, regulations, policies, or other guidance in order to make them more favorable for digital asset startups.

32.    All workpapers, communications and/or documents concerning the $50 million loan in favor of Deltec International Group from Norton Hall Ltd.

33.    All workpapers, communications and/or documents concerning Jean Chalopin's efforts to obtain funding, whether via investment or loan or any other form whatsoever, for Deltec or Moonstone from the FTX Entities and/or Alameda.

34.    All workpapers, communications and/or documents concerning Alameda's $11.5 million investment in Moonstone.

35.    All workpapers, communications and/or documents between FTX Entities and/or Alameda and Jean Chalopin, whether in his personal capacity or representative capacity for Deltec and/or Moonstone, concerning the U.S. banking services that FTX Entities and/or Alameda requested or required.

36.    To the extent not already produced in connection with any of the above requests, all work papers, communications, transcripts and/or recordings of any depositions, testimony, interviews, or statements you have provided concerning the FTX Entities and/or Alameda in any court, administrative proceedings, the Bankruptcy Actions, the Criminal Proceedings, or any other foreign or domestic forum or in response to any governmental agency request.

37.    All workpapers, communications, documents, other discovery concerning your operations in the United States.

- 21 -

38.     To the extent not produced in response to any of the foregoing requests, all documents and communications concerning any account at Moonstone in the name of FTX Entities and/or Alameda. This includes a request for documents sufficient to identify your employees involved in (a) opening such accounts, (b) ongoing activity in such accounts, or (c) any review, inquiry, or investigation into the holders of such accounts or into any activity in such accounts.

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**
**MDL No. 3076**
**CASE NO. 1:23-md-03076-KMM**

In Re: FTX Cryptocurrency Exchange Collapse Litigation

**PLAINTIFFS' FIRST SET OF REQUESTS FOR PRODUCTION OF DOCUMENTS TO
DEFENDANT JEAN CHALOPIN**

Plaintiffs in the above-titled action, pursuant to Rules 26 and 34 of the Federal Rules of

Civil Procedure, and Local Rule 26.1 of the United States District Court for the Southern District

of Florida, request that Defendant Jean Chalopin, produce all documents, electronically stored

information, and things that are in your possession, custody, or control requested in response to

the following Requests for Production.

Respectfully submitted on November ___, 2023

| Plaintiffs' Co-Lead Counsel | |
|---|---|
| By: */s/ Adam Moskowitz*<br>Adam M. Moskowitz<br>Florida Bar No. 984280<br>Joseph M. Kaye<br>Florida Bar No. 117520<br>**THE MOSKOWITZ LAW FIRM, PLLC**<br>Continental Plaza<br>3250 Mary Street, Suite 202<br>Coconut Grove, FL 33133<br>Office: (305) 740-1423<br>adam@moskowitz-law.com<br>joseph@moskowitz-law.com<br>service@moskowitz-law.com | By: */s/ David Boies*<br>David Boies<br>Alex Boies<br>Brooke Alexander<br>**BOIES SCHILLER FLEXNER LLP**<br>333 Main Street<br>Armonk, NY 10504<br>Office: (914) 749-8200<br>dboies@bsfllp.com<br>aboies@bsfllp.com<br>balexander@bsfllp.com |

| Plaintiffs' Steering Committee Members | |
|---|---|
| Joseph R. Saveri<br>**JOSEPH SAVERI LAW FIRM**<br>601 California Street, Suite 1000<br>San Francisco, CA 94108<br>Telephone: (415) 500-6800<br>jsaveri@saverilawfirm.com | James R. Swanson<br>Kerry J. Miller<br>**FISHMAN HAYGOOD LLP**<br>201 St. Charles Avenue, 46th Floor<br>New Orleans, LA 70170<br>Telephone: (504) 586-5252<br>jswanson@fishmanhaygood.com<br>kmiller@fishmanhaygood.com |
| Robert Lieff<br>P.O. Drawer A<br>Rutherford, CA 94573<br>rlieff@lieff.com | |

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on November ___, 2023, a true and correct copy of the foregoing was served via email to all counsel of record.

By: */s/ Adam M. Moskowitz*
Adam M. Moskowitz

# DEFINITIONS

Unless otherwise specified, the terms set forth below have the following meanings:

1. "Alameda" refers to Alameda Research LLC, including, but not limited to, its past and present subsidiaries, affiliates, divisions, segments (including any mobile application and/or web-based cryptocurrency investment services or trading platform), predecessors (including acquired entities or lines of business), successors, directors, officers, employees, representatives and/or agents. No specific reference to any of the foregoing in the following Requests, including any specific reference to Samuel Bankman-Fried, Caroline Ellison, Gary Wang, or Nishad Singh, serves to limit the scope of any reference to Alameda herein.

2. "All/Each" and "And/Or" – The terms "all", "each", "and" and "or" shall be construed as meaning either all or each as necessary, or conjunctively, to bring within the scope of the discovery request all responses that might otherwise be construed to be outside its scope.

3. "Bankruptcy Actions" refers to Case No. 22-11068 (JTD) (Jointly Administered) pending in the United States Bankruptcy Court for the District of Delaware, and all bankruptcy proceedings filed in or after November 2022 on behalf of any of the FTX Entities and/or Alameda, and all adversary proceedings filed in connection therewith.

4. "Communication" means, without limitation, the transmittal of information in the form of facts, ideas, inquiries or otherwise, and whether orally or in writing, or by any other means or medium, including in person, electronically and/or by exchange or communication of any document, and includes, without limitation,

- 1 -

correspondence, memoranda, reports, presentations, face-to-face conversations, telephone conversations, text messages, instant messages, voice messages, negotiations, Agreements, inquiries, understandings, meetings, letters, notes, telegrams, mail, email, exchanges of recorded information, and postings of any type. The term "Communication" includes instances where one party disseminates information that the other party receives but does not respond to.

5.   "Concerning" means relating to, referring to, describing, evidencing or constituting.

6.   "Control person" means a person (as defined herein) in direct or indirect possession of the power to direct or cause the direction of the management and policies of a person (as defined herein), whether through the ownership of voting securities, by contract, or otherwise.

7.   "Creditors" refers to all creditors in the Bankruptcy Actions, including, but not limited to, any committees of such creditors.

8.   "Criminal Proceedings" refers to *United States v. Sam Bankman-Fried*, 1:22-CR-00673 pending in the Southern District of New York, and all criminal proceedings filed in or after November 2022 relating to  the FTX Entities and/or Alameda.

9.   "Debtors" refers to all FTX Entities and/or Alameda that have filed petitions for bankruptcy protection in the Bankruptcy Actions.  When referring to the FTX Entities and/or Alameda in the Requests, the Requests cover the periods both prior to, and after, their filing of any of the Bankruptcy Actions.

10.   "Defendants" refers to any and all persons and/or entities named as defendants in any of the actions consolidated with, and into, the above-captioned action.  For

- 2 -

purposes of these Requests, Defendants also includes Silvergate Capital Corporation (a/k/a Silvergate Bank) and Signature Bank.

11.  Deltec" refers to Deltec Bank & Trust Company Ltd. including, but not limited to, its past and present subsidiaries, affiliates, divisions, segments (including any mobile application and/or web-based cryptocurrency investment services or trading platform), predecessors (including acquired entities or lines of business), successors, directors, officers, employees, representatives and/or agents.

12.  "Document" refers to any written, printed, typed or other graphic matter, of any kind or nature, whether in hard copy or electronic format, whether the original, draft, or a copy and copies bearing notations or marks not found on the original, including, but not limited to, memoranda, reports, recommendations, notes, letters, envelopes, post-its, emails, text messages, instant messages (including, but not limited to, messages exchanged or sent using Slack, Teams, Discord, WhatsApp, Signal or any other similar application), transcripts, studies, analyses, tests, books, articles, minutes, agreements, contracts, and all other written communications, of any type, including inter and intra-office communications, questionnaires, surveys, charts, graphs, videos, photographs, tapes, voice messages or other recordings, print-outs or compilations from which information can be obtained or, if necessary, translated through detection devices into reasonably usable form, including all underlying or preparatory materials and drafts thereof.  To the extent not already covered in the above definition, "Document" specifically includes any "writing", "recording", "photograph", "original" or "duplicate" as defined in Rule 1001 of the Federal Rules of Evidence, and/or "Electronically Stored Information" within the

- 3 -

full scope of Rule 34 of the Federal Rules of Civil Procedure and/or as further defined as "ESI" herein.

13.    "ESI" refers to Electronically Stored Information, as consistent with Rule 34 of the Federal Rules of Civil Procedure and includes all computer or electronically stored or generated data and information, including all attachments to and enclosures within any requested item, and all drafts thereof. ESI includes all information and documents stored in any format and on any storage media, including, but not limited to: internal and external storage devices, hard drives, flash drives; and magnetic tape, whether fixed, portable or removable, and ESI further includes, but is not limited to, electronic spreadsheets, electronic presentation documents, e-mail messages, text messages, message platforms (including, but not limited to, Slack, Teams, Discord, WhatsApp, Telegram, Messenger, Signal or any other similar platforms where chat messages are exchanged); image files; sound files; material or information stored in a database or accessible from a database (including, but not limited to, Salesforce, Azure Cloud, or SQL databases). Responsive ESI may also include data on social media websites (e.g., LinkedIn, Facebook, Twitter, Instagram, and internal intranet social media). To the extent that a document or ESI contains tracked changes, comments, or other hidden text, the document or ESI should be imaged with that hidden text displayed. ESI also includes all associated metadata that is maintained or saved (including for example, author, recipient, file creation date, file modification date, etc.). Metadata preservation includes preserving parent-child relationships within a document family (the association between an attachment and its parents' document or between embedded documents

- 4 -

and their parent). The entire document and attachments will be produced, except any attachments that may be withheld or redacted on the basis of any protection or privilege, work product, or other applicable protection. Best efforts shall be made to ensure that the parent-child relationships within a document family (the association between an attachment and its parent document) are preserved and that such responsive child document(s) should be consecutively produced immediately after the responsive parent document.

14.     "FTT" refers to the digital token created by the FTX Entities.

15.     "FTX Entities" refers to FTX Trading and/or FTX US.

16.     "FTX Trading" refers to FTX Trading Ltd. d/b/a FTX Trading, including, but not limited to, its past and present subsidiaries, affiliates, divisions, segments (including any mobile application and/or web-based cryptocurrency investment services or trading platform, such as FTX.com), predecessors (including acquired entities or lines of business such as Blockfolio, Inc.), successors, directors, officers, employees, representatives and/or agents. No specific reference to any of the foregoing in the following Requests, including any specific reference to Samuel Bankman-Fried, Caroline Ellison, Gary Wang, or Nishad Singh, serves to limit the scope of any reference to FTX Trading herein.

17.     "FTX US" refers to West Realm Shires Services Inc. d/b/a FTX US, including, but not limited to, its past and present subsidiaries, affiliates, divisions, segments (including any mobile application and/or web-based cryptocurrency investment services or platform, such as FTX.com), predecessors (including acquired entities or lines of business such as Blockfolio, Inc.), successors, directors, officers,

employees, representatives and/or agents. No specific reference to any of the foregoing in the following Requests, including any specific reference to Samuel Bankman-Fried, Caroline Ellison, Gary Wang, or Nishad Singh, serves to limit the scope of any reference to FTX US herein.

18. "Liquidators" refers to all liquidators in the Bankruptcy Actions, including, but not limited to, the Joint Provisional Liquidators of FTX Digital Markets Ltd.

19. "Moonstone" refers to Farmington State Bank d/b/a Moonstone Bank, its predecessors, successors, subsidiaries, departments divisions, and/or affiliates, including, but not limited to, any banking entities affiliated with or held by Moonstone or in which Moonstone is a member or other owner, its international, national or local branches or offices. "Moonstone" shall also encompass Moonstone's current and prior partners, officers, directors, employees, representatives, agents or any persons acting or purporting to act on behalf of Moonstone, including but not limited to Jean Chalopin and Janvier Chalopin

20. "Person" or "People" refers to any natural person(s) or any business, legal, or governmental entity (or entities) or association(s).

21. "Trustee" refers to the U.S. Trustee assigned in the Bankruptcy Actions, including any of the Trustee's employee or agents, including any examiner appointed in the Bankruptcy Actions.

22. "You" or "Your" shall refer to Deltec Bank and Trust Company Limited ("Deltec"), its predecessors, successors, subsidiaries, departments divisions, and/or affiliates, including, but not limited to, any banking entities affiliated with or held by Deltec or in which Deltec is a member or other owner, its international, national or local

- 6 -

branches or offices. "You" or "Your" shall also encompass Deltec's current and prior partners, officers, directors, employees, representatives, agents or any persons acting or purporting to act on behalf of Deltec, including but not limited to Jean Chalopin.

23. Whenever a reference to a business entity appears, the reference shall mean the business entity, its affiliated companies, partnerships, divisions, subdivisions, directors, officers, employees, agents, clients or other representatives of affiliated third parties.

24. Defined terms may or may not be capitalized or made uppercase; the given definitions apply even if a term in question is not capitalized or made uppercase. No waiver of a definition is implied by the use of a defined term in a non-capitalized or lowercase form.

3816136v1

## **INSTRUCTIONS**

1.     Production of documents and items requested herein shall be made at the offices of
The Moskowitz Law Firm, P.O. Box 653409, Miami, FL 33133, or via electronic
mail to the email addresses provided in the signature blocks of the attorneys serving
these requests.

2.     Unless otherwise stated in a request, the time period for which you must respond is
January 1, 2019, through the date of production.

3.     Objections: Where an objection is made to any request, the objection shall state
with specificity all grounds for the objection and respond to the Request to the
extent it is not objectionable. Any ground not stated in an objection within the time
provided by the Federal Rules of Civil Procedure, or by the Court's order, or any
extensions thereof, shall be waived.

4.     These requests shall include all documents that are in your possession, custody or
control or in the possession, custody or control of your present or former agents,
representatives, or your attorneys, or any and all persons acting on your behalf, or
your present or former agents, representatives, or attorneys.

5.     For any document, or portion thereof, covered by a request that is withheld from
production (or redacted in whole or in part) under claim of privilege, work product
protection or any other basis, you shall provide the following information in the
form of a privilege log:

     a.     the reasons and each and every fact supporting any withholding, and legal
basis for withholding the document including sufficient facts for the Court
to make a full determination as to whether the claim of privilege is valid;

     b.     the date such document was prepared;

- 8 -

c.      the names, employment positions and addresses of the author or preparers of such document;

d.      the names, employment positions, and the addresses of each person who received such document;

e.      the title, a brief description, and the subject matter of the document;

f.      the number of the request under which such document would be produced but for the objection; and

g.      description of the subject matter sufficient to determine whether the privilege is properly invoked (without revealing privileged information)

6.      If any document responsive to a request has been destroyed, produce all documents describing or referencing:

a.      the contents of the lost or destroyed document;

b.      all locations in which any copy of the lost or destroyed document had been maintained;

c.      the date of such loss or destruction;

d.      the name of each person who ordered, authorized, and carried out the destruction of any responsive document;

e.      all document retention and destruction policies in effect at the time any requested document was destroyed; and

f.      all efforts made to locate any responsive document alleged to have been lost.

7.      In producing the documents requested, indicate the specific request(s) pursuant to which document or group of documents is being produced.

8.      These requests should be deemed continuing such that if you, your directors, officers, employees, agents, representatives, or any person acting on your behalf, subsequently discover or obtain possession, custody, or control of any document or ESI previously requested or required to be produced, you should make a

3816136v1

supplemental production of such document or ESI. Supplemental productions should be provided on a rolling basis as additional documents become available.

9.     All documents that cannot be accurately represented in TIFF format (such as spreadsheets, computer slide presentations, audio files, video files, and other similar file types) shall be provided in native format. The parties will further meet and confer regarding appropriate format of production for databases and structured data (e.g., Microsoft Teams, Slack, Microsoft Access, Azure Cloud, Salesforce, Oracle, or other ephemeral messaging or proprietary database systems).

10.    In responding to these Document Requests, you are to include Documents:

  a. obtained from witnesses who gave information to any governmental agency or investigatory body;

  b. that constitute, or refer or relate to, summaries of testimony or other statements in connection with any governmental agency or investigatory body proceeding or investigation; or

  c. obtained on your behalf by counsel in preparing for testimony or interviews before any governmental agency or investigatory body.

11.    All documents are to be produced in the following method if not produced in its Native Format:

  a. Single page .TIFF images

  b. Color.jpg (documents wherein reflection of importance relies on color, shall be produced in .jpg format)

  c. Document level Text Files containing extracted full text or OCR text

  d. Electronic documents, e-mails, text or instant messages are to be processed and converted from the electronic format to single page tiff.

- 10 -

## <u>REQUESTS FOR PRODUCTION</u>

1.      Work papers, communications, and/or other documents prepared by you and/or delivered to, exchanged with, or received from the FTX Entities and/or Alameda, including, but not limited to Samuel Bankman-Fried, Gary Wang, Nishad Singh, Caroline Ellison, Constance Wang, Brett Harrison, Sam Trabucco, Zach Dexter, Ryne Miller, Ryan Salame, Dan Friedberg, and Ramnik Arora.

2.      Work papers, communications, and/or other documents prepared by you and/or delivered to, exchanged with, or received from the other Defendants concerning the FTX Entities and/or Alameda.

3.      Work papers, communications, and/or other documents concerning your efforts to transform Bahamian laws, regulations, policies, or other guidance in order to make them more favorable for digital asset startups, including, but not limited to, correspondence with Ryan Pinder.

4.      Work papers, communications, and/or other documents concerning the Crypto Bahamas cryptocurrency summit that you co-hosted with FTX in the Bahamas.

5.      Work papers, communications, and/or other documents prepared by you and/or delivered to, exchanged with, or received from the other Defendants concerning the cryptocurrency summit that you co-hosted with FTX in the Bahamas.

6.      Work papers, communications, and/or other documents concerning Deltec's efforts to raise debt capital in New York.

7.      Work papers, communications, and/or other documents concerning the $50 million loan in favor of Deltec International Group from Norton Hall Ltd.

8.    Workpapers, communications and/or documents concerning the accounts opened by Tether Limited Inc. ("Tether") at Deltec, Tether's expected banking activity at Deltec, Tether's actual banking activity at Deltec, including transactions by, to, or through the FTX entities, their insiders, or their affiliates.

9.    Work papers, communications, and/or other documents concerning your efforts to obtain funding, whether via investment or loan or any other form whatsoever, for Deltec or Moonstone from the FTX Entities and/or Alameda.

10.   Work papers, communications, and/or other documents concerning Alameda's $11.5 million investment in Moonstone.

11.   Work papers, communications, and/or other documents between FTX Entities and/or Alameda and you, whether in your personal capacity or representative capacity for Deltec and/or Moonstone, concerning the U.S. banking services that FTX Entities and/or Alameda requested or required.

12.   Work papers, communications, and/or other documents concerning Moonstone's application for and membership in the Federal Reserve.

13.   Work papers, communications, agreements and/or other documents concerning ownership, purchase, and/or sale of the Albany condominium complex, by or to you, Joe Lewis, Sam Bankman-Fried, FTX and/or Alameda.

14.   All documents, communications, or other discovery concerning your conducting business, or seeking financing or other investments, in the United States.

15.   To the extent not produced in response to any of the foregoing requests, all documents and communications concerning any account at Deltec or Moonstone in the name of FTX Entities and/or Alameda. This includes a request for documents

- 12 -

sufficient to identify your employees involved in (a) opening such accounts, (b) ongoing activity in such accounts, or (c) any review, inquiry, or investigation into the holders of such accounts or into any activity in such accounts.

16.     To the extent not already produced in connection with any of the above requests, all work papers, communications, transcripts and/or recordings of any depositions, testimony, interviews, or statements you have provided concerning the FTX Entities and/or Alameda in any court, administrative proceedings, the Bankruptcy Actions, the Criminal Proceedings, or any other foreign or domestic forum or in response to any governmental agency request.

3816136v1

# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF FLORIDA
### MDL No. 3076
### CASE NO. 1:23-md-03076-KMM

In Re: FTX Cryptocurrency Exchange Collapse Litigation

## PLAINTIFFS' FIRST SET OF DISCOVERY REQUESTS TO DEFENDANT
## SINO GLOBAL CAPITAL LIMITED

Plaintiffs in the above-titled action, pursuant to Rules 26, 33 34, and 36 of the Federal Rules of Civil Procedure, and Local Rule 26.1 of the United States District Court for the Southern District of Florida, request that Defendant Sino Global Capital Limited respond to the enclosed Requests for Admission and Interrogatories and produce all documents, electronically stored information, and things that are in your possession, custody, or control requested in response to the following Requests for Production.

Respectfully submitted on November ___, 2023

| Plaintiffs' Co-Lead Counsel | |
|---|---|
| By: */s/ Adam Moskowitz*<br>Adam M. Moskowitz<br>Florida Bar No. 984280<br>Joseph M. Kaye<br>Florida Bar No. 117520<br>**THE MOSKOWITZ LAW FIRM, PLLC**<br>Continental Plaza<br>3250 Mary Street, Suite 202<br>Coconut Grove, FL 33133<br>Office: (305) 740-1423<br>adam@moskowitz-law.com<br>joseph@moskowitz-law.com<br>service@moskowitz-law.com | By: */s/ David Boies*<br>David Boies<br>Alex Boies<br>Brooke Alexander<br>**BOIES SCHILLER FLEXNER LLP**<br>333 Main Street<br>Armonk, NY 10504<br>Office: (914) 749-8200<br>dboies@bsfllp.com<br>aboies@bsfllp.com<br>balexander@bsfllp.com |

| Plaintiffs' Steering Committee Members | |
|---|---|
| Joseph R. Saveri<br>**JOSEPH SAVERI LAW FIRM**<br>601 California Street, Suite 1000<br>San Francisco, CA 94108<br>Telephone: (415) 500-6800<br>jsaveri@saverilawfirm.com | James R. Swanson<br>Kerry J. Miller<br>**FISHMAN HAYGOOD LLP**<br>201 St. Charles Avenue, 46th Floor<br>New Orleans, LA 70170<br>Telephone: (504) 586-5252<br>jswanson@fishmanhaygood.com<br>kmiller@fishmanhaygood.com |
| Robert Lieff<br>P.O. Drawer A<br>Rutherford, CA 94573<br>rlieff@lieff.com | |

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on November ___, 2023, a true and correct copy of the foregoing was served via email to all counsel of record.

By: */s/ Adam M. Moskowitz*
Adam M. Moskowitz

## **DEFINITIONS**

Unless otherwise specified, the terms set forth below have the following meanings:

1.   "Alameda" refers to Alameda Research LLC, including, but not limited to, its past and present subsidiaries, affiliates, divisions, segments (including any mobile application and/or web-based cryptocurrency investment services or trading platform), predecessors (including acquired entities or lines of business), and/or successors, which includes but is not limited to Alameda Ventures Ltd., and current and prior partners, officers, directors, employees, representatives, agents or any persons acting or purporting to act on behalf of the foregoing. No specific reference to any of the foregoing in the following Requests, including any specific reference to Samuel Bankman-Fried, Caroline Ellison, Gary Wang, or Nishad Singh, serves to limit the scope of any reference to Alameda herein.

2.   "All/Each" and "And/Or" – The terms "all", "each", "and" and "or" shall be construed as meaning either all or each as necessary, or conjunctively, to bring within the scope of the discovery request all responses that might otherwise be construed to be outside its scope.

3.   "Bankruptcy Actions" refers to Case No. 22-11068 (JTD) (Jointly Administered) pending in the United States Bankruptcy Court for the District of Delaware, and all bankruptcy proceedings filed in or after November 2022 on behalf of any of the FTX Entities and/or Alameda, and all adversary proceedings filed in connection therewith.

4.   "Communication" means, without limitation, the transmittal of information in the form of facts, ideas, inquiries or otherwise, and whether orally or in writing, or by

any other means or medium, including in person, electronically and/or by exchange or communication of any document, and includes, without limitation, correspondence, memoranda, reports, presentations, face-to-face conversations, telephone conversations, text messages, instant messages, voice messages, negotiations, Agreements, inquiries, understandings, meetings, letters, notes, telegrams, mail, email, exchanges of recorded information, and postings of any type. The term "Communication" includes instances where one party disseminates information that the other party receives but does not respond to.

5.   "Concerning" means relating to, referring to, describing, evidencing or constituting.

6.   "Control person" means a person (as defined herein) in direct or indirect possession of the power to direct or cause the direction of the management and policies of a person (as defined herein), whether through the ownership of voting securities, by contract, or otherwise.

7.   "Creditors" refers to all creditors in the Bankruptcy Actions, including, but not limited to, any committees of such creditors.

8.   "Criminal Proceedings" refers to *United States v. Sam Bankman-Fried*, 1:22-CR-00673 pending in the Southern District of New York, and all criminal proceedings filed in or after November 2022 relating to  the FTX Entities and/or Alameda.

9.   "Debtors" refers to all FTX Entities and/or Alameda that have filed petitions for bankruptcy protection in the Bankruptcy Actions.  When referring to the FTX Entities and/or Alameda in the Requests, the Requests cover the periods both prior to, and after, their filing of any of the Bankruptcy Actions.

10. "Defendants" refers to any and all persons and/or entities named as defendants in any of the actions consolidated with, and into, the above-captioned action. For purposes of these Requests, Defendants also includes Silvergate Capital Corporation (a/k/a Silvergate Bank) and Signature Bank.

11. "Document" refers to any written, printed, typed or other graphic matter, of any kind or nature, whether in hard copy or electronic format, whether the original, draft, or a copy and copies bearing notations or marks not found on the original, including, but not limited to, memoranda, reports, recommendations, notes, letters, envelopes, post-its, emails, text messages, instant messages (including, but not limited to, messages exchanged or sent using Slack, Teams, Discord, WhatsApp, Signal or any other similar application), transcripts, studies, analyses, tests, books, articles, minutes, agreements, contracts, and all other written communications, of any type, including inter and intra-office communications, questionnaires, surveys, charts, graphs, videos, photographs, tapes, voice messages or other recordings, print-outs or compilations from which information can be obtained or, if necessary, translated through detection devices into reasonably usable form, including all underlying or preparatory materials and drafts thereof. To the extent not already covered in the above definition, "Document" specifically includes any "writing", "recording", "photograph", "original" or "duplicate" as defined in Rule 1001 of the Federal Rules of Evidence, and/or "Electronically Stored Information" within the full scope of Rule 34 of the Federal Rules of Civil Procedure and/or as further defined as "ESI" herein.

- 3 -

12.    "ESI" refers to Electronically Stored Information, as consistent with Rule 34 of the Federal Rules of Civil Procedure and includes all computer or electronically stored or generated data and information, including all attachments to and enclosures within any requested item, and all drafts thereof. ESI includes all information and documents stored in any format and on any storage media, including, but not limited to: internal and external storage devices, hard drives, flash drives; and magnetic tape, whether fixed, portable or removable, and ESI further includes, but is not limited to, electronic spreadsheets, electronic presentation documents, e-mail messages, text messages, message platforms (including, but not limited to, Slack, Teams, Discord, WhatsApp, Telegram, Messenger, Signal or any other similar platforms where chat messages are exchanged); image files; sound files; material or information stored in a database or accessible from a database (including, but not limited to, Salesforce, Azure Cloud, or SQL databases). Responsive ESI may also include data on social media websites (e.g., LinkedIn, Facebook, Twitter, Instagram, and internal intranet social media). To the extent that a document or ESI contains tracked changes, comments, or other hidden text, the document or ESI should be imaged with that hidden text displayed. ESI also includes all associated metadata that is maintained or saved (including for example, author, recipient, file creation date, file modification date, etc.). Metadata preservation includes preserving parent-child relationships within a document family (the association between an attachment and its parents' document or between embedded documents and their parent). The entire document and attachments will be produced, except any attachments that may be withheld or redacted on the basis of any protection or

privilege, work product, or other applicable protection. Best efforts shall be made to ensure that the parent-child relationships within a document family (the association between an attachment and its parent document) are preserved and that such responsive child document(s) should be consecutively produced immediately after the responsive parent document.

13. "FTT" refers to the digital token created by the FTX Entities.

14. "FTX Entities" refers to FTX Trading and/or FTX US.

15. "FTX Trading" refers to FTX Trading Ltd. d/b/a FTX Trading, including, but not limited to, its past and present subsidiaries, affiliates, divisions, segments (including any mobile application and/or web-based cryptocurrency investment services or trading platform, such as FTX.com), predecessors (including acquired entities or lines of business such as Blockfolio, Inc.), successors, directors, officers, employees, representatives and/or agents. No specific reference to any of the foregoing in the following Requests, including any specific reference to Samuel Bankman-Fried, Caroline Ellison, Gary Wang, or Nishad Singh, serves to limit the scope of any reference to FTX Trading herein.

16. "FTX US" refers to West Realm Shires Services Inc. d/b/a FTX US, including, but not limited to, its past and present subsidiaries, affiliates, divisions, segments (including any mobile application and/or web-based cryptocurrency investment services or platform, such as FTX.com), predecessors (including acquired entities or lines of business such as Blockfolio, Inc.), successors, directors, officers, employees, representatives and/or agents. No specific reference to any of the foregoing in the following Requests, including any specific reference to Samuel

Bankman-Fried, Caroline Ellison, Gary Wang, or Nishad Singh, serves to limit the scope of any reference to FTX US herein.

17.     "Liquidators" refers to all liquidators in the Bankruptcy Actions, including, but not limited to, the Joint Provisional Liquidators of FTX Digital Markets Ltd.

18.     "Person" or "People" refers to any natural person(s) or any business, legal, or governmental entity (or entities) or association(s).

19.     "Trustee" refers to the U.S. Trustee assigned in the Bankruptcy Actions, including any of the Trustee's employee or agents, including any examiner appointed in the Bankruptcy Actions.

20.     "Work Papers" refers to all documents, including drafts, organizational charts, spreadsheets, and other data, prepared, maintained and/or obtained by you concerning the planning, procedures performed, information obtained, and conclusions reached in connection with any investment, or potential investment, in any of the FTX Entities and/or Alameda. "Work Papers" also includes documents that you have in your possession, custody or control that were prepared, maintained and/or obtained by you concerning the FTX Entities and/or Alameda that were prepared or obtained from any of the FTX Entities and/or Alameda or any other persons or entities investing in or providing accounting, auditing, or consulting services to the FTX Entities and/or Alameda.

21.     "You" or "Your" shall refer to the Defendant responding to these requests, its predecessors, successors, subsidiaries, departments divisions, and/or affiliates, including, but not limited to, any funds or other investment vehicles held by the Defendant responding or in which the Defendant responding is a member or other

owner, its international, national or local branches or offices, including, but not limited to Sino Global Capital Holdings, LLC, Ryze Labs, and current and prior partners, officers, directors, employees, representatives, agents or any persons acting or purporting to act on behalf of the responding Defendant.

22. "Sino Global Capital Management" shall refer to Sino Global Capital Management LLC, its predecessors, successors, subsidiaries, departments divisions, and/or affiliates, any international, national or local branches or offices, and current and prior partners, officers, directors, employees, representatives, agents or any persons acting or purporting to act on its behalf.

23. "Liquid Value" shall refer to the fund(s) in which you were co-general partners with FTX Entities and/or Alameda and any funds related in any way thereto. It shall refer to Liquid Value Fund I LP; Liquid Value GP Limited; Liquid Value US Fund I LP; Liquid Value Offshore Feeder Fund I LP; and each of the foregoing's predecessors, successors, subsidiaries, departments divisions, and/or affiliates, any international, national or local branches or offices, and current and prior partners, officers, directors, employees, representatives, agents or any persons acting or purporting to act on behalf of Liquid Value.

24. Whenever a reference to a business entity appears, the reference shall mean the business entity, its affiliated companies, partnerships, divisions, subdivisions, directors, officers, employees, agents, clients or other representatives of affiliated third parties.

25. Defined terms may or may not be capitalized or made uppercase; the given definitions apply even if a term in question is not capitalized or made uppercase.

No waiver of a definition is implied by the use of a defined term in a non-capitalized or lowercase form.

## <u>INSTRUCTIONS</u>

1.    Production of documents and items requested herein shall be made at the offices of The Moskowitz Law Firm, P.O. Box 653409, Miami, FL 33133, or via electronic mail to the email addresses provided in the signature blocks of the attorneys serving these requests.

2.    Unless otherwise stated in a request, the time period for which you must respond is January 1, 2019, through the date of production.

3.    Objections: Where an objection is made to any request, the objection shall state with specificity all grounds for the objection and respond to the Request to the extent it is not objectionable. Any ground not stated in an objection within the time provided by the Federal Rules of Civil Procedure, or by the Court's order, or any extensions thereof, shall be waived.

4.    These requests shall include all documents that are in your possession, custody or control or in the possession, custody or control of your present or former agents, representatives, or your attorneys, or any and all persons acting on your behalf, or your present or former agents, representatives, or attorneys.

5.    For any document, or portion thereof, covered by a request that is withheld from production (or redacted in whole or in part) under claim of privilege, work product protection or any other basis, you shall provide the following information in the form of a privilege log:

    a.    the reasons and each and every fact supporting any withholding, and legal basis for withholding the document including sufficient facts for the Court to make a full determination as to whether the claim of privilege is valid;

b.      the date such document was prepared;

c.      the names, employment positions and addresses of the author or preparers of such document;

d.      the names, employment positions, and the addresses of each person who received such document;

e.      the title, a brief description, and the subject matter of the document;

f.      the number of the request under which such document would be produced but for the objection; and

g.      description of the subject matter sufficient to determine whether the privilege is properly invoked (without revealing privileged information)

6.      If any document responsive to a request has been destroyed, produce all documents describing or referencing:

a.      the contents of the lost or destroyed document;

b.      all locations in which any copy of the lost or destroyed document had been maintained;

c.      the date of such loss or destruction;

d.      the name of each person who ordered, authorized, and carried out the destruction of any responsive document;

e.      all document retention and destruction policies in effect at the time any requested document was destroyed; and

f.      all efforts made to locate any responsive document alleged to have been lost.

7.      In producing the documents requested, indicate the specific request(s) pursuant to which document or group of documents is being produced.

8.      These requests should be deemed continuing such that if you, your directors, officers, employees, agents, representatives, or any person acting on your behalf, subsequently discover or obtain possession, custody, or control of any document or ESI previously requested or required to be produced, you should make a supplemental production of such document or ESI. Supplemental productions should be provided on a rolling basis as additional documents become available.

9.      All documents that cannot be accurately represented in TIFF format (such as spreadsheets, computer slide presentations, audio files, video files, and other similar file types) shall be provided in native format. The parties will further meet and confer regarding appropriate format of production for databases and structured data (e.g., Microsoft Teams, Slack, Microsoft Access, Azure Cloud, Salesforce, Oracle, or other ephemeral messaging or proprietary database systems).

10.     In responding to these Document Requests, you are to include Documents:

        a.      obtained from witnesses who gave information to any governmental agency or investigatory body;

        b.      that constitute, or refer or relate to, summaries of testimony or other statements in connection with any governmental agency or investigatory body proceeding or investigation; or

        c.      obtained on your behalf by counsel in preparing for testimony or interviews before any governmental agency or investigatory body.

11.     All documents are to be produced in the following method if not produced in its Native Format:

        a.      Single page .TIFF images

    b.      Color.jpg (documents wherein reflection of importance relies on color, shall be produced in .jpg format)

    c.      Document level Text Files containing extracted full text or OCR text

    d.      Electronic documents, e-mails, text or instant messages are to be processed and converted from the electronic format to single page tiff.

## REQUESTS FOR ADMISSION

**REQUEST FOR ADMISSION NO. 1:**

Please admit that you are or were registered to conduct business in Florida.

**REQUEST FOR ADMISSION NO. 2:**

Please admit that Sino Global Capital Management is or was registered to conduct business in Florida.

**REQUEST FOR ADMISSION NO. 3:**

Please admit that Liquid Value is or was registered to conduct business in Florida.

**REQUEST FOR ADMISSION NO. 4:**

Please admit that Sino Global Capital Management is or was registered to conduct business in California.

**REQUEST FOR ADMISSION NO. 5:**

Please admit that Liquid Value is or was registered to conduct business in California.

**REQUEST FOR ADMISSION NO. 6:**

Please admit that you do or did operate, conduct, engage in, or carry on a business or business venture in Florida.

**REQUEST FOR ADMISSION NO. 7:**

Please admit that Sino Global Capital Management does or did operate, conduct, engage in, or carry on a business or business venture in Florida.

**REQUEST FOR ADMISSION NO. 8:**

Please admit that Liquid Value does or did operate, conduct, engage in, or carry on a business or business venture in Florida.

**REQUEST FOR ADMISSION NO. 9:**

Please admit that Sino Global Capital Management does or did operate, conduct, engage in, or carry on a business or business venture in California.

**REQUEST FOR ADMISSION NO. 10:**

Please admit that Liquid Value does or did operate, conduct, engage in, or carry on a business or business venture in California.

**REQUEST FOR ADMISSION NO. 11:**

Please admit that you regularly conduct or conducted business in Florida.

**REQUEST FOR ADMISSION NO. 12:**

Please admit that Sino Global Capital Management regularly conducts or conducted business in Florida.

**REQUEST FOR ADMISSION NO. 13:**

Please admit that Liquid Value regularly conducts or conducted business in Florida.

**REQUEST FOR ADMISSION NO. 14:**

Please admit that Sino Global Capital Management regularly conducts or conducted business in California.

**REQUEST FOR ADMISSION NO. 15:**

Please admit that Liquid Value regularly conducts or conducted business in California.

**REQUEST FOR ADMISSION NO. 16:**

Please admit that the business that Sino Global Capital Management conducts or conducted in Florida and/or California relates at least in part to Plaintiffs' factual allegations in their complaint (SD Fla. Case No. 23-md-3076, R. Doc. 182).

**REQUEST FOR ADMISSION NO. 17:**

Please admit that the business that Liquid Value conducts or conducted in Florida and/or California relates at least in part to Plaintiffs' factual allegations in their complaint (SD Fla. Case No. 23-md-3076, R. Doc. 182).

**REQUEST FOR ADMISSION NO. 18:**

Please admit that you maintain or maintained a place of business, office, facility or agency in Florida, or otherwise have physical operations in Florida.

**REQUEST FOR ADMISSION NO. 19:**

Please admit that Sino Global Capital Management maintains or maintained a place of business, office, facility or agency in Florida, or otherwise has physical operations in Florida. Please further admit that such "place of business, office, facility or agency in Florida" is or was Sino Global Capital Management's principal office or place of business.

**REQUEST FOR ADMISSION NO. 20:**

Please admit that Liquid Value maintains or maintained a place of business, office, facility or agency in Florida, or otherwise has physical operations in Florida. Please further admit that such "place of business, office, facility or agency in Florida" is or was Liquid Value's principal office or place of business.

**REQUEST FOR ADMISSION NO. 21:**

Please admit that Sino Global Capital Management maintains a place of business, office, facility or agency in California, or otherwise has physical operations in California.

**REQUEST FOR ADMISSION NO. 22:**

Please admit that Liquid Value maintains or maintained a place of business, office, facility or agency in California, or otherwise has physical operations in California. Please further admit

that such "place of business, office, facility or agency in California" is or was Liquid Value's

principal office or place of business.

**REQUEST FOR ADMISSION NO. 23:**

Please admit that Matthew Graham owns or owned in whole or in part, whether directly or

indirectly, You, Sino Global Capital Management, and Liquid Value.

**REQUEST FOR ADMISSION NO. 24:**

Please admit that Matthew Graham manages or managed—whether directly or indirectly—

Your, Sino Global Capital Management's, and Liquid Value's operations.

## INTERROGATORIES

**INTERROGATORY NO. 1:**

If you responded to any of the foregoing Requests for Admission in any way other than an

unequivocal admission, please set forth all facts to support each such response(s).

**INTERROGATORY NO. 2:**

Please identify all current and former owners of Sino Global Capital Limited, Sino Global

Capital Holdings, LLC, Sino Global Capital Management, and Liquid Value, including the

ownership percentage held by each owner identified in response to this Interrogatory No. 2.

**INTERROGATORY NO. 3:**

Please identify your, Sino Global Capital Management's, and Liquid Value's employees,

executives, and directors. In doing so, please provide their home address(es), titles and descriptions

of their role(s) with respect to Sino Global Capital Limited, Sino Global Capital Holdings, LLC,

Sino Global Capital Management, and/or Liquid Value, their office address(es), their work phone

number(s), and their work email address(es).

**INTERROGATORY NO. 4:**

Please identify the entity that pays the salaries or any other compensation of the personnel listed in response to Interrogatory No. 4.

**INTERROGATORY NO. 5:**

Please identify the entity that pays the expenses and/or losses of Sino Global Capital Holdings, LLC.

**INTERROGATORY NO. 7:**

Please describe the business of, and how such business is conveyed to you, Sino Global Capital Management, and/or Liquid Value.

**INTERROGATORY NO. 8:**

Please identify the executives, directors, employees, and/or representatives of Sino Global Capital Holdings, LLC, Sino Global Capital Limited, Sino Global Capital Management, and/or Liquid Value who participated in responding to these discovery requests.

<u>**REQUESTS FOR PRODUCTION**</u>

1.  All workpapers, communications, and other documents concerning subscription agreements, membership agreements, partnership agreements, and/or other agreements between you and any of the FTX Entities, Alameda or any of the Defendants relating to any of the FTX Entities and/or Alameda.

2.  All communications between you, Sino Global Capital Management, and/or Liquid Value and any of the FTX Entities, Alameda, or any of the Defendants concerning any of the FTX Entities and/or Alameda.

3.      All communications between Matthew Graham and any executive, director, employee, agent, and/or representative of any of the FTX Entities, Alameda, North Dimension Inc., and/or LedgerX LLC.

4.      All communications between Matthew Graham and Defendants and/or Defendants' executives, directors, employees, agents, and/or representatives.

5.      All work papers, communications, and other documents concerning the Series B funding of FTX Trading, which closed in October 2021, including, but not limited to, offering memoranda, offering circulars, prospectuses, pitch decks, capitalization tables, diligence memoranda, reports, opinions, and other diligence materials concerning any of the FTX Entities and/or Alameda.

6.      Documents evidencing wire transfers or other payments, or instructions related to the foregoing, for any payments (1) from you, Sino Global Capital Management, and/or Liquid Value to any of the FTX Entities and/or Alameda or (2) from any of the FTX Entities and/or Alameda to you, Sino Global Capital Management, and/or Liquid Value.

7.      Documents and communications concerning your due diligence efforts undertaken by you or on your behalf in conjunction with potential or actual investments in or with FTX Entities and/or Alameda, whether such efforts were undertaken before the investment or following the investment in the form of continued monitoring, tracking, or management. Such documents and communications should include but not be limited to standard due diligence policies and/or checklists for your usual due diligence efforts, as well as all documents and communications specifically relating to or collected through your due diligence efforts undertaken with respect

to your actual investment(s) and/or any other potential investment(s) in FTX Entities and/or Alameda, or your Liquid Value funds.

8.    Contracts for any legal services you, Sino Global Capital Management, and/or Liquid Value sought or obtained in relation to the FTX Entities and/or Alameda.

9.    All work papers, communications, and other documents, concerning any investment by FTX Entities and/or Alameda in you, Sino Global Capital Management, Liquid Value, or in any other investment fund, limited partnership, or other business venture that you own, operate, or manage, including, but not limited to, offering memoranda, offering circulars, prospectuses, pitch decks, capitalization tables, diligence memoranda, reports, opinions, and other diligence materials concerning any of the FTX Entities and/or Alameda.

10.   All work papers, communications, and other documents concerning Liquid Value, including, but not limited to offering memoranda, offering circulars, prospectuses, pitch decks, capitalization tables, diligence memoranda, reports, opinions, and any diligence materials concerning any of the FTX Entities and/or Alameda.

11.   All "Relationship Documents," including but not limited to, any side letters, that Liquid Value references in any proofs of claim (including, but not limited to, claim numbers 3132 and 3967) or supplements thereto that Liquid Value filed in the Bankruptcy Actions. This request specifically includes any amendments or alterations to those claims.

12.   All work papers, communications, and other documents concerning your, Sino Global Capital Management's, and/or Liquid Value's membership and service on the board, including any advisory board, of any of the FTX Entities and/or

Alameda, including, but not limited to, agendas, presentations, and minutes of any and all meetings of such board.

13. All work papers, communications, and other documents concerning the membership and service on your, Sino Global Capital Management's, and/or Liquid Value's board, including any advisory board, by any of the FTX Entities and/or Alameda, including, but not limited to, agendas, presentations, and minutes of any and all meetings of such board.

14. All work papers, communications, and other documents concerning any of the FTX Entities and/or Alameda that were prepared or maintained in connection with, and/or referred to, your investments in, or any other potential investments in, loans to, or financing for any of the FTX Entities and/or Alameda.

15. All documents concerning any working group lists, or the names and contact information for all persons or entities, you received, prepared, or maintained in connection with your investments, or potential investments, in any of the FTX Entities and/or Alameda, including, but not limited to, persons in management (including, but not limited to, the chief executive officer, the chief financial officer, the chief compliance officer, the chief technology and/or information officer, the general counsel, presidents, executive vice presidents, vice presidents, and any others positions of management), directors, and/or other personnel involved in the Series A, Series B, Series B-1, Series C, and/or any other funding for, investment in, or potential investment in any of the FTX Entities and/or Alameda.

16. All documents and work papers concerning the operations of any of the FTX Entities and/or Alameda, including, but not limited to, operating pro formas, uses

and sources of cash and investment proceeds, investment portfolios, status reports, budgets, and/or presentations concerning the performance of any of the FTX Entities and/or Alameda, as well as, any market research, profitability analyses, evaluations, and/or other reports prepared by you or for you by any investment bankers, research analysts, management consultants and/or other professional.

17. All documents and work papers concerning the formation and corporate governance of any of the FTX Entities and/or Alameda, including, but not limited to, articles of incorporation, articles of formation, by-laws, membership agreements, partnership agreements, certificates of good standing, charters for any and all board committees, compliance policies, anti-corruption policies, whistleblower polices, policies relating to conflicts of interest, insider trading policies, related party transaction policies, and codes of ethics.

18. All documents and work papers concerning the implementation of accounting controls, financial controls, cash management controls and/or audit processes at any of the FTX Entities and/or Alameda, including, but not limited to audit committees, internal and/or external audits, audited and/or unaudited financial statements, general ledgers, policies and procedures concerning audits, asset allocation, liquidity forecasting, and disbursement controls, and other financial records for any of the FTX Entities and/or Alameda, and the engagement of, and services provided by, any accounting firm by and for any of the FTX Entities and/or Alameda, including, but not limited to Robert Lee & Associates, Prager Metis CPAs LLC and/or Armanino LLP.

19.     Any documents evidencing updates, progress reports, or similar with respect to (1) your investments in FTX Entities and/or Alameda and (2) FTX Entities' and/or Alameda's financials.

20.     All documents and work papers concerning North Dimension Inc, including, but not limited to, its ownership, employees, business purpose, and operations.

21.     All documents and work papers concerning LedgerX LLC, including, but not limited to, its ownership, employees, business purpose, and operations.

22.     All communications with any representative, employee, or agent of LedgerX LLC.

23.     All documents and work papers concerning any transactions and/or transfers of fiat, cryptocurrency, or other assets between any of the FTX Entities, Alameda, and/or any director, control person, and/or person in management (including, but not limited to, the chief executive officer, the chief financial officer, the chief compliance officer, the chief technology and/or information officer, the general counsel, presidents, executive vice presidents, vice presidents, and any others positions of management) of any of the FTX Entities and/or Alameda, including, but not limited to, disbursements, donations, gifts, bonuses and other compensation, capital contributions, promissory notes, inter-company agreements, service agreements, and loan agreements.

24.     All documents and work papers concerning risk management controls—and any exemptions or alterations thereto for, but not limited to, Alameda—at any of the FTX Entities and/or Alameda, including, but not limited to, policies and procedures concerning investment diversification, cryptocurrency products and other digital assets, derivative products, and leverage, including, but not limited to, the purported

"risk engine" auto-liquidator and other protocols to prevent a user from becoming over-leveraged on any of the FTX Entities' platforms and/or the FTX Entities' purported policy prohibiting any user from maintaining a negative balance on their platforms.

25.     All documents and work papers concerning regulatory compliance at any of the FTX Entities and/or Alameda, including, but not limited to, campaign finance regulations, licensure of the FTX Entities and/or Alameda in the jurisdictions in which each operates, including, but not limited to, money transmitter licenses, and the regulation of cryptocurrencies, tokens, and other digital assets—including the yield-bearing accounts offered by the FTX Entities—as securities.

26.     All documents and work papers concerning any charitable, political and/or campaign contribution by any of the FTX Entities, Alameda, and/or any director, control person, and/or person in management (including, but not limited to, the chief executive officer, the chief financial officer, the chief compliance officer, the chief technology and/or information officer, the general counsel, presidents, executive vice presidents, vice presidents, and any others positions of management) of any of the FTX Entities and/or Alameda.

27.     All documents and work papers concerning any internal complaints, including, but not limited to, "whistleblower" complaints, litigation, administrative or regulatory proceedings, investigations or governmental actions involving any of the FTX Entities and/or Alameda.

28.     All documents and work papers concerning the custody, and/or safeguarding, of customer funds, including fiat, cryptocurrencies, and other digital assets, by any of

the FTX Entities and/or Alameda, including, but not limited to, the labeling of customer accounts as "for the benefit of" ("FBO") the customer, the segregation (or lack thereof) of customer funds from the FTX Entities' operating accounts, the storage of customer funds in digital wallets on the FTX Entities' platforms, and the ledgering and/or bookkeeping of those funds by any of the FTX Entities and/or Alameda.

29. All documents and work papers concerning the terms of service for any of the FTX Entities and use thereof by customers or investors.

30. All documents and work papers concerning FTT, including, but not limited to, FTT held by any of the FTX Entities and/or Alameda, and their use of FTT as collateral for loans and other transactions.

31. All documents and work papers concerning the real and tangible property held by any FTX Entity and/or Alameda, including, but not limited to, the location and use of such property, and any mortgages, deeds of trust, lease and/or security agreements for the properties, and transfers of such properties by, among, and between any FTX Entity, Alameda, and/or any director, control person, and/or person in management (including, but not limited to, the chief executive officer, the chief financial officer, the chief compliance officer, the chief technology and/or information officer, the general counsel, presidents, executive vice presidents, vice presidents, and any others positions of management) of any of the FTX Entities and/or Alameda.

32. All documents and work papers concerning the decision to post, preparation of any post, and posting on your website, social media platform, or any other public forum

of any statements concerning the FTX Entities, Alameda, any director, control person, or person in management (including, but not limited to, the chief executive officer, the chief financial officer, the chief compliance officer, the chief technology and/or information officer, the general counsel, presidents, executive vice presidents, vice presidents, and any others positions of management) of any of the FTX Entities and/or Alameda, and/or any of the Defendants.

33.   All documents, work papers, and/or communications concerning the FTX Entities and/or Alameda you provided to or exchanged with:

   a.   Officers, directors, employees, and control persons of any of the FTX Entities and/or Alameda, including, but not limited to, Samuel Bankman-Fried, Caroline Ellison, Gary Wang, Nishad Singh, Constance Wang, Brett Harrison, Sam Trabucco, Zach Dexter, Ryne Miller, Ryan Salame, Dan Friedberg, and Ramnik Arora;

   b.   any actual or prospective customer of any of the FTX Entities and/or Alameda and/or any actual or prospective investor in any of the FTX Entities and/or Alameda;  or

   c.   any of the Defendants.

34.   To the extent not already produced in connection with any of the above requests, all work papers, communications, transcripts and/or recordings of any depositions, testimony, interviews, or statements you have provided concerning the FTX Entities and/or Alameda in any court, administrative proceedings, the Bankruptcy Actions, the Criminal Proceedings, or any other foreign or domestic forum or in response to any governmental agency request for discovery.

- 25 -

35. All documents, communications, and work papers relating to fraud detection and anti-money laundering protection by you, including, but not limited to, policies, procedures, manuals, monitoring systems, including automated monitoring systems, even if generated by a third party, employed by you to detect, monitor, and/or prevent fraud, money laundering, and/or other misconduct by the companies and other entities in which you invest, including, but not limited to, Know Your Customer or Know Your Client (together, "KYC") obligations, policies, procedures and compliance; Know Your Business ("KYB") obligations, policies, procedures, and compliance; Ant-Money Laundering ("AML") obligations, policies, procedures, and compliance; Customer Identification Program ("CIP") obligations, policies, procedures, and compliance; Bank Secrecy Act ("BSA") obligations, policies, procedures and compliance; risk management; and other due diligence.

36. All work papers, communications, and other documents concerning your decision to make the investment in the FTX Entities and/or Alameda, including but not limited to any meeting minutes, memoranda, or materials with respect to your internal committee or board discussions; and any meeting minutes, memoranda, or materials with respect to communications with Defendants.

37. Documents concerning any meetings between your directors, executives, employees, representatives, and/or agents and FTX's directors, executives, employees, representatives, and/or agents. This request includes but is not limited to any expense reports and calendar entries related to any such meetings.

38. All workpapers, communications, and other documents concerning your hiring and employment of Constance Wang.

39.     Organizational charts for Sino Global Capital Limited, Sino Global Capital Holdings, Sino Global Capital Management, Liquid Value, Ryze Labs, and any other intermediate entities existing along the chain of ownership between or among the entities specifically named in this request and Matthew Graham or any other ultimate owner and/or shareholder.

40.     All documents and work papers concerning your, Sino Global Capital Management's, and/or Liquid Value's formation and corporate governance, including, but not limited to, articles of incorporation, articles of formation, by-laws, membership agreements, partnership agreements, certificates of good standing, charters for any and all board committees, policies relating to conflicts of interest, insider trading policies, related party transaction policies, and codes of ethics.

41.     Your, Sino Global Capital Management's, and Liquid Value's audited financial statements, including income statements, balance sheets and statements of cash flow, whether consolidated or unconsolidated.

42.     Your, Sino Global Capital Management's, and Liquid Value's Federal and State (in whatever state they may be filed) tax returns and reporting information.

43.     Documents concerning your, Sino Global Capital Management's, and/or Liquid Value's banking relationships in California and/or Florida.

44.     All documents, work papers, or other discovery concerning any agreements or contracts between or among Sino Global Capital Limited, Sino Global Capital Holdings, LLC, Sino Global Capital Management, Liquid Value, and/or any owner

of the foregoing, including, but not limited to, intercompany agreements, lease-back agreements, and/or shared services agreement.

45.     All documents, work papers, or other discovery concerning property, personnel, or equipment provided to or shared by Sino Global Capital Limited, Sino Global Capital Holdings, LCC, Sino Global Capital Management, and/or Liquid Value.

46.     All documents, work papers, or other discovery concerning your, Sino Global Capital Management's, and/or Liquid Value's operations in the United States, including, but not limited to, any offices and personnel located in California and Florida.

47.     All documents, work papers, or other discovery concerning any registration by you, Sino Global Capital Management, and/or Liquid Value to conduct business in Florida or California.

48.     All documents, work papers, or other discovery concerning your, Sino Global Capital Management's, and/or Liquid Value's operating, conducting, engaging in, or carrying on a business or business venture in Florida or California.

49.     All documents, work papers, or other discovery concerning any place of business, office, facility, agency, or office that you, Sino Global Capital Management, and/or Liquid Value maintain in Florida or California.

50.     All documents, work papers, or other discovery concerning your, Sino Global Capital Management's, and/or Liquid Value's physical operations in Florida or California.

51.     All documents, work papers, or other discovery concerning your, Sino Global

Capital Management's, and/or Liquid Value's business in, or soliciting business

within, Florida or California.

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**
**MDL No. 3076**
**CASE NO. 1:23-md-03076-KMM**

In Re: FTX Cryptocurrency Exchange Collapse Litigation

**PLAINTIFFS' FIRST SET OF DISCOVERY REQUESTS TO DEFENDANT**
**SINO GLOBAL CAPITAL HOLDINGS, LLC**

Plaintiffs in the above-titled action, pursuant to Rules 26, 33 34, and 36 of the Federal

Rules of Civil Procedure, and Local Rule 26.1 of the United States District Court for the Southern

District of Florida, request that Defendant Sino Global Capital Holdings, LLC, respond to the

enclosed Requests for Admission and Interrogatories and produce all documents, electronically

stored information, and things that are in your possession, custody, or control requested in response

to the following Requests for Production.

Respectfully submitted on November ___, 2023

| Plaintiffs' Co-Lead Counsel | |
|---|---|
| By: */s/ Adam Moskowitz*<br>Adam M. Moskowitz<br>Florida Bar No. 984280<br>Joseph M. Kaye<br>Florida Bar No. 117520<br>**THE MOSKOWITZ LAW FIRM, PLLC**<br>Continental Plaza<br>3250 Mary Street, Suite 202<br>Coconut Grove, FL 33133<br>Office: (305) 740-1423<br>adam@moskowitz-law.com<br>joseph@moskowitz-law.com<br>service@moskowitz-law.com | By: */s/ David Boies*<br>David Boies<br>Alex Boies<br>Brooke Alexander<br>**BOIES SCHILLER FLEXNER LLP**<br>333 Main Street<br>Armonk, NY 10504<br>Office: (914) 749-8200<br>dboies@bsfllp.com<br>aboies@bsfllp.com<br>balexander@bsfllp.com |

| Plaintiffs' Steering Committee Members | |
|---|---|
| Joseph R. Saveri<br>**JOSEPH SAVERI LAW FIRM**<br>601 California Street, Suite 1000<br>San Francisco, CA 94108<br>Telephone: (415) 500-6800<br>jsaveri@saverilawfirm.com | James R. Swanson<br>Kerry J. Miller<br>**FISHMAN HAYGOOD LLP**<br>201 St. Charles Avenue, 46th Floor<br>New Orleans, LA 70170<br>Telephone: (504) 586-5252<br>jswanson@fishmanhaygood.com<br>kmiller@fishmanhaygood.com |
| Robert Lieff<br>P.O. Drawer A<br>Rutherford, CA 94573<br>rlieff@lieff.com | |

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on November ___, 2023, a true and correct copy of the foregoing was served via email to all counsel of record.

By: */s/ Adam M. Moskowitz*
Adam M. Moskowitz

## **DEFINITIONS**

Unless otherwise specified, the terms set forth below have the following meanings:

1.      "Alameda" refers to Alameda Research LLC, including, but not limited to, its past and present subsidiaries, affiliates, divisions, segments (including any mobile application and/or web-based cryptocurrency investment services or trading platform), predecessors (including acquired entities or lines of business), and/or successors, which includes but is not limited to Alameda Ventures Ltd., and current and prior partners, officers, directors, employees, representatives, agents or any persons acting or purporting to act on behalf of the foregoing. No specific reference to any of the foregoing in the following Requests, including any specific reference to Samuel Bankman-Fried, Caroline Ellison, Gary Wang, or Nishad Singh, serves to limit the scope of any reference to Alameda herein.

2.      "All/Each" and "And/Or" – The terms "all", "each", "and" and "or" shall be construed as meaning either all or each as necessary, or conjunctively, to bring within the scope of the discovery request all responses that might otherwise be construed to be outside its scope.

3.      "Bankruptcy Actions" refers to Case No. 22-11068 (JTD) (Jointly Administered) pending in the United States Bankruptcy Court for the District of Delaware, and all bankruptcy proceedings filed in or after November 2022 on behalf of any of the FTX Entities and/or Alameda, and all adversary proceedings filed in connection therewith.

4.      "Communication" means, without limitation, the transmittal of information in the form of facts, ideas, inquiries or otherwise, and whether orally or in writing, or by

any other means or medium, including in person, electronically and/or by exchange or communication of any document, and includes, without limitation, correspondence, memoranda, reports, presentations, face-to-face conversations, telephone conversations, text messages, instant messages, voice messages, negotiations, Agreements, inquiries, understandings, meetings, letters, notes, telegrams, mail, email, exchanges of recorded information, and postings of any type. The term "Communication" includes instances where one party disseminates information that the other party receives but does not respond to.

5.      "Concerning" means relating to, referring to, describing, evidencing or constituting.

6.      "Control person" means a person (as defined herein) in direct or indirect possession of the power to direct or cause the direction of the management and policies of a person (as defined herein), whether through the ownership of voting securities, by contract, or otherwise.

7.      "Creditors" refers to all creditors in the Bankruptcy Actions, including, but not limited to, any committees of such creditors.

8.      "Criminal Proceedings" refers to *United States v. Sam Bankman-Fried*, 1:22-CR-00673 pending in the Southern District of New York, and all criminal proceedings filed in or after November 2022 relating to  the FTX Entities and/or Alameda.

9.      "Debtors" refers to all FTX Entities and/or Alameda that have filed petitions for bankruptcy protection in the Bankruptcy Actions.  When referring to the FTX Entities and/or Alameda in the Requests, the Requests cover the periods both prior to, and after, their filing of any of the Bankruptcy Actions.

10.     "Defendants" refers to any and all persons and/or entities named as defendants in any of the actions consolidated with, and into, the above-captioned action.  For purposes of these Requests, Defendants also includes Silvergate Capital Corporation (a/k/a Silvergate Bank) and Signature Bank.

11.     "Document" refers to any written, printed, typed or other graphic matter, of any kind or nature, whether in hard copy or electronic format, whether the original, draft, or a copy and copies bearing notations or marks not found on the original, including, but not limited to, memoranda, reports, recommendations, notes, letters, envelopes, post-its, emails, text messages, instant messages (including, but not limited to, messages exchanged or sent using Slack, Teams, Discord, WhatsApp, Signal or any other similar application), transcripts, studies, analyses, tests, books, articles, minutes, agreements, contracts, and all other written communications, of any type, including inter and intra-office communications, questionnaires, surveys, charts, graphs, videos, photographs, tapes, voice messages or other recordings, print-outs or compilations from which information can be obtained or, if necessary, translated through detection devices into reasonably usable form, including all underlying or preparatory materials and drafts thereof.  To the extent not already covered in the above definition, "Document" specifically includes any "writing", "recording", "photograph", "original" or "duplicate" as defined in Rule 1001 of the Federal Rules of Evidence, and/or "Electronically Stored Information" within the full scope of Rule 34 of the Federal Rules of Civil Procedure and/or as further defined as "ESI" herein.

12.     "ESI" refers to Electronically Stored Information, as consistent with Rule 34 of the Federal Rules of Civil Procedure and includes all computer or electronically stored or generated data and information, including all attachments to and enclosures within any requested item, and all drafts thereof. ESI includes all information and documents stored in any format and on any storage media, including, but not limited to: internal and external storage devices, hard drives, flash drives; and magnetic tape, whether fixed, portable or removable, and ESI further includes, but is not limited to, electronic spreadsheets, electronic presentation documents, e-mail messages, text messages, message platforms (including, but not limited to, Slack, Teams, Discord, WhatsApp, Telegram, Messenger, Signal or any other similar platforms where chat messages are exchanged); image files; sound files; material or information stored in a database or accessible from a database (including, but not limited to, Salesforce, Azure Cloud, or SQL databases). Responsive ESI may also include data on social media websites (e.g., LinkedIn, Facebook, Twitter, Instagram, and internal intranet social media). To the extent that a document or ESI contains tracked changes, comments, or other hidden text, the document or ESI should be imaged with that hidden text displayed. ESI also includes all associated metadata that is maintained or saved (including for example, author, recipient, file creation date, file modification date, etc.). Metadata preservation includes preserving parent-child relationships within a document family (the association between an attachment and its parents' document or between embedded documents and their parent). The entire document and attachments will be produced, except any attachments that may be withheld or redacted on the basis of any protection or

privilege, work product, or other applicable protection. Best efforts shall be made to ensure that the parent-child relationships within a document family (the association between an attachment and its parent document) are preserved and that such responsive child document(s) should be consecutively produced immediately after the responsive parent document.

13.    "FTT" refers to the digital token created by the FTX Entities.

14.    "FTX Entities" refers to FTX Trading and/or FTX US.

15.    "FTX Trading" refers to FTX Trading Ltd. d/b/a FTX Trading, including, but not limited to, its past and present subsidiaries, affiliates, divisions, segments (including any mobile application and/or web-based cryptocurrency investment services or trading platform, such as FTX.com), predecessors (including acquired entities or lines of business such as Blockfolio, Inc.), successors, directors, officers, employees, representatives and/or agents. No specific reference to any of the foregoing in the following Requests, including any specific reference to Samuel Bankman-Fried, Caroline Ellison, Gary Wang, or Nishad Singh, serves to limit the scope of any reference to FTX Trading herein.

16.    "FTX US" refers to West Realm Shires Services Inc. d/b/a FTX US, including, but not limited to, its past and present subsidiaries, affiliates, divisions, segments (including any mobile application and/or web-based cryptocurrency investment services or platform, such as FTX.com), predecessors (including acquired entities or lines of business such as Blockfolio, Inc.), successors, directors, officers, employees, representatives and/or agents. No specific reference to any of the foregoing in the following Requests, including any specific reference to Samuel

Bankman-Fried, Caroline Ellison, Gary Wang, or Nishad Singh, serves to limit the scope of any reference to FTX US herein.

17. "Liquidators" refers to all liquidators in the Bankruptcy Actions, including, but not limited to, the Joint Provisional Liquidators of FTX Digital Markets Ltd.

18. "Person" or "People" refers to any natural person(s) or any business, legal, or governmental entity (or entities) or association(s).

19. "Trustee" refers to the U.S. Trustee assigned in the Bankruptcy Actions, including any of the Trustee's employee or agents, including any examiner appointed in the Bankruptcy Actions.

20. "Work Papers" refers to all documents, including drafts, organizational charts, spreadsheets, and other data, prepared, maintained and/or obtained by you concerning the planning, procedures performed, information obtained, and conclusions reached in connection with any investment, or potential investment, in any of the FTX Entities and/or Alameda. "Work Papers" also includes documents that you have in your possession, custody or control that were prepared, maintained and/or obtained by you concerning the FTX Entities and/or Alameda that were prepared or obtained from any of the FTX Entities and/or Alameda or any other persons or entities investing in or providing accounting, auditing, or consulting services to the FTX Entities and/or Alameda.

21. "You" or "Your" shall refer to the Defendant responding to these requests, its predecessors, successors, subsidiaries, departments divisions, and/or affiliates, including, but not limited to, any funds or other investment vehicles held by the Defendant responding or in which the Defendant responding is a member or other

owner, its international, national or local branches or offices, including, but not limited to Sino Global Capital Limited, Ryze Labs, and current and prior partners, officers, directors, employees, representatives, agents or any persons acting or purporting to act on behalf of the responding Defendant.

22.     "Sino Global Capital Management" shall refer to Sino Global Capital Management LLC, its predecessors, successors, subsidiaries, departments divisions, and/or affiliates, any international, national or local branches or offices, and current and prior partners, officers, directors, employees, representatives, agents or any persons acting or purporting to act on its behalf.

23.     "Liquid Value" shall refer to the fund(s) in which you were co-general partners with FTX Entities and/or Alameda and any funds related in any way thereto. It shall refer to Liquid Value Fund I LP; Liquid Value GP Limited; Liquid Value US Fund I LP; Liquid Value Offshore Feeder Fund I LP; and each of the foregoing's predecessors, successors, subsidiaries, departments divisions, and/or affiliates, any international, national or local branches or offices, and current and prior partners, officers, directors, employees, representatives, agents or any persons acting or purporting to act on behalf of Liquid Value.

24.     Whenever a reference to a business entity appears, the reference shall mean the business entity, its affiliated companies, partnerships, divisions, subdivisions, directors, officers, employees, agents, clients or other representatives of affiliated third parties.

25.     Defined terms may or may not be capitalized or made uppercase; the given definitions apply even if a term in question is not capitalized or made uppercase.

No waiver of a definition is implied by the use of a defined term in a non-capitalized or lowercase form.

## <u>INSTRUCTIONS</u>

1.    Production of documents and items requested herein shall be made at the offices of

The Moskowitz Law Firm, P.O. Box 653409, Miami, FL 33133, or via electronic

mail to the email addresses provided in the signature blocks of the attorneys serving

these requests.

2.    Unless otherwise stated in a request, the time period for which you must respond is

January 1, 2019, through the date of production.

3.    Objections: Where an objection is made to any request, the objection shall state

with specificity all grounds for the objection and respond to the Request to the

extent it is not objectionable. Any ground not stated in an objection within the time

provided by the Federal Rules of Civil Procedure, or by the Court's order, or any

extensions thereof, shall be waived.

4.    These requests shall include all documents that are in your possession, custody or

control or in the possession, custody or control of your present or former agents,

representatives, or your attorneys, or any and all persons acting on your behalf, or

your present or former agents, representatives, or attorneys.

5.    For any document, or portion thereof, covered by a request that is withheld from

production (or redacted in whole or in part) under claim of privilege, work product

protection or any other basis, you shall provide the following information in the

form of a privilege log:

a.    the reasons and each and every fact supporting any withholding, and legal

basis for withholding the document including sufficient facts for the Court

to make a full determination as to whether the claim of privilege is valid;

b.     the date such document was prepared;

c.     the names, employment positions and addresses of the author or preparers of such document;

d.     the names, employment positions, and the addresses of each person who received such document;

e.     the title, a brief description, and the subject matter of the document;

f.     the number of the request under which such document would be produced but for the objection; and

g.     description of the subject matter sufficient to determine whether the privilege is properly invoked (without revealing privileged information)

6.     If any document responsive to a request has been destroyed, produce all documents describing or referencing:

a.     the contents of the lost or destroyed document;

b.     all locations in which any copy of the lost or destroyed document had been maintained;

c.     the date of such loss or destruction;

d.     the name of each person who ordered, authorized, and carried out the destruction of any responsive document;

e.     all document retention and destruction policies in effect at the time any requested document was destroyed; and

f.     all efforts made to locate any responsive document alleged to have been lost.

7.     In producing the documents requested, indicate the specific request(s) pursuant to which document or group of documents is being produced.

- 10 -

8.      These requests should be deemed continuing such that if you, your directors, officers, employees, agents, representatives, or any person acting on your behalf, subsequently discover or obtain possession, custody, or control of any document or ESI previously requested or required to be produced, you should make a supplemental production of such document or ESI. Supplemental productions should be provided on a rolling basis as additional documents become available.

9.      All documents that cannot be accurately represented in TIFF format (such as spreadsheets, computer slide presentations, audio files, video files, and other similar file types) shall be provided in native format. The parties will further meet and confer regarding appropriate format of production for databases and structured data (e.g., Microsoft Teams, Slack, Microsoft Access, Azure Cloud, Salesforce, Oracle, or other ephemeral messaging or proprietary database systems).

10.     In responding to these Document Requests, you are to include Documents:

  a.      obtained from witnesses who gave information to any governmental agency or investigatory body;

  b.      that constitute, or refer or relate to, summaries of testimony or other statements in connection with any governmental agency or investigatory body proceeding or investigation; or

  c.      obtained on your behalf by counsel in preparing for testimony or interviews before any governmental agency or investigatory body.

11.     All documents are to be produced in the following method if not produced in its Native Format:

  a.      Single page .TIFF images

- 11 -

b.      Color.jpg (documents wherein reflection of importance relies on color, shall be produced in .jpg format)

c.      Document level Text Files containing extracted full text or OCR text

d.      Electronic documents, e-mails, text or instant messages are to be processed and converted from the electronic format to single page tiff.

## REQUESTS FOR ADMISSION

**REQUEST FOR ADMISSION NO. 1:**

Please admit that you are or were registered to conduct business in Florida.

**REQUEST FOR ADMISSION NO. 2:**

Please admit that Sino Global Capital Management is or was registered to conduct business in Florida.

**REQUEST FOR ADMISSION NO. 3:**

Please admit that Liquid Value is or was registered to conduct business in Florida.

**REQUEST FOR ADMISSION NO. 4:**

Please admit that Sino Global Capital Management is or was registered to conduct business in California.

**REQUEST FOR ADMISSION NO. 5:**

Please admit that Liquid Value is or was registered to conduct business in California.

**REQUEST FOR ADMISSION NO. 6:**

Please admit that you do or did operate, conduct, engage in, or carry on a business or business venture in Florida.

**REQUEST FOR ADMISSION NO. 7:**

Please admit that Sino Global Capital Management does or did operate, conduct, engage in, or carry on a business or business venture in Florida.

**REQUEST FOR ADMISSION NO. 8:**

Please admit that Liquid Value does or did operate, conduct, engage in, or carry on a business or business venture in Florida.

- 13 -

**REQUEST FOR ADMISSION NO. 9:**

Please admit that Sino Global Capital Management does or did operate, conduct, engage in, or carry on a business or business venture in California.

**REQUEST FOR ADMISSION NO. 10:**

Please admit that Liquid Value does or did operate, conduct, engage in, or carry on a business or business venture in California.

**REQUEST FOR ADMISSION NO. 11:**

Please admit that you regularly conduct or conducted business in Florida.

**REQUEST FOR ADMISSION NO. 12:**

Please admit that Sino Global Capital Management regularly conducts or conducted business in Florida.

**REQUEST FOR ADMISSION NO. 13:**

Please admit that Liquid Value regularly conducts or conducted business in Florida.

**REQUEST FOR ADMISSION NO. 14:**

Please admit that Sino Global Capital Management regularly conducts or conducted business in California.

**REQUEST FOR ADMISSION NO. 15:**

Please admit that Liquid Value regularly conducts or conducted business in California.

**REQUEST FOR ADMISSION NO. 16:**

Please admit that the business that Sino Global Capital Management conducts or conducted in Florida and/or California relates at least in part to Plaintiffs' factual allegations in their complaint (SD Fla. Case No. 23-md-3076, R. Doc. 182).

**REQUEST FOR ADMISSION NO. 17:**

Please admit that the business that Liquid Value conducts or conducted in Florida and/or California relates at least in part to Plaintiffs' factual allegations in their complaint (SD Fla. Case No. 23-md-3076, R. Doc. 182).

**REQUEST FOR ADMISSION NO. 18:**

Please admit that you maintain or maintained a place of business, office, facility or agency in Florida, or otherwise have physical operations in Florida.

**REQUEST FOR ADMISSION NO. 19:**

Please admit that Sino Global Capital Management maintains or maintained a place of business, office, facility or agency in Florida, or otherwise has physical operations in Florida. Please further admit that such "place of business, office, facility or agency in Florida" is or was Sino Global Capital Management's principal office or place of business.

**REQUEST FOR ADMISSION NO. 20:**

Please admit that Liquid Value maintains or maintained a place of business, office, facility or agency in Florida, or otherwise has physical operations in Florida. Please further admit that such "place of business, office, facility or agency in Florida" is or was Liquid Value's principal office or place of business.

**REQUEST FOR ADMISSION NO. 21:**

Please admit that Sino Global Capital Management maintains a place of business, office, facility or agency in California, or otherwise has physical operations in California.

**REQUEST FOR ADMISSION NO. 22:**

Please admit that Liquid Value maintains or maintained a place of business, office, facility or agency in California, or otherwise has physical operations in California. Please further admit

that such "place of business, office, facility or agency in California" is or was Liquid Value's principal office or place of business.

**REQUEST FOR ADMISSION NO. 23:**

Please admit that Matthew Graham owns or owned in whole or in part, whether directly or indirectly, You, Sino Global Capital Management, and Liquid Value.

**REQUEST FOR ADMISSION NO. 24:**

Please admit that Matthew Graham manages or managed—whether directly or indirectly— Your, Sino Global Capital Management's, and Liquid Value's operations.

## INTERROGATORIES

**INTERROGATORY NO. 1:**

If you responded to any of the foregoing Requests for Admission in any way other than an unequivocal admission, please set forth all facts to support each such response(s).

**INTERROGATORY NO. 2:**

Please identify all current and former owners of Sino Global Capital Limited, Sino Global Capital Holdings, LLC, Sino Global Capital Management, and Liquid Value, including the ownership percentage held by each owner identified in response to this Interrogatory No. 2.

**INTERROGATORY NO. 3:**

Please identify your, Sino Global Capital Management's, and Liquid Value's employees, executives, and directors. In doing so, please provide their home address(es), titles and descriptions of their role(s) with respect to Sino Global Capital Limited, Sino Global Capital Holdings, LLC, Sino Global Capital Management, and/or Liquid Value, their office address(es), their work phone number(s), and their work email address(es).

**INTERROGATORY NO. 4:**

Please identify the entity that pays the salaries or any other compensation of the personnel listed in response to Interrogatory No. 4.

**INTERROGATORY NO. 5:**

Please identify the entity that pays the expenses and/or losses of Sino Global Capital Holdings, LLC.

**INTERROGATORY NO. 7:**

Please describe the business of, and how such business is conveyed to you, Sino Global Capital Management, and/or Liquid Value.

**INTERROGATORY NO. 8:**

Please identify the executives, directors, employees, and/or representatives of Sino Global Capital Holdings, LLC, Sino Global Capital Limited, Sino Global Capital Management, and/or Liquid Value who participated in responding to these discovery requests.

## REQUESTS FOR PRODUCTION

1.  All workpapers, communications, and other documents concerning subscription agreements, membership agreements, partnership agreements, and/or other agreements between you and any of the FTX Entities, Alameda or any of the Defendants relating to any of the FTX Entities and/or Alameda.

2.  All communications between you, Sino Global Capital Management, and/or Liquid Value and any of the FTX Entities, Alameda, or any of the Defendants concerning any of the FTX Entities and/or Alameda.

- 17 -

3.     All communications between Matthew Graham and any executive, director, employee, agent, and/or representative of any of the FTX Entities, Alameda, North Dimension Inc., and/or LedgerX LLC.

4.     All communications between Matthew Graham and Defendants and/or Defendants' executives, directors, employees, agents, and/or representatives.

5.     All work papers, communications, and other documents concerning the Series B funding of FTX Trading, which closed in October 2021, including, but not limited to, offering memoranda, offering circulars, prospectuses, pitch decks, capitalization tables, diligence memoranda, reports, opinions, and other diligence materials concerning any of the FTX Entities and/or Alameda.

6.     Documents evidencing wire transfers or other payments, or instructions related to the foregoing, for any payments (1) from you, Sino Global Capital Management, and/or Liquid Value to any of the FTX Entities and/or Alameda or (2) from any of the FTX Entities and/or Alameda to you, Sino Global Capital Management, and/or Liquid Value.

7.     Documents and communications concerning your due diligence efforts undertaken by you or on your behalf in conjunction with potential or actual investments in or with FTX Entities and/or Alameda, whether such efforts were undertaken before the investment or following the investment in the form of continued monitoring, tracking, or management. Such documents and communications should include but not be limited to standard due diligence policies and/or checklists for your usual due diligence efforts, as well as all documents and communications specifically relating to or collected through your due diligence efforts undertaken with respect

- 18 -

to your actual investment(s) and/or any other potential investment(s) in FTX Entities and/or Alameda, or your Liquid Value funds.

8.     Contracts for any legal services you, Sino Global Capital Management, and/or Liquid Value sought or obtained in relation to the FTX Entities and/or Alameda.

9.     All work papers, communications, and other documents, concerning any investment by FTX Entities and/or Alameda in you, Sino Global Capital Management, Liquid Value, or in any other investment fund, limited partnership, or other business venture that you own, operate, or manage, including, but not limited to, offering memoranda, offering circulars, prospectuses, pitch decks, capitalization tables, diligence memoranda, reports, opinions, and other diligence materials concerning any of the FTX Entities and/or Alameda.

10.    All work papers, communications, and other documents concerning Liquid Value, including, but not limited to offering memoranda, offering circulars, prospectuses, pitch decks, capitalization tables, diligence memoranda, reports, opinions, and any diligence materials concerning any of the FTX Entities and/or Alameda.

11.    All "Relationship Documents," including but not limited to, any side letters, that Liquid Value references in any proofs of claim (including, but not limited to, claim numbers 3132 and 3967) or supplements thereto that Liquid Value filed in the Bankruptcy Actions. This request specifically includes any amendments or alterations to those claims.

12.    All work papers, communications, and other documents concerning your, Sino Global Capital Management's, and/or Liquid Value's membership and service on the board, including any advisory board, of any of the FTX Entities and/or

Alameda, including, but not limited to, agendas, presentations, and minutes of any and all meetings of such board.

13. All work papers, communications, and other documents concerning the membership and service on your, Sino Global Capital Management's, and/or Liquid Value's board, including any advisory board, by any of the FTX Entities and/or Alameda, including, but not limited to, agendas, presentations, and minutes of any and all meetings of such board.

14. All work papers, communications, and other documents concerning any of the FTX Entities and/or Alameda that were prepared or maintained in connection with, and/or referred to, your investments in, or any other potential investments in, loans to, or financing for, any of the FTX Entities and/or Alameda.

15. All documents concerning any working group lists, or the names and contact information for all persons or entities, you received, prepared, or maintained in connection with your investments, or potential investments, in any of the FTX Entities and/or Alameda, including, but not limited to, persons in management (including, but not limited to, the chief executive officer, the chief financial officer, the chief compliance officer, the chief technology and/or information officer, the general counsel, presidents, executive vice presidents, vice presidents, and any others positions of management), directors, and/or other personnel involved in the Series A, Series B, Series B-1, Series C, and/or any other funding for, investment in, or potential investment in any of the FTX Entities and/or Alameda.

16. All documents and work papers concerning the operations of any of the FTX Entities and/or Alameda, including, but not limited to, operating pro formas, uses

- 20 -

and sources of cash and investment proceeds, investment portfolios, status reports, budgets, and/or presentations concerning the performance of any of the FTX Entities and/or Alameda, as well as, any market research, profitability analyses, evaluations, and/or other reports prepared by you or for you by any investment bankers, research analysts, management consultants and/or other professional.

17.    All documents and work papers concerning the formation and corporate governance of any of the FTX Entities and/or Alameda, including, but not limited to, articles of incorporation, articles of formation, by-laws, membership agreements, partnership agreements, certificates of good standing, charters for any and all board committees, compliance policies, anti-corruption policies, whistleblower polices, policies relating to conflicts of interest, insider trading policies, related party transaction policies, and codes of ethics.

18.    All documents and work papers concerning the implementation of accounting controls, financial controls, cash management controls and/or audit processes at any of the FTX Entities and/or Alameda, including, but not limited to audit committees, internal and/or external audits, audited and/or unaudited financial statements, general ledgers, policies and procedures concerning audits, asset allocation, liquidity forecasting, and disbursement controls, and other financial records for any of the FTX Entities and/or Alameda, and the engagement of, and services provided by, any accounting firm by and for any of the FTX Entities and/or Alameda, including, but not limited to Robert Lee & Associates, Prager Metis CPAs LLC and/or Armanino LLP.

19.     Any documents evidencing updates, progress reports, or similar with respect to (1) your investments in FTX Entities and/or Alameda and (2) FTX Entities' and/or Alameda's financials.

20.     All documents and work papers concerning North Dimension Inc, including, but not limited to, its ownership, employees, business purpose, and operations.

21.     All documents and work papers concerning LedgerX LLC, including, but not limited to, its ownership, employees, business purpose, and operations.

22.     All communications with any representative, employee, or agent of LedgerX LLC.

23.     All documents and work papers concerning any transactions and/or transfers of fiat, cryptocurrency, or other assets between any of the FTX Entities, Alameda, and/or any director, control person, and/or person in management (including, but not limited to, the chief executive officer, the chief financial officer, the chief compliance officer, the chief technology and/or information officer, the general counsel, presidents, executive vice presidents, vice presidents, and any others positions of management) of any of the FTX Entities and/or Alameda, including, but not limited to, disbursements, donations, gifts, bonuses and other compensation, capital contributions, promissory notes, inter-company agreements, service agreements, and loan agreements.

24.     All documents and work papers concerning risk management controls—and any exemptions or alterations thereto for, but not limited to, Alameda—at any of the FTX Entities and/or Alameda, including, but not limited to, policies and procedures concerning investment diversification, cryptocurrency products and other digital assets, derivative products, and leverage, including, but not limited to, the purported

"risk engine" auto-liquidator and other protocols to prevent a user from becoming over-leveraged on any of the FTX Entities' platforms and/or the FTX Entities' purported policy prohibiting any user from maintaining a negative balance on their platforms.

25. All documents and work papers concerning regulatory compliance at any of the FTX Entities and/or Alameda, including, but not limited to, campaign finance regulations, licensure of the FTX Entities and/or Alameda in the jurisdictions in which each operates, including, but not limited to, money transmitter licenses, and the regulation of cryptocurrencies, tokens, and other digital assets—including the yield-bearing accounts offered by the FTX Entities—as securities.

26. All documents and work papers concerning any charitable, political and/or campaign contribution by any of the FTX Entities, Alameda, and/or any director, control person, and/or person in management (including, but not limited to, the chief executive officer, the chief financial officer, the chief compliance officer, the chief technology and/or information officer, the general counsel, presidents, executive vice presidents, vice presidents, and any others positions of management) of any of the FTX Entities and/or Alameda.

27. All documents and work papers concerning any internal complaints, including, but not limited to, "whistleblower" complaints, litigation, administrative or regulatory proceedings, investigations or governmental actions involving any of the FTX Entities and/or Alameda.

28. All documents and work papers concerning the custody, and/or safeguarding, of customer funds, including fiat, cryptocurrencies, and other digital assets, by any of

the FTX Entities and/or Alameda, including, but not limited to, the labeling of
customer accounts as "for the benefit of" ("FBO") the customer, the segregation
(or lack thereof) of customer funds from the FTX Entities' operating accounts, the
storage of customer funds in digital wallets on the FTX Entities' platforms, and the
ledgering and/or bookkeeping of those funds by any of the FTX Entities and/or
Alameda.

29.    All documents and work papers concerning the terms of service for any of the FTX
Entities and use thereof by customers or investors.

30.    All documents and work papers concerning FTT, including, but not limited to, FTT
held by any of the FTX Entities and/or Alameda, and their use of FTT as collateral
for loans and other transactions.

31.    All documents and work papers concerning the real and tangible property held by
any FTX Entity and/or Alameda, including, but not limited to, the location and use
of such property, and any mortgages, deeds of trust, lease and/or security
agreements for the properties, and transfers of such properties by, among, and
between any FTX Entity, Alameda, and/or any director, control person, and/or
person in management (including, but not limited to, the chief executive officer, the
chief financial officer, the chief compliance officer, the chief technology and/or
information officer, the general counsel, presidents, executive vice presidents, vice
presidents, and any others positions of management) of any of the FTX Entities
and/or Alameda.

32.    All documents and work papers concerning the decision to post, preparation of any
post, and posting on your website, social media platform, or any other public forum

- 24 -

of any statements concerning the FTX Entities, Alameda, any director, control person, or person in management (including, but not limited to, the chief executive officer, the chief financial officer, the chief compliance officer, the chief technology and/or information officer, the general counsel, presidents, executive vice presidents, vice presidents, and any others positions of management) of any of the FTX Entities and/or Alameda, and/or any of the Defendants.

33.   All documents, work papers, and/or communications concerning the FTX Entities and/or Alameda you provided to or exchanged with:

    a.     Officers, directors, employees, and control persons of any of the FTX Entities and/or Alameda, including, but not limited to, Samuel Bankman-Fried, Caroline Ellison, Gary Wang, Nishad Singh, Constance Wang, Brett Harrison, Sam Trabucco, Zach Dexter, Ryne Miller, Ryan Salame, Dan Friedberg, and Ramnik Arora;

    b.     any actual or prospective customer of any of the FTX Entities and/or Alameda and/or any actual or prospective investor in any of the FTX Entities and/or Alameda;  or

    c.     any of the Defendants.

34.   To the extent not already produced in connection with any of the above requests, all work papers, communications, transcripts and/or recordings of any depositions, testimony, interviews, or statements you have provided concerning the FTX Entities and/or Alameda in any court, administrative proceedings, the Bankruptcy Actions, the Criminal Proceedings, or any other foreign or domestic forum or in response to any governmental agency request for discovery.

35.     All documents, communications, and work papers relating to fraud detection and anti-money laundering protection by you, including, but not limited to, policies, procedures, manuals, monitoring systems, including automated monitoring systems, even if generated by a third party, employed by you to detect, monitor, and/or prevent fraud, money laundering, and/or other misconduct by the companies and other entities in which you invest, including, but not limited to, Know Your Customer or Know Your Client (together, "KYC") obligations, policies, procedures and compliance; Know Your Business ("KYB") obligations, policies, procedures, and compliance; Ant-Money Laundering ("AML") obligations, policies, procedures, and compliance; Customer Identification Program ("CIP") obligations, policies, procedures, and compliance; Bank Secrecy Act ("BSA") obligations, policies, procedures and compliance; risk management; and other due diligence.

36.     All work papers, communications, and other documents concerning your decision to make the investment in the FTX Entities and/or Alameda, including but not limited to any meeting minutes, memoranda, or materials with respect to your internal committee or board discussions; and any meeting minutes, memoranda, or materials with respect to communications with Defendants.

37.     Documents concerning any meetings between your directors, executives, employees, representatives, and/or agents and FTX's directors, executives, employees, representatives, and/or agents. This request includes but is not limited to any expense reports and calendar entries related to any such meetings.

38.     All workpapers, communications, and other documents concerning your hiring and employment of Constance Wang.

39.     Organizational charts for Sino Global Capital Limited, Sino Global Capital Holdings, Sino Global Capital Management, Liquid Value, Ryze Labs, and any other intermediate entities existing along the chain of ownership between or among the entities specifically named in this request and Matthew Graham or any other ultimate owner and/or shareholder.

40.     All documents and work papers concerning your, Sino Global Capital Management's, and/or Liquid Value's formation and corporate governance, including, but not limited to, articles of incorporation, articles of formation, by-laws, membership agreements, partnership agreements, certificates of good standing, charters for any and all board committees, policies relating to conflicts of interest, insider trading policies, related party transaction policies, and codes of ethics.

41.     Your, Sino Global Capital Management's, and Liquid Value's audited financial statements, including income statements, balance sheets and statements of cash flow, whether consolidated or unconsolidated.

42.     Your, Sino Global Capital Management's, and Liquid Value's Federal and State (in whatever state they may be filed) tax returns and reporting information.

43.     Documents concerning your, Sino Global Capital Management's, and/or Liquid Value's banking relationships in California and/or Florida.

44.     All documents, work papers, or other discovery concerning any agreements or contracts between or among Sino Global Capital Limited, Sino Global Capital Holdings, LLC, Sino Global Capital Management, Liquid Value, and/or any owner

of the foregoing, including, but not limited to, intercompany agreements, lease-back agreements, and/or shared services agreement.

45. All documents, work papers, or other discovery concerning property, personnel, or equipment provided to or shared by Sino Global Capital Limited, Sino Global Capital Holdings, LCC, Sino Global Capital Management, and/or Liquid Value.

46. All documents, work papers, or other discovery concerning your, Sino Global Capital Management's, and/or Liquid Value's operations in the United States, including, but not limited to, any offices and personnel located in California and Florida.

47. All documents, work papers, or other discovery concerning any registration by you, Sino Global Capital Management, and/or Liquid Value to conduct business in Florida or California.

48. All documents, work papers, or other discovery concerning your, Sino Global Capital Management's, and/or Liquid Value's operating, conducting, engaging in, or carrying on a business or business venture in Florida or California.

49. All documents, work papers, or other discovery concerning any place of business, office, facility, agency, or office that you, Sino Global Capital Management, and/or Liquid Value maintain in Florida or California.

50. All documents, work papers, or other discovery concerning your, Sino Global Capital Management's, and/or Liquid Value's physical operations in Florida or California.

51.     All documents, work papers, or other discovery concerning your, Sino Global

        Capital Management's, and/or Liquid Value's business in, or soliciting business

        within, Florida or California.

# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF FLORIDA
### MDL No. 3076
### CASE NO. 1:23-md-03076-KMM

In Re: FTX Cryptocurrency Exchange Collapse Litigation

## PLAINTIFFS' FIRST SET OF DISCOVERY REQUESTS TO DEFENDANT TEMASEK HOLDINGS (PRIVATE) LIMITED

Plaintiffs in the above-titled action, pursuant to Rules 26, 33, and 34 of the Federal Rules of Civil Procedure, and Local Rule 26.1 of the United States District Court for the Southern District of Florida, request that Defendant Temasek Holdings (Private) Limited, respond to the enclosed Interrogatories and produce all documents, electronically stored information, and things that are in your possession, custody, or control requested in response to the following Requests for Production.

Respectfully submitted on November ___, 2023

| Plaintiffs' Co-Lead Counsel | |
|---|---|
| By: */s/ Adam Moskowitz* <br> Adam M. Moskowitz <br> Florida Bar No. 984280 <br> Joseph M. Kaye <br> Florida Bar No. 117520 <br> **THE MOSKOWITZ LAW FIRM, PLLC** <br> Continental Plaza <br> 3250 Mary Street, Suite 202 <br> Coconut Grove, FL 33133 <br> Office: (305) 740-1423 <br> adam@moskowitz-law.com <br> joseph@moskowitz-law.com | By: */s/ David Boies* <br> David Boies <br> Alex Boies <br> Brooke Alexander <br> **BOIES SCHILLER FLEXNER LLP** <br> 333 Main Street <br> Armonk, NY 10504 <br> Office: (914) 749-8200 <br> dboies@bsfllp.com <br> aboies@bsfllp.com <br> balexander@bsfllp.com |

| service@moskowitz-law.com | |
|---|---|
| **Plaintiffs' Steering Committee Members** | |
| Joseph R. Saveri<br>**JOSEPH SAVERI LAW FIRM**<br>601 California Street, Suite 1000<br>San Francisco, CA 94108<br>Telephone: (415) 500-6800<br>jsaveri@saverilawfirm.com | James R. Swanson<br>Kerry J. Miller<br>**FISHMAN HAYGOOD LLP**<br>201 St. Charles Avenue, 46th Floor<br>New Orleans, LA 70170<br>Telephone: (504) 586-5252<br>jswanson@fishmanhaygood.com<br>kmiller@fishmanhaygood.com |
| Robert Lieff<br>P.O. Drawer A<br>Rutherford, CA 94573<br>rlieff@lieff.com | |

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on November ___, 2023, a true and correct copy of the foregoing was served via email to all counsel of record.

By: */s/ Adam M. Moskowitz*
Adam M. Moskowitz

## **DEFINITIONS**

Unless otherwise specified, the terms set forth below have the following meanings:

1. "Alameda" refers to Alameda Research LLC, including, but not limited to, its past and present subsidiaries, affiliates, divisions, segments (including any mobile application and/or web-based cryptocurrency investment services or trading platform), predecessors (including acquired entities or lines of business), successors, directors, officers, employees, representatives and/or agents. No specific reference to any of the foregoing in the following Requests, including any specific reference to Samuel Bankman-Fried, Caroline Ellison, Gary Wang, or Nishad Singh, serves to limit the scope of any reference to Alameda herein.

2. "All/Each" and "And/Or" – The terms "all", "each", "and" and "or" shall be construed as meaning either all or each as necessary, or conjunctively, to bring within the scope of the discovery request all responses that might otherwise be construed to be outside its scope.

3. "Bankruptcy Actions" refers to Case No. 22-11068 (JTD) (Jointly Administered) pending in the United States Bankruptcy Court for the District of Delaware, and all bankruptcy proceedings filed in or after November 2022 on behalf of any of the FTX Entities and/or Alameda, and all adversary proceedings filed in connection therewith.

4. "Communication" means, without limitation, the transmittal of information in the form of facts, ideas, inquiries or otherwise, and whether orally or in writing, or by any other means or medium, including in person, electronically and/or by exchange or communication of any document, and includes, without limitation,

correspondence, memoranda, reports, presentations, face-to-face conversations, telephone conversations, text messages, instant messages, voice messages, negotiations, Agreements, inquiries, understandings, meetings, letters, notes, telegrams, mail, email, exchanges of recorded information, and postings of any type. The term "Communication" includes instances where one party disseminates information that the other party receives but does not respond to.

5.    "Concerning" means relating to, referring to, describing, evidencing or constituting.

6.    "Control person" means a person (as defined herein) in direct or indirect possession of the power to direct or cause the direction of the management and policies of a person (as defined herein), whether through the ownership of voting securities, by contract, or otherwise.

7.    "Creditors" refers to all creditors in the Bankruptcy Actions, including, but not limited to, any committees of such creditors.

8.    "Criminal Proceedings" refers to *United States v. Sam Bankman-Fried*, 1:22-CR-00673 pending in the Southern District of New York, and all criminal proceedings filed in or after November 2022 relating to the FTX Entities and/or Alameda.

9.    "Debtors" refers to all FTX Entities and/or Alameda that have filed petitions for bankruptcy protection in the Bankruptcy Actions.  When referring to the FTX Entities and/or Alameda in the Requests, the Requests cover the periods both prior to, and after, their filing of any of the Bankruptcy Actions.

10.    "Defendants" refers to any and all persons and/or entities named as defendants in any of the actions consolidated with, and into, the above-captioned action.  For

purposes of these Requests, Defendants also includes Silvergate Capital Corporation (a/k/a Silvergate Bank) and Signature Bank.

11.   "Document" refers to any written, printed, typed or other graphic matter, of any kind or nature, whether in hard copy or electronic format, whether the original, draft, or a copy and copies bearing notations or marks not found on the original, including, but not limited to, memoranda, reports, recommendations, notes, letters, envelopes, post-its, emails, text messages, instant messages (including, but not limited to, messages exchanged or sent using Slack, Teams, Discord, WhatsApp, Signal or any other similar application), transcripts, studies, analyses, tests, books, articles, minutes, agreements, contracts, and all other written communications, of any type, including inter and intra-office communications, questionnaires, surveys, charts, graphs, videos, photographs, tapes, voice messages or other recordings, print-outs or compilations from which information can be obtained or, if necessary, translated through detection devices into reasonably usable form, including all underlying or preparatory materials and drafts thereof.  To the extent not already covered in the above definition, "Document" specifically includes any "writing", "recording", "photograph", "original" or "duplicate" as defined in Rule 1001 of the Federal Rules of Evidence, and/or "Electronically Stored Information" within the full scope of Rule 34 of the Federal Rules of Civil Procedure and/or as further defined as "ESI" herein.

12.   "ESI" refers to Electronically Stored Information, as consistent with Rule 34 of the Federal Rules of Civil Procedure and includes all computer or electronically stored or generated data and information, including all attachments to and enclosures

within any requested item, and all drafts thereof. ESI includes all information and documents stored in any format and on any storage media, including, but not limited to: internal and external storage devices, hard drives, flash drives; and magnetic tape, whether fixed, portable or removable, and ESI further includes, but is not limited to, electronic spreadsheets, electronic presentation documents, e-mail messages, text messages, message platforms (including, but not limited to, Slack, Teams, Discord, WhatsApp, Telegram, Messenger, Signal or any other similar platforms where chat messages are exchanged); image files; sound files; material or information stored in a database or accessible from a database (including, but not limited to, Salesforce, Azure Cloud, or SQL databases). Responsive ESI may also include data on social media websites (e.g., LinkedIn, Facebook, Twitter, Instagram, and internal intranet social media). To the extent that a document or ESI contains tracked changes, comments, or other hidden text, the document or ESI should be imaged with that hidden text displayed. ESI also includes all associated metadata that is maintained or saved (including for example, author, recipient, file creation date, file modification date, etc.). Metadata preservation includes preserving parent-child relationships within a document family (the association between an attachment and its parents' document or between embedded documents and their parent). The entire document and attachments will be produced, except any attachments that may be withheld or redacted on the basis of any protection or privilege, work product, or other applicable protection. Best efforts shall be made to ensure that the parent-child relationships within a document family (the association between an attachment and its parent document) are preserved and that

- 4 -

such responsive child document(s) should be consecutively produced immediately after the responsive parent document.

13.    "FTT" refers to the digital token created by the FTX Entities.

14.    "FTX Entities" refers to FTX Trading and/or FTX US.

15.    "FTX Trading" refers to FTX Trading Ltd. d/b/a FTX Trading, including, but not limited to, its past and present subsidiaries, affiliates, divisions, segments (including any mobile application and/or web-based cryptocurrency investment services or trading platform, such as FTX.com), predecessors (including acquired entities or lines of business such as Blockfolio, Inc.), successors, directors, officers, employees, representatives and/or agents. No specific reference to any of the foregoing in the following Requests, including any specific reference to Samuel Bankman-Fried, Caroline Ellison, Gary Wang, or Nishad Singh, serves to limit the scope of any reference to FTX Trading herein.

16.    "FTX US" refers to West Realm Shires Services Inc. d/b/a FTX US, including, but not limited to, its past and present subsidiaries, affiliates, divisions, segments (including any mobile application and/or web-based cryptocurrency investment services or platform, such as FTX.com), predecessors (including acquired entities or lines of business such as Blockfolio, Inc.), successors, directors, officers, employees, representatives and/or agents. No specific reference to any of the foregoing in the following Requests, including any specific reference to Samuel Bankman-Fried, Caroline Ellison, Gary Wang, or Nishad Singh, serves to limit the scope of any reference to FTX US herein.

17.     "LedgerX LLC" refers to LedgerX LLC d/b/a FTX US Derivatives or FTX Derivatives.

18.     "Liquidators" refers to all liquidators in the Bankruptcy Actions, including, but not limited to, the Joint Provisional Liquidators of FTX Digital Markets Ltd.

19.     "Person" or "People" refers to any natural person(s) or any business, legal, or governmental entity (or entities) or association(s).

20.     "Trustee" refers to the U.S. Trustee assigned in the Bankruptcy Actions, including any of the Trustee's employee or agents, including any examiner appointed in the Bankruptcy Actions.

21.     "Work Papers" refers to all documents, including drafts, organizational charts, spreadsheets, and other data, prepared, maintained and/or obtained by you concerning the planning, procedures performed, information obtained, and conclusions reached in connection with any investment, or potential investment, in any of the FTX Entities and/or Alameda. "Work Papers" also includes documents that you have in your possession, custody or control that were prepared, maintained and/or obtained by you concerning the FTX Entities and/or Alameda that were prepared or obtained from any of the FTX Entities and/or Alameda or any other persons or entities investing in or providing accounting, auditing, or consulting services to the FTX Entities and/or Alameda.

22.     "You" or "Your" shall refer to the Defendant responding to these requests, its predecessors, successors, subsidiaries, departments divisions, and/or affiliates, including, but not limited to, any funds or other investment vehicles held by the Defendant responding or in which the Defendant responding is a member or other

owner, its international, national or local branches or offices, including, but not limited to Temasek International (USA) LLC, Artz Fund Investments Pte. Ltd., and/or Temasek International Pte. Ltd. and current and prior partners, officers, directors, employees, representatives, agents or any persons acting or purporting to act on behalf of the responding Defendant.

23.     Whenever a reference to a business entity appears, the reference shall mean the business entity, its affiliated companies, partnerships, divisions, subdivisions, directors, officers, employees, agents, clients or other representatives of affiliated third parties.

24.     Defined terms may or may not be capitalized or made uppercase; the given definitions apply even if a term in question is not capitalized or made uppercase. No waiver of a definition is implied by the use of a defined term in a non-capitalized or lowercase form.

## <u>INSTRUCTIONS</u>

1.    Production of documents and items requested herein shall be made at the offices of
The Moskowitz Law Firm, P.O. Box 653409, Miami, FL 33133, or via electronic
mail to the email addresses provided in the signature blocks of the attorneys serving
these requests.

2.    Unless otherwise stated in a request, the time period for which you must respond is
January 1, 2019, through the date of production.

3.    Objections: Where an objection is made to any request, the objection shall state
with specificity all grounds for the objection and respond to the Request to the
extent it is not objectionable. Any ground not stated in an objection within the time
provided by the Federal Rules of Civil Procedure, or by the Court's order, or any
extensions thereof, shall be waived.

4.    These requests shall include all documents that are in your possession, custody or
control or in the possession, custody or control of your present or former agents,
representatives, or your attorneys, or any and all persons acting on your behalf, or
your present or former agents, representatives, or attorneys.

5.    For any document, or portion thereof, covered by a request that is withheld from
production (or redacted in whole or in part) under claim of privilege, work product
protection or any other basis, you shall provide the following information in the
form of a privilege log:

    a.    the reasons and each and every fact supporting any withholding, and legal
basis for withholding the document including sufficient facts for the Court
to make a full determination as to whether the claim of privilege is valid;

b.     the date such document was prepared;

c.     the names, employment positions and addresses of the author or preparers of such document;

d.     the names, employment positions, and the addresses of each person who received such document;

e.     the title, a brief description, and the subject matter of the document;

f.     the number of the request under which such document would be produced but for the objection; and

g.     description of the subject matter sufficient to determine whether the privilege is properly invoked (without revealing privileged information)

6.     If any document responsive to a request has been destroyed, produce all documents describing or referencing:

a.     the contents of the lost or destroyed document;

b.     all locations in which any copy of the lost or destroyed document had been maintained;

c.     the date of such loss or destruction;

d.     the name of each person who ordered, authorized, and carried out the destruction of any responsive document;

e.     all document retention and destruction policies in effect at the time any requested document was destroyed; and

f.     all efforts made to locate any responsive document alleged to have been lost.

7.     In producing the documents requested, indicate the specific request(s) pursuant to which document or group of documents is being produced.

8.      These requests should be deemed continuing such that if you, your directors, officers, employees, agents, representatives, or any person acting on your behalf, subsequently discover or obtain possession, custody, or control of any document or ESI previously requested or required to be produced, you should make a supplemental production of such document or ESI. Supplemental productions should be provided on a rolling basis as additional documents become available.

9.      All documents that cannot be accurately represented in TIFF format (such as spreadsheets, computer slide presentations, audio files, video files, and other similar file types) shall be provided in native format. The parties will further meet and confer regarding appropriate format of production for databases and structured data (e.g., Microsoft Teams, Slack, Microsoft Access, Azure Cloud, Salesforce, Oracle, or other ephemeral messaging or proprietary database systems).

10.     In responding to these Document Requests, you are to include Documents:

        a.      obtained from witnesses who gave information to any governmental agency or investigatory body;

        b.      that constitute, or refer or relate to, summaries of testimony or other statements in connection with any governmental agency or investigatory body proceeding or investigation; or

        c.      obtained on your behalf by counsel in preparing for testimony or interviews before any governmental agency or investigatory body.

11.     All documents are to be produced in the following method if not produced in its Native Format:

        a.      Single page .TIFF images

b.      Color.jpg (documents wherein reflection of importance relies on color, shall be produced in .jpg format)

c.      Document level Text Files containing extracted full text or OCR text

d.      Electronic documents, e-mails, text or instant messages are to be processed and converted from the electronic format to single page tiff.

## INTERROGATORIES

**INTERROGATORY NO. 1:**

Please identify all current and former owners of Temasek International USA LLC, Temasek Holdings Private Limited, Artz Fund Investments Pte. Ltd., and/or Temasek International Pte. Ltd., including the ownership percentage held by each owner identified in response to this Interrogatory No. 1.

**INTERROGATORY NO. 2:**

Please identify the directors on the boards of Temasek International USA LLC, Temasek Holdings Private Limited, Artz Fund Investments Pte. Ltd., and/or Temasek International Pte. Ltd.

**INTERROGATORY NO. 3:**

Please identify the directors, executives, employees, representatives, and/or agents of Temasek International USA LLC, Temasek Holdings Private Limited, Artz Fund Investments Pte. Ltd., Temasek International Pte. Ltd., and/or any other Temasek-affiliated entity having any role with respect to the decision to invest in FTX, any due diligence involved in such decision, negotiations related to the investment in FTX, the actual investment in FTX, and/or any ongoing monitoring of FTX in the wake of the investment. In doing so, please provide their home address(es), titles and descriptions of their role(s) with respect to the Temasek-affiliated entity in question, their office address(es), their work phone number(s), and their work email address(es).

**INTERROGATORY NO. 4:**

Please identify the entity that pays the salaries or any other compensation of the personnel listed in response to Interrogatory No. 3.

## INTERROGATORY NO. 5:

Please identify the entity that pays the expenses and/or losses of Temasek International USA LLC, Temasek Holdings Private Limited, Artz Fund Investments Pte. Ltd., and/or Temasek International Pte. Ltd.

## INTERROGATORY NO. 6:

Please describe the business of, and how such business is conveyed to, Temasek International USA LLC, Temasek Holdings Private Limited, Artz Fund Investments Pte. Ltd., and/or Temasek International Pte. Ltd.

## INTERROGATORY NO. 7:

Please identify the executives, directors, employees, and/or representatives of Temasek International USA LLC, Temasek Holdings Private Limited, Artz Fund Investments Pte. Ltd., and/or Temasek International Pte. Ltd. who participated in responding to these discovery requests.

## REQUESTS FOR PRODUCTION

1. All workpapers, communications, and other documents concerning subscription agreements, membership agreements, partnership agreements, and/or other agreements between you and any of the FTX Entities, Alameda or any of the Defendants relating to any of the FTX Entities and/or Alameda.

2. All communications between you and any of the FTX Entities, Alameda, or any of the Defendants concerning any of the FTX Entities and/or Alameda.

3. All work papers, communications, and other documents concerning the Series B and B-1 funding of FTX Trading, which closed in October 2021, including, but not limited to, offering memoranda, offering circulars, prospectuses, pitch decks,

capitalization tables, diligence memoranda, reports, opinions, and other diligence materials concerning any of the FTX Entities and/or Alameda.

4.     All work papers, communications, and other documents concerning the Series C funding of FTX Trading, which closed in January 2022, including, but not limited to, offering memoranda, offering circulars, prospectuses, pitch decks, capitalization tables, diligence memoranda, reports, opinions, and other diligence materials concerning any of the FTX Entities and/or Alameda.

5.     All work papers, communications, and other documents concerning the Series A funding of FTX US, which closed in January 2022, including, but not limited to, offering memoranda, offering circulars, prospectuses, pitch decks, capitalization tables, diligence memoranda, reports, opinions, and other diligence materials concerning any of the FTX Entities and/or Alameda.

6.     Documents evidencing wire transfers or other payments, or instructions related to the foregoing, for any payments from you to any of the FTX Entities and/or Alameda *or* from any of the FTX Entities and/or Alameda to you.

7.     Documents and communications concerning your due diligence efforts undertaken by you or on your behalf in conjunction with potential or actual investments in or with FTX Entities and/or Alameda, whether such efforts were undertaken before the investment or following the investment in the form of continued monitoring, tracking, or management.

8.     Contracts for any legal services you sought or obtained in relation to the FTX Entities and/or Alameda.

9.      All work papers, communications, and other documents concerning your membership and service on the board, including any advisory board, of any of the FTX Entities and/or Alameda, including, but not limited to, calendar entries, agendas, presentations, and minutes of any and all meetings of such board.

10.     All work papers, communications, and other documents concerning the membership and service on your board, including any advisory board, by any of the FTX Entities and/or Alameda, including, but not limited to, agendas, presentations, and minutes of any and all meetings of such board.

11.     All work papers, communications, and other documents concerning any of the FTX Entities and/or Alameda that were prepared or maintained in connection with, and/or referred to, your investments in, or any other potential investments in, loans to, or financings for, any of the FTX Entities and/or Alameda.

12.     All documents concerning any working group lists, or the names and contact information for all persons or entities, you received, prepared, or maintained in connection with your investments, or potential investments, in any of the FTX Entities and/or Alameda, including, but not limited to, persons in management (including, but not limited to, the chief executive officer, the chief financial officer, the chief compliance officer, the chief technology and/or information officer, the general counsel, presidents, executive vice presidents, vice presidents, and any others positions of management), directors, and/or other personnel involved in the Series A, Series B, Series B-1, Series C, and/or any other funding for, investment in, or potential investment in any of the FTX Entities and/or Alameda.

13.     All documents and work papers concerning the operations of any of the FTX Entities and/or Alameda, including, but not limited to, operating pro formas, uses and sources of cash and investment proceeds, investment portfolios, status reports, budgets, and/or presentations concerning the performance of any of the FTX Entities and/or Alameda, as well as, any market research, profitability analyses, evaluations, and/or other reports prepared by you or for you by any investment bankers, research analysts, management consultants and/or other professional.

14.     All documents and work papers concerning the formation and corporate governance of any of the FTX Entities and/or Alameda, including, but not limited to, articles of incorporation, articles of formation, by-laws, membership agreements, partnership agreements, certificates of good standing, charters for any and all board committees, compliance policies, anti-corruption policies, whistleblower polices, policies relating to conflicts of interest, insider trading policies, related party transaction policies, and codes of ethics.

15.     All documents and work papers concerning the implementation of accounting controls, financial controls, cash management controls and/or audit processes at any of the FTX Entities and/or Alameda, including, but not limited to audit committees, internal and/or external audits, audited and/or unaudited financial statements, general ledgers, policies and procedures concerning audits, asset allocation, liquidity forecasting, and disbursement controls, and other financial records for any of the FTX Entities and/or Alameda, and the engagement of, and services provided by, any accounting firm by and for any of the FTX Entities and/or Alameda,

including, but not limited to Robert Lee & Associates, Prager Metis CPAs LLC and/or Armanino LLP.

16. Any documents evidencing updates, progress reports, or similar with respect to (1) your investments in FTX Entities and/or Alameda and (2) FTX Entities' and/or Alameda's financials.

17. All documents and work papers concerning North Dimension Inc, including, but not limited to, its ownership, employees, business purpose, and operations.

18. All documents and work papers concerning LedgerX LLC, including, but not limited to, its ownership, employees, business purpose, and operations.

19. All communications with any representative, employee, or agent of LedgerX LLC.

20. All documents and work papers concerning any transactions and/or transfers of fiat, cryptocurrency, or other assets between any of the FTX Entities, Alameda, and/or any director, control person, and/or person in management (including, but not limited to, the chief executive officer, the chief financial officer, the chief compliance officer, the chief technology and/or information officer, the general counsel, presidents, executive vice presidents, vice presidents, and any others positions of management) of any of the FTX Entities and/or Alameda, including, but not limited to, disbursements, donations, gifts, bonuses and other compensation, capital contributions, promissory notes, inter-company agreements, service agreements, and loan agreements.

21. All documents and work papers concerning risk management controls—and any exemptions or alterations thereto for, but not limited to, Alameda—at any of the FTX Entities and/or Alameda, including, but not limited to, policies and procedures

concerning investment diversification, cryptocurrency products and other digital assets, derivative products, and leverage, including, but not limited to, the purported "risk engine" auto-liquidator and other protocols to prevent a user from becoming over-leveraged on any of the FTX Entities' platforms and/or the FTX Entities' purported policy prohibiting any user from maintaining a negative balance on their platforms.

22.    All documents and work papers concerning regulatory compliance at any of the FTX Entities and/or Alameda, including, but not limited to, campaign finance regulations, licensure of the FTX Entities and/or Alameda in the jurisdictions in which each operates, including, but not limited to, money transmitter licenses, and the regulation of cryptocurrencies, tokens, and other digital assets—including the yield-bearing accounts offered by the FTX Entities—as securities.

23.    All documents and work papers concerning any charitable, political and/or campaign contribution by any of the FTX Entities, Alameda, and/or any director, control person, and/or person in management (including, but not limited to, the chief executive officer, the chief financial officer, the chief compliance officer, the chief technology and/or information officer, the general counsel, presidents, executive vice presidents, vice presidents, and any others positions of management) of any of the FTX Entities and/or Alameda.

24.    All documents and work papers concerning any internal complaints, including, but not limited to, "whistleblower" complaints, litigation, administrative or regulatory proceedings, investigations or governmental actions involving any of the FTX Entities and/or Alameda.

25.    All documents and work papers concerning the custody, and/or safeguarding, of customer funds, including fiat, cryptocurrencies, and other digital assets,  by any of the FTX Entities and/or Alameda, including, but not limited to, the labeling of customer accounts as "for the benefit of" ("FBO") the customer, the segregation (or lack thereof) of customer funds from the FTX Entities' operating accounts, the storage of customer funds in digital wallets on the FTX Entities' platforms, and the ledgering and/or bookkeeping of those funds by any of the FTX Entities and/or Alameda.

26.    All documents and work papers concerning the terms of service for any of the FTX Entities and use thereof by customers or investors.

27.    All documents and work papers concerning FTT, including, but not limited to, FTT held by any of the FTX Entities and/or Alameda, and their use of FTT as collateral for loans and other transactions.

28.    All documents and work papers concerning the real and tangible property held by any FTX Entity and/or Alameda, including, but not limited to, the location and use of such property, and any mortgages, deeds of trust, lease and/or security agreements for the properties, and transfers of such properties by, among, and between any FTX Entity, Alameda, and/or any director, control person, and/or person in management (including, but not limited to, the chief executive officer, the chief financial officer, the chief compliance officer, the chief technology and/or information officer, the general counsel, presidents, executive vice presidents, vice presidents, and any others positions of management) of any of the FTX Entities and/or Alameda.

29.     All documents relating to your "interactions" with Sam Bankman-Fried and others affiliated with FTX Entities, Alameda, North Dimension Inc., and/or LedgerX LLC as referenced by you on your website. *See* Temasek, "FTX Statement and FAQs" (26 November 2022), *available at* https://www.temasek.com.sg/en/news-and-resources/news-room/statements/2022/statement-FTX (last visited October 11, 2023).

30.     All documents and work papers concerning the "qualitative feedback" you gathered from "people familiar with the company, including industry employees, industry participants, and other investors" concerning any of the FTX Entities and/or Alameda, which you reference on your website.[1]

31.     All documents and work papers concerning your "engage[ment of] management on business strategy" and your "monitor[ing] of [the] performance" of any of the FTX Entities and/or Alameda, which you reference on your website.[2]

32.     All documents and work papers concerning the decision to post, preparation of any post, and posting on your website, social media platform, or any other public forum of any statements concerning the FTX Entities, Alameda, any director, control person, or person in management (including, but not limited to, the chief executive officer, the chief financial officer, the chief compliance officer, the chief technology and/or information officer, the general counsel, presidents, executive

---

[1] *See* https://www.temasek.com.sg/en/news-and-resources/news-room/statements/2022/statement-FTX#how-did-Temasek-come-to-invest-in-FTX

[2] *See* https://www.temasek.com.sg/en/news-and-resources/news-room/statements/2022/statement-FTX#how-did-Temasek-come-to-invest-in-FTX

- 20 -

vice presidents, vice presidents, and any others positions of management) of any of the FTX Entities and/or Alameda, and/or any of the Defendants.

33. All documents, work papers, and/or communications concerning the FTX Entities and/or Alameda you provided to or exchanged with:

   a. Officers, directors, employees, and control persons of any of the FTX Entities and/or Alameda, including, but not limited to, Samuel Bankman-Fried, Caroline Ellison, Gary Wang, Nishad Singh, Brett Harrison, Sam Trabucco, Zach Dexter, Ryne Miller, Ryan Salame, Dan Friedberg, Ramnik Arora, and Constance Wang;

   b. any actual or prospective customer of any of the FTX Entities and/or Alameda and/or any actual or prospective investor in any of the FTX Entities and/or Alameda;   or

   c. any of the Defendants.

34. To the extent not already produced in connection with any of the above requests, all work papers, communications, transcripts and/or recordings of any depositions, testimony, interviews, or statements you have provided concerning the FTX Entities and/or Alameda in any court, administrative proceedings, the Bankruptcy Actions, Criminal Proceedings, or any other foreign or domestic forum or in response to any governmental agency request for discovery.

35. All documents, communications, and work papers relating to fraud detection and anti-money laundering protection by you, including, but not limited to, policies, procedures, manuals, monitoring systems, including automated monitoring systems, even if generated by a third party, employed by you to detect, monitor,

and/or prevent fraud, money laundering, and/or other misconduct by the companies and other entities in which you invest, including, but not limited to, Know Your Customer or Know Your Client (together, "KYC") obligations, policies, procedures and compliance; Know Your Business ("KYB") obligations, policies, procedures, and compliance; Anti-Money Laundering ("AML") obligations, policies, procedures, and compliance; Customer Identification Program ("CIP") obligations, policies, procedures, and compliance; Bank Secrecy Act ("BSA") obligations, policies, procedures and compliance; risk management; and other due diligence.

36.     All work papers, communications, and other documents concerning your decision to make the investment in the FTX Entities and/or Alameda, including but not limited to any meeting minutes, memoranda, or materials with respect to your internal committee or board discussions; and any meeting minutes, memoranda, or materials with respect to communications with Defendants.

37.     Documents concerning any meetings between your directors, executives, employees, representatives, and/or agents and FTX's directors, executives, employees, representatives, and/or agents. This request includes but is not limited to any expense reports and calendar entries related to any such meetings.

38.     Organizational charts for Temasek Holdings (Private) Limited, Temasek International (USA) LLC, Artz Fund Investments Pte. Ltd., Temasek International Pte. Ltd., and any other intermediate entities existing along the chain of ownership between or among the entities specifically named in this request.

39.     All documents and work papers concerning your formation, organization, and corporate governance, including, but not limited to, articles of incorporation,

articles of formation, by-laws, board minutes, consents, membership agreements, partnership agreements, certificates of good standing, registrations to do business, licenses, charters for any and all board committees, policies relating to conflicts of interest, insider trading policies, related party transaction policies, and codes of ethics.

40. Your audited financial statements, including income statements, balance sheets and statements of cash flow, whether consolidated or unconsolidated.

41. Your Federal and State (California, New York, Washington, D.C. and/or Florida) tax returns and reporting information.

42. Documents concerning your banking relationships in California, New York, Washington, D.C., and/or Florida.

43. All documents, work papers, or other discovery concerning any agreements between Temasek Holdings (Private) Limited, Temasek International (USA) LLC, Artz Fund Investments Pte. Ltd., and/or Temasek International Pte. Ltd., including, but not limited to, intercompany agreements, lease-back agreements, and/or shared services agreement.

44. All documents, work papers, or other discovery concerning property, personnel, or equipment provided to or shared by Temasek Holdings (Private) Limited, Temasek International (USA) LLC, Artz Fund Investments Pte. Ltd., and/or Temasek International Pte. Ltd.

45. All documents, work papers, or other discovery concerning your operations in the United States, including, but not limited to, your offices and personnel located in New York, New York, San Francisco, California, and Washington, D.C.

- 23 -

46.    Documents related to your investments in any businesses that have offices or operations in Florida and/or California.

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**
**MDL No. 3076**
**CASE NO. 1:23-md-03076-KMM**

In Re: FTX Cryptocurrency Exchange Collapse Litigation

**PLAINTIFFS' FIRST SET OF DISCOVERY REQUESTS TO**
**DEFENDANT TEMASEK INTERNATIONAL USA LLC**

Plaintiffs in the above-titled action, pursuant to Rules 26, 33, and 34 of the Federal Rules

of Civil Procedure, and Local Rule 26.1 of the United States District Court for the Southern District

of Florida, request that Defendant Temasek International USA LLC, respond to the enclosed

Interrogatories and produce all documents, electronically stored information, and things that are

in your possession, custody, or control requested in response to the following Requests for

Production.

Respectfully submitted on November ___, 2023

| **Plaintiffs' Co-Lead Counsel** | |
|---|---|
| By: */s/ Adam Moskowitz*        <br>Adam M. Moskowitz<br>Florida Bar No. 984280<br>Joseph M. Kaye<br>Florida Bar No. 117520<br>**THE MOSKOWITZ LAW FIRM, PLLC**<br>Continental Plaza<br>3250 Mary Street, Suite 202<br>Coconut Grove, FL 33133<br>Office: (305) 740-1423<br>adam@moskowitz-law.com<br>joseph@moskowitz-law.com<br>service@moskowitz-law.com | By: */s/ David Boies*<br>David Boies<br>Alex Boies<br>Brooke Alexander<br>**BOIES SCHILLER FLEXNER LLP**<br>333 Main Street<br>Armonk, NY 10504<br>Office: (914) 749-8200<br>dboies@bsfllp.com<br>aboies@bsfllp.com<br>balexander@bsfllp.com |

| Plaintiffs' Steering Committee Members | |
|---|---|
| Joseph R. Saveri<br>**JOSEPH SAVERI LAW FIRM**<br>601 California Street, Suite 1000<br>San Francisco, CA 94108<br>Telephone: (415) 500-6800<br>jsaveri@saverilawfirm.com | James R. Swanson<br>Kerry J. Miller<br>**FISHMAN HAYGOOD LLP**<br>201 St. Charles Avenue, 46th Floor<br>New Orleans, LA 70170<br>Telephone: (504) 586-5252<br>jswanson@fishmanhaygood.com<br>kmiller@fishmanhaygood.com |
| Robert Lieff<br>P.O. Drawer A<br>Rutherford, CA 94573<br>rlieff@lieff.com | |

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on November ___, 2023, a true and correct copy of the foregoing was served via email to all counsel of record.

By: _/s/ Adam M. Moskowitz_
Adam M. Moskowitz

## DEFINITIONS

Unless otherwise specified, the terms set forth below have the following meanings:

1.  "Alameda" refers to Alameda Research LLC, including, but not limited to, its past and present subsidiaries, affiliates, divisions, segments (including any mobile application and/or web-based cryptocurrency investment services or trading platform), predecessors (including acquired entities or lines of business), successors, directors, officers, employees, representatives and/or agents. No specific reference to any of the foregoing in the following Requests, including any specific reference to Samuel Bankman-Fried, Caroline Ellison, Gary Wang, or Nishad Singh, serves to limit the scope of any reference to Alameda herein.

2.  "All/Each" and "And/Or" – The terms "all", "each", "and" and "or" shall be construed as meaning either all or each as necessary, or conjunctively, to bring within the scope of the discovery request all responses that might otherwise be construed to be outside its scope.

3.  "Bankruptcy Actions" refers to Case No. 22-11068 (JTD) (Jointly Administered) pending in the United States Bankruptcy Court for the District of Delaware, and all bankruptcy proceedings filed in or after November 2022 on behalf of any of the FTX Entities and/or Alameda, and all adversary proceedings filed in connection therewith.

4.  "Communication" means, without limitation, the transmittal of information in the form of facts, ideas, inquiries or otherwise, and whether orally or in writing, or by any other means or medium, including in person, electronically and/or by exchange or communication of any document, and includes, without limitation,

correspondence, memoranda, reports, presentations, face-to-face conversations, telephone conversations, text messages, instant messages, voice messages, negotiations, Agreements, inquiries, understandings, meetings, letters, notes, telegrams, mail, email, exchanges of recorded information, and postings of any type. The term "Communication" includes instances where one party disseminates information that the other party receives but does not respond to.

5.  "Concerning" means relating to, referring to, describing, evidencing or constituting.

6.  "Control person" means a person (as defined herein) in direct or indirect possession of the power to direct or cause the direction of the management and policies of a person (as defined herein), whether through the ownership of voting securities, by contract, or otherwise.

7.  "Creditors" refers to all creditors in the Bankruptcy Actions, including, but not limited to, any committees of such creditors.

8.  "Criminal Proceedings" refers to *United States v. Sam Bankman-Fried*, 1:22-CR-00673 pending in the Southern District of New York, and all criminal proceedings filed in or after November 2022 relating to  the FTX Entities and/or Alameda.

9.  "Debtors" refers to all FTX Entities and/or Alameda that have filed petitions for bankruptcy protection in the Bankruptcy Actions.  When referring to the FTX Entities and/or Alameda in the Requests, the Requests cover the periods both prior to, and after, their filing of any of the Bankruptcy Actions.

10.  "Defendants" refers to any and all persons and/or entities named as defendants in any of the actions consolidated with, and into, the above-captioned action.  For

purposes of these Requests, Defendants also includes Silvergate Capital Corporation (a/k/a Silvergate Bank) and Signature Bank.

11.    "Document" refers to any written, printed, typed or other graphic matter, of any kind or nature, whether in hard copy or electronic format, whether the original, draft, or a copy and copies bearing notations or marks not found on the original, including, but not limited to, memoranda, reports, recommendations, notes, letters, envelopes, post-its, emails, text messages, instant messages (including, but not limited to, messages exchanged or sent using Slack, Teams, Discord, WhatsApp, Signal or any other similar application), transcripts, studies, analyses, tests, books, articles, minutes, agreements, contracts, and all other written communications, of any type, including inter and intra-office communications, questionnaires, surveys, charts, graphs, videos, photographs, tapes, voice messages or other recordings, print-outs or compilations from which information can be obtained or, if necessary, translated through detection devices into reasonably usable form, including all underlying or preparatory materials and drafts thereof.  To the extent not already covered in the above definition, "Document" specifically includes any "writing", "recording", "photograph", "original" or "duplicate" as defined in Rule 1001 of the Federal Rules of Evidence, and/or "Electronically Stored Information" within the full scope of Rule 34 of the Federal Rules of Civil Procedure and/or as further defined as "ESI" herein.

12.    "ESI" refers to Electronically Stored Information, as consistent with Rule 34 of the Federal Rules of Civil Procedure and includes all computer or electronically stored or generated data and information, including all attachments to and enclosures

within any requested item, and all drafts thereof. ESI includes all information and documents stored in any format and on any storage media, including, but not limited to: internal and external storage devices, hard drives, flash drives; and magnetic tape, whether fixed, portable or removable, and ESI further includes, but is not limited to, electronic spreadsheets, electronic presentation documents, e-mail messages, text messages, message platforms (including, but not limited to, Slack, Teams, Discord, WhatsApp, Telegram, Messenger, Signal or any other similar platforms where chat messages are exchanged); image files; sound files; material or information stored in a database or accessible from a database (including, but not limited to, Salesforce, Azure Cloud, or SQL databases). Responsive ESI may also include data on social media websites (e.g., LinkedIn, Facebook, Twitter, Instagram, and internal intranet social media). To the extent that a document or ESI contains tracked changes, comments, or other hidden text, the document or ESI should be imaged with that hidden text displayed. ESI also includes all associated metadata that is maintained or saved (including for example, author, recipient, file creation date, file modification date, etc.). Metadata preservation includes preserving parent-child relationships within a document family (the association between an attachment and its parents' document or between embedded documents and their parent). The entire document and attachments will be produced, except any attachments that may be withheld or redacted on the basis of any protection or privilege, work product, or other applicable protection. Best efforts shall be made to ensure that the parent-child relationships within a document family (the association between an attachment and its parent document) are preserved and that

such responsive child document(s) should be consecutively produced immediately after the responsive parent document.

13.    "FTT" refers to the digital token created by the FTX Entities.

14.    "FTX Entities" refers to FTX Trading and/or FTX US.

15.    "FTX Trading" refers to FTX Trading Ltd. d/b/a FTX Trading, including, but not limited to, its past and present subsidiaries, affiliates, divisions, segments (including any mobile application and/or web-based cryptocurrency investment services or trading platform, such as FTX.com), predecessors (including acquired entities or lines of business such as Blockfolio, Inc.), successors, directors, officers, employees, representatives and/or agents. No specific reference to any of the foregoing in the following Requests, including any specific reference to Samuel Bankman-Fried, Caroline Ellison, Gary Wang, or Nishad Singh, serves to limit the scope of any reference to FTX Trading herein.

16.    "FTX US" refers to West Realm Shires Services Inc. d/b/a FTX US, including, but not limited to, its past and present subsidiaries, affiliates, divisions, segments (including any mobile application and/or web-based cryptocurrency investment services or platform, such as FTX.com), predecessors (including acquired entities or lines of business such as Blockfolio, Inc.), successors, directors, officers, employees, representatives and/or agents. No specific reference to any of the foregoing in the following Requests, including any specific reference to Samuel Bankman-Fried, Caroline Ellison, Gary Wang, or Nishad Singh, serves to limit the scope of any reference to FTX US herein.

17.     "LedgerX LLC" refers to LedgerX LLC d/b/a FTX US Derivatives or FTX Derivatives.

18.     "Liquidators" refers to all liquidators in the Bankruptcy Actions, including, but not limited to, the Joint Provisional Liquidators of FTX Digital Markets Ltd.

19.     "Person" or "People" refers to any natural person(s) or any business, legal, or governmental entity (or entities) or association(s).

20.     "Trustee" refers to the U.S. Trustee assigned in the Bankruptcy Actions, including any of the Trustee's employee or agents, including any examiner appointed in the Bankruptcy Actions.

21.     "Work Papers" refers to all documents, including drafts, organizational charts, spreadsheets, and other data, prepared, maintained and/or obtained by you concerning the planning, procedures performed, information obtained, and conclusions reached in connection with any investment, or potential investment, in any of the FTX Entities and/or Alameda. "Work Papers" also includes documents that you have in your possession, custody or control that were prepared, maintained and/or obtained by you concerning the FTX Entities and/or Alameda that were prepared or obtained from any of the FTX Entities and/or Alameda or any other persons or entities investing in or providing accounting, auditing, or consulting services to the FTX Entities and/or Alameda.

22.     "You" or "Your" shall refer to the Defendant responding to these requests, its predecessors, successors, subsidiaries, departments divisions, and/or affiliates, including, but not limited to, any funds or other investment vehicles held by the Defendant responding or in which the Defendant responding is a member or other

- 6 -

owner, its international, national or local branches or offices, including, but not limited to Temasek Holdings Private Limited, Artz Fund Investments Pte. Ltd., and/or Temasek International Pte. Ltd. and current and prior partners, officers, directors, employees, representatives, agents or any persons acting or purporting to act on behalf of the responding Defendant.

23.     Whenever a reference to a business entity appears, the reference shall mean the business entity, its affiliated companies, partnerships, divisions, subdivisions, directors, officers, employees, agents, clients or other representatives of affiliated third parties.

24.     Defined terms may or may not be capitalized or made uppercase; the given definitions apply even if a term in question is not capitalized or made uppercase. No waiver of a definition is implied by the use of a defined term in a non-capitalized or lowercase form.

## <u>INSTRUCTIONS</u>

1.  Production of documents and items requested herein shall be made at the offices of The Moskowitz Law Firm, P.O. Box 653409, Miami, FL 33133, or via electronic mail to the email addresses provided in the signature blocks of the attorneys serving these requests.

2.  Unless otherwise stated in a request, the time period for which you must respond is January 1, 2019, through the date of production.

3.  Objections: Where an objection is made to any request, the objection shall state with specificity all grounds for the objection and respond to the Request to the extent it is not objectionable. Any ground not stated in an objection within the time provided by the Federal Rules of Civil Procedure, or by the Court's order, or any extensions thereof, shall be waived.

4.  These requests shall include all documents that are in your possession, custody or control or in the possession, custody or control of your present or former agents, representatives, or your attorneys, or any and all persons acting on your behalf, or your present or former agents, representatives, or attorneys.

5.  For any document, or portion thereof, covered by a request that is withheld from production (or redacted in whole or in part) under claim of privilege, work product protection or any other basis, you shall provide the following information in the form of a privilege log:

    a.  the reasons and each and every fact supporting any withholding, and legal basis for withholding the document including sufficient facts for the Court to make a full determination as to whether the claim of privilege is valid;

b.      the date such document was prepared;

c.      the names, employment positions and addresses of the author or preparers of such document;

d.      the names, employment positions, and the addresses of each person who received such document;

e.      the title, a brief description, and the subject matter of the document;

f.      the number of the request under which such document would be produced but for the objection; and

g.      description of the subject matter sufficient to determine whether the privilege is properly invoked (without revealing privileged information)

6.      If any document responsive to a request has been destroyed, produce all documents describing or referencing:

a.      the contents of the lost or destroyed document;

b.      all locations in which any copy of the lost or destroyed document had been maintained;

c.      the date of such loss or destruction;

d.      the name of each person who ordered, authorized, and carried out the destruction of any responsive document;

e.      all document retention and destruction policies in effect at the time any requested document was destroyed; and

f.      all efforts made to locate any responsive document alleged to have been lost.

7.      In producing the documents requested, indicate the specific request(s) pursuant to which document or group of documents is being produced.

8.      These requests should be deemed continuing such that if you, your directors, officers, employees, agents, representatives, or any person acting on your behalf, subsequently discover or obtain possession, custody, or control of any document or ESI previously requested or required to be produced, you should make a supplemental production of such document or ESI. Supplemental productions should be provided on a rolling basis as additional documents become available.

9.      All documents that cannot be accurately represented in TIFF format (such as spreadsheets, computer slide presentations, audio files, video files, and other similar file types) shall be provided in native format. The parties will further meet and confer regarding appropriate format of production for databases and structured data (e.g., Microsoft Teams, Slack, Microsoft Access, Azure Cloud, Salesforce, Oracle, or other ephemeral messaging or proprietary database systems).

10.      In responding to these Document Requests, you are to include Documents:

     a.      obtained from witnesses who gave information to any governmental agency or investigatory body;

     b.      that constitute, or refer or relate to, summaries of testimony or other statements in connection with any governmental agency or investigatory body proceeding or investigation; or

     c.      obtained on your behalf by counsel in preparing for testimony or interviews before any governmental agency or investigatory body.

11.      All documents are to be produced in the following method if not produced in its Native Format:

     a.      Single page .TIFF images

      b.     Color.jpg (documents wherein reflection of importance relies on color, shall be produced in .jpg format)

      c.     Document level Text Files containing extracted full text or OCR text

      d.     Electronic documents, e-mails, text or instant messages are to be processed and converted from the electronic format to single page tiff.

## INTERROGATORIES

**INTERROGATORY NO. 1:**

Please identify all current and former owners of Temasek International USA LLC, Temasek Holdings Private Limited, Artz Fund Investments Pte. Ltd., and/or Temasek International Pte. Ltd., including the ownership percentage held by each owner identified in response to this Interrogatory No. 1.

**INTERROGATORY NO. 2:**

Please identify the directors on the boards of Temasek International USA LLC, Temasek Holdings Private Limited, Artz Fund Investments Pte. Ltd., and/or Temasek International Pte. Ltd.

**INTERROGATORY NO. 3:**

Please identify the directors, executives, employees, representatives, and/or agents of Temasek International USA LLC, Temasek Holdings Private Limited, Artz Fund Investments Pte. Ltd., Temasek International Pte. Ltd., and/or any other Temasek-affiliated entity having any role with respect to the decision to invest in FTX, any due diligence involved in such decision, negotiations related to the investment in FTX, the actual investment in FTX, and/or any ongoing monitoring of FTX in the wake of the investment. In doing so, please provide their home address(es), titles and descriptions of their role(s) with respect to the Temasek-affiliated entity in question, their office address(es), their work phone number(s), and their work email address(es).

**INTERROGATORY NO. 4:**

Please identify the entity that pays the salaries or any other compensation of the personnel listed in response to Interrogatory No. 3.

**INTERROGATORY NO. 5:**

Please identify the entity that pays the expenses and/or losses of Temasek International USA LLC, Temasek Holdings Private Limited, Artz Fund Investments Pte. Ltd., and/or Temasek International Pte. Ltd.

**INTERROGATORY NO. 6:**

Please describe the business of, and how such business is conveyed to, Temasek International USA LLC, Temasek Holdings Private Limited, Artz Fund Investments Pte. Ltd., and/or Temasek International Pte. Ltd.

**INTERROGATORY NO. 7:**

Please identify the executives, directors, employees, and/or representatives of Temasek International USA LLC, Temasek Holdings Private Limited, Artz Fund Investments Pte. Ltd., and/or Temasek International Pte. Ltd. who participated in responding to these discovery requests.

## REQUESTS FOR PRODUCTION

1.     All workpapers, communications, and other documents concerning subscription agreements, membership agreements, partnership agreements, and/or other agreements between you and any of the FTX Entities, Alameda or any of the Defendants relating to any of the FTX Entities and/or Alameda.

2.     All communications between you and any of the FTX Entities, Alameda, or any of the Defendants concerning any of the FTX Entities and/or Alameda.

3.     All work papers, communications, and other documents concerning the Series B and B-1 funding of FTX Trading, which closed in October 2021, including, but not limited to, offering memoranda, offering circulars, prospectuses, pitch decks,

- 13 -

capitalization tables, diligence memoranda, reports, opinions, and other diligence materials concerning any of the FTX Entities and/or Alameda.

4.      All work papers, communications, and other documents concerning the Series C funding of FTX Trading, which closed in January 2022, including, but not limited to, offering memoranda, offering circulars, prospectuses, pitch decks, capitalization tables, diligence memoranda, reports, opinions, and other diligence materials concerning any of the FTX Entities and/or Alameda.

5.      All work papers, communications, and other documents concerning the Series A funding of FTX US, which closed in January 2022, including, but not limited to, offering memoranda, offering circulars, prospectuses, pitch decks, capitalization tables, diligence memoranda, reports, opinions, and other diligence materials concerning any of the FTX Entities and/or Alameda.

6.      Documents evidencing wire transfers or other payments, or instructions related to the foregoing, for any payments from you to any of the FTX Entities and/or Alameda or from any of the FTX Entities and/or Alameda to you.

7.      Documents and communications concerning your due diligence efforts undertaken by you or on your behalf in conjunction with potential or actual investments in or with FTX Entities and/or Alameda, whether such efforts were undertaken before the investment or following the investment in the form of continued monitoring, tracking, or management.

8.      Contracts for any legal services you sought or obtained in relation to the FTX Entities and/or Alameda.

- 14 -

9.      All work papers, communications, and other documents concerning your membership and service on the board, including any advisory board, of any of the FTX Entities and/or Alameda, including, but not limited to, calendar entries, agendas, presentations, and minutes of any and all meetings of such board.

10.     All work papers, communications, and other documents concerning the membership and service on your board, including any advisory board, by any of the FTX Entities and/or Alameda, including, but not limited to, agendas, presentations, and minutes of any and all meetings of such board.

11.     All work papers, communications, and other documents concerning any of the FTX Entities and/or Alameda that were prepared or maintained in connection with, and/or referred to, your investments in, or any other potential investments in, loans to, or financing for, any of the FTX Entities and/or Alameda.

12.     All documents concerning any working group lists, or the names and contact information for all persons or entities, you received, prepared, or maintained in connection with your investments, or potential investments, in any of the FTX Entities and/or Alameda, including, but not limited to, persons in management (including, but not limited to, the chief executive officer, the chief financial officer, the chief compliance officer, the chief technology and/or information officer, the general counsel, presidents, executive vice presidents, vice presidents, and any others positions of management), directors, and/or other personnel involved in the Series A, Series B, Series B-1, Series C, and/or any other funding for, investment in, or potential investment in any of the FTX Entities and/or Alameda.

13.    All documents and work papers concerning the operations of any of the FTX Entities and/or Alameda, including, but not limited to, operating pro formas, uses and sources of cash and investment proceeds, investment portfolios, status reports, budgets, and/or presentations concerning the performance of any of the FTX Entities and/or Alameda, as well as, any market research, profitability analyses, evaluations, and/or other reports prepared by you or for you by any investment bankers, research analysts, management consultants and/or other professional.

14.    All documents and work papers concerning the formation and corporate governance of any of the FTX Entities and/or Alameda, including, but not limited to, articles of incorporation, articles of formation, by-laws, membership agreements, partnership agreements, certificates of good standing, charters for any and all board committees, compliance policies, anti-corruption policies, whistleblower polices, policies relating to conflicts of interest, insider trading policies, related party transaction policies, and codes of ethics.

15.    All documents and work papers concerning the implementation of accounting controls, financial controls, cash management controls and/or audit processes at any of the FTX Entities and/or Alameda, including, but not limited to audit committees, internal and/or external audits, audited and/or unaudited financial statements, general ledgers, policies and procedures concerning audits, asset allocation, liquidity forecasting, and disbursement controls, and other financial records for any of the FTX Entities and/or Alameda, and the engagement of, and services provided by, any accounting firm by and for any of the FTX Entities and/or Alameda,

- 16 -

including, but not limited to Robert Lee & Associates, Prager Metis CPAs LLC and/or Armanino LLP.

16.    Any documents evidencing updates, progress reports, or similar with respect to (1) your investments in FTX Entities and/or Alameda and (2) FTX Entities' and/or Alameda's financials.

17.    All documents and work papers concerning North Dimension Inc, including, but not limited to, its ownership, employees, business purpose, and operations.

18.    All documents and work papers concerning LedgerX LLC, including, but not limited to, its ownership, employees, business purpose, and operations.

19.    All communications with any representative, employee, or agent of LedgerX LLC.

20.    All documents and work papers concerning any transactions and/or transfers of fiat, cryptocurrency, or other assets between any of the FTX Entities, Alameda, and/or any director, control person, and/or person in management (including, but not limited to, the chief executive officer, the chief financial officer, the chief compliance officer, the chief technology and/or information officer, the general counsel, presidents, executive vice presidents, vice presidents, and any others positions of management) of any of the FTX Entities and/or Alameda, including, but not limited to, disbursements, donations, gifts, bonuses and other compensation, capital contributions, promissory notes, inter-company agreements, service agreements, and loan agreements.

21.    All documents and work papers concerning risk management controls—and any exemptions or alterations thereto for, but not limited to, Alameda—at any of the FTX Entities and/or Alameda, including, but not limited to, policies and procedures

concerning investment diversification, cryptocurrency products and other digital assets, derivative products, and leverage, including, but not limited to, the purported "risk engine" auto-liquidator and other protocols to prevent a user from becoming over-leveraged on any of the FTX Entities' platforms and/or the FTX Entities' purported policy prohibiting any user from maintaining a negative balance on their platforms.

22.  All documents and work papers concerning regulatory compliance at any of the FTX Entities and/or Alameda, including, but not limited to, campaign finance regulations, licensure of the FTX Entities and/or Alameda in the jurisdictions in which each operates, including, but not limited to, money transmitter licenses, and the regulation of cryptocurrencies, tokens, and other digital assets—including the yield-bearing accounts offered by the FTX Entities—as securities.

23.  All documents and work papers concerning any charitable, political and/or campaign contribution by any of the FTX Entities, Alameda, and/or any director, control person, and/or person in management (including, but not limited to, the chief executive officer, the chief financial officer, the chief compliance officer, the chief technology and/or information officer, the general counsel, presidents, executive vice presidents, vice presidents, and any others positions of management) of any of the FTX Entities and/or Alameda.

24.  All documents and work papers concerning any internal complaints, including, but not limited to, "whistleblower" complaints, litigation, administrative or regulatory proceedings, investigations or governmental actions involving any of the FTX Entities and/or Alameda.

25.     All documents and work papers concerning the custody, and/or safeguarding, of customer funds, including fiat, cryptocurrencies, and other digital assets, by any of the FTX Entities and/or Alameda, including, but not limited to, the labeling of customer accounts as "for the benefit of" ("FBO") the customer, the segregation (or lack thereof) of customer funds from the FTX Entities' operating accounts, the storage of customer funds in digital wallets on the FTX Entities' platforms, and the ledgering and/or bookkeeping of those funds by any of the FTX Entities and/or Alameda.

26.     All documents and work papers concerning the terms of service for any of the FTX Entities and use thereof by customers or investors.

27.     All documents and work papers concerning FTT, including, but not limited to, FTT held by any of the FTX Entities and/or Alameda, and their use of FTT as collateral for loans and other transactions.

28.     All documents and work papers concerning the real and tangible property held by any FTX Entity and/or Alameda, including, but not limited to, the location and use of such property, and any mortgages, deeds of trust, lease and/or security agreements for the properties, and transfers of such properties by, among, and between any FTX Entity, Alameda, and/or any director, control person, and/or person in management (including, but not limited to, the chief executive officer, the chief financial officer, the chief compliance officer, the chief technology and/or information officer, the general counsel, presidents, executive vice presidents, vice presidents, and any others positions of management) of any of the FTX Entities and/or Alameda.

29.     All documents relating to your "interactions" with Sam Bankman-Fried and others affiliated with FTX Entities, Alameda, North Dimension Inc., and/or LedgerX LLC as referenced by you on your website. *See* Temasek, "FTX Statement and FAQs" (26 November 2022), *available at* https://www.temasek.com.sg/en/news-and-resources/news-room/statements/2022/statement-FTX (last visited October 11, 2023).

30.     All documents and work papers concerning the "qualitative feedback" you gathered from "people familiar with the company, including industry employees, industry participants, and other investors" concerning any of the FTX Entities and/or Alameda, which you reference on your website.[1]

31.     All documents and work papers concerning your "engage[ment of] management on business strategy" and your "monitor[ing] of [the] performance" of any of the FTX Entities and/or Alameda, which you reference on your website.[2]

32.     All documents and work papers concerning the decision to post, preparation of any post, and posting on your website, social media platform, or any other public forum of any statements concerning the FTX Entities, Alameda, any director, control person, or person in management (including, but not limited to, the chief executive officer, the chief financial officer, the chief compliance officer, the chief technology and/or information officer, the general counsel, presidents, executive

---

[1] *See* https://www.temasek.com.sg/en/news-and-resources/news-room/statements/2022/statement-FTX#how-did-Temasek-come-to-invest-in-FTX

[2] *See* https://www.temasek.com.sg/en/news-and-resources/news-room/statements/2022/statement-FTX#how-did-Temasek-come-to-invest-in-FTX

vice presidents, vice presidents, and any others positions of management) of any of the FTX Entities and/or Alameda, and/or any of the Defendants.

33.   All documents, work papers, and/or communications concerning the FTX Entities and/or Alameda you provided to or exchanged with:

   a.   Officers, directors, employees, and control persons of any of the FTX Entities and/or Alameda, including, but not limited to, Samuel Bankman-Fried, Caroline Ellison, Gary Wang, Nishad Singh, Brett Harrison, Sam Trabucco, Zach Dexter, Ryne Miller, Ryan Salame, Dan Friedberg, Ramnik Arora, and Constance Wang;

   b.   any actual or prospective customer of any of the FTX Entities and/or Alameda and/or any actual or prospective investor in any of the FTX Entities and/or Alameda;   or

   c.   any of the Defendants.

34.   To the extent not already produced in connection with any of the above requests, all work papers, communications, transcripts and/or recordings of any depositions, testimony, interviews, or statements you have provided concerning the FTX Entities and/or Alameda in any court, administrative proceedings, the Bankruptcy Actions, Criminal Proceedings, or any other foreign or domestic forum or in response to any governmental agency request for discovery.

35.   All documents, communications, and work papers relating to fraud detection and anti-money laundering protection by you, including, but not limited to, policies, procedures, manuals, monitoring systems, including automated monitoring systems, even if generated by a third party, employed by you to detect, monitor,

and/or prevent fraud, money laundering, and/or other misconduct by the companies and other entities in which you invest, including, but not limited to, Know Your Customer or Know Your Client (together, "KYC") obligations, policies, procedures and compliance; Know Your Business ("KYB") obligations, policies, procedures, and compliance; Ant-Money Laundering ("AML") obligations, policies, procedures, and compliance; Customer Identification Program ("CIP") obligations, policies, procedures, and compliance; Bank Secrecy Act ("BSA") obligations, policies, procedures and compliance; risk management; and other due diligence.

36.     All work papers, communications, and other documents concerning your decision to make the investment in the FTX Entities and/or Alameda, including but not limited to any meeting minutes, memoranda, or materials with respect to your internal committee or board discussions; and any meeting minutes, memoranda, or materials with respect to communications with Defendants.

37.     Documents concerning any meetings between your directors, executives, employees, representatives, and/or agents and FTX's directors, executives, employees, representatives, and/or agents. This request includes but is not limited to any expense reports and calendar entries related to any such meetings.

38.     Organizational charts for Temasek Holdings (Private) Limited, Temasek International (USA) LLC, Artz Fund Investments Pte. Ltd., Temasek International Pte. Ltd., and any other intermediate entities existing along the chain of ownership between or among the entities specifically named in this request.

39.     All documents and work papers concerning your formation, organization, and corporate governance, including, but not limited to, articles of incorporation,

articles of formation, by-laws, board minutes, consents, membership agreements, partnership agreements, certificates of good standing, registrations to do business, licenses, charters for any and all board committees, policies relating to conflicts of interest, insider trading policies, related party transaction policies, and codes of ethics.

40. Your audited financial statements, including income statements, balance sheets and statements of cash flow, whether consolidated or unconsolidated.

41. Your Federal and State (California, New York, Washington, D.C. and/or Florida) tax returns and reporting information.

42. Documents concerning your banking relationships in California, New York, Washington, D.C., and/or Florida.

43. All documents, work papers, or other discovery concerning any agreements between Temasek Holdings (Private) Limited, Temasek International (USA) LLC, Artz Fund Investments Pte. Ltd., and/or Temasek International Pte. Ltd., including, but not limited to, intercompany agreements, lease-back agreements, and/or shared services agreement.

44. All documents, work papers, or other discovery concerning property, personnel, or equipment provided to or shared by Temasek Holdings (Private) Limited, Temasek International (USA) LLC, Artz Fund Investments Pte. Ltd., and/or Temasek International Pte. Ltd.

45. All documents, work papers, or other discovery concerning your operations in the United States, including, but not limited to, your offices and personnel located in New York, New York, San Francisco, California, and Washington, D.C.

46.     Documents related to your investments in any businesses that have offices or
operations in Florida and/or California.

# Composite

# Exhibit D

**PLAINTIFFS' OMNIBUS MOTION TO LIFT DISCOVERY STAY AND FOR LEAVE TO CONDUCT JURISDICTIONAL DISCOVERY, AND, IF NECESSARY TO AMEND THEIR COMPLAINTS WITH ANY FACTS ARISING FROM SUCH DISCOVERY**

(Part 3 of 3)

# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF FLORIDA
## MIAMI DIVISION

### CASE NO. 23-21023-CIV-ALTONAGA/Damian

**EDWIN GARRISON**, *et al.,* on behalf of
themselves and all others similarly situated,

   *Plaintiffs,*

*v.*

**KEVIN PAFFRATH, GRAHAM STEPHAN,
ANDREI JIKH, JASPREET SINGH, BRIAN
JUNG, JEREMY LEFEBVRE, TOM NASH,
BEN ARMSTRONG, ERIKA KULLBERG,
CREATORS AGENCY, LLC,**

   *Defendants.*

_____/

## NOTICE OF TAKING THE VIDEOTAPED DEPOSITION OF
## DEFENDANT KEVIN PAFFRATH

   Pursuant to Federal Rule of Civil Procedure 30, Plaintiff's counsel will take the deposition
of the below-named person/entity on the date, time, and at the location indicated.

     **DEPONENT**:  Defendant Kevin Paffrath

     **DATE**:   June 20, 2023

     **TIME**:   10:00am EST

     **LOCATION**:  Zoom (contact counsel for details)

   The aforesaid deposition will be before a court reporter, an officer authorized by law to
administer oaths and take depositions in the State of Florida. The deposition is being taken for the
purpose of discovery, for use at trial, or both, or for such other purposes as are permitted under the
Federal and Local Rules of Civil Procedure.

*Edwin Garrison, et al. v. Kevin Paffrath, et al.*
*CASE NO. 23-21023-CIV-ALTONAGA/Damian*

Dated: May 17, 2023                    Respectfully submitted,

                                       **By: _/s/ Adam Moskowitz_**
                                       Adam M. Moskowitz
                                       Florida Bar No. 984280
                                       adam@moskowitz-law.com
                                       Joseph M. Kaye
                                       Florida Bar No. 117520
                                       joseph@moskowitz-law.com
                                       **THE MOSKOWITZ LAW FIRM, PLLC**
                                       2 Alhambra Plaza, Suite 601
                                       Coral Gables, FL 33134
                                       Telephone: (305) 740-1423

                                       **By: _/s/Stuart Z. Grossman_**
                                       Stuart Z. Grossman
                                       Florida Bar No. 156113
                                       Manuel A. Arteaga-Gomez
                                       Florida Bar No. 18122
                                       **GROSSMAN ROTH YAFFA COHEN, P.A.**
                                       2525 Ponce de Leon Boulevard, Suite 1150
                                       Coral Gables, FL 33134
                                       Ph: 305-442-8666
                                       Fx: 305-285-1668
                                       szg@grossmanroth.com
                                       aag@grossmanroth.com

                                       **By: _/s/ Stephen Neal Zack_**
                                       Stephen Neal Zack
                                       Florida Bar No. 145215
                                       Tyler Ulrich
                                       Florida Bar No. 94705
                                       **BOIES SCHILLER FLEXNER LLP**
                                       100 SE 2nd St., Suite 2800
                                       Miami, FL 33131
                                       Office: 305-539-8400
                                       szack@bsfllp.com
                                       tulrich@bsfllp.com

                                       **By: _/s/ Jose Ferrer_**
                                       Jose Ferrer
                                       Florida Bar No. 173746
                                       Michelle Genet Bernstein
                                       Florida Bar No. 1030736
                                       **MARK MIGDAL HAYDEN LLP**
                                       8 SW 8th Street, Suite 1999

*Edwin Garrison, et al. v. Kevin Paffrath, et al.*
*CASE NO. 23-21023-CIV-ALTONAGA/Damian*

Miami, FL 33130
Office: 305-374-0440
jose@markmigdal.com
michelle@markmigdal.com
eservice@markmigdal.com

*Co-Counsel for Plaintiffs and the Class*

## <u>CERTIFICATE OF SERVICE</u>

I HEREBY CERTIFY that a true and correct copy of the forgoing was filed on May 17,

2023, via Court's CM/ECF system, which will send notification to all attorneys of record.

By: */s/ Adam M. Moskowitz*
ADAM M. MOSKOWITZ

# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF FLORIDA
## MIAMI DIVISION

### CASE NO. 23-21023-CIV-ALTONAGA/Damian

**EDWIN GARRISON**, *et al.,* on behalf of
themselves and all others similarly situated,

     *Plaintiffs,*

v.

**KEVIN PAFFRATH, GRAHAM STEPHAN,
ANDREI JIKH, JASPREET SINGH, BRIAN
JUNG, JEREMY LEFEBVRE, TOM NASH,
BEN ARMSTRONG, ERIKA KULLBERG,
CREATORS AGENCY, LLC,**

     *Defendants.*

_____/

### PLAINTIFF'S FIRST SET OF SEVEN REQUESTS FOR PRODUCTION TO DEFENDANT KEVIN PAFFRATH

Plaintiff, pursuant to Fed. R. Civ. P. 26 and 34, requests that Defendant, Kevin Paffrath

("Paffrath"), produce the documents requested in response to these seven requests.

Dated: May 17, 2023               Respectfully submitted,

                           **By: /s/ Adam Moskowitz**
                           Adam M. Moskowitz
                           Florida Bar No. 984280
                           adam@moskowitz-law.com
                           Joseph M. Kaye
                           Florida Bar No. 117520
                           joseph@moskowitz-law.com
                           **THE MOSKOWITZ LAW FIRM, PLLC**
                           2 Alhambra Plaza, Suite 601
                           Coral Gables, FL 33134
                           Telephone: (305) 740-1423

                           **By: /s/Stuart Z. Grossman**
                           Stuart Z. Grossman
                           Florida Bar No. 156113
                           Manuel A. Arteaga-Gomez

Florida Bar No. 18122
**GROSSMAN ROTH YAFFA COHEN, P.A.**
2525 Ponce de Leon Boulevard, Suite 1150
Coral Gables, FL 33134
Ph: 305-442-8666
Fx: 305-285-1668
szg@grossmanroth.com
aag@grossmanroth.com

By: */s/ Stephen Neal Zack*
Stephen Neal Zack
Florida Bar No. 145215
Tyler Ulrich
Florida Bar No. 94705
**BOIES SCHILLER FLEXNER LLP**
100 SE 2nd St., Suite 2800
Miami, FL 33131
Office: 305-539-8400
szack@bsfllp.com
tulrich@bsfllp.com

By: */s/ Jose Ferrer*
Jose Ferrer
Florida Bar No. 173746
Michelle Genet Bernstein
Florida Bar No. 1030736
**MARK MIGDAL HAYDEN LLP**
8 SW 8th Street, Suite 1999
Miami, FL 33130
Office: 305-374-0440
jose@markmigdal.com
michelle@markmigdal.com
eservice@markmigdal.com

*Co-Counsel for Plaintiffs and the Class*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on May 17, 2023, a true and correct copy of the foregoing was

sent via electronic mail to counsel for Defendants.

By: */s/ Adam M. Moskowitz*
ADAM M. MOSKOWITZ

## <u>DEFINITIONS AND INSTRUCTIONS</u>

Unless otherwise specified, the terms set forth below have the following meanings:

1.　　"Paffrath," "You," or "Your" means Defendant Kevin Paffrath and any of his affiliates, representatives, or agents.

2.　　"Co-Defendants" means any of the other Defendants sued in this Action, and any of their affiliates, subsidiaries, divisions, segments, predecessors, successors, officers, directors, employees, representatives, or agents.

3.　　"FTX Entities" means West Realm Shires Services, Inc., FTX Trading Ltd, Blockfolio, Inc., Alameda Research, LLC, and any of their affiliates, subsidiaries, divisions, segments, predecessors, successors, officers, directors, employees, representatives, or agents.

4.　　"FTX Platform" refers to the FTX Entities' mobile application and/or web-based cryptocurrency investment service that places cryptocurrency trade orders on behalf of users.

5.　　"YBAs" refers to the Yield-Bearing Accounts offered by the FTX Entities on the FTX Platform.

6.　　"FTT" refers to the native cryptocurrency exchange token of the FTX Platform ecosystem.

7.　　"Document(s)" means any written, printed, typed or other graphic matter, of any kind or nature, whether in hard copy or electronic format, whether the original, draft, or a copy and copies bearing notations or marks not found on the original, including but not limited to memoranda, reports, recommendations, notes, letters, envelopes, post-its, emails, telegrams, messages, manuscripts, studies, analyses, tests, comparisons, books, articles, pamphlets, magazines, newspapers, booklets, circulars, bulletins, notices, instructions, minutes, agreements, contracts, and all other written communications, of any type, including inter and

intra-office communications, purchase orders, invoices, bills, receipts, questionnaires, surveys, charts, graphs, videos, photographs, sketches, drawings, house sheets, tapes, voice messages or other recordings, print-outs or compilations from which information can be obtained or, if necessary, translated through detection devices into reasonably usable form, including all underlying or preparatory materials and drafts thereof.

8.      Unless otherwise stated in a request, the time period for which you must respond is beginning in January 1, 2019 and ending at the present time.

9.      "Person" or "People" means any natural person(s) or any business, legal, or governmental entity (or entities) or association(s).

10.     All/Each – The terms "all" and "each" shall be construed as meaning either all or each as necessary to bring within the scope of the discovery request all responses that might otherwise be construed to be outside its scope.

11.     Objections: Where an objection is made to any request, the objection shall state with specificity all grounds. Any ground not stated in an objection within the time provided by the Federal Rules of Civil Procedure, or by the Court's order, or any extensions thereof, shall be waived.

12.     Whenever a reference to a business entity appears, the reference shall mean the business entity, its affiliated companies, partnerships, divisions, subdivisions, directors, officers, employees, agents, clients or other representatives of affiliated third parties.

## **INSTRUCTIONS**

1.      Production of documents and items requested herein shall be made at the offices of The Moskowitz Law Firm, P.O. Box 141609, Coral Gables, FL 33114, or for hand deliveries at 251 Valencia Ave #141609, Coral Gables, FL 33114, or via electronic mail to the email

addresses provided in the signature blocks of the attorneys serving these requests.

2. These requests shall include all documents that are in the possession, custody or control of Defendant or in the possession, custody or control of the present or former agents, representatives, or attorneys of Defendant, or any and all persons acting on the behalf of Defendant, or its present or former agents, representatives, or attorneys.

3. For any document covered by a request that is withheld from production, Defendant shall provide the following information in the form of a privilege log:

  a. the reasons and facts supporting any withholding;

  b. the date such document was prepared;

  c. the names, employment positions and addresses of the author or preparers of such document;

  d. the names, employment positions, and the addresses of each person who received such document;

  e. the title and a brief description of the document; and

  f. the number of the request under which such document would be produced but for the objection.

4. If any document responsive to a request has been destroyed, produce all documents describing or referencing:

  a. the contents of the lost or destroyed document;

  b. all locations in which any copy of the lost or destroyed document had been maintained;

  c. the date of such loss or destruction;

  d. the name of each person who ordered, authorized, and carried out

the destruction of any responsive document;

    e.     all document retention and destruction policies in effect at the time any requested document was destroyed; and

    f.     all efforts made to locate any responsive document alleged to have been lost.

5.     In producing the documents requested, indicate the specific request(s) pursuant to which document or group of documents is being produced.

6.     These requests should be deemed continuing, and supplemental productions should be provided as additional documents become available.

7.     All documents are to be produced in the following method:

    a)   Single page .TIFF

    b)   Color .jpg (Documents wherein reflection of importance relies on color, shall be produced in .jpg format)

    c)   OCR at document level (All documents are to be provided with searchable text files with the exception of the redacted portions of redacted documents)

    d)   Electronic documents and Emails are to be processed and converted from the electronic format to single page tiff

*Edwin Garrison, et al. v. Kevin Paffrath, et al.*
*CASE NO. 23-21023-CIV-ALTONAGA/Damian*

## <u>SEVEN REQUESTS FOR PRODUCTION</u>

***Please refer to the Definitions and Instructions when responding to these requests. To the extent that any of these requests seek information considered by Defendants to be confidential, Plaintiffs agree to enter into any reasonable confidentiality agreement with Defendants to protect such alleged confidential information.***

1. All Documents and Communications, including contracts or agreements, regarding any business You (personally or through any entity owned by You, or any of Your or Your entities' affiliates, representatives, employees, or agents) conducted with the FTX Entities, including all documents and communications regarding any payments made to You (personally or to any entity owned by You, or any of Your or Your entities' affiliates, representatives, employees, or agents) in accordance with any such contract or agreement.

2. All videos or other content You (personally or through any entity owned by You, or any of Your or Your entities' affiliates, representatives, employees, or agents) produced regarding, relating to, and/or mentioning the FTX platform, FTT, and/or YBAs, including videos or content that have been removed from their public-facing platforms.[1]

3. All Documents and Communications, that show, evidence and/or relate to Defendant "targeting" Defendant's Florida audience, and Florida's FTX consumers.

4. All Documents and Communications regarding any and all communications between You (personally or through any entity owned by You, or any of Your or Your entities'

---

[1] Any such videos and/or content either should still be saved on Defendants' hard drives and preserved for use in this litigation, or should still be on the private-facing portions of their social media platforms—for instance, Defendants could have set a video they posted on YouTube to "private" so it no longer is publicly viewable or searchable but is still posted on their account. "Spoliation is the destruction or significant alteration of evidence, or the failure to preserve property for another's use as evidence in pending or reasonably foreseeable litigation." *Graff v. Baja Marine Corp.*, 310 F. App'x 298, 301 (11th Cir. 2009). "The duty to preserve relevant evidence is triggered not only when litigation is pending, but also when it reasonably foreseeable to that party." *Title Cap. Mgmt., LLC v. Progress Residential, LLC*, No. 16-21882-CV, 2017 WL 5953428, at *4 (S.D. Fla. Sept. 29, 2017).

affiliates, representatives, employees, or agents) with the FTX Entities regarding promotion of FTT, YBAs or the FTX Platform.

5.      All Documents regarding any and all due diligence You (personally or through any entity owned by You, or any of Your or Your entities' affiliates, representatives, employees, or agents) conducted before promotion of FTT, YBAs or FTX Platform to the public.

6.      All Documents and Communications between You and any of the Co-Defendants in this Action regarding this lawsuit and/or the subject matter of this lawsuit, including the promotion of FTT, YBAs or the FTX Platform.

7.      All Documents that show, evidence and/or relate to Your purchases, ownership, or control of FTT, including any wallet addresses controlled by You related to your FTT holdings.

Case 1:23-cv-21023-CMA Document 94-26 Entered on FLSD Docket 05/05/2023 Page 247 of 728

# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF FLORIDA
### MIAMI DIVISION

### CASE NO. 23-21023-CIV-ALTONAGA/Damian

**EDWIN GARRISON**, *et al.,* on behalf of
themselves and all others similarly situated,

    *Plaintiffs,*

*v.*

**KEVIN PAFFRATH, GRAHAM STEPHAN,
ANDREI JIKH, JASPREET SINGH, BRIAN
JUNG, JEREMY LEFEBVRE, TOM NASH,
BEN ARMSTRONG, ERIKA KULLBERG,
CREATORS AGENCY, LLC,**

    *Defendants.*

_____/

## NOTICE OF TAKING THE VIDEOTAPED DEPOSITION OF
## DEFENDANT ANDREI JIKH

    Pursuant to Federal Rule of Civil Procedure 30, Plaintiff's counsel will take the deposition of the below-named person/entity on the date, time, and at the location indicated.

        **DEPONENT**:    Defendant Andre Jikh

        **DATE**:    June 21, 2023

        **TIME**:    10:00am EST

        **LOCATION**:    Zoom (contact counsel for details)

    The aforesaid deposition will be before a court reporter, an officer authorized by law to administer oaths and take depositions in the State of Florida. The deposition is being taken for the purpose of discovery, for use at trial, or both, or for such other purposes as are permitted under the Federal and Local Rules of Civil Procedure.

*Edwin Garrison, et al. v. Kevin Paffrath, et al.*
*CASE NO. 23-21023-CIV-ALTONAGA/Damian*

Dated: May 17, 2023

Respectfully submitted,

**By: */s/ Adam Moskowitz*_____**
Adam M. Moskowitz
Florida Bar No. 984280
adam@moskowitz-law.com
Joseph M. Kaye
Florida Bar No. 117520
joseph@moskowitz-law.com
**THE MOSKOWITZ LAW FIRM, PLLC**
2 Alhambra Plaza, Suite 601
Coral Gables, FL 33134
Telephone: (305) 740-1423

**By: */s/Stuart Z. Grossman***
Stuart Z. Grossman
Florida Bar No. 156113
Manuel A. Arteaga-Gomez
Florida Bar No. 18122
**GROSSMAN ROTH YAFFA COHEN, P.A.**
2525 Ponce de Leon Boulevard, Suite 1150
Coral Gables, FL 33134
Ph: 305-442-8666
Fx: 305-285-1668
szg@grossmanroth.com
aag@grossmanroth.com

**By: */s/ Stephen Neal Zack***
Stephen Neal Zack
Florida Bar No. 145215
Tyler Ulrich
Florida Bar No. 94705
**BOIES SCHILLER FLEXNER LLP**
100 SE 2nd St., Suite 2800
Miami, FL 33131
Office: 305-539-8400
szack@bsfllp.com
tulrich@bsfllp.com

**By: */s/ Jose Ferrer***
Jose Ferrer
Florida Bar No. 173746
Michelle Genet Bernstein
Florida Bar No. 1030736
**MARK MIGDAL HAYDEN LLP**
8 SW 8th Street, Suite 1999

*Edwin Garrison, et al. v. Kevin Paffrath, et al.*
*CASE NO. 23-21023-CIV-ALTONAGA/Damian*

Miami, FL 33130
Office: 305-374-0440
jose@markmigdal.com
michelle@markmigdal.com
eservice@markmigdal.com

*Co-Counsel for Plaintiffs and the Class*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the forgoing was filed on May 17,

2023, via Court's CM/ECF system, which will send notification to all attorneys of record.


By: */s/ Adam M. Moskowitz*
ADAM M. MOSKOWITZ

# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF FLORIDA
## MIAMI DIVISION

### CASE NO. 23-21023-CIV-ALTONAGA/Damian

EDWIN GARRISON, *et al.,* on behalf of
themselves and all others similarly situated,

     *Plaintiffs,*

v.

KEVIN PAFFRATH, GRAHAM STEPHAN,
ANDREI JIKH, JASPREET SINGH, BRIAN
JUNG, JEREMY LEFEBVRE, TOM NASH,
BEN ARMSTRONG, ERIKA KULLBERG,
CREATORS AGENCY, LLC,

     *Defendants.*

_____/

### PLAINTIFF'S FIRST SET OF SEVEN REQUESTS FOR PRODUCTION TO
### DEFENDANT ANDREI JIKH

     Plaintiff, pursuant to Fed. R. Civ. P. 26 and 34, requests that Defendant, Andrei Jikh

("Jikh"), produce the documents requested in response to these seven requests.

     Dated: May 17, 2023          Respectfully submitted,

          **By: */s/ Adam Moskowitz*_____**
          Adam M. Moskowitz
          Florida Bar No. 984280
          adam@moskowitz-law.com
          Joseph M. Kaye
          Florida Bar No. 117520
          joseph@moskowitz-law.com
          **THE MOSKOWITZ LAW FIRM, PLLC**
          2 Alhambra Plaza, Suite 601
          Coral Gables, FL 33134
          Telephone: (305) 740-1423

          **By: */s/Stuart Z. Grossman***
          Stuart Z. Grossman
          Florida Bar No. 156113
          Manuel A. Arteaga-Gomez

Florida Bar No. 18122
**GROSSMAN ROTH YAFFA COHEN, P.A.**
2525 Ponce de Leon Boulevard, Suite 1150
Coral Gables, FL 33134
Ph: 305-442-8666
Fx: 305-285-1668
szg@grossmanroth.com
aag@grossmanroth.com

By: */s/ Stephen Neal Zack*
Stephen Neal Zack
Florida Bar No. 145215
Tyler Ulrich
Florida Bar No. 94705
**BOIES SCHILLER FLEXNER LLP**
100 SE 2nd St., Suite 2800
Miami, FL 33131
Office: 305-539-8400
szack@bsfllp.com
tulrich@bsfllp.com

By: */s/ Jose Ferrer*
Jose Ferrer
Florida Bar No. 173746
Michelle Genet Bernstein
Florida Bar No. 1030736
**MARK MIGDAL HAYDEN LLP**
8 SW 8th Street, Suite 1999
Miami, FL 33130
Office: 305-374-0440
jose@markmigdal.com
michelle@markmigdal.com
eservice@markmigdal.com

*Co-Counsel for Plaintiffs and the Class*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on May 17, 2023, a true and correct copy of the foregoing was

sent via electronic mail to counsel for Defendants.

By: */s/ Adam M. Moskowitz*
ADAM M. MOSKOWITZ

<u>**DEFINITIONS AND INSTRUCTIONS**</u>

Unless otherwise specified, the terms set forth below have the following meanings:

1.  "Jikh," "You," or "Your" means Defendant Andrei Jikh and any of his affiliates, representatives, or agents.

2.  "Co-Defendants" means any of the other Defendants sued in this Action, and any of their affiliates, subsidiaries, divisions, segments, predecessors, successors, officers, directors, employees, representatives, or agents.

3.  "FTX Entities" means West Realm Shires Services, Inc., FTX Trading Ltd, Blockfolio, Inc., Alameda Research, LLC, and any of their affiliates, subsidiaries, divisions, segments, predecessors, successors, officers, directors, employees, representatives, or agents.

4.  "FTX Platform" refers to the FTX Entities' mobile application and/or web-based cryptocurrency investment service that places cryptocurrency trade orders on behalf of users.

5.  "YBAs" refers to the Yield-Bearing Accounts offered by the FTX Entities on the FTX Platform.

6.  "FTT" refers to the native cryptocurrency exchange token of the FTX Platform ecosystem.

7.  "Document(s)" means any written, printed, typed or other graphic matter, of any kind or nature, whether in hard copy or electronic format, whether the original, draft, or a copy and copies bearing notations or marks not found on the original, including but not limited to memoranda, reports, recommendations, notes, letters, envelopes, post-its, emails, telegrams, messages, manuscripts, studies, analyses, tests, comparisons, books, articles, pamphlets, magazines, newspapers, booklets, circulars, bulletins, notices, instructions, minutes, agreements, contracts, and all other written communications, of any type, including inter and

3

intra-office communications, purchase orders, invoices, bills, receipts, questionnaires, surveys, charts, graphs, videos, photographs, sketches, drawings, house sheets, tapes, voice messages or other recordings, print-outs or compilations from which information can be obtained or, if necessary, translated through detection devices into reasonably usable form, including all underlying or preparatory materials and drafts thereof.

8. Unless otherwise stated in a request, the time period for which you must respond is beginning in January 1, 2019 and ending at the present time.

9. "Person" or "People" means any natural person(s) or any business, legal, or governmental entity (or entities) or association(s).

10. All/Each – The terms "all" and "each" shall be construed as meaning either all or each as necessary to bring within the scope of the discovery request all responses that might otherwise be construed to be outside its scope.

11. Objections: Where an objection is made to any request, the objection shall state with specificity all grounds. Any ground not stated in an objection within the time provided by the Federal Rules of Civil Procedure, or by the Court's order, or any extensions thereof, shall be waived.

12. Whenever a reference to a business entity appears, the reference shall mean the business entity, its affiliated companies, partnerships, divisions, subdivisions, directors, officers, employees, agents, clients or other representatives of affiliated third parties.

## **INSTRUCTIONS**

1. Production of documents and items requested herein shall be made at the offices of The Moskowitz Law Firm, P.O. Box 141609, Coral Gables, FL 33114, or for hand deliveries at 251 Valencia Ave #141609, Coral Gables, FL 33114, or via electronic mail to the email

addresses provided in the signature blocks of the attorneys serving these requests.

2.     These requests shall include all documents that are in the possession, custody or control of Defendant or in the possession, custody or control of the present or former agents, representatives, or attorneys of Defendant, or any and all persons acting on the behalf of Defendant, or its present or former agents, representatives, or attorneys.

3.     For any document covered by a request that is withheld from production, Defendant shall provide the following information in the form of a privilege log:

   a.     the reasons and facts supporting any withholding;

   b.     the date such document was prepared;

   c.     the names, employment positions and addresses of the author or preparers of such document;

   d.     the names, employment positions, and the addresses of each person who received such document;

   e.     the title and a brief description of the document; and

   f.     the number of the request under which such document would be produced but for the objection.

4.     If any document responsive to a request has been destroyed, produce all documents describing or referencing:

   a.     the contents of the lost or destroyed document;

   b.     all locations in which any copy of the lost or destroyed document had been maintained;

   c.     the date of such loss or destruction;

   d.     the name of each person who ordered, authorized, and carried out

the destruction of any responsive document;

    e.    all document retention and destruction policies in effect at the time any requested document was destroyed; and

    f.    all efforts made to locate any responsive document alleged to have been lost.

5.    In producing the documents requested, indicate the specific request(s) pursuant to which document or group of documents is being produced.

6.    These requests should be deemed continuing, and supplemental productions should be provided as additional documents become available.

7.    All documents are to be produced in the following method:

    a)    Single page .TIFF

    b)    Color .jpg (Documents wherein reflection of importance relies on color, shall be produced in .jpg format)

    c)    OCR at document level (All documents are to be provided with searchable text files with the exception of the redacted portions of redacted documents)

    d)    Electronic documents and Emails are to be processed and converted from the electronic format to single page tiff

## <u>SEVEN REQUESTS FOR PRODUCTION</u>

***Please refer to the Definitions and Instructions when responding to these requests. To the extent that any of these requests seek information considered by Defendants to be confidential, Plaintiffs agree to enter into any reasonable confidentiality agreement with Defendants to protect such alleged confidential information.***

1.      All Documents and Communications, including contracts or agreements, regarding any business You (personally or through any entity owned by You, or any of Your or Your entities' affiliates, representatives, employees, or agents) conducted with the FTX Entities, including all documents and communications regarding any payments made to You (personally or to any entity owned by You, or any of Your or Your entities' affiliates, representatives, employees, or agents) in accordance with any such contract or agreement.

2.      All videos or other content You (personally or through any entity owned by You, or any of Your or Your entities' affiliates, representatives, employees, or agents) produced regarding, relating to, and/or mentioning the FTX platform, FTT, and/or YBAs, including videos or content that have been removed from their public-facing platforms.[1]

3.      All Documents and Communications, that show, evidence and/or relate to Defendant "targeting" Defendant's Florida audience, and Florida's FTX consumers.

4.      All Documents and Communications regarding any and all communications between You (personally or through any entity owned by You, or any of Your or Your entities'

---

[1] Any such videos and/or content either should still be saved on Defendants' hard drives and preserved for use in this litigation, or should still be on the private-facing portions of their social media platforms—for instance, Defendants could have set a video they posted on YouTube to "private" so it no longer is publicly viewable or searchable but is still posted on their account. "Spoliation is the destruction or significant alteration of evidence, or the failure to preserve property for another's use as evidence in pending or reasonably foreseeable litigation." *Graff v. Baja Marine Corp*., 310 F. App'x 298, 301 (11th Cir. 2009). "The duty to preserve relevant evidence is triggered not only when litigation is pending, but also when it reasonably foreseeable to that party." *Title Cap. Mgmt., LLC v. Progress Residential, LLC*, No. 16-21882-CV, 2017 WL 5953428, at *4 (S.D. Fla. Sept. 29, 2017).

affiliates, representatives, employees, or agents) with the FTX Entities regarding promotion of FTT, YBAs or the FTX Platform.

5.     All Documents regarding any and all due diligence You (personally or through any entity owned by You, or any of Your or Your entities' affiliates, representatives, employees, or agents) conducted before promotion of FTT, YBAs or FTX Platform to the public.

6.     All Documents and Communications between You and any of the Co-Defendants in this Action regarding this lawsuit and/or the subject matter of this lawsuit, including the promotion of FTT, YBAs or the FTX Platform.

7.     All Documents that show, evidence and/or relate to Your purchases, ownership, or control of FTT, including any wallet addresses controlled by You related to your FTT holdings.

# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF FLORIDA
## MIAMI DIVISION

### CASE NO. 23-21023-CIV-ALTONAGA/Damian

**EDWIN GARRISON**, *et al.,* on behalf of
themselves and all others similarly situated,

     *Plaintiffs,*

*v.*

**KEVIN PAFFRATH, GRAHAM STEPHAN,
ANDREI JIKH, JASPREET SINGH, BRIAN
JUNG, JEREMY LEFEBVRE, TOM NASH,
BEN ARMSTRONG, ERIKA KULLBERG,
CREATORS AGENCY, LLC,**

     *Defendants.*

_____/

## NOTICE OF TAKING THE VIDEOTAPED DEPOSITION OF
## DEFENDANT GRAHAM STEPHAN

Pursuant to Federal Rule of Civil Procedure 30, Plaintiff's counsel will take the deposition of the below-named person/entity on the date, time, and at the location indicated.

     **DEPONENT**:    Defendant Graham Stephan

     **DATE**:    June 22, 2023

     **TIME**:    10:00am EST

     **LOCATION**:    Zoom (contact counsel for details)

The aforesaid deposition will be before a court reporter, an officer authorized by law to administer oaths and take depositions in the State of Florida. The deposition is being taken for the purpose of discovery, for use at trial, or both, or for such other purposes as are permitted under the Federal and Local Rules of Civil Procedure.

*Edwin Garrison, et al. v. Kevin Paffrath, et al.*
*CASE NO. 23-21023-CIV-ALTONAGA/Damian*

Dated: May 17, 2023

Respectfully submitted,

**By: */s/ Adam Moskowitz*_____
Adam M. Moskowitz
Florida Bar No. 984280
adam@moskowitz-law.com
Joseph M. Kaye
Florida Bar No. 117520
joseph@moskowitz-law.com
**THE MOSKOWITZ LAW FIRM, PLLC**
2 Alhambra Plaza, Suite 601
Coral Gables, FL 33134
Telephone: (305) 740-1423

**By: */s/Stuart Z. Grossman*
Stuart Z. Grossman
Florida Bar No. 156113
Manuel A. Arteaga-Gomez
Florida Bar No. 18122
**GROSSMAN ROTH YAFFA COHEN, P.A.**
2525 Ponce de Leon Boulevard, Suite 1150
Coral Gables, FL 33134
Ph: 305-442-8666
Fx: 305-285-1668
szg@grossmanroth.com
aag@grossmanroth.com

**By: */s/ Stephen Neal Zack*
Stephen Neal Zack
Florida Bar No. 145215
Tyler Ulrich
Florida Bar No. 94705
**BOIES SCHILLER FLEXNER LLP**
100 SE 2nd St., Suite 2800
Miami, FL 33131
Office: 305-539-8400
szack@bsfllp.com
tulrich@bsfllp.com

**By: */s/ Jose Ferrer*
Jose Ferrer
Florida Bar No. 173746
Michelle Genet Bernstein
Florida Bar No. 1030736
**MARK MIGDAL HAYDEN LLP**
8 SW 8th Street, Suite 1999

*Edwin Garrison, et al. v. Kevin Paffrath, et al.*
*CASE NO. 23-21023-CIV-ALTONAGA/Damian*

Miami, FL 33130
Office: 305-374-0440
jose@markmigdal.com
michelle@markmigdal.com
eservice@markmigdal.com

*Co-Counsel for Plaintiffs and the Class*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the forgoing was filed on May 17,

2023, via Court's CM/ECF system, which will send notification to all attorneys of record.

By: */s/ Adam M. Moskowitz*
     ADAM M. MOSKOWITZ

# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF FLORIDA
### MIAMI DIVISION

### CASE NO. 23-21023-CIV-ALTONAGA/Damian

**EDWIN GARRISON**, *et al.,* on behalf of
themselves and all others similarly situated,

     *Plaintiffs,*

*v.*

**KEVIN PAFFRATH, GRAHAM STEPHAN,
ANDREI JIKH, JASPREET SINGH, BRIAN
JUNG, JEREMY LEFEBVRE, TOM NASH,
BEN ARMSTRONG, ERIKA KULLBERG,
CREATORS AGENCY, LLC,**

     *Defendants.*

_____/

## PLAINTIFF'S FIRST SET OF SEVEN REQUESTS FOR PRODUCTION TO <u>DEFENDANT GRAHAM STEPHAN</u>

     Plaintiff, pursuant to Fed. R. Civ. P. 26 and 34, requests that Defendant, Graham Stephan

("Stephan"), produce the documents requested in response to these seven requests.

     Dated: May 17, 2023          Respectfully submitted,

                              **By: */s/ Adam Moskowitz*_____**
                              Adam M. Moskowitz
                              Florida Bar No. 984280
                              adam@moskowitz-law.com
                              Joseph M. Kaye
                              Florida Bar No. 117520
                              joseph@moskowitz-law.com
                              **THE MOSKOWITZ LAW FIRM, PLLC**
                              2 Alhambra Plaza, Suite 601
                              Coral Gables, FL 33134
                              Telephone: (305) 740-1423

                              **By: */s/Stuart Z. Grossman***
                              Stuart Z. Grossman
                              Florida Bar No. 156113
                              Manuel A. Arteaga-Gomez

*Edwin Garrison, et al. v. Kevin Paffrath, et al.*
*CASE NO. 23-21023-CIV-ALTONAGA/Damian*

Florida Bar No. 18122
**GROSSMAN ROTH YAFFA COHEN, P.A.**
2525 Ponce de Leon Boulevard, Suite 1150
Coral Gables, FL 33134
Ph: 305-442-8666
Fx: 305-285-1668
szg@grossmanroth.com
aag@grossmanroth.com

By: */s/ Stephen Neal Zack*
Stephen Neal Zack
Florida Bar No. 145215
Tyler Ulrich
Florida Bar No. 94705
**BOIES SCHILLER FLEXNER LLP**
100 SE 2nd St., Suite 2800
Miami, FL 33131
Office: 305-539-8400
szack@bsfllp.com
tulrich@bsfllp.com

By: */s/ Jose Ferrer*
Jose Ferrer
Florida Bar No. 173746
Michelle Genet Bernstein
Florida Bar No. 1030736
**MARK MIGDAL HAYDEN LLP**
8 SW 8th Street, Suite 1999
Miami, FL 33130
Office: 305-374-0440
jose@markmigdal.com
michelle@markmigdal.com
eservice@markmigdal.com

*Co-Counsel for Plaintiffs and the Class*

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on May 17, 2023, a true and correct copy of the foregoing was

sent via electronic mail to counsel for Defendants.

By: */s/ Adam M. Moskowitz*_____
ADAM M. MOSKOWITZ

## <u>DEFINITIONS AND INSTRUCTIONS</u>

Unless otherwise specified, the terms set forth below have the following meanings:

1.      "Stephan," "You," or "Your" means Defendant Graham Stephan and any of his affiliates, representatives, or agents.

2.      "Co-Defendants" means any of the other Defendants sued in this Action, and any of their affiliates, subsidiaries, divisions, segments, predecessors, successors, officers, directors, employees, representatives, or agents.

3.      "FTX Entities" means West Realm Shires Services, Inc., FTX Trading Ltd, Blockfolio, Inc., Alameda Research, LLC, and any of their affiliates, subsidiaries, divisions, segments, predecessors, successors, officers, directors, employees, representatives, or agents.

4.      "FTX Platform" refers to the FTX Entities' mobile application and/or web-based cryptocurrency investment service that places cryptocurrency trade orders on behalf of users.

5.      "YBAs" refers to the Yield-Bearing Accounts offered by the FTX Entities on the FTX Platform.

6.      "FTT" refers to the native cryptocurrency exchange token of the FTX Platform ecosystem.

7.      "Document(s)" means any written, printed, typed or other graphic matter, of any kind or nature, whether in hard copy or electronic format, whether the original, draft, or a copy and copies bearing notations or marks not found on the original, including but not limited to memoranda, reports, recommendations, notes, letters, envelopes, post-its, emails, telegrams, messages, manuscripts, studies, analyses, tests, comparisons, books, articles, pamphlets, magazines, newspapers, booklets, circulars, bulletins, notices, instructions, minutes, agreements, contracts, and all other written communications, of any type, including inter and

intra-office communications, purchase orders, invoices, bills, receipts, questionnaires, surveys, charts, graphs, videos, photographs, sketches, drawings, house sheets, tapes, voice messages or other recordings, print-outs or compilations from which information can be obtained or, if necessary, translated through detection devices into reasonably usable form, including all underlying or preparatory materials and drafts thereof.

8.      Unless otherwise stated in a request, the time period for which you must respond is beginning in January 1, 2019 and ending at the present time.

9.      "Person" or "People" means any natural person(s) or any business, legal, or governmental entity (or entities) or association(s).

10.     All/Each – The terms "all" and "each" shall be construed as meaning either all or each as necessary to bring within the scope of the discovery request all responses that might otherwise be construed to be outside its scope.

11.     Objections: Where an objection is made to any request, the objection shall state with specificity all grounds. Any ground not stated in an objection within the time provided by the Federal Rules of Civil Procedure, or by the Court's order, or any extensions thereof, shall be waived.

12.     Whenever a reference to a business entity appears, the reference shall mean the business entity, its affiliated companies, partnerships, divisions, subdivisions, directors, officers, employees, agents, clients or other representatives of affiliated third parties.

## **INSTRUCTIONS**

1.      Production of documents and items requested herein shall be made at the offices of The Moskowitz Law Firm, P.O. Box 141609, Coral Gables, FL 33114, or for hand deliveries at 251 Valencia Ave #141609, Coral Gables, FL 33114, or via electronic mail to the email

addresses provided in the signature blocks of the attorneys serving these requests.

2.      These requests shall include all documents that are in the possession, custody or control of Defendant or in the possession, custody or control of the present or former agents, representatives, or attorneys of Defendant, or any and all persons acting on the behalf of Defendant, or its present or former agents, representatives, or attorneys.

3.      For any document covered by a request that is withheld from production, Defendant shall provide the following information in the form of a privilege log:

        a.      the reasons and facts supporting any withholding;

        b.      the date such document was prepared;

        c.      the names, employment positions and addresses of the author or preparers of such document;

        d.      the names, employment positions, and the addresses of each person who received such document;

        e.      the title and a brief description of the document; and

        f.      the number of the request under which such document would be produced but for the objection.

4.      If any document responsive to a request has been destroyed, produce all documents describing or referencing:

        a.      the contents of the lost or destroyed document;

        b.      all locations in which any copy of the lost or destroyed document had been maintained;

        c.      the date of such loss or destruction;

        d.      the name of each person who ordered, authorized, and carried out

*Edwin Garrison, et al. v. Kevin Paffrath, et al.*
*CASE NO. 23-21023-CIV-ALTONAGA/Damian*

the destruction of any responsive document;

    e.    all document retention and destruction policies in effect at the time any requested document was destroyed; and

    f.    all efforts made to locate any responsive document alleged to have been lost.

5.    In producing the documents requested, indicate the specific request(s) pursuant to which document or group of documents is being produced.

6.    These requests should be deemed continuing, and supplemental productions should be provided as additional documents become available.

7.    All documents are to be produced in the following method:

    a)    Single page .TIFF

    b)    Color .jpg (Documents wherein reflection of importance relies on color, shall be produced in .jpg format)

    c)    OCR at document level (All documents are to be provided with searchable text files with the exception of the redacted portions of redacted documents)

    d)    Electronic documents and Emails are to be processed and converted from the electronic format to single page tiff

*Edwin Garrison, et al. v. Kevin Paffrath, et al.*
*CASE NO. 23-21023-CIV-ALTONAGA/Damian*

## <u>SEVEN REQUESTS FOR PRODUCTION</u>

*Please refer to the Definitions and Instructions when responding to these requests. To the extent that any of these requests seek information considered by Defendants to be confidential, Plaintiffs agree to enter into any reasonable confidentiality agreement with Defendants to protect such alleged confidential information.*

1.      All Documents and Communications, including contracts or agreements, regarding any business You (personally or through any entity owned by You, or any of Your or Your entities' affiliates, representatives, employees, or agents) conducted with the FTX Entities, including all documents and communications regarding any payments made to You (personally or to any entity owned by You, or any of Your or Your entities' affiliates, representatives, employees, or agents) in accordance with any such contract or agreement.

2.      All videos or other content You (personally or through any entity owned by You, or any of Your or Your entities' affiliates, representatives, employees, or agents) produced regarding, relating to, and/or mentioning the FTX platform, FTT, and/or YBAs, including videos or content that have been removed from their public-facing platforms.[1]

3.      All Documents and Communications, that show, evidence and/or relate to Defendant "targeting" Defendant's Florida audience, and Florida's FTX consumers.

4.      All Documents and Communications regarding any and all communications between You (personally or through any entity owned by You, or any of Your or Your entities'

---

[1] Any such videos and/or content either should still be saved on Defendants' hard drives and preserved for use in this litigation, or should still be on the private-facing portions of their social media platforms—for instance, Defendants could have set a video they posted on YouTube to "private" so it no longer is publicly viewable or searchable but is still posted on their account. "Spoliation is the destruction or significant alteration of evidence, or the failure to preserve property for another's use as evidence in pending or reasonably foreseeable litigation." *Graff v. Baja Marine Corp.*, 310 F. App'x 298, 301 (11th Cir. 2009). "The duty to preserve relevant evidence is triggered not only when litigation is pending, but also when it reasonably foreseeable to that party." *Title Cap. Mgmt., LLC v. Progress Residential, LLC*, No. 16-21882-CV, 2017 WL 5953428, at *4 (S.D. Fla. Sept. 29, 2017).

affiliates, representatives, employees, or agents) with the FTX Entities regarding promotion of FTT, YBAs or the FTX Platform.

5.     All Documents regarding any and all due diligence You (personally or through any entity owned by You, or any of Your or Your entities' affiliates, representatives, employees, or agents) conducted before promotion of FTT, YBAs or FTX Platform to the public.

6.     All Documents and Communications between You and any of the Co-Defendants in this Action regarding this lawsuit and/or the subject matter of this lawsuit, including the promotion of FTT, YBAs or the FTX Platform.

7.     All Documents that show, evidence and/or relate to Your purchases, ownership, or control of FTT, including any wallet addresses controlled by You related to your FTT holdings.

# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF FLORIDA
## MIAMI DIVISION

### CASE NO. 23-21023-CIV-ALTONAGA/Damian

**EDWIN GARRISON**, *et al.,* on behalf of
themselves and all others similarly situated,

     *Plaintiffs,*

*v.*

**KEVIN PAFFRATH, GRAHAM STEPHAN,
ANDREI JIKH, JASPREET SINGH, BRIAN
JUNG, JEREMY LEFEBVRE, TOM NASH,
BEN ARMSTRONG, ERIKA KULLBERG,
CREATORS AGENCY, LLC,**

     *Defendants.*

_____/

## NOTICE OF TAKING THE VIDEOTAPED DEPOSITION OF
## DEFENDANT JASPREET SINGH

Pursuant to Federal Rule of Civil Procedure 30, Plaintiff's counsel will take the deposition
of the below-named person/entity on the date, time, and at the location indicated.

| | |
|---|---|
| **DEPONENT**: | Defendant Jaspreet Singh |
| **DATE**: | June 23, 2023 |
| **TIME**: | 10:00am EST |
| **LOCATION**: | Zoom (contact counsel for details) |

The aforesaid deposition will be before a court reporter, an officer authorized by law to
administer oaths and take depositions in the State of Florida. The deposition is being taken for the
purpose of discovery, for use at trial, or both, or for such other purposes as are permitted under the
Federal and Local Rules of Civil Procedure.

*Edwin Garrison, et al. v. Kevin Paffrath, et al.*
*CASE NO. 23-21023-CIV-ALTONAGA/Damian*

Dated: May 17, 2023                    Respectfully submitted,

**By: */s/ Adam Moskowitz***
Adam M. Moskowitz
Florida Bar No. 984280
adam@moskowitz-law.com
Joseph M. Kaye
Florida Bar No. 117520
joseph@moskowitz-law.com
**THE MOSKOWITZ LAW FIRM, PLLC**
2 Alhambra Plaza, Suite 601
Coral Gables, FL 33134
Telephone: (305) 740-1423

**By: */s/Stuart Z. Grossman***
Stuart Z. Grossman
Florida Bar No. 156113
Manuel A. Arteaga-Gomez
Florida Bar No. 18122
**GROSSMAN ROTH YAFFA COHEN, P.A.**
2525 Ponce de Leon Boulevard, Suite 1150
Coral Gables, FL 33134
Ph: 305-442-8666
Fx: 305-285-1668
szg@grossmanroth.com
aag@grossmanroth.com

**By: */s/ Stephen Neal Zack***
Stephen Neal Zack
Florida Bar No. 145215
Tyler Ulrich
Florida Bar No. 94705
**BOIES SCHILLER FLEXNER LLP**
100 SE 2nd St., Suite 2800
Miami, FL 33131
Office: 305-539-8400
szack@bsfllp.com
tulrich@bsfllp.com

**By: */s/ Jose Ferrer***
Jose Ferrer
Florida Bar No. 173746
Michelle Genet Bernstein
Florida Bar No. 1030736
**MARK MIGDAL HAYDEN LLP**
8 SW 8th Street, Suite 1999

Miami, FL 33130
Office: 305-374-0440
jose@markmigdal.com
michelle@markmigdal.com
eservice@markmigdal.com

*Co-Counsel for Plaintiffs and the Class*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the forgoing was filed on May 17, 2023, via Court's CM/ECF system, which will send notification to all attorneys of record.

By: */s/ Adam M. Moskowitz*
ADAM M. MOSKOWITZ

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

CASE NO. 23-21023-CIV-ALTONAGA/Damian

EDWIN GARRISON, *et al.,* on behalf of
themselves and all others similarly situated,

     *Plaintiffs,*

v.

KEVIN PAFFRATH, GRAHAM STEPHAN,
ANDREI JIKH, JASPREET SINGH, BRIAN
JUNG, JEREMY LEFEBVRE, TOM NASH,
BEN ARMSTRONG, ERIKA KULLBERG,
CREATORS AGENCY, LLC,

     *Defendants.*

_____/

**PLAINTIFF'S FIRST SET OF SEVEN REQUESTS FOR PRODUCTION TO
<u>DEFENDANT JASPREET SINGH</u>**

     Plaintiff, pursuant to Fed. R. Civ. P. 26 and 34, requests that Defendant, Jaspreet Singh

("Singh"), produce the documents requested in response to these seven requests.

     Dated: May 17, 2023           Respectfully submitted,

                     **By: */s/ Adam Moskowitz*** _____
                     Adam M. Moskowitz
                     Florida Bar No. 984280
                     adam@moskowitz-law.com
                     Joseph M. Kaye
                     Florida Bar No. 117520
                     joseph@moskowitz-law.com
                     **THE MOSKOWITZ LAW FIRM, PLLC**
                     2 Alhambra Plaza, Suite 601
                     Coral Gables, FL 33134
                     Telephone: (305) 740-1423

                     **By: */s/Stuart Z. Grossman***
                     Stuart Z. Grossman
                     Florida Bar No. 156113
                     Manuel A. Arteaga-Gomez

*Edwin Garrison, et al. v. Kevin Paffrath, et al.*
*CASE NO. 23-21023-CIV-ALTONAGA/Damian*

Florida Bar No. 18122
**GROSSMAN ROTH YAFFA COHEN, P.A.**
2525 Ponce de Leon Boulevard, Suite 1150
Coral Gables, FL 33134
Ph: 305-442-8666
Fx: 305-285-1668
szg@grossmanroth.com
aag@grossmanroth.com

By: */s/ Stephen Neal Zack*
Stephen Neal Zack
Florida Bar No. 145215
Tyler Ulrich
Florida Bar No. 94705
**BOIES SCHILLER FLEXNER LLP**
100 SE 2nd St., Suite 2800
Miami, FL 33131
Office: 305-539-8400
szack@bsfllp.com
tulrich@bsfllp.com

By: */s/ Jose Ferrer*
Jose Ferrer
Florida Bar No. 173746
Michelle Genet Bernstein
Florida Bar No. 1030736
**MARK MIGDAL HAYDEN LLP**
8 SW 8th Street, Suite 1999
Miami, FL 33130
Office: 305-374-0440
jose@markmigdal.com
michelle@markmigdal.com
eservice@markmigdal.com

*Co-Counsel for Plaintiffs and the Class*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on May 17, 2023, a true and correct copy of the foregoing was

sent via electronic mail to counsel for Defendants.

By: */s/ Adam M. Moskowitz*
ADAM M. MOSKOWITZ

2

## <u>DEFINITIONS AND INSTRUCTIONS</u>

Unless otherwise specified, the terms set forth below have the following meanings:

1.      "Singh," "You," or "Your" means Defendant Jaspreet Singh and any of his affiliates, representatives, or agents.

2.      "Co-Defendants" means any of the other Defendants sued in this Action, and any of their affiliates, subsidiaries, divisions, segments, predecessors, successors, officers, directors, employees, representatives, or agents.

3.      "FTX Entities" means West Realm Shires Services, Inc., FTX Trading Ltd, Blockfolio, Inc., Alameda Research, LLC, and any of their affiliates, subsidiaries, divisions, segments, predecessors, successors, officers, directors, employees, representatives, or agents.

4.      "FTX Platform" refers to the FTX Entities' mobile application and/or web-based cryptocurrency investment service that places cryptocurrency trade orders on behalf of users.

5.      "YBAs" refers to the Yield-Bearing Accounts offered by the FTX Entities on the FTX Platform.

6.      "FTT" refers to the native cryptocurrency exchange token of the FTX Platform ecosystem.

7.      "Document(s)" means any written, printed, typed or other graphic matter, of any kind or nature, whether in hard copy or electronic format, whether the original, draft, or a copy and copies bearing notations or marks not found on the original, including but not limited to memoranda, reports, recommendations, notes, letters, envelopes, post-its, emails, telegrams, messages, manuscripts, studies, analyses, tests, comparisons, books, articles, pamphlets, magazines, newspapers, booklets, circulars, bulletins, notices, instructions, minutes, agreements, contracts, and all other written communications, of any type, including inter and

intra-office communications, purchase orders, invoices, bills, receipts, questionnaires, surveys, charts, graphs, videos, photographs, sketches, drawings, house sheets, tapes, voice messages or other recordings, print-outs or compilations from which information can be obtained or, if necessary, translated through detection devices into reasonably usable form, including all underlying or preparatory materials and drafts thereof.

8.      Unless otherwise stated in a request, the time period for which you must respond is beginning in January 1, 2019 and ending at the present time.

9.      "Person" or "People" means any natural person(s) or any business, legal, or governmental entity (or entities) or association(s).

10.     All/Each – The terms "all" and "each" shall be construed as meaning either all or each as necessary to bring within the scope of the discovery request all responses that might otherwise be construed to be outside its scope.

11.     Objections: Where an objection is made to any request, the objection shall state with specificity all grounds. Any ground not stated in an objection within the time provided by the Federal Rules of Civil Procedure, or by the Court's order, or any extensions thereof, shall be waived.

12.     Whenever a reference to a business entity appears, the reference shall mean the business entity, its affiliated companies, partnerships, divisions, subdivisions, directors, officers, employees, agents, clients or other representatives of affiliated third parties.

## **INSTRUCTIONS**

1.      Production of documents and items requested herein shall be made at the offices of The Moskowitz Law Firm, P.O. Box 141609, Coral Gables, FL 33114, or for hand deliveries at 251 Valencia Ave #141609, Coral Gables, FL 33114, or via electronic mail to the email

addresses provided in the signature blocks of the attorneys serving these requests.

2.      These requests shall include all documents that are in the possession, custody or control of Defendant or in the possession, custody or control of the present or former agents, representatives, or attorneys of Defendant, or any and all persons acting on the behalf of Defendant, or its present or former agents, representatives, or attorneys.

3.      For any document covered by a request that is withheld from production, Defendant shall provide the following information in the form of a privilege log:

       a.      the reasons and facts supporting any withholding;

       b.      the date such document was prepared;

       c.      the names, employment positions and addresses of the author or preparers of such document;

       d.      the names, employment positions, and the addresses of each person who received such document;

       e.      the title and a brief description of the document; and

       f.      the number of the request under which such document would be produced but for the objection.

4.      If any document responsive to a request has been destroyed, produce all documents describing or referencing:

       a.      the contents of the lost or destroyed document;

       b.      all locations in which any copy of the lost or destroyed document had been maintained;

       c.      the date of such loss or destruction;

       d.      the name of each person who ordered, authorized, and carried out

the destruction of any responsive document;

  e.  all document retention and destruction policies in effect at the time any requested document was destroyed; and

  f.  all efforts made to locate any responsive document alleged to have been lost.

5. In producing the documents requested, indicate the specific request(s) pursuant to which document or group of documents is being produced.

6. These requests should be deemed continuing, and supplemental productions should be provided as additional documents become available.

7. All documents are to be produced in the following method:

  a) Single page .TIFF

  b) Color .jpg (Documents wherein reflection of importance relies on color, shall be produced in .jpg format)

  c) OCR at document level (All documents are to be provided with searchable text files with the exception of the redacted portions of redacted documents)

  d) Electronic documents and Emails are to be processed and converted from the electronic format to single page tiff

*Edwin Garrison, et al. v. Kevin Paffrath, et al.*
*CASE NO. 23-21023-CIV-ALTONAGA/Damian*

## <u>SEVEN REQUESTS FOR PRODUCTION</u>

***Please refer to the Definitions and Instructions when responding to these requests. To the extent that any of these requests seek information considered by Defendants to be confidential, Plaintiffs agree to enter into any reasonable confidentiality agreement with Defendants to protect such alleged confidential information.***

1. All Documents and Communications, including contracts or agreements, regarding any business You (personally or through any entity owned by You, or any of Your or Your entities' affiliates, representatives, employees, or agents) conducted with the FTX Entities, including all documents and communications regarding any payments made to You (personally or to any entity owned by You, or any of Your or Your entities' affiliates, representatives, employees, or agents) in accordance with any such contract or agreement.

2. All videos or other content You (personally or through any entity owned by You, or any of Your or Your entities' affiliates, representatives, employees, or agents) produced regarding, relating to, and/or mentioning the FTX platform, FTT, and/or YBAs, including videos or content that have been removed from their public-facing platforms.[1]

3. All Documents and Communications, that show, evidence and/or relate to Defendant "targeting" Defendant's Florida audience, and Florida's FTX consumers.

4. All Documents and Communications regarding any and all communications between You (personally or through any entity owned by You, or any of Your or Your entities'

---

[1] Any such videos and/or content either should still be saved on Defendants' hard drives and preserved for use in this litigation, or should still be on the private-facing portions of their social media platforms—for instance, Defendants could have set a video they posted on YouTube to "private" so it no longer is publicly viewable or searchable but is still posted on their account. "Spoliation is the destruction or significant alteration of evidence, or the failure to preserve property for another's use as evidence in pending or reasonably foreseeable litigation." *Graff v. Baja Marine Corp.*, 310 F. App'x 298, 301 (11th Cir. 2009). "The duty to preserve relevant evidence is triggered not only when litigation is pending, but also when it reasonably foreseeable to that party." *Title Cap. Mgmt., LLC v. Progress Residential, LLC*, No. 16-21882-CV, 2017 WL 5953428, at *4 (S.D. Fla. Sept. 29, 2017).

affiliates, representatives, employees, or agents) with the FTX Entities regarding promotion of FTT, YBAs or the FTX Platform.

5.      All Documents regarding any and all due diligence You (personally or through any entity owned by You, or any of Your or Your entities' affiliates, representatives, employees, or agents) conducted before promotion of FTT, YBAs or FTX Platform to the public.

6.      All Documents and Communications between You and any of the Co-Defendants in this Action regarding this lawsuit and/or the subject matter of this lawsuit, including the promotion of FTT, YBAs or the FTX Platform.

7.      All Documents that show, evidence and/or relate to Your purchases, ownership, or control of FTT, including any wallet addresses controlled by You related to your FTT holdings.

# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF FLORIDA
## MIAMI DIVISION

### CASE NO. 23-21023-CIV-ALTONAGA/Damian

**EDWIN GARRISON**, *et al.,* on behalf of
themselves and all others similarly situated,

     *Plaintiffs,*

*v.*

**KEVIN PAFFRATH, GRAHAM STEPHAN,
ANDREI JIKH, JASPREET SINGH, BRIAN
JUNG, JEREMY LEFEBVRE, TOM NASH,
BEN ARMSTRONG, ERIKA KULLBERG,
CREATORS AGENCY, LLC,**

     *Defendants.*

_____/

## NOTICE OF TAKING THE VIDEOTAPED DEPOSITION OF
## DEFENDANT BRIAN JUNG

Pursuant to Federal Rule of Civil Procedure 30, Plaintiff's counsel will take the deposition
of the below-named person/entity on the date, time, and at the location indicated.

| | |
|---|---|
| **DEPONENT**: | Defendant Brian Jung |
| **DATE**: | June 26, 2023 |
| **TIME**: | 10:00am EST |
| **LOCATION**: | Zoom (contact counsel for details) |

The aforesaid deposition will be before a court reporter, an officer authorized by law to
administer oaths and take depositions in the State of Florida. The deposition is being taken for the
purpose of discovery, for use at trial, or both, or for such other purposes as are permitted under the
Federal and Local Rules of Civil Procedure.

*Edwin Garrison, et al. v. Kevin Paffrath, et al.*
*CASE NO. 23-21023-CIV-ALTONAGA/Damian*

Dated: May 17, 2023

Respectfully submitted,

**By: */s/ Adam Moskowitz*_____
Adam M. Moskowitz
Florida Bar No. 984280
adam@moskowitz-law.com
Joseph M. Kaye
Florida Bar No. 117520
joseph@moskowitz-law.com
**THE MOSKOWITZ LAW FIRM, PLLC**
2 Alhambra Plaza, Suite 601
Coral Gables, FL 33134
Telephone: (305) 740-1423

**By: */s/Stuart Z. Grossman*
Stuart Z. Grossman
Florida Bar No. 156113
Manuel A. Arteaga-Gomez
Florida Bar No. 18122
**GROSSMAN ROTH YAFFA COHEN, P.A.**
2525 Ponce de Leon Boulevard, Suite 1150
Coral Gables, FL 33134
Ph: 305-442-8666
Fx: 305-285-1668
szg@grossmanroth.com
aag@grossmanroth.com

**By: */s/ Stephen Neal Zack*
Stephen Neal Zack
Florida Bar No. 145215
Tyler Ulrich
Florida Bar No. 94705
**BOIES SCHILLER FLEXNER LLP**
100 SE 2nd St., Suite 2800
Miami, FL 33131
Office: 305-539-8400
szack@bsfllp.com
tulrich@bsfllp.com

**By: */s/ Jose Ferrer*
Jose Ferrer
Florida Bar No. 173746
Michelle Genet Bernstein
Florida Bar No. 1030736
**MARK MIGDAL HAYDEN LLP**
8 SW 8th Street, Suite 1999

*Edwin Garrison, et al. v. Kevin Paffrath, et al.*
*CASE NO. 23-21023-CIV-ALTONAGA/Damian*

Miami, FL 33130
Office: 305-374-0440
jose@markmigdal.com
michelle@markmigdal.com
eservice@markmigdal.com

*Co-Counsel for Plaintiffs and the Class*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the forgoing was filed on May 17,

2023, via Court's CM/ECF system, which will send notification to all attorneys of record.


By: */s/ Adam M. Moskowitz*
ADAM M. MOSKOWITZ

# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF FLORIDA
## MIAMI DIVISION

### CASE NO. 23-21023-CIV-ALTONAGA/Damian

**EDWIN GARRISON**, *et al.,* on behalf of
themselves and all others similarly situated,

    *Plaintiffs,*

*v.*

**KEVIN PAFFRATH, GRAHAM STEPHAN, ANDREI JIKH, JASPREET SINGH, BRIAN JUNG, JEREMY LEFEBVRE, TOM NASH, BEN ARMSTRONG, ERIKA KULLBERG, CREATORS AGENCY, LLC,**

    *Defendants.*

_____/

### PLAINTIFF'S FIRST SET OF SEVEN REQUESTS FOR PRODUCTION TO <u>DEFENDANT BRIAN JUNG</u>

    Plaintiff, pursuant to Fed. R. Civ. P. 26 and 34, requests that Defendant, Brian Jung

("Jung"), produce the documents requested in response to these seven requests.

    Dated: May 17, 2023             Respectfully submitted,

                                        **By: */s/ Adam Moskowitz*_____**
                                        Adam M. Moskowitz
                                        Florida Bar No. 984280
                                        adam@moskowitz-law.com
                                        Joseph M. Kaye
                                        Florida Bar No. 117520
                                        joseph@moskowitz-law.com
                                        **THE MOSKOWITZ LAW FIRM, PLLC**
                                        2 Alhambra Plaza, Suite 601
                                        Coral Gables, FL 33134
                                        Telephone: (305) 740-1423

                                        **By: */s/Stuart Z. Grossman***
                                        Stuart Z. Grossman
                                        Florida Bar No. 156113
                                        Manuel A. Arteaga-Gomez

Florida Bar No. 18122
**GROSSMAN ROTH YAFFA COHEN, P.A.**
2525 Ponce de Leon Boulevard, Suite 1150
Coral Gables, FL 33134
Ph: 305-442-8666
Fx: 305-285-1668
szg@grossmanroth.com
aag@grossmanroth.com

By: */s/ Stephen Neal Zack*
Stephen Neal Zack
Florida Bar No. 145215
Tyler Ulrich
Florida Bar No. 94705
**BOIES SCHILLER FLEXNER LLP**
100 SE 2nd St., Suite 2800
Miami, FL 33131
Office: 305-539-8400
szack@bsfllp.com
tulrich@bsfllp.com

By: */s/ Jose Ferrer*
Jose Ferrer
Florida Bar No. 173746
Michelle Genet Bernstein
Florida Bar No. 1030736
**MARK MIGDAL HAYDEN LLP**
8 SW 8th Street, Suite 1999
Miami, FL 33130
Office: 305-374-0440
jose@markmigdal.com
michelle@markmigdal.com
eservice@markmigdal.com

*Co-Counsel for Plaintiffs and the Class*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on May 17, 2023, a true and correct copy of the foregoing was

sent via electronic mail to counsel for Defendants.

By: */s/ Adam M. Moskowitz*_____
ADAM M. MOSKOWITZ

2

## DEFINITIONS AND INSTRUCTIONS

Unless otherwise specified, the terms set forth below have the following meanings:

1.　　"Jung," "You," or "Your" means Defendant Brian Jung and any of his affiliates, representatives, or agents.

2.　　"Co-Defendants" means any of the other Defendants sued in this Action, and any of their affiliates, subsidiaries, divisions, segments, predecessors, successors, officers, directors, employees, representatives, or agents.

3.　　"FTX Entities" means West Realm Shires Services, Inc., FTX Trading Ltd, Blockfolio, Inc., Alameda Research, LLC, and any of their affiliates, subsidiaries, divisions, segments, predecessors, successors, officers, directors, employees, representatives, or agents.

4.　　"FTX Platform" refers to the FTX Entities' mobile application and/or web-based cryptocurrency investment service that places cryptocurrency trade orders on behalf of users.

5.　　"YBAs" refers to the Yield-Bearing Accounts offered by the FTX Entities on the FTX Platform.

6.　　"FTT" refers to the native cryptocurrency exchange token of the FTX Platform ecosystem.

7.　　"Document(s)" means any written, printed, typed or other graphic matter, of any kind or nature, whether in hard copy or electronic format, whether the original, draft, or a copy and copies bearing notations or marks not found on the original, including but not limited to memoranda, reports, recommendations, notes, letters, envelopes, post-its, emails, telegrams, messages, manuscripts, studies, analyses, tests, comparisons, books, articles, pamphlets, magazines, newspapers, booklets, circulars, bulletins, notices, instructions, minutes, agreements, contracts, and all other written communications, of any type, including inter and

intra-office communications, purchase orders, invoices, bills, receipts, questionnaires, surveys, charts, graphs, videos, photographs, sketches, drawings, house sheets, tapes, voice messages or other recordings, print-outs or compilations from which information can be obtained or, if necessary, translated through detection devices into reasonably usable form, including all underlying or preparatory materials and drafts thereof.

8.      Unless otherwise stated in a request, the time period for which you must respond is beginning in January 1, 2019 and ending at the present time.

9.      "Person" or "People" means any natural person(s) or any business, legal, or governmental entity (or entities) or association(s).

10.     All/Each – The terms "all" and "each" shall be construed as meaning either all or each as necessary to bring within the scope of the discovery request all responses that might otherwise be construed to be outside its scope.

11.     Objections: Where an objection is made to any request, the objection shall state with specificity all grounds. Any ground not stated in an objection within the time provided by the Federal Rules of Civil Procedure, or by the Court's order, or any extensions thereof, shall be waived.

12.     Whenever a reference to a business entity appears, the reference shall mean the business entity, its affiliated companies, partnerships, divisions, subdivisions, directors, officers, employees, agents, clients or other representatives of affiliated third parties.

## **INSTRUCTIONS**

1.      Production of documents and items requested herein shall be made at the offices of The Moskowitz Law Firm, P.O. Box 141609, Coral Gables, FL 33114, or for hand deliveries at 251 Valencia Ave #141609, Coral Gables, FL 33114, or via electronic mail to the email

addresses provided in the signature blocks of the attorneys serving these requests.

2.      These requests shall include all documents that are in the possession, custody or control of Defendant or in the possession, custody or control of the present or former agents, representatives, or attorneys of Defendant, or any and all persons acting on the behalf of Defendant, or its present or former agents, representatives, or attorneys.

3.      For any document covered by a request that is withheld from production, Defendant shall provide the following information in the form of a privilege log:

        a.      the reasons and facts supporting any withholding;

        b.      the date such document was prepared;

        c.      the names, employment positions and addresses of the author or preparers of such document;

        d.      the names, employment positions, and the addresses of each person who received such document;

        e.      the title and a brief description of the document; and

        f.      the number of the request under which such document would be produced but for the objection.

4.      If any document responsive to a request has been destroyed, produce all documents describing or referencing:

        a.      the contents of the lost or destroyed document;

        b.      all locations in which any copy of the lost or destroyed document had been maintained;

        c.      the date of such loss or destruction;

        d.      the name of each person who ordered, authorized, and carried out

the destruction of any responsive document;

      e.     all document retention and destruction policies in effect at the time any requested document was destroyed; and

      f.     all efforts made to locate any responsive document alleged to have been lost.

5.     In producing the documents requested, indicate the specific request(s) pursuant to which document or group of documents is being produced.

6.     These requests should be deemed continuing, and supplemental productions should be provided as additional documents become available.

7.     All documents are to be produced in the following method:

    a)  Single page .TIFF

    b)  Color .jpg (Documents wherein reflection of importance relies on color, shall be produced in .jpg format)

    c)  OCR at document level (All documents are to be provided with searchable text files with the exception of the redacted portions of redacted documents)

    d)  Electronic documents and Emails are to be processed and converted from the electronic format to single page tiff

## <u>SEVEN REQUESTS FOR PRODUCTION</u>

*Please refer to the Definitions and Instructions when responding to these requests. To the extent that any of these requests seek information considered by Defendants to be confidential, Plaintiffs agree to enter into any reasonable confidentiality agreement with Defendants to protect such alleged confidential information.*

1.      All Documents and Communications, including contracts or agreements, regarding any business You (personally or through any entity owned by You, or any of Your or Your entities' affiliates, representatives, employees, or agents) conducted with the FTX Entities, including all documents and communications regarding any payments made to You (personally or to any entity owned by You, or any of Your or Your entities' affiliates, representatives, employees, or agents) in accordance with any such contract or agreement.

2.      All videos or other content You (personally or through any entity owned by You, or any of Your or Your entities' affiliates, representatives, employees, or agents) produced regarding, relating to, and/or mentioning the FTX platform, FTT, and/or YBAs, including videos or content that have been removed from their public-facing platforms.[1]

3.      All Documents and Communications, that show, evidence and/or relate to Defendant "targeting" Defendant's Florida audience, and Florida's FTX consumers.

4.      All Documents and Communications regarding any and all communications between You (personally or through any entity owned by You, or any of Your or Your entities'

---

[1] Any such videos and/or content either should still be saved on Defendants' hard drives and preserved for use in this litigation, or should still be on the private-facing portions of their social media platforms—for instance, Defendants could have set a video they posted on YouTube to "private" so it no longer is publicly viewable or searchable but is still posted on their account. "Spoliation is the destruction or significant alteration of evidence, or the failure to preserve property for another's use as evidence in pending or reasonably foreseeable litigation." *Graff v. Baja Marine Corp.*, 310 F. App'x 298, 301 (11th Cir. 2009). "The duty to preserve relevant evidence is triggered not only when litigation is pending, but also when it reasonably foreseeable to that party." *Title Cap. Mgmt., LLC v. Progress Residential, LLC*, No. 16-21882-CV, 2017 WL 5953428, at *4 (S.D. Fla. Sept. 29, 2017).

affiliates, representatives, employees, or agents) with the FTX Entities regarding promotion of FTT, YBAs or the FTX Platform.

5.      All Documents regarding any and all due diligence You (personally or through any entity owned by You, or any of Your or Your entities' affiliates, representatives, employees, or agents) conducted before promotion of FTT, YBAs or FTX Platform to the public.

6.      All Documents and Communications between You and any of the Co-Defendants in this Action regarding this lawsuit and/or the subject matter of this lawsuit, including the promotion of FTT, YBAs or the FTX Platform.

7.      All Documents that show, evidence and/or relate to Your purchases, ownership, or control of FTT, including any wallet addresses controlled by You related to your FTT holdings.

# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF FLORIDA
## MIAMI DIVISION

### CASE NO. 23-21023-CIV-ALTONAGA/Damian

**EDWIN GARRISON**, *et al.,* on behalf of
themselves and all others similarly situated,

     *Plaintiffs,*

*v.*

**KEVIN PAFFRATH, GRAHAM STEPHAN,
ANDREI JIKH, JASPREET SINGH, BRIAN
JUNG, JEREMY LEFEBVRE, TOM NASH,
BEN ARMSTRONG, ERIKA KULLBERG,
CREATORS AGENCY, LLC,**

     *Defendants.*

_____/

## <u>NOTICE OF TAKING THE VIDEOTAPED DEPOSITION OF</u>
## <u>DEFENDANT JEREMY LEFEBVRE</u>

Pursuant to Federal Rule of Civil Procedure 30, Plaintiff's counsel will take the deposition
of the below-named person/entity on the date, time, and at the location indicated.

     **DEPONENT**:     Defendant Jeremy LeFebvre

     **DATE**:     June 27, 2023

     **TIME**:     10:00am EST

     **LOCATION**:     Zoom (contact counsel for details)

The aforesaid deposition will be before a court reporter, an officer authorized by law to
administer oaths and take depositions in the State of Florida. The deposition is being taken for the
purpose of discovery, for use at trial, or both, or for such other purposes as are permitted under the
Federal and Local Rules of Civil Procedure.

*Edwin Garrison, et al. v. Kevin Paffrath, et al.*
*CASE NO. 23-21023-CIV-ALTONAGA/Damian*

Dated: May 17, 2023                    Respectfully submitted,

**By:** *_/s/ Adam Moskowitz_____*
Adam M. Moskowitz
Florida Bar No. 984280
adam@moskowitz-law.com
Joseph M. Kaye
Florida Bar No. 117520
joseph@moskowitz-law.com
**THE MOSKOWITZ LAW FIRM, PLLC**
2 Alhambra Plaza, Suite 601
Coral Gables, FL 33134
Telephone: (305) 740-1423

**By:** *_/s/Stuart Z. Grossman_*
Stuart Z. Grossman
Florida Bar No. 156113
Manuel A. Arteaga-Gomez
Florida Bar No. 18122
**GROSSMAN ROTH YAFFA COHEN, P.A.**
2525 Ponce de Leon Boulevard, Suite 1150
Coral Gables, FL 33134
Ph: 305-442-8666
Fx: 305-285-1668
szg@grossmanroth.com
aag@grossmanroth.com

**By:** *_/s/ Stephen Neal Zack_*
Stephen Neal Zack
Florida Bar No. 145215
Tyler Ulrich
Florida Bar No. 94705
**BOIES SCHILLER FLEXNER LLP**
100 SE 2nd St., Suite 2800
Miami, FL 33131
Office: 305-539-8400
szack@bsfllp.com
tulrich@bsfllp.com

**By:** *_/s/ Jose Ferrer_*
Jose Ferrer
Florida Bar No. 173746
Michelle Genet Bernstein
Florida Bar No. 1030736
**MARK MIGDAL HAYDEN LLP**
8 SW 8th Street, Suite 1999

*Edwin Garrison, et al. v. Kevin Paffrath, et al.*
*CASE NO. 23-21023-CIV-ALTONAGA/Damian*

Miami, FL 33130
Office: 305-374-0440
jose@markmigdal.com
michelle@markmigdal.com
eservice@markmigdal.com

*Co-Counsel for Plaintiffs and the Class*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the forgoing was filed on May 17,

2023, via Court's CM/ECF system, which will send notification to all attorneys of record.


By: */s/ Adam M. Moskowitz*
    ADAM M. MOSKOWITZ

# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF FLORIDA
## MIAMI DIVISION

### CASE NO. 23-21023-CIV-ALTONAGA/Damian

**EDWIN GARRISON**, *et al.,* on behalf of
themselves and all others similarly situated,

     *Plaintiffs,*

*v.*

**KEVIN PAFFRATH, GRAHAM STEPHAN,
ANDREI JIKH, JASPREET SINGH, BRIAN
JUNG, JEREMY LEFEBVRE, TOM NASH,
BEN ARMSTRONG, ERIKA KULLBERG,
CREATORS AGENCY, LLC,**

     *Defendants.*

                             /

## PLAINTIFF'S FIRST SET OF SEVEN REQUESTS FOR PRODUCTION TO DEFENDANT JEREMY LEFEBVRE

     Plaintiff, pursuant to Fed. R. Civ. P. 26 and 34, requests that Defendant, Jeremy

LeFebvre ("LeFebvre"), produce the documents requested in response to these seven requests.

     Dated: May 17, 2023                 Respectfully submitted,

                                   **By: */s/ Adam Moskowitz***     
                                   Adam M. Moskowitz
                                   Florida Bar No. 984280
                                   adam@moskowitz-law.com
                                   Joseph M. Kaye
                                   Florida Bar No. 117520
                                   joseph@moskowitz-law.com
                                   **THE MOSKOWITZ LAW FIRM, PLLC**
                                   2 Alhambra Plaza, Suite 601
                                   Coral Gables, FL 33134
                                   Telephone: (305) 740-1423

                                   **By: */s/Stuart Z. Grossman***
                                   Stuart Z. Grossman
                                   Florida Bar No. 156113
                                   Manuel A. Arteaga-Gomez

*Edwin Garrison, et al. v. Kevin Paffrath, et al.*
*CASE NO. 23-21023-CIV-ALTONAGA/Damian*

Florida Bar No. 18122
**GROSSMAN ROTH YAFFA COHEN, P.A.**
2525 Ponce de Leon Boulevard, Suite 1150
Coral Gables, FL 33134
Ph: 305-442-8666
Fx: 305-285-1668
szg@grossmanroth.com
aag@grossmanroth.com

By: */s/ Stephen Neal Zack*
Stephen Neal Zack
Florida Bar No. 145215
Tyler Ulrich
Florida Bar No. 94705
**BOIES SCHILLER FLEXNER LLP**
100 SE 2nd St., Suite 2800
Miami, FL 33131
Office: 305-539-8400
szack@bsfllp.com
tulrich@bsfllp.com

By: */s/ Jose Ferrer*
Jose Ferrer
Florida Bar No. 173746
Michelle Genet Bernstein
Florida Bar No. 1030736
**MARK MIGDAL HAYDEN LLP**
8 SW 8th Street, Suite 1999
Miami, FL 33130
Office: 305-374-0440
jose@markmigdal.com
michelle@markmigdal.com
eservice@markmigdal.com

*Co-Counsel for Plaintiffs and the Class*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on May 17, 2023, a true and correct copy of the foregoing was sent via electronic mail to counsel for Defendants.

By: */s/ Adam M. Moskowitz*
ADAM M. MOSKOWITZ

*Edwin Garrison, et al. v. Kevin Paffrath, et al.*
*CASE NO. 23-21023-CIV-ALTONAGA/Damian*

## DEFINITIONS AND INSTRUCTIONS

Unless otherwise specified, the terms set forth below have the following meanings:

1.  "LeFebvre," "You," or "Your" means Defendant Jeremy LeFebvre and any of his affiliates, representatives, or agents.

2.  "Co-Defendants" means any of the other Defendants sued in this Action, and any of their affiliates, subsidiaries, divisions, segments, predecessors, successors, officers, directors, employees, representatives, or agents.

3.  "FTX Entities" means West Realm Shires Services, Inc., FTX Trading Ltd, Blockfolio, Inc., Alameda Research, LLC, and any of their affiliates, subsidiaries, divisions, segments, predecessors, successors, officers, directors, employees, representatives, or agents.

4.  "FTX Platform" refers to the FTX Entities' mobile application and/or web-based cryptocurrency investment service that places cryptocurrency trade orders on behalf of users.

5.  "YBAs" refers to the Yield-Bearing Accounts offered by the FTX Entities on the FTX Platform.

6.  "FTT" refers to the native cryptocurrency exchange token of the FTX Platform ecosystem.

7.  "Document(s)" means any written, printed, typed or other graphic matter, of any kind or nature, whether in hard copy or electronic format, whether the original, draft, or a copy and copies bearing notations or marks not found on the original, including but not limited to memoranda, reports, recommendations, notes, letters, envelopes, post-its, emails, telegrams, messages, manuscripts, studies, analyses, tests, comparisons, books, articles, pamphlets, magazines, newspapers, booklets, circulars, bulletins, notices, instructions, minutes, agreements, contracts, and all other written communications, of any type, including inter and

3

intra-office communications, purchase orders, invoices, bills, receipts, questionnaires, surveys, charts, graphs, videos, photographs, sketches, drawings, house sheets, tapes, voice messages or other recordings, print-outs or compilations from which information can be obtained or, if necessary, translated through detection devices into reasonably usable form, including all underlying or preparatory materials and drafts thereof.

8. Unless otherwise stated in a request, the time period for which you must respond is beginning in January 1, 2019 and ending at the present time.

9. "Person" or "People" means any natural person(s) or any business, legal, or governmental entity (or entities) or association(s).

10. All/Each – The terms "all" and "each" shall be construed as meaning either all or each as necessary to bring within the scope of the discovery request all responses that might otherwise be construed to be outside its scope.

11. Objections: Where an objection is made to any request, the objection shall state with specificity all grounds. Any ground not stated in an objection within the time provided by the Federal Rules of Civil Procedure, or by the Court's order, or any extensions thereof, shall be waived.

12. Whenever a reference to a business entity appears, the reference shall mean the business entity, its affiliated companies, partnerships, divisions, subdivisions, directors, officers, employees, agents, clients or other representatives of affiliated third parties.

## **INSTRUCTIONS**

1. Production of documents and items requested herein shall be made at the offices of The Moskowitz Law Firm, P.O. Box 141609, Coral Gables, FL 33114, or for hand deliveries at 251 Valencia Ave #141609, Coral Gables, FL 33114, or via electronic mail to the email

addresses provided in the signature blocks of the attorneys serving these requests.

2.　　These requests shall include all documents that are in the possession, custody or control of Defendant or in the possession, custody or control of the present or former agents, representatives, or attorneys of Defendant, or any and all persons acting on the behalf of Defendant, or its present or former agents, representatives, or attorneys.

3.　　For any document covered by a request that is withheld from production, Defendant shall provide the following information in the form of a privilege log:

　　　　a.　　the reasons and facts supporting any withholding;

　　　　b.　　the date such document was prepared;

　　　　c.　　the names, employment positions and addresses of the author or preparers of such document;

　　　　d.　　the names, employment positions, and the addresses of each person who received such document;

　　　　e.　　the title and a brief description of the document; and

　　　　f.　　the number of the request under which such document would be produced but for the objection.

4.　　If any document responsive to a request has been destroyed, produce all documents describing or referencing:

　　　　a.　　the contents of the lost or destroyed document;

　　　　b.　　all locations in which any copy of the lost or destroyed document had been maintained;

　　　　c.　　the date of such loss or destruction;

　　　　d.　　the name of each person who ordered, authorized, and carried out

the destruction of any responsive document;

    e.    all document retention and destruction policies in effect at the time any requested document was destroyed; and

    f.    all efforts made to locate any responsive document alleged to have been lost.

5.    In producing the documents requested, indicate the specific request(s) pursuant to which document or group of documents is being produced.

6.    These requests should be deemed continuing, and supplemental productions should be provided as additional documents become available.

7.    All documents are to be produced in the following method:

    a)  Single page .TIFF

    b)  Color .jpg (Documents wherein reflection of importance relies on color, shall be produced in .jpg format)

    c)  OCR at document level (All documents are to be provided with searchable text files with the exception of the redacted portions of redacted documents)

    d)  Electronic documents and Emails are to be processed and converted from the electronic format to single page tiff

## SEVEN REQUESTS FOR PRODUCTION

***Please refer to the Definitions and Instructions when responding to these requests. To the extent that any of these requests seek information considered by Defendants to be confidential, Plaintiffs agree to enter into any reasonable confidentiality agreement with Defendants to protect such alleged confidential information.***

1.     All Documents and Communications, including contracts or agreements, regarding any business You (personally or through any entity owned by You, or any of Your or Your entities' affiliates, representatives, employees, or agents) conducted with the FTX Entities, including all documents and communications regarding any payments made to You (personally or to any entity owned by You, or any of Your or Your entities' affiliates, representatives, employees, or agents) in accordance with any such contract or agreement.

2.     All videos or other content You (personally or through any entity owned by You, or any of Your or Your entities' affiliates, representatives, employees, or agents) produced regarding, relating to, and/or mentioning the FTX platform, FTT, and/or YBAs, including videos or content that have been removed from their public-facing platforms.[1]

3.     All Documents and Communications, that show, evidence and/or relate to Defendant "targeting" Defendant's Florida audience, and Florida's FTX consumers.

4.     All Documents and Communications regarding any and all communications between You (personally or through any entity owned by You, or any of Your or Your entities'

---

[1] Any such videos and/or content either should still be saved on Defendants' hard drives and preserved for use in this litigation, or should still be on the private-facing portions of their social media platforms—for instance, Defendants could have set a video they posted on YouTube to "private" so it no longer is publicly viewable or searchable but is still posted on their account. "Spoliation is the destruction or significant alteration of evidence, or the failure to preserve property for another's use as evidence in pending or reasonably foreseeable litigation." *Graff v. Baja Marine Corp.*, 310 F. App'x 298, 301 (11th Cir. 2009). "The duty to preserve relevant evidence is triggered not only when litigation is pending, but also when it reasonably foreseeable to that party." *Title Cap. Mgmt., LLC v. Progress Residential, LLC*, No. 16-21882-CV, 2017 WL 5953428, at *4 (S.D. Fla. Sept. 29, 2017).

affiliates, representatives, employees, or agents) with the FTX Entities regarding promotion of FTT, YBAs or the FTX Platform.

5. All Documents regarding any and all due diligence You (personally or through any entity owned by You, or any of Your or Your entities' affiliates, representatives, employees, or agents) conducted before promotion of FTT, YBAs or FTX Platform to the public.

6. All Documents and Communications between You and any of the Co-Defendants in this Action regarding this lawsuit and/or the subject matter of this lawsuit, including the promotion of FTT, YBAs or the FTX Platform.

7. All Documents that show, evidence and/or relate to Your purchases, ownership, or control of FTT, including any wallet addresses controlled by You related to your FTT holdings.

# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF FLORIDA
## MIAMI DIVISION

### CASE NO. 23-21023-CIV-ALTONAGA/Damian

**EDWIN GARRISON**, *et al.,* on behalf of
themselves and all others similarly situated,

     *Plaintiffs,*

*v.*

**KEVIN PAFFRATH, GRAHAM STEPHAN,
ANDREI JIKH, JASPREET SINGH, BRIAN
JUNG, JEREMY LEFEBVRE, TOM NASH,
BEN ARMSTRONG, ERIKA KULLBERG,
CREATORS AGENCY, LLC,**

     *Defendants.*

_____/

## NOTICE OF TAKING THE VIDEOTAPED DEPOSITION OF
## DEFENDANT ERIKA KULLBERG

Pursuant to Federal Rule of Civil Procedure 30, Plaintiff's counsel will take the deposition of the below-named person/entity on the date, time, and at the location indicated.

| | |
|---|---|
| **DEPONENT**: | Defendant Erika Kullberg |
| **DATE**: | June 29, 2023 |
| **TIME**: | 10:00am EST |
| **LOCATION**: | Zoom (contact counsel for details) |

The aforesaid deposition will be before a court reporter, an officer authorized by law to administer oaths and take depositions in the State of Florida. The deposition is being taken for the purpose of discovery, for use at trial, or both, or for such other purposes as are permitted under the Federal and Local Rules of Civil Procedure.

*Edwin Garrison, et al. v. Kevin Paffrath, et al.*
*CASE NO. 23-21023-CIV-ALTONAGA/Damian*

Dated: May 17, 2023        Respectfully submitted,

**By:** *_/s/ Adam Moskowitz_____*
Adam M. Moskowitz
Florida Bar No. 984280
adam@moskowitz-law.com
Joseph M. Kaye
Florida Bar No. 117520
joseph@moskowitz-law.com
**THE MOSKOWITZ LAW FIRM, PLLC**
2 Alhambra Plaza, Suite 601
Coral Gables, FL 33134
Telephone: (305) 740-1423

**By:** *_/s/Stuart Z. Grossman_*
Stuart Z. Grossman
Florida Bar No. 156113
Manuel A. Arteaga-Gomez
Florida Bar No. 18122
**GROSSMAN ROTH YAFFA COHEN, P.A.**
2525 Ponce de Leon Boulevard, Suite 1150
Coral Gables, FL 33134
Ph: 305-442-8666
Fx: 305-285-1668
szg@grossmanroth.com
aag@grossmanroth.com

**By:** *_/s/ Stephen Neal Zack_*
Stephen Neal Zack
Florida Bar No. 145215
Tyler Ulrich
Florida Bar No. 94705
**BOIES SCHILLER FLEXNER LLP**
100 SE 2nd St., Suite 2800
Miami, FL 33131
Office: 305-539-8400
szack@bsfllp.com
tulrich@bsfllp.com

**By:** *_/s/ Jose Ferrer_*
Jose Ferrer
Florida Bar No. 173746
Michelle Genet Bernstein
Florida Bar No. 1030736
**MARK MIGDAL HAYDEN LLP**
8 SW 8th Street, Suite 1999

Miami, FL 33130
Office: 305-374-0440
jose@markmigdal.com
michelle@markmigdal.com
eservice@markmigdal.com

*Co-Counsel for Plaintiffs and the Class*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the forgoing was filed on May 17,

2023, via Court's CM/ECF system, which will send notification to all attorneys of record.


By: */s/ Adam M. Moskowitz*
ADAM M. MOSKOWITZ

# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF FLORIDA
### MIAMI DIVISION

## CASE NO. 23-21023-CIV-ALTONAGA/Damian

**EDWIN GARRISON**, *et al.,* on behalf of
themselves and all others similarly situated,

     *Plaintiffs,*

*v.*

**KEVIN PAFFRATH, GRAHAM STEPHAN,
ANDREI JIKH, JASPREET SINGH, BRIAN
JUNG, JEREMY LEFEBVRE, TOM NASH,
BEN ARMSTRONG, ERIKA KULLBERG,
CREATORS AGENCY, LLC,**

     *Defendants.*

_____/

## PLAINTIFF'S FIRST SET OF SEVEN REQUESTS FOR PRODUCTION TO DEFENDANT ERIKA KULLBERG

     Plaintiff, pursuant to Fed. R. Civ. P. 26 and 34, requests that Defendant, Erika Kullberg

("Kullberg"), produce the documents requested in response to these seven requests.

     Dated: May 17, 2023          Respectfully submitted,

          **By:** */s/ Adam Moskowitz*
          Adam M. Moskowitz
          Florida Bar No. 984280
          adam@moskowitz-law.com
          Joseph M. Kaye
          Florida Bar No. 117520
          joseph@moskowitz-law.com
          **THE MOSKOWITZ LAW FIRM, PLLC**
          2 Alhambra Plaza, Suite 601
          Coral Gables, FL 33134
          Telephone: (305) 740-1423

          **By:** */s/Stuart Z. Grossman*
          Stuart Z. Grossman
          Florida Bar No. 156113
          Manuel A. Arteaga-Gomez

*Edwin Garrison, et al. v. Kevin Paffrath, et al.*
*CASE NO. 23-21023-CIV-ALTONAGA/Damian*

Florida Bar No. 18122
**GROSSMAN ROTH YAFFA COHEN, P.A.**
2525 Ponce de Leon Boulevard, Suite 1150
Coral Gables, FL 33134
Ph: 305-442-8666
Fx: 305-285-1668
szg@grossmanroth.com
aag@grossmanroth.com

By: */s/ Stephen Neal Zack*
Stephen Neal Zack
Florida Bar No. 145215
Tyler Ulrich
Florida Bar No. 94705
**BOIES SCHILLER FLEXNER LLP**
100 SE 2nd St., Suite 2800
Miami, FL 33131
Office: 305-539-8400
szack@bsfllp.com
tulrich@bsfllp.com

By: */s/ Jose Ferrer*
Jose Ferrer
Florida Bar No. 173746
Michelle Genet Bernstein
Florida Bar No. 1030736
**MARK MIGDAL HAYDEN LLP**
8 SW 8th Street, Suite 1999
Miami, FL 33130
Office: 305-374-0440
jose@markmigdal.com
michelle@markmigdal.com
eservice@markmigdal.com

*Co-Counsel for Plaintiffs and the Class*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on May 17, 2023, a true and correct copy of the foregoing was

sent via electronic mail to counsel for Defendants.

By: */s/ Adam M. Moskowitz*_____
ADAM M. MOSKOWITZ

*Edwin Garrison, et al. v. Kevin Paffrath, et al.*
CASE NO. 23-21023-CIV-ALTONAGA/Damian

## DEFINITIONS AND INSTRUCTIONS

Unless otherwise specified, the terms set forth below have the following meanings:

1. "Kullberg," "You," or "Your" means Defendant Erika Kullberg and any of her affiliates, representatives, or agents.

2. "Co-Defendants" means any of the other Defendants sued in this Action, and any of their affiliates, subsidiaries, divisions, segments, predecessors, successors, officers, directors, employees, representatives, or agents.

3. "FTX Entities" means West Realm Shires Services, Inc., FTX Trading Ltd, Blockfolio, Inc., Alameda Research, LLC, and any of their affiliates, subsidiaries, divisions, segments, predecessors, successors, officers, directors, employees, representatives, or agents.

4. "FTX Platform" refers to the FTX Entities' mobile application and/or web-based cryptocurrency investment service that places cryptocurrency trade orders on behalf of users.

5. "YBAs" refers to the Yield-Bearing Accounts offered by the FTX Entities on the FTX Platform.

6. "FTT" refers to the native cryptocurrency exchange token of the FTX Platform ecosystem.

7. "Document(s)" means any written, printed, typed or other graphic matter, of any kind or nature, whether in hard copy or electronic format, whether the original, draft, or a copy and copies bearing notations or marks not found on the original, including but not limited to memoranda, reports, recommendations, notes, letters, envelopes, post-its, emails, telegrams, messages, manuscripts, studies, analyses, tests, comparisons, books, articles, pamphlets, magazines, newspapers, booklets, circulars, bulletins, notices, instructions, minutes, agreements, contracts, and all other written communications, of any type, including inter and

3

*Edwin Garrison, et al. v. Kevin Paffrath, et al.*
CASE NO. 23-21023-CIV-ALTONAGA/Damian

intra-office communications, purchase orders, invoices, bills, receipts, questionnaires, surveys,

charts, graphs, videos, photographs, sketches, drawings, house sheets, tapes, voice messages or

other recordings, print-outs or compilations from which information can be obtained or, if

necessary, translated through detection devices into reasonably usable form, including all

underlying or preparatory materials and drafts thereof.

8.       Unless otherwise stated in a request, the time period for which you must respond

is beginning in January 1, 2019 and ending at the present time.

9.       "Person" or "People" means any natural person(s) or any business, legal, or

governmental entity (or entities) or association(s).

10.      All/Each – The terms "all" and "each" shall be construed as meaning either all

or each as necessary to bring within the scope of the discovery request all responses that might

otherwise be construed to be outside its scope.

11.      Objections: Where an objection is made to any request, the objection shall state

with specificity all grounds. Any ground not stated in an objection within the time provided by

the Federal Rules of Civil Procedure, or by the Court's order, or any extensions thereof, shall be

waived.

12.      Whenever a reference to a business entity appears, the reference shall mean the

business entity, its affiliated companies, partnerships, divisions, subdivisions, directors, officers,

employees, agents, clients or other representatives of affiliated third parties.

## **INSTRUCTIONS**

1.      Production of documents and items requested herein shall be made at the offices of The

Moskowitz Law Firm, P.O. Box 141609, Coral Gables, FL 33114, or for hand deliveries

at 251 Valencia Ave #141609, Coral Gables, FL 33114, or via electronic mail to the email

addresses provided in the signature blocks of the attorneys serving these requests.

2.      These requests shall include all documents that are in the possession, custody or control of Defendant or in the possession, custody or control of the present or former agents, representatives, or attorneys of Defendant, or any and all persons acting on the behalf of Defendant, or its present or former agents, representatives, or attorneys.

3.      For any document covered by a request that is withheld from production, Defendant shall provide the following information in the form of a privilege log:

        a.      the reasons and facts supporting any withholding;

        b.      the date such document was prepared;

        c.      the names, employment positions and addresses of the author or preparers of such document;

        d.      the names, employment positions, and the addresses of each person who received such document;

        e.      the title and a brief description of the document; and

        f.      the number of the request under which such document would be produced but for the objection.

4.      If any document responsive to a request has been destroyed, produce all documents describing or referencing:

        a.      the contents of the lost or destroyed document;

        b.      all locations in which any copy of the lost or destroyed document had been maintained;

        c.      the date of such loss or destruction;

        d.      the name of each person who ordered, authorized, and carried out

the destruction of any responsive document;

      e.      all document retention and destruction policies in effect at the time any requested document was destroyed; and

      f.      all efforts made to locate any responsive document alleged to have been lost.

5.      In producing the documents requested, indicate the specific request(s) pursuant to which document or group of documents is being produced.

6.      These requests should be deemed continuing, and supplemental productions should be provided as additional documents become available.

7.      All documents are to be produced in the following method:

      a)  Single page .TIFF

      b)  Color .jpg (Documents wherein reflection of importance relies on color, shall be produced in .jpg format)

      c)  OCR at document level (All documents are to be provided with searchable text files with the exception of the redacted portions of redacted documents)

      d)  Electronic documents and Emails are to be processed and converted from the electronic format to single page tiff

## <u>SEVEN REQUESTS FOR PRODUCTION</u>

***Please refer to the Definitions and Instructions when responding to these requests. To the extent that any of these requests seek information considered by Defendants to be confidential, Plaintiffs agree to enter into any reasonable confidentiality agreement with Defendants to protect such alleged confidential information.***

1.      All Documents and Communications, including contracts or agreements, regarding any business You (personally or through any entity owned by You, or any of Your or Your entities' affiliates, representatives, employees, or agents) conducted with the FTX Entities, including all documents and communications regarding any payments made to You (personally or to any entity owned by You, or any of Your or Your entities' affiliates, representatives, employees, or agents) in accordance with any such contract or agreement.

2.      All videos or other content You (personally or through any entity owned by You, or any of Your or Your entities' affiliates, representatives, employees, or agents) produced regarding, relating to, and/or mentioning the FTX platform, FTT, and/or YBAs, including videos or content that have been removed from their public-facing platforms.[1]

3.      All Documents and Communications, that show, evidence and/or relate to Defendant "targeting" Defendant's Florida audience, and Florida's FTX consumers.

4.      All Documents and Communications regarding any and all communications between You (personally or through any entity owned by You, or any of Your or Your entities'

---

[1] Any such videos and/or content either should still be saved on Defendants' hard drives and preserved for use in this litigation, or should still be on the private-facing portions of their social media platforms—for instance, Defendants could have set a video they posted on YouTube to "private" so it no longer is publicly viewable or searchable but is still posted on their account. "Spoliation is the destruction or significant alteration of evidence, or the failure to preserve property for another's use as evidence in pending or reasonably foreseeable litigation." *Graff v. Baja Marine Corp.*, 310 F. App'x 298, 301 (11th Cir. 2009). "The duty to preserve relevant evidence is triggered not only when litigation is pending, but also when it reasonably foreseeable to that party." *Title Cap. Mgmt., LLC v. Progress Residential, LLC*, No. 16-21882-CV, 2017 WL 5953428, at *4 (S.D. Fla. Sept. 29, 2017).

affiliates, representatives, employees, or agents) with the FTX Entities regarding promotion of FTT, YBAs or the FTX Platform.

5.      All Documents regarding any and all due diligence You (personally or through any entity owned by You, or any of Your or Your entities' affiliates, representatives, employees, or agents) conducted before promotion of FTT, YBAs or FTX Platform to the public.

6.      All Documents and Communications between You and any of the Co-Defendants in this Action regarding this lawsuit and/or the subject matter of this lawsuit, including the promotion of FTT, YBAs or the FTX Platform.

7.      All Documents that show, evidence and/or relate to Your purchases, ownership, or control of FTT, including any wallet addresses controlled by You related to your FTT holdings.

# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF FLORIDA
## MIAMI DIVISION

### CASE NO. 23-21023-CIV-ALTONAGA/Damian

**EDWIN GARRISON**, *et al.,* on behalf of
themselves and all others similarly situated,

     *Plaintiffs,*

*v.*

**KEVIN PAFFRATH, GRAHAM STEPHAN,
ANDREI JIKH, JASPREET SINGH, BRIAN
JUNG, JEREMY LEFEBVRE, TOM NASH,
BEN ARMSTRONG, ERIKA KULLBERG,
CREATORS AGENCY, LLC,**

     *Defendants.*

_____/

## NOTICE OF TAKING THE VIDEOTAPED DEPOSITION OF DEFENDANT CREATORS AGENCY, LLC'S RULE 30(b)(6) REPRESENTATIVE(S)

Pursuant to Federal Rule of Civil Procedure 30(b)(6), Plaintiff's counsel will take the

deposition of the below-named person/entity on the date, time, and at the location indicated.

| | |
|---|---|
| **DEPONENT**: | Defendant Creators Agency, LLC, (the "Creators"), by and through Creators' corporate representative(s) with knowledge of the eight topics listed in **Exhibit A,** pursuant to Federal Rule of Civil Procedure 30(b)(6). |
| **DATE**: | June 30, 2023 |
| **TIME**: | 10:00am EST |
| **LOCATION**: | Zoom (contact counsel for details) |

The aforesaid deposition will be before a court reporter, an officer authorized by law to

administer oaths and take depositions in the State of Florida.  The deposition is being taken for the

purpose of discovery, for use at trial, or both, or for such other purposes as are permitted under the

Federal and Local Rules of Civil Procedure.

*Edwin Garrison, et al. v. Kevin Paffrath, et al.*
CASE NO. 23-21023-CIV-ALTONAGA/Damian

Pursuant to Federal Rule of Civil Procedure 30(b)(6), Defendant Creators Agency, LLC

(the "Creators") shall both designate one or more officers, directors, managing agents, or other

persons to testify on its behalf on each topic listed on **Exhibit A** attached hereto.

Dated: May 17, 2023                          Respectfully submitted,

By: */s/ Adam Moskowitz*
Adam M. Moskowitz
Florida Bar No. 984280
adam@moskowitz-law.com
Joseph M. Kaye
Florida Bar No. 117520
joseph@moskowitz-law.com
**THE MOSKOWITZ LAW FIRM, PLLC**
2 Alhambra Plaza, Suite 601
Coral Gables, FL 33134
Telephone: (305) 740-1423

By: */s/Stuart Z. Grossman*
Stuart Z. Grossman
Florida Bar No. 156113
Manuel A. Arteaga-Gomez
Florida Bar No. 18122
**GROSSMAN ROTH YAFFA COHEN, P.A.**
2525 Ponce de Leon Boulevard, Suite 1150
Coral Gables, FL 33134
Ph: 305-442-8666
Fx: 305-285-1668
szg@grossmanroth.com
aag@grossmanroth.com

By: */s/ Stephen Neal Zack*
Stephen Neal Zack
Florida Bar No. 145215
Tyler Ulrich
Florida Bar No. 94705
**BOIES SCHILLER FLEXNER LLP**
100 SE 2nd St., Suite 2800
Miami, FL 33131
Office: 305-539-8400
szack@bsfllp.com
tulrich@bsfllp.com

By: */s/ Jose Ferrer*
Jose Ferrer
Florida Bar No. 173746
Michelle Genet Bernstein
Florida Bar No. 1030736
**MARK MIGDAL HAYDEN LLP**
8 SW 8th Street, Suite 1999
Miami, FL 33130
Office: 305-374-0440
jose@markmigdal.com
michelle@markmigdal.com
eservice@markmigdal.com

*Co-Counsel for Plaintiffs and the Class*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the forgoing was filed on May 17,

2023, via Court's CM/ECF system, which will send notification to all attorneys of record.

By: */s/ Adam M. Moskowitz*_____
ADAM M. MOSKOWITZ

## EXHIBIT A

## I. <u>DEFINITIONS AND INSTRUCTIONS</u>

Unless otherwise specified, the terms set forth below have the following meanings:

1. "CA," "You," or "Your" means Defendant Creators Agency LLC and any of its affiliates, subsidiaries, divisions, segments, predecessors, successors, officers, directors, employees, representatives, or agents.

2. "Co-Defendants" means any of the other Defendants sued in this Action, and any of their affiliates, subsidiaries, divisions, segments, predecessors, successors, officers, directors, employees, representatives, or agents.

3. "FTX Entities" means West Realm Shires Services, Inc., FTX Trading Ltd, Blockfolio, Inc., Alameda Research, LLC, and any of their affiliates, subsidiaries, divisions, segments, predecessors, successors, officers, directors, employees, representatives, or agents.

4. "FTX Platform" refers to the FTX Entities' mobile application and/or web-based cryptocurrency investment service that places cryptocurrency trade orders on behalf of users.

5. "YBAs" refers to the Yield-Bearing Accounts offered by the FTX Entities on the FTX Platform.

6. "FTT" refers to the native cryptocurrency exchange token of the FTX Platform ecosystem.

7. "Document(s)" means any written, printed, typed or other graphic matter, of any kind or nature, whether in hard copy or electronic format, whether the original, draft, or a copy and copies bearing notations or marks not found on the original, including but not limited to memoranda, reports, recommendations, notes, letters, envelopes, post-its, emails, telegrams, messages, manuscripts, studies, analyses, tests, comparisons, books, articles, pamphlets,

magazines, newspapers, booklets, circulars, bulletins, notices, instructions, minutes, agreements, contracts, and all other written communications, of any type, including inter and intra-office communications, purchase orders, invoices, bills, receipts, questionnaires, surveys, charts, graphs, videos, photographs, sketches, drawings, house sheets, tapes, voice messages or other recordings, print-outs or compilations from which information can be obtained or, if necessary, translated through detection devices into reasonably usable form, including all underlying or preparatory materials and drafts thereof.

8.  "Person" or "People" means any natural person(s) or any business, legal, or governmental entity (or entities) or association(s).

9.  All/Each – The terms "all" and "each" shall be construed as meaning either all or each as necessary to bring within the scope of the discovery request all responses that might otherwise be construed to be outside its scope.

10. Objections: Where an objection is made to any request, the objection shall state with specificity all grounds. Any ground not stated in an objection within the time provided by the Federal Rules of Civil Procedure, or by the Court's order, or any extensions thereof, shall be waived.

11. Whenever a reference to a business entity appears, the reference shall mean the business entity, its affiliated companies, partnerships, divisions, subdivisions, directors, officers, employees, agents, clients or other representatives of affiliated third parties.

12. Unless otherwise stated in a request, the time period for which you must respond is beginning in January 1, 2019 and ending at the present time.

## II. <u>EIGHT DEPOSITION SUBJECTS</u>

Pursuant to Rule 30(b)(6), CA shall designate and produce for deposition one or more of its officers, directors, managing agents, or other persons who are knowledgeable about and consent to testify on its behalf concerning the following subject matters:

1. All Documents and responses provided in response to Plaintiffs' request for production, dated and served on May 18, 2023.

2. All Documents and Communications, including contracts or agreements, regarding any business You (personally or through any entity owned by You, or any of Your or Your entities' affiliates, representatives, employees, or agents) conducted with the FTX Entities, including all documents and communications regarding any payments made to You (personally or to any entity owned by You, or any of Your or Your entities' affiliates, representatives, employees, or agents) in accordance with any such contract or agreement.

3. All videos or other content You (personally or through any entity owned by You, or any of Your or Your entities' affiliates, representatives, employees, or agents) produced regarding, relating to, and/or mentioning the FTX platform, FTT, and/or YBAs, including videos or content that have been removed from their public-facing platforms.[1]

4. All Documents and Communications, that show, evidence and/or relate to Defendant "targeting" Defendant's Florida audience, and Florida's FTX consumers.

---

[1] Any such videos and/or content either should still be saved on Defendants' hard drives and preserved for use in this litigation, or should still be on the private-facing portions of their social media platforms—for instance, Defendants could have set a video they posted on YouTube to "private" so it no longer is publicly viewable or searchable but is still posted on their account. "Spoliation is the destruction or significant alteration of evidence, or the failure to preserve property for another's use as evidence in pending or reasonably foreseeable litigation." *Graff v. Baja Marine Corp.*, 310 F. App'x 298, 301 (11th Cir. 2009). "The duty to preserve relevant evidence is triggered not only when litigation is pending, but also when it reasonably foreseeable to that party." *Title Cap. Mgmt., LLC v. Progress Residential, LLC*, No. 16-21882-CV, 2017 WL 5953428, at *4 (S.D. Fla. Sept. 29, 2017).

5.      All Documents and Communications regarding any and all communications between You (personally or through any entity owned by You, or any of Your or Your entities' affiliates, representatives, employees, or agents) with the FTX Entities regarding promotion of FTT, YBAs or the FTX Platform.

6.      All Documents regarding any and all due diligence You (personally or through any entity owned by You, or any of Your or Your entities' affiliates, representatives, employees, or agents) conducted before promotion of FTT, YBAs or FTX Platform to the public.

7.      All Documents and Communications between You and any of the Co-Defendants in this Action regarding this lawsuit and/or the subject matter of this lawsuit, including the promotion of FTT, YBAs or the FTX Platform.

8.      All Documents that show, evidence and/or relate to Your purchases, ownership, or control of FTT, including any wallet addresses controlled by You related to your FTT holdings.

# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF FLORIDA
## MIAMI DIVISION

### CASE NO. 23-21023-CIV-ALTONAGA/Damian

**EDWIN GARRISON**, *et al.,* on behalf of
themselves and all others similarly situated,

    *Plaintiffs,*

*v.*

**KEVIN PAFFRATH, GRAHAM STEPHAN,
ANDREI JIKH, JASPREET SINGH, BRIAN
JUNG, JEREMY LEFEBVRE, TOM NASH,
BEN ARMSTRONG, ERIKA KULLBERG,
CREATORS AGENCY, LLC,**

    *Defendants.*

_____/

### PLAINTIFF'S FIRST SET OF SEVEN REQUESTS FOR PRODUCTION TO DEFENDANT CREATORS AGENCY LLC

Plaintiff, pursuant to Fed. R. Civ. P. 26 and 34, requests that Defendant, Creators Agency

LLC ("CA"), produce the documents requested in response to these seven requests.

Dated: May 17, 2023             Respectfully submitted,

                            **By: */s/ Adam Moskowitz*_____**
                            Adam M. Moskowitz
                            Florida Bar No. 984280
                            adam@moskowitz-law.com
                            Joseph M. Kaye
                            Florida Bar No. 117520
                            joseph@moskowitz-law.com
                            **THE MOSKOWITZ LAW FIRM, PLLC**
                            2 Alhambra Plaza, Suite 601
                            Coral Gables, FL 33134
                            Telephone: (305) 740-1423

                            **By: */s/Stuart Z. Grossman***
                            Stuart Z. Grossman
                            Florida Bar No. 156113
                            Manuel A. Arteaga-Gomez

*Edwin Garrison, et al. v. Kevin Paffrath, et al.*
CASE NO. 23-21023-CIV-ALTONAGA/Damian

Florida Bar No. 18122
**GROSSMAN ROTH YAFFA COHEN, P.A.**
2525 Ponce de Leon Boulevard, Suite 1150
Coral Gables, FL 33134
Ph: 305-442-8666
Fx: 305-285-1668
szg@grossmanroth.com
aag@grossmanroth.com

By: */s/ Stephen Neal Zack*
Stephen Neal Zack
Florida Bar No. 145215
Tyler Ulrich
Florida Bar No. 94705
**BOIES SCHILLER FLEXNER LLP**
100 SE 2nd St., Suite 2800
Miami, FL 33131
Office: 305-539-8400
szack@bsfllp.com
tulrich@bsfllp.com

By: */s/ Jose Ferrer*
Jose Ferrer
Florida Bar No. 173746
Michelle Genet Bernstein
Florida Bar No. 1030736
**MARK MIGDAL HAYDEN LLP**
8 SW 8th Street, Suite 1999
Miami, FL 33130
Office: 305-374-0440
jose@markmigdal.com
michelle@markmigdal.com
eservice@markmigdal.com

*Co-Counsel for Plaintiffs and the Class*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on May 17, 2023, a true and correct copy of the foregoing was

sent via electronic mail to counsel for Defendants.

By: */s/ Adam M. Moskowitz*_____
ADAM M. MOSKOWITZ

2

## <u>DEFINITIONS AND INSTRUCTIONS</u>

Unless otherwise specified, the terms set forth below have the following meanings:

1.      "CA," "You," or "Your" means Defendant Creators Agency LLC and any of its affiliates, subsidiaries, divisions, segments, predecessors, successors, officers, directors, employees, representatives, or agents.

2.      "Co-Defendants" means any of the other Defendants sued in this Action, and any of their affiliates, subsidiaries, divisions, segments, predecessors, successors, officers, directors, employees, representatives, or agents.

3.      "FTX Entities" means West Realm Shires Services, Inc., FTX Trading Ltd, Blockfolio, Inc., Alameda Research, LLC, and any of their affiliates, subsidiaries, divisions, segments, predecessors, successors, officers, directors, employees, representatives, or agents.

4.      "FTX Platform" refers to the FTX Entities' mobile application and/or web-based cryptocurrency investment service that places cryptocurrency trade orders on behalf of users.

5.      "YBAs" refers to the Yield-Bearing Accounts offered by the FTX Entities on the FTX Platform.

6.      "FTT" refers to the native cryptocurrency exchange token of the FTX Platform ecosystem.

7.      "Document(s)" means any written, printed, typed or other graphic matter, of any kind or nature, whether in hard copy or electronic format, whether the original, draft, or a copy and copies bearing notations or marks not found on the original, including but not limited to memoranda, reports, recommendations, notes, letters, envelopes, post-its, emails, telegrams, messages, manuscripts, studies, analyses, tests, comparisons, books, articles, pamphlets, magazines, newspapers, booklets, circulars, bulletins, notices, instructions, minutes,

agreements, contracts, and all other written communications, of any type, including inter and intra-office communications, purchase orders, invoices, bills, receipts, questionnaires, surveys, charts, graphs, videos, photographs, sketches, drawings, house sheets, tapes, voice messages or other recordings, print-outs or compilations from which information can be obtained or, if necessary, translated through detection devices into reasonably usable form, including all underlying or preparatory materials and drafts thereof.

8.      Unless otherwise stated in a request, the time period for which you must respond is beginning in January 1, 2019 and ending at the present time.

9.      "Person" or "People" means any natural person(s) or any business, legal, or governmental entity (or entities) or association(s).

10.     All/Each – The terms "all" and "each" shall be construed as meaning either all or each as necessary to bring within the scope of the discovery request all responses that might otherwise be construed to be outside its scope.

11.     Objections: Where an objection is made to any request, the objection shall state with specificity all grounds. Any ground not stated in an objection within the time provided by the Federal Rules of Civil Procedure, or by the Court's order, or any extensions thereof, shall be waived.

12.     Whenever a reference to a business entity appears, the reference shall mean the business entity, its affiliated companies, partnerships, divisions, subdivisions, directors, officers, employees, agents, clients or other representatives of affiliated third parties.

## **INSTRUCTIONS**

1.      Production of documents and items requested herein shall be made at the offices of The Moskowitz Law Firm, P.O. Box 141609, Coral Gables, FL 33114, or for hand deliveries

at 251 Valencia Ave #141609, Coral Gables, FL 33114, or via electronic mail to the email

addresses provided in the signature blocks of the attorneys serving these requests.

2.      These requests shall include all documents that are in the possession, custody or control of

Defendant or in the possession, custody or control of the present or former agents,

representatives, or attorneys of Defendant, or any and all persons acting on the behalf of

Defendant, or its present or former agents, representatives, or attorneys.

3.      For any document covered by a request that is withheld from production, Defendant shall

provide the following information in the form of a privilege log:

        a.      the reasons and facts supporting any withholding;

        b.      the date such document was prepared;

        c.      the names, employment positions and addresses of the author or

            preparers of such document;

        d.      the names, employment positions, and the addresses of each person

            who received such document;

        e.      the title and a brief description of the document; and

        f.      the number of the request under which such document would be

            produced but for the objection.

4.      If any document responsive to a request has been destroyed, produce all documents

describing or referencing:

        a.      the contents of the lost or destroyed document;

        b.      all locations in which any copy of the lost or destroyed document

            had been maintained;

        c.      the date of such loss or destruction;

      d.      the name of each person who ordered, authorized, and carried out the destruction of any responsive document;

      e.      all document retention and destruction policies in effect at the time any requested document was destroyed; and

      f.      all efforts made to locate any responsive document alleged to have been lost.

5.      In producing the documents requested, indicate the specific request(s) pursuant to which document or group of documents is being produced.

6.      These requests should be deemed continuing, and supplemental productions should be provided as additional documents become available.

7.      All documents are to be produced in the following method:

    a)  Single page .TIFF

    b)  Color .jpg (Documents wherein reflection of importance relies on color, shall be produced in .jpg format)

    c)  OCR at document level (All documents are to be provided with searchable text files with the exception of the redacted portions of redacted documents)

    d)  Electronic documents and Emails are to be processed and converted from the electronic format to single page tiff

*Edwin Garrison, et al. v. Kevin Paffrath, et al.*
*CASE NO. 23-21023-CIV-ALTONAGA/Damian*

## SEVEN REQUESTS FOR PRODUCTION

*Please refer to the Definitions and Instructions when responding to these requests. To the extent that any of these requests seek information considered by Defendants to be confidential, Plaintiffs agree to enter into any reasonable confidentiality agreement with Defendants to protect such alleged confidential information.*

1.     All Documents and Communications, including contracts or agreements, regarding any business You (personally or through any entity owned by You, or any of Your or Your entities' affiliates, representatives, employees, or agents) conducted with the FTX Entities, including all documents and communications regarding any payments made to You (personally or to any entity owned by You, or any of Your or Your entities' affiliates, representatives, employees, or agents) in accordance with any such contract or agreement.

2.     All videos or other content You (personally or through any entity owned by You, or any of Your or Your entities' affiliates, representatives, employees, or agents) produced regarding, relating to, and/or mentioning the FTX platform, FTT, and/or YBAs, including videos or content that have been removed from their public-facing platforms.[1]

3.     All Documents and Communications, that show, evidence and/or relate to Defendant "targeting" Defendant's Florida audience, and Florida's FTX consumers.

4.     All Documents and Communications regarding any and all communications between You (personally or through any entity owned by You, or any of Your or Your entities'

---

[1] Any such videos and/or content either should still be saved on Defendants' hard drives and preserved for use in this litigation, or should still be on the private-facing portions of their social media platforms—for instance, Defendants could have set a video they posted on YouTube to "private" so it no longer is publicly viewable or searchable but is still posted on their account. "Spoliation is the destruction or significant alteration of evidence, or the failure to preserve property for another's use as evidence in pending or reasonably foreseeable litigation." *Graff v. Baja Marine Corp*., 310 F. App'x 298, 301 (11th Cir. 2009). "The duty to preserve relevant evidence is triggered not only when litigation is pending, but also when it reasonably foreseeable to that party." *Title Cap. Mgmt., LLC v. Progress Residential, LLC*, No. 16-21882-CV, 2017 WL 5953428, at *4 (S.D. Fla. Sept. 29, 2017).

affiliates, representatives, employees, or agents) with the FTX Entities regarding promotion of FTT, YBAs or the FTX Platform.

      5.      All Documents regarding any and all due diligence You (personally or through any entity owned by You, or any of Your or Your entities' affiliates, representatives, employees, or agents) conducted before promotion of FTT, YBAs or FTX Platform to the public.

      6.      All Documents and Communications between You and any of the Co-Defendants in this Action regarding this lawsuit and/or the subject matter of this lawsuit, including the promotion of FTT, YBAs or the FTX Platform.

      7.      All Documents that show, evidence and/or relate to Your purchases, ownership, or control of FTT, including any wallet addresses controlled by You related to your FTT holdings.

# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF FLORIDA
## MIAMI DIVISION
### CASE NO. 1:22-cv-23753-KMM

**EDWIN GARRISON**, *et al.,* on behalf of
themselves and all others similarly situated,

   *Plaintiffs,*

*v.*

**SAM BANKMAN-FRIED**, *et al.*,

   *Defendants.*

_____/

## PLAINTIFF'S FIRST SET OF THREE REQUESTS FOR PRODUCTION TO DEFENDANT GOLDEN STATE WARRIORS LLC

   Plaintiff, pursuant to Fed. R. Civ. P. 26 and 34, requests that Defendant, Golden State

Warriors LLC ("GSW"), produce the documents requested in response to these three requests.

Dated: April 21, 2023

            Respectfully submitted,

            **By: */s/ Adam Moskowitz*_____
            Adam M. Moskowitz
            Florida Bar No. 984280
            adam@moskowitz-law.com
            Joseph M. Kaye
            Florida Bar No. 117520
            joseph@moskowitz-law.com
            **THE MOSKOWITZ LAW FIRM, PLLC**
            2 Alhambra Plaza, Suite 601
            Coral Gables, FL 33134
            Telephone: (305) 740-1423

            **By: */s/ David Boies*
            David Boies
            (*Pro Hac Vice*)
            Alex Boies
            (*Pro Hac Vice*)
            **BOIES SCHILLER FLEXNER LLP**
            333 Main Street
            Armonk, NY 10504

*Edwin Garrison, et al. v. Samuel Bankman-Fried, et al.*
*Case No. 1:22-cv-23753-KMM*

Phone: (914) 749–8200
dboies@bsfllp.com

**By:** */s/ Stephen Neal Zack*
Stephen Neal Zack
Florida Bar No. 145215
**BOIES SCHILLER FLEXNER LLP**
100 SE 2nd St., Suite 2800
Miami, FL 33131
Office: 305-539-8400
szack@bsfllp.com

*Co-Counsel for Plaintiff and the Class*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on April 21, 2023, a true and correct copy of the foregoing was

sent via electronic mail to counsel for Defendants.

By: */s/ Adam M. Moskowitz*
ADAM M. MOSKOWITZ

## DEFINITIONS AND INSTRUCTIONS

Unless otherwise specified, the terms set forth below have the following meanings:

1.       "GSW," "You," or "Your" means Defendant Golden State Warriors LLC and any of its affiliates, subsidiaries, divisions, segments, predecessors, successors, officers, directors, employees, representatives, or agents.

2.       "FTX Entities" means West Realm Shires Services, Inc., FTX Trading Ltd, Blockfolio, Inc., and any of their affiliates, subsidiaries, divisions, segments, predecessors, successors, officers, directors, employees, representatives, or agents.

3.       "FTX Platform" refers to the FTX Entities' mobile application and/or web-based cryptocurrency investment service that places cryptocurrency trade orders on behalf of users.

4.       "YBAs" refers to the Yield-Bearing Accounts offered by the FTX Entities on the FTX Platform.

5.       "FTT" refers to the native cryptocurrency exchange token of the FTX Platform ecosystem.

6.       "FTX Platform" refers to the FTX Entities' mobile application cryptocurrency investment service that places cryptocurrency trade orders on behalf of users.

7.       "Document(s)" means any written, printed, typed or other graphic matter, of any kind or nature, whether in hard copy or electronic format, whether the original, draft, or a copy and copies bearing notations or marks not found on the original, including but not limited to memoranda, reports, recommendations, notes, letters, envelopes, post-its, emails, telegrams, messages, manuscripts, studies, analyses, tests, comparisons, books, articles, pamphlets, magazines, newspapers, booklets, circulars, bulletins, notices, instructions, minutes, agreements, contracts, and all other written communications, of any type, including inter and

intra-office communications, purchase orders, invoices, bills, receipts, questionnaires, surveys, charts, graphs, videos, photographs, sketches, drawings, house sheets, tapes, voice messages or other recordings, print-outs or compilations from which information can be obtained or, if necessary, translated through detection devices into reasonably usable form, including all underlying or preparatory materials and drafts thereof.

8.      Unless otherwise stated in a request, the time period for which you must respond is beginning in January 1, 2019 and ending at the present time.

9.      "Person" or "People" means any natural person(s) or any business, legal, or governmental entity (or entities) or association(s).

10.      All/Each – The terms "all" and "each" shall be construed as meaning either all or each as necessary to bring within the scope of the discovery request all responses that might otherwise be construed to be outside its scope.

11.      Objections: Where an objection is made to any request, the objection shall state with specificity all grounds. Any ground not stated in an objection within the time provided by the Federal Rules of Civil Procedure, or by the Court's order, or any extensions thereof, shall be waived.

12.      Whenever a reference to a business entity appears, the reference shall mean the business entity, its affiliated companies, partnerships, divisions, subdivisions, directors, officers, employees, agents, clients or other representatives of affiliated third parties.

## **INSTRUCTIONS**

1.      Production of documents and items requested herein shall be made at the offices of The Moskowitz Law Firm, P.O. Box 141609, Coral Gables, FL 33114, or for hand deliveries at 251 Valencia Ave #141609, Coral Gables, FL 33114, or via electronic mail to the email

addresses provided in the signature blocks of the attorneys serving these requests.

2.   These requests shall include all documents that are in the possession, custody or control of Defendant or in the possession, custody or control of the present or former agents, representatives, or attorneys of Defendant, or any and all persons acting on the behalf of Defendant, or its present or former agents, representatives, or attorneys.

3.   For any document covered by a request that is withheld from production, Defendant shall provide the following information in the form of a privilege log:

   a.   the reasons and facts supporting any withholding;

   b.   the date such document was prepared;

   c.   the names, employment positions and addresses of the author or preparers of such document;

   d.   the names, employment positions, and the addresses of each person who received such document;

   e.   the title and a brief description of the document; and

   f.   the number of the request under which such document would be produced but for the objection.

4.   If any document responsive to a request has been destroyed, produce all documents describing or referencing:

   a.   the contents of the lost or destroyed document;

   b.   all locations in which any copy of the lost or destroyed document had been maintained;

   c.   the date of such loss or destruction;

   d.   the name of each person who ordered, authorized, and carried out

*Edwin Garrison, et al. v. Samuel Bankman-Fried, et al.*
*Case No. 1:22-cv-23753-KMM*

    the destruction of any responsive document;

    e.    all document retention and destruction policies in effect at the time any requested document was destroyed; and

    f.    all efforts made to locate any responsive document alleged to have been lost.

5.    In producing the documents requested, indicate the specific request(s) pursuant to which document or group of documents is being produced.

6.    These requests should be deemed continuing, and supplemental productions should be provided as additional documents become available.

7.    All documents are to be produced in the following method:

    a)    Single page .TIFF

    b)    Color .jpg (Documents wherein reflection of importance relies on color, shall be produced in .jpg format)

    c)    OCR at document level (All documents are to be provided with searchable text files with the exception of the redacted portions of redacted documents)

    d)    Electronic documents and Emails are to be processed and converted from the electronic format to single page tiff

*Edwin Garrison, et al. v. Samuel Bankman-Fried, et al.*
*Case No. 1:22-cv-23753-KMM*

## THREE REQUESTS FOR PRODUCTION

*Please refer to the Definitions and Instructions when responding to these requests. To the extent that any of these requests seek information considered by Defendants to be confidential, Plaintiff have already agreed to enter into any reasonable confidentiality agreement with Defendants to protect such alleged confidential information.*

1.      All Documents and Communications, including but not limited to contracts or agreements, regarding Your "First-Of-Its-Kind" International Partnership with the FTX Entities. *See* https://www.nba.com/warriors/warriors-ftx-partnership-20211214 (accessed April 21, 2023).

2.      All Documents and Communications, that show, evidence and/or relate to Defendant "targeting" Defendant's Florida fans, and Florida's FTX consumers, including but not limited to (1) any advertising for the FTX Platform or FTX Entities located in the Chase Center that was broadcast in or viewable by Florida investors and GSW fans residing in Florida during GSW games (including GSW home games where GSW played either the Miami Heat or Orlando Magic); (2) any advertising for the FTX Platform or FTX Entities located in the Warriors Gaming Squad court during NBA 2K League games; and (3) any NFTs that GSW offered for sale on the FTX Platform.

3.      All documents regarding any and all communications with the FTX Entities regarding whether YBAs or FTT constitute a security under any federal or state law.

# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF FLORIDA
## MIAMI DIVISION
### CASE NO. 1:22-cv-23753-KMM

**EDWIN GARRISON**, *et al.,* on behalf of
themselves and all others similarly situated,

       *Plaintiffs,*

*v.*

**SAM BANKMAN-FRIED**, *et al.*,

       *Defendants.*

_____/

## NOTICE OF TAKING THE VIDEOTAPED DEPOSITION OF DEFENDANT GOLDEN STATE WARRIORS LLC'S RULE 30(b)(6) REPRESENTATIVE(S)

Pursuant to Federal Rule of Civil Procedure 30(b)(6), Plaintiff's counsel will take the

deposition of the below-named person/entity on the date, time, and at the location indicated.

| | |
|---|---|
| **DEPONENT**: | Defendant Golden State Warriors LLC, (the "GSW"), by and through GSW' corporate representative(s) with knowledge of the four topics listed in **Exhibit A,** pursuant to Federal Rule of Civil Procedure 30(b)(6). |
| **DATE**: | May 8, 2023 |
| **TIME**: | 10:00 AM (PDT) // 1:00 PM (EDT) |
| **LOCATION**: | Boies, Schiller Flexner, LLP 725 S Figueroa Street, 31st Floor Los Angeles, CA 90017 Phone (213) 629–9040 |

The aforesaid deposition will be before a court reporter, an officer authorized by law to

administer oaths and take depositions in the State of California.  The deposition is being taken for

the purpose of discovery, for use at trial, or both, or for such other purposes as are permitted under

the Federal and Local Rules of Civil Procedure.

*Edwin Garrison, et al. v. Samuel Bankman-Fried, et al.*
*Case No. 1:22-cv-23753-KMM*

Pursuant to Federal Rule of Civil Procedure 30(b)(6), Defendant Golden State Warriors

LLC (the "GSW") shall both designate one or more officers, directors, managing agents, or other

persons to testify on its behalf on each topic listed on **Exhibit A** attached hereto.

Dated: April 21, 2023

Respectfully submitted,

**By:** *_/s/ Adam Moskowitz_____*
Adam M. Moskowitz
Florida Bar No. 984280
adam@moskowitz-law.com
Joseph M. Kaye
Florida Bar No. 117520
joseph@moskowitz-law.com
**THE MOSKOWITZ LAW FIRM, PLLC**
2 Alhambra Plaza, Suite 601
Coral Gables, FL 33134
Telephone: (305) 740-1423

**By:** *_/s/ David Boies_*
David Boies
(*Pro Hac Vice*)
Alex Boies
(*Pro Hac Vice*)
**BOIES SCHILLER FLEXNER LLP**
333 Main Street
Armonk, NY 10504
Phone: (914) 749–8200
dboies@bsfllp.com

**By:** *_/s/ Stephen Neal Zack_*
Stephen Neal Zack
Florida Bar No. 145215
**BOIES SCHILLER FLEXNER LLP**
100 SE 2nd St., Suite 2800
Miami, FL 33131
Office: 305-539-8400
szack@bsfllp.com

*Co-Counsel for Plaintiff and the Class*

*Edwin Garrison, et al. v. Samuel Bankman-Fried, et al.*
*Case No. 1:22-cv-23753-KMM*

## <u>CERTIFICATE OF SERVICE</u>

I HEREBY CERTIFY that a true and correct copy of the forgoing was filed on April 21, 2023, via the Court's CM/ECF system, which will send notification of such filing to all attorneys of record.

By: <u>*/s/ Adam M. Moskowitz*</u>
     ADAM M. MOSKOWITZ

## EXHIBIT A

## I. DEFINITIONS AND INSTRUCTIONS

Unless otherwise specified, the terms set forth below have the following meanings:

1.      "GSW," "You," or "Your" means Defendant, Golden State Warriors LLC, any of its affiliates, subsidiaries, divisions, segments, predecessors, successors, officers, directors, employees, representatives, or agents.

2.      "FTX Entities" means West Realm Shires Services, Inc., FTX Trading Ltd, Blockfolio, Inc., and any of their affiliates, subsidiaries, divisions, segments, predecessors, successors, officers, directors, employees, representatives, or agents.

3.      "FTX Platform" refers to the FTX Entities' mobile application and/or web-based cryptocurrency investment service that places cryptocurrency trade orders on behalf of users.

4.      "YBAs" refers to the Yield-Bearing Accounts offered by the FTX Entities on the FTX Platform.

5.      "FTT" refers to the native cryptocurrency exchange token of the FTX Platform ecosystem.

6.      "FTX Platform" refers to the FTX Entities' mobile application cryptocurrency investment service that places cryptocurrency trade orders on behalf of users.

7.      "Document(s)" means any written, printed, typed or other graphic matter, of any kind or nature, whether in hard copy or electronic format, whether the original, draft, or a copy and copies bearing notations or marks not found on the original, including but not limited to memoranda, reports, recommendations, notes, letters, envelopes, post-its, emails, telegrams, messages, manuscripts, studies, analyses, tests, comparisons, books, articles, pamphlets, magazines, newspapers, booklets, circulars, bulletins, notices, instructions, minutes,

agreements, contracts, and all other written communications, of any type, including inter and intra-office communications, purchase orders, invoices, bills, receipts, questionnaires, surveys, charts, graphs, videos, photographs, sketches, drawings, house sheets, tapes, voice messages or other recordings, print-outs or compilations from which information can be obtained or, if necessary, translated through detection devices into reasonably usable form, including all underlying or preparatory materials and drafts thereof.

8.      "Person" or "People" means any natural person(s) or any business, legal, or governmental entity (or entities) or association(s).

9.      All/Each – The terms "all" and "each" shall be construed as meaning either all or each as necessary to bring within the scope of the discovery request all responses that might otherwise be construed to be outside its scope.

10.     Objections: Where an objection is made to any request, the objection shall state with specificity all grounds. Any ground not stated in an objection within the time provided by the Federal Rules of Civil Procedure, or by the Court's order, or any extensions thereof, shall be waived.

11.     Whenever a reference to a business entity appears, the reference shall mean the business entity, its affiliated companies, partnerships, divisions, subdivisions, directors, officers, employees, agents, clients or other representatives of affiliated third parties.

12.     Unless otherwise stated in a request, the time period for which you must respond is beginning in January 1, 2019 and ending at the present time.

## II. <u>FOUR DEPOSITION SUBJECTS</u>

Pursuant to Rule 30(b)(6), the GSW shall designate and produce for deposition one or more of its officers, directors, managing agents, or other persons who are knowledgeable about and consent to testify on its behalf concerning the following subject matters:

1. All Documents and responses provided in response to Plaintiffs' request for production, each dated and served on April 21, 2023.

2. All contracts or agreements and circumstances regarding Your "First-Of-Its-Kind" International Partnership with the FTX Entities. *See* https://www.nba.com/warriors/warriors-ftx-partnership-20211214 (accessed April 21, 2023).

3. All Documents and Communications, that show, evidence and/or relate to Defendant "targeting" Defendant's Florida fans, and Florida's FTX consumers, including but not limited to (1) any advertising for the FTX Platform or FTX Entities located in the Chase Center that was broadcast in or viewable by Florida investors and GSW fans residing in Florida during GSW games (including GSW home games where GSW played either the Miami Heat or Orlando Magic); (2) any advertising for the FTX Platform or FTX Entities located in the Warriors Gaming Squad court during NBA 2K League games; and (3) any NFTs that GSW offered for sale on the FTX Platform.

4. All research or due diligence YOU and/or the NBA performed about the FTX Entities, the FTX Platform, or whether YBAs or FTT constitute a security under any federal or state law.

## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF FLORIDA
## MIAMI DIVISION

### CASE NO. 1:22-cv-23753-KMM

**EDWIN GARRISON**, *et al.,* on behalf of
themselves and all others similarly situated,

     *Plaintiffs,*

*v.*

**SAM BANKMAN-FRIED**, *et al.*,

     *Defendants.*

_____/

### PLAINTIFF'S FIRST SET OF THREE REQUESTS FOR PRODUCTION TO DEFENDANT LAWRENCE GENE DAVID

     Plaintiff, pursuant to Fed. R. Civ. P. 26 and 34, requests that Defendant, Lawrence Gene

David ("David"), produce the documents requested in response to these three requests.

Dated: April 21, 2023            Respectfully submitted,

                         **By: */s/ Adam Moskowitz*_____**
                         Adam M. Moskowitz
                         Florida Bar No. 984280
                         adam@moskowitz-law.com
                         Joseph M. Kaye
                         Florida Bar No. 117520
                         joseph@moskowitz-law.com
                         **THE MOSKOWITZ LAW FIRM, PLLC**
                         2 Alhambra Plaza, Suite 601
                         Coral Gables, FL 33134
                         Telephone: (305) 740-1423

                         **By: */s/ David Boies***
                         David Boies
                         (*Pro Hac Vice*)
                         Alex Boies
                         (*Pro Hac Vice*)
                         **BOIES SCHILLER FLEXNER LLP**
                         333 Main Street
                         Armonk, NY 10504

Phone: (914) 749–8200
dboies@bsfllp.com

**By:** */s/ Stephen Neal Zack*
Stephen Neal Zack
Florida Bar No. 145215
**BOIES SCHILLER FLEXNER LLP**
100 SE 2nd St., Suite 2800
Miami, FL 33131
Office: 305-539-8400
szack@bsfllp.com

*Co-Counsel for Plaintiff and the Class*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on April 21, 2023, a true and correct copy of the foregoing was

sent via electronic mail to counsel for Defendants.

By: */s/ Adam M. Moskowitz*
ADAM M. MOSKOWITZ

2

*Edwin Garrison, et al. v. Samuel Bankman-Fried, et al.*
*Case No. 1:22-cv-23753-KMM*

## DEFINITIONS AND INSTRUCTIONS

Unless otherwise specified, the terms set forth below have the following meanings:

1. "David," "You," or "Your" means Defendant Lawrence Gene David and any of his affiliates, representatives, or agents.

2. "FTX Entities" means West Realm Shires Services, Inc., FTX Trading Ltd, Blockfolio, Inc., and any of their affiliates, subsidiaries, divisions, segments, predecessors, successors, officers, directors, employees, representatives, or agents.

3. "FTX Platform" refers to the FTX Entities' mobile application and/or web-based cryptocurrency investment service that places cryptocurrency trade orders on behalf of users.

4. "YBAs" refers to the Yield-Bearing Accounts offered by the FTX Entities on the FTX Platform.

5. "FTT" refers to the native cryptocurrency exchange token of the FTX Platform ecosystem.

6. "FTX Platform" refers to the FTX Entities' mobile application cryptocurrency investment service that places cryptocurrency trade orders on behalf of users.

7. "Document(s)" means any written, printed, typed or other graphic matter, of any kind or nature, whether in hard copy or electronic format, whether the original, draft, or a copy and copies bearing notations or marks not found on the original, including but not limited to memoranda, reports, recommendations, notes, letters, envelopes, post-its, emails, telegrams, messages, manuscripts, studies, analyses, tests, comparisons, books, articles, pamphlets, magazines, newspapers, booklets, circulars, bulletins, notices, instructions, minutes, agreements, contracts, and all other written communications, of any type, including inter and intra-office communications, purchase orders, invoices, bills, receipts, questionnaires, surveys,

3

charts, graphs, videos, photographs, sketches, drawings, house sheets, tapes, voice messages or other recordings, print-outs or compilations from which information can be obtained or, if necessary, translated through detection devices into reasonably usable form, including all underlying or preparatory materials and drafts thereof.

8. Unless otherwise stated in a request, the time period for which you must respond is beginning in January 1, 2019 and ending at the present time.

9. "Person" or "People" means any natural person(s) or any business, legal, or governmental entity (or entities) or association(s).

10. All/Each – The terms "all" and "each" shall be construed as meaning either all or each as necessary to bring within the scope of the discovery request all responses that might otherwise be construed to be outside its scope.

11. Objections: Where an objection is made to any request, the objection shall state with specificity all grounds. Any ground not stated in an objection within the time provided by the Federal Rules of Civil Procedure, or by the Court's order, or any extensions thereof, shall be waived.

12. Whenever a reference to a business entity appears, the reference shall mean the business entity, its affiliated companies, partnerships, divisions, subdivisions, directors, officers, employees, agents, clients or other representatives of affiliated third parties.

## **<u>INSTRUCTIONS</u>**

1. Production of documents and items requested herein shall be made at the offices of The Moskowitz Law Firm, P.O. Box 141609, Coral Gables, FL 33114, or for hand deliveries at 251 Valencia Ave #141609, Coral Gables, FL 33114, or via electronic mail to the email addresses provided in the signature blocks of the attorneys serving these requests.

2.      These requests shall include all documents that are in the possession, custody or control of Defendant or in the possession, custody or control of the present or former agents, representatives, or attorneys of Defendant, or any and all persons acting on the behalf of Defendant, or its present or former agents, representatives, or attorneys.

3.      For any document covered by a request that is withheld from production, Defendant shall provide the following information in the form of a privilege log:

        a.     the reasons and facts supporting any withholding;

        b.     the date such document was prepared;

        c.     the names, employment positions and addresses of the author or preparers of such document;

        d.     the names, employment positions, and the addresses of each person who received such document;

        e.     the title and a brief description of the document; and

        f.     the number of the request under which such document would be produced but for the objection.

4.      If any document responsive to a request has been destroyed, produce all documents describing or referencing:

        a.     the contents of the lost or destroyed document;

        b.     all locations in which any copy of the lost or destroyed document had been maintained;

        c.     the date of such loss or destruction;

        d.     the name of each person who ordered, authorized, and carried out the destruction of any responsive document;

*Edwin Garrison, et al. v. Samuel Bankman-Fried, et al.*
*Case No. 1:22-cv-23753-KMM*

e.      all document retention and destruction policies in effect at the time any requested document was destroyed; and

f.      all efforts made to locate any responsive document alleged to have been lost.

5.      In producing the documents requested, indicate the specific request(s) pursuant to which document or group of documents is being produced.

6.      These requests should be deemed continuing, and supplemental productions should be provided as additional documents become available.

7.      All documents are to be produced in the following method:

a)  Single page .TIFF

b)  Color .jpg (Documents wherein reflection of importance relies on color, shall be produced in .jpg format)

c)  OCR at document level (All documents are to be provided with searchable text files with the exception of the redacted portions of redacted documents)

d)  Electronic documents and Emails are to be processed and converted from the electronic format to single page tiff

*Edwin Garrison, et al. v. Samuel Bankman-Fried, et al.*
*Case No. 1:22-cv-23753-KMM*

## THREE REQUESTS FOR PRODUCTION

***Please refer to the Definitions and Instructions when responding to these requests. To the extent that any of these requests seek information considered by Defendants to be confidential, Plaintiff have already agreed to enter into any reasonable confidentiality agreement with Defendants to protect such alleged confidential information.***

1.      All Documents and Communications, including contracts or agreements, regarding any business You conducted with the FTX Entities.

2.      All Documents and Communications, that show, evidence and/or relate to Defendant "targeting" Defendant's Florida fans, and Florida's FTX consumers, including but not limited to the "Don't Miss Out on Crypto" 2022 Super Bowl advertisement. *See* https://youtu.be/hWMnbJJpeZc (accessed April 21, 2023).

3.      All documents regarding any and all communications with the FTX Entities regarding whether YBAs or FTT constitute a security under any federal or state law.

7

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**
**MIAMI DIVISION**

**CASE NO. 1:22-cv-23753-KMM**

**EDWIN GARRISON**, *et al.,* on behalf of
themselves and all others similarly situated,

     *Plaintiffs,*

*v.*

**SAM BANKMAN-FRIED**, *et al.*,

     *Defendants.*

_____/

## <u>NOTICE OF TAKING THE VIDEOTAPED DEPOSITION OF</u>
## <u>DEFENDANT LAWRENCE GENE DAVID</u>

     Pursuant to Federal Rule of Civil Procedure 30, Plaintiff's counsel will take the deposition of the below-named person/entity on the date, time, and at the location indicated.

|  |  |
|---|---|
| **DEPONENT**: | Defendant Lawrence Gene David |
| **DATE**: | May 11, 2023 |
| **TIME**: | 10:00 AM (PDT) // 1:00 PM (EDT) |
| **LOCATION**: | Boies, Schiller Flexner, LLP |
|  | 725 S Figueroa Street, 31st Floor |
|  | Los Angeles, CA 90017 |
|  | Phone (213) 629–9040 |

     The aforesaid deposition will be before a court reporter, an officer authorized by law to administer oaths and take depositions in the State of California.  The deposition is being taken for the purpose of discovery, for use at trial, or both, or for such other purposes as are permitted under the Federal and Local Rules of Civil Procedure.

Dated: April 21, 2023                 Respectfully submitted,

                                     **By:** *<u>/s/ Adam Moskowitz</u>*
                                     Adam M. Moskowitz

*Edwin Garrison, et al. v. Samuel Bankman-Fried, et al.*
*Case No. 1:22-cv-23753-KMM*

Florida Bar No. 984280
adam@moskowitz-law.com
Joseph M. Kaye
Florida Bar No. 117520
joseph@moskowitz-law.com
**THE MOSKOWITZ LAW FIRM, PLLC**
2 Alhambra Plaza, Suite 601
Coral Gables, FL 33134
Telephone: (305) 740-1423

**By:** */s/ David Boies*
David Boies
(*Pro Hac Vice*)
Alex Boies
(*Pro Hac Vice*)
**BOIES SCHILLER FLEXNER LLP**
333 Main Street
Armonk, NY 10504
Phone: (914) 749–8200
dboies@bsfllp.com

**By:** */s/ Stephen Neal Zack*
Stephen Neal Zack
Florida Bar No. 145215
**BOIES SCHILLER FLEXNER LLP**
100 SE 2nd St., Suite 2800
Miami, FL 33131
Office: 305-539-8400
szack@bsfllp.com

*Co-Counsel for Plaintiff and the Class*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the forgoing was filed on April 21, 2023, via the Court's CM/ECF system, which will send notification of such filing to all attorneys of record.

By: */s/ Adam M. Moskowitz*
ADAM M. MOSKOWITZ

# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF FLORIDA
# MIAMI DIVISION

## CASE NO. 1:22-cv-23753-KMM

**EDWIN GARRISON**, *et al.,* on behalf of
themselves and all others similarly situated,

     *Plaintiffs,*

*v.*

**SAM BANKMAN-FRIED**, *et al.*,

     *Defendants.*

_____/

## PLAINTIFF'S FIRST SET OF THREE REQUESTS FOR PRODUCTION TO DEFENDANT NAOMI OSAKA

     Plaintiff, pursuant to Fed. R. Civ. P. 26 and 34, requests that Defendant, Naomi Osaka

("Osaka"), produce the documents requested in response to these three requests.

Dated: April 21, 2023

Respectfully submitted,

**By: */s/ Adam Moskowitz*_____**
Adam M. Moskowitz
Florida Bar No. 984280
adam@moskowitz-law.com
Joseph M. Kaye
Florida Bar No. 117520
joseph@moskowitz-law.com
**THE MOSKOWITZ LAW FIRM, PLLC**
2 Alhambra Plaza, Suite 601
Coral Gables, FL 33134
Telephone: (305) 740-1423

**By: */s/ David Boies***
David Boies
(*Pro Hac Vice*)
Alex Boies
(*Pro Hac Vice*)
**BOIES SCHILLER FLEXNER LLP**
333 Main Street
Armonk, NY 10504

*Edwin Garrison, et al. v. Samuel Bankman-Fried, et al.*
*Case No. 1:22-cv-23753-KMM*

Phone: (914) 749–8200
dboies@bsfllp.com

**By:** */s/ Stephen Neal Zack*
Stephen Neal Zack
Florida Bar No. 145215
**BOIES SCHILLER FLEXNER LLP**
100 SE 2nd St., Suite 2800
Miami, FL 33131
Office: 305-539-8400
szack@bsfllp.com

*Co-Counsel for Plaintiff and the Class*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on April 21, 2023, a true and correct copy of the foregoing was

sent via electronic mail to counsel for Defendants.

By: */s/ Adam M. Moskowitz*
ADAM M. MOSKOWITZ

## <u>DEFINITIONS AND INSTRUCTIONS</u>

Unless otherwise specified, the terms set forth below have the following meanings:

1.    "Osaka," "You," or "Your" means Defendant Naomi Osaka and any of her affiliates, representatives, or agents.

2.    "FTX Entities" means West Realm Shires Services, Inc., FTX Trading Ltd, Blockfolio, Inc., and any of their affiliates, subsidiaries, divisions, segments, predecessors, successors, officers, directors, employees, representatives, or agents.

3.    "FTX Platform" refers to the FTX Entities' mobile application and/or web-based cryptocurrency investment service that places cryptocurrency trade orders on behalf of users.

4.    "YBAs" refers to the Yield-Bearing Accounts offered by the FTX Entities on the FTX Platform.

5.    "FTT" refers to the native cryptocurrency exchange token of the FTX Platform ecosystem.

6.    "FTX Platform" refers to the FTX Entities' mobile application cryptocurrency investment service that places cryptocurrency trade orders on behalf of users.

7.    "Document(s)" means any written, printed, typed or other graphic matter, of any kind or nature, whether in hard copy or electronic format, whether the original, draft, or a copy and copies bearing notations or marks not found on the original, including but not limited to memoranda, reports, recommendations, notes, letters, envelopes, post-its, emails, telegrams, messages, manuscripts, studies, analyses, tests, comparisons, books, articles, pamphlets, magazines, newspapers, booklets, circulars, bulletins, notices, instructions, minutes, agreements, contracts, and all other written communications, of any type, including inter and intra-office communications, purchase orders, invoices, bills, receipts, questionnaires, surveys,

charts, graphs, videos, photographs, sketches, drawings, house sheets, tapes, voice messages or other recordings, print-outs or compilations from which information can be obtained or, if necessary, translated through detection devices into reasonably usable form, including all underlying or preparatory materials and drafts thereof.

8.　　　Unless otherwise stated in a request, the time period for which you must respond is beginning in January 1, 2019 and ending at the present time.

9.　　　"Person" or "People" means any natural person(s) or any business, legal, or governmental entity (or entities) or association(s).

10.　　All/Each – The terms "all" and "each" shall be construed as meaning either all or each as necessary to bring within the scope of the discovery request all responses that might otherwise be construed to be outside its scope.

11.　　Objections: Where an objection is made to any request, the objection shall state with specificity all grounds. Any ground not stated in an objection within the time provided by the Federal Rules of Civil Procedure, or by the Court's order, or any extensions thereof, shall be waived.

12.　　Whenever a reference to a business entity appears, the reference shall mean the business entity, its affiliated companies, partnerships, divisions, subdivisions, directors, officers, employees, agents, clients or other representatives of affiliated third parties.

## **<u>INSTRUCTIONS</u>**

1.　　Production of documents and items requested herein shall be made at the offices of The Moskowitz Law Firm, P.O. Box 141609, Coral Gables, FL 33114, or for hand deliveries at 251 Valencia Ave #141609, Coral Gables, FL 33114, or via electronic mail to the email addresses provided in the signature blocks of the attorneys serving these requests.

2.      These requests shall include all documents that are in the possession, custody or control of Defendant or in the possession, custody or control of the present or former agents, representatives, or attorneys of Defendant, or any and all persons acting on the behalf of Defendant, or its present or former agents, representatives, or attorneys.

3.      For any document covered by a request that is withheld from production, Defendant shall provide the following information in the form of a privilege log:

a.      the reasons and facts supporting any withholding;

b.      the date such document was prepared;

c.      the names, employment positions and addresses of the author or preparers of such document;

d.      the names, employment positions, and the addresses of each person who received such document;

e.      the title and a brief description of the document; and

f.      the number of the request under which such document would be produced but for the objection.

4.      If any document responsive to a request has been destroyed, produce all documents describing or referencing:

a.      the contents of the lost or destroyed document;

b.      all locations in which any copy of the lost or destroyed document had been maintained;

c.      the date of such loss or destruction;

d.      the name of each person who ordered, authorized, and carried out the destruction of any responsive document;

    e.     all document retention and destruction policies in effect at the time any requested document was destroyed; and

    f.     all efforts made to locate any responsive document alleged to have been lost.

5.    In producing the documents requested, indicate the specific request(s) pursuant to which document or group of documents is being produced.

6.    These requests should be deemed continuing, and supplemental productions should be provided as additional documents become available.

7.    All documents are to be produced in the following method:

    a)  Single page .TIFF

    b)  Color .jpg (Documents wherein reflection of importance relies on color, shall be produced in .jpg format)

    c)  OCR at document level (All documents are to be provided with searchable text files with the exception of the redacted portions of redacted documents)

    d)  Electronic documents and Emails are to be processed and converted from the electronic format to single page tiff

*Edwin Garrison, et al. v. Samuel Bankman-Fried, et al.*
*Case No. 1:22-cv-23753-KMM*

## THREE REQUESTS FOR PRODUCTION

*Please refer to the Definitions and Instructions when responding to these requests. To the extent that any of these requests seek information considered by Defendants to be confidential, Plaintiff have already agreed to enter into any reasonable confidentiality agreement with Defendants to protect such alleged confidential information.*

1.      All Documents and Communications, including contracts or agreements, regarding Your Global Partnership with the FTX Entities. *See* https://www.prnewswire.com/news-releases/naomi-osaka-world-renowned-tennis-player-and-activist-becomes-global-ambassador-and-shareholder-of-ftx-with-long-term-partnership-to-increase-access-and-opportunity-for-women-in-crypto-301506633.html (accessed April 21, 2023).

2.      All Documents and Communications, that show, evidence and/or relate to Defendant "targeting" Defendant's Florida fans, and Florida's FTX consumers, including but not limited to, (1) through wearing the FTX logo on the kit Defendant wore at tournaments, including the 2022 Miami Open, and (2) through any and all content you directed, created, produced, or participated in in association with the FTX Entities designed to promote the FTX Platform, FTT, and/or YBAs, such as the advertisement viewable here: https://youtu.be/pkuf8avR50k (accessed April 21, 2023).

3.      All documents regarding any and all communications with the FTX Entities regarding whether YBAs or FTT constitute a security under any federal or state law.

7

# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF FLORIDA
## MIAMI DIVISION
### CASE NO. 1:22-cv-23753-KMM

**EDWIN GARRISON**, *et al.,* on behalf of
themselves and all others similarly situated,

    *Plaintiffs,*

*v.*

**SAM BANKMAN-FRIED**, *et al.*,

    *Defendants.*

_____/

## <u>NOTICE OF TAKING THE VIDEOTAPED DEPOSITION OF</u>
## <u>DEFENDANT NAOMI OSAKA</u>

    Pursuant to Federal Rule of Civil Procedure 30, Plaintiff's counsel will take the deposition of the below-named person/entity on the date, time, and at the location indicated.

| | |
|---|---|
| **DEPONENT**: | Defendant Naomi Osaka |
| **DATE**: | May 10, 2023 |
| **TIME**: | 10:00 AM (PDT) // 1:00 PM (EDT) |
| **LOCATION**: | Boies, Schiller Flexner, LLP |
| | 725 S Figueroa Street, 31st Floor |
| | Los Angeles, CA 90017 |
| | Phone (213) 629–9040 |

    The aforesaid deposition will be before a court reporter, an officer authorized by law to administer oaths and take depositions in the State of California. The deposition is being taken for the purpose of discovery, for use at trial, or both, or for such other purposes as are permitted under the Federal and Local Rules of Civil Procedure.

Dated: April 21, 2023                Respectfully submitted,

                                 **By:** *<u>/s/ Adam Moskowitz</u>*
                                 Adam M. Moskowitz

*Edwin Garrison, et al. v. Samuel Bankman-Fried, et al.*
*Case No. 1:22-cv-23753-KMM*

Florida Bar No. 984280
adam@moskowitz-law.com
Joseph M. Kaye
Florida Bar No. 117520
joseph@moskowitz-law.com
**THE MOSKOWITZ LAW FIRM, PLLC**
2 Alhambra Plaza, Suite 601
Coral Gables, FL 33134
Telephone: (305) 740-1423

**By:** */s/ David Boies*
David Boies
(*Pro Hac Vice*)
Alex Boies
(*Pro Hac Vice*)
**BOIES SCHILLER FLEXNER LLP**
333 Main Street
Armonk, NY 10504
Phone: (914) 749–8200
dboies@bsfllp.com

**By:** */s/ Stephen Neal Zack*
Stephen Neal Zack
Florida Bar No. 145215
**BOIES SCHILLER FLEXNER LLP**
100 SE 2nd St., Suite 2800
Miami, FL 33131
Office: 305-539-8400
szack@bsfllp.com

*Co-Counsel for Plaintiff and the Class*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the forgoing was filed on April 21, 2023, via the Court's CM/ECF system, which will send notification of such filing to all attorneys of record.

By: */s/ Adam M. Moskowitz*
ADAM M. MOSKOWITZ

# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF FLORIDA
### MIAMI DIVISION

### CASE NO. 1:22-cv-23753-KMM

**EDWIN GARRISON**, *et al.,* on behalf of
themselves and all others similarly situated,

      *Plaintiffs,*

*v.*

**SAM BANKMAN-FRIED**, *et al.*,

      *Defendants.*

_____/

## PLAINTIFF'S FIRST SET OF THREE REQUESTS FOR PRODUCTION TO DEFENDANT STEPHEN CURRY

      Plaintiff, pursuant to Fed. R. Civ. P. 26 and 34, requests that Defendant, Stephen Curry

("Curry"), produce the documents requested in response to these three requests.

Dated: April 21, 2023

                  Respectfully submitted,

                  **By: */s/ Adam Moskowitz*_____
                  Adam M. Moskowitz
                  Florida Bar No. 984280
                  adam@moskowitz-law.com
                  Joseph M. Kaye
                  Florida Bar No. 117520
                  joseph@moskowitz-law.com
                  **THE MOSKOWITZ LAW FIRM, PLLC**
                  2 Alhambra Plaza, Suite 601
                  Coral Gables, FL 33134
                  Telephone: (305) 740-1423

                  **By: */s/ David Boies*
                  David Boies
                  (*Pro Hac Vice*)
                  Alex Boies
                  (*Pro Hac Vice*)
                  **BOIES SCHILLER FLEXNER LLP**
                  333 Main Street
                  Armonk, NY 10504

*Edwin Garrison, et al. v. Samuel Bankman-Fried, et al.*
*Case No. 1:22-cv-23753-KMM*

Phone: (914) 749–8200
dboies@bsfllp.com

**By:** */s/ Stephen Neal Zack*
Stephen Neal Zack
Florida Bar No. 145215
**BOIES SCHILLER FLEXNER LLP**
100 SE 2nd St., Suite 2800
Miami, FL 33131
Office: 305-539-8400
szack@bsfllp.com

*Co-Counsel for Plaintiff and the Class*

<u>**CERTIFICATE OF SERVICE**</u>

I HEREBY CERTIFY that on April 21, 2023, a true and correct copy of the foregoing was sent via electronic mail to counsel for Defendants.

By: */s/ Adam M. Moskowitz*
ADAM M. MOSKOWITZ

2

## DEFINITIONS AND INSTRUCTIONS

Unless otherwise specified, the terms set forth below have the following meanings:

1.      "Curry," "You," or "Your" means Defendant Stephen Curry and any of his affiliates, representatives, or agents.

2.      "FTX Entities" means West Realm Shires Services, Inc., FTX Trading Ltd, Blockfolio, Inc., and any of their affiliates, subsidiaries, divisions, segments, predecessors, successors, officers, directors, employees, representatives, or agents.

3.      "FTX Platform" refers to the FTX Entities' mobile application and/or web-based cryptocurrency investment service that places cryptocurrency trade orders on behalf of users.

4.      "YBAs" refers to the Yield-Bearing Accounts offered by the FTX Entities on the FTX Platform.

5.      "FTT" refers to the native cryptocurrency exchange token of the FTX Platform ecosystem.

6.      "FTX Platform" refers to the FTX Entities' mobile application cryptocurrency investment service that places cryptocurrency trade orders on behalf of users.

7.      "Document(s)" means any written, printed, typed or other graphic matter, of any kind or nature, whether in hard copy or electronic format, whether the original, draft, or a copy and copies bearing notations or marks not found on the original, including but not limited to memoranda, reports, recommendations, notes, letters, envelopes, post-its, emails, telegrams, messages, manuscripts, studies, analyses, tests, comparisons, books, articles, pamphlets, magazines, newspapers, booklets, circulars, bulletins, notices, instructions, minutes, agreements, contracts, and all other written communications, of any type, including inter and intra-office communications, purchase orders, invoices, bills, receipts, questionnaires, surveys,

charts, graphs, videos, photographs, sketches, drawings, house sheets, tapes, voice messages or other recordings, print-outs or compilations from which information can be obtained or, if necessary, translated through detection devices into reasonably usable form, including all underlying or preparatory materials and drafts thereof.

8.      Unless otherwise stated in a request, the time period for which you must respond is beginning in January 1, 2019 and ending at the present time.

9.      "Person" or "People" means any natural person(s) or any business, legal, or governmental entity (or entities) or association(s).

10.     All/Each – The terms "all" and "each" shall be construed as meaning either all or each as necessary to bring within the scope of the discovery request all responses that might otherwise be construed to be outside its scope.

11.     Objections: Where an objection is made to any request, the objection shall state with specificity all grounds. Any ground not stated in an objection within the time provided by the Federal Rules of Civil Procedure, or by the Court's order, or any extensions thereof, shall be waived.

12.     Whenever a reference to a business entity appears, the reference shall mean the business entity, its affiliated companies, partnerships, divisions, subdivisions, directors, officers, employees, agents, clients or other representatives of affiliated third parties.

## **INSTRUCTIONS**

1.      Production of documents and items requested herein shall be made at the offices of The Moskowitz Law Firm, P.O. Box 141609, Coral Gables, FL 33114, or for hand deliveries at 251 Valencia Ave #141609, Coral Gables, FL 33114, or via electronic mail to the email addresses provided in the signature blocks of the attorneys serving these requests.

*Edwin Garrison, et al. v. Samuel Bankman-Fried, et al.*
*Case No. 1:22-cv-23753-KMM*

2.     These requests shall include all documents that are in the possession, custody or control of Defendant or in the possession, custody or control of the present or former agents, representatives, or attorneys of Defendant, or any and all persons acting on the behalf of Defendant, or its present or former agents, representatives, or attorneys.

3.     For any document covered by a request that is withheld from production, Defendant shall provide the following information in the form of a privilege log:

       a.     the reasons and facts supporting any withholding;

       b.     the date such document was prepared;

       c.     the names, employment positions and addresses of the author or preparers of such document;

       d.     the names, employment positions, and the addresses of each person who received such document;

       e.     the title and a brief description of the document; and

       f.     the number of the request under which such document would be produced but for the objection.

4.     If any document responsive to a request has been destroyed, produce all documents describing or referencing:

       a.     the contents of the lost or destroyed document;

       b.     all locations in which any copy of the lost or destroyed document had been maintained;

       c.     the date of such loss or destruction;

       d.     the name of each person who ordered, authorized, and carried out the destruction of any responsive document;

    e.     all document retention and destruction policies in effect at the time any requested document was destroyed; and

    f.     all efforts made to locate any responsive document alleged to have been lost.

5.    In producing the documents requested, indicate the specific request(s) pursuant to which document or group of documents is being produced.

6.    These requests should be deemed continuing, and supplemental productions should be provided as additional documents become available.

7.    All documents are to be produced in the following method:

    a)  Single page .TIFF

    b)  Color .jpg (Documents wherein reflection of importance relies on color, shall be produced in .jpg format)

    c)  OCR at document level (All documents are to be provided with searchable text files with the exception of the redacted portions of redacted documents)

    d)  Electronic documents and Emails are to be processed and converted from the electronic format to single page tiff

*Edwin Garrison, et al. v. Samuel Bankman-Fried, et al.*
*Case No. 1:22-cv-23753-KMM*

## <u>THREE REQUESTS FOR PRODUCTION</u>

***Please refer to the Definitions and Instructions when responding to these requests. To the extent that any of these requests seek information considered by Defendants to be confidential, Plaintiff have already agreed to enter into any reasonable confidentiality agreement with Defendants to protect such alleged confidential information.***

1.      All Documents and Communications, including contracts or agreements, regarding Your Global Partnership with the FTX Entities. *See* https://www.prnewswire.com/news-releases/nba-superstar-stephen-curry-becomes-global-ambassador-and-shareholder-of-leading-cryptocurrency-exchange-ftx-through-long-term-partnership-301370497.html (accessed April 21, 2023).

2.      All Documents and Communications, including but not limited to Contracts or Agreements and any negotiations, that shows, evidences and/or relates to Defendant "targeting" Defendant's Florida fans, and Florida's FTX consumers, including but not limited to, through any NFTs You offered for sale on the FTX Platform, or through the extremely well-marketed the "#notanexpert" campaign and Your statements made in that campaign, including "I'm not an expert, ***and I don't need to be.*** With FTX I have everything I need to buy, sell, and trade crypto ***<u>safely.</u>***" *See* https://www.youtube.com/watch?v=gsy2N-XI04o (accessed April 21, 2023); *see also* https://www.prnewswire.com/news-releases/stephen-curry-drops-surprise-nft-for-charity-to-commemorate-breaking-all-time-nba-three-point-record-301447687.html (accessed April 21, 2023).

3.      All documents regarding any and all communications with the FTX Entities regarding whether YBAs or FTT constitute a security under any federal or state law.

# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF FLORIDA
### MIAMI DIVISION
### CASE NO. 1:22-cv-23753-KMM

**EDWIN GARRISON**, *et al.,* on behalf of
themselves and all others similarly situated,

     *Plaintiffs,*

*v.*

**SAM BANKMAN-FRIED**, *et al.*,

     *Defendants.*

_____ /

## NOTICE OF TAKING THE VIDEOTAPED DEPOSITION OF
## DEFENDANT STEPHEN CURRY

Pursuant to Federal Rule of Civil Procedure 30, Plaintiff's counsel will take the deposition of the below-named person/entity on the date, time, and at the location indicated.

|  |  |
|---|---|
| **DEPONENT**: | Defendant Stephen Curry |
| **DATE**: | May 9, 2023 |
| **TIME**: | 10:00 AM (PDT) // 1:00 PM (EDT) |
| **LOCATION**: | Boies, Schiller Flexner, LLP |
|  | 725 S Figueroa Street, 31st Floor |
|  | Los Angeles, CA 90017 |
|  | Phone (213) 629–9040 |

The aforesaid deposition will be before a court reporter, an officer authorized by law to administer oaths and take depositions in the State of California. The deposition is being taken for the purpose of discovery, for use at trial, or both, or for such other purposes as are permitted under the Federal and Local Rules of Civil Procedure.

*Edwin Garrison, et al. v. Samuel Bankman-Fried, et al.*
*Case No. 1:22-cv-23753-KMM*

Dated: April 21, 2023

Respectfully submitted,

**By:** */s/ Adam Moskowitz*
Adam M. Moskowitz
Florida Bar No. 984280
adam@moskowitz-law.com
Joseph M. Kaye
Florida Bar No. 117520
joseph@moskowitz-law.com
**THE MOSKOWITZ LAW FIRM, PLLC**
2 Alhambra Plaza, Suite 601
Coral Gables, FL 33134
Telephone: (305) 740-1423

**By:** */s/ David Boies*
David Boies
(*Pro Hac Vice*)
Alex Boies
(*Pro Hac Vice*)
**BOIES SCHILLER FLEXNER LLP**
333 Main Street
Armonk, NY 10504
Phone: (914) 749–8200
dboies@bsfllp.com

**By:** */s/ Stephen Neal Zack*
Stephen Neal Zack
Florida Bar No. 145215
**BOIES SCHILLER FLEXNER LLP**
100 SE 2nd St., Suite 2800
Miami, FL 33131
Office: 305-539-8400
szack@bsfllp.com
*Co-Counsel for Plaintiff and the Class*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the forgoing was filed on April 21,

2023, via Court's CM/ECF system, which will send notification to all attorneys of record.

By: */s/ Adam M. Moskowitz*
ADAM M. MOSKOWITZ

2

# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF FLORIDA
## MIAMI DIVISION

### CASE NO. 1:22-cv-23753-KMM

**EDWIN GARRISON**, *et al.,* on behalf of
themselves and all others similarly situated,

     *Plaintiffs,*

*v.*

**SAM BANKMAN-FRIED**, *et al.*,

     *Defendants.*

_____/

## PLAINTIFF'S FIRST SET OF THREE REQUESTS FOR PRODUCTION TO DEFENDANT UDONIS HASLEM

     Plaintiff, pursuant to Fed. R. Civ. P. 26 and 34, requests that Defendant, Udonis Haslem

("Haslem"), produce the documents requested in response to these three requests.

Dated: May 26, 2023

Respectfully submitted,

**By: _/s/ Adam Moskowitz_**
Adam M. Moskowitz
Florida Bar No. 984280
Joseph M. Kaye
Florida Bar No. 117520
**THE MOSKOWITZ LAW FIRM, PLLC**
3250 Mary Street, Suite 202
Miami, FL 33133
Mailing Address:
P.O. Box 653409
Miami, FL 33175
Telephone: (305) 740-1423
adam@moskowitz-law.com
joseph@moskowitz-law.com

**By: _/s/ David Boies_**
David Boies
(*Pro Hac Vice*)
Alex Boies
(*Pro Hac Vice*)

*Edwin Garrison, et al. v. Samuel Bankman-Fried, et al.*
*Case No. 1:22-cv-23753-KMM*

**BOIES SCHILLER FLEXNER LLP**
333 Main Street
Armonk, NY 10504
Phone: (914) 749–8200
dboies@bsfllp.com

**By:** */s/ Stephen Neal Zack*
Stephen Neal Zack
Florida Bar No. 145215
**BOIES SCHILLER FLEXNER LLP**
100 SE 2nd St., Suite 2800
Miami, FL 33131
Office: 305-539-8400
szack@bsfllp.com

**By:** */s/Jose M. Ferrer*
Jose Ferrer
Florida Bar No. 173746
Michelle Genet Bernstein
Florida Bar No. 1030736
**MARK MIGDAL HAYDEN LLP**
80 SW 8th Street, Suite 1999
Miami, FL 33130
Office: 305-374-0440
jose@markmigdal.com
michelle@markmigdal.com

*Co-Counsel for Plaintiff and the Class*

## <u>CERTIFICATE OF SERVICE</u>

I HEREBY CERTIFY that on May 26, 2023, a true and correct copy of the foregoing was

sent via electronic mail to counsel for Defendants.

By: */s/ Adam M. Moskowitz*
ADAM M. MOSKOWITZ

*Edwin Garrison, et al. v. Samuel Bankman-Fried, et al.*
*Case No. 1:22-cv-23753-KMM*

## DEFINITIONS AND INSTRUCTIONS

Unless otherwise specified, the terms set forth below have the following meanings:

1.      "Haslem," "You," or "Your" means Defendant Udonis Haslem and any of his affiliates, representatives, or agents.

2.      "FTX Entities" means West Realm Shires Services, Inc., FTX Trading Ltd, Blockfolio, Inc., and any of their affiliates, subsidiaries, divisions, segments, predecessors, successors, officers, directors, employees, representatives, or agents.

3.      "FTX Platform" refers to the FTX Entities' mobile application and/or web-based cryptocurrency investment service that places cryptocurrency trade orders on behalf of users.

4.      "YBAs" refers to the Yield-Bearing Accounts offered by the FTX Entities on the FTX Platform.

5.      "FTT" refers to the native cryptocurrency exchange token of the FTX Platform ecosystem.

6.      "FTX Platform" refers to the FTX Entities' mobile application cryptocurrency investment service that places cryptocurrency trade orders on behalf of users.

7.      "Document(s)" means any written, printed, typed or other graphic matter, of any kind or nature, whether in hard copy or electronic format, whether the original, draft, or a copy and copies bearing notations or marks not found on the original, including but not limited to memoranda, reports, recommendations, notes, letters, envelopes, post-its, emails, telegrams, messages, manuscripts, studies, analyses, tests, comparisons, books, articles, pamphlets, magazines, newspapers, booklets, circulars, bulletins, notices, instructions, minutes, agreements, contracts, and all other written communications, of any type, including inter and intra-office communications, purchase orders, invoices, bills, receipts, questionnaires, surveys,

3

charts, graphs, videos, photographs, sketches, drawings, house sheets, tapes, voice messages or other recordings, print-outs or compilations from which information can be obtained or, if necessary, translated through detection devices into reasonably usable form, including all underlying or preparatory materials and drafts thereof.

8. Unless otherwise stated in a request, the time period for which you must respond is beginning in January 1, 2019 and ending at the present time.

9. "Person" or "People" means any natural person(s) or any business, legal, or governmental entity (or entities) or association(s).

10. All/Each – The terms "all" and "each" shall be construed as meaning either all or each as necessary to bring within the scope of the discovery request all responses that might otherwise be construed to be outside its scope.

11. Objections: Where an objection is made to any request, the objection shall state with specificity all grounds. Any ground not stated in an objection within the time provided by the Federal Rules of Civil Procedure, or by the Court's order, or any extensions thereof, shall be waived.

12. Whenever a reference to a business entity appears, the reference shall mean the business entity, its affiliated companies, partnerships, divisions, subdivisions, directors, officers, employees, agents, clients or other representatives of affiliated third parties.

## <u>INSTRUCTIONS</u>

1. Production of documents and items requested herein shall be made at the offices of The Moskowitz Law Firm, P.O. Box 653409, Miami, FL 33133 or via electronic mail to the email addresses provided in the signature blocks of the attorneys serving these requests.

2. These requests shall include all documents that are in the possession, custody or control of Defendant or in the possession, custody or control of the present or former agents, representatives, or attorneys of Defendant, or any and all persons acting on the behalf of Defendant, or its present or former agents, representatives, or attorneys.

3. For any document covered by a request that is withheld from production, Defendant shall provide the following information in the form of a privilege log:

    a. the reasons and facts supporting any withholding;

    b. the date such document was prepared;

    c. the names, employment positions and addresses of the author or preparers of such document;

    d. the names, employment positions, and the addresses of each person who received such document;

    e. the title and a brief description of the document; and

    f. the number of the request under which such document would be produced but for the objection.

4. If any document responsive to a request has been destroyed, produce all documents describing or referencing:

    a. the contents of the lost or destroyed document;

    b. all locations in which any copy of the lost or destroyed document

*Edwin Garrison, et al. v. Samuel Bankman-Fried, et al.*
*Case No. 1:22-cv-23753-KMM*

    had been maintained;

    c.    the date of such loss or destruction;

    d.    the name of each person who ordered, authorized, and carried out the destruction of any responsive document;

    e.    all document retention and destruction policies in effect at the time any requested document was destroyed; and

    f.    all efforts made to locate any responsive document alleged to have been lost.

5.    In producing the documents requested, indicate the specific request(s) pursuant to which document or group of documents is being produced.

6.    These requests should be deemed continuing, and supplemental productions should be provided as additional documents become available.

7.    All documents are to be produced in the following method:

    a) Single page .TIFF

    b) Color .jpg (Documents wherein reflection of importance relies on color, shall be produced in .jpg format)

    c) OCR at document level (All documents are to be provided with searchable text files with the exception of the redacted portions of redacted documents)

    d) Electronic documents and Emails are to be processed and converted from the electronic format to single page tiff

*Edwin Garrison, et al. v. Samuel Bankman-Fried, et al.*
*Case No. 1:22-cv-23753-KMM*

## THREE REQUESTS FOR PRODUCTION

*Please refer to the Definitions and Instructions when responding to these requests. To the extent that any of these requests seek information considered by Defendants to be confidential, Plaintiff have already agreed to enter into any reasonable confidentiality agreement with Defendants to protect such alleged confidential information.*

1.    All Documents and Communications, including contracts or agreements, regarding Your Partnership with the FTX Entities. *See* https://heatnation.com/media/udonis-haslem-reveals-ftx-gypped-him-out-of-15m/ (accessed May 26, 2023).

2.    All Documents and Communications, that show, evidence and/or relate to Defendant "targeting" Defendant's Florida fans and Florida's FTX consumers, including but not limited to the FTX Charity Hackathon and "You In?" advertising campaign. *See* https://www.youtube.com/watch?v=4sD8uLYzzwM (accessed May 26, 2023).

3.    All documents regarding any and all communications with the FTX Entities regarding whether YBAs or FTT constitute a security under any federal or state law.

# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF FLORIDA
## MIAMI DIVISION
### CASE NO. 1:22-cv-23753-KMM

**EDWIN GARRISON**, *et al.,* on behalf of
themselves and all others similarly situated,

    *Plaintiffs,*

*v.*

**SAM BANKMAN-FRIED**, *et al.*,

    *Defendants.*

_____/

## <u>NOTICE OF TAKING THE VIDEOTAPED DEPOSITION OF</u>
## <u>DEFENDANT UDONIS HASLEM</u>

Pursuant to Federal Rule of Civil Procedure 30, Plaintiff's counsel will take the deposition of the below-named person/entity on the date, time, and at the location indicated.

| | |
|---|---|
| **DEPONENT**: | Defendant Udonis Haslem |
| **DATE**: | July 20, 2023 |
| **TIME**: | 10:00 AM (EDT) |
| **LOCATION**: | Boies, Schiller Flexner, LLP<br>BOIES SCHILLER FLEXNER LLP<br>100 SE 2nd St., Suite 2800<br>Miami, FL 33131 |

The aforesaid deposition will be before a court reporter, an officer authorized by law to administer oaths and take depositions in the State of Florida. The deposition is being taken for the purpose of discovery, for use at trial, or both, or for such other purposes as are permitted under the Federal and Local Rules of Civil Procedure.

Dated: May 30, 2023

Respectfully submitted,

By: *<u>/s/ Adam Moskowitz</u>*
Adam M. Moskowitz
Florida Bar No. 984280
Joseph M. Kaye
Florida Bar No. 117520
**THE MOSKOWITZ LAW FIRM, PLLC**

3250 Mary Street, Suite 202
Miami, FL 33133
Mailing Address:
P.O. Box 653409
Miami, FL 33175
Telephone: (305) 740-1423
adam@moskowitz-law.com
joseph@moskowitz-law.com

**By:** *__/s/ David Boies__*
David Boies
(*Pro Hac Vice*)
Alex Boies
(*Pro Hac Vice*)
**BOIES SCHILLER FLEXNER LLP**
333 Main Street
Armonk, NY 10504
Phone: (914) 749–8200
dboies@bsfllp.com

**By:** *__/s/ Stephen Neal Zack__*
Stephen Neal Zack
Florida Bar No. 145215
**BOIES SCHILLER FLEXNER LLP**
100 SE 2nd St., Suite 2800
Miami, FL 33131
Office: 305-539-8400
szack@bsfllp.com

By: *__/s/Jose M. Ferrer__*
Jose Ferrer
Florida Bar No. 173746
Michelle Genet Bernstein
Florida Bar No. 1030736
MARK MIGDAL HAYDEN LLP
80 SW 8th Street, Suite 1999
Miami, FL 33130
Office: 305-374-0440
jose@markmigdal.com
michelle@markmigdal.com

*Co-Counsel for Plaintiff and the Class*

*Edwin Garrison, et al. v. Samuel Bankman-Fried, et al.*
*Case No. 1:22-cv-23753-KMM*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the forgoing was served on May 30,

2023, via email to all attorneys of record.

By: */s/ Adam M. Moskowitz*
ADAM M. MOSKOWITZ

3

# Exhibit E

**PLAINTIFFS' OMNIBUS MOTION TO LIFT DISCOVERY STAY AND FOR LEAVE TO CONDUCT JURISDICTIONAL DISCOVERY, AND, IF NECESSARY TO AMEND THEIR COMPLAINTS WITH ANY FACTS ARISING FROM SUCH DISCOVERY**

Message

| | |
|---|---|
| **From:** | Sam Bankman-Fried [sam@alameda-research.com] |
| **on behalf of** | Sam Bankman-Fried <sam@alameda-research.com> [sam@alameda-research.com] |
| **Sent:** | 4/25/2021 5:34:43 AM |
| **To:** | Arjun Balaji [arjun@paradigm.xyz] |
| **CC:** | Lehua Cortez [lehua@paradigm.xyz]; Matt Huang [matt@paradigm.xyz] |
| **Subject:** | Re: rob sarver |
| **Attachments:** | FTX stats 2021-04-23.xlsx |

thanks!

And I definitely apologize for being a bit (intentionally) difficult to interface with on the call.

BTW:

a) new file attached; 1 more day and fixes a column labeling issue (same overall but 2 revenue source labels got swapped).
b) **indicative and super confidential**: this is not finalized yet but it's roughly what we anticipate sending out very soon: https://docs.google.com/document/d/1rcIFddVBEBn9CMgOTfz-TCrxwObRuo32PPRWj2o1jyY/edit?usp=sharing (request access). Note that some of the information there is a few days old.

—
Sam Bankman-Fried

On April 24, 2021, 8:51 AM GMT+8 sam@alameda-research.com wrote:

Hey guys -- updated numbers attached.

—
Sam Bankman-Fried

On April 23, 2021, 4:52 AM GMT+8 sam@alameda-research.com wrote:

sounds good!

—
Sam Bankman-Fried

On April 23, 2021, 4:35 AM GMT+8 arjun@paradigm.xyz wrote:

Hi Sam, apologies for what looks like a messy game of telephone here.

**GOVERNMENT
EXHIBIT
320**
22 Cr. 673 (LAK)

FTX_001497598

Re-affirming that we haven't discussed or considered "12B", so genuinely confused where that's coming from. Simply put, our interest in a potential partnership with FTX (or anyone, really) comes from optimism about the long-term potential of the business and the positive impact it can have.

In the interest of transparency: we are (of course) impressed by the scale you've accomplished so quickly, but we *do* have some concerns, briefly outlined below.

1) Governance. As we understand, FTX is effectively owned + controlled by Sam, lacking more traditional corporate governance model, rights, etc. One example of where this can negatively manifest with crypto companies is through (unintended) value leakage, e.g. via FTT, Alameda, or some other mechanism. Like you, we place a *heavy* emphasis on alignment. As a shareholder, we'd want confidence that the value FTX creates accrues directly to equity holders. We're not suggesting that this isn't the case today; just that, candidly, we aren't sure how to think about it yet.

2) Price. Thanks for your earlier feedback; let's discuss live tomorrow.

Our lens may be colored by our sense of the highest order goal: paving the best path to FTX building an enduring franchise, and (eventually) listing as a public company. I don't think we're misaligned on this goal, so perhaps the disagreement is on how to maximize success to that end.

In any case, appreciate your patience and look forward to discussing in higher resolution tomorrow.


On Thu, Apr 22, 2021 at 10:33 AM, Sam Bankman-Fried <sam@alameda-research.com> wrote:
Got it -- hearing a lot of inconsistent things here between you, the others, and third hand sources about it.

Happy to chat about it!

—

Sam Bankman-Fried


On April 23, 2021, 1:27 AM GMT+8 matt@paradigm.xyz wrote:

Hi Sam: happy to talk through it. We have never thought about "12" as a number, much less talked about that number with anyone. It also is not in our interest to do anything to harm you or FTX — we are long crypto more than we are long any particular company, and we all benefit from good actors like you building successfully. I would be surprised if this chatter is coming from us, or anyone we associate with — this is not how high quality venture/growth investors behave.


On Thu, Apr 22 2021 at 10:24 AM, Sam Bankman-Fried <sam@alameda-research.com> wrote:
"Word on the street" is that we're asking for $12B val.

90% sure it's coming from those conversations.

Not super appreciative of that, though no reason to think it's you guys in particular, could be coming from any one of them.

CONFIDENTIAL TREATMENT REQUESTED BY FTX

Frankly a pretty bad look given the Coinbase holdings many of that group have, makes us wonder what the motivation behind it is.

I'm not sure what your guys thoughts are on the raise but maybe to be more explicit about this: it's totally fine if you want a $12b val, but we don't, and we would rather just not raise, which is totally fine with us! Also lots of others are happy with 20b, and FTT implies a much higher val, so would be kinda weird for us to raise a 10-12 from a group of people who have not historically been very aligned with us. Super happy to keep talking about the raise if you want, and happy to talk about valuation if you have a convincing case for it!

I'm not really sure how we as a community got to where we are -- we should be looking to work together in the crypto space, not fight each other, and things seem surprisingly sectarian -- though at some point vested interest in projects might just cause that, which could just be a prisoner's dilemma.

I'm happy to hop on a call to discuss if helpful--we have one scheduled for tomorrow--but wanted to jump on this fairly quickly because it's very important to us that there be honesty in this process and we suspect that somewhere near here misleading information is being passed behind our backs.

And again -- don't mean this as specifically targeting you guys -- could just as easily be any of the others.

—

Sam Bankman-Fried


On April 23, 2021, 1:14 AM GMT+8 matt@paradigm.xyz wrote:

Hi Sam:

We've just been chatting with a few folks we know and often collaborate with (Tiger, MFN, Ribbit, Coatue) to compare notes on the opportunity.

The discussion / consensus seems to be:
1) everyone loves you, SBF + the core FTX platform
2) $20B is a very high price (even for Tiger and Coatue who are setting price records in the private markets)

What is the message that you think is leaking?


On Thu, Apr 22 2021 at 10:06 AM, Sam Bankman-Fried <sam@alameda-research.com> wrote:
Hey guys --

I was wondering if you could give more context on conversations you've been having with other VCs. I suspect that a somewhat garbled version of those is leaking out and being reframed as coming from us...

—

Sam Bankman-Fried


On April 19, 2021, 2:04 PM GMT+8 sam@alameda-research.com wrote:

sure!

CONFIDENTIAL TREATMENT REQUESTED BY FTX

—

Sam Bankman-Fried

On April 19, 2021, 12:51 PM GMT+8 matt@paradigm.xyz wrote:

Thanks Sam. is it OK for us to share this and discuss with MFN as well?

Either way, let's schedule a call among the 3 of us (you me and Arjun) this week?

On Sun, Apr 18 2021 at 1:54 PM, Sam Bankman-Fried <sam@alameda-research.com> wrote:
Hey!

I have a bunch of thoughts on this.

Here's something I wrote up recently on it--want to read it, and then decide whether it makes sense for us to have a call on it?

https://docs.google.com/document/d/1LRQcugHfFEp1zqG9rRZ3v2ikXuGQ_7w8oqpkoMHOnz8/edit?usp=sharing

Sam

—

Sam Bankman-Fried

On April 19, 2021, 1:18 AM GMT+8 matt@paradigm.xyz wrote:

Sam: hope you are well.

One thought/question for you:

We really like you and the FTX business, but feel $20B+ is mismatched with the scale of the current business. We gather that many other high quality investors may feel similarly.

Would you entertain an offer around $10B if we can aggregate a super high quality syndicate?

Eg perhaps it is Paradigm, Tiger, Coatue, Ribbit, MFN, etc?

This would still be low (~4%) dilution, while getting a bunch of premium names on the cap table ahead of any plans to go public / make inroads into the US.

If you'd be open to entertaining, we could work to try to put something together...

On Thu, Feb 25 2021 at 3:04 AM, Sam Bankman-Fried <sam@alameda-research.com> wrote:
Thanks :)

Hopefully that will come to fruition!

—
Sam Bankman-Fried

On February 25, 2021, 7:44 AM GMT+8 matt@paradigm.xyz wrote:

Hey Sam:

Just wanted to give you a heads up that I spoke to Robert Sarver about you and FTX/Alameda. He was curious
to do some referencing. Said all good things.. so best of luck on whatever collaboration you guys are cooking
up.

Best,
Matt

CONFIDENTIAL TREATMENT REQUESTED BY FTX

# Exhibit F

**PLAINTIFFS' OMNIBUS MOTION TO LIFT DISCOVERY STAY
AND FOR LEAVE TO CONDUCT JURISDICTIONAL DISCOVERY,
AND, IF NECESSARY TO AMEND THEIR COMPLAINTS WITH
ANY FACTS ARISING FROM SUCH DISCOVERY**

| | A | B | C | D | E | F |
|---|---|---|---|---|---|---|
| 1 | Project Name | Status | Lead(s) | Investment Ty | Category | Investment an |
| 2 | Modulo Capital | 8. Closed | Adam Jin, Ram | Equity | Mining | $550,000,000 |
| 3 | Anthropic | 8. Closed | Sam Bankman- | Equity | AI | $499,999,900 |
| 4 | Digital Assets DA AG | 8. Closed | Sam Bankman- | Acquisition, Eq | Mining | $320,000,000 |
| 5 | IEX | 8. Closed | Sam Bankman- | Acquisition | Exchange | $270,000,000 |
| 6 | Genesis Digital Assets (Feb 22) | 8. Closed | Adam Jin, Ram | Equity | Mining | $250,565,931 |
| 7 | Modulo Capital (Second Subscription) | 8. Closed | Sam Bankman- | Fund | | $250,000,000 |
| 8 | K5 | 4. Soft committ | Sam Bankman- | Equity | Fund | $200,000,000 |
| 9 | Modulo Capital | 8. Closed | Sam Bankman- | Fund | | $150,000,000 |
| 10 | Pionic (Toss) | 8. Closed | Sam Bankman- | Equity | Digital Banking | $113,700,000 |
| 11 | LUNA | 9. Exited | Brian Lee | OTC, Token | | $107,700,346 |
| 12 | Genesis Digital Assets | 8. Closed | Ramnik Arora, | Equity | Mining | $100,000,000 |
| 13 | Dave Inc | 8. Closed | Ramnik Arora | Convertible Not | Digital Banking | $100,000,000 |
| 14 | Sequoia Capital Fund, L.P. | 8. Closed | Sam Bankman- | Fund | Fund | $100,000,000 |
| 15 | Sequoia Capital Heritage Fund / SCHF Cayman LP | 8. Closed | Sam Bankman- | Fund | Fund | $100,000,000 |
| 16 | LINEAR | 9. Exited | Brian Lee | OTC, Token | | $100,000,000 |
| 17 | Mysten Labs | 8. Closed | Amy Wu | Equity | Infrastructure | $99,999,843 |
| 18 | ONT | 9. Exited | Brian Lee | OTC, Token | | $96,222,857 |
| 19 | VOYAGER DIGITAL LTD. | 8. Closed | Ramnik Arora | Equity | Borrowing/Lenc | $75,000,001 |
| 20 | VOYAGER DIGITAL LTD. (Loan) | 8. Closed | Ramnik Arora | Promissory Note | | $75,000,000 |
| 21 | Aptos / Matonee Inc(Series A) | 8. Closed | Ramnik Arora | Equity | Layer1 | $74,999,941 |
| 22 | HOLE Tokens | 8. Closed | Ramnik Arora | Token | | $67,500,000 |
| 23 | Liquid Value Fund I LP | 8. Closed | Ramnik Arora | Fund | Fund | $60,000,000 |
| 24 | Triple Dot | 8. Closed | Amy Wu | Equity | Gaming | $50,000,000 |
| 25 | NEAR (FTX follow up) | 8. Closed | Brian Lee, Amy | Token | Layer1 | $50,000,000 |
| 26 | Polygon Network | 8. Closed | Ramnik Arora | Token | Layer2 | $50,000,000 |
| 27 | Yuga Labs (BAYC) | 8. Closed | Amy Wu | Equity | NFT | $50,000,000 |
| 28 | Exodus | 8. Closed | Ramnik Arora | Equity | Wallet | $49,999,986 |
| 29 | SkyBridge Capital II, LLC | 7. Pending on s | Ramnik Arora | Fund | | $45,000,000 |
| 30 | REN | 9. Exited | Brian Lee | OTC, Token | | $40,948,702 |
| 31 | Critical Ideas, Inc. (Chipper Cash) | 8. Closed | Ramnik Arora | Equity | | $40,000,000 |
| 32 | LayerZero Labs Ltd | 8. Closed | Ramnik Arora, | Equity | Bridge, Infrastr | $40,000,000 |
| 33 | Brinc Drones | 8. Closed | Ramnik Arora | Equity | | $39,999,992 |
| 34 | Chipper Cash / Critical Ideas Inc (additional investment) | 8. Closed | Ramnik Arora | Equity | | $35,000,000 |
| 35 | Play Up | 8. Closed | Sam Bankman-Fried | Equity | | $35,000,000 |
| 36 | Voyager Digital PIPE | 8. Closed | Ramnik Arora | PIPE | | $35,000,000 |
| 37 | FTM | 9. Exited | Brian Lee | OTC, Token | | $34,949,727 |
| 38 | Port Finance (Token Swap) / Contrarian Defi LLC | 8. Closed | Sam Bankman- | Token | | $33,400,000 |
| 39 | PROM | 9. Exited | Brian Lee | OTC, Token | | $30,725,590 |

# Exhibit G

**PLAINTIFFS' OMNIBUS MOTION TO LIFT DISCOVERY STAY
AND FOR LEAVE TO CONDUCT JURISDICTIONAL DISCOVERY,
AND, IF NECESSARY TO AMEND THEIR COMPLAINTS WITH
ANY FACTS ARISING FROM SUCH DISCOVERY**



# Liquid Value Fund I, LP

**Sino Global Capital** *in partnership with* **FTX**




Information Current as of January 5, 2022

Private & Confidential - Not for Distribution



# Executive Summary

➢ **Liquid Value Fund I** is a stage agnostic closed-ended VC fund that invests in blockchain technology, cryptocurrencies and adjacent infrastructure.



**Sino Global Capital** is an Asia-based VC that has an **unrealized multiple of 31.8x** on mark-to-market investments that were made with prop capital over the last 15 months.

SGC is the **GP responsible for all fund discretionary decisions** of Liquid Value Fund I.



FTX is a cryptocurrency derivatives exchange that handles over $10B in daily volume.

**FTX** will serve as **Co-GP** and **anchor LP** of Liquid Value Fund I, providing significant strategic advantage. FTX will provide up to $60m in capital contributions.

➢ Fund I has a current portfolio of 22 investments, including an investment with a **14x markup and one with a 31x markup.**

➢ GP will return 100% of LP capital before taking carried interest.

➢ Substantial investment weight given to **FTX, Solana, and Serum** ecosystems.

Private & Confidential – Not for Distribution

 

# 1. Sino Global Capital

2. Liquid Value Fund I ("LV I")

3. Case Studies

4. Offering Overview

5. Contact & Data Room

6. Appendix

Private & Confidential - Not for Distribution

3

Sino Global Capital

# Key Facts

**Sino Global Capital – Key Facts:**

➢ Founded in 2015 and exclusively crypto-focused since early 2017.

➢ Writes strategic checks to best-in-class blockchain and digital asset projects.

➢ Known for strong Asia-based networks and ability to bridge East-West gaps.

➢ Prop AUM of more than $300M.

**Sino Global Capital – Team Member Distribution:**



Note: Beijing (1), Shanghai (1), Kunming (2), Hong Kong (1), Kuala Lumpur (1), Singapore (1), The Hague (1), Miami (1), Utah (1), USA (1), Bengaluru (2).

Private & Confidential – Not for Distribution

Sino Global Capital



# Team



**Managing Partner & CEO**
**Matthew Graham**

Matthew has seven years of mainland China investment banking experience with a focus on representing international technology companies in China for strategic partnership and investment. Previously Matthew working in financial services as trader. @mattysino



**Partner**
**Haru Chen**

Haru is a serial entrepreneur and investor from China's Yunnan Province. She has been focused on blockchain since 2015, and has invested in numerous successful projects including Ethereum, Neo, Ontology, EOS, Ada, RSK, and AE.



**Chief of Staff**
**Dermot McGrath**

Dermot has over 5 years of China experience focusing on corporate finance, investment analysis, deal making and technology commercialization. Before joining Sino Global Capital, he worked as a Finance Manager for a blue-chip Chinese Fortune 500 company. @dermotmcg



**COO & Head of Investment**
**Ian Wittkopp**

Ian has 6 years of experience working at the Bureau of Labor Statistics in Washington, D.C. in both the Budget and Economic Indicators Offices. Before joining SGC, Ian also consulted for numerous MNCs including Volkswagen-China and was a Product Manager at an InsurTech. @ianw888



**General Counsel & Head of IR**
**Patrick Loney**

Over seven years experience as a lawyer, merchant banker and entrepreneur in mainland China. Serving as General Counsel and fundraiser for SGC. Fluent in English and proficient in Mandarin. @PatrickLoneyo



**Senior Investment Associate**
**Hans Xiang**

Hans has over 3 years' experience in the blockchain industry. He completed his BSc in Finance & Control at The Hague University of Applied Sciences and has recently finished his MSc in Financial Technology at The University of Glasgow. He has a multilingual background in English, Chinese and Dutch. @OmniscientAsian



**Vice President - Communications**
**Sally Wang**

Sally has 6+ years combined experience in communications and crypto. Started as a Journalist in China state-owned media CGTN and found her passion for crypto. She has guided multiple crypto brands including TokenInsight, Velo Labs, DCG's Foundry etc. @sallywang666



**Investment Associate**
**Thomas Tang**

Thomas has 2+ years of experience in traditional finance, previously working at Citibank across multiple verticals including equities, credit & risk, portfolio & asset management. Thomas graduated from the London School of Economics in 2019, majoring in Accounting and Finance. @TTxtx



**Investment Associate**
**Wei Han**

Wei Han has over 5 years of product development experience in the Fintech industry. An early participant to the DeFi space, he was top 100 in the Degen Score leaderboard. Now, as a full-time investment associate at SGC he helps contribute to deal sourcing and research. @icweihan



**Investment Analyst**
**Ben Poynor**

Ben has four years of crypto experience, three years in backend web development, and two years in venture capital. @0xPomulus

5









 

# 1. Sino Global Capital
# 2. Liquid Value Fund I ("LV I")
# 3. Case Studies
# 4. Offering Overview
# 5. Contact & Data Room
# 6. Appendix

Private & Confidential - Not for Distribution

9

| Liquid Value Fund I |  |  |

# Fund & Manager

➢ Liquid Value Fund I, LP (the "Fund") is **managed by Sino Global Capital ("SGC") in partnership with FTX**.

➢ SGC will make **all discretionary decisions** regarding the management of the Fund.

➢ FTX will be **co-GP and anchor LP**. The fund represents the first time that FTX has allocated capital to an outside VC manager.

➢ SGC's mark-to market prop capital investments have a **31.8x unrealized multiple**.

➢ SGC has **22 deals** (and counting) in the Liquid Value Fund I portfolio.



SINO
GLOBAL CAPITAL

Matthew Graham
CEO | @mattysino

SGC is an established crypto investor with deep roots in Asia and within the rapidly expanding Solana ecosystem. Founded by Matthew Graham, SGC invests in leading crypto teams around the world.



FTX

Sam Bankman-Fried
CEO | @sbf_ftx

FTX is a crypto finance empire built by Sam Bankman-Fried ("SBF") & includes FTX Int'l ($25B crypto exchange), FTX.US (crypto exchange), Alameda Research (prop trading) & Alameda Ventures (prop VC).

Private & Confidential - Not for Distribution

10

**Liquid Value Fund I** 

# Key Advantages

*Competition for the best deals has increased; LV Fund I has significant advantages to access the best deal flow*



**Partnership with FTX**

➤ FTX as a co-GP and anchor LP unlocks significant strategic advantage.

➤ Rapidly growing brand recognition in US through high profile sponsorships of Miami Heat Arena, MLB and star athletes including Tom Brady, Steph Curry and Lewis Hamilton



**Best-in-class reputation and expertise**

➤ Crypto is an industry with large amounts of "vaporware."

➤ SGC investment signals trustworthiness and quality

➤ SGC provides key strategic relationships and post-investment support to portfolio.



**Significant mindshare in Solana ecosystem**

➤ SGC has invested broadly in Solana infrastructure

➤ Co-hosted a product demo day with Solana team to showcase best-in-class teams.

➤ Solana Ecosystem Outlook with SBF (FTX founder), Anatoly Yakovenko (Solana founder) and Matt (SGC founder)



**Strong Asia-based network and geographic diversity**

➤ SGC provides a strong Asia network and expertise, while also bridging Western networks.

➤ Being an Asia-based VC provides a significant advantage in winning deals.

Liquid Value Fund I 

# Key Advantages: FTX



## #32 Sam Bankman-Fried

Founder, FTX



PHOTO BY GUERIN BLASK FOR FORBES

**REAL TIME NET WORTH** $22.5B

as of 10/11/21

- Sam Bankman-Fried is the richest person in crypto, thanks to his FTX exchange and Alameda Research trading firm.

THE WALL STREET JOURNAL.

MARKETS | DEALS

## Crypto Exchange FTX Valued at $18 Billion in Funding Round

Investors include SoftBank, Sequoia Capital and Daniel Loeb's Third Point hedge fund





Cryptocurrencies

## Tom Brady and Gisele Bündchen Take Equity Stake in Crypto Firm FTX

By Vildana Hajric   + Follow
June 29, 2021, 8:00 PM GMT+8
Updated on June 30, 2021, 3:10 AM GMT+8

▶ 'They were both really into it,' says FTX's Sam Bankman-Fried

▶ Tampa quarterback tweets Monday that 'laser eyes didn't work'

Private & Confidential - Not for Distribution                    12

**Liquid Value Fund I**   

# Key Advantages: FTX

*FTX as a Co-GP and anchor LP unlocks significant strategic value through FTX ecosystem collaboration*

Sam Bankman-Fried is the CEO or founding member of the below entities



➤ Raised $1.32B in 2021; valued at $25B.

➤ Lists over 250 futures and 100 spot markets.

➤ Avg daily volume of $12–15B.

➤ Official sponsor of Major League baseball and Miami Heat.



➤ Subsidiary of FTX, focused on the U.S. market.

➤ Acquired LedgerX to expand offerings.

➤ Controls a CFTC derivatives clearing organization license letting it host complex contracts on the platform.

➤ Avg daily volume of $200–250M.



➤ Best-in-class OTC desk & market making services

➤ Manages over $1B in digital assets

➤ Trades between $1-$10 billion per day across thousands of products



➤ First decentralized, on-chain, central limit order book.

➤ Recently launched permissioned markets setting.

➤ $40M+ in daily volume (trailing 7 days)



Private & Confidential – Not for Distribution



**Liquid Value Fund I**  

# Key Advantages: Reputation

*SGC has spent years cultivating deep ecosystem relationships; SGC on a cap table is signal that a project is high quality*

**Reputation among crypto users and other investors:**
View SGC as long-term, high trust, community member



**Reputation among builders and portfolio companies:**
View SGC as taking extra effort post-investment





**Bryan Pellegrino – CEO of LayerZero Labs**
Sino Global Capital's founder friendly culture, deep network in both the east and west, and proven track record of extremely high commitment to long-term vision with portfolio companies makes them one investor every company building something real in this space should want in their corner

Liquid Value Fund I  

# Portfolio Investments (Page 1 of 2)

| Project | Category | Description |
|---|---|---|
| ORCA | Decentralized Exchange | **Orca** is the easiest, fastest, and most user-friendly automated market marker on Solana, a human-centred DEX built to optimise for simplicity and composability. |
| LayerZero. | Cross-Chain Architecture | **LayerZero** is an omnichain interoperability protocol that unites decentralized applications across disparate blockchains. |
| Clearpool | Institutional Liquidity | **Clearpool** is a decentralized capital markets ecosystem, where institutions can borrow uncollateralized liquidity, and LPs get attractive rewards. |
| ZETA | Decentralized Derivatives | **Zeta** is the premier under-collateralized DeFi options platform, providing liquid derivatives trading to individuals and institutions alike. |
| VYBE NETWORK | Blockchain Infrastructure | **Vybe Network** is the premier data-processing & analytics protocol for the Solana & Serum community. |
| SOLCERY | Gaming Infrastructure | **Solcery** is a decentralized games hub on Solana, connecting players, developers and creators in one place. |
| PHANTASIA | Sports Gaming | **Phantasia** is the first of its kind Fantasy Sports Platform made for players and powered by Blockchain technology. |

Private & Confidential · Not for Distribution

**Liquid Value Fund I**  SINO GLOBAL CAPITAL  FTX

# Portfolio Investments (Page 2 of 2)

| Project | Category | Description |
|---------|----------|-------------|
| paraswap | DeFi Aggregator | **ParaSwap** aggregates decentralized exchanges and other DeFi services in one comprehensive interface to streamline and facilitate users' interactions with DeFi. |
| pSTAKE | Liquid Staking | **pSTAKE** is a liquid staking protocol unlocking the liquidity of staked assets which can be used in DeFi to generate additional yield. |
| Atomic Form | NFT Hardware | **Atomic Form** builds hardware and software for NFTs and Web3 media, bridging physical and digital worlds through on-chain verification, participation and display. |
| NYAN | Decentralised Gaming | **Nyan Heroes** is a NFT play-and-earn metaverse built on Solana featuring a third-person shooter battle royale game. |
| BETDEX | Sports Betting | **BetDex** is a global decentralised sports betting protocol that is permissionless, allowing anyone to build applications on top. |
| XDEFI WALLET | Wallet Infrastructure | **XDEFI Wallet** is a multi-chain wallet built for DeFi users and NFT lovers with native integrations on THORChain, Ethereum, several EVM networks and Terra. |
| cypher | Decentralized Exchange | **Cypher** is a decentralized synthetic asset protocol on the Solana blockchain that facilitates price and demand discovery in nascent markets. |
| marginfi | Trading Protocol | **MarginFi** allows traders to seamlessly trade across Solana protocols through one global margin account. |

Private & Confidential · Not for Distribution

17

 

1. Sino Global Capital

2. Liquid Value Fund I ("LV I")

3. **Case Studies**

4. Offering Overview

5. Contact & Data Room

6. Appendix

Private & Confidential - Not for Distribution

18

Case Study  

# Solana

Solana is a built to **optimize speed, volume, cost efficiency and composability,** which we believe will drive mass adoption of Solana-based crypto services.

**Speed/Volume.**
Currently can process ~50,000 tps
Theoretically scalable to ~710,000 tps

**Cost efficiency.**
Ultra-low fees ($0.0008/tx).

**Composability.**
Highly composable infrastructure and developer tools accelerates innovation





Source: DeFi Llama

_Watch_: Matthew Graham, SBF and Solana founder Anatoly Yakovenko discuss upcoming trends in the Solana ecosystem. (September 10, 2021)
_Read_: Solana's roadmap for increased decentralization and scaling.

 

# Solana

*Solana is a highly performant chain with the ability to scale transactions*



|  | Solana | Polkadot | Cardano | Cosmos | Avalanche | Algorand | Binance Smart Chain | Ethereum | Ethereum 2* | Arbitrum | Optimism |
|---|---|---|---|---|---|---|---|---|---|---|---|
| TPS | 50,000 | 400 | 250 | 1,400 | 4,500 | 1,000 | 100 | 30 | 100,000* | 2,000 | 2,000 |
| Finality time | 0.4 seconds | 12-60 seconds | ~20 seconds | 1-3 seconds | 1-5 seconds | 4.5 seconds | 75 seconds | 5 minutes | 20 - 60 seconds | Up to 1 week | Up to 1 week |
| Avg tx fee | $0.0005 | $0.46 | $0.38 | $0.03 | $0.03 | $0.001 | $0.01 | $20-200+ | $0.01 | $3-12 | $1-5 |
| # of Validators | 1,083 | 297 | 2,076 | 125 | 1,025 | 1,254 | 21 | 3,023 | 242,772 | N/A | N.A |
| Type | Layer 1 | Sharding | Layer 1 | Layer 1 | Layer 1 | Layer 1 | Layer 1 | Layer 1 | Sharding | Layer 2 (Optimistic rollup) | Layer 2 (Optimistic rollup) |

* ETH2 0 stats are theoretical

**Note on Decentralization:** At ~1,000 nodes, Solana is often criticized for being "centralized." We agree Solana needs more independent nodes and believe it will as it grows. However, mass adoption (among devs, consumers and institutions) will not hinge on decentralization but rather on speed, volume, cost and composability.

 

# Serum

In August 2020, FTX launched Serum, the first DEX using a fully decentralized central limit orderbook (CLOB). Serum enables transaction bundling and potential for advanced, automated investment strategies.

## Serum and its ecosystem are highly composable

**Applications use Serum as an economic clearing mechanism, share Serum's common liquidity pool and access services offered by one another.**

**Key Benefit**

This allows projects to focus their efforts on refining their own product (i.e. risk engine, margin engine, front end) and business model, and to launch, pivot and iterate as needed.

**DeFi Applications built via composable blocks**

BONFIDA    Jet    HANASWAP FINANCE    コープ | COPE

RAYDIUM    OXYGEN    STAR ATLAS    Media Network

**Infrastructure**

SERUM    PYTH

**Layer 1**

SOLANA

SINO Credit: @iamedi999 @FTXDs

\* Serum Ecosystem project examples in Appendix

Case Study                                                        SINO GLOBAL CAPITAL    FTX

# Adjacent Investment Opportunities

We continue to invest in projects that are adjacent to our core focus of DeFi and the Solana ecosystem. Typically, these decisions are made based on the quality of the founders and teams at these companies.

 **FTX**

**Cryptocurrency derivatives exchange built by traders, for traders**

➢ Offers innovative products including industry-first derivatives, options, volatility products and leveraged tokens

➢ Strives to be robust enough for professional trading firms and intuitive enough for first-time users

 Mintbase

**Global NFT platform and marketplace**

➢ "Shopify for NFTs": allows anyone to create their own NFTs and marketplace while abstracting away all complexity

➢ Innovative auction types and token features such as spawning, self-destructing and embedded value tokens

 WINTERMUTE

**Leading Crypto market maker and proprietary trading firm**

➢ Crypto-native market maker focused on creating efficient, liquid, transparent markets

➢ Provides liquidity algorithmically more than $5B+/day across most cryptocurrency exchanges and trading platforms

Private & Confidential – Not for Distribution

22




# 1. Sino Global Capital
# 2. Liquid Value Fund I ("LV I")
# 3. Case Studies
# **4. Offering Overview**
# 5. Contact & Data Room
# 6. Appendix

Private & Confidential - Not for Distribution 23

Liquid Value Fund I                                                    SINO GLOBAL CAPITAL   FTX

# Offering Overview

The investments we make out of **Liquid Value Fund I** will leverage SGC's strong reputation, experience, and network while adding the immense strategic benefits of a best-in-class partner like FTX.

We plan to continue to cultivate high ROI opportunities in the FTX, Solana, and Serum ecosystems while broadening into other areas of innovation.

## Liquid Value Fund I

| | |
|---|---|
| General Partners |   |
| Size | $175M Target; $200M Hard Cap |
| Minimum Ticket | $1 million |
| Term | Close-ended: 10 (+1) years |
| Investment Period | 4 years (ideal is 18–30 months) |
| Distribution | 100% of LP capital returned before GP carry |
| Mgmt Fee / Carry | 2% / 20% |
| Initial Closing | December 15, 2021 ($10m; FTX) |
| Investment Stage | Early-stage; Follow-on; Private "treasury rounds"; Select big tickets |

### Service Providers

| | |
|---|---|
| Cayman Counsel: | WALKERS |
| LPA/PPM: | COLE-FRIEMAN & MALLON LLP |
| Tax: | BPM |
| Administrator: | STOVER |

Private & Confidential – Not for Distribution



# 1. Sino Global Capital

# 2. Liquid Value Fund I ("LV I")

# 3. Case Studies

# 4. Offering Overview

# 5. Contact & Data Room

# 6. Appendix

Private & Confidential - Not for Distribution

Next Steps  

# Contact & Data Room

**Data Room Contents:**

- PPM
- LPA
- Subscription Agreement
- Team Track Record
- Warehouse/Portfolio Materials
- Organizational Documents

**Contact and Data Room Access:**

Detailed descriptions of the offering, our investment track record, warehoused and portfolio investments, and subscription documents can be found in the Fund's data room.

Please email investors@sinoglobalcapital.com to request access.

 

# Legal Disclosure

The information contained in this presentation (the "Presentation") is highly confidential and is being provided for information purposes only to a limited number of financially sophisticated persons who have expressed an interest in the matters described herein.

The Presentation does not constitute an offer to sell, or a solicitation of an offer to purchase, any securities. Any such offer or solicitation will be made in accordance with applicable securities laws.

The Presentation is being provided on a confidential basis solely to those persons to whom this Presentation may be lawfully provided. It is not to be reproduced or distributed to any other persons (other than professional advisors of the persons receiving these materials). It is intended solely for the use of the persons to whom it has been delivered and may not be used for any other purpose. Any reproduction of the Presentation in whole or in part, or the disclosure of its contents, without the express prior consent of Liquid Value GP Limited is prohibited.

No representation or warranty (express or implied) is made or can be given with respect to the accuracy or completeness of the information in the Presentation. Certain information in the Presentation constitute "forward-looking statements" about potential future results. Those results may not be achieved, due to implementation lag, other timing factors, portfolio management decision-making, economic or market conditions or other unanticipated factors. Nothing contained herein shall be relied upon as a promise or representation whether as to past or future performance or otherwise.

In considering the performance information contained herein, past performance is not necessarily indicative of future results, and there can be no assurance that comparable results will be achieved.

The views, opinions, and assumptions expressed in this presentation are as of the date listed on the cover, are subject to change without notice, may not come to pass and do not represent a recommendation or offer of any particular security, strategy or investment.

The Presentation does not purport to contain all of the information that may be required to evaluate the matters discussed therein. It is not intended to be a risk disclosure document. Further, the Presentation is not intended to provide recommendations, and should not be relied upon for tax, accounting, legal or business advice. The persons to whom this document has been delivered are encouraged to ask questions of and receive answers from the general partner of the Company and to obtain any additional information they deem necessary concerning the matters described herein.

None of the information contained herein has been filed or will be filed with the Securities and Exchange Commission, any regulator under any state securities laws or any other governmental or self-regulatory authority. No governmental authority has passed or will pass on the merits of this offering or the adequacy of this document. Any representation to the contrary is unlawful.

 

# 1. Sino Global Capital

# 2. Liquid Value Fund I ("LV I")

# 3. Case Studies

# 4. Offering Overview

# 5. Contact & Data Room

# 6. Appendix

Appendix 1

 

# SGC Prop Track Record

## Mark-to-Market Investments

| Company | Token ticker | Investment Amount ($000s) | % of prop cap | Mark-to-Market ($000s) | MOIC |
|---|---|---|---|---|---|
| Serum | SRM | | | | 114.7x |
| Mask Network | MASK | | | | 42.9x |
| Bonfida | FIDA | | | | 35.5x |
| Delta Exchange | DETO | | *Redacted – See Data Room* | | 5.4x |
| MAPS | MAPS | | | | 11.5x |
| Oxygen | OXY | | | | 7.6x |
| Solana | SOL | | | | 15x |
| Zignaly | ZIG | | | | 8.6x |
| Mercurial Finance | MER | | | | 3.2x |
| Impossible Finance | IF | | | | 28.7x |
| Jet Protocol | JET | | | | 19x |
| Party Parrot | PRT | | | | 4.3x |
| **Total** | | **$4,080,000** | **38%** | **$129,705,997** | **31.8x** |

## Investments with no public market price

| Company | Token ticker | Investment Amount ($000s) | % of prop cap | Mark-to-Market ($000s) | MOIC |
|---|---|---|---|---|---|
| Mintbase | - | | | | 1x |
| Wintermute | - | | | | 1x |
| Zapper.fi | - | | *Redacted – See Data Room* | | 1x |
| Pyth | - | | | | 1x |
| FTX | - | | | | 1x |
| FTX US | - | | | | 1x |
| **Total** | | **$6,772,842** | **62%** | **$6,772,842** | **1x** |

**Note:** The multiple of 31.8X was calculated based on 12 investments using the following formula: [Current market price of all SGC primary or private deals which are actively traded with a quoted market price] / [Total invested capital on such deals]. The 6 primary or private deals for which there is not a current public market price are excluded from the calculation, although, if comps were used, many of these investments would show significant gains.

Finally, secondary market purchases of Solana (at a blended price below $2) and FTX's exchange token FTT (at a blended price below $1) are not included in the above estimates. As of January 5, 2022, Solana was traded at $149.31 and FTT at $37.23.

 Back to "Return Performance"

*Private & Confidential - Not for Distribution*

29



**Appendix 2**

 

# Solana Advantage Visual

*High performance next generation blockchains unlock a virtuous cycle leading to mass adoption*

**1** High performance blockchains *(i.e. Solana)* unlocks **additional "design space"** *(i.e. speed, cost, composability)*

**2** Key infrastructure "legos" use new design space to **build differently** *(i.e. Serum)*

**7** Ecosystem interest and **investment increases,** more institutional entrances *(i.e. $314.5M Solana fundraise)*

## Virtuous Cycle of Next Gen Protocols

**3** Applications **build better products**

**6** **Total Value Locked increases rapidly**

**5** **UX improves** as experience becomes differentiator *(i.e. deprecation of Serum Swap)*

**4** **Users enter the ecosystem,** attracted by differentiated products

Private & Confidential – Not for Distribution

30

| Appendix 3 | |   |
|---|---|---|

# Interesting Solana Ecosystem Projects

| Product | Industry | Description |
|---|---|---|
| **PYTH** | Data Oracle | To compete with NASDAQ as a provider of real time data to financial firms, Jump Capital identified Solana as the only viable blockchain on which to launch Pyth, an oracle that feeds real-time data from around the world directly into Serum and registered on the Solana blockchain. |
| **Serum** | Infrastructure | FTX chose Solana on which to build Serum, the first ever decentralized central limit order book (CLOB) on which other financial apps are built. We discuss Serum in more detail in the following slides. |
| **Jet** | DeFi | Taking advantage of Solana's highly composable blockchain, Jet Protocol built out a borrow-lending protocol available for its own users and also other projects within the Serum ecosystem. Jet will even allow for cross chain rate arbitrage powered by Solana and Serum. |
| **Parrot** | DeFi | Parrot Protocol is a liquidity and lending network that uses their own stablecoin, PAI to centralize exposure taken across multiple collateral types. The team chose Solana because allows multiple processing steps to be combined into a single transaction, enabling complex collateral types to be efficiently liquidated. |
| **AUDIUS** | Music Streaming | Audius is a blockchain-powered, decentralized music streaming service with social media features. It is owned and run by an open-source community of artists, fans, and developers. The founders of Audius chose Solana for its high-performance and ability to house a platform with the potential need to scale rapidly. |
| **STAR ATLAS** | Gaming | Star Atlas is a next-generation video game involving space exploration, territorial conquest, political domination, and more. It features a decentralized economy and plans to evolve into a metaverse. (Watch trailer). The team chose Solana because it is the only blockchain with the computational bandwidth akin to the modern internet. |

## Appendix 4



# Portfolio Construction

In our prop capital investments, we were capital constrained and not able to "size up" and lead as many investment rounds as desired.

➢ In Liquid Value Fund I, we will continue to invest heavily in early-stage (Seed/Series A) projects. Check sizes are under $1.5M with 30% capital allocated. These early-stage investments will start a relationship with the founders and allow for value to be built post investment.

➢ Roughly 40% of the fund will be invested in deals between $1.5M-$5M. With this check size we will lead follow-ons for Seed/Series A projects. Additionally, we will participate in private placements.

➢ Finally, roughly 30% of the fund will be invested in deals over $5M. These are unique opportunities where ability to size up meets conviction.













➢ Co-lead investor
➢ Token investment in a seed round project.
➢ Post money-cap $25M
➢ Strategy: Build relationship and size up in future rounds.

➢ Private placement token investment from Orca treasury.
➢ Received token discount for lockup & strategic support.
➢ Strategy: Size positions up.

➢ Series B equity investment w/ dividend.
➢ Chain agnostic crypto-adjacent infrastructure
➢ Strategy: Strategic cooperation & future investment

Private & Confidential – Not for Distribution

32



# Portfolio Construction

The investment breakdown of our prop capital could reflect thinking on future investment allocations.

➢ Solana projects (42%): We continue to see strong deal flow in the Solana ecosystem due to our strong reputation and mindshare. These projects span DeFi, NFTs/gaming, sports betting, and developer infrastructure.

➢ Chain-agnostic infrastructure (42%): We view crypto-adjacent or supporting infrastructure like centralized exchanges, wallets, market makers, and agnostic aggregators as superior investment opportunities in a multi-chain world.

➢ Non-Solana projects (16%): We continue to believe in a multi-chain world where different use cases are more suited or less suited for different chains. We have also made investments on Ethereum, NEAR, and Binance Smart Chain.

**Potential Investment Breakdown**



**Note:** The above percentages reflect the breakdown of our previous prop capital portfolio (19 investments); Liquid Value Fund I *could* exhibit a similar breakdown.



# Exhibit H

**PLAINTIFFS' OMNIBUS MOTION TO LIFT DISCOVERY STAY AND FOR LEAVE TO CONDUCT JURISDICTIONAL DISCOVERY, AND, IF NECESSARY TO AMEND THEIR COMPLAINTS WITH ANY FACTS ARISING FROM SUCH DISCOVERY**

**FORM ADV**

**UNIFORM APPLICATION FOR INVESTMENT ADVISER REGISTRATION AND REPORT BY EXEMPT REPORTING ADVISERS**

| Primary Business Name: SINO GLOBAL CAPITAL MANAGEMENT LLC | CRD Number: 326303 |
|---|---|
| Other-Than-Annual Amendment - All Sections | Rev. 10/2021 |
| 6/30/2023 12:36:30 PM | |

**WARNING:** Complete this form truthfully. False statements or omissions may result in denial of your application, revocation of your registration, or criminal prosecution. You must keep this form updated by filing periodic amendments. See Form ADV General Instruction 4.

**Item 1 Identifying Information**

Responses to this Item tell us who you are, where you are doing business, and how we can contact you. If you are filing an *umbrella registration*, the information in Item 1 should be provided for the *filing adviser* only. General Instruction 5 provides information to assist you with filing an *umbrella registration*.

A.  Your full legal name (if you are a sole proprietor, your last, first, and middle names):
   **SINO GLOBAL CAPITAL MANAGEMENT LLC**

B.  (1) Name under which you primarily conduct your advisory business, if different from Item 1.A.
   **SINO GLOBAL CAPITAL MANAGEMENT LLC**

   *List on Section 1.B. of Schedule D any additional names under which you conduct your advisory business.*

   (2) If you are using this Form ADV to register more than one investment adviser under an *umbrella registration*, check this box ☐

   *If you check this box, complete a Schedule R for each relying adviser.*

C.  If this filing is reporting a change in your legal name (Item 1.A.) or primary business name (Item 1.B.(1)), enter the new name and specify whether the name change is of
   ☐ your legal name or ☐ your primary business name:

D.  (1) If you are registered with the SEC as an investment adviser, your SEC file number:
   (2) If you report to the SEC as an *exempt reporting adviser*, your SEC file number: **802-127878**
   (3) If you have one or more Central Index Key numbers assigned by the SEC ("CIK Numbers"), all of your CIK numbers:
   No Information Filed

E.  (1) If you have a number ("*CRD* Number") assigned by the *FINRA's CRD* system or by the IARD system, your *CRD* number: **326303**

   *If your firm does not have a CRD number, skip this Item 1.E. Do not provide the CRD number of one of your officers, employees, or affiliates.*

   (2) If you have additional *CRD* Numbers, your additional *CRD* numbers:
   No Information Filed

F.  *Principal Office and Place of Business*
   (1) Address (do not use a P.O. Box):
   Number and Street 1:                                      Number and Street 2:
   1111 BRICKELL AVENUE, 10TH FLOOR
   City:                          State:                     Country:                ZIP+4/Postal Code:
   MIAMI                          Florida                    United States           33131

   If this address is a private residence, check this box: ☐

   *List on Section 1.F. of Schedule D any office, other than your principal office and place of business, at which you conduct investment advisory business. If you are applying for registration, or are registered, with one or more state securities authorities, you must list all of your offices in the state or states to which you are applying for registration or with whom you are registered. If you are applying for SEC registration, if you are registered only with the SEC, or if you are reporting to the SEC as an exempt reporting adviser, list the largest twenty-five offices in terms of numbers of employees as of the end of your most recently completed fiscal year.*

   (2) Days of week that you normally conduct business at your *principal office and place of business*:
   ◉ Monday - Friday ○ Other:
   Normal business hours at this location:
   9-5
   (3) Telephone number at this location:
   1 206 972 6047
   (4) Facsimile number at this location, if any:
   (5) What is the total number of offices, other than your *principal office and place of business*, at which you conduct investment advisory business as of the end of your most recently completed fiscal year?

G.  Mailing address, if different from your *principal office and place of business* address:

Number and Street 1:                                    Number and Street 2:

City:                    State:                          Country:              ZIP+4/Postal Code:

If this address is a private residence, check this box: ☐

H.  If you are a sole proprietor, state your full residence address, if different from your *principal office and place of business* address in Item 1.F.:

Number and Street 1:                                    Number and Street 2:

City:                    State:                          Country:              ZIP+4/Postal Code:

**Yes No**

I.  Do you have one or more websites or accounts on publicly available social media platforms (including, but not limited to, Twitter, Facebook and LinkedIn)?  ◉ ○

*If "yes," list all firm website addresses and the address for each of the firm's accounts on publicly available social media platforms on Section 1.I. of Schedule D. If a website address serves as a portal through which to access other information you have published on the web, you may list the portal without listing addresses for all of the other information. You may need to list more than one portal address. Do not provide the addresses of websites or accounts on publicly available social media platforms where you do not control the content. Do not provide the individual electronic mail (e-mail) addresses of employees or the addresses of employee accounts on publicly available social media platforms.*

J.  Chief Compliance Officer

(1) Provide the name and contact information of your Chief Compliance Officer. If you are an *exempt reporting adviser*, you must provide the contact information for your Chief Compliance Officer, if you have one. If not, you must complete Item 1.K. below.

Name:                                    Other titles, if any:

Telephone number:                        Facsimile number, if any:

Number and Street 1:                     Number and Street 2:

City:                    State:          Country:              ZIP+4/Postal Code:

Electronic mail (e-mail) address, if Chief Compliance Officer has one:

(2) If your Chief Compliance Officer is compensated or employed by any *person* other than you, a *related person* or an investment company registered under the Investment Company Act of 1940 that you advise for providing chief compliance officer services to you, provide the *person's* name and IRS Employer Identification Number (if any):

Name:

IRS Employer Identification Number:

K.  Additional Regulatory Contact Person: If a person other than the Chief Compliance Officer is authorized to receive information and respond to questions about this Form ADV, you may provide that information here.

Name:                                    Titles:

Telephone number:                        Facsimile number, if any:

Number and Street 1:                     Number and Street 2:

City:                    State:          Country:              ZIP+4/Postal Code:

Electronic mail (e-mail) address, if contact person has one:

**Yes No**

L.  Do you maintain some or all of the books and records you are required to keep under Section 204 of the Advisers Act, or similar state law, somewhere other than your *principal office and place of business*?  ○ ◉

*If "yes," complete Section 1.L. of Schedule D.*

**Yes No**

M.  Are you registered with a *foreign financial regulatory authority*?  ○ ◉

*Answer "no" if you are not registered with a foreign financial regulatory authority, even if you have an affiliate that is registered with a foreign financial regulatory authority. If "yes," complete Section 1.M. of Schedule D.*

**Yes No**

N.  Are you a public reporting company under Sections 12 or 15(d) of the Securities Exchange Act of 1934?  ○ ◉

**Yes No**

O.  Did you have $1 billion or more in assets on the last day of your most recent fiscal year?  ○ ◉

If yes, what is the approximate amount of your assets:

○  $1 billion to less than $10 billion

○  $10 billion to less than $50 billion

○  $50 billion or more

*For purposes of Item 1.O. only, "assets" refers to your total assets, rather than the assets you manage on behalf of clients. Determine your total assets using the total assets shown on the balance sheet for your most recent fiscal year end.*

P.  Provide your *Legal Entity Identifier* if you have one:

*A legal entity identifier is a unique number that companies use to identify each other in the financial marketplace. You may not have a legal entity identifier.*

---

### SECTION 1.B. Other Business Names

No Information Filed

---

### SECTION 1.F. Other Offices

No Information Filed

---

### SECTION 1.I. Website Addresses

List your website addresses, including addresses for accounts on publicly available social media platforms where you control the content (including, but not limited to, Twitter, Facebook and/or LinkedIn). You must complete a separate Schedule D Section 1.I. for each website or account on a publicly available social media platform.

Address of Website/Account on Publicly Available Social Media Platform:    https://sinoglobalcapital.com/

Address of Website/Account on Publicly Available Social Media Platform:    https://twitter.com/SinoGlobalCap

Address of Website/Account on Publicly Available Social Media Platform:    https://www.linkedin.com/company/sinoglobalcapital

---

### SECTION 1.L. Location of Books and Records

No Information Filed

---

### SECTION 1.M. Registration with Foreign Financial Regulatory Authorities

No Information Filed

---

### Item 2 SEC Registration/Reporting

#### SEC Reporting by *Exempt Reporting Advisers*

B.  Complete this Item 2.B. only if you are reporting to the SEC as an *exempt reporting adviser*. Check all that apply. You:

- ☑ (1)  qualify for the exemption from registration as an adviser solely to one or more venture capital funds, as defined in rule 203(l)-1;
- ☐ (2)  qualify for the exemption from registration because you act solely as an adviser to *private funds* and have assets under management, as defined in rule 203(m)-1, in the United States of less than $150 million;
- ☐ (3)  act solely as an adviser to *private funds* but you are no longer eligible to check box 2.B.(2) because you have assets under management, as defined in rule 203(m)-1, in the United States of $150 million or more.

*If you check box (2) or (3), complete Section 2.B. of Schedule D.*

---

### SECTION 2.B. *Private Fund* Assets

If you check Item 2.B.(2) or (3), what is the amount of the *private fund* assets that you manage?    $

NOTE: "*Private fund* assets" has the same meaning here as it has under rule 203(m)-1. If you are an investment adviser with its *principal office and place of business outside the United States, you need only include private fund assets in the United States.*

Case 1:23-mc-03078-KWM   Document 44-31   Entered on FLSD Docket 11/05/2023   Page 655 of 720

---

**Item 3 Form of Organization**

If you are filing an *umbrella registration*, the information in Item 3 should be provided for the *filing adviser* only.

A.   How are you organized?

○   Corporation

○   Sole Proprietorship

○   Limited Liability Partnership (LLP)

○   Partnership

○   Limited Liability Company (LLC)

◉   Limited Partnership (LP)

○   Other (specify):

*If you are changing your response to this Item, see Part 1A Instruction 4.*

B.   In what month does your fiscal year end each year?
DECEMBER

C.   Under the laws of what state or country are you organized?

State      Country

Delaware  United States

*If you are a partnership, provide the name of the state or country under whose laws your partnership was formed. If you are a sole proprietor, provide the name of the state or country where you reside.*

*If you are changing your response to this Item, see Part 1A Instruction 4.*

---

**Item 6 Other Business Activities**

In this Item, we request information about your firm's other business activities.

A.   You are actively engaged in business as a (check all that apply):

☐   (1)   broker-dealer (registered or unregistered)
☐   (2)   registered representative of a broker-dealer
☐   (3)   commodity pool operator or commodity trading advisor (whether registered or exempt from registration)
☐   (4)   futures commission merchant
☐   (5)   real estate broker, dealer, or agent
☐   (6)   insurance broker or agent
☐   (7)   bank (including a separately identifiable department or division of a bank)
☐   (8)   trust company
☐   (9)   registered municipal advisor
☐   (10)  registered security-based swap dealer
☐   (11)  major security-based swap participant
☐   (12)  accountant or accounting firm
☐   (13)  lawyer or law firm
☐   (14)  other financial product salesperson (specify):

*If you engage in other business using a name that is different from the names reported in Items 1.A. or 1.B.(1), complete Section 6.A. of Schedule D.*

| | | | Yes | No |
|---|---|---|---|---|
| B. | (1) | Are you actively engaged in any other business not listed in Item 6.A. (other than giving investment advice)? | ○ | ◉ |
| | (2) | If yes, is this other business your primary business? | ○ | ○ |

*If "yes," describe this other business on Section 6.B.(2) of Schedule D, and if you engage in this business under a different name, provide that name.*

| | | | Yes | No |
|---|---|---|---|---|
| | (3) | Do you sell products or provide services other than investment advice to your advisory *clients*? | ○ | ◉ |

*If "yes," describe this other business on Section 6.B.(3) of Schedule D, and if you engage in this business under a different name, provide that name.*

---

**SECTION 6.A. Names of Your Other Businesses**

**SECTION 6.B.(2) Description of Primary Business**

Describe your primary business (not your investment advisory business):

If you engage in that business under a different name, provide that name:

**SECTION 6.B.(3) Description of Other Products and Services**

Describe other products or services you sell to your *client*. You may omit products and services that you listed in Section 6.B.(2) above.

If you engage in that business under a different name, provide that name:

**Item 7 Financial Industry Affiliations**

In this Item, we request information about your financial industry affiliations and activities. This information identifies areas in which conflicts of interest may occur between you and your *clients*.

A. This part of Item 7 requires you to provide information about you and your *related persons*, including foreign affiliates. Your *related persons* are all of your *advisory affiliates* and any *person* that is under common *control* with you.

You have a *related person* that is a (check all that apply):

- ☐ (1) broker-dealer, municipal securities dealer, or government securities broker or dealer (registered or unregistered)
- ☐ (2) other investment adviser (including financial planners)
- ☐ (3) registered municipal advisor
- ☐ (4) registered security-based swap dealer
- ☐ (5) major security-based swap participant
- ☐ (6) commodity pool operator or commodity trading advisor (whether registered or exempt from registration)
- ☐ (7) futures commission merchant
- ☐ (8) banking or thrift institution
- ☐ (9) trust company
- ☐ (10) accountant or accounting firm
- ☐ (11) lawyer or law firm
- ☐ (12) insurance company or agency
- ☐ (13) pension consultant
- ☐ (14) real estate broker or dealer
- ☐ (15) sponsor or syndicator of limited partnerships (or equivalent), excluding pooled investment vehicles
- ☑ (16) sponsor, general partner, managing member (or equivalent) of pooled investment vehicles

*Note that Item 7.A. should not be used to disclose that some of your employees perform investment advisory functions or are registered representatives of a broker-dealer. The number of your firm's employees who perform investment advisory functions should be disclosed under Item 5.B.(1). The number of your firm's employees who are registered representatives of a broker-dealer should be disclosed under Item 5.B.(2).*

*Note that if you are filing an umbrella registration, you should not check Item 7.A.(2) with respect to your relying advisers, and you do not have to complete Section 7.A. in Schedule D for your relying advisers. You should complete a Schedule R for each relying adviser.*

*For each related person, including foreign affiliates that may not be registered or required to be registered in the United States, complete Section 7.A. of Schedule D.*

*You do not need to complete Section 7.A. of Schedule D for any related person if: (1) you have no business dealings with the related person in connection with advisory services you provide to your clients; (2) you do not conduct shared operations with the related person; (3) you do not refer clients or business to the related person, and the related person does not refer prospective clients or business to you; (4) you do not share supervised persons or premises with the related person; and (5) you have no reason to believe that your relationship with the related person otherwise creates a conflict of interest with your clients.*

*You must complete Section 7.A. of Schedule D for each related person acting as qualified custodian in connection with advisory services you provide to your clients (other than any mutual fund transfer agent pursuant to rule 206(4)-2(b)(1)), regardless of whether you have determined the related person to be operationally independent under rule 206(4)-2 of the Advisers Act.*

**SECTION 7.A. Financial Industry Affiliations**

Complete a separate Schedule D Section 7.A. for each *related person* listed in Item 7.A.

1. Legal Name of *Related Person*:
   LIQUID VALUE GP LIMITED

2. Primary Business Name of *Related Person*:
   LIQUID VALUE GP LIMITED

3. *Related Person's* SEC File Number (if any) (e.g., 801-, 8-, 866-, 802-)
   -

4.  *Related Person's*

    (a)  *CRD* Number (if any):

    (b)  CIK Number(s) (if any):

    No Information Filed

5.  *Related Person* is: (check all that apply)

    (a) ☐ broker-dealer, municipal securities dealer, or government securities broker or dealer

    (b) ☐ other investment adviser (including financial planners)

    (c) ☐ registered municipal advisor

    (d) ☐ registered security-based swap dealer

    (e) ☐ major security-based swap participant

    (f) ☐ commodity pool operator or commodity trading advisor (whether registered or exempt from registration)

    (g) ☐ futures commission merchant

    (h) ☐ banking or thrift institution

    (i) ☐ trust company

    (j) ☐ accountant or accounting firm

    (k) ☐ lawyer or law firm

    (l) ☐ insurance company or agency

    (m) ☐ pension consultant

    (n) ☐ real estate broker or dealer

    (o) ☐ sponsor or syndicator of limited partnerships (or equivalent), excluding pooled investment vehicles

    (p) ☑ sponsor, general partner, managing member (or equivalent) of pooled investment vehicles

|  |  | Yes | No |
|---|---|---|---|
| 6. | Do you *control* or are you *controlled* by the *related person*? | ○ | ● |
| 7. | Are you and the *related person* under common *control*? | ● | ○ |
| 8. (a) | Does the *related person* act as a qualified custodian for your *clients* in connection with advisory services you provide to *clients*? | ○ | ● |
| (b) | If you are registering or registered with the SEC and you have answered "yes," to question 8.(a) above, have you overcome the presumption that you are not operationally independent (pursuant to rule 206(4)-2(d)(5)) from the *related person* and thus are not required to obtain a surprise examination for your *clients'* funds or securities that are maintained at the *related person*? | ○ | ● |

(c)  If you have answered "yes" to question 8.(a) above, provide the location of the *related person's* office responsible for *custody* of your *clients'* assets:

Number and Street 1:                        Number and Street 2:

City:                    State:                        Country:                    ZIP+4/Postal Code:

If this address is a private residence, check this box: ☐

|  |  | Yes | No |
|---|---|---|---|
| 9. (a) | If the *related person* is an investment adviser, is it exempt from registration? | ○ | ○ |
| (b) | If the answer is yes, under what exemption? | | |
| 10. (a) | Is the *related person* registered with a *foreign financial regulatory authority*? | ○ | ● |

(b)  If the answer is yes, list the name and country, in English of each *foreign financial regulatory authority* with which the *related person* is registered.

No Information Filed

|  |  | Yes | No |
|---|---|---|---|
| 11. | Do you and the *related person* share any *supervised persons*? | ● | ○ |
| 12. | Do you and the *related person* share the same physical location? | ● | ○ |

---

**Item 7 *Private Fund* Reporting**

|  | Yes | No |
|---|---|---|
| B. Are you an adviser to any *private fund*? | ● | ○ |

*If "yes," then for each private fund that you advise, you must complete a Section 7.B.(1) of Schedule D, except in certain circumstances described in the next sentence and in Instruction 6 of the Instructions to Part 1A. If you are registered or applying for registration with the SEC or reporting as an SEC exempt reporting adviser, and another SEC-registered adviser or SEC exempt reporting adviser reports this information with respect to any such private fund in Section 7.B.(1) of Schedule D of its Form ADV (e.g., if you are a subadviser), do not complete Section 7.B.(1) of Schedule D with respect to that private fund. You must, instead, complete Section 7.B.(2) of Schedule D.*

*In either case, if you seek to preserve the anonymity of a private fund client by maintaining its identity in your books and records in numerical or alphabetical code, or similar designation, pursuant to rule 204-2(d), you may identify the private fund in Section 7.B.(1) or 7.B.(2) of Schedule D using the same code or designation in place of the fund's name.*

Funds per Page: 15 [ ] Total Funds: 2

---

A. PRIVATE FUND

**Information About the _Private Fund_**

1.  (a)  Name of the _private fund_:

    LIQUID VALUE OFFSHORE FEEDER FUND I LP

    (b)  _Private fund_ identification number:
    (include the "805-" prefix also)

    805-3374738176

2.  Under the laws of what state or country is the _private fund_ organized:

    State:                                   Country:
                                             Cayman Islands

3.  (a)  Name(s) of General Partner, Manager, Trustee, or Directors (or _persons_ serving in a similar capacity):

| Name of General Partner, Manager, Trustee, or Director |
| --- |
| LIQUID VALUE GP LIMITED |

    (b)  If filing an _umbrella registration_, identify the _filing adviser_ and/or _relying adviser(s)_ that sponsor(s) or manage(s) this _private fund_.

| No Information Filed |
| --- |

4.  The _private fund_ (check all that apply; you must check at least one):

    ☑ (1) qualifies for the exclusion from the definition of investment company under section 3(c)(1) of the Investment Company Act of 1940
    ☐ (2) qualifies for the exclusion from the definition of investment company under section 3(c)(7) of the Investment Company Act of 1940

5.  List the name and country, in English, of each _foreign financial regulatory authority_ with which the _private fund_ is registered.

| No Information Filed |
| --- |

                                                                                                                **Yes  No**
6.  (a)  Is this a "master fund" in a master-feeder arrangement?                                                   ○    ◉

    (b)  If yes, what is the name and _private fund_ identification number (if any) of the feeder funds investing in this _private fund_?

| No Information Filed |
| --- |

                                                                                                                **Yes  No**
    (c)  Is this a "feeder fund" in a master-feeder arrangement?                                                   ◉    ○

    (d)  If yes, what is the name and _private fund_ identification number (if any) of the master fund in which this _private fund_ invests?

    Name of _private fund_:

    LIQUID VALUE FUND I LP

    _Private fund_ identification number:
    (include the "805-" prefix also)

    NOTE: You must complete question 6 for each master-feeder arrangement regardless of whether you are filing a single Schedule D, Section 7.B.(1) for the master-feeder arrangement or reporting on the funds separately.

7.  If you are filing a single Schedule D, Section 7.B.(1) for a master-feeder arrangement according to the instructions to this Section 7.B.(1), for each of the feeder funds answer the following questions:

| No Information Filed |
| --- |

    NOTE: For purposes of questions 6 and 7, in a master-feeder arrangement, one or more funds ("feeder funds") invest all or substantially all of their assets in a single fund ("master fund"). A fund would also be a "feeder fund" investing in a "master fund" for purposes of this question if it issued multiple classes (or series) of shares or interests, and each class (or series) invests substantially all of its assets in a single master fund.

                                                                                                                **Yes  No**

8.  (a)  Is this *private fund* a "fund of funds"?   ○ Yes  ● No

NOTE: For purposes of this question only, answer "yes" if the fund invests 10 percent or more of its total assets in other pooled investment vehicles, regardless of whether they are also *private funds* or registered investment companies.

(b)  If yes, does the *private fund* invest in funds managed by you or by a *related person*?   ○ Yes  ○ No

                                                           **Yes  No**

9.  During your last fiscal year, did the *private fund* invest in securities issued by investment companies registered under the Investment Company Act of 1940 (other than "money market funds," to the extent provided in Instruction 6.e.)?   ○ ● 

10. What type of fund is the *private fund*?

  ○ hedge fund  ○ liquidity fund  ○ private equity fund  ○ real estate fund  ○ securitized asset fund  ● venture capital fund  ○ Other *private fund*:

NOTE: For definitions of these fund types, please see Instruction 6 of the Instructions to Part 1A.

11. Current gross asset value of the *private fund*:
$ 111,351,942

## Ownership

12. Minimum investment commitment required of an investor in the *private fund*:
$ 1,000,000
NOTE: Report the amount routinely required of investors who are not your *related persons* (even if different from the amount set forth in the organizational documents of the fund).

13. Approximate number of the *private fund's* beneficial owners:
20

14. What is the approximate percentage of the *private fund* beneficially owned by you and your *related persons*:
2%

15. (a)  What is the approximate percentage of the *private fund* beneficially owned (in the aggregate) by funds of funds:
5%

                                                             **Yes  No**

  (b)  If the private fund qualifies for the exclusion from the definition of investment company under section 3(c)(1) of the Investment Company Act of 1940, are sales of the fund limited to *qualified clients*?   ● ○

16. What is the approximate percentage of the *private fund* beneficially owned by non-*United States persons*:
98%

## Your Advisory Services

                                                             **Yes  No**

17. (a)  Are you a subadviser to this *private fund*?   ○ ●

  (b)  If the answer to question 17.(a) is "yes," provide the name and SEC file number, if any, of the adviser of the *private fund*. If the answer to question 17.(a) is "no," leave this question blank.

| No Information Filed |
| --- |

                                                             **Yes  No**

18. (a)  Do any investment advisers (other than the investment advisers listed in Section 7.B.(1).A.3.(b)) advise the *private fund*?   ○ ●

  (b)  If the answer to question 18.(a) is "yes," provide the name and SEC file number, if any, of the other advisers to the *private fund*. If the answer to question 18.(a) is "no," leave this question blank.

| No Information Filed |
| --- |

                                                             **Yes  No**

19. Are your *clients* solicited to invest in the *private fund*?   ○ ●

*NOTE: For purposes of this question, do not consider feeder funds of the private fund.*

20. Approximately what percentage of your *clients* has invested in the *private fund*?
0%

## Private Offering

                                                             **Yes  No**

21. Has the *private fund* ever relied on an exemption from registration of its securities under Regulation D of the Securities Act of 1933?   ○ ○

22. If yes, provide the *private fund's* Form D file number (if any)

| No Information Filed |
| --- |

## B. SERVICE PROVIDERS

### **Auditors**

|  | Yes | No |
| --- | --- | --- |

23. (a) (1) Are the *private fund's* financial statements subject to an annual audit? ⦿ ○

(2) If the answer to question 23.(a)(1) is "yes," are the financial statements prepared in accordance with U.S. GAAP? ⦿ ○

If the answer to question 23.(a)(1) is "yes," respond to questions (b) through (h) below. If the *private fund* uses more than one auditing firm, you must complete questions (b) through (f) separately for each auditing firm.

---

**Additional Auditor Information : 1 Record(s) Filed.**

If the answer to question 23.(a)(1) is "yes," respond to questions (b) through (h) below. If the *private fund* uses more than one auditing firm, you must complete questions (b) through (f) separately for each auditing firm.

(b) Name of the auditing firm:

MARCUM (CAYMAN)

(c) The location of the auditing firm's office responsible for the *private fund's* audit (city, state and country):

City: State: Country:
GRAND CAYMAN Cayman Islands

|  | Yes | No |
| --- | --- | --- |

(d) Is the auditing firm an *independent public accountant*? ⦿ ○

(e) Is the auditing firm registered with the Public Company Accounting Oversight Board? ○ ⦿

If yes, Public Company Accounting Oversight Board-Assigned Number:

(f) If "yes" to (e) above, is the auditing firm subject to regular inspection by the Public Company Accounting Oversight Board in accordance with its rules? ○ ⦿

---

|  | Yes | No |
| --- | --- | --- |

(g) Are the *private fund's* audited financial statements for the most recently completed fiscal year distributed to the *private fund's* investors? ⦿ ○

(h) Do all of the reports prepared by the auditing firm for the *private fund* since your last *annual updating amendment* contain unqualified opinions?

○ Yes ○ No ⦿ Report Not Yet Received

*If you check "Report Not Yet Received," you must promptly file an amendment to your Form ADV to update your response when the report is available.*

### **Prime Broker**

|  | Yes | No |
| --- | --- | --- |

24. (a) Does the *private fund* use one or more prime brokers? ○ ⦿

If the answer to question 24.(a) is "yes," respond to questions (b) through (e) below for each prime broker the *private fund* uses. If the *private fund* uses more than one prime broker, you must complete questions (b) through (e) separately for each prime broker.

| No Information Filed |
| --- |

### **Custodian**

|  | Yes | No |
| --- | --- | --- |

25. (a) Does the *private fund* use any custodians (including the prime brokers listed above) to hold some or all of its assets? ○ ⦿

If the answer to question 25.(a) is "yes," respond to questions (b) through (g) below for each custodian the *private fund* uses. If the *private fund* uses more than one custodian, you must complete questions (b) through (g) separately for each custodian.

| No Information Filed |
| --- |

**Administrator**

                                                                                                    **Yes  No**

26.  (a)  Does the *private fund* use an administrator other than your firm?                          ⊙    ○

If the answer to question 26.(a) is "yes," respond to questions (b) through (f) below. If the *private fund* uses more than one administrator, you must complete questions (b) through (f) separately for each administrator.

| **Additional Administrator Information : 1 Record(s) Filed.** |
| --- |

If the answer to question 26.(a) is "yes," respond to questions (b) through (f) below. If the *private fund* uses more than one administrator, you must complete questions (b) through (f) separately for each administrator.

(b)  Name of administrator:

MG STOVER & CO

(c)  Location of administrator (city, state and country):

| City: | State: | Country: |
| --- | --- | --- |
| DENVER | Colorado | United States |

                                                                                          **Yes  No**

(d)  Is the administrator a *related person* of your firm?                                   ○    ⊙

(e)  Does the administrator prepare and send investor account statements to the *private fund's* investors?

⊙ Yes (provided to all investors)   ○ Some (provided to some but not all investors)   ○ No (provided to no investors)

(f)  If the answer to question 26.(e) is "no" or "some," who sends the investor account statements to the (rest of the) *private fund's* investors? If investor account statements are not sent to the (rest of the) *private fund's* investors, respond "not applicable."

27.  During your last fiscal year, what percentage of the *private fund's* assets (by value) was valued by a *person*, such as an administrator, that is not your *related person*?

0%

Include only those assets where (i) such *person* carried out the valuation procedure established for that asset, if any, including obtaining any relevant quotes, and (ii) the valuation used for purposes of investor subscriptions, redemptions or distributions, and fee calculations (including allocations) was the valuation determined by such *person*.

**Marketers**

                                                                                                    **Yes  No**

28.  (a)  Does the *private fund* use the services of someone other than you or your *employees* for marketing purposes?   ○    ⊙

You must answer "yes" whether the *person* acts as a placement agent, consultant, finder, introducer, municipal advisor or other solicitor, or similar *person*. If the answer to question 28.(a) is "yes," respond to questions (b) through (g) below for each such marketer the *private fund* uses. If the *private fund* uses more than one marketer you must complete questions (b) through (g) separately for each marketer.

| No Information Filed |
| --- |

---

A. PRIVATE FUND

**Information About the *Private Fund***

1.  (a)  Name of the *private fund*:

LIQUID VALUE US FUND I LP

(b)  *Private fund* identification number:
(include the "805-" prefix also)

805-4350860371

2.  Under the laws of what state or country is the *private fund* organized:

| State: | Country: |
| --- | --- |
| Delaware | United States |

3.  (a)  Name(s) of General Partner, Manager, Trustee, or Directors (or *persons* serving in a similar capacity):

| |
|---|
| LIQUID VALUE GP LIMITED |

(b)  If filing an *umbrella registration*, identify the *filing adviser* and/or *relying adviser(s)* that sponsor(s) or manage(s) this *private fund*.

| |
|---|
| No Information Filed |

4.  The *private fund* (check all that apply; you must check at least one):

☑ (1)  qualifies for the exclusion from the definition of investment company under section 3(c)(1) of the Investment Company Act of 1940

☐ (2)  qualifies for the exclusion from the definition of investment company under section 3(c)(7) of the Investment Company Act of 1940

5.  List the name and country, in English, of each *foreign financial regulatory authority* with which the *private fund* is registered.

| |
|---|
| No Information Filed |

                                                                                                **Yes  No**

6.  (a)  Is this a "master fund" in a master-feeder arrangement?     ○  ◉

(b)  If yes, what is the name and *private fund* identification number (if any) of the feeder funds investing in this *private fund*?

| |
|---|
| No Information Filed |

                                                                                                **Yes  No**

(c)  Is this a "feeder fund" in a master-feeder arrangement?     ◉  ○

(d)  If yes, what is the name and *private fund* identification number (if any) of the master fund in which this *private fund* invests?

Name of *private fund*:

LIQUID VALUE FUND I LP

*Private fund* identification number:
(include the "805-" prefix also)

NOTE: You must complete question 6 for each master-feeder arrangement regardless of whether you are filing a single Schedule D, Section 7.B.(1) for the master-feeder arrangement or reporting on the funds separately.

7.  If you are filing a single Schedule D, Section 7.B.(1) for a master-feeder arrangement according to the instructions to this Section 7.B.(1), for each of the feeder funds answer the following questions:

| |
|---|
| |
| No Information Filed |
| |

NOTE: For purposes of questions 6 and 7, in a master-feeder arrangement, one or more funds ("feeder funds") invest all or substantially all of their assets in a single fund ("master fund"). A fund would also be a "feeder fund" investing in a "master fund" for purposes of this question if it issued multiple classes (or series) of shares or interests, and each class (or series) invests substantially all of its assets in a single master fund.

                                                                                                **Yes  No**

8.  (a)  Is this *private fund* a "fund of funds"?     ○  ◉

NOTE: For purposes of this question only, answer "yes" if the fund invests 10 percent or more of its total assets in other pooled investment vehicles, regardless of whether they are also *private funds* or registered investment companies.

(b)  If yes, does the *private fund* invest in funds managed by you or by a *related person*?     ○  ○

                                                                                                **Yes  No**

9.  During your last fiscal year, did the *private fund* invest in securities issued by investment companies registered under the Investment   ○  ◉
Company Act of 1940 (other than "money market funds," to the extent provided in Instruction 6.e.)?

10.  What type of fund is the *private fund*?

○ hedge fund  ○ liquidity fund  ○ private equity fund  ○ real estate fund  ○ securitized asset fund  ◉ venture capital fund  ○ Other *private fund*:

NOTE: For definitions of these fund types, please see Instruction 6 of the Instructions to Part 1A.

11.  Current gross asset value of the *private fund*:

$ 53,543,260

**Ownership**

12. Minimum investment commitment required of an investor in the *private fund*:

    $ 250,000

    NOTE: Report the amount routinely required of investors who are not *related persons* (even if different from the amount set forth in the organizational documents of the fund).

13. Approximate number of the *private fund's* beneficial owners:

    25

14. What is the approximate percentage of the *private fund* beneficially owned by you and your *related persons*:

    2%

15. (a)  What is the approximate percentage of the *private fund* beneficially owned (in the aggregate) by funds of funds:

    8%

    |  | Yes | No |
    |---|---|---|
    | (b)  If the private fund qualifies for the exclusion from the definition of investment company under section 3(c)(1) of the Investment Company Act of 1940, are sales of the fund limited to *qualified clients*? | ● | ○ |

16. What is the approximate percentage of the *private fund* beneficially owned by non-*United States persons*:

    1%

**Your Advisory Services**

|  | Yes | No |
|---|---|---|
| 17. (a)  Are you a subadviser to this *private fund*? | ○ | ● |

(b)  If the answer to question 17.(a) is "yes," provide the name and SEC file number, if any, of the adviser of the *private fund*. If the answer to question 17.(a) is "no," leave this question blank.

| No Information Filed |
|---|

|  | Yes | No |
|---|---|---|
| 18. (a)  Do any investment advisers (other than the investment advisers listed in Section 7.B.(1).A.3.(b)) advise the *private fund*? | ○ | ● |

(b)  If the answer to question 18.(a) is "yes," provide the name and SEC file number, if any, of the other advisers to the *private fund*. If the answer to question 18.(a) is "no," leave this question blank.

| No Information Filed |
|---|

|  | Yes | No |
|---|---|---|
| 19. Are your *clients* solicited to invest in the *private fund*? | ○ | ● |

NOTE: For purposes of this question, do not consider feeder funds of the private fund.

20. Approximately what percentage of your *clients* has invested in the *private fund*?

    0%

**Private Offering**

|  | Yes | No |
|---|---|---|
| 21. Has the *private fund* ever relied on an exemption from registration of its securities under Regulation D of the Securities Act of 1933? | ● | ○ |

22. If yes, provide the *private fund's* Form D file number (if any):

| Form D file number |
|---|
| 021-424560 |

B. SERVICE PROVIDERS

**Auditors**

|  | Yes | No |
|---|---|---|
| 23. (a)  (1)  Are the *private fund's* financial statements subject to an annual audit? | ● | ○ |
| (2)  If the answer to question 23.(a)(1) is "yes," are the financial statements prepared in accordance with U.S. GAAP? | ● | ○ |

If the answer to question 23.(a)(1) is "yes," respond to questions (b) through (h) below. If the *private fund* uses more than one auditing firm, you must complete questions (b) through (f) separately for each auditing firm.

| **Additional Auditor Information : 1 Record(s) Filed.** |
|---|
| If the answer to question 23.(a)(1) is "yes," respond to questions (b) through (h) below. If the *private fund* uses more than one auditing firm, you must complete questions (b) through (f) separately for each auditing firm. |

(b)  Name of the auditing firm:

(c)  The location of the auditing firm's office responsible for the *private fund's* audit (city, state and country):

City:                           State:                    Country:

GRAND CAYMAN                                              Cayman Islands

|  |  | Yes | No |
|---|---|---|---|
| (d) | Is the auditing firm an *independent public accountant*? | ● | ○ |
| (e) | Is the auditing firm registered with the Public Company Accounting Oversight Board? | ○ | ● |
|  | If yes, Public Company Accounting Oversight Board-Assigned Number: |  |  |
| (f) | If "yes" to (e) above, is the auditing firm subject to regular inspection by the Public Company Accounting Oversight Board in accordance with its rules? | ○ | ○ |

|  |  | Yes | No |
|---|---|---|---|
| (g) | Are the *private fund's* audited financial statements for the most recently completed fiscal year distributed to the *private fund's* investors? | ● | ○ |

(h)  Do all of the reports prepared by the auditing firm for the *private fund* since your last *annual updating amendment* contain unqualified opinions?

○ Yes  ○ No  ● Report Not Yet Received

*If you check "Report Not Yet Received," you must promptly file an amendment to your Form ADV to update your response when the report is available.*

## Prime Broker

|  |  | Yes | No |
|---|---|---|---|
| 24. (a) | Does the *private fund* use one or more prime brokers? | ○ | ● |

If the answer to question 24.(a) is "yes," respond to questions (b) through (e) below for each prime broker the *private fund* uses. If the *private fund* uses more than one prime broker, you must complete questions (b) through (e) separately for each prime broker.

> No Information Filed

## Custodian

|  |  | Yes | No |
|---|---|---|---|
| 25. (a) | Does the *private fund* use any custodians (including the prime brokers listed above) to hold some or all of its assets? | ○ | ● |

If the answer to question 25.(a) is "yes," respond to questions (b) through (g) below for each custodian the *private fund* uses. If the *private fund* uses more than one custodian, you must complete questions (b) through (g) separately for each custodian.

> No Information Filed

## Administrator

|  |  | Yes | No |
|---|---|---|---|
| 26. (a) | Does the *private fund* use an administrator other than your firm? | ● | ○ |

If the answer to question 26.(a) is "yes," respond to questions (b) through (f) below. If the *private fund* uses more than one administrator, you must complete questions (b) through (f) separately for each administrator.

**Additional Administrator Information : 1 Record(s) Filed.**

If the answer to question 26.(a) is "yes," respond to questions (b) through (f) below. If the *private fund* uses more than one administrator, you must complete questions (b) through (f) separately for each administrator.

(b)  Name of administrator:

MG STOVER & CO

(c)  Location of administrator (city, state and country):

City:                           State:                    Country:

DENVER                          Colorado                 United States

Yes No

(d) Is the administrator a *related person* of your firm?  ○ ●

(e) Does the administrator prepare and send investor account statements to the *private fund's* investors?
    ● Yes (provided to all investors)  ○ Some (provided to some but not all investors)  ○ No (provided to no investors)

(f) If the answer to question 26.(e) is "no" or "some," who sends the investor account statements to the (rest of the) *private fund's* investors? If investor account statements are not sent to the (rest of the) *private fund's* investors, respond "not applicable."

27. During your last fiscal year, what percentage of the *private fund's* assets (by value) was valued by a *person*, such as an administrator, that is not your *related person*?

0%

Include only those assets where (i) such *person* carried out the valuation procedure established for that asset, if any, including obtaining any relevant quotes, and (ii) the valuation used for purposes of investor subscriptions, redemptions or distributions, and fee calculations (including allocations) was the valuation determined by such *person*.

### Marketers

Yes No

28. (a) Does the *private fund* use the services of someone other than you or your *employees* for marketing purposes?  ○ ●

You must answer "yes" whether the *person* acts as a placement agent, consultant, finder, introducer, municipal advisor or other solicitor, or similar *person*. If the answer to question 28.(a) is "yes," respond to questions (b) through (g) below for each such marketer the *private fund* uses. If the *private fund* uses more than one marketer you must complete questions (b) through (g) separately for each marketer.

| No Information Filed |
| --- |

Funds per Page: 15 ▾   Total Funds: 2

---

**SECTION 7.B.(2)** *Private Fund* **Reporting**

No Information Filed

---

**Item 10 Control Persons**

In this Item, we ask you to identify every *person* that, directly or indirectly, *controls* you. If you are filing an *umbrella registration*, the information in Item 10 should be provided for the *filing adviser* only.

If you are submitting an initial application or report, you must complete Schedule A and Schedule B. Schedule A asks for information about your direct owners and executive officers. Schedule B asks for information about your indirect owners. If this is an amendment and you are updating information you reported on either Schedule A or Schedule B (or both) that you filed with your initial application or report, you must complete Schedule C.

Yes No

A. Does any *person* not named in Item 1.A. or Schedules A, B, or C, directly or indirectly, *control* your management or policies?  ○ ●

*If yes, complete Section 10.A. of Schedule D.*

B. If any *person* named in Schedules A, B, or C or in Section 10.A. of Schedule D is a public reporting company under Sections 12 or 15(d) of the Securities Exchange Act of 1934, please complete Section 10.B. of Schedule D.

---

**SECTION 10.A.** *Control Persons*

No Information Filed

---

**SECTION 10.B.** *Control Person* **Public Reporting Companies**

No Information Filed

**Item 11  Disclosure Information**

In this Item, we ask for information about your disciplinary history and the disciplinary history of all your *advisory affiliates*. We use this information to determine whether to grant your application for registration, to decide whether to revoke your registration or to place limitations on our activities as an investment adviser, and to identify potential problem areas to focus on during our on-site examinations. One event may result in "yes" answers to more than one of the questions below. In accordance with General Instruction 5 to Form ADV, "you" and "your" include the *filing adviser* and all *relying advisers* under an *umbrella registration*.

Your *advisory affiliates* are: (1) all of your current *employees* (other than *employees* performing only clerical, administrative, support or similar functions): (2) all of your officers, partners, or directors (or any *person* performing similar functions): and (3) all *persons* directly or indirectly *controlling* you or *controlled* by you.

*If you are registered or registering with the SEC or if you are an exempt reporting adviser, you may limit your disclosure of any event listed in Item 11 to ten years following the date of the event. If you are registered or registering with a state, you must respond to the questions as posed; you may, therefore, limit your disclosure to ten years following the date of an event only in responding to Items 11.A.(1), 11.A.(2), 11.B.(1), 11.B.(2), 11.D.(4), and 11.H.(1)(a). For purposes of calculating this ten-year period, the date of an event is the date the final order, judgment, or decree was entered, or the date any rights of appeal from preliminary orders, judgments, or decrees lapsed.*

You must complete the appropriate Disclosure Reporting Page ("DRP") for "yes" answers to the questions in this Item 11.

|  | Yes | No |
|---|---|---|
| Do any of the events below involve you or any of your *supervised persons*? | ○ | ◉ |

For "yes" answers to the following questions, complete a Criminal Action DRP:

|  | Yes | No |
|---|---|---|
| A.  In the past ten years, have you or any *advisory affiliate*: | | |
| (1)  been convicted of or pled guilty or nolo contendere ("no contest") in a domestic, foreign, or military court to any *felony*? | ○ | ◉ |
| (2)  been *charged* with any *felony*? | ○ | ◉ |

*If you are registered or registering with the SEC, or if you are reporting as an exempt reporting adviser, you may limit your response to Item 11.A.(2) to charges that are currently pending.*

|  | Yes | No |
|---|---|---|
| B.  In the past ten years, have you or any *advisory affiliate*: | | |
| (1)  been convicted of or pled guilty or nolo contendere ("no contest") in a domestic, foreign, or military court to a *misdemeanor* involving: investments or an *investment-related* business, or any fraud, false statements, or omissions, wrongful taking of property, bribery, perjury, forgery, counterfeiting, extortion, or a conspiracy to commit any of these offenses? | ○ | ◉ |
| (2)  been *charged* with a *misdemeanor* listed in Item 11.B.(1)? | ○ | ◉ |

*If you are registered or registering with the SEC, or if you are reporting as an exempt reporting adviser, you may limit your response to Item 11.B.(2) to charges that are currently pending.*

For "yes" answers to the following questions, complete a Regulatory Action DRP:

|  | Yes | No |
|---|---|---|
| C.  Has the SEC or the Commodity Futures Trading Commission (CFTC) ever: | | |
| (1)  *found* you or any *advisory affiliate* to have made a false statement or omission? | ○ | ◉ |
| (2)  *found* you or any *advisory affiliate* to have been *involved* in a violation of SEC or CFTC regulations or statutes? | ○ | ◉ |
| (3)  *found* you or any *advisory affiliate* to have been a cause of an *investment-related* business having its authorization to do business denied, suspended, revoked, or restricted? | ○ | ◉ |
| (4)  entered an *order* against you or any *advisory affiliate* in connection with *investment-related* activity? | ○ | ◉ |
| (5)  imposed a civil money penalty on you or any *advisory affiliate*, or *ordered* you or any *advisory affiliate* to cease and desist from any activity? | ○ | ◉ |
| D.  Has any other federal regulatory agency, any state regulatory agency, or any *foreign financial regulatory authority*: | | |
| (1)  ever *found* you or any *advisory affiliate* to have made a false statement or omission, or been dishonest, unfair, or unethical? | ○ | ◉ |
| (2)  ever *found* you or any *advisory affiliate* to have been *involved* in a violation of *investment-related* regulations or statutes? | ○ | ◉ |
| (3)  ever *found* you or any *advisory affiliate* to have been a cause of an *investment-related* business having its authorization to do business denied, suspended, revoked, or restricted? | ○ | ◉ |
| (4)  in the past ten years, entered an *order* against you or any *advisory affiliate* in connection with an *investment-related* activity? | ○ | ◉ |
| (5)  ever denied, suspended, or revoked your or any *advisory affiliate's* registration or license, or otherwise prevented you or any *advisory affiliate*, by *order*, from associating with an *investment-related* business or restricted your or any *advisory affiliate's* activity? | ○ | ◉ |
| E.  Has any *self-regulatory organization* or commodities exchange ever: | | |
| (1)  *found* you or any *advisory affiliate* to have made a false statement or omission? | ○ | ◉ |
| (2)  *found* you or any *advisory affiliate* to have been *involved* in a violation of its rules (other than a violation designated as a "*minor rule violation*" under a plan approved by the SEC)? | ○ | ◉ |
| (3)  *found* you or any *advisory affiliate* to have been the cause of an *investment-related* business having its authorization to do business denied, suspended, revoked, or restricted? | ○ | ◉ |
| (4)  disciplined you or any *advisory affiliate* by expelling or suspending you or the *advisory affiliate* from membership, barring or suspending you or the *advisory affiliate* from association with other members, or otherwise restricting your or the *advisory affiliate's* activities? | ○ | ◉ |

F. Has an authorization to act as an attorney, accountant, or federal contractor granted to you or any *advisory affiliate* ever been revoked or suspended?

G. Are you or any *advisory affiliate* now the subject of any regulatory *proceeding* that could result in a "yes" answer to any part of Item 11.C., 11.D., or 11.E.?

For "yes" answers to the following questions, complete a Civil Judicial Action DRP:

| | | | Yes | No |
|---|---|---|---|---|
| H. | (1) | Has any domestic or foreign court: | | |
| | | (a) in the past ten years, *enjoined* you or any *advisory affiliate* in connection with any *investment-related* activity? | ○ | ◉ |
| | | (b) ever *found* that you or any *advisory affiliate* were *involved* in a violation of *investment-related* statutes or regulations? | ○ | ◉ |
| | | (c) ever dismissed, pursuant to a settlement agreement, an *investment-related* civil action brought against you or any *advisory affiliate* by a state or *foreign financial regulatory authority*? | ○ | ◉ |
| | (2) | Are you or any *advisory affiliate* now the subject of any civil *proceeding* that could result in a "yes" answer to any part of Item 11.H.(1)? | ○ | ◉ |

## Schedule A

**Direct Owners and Executive Officers**

1. Complete Schedule A only if you are submitting an initial application or report. Schedule A asks for information about your direct owners and executive officers. Use Schedule C to amend this information.
2. Direct Owners and Executive Officers. List below the names of:
    (a) each Chief Executive Officer, Chief Financial Officer, Chief Operations Officer, Chief Legal Officer, Chief Compliance Officer(Chief Compliance Officer is required if you are registered or applying for registration and cannot be more than one individual), director, and any other individuals with similar status or functions;
    (b) if you are organized as a corporation, each shareholder that is a direct owner of 5% or more of a class of your voting securities, unless you are a public reporting company (a company subject to Section 12 or 15(d) of the Exchange Act):
    Direct owners include any *person* that owns, beneficially owns, has the right to vote, or has the power to sell or direct the sale of, 5% or more of a class of your voting securities. For purposes of this Schedule, a *person* beneficially owns any securities: (i) owned by his/her child, stepchild, grandchild, parent, stepparent, grandparent, spouse, sibling, mother-in-law, father-in-law, son-in-law, daughter-in-law, brother-in-law, or sister-in-law, sharing the same residence; or (ii) that he/she has the right to acquire, within 60 days, through the exercise of any option, warrant, or right to purchase the security.
    (c) if you are organized as a partnership, all general partners and those limited and special partners that have the right to receive upon dissolution, or have contributed, 5% or more of your capital;
    (d) in the case of a trust that directly owns 5% or more of a class of your voting securities, or that has the right to receive upon dissolution, or has contributed, 5% or more of your capital, the trust and each trustee; and
    (e) if you are organized as a limited liability company ("LLC"), (i) those members that have the right to receive upon dissolution, or have contributed, 5% or more of your capital, and (ii) if managed by elected managers, all elected managers.
3. Do you have any indirect owners to be reported on Schedule B?   ○ Yes   ◉ No
4. In the DE/FE/I column below, enter "DE" if the owner is a domestic entity, "FE" if the owner is an entity incorporated or domiciled in a foreign country, or "I" if the owner or executive officer is an individual.
5. Complete the Title or Status column by entering board/management titles; status as partner, trustee, sole proprietor, elected manager, shareholder, or member; and for shareholders or members, the class of securities owned (if more than one is issued).
6. Ownership codes are:    NA - less than 5%        B - 10% but less than 25%    D - 50% but less than 75%
                            A - 5% but less than 10%    C - 25% but less than 50%    E - 75% or more
7. (a) In the *Control Person* column, enter "Yes" if the *person* has *control* as defined in the Glossary of Terms to Form ADV, and enter "No" if the *person* does not have *control*. Note that under this definition, most executive officers and all 25% owners, general partners, elected managers, and trustees are *control persons*.
    (b) In the PR column, enter "PR" if the owner is a public reporting company under Sections 12 or 15(d) of the Exchange Act.
    (c) Complete each column.

| FULL LEGAL NAME (Individuals: Last Name, First Name, Middle Name) | DE/FE/I | Title or Status | Date Title or Status Acquired MM/YYYY | Ownership Code | *Control Person* | PR | *CRD* No. If None: S.S. No. and Date of Birth, IRS Tax No. or Employer ID No. |
|---|---|---|---|---|---|---|---|
| Graham, Matthew | I | MANAGING MEMBER | 12/2022 | E | Y | N | 7495930 |

## Schedule B

**Indirect Owners**

1. Complete Schedule B only if you are submitting an initial application or report. Schedule B asks for information about your indirect owners; you must first complete Schedule A, which asks for information about your direct owners. Use Schedule C to amend this information.
2. Indirect Owners. With respect to each owner listed on Schedule A (except individual owners), list below:
    (a) in the case of an owner that is a corporation, each of its shareholders that beneficially owns, has the right to vote, or has the power to sell or direct the sale of, 25% or more of a class of a voting security of that corporation;

    For purposes of this Schedule, a *person* beneficially owns any securities: (i) owned by his/her child, stepchild, grandchild, parent, stepparent, grandparent, spouse, sibling, mother-in-law, father-in-law, son-in-law, daughter-in-law, brother-in-law, or sister-in-law, sharing the same residence; or (ii) that he/she has the right to acquire, within 60 days, through the exercise of any option, warrant, or right to purchase the security.
    (b) in the case of an owner that is a partnership, all general partners and those limited and special partners that have the right to receive upon dissolution, or have contributed, 25% or more of the partnership's capital;

(d) in the case of an owner that is a trust, the trust and each trustee; and

(d) in the case of an owner that is a limited liability company ("LLC") that (i) has more than 25% owners, and (ii) has not appointed a manager and is managed by its members, you must complete a Schedule A or B, as applicable, for each member that is (i) entitled to receive upon dissolution, or has contributed, 25% or more of the LLC's capital, and (ii) if managed by elected managers, all elected managers.

3. Continue up the chain of ownership listing all 25% owners at each level. Once a public reporting company (a company subject to Sections 12 or 15(d) of the Exchange Act) is reached, no further ownership information need be given.

4. In the DE/FE/I column below, enter "DE" if the owner is a domestic entity, "FE" if the owner is an entity incorporated or domiciled in a foreign country, or "I" if the owner is an individual.

5. Complete the Status column by entering the owner's status as partner, trustee, elected manager, shareholder, or member; and for shareholders or members, the class of securities owned (if more than one is issued).

6. Ownership codes are:   C - 25% but less than 50%    E - 75% or more

                    D - 50% but less than 75%    F - Other (general partner, trustee, or elected manager)

7. (a) In the *Control Person* column, enter "Yes" if the *person* has *control* as defined in the Glossary of Terms to Form ADV, and enter "No" if the *person* does not have *control*. Note that under this definition, most executive officers and all 25% owners, general partners, elected managers, and trustees are *control persons*.

   (b) In the PR column, enter "PR" if the owner is a public reporting company under Sections 12 or 15(d) of the Exchange Act.

   (c) Complete each column.

No Information Filed

---

### Schedule D - Miscellaneous

You may use the space below to explain a response to an Item or to provide any other information.

---

### DRP Pages

#### CRIMINAL DISCLOSURE REPORTING PAGE (ADV)

No Information Filed

#### REGULATORY ACTION DISCLOSURE REPORTING PAGE (ADV)

No Information Filed

#### CIVIL JUDICIAL ACTION DISCLOSURE REPORTING PAGE (ADV)

No Information Filed

---

### Execution Pages

#### DOMESTIC INVESTMENT ADVISER EXECUTION PAGE

You must complete the following Execution Page to Form ADV. This execution page must be signed and attached to your initial submission of Form ADV to the SEC and all amendments.

#### Appointment of Agent for Service of Process

By signing this Form ADV Execution Page, you, the undersigned adviser, irrevocably appoint the Secretary of State or other legally designated officer, of the state in which you maintain your *principal office and place of business* and any other state in which you are submitting a *notice filing*, as your agents to receive service, and agree that such *persons* may accept service on your behalf, of any notice, subpoena, summons, *order* instituting *proceedings*, demand for arbitration, or other process or papers, and you further agree that such service may be made by registered or certified mail, in any federal or state action, administrative *proceeding* or arbitration brought against you in any place subject to the jurisdiction of the United States, if the action, *proceeding*, or arbitration (a) arises out of any activity in connection with your investment advisory business that is subject to the jurisdiction of the United States, and (b) is *founded*, directly or indirectly, upon the provisions of: (i) the Securities Act of 1933, the Securities Exchange Act of 1934, the Trust Indenture Act of 1939, the Investment Company Act of 1940, or the Investment Advisers Act of 1940, or any rule or regulation under any of these acts, or (ii) the laws of the state in which you maintain your *principal office and place of business* or of any state in which you are submitting a *notice filing*.

#### Signature

I, the undersigned, sign this Form ADV on behalf of, and with the authority of, the investment adviser. The investment adviser and I both certify, under penalty of perjury under the laws of the United States of America, that the information and statements made in this ADV, including exhibits and any other information submitted, are true and correct, and that I am signing this Form ADV Execution Page as a free and voluntary act.

I certify that the adviser's books and records will be preserved and available for inspection as required by law. Finally, I authorize any *person* having *custody* or possession of these books and records to make them available to federal and state regulatory representatives.

Signature:
PATRICK LONEY

Date: MM/DD/YYYY
06/30/2023

Printed Name:
PATRICK LONEY

Title:
GENERAL COUNSEL

Adviser *CRD* Number:
326303

---

**NON-RESIDENT** INVESTMENT ADVISER EXECUTION PAGE

You must complete the following Execution Page to Form ADV. This execution page must be signed and attached to your initial submission of Form ADV to the SEC and all amendments.

1. Appointment of Agent for Service of Process

By signing this Form ADV Execution Page, you, the undersigned adviser, irrevocably appoint each of the Secretary of the SEC, and the Secretary of State or other legally designated officer, of any other state in which you are submitting a *notice filing*, as your agents to receive service, and agree that such persons may accept service on your behalf, of any notice, subpoena, summons, *order* instituting *proceedings*, demand for arbitration, or other process or papers, and you further agree that such service may be made by registered or certified mail, in any federal or state action, administrative *proceeding* or arbitration brought against you in any place subject to the jurisdiction of the United States, if the action, *proceeding* or arbitration (a) arises out of any activity in connection with your investment advisory business that is subject to the jurisdiction of the United States, and (b) is *founded*, directly or indirectly, upon the provisions of: (i) the Securities Act of 1933, the Securities Exchange Act of 1934, the Trust Indenture Act of 1939, the Investment Company Act of 1940, or the Investment Advisers Act of 1940, or any rule or regulation under any of these acts, or (ii) the laws of any state in which you are submitting a *notice filing*.

2. Appointment and Consent: Effect on Partnerships

If you are organized as a partnership, this irrevocable power of attorney and consent to service of process will continue in effect if any partner withdraws from or is admitted to the partnership, provided that the admission or withdrawal does not create a new partnership. If the partnership dissolves, this irrevocable power of attorney and consent shall be in effect for any action brought against you or any of your former partners.

3. *Non-Resident* Investment Adviser Undertaking Regarding Books and Records

By signing this Form ADV, you also agree to provide, at your own expense, to the U.S. Securities and Exchange Commission at its principal office in Washington D.C., at any Regional or District Office of the Commission, or at any one of its offices in the United States, as specified by the Commission, correct, current, and complete copies of any or all records that you are required to maintain under Rule 204-2 under the Investment Advisers Act of 1940. This undertaking shall be binding upon you, your heirs, successors and assigns, and any *person* subject to your written irrevocable consents or powers of attorney or any of your general partners and *managing agents*.

Signature

I, the undersigned, sign this Form ADV on behalf of, and with the authority of, the *non-resident* investment adviser. The investment adviser and I both certify, under penalty of perjury under the laws of the United States of America, that the information and statements made in this ADV, including exhibits and any other information submitted, are true and correct, and that I am signing this Form ADV Execution Page as a free and voluntary act.

I certify that the adviser's books and records will be preserved and available for inspection as required by law. Finally, I authorize any *person* having *custody* or possession of these books and records to make them available to federal and state regulatory representatives.

Signature:

Date: MM/DD/YYYY

Printed Name:

Title:

Adviser *CRD* Number:
326303

# Exhibit I

**PLAINTIFFS' OMNIBUS MOTION TO LIFT DISCOVERY STAY AND FOR LEAVE TO CONDUCT JURISDICTIONAL DISCOVERY, AND, IF NECESSARY TO AMEND THEIR COMPLAINTS WITH ANY FACTS ARISING FROM SUCH DISCOVERY**

| Link to fund raise folder: https://drive.google.com/drive/folders/13aqMtWqNA1LJWR5-6sROtri4qNcSdfaX?usp=sharing | | | | |
|---|---|---|---|---|
| Name | Contacts | BTIG | Signature Block | Side letter |
| Sequoia | .com, lin@sequoiacap.com, pfu@sequoiacap.com | | Executed | Yes |
| Paradigm Capital | att@paradigm.xyz, arjun@paradigm.xyz & Lath; | No | Sig packet sent to Adam Zuckerman at Latham | Yes |
| Thoma Bravo | jthomabravo.com, cchan@thomabravo.com & Kirkland | | Executed | Yes |
| SoftBank | ank.com, zelda.desouza@softbank.com, hayley.chan@softbar | | Executed | Yes |
| Third Point LLC (Dan Loeb's fund) | n, RBrem@thirdpoint.com, Morgan Lewis (scot | No | om/drive/folders/1bv2Fb6KnHf-O5t5vs8yutis4jb | Yes |
| Insight Partners | com, efisher@insightpartners.com, Astarker@insightpartners | | Executed | Yes |
| Ribbit Capital | tcap.com, zack@ribbitcap.com & Latham; max@ | No | Sig Packet sent to attorney | Yes |
| Lightspeed Venture Partners | an@lsvp.com, ryan@lsvp.com, morgan@lsvp.com, Ravi@lsv | | Executed | Yes |
| Willoughby Capital (Dan Och's fund) | om>, Adnan Ahmad <adnan@willcapllc.com> | Yes | V 6, LLC – $5mmhttps://drive.google.com/drive/f | Yes |
| 40 North Capital LLC. | n.leidinger@40north.com, matthew.pavia@40nc | Yes | n/drive/folders/1NhBO7pNE-Y4R8e55ZiOeDf0m: | No |
| Multicoin Capital | kyle@multicoin.capital, brian@multicoin.capital | No | /drive/folders/1NhBO7pNE-Y4R8e55ZiOeDf0m: | No |
| Altimeter | @altimeter.com, James Ho <james@altimeter.c | No | om/drive/folders/1k-0oac6jQw3gdlPNcAzccYJoV | Yes |
| Coinbase Ventures | ase.com, shan.aggarwal@coinbase.com, ventures | No | Executed | Yes |
| Bond Capital | om, paul@bondcap.com, katie@bondcap.com, | No | Executed | Yes |
| Precept (Mark Cuban) + Hunt Family | cer@preceptfund.com, nroossien@preceptfund. | Yes | om/drive/folders/1yjgv1MEHfvt-JozIAezM112ng | Yes |
| Senator Investment Group | JArmao@senatorlp.com & SRZ | | ive.google.com/drive/folders/1SWnH7CrNnGafNyxT_s6Cydd' | Yes |
| Paul Tudor Jones | n.com, Colleen.Dodman@jnsgrp.com, Michael. | Yes | n/drive/folders/1bRCInlrCOSWiXtioMbcMkAjLg | No |
| Tribe Capital | a@tribecap.co, raaid@tribecap.co, arj@tribecap.com | | Tribe Capital | No |
| Tekne | ben@teknecap.com | Yes | n/drive/folders/1g-Sa-vwM7K-1G2mH-24ngTQ_ | No |
| DWF | m.rendchen@digital-wave.ch | Yes | n/drive/folders/1-roK9tNvIy7GhLx7-yrPL6Hyr | No |
| Circle | m, pcorker@circle.com, jallaire@circle.com, fna | Yes | n/drive/folders/1WwVzMZCmJWRnlHKsynos8war | No |
| Race Capital | @race.capital, alfred@race.capital, edith@race.c | Yes | /drive/folders/1vazPyBHbrTVa89WuhBUB-ZFR | No |
| Pantera Capital | n@panteracapital.com, Lauren@panteracapital. | Yes | Ramnik to reach out | Yes |
| Ryan Rabaglia (LCV Shire Holdings) | glia@gmail.com, partner@lc.ventures, invest@lc | Yes | n/drive/folders/108tzGwECUundUIe9Axw0e3xyJ | No |
| Alan Howard | com, Craig.Adams@brevanhoward.com, Naomi | Yes | n/drive/folders/1aKygwi2ZTrVSDbnxFch28jyqx | No |
| Izzy Englander | JWhitney@iefo.com, spavel@iefo.com | No | Executed | Yes |
| Matthew Graham/Sino Global | matthew.graham@sinoglobalcapital.com | Yes | /drive/folders/1aCsCAVDvAPVvMemr6h62ZzN: | No |
| Belfer Management LLC | taub@belfermgmt.com, cdamore@belfermgmt. | Yes | LC C/O BELFER MGMT associated with Belfer N | Yes |
| White Truffle | le.fund, nikita.masyukov@its-trade.com, sergei.s | Yes | n/drive/folders/1QuWiCDsV9QP7rAyJMA95Dxu: | No |
| Nibbio | bbio.io, arnaud.mazzucco@nibbio.io, clarens.car | accio@nibbi | n/drive/folders/1b2tiy_1-8bHOLgNMGcm1W3W | No |
| NEA | r@nea.com, sbrecher@nea.com, SThompson@nea.com | | Executed | Yes |
| Jason Tang/True Edge Capital | quant@trueedgecapital.com | Yes | n/drive/folders/1qLp4XRxtZPShtzudMTrnv5Xmn | No |
| Kraft Family | ls@thekraftgroup.com, davidl@thekraftgroup.c | Yes | n/drive/folders/1ZO7bycbajStSBR4c6mt8yGQUV | No |
| Hazoor Partners | rs.com, Craig@hazoorpartners.com, Harpreet@ | Yes | om/drive/folders/18Cv4ogBStr_zsFwc_0MydzJ 0m | No |
| VanEck - Asset Manager | ggurbacs@vaneck.com, lrappaport@vaneck.com | Yes | n/drive/folders/1CSa9Lskra5cK6uWEsRuAFb7xl | No |
| Folkvang | :@folkvang.io, jeff@folkvang.io, james@folkvang.io | | Signature packet sent to attorney | No |

| Link to fund raise folder: https://drive.google.com/drive/folders/13aqMtWqNA1LJWR5-6sROtri4qNcSdfaX?usp=sharing | | | |
|---|---|---|---|
| **Name** | **Media** | **:ro'ed to Fcnw** | **Contacts** |
| OTPP | 1 (Confirmed) | 1 | emmanuelle_norchet@otpp.com, andrew_jang@otpp.com |
| Sequoia Global Equities | 1 (Confirmed) | 1 | equoiacap.com, Kimberly Summe <summe@sequoiacap.com>, Scott Wu <Wu@sequoiacap |
| Temasek | 1 (Confirmed) | 1 | antonylewis@temasek.com.sg, sijia@temasek.com.sg, |
| SEA | 1 (Confirmed) | 1 | David Ma <mad@sea.com> |
| Ribbit Capital | 1 (Confirmed) | 1 | cap.com, zack@ribbitcap.com, Ben Paull <ben@ribbitcap.com>, Max Montgomery <max@ |
| Blackrock | 1 (Confirmed) | 1 | xwell Stein <Maxwell.Stein@blackrock.com>, Michael Svidrun <Michael.Svidrun@blackroc |
| Sequoia Capital | | 1 | ap.com, lin@sequoiacap.com, Joe Binder <jbinder@sequoiacap.com>, Megan Dollar <dai@ |
| Altimeter | | 1 | james@altimeter.com, hab@altimeter.com, Judy Yuan <judy@altimeter.com> |
| ICONIQ Capital | 1 (Confirmed) | 1 | >, Divesh Makan <divesh@iconiqcapital.com>, Ryan Koh <rkoh@iconiqcapital.com>, Zac |
| IVP | 1 (Confirmed) | 1 | cooley.com>, Eric Liaw <eliaw@ivp.com>, Jason Kong <jason@ivp.com>, James Black <jl |
| Ausvic Capital Limited | | 1 | Alan Li <alanli@dawanasset.com>, chenping@ausviccapital.com |
| Lightspeed Venture Partners | 1 (Confirmed) | 1 | amy@lsvp.com, shan@lsvp.com, ryan@lsvp.com, morgan@lsvp.com, Ravi@lsvp.com |
| Pulsar Trading | | 1 | joanna.li@pulsartradingcap.com, partners@pulsartradingcap.com |
| SkyBridge | | 1 | kybridge.com>, Daniel Barile <DBarile@skybridge.com>, Brett Messing <BMessing@skybri |
| Tiger Global | 1 (Confirmed) | 1 | n>, Whitney Bishop <WBishop@fenwick.com>, can@ftx.com, dan@ftx.com, Steven L. Bag |
| Belfer Management | | 1 | om@belfermgmt.com, staub@belfermgmt.com, cdamore@belfermgmt.com, jganz@belfermg |
| Insight Partners | | 1 | tpartners.com, efisher@insightpartners.com, Rebecca E. Wainstein <RWainstein@willkie.co |
| Blue Pool Capital | | 1 | om>, Erin Kim <EKim@bluepoolcapital.com>, Jordan Oreck <JOreck@bluepoolcapital.com |
| Base 10 Ventures | | 1 | w Lebovitz <andrew@base10.vc>, adeyemi ajao <ade@base10.vc>, tj nahigian <tj@base10. |
| ThirdPoint Ventures | | 1 | thirdpoint.com, Scott D. Karchmer <scott.karchmer@morganlewis.com>, Danielle Ebenste |
| Race Capital | | 1 | chris@race.capital, alfred@race.capital, edith@race.capital |
| UOB Group | | 1 | Charles KOK Hoong Chwan <Charles.KokHC@uobgroup.com> |
| Whale Rock Capital | | 1 | whalerockcapital.com>, Wei Guo <wei@whalerockcapital.com>, James Houghtlin <james@ |
| xnlp | | 1 | tb@xnlp.com, Thomas O'Grady <tog@xnlp.com> |
| Phil Fayer | | 1 | pfayer@nuvei.com, avi@fayerfo.com |
| Willoughby Capital | | 1 | adnan@willcapllc.com, Jeff Derbyshire <jderbyshire@willcapllc.com> |
| APES Partners | | 1 | Stewart Gruen <stew@apes.partners>, edward cheung <ed@apes.partners> |
| Samsung Next | | 1 | d Lee <david.lee@samsungnext.com>, Preethi Kasireddy <preethi.kasireddy@samsungnext.co |
| Tribe Capital | | 1 | tribecap.com, lauren@tribecap.co, Lisa Potocsnak <lisa@tribecap.co>, Alex Chee <alex@trib |
| Chuang Family | | 1 | <EdwinChuang@chuangs-china.com>, Boris Lee <borislee@chuangs.com.hk>, Leo Chan < |
| Senator Investment Group | | 1 | JArmao@senatorlp.com, raustin@senatorlp.com, operations@senatorlp.com |
| JFK | | 1 | jfk@th3ia.io, gay@th3ia.io, johann.kirsten@Gmail.com |
| 2021-015 Investments LLC | | 1 | Van Voris <tvanvoris@thielcapital.com>, David Wheelock <dwheelock@thielcapital.com> |
| Anthos Capital | | 1 | ly@anthoscapital.com>,Pam Ryan <pryan@anthoscapital.com>, Randy Chandler <rchandle |
| Meritech Capital | | 1 | , Alex Kurland <ak@meritechcapital.com>, Joel Backman <jbackman@meritechcapital.com |
| Hof Capital Growth Fund | | 1 | lad@hof.capital, David Wittmann <dwittmann@hof.capital>, Sinan Koc <sinankoc95@gma |
| Telstra Ventures | | 1 | Matthew Koertge <Matthew@telstraventures.com>, Joseph An <joseph@telstraventures.com> |

# Exhibit J

**PLAINTIFFS' OMNIBUS MOTION TO LIFT DISCOVERY STAY AND FOR LEAVE TO CONDUCT JURISDICTIONAL DISCOVERY, AND, IF NECESSARY TO AMEND THEIR COMPLAINTS WITH ANY FACTS ARISING FROM SUCH DISCOVERY**

Appointment

---

**From**: Antony LEWIS [antonylewis@temasek.com.sg]
**Sent**: 11/16/2021 4:54:56 PM
**To**: Pradyumna AGRAWAL [pradyumna@temasek.com.sg]; Ramnik Arora [ramnik@ftx.com]; Sam Bankman-Fried [sam@ftx.com]

**Subject**: Temasek/FTX
**Location**: 375 Park Avenue, 14th Floor, New York, NY 10152

**Start**: 11/16/2021 11:30:00 PM
**End**: 11/17/2021 12:30:00 AM
**Show Time As**: Busy

**Recurrence**: (none)


Meeting in the office then head to dinner (we will book).

Thanks


This email is confidential and may also be privileged. If this email has been sent to you in error, please delete it immediately and notify us. Please do not copy, distribute or disseminate part or whole of this email if you are not the intended recipient or if you have not been authorized to do so. We reserve the right, to the extent and under circumstances permitted by applicable laws, to retain, monitor and intercept email messages to and from our systems. Thank you.

We provide investment advice and other investment-related services to certain Temasek group entities only and not to any other parties.



GOVERNMENT
EXHIBIT
286
22 Cr. 673 (LAK)

CONFIDENTIAL TREATMENT REQUESTED BY FTX

# Exhibit K

**PLAINTIFFS' OMNIBUS MOTION TO LIFT DISCOVERY STAY AND FOR LEAVE TO CONDUCT JURISDICTIONAL DISCOVERY, AND, IF NECESSARY TO AMEND THEIR COMPLAINTS WITH ANY FACTS ARISING FROM SUCH DISCOVERY**

GOVERNMENT
EXHIBIT
2008

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - X
                                   :

UNITED STATES OF AMERICA         :   22 Cr. 673 (LAK)
                                   :

           v.               :   **STIPULATION**
                                   :   **REGARDING RECORDS**

SAMUEL BANKMAN-FRIED,      :   **AUTHENTICITY**
    a/k/a "SBF,                    :
                                   :

                Defendant.     :
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - X

IT IS HEREBY STIPULATED AND AGREED by and between the United States of America, by DAMIAN WILLIAMS, United States Attorney for the Southern District of New York, by the undersigned counsel, and SAMUEL BANKMAN-FRIED, the defendant, by and with the consent of his attorneys, that:

1.      The exhibits set forth in Attachments A-1, A-2, A-3, and B, below, consist of true and correct copies of the documents, audio files, emails, and messages described in those Attachments.

2.      The exhibits set forth in Attachment A-1 are documents and audio files. The "Date" listed for each document is the date it was created, and the "File Name" refers to the name of the document or audio file.

3.      The exhibits set forth in Attachment A-2 are emails and their attachments. The "Date" listed for each email is the date it was sent, and the "Subject Line" refers to the Subject Line of the email.

4.      The exhibits set forth in Attachment A-3 are text messages or other messaging communications. The "Message Participants" listed for each message are the participants in the message, and the date is the date the first message was sent.

2401575.3

5.    The exhibits set forth in Attachment B are documents.  The "Date" listed for each document is the date it was created, and the "File Name" refers to the name of the document or audio file.

IT IS FURTHER STIPULATED AND AGREED that no party will raise any objection under Federal Rule of Evidence 901 or 1003 with respect to any exhibit referenced in Attachments A-1, A-2, A-3, or B below.

IT IS FURTHER STIPULATED AND AGREED that this stipulation may be received into evidence at trial.

Dated: New York, New York

October 10, 2023

> DAMIAN WILLIAMS
> United States Attorney
> Southern District of New York

By: _____

> Danielle Kudla
> Samuel Raymond
> Thane Rehn
> Nicolas Roos
> Danielle R. Sassoon
> Assistant United States Attorneys

> SAMUEL BANKMAN-FRIED
> Defendant

By: _____

> Christian Everdell
> Mark Cohen
> Counsel for Samuel Bankman-Fried

2401575.3

3

**ATTACHMENT A-1**
**(Documents and Audio Files)**

| GX # | File Name | Date |
|------|-----------|------|
| 3 | FTXPHL Properties 2021 (Leased & Purchased) | 12/20/2021 |
| 4 | Current outstanding loans | 11/7/2022 |
| 5 | locs | 9/5/2022 |
| 6 | Full Comprehensive Hedging Model 9/8 | 9/8/2022 |
| 7 | Hedging Our Deltas | 9/2/2022 |
| 8 | README | 6/7/2022 |
| 10 | [External] Balance Sheet 10/1/22 | 10/17/2022 |
| 11 | Balance Sheet 10/1/22 | 10/7/2022 |
| 12 | Sources of Capital | 11/7/2022 |
| 14A | Venture Deals 2fe7e91dbbec4427ab80e3297b485113.csv | 6/17/2022 |
| 14B | 20220926 Venture Deals 2fe7e91dbbec4427ab80e3297b485113.csv | 9/26/2022 |
| 17 | Rough Balance Sheet 6/19/22 | 6/19/2022 |
| 18 | We came, we saw, we researched | 9/7/2022 |
| 19 | Balance Sheet 9/1/22 | 9/1/2022 |
| 20 | Untitled document | 11/6/2022 |
| 21 | sources | 11/6/2022 |
| 22 | Alameda Assets November 2022 | 11/8/2022 |
| 23 | Daily NAV Recon_2021-11-7&8 (after) | 12/4/2021 |

| 24 | Annotated but confused | 9/13/2022 |
|---|---|---|
| 25A | Life Plans 8/6/22 | 8/5/2022 |
| 25B | Life Plans 8/6/22 | 8/5/2022 |
| 26 | Investor List for Allocations | 5/16/2021 |
| 27 | FTX SG investor protection features | 10/14/2022 |
| 28 | Alameda-FTX Donations-etc._1E5WKRmVLUAbFtV49_J2luAqgyT48CsVm7CJuFZ2KTxc | N/A |
| 29 | Advisory_Board_Update_20210818 (1) | 8/18/2021 |
| 30 | K5 | 3/7/2022 |
| 31 | Business updates 4/27/2019 | 4/27/2019 |
| 32 | State of Alameda March 2022 | 3/14/2022 |
| 32A | State of Alameda March 2022 | 3/14/2022 |
| 33 | May Crash Takeaways | 5/24/2022 |
| 33A | May Crash Takeaways | 5/24/2022 |
| 34 | Alameda NAV Tracker | 4/6/2022 |
| 36 | NAV minus Sam Coins | 9/27/2021 |
| 37 | State of Alameda 8/6/22 | 8/5/2022 |
| 38 | Ramnik, K5, and what matters | 8/11/2022 |
| 38A | Ramnik, K5, and what matters | 8/11/2022 |
| 39 | Modulo/Alameda | 8/15/2022 |
| 39A | Modulo/Alameda | 8/15/2022 |
| 40 | Modulo/Alameda -- from SBF to CE/BX/LZ | 8/17/2022 |

2401575.3

| 40A | Modulo/Alameda -- from SBF to CE/BX/LZ | 8/17/2022 |
| 41 | Intercompany Stuff | 9/18/2022 |
| 42 | K5, relationships, and marketing | 2/15/2022 |
| 44 | Rough Balance Sheet 6/20/22 | 6/19/2022 |
| 45 | Caroline Ellison Review 2022S1 Response | 8/12/2022 |
| 45A | Caroline Ellison Review 2022S1 Response | 8/12/2022 |
| 46 | Things people are getting wrong right now | 10/24/2020 |
| 46A | Things people are getting wrong right now | 10/24/2020 |
| 47 | Funds Flow | 5/21/2022 |
| 48A | to DO | 1/6/2019 |
| 48B | to DO | 1/6/2019 |
| 49 | Alameda Updates 5/7 | 4/25/2022 |
| 49A | Alameda Updates 5/7 | 4/25/2022 |
| 50 | Alameda Balances by FTX Sub | 6/13/2022 |
| 51 | FTX stats 2022_08_01 | 8/2/2022 |
| 53 | Alameda Balances by FTX Sub | 6/13/2022 |
| 54 | FTX stats 2021-04-23 | 2/18/2020 |
| 55 | FTX stats 2021-05-22 | 2/18/2020 |
| 56 | Project K5X - AR Payment Confirmation Side Letter (Executed) | 4/18/2022 |
| 63 | Balance Sheet Questions_to Dos | 6/18/2022 |

2401575.3

| 64 | State of Alameda 11_25_21 | 11/25/2021 |
|-----|-----|-----|
| 65 | How Contingent Is History_ | 6/28/2020 |
| 65A | How Contingent Is History_ | 6/28/2020 |
| 66 | Copy of GAP funding thoughts(1) | 9/19/2022 |
| 67 | Alameda Structure Chart Jan 2020.pptx | 1/30/2020 |
| 68 | Advisory Board-comments | 8/18/2021 |
| 70 | Copy of Funds Flow | 9/1/2022 |
| 74 | FTX Trading LTD assets and liabilities 2022_11_10 | 11/10/2022 |
| 76 | 115743_Term_Sheet_Alameda_Research_ETH_04132021 | 4/13/2021 |
| 77 | S5A_-_Payment_Agent_Form_Agreement | 4/16/2021 |
| 78 | June 30 2022 Alameda BALANCE SHEET_2022-07_04 (from Caroline Ellison) | 7/4/2022 |
| 79 | Founder Loans (updated 9.29) | 12/3/2021 |
| 80 | name change CLIFtoN BAY INVESTMENTS LLC | 9/8/2022 |
| 81 | 3 - SkyBridge GP Holdings, LLC - Third Amended and Restated LLCA | 9/9/2022 |
| 84 | Written Resolutions of the Directors - Change of Company Name (1) | 9/25/2022 |
| 86 | Updated CERTIFICATE OF iNCORPORATION - Clifton Bay Investments Ltd. | 10/6/2022 |
| 87 | Promissory Note (Cancelled for PIPE) EX-10.1 | 10/11/2022 |
| 88 | subscription_additional_2022-11-04 | 11/6/2022 |

2401575.3

| 89 | 2022-04-07-Conveyance-Latitude to Allan Bankman & Barbara Fried (singed by ALL) | 5/3/2022 |
|---|---|---|
| 91 | FTX  Trading Ltd. - Series B-1 Pro Forma(12433194.1) (4) | 10/6/2021 |
| 92 | 2021-04-27 FTX Financial Model (Simple) (6) | 4/27/21 |
| 93 | FTX Trading Ltd. Financial Statement December 31, 2020 and 2019 (3) (3) | 7/30/2021 |
| 94 | FTX Trading Ltd - Financial Statements 1H 2021 | 1/12/2022 |
| 95 | Balance sheet_2022-10_01 | 10/3/2022 |
| 96 | Please_DocuSign_Gravit_Team_Ltd_-_FTX_Line_o (1) | 3/22/2021 |
| 97 | Alameda Research LLC - General Ledger 2019 to 2022.xlsx | 9/8/2022 |
| 98 | Alameda Research LLC - 2022 General Ledger.xlsx | 9/8/2022 |
| 100 | 221103_-_Alameda_Term_Sheet_200_BTC.pdf | 11/3/2021 |
| 101 | Term_Sheet_For_Permissioned_Loan_Alameda_Research____Apollo_Capital__Revised_.pdf | 9/15/2022 |
| 102 | Invoice_Alameda Research_August2022_All.pdf | 8/31/2022 |
| 103 | Loan_Agreement___Term_Sheet_for_Permissioned_Pool__Alameda___Compound_Capital_Partners_.pdf | 9/16/2022 |
| 104 | Invoice_Alameda Research_October2022_All.pdf | 10/31/2022 |
| 105 | Please_DocuSign_Genesis_Term_Sheet__Alamedpd.pdf | 11/7/2022 |
| 106 | Please_DocuSign_Genesis_Term_Sheet__Alamedpd (1).pdf | 11/7/2022 |
| 107 | Please_DocuSign_Genesis_Term_Sheet__Alamedpd (2).pdf | 11/7/2022 |
| 108 | Copy of Voyager loan and collateral transactions from 31 Dec 2021 to 31 July 2022 (shared).xlsx | 9/6/2022 |
| 110 | Invoice_Alameda Research_September2022_All.pdf | 9/30/2022 |

2401575.3

| 111 | Loan and Collateral Balance as at 30 June 2022 (summary) (shared).xlsx | 7/18/2022 |
|---|---|---|
| 112 | 221103_-_Alameda_Term_Sheet_2450_ETH.pdf | 11/3/2022 |
| 113 | 220927_Alameda_Term_Sheet_-_3M_USD.docx.pdf | 9/27/2022 |
| 114 | Loan and Collateral Balance as at 31 Jul 2021 (summary) (shared).xlsx | 8/13/2021 |
| 115 | Loan and Collateral Balance as at 30 Nov 2021 (summary) (shared).xlsx | 12/25/2021 |
| 116 | Copy of Invoice - C002-2022-06.pdf | 7/1/2022 |
| 117 | Invoice - C002-2022-07.pdf | 8/1/2022 |
| 118 | Loans Spreadsheet Fix.xlsx | 12/5/2020 |
| 119 | Open vs Fixed Term loans 31 May 2022.xlsx | 6/13/2022 |
| 120 | Loan and Collateral Balance as at 30 Sep 2021 (summary) (shared).xlsx | 10/12/2021 |
| 121 | Loan Status | 11/9/2022 |
| 122 | Updated_Loan_Term_Sheet_5_January_2022.pdf | 3/8/2022 |
| 123 | Invoice - C002-2022-04.pdf | 5/2/2022 |
| 124 | Invoice - C002-2022-05.pdf | 6/2/2022 |
| 125 | Ledn_replace_term_sheets_for_the_consolidation_of_BTC_and_USDC_loans_2022-06-17.pdf | 7/4/2022 |
| 126 | Loan and Collateral Balance as at 31 Dec 2021 (summary) (shared).xlsx | 1/11/2022 |
| 127 | Tesseract_____Alameda_-_Updated_Loan_Term_Sheet_USDC_-_250322.pdf | 3/25/2022 |
| 128 | Loan and collateral balances as at 31 May 2022 (summary for large OTC lenders).xlsx | 6/1/2022 |
| 129 | Loan and Collateral Balance as at 28 Feb 2022 (summary) (shared).xlsx | 3/13/2022 |
| 130 | Transfer_History_2022_02_11 V2.xlsx | 4/22/2022 |
| 131 | 210921 Alameda Term Sheet 230BTC.pdf | 9/20/2021 |

2401575.3

| 132 | Tesseract_Term_Sheet_2021-09-22.pdf | 9/30/2021 |
|---|---|---|
| 133 | Loan and Collateral Balance as at 31 Dec 2020 (shared).xlsx | 1/11/2021 |
| 134 | Loan and Collateral Balance as at 31 Mar 2021 (shared).xlsx | 4/5/2021 |
| 135 | Loan and Collateral Balance as at 31 Jan 2021 (shared).xlsx | 2/7/2021 |
| 136 | Loan and Collateral Balance as at 30 Apr 2021 (shared).xlsx | 5/4/2021 |
| 137 | Loan and Collateral Balance as at 31 May 2021 (summary) (shared).xlsx | 6/10/2021 |
| 138 | Loan and Collateral Balance as at 30 June 2021 (summary) (shared).xlsx | 7/8/2021 |
| 139 | Loan Status | 11/10/2022 |
| 140 | Notice of Default - Alameda Research Ltd - 9.11.2022.pdf | 11/9/2022 |
| 141 | Alameda+Research+LLC_General+Ledger 07.01.2020 - 09.30.2020.xlsx | 11/13/2022 |
| 141A | Excerpt of Alameda Research LLC General Ledger (GX 141) | 11/13/2022 |
| 142 | Alameda+Research+LLC_General+Ledger February 2021.xlsx | 11/13/2022 |
| 143 | Alameda+Research+LLC_General+Ledger 07.01.2022 - 9.30.22.xlsx | 11/13/2022 |
| 144 | Alameda+Research+LLC_General+Ledger - Full Year 2018.xlsx | 11/13/2022 |
| 145 | Alameda+Research+LLC_General+Ledger 1.1.2019 - 6.30.2019.xlsx | 11/13/2022 |
| 146 | Alameda+Research+LLC_General+Ledger - Full Year 2017.xlsx | 11/13/2022 |
| 147 | Alameda+Research+LLC_General+Ledger 01.01.2020 - 03.31.2020.xlsx | 11/13/2022 |
| 148 | Alameda+Research+LLC_General+Ledger 01.01.2022 - 3.31.22.xlsx | 11/13/2022 |
| 149 | Alameda+Research+LLC_General+Ledger 04.01.2020 - 06.30.2020.xlsx | 11/13/2022 |
| 150 | Alameda+Research+LLC_General+Ledger 10.01.2022 - 11.13.22.xlsx | 11/13/2022 |
| 151 | Alameda+Research+LLC_General+Ledger 04.01.2022 - 6.30.22.xlsx | 11/13/2022 |

2401575.3

| 152 | Alameda+Research+LLC_General+Ledger September 2021.xlsx | 11/13/2022 |
| 153 | Alameda+Research+LLC_General+Ledger July 2021.xlsx | 11/13/2022 |
| 154 | Alameda+Research+LLC_General+Ledger May 2021.xlsx | 11/13/2022 |
| 155 | Alameda+Research+LLC_General+Ledger December 2021.xlsx | 11/13/2022 |
| 156 | Alameda+Research+LLC_General+Ledger June 2021.xlsx | 11/13/2022 |
| 157 | Alameda+Research+LLC_General+Ledger October 2021.xlsx | 11/13/2022 |
| 158 | Alameda+Research+LLC_General+Ledger March 2021.xlsx | 11/13/2022 |
| 159 | Alameda+Research+LLC_General+Ledger 7.1.2019 - 12.31.2019.xlsx | 11/13/2022 |
| 160 | Alameda+Research+LLC_General+Ledger 10.01.2022 - 11.13.22.xlsx | 11/13/2022 |
| 161 | Alameda+Research+LLC_General+Ledger August 2021.xlsx | 11/13/2022 |
| 162 | Alameda+Research+LLC_General+Ledger April 2021.xlsx | 11/13/2022 |
| 163 | alameda+research+llc_general+ledger 07.01.2022 - 9.30.22 2022-11-13 23_03_57.xlsx | 11/13/2022 |
| 164 | Alameda+Research+Ventures+LLC_General+Ledger - All Data.xlsx | 11/13/2022 |
| 165 | Blockfolio,+Inc._General+Ledger 10.1.2020 - 11.13.22.xlsx | 11/13/2022 |
| 166 | FTX+Digital+Markets+Ltd._General+Ledger 7.1.22 - 11.13.22.xlsx | 11/13/2022 |
| 167 | FTX+Digital+Markets+Ltd._General+Ledger Full Year 2021.xlsx | 11/13/2022 |
| 168 | FTX+Digital+Markets+Ltd._General+Ledger 1.1.22 - 6.30.22.xlsx | 11/13/2022 |
| 169 | FTX+Property+Holdings+Ltd_General+Ledger - All Data.xlsx | 11/13/2022 |
| 170 | FTX+Trading,+Ltd_General+Ledger Full year 2019.xlsx | 11/13/2022 |
| 171 | FTX+Trading,+Ltd_General+Ledger - Full Year 2020.xlsx | 11/13/2022 |
| 172 | FTX+Trading,+Ltd_General+Ledger - Full Year 2021.xlsx | 11/13/2022 |

| 173 | FTX+Trading,+Ltd_General+Ledger - 1.1.22 - 11.13.22.xlsx | 11/13/2022 |
|---|---|---|
| 174 | FTX+Ventures+Ltd_General+Ledger - All Data.xlsx | 11/13/2022 |
| 175 | Paper+Bird+Inc_General+Ledger - All Data.xlsx | 11/13/2022 |
| 176 | West+Realm+Shires+Inc._General+Ledger(2020).xlsx | 11/13/2022 |
| 177 | West+Realm+Shires+Inc._General+Ledger(2021).xlsx | 11/13/2022 |
| 178 | West+Realm+Shires+Inc._General+Ledger (2022 YTD).xlsx | 11/13/2022 |
| 179 | West+Realm+Shires+Financial+Services+Inc_General+Ledger(2020).xlsx | 11/13/2022 |
| 180 | West+Realm+Shires+Financial+Services+Inc_General+Ledger(2021).xlsx | 11/13/2022 |
| 181 | West+Realm+Shires+Financial+Services+Inc_General+Ledger(2022 YTD).xlsx | 11/13/2022 |
| 182 | West+Realm+Shires+Services,+Inc._General+Ledger(Oct 1 - Nov 13 2022).xlsx | 11/13/2022 |
| 183 | West+Realm+Shires+Services,+Inc._General+Ledger(2020).xlsx | 11/13/2022 |
| 184 | West+Realm+Shires+Services,+Inc._General+Ledger(2021).xlsx | 11/13/2022 |
| 185 | West+Realm+Shires+Services,+Inc._General+Ledger(Q1 2022).xlsx | 11/13/2022 |
| 186 | West+Realm+Shires+Services,+Inc._General+Ledger(Q2 2022).xlsx | 11/13/2022 |
| 187 | West+Realm+Shires+Services,+Inc._General+Ledger(Q3 2022).xlsx | 11/13/2022 |
| 188 | private-ventures | 9/26/2021 |
| 190 | Rivers & Moorehead Consultant Re: Customer Digital Assets Analysis | 5/1/2021 |
| 192 | Alameda Research Investments Ltd | 9/12/2022 |
| 193 | Memorandum of Terms | 4/15/2022 |
| 200 | Alameda Research Ltd. - Unanimous Consent of Board of Directors Stock Transfer | 4/30/2022 |
| 201 | Subscription Agreement | 9/7/2022 |

2401575.3

| 202 | Skybridge Capital II, LLC Fifth Amended and Restated Limited Liability Company Agreement | 9/7/2022 |
|---|---|---|
| 203 | historical_margin_stats | 9/3/2022 |
| 205 | June 30 2022 Alameda BALANCE SHEET_2022-07_04 (from Caroline Ellison).xlsb | 10/6/2021 |
| 207 | Gary Promissory Note (LedgerX).pdf | 2/26/2022 |
| 208 | Note - Alameda & Gary (WRS Binance Buyout)2.pdf | 5/18/2022 |
| 209 | Note - Alameda & Nishad (WRS Binance Buyout)2.pdf | 5/18/2022 |
| 210 | Note - Alameda & SBF (WRS Binance Buyout)2.pdf | 5/18/2022 |
| 211 | Sam Promissory Note Dec 2021.pdf | 2/26/2022 |
| 213 | Binance_-_FTX_-_Share_Transfer_Agreement_(EXECUTION_VERSION).pdf | 7/15/2021 |
| 214 | West_Realm_-_Share_Transfer_Agreement_(Dinghua_to_Sam)_(EXECUTION_VERSION).pdf | 7/15/2021 |
| 215 | West_Realm_-_Share_Transfer_Agreement_(Lim_to_Gary)_(EXECUTION_VERSION).pdf | 7/15/2021 |
| 216 | West_Realm_-_Share_Transfer_Agreement_(Lim_to_Nishad)_(EXECUTION_VERSION).pdf | 7/15/2021 |
| 225 | Promissory Note - Alameda & Sam (Sept 2022).doc.pdf | 10/1/2022 |
| 226 | Promissory Note - Alameda & Gary (Sept 2022).doc.pdf | 10/1/2022 |
| 230 | Please_DocuSign_Genesis_Term_Sheet__Alamedpd (1).pdf | 11/7/2022 |
| 236 | SBF Emergent Funding Loan 1 - executed.pdf | 5/18/2022 |
| 237 | SBF Emergent Funding - Loan 2 - executed.pdf | 5/18/2022 |
| 238 | Gary Emergent Funding - Loan 1 - Executed.pdf | 5/18/2022 |
| 239 | Gary Emergent Funding - Loan 2 - Executed.pdf | 5/18/2022 |
| 240 | Promissory Note - Alameda & Sam (Oct 2021) (LedgerX).pdf | 3/2/2022 |

2401575.3

| 241 | Sam Promissory Note March 2020 (LoC).pdf | 2/26/2022 |
| 242 | Promissory Note - Alameda & Sam (July 2022).doc.pdf | 7/22/2022 |
| 243 | Promissory Note - Alameda & Gary (July 2022).doc.pdf | 7/22/2022 |
| 254 | FTX-LoC.pdf | 10/20/2022 |
| 294 | FTX Advisory Board Meeting 03_21_2022.pdf | 3/21/2022 |
| 297 | FTX - Customer Digital Assets Analysis 2021.docx.pdf | 5/6/2022 |
| 300 | FTX Trade Lifecycle | 12/16/2022 |
| 309 | SA (Non-US) - Modulo Capital Alpha Fund LP [Final].DOCX.pdf | 6/17/2022 |
| 315 | additional_subscription ($250M).docx.pdf | 9/26/2022 |
| 323 | FTX IEF Rewards Agreement(SIGNED).pdf | 3/12/2022 |
| 325 | Safeguarding of Assets and Digital token Management Policy -issue 1 - Checkpoint Draft.docx | 8/17/2021 |
| 327 | Dave - Convertible Note Purchase Agreement [EXECUTION].pdf | 4/25/2022 |
| 330 | S5A_-_Payment_Agent_Form_Agreement.pdf | 1/12/2022 |
| 331 | Modulo Capital Inc. - Shareholders Agreement [Executed].DOC.pdf | 6/18/2022 |
| 332 | Nishad Promissory Note (LedgerX).pdf | 2/26/2022 |
| 333 | Promissory Note - Alameda & Nishad (Sept 2022).doc.pdf | 10/1/2022 |
| 335 | Payment Agent Agreement | 4/12/2021 |
| 336 | Payment Agent Agreement | 1/12/2022 |
| 339 | Hedging Thoughts 9/6 | 9/6/2022 |
| 340 | FDM - Safeguarding of Assets and Digital Token Management Policy.pdf | 11/22/2021 |
| 343 | Sponsorships (Full) (4).xlsx | 3/23/2022 |

| 401 | [Abridged] What is FTX.pdf | 6/1/2022 |
| 404 | [21-08-22] FTX Call w Ramnik.pdf | 8/21/2022 |
| 411 | Capital.xlsx | 11/7/2022 |
| 417 | Alameda - credit memo 7nov2022.docx | 11/7/2022 |
| 418 | Alameda_2022_Q3_Balance_Sheet(1).xlsx | 10/1/2022 |
| 419 | Alameda_2022_Q3_Balance_Sheet.xlsx | |
| 420 | [External]_2022_Q3_Balance_Sheet__2_.xlsx | 11/7/2022 |
| 422 | torch Data Output2022-10-03.csv | 10/3/2022 |
| 432 | Excerpts from the journal of Caroline Ellison | |
| 433 | Audio Recording of Final Alameda All Hands Meeting | 11/9/2022 |
| 433A | Audio Recording of Final Alameda All Hands Meeting | 11/9/2022 |
| 433B | Audio Recording of Final Alameda All Hands Meeting | 11/9/2022 |
| 433C | Audio Recording of Final Alameda All Hands Meeting | 11/9/2022 |
| 433D | Audio Recording of Final Alameda All Hands Meeting | 11/9/2022 |
| 433E | Audio Recording of Final Alameda All Hands Meeting | 11/9/2022 |
| 433F | Audio Recording of Final Alameda All Hands Meeting | 11/9/2022 |
| 433G | Audio Recording of Final Alameda All Hands Meeting | 11/9/2022 |
| 433H | Audio Recording of Final Alameda All Hands Meeting | 11/9/2022 |

2401575.3

| 450 | Credit Note_Alameda Research x YE Allowance v2.pdf | May 2022 |
|---|---|---|
| 453 | Alameda 2022 Q3 Financials.xlsx | N/A |
| 454 | FTX Balance.pdf | 12/8/2022 |
| 455 | Ledn Notice to Alameda 2022.11.08.pdf | 11/8/2022 |
| 458 | Withdrawal request.pdf | 12/8/2022 |
| 459 | WORKING DOC - Alameda CIRRA_10.2022.docx | 10/2022 |
| 460 | WORKING DOC - Credit Due Diligence - Alameda Research.docx | N/A |
| 461 | WORKING DOCUMENT - Alameda Transactions .xlsx | 11/30/2022 |
| 473 | Modulo Capital Alpha Fund LP Additional Subscription Form - Goodman Investments Ltd | 11/6/2022 |
| 481 | Founder Loans | 12/3/2021 |
| 484 | October 13 2021 - FTX Final IC Memo vF.pdf | 10/11/2021 |
| 498 | FTX Series B Investment Memo SIGNED.pdf | June 2021 |
| 499 | [Abridged] What is FTX.pdf | 6/1/2022 |
| 500 | FTX Presentation August.pdf | 8/18/2022 |
| 501 | README.pdf | 6/7/2022 |
| 502 | CPPIB Questions for FTX (June 28, 2022).pdf | 6/28/2022 |
| 517 | FTX_Trading_Ltd Deck.pdf | 6/26/2021 |
| 519 | FTX Notes - Michelle.docx | 7/9/2021 |

2401575.3

16

| 520 | MF Notes - London.docx | 11/7/2022 |
|------|------------------------|-----------|
| 522 | AUDIO-2022-11-09-17-42-14.m4a | 11/11/2022 |
| 530 | FTX Diligence Discussion | 9/14/2022 |
| 533 | FTX Slide Deck | 3/17/2021 |
| 536 | Tareq Morad CIBC Payment Order | 2/24/2022 |
| 537 | Tareq Morad CIBC Payment Order | 4/1/2022 |
| 538 | Tareq Morad CIBC Payment Order | 5/10/2022 |
| 539 | Tareq Morad Portfolio Snapshot | 11/10/2022 |
| 540 | Tareq Morad CIBC Payment Order | 2/8/2022 |
| 541 | Tareq Morad FTX Trades Spreadsheet | N/A |
| 544 | 20230921_google_meet_events_original_202206 | 6/14/2022 |
| 1103 | Alameda $25MM_2022-08-11.docx.pdf | 8/11/2022 |
| 1104 | Alameda $45MM_2022-08-11.docx.pdf | 8/11/2022 |
| 1105 | Alameda - Master Loan and Security Agreement 11.16.2020.pdf | 11/20/2020 |
| 1106 | Alameda 2021-09-09 terms (2).docx.pdf | 9/9/2021 |
| 1107 | Alameda 2021-09-20 - indicative (1).docx.pdf | 9/21/2021 |
| 1108 | Alameda 2021-09-22 .docx.pdf | 9/22/2021 |
| 1109 | Alameda 2021-10-21.docx.pdf | 10/22/2021 |

2401575.3

17

| 1110 | Alameda 2022-08-26 .pdf | 8/31/2022 |
|------|-------------------------|-----------|
| 1111 | Alameda_2021-10-14.docx.pdf | 10/26/2021 |
| 1112 | Alameda_2021-11-10.docx.pdf | 11/12/2021 |
| 1178 | MNDA- FTX Japan KK BitGo 08.18.22 | 8/18/2022 |
| 1179 | MSA- Alameda and BitGo, Inc 12.18.20.pdf | 12/18/2020 |
| 1180 | MSA Amended and Restated- Alameda Research Ltd. 04.23.21.pdf | 4/23/2021 |
| 1181 | MLA Alameda Research and BitGo Prime LLC 01.20.20.pdf | 1/20/2020 |
| 1182 | Amendment No. 1 to the MLA- Alameda.pdf | 10/19/2022 |
| 1183 | BitGo Prime LLC Parent Guaranty (Alameda Research Limited, LLC) 10.19.22.pdf | 10/19/2022 |
| 1184 | Loan Term Sheet- Alameda ETH 09.01.21.pdf | 9/1/2021 |
| 1185 | Loan Term Sheet- Alameda USD 10.26.22.pdf | 10/26/2022 |
| 1186 | Loan Term Sheet- Alameda ETH 10.26.22.pdf | 10/26/2022 |
| 1187 | Loan Term Sheet- Alameda BTC 10.26.22.pdf | 10/26/2022 |
| 1188 | MNDA- BitGo, Inc. FTX Ventures 09.09.22.docx.pdf | 9/9/2022 |
| 1189 | MNDA- FTX Japan KK BitGo Holdings 04.07.22.pdf | 4/7/2022 |
| 1190 | FTX - BitGo - Custodial Services Agreement - Alameda Research LLC.pdf | 11/13/2022 |
| 1191 | FTX - BitGo - Custodial Services Agreement - FTX Trading Ltd.pdf | 11/13/2022 |
| 1192 | FTX - BitGo - Custodial Services Agreement - Clifton Bay Investment.pdf | 11/13/2022 |
| 1193 | FTX - BitGo - Custodial Services Agreement - West Realm Shires Inc.pdf | 11/13/2022 |
| 1194 | FTX - BitGo - CSA - LedgerX LLC March 2020.pdf | 2/6/2020 |
| 1195 | FTX - BitGo - Custodial Services Agreement - Quoine Pte.pdf | 1/18/2023 |
| 1197 | Loan Borrower Request | 9/1/2021 |
| 1234 | Alameda_Research_Portfolio_Refinance_11072022.docx.pdf | 11/7/2022 |
| 1289 | Master Loan Agreement and Supporting Documents | 1/27/2022 |
| 1340 | LOAN TERM SHEET Alameda 1.12.22 BTC (collateralized).docx (1).pdf | 1/12/2022 |
| 1341 | Voyager Letter to Alameda | 9/19/2022 |
| 1604 | FTX Intl Assets and Liabilities | 11/10/2022 |
| 1605 | Alameda USD | 11/7/2022 |
| 1607 | alameda_bahamas_employment (1).pdf | 3/30/2022 |

| 1608 | Capital Discussion (1).docx | 4/10/2023 |
|------|------------------------------|-----------|
| 1610 | [External] 2022 Q3 Balance Sheet (1).xlsx.XLSX | |

# ATTACHMENT A-2
## (Emails)

| GX # | Subject | Date |
|------|---------|------|
| 15 | Spreadsheet shared with you: "[External] Balance Sheet 10/1/22" | 11/4/2022 |
| 16 | Spreadsheet shared with you: "Balance Sheet 10/1/22" | 11/4/2022 |
| 90 | Re: Portfolio Review | 1/19/2022 |
| 109 | Genesis Capital_Margin Call => 9/21/2022 (Alameda Research) | 9/22/2022 |
| 191 | Re: Hey Sam! | 7/20/2021 |
| 194 | Re: OTPP Catch-up | 7/22/2021 |
| 195 | FTX stats 2021-07_19.xlsx (Attachment to Re: OTPP Catch-up) (GX 194) | |
| 196 | Re: Project Wunderkind // Bond Capital | 6/17/2021 |
| 197 | FTX stats 2021-06-10.xlsx (Attachment to Re: Project Wunderkind // Bond Capital) (GX 196) | |
| 198 | Re: Checking In | 5/21/2021 |
| 199 | FTX stats 2021-05-20.xlsx (Attachment to Re: Checking In) (GX 198) | |
| 220 | Invitation: Sen. Stabenow <> FTX @ Thu Sep 8, 2022 1:15pm - 2:15pm (EDT) (sam@ftx.com) | 9/7/2022 |
| 221 | Re: Guys | 9/21/2022 |
| 223 | Re: PRESS: BLOOMBERG NEWS | 9/22/2022 |
| 224 | Re: Follow up from dinner | 9/22/2022 |
| 234 | Advisory Board Meeting Materials - 09/19/2022 | 9/18/2022 |
| 235 | FTX Advisory Board Meeting 09_19_2022.pdf (Attachment To Advisory Board Meeting Materials - 09/19/2022) (GX 234) | 9/18/2022 |

| 244 | Re: Donation processing | 7/20/2021 |
|---|---|---|
| 248 | Re: FTX / Binance | 11/9/2022 |
| 253 | Re: Congratulations from Silvergate - North Dimension Inc. | 3/25/2021 |
| 256 | Re: Compliance / Monitoring Questions | 5/15/2020 |
| 259 | Re: Congratulations from Silvergate - North Dimension Inc. | 3/25/2021 |
| 260 | RE: North Dimension Inc. - account activated | 4/27/2021 |
| 261 | RE: [EXT] Re: Clifford Chance - Regulatory DD - Fischer | 4/29/2021 |
| 262 | Project Fischer -- Responses.pdf (Attachment to RE: [EXT] Re: Clifford Chance - Regulatory DD – Fischer) (GX 261) | 4/29/2021 |
| 263 | RE: FTX Jurisdiction Counsel Calls | 7/27/2021 |
| 264 | Project Fischer - Questions for call with FTX (Initial List 27 July 2021) (sent to FTX) .docx (Attachment to RE: FTX Jurisdiction Counsel Calls) (GX 263) | 7/27/2021 |
| 266 | Re: Setting Up New Subaccounts for Silvergate under Alameda Research LLC | 12/14/2020 |
| 267 | Silvergate-Initial Due Diligence Questionnaire for Traders.pdf (Attachment to Re: Setting Up New Subaccounts for Silvergate under Alameda Research LLC) (GX 266) | 12/14/2020 |
| 268 | Re: [Urgent] political donations | 8/1/2021 |
| 269 | FTX's Key Principles on Investor Protection | 2/6/2022 |
| 270 | FTX's Key Principles on Investor Protection.pdf (Attachment to FTX's Key Principles on Investor Protection) (GX 269) | 2/6/2022 |
| 271 | Re: Wire transfers etc. | 1/24/2022 |
| 278 | RE: Advisory Board Meeting tomorrow | 11/9/2022 |
| 281 | Binance Investment <> FTX Sync-up | 6/8/2021 |
| 282 | Invitation: Quick photoshoot for Forbes story (at Equinox hotel) @ Fri Sep 17, 2021 8:30am - 8:45am (HKT) (sam@alameda-research.com) | 9/9/2021 |
| 283 | Updated invitation: SBF visit to Virtu @ Wed Sep 15, 2021 12:30am - 4:30am (HKT) (sam@alameda-research.com) | 9/10/2021 |

| 284 | 7:30am Breakfast: Brad/Sam @ Equinox Hotel - Electric Lemon Restaurant 24th floor | 9/12/2021 |
|-----|-----|-----|
| 285 | Updated invitation: SALT Fund (Alex, AJ) / FTX (Sam) @ Fri Sep 17, 2021 10:30pm - 11:30pm (HKT) (sam@ftx.com) | 9/16/2021 |
| 286 | Temasek/FTX | 11/16/2021 |
| 287 | Updated invitation: Dinner with the mayor @ Thu Mar 3, 2022 8:30pm - 10pm (EST) (sam@ftx.com) | 3/1/2022 |
| 289 | Updated invitation: Piper Sandler Conf -- Meetings with Investors @ Thu Jun 9, 2022 9:30am - 11am (EDT) (sam@ftx.com) | 6/8/2022 |
| 290 | FTX/IEX | 8/15/2022 |
| 291 | SBF meeting w/NY Governor Hochul | 8/18/2022 |
| 292 | Updated invitation: Meeting w/President Clinton @ Tue Sep 20, 2022 4pm - 5pm (EDT) (sam@ftx.com) | 9/19/2022 |
| 293 | Updated invitation - [NYC] small group dinner w/ H.E. Yasir Rumayyan | 9/21/2022 |
| 301 | Re: Long form docs | 3/10/2022 |
| 302 | Re: Fwd: FTX Group Dinner - July 19 (New York) | 7/1/2022 |
| 318 | Re: Thank you | 3/22/2022 |
| 320 | Re: rob sarver | 4/25/2021 |
| 320A | FTX stats 2021-04-23.xlsx (Attachment to: Re: rob sarver) (GX 320) | 4/25/2021 |
| 321 | Re: [Action Required] Update on FTX fund raise | 5/22/2021 |
| 322 | Re: [Action Required] Update on FTX fund raise | 5/25/2021 |
| 322A | FTX stats 2021-05-22.xlsx (Attachment to to Re: [Action Required] Update on FTX fund raise) (GX 322) | 5/25/2021 |
| 326 | Re: FTX Cyprus - Additional Reps | 5/13/2022 |
| 337 | RE: Susquehanna/ FTX.Com | 6/29/2022 |
| 341 | Re: FTX<>Alpaca VIP's | 12/28/2021 |
| 342 | Re: | 9/8/2022 |

2401575.3

| 344 | Re: followup on our conversation | 4/11/2021 |
| 400 | RE: Introduction FTX/Altimeter | 6/12/2021 |
| 402 | Fwd: FTX | 3/4/2021 |
| 403 | FTX2:21.pdf (Attachment to Fwd: FTX) (GX 402) | 3/4/2021 |
| 416 | BlockFi Mail - Re_ alameda Memo - recording approval by BARC.pdf | 11/7/2022 |
| 421 | Re: New Alameda Trade Approval | 5/11/2022 |
| 445 | Re: Alameda Follow Up Qs <> Genesis | 11/7/2022 |
| 446 | Genesis Capital Margin Call => 11/8/2022 (Alameda Research) | 11/8/2022 |
| 447 | Alameda <> Genesis | 11/9/2022 |
| 448 | Notice of Default from Genesis Global Capital, LLC | 11/9/2022 |
| 449 | RE: Genesis <> Alameda Quick Risk/legal synch | 5/3/2022 |
| 451 | Genesis Capital Margin Call=> 5/11/22 (Alameda Research) | 5/11/2022 |
| 462 | Re: Intro (FTX <> Lightspeed) | 5/11/2021 |
| 463 | Re: FTX Data Room Follow-Up | 7/6/2021 |
| 464 | FTX Meeting Prep | 10/31/2022 |
| 465 | Corp Structure.pdf (Attachment to FTX Meeting Prep) (GX 464) | 10/31/2022 |
| 466 | FTX Series C One-Pager.pdf (Attachment to FTX Meeting Prep) (GX 464) | 12/13/2021 |
| 467 | Company Description.pdf (Attachment to FTX Meeting Prep) (GX 464) | 10/31/2022 |

| 468 | FTX_LSVP Diligence Deck, 0830'22.pdf (Attachment to FTX Meeting Prep) (GX 464) | 8/30/2022 |
|-----|-----|-----|
| 469 | Fwd: FTX investment memo | 12/7/2021 |
| 470 | FTX Series B IM.pdf (Attachment to: Fwd: FTX investment memo) (GX 469) | 7/19/2021 |
| 471 | Fwd: Thune request | 8/19/2022 |
| 472 | Re: Intro | 3/6/2022 |
| 482 | Re: OTPP Catch-up | 7/22/2021 |
| 483 | FTX stats 2021-07_19.xlsx (Attachment to Re: OTPP Catch-up) (GX 482) | 7/22/2021 |
| 485 | Re: Diligence questions for Alameda | 10/25/2021 |
| 486 | Fwd: FTX process update | 5/3/2021 |
| 487 | FTX Series C Memo | 11/28/2021 |
| 488 | Paradigm FTX Model v2.xlsx (Attachment to FTX Series C Memo) (GX 487) | 11/28/2021 |
| 489 | FTX Series C Memo.pdf (Attachment to FTX Series C Memo) (GX 487) | 11/28/2021 |
| 490 | FTX Memo | 4/25/2021 |
| 491 | FTX Memo.pdf (Attachment to FTX Memo) (GX 490) | 4/25/2021 |
| 492 | Re: rob sarver | 4/22/2021 |
| 493 | Re: Follow up | 4/25/2021 |
| 494 | Written Answers to Clifford Chance | 7/2/2021 |
| 495 | Project Fischer -- DRAFT of responses - Abridged.pdf (Attachment to Written Answers to Clifford Chance) (GX 494) | 7/2/2021 |
| 496 | FTX's Key Principles on Investor Protection | 2/6/2022 |
| 497 | FTX's Key Principles for Investor Protection.pdf (Attachment to FTX's Key Principles on Investor Protection) (GX 496) | 2/6/2022 |

2401575.3

| 507 | Re: Sculptor open items list | 6/23/2022 |
|---|---|---|
| 513 | FTX Digital Markets Limited: Safeguarding of Assets & Digital Token Management Policy (Attachment to Re: Sculptor open items list) (GX 507) | 7/1/2022 |
| 514 | Re: Sculptor open items list | 6/23/2022 |
| 515 | Re: Sculptor open items list | 6/27/2022 |
| 516 | Re: FTX Series C | 7/10/2021 |
| 518 | Re: Meet with partnership 7am PST/ 10pm HK this Monday? | 7/13/2021 |
| 521 | RE: Updates from FTX and allocation for Series B-1 | 9/28/2021 |
| 523 | RE: Dan/Bob <> Sam/Darren // FTX.msg | 3/16/2021 |
| 524 | RE: Dan/Bob <> Sam/Darren // FTX.msg | 3/21/2021 |
| 525 | pls take a look…FTX | 4/20/2021 |
| 526 | FTX-Deck.pptx (Attachment to pls take a look…FTX) (GX 525) | 4/8/2021 |
| 527 | Re: FTX/Sam BF | 10/11/2022 |
| 528 | RE: Miscellaneous October Updates from FTX | 10/17/2022 |
| 529 | SBF Deleted Tweets | 11/9/2022 |
| 531 | Re: FTX Memo | 4/25/2021 |
| 532 | FTX Slide Deck (Attachment to Re: FTX Memo) (GX 531) | 4/25/2021 |
| 534 | Re: Hi Sam --> Third Point | FTX | 4/10/2021 |
| 535 | Folder shared with you: "Raise 2022 November" | 11/10/2022 |

2401575.3

| 545 | Signet Transferred | 9/29/2021 |
|-----|--------------------|-----------|
| 1196 | FTT Reduction – July 27, 2022 | 7/27/2022 |

**ATTACHMENT A-3**
**(Messages)**

| GX # | Message Participants | Date |
|------|---------------------|------|
| 59 | Michael Sadowsky and Ryan Salame | |
| 189 | Richard Chang, Caroline Ellison, Rahul Sharma, Sam Bankman-Fried, and others | 10/10/2022 |
| 204 | Caroline Ellison, Caroline Papadopoulos, Dan Friedberg, Jayesh Peswani, Jen, Josephine, Karis Wun, Lynn, Ramnik Arora, Richard Chang, Ruari Donnelly, Ryan Salame, Sam Bankman-Fried, Sam Trabucco | 2/23/2022 |
| 252 | Can Sun; Jen; Sam Bankman-Fried; Caroline Papadopoulos; Ryan Salame; Caroline Ellison | 10/10/2022 |
| 257 | Jen; Sam Bankman-Fried; Delaney Ornelas; Ryan Salame | 4/24/2021 |
| 273 | Richard Chang; Caroline Ellison; Slackbot; Mark Wetjen; Ryne Miller; Jay; Jen; Ramnik Arora; Sam Bankman-Fried; Amy Wu; Claire Zhang; Adam J.; Josephine; Brian; Kelly Yamashita; Jack; Zach Dexter; Tim Wilson; Ryan Salame; Sam Trabucco | 5/19/2022 |
| 298 | Richard Chang; Caroline Ellison; Mark Wetjen; Ryne Miller; Jay; Jen; Ramnik Arora; Sam Bankman-Fried; Amy Wu; Claire Zhang; Tanay Nandgaonkar; Adam J.; Josephine; Brian; Constance Wang; Jack; Zach Dexter; Tim Wilson; Ryan Salame; Sam Trabucco | 3/17/2022 |
| 299 | Leopold Aschenbrenner, Sam Bankman-Fried, and Caroline Ellison | 5/5/2022 |
| 308 | Fab; Jen; Sam Bankman-Fried; Delaney Ornelas; Lynn; Ryan Salame | 10/8/2021 |
| 310 | Caroline Ellison; Slackbot; Mark Wetjen; Ryne Miller; Jay; Jen; Ramnik Arora; Sam Bankman-Fried; Amy Wu; Claire Zhang; Aravind; Adam J.; Josephine; Brian; Jack; Zach Dexter; Tim Wilson; Ryan Salame; Sam Trabucco | 6/24/2022 |
| 311 | Mark Wetjen; Ryne Miller; Jay; Jen; Ramnik Arora; Sam Bankman-Fried; Amy Wu; Claire Zhang; Aravind; Adam J.; Josephine; Brian; Jack; Zach Dexter; Tim Wilson; Ryan Salame; Caroline Ellison; Sam Trabucco; Slackbot | 6/24/2022 |

2401575.3

| 312 | Mark Wetjen; Ryne Miller; Jay; Jen; Ramnik Arora; Sam Bankman-Fried; Amy Wu; Adam J.; Josephine; Brian; Jack; Zach Dexter; Tim Wilson; Ryan Salame; Caroline Ellison; Sam Trabucco | 6/25/2022 |
|---|---|---|
| 313 | Caroline Ellison; Mark Wetjen; Ryne Miller; Jay; Jen; Ramnik Arora; Sam Bankman-Fried; Amy Wu; Josephine; Brian; Jack; Zach Dexter; Tim Wilson; Ryan Salame; Sam Trabucco | 6/27/2022 |
| 314 | Caroline Ellison; Mark Wetjen; Ryne Miller; Jay; Can Sun; Jen; Ramnik Arora; Sam Bankman-Fried; Amy Wu; Josephine; Brian; Jack; Zach Dexter; Tim Wilson; Ryan Salame; Sam Trabucco | 9/26/2022 |
| 328 | Zane Tackett; Sam Bankman-Fried; Gary Wang; Nishad Singh | 11/24/2021 |
| 405 | Sam Bankman-Fried and Ramnik Arora | 11/6/2022 |
| 406 | Caroline Ellison; Sam Bankman-Fried; Joe Bankman; Ramnik Arora; Zach Dexter; Ryne Miller; Can Sun; Constance Wang; Ryan Salame; Nishad Singh; Victor Xu; Gary Wang, and others | 11/7/2022 |
| 407 | Caroline Ellison; Sam Bankman-Fried; Joe Bankman; Ramnik Arora; Zach Dexter; Ryne Miller; Can Sun; Constance Wang; Ryan Salame; Nishad Singh; Victor Xu; Gary Wang, and others | 11/7/2022 |
| 408 | Caroline Ellison; Sam Bankman-Fried; Joe Bankman; Ramnik Arora; Zach Dexter; Ryne Miller; Can Sun; Constance Wang; Ryan Salame; Nishad Singh; Victor Xu; Gary Wang, and others | 11/7/2022 |
| 409 | Caroline Ellison; Sam Bankman-Fried; Joe Bankman; Ramnik Arora; Zach Dexter; Ryne Miller; Can Sun; Constance Wang; Ryan Salame; Nishad Singh; Victor Xu; Gary Wang, and others | 11/7/2022 |
| 410 | Caroline Ellison; Sam Bankman-Fried; Joe Bankman; Ramnik Arora; Zach Dexter; Ryne Miller; Can Sun; Constance Wang; Ryan Salame; Nishad Singh; Victor Xu; Gary Wang, and others | 11/8/2022 |
| 412 | Caroline Ellison; Sam Bankman-Fried; Joe Bankman; Ramnik Arora; Zach Dexter; Ryne Miller; Can Sun; Constance Wang; Ryan Salame; Nishad Singh; Victor Xu; Gary Wang, and others | 11/8/2022 |
| 413A | Ben Xie, Sam Bankman-Fried, Caroline Ellison, Sam Trabucco | 11/6/2022 |
| 413B | Ben Xie, Sam Bankman-Fried, Caroline Ellison, Sam Trabucco | 11/6/2022 |
| 413C | Ben Xie, Sam Bankman-Fried, Caroline Ellison, Sam Trabucco | 11/6/2022 |
| 413D | Ben Xie, Sam Bankman-Fried, Caroline Ellison, Sam Trabucco | 11/6/2022 |
| 414 | Caroline Ellison; Sam Bankman-Fried; Joe Bankman; Ramnik Arora; Zach Dexter; Ryne Miller; Can Sun; Constance Wang; Ryan Salame; Nishad Singh; Victor Xu; Gary Wang; Tim Wilson; Rahul Sharma, and others | 11/9/2022 |

2401575.3

| 415 | Caroline Ellison and Ben Xie | 11/16/2021 |
|-----|------------------------------|------------|
| 452 | Ketan Ramakrishnan, Sam Bankman-Fried | 2/8/2022 |
| 456 | Lynn, Carlos Ng, John Glover, Lena Ngoy, Adam Reeds, Richard Chang, Caroline Ellison, Drew Turchin, Mauricio di Bartolomeo, T'Shae Cooper, Papi, Anton, C, others | 7/7/2021 |
| 457 | Lynn, Carlos Ng, John Glover, Lena Ngoy, Adam Reeds, Richard Chang, Caroline Ellison, Drew Turchin, Mauricio di Bartolomeo, T'Shae Cooper, Papi, Anton, C, others | 12/16/2022 |
| 474 | Lily Zhang, Sam Bankman-Fried | 1/20/2022 |
| 475 | Nishad Singh, Caroline Ellison, Sam Bankman-Fried, Ryan Salame, others | 10/17/2022 |
| 477 | Michael Sadowsky and Nishad Singh | 7/5/2022 |
| 479 | Caroline Ellison and Nishad Singh | 11/8/2022 |
| 480A | Sam Bankman-Fried and Nishad Singh | 11/6/2022 |
| 480B | Sam Bankman-Fried and Nishad Singh | 11/6/2022 |
| 480C | Sam Bankman-Fried and Nishad Singh | 11/8/2022 |
| 480D | Caroline Ellison and Nishad Singh | 11/6/2022 |
| 503 | Richard Chang, Can Sun, Sam Bankman-Fried, Caroline Ellison | 11/8/2022 |
| 504 | Sam Bankman-Fried, Ryan Salame, Mark Wetjen | 3/2/2022 |
| 505 | Ryan Salame, Scott Salame | 11/2/2021 |
| 506 | Sam Bankman-Fried, Ryan Salame, Mark Wetjen | 3/2/2022 |
| 542 | Sam Bankman-Fried, Nishad Singh, others | 11/14/2021 |

2401575.3

| 543 | Caroline Ellison, Tim Wilson, Sam Bankman-Fried, Zach Dexter, others | |
|---|---|---|
| 1600 | Nishad Singh, Sam Bankman-Fried, Ryan Salame, Adam Yedidia, Andrea Lincoln, Keith Lennox, Vince, Clement, Alfred, others | 11/6/2022 |
| 1601 | Nishad Singh, Sam Bankman-Fried, Ryan Salame, Adam Yedidia, Andrea Lincoln, Keith Lennox, Vince, Clement, Alfred, others | 11/6/2022 |
| 1602 | Nishad Singh, Sam Bankman-Fried, Ryan Salame, Adam Yedidia, Andrea Lincoln, Keith Lennox, Vince, Clement, Alfred, others | 11/9/2022 |
| 1603 | Nishad Singh, Sam Bankman-Fried, Ryan Salame, Adam Yedidia, Andrea Lincoln, Keith Lennox, Vince, Clement, Alfred, others | 11/7/2022 |
| 1611 | Caroline Ellison and Sam Trabucco | 1/14/2021 |
| 1612 | Caroline Ellison and Richard Chang | 8/27/2021 |
| 1613 | Caroline Ellison and Ben Xie | 11/16/2021 |
| 1615 | Caroline Ellison and Sam Bankman-Fried | 11/10/2022 |
| 1616 | Caroline Ellison and Sam Bankman-Fried | 11/10/2022 |
| 1617 | Caroline Ellison, Sam Bankman-Fried, Gary Wang, Nishad Singh | 5/11/2021 |
| 1618 | Caroline Ellison, Sam Bankman-Fried, Ramnik Arora, Joe Bankman, Constance Wang, Zach Dexter, Ryan Mendel, Ryne Miller, Nate Parke, Kumanan Ramanathan, Ryan Salame, Rahul Sharma, Nishad Singh, Victor Xu, Gary Wang, Tim Wilson | 11/6/2022 |

2401575.3

| 1619 | Caroline Ellison, Sam Bankman-Fried, Nick Beckstead | 1/5/2022 |
|------|------|------|
| 1621 | Caroline Ellison, Nishad Singh, Sam Bankman-Fried | 11/6/2022 |
| 1622 | Caroline Ellison, Victor Xu | 6/22/2021 |
| 1625 | Caroline Ellison, Andrea Lincoln, Sam Bankman-Fried, Nishad Singh, Adam Yedidia, Gary Wang, Claire Watanabe, Ross Rheingans-Yoo, others | 11/11/2021 |
| 1628 | Caroline Ellison, Sam Bankman-Fried, Sam Trabucco | 11/21/2021 |
| 1629 | Caroline Ellison, Sam Bankman-Fried, Sam Trabucco | 11/24/2021 |
| 1630 | Caroline Ellison, Sam Bankman-Fried, Sam Trabucco | 1/24/2022 |
| 1631 | Caroline Ellison, Sam Bankman-Fried, Sam Trabucco | 1/28/2022 |
| 1647 | Caroline Ellison, and dozens of other participants | 6/13/2022 |
| 1648 | Caroline Ellison, Matt Ballensweig, Ryan Salame, Richard Chang, Hamill Serrant, Michael Paleokrassas | 6/14/2022 |

| 1649 | Matt Ballensweig and Caroline Ellison | 6/18/2022 |
|------|----------------------------------------|-----------|
| 1650 | Matt Ballensweig and Caroline Ellison | 6/20/2022 |
| 1651 | Caroline Ellison, Matt Ballensweig, Ryan Salame, Richard Chang, Hamill Serrant, Michael Paleokrassas | 6/13/2022 |
| 1652 | Caroline Ellison, and dozens of other participants | 6/18/2022 |
| 1656 | Ben Xie, Sam Bankman-Fried, Caroline Ellison, Sam Trabucco | 1/24/2022 |
| 1658 | Nishad Singh, Ramnik Arora, Caroline Ellison, Gary Wang, Sam Bankman-Fried | 5/9/2022 |
| 1659 | Caroline Ellison and Sam Bankman-Fried | 3/5/2021 |

## ATTACHMENT B
### (Documents and Emails)

| DX | File Name | Created Date/Time |
|---|---|---|
| 4 | Rant | 09/13/2022 11:01 PM |
| 7 | Alameda 2022 S1 Overview | 07/07/2022 11:59 PM |
| 8 | Caroline Ellison Review 2022S1 Response | 08/12/2022 |
| 10 | EV of Alameda | 07/22/2021 09:33 AM |
| 48 | Hedging Our Deltas | 09/02/2022 05:39 PM |
| 49 | [External] Balance Sheet 10/1/22 | 10/17/2022 05:11 PM |
| 50 | Venture Deals 2fe7e91dbbec4427ab80e3297b485113 7-18-2022 (SY edit) (1).xlsx | 07/25/2022 12:05 PM |
| 63 | Hedging Thoughts 9/6 | 09/06/2022 11:09 PM |
| 64 | NAV Stuff to Check | 08/03/2022 09:03 PM |
| 65 | Alameda Top Product/Tech Asks From FTX | 08/16/2022 08:58 PM |
| 76 | Important Things | 07/19/2020 07:02 PM |
| 79 | Caroline Self Review 2021 S2 | 01/04/2022 05:39 PM |
| 82 | Life Plans 8/6/22 | 08/05/2022 08:47 PM |
| 146 | Trabucco Thoughts 2/15 | 02/14/2022 09:49 PM |
| 147 | State of Alameda March 2022 | 03/14/2022 08:57 PM |
| 148 | NAV Desires | 04/06/2022 04:05 PM |
| 149 | Demandingness and Time/Money Tradeoffs are Orthogonal | 04/30/2022 10:13 PM |
| 150 | Alameda Balances by FTX Sub | 06/13/2022 |
| 151 | State of Alameda 8/6/22 | 08/05/2022 10:43 PM |
| 152 | Goals for Alameda 2022 S2 | 08/07/2022 11:39 PM |
| 153 | Modulo/Alameda -- from SBF to CE/BX/LZ | 08/17/2022 08:55 PM |
| 159 | Modulo | 07/11/2022 04:22 PM |
| 176 | TO DO | 01/06/2019 07:24 PM |
| 185 | May Crash Takeaways | 05/24/2022 05:46 PM |
| 186 | Alameda Balances by FTX Sub | 06/13/2022 |
| 187 | Alameda Balances by FTX Sub | 6/14/2022 |
| 221 | My Worries About Spending Money | |
| 222 | Sam Stories | |
| 223 | What is my Motivation_-comments | 9/26/2021 |
| 224 | How Do I Feel About Working Closely With Sam | |
| 237 | Untitled document(6) | |
| 238 | 2020 YE Financials | 01/27/2021 03:16 AM |
| 247 | What is my Motivation? | 09/21/2021 04:44 AM |
| 248 | Journaling 10/1 | 10/01/2021 03:32 AM |
| 249 | Untitled document(18) | |
| 250 | Hamming Problem | |
| 301 | Feelings, etc. | |
| 302 | Feedback Loop | |

2401575.3

| DX | File Name | Created Date/Time |
|---|---|---|
| 303 | Thoughts 7_10 | |
| 304 | Thoughts 2_6_22 | |
| 305 | Breakup Thoughts 4_15 | |
| 420 | Balance Sheet 10/1/22 | 10/07/2022 05:41 PM |
| 697 | Modulo | 07/11/2022 04:22 PM |
| 761 | Modulo Feelings | |
| 762 | Caroline Ellison Review 2022S1 Response | 08/12/2022 |
| 763 | Balance Sheet Questions_To Dos | |
| 764 | Initial Thoughts on Ben as Co-CEO | |
| 765 | What is my Motivation_ | |
| 766 | Notes 7_7 | |
| 767 | Thoughts on Trabby | |
| 768 | Trabucco Review Notes | |
| 769 | Communicating Priorities | |
| 770 | Thoughts on Trabby(1) | |
| 771 | My Life | |
| 772 | Things that Make Me Sad | |
| 791 | Untitled document(25) | |

2401575.3

# Exhibit L

**PLAINTIFFS' OMNIBUS MOTION TO LIFT DISCOVERY STAY AND FOR LEAVE TO CONDUCT JURISDICTIONAL DISCOVERY, AND, IF NECESSARY TO AMEND THEIR COMPLAINTS WITH ANY FACTS ARISING FROM SUCH DISCOVERY**

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| UNITED STATES OF AMERICA | **SUPERSEDING INFORMATION** |
| v. | S7 22 Cr. 673 (LAK) |
| RYAN SALAME, | |
| Defendant. | |

### Overview

1. From at least in or about 2020, up to and including in or about November 2022, RYAN SALAME, the defendant, engaged in multiple conspiracies to advance the interests of Samuel Bankman-Fried, a/k/a "SBF," and the cryptocurrency companies Bankman-Fried founded and controlled—including FTX.com ("FTX") and Alameda Research ("Alameda")—through the operation of an unlawful money transmitting business and violations of the federal election law. Specifically, from at least in or about 2020, up to and including in or about November 2022, SALAME conspired to operate Alameda and its affiliates on behalf of FTX as a means for transmitting funds on behalf of FTX customers, even though SALAME and his co-conspirators never obtained the required federal money transmitting licenses for Alameda and the relevant affiliates. From at least in or about 2020, up to and including in or about November 2022, SALAME conspired to influence cryptocurrency regulation in Washington, D.C. by steering tens of millions of dollars of illegal campaign contributions to both Democrats and Republicans.

### Background on Alameda Research, FTX, and RYAN SALAME

2. In or about November 2017, Samuel Bankman-Fried, a/k/a "SBF," founded Alameda, a quantitative cryptocurrency trading firm incorporated in Delaware, which had operations in the United States, Hong Kong, and The Bahamas. In or around May 2019, Bankman-

Fried founded FTX Trading Ltd., a global cryptocurrency exchange that, through several subsidiary entities, did business as FTX. Among other products, FTX offered customers a "spot market" for trading cryptocurrency in exchange for other cryptocurrencies or traditional currency, also known as fiat (referred to below generally as "dollars"), such as U.S. dollars.

3.  From its launch, FTX grew rapidly. By in or about 2020, FTX was one of the largest digital asset exchanges in the world based on trading volume, and by in or about early 2022, FTX claimed to handle approximately $15 billion in daily trading volume on its platforms.

4.  RYAN SALAME, the defendant, joined Alameda in or about 2019. In or about 2021, he was named the head of Alameda's settlements team and had primary responsibility over other staff to process customer fiat deposits and withdrawals. SALAME was later named co-CEO of FTX's Bahamian affiliate FTX Digital Markets Ltd. in or about October 2021.

**SALAME and Others Conspired to Operate an Unlicensed Money Transmitting Business**

5.  From FTX's founding in or about 2019, Samuel Bankman-Fried, a/k/a "SBF," sought to use the United States financial system, and in particular, bank accounts in the United States, to promote FTX's business. After FTX launched in or around May 2019, and in order to attract customers and their assets, including U.S. dollars, FTX needed bank accounts that would allow FTX customers to deposit dollars with FTX that could be used to purchase cryptocurrency assets and pay for transactions. When FTX was founded, however, many U.S. banks were reluctant to do business with cryptocurrency companies, and those banks that were willing to open accounts for cryptocurrency companies had extensive customer due diligence and licensing requirements, with which FTX was not compliant.

6.  Because FTX did not have its own bank accounts for holding customer deposits, for a period of time in or around 2019 and 2020, FTX instructed customers to wire dollar deposits

to bank accounts that were owned or controlled by Alameda. These Alameda accounts had been opened as trading accounts and had been used almost exclusively for Alameda's trading purposes until they were also employed as accounts for FTX to receive and transmit its customer deposits and withdrawals. Alameda never informed the banks where these accounts were held that these accounts in Alameda's name began to be used in substantial part by FTX to accept customer deposits for, and as a vehicle for customer withdrawals from, FTX's cryptocurrency exchange.

7.    In or about October 2019, RYAN SALAME, the defendant, and others attempted to open an account for FTX at a bank in California ("Bank-1") where Alameda already had bank accounts. Bank-1 made clear, however, that it would not open an account for customer deposits and withdrawals absent evidence that FTX was licensed and registered, including federal registration as a money services business, and that, in any event, Bank-1 would need to conduct an enhanced due diligence process before opening any account used to process customer deposits and withdrawals.

8.    In or about January 2020, Samuel Bankman-Fried, a/k/a "SBF," contacted Bank-1 about opening an FTX account. Bankman-Fried learned from Bank-1 that Bankman-Fried should not attempt to open an account for FTX, an international platform, at that time. He was further told that if he wished to open an account to process customer deposits and withdrawals for FTX.US, FTX's business in the United States, FTX.US would need to register as a money services business. While Bankman-Fried did later register FTX.US as a money services business in 2020, no attempts were made to make FTX a licensed money services business. Bankman-Fried and RYAN SALAME, the defendant, never sought to have FTX or Alameda comply with the regulatory requirements of licensure. Instead, FTX continued to use Alameda trading accounts to accept customer deposits and process customer withdrawals.

9.     In part to obscure the relationship between FTX and Alameda, and in order to overcome Bank-1's refusal to open a bank account for FTX without extensive due diligence and licensing, in or about August 2020, Samuel Bankman-Fried, a/k/a "SBF," directed the incorporation of a new U.S.-based entity, North Dimension.  RYAN SALAME, the defendant, Bankman-Fried, and others chose the name "North Dimension" in part to conceal that there was a relationship between North Dimension and Alameda from banks approving transactions with the North Dimension bank account.

10.    Aware of the fact that Bank-1 would not open an exchange account or account for receiving customer deposits for an entity without the appropriate registration and enhanced due diligence, RYAN SALAME, the defendant, Samuel Bankman-Fried, a/k/a "SBF," and other Alameda employees told Bank-1 a false story, namely, that North Dimension sought to open an account to function as a trading account connected to Alameda's existing trading accounts, instead of the truth, which was that the North Dimension account would function as an account to receive and transmit FTX customer deposits.  At the direction of SALAME and Bankman-Fried, among others, employees of Alameda completed an account application that falsely stated that the purpose of the North Dimension bank account was for "trading" and "market making."  Bank-1 was also given a completed North Dimension due diligence questionnaire—which Bankman-Fried signed—that falsely stated that North Dimension "trades on multiple cryptocurrency exchanges worldwide for its own account" and that North Dimension "also participates in direct peer-to-peer, OTC purchases and sales with certain third parties for its own account."  Furthermore, despite the fact that North Dimension was created for the purpose of transmitting customer deposits on and off the FTX exchange, the due diligence questionnaire falsely claimed that North Dimension was not a money services business. SALAME was aware that false information was provided to Bank-

4

1 as part of this questionnaire.

11.     In or about April 2021, Bank-1 approved the opening of the North Dimension account, without enhanced due diligence or review by Bank-1's executive committee, as would have been required had the true purposes of North Dimension's account been disclosed to Bank-1.

12.     Once the North Dimension bank account was opened, FTX directed customer dollar deposits to the North Dimension account. Thereafter, when FTX customers deposited or withdrew fiat currency, Alameda personnel, who maintained control over the North Dimension account and acted under the direction and supervision of RYAN SALAME, the defendant, Samuel Bankman-Fried, a/k/a "SBF," and their co-conspirators, manually credited or subtracted the customer's FTX account with the corresponding amount of fiat currency on an internal ledger system. Customers could then convert their deposits to a range of cryptocurrencies and traditional currencies, engage in various types of trading, and make withdrawals denominated in various types of cryptocurrencies and traditional currencies. FTX charged fees and generated revenues from many of these activities, using the fraudulently obtained access to a U.S. bank account. Customers could also convert various cryptocurrencies and traditional currencies to dollars on their FTX account, and withdraw the dollars from FTX. FTX sent customer withdrawals by wire transfer from the North Dimension bank account, and by at least summer 2021 charged a fee for dollar withdrawals.

**SALAME and Others Made Unlawful Political Contributions to Acquire Political Influence**

13.     Beginning in or around 2020, Samuel Bankman-Fried, a/k/a "SBF," began donating large sums of funds to political candidates, at least in part to improve his personal standing in Washington, D.C., increase FTX's profile, and curry favor with candidates that could help pass legislation favorable to FTX or Bankman-Fried's personal agenda, including legislation concerning regulatory oversight over FTX and its industry. To accomplish these goals, Bankman-

Fried caused substantial contributions to be made in support of candidates of both major political parties and across the political spectrum. Bankman-Fried, however, did not want to be known as a left-leaning partisan, or to have his name publicly attached to Republican candidates. In order to obscure his association with certain contributions, Bankman-Fried conspired with others, including RYAN SALAME, the defendant, to make those contributions in the names of SALAME and Nishad Singh, another FTX executive. As SALAME explained in a private message to a confidant, the purpose of these bipartisan donations would be "to weed out anti crypto dems for pro crypto dems and anti crypto repubs for pro crypto repubs," and that donations would likely be routed through SALAME "to weed out that republican side."

14. Between in or about the fall of 2021 and the November 2022 election, RYAN SALAME, the defendant, Samuel Bankman-Fried, a/k/a "SBF," and Nishad Singh collectively made millions of dollars in contributions, including in "hard money" contributions to federal candidates from both major political parties. The money used to make these political donations originated from Alameda bank accounts, and included funds that had been deposited by FTX customers. Notwithstanding his awareness of the campaign finance laws, in order to conceal the true source of the funds, SALAME agreed with others that funds for contributions would be transferred from Alameda's bank accounts, which also contained FTX customer funds, to bank accounts in the name of the political donors, and then quickly transferred from those individuals' bank accounts to political campaigns.

15. To further conceal the scheme, RYAN SALAME, the defendant, and his co-conspirators recorded the outgoing wire transfers from Alameda to individuals' bank accounts for purposes of making contributions as Alameda "loans" or "expenses." But unlike other loans that were made to FTX executives, including to Samuel Bankman-Fried, a/k/a "SBF," Nishad Singh,

and SALAME, most of these outgoing wire payments were not documented in agreements or on term sheets, and there were no set interest rates, no interest payments, no collateral, and no evidence of repayment.

16.     In total, RYAN SALAME, the defendant, and his co-conspirators made over 300 political contributions, totaling tens of millions of dollars, that were unlawful because they were made in the name of a straw donor or paid for with corporate funds.  In dozens of instances, use of straw donors allowed Samuel Bankman-Fried, a/k/a "SBF," to evade contribution limits on individual donations to candidates to whom Bankman-Fried had already donated.  As a result of this fraudulent conduct, SALAME and his co-conspirators caused false information to be reported by campaigns and PACs to the Federal Election Commission ("FEC"), which had the result of impairing and impeding the FEC's reporting and enforcement functions.

## STATUTORY ALLEGATIONS

### COUNT ONE
**(Conspiracy to Make Unlawful Political Contributions and Defraud the FEC)**

The United States Attorney charges:

17.     The allegations contained in paragraphs 1 through 16 of this Information are repeated and realleged as if fully set forth herein.

18.     From at least in or about 2020, up to and including in or about November 2022, in the Southern District of New York, and elsewhere, RYAN SALAME, the defendant, and others known and unknown, knowingly did combine, conspire, confederate, and agree together and with each other to defraud the United States, in violation of Title 18, United States Code, Section 371, and willfully and knowingly did combine, conspire, confederate, and agree together and with each other to commit offenses against the United States by engaging in violations of federal law involving the making, receiving, and reporting of a contribution, donation, or expenditure, in

violation of Title 52, United States Code, Sections 30109(d)(1)(A) & (D).

19.     It was part and an object of the conspiracy that RYAN SALAME, the defendant, and others known and unknown, would and did knowingly and willfully make contributions to candidates for federal office, joint fundraising committees, and independent expenditure committees in the names of other persons, aggregating to $25,000 and more in a calendar year, in violation of Title 52, United States Code, Sections 30122 and 30109(d)(1)(A) & (D).

20.     It was a further part and object of the conspiracy that RYAN SALAME, the defendant, and others known and unknown, would and did knowingly and willfully make contributions to candidates for federal office and joint fundraising committees by a corporation, aggregating to $25,000 and more in a calendar year, in violation of Title 52, United States Code, Sections 30118 and 30109(d)(1)(A).

21.     It was a further part and object of the conspiracy that RYAN SALAME, the defendant, and others known and unknown, would and did defraud the United States, and an agency thereof, by impairing, obstructing, and defeating the lawful functions of a department and agency of the United States through deceitful and dishonest means, to wit, the Federal Election Commission's function to administer federal law concerning source and amount restrictions in federal elections, including the prohibitions applicable to corporate contributions and conduit contributions, in violation of Title 18, United States Code, Section 371.

### Overt Act

22.     In furtherance of the conspiracy and to effect the illegal objects thereof, the following overt act, among others, was committed in the Southern District of New York and elsewhere: in or about 2022, RYAN SALAME, the defendant, and one or more other conspirators agreed to and did make corporate contributions to candidates and committees in the Southern

District of New York that were reported in the name of another person.

(Title 18, United States Code, Section 371.)

## COUNT TWO
### (Conspiracy to Operate an Unlicensed Money Transmitting Business)

The United States Attorney further charges:

23.     The allegations contained in paragraphs 1 through 16 of this Information are repeated and realleged as if fully set forth herein.

24.     From at least in or about October 2019, up to and including in or about November 2022, in the Southern District of New York and elsewhere, RYAN SALAME, the defendant, and others known and unknown, willfully and knowingly did combine, conspire, confederate, and agree together and with each other to commit an offense against the United States, to wit, operation of an unlicensed money transmitting business, in violation of Title 18, United States Code, Section 1960.

25.     It was a part and an object of the conspiracy that RYAN SALAME, the defendant, and others known and unknown, would and did knowingly conduct, control, manage, supervise, direct, and own all and part of an unlicensed money transmitting business affecting interstate and foreign commerce, which failed to comply with the money transmitting business registration requirements under Section 5330 of Title 31, United States Code, and regulations prescribed under such section, in violation of Title 18, United States Code, Section 1960.

### Overt Act

26.     In furtherance of the conspiracy and to effect the illegal object thereof, the following overt acts, among others, were committed in the Southern District of New York and elsewhere: Alameda and FTX employees, under the supervision of RYAN SALAME, the

defendant, caused FTX customers to send wire transfers and sent wire transfers to FTX customers, some of which were received in and were transmitted through the Southern District of New York.

(Title 18, United States Code, Section 371.)

## FORFEITURE ALLEGATION

27. As a result of committing the offense alleged in Count Two of this Information, RYAN SALAME, the defendant, shall forfeit to the United States, pursuant to Title 18, United States Code, Section 982(a)(1), any and all property, real and personal, involved in said offense, or any property traceable to such property, including but not limited to a sum of money in United States currency representing the amount of property involved in said offense.

28. If any of the above-described forfeitable property, as a result of any act or omission of the defendant: (a) cannot be located upon the exercise of due diligence; (b) has been transferred or sold to, or deposited with, a third person; (c) has been placed beyond the jurisdiction of the Court; (d) has been substantially diminished in value; or (e) has been commingled with other property which cannot be subdivided without difficulty; it is the intent of the United States, pursuant to Title 21, United States Code, Section 853(p) and Title 28, United States Code, Section 2461(c), to seek forfeiture of any other property of the defendant up to the value of the above forfeitable property.

(Title 18, United States Code, Section 982;
Title 21, United States Code, Section 853; and
Title 28, United States Code, Section 2461.)

_Damian Williams/SLR_

DAMIAN WILLIAMS
United States Attorney