# Exhibit 5

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**
**MDL No. 3076**
**CASE NO. 1:23-md-03076-KMM**

In Re: FTX Cryptocurrency Exchange Collapse Litigation

**PLAINTIFFS' JURISDICTIONAL REQUESTS FOR PRODUCTION TO DEFENDANTS
CURRY, DAVID, GOLDEN STATE WARRIORS, OSAKA, SOLOMID
CORPORATION, STEPHAN, JIKH, KULLBERG, SINGH, JUNG, LEFEBVRE,
AND CREATORS AGENCY, LLC**

Plaintiffs, pursuant to Fed. R. Civ. P. 26 and 34, and Rule 26.1 of the Local Rules of the

Southern District of Florida, request that Defendants Stephen Curry, Naomi Osaka, Lawrence Gene

David, Solomid Corporation, Golden State Warriors, LLC, Graham Stephan, Andrei Jikh, Erika

Kullberg, Jaspreet Singh, Brian Jung, Jeremy Lefebvre, and Creators Agency, LLC, respectively,

produce the documents requested in response to these three requests within the time prescribed by

such rules.

Respectfully submitted on December 22, 2023.

| Plaintiffs' Co-Lead Counsel | |
|---|---|
| By: */s/ Adam Moskowitz*<br>Adam M. Moskowitz<br>Florida Bar No. 984280<br>Joseph M. Kaye<br>Florida Bar No. 117520<br>**THE MOSKOWITZ LAW FIRM, PLLC**<br>Continental Plaza<br>3250 Mary Street, Suite 202<br>Coconut Grove, FL 33133<br>Office: (305) 740-1423<br>adam@moskowitz-law.com<br>joseph@moskowitz-law.com<br>service@moskowitz-law.com | By: */s/ David Boies*<br>David Boies<br>Alex Boies<br>Brooke Alexander<br>**BOIES SCHILLER FLEXNER LLP**<br>333 Main Street<br>Armonk, NY 10504<br>Office: (914) 749-8200<br>dboies@bsfllp.com<br>aboies@bsfllp.com<br>balexander@bsfllp.com |

| Committee Members | |
|---|---|
| | Barbara C. Lewis |
| | Florida Bar No. 118114 |
| | **THE MOSKOWITZ LAW FIRM, PLLC** |
| | Continental Plaza |
| | 3250 Mary Street, Suite 202 |
| | Coconut Grove, FL 33133 |
| | Office: (305) 740-1423 |
| | Barbara@moskowitz-law.com |

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on December 22, 2023, a true and correct copy of the foregoing was served via email to all counsel of record.

By: */s/ Adam Moskowitz*
Adam M. Moskowitz

**DEFINITIONS**

Unless otherwise specified, the terms set forth below have the following meanings:

1.      "FTX Entities" refers to FTX Trading and/or FTX US.

2.      "FTX Trading" refers to FTX Trading Ltd. d/b/a FTX Trading, including, but not limited to, its past and present subsidiaries, affiliates, divisions, segments (including any mobile application and/or web-based cryptocurrency investment services or trading platform, such as FTX.com), predecessors (including acquired entities or lines of business such as Blockfolio, Inc.), successors, directors, officers, employees, representatives and/or agents.

3.      "FTX US" refers to West Realm Shires Services Inc. d/b/a FTX US, including, but not limited to, its past and present subsidiaries, affiliates, divisions, segments (including any mobile application and/or web-based cryptocurrency investment services or platform, such as FTX.com), predecessors (including acquired entities or lines of business such as Blockfolio, Inc.), successors, directors, officers, employees, representatives and/or agents.

4.      "FTX Platform" refers to the FTX Entities' mobile application and/or web-based cryptocurrency investment service that places cryptocurrency trade orders on behalf of users.

5.      "Person" or "People" refers to any natural person(s) or any business, legal, or governmental entity (or entities) or association(s).

6.      "Alameda" refers to Alameda Research LLC, including, but not limited to, its past and present subsidiaries, affiliates, divisions, segments (including any mobile application and/or web-based cryptocurrency investment services or trading platform), predecessors (including acquired entities or lines of business), successors, directors, officers, employees, representatives and/or agents.

7.      All/Each and And/Or – The terms "all", "each", "and" and "or" shall be construed as meaning either all or each as necessary, or conjunctively, to bring within the scope of the discovery request all responses that might otherwise be construed to be outside its scope.

8.      "FTT" refers to the native cryptocurrency exchange token of the FTX Platform ecosystem.

9.      "Communication" refers to the transmittal of information in the form of facts, ideas, inquiries or otherwise, and whether orally or in writing, or by any other means or medium, including in person, electronically and/or by exchange or communication of any document.

10.      "Concerning" means relating to, referring to, describing, evidencing or constituting.

11.      "Defendants" refers to any and all persons and/or entities named as defendants in any of the actions consolidated with, and into, the above-captioned action.  For purposes of these Requests, Defendants also includes Silvergate Capital Corporation (a/k/a Silvergate Bank).

12.      "Document" refers to any written, printed, typed or other graphic matter, of any kind or nature, whether in hard copy or electronic format, whether the original, draft, or a copy and copies bearing notations or marks not found on the original, including, but not limited to, memoranda, reports, recommendations, notes, letters, envelopes, post-its, emails, text messages, instant messages (including, but not limited to, messages exchanged or sent using Slack, Teams, Discord, WhatsApp, Signal or any other similar application), transcripts, studies, analyses, tests, books, articles, minutes, agreements, contracts, and all other written communications, of any type, including inter and intra-office communications, questionnaires, surveys, charts, graphs, videos, photographs, tapes, voice messages or other recordings, print-outs or compilations from which information can be obtained or, if necessary, translated through detection devices into reasonably usable form, including all underlying or preparatory materials and drafts thereof.  To the extent not already covered in the above

definition, "Document" specifically includes any "writing", "recording", "photograph", "original" or "duplicate" as defined in Rule 1001 of the Federal Rules of Evidence, and/or "Electronically Stored Information" as set forth in Rule 34 of the Federal Rules of Civil Procedure and/or as further defined as "ESI" herein.

13.     "ESI" refers to Electronically Stored Information, as consistent with Rule 34 of the Federal Rules of Civil Procedure, and includes all computer or electronically stored or generated data and information, including all attachments to and enclosures within any requested item, and all drafts thereof.  ESI includes all information and documents stored in any format and on any storage media, including, but not limited to:  hard disks; optical disks, floppy disks; flash memory drives; and magnetic tape, whether fixed, portable or removable, and ESI further includes, but is not limited to, electronic spreadsheets, electronic presentation documents, e-mail messages, text messages, instant messages (including, but not limited to, message exchanged or sent using Slack, Teams, Discord, WhatsApp, Signal or any other similar application); image files; sound files; material or information stored in a database or accessible from a database. ESI also includes all associated metadata that is maintained or saved (including for example, author, recipient, file creation date, file modification date, etc.).

14.     "You" or "Your" shall refer to the defendant responding to these requests, including, but not limited to, its international, national or local branches or offices, and current and prior partners, employees and agents, and all entities identified in response to ROG #1, served herewith.

15.     Whenever a reference to a business entity appears, the reference shall mean the business entity, its affiliated companies, partnerships, divisions, subdivisions, directors, officers, employees, agents, clients or other representatives of affiliated third parties.

16.     Defined terms may or may not be capitalized or made uppercase; the given definitions apply even if a term in question is not capitalized or made uppercase. No waiver of a definition is implied by the use of a defined term in a non-capitalized or lowercase form.

## INSTRUCTIONS

1.     Production of documents and items requested herein shall be made at the offices of The Moskowitz Law Firm, P.O. Box 653409, Miami, FL 33133, or via electronic mail to the email addresses provided in the signature blocks of the attorneys serving these interrogatories.

2.     Unless otherwise stated, the time period for which you must respond is January 1, 2019 through the date of response to these requests for production.

3.     These requests shall include all documents that are in the possession, custody or control of Defendant or in the possession, custody or control of the present or former agents, representatives, or attorneys of Defendant, or any and all persons acting on the behalf of Defendant, or its present or former agents, representatives, or attorneys.

4.     Where an objection is made to any request, the objection shall state with specificity all grounds for said objection. Any ground not stated in any objection within the time provided by the Federal Rules for Civil Procedure, or by the Court's order, or any extensions thereof, shall be waived.

5.     Where an objection is made to any request, the objection shall state whether documents are being withheld on that basis.

6.     For any document covered by a request that is withheld from production, Defendant shall provide the following information in the form of a privilege log:

(A)     the reasons and facts supporting any withholding;

(B)     the date such document was prepared;

(C)     the names, employment positions and addresses of the author or preparers of such document;

(D)     the names, employment positions, and the addresses of each person who received such document;

(E)     the title and a brief description of the document; and

(F)     the number of the request under which such document would be produced but for

the objection.

7.     If any document responsive to a request has been destroyed, produce all documents

describing or referencing:

(A)     the contents of the lost or destroyed document;

(B)     all locations in which any copy of the lost or destroyed document had been

maintained;

(C)     the date of such loss or destruction;

(D)     the name of each person who ordered, authorized, and carried out the destruction

of any responsive document;

(E)     all document retention and destruction policies in effect at the time any requested

document was destroyed; and

(F)     all efforts made to locate any responsive document alleged to have been lost.

8.     In producing the documents requested, indicate the specific request(s) pursuant to

which document or group of documents is being produced.

9.     These requests should be deemed continuing, and supplemental productions should

be provided as additional documents become available.

10.     All documents are to be produced in the following method:

(A)     Single page .TIFF

(B)     Color .jpg (Documents wherein reflection of importance relies on color, shall be

produced in .jpg format)

(C)     OCR at document level (All documents are to be provided with searchable text files

with the exception of the redacted portions of redacted documents)

(D)     Electronic documents and Emails are to be processed and converted from the electronic format to single page tiff.

## <u>REQUESTS FOR PRODUCTION</u>

**FOR ALL DEFENDANTS**:

1.      All Documents and Communications, including contracts or agreements, regarding Your relationship, directly or indirectly, with the FTX Entities.

2.      All Documents and Communications concerning Your travel to, or presence in, Florida.

3.      All Documents and Communications evidencing actions You took in furtherance of your relationship with the FTX Entities.

4.      All Documents and Communications, that show, evidence and/or relate to You or the FTX Entities "targeting" Your Florida fans and/or Florida's FTX consumers, including but not limited to promotions occurring or airing within the state of Florida, and regional or nationwide promotions including Florida.

5.      All Documents and Communications regarding whether YBAs or FTT constitute a security under any federal or state law.

# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF FLORIDA
### MDL No. 3076
### CASE NO. 1:23-md-03076-KMM

In Re: FTX Cryptocurrency Exchange Collapse Litigation

## PLAINTIFFS' JURISDICTIONAL INTERROGATORIES TO DEFENDANTS CURRY, DAVID, GOLDEN STATE WARRIORS, OSAKA, SOLOMID CORPORATION, STEPHAN, JIKH, KULLBERG, SINGH, JUNG, LEFEBVRE, AND CREATORS AGENCY, LLC

Plaintiffs, pursuant to Fed. R. Civ. P. 26 and 33, and Rule 26.1 of the Local Rules of the Southern District of Florida, request that Defendants Stephen Curry, Naomi Osaka, Lawrence Gene David, Solomid Corporation, Golden State Warriors, LLC, Graham Stephan, Andrei Jikh, Erika Kullberg, Jaspreet Singh, Brian Jung, Jeremy Lefebvre, and Creators Agency, LLC, respectively respond, in writing and under oath, to the following interrogatories, within the time prescribed by such rules.

Respectfully submitted on December 22, 2023.

| Plaintiffs' Co-Lead Counsel | |
|---|---|
| By: /s/ Adam Moskowitz<br>Adam M. Moskowitz<br>Florida Bar No. 984280<br>Joseph M. Kaye<br>Florida Bar No. 117520<br>**THE MOSKOWITZ LAW FIRM, PLLC**<br>Continental Plaza<br>3250 Mary Street, Suite 202<br>Coconut Grove, FL 33133<br>Office: (305) 740-1423<br>adam@moskowitz-law.com<br>joseph@moskowitz-law.com<br>service@moskowitz-law.com | By: /s/ David Boies<br>David Boies<br>Alex Boies<br>Brooke Alexander<br>**BOIES SCHILLER FLEXNER LLP**<br>333 Main Street<br>Armonk, NY 10504<br>Office: (914) 749-8200<br>dboies@bsfllp.com<br>aboies@bsfllp.com<br>balexander@bsfllp.com |

| **Committee Members** |
|---|
| Barbara C. Lewis<br>Florida Bar No. 118114<br>**THE MOSKOWITZ LAW FIRM, PLLC**<br>Continental Plaza<br>3250 Mary Street, Suite 202<br>Coconut Grove, FL 33133<br>Office: (305) 740-1423<br>Barbara@moskowitz-law.com |

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on December 22, 2023, a true and correct copy of the foregoing was served via email to all counsel of record.

By: */s/ Adam Moskowitz*

Adam M. Moskowitz

## **DEFINITIONS**

Unless otherwise specified, the terms set forth below have the following meanings:

1.          "FTX Entities" refers to FTX Trading and/or FTX US.

2.          "FTX Trading" refers to FTX Trading Ltd. d/b/a FTX Trading, including, but not limited to, its past and present subsidiaries, affiliates, divisions, segments (including any mobile application and/or web-based cryptocurrency investment services or trading platform, such as FTX.com), predecessors (including acquired entities or lines of business such as Blockfolio, Inc.), successors, directors, officers, employees, representatives and/or agents.

3.          "FTX US" refers to West Realm Shires Services Inc. d/b/a FTX US, including, but not limited to, its past and present subsidiaries, affiliates, divisions, segments (including any mobile application and/or web-based cryptocurrency investment services or platform, such as FTX.com), predecessors (including acquired entities or lines of business such as Blockfolio, Inc.), successors, directors, officers, employees, representatives and/or agents.

4.          "FTX Platform" refers to the FTX Entities' mobile application and/or web-based cryptocurrency investment service that places cryptocurrency trade orders on behalf of users.

5.          "Person" or "People" refers to any natural person(s) or any business, legal, or governmental entity (or entities) or association(s).

6.          "Alameda" refers to Alameda Research LLC, including, but not limited to, its past and present subsidiaries, affiliates, divisions, segments (including any mobile application and/or web-based cryptocurrency investment services or trading platform), predecessors (including acquired entities or lines of business), successors, directors, officers, employees, representatives and/or agents.

7.          All/Each and And/Or – The terms "all", "each", "and" and "or" shall be construed as meaning either all or each as necessary, or conjunctively, to bring within the scope of the discovery request all responses that might otherwise be construed to be outside its scope.

8.      "FTT" refers to the native cryptocurrency exchange token of the FTX Platform ecosystem.

9.      "Communication" refers to the transmittal of information in the form of facts, ideas, inquiries or otherwise, and whether orally or in writing, or by any other means or medium, including in person, electronically and/or by exchange or communication of any document.

10.     "Concerning" means relating to, referring to, describing, evidencing or constituting.

11.     "Defendants" refers to any and all persons and/or entities named as defendants in any of the actions consolidated with, and into, the above-captioned action.  For purposes of these Requests, Defendants also includes Silvergate Capital Corporation (a/k/a Silvergate Bank).

12.     "Document" refers to any written, printed, typed or other graphic matter, of any kind or nature, whether in hard copy or electronic format, whether the original, draft, or a copy and copies bearing notations or marks not found on the original, including, but not limited to, memoranda, reports, recommendations, notes, letters, envelopes, post-its, emails, text messages, instant messages (including, but not limited to, messages exchanged or sent using Slack, Teams, Discord, WhatsApp, Signal or any other similar application), transcripts, studies, analyses, tests, books, articles, minutes, agreements, contracts, and all other written communications,  of  any  type,  including  inter  and  intra-office  communications, questionnaires, surveys, charts, graphs, videos, photographs, tapes, voice messages or other recordings, print-outs or compilations from which information can be obtained or, if necessary, translated through detection devices into reasonably usable form, including all underlying or preparatory materials and drafts thereof.  To the extent not already covered in the above

4

definition, "Document" specifically includes any "writing", "recording", "photograph", "original" or "duplicate" as defined in Rule 1001 of the Federal Rules of Evidence, and/or "Electronically Stored Information" as set forth in Rule 34 of the Federal Rules of Civil Procedure and/or as further defined as "ESI" herein.

13.     "ESI" refers to Electronically Stored Information, as consistent with Rule 34 of the Federal Rules of Civil Procedure, and includes all computer or electronically stored or generated data and information, including all attachments to and enclosures within any requested item, and all drafts thereof.  ESI includes all information and documents stored in any format and on any storage media, including, but not limited to:  hard disks; optical disks, floppy disks; flash memory drives; and magnetic tape, whether fixed, portable or removable, and ESI further includes, but is not limited to, electronic spreadsheets, electronic presentation documents, e-mail messages, text messages, instant messages (including, but not limited to, message exchanged or sent using Slack, Teams, Discord, WhatsApp, Signal or any other similar application); image files; sound files; material or information stored in a database or accessible from a database. ESI also includes all associated metadata that is maintained or saved (including for example, author, recipient, file creation date, file modification date, etc.).

14.     "You" or "Your" shall refer to the defendant responding to these requests, including, but not limited to, its international, national or local branches or offices, and current and prior partners, employees and agents, and all entities identified in response to ROG #1 herein.

15.     Whenever a reference to a business entity appears, the reference shall mean the business entity, its affiliated companies, partnerships, divisions, subdivisions, directors, officers, employees, agents, clients or other representatives of affiliated third parties.

16.     Defined terms may or may not be capitalized or made uppercase; the given definitions apply even if a term in question is not capitalized or made uppercase. No waiver of a definition is implied by the use of a defined term in a non-capitalized or lowercase form.

## **INSTRUCTIONS**

1.      Production of responses and objections to the interrogatories shall be made at the offices of The Moskowitz Law Firm, P.O. Box 653409, Miami, FL 33133, or via electronic mail to the email addresses provided in the signature blocks of the attorneys serving these interrogatories.

2.      Unless otherwise stated in an interrogatory, the time period for which you must respond is January 1, 2019 through the date of response to these interrogatories.

3.      These interrogatories shall include all information in your possession, custody or control or in the possession, custody or control of your present or former agents, representatives, or your attorneys, or any and all persons acting on your behalf, or your present or former agents, representatives, or attorneys.

4.      Each interrogatory objection and/or response must immediately follow the quoted interrogatory, and no part of an interrogatory shall be left unanswered merely because an objection is interposed to another part of the interrogatory.

5.      If you claim there is any ambiguity in either a particular interrogatory or in a definition or an instruction applicable thereto, you shall not use such claim as a basis for refusing to respond to the interrogatory, but you shall set forth as part of the response the language you deem ambiguous and the interpretation you used in responding.

6.      Where an objection is made to any interrogatory, the objection shall state with specificity all grounds. Any ground not stated in an objection within the time provided by the Federal Rules of Civil Procedure, the local rules of the Southern District of Florida, or by the Court's order, or any extensions thereof, shall be waived.

7.      Where a claim of privilege or protection from disclosure is asserted in objecting to any interrogatory, or sub-part thereof, and a complete answer is not provided on the basis of such assertion, you shall provide a log within the time period set forth in Rule 26.1 of the Local Rules of

the Southern District of Florida, and in conformity with the requirements of that rule.

8.      If you answer any interrogatory by reference to records or materials from which the answer may be derived or ascertained, you shall make available within the time period specified in Rule 26.1 of the Local Rules of the Southern District of Florida:

(A)     any electronically stored information or summaries thereof that you have or can adduce by a relatively simple procedure, unless those materials are privileged or otherwise immune from discovery.

(B)     any relevant compilations, abstracts or summaries in your custody or readily obtainable by you, unless those materials are privileged or otherwise immune from discovery.

9.      If any documents are produced in connection with responding to any interrogatory, such documents are to be produced in the following method:

a.      Single page .TIFF

b.      Color .jpg (documents wherein reflection of importance relies on color, shall be produced in .jpg format)

c.      OCR at document level (all documents are to be provided with searchable text files with the exception of the redacted portions of redacted documents).

d.      Electronic documents, e-mails, text or instant messages are to be processed and converted from the electronic format to single page tiff.

10.     These interrogatories shall be deemed continuing, and supplemental interrogatory responses shall be provided as additional responsive information becomes available.

## **INTERROGATORIES**

**For All Defendants:**

1.     State the name, location of corporate headquarters or principal place of business, and place of incorporation for all corporate entities owned or controlled by You and through which you conduct business, including but not limited to promotion and sponsorship activities.

2.     State the name, location of corporate headquarters or principal place of business, and place of incorporation (if applicable), of all agents, managers, or other representatives who had any contact with the FTX Entities on Your behalf, or advised You on your dealings with the FTX Entities.

3.     State whether You are authorized to do business in Florida and provide the date of issuance and nature of such authorization.

4.     Identify each contract You have entered with any person or entity in Florida and provide the nature and dates of each said contract.

5.     State all business You conduct or have conducted within Florida, including the number of employees and/or agents located in Florida and any subsidiary entities located in Florida.

6.     List any communication(s) You had to, from, or in Florida (whether written or oral) with any individual or entity for the purpose of conducting business for You or on Your behalf.

7.     State each occasion in which You travelled to Florida and the purpose and dates of such travel.

8.     State the existence and nature of any regular sales You have within Florida.

9.     List all advertising activity directed towards Florida, including but not limited to regional or nationwide advertising activity that would have included Florida.

10.     State the location/address of any bank, credit union, or other financial institution at which You maintain account(s) in Florida.

11.     State whether You have paid state income tax in Florida in the last three years

12.     List all activities, including date and location, You undertook in furtherance of Your agreement with the FTX Entities, including but not limited to meetings, photo shoots, phone or video calls, and advertisements.

**For Defendant Erika Kullberg:**

13.     State your full legal name and any aliases you have.

14.     State your domicile and your current residence address and list all residence addresses you have resided in and the address(es) at which you have received mail.

15.     State the address(es) shown on your driver's license and any professional license(s).

16.     State the address(es) of any business(es) you own or operate in the United States.

17.     State each location in which you are licensed or otherwise authorized to do business and provide the date of issuance.

18.     State any previous names or aliases.

19.     List any and all dates for which you have either visited, lived, or resided at 40 Waterside Plz, Apt. 11D, New York, New York 10010.

20.     State whether you have ever leased a residence under the name "Erika Nicole Shannon."

21.     State all addresses for which you have entered into a lease using the name "Erika Nicole Shannon" or "Erika Kullberg."

22.     State how you became aware of the service attempt on April 6, 2023 at 40 Waterside Plz, Apt. 11D, New York, New York 10010.

23.     State whether you received any telephone calls from an individual purporting to be a front desk worker or security for an apartment building on April 6, 2023.

24.     State how you know Arzu Malik.

25.     State how you became aware that you were named as a Defendant in the above-captioned case.

## **<u>VERIFICATION</u>**

_____
**SIGNATURE**

STATE OF _____ )
            ) SS:
COUNTY OF _____ )


  BEFORE ME, the undersigned authority, personally appeared _____ [  ] personally known to me or [  ] who produced identification of _____, who after being first duly sworn, deposes and states that he executed the foregoing and that it is true and correct.

  SWORN TO AND SUBSCRIBED BEFORE ME this ____ day of _____, 2023.

[Seal]


_____
Notary Public


_____
Print Name