# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF FLORIDA
### MIAMI DIVISION

MDL No. 3076
Case No. 1:23-md-03076-KMM

**IN RE:**

**FTX Cryptocurrency Exchange Collapse MDL Litigation**

_____

THIS DOCUMENT RELATES TO:

Promoter Defendants
     *Garrison, et al. v. Kevin Paffrath, et al.,* S.D. Fla. Case
No. 23-cv-21023

_____/

## PLAINTIFFS' MOTION TO COMPEL EXPEDITED DISCOVERY
## FROM DEFENDANT JASPREET SINGH

Plaintiffs respectfully move for an order overruling objections and compelling Defendant Jaspreet Singh to serve responses and documents to Plaintiffs' jurisdictional discovery requests and to sit for deposition, as ordered by this Court. ECF No. 422.

In the original action filed against Defendant, *Garrison v. Paffrath*, No. 23-21023-CIV-ALTONAGA/Damian ("*Paffrath*"), Defendant Singh moved to dismiss arguing that Florida courts have no jurisdiction over him because neither him nor FTX conducted any substantial business regarding FTX in this state. A discovery dispute ensued, and Chief Judge Altonaga later entered an Order ruling "[t]he Court finds that jurisdictional discovery is appropriate; additional jurisdictional facts need not be alleged in Plaintiffs' pleading," and granting the plaintiffs leave to conduct jurisdictional discovery—written requests and depositions—against Defendant. Plaintiffs accordingly served Defendant with a set of discovery requests seeking basic documents, such as the contracts and agreements concerning his relationship to FTX. *See Paffrath* Request, attached as **Exhibit 1.** In response to the requests, and before the case was transferred into this MDL, Defendant served objections. *See Paffrath* Response, attached at **Exhibit 2.**

Shortly after Plaintiffs filed their administrative complaints, with Sam Bankman-Fried's trial imminent, the Court stayed discovery in these proceedings pending the completion of Mr. Bankman-Fried's criminal trial. ECF Nos. 318, 336. In doing so, the Court ruled that Plaintiffs could seek to lift the stay and renew the request for jurisdictional discovery when Mr. Bankman-Fried's trial was over. ECF No. 336. In moving to dismiss the administrative complaints, Defendant renewed the exact same arguments.

Once Mr. Bankman-Fried's trial concluded, Plaintiffs moved the Court to lift the stay and to grant Plaintiffs leave to conduct limited jurisdictional discovery. *See* Omnibus Motion, attached at **Exhibit 3**. The Court granted Plaintiffs' motion, holding that "jurisdictional discovery is appropriate." *See* Order [ECF No. 422], attached as **Exhibit 4**. The Court held: "The disputed facts related to Plaintiffs' theories of personal jurisdiction are intertwined with the merits of the respective cases—thus, Plaintiffs have a qualified right to jurisdictional discovery." *See id.* at 5. The Order further states that "Plaintiffs shall have 45 days from the date of this order to conduct limited jurisdictional discovery" and that "[a]ny dispute regarding jurisdictional discovery, including but not limited to the breadth of the discovery requests, shall be resolved by a United States Magistrate Judge." *Id.* at 6.

1

Pursuant to the Court's Order, Plaintiffs served Defendant with a set of requests for production and interrogatories on December 22, 2023. *See* Jurisdictional Requests, attached as **Exhibit 5.** The Jurisdictional Requests are nearly identical to the requests Plaintiffs previously served on Defendant in *Paffrath* pre-MDL, to which Defendant already responded with objections in ***May 2023***. *Compare* Exs. 1 & 5; *see also* Ex. 2.

Given the expedited February 1st deadline imposed by the Order and the fact that Defendant objected to these same requests seven months ago, Plaintiffs reached out to Defendant to meet and confer on depositions dates and on the requests, simply to confirm whether he intended to renew the same objections (namely unsupported "undue burden" and general "overbreadth" objections) or change them in any way, in order to move this discovery along efficiently. The parties agreed on January 24, 2024, for Plaintiffs to take Defendant's deposition. As to the requests, Defendant raised objections to Requests for Production No.'s 1, 3, and 5, and Interrogatory No.'s 1, 2 and 12 on grounds that they are overly broad and outside the scope of the jurisdictional discovery permitted by the Court's Order.

Plaintiffs therefore request that the Court grant Plaintiffs' motion and (1) overrule Defendant's objections, and (2) order the production of all responsive documents and interrogatory responses to be completed at least 3 business days before Defendant's deposition on January 24, 2024, in accordance with the District Court's Order and as Federal Rules 26(d) and 34(b)(2) grant this Court the discretion to do.[1]

## **ARGUMENT**

"The Court is authorized to shorten the discovery response deadlines and has broad discretion to manage the timing of discovery." *Gayle v. Meade*, No. 20-CV-21553, 2020 WL 4515517, at *2 (S.D. Fla. July 13, 2020); *see also Rodriguez v. Niagara Cleaning Servs., Inc.,* No. 09-22645-CIV-UNGARO, 2010 WL 23076, at *1 (S.D. Fla. Jan. 4, 2010) (granting "Motion requesting the Court to shorten the Defendants' response time to the discovery requests"). The Rules of Civil Procedure provide that the time to respond to discovery may be shortened by order of the court. *See* Fed. R. Civ. P. 33(b)(2) and 34(b)(2)(A). Plaintiffs request that the Court use its broad discretion to grant the relief sought herein and compel Defendant to respond to the discovery within the timeframe proposed by Plaintiffs.

---

[1] *See AT&T Mobility LLC v. Dynamic Cellular Corp.*, No. 08-20537-CIV-MORENO, 2008 WL 2139518, at *2 (S.D. Fla. May 7, 2008).

"Expedited discovery should be granted when some unusual circumstances or conditions exist that would likely prejudice the party if he were required to wait the normal time." *Fimab-Finanziaria Maglificio Biellese Fratelli Fila S.P.A. v. Helio Imp./Exp.,* 601 F. Supp. 1, 3 (S.D. Fla. 1983). Given that Defendant's deposition is scheduled for January 24, 2024, and that Plaintiffs must complete jurisdictional discovery by February 1st, Plaintiffs will be prejudiced if they are forced to wait the full 30 days period allowed under the Rules of Civil Procedure to receive Defendant's discovery responses. By requiring Defendant to respond to the discovery within a shortened time frame, Plaintiffs will have the opportunity to meet, confer, and seek Court intervention to resolve any objections in order to obtain a meaningful production in advance of Defendant's deposition and the February 1st deadline.

On the other hand, there is simply no prejudice to Defendant in requiring him, on an expedited basis, to simply reassert the same objections that have been pending since May 2023, and to respond to *five* requests for production and limited interrogatories in advance of his *Zoom* deposition in compliance with the Court's Order. To be sure, this is not Defendant's first encounter with these requests, as most of the requests seek the same documents sought in the requests that plaintiffs served in the *Paffrath* action. *Compare* Exs. 1 & 5.[2] Defendant already served objections for these requests (*see* Ex. 2) and therefore, Defendant can certainly serve responses within the timeline proposed by Plaintiffs. Nor should Defendant need much time to respond to the "new" request seeking documents concerning Defendant's "travel to, or presence in, Florida" given that, per Defendant's own admissions, Defendant's contacts with Florida are minimal. In sum, because Defendant has had these requests for essentially a year, he should be compelled to serve the responses and produce the documents on an expedited basis.

Given that (1) Defendant already objected to these requests seven months ago, and (2) the expedited timeframe imposed by the Court's Order, a shortened timeframe for Defendant to serve his discovery responses is not just appropriate, but necessary to give effect to the Court's Order. Further, any remaining objections on the basis that Plaintiffs' discovery requests are overly broad should be overruled. Pursuant to this Court's procedures, Defendant's "[b]lanket and unsupported objections" concerning the overly broad requests—without providing any further explanation—

---

[2] Moreover, some of the requests were also within the set of discovery that Plaintiffs served on Defendant early on in this MDL in July 2023. *See, e.g.,* **Exhibit 6**.

3

are "meaningless" and "meritless" and should be overruled. *See* Magistrate Judge Eduardo I. Sanchez's Discovery Procedures, at II.B.

## CONCLUSION

For the foregoing reasons, Plaintiffs respectfully request that the Court grant Plaintiffs' motion and (1) overrule Defendant's objections, and (2) order the production of all responsive documents and interrogatory responses to be completed at least 3 business days before Defendant's deposition on January 24, 2024, in accordance with the District Court's Order and as Federal Rules 26(d) and 34(b)(2) grant this Court the discretion to do.

## S.D. FLA. L.R. 7.1 CERTIFICATION

Plaintiffs' Counsel certify that they have conferred with Counsel for Defendant Singh in a good faith effort to resolve the issues raised in this Motion, and report that Defendant opposes the requested relief.

Dated: January 5, 2024                    Respectfully submitted,

| **Plaintiffs' Co-Lead Counsel** | |
|---|---|
| By: */s/ Adam Moskowitz*<br>Adam M. Moskowitz<br>Florida Bar No. 984280<br>Joseph M. Kaye<br>Florida Bar No. 117520<br>**THE MOSKOWITZ LAW FIRM, PLLC**<br>Continental Plaza<br>3250 Mary Street, Suite 202<br>Coconut Grove, FL 33133<br>Office: (305) 740-1423<br>adam@moskowitz-law.com<br>joseph@moskowitz-law.com<br>service@moskowitz-law.com | By: */s/ David Boies*<br>David Boies<br>Alex Boies<br>Brooke Alexander<br>**BOIES SCHILLER FLEXNER LLP**<br>333 Main Street<br>Armonk, NY 10504<br>Office: (914) 749-8200<br>dboies@bsfllp.com<br>aboies@bsfllp.com<br>balexander@bsfllp.com |
| **Plaintiffs' Promoter Committee Members** | |
| Barbara C. Lewis<br>Florida Bar No. 118114<br>**THE MOSKOWITZ LAW FIRM, PLLC**<br>Continental Plaza<br>3250 Mary Street, Suite 202<br>Coconut Grove, FL 33133<br>Office: (305) 740-1423 | K. Rachel Lanier<br>Alex Brown<br>**THE LANIER LAW FIRM, P.C.**<br>10940 W. Sam Houston Pkwy N.<br>Houston, TX 77064<br>Telephone: (713) 659-5200<br>Rachel.Lanier@lanierlawfirm.com |

| barbara@moskowitz-law.com<br>service@moskowitz-law.com | Alex.Brown@lanierlawfirm.com |
|---|---|

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on January 5, 2024, a true and correct copy of the foregoing was filed electronically with the Clerk of the Court, by using the CM/ECF system, causing a true and correct copy to be served on all counsel of record.

/s/ *Adam M. Moskowitz*
Adam M. Moskowitz

5