# Exhibit 2

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 23-21023-CIV-ALTONAGA/Damian

EDWIN GARRISON, *et al.*, on behalf of themselves and all others similarly situated,

    Plaintiff(s),

v.

KEVIN PAFFRATH, GRAHAM STEPHAN, ANDREI JIKH, JASPREET SINGH, BRIAN JUNG, JEREMY LEFEBVRE, TOM NASH, BEN ARMSTRONG, ERIKA KULLBERG, CREATORS AGENCY, LLC,

    Defendant(s).
_____/

### DEFENDANT JASPREET SINGH'S RESPONSES AND OBJECTIONS TO PLAINTIFFS' FIRST SET OF SEVEN REQUESTS FOR PRODUCTION

Defendant Jaspreet Singh ("Defendant Singh") responds to and objects to Plaintiffs' First Requests for Production ("Document Requests") as set forth below. The following Responses and Objections to Requests for Production are made solely for the purposes of this action.

No incidental or implied admissions are intended by these Responses. The fact that Defendant Singh has objected to or responded to any Document Request shall not be deemed as admission that Defendant Singh accepts or admits the existence of any fact set forth or assumed by such Document Requests or that such objection or Responses constitutes admissible evidence. The fact that Defendant Singh has responded to part or all of any Document Request is not intended to and shall not be construed to be a waiver by Plastipak of any part of any objection to the Document Requests.

These Responses and objections are made based on information and writings currently

available to, located by, and understood by Defendant Singh upon reasonable investigation. However, given the broad nature of these Document Requests, new information may be discovered by Plastipak as time passes. Therefore, Defendant Singh expressly reserves the right to modify, revise, supplement, or amended their Responses as they deem appropriate.

## GENERAL OBJECTIONS

1. Defendant Singh objects to the Document Requests on the basis that said Requests are contrary to the Court's May 19, 2023 Order allowing for jurisdictional discovery on personal jurisdiction only (Doc. No. 96). Plaintiffs' Document Requests are not limited to issues pertaining to personal jurisdiction, and instead, go to liability issues, which are outside of the limited personal jurisdictional discovery ordered by Court at this time.

2. Defendant Singh objects to the Document Requests to the extent that they are overly broad and unduly burdensome.

3. Defendant Singh further objects to each instruction, definition, and Document Request to the extent that it purports to impose any requirement or discovery obligation greater than or different from those under the Federal Rules of Civil Procedure and the applicable Local Rules and Orders of the Court.

4. Defendant Singh further objects to the Document Requests to the extent that they assume facts that are not in evidence, contain terms that are ill-defined, and are based on a false premise.

5. Defendant Singh objects to the Document Requests to the extent that they seek information that is protected from disclosure by the attorney-client privilege, the attorney work product doctrine, or any other recognized privilege.

6. Defendant Singh objects to the Document Requests to the extent that they require him to search for and produce documents or information that are not within his possession, custody, or control.

7. Defendant Singh objects to the Document Requests to the extent that they seek information or documents that cannot be located by Defendant Singh after reasonably diligent inquiry, are readily available from public sources, or are available to Plaintiffs from another source or by other means that are more convenient, more appropriate, less burdensome, or less expensive.

8. Defendant Singh objects to the Document Requests to the extent that they seek legal conclusions and/or would require him to reach a legal conclusion in order to prepare a Response.

9. Defendant Singh objects to the Document Requests to the extent that they are overly broad, not relevant, immaterial, argumentative, prejudicial, improper, incorrect, vague, and/or ambiguous.

## RESPONSES TO REQUESTS FOR PRODUCTION OF DOCUMENTS

**REQUEST 1**

1. All Documents and Communications, including contracts or agreements, regarding any business You (personally or through any entity owned by You, or any of Your or Your entities' affiliates, representatives, employees or agents) conducted with FTX Entities, including all documents and communications regarding any payments made to You (personally or to any entity owned by You, or any of Your or Your entities' affiliates, representatives, employees or agents) in accordance with any such contract or agreement.

**RESPONSE TO REQUEST 1:**

Defendant Singh objects to this Document Request on the basis that this Request is contrary to the Court's May 19, 2023 Order allowing for jurisdictional discovery on personal jurisdiction

3

only (Doc. No. 96). Neither Defendant Singh nor any of the defined "FTX Entities" are Florida-based and thus this request is facially irrelevant to personal jurisdiction and instead improperly goes beyond that to merits issues. Defendant Singh further objects to this Request on the basis that it is overly broad, unduly burdensome, irrelevant, and immaterial by seeking "all" documents "regarding any business" conducted with the FTX Entities while the Complaint in this matter is directed only to Plaintiffs' alleged losses on YBAs. Further, the term "business . . conducted with FTX Entities" is vague and ambiguous to the extent that "business" is undefined and whether this includes such "business" "conduction directly or indirectly. The foregoing objections notwithstanding, Defendant Singh has no documents or communications in his possession, custody or control regarding or relating to business conducted in the State of Florida.

**REQUEST 2**

2.      All videos or other content You (personally or through any entity owned by You, or any of Your or Your entities' affiliates, representatives, employees or agents) produced regarding, relating to, and/or mentioning the FTX platform, FTT, and/or YBAs, including videos or content that have been removed from their public facing platforms.

**RESPONSE TO REQUEST 2:**

Defendant Singh objects to this Document Request on the basis that this Request is contrary to the Court's May 19, 2023 Order allowing for jurisdictional discovery on personal jurisdiction only (Doc. No. 96). This request seeks content beyond anything that might relate to personal jurisdiction and is instead directed to merits issues. Defendant Singh further objects to this Request on the basis that it is overly broad, unduly burdensome, irrelevant, and immaterial by seeking video and content "regarding, relating to, and/or mentioning the FTX platform, FTT, and/or YBAs" while the Complaint is limited to liability allegations of actively promoting YBAs. The foregoing

4

objections notwithstanding, Defendant Singh has no video or other content in his possession, custody or control regarding or relating to business conducted in the State of Florida.

**REQUEST 3**

3. All Documents and Communications, that show, evidence, and/or relate to Defendant "targeting" Defendant's Florida audience, and Florida's FTX customers.

**RESPONSE TO REQUEST 3:**

Defendant Singh objects to this Document Request on the basis that this Request is vague and ambiguous by requiring a legal determination as to what would be regarded as "targeting." The foregoing objection notwithstanding, Defendant Singh does not have any responsive documents or communications in his possession, custody, or control regarding or related to any targeting in the State of Florida.

**REQUEST 4**

4. All Documents and Communications regarding any and all communications between You (personally or through any entity owned by You, or any of Your or Your entities' affiliates, representatives, employees or agents) with the FTX Entities regarding promotion of FTT, YBAs or the FTX Platform.

**RESPONSE TO REQUEST 4:**

Defendant Singh objects to this Document Request on the basis that this Request is contrary to the Court's May 19, 2023 Order allowing for jurisdictional discovery on personal jurisdiction only (Doc. No. 96). This Request seeks documents and communications beyond anything that might relate to personal jurisdiction and is instead directed to merits issues. Defendant Singh further objects to this Request on the basis that it is overly broad, unduly burdensome, irrelevant, and immaterial by seeking documents and communications regarding "any and all

communications" "with the FTX Entities regarding promotion of FTT, YBAs or the FTX Platform" while the Complaint is limited to liability allegations of promoting YBAs. The foregoing objections notwithstanding, Defendant Singh has no documents or communications in his possession, custody or control regarding or relating to any promotion activity in the State of Florida.

**REQUEST 5**

5. All Documents regarding any and all due diligence You (personally or through any entity owned by You, or any of Your or Your entities' affiliates, representatives, employees or agents) conducted before promotion of FTT, YBAs, or FTX Platform to the public.

**RESPONSE TO REQUEST 5:**

Defendant Singh objects to this Document Request on the basis that this Request is contrary to the Court's May 19, 2023 Order allowing for jurisdictional discovery on personal jurisdiction only (Doc. No. 96). This Request seeks documents and communications beyond anything that might relate to personal jurisdiction and is instead directed to merits issues. Defendant Singh further objects to this Request on the basis that it is overly broad, unduly burdensome, irrelevant, and immaterial by seeking "[a]ll Documents regarding any and all due diligence . . .conducted before promotion of FTT, YBAs, or FTX Platform to the public" while the Complaint is limited to liability allegations of promoting YBAs. Further, this Request is vague and ambiguous as requiring a legal determination of what constitutes "due diligence." The foregoing objections notwithstanding, Defendant Singh has no documents in his possession, custody or control regarding or relating to any promotion activity in the State of Florida.

**REQUEST 6**

6. All Documents and Communications between You and any of the Co-Defendants in this Action regarding this lawsuit and/or the subject matter of this lawsuit, including the promotion of FTT, YBAs, or FTX Platform.

**RESPONSE TO REQUEST 6:**

Defendant Singh objects to this Document Request on the basis that this Request is contrary to the Court's May 19, 2023 Order allowing for jurisdictional discovery on personal jurisdiction only (Doc. No. 96). This Request seeks documents and communications beyond anything that might relate to personal jurisdiction and is instead directed to merits issues. Defendant Singh further objects to this Request on the basis that it is overly broad, unduly burdensome, irrelevant, and immaterial by seeking documents and communications regarding the promotion of FTT, YBAs, or FTX Platform while the Complaint is limited to liability allegations of promoting YBAs. The foregoing objections notwithstanding, Defendant Singh has no documents or communications in his possession, custody or control regarding or relating to discussion concerning the State of Florida.

**REQUEST 7**

7. All Documents that show, evidence and/or relate to Your purchases, ownership, or control of FTT, including any wallet addresses controlled by You related to Your FTT holdings.

**RESPONSE TO REQUEST 7:**

Defendant Singh objects to this Document Request on the basis that this Request is contrary to the Court's May 19, 2023 Order allowing for jurisdictional discovery on personal jurisdiction only (Doc. No. 96). This Request seeks documents and communications beyond anything that might relate to personal jurisdiction and is instead directed to merits issues. Defendant Singh further objects to this Request on the basis that it is overly broad, unduly burdensome, irrelevant,

and immaterial by seeking documents relating ownership of FTT while the Complaint is limited to liability allegations of promoting YBAs. The foregoing objections notwithstanding, Defendant Singh does not have any responsive documents in his possession, custody, or control.

Dated: May 29, 2023

Respectfully submitted,

/s/ David E. Ghannam
DAVID E. GHANNAM
Florida Bar Id. No. 854462
david@ghannam.law
Cummings, McClorey, Davis & Acho, PLC
17436 College Parkway, Fl 3
Livonia, MI 48152
(313) 945-0088
Attorneys for Defendant Jaspreet Singh

-and-

Ronald G. Acho
Admitted *pro hac vice*
Cummings, McClorey, Davis & Acho, PLC
17436 College Parkway
Livonia, MI   48152
Telephone: (734) 261-2400
Telecopier: (734) 261-4510
racho@cmda-law.com

Michael O. Cummings
Admitted *pro hac vice*
Cummings, McClorey, Davis & Acho, P.C.
1185 Avenue of The Americas, 3rd Floor
New York, New York 10036
Telephone:  (212) 547-8810
Facsimile:   (212) 547-8811
mcummings@cmda-law.com

## **CERTIFICATE OF SERVICE**

The undersign hereby certifies that a true and correct copy of the foregoing was furnished via email on this 29th day of May, 2023 to:

Adam M. Moskowitz, Esq.
Joseph M. Kaye, Esq.
Howard Bushman, Esq.
THE MOSKOWITZ LAW FIRM, PLLC
2 Alhambra Plaza, Suite 601
Coral Gables, FL 33134
adam@moskowitz-law.com
joseph@moskowitz-law.com
howard@moskowitz-law.com

Stuart Z. Grossman, Esq.
Manuel A. Arteaga-Gomez, Esq.
GROSSMAN RATH YAFFA COHEN, P.A.
2525 Ponce de Leon Blvd., Suite 1150
Coral Gables, FL 33134
szg@grossmanroth.com
aag@grossmanroth.com

Stephen Neal Zack, Esq.
Tyler Ulrich, Esq.
BOIES SCHILLER FLEXNER, LLP
100 SE 2nd. Street, Suite 2800
Miami, FL 33131
szack@bsfllp.com
tulrich@bafllp.com

Jose Ferrer, Esq.
MARK MIGDAL HAYDEN, LLP
80 SW 8th Street, Suite 1999
Miami, FL 33130
jose@markmidgal.com
eservice@markmigdal.com

Michelle Genet Bernstein, Esq.
MARK MIGDAL HAYDEN, LLP
236 Costanera Road
Coral Gables, FL 33143
michelle@markmigdal.com
eservice@markmigdal.com

Dated: May 29, 2023

*/s/ Michael O. Cummings*
Michael O. Cummings
Admitted *pro hac vice*
Cummings, McClorey, Davis & Acho, P.C.
1185 Avenue of The Americas, 3rd Floor
New York, New York 10036
Telephone:  (212) 547-8810
Facsimile:   (212) 547-8811
mcummings@cmda-law.com