# Exhibit 6

## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF FLORIDA
### MDL No. 3076
### CASE NO. 1:23-md-03076-KMM

In Re: FTX Cryptocurrency Exchange Collapse Litigation

## PLAINTIFFS' FIRST SET OF REQUESTS FOR PRODUCTION TO
## PROMOTER & INFLUENCER DEFENDANTS

Plaintiffs, pursuant to Fed. R. Civ. P. 26 and 34, and Local Rule 26.1 of the United States District Court for the Southern District of Florida, request that Defendants Thomas Brady, Gisele Bündchen, Udonis Haslem, David Ortiz, Kevin O'Leary, Stephen Curry, Shaquille O'Neal, William Trevor Lawrence, Shohei Ohtani, Naomi Osaka, Lawrence Gene David, Solomid Corporation, Golden State Warriors, LLC, Kevin Paffrath, Graham Stephan, Andrei Jikh, Erika Kullberg, Jaspreet Singh, Brian Jung, Jeremy Lefebvre, Tom Nash, Ben Armstrong, and Creators Agency, respectively, produce the documents requested in response to these document requests.

Respectfully submitted on July 31, 2023,

| **Plaintiffs' Co-Lead Counsel** | |
|---|---|
| By: */s/ Adam Moskowitz*<br>Adam M. Moskowitz<br>Florida Bar No. 984280<br>Joseph M. Kaye<br>Florida Bar No. 117520<br>**THE MOSKOWITZ LAW FIRM, PLLC**<br>Continental Plaza<br>3250 Mary Street, Suite 202<br>Coconut Grove, FL 33133<br>Office: (305) 740-1423<br>adam@moskowitz-law.com<br>joseph@moskowitz-law.com<br>service@moskowitz-law.com | By: */s/ David Boies*<br>David Boies<br>Alex Boies<br>Brooke Alexander<br>**BOIES SCHILLER FLEXNER LLP**<br>333 Main Street<br>Armonk, NY 10504<br>Office: (914) 749-8200<br>dboies@bsfllp.com<br>aboies@bsfllp.com<br>balexander@bsfllp.com |

| Plaintiffs' Promoter Committee Members | |
|---|---|
| Barbara C. Lewis<br>Florida Bar No. 118114<br>**THE MOSKOWITZ LAW FIRM, PLLC**<br>Continental Plaza<br>3250 Mary Street, Suite 202<br>Coconut Grove, FL 33133<br>Office: (305) 740-1423<br>barbara@moskowitz-law.com<br>service@moskowitz-law.com | K. Rachel Lanier<br>Alex J. Brown<br>Davis LaBarre<br>**THE LANIER LAW FIRM, P.C.**<br>10940 W. Sam Houston Pkwy N<br>Houston, TX 77064<br>Telephone: (713) 659-5200<br>Facsimile: (713) 659-2204<br>Rachel.Lanier@lanierlawfirm.com<br>Alex.Brown@lanierlawfirm.com<br>Davis.LaBarre@lanierlawfirm.com |

## CERTIFICATE OF SERVICE

I hereby certify that on July 31, 2023, I caused a true and correct copy of these requests for production to be served on Defendants via electronic mail.

/s/ *Marshal J. Hoda*

Marshal J. Hoda
Plaintiffs' eDiscovery Committee Co-Chair
**THE HODA LAW FIRM, PLLC**
marshal@thehodalawfirm.com
(832) 848-0036

## **DEFINITIONS**

Unless otherwise specified, the terms set forth below have the following meanings:

1.      "FTX Entities" refers to FTX Trading, WRS, and/or FTX US.

2.      "FTX Trading" refers to FTX Trading Ltd. and its subsidiaries d/b/a FTX Trading, including, but not limited to, its past and present subsidiaries, affiliates, divisions, segments (including any mobile application and/or web-based cryptocurrency investment services or trading platform, such as FTX.com), predecessors (including acquired entities or lines of business such as Blockfolio, Inc.), successors, directors, officers, employees, representatives and/or agents.

3.      "FTX US" refers to West Realm Shires Services Inc. d/b/a FTX US, including, but not limited to, its past and present subsidiaries, affiliates, divisions, segments (including any mobile application and/or web-based cryptocurrency investment services or platform, such as FTX.com), predecessors (including acquired entities or lines of business such as Blockfolio, Inc.), successors, directors, officers, employees, representatives and/or agents.

4.      "FTX Platform" refers to the FTX Entities' mobile application and/or web-based cryptocurrency investment service that places cryptocurrency trade orders on behalf of users.

5.      "Person" or "People" refers to any natural person(s) or any business, legal, or governmental entity (or entities) or association(s).

6.      "Alameda" refers to Alameda Research LLC, including, but not limited to, its past and present subsidiaries, affiliates, divisions, segments (including any mobile application and/or web-based cryptocurrency investment services or trading platform), predecessors (including acquired entities or lines of business), successors, directors, officers, employees, representatives and/or agents.

7.      All/Each and And/Or – The terms "all", "each", "and" and "or" shall be construed as meaning either all or each as necessary, or conjunctively, to bring within the scope of the

discovery request all responses that might otherwise be construed to be outside its scope.

8. "YBAs" refers to the Yield-Bearing Accounts offered by the FTX Entities on the FTX Platform.

9. "FTT" refers to the native cryptocurrency exchange token of the FTX Platform ecosystem.

10. "Communication" refers to the transmittal of information in the form of facts, ideas, inquiries or otherwise, and whether orally or in writing, or by any other means or medium, including in person, electronically and/or by exchange or communication of any document.

11. "Concerning" means relating to, referring to, describing, evidencing or constituting.

12. "Defendants" refers to any and all persons and/or entities named as defendants in any of the actions consolidated with, and into, the above-captioned action. For purposes of these Requests, Defendants also includes Silvergate Capital Corporation (a/k/a Silvergate Bank).

13. "Co-Defendants" means any of the other Defendants sued in this Action, and any of their affiliates, subsidiaries, divisions, segments, predecessors, successors, officers, directors, employees, representatives, or agents.

14. "Document" refers to any written, printed, typed or other graphic matter, of any kind or nature, whether in hard copy or electronic format, whether the original, draft, or a copy and copies bearing notations or marks not found on the original, including, but not limited to, memoranda, reports, recommendations, notes, letters, envelopes, post-its, emails, text messages, instant messages (including, but not limited to, messages exchanged or sent using Slack, Teams, Discord, WhatsApp, Signal or any other similar application), transcripts, studies, analyses, tests, books, articles, minutes, agreements, contracts, and all other written communications, of any type,

including inter and intra-office communications, questionnaires, surveys, charts, graphs, videos, photographs, tapes, voice messages or other recordings, print-outs or compilations from which information can be obtained or, if necessary, translated through detection devices into reasonably usable form, including all underlying or preparatory materials and drafts thereof. To the extent not already covered in the above definition, "Document" specifically includes any "writing", "recording", "photograph", "original" or "duplicate" as defined in Rule 1001 of the Federal Rules of Evidence, and/or "Electronically Stored Information" as set forth in Rule 34 of the Federal Rules of Civil Procedure and/or as further defined as "ESI" herein.

15.     "ESI" refers to Electronically Stored Information, as consistent with Rule 34 of the Federal Rules of Civil Procedure, and includes all computer or electronically stored or generated data and information, including all attachments to and enclosures within any requested item, and all drafts thereof. ESI includes all information and documents stored in any format and on any storage media, including, but not limited to: hard disks; optical disks, floppy disks; flash memory drives; and magnetic tape, whether fixed, portable or removable, and ESI further includes, but is not limited to, electronic spreadsheets, electronic presentation documents, e-mail messages, text messages, instant messages (including, but not limited to, message exchanged or sent using Slack, Teams, Discord, WhatsApp, Signal or any other similar application); image files; sound files; material or information stored in a database or accessible from a database. ESI also includes all associated metadata that is maintained or saved (including for example, author, recipient, file creation date, file modification date, etc.).

16.     "WRS" refers to West Realm Shires Inc. including, but not limited to, its past and present subsidiaries, affiliates, divisions, segments (including any mobile application and/or web-based cryptocurrency investment services or platform, such as FTX.com), predecessors (including

acquired entities or lines of business such as Blockfolio, Inc.), successors, directors, officers, employees, representatives and/or agents. WRS includes, without limitation, its subsidiary West Realm Shires Services Inc. d/b/a FTX US ("FTX US"). No specific reference to any of the foregoing in the following Requests, including any specific reference to Samuel Bankman-Fried, Caroline Ellison, Gary Wang, or Nishad Singh, serves to limit the scope of any reference to FTX US herein.

17.     "You" or "Your" shall refer to the defendant responding to these requests, including, but not limited to, its international, national or local branches or offices, and current and prior partners, employees and agents.

18.     Whenever a reference to a business entity appears, the reference shall mean the business entity, its affiliated companies, partnerships, divisions, subdivisions, directors, officers, employees, agents, clients or other representatives of affiliated third parties.

19.     Defined terms may or may not be capitalized or made uppercase; the given definitions apply even if a term in question is not capitalized or made uppercase. No waiver of a definition is implied by the use of a defined term in a non-capitalized or lowercase form.

## <u>INSTRUCTIONS</u>

1.  Production of the documents and items requested herein shall be made at the offices of The Moskowitz Law Firm, P.O. Box 653409, Miami, FL 33133, or via electronic mail to the email addresses provided in the signature blocks of the attorneys serving these requests.

2.  Unless otherwise stated in a request, the time period for which you must respond is January 1, 2019 through the date of production.

3.  Where an objection is made to any request, the objection shall state with specificity all grounds for the objection. Any ground not stated in an objection within the time provided by the Federal Rules of Civil Procedure, or by the Court's order, or any extensions thereof, shall be waived.

4.  These requests shall include all documents that are in your possession, custody or control or in the possession, custody or control of your present or former agents, representatives, or your attorneys, or any and all persons acting on your behalf, or your present or former agents, representatives, or attorneys.

5.  For any document, or portion thereof, covered by a request that is withheld from production (or redacted in whole or in part) under claim of privilege, work product protection or any other basis, you shall provide the following information in the form of a privilege log:

    a.  the reasons and facts supporting any withholding, and legal basis for withholding the document;

    b.  the date such document was prepared;

    c.  the names, employment positions and addresses of the author or preparers of such document;

    d.  the names, employment positions, and the addresses of each person who received such document;

- 7 -

e.    the title, a brief description, and the subject matter of the document; and

f.    the number of the request under which such document would be produced but for the objection.

6.    If any document responsive to a request has been destroyed, produce all documents describing or referencing:

a.    the contents of the lost or destroyed document;

b.    all locations in which any copy of the lost or destroyed document had been maintained;

c.    the date of such loss or destruction;

d.    the name of each person who ordered, authorized, and carried out the destruction of any responsive document;

e.    all document retention and destruction policies in effect at the time any requested document was destroyed; and

f.    all efforts made to locate any responsive document alleged to have been lost.

7.    In producing the documents requested, indicate the specific request(s) pursuant to which document or group of documents is being produced.

8.    These requests should be deemed continuing, and supplemental productions should be provided as additional documents become available.

9.    All documents are to be produced in the following method:

a.    Single page .TIFF

b.    Color.jpg (documents wherein reflection of importance relies on color, shall be produced in .jpg format)

c.    OCR at document level (all documents are to be provided with searchable

text files with the exception of the redacted portions of redacted documents.

d. Electronic documents, e-mails, text or instant messages are to be processed and converted from the electronic format to single page .TIFF.

## REQUESTS FOR PRODUCTION

1.      All documents and communications, including contracts or agreements, regarding any business You (personally or through any entity owned by You, or any of Your or Your entities' affiliates, representatives, employees, or agents) conducted with the FTX Entities, including all documents and communications regarding any payments made to You (personally or to any entity owned by You, or any of Your or Your entities' affiliates, representatives, employees, or agents) in accordance with any such contract or agreement.

2.      All videos or other content You (personally or through any entity owned by You, or any of Your or Your entities' affiliates, representatives, employees, or agents) produced regarding, relating to, and/or mentioning the FTX platform, FTT, and/or YBAs, including videos or content that have been removed from their public-facing platforms.

3.      All documents and communications regarding any and all communications between You (personally or through any entity owned by You, or any of Your or Your entities' affiliates, representatives, employees, or agents) with the FTX Entities regarding promotion of FTT, YBAs or the FTX Platform.

4.      All documents regarding any and all due diligence You (personally or through any entity owned by You, or any of Your or Your entities' affiliates, representatives, employees, or agents) conducted before promotion of FTT, YBAs or FTX Platform to the public.

5.      All documents and communications between You and any of the Co-Defendants in this Action regarding this lawsuit and/or the subject matter of this lawsuit, including the promotion of FTT, YBAs or the FTX Platform.

6.      All documents that show, evidence and/or relate to Your purchases, ownership, or control of FTT, including any wallet addresses controlled by You related to your FTT holdings.

7.      All documents concerning any exchange of payments of any kind, or the receipt

- 10 -

of any item of value (including, but not limited to, items such as cryptocurrency, digital assets, fiat currency, real estate, assets, gifts, entertainment, or any other item of value) between or among you and/or any of the FTX Entities, Alameda and/or any present or former director, officer, employee and/or agent of the FTX Entities and/or Alameda.

8.      All documents and communication between You and the SEC and/or the FTC including, but not limited to, letters, warnings, or information sent to You or any of Your entities' affiliates, representatives, employees, or agents.

9.      All insurance policies under which you may seek coverage in connection with the above-referenced action or your work and/or engagements on behalf of the FTX Entities.

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**
**MDL No. 3076**
**CASE NO. 1:23-md-03076-KMM**

In Re: FTX Cryptocurrency Exchange Collapse Litigation

**PLAINTIFFS' FIRST SET OF INTERROGATORIES TO**
**PROMOTER & INFLUENCER DEFENDANTS**

Plaintiffs, pursuant to Fed. R. Civ. P. 26 and 34, and Local Rule 26.1 of the United States

District Court for the Southern District of Florida, request that Defendants Thomas Brady, Gisele

Bündchen, Udonis Haslem, David Ortiz, Kevin O'Leary, Stephen Curry, Shaquille O'Neal,

William Trevor Lawrence, Shohei Otani, Naomi Osaka, Lawrence Gene David, Solomid

Corporation, Golden State Warriors, LLC, Kevin Paffrath, Graham Stephan, Andrei Jikh, Erika

Kullberg, Jaspreet Singh, Brian Jung, Jeremy Lefebvre, Tom Nash, Ben Armstrong, and Creators

Agency, respectively, respond in writing and under oath to the following interrogatories within the

time prescribed by such rules.

Respectfully submitted on July 31, 2023,

| **Plaintiffs' Co-Lead Counsel** | |
|---|---|
| By: /s/ *Adam Moskowitz* | By: /s/ *David Boies* |
| Adam M. Moskowitz | David Boies |
| Florida Bar No. 984280 | Alex Boies |
| Joseph M. Kaye | Brooke Alexander |
| Florida Bar No. 117520 | **BOIES SCHILLER FLEXNER LLP** |
| **THE MOSKOWITZ LAW FIRM, PLLC** | 333 Main Street |
| Continental Plaza | Armonk, NY 10504 |
| 3250 Mary Street, Suite 202 | Office: (914) 749-8200 |
| Coconut Grove, FL 33133 | dboies@bsfllp.com |
| Office: (305) 740-1423 | aboies@bsfllp.com |
| adam@moskowitz-law.com | balexander@bsfllp.com |
| joseph@moskowitz-law.com | |
| service@moskowitz-law.com | |

| | |
|---|---|
| **Plaintiffs' Promoters Committee Members** ||
| Barbara C. Lewis<br>Florida Bar No. 118114<br>**THE MOSKOWITZ LAW FIRM, PLLC**<br>Continental Plaza<br>3250 Mary Street, Suite 202<br>Coconut Grove, FL 33133<br>Office: (305) 740-1423<br>barbara@moskowitz-law.com<br>service@moskowitz-law.com | K. Rachel Lanier<br>Alex J. Brown<br>Davis LaBarre<br>**THE LANIER LAW FIRM, P.C.**<br>10940 W. Sam Houston Pkwy N<br>Houston, TX 77064<br>Telephone: (713) 659-5200<br>Facsimile: (713) 659-2204<br>Rachel.Lanier@lanierlawfirm.com<br>Alex.Brown@lanierlawfirm.com<br>Davis.LaBarre@lanierlawfirm.com |

## CERTIFICATE OF SERVICE

I hereby certify that on July 31, 2023, I caused a true and correct copy of these interrogatories to be served on Defendants via electronic mail.

/s/ *Marshal J. Hoda*
Marshal J. Hoda
Plaintiffs' eDiscovery Committee Co-Chair
**THE HODA LAW FIRM, PLLC**
marshal@thehodalawfirm.com
(832) 848-0036

- 2 -

## **DEFINITIONS**

Unless otherwise specified, the terms set forth below have the following meanings:

1.        "FTX Entities" refers to FTX Trading, WRS, and/or FTX US.

2.        "FTX Trading" refers to FTX Trading Ltd. and its subsidiaries d/b/a FTX Trading, including, but not limited to, its past and present subsidiaries, affiliates, divisions, segments (including any mobile application and/or web-based cryptocurrency investment services or trading platform, such as FTX.com), predecessors (including acquired entities or lines of business such as Blockfolio, Inc.), successors, directors, officers, employees, representatives and/or agents.

3.        "FTX US" refers to West Realm Shires Services Inc. d/b/a FTX US, including, but not limited to, its past and present subsidiaries, affiliates, divisions, segments (including any mobile application and/or web-based cryptocurrency investment services or platform, such as FTX.com), predecessors (including acquired entities or lines of business such as Blockfolio, Inc.), successors, directors, officers, employees, representatives and/or agents.

4.        "FTX Platform" refers to the FTX Entities' mobile application and/or web-based cryptocurrency investment service that places cryptocurrency trade orders on behalf of users.

5.        "Person" or "People" refers to any natural person(s) or any business, legal, or governmental entity (or entities) or association(s).

6.        "Alameda" refers to Alameda Research LLC, including, but not limited to, its past and present subsidiaries, affiliates, divisions, segments (including any mobile application and/or web-based cryptocurrency investment services or trading platform), predecessors (including acquired entities or lines of business), successors, directors, officers, employees, representatives and/or agents.

7.        All/Each and And/Or – The terms "all", "each", "and" and "or" shall be construed as meaning either all or each as necessary, or conjunctively, to bring within the scope of the

discovery request all responses that might otherwise be construed to be outside its scope.

8.      "FTT" refers to the native cryptocurrency exchange token of the FTX Platform ecosystem.

9.      "Communication" refers to the transmittal of information in the form of facts, ideas, inquiries or otherwise, and whether orally or in writing, or by any other means or medium, including in person, electronically and/or by exchange or communication of any document.

10.      "Concerning" means relating to, referring to, describing, evidencing or constituting.

11.      "Defendants" refers to any and all persons and/or entities named as defendants in any of the actions consolidated with, and into, the above-captioned action. For purposes of these Requests, Defendants also includes Silvergate Capital Corporation (a/k/a Silvergate Bank).

12.      "Document" refers to any written, printed, typed or other graphic matter, of any kind or nature, whether in hard copy or electronic format, whether the original, draft, or a copy and copies bearing notations or marks not found on the original, including, but not limited to, memoranda, reports, recommendations, notes, letters, envelopes, post-its, emails, text messages, instant messages (including, but not limited to, messages exchanged or sent using Slack, Teams, Discord, WhatsApp, Signal or any other similar application), transcripts, studies, analyses, tests, books, articles, minutes, agreements, contracts, and all other written communications, of any type, including inter and intra-office communications, questionnaires, surveys, charts, graphs, videos, photographs, tapes, voice messages or other recordings, print-outs or compilations from which information can be obtained or, if necessary, translated through detection devices into reasonably usable form, including all underlying or preparatory materials and drafts thereof. To the extent not already covered in the above definition, "Document" specifically includes any "writing",

"recording", "photograph", "original" or "duplicate" as defined in Rule 1001 of the Federal Rules of Evidence, and/or "Electronically Stored Information" as set forth in Rule 34 of the Federal Rules of Civil Procedure and/or as further defined as "ESI" herein.

13.     "ESI" refers to Electronically Stored Information, as consistent with Rule 34 of the Federal Rules of Civil Procedure, and includes all computer or electronically stored or generated data and information, including all attachments to and enclosures within any requested item, and all drafts thereof.  ESI includes all information and documents stored in any format and on any storage media, including, but not limited to:  hard disks; optical disks, floppy disks; flash memory drives; and magnetic tape, whether fixed, portable or removable, and ESI further includes, but is not limited to, electronic spreadsheets, electronic presentation documents, e-mail messages, text messages, instant messages (including, but not limited to, message exchanged or sent using Slack, Teams, Discord, WhatsApp, Signal or any other similar application); image files; sound files; material or information stored in a database or accessible from a database. ESI also includes all associated metadata that is maintained or saved (including for example, author, recipient, file creation date, file modification date, etc.).

14.     "WRS" refers to West Realm Shires Inc. including, but not limited to, its past and present subsidiaries, affiliates, divisions, segments (including any mobile application and/or web-based cryptocurrency investment services or platform, such as FTX.com), predecessors (including acquired entities or lines of business such as Blockfolio, Inc.), successors, directors, officers, employees, representatives and/or agents. WRS includes, without limitation, its subsidiary West Realm Shires Services Inc. d/b/a FTX US ("FTX US"). No specific reference to any of the foregoing in the following Requests, including any specific reference to Samuel Bankman-Fried, Caroline Ellison, Gary Wang, or Nishad Singh, serves to limit the scope of any reference to FTX

US herein.

15.     "You" or "Your" shall refer to the defendant responding to these requests, including, but not limited to, its international, national or local branches or offices, and current and prior partners, employees and agents.

16.     Whenever a reference to a business entity appears, the reference shall mean the business entity, its affiliated companies, partnerships, divisions, subdivisions, directors, officers, employees, agents, clients or other representatives of affiliated third parties.

17.     Defined terms may or may not be capitalized or made uppercase; the given definitions apply even if a term in question is not capitalized or made uppercase. No waiver of a definition is implied by the use of a defined term in a non-capitalized or lowercase form.

## **INSTRUCTIONS**

1.      Production of responses and objections to the interrogatories shall be made at the offices of The Moskowitz Law Firm, P.O. Box 653409, Miami, FL 33133, or via electronic mail to the email addresses provided in the signature blocks of the attorneys serving these interrogatories.

2.      Unless otherwise stated in an interrogatory, the time period for which you must respond is January 1, 2019 through the date of response to these interrogatories.

3.      These interrogatories shall include all information in your possession, custody, or control or in the possession, custody, or control of your present or former agents, representatives, or your attorneys, or any and all persons acting on your behalf, or your present or former agents, representatives, or attorneys.

4.      Each interrogatory objection and/or response must immediately follow the quoted interrogatory, and no part of an interrogatory shall be left unanswered merely because an objection is interposed to another part of the interrogatory.

5.      If you claim there is any ambiguity in either a particular interrogatory or in a definition or an instruction applicable thereto, you shall not use such claim as a basis for refusing to respond to the interrogatory, but you shall set forth as part of the response the language you deem ambiguous and the interpretation you used in responding.

6.      Where an objection is made to any interrogatory, the objection shall state all grounds for said objection with specificity. Any ground not stated in an objection within the time provided by the Federal Rules of Civil Procedure, the local rules of the Southern District of Florida, or by the Court's order, or any extensions thereof, shall be waived.

7.      Where a claim of privilege or protection from disclosure is asserted in objecting to any interrogatory, or sub-part thereof, and a complete answer is not provided on the basis of

- 7 -

such assertion, you shall provide a log within the time period set forth in Rule 26.1 of the Local Rules of the Southern District of Florida, and in conformity with the requirements of that rule.

8.      If you answer any interrogatory by reference to records or materials from which the answer may be derived or ascertained, you shall make available within the time period specified in Rule 26.1 of the Local Rules of the Southern District of Florida:

      a.      any electronically stored information or summaries thereof that you have or can adduce by a relatively simple procedure, unless those materials are privileged or otherwise immune from discovery.

      b.      any relevant compilations, abstracts or summaries in your custody or readily obtainable by you, unless those materials are privileged or otherwise immune from discovery.

9.      All documents that cannot be accurately represented in TIFF format (such as spreadsheets, computer slide presentations, audio files, video files, word processing documents with tracked changes, and other similar file types) shall be provided in its native format. The parties will further meet and confer regarding appropriate format of production for databases and structured data (e.g., Microsoft Teams, Slack, Microsoft Access, Azure Cloud, Salesforce, Oracle, or other ephemeral messaging or proprietary database systems).

10.     All documents are to be produced in the following method if not produced in its Native Format:

      a.      Single page .TIFF images

      b.      Color.jpg (documents wherein reflection of importance relies on color, shall be produced in .jpg format)

      c.      Document level Text Files containing extracted full text or OCR text.

d. Electronic documents, emails, text, or instant messages are to be processed and converted from the electronic format to single page .TIFF.

11. These interrogatories shall be deemed continuing, and supplemental interrogatory responses shall be provided as additional responsive information becomes available.

## **INTERROGATORIES**

1.      For each contract, promotion, or published statement by YOU in support of FTX Entities or Alameda, identify each person who was involved with the contract, promotion, or published statement that was part of YOUR team (including, but not limited to, agents, colleagues who introduced or vouched for FTX Entities or Alameda, and any member of your social media team).

2.       Identify any and all payments made to you, (including, but not limited to, items such as cryptocurrency, digital assets, fiat currency, real estate, assets, gifts, entertainment, or any other item of value), by the FTX Entities or Alameda for your promoting, supporting, selling, or publishing statements regarding the FTX Entities or Alameda.

3.       Identify any support for your promotional statement, and any research or due diligence YOU performed about the FTX Entities or Alameda prior to promoting, supporting, selling, or publishing statements regarding the FTX Entities or Alameda.

4.       Identify any and all investments YOU specifically made in FTT or wallets you held on the FTX Platform including dollar amounts, the type of cryptocurrency holding, or any digital assets.

5.       Identify any and all insurance policies that YOU may seek coverage in connection with the above-referenced action or your work and/or engagements on behalf of the FTX Entities.