UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MDL No. 3076
CASE NO. 1:23-md-03076-KMM

IN RE:

**FTX Cryptocurrency Exchange Collapse MDL Litigation**

_____

THIS DOCUMENT RELATES TO:

Multinational VC Defendants

*Chernyavsky, et al. v. Temasek Holdings (Private) Limited, et al.* Case No. 1:23-cv-22960 (S.D. Fla.)

*Cabo, et al. v. Temasek Holdings (Private) Limited, et al.* Case No. 1:23-cv-23212 (S.D. Fla.)

_____/

**PLAINTIFFS' MOTION TO COMPEL AND EXPEDITE DISCOVERY AS TO SINO GLOBAL IN ACCORDANCE WITH THE DISTRICT COURT'S DECEMBER 18, 2023 ORDER**

Even after an order from this Court determining that Plaintiffs are entitled to jurisdictional discovery, Defendants Sino Global Capital Holdings, LLC and Sino Global Capital Limited ("Sino Defendants") continue to resist Plaintiffs' efforts to obtain necessary discovery. As Plaintiffs have previously explained and as the Court ordered, under relevant Florida law, because facts that go to jurisdiction are intertwined with those on the merits, Plaintiffs are entitled to initial discovery. The Sino Defendants' efforts to delay litigating this case on the merits should not be countenanced. Plaintiffs move for an order compelling the Sino Defendants to produce jurisdictional discovery, per the District Court's December 18, 2023 order granting same. ECF No. 422.

## BACKGROUND AND PROCEDURAL HISTORY

As set forth in detail in their Administrative Class Action Complaint, Sino Global Capital Limited ("Sino Global Ltd.") invested millions in FTX and actively promoted it for the U.S. market. Plaintiffs sued Sino Global Ltd. and its wholly owned U.S. subsidiary Sino Global Capital Holdings, LLC ("Sino Global Holdings")—small companies both owned and operated by Matthew Graham—for the role they played in the commission of FTX's fraud and have brought claims against them for aiding and abetting fraud, conversion, and fiduciary breach, civil conspiracy to commit the underlying torts related to FTX's misappropriation of customer funds, and their own unjust enrichment thereby. *See generally* ECF No. 182.

Sino Global Holdings concedes—indeed, it is impossible to rebut—that Sino Global Ltd. promoted and invested in FTX but disputes its own involvement by feigning a distinction with its parent. But the Sino Defendants share interlocking directories and otherwise hold themselves out on the internet and in corporate filings with the State of Florida as a single entity. Repeatedly, Sino Defendants have wielded corporate formalities as a cudgel to evade this litigation; this ongoing dispute relates to the subject of several pending motions, including a pending motion for alternate service of process on Sino Global Ltd. as a foreign corporation. *See generally* ECF 280, 331, 343.[1]

As an extension of that dispute, and after Sino Global Holdings moved to dismiss Plaintiffs' claims under Federal Rule 12(b)(2) for lack of personal jurisdiction (ECF No. 297), Plaintiffs sought jurisdictional discovery. ECF No. 348. In opposing that request, Sino Global Holdings submitted a conclusory affidavit declaring that it does not conduct business in the forum states and

---

[1] Plaintiffs have advised Sino Global Ltd. that they will hold the requests and deposition notice served as to Sino Global Ltd. only in abeyance until the pending alternate service motion is resolved.

1

took no action in furtherance of the conspiracy, and therefore, Plaintiffs have not shown a dispute establishing their right to jurisdictional discovery. ECF No. 383-1. The Court disagreed and granted Plaintiffs leave to conduct jurisdictional discovery, notably with no limitation stated on the discovery requests that Plaintiffs attached to the motion for both Sino Defendants. ECF No. 422; *see* Ex. A.

Following receipt of the same discovery, Sino Defendants assert objections that the discovery (1) goes to the merits and (2) was improperly propounded on Sino Global Ltd. *See* Ex. B. The parties met and conferred by telephone on January 5, 2024, during which time Sino Defendants reiterated their objections and the parties did not reach an agreement (other than that noted in fn. 1).

## ARGUMENT

**I. The District Court properly granted jurisdictional discovery as jurisdictional and merits issues are intertwined, and Plaintiffs ask that the Magistrate order compliance.**

Federal Rule of Civil Procedure 37 allows a party to move for an order compelling discovery. Fed R. Civ. P. 37(a)(1). Rule 37 further requires that the motion include a certification that the movant has in good faith conferred or attempted to confer with the person or party failing to comply with discovery requests, in an effort to obtain it without court action. *Id*.

"When a court's jurisdiction is genuinely in dispute, the parties have a qualified right to conduct jurisdictional discovery." *Raymond James & Assoc., Inc. v. Lowe's Co., Inc.*, 2018 WL 11405464, at *1 (M.D. Fla. Sept. 7, 2018) (quoting *Eaton v. Dorchester Dev., Inc.*, 692 F.2d 727, 729 (11th Cir. 1982)). Where jurisdictional discovery is allowed, the Court enjoys 'broad discretion in setting the scope' of jurisdictional discovery." *Id*. (quoting *Amerifactors Fin. Grp., LLC v. Enbridge, Inc*., 2013 WL 5954777, at *6 (M.D. Fla. Nov. 7, 2013).

In Florida, "courts have held that the state's long-arm statute supports personal jurisdiction over any alleged conspirator where any other co-conspirator commits an act in Florida in furtherance of the conspiracy, even if the defendant over whom personal jurisdiction is sought individually committed no act in, or had no relevant contact with, Florida." *United Techs. Corp. v. Mazer*, 556 F.3d 1260, 1281–82 (11th Cir. 2009). What's more, where personal jurisdiction might be conferred on alter ego status, limited jurisdictional discovery into ownership control is warranted. *Aldana v. Fresh Del Monte Produce, Inc.*, No. 01-3399-CIV, 2003 WL 25914862, at *3 (S.D. Fla. June 6, 2003).

As such, under Florida law, issues which go to the merits and to jurisdiction are intertwined

2

in instances where civil conspiracy is alleged, and jurisdictional discovery is proper into matters that pertain to both. And, as the District Court noted in its order granting jurisdictional discovery, "[w]hen facts that go to the merits and the court's jurisdiction are intertwined and genuinely in dispute," the Court "abuses its discretion if it completely denies a party jurisdictional discovery." *Am. Civ. Liberties Union of Fla., Inc. v. City of Sarasota*, 859 F.3d 1337, 1340-41 (11th Cir. 2017); ECF No. 422 at 3. Here, the Court has already found that "a factual dispute as to whether allegations of civil conspiracy on behalf of Sino Global Capital may be imputed to Defendant Sino Global Capital Holding" gives rise to jurisdictional discovery, because the disputed facts related to Plaintiffs' theories of personal jurisdiction are intertwined with the merits of the case. ECF No. 422 at 4-5. The inquiry ends there—Plaintiffs are entitled to discovery. [2]

In spite of the District Court's explanation in its order and the prevailing case law on which it relies, Sino Global Holdings asserts that Plaintiffs' jurisdictional discovery is improper merely because it concerns merits issues. Sino Global Holdings does not address the authority Plaintiffs and the Court cite, and it fails to identify with any particularity or specificity any request it contends is only merits-based and does not pertain to jurisdictional issues. *See Bertolino v. Bradshaw*, 2010 WL 11558225, at *1-2 (S.D. Fla. June 16, 2010) ("[T]he party resisting discovery must demonstrate *specifically* how the objected-to request is unreasonable, irrelevant or otherwise unduly burdensome") (citations omitted). Instead, Sino Global Holdings asks with no basis that Plaintiffs issue alternate requests. *See* Ex. B. Sino Global Holdings also asks Plaintiffs to withdraw the issued deposition notice, by arguing that a deposition is beyond the scope of jurisdictional discovery, but cites no authority for its position, which obviously contravenes the Federal Rules' broad sanctioning of depositions as a basic, efficient, and broadly authorized discovery tool. *See* Fed. R. Civ. P. 26, 30. There is no principle of law that a party can avoid being deposed because it simply does not want to be.

## II. Plaintiffs request that the Court order production by February 1. 2024.

Time is of the essence—the District Court's Order requires that jurisdictional discovery be

---

[2] As noted, Plaintiffs agree to hold Sino Global Ltd. in abeyance only with respect to the present motion and until the pending motion for alternate service is resolved. However, with respect to Sino Global Ltd., Plaintiffs have included the company in the definition set forth as to Sino Global Holdings (i.e., as its affiliate). Given the overlapping nature of the entities, the Court's order relying on the civil conspiracy theory set forth by Plaintiffs, and Plaintiffs' allegations of alter ego liability, Plaintiffs are entitled to all information they seek from Sino Defendants, be it from Sino Global Holdings at this juncture or from Sino Global Ltd. down the line.

completed by February 1, 2024 and supplemental briefing in opposition to Defendants' Rule 12(b)(2) motions be filed within 15 days after. Defendant's delay has already cost much precious time to resolve the jurisdictional issues which serve as an impediment to resolving Plaintiffs' claims on the merits. Plaintiffs therefore request that this Court order Defendants to sit for deposition on or before February 1, 2024, with production of all responsive documents and interrogatory responses to be completed at least 3 business days before the deposition, in accordance with the District Court's Order and as Federal Rules 26(d) and 34(b)(2) grant this Court the discretion to do.[3]

## CONCLUSION

For reasons herein, Plaintiffs' Motion should be granted and Defendants ordered to produce the requested discovery before February 1, 2024.

---

[3] *See AT&T Mobility LLC v. Dynamic Cellular Corp.*, No. 08-20537-CIV-MORENO, 2008 WL 2139518, at *2 (S.D. Fla. May 7, 2008).

## REQUEST FOR ORAL ARGUMENT

Plaintiffs respectfully request that the Court hear oral argument on this Motion, and respectfully submit that fifteen minutes should be sufficient for all Parties.

### CERTIFICATE OF L.R. 7.1(a)(3) GOOD FAITH CONFERENCE

Plaintiffs' counsel certifies they have conferred in good faith with Defendants' counsel in a good faith effort to resolve the issue raised in this motion and as of the date of this filing have been unable to do so. Plaintiffs therefore assume Defendants oppose the relief sought herein.

Dated: January 5, 2024                                                            Respectfully submitted,

| | |
|---|---|
| **By:** */s/ Adam Moskowitz*<br>Adam M. Moskowitz<br>Florida Bar No. 984280<br>Joseph M. Kaye<br>Florida Bar No. 117520<br>**THE MOSKOWITZ LAW FIRM, PLLC**<br>Continental Plaza<br>3250 Mary Street, Suite 202<br>Coconut Grove, FL 33133<br>Office: (305) 740-1423<br>adam@moskowitz-law.com<br>joseph@moskowitz-law.com<br>service@moskowitz-law.com<br><br>*Co-Lead Counsel* | **By:** */s/ David Boies*<br>David Boies<br>Alexander Boies<br>Brooke A. Alexander<br>**BOIES SCHILLER FLEXNER LLP**<br>333 Main Street<br>Armonk, NY 10504<br>914-749-8200<br>dboies@bsfllp.com<br>aboies@bsfllp.com<br>balexander@bsfllp.com<br><br>*Co-Lead Counsel* |
| Joseph R. Saveri<br>Christopher Young<br>Itak K. Moradi<br>**JOSEPH SAVERI LAW FIRM**<br>601 California Street, Suite 1000<br>San Francisco, CA 94108<br>Telephone: (415) 500-6800<br>jsaveri@saverilawfirm.com<br>cyoung@saverilawfirm.com<br>imoradi@saverilawfirm.com<br><br>*Counsel to Plaintiffs and the Putative Classes* | James R. Swanson, La. Bar No. 18455<br>Kerry J. Miller, La. Bar. No. 24562<br>Molly L. Wells, La. Bar. No. 36721<br>C. Hogan Paschal, La. Bar No. 38495<br>**FISHMAN HAYGOOD L.L.P.**<br>201 St. Charles Avenue, 46th Floor<br>New Orleans, Louisiana 70170-4600<br>(504) 586-5252; (504) 586-5250 fax<br>jswanson@fishmanhaygood.com<br>kmiller@fishmanhaygood.com<br>mwells@fishmanhaygood.com<br>hpaschal@fishmanhaygood.com<br><br>Robert Lieff<br>P.O. Drawer A |

>Rutherford, CA 94573
>rlieff@lieff.com
>
>***Counsel to Plaintiffs and the Putative Classes***

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing was filed on January 5, 2024 via the Court's CM/ECF system, which will send notification of such filing to all attorneys of record.

>**By:** */s/ Adam Moskowitz*
>Adam M. Moskowitz