UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MDL No. 3076
CASE NO. 1:23-md-03076-KMM

IN RE:

**FTX Cryptocurrency Exchange Collapse MDL Litigation**

THIS DOCUMENT RELATES TO:

Multinational VC Defendants

*Chernyavsky, et al. v. Temasek Holdings (Private) Limited, et al.* Case No. 1:23-cv-22960 (S.D. Fla.)

*Cabo, et al. v. Temasek Holdings (Private) Limited, et al.* Case No. 1:23-cv-23212 (S.D. Fla.)

_____/

**PLAINTIFFS' MOTION TO COMPEL AND EXPEDITE DISCOVERY AS TO TEMASEK IN ACCORDANCE WITH THE DISTRICT COURT'S DECEMBER 18, 2023 ORDER**

Plaintiffs plead intentional tort, civil conspiracy, and agency theories of jurisdiction over Temasek.[1] ECF No. 422 at 4. With specific reference to those theories, the District Court "agree[d] with Plaintiffs that limited jurisdictional discovery [on Temasek] is appropriate," ruled that Plaintiffs were entitled to take such discovery as a matter of law, and acknowledged that the discovery would necessarily overlap with the substantive elements of Plaintiffs' claims. *Id.* at 4-5; *see also* ECF No. 454 at 2 ("Judge Moore has already granted limited jurisdictional discovery in this case as to Defendants [subject to his December 18, 2023 Order]."). But Temasek refuses to comply with the District Court's Order, while attempting to obscure its noncompliance by rehashing legal arguments rejected by the District Court and offering "compromises" that unduly limit—and strategically delay—the discovery that Plaintiffs seek. Plaintiffs move this Court to compel the Temasek Defendants' production as ordered by the District Court.

## BACKGROUND AND PROCEDURAL HISTORY

As set forth in detail in Plaintiffs' Administrative Class Action Complaint, the Temasek Defendants were FTX's earliest financial backers and, with seats on FTX's advisory board, enjoyed a unique vantage point affording Temasek a clear view of the FTX fraud. Notwithstanding this visibility of the fraud, Temasek propelled FTX's ascent with substantial capital, advising through active partnership, and laundering FTX's reputation to attract customers, including Plaintiffs. *See generally* ECF No. 182. Throughout the fraud and still today, Temasek Defendants hold themselves out as "OneTemasek," a single "global…company," in the media, in financial reports and through interlocking directories. ECF No. 388 at 7. On these allegations, Plaintiffs bring claims against Temasek for *inter alia* aiding and abetting fraud, conversion, and/or fiduciary breach, and civil conspiracy to commit those intentional torts. ECF No. 182.

Temasek thereafter moved to dismiss Plaintiffs' claims under Federal Rule 12(b)(2) for lack of personal jurisdiction and attached conclusory affidavits declaring that neither Temasek Defendant conducts business in the forum states nor took action in furtherance of the conspiracy. ECF No. 297. Plaintiffs in turn sought jurisdictional discovery. ECF No. 348. Temasek opposed the request, arguing that Plaintiffs "utterly fail to allege [Temasek's] participation in any conspiracy, or even the existence of any conspiracy involving the foreign investor defendants," such that "Plaintiffs' motion…presents the quintessential example of an improper attempt to use

---

[1] "Temasek" or "Temasek Defendants" means Temasek Holdings (Private) Limited ("Temasek Holdings") together with Temasek International USA LLC ("Temasek USA").

1

jurisdictional discovery as a fishing expedition in hopes of shoring up deficient allegations." ECF No. 382 at 5. The Court disagreed and granted Plaintiffs leave to conduct jurisdictional discovery, notably with no limitation stated on the requests that Plaintiffs attached to their motion for leave, and ordered that such discovery be completed by February 1, 2024. ECF No. 422.

Plaintiffs promptly served Temasek with the court-ordered discovery, comprised of interrogatories, requests for production, and notices of deposition for each Defendant. *See* Exs. A, B. Two weeks later, Temasek responded that each Defendant would respond, but only in part[2] and only to six interrogatories and two requests for production. Ex. C. Temasek did not object to Plaintiffs' notices of deposition, instead offering to answer the interrogatories "in the event that Plaintiffs agree to forgo taking [the] depositions." *Id.* at 2. In refusing to produce this discovery, Temasek reasserted objections already rejected by the District Court, including that Plaintiffs "seek[] discovery relating to their conspiracy allegations more generally, in order to develop their conspiracy allegations and argue that jurisdiction in Florida exists on that basis," Ex. A at 4; *see also* ECF No. 382 at 6 (Temasek's opposition to Plaintiffs' motion for leave asserting same). Temasek's objections are to no avail; the District Court already ruled that, by virtue of Plaintiffs' intentional tort, civil conspiracy, and agency theories of jurisdiction over Temasek, "[t]he disputed facts related to Plaintiffs' theories of personal jurisdiction are intertwined with the merits of [Plaintiffs'] case[]." ECF 422 at 5.

The parties conferred on January 9, 2024, at which conference Plaintiffs reiterated the District Court's ruling that jurisdictional discovery necessarily overlaps with the elements of Plaintiffs' intentional tort and civil conspiracy claims,[3] but that Plaintiffs were willing nonetheless to limit their requests to those that most efficiently target Temasek's (1) FTX investment agreements and related documents, (2) due diligence on the investments in FTX, (3) service on FTX's advisory board, (4) forum contacts, and (5) agency/control amongst the Temasek entities involved. Ex. A at 3. Temasek refused, and the parties did not reach further agreement. *Id*.

---

[2] Temasek limited its offer to discovery relating directly to Florida or California, within a shortened time period, and to the exclusion of Temasek affiliates and entities other than each Defendant.

[3] Generally, those elements are (1) Temasek's knowledge or awareness of FTX's fraud, conversion, or fiduciary breach and assistance of that misconduct (for Plaintiffs' aiding and abetting claims) *or* (2) Temasek's implied or express agreement to engage in a conspiracy with FTX to commit that misconduct and act(s) in furtherance thereof (for their civil conspiracy claim).

2

# ARGUMENT

I. **The District Court properly granted jurisdictional discovery as jurisdictional and merits issues are intertwined, and Plaintiffs ask that the Magistrate order compliance.**

Flouting the District Court's order and the prevailing case law on which it relies, Temasek asserts that Plaintiffs' jurisdictional discovery is improper merely because it concerns merits issues.[4] But in Florida, "courts have held that the state's long-arm statute supports personal jurisdiction over any alleged conspirator where any other co-conspirator commits an act in Florida in furtherance of the conspiracy, even if the defendant over whom personal jurisdiction is sought individually committed no act in, or had no relevant contact with, Florida," *United Techs. Corp. v. Mazer*, 556 F.3d 1260, 1281–82 (11th Cir. 2009), and "allegations of intentional torts support the exercise of personal jurisdiction over a nonresident defendant with no other contacts with the forum." *AXA Equitable Life Ins. Co. v. Infinity Fin. Grp., LLC*, 608 F. Supp. 2d 1349, 1355 (S.D. Fla. 2009) (citing *Licciardello v. Lovelady*, 544 F.3d 1280, 1285 (11th Cir. 2008)). Moreover, where personal jurisdiction might be conferred on alter ego status, limited jurisdictional discovery into ownership control is warranted. *Aldana v. Fresh Del Monte Produce, Inc.*, No. 01-3399-CIV, 2003 WL 25914862, at *3 (S.D. Fla. June 6, 2003).

As such, issues which go to the merits and to jurisdiction are intertwined in instances where civil conspiracy or intentional torts are alleged, and jurisdictional discovery is proper into matters that pertain to both. And, as the District Court noted in its Order granting jurisdictional discovery, "[w]hen facts that go to the merits and the court's jurisdiction are intertwined and genuinely in dispute," the Court "abuses its discretion if it completely denies a party jurisdictional discovery." *Am. Civ. Liberties Union of Fla., Inc. v. City of Sarasota*, 859 F.3d 1337, 1340-41 (11th Cir. 2017); ECF No. 422 at 3.

---

[4] There is no dispute that the District Court is empowered to order jurisdictional discovery on Temasek. Federal Rule of Civil Procedure 37 allows a party to move for an order compelling discovery. Fed R. Civ. P. 37(a)(1). Rule 37 further requires that the motion include a certification that the movant has in good faith conferred or attempted to confer with the person or party failing to comply with discovery requests, in an effort to obtain it without court action. *Id*. "When a court's jurisdiction is genuinely in dispute, the parties have a qualified right to conduct jurisdictional discovery." *Raymond James & Assoc., Inc. v. Lowe's Co., Inc.*, 2018 WL 11405464, at *1 (M.D. Fla. Sept. 7, 2018) (quoting *Eaton v. Dorchester Dev., Inc.*, 692 F.2d 727, 729 (11th Cir. 1982)). Where jurisdictional discovery is allowed, the Court enjoys 'broad discretion in setting the scope' of jurisdictional discovery." *Id*. (quoting *Amerifactors Fin. Grp., LLC v. Enbridge, Inc.*, 2013 WL 5954777, at *6 (M.D. Fla. Nov. 7, 2013).

In ordering discovery on Temasek, the District Court expressly acknowledged Plaintiffs' jurisdictional theories that "Defendant Temasek committed an intentional tort causing injury within the forum state or participated in conspiracy where at least one act in furtherance of the conspiracy occurred in the forum state" and identified disputed facts under those theories, which in turn give rise to jurisdictional discovery, as those disputed facts are intertwined with the merits of the case. ECF No. 422 at 4-5. The inquiry ends there—Plaintiffs are entitled to discovery.

Temasek does not address the authority cited by the Court or offered by Plaintiffs. Nor does Temasek identify with any particularity or specificity any request it contends does not pertain to jurisdictional issues and is, instead, exclusively merits based. *See Bertolino v. Bradshaw*, 2010 WL 11558225, at *1-2 (S.D. Fla. June 16, 2010) ("[T]he party resisting discovery must demonstrate *specifically* how the objected-to request is unreasonable, irrelevant or otherwise unduly burdensome") (citations omitted). Instead, Temasek asks with no basis that Plaintiffs withdraw almost every one of their requests. *See* Ex. C. Such response is unsupported by the law and contrary to the District Court's Order. The Court should lend no credence to Temasek's "compromise."

## II. The court-ordered discovery is not overbroad.

Temasek further objects that Plaintiffs' requests are overly broad and burdensome, such that production in compliance with the District Court's order is not "feasibl[e]." Ex. C at 2. This objection is laid bare, first, by the fact that Temasek has had in its possession the interrogatories and requests for production for more than two months now, as those requests were attached to Plaintiffs' motion for leave, *see* ECF No. 348-5, and, second, by Temasek's refusal of Plaintiffs' offer to trim the requests to those most efficiently targeting the five categories referenced herein, each of which is tied to the jurisdictional analysis, because it is tied to an element of Plaintiffs' intentional tort or civil conspiracy claims.[5] As such the requests fall well within the scope of the District Court's Order. This objection, too, fails.

---

[5] For example, Temasek's FTX investment agreements and related documents and due diligence on its investments in FTX (Categories 1 and 2) are tied to Temasek's knowledge of FTX's underlying misconduct and/or agreement to engage in the conspiracy to commit that misconduct; Temasek's service on FTX's advisory board (Category 3) is tied to Temasek's knowledge of and assistance with FTX's misconduct; Temasek's forum contacts (Category 4) are tied to the due process analysis, and Temasek's' agency/control amongst the Temasek entities involved (Category 5) is tied to Plaintiffs' agency theory of jurisdiction over the Temasek Defendants.

4

### III. The court-ordered discovery includes depositions of each Temasek Defendant.

Temasek does not object to Plaintiffs' notices of the Temasek Defendants' depositions as beyond the scope of the District Court's Order. To be sure, jurisdictional discovery routinely includes depositions,[6] and the noticing of each Defendants' deposition falls within the ambit of the District Court's order, as this Court acknowledged in ordering that "efforts to schedule depositions concerning jurisdictional discovery" pursuant to the District Court's Order be heard on January 17, 2024. ECF 454 at 2.

Instead, Temasek conditions its response to Plaintiffs' interrogatories on Plaintiffs' withdrawal of the deposition notices, while suggesting that neither the interrogatories nor the depositions are warranted, because "Defendants have already provided sufficient sworn testimony" in the form of the conclusory affidavits attached to their Rule 12(b)(2) motion and as to which, Temasek claims, "Plaintiffs have raised no real factual dispute." Ex. C at 2. The District Court expressly disagreed, finding that Plaintiffs had identified "factual disputes" giving rise to the jurisdictional discovery that they seek.[7] ECF 422 at 4-5; *see also* Section I. Temasek's offer of conclusory affidavits in lieu of interrogatories and depositions as ordered by the District Court is a false choice, and one that Plaintiffs are under no obligation to accept.

### IV. Plaintiffs request that the Court order production by February 1, 2024.

Plaintiffs request that this Court order Temasek Defendants to sit for deposition on or before February 1, 2024, with production of all responsive documents and interrogatory responses to be completed at least 3 business days before the depositions, in accordance with the District Court's Order and as Federal Rules 26(d) and 34(b)(2) grant this Court the discretion to do.[8]

### CONCLUSION

For reasons herein, Plaintiffs' Motion should be granted and Temasek Defendants ordered to produce the requested discovery, attached as Ex. B, before February 1, 2024.

---

[6] *See, e.g.*, *Funez v. CMI Leisure Mgmt., Inc.*, 482 F. Supp. 3d 1252, 1255–56 (S.D. Fla. 2020).

[7] The District Court's Order is well founded. Conclusory affidavits are insufficient to resolve the jurisdictional analysis. "Where, as here, the defendant submits affidavits [contesting jurisdiction], the burden traditionally shifts back to the plaintiff to produce evidence supporting jurisdiction unless those affidavits contain only conclusory assertions that the defendant is not subject to jurisdiction. Where the plaintiff's complaint and supporting evidence conflict with the defendant's affidavits, all reasonable inferences are construed in favor of the plaintiff." *Meier ex rel. Meier v. Sun Int'l Hotels, Ltd.*, 288 F.3d 1264, 1269 (11th Cir. 2002) (citations omitted).

[8] *See AT&T Mobility LLC v. Dynamic Cellular Corp.*, No. 08-20537-CIV-MORENO, 2008 WL 2139518, at *2 (S.D. Fla. May 7, 2008).

## REQUEST FOR ORAL ARGUMENT

Plaintiffs respectfully request that the Court hear oral argument on this Motion, and respectfully submit that fifteen minutes should be sufficient for all Parties.

## CERTIFICATE OF L.R. 7.1(a)(3) GOOD FAITH CONFERENCE

Plaintiffs' counsel certifies they have conferred in good faith with Temasek Defendants' counsel in a good faith effort to resolve the issue raised in this motion and as of the date of this filing have been unable to do so. Plaintiffs therefore assume Temasek Defendants oppose the relief sought herein.

Dated: January 9, 2024                                   Respectfully submitted,

**By: */s/ Adam Moskowitz***
Adam M. Moskowitz
Florida Bar No. 984280
Joseph M. Kaye
Florida Bar No. 117520
**THE MOSKOWITZ LAW FIRM, PLLC**
Continental Plaza
3250 Mary Street, Suite 202
Coconut Grove, FL 33133
Office: (305) 740-1423
adam@moskowitz-law.com
joseph@moskowitz-law.com
service@moskowitz-law.com

*Co-Lead Counsel*

Joseph R. Saveri
Christopher Young
Itak K. Moradi
**JOSEPH SAVERI LAW FIRM**
601 California Street, Suite 1000
San Francisco, CA 94108
Telephone: (415) 500-6800
jsaveri@saverilawfirm.com
cyoung@saverilawfirm.com
imoradi@saverilawfirm.com

*Counsel to Plaintiffs and the Putative Classes*

**By: */s/ David Boies***
David Boies
Alexander Boies
Brooke A. Alexander
**BOIES SCHILLER FLEXNER LLP**
333 Main Street
Armonk, NY 10504
914-749-8200
dboies@bsfllp.com
aboies@bsfllp.com
balexander@bsfllp.com

*Co-Lead Counsel*

James R. Swanson, La. Bar No. 18455
Kerry J. Miller, La. Bar. No. 24562
Molly L. Wells, La. Bar. No. 36721
C. Hogan Paschal, La. Bar No. 38495
**FISHMAN HAYGOOD L.L.P.**
201 St. Charles Avenue, 46th Floor
New Orleans, Louisiana 70170-4600
(504) 586-5252; (504) 586-5250 fax
jswanson@fishmanhaygood.com
kmiller@fishmanhaygood.com
mwells@fishmanhaygood.com
hpaschal@fishmanhaygood.com

Robert Lieff

6

P.O. Drawer A
Rutherford, CA 94573
rlieff@lieff.com

***Counsel to Plaintiffs and the Putative Classes***

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing was filed on January 9, 2024 via the Court's CM/ECF system, which will send notification of such filing to all attorneys of record.

**By:** */s/ Adam Moskowitz*
Adam M. Moskowitz