UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION
MDL No. 3076
Case No. 1:23-MD-03076

IN RE:

FTX CRYPTOCURRENCY EXCHANGE COLLAPSE LITIGATION

This Document Relates To:

Promoter Defendants

*Garrison, et al. v. Kevin Paffrath, et al.,* S.D. Fla. Case No. 23-cv-21023

**PLAINTIFFS' OPPOSITION TO DEFENDANT ERIKA KULLBERG'S
MOTION FOR PROTECTIVE ORDER**

This Court has already granted Plaintiffs' request to take jurisdictional discovery from movant Erika Kullberg. ECF No. 422 (the "Order"). Plaintiffs' motion even attached specific requests to Ms. Kullberg as exhibits, which included seeking information related to her objections to personal service effected on her in New York, such as her present address, where she receives mail, where she resided at the time of service, and her contacts with the United States. Mot., Ex. B, ECF No. 348-2 at 115-120. Were that not enough, the discovery Plaintiffs seek as to Ms. Kullberg is virtually the same as the requests Ms. Kullberg already served specific objections to and was prepared to provide substantive responses in *May* of last year. *See* Plaintiffs' Motion to Compel Expedited Discovery, ECF No 448 ("Motion to Compel"), Exs. 1, 2, 5.

Rather than comply with the Court's Order, Kullberg now incredibly claims that she should be excused from submitting to discovery on the very issues the Court found warranted discovery in the first place. At the same time, she has moved to dismiss on all of these issues and has forbidden her counsel from disclosing any information about her whereabFouts—even whether she lives in this country at all. While other Defendants subject to the Order have lodged objections as to their substance, Ms. Kullberg stands in the unique position of claiming that she is not really subject to the Order at all.

This Court should reject Ms. Kullberg's attempts to delay, and ultimately avoid, her obligations in their entirety, deny her motion for protective order, and instead grant Plaintiffs' pending Motion to Compel.

## FACTUAL BACKGROUND

Plaintiffs filed their original suit against Defendant Kullberg and nine other individuals to hold them accountable for the harm they caused to investors by acting as "Brand Ambassadors" and spokespeople for the now defunct cryptocurrency platform, FTX. *Garrison v. Paffrath*, No. 23-21023-CIV-ALTONAGA/Damian. The Defendants, including Defendant Kullberg, moved to dismiss the complaint for lack of personal jurisdiction pursuant to Federal Rule of Civil Procedure ("FRCP") 12(b)(2)). *Paffrath*, No. 23-21023-CIV-ALTONAGA/Damian, ECF No. 108. Defendant Kullberg also moved to dismiss for improper service pursuant to Rule 12(b)(5). *Id.* Following the Defendants' motion, a discovery dispute ensued, and Chief Judge Altonaga eventually entered an Order ruling "[t]he Court finds that jurisdictional discovery is appropriate; additional jurisdictional facts need not be alleged in Plaintiffs' pleading." As explained in and attached to Plaintiffs' Motion to Compel, the Court granted Plaintiffs leave to conduct jurisdictional discovery through written

1

requests and depositions. Plaintiffs served that discovery, and on May 29, 2023, Ms. Kullberg served objections, noting that she would provide substantive responses to the requests she did not object to by June 12, 2023. *Id.*, Exs. 1 & 2

Shortly thereafter, the underlying case was transferred to the MDL, and discovery was stayed pending the completion of Sam Bankman-Fried's criminal trial. ECF Nos. 318, 336. The Court lifted the discovery stay once Mr. Bankman Fried's trial concluded and granted Plaintiffs leave to conduct limited jurisdictional discovery. *See* the Order. The Court unambiguously held: "The disputed facts related to Plaintiffs' theories of personal jurisdiction are intertwined with the merits of the respective cases—thus, Plaintiffs have a qualified right to jurisdictional discovery." *Id*. The Court's Order also set a deadline of February 1 to complete the jurisdictional discovery. *Id.* at 6 ("Plaintiffs shall have 45 days from the date of this order to conduct limited jurisdictional discovery."). Shortly after the Court granted Plaintiffs' request, Plaintiffs served Defendant Kullberg with a notice for a Zoom deposition, requests for production, and interrogatories on December 22, 2023. Mot., Exs. 1–3, ECF No. 446. Ms. Kullberg objects.

## ARGUMENT

### I. JURISDICTIONAL DISCOVERY AGAINST DEFENDANT KULLBERG SHOULD NOT BE POSTPONED.

Defendant Kullberg has failed to demonstrate the existence of good cause to justify the issuance of a Protective Order under Federal Rule of Civil Procedure 26(c). Defendant Kullberg "submits that good cause exists for a short delay of her discovery responses, including her deposition, until the Court rules on her FRCP 12(b)(5) motion." ECF No. 446 at 4. The arguments advanced by Defendant Kullberg fail for at least four reasons.

*First*, Defendant Kullberg hangs her hat on a single, irrelevant footnote in the Court's order. The footnote, which is *only* addressed to Defendant Udonis Haslem, provides that "[t]his Order grants limited jurisdictional discovery to all aforementioned Defendants **excluding Udonis Haslem**" as "the Court finds no reason why jurisdictional discovery would be relevant as to him." ECF No. 422 at n.2 (emphasis added). The Order's plain and unambiguous language allows for jurisdictional discovery as to all Defendants listed in footnote 1 of the Order, with the sole exception of Defendant Haslem. Defendant Kullberg must comply with the Court's order. Indeed, this makes logical sense as the facts regarding Mr. Haslem's service are not materially in dispute; the dispute with Mr. Haslem centers around the legal requirements for service. The facts

2

surrounding service on Ms. Kullberg, however, are squarely in dispute, as Ms. Kullberg has proffered the declaration of Arzu Malik, an unknown third party, that raises allegations wildly conflicting with the process server's declaration. *See* Motion to Compel, Exs. 7 & 8.

*Second*, as Defendant Kullberg admits, "[s]ervice of process is a *jurisdictional requirement*: a court lacks jurisdiction over the person of a defendant when that defendant has not been served." ECF No. 446 at 4 (citing *Hemispherx Biopharma, Inc. v. Johannesburg Consol. Invs.*, 553 F.3d 1531, 1360 (11th Cir. 2008) (emphasis added). Indeed, discovery is necessary to establish that Plaintiffs did properly serve Defendant Kullberg, given the numerous discrepancies and obvious inconsistencies concerning service of process that are in the Declaration of Arzu Malik,[1] the unidentified third party whose declaration was proffered by Defendant Kullberg. Moreover, despite being actively aware of and involved in this litigation and represented by counsel for nearly a year now, Ms. Kullberg has refused to accept service, to authorize her counsel to receive service of process on her behalf, or even to authorize her counsel to simply confirm whether she lives in the United States or an international location, such as Dubai[2]). Accordingly, Plaintiffs' limited discovery requests are not a "fishing expedition," but rather, are necessary to establish the Court's jurisdiction over her and advance this case.

---

[1] Plaintiffs have also served Ms. Malik with a subpoena for her deposition *duces tecum* in accordance with FRCP 45, in order to test the assertions raised in her declaration. As the Court is well aware, conclusory affidavits are insufficient to resolve the jurisdictional analysis, and depositions are a readily available discovery device for purposes of obtaining evidence for these jurisdictional issues. *See, e.g., Funez v. CMI Leisure Mgmt., Inc.*, 482 F. Supp. 3d 1252, 1255–56 (S.D. Fla. 2020) (Goodman, M.J.); *see also Meier ex rel. Meier v. Sun Int'l Hotels, Ltd.*, 288 F.3d 1264, 1269 (11th Cir. 2002) ("Where, as here, the defendant submits affidavits [contesting jurisdiction], the burden traditionally shifts back to the plaintiff to produce evidence supporting jurisdiction unless those affidavits contain only conclusory assertions that the defendant is not subject to jurisdiction. Where the plaintiff's complaint and supporting evidence conflict with the defendant's affidavits, all reasonable inferences are construed in favor of the plaintiff.") (citations omitted). Ms. Kullberg's counsel have stated their intention to object to this limited and clearly relevant discovery, too.

[2] In which case Plaintiffs will separately move in the alternative to ask the Court to authorize service of process pursuant to FRCP 4(f)(3), as this Court has previously authorized in similar contexts. *See, e.g., Oueiss v. Al Saud*, 1:20-CV-25022-KMM, 2021 WL 5088942, at *8 (S.D. Fla. Jan. 18, 2021) (Moore, C.J.) (collecting cases and authorizing service under Rule 4(f)(3) on various defendants based in the United Arab Emirates through mail, email, Twitter, publication, and service directed to their "current U.S.-based counsel").

*Third*, Defendant Kullberg contends that she "has already incurred significant litigation expenses" and "[r]equiring her to sit for a deposition, respond to twenty-five interrogatories, or produce documents, prior to service, will result in additional and unnecessary burden and expense for" Defendant Kullberg. ECF No. 446 at 5. Both of Defendant Kullberg's assertions are incorrect. Regarding the litigation expenses, as discussed above, jurisdictional discovery is necessary to show that Defendant Kullberg has been properly served. The self-serving, conclusory, and unknown third-party declaration she submitted to support her Rule 12(b)(5) motion is inconsistent with the Plaintiffs' process server's return of service, which "is presumed to be valid absent clear and convincing evidence presented to the contrary." *Happy Tax Franchising, LLC v. Hiil*, No. 19-CV-24539-Fam, 2022 WL 6744545, at *3 (S.D. Fla. July 22, 2022). The expenses thus far incurred by Defendant Kullberg are reasonable and routine during the course of litigation and any additional expenses are necessary to promote the efficient resolution of the underlying matter. Indeed, Plaintiffs outlined this need for service-related discovery in the motion which this Court ultimately granted. ECF No. 348.

Lastly, Defendant Kullberg claims that "Plaintiffs will not be prejudiced from a short delay, as jurisdictional discovery can be provided if and when service is effectuated" on Defendant Kullberg. *Id.* This assertion willfully ignores Judge Moore's December 18, 2023 Order, which states that "Plaintiffs shall have 45 days from the date of this order to conduct limited jurisdictional discovery." ECF No. 442. Plaintiffs need this discovery in order to supplement their responses to Defendant Kullberg's motion to dismiss *before* the Court resolves it. The February 1 deadline imposed by the Court's Order—and thus Plaintiffs' only opportunity to obtain the discovery before the Court resolves Defendant Kullberg's motion—is fast approaching. If Plaintiffs are unable to take Defendant Kullberg's deposition within the timeframe allotted by the Court, it will be too late to do so and Plaintiffs will be forced to seek adverse inferences against Ms. Kullberg as a result of her obstructionist conduct. Rather than a "short" immaterial delay, Defendant Kullberg's request amounts to erasing Plaintiffs' opportunity to take jurisdictional discovery within the parameters set by the Court.

## II. PLAINTIFFS' LIMITED DISCOVERY REQUESTS ARE CONSISTENT WITH THE COURT'S ORDER.

The Plaintiffs' discovery requests are within the scope of the Court's December 18, 2023 Order. Defendant Kullberg "seeks the Court's protection in limiting Plaintiffs' questions during any such deposition to those expressly covered by the Court's order granting 'limited jurisdictional

4

discovery,' namely the issues addressed by Kullberg's declaration in support of her motion to dismiss under FRCP 12(b)(2), and not those pertaining to service." ECF No. 446 at 5. However, as discussed above, "[s]ervice of process is a jurisdictional requirement: a court lacks jurisdiction over the person of a defendant when that defendant has not been served." *Johannesburg Consol. Invs.*, 553 F.3d at 1360 (11th Cir. 2008). *See also Gubanova v. Miami Beach Owner, LLC*, No.12-22319-CIV, 2013 WL 6229142, at *5 (S.D. Fla. Dec. 2, 2013). Determining whether Defendant Kullberg was properly served under Rule 4(m) is a necessary condition to the Court's exercise of personal jurisdiction. Given the strange, unexplained, and self-serving nature of her declaration and Malik's declaration, discovery related to service of process is necessary to determine whether the Court has personal jurisdiction over Defendant Kullberg.

## **CONCLUSION**

For these reasons, Plaintiffs respectfully request that the Court deny Defendant Kullberg's Motion for a Protective Order, and instead grant Plaintiffs' Motion to Compel (ECF No. 448).

Dated: January 10, 2024             Respectfully submitted,

By: */s/ Adam Moskowitz*
Adam M. Moskowitz
Florida Bar No. 984280
Joseph M. Kaye
Florida Bar No. 117520
Barbara C. Lewis
Florida Bar No. 118114
**THE MOSKOWITZ LAW FIRM, PLLC**
Continental Plaza
3250 Mary Street, Suite 202
Coconut Grove, Florida 33133
Telephone: (305) 740-1423
adam@moskowitz-law.com
joseph@moskowitz-law.com
barbara@moskowitz-law.com

Brooke Alexander
(*Pro Hac Vice*)
**BOIES SCHILLER FLEXNER LLP**
333 Main Street
Armonk, NY 10504
Phone: (914) 749–8200
balexander@bsfllp.com

Stephen Neal Zack
Florida Bar No. 145215
Tyler Ulrich
Florida Bar No. 94705
**BOIES SCHILLER FLEXNER LLP**
100 SE 2nd St., Suite 2800
Miami, FL 33131
Office: 305-539-8400
szack@bsfllp.com
tulrich@bsfllp.com

Jose M. Ferrer
Florida Bar No. 173746
Desiree E. Fernandez
Florida Bar No. 119518
**MARK MIGDAL HAYDEN LLP**
8 SW 8th Street, Suite 1999
Miami, FL 33130
Office: 305-374-0440
jose@markmigdal.com
desiree@markmigdal.com

*Co-Counsel for Plaintiffs and the Class*

6

## CERTIFICATE OF SERVICE

     I hereby certify that a true and correct copy of the forgoing was filed on January 10, 2024, via the Court's CM/ECF system, which will send notification of such filing to all attorneys of record.

By: */s/ Adam M. Moskowitz*
ADAM M. MOSKOWITZ
