IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION
MDL No. 3076
Case No. 1:23-md-03076-KMM

IN RE:

**FTX Cryptocurrency Exchange Collapse Litigation**

_____

This Document Relates To:
*Garrison, et al. v. Kevin Paffrath, Graham Stephan,
Andrei Jikh, Jaspreet Singh, Brian Jung,
Jeremy Lefebvre, Tom Nash, Ben Armstrong,
Erika Kullberg, and Creators Agency, LLC*,
Case No. 23-cv-21023
_____/

## MOTION TO QUASH NONPARTY SUBPOENA

Specially appearing Defendant Erika Kullberg ("Kullberg"), by and through her respective undersigned counsel of record, hereby moves to quash the Subpoena to Testify at a Deposition in a Civil Action served on nonparty Arzu Malik [ECF 451] for the reasons set forth below.

### I. Background

On March 15, 2023, Kullberg was named as a defendant, along with nine others, in a Class Action Complaint and Demand for Jury Trial in the U.S. District Court for the Southern District of Florida, Case No. 1:23-cv-21023-KMM. [Case No. 1:23-cv-21023-KMM, ECF 1.]. On May 30, 2023, Kullberg moved to dismiss pursuant to FRCP 12(b)(5) on the basis of insufficient service of process. [Case No. 1:23-cv-21023-KMM, ECF 108.]. Attached to this motion was a declaration from nonparty Arzu Malik dated May 25, 2023, addressing solely facts related to Plaintiffs' attempted service of process on Kullberg at an address in New York, in which Ms. Malik resided at the time. [Case No. 1:23-cv-21023-KMM, ECF 108-1.]. This case was transferred to these MDL proceedings on June 5, 2023, prior to the resolution of Kullberg's motion.

On September 21, 2023, Kullberg once again moved to dismiss pursuant to FRCP 12(b)(5) based on insufficient service, attaching as an exhibit the same May 25, 2023 declaration of Arzu Malik which addressed only facts pertaining to the attempted service of process.  [Case No. 1:23-md-03076-KMM, ECF 263, ECF 263-1.]  On January 5, 2024, Plaintiffs served nonparty Arzu Malik with a Subpoena to Testify at a Deposition in a Civil Action pursuant to FRCP 45, setting forth the date of the deposition for January 25, 2024.  [Case No. 1:23-md-03076-KMM, ECF 451.]

**II. Plaintiffs Improperly Seek Documents Outside the Permissible Scope of Jurisdictional Discovery**

On November 3, 2023, Plaintiffs moved this Court to lift the discovery stay and grant leave to conduct jurisdictional discovery.  [ECF 348.]  As Plaintiffs argued, the limited jurisdictional discovery would serve to reveal relevant facts that they identified as:

1. Whether Defendants otherwise are engaged in substantial and not isolated activity targeting or taking place in Florida which may subject them to general jurisdiction in Florida;

2. Whether other agreements exist between Defendants and FTX under which Defendants agreed to target actions or submit to jurisdiction in Florida;

3. Whether Defendants have generated sales or revenue from advertising and marketing in Florida and/or to Florida consumers;

4. Whether Defendants are authorized to do business or conduct business in Florida;

5. Whether Defendants operate in the United States or sought financial investments or financing in the United States;

6. Whether Defendants maintain accounts with Florida based financial institutions;

7. Whether Defendants' board of directors or employees reside in Florida;

8. Whether there are any other relevant contacts between Defendants and FTX that may be sufficient to establish general or specific jurisdiction under the long-arm statute.

9. Whether Defendants contracted to target their advertising or marketing efforts for FTX's services and products to the state of Florida in a manner that may subject them to specific jurisdiction in Florida.

[ECF 348 at 13.] However, Plaintiffs' issuance of this nonparty subpoena goes beyond such inquires, seeking information related to Kullberg's 12(b)(5) motion to dismiss, rather than personal jurisdiction related to the 12(b)(2) motions, as detailed in Plaintiffs' motion for limited jurisdictional discovery described above.

Pursuant to Judge Moore's December 18, 2023 Order [ECF 422] granting in part and denying in part Plaintiffs' motion, this Court "lift[ed] the discovery stay, but only as it pertains to the limited jurisdictional discovery that is subject to this Order." [ECF 422 at 5.] This Court affirmatively denied Plaintiffs' request to lift the discovery stay altogether. *Id.* In addition, this Court denied Plaintiffs' request to seek limited jurisdictional discovery as to Defendant Udonis Haslem, distinguishing jurisdictional discovery from discovery concerning service of process. [ECF 422 at 5 n.2. ("Plaintiffs clarify that they only seek discovery from Defendant Haslem 'concerning service of process, not jurisdiction.' (ECF 390 at 4 n.5). Because the Court finds no justification to permit discovery regarding service of process as to Defendant Haslem, the Court denies this request.")].

Here, Plaintiffs attempt to circumvent this Court's December 18, 2023 Order by issuing a nonparty subpoena to Arzu Malik and seeking documents regarding a declaration from Ms. Malik that addressed only insufficient service of process as to Kullberg. Like with Defendant Udonis Haslem, such discovery regarding service of process is outside the scope of limited jurisdictional discovery and runs counter to this Court's December 18, 2023 Order. Pursuant to FRCP 45(d)(1), "[a] party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena." Plaintiffs have caused "undue burden or expense" on nonparty Arzu Malik by impermissibly issuing this subpoena

3

counter to this Court's Order, serving as grounds for quashing this subpoena. *See* FRCP 45(d)(3)(A)(iv) (requiring the court to quash or modify a subpoena that "subjects a person to undue burden").

### III. Conclusion

For the foregoing reasons, Kullberg respectfully requests that this Court grant this Motion to Quash Nonparty Subpoena.

### Local Rule 7.1(a)(3) Certification

Counsel for specially appearing Defendant Erika Kullberg hereby certifies in compliance with Local Rule 7.1(a)(3) that, as counsel for movant, they have made reasonable efforts to confer with all parties or non-parties who may be affected by the relief sought in this motion in a good faith effort to resolve the issues raised in this motion, including conferring by email and phone with Plaintiffs' counsel on January 9, 2024 and email on January 10, 2024.

DATED: January 10, 2024.

STEARNS WEAVER MILLER WEISSLER
ALHADEFF & SITTERSON, P.A.

By: */s/ Jose G. Sepulveda*
JOSE G. SEPULVEDA, FL Bar No. 154490
jsepulveda@stearnsweaver.com
mfigueras@stearnsweaver.com
150 W. Flagler Street, Suite 2000
Miami, Florida 33130
Telephone: 305-789-3200

and

POTOMAC LAW GROUP, PLLC
Derek Adams, Esq., *Pro Hac Vice*
dadams@potomaclaw.com
1717 Pennsylvania Avenue, NW, Suite 1025
Washington, D.C. 20006
Telephone: 202-204-3005

*Counsel for Defendant Kullberg*

**CERTIFICATE OF SERVICE**

I hereby certify that on January 10, 2024, I e-filed the foregoing document using the Court's CM/ECF system, which will send a notice of electronic filing to all counsel of record.

*/s/ Jose G. Sepulveda*
JOSE G. SEPULVEDA, F