UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION
MDL No. 3076
Case No. 1:23-MD-03076

IN RE:

FTX CRYPTOCURRENCY EXCHANGE COLLAPSE LITIGATION

This Document Relates To:

Promoter Defendants

*Garrison, et al. v. Kevin Paffrath, et al.,* S.D. Fla. Case No. 23-cv-21023

**PLAINTIFFS' OPPOSITION TO DEFENDANT ERIKA KULLBERG'S
MOTION TO QUASH SUBPOENA FOR DEPOSITION DUCES TECUM OF ARZU MALIK**

The Court should deny Defendant Kullberg's Motion to Quash, ECF No. 458. The properly subpoenaed and noticed deposition is clearly within the scope of the Court's Order allowing discovery on these issues, *see* ECF No. 422 (the "Order"). Moreover, Ms. Kullberg does not have standing to assert the sole objection she attempts to assert on Ms. Malik's behalf, namely, a wholly unsupported and conclusory sentence about "undue burden or expense." Such a threadbare assertion violates this Court's Discovery Procedures.[1]

In order to avoid repetition, Plaintiffs incorporate by reference their arguments in their Motion to Compel Expedited Discovery, ECF No 448 ("Motion to Compel"), and their Opposition to Defendant Kullberg's Motion for Protective Order, ECF No. 457 ("Opposition to Kullberg MPO").

To briefly recap, this Court has already granted Plaintiffs' request to take jurisdictional discovery from Kullberg. ECF No. 422 (the "Order"). Discovery regarding the issues surrounding her service of process are specifically contemplated within that discovery, which has been pending against Ms. Kullberg since early last year before this MDL was created. *See* ECF No. 348-2 at 115–120. Were that not enough, Ms. Kullberg already served specific objections and was prepared to provide substantive responses to similar requests in *May* of last year. *See* Motion to Compel, Exs. 1, 2, 5.

Although Ms. Kullberg admittedly proffered Ms. Malik's Declaration, *see* Motion to Quash, at 1–2, she refuses to produce her for deposition, necessitating Plaintiffs to subpoena Ms. Malik separately. Her position is that she should not have to because the Court did not require Defendant Udonis Haslem to submit to the same discovery (because facts regarding his service are not in dispute). The Order, though, is limited solely to Haslem. Deposing Ms. Malik is squarely within the discovery contemplated and authorized by the Court's Order. *See* Opposition to Kullberg MPO, at 2–5; *see also* Motion to Compel, at 4–5.

Kullberg's meritless scope argument serves as the basis for her unsupported assertion that "Plaintiffs have caused 'undue burden or expense' on nonparty Arzu Malik" by seeking to depose

---

[1] *See* Discovery Procedures for Magistrate Judge Sanchez, 3 (explaining unsupported objections "will be found meritless by the Court" and that "claims of undue burden should be supported by a statement with specific information demonstrating how the request is overly burdensome, and sworn testimony or evidence (for example, an affidavit) may be necessary to show that the particular request is in fact burdensome. *See, e.g., Sallah v. Worldwide Clearing LLC*, 855 F. Supp.2d 1364, 1376 (S.D. Fla. 2012)").

1

her on her declaration. *See* Motion to Quash, at 3–4. Were Ms. Kullberg able to raise this objection for Ms. Malik in the first place, Plaintiffs would argue the Court should reject it as nonspecific and unsupported. *See* n. 1, above.

But "Defendant [Kullberg] does not have standing to challenge the third-party subpoena on the ground of undue burden." *Malibu Media, LLC v. Doe*, No. 14-20393-CIV, 2014 WL 11958625, at *2–3 (S.D. Fla. July 17, 2014) (Altonaga, C.J.) (citing *Auto-Owners Ins. Co. v. Se. Floating Docks, Inc.*, 231 F.R.D. 426, 429 (M.D. Fla. 2005) ("Defendants do not have standing to quash the subpoenas on the grounds of oppression and undue burden placed upon the third parties where the non-parties have not objected on those grounds." (citation omitted)); *Boy Racer, Inc. v. John Does 1–34*, No. 11–23035, 2012 WL 1535703, at *3 (S.D. Fla. May 1, 2012) (recognizing a party generally lacks standing to challenge a non-party subpoena, but theoretical exception exists when subpoena compels disclosure of privileged matter); *Maxwell v. Health Ctr. of Lake City, Inc.*, No. 3:05–CV–1056–J–32MCR, 2006 WL 1627020, at *2 (M.D. Fla. June 6, 2006) ("Ordinarily a party does not have standing to quash a subpoena served on a third party unless the party seeks to quash based on a personal right or privilege relating to the documents being sought." (footnote call number and citations omitted))).

Simply put, Ms. Kullberg "does not have standing to seek protection for [Ms. Malik] on personal issues affecting only [Ms. Malik]." *Hernandez v. Burrows*, 20-22721-CIV, 2021 WL 5999431, at *2 (S.D. Fla. Dec. 20, 2021) (Goodman, M.J.). And given that Ms. Malik's deposition, which will be held by Zoom and will be limited to the facts and circumstances surrounding her declaration and relationship with Ms. Kullberg (which Ms. Kullberg apparently disclaims), it is hard to imagine any sort of undue burden or expense that would be imposed on Ms. Malik in any event.

## **CONCLUSION**

For these reasons, Plaintiffs respectfully request that the Court deny Defendant Kullberg's Motion to Quash, as well as her Motion for Protective Order, and instead grant Plaintiffs' Motion to Compel (ECF No. 448).

Dated: January 12, 2024

Respectfully submitted,

By: */s/ Adam Moskowitz*
Adam M. Moskowitz
Florida Bar No. 984280
Joseph M. Kaye
Florida Bar No. 117520
Barbara C. Lewis
Florida Bar No. 118114
**THE MOSKOWITZ LAW FIRM, PLLC**
Continental Plaza
3250 Mary Street, Suite 202
Coconut Grove, Florida 33133
Telephone: (305) 740-1423
adam@moskowitz-law.com
joseph@moskowitz-law.com
barbara@moskowitz-law.com

Brooke Alexander
**BOIES SCHILLER FLEXNER LLP**
333 Main Street
Armonk, NY 10504
Phone: (914) 749–8200
balexander@bsfllp.com

Stephen Neal Zack
Florida Bar No. 145215
Tyler Ulrich
Florida Bar No. 94705
**BOIES SCHILLER FLEXNER LLP**
100 SE 2nd St., Suite 2800
Miami, FL 33131
Office: 305-539-8400
szack@bsfllp.com
tulrich@bsfllp.com

Jose M. Ferrer
Florida Bar No. 173746
Desiree E. Fernandez
Florida Bar No. 119518
**MARK MIGDAL HAYDEN LLP**
8 SW 8th Street, Suite 1999
Miami, FL 33130
Office: 305-374-0440
jose@markmigdal.com
desiree@markmigdal.com

*Co-Counsel for Plaintiffs and the Class*

3

**CERTIFICATE OF SERVICE**

      I hereby certify that a true and correct copy of the forgoing was filed on January 12, 2024, via the Court's CM/ECF system, which will send notification of such filing to all attorneys of record.

By: */s/ Adam M. Moskowitz*  
ADAM M. MOSKOWITZ
