**IN THE UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**
**MIAMI DIVISION**
MDL No. 3076
Case No. 1:23-md-03076-KMM

IN RE:

FTX Cryptocurrency Exchange Collapse Litigation

_____

This Document Relates To:

*Garrison, et al. v. Kevin Paffrath, Graham Stephan,*
*Andrei Jikh, Jaspreet Singh, Brian Jung,*
*Jeremy Lefebvre, Tom Nash, Ben Armstrong,*
*Erika Kullberg, and Creators Agency, LLC*,
Case No. 23-cv-21023

_____/

**OPPOSITION TO PLAINTIFFS' MOTION TO COMPEL**
**EXPEDITED DISCOVERY FROM DEFENDANTS ERIKA KULLBERG,**
**BRIAN JUNG, AND CREATORS AGENCY LLC**

Specially appearing Defendant Erika Kullberg and Defendants Brian Jung, and Creators Agency LLC (collectively, "Defendants"), by and through their respective undersigned counsel of record, hereby oppose Plaintiffs' Motion to Compel Expedited Discovery for the reasons set forth below.

**I.   The Court's December 18, 2023 Order Allowed for Only Limited Jurisdictional Discovery, Yet Plaintiffs Seek Discovery Outside the Narrow Scope**

On November 3, 2023, Plaintiffs moved this Court to lift the discovery stay and grant leave to conduct jurisdictional discovery. [ECF 348.] The focus of Plaintiffs' legal argument was that limited jurisdictional discovery would allow them to determine (1) whether this Court has general personal jurisdiction on the basis that a defendant "engaged in substantial and not isolated activity" within the State of Florida [ECF 348 at 5], and/or (2) whether this Court has specific personal

1

jurisdiction on the basis of "claims arising out of certain discrete acts of a defendant that occur in Florida". [ECF 348 at 5.]

Plaintiffs argued that such limited jurisdictional discovery would serve to reveal relevant facts that they identified as including:

1. Whether Defendants otherwise are engaged in substantial and not isolated activity targeting or taking place in Florida which may subject them to general jurisdiction in Florida;

2. Whether other agreements exist between Defendants and FTX under which Defendants agreed to target actions or submit to jurisdiction in Florida;

3. Whether Defendants have generated sales or revenue from advertising and marketing in Florida and/or to Florida consumers;

4. Whether Defendants are authorized to do business or conduct business in Florida;

5. Whether Defendants operate in the United States or sought financial investments or financing in the United States;

6. Whether Defendants maintain accounts with Florida based financial institutions;

7. Whether Defendants' board of directors or employees reside in Florida;

8. Whether there are any other relevant contacts between Defendants and FTX that may be sufficient to establish general or specific jurisdiction under the long-arm statute.

9. Whether Defendants contracted to target their advertising or marketing efforts for FTX's services and products to the state of Florida in a manner that may subject them to specific jurisdiction in Florida.

[ECF 348 at 13.]

Plaintiffs did not provide legal argument for lifting the discovery stay as to issues of insufficient service of process, and only mentioned service of process three times throughout the entirety of their initial and reply briefing, each time *distinguishing* personal jurisdiction from service of process. ECF 348, at 2 (requesting leave to "take brief jurisdictional discovery . . . for lack of personal jurisdiction *or insufficient service of process*"); at 4 (noting that defendants moved to dismiss "for lack of personal jurisdiction *or for insufficient service of process*");

ECF 390, at 4, fn. 5 (noting that "Plaintiffs only seek discovery from Mr. Haslem concerning service of process, **not jurisdiction**.") (emphases added).

Pursuant to Judge Moore's December 18, 2023 Order [ECF 422] granting in part and denying in part Plaintiffs' motion, this Court "lift[ed] the discovery stay, but only as it pertains to the ***limited jurisdictional discovery*** that is subject to this Order." [ECF 422 at 5 (emphasis added).] To support this holding, Judge Moore wrote that "Plaintiffs first respond that they have pled a *prima facie* case of personal jurisdiction as to each Defendant . . . (ECF No. 390 at 2-3) (alleging there is personal jurisdiction as to the . . . Youtuber Defendants based on an alleged tortious action causing harm in the forum state) . . . (ECF No. 390 at 3-4 (explaining there are factual disputes as the existence of a conspiracy between the Promoter/Sports and Entertainment Defendants and FTX)" and Judge Moore then concluded that "***limited jurisdictional discovery*** is appropriate" as the "disputed facts related to Plaintiffs' theories of personal jurisdiction are intertwined with the merits of the respective cases—thus, Plaintiffs have a qualified right to jurisdictional discovery." [ECF 422 at 4-5 (emphasis added).]

If it were not already clear that Judge Moore's holding did ***not*** lift the stay as to issues of insufficient service of process, he specifically addressed this as to Defendant Haslem, since Plaintiffs had explained by footnote [ECF 390, at 4, fn. 5] that they sought discovery from Haslem as to "service of process, ***not jurisdiction***." (emphasis added). [ECF 422, at 5, fn. 2] ("the Court finds no reason why jurisdictional discovery would be relevant as to [Haslem] . . . [and] no justification to permit discovery regarding service of process as to Defendant Haslem, the Court denies this request.").

The Court did not address lifting the stay as to service of process for any other defendant—not because it found justification to lift the stay—but rather because Plaintiffs had ***only*** put the

issue of service-related discovery for Haslem in front of the Court. Further, the discussion throughout Plaintiffs' briefing and Judge Moore's decision, as well as the justification for that decision, all support Defendants' position that Judge Moore has *not* lifted the stay as to issues of insufficient service of process, and any propounded discovery on issues of service (e.g., Interrogatories 13-25) should be denied as outside the scope of the Court's limited holding. [EFC 422 at 6, "Aside from the limited jurisdictional discovery permitted by this Order, this Order does not disturb the discovery stay currently in place."]

## II. The Court's December 18, 2023 Order Did Not Require Expedited Discovery and the Federal Rules of Civil Procedure Should Govern

This Court's December 18, 2023 Order allowed Plaintiffs 45 days to conduct limited jurisdictional discovery; however, this Order imposed no expedited deadlines on Defendants to respond to Plaintiffs' discovery requests. Pursuant to FRCP 33(b)(2) and FRCP 34(b)(2)(A), a responding party is given 30 days to serve answers and objections to interrogatories and to respond to requests for production of documents. Plaintiffs served Defendants with notices for deposition, requests for production of documents, and interrogatories on December 22, 2023, [ECF 448, Ex. 5], and Defendants are currently preparing their responses, to be provided on or before January 22, 2024.

Contrary to Plaintiffs' statements in their motion to compel expedited discovery, the new requests are *not* "nearly identical" to the prior requests, as they propound different requests for documents and twenty-five new interrogatories (which were not before served). Moreover, the prior case was stayed *prior to* Defendants' counsel preparing any documents for production to Plaintiffs.

In addition, pursuant to Judge Moore's Order, Plaintiffs have ample time to take depositions following Defendants' objections and responses on or before January 22, and contrary

4

to Plaintiffs' statement that "Defendants have refused to provide Plaintiffs with dates for their depositions," [ECF 448, at 2], Defendants' counsel agreed to provide dates for all three witnesses, and has offered dates of January 29 and February 1 to complete the respective depositions. Nor has Kullberg stated "her intent to ignore the Court's Order" [ECF 448, at 2]; rather, she has moved for a protective order with the Court and if denied, has already provided her availability for a deposition and will timely respond to limited jurisdictional discovery, as ordered by Judge Moore.

Moreover, although Plaintiffs now complain there will be insufficient time between January 22, 2024 and February 1, 2024 to complete the so-ordered discovery following Defendants' responses, and "they will be prejudiced if they are forced to wait the full 30 days," [ECF 448, at 3], they do not explain why they waited until Friday, December 22 to serve discovery when Judge Moore's Order was entered on Monday, December 18. Yet, instead, they now seek to alter Defendants' response time under the Rules of Civil Procedure, as well as impose new burdens on Defendants that Judge Moore's Order did not. As such, Plaintiffs' request for expedited discovery should be denied.

Finally, certain discovery requests (requests for production 1-2, 4-7), interrogatories (interrogatory 9 (except as targeted to Florida), 12), and 30(b)(6) subjects (2-3, 5-7) request documents and information broadly without any nexus to Florida, or targeting of Florida, and thus seek discovery outside of materials relevant to personal jurisdiction, to which Defendants object.

### III. Conclusion

For the foregoing reasons, Defendants respectfully request that this Court deny Plaintiffs' Motion to Compel Expedited Discovery from Defendants Erika Kullberg, Brian Jung, and Creators Agency LLC.

## CERTIFICATE OF SERVICE

I hereby certify that on January 12, 2024, I e-filed the foregoing document using the Court's CM/ECF system, which will send a notice of electronic filing to all counsel of record.

        STEARNS WEAVER MILLER WEISSLER
        ALHADEFF & SITTERSON, P.A.

By: /s/ Jose G. Sepulveda
    JOSE G. SEPULVEDA, FL Bar No. 154490
    jsepulveda@stearnsweaver.com
    mfigueras@stearnsweaver.com
    150 W. Flagler Street, Suite 2000
    Miami, Florida 33130
    Telephone: 305-789-3200

and

POTOMAC LAW GROUP, PLLC
Derek Adams, Esq., *Pro Hac Vice*
dadams@potomaclaw.com
1717 Pennsylvania Avenue, NW, Suite 1025
Washington, D.C. 20006
Telephone: 202-204-3005

*Counsel for Defendants Erika Kullberg, Brian Jung and Creators Agency LLC*