**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**
**MDL No. 3076**
**CASE NO. 1:23-md-03076-KMM**

**In Re: FTZ Cryptocurrency Exchange Collapse Litigation**

This Document Relates to:

Promoter Defendants

*Garrison, et al, v. Kevin Paffrath, et al*, S.D.
Fla. Case No. 23-cv-21023

**DEFENDANT JASPREET SINGH'S RESPONSE IN**
**OPPOSITION TO PLAINTIFFS' MOTION TO COMPEL**
**EXPEDITIED DISCOVERY FROM DEFENDANT JASPREET SINGH**

In light of the foregoing, the Court agrees with Plaintiffs that ***limited jurisdictional discovery is appropriate*** . . . ***The Court will thus lift the discovery stay, but only as it pertains to the limited jurisdictional discovery that is subject to this Order***. Insofar as Plaintiffs request a lift of the discovery stay altogether, such request is ***denied*** until the Court adjudicates the outstanding motions to dismiss.

***December 18, 2023 Order, p. 5 (Doc. No. 422).***

Defendant Jaspreet Singh files this Response to identify the specific discovery requests to which he objects. (Doc. No. 454). Defense Counsel for Mr. Singh advised Plaintiffs' counsel on January 2, 2024 that Mr. Singh was available for deposition on January 24th. Defense counsel also objected to certain document requests and Interrogatories on the basis that those discovery requests were contrary to the Court's Order allowing for limited discovery on personal jurisdiction only (Doc. No. 422). Mr. Singh objected to the following document requests:

### Requests for Production of Documents

1.      All Documents and Communications, including contracts or agreements, regarding Your relationship, directly or indirectly, with the FTX Entities.

3.      All Documents and Communications evidencing actions You took in furtherance of your relationship with the FTX Entities.

5.      All Documents and Communications regarding whether YBAs or FTT constitute a security under any federal or state law.

Likewise, Mr. Singh has objected to the following Interrogatories:

### Interrogatories

1. State the name, location of corporate headquarters or principal place of business, and place of incorporation for all corporate entities owned or controlled by You and through which you conduct business, including but not limited to promotion and sponsorship activities.

2. State the name, location of corporate headquarters or principal place of business, and place of incorporation (if applicable),

of all agents, managers, or other representatives who had any contact with the FTX Entities on Your behalf, or advised You on your dealings with the FTX Entities.

12.     List all activities, including date and location, You undertook in furtherance of Your agreement with the FTX Entities, including but not limited to meetings, photo shoots, phone or video calls, and advertisements.

(See Doc. No. 449-5, pp. 10-11, 23.)

Neither Mr. Singh nor any of the defined FTX Entities[1] are Florida based. Mr. Singh is a resident of the State of Michigan, and he has none of the following connections to Florida:

- Mr. Singh does not reside in Florida.

- Mr. Singh has never resided in Florida.

- Mr. Singh does not own property in Florida.

- Mr. Singh does not conduct business in Florida.

- Mr. Singh has never operated any business in Florida.

- Mr. Singh does not have sufficient contacts in Florida.

- Mr. Singh has committed no tort or contract breach in Florida.

(See Doc. No. 266-4.) Yet, Mr. Singh has been named as a Defendant in this case. He has objected to Florida jurisdiction, and the Court has allowed limited jurisdictional discovery. However, Plaintiffs have disregarded the limitations of the Court's Order and are seeking discovery that goes

---

[1] Plaintiffs' definition of "FTX Entities" is not limited to activity within the State of Florida. Rather, Plaintiffs' discovery requests broadly define "FTX Entities" as "FTX Trading and/or FTX US." FTX Trading is further defined as FTX Trading Ltd. d/b/a FTX Trading, including, but not limited to, its past and present subsidiaries, affiliates, divisions, segments (including any mobile application and/or web-based cryptocurrency investment services or trading platform, such as FTX.com), predecessors (including acquired entities or lines of business such as Blockfolio, Inc.), successors, directors, officers, employees, representatives, and/or or agents. FTX US is further defined as West Realm Shires Services, Inc. d/b/a FTX US, including, but not limited to, its past and present subsidiaries, affiliates, divisions, segments including any mobile application and/or web-based cryptocurrency investment services or trading platform, such as FTX.com), predecessors (including acquired entities or lines of business such as Blockfolio, Inc.), successors, directors, officers, employees, representatives, and/or agents. (See Doc. No. 449-5, pp. 4, 16.)

2

well beyond the scope of the permissible discovery as to personal jurisdiction issues only and are seeking factual support for the merits of the case.

Here, the Court has clearly ordered that the only discovery to which Plaintiffs are currently entitled is discovery that is relevant, and pertains, to personal jurisdiction. Plaintiffs' discovery requests are not limited in scope to personal jurisdiction issues and therefore run afoul of the Court's Order. See *Richards v. Duke University*, 480 F.Supp.2d 222, 231 (D.D.C. 2007) (denying jurisdictional discovery where such discovery appeared to be "the sort of fishing expedition that the rules of jurisdictional discovery are designed to prevent").

Thus, Document Requests Nos. 1 and 3 and Interrogatories Nos. 2 and 12 which request information related to Mr. Singh's relationship with, or contact with, multiple FTX entities are well beyond the scope of the Court's Order and are facially irrelevant to personal jurisdiction issues. Further, these discovery requests are overly broad, unduly burdensome, irrelevant, and immaterial because they seek information well beyond the allegations in the underlying Complaint which is directed to Plaintiffs' alleged losses as to YBAs.

Document Request No. 5 is objectionable because it is vague and ambiguous and requires a legal determination as to what would be regarded as a "security". The Request is further objectionable as overly broad, unduly burdensome, irrelevant, and immaterial because it is not related to any business conducted within the State of Florida. Interrogatory No. 1 is overly broad, unduly burdensome, irrelevant, and immaterial because it seeks information well beyond the scope of the Court's limited discovery Order and instead is an attempt to probe into Mr. Singh's personal business interests.

Instead of withdrawing these objectionable discovery requests, or modifying them to comply with the narrow parameters of the Court's Order allowing personal jurisdiction discovery

only, Plaintiffs filed the instant Motion. In their Motion, Plaintiffs do not explain how the requested documents or information have anything to do with personal jurisdiction.

In *Breckenridge Pharmaceutical, Inc. v. Red River Pharma, LLC*, No. 05-80446-CIV, 2006 WL 8433672, *2 (S.D. Fla. Feb 16, 2006), the Court held that: "The objective of the personal jurisdiction discovery process is to determine whether Defendants' have conducted sufficient business activity in Florida to be subject to personal jurisdiction in Florida." When reviewing discovery requests seeking all documents relating to agreements the defendants had with other entities containing the same active ingredients or composition as the defendants' products, the *Breckenridge* court determined that such requests impermissibly delved into the merits of the action and disallowed those discovery requests. *Id.* Here, Plaintiffs' overly broad discovery requests likewise delve into the merits of the case and should be disallowed.

In its December 18, 2023 Order, the Court also admonished Plaintiffs that while they had "a qualified right to jurisdictional discovery", it was denying the request to lift of the overall discovery stay while the Motions to Dismiss that were filed under Federal Rule of Civil Procedure 12(b)(6) were pending. These discovery requests improperly go beyond personal jurisdiction and into merit issues.

For these reasons, Mr. Singh would request that the Court enter an Order pursuant to Federal Rule of Civil Procedure 37(a)(5)(B) and Rule 26(c) striking Document Request Nos. 1, 2 and 5 and Interrogatory Nos. 1, 2 and 12 and directing Mr. Singh not to respond to them.  Mr. Singh further requests that this Honorable Court award to him his reasonable costs, including attorney fees, incurred in opposing this Motion. See Fed. Rule Civ. P. 37(a)(5)(B).

## CONCLUSION

For these reasons, .Defendant Jaspreet Singh respectfully request that the Court deny Plaintiffs' Motion and enter an Order striking Document Request Nos. 1, 2 and 5 and Interrogatory

Nos. 1, 2 and 12 and directing Defendant Jaspreet Singh not to respond to them.

Dated: January 12, 2024            Respectfully submitted,

                  **CUMMINGS, McCLOREY, DAVIS & ACHO, P.L.C.**

                  By: */s/ Ronald G. Acho*
                  Ronald G. Acho, Esq.
                  17436 College Parkway
                  Livonia, MI 48152
                  (734) 261-2400
                  racho@cmda-law.com
                  P-23913

                  *Counsel for Defendant Jaspreet Singh*

                  **CUMMINGS, McCLOREY, DAVIS & ACHO, P.C.**

                  By: /s/ *Michael O. Cummings*
                  Michael O. Cummings
                  1185 Avenue of The Americas, 3rd FL.
                  (212) 547-8810
                  mcummings@cmda-law.com
                  N.Y. Bar No. 2701506

                  *Counsel for Defendant Jaspreet Singh*

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on January 12, 2024, I electronically filed the foregoing paper with the Clerk of the Court using the ECF system, which will send notification to all parties of record.

                  By: */s/ Ronald G. Acho*
                  Ronald G. Acho

5