IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA, MIAMI DIVISION
Case No. 1:23-md-03076-KMM

**IN RE:**

**FTX Cryptocurrency Exchange Collapse Litigation**

This Document Relates To:

*Chernyavsky, et al.* v. *Temasek Holdings (Private) Limited, et al.*
Case No. 1:23-cv-22960 (S.D. Fla.)

*Cabo, et al.* v. *Temasek Holdings (Private) Limited, et al.*
No. 1:23-cv-23212 (S.D. Fla.)

**SINO GLOBAL CAPITAL HOLDINGS LLC'S AND SINO GLOBAL CAPITAL LIMITED'S OPPOSITION TO PLAINTIFFS' MOTION TO COMPEL AND EXPEDITE DISCOVERY AS TO SINO GLOBAL IN ACCORDANCE WITH THE DISTRICT COURT'S DECEMBER 18, 2023 ORDER**

Sino Global Capital Holdings LLC ("SG Capital Holdings") and Sino Global Capital Limited ("SG Capital Limited") respectfully submit this memorandum in opposition (the "Opposition") to Plaintiffs' Motion to Compel and Expedite Discovery, ECF No. 450 (the "Motion to Compel"). SG Capital Limited makes a special appearance in this litigation solely for the purpose of contesting the Motion to Compel, without waiver of any of SG Global Limited's other potential defenses.

## PRELIMINARY STATEMENT

The jurisdictional discovery sought by Plaintiffs is anything but "limited."

The District Court's order granting jurisdictional discovery against SG Capital Holdings and other Defendants, ECF No. 422 (the "Order"), only permitted "limited" jurisdictional discovery. Plaintiffs did not follow the Court's direction. They served SG Capital Holdings with fifty-one document requests (the "Document Requests"), twenty-five requests for admission (the "RFAs") eight interrogatories (the "Interrogatories"), and a deposition notice (collectively, the "Discovery"). The Discovery goes far beyond jurisdictional issues, and seeks information pertaining to numerous <u>other</u> entities besides SG Capital Holdings, including non-parties to the litigation. SG Capital Holdings certainly will produce <u>limited</u> documents and information in accordance with the Order, but it should not be forced to engage in the expansive and expensive discovery sought by Plaintiffs, and should not be required to sit for a deposition.

Plaintiffs also improperly served jurisdictional discovery on SG Capital Limited – an entity that has not yet been served with process, has not yet moved to dismiss, was not named in Plaintiffs' motion for jurisdictional discovery, and was not subject to the Order. After initially serving SG Capital Limited with voluminous requests for jurisdictional discovery, Plaintiffs agreed to hold such requests in abeyance pending service, but the Motion to Compel nevertheless

seeks to compel SG Capital Limited's compliance. Plaintiffs should not be permitted to take jurisdictional discovery as to SG Capital Limited absent permission from the District Court.

## ARGUMENT

### I. THE DISCOVERY SOUGHT AGAINST SG CAPITAL HOLDINGS IS EXTREMELY OVERBROAD AND SEEKS INFORMATION IRRELEVANT TO JURISDICTION

Ignoring the District Court's admonition, the Discovery to SG Capital Holdings is impermissibly broad, and seeks information about merits issues (and beyond). "Even where an entitlement to jurisdictional discovery exists, the Court retains broad discretion in setting the scope of that discovery." *In re Zantac (Ranitidine) Products Liab. Litig.*, 2020 WL 6907056, at *6 (S.D. Fla. Nov. 24, 2020). "Plaintiff is entitled to craft jurisdictional discovery requests in a manner that is comprehensive, but it is not entitled to do so in a manner that is overbroad." *Pro. Locate v. Prime, Inc.*, 2007 WL 1624792, at *2 n.1 (S.D. Ala. June 4, 2007).

Forty-one of the Document Requests begin with the word "all," underscoring the incredible breadth of the "jurisdictional discovery" that Plaintiffs seek. The requests seek all conceivable documents and communications regarding FTX and more, not just documents and communications concerning jurisdictional issues. Numerous requests also seek documents and communications concerning other entities that are not Defendants; for example, several Requests seek documents or information concerning Sino Global Capital Management, LLC or several "Liquid Value" funds, even though all are non-parties to this litigation. Some particularly egregious examples:

- Document Request No. 2 seeks "[a]ll communications between you, Sino Global Capital Management, and/or Liquid Value and any of the FTX Entities, Alameda, or any of the Defendants concerning any of the FTX Entities and/or Alameda." This Document

2

Request seeks all communications with dozens of Defendants and non-parties regarding FTX, whether or not they have anything to do with issues pertaining to jurisdiction.

- Document Request 4 seeks "[a]ll communications between Matthew Graham and Defendants and/or Defendants' executives, directors, employees, agents, and/or representatives." Mr. Graham is SG Capital Holdings' managing member. This Request therefore would cover all of Mr. Graham's communications with the company that he manages, as well as dozens of other Defendants, regardless of relevance to jurisdiction.

- Document Request 25 seeks "[a]ll documents and work papers concerning regulatory compliance at any of the FTX Entities and/or Alameda . . ." This Request has nothing to do with jurisdiction.

- Interrogatory No. 5. asks SG Capital Holdings to "describe the business of, and how such business is conveyed to you, Sino Global Capital Management, and/or Liquid Value." A description of the business of SG Capital Holdings and other non-Defendants does not pertain to jurisdictional issues.

These are just a few examples. Literally dozens of other requests seek information irrelevant to jurisdiction, and or seek documents and information concerning other entities besides SG Capital Holdings. Plaintiffs' kitchen-sink approach is completely at odds with the "limited" jurisdictional discovery ordered by the District Court. *See Breckenridge Pharm., Inv. v. Red River Pharma, LLC*, 2006 WL 8433672, at *2 (S.D. Fla. Feb. 17, 2006) (Defendants do not need to respond to request that "unnecessarily delves into the merits of this action and is unnecessary for the determination of the existence of personal jurisdiction.").

Plaintiffs also cannot rely on conclusory allegations of jurisdiction based on "alter ego" or "conspiracy." Plaintiffs have never expressly alleged that SG Capital Limited and Holdings are

3

alter egos. The Order stated that there was a "factual dispute as to whether allegations of civil conspiracy on behalf of [SG Capital Limited] may be imputed to [SG Capital Holdings]," but that does not entitle Plaintiffs to a fishing expedition into every conceivable piece of paper involving multiple entities. *See Zantac*, 2020 WL 697056, at *6 (sustaining objections to certain jurisdiction discovery requests and explaining that plaintiffs were not "entitled to discovery solely to buttress the conclusory jurisdictional allegations"). In order to establish that SG Capital Holdings was not part of any conspiracy, did not play any role with FTX, and is not the alter ego of SG Capital Limited, Plaintiffs only need some limited corporate records and answers to limited interrogatories. That is all that SG Capital Holdings should provide to comply with the Order.

## II.   PLAINTIFFS SHOULD NOT BE PERMITTED TO TAKE A DEPOSITION OF SG CAPITAL HOLDINGS

A deposition of SG Capital Holdings is inconsistent with "limited" jurisdictional discovery. In light of the limited scope of the Order, the limited timeframe for jurisdictional discovery, and the fact that SG Capital Holdings is also answering Interrogatories and Requests for Admission, a deposition would be needlessly duplicative, and is disproportionate to the needs of the case. *See Zantac*, 2020 WL 6907056, at *7 (denying request for jurisdictional deposition).

If SG Capital Holdings is ordered to sit for a deposition, the deposition topics should be significantly limited. Similar to the Requests, the proposed deposition topics impermissibly delve into merits issues (for example topics 2, 4, and 5), and seek information about <u>other</u> entities besides SG Capital Holdings (topics 2, 3, and 4). Plaintiffs only should be permitted to depose SG Capital Holdings about that particular entity, and only about facts that pertain to jurisdiction.

## III.  PLAINTIFFS ARE NOT PERMITTED TO TAKE ANY JURISDICTIONAL DISCOVERY OF SG CAPITAL LIMITED

SG Capital Limited is a Hong Kong entity that has not yet been served with process and has not yet filed a motion to dismiss. Indeed, Plaintiffs filed a motion to serve SG Capital Limited

4

via alternate means, ECF No. 280, and that motion remains pending. Accordingly, Plaintiffs did not name SG Capital Limited in the Jurisdictional Discovery Motion, and as a result, the Order did not authorize any jurisdictional discovery against SG Capital Limited. The Magistrate Judge recognized this fact in its January 9, 2024 Order. ECF No. 454.

Nevertheless, Plaintiffs served the undersigned counsel with voluminous discovery requests as to SG Capital Limited (the "SG Capital Limited Requests").[1]

After SG Capital Limited sent an email to Plaintiffs' counsel objecting to jurisdictional discovery as to SG Capital Limited, Motion to Compel Ex. B, and the Parties met and conferred, Plaintiffs agreed to hold any jurisdictional discovery as to SG Capital Limited in abeyance until SG Capital Limited is served, as Plaintiffs concede. Motion to Compel at 1 n.1, 3, n.2.[2]

Yet, the Motion to Compel is still asserted against SG Capital Limited and seeks an order compelling both SG Capital Holdings and SG Capital Limited to produce jurisdictional discovery. Motion to Compel at 1. The Motion to Compel even blithely asserts that Plaintiffs will attempt to seek jurisdictional discovery against SG Capital Limited through discovery to SG Capital Holdings. Motion to Compel at 3 n.2. Plaintiffs' request is improper. Plaintiffs cannot seek an end-run around the Order through discovery to another entity. SG Capital Limited has not even been served with process. The Order did not grant jurisdictional discovery as to SG Capital Limited, and so Plaintiffs should not be permitted to do so.

## CONCLUSION

For the foregoing reasons, the Motion to Compel should be denied.

---

[1] A true and copy of the SG Capital Limited Requests is attached hereto as **Exhibit 1**. Tellingly, Plaintiffs did not attach the SG Capital Limited Requests to the Motion to Compel.

[2] A true and correct copy of the email from Plaintiffs' counsel confirming that Plaintiffs are holding such discovery in abeyance is attached hereto as **Exhibit 2**.

Dated:  January 12, 2024

*/s/ Jason P. Gottlieb*
Jason P. Gottlieb
Michael Mix
Vani Upadhyaya
MORRISON COHEN LLP
909 Third Avenue
New York, New York 10022
Telephone: (212) 735-8600
Email: jgottlieb@morrisoncohen.com
       mmix@morrisoncohen.com
       vupadhyaya@morrisoncohen.com

*Counsel for Defendants Sino Global Capital Holdings LLC and Sino Global Capital Limited*

## **CERTIFICATE OF SERVICE**

I hereby certify that on this 12th day January, 2024, I e-filed a true and correct copy of the foregoing document using the Court's CM/ECF system, which will send a notice of electronic filing to all counsel of record.

*/s/ Jason P. Gottlieb*
