**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**
No. 1:23-md-3076-KMM/EIS

*In re FTX Cryptocurrency Exchange*
*Collapse Litigation*

This Document Relates to the
Administrative Class Action Complaint
and Demand for Jury Trial as to the Bank
Defendants (ECF No. 155)

**DEFENDANTS DELTEC BANK AND TRUST COMPANY LIMITED AND**
**JEAN CHALOPIN'S OPPOSITION TO PLAINTIFFS' MOTION TO COMPEL**
**<u>AND EXPEDITE DISCOVERY</u>**

## **TABLE OF CONTENTS**

Page

INTRODUCTION ................................................................................................................. 1

ARGUMENT ........................................................................................................................ 3

    I.      PLAINTIFFS REFUSED TO COMPLY WITH APPLICABLE
           PROCEDURES THAT WOULD ALLOW DELTEC AND
           MR. CHALOPIN TO RESPOND TO "LIMITED" JURISDICTIONAL
           DISCOVERY WITHOUT BEING SUBJECT TO SANCTIONS UNDER
           BAHAMIAN LAW ............................................................................................. 3

    II.     THE LAW OF THIS CIRCUIT ALLOWS THIS COURT TO REQUIRE
           PLAINTIFFS TO FOLLOW THE RELEVANT PROCEDURES UNDER
           BAHAMIAN LAW IN ORDER TO OBTAIN THE REQUESTED
           DISCOVERY ......................................................................................................3

    III.    PLAINTIFFS' REQUEST TO EXPEDITE DISCOVERY SHOULD BE
           DENIED............................................................................................................. 5

CONCLUSION..................................................................................................................... 5

Defendants Deltec Bank and Trust Company Limited ("Deltec") and its Chairman, Jean Chalopin, by and through their undersigned attorneys, respectfully submit this opposition to Plaintiffs' motion to compel and expedite discovery (the "Motion") (ECF No. 447). The relevant discovery requests were served by Plaintiffs on December 22, 2023 (the "Requests"). (*See* Exs. A-D (requests for production and deposition notices to Deltec and Mr. Chalopin).)

## INTRODUCTION

Deltec, a small Bahamian bank, and Mr. Chalopin, a Bahamian resident and citizen serving as Chairman of Deltec, were first named in a class action complaint filed by Plaintiffs in the Southern District of Florida in February 2023. In conclusory and speculative terms, Plaintiffs alleged that Deltec and Mr. Chalopin, who provided banking services to FTX in The Bahamas, were co-conspirators with FTX in a fraudulent scheme and aided and abetted FTX's wrongdoing in the United States. Importantly, Plaintiffs expressly alleged that both Deltec and Mr. Chalopin are Bahamian residents, and failed to allege *any* facts otherwise that could or would establish jurisdiction over either in Florida; there are no allegations that either did any business in or had any connection to Florida, and no allegations that either engaged in any misconduct in Florida.

Plaintiffs later filed another complaint against Deltec and Mr. Chalopin in Washington; this was identical to the Florida complaint as to the allegations against Deltec and Mr. Chalopin. Plaintiffs inexplicably claimed that filing this complaint cured Deltec's and Mr. Chalopin's jurisdictional objections; in fact, as counsel for Deltec and Mr. Chalopin conveyed, filing a complaint in Washington against Bahamian residents who are not alleged to have taken *any* actions in Washington does nothing to advance Plaintiffs' assertions of personal jurisdiction.[1]

Plaintiffs filed a third amended complaint against Deltec and Mr. Chalopin, which is the operative complaint (the "Complaint"). (ECF No. 155.) As with the first two complaints, the third Complaint contains paper-thin allegations that entirely fail to discharge Plaintiffs' burden of pleading a prima facie case of jurisdiction against Deltec and Mr. Chalopin, whether in Florida or Washington. Indeed, in none of the three complaints do Plaintiffs invoke any provisions of Florida's or Washington's long-arm statutes, nor do they plead conspiracy-based jurisdiction (despite Plaintiffs later pointing to multiple long-arm provisions and conspiracy-based jurisdiction in their papers as supposed bases for jurisdiction).

---

[1] Despite filing substantively identical complaints in two different jurisdictions, Plaintiffs have refused to withdraw one of the complaints (and, to date, have also failed to effectuate service of the Washington complaint).

Deltec and Mr. Chalopin have filed a case-dispositive motion to dismiss for lack of personal jurisdiction and failure to state a claim.  (ECF No. 267.)  On December 18, 2023, Judge Moore authorized "limited jurisdictional discovery" while the fully briefed motions to dismiss are pending.  (Ex. E.)  Plaintiffs waited until the evening of Friday, December 22, 2023, to serve what they characterized as jurisdictional discovery on Deltec and Mr. Chalopin.  (Exs. A–D.)

Upon receiving the Requests, counsel for Deltec and Mr. Chalopin informed Plaintiffs that, as Bahamian residents and citizens, they are bound by Bahamian law, which subjects Bahamian banking institutions and their directors to strict confidentiality requirements regarding the type of client information sought by the Requests.  Counsel further informed Plaintiffs that they may obtain discovery by following the procedure set out in the Bahamas Evidence (Proceedings in Other Jurisdictions) Act ("EPOJA").  Unless Plaintiffs follow EPOJA's procedure, which allows a Bahamian court to authorize the disclosure of documents and/or testimony that is otherwise prohibited from disclosure under Bahamian law, Deltec and Mr. Chalopin risk serious sanctions under Bahamian law if they produce information in response to the Requests.  (*See* Declaration of L. Darville. ("Darville Decl."))  Counsel also encouraged Plaintiffs to tailor the Requests to be consistent with Judge Moore's order.  Plaintiffs refused to do so.  Plaintiffs' Motion should thus be denied in full for two principal reasons.

*First*, Plaintiffs should be directed to follow relevant procedures under Bahamian law to obtain evidence located abroad as a matter of comity—this is entirely consistent with the Federal Rules and does not contravene Judge Moore's order.  Plaintiffs' claim that Deltec and Mr. Chalopin are seeking to "flout [Judge Moore's] Order by hiding behind a Bahamian statute" (Mot. at 1) is wrong—Deltec and Mr. Chalopin cannot violate Bahamian law simply because Plaintiffs would have them do so.  Plaintiffs, having made the decision to sue foreign nationals in the United States, cannot feign indignance at the fact that those foreign nationals are bound by the laws of their home jurisdiction (a fact that this Court can recognize and uphold).  Rather than "hiding behind a Bahamian statute," Deltec and Mr. Chalopin have shown Plaintiffs an avenue through which they *can* obtain the requested discovery.  This Court should require Plaintiffs to follow the clear and applicable procedure under EPOJA to allow Deltec and Mr. Chalopin to respond to reasonable requests without violating the law of their home jurisdiction.

*Second*, Plaintiffs' request to expedite the discovery they are seeking is detached from the realities of discovery and the extraordinarily overreaching scope of the Requests.  Plaintiffs'

Requests—which include *seventy* requests for production, including subparts, to Deltec; a 30(b)(6) deposition notice to Deltec that effectively seeks testimony on *seventy-seven* topics; *nineteen* requests for production to Mr. Chalopin; and a deposition notice to Mr. Chalopin that is not limited to testimony regarding jurisdictional topics—are vastly overbroad, unduly burdensome, and largely irrelevant to jurisdictional issues.  It would be effectively impossible for any party to comply with such expansive discovery requests in approximately two weeks; that difficulty is even more acute for Deltec, a small Bahamian bank that does not litigate in the U.S., has fewer than 150 full-time employees, and had under $15 million in net income in 2023 based on the bank's unaudited financial statements for 2023.

## ARGUMENT

### I.   PLAINTIFFS REFUSED TO COMPLY WITH APPLICABLE PROCEDURES THAT WOULD ALLOW DELTEC AND MR. CHALOPIN TO RESPOND TO "LIMITED" JURISDICTIONAL DISCOVERY WITHOUT BEING SUBJECT TO SANCTIONS UNDER BAHAMIAN LAW

As explained in Deltec's and Mr. Chalopin's companion motion to quash, as a regulated financial institution operating in The Bahamas, Deltec's or its chairman's failure to comply with local laws will expose the bank to civil, criminal, and/or regulatory sanctions.  Among other things, the disclosure of client information by a financial institution in The Bahamas—as the Requests require—is expressly prohibited by Bahamian law and contravention constitutes a serious breach under Bahamian law.  (Darville Decl. ¶ 5.)  Indeed, absent an order from the Supreme Court of The Commonwealth of The Bahamas authorizing disclosure, Deltec and Mr. Chalopin face penalties under Bahamian law—including a fine of $25,000 or imprisonment of up to two years—if they are made to comply with the Requests.  (*Id.* ¶ 6.)  Deltec and Mr. Chalopin thus cannot respond to the Requests in compliance with banking regulations without Plaintiffs seeking authorization under EPOJA, which provides the mechanism to obtain evidence located in The Bahamas as part of a foreign proceeding.  Counsel for Deltec and Mr. Chalopin explained this issue—and the EPOJA—to Plaintiffs' counsel but they have refused to comply with it.

### II.   THE LAW OF THIS CIRCUIT ALLOWS THIS COURT TO REQUIRE PLAINTIFFS TO FOLLOW THE RELEVANT PROCEDURES UNDER BAHAMIAN LAW IN ORDER TO OBTAIN THE REQUESTED DISCOVERY

"American courts, in supervising pretrial proceedings, should exercise special vigilance to protect foreign litigants from the danger that unnecessary, or unduly burdensome, discovery may place them in a disadvantageous position."  *Societe Nationale Industrielle Aerospatiale v.*

*U.S. Dist. Ct. for S. Dist. of Iowa*, 482 U.S. 522, 546 (1987).  In considering discovery requests that seek information located abroad from a foreign party, courts conduct a comity analysis guided by five factors:  (1) importance to the litigation of the documents requested; (2) degree of specificity of the request; (3) whether the information originated in the U.S.; (4) the availability of alternative means of securing the information; and (5) the extent to which noncompliance with the request would undermine important interests of the U.S., or compliance with the request would undermine important interests of the state where the information is located.  *Euclid Fish Co. v. Cape Fla. Seafood*, 2021 WL 4976530, at *10 (S.D. Fla. Aug. 20, 2021), *report and rec. adopted*, 2021 WL 4145207 (S.D. Fla. Sept. 13, 2021) (citing *Aerospatiale*, 482 U.S. 522).[2]

Each of these factors supports requiring Plaintiffs to use enumerated procedures under Bahamian law to avoid punitive results for Deltec and Mr. Chalopin.  With regard to the first and second factors, the Requests are so overreaching that most categories of requested documents are irrelevant to jurisdiction.  Though Plaintiffs marshal a half-hearted explanation that the Requests are relevant to "several theories of jurisdiction" (Mot. at 5), that is precisely the type of fishing expedition this Court should deny—having failed to plead that Deltec or Mr. Chalopin took *any* actions in the U.S., Plaintiffs now seek information on virtually every single aspect of their banking business to somehow connect them to a purported conspiracy centered around Florida.

Even more troubling is Plaintiffs' contention that they are seeking such jurisdictional discovery from Deltec and Mr. Chalopin under "an intentional tort theory, 'based on alleged tortious action *causing harm in the forum state*.'"  (Mot. at 5 (emphasis added).)  The claims against Deltec and Mr. Chalopin in this regard are aiding and abetting FTX's fraud, breach of fiduciary duty, and conversion.  In effect, Plaintiffs are arguing that regardless of where the alleged tortious actions took place (here, allegedly The Bahamas) and even if Deltec and Mr. Chalopin have no connection to Florida, the mere fact that Plaintiffs have alleged Deltec's

---

[2] Many cases that address comity concerns around discovery from foreign parties involve parties who are already subject to the court's jurisdiction.  Indeed, the cases Plaintiffs cite in their Motion in urging this Court to disregard applicable procedures under EPOJA involve foreign parties who had submitted to a court's jurisdiction.  *See* Mot. at 3 n.2-3 (citing *Burrow v. Forjas Taurus S.A.*, 2017 WL 2620067 (S.D. Fla. June 16, 2017) (defendant had submitted to court's jurisdiction); *Aerospatiale*, 482 U.S. 522 (defendant had submitted to court's jurisdiction)).  Unlike in these cases, this Court has not yet determined that it has jurisdiction over Deltec or Mr. Chalopin, and the need to protect their interests as foreign litigants is even more acute.  *See also* Mot. at 2 (citing *In re Chiquita Brands Int'l, Inc.*, 2015 WL 12601043 (S.D. Fla. Apr. 7, 2015) (contrasting a situation where "discovery is sought from a foreign *party*, over whom a federal court has *in personam* jurisdiction" from a situation where "a litigant seeks to depose a foreign *non-party* who is not subject to the court's *in personam* jurisdiction" and holding that "resort to the Hague Evidence Convention is particularly appropriate" in the latter scenario (emphasis in original))).

and Mr. Chalopin's purported tortious acts somehow caused injury within Florida allows Plaintiffs to seek expansive merits-like discovery. Plaintiffs cite no case law for this proposition and for good reason; indeed, this is wholly improper merits discovery. *See Euclid*, 2021 WL 4976530, at \*10 (ordering plaintiffs to proceed under Hague Convention to obtain discovery from foreign entity where plaintiffs "seek broad swaths of information that did not originate in the United States and can be achieved by other means").

The third and fourth factors similarly favor Deltec and Mr. Chalopin. All of the requested discovery originated and resides in The Bahamas, and Plaintiffs have a clear alternate path to obtaining discovery under EPOJA.[3] Finally, with respect to the fifth factor, Plaintiffs are private litigants and no national interests of the U.S. are undermined by requiring Plaintiffs to follow Bahamian procedures.[4] To the contrary, The Bahamas has a strong national interest in upholding its laws, and Deltec and Mr. Chalopin should not be required to undercut that interest. *See Euclid*, 2021 WL 4976530, at \*10 (finding that "Norway's interest in protecting confidential information related to its foreign and domestic policies" justified ordering plaintiffs to proceed under Hague Convention to obtain discovery from Norwegian entity).

## III.   PLAINTIFFS' REQUEST TO EXPEDITE DISCOVERY SHOULD BE DENIED

Plaintiffs' request to expedite is inconceivable in light of the overbroad nature of their Requests. Rather than serving "limited" discovery, Plaintiffs opted to serve onerous and oppressive discovery that was not designed seriously or in good faith, and even if otherwise permissible (it is not) could not be complied with on their proposed timeline.[5] As set forth in the companion motion to quash, this Court should require Plaintiffs to narrowly tailor their Requests to jurisdictional issues and follow the procedures under Bahamian law to obtain discovery.

## CONCLUSION

Deltec and Mr. Chalopin respectfully request that the Motion be denied.

---

[3] The cases Plaintiffs cite involve comity concerns that are not present before this Court. *See* Mot. at 3 n.3 (citing *In re Vitamins Antitrust Litig.*, 120 F. Supp. 2d 45, 56-57 (D.D.C. 2000) (expressing concern that foreign procedures for obtaining discovery under Japanese and Belgian laws would be insufficient to ensure responses)).

[4] *See* Restatement (Third) of Foreign Relations Law § 442 ("In balancing respective national interests in ruling on requests for discovery of documents located abroad, [] requests by private parties [] should be scrutinized more carefully []").

[5] For instance, Plaintiffs' 30(b)(6) deposition notice to Deltec, setting a deposition date for January 11, 2024, was served at 6:46 p.m. after business hours on Friday, December 22, a full four days after Judge Moore issued his order regarding jurisdictional discovery on Monday, December 18 and on the eve of the Christmas holiday. Even if there were not serious threshold issues to navigate, no party can designate and prepare a 30(b)(6) representative on seventy-seven overbroad topics over the holiday period.

## <u>CERTIFICATE OF CONFERRAL</u>

In accordance with Local Rule 7.1(a)(3) and this Court's procedures, counsel for Deltec and Mr. Chalopin conferred with Plaintiffs' counsel in a good faith effort to resolve the issues raised by this motion via email over the course of several days, including on January 11 and 12, and over the phone on January 4, 2024, but were unable to do so.

Dated: January 12, 2024
New York, New York

Respectfully submitted,

/s/ *Lara Samet Buchwald*

Lara Samet Buchwald
NY Bar No. 4700944
(*Certificate of Understanding filed*)
lara.buchwald@davispolk.com
Tatiana Martins
NY Bar No. 4300455
(*Certificate of Understanding filed*)
tatiana.martins@davispolk.com
**Davis Polk & Wardwell LLP**
450 Lexington Avenue
New York, New York 10017
Tel: 212-450-4000
Fax: 212-701-5351

-and-

Desirée Moore
Illinois Bar No. 6286198
(*Certificate of Understanding filed*)
dmoore@venable.com
Daniel Hayes,
Illinoi Bar No. 6243089
(*Certificate of Understanding filed*)
dhayes@venable.com
Joseph B. Isenberg
Florida Bar No. 1018077
jbisenberg@venable.com
**Venable LLP**
227 West Monroe St., Suite 1900
Chicago, IL 60606
Tel: 312-820-3436
Fax: 312-820-3401

*Attorneys for Defendants Deltec Bank and
Trust Company Limited and Jean Chalopin*