**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**
No. 1:23-md-3076-KMM/EIS

| | |
|---|---|
| *In re FTX Cryptocurrency Exchange Collapse Litigation* | |
| This Document Relates to the Administrative Class Action Complaint and Demand for Jury Trial as to the Bank Defendants (ECF No. 155) | |

**DEFENDANTS DELTEC BANK AND TRUST COMPANY LIMITED AND JEAN CHALOPIN'S MOTION TO QUASH JURISDICTIONAL DISCOVERY OR FOR A PROTECTIVE ORDER**

## **TABLE OF CONTENTS**

Page

INTRODUCTION ...........................................................................................................................1

ARGUMENT ...................................................................................................................................2

    I.     THE DISCOVERY SHOULD BE QUASHED BECAUSE PLAINTIFFS FAILED TO COMPLY WITH APPLICABLE PROCEDURES UNDER BAHAMIAN LAW THAT WOULD ALLOW DELTEC AND MR. CHALOPIN TO RESPOND TO LIMITED JURISDICTIONAL DISCOVERY WITHOUT BEING SUBJECT TO SANCTIONS UNDER BAHAMIAN LAW ........................................................................................2

    II.    THE REQUESTS SHOULD BE QUASHED BECAUSE THEY ARE INCONSISTENT WITH JUDGE MOORE'S ORDER GRANTING "LIMITED" JURISDICTIONAL DISCOVERY ......................................................3

        A.    Plaintiffs' Requests Are a Vastly Overbroad Fishing Expedition that Is Anything but the "Limited" Discovery Authorized by Judge Moore...................................................................................................3

        B.    The Requests Should Be Quashed Because They Are Inconsistent with Well-Settled Eleventh Circuit Law........................................................4

        C.    The Requested Depositions Should Be Quashed Because Plaintiffs Did Not Seek, and Judge Moore Thus Did Not Authorize, Jurisdictional Depositions of Deltec or Mr. Chalopin ................................5

    III.   THE DEPOSITIONS SHOULD BE STAYED PENDING RESOLUTION OF THIS MOTION............................................................................................5

CONCLUSION................................................................................................................................5

Defendants Deltec Bank and Trust Company Limited ("Deltec") and its Chairman, Jean Chalopin, by and through their undersigned attorneys, respectfully submit this motion to quash the discovery served on each of Deltec and Mr. Chalopin by Plaintiffs on December 22, 2023 (the "Requests") and/or seeking a protective order. (*See* Exs. A-D (requests for production and deposition notices to Deltec and Mr. Chalopin).) Deltec and Mr. Chalopin further request a stay of the jurisdictional depositions noticed for each of them pending resolution of this motion.

## INTRODUCTION

With each successive filing, Plaintiffs' assertions move further away from the allegations in their Complaint (ECF No. 155), increasingly distorting not only their pleading, but also reality. Notwithstanding Plaintiffs' embellished description of their pleading, the Complaint contains fewer than 15 pages of allegations about Deltec and Mr. Chalopin. (*Id.*) Within those pages—or anywhere else in the 135-page Complaint—Plaintiffs do *not* plead conspiracy-based jurisdiction, they do *not* invoke any provisions under Florida's or Washington's long-arm statutes, they do *not* plead that Deltec or Mr. Chalopin took a single action in or ever visited Florida or Washington, they do *not* plead that Deltec provided any services to FTX anywhere in the United States, and they do *not* plead that any of Deltec's or Mr. Chalopin's actions caused any harm within Florida or Washington apart from a non-specific allegation that Deltec's and Mr. Chalopin's actions purportedly caused "damages to Class Members." (*See id.*)

After Deltec and Mr. Chalopin filed a case-dispositive motion to dismiss, Plaintiffs sought leave to serve jurisdictional discovery. (ECF No. 348.) Plaintiffs attached proposed discovery to their motion, which included requests for production—but not deposition notices—directed at Deltec and Mr. Chalopin. (*See* ECF No. 348-05.) Judge Moore granted the motion on Monday, December 18, authorizing "limited jurisdictional discovery." (Ex. E.) Under the guise of jurisdictional discovery, the Requests served by Plaintiffs on Friday, December 22—which now included previously undisclosed deposition notices to Deltec and Mr. Chalopin—are an overbroad fishing expedition that should be quashed for two independent reasons.

*First*, as Bahamian residents and citizens, Deltec and Mr. Chalopin are bound by Bahamian law, which would subject them to penalties for producing information in response to the Requests absent Plaintiffs seeking an order from the appropriate Bahamian authorities authorizing such disclosure. (*See* Declaration of L. Darville ("Darville Decl.").)

*Second*, the Requests should be quashed because they are wholly inconsistent with Judge

Moore's order granting "limited" jurisdictional discovery. The Requests—which include *seventy* requests for production, including subparts, directed at Deltec; a 30(b)(6) deposition notice to Deltec that effectively requires testimony on *seventy-seven* topics; *nineteen* requests for production directed at Mr. Chalopin; and a deposition notice to Mr. Chalopin that is not limited to testimony regarding jurisdictional topics—are anything but "limited." The Requests are also improper under Eleventh Circuit law because Plaintiffs are seeking discovery from Deltec or Mr. Chalopin on topics over which there is no dispute as to any jurisdictional fact or allegation.

Plaintiffs' Requests to Deltec and Mr. Chalopin should thus be quashed or, in the alternative, Plaintiffs should be directed to seek discovery—if they choose to pursue it—that complies with both the processes under Bahamian law and the scope of Judge Moore's order.

## ARGUMENT

"Rule 26(c) provides that upon a showing of good cause, a court 'may make any order which justice requires to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense.'" *Auto-Owners Ins. Co. v. Se. Floating Docks, Inc.*, 231 F.R.D. 426, 429 (M.D. Fla. 2005). Here, for the reasons outlined below, there is good cause to enter an order quashing the Requests and/or granting a protective order requiring Plaintiffs to comply with applicable procedures under Bahamian law and Judge Moore's order.

**I.    THE DISCOVERY SHOULD BE QUASHED BECAUSE PLAINTIFFS FAILED TO COMPLY WITH APPLICABLE PROCEDURES UNDER BAHAMIAN LAW THAT WOULD ALLOW DELTEC AND MR. CHALOPIN TO RESPOND TO LIMITED JURISDICTIONAL DISCOVERY WITHOUT BEING SUBJECT TO SANCTIONS UNDER BAHAMIAN LAW**

As also described in Deltec's and Mr. Chalopin's concurrently filed opposition to Plaintiffs' motion to compel, as a Bahamian financial institution, Deltec and its Chairman are bound by Bahamian banking law, which strictly prohibits the disclosure of client information such as that sought by Plaintiffs' Requests. (Darville Decl. ¶ 5; *see also* Exs. A-D.) Bahamian law provides an exception to this rule. Pursuant to the Bahamian Evidence (Proceedings in Other Jurisdictions) Act, an order from Bahamian judicial authorities authorizing the disclosure of such information in connection with a foreign proceeding, which can be obtained upon request by the party seeking discovery, excuses the party producing the information from being subject to consequences under Bahamian law. (Darville Decl. ¶ 7.) Deltec's and Mr. Chalopin's failure to comply with Bahamian law requiring them to preserve the confidentiality of client

2

information—which would occur if they were to respond to Plaintiffs' discovery requests absent an order from a Bahamian court authorizing them to do so—would subject them to prosecution and/or penalties in The Bahamas, including a fine of $25,000 or imprisonment of up to two years. (*Id.* ¶ 6.) As other federal courts have done, under principles of comity, this Court can and should require Plaintiffs to follow the prescribed procedure under Bahamian law to obtain discovery in order to avoid subjecting Deltec and Mr. Chalopin to sanctions under Bahamian law.[1] Any other result would place Deltec and Mr. Chalopin in the impossible position of either complying with this Court's order but facing strict penalties in their home jurisdiction, or failing to comply with this Court's order to avoid penalties in The Bahamas.

## II. THE REQUESTS SHOULD BE QUASHED BECAUSE THEY ARE INCONSISTENT WITH JUDGE MOORE'S ORDER GRANTING "LIMITED" JURISDICTIONAL DISCOVERY

Judge Moore's order allows this Court to consider and resolve "[a]ny dispute regarding jurisdictional discovery, including but not limited to the breadth of the discovery requests." (Ex. E at 6.) This Court is thus empowered to quash the Requests in their entirety in its discretion.

### A. Plaintiffs' Requests Are a Vastly Overbroad Fishing Expedition that Is Anything but the "Limited" Discovery Authorized by Judge Moore

The law is clear that a plaintiff cannot use jurisdictional discovery as a fishing expedition in an attempt to search for information beyond the scope of relevant jurisdictional issues. *Spigot, Inc. v. Hoggatt*, 2019 WL 4980455, at *2 (M.D. Fla. Oct. 8, 2019) ("[J]urisdictional discovery should be 'narrowly tailored' to personal jurisdiction issues implicated by the motion to dismiss."). The vast majority of the Requests are entirely irrelevant to the question of whether there is jurisdiction over Deltec or Mr. Chalopin in Florida or Washington and therefore do not comply with Judge Moore's order.[2] Indeed, jurisdictional discovery does not "permit[] a

---

[1] *See, e.g., Tiffany (NJ) LLC v. Qi*, 276 F.R.D. 143 (S.D.N.Y. 2011) (engaging in comity analysis and refusing to order production of documents by a Chinese entity that would have violated Chinese banking laws, and instead ordering requesting party to proceed through Hague Convention); *S.E.C. v. Stanford Int'l Bank, Ltd.*, 776 F. Supp. 2d 323 (N.D. Tex. 2011) (refusing to order a Swiss entity to produce discovery that would have violated Swiss banking laws under principle of comity and holding that "[a]lthough subsequent events may force the Court to order [the Swiss entity] to produce the sought-after materials under the Federal Rules, that possibility does not counsel ignoring the availability and appropriateness of utilizing the [Hague] Convention in this case").

[2] For instance, Plaintiffs request documents regarding Deltec's banking relationship in The Bahamas with other clients who are non-parties to this litigation, a purported sale by Mr. Chalopin of a condominium in The Bahamas, and various other irrelevant topics. Indeed, not a single request is tailored to jurisdictional issues. (*See* Exs. A-D.)

plaintiff to seek facts that would ultimately not support a showing [of] personal jurisdiction." *Farrell v. Royal Caribbean Cruises*, 917 F. Supp. 2d 1248, 1252 (S.D. Fla. 2013) (citation omitted).

Plaintiffs' argument that they can seek exceptionally broad jurisdictional discovery based on the fact that they have pleaded civil conspiracy and aiding and abetting claims against Deltec and Mr. Chalopin is inconsistent with first principles of personal jurisdiction—Plaintiffs cannot engage in a fishing expedition on the basis of wholly conclusory and speculative allegations without specifically explaining how the requested discovery would assist this Court in analyzing whether it can assert jurisdiction over Deltec and Mr. Chalopin. *See Aviation One of Fla. v. Airborne Ins. Consultants*, 722 F. App'x 870, 886 (11th Cir. 2018) (affirming denial of jurisdictional discovery where "[plaintiff] does not explain how such discovery would have aided the court's analysis"); *Breckenridge Pharm., Inc. v. Red River Pharma*, LLC, 2006 WL 8433672, at *2 (S.D. Fla. Feb. 17, 2006) (denying jurisdictional discovery that "delve[d] into the merits . . . and [was] unnecessary for the determination of the existence of personal jurisdiction").

### B. The Requests Should Be Quashed Because They Are Inconsistent with Well-Settled Eleventh Circuit Law

Plaintiffs face a fundamental hurdle in seeking jurisdictional discovery from Deltec and Mr. Chalopin: "[a]lthough a motion to dismiss for lack of personal jurisdiction may in some cases require limited jurisdictional discovery, that is only true if the resolution of that motion turns on findings of fact." *RMS Titanic, Inc. v. Kingsmen Creatives, Ltd.*, 579 F. App'x 779, 791 (11th Cir. 2014) (internal quotations omitted). "[*If*] the counter-facts [offered by a defendant] create a genuine dispute with the well-pled facts in the complaint, the plaintiff has a right to limited jurisdictional discovery *on those genuinely-disputed facts*." *In re Zantac Prod. Liab. Litig.*, 2020 WL 6907056, at *3 (S.D. Fla. Nov. 24, 2020) (emphasis added); *see also* Ex. E (Order) at 3 ("To demonstrate its entitlement to jurisdictional discovery, a plaintiff must [show] a genuine dispute of fact that is material to the court's jurisdiction.").

Here, there is no jurisdictional fact in dispute with respect to Deltec and Mr. Chalopin because their Rule 12(b)(2) motion only challenges the facial sufficiency of Plaintiffs'

allegations, and neither submitted a declaration that could create a factual dispute as to any allegation in the Complaint.[3]

### C. The Requested Depositions Should Be Quashed Because Plaintiffs Did Not Seek, and Judge Moore Thus Did Not Authorize, Jurisdictional Depositions of Deltec or Mr. Chalopin

Plaintiffs did not seek leave to depose either Deltec or Mr. Chalopin. In fact, Plaintiffs explicitly moved to depose "thirteen Defendants" and cited to their proposed discovery requests, which did not include requests to depose Deltec or Mr. Chalopin. (*See* ECF No. 348 at 12-13.) Having failed to request jurisdictional depositions of Deltec and Mr. Chalopin, Plaintiffs cannot now claim that Judge Moore's order authorizing "limited jurisdictional discovery" (Ex. E) somehow allows them to serve additional forms of jurisdictional discovery beyond those requested in their motion (*see* ECF No. 348), let alone an onerous 30(b)(6) deposition notice.

In any event, Plaintiffs have failed to explain what additional information they could gain from depositions of Deltec and Mr. Chalopin that they would be unable to glean from appropriately tailored requests for production. Under such circumstances, courts in this Circuit have denied jurisdictional depositions. *See Mezerhane v. República Bolivariana de Venezuela*, 2013 WL 11322604, at *7 (S.D. Fla. Dec. 30, 2013), *aff'd*, 785 F.3d 545 (11th Cir. 2015) (denying jurisdictional depositions where court was "not persuaded" that such depositions "will illuminate any facts tending to further prove or disprove" jurisdictional issues).

### III. THE DEPOSITIONS SHOULD BE STAYED PENDING RESOLUTION OF THIS MOTION

Given the significant threshold issues involved in Deltec's and Mr. Chalopin's ability to comply with the Requests, Deltec and Mr. Chalopin request a stay of the noticed depositions pending final resolution of these issues. No party will be prejudiced by such a stay.

### CONCLUSION

For the foregoing reasons, Deltec and Mr. Chalopin respectfully request that Plaintiffs' Requests be quashed or, in the alternative, Plaintiffs be directed to seek discovery that complies with both the scope of Judge Moore's order and the processes established under Bahamian law.

---

[3] Judge Moore's order granting jurisdictional discovery cites to pages 8-9 of Plaintiffs' reply as supposedly identifying factual disputes as to Deltec and Mr. Chalopin that are relevant to the jurisdictional inquiry. (Ex. E at 5.) But the pages of the reply cited by the order do not identify *a single* factual dispute relevant to jurisdiction over Deltec or Mr. Chalopin. (*See* ECF No. 391 at 8-9.)

## **CERTIFICATE OF CONFERRAL**

In accordance with Local Rule 7.1(a)(3) and this Court's procedures, counsel for Deltec and Mr. Chalopin conferred with Plaintiffs' counsel in a good faith effort to resolve the issues raised by this motion via email over the course of several days, including on January 11 and 12, 2024, and over the phone on January 4, 2024, but were unable to do so.

Dated: January 12, 2024
       New York, New York

Respectfully submitted,

/s/ *Lara Samet Buchwald*
Lara Samet Buchwald
NY Bar No. 4700944
(*Certificate of Understanding filed*)
lara.buchwald@davispolk.com
Tatiana Martins
NY Bar No. 4300455
(*Certificate of Understanding filed*)
tatiana.martins@davispolk.com
**Davis Polk & Wardwell LLP**
450 Lexington Avenue
New York, New York 10017
Tel: 212-450-4000
Fax: 212-701-5351

-and-

Desirée Moore
Illinois Bar No. 6286198
(*Certificate of Understanding filed*)
dmoore@venable.com
Daniel Hayes,
Illinoi Bar No. 6243089
(*Certificate of Understanding filed*)
dhayes@venable.com
Joseph B. Isenberg
Florida Bar No. 1018077
jbisenberg@venable.com
**Venable LLP**
227 West Monroe St., Suite 1900
Chicago, IL 60606
Tel: 312-820-3436
Fax: 312-820-3401

*Attorneys for Defendants Deltec Bank and Trust Company Limited and Jean Chalopin*