# Exhibit E

# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF FLORIDA

Case No. 1:23-md-03076-KMM

In RE:

FTX CRYPTOCURRENCY EXCHANGE
COLLAPSE LITIGATION

_____/

## ORDER

THIS CAUSE comes upon Plaintiffs' Omnibus Motion to Lift Discovery Stay and for Leave to Conduct Jurisdictional Discovery, and, If Necessary to Amend Their Complaints with Any Facts Arising from Such Discovery. *See* ("Mot.") (ECF No. 348). Therein, Plaintiffs request that the Court lift the discovery stay, permit Plaintiffs to take jurisdictional discovery from an assortment of the Bank Defendants, Multinational VC Defendants, and Promoter/Sports and Entertainment Defendants,[1] and allow Plaintiffs to amend their various administrative class action complaints ("Amended Complaints") or oppositions to pending motions to dismiss following the completion of jurisdictional discovery. *See generally id.* Defendants filed multiple responses in opposition. *See* (collectively, "Responses") (ECF Nos. 374, 377, 378, 379, 380, 381, 382, 383). In turn, Plaintiffs filed multiple replies. *See* (collectively, "Replies") (ECF Nos. 384, 388, 389, 390, 391). The matter is now ripe for review.

---

[1] Specifically, Plaintiffs seek jurisdictional discovery as to Stephen Curry, Golden State Warriors LLC, Solomid Corporation, Naomi Osaka, Udonis Haslem, Lawrence Gene David, Andre Jikh, Jeremy LeFebvre, Graham Stephan, Jaspreet Singh, Erika Kullberg, Brian Jung, Creators Agency LLC, SoftBank Group Corp., SoftBank Investment Advisers (UK) Limited, SoftBank Global Advisers Limited, Temasek Holdings (Private) Limited, Temasek International USA LLC, Sino Global Capital Holdings LLC, Farmington State Bank d/b/a Moonstone Bank ("Moonstone"), Deltec Bank and Trust Company Limited, and Jean Chalopin. For the purposes of this Order, the Court refers to these individuals and entities collectively as "Defendants."

## I.    BACKGROUND

On June 21, 2023, and shortly after the consolidation of this MDL, the Court issued an Initial Case Management Order which set forth the scheduling order by which this Action would proceed.  *See* (ECF No. 61).  Therein, the Court directed the Parties to resolve all issues related to personal jurisdiction, instructed Plaintiffs to file consolidated amended complaints, and crafted deadlines for responsive pleadings.  *See id.* at 4–5.  Plaintiffs then filed seven Amended Complaints.  *See* (ECF Nos. 153, 155, 157, 158, 178, 179, 182).  To streamline the efficiency of these proceedings, the Court issued a paperless order setting forth the procedures by which the Defendants could file motions to dismiss.  *See* (ECF No. 216).

On August 3, 2023, the Court *sua sponte* stayed discovery until September 19, 2023 "to allow Plaintiffs to prepare their Amended Complaints and for Defendants to prepare their answers or responses."  (ECF No. 152).  Shortly thereafter, the Government filed an Application to Intervene and Motion to Stay (ECF No. 247), as did Defendant Samuel Bankman-Fried (ECF No. 241), pending the conclusion of Samuel Bankman-Fried's criminal trial in the Southern District of New York.  The Court granted the motions and extended the discovery stay until the completion of the criminal trial and explained that "the Parties may move to reopen or extend discovery" at that time.  (ECF No. 318).

Now, the motions to dismiss for each Administrative Class Action Complaint are fully briefed and discovery remains stayed.  And despite the Court's prior directive, the Parties have failed to resolve the issues related to personal jurisdiction.  Accordingly, Plaintiffs seek to lift the discovery stay, conduct limited jurisdictional discovery, and amend either their Amended Complaints or their responsive pleadings to Defendants' motions to dismiss that are based on

personal jurisdiction grounds. *See generally* Mot. For the following reasons, Plaintiffs' request is GRANTED IN PART and DENIED IN PART.

## II. DISCUSSION

The lynchpin of Plaintiffs' motion is whether they are entitled to jurisdictional discovery. If they are, then the Court would lift the discovery stay (at least for the purpose of permitting jurisdictional discovery), and the issue of whether Plaintiffs may amend their pleadings would follow. The Parties, however, sharply dispute whether Plaintiffs have made the necessary showing to entitle them to engage in jurisdictional discovery. *See generally* Mot; Responses.

While district courts ordinarily enjoy broad discretion over discovery, "jurisdictional discovery is not entirely discretionary." *Eaton v. Dorchester Dev., Inc.*, 692 F.2d 727, 729 (11th Cir. 1982). A plaintiff enjoys a qualified right to jurisdictional discovery when it timely moved for jurisdictional discovery and the information the plaintiff seeks from such discovery would give rise to jurisdiction. *See Posner v. Essex Ins. Co.*, 178 F.3d 1209, 1214 n.7 (11th Cir. 1999). To demonstrate its entitlement to jurisdictional discovery, a plaintiff must (1) plead a *prima facie* case of personal jurisdiction, and (2) there must be a genuine dispute of fact that is material to the court's jurisdiction. *See Am. Civ. Liberties Union of Fla., Inc., v. City of Sarasota*, 859 F.3d 1337, 1340–41 (11th Cir. 2017); *In re Zantac (Ranitidine) Products Liability Litig.*, No. 20-MD-2924, 2020 WL 6907056, at *2, *6 (S.D. Fla. Nov. 24, 2020). "When facts that go to the merits and the court's jurisdiction are intertwined and genuinely in dispute," the Court "abuses its discretion if it completely denies a party jurisdictional discovery." *Am. Civ. Liberties Union of Fla.*, 859 F.3d at 1341.

In their Responses, Defendants each raise similar arguments: Plaintiffs failed to plead a *prima facie* case of personal jurisdiction, and even if they had, Plaintiffs have not identified factual

disputes which would entitle them to jurisdictional discovery.  *See, e.g.*, (ECF No. 378 at 11) ("[H]ere, where the allegations alone do not establish a *prima facie* case of personal jurisdiction, no jurisdictional discovery is warranted"); (ECF No. 380 at 8) ("At bottom, Plaintiffs realize that they have not discharged their burden of pleading a *prima facie* case of jurisdiction over Deltec and Mr. Chalopin"); (ECF No. 381 at 2–3) ("Indeed, Plaintiffs' motion barely even mentions the California S&E Defendants, much less any disputed factual issue requiring jurisdictional discovery—which is unsurprising because the California S&E Defendants only contested the sufficiency of Plaintiffs' allegations, and did not dispute the facts pled.").

Plaintiffs first respond that they have pled a *prima facie* case of personal jurisdiction as to each Defendant.  *See* (ECF No. 388) (alleging Defendant Temasek committed an intentional tort causing injury within the forum state or participated in a conspiracy where at least one act in furtherance of the conspiracy occurred in the forum state); (ECF No. 389) (alleging that personal jurisdiction over some VC Defendants are proper based on a civil conspiracy theory of personal jurisdiction); (ECF No. 390 at 2–3) (alleging there is personal jurisdiction as to the Sports and Entertainment and Youtuber Defendants based on an alleged tortious action causing harm in the forum state); (ECF No. 391 at 4) (alleging the Bank Defendants committed an intentional tort causing injury within the forum state).  Based on these theories of personal jurisdiction, Plaintiffs identify factual disputes relevant to the jurisdictional inquiry in each Reply.  *See, e.g.*, (ECF No. 388 at 6–7) (explaining there is a factual dispute regarding Defendant Temasek's contacts with the forum state and the "purported corporate separateness between the Temasek entities"); (ECF No. 389 at 6–7) (explaining there is a factual dispute as to whether allegations of civil conspiracy on behalf of Sino Global Capital may be imputed to Defendant Sino Global Capital Holdings); (ECF No. 390 at 3–4) (explaining there are factual disputes as to the existence of a conspiracy between

the Promoter/Sports and Entertainment Defendants and FTX), (ECF No. 391 at 8–9) (same).  To Plaintiffs, each of the "attacks on jurisdiction 'go right to the merits of the overall case,'" and thus, the Court should permit jurisdictional discovery.  *See* (ECF No. 389 at 5) (citing *Am. Civil Liberties of Fla.*, 859 F.3d at 1341)).

In light of the foregoing, the Court agrees with Plaintiffs that limited jurisdictional discovery is appropriate.[2]  The disputed facts related to Plaintiffs' theories of personal jurisdiction are intertwined with the merits of the respective cases—thus, Plaintiffs have a qualified right to jurisdictional discovery.[3]  The Court will thus lift the discovery stay, but only as it pertains to the limited jurisdictional discovery that is subject to this Order.  Insofar as Plaintiffs request a lift of the discovery stay altogether, such request is denied until the Court adjudicates the outstanding motions to dismiss.  *See Chudasama v. Mazda Motor Corp.*, 123 F.3d 1353, 1367 (11th Cir. 1997) ("Facial challenges to the legal sufficiency of a claim or defense, such as a motion to dismiss based on failure to state a claim for relief, should however, be resolved before discovery begins.").

Moreover, the Court denies the Motion as to Plaintiffs' request to amend their various Amended Complaints or responsive pleadings.  Such a request is premature, particularly when it is unclear what information may be gleaned from jurisdictional discovery.  To the extent Plaintiffs

---

[2]  This Order grants limited jurisdictional discovery to all aforementioned Defendants excluding Udonis Haslem. Defendant Haslem has not challenged personal jurisdiction, *see* (ECF No. 381 at 13), and the Court finds no reason why jurisdictional discovery would be relevant as to him. Plaintiffs clarify that they only seek discovery from Defendant Haslem "concerning service of process, not jurisdiction."  (ECF 390 at 4 n.5).  Because the Court finds no justification to permit discovery regarding service of process as to Defendant Haslem, the Court denies this request.

[3] The Court also notes that some Defendants object to the breadth of Plaintiffs' proposed discovery requests.  *See* (ECF No. 380 at 10–11).  By separate order, the Court will refer all discovery disputes to a United States Magistrate Judge.

are able to procure information helpful to it from jurisdictional discovery, they may move to file supplemental responses to motions to dismiss based on a lack of personal jurisdiction.

### III.   CONCLUSION

UPON CONSIDERATION of the Motion, the pertinent portions of the record, and being otherwise fully advised in the premises, it is hereby ORDERED AND ADJUDGED that Plaintiffs' Motion (ECF No. 348) is GRANTED IN PART AND DENIED IN PART.  It is FURTHER ORDERED that:

1. Plaintiffs shall have 45 days from the date of this order to conduct limited jurisdictional discovery.

2. Within 15 days after the time permitted for jurisdictional discovery has expired, Plaintiffs may file a motion to supplement their responses to the motions to dismiss for lack of personal jurisdiction.  Should Plaintiffs do so, Defendants will be afforded 7 days to file a reply to the supplemental response.

3. Aside from the limited jurisdictional discovery permitted by this Order, this Order does not disturb the discovery stay currently in place.

4. Plaintiffs' request to amend the Administrative Class Action Complaints or responsive pleadings is DENIED.

5. Any dispute regarding jurisdictional discovery, including but not limited to the breadth of the discovery requests, shall be resolved by a United States Magistrate Judge.

**DONE AND ORDERED** in Chambers at Miami, Florida, this _18th_ day of December, 2023.

_K. M. Moore_
K. MICHAEL MOORE
UNITED STATES DISTRICT JUDGE

cc: All counsel of record