IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA, MIAMI DIVISION
Case No. 1:23-md-03076-KMM

IN RE:

FTX Cryptocurrency Exchange Collapse Litigation

---

THIS DOCUMENT RELATES TO:

*O'Keefe* v. *Sequoia Capital Operations, LLC, et al.*, Case No. 23-cv-20700 (S.D. Fla.)

*O'Keefe* v. *Temasek Holdings (Private) Limited, et al.*, Case No. 1:23-cv-23065 (S.D. Fla.)

*Chernyavsky, et al.* v. *Temasek Holdings (Private) Limited, et al.*, Case No. 1:23-cv-22960 (S.D. Fla.)

*Cabo, et al.* v. *Temasek Holdings (Private) Limited, et al.*, Case No. 1:23-cv-23212 (S.D. Fla.)

---

**TEMASEK HOLDINGS (PRIVATE) LIMITED AND
TEMASEK INTERNATIONAL (USA) LLC'S OPPOSITION TO
<u>PLAINTIFFS' MOTION TO COMPEL AND EXPEDITE DISCOVERY</u>**

## INTRODUCTION AND BACKGROUND

Plaintiffs' position is that, so long as they bring (but do not adequately plead) a conspiracy claim, they can force foreign defendants with no connections to Florida, who have asserted their constitutional rights not to be dragged into litigation in this forum, to conduct plenary document discovery on 46 topics that go beyond the merits of this action (let alone any limited jurisdictional inquiry), answer several interrogatories, and sit for depositions. Plaintiffs take this remarkable position even though the District Court granted them permission to conduct only "limited jurisdictional discovery," and specifically declined to reopen discovery more broadly. Plaintiffs' attempt to burden the Temasek Defendants with a fishing expedition in hopes of bolstering their deficient claims should not be rewarded.[1]

On December 18, 2023, the District Court authorized Plaintiffs to conduct "limited jurisdictional discovery," ECF No. 422 (the "Order"), in advance of resolving the Temasek Defendants' motion to dismiss for lack of personal jurisdiction, ECF No. 300. The District Court expressly denied "a lift of the discovery stay altogether" and instead set a short 45-day period for discovery "only as it pertains to the limited jurisdictional discovery that is subject to this Order." ECF No. 422 at 5. The District Court also identified certain "factual disputes relevant to the jurisdictional inquiry" that Plaintiffs had purportedly raised. For the Temasek Defendants, these disputes concerned their "contacts with the forum state and the 'purported corporate separateness between the Temasek entities.'" ECF No. 422 at 4 (quoting ECF No. 388 at 6–7). Several days later, Plaintiffs served each Temasek Defendant with 46 facially overbroad requests for production ("RFPs"), seven interrogatories, and a deposition notice. Plaintiffs requested, among other things,

---

[1] The Temasek Defendants are Temasek Holdings (Private) Limited ("Temasek Holdings") and Temasek International (USA) LLC ("Temasek USA").

1

every piece of paper in the Temasek Defendants' files related to FTX in any way, and every communication they have ever engaged in regarding FTX.

Consistent with the District Court's Order, counsel for the Temasek Defendants identified Plaintiffs' requests that could be construed to concern the relevant factual disputes. The Temasek Defendants offered to answer nearly all of Plaintiffs' interrogatories, as well as two of their RFPs relating to contacts with FTX insiders, insofar as they related to contacts with Florida and California. ECF No. 455-3 at 3. Given that they had already submitted affidavits in support of their motion to dismiss, which Plaintiffs had not meaningfully contested, and offered to answer interrogatories under oath, the Temasek Defendants objected to appearing for depositions.

During a subsequent meet-and-confer, Plaintiffs asserted that the Temasek Defendants' offer was insufficient, but instead of identifying specific additional requests that they believe were consistent with the District Court's Order, they identified five broad "categories" of information that the Temasek Defendants should search for, which were either untethered to the factual disputes identified by the District Court or sufficiently covered by the Temasek Defendants' affidavits in support of their motion to dismiss and their offer to respond to several requests. *See* ECF No. 455-1 at 3. Plaintiffs filed their motion to compel hours after the meet-and-confer.

I.   **Plaintiffs' Requests Seek Merits Discovery Contrary to the District Court's Order.**

Because they have attempted (and failed) to plead a conspiracy claim involving the Temasek Defendants, Plaintiffs ask this Court to order the Temasek Defendants to engage in merits discovery with no limiting principle. Plaintiffs go so far as to suggest that the District Court blessed this approach, given there was "no limitation stated [in the Order] on the requests that Plaintiffs attached to their motion for leave." ECF No. 455 at 2. This argument is baseless. The Order in no manner passed on objections to Plaintiffs' requests but rather stated that anticipated discovery disputes would be referred to this Court. ECF No. 422 at 5 n.3.

2

Plaintiffs' requests are facially improper because they are both untethered from the District Court's Order specifying the relevant jurisdictional issues and inconsistent with Eleventh Circuit case law.[2] Courts in this District have repeatedly held that jurisdictional discovery may not serve as a "fishing expedition to support speculative jurisdictional claims," *Ghostbed, Inc.* v. *Krim*, 2016 WL 4145899, at *2 (S.D. Fla. Aug. 1, 2016), and that when Defendants properly object that requests seek "materials outside of the scope of the jurisdictional issues" and wade into merits discovery, "the burden is on Plaintiff as the proponent of the motion to compel to prove the relevance of the requested discovery," *Short* v. *Embraer S.A.*, 2020 WL 13401891, at *5 (S.D. Fla. Nov. 17, 2020).[3] Plaintiffs make no attempt to meet this threshold burden in their request to wield the Court's power over foreign defendants that have consistently asserted their due process rights. Indeed, not one of Plaintiffs' 46 RFPs seeks targeted information concerning relevant forum contacts in connection with FTX or any purported agency relationship among the Temasek Defendants.

Plaintiffs assert that they should be entitled to unbridled merits discovery because they have attempted to plead a conspiracy claim. But Plaintiffs cite no case, and we are not aware of any, permitting unlimited merits discovery under the guise of jurisdictional discovery in a case involving conspiracy claims. Rather, the cases Plaintiffs cite involved narrow factual disputes that were dispositive of subject matter jurisdiction, not unsubstantiated conspiracy claims used to bootstrap personal jurisdiction where none exists. *See ACLU of Fla.* v. *City of Sarasota*, 859 F.3d

---

[2]  Per the Court's order, *see* ECF No. 459, the Temasek Defendants set forth the requests to which they object in the attached exhibits.

[3]  *Breckenridge Pharm., Inc.* v. *Red River Pharma, LLC*, 2006 WL 8433672, at *2 (S.D. Fla. Feb. 17, 2006) (rejecting motion to compel when the "request is not limited to documents relating to Defendants' business activities insofar as they relate to the State of Florida" and instead sought documents "delving into the merits of this action"); *Iglesias* v. *Pernod Ricard, S.A.*, 2020 WL 13367918, at *3 (S.D. Fla. Oct. 30, 2020); *JMA, Inc.* v. *Biotronik SE & Co. KG,* 2013 WL 1402322, at *5 (S.D. Fla. Apr. 5, 2013).

3

1337, 1341 (11th Cir. 2017) (discovery granted as to whether specific actions were undertaken at behest of federal agency); *Eaton* v. *Dorchester Dev., Inc.*, 692 F.2d 727, 734 (11th Cir. 1982) (discovery granted as to whether development housed more than 100 units so as to give rise to federal-question jurisdiction).

In any event, even if Plaintiffs had adequately pled a conspiracy claim that might give rise to conspiracy jurisdiction (and they plainly have not, *see* ECF Nos. 303 at 22–23; ECF No. 406 at 11–12), they still would need to plead some connection between Temasek Holdings and Florida to satisfy due process, such that the Temasek Defendants could reasonably anticipate having to litigate in this forum. *See* ECF No. 404 at 6–7. Plaintiffs have pled nothing of the sort, and their last-ditch attempt to obtain unlimited discovery cannot change that reality.

**II.     Plaintiffs' Discovery Requests Are Overbroad and Unduly Burdensome.**

Although the District Court ordered the parties to complete limited jurisdictional discovery by February 1, Plaintiffs served both Temasek Defendants with 46 RFPs each that "would require Defendants to accumulate an extraordinary amount of information that is simply irrelevant to the issue of personal jurisdiction." *See Breckenridge Pharm., Inc*, 2006 WL 8433672, at *2–3. Plaintiffs' 46 requests seek, among other things, every piece of paper relating in any way to any FTX investment; all communications regarding FTX with dozens of parties; tax returns; banking information; and "all documents and work papers concerning your formation, organization, and corporate governance." Plaintiffs simply made no attempt whatsoever to serve targeted jurisdictional discovery requests that any party could reasonably comply with in 45 days.

Plaintiffs' argument that "Temasek has had in its possession the interrogatories and requests for production for more than two months now as those requests were attached to Plaintiffs' motion for leave" is misleading. ECF No. 455 at 4. Discovery in this matter was stayed entirely until the December 18 Order. Further, the Temasek Defendants could not reasonably anticipate

4

that the requests Plaintiffs would serve pursuant to the District Court's authorization of "limited jurisdictional discovery" would mirror their earlier requests for full-blown merits discovery.

**III.    Plaintiffs' Deposition Notices Seek Unduly Burdensome and Irrelevant Testimony.**

As set forth above, the Temasek Defendants submitted detailed factual affidavits in support of their motion to dismiss, which Plaintiffs have brought forth no competent evidence to rebut. ECF Nos. 300-2, 300-3.  The Temasek Defendants have further offered to submit additional sworn testimony by answering nearly all of Plaintiffs' interrogatories.  Plaintiffs' requests to obtain additional testimony in the form of Rule 30(b)(6) depositions of Temasek Holdings and Temasek USA thus should be rejected as unduly cumulative and burdensome.

Moreover, Plaintiffs' deposition notices are overbroad and in no way limited to the narrow jurisdictional questions identified in the District Court's Order.  They broadly seek testimony regarding "this lawsuit," "all Documents and responses provided in response to Plaintiffs' [discovery] requests," as well as "any investments" in FTX and related due diligence. Accordingly, to the extent any depositions are ordered—and they should not be—the Temasek Defendants submit that they should be limited to the factual issues identified in the District Court's Order and limited to no more than two hours each.  *See, e.g.*, *Peach.com, LLC* v. *Peachly, LLC*, 2021 WL 7542983, at *4 (S.D. Fla. June 16, 2021) (setting time limits for depositions and limiting jurisdictional discovery to information relevant to "whether Defendants purposefully availed themselves of Florida and thus whether the Court has personal jurisdiction over this matter").

5

## **CONCLUSION**

Plaintiffs' motion to compel should be denied.

Dated: January 16, 2024                                          Respectfully submitted,

                                                                                            FRIDMAN FELS & SOTO, PLLC

                                                                                            By: *Adam S. Fels*
                                                                                            Adam S. Fels, Florida Bar No. 0114917
                                                                                            150 Alhambra Circle
                                                                                            Suite 715
                                                                                            Coral Gables, Florida 33134
                                                                                            Telephone: (305) 569-7701
                                                                                            Email: afels@ffslawfirm.com

                                                                                                     -   and

                                                                                            Brad S. Karp, *pro hac vice*
                                                                                            Andrew J. Ehrlich, *pro hac vice*
                                                                                            Nina M. Kovalenko, *pro hac vice*
                                                                                            PAUL, WEISS, RIFKIND,
                                                                                              WHARTON & GARRISON LLP
                                                                                            1285 Avenue of the Americas
                                                                                            New York, New York 10019
                                                                                            Telephone: (212) 373-3000
                                                                                            Facsimile: (212) 757-3990
                                                                                            Email: bkarp@paulweiss.com
                                                                                                       aehrlich@paulweiss.com
                                                                                                       nkovalenko@paulweiss.com

                                                                                            *Attorneys for Defendants Temasek*
                                                                                            *Holdings (Private) Limited and Temasek*
                                                                                            *International (USA) LLC*

**CERTIFICATE OF SERVICE**

    I hereby certify that on January 16, 2024, I e-filed the foregoing document using the Court's CM/ECF system, which will send a notice of electronic filing to all counsel of record.

<u>/s/ Adam S. Fels</u>