# Exhibit A

**IN THE UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA, MIAMI DIVISION**
Case No. 1:23-md-03076-KMM

IN RE:

**FTX Cryptocurrency Exchange Collapse**
**Litigation**

---

THIS DOCUMENT RELATES TO:

*O'Keefe* v. *Sequoia Capital Operations, LLC, et al.*,
Case No. 23-cv-20700 (S.D. Fla.)

*O'Keefe* v. *Temasek Holdings (Private) Limited, et al.*,
Case No. 1:23-cv-23065 (S.D. Fla.)

*Chernyavsky, et al.* v. *Temasek Holdings (Private)*
*Limited, et al.*, Case No. 1:23-cv-22960 (S.D. Fla.)

*Cabo, et al.* v. *Temasek Holdings (Private) Limited,*
*et al.*, Case No. 1:23-cv-23212 (S.D. Fla.)

---

**DEFENDANT TEMASEK HOLDINGS (PRIVATE) LIMITED'S**
**RESPONSES AND OBJECTIONS TO**
**PLAINTIFFS' FIRST SET OF DISCOVERY REQUESTS**

Pursuant to Rules 26 and 34 of the Federal Rules of Civil Procedure (the "Federal Rules")

and Rule 26.1 of the Local Civil Rules (the "Local Rules," and together with the Federal Rules,

the "Rules"), defendant Temasek Holdings (Private) Limited ("Temasek Holdings"), by its

undersigned counsel, hereby provides the following responses and objections (the "Responses and

Objections") to Plaintiffs' First Set of Discovery Requests dated December 22, 2023 (the

"Requests"). Temasek Holdings reserves the right to supplement or otherwise amend the

Responses and Objections.

## GENERAL RESPONSES AND OBJECTIONS

The following General Responses and Objections are incorporated into each of the Specific Responses and Objections below.

1.     Temasek Holdings objects to the Requests to the extent that they purport to impose a duty on the Temasek Holdings to undertake a search for documents and things beyond a diligent search of the files in its possession, custody, or control where the Temasek Holdings would reasonably expect to find documents or things responsive to each Request.  Temasek Holdings' representations below that it will produce documents responsive to certain Requests means that it will produce responsive, non-privileged documents within its possession, custody, or control that are located following a reasonable, good-faith search of documents for a reasonable set of custodians, using reasonable search terms during specified periods of time, supplemented by targeted collections of additional responsive documents as appropriate (the "Search Parameters"). The fact that Temasek Holdings has responded to a particular Request shall not be interpreted as implying that responsive documents exist or that Temasek Holdings acknowledges the propriety of that Request.

2.     Temasek Holdings objects to the Requests to the extent that they assume the truth of facts not proven or not in evidence or constitute an inaccurate characterization of the facts. Temasek Holdings does not admit, adopt, or acquiesce to any factual or legal contention, assertion, characterization, or implication in the Requests.

3.      In making these objections, Temasek Holdings does not in any way waive, or intend to waive, but rather intends to preserve and is preserving:

a. all objections as to competency, relevance, materiality, privilege, authenticity, or admissibility;

b. all rights to object on any ground to the use of any responses or objections;

2

c.  all rights to object on any ground to any further Requests; and

d.  the right at any time to amend, correct, add to, or clarify any of the responses or objections found herein.

4.     Temasek Holdings expressly reserves the right to supplement or amend its responses to these Requests and specifically reserves the right to make any other additional objections to any of the Requests, at any time and on any ground.

## OBJECTIONS TO INSTRUCTIONS

The following Objections to Instructions are incorporated into each of the Specific Responses and Objections below.

1.     Temasek Holdings objects to the time period set forth in Instruction No. 2 as overly broad and unduly burdensome and as seeking information that is not relevant to any party's claims or defenses or otherwise is not proportionate to the needs of the case to the extent that it seeks information beginning in January 1, 2019 and through the present time.  This time period begins more than two years before Temasek Holdings was first introduced to FTX (in March 2021) and ends more than one year after FTX collapsed and Plaintiffs filed this action.  Temasek Holdings shall apply the time period March 1, 2021 through October 31, 2022 (the "Relevant Time Period").

2.     Temasek Holdings objects to Instruction No. 4 to the extent that it purports to impose an obligation on Temasek Holdings to produce documents that are outside of its possession, custody or control.  As agreed herein or as otherwise ordered by the Court, Temasek Holdings is willing to negotiate with Plaintiffs in good faith to agree on a reasonable set of Search Parameters by which to collect and produce responsive, non-privileged documents, if any, within Temasek Holdings' possession, custody, or control.

3.     Temasek Holdings objects to Instruction No. 5 to the extent it purports to impose obligations beyond those imposed by Local Rule 26.1(e)(2).

4.      Temasek Holdings objects to Instruction No. 7 as unduly burdensome and beyond the requirements of the Rules.

5.      Temasek Holdings objects to the instructions, including Instruction No. 8, to the extent they purport to impose an ongoing duty to disclose documents.

## **OBJECTIONS TO DEFINITIONS**

The following Objections to Definitions are incorporated into each of the Specific Responses and Objections below.

1.      Temasek Holdings objects to Plaintiffs' definition of "Alameda" on the grounds that it is overly broad and unduly burdensome, and seeks information that is not relevant to any party's claims or defenses or otherwise is not proportional to the needs of the case to the extent it includes, in addition to Alameda Research LLC, "its past and present subsidiaries, affiliates, divisions, segments (including any mobile application and/or web-based cryptocurrency investment services or trading platform), predecessors (including acquired entities or lines of business), successors, directors, officers, employees, representatives and/or agents."  Temasek Holdings will interpret the term "Alameda" to refer to Alameda Research LLC and its directors, officers, employees, representatives, and/or agents during the Relevant Time Period.

2.      Temasek Holdings objects to Plaintiffs' definition of "FTX Trading" on the grounds that it is overly broad and unduly burdensome, and seeks information that is not relevant to any party's claims or defenses or otherwise is not proportional to the needs of the case to the extent it includes, in addition to FTX Trading Ltd. d/b/a FTX Trading, "its past and present subsidiaries, affiliates, divisions, segments (including any mobile application and/or web-based cryptocurrency investment services or trading platform, such as FTX.com), predecessors (including acquired entities or lines of business such as Blockfolio, Inc.), successors, directors, officers, employees, representatives and/or agents."  Temasek Holdings will interpret the term

"FTX Trading" to refer to FTX Trading Ltd. d/b/a FTX Trading and its directors, officers, employees, representatives, and/or agents during the Relevant Time Period.

3.    Temasek Holdings objects to Plaintiffs' definition of "FTX US" on the grounds that it is overly broad and unduly burdensome, and seeks information that is not relevant to any party's claims or defenses or otherwise is not proportional to the needs of the case to the extent it includes, in addition to West Realm Shires Services Inc. d/b/a FTX US, "its past and present subsidiaries, affiliates, divisions, segments (including any mobile application and/or web-based cryptocurrency investment services or trading platform, such as FTX.com), predecessors (including acquired entities or lines of business such as Blockfolio, Inc.), successors, directors, officers, employees, representatives and/or agents."  Temasek Holdings will interpret the term "FTX Trading" to refer to West Realm Shires Services Inc. d/b/a FTX US and its directors, officers, employees, representatives, and/or agents during the Relevant Time Period.

4.    Temasek Holdings objects to Plaintiffs' definition of "You" and "Your" on the grounds that it is overly broad, unduly burdensome, and seeks information that is not relevant to any party's claims or defenses or otherwise is not proportional to the needs of the case to the extent it includes, in addition to Temasek Holdings, "its predecessors, successors, subsidiaries, departments[,] divisions, and/or affiliates, including, but not limited to, any funds or other investment vehicles held by the Defendant responding or in which the Defendant responding is a member or other owner, its international, national or local branches or offices, including, but not limited to Temasek International (USA) LLC, Artz Fund Investments Pte. Ltd., and/or Temasek International Pte. Ltd. and current and prior partners, officers, directors, employees, representatives, agents or any persons acting or purporting to act on behalf of the responding

Defendant."  Temasek Holdings will interpret the term "You" and "Your" to refer to Temasek Holdings.

5.      Temasek Holdings objects to Instruction No. 23 on the grounds that it is overly broad, unduly burdensome, and seeks information that is not relevant to any party's claims or defenses or otherwise is not proportional to the needs of the case to the extent that it instructs that, "whenever a reference to a business entity appears, the reference shall mean," in addition to the business entity itself, "its affiliated companies, partnerships, divisions, subdivisions, directors, officers, employees, agents, clients or other representatives of affiliated third parties."  Temasek Holdings will interpret a reference to a business entity to refer to that business entity.

### SPECIFIC RESPONSES AND OBJECTIONS TO INTERROGATORIES

### INTERROGATORY NO. 1:

Please identify all current and former owners of Temasek International USA LLC, Temasek Holdings Private Limited, Artz Fund Investments Pte. Ltd., and/or Temasek International Pte. Ltd., including the ownership percentage held by each owner identified in response to this Interrogatory No. 1.

### RESPONSE TO INTERROGATORY NO. 1:

Temasek Holdings will answer Interrogatory No. 1 by producing an organizational chart showing the relationship among the entities listed pursuant to Federal Rule of Civil Procedure 33(d).

Temasek Holdings objects to Interrogatory No. 1 on the ground that it is overly broad and unduly burdensome, and seeks information that is not relevant to the jurisdictional issues identified by the Court or to any party's claim or defense and not proportional to the needs of the case, insofar as the Interrogatory asks for the identification of and information regarding all current and former owners of several entities, as well as the ownership percentage held by each owner.  Temasek Holdings further objects to this Interrogatory to the extent it requests information regarding Artz

Fund Investments Pte. Ltd. and Temasek International Pte. Ltd., which are not parties to this action, and Temasek International (USA) LLC, which has been served with an identical Interrogatory.

Temasek Holdings will only produce the organizational chart and will not provide the former owners or ownership percentages.

**INTERROGATORY NO. 2:**

Please identify the directors on the boards of Temasek International USA LLC, Temasek Holdings Private Limited, Artz Fund Investments Pte. Ltd., and/or Temasek International Pte. Ltd.

**RESPONSE TO INTERROGATORY NO. 2:**

Temasek Holdings will answer Interrogatory No. 2 as it relates to Temasek Holdings.

Temasek Holdings objects to Interrogatory No. 2 on the ground that it is overly broad and unduly burdensome, and seeks information that is not relevant to the jurisdictional issues identified by the Court and not proportional to the needs of the case, insofar as the Interrogatory seeks information regarding the boards of directors of Artz Fund Investments Pte. Ltd. and Temasek International Pte. Ltd., which are not parties to this action, and Temasek International (USA), which has been served with an identical Interrogatory.

Temasek Holdings will not answer Interrogatory No. 2 as it relates to Temasek International USA LLC, Artz Fund Investments Pte. Ltd., or Temasek International Pte. Ltd.

**INTERROGATORY NO. 3:**

Please identify the directors, executives, employees, representatives, and/or agents of Temasek International USA LLC, Temasek Holdings Private Limited, Artz Fund Investments Pte. Ltd., Temasek International Pte. Ltd., and/or any other Temasek-affiliated entity having any role with respect to the decision to invest in FTX, any due diligence involved in such decision, negotiations related to the investment in FTX, the actual investment in FTX, and/or any ongoing monitoring of FTX in the wake of the investment. In doing so, please provide their home address(es), titles and descriptions of their role(s) with respect to the Temasek-affiliated entity in question, their office address(es), their work phone number(s), and their work email address(es).

**RESPONSE TO INTERROGATORY NO. 3:**

Temasek Holdings will answer Interrogatory No. 3 by identifying and providing the titles for the directors, executives, and employees that had a role with respect to the enumerated activities.

Temasek Holdings objects to Interrogatory No. 3 on the grounds that it is overly broad and unduly burdensome, and seeks information that is not relevant to the jurisdictional issues identified by the Court and not proportional to the needs of the case insofar as the Interrogatory seeks information regarding the directors, executives, employees, representatives, and/or agents of Temasek International (USA) LLC, Temasek Holdings (Private) Limited, Artz Fund Investments Pte. Ltd., Temasek International Pte. Ltd., and/or *any* other Temasek-affiliated entity having *any* role with respect to the decision to invest in FTX, *any* due diligence involved in such decision, negotiations related to the investment in FTX, the actual investment in FTX, and/or *any* ongoing monitoring of FTX in the wake of the investment, regardless of whether this information relates to the jurisdictional issues identified by the Court or the parties to this action. Temasek Holdings further objects to this Interrogatory to the extent it seeks the disclosure of information regarding non-parties.

In answering Interrogatory No. 3, Temasek Holdings will not provide the home addresses, office addresses, work phone numbers, work email addresses or descriptions of identified individual roles for the individuals identified. The identified individuals can be contacted through the undersigned counsel.

**INTERROGATORY NO. 4:**

Please identify the entity that pays the salaries or any other compensation of the personnel listed in response to Interrogatory No. 3.

**RESPONSE TO INTERROGATORY NO. 4:**

Temasek Holdings will answer Interrogatory No. 4 for the personnel listed in response to Interrogatory No. 3.

**INTERROGATORY NO. 5:**

Please identify the entity that pays the expenses and/or losses of Temasek International USA LLC, Temasek Holdings Private Limited, Artz Fund Investments Pte. Ltd., and/or Temasek International Pte. Ltd.

**RESPONSE TO INTERROGATORY NO. 5:**

Temasek Holdings will answer Interrogatory No. 5 as it relates to Temasek Holdings.

Temasek Holdings objects to Interrogatory No. 5 on the grounds that it is overly broad and unduly burdensome, and seeks information that is not relevant to the jurisdictional issues identified by the Court and not proportional to the needs of the case insofar as the Interrogatory asks for information regarding entity that pays the expenses and/or losses of non-parties to this action.

Temasek Holdings will not answer Interrogatory No. 5 as it relates to Temasek International USA LLC, Artz Fund Investments Pte. Ltd., or Temasek International Pte. Ltd.

**INTERROGATORY NO. 6:**

Please describe the business of, and how such business is conveyed to, Temasek International USA LLC, Temasek Holdings Private Limited, Artz Fund Investments Pte. Ltd., and/or Temasek International Pte. Ltd.

**RESPONSE TO INTERROGATORY NO. 6:**

Temasek Holdings will answer Interrogatory No. 6 as it relates to Temasek Holdings.

Temasek Holdings objects to Interrogatory No. 6 on the grounds that it is vague, overly broad, and unduly burdensome, and seeks information that is not relevant to the jurisdictional issues identified by the Court and not proportional to the needs of the case insofar as the Interrogatory asks for information regarding "the business of, and how such business is conveyed to," numerous parties, including non-parties to this action.

Temasek Holdings will not answer Interrogatory No. 6 as it relates to Temasek International USA LLC, Artz Fund Investments Pte. Ltd., or Temasek International Pte. Ltd.

**INTERROGATORY NO. 7:**

Please identify the executives, directors, employees, and/or representatives of Temasek International USA LLC, Temasek Holdings Private Limited, Artz Fund Investments Pte. Ltd., and/or Temasek International Pte. Ltd. who participated in responding to these discovery requests.

**RESPONSE TO INTERROGATORY NO. 7:**

Temasek Holdings objects to Interrogatory No. 7 to the extent that it seeks the disclosure of information protected by the attorney-client privilege, the work product doctrine, or any other applicable privilege, immunity, or protection recognized by law.  Temasek Holdings further objects to this Interrogatory on the ground that it seeks information wholly irrelevant to the jurisdictional issues identified by the Court, as well as to any party's claim or defense, insofar as it seeks information regarding the individuals who participated in responding to Plaintiffs' discovery requests.

Temasek Holdings will not answer this Interrogatory.

**SPECIFIC RESPONSES AND OBJECTIONS TO REQUESTS FOR PRODUCTION**

**REQUEST NO. 1:**

All workpapers, communications, and other documents concerning subscription agreements, membership agreements, partnership agreements, and/or other agreements between you and any of the FTX Entities, Alameda or any of the Defendants relating to any of the FTX Entities and/or Alamanda.

**RESPONSE TO REQUEST NO. 1:**

Temasek Holdings objects to Request No. 1 to the extent that it seeks the production of documents or the disclosure of information protected by the attorney-client privilege, the work product doctrine, or any other applicable privilege, immunity, or protection recognized by law. Temasek Holdings further objects to this Request on the grounds that it is overly broad and unduly burdensome, and seeks information that is not relevant to the jurisdictional issues identified by the Court or to any party's claim or defense and not proportional to the needs of the case because the Request asks for *all* workpapers, communications, and other documents relating to certain agreements. Temasek Holdings further objects to this Request to the extent it is not related to its contacts to the forum states at issue for jurisdictional discovery and seeks merits-related discovery beyond the limited jurisdictional discovery authorized by the Court.

Temasek Holdings will not produce documents in response to this Request.

**REQUEST NO. 2:**

All communications between you and any of the FTX Entities, Alameda, or any of the Defendants concerning any of the FTX Entities and/or Alameda.

**RESPONSE TO REQUEST NO. 2:**

Temasek Holdings objects to this Request on the grounds that it is overly broad and unduly burdensome, and seeks information that is not relevant to the jurisdictional issues identified by the Court or to any party's claim or defense and not proportional to the needs of the case because the Request asks for *all* communications with any of the FTX Entities, Alameda, or any of the

Defendants concerning any of the FTX Entities and/or Alameda. Temasek Holdings further objects to this Request to the extent it is not related to its contacts to the forum states at issue for jurisdictional discovery and seeks merits-related discovery beyond the limited jurisdictional discovery authorized by the Court.

Temasek Holdings will not produce documents in response to this Request.

**REQUEST NO. 3:**

Produce all work papers, communications, and other documents concerning the Series B and B-1 funding of FTX Trading, which closed in October 2021, including, but not limited to, offering memoranda, offering circulars, prospectuses, pitch decks, capitalization tables, diligence memoranda, reports, opinions, and other diligence materials concerning any of the FTX Entities and /or Alameda.

**RESPONSE TO REQUEST NO. 3:**

Temasek Holdings objects to Request No. 3 to the extent that it seeks the production of documents or the disclosure of information protected by the attorney-client privilege, the work product doctrine, or any other applicable privilege, immunity, or protection recognized by law. Temasek Holdings further objects to this Request on the grounds that it is overly broad and unduly burdensome, and seeks information that is not relevant to the jurisdictional issues identified by the Court or to any party's claim or defense and not proportional to the needs of the case because the Request asks for *all* work papers, communications, and other documents concerning the Series B and B-1 funding of FTX Trading. Temasek Holdings further objects to this Request to the extent it is not related to its contacts to the forum states at issue for jurisdictional discovery and seeks merits-related discovery beyond the limited jurisdictional discovery authorized by the Court.

Temasek Holdings will not produce documents in response to this Request.

**REQUEST NO. 4:**

All work papers, communications, and other documents concerning the Series C funding of FTX Trading, which closed in January 2022, including, but not limited to, offering memoranda, offering circulars, prospectuses, pitch decks, capitalization tables, diligence

memoranda, reports, opinions, and other diligence materials concerning any of the FTX Entities and/or Alameda.

**RESPONSE TO REQUEST NO. 4:**

Temasek Holdings objects to Request No. 4 to the extent that it seeks the production of documents or the disclosure of information protected by the attorney-client privilege, the work product doctrine, or any other applicable privilege, immunity, or protection recognized by law. Temasek Holdings further objects to this Request on the grounds that it is overly broad and unduly burdensome, and seeks information that is not relevant to the jurisdictional issues identified by the Court or to any party's claim or defense and not proportional to the needs of the case because the Request asks for *all* work papers, communications, and other documents concerning the Series C funding of FTX Trading.  Temasek Holdings further objects to this Request to the extent it is not related to its contacts to the forum states at issue for jurisdictional discovery and seeks merits-related discovery beyond the limited jurisdictional discovery authorized by the Court.

Temasek Holdings will not produce documents in response to this Request.

**REQUEST NO. 5:**

All work papers, communications, and other documents concerning the series A funding of FTX US, which closed in January 2022, including, but not limited to, offering memoranda, offering circulars, prospectuses, pitch decks, capitalization tables, diligence memoranda, reports, opinions, and other diligence materials concerning any of the FTX Entities and/or Alameda.

**RESPONSE TO REQUEST NO. 5:**

Temasek Holdings objects to Request No. 5 to the extent that it seeks the production of documents or the disclosure of information protected by the attorney-client privilege, the work product doctrine, or any other applicable privilege, immunity, or protection recognized by law. Temasek Holdings further objects to this Request on the grounds that it is overly broad and unduly burdensome, and seeks information that is not relevant to the jurisdictional issues identified by the

Court or to any party's claim or defense and not proportional to the needs of the case because the Request asks for *all* work papers, communications, and other documents concerning the Series A funding of FTX US.  Temasek Holdings further objects to this Request to the extent it is not related to its contacts to the forum states at issue for jurisdictional discovery and seeks merits-related discovery beyond the limited jurisdictional discovery authorized by the Court.

Temasek Holdings will not produce documents in response to this Request.

**REQUEST NO. 6:**

Documents evidencing wire transfers or other payments, or instructions related to the foregoing, for any payments from you to any of the FTX Entities and/or Alameda *or* from any of the FTX Entities and/or Alameda.

**RESPONSE TO REQUEST NO. 6:**

Temasek Holdings objects to Request No. 6 on the grounds that it is overly broad and unduly burdensome, and seeks information that is not relevant to the jurisdictional issues identified by the Court or to any party's claim or defense and not proportional to the needs of the case because the Request asks for documents and instructions concerning any payments to any of the FTX Entities and/ or Alameda or from any of the FTX Entities and/or Alameda.  Temasek Holdings further objects to this Request to the extent it is not related to its contacts to the forum states at issue for jurisdictional discovery and seeks merits-related discovery beyond the limited jurisdictional discovery authorized by the Court.

Temasek Holdings will not produce documents in response to this Request.

**REQUEST NO. 7:**

Documents and communications concerning your due diligence efforts undertaken by you or on your behalf in conjunction with potential or actual investments in or with FTX Entities and/or Alameda, whether such efforts were undertaken before the investment or

following the investment in the form of continued monitoring, tracking or management.

**RESPONSE TO REQUEST NO. 7:**

Temasek Holdings objects to Request No. 7 to the extent that it seeks the production of documents or the disclosure of information protected by the attorney-client privilege, the work product doctrine, or any other applicable privilege, immunity, or protection recognized by law. Temasek Holdings further objects to this Request on the grounds that it is overly broad and unduly burdensome, and seeks information that is not relevant to the jurisdictional issues identified by the Court or to any party's claim or defense and not proportional to the needs of the case because the Request asks for documents and communications concerning due diligence efforts undertaken in conjunction with potential or actual investments in or with FTX Entities and/or Alameda, whether such efforts were undertaken before or after the investment.  Temasek Holdings further objects to this Request to the extent it is not related to its contacts to the forum states at issue for jurisdictional discovery and seeks merits-related discovery beyond the limited jurisdictional discovery authorized by the Court.

Temasek Holdings will not produce documents in response to this Request.

**REQUEST NO. 8:**

Contracts for any legal services you sought or obtained in relation to the FTX Entities and/or Alameda.

**RESPONSE TO REQUEST NO. 8:**

Temasek Holdings objects to Request No. 8 to the extent that it seeks the production of documents or the disclosure of information protected by the attorney-client privilege, the work product doctrine, or any other applicable privilege, immunity, or protection recognized by law. Temasek Holdings further objects to this Request on the grounds that it is overly broad and unduly burdensome, and seeks information that is not relevant to the jurisdictional issues identified by the

Court or to any party's claim or defense and not proportional to the needs of the case because the Request asks for contracts for *any* legal services sought or obtained in relation to the FTX Entities and/or Alameda.  Temasek Holdings further objects to this Request to the extent it is not related to its contacts to the forum states at issue for jurisdictional discovery and seeks merits-related discovery beyond the limited jurisdictional discovery authorized by the Court.

Temasek Holdings will not produce documents in response to this Request.

**REQUEST NO. 9:**

All work papers, communications, and other documents concerning your membership and service on the board, including any advisory board, of any of the FTX Entities and/or Alameda, including, but not limited to, calendar entries, agendas, presentations, and minutes of any and all meetings of such board.

**RESPONSE TO REQUEST NO. 9:**

Temasek Holdings objects to Request No. 9 to the extent that it seeks the production of documents or the disclosure of information protected by the attorney-client privilege, the work product doctrine, or any other applicable privilege, immunity, or protection recognized by law. Temasek Holdings further objects to this Request on the grounds that it is overly broad and unduly burdensome, and seeks information that is not relevant to the jurisdictional issues identified by the Court or to any party's claim or defense and not proportional to the needs of the case because the Request asks for *all* work papers, communications, and other documents concerning membership and service on the board, including any advisory board, of any of the FTX Entities and/or Alameda. Temasek Holdings further objects to this Request to the extent it is not related to its contacts to the forum states at issue for jurisdictional discovery and seeks merits-related discovery beyond the limited jurisdictional discovery authorized by the Court.

Temasek Holdings will not produce documents in response to this Request.

**REQUEST NO. 10:**

All work papers, communications, and other documents concerning the membership and service on your board, including any advisory board, by any of the FTX Entities and/or Alameda, including, but not limited to, agendas, presentations, and minutes of any and all meetings of such board.

**RESPONSE TO REQUEST NO. 10:**

Temasek Holdings objects to Request No. 10 to the extent that it seeks the production of documents or the disclosure of information protected by the attorney-client privilege, the work product doctrine, or any other applicable privilege, immunity, or protection recognized by law. Temasek Holdings further objects to this Request on the grounds that it is overly broad and unduly burdensome, and seeks information that is not relevant to the jurisdictional issues identified by the Court or to any party's claim or defense and not proportional to the needs of the case because the Request asks for *all* work papers, communications, and other documents concerning membership and service on Temasek Holdings' board, including any advisory board, by any of the FTX Entities and/or Alameda. Temasek Holdings further objects to this Request to the extent it is not related to its contacts to the forum states at issue for jurisdictional discovery and seeks merits-related discovery beyond the limited jurisdictional discovery authorized by the Court.

Temasek Holdings will not produce documents in response to this Request.

**REQUEST NO. 11:**

All work papers, communications, and other documents concerning any of the FTX Entities and/or Alameda that were prepared or maintained in connection with, and/or referred to, your investments in, or any other potential investments in, loans to, or financing for, any of the FTX Entities and/ or Alameda.

**RESPONSE TO REQUEST NO. 11:**

Temasek Holdings objects to Request No. 11 to the extent that it seeks the production of documents or the disclosure of information protected by the attorney-client privilege, the work product doctrine, or any other applicable privilege, immunity, or protection recognized by law.

Temasek Holdings further objects to this Request on the grounds that it is overly broad and unduly burdensome, and seeks information that is not relevant to the jurisdictional issues identified by the Court or to any party's claim or defense and not proportional to the needs of the case because the Request asks for *all* work papers, communications, and other documents concerning any of the FTX Entities and/or Alameda that were prepared or maintained in connection with, and/or referred to, Temasek Holdings' investments in, or any other potential investments in, loans to, or financing for, any of the FTX Entities and/ or Alameda.  Temasek Holdings further objects to this Request to the extent it is not related to its contacts to the forum states at issue for jurisdictional discovery and seeks merits-related discovery beyond the limited jurisdictional discovery authorized by the Court.

Temasek Holdings will not produce documents in response to this Request.

**REQUEST NO. 12:**

All documents concerning any working group lists, or the names and contract information for all persons or entities, you received, prepared, or maintained in connection with your investments, in any of the FTX Entities and/or Alameda, including, but not limited to, persons in management (including, but not limited to, the chief executive officer, the chief financial officer, the chief compliance officer, the chief technology and/or information officer, the general counsel, presidents, executive vice presidents, vice president, and any other positions of management), directors and or other personnel involved in the Series A, Series B, Series B-1, Series C, and/or any other funding for, investment in, or potential investment in any of the FTX Entities and/or Alameda.

**RESPONSE TO REQUEST NO. 12:**

Temasek Holdings objects to Request No. 12 to the extent that it seeks the production of documents or the disclosure of information protected by the attorney-client privilege, the work product doctrine, or any other applicable privilege, immunity, or protection recognized by law. Temasek Holdings further objects to this Request on the grounds that it is overly broad and unduly burdensome, and seeks information that is not relevant to the jurisdictional issues identified by the Court or to any party's claim or defense and not proportional to the needs of the case because the

Request asks for *all* documents concerning any working group lists received, prepared, or maintained in connection with any investments in any of the FTX Entities and/or Alameda. Temasek Holdings further objects to this Request to the extent it is not related to its contacts to the forum states at issue for jurisdictional discovery and seeks merits-related discovery beyond the limited jurisdictional discovery authorized by the Court.

Temasek Holdings will not produce documents in response to this Request.

**REQUEST NO. 13:**

All documents and work papers concerning the operations of any of the FTX Entities and/or Alameda, including, but not limited to, operating pro formas, uses and sources of cash and investment proceeds, investment portfolios, status reports, budgets, and/or presentations concerning the performance of any of the FTX Entities and/or Alameda, as well as, any market research, profitability analyses, evaluations, and/or other reports prepared by your or for you by any investment bankers, research analyst, management consultants and/or other professionals.

**RESPONSE TO REQUEST NO. 13:**

Temasek Holdings objects to Request No. 13 to the extent that it seeks the production of documents or the disclosure of information protected by the attorney-client privilege, the work product doctrine, or any other applicable privilege, immunity, or protection recognized by law. Temasek Holdings further objects to this Request on the grounds that it is overly broad and unduly burdensome, and seeks information that is not relevant to the jurisdictional issues identified by the Court or to any party's claim or defense and not proportional to the needs of the case because the Request asks for *all* documents and work papers concerning the operations of any of the FTX Entities and/or Alameda. Temasek Holdings further objects to this Request to the extent it is not related to its contacts to the forum states at issue for jurisdictional discovery and seeks merits-related discovery beyond the limited jurisdictional discovery authorized by the Court. Temasek Holdings further objects to this Request to the extent that it seeks documents or information that could more readily be obtained from other parties.

Temasek Holdings will not produce documents in response to this Request.

**REQUEST NO. 14:**

All documents and work papers concerning the formation and corporate governance of any of the FTX Entities and/or Alameda, including, but not limited to, articles of incorporation, articles of formation, by-laws, membership agreements, partnership agreements, certificates of good standing, charters for any and all board committees, compliance policies, anti-corruption policies, whistleblower policies, policies relating to conflicts of interest, insider trading policies, related party transaction policies, and codes of ethics.

**RESPONSE TO REQUEST NO. 14:**

Temasek Holdings objects to Request No. 14 to the extent that it seeks the production of documents or the disclosure of information protected by the attorney-client privilege, the work product doctrine, or any other applicable privilege, immunity, or protection recognized by law. Temasek Holdings further objects to this Request on the grounds that it is overly broad and unduly burdensome, and seeks information that is not relevant to the jurisdictional issues identified by the Court or to any party's claim or defense and not proportional to the needs of the case because the Request asks for *all* documents and work papers concerning the formation and corporate governance of any of the FTX Entities and/or Alameda. Temasek Holdings further objects to this Request to the extent it is not related to its contacts to the forum states at issue for jurisdictional discovery and seeks merits-related discovery beyond the limited jurisdictional discovery authorized by the Court. Temasek Holdings further objects to this Request to the extent that it seeks documents or information that could more readily be obtained from other parties.

Temasek Holdings will not produce documents in response to this Request.

**REQUEST NO. 15:**

All documents and work papers concerning the implementation of accounting controls, financial controls, cash management controls and/or audit processes at any of the FTX Entities and/or Alameda, including, but not limited to audit committees, internal and/or external audits, audited and/or unaudited financial statements, general ledgers, policies and procedures concerning audits, asset allocation, liquidity forecasting, and disbursement controls, and other financial records for any of the FTX Entities and/or Alameda, and the

engagement of, and services provided by, any accounting firm by and for any of the FTX Entities and/or Alameda, including but not limited to Robert Lee & Associates, Prager Metis CPAs LLC and/or Armanino LLP.

**RESPONSE TO REQUEST NO. 15:**

Temasek Holdings objects to Request No. 15 to the extent that it seeks the production of documents or the disclosure of information protected by the attorney-client privilege, the work product doctrine, or any other applicable privilege, immunity, or protection recognized by law. Temasek Holdings further objects to this Request on the grounds that it is overly broad and unduly burdensome, and seeks information that is not relevant to the jurisdictional issues identified by the Court or to any party's claim or defense and not proportional to the needs of the case because the Request asks for *all* documents and work papers concerning the implementation of accounting controls, financial controls, cash management controls and/or audit processes at any of the FTX Entities and/or Alameda.  Temasek Holdings further objects to this Request to the extent it is not related to its contacts to the forum states at issue for jurisdictional discovery and seeks merits-related discovery beyond the limited jurisdictional discovery authorized by the Court.  Temasek Holdings further objects to this Request to the extent that it seeks documents or information that could more readily be obtained from other parties.

Temasek Holdings will not produce documents in response to this Request.

**REQUEST NO. 16:**

Any document evidencing updates, progress reports, or similar with respect to (1) your investments in FTX Entities and/or Alameda and (2) FTX Entities' and/or Alameda's financials.

**RESPONSE TO REQUEST NO. 16:**

Temasek Holdings objects to Request No. 16 to the extent that it seeks the production of documents or the disclosure of information protected by the attorney-client privilege, the work product doctrine, or any other applicable privilege, immunity, or protection recognized by law.

Temasek Holdings further objects to this Request on the grounds that it is overly broad and unduly burdensome, and seeks information that is not relevant to the jurisdictional issues identified by the Court or to any party's claim or defense and not proportional to the needs of the case because the Request asks for *any* document evidencing updates, progress reports, or similar with respect to Temasek Holdings' investments in FTX Entities and/or Alameda, as well as FTX Entities' and/or Alameda's financials. Temasek Holdings further objects to this Request to the extent it is not related to its contacts to the forum states at issue for jurisdictional discovery and seeks merits-related discovery beyond the limited jurisdictional discovery authorized by the Court.

Temasek Holdings will not produce documents in response to this Request.

**REQUEST NO. 17:**

All documents and work papers concerning North Dimension Inc, including, but not limited to, its ownership, employees, business purpose, and operations.

**RESPONSE TO REQUEST NO. 17:**

Temasek Holdings objects to Request No. 17 to the extent that it seeks the production of documents or the disclosure of information protected by the attorney-client privilege, the work product doctrine, or any other applicable privilege, immunity, or protection recognized by law. Temasek Holdings further objects to this Request on the grounds that it is overly broad and unduly burdensome, and seeks information that is not relevant to the jurisdictional issues identified by the Court or to any party's claim or defense and not proportional to the needs of the case because the Request asks for *all* documents and work papers concerning North Dimension Inc. Temasek Holdings further objects to this Request to the extent it is not related to its contacts to the forum states at issue for jurisdictional discovery and seeks merits-related discovery beyond the limited jurisdictional discovery authorized by the Court. Temasek Holdings further objects to this Request to the extent that it seeks documents or information that could more readily be obtained from other

parties.

Temasek Holdings will not produce documents in response to this Request.

**REQUEST NO. 18:**

All documents and work papers concerning LedgerX LLC, including, but not limited to, its ownership, employees, business purpose, and operations.

**RESPONSE TO REQUEST NO. 18:**

Temasek Holdings objects to Request No. 18 to the extent that it seeks the production of documents or the disclosure of information protected by the attorney-client privilege, the work product doctrine, or any other applicable privilege, immunity, or protection recognized by law. Temasek Holdings further objects to this Request on the grounds that it is overly broad and unduly burdensome, and seeks information that is not relevant to the jurisdictional issues identified by the Court or to any party's claim or defense and not proportional to the needs of the case because the Request asks for *all* documents and work papers concerning LedgerX LLC.  Temasek Holdings further objects to this Request to the extent it is not related to its contacts to the forum states at issue for jurisdictional discovery and seeks merits-related discovery beyond the limited jurisdictional discovery authorized by the Court.  Temasek Holdings further objects to this Request to the extent that it seeks documents or information that could more readily be obtained from other parties.

Temasek Holdings will not produce documents in response to this Request.

**REQUEST NO. 19:**

All communications with any representative, employee, or agent of LedgerX LLC.

**RESPONSE TO REQUEST NO. 19:**

Temasek Holdings objects to Request No. 19 on the grounds that it is overly broad and unduly burdensome, and seeks information that is not relevant to the jurisdictional issues identified

by the Court or to any party's claim or defense and not proportional to the needs of the case because the Request asks for *all* communications with any representative, employee, or agent of LedgerX LLC.  Temasek Holdings further objects to this Request to the extent it is not related to its contacts to the forum states at issue for jurisdictional discovery and seeks merits-related discovery beyond the limited jurisdictional discovery authorized by the Court.

Temasek Holdings will not produce documents in response to this Request.

**REQUEST NO. 20:**

All documents and work papers concerning any transactions and/or transfers of fiat, cryptocurrency, or other assets between any of the FTX Entities, Alameda, and/or any director, control person, and/or person in management (including, but not limited to, the chief executive officer, the chief financial officer, the chief compliance officer, the chief technology and/or information officer, the general counsel, presidents, executive vice presidents, vice presidents, and any other positions of management) of any of the FTX Entities and/or Alameda, including, but not limited to, disbursements, donations, gifts, bonuses and other compensation, capital contributions, promissory notes, inter-company agreements, service agreements, and loan agreements.

**RESPONSE TO REQUEST NO. 20:**

Temasek Holdings objects to Request No. 20 to the extent that it seeks the production of documents or the disclosure of information protected by the attorney-client privilege, the work product doctrine, or any other applicable privilege, immunity, or protection recognized by law. Temasek Holdings further objects to this Request on the grounds that it is overly broad and unduly burdensome, and seeks information that is not relevant to the jurisdictional issues identified by the Court or to any party's claim or defense and not proportional to the needs of the case because the Request asks for *all* documents and work papers concerning *any* transactions and/or transfers of fiat, cryptocurrency, or other assets between any of the FTX Entities, Alameda, and/or any director, control person, and/or person in management of any of the FTX Entities and/or Alameda.  Temasek Holdings further objects to this Request to the extent it is not related to its contacts to the forum states at issue for jurisdictional discovery and seeks merits-related discovery beyond the limited

jurisdictional discovery authorized by the Court.  Temasek Holdings further objects to this Request to the extent that it seeks documents or information that could more readily be obtained from other parties.

Temasek Holdings will not produce documents in response to this Request.

**REQUEST NO. 21:**

All documents and work papers concerning risk management controls—and any exemptions or alterations thereto for, but not limited to, Alameda—at any of the FTX Entities and/or Alameda, including, but not limited to, policies and procedures concerning investment diversification, cryptocurrency products and other digital assets, derivative products, and leverage, including, but not limited to, the purported "risk engine" auto-liquidator and other protocols to prevent a user from becoming over-leveraged on any of the FTX Entities' platform and/or the FTX Entities' purported policy prohibiting any user from maintaining a negative balance on their platforms.

**RESPONSE TO REQUEST NO. 21:**

Temasek Holdings objects to Request No. 21 to the extent that it seeks the production of documents or the disclosure of information protected by the attorney-client privilege, the work product doctrine, or any other applicable privilege, immunity, or protection recognized by law. Temasek Holdings further objects to this Request on the grounds that it is overly broad and unduly burdensome, and seeks information that is not relevant to the jurisdictional issues identified by the Court or to any party's claim or defense and not proportional to the needs of the case because the Request asks for *all* documents and work papers concerning risk management controls at any of the FTX Entities and/or Alameda.  Temasek Holdings further objects to this Request to the extent it is not related to its contacts to the forum states at issue for jurisdictional discovery and seeks merits-related discovery beyond the limited jurisdictional discovery authorized by the Court. Temasek Holdings further objects to this Request to the extent that it seeks documents or information that could more readily be obtained from other parties.

Temasek Holdings will not produce documents in response to this Request.

**REQUEST NO. 22:**

All documents and work papers concerning regulatory compliance at any of the FTX Entities and/or Almeda, including, but not limited to, campaign finance regulations, licensure of the FTX Entities and/or Alameda in the jurisdiction in which each operations, including, but not limited to, money transmitter licenses, and the regulation of cryptocurrency, tokens, and other digital asset—including the yield-bearing accounts offered by the FTX Entities—as securities.

**RESPONSE TO REQUEST NO. 22:**

Temasek Holdings objects to Request No. 22 to the extent that it seeks the production of documents or the disclosure of information protected by the attorney-client privilege, the work product doctrine, or any other applicable privilege, immunity, or protection recognized by law. Temasek Holdings further objects to this Request on the grounds that it is overly broad and unduly burdensome, and seeks information that is not relevant to the jurisdictional issues identified by the Court or to any party's claim or defense and not proportional to the needs of the case because the Request asks for *all* documents and work papers concerning regulatory compliance at any of the FTX Entities and/or Alameda.  Temasek Holdings further objects to this Request to the extent it is not related to its contacts to the forum states at issue for jurisdictional discovery and seeks merits-related discovery beyond the limited jurisdictional discovery authorized by the Court.  Temasek Holdings further objects to this Request to the extent that it seeks documents or information that could more readily be obtained from other parties.

Temasek Holdings will not produce documents in response to this Request.

**REQUEST NO. 23:**

All documents and work papers concerning any charitable, political and/or campaign contribution by any of the FTX Entities, Alameda, and/or any director, control person, and/or person in management (including, but not limited to, the chief executive officer, the chief financial officer, the chief compliance officer, the chief technology and/or information officer, the general counsel, presidents, executive vice presidents, vice presidents, and any others positions of management) of any of the FTX Entities and/or

Alameda.

**RESPONSE TO REQUEST NO. 23:**

Temasek Holdings objects to Request No. 23 to the extent that it seeks the production of documents or the disclosure of information protected by the attorney-client privilege, the work product doctrine, or any other applicable privilege, immunity, or protection recognized by law. Temasek Holdings further objects to this Request on the grounds that it is overly broad and unduly burdensome, and seeks information that is not relevant to the jurisdictional issues identified by the Court or to any party's claim or defense and not proportional to the needs of the case because the Request asks for *all* documents and work papers concerning *any* charitable, political and/or campaign contribution by any of the FTX Entities, Alameda, and/or any director, control person, and/or person in management of any of the FTX Entities and/or Alameda.  Temasek Holdings further objects to this Request to the extent it is not related to its contacts to the forum states at issue for jurisdictional discovery and seeks merits-related discovery beyond the limited jurisdictional discovery authorized by the Court.  Temasek Holdings further objects to this Request to the extent that it seeks documents or information that could more readily be obtained from other parties.

Temasek Holdings will not produce documents in response to this Request.

**REQUEST NO. 24:**

All documents and work papers concerning any internal complaints, including, but not limited to, "whistleblower" complaints, litigation, administrative or regulatory proceedings, investigations or governmental actions involving any of the FTX Entities and/or Alameda.

**RESPONSE TO REQUEST NO. 24:**

Temasek Holdings objects to Request No. 24 to the extent that it seeks the production of documents or the disclosure of information protected by the attorney-client privilege, the work

product doctrine, or any other applicable privilege, immunity, or protection recognized by law. Temasek Holdings further objects to this Request on the grounds that it is overly broad and unduly burdensome, and seeks information that is not relevant to the jurisdictional issues identified by the Court or to any party's claim or defense and not proportional to the needs of the case because the Request asks for *all* documents and work papers concerning *any* internal complaints involving any of the FTX Entities and/or Alameda.  Temasek Holdings further objects to this Request to the extent it is not related to its contacts to the forum states at issue for jurisdictional discovery and seeks merits-related discovery beyond the limited jurisdictional discovery authorized by the Court.

Temasek Holdings will not produce documents in response to this Request.

**REQUEST NO. 25:**

All documents and work papers concerning the custody, and/or safeguarding, of customer funds, including fiat, cryptocurrencies, and other digital assets, by any of the FTX Entities and/or Alameda, including, but not limited to, the labeling of customer accounts as "for the benefit of" ("FBO") the customer, the segregation (or lack thereof) of customer funds from the FTX Entities' operating accounts, the storage of customer funds in digital wallets on the FTX Entities' platforms, and the ledgering and/or bookkeeping of those funds by any of the FTX Entities and/or Alameda.

**RESPONSE TO REQUEST NO. 25:**

Temasek Holdings objects to Request No. 25 to the extent that it seeks the production of documents or the disclosure of information protected by the attorney-client privilege, the work product doctrine, or any other applicable privilege, immunity, or protection recognized by law. Temasek Holdings further objects to this Request on the grounds that it is overly broad and unduly burdensome, and seeks information that is not relevant to the jurisdictional issues identified by the Court or to any party's claim or defense and not proportional to the needs of the case because the Request asks for *all* documents and work papers concerning the custody, and/or safeguarding, of customer funds by any of the FTX Entities and/or Alameda.  Temasek Holdings further objects to this Request to the extent it is not related to its contacts to the forum states at issue for jurisdictional

discovery and seeks merits-related discovery beyond the limited jurisdictional discovery authorized by the Court. Temasek Holdings further objects to this Request to the extent that it seeks documents or information that could more readily be obtained from other parties.

Temasek Holdings will not produce documents in response to this Request.

**REQUEST NO. 26:**

All documents and work papers concerning the terms of service for any of the FTX Entities and use thereof by customers or investors.

**RESPONSE TO REQUEST NO. 26:**

Temasek Holdings objects to Request No. 26 to the extent that it seeks the production of documents or the disclosure of information protected by the attorney-client privilege, the work product doctrine, or any other applicable privilege, immunity, or protection recognized by law. Temasek Holdings further objects to this Request on the grounds that it is overly broad and unduly burdensome, and seeks information that is not relevant to the jurisdictional issues identified by the Court or to any party's claim or defense and not proportional to the needs of the case because the Request asks for *all* documents and work papers concerning the terms of service for any of the FTX Entities and use thereof by customers and investors. Temasek Holdings further objects to this Request to the extent it is not related to its contacts to the forum states at issue for jurisdictional discovery and seeks merits-related discovery beyond the limited jurisdictional discovery authorized by the Court. Temasek Holdings further objects to this Request to the extent that it seeks documents or information that could more readily be obtained from other parties.

Temasek Holdings will not produce documents in response to this Request.

**REQUEST NO. 27:**

All documents and work papers concerning FTT, including, but not limited to, FTT held by any of the FTX Entities and/or Alameda, and their use of FTT as collateral for loans

and other transactions.

**RESPONSE TO REQUEST NO. 27:**

Temasek Holdings objects to Request No. 27 to the extent that it seeks the production of documents or the disclosure of information protected by the attorney-client privilege, the work product doctrine, or any other applicable privilege, immunity, or protection recognized by law. Temasek Holdings further objects to this Request on the grounds that it is overly broad and unduly burdensome, and seeks information that is not relevant to the jurisdictional issues identified by the Court or to any party's claim or defense and not proportional to the needs of the case because the Request asks for *all* documents and work papers concerning FTT. Temasek Holdings further objects to this Request to the extent it is not related to its contacts to the forum states at issue for jurisdictional discovery and seeks merits-related discovery beyond the limited jurisdictional discovery authorized by the Court. Temasek Holdings further objects to this Request to the extent that it seeks documents or information that could more readily be obtained from other parties.

Temasek Holdings will not produce documents in response to this Request.

**REQUEST NO. 28:**

All documents and work papers concerning the real and tangible property held by any FTX Entity and/or Alameda, including, but not limited to, the location and use of such property, and any mortgages, deeds of trust, lease and/or security agreements for the properties, and transfers of such properties by, among, and between any FTX Entity, Alameda, and/or any director, control person, and/or person in management (including, but not limited to, the chief executive officer, the chief financial officer, the chief compliance officer, the chief technology and/or information officer, the general counsel, presidents, executive vice presidents, vice presidents, and any others positions of management) of any of the FTX Entities and/or Alameda.

**RESPONSE TO REQUEST NO. 28:**

Temasek Holdings objects to Request No. 28 to the extent that it seeks the production of documents or the disclosure of information protected by the attorney-client privilege, the work product doctrine, or any other applicable privilege, immunity, or protection recognized by law.

Temasek Holdings further objects to this Request on the grounds that it is overly broad and unduly burdensome, and seeks information that is not relevant to the jurisdictional issues identified by the Court or to any party's claim or defense and not proportional to the needs of the case because the Request asks for *all* documents and work papers concerning the real and tangible property held by any FTX Entity and/or Alameda.  Temasek Holdings further objects to this Request to the extent it is not related to its contacts to the forum states at issue for jurisdictional discovery and seeks merits-related discovery beyond the limited jurisdictional discovery authorized by the Court. Temasek Holdings further objects to this Request to the extent that it seeks documents or information that could more readily be obtained from other parties.

Temasek Holdings will not produce documents in response to this Request.

**REQUEST NO. 29:**

All documents relating to your "interactions" with Sam Bankman-Fried and others affiliated with FTX Entities, Alameda, North Dimension Inc., and/or LedgerX LLC as referenced by you on your website. *See* Temasek, "FTX Statement and FAQs" (26 November 2022), *available at* https://www.temasek.com.sg/en/news-and-resources/news-room/statements/2022/statement-FTX (last visited October 11, 2023).

**RESPONSE TO REQUEST NO. 29:**

Temasek Holdings will produce non-privileged, responsive documents, if any, relating to its "interactions" with Sam Bankman-Fried and others affiliated with FTX Entities, Alameda, North Dimension Inc., and/or LedgerX LLC, that are within its possession, custody, and control and located pursuant to a reasonable search, to the extent such documents relate to Temasek Holdings' contacts with either Florida or California.

Temasek Holdings objects to Request No. 29 to the extent that it seeks the production of documents or the disclosure of information protected by the attorney-client privilege, the work product doctrine, or any other applicable privilege, immunity, or protection recognized by law. Temasek Holdings further objects to this Request on the grounds that it is overly broad and unduly

burdensome, and seeks information that is not relevant to the jurisdictional issues identified by the Court or to any party's claim or defense and not proportional to the needs of the case because the Request asks for *all* documents relating to Temasek Holdings' "interactions" with Sam Bankman-Fried and others affiliated with FTX Entities, Alameda, North Dimension Inc., and/or LedgerX LLC.  Temasek Holdings further objects to this Request to the extent it is not related to its contacts to the forum states at issue for jurisdictional discovery and seeks merits-related discovery beyond the limited jurisdictional discovery authorized by the Court.

Temasek Holdings will not produce any documents that do not relate to Temasek Holdings' contacts with either Florida or California.

**REQUEST NO. 30:**

All documents and work papers concerning the "qualitative feedback" you gathered from "people familiar with the company, including industry employees, industry participants, and other investors" concerning any of the FTX Entities and/or Alameda, which you reference on your website.

**RESPONSE TO REQUEST NO. 30:**

Temasek Holdings objects to Request No. 30 to the extent that it seeks the production of documents or the disclosure of information protected by the attorney-client privilege, the work product doctrine, or any other applicable privilege, immunity, or protection recognized by law. Temasek Holdings further objects to this Request on the grounds that it is overly broad and unduly burdensome, and seeks information that is not relevant to the jurisdictional issues identified by the Court or to any party's claim or defense and not proportional to the needs of the case because the Request asks for *all* documents and work papers concerning the "qualitative feedback" gathered from "people familiar with the company, including industry employees, industry participants, and other investors" concerning any of the FTX Entities and/or Alameda.  Temasek Holdings further objects to this Request to the extent it is not related to its contacts to the forum states at issue for

jurisdictional discovery and seeks merits-related discovery beyond the limited jurisdictional discovery authorized by the Court.

Temasek Holdings will not produce documents in response to this Request.

**REQUEST NO. 31:**

All documents and work papers concerning your "engage[ment of] management on business strategy" and your "monitor[ing] of [the] performance" of any of the FTX Entities and/or Alameda, which you reference on your website.

**RESPONSE TO REQUEST NO. 31:**

Temasek Holdings objects to Request No. 31 to the extent that it seeks the production of documents or the disclosure of information protected by the attorney-client privilege, the work product doctrine, or any other applicable privilege, immunity, or protection recognized by law. Temasek Holdings further objects to this Request on the grounds that it is overly broad and unduly burdensome, and seeks information that is not relevant to the jurisdictional issues identified by the Court or to any party's claim or defense and not proportional to the needs of the case because the Request asks for *all* documents and work papers concerning Temasek Holdings' "engage[ment of] management on business strategy" and its "monitor[ing] of [the] performance" of any of the FTX Entities and/or Alameda. Temasek Holdings further objects to this Request to the extent it is not related to its contacts to the forum states at issue for jurisdictional discovery and seeks merits-related discovery beyond the limited jurisdictional discovery authorized by the Court.

Temasek Holdings will not produce documents in response to this Request.

**REQUEST NO. 32:**

All documents and work papers concerning the decision to post, preparation of any post, and posting on your website, social media platform, or any other public forum of any statements concerning the FTX Entities, Alameda, any director, control person, or person in management (including, but not limited to, the chief executive officer, the chief financial officer, the chief compliance officer, the chief technology and/or information officer, the general counsel, presidents, executive vice presidents, vice presidents, and any others positions of management) of any of the FTX Entities and/or Alameda, and/or any of the

Defendants.

**RESPONSE TO REQUEST NO. 32:**

Temasek Holdings objects to Request No. 32 to the extent that it seeks the production of documents or the disclosure of information protected by the attorney-client privilege, the work product doctrine, or any other applicable privilege, immunity, or protection recognized by law. Temasek Holdings further objects to this Request on the grounds that it is overly broad and unduly burdensome, and seeks information that is not relevant to the jurisdictional issues identified by the Court or to any party's claim or defense and not proportional to the needs of the case because the Request asks for *all* documents and work papers concerning the decision to post, preparation of any post, and posting on Temasek Holdings' website, social media platform, or any other public forum of any statements concerning the FTX Entities, Alameda, any director, control person, or person in management of any of the FTX Entities and/or Alameda, and/or any of the Defendants. Temasek Holdings further objects to this Request to the extent it is not related to its contacts to the forum states at issue for jurisdictional discovery and seeks merits-related discovery beyond the limited jurisdictional discovery authorized by the Court.

Temasek Holdings will not produce documents in response to this Request.

**REQUEST NO. 33:**

All documents, work papers, and/or communications concerning the FTX Entities and/or Alameda you provided to or exchanged with:

  a.  Officers, directors, employees, and control persons of any of the FTX Entities and/or Alameda, including, but not limited to, Samuel Bankman-Fried, Caroline Ellison, Gary Wang, Nishad Singh, Brett Harrison, Sam Trabucco, Zach Dexter, Ryne Miller, Ryan Salame, Dan Friedberg, Ramnik Arora, and Constance Wang;

  b.  any actual or prospective customer of any of the FTX Entities and/or Alameda and/or

any actual or prospective investor in any of the FTX Entities and/or Alameda; or

c.   any of the Defendants.

**RESPONSE TO REQUEST NO. 33:**

Temasek Holdings objects to Request No. 33 to the extent that it seeks the production of documents or the disclosure of information protected by the attorney-client privilege, the work product doctrine, or any other applicable privilege, immunity, or protection recognized by law. Temasek Holdings further objects to this Request on the grounds that it is overly broad and unduly burdensome, and seeks information that is not relevant to the jurisdictional issues identified by the Court or to any party's claim or defense and not proportional to the needs of the case because the Request asks for *all* documents, work papers, and/or communications concerning the FTX Entities and/or Alameda that Temasek Holdings provided to or exchanged with officers, directors, employees, and control persons of any of the FTX Entities and/or Alameda; any actual or prospective customer of any of the FTX Entities and/or Alameda and/or any actual or prospective investor in any of the FTX Entities and/or Alameda; or any of the Defendants.  Temasek Holdings further objects to this Request to the extent it is not related to its contacts to the forum states at issue for jurisdictional discovery and seeks merits-related discovery beyond the limited jurisdictional discovery authorized by the Court.

Temasek Holdings will not produce documents in response to this Request.

**REQUEST NO. 34:**

To the extent not already produced in connection with any of the above requests, all work papers, communications, transcripts and/or recordings of any depositions, testimony, interviews, or statements you have provided concerning the FTX Entities and/or Alameda in any court, administrative proceedings, the Bankruptcy Actions, Criminal Proceedings, or any other foreign or domestic forum or in response to any governmental agency request for discovery.

**RESPONSE TO REQUEST NO. 34:**

Temasek Holdings objects to Request No. 34 to the extent that it seeks the production of

documents or the disclosure of information protected by the attorney-client privilege, the work product doctrine, or any other applicable privilege, immunity, or protection recognized by law. Temasek Holdings further objects to this Request on the grounds that it is overly broad and unduly burdensome, and seeks information that is not relevant to the jurisdictional issues identified by the Court or to any party's claim or defense and not proportional to the needs of the case because the Request asks for *all* work papers, communications, transcripts and/or recordings of any depositions, testimony, interviews, or statements that Temasek Holdings has provided concerning the FTX Entities and/or Alameda in various legal and administrative proceedings.  Temasek Holdings further objects to this Request to the extent it is not related to its contacts to the forum states at issue for jurisdictional discovery and seeks merits-related discovery beyond the limited jurisdictional discovery authorized by the Court.

Temasek Holdings will not produce documents in response to this Request.

**REQUEST NO. 35:**

All documents, communications, and work papers relating to fraud detection and anti-money laundering protection by you, including, but not limited to, policies, procedures, manuals, monitoring systems, including automated monitoring systems, even if generated by a third party, employed by you to detect, monitor and/or prevent fraud, money laundering, and/or other misconduct by the companies and other entities in which you invest, including, but not limited to, Know Your Customer or Know Your Client (together, "KYC") obligations, policies, procedures and compliance; Know Your Business ("KYB") obligations, policies, procedures, and compliance; Anti-Money Laundering ("AML") obligations, policies, procedures, and compliance; Customer Identification Program ("CIP") obligations, policies, procedures, and compliance; Bank Secrecy Act ("BSA") obligations, policies, procedures and compliance; risk management; and other due diligence.

**RESPONSE TO REQUEST NO. 35:**

Temasek Holdings objects to Request No. 35 to the extent that it seeks the production of documents or the disclosure of information protected by the attorney-client privilege, the work product doctrine, or any other applicable privilege, immunity, or protection recognized by law.

Temasek Holdings further objects to this Request on the grounds that it is overly broad and unduly burdensome, and seeks information that is not relevant to the jurisdictional issues identified by the Court or to any party's claim or defense and not proportional to the needs of the case because the Request asks for *all* documents, communications, and work papers relating to fraud detection and anti-money laundering protection by Temasek Holdings.  Temasek Holdings further objects to this Request to the extent it is not related to its contacts to the forum states at issue for jurisdictional discovery, nor to any other issue in this action.

Temasek Holdings will not produce documents in response to this Request.

**REQUEST NO. 36:**

All work papers, communications, and other documents concerning your decision to make the investment in the FTX Entities and/or Alameda, including but not limited to any meeting minutes, memoranda, or materials with respect to your internal committee or board discussions; and any meeting minutes, memoranda, or materials with respect to communications with Defendants.

**RESPONSE TO REQUEST NO. 36:**

Temasek Holdings objects to Request No. 36 to the extent that it seeks the production of documents or the disclosure of information protected by the attorney-client privilege, the work product doctrine, or any other applicable privilege, immunity, or protection recognized by law. Temasek Holdings further objects to this Request on the grounds that it is overly broad and unduly burdensome, and seeks information that is not relevant to the jurisdictional issues identified by the Court or to any party's claim or defense and not proportional to the needs of the case because the Request asks for *all* work papers, communications, and other documents concerning Temasek Holdings' decision to make an investment in the FTX Entities and/or Alameda.  Temasek Holdings further objects to this Request to the extent it is not related to its contacts to the forum states at issue for jurisdictional discovery and seeks merits-related discovery beyond the limited jurisdictional discovery authorized by the Court.

Temasek Holdings will not produce documents in response to this Request.

**REQUEST NO. 37:**

Documents concerning any meetings between your directors, executives, employees, representatives, and/or agents and FTX's directors, executives, employees, representatives, and/or agents. This request includes but is not limited to any expense reports and calendar entries related to any such meetings.

**RESPONSE TO REQUEST NO. 37:**

Temasek Holdings will produce non-privileged, responsive documents, if any, concerning meetings with FTX's directors, executives, employees, representatives, and/or agents, that are within its possession, custody, and control and located pursuant to a reasonable search, to the extent such documents relate to Temasek Holdings' contacts with either Florida or California.

Temasek Holdings objects to Request No. 37 to the extent that it seeks the production of documents or the disclosure of information protected by the attorney-client privilege, the work product doctrine, or any other applicable privilege, immunity, or protection recognized by law. Temasek Holdings further objects to this Request on the grounds that it is overly broad and unduly burdensome, and seeks information that is not relevant to the jurisdictional issues identified by the Court or to any party's claim or defense and not proportional to the needs of the case because the Request asks for documents concerning *any* meetings between Temasek Holdings' directors, executives, employees, representatives, and/or agents and FTX's directors, executives, employees, representatives, and/or agents. Temasek Holdings further objects to this Request to the extent it is not related to its contacts to the forum states at issue for jurisdictional discovery and seeks merits-related discovery beyond the limited jurisdictional discovery authorized by the Court.

Temasek Holdings will not produce any documents that do not relate to Temasek Holdings' contacts with either Florida or California.

**REQUEST NO. 38:**

Organizational charts for Temasek Holdings (Private) Limited, Temasek International (USA) LLC, Artz Fund Investments Pte. Ltd., Temasek International Pte. Ltd., and any other intermediate entities existing along the chain of ownership between or among the entities specifically named in this request.

**RESPONSE TO REQUEST NO. 38:**

Temasek Holdings objects to Request No. 38 on the grounds that it is overly broad and unduly burdensome, and seeks information that is not relevant to the jurisdictional issues identified by the Court or to any party's claim or defense and not proportional to the needs of the case because the Request asks for organizational charts for Temasek Holdings and other entities, including non-parties to this action. Temasek Holdings further objects to this Request to the extent it is not related to its contacts to the forum states at issue for jurisdictional discovery, nor to any other issue in this action.

Temasek Holdings will not produce documents in response to this Request.

**REQUEST NO. 39:**

All documents and work papers concerning your formation, organization, and corporate governance, including, but not limited to, articles of incorporation, articles of formation, by-laws, board minutes, consents, membership agreements, partnership agreements, certificates of good standing, registrations to do business, licenses, charters for any and all board committees, policies relating to conflicts of interest, insider trading policies, related party transaction policies, and codes of ethics.

**RESPONSE TO REQUEST NO. 39:**

Temasek Holdings objects to Request No. 39 to the extent that it seeks the production of documents or the disclosure of information protected by the attorney-client privilege, the work product doctrine, or any other applicable privilege, immunity, or protection recognized by law. Temasek Holdings further objects to this Request on the grounds that it is overly broad and unduly burdensome, and seeks information that is not relevant to the jurisdictional issues identified by the Court or to any party's claim or defense and not proportional to the needs of the case because the

Request asks for *all* documents and work papers concerning Temasek Holdings' formation, organization, and corporate governance.  Temasek Holdings further objects to this Request to the extent it is not related to its contacts to the forum states at issue for jurisdictional discovery, nor to any other issue in this action.

Temasek Holdings will not produce documents in response to this Request.

**REQUEST NO. 40:**

Your audited financial statements, including income statements, balance sheets and statements of cash flow, whether consolidated or unconsolidated.

**RESPONSE TO REQUEST NO. 40:**

Temasek Holdings objects to Request No. 40 on the grounds that it is overly broad and unduly burdensome, and seeks information that is not relevant to the jurisdictional issues identified by the Court or to any party's claim or defense and not proportional to the needs of the case because the Request asks for Temasek Holdings' audited financial statements.  Temasek Holdings further objects to this Request to the extent it is not related to its contacts to the forum states at issue for jurisdictional discovery, nor to any other issue in this action.

Temasek Holdings will not produce documents in response to this Request.

**REQUEST NO. 41:**

Your Federal and State (California, New York, Washington, D.C. and/or Florida) tax returns and reporting information.

**RESPONSE TO REQUEST NO. 41:**

Temasek Holdings objects to Request No. 41 on the grounds that it is overly broad and unduly burdensome, and seeks information that is not relevant to the jurisdictional issues identified by the Court or to any party's claim or defense and not proportional to the needs of the case because the Request asks for Temasek Holdings' Federal and State tax returns and reporting information. Temasek Holdings further objects to this Request to the extent it is not related to its contacts to the

forum states at issue for jurisdictional discovery, nor to any other issue in this action.

Temasek Holdings will not produce documents in response to this Request.

**REQUEST NO. 42:**

Documents concerning your banking relationships in California, New York, Washington, D.C., and/or Florida.

**RESPONSE TO REQUEST NO. 42:**

Temasek Holdings objects to Request No. 42 to the extent that it seeks the production of documents or the disclosure of information protected by the attorney-client privilege, the work product doctrine, or any other applicable privilege, immunity, or protection recognized by law. Temasek Holdings further objects to this Request on the grounds that it is overly broad and unduly burdensome, and seeks information that is not relevant to the jurisdictional issues identified by the Court or to any party's claim or defense and not proportional to the needs of the case because the Request asks for documents concerning Temasek Holdings' banking relationships. Temasek Holdings further objects to this Request to the extent it is not related to its contacts to the forum states at issue for jurisdictional discovery, nor to any other issue in this action.

Temasek Holdings will not produce documents in response to this Request.

**REQUEST NO. 43:**

All documents, work papers, or other discovery concerning any agreements between Temasek Holdings (Private) Limited, Temasek International (USA) LLC, Artz Fund Investments Pte. Ltd., and/or Temasek International Pte. Ltd., including, but not limited to, intercompany agreements, lease-back agreements, and/or shared services agreement.

**RESPONSE TO REQUEST NO. 43:**

Temasek Holdings objects to Request No. 43 to the extent that it seeks the production of documents or the disclosure of information protected by the attorney-client privilege, the work product doctrine, or any other applicable privilege, immunity, or protection recognized by law. Temasek Holdings further objects to this Request on the grounds that it is overly broad and unduly

burdensome, and seeks information that is not relevant to the jurisdictional issues identified by the Court or to any party's claim or defense and not proportional to the needs of the case because the Request asks for *all* documents, work papers, or other discovery concerning *any* agreements among various entities, including non-parties to this action.  Temasek Holdings further objects to this Request to the extent it is not related to its contacts to the forum states at issue for jurisdictional discovery, nor to any other issue in this action.

Temasek Holdings will not produce documents in response to this Request.

**REQUEST NO. 44:**

All documents, work papers, or other discovery concerning property, personnel, or equipment provided to or shared by Temasek Holdings (Private) Limited, Temasek International (USA) LLC, Artz Fund Investments Pte. Ltd., and/or Temasek International Pte. Ltd.

**RESPONSE TO REQUEST NO. 44:**

Temasek Holdings objects to Request No. 43 to the extent that it seeks the production of documents or the disclosure of information protected by the attorney-client privilege, the work product doctrine, or any other applicable privilege, immunity, or protection recognized by law. Temasek Holdings further objects to this Request on the grounds that it is overly broad and unduly burdensome, and seeks information that is not relevant to the jurisdictional issues identified by the Court or to any party's claim or defense and not proportional to the needs of the case because the Request asks for *all* documents, work papers, or other discovery concerning property, personnel, or equipment provided to or shared by various entities, including non-parties to this action. Temasek Holdings further objects to this Request to the extent it is not related to its contacts to the forum states at issue for jurisdictional discovery, nor to any other issue in this action.

Temasek Holdings will not produce documents in response to this Request.

**REQUEST NO. 45:**

All documents, work papers, or other discovery concerning your operations in the United States, including, but not limited to, your offices and personnel located in New York, New York, San Francisco California, and Washington, D.C.

**RESPONSE TO REQUEST NO. 45:**

Temasek Holdings objects to Request No. 45 to the extent that it seeks the production of documents or the disclosure of information protected by the attorney-client privilege, the work product doctrine, or any other applicable privilege, immunity, or protection recognized by law. Temasek Holdings further objects to this Request on the grounds that it is overly broad and unduly burdensome, and seeks information that is not relevant to the jurisdictional issues identified by the Court or to any party's claim or defense and not proportional to the needs of the case because the Request asks for *all* documents, work papers, or other discovery concerning Temasek Holdings' operations in the United States.  Temasek Holdings further objects to this Request to the extent it is not related to its contacts to the forum states at issue for jurisdictional discovery, nor to any other issue in this action.

Temasek Holdings will not produce documents in response to this Request.

**REQUEST NO. 46**

Documents related to your investments in any businesses that have offices or operations in Florida and/or California.

**RESPONSE TO REQUEST NO. 46:**

Temasek Holdings objects to Request No. 46 to the extent that it seeks the production of documents or the disclosure of information protected by the attorney-client privilege, the work product doctrine, or any other applicable privilege, immunity, or protection recognized by law. Temasek Holdings further objects to this Request on the grounds that it is overly broad and unduly burdensome, and seeks information that is not relevant to the jurisdictional issues identified by the

Court or to any party's claim or defense and not proportional to the needs of the case because the Request asks for documents related to Temasek Holdings' investments in *any* businesses that have offices or operations in Florida and/or California, regardless of whether Temasek Holdings itself has any contacts with those states related to any issue in this action.

Temasek Holdings will not produce documents in response to this Request.

Dated:  January 16, 2024

Respectfully submitted,

FRIDMAN FELS & SOTO, PLLC

By: _Adam S. Fels_
Adam S. Fels, Florida Bar No. 0114917
150 Alhambra Circle
Suite 715
Coral Gables, Florida 33134
Telephone:  (305) 569-7701
Email:  afels@ffslawfirm.com

\- and

Brad S. Karp, *pro hac vice*
Andrew J. Ehrlich, *pro hac vice*
Nina M. Kovalenko, *pro hac vice*
PAUL, WEISS, RIFKIND,
  WHARTON & GARRISON LLP
1285 Avenue of the Americas
New York, New York 10019
Telephone: (212) 373-3000
Facsimile: (212) 757-3990
Email:  bkarp@paulweiss.com
        aehrlich@paulweiss.com
        nkovalenko@paulweiss.com

*Attorneys for Defendants Temasek
Holdings (Private) Limited*

———————————

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on January 16, 2024, I e-filed the foregoing document using the Court's

CM/ECF system, which will send a notice of electronic filing to all counsel of record.

*/s/ Adam S. Fels*