# Exhibit B

IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA, MIAMI DIVISION
Case No. 1:23-md-03076-KMM

IN RE:

FTX Cryptocurrency Exchange Collapse Litigation

THIS DOCUMENT RELATES TO:

*O'Keefe* v. *Sequoia Capital Operations, LLC, et al.*, Case No. 23-cv-20700 (S.D. Fla.)

*O'Keefe* v. *Temasek Holdings (Private) Limited, et al.*, Case No. 1:23-cv-23065 (S.D. Fla.)

*Chernyavsky, et al.* v. *Temasek Holdings (Private) Limited, et al.*, Case No. 1:23-cv-22960 (S.D. Fla.)

*Cabo, et al.* v. *Temasek Holdings (Private) Limited, et al.*, Case No. 1:23-cv-23212 (S.D. Fla.)

**DEFENDANT TEMASEK HOLDINGS (PRIVATE) LIMITED'S
RESPONSES AND OBJECTIONS TO PLAINTIFFS' NOTICE OF
<u>RULE 30(b)(6) DEPOSITION OF TEMASEK HOLDINGS (PRIVATE) LIMITED</u>**

Pursuant to Rules 26 and 30(b)(6) of the Federal Rules of Civil Procedure (the "Federal Rules") and Rule 26.1 of the Local Civil Rules (the "Local Rules"), defendant Temasek Holdings (Private) Limited ("Temasek Holdings"), by its undersigned counsel, hereby provides the following responses and objections (the "Responses and Objections") to Plaintiffs' Notice of 30(b)(6) Deposition of Defendant Temasek Holdings (Private) Limited, dated December 22, 2023 (the "Notice"). Temasek Holdings reserves the right to supplement or otherwise amend the Responses and Objections.

1

## GENERAL RESPONSES AND OBJECTIONS

The following General Responses and Objections are incorporated into each of the Specific Responses and Objections below.

1. In making these objections, Temasek Holdings does not in any way waive, or intend to waive, but rather intends to preserve and is preserving:

    a. all objections as to competency, relevance, materiality, privilege, authenticity, or admissibility;

    b. all rights to object on any ground to the use of any responses or objections;

    c. all rights to object on any ground to any further Topics; and

    d. the right at any time to amend, correct, add to, or clarify any of the responses or objections found herein.

## OBJECTIONS TO DEFINITIONS AND INSTRUCTIONS

The following Objections to Instructions are incorporated into each of the Specific Responses and Objections below.

1. Temasek Holdings objects to Plaintiffs' definition of "You" and "Your" on the grounds that it is overly broad, unduly burdensome, and seeks information that is not relevant to any party's claims or defenses or otherwise is not proportional to the needs of the case to the extent it includes, in addition to Temasek Holdings, "its predecessors, successors, subsidiaries, departments[,] divisions, and/or affiliates, including, but not limited to, any funds or other investment vehicles held by the Defendant responding or in which the Defendant responding is a member or other owner, its international, national or local branches or offices, including, but not limited to Temasek International (USA) LLC, Artz Fund Investments Pte. Ltd., and/or Temasek International Pte. Ltd. and current and prior partners, officers, directors, employees, representatives, agents or any persons acting or purporting to act on behalf of the responding

2

Defendant." Temasek Holdings will interpret the term "You" and "Your" to refer to Temasek Holdings.

2. Temasek Holdings objects to Plaintiffs' definition of "Co-Defendants" on the grounds that it is overly broad, unduly burdensome, and seeks information that is not relevant to any party's claims or defenses or otherwise is not proportional to the needs of the case to the extent it includes, in addition to the other Defendants sued in this action, "any of their affiliates, subsidiaries, divisions, segments, predecessors, successors, officers, directors, employees, representatives, or agents." Temasek Holdings will interpret the term "Co-Defendants" to refer to the other Defendants in this action.

3. Temasek Holdings objects to Plaintiffs' definition of "FTX Entities" on the grounds that it is overly broad, unduly burdensome, and seeks information that is not relevant to any party's claims or defenses or otherwise is not proportional to the needs of the case to the extent it includes, in addition to West Realm Shires Services, Inc., FTX Trading Ltd, Blockfolio, Inc., and Alameda Research, LLC "any of their affiliates, subsidiaries, divisions, segments, predecessors, successors, officers, directors, employees, representatives, or agents." Temasek Holdings will interpret the term "FTX Entities" to refer to West Realm Shires Services, Inc., FTX Trading Ltd, Blockfolio, Inc., and Alameda Research, LLC.

4. Temasek Holdings objects to Instruction No.11 on the grounds that it is overly broad, unduly burdensome, and seeks information that is not relevant to any party's claims or defenses or otherwise is not proportional to the needs of the case to the extent that it instructs that, "whenever a reference to a business entity appears, the reference shall mean," in addition to the business entity itself, "its affiliated companies, partnerships, divisions, subdivisions, directors,

officers, employees, agents, clients or other representatives of affiliated third parties." Temasek Holdings will interpret a reference to a business entity to refer to that business entity.

5.   Temasek Holdings objects to the time period set forth in Instruction No. 12 as overly broad and unduly burdensome and as seeking information that is not relevant to any party's claims or defenses or otherwise is not proportionate to the needs of the case to the extent that it seeks information beginning in January 1, 2019 and through the present time. This time period begins more than two years before Temasek Holdings was first introduced to FTX (in March 2021) and ends more than one year after FTX collapsed and Plaintiffs filed this action. Temasek Holdings shall apply the time period March 1, 2021 through October 31, 2022.

## SPECIFIC RESPONSES AND OBJECTIONS TO TOPICS

### TOPIC NO. 1:

All documents and responses provided in response to Plaintiffs' requests for admission, requests for production, and interrogatories.

### RESPONSE TO TOPIC NO. 1:

Temasek Holdings objects to Topic No. 1 on the grounds that it is vague, overly broad, unduly burdensome, needlessly cumulative, and not proportional to the needs of the case, insofar as it asks Temasek Holdings to designate a witness to testify about *all* documents and responses provided in response to Plaintiffs' discovery requests, without limitation. Temasek Holdings further objects to this Topic to the extent that it purports to seek information that is irrelevant to this action, as well as to the jurisdictional issues identified by the District Court. Temasek Holdings further objects to this topic as duplicative of prior sworn testimony, including the affidavit that Temasek Holdings submitted in support of its motion to dismiss, as to which Plaintiffs have raised no factual dispute, and its interrogatory responses.

Temasek Holdings will not designate a witness to testify about Topic No. 1.

**TOPIC NO. 2:**

Contracts or agreements regarding any business You (directly or through any entity owned by You, or any of Your or Your entities' affiliates, representatives, employees, or agents) conducted with the FTX Entities, including any investments made by You (directly or through any entity owned by You, or any of Your or Your entities' affiliates, representatives, employees, or agents) in the FTX Entities or with the FTX Entities.

**RESPONSE TO TOPIC NO. 2:**

Temasek Holdings objects to Topic No. 2 on the grounds that it is vague, overly broad, unduly burdensome, and not proportional to the needs of the case, insofar as it asks Temasek Holdings to designate a witness to testify about contracts or agreements regarding *any* business that Temasek Holdings (directly or through *any* entity owned by Temasek Holdings, or *any* of Temasek Holdings' affiliates, representatives, employees, or agents) conducted with the FTX Entities, regardless of whether they relate to the parties to this action or the jurisdictional issues identified by the District Court.

Temasek Holdings will not designate a witness to testify about Topic No. 2.

**TOPIC NO. 3:**

Your operations or business conducted in Florida and or California or with others located there.

**RESPONSE TO TOPIC NO. 3:**

Temasek Holdings objects to Topic No. 3 on the ground that it is vague, overly broad, and unduly burdensome, and seeks information that is not relevant to the jurisdictional issues, and not proportional to the needs of the case, as it asks Temasek Holdings to designate a witness to testify about its operations or business conducted in Florida and or California or with others located there, regardless of whether such operations or business relate to FTX. Temasek Holdings further objects to this Topic to the extent that it purports to seek information irrelevant to this action, insofar as Plaintiffs have not asserted, and cannot assert, that Temasek Holdings is subject to general

5

jurisdiction in either Florida or California. Temasek Holdings further objects that this topic is duplicative of prior sworn testimony, including the affidavit that Temasek Holdings submitted in support of its motion to dismiss for lack of personal jurisdiction.

Temasek Holdings will not designate a witness to testify about Topic No. 3.

**TOPIC NO. 4:**

All due diligence You (directly or through any entity owned by You, or any of Your or Your entities' affiliates, representatives, employees, or agents) conducted before investing in or otherwise doing any business with FTX Entities as well as any continuing due diligence or monitoring You conducted regarding the FTX Entities during the period in which you continued to do business with them.

**RESPONSE TO TOPIC NO. 4:**

Temasek Holdings objects to Topic No. 4 on the ground that it is vague, overly broad, and unduly burdensome, and seeks information that is not relevant to the jurisdictional issues, and not proportional to the needs of the case, as it asks Temasek Holdings to designate a witness to testify about *all* due diligence Temasek Holdings conducted before investing in or otherwise doing any business with FTX Entities, as well as any continuing due diligence or monitoring conducted regarding the FTX Entities during the period in which Temasek Holdings continued to do business with them, regardless of whether such diligence relates to the jurisdictional issues identified by the District Court.

Temasek Holdings will not designate a witness to testify about Topic No. 4.

**TOPIC NO. 5:**

This lawsuit and/or the subject matter of this lawsuit.

**RESPONSE TO TOPIC NO. 5:**

Temasek Holdings objects to Topic No. 5 on the ground that it is vague, overly broad, and unduly burdensome, and seeks information that is not relevant to the jurisdictional issues, and not proportional to the needs of the case, as it asks Temasek Holdings to designate a witness to testify

about "this lawsuit and/or the subject matter of this lawsuit," regardless of whether such information relates to the jurisdictional issues identified by the Court.

Temasek Holdings will not designate a witness to testify about Topic No. 5.

Dated:  January 16, 2024　　　　　　　　　　　Respectfully submitted,

　　　　　　　　　　　　　　　　　　　　　　FRIDMAN FELS & SOTO, PLLC

　　　　　　　　　　　　　　　　　　　　　　By: *Adam S. Fels*
　　　　　　　　　　　　　　　　　　　　　　Adam S. Fels, Florida Bar No. 0114917
　　　　　　　　　　　　　　　　　　　　　　150 Alhambra Circle
　　　　　　　　　　　　　　　　　　　　　　Suite 715
　　　　　　　　　　　　　　　　　　　　　　Coral Gables, Florida 33134
　　　　　　　　　　　　　　　　　　　　　　Telephone:  (305) 569-7701
　　　　　　　　　　　　　　　　　　　　　　Email:  afels@ffslawfirm.com

　　　　　　　　　　　　　　　　　　　　　　　　-   and

　　　　　　　　　　　　　　　　　　　　　　Brad S. Karp, *pro hac vice*
　　　　　　　　　　　　　　　　　　　　　　Andrew J. Ehrlich, *pro hac vice*
　　　　　　　　　　　　　　　　　　　　　　Nina M. Kovalenko, *pro hac vice*
　　　　　　　　　　　　　　　　　　　　　　PAUL, WEISS, RIFKIND,
　　　　　　　　　　　　　　　　　　　　　　　WHARTON & GARRISON LLP
　　　　　　　　　　　　　　　　　　　　　　1285 Avenue of the Americas
　　　　　　　　　　　　　　　　　　　　　　New York, New York 10019
　　　　　　　　　　　　　　　　　　　　　　Telephone: (212) 373-3000
　　　　　　　　　　　　　　　　　　　　　　Facsimile: (212) 757-3990
　　　　　　　　　　　　　　　　　　　　　　Email:  bkarp@paulweiss.com
　　　　　　　　　　　　　　　　　　　　　　　　　　aehrlich@paulweiss.com
　　　　　　　　　　　　　　　　　　　　　　　　　　nkovalenko@paulweiss.com

　　　　　　　　　　　　　　　　　　　　　　*Attorneys for Defendants Temasek
　　　　　　　　　　　　　　　　　　　　　　Holdings (Private) Limited*

## **CERTIFICATE OF SERVICE**

I hereby certify that on January 16, 2024, I e-filed the foregoing document using the Court's CM/ECF system, which will send a notice of electronic filing to all counsel of record.

/s/ Adam S. Fels