UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MDL No. 3076
CASE NO. 1:23-md-03076-KMM

IN RE:

**FTX Cryptocurrency Exchange Collapse MDL Litigation**

THIS DOCUMENT RELATES TO:

Bank Defendants

*O'Keefe v. Sequoia Capital Operations, LLC, et al.*, S.D. Fla. Case No. 1:23-cv-20700

*O'Keefe v. Farmington State Bank d/b/a Moonstone Bank, et al.*, E.D. Wa. Case No. 2:23-cv-00213-TOR

_____/

**PLAINTIFFS' OPPOSITION TO DELTEC BANK AND TRUST COMPANY AND JEAN CHALOPIN'S MOTION TO QUASH OR FOR PROTECTIVE ORDER**

On January 12, 2024, Defendants Deltec Bank and Trust Company ("Deltec") and Jean Chalopin (collectively "Defendants") concurrently opposed Plaintiffs' motion to compel discovery as ordered by the District Court , and filed a motion to quash or for protective order over such discovery. ECF Nos. 470, 471. Defendants' filings are nearly identical, and Defendants' motion should be denied for the same reasons that Plaintiffs' should be granted. *See* ECF No. 447.

## BACKGROUND

The parties met and conferred telephonically on January 4, 2024. On the morning of January 12, 2024, Plaintiffs followed up by e-mail, seeking to narrow or resolve the issues raised by Defendants and to request placeholder dates for Defendants' depositions, should this Court order them be taken before February 1, 2024. Defendants stood on their objections and refused to provide any placeholder deposition dates. *See* Ex. A at 1-3. Hours later, Defendants filed this instant motion to quash.

Defendants' motion to quash rests on the same faulty objections as does their opposition to Plaintiffs' motion to compel: (1) a Bahamian statute displaces the Federal Rules, and (2) the District Court's Order did not authorize the depositions. Throughout the meet and confer process, Defendants relied exclusively on the Bahamian Evidence (Proceedings in Other Jurisdictions) Act ("EPOJA") to argue that production of the requested discovery was barred by Bahamian law. *See, e.g.*, Ex. A at 1. In their instant motion to quash, however, Defendants cite to a second statute, the Bank & Trust Companies Regulation Act ( "BTCRA"), for the first time.[1] Not once during the meet and confer process—including in correspondence exchanged just hours before Defendants filed their motion to quash—did Defendants refer to the BTCRA in objecting to Plaintiffs' discovery requests. *See generally* Ex. A. To date, Defendants have supplied no independent authority to support their readings of the EPOJA or the BTCRA, offering instead a conclusory declaration by one of Deltec's in-house attorneys. *See* ECF Nos. 470-1, 471-1. But neither statute displaces the Federal Rules nor prohibits compliance with the District Court's December 18, 2023 Order. Defendants' motion to quash should be denied.

## ARGUMENT

**I.     This Court is empowered to enforce the District Court's Order and the Federal Rules governing discovery, notwithstanding Bahamian law.**

---

[1] Defendants also cite to the BTCRA for the first time in their opposition to Plaintiffs' motion to compel. *See* ECF Doc. 470 at 5.

1

Neither the EPOJA nor the BTCRA forbid Defendants' compliance with the District Court's Order for reasons set forth in Plaintiffs' motion to compel. *See* ECF No. 447 at 3-4. In short, nothing in the statutes' plain language bars production of the discovery that Plaintiffs seek, and, even if so, it is well established that this Court is empowered to order a non-U.S. defendant to produce discovery—including jurisdictional discovery—in accordance with the Federal Rules, without resorting to (and despite) provisions of international treaty or foreign law, in part because the latter "would be unduly time consuming and expensive, as well as less certain to produce needed evidence [compared to] the Federal Rules."[2] Indeed, "the Federal Rules remain the 'normal method for federal litigation involving foreign national parties." *In re Chiquita Brands International, Inc.*, No. 07-60821-CV, 2015 WL 12601043, at *8 (S.D. Fla. Apr. 7, 2015) (quoting *In re Auto Refinishing*, 358 F.3d at 300).

### A. Neither statute prohibits Defendants' disclosure of evidence or testimony.

Nothing in either of the EPOJA's or the BTCRA's plain language "bars the disclosure of documents and testimony [absent] an application to the Bahamas Supreme Court," as Defendants suggest. The EPOJA does not use any mandatory language, instead providing that an application for assistance in discovery "*may* be made to the Supreme Court by or on behalf of a court of tribunal" and limits the scope of the EPOJA's provisions to those instances "[w]here an application is made." *See* ECF No. 447-3, §§ 3.(1), 4 (emphasis added). Nowhere does the EPOJA prohibit a Bahamian resident from voluntarily disclosing documents and testimony in compliance with an order from this Court. To the contrary, according to McKinney Bancroft & Hughes, "one of the largest and oldest firms in The Bahamas [with] an extensive international practice,"[a] citizen residing in the Bahamas *may volunteer* to submit to the jurisdiction of a foreign court and give evidence in foreign proceedings" under the EPOJA.[3]

The BTCRA is similarly permissive under circumstances such as those before this Court. Section 77 of the Act (on which Defendants rely) permit disclosure "for purpose of the

---

[2] *Societe Nationale Industrielle Aerospatiale v. United States Dist. Court for the S. Dist. of Iowa*, 482 U.S. 522, 542 (1987); *see also In re Vitamins Antitrust Litig.*, 120 F. Supp. 2d 45, 49 (D.D.C. 2000) (extending *Aerospatiale* to jurisdictional discovery and foreign law other than The Convention); *Burrow v. Forjas Taurus S.A.*, No. 16-21606-CIV, 2017 WL 2620067, at *3 (S.D. Fla. June 16, 2017) (collecting cases).

[3] *See, e.g.*, Lex Mundi, *Gathering Evidence in Aid of Foreign Litigation Guide – Bahamas* (Mar. 16, 2022), https://www.lexmundi.com/guides/gathering-evidence-in-aid-of-foreign-litigation-guide/jurisdictions/latin-america-caribbean/bahamas/ (emphasis added).

performance of [a bank director's, officer's, employee's, or agent's] duties or the exercise of his functions under this Act" or "for the purpose of performance of his duties within the scope of his employment." *See* ECF No. 471-1 at 82-83. Such duties should include producing discovery in compliance with a court order.

### B. This Court may order Defendants to comply with the District Court's Order and the Federal Rules, notwithstanding the EPOJA or the BTCRA.

Neither the EPOJA nor the BTCRA mandate that discovery be had exclusively through its procedures, nor does eithers statute prohibit a Bahamian citizen from producing discovery in compliance with the District Court's Order. *See* Section I.A. In the absence of conflict, this Court may enforce the Federal Rules and the District Court's Order without infringing on provisions of Bahamian law. Even if conflict between the Federal Rules and the EPOJA or the BTCRA were to arise, this Court is empowered to enforce the District Court's Order, in accordance with *Aerospatiale* and as principles of comity allow. *See* ECF No. 447 at 4-5.

Defendants nonetheless assert that compliance with the District Court's Order would "subject them to prosecution and/or penalties in The Bahamas, including a fine of $25,000 or imprisonment of up to two years," a so-called "blocking statute." ECF No. 471. Defendants offer no authority to support that such they would suffer such sanctions in this case, other than a conclusory declaration by one of Deltec's in-house attorneys. *See id.* (citing ECF No. 471-1).

To the contrary, the Eleventh Circuit has already ruled that the BTCRA does not permit a defendant to resist its discovery obligations in the United States. In *In re Grand Jury Proceedings. United States v. Bank of Nova Scotia*, the Bank argued that "compliance with a [grand jury] subpoena would require it to violate the Bahamian bank secrecy law and therefore enforcing the subpoena and imposing contempt sanctions for noncompliance violates due process." 691 F.2d 1384, 1388 (11th Cir. 1982). The Eleventh Circuit disagreed, holding that the statute's "Preservation of secrecy" requirements in effect at the time (which closely track Section 77 of the BTCRA in effect today)[4] did not excuse the Bank from compliance with the federal subpoena, even "assum[ing] … that the Bank will be subject to criminal sanctions in the Bahamas" for its production of evidence and testimony pursuant to it. *Id.* at 1386 n.2, 1391.

Extension of *In re Grand Jury Proceedings* to civil discovery disputes, including the matter presently before this Court, is well supported by *Aerospatiale* and its progeny: "*Aerospatiale*

---

[4] *Compare In re Grand Jury Proceedings*, 691 F.2d at 1386 n.2 *with* ECF No. 471-1 at 82-83.

3

reiterates the well-settled view that 'blocking statutes do not deprive an American court the power to order a party subject to its jurisdiction to produce evidence even though the act of production may violate that statute." *In re Auto. Refinishing*, 358 F.3d at 303-04 (quoting 482 U.S. at 544-45 n.29); *see also United States v. Billie*, 611 F. App'x 608, 611 (11th Cir. 2015) (citing *Aerospatiale*, 482 U.S. at 544 n.29); *Marti v. Iberostar Hoteles y Apartamentos S.L.*, 54 F.4th 641, 650 (11th Cir. 2022) ("[W]e see no reason why comity should require indefinite suspension of Unites States law so that foreign blocking statute can have its full effect."); *Consejo De Defensa Del Estado De La Republica De Chile v. Espirito Santo Bank*, No. 09-20613-CIV, 2010 WL 2162868, at *2 (S.D. Fla. May 26, 2010); *id.* at *4 ("[A] foreign law's prohibition on discovery is not a bar to issuance of a discovery order" against a foreign sovereign [party].") (citations omitted).

The cases offered by Defendants do not hold otherwise. *Tiffany (NJ) LLC v. Qi*, 276 F.R.D. 143 (S.D.N.Y. 2011), *S.E.C. v. Stanford Int'l Bank, Ltd.*, 776 F. Supp. 2d 323 (N.D. Tex. 2011), *Euclid Fish Co. v. Cape Fla. Seafood*, 2021 WL 4976530, at *10 (S.D. Fla. Aug. 20, 2021), are inapplicable for the simple reason that those cases concerned discovery on foreign *third parties*, not defendants who have "taken advantage of the Federal Rule allowing them a preliminary hearing and determination of issues raised in their [Rule 12(b)(2)] motion," as Defendants have here.[5] While "resort to [discovery procedures under foreign law] is particularly appropriate where… a litigant seeks to depose a foreign *non-party*," "[w]here discovery is sought from a foreign *party*, over whom a federal court has *in personam* jurisdiction, there is no rule of first resort requiring the discovery party to use procedures [of foreign law] before resorting to the Federal Rules." *In re Chiquita Brands International, Inc.*, 2015 WL 12601043, at *8.

Defendants seek to exploit the reference to "*in personam* jurisdiction" in *In re Chiquita Brands*, arguing that this Court does not have jurisdiction over Defendants, such that the cases cited by Plaintiffs do not apply. But:

> [I]t is well established that the trial court has inherent power and jurisdiction to decide whether it has jurisdiction [and arguments] premised on the assumption that there is no personal jurisdiction [are] premature and unwarranted…At this stage, where the [Defendants] have voluntarily appeared in the court to challenge jurisdiction and jurisdictional discovery is pending, the District Court indisputably has jurisdiction to determine whether there is personal jurisdiction upon completion of jurisdiction discovery…. Accordingly, the distinction drawn by the appellants between "merits" discovery and "jurisdictional" discovery, predicated on a false dichotomy of having and not having jurisdiction, amounts to no real difference

---

[5] *In re Auto. Refinishing*, 358 F.3d at 303 (extending *Aerospatiale* to jurisdictional discovery).

4

because the court has jurisdiction for either type of discovery.
*In re Auto. Refinishing.*, 358 F.3d at 303. This Court's jurisdiction includes the power to order Defendants' compliance with the District Court's Order without first resort to foreign procedures.

## II. The scope of Plaintiffs' requests is authorized by the District Court's Order and permitted under the Federal Rules.

Plaintiffs' requests, including their notices of deposition, fall within the scope of the District Court's order for reasons summarized in Plaintiffs' motion to compel, and Defendants production of that discovery should be expedited as set forth therein. *See* ECF No. 447 at 5-6.

In response, Defendants offer only that "Plaintiffs request documents regarding Deltec's banking relationship in The Bahamas with other clients who are non-parties to this litigation, a purported sale by Mr. Chalopin of a condominium in The Bahamas, and various other irrelevant topics." ECF 471 at 5 n.2. But those are only two of Plaintiffs' requests, and those requests, too, are tailored to the jurisdictional analysis. The "other client" that Defendants reference is Tether, another cryptocurrency exchange. *See* ECF 361 at 13-14. But SBF has admitted that FTX misappropriated customer funds through Tether, "wir[ing] [Tether] a lot of dollars . . . through three different jurisdictions [and] through intermediary banks," including, upon information and belief, Deltec, where both Tether and FTX held accounts." *Id.* The purported condo sale is of The Albany, the now infamous complex where SBF and other insiders lived lavishly on FTX customers' dimes, which Mr. Chalopin sold to billionaire Joe Lewis, who in turn sold the property to SBF.[6] Both of the requests therefore go to Defendants knowledge of the fraud (by, for example, watching customer funds flow from FTX and Alameda accounts to Tether accounts at or through Deltec and/or Moonstone, Mr. Chalopin's Washington-based bank) and assistance with that misconduct (by, for example, effecting those transfers and helping to arrange for the Albany sale), each elements of Plaintiffs' intentional tort and civil conspiracy claims, and therefore are relevant to Plaintiffs' theories of jurisdiction in this case.

## CONCLUSION

Defendants' Motion to Quash or for Protective Order should be denied and Defendants ordered to produce the requested discovery, ECF No. 447-1, on or before February 1, 2024.

---

[6] *See, e.g.*, https://protos.com/scoop-indicted-billionaire-joe-lewis-sold-property-to-sam-bankman-fried/ (last accessed Jan. 16, 2024).

## REQUEST FOR ORAL ARGUMENT

Plaintiffs respectfully request that the Court hear oral argument on this Motion, and respectfully submit that fifteen minutes should be sufficient for all Parties.

## CERTIFICATE OF L.R. 7.1(a)(3) GOOD FAITH CONFERENCE

Plaintiffs' counsel certifies they have conferred in good faith with Defendants' counsel in a good faith effort to resolve the issue raised in this motion and as of the date of this filing have been unable to do so. Plaintiffs therefore assume Defendants oppose the relief sought herein.

Dated: January 16, 2024                                     Respectfully submitted,

**By:** */s/ Adam Moskowitz*
Adam M. Moskowitz
Florida Bar No. 984280
Joseph M. Kaye
Florida Bar No. 117520
**THE MOSKOWITZ LAW FIRM, PLLC**
Continental Plaza
3250 Mary Street, Suite 202
Coconut Grove, FL 33133
Office: (305) 740-1423
adam@moskowitz-law.com
joseph@moskowitz-law.com
service@moskowitz-law.com

*Co-Lead Counsel*

Joseph R. Saveri
Christopher Young
Itak K. Moradi
**JOSEPH SAVERI LAW FIRM**
601 California Street, Suite 1000
San Francisco, CA 94108
Telephone: (415) 500-6800
jsaveri@saverilawfirm.com
cyoung@saverilawfirm.com
imoradi@saverilawfirm.com

*Counsel to Plaintiffs and the Putative Classes*

**By:** */s/ David Boies*
David Boies
Alexander Boies
Brooke A. Alexander
**BOIES SCHILLER FLEXNER LLP**
333 Main Street
Armonk, NY 10504
914-749-8200
dboies@bsfllp.com
aboies@bsfllp.com
balexander@bsfllp.com

*Co-Lead Counsel*

James R. Swanson, La. Bar No. 18455
Kerry J. Miller, La. Bar. No. 24562
Molly L. Wells, La. Bar. No. 36721
C. Hogan Paschal, La. Bar No. 38495
**FISHMAN HAYGOOD L.L.P.**
201 St. Charles Avenue, 46th Floor
New Orleans, Louisiana 70170-4600
(504) 586-5252; (504) 586-5250 fax
jswanson@fishmanhaygood.com
kmiller@fishmanhaygood.com
mwells@fishmanhaygood.com
hpaschal@fishmanhaygood.com

Robert Lieff
P.O. Drawer A

>Rutherford, CA 94573
>rlieff@lieff.com
>
>***Counsel to Plaintiffs and the Putative Classes***

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing was filed on January 16, 2024 via the Court's CM/ECF system, which will send notification of such filing to all attorneys of record.

>**By:** */s/ Adam Moskowitz*
>Adam M. Moskowitz