# Exhibit A

IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA, MIAMI DIVISION
Case No. 1:23-md-03076-KMM

IN RE:

FTX Cryptocurrency Exchange Collapse
Litigation

THIS DOCUMENT RELATES TO:

FTX Insider Defendants

## CONFIDENTIALITY AND PROTECTIVE ORDER

This cause is before the Court upon the Joint Motion for Court Approval of Confidentiality and Protective Order, pursuant to Fed. R. Civ. P. 26(c), and the Court, being otherwise fully advised in the premises, it is ORDERED AND AJDUGED that the motion is GRANTED and the provisions set forth below shall govern the handling of documents, testimony, depositions, deposition exhibits, interrogatory responses, admissions, and any other information produced or given by any plaintiff or by defendant Caroline Ellison in the above-captioned litigation (the "Action"), including any related appeals or any alternative dispute resolution proceedings related to the Action.

The Court begins by noting that the "Eleventh Circuit has created a four factor test to determine whether good cause exists for the issuance of a protective order, which includes: (1) the severity and the likelihood of the perceived harm; (2) the precision with which the order is drawn; (3) the availability of a less onerous alternative; and (4) the duration of the order." *Gunson v. BMO Harris Bank, N.A.*, 300 F.R.D. 581, 583 (S.D. Fla. 2014) (citing *In re Alexander Grant & Co. Litig.*, 820 F.2d 352, 356 (11th Cir. 1987)). Consistent with these factors, courts in this District

commonly enter confidentiality and protective orders when agreed to by the parties. *See, e.g., Whitwam v. JetCard Plus, Inc.*, 2015 WL 1014292, at *1 (S.D. Fla. Jan. 21, 2015) (entering a Stipulated Confidentiality and Protective Order); *Gutescu v. Carey Int'l, Inc.*, 2002 WL 34245136, at *1 (S.D. Fla. Aug. 8, 2002) (same); *TracFone Wireless, Inc. v. Simply Wireless, Inc.*, 2016 WL 4581320, at *1 (S.D. Fla. Aug. 16, 2016) (same). Accordingly, a protective order is **ENTERED** regarding the use and confidentiality of documents, information, and material produced in this litigation, as follows:

1. This Confidentiality and Protective Order shall apply to all documents and materials that have been designated as "Confidential" or "Highly Confidential" pursuant to this order. Except with the prior written consent of the Producing Entity and/or Designating Entity (as defined below), no Confidential Information shall be disclosed to any person or publicly filed except as provided herein. Confidential Information and Highly Confidential Information shall be used solely in connection with this specific Action, including any appeals, and shall not be used for any other purpose, including for business or commercial purposes, or in connection with any other judicial proceedings or administrative proceedings.

2. Definitions.

(a) "Confidential Information" or "Highly Confidential Information" shall mean Discovery Material produced by any party or non-party that is designated in writing or designated orally in official judicial proceedings (including depositions) as "Confidential" or "Highly Confidential" to signify that it contains information that is believed to be subject to confidentiality protection under the Federal Rules of Civil Procedure and/or applicable state, federal, or foreign law.

(b) The designation of "Confidential" shall mean any information that the party in good faith believes contains or constitutes confidential or commercially sensitive information, proprietary business information, or trade secrets ("Confidential Information").

(c) The designation of "Highly Confidential Information" shall mean any information that the party in good faith believes contains or constitutes confidential or commercially sensitive information that would not be publicly disclosed under Singapore law.

(d) "Designating Entity" shall mean any Producing Entity, or party, that designates Discovery Material as "Confidential" or "Highly Confidential."

(e) "Discovery Material" shall encompass documents and any other materials produced by any Producing Entity in the Action, and all information contained therein (electronically stored or otherwise), deposition testimony and exhibits, interrogatory answers, responses to request for admissions, and any other written, recorded, transcribed, or graphic matter produced by any party or non-party during discovery in the Action, and any copies thereof.

(f) "Producing Entity" shall mean any party or non-party that produces Discovery Material to any party in connection with the Action.

(g) "Receiving Party" shall mean any party who receives any Discovery Material in the Action.

(h) "Professional Vendor" shall mean any persons or entities that provide litigation support services (*e.g.*, court reporting; photocopying; videotaping; translating; preparing exhibits or demonstrations; coding, organizing, storing or retrieving data

in any form or medium; litigation funding firms, etc.), and their employees and subcontractors.

3. The Designating Entity shall identify Confidential Information or Highly Confidential Information by placing or affixing on the document or the portion(s) of a deposition or hearing transcript containing Confidential Information or Highly Confidential Information a label stating "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL," as may be appropriate. This label shall be placed in a manner that will not interfere with the legibility of the document(s).

4. Deposition testimony may be designated as "Confidential" or "Highly Confidential" by either (i) identifying on the record the testimony that is to be considered "Confidential Information" or "Highly Confidential Information" during the course of the deposition or hearing, or (ii) reserving the right on the record to identify the portions of the deposition or hearing testimony that are "Confidential Information" or "Highly Confidential Information" within seven calendar days after the final transcript of the proceeding has been prepared and received. If the Designating Entity elects the latter, no party to this Confidentiality and Protective Order shall disclose to anyone not subject to this Confidentiality and Protective Order any portion(s) of the deposition or hearing transcript until the Designating Entity either confirms in writing that the transcript does not contain Confidential Information or Highly Confidential Information, or the Designating Entity has identified the portions of the transcript containing Confidential Information or Highly Confidential Information. If no party designates Confidential Information or Highly Confidential Information in a deposition either at the deposition or any time on or before seven days after the delivery of the final transcript, then none of the transcript will be treated as Confidential Information or Highly Confidential Information. The foregoing is without prejudice to the parties' rights to subsequently designate Confidential

Information or Highly Confidential Information not initially designated as such, as provided for herein.

5. This Confidentiality and Protective Order shall have no effect on the right of any party to use its own Confidential Information in any manner whatsoever. The entry of this Confidentiality and Protective Order shall be without prejudice to the right of any party to apply to the Court for additional or different protection.

6. Confidential Information (including any synopsis, summary, or digest thereof and any deposition transcript, brief, affidavit, memorandum, hearing transcript, or other papers that contain all or any part of the substance of any such Confidential Information) may not be disclosed to any other person or entity, but may be disclosed, summarized, described, characterized, or otherwise communicated or made available in whole or in part *only* to the following persons:

(a) The Court, officers of the Court, or other Court personnel (including court reporters and translators at hearing and/or trial) involved in the Action as are necessarily incident to the preparation for trial and/or conducting of trial of this Action;

(b) Counsel for the parties and, to the extent reasonably necessary to render professional services, their employees assisting such counsel in connection with the Action;

(c) Officers and employees of the Designating Entity of the document at issue, or any person designated by the Designating Entity to testify on behalf of the Designating Entity pursuant to Federal Rule of Civil Procedure 30(b)(6);

(d) Professional Vendors retained by counsel to assist in connection with the Action;

(e) Any person who, based on the face of the "Confidential" document, as established through specific documentary or testimonial evidence or as agreed to by the Producing Entity, authored or previously received a copy of said document;

(f) Any other person if the Designating Entity agrees in writing in advance to the disclosure of specific Confidential Information being designated as "Confidential".

7. Highly Confidential Information may be disclosed only to the persons listed in paragraph 6 above. Further, if a Receiving Party seeks to file any Highly Confidential Information on the Court's docket, in connection with a motion, brief, or any other filing, any such Highly Confidential Information shall be filed under seal in accordance with the requirements of Local Rule 5.4.

8. In the event that a party wishes to disclose any Confidential Information or Highly Confidential Information to any persons not described in paragraph 6, such party shall notify in writing (the "Notice"), and seek consent from, counsel for the Producing Entity (and the Designating Entity, to the extent they are not the same). The party seeking disclosure shall identify in the Notice the particular Confidential Information or Highly Confidential Information in question, the person(s) to whom disclosure is sought, and shall specify reason(s) for the sought disclosure. The Producing Entity and/or Designating Entity shall have fourteen (14) calendar days from the receipt of the Notice to consent to the disclosure. If the Producing Entity and/or Designating Entity does not consent, the party seeking disclosure may apply to the Court within twenty-one (21) calendar days of the Notice for an order permitting the disclosure. Upon such application to the Court, the party seeking disclosure shall have the burden of showing that the requested disclosure is reasonably necessary for the prosecution of the party's case.

9. Nothing herein affects the ability of any party to seek to introduce the confidential materials at trial, to use them as exhibits to motions filed with the Court (subject to paragraph 7, in connection with any Highly Confidential Information), or to object to their admissibility at trial.

10. Nothing herein shall prevent disclosure of Confidential Information or Highly Confidential Information pursuant to subpoena, order, or other compulsory process from any regulatory agency, grand jury, legislative body, or court of competent jurisdiction provided that, within a reasonable period of time prior to making such disclosure, the party requested to make disclosure gives reasonable notice to the Producing Entity and/or Designating Entity of the request for disclosure and that the party requested to make disclosure takes reasonable steps to seek confidentiality protection that is at least as restrictive as set forth in this Confidentiality and Protective Order.  The party to whom the subpoena, order, or other compulsory process is directed may comply therewith unless a court of competent jurisdiction orders otherwise.

11. The provisions of this Confidentiality and Protective Order shall continue to be binding after final termination of this Action.  Within sixty (60) days after final conclusion of this Action (which for this purpose shall be, as applicable, the date of any final settlement or the expiry of the time to seek an appeal from any judgment or final appellate decision rendered in the Action), any party or person who received Confidential Information must either (i) return such Confidential Information or Highly Confidential Information to the Producing Entity, along with the portions of all other material containing such Confidential Information or Highly Confidential Information, or (ii) certify in writing to counsel for the Producing Entity that they have destroyed such Confidential Information or Highly Confidential Information and the portions of all other material containing such Confidential Information or Highly Confidential Information, provided, however, that any party or person who received Confidential Information or Highly Confidential

Information as provided for by this Confidentiality and Order may maintain any working copies of such Confidential Information or Highly Confidential Information in their files (including, without limitation, synopses, outlines, summaries, digests, and notes) pursuant to their standard file retention policies. Any Confidential Information or Highly Confidential Information maintained in a party's or person's files pursuant to this paragraph shall continue to be protected by the terms of this Confidentiality and Protective Order, notwithstanding any provisions to the contrary in this paragraph or otherwise.

12. Nothing in this Confidentiality and Protective Order shall constitute a waiver of any objection to discovery that may be sought in the Action.

**DONE and ORDERED** in Chambers in Miami-Dade County, FL on _____

_____
THE HONORABLE EDUARDO I. SANCHEZ
UNITED STATES MAGISTRATE JUDGE

Copies Furnished To:
Counsel for all parties of record