IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA, MIAMI DIVISION
Case No. 1:23-md-03076-KMM

**IN RE:**

**FTX Cryptocurrency Exchange Collapse Litigation**

This Document Relates To:

*Chernyavsky, et al.* v. *Temasek Holdings (Private) Limited, et al.*
Case No. 1:23-cv-22960 (S.D. Fla.)

*Cabo, et al.* v. *Temasek Holdings (Private) Limited, et al.*
No. 1:23-cv-03974 (N.D. Cal.)

_____ /

**SINO GLOBAL CAPITAL LIMITED'S MOTION TO DISMISS THE [CORRECTED]
ADMINISTRATIVE CLASS ACTION COMPLAINT
FOR INSUFFICIENT SERVICE OF PROCESS AND INCORPORATED
<u>MEMORANDUM OF LAW</u>**

Sino Global Capital Limited ("SG Capital Limited") respectfully submits this motion to dismiss the [Corrected] Administrative Class Action Complaint (ECF No. 182, the "Complaint") pursuant to Fed. R. Civ. P. 12(b)(5) due to insufficient service of process.

**PRELIMINARY STATEMENT**

Nearly a year after Plaintiffs first named SG Capital Limited as a Defendant, Plaintiffs have made a faulty attempt at serving SG Capital Limited through a different entity, in a transparent attempt to force SG Capital Limited to appear in this action before it has been duly served. Plaintiffs' cynical gambit should be summarily rejected and the Complaint should be dismissed.

Plaintiffs first named SG Capital Limited as a Defendant on February 22, 2023 in the action captioned *O'Keefe v. Sequoia Capital Operations, LLC, et al.*, 23-cv-20700 (S.D. Fla.) (the "O'Keefe Action"). Plaintiffs later named SG Capital Limited as a Defendant in *Chernyavsky, et al. v. Temasek Holdings (Private) Limited, et al.*, Case No. 1:23-cv-22960 (S.D. Fla.) (the "Chernyavsky Action") and *Cabo, et al. v. Temasek Holdings (Private) Limited, et al.*, No. 1:23-cv-03974 (N.D. Cal.) (the "Cabo Action") both filed in August 2023. All three actions have been transferred to this MDL proceeding.

Despite initially naming SG Capital Limited in February 2023, Plaintiffs never made any attempts to serve SG Capital Limited, a Hong Kong entity, with process. Indeed, on September 21, 2023, Plaintiffs effectively conceded that they had not yet served SG Capital Limited when they made a motion to serve SG Capital Limited (and other Defendants) via alternate methods. (ECF No. 280, the "Motion for Alternate Service"). That motion remains pending.

Yet, as set forth in the accompanying Declaration of Matthew Graham (the "Graham Decl."), on January 31, 2024, Plaintiffs purported to serve the Summons and Complaints in the Chernyavsky Action and the Cabo Action on SG Capital Limited via the registered agent in

Delaware for <u>a different entity</u>, Sino Global Capital Management LLC ("SG Capital Management"). Plaintiffs have not filed any proof of service on the docket.

Plaintiffs have offered no explanation for why they believe they can serve a Hong Kong corporation with process through a Delaware LLC. The law recognizes corporate separateness and does not allow them to do so. Plaintiffs must serve SG Capital Limited properly, such as through the Hague Convention on the Service Abroad of Judicial and Extrajudicial Documents (the "Hague Convention"). Plaintiffs have not done so, and so the Complaint should be dismissed.

## **ARGUMENT**

"Service of process is a jurisdictional requirement: a court lacks jurisdiction over the person of a defendant when that defendant has not been served." *Doe v. Neverson*, 2021 U.S. Dist. LEXIS 258921, at *2 (S.D. Fla. Mar. 10, 2021). "In the context of a motion to dismiss for lack of personal jurisdiction in which no evidentiary hearing is held, the plaintiff bears the burden of establishing a prima facie case of jurisdiction over the movant, non-resident defendant." *Pyure Brands, LLC v. Nascent Health Sci. LLC*, 2019 U.S. Dist. LEXIS 227498, *4 (S.D. Fla. Mar. 5, 2019).

**A.      Plaintiffs Cannot Serve SG Capital Limited Through SG Capital Management**

Plaintiffs have not followed any of the procedures set forth in Fed. R. Civ. P. 4(h) or 4(f) to serve a foreign corporation. Plaintiffs never made any attempt to serve SG Capital Limited through the Hague Convention, and instead made the Motion for Alternate Service. Apparently not content to wait for the outcome of the Motion for Alternate Service, and after their flagrantly misguided attempt to harass a Sino Global attorney's parents (Graham Decl. ¶ 8), Plaintiffs purported to serve SG Capital Limited via SG Capital Management's registered agent in Delaware.

SG Capital Management – an entity not even mentioned in the Complaint – is a <u>legally distinct entity</u> from SG Capital Limited. (Graham Decl. ¶ 7). Plaintiffs offer no explanation for why service on SG Capital Limited through SG Capital Management is appropriate. It is not.

2

Indeed, courts routinely grant Fed. R. Civ. P. 12(b)(5) motions by plaintiffs who attempt to serve a defendant through a parent, subsidiary, or affiliate. *See CHT Holdings, LLC v. Telefonica Int'l Wholesale Servs.*, 2022 U.S. Dist. LEXIS 156570, at *7-10 (S.D. Fla. June 30, 2022) (dismissing complaint served on defendant's subsidiary that was a non-party to the lawsuit); *Torres v. Int'l Lifestyles, Inc.*, 2005 U.S. Dist. LEXIS 57231, at *7-11 (S.D. Fla. Sept. 29, 2005) (dismissing complaint where plaintiff attempted to serve foreign defendants through U.S. entity's registered agent).

The proper method to serve SG Capital Limited is through the Hague Convention. Plaintiffs' failure to do so necessitates dismissal.

**B.**     **Plaintiffs Have Not Served the Operative Complaint**

The Complaint in this multi-district litigation serves as the operative pleading, and has not been served on Sino Global. *See Gelboim v. Bank of Am. Corp.*, 574 U.S. 405 (2015) (finding that the master MDL complaint supersedes prior pleadings); *In re Takata Airbag Prod. Liab. Litig.*, 379 F. Supp. 3d 1333 (S.D. Fla. 2019) ("Multidistrict litigation (MDL) court would treat consumers' complaints filed in MDL as operative pleadings, rather than complaints filed in other district courts that were transferred to MDL court for consolidation").

Plaintiffs attempted to effectuate service on SG Capital Limited with only the complaints in two of the transferred actions, but *not* the operative Complaint as amended and filed pursuant to this Court's order. (Graham Decl. ¶¶ 6, 9). Lack of service of the operative pleading alone warrants dismissal. *See In re Trasylol Products Liab. Litig.-MDL-1928*, 2011 WL 5529934 (S.D. Fla. July 21, 2011).

### CONCLUSION

For the foregoing reasons, the claims against SG Capital Limited should be dismissed for insufficient service of process.

Dated:  February 21, 2024

                                              */s/ Jason P. Gottlieb*  
                                              Jason P. Gottlieb  
                                              Michael Mix  
                                              Vani Upadhyaya  
                                              MORRISON COHEN LLP  
                                              909 Third Avenue  
                                              New York, New York 10022  
                                              Telephone: (212) 735-8600  
                                              Email: jgottlieb@morrisoncohen.com  
                                                            mmix@morrisoncohen.com  
                                                            vupadhyaya@morrisoncohen.com  

                                              *Counsel for Defendant Sino Global Capital Limited*

## CERTIFICATE OF GOOD FAITH CONFERENCE

Pursuant to Local Rule 7.1, counsel for SG Capital Limited conferred with counsel for the Plaintiffs in a good faith effort to resolve the issues presented by this motion. The parties were unable to resolve the issues.

Dated: February 21, 2024

/s/ Jason P. Gottlieb
Jason P. Gottlieb
Michael Mix
Vani Upadhyaya
MORRISON COHEN LLP
909 Third Avenue
New York, New York 10022
Telephone: (212) 735-8600
Email: jgottlieb@morrisoncohen.com
mmix@morrisoncohen.com
vupadhyaya@morrisoncohen.com

*Counsel for Defendant Sino Global Capital Limited*

2

**CERTIFICATE OF SERVICE**

  I hereby certify that on this 21st day of February, 2024, I e-filed a true and correct copy of the foregoing document using the Court's CM/ECF system, which will send a notice of electronic filing to all counsel of record.

*/s/ Jason P. Gottlieb*
Jason P. Gottlieb

2