IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA, MIAMI DIVISION
Case No. 1:23-md-03076-KMM

**IN RE:**

**FTX Cryptocurrency Exchange Collapse Litigation**

This Document Relates To:

*Chernyavsky, et al.* v. *Temasek Holdings (Private) Limited, et al.*
Case No. 1:23-cv-22960 (S.D. Fla.)

*Cabo, et al.* v. *Temasek Holdings (Private) Limited, et al.*
No. 1:23-cv-03974 (N.D. Cal.)

_____/

**SINO GLOBAL CAPITAL LIMITED'S MOTION TO DISMISS THE [CORRECTED]
ADMINISTRATIVE CLASS ACTION COMPLAINT
FOR LACK OF PERSONAL JURISDICTION AND INCORPORATED
<u>MEMORANDUM OF LAW</u>**

Sino Global Capital Limited ("SG Capital Limited") respectfully submits this motion to dismiss the [Corrected] Administrative Class Action Complaint (ECF No. 182, the "Complaint" or the "Compl.") pursuant to Fed. R. Civ. P. 12(b)(2) due to lack of personal jurisdiction and incorporated memorandum of law.

## PRELIMINARY STATEMENT

SG Capital Limited is a Hong Kong investment firm that utterly lacks any contacts with Florida or California that would support the exercise of personal jurisdiction over it.

Plaintiffs did not even purport to serve SG Capital Limited until January 31, 2024,[1] and as such SG Capital Limited originally did not join the motion of other so-called "Multinational VCs" to dismiss the Complaint for lack of personal jurisdiction (ECF No. 300, the "VC PJ Mot.") or the associated Reply brief (ECF No. 404, the "VC PJ Reply").  Now that Plaintiffs have purported to serve SG Capital Limited, SG Capital Limited fully adopts and incorporates by reference the VC PJ Mot. and the VC PJ Reply, which explain in great detail why the other Multinational VCs are not subject to personal jurisdiction in Florida or California.  To avoid overburdening the Court, SG Capital Limited does not fully repeat those arguments[2] – or the cited cases – except to very briefly explain why there is no personal jurisdiction over SG Capital Limited under each theory.

## ARGUMENT

**I.     SG CAPITAL LIMITED IS NOT SUBJECT TO PERSONAL JURISDICTION IN FLORIDA OR CALIFORNIA**

As noted above, all of the reasons set forth in the VC PJ Motion for why there is no personal jurisdiction in Florida or California apply equally to SG Capital Limited as well.

---

[1]     SG Capital Limited is also moving to dismiss the Complaint for insufficient service of process and failure to state a claim.

[2]     SG Capital Limited is limiting this brief to three pages to comply with ECF No. 216.

First, SG Capital Limited is not subject to general jurisdiction in Florida or California. As Plaintiffs allege, SG Capital Limited is a Hong Kong entity. (Compl. ¶ 34; Declaration of Matthew Graham dated February 21, 2024 ¶ 2). Accordingly, it is not "at home" in Florida or California and is not subject to general jurisdiction there. (VC PJ Mot. at 9-10, 13).

Second, SG Capital Limited is not subject to specific jurisdiction due to any tortious acts committed in Florida or California. The Complaint does not allege that SG Capital Limited engaged in any actions in Florida or California, let alone any tortious acts there. As noted in the VC PJ Mot., the fact that FTX and other defendants allegedly committed tortious acts in Florida does not suffice to confer specific jurisdiction over SG Capital Limited. (VC PJ Mot. at 10).

Plaintiffs' allegations in the Complaint that SG Capital Limited "touted" its investment in FTX is insufficient to establish jurisdiction. The exercise of specific jurisdiction must be based on "contacts that the defendant himself creates with the forum State." *Walden v. Fiore*, 571 U.S. 277 (2014). There is not a single allegation in the Complaint that by "touting" its investment in various public statements, SG Capital Limited itself created any connection with Florida or California. Even if those statements were seen by persons in Florida or California (as argued in Plaintiffs' Opposition to the VC PJ Mot., ECF No. 358 (the "Opp.") at 10), "[t]he plaintiff cannot be the only link between the defendant and the forum," *id.* at 285. Plaintiffs' allegation that Matthew Graham "touted his relationship with SBF" when he appeared on a podcast "disseminated by Apple from California" (Compl. ¶ 371) is the type of "random, fortuitous, or attenuated contacts" that cannot support personal jurisdiction. *See Walden*, 571 U.S. at 286.

The Complaint alleges that SG Capital Limited facilitated FTX's investment in Liquid Value Fund I. This allegation is factually inaccurate; SG Capital Limited was not directly involved in Liquid Value Fund I. (Graham Decl. ¶ 22). Regardless, the fact is irrelevant because the

2

Complaint lacks any facts about Liquid Value Fund I creating contacts with Florida or California (or had any effect in those states whatsoever), nor does the Complaint even explain how allowing an investment in a fund is a tortious act. The Opposition alleges a fact not in the Complaint, that Liquid Value Fund's manager was located in Florida. But Plaintiffs do not explain how this fact, in and of itself, establishes jurisdiction over <u>SG Capital Limited</u> in Florida (or California).

<u>Third</u>, SG Capital Limited is not subject to personal jurisdiction in Florida or California as a "co-conspirator." For the reasons explained in the VC PJ Mot., the Complaint contains insufficient allegations of a "conspiracy" involving any Multinational VC – including SG Capital Limited. (VC PJ Mot. at 11-12, 15; VC PJ Reply at 2-3). Even if the allegations of conspiracy were well-pleaded, there are no allegations that, as a member of any conspiracy, SG Capital Limited created any contacts with Florida or California. (VC PJ Reply at 6-7 (citing cases holding that to establish conspiracy-based personal jurisdiction, Plaintiffs must plead actual facts showing defendants took purposeful acts in the forum as a member of that conspiracy)).

<u>Fourth</u>, SG Capital Limited is not subject to personal jurisdiction in Florida or California under an "agency" theory, raised for the first time in the Opp. As explained in the VC PJ Reply, there are no allegations whatsoever in the Complaint even hinting at an agency relationship between any Multinational VC and any other entity. (VC PJ Reply ¶¶ 3-6). To the extent that Plaintiffs attempt to argue that there is an agency relationship between SG Capital Limited and SG Capital Management, that argument fails because there are no allegations in the Complaint that SG Capital Limited exercised any operational control of SG Capital Management, and SG Capital Limited has confirmed that it did not exercise any such control. (Graham Decl. ¶ 21).

## **CONCLUSION**

For the foregoing reasons, the claims against SG Capital Limited should be dismissed for lack of personal jurisdiction.

Dated:  February 21, 2024

                                        */s/ Jason P. Gottlieb*
Jason P. Gottlieb
Michael Mix
Vani Upadhyaya
MORRISON COHEN LLP
909 Third Avenue
New York, New York 10022
Telephone: (212) 735-8600
Email: jgottlieb@morrisoncohen.com
        mmix@morrisoncohen.com
        vupadhyaya@morrisoncohen.com

*Counsel for Defendant Sino Global Capital Limited*

## CERTIFICATE OF GOOD FAITH CONFERENCE

Pursuant to Local Rule 7.1, counsel for SG Capital Limited conferred with counsel for the Plaintiffs in a good faith effort to resolve the issues presented by this motion. The parties were unable to resolve the issues.

Dated: February 21, 2024

/s/ Jason P. Gottlieb
Jason P. Gottlieb
Michael Mix
Vani Upadhyaya
MORRISON COHEN LLP
909 Third Avenue
New York, New York 10022
Telephone: (212) 735-8600
Email: jgottlieb@morrisoncohen.com
          mmix@morrisoncohen.com
          vupadhyaya@morrisoncohen.com

*Counsel for Defendant Sino Global Capital Limited*

2

**CERTIFICATE OF SERVICE**

      I hereby certify that on this 21st day of February, 2024, I e-filed a true and correct copy of the foregoing document using the Court's CM/ECF system, which will send a notice of electronic filing to all counsel of record.

*/s/ Jason P. Gottlieb*
Jason P. Gottlieb

2