**IN THE UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA, MIAMI DIVISION**
Case No. 1:23-md-03076-KMM

**IN RE:**

**FTX Cryptocurrency Exchange Collapse Litigation**

This Document Relates To:

*Chernyavsky, et al.* v. *Temasek Holdings (Private) Limited, et al.*
Case No. 1:23-cv-22960 (S.D. Fla.)

*Cabo, et al.* v. *Temasek Holdings (Private) Limited, et al.*
No. 1:23-cv-03974 (N.D. Cal.)

                                                                              /

**SINO GLOBAL CAPITAL LIMITED'S MOTION TO DISMISS THE [CORRECTED]**
**ADMINISTRATIVE CLASS ACTION COMPLAINT**
**FOR FAILURE TO STATE A CLAIM AND INCORPORATED MEMORANDUM OF**
**LAW**

Sino Global Capital Limited ("SG Capital Limited") respectfully submits this motion to dismiss the [Corrected] Administrative Class Action Complaint (ECF No. 182, the "Complaint" or the "Compl.") pursuant to Fed. R. Civ. P. 12(b)(6) due to failure to state a claim and incorporated memorandum of law.[1]

**PRELIMINARY STATEMENT**

Plaintiffs' attempt to hold SG Capital Limited responsible for FTX's unlawful behavior is utterly misguided, and legally insufficient.

The Complaint alleges that SG Capital Limited, as well as several other so-called "Multinational VCs," invested in FTX. There are no allegations in the Complaint that SG Capital Limited (or any other Multinational VC) was aware of, or actually aided FTX's unlawful activity. The joint brief by the Multinational VCs in support of their motion to dismiss for failure to state a claim (ECF No. 303, the "Multinational VC 12(b)(6) Mot.") and the associated reply (ECF No. 406, the "Multinational VC 12(b)(6) Reply") explain in great detail why Plaintiffs' nineteen causes of action fail to state a claim.

SG Capital Limited originally did not join the Multinational VC's motion to dismiss for failure to state a claim because at the time it was filed, SG Capital Limited had not yet been served with process. Nevertheless, the Multinational VC 12(b)(6) Mot. and the Multinational VC 12(b)(6) Reply address most of the Complaint's allegations against SG Capital Limited.

Plaintiffs purported to serve SG Capital Limited on January 31, 2024. While SG Capital Limited contests that such service was permissible, in the event that the Court denies SG Capital Limited's accompanying motion to dismiss for improper service, SG Capital Limited fully adopts

---

[1]    SG Capital Limited is also moving to dismiss the Complaint for insufficient service and lack of personal jurisdiction.

and incorporates by reference the Multinational VC 12(b)(6) Mot. and the Multinational VC 12(b)(6) Reply.  That motion for failure to state a claim, and the reasoning and case law set forth therein, applies equally to SG Capital Limited.  To avoid overburdening the Court, SG Capital Limited does not fully repeat those arguments or the cited cases.

In this motion, SG Capital Limited supplements the Multinational VC 12(b)(6) Mot. and the Multinational VC 12(b)(6) Reply to address certain allegations specific to SG Capital Limited.[2]

## ARGUMENT

In addition to the many arguments in the Multinational VC 12(b)(6) Mot. and the Multinational VC 12(b)(6) Reply, SG Capital Limited makes two brief arguments regarding specific issues concerning SG Capital Limited.

First, the Multinational VC 12(b)(6) Mot. explains how to the extent Plaintiffs' claims rely on allegations concerning alleged diligence by the Multinational VCs, the Complaint does not allege that the due diligence performed by the Multinational VCs before investing in FTX uncovered any wrongdoing.  (Multinational VC 12(b)(6) Mot. at 4, 12, 20; Multinational VC 12(b)(6) Reply at 7, 18).  That is equally true with respect to SG Capital Limited.  The Complaint includes a quote about SG Capital's diligence process in general,[3] and speculates on the type of diligence that SG Capital Limited might have done before investing in FTX.  (Compl. ¶¶ 325-26). But there are no specific allegations of the actual diligence performed by SG Capital Limited before investing in FTX, and there are certainly no allegations that SG Capital Limited's diligence

---

[2]     SG Capital Limited is limiting this brief to three pages to comply with ECF No. 216.

[3]     Plaintiffs utilize this quote in a misleading manner in Paragraph 264 of the Complaint, to imply that SG Capital Limited engaged in a "hell of a lot of diligence" regarding FTX.  But Paragraph 325 makes clear that the quote in question concerned SG Capital Limited's diligence in general, not SG Capital Limited's diligence regarding FTX.

uncovered that FTX was fraudulent.  In any event, such an allegation would be utterly nonsensical.

No investor would invest millions of dollars in an entity it knew was fraudulent.

Second, although SG Capital Limited contests the allegations concerning its involvement

in Liquid Value Fund I (in which FTX also invested), even assuming the veracity of those facts

for purposes of a Rule 12(b)(6) motion, they fail to state a claim.  It is unclear what connection

Plaintiffs are even attempting to draw between Liquid Value Fund I and any of Plaintiffs' claims.

To the extent Plaintiffs are alleging that Liquid Value Fund I illustrates some sort of "conspiracy"

between FTX and SG Capital Limited, that argument cannot sustain a claim.  As explained in the

Multinational VC 12(b)(6) Mot., civil conspiracy requires a plaintiff to plead an agreement to

engage in unlawful acts.  (Multinational VC 12(b)(6) Mot. at 22 (citing cases)).  The Complaint

does not contain any allegations that Liquid Value Fund I was unlawful, or that any party utilized

Liquid Value Fund I for some improper purpose.

The Complaint's allegations that Liquid Value Fund I traded in, and "churned" the

cryptocurrency token FTT is also legally irrelevant.  There are no allegations that SG Capital

Limited participated in any sale of FTT to the public, and there are no allegations that SG Capital

Limited made any false statements regarding FTT to induce the purchase or sale of the token.

(Multinational VC 12(b)(6) Reply at 4-7).  Merely owning a token (especially through another

entity) is not unlawful.  And Plaintiffs do not even explain what they possibly mean by their

"churning" allegation, or how such allegation is relevant to any actual legal claim.

In sum, SG Capital Limited, just like the other Multinational VCs, is a victim of FTX, not

responsible for its actions.

## CONCLUSION

For the foregoing reasons, the claims against SG Capital Limited should be dismissed for

failure to state a claim.

Dated:  February 21, 2024

/s/ Jason P. Gottlieb
Jason P. Gottlieb
Michael Mix
Vani Upadhyaya
MORRISON COHEN LLP
909 Third Avenue
New York, New York 10022
Telephone: (212) 735-8600
Email: jgottlieb@morrisoncohen.com
          mmix@morrisoncohen.com
          vupadhyaya@morrisoncohen.com

Counsel for Defendant Sino Global Capital
Limited

## CERTIFICATE OF GOOD FAITH CONFERENCE

Pursuant to Local Rule 7.1, counsel for SG Capital Limited conferred with counsel for the

Plaintiffs in a good faith effort to resolve the issues presented by this motion.  The parties were

unable to resolve the issues.


Dated:  February 21, 2024


/s/ Jason P. Gottlieb
Jason P. Gottlieb
Michael Mix
Vani Upadhyaya
MORRISON COHEN LLP
909 Third Avenue
New York, New York 10022
Telephone: (212) 735-8600
Email: jgottlieb@morrisoncohen.com
        mmix@morrisoncohen.com
        vupadhyaya@morrisoncohen.com

*Counsel for Defendant Sino Global Capital
Limited*

2

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on this 21st day of February, 2024, I e-filed a true and correct copy of the

foregoing document using the Court's CM/ECF system, which will send a notice of electronic filing

to all counsel of record.


<u>/s/ Jason P. Gottlieb</u>
Jason P. Gottlieb

2