# IN THE UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF FLORIDA
# MIAMI DIVISION

| | |
|---|---|
| IN RE: FTX CRYPTOCURRENCY EXCHANGE COLLAPSE LITIGATION | Case No. 1:23-md-03076-KMM<br><br>MDL No. 3076 |
| This Document Relates To:<br><br>*Garrison v. Bankman-Fried*,<br>No. 22-cv-23753-KMM<br><br>*Garrison v. Ohtani*,<br>No. 23-cv-23064-KMM | |

**DEFENDANT LAWRENCE GENE DAVID'S OPPOSITION TO PLAINTIFFS' MOTION FOR LEAVE TO FILE SUPPLEMENTAL BRIEF IN OPPOSITION TO DEFENDANTS' MOTIONS TO DISMISS FOR LACK OF PERSONAL JURISDICTION, OR ALTERNATIVELY, MOTION FOR LEAVE TO SUPPLEMENT THE RECORD**

## I.     INTRODUCTION[1]

Plaintiffs' Motion for Leave to File Supplemental Brief in Opposition to Defendants' Motions to Dismiss for Lack of Personal Jurisdiction (the "Motion"), ECF No. 494, is frivolous with respect to defendant Lawrence Gene David, and seeks to mislead the Court. Plaintiffs expressly agreed to exclude Mr. David from the relief sought in their motion for leave to conduct jurisdictional discovery—and thus, *agreed to exclude him from the Court's order granting relief on that motion* and permitting Plaintiffs to move to supplement the record "[t]o the extent Plaintiffs are able to procure information helpful to [them] from jurisdictional discovery." *See* ECF No. 381 at n.2; ECF No. 422 at 5-6.

Nonetheless—despite taking *no jurisdictional discovery* and obtaining *no new evidence whatsoever regarding Mr. David*—Plaintiffs now seek leave to supplement their opposition to Mr. David's motion to dismiss for lack of personal jurisdiction, falsely stating they "proceeded with jurisdictional discovery as to Defendant[] . . . David" after the Court's order. ECF No. 494-1 at 1. *This did not happen*. Plaintiffs further seek an evidentiary sanction against Mr. David—an adverse inference—based on alleged discovery misconduct *that did not take place* because no discovery was sought. There is no basis to supplement Plaintiffs' opposition to Mr. David's motion to dismiss, because there is no new evidence. Moreover, in seeking to supplement—and most egregiously, *in seeking evidentiary sanctions against Mr. David*—Plaintiffs violate their own prior agreement with Mr. David's counsel and their representations to the Court. Plaintiffs' Motion must be denied.[2]

---

[1] Unless noted, all emphasis is added and internal quotations and citations are omitted. Citations to "ECF No. __" refer to filings in this action, while citations to "Florida Action ECF No. __" refer to filings in *Garrison v. Bankman-Fried*, No. 22-cv-23753 (S.D. Fla.) (the "Florida Action").

[2] Rule 7.1(a)(3) of the Local Rules for the United States District Court for the Southern District of Florida requires the movant to confer, or reasonably attempt to confer, with parties affected by the

1

The Motion can also be denied for the independent reason that the proposed supplement does not cite a *single* piece of new evidence regarding Mr. David, and thus cannot change the outcome of Mr. David's motion to dismiss. It does not demonstrate any connection between Mr. David and the State of Florida or any other basis to assert personal jurisdiction over him. Further, Plaintiffs' argument that the Court should provide them with an adverse inference against the "Defendants" challenging personal jurisdiction based on their alleged failure to participate in discovery is frivolous as to Mr. David. *See* ECF No. 494-1 at 9. As Plaintiffs never sought discovery from Mr. David, there is no basis to punish him for not providing it. More fundamentally, there is no basis to believe such evidence exists: Plaintiffs do not dispute the facts in Mr. David's declaration that he has not been to Florida in over 10 years, and that he did not knowingly interact with Florida in connection with his FTX agreement. ECF No. 268-2 ¶¶ 3-10; Florida Action ECF No. 139-2 ¶¶ 3-10. Plaintiffs' "supplement" merely confirms that Mr. David is not subject to personal jurisdiction in the Florida Action.

## II.   FACTUAL BACKGROUND

Plaintiffs initiated the Florida Action against Mr. David on November 15, 2022. Florida Action ECF No. 1. On April 14, 2023, Mr. David, together with several codefendants, moved to dismiss the Florida Action based on lack of personal jurisdiction. Florida Action ECF No. 139. In connection with that motion to dismiss, Mr. David submitted a declaration detailing his lack of contacts with Florida. Florida Action ECF No. 139-2. That declaration, which was submitted to

---

relief requested. Plaintiffs made no such attempt here, and the Court should fashion whatever relief it deems appropriate for that violation. *See* Rule 7.1(a)(3); *Muzaffarr v. Ross Dress for Less, Inc.*, 941 F. Supp. 2d 1373, 1376 (S.D. Fla. 2013). Moreover, when asked to withdraw the Motion with respect to Mr. David, Plaintiffs refused, vaguely stating they had "evidence relevant to allegations of civil conspiracy jurisdiction made against all Defendants." This is not true, as explained *infra*, nor does it justify Plaintiffs violating their prior agreement with counsel and their representations to this Court, and including Mr. David in a supplement that cites no new evidence whatsoever regarding him.

2

both Plaintiffs and the Court, attached Mr. David's agreement with FTX US to appear in a Super Bowl television commercial, noting that the address provided for FTX US was in Berkeley, California, and the agreement provided for Mr. David to perform all services in California. *Id.*[3]

In response to Mr. David's April 2023 motion, Plaintiffs initially sought jurisdictional discovery from Mr. David. Florida Action ECF No. 196. In May 2023, however, after reviewing Mr. David's agreement, counsel for Plaintiffs reached an agreement with counsel for Mr. David that Plaintiffs would not seek jurisdictional discovery from Mr. David. Plaintiffs amended their complaint, and the amended complaint was thereafter consolidated into the instant MDL. In the meantime, Plaintiffs filed a separate complaint against Mr. David in the Central District of California, *Garrison et al. v. Ohtani et al.,* No. 2:23-cv-05951, which was likewise consolidated into the MDL and which is not subject to a personal jurisdiction challenge.[4]

On August 11, 2023, Plaintiffs filed the current operative complaint against Mr. David, the [Corrected] Administrative Class Action Complaint and Demand for Jury Trial. ECF No. 179. On September 21, 2023, Mr. David joined defendants Stephen Curry, Golden State Warriors, LLC, Naomi Osaka, and Solomid Corporation (collectively, the "California Defendants") in a motion seeking dismissal for lack of personal jurisdiction from the Florida Action. ECF No. 268. Mr. David did not create a new declaration or submit new evidence in connection with his renewed motion to dismiss, but resubmitted his prior declaration and evidence from the Florida Action.

---

[3] Exhibit A to the declaration, Mr. David's agreement, was submitted under seal on May 1, 2023. *See* Florida Action ECF No. 165.

[4] Plaintiffs argue that "Defendants' jurisdictional arguments as to the Florida action are irrelevant" because of the separate suits Plaintiffs filed against those defendants in their home states and then transferred to this MDL. ECF No. 494-1 at 1-2. Yet this Motion, as well as the motions to dismiss for lack of personal jurisdiction in the Florida Action would have been avoided altogether if Plaintiffs had followed through with the plan they shared previously with the Court to file new actions in various defendants' home states, transfer those actions to this one, and then discontinue the Florida Action. ECF No. 73 (June 21, 2023 Hr'g Tr.) at 7, 15.

3

ECF No. 268-2.[5]  Plaintiffs opposed that motion on November 6, 2023, ECF No. 353, and the California Defendants filed a reply on December 6, 2023, ECF No. 393.

On November 3, 2023, Plaintiffs sought leave to conduct jurisdictional discovery as to several defendants, including Mr. David, and to amend their complaints based on such discovery. ECF No. 348.  However, counsel for Mr. David reminded Plaintiffs that they had agreed they would not take such discovery from Mr. David.  After being reminded of this agreement, on November 17, 2023, Plaintiffs agreed to withdraw their requests to Mr. David ***and to exclude him from the scope of relief sought in their motion for jurisdictional discovery***.  Plaintiffs' withdrawal of Mr. David from their motion was memorialized in the California Defendants' opposition to Plaintiffs' motion for jurisdictional discovery.  *See* ECF No. 381 at n.2 ("Plaintiffs have agreed to withdraw their requests for jurisdictional discovery as to Lawrence Gene David, and have agreed to *exclude him from the scope of relief requested* in the motion.").

On December 18, 2023, this Court granted Plaintiffs' motion for jurisdictional discovery, permitting them to take discovery and move to supplement their motions to dismiss "[t]o the extent Plaintiffs are able to procure information helpful to [them] from jurisdictional discovery."  ECF No. 422 at 5-6.  Because Mr. David was excluded by the parties' agreement from Plaintiffs' motion, he was likewise excluded by the parties' agreement from the Court's order.

Consistent with this, Plaintiffs took no jurisdictional discovery whatsoever from or concerning Mr. David.[6]  This is confirmed by a review of the evidence submitted in connection

---

[5] Mr. David again sought leave to file the agreement under seal.  *See* ECF No. 269.  That motion is pending, but, as noted above, Plaintiffs had full access to the agreement, which the undersigned produced to the Plaintiffs on April 17, 2023, and again on April 28, 2023, in the Florida Action.

[6] In December 2023, after counsel for Plaintiffs "accidentally" served discovery on Mr. David, counsel for Mr. David again reminded them of the parties' agreement and Plaintiffs promptly withdrew the discovery with an apology.

4

with Plaintiffs' Motion, none of which mentions Mr. David. *See* ECF No. 496-1. Nonetheless, Plaintiffs filed the instant Motion, in violation of the parties' agreement and materially misrepresenting the facts and history. Counsel for Plaintiffs did not confer with counsel for Mr. David in advance of their filing. Nonetheless, counsel for Mr. David promptly contacted Plaintiffs' counsel and asked them to withdraw the Motion in light of the parties' agreement. Plaintiffs' counsel refused.

### III. ARGUMENT

#### A. Plaintiffs' Supplemental Briefing Is Improper Because It Advances No New Legal Authority Nor Evidence Regarding Mr. David.

The Court permitted Plaintiffs to seek leave to supplement their opposition to the motions to dismiss only *if* jurisdictional discovery provided them a basis for doing so. ECF No. 422 at 5-6 ("To the extent Plaintiffs are able to procure information helpful to it from jurisdictional discovery, they may move to file supplemental responses to motions to dismiss based on a lack of personal jurisdiction."). Here, there is no basis for Plaintiffs to seek, let alone be granted, leave to supplement their briefing regarding Mr. David.

As a threshold matter, as explained above, Plaintiffs specifically agreed to exclude Mr. David from the scope of relief requested under their motion for jurisdictional discovery. ECF No. 381 at n.2. With Mr. David outside the scope of the motion, he is also outside the scope of the Court's order permitting Plaintiffs a designated amount of time to seek leave to file a supplemental brief. The Motion should not have been filed, and should be denied, on this basis alone.

More fundamentally, "supplemental filings should direct the Court's attention to legal authority or evidence that was not available to the filing party at the time that that party filed the original brief to which the subsequent supplemental filing pertains." *Barron v. Snyder's-Lance, Inc.*, 2014 WL 2686060, at *1 (S.D. Fla. June 13, 2014). "Beyond that, supplemental filings should

5

do nothing more. In particular, they should not make legal arguments." *Id*. Plaintiffs' proposed supplement raises no new authority and cites no new evidence applicable to Mr. David, *see* ECF No. 494-1, the 139 pages of exhibits to Plaintiffs' Motion do not mention Mr. David, *see* ECF No. 496-1, and the arguments made about defendants collectively are inapplicable to Mr. David.

Plaintiffs attempt to obscure the lack of new evidence by pointing to Mr. David's April 2023 declaration and their own complaint. *See* ECF No. 494-1 at 3 (citing Florida Action ECF No. 165) and 5 (citing CAC ¶¶ 17-18, 734). Neither helps them. First, with respect to the declaration, Plaintiffs argue that because Mr. David and other defendants had "agreements with FTX to promote FTX," which they "produced" to Plaintiffs, that "[d]iscovery [c]onfirms [t]hese Defendants [p]articipated in the FTX Conspiracy." ECF No. 494-1 at 3. As discussed below, this argument is nonsensical and does not support conspiracy claims. But in any event, Plaintiffs' sole support for this sentence with respect to Mr. David is his contract with FTX US, which Mr. David provided to Plaintiffs in April 2023 and filed with the Court on May 1, 2023. Florida Action ECF No. 165. This evidence was fully available to Plaintiffs when they initially opposed Mr. David's motion to dismiss in November 2023, and indeed, was referenced by Plaintiffs in briefing as far back as July 2023. *See* ECF No. 139 at 2, 9. Any arguments Plaintiffs wanted to make with respect to Mr. David's agreement should have been made in their opposition brief.

Similarly, Plaintiffs' proposed supplement claims "Mr. David collaborated extensively with [Avi] Dabir [an alleged FTX employee], who was based in Miami," but again, cites no evidence (new or otherwise). Rather, Plaintiffs rely on their own *allegations*, citing their operative complaint. ECF No. 494-1 at 7 (citing CAC ¶¶ 17-18, 734). This ground too was covered in Plaintiffs' already-filed opposition and is neither evidence nor new. *See* ECF No. 393 at 2.

Courts routinely deny supplementation where, as here, there is no new evidence. "[I]t

6

would be improper for the Court to consider material that was previously available to a party, but that they elected not to put forward, in support of a motion." *Ctr. Hill Cts. Condo. Ass'n, Inc. v. Rockhill Ins. Co.*, 2020 WL 419402, at *2 (S.D. Fla. Jan. 27, 2020); *see also Jean v. Minnesota Life Ins. Co.*, 2020 WL 2926663, at *3 (S.D. Fla. May 12, 2020) (striking an "improper sur-reply" when the plaintiff could have submitted evidence with its earlier briefing "but they chose not to do so"). The Court should deny Plaintiffs' request for leave to supplement the record as to Mr. David because there is nothing to supplement the record with.

### B. Plaintiffs' Supplement Would Be Futile Because They Have (Still) Not Established Jurisdiction Over Mr. David In The Florida Action.

Even if the Court were inclined to permit Plaintiffs to "supplement" the record with information that had been in Plaintiffs' possession for months prior to requesting jurisdictional discovery (which the Court should not do), Plaintiffs' proposed supplement does not cure the jurisdictional deficiencies regarding Mr. David. *See Williams v. United States*, 2019 WL 1993603, at *12-13 (M.D. Fla. May 6, 2019) (denying request to supplement as futile). Rather, Plaintiffs' supplemental brief merely rehashes the insufficient jurisdictional allegations from their complaint.

At bottom, Plaintiffs assert that jurisdiction over Mr. David is proper because he entered an agreement with FTX US to create a single, nationally-televised commercial, which Plaintiffs allege was "create[d], consummate[d], and implement[ed]" by an FTX employee in Miami. ECF No. 494-1 at 3, 5 (citing Florida Action ECF No. 165; CAC ¶¶ 17-18, 734). As explained in the California Defendants' prior briefing, those allegations are insufficient to show specific jurisdiction under Florida's long-arm statue or compliance with constitutional due process, *both* of which Plaintiffs must establish.[7] ECF Nos. 268, 393.

---

[7] Plaintiffs do not assert general personal jurisdiction over Mr. David; as they concede, Mr. David is domiciled in California. ECF No. 494-1 at 2; *Daimler AG v. Bauman*, 571 U.S. 117, 137 (2014).

There is no jurisdiction under Florida's long-arm statute because Plaintiffs' recycled allegations do not establish (1) that Mr. David directed any conduct towards Florida, (2) that Mr. David entered a conspiracy engineered or furthered in Florida, or (3) that Plaintiffs' alleged harms arose from any conduct by Mr. David in Florida. *All* Mr. David is alleged to have done is participate in a single, untargeted, nationally-broadcast commercial. ECF No. 494-1 at 5. Plaintiffs do not allege any link between Mr. David's alleged conduct and Florida, save that the commercial *may* have aired and been viewed by someone there. ECF No. 494-1 at 7, 9; CAC ¶¶ 651-59. This is wholly insufficient to establish that Mr. David "directed [his alleged] advertising and marketing . . . towards the Florida Plaintiffs" in this action, as required.[8] *In re Takata Airbag Prod. Liab. Litig.*, 396 F. Supp. 3d 1101, 1141 (S.D. Fla. 2019).

Plaintiffs argue that Mr. David is nevertheless subject to jurisdiction in Florida as a co-conspirator because he entered into an agreement with a counter-party which, though it provided a California address in its agreement with Mr. David, *see* Florida Action ECF No. 165, Plaintiffs allege was at some point located in Florida. ECF No. 494-1 at 3, 5. But the assertion that Mr. David conspired with FTX US merely by entering a commercial agreement with it is conclusory and illogical. Plaintiffs do not plead that there was anything unlawful about Mr. David's agreement, as required to plead conspiracy. *See Birmingham v. RoFx.net*, 2022 WL 1686683, at

---

[8] Plaintiffs' citations to *Licciardo v. Lovelady*, 544 F.3d 1280, 1283 (11th Cir. 2008), *Horizon Aggressive Growth, L.P. v. Rothstein-Kass, P.A.*, 421 F.3d 1162, 1168 (11th Cir. 2005), *Louis Vuitton Malleties, S.A. v. Mosseri*, 736 F.3d 1339, 1354 (11th Cir. 2013), *Tobinick v. Novella*, No. 9:14-CV-80781, 2015 WL 328236, at *4 (S.D. Fla. Jan. 23, 2015), and *Internet Sols. Corp. v. Marshall*, 611 F.3d 1368, 1370 (11th Cir. 2010) are unavailing. ECF No. 494-1 at 7-9. None of those cases involved an untargeted, national advertisement with no connection to Florida. *See Licciardo*, 544 F.3d at 1283 (alleged infringing use of a Florida resident's trademark on website); *Horizon Aggressive Growth, L.P.*, 421 F.3d at 1168 (alleged misrepresentation directed specifically to the Florida-based plaintiff); *Louis Vuitton Malleties, S.A.*, 736 F.3d at 1354 (online sales of counterfeit bags to Florida residents); *Tobinick*, 2015 WL 328236, at *4 (defamatory statements on website targeting a Florida resident); *Internet Sols. Corp.*, 611 F.3d at 1370 (same).

8

*2 (S.D. Fla. May 26, 2022) (rejecting personal jurisdiction over conspiracy claim because "[t]he fact that EPS charged RoFx a fee for its services is proof of a business relationship, not a conspiracy"). And Plaintiffs' allegations of a "nationwide, undifferentiated, []marketing campaign" do not establish that their "cause of action ar[o]se[] from the defendant committing a tortious act within the state." *Don King Prods., Inc. v. Mosley*, 2016 WL 3950930, at *3 (S.D. Fla. Jan. 27, 2016); *see also* ECF No. 268 at 10.

For similar reasons, Plaintiffs have failed to establish that the exercise of jurisdiction over Mr. David in Florida would comport with constitutional due process.[9] Plaintiffs bear the burden of demonstrating that (1) their claims arise out of or relate to Mr. David's contacts with Florida, and (2) Mr. David purposefully availed himself of the forum. *Louis Vuitton Malletier, S.A.*, 736 F.3d at 1355. Plaintiffs focus on the fact that Mr. David's advertisement was allegedly "accessible [and] accessed" in Florida. ECF No. 494-1 at 7, 9. Such allegations, however, cannot establish purposeful availment where the advertisement was equally accessible in all 50 states and did not target Florida in any way. *McCall v. Zotos*, 2023 WL 3946827, at *5 (11th Cir. June 12, 2023) (affirming dismissal for lack of jurisdiction where the allegedly tortious internet post was "accessible in" but did not "target" Florida); *Don King Prods., Inc.*, 2016 WL 3950930, at *5 (granting motion to dismiss where "the only potential contact [defendant] ha[d] with Florida [was] . . . a national online advertising campaign"); *Zamora Radio, LLC v. Last.fm LTD.*, 2011 WL 2580401, at *6 (S.D. Fla. June 29, 2011) ("[J]urisdiction in a particular forum just for offering national and un-targeted advertising" would "set a troubling precedent."); *see* ECF No. 268 at 12.

The alleged location of Avi Dabir, an FTX employee, in Florida, does nothing to change

---

[9] For the reasons explained in the motion to dismiss, exercising jurisdiction over Mr. David in the Florida Action would be improper for the separate reason that it would not comport with traditional notions of fair play and substantial justice. *See* ECF No. 268 at 14-15.

9

that outcome.  Plaintiffs allege that another FTX employee, Dan Friedberg, credits Mr. Dabir "for creating [the Super Bowl ad] idea and concept and collaborating with Mr. David and his team," and that "all FTX employees or agents who were involved in the Larry David Super Bowl commercial ultimately reported to Avi Dabir."  ECF No. 179 ¶¶ 17-18, 734; ECF No. 171-1 ¶ 24.  But these allegations—none of which are evidence—do not in any way rebut Mr. David's undisputed testimony that (1) his contract with FTX US showed a California address for FTX US; (2) Mr. David has not traveled to Florida for any purpose related to FTX; and (3) Mr. David did not perform any acts related to FTX in Florida.  Florida Action ECF No. 165.  Furthermore, the law is clear that merely negotiating or otherwise interacting with an individual who happens to be in Florida is not enough to establish purposeful activity *aimed* at the state.  *See, e.g., Groom v. Feyh*, 651 F. Supp. 249, 255-56 (S.D. Fla.1986) ("The prior negotiations between the [contractual] parties are generally insufficient standing alone to amount to purposeful activity."); *see also* ECF No. 268 at 13.  There is simply no basis to assert personal jurisdiction in Florida over Mr. David.

### C. Plaintiffs' General Arguments Regarding "Defendants" Are Inapplicable.

Finally, lumping Mr. David in with other "Defendants," collectively, does not establish Florida jurisdiction over him personally. This is because Plaintiffs' general arguments regarding other defendants' contacts with Florida are inapplicable to Mr. David. **Mr. David is not mentioned in any of Plaintiffs' submitted exhibits**, which relate primarily to defendants Jaspreet Singh, Erika Kullberg, and Creators Agency.  While Plaintiffs' exhibits purport to show defendant Creators Agency instructing other individuals how to create promotional videos on YouTube, ECF No. 494-1 at 3, Mr. David is not on any of these communications, is not alleged to have been part of similar communications, and is not even alleged to have worked with Creators Agency.  Nor is there any evidence whatsoever that Mr. David was provided with the "talking points" that Plaintiffs' supplement alleges "included specific references to Miami."  ECF No. 494-1 at 6.  Evidence *from*

10

defendants other than Mr. David *about* defendants other than Mr. David does not translate to personal jurisdiction over Mr. David.

## IV. CONCLUSION

For the reasons explained above, the Motion should be denied in its entirety with respect to Mr. David. Alternatively, if the Court is inclined to consider Plaintiffs' supplementary arguments, the Court should likewise consider this supplemental response (and grant Mr. David's motion to dismiss the Florida Action for lack of personal jurisdiction). *See* ECF Nos. 268, 393.

Further, Plaintiffs' filing—which lacks any basis with respect to Mr. David—has forced Mr. David to incur unnecessary expense and burden in preparing a response which should not have been necessary, and which Plaintiffs refused to withdraw even after its lack of merit was brought to their attention. This is unfortunately not the first time Plaintiffs have engaged in unnecessary motion practice.[10] Mr. David respectfully requests the Court address this in whatever manner it deems most appropriate. *See* Local Rule 7.1(a)(3).

Dated:  February 23, 2024          Respectfully submitted,

**Colson, Hicks, Eidson, P.A.**
255 Alhambra Circle, Penthouse
Coral Gables, Florida 33134
(305) 476-7400

By: */s/ Roberto Martínez*
Roberto Martínez
Florida Bar No. 305596
bob@colson.com

---

[10] *See* Florida Action ECF No. 133 at 3 (Order recognizing that "throughout this case's short tenure in litigation, Plaintiffs have repeatedly failed to comply with the Local Rules and this Court's Orders (despite several admonishments by this Court itself). Now, at the instant juncture, Plaintiffs have filed a motion that is factually unsupported and legally insufficient. Particularly in such a complex and costly litigation for all parties involved, the Court will not continue to tolerate such violations or frivolous arguments.").

Stephanie A. Casey
Florida Bar No. 97483
scasey@colson.com
Zachary Lipshultz
Florida Bar No. 123594
zach@colson.com

**LATHAM & WATKINS LLP**
Andrew B. Clubok (*pro hac vice*)
andrew.clubok@lw.com
Susan E. Engel (*pro hac vice*)
susan.engel@lw.com
Brittany M.J. Record (*pro hac vice*)
brittany.record@lw.com
555 Eleventh Street, N.W., Suite 1000
Washington, D.C. 20004-1304
Tel: +1.202.637.2200

**LATHAM & WATKINS LLP**
Marvin S. Putnam (*pro hac vice*)
marvin.putnam@lw.com
Jessica Stebbins Bina (*pro hac vice*)
jessica.stebbinsbina@lw.com
10250 Constellation Blvd., Suite 1100
Los Angeles, California 90067
Tel: +1.424.653.5500

**LATHAM & WATKINS LLP**
Michele D. Johnson (*pro hac vice*)
michele.johnson@lw.com
650 Town Center Drive, 20th Floor
Costa Mesa, California 92626-1925
Tel: +1.714.540.1235

*Attorneys for Defendant Lawrence Gene David*

## **CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on February 23, 2024, a true and correct copy of the foregoing was filed electronically with the Clerk of the Court, by using the CM/ECF system, causing a true and correct copy to be served on all counsel of record.

By: */s/ Roberto Martínez*
Roberto Martínez