# EXHIBIT 1

UNITED STATES OF AMERICA
BEFORE THE
BOARD OF GOVERNORS OF THE FEDERAL RESERVE SYSTEM
WASHINGTON, D.C.

WASHINGTON STATE
DEPARTMENT OF FINANCIAL INSTITUTIONS
TUMWATER, WASHINGTON

| | |
|---|---|
| In the Matter of<br><br>FARMINGTON STATE BANK<br>Farmington, Washington<br><br>and<br><br>FBH CORPORATION<br>Baltimore, Maryland | Docket No.   23-005-B-HC<br>                      23-005-B-SM<br><br>Order to Cease and Desist Issued Upon Consent Pursuant to the Federal Deposit Insurance Act, as Amended and Section 30A.04.450 of the Revised Code of Washington |

WHEREAS, FBH Corporation, Baltimore, Maryland ("FBH"), formerly known as GUVJEC Investment Corporation, is a registered bank holding company that owns and controls Farmington State Bank, Farmington, Washington (the "Bank," and together with FBH, "Farmington"), a state-chartered bank previously doing business as Moonstone Bank that is a member of the Federal Reserve System;

WHEREAS, since 1887, the Bank has served a rural community in the State of Washington by providing traditional deposit accounts and making loans to residents and farming operations;

WHEREAS, the Washington State Department of Financial Institutions ("WSDFI") has been the appropriate state regulator of the Bank;

WHEREAS, Jean Jacques Pierre Chalopin ("Chalopin"), a resident of The Bahamas, is the principal shareholder of FBH and serves as the company's President and Chairman;

WHEREAS, on September 4, 2020, the Federal Reserve Bank of San Francisco ("Reserve Bank"), acting under delegated authority from the Board of Governors of the Federal Reserve System ("Board of Governors"), approved FBH's application to become a bank holding company by acquiring 100 percent of the shares of Farmington Bancorp, which controlled the Bank, which at the time was not a member of the Federal Reserve System;

WHEREAS, in approving FBH's application to become a bank holding company, the Reserve Bank imposed certain enforceable conditions on FBH (the "FBH Commitments"), including that FBH would not: (i) change its business plan; (ii) engage in servicing activities on behalf of the Bank, including with respect to digital bank operations; or (iii) move the performance of any operational or risk management activities from the Bank to FBH or its nonbank subsidiaries without providing thirty days' prior notice to the Reserve Bank;

WHEREAS, in approving FBH's application to become a bank holding company, the Reserve Bank imposed certain enforceable commitments on Chalopin, FBH, and the Bank (the "Chalopin Commitments"), including that Chalopin, who is also a shareholder and Chairman of a foreign bank located in The Bahamas, would provide to the Board of Governors certain financial information related to the foreign bank on an annual basis and that none of the entities Chalopin controlled, Chalopin himself, or Chalopin's immediate family, would request an extension of credit from the Bank or engage in other related-interest transactions with the Bank;

WHEREAS, on May 29, 2020, the WSDFI, in approving Chalopin's application to acquire FBH, representing a change in control of the Bank, imposed certain enforceable conditions and limitations, including: (i) that, for a period of three years, all changes in senior management, changes to the business plan, and any significant changes in operations, including digital bank operations, required prior written regulatory approval, including by submitting Interagency Biographical and Financial Reports for any proposed executive officer or board member,

and providing updated business plans with three years pro-forma financial statements for any new strategic initiatives or significant operational changes; (ii) that, for a period of three years, FBH remain committed to serving the needs of the Bank's historical customers and the Farmington community; (iii) that FBH and the Bank would not do business with or enter into any transactions with certain entities affiliated with Chalopin without prior written regulatory approval; and (iv) that, for a period of three years, the Bank would maintain a Tier 1 leverage Capital ratio of 9 percent or greater;

WHEREAS, on June 17, 2021, the Reserve Bank, in approving under delegated authority the Bank's application to become a member of the Federal Reserve System, imposed certain enforceable limitations on the Bank and FBH (the "Bank Commitments"), including that the Bank and FBH would not: (i) change the Bank's business plan in any manner, including, without limitation, hiring or replacing senior management, placing new directors on the Bank's board, or expending material resources to develop the Bank's digital banking products and customer-facing applications, without first providing notice to and consulting with the Board of Governors or the Reserve Bank to ensure that such changes would not constitute a change in the general character of the Bank's business under the Board's Regulation H (12 C.F.R. § 208.3(d)(2)); or (ii) change the Bank's business plan to pursue a strategy focused on digital banking services or digital assets, or to launch a digital banking application to the general public without receiving prior approval from the Board of Governors or the Reserve Bank for a change in the general character of the Bank's business under Regulation H;

WHEREAS, in the most recent examination of the Bank, the Reserve Bank and the WSDFI found that Farmington violated the Bank Commitments by engaging in activities which changed the Bank's business plan and general character without receiving prior written approval from the Board of Governors, the Reserve Bank, or the WSDFI, including the Bank's entering

into a non-binding memorandum of understanding with a third party whereby the Bank committed to "work with" the third party "to design the necessary IT infrastructure" to facilitate the third party's issuance of stablecoins to the public in exchange for receipt of 50 percent of mint and burn fees on certain stablecoins, and took material steps to implement that memorandum of understanding;

WHEREAS, the Bank has ceased to engage in activities related to digital assets and submitted an amended business and action plan dated January 25, 2023, that provides the Bank will conduct activities consistent with its former community banking business model;

WHEREAS, with the intention of ceasing its operations and voluntarily liquidating, the Bank has entered into a purchase and assumption agreement, dated May 12, 2023, by and among the Bank, FBH, and a third-party bank (the "Agreement"), whereby the third-party bank will purchase all the loans and assume all the deposits of the Bank, and the Bank will be contractually obligated to cease its operations after consummation of the Agreement;

WHEREAS, it is the common goal of the Board of Governors and the WSDFI (collectively, the "Supervisors"), FBH, and the Bank, that FBH and the Bank operate in compliance with all applicable federal laws, rules, and regulations;

WHEREAS, FBH, the Bank, the WSDFI, and the Board of Governors have mutually agreed to enter this consent Cease and Desist Order (the "Order"); and

WHEREAS, the boards of directors of FBH and the Bank, at duly constituted meetings, adopted resolutions authorizing and directing the undersigned to enter into this Order on behalf of FBH and the Bank, respectively, and consenting to compliance with each and every provision of this Order by FBH and the Bank, and waiving all rights that FBH and the Bank may have pursuant to the Revised Code of Washington ("RCW") 30A.04.450 and section 8 of the Federal

4

Deposit Insurance Act, as amended (the "FDI Act") (12 U.S.C. § 1818), including, but not limited to: (i) the issuance of a notice of charges on any and all matters set forth in this Order; (ii) a hearing for the purpose of taking evidence on any matters set forth in this Order; (iii) judicial review of this Order; and (iv) challenge or contest, in any manner, the basis, issuance, validity, terms, effectiveness or enforceability of this Order or any provision hereof.

NOW, THEREFORE, it is hereby ordered that, before the filing of any notices, or taking any testimony or adjudication of or finding on any issues of fact or law, and solely for the purpose of settling this matter without a formal proceeding being filed and without the necessity for protracted or extended hearings or testimony, pursuant to RCW 30A.04.450 and sections 8(b)(1) and (b)(3) of the FDI Act (12 U.S.C. §§ 1818(b)(1) and 1818(b)(3)), FBH, the Bank, and their institution-affiliated parties, as defined in section 3(u) of the FDI Act (12 U.S.C. §§ 1813(u) and 1818(b)(3)), shall cease and desist and take affirmative action as follows:

**Source of Strength**

1.	The board of directors of FBH shall take appropriate steps to fully utilize FBH's financial and managerial resources, pursuant to section 38A of the FDI Act (12 U.S.C. § 1831*o*-1) and section 225.4(a) of Regulation Y of the Board of Governors (12 C.F.R. § 225.4(a)), to serve as a source of strength to the Bank, including, but not limited to, taking steps to ensure that the Bank complies with any supervisory action taken by its federal or state regulators.

**Capital Conservation**

2.	Effective immediately, FBH and the Bank shall not declare or pay dividends, engage in share repurchases, or make any other capital distribution in respect of common shares, preferred shares, or other capital instruments, including, without limitation, any interest payments due on subordinated debentures or trust preferred securities, without the prior written

5

approval of the Supervisors and the Director of Supervision and Regulation of the Board of Governors. All requests for prior approval shall be received in writing at least 14 days prior to the earlier of the proposed declaration, payment, or distribution date, or required notice of deferral.

**Preservation of Cash Assets**

3. Effective immediately, FBH and the Bank shall preserve their respective cash assets and shall not dissipate those assets, including with respect to executive compensation and severance payments, without prior written approval from the Supervisors, except those that: (i) are in accordance with the provisions of this Order; and (ii) involve payment of normal and customary expenses necessary for operation of FBH and/or the Bank.

**Brokered Deposits**

4. Effective immediately, the Bank shall not acquire additional brokered deposits, as defined in 12 C.F.R. § 337.6, without the prior approval of the Supervisors.

**Limitations on Business Activities**

5. Effective immediately, FBH and the Bank shall not engage in any activities except those necessary and appropriate to consummate the Agreement and effectuate the voluntary liquidation of Farmington in an expeditious manner.

**Records Preservation**

6. Farmington shall immediately take affirmative steps to preserve records and suspend any deletion, overwriting, modification, or other destruction of all paper documents, electronic documents, physical items, and data under their control. Documents include but are not limited to physical and electronic correspondence, handwritten and electronically stored notes, telephone logs, voicemails, emails, text messages, instant messages, ephemeral messaging

applications, calendars, recordings of conference calls and videoconferences, spreadsheets, files stored as Word, PDF, JPEG, or other formats, databases, cloud-based storage, workplace collaboration tools, temporary internet files, cookies, .ZIP files, and any and all other forms of electronic or physical information, wherever it resides, including the Internet. Farmington shall preserve information in its current form without moving any electronic information or changing related metadata. The above preservation order extends to relevant data stored on external media, including but not limited to hard drives, USBs, personal home computers, laptops, and mobile devices including smart phones and tablets.

**Compliance with Laws, Regulations, and Commitments**

7. (a) In appointing any new director or senior executive officer, or changing the responsibilities of any senior executive officer so that the officer would assume a different senior executive officer position, FBH and the Bank shall comply with the notice provisions of section 32 of the FDI Act (12 U.S.C. § 1831i) and Subpart H of Regulation Y of the Board of Governors (12 C.F.R. § 225.71 et seq.), and the Bank shall request and obtain a non-disapproval from the WSDFI prior to the appointment or change; provided, however, that the existing directors and senior executive officers of FBH and the Bank may assume any responsibilities or duties associated with their voluntary liquidations without prior approval of the Supervisors.

(b) FBH and the Bank shall comply with the restrictions on indemnification and severance payments of section 18(k) of the FDI Act (12 U.S.C. § 1828(k)) and Part 359 of the Federal Deposit Insurance Corporation's regulations (12 C.F.R. Part 359).

(c) FBH and the Bank shall continue to abide by and comply with all commitments made to the Board of Governors and WSDFI, including the Bank Commitments.

**Progress Reports**

      8.      Within 10 days after the end of each month following the date of this Order, FBH and the Bank, as applicable, shall submit to the Reserve Bank and the WSDFI written progress reports detailing the form and manner of all actions taken to secure compliance with this Order, a timetable and schedule to implement specific remedial actions to be taken, and the results thereof. The Reserve Bank and the WSDFI may, in writing, discontinue the requirement for progress reports or modify the reporting schedule.

**Communications**

      9.      All communications regarding this Order shall be sent to:

      (a)    Richard M. Ashton
Deputy General Counsel
Jason A. Gonzalez
Assistant General Counsel
Board of Governors of the Federal Reserve System
20th & C Streets, N.W.
Washington, D.C. 20551

      (b)    Mongkha Pavlick
Senior Vice President
Federal Reserve Bank of San Francisco
950 South Grand Avenue
Los Angeles, California 90015

      (c)    Roberta Hollinshead
Director of Banks
Washington State Department of Financial Institutions
150 Israel Road SW
Tumwater, Washington 98501

      (d)    Jean Chalopin
Chairman of the Board and President
FBH Corporation
100 Light Street, 19th Floor
Baltimore, Maryland 21202

  (e)  A. Gary Rever
     Acting Chief Executive Officer
     Farmington State Bank
     P.O. Box 67
     Farmington, Washington 99128-0067

  (f)  Frank C. Bonaventure Jr.
     Shareholder
     Baker, Donelson, Bearman, Caldwell & Berkowitz, PC
     100 Light Street, 19th Floor
     Baltimore, Maryland 21202

**Miscellaneous**

  10.  Notwithstanding any provision of this Order to the contrary, the Reserve Bank and the WSDFI may, in their sole discretion, grant written extensions of time to FBH and the Bank to comply with this Order. FBH and the Bank must submit a written request to the Reserve Bank and the WSDFI for any extensions of time.

  11.  The provisions of this Order shall be binding on FBH and the Bank, and each of their institution-affiliated parties, in their capacities as such, and their successors and assigns.

  12.  Each provision of this Order shall remain effective and enforceable until stayed, modified, terminated, or suspended in writing by the Board of Governors and the WSDFI.

  13.  The provisions of this Order shall not bar, estop, or otherwise prevent the Board of Governors, the Reserve Bank, the WSDFI, or any other federal or state agency from taking any other action affecting FBH, the Bank, any of their subsidiaries, or any of their current or former institution-affiliated parties and their successors and assigns.

By Order of the Board of Governors of the Federal Reserve System and the Washington State Department of Financial Institutions effective this 18th day of July, 2023.

| FBH CORPORATION | BOARD OF GOVERNORS OF THE FEDERAL RESERVE SYSTEM |
|---|---|
| By: /s/<br>Jean Chalopin<br>Chairman of the Board and President | By: /s/<br>Ann E. Misback<br>Secretary of the Board |
| FARMINGTON STATE BANK | WASHINGTON STATE DEPARTMENT OF FINANCIAL INSTITUTIONS |
| By: /s/<br>A. Gary Rever<br>Acting Chief Executive Officer | By: /s/<br>Roberta Hollinshead<br>Director of Banks |