UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION
MDL No. 3076
Case No. 1:23-md-03076-KMM

IN RE:
FTX Cryptocurrency Exchange Collapse Litigation

This document relates to:

Promoter and Digital Creator Defendants

*Garrison, et al. v. Bankman-Fried, et al.*,
Case No. 22-cv-23753

*Garrison, et al. v. Paffrath et al.*,
Case No. 23-cv-21023

/

**PLAINTIFFS' REPLY IN SUPPORT OF THEIR MOTION FOR LEAVE TO FILE SUPPLEMENTAL BRIEF IN SUPPORT OF PLAINTIFF'S OPPOSITION TO MOTIONS TO DISMISS FOR LACK OF PERSONAL JURISDICTION**

Plaintiffs respectfully submit this Reply in support of their motion for leave to file a supplemental brief in support of their opposition to Defendants'[1] motions to dismiss the Administrative Class Action Complaint for lack of personal jurisdiction, ECF No. 494 ("Motion to Supplement"). Pursuant to the Court's Order, ECF No. 22, Plaintiffs took jurisdictional discovery and filed the motion to supplement. Through that motion, Plaintiffs are seeking to supplement both their opposition to Defendants' motions to dismiss for want of personal jurisdiction—for those Defendants that are maintaining their personal jurisdiction objections—and

---

[1] Defendants Graham Stephan, Andrei Jikh, Jaspreet Singh, Brian Jung, Jeremy Lefebvre, Erika Kullberg, Creators Agency LLC, Stephen Curry, Larry David, Golden State Warriors LLC, Naomi Osaka, and Solomid Corporation initially moved to dismiss on the basis of personal jurisdiction. Defendants Stephen Curry, Solomid Corporation, Golden State Warriors LLC, and Naomi Osaka withdrew their personal jurisdiction challenges subsequent to filing their opening briefs. *See* ECF No.'s 473, 444, 443. Defendants Brian Jung, Graham Stephan, Andrei Jikh, and Jeremy Lefebvre have reached a tentative settlement.

1

their opposition to Defendant Erika Kullberg's motion to dismiss for insufficient service of process. ECF Nos. 353, 367. Thus far only Defendant Larry David has responded to the Motion to Supplement, ECF No. 502 ("David Opp'n")—and only with respect to the request to supplement Plaintiffs' personal jurisdiction opposition as to him—and this Reply is limited to that response.[2]

As an initial matter, there is no dispute that the MDL Court has jurisdiction over Mr. David as a result of the *California* action filed that was transferred to this MDL. The only question is whether there is also personal jurisdiction over Mr. David for the *Florida* action, which is currently stayed. The claims against Mr. David will still be before this Court regardless of the outcome of these jurisdictional motions. Turning to Mr. David's opposition to the Motion to Supplement, Mr. David confuses the record with a host of irrelevant facts and contentions. As explained further below, Plaintiffs *do not seek sanctions* against Mr. David; Plaintiffs have received jurisdictional discovery from Mr. David, consensually, and others, both under Court order and consensually; and Plaintiffs simply seek to supplement, pursuant to the Court's prior Order, their combined opposition to the various Promoter Defendants motions to dismiss based on personal jurisdiction. Stripped away of irrelevant contentions, Mr. David provides no persuasive reason that the Court should deny Plaintiffs' Motion to Supplement—the only question that is before the Court today.

## **FACTUAL BACKGROUND**[3]

Prior to the consolidation of cases in this MDL, all of the defendants subject to Plaintiffs' Motion to Supplement moved or stated the intent to move to dismiss based on personal

---

[2] Under the Court's Order pertaining to jurisdictional discovery, a "response" to the Motion to Supplement is not proper. Instead, Defendants have the opportunity to file a "reply to the supplemental response" within seven days. ECF No. 422, at 6.

[3] Because Mr. David distorts the record pertaining to Plaintiffs' Motion to Supplement, Plaintiffs briefly corrects that record here.

2

jurisdiction.[4] Plaintiffs sought jurisdictional discovery from each of these Defendants. With respect to Defendants Creators Agency, Kullberg, and Singh, Chief Judge Altonaga allowed jurisdictional discovery. *Garrison v. Paffrath*, 23-21023 (S.D. Fla.), ECF No. 96. However, due to disputes over the scope of such discovery, Plaintiffs had not obtained jurisdictional discovery from these defendants when the MDL was created and the underlying *Paffrath* case was stayed. *See id.*, ECF Nos. 118, 120. With respect to Mr. David, the Court denied Plaintiffs' motion for jurisdictional discovery, in the *Garrison v. Bankman-Fried* action, as moot when it granted Plaintiffs leave to amend their complaint. *Garrison v. Bankman- Fried*, 22-cv-23753, ECF No. 207. At that time, Plaintiffs obtained consensual jurisdictional discovery from Mr. David, including his agreement with FTX, and agreed not to seek further jurisdictional discovery from him.

After the MDL was created, and Plaintiffs filed Consolidated Amended Complaints, Defendants Erika Kullberg, Creators Agency LLC, Jaspreet Singh (ECF No. 266), and Larry David (ECF No. 268) filed renewed motions to dismiss under Rule 12(b)(2) on September 21, 2023, once again seeking to dismiss the underlying claims for want of personal jurisdiction.[5] On November 3, 2023, prior to filing their responses to the pending motions to dismiss, Plaintiffs filed an Omnibus Motion to Lift Discovery Stay and for Leave to Conduct Jurisdictional Discovery, and if Necessary to Amend Their Complaints with any Facts Arising From Such Discovery, ECF No. 348. Plaintiffs filed a single combined response (ECF No. 353) to the motion to dismiss by Mr. David and the motion to dismiss by Ms. Kullberg, Creators Agency LLC, and Mr. Singh. Plaintiffs

---

[4] *Garrison v. Bankman-Fried*, No. 22-cv-23753 (S.D. Fla.), ECF No. 139 (motion to dismiss by Larry David); *Garrison v. Paffrath*, No. 23-21023 (S.D. Fla.), ECF No. 93, at 4 (stating intent by Jaspreet Singh, Erika Kullberg, and Creators Agency to move to dismiss).
[5] Other Defendants had also moved to dismiss for want of personal jurisdiction but withdrew their motions after entry of the Court's Order. ECF No. 443, 444, 445, 473.

3

now seek to supplement that combined Opposition, which had included arguments as to Mr. David. On December 18, 2023, this Court allowed Plaintiffs 45 days to conduct jurisdictional discovery and provided that "Plaintiffs may file a motion to supplement their responses to the motions to dismiss for lack of personal jurisdiction." ECF No. 422, at 6.

Pursuant to the Court's Order, Plaintiffs engaged in jurisdictional discovery, through requests for production and depositions, and procured relevant and important information from *other defendants* that relates to the jurisdictional arguments raised in Mr. David's motion to dismiss filed. Plaintiffs also obtained documents from several MDL Defendants in connection with pending settlements of the class claims against them that are also relevant to Mr. David's motion to dismiss.

## ARGUMENT

### A.  Plaintiffs Have Shown Ample Basis to Supplement Their Opposition

Plaintiffs have shown in their Motion to Supplement, as well as in their personal jurisdiction supplement, that there is ample basis to supplement their November 6, 2023, combined opposition to Defendants' motion to dismiss. ECF No. 494. While Plaintiffs had Mr. David's personal jurisdiction discovery on consent before briefing, and thus obtained nothing new from Mr. David directly during the 45 day discovery window, Plaintiffs nonetheless obtained additional evidence from other sources that is relevant to Mr. David's personal jurisdiction challenge.

Pursuant to the Court's Order, ECF No. 422, Plaintiffs obtained jurisdictional discovery from those defendants continuing to contest jurisdiction (except Mr. David). Plaintiffs also obtained additional material from settling MDL defendants. Plaintiffs had already shown that Mr. David had participated in the FTX conspiracy, which was confirmed even prior to the creation of the MDL through Mr. David's agreement with FTX. Plaintiffs' proposed supplement confirms that

4

the acts in furtherance of the conspiracy occurred in Florida, including the orchestration of the FTX scheme from Florida (further confirmed in the supplement) and Mr. David's extensive collaboration with FTX personnel based in Florida. ECF No. 494-1, at 4–6 (citing declaration of FTX co-founder Nishad Singh). Plaintiffs proposed supplement also shows that Mr. David's tortious conduct caused injury in Florida, as well as at a minimum he should have known that his promotion activity was in fact viewed and accessed in Florida (including via YouTube). ECF No. 494-1, at 6–10 (citing Exhibit 8). The Court should allow Plaintiffs to supplement their opposition on this basis. Mr. David's arguments simply confuse the record and do not show that supplementation is not warranted.

*First*, Plaintiffs do not seek evidentiary sanctions against Mr. David. Plaintiffs' Motion to Supplement made it clear that the discovery misconduct in question only pertained to Mr. Singh, Ms. Kullberg, and Creators Agency. ECF No. 494-2, at 9. Plaintiffs explained this fact to Mr. David's counsel before Mr. David filed his Opposition. Nonetheless, Mr. David persisted in telling the Court that Plaintiffs seek sanctions against him. In any event, to ensure that the record is crystal clear: Plaintiffs do not seek an evidentiary sanction against Mr. David.[6]

*Second*, Plaintiffs nowhere agreed not to *supplement* their opposition to Mr. David's motion to dismiss.[7] Plaintiffs agreed not to seek further jurisdictional discovery from Mr. David or to seek his deposition, and they have not done so. Plaintiffs have received information through

---

[6] Contrary to Mr. David's claim, Plaintiffs' have not failed to comply with Local Rule 7.1's duty to confer. The Court's Order explicitly allows Plaintiffs to file their Motion to Supplement and, should Plaintiffs choose to do so, for Defendants to file a reply to the response. ECF No. 422, at 6. In any event, Mr. David's filing makes clear that any attempt to confer would have been futile.

[7] As to any such agreement, Mr. David only cites the Court's Order as to jurisdictional discovery—which says nothing about any such agreement—and Defendants' own filing that only reflects, their telling, an agreement to exclude Mr. David from a request to obtain further jurisdictional discovery. David Opp'n at 1.

jurisdictional discovery, during the period allowed by the Court that, taken together, is relevant to their opposition to Mr. David's motion to dismiss. It is that information that is the basis for Plaintiffs' proposed supplement.

***Third***, Mr. David complains that the discussion of him includes material that was previously presented to the Court, including Plaintiffs' own Consolidated Amended Complaint and material previously provided by Mr. David. *See* David Opp'n at 6. However, Plaintiffs are not trying to "obscure" any lack of new evidence. *Id.* Because Plaintiffs did not receive any new material *from* Mr. David after the Court permitted jurisdictional discovery, references to discovery Plaintiffs received *from* Mr. David are necessarily references material previously presented. However, material Plaintiffs received after the Court permitted jurisdictional discovery were relevant *to* Mr. David and his arguments. As a result, Plaintiffs must reference the earlier-received materials to show the relevance of the materials to him. Viewed together, these materials confirms that there is jurisdiction over Mr. David. Nor is this a case where this "no new evidence." *Id.* Plaintiffs submitted substantial new evidence with its motion to supplement—evidence that is relevant *to* Mr. David, even if not *from* Mr. David. *See* ECF No. 494-2; ECF No. 496-1 (Exhibits 1 through 8). As shown in Plaintiffs' Motion to Supplement, the proposed supplementary opposition, and below, it is this evidence that, together, with existing evidence, demonstrates the Court's jurisdiction.

***Fourth***, Mr. David complains that Plaintiffs caused him the unnecessary expense of filing his Opposition, but it is in fact Mr. David who filed his unnecessary opposition and caused Plaintiffs to file this Reply to clarify the record. *See* David Opp'n at 11. The Court set a framework for the filings to follow the period of jurisdictional discovery: Plaintiffs can file a motion to supplement their opposition after the period of Court-ordered jurisdictional discovery and, should

6

Plaintiffs do so, "Defendants will be afforded 7 days to file a reply to the supplemental response." ECF No. 422, at 6. Such a reply *should* have been the place for Mr. David to simply argue, should he so choose (and even if incorrectly), that notwithstanding Plaintiffs' supplement the Court still has no jurisdiction over him.[8] Instead, he has wasted the parties' expense and the Court's time with a filing full of irrelevant and distracting contentions that has in turn necessitated this Reply.

As shown in Plaintiffs' Motion to Supplement, there is ample reason to allow Plaintiffs to file their supplement to their Opposition, including as to Mr. David.

### B. The Additional Materials Submitted by Plaintiffs Confirm that this Court has Personal Jurisdiction over Mr. David.[9]

Plaintiffs have submitted additional materials that establish this Court's personal jurisdiction over Mr. David—even setting aside jurisdiction obtained by virtue of the transferred California action, which is uncontested. Contrary to Mr. David's arguments, the supplemental materials presented by the Plaintiffs do not merely reiterate previous assertions but instead contain new evidence relevant to Plaintiffs' allegations of civil conspiracy obtained through jurisdictional discovery of other Defendants.[10] *See* ECF No. 494-1, at 4-6. For instance, the proposed supplement

---

[8] Again, there is no dispute the MDL Court has jurisdiction by virtue of the California action.

[9] It is procedurally improper for Mr. David to present arguments as to why the Court lacks jurisdiction over him in his Opposition to Plaintiffs' Motion to Supplement. The Court's order clearly provided that, "Should Plaintiffs do [move to supplement their opposition], Defendants will be afforded 7 days to file a reply to the supplemental response." ECF No. 422, at 6. In other words, the proper mechanism for Mr. David to argue that this Court does not have jurisdiction, regardless of the Supplement, was to file his Reply in support of his motion to dismiss—it was not to argue that Plaintiffs should not be able to supplement the record because their supplementation, essentially, does not make a difference. Nevertheless, Plaintiffs respond to the substance of Mr. David's jurisdictional arguments, which provide no basis for the Court to conclude that it has no jurisdiction or that, as a result, it should deny Plaintiffs' Motion to Supplement.

[10] Mr. David's arguments about generic references to Defendants are a red herring. Plaintiffs do not rely on instructions from Creators Agency to show that Mr. David was part of the FTX conspiracy: Mr. David's agreement with FTX shows that he was part of the conspiracy. ECF No. 494-1, at 3 (citing Notice of Filing Sealed Exhibit to Declaration of Larry David in Support of Motion to Dismiss for Lack of Personal Jurisdiction, ECF No. 165, at Exhibit A). Nor do Plaintiffs suggest that Creator Agency's "talking points" were provided to Mr. David.

7

to Plaintiffs' opposition details Mr. Dabir's extensive contact with Mr. David in creating and orchestrating the Super Bowl FTX commercial.

### 1. There is Jurisdiction Under Florida's Long Arm Statute.

Contrary to Mr. David's assertion that the Plaintiffs do not establish personal jurisdiction under Florida's Long Arm Statute, his involvement with the FTX promotional campaign directly supports such jurisdiction. Notably, Mr. David references *Birmingham v. RoFx.net*, which instead supports the Plaintiffs' position when accurately interpreted. Specifically, the *RoFx.net* case sheds light on the statute's capacity to extend jurisdiction to individuals involved in actions that, while not physically occurring within Florida, have significant effects within the state—precisely as Mr. David's actions have. *Birmingham v. RoFx.net,* 2022 WL 1686683, at *2 (S.D. Fla. May 26, 2022).

*RoFx.net* underlines that Florida Statutes § 48.193(1)(a)(2) does not necessitate a tortfeasor's physical presence within the state for jurisdiction to be applicable. It emphasizes that in instances of conspiracy, jurisdiction can be established over any participant if any act in furtherance of the conspiracy occurs within Florida—whether or not the individual directly engaged with the state—so long as the "conspiracy [was] either engineered in Florida or pursuant to which a tortious act in furtherance was committed in Florida." 2022 WL 1686683, at *2 (quoting *United Techs. Corp. v. Mazer*, 556 F.3d 1260, 1283 (11th Cir. 2009). This principle is applicable to Mr. David's circumstances, given his promotional activities for FTX, which are part of the alleged conspiracy that has had a tangible impact on Florida residents. Moreover, Plaintiffs' supplement confirms that the conspiracy was not only engineered in Florida—highlighted by FTX US's headquarters and the planning and orchestration of Mr. David's promotion by Mr. Dabir in Florida—but also saw tortious acts in furtherance of the conspiracy committed within the state, including the promotion, offering, and sale of unregistered securities.

Likewise, Mr. David's reliance on *Don King Productions, Inc. v. Mosley* to argue the insufficiency of jurisdiction due to the advertisement's national reach and alleged lack of specific targeting towards Florida overlooks critical distinctions. Unlike in *Mosley*, where the court found the national advertisement insufficient for jurisdiction due to the lack of tortious conduct arising from it, Mr. David's conduct—his national advertisement promoting the sale of unregistered securities—directly contravenes Florida's securities laws, causing foreseeable harm to Florida residents. *Don King Prods., Inc. v. Mosley*, 2016 WL 3950930, at *4 (S.D. Fla. Jan. 27, 2016); *Wendt v. Horowitz*, 822 So. 2d 1252, 1260 (Fla. 2002) (the cause of action arising from the communication into the state is necessary in order to satisfy the "connexity" requirement for personal jurisdiction).

### 2. Jurisdiction Comports with the Constitution's Due Process Requirements.

Mr. David's argument that the exercise of jurisdiction over him in Florida would not comport with constitutional due process is also unavailing.

As an initial matter, Mr. David's Super Bowl advertisement promoting FTX is directly related to Plaintiffs' claims because it was how he promoted, offered and sold unregistered securities. Where, as here, the advertisement is the underlying act supporting both personal jurisdiction and Plaintiffs' claim for relief, "courts have found personal jurisdiction exists on the basis of national advertising." *In re Oreck Corp. Halo Vacuum & Air Purifiers Mktg. & Sales Practices Litig.*, ML 12-2317 CAS JEMX, 2012 WL 6062047, at *8 (C.D. Cal. Dec. 3, 2012). It was certainly foreseeable to Mr. David that Florida residents would be induced to invest in the FTX Platform after he promoted FTX as an easy and safe way to get into crypto during a nationally-broadcast Super Bowl commercial. Because Mr. David's intentional conduct in his state

9

of residence was calculated to cause injury in Florida, he "cannot now claim surprise at being haled into court here." *Licciardello v. Lovelady*, 544 F.3d 1280, 1288 (11th Cir. 2008).

Mr. David also attempts to minimize his extensive collaboration with FTX employees in Miami for the Super Bowl FTX commercial by claiming that "merely negotiating or otherwise interacting with an individual who happens to be in Florida is not enough to establish purposeful activity aimed at the state." David Opp'n at 11. But Plaintiffs do not solely rely on Mr. David's interactions with the FTX employees in the Miami office to establish that he has minimum contacts with Florida. Instead, Plaintiffs argue that Mr. David personally availed himself of the privileges of doing business in this state by writing, producing, and starring in a Super Bowl advertisement that was reasonably calculated to reach Florida, was in fact viewed in Florida, and resulted in injury to thousands of individuals in Florda. *See U.S. S.E.C. v. Carrillo*, 115 F.3d 1540, 1545 (11th Cir. 1997) (concluding the defendant's advertisements constituted purposeful availment where the ads were reasonably calculated to reach the forum); *see also In re Oreck Corp.*, 2012 WL 6062047, at *8 ("[I]t is clear that a person should expect to be haled into the courts of a forum state for a claim of false advertising if he or she broadcasts false advertising into that state. Consequently, the Court finds that by appearing in advertisements broadcast into Florida and Ohio, [defendant] purposefully availed himself of these states, and that it would be reasonable for the courts of those states to exercise specific personal jurisdiction over him."). Under these circumstances, the Due Process Clause is not offended by Florida's assertion of its jurisdiction over Mr. David.

## CONCLUSION

For the reasons stated herein, and for the reasons stated in Plaintiffs' Motion to Supplement, the Court should permit Plaintiffs to supplement their opposition to the motions to dismiss for want of personal jurisdiction.

Dated: March 1, 2024                              Respectfully submitted,

| Plaintiffs' Co-Lead Counsel | |
|---|---|
| By: /s/ Adam Moskowitz<br>Adam M. Moskowitz<br>Florida Bar No. 984280<br>Joseph M. Kaye<br>Florida Bar No. 117520<br>**THE MOSKOWITZ LAW FIRM, PLLC**<br>Continental Plaza<br>3250 Mary Street, Suite 202<br>Coconut Grove, FL 33133<br>Office: (305) 740-1423<br>adam@moskowitz-law.com<br>joseph@moskowitz-law.com<br>service@moskowitz-law.com | By: /s/ David Boies<br>David Boies<br>Alex Boies<br>Brooke Alexander<br>**BOIES SCHILLER FLEXNER LLP**<br>333 Main Street<br>Armonk, NY 10504<br>Office: (914) 749-8200<br>dboies@bsfllp.com<br>aboies@bsfllp.com<br>balexander@bsfllp.com |
| **Plaintiffs' Promoter Committee Members** | |
| Barbara C. Lewis<br>Florida Bar No. 118114<br>**THE MOSKOWITZ LAW FIRM, PLLC**<br>Continental Plaza<br>3250 Mary Street, Suite 202<br>Coconut Grove, FL 33133<br>Office: (305) 740-1423<br>barbara@moskowitz-law.com<br>service@moskowitz-law.com | Desiree Fernandez<br>Florida Bar No. 119518<br>**MARK MIGDAL & HAYDEN**<br>Brickell City Tower<br>80 SW 8th Street, Suite 1999<br>Miami, FL 33130<br>desiree@markmigdal.com<br>eservice@markmigdal.com |

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the forgoing was filed on March 1, 2024, via the Court's CM/ECF system, which will send notification of such filing to all attorneys of record.

By: **/s/ Adam Moskowitz**
Adam Moskowitz