# IN THE UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF FLORIDA
# MIAMI DIVISION

MDL No. 3076
Case No. 1:23-md-03076-KMM

IN RE:

**FTX Cryptocurrency Exchange Collapse Litigation**

This Document Relates To:

*Garrison, et al. v. Kevin Paffrath, Graham Stephan, Andrei Jikh, Jaspreet Singh, Brian Jung, Jeremy Lefebvre, Tom Nash, Ben Armstrong, Erika Kullberg, and Creators Agency, LLC*,
Case No. 23-cv-21023

## OPPOSITION TO PLAINTIFFS' MOTION FOR LEAVE TO FILE SUPPLEMENTAL BRIEF IN OPPOSITION TO DEFENDANTS' MOTIONS TO DISMISS FOR LACK OF PERSONAL JURISDICTION AND INSUFFICIENT SERVICE OF PROCESS

Specially appearing Defendant Erika Kullberg ("Kullberg"), and Defendants Creators Agency LLC ("Creators Agency") and Jaspreet Singh ("Singh") (collectively, "YouTuber Defendants"), by and through their respective undersigned counsel of record, hereby oppose Plaintiffs' Motion for Leave to File Supplemental Brief in Opposition to Defendants' Motion to Dismiss for Lack of Personal Jurisdiction (ECF No. 494) ("Jurisdictional Motion to Dismiss"). Kullberg further opposes Plaintiffs' Motion for Leave to File Supplemental Brief in Opposition to Kullberg's Motion to Dismiss for Insufficient Services of Process ("Service Motion to Dismiss"). In short, Plaintiffs' discovery adds nothing to support their arguments and provides no basis for further consideration in any supplemental brief.

### I. Supplemental Briefing Related to the Jurisdictional Motion to Dismiss is Not Warranted

Pursuant to the Court's December 18, 2023, limited jurisdictional discovery was permitted.[1] ECF No. 422. If, and only if, Plaintiffs "are able to procure information helpful to it from jurisdictional discovery, [then] they may move to file supplemental responses to motions to dismiss based on a lack of personal jurisdiction." ECF No. 422, at 5-6. Plaintiffs conducted limited jurisdictional discovery, including document production and depositions of Kullberg, Creators Agency, and Singh. Yet, far from the discovery of "helpful" information to establish jurisdiction, the discovery and depositions only further support YouTuber Defendants' position that personal jurisdiction does not exist in this Court.[2]

Each of the YouTuber Defendants' testimony was consistent with declarations submitted by those Defendants in support of previous briefing. Specifically, no YouTuber Defendant resides in Florida, operates any business in Florida, nor has any offices in Florida. ECF No. 266-4, 266-6, 266-7; Kullberg Depo. Tr. 96-97[3] (testifying that Creators Agency was formed in Wyoming); Kullberg Depo. Tr. 157:14-18 (testifying that independent contractors for Creators Agency were

---

[1] Regarding Creators Agency and Singh, each accepted service of complaints in their home jurisdictions to avoid the time and expense of any jurisdictional dispute in Florida. Yet, contrary to Plaintiffs' representations to the Court that they would file in home jurisdictions to avoid any dispute here, *see* ECF No. 73, at 7:13-7, Plaintiffs have refused to withdraw their original complaints against Creators Agency and Singh in this district.

[2] Plaintiffs reference alleged "substantial obstruction" and "discovery abuses" by Defendants, but do not specify what the purported obstruction or abuses were. ECF No. 494, at 2. To the contrary, Defendants each fully complied with the Court's December 18, 2023 Order, as well as Magistrate Judge Sanchez's Order on Jurisdictional Discovery Motions dated January 18, 2024. ECF No. 478. Plaintiffs, on the other hand, inappropriately sought to utilize the limited jurisdictional discovery granted by the Court to seek merits-based discovery far afield from any jurisdictional dispute, in contravention of the foregoing orders.

[3] In support of this Opposition, the YouTuber Defendants have attached excerpts of the depositions transcripts of Erika Kullberg ("Kullberg Depo."), Jaspreet Singh ("Singh Depo.") and Arzu Malik ("Malik Depo") as Exs. A, B and C, respectively.

only based in Nevada); Singh Depo. Tr. 42:10-12 (Q: "So as it pertains to you, do you operate any business in Florida?" A: "No."); Singh Depo. Tr. 43:22-25 - 44:1-13 (Singh confirming that he is a citizen of the state of Michigan and resident of Detroit, Michigan); Singh Depo. Tr. 44:14-22 (confirming no travel to Florida in 2022, no businesses licensed in Florida, and no personal licenses in Florida); Singh Depo. Tr. 49:9-15 (confirming no ownership or control of any businesses that is not incorporated in Michigan and confirming no ownership or control over any business that does not have a principal place of business in Michigan).

Moreover, the YouTuber Defendants' testimony showed that none had contacts with any FTX employees in the State of Florida, never traveled to Florida to meet with any FTX employees, never directed any communications regarding FTX at the State of Florida, nor had any communications in furtherance of any alleged conspiracy in Florida or for that matter, elsewhere. Kullberg Depo Tr. 162:13-15 (Q: "Did you ever travel to Miami for anything FTX related?" A: "No, I did not."); Depo. Tr. 193:22-25 (Q: "Did you ever talk to anyone at FTX in terms of targeting of Florida?" A: "No."); Kullberg Depo. Tr. 194:1-4 (Q: "Did you or Creators Agency post any videos or make any posts that targeted Florida?" A: "No."); Singh Depo. Tr. 49:16-18 (confirming that no businesses caused Singh to travel to Florida for work).

Plaintiffs seek supplemental briefing based on regurgitated allegations from the Consolidated Amended Complaint ("CAC") regarding purported ties that **FTX**—and not the YouTuber Defendants—had with Florida. These are irrelevant. Plaintiffs fail to show any connection between Defendants and any part of FTX's operations located in Florida. The declaration of Nishad Singh, on which Plaintiffs rely, highlights this deficiency. Mr. Singh alleges no connection whatsoever between Defendants and himself or any of the other FTX employees he mentions located in Florida. *See* ECF No. 496-1, pp.128-134. One of those he

3

mentions is Avinash Dabir, whom Plaintiffs rely heavily upon in their Opposition and in their CAC. *See* ECF No. 353 pp. 3-4, 9. Both filings give details on how Mr. Dabir worked out of the Miami office on potential "partnerships" for FTX *Id.;* ECF No. 179 ¶¶ 13-26, 427-429, 471-474, 651-673, 699-703, and 731- 750. Plaintiffs detail that Mr. Dabir worked on "celebrity partnerships" and "Brand Ambassadors," particularly sports icons such as "Major League Baseball, the MLB Umpire's Association, TSM, the Mercedes Formula 1 team, Tom Brady, Stephen Curry, the Golden State Warriors, Naomi Osaka, Larry David, and Shohei Ohtani," having Larry David do a Super Bowl commercial and the Miami Heat's stadium renamed "FTX Arena." *Id*. However, nowhere in these many paragraphs is a single allegation connecting Mr. Dabir to any of the YouTuber Defendants. *Id*. This is because no such connection exists. Kullberg Depo. Tr. 194:11-17 ("Q. There is a name I want to ask you if you or Creators Agency to your knowledge has had any contacts with, and that is Avinash Dabir. Do you recognize Avinash Dabir? A. No, I do not."). Plaintiffs, in fact, have not connected a single Florida-based FTX employee to YouTuber Defendants.

Plaintiffs further attempt to rely on a "talking point" given to YouTuber Defendants that referenced a "marketing partnership" between FTX and the Miami Heat Arena (alongside other references entirely unrelated to Florida, such as MLB, NFT, Golden State Warriors, Mercedes F1, and Naomi Osaka), and the purported existence of city-based views for YouTube posts that all YouTuber Defendants testified they did ***not*** view or utilize (in fact, Kullberg and Creators Agency were not even aware this data existed). *See* Kullberg Depo. Tr. 42: 7-11 (Q: "Have you ever checked?" A: "I have checked geography, and I don't see the City on it. When I check the geography, you see the countries and percentage."); Kullberg Depo. Tr. 168:20-25 (Q: "…did Creators Agency ever create any reports on promo code usage or any kind of analytics for the

4

Creators?" A: "I don't believe we had that information, no."); Kullberg Depo. Tr. 172:14-17 (A: "No, there are no analytics related to Florida that I am aware of, that FTX provided either Creators Agency or Creators."); Kullberg Depo. Tr. 176:18-21 (A: "The only geographical data we have ever asked Creators for is what percent of their audience is based in what specific country."); Kullberg Depo. Tr. 177:15-18 (A: "Again, for Creators Agency we have asked for geographical data as to what percent of their audience as a whole is in a specific country."); Singh Depo. Tr. 72:16-25 (Q: "So across all of the social media platforms we've looked at, do you have any understanding of what percentage of your viewers are within the State of Florida?" A: "Not at all."…Q: "You don't have any analytical data currently within your possession that would allow you to determine that, to your knowledge? A: "That's correct.").

The only additional "new" evidence to which Plaintiffs point is the alleged ***absence*** of information that Plaintiffs claim YouTuber Defendants may have removed from public viewing long before any lawsuit had been filed against them, which even if true, would not give rise to any adverse inference, as requested by Plaintiffs.  First, there is no evidence that any information has been destroyed by YouTuber Defendants; only that certain videos may have been removed from public viewing.  Kullberg Depo. Tr. 39:4-11 (acknowledging removal of postings from public viewing); Singh Depo. Tr. 77:9-78:2 (unaware of any removal or deletion of videos).

Second, assuming *arguendo* that an FTX-related video was deleted, there is no indication any such deletion occurred after any YouTuber Defendant had a duty to preserve such information. *See Ledet v. Carnival Corp.*, No. 1:18-cv-24737, 2019 WL 13237029, at *6 (S.D. Fla. Nov. 11, 2019) ("Generally, a party must preserve evidence when the party has notice that the evidence is relevant to litigation or when the party should have known that the evidence may be relevant to future litigation….While notice that evidence is relevant to litigation may be established before

5

the filing of a complaint, finding a party's duty to preserve evidence at such a point in time requires some form of concrete evidence, such as pre-litigation correspondence with counsel or an opposing party, that the party has considered future litigation beyond an awareness of its possibility.") (internal quotations and citations omitted); *In re Abilify (Aripiprazole) Prod. Liab. Litig.*, No. 3:16-md-2734, 2018 WL 4856767, at *4 (N.D. Fla. Oct. 5, 2018) ("Reasonable anticipation means something much more than a mere possibility of litigation.") (internal citations omitted); Fed. R. Civ. P. 37(e) Advisory Committee Notes, 2015 Amendment ("The rule does not apply when information is lost before a duty to preserve arises."); Kullberg Depo. Tr. 39: 4-15; 71:8-21 (Plaintiffs' law firm contacted Kullberg by email on March 31, 2023; but Kullberg testified that she removed public postings "close to bankruptcy date" on November 11, 2022, five months earlier).

Nor do Plaintiffs put forth *any* evidence suggesting that any such posting was targeted to Florida, given the wealth of testimony and evidence to the contrary. Kullberg Depo. Tr. 193:22-25 (Q: "Did you ever talk to anyone at FTX in terms of targeting of Florida?" A: "No."); Kullberg Depo. Tr. 194:1-4 (Q: "Did you or Creators Agency post any videos or make any posts that targeted Florida?" A: "No.").

While a court may permit supplemental briefing "so as to achieve the orderly and expeditious disposition of cases," *Equity Lifestyle Properties, Inc. v. Fla. Mowing & Landscape Serv., Inc.*, 556 F.3d 1232, 1240 (11th Cir. 2009) (quoting *Chambers v. NASCO, Inc.*, 501 U.S. 32, 43 (1991)), the Court here should not permit any such briefing as the "new evidence" put forth by Plaintiffs is either not actually new or has no bearing on the jurisdictional questions at hand. As such, allowing such briefing will result in additional unnecessary time and expense of the

parties and the Court, rather than expeditiously disposing of this case. As such, the Court should deny Plaintiffs' motion.

**II.      Supplemental Briefing Related to the Service Motion to Dismiss is Not Warranted**

Plaintiffs' motion to supplement its response to Kullberg's Motion to Dismiss for Insufficient Service of Process is long with unsupported allegations levied against Kullberg, *e.g.*, an "attempted perpetration of a fraud upon this Court," ECF No. 494-2, at 3, but short with any actual new evidence suggesting that service was properly effectuated. Because it clearly was not since it is undisputed that Kullberg did not reside nor has she ever resided at the apartment where service was attempted.

Following a dispute between Plaintiffs and Kullberg regarding the scope of this Court's December 18, 2023 Order, Magistrate Judge Sanchez granted limited discovery to Plaintiffs based solely on the events of April 6, 2023, the date of purported service. ECF No. 478. Kullberg and a third-party witness, Arzu Malik, each made clear through testimony that the facts put forth in their respective declarations were true and accurate. *See* ECF No. 263, Exs. A and B; Malik Depo. Tr. 8:19-25-9:1-9 (describing "a really loud banning on the door" and calling the doorman); Malik Depo. Tr. 23:20-22 (Malik testifying that she found the papers on the door the next day); Malik Depo. Tr. 32:18-19 (Malik testifying that she believed the doorman was named Carlos by his voice). Namely, Kullberg did not live at the address in which service was purportedly effectuated, did not authorize anyone living at that address to accept service, and the process server's declaration to the contrary was false in numerous respects. Kullberg Depo. Tr. 93:9-19 (Q: "Other than receiving your mail there, did you ever use the 40 Waterside Plaza address for any other purposes?"…A: "Did I live there? No."); Malik Depo. Tr. 13:12-22 (Malik testifying that she had only one roommate at the 40 Waterside Plaza address, Eileen Shannon); Malik Depo.

7

Tr. 17:11-14 (Q: "In April 2023 when you received the subpoena, do you know whether Erika was living in the United States?" A: "I don't think she was.").

As such, there is no basis to permit supplemental briefing as the core facts regarding Plaintiffs' purported service, relevant to Kullberg's motion to dismiss under FRCP 12(b)(5), remain the same following limited jurisdictional discovery as they were before such discovery. Moreover, Plaintiffs' attempt to utilize the Court's December 18, 2023 Order to improperly file a new motion for alternative service should be wholly rejected. This is not permitted by the Court's Order and Plaintiffs have inexplicably waited nearly a year (long after the 90 days to effectuate service) to file such a motion.

### III. Conclusion

Based on the foregoing, the YouTuber Defendants respectfully request that the Court deny Plaintiffs Motion for Leave to File Supplemental Brief in Opposition to Defendants' Motions to Dismiss for Lack of Personal Jurisdiction and Insufficient Service of Process. Should the Court grant Plaintiffs' motion, the YouTuber Defendants will submit substantive replies to each supplemental response within 7 days, in accordance with the Court's December 18, 2023 Order.

## CERTIFICATE OF SERVICE

I hereby certify that on March 1, 2024, I e-filed the foregoing document using the Court's CM/ECF system, which will send a notice of electronic filing to all counsel of record.

STEARNS WEAVER MILLER WEISSLER
ALHADEFF & SITTERSON, P.A.


By: */s/ Jose G. Sepulveda*
   JOSE G. SEPULVEDA, FL Bar No. 154490
   jsepulveda@stearnsweaver.com
   mfigueras@stearnsweaver.com
   150 W. Flagler Street, Suite 2000
   Miami, Florida 33130
   Telephone:  305-789-3200

and

POTOMAC LAW GROUP, PLLC
Derek Adams, Esq., *Pro Hac Vice*
dadams@potomaclaw.com
1717 Pennsylvania Avenue, NW, Suite 1025
Washington, D.C. 20006
Telephone: 202-204-3005

*Counsel for Defendants Erika Kullberg and Creators Agency LLC*

**CUMMINGS, MCCLORY, DAVIS &ACHO, P.C.**

By: *s/Michael O. Cummings*
   Michael O. Cummings
   New York Bar No. 2701506
   mcummings@cmda-law.com
   1185 Avenue of The Americas, Third Floor
   New York, NY 10036
   (212) 547-8810
   Ronald G. Acho, Michigan Bar No. P-23913
   racho@cmda-law.com
   17436 College Parkway
   Livonia, MI 48152
   (734) 261-2400

*Counsel for Defendant Jaspreet Singh*