UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION
MDL No. 3076
Case No. 1:23-md-03076-KMM

IN RE:
FTX Cryptocurrency Exchange Collapse Litigation

This document relates to:

Promoter and Digital Creator Defendants

*Garrison, et al. v. Bankman-Fried, et al.*,
Case No. 22-cv-23753

*Garrison, et al. v. Paffrath et al.*,
Case No. 23-cv-21023

/

**PLAINTIFFS' REPLY IN SUPPORT OF THEIR MOTION FOR LEAVE TO FILE SUPPLEMENTAL BRIEFS IN SUPPORT OF PLAINTIFFS' OPPOSITIONS TO MOTIONS TO DISMISS FOR LACK OF PERSONAL JURISDICTION AND INSUFFICIENT SERVICE OF PROCESS**

Plaintiffs respectfully submit this Reply in support of their motion for leave to file a supplemental brief in support of their opposition to Defendants'[1] motions to dismiss the Administrative Class Action Complaint for lack of personal jurisdiction and Defendant Erika Kullberg's motion to dismiss for insufficient service of process, ECF No. 494 ("Motion to Supplement"). Pursuant to the Court's Order, ECF No. 22, Plaintiffs took jurisdictional discovery and filed the motion to supplement in which Plaintiffs seek leave to supplement both their opposition to Defendants' motions to dismiss for want of personal jurisdiction—for those

---

[1] Defendants Graham Stephan, Andrei Jikh, Jaspreet Singh, Brian Jung, Jeremy Lefebvre, Erika Kullberg, Creators Agency LLC, Stephen Curry, Larry David, Golden State Warriors LLC, Naomi Osaka, and Solomid Corporation initially moved to dismiss on the basis of personal jurisdiction. Defendants Stephen Curry, Solomid Corporation, Golden State Warriors LLC, and Naomi Osaka withdrew their personal jurisdiction challenges subsequent to filing their opening briefs. *See* ECF No.'s 473, 444, 443. Defendants Brian Jung, Graham Stephan, Andrei Jikh, and Jeremy Lefebvre have reached a tentative settlement.

1

Defendants that are maintaining their personal jurisdiction objections—and their opposition to Kullberg's motion to dismiss for insufficient service of process. ECF Nos. 353, 367. This Reply is limited to the Opposition to the Motion to Supplement Filed by Defendants Erika Kullberg, Jaspreet Singh, and Creators Agency. ECF No. 512.

As an initial matter, there is no dispute that the MDL Court has jurisdiction over Mr. Singh and over Creators Agency as a result of the *Michigan* and *Wyoming* actions filed, respectively, that were transferred to this MDL. The only question is whether there is also personal jurisdiction over them for the *Florida* action, which is currently stayed. The claims against both of these Defendants will still be before this Court regardless of the outcome of these jurisdictional motions. Moreover, it is procedurally improper for Defendants to present arguments as to why the Court lacks jurisdiction over them—or why Ms. Kullberg was not properly served—in their Opposition to Plaintiffs' Motion to Supplement. The Court's Order specifically provided that, "Should Plaintiffs do [move to supplement their opposition], Defendants will be afforded 7 days to file a reply to the supplemental response." ECF No. 422, at 6. In other words, the proper mechanism for Defendants to argue that this Court does not have jurisdiction or that service was insufficient, regardless of the Supplement, was to file their Reply in support of their motion to dismiss. It was not to argue that Plaintiffs should not be able to supplement the record because their supplementation, essentially, does not make a difference. Nevertheless, Plaintiffs respond to the substance of their arguments, which provide no basis for the Court to conclude that it should deny Plaintiffs' Motion to Supplement. Moreover, should Plaintiffs' Motion to Supplement be granted, Defendants should not be permitted a *second* opportunity to respond to the Supplement by filing the Reply that the Court initially authorized.

## FACTUAL BACKGROUND

Prior to the consolidation of cases in this MDL, all of the defendants subject to Plaintiffs' Motion to Supplement moved or stated the intent to move to dismiss based on personal jurisdiction.[2] Ms. Kullberg also moved to dismiss based on insufficient service of process.[3] Plaintiffs sought jurisdictional discovery from each of these Defendants and, at the same time (on May 18, 2023) Plaintiffs also submitted that the Court should authorize alternative service on Ms. Kullberg if she would not agree to service through her counsel.[4] With respect to Defendants Creators Agency, Kullberg, and Singh, Chief Judge Altonaga allowed jurisdictional discovery. *Garrison v. Paffrath*, 23-21023 (S.D. Fla.), ECF No. 96. However, due to disputes over the scope of such discovery, Plaintiffs had not obtained jurisdictional discovery from these defendants when the MDL was created and the underlying *Paffrath* case was stayed. *See id.*, ECF Nos. 118, 120. When the Paffrath case was stayed, the Court denied Ms. Kullberg's motion to dismiss for insufficient service of process. *Id.*, ECF No. 119.

After the MDL was created, and Plaintiffs filed Consolidated Amended Complaints, Defendants Erika Kullberg, Creators Agency LLC, Jaspreet Singh (ECF No. 266), and Larry David (ECF No. 268) filed renewed motions to dismiss under Rule 12(b)(2) on September 21, 2023, once again seeking to dismiss the underlying claims for want of personal jurisdiction.[5] Ms. Kullberg also moved to dismiss based on insufficient service of process. ECF No. 263. On November 3, 2023, prior to filing their responses to the pending motions to dismiss, Plaintiffs filed an Omnibus

---

[2] *Garrison v. Bankman-Fried*, No. 22-cv-23753 (S.D. Fla.), ECF No. 139 (motion to dismiss by Larry David); *Garrison v. Paffrath*, No. 23-21023 (S.D. Fla.), ECF No. 93, at 4 (stating intent by Jaspreet Singh, Erika Kullberg, and Creators Agency to move to dismiss).
[3] *Garrison v. Paffrath*, No. 23-21023 (S.D. Fla.), ECF No. 108.
[4] *Id.* at 2–3.
[5] Other Defendants had also moved to dismiss for want of personal jurisdiction but withdrew their motions after entry of the Court's Order. ECF No. 443, 444, 445, 473.

Motion to Lift Discovery Stay and for Leave to Conduct Jurisdictional Discovery, and if Necessary to Amend Their Complaints with any Facts Arising From Such Discovery, ECF No. 348. Plaintiffs filed a single combined response (ECF No. 353) to the motions to dismiss based on lack of personal jurisdiction, including by Ms. Kullberg, Creators Agency LLC, and Mr. Singh. Plaintiffs also filed their Opposition (ECF No. 367) to Ms. Kullberg's motion to dismiss for insufficient service of process. Plaintiffs now seek to supplement both Oppositions. On December 18, 2023, this Court allowed Plaintiffs 45 days to conduct jurisdictional discovery and provided that "Plaintiffs may file a motion to supplement their responses to the motions to dismiss for lack of personal jurisdiction." ECF No. 422, at 6.

Pursuant to the Court's Order, Plaintiffs engaged in jurisdictional discovery, through requests for production and depositions. Plaintiffs also obtained documents from several MDL Defendants in connection with pending settlements of the class claims against them. Plaintiffs moved to supplement their Oppositions because the materials Plaintiffs obtained confirm that, first, Court has personal jurisdiction over Ms. Kullberg, Mr. Singh, and Creators Agency, and second, contrary to her representations, Ms. Kullberg was properly served.

## ARGUMENT

A.  **The Jurisdictional Discovery Confirms This Court's Personal Jurisdiction Over Kullberg, Singh, and Creators Agency**

Defendants try their best to minimize the evidence that their promotions of FTX were directed to Florida consumers, to no avail.

Specifically, Defendants assert that they "never directed any communications regarding FTX at the State of Florida." Yet their agreements with FTX define the contract territory to be nationwide—without any restrictions to Florida—and Defendants themselves testified did not take

4

any action to restrict their deceptive promotional content from reaching Florida consumers. *See e.g.*, Deposition of Jaspreet Singh, ECF No. 496-1, Ex. 1 ("Singh Depo."), at 73:1–3, 73:4–7.

To the contrary, Defendants received "talking points" to incorporate into their FTX promotions that included ***specific references to Miami, Florida***, as well as indirect references to Florida, such as FTX's joint partnership with Mercedes F1 to launch a joint NFT collection during a multi-day event in Miami. Indeed, FTX targeted and recruited these Defendants to its conspiracy because of their substantial prominence on social media and ability to reach millions of consumers. *See* Ex. A, Excerpt of Deposition of Erika Kullberg ("Kullberg Depo.") at 39:24-40:15 (testifying that she has over one million followers on TikTok and Instagram and "close to 2 million followers" on YouTube); Singh Depo. at 68:16-25 (testifying that his YouTube Channel has 1.79 million followers). This evidence establishes that Defendants used their massive influence to lend credibility to FTX and hype unregistered securities to plaintiffs in Florida and nationwide.

Defendants next claim that they did not review or access data regarding the geographic reach of their promotions, but their self-serving testimony does nothing to undermine Plaintiffs' jurisdictional arguments. Defendants cannot avoid personal jurisdiction in Florida resulting from their tortious conduct simply because they do not know the precise number of consumers in Florida who accessed, viewed, and relied on their promotions—investors whom Defendants and FTX knew would believe Defendants and follow their recommendations.

Defendants also contest Plaintiffs' request for an adverse inference based on Defendants' failure to produce relevant information concerning their FTX promotional content. Defendants claim that there is no evidence that any information was destroyed (rather than simply removed from public viewing). But Plaintiffs cited to record evidence demonstrating that YouTube analytics provide content creators with the geographical information of viewers as specifically as

5

the city and state from where they are accessing and viewing the videos. ECF No. 496-1, at 139. Defendants refused to provide this critical information within their control to Plaintiffs and conceded that they purposefully removed their posts from public viewing. Under these circumstances, Plaintiffs are entitled to an adverse inference. *Callahan v. Schultz*, 783 F.2d 1543, 1545 (11th Cir. 1986) (explaining that a party's failure to produce relevant evidence within its control gives rise to an inference that the evidence is unfavorable to that party).

Defendants also argue that, *if* they did, in fact, delete FTX-related content, their actions would not constitute spoilation because they did not have a duty to preserve this information. This argument is entirely inconsistent with the law in this circuit, which provides that "that the duty to preserve arises when litigation is 'pending or reasonably foreseeable' at the time of the alleged spoliation." *Alabama Aircraft Indus., Inc. v. Boeing Co.*, 20-11141, 2022 WL 433457, at *14 (11th Cir. Feb. 14, 2022). More importantly, the facts of this case confirm that adverse inference is warranted regardless of whether this key evidence concerning Defendants' posts was destroyed or simply withheld by the Defendants.

Ms. Kullberg testified that she removed her social media content "close to the bankruptcy date." Kullberg Depo. at 39:4-15. By that time, Ms. Kullberg certainly knew, or should have known, that FTX had filed for Chapter 11 bankruptcy protection. Just days after FTX filed for bankruptcy, Plaintiffs filed their class action complaint against a host of defendants who, like the Defendants in this case, promoted, assisted in, and actively participated in FTX's offer and sale of unregistered securities to residents of the United States. *See Edwin Garrison, et. al. v. Samuel Bankman-Fried, et al.*, Case No. 1:22-cv-23753, at ECF No. 1. By March, Plaintiffs had filed this action and sent Ms. Kullberg a copy of the complaint against her in this action via email.

Simply put, at the time Ms. Kullberg deleted her FTX promotional content, FTX was already involved in bankruptcy litigation and it was certainly reasonably foreseeable that additional litigation pertaining to FTX's collapse would be forthcoming. Ms. Kullberg, Creators Agency, and Singh each had a duty not to destroy or alter evidence of their efforts to promote FTX.

As shown in Plaintiffs' Motion to Supplement, there is ample reason to allow Plaintiffs to file their supplement to their Opposition to the motions to dismiss based on the lack of personal jurisdiction, including as to Ms. Kullberg, Mr. Singh, and Creators Agency.

**B.      The Additional Materials Submitted by Plaintiffs Confirm that Ms. Kullberg Was Properly Served.**

Contrary to Ms. Kullberg's assertions, the supplemental evidence and facts obtained through the course of jurisdictional discovery not only underscore the validity of the service process but also illuminate the circumstances surrounding Ms. Kullberg's evasive responses regarding her residence and the reception of service documents. The evidence gathered and presented in Plaintiffs' supplement demonstrates that the service was executed in accordance with New York law.

Firstly, the revelation that Ms. Kullberg had established a systematic arrangement for receiving her U.S. mail through her sister's address is crucial. This arrangement, as confirmed during the deposition of Ms. Kullberg (taken as a part of our jurisdictional discovery) and supported by documentation, establishes a clear connection between Ms. Kullberg and the address at which service was effected. Importantly, Ms. Kullberg admits that she used the 40 Waterside Plaza address for business purposes when she listed that address as the address for Creators Agency, LLC. Kullberg Depo. 101:8-10 ("I used that address [when setting up Creators Agency, LLC] because I don't have an address in the US."). See *Gibson, Dunn, & Crutcher, LLP. V Global Nuclear Services and Supply, Ltd.* 280 A.D. 2d 360, 362 (N.Y. App. 1st Div. 2001) (Having thus

7

effectively held out an address as his business address, and induced plaintiff's reliance thereon, this defendant cannot disclaim it as his "actual place of business" for purposes of service of process which, whereas "a matter of regular business practice," mail would be opened by a secretary who would forward it to him.).

Here, not only did Ms. Kullberg list the 40 Waterside Plaza address as the address for Creators Agency, LLC, her sister would regularly open mail for Ms. Kullberg, which she would then relay to her. This is further supported by the fact that New York deems service of process on relatives to be effective. For instance, in *S.E.C. v. Nnebe*, service was deemed appropriate when carried out by delivering the summons and amended complaint to the defendant's relatives. *See S.E.C. v. Nnebe,* No. 01 CIV. 5247(KMW)KNF, 2003 WL 402377, at *2 (S.D.N.Y. Feb. 21, 2003). Similarly, *Leab v. Streit* and *Deason v. Deason* have upheld the principle that delivering legal documents to the defendant's close relatives—such as parents or grandparents—meets the requirements of procedural due process, particularly when direct personal service on the defendant proves unfeasible. *See Leab v. Streit*, 584 F. Supp. 748, 763 (S.D.N.Y. 1984); *Deason v. Deason*, 343 N.Y.S.2d 276 (Sup. Ct. Albany 1973). This method is supported by the fact that Ms. Kullberg has consistently used her sister's address to receive her mail and was promptly informed by her sister about the service of process on April 6, 2023, at the Waterside Plaza address, further affirming appropriateness of this service method.

Moreover, the declaration provided by the process server, along with corroborative photographic evidence and the subsequent testimonies, further fortifies the Plaintiffs' stance that service was appropriately effected at an address reasonably believed to be linked to Ms. Kullberg.

Ms. Kullberg's attempt to obfuscate her ties to the service address and to mislead the Court through selective disclosures and declarations from third parties does little to detract from the

substance of the Plaintiffs' claims. Instead, it serves to highlight the lengths to which Ms. Kullberg has gone to avoid service and, by extension, accountability within these proceedings despite clear indication that she was promptly made aware of the lawsuit following the service of process on the Waterside Plaza address.

In conclusion, the supplementary materials and evidence gathered and presented by Plaintiffs not only rebut Ms. Kullberg's challenges to the service process but make clear that the service effected on April 6, 2023, was both proper and sufficient to confer jurisdiction upon this Court over Ms. Kullberg. Thus, the Court should find that Ms. Kullberg was indeed properly served, allowing this case to proceed to address the substantive matters at hand or alternatively grant Plaintiffs' request to serve Kullberg through 4(f)(3) by serving her via her personal email, through her counsel, and/or by serving her sister, Eileen Shannon.

## **CONCLUSION**

For the reasons stated herein, and for the reasons stated in Plaintiffs' Motion to Supplement, the Court should permit Plaintiffs to supplement their opposition to the motions to dismiss for want of personal jurisdiction and their opposition to Ms. Kullberg's motion to dismiss for insufficient service of process.

Dated: March 8, 2024                                         Respectfully submitted,

| Plaintiffs' Co-Lead Counsel ||
|---|---|
| By: */s/ Adam Moskowitz*<br>Adam M. Moskowitz<br>Florida Bar No. 984280<br>Joseph M. Kaye<br>Florida Bar No. 117520<br>**THE MOSKOWITZ LAW FIRM, PLLC**<br>Continental Plaza<br>3250 Mary Street, Suite 202<br>Coconut Grove, FL 33133<br>Office: (305) 740-1423<br>adam@moskowitz-law.com<br>joseph@moskowitz-law.com<br>service@moskowitz-law.com | By: */s/ David Boies*<br>David Boies<br>Alex Boies<br>Brooke Alexander<br>**BOIES SCHILLER FLEXNER LLP**<br>333 Main Street<br>Armonk, NY 10504<br>Office: (914) 749-8200<br>dboies@bsfllp.com<br>aboies@bsfllp.com<br>balexander@bsfllp.com |
| **Plaintiffs' Promoter Committee Members** ||
| Barbara C. Lewis<br>Florida Bar No. 118114<br>**THE MOSKOWITZ LAW FIRM, PLLC**<br>Continental Plaza<br>3250 Mary Street, Suite 202<br>Coconut Grove, FL 33133<br>Office: (305) 740-1423<br>barbara@moskowitz-law.com<br>service@moskowitz-law.com | Desiree Fernandez<br>Florida Bar No. 119518<br>**MARK MIGDAL & HAYDEN**<br>Brickell City Tower<br>80 SW 8th Street, Suite 1999<br>Miami, FL 33130<br>desiree@markmigdal.com<br>eservice@markmigdal.com |

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the forgoing was filed on March 8, 2024, via the Court's CM/ECF system, which will send notification of such filing to all attorneys of record.

By: ***/s/ Adam Moskowitz***
Adam Moskowitz