UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION
MDL No. 3076
Case No. 1:23-md-03076-KMM

IN RE:
FTX Cryptocurrency Exchange Collapse Litigation

This document relates to:
THIS DOCUMENT RELATES TO ALL ACTIONS
_____/

**PLAINTIFFS' NOTICE OF FILING SUPPLEMENTAL AUTHORITY IN SUPPORT OF PLAINTIFFS' RESPONSES IN OPPOSITION TO DEFENDANTS' MOTIONS TO DISMISS [ECF No. 350, 354, 358, 561, 362, 368, 369, 371, 372]**

Plaintiffs submit, as supplemental authority in support of their Responses in Opposition [ECF No. 350, 354, 358, 561, 362, 368, 369, 371, 372] to Defendants' Motions to Dismiss the Complaint [ECF No. 262, 265, 267, 271, 276, 281, 300, 301, 303, 311], a recent order from the Honorable Edgardo Ramos of the Southern District of New York in *Securities and Exchange Commission v. Genesis Global Capital, LLC and Gemini Trust Company, LLC,* No. 1:23-cv-00287-ER, ECF No. 54 (S.D. NY. March 13, 2024), where the Securities and Exchange Commission sued crypto firms Gemini and Genesis for selling unregistered securities through the Gemini Earn Program.

Attached as **Exhibit A** is copy of the Order, in which Judge Ramos denies Gemini's and Genesis's motion to dismiss, concluding that "[u]nder both *Howey* and *Reves*, the SEC has plausibly alleged that Defendants offered and sold unregistered securities through the Gemini Earn program"— a program where Gemini customers could earn interest from defendants' lending activities if they held eligible crypto assets in their Gemini accounts—and that "the SEC has sufficiently alleged that Gemini was a necessary participant or substantial factor in the scheme. *See, e.g., SEC v. Mattera*, No. 11 Civ. 8323 (PKC), 2013 WL 6485949, at *11 (S.D.N.Y. Dec. 9, 2013) (finding that defendant was substantial factor in sale of unregistered securities where he was "actively involved in the process and compensated for his role" and "the sales at issue would not have taken place but for [his] introductions")." *See* Ex. A, at 28.

Dated: March 14, 2024,                              Respectfully submitted,

| **Plaintiffs' Co-Lead Counsel** ||
|---|---|
| By: */s/ Adam Moskowitz* <br> Adam M. Moskowitz <br> Florida Bar No. 984280 <br> Joseph M. Kaye <br> Florida Bar No. 117520 <br> **THE MOSKOWITZ LAW FIRM, PLLC** <br> Continental Plaza <br> 3250 Mary Street, Suite 202 <br> Coconut Grove, FL 33133 <br> Office: (305) 740-1423 <br> adam@moskowitz-law.com <br> joseph@moskowitz-law.com <br> service@moskowitz-law.com | By: */s/ David Boies* <br> David Boies <br> Alex Boies <br> Brooke Alexander <br> **BOIES SCHILLER FLEXNER LLP** <br> 333 Main Street <br> Armonk, NY 10504 <br> Office: (914) 749-8200 <br> dboies@bsfllp.com <br> aboies@bsfllp.com <br> balexander@bsfllp.com |

### CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the forgoing was filed on March 14, 2024, via the Court's CM/ECF system, which will send notification of such filing to all attorneys of record.

By: */s/ Adam Moskowitz*
Adam Moskowitz