# IN THE UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF FLORIDA, MIAMI DIVISION
Case No. 1:23–md–03076–KMM

**IN RE:**

**FTX Cryptocurrency Exchange Collapse Litigation**

_____

THIS DOCUMENT RELATES TO:

*O'Keefe* v. *Sequoia Capital Operations, LLC, et al.*,
Case No. 23–cv–20700 (S.D. Fla.)

*O'Keefe* v. *Temasek Holdings (Private) Limited, et al.*,
Case No. 1:23–cv–23065 (S.D. Fla.)

*Chernyavsky, et al.* v. *Temasek Holdings (Private) Limited, et al.*, Case No. 1:23–cv–22960 (S.D. Fla.)

*Cabo, et al.* v. *Temasek Holdings (Private) Limited, et al.*, Case No. 1:23–cv–23212 (S.D. Fla.)

_____

## MULTINATIONAL VCS' OPPOSITION TO PLAINTIFFS' MOTION FOR LEAVE TO FILE AMENDED COMPLAINT

## TABLE OF CONTENTS

**Page**

PRELIMINARY STATEMENT ............................................................................................ 1

BACKGROUND ................................................................................................................. 3

    I.     Procedural History ............................................................................................... 3

    II.    Plaintiffs' Proposed Amended Complaint ............................................................ 5

LEGAL STANDARD .......................................................................................................... 6

ARGUMENT ...................................................................................................................... 6

    I.     The Motion for Leave Contravenes the Court's December 18, 2023 Order. ........ 6

    II.    The Motion for Leave to Amend Should be Denied as Futile. ............................. 7

          A.    The PAC Fails to Cure the Defects Identified in the  Multinational VC Defendants' Rule 12(b)(6) Motion to Dismiss. ................................... 8

          B.    Plaintiffs' Proposed Amendments as to the Temasek Defendants Are Futile. ................................................................................................... 9

          C.    Plaintiffs' Proposed Amendments as to the SoftBank Defendants Are Unnecessary, Futile, and Dilatory. .................................................... 13

          D.    Plaintiffs' Proposed Amendments as to the "Sino Global Defendants" Are Futile. .............................................................................. 15

    III.    Plaintiffs' Deletion of Relevant Paragraphs Is Unjustified and Shows Bad Faith. ................................................................................................................. 19

CONCLUSION .................................................................................................................. 20

## <u>TABLE OF AUTHORITIES</u>

**Page(s)**

**Cases**

*Abuelhawa* v. *Santa Clara Univ.*,
  529 F. Supp. 3d 1059 (N.D. Cal. 2021) ..................................................................19

*Aileron Inv. Mgmt., LLC* v. *Live Oak Banking Co.*,
  2021 U.S. Dist. LEXIS 65281 (M.D. Fla. Apr. 2, 2021) ........................................17

*Andrx Pharms., Inc.* v. *Elan Corp., PLC*,
  421 F.3d 1227 (11th Cir. 2005) ...............................................................................6

*Arçelik, A.Ş.* v. *E.I. Du Pont de Nemours & Co.*,
  619 F. Supp. 3d 473 (D. Del. 2022)........................................................................17

*Brodsky* v. *Apple Inc.*,
  445 F. Supp. 3d 110 (N.D. Cal. 2020) ....................................................................19

*Burger King Corp.* v. *Weaver*,
  169 F.3d 1310 (11th Cir.1999) ...........................................................................7, 13

*Casey* v. *U.S. Bank Nat. Assn.*,
  127 Cal. App. 4th 1138 (2005) ...............................................................................18

*Centauro Liquid Opportunities Master Fund, L.P.* v. *Bazzoni*,
  2016 U.S. Dist. LEXIS 136024 (S.D.N.Y. Sept. 30, 2016)....................................16

*Chang* v. *JPMorgan Chase Bank, N.A.*,
  2014 U.S. Dist. LEXIS 180713 (S.D. Fla. Dec. 8, 2014) .......................................18

*Cohen* v. *Schroeder*,
  724 F. App'x 45 (2d Cir. 2018) ..............................................................................16

*Cordero* v. *Owre*,
  2018 WL 11371098 (S.D. Fla. Feb. 9, 2019) .........................................................20

*Cordova* v. *Lehman Bros.*,
  237 F.R.D. 471 (S.D. Fla. 2006).............................................................................15

*Dry Tech. 24/7, Inc.* v. *Clorox Co.*,
  2023 U.S. Dist. LEXIS 225880 (S.D. Fla. Dec. 18, 2023) .....................................20

*Global Gaming Phil., LLC* v. *Razon*,
  2022 U.S. Dist. LEXIS 50244 (S.D.N.Y. Mar. 21, 2022) ......................................16

*Holland* v. *Hunter Douglas, Inc.*,
  2018 WL 7082666 (S.D. Fla. Jun. 25, 2018) ..........................................................................7

*Hsi Chang* v. *JPMorgan Chase Bank, N.A.*,
  845 F.3d 1087 (11th Cir. 2017) ..........................................................................................18

*Kernal Records Oy* v. *Mosley*,
  2010 U.S. Dist. LEXIS 69424 (S.D. Fla. July 5, 2010) ......................................................16

*Kirschner* v. *CIHLP LLC*,
  2017 U.S. Dist. LEXIS 162719 (S.D.N.Y. Sept. 30, 2017).................................................16

*Kopel* v. *Kopel*,
  229 So. 2d 3d 812, 816 (Fla. 2017)......................................................................................19

*Oueiss* v. *Al Saud*,
  2022 WL 1311114 (S.D. Fla. Mar. 29, 2022) ................................................................10, 11

*Palumbo Design, LLC* v. *1169 Hillcrest, LLC*,
  2020 WL 5498064 (C.D. Cal. Feb. 19, 2020)......................................................................17

*Schrenk* v. *Carvana LLC*,
  2020 U.S. Dist. LEXIS 133805 (E.D. Cal. July 27, 2020) ..................................................19

*State Farm Mut. Auto. Ins. Co.* v. *Lewin*,
  535 F. Supp. 3d 1247 (M.D. Fla. 2021) ...............................................................................19

*In re Takata Airbag Prods. Liab. Litig.*,
  396 F. Supp. 3d 1101 (S.D. Fla. 2019) ...........................................................................10, 11

*Unger* v. *Majorca At Via Verde Homeowners Association Inc.*,
  2021 WL 4268319 (S.D. Fla. Aug. 27, 2021).......................................................................7

*Virgilio* v. *Ryland Grp., Inc.*,
  680 F.3d 1329 (11th Cir. 2012) ...........................................................................................19

*Waite* v. *All Acquisition Corp.*,
  901 F.3d 1307 (11th Cir. 2018) .............................................................................................9

*Walden* v. *Fiore*,
  571 U.S. 277 (2014).............................................................................................................11

*Walter Auto Loan Tr.* v. *Track Motors LLC*,
  2023 U.S. Dist. LEXIS 164511 (S.D. Fla. Sept. 15, 2023) .................................................17

The Multinational VC Defendants[1] respectfully submit this opposition to Plaintiffs' Motion and Incorporated Memorandum for Leave to File Amended Complaint Against Multinational VC Defendants (ECF No. 493, the "Motion for Leave" or "Mot.").[2]

## PRELIMINARY STATEMENT

Plaintiffs' Proposed Amended Complaint (ECF. No. 493-1, the "PAC"), submitted in defiance of the Court's December 18 Order, just doubles down on the existing defects of the operative Administrative Complaint (ECF No. 182, the "AC").  It proposes to add still more foreign defendants not subject to the jurisdiction of this Court, and a litany of irrelevant facts that do not suffice to satisfy any relevant standard.  Amendment should be denied as futile.

To start with, the Court has expressly forbidden amendment at this time.  Plaintiffs previously asked for leave to amend at the conclusion of jurisdictional discovery, and the Court denied that request, instead directing Plaintiffs to file a supplemental submission based on the result of jurisdictional discovery.  The Motion for Leave should be denied for that reason alone.

That the Plaintiffs disregarded the Court's order and nevertheless sought leave to amend underscores their lack of faith in the allegations in the AC.  But their proposed amendments do not rescue their flawed pleading, and they should be denied as futile.  As to the Temasek Defendants, they add *no new jurisdictional facts* showing conduct by the Temasek Defendants either in the

---

[1]   Temasek Holdings (Private) Limited ("Temasek Holdings"), Temasek International (USA) LLC ("Temasek USA," and together with Temasek Holdings, "the Temasek Defendants"), Sino Global Capital Limited ("SG Capital Limited"), Sino Global Capital Holdings, LLC ("SG Capital Holdings"), Softbank Group Corp. ("SBG"), SB Group US, Inc. ("SBGI"), SoftBank Investment Advisers (UK) Limited ("SBIA"), and SoftBank Global Advisers Limited ("SBGA," and together with SBG, SBGI, and SBIA, the "SoftBank Defendants").

[2]   Defendants Temasek Holdings, SBG, SBIA, SBGA, SG Capital Limited, and SG Capital Holdings have filed motions to dismiss pursuant to Rule 12(b)(5) of the Federal Rules of Civil Procedure.  (ECF Nos. 296, 298, 299, 497.)  These defendants file this opposition without prejudice to their positions taken in that motion.

forum states or directed to the forum states.  Plaintiffs add allegations concerning conduct by the *FTX parties* in Florida, but it is wholly unrelated to the Temasek Defendants.  And Plaintiffs add limited facts concerning Temasek USA's presence in California, but wholly unrelated to FTX.  The uncontroverted facts based on the jurisdictional discovery record is that all conduct related to the FTX investment occurred in Singapore, and certainly not in Florida or California, or directed at those states.  And in a final meritless bid, Plaintiffs seek to add three additional Temasek-related entities, *all* of which are based in Singapore and lack any alleged forum contacts.  The proposed new defendants are no more appropriate than the original defendants, and Plaintiffs' hauling still more foreign entities with no connection to the forum into this Court should be rejected as lacking merit and causing undue delay.

Plaintiffs' Motion for Leave to Amend as to the SoftBank Defendants is frivolous.  Plaintiffs do not claim to have added a single substantive allegation about any of the SoftBank Defendants.  Instead, Plaintiffs state that they have proposed additional "general information gleaned regarding ties to Florida and California," which "go[es] towards jurisdiction over SoftBank."  *But none of the SoftBank entities have challenged personal jurisdiction.*  There is therefore no reason for Plaintiffs to amend those allegations as to the SoftBank Defendants.  Finally, Plaintiffs' attempt to name a new SoftBank entity—SoftBank II Tempest (DE) LLC ("SoftBank Tempest")[3]—as a defendant would serve only to unfairly delay these proceedings because the SoftBank Defendants would have to go through another expensive and time-consuming round of motion to dismiss briefing.  Plaintiffs add no substantive allegations as to SoftBank Tempest, and they provide no explanation for their failure to name that entity in any of

---

[3]   Plaintiffs have misnamed the SoftBank Tempest entity, despite explanation from counsel for the SoftBank Defendants.  The entity's proper name is SVF II Tempest (DE) LLC, as Plaintiffs' counsel noted in the *O'Keefe* action.

the four complaints they have filed in the past year since they first told this Court they would amend their complaint to substitute in that entity.

Amendment would also be futile as to SG Capital Limited and SG Capital Holdings. Plaintiffs seek to add a bevy of new Defendants allegedly affiliated with existing Defendant SG Capital Limited, but fail to allege any substantive facts about those new entities. Plaintiffs assert in conclusory fashion that all "Sino Global Defendants" are agents and alter egos of SG Capital Limited, but Plaintiffs have not come close to pleading facts permitting the Court to ignore the corporate form. Plaintiffs further seek to add three new common law causes of action solely against the "Sino Global Defendants," but those new claims would not be able to withstand a motion to dismiss.

Finally, in a sly attempt to rid their pleading of allegations undermining their claim, Plaintiffs—although they make no mention of it in their Motion for Leave—seek to amend the AC to *delete* various allegations, including sworn testimony from FTX insiders that they deceived FTX's equity investors, like the Multinational VC Defendants. Although Plaintiffs offered no redline of the proposed complaint to the Court (likely to shield these improper amendments), careful comparison shows a number of instances where Plaintiffs seek to remove allegations that contradict the premise of their claim against these Defendants. Such amendments cannot be justified in good faith and should be denied.

## **BACKGROUND**

### I.    **Procedural History**

In its initial scheduling order, on June 21, 2023, the Court directed Plaintiffs to "file consolidated amended complaints" within 45 days. (ECF No. 61 at 4.) On August 3, 2023, the Court issued a stay of all discovery after a *sua sponte* review of the record. (ECF No. 152.) Plaintiffs filed their AC against the Multinational VC Defendants on August 8, 2023, and a

corrected version three days later, on August 11, 2023.  (ECF Nos. 159, 182.)  On September 22, 2023, the Multinational VC Defendants moved to dismiss the AC for failure to state a claim; several of the Multinational VC Defendants also moved to dismiss for lack of personal jurisdiction and lack of proper service.  (*See* ECF Nos. 296, 298, 299, 300, 303.)  The parties have fully briefed these motions, which remain pending.

On November 3, 2023, while the motions were being briefed, Plaintiffs moved for leave to lift the discovery stay, conduct jurisdictional discovery, and then "file any amendments to the Administrative Complaints or oppositions to the pending motions within twenty (20) days."  (ECF No. 348 at 14.)  A few weeks later, Plaintiffs withdrew their request for jurisdictional discovery from SBG, SBIA, and SBGA, conceding that "SoftBank has not lodged a personal jurisdiction objection in this litigation at this time."  (ECF No. 384 at 1.)  On December 18, 2023, after briefing by the parties, the Court granted limited jurisdictional discovery for a period of 45 days.  (ECF No. 422 at 6.)  But the Court expressly denied Plaintiffs' request to amend the AC and instead instructed that,"[w]ithin 15 days after the time permitted for jurisdictional discovery has expired, Plaintiffs may file a motion to supplement their responses to the motions to dismiss for lack of personal jurisdiction."  (*Id.*)  Subsequently, SG Capital Holdings withdrew its motion to dismiss for lack of personal jurisdiction.  (ECF No. 482.)

Jurisdictional discovery closed on February 1, 2024.  Over the next 15 days, Plaintiffs deliberately elected not to move to supplement their responses to the Temasek Defendants' jurisdictional motion to dismiss (the only one pending).  Then, on February 17, 2024, Plaintiffs once again moved for leave of the Court to file an amended complaint against *all* the Multinational VC Defendants, even including the SoftBank Defendants, SG Capital Holdings, and SG Capital Limited, against whom Plaintiffs engaged in no jurisdictional discovery.  (*See* Mot. at 2.)

4

## II.    Plaintiffs' Proposed Amended Complaint

The PAC seeks to add eight new entities as defendants: Temasek International Pte. Ltd. ("Temasek International"), Artz Fund Investments Pte. Ltd. ("Artz"), Blakiston Investments Pte. Ltd. ("Blakiston") (together with Temasek International and Artz, the "Proposed Additional Temasek Defendants"), Sino Global Capital Management LLC ("SG Capital Management"), Liquid Value GP Limited ("LV GP"), Liquid Value Fund GP Ltd ("LV Fund GP"), Liquid Value Offshore Feeder Fund I LP ("LV Offshore"),[4] and SoftBank II Tempest (DE) LLC.

Plaintiffs further seek to add new allegations focused upon the relationships between and among the various Temasek affiliated entities (PAC ¶¶ 30–43); new allegations concerning and three new claims against the "Sino Global Defendants" (a group never even defined in the PAC) (*id.* ¶¶ 48–54, 337-370[5]); and an assortment of new allegations concerning FTX-related entities having nothing to do with the Multinational VC Defendants (*id.* ¶¶ 56–62, 71, 89–94, 116, 119–34.  Plaintiffs also propose to add over a hundred pages of new exhibits, the vast majority of which make no mention of the Multinational VC Defendants.  (Declaration of Andrew J. Ehrlich ¶ 10 & Ex. 3.)

Plaintiffs also seek to *remove* a number of allegations, although they do not mention this in their Motion for Leave or offer any justifications for doing so.  Plaintiffs seek to delete, among other things, selected portions of the AC's block quote of Caroline Ellison's plea allocution, in which Ms. Ellison admitted that she "understood that FTX had not disclosed to FTX's equity investors that Alameda could borrow a potentially unlimited amount from FTX, thereby putting

---

[4]    The Motion for Leave states that it seeks to add Liquid Value U.S. Fund I LP ("LV U.S.") as an additional defendant, but LV U.S. is *not even mentioned* in the PAC.  Conversely, LV Fund GP is named in the PAC but not in the Motion for Leave.

[5]    These paragraphs, which are misnumbered, appear after paragraph 476 of the PAC.

customer assets at risk." (*See* AC ¶ 113.) Plaintiffs also excise Ms. Ellison's statement that she wanted to "apologize for [her] actions to the affected customers of FTX, lenders to Alameda and investors in FTX." (Ehrlich Decl. ¶ 9 & Ex. 2 at 90–92.) Similarly, Plaintiffs seek to remove a paragraph detailing the SEC's civil action against Sam Bankman-Fried ("SBF") for deceiving investors. (*See* Ex. 2 at 113.) Plaintiffs presumably now understand that admissions by FTX insiders that FTX deceived and defrauded its equity investors, including the Multinational VC Defendants—conduct for which SBF was convicted—wholly eviscerate their claims.

## LEGAL STANDARD

As Plaintiffs acknowledge, leave to amend is within this Court's discretion and "may be denied because of 'undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, [or] futility of amendment.'" *Andrx Pharms., Inc.* v. *Elan Corp., PLC*, 421 F.3d 1227, 1236 (11th Cir. 2005) (quoting *Foman* v. *Davis*, 371 U.S. 178, 182 (1962)); (*see* Mot. at 10). Plaintiffs' PAC suffers from each of these defects.

## ARGUMENT

**I.    The Motion for Leave Contravenes the Court's December 18, 2023 Order.**

This Motion is procedurally improper. On November 3, 2023, as part of their application to obtain jurisdictional discovery, Plaintiffs sought leave to amend their Complaint at the close of that discovery. The Court granted limited jurisdictional discovery but rejected Plaintiffs' request for leave to amend, ruling that any motion to amend was "premature" and to "the extent Plaintiffs are able to procure information helpful to it from jurisdictional discovery, they ***may move to file supplemental responses to motions to dismiss based on a lack of personal jurisdiction***." (ECF No. 422 at 5–6 (emphasis added).) Leaving no doubt, the Court ordered that "Plaintiffs' request to amend the Administrative Class Action Complaints or responsive pleadings is DENIED" and,

*rather* than amend, "[w]ithin 15 days after the time permitted for jurisdictional discovery has expired, Plaintiffs may file a motion to supplement their responses to the motions to dismiss for lack of personal jurisdiction." (*Id*. at 6.)  The point of jurisdictional discovery was not a fishing expedition for new defendants or claims but to determine whether there was sufficient support for the highly conclusory jurisdictional allegations already made.  As Judge Sanchez later observed: "This isn't about figuring out who you can sue; this is about establishing whether you have jurisdiction over the parties that you named." (*See* ECF No. 485 at 76:10–76:14.)

Plaintiffs disregarded the clear language of the Court's December 18 Order.  Remarkably, Plaintiffs assert that "[t]he Court concluded that, if Plaintiffs obtained information via the jurisdictional discovery warranting amendment to their complaints or responsive pleadings (i.e., oppositions to the 12(b)(2) motions), then Plaintiffs may move to amend or file supplemental responses to the motions." (Mot. at 6.)  In fact, the Court expressly rejected amendment of the AC, because jurisdictional discovery was not intended to allow Plaintiffs to manufacture new (equally deficient) claims against new (equally inappropriate) defendants.  The Motion for Leave should be rejected as procedurally inappropriate on that basis alone.

## II.     The Motion for Leave to Amend Should be Denied as Futile.

"After any responsive pleading has been filed, subsequent amendments are permitted only with the leave of court." *Unger* v. *Majorca At Via Verde Homeowners Ass'n, Inc.*, 2021 WL 4268319, at *1 (S.D. Fla. Aug. 27, 2021).  While leave to amend should be freely granted if justice requires, courts need not permit amendment where it would be futile. *Holland* v. *Hunter Douglas, Inc.*, 2018 WL 7082666, at *1 (S.D. Fla. Jun. 25, 2018).  "[D]enial of leave to amend is justified by futility when the complaint as amended is still subject to dismissal." *Burger King Corp.* v. *Weaver*, 169 F.3d 1310, 1320 (11th Cir. 1999).  As Plaintiffs' PAC suffers from the same fatal

deficiencies as the AC and remains subject to dismissal, the Motion for Leave should be denied as futile.  *See Unger*, 2021 WL 4268319, at *2.

A.      **The PAC Fails to Cure the Defects Identified in the Multinational VC Defendants' Rule 12(b)(6) Motion to Dismiss.**

As demonstrated in the Multinational VC Defendants' Motion to Dismiss (ECF No. 303), the AC is facially deficient and subject to dismissal under Rule 12(b)(6).  Plaintiffs' Motion for Leave repeats the same unsupported conclusion as before: that the Multinational VC Defendants "learned via extensive pre-investment due diligence efforts and ongoing investment monitoring that FTX was defrauding its customers."  (Mot. at 3.)  But Plaintiffs plead absolutely no facts supporting these incendiary allegations, and, critically for purposes of this motion, *the PAC adds none at all*.  It adds numerous irrelevant paragraphs about FTX's *own* activities, but none supporting the inference that the Multinational VC Defendants knew of, let alone participated in, the FTX fraud.

Plaintiffs seek to add conclusory allegations that "FTX executives provided auditors and investors"—which Plaintiffs leave unnamed—"with information which clearly indicated the scale of the improper transfer of customer funds to Alameda – in particular, FTX insisted on an interest payment from the line of credit to Alameda, and disclosed that interest to auditors and investors"—again, unidentified.  (PAC ¶ 56.)  But these are just another example of Plaintiffs' deficient pleadings.  Plaintiffs concede mere paragraphs later that "the lines of credit were not disclosed to people outside FTX," and the AC's own allegations make clear "FTX had not disclosed to FTX's equity investors that Alameda could borrow a potentially unlimited amount from FTX, thereby putting customer assets at risk."  (PAC ¶ 61; AC ¶ 114).  While Plaintiffs seek to covertly eliminate their prior conflicting allegations, Plaintiffs' attempts to run away from their own complaint should be rejected.  *See infra* Section III.

8

It is deeply telling that the United States Department of Justice secured a conviction of SBF for defrauding FTX's equity investors, yet Plaintiffs offer a totally conclusory assertion to the contrary based on speculative inferences that the Multinational VC Defendants—all of whom had substantial capital at risk through their FTX investments—"had to have known" of the fraud. Because the PAC adds no new factual allegations to buttress these ill-conceived allegations, and remains subject to dismissal for the reasons outlined in the Multinational VC Defendants' Motion to Dismiss, Plaintiffs' proposed amendments should be denied as futile.

**B.**       **Plaintiffs' Proposed Amendments as to the Temasek Defendants Are Futile.**

Plaintiffs seek to discount the Temasek Defendants' demonstration that there is no personal jurisdiction over them in this Court consistent with due process as a "cheap challenge[]," (Mot. at 3), but in fact, it is the jurisdictional allegations in the AC (and the PAC) that lack substance. The PAC does not remedy Plaintiffs' failure to plead personal jurisdiction over the Temasek Defendants, which are not subject to general jurisdiction in either Florida or California and lack sufficient minimum contacts with the forum states to be subject to their long-arm statutes. The PAC does not add *a single factual allegation* tying any Temasek Defendant to either forum. It is the very definition of a futile pleading.

**1.**       ***The PAC fails to plead personal jurisdiction in Florida.***

As shown in the Foreign Investor Defendants' Motion to Dismiss the Administrative Complaint for Lack of Personal Jurisdiction (ECF No. 300), the AC fails to plead that the Temasek Defendants were subject to either general or specific jurisdiction in Florida. (*See id.* at 9–12.) The PAC comes nowhere close to curing Plaintiffs' failure to plead that the Temasek Defendants are subject to personal jurisdiction in Florida. Plaintiffs' proposed amendments should be rejected.

Plaintiffs still do not allege any of the Temasek Defendants are "essentially at home in Florida" and therefore subject to general jurisdiction. *Waite* v. *All Acquisition Corp.*, 901 F.3d

1307, 1317 (11th Cir. 2018).  Plaintiffs do not seriously contend there is general jurisdiction over the Temasek Defendants in Florida, and to the extent they do, such allegations are without factual basis and thus clearly insufficient.  (*See* ECF No. 300 at 9–10.)

Nor does the PAC address Plaintiffs' failure to plead specific jurisdiction in Florida.  While Plaintiffs continue to assert that jurisdiction arises because of a "tortious act" that took place in Florida, the PAC still fails to "identify a *single act*—much less a tortious act—that any Temasek Defendant committed in Florida."  (ECF No. 300 at 10.)  This failure is fatal.  Plaintiffs have attempted to buttress the PAC with the addition of various allegations concerning actions ***by FTX and its principals*** in relation to Florida (*see* PAC ¶¶ 119–134), and over a hundred pages of exhibits focused upon FTX that do not address the Temasek Defendants at all.  (*See* Ehrlich Decl. ¶ 10 & Ex. 3.)  These new allegations are simply irrelevant to the jurisdictional analysis.  Whether FTX or its insiders committed a tort in Florida is beside the point—the question is whether the Temasek Defendants did so.  And after full and fair discovery of the Temasek Defendants, Plaintiffs have failed to glean even a single additional purported jurisdictional fact that ties the Temasek Defendants to Florida—because there are none.  The PAC does not—and cannot—rectify the core flaw in Plaintiffs' jurisdictional claims.  *In re Takata Airbag Prods. Liab. Litig.*, 396 F. Supp. 3d 1101, 1147–48 (S.D. Fla. 2019).

Finally, the PAC does not change the fact that Plaintiffs' conspiracy-based theory of personal jurisdiction fails to satisfy Due Process.  (ECF No. 300 at 11–12.)  Plaintiffs' allegations of a conspiracy remain the type of "vague and conclusory" pleadings that should be rejected.  *See Oueiss* v. *Al Saud*, 2022 WL 1311114, at *14 (S.D. Fla. Mar. 29, 2022).  The PAC adds *no specific facts* supporting the existence of a conspiracy between FTX and the Temasek Defendants.  Nor does the PAC add any facts alleging that any of the Temasek Defendants themselves directed

activity to Florida, rather than having random, fortuitous, or attenuated contacts created by interacting with other persons affiliated with the state. *Oueiss*, 2022 WL 1311114, at *17. Plaintiffs' allegations remain facially insufficient and cannot satisfy the requirements of due process, *In re Takata Airbag Prods. Liab. Litig.*, 396 F. Supp. 3d at 1147–48, and amendment is therefore futile.

        **2.**        ***The PAC fails to plead personal jurisdiction in California.***

Plaintiffs' allegations concerning California fare no better. Plaintiffs have not added any allegations to address the AC's failure to plead general jurisdiction. (ECF No. 300 at 12–13.) Even with Plaintiffs' proposed amendments, Plaintiffs do not plead any Temasek Defendant was "essentially at home" in California. And, Plaintiffs cannot remedy this deficiency, as Plaintiffs have elected to assert their allegations against entities that are foreign to the state. (ECF No. 297-2; ECF No. 297-3.)

Nor have Plaintiffs addressed the AC's failure to plead specific jurisdiction in California. As with Florida, Plaintiffs' proposed amendments fail to add the necessary facts to give rise to a theory of personal jurisdiction that complies with due process. (ECF No. 300 at 12–15.) Plaintiffs make much of the fact that Temasek USA has an office in California, and that representatives of different Temasek entities have made general statements about investing in California (PAC ¶¶ 32, 40–43), but as the Temasek Defendants' sworn testimony shows—and as jurisdictional discovery has confirmed without question—there were no FTX-related activities by any Temasek entity in California. (ECF No. 297-2; ECF No. 297-3.) Plaintiffs plead no facts showing that the Temasek Defendants committed any tortious act in California, took *any* action concerning the FTX investment in California, or directed their efforts at California in connection with the FTX investment in *any* manner. *Walden* v. *Fiore*, 571 U.S. 277, 285–86 (2014). Absent such

allegations, Plaintiffs cannot satisfy the requirements of Due Process as a matter of law, *id.*, and the proposed new allegations are therefore futile.

### 3. *The addition of the proposed Temasek Defendants would be futile.*

Plaintiffs' attempt to double down on their flawed jurisdictional allegations by adding still three more Singaporean entities does not save their claims. (*See* PAC ¶¶ 30–44; ECF No. 297-2.) The gist of Plaintiffs' proposed amendment to add the Proposed Temasek Defendants is that the various Temasek entities are agents of one another.

There is a fundamental flaw with this gambit.  As demonstrated above, Plaintiffs fail to plead personal jurisdiction over the existing Temasek Defendants.  As such, even *assuming* that the Proposed Temasek Defendants are agents of the Temasek Defendants (and they are not), it is of no relevance, because if there is no jurisdiction over any of the Temasek Defendants, there cannot be jurisdiction over their supposed agents—as to whom Plaintiffs do not even try to plead there is personal jurisdiction in Florida or California.  Put differently, Plaintiffs cannot bootstrap jurisdiction over the purported agent where there is no jurisdiction over the principal.

There is an additional reason why the addition of the Proposed Temasek Defendants is futile: Plaintiffs fail to independently plead personal jurisdiction as to any of the three.  Temasek International is a private limited company based in Singapore.  (ECF No. 297-2.)  Artz is a Singapore investment vehicle through which Temasek International primarily made investments in FTX. (ECF No. 297-2.)  And Blakiston is a Singapore private limited entity that Plaintiffs allege executed token warrant agreements with Alameda.  The PAC fails to allege ties to the forum states for *any* of these entities.  For instance, Plaintiffs assert that "Temasek Holdings ultimately funds the acquisition price of investments such as FTX, which it owns through investment arms such as Artz." (PAC ¶ 30.)  Yet, the undisputed record demonstrates Temasek Holdings and Artz are both Singaporean entities, based and headquartered in Singapore, which conducted no relevant

activities in or directed to either forum state. (ECF No. 297-2.) Accordingly, these allegations fail to support Plaintiffs' personal jurisdiction arguments. As the PAC would remain subject to dismissal for the same reasons as the AC, the addition of the Proposed Temasek Defendants would be futile and should be denied. *Burger King*, 169 F.3d at 1320.

### 4.    *Plaintiffs' discovery complaints are irrelevant and meritless.*

Plaintiffs devote several pages of their Motion for Leave enumerating a laundry list of purported complaints with the Temasek Defendants' jurisdictional discovery. (*See* Mot. at 6–10.) This is a total irrelevancy. If Plaintiffs believed the Temasek Defendants did not comply with the Court's order on jurisdictional discovery, Plaintiffs' appropriate recourse was to file a motion to compel before the close of jurisdictional discovery, following the process the Court outlined. They did not, because such a motion would not have been well-taken. In fact, the Temasek Defendants used broad search terms for electronic discovery, across three custodians—the core of Temasek's deal team for FTX—which yielded nearly 5,000 documents for review. (*See* Ehrlich Decl. ¶¶ 3–6 & Ex. 1.) All of that was disclosed to Plaintiffs. (*Id.*)

This is a classic case of Occam's razor: the total absence of documents showing any—let alone a meaningful—connection to Florida or California is not the result of Temasek's discovery deficiencies, but in fact the result of the *total absence of any jurisdictional facts*. Nor should Plaintiffs be surprised at this, as the Temasek Defendants have repeatedly made clear from day one of this litigation—including through sworn testimony—that their activities pertaining to their FTX investments had no connection to the forum states. (*See* ECF No. 297-2; ECF No. 297-3.)

### C.    Plaintiffs' Proposed Amendments as to the SoftBank Defendants Are Unnecessary, Futile, and Dilatory.

Plaintiffs do not add *any* new substantive allegations specific to *any* SoftBank Defendant. (Mot. at 12.) Yet, Plaintiffs claim that their proposed amendments are generally intended to "shore

up personal jurisdiction allegations" and, as to the SoftBank Defendants specifically, to add "general information gleaned regarding ties to Florida and California [that] go[es] towards jurisdiction over SoftBank." (Mot. at 12.)  *But the SoftBank entities did not challenge personal jurisdiction*.  (*See* ECF No. 384 at 1 (conceding that "SoftBank has not lodged a personal jurisdiction objection in this litigation at this time" and withdrawing request for jurisdictional discovery).)  There is therefore nothing to "shore up" as to these defendants.  Plaintiffs' Motion for Leave should thus be denied as to the SoftBank Defendants.[6]

Plaintiffs also attempt to belatedly name another SoftBank entity—SoftBank Tempest—as a defendant.  But Plaintiffs should not be granted leave to amend to add SoftBank Tempest as a Defendant as a way to delay the proceedings as to SoftBank.  Adding SoftBank Tempest as a defendant is improper at this time because (a) Plaintiffs do not include any new substantive allegations about that entity in the proposed amended complaint, and (b) Plaintiffs provide no explanation for why they failed to include that entity in their previous complaints despite informing this Court a year ago that they "intend[ed] to amend [their] complaint to substitute SVF II Tempest (DE) LLC for Softbank Vision Fund (AIV M2) L.P." (Agreed Joint Mot., *O'Keefe* v. *Sequoia Capital Operations, LLC*, No. 23-cv-20700, ECF No. 54 at 1 n.1 (Mar. 22, 2023).)[7]  Plaintiffs'

---

[6]   This is not the first time Plaintiffs have improperly lumped the SoftBank Defendants into an unnecessary motion regarding personal jurisdiction.  When Plaintiffs originally moved for jurisdictional discovery, they included SBG, SBIA, and SBGA in their list of targets, despite the fact that none of those SoftBank Defendants challenged jurisdiction.  (ECF No. 348.) Plaintiffs were thus forced to withdraw that motion.  (ECF No. 384.)  Plaintiffs have employed the same wasteful tactic again in this Motion for Leave.

[7]   Since then, Plaintiffs have filed two complaints in this MDL and two more complaints in underlying actions.  Each of those new complaints mentions SoftBank Tempest, yet none names that entity as a defendant.  (*See* ECF Nos. 159, 182; Class Action Compl. & Demand for Jury Trial, *Chernyavsky* v. *Temasek Holdings (Private) Limited*, No. 1:23-cv-22960 (Aug. 7, 2023), ECF No. 1; Class Action Compl. & Demand for Jury Trial, *Cabo* v. *Temasek Holdings (Private) Limited*, No. 3:23-cv-03974 (Aug. 7, 2023), ECF No. 1.)

attempt to amend their complaint now to add SoftBank Tempest should be rejected. *See Cordova*
v. *Lehman Bros.*, 237 F.R.D. 471, 476 (S.D. Fla. 2006) (Moore, J.) (explaining that leave to amend
should be denied in cases of "undue delay, bad faith, or dilatory motive on the part of the movant,
[or] repeated failure to cure deficiencies by amendments previously allowed").

### D. Plaintiffs' Proposed Amendments as to the "Sino Global Defendants" Are Futile.

#### 1. *The addition of the proposed new "Sino Global Defendants" would be futile.*

The PAC seeks to add SG Capital Management, LV Offshore, LV GP, and LV Fund GP
as additional defendants. There are no substantive allegations that any of these entities did
anything wrong. Even worse, the Motion for Leave states that Plaintiffs seek to add LV U.S. as
an additional Defendant, but that entity is not mentioned in the entirety of the PAC. Similarly, LV
Fund GP is named in the PAC but not referenced in the Motion for Leave itself.[8]

#### 2. *It would be futile to allege that the "Sino Global Defendants" are "agents and alter egos" of SG Capital Limited.*

The PAC alleges in conclusory fashion that *all* of the so-called "Sino Global Defendants"
are alter egos and agents of Defendant SG Capital Limited. (PAC ¶ 52.) Plaintiffs thus improbably
seek to ignore the corporate form of two Delaware LLCs (SG Capital Holdings and SG Capital
Management) and two Cayman entities (LV Offshore and LV GP).[9]

---

[8]  The Court would not have jurisdiction over the new entities that Plaintiffs propose to name. If
the Motion for Leave is successful and those entities are properly served, those entities would
seek to dismiss for, *inter alia*, lack of personal jurisdiction.

[9]  Because Plaintiffs did not purport to serve SG Capital Limited until January 31, 2024, SG
Capital Limited did not move to dismiss for lack of personal jurisdiction until February 21,
2024, ECF No. 498, four days after the Motion for Leave was filed. That motion has not yet
been fully briefed, and it is unclear whether the alter ego/agent allegations are a faulty attempt
to buttress Plaintiffs' argument that there is personal jurisdiction over SG Capital Limited.

Veil piercing under Delaware law[10] requires the plaintiff to "show both that (1) the owner and his corporation operated as a single economic entity and that (2) the owner's actions contained an overall element of injustice or unfairness." *Cohen* v. *Schroeder*, 724 F. App'x 45, 47 (2d Cir. 2018). The second element requires "facts showing that the corporation is a sham and exists for no other purpose than as a vehicle for fraud." *Kirschner* v. *CIHLP LLC*, 2017 U.S. Dist. LEXIS 162719, at *19 (S.D.N.Y. Sept. 30, 2017). The Cayman Islands "apply English common law to analyze veil piercing." *Global Gaming Phil., LLC* v. *Razon*, 2022 U.S. Dist. LEXIS 50244, at *18 (S.D.N.Y. Mar. 21, 2022). Veil piercing is "quite rare under English law" and the "plaintiff's ability to recover . . . turns on whether the defendant had already incurred some liability to the plaintiff at the time he interposed the corporate structure." *Centauro Liquid Opportunities Master Fund, L.P.* v. *Bazzoni*, 2016 U.S. Dist. LEXIS 136024, at *12–13 (S.D.N.Y. Sept. 30, 2016).

The PAC's only pleaded "fact" in support of its alter ego claim is that LV Fund GP "lists the Sino Global Capital Ltd. website as its website (https://www.sinoglobalcapital.com/) in its filings." (PAC ¶ 52.) Even assuming the truth of that baseless claim, that fact cannot support an alter ego claim. It is completely irrelevant to whether any of the "Sino Global Capital Defendants" is using the corporate form to evade a judgment or debt or to whether any "Sino Global Capital Defendant" is operating as a single economic entity with SG Capital Limited.

Similarly, these scant allegations cannot form the basis to impute multiple entities' actions to SG Capital Limited under an agency theory. The "[t]ouchstone of the agency relationship is the principal's right to control the agent," *Arçelik, A.Ş.* v. *E.I. Du Pont de Nemours & Co.*, 619 F.

---

[10] Typically, allegations of veil piercing are governed by the state of incorporation. *Kernal Records Oy* v. *Mosley*, 2010 U.S. Dist. LEXIS 69424, at *17–18 (S.D. Fla. July 5, 2010).

Supp. 3d 473, 482 (D. Del. 2022), and the allegations concerning a shared website have no relevance whatsoever to SG Capital Limited's right to control any of the entities in question.

### 3. *It would be futile to permit Plaintiffs to plead the three new causes of action against the "Sino Global Defendants."*

It would be futile to add three new causes of action against the "Sino Global Defendants."

*First*, it would be futile for Plaintiffs to add a new claim for conversion.  The elements of conversion are "(1) an act of dominion wrongfully asserted; (2) over another's property; and (3) inconsistent with his ownership therein." *Walter Auto Loan Tr.* v. *Track Motors LLC*, 2023 U.S. Dist. LEXIS 164511, at *6 (S.D. Fla. Sept. 15, 2023) (citation omitted).[11]  A plaintiff can only assert a conversion claim for money "when the money at issue is specifically identifiable." *Id.* (citation omitted).  "Money is capable of identification where it is delivered at one time, by one act and in one mass, or where the deposit is special and the identical money is to be kept for the party making the deposit." *Aileron Inv. Mgmt., LLC* v. *Live Oak Banking Co.*, 2021 U.S. Dist. LEXIS 65281, at *6 (M.D. Fla. Apr. 2, 2021).  Typical examples of "specifically identifiable funds" include "an escrow account, a bag of gold coins, or the like." *Id.*

Plaintiffs allege that the "Sino Global Defendants" accepted investments from Alameda and SBF "comprised of Class Member funds" and "partnered with FTX and Alameda as co-general partners."  (PAC ¶ 338.)[12]  There are no factual allegations that any such defendant affirmatively took dominion of Plaintiffs' property, or even knew that the investments came from funds received from Plaintiffs as opposed to another source.  Plaintiffs also fail to allege any non-conclusory facts showing that the proposed claim is based on a "specific sum capable of identification."  Plaintiffs

---

[11]   The elements of the claim under California law are largely similar.  *See Palumbo Design, LLC* v. *1169 Hillcrest*, LLC, 2020 WL 5498064, at *2 (C.D. Cal. Feb. 19, 2020).

[12]   The PAC contains at least three separate Paragraph 338s.  This reference is to the second Paragraph 338, on Page 180.

do not allege the exact amount of funds they invested on the FTX platform. Plaintiffs do not allege that those funds were separated in any way. Plaintiffs do not allege that *Plaintiffs' specific funds* were utilized by Alameda and/or SBF to make the investment, as opposed to some other funds to which Alameda or SBF had access.

*Second*, it would be futile to add a claim for aiding and abetting conversion. "To establish a claim for aiding and abetting conversion, Plaintiff must adequately allege: (1) an underlying conversion on the part of the primary wrongdoer . . . ; (2) knowledge of the underlying conversion by the alleged aider and abet[tor] . . . ; and (3) the rendering of substantial assistance in committing the conversion by the alleged aider and abettor." *Chang* v. *JPMorgan Chase Bank, N.A.*, 2014 U.S. Dist. LEXIS 180713, at *28 (S.D. Fla. Dec. 8, 2014); *see also Casey* v. *U.S. Bank Nat'l Ass'n*, 127 Cal. App. 4th 1138, 1145 (2005) (similar elements under California law). "Substantial assistance occurs when a defendant affirmatively assists, helps conceal or fails to act when required to do so, thereby enabling the breach to occur." *Hsi Chang* v. *JPMorgan Chase Bank, N.A.*, 845 F.3d 1087, 1098 (11th Cir. 2017). "Mere inaction constitutes substantial assistance only if the defendant owes a fiduciary duty directly to the plaintiff." *Id.* (internal quotations omitted).

As explained above, Plaintiffs have not sufficiently pleaded specifically identifiable funds to establish the underlying conversion claim. Plaintiffs also fail to allege any non-conclusory facts showing knowledge or assistance of FTX's alleged conversion. Rather, Plaintiffs merely allege that the "Sino Global Defendants" received some of the allegedly converted funds in the form of an investment. That is not "substantial assistance"; any underlying conversion by FTX would have occurred irrespective of the involvement of any Sino Global Defendant.

*Third*, it would be futile for Plaintiffs to add a claim for unjust enrichment. An unjust enrichment claim under Florida law requires that: "(1) the plaintiff has conferred a benefit on the

defendant; (2) the defendant voluntarily accepted and retained that benefit; and (3) the circumstances are such that it would be inequitable for the defendants to retain it without paying the value thereof." *Virgilio* v. *Ryland Grp., Inc.*, 680 F.3d 1329, 1337 (11th Cir. 2012). The "benefit" conferred by the plaintiff to the defendant must be "direct." *Kopel* v. *Kopel*, 229 So. 2d 3d 812, 816 (Fla. 2017). California does not recognize a stand-alone cause of action for unjust enrichment. *See Abuelhawa* v. *Santa Clara Univ.*, 529 F. Supp. 3d 1059, 1070 (N.D. Cal. 2021). Some California courts have allowed unjust enrichment claims as a "quasi-contract claim[] seeking restitution," *Brodsky* v. *Apple Inc.*, 445 F. Supp. 3d 110, 133 (N.D. Cal. 2020), but even those cases require a "prior relationship" between the parties, *see Schrenk* v. *Carvana LLC*, 2020 U.S. Dist. LEXIS 133805, at *19 (E.D. Cal. July 27, 2020) (citation omitted).

Plaintiffs state in conclusory fashion that they "conferred a monetary benefit on the Sino Global Defendants because they accepted funds that they knew, or should have known, were FTX consumer deposits." (PAC ¶ 365.) But Plaintiffs did not confer any *direct* monetary benefit on the Sino Global Defendants; indeed, Plaintiffs had no direct or prior relationship, or any contact whatsoever, with the "Sino Global Defendants." Additionally, an unjust enrichment claim will be dismissed when the "Court cannot differentiate this wrong from the other torts alleged in this complaint." *State Farm Mut. Auto. Ins. Co.* v. *Lewin*, 535 F. Supp. 3d 1247, 1266–67 (M.D. Fla. 2021). Plaintiffs do not differentiate the conduct alleged in their unjust enrichment claim from their allegations underlying other torts such as conversion. Moreover, the claim for unjust enrichment would be futile because Plaintiffs have an adequate legal remedy. *See Dry Tech. 24/7, Inc.* v. *Clorox Co.*, 2023 U.S. Dist. LEXIS 225880, at *29 (S.D. Fla. Dec. 18, 2023).

III.   **Plaintiffs' Deletion of Relevant Paragraphs Is Unjustified and Shows Bad Faith.**

Although Plaintiffs' Motion for Leave does not mention it, and Plaintiffs failed to include a redline of their proposed amendments, a careful comparison of the AC and PAC demonstrates

that Plaintiffs propose to *remove* important allegations and facts.  Plaintiffs' proposed justification for amendment, obviously, does not in any way support the *deletion* of these allegations that undermine their claims.

Plaintiffs seek to strategically excise from the AC allegations that undercut their claims. For example, Plaintiffs propose to remove several lines of Paragraph 113 of the AC (which would have been Paragraph 161 of the PAC), quoting testimony from Caroline Ellison's guilty plea.  The PAC retains the majority of Ms. Ellison's plea cited in the AC, but seeks to delete the following admission: "I also understood that FTX had not disclosed to FTX's equity investors that Alameda could borrow a potentially unlimited amount from FTX, thereby putting customer assets at risk." (*See* Ehrlich Decl. ¶ 9 & Ex. 2 at 91.)  Plaintiffs further removed Ms. Ellison's statement "I want to apologize for my actions to the affected customers of FTX, lenders to Alameda and investors in FTX" from the same paragraph.  (*See* Ex. 2*.* at 92.)  Similarly, Plaintiffs propose to remove Paragraph 136 of the AC, which details the SEC's civil action against SBF for deceiving investors. (*See id.* at 113.)  And there are several other similar examples, neither mentioned in nor justified by the Motion for Leave.  (*See id.* at 92, 98, 187–95.)

Courts in this district have denied similar attempts to introduce unjustified and bad faith amendments.  *Cordero* v. *Owre*, 2018 WL 11371098, at *2 (S.D. Fla. Feb. 9, 2019).  In *Cordero*, for example, the court denied the plaintiff's motion to amend because the plaintiff's "attempt to sneak in changes to counts in her complaint that are wholly unrelated to the amendments actually sought in her motion supports a finding of bad faith."  *Id.* at *2.  That holding applies equally here.

## CONCLUSION

Plaintiffs' Motion for Leave to amend should be denied.

Dated:  March 15, 2024

Respectfully submitted,

/s/ Eric D. Lawson
Eric D. Lawson (mdl102196)
MORRISON & FOERSTER LLP
250 West 55th Street
New York, NY 10019-9601
Telephone: (212) 468-8000
Email: elawson@mofo.com

Anna Erickson White (mdl102198)
Ryan M. Keats (mdl102197)
MORRISON & FOERSTER LLP
425 Market Street
San Francisco, CA 94105-2482
Telephone: (415) 268-7000
Email: awhite@mofo.com
          rkeats@mofo.com

Adam M. Foslid (Fla. Bar No. 682284)
WINSTON & STRAWN LLP
Southeast Financial Center
200 S. Biscayne Blvd., Suite 2400
Miami, FL 33131
Telephone: (305) 910-0500
Email: afoslid@winston.com

*Counsel for Defendants SoftBank Group
Corp.; SB Group US, Inc.; SoftBank
Investment Advisers (UK) Limited; and
SoftBank Global Advisers Limited*

/s/ Adam S. Fels
Adam S. Fels (Fla. Bar No. 0114917)
FRIDMAN FELS & SOTO, PLLC
150 Alhambra Circle
Suite 715
Coral Gables, FL 33134
Telephone: (305) 569-7701
Email: afels@ffslawfirm.com

Brad S. Karp, *pro hac vice*
Andrew J. Ehrlich, *pro hac vice*
Nina M. Kovalenko, *pro hac vice*
PAUL, WEISS, RIFKIND, WHARTON &
GARRISON LLP
1285 Avenue of the Americas
New York, NY 10019
Telephone: (212) 373-3000
Facsimile: (212) 757-3990
Email: bkarp@paulweiss.com
          aehrlich@paulweiss.com
          nkovalenko@paulweiss.com

*Counsel for Defendants Temasek Holdings
(Private) Ltd. and Temasek International
(USA) LLC*

/s/ Jason P. Gottlieb
Jason P. Gottlieb
Michael Mix
Vani Upadhyaya
MORRISON COHEN LLP
909 Third Avenue
New York, NY 10022
Telephone: (212) 735-8600
Email: jgottlieb@morrisoncohen.com
          mmix@morrisoncohen.com
          vupadhyaya@morrisoncohen.com

*Counsel for Defendant Sino Global Capital
Holdings, LLC and Sino Global Capital
Limited*

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on this 15th day of March, 2024, I e–filed the foregoing document using the Court's CM/ECF system, which will send a notice of electronic filing to all counsel of record.

*/s/ Adam S. Fels*

22