**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**
**MDL No. 3076**
**CASE NO. 1:23-md-03076-KMM**

**IN RE:**

**FTX Cryptocurrency Exchange Collapse MDL Litigation**

---

THIS DOCUMENT RELATES TO:

Multinational VC Defendants

*O'Keefe v. Sequoia Capital Operations, LLC, et al.*, S.D. Fla. Case No. 1:23-cv-20700

*O'Keefe v. Temasek Holdings (Private) Ltd., et al.*, N.D. Cal. Case No. 3:23-cv-3655

*Chernyavsky et al. v. Temasek Holdings (Private) Ltd., et al.*, S.D. Fla. Case No. 1:23-cv-22960

*Cabo et al. v. Temasek Holdings (Private) Ltd. et al.*, N.D. Cal. Case No. 3:23-cv-03974

_______________________________________________/

**PLAINTIFFS' OMNIBUS MOTION TO LIFT DISCOVERY STAY AND FOR LEAVE TO CONDUCT JURISDICTIONAL DISCOVERY ON SINO GLOBAL CAPITAL LIMITED**

Plaintiffs respectfully move the Court to enter an order: (1) lifting the stay of discovery first imposed by the Court *sua sponte* on August 3, 2023, "to allow Plaintiffs to prepare their Amended Complaints and for Defendants to prepare their answers or responses," extended by request of Defendant Sam Bankman-Fried ("SBF") and the Government in relation to the SBF criminal trial that concluded on November 2, 2023, and again extended by this Court on December 18, 2023 "until this Court adjudicates the outstanding motions to dismiss," *see* ECF No. 422; and (2) granting Plaintiffs leave to (a) take brief jurisdictional discovery from the Defendant Sino Global Capital Limited ("SGCL"), prior to a ruling on SGCL's arguments to dismiss Plaintiffs' Administrative Class Action Complaint (ECF No. 182); and (b) to file any supplements to Plaintiffs' Motion for Alternative Service and/or oppositions to SGCL's pending Rule 12(b)(2) or

(5) motions within twenty (20) days after completing that brief jurisdictional discovery, so Plaintiffs may incorporate any additional facts that support personal jurisdiction over SGCL and address arguments raised in SGCL's motions to dismiss.

**INTRODUCTION**

On December 18, 2023, this Court granted Plaintiffs leave to conduct jurisdictional discovery as to the MDL Defendants who were at that time contesting personal jurisdiction via Federal Rule of Civil Procedure 12(b)(2) and (5) motions, including Sino Global Capital Holdings LLC ("SGCH" and, collectively with SGCL, "Sino Global Capital"). As explained herein, because the same allegations, issues, and arguments are at play here, the Court should grant Plaintiffs' instant request to conduct jurisdictional discovery regarding SGCL.

Indeed, in this Court's Order, it recognized that Plaintiffs were entitled to jurisdictional discovery, because they had timely requested it, pleaded a *prima facie* case of personal jurisdiction, established that merits- and jurisdiction-related facts were intertwined, and raised material factual disputes as to the relevant MDL Defendants. Specifically with respect to SGCH, this Court held that Plaintiffs had made out a *prima facie* case of personal jurisdiction based on intentional tort and civil conspiracy theories of personal jurisdiction, agreed that merits and jurisdiction were intertwined, and noted that Plaintiffs raised a material factual dispute regarding whether the alleged conspiracy-related acts of the various Sino Global Capital entities—specifically including both SGCH and SGCL—could be imputed to each other under an agency theory. Ultimately, after forcing Plaintiffs to brief its personal jurisdiction motions, seek jurisdictional discovery, issue requests, conduct meet and confers on those requests, and file and argue a motion to compel, SGCH withdrew its personal jurisdiction objection rather than facing the jurisdictional discovery to which Plaintiffs were entitled under the facts, the law, and orders of this Court.

Because SGCL had not yet responded to the Administrative Class Action Complaint, the Court's December 18, 2023 Order did not apply to it. That is no longer the case. Last month, SGCL filed Rule 12(b)(2) and (5) motions in response to Plaintiffs' Administrative Class Action Complaint against the Multinational VC Defendants (R. Doc. 182), including SGCL and SGCH.

SGCL's Rule 12(b)(2) motion adopts and incorporates the arguments SGCH advanced in its prior Rule 12(b)(2) motion but ultimately abandoned to avoid jurisdictional discovery, and the declaration SGCL offers in support of that motion originates from the same person, Matthew Graham, and employs the same self-serving tactics to assert generally the same point—i.e., that SGCH and SGCL are legally distinct entities whose corporate separateness should be honored. SGCL's Rule 12(b)(5) motion likewise rests on the notion that SGCL is legally distinct from other, U.S.-based Sino Global Capital entities. Plaintiffs' deadline to respond to SGCL's Rule 12 motions has not yet arrived. But Plaintiffs intend to mirror their prior arguments and submissions that undermine SGCL's claims of corporate separateness and further demonstrate how Sino Global Capital's U.S.-based operations contribute to this Court's jurisdiction over SGCL under intentional tort and civil conspiracy theories of jurisdiction.

The result of the foregoing is that, like Plaintiffs' prior request for jurisdictional discovery as to SGCH, the instant request as to SGCL is founded on the same *prima facie* case of intentional tort and civil conspiracy based theories of jurisdiction, which likewise intertwines merits and jurisdictional issues, and leads to the same material factual dispute of whether other Sino Global Capital entities' conspiracy-related acts can be imputed to SGCL to further support this Court's jurisdiction over it. Thus, like Plaintiffs' prior request, the instant request for jurisdictional discovery regarding SGCL is due to be granted.

**BACKGROUND**

Plaintiffs filed their Administrative Class Action Complaint—which arises from actions Plaintiffs had previously filed in Florida and California outside of the MDL—against the Multinational VC Defendants, including Sino Global Capital, on August 8, 2023. *See* ECF No. 159; *see also* ECF No. 182 (corrected). On September 21, 2023, Plaintiffs moved this Court for an order permitting alternate service on the Multinational VC Defendants, including Sino Global Capital, in light of their apparent notice, comprehension, and defense of this action. ECF No. 280. That same date, Multinational VC Defendants, including SGCH *but not* SGCL, responded to the complaint with Rule 12(b)(2), (5), and (6) motions to dismiss. ECF Nos. 299, 300, 303.

SGCH's motion to dismiss for lack of personal jurisdiction under Rule 12(b)(5) argued that Plaintiffs had failed to make out a *prima facie* case for personal jurisdiction. ECF No. 300. SGCH argued that Plaintiffs failed to allege that it engaged in any tortious conduct in Florida or California. It further asserted that Plaintiffs insufficiently pleaded that it engaged in any conspiracy such that personal jurisdiction would not lie in Florida under a "conspiracy theory." Lastly, SGCH denied any contacts or availment in Florida or California and asserted that, as a result, due process prevented this Court from exercising jurisdiction over it. SGCH attached to the motion to dismiss a declaration of Matthew Graham, who wholly owns SGCH and serves as its managing member. ECF No. 300-1. In it, Mr. Graham generally disavows contacts with Florida or California related to FTX by SGCH. He further states that he is an "authorized representative" of SGCL and testifies to the corporate distinction between the entities.

Given that SBF's trial was imminent, the Court granted in early October 2023 SBF's and the Government's previously filed request to stay discovery in these proceedings pending the completion of SBF's criminal trial. ECF Nos. 318, 336. The Court ruled, however, that Plaintiffs may seek to lift the stay and renew this request for jurisdictional discovery when SBF's trial was over. ECF No. 336. On November 2, 2023, the SBF trial concluded when the jury returned a verdict finding him guilty on all seven counts.

Plaintiffs opposed SGCH's motions to dismiss, including the Rule 12(b)(2) motion, on Monday, November 6, 2023. ECF No. 358. Because in preparing the opposition as well as oppositions to certain other MDL Defendants the Plaintiffs recognized that they were entitled to jurisdiction discovery under the law of this circuit, Plaintiffs had filed a Motion to Lift Discovery Stay and for Leave to Conduct Jurisdictional Discovery on Friday, November 3, 2023. ECF No. 348. Plaintiffs' opposition explained how the allegations in the complaint successfully set forth a prima facie case of personal jurisdiction as to SGCH. *Id.* With the opposition, Plaintiffs filed a declaration and exhibits thereto that established material factual disputes regarding the alleged distinctions between SGCH and SGCL and other Sino Global Capital entities, such as Sino Global

Capital Management LLC and other entities related the FTX-Sino Global Capital joint venture, Liquid Value Fund. *See id.*; ECF No. 348-1.

On December 18, 2023, this Court issued its Order granting in part Plaintiffs' Motion to Lift Discovery Stay and for Leave to Conduct Jurisdictional Discovery. ECF No. 422. The Court squarely considered *and rejected* SGCH's assertion that Plaintiffs had failed to plead a *prima facie* case of personal jurisdiction and, instead, recognized that Plaintiffs had pleaded jurisdiction arising from SGCH's commission of intentional torts and participation in civil conspiracy in Florida or California. *Id.* at 4. The Court held that the "disputed facts related to Plaintiffs' theories of personal jurisdiction"—here, with respect to SGCH, "whether allegations of civil conspiracy on behalf of Sino Global Capital may be imputed to Defendant Sino Global Capital Holdings"—"are intertwined with the merits" such that "Plaintiffs have a qualified right to jurisdictional discovery." *Id.* at 4-5. This Court afforded Plaintiffs forty-five days within which to complete the jurisdictional discovery. The Court further concluded that, if Plaintiffs obtained information via the jurisdictional discovery warranting amendment to their complaints or responsive pleadings (i.e., oppositions to the 12(b)(2) motions), then Plaintiffs may move to amend or file supplemental responses to the motions. *Id.* at 5-6. Magistrate Judge Eduardo I. Sanchez was assigned to address any discovery disputes. ECF No. 439.

In light of the Court's order, Plaintiffs issued discovery requests to SGCH within days and requested expedited responses thereto in order to meet the Court's deadlines. SGCH objected to the requested expedited schedule and insisted that it would provide responses in accordance with the Federal Rules. It further objected to Plaintiffs' requests as relating to the "merits" despite this Court's acknowledgement that, in this case, merits and jurisdictional issues are intertwined. Lastly, it insisted that the requested deposition was beyond the scope of this Court's order and stated that it would refuse to sit for one. Following an unsuccessful meet and confer, Plaintiffs filed a motion to compel, which Judge Sanchez granted in part following briefing and a hearing. *See* ECF Nos. 450, 454, 468, 478. Judge Sanchez's order required SGCH to produce "any contracts between Sino Global Capital Holdings, LLC and its subsidiaries and related entities (including Sino Global

Capital Limited) and FTX, FTX-related entities, and Alameda." ECF No. 478, at 3. It further required SGCH to "submit to a 4-hour deposition on personal jurisdiction, including those merits-intertwined factual disputes identified in Judge Moore's December 18, 2023 Order . . . concerning whether Plaintiffs' allegations of civil conspiracy concerning Sino Global Capital may be imputed to Sino Global Capital Holdings LLC." *Id.*

Three days after the hearing on the motion to compel, rather than answering Plaintiffs jurisdictional discovery—which would have related to both SGCH and SGCL given the imputation issue at hand—SGCH offered to withdraw its motion to dismiss for lack of personal jurisdiction in exchange for Plaintiffs' agreement to withdraw any jurisdictional discovery against SGCH. Plaintiffs indicated that they would agree if certain other conditions were also met, but SGCH refused and filed a notice with the Court withdrawing its Rule 12(b)(2) motion to dismiss. *See* ECF No. 482.

In accordance with the orders of this Court, Plaintiffs conducted jurisdictional discovery as to certain MDL Defendants, including Multinational VC Defendants Temasek Holdings (Private) Limited and Temasek International USA LLC. Plaintiffs conducted further investigation into relevant facts using publicly available information, such as SBF's criminal trial transcripts and exhibits. Lastly, in the wake of that trial, Plaintiffs conducted an aggressive campaign to engage SBF's associates, Caroline Ellison, Gary Wang, and Nishad Singh, and resolve the claims against them in exchange for an opportunity to pursue assets forfeited in conjunction with their guilty pleas as well as their cooperation in litigating Plaintiffs' claims against the MDL Defendants, including Sino Global Capital. Proffer sessions with Ellison, Wang, and Singh were fruitful, with Singh informing Plaintiffs that employees of Sino Global Capital or related entities worked out of FTX's offices in the Bahamas, further bolstering Plaintiffs' allegations as to Sino Global Capital's close relationship with SBF and FTX and resultant knowledge their wrongdoing. On February 16, 2024, Plaintiffs therefore filed a motion for leave to amend the Administrative Class Action Complaint to assert facts learned through jurisdictional discovery or otherwise during the jurisdictional discovery period and attached the proposed amended pleading. *See* ECF No. 493.

Plaintiffs continued their efforts to serve SGCL, and in January 2024 served a registered agent of Sino Global Capital Management LLC. SGCL responded by filing three motions to dismiss on February 21, 2024, including a motion to dismiss for lack of personal jurisdiction under Rule 12(b)(2) and a motion to dismiss for insufficient service under Rule 12(b)(5). *See* ECF Nos. 497, 498. Under instructions from this Court, Plaintiffs filed proof of service in the underlying action.

SGCL's Rule 12(b)(2) motion "fully adopts and incorporates by reference" SGCH's prior arguments against this Court's personal jurisdiction. ECF No. 498, at 2. It further specifies SGCL is a Hong Kong entity not subject to general jurisdiction in Florida or California; claims specific jurisdiction is lacking due to a lack of allegations of "tortious acts committed in Florida or California"; that its promotional activities cannot establish jurisdiction; that any involvement with FTX via the Liquid Value Fund joint venture is "irrelevant" because it cannot constitute a tortious act; and that Plaintiffs do not sufficiently plead jurisdiction under conspiracy or agency theories. *Id.* at 2-3. In support, Mr. Graham once again submits a declaration attesting to the purported corporate separateness between SGCL and other Sino Global Capital related entities as well as an alleged lack of operations in Florida or California. ECF No. 498-1. SGCL's Rule 12(b)(5) motion likewise rests upon alleged corporate separateness of the various Sino Global Capital related entities. *See* ECF No. 497.

Multinational VC Defendants requested additional time to oppose Plaintiffs' motion for leave to amend. Plaintiffs agreed but, in exchange, sought additional time to oppose SGCL's motions to dismiss. All parties agreed and sought a briefing schedule from this Court. ECF No. 508. The Court approved the briefing schedule. ECF No. 514. Plaintiffs' oppositions to SGCL's motions to dismiss will be filed in accordance with that order on March 20, 2024. It is in conjunction with these oppositions to SGCL's motions to dismiss (ECF Nos. 497, 498) Plaintiffs' original Administrative Class Action Complaint (ECF No. 182) that Plaintiffs file the instant request for jurisdictional discovery.

Plaintiffs' motion for alternative service as to SGCL and other MDL Defendants, ECF No. 280, remains pending at this time. Plaintiffs' motion for leave to file an amended complaint against Multinational VC Defendants, including SGCL, ECF No. 493, likewise remains pending. Plaintiffs note that, as to SGCL, Federal Rule of Civil Procedure 15(a)(1) grants them an amendment as of right given SGCL's stated service date of January 31, 2024, *see* ECF No. 497 ("[O]n January 31, 2024, Plaintiffs purported to serve the Summons and Complaints in the [underlying actions] on SG Capital Limited . . . ."), and Plaintiffs' amendment date of February 16, 2024. *See* Fed. R. Civ. P. 15(a)(1) (allowing amendment as of right within 21 days of service). Granting the amendment as to SGCL would obviate SGCL's three motions to dismiss as well as this related motion for jurisdictional discovery, although not the basis for Plaintiffs' request for jurisdictional discovery were SGCL to repeat the same arguments in response to Plaintiffs' amended complaint.

## LAW AND ARGUMENT

The law of this Circuit has long recognized a qualified right to jurisdictional discovery. *See Am. Civil Liberties, Union of Fla.*, 859 F.3d 1337, 1341 (11th Cir. 2017). The qualified right is afforded when (1) the movant timely moves for jurisdictional discovery and (2) the information the movant seeks, if it exists, would give rise to jurisdiction. *See Posner v. Essex Ins. Co., Ltd.*, 178 F.3d 1209, 1214 n.7 (11th Cir. 1999) (distinguishing cases referring to qualified right of jurisdictional discovery because in *Posner*, plaintiff absent a discovery stay failed to make discovery requests in the eight months between the time the complaint was filed and the time it was dismissed) (citing *Eaton v. Dorchester Dev., Inc.*, 692 F.2d 727, 729-31 (11th Cir. 1982); *Gleneagle Ship Mgmt. Co. v. Leondakos*, 602 So.2d 1282, 1284 (Fla. 1992)); *see also RMS Titanic, Inc. v. Kingsmen Creatives, Ltd.*, 579 F. App'x 779, 790 (11th Cir. 2014) ("Our case law suggests that federal courts should order limited jurisdictional discovery where the information plaintiff seeks, if it exists, would give rise to jurisdiction.").

Thus, courts in this circuit routinely permit limited jurisdictional discovery before ruling on a jurisdictional motion to dismiss. *See Happy Tax Franchising, LLC v. Hill*, Case No. 19-24539-CIV, 2020 WL 13221241, *1 (S.D. Fla. Jun 24, 2020) (granting leave to conduct jurisdictional

discovery prior to deciding motion to dismiss); *Kilma v. Carnival Corp.*, No. 08-20335-CIV, 2008 WL 4559231, at *1 (S.D. Fla. Oct. 10, 2008) (permitting jurisdictional discovery prior to ruling on a motion to dismiss) (Moore, J.); *Sierra Equity Group, Inc. v. White Oak Equity Partners, LLC*, No. 08-80017-CIV, 2008 WL. 1771857, *2 (S.D. Fla. Apr. 15, 2008) ("[J]urisdictional discovery will be useful to determine the actual extent of Defendants' contacts with Florida to determine whether this case can be resolved on its merits. Without factual discovery, the Court would be left to conjecture whether it could exercise jurisdiction over Defendants."); *Eaton*, 692 F.2d at 729 (holding it was premature to dismiss a claim for lack of jurisdiction where plaintiffs were not given an opportunity to elicit material through discovery to support a determination on jurisdiction); *Blanco v. Carigulf Lines*, 632 F.2d 656, 657 (5th Cir. 1980) (reversing a dismissal on jurisdictional grounds because "Plaintiff is not required to rely exclusively upon a defendant's affidavit for resolution of the jurisdictional issue" where the dismissal was entered before Plaintiff had an adequate opportunity to take jurisdictional discovery).

Moreover, as this Court has previously acknowledged, "'When facts that go to the merits and the court's jurisdiction are intertwined and genuinely in dispute,' the Court 'abuses its discretion if it completely denies a party jurisdictional discovery.'" R. Doc. 422, at p. 3 (citing *Am. Civ. Liberties Union of Fla.*, 859 F.3d at 1341); *see also Eaton*, 692 F.2d at 730; *Cohodes v. MiMedx Grp., Inc.*, No. 3:22-cv-00368-JD, 2022 WL 15523079, at *3 (N.D. Cal. Oct. 27, 2022) (citing *Boschetto v. Hansing*, 539 F.3d 1011, 1020 (9th Cir. 2008)).

Because Plaintiffs satisfy each of the factors giving rise to a right to jurisdictional discovery, this Court should grant Plaintiffs' Motion and permit them to conduct the same with respect to SGCL in the form attached hereto as Exhibit A.

**A. Plaintiffs assert a *prima facie* case of personal jurisdiction.**

As an initial matter, as this Court has already found, Plaintiffs successfully make out a *prima facie* case of personal jurisdiction against the Sino Global Capital defendants, SGCH and SGCL. *See* ECF No. 422.

Under Florida's long-arm statute, specific jurisdiction exists for claims arising out of certain discrete acts of a defendant that occur in Florida, including "[c]omitting a tortious act within this state." Fla. Stat. § 48.193(1)(a)(2) (2022). For purposes of this analysis, the issue is whether Defendants' tortious acts caused injury in Florida. *See Louis Vuitton Malleties, S.A. v. Mosseri*, 736 F.3d 1339, 1354 (11th Cir. 2013). Moreover, Florida courts have long recognized a conspiracy theory of jurisdiction—i.e., personal jurisdiction exists over a foreign defendant who engages in a conspiracy with coconspirators who undertake acts in furtherance of that conspiracy in Florida. *See, e.g.*, *Execu-Tech Bus. Sys., Inc. v. New Oji Paper Co.*, 752 So. 2d 582, 585 (Fla. 2000); *Bluegreen Vacations Unlimited, Inc. v. Montgomery L. Firm LLC*, 2022 WL 17987280, at *4 (S.D. Fla. June 17, 2022) (citing *United Techs. Corp. v. Mazer*, 556 F.3d 1260, 1281-82 (11th Cir. 2009)); *see also Quail Cruises Ship Mgmt., Ltd. v. Agencia de Viagens CVC Tur Limitada*, 2011 WL 5057203, at *3 (S.D. Fla. Oct. 24, 2011); *AXA Equitable Life Ins. Co. v. Infinity Fin. Grp., LLC*, 608 F. Supp. 2d 1349, 1356 (S.D. Fla. 2009). California law permits courts to exercise personal jurisdiction over defendants to the extent that it is consistent with due process. *See, e.g.*, *Vons Companies, Inc. v. Seabest Foods, Inc.*, 926 P.2d 1085, 1091 (1996).

To determine whether exercising personal jurisdiction over a nonresident defendant comports with due process, courts examine: (1) whether the claims "arise out of or relate to" at least one of the defendant's contacts with the forum; (2) whether the nonresident defendant "purposefully availed" himself of the privilege of conducting activities in the forum state, thus invoking the benefit of the forum state's laws; and (3) whether the exercise of jurisdiction comports with "traditional notions of fair play and substantial justice." *Louis Vuitton*, 736 F.3d at 1355; *Yahoo! Inc. v. La Ligue*, 433 F.3d 1199, 1206 (9th Cir. 2006).

Plaintiffs satisfy all requirements for personal jurisdiction over SGCL. Generally speaking, Plaintiffs allege that Sino Global Capital—including SGCL—aided and abetted the FTX fraud by providing funding to the FTX publicity campaign, which emanated from Florida, was in part paid for with FTX customer funds, and was so vital to the fraud, and itself contributed directly to such campaign with supportive Tweets, etc., despite knowing that the operation was a fraud. *See* ECF

No. 182, ¶¶ 281-91, 302 & ECF No. 182-1 (regarding FTX Miami headquarters and publicity emanating from Florida); ECF No. 182, ¶¶ 304–05, 318, 325-27, 344–45, 347, 351, 388 (regarding importance of publicity and partnership with Multinational VCs, including Sino Global Capital, and Liquid Value Fund); ECF No. 34 (alleging SGCL operates in the United States through SGCH). They further allege that Sino Global Capital benefited from the arrangement via FTX's contribution to and partnership on the Sino Global Capital-FTX joint venture, Liquid Value Fund. *See* ECF No. 182, ¶¶ 35, 253, 264, 315–18, 325-27. Additionally, FTX's domestic headquarters were located in Florida at the time of the fraud's collapse such that injury within this state was unavoidable, a fact which SGCL well knew. ECF No. 182, ¶¶ 9, 45, 121, 290. Plaintiffs further allege that Sino Global Capital engages in extensive business activities in California in conjunction with its investments in California technology companies, including in partnership with Alameda Research, an FTX entity. ECF No. 182, ¶ 34. Lastly, Plaintiffs include Florida and California residents who suffered injuries as a result of the FTX fraud. The foregoing sufficiently alleges Sino Global Capital's understanding that the alleged conspiracy involved acts in furtherance by coconspirators in Florida. *See, e.g.*, ECF No. 362, at 23-25 (demonstrating Plaintiffs sufficiently pleaded conspiracy). It further confirms that Sino Global Capital would have understood that its tortious conduct would cause injury in Florida and California. Due process and the laws of Florida and California require nothing more. *See, e.g.*, *See Licciardo v. Lovelady*, 544 F.3d 1280, 1283 (11th Cir. 2008) (holding that, under Florida law, a nonresident defendant commits "a tortious act within [Florida]" when he commits an act outside the state that causes injury within Florida); *see also* ECF No. 358 (detailing Plaintiffs' satisfaction of Florida and California's long-arm statutes as well as due process requirements).

**B. Plaintiffs' request for jurisdictional discovery is timely.**

Plaintiffs' request is timely. SGCL did not file any response to Plaintiffs' Administrative Class Action Complaint (ECF No. 182) until February 21, 2024. *See* ECF Nos. 497, 498, 499. In those responses, SGCL objects to this Court exercising personal jurisdiction over it. Plaintiffs' oppositions to SGCL's Rule 12 motions have not yet come due. *See* ECF No. 514. Thus, Plaintiffs'

request to conduct jurisdictional discovery as to SGCL is timely. *See* ECF No. 422 (holding timely Plaintiffs' request for jurisdictional discovery made one business day prior to Rule 12 opposition deadline).

**C. Plaintiffs raise a material factual dispute regarding this Court's jurisdiction.**

Lastly, Plaintiffs raise a material factual dispute with respect to this Court's personal jurisdiction over SGCL, which factual dispute likewise goes to the merits of Plaintiffs' claims.

SGCL's conclusory declarations in support of its Rule 12(b)(2) and (5) motions to dismiss largely hinge on SGCL's alleged lack of tortious conduct—i.e., contacts—in Florida or California *as well as* the purported corporate separateness between SGCL and other Sino Global Capital entities, such as SGCH. *See* ECF No. 498, at 3-4 (denying allegations of tortious conduct in Florida or California and idea that promotional activities or creation of Liquid Value Fund could form part of tortious conduct); *id.* at 4 (denying agency relationship amongst Sino Global Capital entities); ECF No. 497, at 2-3 (regarding distinction between SGCL and Sino Global Capital Management LLC).

Yet, Plaintiffs have previously argued that SGCL, SGCH, and other related entities—including but not limited to Sino Global Capital Management LLC and the several Liquid Value Fund entities—operate together as Sino Global Capital and have introduced documents evidencing the same. *See, e.g.*, ECF No. 358, at 7-9; ECF No. 358-1. When these entities are viewed collectively, this Court's jurisdiction over Sino Global Capital—and SGCL specifically—is even more clear. Although SGCL denies any presence in Florida, Sino Global Capital maintained multiple offices in Florida. First, SGCH used at least one "co-working space" in Florida, as Matthew Graham admitted in filings with this Court. *See* ECF No. 404-1, ¶ 5. Second, in relation to its joint venture with FTX (the Liquid Value Fund), Sino Global Capital advertised its presence in Miami, Florida, and Sino Global Capital Management LLC reported its "Principal Office and Place of Business" to the U.S. Securities and Exchange Commission as 1111 Brickell Avenue, 10th Floor, Miami, Florida 33131—the same building as FTX, *see* U.S. Bankr. Ct. Dist. Del. Case No. 22-11068 (the "FTX Bankr."), ECF No. 431-1—and indicated that it maintained regular operating

hours there. *See* ECF No. 358.-1, at pp. 14 (slide deck noting Miami location) & 45 (SEC filing noting Miami office and regular office hours). It is in part this Liquid Value Fund that Plaintiffs allege incentivized Sino Global Capital to assist SBF and FTX with the fraudulent scheme.

Importantly, multibillion-dollar-frauds do not occur in a vacuum. It is self-evident that SBF, Caroline Ellison, Gary Wang, and Nishad Singh—no matter how smart or ambitious—could not have built FTX to the scale it reached without the willing and knowing assistance of certain enablers, including Sino Global Capital. Though SGCL wishes to deny that any of its activities could be viewed as tortious, courts have recognized that the sort of assistance that Sino Global Capital provided to the FTX fraud constitutes tortious conduct when it is paired with an awareness of the underlying wrongdoing. *See, e.g.*, *In re First Alliance Mortg. Co.*, 471 F.3d 977, 994-95 (9th Cir. 2006) (holding that providing funding that helps to keep a fraud afloat and therefore to perpetuate the same may constitute "substantial assistance" when paired with knowledge of wrongdoing); *Mogollon v. Bank of New York Mellon*, No. 3:19-CV-3070-N, 2023 WL 5106771, at *4 (N.D. Tex. Aug. 9, 2023) (holding the plaintiffs adequately pleaded substantial assistance prong of aiding and abetting claim where they alleged the defendant provided, inter alia, "reputational enhancement"). Thus, given SGCL's denials, jurisdictional discovery into Sino Global Capital's conduct as alleged in Plaintiffs' Administrative Class Action Complaint as well as that conduct's relation to Florida and California is warranted.

## CONCLUSION

For the foregoing reasons, Plaintiffs very respectfully request that the Court grant this Motion and enter an order granting leave for Plaintiffs to: (1) lift the stay of discovery in these proceedings now that Sam Bankman-Fried's trial has concluded; (2) conduct jurisdictional discovery in the manner described above and attached hereto as Exhibit A within sixty (90) days of the Court's order on this Motion, which 90-day window is necessary in order to afford the parties sufficient time to address inevitable discovery disputes with Judge Sanchez as well as to conduct the jurisdictional discovery; and (3) to file any amendments to the oppositions to SGCL's pending

motions to dismiss (ECF Nos. 497, 498) within twenty (20) days after completing that brief jurisdictional discovery.

**S.D. FLA. L.R. 7.1 CERTIFICATION**

Plaintiffs' Counsel certify that they have conferred with Counsel for Defendant Sino Global Capital Limited in a good faith effort to resolve the issues raised in this Motion, and report that Sino Global Capital Limited opposes the requested relief.

Dated: March 19, 2024.

Respectfully submitted,

**By: */s/ Adam Moskowitz***
Adam M. Moskowitz
Florida Bar No. 984280
Joseph M. Kaye
Florida Bar No. 117520
**THE MOSKOWITZ LAW FIRM, PLLC**
Continental Plaza
3250 Mary Street, Suite 202
Coconut Grove, FL 33133
Office: (305) 740-1423
adam@moskowitz-law.com
joseph@moskowitz-law.com
service@moskowitz-law.com

***Co-Lead Counsel***

**By: */s/ David Boies***
David Boies
Alexander Boies
Brooke A. Alexander
**BOIES SCHILLER FLEXNER LLP**
333 Main Street
Armonk, NY 10504
914-749-8200
dboies@bsfllp.com
aboies@bsfllp.com
balexander@bsfllp.com

***Co-Lead Counsel***

Joseph R. Saveri
Christopher Young
Itak K. Moradi
**JOSEPH SAVERI LAW FIRM**
601 California Street, Suite 1000
San Francisco, CA 94108
Telephone: (415) 500-6800
jsaveri@saverilawfirm.com
cyoung@saverilawfirm.com
imoradi@saverilawfirm.com

***Counsel to Plaintiffs and the Putative Classes***

James R. Swanson, La. Bar No. 18455
Kerry J. Miller, La. Bar. No. 24562
Molly L. Wells, La. Bar. No. 36721
C. Hogan Paschal, La. Bar No. 38495
**FISHMAN HAYGOOD L.L.P.**
201 St. Charles Avenue, 46th Floor
New Orleans, Louisiana 70170-4600
(504) 586-5252; (504) 586-5250 fax
jswanson@fishmanhaygood.com
kmiller@fishmanhaygood.com
mwells@fishmanhaygood.com
hpaschal@fishmanhaygood.com

Robert Lieff
P.O. Drawer A
Rutherford, CA 94573
rlieff@lieff.com

***Counsel to Plaintiffs and the Putative Classes***

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on March 19, 2024, a true and correct copy of the foregoing was filed electronically with the Clerk of the Court, by using the CM/ECF system which will send an electronic notification of such filing to all counsel of record.

By: */s/ Adam M. Moskowitz*
Adam M. Moskowitz