**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**
**MIAMI DIVISION**
MDL No. 3076
Case No. 1:23-md-03076-KMM

**IN RE:**
**FTX Cryptocurrency Exchange Collapse Litigation**

THIS DOCUMENT RELATES TO:

Multinational VC Defendants

*O'Keefe v. Temasek Holdings (Private) Ltd., et al.*, N.D. Cal. Case No. 3:23-cv-3655

*Chernyavsky et al. v. Temasek Holdings (Private) Ltd., et al.*, S.D. Fla. Case No. 1:23-cv-22960

*Cabo et al. v. Temasek Holdings (Private) Ltd. et al.*, N.D. Cal. Case No. 3:23-cv-03974

**PLAINTIFFS' OPPOSITION TO SINO GLOBAL CAPITAL LIMITED'S MOTION TO DISMISS THE [CORRECTED] ADMINISTRATIVE CLASS ACTION COMPLAINT <u>FOR FAILURE TO STATE A CLAIM</u>**

Because Sino Global Capital Limited (SGCL) filed this motion to dismiss after the Plaintiffs moved for leave to amend (ECF No. 493), the Court should defer any decision until ruling on the motion for leave. SGCL recycles arguments from foreign VC defendants' prior motion to dismiss, ECF No. 303, so Plaintiffs incorporate their opposition in full. ECF No. 362.

SGCL's new arguments to dismiss for failure to state a claim also fail. Contrary to SGCL's arguments, the Complaint includes detailed allegations about the diligence that SGCL undertook, including public statements the company made about the degree and thoroughness of said diligence, and alleges that SGCL either knew about the fraud at FTX, including improper transfers from FTX to Alameda, or turned a blind eye to it. ECF No. 182 ¶¶ 257, 259, 261. SGCL also argues that its Liquid Value Fund is not connected to claims in the complaint, but the Complaint alleges that FTX's investment in the Liquid Value Fund resulted in customer funds flowing from FTX to SGCL through Alameda, despite the diligence SGCL undertook in connection with its own investment in FTX, as well as the "know your customer" diligence in connection with FTX's roundtrip cross-investment in SGCL. The Court should deny this motion to dismiss.

## **ARGUMENT**

### A. The Court Should Defer This Motion Pending the Motion to Amend

Last month, Plaintiffs moved for leave to amend the Complaint Against Multinational VC Defendants (ECF No. 493) with respect to SGCL and others. If the Court grants leave, then SGCL's motion to dismiss the original complaint is moot. Even if SGCL were to prevail, Plaintiffs would move to file the same proposed FAC. SGCL has unnecessarily created a procedurally convoluted situation.[1]

### B. For the Reasons Previously, Set Forth in Plaintiffs' Opposition to the Joint Motion to Dismiss, the Court Should Deny SGCL's Motion to Dismiss

SGCL states it originally did not join the Multinational VC's motion to dismiss for failure

---

[1] *See Rivers v Walt Disney Co*., 980 F. Supp.1358, 1360 (C.D. Cal. 1997) (Court's inherent power to stay is "incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants.") (citing *Landis v. N. Am. Co.,* 299 U.S. 248, 254 (1936)).

1

to state a claim because it had not yet been served, and so adopts and incorporates it now. In response, Plaintiffs adopt and incorporate their opposition to the joint motion, and SGCL's motion should likewise be denied (ECF No. 303). Plaintiffs' opposition noted that Defendants had access to and knowledge of FTX's corporate structure, transactions, and lack of internal controls because of the due diligence that they conducted as part of their investments in FTX. Id. at 2-4.

### C. The Court Should Reject SGCL's Additional Arguments

SGCL also raises two arguments unique to SGCL. First, SGCL argues there are no specific allegations of the actual diligence performed by SGCL as to FTX, there are no allegations that SGCL's diligence uncovered that FTX was fraudulent, and that, in any event, such an allegation would be utterly nonsensical because no investor would invest millions of dollars in an entity it knew was fraudulent. But such self-serving conclusions fall flat. Of course, many investors invest in entities they know or suspect are fraudulent if they believe they can obtain a profit from their investment. As Plaintiffs argued in their opposition to the joint MTD:

> Defendants were presented with repeated opportunities to determine that FTX was fraudulent. Whether they didn't care at the outset or found out when it was too late, each Defendant was incentivized to prop up FTX and overlook or hide the sloppy internal controls and other regulatory issues while quietly pushing the company towards an IPO, and thereby impliedly agreed to assist FTX in its multiple forms of wrongful conduct.

ECF No. 362 at 24-25.

SGCL's arguments regarding diligence are belied by the allegations set forth in the Complaint. The Complaint expressly alleges: "To be sure, the slide deck that Sino Global prepared to pitch its Liquid Value Fund 1. . . . highlight the knowledge that Sino Global acquired in the course of its relationship with SBF [Sam Bankman-Fried]and his companies" demonstrating that SGCL knew that SBF owned and controlled both FTX and Alameda." ECF No. 182, ¶ 257. The Complaint also alleges that by employing in-depth diligence standard in the industry, the Multinational VC Defendants knew SBF was misappropriating Class Member funds, noting that they could see that: (1) FTX was closely and improperly interconnected with Alameda; (2) FTX granted Alameda exemptions and other special treatment that allowed Alameda to engage in

2

margin trading and other risky activity on the FTX platform, exposing Class Members to Alameda's risk of loss; (3) FTX's projections were unsubstantiated; and (4) FTX lacked critical internal controls, like separate accounts for Class Member funds, an independent board of directors, or a CFO. ECF No. 182, ¶¶ 257, 259, 261.

Second, SGCL argues that allegations regarding the Liquid Value Fund (LVF) do not demonstrate any viable claim. But the complaint includes detailed allegations about the round trip of funds. SGCL invested in FTX, FTX used customer funds to fund the LVF and the LVF churned and propped up FTT and other FTX related tokens. *Id.* ¶ 443. Sino Global would have undertaken diligence of SBF, FTX, and Alameda, because of the FTX Group's investments and participation in Sino Global's LVF 1. As is standard in the industry, private funds employ KYC and AML programs to detect fraud or other illicit activity among the fund's investors, including basic diligence to identify the risks associated with any money flowing into the fund, related party transactions, executive overlap and relationships, as well as monitoring thereafter to identify suspicious activity among its investors" *Id.* ¶ 256.  The Complaint also notes "Sino Global's managing partner Matthew Graham and SBF worked hand-in-hand to pitch the fund, and touted FTX—including . . . "high profile sponsorships of Miami Heat Areana and star athletes, including Tom Brady, Steph Curry and Lewis Hamilton," *id.* ¶ 248, and other similar detailed allegations regarding due diligence and promotion.  *See Id.* ¶¶ 35, 246, 247. In addition to Matthew Graham's statements that SGCL conducted "a hell of a lot of due diligence," *id.* ¶ 184, Plaintiffs discovered that SGC employees were working out of FTX's offices, and SGCM's Miami principal office was in the same building as FTX, based upon evidence obtained subsequent to the filing of the complaint. SGCL took funds from FTX despite knowing about the improper transfer of customer funds from FTX to Alameda, and, given the solvency of FTX, that the funds that SGCL took were from FTX customer accounts, and also traded in FTX related tokens. *Id.* ¶¶ 35, 443.

## **CONCLUSION**

The Court should defer any decision on SGCL's 12(b)(6) motion pending an order on Plaintiffs' motion for leave to amend the complaint, or alternatively should deny SGCL's motion.

3

## REQUEST FOR ORAL ARGUMENT

Plaintiffs respectfully request that the Court hear oral argument on this opposition to Sino Global's Motion, and respectfully submit that thirty minutes should be sufficient for all Parties.

Dated: March 20, 2024

**By:** */s/ Adam Moskowitz*
Adam M. Moskowitz
Florida Bar No. 984280
Joseph M. Kaye
Florida Bar No. 117520
**THE MOSKOWITZ LAW FIRM, PLLC**
Continental Plaza
3250 Mary Street, Suite 202
Coconut Grove, FL 33133
Office: (305) 740-1423
adam@moskowitz-law.com
joseph@moskowitz-law.com
service@moskowitz-law.com

*Co-Lead Counsel*

James R. Swanson, La. Bar No. 18455
Kerry J. Miller, La. Bar. No. 24562
Molly L. Wells, La. Bar. No. 36721
C. Hogan Paschal, La. Bar No. 38495
**FISHMAN HAYGOOD L.L.P.**
201 St. Charles Avenue, 46th Floor
New Orleans, Louisiana 70170-4600
(504) 586-5252; (504) 586-5250 fax
jswanson@fishmanhaygood.com
kmiller@fishmanhaygood.com
mwells@fishmanhaygood.com
hpaschal@fishmanhaygood.com

Robert Lieff
P.O. Drawer A
Rutherford, CA 94573
rlieff@lieff.com

*Counsel to Plaintiffs and the Putative Classes*

Respectfully submitted,

**By:** */s/ David Boies*
David Boies
Alexander Boies
Brooke A. Alexander
**BOIES SCHILLER FLEXNER LLP**
333 Main Street
Armonk, NY 10504
914-749-8200
dboies@bsfllp.com
aboies@bsfllp.com
balexander@bsfllp.com

*Co-Lead Counsel*

Joseph R. Saveri
Christopher Young
Itak K. Moradi
**JOSEPH SAVERI LAW FIRM**
601 California Street, Suite 1000
San Francisco, CA 94108
Telephone: (415) 500-6800
jsaveri@saverilawfirm.com
cyoung@saverilawfirm.com
imoradi@saverilawfirm.com

*Counsel to Plaintiffs and the Putative Classes*

## **CERTIFICATE OF SERVICE**

I hereby certify that a true and correct copy of the forgoing was filed on March 20, 2024, via the Court's CM/ECF system, which will send notification of such filing to all attorneys of record.

By: */s/ Adam Moskowitz*
Adam Moskowitz