**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**
**MIAMI DIVISION**
MDL No. 3076
Case No. 1:23-md-03076-KMM

IN RE:
**FTX Cryptocurrency Exchange Collapse Litigation**

THIS DOCUMENT RELATES TO:

Multinational VC Defendants

*O'Keefe v. Temasek Holdings (Private) Ltd., et al.*, N.D. Cal. Case No. 3:23-cv-3655

*Chernyavsky et al. v. Temasek Holdings (Private) Ltd., et al.*, S.D. Fla. Case No. 1:23-cv-22960

*Cabo et al. v. Temasek Holdings (Private) Ltd. et al.*, N.D. Cal. Case No. 3:23-cv-03974

**PLAINTIFFS' OPPOSITION TO DEFENDANT SINO GLOBAL CAPITAL LIMITED'S MOTION TO DISMISS THE [CORRECTED] ADMINISTRATIVE CLASS ACTION <u>COMPLAINT FOR LACK OF PERSONAL JURISDICTION</u>**

The Court should deny Defendant Sino Global Capital Limited's ("SGCL") Motion to Dismiss the [Corrected] Administrative Class Action Complaint for Lack of Personal Jurisdiction (ECF No. 498). Plaintiffs filed a motion for leave to file an amended complaint against the multinational VC defendants (ECF No. 493), which seeks to update jurisdictional and other facts adduced during the period afforded to Plaintiffs to conduct jurisdictional discovery. That pending filing effectively moots this motion. SGCL's decision to proceed with filing it only highlights its continued gamesmanship in this case, with respect to both service (*see* Plaintiffs' concurrently filed opposition to SGCL's motion to dismiss for insufficient service under Fed. R. Civ. P. 12(b)(5)) *and* jurisdiction. As an example of the latter, after this Court granted Plaintiffs' motion seeking limited jurisdictional discovery against SGCL's subsidiary, Defendant SGC Holdings LLC ("SGCH"), SGCH instead chose to withdraw its challenge to personal jurisdiction (ECF No. 482), in a transparent attempt to avoid fielding additional discovery about SGCL's jurisdictional ties. This evasive conduct strains judicial resources and the Court should not reward them for it.

The Court should deny SGCL's motion for the reasons stated here, and for those Plaintiffs provided in their opposition to the Multinational VC's motion to dismiss the Complaint for lack of personal jurisdiction, which is fully incorporated here by reference. *See* ECF No. 358.

I. **FACTS**

Though Matthew Graham and Sino Global Capital do not themselves materially distinguish between Sino Global Capital "Limited," "Holdings," and "Management"— based on the record to date, their website, in SEC filings, or on social media—Graham and SGCL now disavow any connection with Florida, where Sino Global Capital Management LLC ("SGCM") is located. ECF No. 498-1 ¶¶ 21, 22 (Matthew Graham Declaration). SGCM may not have been named in the Complaint, but the $200 million Liquid Value Fund, for which SGCM exclusively served as a registered investment adviser, is. ECF No. 182, ¶¶ 35, 253, 264, 325–27; *See* Declaration of Adam Moskowitz filed in support of Plaintiffs' concurrent opposition to SGCL's motion to dismiss for insufficient service, ¶¶ 4–7 ("Decl."). SGCM's investment adviser registration shows it is physically located in Miami, Florida, and maintains regular business hours

there, that Matthew Graham owns 75% or more of it and is its "managing member," that it listed its website as that of Sino Global Capital Ltd., and that its general partner is an entity called Liquid Value GP Limited. *Id*. Liquid Value GP Limited is owned and run by Graham and two other SGCL employees. *Id.* Liquid Value GP Limited is owned indirectly by Graham through Defendant Sino Global Capital Holdings, a Delaware holding company he owns outright. *Id*.

Graham is not merely an "authorized representative" of SGCL, as he states in his declaration (ECF No. 498-1 ¶ 1)—he is its founder, controlling shareholder, managing partner and CEO. Decl. at ¶ 3. Graham wants to downplay his role because he owns and controls both SGCL and SGCM, both of which were involved in the FTX conspiracy.  SGCL, (which has changed its name to "Ryze Labs" since the FTX collapse) is not a large investment firm – it does not list a physical address, nor has it ever, and currently lists just nine team members on its web site. As alleged, it participated in the funding of FTX's Series B round of funding in the "mid-seven figures." ECF No. 182, ¶¶ 253, 345. And as alleged, Graham and "Sino Global Capital" partnered with Sam Bankman-Fried and FTX to create the Liquid Value Fund (with FTX customer funds routed through Alameda). *Id*. ¶¶ 35, 316–18, 326–27. Matthew Graham had complete ownership and control of SGCM in Florida and operated from there to benefit Sino Global Capital's partnership with FTX's in the Liquid Value Fund and SGCL's investment in FTX.

The Complaint further alleges SGCL has offices in California and a number of investments in California. Indeed, it has at least one "investment officer" located in the California Bay Area to manage SGCL's California investments. *See* ECF No. 182, ¶ 34; ECF No. 360-1, Ex. A.

## II.      CALIFORNIA AND FLORIDA HAVE PERSONAL JURISDICTION

**Florida's** long-arm statute confers specific jurisdiction over a non-resident defendant if the claim asserted against the defendant arises from its forum-related contacts and if those contacts fall in one of the nine enumerated categories listed under section 48.193(1)(a), Florida Statutes. *Med-X Glob., LLC v. SunMed Int'l, LLC,* No. 19-20722-CIV, 2021 WL 3772673, at *3 (S.D. Fla. Aug. 25, 2021). These acts include: "[o]perating, conducting, engaging in, or carrying on a business or business venture in this state or having an office or agency in this state." FLA. STAT.

2

48.193(1)(a)(1). Courts further have personal jurisdiction over a non-resident defendant if the defendant (1) engages in tortious conduct in-state or (2) participates in a civil conspiracy where at least one act in furtherance occurred in the state. See, e.g., *Louis Vuitton Malletier, S.A. v. Mosseri,* 736 F.3d 1339, 1353 (11th Cir. 2013) (regarding tortious conduct); *AXA Equitable Life Ins. Co. v. Infinity Fin. Grp.,* LLC, 608 F. Supp. 2d 1349, 1354 (S.D. Fla. 2009) (regarding conspiracy jurisdiction).

Plaintiffs allege that Matthew Graham participated in the conspiracy in Florida for the benefit of Sino Global Ltd. to the extent he raised money for the Liquid Value Fund from Sino Global Capital's office in Miami. SGCM is an alter-ego, or, at minimum, an agent of SGCL, created by Matthew Graham in Florida specifically to raise money for the Liquid Value Fund, which he created with FTX to churn the FTX tokens at issue and further the alleged conspiracy. Compl. ¶ 35. Plaintiffs also allege many acts in the State of Florida by FTX and Sam Bankman-Fried in further of the civil conspiracy in which SGCL participated. Compl. ¶¶ 281-302. These facts are enough to confer personal jurisdiction under Florida law.

**California's** long-arm statute authorizes jurisdiction on any basis not inconsistent with the state or federal Constitutions. *Juniper Networks, Inc. v. Juniper Media, LLC,* No. C 11-03906 WHA, 2012 WL 160248, at *1 (N.D. Cal. Jan. 17, 2012). Here Plaintiffs allege SGCL invests in a number of California companies, such that they have a full time "investment officer" in the Bay Area. *See* ECF No. 182, ¶ 34; ECF No. 360-1, Ex. A. This is enough to confer general jurisdiction of California courts over SGCL or justify jurisdictional discovery. *Forouhar v. Statoil, ASA*, No. 410CV03623SBANJV, 2011 WL 13258079, at *3 (N.D. Cal. Mar. 7, 2011)(finding basis for personal jurisdiction due to defendant's connections with California, including "investments," and "business partnerships").

For the foregoing reasons, the Court should deny SGCL's motion.

## REQUEST FOR ORAL ARGUMENT

Plaintiffs respectfully request that the Court hear oral argument on this opposition to Sino Global's Motion, and respectfully submit that thirty minutes should be sufficient for all Parties.

Dated: March 20, 2024

Respectfully submitted,

**By: */s/ Adam Moskowitz***
Adam M. Moskowitz
Florida Bar No. 984280
Joseph M. Kaye
Florida Bar No. 117520
**THE MOSKOWITZ LAW FIRM, PLLC**
Continental Plaza
3250 Mary Street, Suite 202
Coconut Grove, FL 33133
Office: (305) 740-1423
adam@moskowitz-law.com
joseph@moskowitz-law.com
service@moskowitz-law.com

*Co-Lead Counsel*

**By: */s/ David Boies***
David Boies
Alexander Boies
Brooke A. Alexander
**BOIES SCHILLER FLEXNER LLP**
333 Main Street
Armonk, NY 10504
914-749-8200
dboies@bsfllp.com
aboies@bsfllp.com
balexander@bsfllp.com

*Co-Lead Counsel*

James R. Swanson, La. Bar No. 18455
Kerry J. Miller, La. Bar. No. 24562
Molly L. Wells, La. Bar. No. 36721
C. Hogan Paschal, La. Bar No. 38495
**FISHMAN HAYGOOD L.L.P.**
201 St. Charles Avenue, 46th Floor
New Orleans, Louisiana 70170-4600
(504) 586-5252; (504) 586-5250 fax
jswanson@fishmanhaygood.com
kmiller@fishmanhaygood.com
mwells@fishmanhaygood.com
hpaschal@fishmanhaygood.com

Robert Lieff
P.O. Drawer A
Rutherford, CA 94573
rlieff@lieff.com

*Counsel to Plaintiffs and the Putative Classes*

Joseph R. Saveri
Christopher Young
Itak K. Moradi
**JOSEPH SAVERI LAW FIRM**
601 California Street, Suite 1000
San Francisco, CA 94108
Telephone: (415) 500-6800
jsaveri@saverilawfirm.com
cyoung@saverilawfirm.com
imoradi@saverilawfirm.com

*Counsel to Plaintiffs and the Putative Classes*

4

5

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the forgoing was filed on March 20, 2024, via the Court's CM/ECF system, which will send notification of such filing to all attorneys of record.

By: */s/ Adam Moskowitz*

Adam Moskowitz