UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION
MDL No. 3076
Case No. 1:23-md-03076-KMM

IN RE:
**FTX Cryptocurrency Exchange Collapse Litigation**

THIS DOCUMENT RELATES TO:

Multinational VC Defendants

*O'Keefe v. Temasek Holdings (Private) Ltd., et al.*, N.D. Cal. Case No. 3:23-cv-3655

*Chernyavsky et al. v. Temasek Holdings (Private) Ltd., et al.*, S.D. Fla. Case No. 1:23-cv-22960

*Cabo et al. v. Temasek Holdings (Private) Ltd. et al.*, N.D. Cal. Case No. 3:23-cv-03974

**PLAINTIFFS' OPPOSITION TO DEFENDANT SINO GLOBAL CAPITAL LIMITED'S MOTION TO DISMISS THE [CORRECTED] ADMINISTRATIVE CLASS ACTION COMPLAINT FOR INSUFFICIENT SERVICE OF PROCESS**

The Court should deny Defendant Sino Global Capital Limited's ("SGCL") Motion to Dismiss the [Corrected] Administrative Class Action Complaint for Insufficient Service of Process (ECF No. 497) for three reasons: (1) Plaintiffs served SGCL through one of its several agents on January 31, 2024[1]; (2) despite consistently participating in this case, being on notice of the allegations against it, and being afforded a fair opportunity to respond, the Sino Global entities have continually tried to evade or challenge service since Fall 2023 at the blatant expense of judicial resources (*see, e.g.,* ECF No. 360); and, (3) even if the Court finds service insufficient, it has broad discretion to simply direct Plaintiffs to re-effectuate service in any manner the Court deems appropriate under these circumstances. *See* 5B Wright & Miller, Fed. Prac. & Proc. Civ. § 1354. Given these facts and SGCL's foreign and internet-centric presence, Plaintiffs also have a pending motion to serve SGCL by alternative means (ECF No. 280), which, if granted, would obviate this dispute.

I.     **RELEVANT FACTS**

**Sino Global's Involvement**. Matthew Graham is the founder, managing partner, and CEO of SGCL. SGCL is a Hong Kong-based investment firm that—contrary to Mathew Graham's declaration in support of his company's motion to dismiss for lack or jurisdiction, ECF No. 498-1—has California employees and invests in blockchain technologies in California. *See* ECF No. 182, ¶ 34; ECF No. 360-1, Ex. A. Plaintiffs named SGCL and its wholly owned U.S. subsidiary Sino Global Capital Holdings ("SGCH") as Defendants for their role in aiding, abetting, and facilitating the FTX fraud. Such conduct included, *inter alia*, publicly touting FTX and Sam Bankman-Fried, pouring millions of dollars into FTX, and partnering with FTX to open its Liquid Value I Fund—with FTX customer funds, routed through Alameda—to "invest" in the same FTT and SOL coins at issue in this litigation. ECF No. 182, ¶¶ 34–37, 253, 307, 308, 316–18, 325–28.

**Plaintiffs' Service Attempts.** Plaintiffs first served SGCH in August 2023. ECF No. 360-1, Ex. B. After SGCH appeared the next month, Plaintiffs asked it to waive service for SGCL, as the entities had one counsel; they refused. *Id.*, Ex. C. In October 2023, Plaintiffs tried to serve Patrick

---

[1] Plaintiffs filed executed proofs of service and summons in the *Cabo* and *Chernyavsky* matters in their original venue and in this MDL, respectively, per this Court's clerk's instruction.

Loney, who SGCL listed as its General Counsel before changing its website, at the business address he lists on his Washington State Bar profile. This turned out to be his parents' home, and Mr. Loney informed the process server he would avoid service "at all costs." ECF No. 360, fn. 4–5; 360-1, Exs. D–E. Mr. Graham's suggestion that Plaintiffs engaged in "improper behavior" in serving Mr. Loney (ECF 497-1 ¶ 8), falls flat given both Mr. Loney and Mr. Graham's attempts to evade service on behalf of the Sino Global entities. That same month, Plaintiffs filed a motion to serve SGCL with process through alternate means pursuant to F.R.C.P. 4(f)(3) as a foreign defendant. ECF No. 280.

While awaiting the outcome of its motion for alternate service, on January 31, 2024, Plaintiffs decided to again attempt service on SGCL by serving SGCH, as an agent of SGCL, at its Delaware address. However, the notice of service of process that SGCL has filed in support of the instant motion shows that the entity Plaintiffs served was in fact **SGCM**—Sino Global Capital Management, LLC ("SGCM"). In other words, SGCH and SGCM share one agent address. *See* ECF No. 497-1, 497-2; Declaration of Adam Moskowitz filed in support ("Decl.") ¶ 2, Exs. A–B; fn.1.

SGCM is a Miami-based registered Investment Advisor that Matthew Graham created to raise money for the Liquid Value Fund at issue in this matter. In February 2024, Plaintiffs moved for leave to amend their complaint, and to name SGCM and other entities for their newly discovered roles in the scheme. *See* ECF No. 493.

In sum: Defendant SGCH has been served; Plaintiffs tried to serve Defendant SGCL through its general counsel; Given SGCL's lack of physical address, foreign presence, and internet-centric profile, Plaintiffs have asked the Court allow service of SGCL by email as a foreign defendant; and Plaintiffs recently effectuated service on SGCL through yet another agent and putative defendant, SGCM. Meanwhile, Matthew Graham, as founder, owner, control person, and managing member of all these entities (Decl. ¶ 3, Exs. C, D), has filed multiple declarations in the matter for purposes of curtailing this litigation. *See* ECF Nos. 300-1, 497-1, 498-1.

## II. PLAINTIFFS HAVE SUCCESSFULLY SERVED SGCL

SGCL's claim that Plaintiffs have not successfully served it is wrong. SGCM is an alter ego of SGCL or, at minimum, its agent. SGCM serves the exclusive purpose of acting as an investment

2

adviser and raising money in the United States for Matthew Graham and SGCL's Liquid Value Fund. *See Sinaltrainal, Est. of Gil v. Coca-Cola Co.*, No. 01-3208-CIV., 2003 WL 1846195, at *1, n.1 (S.D. Fla. Mar. 31, 2003) (service of process on a resident alter ego defendant is effective service on non-resident defendants). *See* Decl. ¶¶ 3–7, Exs. D–G. There is no litmus test for determining whether a company is the alter ego of another; rather, a court must look to the "heavily fact-specific" totality of the circumstances. *United Steelworkers of Am., AFL-CIO-CLC v. Connors Steel Co.,* 855 F.2d 1499, 1506 (11th Cir. 1988) (listing "alter ego" factors that apply to the instant case, including common stock ownership, common directors and officers, common financing, who pays the salaries, whether the parent provides all the business to the other). Matthew Graham founded, incorporated, owns, operates, funds, provides the business for, and provided the employees for SGCM to serve the exclusive interests of SGCL's Liquid Value Fund in the United States. *See* Decl. ¶¶ 4–7, Exs. E–G.

At minimum, SGCM is an agent of SGCL. *See* Fed R. Civ. P. 4(h) (allowing service on agents and officers of foreign corporations). "Under Florida law, a corporation, domestic or foreign, may be served through its officers, directors, managers, or through a business agent residing in the state. Fla. Stat. § 48.081(1)(a)-(d). If a foreign corporation has none of the foregoing officers or agents in the state, substituted service may be made upon any agent transacting business for it in this state. Fla. Stat. § 48.081(2)." *Torres v. Int'l Lifestyles, Inc.,* No. 04-61729-CIV, 2005 WL 8155312, at *2 (S.D. Fla. Sept. 29, 2005) ("for substituted service to be effective, a plaintiff must allege sufficient facts that the non-resident defendant was doing business in Florida, and that the cause of action sued upon arose out of such business."). Here, Graham and his company SGCL are alleged to have started the Liquid Value Fund as part of Graham's scheme with Sam Bankman-Fried, to funnel FTX customer money through Alameda entities to start and seed the Liquid Value Fund. ECF No. 182, ¶¶ 264, 316-18, 325-28. Graham refers to SGCM as "another Sino Global entity" in his declaration. ECF No. 497-1, ¶ 6. SGCM is a Florida company, created, owned and operated by Matthew Graham, whose sole purpose is to advise the Liquid Value Fund. Decl. ¶¶ 4–5, Exs. E–F. The Court should deny SGCL's nettlesome motion. Alternatively, should the Court deem service ineffective, Plaintiffs request that it grant their pending motion for alternate service. ECF No. 280.

3

## REQUEST FOR ORAL ARGUMENT

Plaintiffs respectfully request that the Court hear oral argument on this opposition to Sino Global's Motion, and respectfully submit that thirty minutes should be sufficient for all Parties.

| | |
|---|---|
| Dated: March 20, 2024 | Respectfully submitted, |
| | |
| **By:** */s/ Adam Moskowitz* | **By:** */s/ David Boies* |
| Adam M. Moskowitz | David Boies |
| Florida Bar No. 984280 | Alexander Boies |
| Joseph M. Kaye | Brooke A. Alexander |
| Florida Bar No. 117520 | **BOIES SCHILLER FLEXNER LLP** |
| **THE MOSKOWITZ LAW FIRM, PLLC** | 333 Main Street |
| Continental Plaza | Armonk, NY 10504 |
| 3250 Mary Street, Suite 202 | 914-749-8200 |
| Coconut Grove, FL 33133 | dboies@bsfllp.com |
| Office: (305) 740-1423 | aboies@bsfllp.com |
| adam@moskowitz-law.com | balexander@bsfllp.com |
| joseph@moskowitz-law.com | |
| service@moskowitz-law.com | *Co-Lead Counsel* |
| | |
| *Co-Lead Counsel* | |
| | |
| James R. Swanson, La. Bar No. 18455 | Joseph R. Saveri |
| Kerry J. Miller, La. Bar. No. 24562 | Christopher Young |
| Molly L. Wells, La. Bar. No. 36721 | Itak K. Moradi |
| C. Hogan Paschal, La. Bar. No. 38495 | **JOSEPH SAVERI LAW FIRM** |
| **FISHMAN HAYGOOD L.L.P.** | 601 California Street, Suite 1000 |
| 201 St. Charles Avenue, 46th Floor | San Francisco, CA 94108 |
| New Orleans, Louisiana 70170-4600 | Telephone: (415) 500-6800 |
| (504) 586-5252; (504) 586-5250 fax | jsaveri@saverilawfirm.com |
| jswanson@fishmanhaygood.com | cyoung@saverilawfirm.com |
| kmiller@fishmanhaygood.com | imoradi@saverilawfirm.com |
| mwells@fishmanhaygood.com | |
| hpaschal@fishmanhaygood.com | *Counsel to Plaintiffs and the Putative Classes* |
| | |
| Robert Lieff | |
| P.O. Drawer A | |
| Rutherford, CA 94573 | |
| rlieff@lieff.com | |
| | |
| *Counsel to Plaintiffs and the Putative Classes* | |

4

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the forgoing was filed on March 20, 2024, via the Court's CM/ECF system, which will send notification of such filing to all attorneys of record.

By: */s/ Adam Moskowitz*
Adam Moskowitz