UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION
MDL No. 3076
Case No. 1:23-md-03076-KMM

**IN RE:**
**FTX Cryptocurrency Exchange Collapse Litigation**

_____

This document relates to:

*Garrison, et al. v. Paffrath et al.*,
Case No. 23-cv-21023
_____/

**PLAINTIFFS' SUPPLEMENTAL BRIEF IN SUPPORT OF
PLAINTIFFS' OPPOSITION TO DEFENDANT ERIKA KULLBERG'S MOTION TO DISMISS
PURSUANT TO FEDERAL RULE OF CIVIL PROCEDURE 12(b)(5) AND, IN THE
ALTERNATIVE, CROSS-MOTION TO SERVE DEFENDANT KULLBERG THROUGH
<u>ALTERNATE MEANS PURSUANT TO FRCP 4(f)(3)</u>**

Plaintiffs submit this memorandum in opposition to Ms. Kullberg's Rule 12(b)(5) Motion to Dismiss (the "Motion"). ECF No. 263.[1] As outlined herein, further discovery reinforces that service was proper.

Although she failed to disclose it for nearly a year since specially-appearing in and participating in this action, Ms. Kullberg—a lawyer barred in the State of California—is a resident of Dubai, and was at the time of the April 6, 2023 service at issue here. She refused to respond to any jurisdictional discovery requests seeking to ascertain where she resided on the original date of service (April 6, 2023), even though Magistrate Judge Sanchez clearly ordered that Plaintiffs were allowed to seek information from Ms. Kullberg on "where she lived on that date." *See* January 17, 2024 Discovery Hearing Transcript, attached as **Exhibit 1.** Because Ms. Kullberg is and was a nonresident and owns and operates many different American companies (like Creators Agency LLC, incorporated in Wyoming), Plaintiffs finally learned that she has authorized her sister, Eileen Shannon, to receive all of her domestic U.S. mail at the address where Ms. Shannon resides. *See* Erika Kullberg Deposition Transcript Excerpts ("Kullberg Depo."), attached as **Exhibit 2** at 83:19–23 ("You said before that you received mail at your sister's address because you did not live in the United States; right? Yes"); *see also id*. at 84:7–8 ("I had mail sent to my sister's address"). For this reason, any investigation into Ms. Kullberg's residences in the United States resulted in her name being attached to her sister's residence.

After Plaintiffs served Ms. Kullberg at what Plaintiffs now know was her sister's New York residence on April 6, 2023, Ms. Kullberg "specially appeared" in this action to argue that service was improper. At no point did she reveal that it was because her sister was served, or that her sister was not authorized as Kullberg's domestic agent for purposes of receiving mail and

---

[1] Plaintiffs incorporate by reference their responses to ECF Nos. 265, 266, 268, and 271.

1

service of process. Instead, Ms. Kullberg obtained a declaration from her sister's college roommate, Arzu Malik, to give the appearance that Ms. Kullberg had *zero* connection to the New York address to which process was served. She also had Ms. Malik produce a declaration claiming that Plaintiffs' process server had somehow circumvented security at the building and appeared outside her door, leaving the documents taped to the door instead of effecting service. *See* Declaration of Arzu Malik, attached as Exhibit A to the Motion (ECF No. 263-1). Ms. Kullberg produced a voice memo that she sent to Ms. Malik a month after she was served with this lawsuit, explaining that she would be "looped into" these proceedings unless Ms. Malik could prove Plaintiffs' process server "lied," claiming that she could not be required to participate in this lawsuit unless it was shown that she was "physically served papers."[2]

Plaintiffs' process server, however, not only produced an affidavit of service explaining that he left the papers with the front desk when he was refused entry into the building to effect service, in accordance with New York law (*see* Declaration of Adam Moskowitz in Support of Plaintiffs' Opposition to the Motion, ECF No. 367-1, at Exhibit 4), he even returned to the building a few weeks ago to confirm that he left the papers with an authorized doorman and to provide additional picture evidence of the building entry, showing that he did not (and could not) access the building without keycard access or the doorman letting him in. *See* Declaration of Musab Nassar, attached as **Exhibit 3**. While neither Plaintiffs nor their process server can explain why Ms. Malik has a picture "representing how the papers were left" on her door, the irrefutable evidence is that Plaintiffs' process server served the lawsuit papers at 40 Waterside Plaza in accordance with New York Law.

---

[2] *See* Audio File, available at https://www.dropbox.com/scl/fi/6d2l52b2bmhepnwvzzvoj/Erika-to-Arzu.mp3?rlkey=tva82bd0o3n8gu9flbagqs5zn&e=1&dl=0.

But Ms. Kullberg maintained her charade all the way until a few weeks ago, when Plaintiffs found and subpoenaed Ms. Malik for deposition. Ms. Malik testified that she and Ms. Shannon were roommates while they attended dental school in New York, and that Ms. Shannon immediately contacted Ms. Kullberg about this lawsuit once she was served with process at her apartment. After that point, Ms. Kullberg has worked to create a false narrative to give the appearance that her due process rights were somehow violated, while the evidence illustrates that the truth is closer to Ms. Kullberg's attempted perpetration of a fraud upon this Court in order to attempt to avoid answering Plaintiffs' claims on their merits. Ethical and professional implications aside, Plaintiffs simply seek confirmation that Ms. Kullberg was, in fact, properly served with process on April 6, 2023.

As Plaintiffs' opposition to Ms. Kullberg's motion details, service on Ms. Kullberg was proper. "A process server's return of service on a defendant, which is regular on its face, is presumed to be valid absent clear and convincing evidence presented to the contrary." *Happy Tax Franchising, LLC v. Hill*, No. 19-CV-24539-FAM, 2022 WL 6744545, at *3 (S.D. Fla. July 22, 2022); *see also Telf Corp. v. Gomez*, 671 So. 2d 818, 818 (Fla. 3d DCA 1996) ("It has well been established that a process server's return of service on a defendant which is regular on its face is presumed to be valid absent clear and convincing evidence presented to the contrary."). It is insufficient for Ms. Kullberg to "impeach the validity of the summons with a simple denial of service"; she must instead "present 'clear and convincing evidence' to corroborate h[er] denial." *Id*. To meet this standard, "the witnesses to a fact [must] be credible" and "the testimony must be clear, direct and weighty." *Lazo v. Bill Swad Leasing Co.*, 548 So. 2d 1194, 1195 (Fla. 4th DCA 1989). Ms. Kullberg has not provided evidence sufficient to pass this threshold.

For example, while Ms. Kullberg claims in her declaration that no one "residing at this address" was authorized to accept the papers on her behalf (*see* Kullberg Declaration, attached as Exhibit B to the Motion, ECF No. 263-2, at ¶ 4**),** at her deposition, Ms. Kullberg testified that her sister, who resided at the Waterside Plaza address at the time of the disputed service, has often received mail for Ms. Kullberg, including *at the Waterside Plaza location*, because Ms. Kullberg resided abroad and had no address of her own in the United States. *See* Kullberg Depo. at 83:19–23 ("You said before that you received mail at your sister's address because you did not live in the United States; right? Yes"); 84:7–8 ("I had mail sent to my sister's address"); and 102:6–9 ("So why did you use that address? I used that address because I don't have an address in the US."). In fact, Ms. Kullberg admitted that she often had her mail "sent to any address that [her] sister lived at" in the past four years. *See id*. at 84:20–23. And Ms. Kullberg has even used this address for important matters related to her company, co-defendant Creators Agency LLC, including listing this address on the articles of incorporation when she created Creators Agency LLC. *See* Kullberg Depo. at Exhibit 4, attached as **Exhibit 4.**

More importantly, the Court should deny Defendant's motion because the current service was certainly sufficient to provide Ms. Kullberg with notice. "The primary function of Rule 4 is to provide the mechanism for bringing notice of the commencement of an action to the defendant's attention and to provide a ritual that marks the court's assertion of jurisdiction over the lawsuit." §1063 Subject Matter Jurisdiction, Venue, Personal Jurisdiction, and Service of Process Distinguished, 4 Fed. Prac. & Proc. Civ. § 1063 (4th ed.). "Service by email alone comports with due process where a plaintiff demonstrates that the email is likely to reach the defendant." *F.T.C. v. Pecon Software Ltd.*, No. 12 CIV. 7186 PAE, 2013 WL 4016272, at *5 (S.D.N.Y. Aug. 7, 2013) (finding that service by email "was reasonably calculated to apprise defendants of the pendency of

this action"). Ms. Kullberg testified that she "has seen E-mails about the lawsuit" by receiving the emails sent from Plaintiffs' counsel from as early as March 2023. *See, e.g.,* Kullberg Depo. at 69:8–15.

Courts have also allowed for service to be effected on a defendant by delivering the summons and complaint to a relative of the defendant. *See S.E.C. v. Nnebe*, No. 01 CIV. 5247(KMW)KNF, 2003 WL 402377, at *2 (S.D.N.Y. Feb. 21, 2003) (finding that serving the summons and amended complaint to relatives of the defendant was appropriate); *Leab v. Streit*, 584 F. Supp. 748, 763 (S.D.N.Y. 1984) (permitting service by delivery of the summons and complaint to the defendants' parents and grandmother); *Deason v. Deason*, 343 N.Y.S.2d 276 (Sup. Ct. Albany 1973) (finding that "service of the summons by mailing to the addresses of a defendant's relatives satisfies the demands of procedural due process ... where a plaintiff has demonstrated that he or she has exhausted all reasonable possibilities of serving the summons personally"). Not only does Ms. Kullberg regularly receive mail at her sister's addresses, but Ms. Kullberg testified that she became aware of the April 6, 2023 service at the Waterside Plaza location immediately after it occurred through her sister's notifications. Further, as evidenced here, Ms. Kullberg has carefully guarded her whereabouts. Without a specific address, even challenging and lengthy processes like Hague service cannot be utilized.

In short, the reality of this case is that Ms. Kullberg has been served and her Due Process rights have been more than satisfied such that she should be required to fully participate in her defense of Plaintiffs' claims against her in these proceedings.

Nonetheless, should the Court find that Plaintiffs need to effect service again, Plaintiffs request that the Court allow them to serve Ms. Kullberg through 4(f)(3) by serving her via her personal email, her present counsel's email, and/or by serving her sister, Ms. Shannon. "When

traditional methods of service prove 'impracticable,' service may be made 'In such manner as the court, upon motion without notice, directs.'" *Ferrarese v. Shaw*, 164 F. Supp. 3d 361, 365 (E.D.N.Y. 2016). In *Ferrarese*, the Court granted the plaintiffs' request to serve the defendant by alternative means after unsuccessful attempts to locate the defendant despite multiple efforts such as various computer database searches, speaking with the defendant's sister, and hiring a private investigator to locate the defendant. *Id*. at *366. Just as in *Ferrarese*, Plaintiffs have been unable to locate Ms. Kullberg despite multiple efforts. *See* Declaration of Adam Moskowitz, at ¶¶ 2–6. Under these circumstances, the traditional methods of service for Ms. Kullberg are "impracticable" given that Ms. Kullberg "is taking active measures to avoid being located and to evade service." *Id.* Alternate service is particularly appropriate when the defendant lives abroad, as Ms. Kullberg, who currently resides in Dubai with her husband. *See* Kullberg Depo. at 133:9–12; *see also* YouTube Link[3] (announcing Ms. Kullberg's move to Dubai); Erik Kullberg's LinkedIn[4].

In deciding the appropriate method for alternate service, "the Court must ensure that the alternate method complies with 'constitutional due process' by being 'reasonably calculated, under the circumstances, to apprise interested parties of the pendency of the action and afford them an opportunity to present their objections.'" *Ferrarese*, 164 F. Supp. 3d at 366. Here, serving Ms. Kullberg via the e-mail addresses identified by Plaintiffs and used by Plaintiffs to initially contact Ms. Kullberg would no doubt provide Ms. Kullberg with notification of the lawsuit. *See F.T.C. v. Pecon Software Ltd.*, 2013 WL 4016272, at *5; *see also Philip Morris USA Inc. v. Veles Ltd.*, No. 06 CV 2988 GBD, 2007 WL 725412, at *3 (S.D.N.Y. Mar. 12, 2007) *("Defendants' objections about theoretical reliability of email service are unpersuasive in this case, as plaintiff had amply

---

[3] Available at https://youtu.be/jkuZqcGN6kM.
[4] Available at https://www.linkedin.com/in/eric-kullberg-315b633a/?originalSubdomain=ae.

demonstrated the high likelihood that defendants would receive and respond to email communications, and defendants themselves do not dispute receiving email service in this case."). As does serving Ms. Kullberg by serving her counsel at his e-mail address. *See Rio Properties, Inc. v. Rio Int'l Interlink*, 284 F.3d 1007, 1013, 1015-17 (9th Cir. 2002) (affirming alternative service on defendant's counsel because defendant consulted with counsel regarding the complaint and "court-directed service under Rule 4(f)(3) is as favored as service available under Rule 4(f)(1) or Rule 4(f)(2)" when reasonably calculated to apprise defendant of action's pendency) (footnotes omitted); *Brookshire Bros. v. Chiquita Brands Int'l*, Inc., 2007 WL 1577771, at *2 (S.D. Fla. May 31, 2007) (denying motion to quash service of process because court's Rule 4(f)(3) authorization of service on foreign defendant's local counsel afforded defendant "reasonable time to make an appearance," affording the foreign defendant more time defend than" had service been perfected pursuant to the Hague Convention under Rule 4(f)(1)).

Furthermore, serving Ms. Kullberg by serving her sister at her address would likewise satisfy "the demands of procedural due process" (*Deason*, 343 N.Y.S.2d at 276) because, as detailed above, not only does Ms. Kullberg's sister often receive mail on behalf of and for Ms. Kullberg, but it was her sister who immediately notified Ms. Kullberg of the service attempt on April 6, 2023 at the Waterside Plaza address. Thus, it is "reasonable to conclude that serving papers on defendant and on defendant's sister at this location will likely reach the defendant and give the defendant notice of the action." *Ferrarese*, 164 F. Supp. 3d at 368.

For the foregoing reasons, Plaintiffs ask this Court to deny Defendant's motion to dismiss, or alternatively, grant Plaintiffs' request to serve Kullberg through 4(f)(3) by serving her via her personal email, through her counsel, and/or by serving her sister, Eileen Shannon, and grant Plaintiffs such other relief as the Court deems just and proper.

Dated: February 16, 2024                            Respectfully submitted,

| Plaintiffs' Co-Lead Counsel ||
|---|---|
| By: /s/ *Adam Moskowitz*<br>Adam M. Moskowitz<br>Florida Bar No. 984280<br>Joseph M. Kaye<br>Florida Bar No. 117520<br>**THE MOSKOWITZ LAW FIRM, PLLC**<br>Continental Plaza<br>3250 Mary Street, Suite 202<br>Coconut Grove, FL 33133<br>Office: (305) 740-1423<br>adam@moskowitz-law.com<br>joseph@moskowitz-law.com<br>service@moskowitz-law.com | By: /s/ *David Boies*<br>David Boies<br>Alex Boies<br>Brooke Alexander<br>**BOIES SCHILLER FLEXNER LLP**<br>333 Main Street<br>Armonk, NY 10504<br>Office: (914) 749-8200<br>dboies@bsfllp.com<br>aboies@bsfllp.com<br>balexander@bsfllp.com |
| Plaintiffs' Promoter Committee Members ||
| Barbara C. Lewis<br>Florida Bar No. 118114<br>**THE MOSKOWITZ LAW FIRM, PLLC**<br>Continental Plaza<br>3250 Mary Street, Suite 202<br>Coconut Grove, FL 33133<br>Office: (305) 740-1423<br>barbara@moskowitz-law.com<br>service@moskowitz-law.com | Desiree Fernandez<br>Florida Bar No. 119518<br>**MARK MIGDAL & HAYDEN**<br>Brickell City Tower<br>80 SW 8th Street, Suite 1999<br>Miami, FL 33130<br>desiree@markmigdal.com<br>eservice@markmigdal.com |

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on March 20, 2024, a true and correct copy of the foregoing was filed electronically with the Clerk of the Court, by using the CM/ECF system, causing a true and correct copy to be served on all counsel of record.

/s/ *Adam M. Moskowitz*
Adam M. Moskowitz