IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

MDL No. 3076

Case No. 1:23-md-03076-KMM

**IN RE:**
**FTX Cryptocurrency Exchange Collapse Litigation**

This Document Relates To:

*Garrison, et al. v. Kevin Paffrath, Graham Stephan, Andrei Jikh, Jaspreet Singh, Brian Jung, Jeremy Lefebvre, Tom Nash, Ben Armstrong, Erika Kullberg, and Creators Agency, LLC*,
Case No. 23-cv-21023

**SPECICALLY APPEARING DEFENDANT ERIKA KULLBERG'S REPLY
IN RESPONSE TO PLAINTIFFS' SUPPLEMENTAL BRIEF IN SUPPORT OF
PLAINTIFFS' OPPOSITION TO DEFENDANT ERIKA KULLBERG'S MOTIONS
TO DISMISS PURSUANT TO FEDERAL RULE OF CIVIL PROCEDURE 12(b)(5),
AND DEFENDANT ERIKA KULLBERG'S OPPOSITION TO PLAINTIFFS'
CROSS-MOTION, IN THE ALTERNATIVE, TO SERVE DEFENDANT
ERIKA KULLBERG THROUGH ALTERNATE MEANS PURSUANT TO FRCP 4(f)(3)**

Specially appearing Defendant Erika Kullberg ("Kullberg") hereby submits this Supplemental Reply in response to Plaintiff's Supplemental Brief in Support of Plaintiffs' Opposition to Defendant Erika Kullberg's Motion to Dismiss Pursuant to Federal Rule of Civil Procedure 12(b)(5) [ECF 546]. In addition, Kullberg opposes Plaintiffs' Cross-Motion, in the alternative, to serve her through alternate means pursuant to FRCP 4(f)(3).

I. **Service of Process Remains Improper and Insufficient**

Plaintiffs' Supplemental Brief is long with unsupported allegations levied against Kullberg, *e.g.*, an "attempted perpetration of a fraud upon this Court," ECF 546 at 3, but short with any actual new evidence suggesting that service was properly effectuated. In reality, the additional testimony

clearly shows that service was <u>not</u> properly effectuated as Kullberg did not reside at the location where process was attempted on April 6, 2023 and she never authorized anyone residing at the apartment to accept service on her behalf.

Following a dispute between Plaintiffs and Kullberg regarding the scope of this Court's December 18, 2023 Order, Magistrate Judge Sanchez granted limited discovery to Plaintiffs based solely on the events of April 6, 2023, the date of purported service. Through deposition testimony, Kullberg and a third-party witness, Arzu Malik ("Malik"), each made clear that the facts put forth in their respective declarations in support of Kullberg's motion to dismiss were true and accurate. *See* ECF 263, Exs. A and B; Malik Depo. Tr. 8:19-25-9:1-9[1] (describing "a really loud banning on the door" and calling the doorman); Malik Depo. Tr. 23:20-22 (Malik testifying that she found the papers on the door the next day); Malik Depo. Tr. 32:18-19 (Malik testifying that she believed the doorman was named Carlos by his voice). Namely, Kullberg did not live at the address in which service was purportedly effectuated, did not authorize anyone living at that address to accept service, and the process server's declaration to the contrary was false in numerous respects. Kullberg Depo. Tr. 93:9-19 (Q: "Other than receiving your mail there, did you ever use the 40 Waterside Plaza address for any other purposes?"… A: "Did I live there? No."); Malik Depo. Tr. 13:12-22 (Malik testifying that she had only one roommate at the 40 Waterside Plaza address, Eileen Shannon); Malik Depo. Tr. 17:11-14 (Q: "In April 2023 when you received the subpoena, do you know whether Erika was living in the United States?" A: "I don't think she was.").

As testimony showed, Kullberg obtained a declaration from her sister's dental school roommate, Malik, because it was <u>Malik</u>, not Kullberg's sister, who was at the apartment the

---

[1] In support of this Reply, Kullberg has attached excerpts of the deposition transcripts of Malik ("Malik Depo.") and Kullberg ("Kullberg Depo.") as Exs. A and B respectively.

evening the process server arrived at the apartment building in an attempt to serve process. Malik Depo. Tr. 8:19-20 ("So I was just home at my apartment by myself."). While Plaintiffs lodge unsupported and inappropriate accusations at Kullberg regarding her intentions and at Malik regarding her credibility, Malik's testimony confirms that she truthfully and accurately described the events that occurred on April 6, 2023.

Plaintiffs' arguments and exhibits offered to show that the process server left papers at the front desk when he was refused entry to the building, which are in dispute, do not change the key fact that Kullberg never resided at that address where the summons and complaint were left, therefore failing to satisfy the legal requirements under New York law for proper service of process. *See Doe v. Alsaud*, 12 F. Supp. 3d 684, 687 (S.D.N.Y. 2014); *FDIC v. O'Connor*, No. 94 Civ. 4218, 2008 WL 2557426, at *2 (S.D.N.Y. June 26, 2008).[2]

Kullberg provided "strong and convincing evidence of insufficient process" through two declarations, which were subsequently supported by deposition testimony. *Hollander v. Wolf*, No. 09-80587-CIV, 2009 WL 3336012, at *3 (S.D. Fla. Oct. 14, 2009); *Supreme Fuels Trading FZE v. Sargeant*, No. 08-81215-CIV, 2009 WL 5128504, at *3 (S.D. Fla. Dec. 18, 2009). Malik was a credible witness who "distinctly remembered" the facts and gave "clear, direct and weighty" testimony. *Lazo v. Bill Swad Leasing Co.*, 548 So. 2d 1194, 1195 (Fla. Dist. Ct. App. 1989). Plaintiffs fail to counter that evidence and do not meet their burden. *Chapman v. Sheffield*, 750 So.2d 140, 143 (Fla. Dist. Ct. App. 2000) (plaintiffs did not refute sworn statement that defendant moved out of resident and estranged wife was not authorized to accept defendant's mail;

---

[2] The Court should also not consider paragraphs 6-7 of Exhibit 3 [ECF 346-3, pg. 3] because it is inadmissible hearsay.

3

"once the defendant has submitted an affidavit showing that the court lacks personal jurisdiction, the burden shifts to the plaintiff to prove the basis upon which jurisdiction may be asserted").

Plaintiffs seem to argue that, because Kullberg sometimes had her mail sent to her sister's address, that is equivalent to authorization for service of process. It is not. Plaintiffs fail to demonstrate that Kullberg authorized her sister to accept service of process on her behalf. *See Edmunds v. Asurion, LLC*, No. 22-cv-60361, 2024 WL 620932, at *7 (S.D. Fla. Feb. 14, 2024) (where plaintiff failed to offer any evidence that defendant's attorney was authorized to accept service, plaintiff failed to meet her burden and the court granted defendant's motion to dismiss and dismissed plaintiff's claims against defendant for lack of timely and proper service); *Matter of Estate of Gottesman*, 127 A.D.2d 563 (N.Y. Sup. Ct. 1987) (service not properly made upon defendant pursuant to NY CPLR 308(3) by serving building security guard because no evidence was submitted to show written authorization for security guard to accept service under NY CPLR 318); NY CPLR 318 ("A person may be designated by a natural person, corporation or partnership as an agent for service in a writing, executed and acknowledged in the same manner as a deed, with the consent of the agent endorsed thereon. The writing shall be filed in the office of the clerk of the county in which the principal to be served resides or has its principal office."); *Di Pompo v. Mendelson*, No. 21-cv-1340, 2022 WL 1093500, at *3 (S.D.N.Y. Apr. 7, 2022) ("[I]t is clear that the designation of an individual to receive service of process must be clear and with the knowledge of the defendant sought to be served."); *Hall v. Haynes*, 319 S.W.3d 564, 581 (Tenn. 2010) ("we hold that a person with the authority to sign for and receive certified mail does not, without more, qualify as an agent authorized by appointment to receive service of process on behalf of an individual defendant"). Nor did Kullberg waive her right to personal service and agree in any way to accept service by mail. *See Anthony v. Gary J. Rotella & Assocs., P.A.*, 906 So.2d 1205, 1208

(Fla. Dist. Ct. App. 2005) (where neither the record nor the transcript contained evidence that defendant waived his right to personal service and there was not sufficient evidence that another person was authorized to accept service as defendant's agent, the appellate court reversed the trial court's denial of defendant's motion to quash service of process).

Because Plaintiffs' service of process did not comply with statutes governing service of process, this Court lacks personal jurisdiction over Kullberg. *Id*. at 1207 ("Absent strict compliance with the statutes governing service of process, the court lacks personal jurisdiction over the defendant.") (citing *Sierra Holding, Inc. v. Inn Keepers Supply*, 464 So.2d 652 (Fla. 4th DCA 1985)). Plaintiffs cannot circumvent the law regarding proper service of process and are wrong on the law when they claim, "the reality of this case is that Ms. Kullberg has been served." ECF 546 at 5. "[T]he service requirement is not satisfied merely because the defendant is aware that he has been named in a lawsuit or has received a copy of the summons and the complaint." *Edmunds,* 2024 WL 620932, at *4 (quoting *United States v. Ligas*, 549 F.3d 497, 500 (7th Cir. 2008)). Instead, a Court "require[s] a 'careful determin[ation] that service of process was in substantial compliance with the formal requirement of the Federal Rules.'" *Id.* (quoting Winston v. Walsh, 829 F. App'x 448, 451 (11th Cir. 2020)). As the Eleventh Circuit Court of Appeal stated "[D]ue process under the United States Constitution requires that 'before a court may exercise personal jurisdiction over a defendant, there must be *more than* notice to the defendant ... [t]here also must be a *basis* for the defendant's amenability to service of summons. Absent consent, this means there must be *authorization* for service of summons on the defendant.'" *Prewitt Enters., Inc. v. Organization of Petroleum Exporting Countries*, 353 F.3d 916, 927 (11th Cir. 2003) (citing *Omni Capital Int'l v. Rudolf Wolff & Co.,* 484 U.S. 97, 104, 108 S. Ct. 404, 98 L.Ed.2d 415 (1987) (emphasis added). And, here, that requirement was not met.

5

## II. Plaintiffs' Improper Request for Alternative Service Should Be Denied

At this point, over a year has passed since Plaintiffs first filed their Complaint in the U.S. District Court for the Southern District of Florida, Case No. 1:23-cv-21023-CMA. Plaintiffs have been on notice since at least May 2023, when Kullberg first filed a motion to dismiss under FRCP 12(b)(5), that service was improper on Kullberg because Kullberg did not reside at the address used for service on April 6, 2023. Despite this notice of improper service, Plaintiffs failed to make other attempts to properly serve Kullberg. Nor did Plaintiffs seek an extension of time for proper service from this Court pursuant to FRCP 4(m). For these reasons, Kullberg's motion should be granted. *Edmunds,* 2024 WL 620932, at *7 (refusing to excuse service failure where plaintiff was aware of service issues for two years and did not attempt to re-serve defendant); *Dolan v. Custom Services LLC*, No. 19-CV-63102-VALLE, 2021 WL 7084702, at *3-4 (S.D. Fla. Mar. 17, 2021) (dismissing case without prejudice when defendants were served after the 90-day deadline of Rule 4(m) in part because plaintiffs did not provide any explanation for extremely delayed service nor show that outside factors other than neglect or mistake caused the delay in service.).

Now, over a year later, Plaintiffs improperly add into a supplemental opposition brief, a cross-motion to serve by alternate means under FRCP 4(f)(3). Plaintiffs failed to comply with LR 7.1(a)(1), which requires a party to file a motion and memorandum of law, and LR 7.1(a)(3), requiring counsel to confer "with all parties or non-parties who may be affected by the relief sought in the motion in a good faith effort to resolve by agreement the issues raised in the motion." As LR 7.1(a)(3) states, "[f]ailure to comply with the requirements of this Local Rule may be cause for the Court to grant or deny the motion." As this Court previously noted in filings in one of the cases under the MDL, Plaintiffs repeatedly fail to comply with Local Rules and have filed motions that are "factually unsupported and legally insufficient." *Garrison v. Bankman-Fried*, 669 F. Supp.

6

3d 1231, 1234 (S.D. Fla. 2023). Similarly, the Court here should not tolerate "such violations or frivolous arguments." *Id.* Plaintiffs improperly submitted request to the Court should be denied.

Further, the cases cited by Plaintiffs support the argument that, although not requisite, Plaintiffs should have attempted service through "traditional methods" before the Court authorized alternative service. *See Brookshire Bros. Ltd. v. Chiquita Brands Intl'l,*, No. 05-CIV-21962, 2007 WL 1577771, at *2 (S.D. Fla. May 31, 2007) (plaintiff diligently attempted service under the Hague Convention for one year before seeking alternative service); *Ferrarese v. Shaw*, 164 F. Supp. 3d 361 (E.D.N.Y. 2016) (allowing alternative service after persistent efforts to evade); *FTC v, Pencon Software, LTD*, 2013 WL 4016272, at *3 (S.D.N.Y. Aug. 7, 2013 ("A plaintiff is *not* required to attempt service through the other provisions of Rule 4(f) before the Court may order service pursuant to Rule 4(f)(3), [but][a] district court may nonetheless require parties to show that they have reasonably attempted to effectuate service on the defendant(s) and that the circumstances are such that the district court's intervention is necessary.") [3]

Here, other than the one deficient attempt, Plaintiffs have made no efforts to serve Kullberg. Based on these facts, the Court should not allow alternative service.

### III.   Conclusion

Based on the foregoing, Specially Appearing Defendant Erika Kullberg respectfully requests that the Court grant her Motion to Dismiss pursuant to FRCP 12(b)(5) and deny Plaintiffs' request to serve by alternate means.

---

[3] Plaintiff's reliance on *Rio Properties Inc. v, Rio Int'l Interlink*, 284 F. 3d 1007 (9th Cir. 2002), is curious given that the Eleventh Circuit expressly refused to follow it in its leading decision on service of a foreign defendant. *See Prewitt Enters., Inc.*, 353 F.3d at 927 (finding *Rio Properties* "not at all applicable").

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on March 27, 2024, I e-filed the foregoing document using the Court's CM/ECF system, which will send a notice of electronic filing to all counsel of record.

STEARNS WEAVER MILLER WEISSLER
ALHADEFF & SITTERSON, P.A.

By: */s/ Jose G. Sepulveda*
JOSE G. SEPULVEDA, FL Bar No. 154490
jsepulveda@stearnsweaver.com
mfigueras@stearnsweaver.com
150 W. Flagler Street, Suite 2000
Miami, Florida 33130
Telephone: 305-789-3200

and

POTOMAC LAW GROUP, PLLC
Derek Adams, Esq., *Pro Hac Vice*
dadams@potomaclaw.com
1717 Pennsylvania Avenue, NW, Suite 1025
Washington, D.C. 20006
Telephone: 202-204-3005

*Counsel for Defendant Erika Kullberg*