# IN THE UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF FLORIDA
# MIAMI DIVISION

MDL No. 3076
Case No. 1:23-md-03076-KMM

**IN RE:**

**FTX Cryptocurrency Exchange Collapse Litigation**

This Document Relates To:

*Garrison, et al. v. Kevin Paffrath, Graham Stephan, Andrei Jikh, Jaspreet Singh, Brian Jung, Jeremy Lefebvre, Tom Nash, Ben Armstrong, Erika Kullberg, and Creators Agency, LLC,*
Case No. 23-cv-21023

_____/

**ERIKA KULLBURG, CREATORS AGENCY LLC, AND
JASPREET SINGH'S REPLY TO CORRECTED PLAINTIFFS'
SUPPLEMENTAL BRIEF IN OPPOSITION TO DEFENDANTS'
MOTIONS TO DISMISS FOR LACK OF PERSONAL JURISDICTION**

Specially appearing Defendant Erika Kullberg ("Kullberg") and Defendants Creators Agency LLC ("Creators Agency") and Jaspreet Singh ("Singh") (collectively, "YouTuber Defendants"), by and through their respective undersigned counsel of record, hereby file this reply to Corrected Plaintiffs' Supplemental Brief in Opposition to Defendants' Motion to Dismiss for Lack of Personal Jurisdiction ("Supplement") [ECF 554].

## I.   INTRODUCTION

Plaintiffs' Supplement does not alter the conclusion that this Court may not properly exercise personal jurisdiction over the YouTuber Defendants. Plaintiffs' jurisdictional discovery, including document production and depositions of Kullberg, Creators Agency, and Singh only

further support the YouTuber Defendants' position that personal jurisdiction does not exist in this Court.

Each of the YouTuber Defendants' testimony was consistent with declarations submitted by those defendants in support of previous briefing. Specifically, *no* YouTuber Defendant resides in Florida, operates any business in Florida, or has any offices in Florida. ECF 266-4, 266-6, 266-7; Kullberg Depo. Tr. 96-97[1] (testifying that Creators Agency was formed in Wyoming); Kullberg Depo. Tr. 157:14-18 (testifying that independent contractors for Creators Agency were only based in Nevada); Singh Depo. Tr. 42:10-12 (Q: "So as it pertains to you, do you operate any business in Florida?" A: "No."); Singh Depo. Tr. 43:22-25 - 44:1-13 (Singh confirming that he is a citizen of the state of Michigan and resident of Detroit, Michigan); Singh Depo. Tr. 44:14-22 (confirming no travel to Florida in 2022, no businesses licensed in Florida, and no personal licenses in Florida); Singh Depo. Tr. 49:9-15 (confirming no ownership or control of any businesses that is not incorporated in Michigan and confirming no ownership or control over any business that does not have a principal place of business in Michigan).

Moreover, the YouTuber Defendants' testimony showed that *none*: (i) have had contacts with any FTX employees in the State of Florida, (ii) have ever traveled to Florida to meet with any FTX employees, (iii) have ever directed any communications regarding FTX at the State of Florida, and (iv) have had any communications in furtherance of any alleged conspiracy in Florida or for that matter, elsewhere. Kullberg Depo Tr. 162:13-15 (Q: "Did you ever travel to Miami for anything FTX related?" A: "No, I did not."); Kullberg Depo. Tr. 193:22-25 (Q: "Did you ever talk to anyone at FTX in terms of targeting of Florida?" A: "No."); Kullberg Depo. Tr. 194:1-4

---

[1] In support of this Reply, the YouTuber Defendants have attached excerpts of the deposition transcripts of Erika Kullberg ("Kullberg Depo.") and Jaspreet Singh ("Singh Depo.") as Exs. A and B, respectively.

(Q: "Did you or Creators Agency post any videos or make any posts that targeted Florida?" A: "No."); Singh Depo. Tr. 27:6-7 (confirming that he did not speak to anyone at FTX); Singh Depo. Tr. 49:16-18 (confirming that no businesses caused Singh to travel to Florida for work).

The additional discovery did not reveal any new evidence that would support Plaintiffs' conclusory allegations of a conspiracy or of any tortious conduct directed to the State of Florida. At most, Plaintiffs confirmed facts that have never been in dispute, that the YouTuber Defendants had contractual agreements with FTX US to promote FTX US and did in fact promote FTX US. However, what the Plaintiffs did *not* find—because it does not exist—was evidence: (i) of any unlawful agreement between the YouTuber Defendants and any FTX entity, (ii) that the YouTuber Defendants dealt with FTX Florida-based employees, or (iii) that the YouTuber Defendants purposefully directed any content specifically to the State of Florida.

Plaintiffs attempt to disguise their lack of evidence with vague generalities. For example, Plaintiffs consistently refer to "FTX," but that term encompasses a number of entities. ECF 179, p. 2. The evidence, however, shows that the YouTuber Defendants contracted solely with *FTX US*. Singh Depo. Tr. 25:15-25; 26:7-10; 90:24-92:3; Kullberg Depo. Tr. 28:25-29:5. Plaintiffs thus claim "**FTX** operations were centered in and around Miami" without specifying the location(s) of **FTX US** and, most importantly, the location of any **FTX US** employees that dealt with the YouTuber Defendants.

Accordingly, the Court should grant the Motion to Dismiss for lack of personal jurisdiction.[2]

---

[2] Plaintiffs devote the first two pages of their Supplement to argue that the Court need not reach a decision on the issue of personal jurisdiction. This argument rings hollow. Indeed, the very reason the parties have fully briefed this issue and spent resources on jurisdictional discovery is because Plaintiffs failed to follow through on their prior representation to the Court that they would

3

## II. ARGUMENT

### A. There Is No Evidence to Support a Conspiracy.

Plaintiffs' "new evidence" does not support the conclusion that the YouTuber Defendants participated in a conspiracy. For the Court to establish personal jurisdiction over a non-resident defendant based on an alleged conspiracy, the plaintiff must allege "viable facts from which the Court can reasonably infer that [the defendant] was a co-conspirator." *Birmingham v. RoFx.net*, No. 21-23472-Civ-Scola, 2022 WL 1686683, at *1 (S.D. Fla. May 26, 2022). The plaintiff must show that the defendant entered into a "conspiracy either engineered in Florida or one pursuant to which a tortious act in furtherance was committed in Florida." *Id.* (citing *United Techs. Corp. v. Mazer,* 556 F.3d 1260, 1283 (11th Cir. 2009)). "Vague and conclusory allegations do not satisfy this burden." *Catalyst Pharms., Inc. v. Fullerton*, 748 F. App'x 944, 946 (11th Cir. 2018) (citing *Snow v. DirecTV, Inc.*, 450 F.3d 1314, 1318 (11th Cir. 2006)).

"[T]o state a claim for civil conspiracy, [plaintiff] must allege: "(a) an agreement between two or more parties, (b) to do an unlawful act or to do a lawful act by unlawful means, (c) the doing of some overt act in pursuance of the conspiracy, and (d) damage to plaintiff as a result of the acts done under the conspiracy." *United Techs. Corp.*, 556 F.3d at 1271. Further,

> '[T]he gist of a civil action for conspiracy is not the conspiracy itself, but the civil wrong which is done pursuant to the conspiracy and which results in damage to the plaintiff.' Under this analysis, if there is no underlying tort, there can be no conspiracy to commit the tort.

*Estate of Scutieri v. Chambers*, 386 F. App'x 951, 954 (11th Cir. 2010) (quoting *Liappas v. Augoustis*, 47 So. 2d 582, 582 (Fla. 1950)).

---

discontinue the Florida Action once they refiled actions in the various defendants' home states and transferred those actions to this one. *See* ECF 73, at 7, 15.

Plaintiffs' Supplement does not offer *any* evidence sufficient to address the deficiencies in their Complaint and support this Court's jurisdiction over the YouTuber Defendants based on mere allegations that the YouTuber Defendants entered into an unlawful agreement in furtherance of a conspiracy. That the YouTuber Defendants acknowledged during their depositions that they entered into contracts with FTX US is of no moment. ECF 554 at 3. Neither is the fact: (i) that Creators Agency may have told the other YouTuber Defendants to refer to videos prepared by the other defendants, or (ii) that FTX US provided the YouTuber Defendants with "Talking Points" referencing a "marketing partnership" between FTX and the Miami Heat Arena (alongside other references entirely unrelated to Florida, such as MLB, NFT, Golden State Warriors, Mercedes F1, and Naomi Osaka).

Further, this evidence does not establish that any of the parties to the alleged conspiracy, FTX US employees or the YouTuber Defendants, were located in or acted in Florida. Plaintiffs' reliance on evidence of ties that **FTX as a whole**—and not the YouTuber Defendants—had with Florida is insufficient. FTX's ties to Florida are irrelevant because Plaintiffs fail to show any connection between the YouTuber Defendants and any part of FTX's operations, and specifically FTX US's operations, located in Florida. The declaration of Nishad Singh, on which Plaintiffs rely, highlights this deficiency. Mr. Singh alleges no connection whatsoever between the YouTuber Defendants and himself or any of the other FTX employees he mentions located in Florida. *See* ECF 554-6, pp. 2-8. One of those he mentions is Avinash Dabir, whom Plaintiffs rely heavily upon in their Opposition and in their CAC. *See* ECF 353 pp. 3-4, 9. Both filings give details on how Mr. Dabir worked out of the Miami office on potential "partnerships" for FTX. *Id.;* ECF 179, ¶¶ 13-26, 427-429, 471-474, 651-673, 699-703, and 731-750. Plaintiffs detail that Mr. Dabir worked on "celebrity partnerships" and "Brand Ambassadors," particularly sports icons such as

5

"Major League Baseball, the MLB Umpire's Association, TSM, the Mercedes Formula 1 team, Tom Brady, Stephen Curry, the Golden State Warriors, Naomi Osaka, Larry David, and Shohei Ohtani" and having Larry David do a Super Bowl commercial and the Miami Heat's stadium renamed "FTX Arena." *Id*. However, nowhere in these many paragraphs is there a single allegation connecting Mr. Dabir to any of the YouTuber Defendants. *Id.* This is because no such connection exists. Kullberg Depo. Tr. 194:11-17 ("Q. There is a name I want to ask you if you or Creators Agency to your knowledge has had any contacts with, and that is Avinash Dabir. Do you recognize Avinash Dabir? A. No, I do not."). Plaintiffs, in fact, have not connected a single Florida-based FTX employee to the YouTuber Defendants.[3]

Additionally, this "new" evidence does <u>not</u> identify any alleged "misrepresentations and omissions" by the YouTuber Defendants—nor does it identify any "unlawful" conduct on the part of the YouTuber Defendants. *See United Techs. Corp.*, 556 F.3d at 1271; ECF 179, pp 293-94. Finally, neither the CAC nor this evidence alleges or shows that any specific Plaintiff, in or out of Florida, even heard, let alone relied on, any statement made pursuant to the YouTubers Defendants' agreements with FTX US. *See Koch v. Royal Wine Merchants, Ltd.*, 847 F. Supp. 2d 1370, 1380 (S.D. Fla. 2012) (no personal jurisdiction where plaintiff failed to show "whether anyone relied upon those communications"); *cf. Catalyst Pharms.*, 748 F. App'x at 947 ("A party asserting jurisdiction in Florida over a nonresident defendant for a defamation claim must make a prima facie showing that that the purported defamatory statements were not merely accessible to, but also

---

[3] Plaintiffs' reference to alleged contacts between co-defendant Mr. David and Mr. Dabir do not support Plaintiffs' efforts to establish jurisdiction over the YouTuber Defendants. There is no evidence that the YouTuber Defendants participated in any of Mr. David and Mr. Dabir's communications.

'accessed by a third party in Florida.'") (emphasis in original) (quoting *Internet Sols. Corp. v. Marshall*, 39 So. 3d 1201, 1215 (Fla. 2010)).

In short, this evidence does not establish anything more than the existence of a business relationship between the YouTuber Defendants and *FTX US*, not that the YouTuber Defendants where in "cahoots" with *FTX. See Birmingham*, 2022 WL 1686683 at *2 (rejecting personal jurisdiction over conspiracy claim because the allegations did not "raise a reasonable inference that [the alleged co-conspirator] was in cahoots with [the other conspiracy defendant]" and "[t]he fact that EPS charged RoFX a fee for its service is proof of a business relationship, not a conspiracy"); *Estate of Scutieri*, 386 F. App'x at 954 ("if there is no underlying tort, there can be no conspiracy to commit the tort.").

The Supplement, like the CAC and Plaintiffs' prior briefs, is long on conclusory allegations but short on any "viable facts from which the inference could be reasonably drawn that [the YouTuber Defendants were] part of a conspiracy either engineered in Florida or pursuant to which a tortious act in furtherance was committed in Florida." *United Techs. Corp.*, 556 F.3d at 1283. There is no basis to assert personal jurisdiction based on the allegations of a conspiracy.

**B.      There Is No Evidence of Targeting Anyone in Florida**

Plaintiffs also argue in the Supplement, without any evidentiary support, that the YouTuber Defendants knowingly and purposely promoted "FTX's products and services to Florida." However, those arguments of counsel are contradicted by evidence to the contrary. Kullberg Depo. Tr. 193:22-25 (Q: "Did you ever talk to anyone at FTX in terms of targeting of Florida?" A: "No."); Kullberg Depo. Tr. 194:1-4 (Q: "Did you or Creators Agency post any videos or make any posts

7

that targeted Florida?" A: "No."). Plaintiffs' own exhibits establish there was no specific targeting to Florida residents. *See* ECF 554-3, 554-4, 554-5 and 554-7.[4]

The only additional "new" evidence to which Plaintiffs point is the alleged ***absence*** of information that Plaintiffs claim the YouTuber Defendants should have known existed or may have removed from public viewing long before any lawsuit had been filed against them—which, even if true, would not give rise to any adverse inference, as requested by Plaintiffs.

First, the YouTuber Defendants testified they were unaware of certain of the analytic features that Plaintiffs argue Defendants should have known about such as the purported existence of city-based views for YouTube posts that all YouTuber Defendants testified they did ***not*** view or utilize (in fact, Kullberg and Creators Agency were not even aware this data existed). *See* Kullberg Depo. Tr. 42: 7-11 (Q: "Have you ever checked?" A: "I have checked geography, and I don't see the City on it. When I check the geography, you see the countries and percentage."); Kullberg Depo. Tr. 168:20-25 (Q: ". . . did Creators Agency ever create any reports on promo code usage or any kind of analytics for the Creators?" A: "I don't believe we had that information, no."); Kullberg Depo. Tr. 172:14-17 (A: "No, there are no analytics related to Florida that I am aware of, that FTX provided either Creators Agency or Creators."); Kullberg Depo. Tr. 176:18-21 (A: "The

---

[4] The cases cited by Plaintiffs also do not support their arguments because all involved specific targeting to Florida residents. *See Licciardo v. Lovelady*, 554, F.3d 1280, 1283 (11th Cir. 2008) (alleged infringing use of a Florida resident's trademark on website); *Horizon Aggressive Growth, L.P. v. Rothstein-Kass, P.A.*, 421 F.3d 1162, 1168 (11th Cir, 2005) (alleged misrepresentations directed specifically to Florida-based plaintiff); *Louis Vuitton Malleties, S.A. v. Mosseri*, 736 F.3d 1339, 1354 (11th Cir. 2013) (online sales of counterfeit bags to Florida residents); *Tobrinick v. Novella*, No. 9:14-CV-80781, 2015 WL 328236 at *4 (S.D. Fla. Jan. 23, 2015) (defamatory statements on website targeting a Florida resident); *Internet Sols. Corp. v. Marshall*, 611 F.3d 1368, 1370 (11th Cir. 2010) (same). Here, Plaintiffs have not submitted any evidence that the YouTuber Defendants specifically targeted Florida or that any Plaintiff even viewed any content from any of the YouTuber Defendants from Florida or elsewhere.

only geographical data we have ever asked Creators for is what percent of their audience is based in what specific country."); Kullberg Depo. Tr. 177:15-18 (A: "Again, for Creators Agency we have asked for geographical data as to what percent of their audience as a whole is in a specific country."); Singh Depo. Tr. 72:16-25 (Q: "So across all of the social media platforms we've looked at, do you have any understanding of what percentage of your viewers are within the State of Florida?" A: "Not at all." . . . Q: "You don't have any analytical data currently within your possession that would allow you to determine that, to your knowledge? A: "That's correct.").[5]

Second, there is no evidence that any information has been destroyed by the YouTuber Defendants; only that certain videos may have been removed from public viewing. Kullberg Depo. Tr. 39:4-11 (acknowledging removal of postings from public viewing); Singh Depo. Tr. 77:9-78:2 (unaware of any removal or deletion of videos).

Third, assuming *arguendo* that an FTX-related video was deleted, there is no indication any such deletion occurred after any YouTuber Defendant had a duty to preserve such information. *See Ledet v. Carnival Corp.*, No. 1:18-cv-24737, 2019 WL 13237029, at *6 (S.D. Fla. Nov. 11, 2019) ("Generally, a party must preserve evidence when the party has notice that the evidence is relevant to litigation or when the party should have known that the evidence may be relevant to future litigation. . . . While notice that evidence is relevant to litigation may be established before the filing of a complaint, finding a party's duty to preserve evidence at such a point in time requires some form of concrete evidence, such as pre-litigation correspondence with counsel or an opposing party, that the party has considered future litigation beyond an awareness of its possibility.") (internal quotations and citations omitted); *In re Abilify (Aripiprazole) Prod. Liab. Litig.*, No. 3:16-md-2734, 2018 WL 4856767, at *4 (N.D. Fla. Oct. 5, 2018) ("Reasonable anticipation means

---

[5] The Court should also not consider Plaintiffs' Ex. 8 (ECF 554-8) as it is unauthenticated hearsay.

9

something much more than a mere possibility of litigation.") (internal citations omitted); Fed. R. Civ. P. 37(e) Advisory Committee Notes, 2015 Amendment ("The rule does not apply when information is lost before a duty to preserve arises."); Kullberg Depo. Tr. 39: 4-15; 71:8-21 (Plaintiffs' law firm contacted Kullberg by email on March 31, 2023; but Kullberg testified that she removed public postings "close to bankruptcy date" on November 11, 2022, five months earlier).[6] There is no basis for an adverse inference.

### III. CONCLUSION

Based on the foregoing, and for the reasons stated in the YouTuber Defendants' Motion to Dismiss for Lack of Personal Jurisdiction [ECF 266], the YouTuber Defendants respectfully request that the Court grant their Motion to Dismiss with prejudice.

### CERTIFICATE OF SERVICE

I hereby certify that on March 27, 2024, I e-filed the foregoing document using the Court's CM/ECF system, which will send a notice of electronic filing to all counsel of record.

> STEARNS WEAVER MILLER WEISSLER
> ALHADEFF & SITTERSON, P.A.
>
> By: */s/ Jose G. Sepulveda*
> JOSE G. SEPULVEDA, ESQ.
> FL Bar No. 154490
> jsepulveda@stearnsweaver.com
> mfigueras@stearnsweaver.com
> 150 W. Flagler Street
> Suite 2000
> Miami, Florida 33130
> Telephone:  305-789-3200
>
> and

---

[6] Further, the YouTuber Defendants fully complied with Magistrate Judge Sanchez's Order on Jurisdictional Discovery Motions, dated January 18, 2024, and Plaintiffs have never complained otherwise as required by the Local Rules.

POTOMAC LAW GROUP, PLLC
Derek Adams, Esq., *Pro Hac Vice*
dadams@potomaclaw.com
1717 Pennsylvania Avenue, NW, Suite 1025
Washington, D.C. 20006
Telephone: 202-204-3005

*Counsel for Defendants Erika Kullberg and Creators Agency LLC*

**CUMMINGS, MCCLORY, DAVIS &ACHO, P.C.**

By: *s/Michael O. Cummings*
   Michael O. Cummings
   New York Bar No. 2701506
   mcummings@cmda-law.com
   1185 Avenue of The Americas, Third Floor
   New York, NY 10036
   (212) 547-8810
   Ronald G. Acho, Michigan Bar No. P-23913
   racho@cmda-law.com
   17436 College Parkway
   Livonia, MI 48152
   (734) 261-2400

*Counsel for Defendant Jaspreet Singh*