IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

| | |
|---|---|
| IN RE: FTX CRYPTOCURRENCY EXCHANGE COLLAPSE LITIGATION | Case No. 1:23-md-03076-KMM<br><br>MDL No. 3076 |
| This Document Relates To:<br><br>*Garrison v. Bankman-Fried*,<br>No. 22-cv-23753-KMM<br><br>*Garrison v. Ohtani*,<br>No. 23-cv-23064-KMM | |

**DEFENDANT LAWRENCE GENE DAVID'S RESPONSE TO CORRECTED PLAINTIFFS' SUPPLEMENTAL BRIEF IN OPPOSITION TO DEFENDANTS' <u>MOTIONS TO DISMISS FOR LACK OF PERSONAL JURISDICTION</u>**

I.  **INTRODUCTION**[1]

Plaintiffs' Corrected Supplemental Brief in Support of Plaintiffs' Opposition to Defendants' Motion to Dismiss For Lack of Personal Jurisdiction, ECF No. 554, suffers from a glaring problem: it provides *zero* supplemental evidence with respect to Larry David.[2] There can be no question about this as Plaintiffs neither requested, nor received, any jurisdictional discovery *from* Mr. David after filing their opposition to Mr. David's motion to dismiss for lack of personal jurisdiction; nor did they request or receive jurisdictional discovery from other defendants *about* Mr. David during that time. As a result, the so-called "supplement" adds nothing new to the record and instead resorts to mere regurgitations of material available to Plaintiffs long before Mr. David moved to dismiss. The supplement thus does nothing to alter the fact that this Court does not have jurisdiction over Mr. David in the Florida Action.

Plaintiffs fail to demonstrate any connection between Mr. David and the State of Florida or any other basis to assert personal jurisdiction over him. Mr. David's alleged conduct of participating in a single, untargeted, nationally-broadcast commercial is insufficient to establish that he intentionally targeted Florida, as required for long-arm jurisdiction. Likewise, Plaintiffs' allegation that Mr. David entered into a *lawful* business agreement with FTX does not establish conspiracy jurisdiction over him. Plaintiffs' supplement merely rehashes their allegations that a

---

[1] Unless noted, all emphasis is added and internal quotations and citations are omitted. Citations to "ECF No. __" refer to filings in this action, while citations to "Florida Action ECF No. __" refer to filings in *Garrison v. Bankman-Fried*, No. 22-cv-23753 (S.D. Fla.) (the "Florida Action").

[2] Mr. David notes that it is not clear the Court even granted Plaintiffs' request to supplement their opposition to the California Defendants' motion to dismiss as to him. Indeed, the Court's Order does not mention Mr. David at all, despite naming the other defendants who opposed Plaintiffs' motion to supplement. *See* ECF No. 540. This is not surprising because Plaintiffs took no jurisdictional discovery from Mr. David, *see* ECF No. 502, and their supplement demonstrates that jurisdictional discovery has produced no new evidence concerning Mr. David whatsoever.

Florida-based FTX employee may have negotiated or coordinated the advertisement featuring Mr. David. Such allegations (still) do not, and cannot, establish that jurisdiction over Mr. David would comport with constitutional due process. Plaintiffs offer no evidence to contest Mr. David's signed declaration averring that he has not entered Florida in more than a decade, and engaged in *zero* conduct within, or directed at, Florida in connection with FTX. Florida Action ECF Nos. 139-2, 165; ECF Nos. 268-2, 269. Plaintiffs' supplement merely confirms that Mr. David is not subject to personal jurisdiction in the Florida Action.

## II.     ARGUMENT[3]

Although styled as a "supplement," Plaintiffs' repetitive filing adds nothing new or supplemental regarding Mr. David to the record at all. *Barron v. Snyder's-Lance, Inc.*, 2014 WL 2686060, at *1 (S.D. Fla. June 13, 2014) (requiring a supplement to "do nothing more" than "direct the Court's attention to legal authority or evidence that was not available to the filing party at the time that that party filed the original brief"). As such, Plaintiffs' supplement fails to cure the jurisdictional deficiencies Mr. David identified in his motion briefing, and Plaintiffs have thus wholly failed to meet their burden to establish personal jurisdiction over him in Florida. *See* ECF No. 268. With no jurisdictional discovery taken from or about Mr. David, in order to even mention Mr. David by name in the supplement, Plaintiffs had to reach back to old evidence—*i.e.*, Mr. David's contract with FTX, which Plaintiffs have possessed since April 2023, ECF No. 554 at 5— and recycle allegations from their own complaint—*i.e.*, that Mr. David participated in a nationally televised commercial organized in part by a Florida-based employee, ECF No. 554 at 5 (citing

---

[3] Plaintiffs have now unequivocally confirmed that they are not seeking sanctions against Mr. David. *See* ECF No. 511 at 2, 5 ("Plaintiffs do not seek an evidentiary sanction against Mr. David."). Thus, Mr. David does not address Plaintiffs' argument that the Court should apply the adverse inference rule to infer that the FTX advertisement featuring Mr. David was in fact accessed by viewers in Florida. *See* ECF No. 554 at 9.

2

CAC ¶¶ 17-18, 734). Neither supports Plaintiffs' claim to jurisdiction here.

Having quickly run out of ways to tie any jurisdictional arguments to Mr. David personally, the remainder of the supplement provides only generalized arguments about "Defendants" as a collective group. None of this moves the needle, and the Court should grant Mr. David's motion to dismiss him from the Florida Action.

### A.     Plaintiffs Fail To Establish Jurisdiction Over Mr. David In Florida.

Plaintiffs' sole basis for asserting that jurisdiction over Mr. David is proper is that he entered an agreement with FTX US to create a single, nationally-televised commercial, which Plaintiffs allege was "create[d], consummate[d], and implement[ed]" by an FTX employee in Miami. ECF No. 554 at 3, 5 (citing Florida Action ECF No. 165; ECF No. 179 (CAC) ¶¶ 17-18, 734). As explained in the California Defendants' prior briefing, those allegations are insufficient to show specific jurisdiction under Florida's long-arm statue or compliance with constitutional due process, *both* of which Plaintiffs must establish.[4]  ECF Nos. 268, 393.

There is no jurisdiction under Florida's long-arm statute because Plaintiffs' recycled allegations do not establish (1) that Mr. David directed any conduct towards Florida, (2) that Mr. David entered a conspiracy engineered or furthered in Florida, or (3) that Plaintiffs' alleged harms arose from any conduct by Mr. David in Florida. *All* Mr. David is alleged to have done is participate in a single, untargeted, nationally-broadcast commercial. ECF No. 554 at 5. Plaintiffs do not allege any link between Mr. David's alleged conduct and the State of Florida, save that the commercial *may* have aired and been viewed by someone there, who is not alleged to be among the Plaintiffs. *Id.* at 7, 9; CAC ¶¶ 651-59. This is wholly insufficient to establish that Mr. David "directed [his alleged] advertising and marketing . . . towards the Florida Plaintiffs" in this action,

---

[4] Plaintiffs do not assert general personal jurisdiction over Mr. David, who they concede is domiciled in California. ECF No. 554 at 2; *see Daimler AG v. Bauman*, 571 U.S. 117, 137 (2014).

3

as required.[5] *In re Takata Airbag Prod. Liab. Litig.*, 396 F. Supp. 3d 1101, 1141 (S.D. Fla. 2019).

Plaintiffs argue that Mr. David is nevertheless subject to jurisdiction in Florida as a co-conspirator because he entered into an agreement with a counter-party which, though it provided a California address in its agreement with Mr. David, *see* Florida Action ECF No. 165, Plaintiffs allege was at some future point headquartered in Florida. ECF No. 554 at 4. Yet Plaintiffs' own supplemental exhibits confirm that Florida was never FTX's U.S. headquarters during the time when Mr. David was allegedly engaging with FTX. *See* ECF No. 554-6 (Decl. of Nishad Singh) ¶¶ 17-18 (recounting an announcement in *September 2022* of FTX's *future intention* that "the Miami office *would become* the official FTX US headquarters, and that it *would* close its other offices . . . . In the following days, at least twenty-one employees not already located in Miami indicated they *would move* to Miami soon. Others indicated they *would* spend the majority of their time in Miami. FTX US *selected* a new, bigger office space in Miami to expand into as part of the relocation of its official headquarters. Even though *FTX Trading was not based in the United States*, . . . trips often took [SBF and Ramnik Arora, FTX Trading's head of product] to, *at a minimum, Washington, D.C., New York*, and Miami); *see also* CAC ¶¶ 632, 655 (alleging Mr. David was first approached by FTX about the advertisement in *fall 2021* and it aired on *February 13, 2022*).

---

[5] Plaintiffs' citations to *Licciardo v. Lovelady*, 544 F.3d 1280, 1283 (11th Cir. 2008), *Horizon Aggressive Growth, L.P. v. Rothstein-Kass, P.A.*, 421 F.3d 1162, 1168 (11th Cir. 2005), *Louis Vuitton Malleties, S.A. v. Mosseri*, 736 F.3d 1339, 1354 (11th Cir. 2013), *Tobinick v. Novella*, No. 9:14-CV-80781, 2015 WL 328236, at *4 (S.D. Fla. Jan. 23, 2015), and *Internet Sols. Corp. v. Marshall*, 611 F.3d 1368, 1370 (11th Cir. 2010) are unavailing. ECF No. 554 at 7-9. None of those cases involved an untargeted, national advertisement with no connection to Florida. *See Licciardo*, 544 F.3d at 1283 (alleged infringing use of a Florida resident's trademark on website); *Horizon Aggressive Growth, L.P.*, 421 F.3d at 1168 (alleged misrepresentation directed specifically to the Florida-based plaintiff); *Louis Vuitton Malleties, S.A.*, 736 F.3d at 1354 (online sales of counterfeit bags to Florida residents); *Tobinick*, 2015 WL 328236, at *4 (defamatory statements on website targeting a Florida resident); *Internet Sols. Corp.*, 611 F.3d at 1370 (same).

Moreover, the assertion that Mr. David conspired with FTX US by merely entering a commercial agreement with it is conclusory and illogical.  Plaintiffs do not plead that there was anything unlawful about Mr. David's agreement, nor that Mr. David played a "conscious role" in FTX's conspiracy, as required to sufficiently plead conspiracy jurisdiction.  *See Birmingham v. RoFx.net*, 2022 WL 1686683, at *1-2 (S.D. Fla. May 26, 2022) (rejecting personal jurisdiction over conspiracy claim because "[t]he fact that EPS charged RoFx a fee for its services is proof of a business relationship, not a conspiracy" and the basic ways RoFx used EPS does not establish EPS's "conscious role" in the supposed conspiracy).  Likewise, Plaintiffs' allegations of a "nationwide, undifferentiated, []marketing campaign" do not establish that their "cause of action ar[o]se[] from the defendant committing a tortious act within the state."  *Don King Prods., Inc. v. Mosley*, 2016 WL 3950930, at *3 (S.D. Fla. Jan. 27, 2016); *see also* ECF No. 268 at 10.

For similar reasons, Plaintiffs have failed to establish that the exercise of jurisdiction over Mr. David in Florida would comport with constitutional due process.[6]  Plaintiffs bear the burden of demonstrating that (1) their claims arise out of or relate to Mr. David's contacts with Florida, and (2) Mr. David purposefully availed himself of the forum.  *Louis Vuitton Malletier, S.A.*, 736 F.3d at 1355.  Plaintiffs focus on the fact that Mr. David's advertisement was allegedly "accessible [and] accessed" in Florida, but Plaintiffs proffer no support for their conclusory allegations—including the glaring absence of any allegation that any of the named plaintiffs actually accessed that advertisement in Florida and relied on it in deciding to purchase FTT or YBAs.  ECF No. 554 at 7, 9.  In any event, such allegations, even if true, cannot establish purposeful availment where the advertisement was equally accessible in all 50 states and did not target Florida in any way.

---

[6] For the reasons explained in the motion to dismiss, exercising jurisdiction over Mr. David in the Florida Action would be improper for the separate reason that it would not comport with traditional notions of fair play and substantial justice.  *See* ECF No. 268 at 14-15.

5

*McCall v. Zotos*, 2023 WL 3946827, at *5 (11th Cir. June 12, 2023) (affirming dismissal for lack of jurisdiction where the allegedly tortious internet post was "accessible in" but did not "target" Florida); *Don King Prods., Inc.*, 2016 WL 3950930, at *5 (granting motion to dismiss where "the only potential contact [defendant] ha[d] with Florida [was] . . . a national online advertising campaign"); *Zamora Radio, LLC v. Last.fm LTD.*, 2011 WL 2580401, at *6 (S.D. Fla. June 29, 2011) ("[J]urisdiction in a particular forum just for offering national and un-targeted advertising" would "set a troubling precedent."); *see* ECF No. 268 at 12.

The alleged location of Avi Dabir, an FTX employee, in Florida does nothing to change the outcome. Plaintiffs allege that a different FTX employee, Dan Friedberg, credits Mr. Dabir "for creating [the Super Bowl ad] idea and concept and collaborating with Mr. David and his team," and that "all FTX employees or agents who were involved in the Larry David Super Bowl commercial ultimately reported to Avi Dabir." CAC ¶¶ 17-18, 734; ECF No. 179-1 ¶ 24. But these assertions—none of which are admissible evidence—do not in any way rebut Mr. David's undisputed testimony that (1) his contract with FTX US showed a California address for FTX US; (2) Mr. David has not traveled to Florida for any purpose related to FTX; and (3) Mr. David did not perform any acts related to FTX in Florida. Florida Action ECF No. 139-2. Furthermore, the law is clear that merely negotiating or otherwise interacting with an individual who happens to be in Florida is not enough to establish purposeful activity *aimed* at the state. *See, e.g., Groom v. Feyh*, 651 F. Supp. 249, 255-56 (S.D. Fla.1986) ("The prior negotiations between the [contractual] parties are generally insufficient standing alone to amount to purposeful activity."); *see also* ECF No. 268 at 13. There is simply no basis to assert personal jurisdiction in Florida over Mr. David.

### B. Plaintiffs' General Arguments Regarding "Defendants" Are Inapplicable To Mr. David.

Finally, lumping Mr. David in with other "Defendants," collectively, does not establish

6

Florida jurisdiction over Mr. David personally, because Plaintiffs' general arguments regarding other defendants' contacts with Florida are inapplicable to Mr. David. *Cf. Rattner v. 1809 Brickell LP*, 21-cv-23426-KMM, 2022 WL 4770402, at *4 (S.D. Fla. Aug. 23, 2022) (Moore, J.) (dismissing complaint as a shotgun pleading where "Plaintiff's SAC lumps several Defendants together in almost every cause of action without delineating how each Defendant is involved"). ***Mr. David is not mentioned in any of Plaintiffs' submitted exhibits***, which relate primarily to defendants Jaspreet Singh, Erika Kullberg, and Creators Agency. While Plaintiffs' Exhibits 3, 4, and 5 purport to show defendant Creators Agency instructing other individuals how to create promotional videos on YouTube, Mr. David is not on any of these communications, is not alleged to have been part of similar communications, and is not even alleged to have worked with Creators Agency. *See* ECF No. 554 at 3 (citing ECF Nos. 554-3, 554-4, 554-5). Nor is there any evidence whatsoever that Mr. David was provided with the "talking points" in Plaintiffs' Exhibit 7 that they allege "included specific references to Miami." ECF Nos. 554 at 6 (discussing 554-7). Plaintiffs themselves have conceded these four exhibits do not support jurisdiction over Mr. David. ECF No. 511 at 7 n.10 ("Plaintiffs do not rely on instructions from Creators Agency to show that Mr. David was part of the FTX conspiracy"; "[n]or do Plaintiffs suggest that Creator Agency's 'talking points' were provided to Mr. David.").

Plaintiffs' remaining supplemental exhibits, which likewise do not mention Mr. David, similarly fail to establish jurisdiction in Florida over Mr. David. Exhibits 1 and 2 are excerpts from the deposition transcripts of Jaspreet Singh and Erika Kullberg, and are cited as supposed evidence of those individuals' agreements to promote FTX. ECF No. 554 at 3 (citing ECF Nos. 554-1, 554-2). Plaintiffs do not explain how Mr. Singh's or Ms. Kullberg's testimony regarding their relationships with FTX could possibly have any bearing on jurisdiction over Mr. David. *Id.*

7

That other individuals may have engaged in some conduct in or directed at Florida does not support Plaintiffs' assertion of conspiracy jurisdiction over Mr. David, when Mr. David is only alleged to have entered into a commercial agreement with FTX. *Birmingham*, 2022 WL 1686683, at *2.

Exhibit 8 is likewise irrelevant. That exhibit appears to be a screenshot of some sort of geographical analysis of viewers for a video entitled "Creators Agency & FTX – YouTube's Biggest Scam!" ECF No. 554-8. Plaintiffs cite it and Exhibit 1 for the proposition that "Defendants" knew or should have known that their alleged promotions were accessible and accessed in Florida. ECF No. 554 at 7-9. Evidence that YouTube creators, *generally*, can access information about their viewers' locations certainly does not establish that FTX's *television* advertisement featuring Mr. David was accessible in or accessed in Florida. Nor, for that matter, would such evidence (even if it existed) establish the requisite intentional targeting. *McCall*, 2023 WL 3946827, at *5; *In re Takata Airbag Prod. Liab. Litig.*, 396 F. Supp. 3d at 1141. At bottom, evidence *from* defendants other than Mr. David, *about* defendants other than Mr. David, does not conjure personal jurisdiction over Mr. David.

### III. CONCLUSION

For the foregoing reasons and those stated in the California Defendants' motion to dismiss for lack of personal jurisdiction, ECF No. 268, Mr. David respectfully requests that the Court grant the California Defendants' motion to dismiss with respect to Mr. David, and dismiss the Florida Action against Mr. David.

Dated:  March 27, 2024　　　　　　　Respectfully submitted,

　　　　　　　　　　　　　　　　　　　　**Colson, Hicks, Eidson, P.A.**
　　　　　　　　　　　　　　　　　　　　　255 Alhambra Circle, Penthouse
　　　　　　　　　　　　　　　　　　　　　Coral Gables, Florida 33134
　　　　　　　　　　　　　　　　　　　　　(305) 476-7400

　　　　　　　　　　　　　　　　　　　　By: */s/ Roberto Martínez*

8

    Roberto Martínez
    Florida Bar No. 305596
    bob@colson.com
    Stephanie A. Casey
    Florida Bar No. 97483
    scasey@colson.com
    Zachary Lipshultz
    Florida Bar No. 123594
    zach@colson.com

**LATHAM & WATKINS LLP**
 Andrew B. Clubok (*pro hac vice*)
  *andrew.clubok@lw.com*
 Susan E. Engel (*pro hac vice*)
  *susan.engel@lw.com*
 Brittany M.J. Record (*pro hac vice*)
  *brittany.record@lw.com*
555 Eleventh Street, N.W., Suite 1000
Washington, D.C. 20004-1304
Tel: +1.202.637.2200

**LATHAM & WATKINS LLP**
 Marvin S. Putnam (*pro hac vice*)
  *marvin.putnam@lw.com*
 Jessica Stebbins Bina (*pro hac vice*)
  *jessica.stebbinsbina@lw.com*
10250 Constellation Blvd., Suite 1100
Los Angeles, California 90067
Tel: +1.424.653.5500

**LATHAM & WATKINS LLP**
 Michele D. Johnson (*pro hac vice*)
  *michele.johnson@lw.com*
650 Town Center Drive, 20th Floor
Costa Mesa, California 92626-1925
Tel: +1.714.540.1235

*Attorneys for Defendant Lawrence Gene David*

**CERTIFICATE OF SERVICE**

      I HEREBY CERTIFY that on March 27, 2024, a true and correct copy of the foregoing was filed electronically with the Clerk of the Court, by using the CM/ECF system, causing a true and correct copy to be served on all counsel of record.

                                                         By: */s/   Roberto Martínez*
                                                             Roberto Martínez