**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**
**MIAMI DIVISION**
MDL No. 3076
Case No. 1:23-md-03076-KMM

**IN RE:**

**FTX Cryptocurrency Exchange Collapse Litigation**

_____

THIS DOCUMENT RELATES TO:

     INSIDER DEFENDANTS

     PROMOTER DEFENDANTS

_____

**PLAINTIFFS' MOTION FOR PRELIMINARY APPROVAL OF FIRST TRANCHE OF
SETTLEMENTS, PROVISIONAL CERTIFICATION OF PROPOSED SETTLEMENT
CLASS, AND APPROVAL OF THE PROPOSED SCHEDULE**

The FTX collapse—the rapid unravelling of one of the world's biggest scams—is certainly one of recent history's greatest financial disasters. For over a year, Plaintiffs and MDL Counsel have worked tirelessly to efficiently litigate these claims to benefit all FTX Victims. Today, those efforts begin to bear fruit. Plaintiffs are proud to announce to the Court the first tranche of proposed Class Settlements, made with many FTX Insiders and Promoters.[1] These proposed Settlements result from the tremendous efforts of (1) the Honorable Michael Hanzman (Ret.), who has conducted numerous mediations in this matter to date, (2) the Honorable Lewis Kaplan of the Southern District of New York, who presided over Sam Bankman-Fried's criminal trial, and the pleas of the Insider Settling Defendants, and (3) Proposed Class Representatives[2] like Sunil Kavuri, who provides his Supporting Declaration, *see* **Exhibit A**, detailing his involvement in these proceedings and his support for the proposed Settlements, *see* **Composite Exhibit B**.[3]

Mr. Kavuri has dedicated a significant amount of time to this action, including weekly meetings with counsel to review pleadings and developments in the litigation, attending mediations and participating in settlement discussions, speaking and coordinating meetings with tens of thousands of other FTX victims across the globe, and serving on various unofficial FTX Bankruptcy Committees, all at his own expense. Ex. A ¶¶ 3–4. He also prepared and submitted a comprehensive Victim Impact Statement and will be presenting at Mr. Bankman-Fried's sentencing hearing tomorrow, March 28, 2024. *Id.* ¶ 5.

As a result of Plaintiffs' and MDL Counsel's efforts, aided in large part by Judge Hanzman, all Settling Defendants have provided, and will continue to provide, invaluable information, materials, and cooperation to enable the prosecution of the dozens of MDL Defendants named thus far (and those yet to be named). While Plaintiffs still do not have *any* cooperation from the

---

[1] Defendants Caroline Ellison, Zixiao "Gary" Wang, Nishad Singh (collectively, "Insider Settling Defendants"), Daniel Friedberg ("Mr. Friedberg"), Kevin Paffrath, Tom Nash, Brian Jung, Andrei Jikh, Jeremy Lefebvre, Graham Stephan, and William Trevor Lawrence (collectively, "Promoter Settling Defendants") ("Settling Defendants" will refer collectively to Insider Settling Defendants, Mr. Friedberg, and Promoter Settling Defendants).

[2] Leandro Cabo, Alexander Chernyavsky, Chukwudozie Ezeokoli, Edwin Garrison, Ryan Henderson, Shengyun Huang, Sunil Kavuri, Michael Livieratos, Michael Norris, Brandon Orr, Julie Papadakis, Gregg Podalsky, Kyle Rupprecht, Vijeth Shetty, Vitor Vozza, and Warren Winter.

[3] Compiling B1 (Ellison), B2 (Wang), B3 (Singh), B4 (Friedberg), B5 (Paffrath), B6 (Nash), B7 (Jung), B8 (Jikh, Lefebvre, and Stephan), and B9 (Lawrence) (together "Settlements").

Bankruptcy Estate, we are extremely pleased that the 3rd Circuit Court of Appeals required the appointment of an Independent Examiner in the Bankruptcy proceedings, and Plaintiffs have the utmost confidence in him and the U.S. Trustee.

The Insider Settling Defendants, who have pled guilty in the criminal proceedings against them, have agreed to full restitution and forfeiture, and to have Judge Kaplan decide and coordinate in his court how the FTX victim funds recovered from them will be provided to the FTX victims. Many FTX Victims, including Mr. Kavuri, have already requested to Judge Kaplan that, particularly in light of the troubling facts raised in connection with potential conflicts, wasted resources, and other issues plaguing the Bankruptcy Estate, that the funds would best serve the FTX Victims by routing them through the FTX MDL under the careful supervision of this Court.

The Insider Settling Defendants have also already begun providing information and discovery in the form of testimony, documents in their possession, custody, and control, proffer, and/or attorney proffer (subject to any limitations imposed by the Department of Justice and the court), to assist Class Members in prosecuting the FTX MDL.[4] Mr. Friedberg likewise is cooperating with MDL Plaintiffs and has already provided multiple declarations to assist Plaintiffs with their claims against other, non-settling MDL Defendants. And the Promoter Settling Defendants have agreed to provide collective $1,359,485 in monetary relief and cooperation (based upon their individual facts) in exchange for reaching these early settlements, which will be held in the Settlement Fund pending further order on distribution to the FTX Class Members. The Settling Defendants' cooperation has already assisted Plaintiffs and MDL Counsel in bringing additional claims and substantiated allegations against non-settling MDL Defendants (like Deltec Bank and Jean Chalopin), as well as additional actions against other culpable parties.

---

[4] Insider Settling Defendants also agree to assign or otherwise pay to the Class any money, claims, insurance assets or refunds that they may receive related to their employment at FTX, subject to any limitations imposed by the Department of Justice, or by a court order. Insider Settling Defendants further acknowledge the Class, which includes FTX customers who liquidated before the FTX bankruptcy filing, is broader than the FTX customers listed as bankruptcy creditors, and agree they will take no position with respect to the Class seeking monetary compensation from Settling Defendants through the restitution process provided by the Mandatory Victims Restitution Act ("MVRA"), 18 U.S.C. § 3663A, or recovery of funds forfeited by Insider Settling Defendants pursuant to 18 U.S.C. §§ 981, 3554 or 28 U.S.C. § 2461(c), or with respect to the Class's position that such recoveries should flow through the FTX MDL.

Plaintiffs have also retained the services of acclaimed legal notice experts JND Legal Administration LLC ("JND"), to craft a Notice Plan in order to provide the best notice practicable to the Class, which is in line with the court-approved program they created for another recent cryptocurrency matter, *In re Ripple Labs Inc. Litig.,* No. 18-cv-06753-PJH, ECF No. 359 (N.D. Cal. Jan. 26, 2024). This robust Notice Plan, as explained in the Declaration of Gina Intrepido-Bowden, attached as **Exhibit C**, will provide the best notice practicable, consistent with the methods and tools employed in other court-approved notice programs and to allow Class Members the opportunity to review a plain language notice with the ability to easily take the next step and learn more about the litigation. *Id.*, ¶ 12.

Proposed Class Representatives therefore request the Court: (1) grant preliminary approval of the Settlements; (2) grant certification of the Proposed Settlement Class; (3) appoint Class Representatives as Rule 23(c) class representatives; (4) appoint MDL Co-Lead Counsel, Adam Moskowitz of The Moskowitz Law Firm, PLLC and David Boies of Boies Schiller Flexner LLP as Co-Lead Class Counsel pursuant to Fed R. Civ. P. 23(c)(1)(B) and 23(g); (5) approve the proposed plan of notice to the Class pursuant to Fed. R. Civ. P. 23(e) and set a schedule for disseminating notice to Class Members, as well as deadlines to comment on or object to the Settlements; and (6) schedule a hearing pursuant to Fed. R. Civ. P. 23(e)(2) to determine whether the proposed Settlements are fair, reasonable, and adequate; and should be approved.

## I.   LITIGATION OVERVIEW

### *The FTX MDL*

FTX, the cryptocurrency exchange platform (comprised of FTX.US and FTX.com), collapsed in early November 2022 and on November 11, 2022, the FTX Group filed for Chapter 11 bankruptcy protection. Numerous class and individual actions arose from the FTX Group's collapse, beginning on November 15, 2022, when Edwin Garrison filed a class action complaint and demand for jury trial captioned *Edwin Garrison v. Sam Bankman-Fried, et al.,* Case 1:22-cv-23753, before this Court ("*Garrison*"), asserting, on behalf of himself and a class of similarly-situated individuals, claims against Insider Settling Defendants and others arising from the collapse of the FTX cryptocurrency trading platform. In conjunction with that complaint, Mr. Friedberg provided valuable information regarding FTX's Miami-based office and business operations.

On June 5, 2023, the JPML consolidated for coordinated pretrial proceedings dozens of individual and class actions arising from the collapse of the FTX cryptocurrency trading platform

into a multidistrict litigation (MDL) action and transferred the FTX MDL to this Court because "[a] significant portion of FTX's conduct allegedly emanated from this district, where it had its U.S. headquarters before filing for bankruptcy." ECF No. 1. The JPML explained, *id.*:

> These actions present common questions of fact concerning the collapse of the FTX cryptocurrency exchange in November 2022, which allegedly was caused by the conduct of FTX former principals Sam Bankman-Fried, Zixiao "Gary" Wang, and Nishad Singh, and financial improprieties with Alameda Research. All actions allege that FTX executives fraudulently withheld or misrepresented information with respect to customer assets on the FTX platform and that the professional service and investment firms and celebrity promoters who worked with FTX were complicit in or otherwise bear responsibility for the alleged fraud – for example, by concealing FTX's financial problems or promoting FTX products with knowledge or willful blindness of the alleged fraud.

In August 2023, Class Representatives filed interlocking omnibus Consolidated Administrative Class Action Complaints for each of the interrelated FTX Insider, Promoter and Digital Creator, Domestic VC, Multinational VC, Accounting Firm, Law Firm, and Bank Defendant Tracks, on behalf of "all persons or entities … who, within the applicable limitations period, purchased or held legal title and/or beneficial interest in any fiat or cryptocurrency deposited or invested through an FTX Platform, purchased or enrolled in a YBA or purchased FTT." The Consolidated Administrative Class Action Complaints share core allegations relating to the FTX cryptocurrency exchange, YBAs, FTT, and the underlying FTX fraud, asserting that defendants from every track aided, abetted, or otherwise participated in a central conspiracy to promote unregistered securities and to misappropriate customer funds on the FTX cryptocurrency exchange. Each complaint likewise attaches Mr. Friedberg's declaration.

MDL Defendants moved to dismiss pursuant to Rule 12(b)(6), and certain defendants moved pursuant to Rule 12(b)(2) for dismissal of the Consolidated Administrative Class Action Complaints for lack of personal jurisdiction in Florida and elsewhere and Rule 12(b)(5) for insufficient service of process.

Over the course of the following months, some of the Settling Defendants (and other MDL Defendants who decided not to settle) agreed to attend mediation sessions before the Honorable Michael Hanzman (Ret.), who facilitated vigorous arm's-length negotiations and provided his expert input into the claims and defenses at issue, their strengths and weaknesses, and proposed terms to amicably resolve the disputes. Judge Hanzman's involvement certainly informed Plaintiffs and Class Counsel in subsequent negotiations with other Settling Defendants at arm's length so that all aspects of the litigation and settlements were considered in full before resolving them.

From December 2023 to February 1, 2024, Class Representatives and certain defendants engaged in jurisdictional discovery. Over the same period, Class Counsel engaged with counsel for Settling Defendants to discuss amicable settlement and, where possible, to obtain information regarding MDL Defendants that would be useful in supplementing arguments in favor of personal jurisdiction. The Insider Settling Defendants, in particular, were instrumental in detailing their dealings with certain MDL Defendants as well as FTX's and MDL Defendants' contacts with relevant jurisdictions in the United States, such as producing thousands of Telegram messages between Alameda employees, Tether employees, and Deltec employees, which demonstrate Deltec Banks's and Jean Chalopin's knowledge of and participation in the FTX fraud.

On February 16, 2024, Class Representatives moved for leave to file supplemental oppositions to the motions to dismiss and/or to amend the relevant Complaints to include information learned via jurisdictional discovery, proffers with Settling Defendants, or other recent public sources. Those motions remain fully briefed and pending decision.

### The FTX Criminal Proceedings

On December 13, 2022, an eight-count indictment against Sam Bankman-Fried was unsealed, including charges of securities fraud, wire fraud, and several conspiracy counts involving money laundering and campaign finance violations, for misappropriating FTX customer deposits by way of loans and other transfers to Alameda, among other fraudulent conduct.

On December 19, 2022, Defendants Ellison and Wang waived indictment by the U.S. Attorney, consented to the filing of a Superseding Information, and pleaded guilty to criminal offenses arising from the collapses of the FTX cryptocurrency exchange, including fraud offenses arising from "a scheme to defraud customers of FTX.com." Defendant Singh did the same on February 28, 2023. In pleading guilty, Insider Settling Defendants agreed to cooperate with the DOJ investigation and prosecution of Sam Bankman-Fried, to make restitution in an amount to be specified by the court in accordance with 18 U.S.C. §§ 3663, 3663A, and 3664, to be paid according to a plan established by the court, and to forfeit to the United States, pursuant to 18 U.S.C. § 981(a)(1)(C) and 28 U.S.C. § 2461(c), any and all property, real and personal, that constitutes or is derived from proceeds traceable to the commission of or involved in the offenses.

The Honorable Lewis A. Kaplan of the Southern District of New York is presiding over the criminal proceedings against Samuel Bankman-Fried and other FTX insiders, including Insider Settling Defendants. Throughout 2023, Judge Kaplan unsealed superseding indictments against

Bankman-Fried, which ultimately charged Bankman-Fried with a total of thirteen criminal counts. Insider Settling Defendants provided information and testimony at the October 2023 trial, which is commonly relevant to each of Class Representatives' Complaints. For instance, Defendant Ellison testified to key allegations, including that Samuel Bankman-Fried "set up a system that allowed Alameda to borrow from FTX" in the "early days at FTX," Oct. 10, 2023 Tr. at 654:2-6, that FTX "always allowed Alameda to … borrow user funds," that Alameda borrowed "around $10 billion of FTX customer funds that [Alameda] had no way to repay, meaning that [FTX] wasn't a safe place for customers to keep their money", Oct. 11, 2023 Tr. at 862:9-11, and other facts relating to criminal conduct by Sam Bankman-Fried underlying Class Representatives' claims. Defendant Wang provided testimony related to key allegations common to each of Class Representatives' Consolidated Administrative Class Action Complaints, including that FTX.US "gave special privileges to Alameda Research on FTX, which allowed it to withdraw unlimited amounts of funds from the platform, and we lied about this to the public," Oct. 5, 2023 Tr. at 304:14–16. Defendant Singh provided testimony that FTX Trading and FTX.US permitted the use of customer deposits to invest in MDL Defendants, and other ways in which FTX Group misappropriated customer funds.

On November 3, 2023, the October 2023 trial concluded, and the jury convicted Sam Bankman-Fried on seven counts including wire fraud, money laundering, and related conspiracies arising from the multi-billion-dollar fraud perpetuated through FTX Group.

Based on the evaluation of the facts and the law, the Settling Parties hereto have agreed (subject to court approval) to Settlements covering all persons or entities who purchased or held legal title to and/or beneficial interest in any fiat or cryptocurrency deposited or invested through an FTX Platform, purchased or enrolled in a YBA, or purchased FTT, excluding the FTX Group and the FTX MDL Defendants.

## II.    Settlement Consideration

### A.    Insider Settling Defendants

In consideration for full and final settlement of the claims asserted against Insider Settling Defendants in the FTX MDL and the Releases set forth therein and other consideration described in the Settlement Agreements (Exs. B1–B3, ¶¶ 5.12, 6.1–6.5), Insider Settling Defendants will provide to the Settlement Class, subject to any limitations imposed by the DOJ or by a court order:

1. information and discovery to assist the Class in litigating this MDL. Exs. B1–B3, ¶ 5.6.

2. reasonable efforts to cooperate, including producing nonprivileged documents, shall further provide reasonable assistance in reviewing and clarifying documents, and shall cooperate in good faith and use reasonable efforts to authenticate, establish as business records and provide foundation for documents or things they produce per these Settlements. Exs. B1–B3, ¶ 5.7.

3. up to five proffer sessions, plus up to an additional five proffer sessions, and make him or herself available for deposition and/or trial, without service of a subpoena, upon reasonable notice, and provide truthful declarations or affidavits upon request, with respect to, though not necessarily limited to, any non-privileged information regarding specific defendants and accomplices listed in each Insider Settlement Agreement. Exs. B1–B3, ¶ 5.7.11.

4. an assignment to the Class of any and all not yet paid monies (including, without limitation, proceeds of insurance and refunds of unearned premiums) due or to become due and not yet paid under any and all claims or other rights of Insider Settling Defendants with respect to any and all policies of insurance now or at any time hereafter covering their employment with the FTX Group. Exs. B1–B3, ¶ 5.8.

5. an assignment to the Class of any demands, claims, and/or causes of action of every kind and nature, in law, equity, or otherwise, that they may have against FTX Group and/or other third party, known and unknown, existing either before or after discharge of the Debtors from the Bankruptcy Proceeding, arising from and/or in connection to Defendants' interest in and/or employment by FTX Group, subject to any limitations imposed by the Department of Justice and/or a court order. Exs. B1–B3, ¶ 5.9.

6. Insider Settling Defendants will take no position with respect to Class Representatives' contention that Class Members are identified as victims of the criminal conduct charged to Insider Settling Defendants in the Superseding Information, and are entitled to restitution under the MVRA, pursuant to a plan established by the Southern District of New York, and/or to recovery of funds forfeited by Settling Defendants pursuant to 18 U.S.C. §§ 981, 3354 or 28 U.S.C. § 2461(c). Insider Settling Defendants will therefore take no position with respect to Class Representatives pursuing monetary compensation through the restitution process provided by the MVRA or through the forfeiture process provided by 18 U.S.C. § 981, nor will Insider Settling Defendants take any position with respect to Class Representatives' request that, should any monies be collected in satisfaction of any money judgment that the Southern District of New York entered against Insider Settling Defendants as part of their sentencing, Class Members shall receive distributions of the collections through the Southern District of New York or successor processes. Exs. B1–B3, ¶ 5.10.

7. Insider Settling Defendants will take no position with respect to Class Representatives' and Class Counsel's position that Class Members comprise the broadest group of victims, holding in the aggregate, the largest claim for losses, such that restitution under

the MVRA and/or recovery of funds forfeited by Defendants pursuant to 18 U.S.C. §§ 981, 3554 or 28 U.S.C. § 2461(c) should flow through this MDL. Exs. B1–B3, ¶ 5.11.

8. reasonable efforts to support the transfer of the claims against them in the *Onusz* Adversary Proceeding to this MDL pursuant to 28 U.S.C. § 1407. Exs. B1–B3, ¶ 5.3.

**2. Mr. Friedberg**

In consideration for full and final settlement of the claims asserted against Mr. Friedberg in the FTX MDL and in consideration of the Releases set forth therein, Ex. B4, ¶¶ 6.1–6.5, Mr. Friedberg will provide information to assist the Class in prosecuting the FTX MDL, in the form of Mr. Friedberg's testimony, documents, proffers, and/or attorney proffers. Ex. B4, ¶ 5.2.3.

Mr. Friedberg's cooperation shall include voluntarily producing, without service of a subpoena, (1) all non-privileged documents he produced to Debtors in connection with the Bankruptcy Proceeding, except to the extent such documents are irrelevant to the FTX MDL and are of a sensitive personal nature; and (2) additional, non-privileged documents and/or data relevant to certain topics identified by Class Counsel. The cooperation will extend to voluntarily providing reasonable and truthful assistance in analyzing and clarifying documents, whether produced by Class Representatives or another party in the FTX MDL, the Criminal Proceedings, and/or the Bankruptcy Proceedings. It will further extend to voluntary efforts to authenticate, establish as business records, and provide other foundation for documents and things Mr. Friedberg produces. Ex. B4, ¶ 5.2.3.1–.4.

Mr. Friedberg shall sit for up to five proffer sessions, with an opportunity for Class Counsel to seek an additional five such sessions should they become reasonably necessary to the prosecution of this MDL, and reasonably make himself available for depositions, and/or trial, without service of a subpoena, upon reasonable notice, and provide declarations or affidavits relevant to the FTX MDL upon request. Ex. B4, ¶ 5.2.3.5.

**3.    Promoter Settling Defendants**

In consideration for full and final settlement of the claims asserted against Promoter Settling Defendants in the FTX MDL and in consideration of the Releases set forth therein, Promoter Settling Defendants will contribute to a common fund a combined $1,359,485.00 to fund the class settlement in exchange for release of the claims against them, as more specifically set forth in their respective Settlement Agreements. Ex. B5, § IV.A; Ex. B6, § IV.A; Ex. B7, § IV.A; Ex. B8, § IV.A; Ex. B9, § 8.

Defendant Jung will further provide agreed-upon cooperation to Class Representatives and Class Counsel. To the extent that such cooperation results in recovery of additional funds for Class Representatives and Class Counsel, Defendant Jung shall be entitled to twenty-five (25) cents on each dollar returned up to a limit of $180,000. Ex. B7, § IV.B.

Defendants Jikh, Stephan, and Lefebvre will also assign any and all claims they may have against any and all third parties to the Plaintiff Class, regarding any of the allegations raised in this action. Ex. B8, § IV.C.i. In the event that any such third parties attempt to assert counterclaims against these Defendants for such assigned claims, the Plaintiff Class will provide legal defense and bear the attorneys' fees and costs for such defense. *Id.* They will further continue to provide Plaintiffs with sworn statements, documents, and ongoing cooperation in Plaintiffs' pursuit of claims against other third parties and MDL defendants. Ex. B8, § IV.C.ii.

## III.  Settlement Class Certification

The Settlements require conditional certification of the Class, pursuant to Federal Rule of Civil Procedure 23(b)(1) or, in the alternative, 23(b)(3). Parties agree that for Settlement purposes only and pursuant to the terms of the Settlements, the Class Representatives will serve as class representative plaintiffs and Adam Moskowitz of The Moskowitz Law Firm, PLLC and David Boies of Boies Schiller Flexner LLP will serve as Co-Lead Class Counsel pursuant to Federal Rule of Civil Procedure 23(c). The Settlements are conditional on the Court's approval thereof. In the event the Court does not approve all terms of the Settlements, then certification of the Class will be voided as to such Settlements, and all orders entered in connection therewith, including but not limited to any order conditionally certifying the Class, will be voided. Exs. B1–B3, ¶¶ 5.1–5.3; Ex. B4, ¶ 5.1.1–.3; Exs. B5–B8, § III, Ex. B9, § 6.

### A.  The Settlement Class

The Settlement Class is "All persons or entities who, within the applicable limitations period, purchased or held legal title to and/or beneficial interest in any fiat or cryptocurrency deposited or invested through an FTX Platform, purchased or enrolled in a YBA, or purchased FTT." To the extent not otherwise included in the Class, Class Members include customers of the FTX Group who deposited cash and/or digital assets at either or both of the FTX Group's U.S.-based and non-U.S.-based trading platforms and have been unable to withdraw, use or access the billions of dollars in assets that were contractually required to be held safely in accounts on their behalf. Excluded from the Classes are MDL Defendants and their officers, directors, affiliates, legal

representatives, and employees, the FTX Group and their officers, directors, affiliates, legal representatives, and employees, any governmental entities, any judge, justice, or judicial officer presiding over this matter and the members of their immediate families and judicial staff. Exs. B1–B3, ¶ 4.3; Ex. B4, ¶ 4.3; Exs. B5–B6 & 8, § I.S; Ex. B7, § I.T, Ex. B9, § 10.

### B.     Release of Claims

In exchange for the consideration being provided by the Settling Defendants, the Class Representatives, Settlement Class Members, and each of their respective heirs, executors, administrators, assigns, predecessors, and successors, and any other person claiming by, through, or under any or all of them, Exs. B1–B3, ¶ 4.34; Ex. B4, ¶ 4.28, and/or Releasing Parties, the Settlement Class Representatives and each member of the Settlement Class, by operation of the Final Order and Judgment, on his, her, its, or their own behalf and on behalf of his, her, its or their predecessors, successors, assigns, assignors, representatives, attorneys, agents, trustees, insurers, heirs, next of kin, estates, beneficiaries, executors, administrators, and any natural, legal, or juridical person or entity that he, she, it or they are entitled to assert any claim on behalf of any Settlement Class member, Exs. B5–B8, § V, Ex. B9, § 15, will release the Settling Defendants from all claims related to any of the alleged conduct giving rise to this litigation. The Release and the Order of Final Approval, shall be deemed to have fully, finally, conclusively, irrevocably, and forever released, settled, compromised, relinquished, and discharged Settling Defendants of and from any and all Released Claims, including Unknown Claims. Without further action by any person or the District Court, Class members will be deemed: (a) to have consented to the dismissal with prejudice of any and all Released Claims; (b) to have released and forever discharged any and all Released Claims; and (c) to be forever barred and enjoined from instituting or further prosecuting Settling Defendants, in any forum whatsoever, including but not limited to any state, federal, or foreign court, or regulatory agency, or any arbitration forum, each and every Released Claim. Exs. B1-B4, ¶¶ 6.1-6.5.

### C.     Class Notice Provisions

To the extent the District Court certifies the Class pursuant to Federal Rule of Civil Procedure 23(b)(1), the Settlements require notice to be provided to the Class in accordance with the Preliminary Approval Order and/or any other order from this Court. Exs. B1–B3, ¶ 7.1; Ex. B4, ¶ 7.1.1; *cf.* Exs. B5–B8, § VI (requiring equivalent Class Notice), Ex. B9, § 3. To the extent the District Court certifies the Class pursuant to Federal Rule of Civil Procedure 23(b)(3), subject

to the requirements of the Preliminary Approval Order, within 30 days after its entry, the Parties will send, or cause to be sent, a Class Notice to each Class Member. The Class Notice also will be published on the Settlement Website and in industry publications. The Class Notice will: contain a short, plain statement of the background of the Action and the Settlement; describe the settlement relief outlined in this Stipulation; state that any relief to Class Members is contingent on the Court's final approval of the Settlement; inform Class Members that attorneys' fees and expenses, and a service award for the named plaintiff, will be requested and, if approved by the Court, will be paid from the Settlement Fund; inform Class Members that any Final Order and Judgment entered in the Action, whether favorable or unfavorable to the Class, shall include, and be binding on, all Class Members, even if they have objected to the proposed Settlement and even if they have any other claim, lawsuit or proceeding pending against Settling Defendants; describe the terms of the Release; and contain reference and a hyperlink to a dedicated webpage established by JND, which will include relevant documents and information regarding Class Representatives' claims against Settling Defendants in the FTX MDL. Class Notice will also inform Class Members of their opt-out rights. Exs. B1–B3, ¶ 7.3; Ex. B4, ¶ 7.1.2; *cf.* Exs. B5–B8, § VI (requiring equivalent Class Notice), Ex. B9, § 3.

With respect to Insider Settling Defendants and Mr. Friedberg, such Defendants shall determine the form of CAFA Notice to be provided to appropriate state and federal officials for the purpose of satisfying the requirements of CAFA and the identity of those who will receive the CAFA Notice. They shall be responsible for serving the CAFA Notices and for all costs and expenses related thereto. Class Counsel will provide Defendants with information concerning class membership required to comply with 28 U.S.C. § 1715(b)(7). Exs. B1–B3, ¶ 7.4. As to Promoter Settling Defendants, Class Representatives and Class Counsel shall, within ten days of the Agreement's filing with the Court, provide notice of this Action and Agreement to the appropriate federal and state entities in accordance with CAFA. Exs. B5–B8, § VI.F–G, Ex. B9, § 3.

### D.    Preliminary Approval

The Settlements require the prompt filing of a motion for preliminary approval of the Settlements and the Notice Provisions. Exs. B1–B4, ¶ 8.1; Exs. B5–B8, § XI, Ex. B9, § 2. Pursuant to the Settlements, Class Counsel requests that, after notice is given, and not earlier than one hundred (100) calendar days after the later of the dates on which the appropriate federal and state

officials are provided with notice pursuant to the CAFA, the District Court hold the Final Approval Hearing and approve the Settlements. Exs. B1–B4, ¶ 8.2; *cf.* Exs. B5–B8, § XII, Ex. B9, § 2.

### E.   Objections

The Settlements provide that a Class Member may object to the Settlements. To object, the Class Member must comply with the procedures and deadlines approved by the Court. Any Class Member who wishes to object to the Settlement must do so in writing on or before the Objection Deadline, as specified in the Class Notice and any Preliminary Approval Order. The written objection must be filed with the Clerk of Court, and mailed (with the requisite postmark) to Class Counsel and Defendants' Counsel (at the addresses identified in Exs. B1–B4, ¶ 16.14 or Exs. B5–B8, § VIII.A), Ex. B9, § 12, no later than the Objection Deadline. Exs. B1–B4, ¶¶ 9.1–9.2; Exs. B5–B8, § VIII and Ex. B9, § 12. The requirements to assert a valid written objection shall be set forth in the Class Notice. Exs. B1–B4, ¶¶ 9.3–9.4; Exs. B5-B8, § VI.A.1.d; Ex. B9, § 12.

Subject to Court approval, any Class Member who files and serves a written objection may appear, in person or by counsel, at the Final Approval Hearing held by the District Court, to show cause why the proposed Settlement should not be approved as fair, adequate, and reasonable, but only if the objecting Class Member: (a) files with the Clerk of the District Court a Notice of Intention to Appear at the Final Approval Hearing by the Objection Deadline; and (b) serves the Notice of Intention to Appear on all counsel designated in the Class Notice by the Objection Deadline. Exs. B1–B4, ¶ 9.5; Exs. B5–B8, § VIII.D; Ex. B9, § 12. The Notice of Intention to Appear must include copies of any papers, exhibits, or other evidence that the objecting Class Member will present to the District Court in connection with the Final Approval Hearing. *Id.*

### F.   Settlement Distribution

If and when monetary compensation from Insider Settling Defendants is provided to the Settlement Class through the FTX MDL, pursuant to the MVRA or otherwise, the Settlement Amount shall be placed in the Settlement Fund, added to settlement amounts from other MDL Defendants, as such settlements are reached, and distributed in accordance with the Distribution Plan and under the supervision and direction and with the approval of the District Court. Exs. B1-B3, ¶ 10; *cf.* Ex. B4, ¶ 10. Similarly, with respect to the Promoter Settling Defendants, the Settlements provide that monetary relief shall be paid to a common fund to fund the Class Settlement, which funds shall be paid out according to a plan approved by the court. *See* Exs. B5-B6, § IV.A., .D; Ex. B7, § IV.A., .E; Ex. B8, § IV.A–.B, .E; Ex. B9, § 11.

### G.      Attorneys' Fees and Expenses

#### 1.      Insider Settling Defendants

The Parties agree that Class Counsel may apply for an award of reasonable attorneys' fees and reimbursement of expenses to be paid from the Settlement Fund. Specifically, Class Counsel intends to request approval of attorneys' fees and costs based on any monetary compensation obtained for the Class pursuant to the restitution and/or forfeiture procedures outlined in ¶¶ 5.9-5.11. Any such future request for attorneys' fees and reimbursements will be made by separate motion, at an appropriate time and in accordance with Federal Rules of Civil Procedure 23(h) and 54(d)(2). Settling Defendants agree not to oppose Class Counsel's request for attorneys' fees and expenses at the appropriate time. Class Counsel reserves the right to seek the foregoing fees and expenses from monetary settlements or judgments obtained from or against other MDL Defendants, as the information provided to Class Representatives and Class Counsel by Settling Defendants will be used to effectuate settlements with or judgments against the other MDL Defendants.

The procedure for and the allowance or disallowance by the District Court of any applications for attorneys' fees and expenses to be paid out of the Settlement Fund is not set forth in these Settlements, and will be considered by the District Court separately from the District Court's consideration of these Settlements, and shall have no effect on the terms of the Settlements or on the validity or enforceability of these Settlements. Exs. B1–B3, ¶¶ 11.1–11.4.

#### 2.      Mr. Friedberg

The Parties agree Class Counsel may apply for an award of reasonable attorneys' fees and reimbursement of expenses to be paid from the Settlement Fund. Ex. B4, ¶ 11.1. Mr. Friedberg agrees not to oppose any such request, except if Class Counsel seeks from Mr. Friedberg any fees and expenses or consideration not expressly provided for in the Settlement. Ex. B4, ¶ 11.2.

The procedure for and the allowance or disallowance by the District Court of any applications for attorneys' fees and expenses to be paid out of the Settlement Fund is not set forth in this Settlement, and will be considered by the District Court separately from the District Court's consideration of this Settlement, and shall have no effect on the terms of the Settlement or on the validity or enforceability of these Settlement. Ex. B4, ¶¶ 11.1–11.4.

#### 3.      Promoter Settling Defendants

The Parties agree that Class Counsel may petition the Court for an award of Attorneys' Fees and Expenses in an aggregate amount not to exceed thirty three percent (33%) of the Settlement

Funds. Exs. B5-B8, § X.A; Ex. B9, § 14. Class Counsel's motion for Attorneys' Fees and Expenses shall be filed no later than fourteen (14) days before the Objection/Exclusion Deadline. *Id*. Promoter Settling Defendants reserved the right to oppose any such petition that they deem to be unreasonable in nature or amount or otherwise objectionable. *Id*.

The effectiveness of the Settlements will not be conditioned upon or delayed by the Court's failure to approve any petition by Plaintiffs and Class Counsel for Attorneys' Fees and Expenses. The denial, downward modification, or failure to grant any petition by Plaintiffs and Class Counsel for Attorneys' Fees and Expenses shall not constitute grounds for modification or termination of this Agreement or the Settlement proposed herein. *Id*.

## IV.     THE PROPOSED SETTLEMENTS SHOULD BE PRELIMINARILY APPROVED

### A.     Standards for Preliminary Approval of a Proposed Settlement

A class action may be settled only with the approval of the Court. *See* Fed. R. Civ. P. 23(e)(1). The Rule 23(e) settlement approval procedure has three principal steps: (1) preliminary approval of the proposed settlement; (2) dissemination of notice of the settlement to all affected Class Members; and (3) a final approval determination following a fairness hearing at which Class Members may be heard regarding the settlement, and at which counsel may introduce evidence and present arguments concerning the fairness, adequacy, and reasonableness of the settlement. *See* 4 William B. Rubenstein, Albert Conte & Herbert Newberg, *Newberg on Class Actions* §§ 13:39 *et seq.* (5th ed. 2014).

Preliminary approval of a settlement agreement requires only an "initial evaluation" of the fairness of the proposed settlement on the basis of the written submissions. *Encarnacion v. J.W. Lee, Inc.,* No. CV 14-61927, 2015 WL 12550747, at *1 (S.D. Fla. June 30, 2015) (unpublished). To grant preliminary approval, the Court should determine whether the proposed settlement substantively falls "within the range of possible approval" or reasonableness. *Id*.; See also, 4 Albert Conte & Herbert Newberg, *Newberg on Class Actions* § 11.25 (4th ed. 2002). The Court should approve a proposed class action settlement where it is "fair, adequate and reasonable and is not the product of collusion between the parties." *Saccoccio v. JP Morgan Chase Bank, N.A.,* 297 F.R.D. 683, 691 (S.D. Fla. 2014) (*citing Bennett v. Behring Corp., 737* F.2d 982, 986 (11th Cir. 1984). Public policy favors settlements, particularly where complex class action litigation is concerned. *In re Equifax Inc. Customer Data Sec. Breach Litig*., 999 F.3d 1247, 1273 (11th Cir. 2021). The proposed Settlement here satisfies the standard for preliminary approval because: (1) it is

reasonable; (2) it is the product of arm's-length negotiations between the parties and (3) Class Representatives and Class Counsel believe it is in the best interest of the Settlement Class.

### 1.     The Settlements are Reasonable

To grant preliminary approval of the proposed Settlement, the Court need only find that it falls within "the range of reasonableness." Alba Conte et al., Newberg on Class Actions § 11.25, at 11–91 (4th ed. 2002); *see also* Manual for Complex Litigation (Fourth) (2004) § 21.632 (characterizing the preliminary approval stage as an "initial evaluation" of the fairness of the proposed settlement made by the court on the basis of written submissions and informal presentation from the settling parties). Plaintiffs seek class-wide relief from the (1) Insider Settling Defendants, who owned and/or managed FTX entities and participated directly or materially aided and abetted the fraudulent scheme; (2) Mr. Friedberg, who served as in-house counsel at FTX and has personal knowledge regarding FTX's offices and business operations as well as MDL Defendants' furtherance of those operations, and (3) Promoter Settling Defendants, who are a group of influencers paid by FTX to present it to their followers as a safe and legitimate alternative to other cryptocurrency exchanges.

### a.     Insider Settling Defendants and Mr. Friedberg

As consideration for the Settlements, Insider Settling Defendants and Mr. Friedberg have agreed to cooperate with Plaintiffs in the prosecution of Class Members' claims in this matter and to provide information to establish liability for other defendants. Such consideration is imminently reasonable. In accordance with the Settlement Agreements, the Insider Settling Defendants and Mr. Friedberg have already begun to cooperate with Plaintiffs and have provided to Plaintiffs information with tremendous value to Plaintiffs' prosecution of their claims in this matter. Each Insider Settling Defendant has met with counsel to Plaintiffs for an initial proffer session and produced documents and other materials helpful to Plaintiffs' claims, including, for example, 7,000 pages of text messages between certain Insider Settling Defendants and other Defendants in this matter. Class Counsel have reduced these initial proffer sessions to writing and employed the resultant declarations in conjunction with supplemental briefs in opposition to dismissal and/or amended complaints on February 16, 2024. Similarly, Mr. Friedberg has held multiple discussions with Class Counsel regarding FTX's offices and business operations and has executed declarations used in conjunction with Plaintiffs' filings in this action. The Insider Settling Defendants and Mr. Friedberg have agreed to continue to cooperate with Plaintiffs in this way.

In contrast to the immediate benefits of the Settlements to this case, including the information Defendants Ellison, Wang, and Singh have already started to provide to the Plaintiffs and the Class, the outcome of continued litigation, trial and potential appeal is uncertain and could add years to this litigation. Though Insider Settling Defendants have pled guilty, continuing the civil action against them would be duplicative of the parallel criminal actions, and Insider Settling Defendants might prevail in motion practice, at trial, or on appeal, resulting in no relief to the Class. The outcome of litigation against Mr. Friedberg is also uncertain and likewise presents a risk of failure. This weighs in favor of preliminary approval. Moreover, the Insider Settling Defendants have pled guilty to numerous federal charges related to the common issues and will be required to provide restitution to their victims, including Class Members, as a part of their criminal prosecutions in an amount to be specified by the United States District Court for the Southern District of New York in accordance with 18 U.S.C. §§ 3663, 3663A, and 3664, to be paid according to a plan established by the court, and to forfeit to the United States, pursuant to 18 U.S.C. §§ 981(a)(1)(C), 3554 and 28 U.S.C. § 2461(c), any and all property, real and personal, that constitutes or is derived from proceeds traceable to the commission of or involved in the offenses set forth in the Superseding Informations filed against each Defendant. This statutorily-mandated restitution process will require Insider Settling Defendants to make financial disclosures, identify Insider Settling Defendants' assets, clear title to those assets such that they may be liquidated and fund recovery to victims of the FTX fraud, including Plaintiffs and Class Members. The restitution process will be administered by the United States District Court for the Southern District of New York with full transparency and due process. Plaintiffs' counsel will participate in the restitution process and maximize monetary recovery to Class Members to the fullest extent possible.

Ultimately, Insider Settling Defendants and Mr. Friedberg have agreed to provide the relief sought on behalf of the Settlement Class—namely, they have offered to cooperate with the Plaintiffs and the Class and provide information crucial to establishing liability for other defendants. In sum, the Settlements provide substantial, meaningful relief to all Settlement Class Members based on the strengths of their claims without delay and the settlement is reasonable, particularly in light of the duplicative nature of the monetary relief sought and the risks that Settlement Class Members would face in further litigation.

### b.      Promoter Settling Defendants

As outlined above, Promoter Settling Defendants are influencers paid by FTX to promote the exchange to their followers. In exchange for release of the claims against them, the Promoter

Settling Defendants have agreed to provide monetary relief and cooperation to Class Representatives and Class Members. Plaintiffs are unlikely to collect more even after a full trial on the merits against these Defendants, although proceeding to trial would drastically increase the expense of the litigation and presents an inherent risk of failure. Moreover, adding to the risk of no recovery absent settlement are that motions to dismiss remain pending, and some Promoter Settling Defendants maintain motions on multiple grounds, including personal jurisdiction. The Settlements with the Promoter Settling Defendants are reasonable.

### 2.     The Settlements are the Product of Arm's-Length Negotiations

Where a settlement is the product of arm's-length negotiations conducted by capable and experienced counsel, the court begins its analysis with a presumption that the settlement is fair and reasonable. *See* 4 Newberg § 11.41; *See also Morgan v. Pub. Storage*, 301 F. Supp. 3d 1237, 1247 (S.D. Fla. 2016). Here, the Settlements were reached after informed, extensive arm's-length negotiations. Each Settling Defendant was individually represented by experienced counsel. Getting relevant information from the Insider Settling Defendants and Mr. Friedberg that can be used to prosecute other defendants is the best possible outcome in this matter, especially where Insider Settling Defendants will already be subject to providing restitution to their victims, including the Settlement Class, in a parallel criminal proceeding. The monetary relief afforded by the Promoter Settling Defendants' Settlements also presents the best possible outcome considering the costs and risks of continued litigation and the limited likelihood of obtaining a greater recovery due to Promoter Settling Defendants' relatively insignificant payments from FTX. The Settlements were reached after an extensive investigation into the factual underpinnings of the practices challenged in the civil action, as well as the applicable law. In addition to their pre-filing efforts, Class Counsel engaged in extensive research, including the review of documents, facts and testimony provided in the FTX-related bankruptcy and criminal proceedings. Nothing in the course of the negotiations or in the substance of the proposed Settlements present any reason to doubt the Settlement's fairness.

### 3.     The Recommendation of Experienced Counsel Favors Approval.

In considering a proposed class settlement, "[t]he recommendations of plaintiffs' counsel should be given a presumption of reasonableness." *In re Blue Cross Blue Shield Antitrust Litig.,* No. 2:13-CV-20000-RDP, 2020 WL 8256366, at *26 (N.D. Ala. Nov. 30, 2020) (unpublished). Here, Class Counsel endorses the Settlement as fair, adequate, and reasonable. Class Counsel have extensive experience litigating and settling consumer class actions and other complex matters and

have conducted an extensive investigation into the factual and legal issues raised in this action. Class Counsel have weighed the benefits of the Settlement against the inherent risks and expense of continued litigation, and they strongly believe that the proposed Settlement is fair, reasonable, and adequate. The fact that qualified and well-informed counsel endorse the Settlement as being fair, reasonable, and adequate weighs in favor of approving the Settlement.

**B.      The Proposed Schedule is Reasonable**

The Settlements afford important relief in the form of information, cooperation, and monetary relief to Class Members, and the consideration offered by the Settling Defendants is reasonable given the Insider Settling Defendants' pending criminal sentences and the victim restitution to which they will be subject, and Mr. Friedberg's and many Promoter Settling Defendants' inability to pay greater sums, as well as significant cooperation that is valuable to the class in pursuit of their claims against other defendants and third parties, in consideration for the Releases. The Settlements consider the significant benefits provided to the Class by Settling Defendants fulfilling their cooperation. Consistent with the provisions of the Settlements, Plaintiffs respectfully propose the following schedule:

• Objection Deadline: 60 days after the Court's order of preliminary approval;

• Deadline for parties to file a response to any comments or objections by a Class Member: 75 days after the Court's order of preliminary approval;

• Final Approval Hearing: at least 100 days after the filing of this motion for preliminary approval and at least 80 days after the Court's order of preliminary approval.

**C.      Certification of the Proposed Settlement Class Is Appropriate**

The parties agree that for purposes of settlement only that the Settlement Class be defined as follows: "All persons or entities who, within the applicable limitations period, purchased or held legal title to and/or beneficial interest in any fiat or cryptocurrency deposited or invested through an FTX Platform, purchased or enrolled in a YBA, or purchased FTT." The Class meets the requirement of class certification set forth in Rule 23(a) and Rule 23(b)(3).

**1. Rule 23(a) is Satisfied.**

**a.      The Settlement Class Is Too Numerous to Permit Joinder.**

A case may be certified as a class action only if "the class is so numerous that joinder of all members is impracticable." Fed. R. Civ. P. 23(a)(1). While there is no fixed rule, numerosity is generally presumed when the potential number of class members reaches forty (40). *Cnty. of*

*Monroe, Fla. v. Priceline.com, Inc.*, 265 F.R.D. 659, 667 (S.D. Fla. 2010) (*citing* Newberg & Conte, Newberg on Class Actions, § 3.5 at 247 (4th ed.2002) ("as few as 40 class members should raise a presumption that joinder is impracticable and the plaintiff whose class is that large or larger should meet the test of Rule 23(a)(1) on that fact alone")). Here, numerosity is readily satisfied. The total number of Class members is estimated to be in the millions. As of 2021, FTX reported over 1.2 million registered users across its platforms.

> **b.      This Action Presents Common Questions of Law or Fact.**

Rule 23(a)(2) requires that there be one or more questions common to the class. *WalMart Stores, Inc. v. Dukes*, 131 S. Ct. 2541, 2556 (2011). Plaintiffs need only show the existence of a common question of law or fact that is significant and capable of class-wide resolution. *In re Fla. Cement & Concrete Antitrust Litig.,* No. 09-23187-CIV, 2012 WL 27668, at *3 (S.D. Fla. Jan. 3, 2012) (unpublished). The Court already found such commonality in ordering consolidation of these FTX matters. In ordering the consolidation and transfer of these cases, the JPML explained:

> These actions present common questions of fact concerning the collapse of the FTX cryptocurrency exchange in November 2022, which allegedly was caused by the conduct of FTX former principals Sam Bankman-Fried, Zixiao "Gary" Wang, and Nishad Singh, and financial improprieties with Alameda Research. All actions allege that FTX executives fraudulently withheld or misrepresented information with respect to customer assets on the FTX platform and that the professional service firms [i.e., the Domestic VC, Multinational VC, Accounting Firm, Law Firm, and Bank Defendant Tracks] and celebrity promoters [i.e., the Promoter and Digital Creator Track] who worked with FTX were complicit in or otherwise bear responsibility for the alleged fraud – for example, by concealing FTX's financial problems or promoting FTX products with knowledge or willful blindness of the alleged fraud.

ECF No. 1, at 3. Common issues abound here, and Rule 23 (a)(2) is satisfied.

> **c.      Class Representatives' Claims are Typical.**

Rule 23(a)(3) requires that "the claims and defenses of the representative parties are typical of the claims or defenses of the class." Fed. R. Civ. P. 23(a)(3). "The typicality requirement is met if the claims of the named plaintiffs 'stem from the same event, practice, or course of conduct that forms the basis of the class claims and are based upon the same legal or remedial theory.'" *Gibbs Properties Corp. v. CIGNA Corp.*, 196 F.R.D. 430, 435 (M.D. Fla. 2000) (*quoting*, *Walco Invs., Inc. v. Thenen*, 168 F.R.D. 315, 326 (S.D. Fla. 1996)). "The key inquiry in determining whether a proposed class has 'typicality' is whether the class representative is part of the class and possesses the same interest and suffers the same injury as the class members." *Medine v. Washington Mut.,*

*FA,* 185 F.R.D. 366, 369 (S.D. Fla. 1998). Here, the Class Representatives' claims stem from the same common course of conduct as the claims of the Class Members. *See, e.g.,* Ex. A. FTX engaged in a widespread fraudulent scheme and conspiracy in which FTX customer property was wrongfully misappropriated by Alameda and FTX to further facilitate the fraud, a common course of conduct resulting in injury to all Class Members when the fraud was exposed and the FTX house of cards fell. Any injunctive and declaratory relief achieved also applies to Class Representatives and Class Members equally.

### d.   Class Representatives and Their Counsel Will Fairly and Adequately Protect the Interests of the Settlement Class Members.

Rule 23(a)(4) requires that the representative plaintiffs "fairly and adequately" protect the interests of the class. The two-prong test for determining adequacy is: "(1) whether any substantial conflicts of interest exist between the representatives and the class; and (2) whether the representatives will adequately prosecute the action." *Valley Drug Co. v. Geneva Pharmaceuticals, Inc.*, 350 F.3d 1181, 1189 (11th Cir. 2003). Both prongs are satisfied here. First, Class Representatives and the Settlement Class Members are equally interested in recovering as much of their property and/or recovering damages from any defendant who aided, abetted, or was an accomplice or agent of FTX. Accordingly, the Class Representatives will fairly and adequately protect the interests of all Settlement Class Members. Second, Class Counsel have extensive experience litigating and settling class actions, including consumer fraud cases throughout the United States. Class Counsel are well-qualified to represent the Settlement Class.

### 2.   The Requirements of Rule 23(b)(3) are Satisfied.

The proposed Settlement Class satisfies Rule 23(b)(3), which permits a class action if the Court finds that "questions of law or fact common to class members predominate over any questions affecting only individual members, and that a class action is superior to other available methods for fairly and efficiently adjudicating the controversy." Fed. R. Civ. P. 23(b)(3). The Court has already acknowledged that common questions of law and fact exists such that Consolidation under MDL jurisdiction is appropriate, pursuant to 28 U.S.C. § 1407. *See* ECF No. 1, at 3. The FTX fraud and alleged conspiracy plainly involve common issues of law and fact that predominate over any individual issues involved in this fraud of historic proportions.

Rule 23(b)(3)'s other requirement is that class resolution must be "superior to other available methods for fairly and efficiently adjudicating the controversy." Fed. R. Civ. P. 23(b)(3). The purpose of the superiority requirement is consistent with the overall goals of Rule 23, which

is to assure that the class action is the most efficient, effective, and economic means of settling the controversy. *Walco Invs., Inc. v. Thenen*, 168 F.R.D. 315, 337 (S.D. Fla. 1996). That is the case here where FTX's common course of conduct will play a foundational role in the case against any defendant and individual damages do not justify individual lawsuits. *Id*. ("It would be extremely costly, not to mention unnecessarily duplicative, for a class member to try this action separately"). The individual damages that individual FTX account holders would seek in an individual action are insufficient to incentivize and justify litigation against some of the largest institutional investors, but given the number of account holders, a class action provides incentives for litigation and recovery against the same defendants. Given the nature of the fraud and the damages here, class treatment is superior to individual lawsuits.

## V.     THE PROPOSED NOTICE TO THE CLASS SHOULD BE APPROVED

Should the Court grant preliminary approval, it must also "direct notice in a reasonable manner to all class members who would be bound by the proposal. . . ." Fed. R. Civ. P. 23(e)(1)(B). Notice should be the best notice practicable under the circumstances. Fed. R. Civ. P. 23(c)(2)(B); *see also Phillips Petroleum Co. v. Shutts*, 472 U.S. 797, 812 (1985) (same). It is not only necessary that the notice reach the parties affected, but also that it conveys the required information, including adequately describing the substantive claims and information reasonably necessary to make a decision to remain a class member and be bound by the final judgment. *See Adams v. Southern Farm Bureau Life Ins. Co.*, 493 F.3d 1276, 1286 (11th Cir. 2007). Notice will be transmitted through the Class Member emails contained in FTX's client records. Notice will also be published in the Wall Street Journal, as well as online. The notice plan provides the best notice practicable under the circumstances. Fed. R. Civ. P. 23(c)(2)(B).

### A.     Summary of Notice Plan

#### 1.     Notice

Within 30 days after entry of the Preliminary Approval Order, the Parties will send, or cause to be sent, a Class Notice to each Class Member, in a form to be approved by the Court, that:

1. contains a short, plain statement of the background of the Action and the Settlement;

2. describes the settlement relief provided by the Settlements and outlined in this Motion;

3. states that any relief to Class Members is contingent on the Court's final approval;

4. informs Class Members that attorneys' fees and expenses will be requested at a later time and, if approved by the Court, will be paid from the Settlement Fund;

5. informs Class Members that any Final Order and Judgment entered in the Action, whether favorable or unfavorable to the Class, shall include, and be binding on, all Class Members,

even if they have objected to the proposed Settlement and even if they have any other claim, lawsuit or proceeding pending against Settling Defendants;

6.  describes the terms of the Release; and

7.  contains reference and a hyperlink to a dedicated webpage established by JND, which will include relevant documents and information regarding Class Representatives' claims against Defendants in the FTX MDL.

The specific form of the Notice approved by the Court will then be disseminated by email and U.S. Mail in accordance with JND's Notice Plan. *See* Ex. C ¶¶ 17–29. JND also proposes Supplemental Digital Notice, *Id.* ¶¶ 30–32, Search Engine Optimization, *Id.* ¶ 33, Publication Notice, *Id.* ¶ 34, and a Toll-Free Number and Post Office Box, *Id.* ¶¶ 38–40, to facilitate dissemination of the Notice.

## 2.      Settlement Website

JND will also develop and deploy the informational case-specific website where Class Members may obtain more information about the settlement. Ex. C ¶ 35. The case website would have an easy-to-navigate design that will be formatted to emphasize important information and deadlines and will provide links to important case documents, including a Long Form Notice. *Id.* The settlement website would be prominently displayed in all printed notice documents and accessible through the email and digital notices. *Id.* ¶ 36. The settlement website would also be ADA-compliant and optimized for mobile visitors so that information loads quickly on mobile devices. *Id.* ¶ 37. It will be designed to maximize search engine optimization through Google and other search engines. *Id.*

## B.      The Notice Plan Meets All Requirements

The Class's proposed notice plan satisfies the fairness standards set forth in Rule 23. The proposed notice is the best practicable under the circumstances. The notice is reasonably calculated under the circumstances to apprise the Settlement Class of the pendency of the Action, class certification, the terms of the Settlement, Class Counsel's Fee Application, and their rights to opt-out of the Settlement Class and object to the Settlement, Class Counsel's Fee Application, and/or a request for Service Awards for Plaintiffs. *See In re Checking Acct. Overdraft Litig.*, 275 F.R.D. 654, 662 (S.D. Fla. 2011). The Notice presents all required categories of information clearly and in plain English. *See Adams*, 493 F.3d at 1286. The notice is therefore substantively sufficient.

## VI.      THE FINAL APPROVAL HEARING SHOULD BE SCHEDULED

The Class requests that the Court grant preliminary approval and set the schedule set forth in **Exhibit D**, which includes a proposed final approval hearing date no earlier than 80 days after preliminary approval, if granted.

## VII.   CONCLUSION

For the foregoing reasons, Plaintiffs respectfully request that the Court do the following: (1) grant preliminary approval of the Settlements; (2) grant preliminary approval of the Proposed Settlement Class; (3) appoint Class Representatives as Rule 23(c) class representatives; (4) appoint Adam Moskowitz of The Moskowitz Law Firm, PLLC and David Boies of Boies Schiller Flexner LLP as Co-Lead Class Counsel pursuant to Fed R. Civ. P. 23(c)(1)(B) and 23(g); (5) approve the proposed Notice Plan pursuant to Fed. R. Civ. P. 23(e) and set a schedule for approving the form and disseminating notice to Class Members, as well as deadlines to comment on or object to the Settlements; and (6) schedule a hearing pursuant to Fed. R. Civ. P. 23(e)(2) to determine whether the proposed Settlements are fair, reasonable, and adequate; and should be finally approved.

Dated: March 27, 2024

Respectfully submitted,

By: */s/ Adam Moskowitz*
Adam M. Moskowitz
Florida Bar No. 984280
Joseph M. Kaye
Florida Bar No. 117520
**THE MOSKOWITZ LAW FIRM, PLLC**
Continental Plaza
3250 Mary Street, Suite 202
Coconut Grove, FL 33133
Office: (305) 740-1423
adam@moskowitz-law.com
joseph@moskowitz-law.com
service@moskowitz-law.com

*Co-Lead Counsel*

By: */s/ David Boies*
David Boies
Alexander Boies
Brooke A. Alexander
**BOIES SCHILLER FLEXNER LLP**
333 Main Street
Armonk, NY 10504
914-749-8200
dboies@bsfllp.com
aboies@bsfllp.com
balexander@bsfllp.com

*Co-Lead Counsel*

## CERTIFICATE OF SERVICE

I certify that a true and correct copy of the forgoing was filed on March 27, 2024, via the Court's CM/ECF system, which will send notification of such filing to all attorneys of record.

By: */s/ Adam Moskowitz*
Adam Moskowitz