# Composite

# Exhibit B

# Exhibit B1

## STIPULATION OF SETTLEMENT

This Stipulation of Settlement (the "Stipulation"), dated January 23, 2024 is entered into by and between (i) Plaintiffs Brandon Orr, Leandro Cabo, Ryan Henderson, Michael Livieratos, Alexander Chernyavsky, Gregg Podalsky, Vijeth Shetty, Chukwudozie Ezeokoli, Michael Norris, Edwin Garrison, Shengyun Huang, Julie Papadakis, Vitor Vozza, Kyle Rupprecht, Warren Winter, Sunil Kavuri, individually and on behalf each Class Member, and (ii) Defendant Caroline Ellison, by and through their counsel of record in the FTX MDL. The Stipulation is intended to fully, finally, and forever resolve, discharge, and settle on a nationwide basis the Released Claims, subject to the approval of the District Court and the terms and conditions set forth in this Stipulation.

## I.   THE LITIGATION AND SETTLEMENT OVERVIEW

1.1     In November 2022, the FTX cryptocurrency exchange platform (comprised of FTX.US and FTX.com) collapsed and, on November 11, 2022, the FTX Group filed for Chapter 11 bankruptcy protection. Numerous class and individual actions arose from the FTX Group's collapse.

### The FTX MDL

1.2     On November 15, 2022, Edwin Garrison filed a class action complaint and demand for jury trial captioned *Edwin Garrison v. Sam Bankman-Fried, et al.*, Case 1:22-cv-23753, in the United States District Court for the Southern District of Florida ("*Garrison*"), asserting, on behalf of himself and a class of similarly-situated individuals, claims against Defendant and other FTX Insiders arising from the collapse of the FTX cryptocurrency trading platform. On December 16, 2022, Mr. Garrison, joined by Skyler Lindeen, Alexander Chernyavsky, David Nicol, Sunil Kavuri, Gregg Podalsky, and Gary Gallant, filed an amended complaint in the *Garrison* case. On May 11,

2023, the *Garrison* Plaintiffs moved to file a second amended complaint, which motion was granted on May 12, 2023, and the *Garrison* Plaintiffs' second amended complaint entered into the record on May 15, 2023.

1.3     On November 21, 2022, Elliott Lam filed a class action complaint and demand for jury trial captioned *Elliott Lam v. Sam Bankman-Fried, et al..*, Case 3:22-cv-07336, in the United States District Court for the Northern District of California ("*Lam*"), asserting, on behalf of himself and a class of similarly-situated individuals, claims against Defendant and other FTX Insiders arising from the collapse of the FTX cryptocurrency trading platform.

1.4     On November 23, 2022, Stephen Pierce filed a class action complaint and demand for jury trial captioned *Stephen Pierce v. Samuel Bankman-Fried, et al..*, Case 3:22-cv-07444, in the United States District Court for the Northern District of California ("*Pierce*"), asserting, on behalf of himself and a class of similarly-situated individuals, claims against Defendant and other FTX Insiders arising from the collapse of the FTX cryptocurrency trading platform.

1.5     On December 2, 2022, Russell Hawkins filed a class action complaint and demand for jury trial captioned *Russell Hawkins v. Samuel Bankman-Fried, et al.*, Case 3:22-cv-07620, in the United States District Court for the Northern District of California ("*Hawkins*"), asserting, on behalf of himself and a class of similarly-situated individuals, claims against Defendant and other FTX Insiders arising from the collapse of the FTX cryptocurrency trading platform.

1.6     On December 5, 2022, Michael Elliott Jessup filed a class action complaint and demand for jury trial captioned *Michael Elliott Jessup  v. Samuel Bankman-Fried, et al..*, Case 3:22-cv-07444, in the United States District Court for the Northern District of California ("*Jessup*"), asserting, on behalf of himself and a class of similarly-situated individuals, claims

against Defendant and other FTX Insiders arising from the collapse of the FTX cryptocurrency trading platform.

1.7     On December 7, 2023, Plaintiffs Gregg Podalsky, Gary Gallant, Skyler Lindeen, Alexander Chernyavsky, and David Nicol filed a class action complaint and demand for jury trial captioned *Gregg Podalsky, et al. v. Sam Bankman-Fried, et al.*, Case 1:22-cv-23983, in the United States District Court for the Southern District of Florida ("*Podalsky*"), asserting, on behalf of themselves and a class of similarly-situated individuals, claims against Defendant and other FTX Insiders arising from the collapse of the FTX cryptocurrency trading platform.

1.8     On December 27, 2022, Austin Onusz, Cedric Kees van Putten, Nicholas J. Marshall, and Hamad Dar filed a class action adversary proceeding in the Bankruptcy Proceeding, captioned *Onusz, et al. v. West Realm Shires Inc., et al.*, Case 22-50513, asserting claims of declaratory judgment, breach of contract, breach of fiduciary duty, and aiding and abetting conversion against certain FTX entities and Insiders, including Defendant, on behalf of themselves and a class of customers "who deposited or held customer property with FTX US and/or FTX.com" and "who have been unable to withdraw, use or access [those] assets" since the collapse of the FTX cryptocurrency trading platform. On December 7, 2023, Defendant filed a motion in the Bankruptcy Court to sever the claims against her from the rest of the adversary proceeding, so that those claims against her may ultimately be transferred to the FTX MDL. On December 22, 2023, Class Representatives moved to transfer the *Onusz* Adversary Proceeding to the FTX MDL, which motion is currently pending before the JPML.

1.9     On January 3, 2023, Julie Chon Papadakis filed a class action complaint and demand for jury trial captioned *Julie Chon Papadakis v. Samuel Bankman-Fried, et al.*, Case 3:22-cv-00024, in the United States District Court for the Northern District of California ("*Papadakis*"),

asserting, on behalf of herself and a class of similarly-situated individuals, claims against Defendant and other FTX Insiders arising from the collapse of the FTX cryptocurrency trading platform.

1.10    On May 19, 2023, Kenny Imbert filed a class action complaint and demand for jury trial captioned *Kenny Imbert v. Samuel Bankman-Fried, et al.*, Case 3:2023-cv-02475, in the United States District Court for the Northern District of California ("*Imbert*"), asserting, on behalf of himself and a class of similarly-situated individuals, claims against Defendant and other FTX Insiders arising from the collapse of the FTX cryptocurrency trading platform.

1.11    On June 5, 2023, the JPML consolidated for coordinated pretrial proceedings dozens of individual and class actions arising from the collapse of the FTX cryptocurrency trading platform, including actions against FTX Group and FTX Insiders (i.e., the *Garrison*, *Lam*, *Pierce*, *Hawkins*, *Jessup*, *Podalsky*, and *Papadakis* cases) (the "FTX Insider Track"), actions against celebrities and influencers who promoted the FTX cryptocurrency exchange (the "Promoter and Digital Creator Track"), actions against domestic and multinational venture capital firms that invested in FTX Group (the "Domestic VC Track" and the "Multinational VC Track"), actions against accounting firms that audited FTX Group financials (the "Accounting Firm Track"), actions against a law firm that provided legal services to FTX Group (the "Law Firm Track"), and actions against domestic and offshore banks that opened and serviced FTX Group accounts (the "Bank Defendant Track"), into a multidistrict litigation and transferred the FTX MDL to the United States District Court for the Southern District of Florida, because "[a] significant portion of FTX's conduct allegedly emanated from this district, where it had its U.S. headquarters before filing for bankruptcy." In ordering the consolidation and transfer of these cases, the JPML explained "[t]hese actions present common questions of fact concerning the collapse of the FTX

DocuSign Envelope ID: E9E95042-9052-405D-9588-89DB9133486D

cryptocurrency exchange in November 2022, which allegedly was caused by the conduct of FTX former principals Sam Bankman-Fried, Zixiao "Gary" Wang, and Nishad Singh, and financial improprieties with Alameda Research. All actions allege that FTX executives fraudulently withheld or misrepresented information with respect to customer assets on the FTX platform and that the professional service firms [i.e., the Domestic VC, Multinational VC, Accounting Firm, Law Firm, and Bank Defendant Tracks] and celebrity promoters [i.e., the Promoter and Digital Creator Track] who worked with FTX were complicit in or otherwise bear responsibility for the alleged fraud – for example, by concealing FTX's financial problems or promoting FTX products with knowledge or willful blindness of the alleged fraud."

1.12    On August 7, 8, and 11, 2023, with leave of the FTX MDL Court, Class Representatives filed interlocking omnibus Consolidated Administrative Class Action Complaints for each of the interrelated FTX Insider, Promoter and Digital Creator, Domestic VC, Multinational VC, Accounting Firm, Law Firm, and Bank Defendant Tracks, on behalf of "all persons or entities … who, within the applicable limitations period, purchased or held legal title and/or beneficial interest in any fiat or cryptocurrency deposited or invested through an FTX Platform, purchased or enrolled in a YBA or purchased FTT." The Consolidated Administrative Class Actions Complaints share core allegations relating to the FTX cryptocurrency exchange, YBAs, FTT, and underlying FTX fraud, as the Complaints assert that defendants from every Track aided, abetted, and/or otherwise participated in a central conspiracy to promote unregistered securities and to misappropriate customer funds on the FTX cryptocurrency exchange.

1.13    Plaintiffs named Defendant in the Consolidated Administrative Class Action Complaint for the FTX Insider Track, asserting claims for violations of Racketeer Influenced and Corrupt Organizations Act ("RICO"), state securities and consumer protection laws, civil

conspiracy, fraud, aiding and abetting fraud, conversion, aiding and abetting conversion, negligent misrepresentation, breach of fiduciary duty, aiding and abetting breach of fiduciary duty, unjust enrichment, and declaratory judgment, on behalf of themselves and a class of all FTX customers "who, within the applicable limitations period, purchased or held legal title to and/or beneficial interest in any fiat or cryptocurrency deposited or invested through an FTX Platform, purchased or enrolled in a YBA, or purchased FTT." Motions to Dismiss the FTX Insider Complaint are fully briefed in the FTX MDL and the Parties are currently conducting jurisdictional discovery related to the coordinated pretrial proceedings.

1.14    On October 2, 2023, the District Court stayed all proceedings in the FTX Insider Track and stayed discovery in the Promoter and Digital Creator, Domestic VC, Multinational VC, Accounting Firm, Law Firm, and Bank Defendant Tracks, until the conclusion of the U.S. Attorney's criminal proceedings against Samuel Bankman-Fried (summarized herein).

1.15    On September 22, 2023 and September 23, 2023, certain Promoter and Digital Creator, Domestic VC, Multinational VC, Accounting Firm, Law Firm, and Bank defendants, not including Defendant, filed motions to dismiss the Consolidated Administrative Class Actions Complaints filed in their respective Tracks. Those motions were fully briefed on December 6, 2023.

1.16    Certain defendants, not including Defendant, moved for dismissal of the Consolidated Administrative Class Actions Complaints for lack of personal jurisdiction in Florida and in other states, including California and Washington, pursuant to Federal Rule of Civil Procedure 12(b)(2). On November 11, 2023, Class Representatives moved for leave to conduct jurisdictional discovery on the defendants contesting personal jurisdiction.

1.17    On December 18, 2023, the District Court granted Class Representatives' motion

to conduct jurisdictional discovery, noting that "the disputed facts related to [Class Representatives'] theories of personal jurisdiction," including jurisdiction based on civil conspiracy and/or the commission of intentional torts, "are intertwined with the merits of the respective cases."

### *The FTX Criminal Proceedings*

1.18    On December 13, 2022, an eight-count indictment against Samuel Bankman-Fried was unsealed, including charges of securities fraud, wire fraud, and several conspiracy counts involving money laundering and campaign finance violations, for misappropriating FTX customer deposits by way of loans and other transfers to Alameda, among  other fraudulent conduct.

1.19    On December 19, 2022, Defendant waived indictment by the U.S. Attorney, consented to the filing of a Superseding Information, and pleaded guilty to seven criminal offenses arising from the collapse of the FTX cryptocurrency exchange, including wire fraud, securities fraud and money laundering arising from "a scheme to defraud customers of FTX.com."   In pleading guilty, Defendant agreed to cooperate with the Department of Justice's and U.S. Attorney's investigation and prosecution of Samuel Bankman-Fried, to make restitution in an amount to be specified by the court in accordance with 18 U.S.C. §§ 3663, 3663A, and 3664, to be paid according to a plan established by the court, and to forfeit to the United States, pursuant to 18 U.S.C. §§ 981(a)(1)(C), 3554 and 28 U.S.C. § 2461(c), any and all property, real and personal, that constitutes or is derived from proceeds traceable to the commission of  or involved in the offenses set forth in the Superseding Information filed against Defendant.

1.20    U.S. District Judge Lewis A. Kaplan of the Southern District of New York is presiding over the criminal proceedings against Samuel Bankman-Fried and other FTX Insiders, including Defendant. On February 23, 2023 and March 28, 2023, the Southern District of New

York unsealed superseding indictments against Samuel Bankman-Fried, which ultimately charged Bankman-Fried with a total of thirteen criminal counts.

1.21    In connection with the criminal prosecution of Samuel Bankman-Fried, the Department of Justice and/or U.S. Attorney has seized assets totaling hundreds of millions of dollars or more, including shares in Robinhood Markets Inc. valued at approximately $500 million, after demonstrating probable cause to believe that the shares were the proceeds of wire fraud and are property involved in money laundering by Bankman-Fried and FTX Group, and as alleged in the forfeiture allegations and/or substitute asset provision, included 55,273,469 shares of the stock of Robinhood Markets Inc. from Account Number 499-30500 at ED&F Man Capital Markets, Inc., a/k/a "Marex," held in the name of "Emergent Fidelity Technologies," seized by the Department of Justice on or about January 4, 2023.

1.22    On June 15, 2022, the Southern District of New York bifurcated the criminal charges against Bankman-Fried, with the securities fraud, wire fraud, and money laundering-related charges to be tried in October 2023 (the "October 2023 Trial"), and the other charges to be tried in March 2024 (the "March 2024 Trial"). On December 29, 2023, the U.S. Attorney informed the Southern District of New York that it did not plan to proceed with the March 2024 Trial.

1.23    For three days spanning October 10, 2023 through October 12, 2023, Defendant provided information and testimony at the October 2023 Trial of Samuel Bankman-Fried. Defendant's testimony related to key allegations common to each of Class Representatives' Consolidated Administrative Class Action Complaints, including that Samuel Bankman-Fried "set up a system that allowed Alameda to borrow from FTX" in the "early days at FTX," Oct. 10, 2023 Tr. at 654:2-6, that FTX "always allowed Alameda to … borrow user funds," that Alameda borrowed "around $10 billion of FTX customer funds that [Alameda] had no way to repay,

meaning that [FTX] wasn't a safe place for customers to keep their money", Oct. 11, 2023 Tr. at 862:9-11, and other facts relating to criminal conduct by Samuel Bankman-Fried underlying Class Representatives' claims. On November 3, 2023, the October 2023 Trial concluded, and the jury convicted Samuel Bankman-Fried on seven counts including wire fraud, securities fraud, money laundering, and related conspiracies arising from the multi-billion-dollar fraud perpetuated through FTX Group.

1.24    Defendant may be called to provide additional testimony at Samuel Bankman-Fried's sentencing hearing, set in the Southern District of New York on March 28, 2023, and at her own sentencing hearing, where she may continue to accept responsibility for conduct giving rise to Class Representatives' claims on behalf of Class Members, set in the Southern District of New York.

1.25    Based on the evaluation of the facts and the law, the Parties hereto have agreed (subject to court approval) to a settlement covering all persons or entities who purchased or held legal title to and/or beneficial interest in any fiat or cryptocurrency deposited or invested through an FTX Platform, purchased or enrolled in a YBA, or purchased FTT, excluding the FTX Group and the FTX MDL Defendants.

1.26    This Stipulation is made in compromise of disputed claims.

1.27    The Parties hereto reserve all, and do not waive any, rights, claims, and defenses unless and until the settlement becomes Effective pursuant to ¶ 12.1.

## II.    CLASS REPRESENTATIVES' CLAIMS AND THE BENEFITS OF SETTLEMENT

Class Representatives and Class Counsel believe that the claims asserted against Defendant and other FTX Insiders in the FTX MDL have merit and that the evidence developed to date supports the claims asserted therein.  However, Class Representatives and Class Counsel recognize

9

and acknowledge the expense and length of continued proceedings necessary to prosecute the claims against Defendant and other FTX Insiders through trial and through appeals. Class Representatives and Class Counsel also have accounted for the uncertain outcome and the risk of any litigation against Defendant and other FTX Insiders, especially in complex actions such as this litigation, as well as the difficulties and delays inherent in this litigation, including the enforcement of any money judgment against Defendant. Class Representatives and Class Counsel believe that the Settlement set forth in this Stipulation confers substantial benefits upon the Class. As demonstrated by the information contained in her guilty plea and her testimony at Samuel Bankman-Fried's October 2024 trial, Defendant has knowledge and other information that Class Representatives and Class Counsel believe will be valuable to Class Representatives' cases against other defendants in the FTX MDL, particularly relating to the underlying fraudulent scheme and its connection to Miami, Florida, where FTX's U.S. headquarters were based, as well as each MDL Defendants' knowledge of and assistance with the scheme and connections to other states in which jurisdiction over those Defendants is asserted. Based on their own investigation and evaluation, Class Representatives and Class Counsel have determined that the Settlement set forth in this Stipulation, along with the FTX Insider Settlements, is in the best interests of Class Representatives and the Class.

## III.    DEFENDANT'S POSITION

3.1     In pleading guilty to the seven counts charged by Defendant's Superseding Information, Defendant agreed to truthfully and completely disclose all information about which the U.S. Attorney inquires and to truthfully testify before the grand jury and at any trial and other court proceeding when requested to do by the U.S. Attorney, and the assertions set forth in

Defendant's Superseding Information, as well as any testimony given by Defendant in pleading guilty to the counts charged therein, are admitted.

3.2     Defendant testified at Samuel Bankman-Fried's October 2023 Trial, and all statements made by Defendant at the October 2023 Trial are admitted.

3.3     Defendant may be called to provide further testimony pursuant to her plea agreement, including in connection with Defendant's sentencing, the sentencing of Samuel Bankman-Fried,  and/or the sentencing of other FTX Insiders, and all statements made on the record by Defendant pursuant to her plea agreement, before or after the Effective Date, are admitted.

3.4     In December 2022, Defendant also reached settlement agreements to resolve civil enforcement actions brought by the U.S. Securities and Exchange Commission, *Securities and Exchange Commission v. Ellison*, No. 1:22-cv-10794 (PKC) (S.D.N.Y. Dec. 23, 2022) (the "SEC Action") ECF No. 15, and the U.S. Commodity Futures Trading Commission, *Commodity Futures Trading Commission v. Bankman-Fried*, No. 1:22-cv-10503 (PKC) (S.D.N.Y. Dec. 23, 2022) (the "CFTC Action") ECF No. 26, in which Defendant agreed not to dispute any factual allegation set forth in the operative complaints filed in those actions.

3.5     To the extent not expressly admitted as set forth above, Defendant denies any other allegations in the FTX MDL proceedings against her.

*     *     *

**NOW, THEREFORE, IT IS HEREBY STIPULATED AND AGREED** by and between Class Representatives (on behalf of themselves and the Class Members) and Defendant, by and through their respective counsel that, subject to the approval of the District Court pursuant to Rule 23(e) of the Federal Rules of Civil Procedure, in consideration of the benefits flowing to the Parties

11

from the Settlement, the Litigation and the Released Claims shall be finally, fully and forever, compromised, settled, released, resolved, relinquished, waived, discharged, and dismissed with prejudice upon and subject to the terms and conditions of this Stipulation, as follows:

## IV.    DEFINITIONS

As used in this Stipulation, the following terms shall have the meanings set forth below:

4.1     "Bankruptcy Court" means the Honorable John T. Dorsey of the United States Bankruptcy Court for the District of Delaware and any successor court presiding over the Bankruptcy Proceeding.

4.2     "Bankruptcy Proceeding" means the Chapter 11 bankruptcy proceeding before the Honorable John T. Dorsey in the United States Bankruptcy Court for the District of Delaware, styled *In re FTX Trading Ltd*., et al., Case No. 22-11068.

4.3     "Class" means, collectively, the classes defined in the Complaint, as follows:

All persons or entities who, within the applicable limitations period, purchased or held legal title to and/or beneficial interest in any fiat or cryptocurrency deposited or invested through an FTX Platform, purchased or enrolled in a YBA, or purchased FTT.

To the extent not otherwise included in the Class, Class Members include customers of the FTX Group who deposited cash and/or digital assets at either or both of the FTX Group's U.S.-based and non-U.S.-based trading platforms and have been unable to withdraw, use or access the billions of dollars in assets that were contractually required to be held safely in accounts on their behalf.

Excluded from the Classes are MDL Defendants and their officers, directors, affiliates, legal representatives, and employees, the FTX Group and their officers, directors, affiliates, legal representatives, and employees, any governmental entities, any judge, justice, or judicial officer

presiding over this matter and the members of their immediate families and judicial staff.

4.4     "Class Counsel" means, collectively, all counsel of record for the Plaintiffs in the FTX MDL.

4.5     "Class Member" means a Person who falls within the definition of the Class as set forth in ¶ 4.3.

4.6     "Class Notice" means a notice to be approved by the District Court.[1]

4.7     "Class Representatives" means Brandon Orr, Leandro Cabo, Ryan Henderson, Michael Livieratos, Alexander Chernyavsky, Gregg Podalsky, Vijeth Shetty, Chukwudozie Ezeokoli, Michael Norris, Edwin Garrison, Shengyun Huang, Julie Papadakis, Vitor Vozza, Kyle Rupprecht, Warren Winter, Sunil Kavuri.

4.8     "Co-Lead Class Counsel" means Adam Moskowitz of The Moskowitz Law Firm, PLLC and David Boies of Boies Schiller Flexner LLP.

4.9     "Complaint" means the [Corrected] Consolidated Administrative Class Action Complaint filed against Defendant and other FTX Insiders in the FTX MDL on August 11, 2023, and docketed as ECF No. 178.

4.10    "Criminal Proceedings" means the criminal proceedings against Samuel Bankman-Fried and other FTX Insiders before the Honorable Lewis A. Kaplan for the Southern District of New York, styled *United States v. Samuel Bankman-Fried*., et al., Case No. 22-cr-00673.

4.11    "Debtors" means FTX Trading Ltd. and its affiliated debtors and debtors in possession in the Bankruptcy Proceeding.

4.12    "Defendant" means Caroline Ellison.

---

[1] The Parties will agree to and finalize the Class Notice once all FTX Insider Settlements are finalized, which Notice will comply with the requirements of Federal Rule of Civil Procedure 23 and set forth the information outlined in Section 7.2. The Parties will amend this Stipulation to attach as an exhibit a copy of the Class Notice at that time, so to facilitate the execution of this Stipulation without delay.

4.13    "Defendant's Counsel" means Defendant's counsel of record in the FTX MDL and in the Criminal Proceedings.

4.14    "Department of Justice" means the United States Department of Justice.

4.15    "Distribution Plan" means the plan hereafter approved by the District Court for the distribution of the Settlement Amount (net of any Attorneys' Fees or costs that are awarded by the District Court) to Class Members. Distributions to Class Members will be pro-rata based on the value of each Class Member's claim as determined according to an objective formula.

4.16    "District Court" means the Honorable K. Michael Moore of the United States District Court for the Southern District of Florida and any successor court presiding over the FTX MDL.

4.17    "Effective Date," or the date upon which this Settlement becomes "Effective," means the first date by which all of the events and conditions specified in ¶ 12.1 of the Stipulation have been met and have occurred, or have been waived.

4.18    "Final" means five (5) business days after the latest of: (i) the date of final affirmance on appeal of the Order of Final Approval; (ii) the date of final dismissal with prejudice of the latest pending appeal from the Order of Final Approval; (iii) if no appeal is filed, the expiration of the time for the filing or noticing of any form of valid appeal from the Order of Final Approval.

4.19    "Final Approval Hearing" means a hearing set by the District Court to take place thirty (30) days after the Objection Deadline and, if necessary, any opt-out deadline required under Federal Rule of Civil Procedure 23(b)(3), for the purpose of:

> (i)    Determining the fairness, adequacy, and reasonableness of the Stipulation and the Settlement;

DocuSign Envelope ID: E9E95043-99E2-495D-8B88-39DB9133486D

(ii)      Class Counsel's request, if any, for attorneys' fees and expenses; and

(iii)     Entering the Order of Final Approval.

4.20     "FTT" means FTT, the cryptocurrency token minted and distributed by FTX Group.

4.21     "FTX Group" means, collectively, FTX Trading LTD and its subsidiaries d/b/a FTX ("FTX Trading"), West Realm Shires Inc. and its subsidiaries including, without limitation West Realm Shires Services Inc. d/b/a FTX US ("WRS" and, together with FTX Trading, "FTX"), Alameda Research, LLC ("Alameda"), and their parents,   subsidiaries, affiliates, officers, directors, and/or employees.

4.22     "FTX Insiders" means Gary Wang, Nishad Singh, and Caroline Ellison.

4.23     "FTX Insider Settlements" means this Stipulation and similar stipulations of settlement with Gary Wang and Nishad Singh.

4.24     "FTX MDL" means the multidistrict litigation pending before The Honorable K. Michael Moore in the United States District Court for the Southern District of Florida, Case 1:23-md-03076 . 21-08023, styled *In re: FTX Cryptocurrency Exchange Collapse Litigation.*

4.25     "FTX MDL Defendants" means the defendants party to the FTX MDL including, without limitation, FTX Group, FTX Insiders, Sino Global Capital Holdings, LLC, Softbank Group, Temasek Holdings (Private) Limited, Altimeter Capital Management LLC, K5 Global Advisor LLC, Multicoin Capital Management LLC, Paradigm Operations LP, Ribbit Capital LP, Sequoia Capital Operations LLC, SkyBridge Capital II, LLC, Thoma Bravo LP, Tiger Global Management, LLC, Armanino LLP, Prager Metis CPAs, LLC, Fenwick & West LLP, Farmington State Bank d/b/a Moonstone, Deltec Bank & Trust Company, Jean Chalopin, William Trevor Lawrence, David Ortiz, Udonis Haslem Golden State Warriors LLC, Shaquille O'Neal, Lawrence Gene David, Gisele Bundchen, Thomas Brady, Stephen Curry, Kevin O'Leary, Shohei Ohtani,

Naomi Osaka, Solomid Corporation, Creators Agency, LLC, Andrei Jikh, Brian Jung, Erika Kullberg, Jeremy Lefebvre, Jaspreet Singh, Graham Stephan, Major League Baseball, Formula 1 Racing, and Mercedes-Benz Group AG's Racing Team.

4.26    "JPML" means the United States Judicial Panel on Multidistrict Litigation.

4.27    "Objection Deadline" means the date identified in the Preliminary Approval Order by which a Class Member must serve written objections to the Settlement, if any, in accordance with Section IX of this Stipulation.  The Objection Deadline shall be thirty (30) days before the date of the Final Approval Hearing.

4.28    "*Onusz* Adversary Proceeding" means the adversary proceeding filed by Austin Onusz, Cedric Kees van Putten, Nicholas J. Marshall, and Hamad Dar in the Bankruptcy Proceeding, captioned *Onusz, et al. v. West Realm Shires Inc., et al.*, Case 22-ap-50513, asserting claims on behalf of a putative class of customers who deposited cash and digital assets at either or both the FTX Group's U.S.-based and non-U.S.-based trading platforms have been unable to withdraw, use or access the billions of dollars in assets that were contractually required to be held safely in accounts on their behalf. Defendant's motion to sever the claims against her so they may be transferred to the FTX MDL is currently pending before the Bankruptcy Court. And Class Representatives' motion to transfer the *Onusz* Adversary Proceeding to the FTX MDL is currently pending before the JPML.

4.29    "Order of Final Approval" means a final judgment and order to be entered and filed by the District Court finally approving the Settlement.[2]

---

[2] The Parties will agree to and finalize the Order of Final Approval for the FTX Insider Settlements, once all FTX Insider Settlements are finalized. The Parties will amend this Stipulation to attach as an exhibit a copy of the Order of Final Approval at that time, so to facilitate the execution of this Stipulation without delay.

4.30    "Parties" means, collectively, Defendant and Class Representatives, on behalf of themselves and the Settlement Class.

4.31    "Person(s)" means an individual, corporation (including all divisions and subsidiaries thereof), limited liability corporation, professional corporation, partnership, limited partnership, limited liability partnership, limited liability company, joint venture, association, joint stock company, estate, legal representative, trust, unincorporated association, government or any political subdivision or agency thereof, and any business or legal entity and all of their respective spouses, heirs, beneficiaries, executors, administrators, predecessors, successors, representatives, or assignees when acting in their capacity as such.

4.32    "Preliminary Approval Order" means an order to be entered and filed by the District Court titled "Order Preliminarily Approving Settlement and Providing for Notice" preliminarily approving the Settlement and providing for notice to the Class thereof.[3]

4.33    "Released Claims" means any and all claims, defenses, demands, actions, causes of action, rights, offsets, suits, damages, lawsuits, costs, relief for contempt, losses, attorneys' fees, expenses, or liabilities of any kind whatsoever, in law or in equity, for any relief whatsoever, including monetary, sanctions or damage for contempt, injunctive, or declaratory relief, rescission, general, compensatory, special, liquidated, indirect, incidental, consequential, or punitive damages, as well as any and all claims for treble damages, penalties, interest, attorneys' fees, costs, or expenses, whether a known or Unknown Claim, suspected or unsuspected, contingent or vested, accrued or not accrued, liquidated or unliquidated, matured or unmatured, and including any claims arising under the common law or statute of any state or country, the United States

---

[3] The Parties will agree to and finalize the Preliminary Approval Order for the FTX Insider Settlements, once all FTX Insider Settlements are finalized. The Parties will amend this Stipulation to attach as an exhibit a copy of the Preliminary Approval Order at that time, so to facilitate the execution of this Stipulation without delay.

Bankruptcy Code, state or federal securities laws or state or federal unfair trade practice laws, that in any way concern, arise out of, or relate to the FTX cryptocurrency exchange platform, YBAs and/or FTT. Released Claims also include any allegation that any Defendant conspired with, aided and abetted, or otherwise acted in concert with any other Defendant or other third parties, with regard to any of the facts, acts, events, transactions, occurrences, courses of conduct or business practices within the scope of these Released Claims.

4.34    "Releasors" means the Class Representatives, Settlement Class Members, and each of their respective heirs, executors, administrators, assigns, predecessors, and successors, and any other person claiming by, through, or under any or all of them.

4.35    "Settlement" or "Settlement Agreement" means the resolution of the litigation against Defendant in the FTX MDL in accordance with the terms and provisions of this Stipulation.

4.36    "Settlement Amount" means the monetary compensation, if any, obtained by Class Representatives and Class Counsel from Defendant pursuant to 18 U.S.C. § 3663 et seq., 18 U.S.C. § 981, 18 U.S.C. § 3554 and 28 U.S.C. § 2461(c) or otherwise.

4.37    "Settlement Class" or "Settlement Class Members" means the collective group of all Class Members who do not properly and timely exclude themselves from the Settlement.

4.38    "Settlement Fund" means the Settlement Amount plus any and all interest and accretions thereto.

4.39    "Southern District of New York" means the Honorable Lewis A. Kaplan and any successor court presiding over the Criminal Proceedings.

4.40    "Superseding Information" means the Superseding Information filed by the U.S. Attorney in the Criminal Proceedings on December 19, 2022, charging Defendant with seven criminal counts, including fraud on FTX customers and money laundering.

DocuSign Envelope ID: E9F95043-99F2-495D-8B88-89DB9133486D

4.41    "Termination Event" means any of the following events or circumstances: (a) the failure of the District Court to preliminarily approve the Settlement or to enter the Preliminary Approval Order without material changes; (b) the failure of the District Court to finally approve the Settlement or to enter the Order of Final Approval without material changes; or (c) reversal of or any material change to the Order of Final Approval by any appellate court having jurisdiction.

4.42    "Unknown Claims" means any Released Claims which any Releasor does not know or suspect to exist in his or her favor at the time of the entry of the Order of Final Approval, and which, if known by him or her, might have affected his or her settlement with and release of Defendant, or might have affected his or her decision to opt out of the Settlement Class or to object to this Settlement. With respect to any and all Released Claims, the Parties stipulate and agree that, upon the Effective Date, the Class Representatives shall expressly, and each of the Settlement Class Members shall be deemed to have, and by operation of the Order of Final Approval shall have to the fullest extent allowed by law, waived the provisions, rights, and benefits of any statute or principle of common law similar to California Civil Code § 1542, which provides:

> **A general release does not extend to claims which the creditor does not know or suspect to exist in his or her favor at the time of executing the release, which if known by him or her must have materially affected his or her settlement with the debtor.**

Each Releasor may hereafter discover facts in addition to or different from those which he or she now knows or believes to be true with respect to the subject matter of the Released Claims, but the Releasors, upon the Effective Date, shall be deemed to have, and by operation of the Order of Final Approval shall have, fully, finally, and forever settled and released to the fullest extent allowed by law any and all Released Claims, known or unknown, suspected or unsuspected, contingent or non-contingent, whether or not concealed or hidden, which then exist, or heretofore have existed upon any theory of law or equity now existing or coming into existence in the future, including,

but not limited to, conduct which is negligent, intentional, with or without malice, or a breach of any duty, contract, law, or rule without regard to the subsequent discovery or existence of such different or additional facts. The Class Representatives acknowledge, and the Settlement Class Members shall be deemed by operation of the Order of Final Approval to have acknowledged, that the foregoing waiver was separately bargained for and constitutes a material term of the Settlement.

4.43    "U.S. Attorney" means the United States Attorney's Office for the Southern District of New York.

4.44    "YBA" means a Yield-Bearing Account offered by FTX Trading and/or FTX US on the FTX cryptocurrency trading platform.

## V.    THE SETTLEMENT

### a.    Certification

5.1    For Settlement purposes only and solely pursuant to the terms of this Stipulation, the Parties consent to and agree to the establishment of a conditional certification of the Class, pursuant to Federal Rule of Civil Procedure 23(b)(1) or, in the alternative, 23(b)(3). Class Representatives will serve as class representative plaintiffs and Adam Moskowitz of The Moskowitz Law Firm, PLLC and David Boies of Boies Schiller Flexner LLP will serve as Co-Lead Class Counsel.

5.2    This certification is for settlement purposes only and is conditional on the District Court's approval of this Stipulation. In the event the Court does not approve all terms of the Stipulation, then certification of the Class should be void and this Stipulation and all orders entered in connection therewith, including but not limited to any order conditionally certifying the Class, shall become null and void and shall be of no further force and effect and shall not be used or

referred to for any purposes whatsoever in the Action or in any other case or controversy. And, in such an event, this Agreement and all negotiations and proceedings related thereto shall be deemed to be without prejudice to the rights of any and all Parties hereto, who shall be restored to their respective positions as of the date of this Agreement, and Defendant shall not be deemed to have waived any opposition or defenses it has to any aspect of the claims asserted herein or to whether those claims are amenable to class-based treatment.

5.3     Because the Class is broader than, and fully encompasses, the class definition in the *Onusz* Adversary Proceeding, and so to further facilitate a global resolution of all claims against Defendant, Defendant shall make reasonable efforts to support, by way of declaration, affidavit, and/or other court filing(s) with the JPML, the Southern District of Florida, and/or any other relevant court, the transfer to the FTX MDL pursuant to 28 U.S.C. § 1407 of the class action claims filed against her in the *Onusz* Adversary Proceeding . Class Representatives shall likewise use make all reasonable efforts to support by way of declaration, affidavit, and/or other court filing(s) Defendant's pending motion to sever claims against her in the *Onusz* Adversary Proceeding.

**b. The Settlement Consideration**

5.4     The obligations incurred pursuant to the Stipulation are: (a) subject to approval by the District Court; and (b) in full and final disposition of the Litigation and any and all Released Claims upon and subject to the terms and conditions set forth herein.

5.5     In full and final settlement of the claims asserted against Defendant in the FTX MDL and in consideration of the Releases set forth in Section VI, Defendant will provide the following benefits to the Settlement Class:

5.6     Defendant shall provide information and other discovery to assist Class Representatives and Class Members in prosecuting the FTX MDL to the extent permitted by and

in compliance with Defendant's cooperation agreement with the Department of Justice and/or U.S. Attorney. The information shall take the form of Defendant's testimony, documents in her possession, custody, and control, proffer, and/or attorney proffer subject to any limitation imposed by the Department of Justice, the U.S. Attorney, and/or a court order. To the extent Defendant had possession, custody, or control of relevant information, but either voluntarily or pursuant to a subpoena produced that information to the U.S. Attorney, Department of Justice, and/or Debtors, such that she no longer has possession, custody, or control of the information, Defendant will identify such information and will not object to Plaintiffs' request for production of the information by the U.S. Attorney, Department of Justice, and/or Debtors. The Parties will work in good faith with Department of Justice and/or U.S. Attorney to facilitate the broadest, most productive proffer session.

5.7     Defendant shall make her reasonable efforts to cooperate as follows (to the extent not already completed through voluntary cooperation or informal discovery), subject to any limitations imposed by the Department of Justice, the U.S. Attorney, and/or a court order:

5.7.1   To the extent she has not already done so, Defendant shall voluntarily produce, without service of a subpoena, all non-privileged documents she produced to the U.S. Attorney pursuant to any subpoena duces tecum issued in connection with the U.S. Attorney criminal investigation, to the extent those documents remain in Defendant's possession, custody, and control. To the extent Defendant had possession, custody, or control of relevant information, but produced that information to the U.S. Attorney either voluntarily or pursuant to a subpoena, such that she no longer has possession, custody, or control of the information, Defendant will identify such information and will not object to Plaintiffs' request for production of the information by the U.S. Attorney.  To the extent

22

Defendant identifies documents irrelevant to the case and that are of a sensitive personal nature, Defendant shall be entitled to withhold such documents from re-production.

5.7.2   To the extent she has not already done so, Defendant shall voluntarily produce, without service of a subpoena, all non-privileged documents she produced to Debtors in connection with the Bankruptcy Proceeding, to the extent those documents remain in Defendant's possession, custody, and control. To the extent Defendant had possession, custody, or control of relevant information, but produced that information to the Debtors, such that she no longer has possession, custody, or control of the information, Defendant will identify such information and will not object to Plaintiffs' request for production of the information by Debtors. To the extent Defendant identifies documents irrelevant to the case and that are of a sensitive personal nature, Defendant shall be entitled to withhold such documents from re-production.

5.7.3   To the extent she has not already done so, Defendant shall voluntarily produce, without service of a subpoena, a financial statement demonstrating all assets that she currently holds, accompanied by a sworn affidavit or declaration listing all of the Defendant's financial assets. Defendant shall voluntarily produce, without service of a subpoena, all documents in her possession relating to such assets, including, but not limited to, prospectuses, subscription agreements, capitalization tables, financial statements, annual reports, valuations, and independent appraisals. The Class Representatives and Class Members agree to file any information obtained pursuant to this subsection under seal and with an accompanying motion to seal in support of sealing.  The Class Representatives and Class Members further agree that information produced pursuant to this subsection meets the requirements for sealing under the applicable law and local rules.

5.7.4   To the extent she has not already done so, Defendant shall voluntarily produce, without service of a subpoena, all non-privileged documents in her possession relating to any investment by her in Anthropic PBC. Such documents shall include, but not be limited to prospectuses, subscription agreements, capitalization tables, financial statements, annual reports, valuations, and independent appraisals.

5.7.5   To the extent she has not already done so, Defendant shall voluntarily disclose, without service of a subpoena and to the extent such information is reasonably accessible to her, the assets held in any donor advised funds in which Defendant has invested and/or over which Defendant has control, and Defendant shall voluntarily produce, without service of a subpoena, all documents in her possession relating to such funds and/or assets, including, but not limited to, prospectuses, subscription agreements, capitalization tables, financial statements, annual reports, valuations, and independent appraisals.

5.7.6   Defendant shall make reasonable efforts to voluntarily produce, without service of a subpoena, additional, reasonable non-privileged documents and/or data relevant to the topics identified below in paragraph 5.7.11 upon request by Class Representatives.

5.7.7   If material that is subject to a claim of attorney-client privilege, attorney work product, or any other applicable privilege or immunity or ground on which production of that information should not be made to any Class Representative or Class Member ("Inadvertent Production Material") is inadvertently produced to  any Class Representatives or Class Members, such inadvertent production shall in no way prejudice or otherwise constitute a waiver of, or estoppel as to, any claim of attorney-client privilege,

work product, or other applicable privilege or immunity. The foregoing privileges are limited to her counsel in the Criminal Proceedings, the SEC Action, and the CFTC Action; communications between Defendant and in-house or outside counsel during the commission of the FTX fraud, before initiations of the Bankruptcy Proceedings, are expressly excluded from this provision.

5.7.8   If a claim of inadvertent production is made, the Class Representative or Class Member possessing the inadvertent production shall: (i) refrain from any further examination or disclosure of the claimed Inadvertent Production Material; (ii) if requested, promptly make a good-faith effort to return the claimed Inadvertent Production Material and all copies thereof (including summaries and excerpts) to counsel for Defendant, or destroy all such claimed Inadvertent Production Material (including summaries and excerpts) and all copies thereof, and certify in writing to that fact; and (iii) not use the Inadvertent Production Material for any purpose until further order by the District Court.

5.7.9   Defendant shall voluntarily, upon request by Class Representatives and with reasonable notice, provide reasonable assistance in reviewing and clarifying documents, whether produced by Class Representatives or another party in the FTX MDL, the Criminal Proceedings, and/or the Bankruptcy Proceeding.

5.7.10 Defendant shall cooperate in good faith and use reasonable efforts to authenticate, establish as business records and provide other foundation for documents and/or things she has produced pursuant to this agreement, through declarations, affidavits, depositions, hearings and/or trials as may be necessary, without the need for subpoenas, letters rogatory, letters of request or formal discovery requests.

5.7.11  Defendant shall voluntarily provide five proffer sessions or interviews, plus up to an additional five proffer sessions or interviews if the Parties agree to such additional sessions in accordance with Section 5.7.12, and make herself available for a deposition, and/or trial, without service of a subpoena, upon reasonable notice, and provide truthful declarations or affidavits upon request, with respect to, though not necessarily limited to, any non-privileged information regarding the following and their parents, subsidiaries, affiliates, offices, directors, employees, agents, and other representatives, all subject to any limitations imposed by the Department of Justice, the U.S. Attorney or by a court order:

- The FTX Group
- Sino Global Capital Holdings, LLC
- SoftBank Group
- Temasek Holdings (Private) Limited
- Altimeter Capital Management LLC
- K5 Global Advisor LLC
- Multicoin Capital Management LLC
- Paradigm Operations LP
- Ribbit Capital LP
- Sequoia Capital Operations LLC
- SkyBridge Capital II, LLC
- Thoma Bravo LP
- Tiger Global Management, LLC
- Armanino LLP
- Prager Metis CPAs, LLC
- Fenwick & West
- Sullivan & Cromwell
- Farmington State Bank (d/b/a Moonstone)
- Deltec Bank & Trust Company
- Jean Chalopin
- William Trevor Lawrence
- David Ortiz
- Udonis Haslem
- Golden State Warriors LLC
- Shaquille O'Neal
- Lawrence Gene David
- Gisele Bundchen
- Thomas Brady

- Stephen Curry
- Kevin O'Leary
- Shohei Ohtani
- Naomi Osaka
- Solomid Corporation
- Creators Agency, LLC
- Andrei Jikh
- Brian Jung
- Erika Kullberg
- Jeremy Lefebvre
- Jaspreet Singh
- Graham Stephan
- Major League Baseball
- Formula 1 Racing
- Mercedes-Benz Group AG's Racing Team

5.7.12  The Parties agree to meet and confer should Plaintiffs believe additional interviews or depositions beyond the topics identified above are reasonably necessary to the pursuit of the MDL.

5.8     To the greatest extent permitted under the terms of the policies and governing law, Defendant shall assign to Class Representatives and Class Members any and all monies (including, without limitation, proceeds of insurance and refunds of unearned premiums) due or to become due and not paid under any and all claims or other rights of Defendant with respect to any and all policies of insurance now or at any time hereafter covering her employment with or service to the FTX Group, and Defendant hereby directs the issuer of any such policy to pay all such monies directly to Class Representatives and Class Members, subject to any limitations imposed by the Department of Justice, the U.S. Attorney, or by a court order.

5.9     Defendant shall assign to Class Representatives and Class Members any and all demands, claims, and/or causes of action of every kind and nature, in law, equity, or otherwise, that she may have against FTX Group and/or other third party, known and unknown, existing either before or after discharge of the Debtors from the Bankruptcy Proceeding, arising from and/or in

27

connection to Defendant's interest in and/or employment by FTX Group, subject to any limitations imposed by the Department of Justice, the U.S. Attorney, or by a court order.

5.10    Defendant will take no position with respect to Class Representatives' contention that, as customers of FTX who suffered pecuniary losses from the fraud perpetuated through FTX Group, Class Members are identified as victims of the criminal conduct charged to Defendant in the Superseding Information, and that Class Members are entitled to restitution under the Mandatory Victims Restitution Act ("MVRA"), 18 U.S.C. § 3663A, pursuant to a plan established by the Southern District of New York, and/or to recovery of funds forfeited by Defendant pursuant to 18 U.S.C. §§ 981, 3554 or 28 U.S.C. § 2461(c).  Defendant will therefore take no position with respect to Class Representatives pursuing monetary compensation from Defendant through the restitution process provided by the MVRA or through the forfeiture process provided by 18 U.S.C. § 981, including by seeking an order from the Southern District of New York that Class Members are entitled to restitution and/or remission of forfeited funds pursuant to 21 U.S.C. § 853(i). Nor will Defendant take any position with respect to Class Representatives' request that, should any monies be collected in satisfaction of any money judgment that the Southern  District of New York enters against Defendant as part of her sentencing for the offenses charged in the Superseding Information, Class Members shall receive distributions of the collections through the Southern District of New York or successor processes.

5.11    Defendant will take no position with respect to Class Representatives' and Class Counsel's position that, because the class of victims identified in the Superseding Information does not exclude Class Members who liquidated their FTX accounts before the Debtors initiated the Bankruptcy Proceedings, Class Members comprise the broadest group of victims, holding in the aggregate, the largest claim for losses, such that restitution under the MVRA and/or recovery of

funds forfeited by Defendant pursuant to 18 U.S.C. §§ 981, 3554 or 28 U.S.C. § 2461(c) should
flow through the FTX MDL. Class Representatives intend to offer the foregoing representations
in support of their claims for restitution under the MVRA and/or remission of forfeited funds, and
Defendant agrees to take no position with respect to such representations to the Southern District
of New York or any other authority involved in distribution of restitution and/or forfeiture
proceeds to victims of the fraud perpetuated through FTX Group.

5.12    Class Representatives shall use their best efforts to attest to Defendant's
cooperation and assistance, and the value thereof to Class Representatives' litigation of the FTX
MDL, in advance of her sentencing by the Southern District of New York. Such efforts shall
include a letter addressed to the Southern District of New York in support of Defendant's
sentencing, to be provided to Defendant's Counsel at least two weeks before the filing deadline
for her sentencing submission.

## VI.    RELEASES

6.1    On the Effective Date, Releasors, including but not limited to Class
Representatives, on their own behalf and on behalf of each Settlement Class Member, by operation
of this Release and the Order of Final Approval, do hereby and shall be deemed to have fully,
finally, conclusively, irrevocably, and forever released, settled, compromised, relinquished, and
discharged any and all of Defendant of and from any and all Released Claims, including Unknown
Claims, and, without further action by any person or the District Court, will be deemed: (a) to have
consented to the dismissal with prejudice of any and all Released Claims; (b) to have released and
forever discharged any and all Released Claims; and (c) to be forever barred and enjoined from
instituting or further prosecuting, in any forum whatsoever, including but not limited to any state,
federal, or foreign court, or regulatory agency, or any arbitration forum, each and every Released

29

DocuSign Envelope ID: E9F95043-99F2-405D-8B88-39DB9133486D

Claim. The Parties agree that Defendant will suffer irreparable harm if any Settlement Class Member takes action inconsistent with this paragraph, and that, in that event, Defendant may seek an injunction as to such action without further showing of irreparable harm in this or any other forum. Class Representatives shall file an affidavit of support of Defendant's injunction against any Settlement Class Member that takes action inconsistent with this paragraph.

6.2     The Releasors acknowledge and agree that they are aware that they may hereafter discover material or immaterial facts in addition to or different from those which they now know or believe to be true with respect to the subject matter of this Release; that it is possible that unknown facts, losses or claims exist; and that known losses may have been underestimated in amount or severity. This was explicitly taken into account in connection with this Settlement. It is the Releasors' intention to, and they do hereby, upon the Effective Date of this Settlement, fully, finally, and forever settle and release Defendant from each and every Released Claim.

6.3     Subject to District Court approval, each Settlement Class Member shall be bound by this Settlement and all of their Released Claims shall be dismissed with prejudice and released even if they never received actual, prior notice of the FTX MDL or the Settlement in the form of the Class Notice or otherwise. The Release and agreements contained in this Section VI shall apply to and bind all Settlement Class Members, including those Settlement Class Members whose Class Notices are returned as undeliverable, and those for whom no current address can be found.

6.4     On the Effective Date, Releasors hereby release Defendant from each and every Released Claim.

6.5     Promptly after the Effective Date, Settlement Class Members shall dismiss with prejudice all claims, actions or proceedings that are released pursuant to this Settlement. In the event any such actions, or proceedings are not dismissed and Defendant learns of the action,

Defendant may provide notice to the Settlement Class Member of this Settlement and request dismissal of the action.

## VII.   NOTICE TO THE CLASS AND GOVERNMENT OFFICIALS

### a.   Notice to the Class

7.1     To the extent the District Court certifies the Class pursuant to Federal Rule of Civil Procedure 23(b)(1), notice will be provided to the Class if required by and in accordance with the Preliminary Approval Order and/or any other order from the District Court.

7.2     To the extent the District Court certifies the Class pursuant to Federal Rule of Civil Procedure 23(b)(3), subject to the requirements of the Preliminary Approval Order, within 90 days after entry of the Preliminary Approval Order, the Parties will send, or cause to be sent, a Class Notice to each Class Member. The Class Notice will be sent exclusively by email and will:

(i)      contain a short, plain statement of the background of the Action and the Settlement;

(ii)     describe the settlement relief outlined in this Stipulation;

(iii)    state that any relief to Class Members is contingent on the Court's final approval of the Settlement;

(iv)    inform Class Members that attorneys' fees and expenses, and a service award for the named plaintiff, will be requested and, if approved by the Court, will be paid from the Settlement Fund in addition to the relief described above in ¶¶ 5.9-5.11;

(v)     inform Class Members that any Final Order and Judgment entered in the Action, whether favorable or unfavorable to the Class, shall include, and be binding on, all Class Members, even if they have objected to the proposed Settlement and even if they have any other claim, lawsuit or proceeding pending against Defendant;

(vi)    describe the terms of the Release; and

31

(vii)    contain reference and a hyperlink to a dedicated webpage housed on The Moskowitz Law Firm, PLLC website, which will include relevant documents and information regarding Class Representatives' claims against Defendant in the FTX MDL.

7.3     To the extent the District Court certifies the Class pursuant to Federal Rule of Civil Procedure 23(b)(3), the Class Notice will also inform Class Members (i) that they may opt out of the Settlement Class by submitting a written opt out request by email to Co-Lead Class Counsel and Defendant's Counsel, which must be received by Co-Lead Class Counsel and Defendants' Counsel no later than the Objection Deadline; (ii) that if he or she desires, Class Members may object to the proposed Settlement by filing and serving a written statement of objections, which must be received no later than the Objection Deadline; and (iii) that any Class Member who has filed and served written objections to the proposed Settlement may, if he or she so requests, enter an appearance at the Final Approval Hearing either personally or through counsel.

**b.  Notice to the Appropriate Federal and State Officials**

7.4     Defendant shall determine the form of CAFA Notice to be provided for the purpose of satisfying the requirements of CAFA and the identity of those who will receive the CAFA Notice. Defendant shall be responsible for serving the CAFA Notices and for all costs and expenses related thereto. Class counsel shall provide Defendant with information concerning class membership required to comply with 28 U.S.C. § 1715(b)(7).

**VIII.    PRELIMINARY APPROVAL ORDER AND SETTLEMENT HEARING**

8.1     Promptly following execution of this Stipulation, Class Counsel shall submit this Stipulation together with its Exhibits to the Court and shall apply for entry of the Preliminary Approval Order, requesting, *inter alia*, the preliminary approval of the Settlement set forth in this

Stipulation, and approval for the emailing of the Class Notice. The Class Notice shall include the general terms of the Settlement set forth in this Stipulation, the general terms of the Fee and Expense Application, and the date of the Final Approval Hearing.

8.2     Class Counsel shall request that, after notice is given and not earlier than one hundred (100) calendar days after the later of the dates on which the appropriate federal official and the appropriate State officials are provided with notice pursuant to the CAFA, the District Court hold the Final Approval Hearing and approve the Settlement as set forth herein.  At or after the Settlement Hearing, Class Counsel also will request that the Court approve their request for attorneys' fees and expenses, if any.

## IX.   OBJECTIONS

9.1     Any Class Member may object to the Settlement. To object, the Class Member must comply with the procedures and deadlines in this Stipulation.

9.2     Any Class Member who wishes to object to the Settlement must do so in writing on or before the Objection Deadline, as specified in the Class Notice and Preliminary Approval Order. The written objection must be filed with the Clerk of Court, and mailed (with the requisite postmark) to Class Counsel and Defendant's Counsel (at the addresses identified in ¶ 16.14), no later than the Objection Deadline.

9.3     The requirements to assert a valid written objection shall be set forth in the Class Notice. To be valid, the written objection must include: (a) the case name and number; (b) the name, address, telephone number of the Class Member objecting and, if represented by counsel, of his/her counsel; (c) the basis for objection; and (d) a statement of whether he/she intends to appear at the Final Approval Hearing, either with or without counsel.

9.4     Any Class Member who fails to object to the Settlement in the manner described in the Class Notice and consistent with this section shall be deemed to have waived any such objection, shall not be permitted to object to any terms or approval of the Settlement at the Final Approval Hearing, and shall be foreclosed from seeking any review of the Settlement or the terms of the Stipulation by appeal or other means.

9.5     Subject to approval of the District Court, any Class Member who files and serves a written objection in accordance with this section and the Class Notice may appear, in person or by counsel, at the Final Approval Hearing held by the District Court, to show cause why the proposed Settlement should not be approved as fair, adequate, and reasonable, but only if the objecting Class Member: (a) files with the Clerk of the District Court a Notice of Intention to Appear at the Final Approval Hearing by the Objection Deadline; and (b) serves the Notice of Intention to Appear on all counsel designated in the Class Notice by the Objection Deadline.

9.6     The Notice of Intention to Appear must include copies of any papers, exhibits, or other evidence that the objecting Class Member will present to the District Court in connection with the Final Approval Hearing.

9.7     Any Class Member who does not file a Notice of Intention to Appear in accordance with the deadlines and other specifications set forth in the Settlement and the Class Notice shall not be entitled to appear at the Final Approval Hearing or raise any objections.

## X.     DISTRIBUTION OF THE SETTLEMENT AMOUNT

If and when monetary compensation from Defendant is provided to the Settlement Class through the FTX MDL, pursuant to the MVRA or otherwise, the Settlement Amount shall be placed in the Settlement Fund, added to settlement amounts from other MDL Defendants, as such

settlements are reached, and distributed in accordance with the Distribution Plan and under the supervision and direction and with the approval of the District Court.

## XI.    CLASS COUNSEL'S ATTORNEYS' FEES

11.1    The Parties agree that Class Counsel may apply for an award of reasonable attorneys' fees and reimbursement of expenses to be paid from the Settlement Fund. Specifically, Class Counsel intends to request approval of attorneys' fees and costs based on any monetary compensation obtained for the Class pursuant to the restitution and/or forfeiture procedures outlined in ¶¶ 5.9-5.11. Defendant agrees not to oppose Class Counsel's request for attorneys' fees and expenses.

11.2    Class Counsel reserves the right to seek the foregoing fees and expenses from monetary settlements or judgments obtained from or against other MDL Defendants, as the information provided to Class Representatives and Class Counsel by Defendant pursuant to the terms of this Stipulation will be used to effectuate settlements with or judgments against the other MDL Defendants, in part because Class Representatives' claims against the other MDL Defendants arise from the same conduct by FTX Group and the FTX Insiders, and in part because Defendant had unique access to information relating to the involvement of other MDL Defendants in the fraudulent conduct and other misconduct leading to the collapse of the FTX cryptocurrency exchange.

11.3    The procedure for and the allowance or disallowance by the District Court of any applications for attorneys' fees and expenses to be paid out of the Settlement Fund is not part of the Settlement set forth in this Stipulation, and is to be considered by the District Court separately from the District Court's consideration of the fairness, reasonableness, and adequacy of the Settlement set forth in this Stipulation, and shall have no effect on the terms of the Stipulation or

on the validity or enforceability of this Settlement. The approval of the Settlement, and the Settlement's becoming Final, shall not be contingent on the award of attorneys' fees and expenses, any award to Class Representative, nor any appeals from such awards.  Any order or proceeding relating to the Class Counsel's request for attorneys' fees and expenses, or any appeal from any order relating thereto or reversal or modification thereof, shall not operate to terminate this Stipulation, or affect or delay the finality of the Judgment approving this Stipulation and the Settlement as set forth therein, or any other orders entered pursuant to the Stipulation of Settlement.

11.4    Any fees and/or expenses awarded by the District Court shall be paid solely from and out of the Settlement Fund.

## XII.    CONDITIONS OF SETTLEMENT AND TERMINATION

12.1    The Effective Date of the Settlement shall be conditioned on the occurrence of all of the following events:

(i)      The Parties have signed this Stipulation.

(ii)     Defendant has complied with the reporting requirements of 28 U.S.C. § 1715.

(iii)    The District Court has preliminarily approved the Settlement, including the Class Notice, and has entered the Preliminary Approval Order.

(iv)    The Class Notice has been sent to Class Members pursuant to the Preliminary Approval Order and the terms of the Stipulation, if necessary.

(v)     The District Court has entered the Order of Final Approval.

(vi)    The Order of Final Approval has become Final.

(vii)   Any right to terminate the Settlement has not been triggered or has expired.

12.2     Upon the occurrence of a Termination Event described in subparts (a) through (c) of ¶ 4.41, this Stipulation shall automatically terminate.

12.3     In the event this Stipulation or the Settlement is terminated or the Effective Date otherwise fails to occur for any reason, the Parties shall be restored to their respective positions in the FTX MDL as of January 23, 2024 and shall meet and confer regarding a new case schedule for the litigation against Defendant in the FTX MDL. In such event, the terms and provisions of the Stipulation shall have no further force and effect with respect to the Parties and shall not be used in this litigation or in any other proceeding for any purpose, and any judgment or order entered by the District Court in accordance with the terms of this Stipulation shall be treated as vacated, *nunc pro tunc*.

## XIII.   COVENANTS NOT TO SUE

13.1     The Class Representatives, on behalf of themselves and the Settlement Class Members, covenant and agree: (i) not to file, commence, prosecute, intervene in, or participate in (as a class member or otherwise) any action in any jurisdiction based on or relating to any of the Released Claims, or the facts and circumstances alleged in the Complaint, against Defendant; (ii) not to organize or solicit the participation of Settlement Class Members, or persons who would otherwise fall within the definition of the Class but who requested to be excluded from the Settlement Class, in a separate class for purposes of pursuing any action (including by seeking to amend a pending complaint to include class allegations, or seeking class certification in a pending action in any jurisdiction) based on or relating to any of the Released Claims or the facts and circumstances alleged in the Complaint, against Defendant; and (iii) that the foregoing covenants and this Stipulation shall be a complete defense in any action that any Releasor may hereafter assert on any of the Released Claims against Defendant.

37

## XIV.   REPRESENTATIONS AND WARRANTIES

14.1    The Class Representatives represent and warrant that they have not assigned or otherwise transferred any interest in any of the Released Claims against Defendant. The Class Representatives further covenant that they will not hereafter assign or otherwise transfer any interest in any of the Class Representatives' Released Claims.

14.2    The Class Representatives represent and warrant that they have no surviving claim or cause of action against Defendant with respect to any of the Released Claims.

14.3    The Parties, and each of them on his, her, or its own behalf, represent and warrant that they are voluntarily entering into the Settlement Agreement as a result of arm's-length negotiations among their counsel; that in executing the Settlement Agreement, they are relying solely upon their own judgment, belief, and knowledge, and the advice and recommendations of their own independently selected counsel, concerning the nature, extent and duration of their rights and claims hereunder and regarding all matters which relate in any way to the subject matter hereof; and that, except as provided herein, they have not been influenced to any extent whatsoever in executing the Stipulation by representations, statements, or omissions pertaining to any of the foregoing matters by any Party or by any person representing any Party.  Each of the Parties assumes the risk of mistake as to facts or law.

## XV.    EFFECT ON RELATED CASES

Upon the District Court's entry of the Order of Final Judgment, the plaintiffs in the *Garrison*, *Lam*, *Pierce*, *Hawkins*, *Jessup*, *Podalsky*, *Papadakis*, and *Imbert* cases shall dismiss with prejudice their claims against Defendant in those matters, to the extent the plaintiffs have not already done so.

## XVI.   MISCELLANEOUS PROVISIONS

16.1   Amendment/Modification.  The Stipulation may be amended or modified only by a written instrument signed by or on behalf of all Parties or their respective successors-in-interest. The waiver by one Party of any breach of this Stipulation by any other Party shall not be deemed a waiver of any other prior or subsequent breach of this Stipulation. Class Counsel, on behalf of the Class, are expressly authorized by the Class Representatives to take all appropriate action required or permitted to be taken by the Class pursuant to the Stipulation to effect its terms, and also are expressly authorized to enter into any modifications or amendments to the Stipulation on behalf of the Class which they deem appropriate. Any amendment or modification occurring after entry of the Preliminary Approval Order shall require court approval.

16.2   Authority.  Each person executing the Stipulation or any of its exhibits on behalf of any Party hereto hereby warrants that such person has the full authority to do so. Specifically, Co-Lead Class Counsel is authorized by Plaintiffs to sign the Stipulation on behalf of Plaintiffs.

16.3   Cooperation.  The Parties: (a) acknowledge that it is their intent to consummate this Settlement; and (b) agree to cooperate to the extent reasonably necessary to effect and implement all terms and conditions of the Settlement and to exercise their reasonable efforts to accomplish the foregoing terms and conditions of the Settlement.

16.4   Counterparts.  The Stipulation may be executed in one or more counterparts, including by signature transmitted by facsimile or by email in PDF format. All executed counterparts and each of them shall be deemed to be one and the same instrument.

16.5   Drafting.  The language of all parts of this Stipulation shall in all cases be construed as a whole, according to its fair meaning, and not strictly for or against either Party. No Party shall be deemed the drafter of this Stipulation. The Parties acknowledge that the terms of the Stipulation

DocuSign Envelope ID: E9F95043-99F2-495D-8B88-39DB9133486D

are contractual and are the product of negotiations between the Parties and their counsel. Each Party and its counsel cooperated in the drafting and preparation of the Stipulation. In any construction to be made of the Stipulation, the Stipulation shall not be construed against any Party and any canon of contract interpretation to the contrary shall not be applied.

16.6    Entire Agreement.  The Stipulation and the related documents entered at the time of this Stipulation or referenced herein constitute the entire agreement among the Parties hereto concerning the settlement of the FTX MDL. No representations, warranties, or inducements have been made to any party concerning the Stipulation or its exhibits other than the representations, warranties, and covenants contained and memorialized in such documents. Except as otherwise provided herein, each Party shall bear its own costs and attorneys' fees.

16.7    Exhibits.  All of the exhibits to the Stipulation are material and integral parts hereof and are fully incorporated herein by this reference.

16.8    Extensions of Time.  Unless otherwise provided, the Settling Parties may agree to reasonable extensions of time to carry out any of the provisions of this Stipulation without further order of the Bankruptcy or District Courts.

16.9    Governing Law.  This Stipulation and its Exhibits shall be considered to have been negotiated, executed and delivered, and to be wholly performed, in the State of Florida and the rights and obligations of the parties to the Stipulation shall be construed and enforced in accordance with, and governed by, the internal, substantive laws of the State of Florida without giving effect to its choice-of-law principles, except to the extent that federal law requires that federal law govern.

16.10    Headings.  The headings herein are used for the purpose of convenience only and are not meant to have legal effect.

40

16.11 <u>Jurisdiction</u>.   The District Court shall retain jurisdiction with respect to implementation and enforcement of the terms of the Stipulation. All Parties and all Settlement Class Members submit to the jurisdiction of the District Court for purposes of implementing and enforcing the Settlement embodied in the Stipulation.

16.12 <u>No Collateral Attack</u>.  Upon entry of the Order of Final Approval, this Stipulation shall not be subject to collateral attack by any Class Member or Settlement Class Member.

16.13 <u>No Third-Party Rights or Beneficiaries</u>.  Except as expressly provided for herein, no government agency or official or any other person or entity can claim any rights under this Stipulation or the Settlement. There are no third-party beneficiaries created or implied.

16.14 <u>Notices</u>.   All notices (other than the Class Notice and those for which other instructions are set forth herein) required or permitted by this Stipulation shall be made in writing and communicated by mail and email to the following addresses:

<u>All notices to the Class Representatives or to Class Counsel shall be sent to:</u>

Adam M. Moskowitz
Joseph M. Kaye
THE MOSKOWITZ LAW FIRM
Continental Plaza
3250 Mary Street, Suite 202
Coconut Grove, FL 33133
(305) 740-1423
adam@moskowitz-law.com
joseph@moskowitz-law.com
service@moskowitz-law.com

<u>All notices to Defendant or to Defendant's Counsel shall be sent to:</u>

Peter G. Neiman
Nicholas Werle
WILMERHALE LLP
7 World Trade Center
250 Greenwich Street
New York, NY 10007
(212) 230-8800

peter.neiman@wilmerhale.com
nick.werle@wilmerhale.com

16.15   <u>Obligation to Meet and Confer</u>. Before filing any motion raising a dispute arising out of this Stipulation or the implementation of the Settlement, the Parties shall confer in good faith in an attempt to resolve any pending issues.

16.16   <u>Successors and Assigns</u>. The Stipulation shall be binding upon, and inures to the benefit of, the heirs, executors, successors, and assigns of the Parties, the Releasors and Defendant; but this Stipulation is not designed to and does not create any third-party beneficiaries.

**FOR THE CLASS REPRESENTATIVES**          Dated: <u>January 24th  </u>, 2024

By: _____

Adam M. Moskowitz

Co-Lead Counsel for the Class

Representatives and the Proposed

Class

**DEFENDANT**

Dated: _____1/23/2024_____, 2024

By: _Caroline Ellison_____

CAROLINE ELLISON

# Exhibit B2

## STIPULATION OF SETTLEMENT

This Stipulation of Settlement (the "Stipulation"), dated January 30, 2024 is entered into by and between (i) Plaintiffs Brandon Orr, Leandro Cabo, Ryan Henderson, Michael Livieratos, Alexander Chernyavsky, Gregg Podalsky, Vijeth Shetty, Chukwudozie Ezeokoli, Michael Norris, Edwin Garrison, Shengyun Huang, Julie Papadakis, Vitor Vozza, Kyle Rupprecht, Warren Winter, Sunil Kavuri, individually and on behalf each Class Member, and (ii) Defendant Zixiao "Gary" Wang, by and through their counsel of record in the FTX MDL.  The Stipulation is intended to fully, finally, and forever resolve, discharge, and settle on a nationwide basis the Released Claims, subject to the approval of the District Court and the terms and conditions set forth in this Stipulation.

### I.    THE LITIGATION AND SETTLEMENT OVERVIEW

1.1    In November 2022, the FTX cryptocurrency exchange platform (comprised of FTX.US and FTX.com) collapsed and, on November 11, 2022, the FTX Group filed for Chapter 11 bankruptcy protection. Numerous class and individual actions arose from the FTX Group's collapse.

#### *The FTX MDL*

1.2    On November 15, 2022, Edwin Garrison filed a class action complaint and demand for jury trial captioned *Edwin Garrison v. Sam Bankman-Fried, et al.*, Case 1:22-cv-23753, in the United States District Court for the Southern District of Florida ("*Garrison*"), asserting, on behalf of himself and a class of similarly-situated individuals, claims against Defendant and other FTX Insiders arising from the collapse of the FTX cryptocurrency trading platform. On December 16, 2022, Mr. Garrison, joined by Skyler Lindeen, Alexander Chernyavsky, David Nicol, Sunil Kavuri, Gregg Podalsky, and Gary Gallant, filed an amended complaint in the *Garrison* case. On May 11,

2023, the *Garrison* Plaintiffs moved to file a second amended complaint, which motion was granted on May 12, 2023, and the *Garrison* Plaintiffs' second amended complaint entered into the record on May 15, 2023.

  1.3 On November 23, 2022, Stephen Pierce filed a class action complaint and demand for jury trial captioned *Stephen Pierce v. Samuel Bankman-Fried, et al..*, Case 3:22-cv-07444, in the United States District Court for the Northern District of California ("*Pierce*"), asserting, on behalf of himself and a class of similarly-situated individuals, claims against Defendant and other FTX Insiders arising from the collapse of the FTX cryptocurrency trading platform.

  1.4 On December 2, 2022, Russell Hawkins filed a class action complaint and demand for jury trial captioned *Russell Hawkins v. Samuel Bankman-Fried, et al.*, Case 3:22-cv-07620, in the United States District Court for the Northern District of California ("*Hawkins*"), asserting, on behalf of himself and a class of similarly-situated individuals, claims against Defendant and other FTX Insiders arising from the collapse of the FTX cryptocurrency trading platform.

  1.5 On December 5, 2022, Michael Elliott Jessup filed a class action complaint and demand for jury trial captioned *Michael Elliott Jessup  v. Samuel Bankman-Fried, et al..*, Case 3:22-cv-07444, in the United States District Court for the Northern District of California ("*Jessup*"), asserting, on behalf of himself and a class of similarly-situated individuals, claims against Defendant and other FTX Insiders arising from the collapse of the FTX cryptocurrency trading platform.

  1.6 On December 7, 2023, Plaintiffs Gregg Podalsky, Gary Gallant, Skyler Lindeen, Alexander Chernyavsky, and David Nicol filed a class action complaint and demand for jury trial captioned *Gregg Podalsky, et al. v. Sam Bankman-Fried, et al.*, Case 1:22-cv-23983, in the United States District Court for the Southern District of Florida ("*Podalsky*"), asserting, on behalf of

themselves and a class of similarly-situated individuals, claims against Defendant and other FTX Insiders arising from the collapse of the FTX cryptocurrency trading platform.

1.7     On December 27, 2022, Austin Onusz, Cedric Kees van Putten, Nicholas J. Marshall, and Hamad Dar filed a class action adversary proceeding in the Bankruptcy Proceeding, captioned *Onusz, et al. v. West Realm Shires Inc., et al.*, Case 22-50513, asserting claims of declaratory judgment, breach of contract, breach of fiduciary duty, and aiding and abetting conversion against certain FTX entities and Insiders, including Defendant, on behalf of themselves and a class of customers "who deposited or held customer property with FTX US and/or FTX.com" and "who have been unable to withdraw, use or access [those] assets" since the collapse of the FTX cryptocurrency trading platform. On December 22, 2023, Class Representatives moved to transfer the *Onusz* Adversary Proceeding to the FTX MDL, which motion is currently pending before the JPML.  On January 12, 2024, Defendant filed a motion in the Bankruptcy Court to sever the claims against him from the rest of the adversary proceeding, so that those claims against him may ultimately be transferred to the FTX MDL.

1.8     On January 3, 2023, Julie Chon Papadakis filed a class action complaint and demand for jury trial captioned *Julie Chon Papadakis v. Samuel Bankman-Fried, et al.*, Case 3:22-cv-00024, in the United States District Court for the Northern District of California ("*Papadakis*"), asserting, on behalf of herself and a class of similarly-situated individuals, claims against Defendant and other FTX Insiders arising from the collapse of the FTX cryptocurrency trading platform.

1.9     On May 19, 2023, Kenny Imbert filed a class action complaint and demand for jury trial captioned *Kenny Imbert v. Samuel Bankman-Fried, et al.*, Case 3:2023-cv-02475, in the United States District Court for the Northern District of California ("*Imbert*"), asserting, on behalf

3

of himself and a class of similarly-situated individuals, claims against Defendant and other FTX Insiders arising from the collapse of the FTX cryptocurrency trading platform.

1.10    On June 5, 2023, the JPML consolidated for coordinated pretrial proceedings dozens of individual and class actions arising from the collapse of the FTX cryptocurrency trading platform, including actions against FTX Group and FTX Insiders (i.e., the *Garrison*, *Lam*, *Pierce*, *Hawkins*, *Jessup*, *Podalsky*, and *Papadakis* cases) (the "FTX Insider Track"), actions against celebrities and influencers who promoted the FTX cryptocurrency exchange (the "Promoter and Digital Creator Track"), actions against domestic and multinational venture capital firms that invested in FTX Group (the "Domestic VC Track" and the "Multinational VC Track"), actions against accounting firms that audited FTX Group financials (the "Accounting Firm Track"), actions against a law firm that provided legal services to FTX Group (the "Law Firm Track"), and actions against domestic and offshore banks that opened and serviced FTX Group accounts (the "Bank Defendant Track"), into a multidistrict litigation and transferred the FTX MDL to the United States District Court for the Southern District of Florida, because "[a] significant portion of FTX's conduct allegedly emanated from this district, where it had its U.S. headquarters before filing for bankruptcy." In ordering the consolidation and transfer of these cases, the JPML explained "[t]hese actions present common questions of fact concerning the collapse of the FTX cryptocurrency exchange in November 2022, which allegedly was caused by the conduct of FTX former principals Sam Bankman-Fried, Zixiao "Gary" Wang, and Nishad Singh, and financial improprieties with Alameda Research. All actions allege that FTX executives fraudulently withheld or misrepresented information with respect to customer assets on the FTX platform and that the professional service firms [i.e., the Domestic VC, Multinational VC, Accounting Firm, Law Firm, and Bank Defendant Tracks] and celebrity promoters [i.e., the Promoter and Digital

Creator Track] who worked with FTX were complicit in or otherwise bear responsibility for the alleged fraud – for example, by concealing FTX's financial problems or promoting FTX products with knowledge or willful blindness of the alleged fraud."

1.11    On August 7, 8, and 11, 2023, with leave of the FTX MDL Court, Class Representatives filed interlocking omnibus Consolidated Administrative Class Action Complaints for each of the interrelated FTX Insider, Promoter and Digital Creator, Domestic VC, Multinational VC, Accounting Firm, Law Firm, and Bank Defendant Tracks, on behalf of "all persons or entities … who, within the applicable limitations period, purchased or held legal title and/or beneficial interest in any fiat or cryptocurrency deposited or invested through an FTX Platform, purchased or enrolled in a YBA or purchased FTT." The Consolidated Administrative Class Actions Complaints share core allegations relating to the FTX cryptocurrency exchange, YBAs, FTT, and underlying FTX fraud, as the Complaints assert that defendants from every Track aided, abetted, and/or otherwise participated in a central conspiracy to promote unregistered securities and to misappropriate customer funds on the FTX cryptocurrency exchange.

1.12    Plaintiffs named Defendant in the Consolidated Administrative Class Action Complaint for the FTX Insider Track, asserting claims for violations of Racketeer Influenced and Corrupt Organizations Act ("RICO"), state securities and consumer protection laws, civil conspiracy, fraud, aiding and abetting fraud, conversion, aiding and abetting conversion, negligent misrepresentation, breach of fiduciary duty, aiding and abetting breach of fiduciary duty, unjust enrichment, and declaratory judgment, on behalf of themselves and a class of all FTX customers "who, within the applicable limitations period, purchased or held legal title to and/or beneficial interest in any fiat or cryptocurrency deposited or invested through an FTX Platform, purchased or enrolled in a YBA, or purchased FTT." Motions to Dismiss the FTX Insider Complaint are fully

briefed in the FTX MDL and the Parties are currently conducting jurisdictional discovery related to the coordinated pretrial proceedings.

1.13    On October 2, 2023, the District Court stayed all proceedings in the FTX Insider Track and stayed discovery in the Promoter and Digital Creator, Domestic VC, Multinational VC, Accounting Firm, Law Firm, and Bank Defendant Tracks, until the conclusion of the U.S. Attorney's criminal proceedings against Samuel Bankman-Fried (summarized herein).

1.14    On September 22, 2023 and September 23, 2023, certain Promoter and Digital Creator, Domestic VC, Multinational VC, Accounting Firm, Law Firm, and Bank Defendants, not including Defendant, filed motions to dismiss the Consolidated Administrative Class Actions Complaints filed in their respective Tracks. Those motions were fully briefed on December 6, 2023.

1.15    Certain of defendants, not including Defendant, moved for dismissal of the Consolidated Administrative Class Actions Complaints for lack of personal jurisdiction in Florida and in other states, including California and Washington, pursuant to Federal Rule of Civil Procedure 12(b)(2). On November 11, 2023, Class Representatives moved for leave to conduct jurisdictional discovery on the defendants contesting personal jurisdiction.

1.16    On December 18, 2023, the District Court granted Class Representatives' motion to conduct jurisdictional discovery, noting that "the disputed facts related to [Class Representatives'] theories of personal jurisdiction," including jurisdiction based on civil conspiracy and/or the commission of intentional torts, "are intertwined with the merits of the respective cases."

### *The FTX Criminal Proceedings*

1.17    On December 13, 2022, an eight-count indictment against Samuel Bankman-Fried

was unsealed, including charges of securities fraud, wire fraud, and several conspiracy counts involving money laundering and campaign finance violations, for misappropriating FTX customer deposits by way of loans and other transfers to Alameda, among other fraudulent conduct.

1.18    On December 19, 2022, Defendant waived indictment by the U.S. Attorney's Office for the Southern District of New York, consented to the filing of a Superseding Information, and pleaded guilty to four criminal offenses arising from the collapse of the FTX cryptocurrency exchange, including wire fraud and conspiracy arising from "a scheme to defraud customers of FTX.com."  In pleading guilty, Defendant agreed to cooperate with the Department of Justice's investigation and prosecution of Samuel Bankman-Fried, to make restitution in an amount to be specified by the court in accordance with 18 U.S.C. §§ 3663, 3663A, and 3664, to be paid according to a plan established by the court, and to forfeit to the United States, pursuant to 18 U.S.C. §§ 981(a)(1)(C), 3554 and 28 U.S.C. § 2461(c), any and all property, real and personal, that constitutes or is derived from proceeds traceable to the commission of  or involved in the offenses set forth in the Superseding Information filed against Defendant.

1.19    The Honorable Lewis A. Kaplan of the U.S. District Court for the Southern District of New York is presiding over the criminal proceedings against Samuel Bankman-Fried and other FTX Insiders, including Defendant. On February 23, 2023 and March 28, 2023, the Court unsealed superseding indictments against Samuel Bankman-Fried, which ultimately charged Bankman-Fried with a total of thirteen criminal counts.

1.20    In connection with the criminal prosecution of Samuel Bankman-Fried, the Department of Justice and/or U.S. Attorney has seized assets totaling hundreds of millions of dollars or more, including shares in Robinhood Markets Inc. valued at approximately $500 million, after demonstrating probable cause to believe that the shares were the proceeds of wire fraud and

are property involved in money laundering by Bankman-Fried and FTX Group, and as alleged in the forfeiture allegations and/or substitute asset provision, included 55,273,469 shares of the stock of Robinhood Markets Inc. from Account Number 499-30500 at ED&F Man Capital Markets, Inc., a/k/a "Marex," held in the name of "Emergent Fidelity Technologies," seized by the Department of Justice on or about January 4, 2023.

1.21    On June 15, 2022, Judge Kaplan bifurcated the criminal charges against Bankman-Fried, with the securities fraud, wire fraud, and money laundering-related charges to be tried in October 2023 (the "October 2023 Trial"), and the other charges to be tried in March 2024 (the "March 2024 Trial"). On December 29, 2023, the U.S. Attorney informed Judge Kaplan that it did not plan to proceed with the March 2024 Trial.

1.22    On October 5, 6 and 10, 2023, Defendant testified at the October 2023 Trial of Samuel Bankman-Fried. Defendant's testimony related to key allegations common to each of Class Representatives' Consolidated Administrative Class Action Complaints, including that FTX Trading and FTX US  "gave special privileges to Alameda Research on FTX, which allowed it to withdraw unlimited amounts of funds from the platform, and we lied about this to the public," Oct. 5, 2023 Tr. at 304:14-16,  and other facts relating to criminal conduct by Samuel Bankman-Fried underlying Class Representatives' claims. On November 3, 2023, the October 2023 Trial concluded, and the jury convicted Samuel Bankman-Fried on seven counts including wire fraud, securities fraud, money laundering, and related conspiracies arising from the multi-billion-dollar fraud perpetuated through FTX Group.

1.23    Defendant may be called to provide additional testimony at Samuel Bankman-Fried's sentencing hearing, set in the Southern District of New York on March 28, 2023, and at his own sentencing hearing, where he may continue to accept responsibility for conduct giving rise

to Class Representatives' claims on behalf of Class Members, set in the Southern District of New York.

1.24    Based on the evaluation of the facts and the law, the Parties hereto have agreed (subject to court approval) to a settlement covering all persons or entities who purchased or held legal title to and/or beneficial interest in any fiat or cryptocurrency deposited or invested through an FTX Platform, purchased or enrolled in a YBA, or purchased FTT, excluding the FTX Group and the FTX MDL Defendants.

1.25    This Stipulation is made in compromise of disputed claims.

1.26    The Parties hereto reserve all, and do not waive any, rights, claims, and defenses unless and until the settlement becomes Effective pursuant to ¶ 12.1.

## II.    CLASS REPRESENTATIVES' CLAIMS AND THE BENEFITS OF SETTLEMENT

Class Representatives and Class Counsel believe that the claims asserted against Defendant and other FTX Insiders in the FTX MDL have merit and that the evidence developed to date supports the claims asserted therein.  However, Class Representatives and Class Counsel recognize and acknowledge the expense and length of continued proceedings necessary to prosecute the claims against Defendant and other FTX Insiders through trial and through appeals.   Class Representatives and Class Counsel also have accounted for the uncertain outcome and the risk of any litigation against Defendant and other FTX Insiders, especially in complex actions such as this litigation, as well as the difficulties and delays inherent in this litigation, including the enforcement of any money judgment against Defendant.  Class Representatives and Class Counsel believe that the Settlement set forth in this Stipulation confers substantial benefits upon the Class. As demonstrated by the information contained in his guilty plea and his testimony at Samuel Bankman-Fried's October 2024 trial, Defendant has knowledge and other information that Class

Representatives and Class Counsel believe will be valuable to Class Representatives' cases against other defendants in the FTX MDL, particularly relating to the underlying fraudulent scheme and its connection to Miami, Florida, where FTX's U.S. headquarters were based, as well as each MDL Defendants' knowledge of and assistance with the scheme and connections to other states in which jurisdiction over those Defendants is asserted. Based on their own investigation and evaluation, Class Representatives and Class Counsel have determined that the Settlement set forth in this Stipulation, along with the FTX Insider Settlements, is in the best interests of Class Representatives and the Class.

## III.   DEFENDANT'S POSITION

3.1   In pleading guilty to the seven counts charged by Defendant's Superseding Information, Defendant agreed to truthfully and completely disclose all information about which the U.S. Attorney's Office for the Southern District of New York inquires and to truthfully testify before the grand jury and at any trial and other court proceeding when requested to do by that Office, and the assertions set forth in Defendant's Superseding Information, as well as any testimony given by Defendant in pleading guilty to the counts charged therein, are admitted.

3.2   Defendant testified at Samuel Bankman-Fried's October 2023 Trial, and all statements made by Defendant at the October 2023 Trial are admitted.

3.3   Defendant may be called to provide further testimony pursuant to his plea agreement, including at Samuel Bankman's Fried's sentencing hearing, and/or in connection with Defendant's sentencing, and/or the sentencing of other FTX Insiders, and all statements made on

the record by Defendant pursuant to his plea agreement, before or after the Effective Date, are admitted.

3.4     In December 2022, Defendant also reached settlement agreements to resolve civil enforcement actions brought by the U.S. Securities and Exchange Commission, *Securities and Exchange Commission v. Wang*, No. 1:22-cv-10794 (PKC) (S.D.N.Y. Dec. 23, 2022) (the "SEC Action") ECF No. 15, and the U.S. Commodity Futures Trading Commission, *Commodity Futures Trading Commission v. Bankman-Fried*, No. 1:22-cv-10503 (PKC) (S.D.N.Y. Dec. 23, 2022) (the "CFTC Action") ECF No. 26, in which Defendant admitted to all factual allegations set forth in the operative complaints filed in those actions.

3.5     To the extent not expressly admitted as set forth above, Defendant denies any other allegations in the FTX MDL proceedings against him.

\*       \*       \*

**NOW, THEREFORE, IT IS HEREBY STIPULATED AND AGREED** by and between Class Representatives (on behalf of themselves and the Class Members) and Defendant, by and through their respective counsel that, subject to the approval of the District Court pursuant to Rule 23(e) of the Federal Rules of Civil Procedure, in consideration of the benefits flowing to the Parties from the Settlement, the Litigation and the Released Claims shall be finally, fully and forever, compromised, settled, released, resolved, relinquished, waived, discharged, and dismissed with prejudice upon and subject to the terms and conditions of this Stipulation, as follows:

## IV.   DEFINITIONS

As used in this Stipulation, the following terms shall have the meanings set forth below:

4.1    "Bankruptcy Court" means the Honorable John T. Dorsey of the United States Bankruptcy Court for the District of Delaware and any successor court presiding over the Bankruptcy Proceeding.

4.2    "Bankruptcy Proceeding" means the Chapter 11 bankruptcy proceeding before the Honorable John T. Dorsey in the United States Bankruptcy Court for the District of Delaware, styled *In re FTX Trading Ltd*., et al., Case No. 22-11068.

4.3    "Class" means, collectively, the classes defined in the Complaint, as follows:

All persons or entities who, within the applicable limitations period, purchased or held legal title to and/or beneficial interest in any fiat or cryptocurrency deposited or invested through an FTX Platform, purchased or enrolled in a YBA, or purchased FTT.

To the extent not included in the Class, Class Members include customers of the FTX Group who deposited cash and digital assets at either or both the FTX Group's U.S.-based and non-U.S.-based trading platforms have been unable to withdraw, use or access the billions of dollars in assets that were contractually required to be held safely in accounts on their behalf.

Excluded from the Classes are MDL Defendants and their officers, directors, affiliates, legal representatives, and employees, the FTX Group and their officers, directors, affiliates, legal representatives, and employees, any governmental entities, any judge, justice, or judicial officer presiding over this matter and the members of their immediate families and judicial staff.

4.4    "Class Counsel" means, collectively, all counsel of record for the Plaintiffs in the FTX MDL.

4.5    "Class Member" means a Person who falls within the definition of the Class as set forth in ¶ 4.3.

4.6     "Class Notice" means a notice to be approved by the District Court.[1]

4.7     "Class Representatives" means Brandon Orr, Leandro Cabo, Ryan Henderson, Michael Livieratos, Alexander Chernyavsky, Gregg Podalsky, Vijeth Shetty, Chukwudozie Ezeokoli, Michael Norris, Edwin Garrison, Shengyun Huang, Julie Papadakis, Vitor Vozza, Kyle Rupprecht, Warren Winter, Sunil Kavuri.

4.8     "Co-Lead Class Counsel" means Adam Moskowitz of The Moskowitz Law Firm, PLLC and David Boies of Boies Schiller Flexner LLP.

4.9     "Complaint" means the [Corrected] Consolidated Administrative Class Action Complaint filed against Defendant and other FTX Insiders in the FTX MDL on August 11, 2023, and docketed as ECF No. 178.

4.10     "Criminal Proceedings" means the criminal proceedings against Samuel Bankman-Fried and other FTX Insiders before the Honorable Lewis A. Kaplan of the Southern District of New York, styled *United States v. Samuel Bankman-Fried*., et al., Case No. 22-cr-00673.

4.11     "Debtors" means FTX Trading Ltd. and its affiliated debtors and debtors in possession in the Bankruptcy Proceeding.

4.12     "Defendant" means Zixiao "Gary" Wang.

4.13     "Defendant's Counsel" means Defendant's counsel of record in the FTX MDL and in the Criminal Proceedings.

4.14     "Department of Justice" means the United States Department of Justice.

4.15     "Distribution Plan" means the plan hereafter approved by the District Court for the distribution of the Settlement Amount (net of any Attorneys' Fees or costs that are awarded by the

---

[1] The Parties will agree to and finalize the Class Notice once all FTX Insider Settlements are finalized, which Notice will comply with the requirements of Federal Rule of Civil Procedure 23 and set forth the information outlined in Section 7.2. The Parties will amend this Stipulation to attach as an exhibit a copy of the Class Notice at that time, so to facilitate the execution of this Stipulation without delay.

District Court) to Class Members. Distributions to Class Members will be pro-rata based on the value of each Class Member's claim as determined according to an objective formula.

4.16    "District Court" means the Honorable K. Michael Moore of the United States District Court for the Southern District of Florida and any successor court presiding over the FTX MDL.

4.17    "Effective Date," or the date upon which this Settlement becomes "Effective," means the first date by which all of the events and conditions specified in ¶ 12.1 of the Stipulation have been met and have occurred, or have been waived.

4.18    "Final" means five (5) business days after the latest of: (i) the date of final affirmance on appeal of the Order of Final Approval; (ii) the date of final dismissal with prejudice of the latest pending appeal from the Order of Final Approval; (iii) if no appeal is filed, the expiration of the time for the filing or noticing of any form of valid appeal from the Order of Final Approval.

4.19    "Final Approval Hearing" means a hearing set by the District Court to take place thirty (30) days after the Objection Deadline and, if necessary, any opt-out deadline required under Federal Rule of Civil Procedure 23(b)(3), for the purpose of:

> (i)      Determining the fairness, adequacy, and reasonableness of the Stipulation and the Settlement;
>
> (ii)     Class Counsel's request, if any, for attorneys' fees and expenses; and
>
> (iii)    Entering the Order of Final Approval.

4.20    "FTT" means FTT, the cryptocurrency token minted and distributed by FTX Group.

4.21    "FTX Group" means, collectively, FTX Trading LTD and its subsidiaries d/b/a FTX ("FTX Trading"), West Realm Shires Inc. and its subsidiaries including, without limitation

West Realm Shires Services Inc. d/b/a FTX US ("WRS" and, together with FTX Trading, "FTX"), Alameda Research, LLC ("Alameda"), and their parents,  subsidiaries, affiliates, officers, directors, and/or employees.

4.22   "FTX Insiders" means Gary Wang, Nishad Singh, and Caroline Ellison.

4.23   "FTX Insider Settlements" means this Stipulation and similar stipulations of settlement with Caroline Ellison, and Nishad Singh.

4.24   "FTX MDL" means the multidistrict litigation pending before The Honorable K. Michael Moore in the United States District Court for the Southern District of Florida, Case 1:23-md-03076 . 21-08023, styled *In re: FTX Cryptocurrency Exchange Collapse Litigation.*

4.25   "FTX MDL Defendants" means the defendants party to the FTX MDL including, without limitation, FTX Group, FTX Insiders, Sino Global Capital Holdings, LLC, Softbank Group, Temasek Holdings (Private) Limited, Altimeter Capital Management LLC, K5 Global Advisor LLC, Multicoin Capital Management LLC, Paradigm Operations LP, Ribbit Capital LP, Sequoia Capital Operations LLC, SkyBridge Capital II, LLC, Thoma Bravo LP, Tiger Global Management, LLC, Armanino LLP, Prager Metis CPAs, LLC, Fenwick & West LLP, Farmington State Bank d/b/a Moonstone, Deltec Bank & Trust Company, Jean Chalopin, William Trevor Lawrence, David Ortiz, Udonis Haslem Golden State Warriors LLC, Shaquille O'Neal, Lawrence Gene David, Gisele Bundchen, Thomas Brady, Stephen Curry, Kevin O'Leary, Shohei Ohtani, Naomi Osaka, Solomid Corporation, Creators Agency, LLC, Andrei Jikh, Brian Jung, Erika Kullberg, Jeremy Lefebvre, Jaspreet Singh, Graham Stephan, Major League Baseball, Formula 1 Racing, and Mercedes-Benz Group AG's Racing Team.

4.26   "JPML" means the United States Judicial Panel on Multidistrict Litigation.

4.27   "Objection Deadline" means the date identified in the Preliminary Approval Order

by which a Class Member must serve written objections to the Settlement, if any, in accordance with Section IX of this Stipulation.  The Objection Deadline shall be thirty (30) days before the date of the Final Approval Hearing.

4.28    "*Onusz* Adversary Proceeding" means the adversary proceeding filed by Austin Onusz, Cedric Kees van Putten, Nicholas J. Marshall, and Hamad Dar in the Bankruptcy Proceeding, captioned *Onusz, et al. v. West Realm Shires Inc., et al.*, Case 22-ap-50513, asserting claims on behalf of a putative class of customers who deposited cash and digital assets at either or both the FTX Group's U.S.-based and non-U.S.-based trading platforms have been unable to withdraw, use or access the billions of dollars in assets that were contractually required to be held safely in accounts on their behalf. Defendant's motion to sever the claims against him so they may be transferred to the FTX MDL is currently pending before the Bankruptcy Court, and Class Representatives' motion to transfer the *Onusz* Adversary Proceeding to the FTX MDL is currently pending before the JPML.

4.29    "Order of Final Approval" means a final judgment and order to be entered and filed by the District Court finally approving the Settlement.[2]

4.30    "Parties" means, collectively, Defendant and Class Representatives, on behalf of themselves and the Settlement Class.

4.31    "Person(s)" means an individual, corporation (including all divisions and subsidiaries thereof), limited liability corporation, professional corporation, partnership, limited partnership, limited liability partnership, limited liability company, joint venture, association, joint stock company, estate, legal representative, trust, unincorporated association, government or any

---

[2] The Parties will agree to and finalize the Order of Final Approval for the FTX Insider Settlements, once all FTX Insider Settlements are finalized. The Parties will amend this Stipulation to attach as an exhibit a copy of the Order of Final Approval at that time, so to facilitate the execution of this Stipulation without delay.

political subdivision or agency thereof, and any business or legal entity and all of their respective spouses, heirs, beneficiaries, executors, administrators, predecessors, successors, representatives, or assignees when acting in their capacity as such.

4.32    "Preliminary Approval Order" means an order to be entered and filed by the District Court titled "Order Preliminarily Approving Settlement and Providing for Notice" preliminarily approving the Settlement and providing for notice to the Class thereof.[3]

4.33    "Released Claims" means any and all claims, defenses, demands, actions, causes of action, rights, offsets, suits, damages, lawsuits, costs, relief for contempt, losses, attorneys' fees, expenses, or liabilities of any kind whatsoever, in law or in equity, for any relief whatsoever, including monetary, sanctions or damage for contempt, injunctive, or declaratory relief, rescission, general, compensatory, special, liquidated, indirect, incidental, consequential, or punitive damages, as well as any and all claims for treble damages, penalties, interest, attorneys' fees, costs, or expenses, whether a known or Unknown Claim, suspected or unsuspected, contingent or vested, accrued or not accrued, liquidated or unliquidated, matured or unmatured, and including any claims arising under the common law or statute of any state or country, the United States Bankruptcy Code, state or federal securities laws or state or federal unfair trade practice laws, that in any way concern, arise out of, or relate to the FTX cryptocurrency exchange platform, YBAs and/or FTT.  Released Claims also include any allegation that any Defendant conspired with, aided and abetted, or otherwise acted in concert with any other Defendant or other third parties, with regard to any of the facts, acts, events, transactions, occurrences, courses of conduct or business practices within the scope of these Released Claims.

---

[3] The Parties will agree to and finalize the Preliminary Approval Order for the FTX Insider Settlements, once all FTX Insider Settlements are finalized. The Parties will amend this Stipulation to attach as an exhibit a copy of the Preliminary Approval Order at that time, so to facilitate the execution of this Stipulation without delay.

4.34    "Releasors" means the Class Representatives, Settlement Class Members, and each of their respective heirs, executors, administrators, assigns, predecessors, and successors, and any other person claiming by, through, or under any or all of them.

4.35    "Settlement" or "Settlement Agreement" means the resolution of the litigation against Defendant in the FTX MDL in accordance with the terms and provisions of this Stipulation.

4.36    "Settlement Amount" means the monetary compensation, if any, obtained by Class Representatives and Class Counsel from Defendant pursuant to 18 U.S.C. § 3663 et seq., 18 U.S.C. § 981, 18 U.S.C. § 3554 and 28 U.S.C. § 2461(c) or otherwise.

4.37    "Settlement Class" or "Settlement Class Members" means the collective group of all Class Members who do not properly and timely exclude themselves from the Settlement.

4.38    "Settlement Fund" means the Settlement Amount plus any and all interest and accretions thereto.

4.39    "Southern District of New York" means the Honorable Lewis A. Kaplan and any successor court presiding over the Criminal Proceedings.

4.40    "Superseding Information" means the Superseding Information filed by the U.S. Attorney in the Criminal Proceedings on December 19, 2022, charging Defendant with four criminal counts, including fraud on FTX customers.

4.41    "Termination Event" means any of the following events or circumstances: (a) the failure of the District Court to preliminarily approve the Settlement or to enter the Preliminary Approval Order without material changes; (b) the failure of the District Court to finally approve the Settlement or to enter the Order of Final Approval without material changes; or (c) reversal of or any material change to the Order of Final Approval by any appellate court having jurisdiction.

4.42    "Unknown Claims" means any Released Claims which any Releasor does not know or suspect to exist in his or her favor at the time of the entry of the Order of Final Approval, and which, if known by him or her, might have affected his or her settlement with and release of Defendant, or might have affected his or her decision to opt out of the Settlement Class or to object to this Settlement. With respect to any and all Released Claims, the Parties stipulate and agree that, upon the Effective Date, the Class Representatives shall expressly, and each of the Settlement Class Members shall be deemed to have, and by operation of the Order of Final Approval shall have to the fullest extent allowed by law, waived the provisions, rights, and benefits of any statute or principle of common law similar to California Civil Code § 1542, which provides:

> **A general release does not extend to claims which the creditor does not know or suspect to exist in his or her favor at the time of executing the release, which if known by him or her must have materially affected his or her settlement with the debtor.**

Each Releasor may hereafter discover facts in addition to or different from those which he or she now knows or believes to be true with respect to the subject matter of the Released Claims, but the Releasors, upon the Effective Date, shall be deemed to have, and by operation of the Order of Final Approval shall have, fully, finally, and forever settled and released to the fullest extent allowed by law any and all Released Claims, known or unknown, suspected or unsuspected, contingent or non-contingent, whether or not concealed or hidden, which then exist, or heretofore have existed upon any theory of law or equity now existing or coming into existence in the future, including, but not limited to, conduct which is negligent, intentional, with or without malice, or a breach of any duty, contract, law, or rule without regard to the subsequent discovery or existence of such different or additional facts. The Class Representatives acknowledge, and the Settlement Class Members shall be deemed by operation of the Order of Final Approval to have acknowledged, that

19

the foregoing waiver was separately bargained for and constitutes a material term of the Settlement.

4.43    "U.S. Attorney" means the United States Attorney's Office for the Southern District of New York.

4.44    "YBA" means a Yield-Bearing Account offered by FTX Trading and/or FTX US on the FTX cryptocurrency trading platform.

## V.    THE SETTLEMENT

### a.    Certification

5.1    For Settlement purposes only and solely pursuant to the terms of this Stipulation, the Parties consent to and agree to the establishment of a conditional certification of the Class, pursuant to Federal Rule of Civil Procedure 23(b)(1) or, in the alternative, 23(b)(3). Class Representatives will serve as class representative plaintiffs and Adam Moskowitz of The Moskowitz Law Firm, PLLC and David Boies of Boies Schiller Flexner LLP will serve as Co-Lead Class Counsel.

5.2    This certification is for settlement purposes only and is conditional on the District Court's approval of this Stipulation. In the event the Court does not approve all terms of the Stipulation, then certification of the Class should be void and this Stipulation and all orders entered in connection therewith, including but not limited to any order conditionally certifying the Class, shall become null and void and shall be of no further force and effect and shall not be used or referred to for any purposes whatsoever in the Action or in any other case or controversy. And, in such an event, this Agreement and all negotiations and proceedings related thereto shall be deemed to be without prejudice to the rights of any and all Parties hereto, who shall be restored to their respective positions as of the date of this Agreement, and Defendant shall not be deemed to have

20

waived any opposition or defenses it has to any aspect of the claims asserted herein or to whether those claims are amenable to class-based treatment.

5.3     Because the Class is broader than, and fully encompasses, the class definition in the *Onusz* Adversary Proceeding, and so to further facilitate a global resolution of all claims against Defendant, Defendant shall make reasonable efforts to support, by way of declaration, affidavit, and/or other court filing(s) with the JPML, the Southern District of Florida, and/or any other relevant court, the transfer of the class action claims against him in the *Onusz* Adversary Proceeding to the FTX MDL pursuant to 28 U.S.C. § 1407 for which Representatives filed a motion to transfer. Class Representatives shall likewise  make all reasonable efforts to support by way of declaration, affidavit, and/or other court filing(s) Defendant's pending motion to sever claims against him in the *Onusz* Adversary Proceeding.

**b.  The Settlement Consideration**

5.4     The obligations incurred pursuant to the Stipulation are: (a) subject to approval by the District Court; and (b) in full and final disposition of the Litigation and any and all Released Claims upon and subject to the terms and conditions set forth herein.

5.5     In full and final settlement of the claims asserted against Defendant in the FTX MDL and in consideration of the Releases set forth in Section VI, Defendant will provide the following benefits to the Settlement Class:

5.6     Defendant shall provide information and other discovery to assist Class Representatives and Class Members in prosecuting the FTX MDL to the extent permitted by and in compliance with Defendant's cooperation agreement with the Department of Justice and/or U.S. Attorney. The information shall take the form of Defendant's testimony, documents in his possession, custody, and control, proffer, and/or attorney proffer subject to any limitation  imposed

by the Department of Justice, the U.S. Attorney, and/or a court order. To the extent Defendant had possession, custody, or control of relevant information, but produced that information to the U.S. Attorney, Department of Justice, and/or Debtors, such that he no longer has possession, custody, or control of the information, Defendant will identify such information and will not object to Plaintiffs' request for production of the information by the U.S. Attorney, Department of Justice, and/or Debtors. The Parties will work in good faith with Department of Justice and/or U.S. Attorney to facilitate the broadest, most productive proffer session.

5.7     Defendant shall make reasonable efforts to cooperate as follows (to the extent not already completed through voluntary cooperation or informal discovery), subject to any limitations imposed by the Department of Justice, the U.S. Attorney, and/or a court order:

5.7.1   To the extent he has not already done so, Defendant shall voluntarily produce, without service of a subpoena, all non-privileged documents he produced to the U.S. Attorney pursuant to any subpoena duces tecum issued in connection with the U.S. Attorney  criminal investigation, to the extent those documents remain in Defendant's possession, custody, and control. To the extent Defendant had possession, custody, or control of relevant information, but produced that information to the U.S. Attorney, such that he no longer has possession, custody, or control of the information, Defendant will identify such information and will not object to Plaintiffs' request for production of the information by the U.S. Attorney. To the extent Defendant identifies documents irrelevant to the case and that are of a sensitive personal nature, Defendant shall be entitled to withhold such documents from re-production.

5.7.2   To the extent he has not already done so, Defendant shall voluntarily produce, without service of a subpoena, all non-privileged documents he produced to

Debtors in connection with the Bankruptcy Proceeding, to the extent those documents remain in Defendant's possession, custody, and control. To the extent Defendant had possession, custody, or control of relevant information, but produced that information to the Debtors, such that he no longer has possession, custody, or control of the information, Defendant will identify such information and will not object to Plaintiffs' request for production of the information by the Debtors. To the extent Defendant identifies documents irrelevant to the case and that are of a sensitive personal nature, Defendant shall be entitled to withhold such documents from re-production.

5.7.3    To the extent he has not already done so, Defendant shall voluntarily produce, without service of a subpoena, a sworn affidavit or declaration listing all of the Defendant's financial assets and Defendant shall voluntarily produce, without service of a subpoena, all documents in his possession relating to such assets that Class Counsel requests, including, but not limited to, prospectuses, subscription agreements, capitalization tables, financial statements, annual reports, valuations, and independent appraisals.  The Class Representatives and Class Members agree to file any information obtained pursuant to this subsection under seal and with an accompanying motion to seal in support of sealing.  The Class Representatives and Class Members further agree that information produced pursuant to this subsection meets the requirements for sealing under the applicable law and local rules.

5.7.4    To the extent he has not already done so, Defendant shall voluntarily produce, without service of a subpoena, all non-privileged documents in his possession relating to any investment by him in Anthropic PBC. Such documents shall include, but

not be limited to prospectuses, subscription agreements, capitalization tables, financial statements, annual reports, valuations, and independent appraisals.

5.7.5   To the extent he has not already done so, Defendant shall voluntarily disclose, without service of a subpoena and to the extent such information is reasonably accessible to him, the assets held in any donor advised funds in which Defendant has invested and/or over which Defendant has control, and Defendant shall voluntarily produce, without service of a subpoena, all documents in his possession relating to such funds and/or assets, including, but not limited to, prospectuses, subscription agreements, capitalization tables, financial statements, annual reports, valuations, and independent appraisals.

5.7.6   Defendant shall make reasonable efforts to voluntarily produce, without service of a subpoena, additional, reasonable non-privileged documents and/or data relevant to the topics identified below in paragraph 5.8.3 upon request by Class Representatives.

5.7.7   If material that is subject to a claim of attorney-client privilege, attorney work product, or any other applicable privilege or immunity or ground on which production of that information should not be made to any Class Representative or Class Member ("Inadvertent Production Material") is inadvertently produced to  any Class Representatives or Class Members, such inadvertent production shall in no way prejudice or otherwise constitute a waiver of, or estoppel as to, any claim of attorney-client privilege, work product, or other applicable privilege or immunity. The foregoing privileges are limited to his counsel in the Criminal Proceedings, the SEC Action, and the CFTC Action; to the extent Defendant is the privilege holder with respect to any communications between

24

Defendant and in-house or outside counsel during the commission of the FTX fraud, before initiation of the Bankruptcy Proceedings, such communications are expressly excluded from this provision. However, the Parties do not intend for Defendant to waive, or purport to waive, a privilege belonging to Debtors, to the extent such privilege attaches to the material that Plaintiffs seek.

5.7.8   If a claim of inadvertent production is made, the Class Representative or Class Member possessing the inadvertent production shall: (i) refrain from any further examination or disclosure of the claimed Inadvertent Production Material; (ii) if requested, promptly make a good-faith effort to return the claimed Inadvertent Production Material and all copies thereof (including summaries and excerpts) to counsel for Defendant, or destroy all such claimed Inadvertent Production Material (including summaries and excerpts) and all copies thereof, and certify in writing to that fact; and (iii) not use the Inadvertent Production Material for any purpose until further order by the District Court.

5.7.9   Defendant shall voluntarily, upon request by Class Representatives and with reasonable notice, provide reasonable assistance in reviewing and clarifying documents, whether produced by Class Representatives or another party in the FTX MDL, the Criminal Proceedings, and/or the Bankruptcy Proceeding.

5.7.10  Defendant shall cooperate in good faith and use reasonable efforts to authenticate, establish as business records and provide other foundation for documents and/or things he has produced pursuant to this agreement, through declarations, affidavits, depositions, hearings and/or trials as may be necessary, without the need for subpoenas, letters rogatory, letters of request or formal discovery requests.

5.7.11  Subject to consent from the Department of Justice and/or U.S. Attorney, Defendant shall voluntarily provide up to five proffer sessions or interviews, plus up to an additional five proffer session or interview if the Parties agree to such additional sessions in accordance with Section 5.7.12, and make himself available for a deposition and/or trial, without service of a subpoena, upon reasonable notice, and provide truthful declarations or affidavits upon request, with respect to, though not necessarily limited to, any non-privileged information regarding the following and their parents, subsidiaries, affiliates, offices, directors, employees, agents, and other representatives, all subject to any limitations imposed by the Department of Justice, the U.S. Attorney or by a court order:

- The FTX Group
- Sino Global Capital Holdings, LLC
- SoftBank Group
- Temasek Holdings (Private) Limited
- Altimeter Capital Management LLC
- K5 Global Advisor LLC
- Multicoin Capital Management LLC
- Paradigm Operations LP
- Ribbit Capital LP
- Sequoia Capital Operations LLC
- SkyBridge Capital II, LLC
- Thoma Bravo LP
- Tiger Global Management, LLC
- Armanino LLP
- Prager Metis CPAs, LLC
- Fenwick & West
- Sullivan & Cromwell
- Farmington State Bank (d/b/a Moonstone)
- Deltec Bank & Trust Company
- Jean Chalopin
- William Trevor Lawrence
- David Ortiz
- Udonis Haslem
- Golden State Warriors LLC
- Shaquille O'Neal
- Lawrence Gene David
- Gisele Bundchen

26

- Thomas Brady
- Stephen Curry
- Kevin O'Leary
- Shohei Ohtani
- Naomi Osaka
- Solomid Corporation
- Creators Agency, LLC
- Andrei Jikh
- Brian Jung
- Erika Kullberg
- Jeremy Lefebvre
- Jaspreet Singh
- Graham Stephan
- Major League Baseball
- Formula 1 Racing
- Mercedes-Benz Group AG's Racing Team

5.7.12  The Parties agree to meet and confer should Plaintiffs believe additional interviews or depositions beyond the topics identified above are reasonably necessary to the pursuit of the MDL.

5.8      To the greatest extent permitted under the terms of the policies and governing law, on the Effective Date, Defendant shall assign to Class Representatives and Class Members any and all monies (including, without limitation, proceeds of insurance and refunds of unearned premiums) due or to become due and not paid under any and all claims or other rights of Defendant with respect to any and all policies of insurance now or at any time hereafter covering his employment with or service to the FTX Group, and Defendant hereby directs the issuer of any such policy to pay all such monies directly to Class Representatives and Class Members, subject to any limitations imposed by the Department of Justice, the U.S. Attorney, or by a court order.

5.9      Defendant shall assign to Class Representatives and Class Members any and all demands, claims, and/or causes of action of every kind and nature, in law, equity, or otherwise, that he may have against FTX Group and/or other third party, known and unknown, existing either

27

before or after discharge of the Debtors from the Bankruptcy Proceeding, arising from and/or in connection to Defendant's interest in and/or employment by FTX Group, subject to any limitations imposed by the Department of Justice, the U.S. Attorney, or by a court order.

5.10    Defendant will take no position with respect to Class Representatives' contention that, as customers of FTX who suffered pecuniary losses from the fraud perpetuated through FTX Group, Class Members are identified as victims of the criminal conduct charged to Defendant in the Superseding Information, and that Class Members are entitled to restitution under the Mandatory Victims Restitution Act ("MVRA"), 18 U.S.C. § 3663A, pursuant to a plan established by the Southern District of New York, and/or to recovery of funds forfeited by Defendant pursuant to 18 U.S.C. §§ 981, 3554 or 28 U.S.C § 2461(c). Defendant will therefore take no position with respect to Class Representatives pursuing monetary compensation from Defendant through the restitution process provided by the MVRA or through the forfeiture process provided by 18 U.S.C. § 981, including by seeking an order from the Southern District of New York that Class Members are entitled to restitution and/or remission of forfeited funds pursuant to 21 U.S.C. § 853(i).  Nor will Defendant take any position with respect to Class Representatives' request that, should any monies be collected in satisfaction of any money judgment that the Southern District of New York enters against Defendant as part of his sentencing for the offenses charged in his Superseding Information, that Class Members shall receive distributions of the collections through the Southern District of New York or successor processes.

5.11    Defendant will take no position with respect to Class Representatives' and Class Counsel's position that, because the class of victims identified in the Superseding Information does not exclude Class Members who liquidated their FTX accounts before the Debtors initiated the Bankruptcy Proceedings, Class Members comprise the broadest group of victims, holding in the

28

aggregate, the largest claim for losses, such that restitution under the MVRA and/or recovery of funds forfeited by Defendant pursuant to 18 U.S.C. §§ 981, 3554 or 28 U.S.C. § 2461(c) should flow through the FTX MDL. Class Representatives intend to offer the foregoing representations in support of their claims for restitution under the MVRA, and Defendant agrees to take no position with respect to such representations to the Southern District of New York or any other authority involved in distribution of restitution and/or forfeiture proceeds to victims of the fraud perpetuated through FTX Group.

5.12   Class Representatives shall use their best efforts to attest to Defendant's cooperation and assistance, and the value thereof to Class Representatives' litigation of the FTX MDL, in advance of his sentencing by the Southern District of New York. Such efforts shall include a letter addressed to the Southern District of New York in support of Defendant's sentencing, to be provided to Defendant's Counsel at least two weeks before the filing deadline for his sentencing submission.

## VI.    RELEASES

6.1   On the Effective Date, Releasors, including but not limited to Class Representatives, on their own behalf and on behalf of each Settlement Class Member, by operation of this Release and the Order of Final Approval, do hereby and shall be deemed to have fully, finally, conclusively, irrevocably, and forever released, settled, compromised, relinquished, and discharged any and all of Defendant of and from any and all Released Claims, including Unknown Claims, and, without further action by any person or the District Court, will be deemed: (a) to have consented to the dismissal with prejudice of any and all Released Claims; (b) to have released and forever discharged any and all Released Claims; and (c) to be forever barred and enjoined from instituting or further prosecuting, in any forum whatsoever, including but not limited to any state,

29

federal, or foreign court, or regulatory agency, or any arbitration forum, each and every Released Claim.  The Parties agree that Defendant will suffer irreparable harm if any Settlement Class Member takes action inconsistent with this paragraph, and that, in that event, Defendant may seek an injunction as to such action without further showing of irreparable harm in this or any other forum.  Class Representatives shall file an affidavit of support of Defendant's injunction against any Settlement Class Member that takes action inconsistent with this paragraph.

6.2     The Releasors acknowledge and agree that they are aware that they may hereafter discover material or immaterial facts in addition to or different from those which they now know or believe to be true with respect to the subject matter of this Release; that it is possible that unknown facts, losses or claims exist; and that known losses may have been underestimated in amount or severity.  This was explicitly taken into account in connection with this Settlement.  It is the Releasors' intention to, and they do hereby, upon the Effective Date of this Settlement, fully, finally, and forever settle and release Defendant from each and every Released Claim.

6.3     Subject to District Court approval, each Settlement Class Member shall be bound by this Settlement and all of their Released Claims shall be dismissed with prejudice and released even if they never received actual, prior notice of the FTX MDL or the Settlement in the form of the Class Notice or otherwise.  The Release and agreements contained in this Section VI shall apply to and bind all Settlement Class Members, including those Settlement Class Members whose Class Notices are returned as undeliverable, and those for whom no current address can be found.

6.4     On the Effective Date, Releasors hereby release Defendant from each and every Released Claim.

6.5     Promptly after the Effective Date, Settlement Class Members shall dismiss with prejudice all claims, actions or proceedings that are released pursuant to this Settlement.  In the

30

event any such actions, or proceedings are not dismissed and Defendant learns of the action, Defendant may provide notice to the Settlement Class Member of this Settlement and request dismissal of the action.

## VII.   NOTICE TO THE CLASS AND GOVERNMENT OFFICIALS

### a.  Notice to the Class

7.1     To the extent the District Court certifies the Class pursuant to Federal Rule of Civil Procedure 23(b)(1), notice will be provided to the Class if required by and in accordance with the Preliminary Approval Order and/or any other order from the District Court.

7.2     To the extent the District Court certifies the Class pursuant to Federal Rule of Civil Procedure 23(b)(3), subject to the requirements of the Preliminary Approval Order, within 90 days after entry of the Preliminary Approval Order, the Parties will send, or cause to be sent, a Class Notice to each Class Member. The Class Notice will be sent exclusively by email and will:

(i)     contain a short, plain statement of the background of the Action and the Settlement;

(ii)    describe the settlement relief outlined in this Stipulation;

(iii)   state that any relief to Class Members is contingent on the Court's final approval of the Settlement;

(iv)    inform Class Members that attorneys' fees and expenses, and a service award for the named plaintiff, will be requested and, if approved by the Court, will be paid from the Settlement Fund in addition to the relief described above in ¶¶ 5.9-5.11;

(v)     inform Class Members that any Final Order and Judgment entered in the Action, whether favorable or unfavorable to the Class, shall include, and be binding on, all Class Members, even if they have objected to the proposed Settlement and even if they have any other claim, lawsuit or proceeding pending against Defendant;

(vi)     describe the terms of the Release; and

(vii)    contain reference and a hyperlink to a dedicated webpage housed on The Moskowitz Law Firm, PLLC website, which will include relevant documents and information regarding Class Representatives' claims against Defendant in the FTX MDL.

7.3     To the extent the District Court certifies the Class pursuant to Federal Rule of Civil Procedure 23(b)(3), the Class Notice will also inform Class Members (i) that they may opt out of the Settlement Class by submitting a written opt out request by email to Co-Lead Class Counsel and Defendant's Counsel, which must be received by Co-Lead Class Counsel and Defendants' Counsel no later than the Objection Deadline; (ii) that if he or she desires, Class Members may object to the proposed Settlement by filing and serving a written statement of objections, which must be received no later than the Objection Deadline; and (iii) that any Class Member who has filed and served written objections to the proposed Settlement may, if he or she so requests, enter an appearance at the Final Approval Hearing either personally or through counsel.

**b.  Notice to the Appropriate Federal and State Officials**

7.4     Defendant shall determine the form of CAFA Notice to be provided for the purpose of satisfying the requirements of CAFA and the identity of those who will receive the CAFA Notice. Defendant shall be responsible for serving the CAFA Notices and for all costs and expenses related thereto.   Class counsel shall provide Defendant with information concerning class membership required to comply with 28 U.S.C. § 1715(b)(7).

**VIII.   PRELIMINARY APPROVAL ORDER AND SETTLEMENT HEARING**

8.1     Promptly following execution of this Stipulation, Class Counsel shall submit this Stipulation together with its Exhibits to the Court and shall apply for entry of the Preliminary

Approval Order, requesting, *inter alia*, the preliminary approval of the Settlement set forth in this Stipulation, and approval for the emailing of the Class Notice. The Class Notice shall include the general terms of the Settlement set forth in this Stipulation, the general terms of the Fee and Expense Application, and the date of the Final Approval Hearing.

8.2    Class Counsel shall request that, after notice is given and not earlier than one hundred (100) calendar days after the later of the dates on which the appropriate federal official and the appropriate State officials are provided with notice pursuant to the CAFA, the District Court holds the Final Approval Hearing and approve the Settlement as set forth herein.  At or after the Settlement Hearing, Class Counsel also will request that the Court approve their request for attorneys' fees and expenses, if any.

## IX.    OBJECTIONS

9.1    Any Class Member may object to the Settlement. To object, the Class Member must comply with the procedures and deadlines in this Stipulation.

9.2    Any Class Member who wishes to object to the Settlement must do so in writing on or before the Objection Deadline, as specified in the Class Notice and Preliminary Approval Order. The written objection must be filed with the Clerk of Court, and mailed (with the requisite postmark) to Class Counsel and Defendant's Counsel (at the addresses identified in ¶ 16.14), no later than the Objection Deadline.

9.3    The requirements to assert a valid written objection shall be set forth in the Class Notice. To be valid, the written objection must include: (a) the case name and number; (b) the name, address, telephone number of the Class Member objecting and, if represented by counsel, of his/her counsel; (c) the basis for objection; and (d) a statement of whether he/she intends to appear at the Final Approval Hearing, either with or without counsel.

9.4     Any Class Member who fails to object to the Settlement in the manner described in the Class Notice and consistent with this section shall be deemed to have waived any such objection, shall not be permitted to object to any terms or approval of the Settlement at the Final Approval Hearing, and shall be foreclosed from seeking any review of the Settlement or the terms of the Stipulation by appeal or other means.

9.5     Subject to approval of the District Court, any Class Member who files and serves a written objection in accordance with this section and the Class Notice may appear, in person or by counsel, at the Final Approval Hearing held by the District Court, to show cause why the proposed Settlement should not be approved as fair, adequate, and reasonable, but only if the objecting Class Member: (a) files with the Clerk of the District Court a Notice of Intention to Appear at the Final Approval Hearing by the Objection Deadline; and (b) serves the Notice of Intention to Appear on all counsel designated in the Class Notice by the Objection Deadline.

9.6     The Notice of Intention to Appear must include copies of any papers, exhibits, or other evidence that the objecting Class Member will present to the District Court in connection with the Final Approval Hearing.

9.7     Any Class Member who does not file a Notice of Intention to Appear in accordance with the deadlines and other specifications set forth in the Settlement and the Class Notice shall not be entitled to appear at the Final Approval Hearing or raise any objections.

## X.     DISTRIBUTION OF THE SETTLEMENT AMOUNT

If and when monetary compensation from Defendant is provided to the Settlement Class through the FTX MDL, pursuant to the MVRA or otherwise, the Settlement Amount shall be placed in the Settlement Fund, added to settlement amounts from other MDL Defendants, as such

settlements are reached, and distributed in accordance with the Distribution Plan and under the supervision and direction and with the approval of the District Court.

## XI.    CLASS COUNSEL'S ATTORNEYS' FEES

11.1    The Parties agree that Class Counsel may apply for an award of reasonable attorneys' fees and reimbursement of expenses to be paid from the Settlement Fund. Specifically, Class Counsel intends to request approval of attorneys' fees and costs based on any monetary compensation obtained for the Class pursuant to the restitution procedures outlined in ¶¶ 5.9-5.11. Defendant agrees not to oppose Class Counsel's request for attorneys' fees and expenses.

11.2    Class Counsel reserves the right to seek the foregoing fees and expenses from monetary settlements or judgments obtained from or against other MDL Defendants, as the information provided to Class Representatives and Class Counsel by Defendant pursuant to the terms of this Stipulation will be used to effectuate settlements with or judgments against the other MDL Defendants, in part because Class Representatives' claims against the other MDL Defendants arise from the same conduct by FTX Group and the FTX Insiders, and in part because Defendant had unique access to information relating to the involvement of other MDL Defendants in the fraudulent conduct and other misconduct leading to the collapse of the FTX cryptocurrency exchange.

11.3    The procedure for and the allowance or disallowance by the District Court of any applications for attorneys' fees and expenses to be paid out of the Settlement Fund is not part of the Settlement set forth in this Stipulation, and is to be considered by the District Court separately from the District Court's consideration of the fairness, reasonableness, and adequacy of the Settlement set forth in this Stipulation, and shall have no effect on the terms of the Stipulation or on the validity or enforceability of this Settlement. The approval of the Settlement, and the

Settlement's becoming Final, shall not be contingent on the award of attorneys' fees and expenses, any award to Class Representative, nor any appeals from such awards.  Any order or proceeding relating to the Class Counsel's request for attorneys' fees and expenses, or any appeal from any order relating thereto or reversal or modification thereof, shall not operate to terminate this Stipulation, or affect or delay the finality of the Judgment approving this Stipulation and the Settlement as set forth therein, or any other orders entered pursuant to the Stipulation of Settlement.

11.4    Any fees and/or expenses awarded by the District Court shall be paid solely from and out of the Settlement Fund.

## XII.    CONDITIONS OF SETTLEMENT AND TERMINATION

12.1    The Effective Date of the Settlement shall be conditioned on the occurrence of all of the following events:

(i)     The Parties have signed this Stipulation.

(ii)    Defendant has complied with the reporting requirements of 28 U.S.C. § 1715.

(iii)   The District Court has preliminarily approved the Settlement, including the Class Notice, and has entered the Preliminary Approval Order.

(iv)    The Class Notice has been sent to Class Members pursuant to the Preliminary Approval Order and the terms of the Stipulation, if necessary.

(v)     The District Court has entered the Order of Final Approval.

(vi)    The Order of Final Approval has become Final.

(vii)   Any right to terminate the Settlement has not been triggered or has expired.

12.2    Upon the occurrence of a Termination Event described in subparts (a) through (c) of ¶ 4.41, this Stipulation shall automatically terminate.

12.3     In the event this Stipulation or the Settlement is terminated or the Effective Date otherwise fails to occur for any reason, the Parties shall be restored to their respective positions in the FTX MDL as of January 25, 2024 and shall meet and confer regarding a new case schedule for the litigation against Defendant in the FTX MDL. In such event, the terms and provisions of the Stipulation shall have no further force and effect with respect to the Parties and shall not be used in this litigation or in any other proceeding for any purpose, and any judgment or order entered by the District Court in accordance with the terms of this Stipulation shall be treated as vacated, *nunc pro tunc*.

## XIII.     COVENANTS NOT TO SUE

13.1     The Class Representatives, on behalf of themselves and the Settlement Class Members, covenant and agree: (i) not to file, commence, prosecute, intervene in, or participate in (as a class member or otherwise) any action in any jurisdiction based on or relating to any of the Released Claims, or the facts and circumstances alleged in the Complaint, against Defendant; (ii) not to organize or solicit the participation of Settlement Class Members, or persons who would otherwise fall within the definition of the Class but who requested to be excluded from the Settlement Class, in a separate class for purposes of pursuing any action (including by seeking to amend a pending complaint to include class allegations, or seeking class certification in a pending action in any jurisdiction) based on or relating to any of the Released Claims or the facts and circumstances alleged in the Complaint, against Defendant; and (iii) that the foregoing covenants and this Stipulation shall be a complete defense in any action that any Releasor may hereafter assert on any of the Released Claims against Defendant.

## XIV.     REPRESENTATIONS AND WARRANTIES

14.1    The Class Representatives represent and warrant that they have not assigned or otherwise transferred any interest in any of the Released Claims against Defendant. The Class Representatives further covenant that they will not hereafter assign or otherwise transfer any interest in any of the Class Representatives' Released Claims.

14.2    The Class Representatives represent and warrant that they have no surviving claim or cause of action against Defendant with respect to any of the Released Claims.

14.3    The Parties, and each of them on his, her, or its own behalf, represent and warrant that they are voluntarily entering into the Settlement Agreement as a result of arm's-length negotiations among their counsel; that in executing the Settlement Agreement, they are relying solely upon their own judgment, belief, and knowledge, and the advice and recommendations of their own independently selected counsel, concerning the nature, extent and duration of their rights and claims hereunder and regarding all matters which relate in any way to the subject matter hereof; and that, except as provided herein, they have not been influenced to any extent whatsoever in executing the Stipulation by representations, statements, or omissions pertaining to any of the foregoing matters by any Party or by any person representing any Party.  Each of the Parties assumes the risk of mistake as to facts or law.

## XV.    EFFECT ON RELATED CASES

Upon the District Court's entry of the Order of Final Judgment, the plaintiffs in the *Garrison*, *Pierce*, *Hawkins*, *Jessup*, *Podalsky*, *Papadakis*, and *Imbert* cases shall dismiss with prejudice their claims against Defendant in those matters, to the extent the plaintiffs have not already done so.

## XVI.    MISCELLANEOUS PROVISIONS

16.1    <u>Amendment/Modification</u>.  The Stipulation may be amended or modified only by a written instrument signed by or on behalf of all Parties or their respective successors-in-interest. The waiver by one Party of any breach of this Stipulation by any other Party shall not be deemed a waiver of any other prior or subsequent breach of this Stipulation. Class Counsel, on behalf of the Class, are expressly authorized by the Class Representatives to take all appropriate action required or permitted to be taken by the Class pursuant to the Stipulation to effect its terms, and also are expressly authorized to enter into any modifications or amendments to the Stipulation on behalf of the Class which they deem appropriate. Any amendment or modification occurring after entry of the Preliminary Approval Order shall require court approval.

16.2    <u>Authority</u>.  Each person executing the Stipulation or any of its exhibits on behalf of any Party hereto hereby warrants that such person has the full authority to do so. Specifically, Co-Lead Class Counsel is authorized by Plaintiffs to sign the Stipulation on behalf of Plaintiffs.

16.3    <u>Cooperation</u>.  The Parties: (a) acknowledge that it is their intent to consummate this Settlement; and (b) agree to cooperate to the extent reasonably necessary to effect and implement all terms and conditions of the Settlement and to exercise reasonable efforts to accomplish the foregoing terms and conditions of the Settlement.

16.4    <u>Counterparts</u>.  The Stipulation may be executed in one or more counterparts, including by signature transmitted by facsimile or by email in PDF format. All executed counterparts and each of them shall be deemed to be one and the same instrument.

16.5    <u>Drafting</u>.  The language of all parts of this Stipulation shall in all cases be construed as a whole, according to its fair meaning, and not strictly for or against either Party. No Party shall be deemed the drafter of this Stipulation. The Parties acknowledge that the terms of the Stipulation

are contractual and are the product of negotiations between the Parties and their counsel. Each Party and its counsel cooperated in the drafting and preparation of the Stipulation. In any construction to be made of the Stipulation, the Stipulation shall not be construed against any Party and any canon of contract interpretation to the contrary shall not be applied.

  16.6 <u>Entire Agreement</u>.  The Stipulation and the related documents entered at the time of this Stipulation or referenced herein constitute the entire agreement among the Parties hereto concerning the settlement of the FTX MDL. No representations, warranties, or inducements have been made to any party concerning the Stipulation or its exhibits other than the representations, warranties, and covenants contained and memorialized in such documents. Except as otherwise provided herein, each Party shall bear its own costs and attorneys' fees.

  16.7 <u>Exhibits</u>.  All of the exhibits to the Stipulation are material and integral parts hereof and are fully incorporated herein by this reference.

  16.8 <u>Extensions of Time</u>.  Unless otherwise provided, the Settling Parties may agree to reasonable extensions of time to carry out any of the provisions of this Stipulation without further order of the Bankruptcy or District Courts.

  16.9 <u>Governing Law</u>.  This Stipulation and its Exhibits shall be considered to have been negotiated, executed and delivered, and to be wholly performed, in the State of Florida and the rights and obligations of the parties to the Stipulation shall be construed and enforced in accordance with, and governed by, the internal, substantive laws of the State of Florida without giving effect to its choice-of-law principles, except to the extent that federal law requires that federal law govern.

  16.10 <u>Headings</u>.  The headings herein are used for the purpose of convenience only and are not meant to have legal effect.

16.11   <u>Jurisdiction</u>.   The District Court shall retain jurisdiction with respect to implementation and enforcement of the terms of the Stipulation. All Parties and all Settlement Class Members submit to the jurisdiction of the District Court for purposes of implementing and enforcing the Settlement embodied in the Stipulation.

16.12   <u>No Collateral Attack</u>.  Upon entry of the Order of Final Approval, this Stipulation shall not be subject to collateral attack by any Class Member or Settlement Class Member.

16.13   <u>No Third-Party Rights or Beneficiaries</u>.  Except as expressly provided for herein, no government agency or official or any other person or entity can claim any rights under this Stipulation or the Settlement. There are no third-party beneficiaries created or implied.

16.14   <u>Notices</u>.   All notices (other than the Class Notice and those for which other instructions are set forth herein) required or permitted by this Stipulation shall be made in writing and communicated by mail and email to the following addresses:

<u>All notices to the Class Representatives or to Class Counsel shall be sent to</u>:

Adam M. Moskowitz
Joseph M. Kaye
THE MOSKOWITZ LAW FIRM
Continental Plaza
3250 Mary Street, Suite 202
Coconut Grove, FL 33133
(305) 740-1423
adam@moskowitz-law.com
joseph@moskowitz-law.com
service@moskowitz-law.com

<u>All notices to Defendant or to Defendant's Counsel shall be sent to</u>:

Ilan Graff
Alex Miller
Fried, Frank, Harris, Shriver & Jacobson LLP
One New York Plaza
New York, NY 10004
(212) 859-8000
ilan.graff@friedfrank.com

alex.miller@friedfrank.com

     16.15   <u>Obligation to Meet and Confer</u>. Before filing any motion raising a dispute arising out of this Stipulation or the implementation of the Settlement, the Parties shall confer in good faith in an attempt to resolve any pending issues.

     16.16   <u>Successors and Assigns</u>. The Stipulation shall be binding upon, and inures to the benefit of, the heirs, executors, successors, and assigns of the Parties, the Releasors and Defendant; but this Stipulation is not designed to and does not create any third-party beneficiaries.

**CLASS REPRESENTATIVES**          Dated: ___January 30th____, 2024

By: _____
ADAM M. MOSKOWITZ
Co-Lead Counsel for the Class
Representatives and the Proposed Class

**DEFENDANT**                          Dated: ___Jan    30___, 2024

By: _____
ZIXIAO WANG

44

# Exhibit B3

**STIPULATION OF SETTLEMENT**

This Stipulation of Settlement (the "Stipulation"), dated January 30, 2024 is entered into by and between (i) Plaintiffs Brandon Orr, Leandro Cabo, Ryan Henderson, Michael Livieratos, Alexander Chernyavsky, Gregg Podalsky, Vijeth Shetty, Chukwudozie Ezeokoli, Michael Norris, Edwin Garrison, Shengyun Huang, Julie Papadakis, Vitor Vozza, Kyle Rupprecht, Warren Winter, Sunil Kavuri, individually and on behalf each Class Member, and (ii) Defendant Nishad Singh, by and through their counsel of record in the FTX MDL. The Stipulation is intended to fully, finally, and forever resolve, discharge, and settle on a nationwide basis the Released Claims, subject to the approval of the District Court and the terms and conditions set forth in this Stipulation.

## I.   THE LITIGATION AND SETTLEMENT OVERVIEW

1.1     In November 2022, the FTX cryptocurrency exchange platform (comprised of FTX.US and FTX.com) collapsed and, on November 11, 2022, the FTX Group filed for Chapter 11 bankruptcy protection. Numerous class and individual actions arose from the FTX Group's collapse.

### *The FTX MDL*

1.2     On November 15, 2022, Edwin Garrison filed a class action complaint and demand for jury trial captioned *Edwin Garrison v. Sam Bankman-Fried, et al.*, Case 1:22-cv-23753, in the United States District Court for the Southern District of Florida ("*Garrison*"), asserting, on behalf of himself and a class of similarly-situated individuals, claims against Defendant and other FTX Insiders arising from the collapse of the FTX cryptocurrency trading platform. On December 16, 2022, Mr. Garrison, joined by Skyler Lindeen, Alexander Chernyavsky, David Nicol, Sunil Kavuri, Gregg Podalsky, and Gary Gallant, filed an amended complaint in the *Garrison* case. On May 11, 2023, the *Garrison* Plaintiffs moved to file a second amended complaint, which motion was

granted on May 12, 2023, and the *Garrison* Plaintiffs' second amended complaint entered into the record on May 15, 2023.

1.3     On November 23, 2022, Stephen Pierce filed a class action complaint and demand for jury trial captioned *Stephen Pierce v. Samuel Bankman-Fried, et al..*, Case 3:22-cv-07444, in the United States District Court for the Northern District of California ("*Pierce*"), asserting, on behalf of himself and a class of similarly-situated individuals, claims against Defendant and other FTX Insiders arising from the collapse of the FTX cryptocurrency trading platform.

1.4     On December 2, 2022, Russell Hawkins filed a class action complaint and demand for jury trial captioned *Russell Hawkins v. Samuel Bankman-Fried, et al.*, Case 3:22-cv-07620, in the United States District Court for the Northern District of California ("*Hawkins*"), asserting, on behalf of himself and a class of similarly-situated individuals, claims against Defendant and other FTX Insiders arising from the collapse of the FTX cryptocurrency trading platform.

1.5     On December 5, 2022, Michael Elliott Jessup filed a class action complaint and demand for jury trial captioned *Michael Elliott Jessup  v. Samuel Bankman-Fried, et al..*, Case 3:22-cv-07444, in the United States District Court for the Northern District of California ("*Jessup*"), asserting, on behalf of himself and a class of similarly-situated individuals, claims against Defendant and other FTX Insiders arising from the collapse of the FTX cryptocurrency trading platform.

1.6     On December 7, 2023, Plaintiffs Gregg Podalsky, Gary Gallant, Skyler Lindeen, Alexander Chernyavsky, and David Nicol filed a class action complaint and demand for jury trial captioned *Gregg Podalsky, et al. v. Sam Bankman-Fried, et al.*, Case 1:22-cv-23983, in the United States District Court for the Southern District of Florida ("*Podalsky*"), asserting, on behalf of

themselves and a class of similarly-situated individuals, claims against Defendant and other FTX Insiders arising from the collapse of the FTX cryptocurrency trading platform.

1.7     On December 27, 2022, Austin Onusz, Cedric Kees van Putten, Nicholas J. Marshall, and Hamad Dar filed a class action adversary proceeding in the Bankruptcy Proceeding, captioned *Onusz, et al. v. West Realm Shires Inc., et al.*, Case 22-50513, asserting claims of declaratory judgment, breach of contract, breach of fiduciary duty, and aiding and abetting conversion against certain FTX entities and insiders, including Defendant, on behalf of themselves and a class of customers "who deposited or held customer property with FTX US and/or FTX.com" and "who have been unable to withdraw, use or access [those] assets" since the collapse of the FTX cryptocurrency trading platform.   On December 20, 2023, Defendant filed a motion in the *Onusz* Adversary Proceeding to sever the claims against him from the rest of the adversary proceeding, so that those claims against him may ultimately be transferred to the FTX MDL.  On December 22, 2023, Class Representatives moved to transfer the *Onusz* Adversary Proceeding to the FTX MDL, which motion is currently pending before the JPML.

1.8     On January 3, 2023, Julie Chon Papadakis filed a class action complaint and demand for jury trial captioned *Julie Chon Papadakis v. Samuel Bankman-Fried, et al.*, Case 3:22-cv-00024, in the United States District Court for the Northern District of California ("*Papadakis*"), asserting, on behalf of herself and a class of similarly-situated individuals, claims against Defendant and other FTX Insiders arising from the collapse of the FTX cryptocurrency trading platform.

1.9     On May 19, 2023, Kenny Imbert filed a class action complaint and demand for jury trial captioned *Kenny Imbert v. Samuel Bankman-Fried, et al.*, Case 3:2023-cv-02475, in the United States District Court for the Northern District of California ("*Imbert*"), asserting, on behalf

of himself and a class of similarly-situated individuals, claims against Defendant and other FTX Insiders arising from the collapse of the FTX cryptocurrency trading platform.

1.10   On June 5, 2023, the JPML consolidated for coordinated pretrial proceedings dozens of individual and class actions arising from the collapse of the FTX cryptocurrency trading platform, including actions against FTX Group and FTX Insiders (i.e., the *Garrison*, *Lam*, *Pierce*, *Hawkins*, *Jessup*, *Podalsky*, and *Papadakis* cases) (the "FTX Insider Track"), actions against celebrities and influencers who promoted the FTX cryptocurrency exchange (the "Promoter and Digital Creator Track"), actions against domestic and multinational venture capital firms that invested in FTX Group (the "Domestic VC Track" and the "Multinational VC Track"), actions against accounting firms that audited FTX Group financials (the "Accounting Firm Track"), actions against a law firm that provided legal services to FTX Group (the "Law Firm Track"), and actions against domestic and offshore banks that opened and serviced FTX Group accounts (the "Bank Defendant Track"), into a multidistrict litigation and transferred the FTX MDL to the United States District Court for the Southern District of Florida, because "[a] significant portion of FTX's conduct allegedly emanated from this district, where it had its U.S. headquarters before filing for bankruptcy." In ordering the consolidation and transfer of these cases, the JPML explained "[t]hese actions present common questions of fact concerning the collapse of the FTX cryptocurrency exchange in November 2022, which allegedly was caused by the conduct of FTX former principals Sam Bankman-Fried, Zixiao "Gary" Wang, and Nishad Singh, and financial improprieties with Alameda Research. All actions allege that FTX executives fraudulently withheld or misrepresented information with respect to customer assets on the FTX platform and that the professional service firms [i.e., the Domestic VC, Multinational VC, Accounting Firm, Law Firm, and Bank Defendant Tracks] and celebrity promoters [i.e., the Promoter and Digital

Creator Track] who worked with FTX were complicit in or otherwise bear responsibility for the alleged fraud – for example, by concealing FTX's financial problems or promoting FTX products with knowledge or willful blindness of the alleged fraud."

1.11    On August 7, 8, and 11, 2023, with leave of the FTX MDL Court, Class Representatives filed interlocking omnibus Consolidated Administrative Class Action Complaints for each of the interrelated FTX Insider, Promoter and Digital Creator, Domestic VC, Multinational VC, Accounting Firm, Law Firm, and Bank Defendant Tracks, on behalf of "all persons or entities … who, within the applicable limitations period, purchased or held legal title and/or beneficial interest in any fiat or cryptocurrency deposited or invested through an FTX Platform, purchased or enrolled in a YBA or purchased FTT." The Consolidated Administrative Class Actions Complaints share core allegations relating to the FTX cryptocurrency exchange, YBAs, FTT, and underlying FTX fraud, as the Complaints assert that defendants from every Track aided, abetted, and/or otherwise participated in a central conspiracy to promote unregistered securities and to misappropriate customer funds on the FTX cryptocurrency exchange.

1.12    Plaintiffs named Defendant in the Consolidated Administrative Class Action Complaint for the FTX Insider Track, asserting claims for violations of Racketeer Influenced and Corrupt Organizations Act ("RICO"), state securities and consumer protection laws, civil conspiracy, fraud, aiding and abetting fraud, conversion, aiding and abetting conversion, negligent misrepresentation, breach of fiduciary duty, aiding and abetting breach of fiduciary duty, unjust enrichment, and declaratory judgment, on behalf of themselves and a class of all FTX customers "who, within the applicable limitations period, purchased or held legal title to and/or beneficial interest in any fiat or cryptocurrency deposited or invested through an FTX Platform, purchased or enrolled in a YBA, or purchased FTT." Motions to Dismiss the FTX Insider Complaint are fully

briefed in the FTX MDL and the Parties are currently conducting jurisdictional discovery related to the coordinated pretrial proceedings.

1.13    On October 2, 2023, the District Court stayed all proceedings in the FTX Insider Track and stayed discovery in the Promoter and Digital Creator, Domestic VC, Multinational VC, Accounting Firm, Law Firm, and Bank Defendant Tracks, until the conclusion of the U.S. Attorney's criminal proceedings against Samuel Bankman-Fried (summarized herein).

1.14    On September 22 and 23, 2023, certain defendants, but not Defendant, including the Promoter and Digital Creator, Domestic VC, Multinational VC, Accounting Firm, Law Firm, and Bank Defendants, filed motions to dismiss the Consolidated Administrative Class Actions Complaints filed in their respective Tracks. Those motions were fully briefed on December 6, 2023.

1.15    Certain of defendants, but not Defendant, moved for dismissal of the Consolidated Administrative Class Actions Complaints for lack of personal jurisdiction in Florida and in other states, including California and Washington, pursuant to Federal Rule of Civil Procedure 12(b)(2). On November 11, 2023, Class Representatives moved for leave to conduct jurisdictional discovery on the defendants contesting personal jurisdiction.

1.16    On December 18, 2023, the District Court granted Class Representatives' motion to conduct jurisdictional discovery, noting that "the disputed facts related to [Class Representatives'] theories of personal jurisdiction," including jurisdiction based on civil conspiracy and/or the commission of intentional torts, "are intertwined with the merits of the respective cases."

### *The FTX Criminal Proceedings*

1.17    On December 13, 2022, an eight-count indictment by the U.S. Attorney against

Samuel Bankman-Fried was unsealed, including charges of securities fraud, wire fraud, and several conspiracy counts involving money laundering and campaign finance violations, for misappropriating FTX customer deposits by way of loans and other transfers to Alameda, among other fraudulent conduct.

1.18    On February 28, 2023, Defendant waived indictment by the U.S. Attorney, consented to the filing of a Superseding Information, and pleaded guilty to six criminal offenses arising from the collapse of the FTX cryptocurrency exchange, including wire fraud, money laundering and conspiracy arising from "a scheme to defraud customers of FTX by misappropriating those customers' deposits, and using those deposits to pay expenses and debts of Alameda Research[,] to make investments, and for other purposes." *Singh*, No. 1-22-cr-673, ECF No. 90 (Superseding Information) at 2.   In pleading guilty, Defendant agreed to cooperate with the Department of Justice's and U.S. Attorney's investigation and prosecution of Samuel Bankman-Fried, to make restitution in an amount to be specified by the court in accordance with 18 U.S.C. §§ 3663, 3663A, and 3664, to be paid according to a plan established by the court, and to forfeit to the United States, pursuant to 18 U.S.C. §§ 981(a)(1)(C), 982(a)(1) and 28 U.S.C. § 2461(c), any and all property, real and personal, that constitutes or is derived from proceeds traceable to the commission of or involved in the offenses set forth in the Superseding Information filed against Defendant.

1.19    The Southern District of New York is presiding over the criminal proceedings against Samuel Bankman-Fried and other FTX Insiders, including Defendant. On February 23, 2023 and March 28, 2023, the Southern District of New York unsealed superseding indictments against Samuel Bankman-Fried, which ultimately charged Bankman-Fried with a total of thirteen criminal counts.

1.20    In connection with the criminal prosecution of Samuel Bankman-Fried, the Department of Justice and/or U.S. Attorney has seized assets totaling hundreds of millions of dollars or more, including shares in Robinhood Markets Inc. valued at approximately $500 million, after demonstrating probable cause to believe that the shares were the proceeds of wire fraud and are property involved in money laundering by Bankman-Fried and FTX Group, and as alleged in the forfeiture allegations and/or substitute asset provision, included 55,273,469 shares of the stock of Robinhood Markets Inc. from Account Number 499-30500 at ED&F Man Capital Markets, Inc., a/k/a "Marex," held in the name of "Emergent Fidelity Technologies," seized by the Department of Justice on or about January 4, 2023.

1.21    On June 15, 2022, the Southern District of New York bifurcated the criminal charges against Bankman-Fried, with the securities fraud, wire fraud, and money laundering-related charges to be tried in October 2023 (the "October 2023 Trial"), and the other charges to be tried in March 2024 (the "March 2024 Trial"). On December 29, 2023, the U.S. Attorney informed the Southern District of New York that it did not plan to proceed with the March 2024 Trial.

1.22    On October 16 and 17, 2023 Defendant testified at the October 2023 Trial of Samuel Bankman-Fried. Defendant's testimony related to key allegations common to each of Class Representatives' Consolidated Administrative Class Action Complaints, including that FTX Trading and FTX US the use of customer deposits to invest in MDL Defendants, such as K5 Global, and other ways in which FTX Group misappropriated customer funds and other facts relating to criminal conduct by Samuel Bankman-Fried underlying Class Representatives' claims. On November 3, 2023, the October 2023 Trial concluded, and the jury convicted Samuel Bankman-Fried on seven counts including wire fraud, securities fraud, money laundering, and related conspiracies arising from the multi-billion-dollar fraud perpetuated through FTX Group.

1.23    Defendant may be called to provide additional testimony at Samuel Bankman-Fried's sentencing hearing, set in the Southern District of New York on March 28, 2023, and at his own sentencing hearing, where he may continue to accept responsibility for conduct giving rise to Class Representatives' claims on behalf of Class Members, also set in the Southern District of New York.

1.24    Based on the evaluation of the facts and the law, the Parties hereto have agreed (subject to court approval) to a settlement covering all persons or entities who purchased or held legal title to and/or beneficial interest in any fiat or cryptocurrency deposited or invested through an FTX Platform, purchased or enrolled in a YBA, or purchased FTT, excluding the FTX Group and the FTX MDL Defendants.

1.25    This Stipulation is made in compromise of disputed claims.

1.26    The Parties hereto reserve all, and do not waive any, rights, claims, and defenses, unless and until the settlement becomes Effective pursuant to ¶ 4.17.

## II.    CLASS REPRESENTATIVES' CLAIMS AND THE BENEFITS OF SETTLEMENT

Class Representatives and Class Counsel believe that the claims asserted against Defendant and other FTX Insiders in the FTX MDL have merit and that the evidence developed to date supports the claims asserted therein.  However, Class Representatives and Class Counsel recognize and acknowledge the expense and length of continued proceedings necessary to prosecute the claims against Defendant and other FTX Insiders through trial and through appeals.  Class Representatives and Class Counsel also have accounted for the uncertain outcome and the risk of any litigation against Defendant and other FTX Insiders, especially in complex actions such as this litigation, as well as the difficulties and delays inherent in this litigation, including the enforcement of any money judgment against Defendant.  Class Representatives and Class Counsel believe that

the Settlement set forth in this Stipulation confers substantial benefits upon the Class. As demonstrated by the information contained in his guilty plea and his testimony at Samuel Bankman-Fried's October 2024 trial, Defendant has knowledge and other information that Class Representatives and Class Counsel believe will be valuable to Class Representatives' cases against other defendants in the FTX MDL, particularly relating to the underlying fraudulent scheme and its connection to Miami, Florida, where FTX's U.S. headquarters were based, as well as each MDL Defendants' knowledge of and assistance with the scheme and connections to other states in which jurisdiction over those Defendants is asserted. Based on their own investigation and evaluation, Class Representatives and Class Counsel have determined that the Settlement set forth in this Stipulation, along with the FTX Insider Settlements, is in the best interests of Class Representatives and the Class.

## III.    DEFENDANT'S POSITION

3.1    In pleading guilty to the six counts charged by Defendant's Superseding Information, Defendant agreed to truthfully and completely disclose all information about which the U.S. Attorney inquires and to truthfully testify before the grand jury and at any trial and other court proceeding when requested to do by the U.S. Attorney, and the assertions set forth in Defendant's Superseding Information, as well as any testimony given by Defendant in pleading guilty to the counts charged therein, are admitted.

3.2    Defendant testified at Samuel Bankman-Fried's October 2023 Trial, and all statements made by Defendant at the October 2023 Trial are admitted.

3.3    Defendant may be called to provide further testimony pursuant to his plea agreement, including in connection with Defendant's sentencing, the sentencing of Samuel Bankman-Fried,  and/or the sentencing of other FTX Insiders, and all statements made on the

record by Defendant pursuant to his plea agreement, before or after the Effective Date, are admitted.

3.4     In February 2023, Defendant also reached settlement agreements to resolve enforcement actions brought by the U.S. Securities and Exchange Commission, *Securities and Exchange Commission v. Singh*, No. 23-cv-1691 (S.D.N.Y. Feb. 28, 2023) (the "SEC Action"), ECF No. 7, and the U.S. Commodity Futures Trading Commission, *Commodity Futures Trading Commission v. Singh*, No. 1:23-cv-1684 (S.D.N.Y. Feb. 28, 2023) (the "CFTC Action"), ECF No. 17.

3.5     To the extent not expressly admitted as set forth above, Defendant denies any other allegations in the FTX MDL proceedings against him.

\*     \*     \*

**NOW, THEREFORE, IT IS HEREBY STIPULATED AND AGREED** by and between Class Representatives (on behalf of themselves and the Class Members) and Defendant, by and through their respective counsel that, subject to the approval of the District Court pursuant to Rule 23(e) of the Federal Rules of Civil Procedure, in consideration of the benefits flowing to the Parties from the Settlement, the Litigation and the Released Claims shall be finally, fully and forever, compromised, settled, released, resolved, relinquished, waived, discharged, and dismissed with prejudice upon and subject to the terms and conditions of this Stipulation, as follows:

**IV.     DEFINITIONS**

As used in this Stipulation, the following terms shall have the meanings set forth below:

4.1     "Bankruptcy Court" means the Honorable John T. Dorsey of the United States Bankruptcy Court for the District of Delaware and any successor court presiding over the Bankruptcy Proceeding.

4.2     "Bankruptcy Proceeding" means the Chapter 11 bankruptcy proceeding before the Honorable John T. Dorsey in the United States Bankruptcy Court for the District of Delaware, styled *In re FTX Trading Ltd*., et al., Case No. 22-11068.

4.3     "Class" means, collectively, the classes defined in the Complaint, as follows:

> All persons or entities who, within the applicable limitations period, purchased or held legal title to and/or beneficial interest in any fiat or cryptocurrency deposited or invested through an FTX Platform, purchased or enrolled in a YBA, or purchased FTT (the "International Class").

To the extent not included in the Class, Class Members include customers of the FTX Group who deposited cash and digital assets at either or both the FTX Group's U.S.-based and non-U.S.-based trading platforms have been unable to withdraw, use or access the billions of dollars in assets that were contractually required to be held safely in accounts on their behalf.

Excluded from the Classes are MDL Defendants and their officers, directors, affiliates, legal representatives, and employees, the FTX Group and their officers, directors, affiliates, legal representatives, and employees, any governmental entities, any judge, justice, or judicial officer presiding over this matter and the members of their immediate families and judicial staff.

4.4     "Class Counsel" means, collectively, all counsel of record for the Plaintiffs in the FTX MDL.

4.5     "Class Member" means a Person who falls within the definition of the Class as set forth in ¶ 4.3.

4.6     "Class Notice" means a notice to be approved by the District Court.[1]

---

[1] The Parties will agree to and finalize the Class Notice once all FTX Insider Settlements are finalized, which Notice will comply with the requirements of Federal Rule of Civil Procedure 23 and set forth the information outlined in Section 7.2. The Parties will amend this Stipulation to attach as an exhibit a copy of the Class Notice at that time, so to facilitate the execution of this Stipulation without delay.

4.7 "Class Representatives" means Brandon Orr, Leandro Cabo, Ryan Henderson, Michael Livieratos, Alexander Chernyavsky, Gregg Podalsky, Vijeth Shetty, Chukwudozie Ezeokoli, Michael Norris, Edwin Garrison, Shengyun Huang, Julie Papadakis, Vitor Vozza, Kyle Rupprecht, Warren Winter, Sunil Kavuri.

4.8 "Co-Lead Class Counsel" means Adam Moskowitz of The Moskowitz Law Firm, PLLC and David Boies of Boies Schiller Flexner LLP.

4.9 "Complaint" means the [Corrected] Consolidated Administrative Class Action Complaint filed against Defendant and other FTX Insiders in the FTX MDL on August 11, 2023, and docketed as ECF No. 178.

4.10 "Criminal Proceedings" means the criminal proceedings against Samuel Bankman-Fried and other FTX Insiders before the Honorable Lewis A. Kaplan for the Southern District of New York, styled *United States v. Samuel Bankman-Fried*., et al., Case No. 22-cr-00673.

4.11 "Debtors" means FTX Trading Ltd. and its affiliated debtors and debtors in possession in the Bankruptcy Proceeding.

4.12 "Defendant" means Nishad Singh.

4.13 "Defendant's Counsel" means Defendant's counsel as set forth in ¶ 16.14.

4.14 "Department of Justice" means the United States Department of Justice.

4.15 "Distribution Plan" means the plan hereafter approved by the District Court for the distribution of the Settlement Amount (net of any Attorneys' Fees or costs that are awarded by the District Court) to Class Members. Distributions to Class Members will be pro-rata based on the value of each Class Member's claim as determined according to an objective formula.

4.16    "District Court" means the Honorable K. Michael Moore of the United States District Court for the Southern District of Florida and any successor court presiding over the FTX MDL.

4.17    "Effective Date," or the date upon which this Settlement becomes "Effective," means the first date by which all of the events and conditions specified in ¶ 12.1 of the Stipulation have been met and have occurred, or have been waived.

4.18    "Final" means five (5) business days after the latest of: (i) the date of final affirmance on appeal of the Order of Final Approval; (ii) the date of final dismissal with prejudice of the latest pending appeal from the Order of Final Approval; (iii) if no appeal is filed, the expiration of the time for the filing or noticing of any form of valid appeal from the Order of Final Approval.

4.19    "Final Approval Hearing" means a hearing set by the District Court to take place thirty (30) days after the Objection Deadline and, if necessary, any opt-out deadline required under Federal Rule of Civil Procedure 23(b)(3), for the purpose of:

    (i)    Determining the fairness, adequacy, and reasonableness of the Stipulation and the Settlement;

    (ii)   Class Counsel's request, if any, for attorneys' fees and expenses; and

    (iii)  Entering the Order of Final Approval.

4.20    "FTT" means FTT, the cryptocurrency token minted and distributed by FTX Group.

4.21    "FTX Group" means, collectively, FTX Trading LTD and its subsidiaries d/b/a FTX ("FTX Trading"), West Realm Shires Inc. and its subsidiaries including, without limitation West Realm Shires Services Inc. d/b/a FTX US ("WRS" and, together with FTX Trading, "FTX"), Alameda Research, LLC ("Alameda"), and their parents,   subsidiaries, affiliates, officers,

14

directors, and/or employees.

4.22    "FTX Insiders" means Gary Wang, Nishad Singh, and Caroline Ellison.

4.23    "FTX Insider Settlements" means this Stipulation and similar stipulations of settlement with Gary Wang and Caroline Ellison.

4.24    "FTX MDL" means the multidistrict litigation pending before The Honorable K. Michael Moore in the United States District Court for the Southern District of Florida, Case 1:23-md-03076 . 21-08023, styled *In re: FTX Cryptocurrency Exchange Collapse Litigation.*

4.25    "FTX MDL Defendants" means the defendants party to the FTX MDL including, without limitation, FTX Group, FTX Insiders, Sino Global Capital Holdings, LLC, Softbank Group, Temasek Holdings (Private) Limited, Altimeter Capital Management LLC, K5 Global Advisor LLC, Multicoin Capital Management LLC, Paradigm Operations LP, Ribbit Capital LP, Sequoia Capital Operations LLC, SkyBridge Capital II, LLC, Thoma Bravo LP, Tiger Global Management, LLC, Armanino LLP, Prager Metis CPAs, LLC, Fenwick & West LLP, Farmington State Bank d/b/a Moonstone, Deltec Bank & Trust Company, Jean Chalopin, William Trevor Lawrence, David Ortiz, Udonis Haslem Golden State Warriors LLC, Shaquille O'Neal, Lawrence Gene David, Gisele Bundchen, Thomas Brady, Stephen Curry, Kevin O'Leary, Shohei Ohtani, Naomi Osaka, Solomid Corporation, Creators Agency, LLC, Andrei Jikh, Brian Jung, Erika Kullberg, Jeremy Lefebvre, Jaspreet Singh, Graham Stephan, Major League Baseball, Formula 1 Racing, and Mercedes-Benz Group AG's Racing Team.

4.26    "JPML" means the United States Judicial Panel on Multidistrict Litigation.

4.27    "Objection Deadline" means the date identified in the Preliminary Approval Order by which a Class Member must serve written objections to the Settlement, if any, in accordance with Section IX of this Stipulation.  The Objection Deadline shall be thirty (30) days before the

date of the Final Approval Hearing.

4.28 "*Onusz* Adversary Proceeding" means the adversary proceeding filed by Austin Onusz, Cedric Kees van Putten, Nicholas J. Marshall, and Hamad Dar in the Bankruptcy Proceeding, captioned *Onusz, et al. v. West Realm Shires Inc., et al.*, Case 22-50513, asserting claims on behalf of a putative class of customers who deposited cash and digital assets at either or both the FTX Group's U.S.-based and non-U.S.-based trading platforms have been unable to withdraw, use or access the billions of dollars in assets that were contractually required to be held safely in accounts on their behalf. Defendant's motion to sever the claims against him so they may be transferred to the FTX MDL is currently pending before the Bankruptcy Court. And Class Representatives' motion to transfer the *Onusz* Adversary Proceeding to the FTX MDL is currently pending before the JPML.

4.29 "Order of Final Approval" means a final judgment and order to be entered and filed by the District Court finally approving the Settlement.[2]

4.30 "Parties" means, collectively, Defendant and Class Representatives, on behalf of themselves and the Settlement Class.

4.31 "Person(s)" means an individual, corporation (including all divisions and subsidiaries thereof), limited liability corporation, professional corporation, partnership, limited partnership, limited liability partnership, limited liability company, joint venture, association, joint stock company, estate, legal representative, trust, unincorporated association, government or any political subdivision or agency thereof, and any business or legal entity and all of their respective

---

[2] The Parties will agree to and finalize the Order of Final Approval for the FTX Insider Settlements, once all FTX Insider Settlements are finalized. The Parties will amend this Stipulation to attach as an exhibit a copy of the Order of Final Approval at that time, so to facilitate the execution of this Stipulation without delay.

spouses, heirs, beneficiaries, executors, administrators, predecessors, successors, representatives, or assignees when acting in their capacity as such.

4.32    "Preliminary Approval Order" means an order to be entered and filed by the District Court titled "Order Preliminarily Approving Settlement and Providing for Notice" preliminarily approving the Settlement and providing for notice to the Class thereof.[3]

4.33    "Released Claims" means any and all claims, defenses, demands, actions, causes of action, rights, offsets, suits, damages, lawsuits, costs, relief for contempt, losses, attorneys' fees, expenses, or liabilities of any kind whatsoever, in law or in equity, for any relief whatsoever, including monetary, sanctions or damage for contempt, injunctive, or declaratory relief, rescission, general, compensatory, special, liquidated, indirect, incidental, consequential, or punitive damages, as well as any and all claims for treble damages, penalties, interest, attorneys' fees, costs, or expenses, whether a known or Unknown Claim, suspected or unsuspected, contingent or vested, accrued or not accrued, liquidated or unliquidated, matured or unmatured, and including any claims arising under the common law or statute of any state or country, United States Bankruptcy Code, state or federal securities laws or state or federal unfair trade practice laws, that in any way concern, arise out of, or relate to the FTX cryptocurrency exchange platform, YBAs and/or FTT. Released Claims also include any allegation that any Defendant conspired with, aided and abetted, or otherwise acted in concert with any other Defendant or other third parties, with regard to any of the facts, acts, events, transactions, occurrences, courses of conduct or business practices within the scope of these Released Claims.

4.34    "Releasors" means the Class Representatives, Settlement Class Members, and each

---

[3] The Parties will agree to and finalize the Preliminary Approval Order for the FTX Insider Settlements, once all FTX Insider Settlements are finalized. The Parties will amend this Stipulation to attach as an exhibit a copy of the Preliminary Approval Order at that time, so to facilitate the execution of this Stipulation without delay.

of their respective heirs, executors, administrators, assigns, predecessors, and successors, and any other person claiming by, through, or under any or all of them.

4.35    "Settlement" or "Settlement Agreement" means the resolution of the litigation against Defendant in the FTX MDL in accordance with the terms and provisions of this Stipulation.

4.36    "Settlement Amount" means the monetary compensation, if any, obtained by Class Representatives and Class Counsel from Defendant pursuant to 18 U.S.C. § 3663 et seq., 18 U.S.C. § 981, 18 U.S.C. § 3554 and 28 U.S.C. § 2461(c) or otherwise.

4.37    "Settlement Class" or "Settlement Class Members" means the collective group of all Class Members who do not properly and timely exclude themselves from the Settlement.

4.38    "Settlement Fund" means the Settlement Amount plus any and all interest and accretions thereto.

4.39    "Southern District of New York" means the Honorable Lewis A. Kaplan and any successor court presiding over the Criminal Proceedings.

4.40    "Superseding Information" means the Superseding Information filed by the U.S. Attorney in the Criminal Proceedings on February 28, 2023, charging Defendant with six criminal counts.

4.41    "Termination Event" means any of the following events or circumstances: (a) the failure of the District Court to preliminarily approve the Settlement or to enter the Preliminary Approval Order without material changes; (b) the failure of the District Court to finally approve the Settlement or to enter the Order of Final Approval without material changes; or (c) reversal of or any material change to the Order of Final Approval by any appellate court having jurisdiction.

4.42    "Unknown Claims" means any Released Claims which any Releasor does not know or suspect to exist in his or her favor at the time of the entry of the Order of Final Approval, and

which, if known by him or her, might have affected his or her settlement with and release of Defendant, or might have affected his or her decision to opt out of the Settlement Class or to object to this Settlement. With respect to any and all Released Claims, the Parties stipulate and agree that, upon the Effective Date, the Class Representatives shall expressly, and each of the Settlement Class Members shall be deemed to have, and by operation of the Order of Final Approval shall have to the fullest extent allowed by law, waived the provisions, rights, and benefits of any statute or principle of common law similar to California Civil Code § 1542, which provides:

> **A general release does not extend to claims which the creditor does not know or suspect to exist in his or her favor at the time of executing the release, which if known by him or her must have materially affected his or her settlement with the debtor.**

Each Releasor may hereafter discover facts in addition to or different from those which he or she now knows or believes to be true with respect to the subject matter of the Released Claims, but the Releasors, upon the Effective Date, shall be deemed to have, and by operation of the Order of Final Approval shall have, fully, finally, and forever settled and released to the fullest extent allowed by law any and all Released Claims, known or unknown, suspected or unsuspected, contingent or non-contingent, whether or not concealed or hidden, which then exist, or heretofore have existed upon any theory of law or equity now existing or coming into existence in the future, including, but not limited to, conduct which is negligent, intentional, with or without malice, or a breach of any duty, contract, law, or rule without regard to the subsequent discovery or existence of such different or additional facts. The Class Representatives acknowledge, and the Settlement Class Members shall be deemed by operation of the Order of Final Approval to have acknowledged, that the foregoing waiver was separately bargained for and constitutes a material term of the Settlement.

19

4.43    "U.S. Attorney" means the United States Attorney's Office for the Southern District of New York.

4.44    "YBA" means a Yield-Bearing Account offered by FTX Trading and/or FTX US on the FTX cryptocurrency trading platform.

## V.    THE SETTLEMENT

### a.    Certification

5.1    For Settlement purposes only and solely pursuant to the terms of this Stipulation, the Parties consent to and agree to the establishment of a conditional certification of the Class, pursuant to Federal Rule of Civil Procedure 23(b)(1) or, in the alternative, 23(b)(3). Class Representatives will serve as class representative plaintiffs and Adam Moskowitz of The Moskowitz Law Firm, PLLC and David Boies of Boies Schiller Flexner LLP will serve as Co-Lead Class Counsel.

5.2    This certification is for settlement purposes only and is conditional on the District Court's approval of this Stipulation. In the event the Court does not approve all terms of the Stipulation, then certification of the Class should be void and this Stipulation and all orders entered in connection therewith, including but not limited to any order conditionally certifying the Class, shall become null and void and shall be of no further force and effect and shall not be used or referred to for any purposes whatsoever in the Action or in any other case or controversy. And, in such an event, this Stipulation and all negotiations and proceedings related thereto shall be deemed to be without prejudice to the rights of any and all parties hereto, who shall be restored to their respective positions as of the date of this Stipulation, and Defendant shall not be deemed to have waived any opposition or defenses it has to any aspect of the claims asserted herein or to whether those claims are amenable to class-based treatment.

5.3     Because the Class is broader than, and fully encompasses, the class definition in the *Onusz* Adversary Proceeding, and so to further facilitate a global resolution of all claims against Defendant, Defendant shall make reasonable efforts to support, by way of declaration, affidavit, and/or other court filing(s) with the JPML, the Southern District of Florida, and/or any other relevant court, the transfer of the class action claims against him in the *Onusz* Adversary Proceeding to the FTX MDL pursuant to 28 U.S.C. § 1407 for Representatives filed a motion to transfer. Class Representatives shall likewise use make all reasonable efforts to support by way of declaration, affidavit, and/or other court filing(s) Defendant's pending motion to sever claims against him in the *Onusz* Adversary Proceeding.

**b.  The Settlement Consideration**

5.4     The obligations incurred pursuant to the Stipulation are: (a) subject to approval by the District Court; and (b) in full and final disposition of the Litigation and any and all Released Claims upon and subject to the terms and conditions set forth herein.

5.5     In full and final settlement of the claims asserted against Defendant in the FTX MDL and in consideration of the Releases set forth in Section VI, Defendant will provide the following benefits to the Settlement Class:

5.6     Defendant shall provide information and other discovery to assist Class Representatives and Class Members in prosecuting the FTX MDL to the extent permitted by and in compliance with Defendant's cooperation agreement with the Department of Justice and/or U.S. Attorney. The information shall take the form of Defendant's testimony, documents in his possession, custody, or control, proffer, and/or attorney proffer subject to any limitation and/or approval imposed by the Department of Justice, the U.S. Attorney, and/or a court order. To the extent Defendant had possession, custody, or control of relevant information, but produced that

21

information to the U.S. Attorney, Department of Justice, and/or Debtors, such that he no longer has possession, custody, or control of the information, Defendant will identify such information and will not object to ' Plaintiffs' request, on behalf of Class Members, for production of the information by the U.S. Attorney, Department of Justice, and/or Debtors. The Parties will work in good faith with Department of Justice and/or U.S. Attorney to facilitate the broadest, most productive proffer session.

5.7     Defendant shall make reasonable efforts to cooperate as follows (to the extent not already completed through voluntary cooperation or informal discovery), subject to any limitations imposed by the Department of Justice, the U.S. Attorney, and/or a court order:

5.7.1   To the extent he has not already done so, Defendant shall voluntarily produce, without service of a subpoena, all non-privileged documents he produced to the U.S. Attorney in connection with its criminal investigation, to the extent those documents remain in Defendant's possession, custody, and control.  To the extent Defendant had possession, custody, or control of relevant information, but produced that information to the U.S. Attorney, such that he no longer has possession, custody, or control of the information, Defendant will identify such information and will not object to Class Members' request for production of the information by the U.S. Attorney. To the extent Defendant identifies documents irrelevant to the case and that are of a sensitive personal nature, Defendant shall be entitled to withhold such documents from re-production.

5.7.2   To the extent he has not already done so, Defendant shall voluntarily produce, without service of a subpoena, all non-privileged documents he produced to Debtors in connection with the Bankruptcy Proceeding, to the extent those documents remain in Defendant's possession, custody, and control. To the extent Defendant had

possession, custody, or control of relevant information, but produced that information to the Debtors, such that he no longer has possession, custody, or control of the information, Defendant will identify such information and will not object to Plaintiffs' ' request, on behalf of Class Members, for production of the information by Debtors. To the extent Defendant identifies documents irrelevant to the case and that are of a sensitive personal nature, Defendant shall be entitled to withhold such documents from re-production.

5.7.3   To the extent he has not already done so, Defendant shall voluntarily produce, without service of a subpoena, a sworn financial statement listing all of the Defendant's financial assets.  Defendant shall voluntarily produce, upon request and without service of a subpoena, documents in his possession sufficient to show such assets, including, but not limited to, prospectuses, subscription agreements, capitalization tables, financial statements, annual reports, valuations, and independent appraisals.  The Class Representatives and Class Members agree to file any information obtained pursuant to this subsection under seal and with an accompanying motion to seal in support of sealing, and only after providing Defendant's Counsel with reasonable notice of such filing.  The Class Representatives and Class Members further agree that information produced pursuant to this subsection meets the requirements for sealing under the applicable law and local rules.

5.7.4   To the extent he has not already done so, Defendant shall voluntarily produce, without service of a subpoena, all non-privileged documents in his possession relating to any investment by him in Anthropic PBC. Such documents shall include, but not be limited to prospectuses, subscription agreements, capitalization tables, financial statements, annual reports, valuations, and independent appraisals.

5.7.5   To the extent he has not already done so, Defendant shall voluntarily disclose, without service of a subpoena and to the extent such information is reasonably accessible to him, the assets held in any donor advised funds in which Defendant has invested and/or over which Defendant has control, and Defendant shall voluntarily produce, without service of a subpoena, all documents in his possession relating to such funds and/or assets, including, but not limited to, prospectuses, subscription agreements, capitalization tables, financial statements, annual reports, valuations, and independent appraisals.

5.7.6   Defendant shall make reasonable efforts to voluntarily produce, without service of a subpoena, additional, reasonable non-privileged documents and/or data in his possession relevant to the topics identified below in Paragraph 5.7.11 upon request by Class Representatives. In the event that any documents are withheld on the basis of a privilege held by FTX or the FTX Group, Defendant shall log such documents and describe them with sufficient particularity to allow Class Counsel to determine the propriety of any privilege and to address any such privilege issues with the Debtors.

5.7.7   If material that is subject to a claim of attorney-client privilege, attorney work product, or any other applicable privilege or immunity or ground on which production of that information should not be made to any Class Representative or Class Member ("Inadvertent Production Material") is inadvertently produced to any Class Representatives or Class Members, such inadvertent production shall in no way prejudice or otherwise constitute a waiver of, or estoppel as to, any claim of attorney-client privilege, work product, or other applicable privilege or immunity.

5.7.8    If a claim of inadvertent production is made, the Class Representative or Class Member possessing the inadvertent production shall: (i) refrain from any further examination or disclosure of the claimed Inadvertent Production Material; (ii) if requested, promptly make a good-faith effort to return the claimed Inadvertent Production Material and all copies thereof (including summaries and excerpts) to Defendant's Counsel, or destroy all such claimed Inadvertent Production Material (including summaries and excerpts) and all copies thereof, and certify in writing to that fact; and (iii) not use the Inadvertent Production Material for any purpose until further order by the District Court.

5.7.9    Defendant shall voluntarily, upon request by Class Representatives and with reasonable notice, provide reasonable assistance in reviewing and clarifying documents, whether produced by Class Representatives or another party in the FTX MDL, the Criminal Proceedings, and/or the Bankruptcy Proceeding.

5.7.10   Defendant shall cooperate in good faith and use reasonable efforts to authenticate, establish as business records and provide other foundation for documents and/or things he has produced pursuant to this agreement, through declarations, affidavits, depositions, hearings and/or trials as may be necessary, without the need for subpoenas, letters rogatory, letters of request or formal discovery requests.

5.7.11   Defendant shall voluntarily provide up to five proffer sessions or interviews, plus up to an additional five proffer sessions or interviews, if the Parties agree to such additional sessions in accordance with Section 5.7.12, and make himself available for a deposition and/or trial, without service of a subpoena, upon reasonable notice, and provide truthful declarations or affidavits upon request, with respect to, though not necessarily limited to, any non-privileged information regarding the following and their

parents, subsidiaries, affiliates, offices, directors, employees, agents, and other representatives, all subject to any limitations imposed by the Department of Justice, the U.S. Attorney, and/or a court order:

- The FTX Group
- Sino Global Capital Holdings, LLC
- SoftBank Group
- Temasek Holdings (Private) Limited
- Altimeter Capital Management LLC
- K5 Global Advisor LLC
- Multicoin Capital Management LLC
- Paradigm Operations LP
- Ribbit Capital LP
- Sequoia Capital Operations LLC
- SkyBridge Capital II, LLC
- Thoma Bravo LP
- Tiger Global Management, LLC
- Armanino LLP
- Prager Metis CPAs, LLC
- Fenwick & West
- Sullivan & Cromwell
- Farmington State Bank (d/b/a Moonstone)
- Deltec Bank & Trust Company
- Jean Chalopin
- William Trevor Lawrence
- David Ortiz
- Udonis Haslem
- Golden State Warriors LLC
- Shaquille O'Neal
- Lawrence Gene David
- Gisele Bundchen
- Thomas Brady
- Stephen Curry
- Kevin O'Leary
- Shohei Ohtani
- Naomi Osaka
- Solomid Corporation
- Creators Agency, LLC
- Andrei Jikh
- Brian Jung
- Erika Kullberg
- Jeremy Lefebvre

26

- Jaspreet Singh
- Graham Stephan
- Major League Baseball
- Formula 1 Racing
- Mercedes-Benz Group AG's Racing Team

5.7.12  The Parties agree to meet and confer should Plaintiffs believe additional interviews or depositions beyond the topics identified above are reasonably necessary to the pursuit of the MDL.

5.8     To the greatest extent permitted under the terms of the policies and governing law, Defendant shall assign to Class Representatives and Class Members any and all not yet paid monies (including, without limitation, proceeds of insurance and refunds of unearned premiums) due or to become due and not yet paid under any and all claims or other rights of Defendant with respect to any and all policies of insurance now or at any time hereafter covering his employment with or service to the FTX Group, and Defendant hereby directs the issuer of any such policy to pay all such monies directly to Class Representatives and Class Members, subject to any limitations imposed by the Department of Justice, the U.S. Attorney, and/or a court order.

5.9     Defendant shall assign to Class Representatives and Class Members any and all demands, claims, and/or causes of action of every kind and nature, in law, equity, or otherwise, that he may have against FTX Group and/or other third party, known and unknown, existing either before or after discharge of the Debtors from the Bankruptcy Proceeding, arising from and/or in connection to Defendant's interest in and/or employment by FTX Group, subject to any limitations imposed by the Department of Justice, the U.S. Attorney, and/or a court order.

5.10    Defendant will take no position with respect to Class Representatives' contention that as customers of FTX who suffered pecuniary losses from the fraud perpetuated through FTX Group, Class Members are identified as victims of the criminal conduct charged to Defendant in

the Superseding Information, and that Class Members are entitled to restitution under the Mandatory Victims Restitution Act ("MVRA"), 18 U.S.C. § 3663A, pursuant to a plan established by the Southern District of New York, and/or to recovery of funds forfeited by Defendant pursuant to 18 U.S.C. §§ 981, 3354 or 28 U.S.C. § 2461(c). Defendant will therefore take no position with respect to Class Representatives pursuing monetary compensation from Defendant through the restitution process provided by the MVRA or through the forfeiture process provided by 18 U.S.C. § 981, including by seeking an order from the Southern District of New York that Class Members are entitled to restitution and/or remission of forfeited funds pursuant to 21 U.S.C. § 853(i).  Nor will Defendant take any position with respect to Class Representatives' request that, should any monies be collected in satisfaction of any money judgment that the Southern District of New York enters against Defendant as part of his sentencing for the offenses charged in the Superseding Information, Class Members shall receive distributions of the collections through the Southern District of New York or successor processes.

5.11    Defendant will take no position with respect to Class Representatives' and Class Counsel's position that, because the class of victims identified in the Superseding Information does not exclude Class Members who liquidated their FTX accounts before the Debtors initiated the Bankruptcy Proceedings, Class Members comprise the broadest group of victims, holding in the aggregate, the largest claim for losses, such that restitution under the MVRA and/or recovery of funds forfeited by Defendant pursuant to 18 U.S.C. §§ 981, 3554 or 28 U.S.C. § 2461(c) should flow through the FTX MDL. Class Representatives intend to offer the foregoing representations in support of their claims for restitution under the MVRA, and Defendant agrees to take no position with respect to such representations to the Southern District of New York or any other authority

involved in distribution of restitution and/or forfeiture proceeds to victims of the fraud perpetuated through FTX Group.

5.12    Class Representatives shall use their best efforts to attest to Defendant's cooperation and assistance, and the value thereof to Class Representatives' litigation of the FTX MDL, in advance of his sentencing by the Southern District of New York. Such efforts shall include a letter addressed to the Southern District of New York in support of Defendant's sentencing, to be provided to Defendant's Counsel at least two weeks before the filing deadline for his sentencing submission.

## VI.    RELEASES

6.1    On the Effective Date, Releasors, including but not limited to Class Representatives, on their own behalf and on behalf of each Settlement Class Member, by operation of this Release and the Order of Final Approval, do hereby and shall be deemed to have fully, finally, conclusively, irrevocably, and forever released, settled, compromised, relinquished, and discharged any and all of Defendant of and from any and all Released Claims, including Unknown Claims, and, without further action by any person or the District Court, will be deemed: (a) to have consented to the dismissal with prejudice of any and all Released Claims; (b) to have released and forever discharged any and all Released Claims; and (c) to be forever barred and enjoined from instituting or further prosecuting, in any forum whatsoever, including but not limited to any state, federal, or foreign court, or regulatory agency, or any arbitration forum, each and every Released Claim.  The Parties agree that Defendant will suffer irreparable harm if any Settlement Class Member takes action inconsistent with this paragraph, and that, in that event, Defendant may seek an injunction as to such action without further showing of irreparable harm in this or any other

forum.  Class Representatives shall file an affidavit of support of Defendant's injunction against any Settlement Class Member that takes action inconsistent with this paragraph.

6.2     The Releasors acknowledge and agree that they are aware that they may hereafter discover material or immaterial facts in addition to or different from those which they now know or believe to be true with respect to the subject matter of this Release; that it is possible that unknown facts, losses or claims exist; and that known losses may have been underestimated in amount or severity.  This was explicitly taken into account in connection with this Settlement.  It is the Releasors' intention to, and they do hereby, upon the Effective Date of this Settlement, fully, finally, and forever settle and release Defendant from each and every Released Claim.

6.3     Subject to District Court approval, each Settlement Class Member shall be bound by this Settlement and all of their Released Claims shall be dismissed with prejudice and released even if they never received actual, prior notice of the FTX MDL or the Settlement in the form of the Class Notice or otherwise.  The Release and agreements contained in this Section VI shall apply to and bind all Settlement Class Members, including those Settlement Class Members whose Class Notices are returned as undeliverable, and those for whom no current address can be found.

6.4     On the Effective Date, Releasors hereby release Defendant from each and every Released Claim.

6.5     Promptly after the Effective Date, Settlement Class Members shall dismiss with prejudice all claims, actions or proceedings that are released pursuant to this Settlement.  In the event any such actions, or proceedings are not dismissed and Defendant learns of the action, Defendant may provide notice to the Settlement Class Member of this Settlement and request dismissal of the action.

## VII.   NOTICE TO THE CLASS AND GOVERNMENT OFFICIALS

### a.  Notice to the Class

7.1     To the extent the District Court certifies the Class pursuant to Federal Rule of Civil Procedure 23(b)(1), notice will be provided to the Class if required by and in accordance with the Preliminary Approval Order and/or any other order from the District Court.

7.2     To the extent the District Court certifies the Class pursuant to Federal Rule of Civil Procedure 23(b)(3), subject to the requirements of the Preliminary Approval Order, within 90 days after entry of the Preliminary Approval Order, the Parties will send, or cause to be sent, a Class Notice to each Class Member. The Class Notice will be sent exclusively by email and will:

(i)      contain a short, plain statement of the background of the Action and the Settlement;

(ii)     describe the settlement relief outlined in this Stipulation;

(iii)    state that any relief to Class Members is contingent on the Court's final approval of the Settlement;

(iv)     inform Class Members that attorneys' fees and expenses, and a service award for the named plaintiff, will be requested and, if approved by the Court, will be paid from the Settlement Fund in addition to the relief described above in ¶¶ 5.10-5.11;

(v)      inform Class Members that any Final Order and Judgment entered in the Action, whether favorable or unfavorable to the Class, shall include, and be binding on, all Class Members, even if they have objected to the proposed Settlement and even if they have any other claim, lawsuit or proceeding pending against Defendant;

(vi)     describe the terms of the Release; and

(vii)    contain reference and a hyperlink to a dedicated webpage housed on The Moskowitz Law Firm, PLLC website, which will include relevant documents and

31

information regarding Class Representatives' claims against Defendant in the FTX

MDL.

7.3     To the extent the District Court certifies the Class pursuant to Federal Rule of Civil

Procedure 23(b)(3), the Class Notice will also inform Class Members (i) that they may opt out of

the Settlement Class by submitting a written opt out request by email to Co-Lead Class Counsel

and Defendant's Counsel, which must be received by Co-Lead Class Counsel and Defendants'

Counsel no later than the Objection Deadline; (ii) that if he or she desires, Class Members may

object to the proposed Settlement by filing and serving a written statement of objections, which

must be received no later than the Objection Deadline; and (iii) that any Class Member who has

filed and served written objections to the proposed Settlement may, if he or she so requests, enter

an appearance at the Final Approval Hearing either personally or through counsel.

### b.  Notice to the Appropriate Federal and State Officials

7.4     Defendant shall determine the form of CAFA Notice to be provided for the purpose

of satisfying the requirements of CAFA and the identity of those who will receive the CAFA

Notice. Defendant shall be responsible for serving the CAFA Notices and for all costs and expenses

related thereto.  Class Counsel shall provide Defendant's Counsel with information concerning

class membership as required to comply with 28 U.S.C. § 1715(b)(7).

## VIII.    PRELIMINARY APPROVAL ORDER AND SETTLEMENT HEARING

8.1     Promptly following execution of this Stipulation, Class Counsel shall submit this

Stipulation together with its Exhibits to the Court and shall apply for entry of the Preliminary

Approval Order, requesting, *inter alia*, the preliminary approval of the Settlement set forth in this

Stipulation, and approval for the emailing of the Class Notice. The Class Notice shall include the

general terms of the Settlement set forth in this Stipulation, the general terms of the Fee and

Expense Application, and the date of the Final Approval Hearing.

8.2     Class Counsel shall request that, after notice is given and not earlier than one hundred (100) calendar days after the later of the dates on which the appropriate federal official and the appropriate State officials are provided with notice pursuant to the CAFA, the District Court hold the Final Approval Hearing and approve the Settlement as set forth herein.  At or after the Settlement Hearing, Class Counsel also will request that the Court approve their request for attorneys' fees and expenses, if any.

## IX.    OBJECTIONS

9.1     Any Class Member may object to the Settlement. To object, the Class Member must comply with the procedures and deadlines in this Stipulation.

9.2     Any Class Member who wishes to object to the Settlement must do so in writing on or before the Objection Deadline, as specified in the Class Notice and Preliminary Approval Order. The written objection must be filed with the Clerk of Court, and mailed (with the requisite postmark) to Class Counsel and Defendant's Counsel (at the addresses identified in ¶ 16.14), no later than the Objection Deadline.

9.3     The requirements to assert a valid written objection shall be set forth in the Class Notice. To be valid, the written objection must include: (a) the case name and number; (b) the name, address, telephone number of the Class Member objecting and, if represented by counsel, of his/her counsel; (c) the basis for objection; and (d) a statement of whether he/she intends to appear at the Final Approval Hearing, either with or without counsel.

9.4     Any Class Member who fails to object to the Settlement in the manner described in the Class Notice and consistent with this section shall be deemed to have waived any such objection, shall not be permitted to object to any terms or approval of the Settlement at the Final

Approval Hearing, and shall be foreclosed from seeking any review of the Settlement or the terms of the Stipulation by appeal or other means.

9.5     Subject to approval of the District Court, any Class Member who files and serves a written objection in accordance with this section and the Class Notice may appear, in person or by counsel, at the Final Approval Hearing held by the District Court, to show cause why the proposed Settlement should not be approved as fair, adequate, and reasonable, but only if the objecting Class Member: (a) files with the Clerk of the District Court a Notice of Intention to Appear at the Final Approval Hearing by the Objection Deadline; and (b) serves the Notice of Intention to Appear on all counsel designated in the Class Notice by the Objection Deadline.

9.6     The Notice of Intention to Appear must include copies of any papers, exhibits, or other evidence that the objecting Class Member will present to the District Court in connection with the Final Approval Hearing.

9.7     Any Class Member who does not file a Notice of Intention to Appear in accordance with the deadlines and other specifications set forth in the Settlement and the Class Notice shall not be entitled to appear at the Final Approval Hearing or raise any objections.

## X.     DISTRIBUTION OF THE SETTLEMENT AMOUNT

If and when monetary compensation from Defendant is provided to the Settlement Class through the FTX MDL, pursuant to the MVRA or otherwise, the Settlement Amount shall be placed in the Settlement Fund, added to settlement amounts from other MDL Defendants, as such settlements are reached, and distributed in accordance with the Distribution Plan and under the supervision and direction and with the approval of the District Court.

## XI.    CLASS COUNSEL'S ATTORNEYS' FEES

11.1     The Parties agree that Class Counsel may apply for an award of reasonable attorneys' fees and reimbursement of expenses to be paid from the Settlement Fund. Specifically, Class Counsel intends to request approval of attorneys' fees and costs based on any monetary compensation obtained for the Class pursuant to the restitution procedures outlined in ¶¶ 5.10-5.11. Defendant agrees not to oppose Class Counsel's request for attorneys' fees and expenses.

11.2     Class Counsel reserves the right to seek the foregoing fees and expenses from monetary settlements or judgments obtained from or against other MDL Defendants, as the information provided to Class Representatives and Class Counsel by Defendant pursuant to the terms of this Stipulation will be used to effectuate settlements with or judgments against the other MDL Defendants, in part because Class Representatives' claims against the other MDL Defendants arise from the same conduct by FTX Group and the FTX Insiders, and in part because Defendant had unique access to information relating to the involvement of other MDL Defendants in the fraudulent conduct and other misconduct leading to the collapse of the FTX cryptocurrency exchange.

11.3     The procedure for and the allowance or disallowance by the District Court of any applications for attorneys' fees and expenses to be paid out of the Settlement Fund is not part of the Settlement set forth in this Stipulation, and is to be considered by the District Court separately from the District Court's consideration of the fairness, reasonableness, and adequacy of the Settlement set forth in this Stipulation, and shall have no effect on the terms of the Stipulation or on the validity or enforceability of this Settlement. The approval of the Settlement, and the Settlement's becoming Final, shall not be contingent on the award of attorneys' fees and expenses, any award to Class Representative, nor any appeals from such awards.  Any order or proceeding

relating to the Class Counsel's request for attorneys' fees and expenses, or any appeal from any order relating thereto or reversal or modification thereof, shall not operate to terminate this Stipulation, or affect or delay the finality of the Judgment approving this Stipulation and the Settlement as set forth therein, or any other orders entered pursuant to the Stipulation of Settlement.

11.4   Any fees and/or expenses awarded by the District Court shall be paid solely from and out of the Settlement Fund.

## XII.   CONDITIONS OF SETTLEMENT AND TERMINATION

12.1   The Effective Date of the Settlement shall be conditioned on the occurrence of all of the following events:

> (i)     The Parties have signed this Stipulation.
>
> (ii)    Defendant has complied with the reporting requirements of 28 U.S.C. § 1715.
>
> (iii)   The District Court has preliminarily approved the Settlement, including the Class Notice, and has entered the Preliminary Approval Order.
>
> (iv)    The Class Notice has been sent to Class Members pursuant to the Preliminary Approval Order and the terms of the Stipulation, if necessary.
>
> (v)     The District Court has entered the Order of Final Approval.
>
> (vi)    The Order of Final Approval has become Final.
>
> (vii)   Any right to terminate the Settlement has not been triggered or has expired.

12.2   Upon the occurrence of a Termination Event described in subparts (a) through (c) of ¶ 4.41, this Stipulation shall automatically terminate.

12.3   In the event this Stipulation or the Settlement is terminated or the Effective Date otherwise fails to occur for any reason, the Parties shall be restored to their respective positions in

the FTX MDL as of January 30, 2024 and shall meet and confer regarding a new case schedule for the litigation against Defendant in the FTX MDL. In such event, the terms and provisions of the Stipulation shall have no further force and effect with respect to the Parties and shall not be used in this litigation or in any other proceeding for any purpose, and any judgment or order entered by the District Court in accordance with the terms of this Stipulation shall be treated as vacated, *nunc pro tunc*.

## XIII.   COVENANTS NOT TO SUE

13.1   The Class Representatives, on behalf of themselves and the Settlement Class Members, covenant and agree: (i) not to file, commence, prosecute, intervene in, or participate in (as a class member or otherwise) any action in any jurisdiction based on or relating to any of the Released Claims, or the facts and circumstances alleged in the Complaint, against Defendant; (ii) not to organize or solicit the participation of Settlement Class Members, or persons who would otherwise fall within the definition of the Class but who requested to be excluded from the Settlement Class, in a separate class for purposes of pursuing any action (including by seeking to amend a pending complaint to include class allegations, or seeking class certification in a pending action in any jurisdiction) based on or relating to any of the Released Claims or the facts and circumstances alleged in the Complaint, against Defendant; and (iii) that the foregoing covenants and this Stipulation shall be a complete defense in any action that any Releasor may hereafter assert on any of the Released Claims against Defendant.

## XIV.   REPRESENTATIONS AND WARRANTIES

14.1   The Class Representatives represent and warrant that they have not assigned or otherwise transferred any interest in any of the Released Claims against Defendant. The Class

Representatives further covenant that they will not hereafter assign or otherwise transfer any interest in any of the Class Representatives' Released Claims.

14.2    The Class Representatives represent and warrant that they have no surviving claim or cause of action against Defendant with respect to any of the Released Claims.

14.3    The Parties, and each of them on his, her, or its own behalf, represent and warrant that they are voluntarily entering into the Settlement Agreement as a result of arm's-length negotiations among their counsel; that in executing the Settlement Agreement, they are relying solely upon their own judgment, belief, and knowledge, and the advice and recommendations of their own independently selected counsel, concerning the nature, extent and duration of their rights and claims hereunder and regarding all matters which relate in any way to the subject matter hereof; and that, except as provided herein, they have not been influenced to any extent whatsoever in executing the Stipulation by representations, statements, or omissions pertaining to any of the foregoing matters by any Party or by any person representing any Party.  Each of the Parties assumes the risk of mistake as to facts or law.

## XV.    EFFECT ON RELATED CASES

Upon the District Court's entry of the Order of Final Judgment, the plaintiffs in the *Garrison*, *Pierce*, *Hawkins*, *Jessup*, *Podalsky*, *Papadakis*, and *Imbert* cases shall dismiss with prejudice their claims against Defendant in those matters, to the extent the plaintiffs have not already done so.

## XVI.    MISCELLANEOUS PROVISIONS

16.1    <u>Amendment/Modification</u>.  The Stipulation may be amended or modified only by a written instrument signed by or on behalf of all Parties or their respective successors-in-interest. The waiver by one Party of any breach of this Stipulation by any other Party shall not be deemed

a waiver of any other prior or subsequent breach of this Stipulation. Class Counsel, on behalf of the Class, are expressly authorized by the Class Representatives to take all appropriate action required or permitted to be taken by the Class pursuant to the Stipulation to effect its terms, and also are expressly authorized to enter into any modifications or amendments to the Stipulation on behalf of the Class which they deem appropriate. Any amendment or modification occurring after entry of the Preliminary Approval Order shall require court approval.

16.2    <u>Authority</u>.  Each person executing the Stipulation or any of its exhibits on behalf of any Party hereto hereby warrants that such person has the full authority to do so.

16.3    <u>Cooperation</u>.  The Parties: (a) acknowledge that it is their intent to consummate this Settlement; and (b) agree to cooperate to the extent reasonably necessary to effect and implement all terms and conditions of the Settlement and to exercise reasonable efforts to accomplish the foregoing terms and conditions of the Settlement.

16.4    <u>Counterparts</u>.  The Stipulation may be executed in one or more counterparts, including by signature transmitted by facsimile or by email in PDF format. All executed counterparts and each of them shall be deemed to be one and the same instrument.

16.5    <u>Drafting</u>.  The language of all parts of this Stipulation shall in all cases be construed as a whole, according to its fair meaning, and not strictly for or against either Party. No Party shall be deemed the drafter of this Stipulation. The Parties acknowledge that the terms of the Stipulation are contractual and are the product of negotiations between the Parties and their counsel. Each Party and its counsel cooperated in the drafting and preparation of the Stipulation. In any construction to be made of the Stipulation, the Stipulation shall not be construed against any Party and any canon of contract interpretation to the contrary shall not be applied.

16.6     Entire Agreement.  The Stipulation and the related documents entered at the time of this Stipulation or referenced herein constitute the entire agreement among the Parties hereto concerning the settlement of the FTX MDL. No representations, warranties, or inducements have been made to any party concerning the Stipulation or its exhibits other than the representations, warranties, and covenants contained and memorialized in such documents. Except as otherwise provided herein, each Party shall bear its own costs and attorneys' fees.

16.7     Exhibits.  All of the exhibits to the Stipulation are material and integral parts hereof and are fully incorporated herein by this reference.

16.8     Extensions of Time.  Unless otherwise provided, the Settling Parties may agree to reasonable extensions of time to carry out any of the provisions of this Stipulation without further order of the Bankruptcy or District Courts.

16.9     Governing Law.  This Stipulation and its Exhibits shall be considered to have been negotiated, executed and delivered, and to be wholly performed, in the State of Florida and the rights and obligations of the Parties to the Stipulation shall be construed and enforced in accordance with, and governed by, the internal, substantive laws of the State of Florida without giving effect to its choice-of-law principles, except to the extent that federal law requires that federal law govern.

16.10    Headings.  The headings herein are used for the purpose of convenience only and are not meant to have legal effect.

16.11    Jurisdiction.     The District Court shall retain jurisdiction with respect to implementation and enforcement of the terms of the Stipulation. All Parties and all Settlement Class Members submit to the jurisdiction of the District Court for purposes of implementing and enforcing the Settlement embodied in the Stipulation.

16.12   <u>No Collateral Attack</u>.  Upon entry of the Order of Final Approval, this Stipulation shall not be subject to collateral attack by any Class Member or Settlement Class Member.

16.13   <u>No Third-Party Rights or Beneficiaries</u>.  Except as expressly provided for herein, no government agency or official or any other person or entity can claim any rights under this Stipulation or the Settlement. There are no third party beneficiaries created or implied.

16.14   <u>Notices</u>.   All notices (other than the Class Notice and those for which other instructions are set forth herein) required or permitted by this Stipulation shall be made in writing and communicated by mail and email to the following addresses:

<u>All notices to the Class Representatives or to Class Counsel shall be sent to</u>:

Adam M. Moskowitz
Joseph M. Kaye
THE MOSKOWITZ LAW FIRM
Continental Plaza
3250 Mary Street, Suite 202
Coconut Grove, FL 33133
(305) 740-1423
adam@moskowitz-law.com
joseph@moskowitz-law.com
service@moskowitz-law.com

<u>All notices to Defendant or to Defendant's Counsel shall be sent to</u>:


Andrew Goldstein
Russell Capone
COOLEY LLP
55 Hudson Yards
New York, NY 10001
Telephone: (212) 479-6000
Facsimile: (212) 479-6275
agoldstein@cooley.com
rcapone@cooley.com

16.15   <u>Obligation to Meet and Confer</u>. Before filing any motion raising a dispute arising out of this Stipulation or the implementation of the Settlement, the Parties shall confer in good faith in an attempt to resolve any pending issues.

16.16   <u>Successors and Assigns</u>. The Stipulation shall be binding upon, and inures to the benefit of, the heirs, executors, successors, and assigns of the Parties, the Releasors and Defendant; but this Stipulation is not designed to and does not create any third-party beneficiaries.

**CLASS REPRESENTATIVES**                    Dated: _____February 1st_____, 2024

By: _____

ADAM M. MOSKOWITZ
Co-Lead Counsel for the Class
Representatives and the Proposed Class

**DEFENDANT**                                        Dated: ___January 31_____, 2024

By: _____
NISHAD SINGH

# Exhibit B4

# STIPULATION OF SETTLEMENT

This Stipulation of Settlement (the "**Stipulation**") is entered into by and between (i) Plaintiff Class Representatives Brandon Orr, Leandro Cabo, Ryan Henderson, Michael Livieratos, Alexander Chernyavsky, Gregg Podalsky, Vijeth Shetty, Chukwudozie Ezeokoli, Michael Norris, Edwin Garrison, Shengyun Huang, Julie Papadakis, Vitor Vozza, Kyle Rupprecht, Warren Winter, Sunil Kavuri (the "**Class Representatives**"), individually and on behalf each class member, (collectively with the Class Representatives, the "**Class Members**") (as further defined in Section 4 below), by and through their counsel of record in *In Re: FTX Cryptocurrency Exchange Collapse Litigation*, 23-md-03076 (the "**FTX MDL**"), and (ii) Defendant Daniel Friedberg ("**Defendant**" or "**Friedberg**"). The Stipulation is intended to fully, finally, and forever resolve, discharge, and settle on a global and nationwide basis the **Released Claims,**[1] subject to the approval of the Honorable K. Michael Moore of the United States District Court for the Southern District of Florida and any successor court presiding over the FTX MDL (the "**District Court**") and the terms and conditions set forth herein.

## 1   THE LITIGATION AND SETTLEMENT OVERVIEW

**1.1**   In November 2022, the FTX cryptocurrency exchange platform (comprising of FTX.US and FTX.com) collapsed. On November 11, 2022, the FTX Group filed for Chapter 11 bankruptcy protection. Numerous class and individual actions arose from the FTX Group's collapse.

**1.2**   Defendant Friedberg was an attorney for the FTX Group, who resigned upon the collapse of FTX and who thereafter contacted Class Counsel to provide important information regarding the FTX fraud. Defendant Friedberg was one of the first insiders to cooperate with Plaintiffs in their pursuit of their claims, which have now been consolidated in the FTX MDL.

**1.3**   Defendant Friedberg asserts the following: (a) Friedberg did not commit any misconduct while at FTX; (b) Friedberg did not have knowledge of the FTX fraud, and after he was made aware of the fraud, he immediately resigned from his positions at the FTX Group, including all its subsidiaries; and (c) Friedberg promptly contacted the authorities after discovery of the fraud. For the avoidance of doubt, Defendant Friedberg does not admit to, and expressly denies, any liability arising from or relating to all claims in the FTX MDL.

**1.4**   And, despite being named as a defendant in this and other civil lawsuits relating to FTX's collapse, Defendant Friedberg has voluntarily worked to assist the FTX Group's victims, including by cooperating with the Class Members' investigations and by providing

---

[1] Undefined terms shall have the meaning set forth in Section 4 below.

DocuSign Envelope ID: A2015D37-16B1-446A-9DDA-BDC00A9D6DDE

invaluable information to Class Counsel and various law enforcement agencies. Defendant Friedberg has agreed to do so on an ongoing basis. Defendant Friedberg was the first person with inside information to cooperate with Plaintiffs and has provided to Plaintiffs helpful assistance dating back to 2022.

**1.5**    To date, Defendant Friedberg has never been indicted with any criminal charge by any governmental entity relating to the FTX fraud, nor has he been the subject of an enforcement action by any regulatory or administrative agency.

**1.6**    On November 15, 2022, Edwin Garrison filed a class action complaint and demand for jury trial captioned *Edwin Garrison v. Sam Bankman-Fried, et al.*, case 1:22-cv-23753, in the United States District Court for the Southern District of Florida ("*Garrison*"), asserting, on behalf of himself and a class of similarly situated individuals, claims against Defendant Friedberg and others arising from the collapse of the FTX cryptocurrency trading platform. On December 8, 2023, Gregg Podalsky filed a similar case against Defendant in the case captioned *Podalsky, et al., v. Bankman-Fried, et al.*, 22-cv-23983 in the United States District Court for the Southern District of Florida ("***Podalsky***"). On December 16, 2022, Mr. Garrison, joined by Skyler Lindeen, Alexander Chernyavsky, David Nicol, Sunil Kavuri, Gregg Podalsky, and Gary Gallant, (collectively, the "***Garrison* Plaintiffs**") filed an amended complaint in the *Garrison* case.

**1.7**    On May 11, 2023, the *Garrison* Plaintiffs moved to file a second amended complaint, which motion was granted on May 12, 2023, and the Garrison Plaintiffs' second amended complaint was entered into the record on May 15, 2023.

**1.8**    On December 27, 2022, Austin Onusz, Cedric Kees van Putten, Nicholas J. Marshall, and Hamad Dar filed a class action adversary proceeding in the **Bankruptcy Proceeding**. This adversary proceeding is captioned *Onusz et al. v. West Realm Shires Inc., et al.*, case 22-50513 in the United States Bankruptcy Court for the District of Delaware (the "***Onusz* Adversary Proceeding**"), asserting claims of declaratory judgment, breach of contract, breach of fiduciary duty, and aiding and abetting conversion against certain FTX entities and insiders, including Defendant Friedberg, on behalf of themselves and a class of customers "who deposited or held customer property with FTX US and/or FTX.com" and "who have been unable to withdraw, use or access [those] assets" since the collapse of the FTX cryptocurrency trading platform. On December 22, 2023, Class Representatives moved to transfer the *Onusz* Adversary Proceeding to the FTX MDL. The motion is currently pending before the Judicial Panel on Multidistrict Litigation ("**JPML**").

**1.9**    On June 5, 2023, the JPML consolidated for coordinated pretrial proceedings dozens of individual and class actions arising from the collapse of the FTX cryptocurrency trading platform, including actions against the FTX Group and FTX Insiders (including the *Garrison* and *Podalsky* cases) (the "**FTX Insider Track**"), actions against celebrities and influencers

who promoted the FTX cryptocurrency exchange (the "**Promoter and Digital Creator Track**"), actions against domestic and multinational venture capital firms that invested in FTX Group (the "**Domestic VC Track**" and the "**Multinational VC Track**"), actions against accounting firms that audited FTX Group financials (the "**Accounting Firm Track**"), actions against a law firm that provided legal services to FTX Group (the "**Law Firm Track**"), and actions against domestic and offshore banks that opened and serviced FTX Group accounts (the "**Bank Defendant Track**"), into the FTX MDL and transferred the FTX MDL to the United States District Court for the Southern District of Florida, because "[a] significant portion of FTX's conduct allegedly emanated from this district, where it had its US headquarters before filing for bankruptcy." In ordering the consolidation and transfer of these cases, the JPML explained, "[t]hese actions present common questions of fact concerning the collapse of the FTX cryptocurrency exchange in November 2022, which allegedly was caused by the conduct of FTX former principals Sam Bankman-Fried, Zixiao 'Gary' Wang, Caroline Ellison and Nishad Singh, and financial improprieties with Alameda Research. All actions allege that these FTX executives fraudulently withheld or misrepresented information concerning customer assets on the FTX platform and that the professional service firms [i.e., the Domestic VC, Multinational VC, Accounting Firm, Law Firm, and Bank Defendant Tracks] and celebrity promoters [i.e., the Promoter and Digital Creator Track] who worked with FTX were complicit in or otherwise bear responsibility for the alleged fraud – for example, by concealing FTX's financial problems or promoting FTX products with knowledge or willful blindness of the alleged fraud."

1.10    On August 7, 8, and 11, 2023, with leave of the District Court, Class Representatives filed interlocking omnibus **Consolidated Administrative Class Action Complaints** for each of the interrelated FTX Insider, Promoter and Digital Creator, Domestic VC, Multinational VC, Accounting Firm, Law Firm, and Bank Defendant Tracks, on behalf of international and nationwide subclasses of "all persons or entities … who, within the applicable limitations period, purchased or held legal title and/or beneficial interest in any fiat or cryptocurrency deposited or invested through an FTX Platform, purchased or enrolled in a YBA or purchased FTT." The Consolidated Administrative Class Actions Complaints share core allegations relating to the FTX cryptocurrency exchange, **YBAs**, **FTT**, and underlying FTX fraud, as the complaints assert that defendants from every Track aided, abetted, and/or otherwise participated in a central conspiracy to promote unregistered securities and to misappropriate customer funds on the FTX cryptocurrency exchange.

1.11    The Consolidated Administrative Class Action Complaint for the FTX Insider Track asserts claims for violations of Racketeer Influenced and Corrupt Organizations Act ("**RICO**"), state securities and consumer protection laws, civil conspiracy, fraud, aiding and abetting fraud, conversion, aiding and abetting conversion, negligent misrepresentation, breach of fiduciary duty, aiding and abetting breach of fiduciary duty, unjust enrichment, and declaratory Judgment, on behalf of themselves and a class of all FTX customers "who,

- 3 -

within the applicable limitations period, purchased or held legal title to and/or beneficial interest in any fiat or cryptocurrency deposited or invested through an FTX Platform, purchased or enrolled in a YBA, or purchased FTT." Motions to dismiss the FTX Insider Complaint have been thoroughly briefed in the FTX MDL, and the parties are currently conducting jurisdictional discovery related to the coordinated pretrial proceedings.

**1.12**  On October 2, 2023, the District Court stayed all proceedings in the FTX Insider Track and stayed discovery in the Promoter and Digital Creator, Domestic VC, Multinational VC, Accounting Firm, Law Firm, and Bank Defendant Tracks until the conclusion of the U.S. Attorney's criminal proceedings against Samuel Bankman-Fried.

**1.13**  On September 22, 2023, and September 23, 2023, the FTX Insider, Promoter and Digital Creator, Domestic VC, Multinational VC, Accounting Firm, Law Firm, and Bank Defendants filed motions to dismiss the Consolidated Administrative Class Actions Complaints filed in their respective Tracks. Those motions were fully briefed on December 6, 2023.

**1.14**  Certain defendants, not including Defendant Friedberg, moved for dismissal of the Consolidated Administrative Class Actions Complaints for lack of personal jurisdiction in Florida and in other states, including California and Washington, pursuant to Federal Rule of Civil Procedure 12(b)(2). On November 11, 2023, Class Representatives moved for leave to conduct jurisdictional discovery on the defendants contesting personal jurisdiction.

**1.15**  On December 18, 2023, the District Court granted Class Representatives' motion to conduct jurisdictional discovery, noting that "the disputed facts related to [Class Representatives'] theories of personal jurisdiction," including jurisdiction based on civil conspiracy and/or the commission of intentional torts, "are intertwined with the merits of the respective cases.".

**1.16**  This Stipulation is made in compromise of disputed claims.

**1.17**  Pending approval by the District Court, and following such approval except as specifically set forth in this Stipulation, Friedberg reserves all and does not waive any rights, claims, and defenses.

## 2   THE CLASS CLAIMS AND THE BENEFITS OF SETTLEMENT

**2.1**  Class Representatives and Class Counsel recognize and acknowledge the expense and length of continued proceedings necessary to prosecute the claims against Defendant Friedberg through trial and through appeals.  Class Representatives and Class Counsel also have accounted for the uncertain outcome and the risk of any litigation against Defendant Friedberg, especially in complex actions such as this litigation, as well as the difficulties and delays inherent in this litigation, including the enforcement of any money judgment against

Defendant. Class Representatives and Class Counsel believe that the Settlement set forth in this Stipulation confers substantial benefits upon the Class. Defendant Friedberg's cooperation has been helpful and will continue to benefit the Class Members and Class Counsel. Defendant Friedberg has knowledge and other information that Class Representatives and Class Counsel believe will be valuable to Class Representatives' and the Class Members in cases against other defendants in the FTX MDL, including information relating to the underlying fraud scheme and its connection to Miami, Florida, where FTX's U.S. headquarters was based, as well as at least some of the **MDL Defendants**' knowledge of and assistance with the scheme and connections to other states in which jurisdiction over those defendants is asserted. Based on their own investigation and evaluation, Class Representatives and Class Counsel have determined that the Settlement set forth in this Stipulation is in the best interests of Class Representatives and the Class Members.

## 3   DEFENDANT'S POSITION

**3.1**   Defendant Friedberg may be called to provide testimony under oath in connection with the collapse of the FTX cryptocurrency exchange and/or in connection with the criminal proceedings against Samuel Bankman-Fried, Zixiao "Gary" Wang, Caroline Ellison, and Nishad Singh.

**3.2**   Defendant Friedberg acted as attorney for the FTX Group and therefore has not disclosed information to which the attorney/client privilege applies and will not do so except as permitted by the FTX Group, as may be otherwise permitted by applicable laws and rules governing attorneys, or as compelled by law or a final order of a court of competent jurisdiction. Defendant Friedberg's cooperation as described below is qualified by the foregoing.

**3.3**   To the extent not expressly admitted herein, Defendant Friedberg denies all allegations in the FTX MDL proceedings against him and specifically denies having ever had any knowledge of the FTX fraud or having avoided learning about the FTX fraud.

**NOW, THEREFORE, IT IS HEREBY STIPULATED AND AGREED** by and between Class Representatives (on behalf of themselves and the Class Members) and Defendant Friedberg, by and through their respective counsel that, subject to the approval of the District Court pursuant to Rule 23(e) of the Federal Rules of Civil Procedure, in consideration of the benefits flowing to the Parties from the Settlement, the Litigation and the Released Claims shall be finally, fully and forever, compromised, settled, released, resolved, relinquished, waived, discharged, and dismissed with prejudice upon and subject to the terms and conditions of This Stipulation, as follows:

## 4   DEFINITIONS

As used in this Stipulation, the following terms shall have the meanings set forth below:

**4.1**   "Bankruptcy Court" means the Honorable John T. Dorsey of the United States Bankruptcy Court for the District of Delaware and any successor court presiding over the Bankruptcy Proceeding.

**4.2**   "Bankruptcy Proceeding" means the Chapter 11 bankruptcy proceeding before the Honorable John T. Dorsey in the United States Bankruptcy Court for the District of Delaware, styled In re FTX Trading Ltd., et al., Case No. 22-11068.

**4.3**   "Class" means, collectively, the classes defined in the Complaint, as follows:

> All persons or entities who, within the applicable limitations period, purchased or held legal title to and/or beneficial interest in any fiat or cryptocurrency deposited or invested through an FTX Platform, purchased, or enrolled in a YBA, or purchased FTT.

To the extent not included in the Class, Class Members include customers of the FTX Group who deposited cash and digital assets at either or both the FTX Group's U.S.-based and non-U.S.-based trading platforms and have been unable to withdraw, use, or access the billions of dollars in assets that were contractually required to be held safely in accounts on their behalf.

Excluded from the Class are MDL Defendants and their officers, directors, affiliates, legal representatives, and employees, the FTX Group and their officers, directors, affiliates, legal representatives, and employees, any governmental entities, any judge, justice, or judicial officer presiding over this matter and the members of their immediate families and judicial staff.

**4.4**   "Class Counsel" means, collectively, all counsel of record for the Class Members in the FTX MDL, including, Co-Lead Class Counsel.

**4.5**   "Class Member" means a Person who falls within the definition of the Class as set forth in ¶ 4.4.

**4.6**   "Class Notice" means a notice to be approved by the District Court.[2]

**4.7**   "Class Representatives" means Brandon Orr, Leandro Cabo, Ryan Henderson, Michael Livieratos, Alexander Chernyavsky, Gregg Podalsky, Vijeth Shetty, Chukwudozie Ezeokoli,

---

[2] The Parties will agree to and finalize the Class Notice once the current settlements against FTX Insiders and Promoters are finalized (the "First Settlement Wave"), which Notice will comply with the requirements of Federal Rule of Civil Procedure 23 and set forth the information outlined in Section 7.2. The Parties will amend this Stipulation to attach as an exhibit a copy of the Class Notice at that time, so to facilitate the execution of this Stipulation without delay.

Michael Norris, Edwin Garrison, Shengyun Huang, Julie Papadakis, Vitor Vozza, Kyle Rupprecht, Warren Winter, Sunil Kavuri.

**4.8**   "Co-Lead Class Counsel" means Adam Moskowitz of The Moskowitz Law Firm, PLLC and David Boies of Boies Schiller Flexner LLP.

**4.9**   "Complaint" means the [Corrected] Consolidated Administrative Class Action Complaint filed against Defendant and the FTX Insiders in the FTX MDL on August 11, 2023, and docketed as ECF No. 178, and all other complaints filed by any Class Member against Defendant Friedberg.

**4.10**   "Criminal Proceedings" means the criminal proceedings against Samuel Bankman-Fried and the FTX Insiders before the Honorable Lewis A. Kaplan for the Southern District of New York, styled *United States v. Samuel Bankman-Fried., et al.*, case No. 22-cr-00673.

**4.11**   "Debtors" means FTX Trading Ltd. and its affiliated debtors and debtors in possession in the Bankruptcy Proceeding.

**4.12**   "Department of Justice" means the United States Department of Justice.

**4.13**   "Distribution Plan" means the plan hereafter approved by the District Court to distribute the Settlement Amount (net of any attorneys' fees or costs that the District Court awards) to Class Members.

**4.14**   "Effective Date," or the date upon which this Settlement becomes "Effective," means the first date by which all of the events and conditions specified in ¶ 11.1 of the Stipulation have been met and have occurred or have been waived.

**4.15**   "Final" means five (5) business days after the latest of (i) the date of final affirmance on appeal of the Order of Final Approval; (ii) the date of final dismissal with prejudice of the latest pending appeal from the Order of Final Approval; (iii) if no appeal is filed, the expiration of the time for the filing or noticing of any form of valid appeal from the Order of Final Approval.

**4.16**   "Final Approval Hearing" means a hearing set by the District Court to take place thirty (30) days after the Objection Deadline and, if necessary, any opt-out deadline required under Federal Rule of Civil Procedure 23(b)(3), for the purpose of:

4.16.1   Determining the fairness, adequacy, and reasonableness of the Stipulation and the Settlement;

4.16.2   Class Counsel's request, if any, for attorneys' fees and expenses; and

- 7 -

4.16.3    Entering the Order of Final Approval.

**4.17**   "FTT" means FTT, the cryptocurrency token minted and distributed by FTX Group.

**4.18**   "FTX Group" means, collectively, FTX Trading LTD and its subsidiaries d/b/a FTX ("FTX Trading"), West Realm Shires Inc. and its subsidiaries including, without limitation West Realm Shires Services Inc. d/b/a FTX US ("WRS" and, together with FTX Trading, "FTX"), Alameda Research, LLC ("Alameda"), and their parents, subsidiaries, affiliates, officers, directors, and/or employees.

**4.19**   "FTX Insiders" means Gary Wang, Nishad Singh, and Caroline Ellison.

**4.20**   "FTX MDL Defendants" or "MDL Defendants" means the defendants party to the FTX MDL including, without limitation, FTX Group, FTX Insiders, Defendant Daniel Friedberg, Sino Global Capital Holdings, LLC, Softbank Group, Temasek Holdings (Private) Limited, Altimeter Capital Management LLC, K5 Global Advisor LLC, Multicoin Capital Management LLC, Paradigm Operations LP, Ribbit Capital LP, Sequoia Capital Operations LLC, SkyBridge Capital II, LLC, Thoma Bravo LP, Tiger Global Management, LLC, Armanino LLP, Prager Metis CPAs, LLC, Fenwick & West LLP, Farmington State Bank d/b/a Moonstone, Deltec Bank & Trust Company, Jean Chalopin, William Trevor Lawrence, David Ortiz, Udonis Haslem Golden State Warriors LLC, Shaquille O'Neal, Lawrence Gene David, Gisele Bundchen, Thomas Brady, Stephen Curry, Kevin O'Leary, Shohei Ohtani, Naomi Osaka, Solomid Corporation, Creators Agency, LLC, Andrei Jikh, Brian Jung, Erika Kullberg, Jeremy Lefebvre, Jaspreet Singh, Graham Stephan, Major League Baseball, Formula 1 Racing, and Mercedes-Benz Group AG's Racing Team.

**4.21**   "Objection Deadline" means the date identified in the Preliminary Approval Order by which a Class Member must serve written objections to the Settlement, if any, in accordance with Section 9 of this Stipulation. The Objection Deadline shall be thirty (30) days before the date of the Final Approval Hearing.

**4.22**   "Order of Final Approval" means a final judgment and order to be entered and filed by the District Court.[3]

**4.23**   "Parties" means, collectively, Defendant and Class Representatives on behalf of themselves and the Class.

---

[3] The Parties will agree to and finalize the Order of Final Approval once the First Settlement Wave is finalized, which Notice will comply with the requirements of Federal Rule of Civil Procedure 23 and set forth the information outlined in Section 7.2. The Parties will amend this Stipulation to attach as an exhibit a copy of the Order of Final Approval at that time, so to facilitate the execution of this Stipulation without delay.

**4.24** "Person(s)" means an individual, corporation (including all divisions and subsidiaries thereof), limited liability corporation, professional corporation, partnership, limited partnership, limited liability partnership, limited liability company, joint venture, association, joint stock company, estate, legal representative, trust, unincorporated association, government or any political subdivision or agency thereof, and any business or legal entity and all of their respective spouses, heirs, beneficiaries, executors, administrators, predecessors, successors, representatives, or assignees when acting in their capacity as such.

**4.25** "Preliminary Approval Order" means an order to be entered and filed by the District Court titled "Order Preliminarily Approving Settlement and Providing for Notice".[4]

**4.26** "Release" shall mean any and all releases set forth in this Stipulation.

**4.27** "Released Claims" means any and all claims, defenses, demands, actions, causes of Action, rights, offsets, suits, damages, lawsuits, costs, relief for contempt, losses, attorneys' fees, expenses, or liabilities of any kind whatsoever, in law or in equity, for any relief whatsoever, including monetary, sanctions or damage for contempt, injunctive, or declaratory relief, rescission, general, compensatory, special, liquidated, indirect, incidental, consequential, or punitive damages, as well as any and all claims for treble damages, penalties, interest, attorneys' fees, costs, or expenses, whether a known or Unknown Claim, suspected or unsuspected, contingent or vested, accrued or not accrued, liquidated or unliquidated, matured or unmatured, and including any claims arising under the United States Bankruptcy Code, state or federal securities laws or state or federal unfair trade practice laws, that in any way concern, arise out of, or relate to the FTX cryptocurrency exchange platform, YBAs and/or FTT. Released Claims also include any allegation that Defendant conspired with, aided and abetted, or otherwise acted in concert with any other Defendant or third parties concerning any of the facts, acts, events, transactions, occurrences, courses of conduct, or business practices arising from or relating to the Released Claims.

**4.28** "Releasors" means the Class Representatives, Settlement Class Members, and all Parties or Persons bound by this Stipulation (other than the Defendant), including the Settlement, and each of their respective heirs, executors, administrators, assigns, predecessors, and successors, and any other person claiming by, though, or under any or all of them.

---

[4] The Parties will agree to and finalize the Preliminary Approval Order once the First Settlement Wave is finalized, which Notice will comply with the requirements of Federal Rule of Civil Procedure 23 and set forth the information outlined in Section 7.2. The Parties will amend this Stipulation to attach as an exhibit a copy of the Preliminary Approval Order at that time, so to facilitate the execution of this Stipulation without delay.

DocuSign Envelope ID: A2015D37-1684-446A-BDDA-BDC00A9D6DDF

**4.29** "Settlement" or "Settlement Agreement" means the resolution of FTX MDL and all related claims against the Defendant in accordance with the terms and provisions of this Stipulation.

**4.30** "Settlement Amount" means the monetary compensation, if any, obtained by Class Representatives and Class Counsel from any defendants.

**4.31** "Settlement Class" or "Settlement Class Members" means the collective group of all Class Members who do not adequately and timely exclude themselves from the Settlement.

**4.32** "Settlement Fund" means the Settlement Amount plus any and all interest and accretions thereto.

**4.33** "Southern District of New York" means the Honorable Lewis A. Kaplan and any successor court presiding over the Criminal Proceedings.

**4.34** "Termination Event" means any of the following events or circumstances: (a) the failure of the District Court to approve the Settlement preliminarily or to enter the Preliminary Approval Order without material changes; (b) the failure of the District Court to finally approve the Settlement or to enter the Order of Final Approval without material changes; or (c) reversal of or any material change to the Order of Final Approval by any appellate court having jurisdiction.

**4.35** "Unknown Claims" means any claim, including Released Claims, that any Releasor does not know or suspect to exist in his or her favor at the time of the entry of the Order of Final Approval and which, if known by him or her, might have affected his or her settlement with and Release of Defendant, or might have affected his or her decision to opt out of the Settlement or to object to the Settlement. Concerning any and all Released Claims, the Parties stipulate and agree that, upon the Effective Date, the Releasors shall be deemed to have, and by operation of the Order of Final Approval, shall have to the fullest extent allowed by law, waived the provisions, rights, and benefits of any statute or principle of common law that includes or is similar to California Civil Code § 1542, which provides:

> A general release does not extend to claims that the creditor does not know or suspect to exist in their favor at the time of executing the Release, which, if known by them, must have materially affected their Settlement with the debtor. Each Releasor may hereafter discover facts in addition to or different from those which he or she now knows or believes to be true concerning the subject matter of the Released Claims. Still, the Releasors, upon the Effective Date, shall be deemed to have, and by operation of the Order of Final Approval, shall have, fully, finally, and forever settled and released to the fullest extent allowed by Law any and all Released Claims, known or unknown, suspected or unsuspected, contingent or non-contingent, whether or not concealed or hidden, which then exist, or heretofore have

existed upon any theory of Law or equity now existing or coming into existence in the future, including, but not limited to, conduct which is negligent, intentional, with or without malice, or a breach of any duty, contract, Law, or rule without regard to the subsequent discovery or existence of such different or additional facts. The Class Representatives acknowledge, and the Settlement Class Members shall be deemed by operation of the Order of Final Approval to have believed and recognized that the foregoing waiver was separately bargained for and constitutes a material term of the Settlement.

**4.36** "US Attorney" means the United States Attorney's Office for the Southern District of New York.

**4.37** "YBA" means a Yield-Bearing Account offered by FTX Trading and/or FTX US on the FTX cryptocurrency trading platform.

# 5   THE SETTLEMENT

**5.1**   Certification

5.1.1   For settlement purposes only and solely pursuant to the terms of this Settlement, the Parties consent to and agree to the establishment of a conditional certification of the Class, pursuant to Federal Rule of Civil Procedure 23(b)(1) or, in the alternative, 23(b)(3). Class Representatives will serve as class representative plaintiffs, and Adam Moskowitz of The Moskowitz Law Firm, PLLC, and David Boies of Boies Schiller Flexner LLP will serve as Co-Lead Class Counsel.

5.1.2   This certification is for settlement purposes only and is conditioned on the District Court's approval of this Settlement. If the Court does not approve all terms of the Settlement, conditional certification of the Class is void, and this Settlement and all related orders, including but not limited to any order conditionally certifying the Class, shall become null and void and shall be of no further force and effect and shall not be used or referred to for any purposes whatsoever in the FTX MDL or any other case or controversy. And, in such an event, this Stipulation and all negotiations and proceedings related thereto shall be deemed to be without prejudice to the rights of any and all parties hereto, who shall be restored to their respective positions as of the date of this Stipulation. Defendant shall not be deemed to have waived any opposition or defenses it has to any aspect of the claims asserted herein or to whether those claims are amenable to class-based treatment.

5.1.3   Because the Class is broader than, and fully encompasses, the class definition in the *Onusz* Adversary Proceeding, and to further facilitate a global resolution of all claims against Defendant, Defendant shall make reasonable efforts to support, by

way of declaration, affidavit, and/or other court filing(s) with the JPML, the Southern District of Florida, and/or any other relevant court, the transfer of the class action claims against him in the *Onusz* Adversary Proceeding to the FTX MDL under 28 USC § 1407.

**5.2**   The Settlement Consideration

5.2.1   The obligations incurred under the Settlement are (a) subject to approval by the District Court and (b) in the full and final disposition of the FTX MDL and any and all Released Claims upon and subject to the terms and conditions set forth herein.

5.2.2   In full and final settlement of any and all claims asserted against Defendant in the FTX MDL and in consideration of the Release, Defendant will provide the following benefits to the Settlement Class:

5.2.3   Provide information that is truthful to the best of his knowledge, to assist the Settlement Class Members in prosecuting the FTX MDL. The information shall take the form of the Defendant's testimony, documents, proffers, and/or attorney proffers. Defendant shall make his best effort to cooperate as follows (to the extent not already completed through voluntary cooperation or informal discovery):

*5.2.3.1*   To the extent he has not already done so, within ten (10) days following the execution of this Stipulation, Defendant shall voluntarily produce, without service of a subpoena, all non-privileged documents he produced to Debtors in connection with the Bankruptcy Proceeding. To the extent Defendant identifies documents irrelevant to the case and that are of a sensitive personal nature, Defendant shall be entitled to withhold such documents from re-production.

*5.2.3.2*   Defendant shall make reasonable efforts to voluntarily produce, without service of a subpoena, additional, reasonable non-privileged documents and/or data relevant to the topics identified below upon request by Class Representatives.

*5.2.3.3*   Voluntarily, upon request by Class Representatives and with reasonable notice, provide reasonable and truthful assistance in analyzing and clarifying documents, whether produced by Class Representatives or another party in the FTX MDL, the Criminal Proceedings, and/or the Bankruptcy Proceedings.

*5.2.3.4*   Cooperate in good faith and use reasonable efforts to authenticate, establish as business records, and provide other foundation for documents and things he has produced pursuant to this Stipulation through declarations, affidavits,

DocuSign Envelope ID: A20459371-1684-4468-9DDA-BDC00A9D6DDE

depositions, hearings, and/or trials as may be necessary, without the need for subpoenas, letters rogatory, letters of request or formal discovery requests.

5.2.3.5    Voluntarily, upon request by Class Representatives, provide up to five proffer sessions, plus an additional five proffer sessions in accordance with Section 5.2.3.6, and reasonably make himself available for depositions, and/or trial, without service of a subpoena, upon reasonable notice, and provide truthful to the best of his knowledge declarations or affidavits upon request, relevant to the FTX MDL.

5.2.3.6    The Parties agree to meet and confer should Plaintiffs believe additional interviews or depositions are reasonably necessary to the pursuit of the FTX MDL.

5.2.4    The Parties agree that the foregoing consideration extends beyond Defendant Friedberg's legal or other obligations. The Parties further state their belief that the foregoing consideration will save the Class Members considerable time and resources; will increase substantially the chances of successfully prosecuting or settling the Class's claims against other MDL Defendants; and will save judicial and other governmental resources.

# 6   RELEASES

**6.1**    On the Effective Date, Releasors, including but not limited to Class Representatives, on their behalf and on behalf of each Settlement Class Member, by operation of the Release and the Order of Final Approval, do hereby and shall be deemed to have fully, finally, conclusively, irrevocably, and forever released, settled, compromised, relinquished, and discharged Defendant of and from any and all Released Claims, including Unknown Claims, and, without further action by any person or the District Court, will be deemed: (a) to have consented to the dismissal with prejudice of any and all Released Claims; (b) to have released and forever discharged any and all Released Claims; and (c) to be forever barred and enjoined from instituting or further prosecuting, in any forum whatsoever, including but not limited to any state, federal, or foreign court, or regulatory agency, or any arbitration forum, each and every Released Claim. Releasors agree that Defendant will suffer irreparable harm if any Releasor takes action inconsistent with this paragraph and that, in such event, Defendant may seek an injunction as to such action without further showing of irreparable harm in this or any other forum.

**6.2**    Releasors acknowledge and agree that they give the Release knowing and having expressly considered that they may hereafter discover material or immaterial facts in addition to or different from those which they now know or believe to be true with respect to the subject

matter of the Release; that unknown facts, losses, or claims may exist; and that known losses may have been underestimated in amount or severity.

**6.3**  Subject to the District Court's approval, each Settlement Class Member shall be bound by this Settlement, and all Released Claims shall be dismissed with prejudice and released, even if the Settlement Class Member never received actual, prior notice of the FTX MDL or the Settlement in the form of the Class Notice or otherwise. The releases, statement, and agreements contained in this Stipulation shall apply to and bind all Settlement Class Members, including, without limitation, those Settlement Class Members whose Class Notices are returned as undeliverable and those for whom no current address can be found.

**6.4**  All releases set forth in this Settlement are effective automatically on the Effective Date.

**6.5**  Within one calendar day of the Effective Date, Settlement Class Members shall dismiss with prejudice all claims, actions, or proceedings that are released according to this Settlement. If any such action or proceeding is not dismissed, and Defendant learns of such action, Defendant may provide notice of this Settlement to the Settlement Class Member and demand dismissal in accordance with the terms set forth herein. Settlement Class Members shall be bound to comply with such demand.

## 7   NOTICE TO THE CLASS AND GOVERNMENT OFFICIALS

**7.1**  Notice to the Class

**7.1.1**  To the extent the District Court certifies the Class under Federal Rule of Civil Procedure 23(b)(1), notice will be provided to the Class if required by the Preliminary Approval Order and/or any other order from the District Court.

**7.1.2**  To the extent the District Court certifies the Class pursuant to Federal Rule of Civil Procedure 23(b)(3), subject to the requirements of the Preliminary Approval Order, no later than [TK] days after entry of the Preliminary Approval Order, the Parties will send, or cause to be sent, a Class Notice to each Class Member. The Class Notice will be sent exclusively by email and will:

*7.1.2.1*  contain a short, plain statement of the background of the Released Claims and the Stipulation;

*7.1.2.2*  describe the Settlement relief outlined in this Stipulation;

*7.1.2.3*  state that any relief to Class Members is contingent on the District Court's final approval of the Settlement;

- 14 -

*7.1.2.4*    inform Class Members that attorneys' fees and expenses, and a service award for the named plaintiff, will be requested and, if approved by the Court, will be paid from the Settlement Fund in addition to the relief described above to the extent applicable;

*7.1.2.5*    inform Class Members that any Final Order and Judgment entered in the FTX MDL, whether favorable or unfavorable to the Class, shall include and be binding on all Class Members, even if they have objected to the proposed Settlement and even if they have any other claim, lawsuit or proceeding pending against Defendant;

*7.1.2.6*    describe the terms of the Release; and

*7.1.2.7*    contain reference and a hyperlink to a dedicated webpage housed on The Moskowitz Law Firm, PLLC website, which will include relevant documents and information regarding Class Representatives' claims against Defendant in the FTX MDL.

*7.1.2.8*    To the extent the District Court certifies the Class under Federal Rule of Civil Procedure 23(b)(3), the Class Notice will also inform Class Members (i) that they may opt out of the Settlement Class by submitting a written opt-out request by email to [Co-Lead Class Counsel and Defendant's Counsel], which must be received by [Co-Lead Class Counsel and Defendants' Counsel] no later than the Objection Deadline; (ii) that if he or she desires, Class Members may object to the proposed Settlement by filing and serving a written statement of objections, which must be received no later than the Objection Deadline; and (iii) that any Class Member who has filed and served written objections to the proposed Settlement may, if he or she so requests, enter an appearance at the Final Approval Hearing either personally or through counsel.

**7.2**    Notice to the Appropriate Federal and State Officials

**7.2.1**    Defendant shall in his sole discretion determine the form of the Class Action Fairness Act ("**CAFA**") Notices to be provided to satisfy the requirements of CAFA and the identity of those who will receive the CAFA Notices. Defendant shall be responsible for serving the CAFA Notices and for all costs and expenses related thereto.

# 8   PRELIMINARY APPROVAL ORDER AND SETTLEMENT HEARING

**8.1**    Within five calendar days following execution of this Stipulation, Class Counsel shall submit this Stipulation together with its Exhibits to the Court and shall apply for entry of the

Preliminary Approval Order, substantially in the form of Exhibit [TK] attached hereto, requesting, *inter alia*, the preliminary approval of the Settlement outlined in this Stipulation, and approval for the emailing of the Class Notice, substantially in the form of Exhibits [TK] attached hereto. The Class Notice shall include the terms of the Settlement outlined in this Stipulation, the Fee and Expense Application terms, and the date of the Final Approval Hearing.

**8.2**   Class Counsel shall request that, after notice is given and not earlier than one hundred (100) calendar days after the later of the dates on which the appropriate federal official and the appropriate State officials are provided with notice pursuant to the CAFA, the District Court hold the Final Approval Hearing and approve the Settlement as set forth herein. At or after the Final Settlement Hearing, Class Counsel will also request that the Court approve their request for attorneys' fees and expenses, if any.

## 9   OBJECTIONS

**9.1**   Any Class Member may object to the Settlement. To object, the Class Member must comply with the procedures and deadlines in this Stipulation.

**9.2**   Any Class Member who wishes to object to the Settlement must do so in writing on or before the Objection Deadline, as specified in the Class Notice and Preliminary Approval Order. The written objection must be filed with the Clerk of Court and mailed (with the requisite postmark) to Class Counsel and Defendant's counsel (at the addresses identified below) no later than the Objection Deadline.

**9.3**   The Class Notice shall set forth the requirements to assert a valid written objection. To be valid, the written objection must include (a) the case name and number; (b) the name, address, and telephone number of the Class Member objecting and, if represented by counsel, of their counsel; (c) the basis for objection; and (d) a statement of whether they intend to appear at the Final Approval Hearing, either with or without counsel.

**9.4**   Any Class Member who fails to object to the Settlement in the manner described in the Class Notice and consistent with this section shall be deemed to have waived any such objection and shall not be permitted to object to any terms or approval of the Settlement at the Final Approval Hearing, and shall be foreclosed from seeking any review of the Settlement or the terms of the Stipulation by appeal or other means.

**9.5**   Subject to approval of the District Court, any Class Member who files and serves a written objection in accordance with this section and the Class Notice may appear, in person or by counsel, at the Final Approval Hearing held by the District Court to show cause why the Settlement should not be approved as fair, adequate, and reasonable, but only if the objecting Class Member: (a) files with the Clerk of the District Court a Notice of Intention to Appear

at the Final Approval Hearing by the Objection Deadline; and (b) serves the Notice of Intention to Appear on all counsel designated in the Class Notice by the Objection Deadline. The Notice of Intention to Appear mustinclude copies of any papers, exhibits, or other evidence that the objecting Class Member will present to the District Court in connection with the Final Approval Hearing.

**9.6**   Any Class Member who does not file a Notice of Intention to Appear in accordance with the deadlines and other specifications set forth in the Settlement and the Class Notice shall not be entitled to appear at the Final Approval Hearing or raise any objections.

## 10  DISTRIBUTION OF THE SETTLEMENT AMOUNT

If and when monetary compensation from insiders other than Defendant Friedberg is provided to the Settlement Class through the FTX MDL, pursuant to this Stipulation or otherwise, the Settlement Amount shall be placed in the Settlement Fund, added to settlement amounts from other MDL Defendants, as such settlements are reached, and distributed in accordance with the Distribution Plan and under the supervision and direction and with the approval of the District Court. It is understood that Friedberg is not paying monetary compensation of any nature to the Settlement Class.

## 11  CLASS COUNSEL'S ATTORNEYS' FEES

**11.1**   The Parties agree that Class Counsel may apply for an award of reasonable attorneys' fees and reimbursement of expenses to be paid from the Settlement Fund. Specifically, Class Counsel intends to request approval of attorneys' fees and costs based on any monetary compensation obtained for the Class pursuant to the restitution procedures that may be outlined herein. Defendant agrees not to oppose Class Counsel's request for attorneys' fees and expenses.

**11.2**   Class Counsel waives any right to seek any fees and expenses, or consideration not expressly set forth herein, from Defendant. Class Counsel reserves the right to seek fees and expenses from monetary settlements or judgments obtained from or against other MDL Defendants, as the information provided to Class Representatives and Class Counsel by Defendant pursuant to the terms of this Stipulation will be used to effectuate settlements with or judgments against other MDL Defendants, in part the because Class Representatives' claims against the other MDL Defendants arise from the same conduct by FTX Group and the FTX Insiders, and in part because Defendant had unique access to information relating to the involvement of other MDL Defendants in the fraudulent conduct and other misconduct leading to the collapse of the FTX cryptocurrency exchange.

**11.3**   The procedure for and the allowance or disallowance by the District Court of any applications for attorneys' fees and expenses to be paid out of the Settlement Fund is not

DocuSign Envelope ID: A2015D37-1684-446A-9DDA-BDC00A9D6DDE

part of the Settlement outlined in this Stipulation and is to be considered by the District Court separately from the District Court's consideration of the fairness, reasonableness, and adequacy of the Settlement outlined in this Stipulation, and shall have no effect on the terms of the Stipulation or the validity or enforceability of this Settlement. The approval of the Settlement, and the Settlement's becoming Final, shall not be contingent on the award of attorneys' fees and expenses, any award to Class Representative, nor any appeals from such awards. Any order or proceeding relating to the Class Counsel's request for attorneys' fees and expenses, or any appeal from any order relating thereto or reversal or modification thereof, shall not operate to terminate this Stipulation or affect or delay the finality of the Judgment approving this Stipulation and the Settlement as set forth therein, or any other orders entered pursuant to the Stipulation of Settlement.

**11.4** Any fees and/or expenses awarded by the District Court shall be paid solely from and out of the Settlement Fund.

## 12 CONDITIONS OF SETTLEMENT AND TERMINATION

**12.1** The Effective Date of the Settlement shall be conditioned on the occurrence of all of the following events:

**12.1.1** The Parties have signed this Stipulation.

**12.1.2** Defendant has complied with the reporting requirements of 28 U.S.C. § 1715.

**12.1.3** The District Court has preliminarily approved the Settlement, including the Class Notice, and has entered the Preliminary Approval Order.

**12.1.4** The Class Notice has been sent to Class Members pursuant to the Preliminary Approval Order and the terms of the Stipulation, if necessary.

**12.1.5** The District Court has entered the Order of Final Approval.

**12.1.6** Any right to terminate the Settlement has not been triggered or has expired.

**12.2** This Settlement shall automatically terminate upon the occurrence of a Termination Event.

**12.3** In the event the Settlement is terminated, or the Effective Date otherwise fails to occur for any reason, the Parties shall be restored to their respective positions in the FTX MDL as of the date that Defendant was served with his complaint(s) and shall meet and confer regarding a new case schedule for litigation against Defendant in the FTX MDL. In such event, the terms and provisions of the Stipulation shall have no further force and effect with respect to the Parties. They shall not be used in this FTX MDL or in any other proceeding for any purpose. Any judgment or order entered by the District Court in accordance with the terms

- 18 -

of this Stipulation shall be treated as vacated, *nunc pro tunc.* Plaintiffs or its counsel shall promptly provide the Defendant notice by email only of the Effective Date.

## 13  COVENANTS NOT TO SUE

**13.1**  The Class Representatives, on behalf of themselves and the Settlement Class Members, covenant and agree: (i) not to file, commence, prosecute, intervene in, or participate in (as a class member or otherwise) any action in any jurisdiction based on or relating to any of the Released Claims, or the facts and circumstances alleged in the Complaint, against Defendant; (ii) not to organize or solicit the participation of Settlement Class Members, or persons who would otherwise fall within the definition of the Class but who requested to be excluded from the Settlement Class, in a separate class for purposes of pursuing any action (including by seeking to amend a pending complaint to include class allegations, or seeking class certification in a pending action in any jurisdiction) based on or relating to any of the Released Claims or the facts and circumstances alleged in the Complaint, against Defendant; and (iii) that the foregoing covenants and this Stipulation shall be a complete defense in any action that any Releasor may hereafter assert on any of the Released Claims against Defendant.

## 14  REPRESENTATIONS AND WARRANTIES

**14.1**  The Class Representatives represent and warrant that they have not assigned or otherwise transferred any interest in any of the Released Claims against Defendant and that they have authority to affect all provisions of the Settlement. The Class Representatives further covenant that they will not hereafter assign or otherwise transfer any interest in any of the Released Claims.

**14.2**  The Class Representatives represent and warrant that they have no surviving claims or causes of action against Defendant with respect to any of the Released Claims.

**14.3**  The Parties, and each of them on his, her, or its behalf, represent and warrant that they are voluntarily entering into the Settlement as a result of arm's-length negotiations among their counsel; that in executing the Settlement Agreement, they are relying solely upon their own judgment, belief, and knowledge, and the advice and recommendations of their own independently selected counsel, concerning the nature, extent, and duration of their rights and claims hereunder and regarding all matters which relate in any way to the subject matter hereof; and that, except as provided herein, they have not been influenced to any extent whatsoever in executing the Stipulation by representations, statements, or omissions pertaining to any of the foregoing matters by any Party or by any person representing any Party. Each of the Parties assumes the risk of mistake as to facts or law.

## 15  EFFECT ON RELATED CASES

**15.1**  Upon the District Court's entry of the Order of Final Judgment, the plaintiffs in the *Garrison* and *Podalsky* cases shall dismiss with prejudice their claims against Defendant in those matters, to the extent the plaintiffs have not already done so.

# 16  MISCELLANEOUS PROVISIONS

**16.1**  Amendment/Modification. The Stipulation may be amended or modified only by a written instrument signed by or on behalf of all Parties or their respective successors-in-interest. The waiver by one Party of any breach of this Stipulation by any other Party shall not be deemed a waiver of any other prior or subsequent breach of this Stipulation. Class Counsel, on behalf of the Class, is expressly authorized by the Class Representatives to take all appropriate actions required or permitted to be taken by the Class pursuant to the Stipulation to affect its terms and also are expressly authorized to enter into any modifications or amendments to the Stipulation on behalf of the Class which they deem appropriate. Any amendment or modification occurring after entry of the Preliminary Approval Order shall require court approval.

**16.2**  Authority. Each person executing the Stipulation or any of its exhibits on behalf of any Party hereto at this moment warrants that such person has the full authority to do so.

**16.3**  Cooperation. The Parties: (a) acknowledge that they intend to consummate this Stipulation, and (b) agree to cooperate to the extent reasonably necessary to effect and implement all terms and conditions of the Settlement and to exercise their best efforts to accomplish the preceding terms and conditions of the Settlement.

**16.4**  Counterparts. The Stipulation may be executed in one or more counterparts, including by signature transmitted by facsimile, DocuSign or other electronic signature, or by email in PDF format. All executed counterparts and each of them shall be deemed to be one and the same instrument.

**16.5**  Drafting. The language of all parts of this Stipulation shall, in all cases, be construed as a whole, according to its fair meaning, and not strictly for or against either Party. No Party shall be deemed the drafter of this Stipulation. The Parties acknowledge that the terms of the Stipulation are contractual and are the product of negotiations between the Parties and their counsel. Each Party and its counsel cooperated in the drafting and preparation of the Stipulation. In any construction of the Stipulation, the Stipulation shall not be construed against any Party, and any canon of contract interpretation to the contrary shall not be applied.

**16.6**  Entire Agreement. The Stipulation and the related documents entered at the time of this Stipulation or referenced herein constitute the entire Agreement among the Parties hereto concerning the Settlement of the Litigation. No representations, warranties, or inducements

DocuSign Envelope ID: A2015D37-16B4-446B-BDDA-BDC00A9D6DDE

have been made to any party concerning the Stipulation or its exhibits other than the representations, warranties, and covenants contained and memorialized in such documents. Unless otherwise provided, each Party shall bear its own costs and attorneys' fees.

**16.7**   Exhibits. All of the exhibits to the Stipulation are material and integral parts hereof and are fully incorporated herein by this reference.

**16.8**   Extensions of Time. Unless otherwise provided, the Settling Parties may agree to reasonable extensions of time to carry out any of the provisions of this Stipulation without further order of the Bankruptcy or District Courts.

**16.9**   Governing Law. This Stipulation and its Exhibits shall be considered to have been negotiated, executed, delivered, and wholly performed in the State of Florida. The rights and obligations of the parties to the Stipulation shall be construed and enforced in accordance with, and governed by, the internal, substantive laws of the State of Florida without giving effect to its choice-of-law principles, except to the extent that federal Law requires that federal Law govern.

**16.10** Headings. The headings herein are used for convenience only and are not meant to have legal effect.

**16.11** Jurisdiction. The District Court shall retain jurisdiction concerning the implementation and enforcement of the terms of the Stipulation. All Parties and all Class Members submit to the District Court's jurisdiction to implement and enforce the Settlement embodied in the Stipulation.

**16.12** No Collateral Attack. Upon entry of the Order of Final Approval, this Stipulation shall not be subject to collateral attack by any Class Member or Settlement Class Member.

**16.13** No Third-Party Rights or Beneficiaries. Except as expressly provided herein, no government agency, official, or any other person or entity can claim any rights under this Stipulation or the Settlement. There are no third-party beneficiaries created or implied.

**16.14** Notices. All notices (other than the Class Notice and those for which other instructions are set forth herein) required or permitted by this Stipulation shall be made in writing and communicated by mail and email to the following addresses:

All notices to the Class Representatives or Class Counsel shall be sent to:


Adam M. Moskowitz
Joseph M. Kaye
THE MOSKOWITZ LAW FIRM
Continental Plaza

DocuSign Envelope ID: A2015D37-1F84-446A-9DDA-BDC00A9D6DDE

3250 Mary Street, Suite 202
Coconut Grove, FL 33133
(305) 740-1423
adam@moskowitz-law.com
joseph@moskowitz-law.com
service@moskowitz-law.com

All notices to Defendant shall be sent to:

Daniel Friedberg (danielscottfriedberg@gmail.com)
at his home address on file at THE MOSKOWITZ LAW FIRM and Defendant shall update THE
MOSKOWITZ LAW FIRM with any change of his home address

**16.15** <u>Obligation to Meet and Confer</u>. Before filing any motion raising a dispute arising out of this
Stipulation or the implementation of the Settlement, the Parties shall confer in good faith in
an attempt to resolve any pending issues.

**16.16** <u>Successors and Assigns</u>. The Stipulation shall be binding upon and inures to benefit the heirs,
executors, successors, and assigns of the Parties, the Releasors, and Defendant. Still, this
Stipulation is not designed to and does not create any third-party beneficiaries.

[this space intentionally left blank]
[signature page follows]

- 22 -

CLASS REPRESENTATIVES

By: _____

ADAM MOSKOWITZ
Co-Lead Counsel for the Class
Representatives and the Proposed Class

Dated: _____ March 8 _____, 2024.

DEFENDANT

By _____
DANIEL FRIEDBERG

Daniel Friedberg
8FC0AB1D06EA4D4...

Dated: ___ 3/8/2024 ___, 2024.

# Exhibit B5

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

| | |
|---|---|
| IN RE: | |
| **FTX CRYPTOCURRENCY EXCHANGE COLLAPSE LITIGATION** | 23-md-03076-KMM |
| | |
| THIS DOCUMENT RELATES TO: | |
| **EDWIN GARRISON**, *et al.,* on behalf of themselves and all others similarly situated, | Case No. 1:23-cv-21023-KMM |
| *Plaintiffs,* | |
| *v.* | CLASS ACTION |
| **KEVIN PAFFRATH,** *et al.* | |
| *Defendants.* | |

**SETTLEMENT AGREEMENT AND RELEASE**

This Settlement Agreement and Release (the "Agreement") is made and entered into by and between the following parties on September 18, 2023: Plaintiffs/Class Representatives Edwin Garrison, Gregg Podalsky, Alexander Chernyavsky, and Sunil Kavuri (collectively, "Plaintiffs" or "Class Representatives"), on the one hand, and Kevin Paffrath ("Defendant"), on the other hand, in the Action entitled *Edwin Garrison, et al. v. Kevin Paffrath et al.,* Case No.: 23-cv-21023 which was consolidated and transferred by the MDL Panel into *In Re: FTX Cryptocurrency Exchange Collapse Litigation*, Case. No. 23-md-03076-KMM (the "MDL") and pending in United States District Court for the Southern District of Florida (the "District Court").

**I.     DEFINITIONS**

As used in this Agreement and all related documents, the following terms have the following meanings:

A.     "Action" means the lawsuit captioned *Edwin Garrison, et al. v. Kevin Paffrath et al.,* Case No.: 23-cv-21023 which was consolidated and transferred by the MDL Panel into *In Re:*

*FTX Cryptocurrency Exchange Collapse Litigation*, Case. No. 23-md-03076-KMM (the "MDL") and pending in United States District Court for the Southern District of Florida.

B.      "Agreement" means this Settlement Agreement and Release and the exhibits attached hereto or incorporated herein, including any amendments subsequently agreed to by the Parties.

C.      "Attorneys' Fees and Expenses" means such aggregate funds as may be awarded by the Court from the Settlement Funds to compensate Class Counsel (and any other past, present, or future attorneys for Plaintiffs or the Settlement Class in this Action) for all of the past, present, and future attorneys' fees, costs (including court costs), expenses, and disbursements earned or incurred collectively and individually by any and all of them, their investigators, experts, staff, and consultants combined in connection with the Action.

D.      "Bankruptcy Proceeding" means the *In re: FTX Trading Ltd., et al*., Case No.: 22-11068-JTD, currently pending in the United State Bankruptcy Court for the District of Delaware.

E.      "Class Counsel" means The Moskowitz Law Firm, PLLC and Boies Schiller Flexner LLP.

F.      "Class Notice" means notice of the proposed settlement to be provided to Settlement Class Members under Section VI of the Agreement, which will be agreed to and submitted to the Court for approval when there are a sufficient number of MDL Defendants who have agreed to resolve the claims against them in this Action so that Class Notice and administration of the group of Settlements would be economically feasible. The Class Notice will include substantially all of the information included in Section VI, below.

G.      "Class Period" means May 1, 2019 through the date of Preliminary Approval of Class Settlement.

H.      "Costs of Administration" means the reasonable and necessary costs incurred by the Settlement Administrator to: (a) provide notice of the Settlement and this Agreement to the Settlement Class, as set forth in Section VI of this Agreement, with such costs being limited to those associated with distributing notice to appropriate state and federal officials as required by 28 U.S.C. § 1715, establishing and maintaining the Settlement Website and the automated interactive voice response telephone system, responding to Settlement Class Member inquiries, and otherwise distributing the Class Notice to the Settlement Class as provided in Section VII, and advertising the Settlement online; and (b) to calculate and distribute the Individual Allocations as set forth in Section IV of this Agreement. The Costs of Administration include the reasonable fees and expenses incurred by the Settlement Administrator in performing all of the tasks for which the Settlement Administrator is retained and will be paid from the Settlement Fund. The Costs of Administration do not include any Attorneys' Fees and Expenses or Service Awards, which—if awarded by the Court—will be paid from the Settlement Fund.

149569755.1

I.      "Court" or "District Court" means the United States District Court for the Southern District of Florida, Miami-Division, the Honorable K. Michael Moore presiding, or any other judge of this court who shall succeed him as the Judge assigned to this Action.

J.      "Effective Date" means (a) if no objection is raised to the proposed settlement at the Final Approval Hearing, the date on which the final approval order and judgment is entered; or (b) if any objections are raised to the proposed settlement at the Final Approval Hearing and not withdrawn prior to the Final Judgment, the latest of (i) the expiration date of the time for filing or notice of any appeal from the final approval order and judgment, (ii) the date of final affirmance of any appeal of the final approval order and judgment, (iii) the expiration of the time for, or the denial of, a petition for writ of certiorari to review the final approval order and judgment and, if certiorari is granted, the date of final affirmance of the final approval order and judgment following review pursuant to that grant; or (iv) the date of final dismissal of any appeal from the final approval order and judgment or the final dismissal of any proceeding on certiorari to review the final approval order and judgment.

K.      "Final Approval Hearing" means the hearing at or after which the District Court will make a final decision whether to approve this Agreement and the settlement set forth herein as fair, reasonable, and adequate and entry by the District Court of a final judgment and order thereon.

L.      "Final Judgment" means the judgment the District Court enters, finally approving the class settlement.

M.      "MDL Defendants" collectively refers to all Defendants named in the seven Administrative Class Action Complaints filed in the MDL on August 7, 2023.

N.      "Objection Deadline" means the date thirty (30) days prior to the "Final Approval Hearing," defined above.

O.      "Parties" means the Class Representatives and Defendant.

P.      "Plaintiffs" or "Class Representatives" mean Edwin Garrison, Gregg Podalsky, Alexander Chernyavsky, and Sunil Kavuri.

Q.      "Preliminary Approval" means the date the District Court preliminarily approves the settlement of the Action, including but not limited to, the terms and conditions of this Agreement.

R.      "Settlement Administrator" means the entity to be selected by the Parties to help implement the distribution of the Class Notice, host the Settlement Website and automated interactive voice recognition telephone system, calculate Individual Allocations and distribute Individual Allocations to Settlement Class Members, and aid in fulfilling the related requirements set forth in this Agreement. Class Counsel will seek the Court's approval of the Settlement Administrator in connection with the preliminary approval of this Agreement and Settlement.

3

S.      "Settlement Classes" mean the following Classes:

    **(1) International Class:** All persons or entities residing outside the United States who, within the applicable limitations period, purchased or held legal title and/or any beneficial interest in fiat or cryptocurrency deposited or invested through an FTX Platform, purchased or enrolled in a YBA, or purchased FTT.

    **(2) Nationwide Class:** All persons or entities in the United States who, within the applicable limitations period, purchased or held legal title and/or any beneficial interest to any fiat or cryptocurrency deposited or invested through an FTX Platform, purchased or enrolled in a YBA, or purchased FTT.

Excluded from the Classes are Defendant and his officers, directors, affiliates, legal representatives, employees, assigns and successors, the MDL Defendants and their officers, directors, affiliates, legal representatives, and employees, the FTX Group and their officers, directors, affiliates, legal representatives, and employees, any governmental entities, any judge, justice, or judicial officer presiding over this matter and the members of their immediate families and judicial staff.

T.      "Settlement Class Member" means any member of the Settlement Class.

U.      "The Non-settling Defendants" means the remaining Defendants in the Action, including Graham Stephan, Andrei Jikh, Jaspreet Singh, Brian Jung, Jeremy Lefebvre, Tom Nash, Ben Armstrong, Erika Kullberg, and Creators Agency, and all other MDL Defendants.

V.      "YBA" means a yield-bearing account marketed and/or sold by Defendant and Non-settling Defendants.

## II. LITIGATION BACKGROUND

A.      On March 15, 2023, Plaintiffs filed the Action seeking monetary relief and alleging that the Non-settling Defendants and Defendant promoted, assisted in, and/or actively participated in FTX Trading LTD d/b/a FTX's ("FTX Trading") and West Realm Shires Services Inc. d/b/a FTX US's ("FTX US") (collectively, the "FTX Entities"), regarding the offer and sale of unregistered securities and identical FTX yield bearing accounts ("YBAs"). Plaintiffs alleged the following: FTX was established by Samuel Bankman-Fried, Gary (Zixiao) Wang and Nishad Singh, with operations commencing in May 2019. FTX was purportedly established in order to build a digital asset trading platform and exchange for the purpose of a better user experience, customer protection, and innovative products. FTX built the FTX.com exchange to develop a platform robust enough for professional trading firms and intuitive enough for first-time users. Until seeking the protection of the Bankruptcy Court, the FTX Entities operated a multibillion-dollar mobile application cryptocurrency investment service that placed cryptocurrency trade orders on behalf of users like Plaintiff and Class Members and offered interest bearing cryptocurrency accounts. The FTX Disaster is the largest financial fraud in US history. The former FTX CEO is on house arrest pending a federal prosecution, and the new CEO—who helped wind

4

down Enron—concluded the fraud here was worse than Enron and is unprecedented. Billions of dollars have been stolen from investors across the globe. FTX will be involved in federal bankruptcy proceedings for many years and there is no guarantee that any of the victims will be able to see any recovery from those proceedings.

B.      Multiple actions were pending relating to the FTX disaster and a petition was filed by Co-Lead Counsel with the United States Judicial Panel on Multi-District Litigation ("MDL Panel") to consolidate and transfer these related actions to the District Court with a request that Judge K. Michael Moore be the presiding Judge.

C.      On June 5, 2023, the MDL Panel entered an order consolidating and transferring all of the Related Actions to the District Court for pretrial proceedings. The new consolidated action was styled: *In Re: FTX Cryptocurrency Exchange Collapse Litigation*, Case. No. 23-md-03076-KMM.

D.      On June 21, 2023, the District Court adopted Plaintiffs' Proposed Leadership Structure (EFC No. 59-1) and set an initial schedule. *See* ECF No. 61. Plaintiffs' Proposed Leadership Structure included the appointment of Adam Moskowitz and David Boise as Co-Lead Counsel.

E.      The Parties, assisted by Counsel, engaged in significant settlement negotiations, and exchanged documents, including financial information regarding the funds from the Defendant received related to the promotion of FTX.

F.      Class Counsel has conducted a thorough investigation into the facts surrounding the Action. This investigation included but was not limited to: factual research; legal research; and collection and review of documents and data.

G.      Counsel for the Parties thereafter engaged in a series of discussions regarding a settlement of the Action, including substantial additional arms-length negotiations, where all Parties were represented by Counsel. The result was a settlement of the Action in its entirety, culminating with this Agreement.

H.      Based on the above-outlined investigation, the current state of the law, the expense, burden, and time necessary to prosecute the Action through trial and possible appeals, the risks and uncertainty of further prosecution of this Action considering the defenses at issue, the contested legal and factual issues involved, and the relative benefits to be conferred upon Plaintiffs and the Settlement Class Members pursuant to this Agreement, Class Counsel has concluded that a settlement with Defendant on the terms set forth herein is fair, reasonable, adequate, and in the best interests of the Settlement Classes in light of all known facts and circumstances.

I.      Defendant and Defendant's counsel recognize the expense and length of continued proceedings necessary to continue the Action through trial and through possible appeals. Defendant also recognizes that the expense and time spent pursuing this Action has and will further detract from resources that may be used to reimburse class members for their damages. While

5

Defendant denies any wrongdoing or liability arising out of any of the facts or conduct alleged in the Action and believes that he possesses valid defenses to Plaintiffs' claims, Defendant has determined that the settlement is a fair, adequate, and reasonable resolution of the claims asserted against him.

## III. CERTIFICATION

A.     Certification of Classes: For Settlement purposes only, and without any finding or admission of any wrongdoing or fault by Defendant, and solely pursuant to the terms of this Agreement, the Parties consent to and agree to the establishment of a conditional certification of the nationwide Settlement Classes, pursuant to Federal Rule of Civil Procedure 23(a) and 23(b)(2). Edwin Garrison, Gregg Podalsky, Alexander Chernyavsky, and Sunil Kavuri will serve as class representative plaintiffs and The Moskowitz Law Firm, PLLC, and Boies Schiller Flexner LLP will serve as Co-Lead Class Counsel.

B.     Certification is Conditional: This certification is for settlement purposes only and is conditional on the District Court's approval of this Agreement. In the event the District Court does not approve all terms of the Agreement, then certification of the Settlement Classes should be void and this Agreement and all orders entered in connection therewith, including but not limited to any order conditionally certifying the Settlement Classes, shall become null and void and shall be of no further force and effect and shall not be used or referred to for any purposes whatsoever in the Action or in any other case or controversy. And, in such an event, this Agreement and all negotiations and proceedings related thereto shall be deemed to be without prejudice to the rights of any and all parties hereto, who shall be restored to their respective positions as of the date of this Agreement, and Defendant shall not be deemed to have waived any opposition or defenses he has to any aspect of the claims asserted herein or to whether those claims are amenable to class-based treatment.

## IV. SETTLEMENT CONSIDERATION

In consideration of the mutual covenants and promises set forth herein, and subject to District Court approval, the Parties agree as follows:

A.     **Monetary Relief.** A Common Fund to fund the Class Settlement, including all costs, fees or other payments, including but not limited to the costs of notice and administration, attorneys' fees, litigation expenses and costs (the "Common Fund") will be created in the amount of **$122,000**. This amount consists of the total sum paid to Defendant by any and all sources. The amount is intended to be a complete and total payment; in no event shall Defendant, their insurers or any of the Released Parties ever be liable for any amount whatsoever in excess of the Common Fund, regardless of any circumstance whatsoever. The Parties agree and confirm that future claims are not included in this Release. No portion of the Common Fund will revert to the Defendant.

B.     **Settlement Payment.** The Settlement payment shall be deposited into an interest-bearing account of Plaintiffs' counsels' choosing within twenty (20) days from the

execution of this Agreement. The Settlement Payment, along with any accrued interest, will be returned to the Defendant if this Settlement is not approved by the Court.

C.     **Confirmatory Discovery**: Defendant currently has  counsel assisting his defense. Defendant will provide Plaintiffs with a Declaration that he had no personal knowledge that the FTX Interest Accounts, and/or any FTX tokens, were the sale of an unregistered security.

D.     **Settlement Approval and Administration Held in Abeyance.** Given the number of the Class Members and the global nature of the Settlement, Class Counsel may decide to seek approval and administration of this Settlement, along with other future FTX Settlements, to save costs associated with the Notice and with administration of the Settlement. The Parties have agreed to request that the Court hold the notice of the Settlement and any final approval of the Settlement in abeyance until a sufficient amount of the MDL Defendants settle to make the notice economical. While Defendant agrees to pay the Monetary Relief into an interest-bearing account pending approval and administration of this Settlement in accordance with sections IV.A and IV.B, above, the Parties agree that Class Counsel will propose a Plan for Administration of the Settlement to the Court for approval in connection with seeking approval of this Settlement after a sufficient amount of the MDL Defendants settle to make administration of the Settlement economical.

## V. RELEASE

The Settlement Class Representatives and each member of the Settlement Class, by operation of the Final Order and Judgment, on his, her, its, or their own behalf and on behalf of his, her, its or their predecessors, successors, assigns, assignors, representatives, attorneys, agents, trustees, insurers, heirs, next of kin, estates, beneficiaries, executors, administrators, and any natural, legal, or juridical person or entity that he, she, it or they are entitled to assert any claim on behalf of any Settlement Class member (collectively the "Releasing Parties"), agree to release and forever discharge Defendant and his insurers, affiliates, successors, executors, assigns members, current and former officers, directors, employees, attorneys and agents (collectively the "Released Parties") from all past and present claims, counterclaims, crossclaims, lawsuits, demands, damages, property damages, economic damages, legal fees, costs and expenses, rights, causes of action, liabilities, suits, judgments, debts, dues sums of money seeking damages or other legal or equitable relief of whatever kind or nature, known or unknown, accrued or unaccrued, existing or contingent, asserted or unasserted, from the beginning of the world through the date of the approval of settlement, by Final; Court Order and Judgment, arising out of or in any way related to: a) the allegations in the Class Action Complaint and/or b) any social media posts or other statements made by Defendant referring or relating to the FTX Group and/or its affiliates and/or c) any claims related to Defendant's promotion of FTX, the FTX Entities and/or YBAs. This Release specifically does not apply to Creators Agency LLC (and/or any of their insurers, affiliates, successors, executors, assigns members, current and former officers, directors, employees, attorneys and

149569755.1

agents) or FTX Group (and/or any of their insurers, affiliates, successors, executors, assigns members, current and former officers, directors, employees, attorneys and agents).

## VI. NOTICE TO THE SETTLEMENT CLASS

Class Notice: In accordance with Section IV.D, above, the Parties have agreed to hold the notice of this Agreement in abeyance until a sufficient amount of the MDL Defendants settle to make the notice economical. When Class Counsel decides to seek approval of this Settlement with other future FTX Settlements, Class Counsel shall issue the Class Notice in accordance with the requirements of the Preliminary Approval Order, as follows:

A. <u>Notices</u>. Class Counsel shall prepare a notice which will contain a description of the Settlement Agreement and afford affected parties the opportunity to obtain copies of all the settlement-related papers. The Class Notice shall be the legal notice to be provided to the Settlement Class Members, and shall otherwise comply with Federal Rule of Civil Procedure 23 and any other applicable statutes, laws, and rules, including, but not limited to, the Due Process Clause of the United States Constitution. The Notice will be distributed in accordance with item B below.

1. The Class Notice shall advise the Potential Settlement Class Members of the following:

a. <u>General Terms.</u> The Class Notice shall contain a plain, neutral, objective, and concise summary description of the nature of the Action and the terms of the proposed Settlement, including all relief that will be provided by the Defendant to the Settlement Class in the Settlement, as set forth in this Agreement. This description shall also disclose, among other things, that (a) any relief to Settlement Class Members offered by the Settlement is contingent upon the Court's approval of the Settlement, which will not become effective until the Effective Date; (b) Class Counsel and Plaintiffs have reserved the right to petition the Court for an award of Attorneys' Fees and Expenses from the Settlement Funds. The Settlement is not contingent upon any particular amount of Attorneys' Fees and Expenses being awarded by the Court.

b. <u>The Settlement Class.</u> The Class Notice shall define the Settlement and shall disclose that the Settlement Class has been provisionally certified for purposes of settlement only.

c. <u>Opt-Out Rights.</u> The Class Notice shall inform the Settlement Class Members of their right to seek exclusion from the Settlement Class and the Settlement and provide the deadlines and procedures for exercising this right.

8

      d.   <u>Objection to Settlement.</u> The Class Notice shall inform Settlement Class Members of their right to object to the proposed Settlement and to appear at the Fairness Hearing and provide the deadlines and procedures for exercising these rights.

      e.   <u>Fairness Hearing.</u> The Class Notice shall disclose the date and time of the Fairness Hearing and explain that the Fairness Hearing may be rescheduled without further notice to the Settlement Class.

      f.   <u>Release.</u> The Class Notice shall summarize or recite the proposed terms of the Release contemplated by this Agreement.

      g.   <u>Further information</u>. The Class Notice shall disclose where Settlement Class Members may direct written or oral inquiries regarding the Settlement, and also where they may obtain additional information about the Action, including instructions on how Settlement Class Members can access the case docket using PACER or in person at any of the court's locations.

B.   <u>Service.</u> Subject to Section IV.D. above, the Settlement Administrator shall serve the Notices no later than thirty days after entry of the Preliminary Approval Order via publication to the dedicated website created and maintained for this Action, and via email to any Class Members whose email addresses are reasonably available to Class Counsel.

C.   <u>Settlement Website</u>. The Plaintiffs shall cause the Settlement Administrator to establish the Settlement Website, whose address shall be included and disclosed in the Class Notice, and which will inform potential Settlement Class Members of the terms of this Agreement, their rights, dates, and deadlines and related information. The Settlement Website shall include, in .pdf format, a copy of the Operative Complaint, this Agreement and its exhibits, any Preliminary Approval Order entered by the Court, and a copy of the Class Notice, along with such other information as the Court may designate or the Parties may agree to post there. The Settlement Website will be operational and live by the date of the first mailing of the Class Notice. A Spanish-language translation of the Class Notice shall be placed on the Settlement Website by the Settlement Administrator at the time the Settlement Website becomes operational and live. The Spanish-language translation shall be created by a federally certified translator. However, in the case of conflict, the English-language version of the Class Notice shall control.

D.   <u>IVR Calling Line</u>. The Plaintiffs shall cause the Settlement Administrator to establish an automated interactive voice recognition telephone system for the purposes of providing information concerning the nature of the Action, the material terms of the Settlement, and the deadlines and procedures for potential Settlement Class Members to exercise their opt-out and objection rights. The Class Notice and Settlement Website

9

shall include and disclose the telephone number of this automated interactive voice recognition telephone system.

E. <u>Internet Advertising</u>. The Plaintiffs shall cause the Settlement Administrator to make advertisements on the internet for the purpose of alerting Settlement Class Members to the settlement website, in a form recommended by the Settlement Administrator and mutually acceptable to the Parties, with an aggregate cost to the not to exceed 1% of the Common Fund.

F. <u>Notice to Appropriate Federal and State Officials.</u> Pursuant to the notice provisions of the Class Action Fairness Act, 28 U.S.C. § 1715, within ten (10) days after this Agreement is deemed filed with the Court, the Plaintiffs will provide notice of this Action and this Agreement to the appropriate federal and state entities.

G. Not later than ten (10) days before the date of the Fairness Hearing, the Settlement Administrator, and to the extent necessary, the Plaintiffs shall file with the Court a declaration or declarations, based on the personal knowledge of the declarant(s), verifying compliance with these class-wide notice procedures.

## VII. SETTLEMENT ADMINISTRATION

A. As set forth in Section IV.D, above, the Parties have agreed to request that the Court hold the notice, final approval, and administration of the Settlement in abeyance until a sufficient amount of the MDL Defendants settle to make the notice economical.

B. While Defendant agrees to pay the Monetary Relief into an interest-bearing account pending approval and administration of this Settlement in accordance with sections IV.A and IV.B, above, the Parties agree that Class Counsel will propose a Plan for Administration of the Settlement to the Court for approval in connection with seeking approval of this Settlement after a sufficient amount of the MDL Defendants settle to make administration of the Settlement economical.

## VIII. PROCEDURES FOR OBJECTING TO OR REQUESTING EXCLUSION FROM SETTLEMENT

A. **Objections:** Only Settlement Class Members may object to the settlement. All objections must be filed no later than thirty calendar days prior to the Final Fairness Hearing (the "Objection/Exclusion Deadline") with Clerk of the United States District Court for the Southern District of Florida, 400 North Miami Avenue, 8th Floor, Miami, FL 33128, and served at that same time upon both of the following:

a. Co-Lead Class Counsel
Adam M. Moskowitz
Joseph M. Kaye

THE MOSKOWITZ LAW FIRM, PLLC
2 Alhambra Plaza Suite 601
Coral Gables, FL 33134
adam@moskowitz-law.com
joseph@moskowitz-law.com
service@moskowitz-law.com

-and-

David Boies
Brooke Alexander
**BOIES SCHILLER FLEXNER LLP**
333 Main Street
Armonk, NY 10504
Phone: (914) 749–8200
dboies@bsfllp.com
balexander@bsfllp.com

B.   A Settlement Class Member's objection must:

    a.   be in writing;

    b.   include the objector's full name, current address, and current telephone number;

    c.   include documentation or attestation sufficient to establish membership in any of the Classes;

    d.   be signed by the person filing the objection, or his attorney;

    e.   state, in detail, the factual and legal grounds for the objection;

    f.   state any objections filed by the objector in the last seven years (case name, name of court and result of objection);

    g.   attach any document the Court should review in considering the objection and ruling on the Motion;

    h.   provide dates for availability to Class Counsel for the Settlement Class Member's deposition; and

    i.   include a request to appear at the Final Approval Hearing, if the objector intends to appear at the Final Approval Hearing.

C.   Any objection that does not meet all of these requirements will be deemed invalid and will be overruled.

D.   Subject to approval of the Court, any objecting Settlement Class Member may appear, in person or by counsel, at the Final Approval Hearing held by the Court, to show cause why the proposed Settlement should not be approved as fair, adequate, and reasonable, or object to any petitions for attorneys' fees, Class Representative Award, and reimbursement of reasonable litigation costs and expenses. The objecting Class Member must file with the Clerk of the Court and serve upon Class Counsel and Defendant's Counsel (at the addresses listed above),

11

149569755.1

a notice of intention to appear at the Final Approval Hearing ("Notice of Intention to Appear") on or before the Objection/Exclusion Deadline.

E.    The Notice of Intention to Appear must include copies of any papers, exhibits, or other evidence that the objecting Class Member (or his/her/its counsel) will present to the Court in connection with the Final Approval Hearing. Any Class Member who does not provide a Notice of Intention to Appear in complete accordance with the deadlines and other specifications set forth in the Class Notice, will not be allowed to speak or otherwise present any views at the Final Approval Hearing.

F.    The date of the postmark on the mailing envelope or a legal proof of service accompanied and a file-stamped copy of the submission shall be the exclusive means used to determine whether an objection and/or notice of intention to appear has been timely filed and served. In the event that the postmark is illegible, the objection and/or notice to appear shall be deemed untimely unless it is received by the counsel for the Parties within two (2) calendar days of the Objection/Exclusion Deadline.

G.    <u>Response to Objections</u>: Class Counsel shall, at least ten (10) business days (or such other number of days as the Court shall specify) before the Final Approval Hearing, file any responses to any written objections submitted to the Court by Settlement Class Members in accordance with this Agreement.

H.    <u>No Solicitation of Settlement Objections</u>: The Parties agree to use their best efforts to carry out the terms of this Settlement. At no time will any of the Parties or their counsel seek to solicit or otherwise encourage any Settlement Class Member to object to the settlement or encourage any Settlement Class Member to appeal from the final judgment.

I.    **<u>Requests for Exclusion</u>**

1.    Any Settlement Class Member who wishes to be excluded from the Settlement Class must mail a written "request for exclusion" to the Settlement Administrator at the address provided in the Class Notice, mailed sufficiently in advance to be received by the Settlement Administrator no later than the Objection/Exclusion Deadline. A written request for exclusion must: (a) contain a caption or title that identifies it as "Request for Exclusion in *In Re. FTX Cryptocurrency Exchange Collapse Litigation*; (b) include the Settlement Class Member's name, mailing and email addresses, and contact telephone number; (c) specify that he or she wants to be "excluded from the Settlement Class" and identify the Class Loan number(s) for which he or she seeks exclusion from the Settlement; and (d) be personally signed by the Settlement Class Member. The requirements for submitting a timely and valid request for exclusion shall be set forth in the Class Notice.

2.    Each Settlement Class Member who wishes to be excluded from the Settlement

149569755.1

Class must submit his or her own personally signed written request for exclusion. A single written request for exclusion submitted on behalf of more than one Potential Settlement Class Member will be deemed invalid; provided, however, that an exclusion received from one Settlement Class Member will be deemed and construed as a request for exclusion by all co-account holders.

3. Unless excluded by separate Order entered by the Court for good cause shown prior to the final approval of this Settlement, any Settlement Class Member who fails to strictly comply with the procedures set forth in this Section for the submission of written requests for exclusion will be deemed to have consented to the jurisdiction of the Court, will be deemed to be part of the Settlement Class, and will be bound by all subsequent proceedings, orders, and judgments in the Action, including, but not limited to, the Release, even if he or she has litigation pending or subsequently initiates litigation against the Defendant relating to the released claims.

4. The Settlement Administrator shall file with the Court, no later than ten (10) days before the Fairness Hearing, a list reflecting all requests for exclusion it has received. The list shall also identify which of those requests for exclusion were received late, and which requests for exclusion failed to comply with the requirements of this Section VIII.

5. Settlement Class Members who exclude themselves from the Settlement Class as set forth in this Section expressly waive any right to the continued pursuit of any objection to the Settlement as set forth in this Section, or to otherwise pursue any objection, challenge, appeal, dispute, or collateral attack to this Agreement or the Settlement, including: to the Settlement's fairness, reasonableness, and adequacy; to the appointment of Class Counsel and Plaintiffs as the representatives of the Settlement Class; to any Attorneys' Fee and Expense awards; and to the approval of the Class Notice, and the procedures for disseminating the Class Notice to the Settlement Class.

## IX. RELEASE OF UNKNOWN CLAIMS

Plaintiffs expressly understand and acknowledge, and all Settlement Class Members will be deemed by the Final Judgment to acknowledge, that certain principles of law, including but not limited to Section 1542 of the Civil Code of the State of California, provide that "a general release does not extend to claims which the creditor does not know or suspect to exist in his or her favor at the time of executing the release, which if known by him or her must have materially affected his or her settlement with the debtor." To the extent that anyone might argue that these principles of law are applicable—notwithstanding that the Parties have chosen Florida law to govern this Agreement—Plaintiffs hereby agree that the provisions of all such principles of law or similar federal or state laws, rights, rules or legal principles, to the extent they are found to be applicable herein are hereby knowingly and voluntarily waived, relinquished, and released by Plaintiffs and all Settlement Class Members.

13

## X. <u>ATTORNEYS' FEES AND EXPENSES</u>

A.  Class Counsel may petition the Court for an award of Attorneys' Fees and Expenses in an aggregate amount not to exceed thirty three percent (33%) of the Settlement Funds. Class Counsel shall file its motion for an Attorneys' Fees and Expenses award no later than fourteen (14) days before the Objection/Exclusion Deadline. As soon as is practicable after filing, Class Counsel shall cause the Settlement Administrator to post on the Settlement Website all papers filed and served in support of Class Counsel's motion for an award of Attorneys' Fees and Expenses. The Defendant reserves the right to oppose any petition by Class Counsel for Attorneys' Fees and Expenses that the Defendant deems to be unreasonable in nature or amount or otherwise objectionable.

B.  All attorneys' fees for, and any reimbursement of litigation expenses incurred by, Class Counsel shall be paid out of the Settlement Funds. Other than making available the Settlement Funds pursuant to the requirements of Section 4, the Defendant shall have no responsibility for, and no liability whatsoever with respect to, any payment of attorneys' fees or expenses to Class Counsel and/or to the Plaintiffs, which Class Counsel and Plaintiffs shall seek to have paid only from the Settlement Funds.

C.  Class Counsel is solely responsible for distributing any Attorneys' Fees and Expenses to and among all attorneys that may claim entitlement to attorneys' fees or costs in the Action. It is a condition of this Settlement that the Defendant shall not be liable to anyone else for any attorneys' fees or costs, or any claim by any other counsel or Settlement Class Member or Plaintiff for additional attorneys' fees, costs or expenses, relating in any way to the Action, the Settlement, its administration and implementation, any appeals of orders or judgments relating to the Settlement, any objections or challenges to the Settlement, and/or any proceedings on behalf of Settlement Class Members who do not exclude themselves from the Settlement Class based on any of the claims or allegations forming the basis of the Action or any other claims that are defined as Released Claims in this Settlement.

D.  Within fourteen (14) days after the later of (a) the Final Settlement Date or (b) receipt of wire instructions from Class Counsel, whichever is later, the Settlement Administrator shall pay Class Counsel from the Settlement Funds any Attorneys' Fees and Expenses and Service Awards that may be awarded by the Court. Class Counsel shall be solely responsible for supplying the Settlement Administrator with all information required by the Settlement Administrator in order to pay such awards from the Settlement Funds, and to comply with the Settlement Administrator's state and local reporting obligations. Class Counsel will also be solely responsible for distributing such Service Awards to the Plaintiffs, in accordance with the terms and provisions of any Order entered by the Court approving such awards.

14

E.      In the event the Final Order and Judgment is not entered, or this Agreement and the Settlement do not reach the Final Settlement Date, the Defendant will not be liable for, and shall be under no obligation to pay, any of the Attorneys' Fees and Expenses and Service Awards set forth herein and described in this Agreement.

F.      The effectiveness of this Agreement and Settlement will not be conditioned upon or delayed by the Court's failure to approve in whole or in part any petition by Plaintiffs and Class Counsel for Attorneys' Fees and Expenses and Service Awards. The denial, downward modification, or failure to grant any petition by Plaintiffs and Class Counsel for Attorneys' Fees and Expenses and Service Awards shall not constitute grounds for modification or termination of this Agreement or the Settlement proposed herein.

## XI.    DUTIES OF THE PARTIES PRIOR TO FINAL COURT APPROVAL

The Parties shall promptly submit this Agreement to the District Court in support of a Joint Motion for Preliminary Approval and determination by the District Court as to its fairness, adequacy, and reasonableness. Promptly upon execution of this Agreement (and by no later than one week after signing), the Parties shall apply to the District Court for the entry of a Preliminary Approval order substantially in the following form:

A.      Scheduling a Final Approval Hearing on the question of whether the proposed settlement should be finally approved as fair, reasonable, and adequate as to the members of the Classes;

B.      Approving as to form and content the Class Notice;

C.      Directing and the method and frequency of Class Notice;

D.      Preliminarily approving the Settlement;

E.      Preliminarily and conditionally certifying the Settlement Class for settlement purposes;

F.      Staying all proceedings in the Action against Defendant, and enjoining the prosecution of any other individual or Class claims against Defendant.

G.      Providing that, in the event the proposed settlement set forth in this Agreement is not approved by the District Court, this Agreement and all orders entered in connection therewith, including but not limited to any order conditionally certifying the Settlement Class, shall become null and void and shall be of no further force and effect and shall not be used or referred to for any purposes whatsoever in the Action or in any other case or controversy; and that in such an event, this Agreement and all negotiations and proceedings related thereto shall be deemed to be without prejudice to the rights of any and all parties hereto, who shall be restored to the respective positions as of the date of this Agreement. In the event the District Court does not enter the Preliminary Approval order described herein, or decides to do so only with material modifications, then this

15

entire Agreement shall become null and void, unless the parties hereto agree in writing to proceed with this Agreement as modified.  Class Counsel shall prepare the initial draft of the pleadings required by this Section.

## XII. COURT APPROVALS

1. Class Counsel will submit a proposed final order and judgment at the Final Approval Hearing to include:

 A. Approving the Settlement, adjudging the terms thereof to be fair, reasonable, and adequate, and directing consummation of its terms and provisions; and

 B. Seeking entry by the Court of a final judgment and order permanently barring the Parties and Settlement Class Members from prosecuting the other Parties and their officers, attorneys, directors, shareholders, employees, agents, retailers, suppliers, distributors, endorsers, and consultants, in regard to those matters released as set forth in Section VI above.

2. The Settlement between the parties is contingent on the required Court approvals of all the terms set forth herein.

## XIII. PARTIES' AUTHORITY

The signatories represent that they are fully authorized to enter into this Agreement and bind the Parties to its terms and conditions.

## XIV. MUTUAL FULL COOPERATION

 A. The Parties agree to cooperate fully with each other to accomplish the terms of this Agreement, including but not limited to, execution of such documents and the taking of such other action as may reasonably be necessary to implement the terms of this Agreement. The Parties to this Agreement shall use their best efforts, including all efforts contemplated by this Agreement and any other efforts that may become necessary by order of the Court, or otherwise, to effectuate this Agreement. As soon as practicable after execution of this Agreement, Class Counsel, with the assistance and cooperation of Defendant and its counsel, shall take all necessary steps to secure the Court's final approval of this Agreement. Defendant agrees that he will not challenge venue or jurisdiction in the Southern District of Florida. Defendant will not oppose the Plaintiff's motion for certification of the Settlement Class which will be filed in the Southern District of Florida based on the terms set forth herein.

## XV. NO ADMISSION

This Agreement is not to be construed or deemed as an admission of liability, culpability, negligence, or wrongdoing on the part of Defendant or as an admission that class treatment in the Action is proper for any purpose other than settlement. Defendant denies all liability for claims asserted in the Action and deny that class treatment for the Action is proper for any purpose other

16

than settlement. Each of the Parties has entered into this Agreement with the intention to avoid further disputes and litigation with the attendant inconvenience and expenses. This Agreement is a settlement document and shall, pursuant to Fed. R. Evid. 408 and related or corresponding state evidence laws, be inadmissible in evidence in any proceeding. This Agreement or the existence of this settlement shall not be used or cited in any proceeding other than (i) an action or proceeding to approve or enforce this Agreement, or (ii) in a subsequent proceeding potentially barred by the Release specified herein.

## XVI. NOTICES

Unless otherwise specifically provided, all notices, demands or other communications in connection with this Agreement shall be in writing and shall be deemed to have been given as of the third business day after mailing by United States registered or certified mail, return receipt requested, addressed, with a copy served by email, as follows:

| For The Class | For Defendant |
|---|---|
| Adam M. Moskowitz<br>Joseph M. Kaye<br>THE MOSKOWITZ LAW FIRM, PLLC<br>2 Alhambra Plaza Suite 601<br>Coral Gables, FL 33134<br>adam@moskowitz-law.com<br>joseph@moskowitz-law.com<br>service@moskowitz-law.com<br><br>-and-<br><br>David Boies<br>Brooke Alexander<br>BOIES SCHILLER FLEXNER LLP<br>333 Main Street<br>Armonk, NY 10504<br>Phone: (914) 749–8200<br>dboies@bsfllp.com<br>balexander@bsfllp.com | Joseph A. DeMaria<br>Adam J. Lamb<br>FOX ROTHSCHILD, LLP<br>One Biscayne Tower<br>2 South Biscayne Blvd., Suite 2750<br>Miami, Florida 33131<br>JDeMaria@FoxRothschild.com<br>alamb@FoxRothschild.com<br>jpoli@FoxRothschild.com |

## XVII. CONSTRUCTION

The Parties agree that the terms and conditions of this Agreement are the result of lengthy, intensive arms-length negotiations between the Parties, and that this Agreement shall not be construed in favor of or against any Party by reason of the extent to which any Party or his or its counsel participated in the drafting of this Agreement.

17

149569755.1

## XVIII. MATERIAL TERMS; CAPTIONS

Each term of this Agreement is a material term of the Agreement not merely a recital, and reflects not only the intent and objectives of the Parties but also the consideration to be exchanged by the Parties hereunder. Paragraph titles or captions are inserted as a matter of convenience and for reference, and in no way define, limit, extend, or describe the scope of this Agreement or any of its provisions.

## XIX. INTEGRATION CLAUSE

This Agreement contains the entire agreement between the Parties relating to the settlement, and all prior or contemporaneous agreements, understandings, representations, and statements, whether oral or written and whether by a party or such party's legal counsel, are extinguished.

## XX. NO COLLATERAL ATTACK

This Agreement shall not be subject to collateral attack by any Settlement Class Member or any recipient of the notices to the Settlement Classes after the judgment and dismissal is entered. Such prohibited collateral attacks shall include claims made before the Final Approval Hearing that a Settlement Class Member's settlement amount was improperly calculated or adjusted or that the Settlement Class Member failed to receive timely notice of the procedure for disputing the calculation of the individual settlement amount or failed to submit a timely dispute letter for any reason.

## XXI. AMENDMENTS

The terms and provisions of this Agreement may be amended only by a written agreement, which is both (1) signed by the Parties who have executed this Agreement and (2) approved by the Court.

## XXII. ASSIGNMENTS

None of the rights, commitments, or obligations recognized under this Agreement may be assigned by any Party or Settlement Class Member without the express written consent of each other Party hereto. The representations, warranties, covenants, and agreements contained in this Agreement are for the sole benefit of the Parties and Settlement Class Members under this Agreement, and shall not be construed to confer any right or to avail any remedy to any other person.

## XXIII. GOVERNING LAW

This Agreement shall be governed by, and the rights of the Parties determined in accordance with, the laws of the State of Florida, irrespective of the State of Florida's choice of

149569755.1

law principals. The Parties shall jointly request that the District Court retain jurisdiction to enforce the provisions of this Agreement and to enforce the Agreement in the event of default.

## XXIV. BINDING ASSIGNS

This Agreement shall be binding upon and inure to the benefit of the Parties and their respective heirs, trustees, executors, administrators, successors, and assigns.

## XXV. CLASS COUNSEL SIGNATORIES

It is agreed that because the Settlement Classes appear to be so numerous, it is impossible or impractical to have each member of the class execute this Agreement. The notice plan set forth herein will advise Settlement Class Members of all material terms of this Agreement, including the binding nature of the releases and such shall have the same force and effect as if this Agreement were executed by each Settlement Class Member.

## XXVI.  SEVERABILITY OF INVALID PROVISIONS

If any provision of this Agreement is held invalid, the invalidity shall not affect other provisions or applications of the Agreement which can be given effect without the invalid provisions or applications, and to this end the provisions of this Agreement are declared to be severable.

## XXVI. COUNTERPARTS

This Agreement may be executed in counterparts, and when each party has signed and delivered at least one such counterpart, each counterpart shall be deemed an original, and, when taken together with other signed counterparts, shall constitute one Agreement, which shall be binding upon and effective as to all Parties and the Settlement Classes. All parties must sign this Agreement for it to be binding. A signature transmitted by email shall be as valid and binding as an original signature.

IN WITNESS WHEREOF, the parties have executed this Agreement as of this 4th day of October, 2023:

BY: _____
Adam Moskowitz
Class Counsel on Behalf of All Plaintiffs and the Class

BY: _____
David Boies
Class Counsel on Behalf of All Plaintiffs and the Class

19

149569755.1

BY: _____
Kevin Paffrath

BY: _____
Name: Adam J. Lamb, Esq., Fox Rothschild, LLP
Title:
Counsel for Kevin Paffrath

20

# Exhibit B6

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

IN RE:

**FTX CRYPTOCURRENCY EXCHANGE COLLAPSE LITIGATION**

23-md-03076-KMM

THIS DOCUMENT RELATES TO:

**EDWIN GARRISON**, *et al.,* on behalf of themselves and all others similarly situated,

*Plaintiffs,*

Case No. 1:23-cv-21023-KMM

*v.*

CLASS ACTION

**KEVIN PAFFRATH, *et al.***

*Defendants.*

**SETTLEMENT AGREEMENT AND RELEASE**

This Settlement Agreement and Release (the "Agreement") is made and entered into by and between the following parties on October 3, 2023: Plaintiffs/Class Representatives Edwin Garrison, Gregg Podalsky, Alexander Chernyavsky, and Sunil Kavuri (collectively, "Plaintiffs" or "Class Representatives"), on the one hand, and Tom Nash ("Defendant"), on the other hand, in the Action entitled *Edwin Garrison, et al. v. Kevin Paffrath et al.,* Case No.: 23-cv-21023 which was consolidated and transferred by the MDL Panel into *In Re: FTX Cryptocurrency Exchange Collapse Litigation*, Case. No. 23-md-03076-KMM (the "MDL") and pending in United States District Court for the Southern District of Florida (the "District Court").

**I.   DEFINITIONS**

As used in this Agreement and all related documents, the following terms have the following meanings:

A.    "Action" means the lawsuit captioned *Edwin Garrison, et al. v. Kevin Paffrath et al., Case No.: 23-cv-21023* which was consolidated and transferred by the MDL Panel into *In Re:*

*FTX Cryptocurrency Exchange Collapse Litigation*, Case. No. 23-md-03076-KMM (the "MDL") and pending in United States District Court for the Southern District of Florida.

B.      "Agreement" means this Settlement Agreement and Release and the exhibits attached hereto or incorporated herein, including any amendments subsequently agreed to by the Parties.

C.      "Attorneys' Fees and Expenses" means such aggregate funds as may be awarded by the Court from the Settlement Funds to compensate Class Counsel (and any other past, present, or future attorneys for Plaintiffs or the Settlement Class in this Action) for all of the past, present, and future attorneys' fees, costs (including court costs), expenses, and disbursements earned or incurred collectively and individually by any and all of them, their investigators, experts, staff, and consultants combined in connection with the Action.

D.      "Bankruptcy Proceeding" means the *In re: FTX Trading Ltd., et al*., Case No.: 22-11068-JTD, currently pending in the United State Bankruptcy Court for the District of Delaware.

E.      "Class Counsel" means The Moskowitz Law Firm, PLLC and Boies Schiller Flexner LLP.

F.      "Class Notice" means notice of the proposed settlement to be provided to Settlement Class Members under Section VI of the Agreement, which will be agreed to and submitted to the Court for approval when there are a sufficient number of MDL Defendants who have agreed to resolve the claims against them in this Action so that Class Notice and administration of the group of Settlements would be economically feasible. The Class Notice will include substantially all of the information included in Section VI, below.

G.      "Class Period" means May 1, 2019 through the date of Preliminary Approval of Class Settlement.

H.      "Costs of Administration" means the reasonable and necessary costs incurred by the Settlement Administrator to: (a) provide notice of the Settlement and this Agreement to the Settlement Class, as set forth in Section VI of this Agreement, with such costs being limited to those associated with distributing notice to appropriate state and federal officials as required by 28 U.S.C. § 1715, establishing and maintaining the Settlement Website and the automated interactive voice response telephone system, responding to Settlement Class Member inquiries, and otherwise distributing the Class Notice to the Settlement Class as provided in Section VII, and advertising the Settlement online; and (b) to calculate and distribute the Individual Allocations as set forth in Section IV of this Agreement. The Costs of Administration include the reasonable fees and expenses incurred by the Settlement Administrator in performing all of the tasks for which the Settlement Administrator is retained and will be paid from the Settlement Fund. The Costs of Administration do not include any Attorneys' Fees and Expenses or Service Awards, which—if awarded by the Court—will be paid from the Settlement Fund.

2

I.      "Court" or "District Court" means the United States District Court for the Southern District of Florida, Miami-Division, the Honorable K. Michael Moore presiding, or any other judge of this court who shall succeed him as the Judge assigned to this Action.

J.      "Effective Date" means (a) if no objection is raised to the proposed settlement at the Final Approval Hearing, the date on which the final approval order and judgment is entered; or (b) if any objections are raised to the proposed settlement at the Final Approval Hearing and not withdrawn prior to the Final Judgment, the latest of (i) the expiration date of the time for filing or notice of any appeal from the final approval order and judgment, (ii) the date of final affirmance of any appeal of the final approval order and judgment, (iii) the expiration of the time for, or the denial of, a petition for writ of certiorari to review the final approval order and judgment and, if certiorari is granted, the date of final affirmance of the final approval order and judgment following review pursuant to that grant; or (iv) the date of final dismissal of any appeal from the final approval order and judgment or the final dismissal of any proceeding on certiorari to review the final approval order and judgment.

K.      "Final Approval Hearing" means the hearing at or after which the District Court will make a final decision whether to approve this Agreement and the settlement set forth herein as fair, reasonable, and adequate and entry by the District Court of a final judgment and order thereon.

L.      "Final Judgment" means the judgment the District Court enters, finally approving the class settlement.

M.      "MDL Defendants" collectively refers to all Defendants named in the seven Administrative Class Action Complaints filed in the MDL on August 7, 2023.

N.      "Objection Deadline" means the date thirty (30) days prior to the "Final Approval Hearing," defined above.

O.      "Parties" means the Class Representatives and Defendant.

P.      "Plaintiffs" or "Class Representatives" mean Edwin Garrison, Gregg Podalsky, Alexander Chernyavsky, and Sunil Kavuri.

Q.      "Preliminary Approval" means the date the District Court preliminarily approves the settlement of the Action, including but not limited to, the terms and conditions of this Agreement.

R.      "Settlement Administrator" means [____], selected by the Parties to help implement the distribution of the Class Notice, host the Settlement Website and automated interactive voice recognition telephone system, calculate Individual Allocations and distribute Individual Allocations to Settlement Class Members, and aid in fulfilling the related requirements set forth in this Agreement. Class Counsel will seek the Court's approval of [____] as the Settlement Administrator in connection with the preliminary approval of this Agreement and Settlement.

3

S.      "Settlement Classes" mean the following Classes:

(1) **International Class:** All persons or entities residing outside the United States who, within the applicable limitations period, purchased or held legal title and/or any beneficial interest in fiat or cryptocurrency deposited or invested through an FTX Platform, purchased or enrolled in a YBA, or purchased FTT.

(2) **Nationwide Class:** All persons or entities in the United States who, within the applicable limitations period, purchased or held legal title and/or any beneficial interest to any fiat or cryptocurrency deposited or invested through an FTX Platform, purchased or enrolled in a YBA, or purchased FTT.

Excluded from the Classes are Defendant and his officers, directors, affiliates, legal representatives, employees, assigns and successors, the MDL Defendants and their officers, directors, affiliates, legal representatives, and employees, the FTX Group and their officers, directors, affiliates, legal representatives, and employees, any governmental entities, any judge, justice, or judicial officer presiding over this matter and the members of their immediate families and judicial staff.

T.      "Settlement Class Member" means any member of the Settlement Class.

U.      "The Non-settling Defendants" means the remaining Defendants in the Action, and all other MDL Defendants.

V.      "YBA" means a yield-bearing account marketed and/or sold by Defendant and Non-settling Defendants.

## II. LITIGATION BACKGROUND

A.      On March 15, 2023, Plaintiffs filed the Action seeking monetary relief and alleging that the Non-settling Defendants and Defendant promoted, assisted in, and/or actively participated in FTX Trading LTD d/b/a FTX's ("FTX Trading") and West Realm Shires Services Inc. d/b/a FTX US's ("FTX US") (collectively, the "FTX Entities"), offer and sale of unregistered securities and identical FTX yield bearing accounts ("YBAs"). FTX was established by Samuel Bankman-Fried, Gary (Zixiao) Wang and Nishad Singh, with operations commencing in May 2019. FTX was purportedly established in order to build a digital asset trading platform and exchange for the purpose of a better user experience, customer protection, and innovative products. FTX built the FTX.com exchange to develop a platform robust enough for professional trading firms and intuitive enough for first-time users. Until seeking the protection of the Bankruptcy Court, the FTX Entities operated a multibillion-dollar mobile application cryptocurrency investment service that placed cryptocurrency trade orders on behalf of users like Plaintiff and Class Members and offered interest bearing cryptocurrency accounts. The FTX Disaster is the largest financial fraud in US history. The former FTX CEO is on house arrest pending a federal prosecution, and the new CEO—who helped wind down Enron—concluded the fraud here was worse than Enron and is unprecedented. Billions of dollars have been stolen from investors across the globe. FTX will be

4

involved in federal bankruptcy proceedings for many years and there is no guarantee that any of the victims will be able to see any recovery from those proceedings.

B.   Multiple actions were pending relating to the FTX disaster and a petition was filed by Co-Lead Counsel with the United States Judicial Panel on Multi-District Litigation ("MDL Panel") to consolidate and transfer these related actions to the District Court with a request that Judge K. Michael Moore be the presiding Judge.

C.   On June 5, 2023, the MDL Panel entered an order consolidating and transferring all of the Related Actions to the District Court for pretrial proceedings. The new consolidated action was styled: *In Re: FTX Cryptocurrency Exchange Collapse Litigation*, Case. No. 23-md-03076-KMM.

D.   On June 21, 2023, the District Court adopted Plaintiffs' Proposed Leadership Structure (EFC No. 59-1) and set an initial schedule. *See* ECF No. 61. Plaintiffs' Proposed Leadership Structure included the appointment of Adam Moskowitz and David Boise as Co-Lead Counsel.

E.   The Parties all were assisted by Counsel, engaged in significant settlement negotiations, and exchanged documents, including financial information from the Defendant demonstrating Defendant's financial worth.

F.   Class Counsel has conducted a thorough investigation into the facts surrounding the Action. This investigation included but was not limited to: factual research; legal research; and collection and review of documents and data.

G.   Counsel for the Parties thereafter engaged in a series of discussions regarding a settlement of the Action, including substantial additional arms-length negotiations, where all Parties were represented by Counsel. The result was a settlement of the Action in its entirety, culminating with this Agreement.

H.   Based on the above-outlined investigation, the current state of the law, the expense, burden, and time necessary to prosecute the Action through trial and possible appeals, the risks and uncertainty of further prosecution of this Action considering the defenses at issue, the contested legal and factual issues involved, and the relative benefits to be conferred upon Plaintiffs and the Settlement Class Members pursuant to this Agreement, Class Counsel has concluded that a settlement with Defendant on the terms set forth herein is fair, reasonable, adequate, and in the best interests of the Settlement Classes in light of all known facts and circumstances.

I.   Defendant and Defendant's counsel recognize the expense and length of continued proceedings necessary to continue the Action through trial and through possible appeals. Defendant also recognizes that the expense and time spent pursuing this Action has and will further detract from resources that may be used to reimburse class members for their damages. While Defendant denies any wrongdoing or liability arising out of any of the facts or conduct alleged in the Action and believes that he possesses valid defenses to Plaintiffs' claims, Defendant has determined that the settlement is fair, adequate, and reasonable.

## III. CERTIFICATION

A.     Certification of Classes: For Settlement purposes only, and without any finding or admission of any wrongdoing or fault by Defendant, and solely pursuant to the terms of this Agreement, the Parties consent to and agree to the establishment of a conditional certification of the nationwide Settlement Classes, pursuant to Federal Rule of Civil Procedure 23(a) and 23(b)(2). Edwin Garrison, Gregg Podalsky, Alexander Chernyavsky, and Sunil Kavuri will serve as class representative plaintiffs and The Moskowitz Law Firm, PLLC, and Boies Schiller Flexner LLP will serve as Co-Lead Class Counsel.

B.     Certification is Conditional: This certification is for settlement purposes only and is conditional on the District Court's approval of this Agreement. In the event the District Court does not approve all terms of the Agreement, then certification of the Settlement Classes should be void and this Agreement and all orders entered in connection therewith, including but not limited to any order conditionally certifying the Settlement Classes, shall become null and void and shall be of no further force and effect and shall not be used or referred to for any purposes whatsoever in the Action or in any other case or controversy. And, in such an event, this Agreement and all negotiations and proceedings related thereto shall be deemed to be without prejudice to the rights of any and all parties hereto, who shall be restored to their respective positions as of the date of this Agreement, and Defendant shall not be deemed to have waived any opposition or defenses he has to any aspect of the claims asserted herein or to whether those claims are amenable to class-based treatment.

## IV. SETTLEMENT CONSIDERATION

In consideration of the mutual covenants and promises set forth herein, and subject to District Court approval, the Parties agree as follows:

A.     **Monetary Relief.** A Common Fund to fund the Class Settlement, including all costs, fees or other payments, including but not limited to the costs of notice and administration, attorneys' fees, litigation expenses and costs (the "Common Fund") will be created in the amount of **$37,485.00** USD, to be paid in ten monthly installments of $3,748.50, beginning on the first of the month following the execution of this Agreement. This amount consists of 75% of the total sum paid to Defendant by any and all sources. Defendant has provided or will provide evidence establishing his inability to withstand a larger settlement amount. The amount is intended to be a complete and total payment; in no event shall Defendant, their insurers or any of the Released Parties ever be liable for any amount whatsoever in excess of the Common Fund, regardless of any circumstance whatsoever. The Parties agree and confirm that future claims are not included in this Release. No portion of the Common Fund will revert to the Defendant.

B.     **Settlement Payment.** The Settlement payment shall be deposited into an interest-bearing account of Plaintiffs' counsels' choosing. The Settlement Payment, along with any accrued interest, will be returned to the Defendant if this Settlement is not approved by the Court.

6

C.  **Confirmatory Discovery**: Defendant currently has private counsel assisting his defense. Defendant will provide Plaintiffs with a Declaration that he had no personal knowledge that the FTX Interest Accounts, and/or any FTX tokens, were the sale of an unregistered security. Defendant will also provide Plaintiffs with a Declaration and/or financial statement that demonstrates an inability to pay Monetary Relief greater than the amount Defendant was paid in connection with his promotion of FTX. The Parties will be entitled to further confirmatory discovery to the extent necessary to support the settlement.

D.  **Settlement Approval and Administration Held in Abeyance.** Given the number of the Class Members and the global nature of the Settlement, Class Counsel may decide to seek approval and administration of this Settlement, along with other future FTX Settlements, to save costs associated with the Notice and with administration of the Settlement. The Parties have agreed to request that the Court hold the notice of the Settlement and any final approval of the Settlement in abeyance until a sufficient amount of the MDL Defendants settle to make the notice economical. While Defendant agrees to pay the Monetary Relief into an interest-bearing account pending approval and administration of this Settlement in accordance with sections IV.A and IV.B, above, the Parties agree that Class Counsel will propose a Plan for Administration of the Settlement to the Court for approval in connection with seeking approval of this Settlement after a sufficient amount of the MDL Defendants settle to make administration of the Settlement economical.

## V. RELEASE

The Settlement Class Representatives and each member of the Settlement Class, by operation of the Final Order and Judgment, on his, her, its, or their own behalf and on behalf of his, her, its or their predecessors, successors, assigns, assignors, representatives, attorneys, agents, trustees, insurers, heirs, next of kin, estates, beneficiaries, executors, administrators, and any natural, legal, or juridical person or entity that he, she, it or they are entitled to assert any claim on behalf of any Settlement Class member, will agree to release and forever discharge Defendant and his insurers, affiliates, successors, executors, assigns members, current and former officers, directors, employees, attorneys and agents (the "Released Parties") from all past and present claims, counterclaims, crossclaims, lawsuits, demands, damages, property damages, economic damages, legal fees, costs and expenses, rights, causes of action, liabilities, suits, judgments, debts, dues sums of money seeking damages or other legal or equitable relief of whatever kind or nature, known or unknown, accrued or unaccrued, existing or contingent, asserted or unasserted, from the beginning of the world through the date of the approval of settlement, by Final; Court Order and Judgment, arising out of or in any way related to: a) the allegations in the Class Action Complaint and/or b) any social media posts or other statements made by Defendant referring or relating to the FTX Group and/or its affiliates. This Release specifically does not apply to Creators Agency LLC (and/or any of their insurers, affiliates, successors, executors, assigns members, current and former officers, directors, employees, attorneys and agents) or FTX Group (and/or any of their insurers,

affiliates, successors, executors, assigns members, current and former officers, directors, employees, attorneys and agents).

## VI. NOTICE TO THE SETTLEMENT CLASS

Class Notice: In accordance with Section IV.D, above, the Parties have agreed to hold the notice of this Agreement in abeyance until a sufficient amount of the MDL Defendants settle to make the notice economical. When Class Counsel decides to seek approval of this Settlement with other future FTX Settlements, Class Counsel shall issue the Class Notice in accordance with the requirements of the Preliminary Approval Order, as follows:

A. <u>Notices</u>. Class Counsel shall prepare a notice which will contain a description of the Settlement Agreement and afford affected parties the opportunity to obtain copies of all the settlement-related papers. The Class Notice shall be the legal notice to be provided to the Settlement Class Members, and shall otherwise comply with Federal Rule of Civil Procedure 23 and any other applicable statutes, laws, and rules, including, but not limited to, the Due Process Clause of the United States Constitution. The Notice will be distributed in accordance with item B below.

    1. The Class Notice shall advise the Potential Settlement Class Members of the following:

        a. <u>General Terms.</u> The Class Notice shall contain a plain, neutral, objective, and concise summary description of the nature of the Action and the terms of the proposed Settlement, including all relief that will be provided by the Defendant to the Settlement Class in the Settlement, as set forth in this Agreement. This description shall also disclose, among other things, that (a) any relief to Settlement Class Members offered by the Settlement is contingent upon the Court's approval of the Settlement, which will not become effective until the Effective Date; (b) Class Counsel and Plaintiffs have reserved the right to petition the Court for an award of Attorneys' Fees and Expenses from the Settlement Funds. The Settlement is not contingent upon any particular amount of Attorneys' Fees and Expenses being awarded by the Court.

        b. <u>The Settlement Class.</u> The Class Notice shall define the Settlement and shall disclose that the Settlement Class has been provisionally certified for purposes of settlement only.

        c. <u>Opt-Out Rights.</u> The Class Notice shall inform the Settlement Class Members of their right to seek exclusion from the Settlement Class and the Settlement and provide the deadlines and procedures for exercising this right.

        d.   <u>Objection to Settlement.</u> The Class Notice shall inform Settlement Class Members of their right to object to the proposed Settlement and to appear at the Fairness Hearing and provide the deadlines and procedures for exercising these rights.

        e.   <u>Fairness Hearing.</u> The Class Notice shall disclose the date and time of the Fairness Hearing and explain that the Fairness Hearing may be rescheduled without further notice to the Settlement Class.

        f.   <u>Release.</u> The Class Notice shall summarize or recite the proposed terms of the Release contemplated by this Agreement.

        g.   <u>Further information</u>**.** The Class Notice shall disclose where Settlement Class Members may direct written or oral inquiries regarding the Settlement, and also where they may obtain additional information about the Action, including instructions on how Settlement Class Members can access the case docket using PACER or in person at any of the court's locations.

B.   <u>Service.</u> Subject to Section IV.D. above, the Settlement Administrator shall serve the Notices no later than thirty days after entry of the Preliminary Approval Order via publication to the dedicated website created and maintained for this Action, and via email to any Class Members whose email addresses are reasonably available to Class Counsel.

C.   <u>Settlement Website</u>**.** The Parties shall cause the Settlement Administrator to establish the Settlement Website, whose address shall be included and disclosed in the Class Notice, and which will inform potential Settlement Class Members of the terms of this Agreement, their rights, dates, and deadlines and related information. The Settlement Website shall include, in .pdf format, a copy of the Operative Complaint, this Agreement and its exhibits, any Preliminary Approval Order entered by the Court, and a copy of the Class Notice, along with such other information as the Court may designate or the Parties may agree to post there. The Settlement Website will be operational and live by the date of the first mailing of the Class Notice. A Spanish-language translation of the Class Notice shall be placed on the Settlement Website by the Settlement Administrator at the time the Settlement Website becomes operational and live. The Spanish-language translation shall be created by a federally certified translator. However, in the case of conflict, the English-language version of the Class Notice shall control.

D.   <u>IVR Calling Line</u>. The Parties shall cause the Settlement Administrator to establish an automated interactive voice recognition telephone system for the purposes of providing information concerning the nature of the Action, the material terms of the Settlement, and the deadlines and procedures for potential Settlement Class Members to exercise their opt-out and objection rights. The Class Notice and Settlement Website shall

include and disclose the telephone number of this automated interactive voice recognition telephone system.

E.  <u>Internet Advertising</u>. The Parties shall cause the Settlement Administrator to make advertisements on the internet for the purpose of alerting Settlement Class Members to the settlement website, in a form recommended by the Settlement Administrator and mutually acceptable to the Parties, with an aggregate cost to the not to exceed 1% of the Common Fund.

F.  <u>Notice to Appropriate Federal and State Officials.</u> Pursuant to the notice provisions of the Class Action Fairness Act, 28 U.S.C. § 1715, within ten (10) days after this Agreement is deemed filed with the Court, the Defendant will provide notice of this Action and this Agreement to the appropriate federal and state entities.

G.  Not later than ten (10) days before the date of the Fairness Hearing, the Settlement Administrator, and to the extent necessary the Parties, shall file with the Court a declaration or declarations, based on the personal knowledge of the declarant(s), verifying compliance with these class-wide notice procedures.

## VII. SETTLEMENT ADMINISTRATION

A.  As set forth in Section IV.D, above, the Parties have agreed to request that the Court hold the notice, final approval, and administration of the Settlement in abeyance until a sufficient amount of the MDL Defendants settle to make the notice economical.

B.  While Defendant agrees to pay the Monetary Relief into an interest-bearing account pending approval and administration of this Settlement in accordance with sections IV.A and IV.B, above, the Parties agree that Class Counsel will propose a Plan for Administration of the Settlement to the Court for approval in connection with seeking approval of this Settlement after a sufficient amount of the MDL Defendants settle to make administration of the Settlement economical.

## VIII. PROCEDURES FOR OBJECTING TO OR REQUESTING EXCLUSION FROM SETTLEMENT

A.  **Objections:** Only Settlement Class Members may object to the settlement. All objections must be filed no later than thirty calendar days prior to the Final Fairness Hearing (the "Objection/Exclusion Deadline") with Clerk of the United States District Court for the Southern District of Florida, 400 North Miami Avenue, 8th Floor, Miami, FL 33128, and served at that same time upon both of the following:

a.  Co-Lead Class Counsel
Adam M. Moskowitz
Joseph M. Kaye

**THE MOSKOWITZ LAW FIRM, PLLC**
3250 Mary Street, Suite 202
Coconut Grove, Florida 33133
adam@moskowitz-law.com
joseph@moskowitz-law.com
service@moskowitz-law.com

-and-

David Boies
Brooke Alexander
**BOIES SCHILLER FLEXNER LLP**
333 Main Street
Armonk, NY 10504
Phone: (914) 749–8200
dboies@bsfllp.com
balexander@bsfllp.com

B.   A Settlement Class Member's objection must:

   a.   be in writing;
   b.   include the objector's full name, current address, and current telephone number;
   c.   include documentation or attestation sufficient to establish membership in any of the Classes;
   d.   be signed by the person filing the objection, or his attorney;
   e.   state, in detail, the factual and legal grounds for the objection;
   f.   state any objections filed by the objector in the last seven years (case name, name of court and result of objection);
   g.   attach any document the Court should review in considering the objection and ruling on the Motion;
   h.   provide dates for availability to Class Counsel for the Settlement Class Member's deposition; and
   i.   include a request to appear at the Final Approval Hearing, if the objector intends to appear at the Final Approval Hearing.

C.   Any objection that does not meet all of these requirements will be deemed invalid and will be overruled.

D.   Subject to approval of the Court, any objecting Settlement Class Member may appear, in person or by counsel, at the Final Approval Hearing held by the Court, to show cause why the proposed Settlement should not be approved as fair, adequate, and reasonable, or object to any petitions for attorneys' fees, Class Representative Award, and reimbursement of reasonable litigation costs and expenses. The objecting Class Member must file with the Clerk of the Court and serve upon Class Counsel and Defendant's Counsel (at the addresses listed above),

11

a notice of intention to appear at the Final Approval Hearing ("Notice of Intention to Appear") on or before the Objection/Exclusion Deadline.

E.      The Notice of Intention to Appear must include copies of any papers, exhibits, or other evidence that the objecting Class Member (or his/her/its counsel) will present to the Court in connection with the Final Approval Hearing. Any Class Member who does not provide a Notice of Intention to Appear in complete accordance with the deadlines and other specifications set forth in the Class Notice, will not be allowed to speak or otherwise present any views at the Final Approval Hearing.

F.      The date of the postmark on the mailing envelope or a legal proof of service accompanied and a file-stamped copy of the submission shall be the exclusive means used to determine whether an objection and/or notice of intention to appear has been timely filed and served. In the event that the postmark is illegible, the objection and/or notice to appear shall be deemed untimely unless it is received by the counsel for the Parties within two (2) calendar days of the Objection/Exclusion Deadline.

G.      <u>Response to Objections</u>: Class Counsel shall, at least ten (10) business days (or such other number of days as the Court shall specify) before the Final Approval Hearing, file any responses to any written objections submitted to the Court by Settlement Class Members in accordance with this Agreement.

H.      <u>No Solicitation of Settlement Objections</u>: The Parties agree to use their best efforts to carry out the terms of this Settlement. At no time will any of the Parties or their counsel seek to solicit or otherwise encourage any Settlement Class Member to object to the settlement or encourage any Settlement Class Member to appeal from the final judgment.

I.      **<u>Requests for Exclusion</u>**

1.    Any Settlement Class Member who wishes to be excluded from the Settlement Class must mail a written "request for exclusion" to the Settlement Administrator at the address provided in the Class Notice, mailed sufficiently in advance to be received by the Settlement Administrator no later than the Objection/Exclusion Deadline. A written request for exclusion must: (a) contain a caption or title that identifies it as "Request for Exclusion in *In Re. FTX Cryptocurrency Exchange Collapse Litigation*; (b) include the Settlement Class Member's name, mailing and email addresses, and contact telephone number; (c) specify that he or she wants to be "excluded from the Settlement Class" and identify the Class Loan number(s) for which he or she seeks exclusion from the Settlement; and (d) be personally signed by the Settlement Class Member. The requirements for submitting a timely and valid request for exclusion shall be set forth in the Class Notice.

2.    Each Settlement Class Member who wishes to be excluded from the Settlement

Class must submit his or her own personally signed written request for exclusion. A single written request for exclusion submitted on behalf of more than one Potential Settlement Class Member will be deemed invalid; provided, however, that an exclusion received from one Settlement Class Member will be deemed and construed as a request for exclusion by all co-account holders.

3. Unless excluded by separate Order entered by the Court for good cause shown prior to the final approval of this Settlement, any Settlement Class Member who fails to strictly comply with the procedures set forth in this Section for the submission of written requests for exclusion will be deemed to have consented to the jurisdiction of the Court, will be deemed to be part of the Settlement Class, and will be bound by all subsequent proceedings, orders, and judgments in the Action, including, but not limited to, the Release, even if he or she has litigation pending or subsequently initiates litigation against the Defendant relating to the released claims.

4. The Settlement Administrator shall file with the Court, no later than ten (10) days before the Fairness Hearing, a list reflecting all requests for exclusion it has received. The list shall also identify which of those requests for exclusion were received late, and which requests for exclusion failed to comply with the requirements of this Section VIII.

5. Settlement Class Members who exclude themselves from the Settlement Class as set forth in this Section expressly waive any right to the continued pursuit of any objection to the Settlement as set forth in this Section, or to otherwise pursue any objection, challenge, appeal, dispute, or collateral attack to this Agreement or the Settlement, including: to the Settlement's fairness, reasonableness, and adequacy; to the appointment of Class Counsel and Plaintiffs as the representatives of the Settlement Class; to any Attorneys' Fee and Expense awards; and to the approval of the Class Notice, and the procedures for disseminating the Class Notice to the Settlement Class.

## IX. RELEASE OF UNKNOWN CLAIMS

Plaintiffs expressly understand and acknowledge, and all Settlement Class Members will be deemed by the Final Judgment to acknowledge, that certain principles of law, including but not limited to Section 1542 of the Civil Code of the State of California, provide that "a general release does not extend to claims which the creditor does not know or suspect to exist in his or her favor at the time of executing the release, which if known by him or her must have materially affected his or her settlement with the debtor." To the extent that anyone might argue that these principles of law are applicable—notwithstanding that the Parties have chosen Florida law to govern this Agreement—Plaintiffs hereby agree that the provisions of all such principles of law or similar federal or state laws, rights, rules or legal principles, to the extent they are found to be applicable herein are hereby knowingly and voluntarily waived, relinquished, and released by Plaintiffs and all Settlement Class Members.

## X. **ATTORNEYS' FEES AND EXPENSES**

A.    Class Counsel may petition the Court for an award of Attorneys' Fees and Expenses in an aggregate amount not to exceed thirty three percent (33%) of the Settlement Funds. Class Counsel shall file its motion for an Attorneys' Fees and Expenses award no later than fourteen (14) days before the Objection/Exclusion Deadline. As soon as is practicable after filing, Class Counsel shall cause the Settlement Administrator to post on the Settlement Website all papers filed and served in support of Class Counsel's motion for an award of Attorneys' Fees and Expenses. The Defendant reserves the right to oppose any petition by Class Counsel for Attorneys' Fees and Expenses that the Defendant deems to be unreasonable in nature or amount or otherwise objectionable.

B.    All attorneys' fees for, and any reimbursement of litigation expenses incurred by, Class Counsel shall be paid out of the Settlement Funds. Other than making available the Settlement Funds pursuant to the requirements of Section 4, the Defendant shall have no responsibility for, and no liability whatsoever with respect to, any payment of attorneys' fees or expenses to Class Counsel, which Class Counsel and Plaintiff shall seek to have paid only from the Settlement Funds.

C.    Class Counsel is solely responsible for distributing any Attorneys' Fees and Expenses to and among all attorneys that may claim entitlement to attorneys' fees or costs in the Action. It is a condition of this Settlement that the Defendant shall not be liable to anyone else for any attorneys' fees or costs, or any claim by any other counsel or Settlement Class Member for additional attorneys' fees, costs or expenses, relating in any way to the Action, the Settlement, its administration and implementation, any appeals of orders or judgments relating to the Settlement, any objections or challenges to the Settlement, and/or any proceedings on behalf of Settlement Class Members who do not exclude themselves from the Settlement Class based on any of the claims or allegations forming the basis of the Action or any other claims that are defined as Released Claims in this Settlement.

D.    Within fourteen (14) days after the later of (a) the Final Settlement Date or (b) receipt of wire instructions from Class Counsel, whichever is later, the Settlement Administrator shall pay Class Counsel from the Settlement Funds any Attorneys' Fees and Expenses and Service Awards that may be awarded by the Court. Class Counsel shall be solely responsible for supplying the Settlement Administrator with all information required by the Settlement Administrator in order to pay such awards from the Settlement Funds, and to comply with the Settlement Administrator's state and local reporting obligations. Class Counsel will also be solely responsible for distributing such Service Awards to the Plaintiffs, in accordance with the terms and provisions of any Order entered by the Court approving such awards.

E.    In the event the Final Order and Judgment is not entered, or this Agreement and the Settlement do not reach the Final Settlement Date, the Defendant will not be liable

14

for, and shall be under no obligation to pay, any of the Attorneys' Fees and Expenses and Service Awards set forth herein and described in this Agreement.

F.     The effectiveness of this Agreement and Settlement will not be conditioned upon or delayed by the Court's failure to approve in whole or in part any petition by Plaintiffs and Class Counsel for Attorneys' Fees and Expenses and Service Awards. The denial, downward modification, or failure to grant any petition by Plaintiffs and Class Counsel for Attorneys' Fees and Expenses and Service Awards shall not constitute grounds for modification or termination of this Agreement or the Settlement proposed herein.

## XI.   DUTIES OF THE PARTIES PRIOR TO FINAL COURT APPROVAL

The Parties shall promptly submit this Agreement to the District Court in support of a Joint Motion for Preliminary Approval and determination by the District Court as to its fairness, adequacy, and reasonableness. Promptly upon execution of this Agreement (and by no later than one week after signing), the Parties shall apply to the District Court for the entry of a Preliminary Approval order substantially in the following form:

A.     Scheduling a Final Approval Hearing on the question of whether the proposed settlement should be finally approved as fair, reasonable, and adequate as to the members of the Classes;

B.     Approving as to form and content the Class Notice;

C.     Directing and the method and frequency of Class Notice;

D.     Preliminarily approving the Settlement;

E.     Preliminarily and conditionally certifying the Settlement Class for settlement purposes;

F.     Staying all proceedings in the Action against Defendant, and enjoining the prosecution of any other individual or Class claims against Defendant.

G.     Providing that, in the event the proposed settlement set forth in this Agreement is not approved by the District Court, this Agreement and all orders entered in connection therewith, including but not limited to any order conditionally certifying the Settlement Class, shall become null and void and shall be of no further force and effect and shall not be used or referred to for any purposes whatsoever in the Action or in any other case or controversy; and that in such an event, this Agreement and all negotiations and proceedings related thereto shall be deemed to be without prejudice to the rights of any and all parties hereto, who shall be restored to the respective positions as of the date of this Agreement. In the event the District Court does not enter the Preliminary Approval order described herein, or decides to do so only with material modifications, then this entire Agreement shall become null and void, unless the parties hereto agree in writing to proceed with this Agreement as modified.

## XII. COURT APPROVALS

      1.     Class Counsel will submit a proposed final order and judgment at the Final Approval Hearing to include:

      A.     Approving the Settlement, adjudging the terms thereof to be fair, reasonable, and adequate, and directing consummation of its terms and provisions; and

      B.     Seeking entry by the Court of a final judgment and order permanently barring the Parties and Settlement Class Members from prosecuting the other Parties and their officers, attorneys, directors, shareholders, employees, agents, retailers, suppliers, distributors, endorsers, and consultants, in regard to those matters released as set forth in Section VI above.

      2.     The Settlement between the parties is contingent on the required Court approvals of all the terms set forth herein.

## XIII. PARTIES' AUTHORITY

The signatories represent that they are fully authorized to enter into this Agreement and bind the Parties to its terms and conditions.

## XIV. MUTUAL FULL COOPERATION

      A.     The Parties agree to cooperate fully with each other to accomplish the terms of this Agreement, including but not limited to, execution of such documents and the taking of such other action as may reasonably be necessary to implement the terms of this Agreement. The Parties to this Agreement shall use their best efforts, including all efforts contemplated by this Agreement and any other efforts that may become necessary by order of the Court, or otherwise, to effectuate this Agreement. Defendant shall cooperate with Plaintiffs' efforts to recover losses relating to Class Members. As soon as practicable after execution of this Agreement, Class Counsel, with the assistance and cooperation of Defendant and its counsel, shall take all necessary steps to secure the Court's final approval of this Agreement. Defendant agrees that he will not challenge venue or jurisdiction in the Southern District of Florida. Defendant will not oppose the Plaintiff's motion for certification of the Settlement Class which will be filed in the Southern District of Florida based on the terms set forth herein.

## XV. NO ADMISSION

This Agreement is not to be construed or deemed as an admission of liability, culpability, negligence, or wrongdoing on the part of Defendant or as an admission that class treatment in the Action is proper for any purpose other than settlement. Defendant denies all liability for claims asserted in the Action and deny that class treatment for the Action is proper for any purpose other than settlement. Each of the Parties has entered into this Agreement with the intention to avoid further disputes and litigation with the attendant inconvenience and expenses. This Agreement is

a settlement document and shall, pursuant to Fed. R. Evid. 408 and related or corresponding state evidence laws, be inadmissible in evidence in any proceeding. This Agreement or the existence of this settlement shall not be used or cited in any proceeding other than (i) an action or proceeding to approve or enforce this Agreement, or (ii) in a subsequent proceeding potentially barred by the Release specified herein.

## XVI. NOTICES

Unless otherwise specifically provided, all notices, demands or other communications in connection with this Agreement shall be in writing and shall be deemed to have been given as of the third business day after mailing by United States registered or certified mail, return receipt requested, addressed as follows:

| For The Class | For Defendant |
|---|---|
| Adam M. Moskowitz<br>Joseph M. Kaye<br>**THE MOSKOWITZ LAW FIRM, PLLC**<br>3250 Mary Street, Suite 202<br>Coconut Grove, Florida 33133<br>adam@moskowitz-law.com<br>joseph@moskowitz-law.com<br>service@moskowitz-law.com<br><br>-and-<br><br>David Boies<br>Brooke Alexander<br>**BOIES SCHILLER FLEXNER LLP**<br>333 Main Street<br>Armonk, NY 10504<br>Phone: (914) 749–8200<br>dboies@bsfllp.com<br>balexander@bsfllp.com | Brian W. Toth<br>**TOTH FUNES PA**<br>Ingraham Building<br>25 Southeast Second Avenue, Suite 805<br>Miami, Florida 33131<br>Phone: (305) 717-7850<br>btoth@tothfunes.com |

## XVII. CONSTRUCTION

The Parties agree that the terms and conditions of this Agreement are the result of lengthy, intensive arms-length negotiations between the Parties, and that this Agreement shall not be construed in favor of or against any Party by reason of the extent to which any Party or his or its counsel participated in the drafting of this Agreement.

## XVIII. MATERIAL TERMS; CAPTIONS

17

Each term of this Agreement is a material term of the Agreement not merely a recital, and reflects not only the intent and objectives of the Parties but also the consideration to be exchanged by the Parties hereunder. Paragraph titles or captions are inserted as a matter of convenience and for reference, and in no way define, limit, extend, or describe the scope of this Agreement or any of its provisions.

## XIX. INTEGRATION CLAUSE

This Agreement contains the entire agreement between the Parties relating to the settlement, and all prior or contemporaneous agreements, understandings, representations, and statements, whether oral or written and whether by a party or such party's legal counsel, are extinguished.

## XX. NO COLLATERAL ATTACK

This Agreement shall not be subject to collateral attack by any Settlement Class Member or any recipient of the notices to the Settlement Classes after the judgment and dismissal is entered. Such prohibited collateral attacks shall include claims made before the Final Approval Hearing that a Settlement Class Member's settlement amount was improperly calculated or adjusted or that the Settlement Class Member failed to receive timely notice of the procedure for disputing the calculation of the individual settlement amount or failed to submit a timely dispute letter for any reason.

## XXI. AMENDMENTS

The terms and provisions of this Agreement may be amended only by a written agreement, which is both (1) signed by the Parties who have executed this Agreement and (2) approved by the Court.

## XXII. ASSIGNMENTS

None of the rights, commitments, or obligations recognized under this Agreement may be assigned by any Party or Settlement Class Member without the express written consent of each other Party hereto. The representations, warranties, covenants, and agreements contained in this Agreement are for the sole benefit of the Parties and Settlement Class Members under this Agreement, and shall not be construed to confer any right or to avail any remedy to any other person.

## XXIII. GOVERNING LAW

This Agreement shall be governed by, and the rights of the Parties determined in accordance with, the laws of the State of Florida, irrespective of the State of Florida's choice of law principals. The Parties shall jointly request that the District Court retain jurisdiction to enforce the provisions of this Agreement and to enforce the Agreement in the event of default.

18

## XXIV. BINDING ASSIGNS

This Agreement shall be binding upon and inure to the benefit of the Parties and their respective heirs, trustees, executors, administrators, successors, and assigns.

## XXV. CLASS COUNSEL SIGNATORIES

It is agreed that because the Settlement Classes appear to be so numerous, it is impossible or impractical to have each member of the class execute this Agreement. The notice plan set forth herein will advise Settlement Class Members of all material terms of this Agreement, including the binding nature of the releases and such shall have the same force and effect as if this Agreement were executed by each Settlement Class Member.

## XXVI. COUNTERPARTS

This Agreement may be executed in counterparts, and when each party has signed and delivered at least one such counterpart, each counterpart shall be deemed an original, and, when taken together with other signed counterparts, shall constitute one Agreement, which shall be binding upon and effective as to all Parties and the Settlement Classes. All parties must sign this Agreement for it to be binding.

## XXVII. NON-DISPARAGEMENT

Plaintiffs and their attorneys agree not to disparage or otherwise take any action which could reasonably be expected to adversely affect the personal or professional reputation of Tom Nash or his attorneys regarding this matter. Defendant and his attorneys agree not to disparage or otherwise take any action which could reasonably be expected to adversely affect the personal or professional reputation of Plaintiffs or their attorneys regarding this matter.

ACCEPTED AND AGREED, this 3rd day of October 2023:

BY: _____
Adam Moskowitz
Class Counsel on Behalf of All Plaintiffs and the Class

BY: _____
David Boies
Class Counsel on Behalf of All Plaintiffs and the Class

BY: _____
Tom Nash

BY: _____
Brian W. Toth
Counsel for Tom Nash

# Exhibit B7

## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF FLORIDA

<table>
<tr><td>

IN RE:

**FTX CRYPTOCURRENCY EXCHANGE COLLAPSE LITIGATION**

</td><td>

23-md-03076-KMM

</td></tr>
<tr><td>

THIS DOCUMENT RELATES TO:

**EDWIN GARRISON**, *et al.,* on behalf of themselves and all others similarly situated,

*Plaintiffs,*

*v.*

**KEVIN PAFFRATH, *et al.***

*Defendants.*

</td><td>

Case No. 1:23-cv-21023-KMM

CLASS ACTION

</td></tr>
</table>

## SETTLEMENT AGREEMENT AND RELEASE

This Stipulation of Settlement (the "Stipulation"), dated March 19, 2024 is entered into by and between (i) Plaintiffs Brandon Orr, Leandro Cabo, Ryan Henderson, Michael Livieratos, Alexander Chernyavsky, Gregg Podalsky, Vijeth Shetty, Chukwudozie Ezeokoli, Michael Norris, Edwin Garrison, Shengyun Huang, Julie Papadakis, Vitor Vozza, Kyle Rupprecht, Warren Winter, Sunil Kavuri, individually and on behalf each Class Member (collectively, "Plaintiffs" or "Class Representatives"), and (ii) Brian Jung ("Defendant"), by and through their counsel of record in the FTX MDL. The Stipulation is intended to fully, finally, and forever resolve, discharge, and settle on a nationwide basis the Released Claims, subject to the approval of the District Court and the terms and conditions set forth in this Stipulation.

### I.    DEFINITIONS

As used in this Agreement and all related documents, the following terms have the following meanings:

A.       "Action" means the lawsuit captioned *Edwin Garrison, et al. v. Kevin Paffrath et al.,* Case No.: 23-cv-21023 (S.D. Fla.), and the lawsuit captioned Garrison et al v. Jung, Case No.: 8:23-cv-01969 (D. Md.), filed in the Southern District of Florida as Case No. 23-cv-23063, which were consolidated and transferred by the MDL Panel into *In Re: FTX Cryptocurrency Exchange Collapse Litigation*, Case. No. 23-md-03076-KMM (the "MDL") and pending in United States District Court for the Southern District of Florida.

B.       "Agreement" means this Settlement Agreement and Release and the exhibits attached hereto or incorporated herein, including any amendments subsequently agreed to by the Parties.

C.       "Attorneys' Fees and Expenses" means such aggregate funds as may be awarded by the Court from the Settlement Funds to compensate Class Counsel (and any other past, present, or future attorneys for Plaintiffs or the Settlement Class in this Action) for all of the past, present, and future attorneys' fees, costs (including court costs), expenses, and disbursements earned or incurred collectively and individually by any and all of them, their investigators, experts, staff, and consultants combined in connection with the Action.

D.       "Bankruptcy Proceeding" means the *In re: FTX Trading Ltd., et al*., Case No.: 22-11068-JTD, currently pending in the United State Bankruptcy Court for the District of Delaware.

E.       "Class Counsel" means The Moskowitz Law Firm, PLLC and Boies Schiller Flexner LLP.

F.       "Class Notice" means notice of the proposed settlement to be provided to Settlement Class Members under Section VI of the Agreement, which will be agreed to and submitted to the Court for approval when there are a sufficient number of MDL Defendants who have agreed to resolve the claims against them in this Action so that Class Notice and administration of the group of Settlements would be economically feasible. The Class Notice will include substantially all of the information included in Section VI, below.

G.       "Costs of Administration" means the reasonable and necessary costs incurred by the Settlement Administrator to: (a) provide notice of the Settlement and this Agreement to the Settlement Class, as set forth in Section VI of this Agreement, with such costs being limited to those associated with distributing notice to appropriate state and federal officials as required by 28 U.S.C. § 1715, establishing and maintaining the Settlement Website and the automated interactive voice response telephone system, responding to Settlement Class Member inquiries, and otherwise distributing the Class Notice to the Settlement Class as provided in Section VII, and advertising the Settlement online; and (b) to calculate and distribute the Individual Allocations as set forth in Section IV of this Agreement. The Costs of Administration include the reasonable fees and expenses incurred by the Settlement Administrator in performing all of the tasks for which the Settlement Administrator is retained and will be paid from the Settlement Fund. The Costs of Administration do not include any Attorneys' Fees and Expenses or Service Awards, which—if awarded by the Court—will be paid from the Settlement Fund.

2

H.      "Court" or "District Court" means the United States District Court for the Southern District of Florida, Miami-Division, the Honorable K. Michael Moore presiding, or any other judge of this court who shall succeed him as the Judge assigned to this Action.

I.      "Effective Date" means (a) if no objection is raised to the proposed settlement at the Final Approval Hearing, the date on which the final approval order and judgment is entered; or (b) if any objections are raised to the proposed settlement at the Final Approval Hearing and not withdrawn prior to the Final Judgment, the latest of (i) the expiration date of the time for filing or notice of any appeal from the final approval order and judgment, (ii) the date of final affirmance of any appeal of the final approval order and judgment, (iii) the expiration of the time for, or the denial of, a petition for writ of certiorari to review the final approval order and judgment and, if certiorari is granted, the date of final affirmance of the final approval order and judgment following review pursuant to that grant; or (iv) the date of final dismissal of any appeal from the final approval order and judgment or the final dismissal of any proceeding on certiorari to review the final approval order and judgment.

J.      "Final Approval Hearing" means the hearing at or after which the District Court will make a final decision whether to approve this Agreement and the settlement set forth herein as fair, reasonable, and adequate and entry by the District Court of a final judgment and order thereon.

K.      "Final Judgment" means the judgment the District Court enters, finally approving the class settlement.

L.      "FTT" means FTT, the cryptocurrency token minted and distributed by FTX Group.

M.      "FTX Group" means, collectively, FTX Trading LTD and its subsidiaries d/b/a FTX ("FTX Trading"), West Realm Shires Inc. and its subsidiaries including, without limitation West Realm Shires Services Inc. d/b/a FTX US ("WRS" and, together with FTX Trading, "FTX"), Alameda Research, LLC ("Alameda"), and their parents, subsidiaries, affiliates, officers, directors, and/or employees.

N.      "FTX MDL Defendants" or "MDL Defendants" means the defendants party to the FTX MDL including, without limitation, FTX Group, FTX Insiders, Defendant Daniel Friedberg, Sino Global Capital Holdings, LLC, Softbank Group, Temasek Holdings (Private) Limited, Altimeter Capital Management LLC, K5 Global Advisor LLC, Multicoin Capital Management LLC, Paradigm Operations LP, Ribbit Capital LP, Sequoia Capital Operations LLC, SkyBridge Capital II, LLC, Thoma Bravo LP, Tiger Global Management, LLC, Armanino LLP, Prager Metis CPAs, LLC, Fenwick & West LLP, Farmington State Bank d/b/a Moonstone, Deltec Bank & Trust Company, Jean Chalopin, William Trevor Lawrence, David Ortiz, Udonis Haslem Golden State Warriors LLC, Shaquille O'Neal, Lawrence Gene David, Gisele Bundchen, Thomas Brady, Stephen Curry, Kevin O'Leary, Shohei Ohtani, Naomi Osaka, Solomid Corporation, Creators Agency, LLC, Andrei Jikh, Brian Jung, Erika Kullberg, Jeremy Lefebvre, Jaspreet Singh, Graham Stephan, Major League Baseball, Formula 1 Racing, and Mercedes-Benz Group AG's Racing Team.

O.      "MDL" means the multidistrict litigation that was consolidated and transferred by the Judicial Panel on Multidistrict Litigation into *In Re: FTX Cryptocurrency Exchange Collapse Litigation*, Case. No. 23-md-03076-KMM, and which is pending in the "District Court.

P.      "Objection Deadline" means the date thirty (30) days prior to the "Final Approval Hearing," defined above.

Q.      "Parties" means the Class Representatives and Defendant.

R.      "Preliminary Approval" means the date the District Court preliminarily approves the settlement of the Action, including but not limited to, the terms and conditions of this Agreement.

S.      "Settlement Administrator" means the entity to be selected by the Parties to help implement the distribution of the Class Notice, host the Settlement Website and automated interactive voice recognition telephone system, calculate Individual Allocations and distribute Individual Allocations to Settlement Class Members, and aid in fulfilling the related requirements set forth in this Agreement. Class Counsel will seek the Court's approval of the Settlement Administrator in connection with the preliminary approval of this Agreement and Settlement.

T.      "Settlement Class" means, collectively, the classes defined in the Complaint, as follows:

All persons or entities who, within the applicable limitations period, purchased or held legal title to and/or beneficial interest in any fiat or cryptocurrency deposited or invested through an FTX Platform, purchased or enrolled in a YBA, or purchased FTT.

To the extent not otherwise included in the Class, Class Members include customers of the FTX Group who deposited cash and/or digital assets at either or both of the FTX Group's U.S.-based and non-U.S.-based trading platforms and have been unable to withdraw, use or access the billions of dollars in assets that were contractually required to be held safely in accounts on their behalf.

Excluded from the Classes are MDL Defendants and their officers, directors, affiliates, legal representatives, and employees, the FTX Group and their officers, directors, affiliates, legal representatives, and employees, any governmental entities, any judge, justice, or judicial officer presiding over this matter and the members of their immediate families and judicial staff.

U.      "Settlement Class Member" means any member of the Settlement Class.

V.      "The Non-settling Defendants" means the remaining Defendants in the Action including Jaspreet Singh, Erika Kullberg, Creators Agency, and all other MDL Defendants.

W.     "YBA" means a Yield-Bearing Account offered by FTX Trading and/or FTX US on the FTX cryptocurrency trading platform..

## II. LITIGATION BACKGROUND

A.     On March 15, 2023, Plaintiffs filed the Action seeking monetary relief and alleging that the Non-settling Defendants and Defendant promoted, assisted in, and/or actively participated in FTX Trading LTD d/b/a FTX's ("FTX Trading") and West Realm Shires Services Inc. d/b/a FTX US's ("FTX US") (collectively, the "FTX Entities"), regarding the offer and sale of unregistered securities and identical FTX yield bearing accounts ("YBAs"). Plaintiffs alleged the following: FTX was established by Samuel Bankman-Fried, Gary (Zixiao) Wang and Nishad Singh, with operations commencing in May 2019. FTX was purportedly established in order to build a digital asset trading platform and exchange for the purpose of a better user experience, customer protection, and innovative products. FTX built the FTX.com exchange to develop a platform robust enough for professional trading firms and intuitive enough for first-time users. Until seeking the protection of the Bankruptcy Court, the FTX Entities operated a multibillion-dollar mobile application cryptocurrency investment service that placed cryptocurrency trade orders on behalf of users like Plaintiff and Class Members and offered interest bearing cryptocurrency accounts. The FTX Disaster is the largest financial fraud in US history. The former FTX CEO was found guilty of seven counts of fraud. Billions of dollars have been stolen from investors across the globe. FTX will be involved in federal bankruptcy proceedings for many years and there is no guarantee that any of the victims will be able to see any recovery from those proceedings.

B.     Multiple actions were pending relating to the FTX disaster and a petition was filed by Co-Lead Counsel with the United States Judicial Panel on Multi-District Litigation ("MDL Panel") to consolidate and transfer these related actions to the District Court with a request that Judge K. Michael Moore be the presiding Judge.

C.     On June 5, 2023, the MDL Panel entered an order consolidating and transferring all of the Related Actions to the District Court for pretrial proceedings. The new consolidated action was styled: *In Re: FTX Cryptocurrency Exchange Collapse Litigation*, Case. No. 23-md-03076-KMM.

D.     On June 21, 2023, the District Court adopted Plaintiffs' Proposed Leadership Structure (EFC No. 59-1) and set an initial schedule. *See* ECF No. 61. Plaintiffs' Proposed Leadership Structure included the appointment of Adam Moskowitz and David Boise as Co-Lead Counsel.

E.     The Parties, assisted by Counsel, engaged in significant settlement negotiations, and exchanged documents, including financial information regarding the funds from the Defendant received related to the promotion of FTX.

F.     Class Counsel has conducted a thorough investigation into the facts surrounding the Action. This investigation included but was not limited to: factual research; legal research; and collection and review of documents and data.

G.     Counsel for the Parties thereafter engaged in a series of discussions regarding a settlement of the Action, including substantial additional arms-length negotiations, where all Parties were represented by Counsel. The result was a settlement of the Action in its entirety, culminating with this Agreement.

H.     Based on the above-outlined investigation, the current state of the law, the expense, burden, and time necessary to prosecute the Action through trial and possible appeals, the risks and uncertainty of further prosecution of this Action considering the defenses at issue, the contested legal and factual issues involved, and the relative benefits to be conferred upon Plaintiffs and the Settlement Class Members pursuant to this Agreement, Class Counsel has concluded that a settlement with Defendant on the terms set forth herein is fair, reasonable, adequate, and in the best interests of the Settlement Classes in light of all known facts and circumstances.

I.     Defendant and Defendant's counsel recognize the expense and length of continued proceedings necessary to continue the Action in district court and through possible appeals. Defendant also recognizes that the expense and time spent pursuing this Action has and will further detract from resources that may be used to reimburse class members for their damages. While Defendant denies any wrongdoing or liability arising out of any of the facts or conduct alleged in the Action and believes that he possesses valid defenses to Plaintiffs' claims, Defendant has determined that the settlement is a fair, adequate, and reasonable resolution of the claims asserted against him.

## III. CERTIFICATION

A.     Certification of Classes: For Settlement purposes only, and without any finding or admission of any wrongdoing or fault by Defendant, and solely pursuant to the terms of this Agreement, the Parties consent to and agree to the establishment of a conditional certification of the nationwide Settlement Classes, pursuant to Federal Rule of Civil Procedure 23(a) and 23(b)(2). Brandon Orr, Leandro Cabo, Ryan Henderson, Michael Livieratos, Alexander Chernyavsky, Gregg Podalsky, Vijeth Shetty, Chukwudozie Ezeokoli, Michael Norris, Edwin Garrison, Shengyun Huang, Julie Papadakis, Vitor Vozza, Kyle Rupprecht, Warren Winter, and Sunil Kavuri will serve as class representative plaintiffs and The Moskowitz Law Firm, PLLC, and Boies Schiller Flexner LLP will serve as Co-Lead Class Counsel.

B.     Certification is Conditional: This certification is for settlement purposes only and is conditional on the District Court's approval of this Agreement. In the event the District Court does not approve all terms of the Agreement, then certification of the Settlement Classes should be void and this Agreement and all orders entered in connection therewith, including but not limited to any order conditionally certifying the Settlement Classes, shall become null and void and shall be of no further force and effect and shall not be used or referred to for any purposes whatsoever in the Action or in any other case or controversy. And, in such an event, this Agreement and all negotiations and proceedings related thereto shall be deemed to be without prejudice to the

rights of any and all parties hereto, who shall be restored to their respective positions as of the date of this Agreement, and Defendant shall not be deemed to have waived any opposition or defenses he has to any aspect of the claims asserted herein or to whether those claims are amenable to class-based treatment.

## IV. SETTLEMENT CONSIDERATION

In consideration of the mutual covenants and promises set forth herein, and subject to District Court approval, the Parties agree as follows:

A.   **Monetary Relief.** A Common Fund to fund the Class Settlement, including all costs, fees or other payments, including but not limited to the costs of notice and administration, attorneys' fees, litigation expenses and costs (the "Common Fund") will be created in the amount of **$180,000**. The amount is intended to be a complete and total payment; in no event shall Defendant, their insurers or any of the Released Parties ever be liable for any amount whatsoever in excess of the Common Fund, regardless of any circumstance whatsoever. The Parties agree and confirm that future claims are not included in this Release. No portion of the Common Fund will revert to the Defendant.

B.   **Non-Monetary Relief.** Defendant shall provide agreed-upon cooperation and will be entitled to twenty-five (25) cents on each dollar returned through the agreed-upon cooperation, up to a limit of $180,000.

C.   **Settlement Payment.** The Settlement payment shall be paid over a payment term of 18 months. The payments shall be deposited into an interest-bearing account of Plaintiffs' counsels' choosing within twenty (30) days from the execution of this Agreement. The Settlement Payment, along with any accrued interest, will be returned to the Defendant if this Settlement is not approved by the Court.

D.   **Confirmatory Discovery**: Defendant currently has counsel assisting his defense. Prior to or contemporaneously with signing this agreement, Defendant will provide Plaintiffs with a sworn statement and/or documents disclosing financial information of the Defendant sufficient: (1) to determine the total funds ever received from promotional efforts on behalf of FTX, including copies of any and all contracts by which they were paid, or were due to be paid, by FTX, whether directly or indirectly, and (2) to determine ability to pay.

E.   **Settlement Approval and Administration Held in Abeyance.** Given the number of the Class Members and the global nature of the Settlement, Class Counsel may decide to seek approval and administration of this Settlement, along with other future FTX Settlements, to save costs associated with the Notice and with administration of the Settlement. The Parties have agreed to request that the Court hold the notice of the Settlement and any final approval of the Settlement in abeyance until a sufficient amount of the MDL Defendants settle to make the notice economical. While Defendant agrees to pay the Monetary Relief into an interest-

bearing account pending approval and administration of this Settlement in accordance with sections IV.A and IV.B, above, the Parties agree that Class Counsel will propose a Plan for Administration of the Settlement to the Court for approval in connection with seeking approval of this Settlement after a sufficient amount of the MDL Defendants settle to make administration of the Settlement economical.

## V. RELEASE

The Settlement Class Representatives and each member of the Settlement Class, by operation of the Final Order and Judgment, on his, her, its, or their own behalf and on behalf of his, her, its or their predecessors, successors, assigns, assignors, representatives, attorneys, agents, trustees, insurers, heirs, next of kin, estates, beneficiaries, executors, administrators, and any natural, legal, or juridical person or entity that he, she, it or they are entitled to assert any claim on behalf of any Settlement Class member (collectively the "Releasing Parties"), agree to release and forever discharge Defendant and his insurers, affiliates, successors, executors, assigns members, current and former officers, directors, employees, attorneys and agents (collectively the "Released Parties") from all past and present claims, counterclaims, crossclaims, lawsuits, demands, damages, property damages, economic damages, legal fees, costs and expenses, rights, causes of action, liabilities, suits, judgments, debts, dues sums of money seeking damages or other legal or equitable relief of whatever kind or nature, known or unknown, accrued or unaccrued, existing or contingent, asserted or unasserted, from the beginning of the world through the date of the approval of settlement, by Final Court Order and Judgment, arising out of or in any way related to: a) the allegations in the Class Action Complaint and/or b) any social media posts or other statements made by Defendant referring or relating to the FTX Group and/or its affiliates and/or c) any claims related to Defendant's promotion of FTX, the FTX Group and/or YBAs and/or FTT. For the avoidance of doubt, this Release specifically does not apply to Creators Agency LLC (and/or any of their insurers, affiliates, successors, executors, assigns members, current and former officers, directors, employees, attorneys and agents) or FTX Group (and/or any of their insurers, affiliates, successors, executors, assigns members, current and former officers, directors, employees, attorneys and agents).

## VI. NOTICE TO THE SETTLEMENT CLASS

Class Notice: In accordance with Section IV.D, above, the Parties have agreed to hold the notice of this Agreement in abeyance until a sufficient amount of the MDL Defendants settle to make the notice economical. When Class Counsel decides to seek approval of this Settlement with other future FTX Settlements, Class Counsel shall issue the Class Notice in accordance with the requirements of the Preliminary Approval Order, as follows:

A. <u>Notices</u>. Class Counsel shall prepare a notice which will contain a description of the Settlement Agreement and afford affected parties the opportunity to obtain copies of all the settlement-related papers. The Class Notice shall be the legal notice to be provided to the Settlement Class Members, and shall otherwise comply with Federal Rule of Civil Procedure 23 and any other applicable statutes, laws, and rules, including,

but not limited to, the Due Process Clause of the United States Constitution. The Notice will be distributed in accordance with item B below.

1. The Class Notice shall advise the Potential Settlement Class Members of the following:

   a. <u>General Terms.</u> The Class Notice shall contain a plain, neutral, objective, and concise summary description of the nature of the Action and the terms of the proposed Settlement, including all relief that will be provided by the Defendant to the Settlement Class in the Settlement, as set forth in this Agreement. This description shall also disclose, among other things, that (a) any relief to Settlement Class Members offered by the Settlement is contingent upon the Court's approval of the Settlement, which will not become effective until the Effective Date; (b) Class Counsel and Plaintiffs have reserved the right to petition the Court for an award of Attorneys' Fees and Expenses from the Settlement Funds. The Settlement is not contingent upon any particular amount of Attorneys' Fees and Expenses being awarded by the Court.

   b. <u>The Settlement Class.</u> The Class Notice shall define the Settlement and shall disclose that the Settlement Class has been provisionally certified for purposes of settlement only.

   c. <u>Opt-Out Rights.</u> The Class Notice shall inform the Settlement Class Members of their right to seek exclusion from the Settlement Class and the Settlement and provide the deadlines and procedures for exercising this right.

   d. <u>Objection to Settlement.</u> The Class Notice shall inform Settlement Class Members of their right to object to the proposed Settlement and to appear at the Fairness Hearing and provide the deadlines and procedures for exercising these rights.

   e. <u>Fairness Hearing.</u> The Class Notice shall disclose the date and time of the Fairness Hearing and explain that the Fairness Hearing may be rescheduled without further notice to the Settlement Class.

   f. <u>Release.</u> The Class Notice shall summarize or recite the proposed terms of the Release contemplated by this Agreement.

   g. <u>Further information</u>. The Class Notice shall disclose where Settlement Class Members may direct written or oral inquiries regarding the Settlement, and also where they may obtain

additional information about the Action, including instructions on how Settlement Class Members can access the case docket using PACER or in person at any of the court's locations.

B. <u>Service.</u> Subject to Section IV.D. above, the Settlement Administrator shall serve the Notices no later than thirty days after entry of the Preliminary Approval Order via publication to the dedicated website created and maintained for this Action, and via email to any Class Members whose email addresses are reasonably available to Class Counsel.

C. <u>Settlement Website</u>**.** The Plaintiffs shall cause the Settlement Administrator to establish the Settlement Website, whose address shall be included and disclosed in the Class Notice, and which will inform potential Settlement Class Members of the terms of this Agreement, their rights, dates, and deadlines and related information. The Settlement Website shall include, in .pdf format, a copy of the Operative Complaint, this Agreement and its exhibits, any Preliminary Approval Order entered by the Court, and a copy of the Class Notice, along with such other information as the Court may designate or the Parties may agree to post there. The Settlement Website will be operational and live by the date of the first mailing of the Class Notice. A Spanish-language translation of the Class Notice shall be placed on the Settlement Website by the Settlement Administrator at the time the Settlement Website becomes operational and live. The Spanish-language translation shall be created by a federally certified translator. However, in the case of conflict, the English-language version of the Class Notice shall control.

D. <u>IVR Calling Line</u>. The Plaintiffs shall cause the Settlement Administrator to establish an automated interactive voice recognition telephone system for the purposes of providing information concerning the nature of the Action, the material terms of the Settlement, and the deadlines and procedures for potential Settlement Class Members to exercise their opt-out and objection rights. The Class Notice and Settlement Website shall include and disclose the telephone number of this automated interactive voice recognition telephone system.

E. <u>Internet Advertising</u>. The Plaintiffs shall cause the Settlement Administrator to make advertisements on the internet for the purpose of alerting Settlement Class Members to the settlement website, in a form recommended by the Settlement Administrator and mutually acceptable to the Parties, with an aggregate cost to the not to exceed 1% of the Common Fund.

F. <u>Notice to Appropriate Federal and State Officials.</u> Pursuant to the notice provisions of the Class Action Fairness Act, 28 U.S.C. § 1715, within ten (10) days after this Agreement is deemed filed with the Court, the Plaintiffs will provide notice of this Action and this Agreement to the appropriate federal and state entities.

G. Not later than ten (10) days before the date of the Fairness Hearing, the Settlement Administrator, and to the extent necessary, the Plaintiffs shall file with the Court a

declaration or declarations, based on the personal knowledge of the declarant(s), verifying compliance with these class-wide notice procedures.

## VII. SETTLEMENT ADMINISTRATION

A.    As set forth in Section IV.D, above, the Parties have agreed to request that the Court hold the notice, final approval, and administration of the Settlement in abeyance until a sufficient amount of the MDL Defendants settle to make the notice economical.

B.    While Defendant agrees to pay the Monetary Relief into an interest-bearing account pending approval and administration of this Settlement in accordance with sections IV.A and IV.B, above, the Parties agree that Class Counsel will propose a Plan for Administration of the Settlement to the Court for approval in connection with seeking approval of this Settlement after a sufficient amount of the MDL Defendants settle to make administration of the Settlement economical.

## VIII. PROCEDURES FOR OBJECTING TO OR REQUESTING EXCLUSION FROM SETTLEMENT

A.    **Objections:** Only Settlement Class Members may object to the settlement. All objections must be filed no later than thirty calendar days prior to the Final Fairness Hearing (the "Objection/Exclusion Deadline") with Clerk of the United States District Court for the Southern District of Florida, 400 North Miami Avenue, 8th Floor, Miami, FL 33128, and served at that same time upon both of the following:

a.   Co-Lead Class Counsel

Adam M. Moskowitz
Joseph M. Kaye
THE MOSKOWITZ LAW FIRM, PLLC
2 Alhambra Plaza Suite 601
Coral Gables, FL 33134
adam@moskowitz-law.com
joseph@moskowitz-law.com
service@moskowitz-law.com

-and-

David Boies
Brooke Alexander
**BOIES SCHILLER FLEXNER LLP**
333 Main Street
Armonk, NY 10504
Phone: (914) 749–8200

11

dboies@bsfllp.com
balexander@bsfllp.com

B.     A Settlement Class Member's objection must:

    a.   be in writing;

    b.   include the objector's full name, current address, and current telephone number;

    c.   include documentation or attestation sufficient to establish membership in any of the Classes;

    d.   be signed by the person filing the objection, or his attorney;

    e.   state, in detail, the factual and legal grounds for the objection;

    f.   state any objections filed by the objector in the last seven years (case name, name of court and result of objection);

    g.   attach any document the Court should review in considering the objection and ruling on the Motion;

    h.   provide dates for availability to Class Counsel for the Settlement Class Member's deposition; and

    i.   include a request to appear at the Final Approval Hearing, if the objector intends to appear at the Final Approval Hearing.

C.     Any objection that does not meet all of these requirements will be deemed invalid and will be overruled.

D.     Subject to approval of the Court, any objecting Settlement Class Member may appear, in person or by counsel, at the Final Approval Hearing held by the Court, to show cause why the proposed Settlement should not be approved as fair, adequate, and reasonable, or object to any petitions for attorneys' fees, Class Representative Award, and reimbursement of reasonable litigation costs and expenses. The objecting Class Member must file with the Clerk of the Court and serve upon Class Counsel and Defendant's Counsel (at the addresses listed above), a notice of intention to appear at the Final Approval Hearing ("Notice of Intention to Appear") on or before the Objection/Exclusion Deadline.

E.     The Notice of Intention to Appear must include copies of any papers, exhibits, or other evidence that the objecting Class Member (or his/her/its counsel) will present to the Court in connection with the Final Approval Hearing. Any Class Member who does not provide a Notice of Intention to Appear in complete accordance with the deadlines and other specifications set forth in the Class Notice, will not be allowed to speak or otherwise present any views at the Final Approval Hearing.

F.     The date of the postmark on the mailing envelope or a legal proof of service accompanied and a file-stamped copy of the submission shall be the exclusive means used to determine whether an objection and/or notice of intention to appear has been timely filed and served. In the event that the postmark is illegible, the objection and/or notice to appear shall be deemed untimely unless it is received by

the counsel for the Parties within two (2) calendar days of the Objection/Exclusion Deadline.

G.    <u>Response to Objections</u>: Class Counsel shall, at least ten (10) business days (or such other number of days as the Court shall specify) before the Final Approval Hearing, file any responses to any written objections submitted to the Court by Settlement Class Members in accordance with this Agreement.

H.    <u>No Solicitation of Settlement Objections</u>: The Parties agree to use their best efforts to carry out the terms of this Settlement. At no time will any of the Parties or their counsel seek to solicit or otherwise encourage any Settlement Class Member to object to the settlement or encourage any Settlement Class Member to appeal from the final judgment.

I.    **<u>Requests for Exclusion</u>**

1.    Any Settlement Class Member who wishes to be excluded from the Settlement Class must mail a written "request for exclusion" to the Settlement Administrator at the address provided in the Class Notice, mailed sufficiently in advance to be received by the Settlement Administrator no later than the Objection/Exclusion Deadline. A written request for exclusion must: (a) contain a caption or title that identifies it as "Request for Exclusion in *In Re. FTX Cryptocurrency Exchange Collapse Litigation*; (b) include the Settlement Class Member's name, mailing and email addresses, and contact telephone number; (c) specify that he or she wants to be "excluded from the Settlement Class" and identify the Class Loan number(s) for which he or she seeks exclusion from the Settlement; and (d) be personally signed by the Settlement Class Member. The requirements for submitting a timely and valid request for exclusion shall be set forth in the Class Notice.

2.    Each Settlement Class Member who wishes to be excluded from the Settlement Class must submit his or her own personally signed written request for exclusion. A single written request for exclusion submitted on behalf of more than one Potential Settlement Class Member will be deemed invalid; provided, however, that an exclusion received from one Settlement Class Member will be deemed and construed as a request for exclusion by all co-account holders.

3.    Unless excluded by separate Order entered by the Court for good cause shown prior to the final approval of this Settlement, any Settlement Class Member who fails to strictly comply with the procedures set forth in this Section for the submission of written requests for exclusion will be deemed to have consented to the jurisdiction of the Court, will be deemed to be part of the Settlement Class, and will be bound by all subsequent proceedings, orders, and judgments in the Action, including, but not limited to, the Release, even if he or she has litigation pending or subsequently initiates litigation against the Defendant relating to the released claims.

4. The Settlement Administrator shall file with the Court, no later than ten (10) days before the Fairness Hearing, a list reflecting all requests for exclusion it has received. The list shall also identify which of those requests for exclusion were received late, and which requests for exclusion failed to comply with the requirements of this Section VIII.

5. Settlement Class Members who exclude themselves from the Settlement Class as set forth in this Section expressly waive any right to the continued pursuit of any objection to the Settlement as set forth in this Section, or to otherwise pursue any objection, challenge, appeal, dispute, or collateral attack to this Agreement or the Settlement, including: to the Settlement's fairness, reasonableness, and adequacy; to the appointment of Class Counsel and Plaintiffs as the representatives of the Settlement Class; to any Attorneys' Fee and Expense awards; and to the approval of the Class Notice, and the procedures for disseminating the Class Notice to the Settlement Class.

## IX. RELEASE OF UNKNOWN CLAIMS

Plaintiffs expressly understand and acknowledge, and all Settlement Class Members will be deemed by the Final Judgment to acknowledge, that certain principles of law, including but not limited to Section 1542 of the Civil Code of the State of California, provide that "a general release does not extend to claims which the creditor does not know or suspect to exist in his or her favor at the time of executing the release, which if known by him or her must have materially affected his or her settlement with the debtor." To the extent that anyone might argue that these principles of law are applicable—notwithstanding that the Parties have chosen Florida law to govern this Agreement—Plaintiffs hereby agree that the provisions of all such principles of law or similar federal or state laws, rights, rules or legal principles, to the extent they are found to be applicable herein are hereby knowingly and voluntarily waived, relinquished, and released by Plaintiffs and all Settlement Class Members.

## X. ATTORNEYS' FEES AND EXPENSES

A. Class Counsel may petition the Court for an award of Attorneys' Fees and Expenses in an aggregate amount not to exceed thirty three percent (33%) of the Settlement Funds. Class Counsel shall file its motion for an Attorneys' Fees and Expenses award no later than fourteen (14) days before the Objection/Exclusion Deadline. As soon as is practicable after filing, Class Counsel shall cause the Settlement Administrator to post on the Settlement Website all papers filed and served in support of Class Counsel's motion for an award of Attorneys' Fees and Expenses. The Defendant reserves the right to oppose any petition by Class Counsel for Attorneys' Fees and Expenses that the Defendant deems to be unreasonable in nature or amount or otherwise objectionable.

B. All attorneys' fees for, and any reimbursement of litigation expenses incurred by, Class Counsel shall be paid out of the Settlement Funds. Other than making

available the Settlement Funds pursuant to the requirements of Section 4, the Defendant shall have no responsibility for, and no liability whatsoever with respect to, any payment of attorneys' fees or expenses to Class Counsel and/or to the Plaintiffs, which Class Counsel and Plaintiffs shall seek to have paid only from the Settlement Funds.

C.    Class Counsel is solely responsible for distributing any Attorneys' Fees and Expenses to and among all attorneys that may claim entitlement to attorneys' fees or costs in the Action. It is a condition of this Settlement that the Defendant shall not be liable to anyone else for any attorneys' fees or costs, or any claim by any other counsel or Settlement Class Member or Plaintiff for additional attorneys' fees, costs or expenses, relating in any way to the Action, the Settlement, its administration and implementation, any appeals of orders or judgments relating to the Settlement, any objections or challenges to the Settlement, and/or any proceedings on behalf of Settlement Class Members who do not exclude themselves from the Settlement Class based on any of the claims or allegations forming the basis of the Action or any other claims that are defined as Released Claims in this Settlement.

D.    Within fourteen (14) days after the later of (a) the Final Settlement Date or (b) receipt of wire instructions from Class Counsel, whichever is later, the Settlement Administrator shall pay Class Counsel from the Settlement Funds any Attorneys' Fees and Expenses and Service Awards that may be awarded by the Court. Class Counsel shall be solely responsible for supplying the Settlement Administrator with all information required by the Settlement Administrator in order to pay such awards from the Settlement Funds, and to comply with the Settlement Administrator's state and local reporting obligations. Class Counsel will also be solely responsible for distributing such Service Awards to the Plaintiffs, in accordance with the terms and provisions of any Order entered by the Court approving such awards.

E.    In the event the Final Order and Judgment is not entered, or this Agreement and the Settlement do not reach the Final Settlement Date, the Defendant will not be liable for, and shall be under no obligation to pay, any of the Attorneys' Fees and Expenses and Service Awards set forth herein and described in this Agreement.

F.    The effectiveness of this Agreement and Settlement will not be conditioned upon or delayed by the Court's failure to approve in whole or in part any petition by Plaintiffs and Class Counsel for Attorneys' Fees and Expenses and Service Awards. The denial, downward modification, or failure to grant any petition by Plaintiffs and Class Counsel for Attorneys' Fees and Expenses and Service Awards shall not constitute grounds for modification or termination of this Agreement or the Settlement proposed herein.

## XI.    DUTIES OF THE PARTIES PRIOR TO FINAL COURT APPROVAL

The Parties shall promptly submit this Agreement to the District Court in support of a Joint Motion for Preliminary Approval and determination by the District Court as to its fairness, adequacy, and reasonableness. Promptly upon execution of this Agreement (and by no later than one week after signing), the Parties shall apply to the District Court for the entry of a Preliminary Approval order substantially in the following form:

A.      Scheduling a Final Approval Hearing on the question of whether the proposed settlement should be finally approved as fair, reasonable, and adequate as to the members of the Classes;

B.      Approving as to form and content the Class Notice;

C.      Directing and the method and frequency of Class Notice;

D.      Preliminarily approving the Settlement;

E.      Preliminarily and conditionally certifying the Settlement Class for settlement purposes;

F.      Staying all proceedings in the Action against Defendant, and enjoining the prosecution of any other individual or Class claims against Defendant.

G.      Providing that, in the event the proposed settlement set forth in this Agreement is not approved by the District Court, this Agreement and all orders entered in connection therewith, including but not limited to any order conditionally certifying the Settlement Class, shall become null and void and shall be of no further force and effect and shall not be used or referred to for any purposes whatsoever in the Action or in any other case or controversy; and that in such an event, this Agreement and all negotiations and proceedings related thereto shall be deemed to be without prejudice to the rights of any and all parties hereto, who shall be restored to the respective positions as of the date of this Agreement. In the event the District Court does not enter the Preliminary Approval order described herein, or decides to do so only with material modifications, then this entire Agreement shall become null and void, unless the parties hereto agree in writing to proceed with this Agreement as modified.  Class Counsel shall prepare the initial draft of the pleadings required by this Section.

## XII. COURT APPROVALS

1.      Class Counsel will submit a proposed final order and judgment at the Final Approval Hearing to include:

A.      Approving the Settlement, adjudging the terms thereof to be fair, reasonable, and adequate, and directing consummation of its terms and provisions; and

B.      Seeking entry by the Court of a final judgment and order permanently barring the Parties and Settlement Class Members from prosecuting the other Parties and their officers, attorneys, directors, shareholders, employees, agents, retailers, suppliers,

distributors, endorsers, and consultants, in regard to those matters released as set forth in Section VI above.

2.      The Settlement between the parties is contingent on the required Court approvals of all the terms set forth herein.

## XIII. PARTIES' AUTHORITY

The signatories represent that they are fully authorized to enter into this Agreement and bind the Parties to its terms and conditions.

## XIV. MUTUAL FULL COOPERATION

A.      The Parties agree to cooperate fully with each other to accomplish the terms of this Agreement, including but not limited to, execution of such documents and the taking of such other action as may reasonably be necessary to implement the terms of this Agreement. The Parties to this Agreement shall use their best efforts, including all efforts contemplated by this Agreement and any other efforts that may become necessary by order of the Court, or otherwise, to effectuate this Agreement. As soon as practicable after execution of this Agreement, Class Counsel, with the assistance and cooperation of Defendant and its counsel, shall take all necessary steps to secure the Court's final approval of this Agreement. Defendant agrees that he will not challenge venue or jurisdiction in the Southern District of Florida. Defendant will not oppose the Plaintiff's motion for certification of the Settlement Class which will be filed in the Southern District of Florida based on the terms set forth herein.

## XV. NO ADMISSION

This Agreement is not to be construed or deemed as an admission of liability, culpability, negligence, or wrongdoing on the part of Defendant or as an admission that class treatment in the Action is proper for any purpose other than settlement. Defendant denies all liability for claims asserted in the Action and deny that class treatment for the Action is proper for any purpose other than settlement. Each of the Parties has entered into this Agreement with the intention to avoid further disputes and litigation with the attendant inconvenience and expenses. This Agreement is a settlement document and shall, pursuant to Fed. R. Evid. 408 and related or corresponding state evidence laws, be inadmissible in evidence in any proceeding. This Agreement or the existence of this settlement shall not be used or cited in any proceeding other than (i) an action or proceeding to approve or enforce this Agreement, or (ii) in a subsequent proceeding potentially barred by the Release specified herein.

## XVI. NOTICES

Unless otherwise specifically provided, all notices, demands or other communications in connection with this Agreement shall be in writing and shall be deemed to have been given as of the third business day after mailing by United States registered or certified mail, return receipt requested, addressed, with a copy served by email, as follows:

| For The Class | For Defendant |
|---|---|
| Adam M. Moskowitz<br>Joseph M. Kaye<br>**THE MOSKOWITZ LAW FIRM, PLLC**<br>2 Alhambra Plaza Suite 601<br>Coral Gables, FL 33134<br>adam@moskowitz-law.com<br>joseph@moskowitz-law.com<br>service@moskowitz-law.com<br><br>-and-<br><br>David Boies<br>Brooke Alexander<br>**BOIES SCHILLER FLEXNER LLP**<br>333 Main Street<br>Armonk, NY 10504<br>Phone: (914) 749–8200<br>dboies@bsfllp.com<br>balexander@bsfllp.com | Jose G. Sepulveda<br>**STEARNS WEAVER MILLER WEISSLER ALHADEFF & SITTERSON, P.A.**<br>150 W. Flagler Street, Suite 2000<br>Miami, Florida 33130<br>jsepulveda@stearnsweaver.com<br><br>-and-<br><br>Derek Adams<br>**POTOMAC LAW GROUP, PLLC**<br>1717 Pennsylvania Avenue, NW, Suite 1025<br>Washington, DC 20006<br>Phone: (202) -743-1511<br>dadams@potomaclaw.com |

## XVII. CONSTRUCTION

The Parties agree that the terms and conditions of this Agreement are the result of lengthy, intensive arms-length negotiations between the Parties, and that this Agreement shall not be construed in favor of or against any Party by reason of the extent to which any Party or his or its counsel participated in the drafting of this Agreement.

## XVIII. MATERIAL TERMS; CAPTIONS

Each term of this Agreement is a material term of the Agreement not merely a recital, and reflects not only the intent and objectives of the Parties but also the consideration to be exchanged by the Parties hereunder. Paragraph titles or captions are inserted as a matter of convenience and for reference, and in no way define, limit, extend, or describe the scope of this Agreement or any of its provisions.

## XIX. INTEGRATION CLAUSE

This Agreement contains the entire agreement between the Parties relating to the settlement, and all prior or contemporaneous agreements, understandings, representations, and statements, whether oral or written and whether by a party or such party's legal counsel, are extinguished.

## XX. NO COLLATERAL ATTACK

This Agreement shall not be subject to collateral attack by any Settlement Class Member or any recipient of the notices to the Settlement Classes after the judgment and dismissal is entered. Such prohibited collateral attacks shall include claims made before the Final Approval Hearing that a Settlement Class Member's settlement amount was improperly calculated or adjusted or that the Settlement Class Member failed to receive timely notice of the procedure for disputing the calculation of the individual settlement amount or failed to submit a timely dispute letter for any reason.

## XXI. AMENDMENTS

The terms and provisions of this Agreement may be amended only by a written agreement, which is both (1) signed by the Parties who have executed this Agreement and (2) approved by the Court.

## XXII. ASSIGNMENTS

None of the rights, commitments, or obligations recognized under this Agreement may be assigned by any Party or Settlement Class Member without the express written consent of each other Party hereto. The representations, warranties, covenants, and agreements contained in this Agreement are for the sole benefit of the Parties and Settlement Class Members under this Agreement, and shall not be construed to confer any right or to avail any remedy to any other person.

## XXIII. GOVERNING LAW

This Agreement shall be governed by, and the rights of the Parties determined in accordance with, the laws of the State of Florida, irrespective of the State of Florida's choice of law principals. The Parties shall jointly request that the District Court retain jurisdiction to enforce the provisions of this Agreement and to enforce the Agreement in the event of default.

## XXIV. BINDING ASSIGNS

This Agreement shall be binding upon and inure to the benefit of the Parties and their respective heirs, trustees, executors, administrators, successors, and assigns.

## XXV. CLASS COUNSEL SIGNATORIES

It is agreed that because the Settlement Classes appear to be so numerous, it is impossible or impractical to have each member of the class execute this Agreement. The notice plan set forth herein will advise Settlement Class Members of all material terms of this Agreement, including the binding nature of the releases and such shall have the same force and effect as if this Agreement were executed by each Settlement Class Member.

19

## XXVI.  SEVERABILITY OF INVALID PROVISIONS

If any provision of this Agreement is held invalid, the invalidity shall not affect other provisions or applications of the Agreement which can be given effect without the invalid provisions or applications, and to this end the provisions of this Agreement are declared to be severable.

## XXVI. COUNTERPARTS

This Agreement may be executed in counterparts, and when each party has signed and delivered at least one such counterpart, each counterpart shall be deemed an original, and, when taken together with other signed counterparts, shall constitute one Agreement, which shall be binding upon and effective as to all Parties and the Settlement Classes. All parties must sign this Agreement for it to be binding. A signature transmitted by email shall be as valid and binding as an original signature.

IN WITNESS WHEREOF, the parties have executed this Agreement as of this 19th day of March, 2024:

BY: _____
Adam Moskowitz
Class Counsel on Behalf of All Plaintiffs and the Class

BY: _____
David Boies
Class Counsel on Behalf of All Plaintiffs and the Class

BY: _____  3/20/2024
Brian Jung

BY: _____
Name: Derek Adams
Title: Partner, Potomac Law Group, PLLC
Counsel for Brian Jung

#12554124 v1

# Exhibit B8

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

|  |  |
|---|---|
| IN RE:<br><br>**FTX CRYPTOCURRENCY EXCHANGE COLLAPSE LITIGATION** | 23-md-03076-KMM |
| THIS DOCUMENT RELATES TO:<br><br>**EDWIN GARRISON**, *et al.,* on behalf of themselves and all others similarly situated,<br><br>*Plaintiffs,*<br><br>*v.*<br><br>**KEVIN PAFFRATH, *et al.***<br><br>*Defendants.* | Case No. 1:23-cv-21023-KMM<br><br>CLASS ACTION |

**SETTLEMENT AGREEMENT AND RELEASE**

This Stipulation of Settlement (the "Stipulation"), dated March __, 2024 is entered into by and between (i) Plaintiffs Brandon Orr, Leandro Cabo, Ryan Henderson, Michael Livieratos, Alexander Chernyavsky, Gregg Podalsky, Vijeth Shetty, Chukwudozie Ezeokoli, Michael Norris, Edwin Garrison, Shengyun Huang, Julie Papadakis, Vitor Vozza, Kyle Rupprecht, Warren Winter, Sunil Kavuri, individually and on behalf each Class Member (collectively, "Plaintiffs" or "Class Representatives"), and (ii) and Graham Stephan, Andrei Jikh, and Jeremy Lefebvre (collectively, "Defendants"), by and through their counsel of record in the FTX MDL. The Stipulation is intended to fully, finally, and forever resolve, discharge, and settle on a nationwide basis the Released Claims, subject to the approval of the District Court and the terms and conditions set forth in this Stipulation.

**I.     DEFINITIONS**

As used in this Agreement and all related documents, the following terms have the following meanings:

A. "Action" means the lawsuit captioned *Edwin Garrison, et al. v. Kevin Paffrath et al.,* Case No.: 23-cv-21023 which was consolidated and transferred by the MDL Panel into *In Re: FTX Cryptocurrency Exchange Collapse Litigation*, Case. No. 23-md-03076-KMM (the "MDL") and pending in United States District Court for the Southern District of Florida.

B. "Agreement" means this Settlement Agreement and Release and the exhibits attached hereto or incorporated herein, including any amendments subsequently agreed to by the Parties.

C. "Attorneys' Fees and Expenses" means such aggregate funds as may be awarded by the Court from the Settlement Funds to compensate Class Counsel (and any other past, present, or future attorneys for Plaintiffs or the Settlement Class in this Action) for all of the past, present, and future attorneys' fees, costs (including court costs), expenses, and disbursements earned or incurred collectively and individually by any and all of them, their investigators, experts, staff, and consultants combined in connection with the Action.

D. "Bankruptcy Proceeding" means the *In re: FTX Trading Ltd., et al.*, Case No.: 22-11068-JTD, currently pending in the United State Bankruptcy Court for the District of Delaware.

E. "Class Counsel" means The Moskowitz Law Firm, PLLC and Boies Schiller Flexner LLP.

F. "Class Notice" means notice of the proposed settlement to be provided to Settlement Class Members under Section VI of the Agreement, which will be agreed to and submitted to the Court for approval when there are a sufficient number of MDL Defendants who have agreed to resolve the claims against them in this Action so that Class Notice and administration of the group of Settlements would be economically feasible. The Class Notice will include substantially all of the information included in Section VI, below.

G. "Costs of Administration" means the reasonable and necessary costs incurred by the Settlement Administrator to: (a) provide notice of the Settlement and this Agreement to the Settlement Class, as set forth in Section VI of this Agreement, with such costs being limited to those associated with distributing notice to appropriate state and federal officials as required by 28 U.S.C. § 1715, establishing and maintaining the Settlement Website and the automated interactive voice response telephone system, responding to Settlement Class Member inquiries, and otherwise distributing the Class Notice to the Settlement Class as provided in Section VII, and advertising the Settlement online; and (b) to calculate and distribute the Individual Allocations as set forth in Section IV of this Agreement. The Costs of Administration include the reasonable fees and expenses incurred by the Settlement Administrator in performing all of the tasks for which the Settlement Administrator is retained and will be paid from the Settlement Fund. The Costs of Administration do not include any Attorneys' Fees and Expenses or Service Awards, which—if awarded by the Court—will be paid from the Settlement Fund.

DocuSign Envelope ID: A1473889-D485-4759-9814-30D8217646B1

H.      "Court" or "District Court" means the United States District Court for the Southern District of Florida, Miami-Division, the Honorable K. Michael Moore presiding, or any other judge of this court who shall succeed him as the Judge assigned to this Action.

I.      "Effective Date" means (a) if no objection is raised to the proposed settlement at the Final Approval Hearing, the date on which the final approval order and judgment is entered; or (b) if any objections are raised to the proposed settlement at the Final Approval Hearing and not withdrawn prior to the Final Judgment, the latest of (i) the expiration date of the time for filing or notice of any appeal from the final approval order and judgment, (ii) the date of final affirmance of any appeal of the final approval order and judgment, (iii) the expiration of the time for, or the denial of, a petition for writ of certiorari to review the final approval order and judgment and, if certiorari is granted, the date of final affirmance of the final approval order and judgment following review pursuant to that grant; or (iv) the date of final dismissal of any appeal from the final approval order and judgment or the final dismissal of any proceeding on certiorari to review the final approval order and judgment.

J.      "Final Approval Hearing" means the hearing at or after which the District Court will make a final decision whether to approve this Agreement and the settlement set forth herein as fair, reasonable, and adequate and entry by the District Court of a final judgment and order thereon.

K.      "Final Judgment" means the judgment the District Court enters, finally approving the class settlement.

L.      "MDL" means the multidistrict litigation that was consolidated and transferred by the Judicial Panel on Multidistrict Litigation into *In Re: FTX Cryptocurrency Exchange Collapse Litigation*, Case. No. 23-md-03076-KMM, and which is pending in the "District Court.

M.      "MDL Defendants" collectively refers to all Defendants named in the various Administrative Class Action Complaints filed in the MDL.

N.      "Objection Deadline" means the date thirty (30) days prior to the "Final Approval Hearing," defined above.

O.      "Parties" means the Class Representatives and Defendants.

P.      "Plaintiffs" or "Class Representatives" mean Edwin Garrison, Gregg Podalsky, Alexander Chernyavsky, and Sunil Kavuri.

Q.      "Preliminary Approval" means the date the District Court preliminarily approves the settlement of the Action, including but not limited to, the terms and conditions of this Agreement.

R.      "Settlement Administrator" means the entity to be selected by the Parties to help implement the distribution of the Class Notice, host the Settlement Website and automated

3

DocuSign Envelope ID: A1473389-D485-4759-9814-30D8217646B1

interactive voice recognition telephone system, calculate Individual Allocations and distribute Individual Allocations to Settlement Class Members, and aid in fulfilling the related requirements set forth in this Agreement. Class Counsel will seek the Court's approval of the Settlement Administrator in connection with the preliminary approval of this Agreement and Settlement.

S.      "Settlement Class" means, collectively, the classes defined in the Complaint, as follows:

All persons or entities who, within the applicable limitations period, purchased or held legal title to and/or beneficial interest in any fiat or cryptocurrency deposited or invested through an FTX Platform, purchased or enrolled in a YBA, or purchased FTT.

To the extent not otherwise included in the Class, Class Members include customers of the FTX Group who deposited cash and/or digital assets at either or both of the FTX Group's U.S.-based and non-U.S.-based trading platforms and have been unable to withdraw, use or access the billions of dollars in assets that were contractually required to be held safely in accounts on their behalf.

Excluded from the Classes are MDL Defendants and their officers, directors, affiliates, legal representatives, and employees, the FTX Group and their officers, directors, affiliates, legal representatives, and employees, any governmental entities, any judge, justice, or judicial officer presiding over this matter and the members of their immediate families and judicial staff.

T.      "Settlement Class Member" means any member of the Settlement Class.

U.      "The Non-settling Defendants" means the remaining Defendants in the Action, including Jaspreet Singh, Erika Kullberg, Creators Agency, and all other MDL Defendants.

V.      "YBA" means a yield-bearing account marketed and/or offered by FTX.

## II. LITIGATION BACKGROUND

A.      On March 15, 2023, Plaintiffs filed the Action seeking monetary relief and alleging that the Non-settling Defendants and Defendants promoted, assisted in, and/or actively participated in FTX Trading LTD d/b/a FTX's ("FTX Trading") and West Realm Shires Services Inc. d/b/a FTX US's ("FTX US") (collectively, the "FTX Entities"), regarding the offer and sale of unregistered securities and identical FTX yield bearing accounts ("YBAs"). Plaintiffs alleged the following: FTX was established by Samuel Bankman-Fried, Gary (Zixiao) Wang and Nishad Singh, with operations commencing in May 2019. FTX was purportedly established in order to build a digital asset trading platform and exchange for the purpose of a better user experience, customer protection, and innovative products. FTX built the FTX.com exchange to develop a platform robust enough for professional trading firms and intuitive enough for first-time users. Until seeking the protection of the Bankruptcy Court, the FTX Entities operated a multibillion-dollar mobile application cryptocurrency investment service that placed cryptocurrency trade orders on behalf of users like Plaintiff and Class Members and offered interest bearing

DocuSign Envelope ID: A1473889-D485-4759-9814-30D8217646B1

cryptocurrency accounts. The FTX Disaster is the largest financial fraud in US history. The former FTX CEO was found guilty of seven counts of fraud Billions of dollars have been stolen from investors across the globe.

B.      Multiple actions were pending relating to the FTX disaster and a petition was filed by Co-Lead Counsel with the United States Judicial Panel on Multi-District Litigation ("MDL Panel") to consolidate and transfer these related actions to the District Court with a request that Judge K. Michael Moore be the presiding Judge.

C.      On June 5, 2023, the MDL Panel entered an order consolidating and transferring all of the Related Actions to the District Court for pretrial proceedings. The new consolidated action was styled: *In Re: FTX Cryptocurrency Exchange Collapse Litigation*, Case. No. 23-md-03076-KMM**.**

D.      On June 21, 2023, the District Court adopted Plaintiffs' Proposed Leadership Structure (EFC No. 59-1) and set an initial schedule. *See* ECF No. 61. Plaintiffs' Proposed Leadership Structure included the appointment of Adam Moskowitz and David Boise as Co-Lead Counsel.

E.      The Parties, assisted by Counsel, engaged in significant settlement negotiations, and exchanged documents related to the promotion and sponsorship of FTX.

F.      Class Counsel has conducted a thorough investigation into the facts surrounding the Action. This investigation included but was not limited to: factual research; legal research; and collection and review of documents and data.

G.      Counsel for the Parties thereafter engaged in a series of discussions regarding a settlement of the Action, including substantial additional arms-length negotiations, where all Parties were represented by Counsel. The result was a settlement of the Action in its entirety, culminating with this Agreement.

H.      Based on the above-outlined investigation, the current state of the law, the expense, burden, and time necessary to prosecute the Action through trial and possible appeals, the risks and uncertainty of further prosecution of this Action considering the defenses at issue, the contested legal and factual issues involved, and the relative benefits to be conferred upon Plaintiffs and the Settlement Class Members pursuant to this Agreement, Class Counsel has concluded that a settlement with Defendants on the terms set forth herein is fair, reasonable, adequate, and in the best interests of the Settlement Classes in light of all known facts and circumstances.

I.      Nothing contained in this Agreement shall be construed as an admission by Defendants of any allegation, fact, claim, defense or liability alleged by the Plaintiffs. Defendants deny engaging in any acts in violation of any laws as alleged in the Action.

J.      Defendants and Defendants' counsel recognize the expense and length of continued proceedings necessary to continue the Action through trial and through possible appeals.

Defendants also recognize that the expense and time spent pursuing this Action has and will further detract from resources that may be used to reimburse class members. While Defendants deny any wrongdoing or liability arising out of any of the facts or conduct alleged in the Action and believe that they possesses valid defenses to Plaintiffs' claims, Defendants have determined that the settlement is a fair, adequate, and reasonable resolution of the claims asserted against them.

## III. CERTIFICATION

A.     Certification of Classes: For Settlement purposes only, and without any finding or admission of any wrongdoing or fault by Defendants, and solely pursuant to the terms of this Agreement, the Parties consent to and agree to the establishment of a conditional certification of the nationwide Settlement Classes, pursuant to Federal Rule of Civil Procedure 23(a) and 23(b)(2). Brandon Orr, Leandro Cabo, Ryan Henderson, Michael Livieratos, Alexander Chernyavsky, Gregg Podalsky, Vijeth Shetty, Chukwudozie Ezeokoli, Michael Norris, Edwin Garrison, Shengyun Huang, Julie Papadakis, Vitor Vozza, Kyle Rupprecht, Warren Winter, and Sunil Kavuri will serve as class representative plaintiffs and The Moskowitz Law Firm, PLLC, and Boies Schiller Flexner LLP will serve as Co-Lead Class Counsel.

B.     Certification is Conditional: This certification is for settlement purposes only and is conditional on the District Court's approval of this Agreement. In the event the District Court does not approve all terms of the Class Action Settlement Agreement, then certification of the Settlement Classes should be void and this Agreement and all orders entered in connection therewith, including but not limited to any order conditionally certifying the Settlement Classes, shall become null and void and shall be of no further force and effect and shall not be used or referred to for any purposes whatsoever in the Action or in any other case or controversy. And, in such an event, this Agreement and all negotiations and proceedings related thereto shall be deemed to be without prejudice to the rights of any and all parties hereto, who shall be restored to their respective positions as of the date of this Agreement, and Defendants shall not be deemed to have waived any opposition or defenses they have to any aspect of the claims asserted in the Action or to whether those claims are amenable to class-based treatment, including, but not limited to, Defendant's position and defense of lack of jurisdiction.

## IV. SETTLEMENT CONSIDERATION

In consideration of the mutual covenants and promises set forth herein, and subject to District Court approval, the Parties agree as follows:

A.     **Monetary Relief.** A Common Fund to fund the Class Settlement, including all costs, fees or other payments, including but not limited to the costs of notice and administration, attorneys' fees, litigation expenses and costs, class recovery, and class representative compensation (the "Common Fund") will be created in the amount of $20,000, payable as follows: $10,000 from Graham Stephan, $5,000 from Andre Jikh, and $5,000 from Jeremy Lefebvre. The amount is intended to be a complete and total settlement and payment; in no event shall Defendants, their insurers or any of the Released Parties ever be liable for any amount whatsoever

in excess of the Common Fund, regardless of any circumstance whatsoever. The Parties agree and confirm that future claims are not included in this Release.

B.    **Settlement Payment.** The Settlement payment above shall be made on or before January 22, 2025 (or upon final approval of this settlement, whichever is earlier) and deposited into an interest-bearing account of Plaintiffs' counsels' choosing. The Settlement Payment, along with any accrued interest, will be returned to the Defendants if this Settlement is not approved by the Court. Class Counsel may decide to seek preliminary approval of this Settlement, along with other future FTX Settlements, to save costs associated with the Notice.

C.    **Other Relief.**

    i.  **Assignment of Claims:** Defendants will assign any and all claims they may have against any and all third parties to the Plaintiff Class, regarding any of the allegations raised in this action. In the event that any such third parties attempt to assert counterclaims against Defendants for such assigned claims, the Plaintiff Class will provide legal defense and bear the attorneys' fees and costs for such defense.

    ii.  **Ongoing Cooperation Against Third Parties:** Defendants will continue to provide Plaintiffs with sworn statements, documents, and ongoing cooperation in the Plaintiffs' pursuit of claims against other third parties and defendants in this this MDL, including providing additional documents.

D.    **Confirmatory Discovery**: Defendants currently have counsel assisting their defense. Defendant will provide Plaintiffs with a Declaration that they had no personal knowledge that the FTX Interest Accounts, and/or any FTX tokens, were the sale of an unregistered security.

E.    **Settlement Approval and Administration Held in Abeyance.** Given the number of the Class Members and the global nature of the Settlement, Class Counsel may decide to seek approval and administration of this Settlement, along with other future FTX Settlements, to save costs associated with the Notice and with administration of the Settlement. The Parties have agreed to request that the Court hold the notice of the Settlement and any final approval of the Settlement in abeyance until a sufficient amount of the MDL Defendants settle to make the notice economical. While Defendants agree to pay the Monetary Relief into an interest-bearing account pending approval and administration of this Settlement in accordance with sections IV.A and IV.B, above, the Parties agree that Class Counsel will propose a Plan for Administration of the Settlement to the Court for approval in connection with seeking approval of this Settlement after a sufficient amount of the MDL Defendants settle to make administration of the Settlement economical.

## V. RELEASE

The Settlement Class Representatives and each member of the Settlement Class, by operation of the Final Order and Judgment, on his, her, its, or their own behalf and on behalf of his, her, its or their predecessors, successors, assigns, assignors, representatives, attorneys, agents, trustees, insurers, heirs, next of kin, estates, beneficiaries, executors, administrators, and any natural, legal, or juridical person or entity that he, she, it or they are entitled to assert any claim on behalf of any Settlement Class member, will agree to release and forever discharge Defendants and their insurers, affiliates, successors, executors, assigns members, current and former officers, directors, employees, attorneys and agents (the "Released Parties") from all past and present claims, counterclaims, crossclaims, lawsuits, demands, damages, property damages, economic damages, legal fees, costs and expenses, rights, causes of action, liabilities, suits, judgments, debts, dues, sums of money seeking damages or other legal or equitable relief of whatever kind or nature, known or unknown, accrued or unaccrued, existing or contingent, asserted or unasserted, from the beginning of the world through the date of the approval of settlement, by Final; Court Order and Judgment, arising out of or in any way related to: a) the allegations in the Class Action Complaint; and/or b) the allegations in the MDL; and/or c) any social media posts or other statements made by Defendants referring or relating to the FTX Group and/or its affiliates. This Release specifically does not apply to Creators Agency LLC (and/or any of their insurers, affiliates, successors, executors, assigns members, current and former officers, directors, employees, attorneys and agents) or FTX Group (and/or any of their insurers, affiliates, successors, executors, assigns members, current and former officers, directors, employees, attorneys and agents). It is an essential element of the Defendants participation in this Settlement that they obtain the fullest possible release from further liability to anyone relating to the released claims and it is the intention of the Parties that this Agreement eliminate all further risk and liability of the Defendants related to the released claims.

## VI. NOTICE TO THE SETTLEMENT CLASS

Class Notice: In accordance with Section IV.E, above, the Parties have agreed to hold the notice of this Agreement in abeyance until a sufficient amount of the MDL Defendants settle to make the notice economical. The Defendants shall have no responsibility for providing publication or distribution of the Settlement or the the notice of the Settlement to the Settlement Class, but settling Defendnts reserve the right to approve the contents of the Class Notice. When Class Counsel decides to seek approval of this Settlement with other future FTX Settlements, Class Counsel shall issue the Class Notice in accordance with the requirements of the Preliminary Approval Order, as follows:

A. Notices. Class Counsel shall prepare a notice which will contain a description of the Settlement Agreement and afford affected parties the opportunity to obtain copies of all the settlement-related papers. The Class Notice shall be the legal notice to be provided to the Settlement Class Members, and shall otherwise comply with Federal Rule of Civil Procedure 23 and any other applicable statutes, laws, and rules, including, but not limited to, the Due Process Clause of the United States Constitution. The Notice will be distributed in accordance with item B below.

1. The Class Notice shall advise the Potential Settlement Class Members of the following:

    a.  <u>General Terms.</u> The Class Notice shall contain a plain, neutral, objective, and concise summary description of the nature of the Action and the terms of the proposed Settlement, including all relief that will be provided by the Defendants to the Settlement Class in the Settlement, as set forth in this Agreement. This description shall also disclose, among other things, that (a) any relief to Settlement Class Members offered by the Settlement is contingent upon the Court's approval of the Settlement, which will not become effective until the Effective Date; (b) Class Counsel and Plaintiffs have reserved the right to petition the Court for an award of Attorneys' Fees and Expenses from the Settlement Funds. The Settlement is not contingent upon any particular amount of Attorneys' Fees and Expenses being awarded by the Court.

    b.  <u>The Settlement Class.</u> The Class Notice shall define the Settlement and shall disclose that the Settlement Class has been provisionally certified for purposes of settlement only.

    c.  <u>Opt-Out Rights.</u> The Class Notice shall inform the Settlement Class Members of their right to seek exclusion from the Settlement Class and the Settlement and provide the deadlines and procedures for exercising this right.

    d.  <u>Objection to Settlement.</u> The Class Notice shall inform Settlement Class Members of their right to object to the proposed Settlement and to appear at the Fairness Hearing and provide the deadlines and procedures for exercising these rights.

    e.  <u>Fairness Hearing.</u> The Class Notice shall disclose the date and time of the Fairness Hearing and explain that the Fairness Hearing may be rescheduled without further notice to the Settlement Class.

    f.  <u>Release.</u> The Class Notice shall summarize or recite the proposed terms of the Release contemplated by this Agreement.

    g.  <u>Further information.</u> The Class Notice shall disclose where Settlement Class Members may direct written or oral inquiries regarding the Settlement, and also where they may obtain additional information about the Action, including instructions on how Settlement Class Members can access the case docket using PACER or in person at any of the court's locations.

DocuSign Envelope ID: A1473880-D485-4758-9814-20D8217646B1

B. <u>Service.</u> Subject to Section IV.D. above, the Settlement Administrator shall serve the Notices no later than thirty days after entry of the Preliminary Approval Order via publication to the dedicated website created and maintained for this Action, and via email to any Class Members whose email addresses are reasonably available to Class Counsel.

C. <u>Settlement Website</u>**.** The Plaintiffs shall cause the Settlement Administrator to establish the Settlement Website, whose address shall be included and disclosed in the Class Notice, and which will inform potential Settlement Class Members of the terms of this Agreement, their rights, dates, and deadlines and related information. The Settlement Website shall include, in .pdf format, a copy of the Operative Complaint, this Agreement and its exhibits, any Preliminary Approval Order entered by the Court, and a copy of the Class Notice, along with such other information as the Court may designate or the Parties may agree to post there. The Settlement Website will be operational and live by the date of the first mailing of the Class Notice. A Spanish-language translation of the Class Notice shall be placed on the Settlement Website by the Settlement Administrator at the time the Settlement Website becomes operational and live. The Spanish-language translation shall be created by a federally certified translator. However, in the case of conflict, the English-language version of the Class Notice shall control.

D. <u>IVR Calling Line</u>. The Plaintiffs shall cause the Settlement Administrator to establish an automated interactive voice recognition telephone system for the purposes of providing information concerning the nature of the Action, the material terms of the Settlement, and the deadlines and procedures for potential Settlement Class Members to exercise their opt-out and objection rights. The Class Notice and Settlement Website shall include and disclose the telephone number of this automated interactive voice recognition telephone system.

E. <u>Internet Advertising</u>. The Plaintiffs shall cause the Settlement Administrator to make advertisements on the internet for the purpose of alerting Settlement Class Members to the settlement website, in a form recommended by the Settlement Administrator and mutually acceptable to the Parties, with an aggregate cost not to exceed 1% of the Common Fund.

F. <u>Notice to Appropriate Federal and State Officials.</u> Pursuant to the notice provisions of the Class Action Fairness Act, 28 U.S.C. § 1715, within ten (10) days after this Agreement is deemed filed with the Court, the Plaintiffs will provide notice of this Action and this Agreement to the appropriate federal and state entities.

G. Not later than ten (10) days before the date of the Fairness Hearing, the Settlement Administrator, and to the extent necessary, the Plaintiffs shall file with the Court a declaration or declarations, based on the personal knowledge of the declarant(s), verifying compliance with these class-wide notice procedures.

## VII. SETTLEMENT ADMINISTRATION

A.  As set forth in Section IV.E, above, the Parties have agreed to request that the Court hold the notice, final approval, and administration of the Settlement in abeyance until a sufficient amount of the MDL Defendants settle to make the notice economical.

B.  While Defendants agree to pay the Monetary Relief into an interest-bearing account pending approval and administration of this Settlement in accordance with sections IV.A and IV.B, above, the Parties agree that Class Counsel will propose a Plan for Administration of the Settlement to the Court for approval in connection with seeking approval of this Settlement after a sufficient amount of the MDL Defendants settle to make administration of the Settlement economical.

C.  Lead Counsel shall be responsible for filing tax returns for the Settlement Fund and for paying any taxes owed with respect to the Settlement Fund. All taces on the income of the Settlement Fund and all expenses incurred in connection with the taxation of the Settlement (including, but not limited to, the expenses of tax attorneys and accountants) shall be paid out of the Settlement Fund.

## VIII. PROCEDURES FOR OBJECTING TO OR REQUESTING EXCLUSION FROM SETTLEMENT

A.  **Objections:** Only Settlement Class Members may object to the settlement. All objections must be filed no later than thirty calendar days prior to the Final Fairness Hearing (the "Objection/Exclusion Deadline") with Clerk of the United States District Court for the Southern District of Florida, 400 North Miami Avenue, 8th Floor, Miami, FL 33128, and served at that same time upon both of the following:

a.  Co-Lead Class Counsel
Adam M. Moskowitz
Joseph M. Kaye
THE MOSKOWITZ LAW FIRM, PLLC
2 Alhambra Plaza Suite 601
Coral Gables, FL 33134
adam@moskowitz-law.com
joseph@moskowitz-law.com
service@moskowitz-law.com

-and-

David Boies
Brooke Alexander
**BOIES SCHILLER FLEXNER LLP**
333 Main Street

11

Armonk, NY 10504
Phone: (914) 749–8200
dboies@bsfllp.com
balexander@bsfllp.com

B.     A Settlement Class Member's objection must:

    a.   be in writing;

    b.   include the objector's full name, current address, and current telephone number;

    c.   include documentation or attestation sufficient to establish membership in any of the Classes;

    d.   be signed by the person filing the objection, or his attorney;

    e.   state, in detail, the factual and legal grounds for the objection;

    f.   state any objections filed by the objector in the last seven years (case name, name of court and result of objection);

    g.   attach any document the Court should review in considering the objection and ruling on the Motion;

    h.   provide dates for availability to Class Counsel for the Settlement Class Member's deposition; and

    i.   include a request to appear at the Final Approval Hearing, if the objector intends to appear at the Final Approval Hearing.

C.     Any objection that does not meet all of these requirements will be deemed invalid and will be overruled.

D.     Subject to approval of the Court, any objecting Settlement Class Member may appear, in person or by counsel, at the Final Approval Hearing held by the Court, to show cause why the proposed Settlement should not be approved as fair, adequate, and reasonable, or object to any petitions for attorneys' fees, Class Representative Award, and reimbursement of reasonable litigation costs and expenses. The objecting Class Member must file with the Clerk of the Court and serve upon Class Counsel and Defendant's Counsel (at the addresses listed above), a notice of intention to appear at the Final Approval Hearing ("Notice of Intention to Appear") on or before the Objection/Exclusion Deadline.

E.     The Notice of Intention to Appear must include copies of any papers, exhibits, or other evidence that the objecting Class Member (or his/her/its counsel) will present to the Court in connection with the Final Approval Hearing. Any Class Member who does not provide a Notice of Intention to Appear in complete accordance with the deadlines and other specifications set forth in the Class Notice, will not be allowed to speak or otherwise present any views at the Final Approval Hearing.

F.     The date of the postmark on the mailing envelope or a legal proof of service accompanied and a file-stamped copy of the submission shall be the exclusive means used to determine whether an objection and/or notice of intention to appear

DocuSign Envelope ID: A1473389-D485-475B-9814-20D8217646B1

has been timely filed and served. In the event that the postmark is illegible, the objection and/or notice to appear shall be deemed untimely unless it is received by the counsel for the Parties within two (2) calendar days of the Objection/Exclusion Deadline.

G.     <u>Response to Objections</u>: Class Counsel shall, at least ten (10) business days (or such other number of days as the Court shall specify) before the Final Approval Hearing, file any responses to any written objections submitted to the Court by Settlement Class Members in accordance with this Agreement.

H.     <u>No Solicitation of Settlement Objections</u>: The Parties agree to use their best efforts to carry out the terms of this Settlement. At no time will any of the Parties or their counsel seek to solicit or otherwise encourage any Settlement Class Member to object to the settlement or encourage any Settlement Class Member to appeal from the final judgment.

I.     **Requests for Exclusion**

1.    Any Settlement Class Member who wishes to be excluded from the Settlement Class must mail a written "request for exclusion" to the Settlement Administrator at the address provided in the Class Notice, mailed sufficiently in advance to be received by the Settlement Administrator no later than the Objection/Exclusion Deadline. A written request for exclusion must: (a) contain a caption or title that identifies it as "Request for Exclusion in *In Re. FTX Cryptocurrency Exchange Collapse Litigation*; (b) include the Settlement Class Member's name, mailing and email addresses, and contact telephone number; (c) specify that he or she wants to be "excluded from the Settlement Class" and identify the Class Loan number(s) for which he or she seeks exclusion from the Settlement; and (d) be personally signed by the Settlement Class Member. The requirements for submitting a timely and valid request for exclusion shall be set forth in the Class Notice.

2.    Each Settlement Class Member who wishes to be excluded from the Settlement Class must submit his or her own personally signed written request for exclusion. A single written request for exclusion submitted on behalf of more than one Potential Settlement Class Member will be deemed invalid; provided, however, that an exclusion received from one Settlement Class Member will be deemed and construed as a request for exclusion by all co-account holders.

3.    Unless excluded by separate Order entered by the Court for good cause shown prior to the final approval of this Settlement, any Settlement Class Member who fails to strictly comply with the procedures set forth in this Section for the submission of written requests for exclusion will be deemed to have consented to the jurisdiction of the Court, will be deemed to be part of the Settlement Class, and will be bound by all subsequent proceedings, orders, and judgments in the Action, including, but not limited to, the Release, even if he or she has

DocuSign Envelope ID: A1473880-D485-475A-9814-30D8217EA6B1

litigation pending or subsequently initiates litigation against the Defendants relating to the released claims.

4. The Settlement Administrator shall file with the Court, no later than ten (10) days before the Fairness Hearing, a list reflecting all requests for exclusion it has received. The list shall also identify which of those requests for exclusion were received late, and which requests for exclusion failed to comply with the requirements of this Section VIII.

5. Settlement Class Members who exclude themselves from the Settlement Class as set forth in this Section expressly waive any right to the continued pursuit of any objection to the Settlement as set forth in this Section, or to otherwise pursue any objection, challenge, appeal, dispute, or collateral attack to this Agreement or the Settlement, including: to the Settlement's fairness, reasonableness, and adequacy; to the appointment of Class Counsel and Plaintiffs as the representatives of the Settlement Class; to any Attorneys' Fee and Expense awards; and to the approval of the Class Notice, and the procedures for disseminating the Class Notice to the Settlement Class.

## IX. RELEASE OF UNKNOWN CLAIMS

Plaintiffs expressly understand and acknowledge, and all Settlement Class Members will be deemed by the Final Judgment to acknowledge, that certain principles of law, including but not limited to Section 1542 of the Civil Code of the State of California, provide that "a general release does not extend to claims which the creditor does not know or suspect to exist in his or her favor at the time of executing the release, which if known by him or her must have materially affected his or her settlement with the debtor." To the extent that anyone might argue that these principles of law are applicable—notwithstanding that the Parties have chosen Florida law to govern this Agreement—Plaintiffs hereby agree that the provisions of all such principles of law or similar federal or state laws, rights, rules or legal principles, to the extent they are found to be applicable herein are hereby knowingly and voluntarily waived, relinquished, and released by Plaintiffs and all Settlement Class Members.

## X. <u>ATTORNEYS' FEES AND EXPENSES</u>

**A.** Class Counsel may petition the Court for an award of Attorneys' Fees and Expenses in an aggregate amount not to exceed thirty three percent (33%) of the Settlement Funds. Class Counsel shall file its motion for an Attorneys' Fees and Expenses award no later than fourteen (14) days before the Objection/Exclusion Deadline. As soon as is practicable after filing, Class Counsel shall cause the Settlement Administrator to post on the Settlement Website all papers filed and served in support of Class Counsel's motion for an award of Attorneys' Fees and Expenses. The Defendant reserves the right to oppose any petition by Class Counsel for Attorneys' Fees and Expenses that the Defendant deems to be unreasonable in nature or amount or otherwise objectionable.

**B.** All attorneys' fees for, and any reimbursement of litigation expenses incurred by, Class

Counsel shall be paid out of the Settlement Funds. Other than making available the Settlement Funds pursuant to the requirements of Section IV, the Defendant shall have no responsibility for, and no liability whatsoever with respect to, any payment of attorneys' fees or expenses to Class Counsel and/or to the Plaintiffs, which Class Counsel and Plaintiffs shall seek to have paid only from the Settlement Funds.

**C.** Class Counsel is solely responsible for distributing any Attorneys' Fees and Expenses to and among all attorneys that may claim entitlement to attorneys' fees or costs in the Action. It is a condition of this Settlement that the Defendant shall not be liable to anyone else for any attorneys' fees or costs, or any claim by any other counsel or Settlement Class Member or Plaintiff for additional attorneys' fees, costs or expenses, relating in any way to the Action, the Settlement, its administration and implementation, any appeals of orders or judgments relating to the Settlement, any objections or challenges to the Settlement, and/or any proceedings on behalf of Settlement Class Members who do not exclude themselves from the Settlement Class based on any of the claims or allegations forming the basis of the Action or any other claims that are defined as Released Claims in this Settlement.

**D.** Within fourteen (14) days after the later of (a) the Final Settlement Date or (b) receipt of wire instructions from Class Counsel, whichever is later, the Settlement Administrator shall pay Class Counsel from the Settlement Funds any Attorneys' Fees and Expenses and Service Awards that may be awarded by the Court. Class Counsel shall be solely responsible for supplying the Settlement Administrator with all information required by the Settlement Administrator in order to pay such awards from the Settlement Funds, and to comply with the Settlement Administrator's state and local reporting obligations. Class Counsel will also be solely responsible for distributing such Service Awards to the Plaintiffs, in accordance with the terms and provisions of any Order entered by the Court approving such awards.

**E.** In the event the Final Order and Judgment is not entered, or this Agreement and the Settlement do not reach the Final Settlement Date, the Defendant will not be liable for, and shall be under no obligation to pay, any of the Attorneys' Fees and Expenses and Service Awards set forth herein and described in this Agreement.

**B.** The effectiveness of this Agreement and Settlement will not be conditioned upon or delayed by the Court's failure to approve in whole or in part any petition by Plaintiffs and Class Counsel for Attorneys' Fees and Expenses and Service Awards. The denial, downward modification, or failure to grant any petition by Plaintiffs and Class Counsel for Attorneys' Fees and Expenses and Service Awards shall not constitute grounds for modification or termination of this Agreement or the Settlement proposed herein.

## XI.   DUTIES OF THE PARTIES PRIOR TO FINAL COURT APPROVAL

The Parties shall promptly submit this Agreement to the District Court in support of a Joint Motion for Preliminary Approval and determination by the District Court as to its fairness, adequacy, and reasonableness. Promptly upon execution of this Agreement (and by no later than

one week after signing), the Parties shall apply to the District Court for the entry of a Preliminary Approval order substantially in the following form:

A.      Scheduling a Final Approval Hearing on the question of whether the proposed settlement should be finally approved as fair, reasonable, and adequate as to the members of the Classes;

B.      Approving as to form and content the Class Notice;

C.      Directing and the method and frequency of Class Notice;

D.      Preliminarily approving the Settlement;

E.      Preliminarily and conditionally certifying the Settlement Class for settlement purposes;

F.      Staying all proceedings in the Action against Defendants, and enjoining the prosecution of any other individual or Class claims against Defendants.

G.      Providing that, in the event the proposed settlement set forth in this Agreement is not approved by the District Court, the Parties shall negotiate in good faith in order to modify the terms of this Agreement in order to revive the settlement agreement. In the event such efforts are not successful, this Agreement and all orders entered in connection therewith, including but not limited to any order conditionally certifying the Settlement Class, shall become null and void and shall be of no further force and effect and shall not be used or referred to for any purposes whatsoever in the Action or in any other case or controversy; and that in such an event, this Agreement and all negotiations and proceedings related thereto shall be deemed to be without prejudice to the rights of any and all parties hereto, who shall be restored to the respective positions as of the date of this Agreement. In the event the District Court does not enter the Preliminary Approval order described herein, or decides to do so only with material modifications, then this entire Agreement shall become null and void, unless the parties hereto agree in writing to proceed with this Agreement as modified.  Class Counsel shall prepare the initial draft of the pleadings required by this Section.

## XII. COURT APPROVALS

1.      Class Counsel will submit a proposed final order and judgment at the Final Approval Hearing to include:

A.      Approving the Settlement, adjudging the terms thereof to be fair, reasonable, and adequate, and directing consummation of its terms and provisions; and

B.      Seeking entry by the Court of a final judgment and order permanently barring the Parties and Settlement Class Members from prosecuting the Defendants and their officers, attorneys, directors, shareholders, employees, agents, retailers, suppliers,

distributors, endorsers, and consultants, in regard to those matters released as set forth in Section V above.

2.      The Settlement between the parties is contingent on the required Court approvals of all the terms set forth herein.

## XIII. PARTIES' AUTHORITY

The signatories represent that they are fully authorized to enter into this Agreement and bind the Parties to its terms and conditions.

## XIV. MUTUAL FULL COOPERATION

A.      The Parties agree to cooperate fully with each other to accomplish the terms of this Agreement, including but not limited to, execution of such documents and the taking of such other action as may reasonably be necessary to implement the terms of this Agreement. The Parties to this Agreement shall use their best efforts, including all efforts contemplated by this Agreement and any other efforts that may become necessary by order of the Court, or otherwise, to effectuate this Agreement. As soon as practicable after execution of this Agreement, Class Counsel, with the assistance and cooperation of Defendants and their counsel, shall take all necessary steps to secure the Court's final approval of this Agreement. Defendants agree that they will not challenge venue or jurisdiction in the Southern District of Florida as it relates to this Agreement and approval of the Class Settlement only. Defendants will not oppose the Plaintiff's motion for certification of the Settlement Class which will be filed in the Southern District of Florida based on the terms set forth herein.

## XV. NO ADMISSION

This Agreement is not to be construed or deemed as an admission of liability, culpability, negligence, or wrongdoing on the part of Defendants or as an admission that class treatment in the Action is proper for any purpose other than settlement. Defendants deny all liability for claims asserted in the Action and deny that class treatment for the Action is proper for any purpose other than settlement. Each of the Parties has entered into this Agreement with the intention to avoid further disputes and litigation with the attendant inconvenience and expenses. This Agreement is a settlement document and shall, pursuant to Fed. R. Evid. 408 and related or corresponding state evidence laws, be inadmissible in evidence in any proceeding. This Agreement or the existence of this settlement shall not be used or cited in any proceeding other than (i) an action or proceeding to approve or enforce this Agreement, or (ii) in a subsequent proceeding potentially barred by the Release specified herein.

## XVI. NOTICES

Unless otherwise specifically provided, all notices, demands or other communications in connection with this Agreement shall be in writing and shall be deemed to have been given as of the third business day after mailing by United States registered or certified mail, return receipt requested, addressed, with a copy served by email, as follows:

DocuSign Envelope ID: A1473889-D485-475A-9814-30D8217EA6B1

| For The Class | For Defendant |
|---|---|
| Adam M. Moskowitz<br>Joseph M. Kaye<br>**THE MOSKOWITZ LAW FIRM, PLLC**<br>2 Alhambra Plaza Suite 601<br>Coral Gables, FL 33134<br>adam@moskowitz-law.com<br>joseph@moskowitz-law.com<br>service@moskowitz-law.com<br><br>-and-<br><br>David Boies<br>Brooke Alexander<br>**BOIES SCHILLER FLEXNER LLP**<br>333 Main Street<br>Armonk, NY 10504<br>Phone: (914) 749–8200<br>dboies@bsfllp.com<br>balexander@bsfllp.com | Josef M. Mysorewala<br>**Law Office of Josef M. Mysorewala, PLLC**<br>2000 S Dixie Highway, Suite 112<br>Miami, Florida 33133<br>Phone: (305) 356-1031<br>josefm@lawjmm.com<br><br>-and-<br><br>Kimberly P. Stein<br>**Flangas Law Group, Inc.**<br>3275 South Jones Blvd., Suite 105<br>Las Vegas, NV 89146<br>Phone: (702) 307-9500<br>kps@fdlawlv.com |

## XVII. CONSTRUCTION

The Parties agree that the terms and conditions of this Agreement are the result of lengthy, intensive arms-length negotiations between the Parties, and that this Agreement shall not be construed in favor of or against any Party by reason of the extent to which any Party or his or its counsel participated in the drafting of this Agreement. In executing this Agreement, the Parties are relying solely upon their own judgment, belief and knowledge, and the advice and recommendations of their own independently selected counsel, concerning the nature, extent and duration of their rights and claims hereunder and regarding all matters which relate in any way to the subject matter hereof, and that, except as provided herein, they have not been influenced to any extent whatsoever in executing this Agreement by any reprensetations, statements or ommissions pertaining to any of the foregoing matters by any party or any person representing any party to this Agreement. Each Settling Party assumes the risk of mistake as to facts or law.

## XVIII. MATERIAL TERMS; CAPTIONS

Each term of this Agreement is a material term of the Agreement not merely a recital, and reflects not only the intent and objectives of the Parties but also the consideration to be exchanged by the Parties hereunder. Paragraph titles or captions are inserted as a matter of convenience and

DocuSign Envelope ID: A1473889-D485-4759-9814-30D82176A6B1

for reference, and in no way define, limit, extend, or describe the scope of this Agreement or any of its provisions.

## XIX. INTEGRATION CLAUSE

This Agreement contains the entire agreement between the Parties relating to the settlement, and all prior or contemporaneous agreements, understandings, representations, and statements, whether oral or written and whether by a party or such party's legal counsel, are extinguished.

## XX. NO COLLATERAL ATTACK

This Agreement shall not be subject to collateral attack by any Settlement Class Member or any recipient of the notices to the Settlement Classes after the judgment and dismissal is entered. Such prohibited collateral attacks shall include claims made before the Final Approval Hearing that a Settlement Class Member's settlement amount was improperly calculated or adjusted or that the Settlement Class Member failed to receive timely notice of the procedure for disputing the calculation of the individual settlement amount or failed to submit a timely dispute letter for any reason.

## XXI. AMENDMENTS

The terms and provisions of this Agreement may be amended only by a written agreement, which is both (1) signed by the Parties who have executed this Agreement and (2) approved by the Court.

## XXII. ASSIGNMENTS

None of the rights, commitments, or obligations recognized under this Agreement may be assigned by any Party or Settlement Class Member without the express written consent of each other Party hereto. The representations, warranties, covenants, and agreements contained in this Agreement are for the sole benefit of the Parties and Settlement Class Members under this Agreement, and shall not be construed to confer any right or to avail any remedy to any other person.

## XXIII. GOVERNING LAW

This Agreement shall be governed by, and the rights of the Parties determined in accordance with, the laws of the State of Florida, irrespective of the State of Florida's choice of law principals. The Parties shall jointly request that the District Court retain jurisdiction to enforce the provisions of this Agreement and to enforce the Agreement in the event of default.

## XXIV. BINDING ASSIGNS

This Agreement shall be binding upon and inure to the benefit of the Parties and their respective heirs, trustees, executors, administrators, successors, and assigns.

## XXV. CLASS COUNSEL SIGNATORIES

It is agreed that because the Settlement Classes appear to be so numerous, it is impossible or impractical to have each member of the class execute this Agreement. The notice plan set forth herein will advise Settlement Class Members of all material terms of this Agreement, including the binding nature of the releases and such shall have the same force and effect as if this Agreement were executed by each Settlement Class Member.

## XXVI.  SEVERABILITY OF INVALID PROVISIONS

If any provision of this Agreement is held invalid, the invalidity shall not affect other provisions or applications of the Agreement which can be given effect without the invalid provisions or applications, and to this end the provisions of this Agreement are declared to be severable.

## XXVI. COUNTERPARTS

This Agreement may be executed in counterparts, and when each party has signed and delivered at least one such counterpart, each counterpart shall be deemed an original, and, when taken together with other signed counterparts, shall constitute one Agreement, which shall be binding upon and effective as to all Parties and the Settlement Classes. All parties must sign this Agreement for it to be binding. A signature transmitted by email shall be as valid and binding as an original signature.

IN WITNESS WHEREOF, the parties have executed this Agreement as of this _____22_____ day of March, 2024:


BY:  _____
     Adam Moskowitz
     Class Counsel on Behalf of All Plaintiffs and the Class


BY:  _____
     David Boies
     Class Counsel on Behalf of All Plaintiffs and the Class


BY:  _____
     Graham Stephan


20

## XXIV. BINDING ASSIGNS

This Agreement shall be binding upon and inure to the benefit of the Parties and their respective heirs, trustees, executors, administrators, successors, and assigns.

## XXV. CLASS COUNSEL SIGNATORIES

It is agreed that because the Settlement Classes appear to be so numerous, it is impossible or impractical to have each member of the class execute this Agreement. The notice plan set forth herein will advise Settlement Class Members of all material terms of this Agreement, including the binding nature of the releases and such shall have the same force and effect as if this Agreement were executed by each Settlement Class Member.

## XXVI.  SEVERABILITY OF INVALID PROVISIONS

If any provision of this Agreement is held invalid, the invalidity shall not affect other provisions or applications of the Agreement which can be given effect without the invalid provisions or applications, and to this end the provisions of this Agreement are declared to be severable.

## XXVI. COUNTERPARTS

This Agreement may be executed in counterparts, and when each party has signed and delivered at least one such counterpart, each counterpart shall be deemed an original, and, when taken together with other signed counterparts, shall constitute one Agreement, which shall be binding upon and effective as to all Parties and the Settlement Classes. All parties must sign this Agreement for it to be binding. A signature transmitted by email shall be as valid and binding as an original signature.

IN WITNESS WHEREOF, the parties have executed this Agreement as of this ___21___ day of March, 2024:

BY: _____
Adam Moskowitz
Class Counsel on Behalf of All Plaintiffs and the Class

BY: _____
David Boies
Class Counsel on Behalf of All Plaintiffs and the Class

BY: _____
Graham Stephan

20

DocuSign Envelope ID: A1473889-D485-4759-8814-30D8217646B1

BY:    _____

Andre Jikh


BY:    _____

Jeremy LeFebvre

BY: _____
     Andre Jikh

BY: _____
     Jeremy LeFebvre

# Exhibit B9