# Exhibit C

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**
**MIAMI DIVISION**
MDL No. 3076
CASE NO. 1:23-md-03076-KMM

**IN RE:**

**FTX Cryptocurrency Exchange Collapse Litigation**

_____

This document relates to:

FTX Promoter Defendants

_____

**DECLARATION OF GINA INTREPIDO-BOWDEN REGARDING PROPOSED**
**SETTLEMENT NOTICE PLAN**

I, Gina Intrepido-Bowden, hereby declare as follows:

1.      I am a judicially recognized legal notice expert with more than 20 years of experience designing and implementing class action legal notice programs. I have been involved in many of the largest and most complex class action notice programs, including all aspects of notice dissemination. A comprehensive description of my experience is attached as Exhibit A.

2.      I submit this Declaration at the request of Class Counsel in the above-referenced action to describe the proposed plan for providing notice to Class Members (the "Notice Plan") and address why it is consistent with other best practicable court-approved notice programs and the requirements of Rule 23 of the Federal Rules of Civil Procedure ("Rule 23"), the Due Process Clause of the United States Constitution, and the Federal Judicial Center ("FJC") guidelines for best practicable due process notice.

**BACKGROUND AND EXPERIENCE**

3.      JND is a leading legal administration services provider with offices throughout the United States and its headquarters in Seattle, Washington. JND's class action division provides all services necessary for the effective implementation of class actions including: (1) all facets of legal notice, such as outbound mailing, email notification, and the design and implementation of media programs; (2) website design and deployment, including online claim filing capabilities; (3) call center and other contact support; (4) secure class member data management; (5) paper and

electronic claims processing; (6) calculation design and programming; (7) payment disbursements through check, wire, PayPal, merchandise credits, and other means; (8) qualified settlement fund tax reporting; (9) banking services and reporting; and (10) all other functions related to the secure and accurate administration of class actions.

4.      JND is an approved vendor for the United States Securities and Exchange Commission ("SEC"), the Federal Trade Commission ("FTC"), and the Consumer Financial Protection Bureau ("CFPB"). In addition, we have worked with a number of other government agencies including: the U.S. Equal Employment Opportunity Commission ("EEOC"), the Office of the Comptroller of the Currency ("OCC"), the Federal Deposit Insurance Corporation ("FDIC"), the Federal Communications Commission ("FCC"), the Department of Justice ("DOJ"), and the Department of Labor ("DOL"). We also have Master Services Agreements with various corporations and banks, which were only awarded after JND underwent rigorous reviews of our systems, privacy policies, and procedures. JND has been certified as SOC 2 Type 2 compliant by noted accounting firm Moss Adams.[1]

5.      JND has been recognized by various publications, including the *National Law Journal*, the *Legal Times*, and the *New York Law Journal*, for excellence in class action administration. JND was named the #1 Class Action Claims Administrator in the U.S. by the national legal community for multiple consecutive years, and we were inducted into the *National Law Journal* Hall of Fame in 2022 and 2023 for having held this title. JND was also recognized last year as the Most Trusted Class Action Administration Specialists in the Americas by *New World Report* (formerly *U.S. Business News*) in the publication's 2022 Legal Elite Awards program.

6.      The principals of JND collectively have over 80 years of experience in class action legal and administrative fields. JND has overseen claims processes for some for the largest legal claims administration matters in the country's history, and regularly prepare and implement court approved notice and administration campaigns throughout the United States.

---

[1] As a SOC 2 Compliant organization, JND has passed an audit under AICPA criteria for providing data security.

7.      JND was appointed the notice and claims administrator in the landmark $2.67 billion Blue Cross Blue Shield antitrust settlement, in which we mailed over 100 million postcard notices; sent hundreds of millions of email notices and reminders; placed notice via print, television, radio, internet and more; received and processed more than eight million claims; and staffed the call center with more than 250 agents during the peak notice program. JND was also appointed the settlement administrator in the $1.3 billion Equifax Data Breach Settlement where we received more than 18 million claims. Email notice was sent twice to over 140 million class members, the interactive website received more than 130 million hits, and a call center was staffed with approximately 500 agents at the peak of call volume.

8.      Other large JND matters include a voluntary remediation program in Canada on behalf of over 30 million people; the $1.5 billion Mercedes-Benz Emissions Settlements; the $120 million GM Ignition Switch Settlement, where we sent notice to nearly 30 million class members and processed over 1.5 million claims; and the $215 million USC Student Health Center Settlement on behalf of women who were sexually abused by a doctor at USC, as well as hundreds of other matters. Our notice campaigns are regularly approved by courts throughout the United States.

9.      As a member of JND's Legal Notice Team, I research, design, develop, and implement a wide array of legal notice programs to meet the requirements of Rule 23 and relevant state court rules. In addition to providing notice directly to potential class members through direct mail and email, our media campaigns, which are regularly approved by courts throughout the United States, have used a variety of media including newspapers, press releases, magazines, trade journals, radio, television, social media, and the internet depending on the circumstances and allegations of the case, the demographics of the class, and the habits of its members, as reported by various research and analytics tools.

10.      During my career, I have submitted declarations to courts throughout the country attesting to the creation and launch of various notice programs. Particularly relevant to this case, I designed and implemented the notice program in another cryptocurrency matter entitled *In re Ripple Labs Inc. Litig.*, **No. 18-cv-06753-PJH**. The notice elements I would propose here are similar to what was implemented in *Ripple*.

## NOTICE PLAN OVERVIEW

11.     JND has been asked by Counsel to opine as to what a potential Notice Plan to reach Class Members and inform them about the settlement, and their rights and options, might look like.

12.     The objective of the proposed Notice Plan would be to provide the best notice practicable, consistent with the methods and tools employed in other court-approved notice programs and to allow Class Members the opportunity to review a plain language notice with the ability to easily take the next step and learn more about the litigation. The FJC's *Judges' Class Action Notice and Claims Process Checklist and Plain Language Guide* consider a Notice Plan with a high reach (above 70%) to be effective.

13.     As I understand it, the Class consists of all persons or entities who, within the applicable limitations period, purchased or held legal title to and/or beneficial interest in any fiat or cryptocurrency deposited or invested through an FTX Platform, purchased or enrolled in a YBA, or purchased FTT.

14.     The proposed Notice Plan would include the following components, as further described in the sections below:

        a.      Direct email notice to all known Class Members for whom a valid email address is provided, and if email notice is undeliverable, mailed notice will be sent;

        b.      Supplemental digital notice serving as needed to support the direct notice effort;

        c.      An internet search campaign;

        d.      The distribution of an informational press release;

        e.      A settlement website that will provide detailed information about the settlement including a page with answers to frequently asked questions, contact information, key dates, links to important case documents including the Long Form Notice and the Settlement Agreement; and

        f.      A settlement toll-free number, which will include an interactive voice response (IVR) and post office box.

15.     Based on my experience in developing and implementing settlement notice programs, I believe that a Notice Plan with these elements will provide the best notice practicable

under the circumstances.

16.     Each component of a possible Notice Program is described in more detail in the sections below.

### DIRECT NOTICE

17.     An adequate notice program needs to satisfy "due process" when reaching a class. The United States Supreme Court, in *Eisen v. Carlisle & Jacquelin*, 417 U.S. 156 (1974), stated that direct notice (when possible) is the preferred method for reaching a class. In addition, Rule 23(c)(2) of the Federal Rules of Civil Procedure provides that "the court must direct to class members the best notice that is practicable under the circumstances, including individual notice to all members who can be identified through reasonable effort. The notice may be by one or more of the following: United States mail, electronic means, or other appropriate means."

18.     JND will be provided Class data from information collected during the FTX bankruptcy matter. Upon receipt of the Class data, JND will promptly load the information into a secure, case-specific database for this matter. JND employs robust administrative, technical, and physical controls to protect confidential Class Member data and safeguard against the risk of loss, misuse, unauthorized access, disclosure, or modification of the data.

19.     Once the data is loaded, JND will identify any undeliverable addresses or duplicate records from the data and assign a unique identification number to each Class Member to identify them throughout the settlement administration process.

20.     JND will send email notice to all known Class Members for whom a valid email address has been provided.

21.     Prior to sending the email notice, JND will evaluate the email for potential spam language to improve deliverability. This process includes running the email through spam testing software, DKIM[2] for sender identification and authorization, and hostname evaluation. Additionally, we will check the send domain against the 25 most common IPv4 blacklists.[3]

22.     JND uses industry-leading email solutions to achieve the most efficient email

---

[2] DomainKeys Identified Mail, or DKIM, is a technical standard that helps protect email senders and recipients from spam, spoofing, and phishing.
[3] IPv4 address blacklisting is a common practice. To ensure that the addresses being used are not blacklisted, a verification is performed against well-known IP blacklist databases. A blacklisted address affects the reputation of a company and could cause an acquired IP address to be blocked.

notification campaigns. Our Data Team is staffed with email experts and software solution teams to conform each notice program to the particulars of the case. JND provides individualized support during the program and manages our sender reputation with the Internet Service Providers ("ISPs"). For each of our programs, we analyze the program's data and monitor the ongoing effectiveness of the notification campaign, adjusting the campaign as needed. These actions ensure the highest possible deliverability of the email campaign so that more potential Class Members receive notice.

23.     For each email campaign, including this one, JND will utilize a verification program to eliminate invalid email and spam traps that would otherwise negatively impact deliverability. We will then clean the list of email addresses for formatting and incomplete addresses to further identify all invalid email addresses.

24.     To ensure readability of the email, our team will review and format the body content into a structure that is applicable to all email platforms, allowing the email to pass easily to the recipient. Before launching the email campaign, we will send a test email to multiple ISPs and open and test the email on multiple devices (iPhones, Android phones, desktop computers, tablets, etc.) to ensure the email opens as expected.

25.     Additionally, JND will include an "unsubscribe" link at the bottom of the email to allow Class Members to opt out of any additional email notices from JND. This step is essential to maintain JND's good reputation among the ISPs and reduce complaints relating to the email campaign.

26.     Emails that are returned to JND are generally characterized as either "Soft Bounces" or "Hard Bounces." A Hard Bounce occurs when the ISP rejects the email due to a permanent reason, such as when the email account is no longer active. A Soft Bounce occurs when the email is rejected for temporary reasons, such as when the recipient's email address inbox is full.

27.     When an email is returned due to a Soft Bounce, JND attempts to send the email notice up to three additional times in an attempt to secure deliverability. The email is considered undeliverable if it is a Hard Bounce or a Soft Bounce that is returned after a third send.

28.     In addition. JND will mail notice to any Class Member for whom an email notice is unavailable or bounces back undeliverable and for whom a valid mailing address is provided.

29.     Prior to mailing notice, JND staff will perform advanced address research using the

United States Postal Service ("USPS") National Change of Address ("NCOA") database to update addresses.[4] JND will track all notices returned undeliverable by the USPS and will promptly re-mail notices that are returned with a forwarding address. In addition, JND will take reasonable efforts to research and determine if it is possible to reach a Class Member for whom a notice is returned without a forwarding address by using available skip-tracing tools to identify a new mailing address at which the potential Class Member may be reached.

## SUPPLEMENTAL DIGITAL NOTICE

30.     Depending upon the class size and the amount of contact information available for Class Members, JND will supplement the direct notice effort with a digital effort. The digital effort would likely be similar to what was implemented in the *Ripple* matter,[5] which consisted of targeted digital impressions[6] being served over platforms such as the Google Display Network ("GDN"), Reddit, and X (formerly Twitter).

31.     The digital effort would likely include placements on a variety of crypto-related websites; targeting to users with an affinity for cryptocurrency funds, bitcoin investing advice, cryptocurrencies, users who have browsed crypto websites, users interested in cryptocurrency and communities; contextual targeting on websites that post about case-related terms; keyword targeting to those users who have searched case-related words/phrases, and "look-alike" targeting.

32.     The digital activity will be served across all devices, with an emphasis on mobile. The digital ads will include an embedded link to the case website, where Class Members can receive more information about the settlement.

## INTERNET SEARCH

33.     Given that web browsers frequently default to a search engine page, search engines are a common source to get to a specific website (i.e., as opposed to typing the desired URL in the navigation bar). As a result, JND proposes a Google search effort to assist interested Class Members

---

[4] The NCOA database is the official USPS technology product which makes changes of address information available to mailers to help reduce undeliverable mail pieces before mail enters the mail stream.
[5] A total of 10 million targeted digital impressions were served in the *Ripple* matter at a cost of $35,000.
[6] Impressions or Exposures are the total number of opportunities to be exposed to a media vehicle or combination of media vehicles containing a notice. Impressions are a gross or cumulative number that may include the same person more than once. As a result, impressions can and often do exceed the population size.

in finding the settlement website. A custom keyword and ad group list will be generated based on content on the case website landing page, as well as other case information. Keywords are words/phrases that are bid on when they match the search term (or a variation of the search term) a person types into their Google search bar. When a search term matches to a keyword or phrase, a Responsive Search Ad (RSA) may be served, generating a tailored message relevant to the search term. RSAs utilize machine learning to pair various combinations of ad copy (headlines and descriptions) based on which groupings have worked well previously (i.e., produced a strong CTR/conversion performance), and what the platform anticipates will generate the ideal results from the unique searcher. When the RSA is clicked on, the visitor will be redirected to the Settlement website where they can get more information, as well as file a claim electronically.

## PRESS RELEASE

34.     To further assist in getting "word of mouth" out about the settlement, JND proposes the distribution of a press release at the start of the campaign.

## SETTLEMENT WEBSITE

35.     JND would develop and deploy the informational case-specific website where Class Members may obtain more information about the settlement. The case website would have an easy-to-navigate design that will be formatted to emphasize important information and deadlines and will provide links to important case documents, including the Long Form Notice.

36.     The settlement website would be prominently displayed in all printed notice documents and accessible through the email and digital notices.

37.     The settlement website would also be ADA-compliant and optimized for mobile visitors so that information loads quickly on mobile devices. It will be designed to maximize search engine optimization through Google and other search engines.

## TOLL-FREE NUMBER AND POST OFFICE BOX

38.     JND would create and maintain an automated toll-free telephone line that Class Members may call for information related to the settlement.

39.     JND would also create and maintain a dedicated post office box for this matter where Class Members may send exclusion requests and other correspondence.

## REACH

40.     It is our understanding that contact information will likely be available for the vast majority of Class Members. The supplemental digital impressions, internet search campaign, and press release distribution would extend reach further, if necessary. As a result, the anticipated reach will meet that of other court approved programs and the reach standard set forth by the FJC.[7]

## CONCLUSION

41.     In my opinion, the Notice Plan described above would provide the best notice practicable under the circumstances; would be consistent with the requirements of Rule 23 and other similar court-approved notice programs. The Notice Plan is designed to provide Class Members with the opportunity to review the notice and the ability to easily take next steps to learn more about the settlement.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed this 27th day of March 2024, in Philadelphia, PA.

_____
Gina Intrepido-Bowden

---

[7] Federal Judicial Center, *Judges' Class Action Notice and Claims Process Checklist and Plain Language Guide* (2010), p. 3 states: "…the lynchpin in an objective determination of the adequacy of a proposed notice effort is whether all the notice efforts together will reach a high percentage of the class.  It is reasonable to reach between 70–95%."

- EXHIBIT A -

# GINA INTREPIDO-BOWDEN

## VICE PRESIDENT





# I. INTRODUCTION

Gina Intrepido-Bowden is a Vice President at JND Legal Administration ("JND"). She is a court recognized legal notice expert who has been involved in the design and implementation of hundreds of legal notice programs reaching class members/claimants throughout the U.S., Canada, and the world, with notice in over 35 languages. Some notable cases in which Gina has been involved include:

- *Flaum v Doctor's Assoc., Inc.*, a $30 million FACTA settlement

- *FTC v. Reckitt Benckiser Grp. PLC*, the $50 million Suboxone branded drug antitrust settlement

- *In re Blue Cross Blue Shield Antitrust Litig.*, a $2.67 billion antitrust settlement

- *In re General Motors LLC Ignition Switch Litig.*, the $120 million GM Ignition Switch economic settlement

- *In re Home Depot, Inc., Customer Data Sec. Breach Litig.*, a security breach impacting over 40 million consumers who made credit/debit card purchases in a Home Depot store

- *In re Monitronics Int'l, Inc.*, a $28 million TCPA settlement

- *In re Residential Schools Litig.*, a complex Canadian class action incorporating a groundbreaking notice program to remote aboriginal persons qualified to receive benefits in the multi-billion-dollar settlement

1

- *In re Royal Ahold Sec. and "ERISA"*, a $1.1 billion securities settlement involving a comprehensive international notice effort

- *In re Skelaxin (Metaxalone) Antitrust Litig.*, a prescription antitrust involving notice to both third party payor and consumer purchasers

- *In re TJX Cos., Inc. Retail Sec. Breach Litig.*, this $200 million settlement impacted 45 million credit/debit cards in the U.S. and Canada making it the then-largest theft of consumer data

- *In re Trans Union Corp. Privacy Litig.*, a $75 million data breach settlement involving persons with a credit history

- *Thompson v Metropolitan Life Ins. Co.*, a large race-based pricing settlement involving 25 million policyholders

- *USC Student Health Ctr. Settlement*, a $215 million settlement providing compensation to women who were sexually assaulted, harassed and otherwise abused by Dr. George M. Tyndall

- *Williams v. Weyerhaeuser Co.*, a consumer fraud litigation involving exterior hardboard siding on homes and other structures

With more than 30 years of advertising research, planning and buying experience, Gina began her career working for one of New York's largest advertising agency media departments (BBDO), where she designed multi-million-dollar media campaigns for clients such as Gillette, GE, Dupont, and HBO. Since 2000, she has applied her media skills to the legal notification industry, working for several large legal notification firms. Gina is an accomplished author and speaker on class notice issues including effective reach, notice dissemination as well as noticing trends and innovations. She earned a Bachelor of Arts in Advertising from Penn State University, graduating *summa cum laude*.



# II.

# JUDICIAL RECOGNITION

Courts have favorably recognized Ms. Intrepido-Bowden's work as outlined by the sampling of Judicial comments below:

### 1.   Honorable David O. Carter

***Gutierrez, Jr. v. Amplify Energy Corp.,*** (September 14, 2023)
No. 21-cv-01628-DOC-JDE (C.D. Cal.):

*The Court finds that the Notice set forth in the Settlement Agreement, detailed in the Notice Plan attached to the Declaration of Gina Intrepido-Bowden of JND Legal Administration, and effectuated pursuant to the Preliminary Approval Order: (a) constitutes the best notice practicable under the circumstances of this Action; (b) constitutes due and sufficient notice to the Classes of the terms of the Settlement Agreement and the Final Approval Hearing; and (c) fully complied with the requirements of the Federal Rules of Civil Procedure, the United States Constitution, and any other applicable law, including the Class Action Fairness Act of 2005, 28 U.S.C. § 1715.*

### 2.   Judge Stephen V. Wilson

***LSIMC, LLC v. Am. Gen. Life Ins. Co.,*** (June 27, 2023)
No. 20-cv-11518 (C.D. Cal.):

*The Court finds that the Settlement Administrator completed the delivery of the Class Notice to Settlement Class Members according to the Agreement terms. The Class Notice complied in all respects with the requirements of Rule 23 and the due process requirements of the United States Constitution and provided due and adequate notice to the Settlement Class.*

### 3.   Honorable David O Carter

***Gutierrez, Jr. v. Amplify Energy Corp.,*** (June 16, 2023)
No. 21-cv-01628-DOC-JDE (C.D. Cal.):

*The Court appoints JND Legal Administration as the Settlement Administrator in this Action...The Court approves, as to form and content, the Direct Notices, Long Form Notices, and Email notices substantially in the forms attached as Exhibits B-J to the Declaration of Gina Intrepido-Bowden Regarding Proposed Shipping Defendants Settlement Notice Plan ("Intrepido-Bowden Declaration").*

### 4.   Honorable Daniel D. Domenico

***Advance Trust & Life Escrow Serv., LTA v. Sec. Life of Denver Ins. Co.,*** (April 18, 2023)
No. 18-cv-01897-DDD-NYW (D. Colo.):

*The Court appoints JND Legal Administration LLC ("JND") a competent firm, as the Settlement Administrator...Pursuant to Rule 23(e)(1)(B), the Court directs that notice be provided to class members through the Notices, attached as Exhibits B-C to the Declaration of Gina M. Intrepido-Bowden (the "Intrepido-Bowden Declaration"), and through the notice program described in Section 4 of the Agreement and Paragraphs 32-38 of the Intrepido-Bowden Declaration. The Court finds that the manner of distribution of the Notices constitutes the best practicable notice under the circumstances as well as valid, due and sufficient notice to the Class and complies fully with the requirements of Federal Rule of Civil Procedure 23 and the due process requirements of the United States Constitution.*

### 5.   Honorable J.P. Boulee

***In re TransUnion Rental Screening Sol. Inc. FCRA Litig.,*** (January 6, 2023)
No. 20-md-02933-JPB (N.D. Ga.):

*The Parties have proposed JND Legal Administration as the Settlement Administrator for the Rule 23(b)(2) and Rule 23(b)(3) Settlement Classes. The Court has reviewed the materials about this organization and concludes that it has extensive and specialized experience and expertise in class action settlements and notice programs. The Court*

*hereby appoints JND Legal Administration as the Settlement Administrator, to assist and provide professional guidance in the implementation of the Notice Plans and other aspects of the settlement administration.*

## 6.  Honorable Dana M. Sabraw

***In re Packaged Seafood Prods. Antitrust Litig.* (EPP Class),** (July 15, 2022)
No. 15-md-02670 (S.D. Cal.):

*An experienced and well-respected claims administrator, JND Legal Administration LLC ("JND"), administered a comprehensive and robust notice plan to alert Settlement Class Members of the COSI Settlement Agreement...The Notice Plan surpassed the 85% reach goal...The Court recognizes JND's extensive experience in processing claim especially for millions of claimants...The Court finds due process was satisfied and the Notice Program provided adequate notice to settlement class members in a reasonable manner through all major and common forms of media.*

## 7.  Judge Fernando M. Olguin

***Gupta v. Aeries Software, Inc.,*** (July 7, 2022)
No. 20-cv-00995 (C.D. Cal.):

*Under the circumstances, the court finds that the procedure for providing notice and the content of the class notice constitute the best practicable notice to class members and complies with the requirements of due process...The court appoints JND as settlement administrator.*

## 8.  Judge Cormac J. Carney

***Gifford v. Pets Global, Inc.,*** (June 24, 2022)
No. 21-cv-02136-CJC-MRW (C.D. Cal.):

*The Settlement also proposes that JND Legal Administration act as Settlement Administrator and offers a provisional plan for Class Notice... The proposed notice plan here is designed to reach at least 70% of the class at least two times.  The Notices proposed in this matter inform Class Members of the salient terms of the Settlement, the Class to be certified, the final approval hearing and the rights of all*

*parties, including the rights to file objections or to opt-out of the Settlement Class… This proposed notice program provides a fair opportunity for Class Members to obtain full disclosure of the conditions of the Settlement and to make an informed decision regarding the Settlement.*

## 9. Judge David J. Novak

***Brighton Tr. LLC, as Tr. v. Genworth Life & Annuity Ins. Co.,*** (June 3, 2022)
No. 20-cv-240-DJN (E.D. Va.):

*The Court appoints JND Legal Administration LLC ("JND"), a competent firm, as the Settlement Administrator…The Court approves the Notice Plan, as set forth in… paragraphs 9-15 and Exhibits B-C of the May 9, 2022 Declaration of Gina Intrepido-Bowden ("Intrepido-Bowden Declaration").*

## 10. Judge Cecilia M. Altonaga

***In re Farm-raised Salmon and Salmon Prod. Antitrust Litig.,*** (May 26, 2022)
No. 19-cv-21551-CMA (S.D. Fla.):

*The Court approves the form and content of: (a) the Long Form Notice, attached as Exhibit B to the Declaration of Gina Intrepido-Bowden of JND Administration; and (b) the Informational Press Release (the "Press Release"), attached as Exhibit C to that Declaration.  The Court finds that the mailing of the Notice and the Press Release in the manner set forth herein constitutes the best notice that is practicable under the circumstances, is valid, due, and sufficient notice to all persons entitled thereto and complies fully with the requirements of Federal Rule of Civil Procedure 23 and the due process requirements of the Constitution of the United States.*

## 11. Judge Victoria A. Roberts

***Graham v. Univ. of Michigan,*** (March 29, 2022)
No. 21-cv-11168-VAR-EAS (E.D. Mich.):

*The Court finds that the foregoing program of Class Notice and the manner of its dissemination is sufficient under the circumstances and is reasonably calculated to*

apprise the Settlement Class of the pendency of this Action and their right to object to the Settlement.  The Court further finds that the Class Notice program is reasonable; that it constitutes due, adequate, and sufficient notice to all persons entitled to receive notice; and that it meets the requirements of due process and Federal Rule of Civil Procedure 23.

## 12. Honorable P. Kevin Castel

**Hanks v. Lincoln Life & Annuity Co. of New York,** (February 23, 2022)
No. 16-cv-6399 PKC (S.D.N.Y.):

The Court appoints JND Legal Administration LLC ("JND"), a competent firm, as the Settlement Administrator...The form and content of the notices, as well as the manner of dissemination described below, meet the requirements of Rule 23 and due process, constitute the best notice practicable under the circumstances, and shall constitute due and sufficient notice to all persons and entities entitled thereto.

## 13. Judge William M. Conley

**Bruzek v. Husky Oil Operations Ltd.,** (January 31, 2022)
No. 18-cv-00697 (W.D. Wis.):

The claims administrator estimates that at least 70% of the class received notice... the court concludes that the parties' settlement is fair, reasonable and adequate under Rule 23(e).

## 14. Honorable Dana M. Sabraw

**In re Packaged Seafood Prods. Antitrust Litig. (DPP Class),** (January 26, 2022)
No. 15-md-02670 (S.D. Cal.):

The rigorous notice plan proposed by JND satisfies requirements imposed by Rule 23 and the Due Process clause of the United States Constitution. Moreover, the content of the notice satisfactorily informs Settlement Class members of their rights under the Settlement.

### 15.   Honorable Dana M. Sabraw

***In re Packaged Seafood Prods. Antitrust Litig. (EPP Class),*** (January 26, 2022))
No. 15-md-02670 (S.D. Cal.):

*Class Counsel retained JND, an experienced notice and claims administrator, to serve as the notice provider and settlement claims administrator.  The Court approves and appoints JND as the Claims Administrator.  EPPs and JND have developed an extensive and robust notice program which satisfies prevailing reach standards.  JND also developed a distribution plan which includes an efficient and user-friendly claims process with an effective distribution program.  The Notice is estimated to reach over 85% of potential class members via notice placements with the leading digital network (Google Display Network), the top social media site (Facebook), and a highly read consumer magazine (People)... The Court approves the notice content and plan for providing notice of the COSI Settlement to members of the Settlement Class.*

### 16.   Judge Alvin K. Hellerstein

***Leonard v. John Hancock Life Ins. Co. of NY,*** (January 10, 2022)
No. 18-CV-04994 (S.D.N.Y.):

*The Court appoints Gina Intrepido-Bowden of JND Legal Administration LLC, a competent firm, as the Settlement Administrator...the Court directs that notice be provided to class members through the Notices, attached as Exhibits B-C to the Declaration of Gina M. Intrepido-Bowden (the "Intrepido-Bowden Declaration"), and through the notice program described in described in Section 5 of the Agreement and Paragraphs 24-33 of the Intrepido-Bowden Declaration.  The Court finds that the manner of distribution of the Notices constitutes the best practicable notice under the circumstances as well as valid, due and sufficient notice to the Class and complies fully with the requirements of Federal Rule of Civil Procedure 23 and the due process requirements of the United States Constitution.*

## 17.  Judge Timothy J. Corrigan

***Levy v. Dolgencorp, LLC,*** (December 2, 2021)
No. 20-cv-01037-TJC-MCR (M.D. Fla.):

*No Settlement Class Member has objected to the Settlement and only one Settlement Class Member requested exclusion from the Settlement through the opt-out process approved by this Court...The Notice Program was the best notice practicable under the circumstances. The Notice Program provided due and adequate notice of the proceedings and of the matters set forth therein, including the proposed Settlement set forth in the Agreement, to all persons entitled to such notice. The Notice Program fully satisfied the requirements of the Federal Rules of Civil Procedure and the United States Constitution, which include the requirement of due process.*

## 18.  Honorable Nelson S. Roman

***Swetz v. GSK Consumer Health, Inc.,*** (November 22, 2021)
No. 20-cv-04731 (S.D.N.Y.):

*The Notice Plan provided for notice through a nationwide press release; direct notice through electronic mail, or in the alternative, mailed, first-class postage prepaid for identified Settlement Class Members; notice through electronic media—such as Google Display Network and Facebook—using a digital advertising campaign with links to the dedicated Settlement Website; and a toll-free telephone number that provides Settlement Class Members detailed information and directs them to the Settlement Website. The record shows, and the Court finds, that the Notice Plan has been implemented in the manner approved by the Court in its Preliminary Approval Order.*

## 19.  Honorable James V. Selna

***Herrera v. Wells Fargo Bank, N.A.,*** (November 16, 2021)
No. 18-cv-00332-JVS-MRW (C.D. Cal.):

*On June 8, 2021, the Court appointed JND Legal Administration ("JND") as the Claims Administrator... JND mailed notice to approximately 2,678,266 potential Non-Statutory Subclass Members and 119,680 Statutory Subclass Members.*

*Id. ¶ 5. 90% of mailings to Non-Statutory Subclass Members were deemed delivered, and 81% of mailings to Statutory Subclass Members were deemed delivered.  Id. ¶ 9. Follow-up email notices were sent to 1,977,514 potential Non-Statutory Subclass Members and 170,333 Statutory Subclass Members, of which 91% and 89% were deemed delivered, respectively.  Id. ¶ 12.  A digital advertising campaign  generated an additional 5,195,027 views.  Id.  ¶ 13...Accordingly, the Court finds that the notice to the Settlement Class was fair, adequate, and reasonable.*

## 20.  Judge Morrison C. England, Jr.

***Martinelli v. Johnson & Johnson,*** (September 27, 2021)
No. 15-cv-01733-MCE-DB (E.D. Cal.):

*The Court appoints JND, a well-qualified and experienced claims and notice administrator, as the Settlement Administrator.*

## 21.  Honorable Nathanael M. Cousins

***Malone v. Western Digital Corp.,*** (July 21, 2021)
No. 20-cv-03584-NC (N.D. Cal.):

*The Court hereby appoints JND Legal Administration as Settlement Administrator... The Court finds that the proposed notice program meets the requirements of Due Process under the U.S. Constitution and Rule 23; and that such notice program- which includes individual direct notice to known Settlement Class Members via email, mail, and a second reminder email, a media and Internet notice program, and the establishment of a Settlement Website and Toll-Free Number-is the best notice practicable under the circumstances and shall constitute due and sufficient notice to all persons entitled thereto.  The Court further finds that the proposed form and content of the forms of the notice are adequate and will give the Settlement Class Members sufficient information to enable them to make informed decisions as to the Settlement Class, the right to object or opt-out, and the proposed Settlement and its terms.*

## 22. Judge Vernon S. Broderick, Jr.

***In re Keurig Green Mountain Single-Serve Coffee Antitrust Litig.,*** (June 7, 2021)
No. 14-md-02542 (S.D.N.Y.):

*The Notice Plan provided for notice through a nationwide press release, print notice in the national edition of People magazine, and electronic media—Google Display Network, Facebook, and LinkedIn—using a digital advertising campaign with links to a settlement website. Proof that Plaintiffs have complied with the Notice Plan has been filed with the Court. The Notice Plan met the requirements of due process and Federal Rule of Civil Procedure 23; constituted the most effective and best notice of the Agreement and fairness hearing practicable under the circumstances; and constituted due and sufficient notice for all other purposes to all other persons and entities entitled to receive notice.*

## 23. Honorable Louis L. Stanton

***Rick Nelson Co. v. Sony Music Ent.,*** (May 25, 2021)
No. 18-cv-08791 (S.D.N.Y.):

*Notice of the pendency of this Action as a class action and of the proposed Settlement was given to all Class Members who could be identified with reasonable effort. The form and method of notifying the Class of the pendency of the action as a class action and of the terms and conditions of the proposed Settlement met the requirements of Rule 23 of the Federal Rules of Civil Procedure, the Class Action Fairness Act of 2005, 28 U.S.C. § 1715, due process, and any other applicable law, constituted the best notice practicable under the circumstances, and constituted due and sufficient notice to all persons and entities entitled thereto.*

## 24. Honorable Daniel D. Domenico

***Advance Trust & Life Escrow Serv., LTA v. Sec. Life of Denver Ins. Co.,*** (January 29, 2021)
No. 18-cv-01897-DDD-NYW (D. Colo.):

*The proposed form and content of the Notices meet the requirements of Federal Rule of Civil Procedure 23(c)(2)(B)...The court approves the retention of JND Legal Administration LLC as the Notice Administrator.*

11

### 25. Honorable Virginia A. Phillips

***Sonner v. Schwabe North America, Inc.,*** (January 25, 2021)
No. 15-cv-01358 VAP (SPx) (C.D. Cal.):

*Following preliminary approval of the settlement by the Court, the settlement administrator provided notice to the Settlement Class through a digital media campaign. (Dkt. 203-5). The Notice explains in plain language what the case is about, what the recipient is entitled to, and the options available to the recipient in connection with this case, as well as the consequences of each option. (Id., Ex. E). During the allotted response period, the settlement administrator received no requests for exclusion and just one objection, which was later withdrawn. (Dkt. 203-1, at 11).*

*Given the low number of objections and the absence of any requests for exclusion, the Class response is favorable overall. Accordingly, this factor also weighs in favor of approval.*

### 26. Honorable R. Gary Klausner

***A.B. v. Regents of the Univ. of California,*** (January 8, 2021)
No. 20-cv-09555-RGK-E (C.D. Cal.):

*The parties intend to notify class members through mail using UCLA's patient records. And they intend to supplement the mail notices using Google banners and Facebook ads, publications in the LA times and People magazine, and a national press release. Accordingly, the Court finds that the proposed notice and method of delivery sufficient and approves the notice.*

### 27. Judge Jesse M. Furman

***In re General Motors LLC Ignition Switch Litig.,*** **economic settlement,** (December 18, 2020)
No. 2543 (MDL) (S.D.N.Y.):

*The Court finds that the Class Notice and Class Notice Plan satisfied and continue to satisfy the applicable requirements of Federal Rules of Civil Procedure 23(c)(2)(b) and 23(e), and fully comply with all laws, including the Class Action Fairness Act (28 U.S.C. § 1711 et seq.), and the Due Process Clause of the United States*

*Constitution (U.S. Const., amend. V), constituting the best notice that is practicable under the circumstances of this litigation.*

## 28.  Judge Vernon S. Broderick, Jr.

**In re Keurig Green Mountain Single-Serve Coffee Antitrust Litig.,** (December 16, 2020) No. 14-md-02542 (S.D.N.Y.):

*I further appoint JND as Claims Administrator.  JND's principals have more than 75 years-worth of combined class action legal administration experience, and JND has handled some of the largest recent settlement administration issues, including the Equifax Data Breach Settlement.  (Doc. 1115 ¶ 5.) JND also has extensive experience in handling claims administration in the antitrust context.  (Id.  ¶ 6.)  Accordingly, I appoint JND as Claims Administrator.*

## 29.  Judge R. David Proctor

**In re Blue Cross Blue Shield Antitrust Litig.,** (November 30, 2020) Master File No. 13-CV-20000-RDP (N.D. Ala.):

*After a competitive bidding process, Settlement Class Counsel retained JND Legal Administration LLC ("JND") to serve as Notice and Claims Administrator for the settlement. JND has a proven track record and extensive experience in large, complex matters... JND has prepared a customized Notice Plan in this case. The Notice Plan was designed to provide the best notice practicable, consistent with the latest methods and tools employed in the industry and approved by other courts...The court finds that the proposed Notice Plan is appropriate in both form and content and is due to be approved.*

## 30.  Honorable Laurel Beeler

**Sidibe v. Sutter Health,** (November 5, 2020) No. 12-cv-4854-LB (N.D. Cal.):

*Class Counsel has retained JND Legal Administration ("JND"), an experienced class notice administration firm, to administer notice to the Class. The Court appoints JND as the Class Notice Administrator.*

### 31. Judge Carolyn B. Kuhl

*Sandoval v. Merlex Stucco Inc.*, (October 30, 2020)
No. BC619322 (Cal. Super. Ct.):

*Additional Class Member class members, and because their names and addresses have not yet been confirmed, will be notified of the pendency of this settlement via the digital media campaign... the Court approves the Parties selection of JND Legal as the third-party Claims Administrator.*

### 32. Honorable Louis L. Stanton

*Rick Nelson Co. v. Sony Music Ent.*, (September 16, 2020)
No. 18-cv-08791 (S.D.N.Y.):

*The parties have designated JND Legal Administration ("JND") as the Settlement Administrator. Having found it qualified, the Court appoints JND as the Settlement Administrator and it shall perform all the duties of the Settlement Administrator as set forth in the Stipulation...The form and content of the Notice, Publication Notice and Email Notice, and the method set forth herein of notifying the Class of the Settlement and its terms and conditions, meet the requirements of Rule 23 of the Federal Rules of Civil Procedure, due process. and any other applicable law, constitute the best notice practicable under the circumstances, and shall constitute due and sufficient notice to all persons and entities entitled thereto.*

### 33. Honorable Jesse M. Furman

*In re General Motors LLC Ignition Switch Litig.*, **economic settlement,** (April 27, 2020)
No. 2543 (MDL) (S.D.N.Y.):

*The Court further finds that the Class Notice informs Class Members of the Settlement in a reasonable manner under Federal Rule of Civil Procedure 23(e)(1)(B) because it fairly apprises the prospective Class Members of the terms of the proposed Settlement and of the options that are open to them in connection with the proceedings.*

*The Court therefore approves the proposed Class Notice plan, and hereby directs that such notice be disseminated to Class Members in the manner set forth in*

the Settlement Agreement and described in the Declaration of the Class Action Settlement Administrator...

## 34.  Honorable Virginia A. Phillips

***Sonner v. Schwabe North America, Inc.,*** (April 7, 2020)
No. 15-cv-01358 VAP (SPx) (C.D. Cal.):

*The Court orders the appointment of JND Legal Administration to implement and administrate the dissemination of class notice and administer opt-out requests pursuant to the proposed notice dissemination plan attached as Exhibit D to the Stipulation.*

## 35.  Judge Fernando M. Olguin

***Ahmed v. HSBC Bank USA, NA,*** (December 30, 2019)
No. 15-cv-2057-FMO-SPx (N.D. Ill.):

*On June 21, 2019, the court granted preliminary approval of the settlement, appointed JND Legal Administration ("JND") as settlement administrator... the court finds that the class notice and the notice process fairly and adequately informed the class members of the nature of the action, the terms of the proposed settlement, the effect of the action and release of claims, the class members' right to exclude themselves from the action, and their right to object to the proposed settlement...the reaction of the class has been very positive.*

## 36.  Honorable Stephen V. Wilson

***USC Student Health Ctr. Settlement,*** (June 12, 2019)
No. 18-cv-04258-SVW (C.D. Cal.):

*The Court hereby designates JND Legal Administration ("JND") as Claims Administrator. The Court finds that giving Class Members notice of the Settlement is justified under Rule 23(e)(1) because, as described above, the Court will likely be able to: approve the Settlement under Rule 23(e)(2); and certify the Settlement Class for purposes of judgment. The Court finds that the proposed Notice satisfies the requirements of due process and Federal Rule of Civil Procedure 23 and provides the best notice practicable under the circumstances.*

### 37. Judge J. Walton McLeod

**Boskie v. Backgroundchecks.com,** (May 17, 2019)
No. 2019CP3200824 (S.C. C.P.):

*The Court appoints JND Legal Administration as Settlement Administrator...The Court approves the notice plans for the HomeAdvisor Class and the Injunctive Relief Class as set forth in the declaration of JND Legal Administration. The Court finds the class notice fully satisfies the requirements of due process, the South Carolina Rules of Civil Procedure. The notice plan for the HomeAdvisor Class and Injunctive Relief Class constitutes the best notice practicable under the circumstances of each Class.*

### 38. Judge Kathleen M. Daily

**Podawiltz v. Swisher Int'l, Inc.,** (February 7, 2019)
No. 16CV27621 (Or. Cir. Ct.):

*The Court appoints JND Legal Administration as settlement administrator...The Court finds that the notice plan is reasonable, that it constitutes due, adequate and sufficient notice to all persons entitled to receive notice, and that it meets the requirements of due process, ORCP 32, and any other applicable laws.*

### 39. Honorable Kenneth J. Medel

**Huntzinger v. Suunto Oy,** (December 14, 2018)
No. 37-2018-27159 (CU) (BT) (CTL) (Cal. Super. Ct.):

*The Court finds that the Class Notice and the Notice Program implemented pursuant to the Settlement Agreement and Preliminary Approval Order constituted the best notice practicable under the circumstances to all persons within the definition of the Class and fully complied with the due process requirement under all applicable statutes and laws and with the California Rules of Court.*

### 40. Honorable Thomas M. Durkin

*In re Broiler Chicken Antitrust Litig.,* (November 16, 2018)
No. 16-cv-8637 (N.D. Ill.):

*The notice given to the Class, including individual notice to all members of the Class who could be identified through reasonable efforts, was the best notice practicable under the circumstances. Said notice provided due and adequate notice of the proceedings and of the matters set forth therein, including the proposed settlement set forth in the Settlement Agreement, to all persons entitled to such notice, and said notice fully satisfied the requirements of Rules 23(c)(2) and 23(e)(1) of the Federal Rules of Civil Procedure and the requirements of due process.*

### 41. Honorable Kenneth J. Medel

*Huntzinger v. Suunto Oy,* (August 10, 2018)
No. 37-2018-27159 (CU) (BT) (CTL) (Cal. Super. Ct.):

*The Court finds that the notice to the Class Members regarding settlement of this Action, including the content of the notices and method of dissemination to the Class Members in accordance with the terms of Settlement Agreement, constitute the best notice practicable under the circumstances and constitute valid, due and sufficient notice to all Class Members, complying fully with the requirements of California Code of Civil Procedure § 382, California Civil Code § 1781, California Rules of Court Rules 3.766 and 3.769(f), the California and United States Constitutions, and any other applicable law.*

### 42. Honorable Thomas M. Durkin

*In re Broiler Chicken Antitrust Litig.,* (June 22, 2018)
No. 16-cv-8637 (N.D. Ill.):

*The proposed notice plan set forth in the Motion and the supporting declarations comply with Rule 23(c)(2)(B) and due process as it constitutes the best notice that is practicable under the circumstances, including individual notice vial mail and email to all members who can be identified through reasonable effort.  The direct mail and email notice will be supported by reasonable publication notice to reach class members who could not be individually identified.*

### 43. Judge John Bailey

***In re Monitronics Int'l, Inc. TCPA Litig.,*** (September 28, 2017)
No. 11-cv-00090 (N.D. W.Va.):

*The Court carefully considered the Notice Plan set forth in the Settlement Agreement and plaintiffs' motion for preliminary approval. The Court finds that the Notice Plan constitutes the best notice practicable under the circumstances, and satisfies fully the requirements of Rule 23, the requirements of due process and any other applicable law, such that the terms of the Settlement Agreement, the releases provided therein, and this Court's final judgment will be binding on all Settlement Class Members.*

### 44. Honorable Ann I. Jones

***Eck v. City of Los Angeles,*** (September 15, 2017)
No. BC577028 (Cal. Super. Cal.):

*The form, manner, and content of the Class Notice, attached to the Settlement Agreement as Exhibits B, E, F and G, will provide the best notice practicable to the Class under the circumstances, constitutes valid, due, and sufficient notice to all Class Members, and fully complies with California Code of Civil Procedure section 382, California Code of Civil Procedure section 1781, the Constitution of the State of California, the Constitution of the United States, and other applicable law.*

### 45. Honorable James Ashford

***Nishimura v. Gentry Homes, LTD.,*** (September 14, 2017)
No. 11-11-1-1522-07-RAN (Haw. Cir. Ct.):

*The Court finds that the Notice Plan and Class Notices will fully and accurately inform the potential Class Members of all material elements of the proposed Settlement and of each Class Member's right and opportunity to object to the proposed Settlement. The Court further finds that the mailing and distribution of the Class Notice and the publication of the Class Notices substantially in the manner and form set forth in the Notice Plan and Settlement Agreement meets the requirements of the laws of the State of Hawai'i (including Hawai'i Rule of Civil Procedure 23), the United States*

*Constitution (including the Due Process Clause), the Rules of the Court, and any other applicable law, constitutes the best notice practicable under the circumstances, and constitutes due and sufficient notice to all potential Class Members.*

## 46. Judge Cecilia M. Altonaga

***Flaum v. Doctor's Assoc., Inc.,*** (March 22, 2017)
No. 16-cv-61198 (S.D. Fla.):

*...the forms, content, and manner of notice proposed by the Parties and approved herein meet the requirements of due process and FED. R. CIV. P. 23(c) and (e), are the best notice practicable under the circumstances, constitute sufficient notice to all persons entitled to notice, and satisfy the Constitutional requirements of notice. The Court approves the notice program in all respects (including the proposed forms of notice, Summary Notice, Full Notice for the Settlement Website, Publication Notice, Press Release and Settlement Claim Forms, and orders that notice be given in substantial conformity therewith.*

## 47. Judge Manish S. Shah

***Johnson v. Yahoo! Inc.,*** (December 12, 2016)
No. 14-cv-02028 (N.D. Ill.):

*The Court approves the notice plan set forth in Plaintiff's Amended Motion to Approve Class Notice (Doc. 252) (the "Notice Plan"). The Notice Plan, in form, method, and content, complies with the requirements of Rule 23 of the Federal Rules of Civil Procedure and due process, and constitutes the best notice practicable under the circumstances.*

## 48. Judge Joan A. Leonard

***Barba v. Shire U.S., Inc.,*** (December 2, 2016)
No. 13-cv-21158 (S.D. Fla.):

*The notice of settlement (in the form presented to this Court as Exhibits E, F, and G, attached to the Settlement Agreement [D.E. 423-1] (collectively, "the Notice") directed to the Settlement Class members, constituted the best notice practicable*

under the circumstances. In making this determination, the Court finds that the Notice was given to potential Settlement Class members who were identified through reasonable efforts, published using several publication dates in Better Homes and Gardens, National Geographic, and People magazines; placed on targeted website and portal banner advertisements on general Run of Network sites; included in e-newsletter placements with ADDitude, a magazine dedicated to helping children and adults with attention deficit disorder and learning disabilities lead successful lives, and posted on the Settlement Website which included additional access to Settlement information and a toll-free number. Pursuant to, and in accordance with, Federal Rule of Civil Procedure 23, the Court hereby finds that the Notice provided Settlement Class members with due and adequate notice of the Settlement, the Settlement Agreement, these proceedings, and the rights of Settlement Class members to make a claim, object to the Settlement or exclude themselves from the Settlement.

### 49. Judge Marco A. Hernandez

**Kearney v. Equilon Enter. LLC,** (October 25, 2016)
No. 14-cv-00254 (D. Ore.):

The papers supporting the Final Approval Motion, including, but not limited to, the Declaration of Robert A. Curtis and the two Declarations filed by Gina Intrepido-Bowden, describe the Parties' provision of Notice of the Settlement. Notice was directed to all members of the Settlement Classes defined in paragraph 2, above. No objections to the method or contents of the Notice have been received. Based on the above-mentioned declarations, inter alia, the Court finds that the Parties have fully and adequately effectuated the Notice Plan, as required by the Preliminary Approval Order, and, in fact, have achieved better results than anticipated or required by the Preliminary Approval Order.

### 50. Honorable Amy J. St. Eve

**In re Rust-Oleum Restore Mktg, Sales Practices & Prod. Liab. Litig.,** (October 20, 2016)
No. 15-cv-01364 (N.D. Ill.):

The Notices of Class Action and Proposed Settlement (Exhibits A and B to the Settlement Agreement) and the method of providing such Notices to the proposed

*Settlement Class...comply with Fed. R. Civ. P. 23(e) and due process, constitute the best notice practicable under the circumstances, and provide due and sufficient notice to all persons entitled to notice of the settlement of this Action.*

## 51.  Honorable R. Gary Klausner

***Russell v. Kohl's Dep't Stores, Inc.,*** (October 20, 2016)
No. 15-cv-01143 (C.D. Cal.):

*Notice of the settlement was provided to the Settlement Class in a reasonable manner, and was the best notice practicable under the circumstances, including through individual notice to all members who could be reasonably identified through reasonable effort.*

## 52.  Judge Fernando M. Olguin

***Chambers v. Whirlpool Corp.,*** (October 11, 2016)
No. 11-cv-01733 (C.D. Cal.):

*Accordingly, based on its prior findings and the record before it, the court finds that the Class Notice and the notice process fairly and adequately informed the class members of the nature of the action, the terms of the proposed settlement, the effect of the action and release of claims, their right to exclude themselves from the action, and their right to object to the proposed settlement.*

## 53.  Honourable Justice Stack

***Anderson v. Canada,*** (September 28, 2016)
No. 2007 01T4955CP (NL Sup. Ct.):

*The Phase 2 Notice Plan satisfies the requirements of the Class Actions Act and shall constitute good and sufficient service upon class members of the notice of this Order, approval of the Settlement and discontinuance of these actions.*

### 54. Judge Mary M. Rowland

*In re Home Depot, Inc., Customer Data Sec. Breach Litig.,* (August 23, 2016) No. 14-md-02583 (N.D. Ga.):

*The Court finds that the Notice Program has been implemented by the Settlement Administrator and the parties in accordance with the requirements of the Settlement Agreement, and that such Notice Program, including the utilized forms of Notice, constitutes the best notice practicable under the circumstances and satisfies due process and the requirements of Rule 23 of the Federal Rules of Civil Procedure.*

### 55. Honorable Manish S. Shah

*Campos v. Calumet Transload R.R., LLC,* (August 3, 2016) No. 13-cv-08376 (N.D. Ill.):

*The form, content, and method of dissemination of the notice given to the Settlement Class were adequate, reasonable, and constitute the best notice practicable under the circumstances. The notice, as given, provided valid, due, and sufficient notice of the Settlements, the terms and conditions set forth therein, and these proceedings to all Persons entitled to such notice. The notice satisfied the requirements of Rule 23 of the Federal Rules of Civil Procedure ("Rule 23") and due process.*

### 56. Honorable Lynn Adelman

*Fond Du Lac Bumper Exch., Inc. v. Jui Li Enter. Co., Ltd., (Indirect Purchaser),* (July 7, 2016) No. 09-cv-00852 (E.D. Wis.):

*The Court further finds that the mailing and publication of Notice in the manner set forth in the Notice Program is the best notice practicable under the circumstances; is valid, due and sufficient notice to all Settlement Class members; and complies fully with the requirements of Federal Rule of Civil Procedure 23 and the due process requirements of the Constitution of the United States. The Court further finds that the forms of Notice are written in plain language, use simple terminology, and are designed to be readily understandable by Settlement Class members.*

### 57. Judge Marco A. Hernandez

***Kearney v. Equilon Enter. LLC,*** (June 6, 2016)
No. 14-cv-00254 (Ore. Dist. Ct.):

*The Court finds that the Parties' plan for providing Notice to the Settlement Classes as described in paragraphs 35-42 of the Settlement Agreement and as detailed in the Settlement Notice Plan attached to the Declaration of Gina Intrepido-Bowden: (a) constitutes the best notice practicable under the circumstances of this Action; (b) constitutes due and sufficient notice to the Settlement Classes of the pendency of the Action, certification of the Settlement Classes, the terms of the Settlement Agreement, and the Final Approval Hearing; and (c) complies fully with the requirements of the Federal Rules of Civil Procedure, the United States Constitution, and any other applicable law. The Court further finds that the Parties' plan for providing Notice to the Settlement Classes, as described in paragraphs 35-42 of the Settlement Agreement and as detailed in the Settlement Notice Plan attached to the Declaration of Gina Intrepido-Bowden, will adequately inform members of the Settlement Classes of their right to exclude themselves from the Settlement Classes so as not to be bound by the Settlement Agreement.*

### 58. Judge Joan A. Leonard

***Barba v. Shire U.S., Inc.,*** (April 11, 2016)
No. 13-cv-21158 (S.D. Fla.):

*The Court finds that the proposed methods for giving notice of the Settlement to members of the Settlement Class, as set forth in this Order and in the Settlement Agreement, meet the requirements of Federal Rule of Civil Procedure Rule 23 and requirements of state and federal due process, is the best notice practicable under the circumstances, and shall constitute due and sufficient notice to all persons entitled thereto.*

### 59. Honorable Manish S. Shah

***Campos v. Calumet Transload R.R., LLC,*** (March 10, 2016 and April 18, 2016) No. 13-cv-08376 (N.D. Ill.):

*The Court further finds that the mailing and publication of Notice in the manner set forth in the Notice Program is the best notice practicable under the circumstances, constitutes due and sufficient notice of the Settlement and this Order to all persons entitled thereto, and is in full compliance with the requirements of Fed. R. Civ. P. 23, applicable law, and due process.*

### 60. Judge Thomas W. Thrash Jr.

***In re Home Depot, Inc., Customer Data Sec. Breach Litig.,*** (March 8, 2016) No. 14-md-02583 (N.D. Ga.):

*The Court finds that the form, content and method of giving notice to the Class as described in Paragraph 7 of this Order and the Settlement Agreement (including the exhibits thereto): (a) will constitute the best practicable notice to the Settlement Class; (b) are reasonably calculated, under the circumstances, to apprise Settlement Class Members of the pendency of the action, the terms of the proposed settlement, and their rights under the proposed settlement, including but not limited to their rights to object to or exclude themselves from the proposed settlement and other rights under the terms of the Settlement Agreement; (c) are reasonable and constitute due, adequate, and sufficient notice to all Class Members and other persons entitled to receive notice; and (d) meet all applicable requirements of law, including Fed. R. Civ. P. 23(c) and (e), and the Due Process Clause(s) of the United States Constitution. The Court further finds that the Notice is written in plain language, uses simple terminology, and is designed to be readily understandable by Class Members.*

### 61. Judge Mary M. Rowland

***In re Sears, Roebuck and Co. Front-Loader Washer Prod. Liab. Litig.,*** (February 29, 2016) No. 06-cv-07023 (N.D. Ill.):

*The Court concludes that, under the circumstances of this case, the Settlement Administrator's notice program was the "best notice that is practicable," Fed. R. Civ.*

*P. 23(c)(2)(B), and was "reasonably calculated to reach interested parties," Mullane v. Central Hanover Bank & Trust Co., 339 U.S. 306, 318 (1950).*

## 62. Honorable Lynn Adelman

***Fond Du Lac Bumper Exch., Inc. v. Jui Li Enter. Ins. Co.,***
***(Indirect Purchaser–Tong Yang & Gordon Settlements),*** (January 14, 2016)
No. 09-CV-00852 (E.D. Wis.):

*The form, content, and methods of dissemination of Notice of the Settlements to the Settlement Class were reasonable, adequate, and constitute the best notice practicable under the circumstances. The Notice, as given, provided valid, due, and sufficient notice of the Settlements, the terms and conditions set forth in the Settlements, and these proceedings to all persons and entities entitled to such notice, and said notice fully satisfied the requirements of Rule 23 of the Federal Rules of Civil Procedure and due process requirements.*

## 63. Judge Curtis L. Collier

***In re Skelaxin (Metaxalone) Antitrust Litig.,*** (December 22, 2015)
No. 12-md-2343 (E.D. Tenn.):

*The Class Notice met statutory requirements of notice under the circumstances, and fully satisfied the requirements of Federal Rule of Civil Procedure 23 and the requirement process.*

## 64. Honorable Mitchell D. Dembin

***Lerma v. Schiff Nutrition Int'l, Inc.,*** (November 3, 2015)
No. 11-CV-01056 (S.D. Cal.):

*According to Ms. Intrepido-Bowden, between June 29, 2015, and August 2, 2015, consumer publications are estimated to have reached 53.9% of likely Class Members and internet publications are estimated to have reached 58.9% of likely Class Members…The Court finds this notice (i) constituted the best notice practicable under the circumstances, (ii) constituted notice that was reasonably calculated, under the circumstances, to apprise the putative Class Members of the pendency of the action,*

*and of their right to object and to appear at the Final Approval Hearing or to exclude themselves from the Settlement, (iii) was reasonable and constituted due, adequate, and sufficient notice to all persons entitled to be provided with notice, and (iv) fully complied with due process principles and Federal Rule of Civil Procedure 23.*

## 65. Honorable Lynn Adelman

***Fond Du Lac Bumper Exch., Inc. v. Jui Li Enter. Ins. Co.,***
***(Indirect Purchaser–Gordon Settlement),*** (August 4, 2015)
No. 09-CV-00852 (E.D. Wis.):

*The Court further finds that the mailing and publication of Notice in the manner set forth in the Notice Program is the best notice practicable under the circumstances; is valid, due and sufficient notice to all Settlement Class members; and complies fully with the requirements of Federal Rule of Civil Procedure 23 and the due process requirements of the Constitution of the United States. The Court further finds that the forms of Notice are written in plain language, use simple terminology, and are designed to be readily understandable by Settlement Class members.*

## 66. Honorable Sara I. Ellis

***Thomas v. Lennox Indus. Inc.,*** (July 9, 2015)
No. 13-CV-07747 (N.D. Ill.):

*The Court approves the form and content of the Long-Form Notice, Summary Notice, Postcard Notice, Dealer Notice, and Internet Banners (the "Notices") attached as Exhibits A-1, A-2, A-3, A-4 and A-5 respectively to the Settlement Agreement. The Court finds that the Notice Plan, included in the Settlement Agreement and the Declaration of Gina M. Intrepido-Bowden on Settlement Notice Plan and Notice Documents, constitutes the best practicable notice under the circumstances as well as valid, due and sufficient notice to all persons entitled thereto, and that the Notice Plan complies fully with the requirements of Federal Rule of Civil Procedure 23 and provides Settlement Class Members due process under the United States Constitution.*

### 67. Honorable Lynn Adelman

*Fond du Lac Bumper Exch., Inc. v. Jui Li Enter.Co., Ltd.*
*(Indirect Purchaser–Tong Yang Settlement),* (May 29, 2015)
No. 09-CV-00852 (E.D. Wis.):

*The Court further finds that the mailing and publication of Notice in the manner set forth in the Notice Program is the best notice practicable under the circumstances; is valid, due and sufficient notice to all Settlement Class members; and complies fully with the requirements of Federal Rule of Civil Procedure 23 and the due process requirements of the Constitution of the United States. The Court further finds that the forms of Notice are written in plain language, use simple terminology, and are designed to be readily understandable by Settlement Class members.*

### 68. Honorable Mitchell D. Dembin

*Lerma v. Schiff Nutrition Int'l, Inc.,* (May 25, 2015)
No. 11-CV-01056 (S.D. Cal.):

*The parties are to notify the Settlement Class in accordance with the Notice Program outlined in the Second Supplemental Declaration of Gina M. Intrepido-Bowden on Settlement Notice Program.*

### 69. Honorable Lynn Adelman

*Fond du Lac Bumper Exch., Inc. v. Jui Li Enter. Co., Ltd.*
*(Direct Purchaser–Gordon Settlement),* (May 5, 2015)
No. 09-CV-00852 (E.D. Wis.):

*The Notice Program set forth herein is substantially similar to the one set forth in the Court's April 24, 2015 Order regarding notice of the Tong Yang Settlement (ECF. No. 619) and combines the Notice for the Tong Yang Settlement with that of the Gordon Settlement into a comprehensive Notice Program. To the extent differences exist between the two, the Notice Program set forth and approved herein shall prevail over that found in the April 24, 2015 Order.*

### 70. Honorable José L. Linares

***Demmick v. Cellco P'ship,*** (May 1, 2015)
No. 06-CV-2163 (D.N.J.):

*The Notice Plan, which this Court has already approved, was timely and properly executed and that it provided the best notice practicable, as required by Federal Rule of Civil Procedure 23, and met the "desire to actually inform" due process communications standard of Mullane v. Central Hanover Bank & Trust Co., 339 U.S. 306 (1950) The Court thus affirms its finding and conclusion in the November 19, 2014 Preliminary Approval Order that the notice in this case meets the requirements of the Federal Rules of Civil Procedure and the Due Process Clause of the United States and/or any other applicable law. All objections submitted which make mention of notice have been considered and, in light of the above, overruled.*

### 71. Honorable David O. Carter

***Cobb v. BSH Home Appliances Corp.,*** (December 29, 2014)
No. 10-CV-0711 (C.D. Cal.):

*The Notice Program complies with Rule 23(c)(2)(B) because it constitutes the best notice practicable under the circumstances, provides individual notice to all Class Members who can be identified through reasonable effort, and is reasonably calculated under the circumstances to apprise the Class Members of the nature of the action, the claims it asserts, the Class definition, the Settlement terms, the right to appear through an attorney, the right to opt out of the Class or to comment on or object to the Settlement (and how to do so), and the binding effect of a final judgment upon Class Members who do not opt out.*

### 72. Honorable José L. Linares

***Demmick v. Cellco P'ship,*** (November 19, 2014)
No. 06-CV-2163 (D.N.J.):

*The Court finds that the Parties' plan for providing Notice to the Settlement Classes as described in Article V of the Settlement Agreement and as detailed in the Settlement Notice Plan attached to the Declaration of Gina M. Intrepido-Bowden: (a) constitutes*

*the best notice practicable under the circumstances of this Action; (b) constitutes due and sufficient notice to the Settlement Classes of the pendency of the Action, certification of the Settlement Classes, the terms of the Settlement Agreement, and the Final Approval Hearing; and (c) complies fully with the requirements of the Federal Rules of Civil Procedure, the United States Constitution, and any other applicable law.*

*The Court further finds that the Parties' plan for providing Notice to the Settlement Classes as described in Article V of the Settlement Agreement and as detailed in the Settlement Notice Plan attached to the Declaration of Gina M. Intrepido-Bowden, will adequately inform members of the Settlement Classes of their right to exclude themselves from the Settlement Classes so as to not be bound by the Settlement Agreement.*

## 73. Honorable Christina A. Snyder

***Roberts v. Electrolux Home Prod., Inc.,*** (September 11, 2014)
No. 12-CV-01644 (C.D. Cal.):

*Accordingly, the Court hereby finds and concludes that members of the Settlement Class have been provided the best notice practicable of the Settlement and that such notice satisfies all requirements of federal and California laws and due process. The Court finally approves the Notice Plan in all respects...Any objections to the notice provided to the Class are hereby overruled.*

## 74. Judge Gregory A. Presnell

***Poertner v. Gillette Co.,*** (August 21, 2014)
No. 12-CV-00803 (M.D. Fla.):

*This Court has again reviewed the Notice and the accompanying documents and finds that the "best practicable" notice was given to the Class and that the Notice was "reasonably calculated" to (a) describe the Action and the Plaintiff's and Class Members' rights in it; and (b) apprise interested parties of the pendency of the Action and of their right to have their objections to the Settlement heard. See Phillips Petroleum Co. v. Shutts, 472 U.S. 797, 810 (1985). This Court further finds that Class Members were given a reasonable opportunity to opt out of the Action and that*

*they were adequately represented by Plaintiff Joshua D. Poertner. See Id. The Court thus reaffirms its findings that the Notice given to the Class satisfies the requirements of due process and holds that it has personal jurisdiction over all Class Members.*

## 75. Honorable Christina A. Snyder

**Roberts v. Electrolux Home Prod., Inc.,** (May 5, 2014)
No. 12-CV-01644 (C.D. Cal.):

*The Court finds that the Notice Plan set forth in the Settlement Agreement (§ V. of that Agreement) is the best notice practicable under the circumstances and constitutes sufficient notice to all persons entitled to notice. The Court further preliminarily finds that the Notice itself IS appropriate, and complies with Rules 23(b)(3), 23(c)(2)(B), and 23(e) because it describes in plain language (1) the nature of the action, (2) the definition of the Settlement Class and Subclasses, (3) the class claims, issues or defenses, (4) that a class member may enter an appearance through an attorney if the member so desires, (5) that the Court will exclude from the class any member who requests exclusion, (6) the time and manner for requesting exclusion, and (7) the binding effect of a judgment on Settlement Class Members under Rule 23(c)(3) and the terms of the releases. Accordingly, the Court approves the Notice Plan in all respects...*

## 76. Honorable William E. Smith

**Cappalli v. BJ's Wholesale Club, Inc.,** (December 12, 2013)
No. 10-CV-00407 (D.R.I.):

*The Court finds that the form, content, and method of dissemination of the notice given to the Settlement Class were adequate and reasonable, and constituted the best notice practicable under the circumstances. The notice, as given, provided valid, due, and sufficient notice of these proceedings of the proposed Settlement, and of the terms set forth in the Stipulation and first Joint Addendum, and the notice fully satisfied the requirements of Rule 23 of the Federal Rules of Civil Procedure, Constitutional due process, and all other applicable laws.*

## 77.  Judge Gregory A. Presnell

***Poertner v. Gillette Co.,*** (November 5, 2013)
No. 12-CV-00803 (M.D. Fla.):

*The Court finds that compliance with the Notice Plan is the best practicable notice under the circumstances and constitutes due and sufficient notice of this Order to all persons entitled thereto and is in full compliance with the requirements of Rule 23, applicable law, and due process.*

## 78.  Judge Marilyn L. Huff

***Beck-Ellman v. Kaz USA, Inc.,*** (June 11, 2013)
No. 10-cv-02134 (S.D. Cal.):

*The Notice Plan has now been implemented in accordance with the Court's Preliminary Approval Order...The Notice Plan was specially developed to cause class members to see the Publication Notice or see an advertisement that directed them to the Settlement Website...The Court concludes that the Class Notice fully satisfied the requirements of Rule 23(c)(2) of the Federal Rules of Civil Procedure and all due process requirements.*

## 79.  Judge Tom A. Lucas

***Stroud v. eMachines, Inc.,*** (March 27, 2013)
No. CJ-2003-968 L (W.D. Okla.):

*The Notices met the requirements of Okla. Stat. tit. 12 section 2023(C), due process, and any other applicable law; constituted the best notice practicable under the circumstances; and constituted due and sufficient notice to all persons and entities entitled thereto. All objections are stricken. Alternatively, considered on their merits, all objections are overruled.*

## 80.  Judge Marilyn L. Huff

***Beck-Ellman v. Kaz USA, Inc.,*** (January 7, 2013)
No. 10-cv-02134 (S.D. Cal.):

*The proposed Class Notice, Publication Notice, and Settlement Website are reasonably calculated to inform potential Class members of the Settlement, and are the best practicable methods under the circumstances... Notice is written in easy and clear language, and provides all needed information, including: (l) basic information about the lawsuit; (2) a description of the benefits provided by the settlement; (3) an explanation of how Class members can obtain Settlement benefits; (4) an explanation of how Class members can exercise their rights to opt-out or object; (5) an explanation that any claims against Kaz that could have been litigated in this action will be released if the Class member does not opt out; (6) the names of Class Counsel and information regarding attorneys' fees; (7) the fairness hearing date and procedure for appearing; and (8) the Settlement Website and a toll free number where additional information, including Spanish translations of all forms, can be obtained. After review of the proposed notice and Settlement Agreement, the Court concludes that the Publication Notice and Settlement Website are adequate and sufficient to inform the class members of their rights. Accordingly, the Court approves the form and manner of giving notice of the proposed settlement.*

## 81.  Judge Tom A. Lucas

***Stroud v. eMachines, Inc.,*** (December 21, 2012)
No. CJ-2003-968 L (W.D. Okla.):

*The Plan of Notice in the Settlement Agreement as well as the content of the Claim Form, Class Notice, Post-Card Notice, and Summary Notice of Settlement is hereby approved in all respects. The Court finds that the Plan of Notice and the contents of the Class Notice, Post-Card Notice and Summary Notice of Settlement and the manner of their dissemination described in the Settlement Agreement is the best practicable notice under the circumstances and is reasonably calculated, under the circumstances, to apprise Putative Class Members of the pendency of this action, the terms of the Settlement Agreement, and their right to object to the Settlement Agreement or exclude themselves from the Certified Settlement Class and, therefore,*

the Plan of Notice, the Class Notice, Post-Card Notice and Summary Notice of Settlement are approved in all respects. The Court further finds that the Class Notice, Post-Card Notice and Summary Notice of Settlement are reasonable, that they constitute due, adequate, and sufficient notice to all persons entitled to receive notice, and that they meet the requirements of due process.

## 82. Honorable Michael M. Anello

**Shames v. Hertz Corp.,** (November 5, 2012)
No. 07-cv-02174 (S.D. Cal.):

...the Court is satisfied that the parties and the class administrator made reasonable efforts to reach class members. Class members who did not receive individualized notice still had opportunity for notice by publication, email, or both...The Court is satisfied that the redundancies in the parties' class notice procedure—mailing, e-mailing, and publication—reasonably ensured the widest possible dissemination of the notice...The Court OVERRULES all objections to the class settlement...

## 83. Judge Ann D. Montgomery

**In re Uponor, Inc., F1807 Plumbing Fittings Prod. Liab. Litig.,** (July 9, 2012)
No. 11-MD-2247 (D. Minn.):

The objections filed by class members are overruled; The notice provided to the class was reasonably calculated under the circumstances to apprise class members of the pendency of this action, the terms of the Settlement Agreement, and their right to object, opt out, and appear at the final fairness hearing;...

## 84. Judge Ann D. Montgomery

**In re Uponor, Inc., F1807 Plumbing Fittings Prod. Liab. Litig.,** (June 29, 2012)
No. 11-MD-2247 (D. Minn.):

After the preliminary approval of the Settlement, the parties carried out the notice program, hiring an experienced consulting firm to design and implement the plan. The plan consisted of direct mail notices to known owners and warranty claimants of the RTI F1807 system, direct mail notices to potential holders of subrogation

interests through insurance company mailings, notice publications in leading consumer magazines which target home and property owners, and earned media efforts through national press releases and the Settlement website. The plan was intended to, and did in fact, reach a minimum of 70% of potential class members, on average more than two notices each...The California Objectors also take umbrage with the notice provided the class. Specifically, they argue that the class notice fails to advise class members of the true nature of the aforementioned release. This argument does not float, given that the release is clearly set forth in the Settlement and the published notices satisfy the requirements of Rule 23(c)(2)(B) by providing information regarding: (1) the nature of the action class membership; (2) class claims, issues, and defenses; (3) the ability to enter an appearance through an attorney; (4) the procedure and ability to opt-out or object; (5) the process and instructions to make a claim; (6) the binding effect of the class judgment; and (7) the specifics of the final fairness hearing.

### 85. Honorable Michael M. Anello

**Shames v. Hertz Corp.,** (May 22, 2012)
No. 07-cv-02174 (S.D. Cal.):

The Court approves, as to form and content, the Notice of Proposed Settlement of Class Action, substantially in the forms of Exhibits A-1 through A-6, as appropriate, (individually or collectively, the "Notice"), and finds that the e-mailing or mailing and distribution of the Notice and publishing of the Notice substantially in the manner and form set forth in ¶ 7 of this Order meet the requirements of Federal Rule of Civil Procedure 23 and due process, and is the best notice practicable under the circumstances and shall constitute due and sufficient notice to all Persons entitled thereto.

### 86. Judge Ann D. Montgomery

**In re Uponor, Inc., F1807 Plumbing Fittings Prod. Liab. Litig.,** (January 18, 2012)
No. 11-MD-2247 (D. Minn.):

The Notice Plan detailed.in the Affidavit of Gina M. Intrepido-Bowden provides the best notice practicable under the circumstances and constitutes due and sufficient notice of the Settlement Agreement and the Final Fairness Hearing to the Classes

*and all persons entitled to receive such notice as potential members of the Class... The Notice Plan's multi-faceted approach to providing notice to Class Members whose identity is not known to the Settling Parties constitutes 'the best notice that is practicable under the circumstances' consistent with Rule 23(c)(2)(B)...Notice to Class members must clearly and concisely state the nature of the lawsuit and its claims and defenses, the Class certified, the Class member's right to appear through an attorney or opt out of the Class, the time and manner for opting out, and the binding effect of a class judgment on members of the Class. Fed. R. Civ. P. 23(c)(2)(B). Compliance with Rule 23's notice requirements also complies with Due Process requirements. 'The combination of reasonable notice, the opportunity to be heard, and the opportunity to withdraw from the class satisfy due process requirements of the Fifth Amendment.' Prudential, 148 F.3d at 306. The proposed notices in the present case meet those requirements.*

## 87. Judge Jeffrey Goering

**Molina v. Intrust Bank, N.A.,** (January 17, 2012)
No. 10-CV-3686 (Ks. 18th J.D. Ct.):

*The Court approved the form and content of the Class Notice, and finds that transmission of the Notice as proposed by the Parties meets the requirements of due process and Kansas law, is the best notice practicable under the circumstances, and constitutes due and sufficient notice to all persons entitled thereto.*

## 88. Judge Charles E. Atwell

**Allen v. UMB Bank, N.A.,** (October 31, 2011)
No. 1016-CV34791 (Mo. Cir. Ct.):

*The form, content, and method of dissemination of Class Notice given to the Class were adequate and reasonable, and constituted the best notice practicable under the circumstances. The Notice, as given, provided valid, due, and sufficient notice of the proposed settlement, the terms and conditions set forth in the Settlement Agreement, and these proceedings to all persons entitled to such notice, and said notice fully satisfied the requirements of Rule 52.08 of the Missouri Rules of Civil Procedure and due process.*

### 89.  Judge Charles E. Atwell

***Allen v. UMB Bank, N.A.,*** (June 27, 2011)
No. 1016-CV34791 (Mo. Cir. Ct.):

*The Court approves the form and content of the Class Notice, and finds that transmission of the Notice as proposed by the Parties meets the requirements of due process and Missouri law, is the best notice practicable under the circumstances, and constitutes due and sufficient notice to all persons entitled thereto.*

### 90.  Judge Jeremy Fogel

***Ko v. Natura Pet Prod., Inc.,*** (June 24, 2011)
No. 09cv2619 (N.D. Cal.):

*The Court approves, as to form and content, the Long Form Notice of Pendency and Settlement of Class Action ("Long Form Notice"), and the Summary Notice attached as Exhibits to the Settlement Agreement, and finds that the e-mailing of the Summary Notice, and posting on the dedicated internet website of the Long Form Notice, mailing of the Summary Notice post-card, and newspaper and magazine publication of the Summary Notice substantially in the manner as set forth in this Order meets the requirements of Rule 23 of the Federal Rules of Civil Procedure, and due process, and is the best notice practicable under the circumstances and shall constitute due and sufficient notice to all persons entitled to notice.*

### 91.  Judge M. Joseph Tiemann

***Billieson v. City of New Orleans,*** (May 27, 2011)
No. 94-19231 (La. Civ. Dist. Ct.):

*The plan to disseminate notice for the Insurance Settlements (the "Insurance Settlements Notice Plan") which was designed at the request of Class Counsel by experienced Notice Professionals Gina Intrepido-Bowden... IT IS ORDERED as follows: 1. The Insurance Settlements Notice Plan is hereby approved and shall be executed by the Notice Administrator; 2. The Insurance Settlements Notice Documents, substantially in the form included in the Insurance Settlements Notice Plan, are hereby approved.*

## 92. Judge James Robertson

*In re Dep't of Veterans Affairs (VA) Data Theft Litig.*, (February 11, 2009)
MDL No. 1796 (D.D.C.):

*The Court approves the proposed method of dissemination of notice set forth in the Notice Plan, Exhibit 1 to the Settlement Agreement. The Notice Plan meets the requirements of due process and is the best notice practicable under the circumstances. This method of Class Action Settlement notice dissemination is hereby approved by the Court.*

## 93. Judge Louis J. Farina

*Soders v. Gen. Motors Corp.*, (December 19, 2008)
No. CI-00-04255 (C.P. Pa.):

*The Court has considered the proposed forms of Notice to Class members of the settlement and the plan for disseminating Notice, and finds that the form and manner of notice proposed by the parties and approved herein meet the requirements of due process, are the best notice practicable under the circumstances, and constitute sufficient notice to all persons entitled to notice.*

## 94. Judge Robert W. Gettleman

*In re Trans Union Corp.*, (September 17, 2008)
MDL No. 1350 (N.D. Ill.):

*The Court finds that the dissemination of the Class Notice under the terms and in the format provided for in its Preliminary Approval Order constitutes the best notice practicable under the circumstances, is due and sufficient notice for all purposes to all persons entitled to such notice, and fully satisfies the requirements of the Federal Rules of Civil Procedure, the requirements of due process under the Constitution of the United States, and any other applicable law...Accordingly, all objections are hereby OVERRULED.*

### 95. Judge William G. Young

***In re TJX Cos. Retail Security Breach Litig.,*** (September 2, 2008)
MDL No. 1838 (D. Mass.):

*...as attested in the Affidavit of Gina M. Intrepido...The form, content, and method of dissemination of notice provided to the Settlement Class were adequate and reasonable, and constituted the best notice practicable under the circumstances. The Notice, as given, provided valid, due, and sufficient notice of the proposed settlement, the terms and conditions set forth in the Settlement Agreement, and these proceedings to all Persons entitled to such notice, and said Notice fully satisfied the requirements of Fed. R. Civ. P. 23 and due process.*

### 96. Judge David De Alba

***Ford Explorer Cases,*** (May 29, 2008)
JCCP Nos. 4226 & 4270 (Cal. Super. Ct.):

*[T]he Court is satisfied that the notice plan, design, implementation, costs, reach, were all reasonable, and has no reservations about the notice to those in this state and those in other states as well, including Texas, Connecticut, and Illinois; that the plan that was approved -- submitted and approved, comports with the fundamentals of due process as described in the case law that was offered by counsel.*



# III. SPEAKING ENGAGEMENTS

1. *'Marching to Their Own Drumbeat.' What Lawyers Don't Understand About Notice and Claims Administration*, AMERICAN BAR ASSOCIATION, American Bar Association's (ABA) 23rd Annual National Institute on Class Actions, panelist (October 2019).

2. *Rule 23 Amendments and Digital Notice Ethics, accredited CLE Program*, presenter at Terrell Marshall Law Group PLLC, Seattle, WA (June 2019); Severson & Werson, San Francisco, CA and broadcast to office in Irvine (June 2019); Greenberg Traurig, LLP, Los Angeles, CA (May 2019); Chicago Bar Association, Chicago, IL (January 2019); Sidley Austin LLP, Century City, CA and broadcast to offices in Los Angeles, San Francisco, New York, Chicago, Washington D.C. (January 2019); Burns Charest LLP, Dallas, TX (November 2018); Lockridge Grindal Nauen P.L.L.P., Minneapolis, MN (October 2018); Zimmerman Reed LLP, Minneapolis, MN (October 2018); Gustafson Gluek PLLC, Minneapolis, MN (October 2018).

3. *Ethics in Legal Notification,* **accredited CLE Program**, presenter at Kessler Topaz Meltzer & Check LLP, Radnor, PA (September 2015); The St. Regis Resort, Deer Valley, UT (March 2014); and Morgan Lewis & Bockius, New York, NY (December 2012).

4. *Pitfalls of Class Action Notice and Settlement Administration,* **accredited CLE Program**, PRACTISING LAW INSTITUTE (PLI), Class Action Litigation 2013, presenter/panelist (July 2013).

5. *The Fundamentals of Settlement Administration,* **accredited CLE Program**, presenter at Skadden, Arps, Slate, Meagher & Flom LLP, Chicago, IL (January 2013); Wexler Wallace LLP, Chicago, IL (January 2013); Hinshaw & Culbertson LLP, Chicago, IL (October 2012); and Spector Roseman Kodroff & Willis, P.C., Philadelphia, PA (December 2011).

6. *Class Action Settlement Administration Tips & Pitfalls on the Path to Approval,* **accredited CLE Program**, presenter at Jenner & Block, Chicago, IL and broadcast to offices in Washington DC, New York and California (October 2012).

7. *Reaching Class Members & Driving Take Rates*, CONSUMER ATTORNEYS OF SAN DIEGO, 4th Annual Class Action Symposium, presenter/panelist (October 2011).

8. **Legal Notice Ethics, accredited CLE Program**, presenter at Heins Mills & Olson, P.L.C., Minneapolis, MN (January 2011); Lockridge Grindal Nauen P.L.L.P., Minneapolis, MN (January 2011); Chestnut Cambronne, Minneapolis, MN (January 2011); Berger & Montague, P.C., Anapol Schwartz, Philadelphia, PA (October 2010); Lundy Law, Philadelphia, PA (October 2010); Dechert LLP, Philadelphia, PA and broadcast to offices in California, New Jersey, New York, North Carolina, Texas, Washington D.C., and London and sent via video to their office in China (October 2010); Miller Law LLC, Chicago, IL (May 2010); Cohen Milstein Sellers & Toll PLLC, New York, NY (May 2010); and Milberg LLP, New York, NY (May 2010).

9. **Class Actions 101: Best Practices and Potential Pitfalls in Providing Class Notice, accredited CLE Program**, presenter, Kansas Bar Association (March 2009).



# IV.  ARTICLES

1. Gina M. Intrepido-Bowden, *Time to Allow More Streamlined Class Action Notice Formats – Adapting Short Form Notice Requirements to Accommodate Today's Fast Paced Society*, LAW360 (2021).

2. Todd B. Hilsee, Gina M. Intrepido & Shannon R. Wheatman, *Hurricanes, Mobility and* Due P*rocess: The "Desire-to-Inform" Requirement for Effective Class Action Notice Is Highlighted by Katrina*, 80 TULANE LAW REV. 1771 (2006); reprinted in course materials for: CENTER FOR LEGAL EDUCATION INTERNATIONAL, Class Actions: Prosecuting and Defending Complex Litigation (2007); AMERICAN BAR ASSOCIATION, 10th Annual National Institute on Class Actions (2006); NATIONAL BUSINESS INSTITUTE, Class Action Update: Today's Trends & Strategies for Success (2006).

3. Gina M. Intrepido, *Notice Experts May Help Resolve CAFA Removal Issues, Notification to Officials*, 6 CLASS ACTION LITIG. REP. 759 (2005).

4. Todd B. Hilsee, Shannon R. Wheatman, & Gina M. Intrepido, *Do You Really Want Me to Know My Rights? The Ethics Behind Due Process in Class Action Notice Is More Than Just Plain Language: A Desire to Actually Inform*, 18 GEORGETOWN JOURNAL LEGAL ETHICS 1359 (2005).



# V. CASE EXPERIENCE

Ms. Intrepido-Bowden has been involved in the design and implementation of hundreds of notice programs throughout her career.  A partial listing of her case work is provided below.

| CASE NAME | CASE NUMBER | LOCATION |
|-----------|-------------|----------|
| *A.B. v. Regents of the Univ. of California* | 20-cv-09555-RGK-E | C.D. Cal. |
| *Abante Rooter & Plumbing, Inc. v. New York Life Ins. Co.* | 16-cv-03588 | S.D.N.Y. |
| *Advance Trust & Life Escrow Serv. LTA, v. N. Am. Co. for Life and Health Ins.* | 18-CV-00368 | S.D. Iowa |
| *Advance Trust & Life Escrow Serv., LTA v. ReliaStar Life Ins. Co.* | 18-cv-2863-DWF-ECW | D. Minn. |
| *Advance Trust & Life Escrow Serv., LTA v. Sec. Life of Denver Ins. Co.* | 18-cv-01897-DDD-NYW | D. Colo. |
| *Ahmed v. HSBC Bank USA, NA* | 15-cv-2057-FMO-SPx | N.D. Ill. |
| *Allen v. UMB Bank, N.A.* | 1016-CV34791 | Mo. Cir. Ct. |
| *Anderson v. Canada (Phase I)* | 2008NLTD166 | NL Sup. Ct. |
| *Anderson v. Canada (Phase II)* | 2007 01T4955CP | NL Sup. Ct. |
| *Andrews v. Plains All Am. Pipeline, L.P.* | 15-cv-04113-PSG-JEM | C.D. Cal. |
| *Angel v. U.S. Tire Recovery* | 06-C-855 | W. Va. Cir. Ct. |
| *Baiz v. Mountain View Cemetery* | 809869-2 | Cal. Super. Ct. |
| *Baker v. Jewel Food Stores, Inc. & Dominick's Finer Foods, Inc.* | 00-L-9664 | Ill. Cir. Ct. |
| *Barba v. Shire U.S., Inc.* | 13-cv-21158 | S.D. Fla. |
| *Beck-Ellman v. Kaz USA Inc.* | 10-cv-2134 | S.D. Cal. |
| *Beringer v. Certegy Check Serv., Inc.* | 07-cv-1657-T-23TGW | M.D. Fla. |
| *Bibb v. Monsanto Co. (Nitro)* | 041465 | W. Va. Cir. Ct. |
| *Billieson v. City of New Orleans* | 94-19231 | La. Civ. Dist. Ct. |
| *Bland v. Premier Nutrition Corp.* | RG19-002714 | Cal. Super. Ct. |
| *Boskie v. Backgroundchecks.com* | 2019CP3200824 | S.C. C.P. |
| *Brighton Tr. LLC, as Tr. v. Genworth Life & Annuity Ins. Co.* | 20-cv-240-DJN | E.D. Va. |

| CASE NAME | CASE NUMBER | LOCATION |
|---|---|---|
| *Brookshire Bros. v. Chiquita* | 05-CIV-21962 | S.D. Fla. |
| *Brown v. Am. Tobacco* | J.C.C.P. 4042 No. 711400 | Cal. Super. Ct. |
| *Bruzek v. Husky Oil Operations Ltd.* | 18-cv-00697 | W.D. Wis. |
| *Campos v. Calumet Transload R.R., LLC* | 13-cv-08376 | N.D. Ill. |
| *Cappalli v. BJ's Wholesale Club, Inc.* | 10-cv-00407 | D.R.I. |
| *Carter v. Monsanto Co. (Nitro)* | 00-C-300 | W. Va. Cir. Ct. |
| *Chambers v. Whirlpool Corp.* | 11-cv-01733 | C.D. Cal. |
| *Cobb v. BSH Home Appliances Corp.* | 10-cv-00711 | C.D. Cal. |
| *Davis v. Am. Home Prods. Corp.* | 94-11684 | La. Civ. Dist. Ct., Div. K |
| *DC 16 v. Sutter Health* | RG15753647 | Cal. Super. Ct. |
| *Defrates v. Hollywood Ent. Corp.* | 02L707 | Ill. Cir. Ct. |
| *de Lacour v. Colgate-Palmolive Co.* | 16-cv-8364-KW | S.D.N.Y. |
| *Demereckis v. BSH Home Appliances Corp.* | 8:10-cv-00711 | C.D. Cal. |
| *Demmick v. Cellco P'ship* | 06-cv-2163 | D.N.J. |
| *Desportes v. Am. Gen. Assurance Co.* | SU-04-CV-3637 | Ga. Super. Ct. |
| *Dolen v. ABN AMRO Bank N.V.* | 01-L-454 & 01-L-493 | Ill. Cir. Ct. |
| *Donnelly v. United Tech. Corp.* | 06-CV-320045CP | Ont. S.C.J. |
| *Eck v. City of Los Angeles* | BC577028 | Cal. Super. Ct. |
| *Elec. Welfare Trust Fund v. United States* | 19-353C | Fed. Cl. |
| *Engquist v. City of Los Angeles* | BC591331 | Cal. Super. Ct. |
| *Ervin v. Movie Gallery Inc.* | CV-13007 | Tenn. Ch. Fayette Co. |
| *First State Orthopaedics v. Concentra, Inc.* | 05-CV-04951-AB | E.D. Pa. |
| *Fisher v. Virginia Electric & Power Co.* | 02-CV-431 | E.D. Va. |
| *Fishon v. Premier Nutrition Corp.* | 16-CV-06980-RS | N.D. Cal. |
| *Flaum v. Doctor's Assoc., Inc. (d/b/a Subway)* | 16-cv-61198 | S.D. Fla. |
| *Fond du Lac Bumper Exch. Inc. v. Jui Li Enter. Co. Ltd. (Direct & Indirect Purchasers Classes)* | 09-cv-00852 | E.D. Wis. |
| *Ford Explorer Cases* | JCCP Nos. 4226 & 4270 | Cal. Super. Ct. |
| *Friedman v. Microsoft Corp.* | 2000-000722 | Ariz. Super. Ct. |
| *FTC v. Reckitt Benckiser Grp. PLC* | 19CV00028 | W.D. Va. |
| *Gardner v. Stimson Lumber Co.* | 00-2-17633-3SEA | Wash. Super. Ct. |

| CASE NAME | CASE NUMBER | LOCATION |
|---|---|---|
| *Gifford v. Pets Global, Inc.* | 21-cv-02136-CJC-MRW | C.D. Cal. |
| *Gordon v. Microsoft Corp.* | 00-5994 | D. Minn. |
| *Grays Harbor v. Carrier Corp.* | 05-05437-RBL | W.D. Wash. |
| *Griffin v. Dell Canada Inc.* | 07-CV-325223D2 | Ont. Super. Ct. |
| *Gunderson v. F.A. Richard & Assoc., Inc.* | 2004-2417-D | La. 14th Jud. Dist. Ct. |
| *Gupta v. Aeries Software, Inc.* | 20-cv-00995 | C.D. Cal. |
| *Gutierrez, Jr. v. Amplify Energy Corp.* | 21-cv-01628-DOC-JDE | C.D. Cal. |
| *Hanks v. Lincoln Life & Annuity Co. of New York* | 16-cv-6399 PKC | S.D.N.Y. |
| *Herrera v. Wells Fargo Bank, N.A.* | 18-cv-00332-JVS-MRW | C.D. Cal. |
| *Hill-Green v. Experian Info. Solutions, Inc.* | 19-cv-708-MHL | E.D. Va. |
| *Huntzinger v. Suunto Oy* | 37-2018-00027159-CU-BT-CTL | Cal. Super. Ct. |
| *In re Anthem, Inc. Data Breach Litig.* | 15-md-02617 | N.D. Cal. |
| *In re Arizona Theranos, Inc. Litig.* | 16-cv-2138-DGC | D. Ariz. |
| *In re Babcock & Wilcox Co.* | 00-10992 | E.D. La. |
| *In re Blue Cross Blue Shield Antitrust Litig.* | 13-CV-20000-RDP | N.D. Ala. |
| *In re Broiler Chicken Antitrust Litig.* | 16-cv-08637 | N.D. Ill. |
| *In re Countrywide Fin. Corp. Customer Data Sec. Breach* | MDL 08-md-1998 | W.D. Ky. |
| *In re Farm-raised Salmon and Salmon Prod. Antitrust Litig.* | 19-cv-21551-CMA | S.D. Fla. |
| *In re General Motors LLC Ignition Switch Litig. (economic settlement)* | 2543 (MDL) | S.D.N.Y. |
| *In re High Sulfur Content Gasoline Prod. Liab.* | MDL No. 1632 | E.D. La. |
| *In re Home Depot, Inc., Customer Data Sec. Breach Litig.* | 14-md-02583 | N.D. Ga. |
| *In re Hypodermic Prod. Antitrust Litig.* | 05-cv-01602 | D.N.J. |
| *In re Keurig Green Mountain Single-Serve Coffee Antitrust Litig. (Indirect-Purchasers)* | 14-md-02542 | S.D.N.Y. |
| *In re Lidoderm Antitrust Litig.* | 14-md-02521 | N.D. Cal. |
| *In re Lupron Mktg. & Sales Practices* | MDL No.1430 | D. Mass. |
| *In re Mercedes-Benz Emissions Litig.* | 16-cv-881 (KM) (ESK) | D.N.J. |
| *In re Monitronics Int'l, Inc., TCPA Litig.* | 11-cv-00090 | N.D. W.Va. |

| CASE NAME | CASE NUMBER | LOCATION |
|---|---|---|
| In re Packaged Seafood Prods. Antitrust Litig. (DPP and EPP Class) | 15-md-02670 | S.D. Cal. |
| In re Parmalat Sec. | 04-md-01653 (LAK) | S.D.N.Y. |
| In re Residential Schools Litig. | 00-CV-192059 CPA | Ont. Super. Ct. |
| In re Resistors Antitrust Litig. | 15-cv-03820-JD | N.D. Cal. |
| In re Royal Ahold Sec. & "ERISA" | 03-md-01539 | D. Md. |
| In re Rust-Oleum Restore Mktg. Sales Practices & Prod. Liab. Litig. | 15-cv01364 | N.D. Ill. |
| In re Sears, Roebuck & Co. Front-Loading Washer Prod. Liab. Litig. | 06-cv-07023 | N.D. Ill. |
| In re Serzone Prod. Liab. | 02-md-1477 | S.D. W. Va. |
| In re Skelaxin (Metaxalone) Antitrust Litig. | 12-cv-194 | E.D. Ten. |
| In re Solodyn (Minocycline Hydrochloride) Antitrust Litig. (Direct Purchaser Class) | 14-md-2503 | D. Mass. |
| In re: Subaru Battery Drain Prods. Liab. Litig. | 20-cv-03095-JHR-MJS | D.N.J. |
| In re TJX Cos. Retail Sec. Breach Litig. | MDL No. 1838 | D. Mass. |
| In re Trans Union Corp. Privacy Litig. | MDL No. 1350 | N.D. Ill. |
| In re TransUnion Rental Screening Sol. Inc. FCRA Litig. | 20-md-02933-JPB | N.D. Ga. |
| In re Uponor, Inc., F1807 Prod. Liab. Litig. | 2247 | D. Minn. |
| In re U.S. Dep't of Veterans Affairs Data Theft Litig. | MDL 1796 | D.D.C. |
| In re Volkswagen "Clean Diesel" Mktg., Sales Practice and Prods. Liab. Litig. | MDL 2672 CRB | N.D. Cal. |
| In re Zurn Pex Plumbing Prod. Liab. Litig. | MDL 08-1958 | D. Minn. |
| In the Matter of GTV Media Grp. Inc. | 3-20537 | SEC |
| James v. PacifiCorp. | 20cv33885 | Or. Cir. Ct. |
| Johnson v. Yahoo! Inc. | 14-cv02028 | N.D. Ill. |
| Kearney v. Equilon Enter. LLC | 14-cv-00254 | D. Ore. |
| Ko v. Natura Pet Prod., Inc. | 09cv02619 | N.D. Cal. |
| Langan v. Johnson & Johnson Consumer Co. | 13-cv-01471 | D. Conn. |
| Lavinsky v. City of Los Angeles | BC542245 | Cal. Super. Ct. |
| Lee v. Stonebridge Life Ins. Co. | 11-cv-00043 | N.D. Cal. |
| Leonard v. John Hancock Life Ins. Co. of NY | 18-CV-04994 | S.D.N.Y. |

| CASE NAME | CASE NUMBER | LOCATION |
|---|---|---|
| *In re Uponor, Inc., F1807 Prod. Liab. Litig.* | 2247 | D. Minn. |
| *In re U.S. Dep't of Veterans Affairs Data Theft Litig.* | MDL 1796 | D.D.C. |
| *In re Zurn Pex Plumbing Prod. Liab. Litig.* | MDL 08-1958 | D. Minn. |
| *In the Matter of GTV Media Grp. Inc.* | 3-20537 | SEC |
| *Johnson v. Yahoo! Inc.* | 14-cv02028 | N.D. Ill. |
| *Kearney v. Equilon Enter. LLC* | 14-cv-00254 | D. Ore. |
| *Ko v. Natura Pet Prod., Inc.* | 09cv02619 | N.D. Cal. |
| *Langan v. Johnson & Johnson Consumer Co.* | 13-cv-01471 | D. Conn. |
| *Lavinsky v. City of Los Angeles* | BC542245 | Cal. Super. Ct. |
| *Lee v. Stonebridge Life Ins. Co.* | 11-cv-00043 | N.D. Cal. |
| *Leonard v. John Hancock Life Ins. Co. of NY* | 18-CV-04994 | S.D.N.Y. |
| *Lerma v. Schiff Nutrition Int'l, Inc.* | 11-cv-01056 | S.D. Cal. |
| *Levy v. Dolgencorp, LLC* | 20-cv-01037-TJC-MCR | M.D. Fla. |
| *Lockwood v. Certegy Check Serv., Inc.* | 07-CV-587-FtM-29-DNF | M.D. Fla. |
| *Luster v. Wells Fargo Dealer Serv., Inc.* | 15-cv-01058 | N.D. Ga. |
| *Malone v. Western Digital Corp.* | 20-cv-03584-NC | N.D. Cal. |
| *Markson v. CRST Int'l, Inc.* | 17-cv-01261-SB (SPx) | C.D. Cal. |
| *Martinelli v. Johnson & Johnson* | 15-cv-01733-MCE-DB | E.D. Cal. |
| *McCall v. Hercules Corp.* | 66810/2021 | N.Y. Super. Ct. |
| *McCrary v. Elations Co., LLC* | 13-cv-00242 | C.D. Cal. |
| *Microsoft I-V Cases* | J.C.C.P. No. 4106 | Cal. Super. Ct. |
| *Molina v. Intrust Bank, N.A.* | 10-cv-3686 | Ks. 18th Jud. Dist. Ct. |
| *Morrow v. Conoco Inc.* | 2002-3860 | La. Dist. Ct. |
| *Mullins v. Direct Digital LLC.* | 13-cv-01829 | N.D. Ill. |
| *Myers v. Rite Aid of PA, Inc.* | 01-2771 | Pa. C.P. |
| *Naef v. Masonite Corp.* | CV-94-4033 | Ala. Cir. Ct. |
| *Nature Guard Cement Roofing Shingles Cases* | J.C.C.P. No. 4215 | Cal. Super. Ct. |
| *Nichols v. SmithKline Beecham Corp.* | 00-6222 | E.D. Pa. |
| *Nishimura v Gentry Homes, LTD.* | 11-11-1-1522-07-RAN | Haw. Cir. Ct. |
| *Novoa v. The GEO Grp., Inc.* | 17-cv-02514-JGB-SHK | C.D. Cal. |
| *Nwauzor v. GEO Grp., Inc.* | 17-cv-05769 | W.D. Wash. |

| CASE NAME | CASE NUMBER | LOCATION |
|---|---|---|
| *Lerma v. Schiff Nutrition Int'l, Inc.* | 11-cv-01056 | S.D. Cal. |
| *Levy v. Dolgencorp, LLC* | 20-cv-01037-TJC-MCR | M.D. Fla. |
| *Lockwood v. Certegy Check Serv., Inc.* | 07-CV-587-FtM-29-DNF | M.D. Fla. |
| *LSIMC, LLC v. Am. Gen. Life Ins. Co.* | 20-cv-11518 | C.D. Cal. |
| *Luster v. Wells Fargo Dealer Serv., Inc.* | 15-cv-01058 | N.D. Ga. |
| *Malone v. Western Digital Corp.* | 20-cv-03584-NC | N.D. Cal. |
| *Markson v. CRST Int'l, Inc.* | 17-cv-01261-SB (SPx) | C.D. Cal. |
| *Martinelli v. Johnson & Johnson* | 15-cv-01733-MCE-DB | E.D. Cal. |
| *McCall v. Hercules Corp.* | 66810/2021 | N.Y. Super. Ct. |
| *McCrary v. Elations Co., LLC* | 13-cv-00242 | C.D. Cal. |
| *Microsoft I-V Cases* | J.C.C.P. No. 4106 | Cal. Super. Ct. |
| *Molina v. Intrust Bank, N.A.* | 10-cv-3686 | Ks. 18th Jud. Dist. Ct. |
| *Morrow v. Conoco Inc.* | 2002-3860 | La. Dist. Ct. |
| *Mullins v. Direct Digital LLC.* | 13-cv-01829 | N.D. Ill. |
| *Myers v. Rite Aid of PA, Inc.* | 01-2771 | Pa. C.P. |
| *Naef v. Masonite Corp.* | CV-94-4033 | Ala. Cir. Ct. |
| *Nature Guard Cement Roofing Shingles Cases* | J.C.C.P. No. 4215 | Cal. Super. Ct. |
| *Nichols v. SmithKline Beecham Corp.* | 00-6222 | E.D. Pa. |
| *Nishimura v Gentry Homes, LTD.* | 11-11-1-1522-07-RAN | Haw. Cir. Ct. |
| *Novoa v. The GEO Grp., Inc.* | 17-cv-02514-JGB-SHK | C.D. Cal. |
| *Nwauzor v. GEO Grp., Inc.* | 17-cv-05769 | W.D. Wash. |
| *Palace v. DaimlerChrysler* | 01-CH-13168 | Ill. Cir. Ct. |
| *Peek v. Microsoft Corp.* | CV-2006-2612 | Ark. Cir. Ct. |
| *Plubell v. Merck & Co., Inc.* | 04CV235817-01 | Mo. Cir. Ct. |
| *Podawiltz v. Swisher Int'l, Inc.* | 16CV27621 | Or. Cir. Ct. |
| *Poertner v. Gillette Co.* | 12-cv-00803 | M.D. Fla. |
| *Prather v. Wells Fargo Bank, N.A.* | 15-cv-04231 | N.D. Ga. |
| *Q+ Food, LLC v. Mitsubishi Fuso Truck of Am., Inc.* | 14-cv-06046 | D.N.J. |
| *Richison v. Am. Cemwood Corp.* | 005532 | Cal. Super. Ct. |
| *Rick Nelson Co. v. Sony Music Ent.* | 18-cv-08791 | S.D.N.Y. |
| *Roberts v. Electrolux Home Prod., Inc.* | 12-cv-01644 | C.D. Cal. |

| CASE NAME | CASE NUMBER | LOCATION |
|---|---|---|
| *Russell v. Kohl's Dep't Stores, Inc.* | 15-cv-01143 | C.D. Cal. |
| *Sandoval v. Merlex Stucco Inc.* | BC619322 | Cal. Super. Ct. |
| *Scott v. Blockbuster, Inc.* | D 162-535 | 136th Tex. Jud. Dist. |
| *Senne v Office of the Comm'r of Baseball* | 14-cv-00608-JCS | N.D. Cal. |
| *Shames v. Hertz Corp.* | 07cv2174-MMA | S.D. Cal. |
| *Sidibe v. Sutter Health* | 12-cv-4854-LB | N.D. Cal. |
| *Staats v. City of Palo Alto* | 2015-1-CV-284956 | Cal. Super. Ct. |
| *Soders v. Gen. Motors Corp.* | CI-00-04255 | Pa. C.P. |
| *Sonner v. Schwabe North America, Inc.* | 15-cv-01358 VAP (SPx) | C.D. Cal. |
| *Stroud v. eMachines, Inc.* | CJ-2003-968-L | W.D. Okla. |
| *Swetz v. GSK Consumer Health, Inc.* | 20-cv-04731 | S.D.N.Y. |
| *Talalai v. Cooper Tire & Rubber Co.* | MID-L-8839-00 MT | N.J. Super. Ct. |
| *Tech. Training Assoc. v. Buccaneers Ltd. P'ship* | 16-cv-01622 | M.D. Fla. |
| *Thibodeaux v. Conoco Philips Co.* | 2003-481 | La. 4th Jud. Dist. Ct. |
| *Thomas v. Lennox Indus. Inc.* | 13-cv-07747 | N.D. Ill. |
| *Thompson v. Metropolitan Life Ins. Co.* | 00-CIV-5071 HB | S.D. N.Y. |
| *Turner v. Murphy Oil USA, Inc.* | 05-CV-04206-EEF-JCW | E.D. La. |
| *USC Student Health Ctr. Settlement* | 18-cv-04258-SVW | C.D. Cal. |
| *Walker v. Rite Aid of PA, Inc.* | 99-6210 | Pa. C.P. |
| *Wells v. Abbott Lab., Inc. (AdvantEdge/ Myoplex nutrition bars)* | BC389753 | Cal. Super. Ct. |
| *Wener v. United Tech. Corp.* | 500-06-000425-088 | QC. Super. Ct. |
| *West v. G&H Seed Co.* | 99-C-4984-A | La. 27th Jud. Dist. Ct. |
| *Williams v. Weyerhaeuser Co.* | CV-995787 | Cal. Super. Ct. |
| *Yamagata v. Reckitt Benckiser, LLC* | 17-cv-03529-CV | N.D.Cal. |
| *Zarebski v. Hartford Ins. Co. of the Midwest* | CV-2006-409-3 | Ark. Cir. Ct. |