**IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION**

| | |
|---|---|
| IN RE: FTX CRYPTOCURRENCY EXCHANGE COLLAPSE LITIGATION | Case No. 1:23-md-03076-KMM <br><br> MDL No. 3076 |
| This Document Relates To: <br><br> *Garrison et al. v. Furia Esports LLC et al.*, No. 1:24-cv-20895-RS <br><br> *Garrison et al. v. Lincoln Holdings LLC,* No. 1:24-cv-00655-JMC <br><br> *Garrison v. Bankman-Fried*, No. 22-cv-23753-KMM | |

**THE FURIA DEFENDANTS AND MONUMENTAL SPORTS' <u>UNOPPOSED</u>
MOTION TO STAY PENDING A RULING ON THE S&E DEFENDANTS'
MOTION TO DISMISS OR, IN THE ALTERNATIVE, FOR AN EXTENSION
<u>OF TIME TO RESPOND TO THE COMPLAINTS</u>**

Defendants FURIA ESPORTS LLC ("<u>Furia Esports</u>"), FURIAGG, CORP. ("<u>FuriaGG</u>"), and FURIA EXPERIENCE LLC ("<u>Furia Experience</u>") (collectively, "<u>Furia</u>") and Lincoln Holdings LLC d/b/a Monumental Sports & Entertainment ("<u>Monumental</u>") (together with Furia, the "<u>Furia and Monumental Defendants</u>") respectfully request a stay pending a ruling on the Sports & Entertainer Defendants' (as defined below) motion to dismiss the nearly identical complaint pending against them, ECF No. 271, or, in the alternative, for an extension of the Furia and Monumental Defendants' deadlines to respond to their respective complaints. Both requests are unopposed.

1

**I.     BACKGROUND**

This Multidistrict Litigation captioned *In Re: FTX Cryptocurrency Exchange Collapse Litigation*, Case No. 1:23-md-03076-KMM (S.D. Fla.) was created on June 5, 2023. *See* ECF No. 1. The MDL includes claims against various individuals and entities with alleged connections to FTX, including promoters, accounting firms, banks, venture capital funds, law firms, and the FTX insiders themselves. ECF Nos. 153-59, 178-79. The Furia and Monumental complaints are the latest in a long line of near-identical complaints filed by the same or similar groups of plaintiffs (*Garrison et al.*) against various sports and entertainment-related defendants alleged to have engaged in advertising on behalf of defunct cryptocurrency exchange FTX, virtually all of which have been transferred into this MDL. *See, e.g.*, *Garrison v. Bankman-Fried et al.*, Case No. 22-cv-23753-KMM (S.D. Fla.); *Norris et al. v. Brady et al.*, Case No. 23-cv-20439-KMM (S.D. Fla.); *Garrison v. Golden State Warriors*, Case No. 3:23-cv-03628 (N.D. Cal.); *Garrison v. Osaka et al.*, Case No. 2:23-cv-05951 (C.D. Cal.).

As relevant here, one group of defendants—the S&E Defendants[1]—are alleged by the *Garrison* plaintiffs to have engaged in various promotional efforts on behalf of FTX before its collapse, which the *Garrison* plaintiffs claim violated various Florida, California, and Oklahoma securities statutes, consumer protection statutes, and tort laws. *See generally* ECF No. 179 (the "S&E complaint"). On September 21, 2023, the S&E Defendants filed a motion to dismiss the S&E complaint in its entirety, with prejudice, identifying several independent bases for dismissal. *See generally* ECF No. 271. The S&E Defendants' motion to dismiss is fully briefed as of December 6, 2023, and pending before the Court. Discovery in the MDL is presently stayed

---

[1] The "Sports & Entertainer Defendants" or "S&E Defendants" are Thomas Brady, Gisele Bündchen, Stephen Curry, Lawrence Gene David, Golden State Warriors, LLC, Udonis Haslem, Shohei Ohtani, Kevin O'Leary, Shaquille O'Neal, David Ortiz, Naomi Osaka, and Solomid Corp.

pending the Court's forthcoming ruling on the motions to dismiss brought by the S&E Defendants and other defendants.  *See* ECF Nos. 318, 336, 422.

On March 7, 2024, plaintiffs filed a complaint against Furia in the case captioned *Garrison et al. v. Furia Esports LLC et al.*, Case No. 1:24-cv-20895-RS (S.D. Fla.) (the "<u>*Furia* Action</u>").  *See Furia* Action ECF No. 1 (the "<u>Furia complaint</u>").  FuriaGG was served with the summons and complaint on March 11, 2024, and its deadline to respond to the Furia complaint is April 1, 2024. *See Furia* Action ECF No. 5; Fed. R. Civ. P. 12(a)(1)(A).  Furia Experience and Furia Esports were both served on March 15, 2024, and their deadlines to respond to the Furia complaint are therefore April 5, 2024.  *See Furia* Action ECF No. 5, 6; Fed. R. Civ. P. 12(a)(1)(A).

On March 7, 2024, plaintiffs also filed a complaint against Monumental in the case captioned *Garrison et al. v. Lincoln Holdings LLC*, Case No. 1:24-cv-00655-JMC (D.D.C.) (the "<u>*Monumental* Action</u>").  *See Monumental* Action ECF No. 1 (the "<u>Monumental complaint</u>"). Monumental was served with the summons and complaint on March 13, 2024, and its deadline to respond to the Monumental complaint is April 3, 2024.  *See Monumental* Action ECF No. 6; Fed. R. Civ. P. 12(a)(1)(A).

Furia is an esports organization that competes professionally in video game competitions, both in the United States and internationally.  *See* Furia Compl. ¶ 288.  Monumental owns and operates professional sports teams, including the Washington Wizards, the Washington Capitals, and the Washington Mystics.  *See* Monumental Compl. ¶ 61.  Monumental also owns and operates the Capital One Arena located in Washington D.C.  *Id.*  As a result, Furia and Monumental are similarly situated to the sports teams and athletes among the S&E Defendants, including but not limited to defendants Solomid Corporation, Golden State Warriors, and Tom Brady.  *See* S&E Compl. ¶¶ 55-68.

Shortly after both complaints were filed, on March 11, 2024, the Court stayed the *Furia* Action upon a sua sponte review of the record, allowing the case to proceed in the MDL. *See Furia* Action ECF No. 4. The *Monumental* Action was also transferred into the MDL, effective March 27, 2024. ECF No. 556. The Court has not yet set any separate briefing schedule or time to respond with respect to either complaint, and the Furia and Monumental Defendants have made no prior requests for a stay or extension of time to respond in the pre-transfer cases or in this MDL.

The claims, legal theories, and causes of action alleged against the Furia and Monumental Defendants are nearly identical to those in the S&E complaint. *Compare* Furia Compl. *and* Monumental Compl., *with* S&E Complaint. Like the S&E Defendants, the Furia and Monumental Defendants are alleged to be subject to liability by virtue of the fact that they allegedly promoted FTX before its collapse. *Compare* Furia Compl. ¶¶ 61-63 *and* Monumental Compl. ¶¶ 61, *with* S&E Compl. ¶¶ 55-67. In fact, fourteen of the fifteen causes of action are nearly word-for-word identical. *Compare* Furia Compl. ¶¶ 353-452 *and* Monumental Compl. ¶¶ 358-457, *with* S&E Compl. ¶¶ 768-859. Plaintiffs allege that the Furia and Monumental Defendants, and the S&E Defendants, are liable (i) under various state securities laws for "selling" unregistered securities, despite not alleging that any of them mentioned the particular alleged securities, FTT or YBAs, and (ii) under various state consumer protection laws for engaging in advertising efforts without discovering FTX's fraud. *Compare* Furia Compl. ¶¶ 353-70 *and* Monumental Compl. ¶¶ 358-75, *with* S&E Compl. ¶¶ 768-85. Moreover, the plaintiffs substantially overlap and have the same counsel as in the S&E complaint, and four of the S&E Defendants are represented by the same counsel representing the Furia and Monumental Defendants. *Compare* Furia Compl. ¶¶ 39-54 *and* Monumental Compl. ¶¶ 47-60, *with* S&E Compl. ¶¶ 47-60.

In addition to the Furia and Monumental Defendants and the S&E Defendants, the

*Garrison* plaintiffs have recently brought similar claims against several other defendants, including Mercedes-Benz Grand Prix Limited ("Mercedes F1") (*see Garrison et al. v. Mercedes-Benz Grand Prix Limited*, Case No. 1:23-cv-24480-JEM (S.D. Fla.) (the "*Mercedes F1* Action")), Major League Baseball (*see Garrison et al. v. Major League Baseball et al.*, Case No. 1:23-cv-24479 (S.D. Fla.)), Riot Games (*see Garrison et al. v. Riot Games, Inc. et al.*, Case No. 2:24-cv-01841 (S.D. Fla.)), Dentsu McGarry Bowen LLC ("Dentsu") (*see* ECF No. 428), and Wasserman Group (*see* ECF No. 435). Of these new defendants, Dentsu and Wasserman Group jointly filed a motion to dismiss on February 29, 2024, ECF No. 506—while the others have not yet responded to their respective complaints.

As detailed further below, it would promote judicial economy for the Court to address the fully briefed motion to dismiss filed by the S&E Defendants prior to requiring the Furia and Monumental Defendants to respond to their respective complaints, as all parties would benefit from the Court's evaluation of the novel legal theories presented by plaintiffs. The Furia and Monumental Defendants have met and conferred with plaintiffs as to the request to stay, and their alternative request for an extension of time to respond to their respective complaints, and both requests are unopposed.

## II. ARGUMENT[2]

### A. A Stay Is Warranted To Promote Judicial Economy.

"[D]istrict courts have inherent, discretionary authority to issue stays in many circumstances[.]" *Advanced Bodycare Sols., LLC v. Thione Int'l, Inc.*, 524 F.3d 1235, 1241 (11th Cir. 2008). "When ruling on a motion to stay pending the resolution of a related case in another forum, district courts must consider both the scope of the stay and the reasons given for the stay."

---

[2] Unless noted, all emphasis is added and internal quotations or citations are omitted.

5

*Prisua Eng'g Corp. v. Samsung Elecs. Co.*, 472 F. Supp. 3d 1183, 1185 (S.D. Fla. 2020) (Moore, J.). While "the court is given considerable leeway in the exercise of its judgment," courts "typically weigh[] the following factors in deciding whether a stay is appropriate: (1) the stage of the litigation; (2) undue prejudice to the nonmoving party; and (3) simplification of the issues in question." *Id*. "Courts also consider whether the totality of the circumstances and the interests of justice favor a stay." *Id*. And more generally, "[a] stay sometimes is authorized simply as a means of controlling the district court's docket and of managing cases before the district court." *Brightstar Corp. v. Euler Hermes World Agency S.A.S.*, 2020 WL 13880659, at *3 (S.D. Fla. Feb. 26, 2020) (Moore, J). Here, plaintiffs do not oppose a stay, and all of these considerations also weigh in favor of a stay.

*First*, the *Furia* and *Monumental* Actions are in their infancy and were each filed less than a month ago. *See* Furia Compl. (filed March 7, 2024); Monumental Compl. (filed March 7, 2024). Both were transferred into the MDL, where discovery is stayed pending the various defendants' pending motions to dismiss. ECF Nos. 318, 336, 422. Given that "no significant discovery or trial preparation has taken place," this factor weighs in favor of a stay. *Prisua Eng'g*, 472 F. Supp. 3d at, 1186 (quoting *Juno Therapeutics, Inc. v. Kite Pharma*, 2018 WL 1470594, at *6 (C.D. Cal. Mar. 8, 2018)).

*Second*, there is little risk of prejudice, and certainly no undue prejudice, to plaintiffs. The S&E Defendants' motion to dismiss is fully briefed and ripe for this Court's review in the near future. *See Brightstar*, 2020 WL 13880659, at *5-6 ("A court may consider the progress of a related action in evaluating the lawfulness of a stay. . . [T]he Court finds the requested duration of the stay to be sufficiently specific, as a decision is expected from the German Arbitration Tribunal relatively soon."). Further, discovery is presently stayed in the MDL, and a stay of the *Furia* and

6

*Monumental* Actions would therefore pose no prejudice to plaintiffs in terms of discovery. ECF Nos. 318, 336, 422. As a result, the low risk of prejudice to plaintiffs weighs heavily in favor of granting a stay. *See Prisua Eng'g*, 472 F. Supp. 3d at 1186.

*Third,* a resolution of the S&E Defendants' motion to dismiss will greatly simplify the issues as to the Furia and Monumental Defendants. As noted above, plaintiffs' allegations and theories of liability regarding the Furia and Monumental Defendants are similar to those regarding the S&E Defendants. The cases involve similar questions of law under overlapping state securities statutes, consumer protection statutes, and tort law, with fourteen of fifteen claims overlapping in their entirety. *Compare* Furia Compl. ¶¶ 353-452 *and* Monumental Compl. ¶¶ 358-457, *with* S&E Compl. ¶¶ 768-859. Resolution of the S&E Defendants' motion to dismiss will clarify the viability of plaintiffs' legal theories and—were the Court to grant the S&E Defendants' motion to dismiss on the grounds that plaintiffs' legal theories are infirm—would likely resolve the claims against the Furia and Monumental Defendants. *See Prisua Eng'g*, 472 F. Supp. 3d at, 1187 (staying patent cases pending a decision by the Patent and Trial Board on a related matter which would "likely streamline the case"); *Brightstar*, 2020 WL 13880659, at *4 ("[T]he Court finds that a stay is appropriate, as the resolution of the German Arbitration may affect the instant proceedings."); *Karnas et al. v. McCarter & English, LLP et al.*, Case No. 1:24-cv-20480-RKA (S.D. Fla.) (Altman, J.), ECF No. 11 (staying a recently filed case pending a ruling on a motion to dismiss in a related case since both cases involve similar claims arising from the collapse of Voyager (a cryptocurrency business)).

*Finally*, a stay is warranted in consideration of the totality of the circumstances, in the interests of justice, and for the purposes of case management in this complex MDL. Were the Court to require the Furia and Monumental Defendants to respond now, they would likely file

7

motions to dismiss presenting several arguments similar to those already pending before this Court. By staying the case against the Furia and Monumental Defendants pending a ruling on the S&E Defendants' motion to dismiss, the Court will avoid unnecessary expenditures by the parties in briefing issues that have already been presented to the Court for consideration. A stay would therefore promote judicial economy by avoiding the need to adjudicate issues relating to the Furia and Monumental Defendants that may be resolved by the S&E Defendants' pending arguments. *Prisua Eng'g*, 472 F. Supp. 3d at, 1187; *Brightstar*, 2020 WL 13880659, at *4.

### B.  In The Alternative, An Extension Of Time Is Warranted For The Furia and Monumental Defendants To Respond To The Complaints.

If the Court determines that a stay is not warranted, the Furia and Monumental Defendants respectfully request an extension of their deadlines to respond to their respective complaints. The Court may grant an extension of time for good cause. Fed. R. Civ. P. 6(b). Such requests are ordinarily "granted in the absence of bad faith on the party seeking relief or prejudice to the adverse party." 4B Charles Alan Wright & Arthur R. Miller, Federal Practice & Procedure § 1165 (2009).

Here, good cause for the extension exists and no prejudice will result. In the absence of a stay, it will likely be necessary for the Furia and Monumental Defendants to draft motions to dismiss the complaints. Given the complexity and novelty of plaintiffs' claims and the procedural complexity of the MDL, the Furia and Monumental Defendants, who only recently retained counsel, will require additional time to prepare a response to the complaints.

The Court has permitted approximately 60-day extensions for other defendants that have recently been added to the MDL. ECF Nos. 532, 534. The Furia and Monumental Defendants respectfully submit that a similar extension of the current deadlines to respond (which are April 1, 2024, April 3, 2024, and April 5, 2024) to June 1, 2024 is warranted here.

### C. Notice To Court Regarding Related Case Pending Against Mercedes F1.

In the interests of efficiency and judicial economy, the Furia and Monumental Defendants also wish to notify the Court that on November 27, 2023, plaintiffs filed a similar case against Mercedes F1 in the *Mercedes F1* Action, as noted above, which is currently pending in the Southern District of Florida before Judge Martinez. In doing so, plaintiffs marked the case as related to the MDL in the Civil Cover Sheet. *See Mercedes F1* Action ECF No. 1-4 at 1. However, the case has yet to be transferred into the MDL. As here, the claims against Mercedes F1 are very similar to those pending against the S&E Defendants, and counsel for the Furia and Monumental Defendants has also been retained by Mercedes F1. *Compare Mercedes F1* Action ECF No. 1, *with* S&E Complaint. Mercedes F1 waived service on March 28, 2024, and its deadline to respond to the complaint is April 29, 2024. Were the Court to transfer the *Mercedes F1* Action into this MDL, Mercedes F1 would intend to seek similar relief to that presented by this motion; *i.e.*, a stay pending resolution of the S&E Defendants' motion to dismiss..

## III. CONCLUSION

For the reasons explained above, claims against the Furia and Monumental Defendants should be stayed pending a ruling on the S&E Defendants' motion to dismiss. Alternatively, if the Court is not inclined to grant a stay, the Court should permit the Furia and Monumental Defendants an extension of the deadlines to respond to the respective complaints until June 1, 2024.

### LOCAL RULE 7.1 (a)(3) CERTIFICATE OF PRE-FILING CONFERENCE

On March 25 and March 28, 2024, counsel for the Furia and Monumental Defendants conferred by e-mail with counsel for plaintiffs regarding the relief sought in this motion. Plaintiffs do not oppose the relief sought through this motion.

Dated:  March 29, 2024                    Respectfully submitted,

**LATHAM & WATKINS LLP**

By: */s/ Tyler M. Halloran*
    Tyler M. Halloran
1271 Avenue of the Americas
New York, New York 10020
Tel: +1.212.303.2858
*tyler.halloran@lw.com*

**LATHAM & WATKINS LLP**
  Andrew B. Clubok (*certificate of understanding forthcoming*)
    *andrew.clubok@lw.com*
  Susan E. Engel (*certificate of understanding forthcoming*)
    *susan.engel@lw.com*
  Brittany M.J. Record (*certificate of understanding forthcoming*)
    *brittany.record@lw.com*
555 Eleventh Street, N.W., Suite 1000
Washington, D.C. 20004-1304
Tel: +1.202.637.2200

**LATHAM & WATKINS LLP**
  Marvin S. Putnam (*certificate of understanding forthcoming*)
    *marvin.putnam@lw.com*
  Jessica Stebbins Bina (*certificate of understanding forthcoming*)
    *jessica.stebbinsbina@lw.com*
10250 Constellation Blvd., Suite 1100
Los Angeles, California 90067
Tel: +1.424.653.5500

**LATHAM & WATKINS LLP**
  Michele D. Johnson (*certificate of understanding forthcoming*)
    *michele.johnson@lw.com*
650 Town Center Drive, 20th Floor
Costa Mesa, California 92626-1925
Tel: +1.714.540.1235

*Attorneys for Defendants FURIA ESPORTS LLC, FURIAGG, CORP., FURIA EXPERIENCE LLC, and Monumental Sports & Entertainment*

## **CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on March 29, 2024, a true and correct copy of the foregoing was filed electronically with the Clerk of the Court, by using the CM/ECF system, causing a true and correct copy to be served on all counsel of record.

By: */s/ Tyler M. Halloran*
Tyler M. Halloran