**IN THE UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**
**MIAMI DIVISION**
MDL No. 3076
Case No. 1:23-md-03076-KMM

IN RE:

**FTX Cryptocurrency Exchange Collapse Litigation**

This Document Relates To:

*Garrison v. Bankman-Fried*,
Case No. 22-cv-23753-KMM

*Garrison v. Ohtani*,
No. 23-cv-23064-KMM

*Garrison v. Golden State Warriors, LLC*,
No. 23-cv-23084-KMM

*Norris v. Brady*,
No. 23-cv-20439-KMM

_____/

**THE SPORTS & ENTERTAINER DEFENDANTS' OPPOSITION TO PLAINTIFFS' RENEWED OMNIBUS MOTION TO LIFT DISCOVERY STAY (ECF 538)**

The Sports & Entertainer Defendants[1] respond to *Plaintiffs' Omnibus Motion to Lift Discovery Stay and for Leave to Conduct Jurisdictional Discovery on Sino Global Capital Limited* ("*Omnibus Motion*") (ECF 538) to the extent it seeks to lift the discovery stay – other than permitted jurisdictional discovery – correctly imposed by the Court months ago when Plaintiffs' first "Omnibus Motion" (ECF 348) was denied on this exact issue. *See* ECF 422 (allowing only jurisdictional discovery; "[a]side from the limited jurisdictional discovery permitted by this Order,

---

[1] The "Sports & Entertainer Defendants" or "S&E Defendants" are Thomas Brady, Gisele Bündchen, Stephen Curry, Lawrence Gene David, Golden State Warriors, LLC, Udonis Haslem, Shohei Ohtani, Kevin O'Leary, Shaquille O'Neal, David Ortiz, Naomi Osaka, and Solomid Corp.

this Order does not disturb the discovery stay currently in place"); *see also* ECF 152 (initial order staying discovery until at least September 19, 2023, after which parties could seek to lift the stay).

To the extent that Plaintiffs seek to lift the general discovery stay, the *Omnibus Motion* should be denied.

### ARGUMENT

The *Omnibus Motion* should be denied for multiple independent reasons:

*First*, the *Omnibus Motion* should be denied because it seeks to lift the general stay only in passing and without any argument or support. Other than the title, the first sentence, and the Conclusion of the motion, Plaintiffs do not address the issue of lifting the general discovery stay; instead, the motion entirely focuses on Plaintiffs' request for jurisdictional discovery from Defendant Sino Global Capital Limited ("SGCL") and Plaintiffs' related request for leave to file supplements to briefs directed to SGCL. *See generally* ECF 538. Thus, Plaintiffs provide no support for their offhand request to lift the general discovery stay, and their complete failure to provide any support waives any entitlement they could have (and they have none). "A passing reference to an issue in a brief is not enough, and the failure to make arguments and cite authorities in support of an issue waives it." *Hamilton v. Southland Christian School, Inc.*, 680 F.3d 1316, 1319 (11th Cir. 2012), *overruled on other grounds*, *United States v. Durham*, 795 F.3d 1329, 1330 (11th Cir. 2015); *see also S.E.C. v. Big Apple Consulting USA, Inc.*, 783 F.3d 786, 811-12 (11th Cir. 2015) (only raising argument in a "fleeting footnote" is insufficient); Local Rule 7.1(a)(1) ("Every motion when filed and served shall incorporate a memorandum of law citing supporting authorities[.]").

*Second*, Plaintiffs did not consult with the S&E Defendants before filing the *Omnibus Motion*. By their own admission, Plaintiffs only consulted with counsel for SGCL with respect to the *Omnibus Motion*: "Plaintiffs' Counsel certify that they have conferred **with Counsel for**

***Defendant Sino Global Capital Limited*** in a good faith effort to resolve the issues raised in this Motion, and report that ***Sino Global Capital Limited*** opposes the requested relief." ECF 538 at 14 (emphasis added). Plaintiffs' failure to comply with the Local Rules provides an independent basis to deny the motion to the extent it seeks any relief beyond SGCL. *See* PAPERLESS ORDER (ECF 336) at 1 ("As an initial matter, multiple Defendants have asserted that Plaintiffs wrongly represented that they had conferred with Defendants about the relief requested in the Motion. This alone is sufficient to deny the Motion." (citing *Burleigh House Condo., Inc. v. Rockhill Ins. Co.*, 2022 WL 17082909, at *6 (S.D. Fla. Nov. 18, 2022) (Goodman, M.J.) (other citations omitted)); *see also Sound Around, Inc. v. O'Donnell*, 2023 WL 4234825, *2 (S.D. Fla. June 28, 2023) (Scola, J.) ("In light of [Plaintiffs'] repeated failure to confer, the Court is 'justifie[d in] denying the motion, … .'") (quoting *Burleigh*, 2022 WL 17082909, *6) (second alteration in original)); *Starship 1, LLC v. Sky Support, LLC*, 2023 WL 5231807, *1 (S.D. Fla. June 24, 2024) (Sanchez, M.J.) ("This complete disregard of Local Rule 7.1(a)(3)'s requirements warrants denial of the Plaintiff's motion[.]"); *Burleigh House*, 2022 WL 17082909, *6 ("[T]here is no factual dispute about the conferral: it did not occur … . This justifies an Order denying the motion[.]"); *United States v. Marder*, 2016 WL 2897407, *7 (S.D. Fla. May 18, 2016) (Moore, J.) ("Both motions lack the requisite 7.1(a)(3) certification and thus denying the motions is an appropriate sanction." (citation omitted)).[2]

---

[2] Local Rule 7.1(a)(3) states, "Prior to filing any motion in a civil case, … counsel for the movant **shall** confer (orally or in writing), or make reasonable effort to confer (orally or in writing), with **all** parties or non-parties who may be affected by the relief sought in the motion in a good faith effort to resolve by agreement the issues to be raised in the motion. … Failure to comply with the requirements of this Local Rule may be cause for the Court to grant or deny the motion and impose on counsel an appropriate sanction, which may include an order to pay the amount of the reasonable expenses incurred because of the violation, including a reasonable attorney's fee." (emphasis added).

*Third*, there is no basis to lift the discovery stay. This is the second time Plaintiffs have sought to lift the general discovery stay. The Court denied Plaintiffs' first attempt three months ago: "Insofar as Plaintiffs request a lift of the discovery stay altogether, **such request is denied until the Court adjudicates the outstanding motions to dismiss**." Order (ECF 422) at 5 (emphasis added). Nothing has changed, so there is no reason for the Court to revisit its ruling. As the S&E Defendants previously argued, "[t]his proceeding is still exactly the type of case where a stay of discovery pending rulings on case-dispositive motions to dismiss is warranted: one raising novel, unfounded claims in unquestionably costly litigation against multiple defendants. *See Chudasama v. Mazda Motor Corp.*, 123 F.3d 1353, 1368 (11th Cir. 1997) ('Facial challenges to the legal sufficiency of a claim ... should ... be resolved before discovery begins.')." ECF 314 at 2; *see also* ECF Nos. 124, 149 (additional briefing on this issue by the S&E Defendants).[3]

## CONCLUSION

The Court has been very clear that this case is one where discovery is properly stayed pending the Court's adjudication of the motions to dismiss. *See* ECF Nos. 152 & 422. And as to the S&E Defendants in particular, the Court has observed that this is a "complex and costly litigation for all parties involved." Order (*Garrison* ECF No. 133) at 3 (also noting "Plaintiffs have repeatedly failed to comply with the Local Rules").

Accordingly, to the extent Plaintiffs request that the Court lift the general discovery stay, the *Omnibus Motion* should be denied.

---

[3] In their reply, Plaintiffs may not now make arguments that they failed to raise in the *Omnibus Motion*. *See* Local Rule 7.1(c)(1) ("reply memorandum shall be strictly limited to rebuttal of matters raised in the memorandum in opposition without reargument of matters covered in the movant's initial memorandum of law"). The S&E Defendants have addressed Plaintiffs' wholesale failure to provide ***any*** argument for lifting the stay above; Plaintiffs may not stretch that into grounds to make an argument they have failed to raise and have waived. However, to the extent necessary and should Plaintiffs improperly choose to do so in their reply, the S&E Defendants incorporate by reference their arguments as set out in ECF Nos. 124, 149 & 314.

Dated: April 2, 2024                                Respectfully submitted,

                                                  **COLSON, HICKS, EIDSON, P.A.**
255 Alhambra Circle, Penthouse
Coral Gables, Florida 33134
(305) 476-7400

By: */s/ Roberto Martínez*
   Roberto Martínez
   Florida Bar No. 305596
    *bob@colson.com*
   Stephanie A. Casey
   Florida Bar No. 97483
    *scasey@colson.com*
   Zachary Lipshultz
   Florida Bar No. 123594
    *zach@colson.com*

*Attorneys for Defendants Thomas Brady, Gisele Bündchen, Lawrence Gene David, Shaquille O'Neal, Golden State Warriors, LLC, and Naomi Osaka*

**LATHAM & WATKINS LLP**
   Andrew B. Clubok (*pro hac vice*)
    *andrew.clubok@lw.com*
   Susan E. Engel (*pro hac vice*)
    *susan.engel@lw.com*
   Brittany M.J. Record (*pro hac vice*)
    *brittany.record@lw.com*
555 Eleventh Street, N.W., Suite 1000
Washington, D.C. 20004-1304
Tel: +1.202.637.2200
Fax: +1.202.637.2201

**LATHAM & WATKINS LLP**
   Marvin S. Putnam (*pro hac vice*)
    *marvin.putnam@lw.com*
   Jessica Stebbins Bina (*pro hac vice*)
    *jessica.stebbinsbina@lw.com*
10250 Constellation Blvd., Suite 1100
Los Angeles, California 90067
Tel: +1.424.653.5500
Fax: +1.424.653.5501

**LATHAM & WATKINS LLP**
   Michele D. Johnson (*pro hac vice*)
    *michele.johnson@lw.com*
650 Town Center Drive, 20th Floor
Costa Mesa, California 92626-1925
Tel: +1.714.540.1235
Fax: +1.714.755.8290

*Attorneys for Defendants Thomas Brady, Gisele Bündchen, Lawrence Gene David, and Shaquille O'Neal*

**GIBSON, DUNN & CRUTCHER LLP**

Matthew S. Kahn (*pro hac vice*)
  *MKahn@gibsondunn.com*
Michael J. Kahn (*pro hac vice*)
  *MJKahn@gibsondunn.com*
One Embarcadero Center, Suite 2600
San Francisco, CA 94111-3715
Phone: 415.393.8200

Michael Dore (*pro hac vice*)
  *MDore@gibsondunn.com*
Jamila MacEbong (*pro hac vice*)
  *JMacEbong@gibsondunn.com*
333 South Grand Avenue
Suite 4600
Los Angeles, CA 90071-3197
Phone: 213.229.7155

*Attorneys for Defendants Golden State Warriors, LLC and Naomi Osaka*

**AKERMAN LLP**
350 East Las Olas Boulevard – Suite 1600
Ft. Lauderdale, FL 33301
Tel.: 954-463-2700
Fax: 954-468-2454

By: */s/ Christopher S. Carver*
     Christopher S. Carver, Esq.
     Florida Bar No. 993580
     *christopher.carver@akerman.com*
     Jason S. Oletsky, Esq.
     Florida Bar No. 9301
     *jason.oletsky@akerman.com*
     Katherine A Johnson, Esq.
     Florida Bar No. 1040357
     *katie.johnson@akerman.com*

*Attorneys for Defendants Udonis Haslem and David Ortiz*

**WEIL, GOTSHAL & MANGES LLP**

By: */s/ Pravin A. Patel*
     Pravin R. Patel (FBN 0099939)
       *pravin.patel@weil.com*
     Alli Katzen (FBN (FBN 1024803)
     *alli.katzen@weil.com*
     1395 Brickell Avenue, Suite 1200
     Miami, FL 33131-3368
     Tel.: (305)-577-3100

- 6 -

**WEIL, GOTSHAL & MANGES LLP**

By: */s/ Zachary A. Schreiber*
　　Zachary A. Schreiber
　　　*zach.schreiber@weil.com*
　　767 Fifth Avenue
　　New York, NY 10153
　　Tel.: (212)-310-8000

*Attorney for Defendant Shohei Ohtani*

**McDERMOTT WILL & EMERY LLP**
333 SE 2nd Ave., Suite 4500
Miami, Florida 33131
Telephone: (212) 547-5768
Facsimile: (305) 347-6500

By: */s/ Nathan Bull*
　　Nathan Bull (Fla. Bar No. 1029523)
　　*nbull@mwe.com*

**McDERMOTT WILL & EMERY LLP**
　Jason D. Strabo (*pro hac vice*)
　　*jstrabo@mwe.com*
　Ellie Hourizadeh (*pro hac vice*)
　　*ehourizadeh@mwe.com*
2049 Century Park East, Suite 3200
Los Angeles, CA 90067
Telephone: (310) 788-4125
Facsimile: (310) 277-4730

**McDERMOTT WILL & EMERY LLP**
　Sarah P. Hogarth (*pro hac vice*)
　　*shogarth@mwe.com*
500 North Capitol Street NW
Washington, DC 20001
Telephone: (202) 756-8354
Facsimile: (202) 756-8087

*Attorneys for Defendant Stephen Curry*

**MARCUS NEIMAN RASHBAUM**
**& PINEIRO LLP**
100 Southeast Third Avenue, Suite 805
Fort Lauderdale, Florida 33394
Tel: (954) 462-1200

2 South Biscayne Blvd., Suite 2530
Miami, Florida 33131
Tel: (305)-400-4260

By: */s/ Jeffrey Neiman*
　　Jeffrey Neiman
　　Fla Bar. No. 544469
　　　*jneiman@mnrlawfirm.com*

- 7 -

Jeffrey Marcus
Fla. Bar No. 310890
  jmarcus@mnrlawfirm.com
Michael Pineiro
Fla. Bar No. 041897
  mpineiro@mnrlawfirm.com
Brandon Floch
Fla. Bar No. 125218
  bfloch@mnrlawfirm.com

*Attorneys for Defendant Kevin O'Leary and Solomid Corporation*

**BERK BRETTLER LLP**
9119 Sunset Boulevard
West Hollywood, CA 90069
Tel.: (310) 278-2111

Andrew B. Brettler (*pro hac vice*)
  abrettler@berkbrettler.com

*Attorneys for Defendant Kevin O'Leary*