## IN THE UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF FLORIDA, MIAMI DIVISION
Case No. 1:23-md-03076-KMM

**IN RE:**

**FTX Cryptocurrency Exchange Collapse Litigation**

This Document Relates To:

*Chernyavsky, et al.* v. *Temasek Holdings (Private) Limited, et al.*
Case No. 1:23-cv-22960 (S.D. Fla.)

*Cabo, et al.* v. *Temasek Holdings (Private) Limited, et al.*
No. 1:23-cv-03974 (N.D. Cal.)

_____ /

**SINO GLOBAL CAPITAL LIMITED'S OPPOSITION TO PLAINTIFFS' OMNIBUS MOTION TO LIFT DISCOVERY STAY AND FOR LEAVE TO CONDUCT JURISDICTIONAL DISCOVERY ON SINO GLOBAL CAPITAL LIMITED**

**TABLE OF CONTENTS**

PRELIMINARY STATEMENT ...................................................................................................... 1

STATEMENT OF FACTS AND PROCEDURAL HISTORY ..................................................... 2

    Plaintiffs Fail to Serve SG Capital Limited for Nearly a Year, Then Purport to Serve SG
    Capital Limited Via a Spurious Method .................................................................................. 2

    Plaintiffs' Prior Attempts to Take Jurisdictional Discovery of Other Defendants .................... 4

ARGUMENT................................................................................................................................. 5

    I.   SG CAPITAL LIMITED IS NOT SUBJECT TO JURISDICTIONAL DISCOVERY
    BECAUSE IT WAS NEVER SERVED WITH PROCESS ................................................... 5

    II.   PLAINTIFFS ARE NOT ENTITLED TO JURISDICTIONAL DISCOVERY
    REGARDING PERSONAL JURISDICTION OF SG CAPITAL LIMITED......................... 6

        A.  Jurisdictional Discovery Is Only Permitted When There are Disputed Issues of
        Jurisdictional Facts, and Cannot Be Used for a Fishing Expedition................................... 6

        B.  Plaintiffs Have Not Established a Right to Jurisdictional Discovery Because There
        are No Disputed Jurisdictional Facts Regarding SG Capital Limited ............................... 7

    III.   PLAINTIFFS ARE NOT ENTITLED TO JURISDICTIONAL DISCOVERY
    REGARDING SERVICE OF PROCESS.................................................................................. 9

    IV.   THE JURISDICTIONAL DISCOVERY SOUGHT BY PLAINTIFFS IS
    EXTREMELY OVERBROAD AND SHOULD BE NARROWED ..................................... 10

CONCLUSION............................................................................................................................. 12

## TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*Auf v. Howard Univ.*,
19-22065-CIV-SMITH, 2020 U.S. Dist. LEXIS 53226 (S.D. Fla. Mar. 25, 2020) ...............................................................................................................6,10

*BCP Mgmt., LLC v. Deutsche Bank Nat'l Tr. Co.*,
535 F. Supp. 3d 1217 (M.D. Fla. 2021)....................................................................5, 9

*Cabo, et al. v. Temasek Holdings (Private) Limited, et al.*,
No. 23-cv-03974 (N.D. Cal.) ......................................................................................3

*Chernyavsky, et al. v. Temasek Holdings (Private) Limited, et al.*,
Case No. 1:23-22960 (S.D. Fla.)..................................................................................3

*Daimler AG v. Bauman*,
571 U.S. 117 (2014)......................................................................................................8

*Forde v. Miami Fed. Dep't of Corr.*,
578 F. App'x 877 (11th Cir. 2014) ..........................................................................4, 5

*Gleneagle Ship Mgmt. Co. v. Leondakos, et ux.*,
602 So. 2d 1282 (1992)...............................................................................................10

*Iglesias v. Pernod Ricard, S.A.*,
20-20157-Civ-WILLIAMS/TORRES, 2020 U.S. Dist. LEXIS 263814 (S.D. Fla. Oct. 30, 2020) ...................................................................................................6

*JMA, Inc. v. Biotronic SE & Co. KG*,
12-CV-23466-SEITZ/SIMONTON, 2013 U.S. Dist. LEXIS 49854 (S.D. Fla. Apr. 4, 2013)...............................................................................................................6

*Millennium Indus. Network v. Hitti*,
11-62570-CIV-ROSENBAUM/HUNT, 2014 U.S. Dist. LEXIS 10232 (S.D. Fla. Jan. 28, 2014)..........................................................................................................7

*Murphy Bros., Inc. v. Michetti Pipe Stringing, Inc.*,
526 U.S. 344 (1999)......................................................................................................5

*Peach.com, LLC v. Peachly, LLC*,
21-20636-Civ-GAYLES/TORRES, 2021 U.S. Dist. LEXIS 255995 (S.D. Fla. June 16, 2021)..........................................................................................................10

*Thompson v. Carnival Corp.*,
   174 F. Supp. 3d 1327 (S.D. Fla. 2016) ...................................................................................6

*Turner v. Costa Crociere S.P.A.*,
   No. 1:20-CV-21481-KMM, 2020 WL 9071486 (S.D. Fla. Aug. 23, 2020) ..............................7

*Walden v. Fiore*,
   571 U.S. 277 (2014) ...............................................................................................................8

*Wolf v. Celebrity Cruises, Inc.*,
   683 F. App'x 786 (11th Cir. 2017) ......................................................................................6, 9

*Yepez v. Regent Seven Seas Cruises*,
   10-23920-CIV, 2011 WL 3439943 (S.D. Fla. Aug. 5, 2011) .................................................6, 9

Defendant Sino Global Capital Limited ("SG Capital Limited") respectfully submits this memorandum of law in opposition to Plaintiffs' Omnibus Motion to Lift Discovery Stay and For Leave to Conduct Jurisdictional Discovery on Sino Global Capital Limited (ECF No. 538, the "Motion" or the "Mot.").[1]

## PRELIMINARY STATEMENT

Plaintiffs cannot obtain jurisdictional discovery of SG Capital Limited because they have failed to properly serve SG Capital Limited, a bedrock principle of litigation.

In February 2023, Plaintiffs originally named SG Capital Limited, a Hong Kong entity, as a Defendant. Plaintiffs never took any steps to serve process, as required, under the Hague Convention on the Service Abroad of Judicial and Extrajudicial Documents (the "Hague Convention"). In September 2023, Plaintiffs moved to serve SG Capital Limited by alternate means (which SG Capital Limited opposed). That motion remains pending. Plaintiffs were not content to serve SG Capital Limited via legitimate means, or to wait for the outcome of SG Capital Limited's motion for alternate service. So in late January 2024, Plaintiffs purported to serve SG Capital Limited through a completely different entity, non-party Sino Global Capital Management LLC ("SG Capital Management"). Plaintiffs have not demonstrated a basis to disregard corporate forms. SG Capital Limited has separately moved to dismiss for insufficient service (which motion will be fully briefed on April 3, 2024).

The instant Motion demonstrates that Plaintiffs' bogus service on SG Capital Limited was a ploy to improperly obtain discovery of SG Capital Limited. Plaintiffs' gambit should be rejected.

---

[1]     SG Capital Limited continues to make a special appearance in this litigation, without waiver of any of SG Capital Limited's defenses, including insufficient service of process, personal jurisdiction, and failure to state a claim.

The Eleventh Circuit has confirmed the bedrock tenet that a party cannot be forced to participate in discovery before it is served with process.

Additionally, the Motion violates Eleventh Circuit law that a plaintiff is only entitled to jurisdictional discovery where there are disputed issues of fact supporting the exercise of personal jurisdiction. A plaintiff is not entitled to utilize jurisdictional discovery to engage in a fishing expedition, or to establish new, non-pleaded theories of jurisdiction. SG Capital Limited is mindful that the Court previously granted jurisdictional discovery of several other Defendants, but SG Capital Limited respectfully contends that the jurisdictional discovery sought here by Plaintiffs is an impermissible fishing expedition to try to support a theory of service.

Further, the jurisdictional discovery sought is vastly overbroad, impermissibly delving into merits issues. If the Motion is granted, SG Capital Limited respectfully requests that the scope of Plaintiffs' proposed jurisdictional discovery be referred to Magistrate Judge Sanchez.

Finally, to the extent that Plaintiffs' Motion can be interpreted as seeking to lift the existing general discovery stay in this litigation in its entirety, the Motion should be denied for the reasons set forth in the Sports & Entertainer Defendants' Opposition briefed filed today. (ECF No. 574).

## STATEMENT OF FACTS AND PROCEDURAL HISTORY

**Plaintiffs Fail to Serve SG Capital Limited for Nearly a Year, Then Purport to Serve SG Capital Limited Via a Spurious Method**

SG Capital Limited is a Hong Kong entity. As set forth in SG Capital Limited's motion to dismiss for insufficient service of process (ECF No. 497, the "Insufficient Service MTD"),[2] it is undisputed that SG Capital Limited, a Hong Kong entity, has not directly been served with process.

---

[2]     The Insufficient Service MTD is not yet fully briefed. SG Capital Limited is filing its reply in further support of its motion to dismiss the day after this brief is filed.

Despite initially naming SG Capital Limited as a Defendant in February 2023,[3] Plaintiffs have taken no steps to serve SG Capital Limited via the Hague Convention.

Instead, on September 21, 2023, Plaintiffs moved to serve SG Capital Limited (and other Defendants) via alternate means, effectively conceding that they had not yet served SG Capital Limited. (ECF No. 280, the "Alternate Service Motion"). SG Capital Limited opposed the Alternate Service Motion (ECF No. 331), and the Alternate Service Motion remains pending.

On January 31, 2024, Plaintiffs purported to serve the Summons and Complaints in the individual actions captioned *Chernyavsky, et al. v. Temasek Holdings (Private) Limited, et al.*, Case No. 1:23-22960 (S.D. Fla.) (the "Chernyavsky Action") and *Cabo, et al. v. Temasek Holdings (Private) Limited, et al.*, No. 23-cv-03974 (N.D. Cal.) (the "Cabo Action"), both originally filed in August 2023, on SG Capital Limited via the Delaware registered agent for a different entity, SG Capital Management.[4]

As explained in the Insufficient Service Motion (and the forthcoming reply brief), SG Capital Limited is a separate and distinct entity from SG Capital Management. SG Capital Management – an entity not named or mentioned in the Chernyavsky Action, the Cabo Action, or the operative amended complaint – is not SG Capital Limited's alter ego or agent.[5] Plaintiffs attempted to serve SG Capital Limited through SG Capital Management in a cynical gambit to force SG Capital Limited to participate in the litigation or risk default, in turn leading to Plaintiffs' instant request for jurisdictional discovery.

---

[3]   Plaintiffs first named SG Capital Limited as a Defendant in the action captioned *O'Keefe v. Sequoia Capital Operations, LLC, et al.*, 23-cv-20700 (S.D. Fla.) (the "O'Keefe Action").

[4]   Plaintiffs have not purported to serve the O'Keefe Action on SG Capital Limited.

[5]   The Insufficient Service Motion also argues that Plaintiffs have not even purported to serve the operative amended complaint on SG Capital Limited

3

**Plaintiffs' Prior Attempts to Take Jurisdictional Discovery of Other Defendants**

On November 3, 2023, Plaintiffs initially sought to take jurisdictional discovery against several other Defendants (including Defendant Sino Global Capital Holdings, LLC ("SG Capital Holdings")) but not SG Capital Limited (ECF No. 348, the "First Jurisdictional Discovery Motion"). The Court granted in part and denied in part Plaintiffs' First Jurisdictional Discovery Motion (ECF No. 422, the "Jurisdictional Discovery Order"). The Jurisdictional Discovery Order made clear that Plaintiffs were only entitled to take "limited jurisdictional discovery" of the entities named in the First Jurisdictional Discovery Motion.

Subsequent to the Jurisdictional Discovery Order, Plaintiffs improperly served jurisdictional discovery on SG Capital Limited, even though at the time SG Capital Limited had not yet been served with process or moved to dismiss, and was not named in the First Jurisdictional Discovery Motion. On January 5, 2024, Plaintiffs moved to compel discovery against SG Capital Limited and SG Capital Holdings (ECF No. 450, the "Motion to Compel"). Plaintiffs made similar motions to compel against several other Defendants. At the hearing before Magistrate Judge Sanchez on the Motion to Compel, Plaintiffs made clear that they were not seeking jurisdictional discovery against SG Capital Limited, despite naming them in the Motion to Compel. Judge Sanchez also ruled that despite the extremely broad jurisdictional discovery Plaintiffs sought to take of SG Capital Holdings, Plaintiffs were only entitled to a four-hour deposition of SG Capital Holdings and "any contracts between Sino Global Capital Holdings, LLC and its subsidiaries and related entities (including Sino Global Capital Limited) and FTX, FTX-related entities, and Alameda." (ECF No. 478, the "Motion to Compel Order"). SG Capital Holdings thereafter withdrew its personal jurisdiction objection. (ECF No. 482). The Motion to Compel Order did not order any discovery of SG Capital Limited.

4

## **ARGUMENT**

**I.   SG CAPITAL LIMITED IS NOT SUBJECT TO JURISDICTIONAL DISCOVERY BECAUSE IT WAS NEVER SERVED WITH PROCESS**

The Eleventh Circuit has explained that "[w]ithout service of process, a court ordinarily may not exercise power over a party named as a defendant in a complaint." *Forde v. Miami Fed. Dep't of Corr.*, 578 F. App'x 877, 880 (11th Cir. 2014) (citation omitted). "[A]bsent proper service of process, a district court has <u>no jurisdiction to compel a defendant to respond to discovery requests</u>." *Id.* (emphasis added). In *Forde*, the Eleventh Circuit found that it was not abuse of discretion for the district court to decline to compel discovery of the defendant because the plaintiff's "failure to effect service on [defendant] meant the district court lacked the power to compel [defendant] to produce information." *Id.* at 880-81. *See also BCP Mgmt., LLC v. Deutsche Bank Nat'l Tr. Co.*, 535 F. Supp. 3d 1217, 1220 (M.D. Fla. 2021) (denying request for jurisdictional discovery where plaintiff had not sufficiently served defendant). Likewise, the Supreme Court has explained that it is a "bedrock principle" that "[a]n individual or entity named as a defendant is not obliged to engage in the litigation unless notified of the action, and brought under a court's authority, by formal process." *Murphy Bros., Inc. v. Michetti Pipe Stringing, Inc.*, 526 U.S. 344, 347 (1999).

Here, as demonstrated above and in the Insufficient Service MTD, SG Capital Limited has not been served with process. Plaintiffs' assertion that they served SG Capital Limited through the Delaware registered agent of a <u>different</u> entity, SG Capital Management, should be rejected. Accordingly, under black letter Eleventh Circuit law, as a non-served party SG Capital Limited cannot be compelled to participate in discovery. For that reason, the Motion should be denied.

II.     **PLAINTIFFS ARE NOT ENTITLED TO JURISDICTIONAL DISCOVERY REGARDING PERSONAL JURISDICTION OF SG CAPITAL LIMITED**

      A.     **Jurisdictional Discovery Is Only Permitted When There are Disputed Issues of Jurisdictional Facts, and Cannot Be Used for a Fishing Expedition**

The Eleventh Circuit has explained that the "right to jurisdictional discovery is a qualified one, available when a court's jurisdiction is genuinely in dispute. Such discovery requests should not serve as fishing expeditions, and, as such, are appropriate only when a party demonstrates that it can supplement its jurisdictional allegations through discovery." *Wolf v. Celebrity Cruises, Inc.*, 683 F. App'x 786, 792 (11th Cir. 2017) (citation and quotation marks omitted). *See also Auf v. Howard Univ.*, 19-22065-CIV-SMITH, 2020 U.S. Dist. LEXIS 53226, at *30 (S.D. Fla. Mar. 25, 2020) ([T]he "purpose of jurisdictional discovery is to ascertain the truth of the allegations or facts underlying the assertion of personal jurisdiction. It is *not* a vehicle for a 'fishing expedition' in hopes that discovery will sustain the exercise of personal jurisdiction.") (citations and question marks omitted, emphasis in original).

A plaintiff is "foreclosed from pursuing jurisdictional discovery in an attempt to marshal facts that he should have had – but did not – before coming through the courthouse doors." *Thompson v. Carnival Corp.*, 174 F. Supp. 3d 1327, 1339 (S.D. Fla. 2016) (Moore, J.) (citation and quotation marks omitted). The "failure of a plaintiff to investigate jurisdictional issues prior to filing suit does not give rise to a genuine jurisdictional dispute." *Yepez v. Regent Seven Seas Cruises*, 10-23920-CIV, 2011 WL 3439943, at *1 (S.D. Fla. Aug. 5, 2011).

Plaintiffs that rely on "broad generalizations as a basis for personal jurisdiction" are engaging in a "fishing expedition with no bait on the hook. That, of course, cannot be allowed and Plaintiffs must do more if they seek to engage in jurisdictional discovery because it remains unclear what discovery Plaintiffs need, how it will establish jurisdiction, and what factual issues remain in

dispute." *Iglesias v. Pernod Ricard, S.A.*, 20-20157-Civ-WILLIAMS/TORRES, 2020 U.S. Dist. LEXIS 263814, at *10-11 (S.D. Fla. Oct. 30, 2020) (internal citations omitted).

Plaintiffs also are not permitted to utilize jurisdictional discovery to "search[] for a new basis for jurisdiction, not based on anything pled in the complaint" or to "search[] for potential additional causes of action," which "would be, by definition, a 'fishing expedition.'" *JMA, Inc. v. Biotronic SE & Co. KG*, 12-CV-23466-SEITZ/SIMONTON, 2013 U.S. Dist. LEXIS 49854, at *18 (S.D. Fla. Apr. 4, 2013). *See also Millennium Indus. Network v. Hitti*, 11-62570-CIV-ROSENBAUM/HUNT, 2014 U.S. Dist. LEXIS 10232, at *9 (S.D. Fla. Jan. 28, 2014) (denying request for jurisdictional discovery because "Plaintiff is asking this Court to allow it to conduct discovery in order to assert a new basis for jurisdiction.").

The "burden is on [the] Plaintiff to demonstrate that there is a genuine dispute by identifying the factual information that Plaintiff seeks in discovery . . . ." *Turner v. Costa Crociere S.P.A.*, No. 1:20-CV-21481-KMM, 2020 WL 9071486, at *6 (S.D. Fla. Aug. 23, 2020) (Moore, J.).

**B.    Plaintiffs Have Not Established a Right to Jurisdictional Discovery Because There are No Disputed Jurisdictional Facts Regarding SG Capital Limited**

The Motion fails to establish a qualified right to jurisdictional discovery of SG Capital Limited.  First, Plaintiffs incorrectly state that "this Court has already found" that "Plaintiffs successfully make out a *prima facie* case of personal jurisdiction against [SG Capital Limited and SG Capital Holdings]." (Mot. at 9).  The Jurisdictional Discovery Order did not make any such finding against SG Capital Limited.  To the contrary, the First Jurisdictional Discovery Motion was not even asserted against SG Capital Limited.  In fact, the Jurisdictional Discovery Order characterized Plaintiffs' argument in the First Jurisdictional Discovery Motion that "there is a factual dispute as to whether allegations of civil conspiracy on behalf of [SG Capital Limited] may

be imputed to [SG Capital Holdings]" (Jurisdictional Discovery Order at 4), but made no legal findings with respect to SG Capital Limited.

Second, Plaintiffs misrepresent their own allegations to claim that they have alleged a *prima facie* case of personal jurisdiction against SG Capital Limited in Florida.  Plaintiffs state that they "allege that [SG Capital Limited] aided and abetted the FTX fraud by providing funding to the FTX publicity campaign, which emanated from Florida, was in part paid with FTX customer funds, and was so vital to the fraud, and itself contributed directly to such campaign with supportive Tweets, etc., despite knowing that the operation was a fraud."  (Mot. at 10).  Yet, the cited paragraphs of the Amended Complaint do not say that.  Certain paragraphs concern <u>other</u> <u>Defendants'</u> relationship to Florida and the cited paragraphs regarding SG Capital Limited have nothing to do with its relationship to Florida.  (*See* Mot. at 11 (citing Am. Comp. ¶¶ 9, 35, 45, 121, 253, 264, 290, 315-18, 325-27)).  There are also no allegations that SG Capital Limited funded the FTX publicity campaign.  Plaintiffs thus have not established a *prima facie* case under the Florida long-arm statute, and jurisdiction over SG Capital Limited would not comport with due process. *See Walden v. Fiore*, 571 U.S. 277 (2014) (the exercise of specific jurisdiction must be based on "contacts that the defendant himself creates with the forum state").  (*See also* ECF No. 498 (SG Capital Limited's Motion to Dismiss for Lack of Personal Jurisdiction, the "PJ MTD")).

Third, Plaintiffs have no basis for jurisdiction over SG Capital Limited in California.  The Opposition and Plaintiffs' opposition to the PJ MTD (ECF No. 544) make clear that Plaintiffs only assert <u>general</u> jurisdiction over SG Capital Limited in California.  Yet, under *Daimler AG v. Bauman*, 571 U.S. 117 (2014), SG Capital Limited is not subject to general jurisdiction in California:  it is uncontested that SG Capital Limited is not incorporated in California and does not have its principal place of business there.  Indeed, the Supreme Court explained in *Daimler*

that "it is hard to see why much in the way of discovery would be needed to determine where a corporation is at home." *Id.* at 139 n.20.

Fourth, Plaintiffs have not raised an issue of jurisdictional fact as to whether SG Capital Limited is the alter ego or agent of SG Capital Holdings or SG Capital Management. SG Capital Limited has previously explained that it has no connection whatsoever to Florida or California. (*See* ECF No. 498-1). In the Opposition, Plaintiffs seek to "view" multiple entities "collectively" to find jurisdiction over SG Capital Limited. Plaintiffs' point to prior filings in which they cite facts about other entities. (Mot. at 12). As SG Capital Limited has previously demonstrated, Plaintiffs has not met the high bar to disregard corporate separateness. (ECF No. 536 at 15-17).

In sum, there are no disputed jurisdictional issues concerning SG Capital Limited. Plaintiffs have not demonstrated that "a court's jurisdiction is genuinely in dispute" or that they "can supplement [their] jurisdictional allegations through discovery." *Wolf*, 683 F. App'x at 792. *See also Yepez*, 2011 WL 3439943, at *2 (denying request for jurisdictional discovery and explaining that "the typical plaintiff is expected to be able to allege [key jurisdictional facts] in good faith without the benefit of discovery"). The Motion should be denied.

## III. PLAINTIFFS ARE NOT ENTITLED TO JURISDICTIONAL DISCOVERY REGARDING SERVICE OF PROCESS

To the extent that the Motion seeks jurisdictional discovery to buttress Plaintiffs' opposition to SG Capital Limited's motion to dismiss for insufficient service of process, the Motion should be denied. As noted above and in the Insufficient Service MTD, SG Capital Limited has not been served with process, and Plaintiffs have not come close to establishing facts sufficient to meet the high bar to disregard the corporate form. *See BCP*, 535 F. Supp. 3d at 1220 (denying request for jurisdictional discovery as to sufficiency of service of process "based on a speculative agency relationship").

Moreover, the Jurisdictional Discovery Order explicitly <u>denied</u> jurisdictional discovery against another Defendant "concerning service of process."  (Jurisdictional Discovery Order at 5 n.3).

## IV.   THE JURISDICTIONAL DISCOVERY SOUGHT BY PLAINTIFFS IS EXTREMELY OVERBROAD AND SHOULD BE NARROWED

Although Plaintiffs claim that they seek to take "limited jurisdictional discovery" (Mot. at 8), Plaintiffs actually are attempting to take extremely broad, blunderbuss discovery against SG Capital Limited and other Defendants that delves into merits issues.  Even a case cited by Plaintiffs explained that jurisdictional discovery "should not be broad, onerous or expansive, nor should it address the merits of the case."  *Gleneagle Ship Mgmt. Co. v. Leondakos, et ux.*, 602 So. 2d 1282, 1284 (1992).

Courts will not permit plaintiffs to engage in "boundless search" in the name of jurisdictional discovery.  *Peach.com, LLC v. Peachly, LLC*, 21-20636-Civ-GAYLES/TORRES, 2021 U.S. Dist. LEXIS 255995, at *9 (S.D. Fla. June 16, 2021).  Plaintiffs cannot "exceed the scope necessary to resolve the jurisdictional issues Plaintiffs claim." *Id.* at *10.  And courts will "limit the[] discovery request to purely jurisdictional issues," rather than allowing requests that "essentially ask[] to gain access to all of Defendants' business activities and contracts.  Doing so counteracts the well-established purpose behind jurisdictional discovery, which is to ascertain the truth of the allegations or facts underlying the assertion of personal jurisdiction." *Id.*

The failure to limit the requests to jurisdictional issues is a separate basis to deny the Motion.  *See Auf*, 2020 U.S. Dist. LEXIS 53226, at *31 (denying request for jurisdictional discovery where "[the] requests overwhelmingly pertain to the merits of the case and service of process, and not personal jurisdiction.").

10

Exhibit A to the Motion (ECF No. 538-1) – containing the jurisdictional discovery that Plaintiffs seek – belies Plaintiffs' contention that they seek limited jurisdictional discovery. Plaintiffs seek twenty-one document requests, eight interrogatories, twenty-four requests for admission, and a corporate designee deposition on six topics. The discovery goes far beyond jurisdictional discovery. Just as two examples, Document Request No. 2 seeks "[a]ll work papers, communications, and other documents concerning the Series B funding of FTX Trading, which closed in October 2021, including, but not limited to, offering memoranda, reports, opinions, and other diligence materials concerning any of the FTX entities and/or Alameda." And Document Request No. 7 seeks "[a]ll documents and work papers concerning LedgerX LLC, including, but not limited to, its ownership, employees, business purpose, and operations." These requests plainly concern merits issues, and are not limited to seeking information regarding jurisdiction over SG Capital Limited in Florida or California.

The breadth of Exhibit A to the Motion is even more cynical given that in the Motion to Compel Order, Magistrate Judge Sanchez found that the only jurisdictional discovery regarding SG Capital Holdings to which Plaintiffs were entitled were a four-hour deposition of a corporate representative and certain contracts. Yet, Exhibit A to the Motion seeks information on topics far beyond what Magistrate Judge Sanchez permitted as to other Defendants.

Accordingly, the failure to narrowly tailor the proposed requests to jurisdictional issues is an independent reason to deny the Motion. Regardless, in the event that the Motion is granted, SG Capital Limited respectfully requests that the breadth of Plaintiffs' jurisdictional discovery requests be referred to Judge Sanchez for consideration, especially in light of the narrowness of the Motion to Compel Order.

## **CONCLUSION**

For the foregoing reasons, the Motion should be denied.

Dated:  April 2, 2024

> */s/ Jason P. Gottlieb*
> Jason P. Gottlieb
> Michael Mix
> Vani Upadhyaya
> MORRISON COHEN LLP
> 909 Third Avenue
> New York, New York 10022
> Telephone: (212) 735-8600
> Email: jgottlieb@morrisoncohen.com
>         mmix@morrisoncohen.com
>         vupadhyaya@morrisoncohen.com
>
> *Counsel for Defendant Sino Global Capital Limited*

## CERTIFICATE OF SERVICE

I hereby certify that on this 2nd day of April, 2024, I e-filed a true and correct copy of the foregoing document using the Court's CM/ECF system, which will send a notice of electronic filing to all counsel of record.

*/s/ Jason P. Gottlieb*
Jason P. Gottlieb
