UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 23-md-03076-KMM

IN RE:

FTX Cryptocurrency Exchange Collapse Litigation

THIS DOCUMENT RELATES TO:

Bank Defendants

*O'Keefe v. Sequoia Capital Operations, LLC, et al.*, S.D. Fla. Case No. 1:23-cv-20700

*O'Keefe v. Farmington State Bank d/b/a Moonstone Bank, et al.*, E.D. Wa. Case No. 2:23-cv-00213-TOR

**DEFENDANT FARMINGTON STATE BANK D/B/A MOONSTONE BANK'S RESPONSE TO PLAINTIFFS' NOTICE OF FILING SUPPLEMENTAL AUTHORITY IN SUPPORT OF PLAINTIFFS' RESPONSES IN OPPOSITION TO DEFENDANTS' MOTIONS TO DISMISS [ECF NO. 559]**

The *Silvergate* holding should not be followed because Plaintiffs' allegations against Moonstone are materially distinct in uncountable ways, but most notably:

- Silvergate "banked *both* FTX and Alameda" (559-1, *6).  Moonstone had **only FTX deposit accounts**.

- Far from the "detailed facts" showing Silvergate actually knew about FTX's fraud because of "suspicious" transfers, (559-1, *10-11, *28), Plaintiffs make no plausible allegation (only "information and belief" without factual support) Moonstone effected ***any transfers***.  Moonstone did not transfer or lose "Class Member funds"; DOJ seized FTX's *only deposit* ($50 million)  (ECF 262, 8 n.8.)

- Plaintiffs fail to actually (or sufficiently) allege Moonstone had the red flags, atypical banking activities, transfers to FTX/Alameda executives, or transfers from FTX customers to Alameda accounts that *Silvergate* found evidenced "actual knowledge" for aiding-and-abetting (559-1, *26-27).

- Similarly, no plausible allegations show Moonstone "substantially assisted" FTX/Alameda, unlike Silvergate's banking both FTX/Alameda, processing transfers,

1

- depositing FTX customer money to Alameda, and eliminating due diligence for crypto transfers (559-1, *30).

- Unlike the conclusory allegation that Moonstone knew of FTX's fiduciary duty and breach, Silvergate *itself* deposited money from FTX customers to Alameda accounts, made insider transfers, and catered to the crypto industry (559-1, *32). Plaintiffs lack such allegations or plausible factual support for Moonstone.

- Unjust enrichment in Florida requires direct conferral of benefits, plus particularity when fraud-based (ECF 262, 6-8; *cf.* 559-1, *34-35).

Dated: April 3, 2024

/s/ Marisa R. Dorough
Ty Kelly Cronin (*Pro hac vice*)
Frank C. Bonaventure, Jr. (*Pro hac vice*)
**BAKER, DONELSON, BEARMAN, CALDWELL & BERKOWITZ, P.C.**
100 Light Street, 19th Floor
Baltimore, Maryland 21202
Phone: (410) 862-1049
tykelly@bakerdonelson.com
fbonaventure@bakerdonelson.com

-and-

Marisa Rosen Dorough, Esq.
Florida Bar No. 73152
**BAKER, DONELSON, BEARMAN, CALDWELL & BERKOWITZ, P.C.**
200 South Orange Avenue, Suite 2900
Orlando, Florida 32801
Phone: (407) 422-6600
mdorough@bakerdonelson.com

*Counsel for Defendant Farmington State Bank d/b/a Moonstone Bank.*

## CERTIFICATE OF SERVICE

I hereby certify that on April 3, 2024, the foregoing was electronically filed with the Clerk of the Court through the CM/ECF system, which will send a notice of electronic filing to counsel for all parties of record.

/s/ Marisa R. Dorough
Marisa Rosen Dorough