IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA, MIAMI DIVISION
Case No. 1:23-md-03076-KMM

**IN RE:**

**FTX Cryptocurrency Exchange Collapse Litigation**

This Document Relates To:

*Chernyavsky, et al.* v. *Temasek Holdings (Private) Limited, et al.*
Case No. 1:23-cv-22960 (S.D. Fla.)

*Cabo, et al.* v. *Temasek Holdings (Private) Limited, et al.*
No. 1:23-cv-03974 (N.D. Cal.)

                                                                 /

**SINO GLOBAL CAPITAL LIMITED'S REPLY IN FURTHER SUPPORT OF ITS
MOTION TO DISMISS THE [CORRECTED] ADMINISTRATIVE CLASS ACTION
COMPLAINT FOR LACK OF PERSONAL JURISDICTION**

Defendant SG Capital Limited[1] respectfully submits this reply in further support of its motion to dismiss the Complaint pursuant to Fed. R. Civ. P. 12(b)(2) due to lack of personal jurisdiction (the "Motion"). Plaintiffs' Opposition (ECF No. 544, the "Opposition" or the "Opp.") underscores the utter dearth of contacts between SG Capital Limited and Florida and California.

<u>First</u>, SG Capital Limited is not subject to jurisdiction in Florida. The Opposition does not argue that there is general jurisdiction over SG Capital Limited in Florida. Instead, the Opposition claims that there is specific jurisdiction over SG Capital Limited under the Florida long-arm statute because "Mathew Graham participated in the conspiracy in Florida for the benefit of [SG Capital Limited] to the extent he raised money for the Liquid Value Fund from Sino Global Capital's office in Miami." (Opp. at 3).

Plaintiffs' argument fails. Mr. Graham has already declared to the Court that SG Capital Limited has no office in Miami. (*See* ECF No. 498-1 ¶ 14). The Complaint does not allege that SG Capital Limited has any office in Miami. The Opposition has not refuted that fact. The Opposition relies on a filing in which a <u>different entity</u>, SG Capital Management, listed a Miami mailing address, and Plaintiffs make the logical leap that this must mean that Mr. Graham raised money in Miami for the Liquid Value Fund and for the benefit of SG Capital Limited. Plaintiffs have not articulated any actual facts supporting that allegation; nor do Plaintiffs allege that Mr. Graham raised any money <u>from FTX</u> in or from Florida.

Plaintiffs next argue that there is jurisdiction over SG Capital Limited because SG Capital Management is an alter ego or agent of SG Capital Limited. As demonstrated in SG Capital Limited's reply in further support of its motion to dismiss for improper service (also filed today),

---

[1] Defined terms have the meaning set forth in Sino Global Limited's Motion to Dismiss the [Corrected] Administrative Class Action Complaint for Lack of Personal Jurisdiction and Incorporated Memorandum of Law (ECF No. 498, the "Moving Brief").

Plaintiffs have not met the high bar to allege that SG Capital Management is an alter ego or agent. Plaintiff also have not refuted the fact that SG Capital Limited played no operational role in the Liquid Value Fund.  (ECF No. 498-1 ¶ 22).

Plaintiffs likewise fail to establish jurisdiction over SG Capital Limited under a "conspiracy" theory, as explained in greater detail in the VC PJ Reply.  (VC PJ Reply at 6-7).

Even if jurisdiction exists under the Florida long arm statute, such exercise of jurisdiction must comport with due process.  Under *Walden v. Fiore*, 571 U.S. 277 (2014), Plaintiffs have not established any contacts between SG Capital Limited itself and Florida.  (Moving Brief at 2).

Second, SG Capital Limited also is not subject to jurisdiction in California.  The Opposition argues that there is general (not specific) jurisdiction over SG Capital Limited in California because "Plaintiffs allege [SG Capital Limited] invests in a number of California companies, such that they have a full time 'investment officer' in the Bay Area."  (Opp. at 3).  However, Plaintiffs ignore Supreme Court precedent that "only a limited set of affiliations with a forum will render a defendant amenable to all-purpose jurisdiction there."  *Daimler v. Bauman*, 571 U.S. 117, 137 (2014).  "With respect to a corporation, the place of incorporation and principal place of business are paradigm bases for general jurisdiction."  *Id.* at 137 (citations and quotation marks omitted). *See also Johnson v. UBS AG*, 860 F. App'x 531 (9th Cir. 2021) (no general jurisdiction over defendant with "a number of branch offices and employees in California and as such generates a significant amount of revenue there," because defendant was not at home in California).  It is undisputed that SG Capital Limited is not incorporated in California and does not have its principal place of business there.  The Opposition's citation to a pre-*Daimler* case is thus irrelevant.  (Opp. at 3, *citing Forouhar v. Statoil, ASA*, 2011 WL 13258079, at *3 (N.D. Cal. Mar. 7, 2011)).

## CONCLUSION

The claims against SG Capital Limited should be dismissed.

2

Dated:  April 3, 2024

        */s/ Jason P. Gottlieb*
Jason P. Gottlieb
Michael Mix
Vani Upadhyaya
MORRISON COHEN LLP
909 Third Avenue
New York, New York 10022
Telephone: (212) 735-8600
Email: jgottlieb@morrisoncohen.com
       mmix@morrisoncohen.com
       vupadhyaya@morrisoncohen.com

*Counsel for Defendant Sino Global Capital Limited*

3

## **CERTIFICATE OF SERVICE**

I hereby certify that on this 3rd day of April, 2024, I e-filed a true and correct copy of the foregoing document using the Court's CM/ECF system, which will send a notice of electronic filing to all counsel of record.

*/s/ Jason P. Gottlieb*
Jason P. Gottlieb