IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA, MIAMI DIVISION
Case No. 1:23-md-03076-KMM

**IN RE:**

**FTX Cryptocurrency Exchange Collapse Litigation**

This Document Relates To:

*Chernyavsky, et al.* v. *Temasek Holdings (Private) Limited, et al.*
Case No. 1:23-cv-22960 (S.D. Fla.)

*Cabo, et al.* v. *Temasek Holdings (Private) Limited, et al.*
No. 1:23-cv-03974 (N.D. Cal.)
_____ /

**SINO GLOBAL CAPITAL LIMITED'S REPLY IN FURTHER SUPPORT OF ITS
MOTION TO DISMISS THE [CORRECTED] ADMINISTRATIVE CLASS ACTION
COMPLAINT FOR FAILURE TO STATE A CLAIM**

Defendant SG Capital Limited[1] respectfully submits this reply in further support of its motion to dismiss the Complaint under Fed. R. Civ. P. 12(b)(6) (the "Motion").

### A. The Court Should Grant SG Capital Limited's Motion to Dismiss Immediately

Plaintiffs attempt to delay resolution of SG Capital Limited's Motions to Dismiss until Plaintiffs' motion for leave to amend (ECF No. 493) is decided. That attempt should be rejected.

Plaintiffs blame SG Capital Limited for "creat[ing] a procedurally convoluted situation" (Opp. at 1), but that "convoluted situation" is of their making. Plaintiffs initially failed to serve process on SG Capital Limited, which is why SG Capital Limited originally did not join the Multinational VC 12(b)(6) Mot. Then, after the Court expressly forbade amendment of Plaintiffs' Complaint, Plaintiffs moved to amend anyway. Then, Plaintiffs purported to serve SG Capital Limited in a bogus manner. (ECF No. 497). Plaintiffs now seek to delay these proceedings, even though they still have not properly served SG Capital Limited, do not have jurisdiction, and have failed to state a claim.

### B. Plaintiffs' Arguments Concerning SG Capital Limited Fail

First, Plaintiffs' Opposition fails to point to any specific allegations of due diligence SG Capital Limited purportedly performed on FTX. Plaintiffs merely speculate that "many investors invest in entities they know or suspect are fraudulent if they believe they can obtain a profit from their investment." (Opp. at 2). Such speculation is unsupported by any factual allegation.

Plaintiffs claim that two statements in the Complaint are sufficient to prop up their argument. First, Plaintiffs point to a slide deck allegedly prepared by SG Capital Limited demonstrating "that [SG Capital Limited] knew that SBF owned and controlled both FTX and

---

[1] Defined terms have the meaning set forth in Sino Global Capital Limited's Motion to Dismiss the [Corrected] Administrative Class Action Complaint for Failure to State a Claim and Incorporated Memorandum of Law (ECF No. 499, the "Moving Brief").

Alameda." (Opp. at 2). Even accepting that allegation as true, the mere fact that SG Capital Limited knew that SBF owned and controlled both FTX and Alameda does not mean that SG Capital Limited had any knowledge of commingling of funds, or any other fraudulent behavior. Second, Plaintiffs argue that "[t]he Complaint also alleges that by employing in-depth diligence standard in the industry, the Multinational VC Defendants knew SBF was misappropriating Class Member funds," but again completely fail to allege what due diligence SG Capital Limited, or any of the Multinational VC Defendants, actually performed, and what that diligence uncovered.

Second, Plaintiffs' allegations regarding SG Capital Limited's purported involvement with the Liquid Value Fund I similarly fail to state a claim. Plaintiffs' speculative claim that "Sino Global would have undertaken diligence of SBF, FTX, and Alameda" is telling. (Opp. at 3) (emphasis added). Allegations that SG Capital Limited partnered with FTX to create a separate co-investment fund, or that Matthew Graham and SBF worked together, are wholly insufficient to allege that Liquid Value Fund I was unlawful, or that any party utilized Liquid Value Fund I for an improper purpose. And, Plaintiffs' statement that "[SG Capital Limited] took funds from FTX despite knowing about the improper transfer of customer funds from FTX to Alameda" remains utterly unsupported by any factual allegation. (*See* ECF No. 536 at 8).

SG Capital Limited and other investors were victims, as confirmed by government investigation, a jury's finding, and FTX insiders' own statements. Plaintiffs' strategy of relying on conclusory and implausible allegations, unsupported by any pleaded facts, cannot stand.

## CONCLUSION

The claims against SG Capital Limited should be dismissed.

Dated:  April 3, 2024

/s/ *Jason P. Gottlieb*
Jason P. Gottlieb
Michael Mix
Vani Upadhyaya
MORRISON COHEN LLP
909 Third Avenue
New York, New York 10022
Telephone: (212) 735-8600
Email: jgottlieb@morrisoncohen.com
         mmix@morrisoncohen.com
         vupadhyaya@morrisoncohen.com

*Counsel for Defendant Sino Global Capital Limited*

3

## CERTIFICATE OF SERVICE

I hereby certify that on this 3rd day of April, 2024, I e-filed a true and correct copy of the foregoing document using the Court's CM/ECF system, which will send a notice of electronic filing to all counsel of record.

*/s/ Jason P. Gottlieb*
Jason P. Gottlieb
