UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION
MDL No. 3076
Case No. 1:23-md-03076-KMM

**IN RE: FTX Cryptocurrency Exchange Collapse Litigation**

THIS DOCUMENT RELATES TO:

Multinational VC Defendants

    *O'Keefe v. Sequoia Capital Operations, LLC, et al.*, S.D. Fla. Case No. 1:23-cv-20700

    *O'Keefe v. Temasek Holdings (Private) Ltd., et al.*, N.D. Cal. Case No. 3:23-cv-3655

    *Chernyavsky et al. v. Temasek Holdings (Private) Ltd., et al.*, S.D. Fla. Case No. 1:23-cv-22960

    *Cabo et al. v. Temasek Holdings (Private) Ltd. et al.*, N.D. Cal. Case No. 3:23-cv-03974

**PLAINTIFFS' REPLY TO SINO GLOBAL LIMITED'S OPPOSITION TO PLAINTIFFS' OMNIBUS MOTION TO LIFT DISCOVERY STAY AND FOR LEAVE TO CONDUCT JURISDICTIONAL DISCOVERY ON SINO GLOBAL CAPITAL LIMITED**

I. **INTRODUCTION**

Though the record related to this dispute is long, the facts remain simple:

Plaintiffs' complaint alleges Sino Global Capital Limited ("SGCL") and its wholly owned subsidiary Sino Global Capital Holdings ("SGCH") aided and abetted the FTX scheme. ECF No. 182 ¶¶ 257, 259, 261. Plaintiffs have shown, based on representations on the Sino Global website, social media, in corporate filings, and in filings in this case, that the Sino Global entities—SGCL, SGCH, and Sino Global Capital Management ("SGCM")—operate as a unit under the singular control and ownership of Matthew Graham, who not only broadcast his personal relationship with FTX but partnered with FTX and Alameda to start his own crypto investment fund (through which FTX customer funds were funneled to invest in the same coins at issue in this MDL). *Id.* at ¶¶ 34-37, 253, 307, 316-318, 325-238; ECF No. 299-1, Ex. A; ECF No. 348, Exs. G, H, F, I; ECF 545.

Given SGCL's foreign corporate status and intentionally obscured address, Plaintiffs filed for leave to serve SGCL with process through an alternate service plan. ECF No. 348. While awaiting that ruling, and after attempting to serve SGCL's general counsel who evaded service, Plaintiffs successfully served SGCL via SGCM as its agent (ECF No. 545-1, Ex. A, B; II.A below).

Against this backdrop, SGCH and SGCL have both challenged service and jurisdiction. SGCH has lost or conceded[1] on both issues, and now only the parent company is left. But the allegations are by and large against "Sino Global" because the companies appear to operate under one figurative roof, as Plaintiffs have repeatedly briefed. Thus, under long settled precedent, as was the case with SGCH, because this Court's jurisdiction and the merits of this case are

---

[1] After Plaintiffs prevailed on a motion for leave to conduct jurisdictional discovery as to SGCH and specifically as to whether conspiracy allegations against SGCL may be imputed to SGCH, then prevailed on a motion to compel that same discovery, SGCH chose to withdraw its motion to dismiss for lack of personal jurisdiction. *See* ECF Nos. 348 (motion for jurisdictional discovery) 422 (order granting jurisdictional discovery), 478 (motion to compel SGCH's compliance), and 482 (notice of SGCH's withdrawal of its Rule 12(b)(2) motion to dismiss).

1

intertwined, and because there is a genuine dispute as to jurisdiction, Plaintiffs have a right to timely pursue jurisdictional discovery against SGCL. *Am. Civil Liberties Union of Fla. v. City of Sarasota*, 859 F.3d 1337, 1341 (11th Cir. 2017); *Eaton v. Dorchester Dev., Inc.*, 692 F.2d 727, 730 (11th Cir. 1982); *Cohodes v. MiMedx Grp.*, Inc., 2022 WL 15523079, at *3 (N.D. Cal. Oct. 27, 2022)). As set forth below, SGCL's opposition does not change the foregoing.

I. ARGUMENT

### A. Plaintiffs served SGCL's agent, and the motion for leave to serve SGCL through alternate means remains pending as an additional stopgap.

SGCL argues that jurisdictional discovery is prohibited because it has not been served but this ignores the record. Plaintiffs served SGCM in Florida and in California as the agent or alter ego of SGCL in January 2024. *See* ECF No. 545-1; *Sinaltrainal, Est. of Gil v. Coca-Cola Co.*, No. 01-3208-CIV., 2003 WL 1846195, at *1, n.1 (S.D. Fla. Mar. 31, 2003) (service of process on a resident alter ego defendant is effective service on non-resident defendants).

Matthew Graham founded, incorporated, owns, operates, funds, provides the business for, and provided the employees for SGCM to serve the exclusive interests of SGCL's Liquid Value Fund in the United States. *See* ECF No. 545-1, Exs. E–G. Because SGCM serves the exclusive purpose of acting as an investment adviser and raising money in the United States for Matthew Graham and SGCL's Liquid Value Fund, it functions as its alter ego. *United Steelworkers of Am., AFL-CIO-CLC v. Connors Steel Co.*, 855 F.2d 1499, 1506 (11th Cir. 1988) (listing "alter ego" factors that apply to the instant case, including common stock ownership, common directors and officers, common financing, who pays the salaries, and whether the parent provides all the business to the other). In the alternative, as set forth in more detail in opposition to SGCL's motion for insufficient service, SGCM is an agent of SGCL. ECF No. 545 at 3.

The cases SGCL cites do not support its position. In *Forde v. Miami Fed. Dep't of Corr.*, the court lacked power to issue jurisdictional discovery because Plaintiff was unable to identify the defendants and therefore failed to ever file proofs of service. 578 F. App'x 877, 880 (11th Cir. 2014). In *BCP Mgmt., LLC v. Deutsche Bank Nat'l Tr. Co.*, the plaintiff in an action removed from state court had not complied with a specific Florida statute governing service of process on financial institutions that is neither applicable nor relevant here. *See* 535 F. Supp. 3d 1217, 1220-1221. (M.D. Fla. 2021).

It has become plain that the last thing SGCL wants to do is litigate this case on the merits. Should the Court deem Plaintiffs' service of SGCL has not been perfected, Plaintiffs' motion for leave to serve SGCL through an alternate service plan remains pending. ECF No. 348. Plaintiffs could still proceed with the request for jurisdictional discovery if that motion were to be granted.

### B. That SGCL contests Plaintiffs' allegations tying SGCL to the jurisdictions at issue only demonstrates that jurisdictional discovery is warranted.

SGCL's contention that the discovery sought is a fishing expedition is baseless. Plaintiffs do not seek a "new basis" for jurisdiction or for "potential additional causes of action" (Opp. at 7); both the operative complaint and proposed amended complaint set forth sufficient jurisdictional allegations against SGCL. But it is SGCL that has called this Court's jurisdiction into question. "When a court's jurisdiction is genuinely in dispute, the parties have a qualified right to conduct jurisdictional discovery." *Raymond James & Assoc., Inc. v. Lowe's Co., Inc.*, 2018 WL 11405464, at *1 (M.D. Fla. Sept. 7, 2018) (quoting *Eaton v. Dorchester Dev., Inc.*, 692 F.2d 727, 729 (11th Cir. 1982)). Indeed, as this Court as noted, "[w]hen facts that go to the merits and the court's jurisdiction are intertwined and genuinely in dispute," the Court "abuses its discretion if it completely denies a party jurisdictional discovery." *Am. Civ. Liberties Union of Fla., Inc. v. City of Sarasota*, 859 F.3d 1337, 1340-41 (11th Cir. 2017); ECF No. 422 at 3. The record demonstrates

3

that Plaintiffs have met their burden both in demonstrating the dispute that the proposed discovery would address and in requesting the discovery in a timely fashion. *Id.*; *Turner v. Costa Crociere S.P.A.*, No. 1:20-CV-21481-KMM, 2020 WL 9071486, at *6 (S.D. Fla. Aug. 23, 2020) (Moore, J.); *See* ECF No. 538 at 10-12; *see also* ECF No. 543 at 2-3. SGCL's conclusory assertion that Plaintiffs' allegations do not support a *prima facie* case of jurisdiction does not render the discovery futile; it only further highlights that there is a dispute.

SGCL's argument that Plaintiffs have not raised an issue or jurisdictional fact as to whether SGCL is the alter ego or agent of SGCH or SGCM also falls flat. As set forth above, Plaintiffs have placed allegations and evidence into the record that support service of SGCM as an agent of SGCL on[2] the basis that SGCM was created in Florida by SGCL's owner Matthew Graham specifically to raise money for the Liquid Value Fund, which Plaintiffs allege Graham created alongside FTX to churn the FTX tokens at issue and further the alleged conspiracy. Graham had complete ownership and control of SGCM in Florida and operated from there to benefit Sino Global Capital's partnership with FTX's in the Liquid Value Fund and SGCL's investment in FTX. SGCL's denials of these allegations only bolster that further discovery into the entity's conduct in Florida and California is warranted.

### C. The discovery sought is neither overbroad nor novel.

To be clear, this Court has already authorized Plaintiffs to take jurisdictional discovery from other Multinational VC Defendants (including SGCH (*see* fn.1) and Temasek Holdings), Bank Defendants, and Promoter/Sports and Entertainment Defendants. ECF No. 422. And, presiding Magistrate Judge Sanchez granted motions to compel discovery from some of those

---

[2] *See* Plaintiffs' opposition to SGCL's motion to dismiss for insufficient service, ECF No. 544 at 1-2.

4

parties after they failed to comply. ECF No. 478. The motion is not a new request and does not involve a new analysis.

To that end, Plaintiffs are not seeking "boundless" information. The discovery seeks admissions and interrogatories related to representations that Matthew Graham has made in filings with this court, on corporate filings with the State of Florida, and in Liquid Value Fund investment materials regarding where the Sino Global entities conduct business and the individuals tasked with doing so, as well as documents related to the investment relationships undertaken between Sino Global and FTX. These requests have been narrowed from the jurisdictional discovery Plaintiffs first sought from SGCH. As the Court enjoys "'broad discretion in setting the scope' of jurisdictional discovery," (*Amerifactors Fin. Grp., LLC v. Enbridge, Inc.*, 2013 WL 5954777, at *6 (M.D. Fla. Nov. 7, 2013)), the Court may, of course, narrow the scope of jurisdictional discovery requested, but this is no basis for denying the motion in its entirety.

### III. CONCLUSION

Plaintiffs respectfully request that the Court lift the stay of discovery for the purpose of conducting jurisdictional discovery against SGCL in the manner described in Exhibit A to the motion at issue, and for leave to file any amendments to the oppositions to SGCL's pending motions to dismiss.

Dated: April 9, 2024                                         Respectfully submitted,

By:  /s/ Adam M. Moskowitz                    By:  /s/ David Boies
Adam M. Moskowitz                                  David Boies
Florida Bar No. 984280                               Alexander Boies
Joseph M. Kaye                                          Brooke A. Alexander
Florida Bar No. 117520                               **BOIES SCHILLER FLEXNER LLP**
**THE MOSKOWITZ LAW FIRM, PLLC**    333 Main Street
Continental Plaza                                         Armonk, NY 10504
3250 Mary Street, Suite 202                        914-749-8200
Coconut Grove, FL 33133                           dboies@bsfllp.com

5

Office: (305) 740-1423
adam@moskowitz-law.com
joseph@moskowitz-law.com
service@moskowitz-law.com

*Co-Lead Counsel*

James R. Swanson, La. Bar No. 18455
Kerry J. Miller, La. Bar. No. 24562
Molly L. Wells, La. Bar. No. 36721
C. Hogan Paschal, La. Bar No. 38495
**FISHMAN HAYGOOD L.L.P.**
201 St. Charles Avenue, 46th Floor
New Orleans, Louisiana 70170-4600
(504) 586-5252; (504) 586-5250 fax
jswanson@fishmanhaygood.com
kmiller@fishmanhaygood.com
mwells@fishmanhaygood.com
hpaschal@fishmanhaygood.com

Robert Lieff
P.O. Drawer A
Rutherford, CA 94573
rlieff@lieff.com

*Counsel to Plaintiffs and the Putative Classes*

aboies@bsfllp.com
balexander@bsfllp.com

*Co-Lead Counsel*

Joseph R. Saveri (State Bar No. 130064)
Christopher Young (State Bar No. 318371)
Itak K. Moradi (State Bar No. 310537)
**JOSEPH SAVERI LAW FIRM, LLP**
601 California Street, Suite 1505
San Francisco, CA 94108
Telephone: (415) 500-6800
jsaveri@saverilawfirm.com
cyoung@saverilawfirm.com
imoradi@saverilawfirm.com

*Counsel to Plaintiffs and the Putative Classes*

## **CERTIFICATE OF SERVICE**

I hereby certify that a true and correct copy of the forgoing was filed on April 9, 2024, via the Court's CM/ECF system, which will send notification of such filing to all attorneys of record.

By: /s/ *Adam M. Moskowitz*
Adam M. Moskowitz