# Exhibit A

*Privileged & Confidential*
*For Settlement Purposes Only – Subject to F.R.E. 408*

## STIPULATION OF SETTLEMENT

This Stipulation of Settlement (the "Stipulation"), dated March 28, 2024 is entered into by and between (i) Plaintiffs Leandro Cabo, Alexander Chernyavsky, Chukwudozie Ezeokoli, Edwin Garrison, Ryan Henderson, Shengyun Huang, Sunil Kavuri, Michael Livieratos, Michael Norris, Brandon Orr, Julie Papadakis, Gregg Podalsky, Kyle Rupprecht, Vijeth Shetty, Vitor Vozza, and Warren Winter, individually and on behalf each Class Member, and (ii) Defendant Samuel Bankman-Fried, ("Defendant") by and through their counsel of record in the FTX MDL. The Stipulation is intended to fully, finally, and forever resolve, discharge, and settle on a nationwide basis the Released Claims, subject to the approval of the District Court and the terms and conditions set forth in this Stipulation.

## I.    THE LITIGATION AND SETTLEMENT OVERVIEW

1.1    In November 2022, the FTX cryptocurrency exchange platform (comprised of FTX.US and FTX.com) collapsed and, on November 11, 2022, the FTX Group filed for Chapter 11 bankruptcy protection. Numerous class and individual actions arose from the FTX Group's collapse.

### *The FTX MDL*

1.2    On November 15, 2022, Edwin Garrison filed a class action complaint and demand for jury trial captioned *Edwin Garrison v. Sam Bankman-Fried, et al.*, Case 1:22-cv-23753, in the United States District Court for the Southern District of Florida ("*Garrison*"), asserting, on behalf of himself and a class of similarly-situated individuals, claims against Defendant and other FTX Insiders arising from the collapse of the FTX cryptocurrency trading platform. On December 16, 2022, Mr. Garrison, joined by Skyler Lindeen, Alexander Chernyavsky, David Nicol, Sunil Kavuri, Gregg Podalsky, and Gary Gallant, filed an amended complaint in the *Garrison* case. On May 11,

1

*Privileged & Confidential*
*For Settlement Purposes Only – Subject to F.R.E. 408*

2023, the *Garrison* Plaintiffs moved to file a second amended complaint, which motion was granted on May 12, 2023, and the *Garrison* Plaintiffs' second amended complaint entered into the record on May 15, 2023.

  1.3 On June 5, 2023, the JPML consolidated for coordinated pretrial proceedings dozens of individual and class actions arising from the collapse of the FTX cryptocurrency trading platform, including actions against FTX Group and FTX Insiders (the "FTX Insider Track"), actions against celebrities and influencers who promoted the FTX cryptocurrency exchange (the "Promoter and Digital Creator Track"), actions against domestic and multinational venture capital firms that invested in FTX Group (the "Domestic VC Track" and the "Multinational VC Track"), actions against accounting firms that audited FTX Group financials (the "Accounting Firm Track"), actions against a law firm that provided legal services to FTX Group (the "Law Firm Track"), and actions against domestic and offshore banks that opened and serviced FTX Group accounts (the "Bank Defendant Track"), into a multidistrict litigation and transferred the FTX MDL to the United States District Court for the Southern District of Florida, because "[a] significant portion of FTX's conduct allegedly emanated from this district, where it had its U.S. headquarters before filing for bankruptcy."

  1.4 On August 7, 8, and 11, 2023, with leave of the FTX MDL Court, Class Representatives filed interlocking omnibus Consolidated Administrative Class Action Complaints for each of the interrelated FTX Insider, Promoter and Digital Creator, Domestic VC, Multinational VC, Accounting Firm, Law Firm, and Bank Defendant Tracks, on behalf of "all persons or entities ... who, within the applicable limitations period, purchased or held legal title and/or beneficial interest in any fiat or cryptocurrency deposited or invested through an FTX Platform, purchased or enrolled in a YBA or purchased FTT." The Consolidated Administrative

*Privileged & Confidential*
*For Settlement Purposes Only – Subject to F.R.E. 408*

Class Actions Complaints share core allegations relating to the FTX cryptocurrency exchange, YBAs, FTT, and underlying FTX fraud, as the Complaints assert that defendants from every Track aided, abetted, and/or otherwise participated in a central conspiracy to promote unregistered securities and to misappropriate customer funds on the FTX cryptocurrency exchange.

1.5    Plaintiffs named Defendant in the Consolidated Administrative Class Action Complaint for the FTX Insider Track, asserting claims for violations of Racketeer Influenced and Corrupt Organizations Act ("RICO"), state securities and consumer protection laws, civil conspiracy, fraud, aiding and abetting fraud, conversion, aiding and abetting conversion, negligent misrepresentation, breach of fiduciary duty, aiding and abetting breach of fiduciary duty, unjust enrichment, and declaratory judgment, on behalf of themselves and a class of all FTX customers "who, within the applicable limitations period, purchased or held legal title to and/or beneficial interest in any fiat or cryptocurrency deposited or invested through an FTX Platform, purchased or enrolled in a YBA, or purchased FTT." Defendant moved to dismiss the Complaint, and that Motion has not been decided as of the date of this Stipulation.

### *The FTX Criminal Proceedings*

1.6    On December 13, 2022, an eight-count indictment against Samuel Bankman-Fried was unsealed, including charges of securities fraud, wire fraud, and several conspiracy counts involving money laundering and a campaign finance violation, for misappropriating FTX customer deposits by way of loans and other transfers to Alameda, among other fraudulent conduct. Defendant pleaded not guilty to all charges.

1.7    U.S. District Judge Lewis A. Kaplan of the Southern District of New York has been presiding over the criminal proceedings against Samuel Bankman-Fried and other FTX Insiders. On February 23, 2023 and March 28, 2023, the Southern District of New York unsealed

*Privileged & Confidential*
*For Settlement Purposes Only – Subject to F.R.E. 408*

superseding indictments against Samuel Bankman-Fried, which ultimately charged Bankman-Fried with a total of thirteen criminal counts.

      1.8     In connection with the criminal prosecution of Samuel Bankman-Fried, the Department of Justice and/or U.S. Attorney has seized assets totaling hundreds of millions of dollars or more, including shares in Robinhood Markets Inc. valued at approximately $500 million, after demonstrating probable cause to believe that the shares were the proceeds of wire fraud and are property involved in money laundering by Bankman-Fried and FTX Group, and as alleged in the forfeiture allegations and/or substitute asset provision, included 55,273,469 shares of the stock of Robinhood Markets Inc. from Account Number 499-30500 at ED&F Man Capital Markets, Inc., a/k/a "Marex," held in the name of "Emergent Fidelity Technologies," seized by the Department of Justice on or about January 4, 2023.

      1.9     On June 15, 2022, the Southern District of New York bifurcated the criminal charges against Bankman-Fried, with the securities fraud, wire fraud, and money laundering-related charges to be tried in October 2023 (the "October 2023 Trial").

      1.10    On November 2, 2023, after 15 days of testimony and about four and a half hours of deliberations, jurors returned a verdict that found Mr. Bankman-Fried guilty on seven counts.

      1.11    On December 29, 2023, the U.S. Attorney informed the Southern District of New York that it did not plan to proceed with the March 2024 Trial.

      1.12    On March 28, 2024, Judge Kaplan sentenced Mr. Bankman-Fried to 25 years in federal prison, and ordered a forfeiture of $11.02 billion, ruling that the forfeited assets can be used to help fund the repayment of victims of the FTX collapse.

      1.13    Based on the evaluation of the facts and the law, the Parties hereto have agreed (subject to court approval) to a settlement covering all class members, and all other persons or

*Privileged & Confidential*
*For Settlement Purposes Only – Subject to F.R.E. 408*

entities who purchased or held legal title to and/or beneficial interest in any fiat or cryptocurrency deposited or invested through an FTX Platform, purchased or enrolled in a YBA, or purchased FTT, excluding the FTX Group and the FTX MDL Defendants.

      1.14    Defendant is pursuing an appeal from the criminal verdict and/or his sentence on various bases, which may result in his conviction being vacated.

      1.15    This Stipulation is made in compromise of disputed claims.

      1.16    The Parties hereto reserve all, and do not waive any, rights, claims, and defenses unless and until the settlement becomes Effective pursuant to ¶ 12.1.

## II.   CLASS REPRESENTATIVES' CLAIMS AND THE BENEFITS OF SETTLEMENT

      Class Representatives and Class Counsel believe that the claims asserted against Defendant and other FTX Insiders in the FTX MDL have merit and that the evidence developed to date supports the claims asserted therein. However, Class Representatives and Class Counsel recognize and acknowledge the expense and length of continued proceedings necessary to prosecute the claims against Defendant and other FTX Insiders through trial and through appeals. Class Representatives and Class Counsel also have accounted for the uncertain outcome and the risk of any litigation against Defendant and other FTX Insiders, especially in complex actions such as this litigation, as well as the difficulties and delays inherent in this litigation, including the enforcement of any money judgment against Defendant. Class Representatives and Class Counsel believe that the Settlement set forth in this Stipulation confers substantial benefits upon the Class. As demonstrated by the information disclosed at Samuel Bankman-Fried's October 2024 trial, Defendant has knowledge and other information that Class Representatives and Class Counsel believe will be valuable to Class Representatives' cases against other defendants in the FTX MDL, particularly relating to the underlying actions and their connection to Miami, Florida, where FTX's

*Privileged & Confidential*
*For Settlement Purposes Only – Subject to F.R.E. 408*

U.S. headquarters were based, as well as each MDL Defendants' knowledge of and assistance with the actions and connections to other states in which jurisdiction over those Defendants is asserted. Based on their own investigation and evaluation, Class Representatives and Class Counsel have determined that the Settlement set forth in this Stipulation, along with the FTX Insider Settlements, is in the best interests of Class Representatives and the Class.

**III.   DEFENDANT'S POSITION**

Defendant denies all claims of criminal and civil liability and plans to appeal his criminal conviction and/or his criminal sentence. *     *     *

**NOW, THEREFORE, IT IS HEREBY STIPULATED AND AGREED** by and between Class Representatives (on behalf of themselves and the Class Members) and Defendant, by and through their respective counsel that, subject to the approval of the District Court pursuant to Rule 23(e) of the Federal Rules of Civil Procedure, in consideration of the benefits flowing to the Parties from the Settlement, the Litigation and the Released Claims shall be finally, fully and forever, compromised, settled, released, resolved, relinquished, waived, discharged, and dismissed with prejudice upon and subject to the terms and conditions of this Stipulation, as follows:

**IV.   DEFINITIONS**

As used in this Stipulation, the following terms shall have the meanings set forth below:

4.1   "Bankruptcy Court" means the Honorable John T. Dorsey of the United States Bankruptcy Court for the District of Delaware and any successor court presiding over the Bankruptcy Proceeding.

4.2   "Bankruptcy Proceeding" means the Chapter 11 bankruptcy proceeding before the Honorable John T. Dorsey in the United States Bankruptcy Court for the District of Delaware, styled *In re FTX Trading Ltd.*, et al., Case No. 22-11068.

*Privileged & Confidential*
*For Settlement Purposes Only – Subject to F.R.E. 408*

4.3    "Class" means, collectively, the classes defined in the Complaint, as follows:

All persons or entities who, within the applicable limitations period, purchased or held legal title to and/or beneficial interest in any fiat or cryptocurrency deposited or invested through an FTX Platform, purchased or enrolled in a YBA, or purchased FTT.

To the extent not otherwise included in the Class, Class Members include customers of the FTX Group who deposited cash and/or digital assets at either or both of the FTX Group's U.S.-based and non-U.S.-based trading platforms and have been unable to withdraw, use or access the billions of dollars in assets that were contractually required to be held safely in accounts on their behalf.

Excluded from the Classes are MDL Defendants and their officers, directors, affiliates, legal representatives, and employees, the FTX Group and their officers, directors, affiliates, legal representatives, and employees, any governmental entities, any judge, justice, or judicial officer presiding over this matter and the members of their immediate families and judicial staff.

4.4    "Class Counsel" means, collectively, all counsel of record for the Plaintiffs in the FTX MDL.

4.5    "Class Member" means a Person who falls within the definition of the Class as set forth in ¶ 4.3.

4.6    "Class Notice" means a notice to be approved by the District Court.[1]

4.7    "Class Representatives" means Leandro Cabo, Alexander Chernyavsky, Chukwudozie Ezeokoli, Edwin Garrison, Ryan Henderson, Shengyun Huang, Sunil Kavuri,

---

[1] The Parties will agree to and finalize the Class Notice once all FTX Insider Settlements are finalized, which Notice will comply with the requirements of Federal Rule of Civil Procedure 23 and set forth the information outlined in Section 7.2. The Parties will amend this Stipulation to attach as an exhibit a copy of the Class Notice at that time, so to facilitate the execution of this Stipulation without delay.

*Privileged & Confidential*
*For Settlement Purposes Only – Subject to F.R.E. 408*

Michael Livieratos, Michael Norris, Brandon Orr, Julie Papadakis, Gregg Podalsky, Kyle Rupprecht, Vijeth Shetty, Vitor Vozza, and Warren Winter.

4.8 "Co-Lead Class Counsel" means Adam Moskowitz of The Moskowitz Law Firm, PLLC and David Boies of Boies Schiller Flexner LLP.

4.9 "Complaint" means the [Corrected] Consolidated Administrative Class Action Complaint filed against Defendant and other FTX Insiders in the FTX MDL on August 11, 2023, and docketed as ECF No. 178.

4.10 "Criminal Proceedings" means the criminal proceedings against Samuel Bankman-Fried and other FTX Insiders before the Honorable Lewis A. Kaplan for the Southern District of New York, styled *United States v. Samuel Bankman-Fried.*, et al., Case No. 22-cr-00673.

4.11 "Debtors" means FTX Trading Ltd. and its affiliated debtors and debtors in possession in the Bankruptcy Proceeding.

4.12 "Defendant" means Samuel Bankman-Fried.

4.13 "Defendant's Counsel" means Defendant's counsel of record.

4.14 "Department of Justice" means the United States Department of Justice.

4.15 "Distribution Plan" means the plan hereafter approved by the District Court for the distribution of the Settlement Amount (net of any Attorneys' Fees or costs that are awarded by the District Court) to Class Members. Distributions to Class Members will be pro-rata based on the value of each Class Member's claim as determined according to an objective formula.

4.16 "District Court" means the Honorable K. Michael Moore of the United States District Court for the Southern District of Florida and any successor court presiding over the FTX MDL.

*Privileged & Confidential*
*For Settlement Purposes Only – Subject to F.R.E. 408*

4.17    "Effective Date," or the date upon which this Settlement becomes "Effective," means the first date by which all of the events and conditions specified in ¶ 12.1 of the Stipulation have been met and have occurred, or have been waived.

4.18    "Final" means five (5) business days after the latest of: (i) the date of final affirmance on appeal of the Order of Final Approval; (ii) the date of final dismissal with prejudice of the latest pending appeal from the Order of Final Approval; (iii) if no appeal is filed, the expiration of the time for the filing or noticing of any form of valid appeal from the Order of Final Approval.

4.19    "Final Approval Hearing" means a hearing set by the District Court to take place thirty (30) days after the Objection Deadline and, if necessary, any opt-out deadline required under Federal Rule of Civil Procedure 23(b)(3), for the purpose of:

   (i)      Determining the fairness, adequacy, and reasonableness of the Stipulation and the Settlement;

   (ii)     Class Counsel's request, if any, for attorneys' fees and expenses; and

   (iii)    Entering the Order of Final Approval.

4.20    "FTT" means FTT, the cryptocurrency token minted and distributed by FTX Group.

4.21    "FTX Group" means, collectively, FTX Trading LTD and its subsidiaries d/b/a FTX ("FTX Trading"), West Realm Shires Inc. and its subsidiaries including, without limitation West Realm Shires Services Inc. d/b/a FTX US ("WRS" and, together with FTX Trading, "FTX"), Alameda Research, LLC ("Alameda"), and their parents, subsidiaries, affiliates, officers, directors, and/or employees.

4.22    "FTX Insiders" means Samuel Bankman-Fried, Gary Wang, Nishad Singh, and Caroline Ellison.

*Privileged & Confidential*
*For Settlement Purposes Only – Subject to F.R.E. 408*

4.23    "FTX Insider Settlements" means this Stipulation and similar stipulations of settlement with Caroline Ellison, Gary Wang, and Nishad Singh.

4.24    "FTX MDL" means the multidistrict litigation pending before The Honorable K. Michael Moore in the United States District Court for the Southern District of Florida, Case 1:23-md-03076 . 21-08023, styled *In re: FTX Cryptocurrency Exchange Collapse Litigation.*

4.25    "FTX MDL Defendants" means the defendants party to the FTX MDL including, without limitation, FTX Group, FTX Insiders, Sino Global Capital Holdings, LLC, Softbank Group, Temasek Holdings (Private) Limited, Altimeter Capital Management LLC, K5 Global Advisor LLC, Multicoin Capital Management LLC, Paradigm Operations LP, Ribbit Capital LP, Sequoia Capital Operations LLC, SkyBridge Capital II, LLC, Thoma Bravo LP, Tiger Global Management, LLC, Armanino LLP, Prager Metis CPAs, LLC, Fenwick & West LLP, Farmington State Bank d/b/a Moonstone, Deltec Bank & Trust Company, Jean Chalopin, William Trevor Lawrence, David Ortiz, Udonis Haslem Golden State Warriors LLC, Shaquille O'Neal, Lawrence Gene David, Gisele Bundchen, Thomas Brady, Stephen Curry, Kevin O'Leary, Shohei Ohtani, Naomi Osaka, Solomid Corporation, Creators Agency, LLC, Andrei Jikh, Brian Jung, Erika Kullberg, Jeremy Lefebvre, Jaspreet Singh, Graham Stephan, Major League Baseball, Formula 1 Racing, Mercedes-Benz Group AG's Racing Team, Riot Games Inc., Lincoln Holdings LLC, and Furia Esports LLC.

4.26    "JPML" means the United States Judicial Panel on Multidistrict Litigation.

4.27    "Objection Deadline" means the date identified in the Preliminary Approval Order by which a Class Member must serve written objections to the Settlement, if any, in accordance with Section IX of this Stipulation. The Objection Deadline shall be thirty (30) days before the date of the Final Approval Hearing."*Onusz* Adversary Proceeding" means the adversary

*Privileged & Confidential*
*For Settlement Purposes Only – Subject to F.R.E. 408*

proceeding filed by Austin Onusz, Cedric Kees van Putten, Nicholas J. Marshall, and Hamad Dar

in the Bankruptcy Proceeding, captioned *Onusz, et al. v. West Realm Shires Inc., et al.*, Case 22-

ap-50513, asserting claims on behalf of a putative class of customers who deposited cash and

digital assets at either or both the FTX Group's U.S.-based and non-U.S.-based trading platforms

have been unable to withdraw, use or access the billions of dollars in assets that were contractually

required to be held safely in accounts on their behalf. Defendant's motion to sever the claims

against him so they may be transferred to the FTX MDL is currently pending before the

Bankruptcy Court. And Class Representatives' motion to transfer the *Onusz* Adversary Proceeding

to the FTX MDL is currently pending before the JPML

  4.28 "Order of Final Approval" means a final judgment and order to be entered and filed

by the District Court finally approving the Settlement.

  4.29 "Parties" means, collectively, Defendant and Class Representatives, on behalf of

themselves and the Settlement Class.

  4.30 "Person(s)" means an individual, corporation (including all divisions and

subsidiaries thereof), limited liability corporation, professional corporation, partnership, limited

partnership, limited liability partnership, limited liability company, joint venture, association, joint

stock company, estate, legal representative, trust, unincorporated association, government or any

political subdivision or agency thereof, and any business or legal entity and all of their respective

spouses, heirs, beneficiaries, executors, administrators, predecessors, successors, representatives,

or assignees when acting in their capacity as such.

  4.31 "Preliminary Approval Order" means an order to be entered and filed by the District

Court titled "Order Preliminarily Approving Settlement and Providing for Notice" preliminarily

approving the Settlement and providing for notice to the Class thereof.

*Privileged & Confidential*
*For Settlement Purposes Only – Subject to F.R.E. 408*

4.32    "Released Claims" means any and all claims, defenses, demands, actions, causes

of action, rights, offsets, suits, damages, lawsuits, costs, relief for contempt, losses, attorneys' fees,

expenses, or liabilities of any kind whatsoever, in law or in equity, for any relief whatsoever,

including monetary, sanctions or damage for contempt, injunctive, or declaratory relief, rescission,

general, compensatory, special, liquidated, indirect, incidental, consequential, exemplary or

punitive damages, as well as any and all claims for treble damages, penalties, interest, attorneys'

fees, costs, or expenses, whether a known or Unknown Claim, suspected or unsuspected,

contingent or vested, accrued or not accrued, liquidated or unliquidated, matured or unmatured,

and including any claims arising under the common law or statute of any state or country, the

United States Bankruptcy Code, state or federal securities laws or state or federal unfair trade

practice laws, that in any way concern, arise out of, or relate to the FTX cryptocurrency exchange

platform or assets deposited, traded, acquired, stored or transmitted thereon, whether such assets

were in the form of fiat currency, cryptocurrency, derivatives therefor or interests therein,

including but not limited to all claims asserted by all plaintiffs in all actions consolidated into the

MDL as well as all claims asserted in the [Corrected] Consolidated Administrative Class Action

Complaint filed against Defendant and other FTX Insiders in the FTX MDL on August 11, 2023,

and docketed as ECF No. 178 and the *Onusz* Adversary Proceeding, YBAs and/or FTT. Released

Claims also include any allegation that any Defendant conspired with, aided and abetted, or

otherwise acted in concert with any other Defendant or other third parties, with regard to any of

the facts, acts, events, transactions, occurrences, courses of conduct or business practices within

the scope of these Released Claims.

4.33    "Releasors" means the Class Representatives, Class Members, Plaintiffs in the

*Onusz* Adversary Proceeding, and each of their respective heirs, executors, administrators, assigns,

*Privileged & Confidential*
*For Settlement Purposes Only – Subject to F.R.E. 408*

predecessors, and successors, and any other person claiming by, through, or under any or all of them.

4.34    "Settlement" or "Settlement Agreement" means the resolution of the litigation against Defendant in the FTX MDL in accordance with the terms and provisions of this Stipulation.

4.35    "Settlement Amount" means the monetary compensation, if any, obtained by Class Representatives and Class Counsel from Defendant pursuant to 18 U.S.C. § 3663 et seq., 18 U.S.C. § 981, 18 U.S.C. § 3554 and 28 U.S.C. § 2461(c) or otherwise.

4.36    "Settlement Class" or "Settlement Class Members" means the collective group of all Class Members who do not properly and timely exclude themselves from the Settlement.

4.37    "Settlement Fund" means the Settlement Amount plus any and all interest and accretions thereto.

4.38    "Southern District of New York" means the Honorable Lewis A. Kaplan and any successor court presiding over the Criminal Proceedings.

4.39    "Superseding Indictments" means the superseding indictments that the Southern District of New York unsealed on February 23, 2023 and March 28, 2023, which ultimately charged Bankman-Fried with a total of thirteen criminal counts.

4.40    "Termination Event" means any of the following events or circumstances: (a) the failure of the District Court to preliminarily approve the Settlement or to enter the Preliminary Approval Order without material changes; (b) any Releasor's election to opt out of the Settlement pursuant to Section 7.3; (c) the failure of the District Court to finally approve the Settlement or to enter the Order of Final Approval without material changes; or (d) reversal of or any material change to the Order of Final Approval by any appellate court having jurisdiction.

*Privileged & Confidential*
*For Settlement Purposes Only – Subject to F.R.E. 408*

4.41    "Unknown Claims" means any Released Claims which any Releasor does not know or suspect to exist in his or her favor at the time of the entry of the Order of Final Approval, and which, if known by him or her, might have affected his or her settlement with and release of Defendant, or might have affected his or her decision to opt out of the Settlement Class or to object to this Settlement. With respect to any and all Released Claims, the Parties stipulate and agree that, upon the Effective Date, the Class Representatives shall expressly, and each of the Settlement Class Members shall be deemed to have, and by operation of the Order of Final Approval shall have to the fullest extent allowed by law, waived the provisions, rights, and benefits of any statute or principle of common law similar to California Civil Code § 1542, which provides:

> **A general release does not extend to claims which the creditor does not know or suspect to exist in his or her favor at the time of executing the release, which if known by him or her must have materially affected his or her settlement with the debtor.**

Each Releasor may hereafter discover facts in addition to or different from those which he or she now knows or believes to be true with respect to the subject matter of the Released Claims, but the Releasors, upon the Effective Date, shall be deemed to have, and by operation of the Order of Final Approval shall have, fully, finally, and forever settled and released to the fullest extent allowed by law any and all Released Claims, known or unknown, suspected or unsuspected, contingent or non-contingent, whether or not concealed or hidden, which then exist, or heretofore have existed upon any theory of law or equity now existing or coming into existence in the future, including, but not limited to, conduct which is negligent, intentional, with or without malice, or a breach of any duty, contract, law, or rule without regard to the subsequent discovery or existence of such different or additional facts. The Class Representatives acknowledge, and the Settlement Class Members shall be deemed by operation of the Order of Final Approval to have acknowledged, that

*Privileged & Confidential*
*For Settlement Purposes Only – Subject to F.R.E. 408*

the foregoing waiver was separately bargained for and constitutes a material term of the Settlement.

4.42    "U.S. Attorney" means the United States Attorney's Office for the Southern District of New York.

4.43    "YBA" means a Yield-Bearing Account offered by FTX Trading and/or FTX US on the FTX cryptocurrency trading platform.

## V.    THE SETTLEMENT

### a.  Certification

5.1    For Settlement purposes only and solely pursuant to the terms of this Stipulation, the Parties consent to and agree to the establishment of a conditional certification of the Class, pursuant to Federal Rule of Civil Procedure 23(b)(1) or, in the alternative, 23(b)(3). Class Representatives will serve as class representative plaintiffs and Adam Moskowitz of The Moskowitz Law Firm, PLLC and David Boies of Boies Schiller Flexner LLP will serve as Co-Lead Class Counsel.

5.2    This certification is for settlement purposes only and is conditional on the District Court's approval of this Stipulation. In the event the Court does not approve all terms of the Stipulation, then certification of the Class should be void and this Stipulation and all orders entered in connection therewith, including but not limited to any order conditionally certifying the Class, shall become null and void and shall be of no further force and effect and shall not be used or referred to for any purposes whatsoever in the Action or in any other case or controversy. And, in such an event, this Agreement and all negotiations and proceedings related thereto shall be deemed to be without prejudice to the rights of any and all Parties hereto, who shall be restored to their respective positions as of the date of this Agreement, and Defendant shall not be deemed to have

*Privileged & Confidential*
*For Settlement Purposes Only – Subject to F.R.E. 408*

waived any opposition or defenses it has to any aspect of the claims asserted herein or to whether those claims are amenable to class-based treatment.

     5.3    Because the Class is broader than, and fully encompasses, the class definition in the *Onusz* Adversary Proceeding, and so to further facilitate a global resolution of all claims against Defendant, Defendant shall make reasonable efforts to support, by way of declaration, affidavit, and/or other court filing(s) with the JPML, the Southern District of Florida, and/or any other relevant court, the transfer to the FTX MDL pursuant to 28 U.S.C. § 1407 of the class action claims filed against him in the *Onusz* Adversary Proceeding. Class Representatives shall likewise use make all reasonable efforts to support by way of declaration, affidavit, and/or other court filing(s) Defendant's pending motion to sever claims against him in the *Onusz* Adversary Proceeding.

### b. The Settlement Consideration

     5.4    The obligations incurred pursuant to the Stipulation are: (a) subject to approval by the District Court; and (b) in full and final disposition of the Litigation and any and all Released Claims upon and subject to the terms and conditions set forth herein.

     5.5    In full and final settlement of the claims asserted against Defendant in the FTX MDL and in consideration of the Releases set forth in Section VI, Defendant will provide the following benefits to the Settlement Class:

     5.6    Defendant shall reasonably cooperate with Class Counsel in providing information to assist Class Representatives and Class Members in prosecuting the FTX MDL and to aid in victim recovery to the extent that he is able to do so under the circumstances. The information shall take the form of Defendant's testimony, documents in his possession, custody, and control. To the extent Defendant had possession, custody, or control of relevant information, but either voluntarily, pursuant to a subpoena or otherwise produced that information to the U.S. Attorney,

Department of Justice, and/or Debtors, such that he no longer has possession, custody, or control of the information, Defendant will use his best efforts to identify such information and will not object to Plaintiffs' request for production of the information by the U.S. Attorney, Department of Justice, and/or Debtors.

5.7     While Class Counsel is aware that Defendant is currently incarcerated and has substantial restrictions on what he is permitted to do, and when, under the circumstances Defendant shall make his reasonable efforts to cooperate as follows (to the extent not already completed through voluntary cooperation or informal discovery):

5.7.1   To the extent he has not already done so, Defendant shall voluntarily produce, without service of a subpoena, all non-privileged documents he produced to (i) the U.S. Attorney pursuant to any subpoena duces tecum issued in connection with the U.S. Attorney criminal investigation to the extent those documents remain in Defendant's possession, custody, and control. To the extent Defendant had possession, custody, or control of relevant information, but produced that information to the U.S. Attorney or Debtors either voluntarily or otherwise, such that he no longer has possession, custody, or control of the information, Defendant will endeavor to identify such information and will not object to Plaintiffs' request for production of the information by the U.S. Attorney or Debtors. To the extent Defendant identifies documents irrelevant to the case and that are of a sensitive personal nature, Defendant shall be entitled to withhold such documents from re-production.

5.7.2   To the extent he has not already done so, Defendant shall voluntarily produce, without service of a subpoena, either a) a financial statement demonstrating all assets that he currently holds, accompanied by a sworn affidavit or declaration listing all

*Privileged & Confidential*
*For Settlement Purposes Only – Subject to F.R.E. 408*

of the Defendant's financial assets. Defendant shall voluntarily produce, without service of a subpoena, all documents in his possession relating to such assets, including, but not limited to, prospectuses, subscription agreements, capitalization tables, financial statements, annual reports, valuations, and independent appraisals, or b) a sworn affidavit certifying that his net worth is negative. The Class Representatives and Class Members agree to file any information obtained pursuant to this subsection under seal and with an accompanying motion to seal in support of sealing. The Class Representatives and Class Members further agree that information produced pursuant to this subsection meets the requirements for sealing under the applicable law and local rules.

5.7.3   To the extent he has not already done so, Defendant shall voluntarily produce, without service of a subpoena, all non-privileged documents in his possession relating to any investment by him in Anthropic PBC. Such documents shall include, but not be limited to prospectuses, subscription agreements, capitalization tables, financial statements, annual reports, valuations, and independent appraisals.

5.7.4   To the extent he has not already done so, Defendant shall voluntarily disclose, without service of a subpoena and to the extent such information is reasonably accessible to him, the assets held in any donor advised funds in which Defendant has invested and/or over which Defendant has control, and Defendant shall voluntarily produce, without service of a subpoena, all documents in his possession relating to such funds and/or assets, including, but not limited to, prospectuses, subscription agreements, capitalization tables, financial statements, annual reports, valuations, and independent appraisals.

*Privileged & Confidential*
*For Settlement Purposes Only – Subject to F.R.E. 408*

5.7.5   Upon request by Class Representatives, Defendant shall voluntarily provide documents and information, to the extent such documents and information are reasonably accessible to him without service of a subpoena, upon reasonable notice, and provide truthful declarations or affidavits upon request, with respect to, though not necessarily limited to, any non-privileged information regarding the following people or entities and their parents, subsidiaries, affiliates, offices, directors, employees, agents, and other representatives:

- The FTX Group
- Sino Global Capital Holdings, LLC
- SoftBank Group
- Temasek Holdings (Private) Limited
- Altimeter Capital Management LLC
- K5 Global Advisor LLC
- Multicoin Capital Management LLC
- Paradigm Operations LP
- Ribbit Capital LP
- Sequoia Capital Operations LLC
- SkyBridge Capital II, LLC
- Thoma Bravo LP
- Tiger Global Management, LLC
- Armanino LLP
- Prager Metis CPAs, LLC
- Fenwick & West
- Sullivan & Cromwell
- Farmington State Bank (d/b/a Moonstone)
- Deltec Bank & Trust Company
- Jean Chalopin
- William Trevor Lawrence
- David Ortiz
- Udonis Haslem
- Golden State Warriors LLC
- Shaquille O'Neal
- Lawrence Gene David
- Gisele Bundchen
- Thomas Brady
- Stephen Curry
- Kevin O'Leary
- Shohei Ohtani

*Privileged & Confidential*
*For Settlement Purposes Only – Subject to F.R.E. 408*

- Naomi Osaka
- Solomid Corporation
- Creators Agency, LLC
- Andrei Jikh
- Brian Jung
- Erika Kullberg
- Jeremy Lefebvre
- Jaspreet Singh
- Graham Stephan
- Major League Baseball
- Formula 1 Racing
- Mercedes-Benz Group AG's Racing Team
- Riot Games Inc.
- Lincoln Holdings LLC
- Furia Esports LLC

5.7.6   If material that is subject to a claim of attorney-client privilege, attorney work product, or any other applicable privilege or immunity or ground on which production of that information should not be made to any Class Representative or Class Member ("Inadvertent Production Material") is inadvertently produced to any Class Representatives or Class Members, such inadvertent production shall in no way prejudice or otherwise constitute a waiver of, or estoppel as to, any claim of attorney-client privilege, work product, or other applicable privilege or immunity. The foregoing privileges are limited to his counsel in the FTX MDL Actions, the Criminal Proceedings, the SEC Action, and the CFTC Action.

5.7.7   If a claim of inadvertent production is made, the Class Representative or Class Member possessing the inadvertent production shall: (i) refrain from any further examination or disclosure of the claimed Inadvertent Production Material; (ii) if requested, promptly make a good-faith effort to return the claimed Inadvertent Production Material and all copies thereof (including summaries and excerpts) to counsel for Defendant, or destroy all such claimed Inadvertent Production Material (including summaries and excerpts) and all copies thereof,

*Privileged & Confidential*
*For Settlement Purposes Only – Subject to F.R.E. 408*

and certify in writing to that fact; and (iii) not use the Inadvertent Production Material for any purpose until further order by the District Court.

5.7.8   To the extent that he is able to do so, Defendant shall voluntarily, upon request by Class Representatives and with reasonable notice, provide reasonable assistance in reviewing and clarifying documents, whether produced by Class Representatives or another party in the FTX MDL, the Criminal Proceedings, and/or the Bankruptcy Proceeding.

5.7.9   To the extent that he is able to do so, Defendant shall cooperate in good faith and use reasonable efforts to authenticate, establish as business records and provide other foundation for documents and/or things he has produced pursuant to this agreement, through declarations, affidavits, depositions, hearings and/or trials as may be necessary, without the need for subpoenas, letters rogatory, letters of request or formal discovery requests.

5.8     To the greatest extent permitted under the terms of the policies and governing law, Defendant shall assign to Class Representatives and Class Members any and all monies (including, without limitation, proceeds of insurance and refunds of unearned premiums) due or to become due and not paid under any and all claims or other rights of Defendant with respect to any and all policies of insurance now or at any time hereafter covering his employment with or service to the FTX Group, and Defendant hereby directs the issuer of any such policy to pay all such monies directly to Class Representatives and Class Members.

5.9     For purposes of this Settlement only, Defendant agrees to take no position regarding Class Representatives' contention that, as customers of FTX who suffered pecuniary losses in connection with the FTX Group, Class Members are identified as victims of the criminal conduct

*Privileged & Confidential*
*For Settlement Purposes Only – Subject to F.R.E. 408*

charged to Defendant in the Superseding Indictments, and that Class Members are entitled to restitution under the Mandatory Victims Restitution Act ("MVRA"), 18 U.S.C. § 3663A, pursuant to a plan established by the Southern District of New York, and/or to recovery of funds forfeited by Defendant pursuant to 18 U.S.C. §§ 981, 3554 or 28 U.S.C. § 2461(c). Defendant will therefore not object to Class Representatives pursuing monetary compensation from Defendant through the restitution process provided by the MVRA or through the forfeiture process provided by 18 U.S.C. § 981, including by seeking an order from the Southern District of New York that Class Members are entitled to restitution and/or remission of forfeited funds pursuant to 21 U.S.C. § 853(i). Nor will Defendant object to Class Representatives' request that, should any monies be collected in satisfaction of the money judgment that the Southern District of New York entered against Defendant as part of his sentencing for the offenses charged in the Superseding Indictments, Class Members shall receive distributions of the collections through the Southern District of New York or successor processes.

5.10    For purposes of this Settlement only, Defendant also agrees to take no position regarding Class Representatives' and Class Counsel's position that, because the class of victims identified in the Superseding Indictments does not exclude Class Members who liquidated their FTX accounts before the Debtors initiated the Bankruptcy Proceedings, Class Members comprise the broadest group of victims, holding in the aggregate, the largest claim for losses, such that restitution under the MVRA and/or recovery of funds forfeited by Defendant pursuant to 18 U.S.C. §§ 981, 3554 or 28 U.S.C. § 2461(c) should flow through the FTX MDL. Class Representatives intend to offer the foregoing representations in support of their claims for restitution under the MVRA and/or remission of forfeited funds, and Defendant agrees to take no position regarding such representations to the Southern District of New York or any other authority involved in

*Privileged & Confidential*
*For Settlement Purposes Only – Subject to F.R.E. 408*

distribution of restitution and/or forfeiture proceeds to victims of the fraud perpetuated through

FTX Group.

## VI.   RELEASES

6.1   On the Effective Date, Releasors, including but not limited to Class

Representatives, on their own behalf and on behalf of each Settlement Class Member, by operation

of this Release and the Order of Final Approval, do hereby and shall be deemed to have fully,

finally, conclusively, irrevocably, and forever released, settled, compromised, relinquished, and

discharged any and all of Defendant of and from any and all Released Claims, including Unknown

Claims, and, without further action by any person or the District Court, will be deemed: (a) to have

consented to the dismissal with prejudice of any and all Released Claims; (b) to have released and

forever discharged any and all Released Claims; and (c) to be forever barred and enjoined from

instituting or further prosecuting, in any forum whatsoever, including but not limited to any state,

federal, or foreign court, or regulatory agency, or any arbitration forum, each and every Released

Claim. The Parties agree that Defendant will suffer irreparable harm if any Settlement Class

Member takes action inconsistent with this paragraph, and that, in that event, Defendant may seek

an injunction as to such action without further showing of irreparable harm in this or any other

forum. Class Representatives shall file an affidavit of support of Defendant's injunction against

any Settlement Class Member that takes action inconsistent with this paragraph.

6.2   The Releasors acknowledge and agree that they are aware that they may hereafter

discover material or immaterial facts in addition to or different from those which they now know

or believe to be true with respect to the subject matter of this Release; that it is possible that

unknown facts, losses or claims exist; and that known losses may have been underestimated in

amount or severity. This was explicitly taken into account in connection with this Settlement. It is

*Privileged & Confidential*
*For Settlement Purposes Only – Subject to F.R.E. 408*

the Releasors' intention to, and they do hereby, upon the Effective Date of this Settlement, fully, finally, and forever settle and release Defendant from each and every Released Claim.

6.3     Subject to District Court approval, each Settlement Class Member shall be bound by this Settlement and all of their Released Claims shall be dismissed with prejudice and released even if they never received actual, prior notice of the FTX MDL or the Settlement in the form of the Class Notice or otherwise. The Release and agreements contained in this Section VI shall apply to and bind all Settlement Class Members, including those Settlement Class Members whose Class Notices are returned as undeliverable, and those for whom no current address can be found.

6.4     On the Effective Date, Releasors hereby release Defendant from each and every Released Claim.

6.5     Promptly after the Effective Date, Settlement Class Members shall dismiss with prejudice all claims, actions or proceedings that are released pursuant to this Settlement. In the event any such actions, or proceedings are not dismissed and Defendant learns of the action, Defendant may provide notice to the Settlement Class Member of this Settlement and request dismissal of the action.

## VII.     NOTICE TO THE CLASS AND GOVERNMENT OFFICIALS

### a.  Notice to the Class

7.1     To the extent the District Court certifies the Class pursuant to Federal Rule of Civil Procedure 23(b)(1), notice will be provided to the Class if required by and in accordance with the Preliminary Approval Order and/or any other order from the District Court.

7.2     To the extent the District Court certifies the Class pursuant to Federal Rule of Civil Procedure 23(b)(3), subject to the requirements of the Preliminary Approval Order, within 90 days

*Privileged & Confidential*
*For Settlement Purposes Only – Subject to F.R.E. 408*

after entry of the Preliminary Approval Order, the Parties will send, or cause to be sent, a Class

Notice to each Class Member. The Class Notice will be sent exclusively by email and will:

(i)     contain a short, plain statement of the background of the Action and the Settlement;

(ii)    describe the settlement relief outlined in this Stipulation;

(iii)   state that any relief to Class Members is contingent on the Court's final approval

of the Settlement;

(iv)    inform Class Members that attorneys' fees and expenses, and a service award for

the named plaintiff, will be requested and, if approved by the Court, will be paid

from the Settlement Fund in addition to the relief described above in ¶¶ 5.9-5.11;

(v)     inform Class Members that any Final Order and Judgment entered in the Action,

whether favorable or unfavorable to the Class, shall include, and be binding on, all

Class Members, even if they have objected to the proposed Settlement and even if

they have any other claim, lawsuit or proceeding pending against Defendant;

(vi)    describe the terms of the Release; and

(vii)   contain reference and a hyperlink to a dedicated webpage housed on The

Moskowitz Law Firm, PLLC website, which will include relevant documents and

information regarding Class Representatives' claims against Defendant in the FTX

MDL.

7.3     To the extent the District Court certifies the Class pursuant to Federal Rule of Civil

Procedure 23(b)(3), the Class Notice will also inform Class Members (i) that they may opt out of

the Settlement Class by submitting a written opt out request by email to Co-Lead Class Counsel

and Defendant's Counsel, which must be received by Co-Lead Class Counsel and Defendants'

Counsel no later than the Objection Deadline; (ii) that if he or she desires, Class Members may

*Privileged & Confidential*
*For Settlement Purposes Only – Subject to F.R.E. 408*

object to the proposed Settlement by filing and serving a written statement of objections, which must be received no later than the Objection Deadline; and (iii) that any Class Member who has filed and served written objections to the proposed Settlement may, if he or she so requests, enter an appearance at the Final Approval Hearing either personally or through counsel.

### b. Notice to the Appropriate Federal and State Officials

7.4    Defendant shall determine the form of CAFA Notice to be provided for the purpose of satisfying the requirements of CAFA and the identity of those who will receive the CAFA Notice. Defendant shall be responsible for serving the CAFA Notices and for all costs and expenses related thereto. Class counsel shall provide Defendant with information concerning class membership required to comply with 28 U.S.C. § 1715(b)(7).

## VIII.    PRELIMINARY APPROVAL ORDER AND SETTLEMENT HEARING

8.1    Promptly following execution of this Stipulation, Class Counsel shall submit this Stipulation together with its Exhibits to the Court and shall apply for entry of the Preliminary Approval Order, requesting, *inter alia*, the preliminary approval of the Settlement set forth in this Stipulation, and approval for the emailing of the Class Notice. The Class Notice shall include the general terms of the Settlement set forth in this Stipulation, the general terms of the Fee and Expense Application, and the date of the Final Approval Hearing.

8.2    Class Counsel shall request that, after notice is given and not earlier than one hundred (100) calendar days after the later of the dates on which the appropriate federal official and the appropriate State officials are provided with notice pursuant to the CAFA, the District Court hold the Final Approval Hearing and approve the Settlement as set forth herein. At or after the Settlement Hearing, Class Counsel also will request that the Court approve their request for attorneys' fees and expenses, if any.

*Privileged & Confidential*
*For Settlement Purposes Only – Subject to F.R.E. 408*

## IX.    OBJECTIONS

9.1    Any Class Member may object to the Settlement. To object, the Class Member must comply with the procedures and deadlines in this Stipulation.

9.2    Any Class Member who wishes to object to the Settlement must do so in writing on or before the Objection Deadline, as specified in the Class Notice and Preliminary Approval Order. The written objection must be filed with the Clerk of Court, and mailed (with the requisite postmark) to Class Counsel and Defendant's Counsel (at the addresses identified in ¶ 16.14), no later than the Objection Deadline.

9.3    The requirements to assert a valid written objection shall be set forth in the Class Notice. To be valid, the written objection must include: (a) the case name and number; (b) the name, address, telephone number of the Class Member objecting and, if represented by counsel, of his/her counsel; (c) the basis for objection; and (d) a statement of whether he/she intends to appear at the Final Approval Hearing, either with or without counsel.

9.4    Any Class Member who fails to object to the Settlement in the manner described in the Class Notice and consistent with this section shall be deemed to have waived any such objection, shall not be permitted to object to any terms or approval of the Settlement at the Final Approval Hearing, and shall be foreclosed from seeking any review of the Settlement or the terms of the Stipulation by appeal or other means.

9.5    Subject to approval of the District Court, any Class Member who files and serves a written objection in accordance with this section and the Class Notice may appear, in person or by counsel, at the Final Approval Hearing held by the District Court, to show cause why the proposed Settlement should not be approved as fair, adequate, and reasonable, but only if the objecting Class Member: (a) files with the Clerk of the District Court a Notice of Intention to Appear at the Final

*Privileged & Confidential*
*For Settlement Purposes Only – Subject to F.R.E. 408*

Approval Hearing by the Objection Deadline; and (b) serves the Notice of Intention to Appear on all counsel designated in the Class Notice by the Objection Deadline.

9.6     The Notice of Intention to Appear must include copies of any papers, exhibits, or other evidence that the objecting Class Member will present to the District Court in connection with the Final Approval Hearing.

9.7     Any Class Member who does not file a Notice of Intention to Appear in accordance with the deadlines and other specifications set forth in the Settlement and the Class Notice shall not be entitled to appear at the Final Approval Hearing or raise any objections.

## X.   DISTRIBUTION OF THE SETTLEMENT AMOUNT

If and when monetary compensation from Defendant is provided to the Settlement Class through the FTX MDL, pursuant to the MVRA or otherwise, the Settlement Amount shall be placed in the Settlement Fund, added to settlement amounts from other MDL Defendants, as such settlements are reached, and distributed in accordance with the Distribution Plan and under the supervision and direction and with the approval of the District Court.

## XI.   CLASS COUNSEL'S ATTORNEYS' FEES

11.1     The Parties agree that Class Counsel may apply for an award of reasonable attorneys' fees and reimbursement of expenses to be paid from the Settlement Fund. Specifically, Class Counsel intends to request approval of attorneys' fees and costs based on any monetary compensation obtained for the Class pursuant to the restitution and/or forfeiture procedures outlined in ¶¶ 5.9-5.11. Defendant agrees not to oppose Class Counsel's request for attorneys' fees and expenses.

11.2     Class Counsel reserves the right to seek the foregoing fees and expenses from monetary settlements or judgments obtained from or against other MDL Defendants, as the

*Privileged & Confidential*
*For Settlement Purposes Only – Subject to F.R.E. 408*

information provided to Class Representatives and Class Counsel by Defendant pursuant to the terms of this Stipulation will be used to effectuate settlements with or judgments against the other MDL Defendants, in part because Class Representatives' claims against the other MDL Defendants arise from the same conduct by FTX Group and the FTX Insiders, and in part because Defendant had unique access to information relating to the involvement of other MDL Defendants in the events leading to the collapse of the FTX cryptocurrency exchange.

11.3    The procedure for and the allowance or disallowance by the District Court of any applications for attorneys' fees and expenses to be paid out of the Settlement Fund is not part of the Settlement set forth in this Stipulation, and is to be considered by the District Court separately from the District Court's consideration of the fairness, reasonableness, and adequacy of the Settlement set forth in this Stipulation, and shall have no effect on the terms of the Stipulation or on the validity or enforceability of this Settlement. The approval of the Settlement, and the Settlement's becoming Final, shall not be contingent on the award of attorneys' fees and expenses, any award to Class Representative, nor any appeals from such awards. Any order or proceeding relating to the Class Counsel's request for attorneys' fees and expenses, or any appeal from any order relating thereto or reversal or modification thereof, shall not operate to terminate this Stipulation, or affect or delay the finality of the Judgment approving this Stipulation and the Settlement as set forth therein, or any other orders entered pursuant to the Stipulation of Settlement.

11.4    Any fees and/or expenses awarded by the District Court shall be paid solely from and out of the Settlement Fund.

## XII.    CONDITIONS OF SETTLEMENT AND TERMINATION

12.1    The Effective Date of the Settlement shall be conditioned on the occurrence of all of the following events:

*Privileged & Confidential*
*For Settlement Purposes Only – Subject to F.R.E. 408*

(i)    The Parties have signed this Stipulation.

(ii)    Defendant has complied with the reporting requirements of 28 U.S.C. § 1715.

(iii)    The District Court has preliminarily approved the Settlement, including the Class Notice, and has entered the Preliminary Approval Order.

(iv)    The Class Notice has been sent to Class Members pursuant to the Preliminary Approval Order and the terms of the Stipulation, if necessary.

(v)    The deadline by which Releasors must exercise their opt-our rights has passed and no Releasor has opted out.

(vi)    The District Court has entered the Order of Final Approval.

(vii)    The Order of Final Approval has become Final.

(viii)    Any right to terminate the Settlement has not been triggered or has expired.

12.2    Upon the occurrence of a Termination Event described in subparts (a) through (c) of ¶ 4.40, this Stipulation shall automatically terminate.

12.3    In the event this Stipulation or the Settlement is terminated or the Effective Date otherwise fails to occur for any reason, the Parties shall be restored to their respective positions in the FTX MDL as of March 28, 2024 and shall meet and confer regarding a new case schedule for the litigation against Defendant in the FTX MDL. In such event, the terms and provisions of the Stipulation shall have no further force and effect with respect to the Parties and shall not be used in this litigation or in any other proceeding for any purpose, and any judgment or order entered by the District Court in accordance with the terms of this Stipulation shall be treated as vacated, *nunc pro tunc*.

*Privileged & Confidential*
*For Settlement Purposes Only – Subject to F.R.E. 408*

## XIII.    COVENANTS NOT TO SUE

13.1    The Class Representatives, on behalf of themselves and the Settlement Class Members, covenant and agree: (i) not to file, commence, prosecute, intervene in, or participate in (as a class member or otherwise) any action in any jurisdiction based on or relating to any of the Released Claims, or the facts and circumstances alleged in the Complaint, against Defendant; (ii) not to organize or solicit the participation of Settlement Class Members, or persons who would otherwise fall within the definition of the Class but who requested to be excluded from the Settlement Class, in a separate class for purposes of pursuing any action (including by seeking to amend a pending complaint to include class allegations, or seeking class certification in a pending action in any jurisdiction) based on or relating to any of the Released Claims or the facts and circumstances alleged in the Complaint, against Defendant; and (iii) that the foregoing covenants and this Stipulation shall be a complete defense in any action that any Releasor may hereafter assert on any of the Released Claims against Defendant.

## XIV.    REPRESENTATIONS AND WARRANTIES

14.1    The Class Representatives represent and warrant that they have not assigned or otherwise transferred any interest in any of the Released Claims against Defendant. The Class Representatives further covenant that they will not hereafter assign or otherwise transfer any interest in any of the Class Representatives' Released Claims.

14.2    The Class Representatives represent and warrant that they have no surviving claim or cause of action against Defendant with respect to any of the Released Claims.

14.3    The Parties, and each of them on his, her, or its own behalf, represent and warrant that they are voluntarily entering into the Settlement Agreement as a result of arm's-length negotiations among their counsel; that in executing the Settlement Agreement, they are relying

*Privileged & Confidential*
*For Settlement Purposes Only – Subject to F.R.E. 408*

solely upon their own judgment, belief, and knowledge, and the advice and recommendations of their own independently selected counsel, concerning the nature, extent and duration of their rights and claims hereunder and regarding all matters which relate in any way to the subject matter hereof; and that, except as provided herein, they have not been influenced to any extent whatsoever in executing the Stipulation by representations, statements, or omissions pertaining to any of the foregoing matters by any Party or by any person representing any Party. Each of the Parties assumes the risk of mistake as to facts or law.

## XV.   EFFECT ON RELATED CASES

Upon the District Court's entry of the Order of Final Judgment, the MDL Plaintiffs shall dismiss with prejudice their claims against Defendant in the FTX MDL and in the Onusz Adversary Proceeding , to the extent they have not already done so.

## XVI.   MISCELLANEOUS PROVISIONS

16.1    Amendment/Modification. The Stipulation may be amended or modified only by a written instrument signed by or on behalf of all Parties or their respective successors-in-interest. The waiver by one Party of any breach of this Stipulation by any other Party shall not be deemed a waiver of any other prior or subsequent breach of this Stipulation. Class Counsel, on behalf of the Class, are expressly authorized by the Class Representatives to take all appropriate action required or permitted to be taken by the Class pursuant to the Stipulation to effect its terms, and also are expressly authorized to enter into any modifications or amendments to the Stipulation on behalf of the Class which they deem appropriate. Any amendment or modification occurring after entry of the Preliminary Approval Order shall require court approval.

*Privileged & Confidential*
*For Settlement Purposes Only – Subject to F.R.E. 408*

16.2    <u>Authority</u>. Each person executing the Stipulation or any of its exhibits on behalf of any Party hereto hereby warrants that such person has the full authority to do so. Specifically, Co-Lead Class Counsel is authorized by Plaintiffs to sign the Stipulation on behalf of Plaintiffs.

16.3    <u>Cooperation</u>. The Parties: (a) acknowledge that it is their intent to consummate this Settlement; and (b) agree to cooperate to the extent reasonably necessary to effect and implement all terms and conditions of the Settlement and to exercise their reasonable efforts to accomplish the foregoing terms and conditions of the Settlement.

16.4    <u>Counterparts</u>. The Stipulation may be executed in one or more counterparts, including by signature transmitted by facsimile or by email in PDF format. All executed counterparts and each of them shall be deemed to be one and the same instrument.

16.5    <u>Drafting</u>. The language of all parts of this Stipulation shall in all cases be construed as a whole, according to its fair meaning, and not strictly for or against either Party. No Party shall be deemed the drafter of this Stipulation. The Parties acknowledge that the terms of the Stipulation are contractual and are the product of negotiations between the Parties and their counsel. Each Party and its counsel cooperated in the drafting and preparation of the Stipulation. In any construction to be made of the Stipulation, the Stipulation shall not be construed against any Party and any canon of contract interpretation to the contrary shall not be applied.

16.6    <u>Entire Agreement</u>. The Stipulation and the related documents entered at the time of this Stipulation or referenced herein constitute the entire agreement among the Parties hereto concerning the settlement of the FTX MDL. No representations, warranties, or inducements have been made to any party concerning the Stipulation or its exhibits other than the representations, warranties, and covenants contained and memorialized in such documents. Except as otherwise provided herein, each Party shall bear its own costs and attorneys' fees.

*Privileged & Confidential*
*For Settlement Purposes Only – Subject to F.R.E. 408*

16.7    <u>Exhibits</u>. All of the exhibits to the Stipulation are material and integral parts hereof and are fully incorporated herein by this reference.

16.8    <u>Extensions of Time</u>. Unless otherwise provided, the Settling Parties may agree to reasonable extensions of time to carry out any of the provisions of this Stipulation without further order of the Bankruptcy or District Courts.

16.9    <u>Governing Law</u>. This Stipulation and its Exhibits shall be considered to have been negotiated, executed and delivered, and to be wholly performed, in the State of Florida and the rights and obligations of the parties to the Stipulation shall be construed and enforced in accordance with, and governed by, the internal, substantive laws of the State of Florida without giving effect to its choice-of-law principles, except to the extent that federal law requires that federal law govern.

16.10    <u>Headings</u>. The headings herein are used for the purpose of convenience only and are not meant to have legal effect.

16.11    <u>Jurisdiction</u>. The District Court shall retain jurisdiction with respect to implementation and enforcement of the terms of the Stipulation. All Parties and all Settlement Class Members submit to the jurisdiction of the District Court for purposes of implementing and enforcing the Settlement embodied in the Stipulation.

16.12    <u>No Collateral Attack</u>. Upon entry of the Order of Final Approval, this Stipulation shall not be subject to collateral attack by any Class Member or Settlement Class Member.

16.13    <u>No Third-Party Rights or Beneficiaries</u>. Except as expressly provided for herein, no government agency or official or any other person or entity can claim any rights under this Stipulation or the Settlement. There are no third-party beneficiaries created or implied.

*Privileged & Confidential*
*For Settlement Purposes Only – Subject to F.R.E. 408*

16.14   <u>Notices</u>. All notices (other than the Class Notice and those for which other instructions are set forth herein) required or permitted by this Stipulation shall be made in writing and communicated by mail and email to the following addresses:

<u>All notices to the Class Representatives or to Class Counsel shall be sent to</u>:

Adam M. Moskowitz
Joseph M. Kaye
THE MOSKOWITZ LAW FIRM
Continental Plaza
3250 Mary Street, Suite 202
Coconut Grove, FL 33133
(305) 740-1423
adam@moskowitz-law.com
joseph@moskowitz-law.com
service@moskowitz-law.com

<u>All notices to Defendant or to Defendant's Counsel shall be sent to</u>:

Richard M. Simins
Jeremy D. Mishkin
Montgomery, McCracken, Walker & Rhoads, LLP
1735 Market Street, 21st Floor
Philadelphia, PA  19103
(215) 772-1500
rsimins@mmwr.com
jmishkin@mmwr.com

16.15   <u>Obligation to Meet and Confer</u>. Before filing any motion raising a dispute arising out of this Stipulation or the implementation of the Settlement, the Parties shall confer in good faith in an attempt to resolve any pending issues.

16.16   <u>Successors and Assigns</u>. The Stipulation shall be binding upon, and inures to the benefit of, the heirs, executors, successors, and assigns of the Parties, the Releasors and Defendant; but this Stipulation is not designed to and does not create any third-party beneficiaries.

*Privileged & Confidential*
*For Settlement Purposes Only – Subject to F.R.E. 408*

**CLASS REPRESENTATIVES**          Dated: April 11, 2024

By: _____
ADAM MOSKOWITZ
Co-Lead Counsel for the Class
Representatives and the Proposed Class

**DEFENDANT**                      Dated: April 17, 2024

By: _____
SAMUEL BANKMAN-FRIED