UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 1:23-md-03076-KMM

IN RE:

FTX CRYPTOCURRENCY EXCHANGE
COLLAPSE LITIGATION

_____/

**ORDER**

THIS CAUSE came before the Court upon Plaintiffs' Motion for Preliminary Approval of First Tranche of Settlements, Provisional Certification of Proposed Settlement Class, and Approval of the Proposed Schedule, ("Mot.") (ECF No. 565), and Agreed Supplement to Plaintiffs' Motion for Preliminary Approval of First Tranche of FTX Settlements, ("Supp.") (ECF No. 618). Therein, Plaintiffs notify the Court that they have reached proposed Class Settlements with twelve FTX Insiders and Promoter Defendants (collectively, "Settling Defendants").[1] *See* Mot. at 1; Supp. at 1.

In the Motion for Preliminary Approval, Plaintiffs request that the Court: (1) grant preliminary approval of the Settlements; (2) grant certification of the Proposed Settlement Class; (3) appoint Class Representatives as Rule 23(c) class representatives; (4) appoint MDL Co-Lead Counsel Adam Moskowitz and David Boies as Co-Lead Class Counsel pursuant to Fed R. Civ. P. 23(c)(1)(B) and 23(g); (5) approve the proposed plan of notice to the Class pursuant to Fed. R.

---

[1] Specifically, Plaintiffs have reached settlements with Defendants Samuel Bankman-Fried, Caroline Ellison, Gary (Zixiao) Wang, Nishad Singh (collectively, "Insider Settling Defendants"), Daniel Friedberg ("Mr. Friedberg"), Kevin Paffrath, Tom Nash, Brian Jung, Andrei Jikh, Jeremy Lefebvre, Graham Stephan, and William Trevor Lawrence (collectively, "Promoter Settling Defendants"). *See* Mot. at 1; Supp. at 1.

Civ. P. 23(e) and set a schedule for disseminating notice to Class Members, as well as deadlines to comment on or object to the Settlements; and (6) schedule a hearing pursuant to Fed. R. Civ. P. 23(e)(2) to determine whether the proposed Settlements are fair, reasonable, and adequate; and should be approved. Mot. at 3.

On June 4, 2024, FTX Trading Ltd. and its affiliated debtors and debtors-in-possession in the Chapter 11 cases being jointly administered under *In re FTX Trading Ltd. et al.*, No. 22-11068 (Bankr. D. Del.) ("FTX Debtors") filed a Notice indicating that they have initiated an adversary proceeding against the MDL Plaintiffs in the United States Bankruptcy Court for the District of Delaware (the "Adversary Proceeding") to stay and/or enjoin the actions in this MDL against the FTX Insiders, Mr. Friedberg, and the VC Defendants[2] (together, the "MDL FTX Insider and VC Actions") pursuant to §§ 105(a) and 362(a) of title 11 of the United States Code (the "Bankruptcy Code"). *See generally* ("FTX Debtors' Notice") (ECF No. 694). As relevant here, the FTX Debtors argue in the Adversary Proceeding that the automatic stay provided in the Bankruptcy Code should be extended to the MDL FTX Insider and VC Actions because these actions "assert claims that are property of the FTX Debtors' estate." *Id.* at 39–40. The FTX Debtors additionally raise several concerns with the proposed Settlements with the FTX Insiders and Mr. Friedberg. *See, e.g., id.* at 57–62.

A class action may be settled only with the approval of the court. *See* Fed. R. Civ. P. 23(e). Federal Rule of Civil Procedure 23(e)(1)(B) sets forth the grounds for a court's initial decision to send notice of a proposed settlement to the class. *See Drazen v. Pinto*, No. 21-10199, 2024 WL

---

[2] The "VC Defendants" are the Defendants named in the Amended Administrative Class Action Complaint against Domestic Venture Capital Funds (ECF No. 157) and the Corrected Amended Administrative Class Action Complaint against Multinational VC Defendants (ECF No. 182). *See* FTX Debtors' Notice at 2.

2

3422404, at *21–22 (11th Cir. July 16, 2024). Specifically, the moving parties must show that the court "will *likely* be able to: (i) approve the [settlement] proposal under Rule 23(e)(2); and (ii) certify the class for purposes of judgment on the proposal." Fed. R. Civ. P. 23(e)(1)(B) (emphasis added). Thus, Rule 23(e) "explicitly directs a court at the preliminary approval stage to assess whether it is 'likely' it will be able to finally approve the settlement after notice, an objection period, and a fairness hearing." 4 Newberg and Rubenstein on Class Actions § 13:10 (6th ed.). In considering a motion for preliminary approval of a class action settlement, "[t]he court may direct the parties to supply further information about the topics they do address, or to supply information on topics they do not address." Fed. R. Civ. P. 23(e)(2) advisory committee's note to 2018 amendment.

Here, the Court finds that the issues raised in the FTX Debtors' Notice and the related Adversary Proceeding bear on the Court's ability to determine that it "will likely be able to . . . approve the proposal[s]" with respect to the FTX Insider Defendants and Mr. Friedberg as required under Rule 23(e)(1)(B). *See Drazen*, 2024 WL 3422404, at *22 ("The word 'likely' when used in this context means that the information the parties provide the court creates the probability that, by the time the court convenes the Rule 23(e)(2) hearing, it will approve the proposal.").

Accordingly, UPON CONSIDERATION of the Motion, the Notice, the pertinent portions of the record, and being otherwise fully advised in the premises, it is hereby ORDERED AND ADJUDGED that Plaintiffs shall file a response to the FTX Debtors' Notice (ECF No. 694) on or before August 1, 2024. Plaintiffs' response should specifically address the following issues: (1) why this Court should not defer ruling on Plaintiffs' Motion for Preliminary Approval (ECF No. 565) until after the issues raised in the Adversary Proceeding have been resolved by the Bankruptcy Court; (2) whether this Court should independently examine the issues raised by the

FTX Debtors in the Adversary Proceeding; and (3) what impact, if any, the FTX Debtors' Notice and the related Adversary Proceeding have on Plaintiffs' proposed Settlements with the Promoter Settling Defendants.  Plaintiffs' response shall not exceed twenty (20) pages.

DONE AND ORDERED in Chambers at Miami, Florida, this  18th   day of July, 2024.

K. MICHAEL MOORE
UNITED STATES DISTRICT JUDGE

c: All counsel of record