**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**
**MIAMI DIVISION**

| | |
|---|---|
| IN RE: FTX CRYPTOCURRENCY EXCHANGE COLLAPSE LITIGATION | MDL No. 3076 |
| | Case No. 1:23-md-03076 |
| THIS DOCUMENT RELATES TO ALL ACTIONS | Hon. K. Michael Moore |

***ONUSZ* CLASS ACTION PLAINTIFFS' REPLY TO PLAINTIFFS' RESPONSE TO ORDER TO SHOW CAUSE AND REQUEST FOR HEARING**

Austin Onusz, Cedric Kees van Putten, Nicholas J. Marshall and Hamad Dar, plaintiffs in the putative class action adversary proceeding (the "*Onusz* Class Action Plaintiffs") pending before the United States Bankruptcy Court for the District of Delaware (the "Delaware Bankruptcy Court") on behalf of victimized customer depositors of FTX.com and FTX US (together, "FTX") entitled *Onusz et al. v. West Realm Shires Inc. et al.*, Adv. Pro. No. 1:22-ap-50513 (JTD) (the "*Onusz* Adversary Class Action"), hereby file this reply to *Plaintiffs' Response to Order to Show Cause and Request for Hearing* (ECF No. 714) (the "MDL Plaintiffs' Response" or "Response").

**PRELIMINARY STATEMENT**

The MDL Plaintiffs have no good answers to the three critical questions raised by the Court's July 18, 2024 Order (ECF No. 706).  This is because it is inescapable that the MDL Plaintiffs are attempting to settle claims against the FTX Insiders that do not belong to the MDL Plaintiffs, that the MDL Plaintiffs do not control, and that fall directly under the purview of the Delaware Bankruptcy Court.  The MDL Plaintiffs and the FTX Insiders have twice failed – both before the MDL Panel and the Delaware Bankruptcy Court – to transfer the claims in the *Onusz* Adversary Class Action for consolidation into these MDL proceedings.  The fact remains that the

Delaware Bankruptcy Court needs to determine what is or is not property of the estate, and the global settlement of customer property entered among the constituencies in the Delaware Bankruptcy Court, the approved disclosure statement, and the proposed plan of reorganization make clear that these constituencies view this issue as an integral part of the bankruptcy proceedings.

The MDL Plaintiffs' Response urges this Court to invade the purview of the Delaware Bankruptcy Court by allowing them to resolve the FTX Debtors' claims in the Adversary Proceeding and the customer class claims in the *Onusz* Adversary Class Action. But the MDL Plaintiffs cannot avoid this Court's core inquiry by mischaracterizing their claims against the FTX Insiders as "personal" claims that can only be brought in the district court while, at the same time, expanding their proposed class definition to settle estate and customer claims being advanced before the Delaware Bankruptcy Court in both the Adversary Proceeding and the *Onusz* Adversary Class Action.

The MDL Plaintiffs seek to avoid the Court's understandable concerns that issues raised in the adversary proceedings in the Delaware Bankruptcy Court might bear on this Court's ability to approve the MDL Plaintiffs' proposed settlements by touting that "MDL Leadership is proud to announce great news for all FTX Customer Victims" and that "MDL Plaintiffs have worked to coordinate proceedings in the FTX MDL, FTX criminal cases (Judge Kaplan) and the FTX Bankruptcy (Judge Dorsey)." (Response at 1, 2. But what is uncontroverted here is that the MDL Plaintiffs' non-monetary (and essentially valueless) settlements with the FTX Insiders are much ado about nothing, except for the fact that they purport to broadly settle claims over which they have no authority or control. And the MDL Plaintiffs' "coordination" has consisted of little more than attempting to disrupt the orderly administration of the bankruptcy and distribution of customer

property through the existing framework by advocating that the claims properly before the Delaware Bankruptcy Court and the forfeited funds before Judge Kaplan should be controlled by the MDL Plaintiffs before this Court.

<u>**ARGUMENT**</u>

I.      **This Court Should Defer Ruling on the Plaintiffs' Motion for Preliminary Approval of the Proposed Settlements Because the Delaware Bankruptcy Court Should Determine What is or is not Property of the Estate**

The MDL Plaintiffs' Response challenges the Delaware Bankruptcy Court's authority to resolve whether digital assets or fiat currency purportedly, but not actually, held in individual customer accounts at FTX are estate property subject to *pro rata* distribution to customers.  The MDL Plaintiffs' overarching contention that "[t]he Bankruptcy Court does not have jurisdiction over the MDL actions" (Response at 4) is not only wrong, but simply not responsive to the critical question here, which is whether the MDL Plaintiffs' proposed settlements in the MDL encompass claims that belong to the FTX Debtors and/or are being litigated in adversary proceedings before the Delaware Bankruptcy Court.  Because the answer to that question is yes, this Court should defer ruling on the proposed settlements until after the Delaware Bankruptcy Court has determined the central issue in the bankruptcy of what is or is not property of the estate.

While the MDL Plaintiffs would like this Court to believe that the claims at issue are "personal" claims belonging to them, the fact that the MDL Plaintiffs have proposed an almost limitless class definition in their actions against the FTX Insiders and other third-party defendants—including *former* customers and purchasers of *any* product of FTX—precludes the notion that their claims are "personal" claims that can only be litigated in the district court.  This is particularly true where, as here, the MDL Plaintiffs sought to transfer the *Onusz* Adversary Class Action under 28 § U.S.C. 1407(a) on the grounds that "[t]he *Onusz* class is narrower than, and

fully subsumed within the FTX MDL Plaintiffs' class against the Insiders," and failed.  (MDL 3076, ECF No. 227 ¶ 7).

In denying the MDL Plaintiffs' motion to transfer, the MDL Panel correctly acknowledged that "*Onusz* is intertwined with the FTX bankruptcy" and that the questions raised by the *Onusz* Adversary Class Action—namely, "(1) whether customer deposits are property of the FTX debtors' estates, a central issue in the FTX bankruptcy; and (2) if so, what priority FTX customers have in the distribution of the estates' assets"—were questions for the Delaware Bankruptcy Court to resolve in the first instance.  (Order Denying Transfer, dated April 11, 2024, ECF No. 611).  The Delaware Bankruptcy Court likewise found in denying motions to sever by FTX Insiders Ellison, Wang, and Singh that "[t]he most convenient and expeditious means to adjudicate [the *Onusz* Class Action Plaintiffs' claims] is to litigate them within the adversary proceeding before this Court."  (*Onusz* Adversary Class Action, ECF No. 116 at 2-3).

Nevertheless, the MDL Plaintiffs submitted their proposed settlements with the FTX Insiders to this Court for preliminary approval that, on their face, purport to settle and resolve the *Onusz* Class Action Plaintiffs' claims along with the MDL Plaintiffs' own claims.  (*See, e.g.*, ECF No. 565, § II.A.8; ECF No. 618-1, ¶ 5.3).  It is beyond dispute that the MDL Plaintiffs have no control or authority to settle the claims in the *Onusz* Adversary Class Action, and their insistence that this Court can and should proceed with the preliminary approval process without regard to the Delaware Bankruptcy Court's jurisdiction over those claims is blatantly improper.

Fraught with mischaracterizations, the MDL Plaintiffs' Response misguides the Court by advancing several jurisdictional and constitutional arguments that are plainly inapplicable given the facts present here.  For example, the MDL Plaintiffs preemptively argue that, if the Delaware Bankruptcy Court were to grant the FTX Debtors' request for an injunction under Section 105(a)

of the Bankruptcy Code, then the Delaware Bankruptcy Court would be violating the United States Supreme Court's recent decision in *Harrington v. Purdue Pharma L.P.*, 144 S. Ct. 2071 (2024). (Response at 4-5). But this argument is something the Delaware Bankruptcy Court has authority to address, and likely will address in the coming weeks in connection with the Debtors' proposed plan of reorganization, and the MDL Plaintiffs do not articulate how this gives any justification for this Court to prevent the Delaware Bankruptcy Court from making such determinations. *See Celotex Corp. v. Edwards*, 514 U.S. 300, 311, 115 S. Ct. 1493, 1500 (1995) (noting that the bankruptcy court's injunctive powers under § 105(a) are broad and allow it to enjoin suits that "might impede the reorganization process" (quoting *MacArthur Co. v. Johns-Manville Corp.*, 837 F.2d 89, 93 (2d Cir. 1988))).

Likewise, the MDL Plaintiffs' argument that "[t]he Constitution prohibits the Bankruptcy Court from deciding MDL claims" (Response at 6) is also based entirely on the fiction that the claims at issue belong to the MDL Plaintiffs. Specifically with respect to the claims in the *Onusz* Adversary Class Action, both the MDL Panel and the Delaware Bankruptcy Court have clearly stated that those claims do not belong in the MDL and instead should proceed alongside the related adversary proceedings by the FTX Debtors currently pending before the Delaware Bankruptcy Court. Even absent such orders, the fact remains that the Delaware Bankruptcy Court needs to determine what is or is not property of the estate, and the global settlement of customer property entered among the constituencies in the Delaware Bankruptcy Court, the approved disclosure statement, and the proposed plan of reorganization make clear that these constituencies view this issue as an integral part of the bankruptcy proceedings.

II.     **This Court Should Allow the Delaware Bankruptcy Court to Resolve the Issues Before It as a Matter of Course and Deny the MDL Plaintiffs' Counter-Request for an All Writs Act Injunction**

As discussed, the MDL Plaintiffs have not answered this Court's core question of why it should invade the Delaware Bankruptcy Court's purview in approving the resolution of estate claims properly before it in the Adversary Proceeding (and the *Onusz* Adversary Class Action), and this Court should reject the MDL Plaintiffs' attempts to create a jurisdictional problem where there is none.  The MDL Plaintiffs instead avoid the question by mischaracterizing the FTX Debtors' motion for preliminary declaratory and injunctive relief enforcing the automatic stay and enjoining certain MDL actions as "a collateral attack on this Court's authority over its own proceedings."  (Response at 11).  This is hardly so.  *See In re Diaz*, 647 F.3d 1073, 1085 (11th Cir. 2011) (recognizing that "the exercise of jurisdiction over the bankruptcy estate and the equitable distribution of the estate's property" are "core *in rem* functions of a bankruptcy court," and "[t]he automatic stay is a fundamental procedural mechanism in bankruptcy that allows the court to carry out both of these functions").

Even acknowledging that this Court has concurrent jurisdiction to interpret the automatic stay statute,[1] the circumstances here require the Delaware Bankruptcy Court to resolve the factual and legal questions in the Adversary Proceeding and the *Onusz* Adversary Class Action.  Because the Delaware Bankruptcy Court needs to determine what is or is not property of the estate in

---

[1] *See, e.g.*, *In re 3M Combat Arms Earplug Prods. Liability Litig.*, No. 3:19md2885, 2022 WL 3370146, at *2 (N.D. Fla. Aug. 16, 2022) ("Here, the Court's jurisdiction to interpret the automatic stay statute, 11 U.S.C. § 362, is concurrent with that of the bankruptcy court.  However, the bankruptcy court also has even broader equitable powers to further extend the stay under 11 U.S.C. § 105(a), and the bankruptcy court judge is presiding over an evidentiary hearing on that matter at this very moment.  Thus, while this Court respects and appreciates the solemn responsibility of Article III courts to enforce, protect and preserve their jurisdiction, there are times when those ends are best served by yielding to a court with concurrent jurisdiction, specialized expertise, and a full evidentiary record.").

connection with the bankruptcy proceedings, this Court should not interject solely based on the MDL Plaintiffs' erroneous view of the claims at issue in the bankruptcy.

As for MDL Plaintiffs' counter-request for an All Writs Act injunction as a means to interfere with the bankruptcy proceedings, the *Onusz* Class Action Plaintiffs intend to oppose *Plaintiffs' Motion for* All Writs Act *Injunction Against Debtor-in-Possession, FTX Trading Ltd., and Related FTX Debtors* (ECF No. 713) and will do so separately.

## III. The *Onusz* Class Action Plaintiffs Take No Position on the Third-Party Promoter Settlements

Like the FTX Debtors, the *Onusz* Class Action Plaintiffs take no position with respect to the MDL Plaintiffs' proposed settlements with the Promoter Settling Defendants—provided that the MDL Plaintiffs and the FTX Insiders do not attempt to settle claims that do not belong to them. The *Onusz* Class Action Plaintiffs reserve their right to make additional arguments based on the content of the MDL Plaintiffs' future submissions and/or oral argument, if any.

**CONCLUSION**

For the reasons discussed herein, the *Onusz* Class Action Plaintiffs respectfully request that the Court defer ruling on the MDL Plaintiffs' proposed settlements (ECF Nos. 565, 618-1) until the Delaware Bankruptcy Court has resolved the legal and factual questions raised in the Adversary Proceeding and the *Onusz* Adversary Class Action in the first instance.

Dated:  August 8, 2024

Respectfully submitted,

**GRAY ROBINSON, P.A.**

*/s/ Jason A. Zimmerman*
Jason A. Zimmerman
Florida Bar No. 104392
301 East Pine Street, Suite 1400
Orlando, Florida 32801
Telephone: (407) 843-8880
jason.zimmerman@gray-robinson.com

-and-

**ENTWISTLE & CAPPUCCI LLP**
Andrew J. Entwistle (*Pro hac vice pending*)
500 W. 2nd Street, Suite 1900
Austin, Texas 78701
Telephone: (512) 710-5960
aentwistle@entwistle-law.com

*Counsel for Austin Onusz, Cedric Kees van
Putten, Nicholas J. Marshall and Hamad Dar*