UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

| | |
|---|---|
| IN RE: FTX CRYPTOCURRENCY EXCHANGE COLLAPSE LITIGATION | Case No. 1:23-md-03076 |
| | MDL No. 3076 |
| THIS DOCUMENT RELATES TO ALL ACTIONS | Hon. K. Michael Moore |

**_ONUSZ_ CLASS ACTION PLAINTIFFS' OPPOSITION TO PLAINTIFFS' MOTION FOR _ALL WRITS ACT_ INJUNCTION AGAINST DEBTOR-IN-POSSESSION, FTX TRADING LTD., AND RELATED FTX DEBTORS**

Austin Onusz, Cedric Kees van Putten, Nicholas J. Marshall and Hamad Dar, plaintiffs in the putative class action adversary proceeding (the "_Onusz_ Class Action Plaintiffs") pending before the United States Bankruptcy Court for the District of Delaware (the "Delaware Bankruptcy Court") on behalf of victimized customer depositors of FTX.com and FTX US and their affiliated debtors (the "FTX Debtors") entitled *Onusz et al. v. West Realm Shires Inc. et al.*, Adv. Pro. No. 1:22-ap-50513 (JTD) (the "_Onusz_ Adversary Class Action"), hereby file this opposition to *Plaintiffs' Motion for All Writs Act Injunction Against Debtor-in-Possession, FTX Trading Ltd., and Related FTX Debtors* (ECF No. 713) (the "MDL Plaintiffs' Motion" or "Mot.").

**PRELIMINARY STATEMENT**

The MDL Plaintiffs seek the extraordinary remedy of an injunction under the All Writs Act to block the FTX Debtors' manifestly proper efforts before the Delaware Bankruptcy Court to prevent the MDL Plaintiffs from interfering with the orderly and efficient administration of the estates and the timely return of misappropriated customer property by settling claims—for no monetary recovery—against the FTX Insider Defendants that belong to the FTX Debtors' estates,

and not the MDL Plaintiffs.[1]  The *Onusz* Class Action Plaintiffs file this opposition because they joined in the FTX Debtors' request for injunctive relief before the Delaware Bankruptcy Court that is at issue in the MDL Plaintiffs' improper All Writs Act application, asking that the Delaware Bankruptcy Court apply any injunction "equally to any attempt by the MDL Plaintiffs to litigate, settle or release the tort claims the *Onusz* Class Action Plaintiffs are asserting on behalf of FTX customers against the FTX Insiders" in the *Onusz* Adversary Class Action (ECF No. 702-1 at 2).

Both the MDL Panel and the Delaware Bankruptcy Court have rejected the efforts by the MDL Plaintiffs and FTX Insider Defendants to transfer the *Onusz* Class Action Plaintiffs' adversary claims to this MDL, making it clear that the MDL Plaintiffs have no standing to settle any of the claims properly before the Bankruptcy Court, and making it equally clear that the All Writs Act injunction the MDL Plaintiffs now seek is a transparent attempt to end-run the prior rulings of both the MDL Panel and the Bankruptcy Court.

The MDL Plaintiffs inaptly seek to justify the extraordinary relief of an All Writs Act injunction by arguing that the FTX Debtors' recent adversary proceeding seeking to enforce the automatic stay and enjoin the MDL Plaintiffs' actions against the FTX Insider and other third-party defendants is somehow a "threat" to this Court's jurisdiction.  But the MDL Plaintiffs have it precisely backward.  It is the MDL Plaintiffs' own conduct in attempting to settle and release the claims that the MDL Panel and the Delaware Bankruptcy Court have determined are properly before the Delaware Bankruptcy Court that has made it necessary for the FTX Debtors and the *Onusz* Class Action Plaintiffs to seek prompt intervention to protect the reorganization and plan approval process.  The global settlement of customer property issues entered among the constituencies in the Delaware Bankruptcy Court, the approved disclosure statement, and the

---

[1] The *Onusz* Class Action Plaintiffs join in any opposition the FTX Debtors may file to the MDL Plaintiffs' Motion, while also setting forth herein why the motion should be denied.

2

proposed plan of reorganization—all of which are subject to confirmation by Judge Dorsey in the coming months—resolve core matters within the purview of the Delaware Bankruptcy Court. The All Writs Act is not a vehicle for the MDL Plaintiffs to disrupt the orderly conduct of the FTX Debtors' bankruptcy and the resolution of core bankruptcy issues, and on that basis alone, the MDL Plaintiffs' request for an All Writs Act injunction should be denied.

## FACTUAL BACKGROUND

### A. The Bankruptcy Proceedings

On December 27, 2022, the *Onusz* Class Action Plaintiffs, individually and on behalf of a proposed class of FTX customers who were, and remain, unable to withdraw, use or access the billions of dollars in assets deposited at FTX at the time of the bankruptcy, filed their Adversary Complaint for Declaratory Judgment and Violations of Common Law (the "Adversary Complaint"). (*Onusz* Adversary Class Action, ECF No. 1). The *Onusz* Adversary Class Action—which asserts claims against the FTX Debtors and the FTX Insider Defendants—was the first adversary proceeding filed in the Delaware Bankruptcy Court seeking the recovery and return of misappropriated customer property. The *Onusz* Adversary Class Action was followed by a similar adversary proceeding filed by the Ad Hoc Committee of Non-US Customers of FTX.com (the "Ad Hoc Committee") against the FTX Debtors and, later, the filing of an adversary proceeding by the FTX Debtors against the FTX Insider Defendants.[2]

---

[2] *See Complaint for Declaratory Judgment*, Adv. Pro. No. 22-50514 (JTD) (Bankr. D. Del. Dec. 28, 2022), ECF No. 1; Complaint for Avoidance and Recovery of Transfers and Obligations Pursuant to 11 U.S.C. §§ 105, 544, 548 and 550, and Del. Code Ann. Tit. 6, §§ 1304 and 1305, for Breaches of Fiduciary Duties, for Aiding and Abetting Breaches of Fiduciary Duties, for Knowing Assistance in Breaches of Fiduciary Duties, for Waste of Corporate Assets, for Aiding and Abetting Waste of Corporate Assets, for Conversion, for Disallowance of Claims Pursuant to 11 U.S.C. § 502, and for Equitable Subordination of Claims Pursuant to 11 U.S.C. § 510(c)(1), Adv. Pro. No. 23-50448 (JTD) (Bankr. D. Del. July 20, 2023), ECF No. 1.

Following a series of heavily contested multi-day meetings in September and October 2023, the *Onusz* Class Action Plaintiffs, along with the Ad Hoc Committee and the Official Committee of Unsecured Creditors ("UCC"), worked with the FTX Debtors to reach a global settlement among these constituencies that resolves, among other things, the core question of whether misappropriated customer property is property of the estate. On October 16, 2023, the FTX Debtors filed a Notice of Proposed Settlement of Customer Property Disputes, attaching as an exhibit the Settlement and Plan Support Agreement that memorializes the terms of the global "customer property" settlement. (Chapter 11 Cases, ECF No. 3291 to 3291-1). The Settlement and Plan Support Agreement – which is subject to confirmation by the Delaware Bankruptcy Court in connection with the FTX Debtors' proposed plan of reorganization – provides that the customer property at issue in the applicable adversary proceedings are assets of the estate, in exchange for an acknowledgment that claims against the FTX Debtors, although unsecured, will have an equitable priority to certain property segregated at or taken from the exchanges.

On May 7, 2024, the FTX Debtors filed their Chapter 11 Plan of Reorganization (the "Plan") and accompanying Disclosure Statement setting forth the recoveries obtained to date and how those recoveries will be distributed to creditors. (Chapter 11 Cases, ECF Nos. 14300, 14301). As set forth in the solicitation version of the Disclosure Statement, the FTX Debtors "currently forecast that customers and digital asset loan creditors will recover between 119% and 143% of their Petition Date claim values." (*Id.* at ECF No. 19143, at 2). The Delaware Bankruptcy Court has established August 16, 2024, as the deadline for parties to submit ballots accepting or rejecting the plan, and a plan confirmation hearing will be subsequently held on October 7, 2024.

### B. The MDL Panel Denies Transfer of the *Onusz* Adversary Class Action, Including Claims Against the FTX Insider Defendants

Several months after the FTX Debtors filed the Settlement and Plan Support Agreement resolving the customer property disputes in the relevant adversary proceedings pending approval of the Plan, the MDL Plaintiffs filed a notice with the Judicial Panel on Multidistrict Litigation (the "MDL Panel" or "JPML") identifying the *Onusz* Adversary Class Action as a potential "tag-along" action. (MDL 3076, ECF No. 223). On December 22, 2023, the MDL Plaintiffs filed their *Motion for Transfer of Related Action to the Southern District of Florida for Consolidation into MDL No. 3076 and Incorporated Brief Memorandum of Law*. (MDL 3076, ECF No. 227). As relevant here, the MDL Plaintiffs urged the MDL Panel to transfer the *Onusz* Adversary Class Action to this Court pursuant to 28 U.S.C. § 1407 for the following reasons:

> The *Onusz* class is narrower than, and fully subsumed within the FTX MDL Plaintiffs' class against the Insiders, which seek to certify an international class and a nationwide class of all FTX customers "who, within the applicable limitations period, purchased or held legal title to and/or beneficial interest in any fiat or cryptocurrency deposited or invested through an FTX Platform, purchased or enrolled in a YBA, or purchased FTT." *See* Insider Complaint ¶ 287.
> The class definitions in the FTX MDL complaints, including the Insider Complaint, are in fact broader than the proposed class in the *Onusz* Action, which is limited to FTX customers with deposits on the exchange when it collapsed, and who have been unable to withdraw those deposits since, whereas the Insider Complaint class as defined includes FTX customers who have made deposits at any time on any FTX exchange.

(*Id.* ¶¶ 7, 8). Additionally, the MDL Plaintiffs claimed, without basis, that the *Onusz* Class Action Plaintiffs' entry into the Plan Support Agreement "prejudice[d] the FTX MDL Plaintiffs and the proposed overlapping class they all seek to represent." (*Id.* ¶ 12). The only prejudice alleged, however, was that the MDL Plaintiffs and the FTX Insider Defendants could no longer "engag[e] in negotiations to fully resolve claims for the benefit of all FTX customer class members, in contravention of prior orders of this Panel and the FTX MDL Court in managing the pretrial proceedings of these Related Actions." (*Id.* ¶ 13).

5

The MDL Panel rejected those arguments in denying the MDL Plaintiffs' motion to transfer the *Onusz* Adversary Class Action for consolidation into the MDL. (Order Denying Transfer, dated April 11, 2024, ECF No. 611). Specifically, the MDL Panel acknowledged that the questions raised by the *Onusz* Adversary Class Action—namely, "(1) whether customer deposits are property of the FTX debtors' estates, a central issue in the FTX bankruptcy; and (2) if so, what priority FTX customers have in the distribution of the estates' assets"—were questions "that the Delaware Bankruptcy Court likely will resolve . . . in the context of the proposed Chapter 11 Plan." (*Id.*) The MDL Panel also determined that "the status of *Onusz* and related cases [by the FTX Debtors and Ad Hoc Committee] in the FTX bankruptcy" rendered transfer of the *Onusz* Adversary Class Action impracticable. (*Id.* at 1-2).

The Delaware Bankruptcy Court likewise found in denying motions to sever by FTX Insider Defendants Ellison, Wang, and Singh that "[t]he most convenient and expeditious means to adjudicate [the *Onusz* Class Action Plaintiffs' claims] is to litigate them within the adversary proceeding before this Court." (*Onusz* Adversary Class Action, *Letter Ruling Denying Motions to Sever* dated May 2, 2024, ECF No. 116).

### C.   The MDL Plaintiffs' Proposed Settlements with the FTX Insider Defendants

Amid these disputes before the Delaware Bankruptcy Court and the MDL Panel, in March 2024, the MDL Plaintiffs moved for preliminary approval before this Court for what they referred to as their "first tranche of proposed Class Settlements." (ECF No. 565 at 1). According to the MDL Plaintiffs' motion, the "Insider Settling Defendants"—Ellison, Wang, and Singh—were already assisting the MDL Plaintiffs "in prosecuting the FTX MDL" pursuant to the terms of their proposed *non-monetary* settlements (*id.* at 2) and are obligated to assist the MDL Plaintiffs' efforts to transfer the *Onusz* Adversary Class Action to the MDL so they could settle it:

6

> Because the Class is broader than, and fully encompasses, the class definition in the *Onusz* Adversary Proceeding, and so to further facilitate a global resolution of all claims against Defendant, Defendant shall make reasonable efforts to support, by way of declaration, affidavit, and/or other court filing(s) with the JPML, the Southern District of Florida, and/or any other relevant court, the transfer to the FTX MDL pursuant to 28 U.S.C. § 1407 of the class action claims filed against [Defendant] in the *Onusz* Adversary Proceeding. Class Representatives shall likewise use make [sic] all reasonable efforts to support by way of declaration, affidavit, and/or other court filing(s) Defendant's pending motion to sever claims against [Defendant] in the *Onusz* Adversary Proceeding.

(*Id.* at Exs. B1-B3, ¶ 5.3).

The MDL Plaintiffs then filed their *Agreed Supplement to Plaintiffs' Motion for Preliminary Approval of First Tranche of FTX Settlements* on April 19, 2024 (ECF No. 618 to 618-1)—just a week after the MDL Panel denied their motion to transfer the *Onusz* Adversary Class Action to the MDL. The Agreed Supplement attached the MDL Plaintiffs' proposed settlement with the remaining FTX Insider, Bankman-Fried, which, like the proposed settlements with the other Insider Settling Defendants, required Bankman-Fried's cooperation to seek transfer of the claims against him in the *Onusz* Adversary Class Action in consideration for full and final settlement of the claims asserted against him in the MDL. (ECF No. 618-1, Ex. A, ¶ 5.3).

Critically, all of the MDL Plaintiffs' proposed settlements with the FTX Insider Defendants purport to settle not only their claims against those defendants in the MDL proceedings, but also the claims being asserted in the *Onusz* Adversary Class Action and related adversary proceedings pending before the Delaware Bankruptcy Court. Paragraph 4.3 in each states:

> "Class" means, collectively, the classes defined in the Complaint, as follows: All persons or entities who, within the applicable limitations period, purchased or held legal title to and/or beneficial interest in any fiat or cryptocurrency deposited or invested through an FTX Platform, purchased or enrolled in a YBA, or purchased FTT.
> To the extent not otherwise included in the Class, ***Class Members include customers of the FTX Group who deposited cash and/or digital assets at either or both of the FTX Group's U.S.-based and non-U.S.-based trading platforms and***

7

> ***have been unable to withdraw, use or access the billions of dollars in assets that were contractually required to be held safely in accounts on their behalf.***

(*See, e.g.*, ECF No. 565, Ex. B1, ¶ 4.3; ECF No. 618-1, Ex. A, ¶ 4.3) (emphasis added). In addition to the expansive and far-reaching class definition, paragraph 6.1 states that all claims against the FTX Insider Defendants in any action, in any forum, shall be deemed forever released by operation of the MDL Plaintiffs' non-monetary settlements with the FTX Insider Defendants:

> On the Effective Date, ***Releasors, including but not limited to Class Representatives, on their own behalf and on behalf of each Settlement Class Member***, by operation of this Release and the Order of Final Approval, do hereby and shall be deemed to have fully, finally, conclusively, irrevocably, and forever released, settled, compromised, relinquished, and discharged any and all of Defendant of and from any and all Released Claims, including Unknown Claims, and, without further action by any person or the District Court, will be deemed: (a) to have consented to the dismissal with prejudice of any and all Released Claims; (b) to have released and forever discharged any and all Released Claims; and (c) to be forever barred and enjoined from instituting or further prosecuting, in any forum whatsoever, . . . each and every Released Claim.

(emphasis added).

## **APPLICABLE LEGAL STANDARD**

A court's authority to "issue all writs necessary or appropriate in aid of their respective jurisdictions" (28 U.S.C. § 1651(a)) is "firmly circumscribed." *Alabama v. U.S. Army Corps of Eng'rs*, 424 F.3d 1117, 1132 (11th Cir. 2005) (quoting *ITT Cmty. Dev. Corp. v. Barton*, 569 F.2d 1351, 1358 (5th Cir. 1978)). "Generally, if a party will have opportunity to raise its claims in the concurrent federal proceeding sought to be enjoined, that concurrent proceeding is deemed to provide an adequate remedy at law." *Id.* Accordingly, "[t]he simple fact that litigation involving the same issues is occurring concurrently in another forum does not sufficiently threaten the court's jurisdiction as to warrant an injunction under this act." *Klay v. United Healthgroup, Inc.*, 376 F.3d 1092, 1102–03 (11th Cir. 2004).

An All Writs Act injunction is an extraordinary remedy that can only be issued "in aid of" the issuing court's existing jurisdiction. *Clinton v. Goldsmith*, 526 U.S. 529, 534 (1999). This limitation means that a court can exercise its authority under the All Writs Act only when it is shown to be necessary to the preservation or exercise of its subject-matter jurisdiction; thus, "[c]onduct not shown to be detrimental to the court's jurisdiction or exercise thereof cannot be enjoined under the Act." *Mitsubishi Int'l Corp. v. Cardinal Textile Sales, Inc.*, 14 F.3d 1507, 1517 n.17 (11th Cir. 1994) (citation omitted).

## ARGUMENT

### I. THE MDL PLAINTIFFS HAVE NOT DEMONSTRATED A LEGITIMATE THREAT TO THIS COURT'S JURISDICTION

The MDL Plaintiffs' Motion fails to point to any conduct that would justify the issuance of an extraordinary All Writs Act injunction here. As their sole rationale for the requested relief, the MDL Plaintiffs posit that any order by the Delaware Bankruptcy Court enjoining their actions "would render the parties unable to comply with *all* deadlines and orders as to those MDL." (*Id.*) But this argument rests entirely on the incorrect notion that the claims at issue belong to the MDL Plaintiffs. (*See id.* at 14) ("The MDL claims belong to Plaintiffs and are already properly before this Court, not the Bankruptcy Court."). They are wrong.

The MDL Plaintiffs have not—because they cannot—establish their authority to litigate, settle, or release the estate and customer claims being asserted in the adversary proceedings before the Delaware Bankruptcy Court as part of this MDL. There can be no genuine dispute that the MDL Plaintiffs' proposed settlements, at least with respect to the FTX Insider Defendants, purport to settle and release claims that both the MDL Panel and the Delaware Bankruptcy Court have conclusively determined *do not belong in this MDL*, and instead, belong in the proceedings currently before the Delaware Bankruptcy Court. The MDL Plaintiffs have made it well known—

9

except in their instant motion and contemporaneously filed response to the Court's July 18, 2024 Order (ECF No. 714)—that their proposed class definition is intended to fully subsume the *Onusz* Class Action Plaintiffs' proposed class of customers, which include *only* current customer victims who were, and remain, unable to withdraw, use or access the billions of dollars in assets on deposit at the time of FTX's bankruptcy.³ Nevertheless, the MDL Panel found that argument insufficient to justify transfer of the *Onusz* Adversary Class Action because it correctly observed that "the bulk of the factual and legal questions in *Onusz* are before the bankruptcy judge in two related adversary proceedings," such that separating the claims against the FTX Insider Defendants in the *Onusz* Adversary Class Action and transferring them to the MDL for consolidation with the MDL Plaintiffs' claims would be "impracticable" and "likely to create significant inefficiencies." (ECF No. 611 at 1-2).

While that should have ended the matter, the MDL Plaintiffs worked closely with the FTX Insider Defendants (as MDL Plaintiffs readily admit in their motion for preliminary approval (ECF No. 565) before this Court) to file additional motions to sever and transfer the claims in the *Onusz* Adversary Class Action for consolidation into this MDL. Those efforts also failed, as the Delaware Bankruptcy Court mirrored the MDL Panel's ruling and rejected the FTX Insider Defendants' argument that the MDL "was a more appropriate forum for the resolution of the claims" against them because the MDL Panel had "clearly denied the FTX Executive Defendants' request to transfer its claims." (*Onusz* Adversary Class Action, ECF No. 116). It cannot be stated

---

³ The MDL Plaintiffs' proposed settlements with the FTX Insider Defendants contain virtually identical language in defining the proposed class. *See, e.g.*, ECF No. 565, Ex. B1, ¶ 4.3; ECF No. 618-1, Ex. A, ¶ 4.3 ("To the extent not otherwise included in the Class, **Class Members include customers of the FTX Group who deposited cash and/or digital assets at either or both of the FTX Group's U.S.-based and non-U.S.-based trading platforms and have been unable to withdraw, use or access the billions of dollars in assets that were contractually required to be held safely in accounts on their behalf**.") (emphasis added).

10

emphatically enough that, given the MDL Panel and Bankruptcy Court rulings, there is absolutely no basis for the MDL Plaintiffs to contend that the resolution of the customer claims at issue in the *Onusz* Adversary Class Action and the related adversary proceedings before the Delaware Bankruptcy Court implicates the jurisdiction of this Court in any way, let alone that it poses a legitimate threat to this Court's existing jurisdiction, sufficient to invoke this Court's firmly circumscribed authority to issue injunctions under the All Writs Act.  *See Alabama*, 424 F.3d at 1132; *see also Klay*, 376 F.3d at 1110 (overturning an All Writs Act injunction, where the district court failed "to explain how allowing an arbitration involving arbitrable issues to proceed—even if those claims were nonjusticiable—threatened or undermined either its jurisdiction over a pending matter . . . or any previous orders it entered").[4]

## II.     THE DELAWARE BANKRUPTCY COURT IS THE PROPER FORUM FOR DETERMINING WHAT IS OR IS NOT PROPERTY OF THE BANKRUPTCY ESTATE

The MDL Plaintiffs next argue that an All Writs Act injunction is warranted because "a Bankruptcy Court order granting the relief requested by FTX Trading would be wildly overbroad" and encompass claims that do not constitute estate property.  (Mot. at 15).  In addition to being merely speculative, this argument presumes the Delaware Bankruptcy Court is ill-equipped to determine what claims are property of the bankruptcy estate and what claims are not.  Such a

---

[4] The cases cited by the MDL Plaintiffs as examples of MDL courts properly issuing All Writs Act injunctions to safeguard their respective jurisdiction and authority (*see* Mot. at 12-14) are all demonstrably inapposite.  For example, the MDL Plaintiffs cite *In re Managed Care Litigation*, 236 F. Supp. 2d 1336, 1343 (S.D. Fla. 2002), for the proposition that an MDL court can issue an All Writs Act injunction when necessary to comply with "the JPML's mandate" conferring authority on the MDL court "to streamline pretrial proceedings" and "direct[] the appropriate resolution of all claims" before it.  (Mot. at 12).  However, it is undisputed here that the MDL Plaintiffs are attempting to settle and release claims being asserted in the *Onusz* Adversary Class Action and related adversary proceedings against the FTX Insider Defendants that were never consolidated into this MDL for pretrial proceedings.  The MDL Plaintiffs' reliance on *In re 3M Combat Arms Earplug Products Liability Litigation*, No. 3:19md2885, 2022 WL 3370146, at *2 (N.D. Fla. Aug. 16, 2022), is likewise misplaced for the same reasons—here, the MDL Panel and the Delaware Bankruptcy Court have both refused to transfer the very claims the MDL Plaintiffs seek to resolve in these proceedings.

presumption is contrary to well-settled law. *See, e.g.*, *In re BankUnited Fin. Corp.*, 462 B.R. 885, 893–94 (Bankr. S.D. Fla. 2011), *rev'd on other grounds*, 727 F.3d 1100 (11th Cir. 2013) ("Contrary to the FDIC-R's argument, what is or is not property of a bankruptcy estate is an issue that stems from the bankruptcy itself, one that can only arise in a bankruptcy proceeding, since the concept of what is property of a bankruptcy estate does not exist outside of a bankruptcy case." (internal citations omitted)); *see also In re Fisher*, 67 B.R. 666, 668 (Bankr. D. Colo. 1986) ("The determination of what constitutes property of the bankruptcy estate is inherently an issue to be determined by the bankruptcy court.").

Both the automatic stay provision, 11 U.S.C. § 362(a)(3), and the enforcement of that provision under Section 105(a) of the Bankruptcy Code, requires a threshold determination of what is or is not property of the estate. That question undoubtedly falls within the purview of the Delaware Bankruptcy Court, and the MDL Plaintiffs' contrary assertion that "the better course is for this District Court to enjoin FTX Trading from seeking such an order and then, upon proper motion, identify whether the stay applies to the pending cases" (Mot. at 16) is wholly unsupported. But most importantly, the MDL Panel itself has already determined that these customer claims and related property issues belong in the proceedings before the Delaware Bankruptcy Court, and thus it refused to transfer them as requested by the MDL Plaintiffs.

Ignoring the MDL Panel's ruling, the MDL Plaintiffs cite a single case from the Northern District of Illinois (*In re Mahurkar Double Lumen Hemodialysis Catheter Patent Litigation*, 140 B.R. 969 (N.D. Ill. 1992)) for the proposition that this Court—rather than the Delaware Bankruptcy Court—should determine whether any claims asserted in the MDL actions should be enjoined under Section 362 of the Bankruptcy Code. While the MDL court "may have the perspective needed to manage litigation that involves other parties," as the *Mahurkar* court observed (*id.* at

12

973), that perspective is limited where, as here, the claims at issue were specifically *not* transferred to the MDL court by the MDL Panel. Even had these claims been transferred, which they were not, *Mahurkar* stands only for the proposition "that both the bankruptcy court and the court in which the other litigation exists may construe the automatic stay." *Id.* This is because bankruptcy judges "have greater familiarity with bankruptcy law" and "alone possess the power to coordinate the many actions that may be pending against the debtor throughout the nation." *Id.* The mere fact that the MDL Plaintiffs are not asserting any claims against the FTX Debtors in the MDL proceedings does not limit the Delaware Bankruptcy Court's jurisdiction to determine what constitutes property of the estate and, as a corollary, what claims may be enjoined pursuant to Sections 105(a) and 362(a) of the Bankruptcy Code. *See, e.g.*, *Celotex Corp. v. Edwards*, 514 U.S. 300, 309–11 (1995) (recognizing that, even where a proceeding "does not directly involve [the debtor]," the bankruptcy court has broad "related to" jurisdiction to issue a § 105(a) injunction if that proceeding would interfere with or affect administration of the debtor's reorganization plan under Chapter 11).

### III. THE MDL PLAINTIFFS' LACHES ARGUMENT IS FRIVOLOUS

In a last-ditch effort to convince this Court that the FTX Debtors' motion for relief before the Delaware Bankruptcy Court is somehow improper, the MDL Plaintiffs argue that the FTX Debtors' motion is time-barred under "the equitable doctrine of laches." (Mot. at 17). Not only is this argument completely irrelevant to the issue at hand—*i.e.*, whether an All Writs Act injunction is appropriate here—but it is also frivolous, considering that it is the MDL Plaintiffs' own conduct in attempting to settle and release claims currently pending before the Delaware Bankruptcy Court has prompted the FTX Debtors (and the *Onusz* Class Action Plaintiffs by joinder) to seek preliminary declaratory and injunctive relief against the MDL Plaintiffs to ensure that the agreements between the MDL Plaintiffs and FTX Insider Defendants do not derail the plan

approval process and administration of the estates as contemplated by the FTX Debtors' proposed Plan, currently scheduled for a confirmation hearing in early October 2024.

## CONCLUSION

For the reasons discussed herein, the *Onusz* Class Action Plaintiffs respectfully request that this Court deny the MDL Plaintiffs' motion for an All Writs Act injunction and allow the Delaware Bankruptcy Court to resolve the issues before it as a matter of course.

Dated: August 15, 2024

Respectfully submitted,

**GRAY ROBINSON, P.A.**

*/s/ Jason Zimmerman*
Jason A. Zimmerman
Florida Bar No. 104392
301 East Pine Street, Suite 1400
Orlando, Florida 32801
Telephone: (407) 843-8880
jason.zimmerman@gray-robinson.com

-and-

**ENTWISTLE & CAPPUCCI LLP**
Andrew J. Entwistle (Pro *hac vice pending*)
500 W. 2nd Street, Suite 1900
Austin, Texas 78701
Telephone: (512) 710-5960
aentwistle@entwistle-law.com

*Counsel for Austin Onusz, Cedric Kees van Putten, Nicholas J. Marshall and Hamad Dar*