UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

MDL No. 3076
Case No. 1:23-md-03076-KMM

**IN RE:**

**FTX Cryptocurrency Exchange Collapse Litigation**

_____

This document relates to:

THIS DOCUMENT RELATES TO ALL ACTIONS

_____/

**MDL PLAINTIFFS' MOTION FOR APPROVAL OF
GLOBAL RESOLUTION WITH FTX DEBTORS**

Plaintiffs respectfully file this Motion for entry of an order approving the Global Resolution of all pending disputes between Plaintiffs and the FTX Debtors ("Parties").

1. After many months of extensive negotiations, the Parties are proud to announce that the FTX MDL Plaintiffs and FTX Debtors have reached a resolution of disputes and agreed upon a clear path to go forward, working together to maximize recoveries for all FTX Victims.[1] A copy of the executed settlement agreement is attached as **Exhibit A** ("Global Resolution").

2. No one disputes the bankruptcy litigation has been successful. But one main reason why it is now crucial to proceed with litigating the MDL claims is that, because damages in the bankruptcy court are limited to recovering only some crypto assets based on petition date values, the damage suffered by the proposed class of MDL customer victims may be upwards of *$21 billion more* than they can expect to recover in the bankruptcy court.

3. For example, many class members had millions of dollars in FTT tokens, but based on the proven fraud, FTT was practically worthless by the time FTX filed for bankruptcy protection.

4. Pending before various federal courts, as explained below, are contested issues between the MDL Plaintiffs and FTX Debtors. After encouragement by all courts, the Parties have reached a Global Resolution and an FTX Joint Plan, so that the Parties themselves—without the necessity of a Court decision—were able to agree upon the best path going forward for all FTX victims.

---

[1] The Bankruptcy Court holds regular omnibus hearings once a month, see **Exhibit B**, where all issues may be timely raised and resolved in an organized and efficient manner, which has allowed bankruptcy counsel to greatly advance that process. Plaintiffs respectfully submit that regular MDL status conferences could have a similar effect in accelerating this MDL.

1

5. The Global Resolution will allow the MDL Plaintiffs, and the FTX Debtors, to coordinate their activities before this MDL Court, the Bankruptcy Court, and in the FTX criminal prosecutions.

6. MDL Plaintiffs are grateful that FTX CEO John J. Ray III, and his Estate counsel, desired to obtain the best possible recovery for all FTX victims; and thus the Parties formulated and coordinated a Global Resolution, which will enable FTX customer victims to recover additional billions of dollars in damages from all culpable third parties.

**A. These MDL Cases**

7. FTX Trading admittedly committed one of the largest fraudulent financial crimes across the globe. This massive fraud involved many different players and professionals and resulted in extensive litigation before this MDL District Court, criminal matters before the United States District Court for the Southern District of New York, and bankruptcy matters before the Bankruptcy Court in Delaware. FTX Trading is a debtor in the Delaware bankruptcy and has appeared in this MDL case as a debtor in possession. ECF Nos. 616, 617, 633, 694.

8. The JPML's Transfer Order, entered June 5, 2023, sent multiple civil class actions, all pending across the country and all seeking damages related to the collapse of the FTX cryptocurrency exchange, to this Court "for coordinated or consolidated pretrial proceedings." ECF 1 at 4. The JPML found that "[c]entralization will eliminate duplicative discovery; prevent inconsistent pretrial rulings, especially with respect to class certification and Daubert motions; and conserve the resources of the parties, their counsel and the judiciary." ECF 1 at 3. As of today, 39 cases have been consolidated before this Court from 12 district courts on behalf of 34 named plaintiffs raising over a hundred claims in putative class actions against 76 defendants.

9. Per this Court's orders, this MDL is organized into tracks, with seven tracks covering seven groups of defendants. *See* ECF 59-1. The tracks include:

- Domestic Venture Capital Funds
- Multinational Venture Capital Funds
- Accountants
- Law Firms
- Promoters & Digital Creators
- FTX Insiders
- Banks

10. Seventy-six Defendants are currently named across all tracks. In all of the tracks, the MDL claims are brought by plaintiffs as putative class actions on behalf of similarly situated investors, who were injured when FTX froze their respective accounts in November 2022. All class members from around the world are limited to those "who, within the applicable limitations period, purchased or held legal title and/or any beneficial interest in fiat or cryptocurrency deposited or invested through an FTX Platform, purchased or enrolled in a YBA, or purchased FTT." *See, e.g.*, ECF 157 at 255. Thus, all MDL Plaintiffs had customer accounts with FTX (e.g., they are not trade creditors) and they seek damages and other relief to be determined through a jury trial. *See, e.g.*, ECF 157 at 286.

11. Currently pending before the Court for decision are eleven Motions to Dismiss and two Motions for Leave to Amend Complaints. The Court has stayed three newer complaints pending a ruling on the fully briefed motions to dismiss.[2]

---

[2] Fortunately, in the interim, many Courts around the country, including Judge Frederico Moreno of this Court, have issued opinions that confirm that the crypto assets at issue in these cases are in fact unregistered securities. Plaintiffs have filed 7 notices of supplemental authority to bring these opinions to the Court's attention. *See, e.g.,* ECF No. 722 (*Order Denying Motion to Dismiss*, *Harper v. O'Neal*, 23-cv-21912-FAM, ECF No. 91 (S.D. Fla. 2024)); *see also* ECF No. 730 (*Order Denying Motion to Dismiss*, *SEC v. Payward, Inc. et al.*, 23-cv-06003-WHO, ECF No. 90 (S.D. Fla. 2024)); ECF No. 535 (*Opinion & Order, SEC v. Genesis Global Cap., LLC et al*, No. 1:2023cv00287 (S.D.N.Y. 2024)); ECF No. 552 (*Final Order & Judgement as to Defendant Genesis Global Cap., LLC, SEC v. Genesis Global Cap., LLC et al*, No. 1:2023cv00287 (S.D.N.Y. 2024)); ECF No. 559 (order denying motion to dismiss in *Bhatia v. Silvergate Bank*, 23CV1406-RBM(BLM) (S.D. Cal. Aug. 23, 2024)); ECF No. 560 (*SEC v. Coinbase, Inc. et al*, No. 23 Civ. 4738(KPF) (S.D.N.Y. 2024)); ECF No. 691 (*SEC v. Ian Balina*, No. 1:22-CV-00950-DAE (W.D. Tex. 2024)).

3

| Title | ECF |
|---|---|
| **Motions To Dismiss** | |
| Farmington State Bank dba Moonstone Bank's Motion to Dismission Administrative Complaint and Incorporated Memorandum of Law | 262 |
| YouTuber Defendants' Motion to Dismiss Amended Complaint Pursuant to Rule 12(b)5 | 265 |
| Celebrities Defendants' Motion to Dismiss Complaint | 271 |
| Fenwick & West LLP's Motion to Dismiss Administrative Complaint Pursuant to Rule 12(b)6 and 9(b) | 276 |
| Armanino and Prager Metis CPAs' Joint Motion to Dismiss Complaint | 281 |
| William Trevor Lawrence's Individual Motion to Dismiss | 283 |
| Investor Defendants' Motion to Dismiss the Administrative Complaint | 301 |
| K5 Global Advisors LLC's Individual Motion to Dismiss | 302 |
| The Multinational VC Defendants' Motion to Dismiss the Corrected Administrative Complaint | 303 |
| William Trevor Lawrence's Corrected Notice of Joinder in Defendants' Motion to Dismiss | 311 |
| Sino Global Capital Limited's Motion to Dismiss Corrected Administrative Complaint for Failure to State a Claim | 499 |
| **Motions for Leave to Amend Complaints** | |
| Motion for Leave to File Amended Complaint Against BANKS | 492 |
| Motion for Leave to File Amended Complaint Against VCs | 493 |
| **Stayed Complaints** | |
| Paperless Order Granting Unopposed Motion to Stay Pending A Ruling on the Sports & Entertainment Defendants' Motion to Dismiss - **Furia** | 676 |
| Paperless Order Granting Unopposed Motion to Stay Pending A Ruling on the Sports & Entertainment Defendants' Motion to Dismiss - **Riot** | 677 |
| Paperless Order Granting Unopposed Motion to Stay Pending A Ruling on the Sports & Entertainment Defendants' Motion to Dismiss - **MLB** | 678 |

12. On March 11, 2024, Plaintiffs advised the Court that they had reached a settlement with eleven FTX MDL Defendants: FTX Insider Defendants, Gary Wang, Nishad Singh, Caroline Ellison, and Dan Friedberg, as well as FTX Promoter Defendants, William Trevor Lawrence, Kevin Paffrath, Tom Nash, Brian Jung, Graham Stephan, Andre Jikh, and Jeremy LeFebvre. (ECF 530). The Court then stayed the cases as to those settling Defendants and ordered that Plaintiffs file their omnibus motion for preliminary approval of a class settlement before March 27, 2024 (ECF 539), which Plaintiffs timely filed. (ECF 565). That motion for approval remains pending.

**B. The Chapter 11 Cases**

13.  While Plaintiffs in this Court have been pursuing their claims against dozens of third parties who took part in the massive FTX fraud, the Chapter 11 bankruptcy of FTX Trading and certain of its affiliated debtors have been ongoing (the "FTX Debtors"). Case No. 22-bk-11068 (Bankr. D. Del) ("BK"). The Bankruptcy was initiated in November 2022, and its purpose is distinct from this MDL. In the Bankruptcy, the FTX Trading executives and their counsel work to marshal the property of the debtor's estate for the benefit of its creditors and pursue pre-petition activity. Thus, while the creditors' claims are limited to recovering the FTX Debtors' property valued as of the date of the initial Chapter 11 bankruptcy petition, the Plaintiffs here may seek to recover the difference between the bankruptcy recovery and the full damages they and the class of FTX customers have incurred as a result of the FTX fraud, without limitation to "petition date" value.[3]

14.  Given the related nature of the proceedings, however, the MDL Plaintiffs' attorneys and counsel for FTX Trading in the bankruptcy have been in contact for many months, ultimately arriving at this agreement to work together cooperatively, to share certain information, and coordinate meetings with witnesses.

15.  MDL Plaintiffs were successful in negotiating with the FTX Debtors the removal from the Chapter 11 Plan of the Anti-Double Dip Provision as applied to these MDL claims, which presumed that claims asserted in the MDL are for the "same losses underlying" an Allowed Claim (*i.e.*, a scheduled or filed claim that has been allowed in the Chapter 11 Cases), and thus would provide duplicative recovery. However, as discussed above, the claims asserted by FTX customers against the FTX Debtors are limited to the dollarized value of cryptocurrency deposited with the

---

[3] "BK" refers to the Bankruptcy Court docket numbers.

5

FTX Debtors as of the Petition Date, and, pursuant to the Claims Estimation Order, FTX customers cannot receive more than that in the Bankruptcy, which the FTX Debtors estimate to be approximately $9.2 billion in the aggregate. As this Court is aware, cryptocurrencies have appreciated in value since the Petition Date, such that the true loss to FTX customers is more than $30 billion in the aggregate. A purpose of the MDL Claims is to recover these additional losses, which are not permitted to be recovered by FTX customers in the Bankruptcy under the Bankruptcy Code, the Claims Estimation Order, and the Plan.

### C. Forfeiture Petitions and Representation of MDL Customer Victims

16. MDL Plaintiffs and counsel have also been active in the proceedings before Judge Kaplan in the United States District Court for the Southern District of New York (the "SDNY Court"). Because they did not have the means or process established to independently identify and reach out to all FTX customer victims, and they knew that we did, the Government sought our assistance in meeting with all of our clients and compiling hundreds of FTX customer victim impact statements and providing testimony and argument to Judge Kaplan in connection with the sentencing of Sam Bankman-Fried and Caroline Ellison. MDL counsel further met in the settlement context with the FTX Insider Defendants in order to obtain important information to assist in the forfeiture process.

17. Judge Kaplan then issued a Preliminary Order of Forfeiture / Money Judgment [Criminal Docket No. 423] (the "Preliminary Forfeiture Order"), which directed the forfeiture of 259 specific properties tied to the fraudulent activities of SBF and other insiders against FTX customers. These assets include substantial amounts of cryptocurrency, cash, and other financial instruments held in various accounts and entities linked to SBF and the other FTX Insiders. These assets are primarily the proceeds of wire fraud and property involved in money laundering.

18. Since the SDNY Court issued its Preliminary Forfeiture Order several parties, including the MDL Plaintiffs and FTX Debtors, filed forfeiture petitions, seeking to adjudicate the validity of their superior interests in the assets identified in the Preliminary Forfeiture Order.

19. To this day, MDL counsel conduct weekly Zoom townhalls with all FTX class members, in which we provide updates on the progress of the FTX litigation and bankruptcy to ensure all victims maximize their recoveries in the bankruptcy and the MDL. All attendees are able to ask questions about the progress, and their specific issues.

20. After the townhalls, our attorneys schedule victim-specific conferences for those who need more help. For example, if the Customer Entitlement Amount in the bankruptcy does not match the victim's records, or if the victim wants to know how their claims fit in the greater scheme of the litigation, we set calls with them to make sure they have the very best information.

21. We also receive communications from victims from all over the world daily and have responded to thousands of inquiries about the litigation, the bankruptcy claims process, the Bahamas claims process, and any other matters pertaining to the FTX collapse.

22. All told, we have spent hundreds (if not thousands) of hours assisting victims and will continue to do so every day until these matters are completed.

**THE GLOBAL RESOLUTION**

23. Co-Lead Counsel believe this Global Resolution is in the best interests of all class members. Absent a settlement, the class would need to devote substantial resources to, and incur substantial delays from:

   a. fighting plan confirmation in the bankruptcy court, including to have the Anti-Double Dip Provision struck, thereby allowing recoveries in excess of the bankruptcy claim amount;

    b. helping MDL Plaintiffs avoid the specific harms brought upon them through their status as Class Representatives, including delayed claim payment and preference actions;

    c. fighting for ownership of all MDL claims in multiple forums; and

    d. fighting to avoid a stay of all MDL litigation pending the conclusion of the bankruptcy proceedings.

In a context where the Global Resolution is an available path forward, continuing to devote substantial time and resources away from litigating these MDL cases on their merits against the MDL defendants themselves and towards these interim measures, instead—none of which provide for direct recovery of any damages to our injured class members—would not serve the best interests of the MDL Plaintiffs or the class of MDL customer victims they seek to represent, despite the fact that MDL Plaintiffs and MDL Counsel continue to believe that they would ultimately be successful in each of these interim proceedings.

24. Instead, the Global Resolution provides an immediate path forward for all class members, both in the bankruptcy and in the MDL. Through the bankruptcy plan, which the MDL Leadership and MDL Plaintiffs unanimously support, MDL Plaintiffs will receive their petition day losses in the near term and face no risk of preference actions. In addition:

    a. Nearly all MDL claims will be permitted to move forward immediately, without regard for any of the bankruptcy stay provisions;

    b. Nearly all MDL claims will be permitted to move forward immediately, without any bankruptcy-related injunctions;

    c. Rather than litigate ownership of the claims up front, the parties will cooperate to litigate the claims and negotiate an appropriate split of the proceeds between

       the MDL and the bankruptcy amongst themselves, with the help of a mediator or arbitrator only if required. This avoids not only a substantial initial delay in litigation, but also a significant expense for the class and a significant drain on court resources;

d. The MDL recoveries will not be subject to the Anti-Double Dip Provision in the bankruptcy plan, which would have effectively prevented any MDL class member from recovering any amount over and above their allowed bankruptcy claim, measured at the petition date loss and subject to the constraints of federal bankruptcy law;

e. It offers a route for the MDL Plaintiffs and the Estate to share information and cooperate in order to maximize recoveries to the victims, including through the possibility of reaching joint settlements to offer defendants peace in both courts; and

f. It avoids an all but certain delay of a year or substantially more before beginning to litigate the MDL claims.

25. As set forth more fully in the Global Resolution (see **Exhibit A**), the Parties agree that that MDL Plaintiffs can pursue nearly all of the pending claims in this MDL without regard to the stay, injunction, or Anti-Double Dip provisions in the *First Amended Joint Chapter 11 Plan of Reorganization of FTX Trading Ltd. and its Debtor Affiliates* [BK ECF No. 22165] ("Chapter 11 Plan"), and that 100% of any recoveries can be distributed as agreed between the Debtors and MDL counsel without offset to plan recoveries. By prosecuting these actions together, and coordinating where appropriate, the Parties can offer all third-parties global peace in both the MDL Court, as well as the FTX Bankruptcy Court, upon resolution of their claims.

26. The Parties have gathered and generated a tremendous amount of helpful materials regarding the liability of various third parties and sharing such information can only serve to maximize recoveries.

27. The Parties have also agreed to a cessation of litigation between them. Upon approval from this Court and the Bankruptcy Court, FTX Debtors will dismiss with prejudice their adversary proceeding against the named MDL Plaintiffs which sought to enjoin the MDL Plaintiffs from litigating certain of their claims in the FTX MDL, *FTX Trading Ltd. v. Chernyavsky*, No. 24-50072 (JTD) (Bankr. D. Del). MDL Plaintiffs will withdraw their objections to the Chapter 11 Plan and objections to FTX Professionals' fee requests. MDL Plaintiffs will withdraw their Plaintiffs' Motion for *All Writs Act* Injunction Against Debtor-In-Possession, FTX Trading LTD, and Related FTX Debtors [ECF No. 713] pending before the Court. MDL Plaintiffs will also withdraw their June 17, 2024, *Ancillary Petition for Hearing to Adjudicate Validity of Legal Interest and Right to Forfeited Property under 21 U.S.C. §853(n)*, and thus support that the billions of dollars in forfeiture damages already ordered by courts (and any additional forfeiture damages), such as Federal District Judge Kaplan, all be run through the bankruptcy plan.

28. As a result of these extensive negotiations, MDL Plaintiffs now fully support the proposed Chapter 11 Plan, which will no longer include provisions that MDL Co-Leads felt would be harmful to the class interests, including the Anti-Double Dip Provision that purported to prevent MDL Plaintiffs or MDL class members from pursing claims in this forum.

29. Further, the FTX Debtors will allow the claims of MDL Plaintiffs pursuant to the Chapter 11 Plan, and pay them out without any delays resulting from these litigations.

30.     MDL Plaintiffs will move to sever and stay their pending request for preliminary approval of the FTX Insider Settlements (but proceed with preliminary approval of settlement with the FTX Promoters), in the Motion for Preliminary Approval [ECF No. 565], until such time as coordinated with the FTX Debtors, in accordance with the Global Resolution.

31.     Should the Court approve of this Global Resolution, MDL Plaintiffs respectfully submit that the Court should establish monthly status conferences, at the Court's convenience, so that the parties may expeditiously raise any issues requiring Court intervention for resolution in a timely manner, thereby advancing these MDL actions in line with the policy of just and efficient resolution of these complex consolidated proceedings.

32.     Any class-wide settlements reached with any Defendants in this MDL pursuant to this arrangement with the FTX Debtors will be subject to the Notice provisions of Rule 23 of the Federal Rules of Civil Procedure.

## CONCLUSION

Plaintiffs and the FTX Debtors respectfully request the Court enter an Order approving the Global Resolution.  A Proposed Order is attached as **Exhibit C**.

## CERTIFICATE OF COMPLIANCE WITH LOCAL RULE 7.1 (a)(3)

In compliance with Local Rule 7.1(a)(3), counsel for Plaintiffs and FTX Debtors conferred regarding the Motion and all Parties came to agreement on this Request for relief.

Dated: September 25, 2024

**By:** */s/ Adam Moskowitz*
Adam M. Moskowitz
Florida Bar No. 984280
Joseph M. Kaye
Florida Bar No. 117520
**THE MOSKOWITZ LAW FIRM, PLLC**
Continental Plaza
3250 Mary Street, Suite 202
Coconut Grove, FL 33133
Office: (305) 740-1423
adam@moskowitz-law.com
joseph@moskowitz-law.com
service@moskowitz-law.com

*Co-Lead Counsel*

Respectfully submitted,

**By:** */s/ David Boies*
David Boies
Alexander Boies
Brooke A. Alexander
Marc Ayala
**BOIES SCHILLER FLEXNER LLP**
333 Main Street
Armonk, NY 10504
914-749-8200
dboies@bsfllp.com
aboies@bsfllp.com
balexander@bsfllp.com
mayala@bsfllp.com

Stephen Neal Zack
Florida Bar No. 145215
Tyler Ulrich
Florida Bar No. 94705
**BOIES SCHILLER FLEXNER LLP**
100 SE 2nd St., Suite 2800
Miami, FL 33131
Office: 305-539-8400
Fax: 305-539-1307
szack@bsfllp.com

*Co-Lead Counsel*

# CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing was filed on September 25, 2024, via the Court's CM/ECF system, which will send notification of such filing to all attorneys of record.

**By:** */s/ Adam Moskowitz*
Adam M. Moskowitz