# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF FLORIDA

|  |  |
|---|---|
| IN RE:<br>FTX CRYPTOCURRENCY EXCHANGE<br>COLLAPSE LITIGATION<br><br>THIS DOCUMENT RELATES TO:<br><br>*Lahav et al. v. Binance Holdings Limited et al.*,<br>No. 1:24-cv-21421-MOORE (PSLRA Class<br>Action) | MDL No. 3076<br><br><br>Case No. 23-md-03076-KMM |

## DEFENDANTS BAM TRADING SERVICES INC. AND BAM MANAGEMENT US HOLDINGS INC.'S REPLY MEMORANDUM IN SUPPORT OF MOTION TO DISMISS THE FIRST AMENDED CONSOLIDATED CLASS ACTION COMPLAINT

Daniel T. Stabile, Esq.
Fla. Bar No. 10193
DStabile@winston.com
Gabriela A. Plasencia, Esq.
Fla. Bar No. 115788
GPlasencia@winston.com
**WINSTON & STRAWN LLP**
200 S. Biscayne Blvd., Ste. 2400
Miami, FL 33131
Tel: (305) 910-0500

Jeffrey L. Steinfeld, Esq.
Cal. Bar No. 294848
JLSteinfeld@winston.com
**WINSTON & STRAWN LLP**
333 S. Grand Ave.
Los Angeles, CA 90071
Tel: (213) 615-1700

Thania (Athanasia) Charmani, Esq.
NY Bar No. 5171822
ACharmani@winston.com
**WINSTON & STRAWN LLP**
200 Park Avenue
New York, NY 10166
Tel: (212) 294-4623

*Attorneys for Defendants BAM Trading
Services Inc., and BAM Management US
Holdings Inc.*

## **<u>TABLE OF CONTENTS</u>**

**Page**

I.      PRELIMINARY STATEMENT.................................................................................. 1

II.     PLAINTIFF'S COMPLAINT IS A SHOTGUN PLEADING............................................ 2

III.    PLAINTIFF'S SECTION 17(A) CLAIM MUST BE DISMISSED ................................. 5

IV.    PLAINTIFF'S SECTION 10(B)/RULE 10B-5 CLAIM FAILS ....................................... 6

V.      PLAINTIFF'S STATE-LAW CLAIMS FAIL.................................................................. 9

VI.    BAM IS NOT CZ'S ALTER EGO................................................................................11

VII.   CONCLUSION............................................................................................................ 13

## <u>TABLE OF AUTHORITIES</u>

**Page(s)**

**Cases**

*Alejandre v. Telefonica Larga Distancia*,
    183 F.3d 1277 (11th Cir. 1999) ...................................................................12

*Am. Title Ins. Co. v. Lacelaw*,
    861 F. 2d 224 (9th Cir. 1988) .......................................................................7

*Apollo Cap. v. Roth Cap.*,
    158 Cal. App. 4th 226 (2007) .....................................................................10

*Applied Biosystems v. Cruachem*,
    772 F. Supp. 1458 (D. Del. 1991) ..........................................................11, 12

*AREI II Cases*, 216 Cal. App. 4th 1004 (2013) ......................................10, 11

*Astiana v. Hain Celestial Grp., Inc.*,
    783 F.3d 753 (9th Cir. 2015) ......................................................................10

*Austin v. Modern Woodman*,
    275 F. App'x 925 (11th Cir. 2008) ..........................................................4, 11

*Bank of Am., N.A. v. Mukamai*,
    571 F.3d 1156 (11th Cir. 2009) ....................................................................5

*Barmapov v. Amuial*,
    986 F.3d 1321 (11th Cir. 2021) ............................................................*passim*

*Bhangal v. Hawaiian Elec. Indus., Inc.*,
    2024 WL 4505465 (N.D. Cal. Oct. 15, 2024)................................7, 8, 13

*Bily v. Arthur Young & Co.*,
    3 Cal. 4th 370 (1992) ...................................................................................9

*Brannan v. Einstein*,
    804 F. 2d 1041 (8th Cir. 1986) .....................................................................6

*Bruhl v. Price Waterhousecoopers*,
    2007 WL 997362 (S.D. Fla. Mar. 27, 2007).............................................4, 11

*Burns v. Waterhouse*,
    48 F.3d 1219 (6th Cir. 1995) (unpublished) .................................................6

*Carol Gamble Tr. 86 v. E-Rex Inc.*,
    84 F. App'x 975 (9th Cir. 2004) ...................................................................6

*Cent. Bank of Denver, N.A. v. First Interstate Bank*,
   511 U.S. 164 (1994)...................................................................................................11

*Cephalon v. Watson*,
   629 F. Supp. 2d 338 (D. Del. 2009).......................................................................11, 12

*Chudasama v. Mazda Motor Corp.*,
   123 F.3d 1353 (11th Cir. 1997) ..................................................................................4

*Clifford v. Federman*,
   855 F. App'x 525 (11th Cir. 2021) ..............................................................................4

*In re Connetics Corp.*,
   542 F. Supp. 2d 996 (N.D. Cal. 2008) .........................................................................4

*Cooper v. Meridian Yachts, Ltd.*,
   575 F. 3d 1151 (11th Cir. 2009) ..................................................................................7

*Craighead v. E.F. Hutton*,
   899 F.2d 485 (6th Cir. 1990) .......................................................................................6

*Currie v. Cayman Res. Corp.*,
   835 F. 2d 780 (11th Cir. 1988) ....................................................................................5

*Finkel v. Stratton*,
   962 F.2d 169 (2d Cir. 1992)..........................................................................................6

*Fox v. Acadia State Bank*,
   937 F. 2d 1566 (11th Cir. 1991) ..................................................................................5

*In re Galectin Therapeutics, Inc.*,
   843 F.3d 1257 (11th Cir. 2016) ...............................................................................8, 9

*Gnanaraj v. Lilium N.V.*,
   2023 WL 9064669 (S.D. Fla. Dec. 18, 2023), *report and recommendation
   adopted*, 2024 WL 36165 (S.D. Fla. Jan. 3, 2024) ....................................................4

*Hirsch v. Ensurety Ventures, LLC*,
   805 F. App'x 987 (11th Cir. 2020) .........................................................................3, 4

*Jackson v. Bank of Am., N.A.*,
   898 F.3d 1348 (11th Cir. 2018) ...............................................................................2, 4

*Janus Cap. Grp., Inc. v. First Deriv. Traders*,
   564 U.S. 135 (2011)............................................................................................. *passim*

*Jenkins v. County of Riverside*,
   398 F. 3d 1093 (9th Cir. 2005) ...................................................................................9

*Jones v. Bank of Am.*,
  564 F. App'x 432 (11th Cir. 2014) .................................................................9

*Keith v. DeKalb County*,
  749 F. 3d 1034 (11th Cir. 2014) ..............................................................2, 4

*In re Kingate Mgmt.*,
  784 F.3d 128 (2d Cir. 2015)........................................................................6

*Koehler v. Bank of Bermuda*,
  209 F.3d 130 (2d Cir.), *amended*, 229 F.3d 424 (2d Cir. 2000) ................................6

*Lage v. Ocwen Loan Servicing LLC*,
  145 F. Supp. 3d 1172 (S.D. Fla. 2015) ..................................................................7

*Landry v. All Am.*,
  688 F. 2d 381 (5th Cir. 1982) .....................................................................6

*Lee v. City of Los Angeles*,
  250 F.3d 668 (9th Cir. 2001) ......................................................................4

*Luczak v. Nat'l Bev.*,
  400 F. Supp. 3d 1318 (S.D. Fla. 2019) .................................................................4

*Moore v. Potter*,
  141 F. App'x 803 (11th Cir. 2005) ...............................................................12

*Moss v. Kroner*,
  197 Cal. App. 4th 860 (2011) ..................................................................10

*Newcome v. Esrey*,
  862 F. 2d 1099 (4th Cir. 1988) ....................................................................6

*Nida v. Nida*,
  118 F. Supp. 2d 1223 (M.D. Fla. 2000)........................................................11, 12

*Oginsky v. Paragon Props. of Costa Rica*,
  784 F. Supp. 2d 1353 (S.D. Fla. 2011) ...........................................................2, 13

*United States ex rel. Osheroff v. Humana Inc.*,
  776 F. 3d 805 (11th Cir. 2015) .....................................................................4

*Pafumi v. Davidson*,
  2007 WL 1729969 (S.D. Fla. June 14, 2007) .........................................................2

*Phillips v. Scientific-Atlanta, Inc.*,
  374 F. 3d 1015 (11th Cir. 2004) ...................................................................8

iv

*Qureshi v. Countrywide,*
  2010 WL 841669 (N.D. Cal. Mar. 10, 2010) ........................................................9

*Radiology Ctr., S.C. v. Stifel, Nicolaus & Co.,*
  919 F.2d 1216 (7th Cir. 1990) ...........................................................................6

*Richard Thorpe v. Walter Inv. Mgmt.,*
  111 F. Supp. 3d 1336 (S.D. Fla. 2015) ...............................................................8

*Rushing v. Garrett,*
  375 So. 2d 903 (Fla. Dist. Ct. App. 1979) .........................................................12

*S-Fer Int'l Inc., v. Stonesheets, LLC,*
  2016 WL 8808749 (S.D. Fla. Jul. 22, 2016) .......................................................13

*S.E.C. v. Calvo,*
  378 F.3d 1211 (11th Cir. 2004) .........................................................................12

*Schlifke v. Seafirst Corp.,*
  866 F.2d 935 (7th Cir. 1989) ...........................................................................6

*Sears v. Likens,*
  912 F.2d 889 (7th Cir. 1990) ...........................................................................6

*Seigler v. Curb Call, Inc.,*
  2017 6730095 (S.D. Cal. 2017) .......................................................................10

*Singh v. Royal Caribbean,*
  576 F. Supp. 3d 1166 (11th Cir. 2021) ...............................................................9

*Smith v. Smith,*
  184 F.R.D. 420 (S.D. Fla. 1998) ....................................................................1, 5

*In re Trujillo,*
  626 B.R. 59 (Bankr. S.D. Fla. 2019) .............................................................12, 13

*United States v. Jones,*
  29 F. 3d 1549 (11th Cir. 1994) ..........................................................................4

*Veal v. LendingClub,*
  423 F. Supp. 3d 785 (N.D. Cal. 2019) .................................................................4

*Vibe Micro, Inc. v. Shabanets,*
  878 F. 3d 1291 (11th Cir. 2018) .........................................................................4

*Wagner v. First Horizon Pharm. Corp.,*
  464 F.3d 1273 (11th Cir. 2006) .........................................................................3

*Weiland v. Palm Beach*,
    792 F.3d 1313 (11th Cir. 2015) ...................................................................3

*Yastrab v. Apple, Inc.*,
    173 F. Supp. 3d 972 (N.D. Cal. 2016) .......................................................9

*Zink v. Merrill Lynch*,
    13 F. 3d 330 (10th Cir. 1993) ...................................................................6

**Statutes**

Cal. Corp. Code § 22504.1 ...............................................................................10

Cal. Corp. Code § 25100 .................................................................................10

Cal. Corp. Code § 25110 .................................................................................10

Cal. Corp. Code § 25401 .................................................................................10

Cal. Corp. Code § 25501 .................................................................................10

Cal. Corp. Code § 25504.1 ..........................................................................2, 10

Cal. Corp. Code § 25510 .................................................................................10

Exchange Act of 1934 § 10 ..........................................................................8, 11

Exchange Act of 1934 § 20 ...............................................................................11

Securities Act of 1933 § 17(a) .....................................................................1, 5, 6

**Other Authorities**

Fed. R. Civ. P. 8 ..............................................................................................3

Fed. R. Civ. P. 9 ..........................................................................................3, 11

Fed. R. Civ. P. 9(b) .................................................................................2, 3, 9

Fed. R. Civ. P. 11 ............................................................................................4

SEC Rule 10-b ................................................................................................8

SEC Rule 10b-5 ...................................................................................... *passim*

## I.    PRELIMINARY STATEMENT[1]

Defendants' motions established that Plaintiff's claims incurably fail for a multitude of reasons, including because the Amended Complaint ("AC") does not allege any conduct by BAM. In response, Plaintiff concedes BAM's conduct is not at issue and his claims are based solely on CZ's independent conduct. Dkt. 745 ("Opp.") at 11 ("CZ's acts give rise to liability on all counts."). This admission is fatal to all of Plaintiff's claims against BAM. Recognizing this, Plaintiff pivots and now, for the first time, asserts that BAM is an "alter ego" of CZ and somehow bears legal responsibility for CZ's independent actions. Opp. at 2, 7, 12. In purported support of this argument, Plaintiff submits over 300 pages of new exhibits, and improperly copies and pastes allegations from a complaint filed in another action. None of this saves Plaintiff's claims. Not only is this new theory not pled, but even if it were, it would fail as a matter of law. Worse, throughout the Opposition, Plaintiff repeatedly relies on bad law, ignores controlling authority, and misrepresents the holdings of numerous cases. All of this after Plaintiff has already been given the chance to amend. The Court should dismiss the AC with prejudice for many independent reasons.

*First*, the AC is a quintessential shotgun pleading, containing 136 paragraphs incorporating 43 exhibits totaling over 400 pages, which is "flatly forbidden" by the Eleventh Circuit. *Barmapov v. Amuial*, 986 F.3d 1321 (11th Cir. 2021). The Opposition exacerbates the problem by adding over 300 pages of additional exhibits, resulting in over 700 total exhibit pages.

*Second*, Plaintiff's Section 17(a) claim is frivolous. The Eleventh Circuit has made "clear" that there is no private right of action thereunder. *Smith v. Smith*, 184 F.R.D. 420, 422 (S.D. Fla. 1998). The Opposition compounds Plaintiff's pleading error by ignoring controlling authority and presenting this Court with out-of-circuit law that was overruled over 30 years ago.

*Third*, the Rule 10b-5 claim is woefully deficient because, *inter alia*, Plaintiff "made no transactions during the class period in the debt or equity securities that are the subject of the action." Dkt. 29-4 ¶ 4 (PSLRA Cert.). Further, Plaintiff concedes that BAM did not "make" any

---

[1] BAM incorporates Binance Holdings, Ltd. and Changpeng Zhao's ("CZ") reply memorandum. Dkt. 768 ("BHL Reply"). Unless noted, emphasis added and internal citations/quotations omitted.

statements as required for Rule 10b-5 liability under *Janus Cap. Grp., Inc. v. First Deriv. Traders*, 564 U.S. 135 (2011).  Opp. at 16 ("CZ, without question, is the maker of the statements.").

**Fourth**, Plaintiff's state-law claims fail for the reasons set forth in Defendants' Motions.  As to BAM, Plaintiff does not meaningfully contest the UCL claim and therefore abandons it.  And in a fruitless attempt to save the Section 25504.1 claim, Plaintiff misrepresents California law with respect to the strict privity requirement for state securities violations.

**Finally**, all of Plaintiff's claims fail because he does not allege any conduct by BAM.  Plaintiff's eleventh-hour pivot to an unpled alter-ego theory is futile.  Plaintiff does not (and cannot) contend BAM was formed "fraudulently or for an improper purpose" or that CZ "improperly use[d] [BAM's] corporate form [to] cause[] injury to [Plaintiff]."  *Oginsky v. Paragon Props. of Costa Rica*, 784 F. Supp. 2d 1353, 1374 (S.D. Fla. 2011).  Rather, Plaintiff recognizes BAM is a legitimate and separate business operating a digital asset exchange.  Opp. at 5; AC ¶¶ 1-2.

The Court should dismiss Plaintiff's Amended Complaint with prejudice.

## II.    PLAINTIFF'S COMPLAINT IS A SHOTGUN PLEADING

The AC—which incorporates 43 incomprehensible exhibits totaling over 411 pages—is a quintessential "shotgun pleading" that should be dismissed.  The AC impermissibly "lumps together" its allegations against all defendants, "each count adopts the allegations of the preceding counts, causing each successive count to carry all that came before and the last count [is] a combination of the entire complaint"; "is replete with conclusory, vague, and immaterial facts," and "assert[s] multiple claims against multiple defendants without specifying which of the defendants are responsible for which acts or omissions."  *See Barmapov v. Amuial*, 986 F.3d 1321, 1324-25 (11th Cir. 2021).[2]  This is especially problematic here, because in "securities fraud case[s], Rule 9(b) requires the identification of the ***particular defendants*** with whom the plaintiffs dealt directly … and the ***particular defendants*** who made the statements."  *Pafumi v. Davidson*, 2007

---

[2] *See also Jackson v. Bank of Am., N.A.*, 898 F.3d 1348, 1356 (11th Cir. 2018) (affirming dismissal as a shotgun pleading and ordering cause to show why plaintiff should not have to pay defendant's fees); *Keith v. DeKalb County*, 749 F. 3d 1034, 1045 n.39 (11th Cir. 2014) (the "incorporation into successive counts all preceding allegations and counts[] is a quintessential 'shotgun' pleading").

WL 1729969, at *3 (S.D. Fla. June 14, 2007).[3]  Plaintiff concedes that he does not allege **any** conduct by BAM.  Opp. at 12 (only "CZ's acts are at issue").  The AC must be dismissed.

Plaintiff's only response is that *Weiland v. Palm Beach* allows for shotgun pleadings like the AC.  Opp. at 13-14.  It does not.  *Weiland* reiterated that the Eleventh Circuit "condemn[s] the incorporation of preceding paragraphs where," as here, "a complaint contains several counts, each one incorporating by reference the allegations of its predecessors i.e., predecessor counts, leading to a situation where most of the counts (i.e., all but the first) contain irrelevant factual allegations and legal conclusions."  *See* 792 F.3d 1313, 1320.  *Weiland* differentiated itself because unlike here, "[t]he allegations of each count [were] not rolled into every successive count on down the line."  *Weiland*, 792 F. 3d at 1323.  Specifically, Count I restated only paragraphs 1-49 and Count III restated only paragraphs 69-74.  *Id.*  In holding that such pleading passed Rule 8's lenient pleading standard, the court emphasized that "we are not retreating from this circuit's criticism of shotgun pleadings."  *Id*. at 1326.  *Weiland* provides no help to Plaintiff.

Recently, the Eleventh Circuit has continued to emphasize that: (i) a complaint is a shotgun pleading, where, as here, it "has several counts [and] each count incorporates the allegations of all the previous counts;" and (ii) "a district court "**must** intervene … even if the defendant does not move for a more definite statement."  *Hirsch v. Ensurety Ventures, LLC*, 805 F. App'x 987, 991 (11th Cir. 2020) (emphasis in original).  The AC and its 400+ pages of exhibits "tasks the reader with parsing the slew of general factual allegations," which is "not an appropriate task for the district courts" and requires dismissal.  *See id.*  Plaintiff's Oppositions only exacerbate these issues.  Collectively, the Oppositions total 76 pages (16 pages more than Defendants' moving papers) and attach 12 new exhibits totaling 324 pages, such that Plaintiff's exhibits now exceed 700 pages.[4]

---

[3] Contrary to Plaintiff's assertion, all claims require compliance with Rule 9 because even claims "without a fraud element must be pled with particularity pursuant to Rule 9(b)" when, as here, the "nonfraud [] claim is alleged to be part of a defendant's fraudulent conduct."  *Wagner v. First Horizon Pharm. Corp*., 464 F.3d 1273, 1277, 1280 (11th Cir. 2006) ("Rule 9(b) applies" to non-fraud claims when same conduct "is also alleged to support a claim for fraud under [Rule 10(b)]").

[4] Much of the Opposition copies and pastes verbatim from a complaint filed in another action.  *See, e.g.*, Opp. at 3-5.  These irrelevant "allegations" are not pled and must be disregarded on that basis

Plaintiff does not even attempt to distinguish a plethora of cases in BAM's motion. *See* Mot. at 5-9 citing *Hirsch, Keith, Chudasama, Clifford, Vibe Micro,* and *Gnanaraj.* And Plaintiff's half-hearted attempt to distinguish *Jackson v. Bank of Am.* and *Barmapov* fails. As here, in *Jackson,* plaintiff's complaint alleged claims against four defendants under a common scheme. 898 F.3d 1348, 1352 (11th Cir. 2018). The complaint contained only 109 paragraphs and no exhibits (27 fewer paragraphs and ~400 fewer exhibit pages than the AC). *Id.* But, as here, the "causes of action were not defendant-specific" and each "incorporated all previous allegations" and "referred to all Defendants collectively, rather than specifying which Defendants committed which alleged wrongful act(s)." *Id.* at 1352, n.3. The Eleventh Circuit affirmed dismissal because the complaint was a shotgun pleading, "employ[ing] a multitude of claims and incorporat[ing] by reference all of its factual allegations into each claim," which "patently violates" the federal pleading rules. *Id.* at 1356. The court emphasized that where, as here, plaintiff has already had a chance to amend, "dismissal of a complaint with prejudice is warranted." *Id.* at 1358.

Likewise, *Barmapov* held the complaint was a shotgun pleading because, as here, it was

---

alone. *See Austin v. Modern Woodman,* 275 F. App'x 925, 926 (11th Cir. 2008) (court "limited to reviewing what is within the four corners of the complaint on a motion to dismiss"); *Bruhl v. Price Waterhousecoopers,* 2007 WL 997362, at *4 (S.D. Fla. Mar. 27, 2007) ("Plaintiffs cannot supplant the allegations of the SAC with new arguments set forth in their response to a motion to dismiss"). Any attempt to plead them would be futile because such copying violates Rule 11's requirement that Plaintiff undertake his own investigation. *Luczak v. Nat'l Bev.*, 400 F. Supp. 3d 1318, 1327 (S.D. Fla. 2019) ("Plaintiff cannot merely crib allegations from a complaint in another jurisdiction"); *Bruhl,* 2007 WL 997362, at *4 ("improper[] to rely … on [complaint] filed against [defendant] in another case"); *In re Connetics Corp.*, 542 F. Supp. 2d 996, 1004-06 (N.D. Cal. 2008) (striking allegations copied from SEC complaint); *Veal v. LendingClub,* 423 F. Supp. 3d 785, 817 (N.D. Cal. 2019) (dismissing complaint based on "second-hand allegations" by FTC).

The Court must also refuse to take judicial notice of the "facts" in the Opposition's exhibits because judicial notice of allegations in other complaints is improper. *U.S. v. Jones,* 29 F. 3d 1549, 1553 (11th Cir. 1994) ("court may take judicial notice of a document filed in another court ***not for the truth of the matters asserted in the other litigation***, but rather to establish the fact of such litigation and related filings"); *Lee v. City of Los Angeles,* 250 F.3d 668, 690 (9th Cir. 2001) (reversing district court order because it ***improperly considered "the facts recited [in court documents]"***). The same is true of news articles. *U.S. ex rel. Osheroff v. Humana Inc.*, 776 F. 3d 805, 811-812 n.4 (11th Cir. 2015) (judicial notice of "newspaper articles" is "not for determining the truth of those statements"). Further, these exhibits are not related to BAM's single judicial notice request (the existence of BAM's separate Twitter account), which Plaintiff did not oppose.

"replete with conclusory, vague, and immaterial" allegations and "indiscriminately incorporates and repeats" allegations into "nine counts," such that the counts "include factual allegations that are immaterial to the underlying causes of action."  986 F.3d at 1325-26.  Exactly.  Here, the Complaint not only contains 136 paragraphs—most of which are immaterial (at best) to BAM— but also 400+ plus pages of incoherent and irrelevant exhibits.[5]  Every one of these irrelevant allegations are "indiscriminately incorporated" into each of the AC's seven causes of action.  *See* 986 F.3d at 1325-26.  Under controlling Eleventh Circuit authority, the AC is a shotgun pleading.[6]

### III.    PLAINTIFF'S SECTION 17(A) CLAIM MUST BE DISMISSED

Plaintiff's Section 17(a) claim is frivolous and must be dismissed because the "clear" law in the Eleventh Circuit is that "there is no private right of action under Section 17."  *Smith v. Smith*, 184 F.R.D. 420, 422 (S.D. Fla. 1998); *see Currie v. Cayman Res. Corp.*, 835 F. 2d 780, 784-85 (11th Cir. 1988) (§ 17(a) "does not imply a private cause of action").  Plaintiff's insistence on pursuing such a claim is sanctionable because "a district court in this circuit is bound by [the Eleventh Circuit's] decisions."  *See Fox v. Acadia State Bank*, 937 F. 2d 1566, 1570 (11th Cir. 1991).  In *Fox*, the Eleventh Circuit held that plaintiff "filing [a] §17(a) claim was unreasonable" because the Circuit had "clearly" decided that there is no "private right of action under § 17(a)."  *Id.*  The court affirmed the district court's sanctions on plaintiffs for, as here, misrepresenting "to the court that there was a split of authority" under Section 17 and for failure to address *Currie*.

The Opposition compounds Plaintiff's problems by also mispresenting the law in other circuits, falsely claiming that a private right of action under Section 17 is an open question in the Second and Seventh Circuits.  It is not.  For over 30 years, the Second and Seventh Circuits have

---

[5] *See* Mot. at 8 n.5 (irrelevant exhibits include SEC press release, net worth of SBF, notice issued to Paxos, photographs of a Michael Lewis book, an internet article from Yahoo! Movies, etc.).

[6] The Opposition also fails to address that the AC is a shotgun pleading because, to the extent it purports to allege both a 10b-5(b) claim and a 10b-5(a) or (c) claim, it does not bring them in separate counts.  Same with respect to the UCL claim.  *See* Mot. at 6 n.4.  Plaintiff's failure to address these arguments is fatal.  *Bank of Am., N.A. v. Mukamai*, 571 F.3d 1156, 1163 (11th Cir. 2009) ("Arguments not properly presented in a party's initial brief … are deemed waived").

consistently and unambiguously held that "there is no private right of action under § 17(a)."[7]  The same is true in nearly every circuit in the country, including the Ninth Circuit, where this action was originally filed.[8]  The Court should dismiss Plaintiff's frivolous Section 17 claim.

## IV.  PLAINTIFF'S SECTION 10(B)/RULE 10B-5 CLAIM FAILS

Plaintiff's Rule 10b-5 claim must be dismissed because the AC fails to plead: (i) a misstatement or omission; (ii) a "security" at issue; (iii) a "purchase or sale" (Plaintiff was a mere holder of the assets in question); (iv) the at-issue statements were about the same assets Plaintiff purportedly held (purchaser-seller rule); (iv) a strong inference of scienter; (vi) reliance on the at-issue statements; and (vii) loss causation, any one of which is dispositive.  *See* BHL Reply at 5-14.  The Rule 10b-5 claim fails against BAM for two additional independent reasons: (i) BAM did not "make" any statements, and (ii) Plaintiff fails to plead any scienter with respect to BAM.

*First*, Plaintiff's Rule 10b-5 claim fails because BAM is not alleged to have made or controlled any statement.  The Supreme Court has unequivocally held that to be liable under Rule 10b-5, in addition to the elements described above, the defendant "must have 'made' the material misstatements." *Janus*, 564 U.S. at 141-142 ("the maker of a statement is the person or entity with ultimate authority over the statement, including its content and whether and how to communicate

---

[7] <u>Second Cir.</u>: *See, e.g.*, *In re Kingate Mgmt.*, 784 F.3d 128, 150 (2d Cir. 2015) ("there is no private right of action" under §17(a)); *Koehler v. Bank of Bermuda*, 209 F.3d 130, 136 (2d Cir.), *amended*, 229 F.3d 424 (2d Cir. 2000) ("a private right of action under §17(a) … is no longer recognized"); *Finkel v. Stratton*, 962 F.2d 169, 175 (2d Cir. 1992) ("no private right of action under §17(a)").

<u>Seventh Cir.</u>: *See, e.g.*, *Radiology Ctr., S.C. v. Stifel, Nicolaus & Co.*, 919 F.2d 1216, 1218 n.1 (7th Cir. 1990); *Sears v. Likens*, 912 F.2d 889, 893 (7th Cir. 1990) ("§ 17(a) should not be read to imply a private right of action"); *Schlifke v. Seafirst Corp.*, 866 F.2d 935, 942 (7th Cir. 1989).

[8] *See, e.g.*, *Carol Gamble*, 84 F. App'x at 978 n.1 (9th Cir. 2004); *Newcome v. Esrey*, 862 F. 2d 1099 (4th Cir. 1988); *Brannan v. Einstein*, 804 F. 2d 1041 (8th Cir. 1986); *Landry v. All Am.*, 688 F. 2d 381 (5th Cir. 1982); *Zink v. Merrill Lynch*, 13 F. 3d 330 (10th Cir. 1993).  The only potential outlier is the Sixth Circuit, whose last published decision was in 1990 and strictly limited the right to "purchasers" of securities (which Plaintiff is not) against "sellers" (which BAM is not). *Craighead v. E.F. Hutton*, 899 F.2d 485, 492 (6th Cir. 1990) (affirming dismissal because "defendants were [not] 'sellers' who could be liable under Section 17(a)").  More recently, the Sixth Circuit affirmed a district court's dismissal "holding that no private cause of action existed under § 17(a)." *Burns v. Waterhouse*, 48 F.3d 1219 (6th Cir. 1995) (unpublished).

it"); *see Bhangal v. Hawaiian Elec. Indus., Inc.*, 2024 WL 4505465, at *7 (N.D. Cal. Oct. 15, 2024) (same).  Here, the AC attributes the purportedly false statements solely to CZ, and the Opposition emphasizes that "***CZ, without question, is the maker of the statements here, with ultimate authority over the nature and form of the communication***."  Opp. at 16; *see id.* at 12 (only "CZ's acts are at issue").  This judicial admission is fatal.  *Cooper v. Meridian Yachts, Ltd.*, 575 F. 3d 1151, 1178 (11th Cir. 2009) ("[A] party is bound by the admissions in his pleadings."); *Lage v. Ocwen Loan Servicing LLC*, 145 F. Supp. 3d 1172, 1191 (S.D. Fla. 2015) ("Factual assertions contained within pleadings are … judicial admissions conclusively binding on the party who made them"); *Am. Title Ins. Co. v. Lacelaw*, 861 F. 2d 224, 226 (9th Cir. 1988) (similar).  BAM cannot be liable under Rule 10b-5, and the Court must dismiss.  *See Janus*, 564 U.S. at 141 (2011); *Hawaiian Elec.*, 2024 WL 4505465.

Plaintiff's faint attempt to get around *Janus* by arguing that "there was no common ownership or jointly controlled assets among defendants" is legally and factually wrong.  Opp. at 16.  The *Janus* defendants maintained a "well-recognized and uniquely close relationship."  564 U.S. at 147-48.  Janus Capital Management LLC ("JCM"), a mutual fund advisor, was a wholly owned subsidiary of Janus Capital Group, Inc. ("JCG"), and the alleged misstatements were in a prospectus filed by Janus Investment Fund, for which JCM was the investment advisor and administrator, and for which JCG was the creator.  *Id.* at 138-140.  Despite this web of interconnected and closely affiliated entities, the Court held that JCM, and its parent, JCG, could not be liable for statements made by Janus Investments, and made clear that even if JCG and JCM assisted in crafting those statements, "assistance, subject to the ultimate control of Janus Investment Fund, [did] not mean that [JCG and JCM] 'made' any statements."  *Id.* at 147-148.  The closeness of the defendants' relationship is irrelevant, because an entity without ultimate authority "can merely suggest what to say, not 'make' a statement in its own right."  *Id.* at 142.

A decision earlier this month in the Northern District of California dismissing a similar case under *Janus* is instructive.  *Hawaiian Elec.*, 2024 WL 4505465, at *7.  In *Hawaiian Electric*, plaintiffs attempted to hold Hawaiian Electric ("HEI") liable under Rule 10b-5 for statements made

by HECO, a 100%-owned subsidiary. *Id.* As here, the statements at issue were made online in blog posts and YouTube videos. *Id.* The statements were posted "in an account with HECO's logo," which is similar to how the tweets here were posted on CZ's personal account, not BAM's. *Id.* The court found that "[s]uch attribution within the statements and implicit from surrounding circumstances is strong evidence the statements were made by—and only by—the party to whom it is attributed—in this case, HECO," not HEI. *Id.* quoting *Janus*, 564 U.S. at 142.

*Hawaiian Electric* expressly rejected a nearly identical "alter ego" argument to Plaintiff's here. *Id.* at *8.[9] Specifically, plaintiffs argued that defendant was "a veritable alter ego of HECO, and wholly controlled, and had ultimate authority over, its actions and statements." *Id.* In support, plaintiffs alleged that "HEI wholly owns HECO, that HECO is the operating company through which HEI conducts the vast majority of its business, and that HECO's revenues and net income amounted to a significant percentage of HEI's revenues and net income." *Id.* at *8. Nevertheless, the court dismissed, because, as here, defendants were "legally separate entities" and courts "cannot disregard the corporate form by holding [one] liable for [the other's] statements based solely on the presence of a parent-subsidiary relationship." *Id.* In support of its conclusion, the court noted that the complaint had "no allegations about HEI's alleged involvement in the challenged statements." *Id.* The same is true here. This Court should dismiss.

**Second**, the AC contains no scienter allegations with respect to BAM. Under Rule 10b-5, to "proceed beyond the pleading stage, [Plaintiff] must allege facts sufficiently demonstrating ***each defendant's*** state of mind regarding his or her alleged violations." *Phillips v. Scientific-Atlanta, Inc.*, 374 F. 3d 1015, 1017-18 (11th Cir. 2004).[10] Plaintiff does not contend that he has pled anything with respect to BAM. Rather, Plaintiff argues that "CZ's scienter is sufficiently pled, and none of Defendants' cases undermine the viability of those pleadings." Opp. at 17. Critically,

---

[9] *See* Opp. at 17 (BAM is "liable under Section 10(b) and 10(b)(5) *directly* for CZ's actions under an alter ego theory") (emphasis in original).

[10] Contrary to Plaintiff's baseless assertion, "the group pleading doctrine does not apply to the PSLRA's scienter requirements." *Richard Thorpe v. Walter Inv. Mgmt.*, 111 F. Supp. 3d 1336, 1359 (S.D. Fla. 2015); *see In re Galectin Therapeutics, Inc.*, 843 F.3d 1257, 1270 (11th Cir. 2016).

however, even if this were true (it is not[11]), Plaintiff does not allege (or argue) that any of CZ's actions were taken on behalf of BAM. This is fatal. *See In re Galectin*, 843 F.3d at 1275 n.10 ("independent ground" for dismissal is that plaintiff failed to "state with particularity facts giving rise to a strong inference that the defendant acted with scienter").

## V.     PLAINTIFF'S STATE-LAW CLAIMS FAIL

Plaintiff's state-law claims fail for the reasons set forth in Defendants' Motions, including the lack of allegations against BAM. Plaintiff does not meaningfully address these arguments.

**UCL**: Plaintiff does not address the UCL claim with respect to BAM and therefore has abandoned it. *See Jones v. Bank of Am.*, 564 F. App'x 432, 434 (11th Cir. 2014) ("when a party fails to respond to an argument or otherwise address a claim, the Court deems such argument or claim abandoned"); *Singh v. Royal Caribbean*, 576 F. Supp. 3d 1166, 1192 (11th Cir. 2021) (same).[12]

**Misrepresentations**: Plaintiff does not address his deficient intentional misrepresentation claim, nor could he, because BAM made no statements. *See Yastrab v. Apple, Inc.*, 173 F. Supp. 3d 972, 978 (N.D. Cal. 2016) (dismissing intentional and negligent misrepresentation claims because plaintiffs did not allege a misrepresentation that satisfies Rule 9(b).). As to negligent misrepresentation, Plaintiff's only argument is that California "uses an objective standard for 'duty of care,'" relying on *Bily v. Arthur Young & Co.*, 3 Cal. 4th 370, 415 (1992). But that standard does not eliminate the requirement that a duty exists, which Plaintiff has affirmatively disclaimed. AC ¶ 49 ("CZ did not have an affirmative duty" to Plaintiff). Further, *Bily* holds that, absent a duty, even if plaintiff "becomes aware of the representation and act[s] upon it, there is no liability even though defendant should reasonably have foreseen such a possibility." 3 Cal. 4th at 414.

**Unjust Enrichment**: As Plaintiff's own authority makes clear, his unjust enrichment claim

---

[11] The AC is also deficient as to CZ's scienter. BHL Mot. at 20-24, BHL Reply at 10-11.

[12] *See also Jenkins v. Cnty. of Riverside*, 398 F. 3d 1093, 1095 (9th Cir. 2005) ("[plaintiff] abandoned her other two claims by not raising them in opposition to [defendant's] motion"); *Qureshi v. Countrywide*, 2010 WL 841669, at *6 n.2 (N.D. Cal. Mar. 10, 2010) (opposition brief's failure to address claims challenged in a motion to dismiss is an "abandonment of those claims").

fails because, *inter alia*, "in California, there is not a standalone cause of action for "unjust enrichment," which is synonymous with "restitution." *Astiana v. Hain Celestial Grp., Inc.*, 783 F.3d 753, 762 (9th Cir. 2015). Further, Plaintiff does not even attempt to address "how ***he personally enriched***" BAM. *See Seigler v. Curb Call, Inc.*, 2017 6730095, at *8 (S.D. Cal. 2017).

**Cal. Corp. Code § 25504.1**: Plaintiff's claim for secondary liability under California Corporations Code § 22504.1 fails because Plaintiff failed to plead: (i) a primary violation of Section 25110 or 25401, including lack of privity between Plaintiff and the primary violator; and (2) "specific facts showing" BAM "materially assisted in the securities law violation." *See AREI II Cases*, 216 Cal. App. 4th 1004, 1011-12 (2013) (affirming dismissal).

As to the primary violation, Plaintiff now asserts that he is relying on "CZ's primary violation of § 25100 and § 25401." Opp. at 18. Plaintiff cites AC paragraphs 118-119, but these paragraphs do not plead primary violations by CZ (or anyone) and only summarily state that "[i]n violation of Cal. Corp. Code 25510, Defendants caused the FTX Platform(s) and the FTX Group to be inaccessible to members of the Class." AC ¶ 118; *see id.* ¶ 119 (similar for § 25401). Such pleading is insufficient. *Barmapov*, 986. F. 3d at 1326. The opposition also erroneously argues that California law allows indirect privity for the primary violation, citing *Moss v. Kroner*, 197 Cal. App. 4th 860 (2011). It does not. *Moss* clearly holds that "***strict privity is required [] for claims of primary liability under section 25401 and 25501***." 197 Cal. App. 4th at 875 (2011) ("courts have uniformly interpreted [§ 25501] to require privity"); *see Apollo Cap. v. Roth Cap.*, 158 Cal. App. 4th 226, 254 (2007) ("liability under section 25501 attaches only to the actual seller of the securities, who, if he violates section 25401, shall be liable to the person who purchases a security from him"). California law only allows indirect privity for a secondary violation, not the primary violation. *Id.* Because Plaintiff concedes there is no direct privity between him and the purported primary violator (or any defendant), the primary claim fails.

As to BAM's purported "material assistance," the Opposition summarily argues that "the remaining defendants materially assisted CZ." Opp. at 18. Plaintiff cites AC paragraphs 114-120, but these paragraphs do not mention BAM at all, and merely regurgitate hypothetical legal

conclusions.  *See, e.g.*, AC ¶ 116 ("'Materially assisting' in an alleged securities violation ... ***may*** take the form of misrepresentations made directly to investors, or otherwise playing a material, facilitating role in the alleged securities law violations.").  This comes nowhere close to pleading "specific facts" showing BAM "materially assisted in the securities law violation."  *See AREI II Cases*, 216 Cal. App. 4th at 1011-12.  The claim must be dismissed.

## VI.   BAM IS NOT CZ'S ALTER EGO

The AC's lack of factual allegations specific to BAM requires dismissal of all counts.  Fed. R. Civ. P. 9.  Recognizing this, the Opposition pivots and introduces a new un-pled theory, arguing that because BAM is somehow the "alter ego" of CZ, the Court should engage in "reverse corporate veil piercing" and hold BAM liable for CZ's actions, absent allegations of CZ acting on BAM's behalf.[13]  Opp. 1-2, 16-17.  Plaintiff's new un-pled theory fails for number of reasons.

***First***, as a threshold issue, because the AC does not plead an alter ego theory, it cannot save Plaintiff's case.  *See Austin*, 275 F. App'x at 926 (court "limited to reviewing what is within the four corners of the complaint on a motion to dismiss"); *Bruhl*, 2007 WL 997362, at *4 (cannot supplement complaint "with new arguments … in [] response to a motion to dismiss").

***Second***, Plaintiff provides no authority supporting his argument.  Plaintiff's cases primarily involve jurisdictional arguments under Florida's and Delaware's long-arm statutes, which are not at issue here (nor is Florida or Delaware law).  *See, e.g.*, *Nida v. Nida*, 118 F. Supp. 2d 1223, 1227 (M.D. Fla. 2000) (deciding under Florida law if a "corporation may be subject to jurisdiction when it transacts business through its agents in the forum state"); *Cephalon v. Watson*, 629 F. Supp. 2d 338, 347 (D. Del. 2009) (personal jurisdiction under Delaware's long-arm statute); *Applied*

---

[13] Plaintiff uses "alter ego" and "veil piercing" interchangeably; thus, BAM refers to both as "alter ego."  Plaintiff may have shifted from a theory of "vicarious liability" (AC ¶ 64) to "alter ego" because, as demonstrated in BAM's Motion, there is no private right of action for indirect or secondary liability under Section 10.  Mot. at 12; *Cent. Bank of Denver, N.A. v. First Interstate Bank*, 511 U.S. 164, 191 (1994).  Rather, Section 20 of the Exchange Act imposes secondary liability only on "controlling persons," and not others, a "deliberate congressional choice with which courts should not interfere." *Id.* at 184.  Plaintiff does not respond to this argument, nor can he, because BAM did not control CZ within the meaning of the securities laws (or *any* meaning).

*Biosystems v. Cruachem*, 772 F. Supp. 1458, 1463 (D. Del. 1991) (deciding under Delaware law if "a court may establish jurisdiction over a parent based on jurisdiction over a subsidiary"). These cases say nothing about an entity being liable for the independent conduct of a shareholder.

In any event, these cases make clear that one party can be responsible for the acts of another party ***only*** where the party "***directed and controlled***" the acts of the other. *See Applied Biosystems*, 772 F. Supp. at 1463 ("we may consider the acts of an agent to the extent that these actions were directed and controlled by the principal"); *Cephalon*, 629 F. Supp. 2d at 347 ("alter ego" and "agency" involve attributing the "actions of a subsidiary to its parent, where the subsidiary acts on the parent's behalf"); *Nida*, 118 F. Supp. 2d at 1227 ("Control is critical in determining agency"). Here, it is undisputed that BAM did not control CZ. BAM is not responsible for CZ's actions.[14]

***Finally***, even if Plaintiff had properly pled alter-ego, and Florida law applied, BAM is not CZ's alter ego. "To pierce the corporate veil … three factors must be satisfied: (1) the shareholder dominated and controlled the corporation to such an extent that the corporation's independent existence was in fact non-existent and the shareholders were in fact alter egos of the corporation; (2) the corporate form must have been used fraudulently or for an improper purpose; and (3) the fraudulent or improper use of the corporate form caused injury to the claimant." *In re Trujillo*, 626 B.R. 59, 71 (Bankr. S.D. Fla. 2019). Further, the "corporate veil may not be pierced absent a showing of improper conduct," which requires that "the corporation was organized or employed

---

[14] Plaintiff's remaining authority is also inapposite. *S.E.C. v. Calvo*, 378 F.3d 1211, 1215 (11th Cir. 2004) (post-judgment appeal after a finding of liability against two different defendants based on independent actions of each defendant where "both parties engaged in securities laws violations" and the appellant defendant "was a necessary participant and a substantial factor in [the securities violation]"); *Alejandre v. Telefonica Larga Distancia*, 183 F.3d 1277, 1285 nn.18-19 (11th Cir. 1999) (rejecting plaintiff's attempt to collect a pre-existing judgment against a purported alter-ego shell entity in a garnishment action, holding that "the presumption of independent status is not to be lightly overcome," and to do so, plaintiff must "show abuse of corporate form" via "fraud or injustice," by showing agent's conduct was undertaken to prevent the "garnishment by the [principle's] creditors"); *Moore v. Potter*, 141 F. App'x 803, 807 (11th Cir. 2005) (holding that, as here, plaintiff "failed to allege facts remotely sufficient to support the necessary elements … for any of his claims," including "vicarious liability"); *Rushing v. Garrett*, 375 So. 2d 903, 906 (Fla. Dist. Ct. App. 1979) (addressing attorney's ability to bind client in sale of land contract).

to mislead creditors or work a fraud upon them" e.g., "to evade existing personal liability." *Id.*

Here, Plaintiff cannot satisfy the first two elements because Plaintiff does not (and cannot) contend BAM was formed "fraudulently or for an improper purpose." *Id.* at 72. Rather, Plaintiff acknowledges that BAM is an operational digital asset exchange that "transacted business," including "through the operation and availability of the Binance.US Platform" with "employees in the United States." Opp. at 5. The AC also states that BAM operated a "mobile application and/or web-based cryptocurrency exchange" and provided "market services" to its users, and that, despite CZ's incarceration, its business "remain[s] operational." AC ¶¶ 1-2. Veil-piercing fails. *Truillo*, 626 B.R. at 72 (rejecting reverse veil piercing where defendant was a "real compan[y] with employees," "formed for a legitimate purpose" and "conduct[ed] business in various locations").

Similarly, Plaintiff cannot satisfy the third element, because the AC (and Opposition) does not allege that CZ ***used BAM*** in any way, let alone that CZ "improperly use[d] [BAM's] corporate form [to] cause[] injury to [Plaintiff]." *See id.* at 71. Plaintiff routinely acknowledges that the only conduct at issue is CZ's own conduct. Opp. at 11 ("CZ's acts give rise to liability on all counts"). This forecloses any "alter ego" theory. *Oginsky v. Paragon Props.*, 784 F. Supp. 2d 1353, 1374 (S.D. Fla. 2011) (rejecting alter-ego theory because plaintiffs did "not adequately allege[] improper conduct in the formation or use of the corporation"); *S-Fer Int'l Inc., v. Stonesheets, LLC*, 2016 WL 8808749 (S.D. Fla. Jul. 22, 2016) (rejecting alter-ego theory because plaintiff failed to "explain how [individual] allegedly abused [entity's] corporate form … to such an extent that their independent existence was in fact nonexistent"); *Trujillo*, 626 B.R. at 71.[15]

## VII.   CONCLUSION

The AC should be dismissed without leave to amend. *See* BHL Reply at 24-25.

---

[15] Plaintiff's sole basis for his newly created alter-ego theory is that "CZ controls and owns all Binance entities worldwide, including [BAM]." Opp. at 3, 17. But allegations that a parent "wholly controlled, and had ultimate authority over, actions and statements" of a subsidiary (even wholly owned, which BAM is not), is insufficient to allege alter-ego liability. *Hawaiian Elec.*, 2024 WL 4505465, at *7-8. Where, as here, defendants are "legally separate entities," courts "cannot disregard the corporate form by holding [one] liable for [the other's] statements based solely on the presence of a parent-subsidiary relationship." *Id.*

Dated: October 30, 2024

Respectfully submitted,

*/s/ Daniel T. Stabile*
WINSTON & STRAWN LLP

Daniel T. Stabile, Esq.
Fla. Bar No. 1010193
DStabile@winston.com
Gabriela A. Plasencia, Esq.
Fla. Bar No. 115788
GPlasencia@winston.com
200 S. Biscayne Blvd., Suite 2400
Miami, FL 33131
Tel: (305) 910-0646

Jeffrey L. Steinfeld, Esq.
Cal. Bar No. 294848
333 S. Grand Ave.
Los Angeles, CA 90071
Tel: (213) 615-1700
JLSteinfeld@winston.com

Thania (Athanasia) Charmani, Esq.
NY Bar No. 5171822
200 Park Avenue
New York, NY 10166
Tel: (212) 294-4623
ACharmani@winston.com

*Attorneys for Defendants BAM Trading
Services Inc. and BAM Management US
Holdings Inc.*