UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 1:23-md-3076-KMM

IN RE:

FTX CRYPTOCURRENCY EXCHANGE
COLLAPSE LITIGATION
                                                                    /

**ORDER**

THIS CAUSE came before the Court upon Plaintiffs' Motion and Incorporated Memorandum for Leave to File Amended Complaint Against Multinational VC Defendants. ("Mot.") (ECF No. 493). Therein, Plaintiffs seek leave to file an Amended Administrative Class Action Complaint against existing Multinational VC Defendants Temasek Holdings (Private) Limited ("Temasek Holdings"), Temasek International (USA) LLC ("Temasek USA"), Sino Global Capital Limited ("SGCL"), Sino Global Capital Holdings, LLC ("SGCH"), Softbank Group Corp., SB Group US, Inc., SoftBank Investment Advisers (UK) Limited, and SoftBank Global Advisers Limited, and adding the following related entities: Temasek International Pte. Ltd. ("Temasek International"), Artz Fund Investments Pte. Ltd. ("Artz"), and Blakiston Investments Pte. Ltd. ("Blakiston"),[1] Sino Global Capital Management LLC ("SGCM"), Liquid Value GP Limited, Liquid Value Offshore Feeder Fund I LP, and Liquid Value U.S. Fund I LP (collectively, "Liquid Value Defendants"),[2] and SoftBank II Tempest (DE) LLC.[3] *See generally*

---

[1] Plaintiffs refer to Temasek International, Artz, and Blakiston, together with Temasek Holdings and Temasek USA, collectively as "Temasek."

[2] Plaintiffs refer to SGCM and Liquid Value Defendants, together with SGCL and SGCH, collectively as "Sino Global Capital."

[3] Plaintiffs refer to SoftBank II Tempest (DE) LLC, together with Softbank Group Corp., SB Group US, Inc., and SoftBank Investment Advisers (UK) Limited, collectively as "SoftBank."

1

*id.* Plaintiffs also attached their proposed Amended Administrative Class Action Complaint and Demand for Jury Trial. ("Proposed Amended Complaint") (ECF No. 493-1). The Multinational VC Defendants filed a response. ("Resp.") (ECF No. 536). Plaintiffs filed a Reply. ("Reply") (ECF No. 568). The Motion is now ripe for review.

Federal Rule of Civil Procedure 15(a)(2) permits a party to amend its pleadings with leave of court or with written consent of the opposing party. Fed. R. Civ. P. 15(a)(2). The decision to grant or deny a motion to amend pleadings is within the sound discretion of the trial court. *Espey v. Wainwright*, 734 F.2d 748, 750 (11th Cir. 1984). The policy of the federal rules is to permit liberal amendment to facilitate determination of claims on the merits and to prevent litigation from becoming a technical exercise in the fine points of pleading. *Smith v. Beverly Hills Club Apartments, LLC*, No. 1:15-CV-23450-KMM, 2016 WL 344975, at *2 (S.D. Fla. Jan. 28, 2016) (citing *Dussouy v. Gulf Coast Inv. Corp.*, 660 F.2d 594, 598 (5th Cir. 1981)). Thus, unless there is a substantial reason to deny leave to amend, the discretion of the district court is not broad enough to permit denial. *Id.* A substantial reason could include "undue delay, bad faith or dilatory motive, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party, and the futility of the amendment." *Grayson v. K Mart Corp.*, 79 F.3d 1086, 1110 (11th Cir. 1996).

The Multinational VC Defendants oppose the Motion to Amend because the Proposed Amended Complaint because (1) the new allegations do not remedy Plaintiffs' failure to plead personal jurisdiction over the Temasek Defendants, Resp. at 9–13; (2) there are no new substantive allegations specific to any SoftBank Defendant, *id.* at 13–15; and (3) amendment as to the Sino Global Defendants would be futile as there are no substantive allegations that these entities did anything wrong, *id.* at 15–19. The Multinational VC Defendants further argue that the deletion of

certain paragraphs in the Proposed Amended Complaint was done in bad faith to strategically excise allegations that undercut Plaintiffs' claims. *Id.* at 20. Plaintiffs explain that they removed certain allegations simply to streamline the most relevant facts and the omitted allegations are part of the public record. Resp. at 8–9.

The Court finds that the Multinational VC Defendants' futility arguments do not provide a basis for denying Plaintiffs' Motion to Amend pursuant to Rule 15(a)(2). To prevail on their futility arguments, the Multinational VC Defendants must show that the Proposed Amended Complaint is "subject to dismissal." *Burger King Corp. v. Weaver*, 169 F.3d 1310, 1320 (11th Cir. 1999). However, arguments that a proposed amendment is futile or fails to remedy defects present in an earlier complaint "are matters best addressed in a motion to dismiss rather than a basis to deny leave to amend." *Benzion v. Vivint, Inc.*, No. 12-61826-CIV, 2013 WL 12014439, at *3 (S.D. Fla. Sept. 9, 2013); *see also Rodriguez v. Imperial Brands plc*, No. 20-23287-CIV, 2022 WL 2231431, at *6 (S.D. Fla. Mar. 9, 2022) ("Defendants' futility-based objections to the Motion to Amend should be more fully and fairly addressed in the context of any future motions to dismiss that Defendants may file in response to the Second Amended Complaint."). Thus, the Court cannot conclude at this procedural juncture that the proposed amendment is "clearly insufficient or frivolous on its face." *Montes v. M & M Mgmt. Co.*, No. 15-80142-CIV, 2015 WL 11254703, at *1 (S.D. Fla. May 12, 2015). The Court is also mindful of Federal Rule of Civil Procedure 8(a)(2), which provides that a pleading that states a claim for relief need only contain a short and plain statement of the claim showing that the pleader is entitled to relief. *See Benzion*, 2013 WL 12014439, at *3. Accordingly, without commenting on the viability of Plaintiffs' claims, the Court rejects the Multinational VC Defendants' futility arguments at this time, without prejudice to Defendants' right to reassert such arguments in response to the Amended

3

Administrative Class Action Complaint. *See In re Chiquita Brands Int'l, Inc.*, No. 07-60821-CIV, 2012 WL 12875980, at *1 (S.D. Fla. Sept. 17, 2012); *Goldstein v. Fandango Media, LLC*, No. 22-80569-CIV, 2022 WL 19567758, at *1 (S.D. Fla. July 15, 2022). Finally, the Court does not find any other substantial reason to deny Plaintiffs leave to amend.

Accordingly, UPON CONSIDERATION of the Motion, the pertinent portions of the record, and being otherwise fully advised in the premises, it is hereby ORDERED AND ADJUDGED that Plaintiffs' Motion for Leave to File Amended Complaint Against Multinational VC Defendants (ECF No. 493) is GRANTED. Plaintiffs are INSTRUCTED to file the Amended Administrative Class Action Complaint (ECF No. 493-1) separately on the docket on or before November 18, 2024. It is FURTHER ORDERED that the Multinational VC Defendants shall have 45 days from the filing of the Amended Administrative Class Action Complaint to file any responses thereto. Nothing in this Order shall otherwise disturb the briefing parameters set in this Court's Order in (ECF No. 216).

DONE AND ORDERED in Chambers at Miami, Florida, this  12th  day of November, 2024.

K. MICHAEL MOORE
UNITED STATES DISTRICT JUDGE

cc: All counsel of record