UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 1:23-md-3076-KMM

IN RE:

FTX CRYPTOCURRENCY EXCHANGE
COLLAPSE LITIGATION
                                                    /

**ORDER**

THIS CAUSE came before the Court upon Plaintiffs' Motion and Incorporated Memorandum for Leave to File Amended Complaint Against Bank Defendants. ("Mot.") (ECF No. 492). Therein, Plaintiffs seek leave to file an Amended Administrative Class Action Complaint against Defendants Deltec Bank and Trust Company Limited ("Deltec"), Jean Chalopin ("Chalopin"), and Farmington State Bank d/b/a Moonstone Bank ("Moonstone") (collectively, "Bank Defendants").[1] *See generally id.* Bank Defendants filed Responses. (ECF Nos. 510, 513). Plaintiffs filed a Reply. ("Reply") (ECF No. 529). The Motion is now ripe for review.

Federal Rule of Civil Procedure 15(a)(2) permits a party to amend its pleadings with leave of court or with written consent of the opposing party. Fed. R. Civ. P. 15(a)(2). The decision to grant or deny a motion to amend pleadings is within the sound discretion of the trial court. *Espey v. Wainwright*, 734 F.2d 748, 750 (11th Cir. 1984). The policy of the federal rules is to permit liberal amendment to facilitate determination of claims on the merits and to prevent litigation from becoming a technical exercise in the fine points of pleading. *Smith v. Beverly Hills Club Apartments, LLC*, No. 1:15-CV-23450-KMM, 2016 WL 344975, at *2 (S.D. Fla. Jan. 28, 2016) (citing *Dussouy v. Gulf Coast Inv. Corp.*, 660 F.2d 594, 598 (5th Cir. 1981)). Thus, unless there

---

[1] Plaintiffs also attached their proposed Amended Administrative Class Action Complaint and Demand for Jury Trial. ("Proposed Amended Complaint") (ECF No. 492-1).

1

is a substantial reason to deny leave to amend, the discretion of the district court is not broad enough to permit denial. *Id.* A substantial reason could include "undue delay, bad faith or dilatory motive, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party, and the futility of the amendment." *Grayson v. K Mart Corp.*, 79 F.3d 1086, 1110 (11th Cir. 1996).

First, the Court notes that Defendants Deltec and Chalopin do not oppose the filing of the Proposed Amended Complaint. *See* (ECF No. 513) at 1. Defendant Moonstone opposes Plaintiffs' Motion to Amend because, according to Moonstone, the Proposed Amended Complaint "adds no relevant or well-pled basis for relief from Moonstone" and "do[es] not cure the defects in the claims . . . previously raised in the Administrative Complaint." (ECF No. 510) at 2, 5–6. Specifically, Moonstone argues that the proposed amendment would be futile as to Moonstone because: (1) the new allegations regarding the Federal Reserve Board's enforcement action against Moonstone are "inaccurate, irrelevant, and improper," *id.* at 6; (2) Plaintiffs have engaged in improper "group pleading" with respect to the Bank Defendants, *id.* at 10; (3) Count V of the Proposed Amended Complaint fails to state a claim for RICO conspiracy against Moonstone under Rule 8(a), *id.* at 11; and (4) the Proposed Amended Complaint does not materially change any other factual allegations about Moonstone and therefore does not cure the defects as to Plaintiffs' claims for aiding and abetting fraud, breach of fiduciary duty, conversion, common law conspiracy, or unjust enrichment, *id.* at 17.

The Court finds that Moonstone's futility arguments do not provide a basis for denying Plaintiffs' Motion to Amend pursuant to Rule 15(a)(2). For Moonstone to prevail on its futility argument, it must show that the Proposed Amended Complaint is "subject to dismissal." *Burger King Corp. v. Weaver*, 169 F.3d 1310, 1320 (11th Cir. 1999). However, arguments that a proposed

amendment is futile or fails to remedy defects present in an earlier complaint "are matters best addressed in a motion to dismiss rather than a basis to deny leave to amend." *Benzion v. Vivint, Inc.*, No. 12-61826-CIV, 2013 WL 12014439, at *3 (S.D. Fla. Sept. 9, 2013); *see also Rodriguez v. Imperial Brands plc*, No. 20-23287-CIV, 2022 WL 2231431, at *6 (S.D. Fla. Mar. 9, 2022) ("Defendants' futility-based objections to the Motion to Amend should be more fully and fairly addressed in the context of any future motions to dismiss that Defendants may file in response to the Second Amended Complaint."). Thus, the Court cannot conclude at this procedural juncture that the proposed amendment is "clearly insufficient or frivolous on its face." *Montes v. M & M Mgmt. Co.*, No. 15-80142-CIV, 2015 WL 11254703, at *1 (S.D. Fla. May 12, 2015). The Court is also mindful of Federal Rule of Civil Procedure 8(a)(2), which provides that a pleading that states a claim for relief need only contain a short and plain statement of the claim showing that the pleader is entitled to relief. *See Benzion*, 2013 WL 12014439, at *3. Accordingly, without commenting on the viability of Plaintiffs' claims, the Court rejects Moonstone's futility arguments at this time, without prejudice to Defendants' right to reassert such arguments in response to the Amended Administrative Class Action Complaint. *See In re Chiquita Brands Int'l, Inc.*, No. 07-60821-CIV, 2012 WL 12875980, at *1 (S.D. Fla. Sept. 17, 2012); *Goldstein v. Fandango Media, LLC*, No. 22-80569-CIV, 2022 WL 19567758, at *1 (S.D. Fla. July 15, 2022). Finally, the Court does not find any other substantial reason to deny Plaintiffs leave to amend.

Accordingly, UPON CONSIDERATION of the Motion, the pertinent portions of the record, and being otherwise fully advised in the premises, it is hereby ORDERED AND ADJUDGED that Plaintiffs' Motion for Leave to File Amended Complaint Against Bank Defendants (ECF No. 492) is GRANTED. Plaintiffs are INSTRUCTED to file the Amended Administrative Class Action Complaint (ECF No. 492-1) separately on the docket on or before

November 18, 2024. It is FURTHER ORDERED that the Bank Defendants shall have 45 days from the filing of the Amended Administrative Class Action Complaint to file any responses thereto. Nothing in this Order shall otherwise disturb the briefing parameters set in this Court's Order in (ECF No. 216).

DONE AND ORDERED in Chambers at Miami, Florida, this  12th  day of November, 2024.

K. MICHAEL MOORE
UNITED STATES DISTRICT JUDGE

cc: All counsel of record