**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

| | |
|---|---|
| IN RE:<br>FTX CRYPTOCURRENCY EXCHANGE<br>COLLAPSE LITIGATION<br><br>THIS DOCUMENT RELATES TO:<br><br>*Lahav et al. v. Binance Holdings Limited. et al.,*<br>No. 1:24-cv-21421-MOORE (PSLRA Class<br>Action) | MDL No. 3076<br><br>Case No. 23-md-03076-KMM |

**DEFENDANTS BAM TRADING SERVICES INC. AND BAM MANAGEMENT US**
**HOLDINGS INC.'S RESPONSE IN OPPOSITION TO PLAINTIFF'S MOTION**
**<u>FOR LEAVE TO FILE SUR-REPLY BRIEF (DKT. 772)</u>**

Defendants BAM Trading Services Inc. and BAM Management US Holdings Inc. ("BAM") hereby oppose and object to Plaintiff's Motion for Leave to File a Sur-Reply Brief (Dkt. 772). Plaintiff's request is completely unwarranted and improper for a number of reasons.

**First,** Plaintiff "inappropriately attached a copy of the Sur-Reply [Dkt. 772-1] to the Motion For Leave before obtaining leave of court to file the pleading. For this reason alone, the Motion For Leave should be stricken." *Fees v. Zarco,* 2017 WL 7345739, at *1 (S.D. Fla. Oct. 3, 2017); L.R. 7.1(c)(1) ("No further or additional memoranda of law shall be filed and served without prior leave of Court").

**Second**, *"*[i]t is inappropriate for Plaintiffs to use a Sur-Reply to reargue arguments they have already made under Local Rule 7.1(c)." *Fees,* 2017 WL 7345739, at *2. Here, by Plaintiff's own admission, the Motion for Leave and proposed Sur-Reply do nothing more than seek to reargue or highlight arguments previously presented.

**Third**, the purported basis for the proposed Sur-Reply—that BAM's reply brief (Dkt. 769) demonstrated that Plaintiff failed to meaningfully address its UCL claim in its opposition is

1

somehow a "new argumentative matter" (Dkt. 772-1)—is without merit.  Rather, BAM's reply properly responded to the arguments (or lack thereof) made in Plaintiff's oppositions.[1]  Accordingly, the proposed Sur-Reply is improper.  *See Giraldo v. Miami-Dade Coll.*, 2017 WL 2856433, at *4 (S.D. Fla. Feb. 28, 2017) *aff'd,* 739 F. App'x 572 (11th Cir. 2018) (denying motion for leave for sur-reply because defendants' reply raised arguments in rebuttal to the plaintiff's arguments); *Equal Emp. Opportunity Comm'n v. Univ. of Miami*, 2021 WL 2349490, at *2 (S.D. Fla. June 9, 2021) (denying leave for sur-reply because defendants' "reply respond[ed] to the arguments and the evidence the Plaintiff relied on in her response in opposition").

**Finally**, Plaintiff improperly uses its Sur-Reply request to once again seek leave to amend the Complaint should the Court grant Defendants' motions.  This is facially improper and a flat violation of Local Rule 7.1(c).  In short, Plaintiff seeks to simply rehash his same arguments (or lack thereof) in an improper attempt to get the last word.  This is par for the course.  As detailed in BAM's motion and reply, Plaintiff has previously inundated the Court and the parties with hundreds of pages of incoherent and irrelevant exhibits.

The Court should deny Plaintiff's request for a Sur-Reply and grant BAM's motion to dismiss with prejudice.

---

[1] As explained in BAM's reply, Plaintiff's Opposition to BAM's Motion to Dismiss (Dkt. 745) does not meaningfully support its UCL claim or contest any of BAM's arguments for dismissal. Likewise, Plaintiff's Opposition to BHL/CZ's Motion to Dismiss (Dkt. 744) does not meaningfully contest the UCL claim as to BAM.

Dated: December 5, 2024

Respectfully submitted,

*/s/ Daniel T. Stabile*
WINSTON & STRAWN LLP

Daniel T. Stabile, Esq.
Fla. Bar No. 1010193
200 S. Biscayne Blvd., Suite 2400
Miami, FL 33131
Tel: (305) 910-0646
DStabile@winston.com

Jeffrey L. Steinfeld, Esq.
Cal. Bar No. 294848
333 S. Grand Ave.
Los Angeles, CA 90071
Tel: (213) 615-1700
JLSteinfeld@winston.com

Thania (Athanasia) Charmani, Esq.
NY Bar No. 5171822
200 Park Avenue
New York, NY 10166
Tel: (212) 294-4623

*Attorneys for Defendants BAM Trading*
*Services Inc. and BAM Management US*
*Holdings Inc.*

**<u>CERTIFICATE OF SERVICE</u>**

I hereby certify that on December 5, 2024, the foregoing document was electronically filed with the Clerk of this Court using CM/ECF.  I also certify that the foregoing document is being served this day on all counsel of record, either via transmission of Notices of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel who are not authorized to receive electronically Notices of Electronic Filing.

*/s/ Daniel T. Stabile*
Daniel T. Stabile, Esq.
