UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 1:23-md-3076-KMM

IN RE:

FTX CRYPTOCURRENCY EXCHANGE
COLLAPSE LITIGATION

_____/

### ORDER

THIS CAUSE came before the Court upon Plaintiffs' Motion for Preliminary Approval of First Tranche of Settlements, Provisional Certification of Proposed Settlement Class, and Approval of the Proposed Schedule, ("Motion for Preliminary Approval" or "Mot.") (ECF No. 565), and Plaintiffs' Supplement to Plaintiffs' Motion for Preliminary Approval for First Tranche of FTX Settlements ("Supp.") (ECF No. 780). Therein, Plaintiffs notify the Court that the Class Representatives[1] and certain FTX Insiders and Promoter Defendants (defined herein)[2] have reached proposed Class Settlements. *See* Mot. at 1; Supp. at 1. Plaintiffs and the Settling Defendants seek to resolve this dispute pursuant to the terms and conditions set forth in several settlement agreements, which have been filed with this Court (the "Settlement Agreements") (ECF No. 565-2).

---

[1] Leandro Cabo, Alexander Chernyavsky, Chukwudozie Ezeokoli, Edwin Garrison, Ryan Henderson, Shengyun Huang, Michael Livieratos, Michael Norris, Brandon Orr, Julie Papadakis, Gregg Podalsky, Kyle Rupprecht, and Vijeth Shetty (collectively the "Class Representatives").

[2] Defendants Samuel Bankman-Fried, Caroline Ellison, Zixiao "Gary" Wang, Nishad Singh (collectively, "Insider Settling Defendants"), Daniel Friedberg ("Mr. Friedberg"), Kevin Paffrath, Tom Nash, Brian Jung, Andrei Jikh, Jeremy Lefebvre, Graham Stephan, and William Trevor Lawrence (collectively, "Promoter Settling Defendants") ("Settling Defendants" will refer collectively to Insider Settling Defendants, Mr. Friedberg, and Promoter Settling Defendants).

1

In the Motion for Preliminary Approval, Plaintiffs request that the Court: (1) grant preliminary approval of the Settlements; (2) grant certification of the proposed Settlement Class; (3) appoint Class Representatives under Federal Rule of Civil Procedure 23(c) ("Rule 23") class representatives; (4) appoint MDL Co-Lead Counsel Adam Moskowitz and David Boies as Co-Lead Class Counsel pursuant to Rules 23(c)(1)(B) and 23(g); (5) approve the proposed plan of notice to the Class pursuant to Rule 23(e) and set a schedule for disseminating notice to Class Members, as well as deadlines to comment on or object to the Settlements; and (6) schedule a hearing pursuant to Rule 23(e)(2) to determine whether the proposed Settlements are fair, reasonable, and adequate; and should be approved. Mot. at 3.

Since filing the Motion for Preliminary Approval, Plaintiffs have filed a Supplement, explaining that they reached a "Global Resolution" with FTX Trading Ltd. and its affiliated debtors and debtors-in-possession in the Chapter 11 cases that are being jointly administered under *In re FTX Trading Ltd. et al.*, No. 22-11068 (Bankr. D. Del.) ("FTX Debtors"). On June 4, 2024, the FTX Debtors filed a Notice indicating that they initiated an adversary proceeding against Plaintiffs in the FTX Debtors' Chapter 11 proceedings, raising several concerns with the proposed Settlements with the FTX Insiders and Mr. Friedberg. *See generally* (ECF No. 694). As a part of the Global Resolution, Plaintiffs would seek to sever and stay their request for preliminary approval of the FTX Insider Settlements. *See generally* (ECF No. 742). However, the Global Resolution does not affect the settlements reached with the Promoter Defendants.

Plaintiffs additionally request in their Supplement that should this Court grant preliminary approval of the First Tranche of Promoter Settlements, that the Court defer formal notice of the settling Promoter Defendants' Settlement Agreements to the Settlement Class until claims against non-settling Promoter Defendants have been resolved. Supp. at 2. In support of this request, Plaintiffs state that noticing all settlements at the end of the litigation will conserve

money for the Settlement Class and serve the interests of judicial and litigative efficiency. *Id.* Further, it will allow the MDL Plaintiffs to take advantage of the bankruptcy distribution system, which is not yet making distributions. *Id.*; *see also Karnas v. Cuban*, 22-cv-22538-RKA, (ECF No. 304).

A class action may be settled only with the approval of the court. *See* Fed. R. Civ. P. 23(e). Federal Rule of Civil Procedure 23(e)(1)(B) sets forth the grounds for a court's initial decision to send notice of a proposed settlement to the class. *See Drazen v. Pinto*, No. 21-10199, 2024 WL 3422404, at *21–22 (11th Cir. July 16, 2024). Specifically, the moving parties must show that the court "will *likely* be able to: (i) approve the [settlement] proposal under Rule 23(e)(2); and (ii) certify the class for purposes of judgment on the proposal." Fed. R. Civ. P. 23(e)(1)(B) (emphasis added). Thus, Rule 23(e) "explicitly directs a court at the preliminary approval stage to assess whether it is 'likely' it will be able to finally approve the settlement after notice, an objection period, and a fairness hearing." 4 Newberg and Rubenstein on Class Actions § 13:10 (6th ed.).

Here, based on the Court's "initial evaluation of the fairness of the proposed settlement on the basis of the written submissions," *Encarnacion v. J.W. Lee, Inc.*, No. CV 14-61927, 2015 WL 12550747, at *1 (S.D. Fla. June 30, 2015) (internal quotations omitted); *see* the Settlement Agreements; the Declaration of Sunil Domonic Kavuri (ECF No. 565-1), the Court finds that the proposed settlements are "the result of the parties' good faith negotiations[,]" that there are, no "obvious deficiencies" in the Settlement Agreements, and that the Settlement Agreements "fall within the range of reason." *Smith v. Wm. Wrigley Jr. Co.*, 2010 WL 2401149, at *2 (S.D. Fla. June 15, 2010) (cleaned up). The Court also finds, solely for purposes of effectuating the proposed settlement, that the proposed Class "(1) is so numerous that joinder of all members is impracticable; (2) there are questions of law or fact common to the class; (3) the claims or defenses of the representative parties are typical of the claims or defenses of the class; and (4) the

representative parties will fairly and adequately protect the interests of the class." Fed. R. Civ. P. 23(a). Furthermore, "questions of law or fact common to class members predominate over any questions affecting only individual members," and class resolution is "superior to other available methods for fairly and efficiently adjudicating the controversy." Fed. R. Civ. P. 23(b)(3).

Accordingly, it is hereby ORDERED AND ADJUDGED as follows:

1. The Court has jurisdiction over the subject matter and Parties to this proceeding pursuant to 28 U.S.C. §§ 1331 and 1332, including jurisdiction to approve and enforce the Settlements and all orders and decrees that have been entered or which may be entered pursuant thereto.

2. Venue is proper in this District.

3. The Court preliminarily certifies, solely for purposes of effectuating the proposed settlement, the following class:

> All persons or entities who, from May 1, 2019 to the date of preliminary approval, purchased or held legal title to and/or beneficial interest in any fiat or cryptocurrency deposited or invested through an FTX Platform, purchased or enrolled in a YBA, or purchased FTT.

4. The Court preliminarily finds, solely for purposes of effectuating the proposed settlement, that the Class satisfies the applicable factors under Federal Rule of Civil Procedure 23, specifically:

    i. The Class Members are so numerous that joinder of all of them is impracticable;

    ii. There are questions of law and fact common to the Class Members, which predominate over any individual questions;

    iii. Plaintiffs' claims are typical of the claims of the Class Members;

    iv. Plaintiffs and Class Counsel have fairly and adequately protected the interests of all Class Members; and

      v. Class resolution is superior to other available methods for a fair and efficient adjudication of this case.

5. The Settlements are conditional on the Court's approval. In the event the Court does not approve all terms of the Settlements, then certification of the Class will be voided as to such Settlements, and all orders entered in connection therewith, including but not limited to any order conditionally certifying the Class, will be voided.

6. For purposes of settlement only, and pursuant to the terms of the Settlements, the Court hereby appoints the Class Representatives to serve as class representative plaintiffs and Adam Moskowitz of The Moskowitz Law Firm, PLLC and David Boies of Boies Schiller Flexner LLP to serve as Co-Lead Class Counsel pursuant to Rule 23(c).

7. The Court preliminarily finds that the proposed settlements, on the terms and conditions set forth in the Settlement Agreements, are fundamentally fair, reasonable, adequate, and in the best interests of Class Members, in consideration of the following factors:

    A. The benefits to the Class Members;

    B. The strengths and weaknesses of Plaintiffs' case and the expense of additional litigation;

    C. The Settlements were reached after arms-length negotiations with the assistance of an experienced mediator; and

    D. The recommendation of experienced Class Counsel, who have extensive experience litigating and settling consumer class actions and other complex matters and have conducted an extensive investigation into the factual and legal issues raised in this action.

8. The Court APPROVES the Notice Plan. Notice will be transmitted through the Class Member emails contained in FTX's client records. Notice will also be published in the Wall Street Journal, as well as online. The Class's proposed Notice Plan satisfies the fairness standards set forth in Rule 23. The Notice Plan is reasonably calculated under the circumstances to apprise the Settlement Class of the pendency of the Action, class certification, the terms of the Settlement,

5

Class Counsel's Fee Application, and their rights to optout of the Settlement Class and object to the Settlement, Class Counsel's Fee Application, and/or a request for Service Awards for Plaintiffs. The Notice Plan presents all required categories of information clearly and in plain English and thus is substantively sufficient.

9. At a time directed by the Court (and as outlined above), the Parties will send, or cause to be sent, a Class Notice to each Class Member, in a form to be approved by the Court, that:

   i. Contains a short, plain statement of the background of the Action and the Settlement;

   ii. Describes the settlement relief provided by the Settlements and outlined in this Order;

   iii. States that any relief to Class Members is contingent on the Court's final approval;

   iv. Informs Class Members that attorneys' fees and expenses will be requested at a later time and, if approved by the Court, will be paid from the Settlement Fund;

   v. Informs Class Members that any Final Order and Judgment entered in the Action, whether favorable or unfavorable to the Class, shall include, and be binding on, all Class Members, even if they have objected to the proposed Settlement and even if they have any other claim, lawsuit or proceeding pending against Settling Defendants;

   vi. Describes the terms of the Release; and

   vii. Contains reference and a hyperlink to a dedicated webpage established by JND Legal Administration LLC ("JND" or "Administrator"), which will include relevant documents and information regarding Class Representatives' claims against Defendants in the FTX MDL.

10. The specific form of the Notice approved by the Court will be disseminated by email and U.S. Mail in accordance with JND's Notice Plan.

11. On a later date (as further Ordered by the Court), the Administrator will develop and deploy the informational case-specific website where Class Members may obtain more

6

information about the settlement. The case website will have an easy-to-navigate design that will be formatted to emphasize important information and deadlines and will provide links to important case documents, including a Long Form Notice. The settlement website will be prominently displayed in all printed notice documents and accessible through the email and digital notices. The settlement website will also be ADA-compliant and optimized for mobile visitors so that information loads quickly on mobile devices. It will be designed to maximize search engine optimization through Google and other search engines.

12. Regarding the Promoter Settling Defendants, Class Representatives and Class Counsel shall provide notice of this Action and Settlements to the appropriate federal and state entities in accordance with the Class Action Fairness Act (CAFA).

13. With respect to the Promoter Settling Defendants, monetary relief shall be paid to a common fund to fund the Class Settlement, which funds shall be paid out according to a plan approved by the court.

14. A Class Member may object to the Settlements. To object, the Class Member must comply with the procedures and deadlines approved by the Court. Any Class Member who wishes to object to the Settlements must do so in writing on or before the Objection Deadline, as specified in the Class Notice and the Settlement Agreements. The written objection must be filed with the Clerk of Court, and mailed (with the requisite postmark) to Class Counsel and Defendants' Counsel at the addresses identified in the settlements no later than the Objection Deadline. The requirements to assert a valid written objection shall be set forth in the Class Notice and the requirements must be strictly complied with.

15. Subject to approval of the Court, any Class Member who files and serves a written objection may appear, in person or by counsel, at the Final Approval Hearing held by the District Court, to show cause why the proposed Settlements should not be approved as fair, adequate, and reasonable, but only if the objecting Class Member:

   i. Files with the Clerk of the District Court a Notice of Intention to Appear at the Final Approval Hearing by the Objection Deadline; and

    ii.    Serves the Notice of Intention to Appear on all counsel designated in the Class Notice by the Objection Deadline. The Notice of Intention to Appear must include copies of any papers, exhibits, or other evidence that the objecting Class Member will present to the District Court in connection with the Final Approval Hearing.

16.    In the event the Settlements are not approved by the Court, or for any reason the Parties fail to obtain a Final Order and Final Judgment as contemplated in the Settlements, or the Settlements are terminated pursuant to its terms for any reason, then the following shall apply:

    i.    All orders and findings entered in connection with the Settlements shall become null and void and have no further force and effect, shall not be used or referred to for any purposes whatsoever, and shall not be admissible or discoverable in any other proceeding;

    ii.    All of the Parties' respective pre-Settlement claims and defenses will be preserved, including, but not limited to, Plaintiffs' right to seek class certification and Settling Defendants' right to oppose class certification;

    iii.    Nothing contained in this Order is, or may be construed as, any admission or concession by or against Settling Defendants or Plaintiffs on any point of fact or law;

    iv.    Neither the Settlements' terms nor any publicly disseminated information regarding the Settlements, including, without limitation, the Notice, court filings, orders and public statements, may be used as evidence;

    v.    Neither the fact of, nor any documents relating to, either party's withdrawal from the Settlements, any failure of the Court to approve the Settlements and/or any objections or interventions may be used as evidence; and

    vi.    The preliminary certification of the Class pursuant to this Order shall be vacated automatically and the Actions shall proceed as though the Class had never been certified.

17. The Court reserves the right to approve the Settlements with or without modification, provided that any modification does not limit the rights of the Class under the Settlements, and with or without further notice to the Class and may continue or adjourn the Fairness Hearing without further notice to the Class, except that any such continuation or adjournment shall be announced on the Settlement website.

18. Settlement Class Counsel and Settling Defendants' Counsel are hereby authorized to use all reasonable procedures in connection with approval and administration of the Settlements that are not materially inconsistent with this Order or the Agreements, including making, without further approval of the Court, minor changes to the Agreements, to the form or content of the Class Notice or to any other exhibits that the Parties jointly agree are reasonable or necessary.

19. The Parties are authorized to take all necessary and appropriate steps to establish the means necessary to implement the Agreements.

20. Any information received by the Settlement Notice Administrator, the Settlement Special Administrator, or any other person in connection with the Settlement Agreements that pertains to personal information regarding a particular Class Member (other than objections or requests for exclusion) shall not be disclosed to any other person or entity other than Settlement Class Counsel, the Settling Defendants, Settling Defendants' Counsel, the Court, and as otherwise provided in the Settlement Agreements.

21. This Court shall maintain continuing jurisdiction over these settlement proceedings to assure the effectuation thereof for the benefit of the Class.

22. Preliminary Approval of First Tranche of Settlements and Provisional Certification of Proposed Settlement Class is GRANTED for Defendants Kevin Paffrath, Tom Nash, Brian Jung, Andrei Jikh, Jeremy Lefebvre, Graham Stephan, and William Trevor Lawrence (collectively, "Promoter Settling Defendants").

23. Preliminary Approval of First Tranche of Settlements and Provisional Certification of Proposed Settlement Class is STAYED for Defendants Caroline Ellison, Zixiao "Gary" Wang, Nishad Singh (collectively, "Insider Settling Defendants") and Defendant Daniel Friedberg.

24. The Plaintiffs have asked that the Court defer formal notice of the Settlement Agreement to the Settlement Class until Plaintiffs' claims against the non-settling Defendants have been resolved. The Court agrees that this is the most practical path forward. Deferring notice will save money for the Settlement Class because, at the end of this litigation, Plaintiffs will be able to provide notice of all the settlements at once. Therefore, in the interest of judicial and litigative efficiency, dissemination of notice shall be STAYED until Plaintiffs' claims against the remaining non-settling Defendants have been resolved.

DONE AND ORDERED in Chambers at Miami, Florida this  19th  day of December 2024.

K. MICHAEL MOORE
UNITED STATES DISTRICT JUDGE

Copies furnished to:
Counsel of record