UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 1:23-md-3076-KMM

In RE

FTX CRYPTOCURRENCY EXCHANGE
COLLAPSE LITIGATION
                                                                    /

**ORDER**

THIS CAUSE came before the Court upon Plaintiffs' Expedited Opposed Motion to Continue Briefing Deadlines in Multinational VC Defendants' Rule 12(b)(2) and (5) Motions to Dismiss. ("Motion") (ECF No. 839). Defendants filed responses in opposition (ECF Nos. 841, 842) per the Court's Paperless Order Requiring Expedited Briefing (ECF No. 840). In the Motion, Plaintiffs request to continue briefing deadlines on the Multinational VC Defendants' Rule 12(b)(2) and (5) Motions to Dismiss up to sixty (60) days following the Court's forthcoming Order on Plaintiffs' Motion for Leave to Take Jurisdictional Discovery ("Jurisdictional Discovery Motion") (ECF No. 838), if Plaintiff's Jurisdictional Discovery Motion is granted. Alternatively, if the Jurisdictional Discovery Motion is denied, Plaintiffs request that they shall file their oppositions to Multinational VC Defendants' Motions to Dismiss under Rule 12(b)(2) and (5) up to fourteen days following the Court's order.

In Defendants' responses in opposition to the Motion, Defendants argue that the Court need not delay the briefing process any further to allow a second round of jurisdictional discovery. *See generally* (ECF Nos. 841, 842). The Temasek Defendants (as defined in their Response) argue that "to seek jurisdictional discovery and to further delay these proceedings after Plaintiffs' nearly year-long delay . . . would prejudice the Temasek Defendants." (ECF No. 841) at 7. The Sino Global Defendants (as defined in their Response) argue that Plaintiffs have failed to serve any of the Sino Global Defendants properly, and it is unclear how additional jurisdictional discovery is relevant to

1

opposing their motion to dismiss for insufficient service of process. (ECF No. 842) at 2–3. The Sino Global Defendants further argue that the Motion should be denied in light of the Court's previous procedures governing the relationship between jurisdictional discovery and motions to dismiss. *Id.* at 3–4. Specifically, on December 18, 2023, when the Court ordered Plaintiffs to take jurisdictional discovery, rather than continue briefing related to the motions to dismiss, the Court ordered that "[w]ithin 15 days after the time permitted for jurisdictional discovery has expired, Plaintiffs may file a motion to supplement their responses to the motions to dismiss for lack of personal jurisdiction." (ECF No. 422) at 6.

The crux of Defendants' arguments in opposition to continuing briefing deadlines is whether Plaintiffs are even entitled to jurisdictional discovery. The only argument proffered as to why the Court should not continue briefing deadlines absent a peek at the merits of the Jurisdictional Discovery Motion, is linked to the Court's December 18, 2023 Order. This argument, however, disregards the posture of the MDL at that time, wherein the Court was considering the jurisdictional discovery request for multiple tracks of Defendants, and the respective motions to dismiss were fully briefed. *See* (ECF No. 422) at 2. ("[T]he motions to dismiss for each Administrative Class Action Complaint are fully briefed and discovery remains stayed."). Conversely, at this juncture, the Motions to Dismiss are not fully briefed, and the Court is not in a position to rule on the merits of Plaintiffs' Jurisdictional Discovery Motion, as it is awaiting Defendants' responses in opposition. Until the Court has made a ruling on the Jurisdictional Discovery Motion, the Court agrees with Plaintiffs that a brief continuance is warranted with respect to Defendants' 12(b)(2) and (5) motions.

Accordingly, UPON CONSIDERATION of the Motion, the pertinent portions of the record, and being otherwise fully advised in the premises, it is hereby ORDERED AND ADJUDGED that Plaintiffs' Motion (ECF No. 839) is GRANTED. The Parties' briefing deadlines with respect to Defendants' Rule 12(b)(2) and (5) Motions to Dismiss (ECF Nos. 815–817, 819) are hereby

STAYED.  The Court will provide a revised briefing schedule in its Order on Plaintiffs' Jurisdictional Discovery Motion.

DONE AND ORDERED in Chambers at Miami, Florida, this  21st   day of February, 2025.

K. MICHAEL MOORE
UNITED STATES DISTRICT JUDGE

cc: All counsel of record