IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA, MIAMI DIVISION
Case No. 1:23-md-03076-KMM

**IN RE:**

**FTX Cryptocurrency Exchange Collapse Litigation**

This Document Relates To:

*Chernyavsky, et al.* v. *Temasek Holdings (Private) Limited, et al.*
Case No. 1:23-cv-22960 (S.D. Fla.)

*Cabo, et al.* v. *Temasek Holdings (Private) Limited, et al.*
No. 1:23-cv-03974 (N.D. Cal.)

/

**SINO GLOBAL CAPITAL LIMITED, LIQUID VALUE OFFSHORE FEEDER FUND I LP, AND LIQUID VALUE GP LIMITED'S OPPOSITION TO PLAINTIFFS' OPPOSED OMNIBUS MOTION TO LIFT DISCOVERY STAY FOR LIMITED PURPOSES AND FOR LEAVE TO CONDUCT JURISDICTIONAL DISCOVERY ON CERTAIN <u>MULTINATIONAL VC DEFENDANTS</u>**

## TABLE OF CONTENTS

**PRELIMINARY STATEMENT** ... 1

**STATEMENT OF FACTS AND PROCEDURAL HISTORY** ... 2

**ARGUMENT** ... 4

I. RESPONDING DEFENDANTS ARE NOT SUBJECT TO JURISDICTIONAL DISCOVERY BECAUSE THEY WERE NEVER SERVED WITH PROCESS ... 4

II. PLAINTIFFS ARE NOT ENTITLED TO JURISDICTIONAL DISCOVERY REGARDING WHETHER THERE IS PERSONAL JURISDICTION OVER RESPONDING DEFENDANTS ... 5

A. Jurisdictional Discovery Is Only Permitted When There are Disputed Issues of Jurisdictional Facts, and Cannot Be Used for a Fishing Expedition ... 5

B. Plaintiffs Have Not Established a Right to Jurisdictional Discovery Because There are No Disputed Jurisdictional Facts Regarding Responding Defendants ... 7

III. PLAINTIFFS ARE NOT ENTITLED TO JURISDICTIONAL DISCOVERY REGARDING SERVICE OF PROCESS ... 10

**CONCLUSION** ... 10

# **TABLE OF AUHTIORITIES**

**Page(s)**

**Cases**

*Auf v. Howard Univ.*,
  2020 U.S. Dist. LEXIS 53226 (S.D. Fla. Mar. 25, 2020) ......................................................5, 6

*BCP Mgmt., LLC v. Deutsche Bank Nat'l Tr. Co.*,
  535 F. Supp. 3d 1217 (M.D. Fla. 2021) ..........................................................................4, 5, 10

*DVASH Aviation Holdings, LLC v. AMP Leasing Ltd.*,
  2024 U.S. Dist. LEXIS 139777 (S.D. Fla. July 11, 2024) ....................................................9, 10

*Firestone Fin., LLC v. Fap Logistics, LLC*,
  2024 U.S. Dist. LEXIS 178957 (M.D. Fla. Oct. 1, 2024) .....................................................7, 10

*Forde v. Miami Fed. Dep't of Corr.*,
  578 F. App'x 877 (11th Cir. 2014) ..............................................................................................4

*Iglesias v. Pernod Ricard, S.A.*,
  2020 U.S. Dist. LEXIS 263814 (S.D. Fla. Oct. 30, 2020) ...........................................................6

*JMA, Inc. v. Biotronic SE & Co. KG*,
  2013 U.S. Dist. LEXIS 49854 (S.D. Fla. Apr. 4, 2013) ...............................................................6

*Millennium Indus. Network v. Hitti*,
  2014 U.S. Dist. LEXIS 10232 (S.D. Fla. Jan. 28, 2014) ..........................................................6, 7

*Murphy Bros., Inc. v. Michetti Pipe Stringing, Inc.*,
  526 U.S. 344 (1999) .....................................................................................................................5

*O'Keefe v. Sequoia Capital Operations, LLC, et al.*,
  23-cv-20700 (S.D. Fla.) ...............................................................................................................3

*Thompson v. Carnival Corp.*,
  174 F. Supp. 3d 1327 (S.D. Fla. 2016) .......................................................................................6

*Turner v. Costa Crociere S.P.A.*,
  2020 WL 9071486 (S.D. Fla. Aug. 23, 2020) ..............................................................................7

*Walden v. Fiore*,
  571 U.S. 277 (2014) .....................................................................................................................8

*Wolf v. Celebrity Cruises, Inc.*,
  683 F. App'x 786 (11th Cir. 2017) ..........................................................................................5, 9

*Yepez v. Regent Seven Seas Cruises*,
    2011 WL 3439943 (S.D. Fla. Aug. 5, 2011)..........................................................................6, 9

Defendants Sino Global Capital Limited ("SG Capital Limited"), Liquid Value Offshore Feeder Fund I LP ("LV Offshore"), and Liquid Value GP Limited ("LV GP," and together with SG Capital Limited and LV Offshore, "Responding Defendants" and each a "Responding Defendant") respectfully submit this opposition to Plaintiffs' Opposed Omnibus Motion to Lift Discovery Stay for Limited Purposes and for Leave to Conduct Jurisdictional Discovery on Certain Multinational VC Defendants (ECF No. 838, the "Motion" or the "Mot.").[1]

## **PRELIMINARY STATEMENT**

Plaintiffs cannot obtain jurisdictional discovery of Responding Defendants because, among other reasons, Plaintiffs have failed to properly serve any Responding Defendant, a bedrock principle of litigation.

<u>Two years ago</u>, in February 2023, Plaintiffs originally named SG Capital Limited, a Hong Kong entity, as a Defendant. Plaintiffs never took any steps to serve process, as required, under the Hague Convention on the Service Abroad of Judicial and Extrajudicial Documents (the "Hague Convention"). On January 10, 2025, Plaintiffs moved to serve SG Capital Limited through alternate means. That motion remains pending.

Plaintiffs attempted a different tactic with LV Offshore and LV GP, both Cayman Islands entities that were named as Defendants for the first time in the Amended Administrative Class Action Complaint and Demand for Jury Trial. ECF No. 783 (the "AC"). Instead of attempting to serve LV Offshore and LV GP via the Hague Convention or moving for alternative service, Plaintiffs purported to serve them through a completely different entity, Sino Global Capital

---

[1] Responding Defendants continue to make a special appearance in this litigation, without waiver of any of their defenses, including insufficient service of process, personal jurisdiction, and failure to state a claim.

Management LLC ("SG Capital Management").[2] Plaintiffs have not demonstrated a basis to disregard corporate forms, such that they can serve LV Offshore and LV GP through SG Capital Management. All Responding Defendants have moved to dismiss for improper service, ECF No. 816 (the "Improper Service MTD") and for lack of personal jurisdiction, ECF No. 817 (the "Personal Jurisdiction MTD").

The instant Motion demonstrates that Plaintiffs' bogus purported service through SG Capital Management was a ploy to improperly obtain jurisdictional discovery. Plaintiffs' gambit should be rejected. The Eleventh Circuit has confirmed the bedrock tenet that a party cannot be forced to participate in discovery before it is served with process.

Additionally, the Motion violates Eleventh Circuit law that a plaintiff is only entitled to jurisdictional discovery where there are disputed issues of fact supporting the exercise of personal jurisdiction. A plaintiff is not entitled to utilize jurisdictional discovery to engage in a fishing expedition, or to establish new, non-pleaded theories of jurisdiction. Responding Defendants are mindful that the Court previously granted jurisdictional discovery of certain other Defendants, but they respectfully contend that the jurisdictional discovery sought here by Plaintiffs is an impermissible fishing expedition.

### STATEMENT OF FACTS AND PROCEDURAL HISTORY

**Plaintiffs Fail to Serve SG Capital Limited Via the Hague Convention**

SG Capital Limited is a Hong Kong entity. Despite initially naming SG Capital Limited

---

[2]  Plaintiffs do not seek jurisdictional discovery from SG Capital Management. Mot. at 2 n.1. Plaintiffs also do not seek jurisdictional discovery from Liquid Value Fund GP Ltd. ("LV Fund GP"), which did join Defendants' motion to dismiss for lack of personal jurisdiction and for improper service, even though that is not an actual entity. *See* ECF No. 817-3 ¶ 6.

as a Defendant in February 2023,[3] Plaintiffs have taken no steps to serve SG Capital Limited via the Hague Convention. As Plaintiffs concede in the Motion (Mot. at 8), and as set forth in SG Capital Limited's motion to dismiss for insufficient service of process, ECF No. 816 (the "Insufficient Service MTD"),[4] it is undisputed that SG Capital Limited, has not been served with the AC. Plaintiffs purported (without support) that they served SG Capital Limited with a prior complaint via SG Capital Management. ECF No. 497. Plaintiffs have not attempted to serve SG Capital Limited with the AC through SG Capital Management, but Plaintiffs have moved to serve SG Capital Limited via alternative means. ECF No. 811 (the "Alternative Service Motion"). SG Capital Limited opposed the Alternative Service Motion, ECF No. 832 (the "Alternative Service Opposition"), and the Alternative Service Motion remains pending.

**Plaintiffs Make a Faulty Attempt to Serve LV Offshore and LV GP Through SG Capital Management**

LV Offshore and LV GP were named as Defendants for the first time in the AC. LV Offshore is a Cayman Islands exempted limited partnership and LV GP is a Cayman Islands exempted company. ECF No. 816.1 ¶¶ 8-9. Neither entity has been directly served with the AC. Instead, on December 13, 2024, Plaintiffs filed a Proof of Service purporting that on November 25, 2024, a process server working for Plaintiffs served LV Offshore, c/o SG Capital Management, by delivering documents to an individual named Molly Walsh at 1111 Brickell Avenue, Miami, FL 33131. ECF No. 797. Accordingly, Plaintiffs are taking the position that they have served LV Offshore through SG Capital Management.

Plaintiffs have not filed proof of service on LV GP. ECF No. 816.1 ¶ 13. However,

---

[3] Plaintiffs first named SG Capital Limited as a Defendant in the action captioned *O'Keefe v. Sequoia Capital Operations, LLC, et al.*, 23-cv-20700 (S.D. Fla.).

[4] The Insufficient Service MTD is not yet fully briefed.

Plaintiffs' Alternative Service Motion claims that Plaintiffs served LV GP c/o SG Capital Management. Alternative Service Motion at 9.

As explained in the Insufficient Service Motion (and the forthcoming reply brief), LV Offshore and LV GP are separate and distinct entities from SG Capital Management. There are no pleaded facts that SG Capital Management is the alter ego or agent of LV Offshore or LV GP. The Insufficient Service Motion also explains that Plaintiffs have not even served SG Capital Management correctly because Ms. Walsh has no connection to SG Capital Management (or LV Offshore, LV GP, or any other Defendant); she merely works at a co-working space where SG Capital Management rents a hot desk. Plaintiffs attempted to serve LV Offshore and LV GP through SG Capital Management in a cynical gambit to force them to participate in the litigation or risk default, in turn leading to Plaintiffs' instant request for jurisdictional discovery.

## ARGUMENT

### I. RESPONDING DEFENDANTS ARE NOT SUBJECT TO JURISDICTIONAL DISCOVERY BECAUSE THEY WERE NEVER SERVED WITH PROCESS

The Eleventh Circuit has explained that "[w]ithout service of process, a court ordinarily may not exercise power over a party named as a defendant in a complaint." *Forde v. Miami Fed. Dep't of Corr.*, 578 F. App'x 877, 880 (11th Cir. 2014) (citation omitted). "[A]bsent proper service of process, a district court has no jurisdiction to compel a defendant to respond to discovery requests." *Id.* (emphasis added). In *Forde*, the Eleventh Circuit found that it was not abuse of discretion for the district court to decline to compel discovery of the defendant because the plaintiff's "failure to effect service on [defendant] meant the district court lacked the power to compel [defendant] to produce information." *Id.* at 880-81. *See also BCP Mgmt., LLC v. Deutsche Bank Nat'l Tr. Co.*, 535 F. Supp. 3d 1217, 1220 (M.D. Fla. 2021) (denying request for jurisdictional discovery where plaintiff had not sufficiently served defendant). Likewise, the

4

Supreme Court has explained that it is a "bedrock principle" that "[a]n individual or entity named as a defendant is not obliged to engage in the litigation unless notified of the action, and brought under a court's authority, by formal process." *Murphy Bros., Inc. v. Michetti Pipe Stringing, Inc.*, 526 U.S. 344, 347 (1999).

Here, as demonstrated above and in the Insufficient Service MTD and in the Alternative Service Opposition, no Responding Defendant has been properly served with process. Plaintiffs concede that they have not served SG Capital Limited via the Hague Convention and the Alternative Service Motion remains pending (and should be denied). And Plaintiffs' assertion that they served LV Offshore and LV GP through a <u>different</u> entity, SG Capital Management, and incorrectly at that, should be rejected. Accordingly, under black letter Eleventh Circuit law, Responding Defendants cannot be compelled to participate in discovery. For that reason, the Motion should be denied.

## II. PLAINTIFFS ARE NOT ENTITLED TO JURISDICTIONAL DISCOVERY REGARDING WHETHER THERE IS PERSONAL JURISDICTION OVER RESPONDING DEFENDANTS

### A. Jurisdictional Discovery Is Only Permitted When There are Disputed Issues of Jurisdictional Facts, and Cannot Be Used for a Fishing Expedition

The Eleventh Circuit has explained that the "right to jurisdictional discovery is a qualified one, available when a court's jurisdiction is genuinely in dispute. Such discovery requests should not serve as fishing expeditions, and, as such, are appropriate only when a party demonstrates that it can supplement its jurisdictional allegations through discovery." *Wolf v. Celebrity Cruises, Inc.*, 683 F. App'x 786, 792 (11th Cir. 2017) (citation and quotation marks omitted). *See also Auf v. Howard Univ.*, 2020 U.S. Dist. LEXIS 53226, at *30 (S.D. Fla. Mar. 25, 2020) ([T]he "purpose of jurisdictional discovery is to ascertain the truth of the allegations or facts underlying the assertion of personal jurisdiction. It is *not* a vehicle for a 'fishing expedition' in hopes that discovery will

5

sustain the exercise of personal jurisdiction.") (citations and question marks omitted, emphasis in original).

A plaintiff is "foreclosed from pursuing jurisdictional discovery in an attempt to marshal facts that he should have had – but did not – before coming through the courthouse doors." *Thompson v. Carnival Corp.*, 174 F. Supp. 3d 1327, 1339 (S.D. Fla. 2016) (Moore, J.) (citation and quotation marks omitted). The "failure of a plaintiff to investigate jurisdictional issues prior to filing suit does not give rise to a genuine jurisdictional dispute." *Yepez v. Regent Seven Seas Cruises*, 2011 WL 3439943, at *1 (S.D. Fla. Aug. 5, 2011).

Plaintiffs that rely on "broad generalizations as a basis for personal jurisdiction" are engaging in a "fishing expedition with no bait on the hook. That, of course, cannot be allowed and Plaintiffs must do more if they seek to engage in jurisdictional discovery because it remains unclear what discovery Plaintiffs need, how it will establish personal jurisdiction, and what factual issues remain in dispute." *Iglesias v. Pernod Ricard, S.A.*, 2020 U.S. Dist. LEXIS 263814, at *10-11 (S.D. Fla. Oct. 30, 2020) (internal citations omitted).

Plaintiffs also are not permitted to utilize jurisdictional discovery to "search[] for a new basis for jurisdiction, not based on anything pled in the complaint" or to "search[] for potential additional causes of action," which "would be, by definition, a 'fishing expedition.'" *JMA, Inc. v. Biotronic SE & Co. KG*, 2013 U.S. Dist. LEXIS 49854, at *18 (S.D. Fla. Apr. 4, 2013). *See also Millennium Indus. Network v. Hitti*, 2014 U.S. Dist. LEXIS 10232, at *9 (S.D. Fla. Jan. 28, 2014) (denying request for jurisdictional discovery because "Plaintiff is asking this Court to allow it to conduct discovery in order to assert a new basis for jurisdiction."); *Firestone Fin., LLC v. Fap Logistics, LLC*, 2024 U.S. Dist. LEXIS 178957, at *10 (M.D. Fla. Oct. 1, 2024) ("Nor is Plaintiff entitled to jurisdictional discovery to try to uncover a basis to craft an amended complaint over

6

which this Court has jurisdiction").

The "burden is on [the] Plaintiff to demonstrate that there is a genuine dispute by identifying the factual information that Plaintiff seeks in discovery…" *Turner v. Costa Crociere S.P.A.*, 2020 WL 9071486, at *6 (S.D. Fla. Aug. 23, 2020) (Moore, J.).

### B. Plaintiffs Have Not Established a Right to Jurisdictional Discovery Because There are No Disputed Jurisdictional Facts Regarding Responding Defendants

The Motion fails to establish a qualified right to jurisdictional discovery of Responding Defendants. First, Plaintiffs contend that "[t]his Court has already found" that "Plaintiffs successfully made out a *prima facie* case of personal jurisdiction against Multinational VC Defendants in the Administrative Class Action Complaint…" Mot. at 10. It is unclear how Plaintiffs are defining "Multinational VC Defendants" in that sentence, but the order they reference did not make any such finding against Responding Defendants. ECF No. 422 (the "Jurisdictional Discovery Order"). To the contrary, the Jurisdictional Discovery Order decided a motion that was not made against SG Capital Limited. *Id.* at 1 n.1. And LV Offshore and LV GP were not even Defendants at the time of the Jurisdictional Discovery Order; they were not named until the AC was filed in November 2024. The Court has never found that Plaintiffs have made out a *prima facie* case of personal jurisdiction against Responding Defendants.

Second, Plaintiffs misrepresent their own allegations to claim that they have alleged a *prima facie* case of personal jurisdiction against Responding Defendants in Florida. Plaintiffs state that they "allege that [Responding Defendants] aided and abetted the FTX fraud by providing funding to the FTX publicity campaign, which emanated from Florida, was in part paid with FTX customer funds, and was so vital to the fraud, and itself contributed directly to such campaign with supportive Tweets, etc., despite knowing that the operation was a fraud." Mot. at 12. Yet, the cited paragraphs of the AC do not say that. Certain paragraphs concern other Defendants'

7

relationship to Florida, and the cited paragraphs regarding Responding Defendants (or the group-pleaded "Sino Global" or "Multinational VC Defendants") have nothing to do with any relationship to Florida. *See* Mot at 12 (citing AC ¶¶ 9, 71, 118-34, 299-314, 321-23, 339-45, 347, 354, 385 & Ex. C). There are also no allegations that Responding Defendants funded the FTX publicity campaign. Plaintiffs thus have not established a *prima facie* case under the Florida long-arm statute, and jurisdiction over Responding Defendants would not comport with due process. *See Walden v. Fiore*, 571 U.S. 277 (2014) (the exercise of specific jurisdiction must be based on "contacts that the defendant himself creates with the forum state").

Third, Plaintiffs have no basis for jurisdiction over Responding Defendants in California. As explained in the Personal Jurisdiction MTD, the allegations regarding SG Capital's other investments in California having nothing to do with FTX, AC ¶ 48, has no legal relevance to whether there is personal jurisdiction over SG Capital Limited. And the fact that SG Capital Limited's founder and CEO, Matthew Graham, discussed FTX on a "podcast hosted by Apple in Cupertino, CA," AC ¶¶ 48, 367 is the type of "random, fortuitous, or attenuated contact" that cannot support personal jurisdiction. *See Walden*, 571 U.S. at 286. The AC contains no other connections whatsoever between SG Capital Limited and California, and there are no connections between LV Offshore or LV GP and California.

Fourth, Plaintiffs have not raised an issue of jurisdictional fact as to whether SG Capital Limited is the alter ego or agent of LV Offshore of LV GP. As explained the prior motions, Plaintiffs have not met the high bar to ignore the corporate form; they have not pleaded any facts showing that SG Capital Limited and any other Defendant operated as a single economic entity or that there was improper conduct in the formation or use of any entity. *See* Personal Jurisdiction MTD at 9-10; Improper Service MTD at 2-3. The AC's only supposed "fact" supporting its alter

8

ego/agency allegation is that "Liquid Value Fund GP Ltd. lists the Sino Global Capital Ltd. website as its website … in its filings (i.e., a form ADV…)." AC ¶ 52. The cited website does not state that it is the website of SG Capital Limited, and in any event the website does not meet any of the alter ego/agency factors.

Fifth, as explained in the Personal Jurisdiction MTD, Plaintiffs have not pleaded a *prima facie* case of jurisdiction based on a conspiracy, because they have not alleged any conspiracy – let alone one involving Responding Defendants – with specificity and do not allege that Responding Defendants themselves created contacts with Florida or California, or were even aware of any acts in furtherance of any conspiracy in Florida. Personal Jurisdiction MTD at 10-11, 15. Plaintiffs cite their own opposition to a motion to dismiss a prior version of the complaint for failure to state a claim as "demonstrating Plaintiffs sufficiently pleaded conspiracy," Mot. at 13 (citing ECF No. 362) but it does nothing of the sort (and LV Offshore and LV GP were not even Defendants yet when Plaintiffs filed that prior brief).

In sum, there are no disputed jurisdictional issues concerning Responding Defendants. Plaintiffs have not demonstrated that "a court's jurisdiction is genuinely in dispute" or that they "can supplement [their] jurisdictional allegations through discovery." *Wolf*, 683 F. App'x at 792. *See also Yepez*, 2011 WL 3439943, at *2 (denying request for jurisdictional discovery and explaining that "the typical plaintiff is expected to be able to allege [key jurisdictional facts] in good faith without the benefit of discovery"); *DVASH Aviation Holdings, LLC v. AMP Leasing Ltd.*, 2024 U.S. Dist. LEXIS 139777 (S.D. Fla. July 11, 2024) (denying request for jurisdictional discovery by plaintiff asserting agency jurisdiction where "[t]here are no well-plead[ed] allegations that Sideral has operational control over AMP Leasing"); *Firestone*, 2024 U.S. Dist. LEXIS 178957, at *13 (denying jurisdictional discovery where "there is no *dispute* of

jurisdictional facts …; there is an *absence* of them) (emphasis in original).  The Motion should be denied.

### III.  PLAINTIFFS ARE NOT ENTITLED TO JURISDICTIONAL DISCOVERY REGARDING SERVICE OF PROCESS

It is unclear whether the Motion seeks jurisdictional discovery to buttress Plaintiffs' opposition to the Improper Service MTD.  But to the extent Plaintiffs are seeking such jurisdictional discovery regarding service, the Motion should be denied.  As noted above and in the Insufficient Service MTD, no Responding Defendant has been properly served with process, and Plaintiffs have not come close to establishing facts sufficient to meet the high bar to disregard the corporate form.  *See BCP*, 535 F. Supp. 3d at 1220 (denying request for jurisdictional discovery as to sufficiency of service of process "based on a speculative agency relationship").

Moreover, the Jurisdictional Discovery Order explicitly <u>denied</u> jurisdictional discovery against another Defendant "concerning service of process."  Jurisdictional Discovery Order at 5 n. 2.

### CONCLUSION

For the foregoing reasons, the Motion should be denied.

Dated:  February 28, 2025

*/s/ Jason P. Gottlieb*
Jason P. Gottlieb
Michael Mix
Vani Upadhyaya
MORRISON COHEN LLP
909 Third Avenue
New York, New York 10022
Telephone: (212) 735-8600
Email: jgottlieb@morrisoncohen.com
  mmix@morrisoncohen.com
  vupadhyaya@morrisoncohen.com

*Counsel for Defendants Sino Global Capital Limited, Liquid Value Offshore Feeder Fund I LP, and Liquid Value GP Limited*

## **CERTIFICATE OF SERVICE**

I hereby certify that on this 28th day of February, 2025, I e-filed a true and correct copy of the foregoing document using the Court's CM/ECF system, which will send a notice of electronic filing to all counsel of record.

<div align="right">

*/s/ Jason P. Gottlieb*
Jason P. Gottlieb

</div>