**IN THE UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA, MIAMI DIVISION**
Case No. 1:23-md-03076-KMM

**IN RE:**

**FTX Cryptocurrency Exchange Collapse**
**Litigation**

_____

THIS DOCUMENT RELATES TO:

*O'Keefe* v. *Sequoia Capital Operations, LLC, et al.*,
Case No. 23-cv-20700 (S.D. Fla.)

*O'Keefe* v. *Temasek Holdings (Private) Limited, et al.*,
Case No. 1:23-cv-23065 (S.D. Fla.)

*Chernyavsky, et al.* v. *Temasek Holdings (Private)*
*Limited, et al.*, Case No. 1:23-cv-22960 (S.D. Fla.)

*Cabo, et al.* v. *Temasek Holdings (Private) Limited,*
*et al.*, Case No. 1:23-cv-23212 (S.D. Fla.)

_____

**DEFENDANTS TEMASEK INTERNATIONAL PTE. LTD.,**
**ARTZ FUND INVESTMENTS PTE. LTD., AND**
**BLAKISTON INVESTMENTS PTE. LTD.'S OPPOSITION TO PLAINTIFFS'**
**OPPOSED OMNIBUS MOTION TO LIFT DISCOVERY STAY FOR LIMITED**
**PURPOSES AND FOR LEAVE TO CONDUCT JURISDICTIONAL DISCOVERY ON**
**<u>CERTAIN MULTINATIONAL VC DEFENDANTS</u>**

## <u>TABLE OF CONTENTS</u>

PRELIMINARY STATEMENT ................................................................................................ 1

BACKGROUND ................................................................................................................... 4

PLAINTIFFS' REQUESTS .................................................................................................... 6

ARGUMENT ....................................................................................................................... 8

I.      PLAINTIFFS' REQUEST FOR JURISDICTIONAL DISCOVERY SHOULD
       BE DENIED............................................................................................................. 8

       A.     Legal Standard ......................................................................................... 8

       B.     Plaintiffs Are Not Entitled to Jurisdictional Discovery Because They Have
           Failed to Plead a *Prima Facie* Case of Personal Jurisdiction. .............................. 9

       C.     Plaintiffs Have Not Identified a Genuine Factual Dispute Relevant to the
           Court's Exercise of Personal Jurisdiction. ........................................................... 11

       D.     Plaintiffs Have Already Conducted Jurisdictional Discovery. ......................... 13

       E.     Plaintiffs' Requests Improperly Seek to Substantiate Their Inadequately
           Pled Claims on the Merits........................................................................................ 16

CONCLUSION.................................................................................................................... 17

# TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*APL Co. Pte* v. *Intergro Inc.*,
   2014 WL 4744410 (N.D. Cal. Sept. 22, 2014) ....................................................................10

*Arch Ins. Co.* v. *Vas Aero Servs., LLC*,
   2018 WL 1770553 (S.D. Fla. Apr. 12, 2018) ......................................................................15

*Aviation One of Fla., Inc.* v. *Airborne Ins. Consultants (PTY), Ltd.*,
   722 F. App'x 870 (11th Cir. 2018) ......................................................................................16

*Butler* v. *Sukhoi Co.*,
   579 F.3d 1307 (11th Cir. 2009) .........................................................................................8, 9

*Cortazar* v. *CA Ventures, LLC*,
   2019 WL 13092852 (S.D. Fla. Aug. 15, 2019).....................................................................11

*Covenant Imaging LLC* v. *Viking Rigging & Logistics, Inc.*,
   2020 WL 12442002 (S.D. Fla. Feb. 14, 2020) .....................................................................10

*Diulus* v. *Am. Express Travel Related Servs. Co.*,
   823 F. App'x 843 (11th Cir. 2020) ....................................................................................8, 9

*Kilma* v. *Carnival Corp.*,
   2008 WL 4559231 (S.D. Fla. Oct. 10, 2008) ......................................................................16

*Koswire, Inc.* v. *Alpha Stainless, Ltd.*,
   2018 WL 8368847 (N.D. Ga. Aug. 1, 2018) .........................................................................9

*Lazarre* v. *JPMorgan Chase Bank, N.A.*,
   780 F. Supp. 2d 1320 (S.D. Fla. 2011) ...............................................................................16

*Micro Fin. Advisors, Inc.* v. *Coloumb*,
   2022 WL 5359221 (S.D. Fla. Oct. 6, 2022)..............................................................3, 12, 16

*Millennium Indus. Network, Inc.* v. *Hitti*,
   2014 WL 324656 (S.D. Fla. Jan. 28, 2014) .......................................................................8, 16

*Rodriguez* v. *Imperial Brands plc*,
   2022 WL 2231504 (S.D. Fla. May 25, 2022) ................................................................12, 16

*Singh* v. *Royal Caribbean Cruises Ltd.*,
   576 F. Supp. 3d 1166 (S.D. Fla. 2021) ............................................................................8, 11

*Thompson* v. *Carnival Corp.*,
 174 F. Supp. 3d 1327 (S.D. Fla. 2016) .............................................................................3, 17

*Valle* v. *3M Co.*,
 647 F. Supp. 3d 1262 (N.D. Fla. 2022)..........................................................................9

*Yepez* v. *Regent Seven Seas Cruises*,
 2011 WL 3439943 (S.D. Fla. Aug. 5, 2011) .............................................................13

*In re Zantac (Ranitidine) Prods. Liab. Litig.*,
 706 F. Supp. 3d 1363 (S.D. Fla. 2020) .......................................................................9

*Zapata* v. *Royal Caribbean Cruises, Ltd.*,
 2013 WL 1100028 (S.D. Fla. Mar. 15, 2013)........................................................11, 12, 17

**Other Authorities**

Fed. R. Civ. P. 12(b)(2)......................................................................................9, 10, 13

Fed. R. Civ. P. 12(b)(6)..................................................................................................9

Fed. R. Civ. P. 30(b)(6)............................................................................................ *passim*

## PRELIMINARY STATEMENT

Plaintiffs' motion for additional jurisdictional discovery from the Temasek Defendants is an impermissible attempt to get a second bite at the apple in hopes of salvaging their deficient complaint.[1]  Over a year ago, Plaintiffs obtained discovery into the jurisdictional ties between the Temasek entities' investments in FTX and the forum states.  And it was this very same previously obtained discovery that Plaintiffs used to justify amending their Complaint to add three new Singaporean defendants:  Temasek International, Blakiston, and Artz.  (*See* ECF No. 493 at 11.)  But Plaintiffs now claim they need even *more* jurisdictional discovery to ensure they can sustain their claims against the newly added defendants.

Despite their prior discovery efforts, Plaintiffs' Complaint still fails to plead a *prima facie* case of personal jurisdiction against Temasek International, Artz, and Blakiston.  That is unsurprising, as each lacks ties to the forum states.  (ECF No. 817-1, Chan Decl. ¶¶ 35–81.)  As a result, Plaintiffs resort to arguing that the jurisdictional discovery provided by Temasek Holdings and Temasek USA (the two entities originally in the case) was somehow insufficient.  That is wrong.  But to the extent Plaintiffs believed their prior jurisdictional discovery efforts, conducted over a year ago, were inadequate, Plaintiffs should have sought relief before amending their Complaint.  Plaintiffs instead chose an alternate strategic path, and they should not be permitted a second round of jurisdictional discovery now that they are once again facing motions to dismiss.

Plaintiffs should not be permitted another chance to use jurisdictional discovery as a fishing expedition in hopes of shoring up deficient allegations.  Indeed, Plaintiffs seek to serve several

---

[1]   The Temasek Defendants are Temasek Holdings (Private) Limited ("Temasek Holdings"), Temasek International (USA) LLC ("Temasek USA"), Temasek International Pte. Ltd. ("Temasek International"), Artz Fund Investments Pte. Ltd. ("Artz"), and Blakiston Investments Pte. Ltd. ("Blakiston").

Requests for Production ("RFPs") that were expressly rejected by Magistrate Judge Sanchez when Plaintiffs last sought jurisdictional discovery.  Plaintiffs' motion should be denied for at least four reasons.

*First*, Plaintiffs have failed to satisfy the threshold burden of pleading a *prima facie* case of personal jurisdiction as to Artz, Blakiston, and Temasek International.  Plaintiffs have shown no contacts with either Florida or California for the three Singaporean entities into which Plaintiffs seek jurisdictional discovery.  Nor could they, as none of those entities does business in those states, and last year's jurisdictional discovery confirmed that no Temasek entity directed any act towards those states in connection with the FTX investment.  Plaintiffs thus rely on their attempts to plead conspiracy jurisdiction, but those attempts fail, as Plaintiffs have not pled any non-conclusory facts showing any agreement to commit any unlawful act, much less the other specific facts required to plausibly allege a conspiracy.

*Second*, Plaintiffs have not identified any genuine dispute of material fact that is relevant to this Court's exercise of personal jurisdiction.  They point to no information that undercuts the sworn testimony in the declarations that the Temasek Defendants submitted with their motion to dismiss.  The evidence established, among other things, that Temasek International, Artz, and Blakiston do not have any relevant contacts with the forum states, and that all of the relevant Temasek entities are legally and practically distinct and thus may not be lumped together in an effort to manufacture jurisdiction over a foreign defendant.  (Chan Decl. ¶¶ 6–7, 35–81.)

*Third*, Plaintiffs' complaints bemoaning the sufficiency of the prior discovery are baseless, as Temasek Holdings and Temasek USA took on the burden of reviewing thousands of documents; answering several interrogatories; and sitting for depositions under Rule 30(b)(6).  In any event, as Plaintiffs took that discovery, they were undoubtedly aware of Temasek International,

Blakiston, and Artz, and if Plaintiffs believed that more information was required to establish jurisdiction, they should have sought further discovery at that time rather than bring a complaint against the new entities with insufficient jurisdictional support.  Plaintiffs' attempt to get a "second bite at the apple" should be rejected.  *Micro Fin. Advisors, Inc.* v. *Coloumb*, 2022 WL 5359221, at *1 (S.D. Fla. Oct. 6, 2022).

*Fourth*, Plaintiffs' requested discovery is in no way limited to personal jurisdiction issues. Rather, Plaintiffs are seeking merits discovery to shore up their deficient substantive allegations. But it is well established that jurisdictional discovery may not be used "in an attempt to marshal facts that" plaintiffs "should have had—but did not—before coming through the courthouse doors."  *Thompson* v. *Carnival Corp.*, 174 F. Supp. 3d 1327, 1339 (S.D. Fla. 2016) (quoting *Lowery* v. *Ala. Power Co*., 483 F.3d 1184, 1216 (11th Cir. 2007)) (quotation marks omitted).  Nor may jurisdictional discovery be used as a "fishing expedition" by a plaintiff hoping to bolster a speculative complaint.  *Id.* at 1341 (quoting *Lazarre* v. *JPMorgan Chase Bank, N.A.*, 780 F. Supp. 2d 1320, 1329 n.16 (S.D. Fla. 2011)).  Indeed, Magistrate Judge Sanchez already denied Plaintiffs' efforts to compel production on substantially similar RFPs in the prior round.  (ECF No. 478 at 2 (denying Plaintiffs' motion to compel other than as to corporate depositions, and ordering Temasek Holdings and Temasek USA each to answer one additional interrogatory beyond those they had agreed to answer and produce limited materials they had already agreed to produce, including their "organizational structure" and "any contracts and agreements . . . with FTX or any of FTX's affiliated entities").)

The Temasek Defendants respectfully submit that it is time for Plaintiffs' flawed complaint to be adjudicated.  There is no basis to give Plaintiffs yet another bite at the apple, when the last

one could have—but did not—establish jurisdiction.   Accordingly, the Court should reject Plaintiffs' efforts to engage in a cycle of repetitive jurisdictional discovery and amendment.

## **BACKGROUND**

Plaintiffs originally sued two Temasek entities:  Temasek Holdings, a Singapore-based global investment company whose sole shareholder is the Singapore Minister for Finance,[2] and Temasek USA, an LLC organized under Delaware law with its principal place of business in New York.  (ECF No. 182 at 11; ECF No. 783, AC ¶ 29; Chan Decl. ¶ 3; ECF No. 817-2, Atherton Decl. ¶¶ 3, 4.)

In September 2023, Temasek Holdings and Temasek USA moved to dismiss Plaintiffs' complaint for failure to state a claim and for lack of personal jurisdiction.  (ECF Nos. 300, 303.) Temasek Holdings also moved to dismiss for lack of proper service.  (ECF No. 298.)  The crux of Temasek Holdings' and Temasek USA's personal jurisdiction defense is that Temasek Holdings' subsidiaries carried out their activities relevant to the FTX investment ***in Singapore***, and Temasek USA was not involved in the investment ***at all***.

In November 2023, while the motions to dismiss were being briefed, Plaintiffs moved for leave to lift the discovery stay and for leave to conduct jurisdictional discovery.  (ECF No. 348 at 14.)  On December 18, 2023, the Court granted limited jurisdictional discovery for a period of 45 days.  (ECF No. 422 at 6.)  During this discovery period, Temasek Holdings produced documents (having reviewed thousands for evidence of jurisdictional ties), and each of Temasek Holdings and Temasek USA answered interrogatories and provided a deponent for a 30(b)(6) deposition limited to jurisdictional facts.

---

[2]   Under the Singapore Minister for Finance (Incorporation) Act 1959, the Minister for Finance is a body corporate.

While Plaintiffs assert they "were forced to pursue a motion to compel, which Judge Sanchez granted in part following briefing and a hearing" (ECF. No. 838 at 6), Magistrate Judge Sanchez's Order largely rejected Plaintiffs' improper efforts to obtain merits-based discovery.

Before the hearing on Plaintiffs' discovery motion, Temasek Holdings and Temasek USA had already offered to answer 6 of the 7 interrogatories and produce documents in response to RFP Nos. 29 (seeking documents relating to interactions with Sam Bankman-Fried and others affiliated with FTX Entities, Alameda, North Dimension Inc., and/or LedgerX LLC) and 37 (seeking documents concerning any meetings with FTX's directors, executives, employees, representatives, and/or agents), so long as the RFPs were limited to contacts with the relevant forum states.  (*See* ECF. No. 475-1 at 7–11, 32–33, 39; ECF No. 475-3 at 7–11, 32–33, 39.)  Plaintiffs nevertheless sought to compel Temasek Holdings and Temasek USA to respond to their entire battery of improper discovery requests, which numbered 7 interrogatories, 46 RFPs, and two corporate depositions.  (ECF Nos. 455, 455-2.)  Magistrate Judge Sanchez rejected nearly every single one of Plaintiffs' 46 RFPs, adopting Temasek Holdings' and Temasek USA's proposals and additionally ordering Rule 30(b)(6) depositions of each entity.[3]

Temasek Holdings and Temasek USA then engaged in the ordered discovery, including by reviewing thousands of documents from the custodial files of the key members of the "deal team," searching for any contacts with the forum states in relation to the FTX transactions.  Each of

---

[3]   (*Compare* ECF Nos. 455, 455-2 (seeking to compel Temasek Holdings and Temasek USA to each answer 7 interrogatories and produce documents in response to 46 RFPs), *with* ECF No. 478 at 2 (denying Plaintiffs' motion to compel except as to Plaintiffs' interrogatories and two four-hour 30(b)(6) depositions, and requiring Temasek Holdings and Temasek USA each to produce additional limited materials concerning their "organizational structure" and "any contracts and agreements . . . with FTX or any of FTX's affiliated entities").)

Temasek Holdings and Temasek USA likewise provided a corporate deponent to testify as to the relevant jurisdictional issues.  (ECF No. 536-4 at 1–2.)  Discovery closed on February 1, 2024.

On February 17, 2024, Plaintiffs moved for leave to file an amended complaint to add Temasek International, Artz, and Blakiston as defendants.  (ECF No. 493.)  Temasek International is a Singapore entity that employs the individuals who made up the deal team for the FTX investment, all of whom carried out the work relevant to the investment *in Singapore*.  (Chan Decl. ¶¶ 6, 10, 13, 41, 49; Ex. 1, Tr. of Jan. 29, 2024 30(b)(6) Deposition of B. Chan, at 21:11–18.)  Artz and Blakiston are both Singapore private limited companies (Chan Decl. ¶¶ 4–5), and they are investment vehicles without employees.  In 2021 and 2022, Artz invested approximately $210 million in FTX Trading Ltd ("FTX International") and approximately $65 million in West Realm Shires Inc. ("FTX US," and together with FTX International, "FTX"), through two stock purchases.  (Chan Decl. ¶ 8; AC ¶¶ 29, 44.)  In 2022, Blakiston purchased token warrants from Alameda Research Ltd. ("Alameda").  (Chan Decl. ¶ 9; AC ¶ 281.)  Implausibly, despite the equity investments being wiped out when FTX collapsed, Plaintiffs allege that the Temasek Defendants aided and abetted the insiders' fraud.  (ECF No. 818 at 1.)

On November 13, 2024, the Court granted leave to amend.  (ECF No. 773.)  On January 10, 2025, the Temasek Defendants moved to dismiss the Amended Complaint for failure to state a claim and for lack of personal jurisdiction.  (ECF Nos. 817, 818.)  Temasek Holdings, Temasek International, Artz, and Blakiston also moved to dismiss for insufficient service of process.  (ECF No. 815.)  On February 14, 2025—less than two weeks before the deadline for their oppositions—Plaintiffs once again sought leave to conduct jurisdictional discovery.  (ECF No. 838.)

## **PLAINTIFFS' REQUESTS**

Plaintiffs purport to seek "brief jurisdictional discovery" (ECF No. 838 at 1), but their requests are sweeping.  Although the files of all the key deal team members have already been

searched for evidence of contacts with the forum states, Plaintiffs seek to serve an additional 9 RFPs on Temasek International, Artz, and Blakiston.  (ECF No. 838-1 at 34–36.)  Plaintiffs further seek to serve three more interrogatories on those entities and to take three additional corporate depositions.  (*Id.* at 34; ECF No. 838 at 16.)

Plaintiffs' new discovery requests are highly burdensome, overbroad compared to the limited purpose of ascertaining jurisdictional facts, and in many cases, were already rejected by Magistrate Judge Sanchez during last year's jurisdictional discovery.  Just by way of example:

- Interrogatory No. 1 asks that Temasek International, Artz, and Blakiston "identify *every person* with whom You interacted—whether in person, over the telephone, via Zoom or similar remote meeting service, via email or other written correspondence, or otherwise—in conducting due diligence related to the investment in FTX Entities or Alameda."  (ECF No. 838-1 at 34 (emphasis added).)  This interrogatory is not limited to ties to the forum states and represents an attempt to engage in broad merits discovery under the guise of "brief jurisdictional discovery."  (ECF No. 838 at 1.)

- RFP No. 7 requests "[a]ll documents concerning your membership and service on the board, including any advisory board, of any of the FTX Entities and/or Alameda, including, but not limited to, calendar entries, agendas, presentations, and minutes of any and all meetings of such board."  (ECF No. 838-1 at 36.)  This request mirrors a substantially similar RFP that was previously rejected by Magistrate Judge Sanchez.  (*Compare* ECF No. 838-1 at 36 (RFP No. 7), *with* ECF No. 455-2 at 17 (RFP No. 9); *see* ECF No. 478 at 2 (denying Plaintiffs' motion to compel as to RFP No. 9).)

- RFP No. 8 seeks "[d]ocuments reflecting the due diligence efforts undertaken by you or on your behalf in conjunction with potential or actual investments in or with FTX Entities and/or Alameda."  (ECF No. 838-1 at 36.)  Plaintiffs once again make no effort to limit their Requests to jurisdictional issues.

- RFP No. 9 seeks "[a]ll documents concerning property, personnel, or equipment shared between any of the following: Temasek Holdings (Private) Limited, Temasek International (USA) LLC, Artz Fund Investments Pte. Ltd., Blakiston Investments Pte. Ltd., and/or Temasek International Pte. Ltd."  (ECF No. 838-1 at 36.)  Once again, this request mirrors a substantially similar RFP that was rejected by Magistrate Judge Sanchez.  (*Compare* ECF No. 838-1 at 36 (RFP No. 9), *with* ECF No. 455-2 at 25 (RFP No. 44); *see* ECF No. 478 at 2 (denying Plaintiffs' motion to compel as to RFP 44).)

- RFP No. 2 requests "[a]ll documents concerning Your formation, organization, and corporate governance, including, but not limited to, articles of incorporation, articles of formation, by-laws, board minutes, consents, membership agreements, partnership agreements, certificates of good standing, registrations to do business, licenses, charters

for any and all board committees, policies relating to conflicts of interest, insider trading policies, related party transaction policies, and codes of ethics." (ECF No. 838-1 at 35.) This facially overbroad request was also previously rejected. (*Compare* ECF No. 838-1 at 35 (RFP No. 2), *with* ECF No. 455-2 at 24–25 (RFP No. 39); *see* ECF No. 478 at 2 (denying Plaintiffs' motion to compel as to RFP 39).)

## ARGUMENT

## I. PLAINTIFFS' REQUEST FOR JURISDICTIONAL DISCOVERY SHOULD BE DENIED.

### A. Legal Standard

The Eleventh Circuit has held that, where a complaint is "insufficient as a matter of law to establish a *prima facie* case that the district court ha[s] jurisdiction," it is an abuse of discretion to "allow[] the case to proceed and" to grant jurisdictional discovery. *Butler* v. *Sukhoi Co.*, 579 F.3d 1307, 1314 (11th Cir. 2009) (holding that district court abused its discretion in allowing jurisdictional discovery where plaintiff had failed to plead subject matter jurisdiction); *see also Diulus* v. *Am. Express Travel Related Servs. Co.*, 823 F. App'x 843, 849–50 (11th Cir. 2020) (citing *Butler* in affirming district court's denial of jurisdictional discovery where plaintiffs failed to plead *prima facie* case of personal jurisdiction). "The right to jurisdictional discovery is a qualified one," and is available only where "a court's jurisdiction is genuinely in dispute." *Singh* v. *Royal Caribbean Cruises Ltd.*, 576 F. Supp. 3d 1166, 1182 (S.D. Fla. 2021) (quoting *Wolf* v. *Celebrity Cruises, Inc.*, 683 F. App'x 786, 792 (11th Cir. 2017)).

"The purpose of jurisdictional discovery is to ascertain the truth of the allegations underlying the assertion of personal jurisdiction—'it is not a vehicle for a "fishing expedition" in hopes that discovery will sustain the exercise of personal jurisdiction.'" *Millennium Indus. Network, Inc.* v. *Hitti*, 2014 WL 324656, at *3 (S.D. Fla. Jan. 28, 2014) (quoting *JMA, Inc.* v. *Biotronik SE & Co. KG*, 2013 WL 1402322, at *5 (S.D. Fla. Apr. 5, 2013)).

**B.      Plaintiffs Are Not Entitled to Jurisdictional Discovery Because They Have Failed to Plead a *Prima Facie* Case of Personal Jurisdiction.**

Plaintiffs claim that they have shown a *prima facie* case of personal jurisdiction in Florida or California based on conclusory allegations of "agency and alter ego jurisdiction" or the Temasek Defendants' supposed participation in a "conspiracy" that "involved acts in furtherance by coconspirators in Florida." (ECF No. 838 at 12–13.) As shown in the Temasek Defendants' motions to dismiss under Rules 12(b)(2) and 12(b)(6), Plaintiffs fail to allege a *prima facie* case of personal jurisdiction with respect to Temasek International, Artz, and Blakiston (as well as the other Temasek Defendants) on these or any other grounds. (ECF Nos. 817, 818.) Jurisdictional discovery should be denied on this ground alone. *Butler*, 579 F.3d at 1314; *see also Diulus*, 823 F. App'x at 849–50; *Valle* v. *3M Co.*, 647 F. Supp. 3d 1262, 1270 (N.D. Fla. 2022) ("[S]ince Plaintiffs have failed to present a *prima facie* case for personal jurisdiction and there are no disputed jurisdictional facts, jurisdictional discovery is not warranted.").[4]

Plaintiffs' allegations concerning the three newly added Temasek Defendants are utterly lacking. Plaintiffs make no allegations whatsoever regarding any contacts between Temasek International, Artz, or Blakiston and Florida, as required for a constitutional assertion of jurisdiction. And Plaintiffs fail to allege a sufficient connection between the alleged FTX investments and California. Nor could they: As shown in the declarations accompanying the Temasek Defendants' Rule 12(b)(2) motion, none of Temasek International, Artz, or Blakiston has any operations, assets, or accounts there. (Chan Decl. ¶¶ 35–57; *id.* ¶¶ 50–65; *id.* ¶¶ 66–81.)

Plaintiffs' allegations purporting to tie any Temasek entity to either Florida or California

---

[4]      *See also In re Zantac (Ranitidine) Prods. Liab. Litig.*, 706 F. Supp. 3d 1363, 1370–71 (S.D. Fla. 2020); *Koswire, Inc.* v. *Alpha Stainless, Ltd.*, 2018 WL 8368847, at *10 (N.D. Ga. Aug. 1, 2018).

are paper thin and cannot amount to a *prima facie* case of personal jurisdiction.  The allegations are limited to the following:

- Plaintiffs cite a single LinkedIn post by Pradyumna Agrawal referring to a "partnership with . . . LedgerX," "a digital currency futures and options exchange" that FTX acquired in 2021, which was based in Miami.  (AC ¶¶ 129, 342.)  There is no further information about this "partnership" in the Amended Complaint, nor any allegations that this regulated entity was involved in FTX's misconduct.

- Plaintiffs allege that Temasek USA has a California office (AC ¶¶ 29, 32) and that representatives of different Temasek entities have made general statements about investing in California (AC ¶¶ 40–43).  None of these allegations relate to FTX.

- Plaintiffs allege that "Temasek and its affiliates" (which the Amended Complaint uses to lump all the Temasek entities together, *see* AC at 11 n.4) entered into two agreements "with FTX and Alameda . . . while FTX Group was located in California."  (AC ¶ 280.)  But a nonresident cannot be haled into a state's courts solely for contracting with an entity in that state.  *See APL Co. Pte* v. *Intergro Inc.*, 2014 WL 4744410, at *2 (N.D. Cal. Sept. 22, 2014) (citing *Burger King Corp.* v. *Rudzewicz*, 471 U.S. 462, 478 (1985)).

Recognizing their failure to allege any Florida (or California) contacts, Plaintiffs double down on a "conspiracy theory" of specific jurisdiction under Florida law.  But Plaintiffs fail to particularly allege a conspiracy involving any Temasek Defendant.  ECF No. 817 at 10–11, 15; *see also Covenant Imaging LLC* v. *Viking Rigging & Logistics, Inc.*, 2020 WL 12442002, at *7 (S.D. Fla. Feb. 14, 2020).  This theory, which has always been implausible given that investors in FTX like Artz lost their investments when FTX collapsed, is also completely inconsistent with the verdict of a jury in the Southern District of New York that SBF **conspired to defraud investors**.[5]

---

[5]  *See United States* v. *Bankman-Fried*, No. 1:22-cr-00673-LAK (S.D.N.Y.), ECF No. 202 ¶ 29 (Count V, alleging that SBF "agreed with others to engage in a scheme to defraud investors in FTX by providing false and misleading information to those investors regarding FTX's financial condition and the relationship between FTX and Alameda") and November 2, 2023 Jury Verdict (finding SBF guilty on Count V).

### C.   Plaintiffs Have Not Identified a Genuine Factual Dispute Relevant to the Court's Exercise of Personal Jurisdiction.

Plaintiffs may seek jurisdictional discovery only "when a court's jurisdiction is genuinely in dispute." *Singh*, 576 F. Supp. 3d at 1182 (quoting *Wolf*, 683 F. App'x at 792).  Thus, even if Plaintiffs had stated a *prima facie* case of personal jurisdiction—and they have not—Plaintiffs' motion should be denied as it fails to identify any factual dispute that, if resolved in their favor, would give rise to personal jurisdiction.  Courts in the Eleventh Circuit have repeatedly denied jurisdictional discovery where, as here, plaintiffs failed to demonstrate a genuine factual dispute that is relevant to the Court's exercise of personal jurisdiction.  *See, e.g.*, *Cortazar* v. *CA Ventures, LLC*, 2019 WL 13092852, at *3 (S.D. Fla. Aug. 15, 2019) (denying jurisdictional discovery where plaintiff's declaration failed to rebut any relevant facts set forth in defendant's affidavit).

Here, Plaintiffs' motion has nothing to say about the fact that no Temasek Defendant owns property in Florida, conducts any business in Florida, has any employees in Florida, or so much as visited Florida in connection with Artz's investment in FTX or Blakiston's purchase of warrants. And the one Temasek Defendant with a presence in California—Temasek USA—was not involved in the FTX investment at all.  Plaintiffs' motion does not "point to any evidence contradicting the representations contained" in the Temasek Defendants' declarations.  *Zapata* v. *Royal Caribbean Cruises, Ltd.*, 2013 WL 1100028, at *4 (S.D. Fla. Mar. 15, 2013) (emphasis omitted).

Rather, in their motion, Plaintiffs seek to assert that the Temasek Defendants' sworn declarations evidencing their lack of contacts with the forum states are somehow contradicted by a statement from the Temasek Holdings website, which outlines the typical diligence conducted in connection with FTX, and shows cohesive corporate branding.  (ECF No. 838 at 15.)  But Plaintiffs' laundry list of quotations from the website does not provide any suggestion of activities aimed at or conducted in either forum state.  (ECF No. 838 at 15.)  And the Temasek Defendants'

11

sworn testimony makes clear these activities were unconnected to the forum states. (Chan Decl. ¶¶ 13, 21, 30, 49, 57, 65, 73, 81; Atherton Decl. ¶ 11; *see* Ex. 1 at 21:11–18, 22:22–24, 25:20–22.) Indeed, Plaintiffs themselves acknowledge that "such due diligence efforts were undertaken by employees of Temasek International, a Singapore private limited company. (ECF No. 838 at 15.)

Meanwhile, Plaintiffs' agency theory is simply irrelevant given that Plaintiffs fail to plead personal jurisdiction over ***any*** Temasek Defendant. As such, even *assuming* that Temasek International, Artz, or Blakiston are agents of the other Temasek Defendants (and they are not), discovery into the agency relationship between the Temasek Defendants cannot bolster jurisdiction, because if there is no jurisdiction over any of the Temasek Defendants, there cannot be jurisdiction over their agents. Put differently, Plaintiffs cannot bootstrap jurisdiction over the agent where there is no jurisdiction over the principal. Jurisdictional discovery here thus constitutes an improper exercise in futility. *See Zapata*, 2013 WL 1100028, at *4 (explaining that jurisdictional discovery "is not an unconditional right that permits a plaintiff to seek facts that would ultimately not support a showing [of] personal jurisdiction"). In any event, Plaintiffs have already conducted jurisdictional discovery into the corporate separateness of Temasek entities. *See Micro Fin. Advisors, Inc.*, 2022 WL 5359221, at *1; *Rodriguez* v. *Imperial Brands plc*, 2022 WL 2231504, at *5 (S.D. Fla. May 25, 2022) ("It is also important to note that Plaintiffs have already had the opportunity to conduct jurisdictional discovery as to the WPP Defendants. . . . Therefore, no further jurisdictional discovery is required at this juncture.").

Plaintiffs' baseless hope of finding anything at all to bolster their non-existent factual allegations of conspiracy does not warrant jurisdictional discovery, as "the failure of a plaintiff to investigate jurisdictional issues prior to filing suit does not give rise to a genuine jurisdictional dispute." *Yepez* v. *Regent Seven Seas Cruises*, 2011 WL 3439943, at *1 (S.D. Fla. Aug. 5, 2011).

### D.      Plaintiffs Have Already Conducted Jurisdictional Discovery.

Plaintiffs have already had the opportunity to conduct jurisdictional discovery concerning Temasek entities and any potential jurisdictional ties concerning Artz's investment in FTX.

Over a year ago, Plaintiffs were granted leave to take jurisdictional discovery into Temasek Holdings' and Temasek USA's contacts with the forum states and the corporate separateness among Temasek entities.  (*See* ECF No. 422 at 4–6.)  Temasek Holdings and Temasek USA then fully participated in the jurisdictional discovery envisioned by this Court's order:

- The discovery efforts included reviewing thousands of documents from the custodial files of the key members of the deal team for any contacts with the forum states in relation to the FTX transactions (ECF No. 536-4 at 1–2);

- Temasek Holdings and Temasek USA were deposed under Federal Rule of Civil Procedure 30(b)(6);

- Each of Temasek Holdings and Temasek USA answered 7 interrogatories; and

- Temasek Holdings produced 19 contracts related to Artz's FTX investment and Blakiston's purchase of Alameda tokens (ECF No. 536-4 at 2).

Plaintiffs learned through this discovery that Artz and Blakiston (which, again, are simply investment vehicles that do not have employees), which executed the relevant contracts, are located in Singapore.  Plaintiffs also confirmed (as had been sworn in declarations attached to Temasek Holdings and Temasek USA's initial Rule 12(b)(2) motion) that <u>none</u> of the Temasek investment professionals involved here (who were employees of Temasek International, based in Singapore) traveled to Florida or California in connection with any business with FTX.  (ECF No. 838 at 3.)  And, despite the review of thousands of documents from the core deal team for jurisdictional ties to the forum states, document review did not turn up any evidence of any contact with the forum states by <u>any</u> deal team member.  (ECF No. 536-4 at 1–2.)  Finally, Plaintiffs had the opportunity to explore the relationship between Temasek entities and facts relevant to jurisdiction through two corporate depositions.  (ECF Nos. 536-1 at 5, 817 at 1.)  These depositions

only confirmed that all employees involved in the transaction (none of whom were employed by Temasek USA) were operating out of Singapore, and there were no ties to the forum states.  (ECF No. 536-1 at 5; Ex. 1 at 21:11–18, 22:22–24, 25:20–22; Ex. 2, Tr. of Jan. 31, 2024 30(b)(6) Deposition of J. Atherton, at 49:5–7, 85:24–86:01.)

Plaintiffs' efforts to justify a second fishing expedition by bemoaning the sufficiency of the prior jurisdictional discovery is without merit.  Their complaints about the preparation of Temasek Holdings' and Temasek USA's corporate witnesses—a year after the depositions were conducted—are both meritless and stale.  At their core, Plaintiffs' complaints are that the corporate witnesses were unprepared to discuss merits matters outside the scope of jurisdictional discovery.[6] But corporate witnesses are not required to have ***personal*** knowledge as to merits issues, and both 30(b)(6) deponents were sufficiently prepared to testify concerning the jurisdictional facts that the Court had authorized for discovery.

The deponent for Temasek Holdings confirmed the accuracy of the jurisdictional facts in her declaration by conducting a proper investigation, including by speaking to the lead deal team member, who was aware of the deal team's activities in connection with the investment, which were conducted in Singapore.  (*See* Ex. 1 at 21:11–18, 22:22–24, 25:20–22.)  Additionally, the deponent for Temasek USA confirmed that Temasek USA had no role in the investment at all. (*See* Ex. 2 at 49:5–7, 85:24–86:01.)  This testimony was not insufficient just because it dispels Plaintiffs' theories for jurisdiction.

---

[6]   (ECF. No. 838 at 3, 7 (complaining that Temasek Holdings' and Temasek USA's corporate witnesses "lacked any personal knowledge whatsoever regarding FTX investments and related meetings, conversations, or correspondence" and the witnesses "did nothing to prepare to answer questions related to the investments").)

In any event, Plaintiffs' belated attempt to raise these complaints a year later in hopes of delaying resolution of the Temasek Defendants' motions should be rejected. *See Arch Ins. Co.* v. *Vas Aero Servs., LLC*, 2018 WL 1770553, at *4–5 (S.D. Fla. Apr. 12, 2018). While Plaintiffs now complain about the sufficiency of the jurisdictional discovery Plaintiffs conducted, in seeking leave to amend, they previously touted that their efforts had uncovered "[i]nformation regarding Temasek's corporate structure, employees and entities involved in the FTX investments whether directly or indirectly, and activities in Florida and California including agreements with FTX and Alameda." (*See* ECF No. 493 at 11.) Put differently, following the prior round of jurisdictional discovery, Plaintiffs tactically chose not to seek additional discovery based on any purported insufficiency with Temasek Holdings' or Temasek USA's responses, but to amend their complaint to add yet more Singapore entities as defendants.

Moreover, Plaintiffs acknowledge that they were aware of Temasek International's, Blakiston's, and Artz's roles with respect to FTX during the jurisdictional discovery process they conducted in early 2024.[7] If Plaintiffs believed they lacked sufficient information to establish jurisdiction as to those entities, Plaintiffs should have timely sought further discovery, rather than bring an amended complaint against the new Temasek entities despite lacking a *prima facie* case of personal jurisdiction.[8]

Courts in this district have rejected further jurisdictional discovery when Plaintiffs have previously had an opportunity to conduct it. *See Rodriguez*, 2022 WL 2231504, at *5; *Micro Fin.*

---

[7] (ECF No. 838 at 7 (noting jurisdictional discovery revealed "it was Temasek International Pte. Ltd.'s employees who conducted the due diligence surrounding the investments in FTX-related entities" and the relevant contracts were executed by Artz and Blakiston).)

[8] Plaintiffs' delay in seeking the relevant jurisdictional discovery is another reason to deny Plaintiffs' request. *See Aviation One of Fla., Inc.* v. *Airborne Ins. Consultants (PTY), Ltd.*, 722 F. App'x 870, 878 (11th Cir. 2018); *Micro Fin. Advisors, Inc.*, 2022 WL 5359221, at *1.

*Advisors, Inc.*, 2022 WL 5359221, at *1 (denying as untimely motion for leave to seek limited jurisdictional discovery when Plaintiff sought discovery only after Defendant moved to dismiss and Plaintiff previously had opportunity to take testimony regarding personal jurisdiction at evidentiary hearing months earlier). Plaintiffs should not be permitted "a second bite at the apple" in regard to their continued failures to adequately allege jurisdiction. *Micro Fin. Advisors, Inc.*, 2022 WL 5359221, at *1.

      **E.**      **Plaintiffs' Requests Improperly Seek to Substantiate Their Inadequately Pled Claims on the Merits.**

Finally, Plaintiffs' requests flout the basic principle that jurisdictional discovery "must be narrowly tailored to personal jurisdiction issues and may not stray to the merits of the case." *Kilma* v. *Carnival Corp.*, 2008 WL 4559231, at *3 (S.D. Fla. Oct. 10, 2008). Jurisdictional discovery may not be used as "a vehicle for a 'fishing expedition'" in the manner that Plaintiffs attempt. *Millennium Indus. Network, Inc.*, 2014 WL 324656, at *3 (quoting *JMA, Inc.*, 2013 WL 1402322, at *5); *see also Lazarre*, 780 F. Supp. 2d at 1329 n.16.

As discussed above, Plaintiffs have already had ample opportunity to conduct jurisdictional discovery and are simply seeking a chance to obtain the type of overbroad merits discovery that has already been rejected by Magistrate Judge Sanchez.[9] Plaintiffs' efforts to once again seek discovery that is untethered to contacts with the forum states should be rejected.

Plaintiffs may wish for yet another chance to find facts to support a plausible inference of a conspiracy involving the investors that were themselves defrauded by FTX. But that desire

---

[9]    (*See supra* at 7; ECF No. 485 at 13 (noting that Plaintiffs' discovery requests raised "concerns because they do seem . . . to be very broad" and many were "disproportionate to the limited jurisdictional discovery that Judge Moore ordered"); *see also id.* at 15 (emphasizing this Court had not authorized "full merits discovery," and the discovery Plaintiffs requested "gets close to seeking that").)

cannot override the Temasek Defendants' "legitimate and protectable interest in avoiding the time, effort, and expense of discovery when the court's jurisdiction to hear the merits may be lacking." *Zapata*, 2013 WL 1100028, at *4. The Court should not permit Plaintiffs to use "jurisdictional discovery in an attempt to marshal facts that [they] 'should have had—but did not—before coming through the courthouse doors.'" *Thompson*, 174 F. Supp. 3d at 1339 (quoting *Lowery*, 483 F.3d at 1216).

## **<u>CONCLUSION</u>**

The Court should deny Plaintiffs' motion for jurisdictional discovery and maintain the operative stay of discovery pending the Court's resolution of Defendants' motions to dismiss.

Dated:  February 28, 2025

Respectfully submitted,

FRIDMAN FELS & SOTO, PLLC

By: _/s/ Adam S. Fels_

Adam S. Fels (Fla. Bar No. 0114917)
150 Alhambra Circle
Suite 715
Coral Gables, FL 33134
Telephone: (305) 569-7701
Email: afels@ffslawfirm.com

- and

Brad S. Karp,
Andrew J. Ehrlich
Nina M. Kovalenko
PAUL, WEISS, RIFKIND, WHARTON &
GARRISON LLP
1285 Avenue of the Americas
New York, NY 10019
Telephone: (212) 373-3000
Facsimile: (212) 757-3990
Email: bkarp@paulweiss.com
         aehrlich@paulweiss.com
         nkovalenko@paulweiss.com

_Counsel for Defendants Temasek Holdings
(Private) Ltd., Temasek International
(USA) LLC, Temasek International Pte.
Ltd., Artz Fund Investments Pte. Ltd., and
Blakiston Investments Pte. Ltd._

<u>**CERTIFICATE OF SERVICE**</u>

I hereby certify that on this 28th day of February, 2025, I e-filed the foregoing document using the Court's CM/ECF system, which will send a notice of electronic filing to all counsel of record.

*/s/ Adam S. Fels*