**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

**CASE NO. 1:23-md-03076-KMM**

| | |
|---|---|
| IN RE:<br><br>FTX CRYPTOCURRENCY EXCHANGE COLLAPSE LITIGATION | |
| THIS DOCUMENT RELATES TO:<br><br>Bank Defendants | |

**DEFENDANT MOONSTONE BANK'S MOTION TO STRIKE
PLAINTIFFS' OPPOSITION TO ITS MOTION TO DISMISS
<u>THE AMENDED ADMINISTRATIVE CLASS ACTION COMPLAINT</u>**

Defendant Farmington State Bank d/b/a Moonstone Bank ("Moonstone"), by and through its undersigned counsel, hereby moves to strike the Opposition to its Motion to Dismiss the Amended Administrative Class Action Complaint, ECF 848, ("Plaintiffs' Opposition" or "Opp.") filed by the Plaintiffs, and in support thereof, states as follows:

**I.      Introduction.**

After Plaintiffs' Amended Administrative Class Action Complaint, ECF 779 ("Amended Complaint") failed to cure the fatal defects in their initial filing, Moonstone filed its Motion to Dismiss under Fed. R. Civ. P. 12(b)(6) for failure to state a claim, establishing that Plaintiffs' amended filing failed to allege any sufficient ties between Moonstone and the underlying FTX fraud, which is the touchstone of Plaintiffs' theory of liability. In compliance with the applicable rules and orders of this Court, Moonstone relied solely on the allegations contained in the

1

Plaintiffs' Amended Complaint,[1] and argued that those allegations, even if true,[2] were insufficient to state a claim against Moonstone as a matter of law. In their desperate response to Moonstone's Motion to Dismiss, however, Plaintiffs have done the opposite. Rather than rely on the supposed sufficiency of their pleading's allegations, Plaintiffs have instead hijacked the Motion to Dismiss process by crafting an Opposition that is filled with unsupported allegations, while simultaneously relying heavily on **documents outside of the pleadings** by incorporating and citing to nine exhibits not referenced in the Amended Complaint. Attempting to further obscure the record, Plaintiffs' Opposition elusively inserts demonstrably false statements and other allegations in its brief that are similarly not found in the Plaintiffs' pleading. Plaintiffs' Opposition thus make gratuitous and immaterial allegations and arguments to the Rule 12(b)(6) Motion at hand, seemingly written for an audience other than this Court.

To facilitate this effort to obscure the record and save their dangerously weak claims, and in total disregard for the rules, Plaintiffs elected to ignore this Court's page limit requirements, and — without seeking any enlargement of pages — submitted an opposition that is 30 pages long, despite the applicable rules limiting them to 20 pages. Plaintiffs have not only violated multiple applicable Local Rules but have done so to expound on new documents and speculative allegations beyond the pleadings in violation of the Federal Rules of Civil Procedure. It is not sufficient redress for Moonstone to merely request more pages to reply to such an improper filing.

Instead, Moonstone asks the Court for a better and fairer path forward. Specifically, to have this Court use its inherent power to strike the Plaintiffs' non-compliant Opposition and to direct the Plaintiffs to submit a new opposition that does not contain information outside of the pleadings and that complies with the Federal Rules and Local Rules of this Court. The Court can exercise its authority to manage its docket and the parties and can restore order and compliance with the Court's orders and rules. This relief, if granted, would also strike the inappropriately attached exhibits and other false and misrepresentative information from the docket, thereby curing Plaintiffs' improper efforts to taint this litigation against Moonstone. As such, and for the reasons

---

[1] While Moonstone relied on an exhibit to its Motion to Dismiss, that exhibit was a document expressly alleged in and directly quoted (misleadingly) by Plaintiffs' Amended Complaint, which is explicitly permitted in this Circuit. *See Day v. Taylor*, 400 F.3d 1272, 1276 (11th Cir. 2005).

[2] To be clear, the many of the core allegations related to Moonstone are false and have been demonstrated to be false by public information. However, in compliance with Rule 12(b)(6), Moonstone accepted those allegations as true for the purpose of their Motion to Dismiss.

outlined more fully below, Moonstone respectfully requests that this Court exercise its inherent authority and discretion to strike Plaintiffs' Opposition and to direct Plaintiffs to submit a new brief in compliance with the applicable rules.

## II.     Relevant Procedural History.

In February 2023, Plaintiffs filed a putative class action in the United States District Court for the Southern District of Florida against 18 defendants, including Moonstone, Deltec Bank & Trust Co. ("Deltec"), and Jean Chalopin ("Mr. Chalopin"), asserting claims on the basis these defendants conspired and/or aided FTX's alleged fraud. Case No. 1:23-cv-20700-KMM, ECF 1 ("Florida Action"). After Moonstone indicated that it would contest personal jurisdiction in Florida, Plaintiffs did not drop the Florida Action but instead filed a second identical suit in July 2023 in the United States District Court for the Eastern District of Washington. Case No. 2:23-cv-00213-TOR, ECF 1 ("Washington Action"). On June 6, 2023, multidistrict litigation was authorized for the numerous actions arising out of the collapse of the FTX cryptocurrency exchange, and all were transferred to the Southern District of Florida for consolidated pretrial proceedings (the "MDL"), including the Florida and Washington Actions. *See* ECF 1, 4, 61, 176.

In August 2023, Plaintiffs filed their first Administrative Class Action Complaint against the "Bank Defendants," which they defined as Moonstone, Deltec, and Mr. Chalopin. *See* ECF 155. Moonstone moved to dismiss Plaintiffs' claims for failure to state a claim and raised a facial challenge for lack of personal jurisdiction in the Florida Action. *See* ECF 262. However, Moonstone withdrew its objection to personal jurisdiction and did *not* participate in jurisdictional discovery. ECF 445. After Plaintiffs conducted some limited jurisdictional discovery against *other* defendants, Plaintiffs moved for leave to file an amended complaint against the Bank Defendants based on, *inter alia*, Plaintiffs' so-called "discoveries regarding Moonstone's misconduct since filing their original administrative complaint." ECF 492 at 5.

Over Moonstone's opposition, Plaintiffs' Motion to Amend was granted, and on November 15, 2024, Plaintiffs filed the operative Amended Complaint. *See* ECF 774, 779. Conspicuously, the only additions as to Moonstone were (1) a single allegation about the Federal Reserve's August 17, 2023 announcement of a consent by Moonstone to enforcement action against Moonstone — which was the subject of new allegations but not attached as an exhibit — and (2) the addition of a RICO conspiracy claim. The exhibits to the Amended Complaint, too, did not change at all from Plaintiffs' original administrative complaint (filed in August 2023). ECF 779-1—779-3.

3

In response, on January 15, 2025, Moonstone filed its Motion to Dismiss the Amended Complaint, pointing out that Plaintiffs' amended filing did not cure any of the fatal defects in its initial pleading and still failed to state a plausible claim under 12(b)(6). ECF 822. As Moonstone's Motion indicated, Plaintiffs' amendment contained nothing more than group pleading and pure speculation concerning Moonstone's involvement in the alleged fraudulent conduct, and therefore dismissal was warranted. *Id*. In response, Plaintiffs filed the subject Opposition containing unsupported and false allegations and citing to nine new "exhibits" not attached to or referenced in Plaintiffs' Amended Complaint. ECF 848. Plaintiffs heavily rely on the new exhibits to "demonstrate" that the vague, conclusory, and speculative allegations that *actually* appear in their Amended Complaint are "plausible," ECF 852 at 13, 16, which is directly contrary to the Rule 12(b)(6) standard.

### III. Legal Standard.

"The inherent powers of federal courts are those which are necessary to the exercise of all others." *Roadway Exp., Inc. v. Piper*, 447 U.S. 752, 764 (1980). Such inherent powers are ones governed not by rule or statute, but "[w]hich a judge must have and exercise in protecting the due and orderly administration of justice and in maintaining the authority and dignity of the court." *Id*. at 764-65. As such, in addition to the authority provided by the Federal Rules of Civil Procedure, a court has the "inherent authority" to enforce its orders and court rules, and to generally manage its docket. *Fisher v. Whitlock*, 784 F. App'x 711, 712 (11th Cir. 2019). As the Eleventh Circuit has explained:

> Courts have the inherent power to police those appearing before them. A court's inherent power is governed not by rule or statute but by the control necessarily vested in courts to manage their own affairs so as the achieve the orderly and expeditious disposition of cases. This power must be exercised with restraint and discretion and used to fashion an appropriate sanction for conduct which abuses the judicial process. A court may exercise this power to sanction the willful disobedience of a court order, and to sanction a party who has acted in bad faith, vexatiously, wantonly, or for oppressive reasons.

*Meridian Tr. Co. v. Batista*, No. 17-23051, 2018 WL 11460029 (S.D. Fla. Dec. 26, 2018) (quoting *Purchasing Power, LLC v. Bluestem Brands, Inc.*, 851 F.3d 1218, 1223 (11th Cir. 2017) (internal citations and quotations marks omitted); *accord Toste v. Beach Club AT Fontainebleau Condo. Ass'n, Inc.*, No. 1:20-CV-23771-KMM, 2024 WL 3360487, at *4 (S.D. Fla. May 6, 2024).

4

**IV.     Argument.**

    **A.     This Court Should Exercise its Inherent Authority to Manage the Docket and Strike Plaintiffs' Improper Opposition.**

As outlined above, through the filing of their 30-page Opposition, Plaintiffs have exhibited bad faith in violating various Federal Rules and Local Rules of this Court. If Plaintiffs' violations go unmitigated, they will cause significant prejudice to Moonstone and have a tainting effect on this litigation.

Most glaringly, the Opposition violates many of the foundational rules of pleading and motions to dismiss practice under Fed. R. Civ. P. 12(b)(6) by including and relying on numerous exhibits not referenced in the Amended Complaint and not subject to judicial notice. Despite citing zero authority allowing them to do so, Plaintiffs attached these exhibits, which they describe as discovery obtained from other parties, to demonstrate the "plausibility" of their claims against Moonstone. ECF 852, at 13. As the Plaintiffs are surely aware, motions filed under Rule 12(b)(6) solely challenge the legal sufficiency of the complaint, and therefore the Court "considers only the four corners of the complaint, along with any documents attached _to the complaint_ or incorporated _into the complaint_ by reference." *See, e.g., Benson v. QBE Ins. Corp.*, 61 F. Supp. 3d 1277, 1279 (S.D. Fla. 2014) (emphasis added); *accord Amazon.com Servs. LLC v. Paradigm Clinical Rsch. Inst., Inc.*, 631 F. Supp. 3d 950, 961 (W.D. Wash. 2022). Crucially, while a defendant's motion to dismiss may attach exhibits in limited circumstances (as Moonstone appropriately did in its Motion to Dismiss),[3] the original complainant cannot effectively amend their complaint by attaching new documents or raising new facts _in their opposition_ to address their own pleading's shortcomings. *See McKally v. Perez*, 87 F. Supp. 3d 1310, 1317 (S.D. Fla. 2015) (*citing Huls v. Llabona*, 437 F. App'x 830, 832 n. 5 (11th Cir. 2011)) (a complaint may not be amended by briefs in opposition to a motion to dismiss).

---

[3] A district court customarily must convert a motion to dismiss into a motion for summary judgment if it considers materials outside the complaint and its attachments. *Day*, 400 F.3d at 1275-76; *Horsley v. Feldt*, 304 F.3d 1125, 1134-35 (11th Cir. 2002). However, an exception to this rule applies if a document attached to the complaint is "referred to in the complaint, central to the plaintiff's claim, and of undisputed authenticity." *Hi-Tech Pharm., Inc. v. HBS Int'l Corp.*, 910 F.3d 1186, 1189 (11th Cir. 2018); *Day*, 400 F.3d at 1276. Moonstone relied on this exception to attach the Federal Reserve announcement that was selectively quoted from – but also not attached to – Plaintiffs' Amended Complaint. *See* Mot. to Dismiss, at 3 n. 5.

Applied here, Plaintiffs' Opposition inappropriately incorporates nine exhibits in order to "demonstrate the plausibility" of their allegations. In reality, Plaintiffs seek to bootstrap in new allegations by citing new material to attempt to cure the fatal shortcomings in their own pleading, a practice that is well-known to be improper. While Moonstone certainly disputes the exhibits prove anything, their inclusion is not just improper but highly prejudicial and a direct attempt to obscure the record before the court on Moonstone's Motion to Dismiss.

While that litigation conduct itself is improper, Plaintiffs' Opposition goes far beyond a stealth attempt to amend a pleading, and instead attempts to fundamentally misrepresent what has actually been pled. Throughout their brief, and in particular the section titled "Plaintiffs' Factual Allegations," Plaintiffs make numerous misstatements that either have no citation to the Amended Complaint, and therefore cannot support the sufficiency of the pleading under Rule 12(b)(6), or use a phantom citation, citing an allegation that does not actually support the statement made in the Opposition. This bad faith tactic warrants striking the current Opposition brief.

For instance, and just by way of example, Plaintiffs contend that "as a result of Alameda's $11.5 million investment, Alameda became Moonstone's majority shareholder." Opp. at 26. There is no citation to the Amended Complaint, and indeed, there is no such allegation.[4] To the contrary, the Federal Reserve announcement incorporated into the Amended Complaint negates this as it plainly shows that, as of August 2023, FBH Corporation owned 100% of the shares of Moonstone and that Mr. Chalopin is the majority ("principal") shareholder of FBH Corporation.[5] *See* Mot. to Dismiss, Ex. A, at 1-2.

---

[4] Moreover, this crosses the line into bad faith given that Moonstone's previous Rule 12(b)(6) briefing previously called out Plaintiffs' Opposition to the *original* Administrative Complaint for saying precisely the same thing without any supporting allegation. *See* ECF 394 at 2 n.6 ("Plaintiffs' characterization of Alameda as a "majority shareholder" in Moonstone ([ECF 368] at 14, 30) is not only absent from the Complaint, but also ignores Mr. Ray's sworn testimony, during the very same Congressional testimony Plaintiffs cite, that Alameda's investment in Moonstone was a minority share of 10%. See infra n.23."); id. at 20 (explaining that Plaintiffs' "novel (and false) characterization of Alameda as "Moonstone's majority shareholder" is not grounded in the Complaint). Without amending or adding any relevant allegations in the Amended Complaint, Plaintiffs' current Opposition simply repeats exactly the same assertion that is once again *not* pled in the Amended Complaint.

[5] And even if they were referencing Alameda's 9.9% interest in FBH Corporation, that is not a "majority" interest, but precisely the opposite.

Similarly, Plaintiffs' Opposition states that "[i]n confirming that Alameda held sufficient proceeds to find an investment [of $11.5 million]…, Moonstone would have seen those proceeds were backed by cryptocurrency that FTX fashioned from thin air. *Id.*" Opp., at 20. The Opposition's citation to "*Id.*" is improper in revealing ways. *First*, the closest preceding citation is to a case, not the Amended Complaint, so "*id.*" does not identify where this supposedly appears in the pleading. *Second*, it actually does not appear in the pleading; even the allegations regarding "due diligence" in the Amended Complaint do not allege or suggest any such requirements for an *investor or investment*, as opposed to a bank *customer*. *Cf.* Am. Compl. ¶¶ 249-251.[6] *Third*, it is misleading, as Alameda did not invest in or take shares of Moonstone directly. *See* Mot. to Dismiss, Ex. A, at 1-2 (Federal Reserve announcement noting FBH Corp. held 100% shares of Moonstone).

These are simple and discrete examples of the highly improper misdirection that persists and compounds throughout the Opposition, which warrants the use of this Court's inherent power to strike. Through their inherent powers, courts can strike material from the docket, including portions of a document, reflecting "procedural impropriety or a lack of compliance with court rules or orders." *Jones v. Metro. Life Ins. Co.*, No. C-08-03971-JW DMR, 2010 WL 4055928 at *6 (N.D. Cal. Oct. 15, 2010) (collecting cases).[7] Courts can also use their inherent authority to issue

---

[6] Moonstone's previous Rule 12(b)(6) briefing likewise raised this same omission in the original Complaint, yet no allegations were amended or added in the Amended Complaint on this topic. (*See* ECF 394 at 18 ("In addition, the Complaint alleges nothing about regulatory-mandated diligence on *investors*, rather than customers.").

[7] *See, e.g., Reddy v. JP Morgan Chase Bank*, No. 2:09–cv–1152, 2010 WL 3447629 at *3 (S.D. Ohio Aug.30, 2010) (court has inherent power to strike filings that do not comply with court rules); *Zep, Inc. v. Midwest Motor Supply Co.*, No. 2:09–cv–760, ––F.Supp.2d––, 2010 WL 2572129, at *2–3 (S.D. Ohio June 22, 2010) (portions of reply brief ordered stricken based on court's inherent power to control docket because they supported claim for which party had not moved for summary judgment); *Wright v. American's Bulletin*, No. CV 09–10–PK, 2010 WL 816164, at * 13 (D. Or. March 9, 2010) ("[i]t is clear that [a court's] inherent power includes the authority to sanction procedural impropriety in an appropriate manner, including by striking impertinent documents from the docket") (citations omitted); *Timbisha Shoshone Tribe v. Kennedy*, No. CV F 09–1248 LJO SMS, 2010 WL 582054, at *2 (E.D. Cal. Feb.18, 2010) (court may strike an untimely-filed document using its inherent powers to manage and control its docket and as sanction for violating court order); *Centillium Commc'ns, Inc. v. Atl. Mut. Ins*. Co., No. C 06–07824 SBA, 2008 WL 728639, at *6 (N.D. Cal. March 17, 2008) (procedurally improper motion ordered stricken pursuant to court's inherent power to control its docket); *ABM Indus., Inc. v. Zurich Am. Ins. Co.*, No. C 05–3480 SBA, 2006 WL 2595944, at *9 (N.D. Cal. Sept.11, 2006) (paragraphs of affidavit revealing mediation statements ordered stricken because violated Southern District of

appropriate sanctions for violations of the rules of professional conduct, including taking frivolous positions "[t]hat a lawyer of ordinary competence would recognize as so lacking merit that there is no substantial possibility the tribunal would accept it." *In re Engle Cases*, 283 F. Supp. 3d 1174, 1243 (M.D. Fla. 2017).

Plaintiffs' Opposition is just that. By flouting the procedural rules concerning motions to dismiss, while also making frivolous arguments supported by misleading citations to allegations that are simply not found in or inferred from the four corners of the Amended Complaint, Plaintiffs have presented briefing that should not warrant a response other than a remedying sanction from this Court. As such, this Court should find Plaintiffs have filed the Opposition in bad faith, exercise its authority to control its docket, and should remedy Plaintiffs' conduct by striking the Opposition in its entirety.

### B. Plaintiffs' Violation of the Page Limit is Further Grounds to Strike the Opposition.

While the substance of Plaintiffs' Opposition is enough to warrant the exercise of the Court's inherent power to strike, the form of the brief is also sanctionable and is grounds in itself to strike the filing.[8] As noted above, Plaintiffs' Opposition is 30 pages long (seven pages longer than the Motion to Dismiss) a violation of Local Rule 7.1(c)(2): "Absent prior permission of the Court, neither a motion and its incorporated memorandum of law nor the opposing memorandum of law shall exceed twenty (20) pages." Prior to submitting their brief, Plaintiffs did not seek leave of Court to file excess briefing (unlike Moonstone and other defendants have done) and did not have permission from the Court to file a brief ten (10) pages over the permitted limitation.[9]

---

Texas local rule requiring confidentiality and prohibiting disclosure of all communications made in ADR proceedings).

[8] In addition to their failure to adhere to the page limitation requirements, Plaintiffs' Request for Hearing also violates Local Rule 7.1(b)(2), which requires each request to "set forth in detail the reasons why a hearing is desired and would be helpful to the Court and shall estimate the time required for argument." Plaintiffs' request for hearing provides no such detail, and no estimated time. *See* Opp. at 31.

[9] In response to Moonstone's good faith conferral pursuant to Local Rule 7.1(a)(2), Plaintiffs indicated they believe their excess briefing was permitted by this Court's prior paperless Order concerning *jointly* filed motions to dismiss (ECF 216). As Moonstone pointed out in response that Order does not apply to this briefing as Moonstone did not file a *joint* motion with any other "Bank Defendants," and instead filed a motion on its own. ECF 216 ("Defendants are permitted to file

8

Moreover, Moonstone is required by Local Rule 7.1(c)(2) to reply in just ten (10) pages[10] or seek permission from the Court for a substantial page extension.[11] But more pages alone cannot cure the prejudice of Plaintiffs' willful disregard of the rules of this Court, and the proper remedy to address Plaintiffs' conduct is have this Court exercise its inherent authority to strike the improper filing. *See Pecora v. Prime Sec. All., Inc.*, No. 20-CV-24478, 2022 WL 19301407 at * 4 (S.D. Fla. Mar. 3, 2022) (striking excess pages in a motion for summary judgment, in part, for filing a 22 page brief without leave of court in violation of Local Rule 7.1(c)(2)); *Pott v. World Cap. Props., Ltd.*, No. 21-23942-CIV, 2024 WL 3912299 at *5, FN 4 (S.D. Fla. Aug. 23, 2024) (noting that a parties' failure to comply with Local Rule 7.1(c)(2) by eleven pages was not compliant and "due to be stricken"); *Porter v. Collecto, Inc.*, No. 14-21270-CIV, 2014 WL 2612317 at *1-2 (S.D. Fla. June 11, 2014) (striking a 39 page opposition to a motion to dismiss without leave of the Court to file excess pages in violation of Local Rule 7.1(c)(2)).[12]

Just as in the cases referenced above, Plaintiffs have violated Local Rule 7.1(c)(2) by filing a 30-page brief well in excess of their 20-page limitation, without any attempt to seek an enlargement, and their Opposition should be stricken from the record.

**V.     Conclusion.**

For the reasons set forth above, this Court should exercise its inherent authority to strike Plaintiffs' Opposition to Moonstone's Motion to Dismiss the Amended Administrative Class Action Complaint for their willful failure to comply the rules and orders of this Court.

---

jointly one 12(b)(6) motion and memorandum of law up to 40 pages …. Plaintiffs' responses to each motion shall be up to the same length as authorized for these motions.").

[10] On March 19, 2025, and in anticipation of this motion, Plaintiffs' counsel offered that they would not oppose Moonstone filing a twenty (20) page reply brief or a request for extension of the reply deadline. For the reasons outlined above, however, additional reply pages are not sufficient to cure the prejudice caused by Plaintiffs' improper Opposition.

[11] When Moonstone conferred with Plaintiffs on an extension from 20 to 25 pages for its individual Motion to Dismiss under the otherwise applicable Local Rule 7.1(c)(2), Plaintiffs did not consent but instead "took no position" (nor did they suggest that the Order at ECF 216 mooted the need for relief). *See* ECF 810.

[12] As these cases show, a finding of bad faith is not necessary to strike a filing that does not comport with the Court's Rules.

**CERTIFICATION UNDER LOCAL RULE 7.1(a)(2)**

Moonstone's counsel Ms. Cronin, of the undersigned law firm, conferred via email on March 18, 2025, with Plaintiffs' counsel Ms. Paschal, who stated Plaintiffs oppose the requested relief herein.

Dated: March 19, 2025

    Respectfully submitted,

    /s/ *Marisa R. Dorough*
    Ty Kelly Cronin
    Maryland CPF No. 0212180158
    (*Certificate of Understanding filed*)
    Frank C. Bonaventure, Jr.
    Maryland CPF No. 8011010040
    (*Certificate of Understanding filed*)
    BAKER, DONELSON, BEARMAN,
    CALDWELL & BERKOWITZ, P.C.
    100 Light Street, 19th Floor
    Baltimore, Maryland 21202
    Phone: (410) 862-1049
    tykelly@bakerdonelson.com
    fbonaventure@bakerdonelson.com

    -and-

    Marisa Rosen Dorough
    Florida Bar No. 73152
    BAKER, DONELSON, BEARMAN,
    CALDWELL & BERKOWITZ, P.C.
    200 South Orange Avenue, Suite 2900
    Orlando, Florida 32801
    Phone: (407) 422-6600
    mdorough@bakerdonelson.com

    *Counsel for Defendant*
    *Farmington State Bank d/b/a Moonstone Bank*