UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 1:23-md-03076-KMM

IN RE:

FTX CRYPTOCURRENCY EXCHANGE
COLLAPSE LITIGATION

THIS DOCUMENT RELATES TO:

Bank Defendants

**DEFENDANT MOONSTONE BANK'S UNOPPOSED MOTION TO EXTEND ITS DEADLINE TO REPLY TO PLAINTIFFS' OPPOSITION TO ITS MOTION TO DISMISS THE AMENDED ADMINISTRATIVE CLASS ACTION COMPLAINT**

Defendant Farmington State Bank d/b/a Moonstone Bank ("Moonstone"), by and through its undersigned counsel, hereby moves unopposed to extend its deadline to file a Reply in response to the Opposition to its Motion to Dismiss the Amended Administrative Class Action Complaint, ECF 848, ("Plaintiffs' Opposition") filed by the Plaintiffs until 20 days after the later of either the re-filing of Plaintiffs' Opposition or denial of its recently filed Motion Strike (ECF 857), and in support thereof, states as follows:

1. Plaintiffs filed their first Administrative Class Action Complaint against the "Bank Defendants," which they defined to include Moonstone, in August of 2023. (ECF 155).

2. Moonstone then timely moved to dismiss Plaintiffs' claims for failure to state a claim and raised a facial challenge for lack of personal jurisdiction in the Florida Action. (ECF 262). However, Moonstone withdrew its objection to personal jurisdiction and did not participate in jurisdictional discovery. (ECF 445).

3. After Plaintiffs conducted some limited jurisdictional discovery against other defendants, Plaintiffs moved for leave to file an amended complaint against the Bank Defendants based on, inter alia, Plaintiffs' so-called "discoveries regarding Moonstone's misconduct since filing their original administrative complaint." (ECF 492 at 5).

1

4.  Over Moonstone's opposition, Plaintiffs' Motion to Amend was granted, and on November 15, 2024, Plaintiffs filed the operative Amended Complaint. (ECF 774, 779).

5.  Moonstone filed its Motion to Dismiss the Amended Complaint on January 15, 2025 pursuant to Fed. R. Civ. P. 12(b)(6), noting that the limited allegations that were added regarding Moonstone in Plaintiffs' Amendment did not cure any of the fatal defects that were raised in Moonstone's initial Motion to Dismiss. (ECF 822).

6.  On February 28, 2025, Plaintiffs filed their Opposition to Moonstone's Motion to Dismiss. (ECF 848). The Opposition improperly included nine exhibits that are outside the Plaintiffs' pleading, and otherwise improperly raised numerous unsupported and misleading statements outside the pleadings that are now subject to Moonstone's Motion to Strike. (ECF 857).

7.  Currently, while Moonstone's Motion to Strike is pending, Moonstone still has a deadline to file its reply brief in support of its Motion to Dismiss of March 31, 2025. (ECF 831)

8.  Since it is unlikely that the Court will have opportunity to rule on Moonstone's Motion to Strike prior to Moonstone's reply deadline, Moonstone is now requesting that the Court extend its deadline to reply to Plaintiffs' Opposition until twenty (20) days after the Court rules on its Motion to Strike, or alternatively, until twenty (20) days after Plaintiffs file a revised Opposition to Moonstone's Motion to Dismiss.

9.  Under Fed. R. Civ. P. 6(B)(1)(a), the court may "for good cause extend the time for an action that must be done within a specified time if the request is made before the original time or its extension expires." *White v. United States*, No. 1:21-CV-0258-MLB-RDC, 2021 WL 12218875 at *2 (N.D. Ga. July 1, 2021). "Good cause" is defined as "[a] legally sufficient reason." *Id*. (quoting Black's Law Dictionary (11th ed. 2019)); *see also Alabama Mun. Ins. Corp. v. Munich Reinsurance Am., Inc*., No. 2:20CV300-MHT, 2022 WL 2318491 at *1 (M.D. Ala. June 28, 2022) (noting that under Rule 6(b), courts are given "extensive flexibility to modify the fixed time periods found throughout the rules").

10. Applied here, good cause exists for the proposed modification of Moonstone's reply deadline. If Moonstone's Motion to Strike is granted, even in part, it will change (potentially significantly change) the Opposition to which Moonstone would be replying. Therefore, Moonstone cannot adequately reply to Plaintiffs' Opposition until its Motion to Strike is adjudicated.

2

11. Moreover, given the issues raised in Moonstone's Motion to Strike, it would be substantively unfair to Moonstone to require it to reply to Plaintiffs' Opposition as currently constructed, as Moonstone would be forced to respond to an improperly long brief that is riddled with falsehoods and misrepresentations — mostly outside the pleadings — that would need to be addressed, with limited space to do so.

12. Plaintiffs will also not be prejudiced by this proposed modification. In the event that the Motion to Strike is denied, and the Opposition is permitted to stay in effect, Moonstone will then timely submit its reply brief within twenty (20) days of that decision. Since the reply is the "final word" in the briefing schedule, a brief delay in when Moonstone submits its reply will have no impact on the Plaintiffs or their ability to defend against Moonstone's Motion. Inversely, if the Motion to Strike is granted, Plaintiffs will have to file a new Opposition, to which Moonstone will timely reply. Under either scenario, there is no prejudice to the Plaintiffs. While Plaintiffs intend to oppose the Motion to Strike, they do not oppose this proposed extension.

13. The proposed extension will also serve judicial economy by preventing the filing of an unnecessary reply brief which will remain on the docket.

WHEREFORE, and for good cause shown, Defendant Farmington State Bank d/b/a Moonstone Bank ("Moonstone"), hereby requests that the Court extend its deadline to respond to Plaintiffs' Opposition to its Motion to Dismiss pending a resolution on Moonstone's Motion to Strike, and to direct Moonstone to either: (1) submit its reply brief within twenty (20) days of its Motion to Strike being denied; or, alternatively, (2) submit its reply brief within twenty (20) days of Plaintiffs' revised Opposition filing if the Motion to Strike is granted, whichever is the later date.

### CERTIFICATION UNDER LOCAL RULE 7.1(a)(2)

Moonstone's counsel Ms. Cronin, of the undersigned law firm, conferred via email on March 18, 2025, with Plaintiffs' counsel Ms. Paschal, who stated Plaintiffs do not oppose the requested relief herein.

Dated March 19, 2025.

Respectfully submitted,

/s/ *Marisa R. Dorough*
Ty Kelly Cronin
Maryland CPF No. 0212180158

3

(*Certificate of Understanding filed*)
Frank C. Bonaventure, Jr.
Maryland CPF No. 8011010040
(*Certificate of Understanding filed*)
BAKER, DONELSON, BEARMAN,
CALDWELL & BERKOWITZ, P.C.
100 Light Street, 19th Floor
Baltimore, Maryland 21202
Phone: (410) 862-1049
tykelly@bakerdonelson.com
fbonaventure@bakerdonelson.com

-and-

Marisa Rosen Dorough
Florida Bar No. 73152
BAKER, DONELSON, BEARMAN,
CALDWELL & BERKOWITZ, P.C.
200 South Orange Avenue, Suite 2900
Orlando, Florida 32801
Phone: (407) 422-6600
mdorough@bakerdonelson.com

*Counsel for Defendant*
*Farmington State Bank d/b/a Moonstone Bank*