UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 1:23-md-3076-KMM

In RE

FTX CRYPTOCURRENCY EXCHANGE
COLLAPSE LITIGATION

_____/

## ORDER

THIS CAUSE came before the Court upon Plaintiffs' Motion for Leave to Take Jurisdictional Discovery. ("Mot." or "Motion") (ECF No. 838). Therein, Plaintiffs move the Court to enter an Order (1) lifting the stay of discovery first imposed by the Court *sua sponte* on August 3, 2023, (2) granting Plaintiffs leave to take brief jurisdictional discovery from certain Multinational VC Defendants, specifically the Sino Global Defendants[1] and Temasek Defendants[2] (as defined herein), and (3) setting an expedited schedule for the discovery. Defendants filed responses in opposition. (ECF Nos. 846, 847). Plaintiffs filed a Reply. ("Reply") (ECF No. 854). The matter is now ripe for review.

**I.   BACKGROUND**

On August 3, 2023, the Court *sua sponte* stayed discovery until September 19, 2023 "to allow Plaintiffs to prepare their Amended Complaints and for Defendants to prepare their answers or

---

[1] "Sino Global Defendants" refers to Sino Global Capital Limited ("SG Capital Limited"), Liquid Value Offshore Feeder Fund I LP ("LV Offshore"), and Liquid Value GP Limited ("LV GP"). Plaintiffs do not seek jurisdictional discovery as to codefendants Sino Global Capital Holdings LLC ("SGCH") or Sino Global Capital Management LLC ("SGCM") because they did not join the relevant Motion to Dismiss for Lack of Personal Jurisdiction (ECF No. 817).

[2] "Temasek Defendants" refers to Temasek International Pte. Ltd. ("Temasek International"), Artz Fund Investments Pte. Ltd ("Artz"), and Blakiston Investments Pte. Ltd. ("Blakiston"). Plaintiffs do not seek jurisdictional discovery from Temasek Holdings (Private) Limited ("Temasek Holdings") or Temasek International (USA) LLC ("Temasek USA"), although they join the Foreign Investor Defendants' Motion to Dismiss for Lack of Personal Jurisdiction (ECF No. 817). The Court refers to all Temasek-related Defendants together as "Temasek."

1

responses." (ECF No. 152). Shortly thereafter, the Government filed an Application to Intervene and Motion to Stay (ECF No. 247), as did Defendant Samuel Bankman-Fried (ECF No. 241), pending the conclusion of Samuel Bankman-Fried's criminal trial in the Southern District of New York. The Court granted the motions and extended the discovery stay until the completion of the criminal trial and explained that "the Parties may move to reopen or extend discovery" at that time. (ECF No. 318).

On December 18, 2023, the Court granted Plaintiffs leave to conduct jurisdictional discovery on certain MDL Defendants, who were at that time contesting personal jurisdiction via their Federal Rule of Civil Procedure 12(b)(2) and (5) motions. *See* (ECF No. 422). Following the jurisdictional discovery period, Plaintiffs filed a motion for leave to amend the Administrative Class Action Complaint to assert facts learned through or during the jurisdictional discovery period, *see* (ECF No. 493), which this Court granted, *see* (ECF No. 773).

The Amended Administrative Class Action Complaint is the operative pleading against the Multinational VC Defendants and which Plaintiffs have since moved to serve on the Multinational VC Defendants via alternative means. (ECF No. 811). On January 10, 2025, the Multinational VC Defendants responded to Plaintiffs' Amended Class Action Complaint, moving to dismiss it under Rules 12(b)(2), (5) and (6). *See* (ECF Nos. 815, 816, 817, 818, 819). Prior to Plaintiffs' response deadlines to the motions to dismiss, Plaintiffs moved for jurisdictional discovery on certain Multinational VC Defendants, specifically the Sino Global Defendants and Temasek Defendants. *See generally* Mot. Additionally, Plaintiffs moved to continue briefing deadlines on the Rule 12(b)(2) and (5) Motions following the Court's ruling on the instant Motion, *see* (ECF No. 842), which the Court granted, *see* (ECF No. 844). The Court considers the instant Motion accordingly.

**II.      DISCUSSION**

Plaintiffs argue that they are entitled to jurisdictional discovery as to the Sino Global Defendants and the Temasek Defendants. *See generally* Mot. Regarding the Sino Global Defendants,

2

Plaintiffs argue that in the first round of jurisdictional discovery as to Defendant SGCH, which Plaintiffs purport would have included discovery into its parent SG Capital Limited (one of the objecting Defendants herein), SGCH withdrew its personal jurisdiction objection to avoid discovery. *Id.* at 3. Plaintiffs argue that they have not had the opportunity to challenge the Sino Global Defendants' arguments denying any basis for personal jurisdiction. *Id.* As to the Temasek Defendants, Plaintiffs argue that during the first round of jurisdictional discovery on Temasek Holdings, Plaintiffs learned that its subsidiaries, the Temasek Defendants, conducted diligence into and invested in the FTX entities. *Id.* Plaintiffs thus argue that the Temasek Holdings' witnesses could not testify to any of the discovery related to its subsidiaries. *Id.*

Defendants sharply dispute whether Plaintiffs have made the necessary showing to entitle them to engage in jurisdictional discovery. *See generally* (ECF Nos. 846, 847). The Temasek Defendants argue that Plaintiffs failed to plead a *prima facie* case of personal jurisdiction, and even if they had, Plaintiffs have not identified factual disputes which would entitle them to jurisdictional discovery. (ECF No. 847) at 9–12. The Temasek Defendants further argue that Plaintiffs are seeking merits discovery to shore up their deficient substantive allegations, much of which was already requested and rejected by Magistrate Judge Sanchez in last year's jurisdictional discovery. *Id.* at 13. The Temasek Defendant conclude that any further discovery would be a "second bite at the apple" for Plaintiffs and would allow Plaintiffs to embark on a fishing expedition. *Id.* at 16.

The Sino Global Defendants similarly argue that Plaintiffs failed to identify a factual dispute which would entitle Plaintiffs to jurisdictional discovery. (ECF No. 846) at 7–9. They go on to raise arguments from their Motion to Dismiss for Insufficient Service of Process, *see* (ECF No. 816), stating that Plaintiffs have failed to properly serve Defendants LV Offshore and LV GP and thus the Court does not have jurisdiction to compel a defendant to respond to discovery requests. (ECF No. 846) at 4–5. Although not raised in their Response, the Temasek Defendants have also filed a Motion

3

to Dismiss for Insufficient Service of Process, arguing that Plaintiffs "have not even attempted to serve the Amended Complaint on any of Temasek International, Artz, or Blakiston." (ECF No. 815) at 3.

Plaintiffs respond that they have pled a *prima facie* case of personal jurisdiction as to the Temasek Defendants and Sino Global Defendants, and based on such theories, Plaintiffs likewise identify factual disputes relevant to the jurisdictional inquiry. *See generally* Reply. Plaintiffs allege that Defendants committed an intentional tort causing injury within the forum state or participated in a conspiracy where at least one act in furtherance of the conspiracy occurred in the forum state. *Id.* at 2–4. Plaintiffs explain that Defendants have put allegations and evidence into factual dispute via declarations attached to their motions to dismiss. *Id* at 5. As to the Sino Global Defendants' arguments relating to service, Plaintiffs maintain that the foreign Sino Global Defendants were properly served through domestic defendant SGCM. Reply at 7.

While district courts ordinarily enjoy broad discretion over discovery, "jurisdictional discovery is not entirely discretionary." *Eaton v. Dorchester Dev., Inc.*, 692 F.2d 727, 729 (11th Cir. 1982). A plaintiff enjoys a qualified right to jurisdictional discovery when it timely moved for jurisdictional discovery and the information the plaintiff seeks from such discovery would give rise to jurisdiction. *See Posner v. Essex Ins. Co.*, 178 F.3d 1209, 1214 n.7 (11th Cir. 1999). To demonstrate its entitlement to jurisdictional discovery, a plaintiff must (1) plead a *prima facie* case of personal jurisdiction, and (2) there must be a genuine dispute of fact that is material to the court's jurisdiction. *See Am. Civ. Liberties Union of Fla., Inc., v. City of Sarasota*, 859 F.3d 1337, 1340–41 (11th Cir. 2017); *In re Zantac (Ranitidine) Products Liability Litig.*, No. 20-MD-2924, 2020 WL 6907056, at *2, *6 (S.D. Fla. Nov. 24, 2020). "When facts that go to the merits and the court's jurisdiction are intertwined and genuinely in dispute," the Court "abuses its discretion if it completely denies a party jurisdictional discovery." *Am. Civ. Liberties Union of Fla.*, 859 F.3d at 1341.

4

"An individual or entity named as a defendant is not obliged to engage in litigation unless notified of the action, and brought under a court's authority, by formal process." *Murphy Bros., Inc. v. Michetti Pipe Stringing, Inc.*, 526 U.S. 344, 350 (1999). "Absent proper service of process, a district court has no jurisdiction to compel a defendant to respond to discovery requests." *Forde v. Miami Fed. Dep't of Corr.*, 578 F. App'x 877, 880 (11th Cir. 2014).

The Court previously held when lifting the discovery stay in December 2023 that "[t]he disputed facts related to Plaintiffs' theories of personal jurisdiction are intertwined with the merits of the respective cases." (ECF No. 422) at 5. Plaintiffs' Amended Administrative Class Action Complaint merely supplemented the allegations the Court previously reviewed, naming additional Defendants, and alleging that such new Defendants engaged in the same tortious conduct. *See* Mot. at 11. These facts alone would demonstrate to the Court that Plaintiffs have a qualified right to jurisdictional discovery.

However, Plaintiffs have failed to provide any authority as to how the Court may compel certain Defendants to partake in discovery, where such Defendants contest that they have been properly served. When the Court previously continued briefing deadlines for the Multinational VC Defendants' Motions to Dismiss pending the adjudication of the instant Motion, the Sino Global Defendants requested that the Court decline to continue the briefing deadlines on the Motion to Dismiss for Insufficient Service. (ECF No. 842) at 4. The Sino Global Defendants argued that the "Jurisdictional Discovery Motion principally concerns why jurisdictional discovery is supposedly necessary to buttress Plaintiffs' argument that there is personal jurisdiction, but the Jurisdictional Discovery Motion barely even mentions improper service." *Id.* (emphasis included in original). Now, having reviewed Plaintiffs' Motion, the Court agrees. The Court cannot make a determination that jurisdictional discovery is warranted without a finding that such Defendants have been brought under the Court's authority by formal process. *See Murphy Bros.,* 526 U.S. at 347 (explaining the "bedrock

5

principle" that "[a]n individual or entity named as a defendant is not obliged to engage in litigation unless notified of the action, and brought under a court's authority, by formal process.").

Plaintiffs sharply dispute that the Sino Global Defendants were improperly served, and offer information in their Reply to suggest that the foreign Sino Global Defendants were properly served as agents or alter egos of the domestic Sino Global Defendants, SGCH and SGCM. However, it would be improper for the Court to render a decision as to whether the Sino Global Defendants have been properly served under an agency or alter ego theory without the benefit of a fully ripe Motion to Dismiss for Insufficient Service of Process.[3]

Accordingly, the Court defers ruling on Plaintiffs' Motion for Leave to Take Jurisdictional Discovery, pending adjudication of the Sino Global Defendants' and Temasek Defendants' Motions to Dismiss for Insufficient Service of Process (ECF Nos. 815, 816), along with Plaintiffs' Motion to Serve Defendants with Process through Alternate Means (ECF No. 811).

UPON CONSIDERATION of the Motion, the pertinent portions of the record, and being otherwise fully advised in the premises, the Court DEFERS RULING on Plaintiffs' Motion for Leave to Take Jurisdictional Discovery (ECF No. 838) until the merits of the Sino Global Defendants' and the Temasek Defendants' Motions to Dismiss for Insufficient Service of Process (ECF Nos. 815, 816) are reviewed. It is further ORDERED that Plaintiffs shall file a response to the Temasek Defendants and the Sino Global Defendants Motions to Dismiss for Insufficient Service of Process (ECF Nos.

---

[3] Although the Temasek Defendants do not oppose the instant Motion on the grounds that Plaintiffs may not conduct jurisdictional discovery if they have not been properly served, the Court notes that it has also stayed the briefing deadlines as to the Temasek Defendants' Motion for Improper Service (ECF No. 815). The Court likewise is unable to compel the Temasek Defendants to jurisdictional discovery, absent a finding that such Defendants have been brought under the Court's authority by formal process.

815, 816) on or before April 4, 2025. The Sino Global Defendants and the Temasek Defendants shall file their replies on or before April 11, 2025.

DONE AND ORDERED in Chambers at Miami, Florida, this  26th   day of March, 2025.

K. MICHAEL MOORE
UNITED STATES DISTRICT JUDGE

cc: All counsel of record