**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**
**MIAMI DIVISION**

MDL No. 3076
Case No. 1:23-md-03076-KMM

**IN RE:**
**FTX Cryptocurrency Exchange Collapse Litigation**

_____

This document relates to:

   Bank Defendants

_____/

**PLAINTIFFS' UNOPPOSED MOTION FOR LEAVE TO FILE UNDER SEAL THEIR OPPOSITION TO DEFENDANT MOONSTONE BANK'S MOTION TO STRIKE PLAINTIFFS' OPPOSITION TO MOONSTONE'S MOTION TO DISMISS PLAINTIFFS' AMENDED ADMINISTRATIVE CLASS ACTION COMPLAINT**

Plaintiffs, pursuant to Southern District of Florida Local Rule 5.4(b)(1), file this Unopposed Motion for Leave to File Under Seal the unredacted version of their Opposition to Farmington State Bank's ("Moonstone's") Motion to Strike Plaintiffs' Opposition to Defendant Moonstone Bank's Motion to Dismiss Plaintiffs' Amended Administrative Class Action Complaint and Incorporated Memorandum of Law (the "Opposition"). As grounds therefor, Plaintiffs state as follows:

1.  Plaintiffs previously filed their Opposition to Moonstone's Motion to Strike, [ECF 864], dated April 2, 2025 (the "Confidential Filing").

2.  The Confidential Filing contains references to information that has been designated by a Defendant as Confidential under the Confidentiality and Protective Order entered by the Court on January 24, 2024 [ECF 483] (the "Order") or is subject to the Non-Disclosure Agreement entered into between the Plaintiffs and the FTX Consolidated Wind Down Trust, which the

Plaintiffs filed Notice of to the Court on February 19, 2025 [ECF 843] (the "NDA") (collectively, the "Agreements").

3. Therefore, for filing purposes, Plaintiffs redacted from the Confidential Filings the information the parties' designated as Confidential and that is covered by the Agreements. *See* S.D. Fla. L.R. 5.4(b)(1); S.D. Fla. CM/ECF Rule 9B.

4. The at-issue protected-as-Confidential information consists of communications between Defendants and FTX employees, contracts between Defendants and FTX, internal FTX communications, and contracts.

5. While the redactions are limited only to specifics of the documents, and most of the Confidential Filing was not redacted, Plaintiffs seek permission to file an unredacted version of the Confidential Filing under seal so that this Court is fully informed and has before it all relevant Confidential information.

6. The proposed duration of the requested sealing is for/until the later of (i) the parties consenting to unsealing of the information designated as Confidential, or (ii) an unsealing of any of the information designated as Confidential pursuant to the terms of the Agreements.

7. Local Rule 5.4(b)(1) states that a party who wants to file documents and information under seal must file and serve electronically a motion seeking permission to file under seal. Such a motion must set forth the factual and legal basis for the requested sealing and describe with as much particularity as possible the documents and information to be sealed. *See* S.D. Fla. L.R. 5.4(b)(1).

8. Where, as here, a party files a motion and other legal documents that need to include references to protected confidential information and those filings are the subject of a Local Rule 5.4(b)(1) motion to file under seal, all of the content sought to be filed under seal must be redacted

until the Court has an opportunity to rule on the motion to seal. *See* S.D. Fla. L.R. 5.4(b)(1); S.D. Fla. CM/ECF Rule 9B.

9. Plaintiffs' instant Motion to Seal and the redacted Confidential Filing are all in full compliance with Local Rule 5.4(b)(1) and CM/ECF Rule 9B.

10. A Proposed Order accompanies this Motion as **Exhibit A**.

### S.D. Fla. L.R. 7.1 Certification

Plaintiffs' counsel certifies that they have conferred in good faith with Defendant Moonstone's counsel in a good faith effort to resolve the issues raised in this motion and represent that Defendant Moonstone does not oppose the relief sought in this motion.

Dated: April 2, 2025                              Respectfully submitted,

| | |
|---|---|
| **By: */s/ Adam Moskowitz*** | **By: */s/ David Boies*** |
| Adam M. Moskowitz | David Boies |
| Florida Bar No. 984280 | Alexander Boies |
| Joseph M. Kaye | Brooke A. Alexander |
| Florida Bar No. 117520 | **BOIES SCHILLER FLEXNER LLP** |
| **THE MOSKOWITZ LAW FIRM, PLLC** | 333 Main Street |
| Continental Plaza | Armonk, NY 10504 |
| 3250 Mary Street, Suite 202 | 914-749-8200 |
| Coconut Grove, FL 33133 | dboies@bsfllp.com |
| Office: (305) 740-1423 | aboies@bsfllp.com |
| adam@moskowitz-law.com | balexander@bsfllp.com |
| joseph@moskowitz-law.com | |
| service@moskowitz-law.com | |
| | |
| *Co-Lead Counsel* | *Co-Lead Counsel* |

James R. Swanson, La. Bar No. 18455
Kerry J. Miller, La. Bar. No. 24562
Molly L. Wells, La. Bar. No. 36721
C. Hogan Paschal, La. Bar No. 38495
**FISHMAN HAYGOOD L.L.P.**
201 St. Charles Avenue, 46th Floor
New Orleans, Louisiana 70170-4600

> (504) 586-5252; (504) 586-5250 fax
> jswanson@fishmanhaygood.com
> kmiller@fishmanhaygood.com
> mwells@fishmanhaygood.com
> hpaschal@fishmanhaygood.com
>
> ***Counsel to Plaintiffs and the Putative Classes***

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the forgoing was filed on April 2, 2025, with the Court via CM/ECF system, which will send notification of such filing to all attorneys of record

> By: */s/ Adam M. Moskowitz*
> Adam M. Moskowitz
> Florida Bar No. 984280