UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION
Case No. 1:23-md-03076-KMM

**IN RE: FTX Cryptocurrency Exchange Collapse Litigation**

---

THIS DOCUMENT RELATES TO:

Defendants SoftBank Group Corp., SoftBank Investment Advisers (UK) Limited, and SoftBank Global Advisers Limited

*O'Keefe v. Sequoia Capital Operations, LLC, et al.*, S.D. Fla. Case No. 1:23-cv-20700

*Chernyavsky et al. v. Temasek Holdings (Private) Ltd., et al.*, S.D. Fla. Case No. 1:23-cv-22960

*Cabo et al. v. Temasek Holdings (Private) Ltd. et al.*, N.D. Cal. Case No. 3:23-cv-03974

---

**PLAINTIFFS' OPPOSITION TO DEFENDANTS TEMASEK HOLDINGS (PRIVATE) LIMITED ("HOLDINGS"), TEMASEK INTERNATIONAL PTE. LTD. ("INTERNATIONAL"), ARTZ FUND INVESTMENTS PTE. LTD. ("ARTZ"), AND BLAKISTON INVESTMENTS PTE. LTD.'S ("BLAKISTON")[1] MOTION TO DISMISS THE AMENDED ADMINISTRATIVE CLASS ACTION COMPLAINT FOR <u>INSUFFICIENT SERVICE OF PROCESS ("MOT.")</u>**

<u>**ORAL ARGUMENT REQUESTED**</u>

---

[1] Collectively, "Moving Defendants."

The Moving Defendants' motion to challenge Plaintiffs' service efforts should be denied for five reasons—including because both Hague Service and the Rule 4(f)(3) motion are pending.

**First**, as Defendants concede, Plaintiffs properly served Temasek USA, Holdings' U.S. subsidiary. But Plaintiffs also served Holdings through Temasek USA. Plaintiffs allege and the record shows Temasek USA is Holdings' agent. *See* ECF No. 783 ¶¶ 29-35, 279 (Temasek corporate structure reasonably suggests its subsidiaries are its agents: Temasek USA only invests the money of, is wholly owned by, and is operationally controlled by Holdings; the entities' interlocking leadership; employees of one entity frequently serve as authorized representatives of other entities to carry out common objectives of Temasek as set by Holdings, whose only employee is CEO). "Where a foreign corporation does not have any officers, directors, managers or business agents in Florida, section 48.081(3) provides that process against the foreign corporation may be served on an agent who is transacting business for the corporation in the state. *See* § 48.081(3), Fla. Stat. (2009*)*." *Sol Melia, S.A. v. Fontana,* 67 So. 3d 1226, 1228 (Fla. Dist. Ct. App. 2011). Substitute service is permitted where a plaintiff shows "that the parent corporation exercised such a degree of control over its subsidiary that the activities of the subsidiary were in fact the activities of the parent within the state." *Id*. Temasek USA is a wholly owned subsidiary of Holdings, the sovereign wealth fund for the Singapore's government. But for incorporating in Delaware, Temasek USA would be *statutorily* considered an "agency or instrumentality of a foreign state" by virtue of its total ownership by the government of Singapore. See 28 U.S.C.A. § 1603 (West). Nonetheless, it is an agent doing business for Holdings in the United States.

**Second**, while Plaintiffs assert their motion for alternate service is appropriate, Plaintiffs also initiated service through the Hague Service Convention in January. *See* Ex. A. The international courier advised the papers are in Singapore, that it still awaits confirmation of receipt

1

from the Singapore Central Authority, and that effectuation may take four to six more months. *Id.*

**Third,** Plaintiffs have acted diligently. Plaintiffs moved for authorization to serve Defendants per Rule 4(f)(3) when they filed the complaint (*see* ECF No. 182, 280 [28 court days]), and again after amending in November 2024 (*see* ECF Nos. 783, 811 [32 court days]). That motion is still pending. Service under Rule 4(f)(3) is widely recognized as a first resort on equal footing with other service methods, including in the Eleventh Circuit[2] and in this MDL,[3] and may be granted so long as the proposal (1) does not violate international agreement or a prohibition by the party's country and (2) comports with due process. Fed. R. Civ. P. 4(f)(3). *See also* ECF No. 811. Singapore has not objected to service by e-mail and this method is not prohibited by international agreement. *See, e.g., id.* at 9-11. Whether Defendants have been afforded due process raises the **fourth** reason their motion should be denied. As noted by the Supreme Court, the touchstone of service is due process. *Mullane v. Cent. Hanover Bank & Tr. Co.,* 339 U.S. 306 (1950); *Al-Saadi v. Annchery Fajas USA, Inc.,* 2022 WL 898562, at *2 (S.D. Fla. Mar. 28, 2022) ("Due process requires only that an alternative method of service 'be reasonably calculated to provide notice and

---

[2] *N. Face Apparel Corp. v. Individuals, Bus. Entities & Uninc. Ass'ns Identified on Schedule "A"*, No. 23-60653-CIV, 2023 WL 5669999, at *1 (S.D. Fla. June 30, 2023) ("Alternate methods of service under Rule 4(f)(3) are available <u>without first attempting service by other means</u>.") (emphasis added) (citing *De Gazelle Grp., Inc. v. Tamaz Trading Establishment*, 817 F.3d 747, 750 (11th Cir. 2016) ("If a party cannot, <u>or chooses not to</u>, serve a defendant abroad using one of the methods specified in Rule 4(f)(1) and (2), the party may accomplish service 'by other means not prohibited by international agreement, *as the court orders*.'") (emphasis added)).

[3] *Garrison v. Paffrath*, Case No. 23-21023-CIV-ALTONAGA, ECF No. 65 (S.D. Fla. May 2, 2023)

2

an opportunity."). Temasek has never raised due process or notice concerns the numerous times it has contested Plaintiffs' service efforts, nor could it. With Temasek's U.S. subsidiary served; a challenge to subservice of its parent; and otherwise with the amount of motion and discovery practice under the parties' belts and Temasek's participation in this MDL for over twenty months—there can be no doubt Temasek is on notice and has had opportunity to respond. This is one of many procedural games Temasek has played, including reneging its initial agreement to waive service of process, *see* MDL ECF No. 280-1, ¶¶ 6-8. Temasek continues to dispute or refuse to waive service despite its obligation to avoid unnecessary, expensive service of summons.[4]

**Fifth,** dismissal would be inequitable. Rule 12(b)(5) motions differ from other Rule 12(b) motions in that they offer the court a course of action other than dismissing the case when objections are sustained. *Fed. Home Loan Mortg. Corp. v. Dutch Lane Assocs.,* 775 F. Supp. 133, 138 n.2 (S.D.N.Y. 1991); *see* 5B Wright & Miller, Fed. Prac. & Proc. Civ. § 1354 ("[F]ederal courts have broad discretion to dismiss the action or to retain the case but quash the service.... [S]ervice generally will be quashed and the action preserved [where] there is a reasonable prospect that the plaintiff ultimately will be able to serve the defendant properly."). Thus, to the extent the Court determines any service efforts to date are insufficient, the Court may quash service and direct that service be effectuated properly. See *Vega v. Hastens Beds, Inc.*, 339 F.R.D. 210, 217 (S.D.N.Y. 2021) (citation omitted). In that instance, Plaintiffs ask to be allowed to perfect and effectuate service as the Court deems appropriate, including through its pending motion for alternate service.

---

[4] *See* Fed. R. Civ. P. 1. The Rules "should be construed…by the parties…to secure the just., speedy, and inexpensive determination of every action"); Fed. R. Civ. P. 4(d) (a corporation subject to service under Rule 4(f) "has a duty to avoid unnecessary expenses of serving the summons.").

3

## REQUEST FOR HEARING

Plaintiffs respectfully request oral argument pursuant to Local Rule 7.1(b)(2). This case and Defendants' motions raise complex questions of law and fact regarding whether service was properly effectuated on these Defendants, whether jurisdictional discovery is necessary to ascertain whether such service was effective, or whether alternate service should be authorized pursuant to Rule 4(f)(3). Given the importance of these questions to the determination of this case, Plaintiffs believe that the Court's decision-making process would be significantly aided by oral argument. Plaintiffs estimate fifteen minutes will be necessary for oral argument.

Dated: April 4, 2025.                         Respectfully submitted,

**By:** */s/ Adam Moskowitz*
Adam M. Moskowitz
Florida Bar No. 984280
Joseph M. Kaye
Florida Bar No. 117520
**THE MOSKOWITZ LAW FIRM, PLLC**
Continental Plaza
3250 Mary Street, Suite 202
Coconut Grove, FL 33133
Office: (305) 740-1423
adam@moskowitz-law.com
joseph@moskowitz-law.com
service@moskowitz-law.com

*Co-Lead Counsel*

Joseph R. Saveri
Christopher Young
Itak K. Moradi
**JOSEPH SAVERI LAW FIRM**
601 California Street, Suite 1000
San Francisco, CA 94108
Telephone: (415) 500-6800
jsaveri@saverilawfirm.com
cyoung@saverilawfirm.com
imoradi@saverilawfirm.com

*Counsel to Plaintiffs and Putative Classes*

**By:** */s/ David Boies*
David Boies
Alexander Boies
Brooke A. Alexander
**BOIES SCHILLER FLEXNER LLP**
333 Main Street
Armonk, NY 10504
914-749-8200
dboies@bsfllp.com
aboies@bsfllp.com
balexander@bsfllp.com

*Co-Lead Counsel*

James R. Swanson, La. Bar No. 18455
Kerry J. Miller, La. Bar No. 24562
Molly L. Wells, La. Bar No. 36721
C. Hogan Paschal, La. Bar No. 38495
**FISHMAN HAYGOOD L.L.P.**
201 St. Charles Avenue, 46th Floor
New Orleans, Louisiana 70170-4600
(504) 586-5252; (504) 586-5250 fax
jswanson@fishmanhaygood.com
kmiller@fishmanhaygood.com
mwells@fishmanhaygood.com
hpaschal@fishmanhaygood.com

>Robert Lieff
>P.O. Drawer A
>Rutherford, CA 94573
>rlieff@lieff.com
>
>***Counsel to Plaintiffs and the Putative Classes***

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on April 4, 2025, a true and correct copy of the foregoing was filed electronically with the Clerk of the Court, by using the CM/ECF system which will send an electronic notification of such filing to all counsel of record.

>By: */s/ Adam M. Moskowitz*
> Adam M. Moskowitz