**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**
**MIAMI DIVISION**
MDL No. 3076
Case No. 1:23-md-03076-KMM

**IN RE:**

**FTX Cryptocurrency Exchange Collapse Litigation**

---

This document relates to:
Multinational VC Defendants
*O'Keefe v. Sequoia Capital Operations, LLC,*
No. 1:23-cv-20700 (S.D. Fla.)

*O'Keefe v. Temasek Holdings (Private) Limited,*
No. 1:23-cv-23065 (S.D. Fla.)

*Chernyavsky v. Temasek Holdings (Private) Limited,*
No. 1:23-cv-22960 (S.D. Fla.)

*Cabo v. Temasek Holdings (Private) Limited,*
No. 1:23-cv-23212(S.D.*Fla.)*
_______________________________/

**PLAINTIFFS' OPPOSITION TO DEFENDANTS SINO GLOBAL CAPITAL LIMITED ("SGCL"), SINO GLOBAL CAPITAL MANAGEMENT LLC ("SGCM"), LIQUID VALUE OFFSHORE FEEDER FUND I LP ("LV OFFSHORE"), AND LIQUID VALUE GP LIMITED'S ("LVGP")[1] MOTION TO DISMISS THE AMENDED ADMINISTRATIVE CLASS ACTION COMPLAINT[2] FOR INSUFFICIENT SERVICE OF PROCESS (ECF NO. 816) ("MOTION" OR "MOT.")**

**ORAL ARGUMENT REQUESTED**

---

[1] Collectively, the "Sino Global Defendants"

[2] Amended Complaint ("AC"), ECF No. 783. Citations are to the AC unless otherwise noted.

The Court should deny this Motion. ***First***, Plaintiffs served the Sino Global Defendants through their agent and alter ego, SGCM. ***Second***, despite being on notice and consistently litigating in this case, and being afforded a fair opportunity to respond, the Sino Global Defendants have continually tried to avoid service since Fall 2023, wasting judicial resources. ***Third***, even if service were found to be insufficient, the Court has broad discretion to simply quash it and direct Plaintiffs to re-effectuate it. *See* 5B Wright & Miller, Fed. Prac. & Proc. Civ. § 1354. To that end, based on Sino Global Capital's foreign, "metaverse" based existence, Plaintiffs have a pending motion to serve Defendants by alternative means (ECF No. 811), the granting of which would resolve this dispute.

**<u>Sino Global Capital Management is an Alter Ego of the Other Sino Global Defendants</u>**

SGCL (n/k/a Ryze Labs, https://ryzelabs.io/en/contact) is a crypto investment firm owned and operated by Matthew Graham; it lists no office address. SGCL aided and abetted FTX's fraud by, *inter alia*, capitalizing FTX and starting the $200 million "Liquid Value Fund" ("LVF") as co-general partners with FTX, using FTX customer funds funneled through Alameda, which fraudulently traded coins underlying FTX's supposed value. ¶¶ 304, 49, 312-314, 323, 440, Ex. E. Before this litigation, Patrick Loney was listed as the General Counsel of SGCL. Ex. E at 293. Neither Graham nor the prospectus for the LVF differentiates between Sino Global Capital corporate forms. *Id*., ¶ 323.

Contrary to Defendants' suggestion (Mot. at 2), as alleged, SGCM is the alter ego and agent of SGCL and the other Sino Global entities. ¶ 52. SGCM is a Delaware LLC Graham owns and created to facilitate fundraising for the LVF in the U.S. ¶ 51. SGCM lists its principal office and place of business in its SEC investment adviser registration as 1111 Brickell Avenue, 10th Floor, Miami, Florida, the office space that SGCM at one point shared with FTX. ¶¶ 49-51, 153. The registration shows LVGP is SGCM's General Partner, that they are both under Graham's "common control," and that they share supervisees and a physical location. SGCM lists parent SGCL's "Ryze Labs" web

address, Twitter handle, and LinkedIn handle as its own. The registration shows SGCM is the registered investment adviser for LV Offshore. It shows Graham is SGCM's "Managing Member" and owns 75% or more of SGCM. Patrick Loney signed the registration as the "General Counsel" of SGCM. [3] SGCM does not exist independent from SGCL, Graham, and Loney.

Graham created LVGP to act as the general partner entity for all LVF entities, including SGCM. ¶¶ 51-52. It is also an SEC-registered investment adviser. ¶ 52.[4] Like SGCM, LVGP lists the website, LinkedIn and Twitter handles of SGCL as its own in this registration, which is signed by Ian Wittkopp. Graham and his SGCL officers, Wittkopp and Dermot McGrath (*see* Ex. E, p. 293), are LVGP's directors. LVGP filed a claim in the bankruptcy proceeds, appointing its New York counsel to receive notice. *In re FTX*, No. 22-11068 (Bankr. D. Del. 2023) (proof of claim # 3967).

**<u>Plaintiffs Successfully Served Sino Global Capital Management</u>**

Plaintiffs served SGCM's registered agent in Delaware. ECF No. 497-1, ¶6, 497-2. Plaintiffs also served LV Offshore and LVGP at SGCM's principal office and place of business on November 25, 2024 (ECF No. 797), which Graham now contests (Mot. at 3), claiming the secretary at the front desk "merely works for a co-working space . . . where [SGCM] rents a hot desk." ECF No. 816-1, ¶ 15. However, here service is allowed on "any employee" at the principal place of business, (§ 48.081(3)(a)), and if the only service address is "a private mailbox, a virtual office, or an executive office or mini suite, substituted service may be made by leaving a copy of the process with the person in charge of the private mailbox, virtual office, or executive office or mini suite." Fla. Stat. § 48.031(6)(a). In October 2023, Plaintiffs attempted to serve Loney at the address he lists on his

[3] See https://reports.adviserinfo.sec.gov/reports/ADV/326303/PDF/326303.pdf, incorporated ¶ 51.

[4] See https://reports.adviserinfo.sec.gov/reports/ADV/317744/PDF/317744.pdf, incorporated ¶ 52.

Washington State Bar profile—his parents' home. He told the process server he would avoid service "***at all costs***." See ECF Nos. 360 at 2; 360-1, Exs. E, D.

**Plaintiffs Successfully Served SGCL, LVGP and LV Offshore by Serving SGCM**

As alleged, SGCM is an alter ego of SGCL or, at minimum, its agent; SGCM is the registered investment advisor for LV Offshore; and LVGP is the general partner of SGCM. ¶¶ 50-52. Under Florida law, substituted service on a foreign corporation may be made upon any agent transacting business for it in Florida. *Torres v. Int'l Lifestyles, Inc.,* 2005 WL 8155312, at *2 (S.D. Fla. Sept. 29, 2005). SGCM transacts business for and is totally controlled by Graham and SGCL. Service on SGCM as an agent suffices as substitute service on the foreign SG defendants. *See Lamb By & Through Donaldson v. Volkswagenwerk Aktiengesellschaft,* 104 F.R.D. 95, 99 (S.D. Fla. 1985) (where sufficient degree of control by foreign parent on domestic subsidiary is established, service of subsidiary's registered agent suffices for service on parent); *Sinaltrainal, Est. of Gil v. Coca-Cola Co*., No. 01-3208-CIV., 2003 WL 1846195, at *1, n.1 (S.D. Fla. Mar. 31, 2003) (Plaintiffs need not initially allege specific facts proving an alter ego relationship to withstand a motion to dismiss). There is no litmus test for determining whether a company is the alter ego of another; rather, acourt must look to the "heavily fact-specific" totality of the circumstances. *United Steelworkers of Am., AFL-CIO-CLC v. Connors Steel Co.,* 855 F.2d 1499, 1506 (11th Cir. 1988) (listing alter ego factors). The totality of circumstances here establish SGCL and Graham's total control of SGCM.

**CONCLUSION**

Mr. Graham is the authorized representative for every Sino Global Defendant for good reason. ECF No. 816-1, ¶ 1. Service on SGCM should be deemed substitute service on all foreign Sino Global Defendants in this matter. The Court should deny Defendants' motion, or alternatively grant Plaintiffs' motion for alternate service. ECF No. 811 (requesting email service plan per Rule 4(f)(3)).

**REQUEST FOR HEARING**

Plaintiffs respectfully request oral argument pursuant to Local Rule 7.1(b)(2). This case and Defendants' motions raise complex questions of law and fact regarding whether service was properly effectuated on these Defendants, whether jurisdictional discovery is necessary to ascertain whether such service was effective, or whether alternate service should be authorized pursuant to Rule 4(f)(3). Given the importance of these questions to the determination of this case, Plaintiffs believe that the Court's decision-making process would be significantly aided by oral argument. Plaintiffs estimate fifteen minutes will be necessary for oral argument.

Dated: April 4, 2025. Respectfully submitted,

**By: */s/ Adam Moskowitz***
Adam M. Moskowitz
Florida Bar No. 984280
Joseph M. Kaye
Florida Bar No. 117520
**THE MOSKOWITZ LAW FIRM, PLLC**
Continental Plaza
3250 Mary Street, Suite 202
Coconut Grove, FL 33133
Office: (305) 740-1423
adam@moskowitz-law.com
joseph@moskowitz-law.com
service@moskowitz-law.com

***Co-Lead Counsel***

**By: */s/ David Boies***
David Boies
Alexander Boies
Brooke A. Alexander
**BOIES SCHILLER FLEXNER LLP**
333 Main Street
Armonk, NY 10504
914-749-8200
dboies@bsfllp.com
aboies@bsfllp.com
balexander@bsfllp.com

***Co-Lead Counsel***

Joseph R. Saveri
Christopher Young
Itak K. Moradi
**JOSEPH SAVERI LAW FIRM**
601 California Street, Suite 1000
San Francisco, CA 94108
Telephone: (415) 500-6800
jsaveri@saverilawfirm.com
cyoung@saverilawfirm.com
imoradi@saverilawfirm.com

***Counsel to Plaintiffs and Putative Classes***

James R. Swanson, La. Bar No. 18455
Kerry J. Miller, La. Bar. No. 24562
Molly L. Wells, La. Bar. No. 36721
C. Hogan Paschal, La Bar No. 38495
**FISHMAN HAYGOOD L.L.P.**
201 St. Charles Avenue, 46th Floor
New Orleans, Louisiana 70170-4600
(504) 586-5252; (504) 586-5250 fax
jswanson@fishmanhaygood.com
kmiller@fishmanhaygood.com
mwells@fishmanhaygood.com
hpaschal@fishmanhaygood.com

Robert Lieff
P.O. Drawer A
Rutherford, CA 94573
rlieff@lieff.com

***Counsel to Plaintiffs and the Putative Classes***

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on April 4, 2025, a true and correct copy of the foregoing was filed electronically with the Clerk of the Court, by using the CM/ECF system which will send an electronic notification of such filing to all counsel of record.

By: */s/ Adam M. Moskowitz*
Adam M. Moskowitz