IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA, MIAMI DIVISION
Case No. 1:23-md-03076-KMM

**IN RE:**

**FTX Cryptocurrency Exchange Collapse Litigation**

THIS DOCUMENT RELATES TO:

The Multinational VC Defendants

*O'Keefe v. Sequoia Capital Operations, LLC*,
No. 1:23-cv-20700 (S.D. Fla.)

*O'Keefe v. Temasek Holdings (Private) Limited*,
No. 1:23-cv-23065 (S.D. Fla.)

*Chernyavsky v. Temasek Holdings (Private) Limited*,
No. 1:23-cv-22960 (S.D. Fla.)

*Cabo v. Temasek Holdings (Private) Limited*,
No. 1:23-cv-23212 (S.D. Fla.)

**REPLY IN FURTHER SUPPORT OF DEFENDANTS SINO GLOBAL CAPITAL LIMITED, SINO GLOBAL CAPITAL MANAGEMENT LLC, LIQUID VALUE OFFSHORE FEEDER FUND I LP, LIQUID VALUE GP LIMITED, AND LIQUID VALUE FUND GP LTD.'S MOTION TO DISMISS THE AMENDED ADMINISTRATIVE CLASS ACTION COMPLAINT FOR INSUFFICIENT SERVICE OF PROCESS**

The Sino Global Defendants[1] respectfully submit this Reply in further support of their motion to dismiss the AC pursuant to F.R.C.P. 12(b)(5) for insufficient service of process.

Plaintiffs admit that they failed to serve each legally distinct Sino entity with the AC, instead relying on a improper and faulty service attempt on SG Capital Management alone. In the AC, Plaintiffs alleged in conclusory fashion that the Sino Global Defendants are all alter egos of SG Capital <u>Limited</u>. AC ¶ 52. Now, in their Opposition (ECF No. 869, the "Opp."), Plaintiffs pivot and argue that SG Capital <u>Management</u> is the agent and alter ego of the Sino Global Defendants. Opp. at 1. Plaintiffs' complete disregard of corporate separateness, sloppy and inconsistent pleading, and invalid service attempt should be rejected.

<u>First</u>, Plaintiffs fail to establish that SG Capital Management is the alter ego of the other Sino Global Defendants such that service on SG Capital Management (even if proper) would be sufficient service on the other entities. Plaintiffs state that "SGCM is a Delaware LLC Graham owns and created to facilitate fundraising for the LVF in the U.S," and that SG Capital Management and SG Capital Limited are under Matthew Graham's "common control." Opp. at 1. These allegations illustrate that SG Capital Management has a separate corporate purpose, and merely having the same director is insufficient to show that separate entities acted as a single entity, or that the corporate structure was used to perpetrate fraud, injustice, or unfairness. *See Sage Chem., Inc. v. Supernus Pharms., Inc.*, 2024 WL 2832343, at *7 (D. Del. June 4, 2024). Confusingly, Plaintiffs point to various relationships between different entities, such as SG Capital Management being LVGP's General Partner, or SG Capital Management being LV Offshore's registered investment advisor to suggest that because these entities interact with one another, they are alter egos. But entities interacting with each other or having a close relationship does not negate the corporate form. *See EBG Holdings LLC v. Vredezicht's Gravenhage 109 B.V.*, 2008 WL 4057745, at *13 (Del. Ch. Sept. 2, 2008).

---

[1] Defined terms have the meaning set forth in the Sino Global Defendants' Motion to Dismiss the Amended Administrative Class Action Complaint for Insufficient Service of Process (ECF No. 816) and/or the accompanying Declaration of Matthew Graham (ECF No. 816-1, the "Graham Decl.").

<u>Second</u>, Plaintiffs have not even properly served SG Capital Management. Plaintiffs claim that they served SG Capital Management's registered agent in Delaware, but that was a <u>previous</u> complaint without SG Capital Management as a defendant. Opp. at 2 (citing ECF No. 497-1). Plaintiffs defend the attempt to serve the AC on an individual named Molly Walsh who worked for a co-working space where SG Capital Management rented a hot desk, claiming that service is allowed on "any employee" at the principal place of business (even though Ms. Walsh is not an employee). Opp. at 2 (citing Fla. Stat. § 48.081(3)(a)). That statute is inapplicable because it only applies to domestic corporations or registered foreign corporations; SG Capital Management is neither. Even worse, Plaintiffs quote a <u>previous</u> version of the statute; the current version does not include the "any employee" language. *See McGlynn v. El Sol Media Network Inc.*, 2023 U.S. Dist. LEXIS 194608, at *3 (S.D. Fla. Oct. 31, 2023) (noting the change). Fla. Stat. § 48.031(6)(a), also cited by Plaintiffs, allows substituted service to the "person in charge" and "only if the process server determines that the person to be served maintains a mailbox, a virtual office, or an executive office or mini suite at that location." The process server did not fulfill those requirements and Ms. Walsh is not the "person in charge" – she is not even an employee of SG Capital Management, Graham Decl. ¶ 14. Plaintiffs' supposition that they can serve anybody they find at the co-working space is absurd. Plaintiffs' argument that substituted service on a foreign corporation can be made upon any agent transacting business for it in Florida also falls flat because Plaintiffs fail to establish that SG Capital Management is an agent, much less that it transacts business for the Sino Global Defendants in Florida. Plaintiffs also defend their prior misguided attempt to serve SG Capital Limited with a prior complaint (not the AC) via the parents of a Sino Global attorney at their home address, but there is no obligation for family members to accept service.

The Sino Global Defendants have not attempted to avoid service, as Plaintiffs contend. Opp. at 1. Plaintiffs merely refuse to properly serve legally distinct entities as the law requires.

## **CONCLUSION**

The AC should be dismissed for insufficient service of process.

Dated: April 11, 2025

                                                                      */s/ Jason P. Gottlieb*
Jason P. Gottlieb
Michael Mix
Vani Upadhyaya
MORRISON COHEN LLP
909 Third Avenue
New York, New York 10022
Telephone: (212) 735-8600
Email: jgottlieb@morrisoncohen.com
       mmix@morrisoncohen.com
       vupadhyaya@morrisoncohen.com

*Counsel for Defendants Sino Global Capital Limited, Sino Global Capital Management LLC, Liquid Value Offshore Feeder Fund I LP, Liquid Value GP Limited, and Liquid Value Fund GP Ltd.*

**CERTIFICATE OF SERVICE**

I hereby certify that on this 11th day of April, 2025, I e-filed a true and correct copy of the foregoing document using the Court's CM/ECF system, which will send a notice of electronic filing to all counsel of record.

*/s/ Jason P. Gottlieb*
Jason P. Gottlieb