IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA, MIAMI DIVISION
Case No. 1:23-md-03076-KMM

IN RE:

**FTX Cryptocurrency Exchange Collapse Litigation**

THIS DOCUMENT RELATES TO:

*O'Keefe* v. *Sequoia Capital Operations, LLC, et al.*, No. 23-cv-20700 (S.D. Fla.)

*O'Keefe* v. *Temasek Holdings (Private) Limited, et al.*, Case No. 1:23-cv-23065 (S.D. Fla.)

*Chernyavsky, et al.* v. *Temasek Holdings (Private) Limited, et al.*, Case No. 1:23-cv-22960 (S.D. Fla.)

*Cabo, et al.* v. *Temasek Holdings (Private) Limited, et al.*, Case No. 3:23-cv-23212 (S.D. Fla.)

**TEMASEK HOLDINGS (PRIVATE) LIMITED, TEMASEK INTERNATIONAL PTE. LTD., ARTZ FUND INVESTMENTS PTE. LTD., AND BLAKISTON INVESTMENTS PTE. LTD.'S REPLY IN FURTHER SUPPORT OF THEIR MOTION TO DISMISS THE AMENDED ADMINISTRATIVE CLASS ACTION COMPLAINT FOR <u>INSUFFICIENT SERVICE OF PROCESS</u>**

"Service of process is a jurisdictional requirement: a court lacks jurisdiction over the person of a defendant when that defendant has not been served." *Pouyeh* v. *Pub. Health Tr. of Jackson Health Sys.*, 718 F. App'x 786, 790 (11th Cir. 2017) (quotation omitted). Further, "a plaintiff's complaint may be dismissed upon a showing that she failed to exercise diligence in attempting to effectuate service on a foreign defendant." *Harris* v. *Orange S.A.*, 636 F. App'x 476, 486 (11th Cir. 2015). These basic principles counsel in favor of dismissal here, and Plaintiffs' attempts to justify their lack of diligence in serving Temasek Holdings, Temasek International, Artz, and Blakiston (the "Moving Temasek Defendants") only underscore why dismissal is appropriate.

Plaintiffs first filed suit against Temasek Holdings in February 2023, and they do not claim to have initiated service as to Temasek Holdings until **December 2024**. (*See* ECF No. 868-1 ¶ 2.) A delay of more than 21 months does not constitute diligence and warrants dismissal. *See, e.g.*, *Harris*, 636 F. App'x at 486 (finding no abuse of discretion where district court dismissed claims against foreign defendants after plaintiff failed to properly serve them for roughly 9 months); *Rudnikas* v. *Gonzalez*, 2024 WL 4635536, at *5 (S.D. Fla. Sept. 6, 2024) (recommending dismissal when service had not been effectuated for one year and five months, and that plaintiff's request for additional time to serve be denied). And while Plaintiffs point to their filing of a motion for alternate service a month and a half after they filed their MDL complaint (and seven months after they first sued Temasek Holdings), Opp'n at 2; (ECF No. 280), and another one on the deadline for Defendants' latest round of motions to dismiss (ECF No. 811), such motions should be granted only where plaintiffs <u>first</u> make reasonable attempts at proper service, and nevertheless are unable to effectuate it. (ECF No. 833 at 5–6.) Here, no such attempt was made until December 2024.

Plaintiffs cling to the fact that prior counsel for Temasek Holdings at one point offered to waive service of process, but that was *before* Plaintiffs improperly split their claims and pursued identical claims against the same defendants in multiple jurisdictions in a misguided attempt to avoid dismissal for lack of personal jurisdiction. (ECF No. 815 at 3 n.3.) Nor were Plaintiffs diligent when they failed to follow up on their request for waiver for months. *See Lepone-Dempsey* v. *Carroll Cnty. Comm'rs*, 476 F.3d 1277, 1281–82 (11th Cir. 2007); (ECF No. 815 at 3 n.3). As

1

to the remaining Moving Temasek Defendants, Plaintiffs now have initiated process through proper means, and there is no reason to excuse Plaintiffs from their obligation to see it through. But, as of yet, Plaintiffs have failed to effect service on any of the Moving Temasek Defendants.

Additionally, Plaintiffs' claims that they have served Temasek Holdings by serving its domestic subsidiary, Temasek International (USA) LLC, should be rejected. "[T]o justify service on a defendant via its subsidiary, a plaintiff must show that the parent corporation exercised such a degree of control over its subsidiary that the activities of the subsidiary were in fact the activities of the parent within the state." *See CHT Holdings, LLC* v. *Telefonica Int'l Wholesale Servs. Am., S.A.*, 2022 WL 3681992, at *3 (S.D. Fla. July 6, 2022) (internal quotations and citation omitted). Here, Plaintiffs' claims that Temasek USA should be treated as the alter ego of Temasek Holdings should be rejected, as Plaintiffs come nowhere close to making the stringent showing needed to disregard the corporate form. (*See* ECF No. 817 at 6, 13–14, 17–18.) Plaintiffs might theorize about how Temasek USA should be treated as an agent of a foreign state if it were not, in fact, incorporated in Delaware, *see* Opp'n at 1, but the reality is that Temasek USA is in fact a Delaware corporation with its own independent operations. (*See* ECF No. 817-2 ¶¶ 3, 5–9.)

Finally, Plaintiffs' argument that the Moving Temasek Defendants have notice of this lawsuit, Opp'n at 3, is legally irrelevant. "[S]ervice of process that is not in 'substantial compliance' with the requirements of the Federal Rules is ineffective to confer personal jurisdiction over the defendant, even when a defendant has actual notice of the filing of the suit." *Abele* v. *City of Brooksville, Fla.*, 273 F. App'x 809, 811 (11th Cir. 2008). Plaintiffs' accusation that the Temasek Defendants are playing some "procedural game" in defending their due process rights, Opp'n at 3, rings hollow when it is Plaintiffs who seek to drag foreign defendants into this Court without so much as complying with their basic obligations under the Federal Rules.

Plaintiffs should not be rewarded for their lack of diligence in failing to pursue proper service. The Court should dismiss the Complaint against Temasek Holdings, Temasek International, Artz, and Blakiston under Rule 12(b)(5).

Dated:  April 11, 2025                                  Respectfully submitted,

FRIDMAN FELS & SOTO, PLLC
By: */s/ Adam S Fels*
Adam S. Fels (Fla. Bar No. 0114917)
150 Alhambra Circle
Suite 715
Coral Gables, FL 33134
Telephone: (305) 569-7701
Email: afels@ffslawfirm.com

- and

Brad S. Karp
Andrew J. Ehrlich
Nina M. Kovalenko
PAUL, WEISS, RIFKIND, WHARTON & GARRISON LLP
1285 Avenue of the Americas
New York, NY 10019
Telephone: (212) 373-3000
Facsimile: (212) 757-3990
Email: bkarp@paulweiss.com
       aehrlich@paulweiss.com
       nkovalenko@paulweiss.com

*Counsel for Defendants Temasek Holdings (Private) Ltd., Temasek International (USA) LLC, Temasek International Pte. Ltd., Artz Fund Investments Pte. Ltd., and Blakiston Investments Pte. Ltd.*

## CERTIFICATE OF SERVICE

    I hereby certify that on this 11th day of April 2025, I e-filed the foregoing document using the Court's CM/ECF system, which will send a notice of electronic filing to all counsel of record.

<u>/s/ Adam S. Fels</u><br>
Adam S. Fels