**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

Case No. 1:23-md-3076-KMM

In RE

FTX CRYPTOCURRENCY EXCHANGE
COLLAPSE LITIGATION
                                                                    /

**ORDER**

THIS CAUSE came before the Court upon Plaintiffs' Request for Status Conference and Notice of Proposed Agenda. ("Motion" or "Mot.") (ECF No. 896). Therein, Plaintiffs submit that a Status Conference will assist them in preparing their Amended Complaint, currently due on or before May 28, 2025. *See generally id.* Plaintiffs request guidance from the Court on the following issues: (1) discovery; (2) other named FTX celebrity promoters; (3) protective order/hearings; and (4) a new Case Management Order ("CMO"). *Id.* at 1–3. The Court addresses each issue in turn.

First, as to discovery, Plaintiffs request guidance from the Court regarding whether the discovery stay "has now been lifted, specifically as to [the] Celebrity Defendants subject to the Court's May 7th Order[.]" Mot. at 2. Plaintiffs state that they "would like to serve narrow discovery upon these FTX Defendants regarding these approved legal claims." *Id.*

On May 7, 2025, the Court entered an Order (the "May 7 Order") granting in part and denying in part the Celebrity and Youtuber Defendants' (collectively, the "Promoter Defendants") Motions to Dismiss (ECF Nos. 265, 271).[1] (ECF No. 890). The Court dismissed without prejudice Counts 2-12, and 14 of the Corrected Administrative Class Action Complaint ("CAC") (ECF No. 179) and let Count 1, the Florida Securities Act, Fla. Stat. § 517.07 claim, and Count 13, the Oklahoma Securities Act 71 O.S. § 1–301 claim, proceed. *See generally id.* Additionally, the Court granted Plaintiffs

---

[1] Additionally, several of the Promoter Defendants filed supplemental Motions to Dismiss, *see* (ECF Nos. 270, 272, 273, 274, 277, 278, 279), which the Court also addressed in the May 7 Order.

leave to file an Amended Complaint on or before May 28, 2025. *Id.* at 48–49. Now Plaintiffs want to serve "narrow discovery" upon the Promoter Defendants regarding Counts 1 and 13. Mot. at 2.

As to this request, the Court hereby directs Plaintiffs to file a motion (hereinafter, the "Discovery Motion") addressing this request. The Discovery Motion should also include Plaintiffs' related discovery request as to the additional "FTX celebrity promoter" Defendants, as discussed in more detail below. Once the Court is fully briefed on the Discovery Motion, the Court will issue an Order accordingly. The Court provides a briefing schedule at the end of this Order.

Second, as to the other named FTX celebrity promoters, Plaintiffs state that "[a]dditional Promoter Complaints [ECF Nos 561, 570, 602, 607, 693], and Defendants Wasserman Media group's and Dentsu McGarry Bowen's Joint Motion to Dismiss, [ECF No. 506], were stayed pending the Court's ruling on the Celebrity Promoter's Motion to Dismiss." Mot. at 2. As such, Plaintiffs request guidance from the Court on whether: (1) "those additional Celebrity and Promoter Defendants should and could be joined into the Amended Complaint, currently due May 28, 2025"; and (2) "discovery may proceed against those additional Celebrity and Promoter FTX Defendants, given MDL Plaintiffs assert substantially similar causes of action against them, including the Florida Securities Claim." *Id.*

Regarding the "[a]dditional Promoter Complaints," the Court previously stayed actions against four groups of Defendants pending a ruling on the Promoter Defendants' Motion to Dismiss (ECF No. 271). *See* (ECF Nos. 676, 677, 678, 704). The four groups of Defendants whose actions were stayed are: (1) Defendants Furia Esports LLC, FuriaGG, Corp., Furia Experience LLC, and Lincoln Holdings LLC d/b/a Monumental Sports & Entertainment (collectively, "Furia and Monumental Defendants"); (2) Defendants Riot Games, Inc. and North America League of Legends Championship Series LLC (collectively, "Riot Defendants"); (3) Defendants the Office of the Commissioner of Baseball d/b/a Major League Baseball, Major League Baseball Properties, Inc., MLB Advanced Media, L.P., the MLB Network, LLC, and MLB Players, Inc. (collectively, "MLB

Defendants"); and (4) Defendant Mercedes-Benz Grand Prix Limited ("Mercedes F1"). *See* (ECF Nos. 676, 677, 678, 704). In the Court's Paperless Orders staying these actions, the Court directed the Parties to "provide a proposed schedule for" the Defendants' respective responses to their respective Complaints "within 14 days of a ruling" on the Promoter Defendants' Motion to Dismiss (ECF No. 271). *See* (ECF Nos. 676, 677, 678, 704).

Now that the Parties have the benefit of the Court's May 7 Order, and since the various complaints against these respective Defendants are substantially similar to the CAC, Plaintiffs are hereby directed to join the Furia and Monumental Defendants, Riot Defendants, MLB Defendants, and Mercedes F1 in their forthcoming Amended Complaint.

Next, the Court addresses Defendants Wasserman Media Group, LLC and Dentsu McGarry Bowen, LLC (collectively, "Defendants Wasserman and Dentsu"). Defendants Wasserman and Dentsu filed a Joint Motion to Dismiss the Class Action Complaint filed in *Orr et al v. Wasserman Media Group, LLC et al*, *see* Case No. 1:23-cv-24478-KMM (ECF No. 1), which action has since been stayed while its claims proceed under the MDL. (ECF No. 506). The causes of action asserted in the Class Action Complaint filed against Defendants Wasserman and Dentsu and the arguments raised in Defendants Wasserman and Dentsu's Joint Motion to Dismiss are substantially similar to the causes of action asserted in the CAC and the arguments raised in the Promoter Defendants' Motions to Dismiss. Accordingly, the Court denies Defendants Wasserman and Dentsu's Joint Motion to Dismiss (ECF No. 506) without prejudice. Plaintiffs are hereby directed to join Defendants Wasserman and Dentsu in their forthcoming Amended Complaint.

Lastly, regarding discovery as to the Furia and Monumental Defendants, Riot Defendants, MLB Defendants, Mercedes F1, and Defendants Wasserman and Dentsu, Plaintiffs ask whether discovery may also proceed against these Defendants, "given MDL Plaintiffs assert substantially similar causes of action against them[.]" Mot. at 2. As previously stated, the Court directs Plaintiffs

3

to include their arguments as to why discovery should proceed against these Defendants in the abovementioned Discovery Motion.

Third, regarding protective orders and hearings, Plaintiffs request that the Court (1) enter a Uniform Protective Order and (2) conduct monthly update hearings, either with United States Magistrate Judge Eduardo I. Sanchez or with this Court. Mot. at 3. Regarding the Uniform Protective Order, the Parties are hereby directed to provide the Court with a proposed Joint Uniform Protective Order. The proposed Order should identify any differences that the Parties are unable to resolve. Thereafter, the Court will address entering a Uniform Protective Order accordingly and will hold a hearing if necessary. Regarding the request for monthly hearings, the Court denies the request at this juncture. Plaintiffs may reraise this request in the future.

Fourth, regarding a new CMO, Plaintiffs suggest entry of "an amended CMO, dealing with Discovery, Motion for Class Certification, Protective Order and Expert Reports." *Id.* at 3. The Court hereby directs the Parties to provide the Court with a proposed Joint Amended CMO. The proposed Order should identify any differences that the Parties are unable to resolve. Thereafter, the Court will address entering an Amended CMO accordingly and will hold a hearing if necessary.

Accordingly, UPON CONSIDERATION of the Motion, the pertinent portions of the record, and being otherwise fully advised in the premises, it is hereby ORDERED AND ADJUDGED that Plaintiffs' Request for Status Conference (ECF No. 896) is DENIED WITHOUT PREJUDICE. If Plaintiffs have outstanding issues not resolved by the instant Order, Plaintiffs may again request a status conference and provide an updated proposed agenda that sets forth the remaining issues. As set forth in this Order, Plaintiffs are instructed to add the stayed Defendants, the Furia and Monumental Defendants, Riot Defendants, MLB Defendants, Mercedes F1, and Defendants Wasserman and Dentsu, to their forthcoming Amended Complaint, currently due on or before May 28, 2025. Plaintiffs may move for an extension of time to file their Amended Complaint.

Defendants Wasserman and Dentsu's Joint Motion to Dismiss (ECF No. 506) is DENIED WITHOUT PREJUDICE. Defendants Wasserman and Dentsu may reraise any relevant arguments in response to Plaintiffs' forthcoming Amended Complaint. Further, Plaintiffs are directed to file a Discovery Motion addressing their aforementioned discovery requests on or before June 2, 2025. Defendants shall respond to the Discovery Motion on or before June 16, 2025, and Plaintiffs shall file a reply on or before June 23, 2025. Additionally, the Parties shall provide the Court with a proposed Joint Uniform Protective Order and proposed Joint Amended CMO, for the Court's consideration.

DONE AND ORDERED in Chambers at Miami, Florida, this 19th day of May, 2025.

K. MICHAEL MOORE  
UNITED STATES DISTRICT JUDGE

cc: All counsel of record