UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF
FLORIDA MIAMI DIVISION
MDL No. 3076
Case No. 1:23-md-03076-KMM

**IN RE:**
FTX Cryptocurrency Exchange Collapse Litigation

THIS DOCUMENT RELATES TO:

Bank Defendants

*O'Keefe v. Sequoia Capital Operations, LLC, et al.*, S.D. Fla. Case No. 1:23-cv-20700

*O'Keefe v. Farmington State Bank d/b/a Moonstone Bank, et al.*, E.D. Wa. Case No. 2:23-cv-00213-TOR

/

**PLAINTIFFS' NOTICE OF FILING SUPPLEMENTAL AUTHORITY IN SUPPORT OF PLAINTIFFS' RESPONSES IN OPPOSITION TO DEFENDANTS' MOTIONS TO DISMISS [ECF No. 349, 350, 354, 358, 361, 362, 368, 369, 370, 371, 372, 543]**

Plaintiffs submit, as supplemental authority in support of their Responses in Opposition [ECF No. 349, 350, 354, 358, 361, 362, 368, 369, 370, 371, 372, 543] to Defendants' Motions to Dismiss the Complaint [ECF No. 262, 265, 271, 276, 281, 283, 301, 302, 303, 311, 499], and in follow up on Plaintiffs' Notices of Filing Supplemental Authority filed in this action on March 14, 2024 [ECF No. 535], March 21, 2024 [ECF No. 552], March 27, 2024 [ECF No. 559], May 29, 2024 [ECF No. 691], and August 16, 2024 [ECF No. 422] the recent order by the Honorable William H. Orrick of the Northern District of California in *SEC v. Payward, Inc., et al.*, 23-cv-06003-WHO denying defendant Kraken's motion to dismiss the SEC's complaint, ECF No. 90 (S.D. Fla. Aug. 23, 2024), attached as **Exhibit A** ("Motion to Dismiss Order").

In SEC v. Payward, Inc., Judge Orrick found that the SEC plausibly alleged Kraken offered or sold crypto assets on Kraken as investment contracts, which were therefore plausibly alleged to be unregistered securities. Motion to Dismiss Order at 27. In doing so, the court rejected, as other courts have, Kraken's argument that an investment contract requires "post-sale obligations" from the issuer to the purchaser who bought the token on a secondary marketplace, like Kraken. *Id.* at 13. The court was clear that investment contracts are not limited to actual contracts and that the *Howey* test applies regardless of whether that transaction is on a primary or secondary market. *Id.* at 16-18. Additionally,

1

Judge Orrick agreed with previous courts, including Judge Rakoff in *Terraform*, that there is a distinction between the digital assets themselves and the offers to sell them. *Id.* at 14. Further, the court found the SEC to have plausibly alleged vertical commonality, and thus common enterprise, because the promoters of some crypto assets on Kraken allegedly retain ownership or control over billions of the tokens they promote. *Id.* at 23.

Dated: May 21, 2025,                                                               Respectfully submitted,

**By:** */s/ Adam Moskowitz*
Adam M. Moskowitz
Florida Bar No. 984280
Joseph M. Kaye
Florida Bar No. 117520
**THE MOSKOWITZ LAW FIRM, PLLC**
Continental Plaza
3250 Mary Street, Suite 202
Coconut Grove, FL 33133
Office: (305) 740-1423
adam@moskowitz-law.com
joseph@moskowitz-law.com

*Co-Lead Counsel*

**By:** */s/ David Boies*
David Boies
Alexander Boies
Brooke A. Alexander
**BOIES SCHILLER FLEXNER LLP**
333 Main Street
Armonk, NY 10504
914-749-8200
dboies@bsfllp.com
aboies@bsfllp.com
balexander@bsfllp.com

*Co-Lead Counsel*

James R. Swanson, La. Bar No. 18455
Kerry J. Miller, La. Bar. No. 24562
Molly L. Wells, La. Bar. No. 36721
C. Hogan Paschal, La. Bar No. 38495
**FISHMAN HAYGOOD L.L.P.**
201 St. Charles Avenue, 46th Floor
New Orleans, Louisiana 70170-4600
(504) 586-5252; (504) 586-5250 fax
jswanson@fishmanhaygood.com
kmiller@fishmanhaygood.com
mwells@fishmanhaygood.com
hpaschal@fishmanhaygood.com


Robert Lieff
2925 Sycamore Canyon Road
Santa Barbara, CA 93108
rlieff@lieff.com

*Counsel to Plaintiffs and the Putative Classes*

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the forgoing was filed on May 21, 2025, via the Court's CM/ECF system, which will send notification of such filing to all attorneys of record.

By: */s/ Adam Moskowitz*
Adam Moskowitz