**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

Case No. 1:23-md-3076-KMM

In RE

FTX CRYPTOCURRENCY EXCHANGE
COLLAPSE LITIGATION

_____ /

**ORDER**

THIS CAUSE came before the Court upon Plaintiffs' Motion for Order Authorizing Alternate Service of Process on Defendants. ("Mot.") (ECF No. 811). Therein, Plaintiffs "request an Order under Federal Rule of Civil Procedure 4(f)(3) authorizing alternate service of Defendants Temasek, SoftBank, and Sino Global via email communication to Defendants' counsel."[1] Mot. at 2. Several Defendants filed a Response in Opposition to Plaintiffs' Motion. (ECF Nos. 832–834). Plaintiffs filed a Reply in Support. ("Reply") (ECF No. 834). The Motion is now ripe for review. As set forth below, the Motion is GRANTED.

I.      **LEGAL STANDARD**

Pursuant to Federal Rule of Civil Procedure 4(f)(3), a district court may direct service at a place not within any judicial district of the United States by "other means not prohibited by international agreement, as the court orders." Fed. R. Civ. P. 4(f)(3); *see also Chanel, Inc. v. Liu Zhixian*, Case No. 10-Civ-60585, 2010 WL 1740695, at *2 (S.D. Fla. Apr. 29, 2010). Thus, service under Rule 4(f)(3) is appropriate when alternative service is not prohibited by international agreement and is directed by the court. *See id.* If an international agreement does not preclude the means of services, "[a] court acting under Rule 4(f)(3) . . . remains free to order alternative means

---

[1] Unless otherwise specified, all capitalized terms used herein shall have the meanings given to them in the instant Motion.

of service where a signatory nation has not expressly objected to those means." *Louis Vuitton Malletier, S.A. v. louis- vuittononlines.org*, No. 17-cv-61033, 2017 WL 10741870, at *1 (S.D. Fla. May 31, 2017) (citation omitted).

"[T]he decision to issue an order allowing service by alternate means lies solely within the discretion of the district court." *Chanel, Inc. v. Huan Sheng Lin*, No. 08-23490-CIV, 2009 WL 1034627, at *1 (S.D. Fla. Apr. 16, 2009) (citing *Prewitt Enters., Inc. v. OPEC*, 353 F.3d 916, 921 (11th Cir. 2003)); *see also Rio Props., Inc. v. Rio Int'l. Interlink*, 284 F.3d 1007, 1018 (9th Cir. 2002) ("[W]e leave it to the discretion of the district court to balance the limitations of email service against its benefits in any particular case."). Nonetheless, alternative methods of service must fulfill due process requirements. *Huan Sheng Lin*, 2009 WL 1034627, at *2. Constitutional due process requires only that service of process provide "notice reasonably calculated, under all the circumstances, to apprise interested parties of the pendency of the action and afford them an opportunity to present their objections." *Mullane v. Cent. Hanover Bank & Tr. Co.*, 339 U.S. 306, 314 (1950) (citations omitted).

## II.    DISCUSSION

The Court assumes the Parties familiarity with the background and procedural history. Plaintiffs propose service of process on Defendants via email to Defendants' counsel. Mot. at 2. Plaintiffs further assert that "Defendants are sophisticated, resourced, Internet-based businesses with offices and employees around the globe, and they have had knowledge of and have participated in this litigation for well over a year." *Id.* In addition, Plaintiffs contend that "Defendants continue to refuse to accept or waive service, undoubtedly wasting judicial resources in contravention of both the spirit and letter of the Federal Rules." Mot. at 3. In Response, Defendants argue that Plaintiffs have not properly served or attempted service on them since the

initiation of this action in 2023.  *See* (ECF No. 832 at 5) (Plaintiffs "have made absolutely no attempt to serve SG Capital Limited through the Hague Convention or in the intervening <u>two years</u>."); *see also* (ECF No. 833 at 2) ("Plaintiff failed to obtain an executed waiver of service, and then neglected to press the matter entirely for months."); *see also* (ECF No. 834) ("Plaintiffs have not made reasonable efforts to serve SBG, SBIA, or SBGA.")

As an initial matter, Defendants are "not required to waive formal service if requested[.]" *Fitzpatrick v. Bank of New York Mellon*, 580 F. App'x 690, 694 (11th Cir. 2014).  Nevertheless, while Plaintiffs have attempted serving Defendants, those efforts have been frustrated for several reasons, including the complex corporate structure of certain Defendants and difficulty ascertaining which individuals are authorized to accept service on Defendants behalf.  *See* (ECF Nos. 542, 828–829); *see also* (ECF No. 816-1 ¶ 3) ("On January 31, 2024 Plaintiffs' process server attempted to serve SG Capital Limited . . . through CSC, the Delaware registered agent for SG Capital Management."); *see also* (ECF No. 816-1 ¶ 12) ("On December 13, 2024, Plaintiffs filed a Proof of Service purporting that on November 25, 2024, a process server working for Plaintiffs served LV Offshore, c/o SG Capital Management, by delivering documents to an individual named Molly Walsh at 1111 Brickell Avenue, Miami, FL 33131."); (ECF No. 817-1 ¶ 2) ("Temasek International has a service agreement with its non-party corporate parent, Temasek Pte. Ltd., which in turn procures Temasek International's services to provide to Temasek Holdings."); (ECF No. 327) ("Temasek International (USA) LLC, a limited liability company incorporated in Delaware, is an indirect, wholly owned subsidiary of Temasek Global Pte. Ltd."); (ECF No. 868-1 ¶ 2) ("On December 5, 2024, my office contacted DGR International to initiate the process for service of process of, inter alia, Temasek Holdings (Private) Limited, Temasek International Pte. Ltd., Artz Fund Investments Pte. Ltd., and Blakiston Investments Pte. Ltd. By January 10, we completed the

requisite paperwork and fees, and DGR proceeded with contacting the Singapore Central Authority.  Most recently, when my office requested an update, we were advised by email and by telephone that effectuation may take four to six more months.").  Considering these difficulties, the Court finds good cause to permit alternative service of process on Defendants.  Thus, the Court turns to whether service via email to Defendants' counsel is (1) prohibited by international agreement, and (2) reasonably calculated to give notice to the Defendant.

    A.  <u>The Proposed Methods of Alternative Service Are Not Prohibited by International Agreement</u>

The Hague Convention on the Service Abroad of Extra-Judicial Documents in Civil and Commercial Matters (the "Hague Convention") is applicable here because "Japan, Singapore, the United Kingdom, and Hong Kong/China are all signatories to the Hague Convention, which does not specifically preclude service by e-mail or by publication."  Mot. at 10.  As an initial matter, the Hague Convention does not explicitly prohibit service via email.  *See id*.; *World Media All. Label, Inc. v. OOO "Izdatelstvo Jam,"* No. 20-CV-21626, 2020 WL 6781523, at *1 (S.D. Fla. June 4, 2020).  Accordingly, the Court turns to whether Singapore, Japan, the United Kingdom, or Hong Kong/China have objected to service via email.

"Where a signatory nation has not expressly objected" to alternative means of service, a court acting under Rule 4(f) may order such means.  *Karsten Mfg. Corp. v. Store*, No. 18-61624-CIV, 2018 WL 8060707, at *1 (S.D. Fla. July 26, 2018).  This Court has determined that an objection to Article 10 of the Hague Convention, i.e., an objection to service through "postal channels," does not equate to an express objection to service via electronic mail.  *See Stat Med. Devices, Inc. v. HTL-Strefa, Inc.*, No. 15-20590-CIV, 2015 WL 5320947, at *3 (S.D. Fla. Sept. 14, 2015).  Here, the proposed forms of alternative service are not prohibited by the Hague

Convention.   Accordingly, the Court finds that service via email is not prohibited by any international agreement and authorizes Plaintiffs to serve Defendants via the requested methods.

   B. Service on Defendant by Email Comports with Due Process Requirements

Courts in this District have authorized service via email pursuant to Rule 4(f)(3). *See, e.g., Louis Vuitton Malletier v. aaalvshop.com*, 2019 WL 7911372, at *2 (S.D. Fla. Aug. 13, 2019) (authorizing service via email and website publication where plaintiff attempted service by other means and plaintiffs provided evidence that defendants conducted business over the internet, used email regularly in their businesses, and that defendants could likely be reached at the publicly identified email addresses); *CFTC v. Aliaga*, 272 F.R.D. 617, 620–21 (S.D. Fla. 2011) (authorizing service via email and local counsel where plaintiff attempted service by other means and confirmed defendant's email address).   Specifically, Courts have allowed service by email where it is the "most likely method to reach defendants."   *Liu Zhixian*, 2010 WL 1740695, at *3 (collecting cases).   In this instance, service via email, where Defendants attorneys are registered CMECF users, will undoubtedly "reach defendants."   *Id.*; *see also* Mot. at 12 (citing *Rio Props., Inc. v. Rio Int'l Interlink*, 284 F.3d 1007, 1015 (9th Cir. 2002)) ("Federal courts have repeatedly authorized alternative service methods, including service by e-mail on a party or a party's attorney, where a plaintiff demonstrates the likelihood that the proposed alternative method of service will notify a defendant of the pendency of the action.").   Moreover, Defendants concede that they have had notice of this action and have participated in the litigation pending before this Court as early as 2023. *See* (ECF Nos. 832–834); *see also* (ECF No. 832) (quoting *Int'l Designs Corp. v. Qingdao SeaForest Hair Prod. Co.*, 2018 WL 2364297, at *3 (S.D. Fla. Jan. 4, 2018)) ("It is in the Court's 'sound discretion to determine when the particularities and necessities of a given case require alternate service of process under Rule 4(f)(3).'"); *see also* Mot. at 12 (quoting *Fru Veg Mktg.,*

*Inc. v. Vegfruitworld Corp.*, 896 F. Supp. 2d 1175, 1182–83 (S.D. Fla. 2012)) ("[C]ourts around the country have found that, in order to prevent delays in litigation, service upon foreign defendants through counsel is appropriate.").

**III.    CONCLUSION**

UPON CONSIDERATION of the Motion, this Court finds that service on Defendants counsel via email, as outlined in Plaintiff's Motion, is appropriate.  For the foregoing reasons, it is hereby ORDERED AND ADJUDGED that Plaintiff's Motion for Order Authorizing Alternate Service of Process on Defendants (ECF No. 811) is GRANTED.  It is further ORDERED AND ADJUDGED that Defendants Temasek Holdings, Temasek International, Artz, and Blakiston's Motion to Dismiss for Insufficient Service of Process (ECF No. 815) and Defendants Sino Global Capital Limited, Sino Global Capital Management LLC, Liquid Value Offshore Feeder Fund I LP, Liquid Value GP Limited, and Liquid Value Fund GP Ltd.'s Motion to Dismiss for Insufficient Service of Process (ECF No. 816) are DENIED AS MOOT.  Plaintiff shall serve the Summons, Complaint, and all other future filings in this matter via email service as outlined in Plaintiff's Motion.

DONE AND ORDERED in Chambers at Miami, Florida, this  23rd  day of May 2025.

K. MICHAEL MOORE
UNITED STATES DISTRICT JUDGE

c:       All counsel of record

6