UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

MDL NO. 3076

CASE NO. 1:23-MD-03076-KMM

IN RE:

FTX Cryptocurrency Exchange Collapse Litigation

THIS DOCUMENT RELATES TO:

**PROMOTERS AND DIGITAL CREATORS**

**MDL PLAINTIFFS' MOTION TO LIFT DISCOVERY STAY, ENTER PROTECTIVE ORDER, AND ADOPT PROPOSED CASE MANAGEMENT SCHEDULE**

In accordance with the Court's May 19, 2025 Order, [ECF No. 900], Plaintiffs respectfully request the Court: (1) lift the stay of all discovery in the "Promoters and Digital Creators Track"; (2) enter Plaintiffs' proposed Uniform Protective Order **(Exhibit A)**; and (3) adopt Plaintiffs' proposed Case Management Schedule for the Promoter Track **(Exhibit C)**. After over two years of litigation, and numerous discussions and meetings, entry of these two administrative tools will help advance this multidistrict litigation ("MDL").[1]

---

[1] As Plaintiffs anticipated, entry of the Order on the Motions to Dismiss in this Track has already resulted in additional settlements.

1

# INTRODUCTION

This MDL is not new.[2] These specific Promoter Defendants have been on notice of these specific claims for ***over two and a half years*** and have been aware of the risks of this litigation for much longer. These FTX Promoters have been represented for more than two and a half years by many of the largest law firms in the world, and they undoubtedly had ample time to organize and review all of their responsive materials. Discovery from this track of MDL Defendants ***is not burdensome <u>in any manner</u>***.

A. **DISCOVERY SHOULD BE UNSTAYED FOR THIS TRACK**

The remaining FTX Promoters can be divided into two categories for purposes of discovery: (1) the Celebrity Promoters, and (2) the Professional Marketing Promoters.[3]

***First,*** Plaintiffs' counsel has settled with many similar celebrity promoters in this MDL, and in the related *Voyager* and *Binance* class actions, so counsel knows from experience the amount and detail of the responsive material they have in their possession, custody, or control. And it is in all likelihood limited. From this experience, Plaintiffs expect to receive each celebrity's contracts with FTX and with any related agent or agency, any due diligence done prior to or during the term of the agreement, and a limited set of communications related thereto. Where the relationships were more prolonged and more intertwined – such as where a celebrity accepted

---

[2] Multidistrict Litigation (MDL) is a mechanism for efficient handling of mass tort lawsuits by consolidating them in a single court for pretrial proceedings. This approach aims ***to reduce duplication of effort, ensure consistency in rulings, and promote judicial economy.***

[3] Plaintiffs have already obtained certain documents related to this track from the FTX Bankruptcy Estate (some of which were quoted in the sealed version of the First Amended Consolidated Administrative Class Action Complaint, ECF No. 908 (the "FAC")), and anticipate obtaining more in the future.

payment in FTX equity or took a title with the company – the volume of correspondence may grow. Nonetheless, Plaintiffs do not anticipate a burdensome quantity of materials in *any* case.

*Second,* based upon sample contracts counsel has reviewed, the contracts themselves may define the scope of the promotional campaign, the messaging, the channels of distribution and geographic range, the duration of the campaign, and the compensation to be provided. This language itself may directly contradict allegations made by Defendants in seeking to dismiss these actions. For example, some Defendants claim they were not retained by FTX to perform specific "promotions," which are directly contradicted within these FTX contracts. Moreover, these FTX contracts should have simply been initially produced as documents which will be relied upon to state a claim or defense, but no discovery was ever provided. Further, the due diligence conducted by each celebrity or their agents will quickly reveal the extent to which each celebrity was cognizant of the mounting legal challenges (including by the SEC) to the status of cryptocurrency as a security.

*Third,* after over two years of extensive litigation, this Court held that Plaintiffs stated claims against all Celebrity Promoters and thus litigation against them will proceed. *See* ECF No. 890. Specifically, the Court ruled two of Plaintiffs' three securities claims—under Florida and Oklahoma laws—state claims and will proceed. The upcoming motion to dismiss will address only a single revised claim under California law and thus will not be case dispositive. Therefore, there is no practical justification to keep the stay in place. One question for the Court (under California state law) is what level of knowledge each of these FTX Celebrity Defendants had regarding the sale of these FTX unregistered securities. Certainly reviewing these contracts, and any materials these FTX Promoters (and/or their agents and representatives) gathered and reviewed for their own due diligence, will be extremely relevant (although Plaintiffs submit that at this stage they have

3

sufficiently alleged in FAC that these FTX Promoters had the requisite scienter under the California statute).

**Fourth**, as to the Professional Marketing Promoters, Dentsu proudly touts—even today—that they helped create and direct most of the extremely successful, global FTX marketing and promotion campaigns. It would simply be incredulous for Dentsu to argue now that after three years of litigation, they have similarly not already organized and indexed all of their responsive FTX materials. Likewise, Wasserman represented many of the celebrities discussed above and was on notice of these claims long before they were even filed.

Despite over two years of extensive litigation, there are FTX Promoter Defendants who object to just the entry of a uniform protective order to govern discovery and the treatment of documents produced in this MDL (independent of whether any current obligation to produce exists). **Exhibit A.** Plaintiffs respectfully request entry of this Protective Order—substantially identical to the one already entered earlier in this case—and a Scheduling Order, *see* Exhibit C, below, that sets realistic, fair deadlines to organize this litigation as to this Promoter Track.

MDL Plaintiffs' counsel has worked diligently to confer with all Promoter Defendants' counsel to resolve these issues without Court intervention. *See* **Exhibit B**, conferral emails between counsel.[4] As to discovery, Promoter Defendants wholly oppose lifting the stay as to ***any discovery*** until the "pleadings are settled." That is not the law in this District, and they have no justification for requesting such extraordinary relief.

---

[4] The Promoter Defendants appointed Jessica Stebbins-Bina as Liaison Defense Counsel for purposes of streamlining the conferral process for all Promoter Defendants. ***See*** **Ex. B.** As of the time of this filing, the Promoter Defendants have not provided any responses to the draft Protective Order, but Plaintiffs' Counsel will cooperate and consider any changes they may propose.

**B.     THE COURT SHOULD ENTER THE UNIFORM PROTECTIVE ORDER**

As to the Uniform Protective Order, Ex. A, after many weeks of reviewing two simple proposed additions to the order previously entered by Magistrate Judge Sanchez *in this MDL*, [ECF No. 438], Promoter Defendants have not provided any comments, stating that "[w]hile I know your side is eager for comments, there are more than 10 law firms that must separately review the document so it will take a bit." *See* **Ex. B.**

Moreover, given that there are seven (7) tracks in this MDL litigation, and no need for seven different uniform protective orders to govern this litigation, rather than repeat this exercise in futility (expending significant time and resources of all involved, including the Court to the extent that there may be dozens of versions proposed by various counsel), Plaintiffs respectfully request the Court enter the Uniform Protective Order to govern all discovery in this MDL.[5]

**C.     THE COURT SHOULD ENTER THE SCHEDULING ORDER**

Plaintiffs also seek entry of a proposed Scheduling Order, *see* Exhibit C, below, to which Promoter Defendants state their position is that "it is premature in light of the fact that discovery remains stayed," and "it will be more efficient to align on a schedule after the court addresses plaintiffs' forthcoming motion to reopen discovery." *See* **Ex. B**. As such, Promoter Defendants declined to provide *any* proposed revisions to Plaintiffs' proposal, which Plaintiffs respectfully submit for the Court's consideration.

---

[5] The Bank Defendants, various VC Defendants and Promoter Defendants, and the FTX Estate have all already operated under Magistrate Judge Sanchez's prior order by agreement.

**LEGAL ARGUMENT**

**I.      The Court Should Lift the Discovery Stay As It Denied the Motion to Dismiss.**

The Southern District of Florida disfavors discovery stays because "when discovery is delayed or prolonged it can create case management problems which impede the Court's responsibility to expedite discovery and cause unnecessary litigation expenses and problems." *Sunshine Children's Learning Ctr., LLC v. Waste Connections of Florida, Inc.*, No. 21-CV-62123, 2022 WL 59677, at *1–4 (S.D. Fla. Jan. 6, 2022) (quoting *Feldman v. Flood*, 176 F.R.D. 651, 652 (M.D. Fla. 1997)). Courts routinely hold that "[a] request to stay discovery pending a resolution of a motion is rarely appropriate unless resolution of the motion will dispose of the entire case." *HNA LH OD, LLC v. Local House Int'l, Inc.*, No. 21-cv-21022, 2021 WL 2767080, at *3 (S.D. Fla. July 29, 2021) (quoting *McCabe v. Foley*, 233 F.R.D. 683, 685 (M.D. Fla. 2006)).

Here, the Court already ruled that the Florida and Oklahoma securities claims will proceed. ECF No. 890; *see also* ECF No. 900 (directing Plaintiffs to consolidate all Promoter Defendants in one amended complaint because "the various complaints against these respective Defendants are substantially similar to the CAC"). The only claim now subject to challenge is Plaintiffs' new claim under California law. Because the motion to dismiss will not dispose of the case, the stay should be lifted. *See Dukes v. Miami-Dade Cnty.*, No. 05-22665-CIV, 2006 WL 8433221, at *10 (S.D. Fla. Mar. 3, 2006) (Huck, J.) ("Having now ruled on the Motions and determined that Plaintiffs have alleged viable claims against County and Identified Officers, this Court finds that a stay of discovery is not warranted."); *see also Datto v. Fla. Int'l Univ. Bd. of Trs.*, No. 20-cv-20360, 2020 WL 3576195, at *2 (S.D. Fla. July 1, 2020) (declining stay where dismissal was not a foregone conclusion); *Sprint Sols., Inc. v. Cell Xchange, Inc.*, No. 8:14-cv-233-T-27AEP, 2014 WL 4947819, at *2–3 (M.D. Fla. Oct. 1, 2014) (same).

Plaintiffs seek depositions, documents and information limited to relevant information that may lead to the discovery of admissible evidence directly regarding these securities claims pending against each of these Defendants. For example, Plaintiffs would seek to serve the following Three Requests for Production, Two Requests for Admission, and Three Interrogatories and start with one (1) corporate representative deposition:

1. **REQUEST FOR PRODUCTION NO. 1:**
   All contracts or agreements—whether executed, or in draft form, and including all related exhibits, schedules, addenda, and amendments—between any of the FTX entities and (a) any of the promoter defendants, and (b) any other person or entity who promoted, endorsed, or advertised the FTX entities in exchange for any form of compensation, including but not limited to fiat currency, cryptocurrency, services, or other consideration.

2. **REQUEST FOR PRODUCTION NO. 2:**
   All documents reflecting, referring to, or evidencing any payment, transfer of value, or other consideration—whether in fiat currency, cryptocurrency, services, or otherwise—made, promised, contemplated, or attempted by any of the FTX entities to (a) any of the promoter defendants and (b) any other person or entity described in Request for Production No. 1. This includes invoices, payment records, transaction logs, digital wallet transfers, payment schedules, and any records of payments that were planned or proposed but not made.

3. **REQUEST FOR PRODUCTION NO. 3:**
   All documents and communications concerning the promotion, advertising, or public endorsement of the FTX entities by any promoter defendant or other compensated promoter, including but not limited to:

   (a) all communications between any FTX entity and any promoter defendant or other compensated promoter;
   (b) all advertising materials, social media content, posts, videos, or other public-facing media created, published, or disseminated by any promoter defendant or compensated promoter on behalf of the FTX entities;
   (c) all documents reflecting public engagement, viewership metrics, or audience analytics in connection with any content described in (b) or (c);
   (d) all internal communications, memoranda, presentations, analyses, or strategy documents concerning the use, selection, or performance of promoter defendants or other compensated promoters, on behalf of the FTX entities; and
   (e) all documents concerning any and all due diligence, investigations and/or research conducted by you, and/or your agents and/or representatives, including any and all legal representatives, regarding: (1) whether FTX (as a company), any FTX accounts (including interest accounts), the FTT token, or any tokens offered through the FTX Platform, can be considered to be "unregistered securities," and (2) whether any of your

7

requested actions for FTX can be considered to be the promotion of "unregistered securities."[6]

4. **REQUEST FOR ADMISSION NO. 1:**
   Admit You were FTX's agent under Your Agreement.

5. **REQUEST FOR ADMISSION NO. 2:**
   Admit You and/or FTX had a potential financial gain resulting from Your Agreement.

6. **INTERROGATORY NO. 1:**
   Please identify, by (1) name; (2) email; (3) company; (4) and physical address, any and all individuals that had any personal involvement relating to Your FTX Agreement who were provided anything of value (including but not limited to monetary value and/or similar value) including indirectly or for services provided to you.

7. **INTERROGATORY NO. 2:**
   Please identify, by (1) name; (2) email; (3) company; (4) and physical address, any and all individuals that had any personal involvement relating to Your FTX Agreement who performed, and/or assisted in performing, any investigation and/or due diligence of FTX or its security offerings (including YBAs and FTT).

8. **INTERROGATORY NO. 3:**
   Please identify the name of any of Your legal support relating to Your Agreement.

"Ultimately, the proponent of the stay bears the burden of demonstrating its necessity, appropriateness, and reasonableness." *Sunshine Children's Learning Ctr., LLC*, 2022 WL 59677, at *3 (quoting *Ray v. Spirit Airlines, Inc.*, No. 12-61528-CIV, 2012 WL 5471793, at *1 (S.D. Fla. Nov. 9, 2012)).

Even if Defendants could raise concerns about scope or burden, Plaintiffs respectfully submit those issues can and should be addressed on a case-by-case basis by the Magistrate Judge, as he successfully and expeditiously completed all of the compelled FTX jurisdictional discovery. *See Sunshine Children's Learning Ctr., LLC*, 2022 WL 59677, at *4 (S.D. Fla. Jan. 6, 2022) (Bloom, J.) ("Any appropriate motions seeking protection or relief from discovery may be

---

[6] Plaintiffs provide these requests for demonstrative purposes to the Court, in accordance with its Order. ECF No. 900 at 1–2. Plaintiffs reserve the right to serve follow-up requests, or to supplement these requests where necessary.

addressed by the Magistrate Judge.") (quoting *Ray*, 2012 WL 5471793, at *4); *see also S.K.Y. Mgmt. LLC v. Greenshoe, Ltd.*, No. 06-21722-CIV, 2007 WL 201258, at *3 (S.D. Fla. Jan. 24, 2007) ("The denial of the pending motion does not mean, of course, that the Defendant cannot argue for reasonable limitations on the scope of discovery, at least at the beginning stages of the case.... Similarly, if the scope of the discovery requested far exceeds what would be reasonable in a straightforward case like this, then the Court may provide the Defendant with relief."); *Renuen Corp.*, 2015 WL 1138462, at *2 (objectionable discovery requests "may be grounds for a motion for protective order, but not a stay").

MDL Plaintiffs respectfully suggest that continuing to prevent any discovery from the FTX Promoter Defendants would not serve any practical purpose.

## II. The Court Should Enter the Proposed Uniform Protective Order.

Magistrate Judge Sanchez already entered a protective order in this case, which many of the Parties have already been operating under, though it currently states it only applies to certain Promoter Defendants. *See* ECF No. 438. Plaintiffs' proposed Uniform Protective Order (attached as **Exhibit A**) is virtually identical, with simply two additions:

1. A standard claw back provision under Rule 502(d); and
2. A provision allowing the sharing of documents with the FTX Estate—consistent with the Parties' past practice and the Court's prior guidance.[7]

Despite repeated attempts to confer over a two-week period, Defendants declined to provide ***any redlines or counterproposals.*** Some have taken the position that they will not consider ***any*** form of protective order while the stay of discovery remains in place. That is not consistent with the Court's instructions, which specifically ordered:

---

[7] Plaintiffs submit the proposed Protective Order with these two additions in redline.

9

> Regarding the Uniform Protective Order, the Parties are hereby directed to provide the Court with a proposed Joint Uniform Protective Order. The proposed Order should identify any differences that the Parties are unable to resolve. Thereafter, the Court will address entering a Uniform Protective Order accordingly and will hold a hearing if necessary.

ECF No. 900 at 4. There can be no debate that the proposed protective order is routine, fair, and facilitates discovery while safeguarding any and all confidential material. Plaintiffs respectfully submit the Court should enter it to govern discovery in this MDL.

### III. The Court Should Adopt Plaintiffs' Proposed Case Schedule for the Promoter Track.

The Court also directed the Parties to submit a proposed case management order. ECF No. 900. Plaintiffs proposed a schedule (*see* **Exhibit C**) to Defendants, who responded that it is "premature" (over two years into this MDL) to discuss *any schedule* until the Court rules on whether to lift the stay of discovery. Ex. B. Plaintiffs respectfully disagree. Entry of a Case Schedule now will keep the case on track and streamline discovery.

The proposed schedule is built around the already agreed-upon briefing schedule for the motion to dismiss,[8] and includes reasonable deadlines for the remainder of this Track litigation.

### CONCLUSION

For the foregoing reasons, MDL Plaintiffs very respectfully request that the Court:

1. Lift the stay of discovery for the MDL Promoter Track;

2. Enter Plaintiffs' proposed Uniform Protective Order to govern this MDL **(Ex. A);** and

3. Enter an Order adopting Plaintiffs' proposed Case Management Schedule **(Ex. C),** above.

---

[8] As seen in email correspondence, Ex. B, the Parties originally agreed to afford Defendants 45 days to file their motion to dismiss in accordance with Court's Order (ECF No. 216). Defendants later attempted to reverse course to seek a ***6-month*** briefing schedule, to address one count (the California securities claim). MDL Plaintiffs would be glad to brief the motion in accordance with the deadlines afforded by the Federal Rules of Civil Procedure, but will abide by the agreed-upon schedule set forth in their proposed Scheduling Order (if the Court deems that appropriate).

## S.D. FLA. L.R. 7.1 CERTIFICATION

Plaintiffs' Counsel certify that they have conferred with Counsel for Promoter Defendants in a good faith effort to resolve the issues raised in this Motion, and report that Defendants oppose the requested relief.

Dated: June 2, 2025

Respectfully submitted,

By: */s/ Adam Moskowitz*
Adam M. Moskowitz
Florida Bar No. 984280
Joseph M. Kaye
Florida Bar No. 117520
**THE MOSKOWITZ LAW FIRM, PLLC**
Continental Plaza
3250 Mary Street, Suite 202
Coconut Grove, FL 33133
Office: (305) 740-1423
adam@moskowitz-law.com
joseph@moskowitz-law.com
service@moskowitz-law.com

*Co-Lead Counsel*

By: */s/ David Boies*
David Boies
Alexander Boies
Brooke A. Alexander
**BOIES SCHILLER FLEXNER LLP**
333 Main Street
Armonk, NY 10504
914-749-8200
dboies@bsfllp.com
aboies@bsfllp.com
balexander@bsfllp.com

*Co-Lead Counsel*

## CERTIFICATE OF SERVICE

I certify that a true and correct copy of the forgoing was filed on June 2, 2025, via the Court's CM/ECF system, which will send notification of such filing to all attorneys of record.

By: ***/s/ Adam Moskowitz***
Adam Moskowitz