**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**
**MIAMI DIVISION**
MDL No. 3076
Case No. 1:23-md-03076-KMM

**IN RE:**

**FTX Cryptocurrency Exchange Collapse Litigation**

_____

THIS DOCUMENT RELATES TO:

    **PROMOTER     AND     DIGITAL**
    **CREATOR DEFENDANTS**

_____

**PLAINTIFFS' MOTION FOR PRELIMINARY APPROVAL OF SETTLEMENT WITH
DEFENDANT SHAQUILLE O'NEAL AND PROVISIONAL CERTIFICATION OF
<u>PROPOSED SETTLEMENT CLASS</u>**

The FTX collapse—the rapid unravelling of one of the world's biggest scams—is certainly one of recent history's greatest financial disasters. For over two years, Plaintiffs and MDL Counsel have worked tirelessly to efficiently litigate these claims to benefit all FTX Victims. Plaintiffs are proud to announce to the Court the finalization of the settlement of Defendant Shaquille O'Neal ("Settling Defendant"). This proposed Settlement, attached hereto as **Exhibit A**, results from the tremendous efforts of the Parties, with negotiations informed by previous mediations and settlement agreements which were reached in this action. Defendant O'Neal has agreed to provide $1,800,000 in monetary relief in exchange for reaching this early settlement, which amount will be paid within 30 days after the Effective Date of the Settlement.

Proposed Class Representatives therefore request the Court: (1) grant preliminary approval of the Settlement Agreement; (2) grant certification of the proposed Class; (3) appoint Class Representatives under Federal Rule of Civil Procedure 23(c) ("Rule 23") as class representatives; (4) appoint Co-Lead Counsel Adam Moskowitz and David Boies as Co-Lead Class Counsel pursuant to Rules 23(c)(1)(B) and 23(g); (5) approve the proposed plan of notice to the Class pursuant to Rule 23(e); and (6) defer both the review of the content of the class notice and the dissemination of formal notice of Mr. O'Neal's Settlement Agreement to the Class until claims against other non-settling Promoter Defendants have been resolved. A proposed Preliminary Approval Order is attached as **Exhibit B**.

## I.      LITIGATION OVERVIEW

FTX, the cryptocurrency exchange platform (comprised of FTX.US and FTX.com), collapsed in early November 2022 and on November 11, 2022, the FTX Group filed for Chapter 11 bankruptcy protection. Numerous class and individual actions arose from the FTX Group's collapse, beginning on November 15, 2022, when Edwin Garrison filed a class action complaint and demand for jury trial captioned *Edwin Garrison v. Sam Bankman-Fried, et al.,* Case 1:22-cv-

23753, before this Court ("*Garrison*"), asserting, on behalf of himself and a class of similarly-situated individuals, claims against Insider Settling Defendants and others arising from the collapse of the FTX cryptocurrency trading platform. In conjunction with that complaint, chief compliance officer of West Realm Shires Services, Inc. ("FTX.US") and chief regulatory officer of FTX Trading Ltd. ("FTX International"), Daniel Friedberg, provided valuable information regarding FTX's Miami-based office and business operations.

On June 5, 2023, the JPML consolidated for coordinated pretrial proceedings dozens of individual and class actions arising from the collapse of the FTX cryptocurrency trading platform into a multidistrict litigation (MDL) action and transferred the FTX MDL to this Court because "[a] significant portion of FTX's conduct allegedly emanated from this district, where it had its U.S. headquarters before filing for bankruptcy." ECF No. 1. The JPML explained, *id.*:

> These actions present common questions of fact concerning the collapse of the FTX cryptocurrency exchange in November 2022, which allegedly was caused by the conduct of FTX former principals Sam Bankman-Fried, Zixiao "Gary" Wang, and Nishad Singh, and financial improprieties with Alameda Research. All actions allege that FTX executives fraudulently withheld or misrepresented information with respect to customer assets on the FTX platform and that the professional service and investment firms and celebrity promoters who worked with FTX were complicit in or otherwise bear responsibility for the alleged fraud – for example, by concealing FTX's financial problems or promoting FTX products with knowledge or willful blindness of the alleged fraud.

In August 2023, Class Representatives filed interlocking omnibus Consolidated Administrative Class Action Complaints for each of the interrelated FTX Insider, Promoter and Digital Creator, Domestic VC, Multinational VC, Accounting Firm, Law Firm, and Bank Defendant Tracks, on behalf of "all persons or entities … who, within the applicable limitations period, purchased or held legal title and/or beneficial interest in any fiat or cryptocurrency deposited or invested through an FTX Platform, purchased or enrolled in a YBA or purchased FTT." The Consolidated Administrative Class Action Complaints share core allegations relating to the FTX cryptocurrency exchange, YBAs, FTT, and the underlying FTX fraud, asserting that

defendants from every track aided, abetted, or otherwise participated in a central conspiracy to promote unregistered securities and to misappropriate customer funds on the FTX cryptocurrency exchange.

MDL Defendants moved to dismiss pursuant to Rule 12(b)(6), and certain defendants moved pursuant to Rule 12(b)(2) for dismissal of the Consolidated Administrative Class Action Complaints for lack of personal jurisdiction in Florida and elsewhere and Rule 12(b)(5) for insufficient service of process. Defendant O'Neal filed his own individual Motion to Dismiss [ECF 275] in addition to joining in the Celebrity Defendants' omnibus Motion to Dismiss for Failure to State a Claim [ECF 271].

Over the following year, Class Counsel engaged with counsel for Defendant O'Neal to discuss amicable settlement while the Motions to Dismiss were still pending and to reach an arm's-length settlement during the period of uncertainty before the Court ruled on the Motion to Dismiss. On November 18, 2024, Class Representatives announced to the Court that they had reached a full settlement with Defendant O'Neal. ECF 780. Class Counsel and counsel for Defendant O'Neal then worked diligently to finalize the Settlement and accompanying Proposed Order, and the Settlement Agreement was completed on April 1, 2025.

Additionally, on May 7, 2025 after this Settlement's finalization, the Court released its Order on the Celebrity and Youtuber Motions to Dismiss and accompanying individual motions. [ECF 890]. The Order allowed the Plaintiffs to proceed on their Florida Securities Act claims and their Oklahoma Securities Act claims, and granted leave to amend for the remaining claims.

## II.    Settlement Consideration

In consideration for full and final settlement of the claims asserted against Settling Defendant in the FTX MDL and in consideration of the Releases set forth therein, Settling

Defendant will contribute to a common fund $1,800,000.00 to fund the class settlement in exchange for release of the claims against him. *See* Ex. A ¶ 8.

## III.    Settlement Class Certification

The Settlement requires conditional certification of the Class pursuant to Federal Rule of Civil Procedure 23(b)(3). Parties agree that for Settlement purposes only and pursuant to the terms of the Settlement, the Class Representatives will serve as class representative plaintiffs and Adam Moskowitz of The Moskowitz Law Firm, PLLC and David Boies of Boies Schiller Flexner LLP will serve as Co-Lead Class Counsel pursuant to Federal Rule of Civil Procedure 23(c). The Settlement is conditional on the Court's approval thereof. In the event the Court does not approve all terms of the Settlement, then certification of the Class will be voided as to such Settlement, and all orders entered in connection therewith, including but not limited to any order conditionally certifying the Class, will be voided. Ex. A ¶ 6.

### A.    The Settlement Class

The Settlement Class is "All persons or entities who, from May 1, 2019 to the date on which the Court orders dissemination of notice to the Class, purchased or held legal title to and/or beneficial interest in any fiat or cryptocurrency deposited or invested through an FTX Platform, purchased, or enrolled in a YBA, or purchased FTT. Excluded from the Class are the MDL Defendants and their officers, directors, affiliates, legal representatives, and employees, the FTX Group and their officers, directors, affiliates, legal representatives, and employees, any governmental entities, any judge, justice, or judicial officer presiding over this matter and the members of their immediate families and judicial staff. To the extent not otherwise included in the Class, Class Members include customers of the FTX Group who deposited cash and digital assets at either or both the FTX Group's U.S.-based and non-U.S.-based trading platforms and have been

unable to withdraw, use, or access the billions of dollars in assets that were contractually required to be held safely in accounts on their behalf."  Ex. A ¶ 10.

### B.       General Release of Claims

In exchange for the consideration being provided by the Settling Defendant, the Settlement Agreement includes a robust General Release of Claims. *See* Ex. A ¶ 16. Plaintiffs request (and have included in the Proposed Order Preliminarily Approving Proposed Settlement, **Exhibit B**) that any Order and Final Judgement entered in this action includes a General Release of Claims which complies with ¶ 16 of the Settlement Agreement.

### C.       Bar Order

In exchange for the consideration being provided by the Settling Defendant, Plaintiffs must request (and have included in the Proposed Order Preliminary Approval Proposed Settlement, **Exhibit B**) that any Order and Final Judgment entered in this action includes a Complete Bar Order which complies with Section 19 of the Settlement Agreement.

### D.       Indemnity Bar

In exchange for the General Release of Claims against Defendant O'Neal, the Parties will request that on Final Approval the court shall enter a complete bar order (Ex. A ¶ 19) and an order that states:

> As a material and bargained-for condition of this Settlement Agreement, Settling Defendant, on behalf of himself and his successors, assigns, and affiliates, hereby irrevocably waives, releases, and discharges any and all rights, claims, or causes of action he may have, whether known or unknown, contingent or accrued, to seek indemnification, reimbursement, or contribution of any kind from the Wind-Down Trust of the FTX Debtor Entities (the "Wind-Down Trust") or any affiliated entity, with respect to any amounts paid or obligations incurred under this Settlement Agreement. In the event of any breach or threatened breach of this provision, Plaintiffs, the Settlement Class, and the Wind-Down Trust shall each be entitled to immediate injunctive relief (including but not limited to a temporary restraining order, preliminary injunction, and permanent injunction) to prevent or restrain any such action, without the necessity of posting a bond or proving actual damages, and

without waiving any other rights or remedies available at law or in equity. Settling Defendant expressly waives any objection to the issuance of such injunctive relief. The parties further agree that the Wind-Down Trust is an express third-party beneficiary of this provision of the Settlement Agreement (and only this provision), with full rights to enforce its terms against Settling Defendant, but that the Wind-Down Trust shall have no other rights under this Settlement Agreement beyond the rights conferred by this provision.

### E.    Class Notice Provisions

The Settlement requires Class Counsel to prepare a notice that will contain a description of the Settlement Agreement and afford affected parties the opportunity to obtain copies of all the settlement-related papers. The Notice shall be the legal notice to be provided to the Class Members and shall otherwise comply with Rule 23 and any other applicable statutes, laws, and rules, including, but not limited to, the Due Process Clause of the United States Constitution. Ex. A ¶ 3.

Plaintiffs have retained the services of acclaimed legal notice experts JND Legal Administration LLC ("JND"), to craft a Notice Plan in order to provide the best notice practicable to the Class, which this Court this Court previously approved for the first tranche of settlements in its Order on Plaintiffs' Motion for Preliminary Approval of First Tranche of Settlements [ECF No. 799]. This robust Notice Plan, as explained in the Declaration of Gina Intrepido-Bowden, which was previously filed with this Court in connection with the motion to preliminarily approve the First Tranche of Settlements on March 27, 2024, [ECF No. 565-3], will provide the best notice practicable, consistent with the methods and tools employed in other court-approved notice programs and allow Class Members the opportunity to review a plain language notice with the ability to easily take the next step and learn more about the litigation. *Id.*, ¶ 12.

If the District Court certifies the Class pursuant to Federal Rule of Civil Procedure 23(b)(3), subject to the requirements of the Preliminary Approval Order, and at a time to be directed by the Court, the Parties will send, or cause to be sent, a Class Notice to each Class Member. The Class Notice also will be published on the Settlement Website, in internet advertisements, and in *The*

*Wall Street Journal.* The Class Notice will comply with the requirements delineated in ¶ 3 of the Settlement Agreement. *See* Ex. A. Plaintiffs will present the full text of the class notice to the Court for review after settlements have been reached with other Promoter Defendants.

The Class Notice will be served by the Settlement Administrator at a date set by the Court via publication to the dedicated website created and maintained for the Consolidated Action, and via email to any Class Members whose email addresses are reasonably available to Co-Lead Class Counsel. Class Representatives and Class Counsel shall, within ten days after the Agreement's filing with the Court, provide notice of this Action and Agreement to the appropriate federal and state entities in accordance with CAFA. Ex A ¶3(e).

### F.      Preliminary Approval

The Settlement requires the filing of a motion for preliminary approval of the Settlement and the Notice Provisions. Ex. A ¶ 2. Pursuant to the Settlement, Class Counsel requests that, after notice is given, and not earlier than one hundred (100) calendar days after the later of the dates on which the appropriate federal and state officials are provided with notice pursuant to the CAFA, the District Court hold the Final Approval Hearing and approve the Settlement. Ex. A

### G.      Objections

The Settlement provides that a Class Member may object to the Settlement. Ex. A ¶ 12. To object, the Class Member must comply with the procedures and deadlines approved by the Court. Any Class Member who wishes to object to the Settlement must do so in writing on or before the Objection Deadline, as specified in the Class Notice and any Preliminary Approval Order, by no later than thirty calendar days prior to the Final Fairness Hearing. *Id.* The written objection must be filed with the Clerk of Court and mailed (with the requisite postmark) to Class Counsel and Defendants' Counsel (at the addresses identified in Ex. A ¶ 12) no later than the Objection

Deadline. *Id.* The requirements to assert a valid written objection shall be set forth in the Class Notice. Ex. A ¶ 3(a)(iv).

Subject to Court approval, any Class Member who files and serves a written objection may appear, in person or by counsel, at the Final Approval Hearing held by the District Court, to show cause why the proposed Settlement should not be approved as fair, adequate, and reasonable, but only if the objecting Class Member: (a) files with the Clerk of the District Court a Notice of Intention to Appear at the Final Approval Hearing by the Objection Deadline; and (b) serves the Notice of Intention to Appear on all counsel designated in the Class Notice by the Objection Deadline. Ex. A ¶ 12(a). The Notice of Intention to Appear must include copies of any papers, exhibits, or other evidence that the objecting Class Member will present to the District Court in connection with the Final Approval Hearing. Ex. A ¶ 12(d).

### H.    Exclusions

The Settlement provides that a Class Member may request exclusion from the Class – i.e., "Opt Out." Ex. A ¶ 13. Any Class Member who wishes to be excluded from the Class must comply with the procedures delineated in ¶ 13 of the Settlement Agreement. Ex. A. The Settlement Administrator shall file a list reflecting all requests for exclusion it has received no later than 10 days before the Fairness Hearing. Ex. A ¶ 13(d). The list shall identify requests which were received late and which failed to comply with the requirements of ¶ 13 of the Settlement Agreement. *Id.*

The Settlement further provides that "[a] single written request for exclusion submitted on behalf of more than one potential Class Member will be deemed invalid; provided, however, that an exclusion received from one Class Member will be deemed and construed as a request for exclusion by all co-account holders." Ex. A ¶ 13(b). Additionally, "Unless excluded by separate Order entered by the Court for good cause shown prior to the final approval of this Settlement, any

Class Member who fails to strictly comply with the procedures set forth in this section for the submission of written requests for exclusion will be deemed to have consented to the jurisdiction of the Court, will be deemed to be part of the Class, and will be bound by all subsequent proceedings, orders, and judgments in the Action, including, but not limited to, the Releases, even if he or she has litigation pending or subsequently initiates litigation against Mr. O'Neal or any other Released Party relating to the Released Claims (as defined below)." Ex. A ¶ 13(c).  Class Members who exclude themselves from the Class expressly waive any right to the continued pursuit of any objection to the Settlement or to otherwise pursue any objection, challenge, appeal, dispute, or collateral attack to the Settlement. Ex. A ¶ 13(e).

## I.      Settlement Distribution

The Settlement provides that Co-Lead Class Counsel, or their authorized agents, shall administer and calculate the amounts payable to all members of the Class and, after the Effective Date, shall oversee distribution of the Settlement Consideration to all members of the Class. Ex. A ¶ 11(a). The Settlement Consideration (subject to Court approval) may be utilized to pay all reasonable costs and expenses incurred in providing Notice and administering the Settlement Agreement. Ex. A ¶ 11(c). A finalized Plan of Allocation will be included within the distributed Class Notice, which will be filed at a time directed by the Court after the Preliminary Approval Order. *See* ECF No. 799.

## J.      Attorneys' Fees and Expenses

The Parties agree that Class Counsel may petition the Court for an award of Attorneys' Fees and Expenses in an aggregate amount not to exceed thirty-three percent (33%) of the Settlement Consideration. Ex. A ¶ 15(a). Class Counsel's motion for Attorneys' Fees and Expenses shall be filed no later than fourteen (14) days before the Objection/Exclusion Deadline. *Id*. As soon as is

practicable after filing, Co-Lead Class Counsel shall cause the Settlement Administrator to post on the Settlement Website all papers filed and served in support of Co-Lead Class Counsel's motion for an award of Attorneys' Fees and Expenses. *Id.* Settling Defendant reserved the right to oppose any such petition that he deems to be unreasonable in nature or amount or otherwise objectionable. *Id*. All attorneys' fees and expenses incurred by Class Counsel will be paid out of the Settlement Consideration. Ex. A. ¶ 15(b). The effectiveness of the Settlement will not be conditioned upon or delayed by the Court's failure to approve any petition by Plaintiffs and Class Counsel for Attorneys' Fees and Expenses. Ex. A ¶ 15(f). The denial, downward modification, or failure to grant any petition by Plaintiffs and Class Counsel for Attorneys' Fees and Expenses shall not constitute grounds for modification or termination of the Settlement. *Id.*

## IV.    THE PROPOSED SETTLEMENT SHOULD BE PRELIMINARILY APPROVED

### A.    Standards for Preliminary Approval of a Proposed Settlement

A class action may be settled only with the approval of the Court. *See* Fed. R. Civ. P. 23(e)(1). Rule 23(e)(1), as amended in 2018, provides that notice should be given to the class, and hence preliminary approval should be granted, where the Court "will likely be able to" (i) finally approve the settlement under a Rule 23(e)(2), and (ii) certify the class for settlement purposes. Fed. R. Civ. P. 23(e)(1)(B)(i)–(ii); *see also id.* 2018 Amendment Advisory Committee Notes. Under Rule 23(e)(1)(B)(i), final approval is proper upon a finding that the settlement is "fair, reasonable, and adequate" after considering the factors discussed below. *See infra* §§ IV(A)(1-4).

To grant preliminary approval, the Court should determine whether the proposed settlement substantively falls "within the range of possible approval" or reasonableness. *Encarnacion v. J.W. Lee, Inc.*, No. CV 14-61927, 2015 WL 12550747, at *1 (S.D. Fla. June 30, 2015). The Court should approve a proposed class action settlement where it is "fair, adequate and reasonable and is not the product of collusion between the parties." *Saccoccio v. JP Morgan Chase Bank, N.A.*, 297 F.R.D.

683, 691 (S.D. Fla. 2014) (*citing Bennett v. Behring Corp.*, 737 F.2d 982, 986 (11th Cir. 1984). Settlement negotiations involving arm's length, informed bargaining with the aid of experienced counsel support a preliminary finding of fairness. *See* Manual for Complex Litig. § 30.42. Public policy favors settlements, particularly where complex class action litigation is concerned. *In re Equifax Inc. Customer Data Sec. Breach Litig.*, 999 F.3d 1247, 1273 (11th Cir. 2021). The proposed Settlement here satisfies the standard for preliminary approval because: (1) Plaintiffs and Lead Class Counsel have adequately represented the class; (2) the Settlement is the product of arm's-length negotiations between the parties; (3) the Settlement is adequate, as it is very reasonable, especially when considering the risks involved in litigating the case to trial; and (4) the Settlement treats the Settlement Class Members equitably relative to each other.

### 1.    The Class Has Been Adequately Represented

The adequacy inquiry is two-fold. First, the Court must assure itself that the named representatives will adequately and diligently represent the class members' interests and that no potential conflicts in interest will interfere with this representation. *Hansberry v. Lee*, 311 U.S. 32, 42–43 (1940). Plaintiffs are members of the Settlement Class and do not possess any interests antagonistic to the Class. Plaintiffs and the Settlement Class Members all allegedly purchased or held legal title to and/or beneficial interest in fiat or cryptocurrency deposited or invested through an FTX Platform, purchased, or enrolled in a YBA, or purchased FTT.

Second, the Court must determine that the class's attorneys will adequately represent the class's interests. Class Counsel have extensive experience litigating and settling class actions, including consumer fraud cases throughout the United States and crypto-currency related class-action litigation. *See Harper v. O'Neal*, 23-CV-21912-FAM (S.D. Fla.); *Karnas v. Cuban*, 22-cv-22538-RKA (S.D. Fla.); *Sizemore v. Zhao*, 23-cv-21261-RKA (S.D. Fla.). Because Plaintiffs and their counsel have devoted substantive time and resources to this litigation and have adequately

represented their clients' interests, the adequacy requirement is satisfied.

### 2. The Settlement Is the Product of Arm's-Length Negotiations

Where a settlement is the product of arm's-length negotiations conducted by capable and experienced counsel, the court begins its analysis with a presumption that the settlement is fair and reasonable. *See* 4 Newberg § 11.41; *See also Morgan v. Pub. Storage*, 301 F. Supp. 3d 1237, 1247 (S.D. Fla. 2016). Here, the Settlement was reached after informed, extensive arm's-length negotiations between the Parties where the Settling Defendant was represented by experienced counsel. The monetary relief afforded by the Settling Defendant's Settlement presents a reasonable outcome considering the costs and risks of continued litigation. The Settlement was reached after an extensive investigation into the factual underpinnings of the practices challenged in the civil action, as well as the applicable law, and it grew out of the mediation of another case involving one of Co-Lead Class Counsel and Settling Defendant. In addition to their pre-filing efforts, Class Counsel engaged in extensive research, including the review of documents, internet research, and legal research. Nothing in the course of the negotiations or in the substance of the proposed Settlement presents any reason to doubt the Settlement's fairness.

### 3. The Settlement is Fair, Reasonable, and Adequate

Plaintiffs seek class-wide relief from Mr. O'Neal, who was an alleged influencer and celebrity paid by FTX to present FTX to his followers and event attendees as a safe and legitimate alternative to other cryptocurrency exchanges. In exchange for release of the claims against him, Mr. O'Neal has agreed to provide monetary relief to the Class Representatives and Class Members. At the time of signing the Settlement Agreement, before the Motion to Dismiss Order, Plaintiffs were aware of the risks and expenses associated with prolonged litigation. The Settlement with Settling Defendant is therefore reasonable.

### a.     The Risks, Costs, and Delay of Continued Litigation

The proposed settlement provides a fair recovery, in light of the future and former inherent risks of litigation and the uncertainty of the Settling Defendant's Motions to Dismiss, which were pending at the time of the Settlement. Almost all class actions involve a high level of risk, expense, and complexity, which is one reason that judicial policy so strongly favors resolving class actions through settlement—"there is an overriding public interest in settling class action litigation, and it should therefore be encouraged." *In re Warfarin Sodium Antitrust Litig.*, 391 F.3d 516, 535 (3d Cir. 2004); *see also In re U.S. Oil & Gas Litig.*, 967 F.2d 489, 493 (11th Cir. 1992) ("Public policy strongly favors the pretrial settlement of class action lawsuits"). At the time of the settlement discussions, the Court had not ruled on the Settling Defendant's Motions to Dismiss, which created many hurdles to recovery, including the possible denial of Plaintiffs' claims, class-certification proceedings, dispositive motion practice, and trial. If unsuccessful, the Settlement Class could receive no recovery at all.

Further, in considering a proposed class settlement, "[t]he recommendations of plaintiffs' counsel should be given a presumption of reasonableness." *In re Blue Cross Blue Shield Antitrust Litig.*, No. 2:13-CV-20000-RDP, 2020 WL 8256366, at *26 (N.D. Ala. Nov. 30, 2020). Here, Co-Lead Class Counsel endorse the Settlement as fair, adequate, and reasonable. Class Counsel have extensive experience litigating and settling consumer class actions and other complex matters and have conducted an extensive investigation into the factual and legal issues raised in this action, and they believe that the proposed Settlement is fair, reasonable, and adequate. The fact that qualified and well-informed counsel endorse the Settlement as being fair, reasonable, and adequate weighs in favor of approving the Settlement.

### b.     The Method of Distributing Relief is Effective

A finalized Plan of Allocation will be included with the Class Notice, which will be filed

at a time directed by the Court after the Preliminary Approval Order. *See* ECF No. 799.

### c.   The Terms Relating to Class Counsel Fees and Costs are Reasonable

The Parties agree that Class Counsel may petition the Court for an award of Attorneys' Fees and Expenses in an aggregate amount not to exceed thirty-three percent (33%) of the Settlement Funds. Ex. A ¶ 15(a). Attorneys' fees, costs, and expenses were negotiated separate and apart from, and after reaching agreement on, the relief for the Settlement Class. While the reasonableness of Class Counsel's request for Class Counsel Fees and Costs will be addressed in a separate motion, district courts in the Eleventh Circuit routinely approve fee awards of one-third of the common settlement fund. *Wolff v. Cash 4 Titles*, No. 03-22778, 2012 WL 5290155, at *6 (S.D. Fla. Sept. 26, 2012) (collecting cases and concluding 33% is consistent with the market rate in class actions)); *Waters v. Int'l Precious Metals Corp.*, 190 F.3d 1291, 1295-96 (11th Cir. 1999) (affirming attorneys' fee award of 33 1/3% to class counsel).

### d.   The Agreements Required to be Identified by Rule 23(e)(3)

Per Rule 23(e)(3), there is a confidential blow provision among the Settling Parties that sets forth certain conditions regarding the number and value of opt-out claims that, if triggered, give the Settling Defendant the option to terminate the Settlement Agreement. *See In re HealthSouth Corp. Sec. Litig.*, 334 F. App'x 248, 250 n.4 (11th Cir. 2009) (holding that "blow provisions" are properly kept confidential).

### 4.   Settlement Class Members are Treated Equitably as to Each Other

Per Rule 23(e)(2)(D), the Settlement treats Settlement Class Members equitably because all Settlement Class Members are eligible for reimbursement of losses tied to their purchase or holding of legal title to and/or beneficial interest in any fiat or cryptocurrency deposited or invested through an FTX Platform, purchase or enrollment in a YBA, or purchase of FTT.

**B.      The Proposed Schedule is Reasonable**

The Settlement affords important monetary relief to Class Members, and the consideration offered by the Settling Defendant is reasonable, as discussed above.

Plaintiffs propose that the Court defer formal notice of the settling Promoter Defendants' Settlement Agreements to the Settlement Class until claims against non-settling Promoter Defendants have been resolved. Deferring formal notice and distribution of the Promoter Defendants' settlements will reduce administrative costs and promote judicial efficiency and ensure that no unnecessary costs are incurred while enabling the Court to manage the proceedings cohesively. The Court previously adopted this procedure in its Order on Plaintiffs' Motion for Preliminary Approval of First Tranche of Settlements [ECF 799], and Plaintiffs request the adoption of the same procedure here. *See also Karnas v. Cuban*, 22-cv-22538-RKA, ECF No. 304.

Importantly, deferring notice does not prejudice class members because no action is required from them at this stage. Instead, this approach aligns with established practices designed to conserve class funds and judicial resources. Further, deferral will allow the FTX Debtors to fully establish and operate their distribution mechanism in the first instance, ensuring that when MDL funds are ready to be distributed all is running smoothly.

The proposed notice procedures reflect the complex nature of this multidistrict litigation and the need to balance multiple interests effectively. These measures will allow the Court to manage the case holistically, promoting fairness and efficiency. They also underscore the significant progress Plaintiffs have made in securing settlements that meaningfully benefit the class while minimizing costs and procedural redundancies.

**C.      Certification of the Proposed Settlement Class Is Appropriate**

The parties agree that, for purposes of settlement only, the Settlement Class be defined as it is in Section III(A) above, which meets the requirements of Rule 23(a) and Rule 23(b)(3).

### 1. Rule 23(a) is Satisfied.

#### a.    The Settlement Class Is Too Numerous to Permit Joinder.

A case may be certified as a class action only if "the class is so numerous that joinder of all members is impracticable." Fed. R. Civ. P. 23(a)(1). While there is no fixed rule, numerosity is generally presumed when the potential number of class members reaches forty (40). *Cnty. of Monroe, Fla. v. Priceline.com, Inc.*, 265 F.R.D. 659, 667 (S.D. Fla. 2010) (*citing* Newberg & Conte, Newberg on Class Actions, § 3.5 at 247 (4th ed.2002) ("as few as 40 class members should raise a presumption that joinder is impracticable and the plaintiff whose class is that large or larger should meet the test of Rule 23(a)(1) on that fact alone")). Here, numerosity is readily satisfied. The total number of Class members is estimated to be in the millions. As of 2021, FTX reported over 1.2 million registered users across its platforms.

#### b.    This Action Presents Common Questions of Law or Fact.

Rule 23(a)(2) requires that there be one or more questions common to the class. *WalMart Stores, Inc. v. Dukes*, 131 S. Ct. 2541, 2556 (2011). Plaintiffs need only show the existence of a common question of law or fact that is significant and capable of class-wide resolution. *In re Fla. Cement & Concrete Antitrust Litig.,* No. 09-23187-CIV, 2012 WL 27668, at *3 (S.D. Fla. Jan. 3, 2012) (unpublished).As the JPML previously noted when ordering consolidation of the FTX matters, there are "common questions of fact concerning the collapse of the FTX cryptocurrency exchange in November 2022, which allegedly was caused by the conduct of FTX former principals Sam Bankman-Fried, Zixiao 'Gary' Wang, and Nishad Singh, and financial improprieties with Alameda Research." ECF No. 1, at 3. Common issues abound here, and Rule 23 (a)(2) is satisfied.

#### c.    Class Representatives' Claims are Typical.

Rule 23(a)(3) requires that "the claims and defenses of the representative parties are typical of the claims or defenses of the class." Fed. R. Civ. P. 23(a)(3). "The typicality requirement is met

if the claims of the named plaintiffs 'stem from the same event, practice, or course of conduct that forms the basis of the class claims and are based upon the same legal or remedial theory.'" *Gibbs Properties Corp. v. CIGNA Corp.*, 196 F.R.D. 430, 435 (M.D. Fla. 2000) (quoting *Walco Invs., Inc. v. Thenen*, 168 F.R.D. 315, 326 (S.D. Fla. 1996)). "The key inquiry in determining whether a proposed class has 'typicality' is whether the class representative is part of the class and possesses the same interest and suffers the same injury as the class members." *Medine v. Washington Mut., FA,* 185 F.R.D. 366, 369 (S.D. Fla. 1998). The Class Representatives' claims stem from the same alleged common course of conduct as the Class Members'. FTX allegedly engaged in a widespread fraudulent scheme and conspiracy where FTX customer property was wrongfully misappropriated by Alameda and FTX to further facilitate the fraud, a common course of conduct resulting in injury to all Class Members when the fraud was exposed and the FTX house of cards fell.

### d.     Class Representatives and Their Counsel Will Fairly and Adequately Protect the Interests of the Settlement Class Members.

Rule 23(a)(4) requires that the representative plaintiffs "fairly and adequately" protect the interests of the class. The two-prong test for determining adequacy is: "(1) whether any substantial conflicts of interest exist between the representatives and the class; and (2) whether the representatives will adequately prosecute the action." *Valley Drug Co. v. Geneva Pharmaceuticals, Inc.*, 350 F.3d 1181, 1189 (11th Cir. 2003). Both prongs are satisfied here. First, Class Representatives and the Settlement Class Members are equally interested in recovering as much of their property and/or recovering damages from any defendant who allegedly aided, abetted, or was an accomplice or agent of FTX. Accordingly, the Class Representatives will fairly and adequately protect the interests of all Settlement Class Members. Second, Class Counsel have extensive experience litigating and settling class actions, including consumer fraud cases throughout the United States. Class Counsel are well-qualified to represent the Settlement Class.

**2.     The Requirements of Rule 23(b)(3) are Satisfied.**

The proposed Settlement Class satisfies Rule 23(b)(3), which permits a class action if the Court finds that "questions of law or fact common to class members predominate over any questions affecting only individual members, and that a class action is superior to other available methods for fairly and efficiently adjudicating the controversy." Fed. R. Civ. P. 23(b)(3). For settlement purposes, these claims plainly involve common issues of law and fact that predominate over any individual issues involved in this fraud of historic proportions.

Rule 23(b)(3)'s other requirement is that class resolution must be "superior to other available methods for fairly and efficiently adjudicating the controversy." Fed. R. Civ. P. 23(b)(3). The purpose of the superiority requirement is consistent with the overall goals of Rule 23, which is to assure that the class action is the most efficient, effective, and economic means of resolving the controversy. *Walco Invs., Inc. v. Thenen*, 168 F.R.D. 315, 337 (S.D. Fla. 1996). For settlement purposes, that is the case here, where FTX's common course of conduct will play a foundational role in the case against any defendant and individual damages do not justify individual lawsuits. *Id*. ("It would be extremely costly, not to mention unnecessarily duplicative, for a class member to try this action separately"). The individual damages that individual FTX account holders would seek in an individual action are insufficient to incentivize and justify litigation against some of the largest institutional investors and biggest celebrities, but given the number of account holders, a class action provides incentives for litigation and recovery against the same defendants. Given the nature of the fraud and the damages here, class treatment is superior to individual lawsuits.

**V.     THE PROPOSED NOTICE TO THE CLASS SHOULD BE APPROVED**

Should the Court grant preliminary approval, it must also "direct notice in a reasonable manner to all class members who would be bound by the proposal. . . ." Fed. R. Civ. P. 23(e)(1)(B). Notice should be the best notice practicable under the circumstances. Fed. R. Civ. P. 23(c)(2)(B);

*see also Phillips Petroleum Co. v. Shutts*, 472 U.S. 797, 812 (1985) (same). It is not only necessary that the notice reach the parties affected, but also that it conveys the required information, including adequately describing the substantive claims and information reasonably necessary to make a decision to remain a class member and be bound by the final judgment. *See Adams v. Southern Farm Bureau Life Ins. Co.*, 493 F.3d 1276, 1286 (11th Cir. 2007).

As discussed above, Plaintiffs propose deferring formal notice of the Promoter Defendants' settlements until a time directed by the Court after entry of the Preliminary Approval Order. Notice will be transmitted through the Class Member emails reasonably available to Co-Lead Class Counsel. Notice will also be published in the *Wall Street Journal*, as well as online on the Settlement Website and other internet advertisements. The notice plan provides the best notice practicable under the circumstances. Fed. R. Civ. P. 23(c)(2)(B).

### A. Summary of Notice Plan

#### 1. Notice

Within 30 days after entry of the Preliminary Approval Order, the Parties will send, or cause to be sent, a Class Notice to each Class Member, in a form to be approved by the Court, that complies with the requirements delineated in ¶ 3 of the Settlement. *See* Ex. A. The specific form of the Notice approved by the Court will then be disseminated in accordance with JND's Notice Plan. *See* ECF No. 565-3, ¶¶ 17–29. JND also proposes Supplemental Digital Notice, *Id.* ¶¶ 30–32, Search Engine Optimization, *Id.* ¶ 33, Publication Notice, *Id.* ¶ 34, and a Toll-Free Number and Post Office Box, *Id.* ¶¶ 38–40, to facilitate dissemination of the Notice.

#### 2. Settlement Website

JND will also develop and deploy the informational case-specific website where Class Members may obtain more information about the settlement. ECF No. 565-3 ¶ 35. The case website will have an easy-to-navigate design that will be formatted to emphasize important information

and deadlines and will provide links to important case documents, including a Long Form Notice. *Id.* The settlement website's address will be prominently displayed in all printed notice documents and accessible through the email and digital notices. *Id.* ¶ 36. The settlement website will also be ADA-compliant and optimized for mobile visitors so that information loads quickly on mobile devices. *Id.* ¶ 37. It will be designed to maximize search engine optimization through Google and other search engines. *Id.*

### B.     The Notice Plan Meets All Requirements

The Class's proposed notice plan satisfies the fairness standards set forth in Rule 23. The proposed notice is the best practicable under the circumstances. The notice is reasonably calculated under the circumstances to apprise the Settlement Class of the pendency of the Action, class certification, the terms of the Settlement, Class Counsel's Fee Application, and their rights to opt-out of the Settlement Class or object to the Settlement, Class Counsel's Fee Application, and/or a request for General Releases. *See In re Checking Acct. Overdraft Litig.*, 275 F.R.D. 654, 662 (S.D. Fla. 2011). The Notice presents all required categories of information clearly and in plain English. *See Adams*, 493 F.3d at 1286. Once Plaintiffs have reached resolutions with other Promoter Defendants, the Court will have an opportunity to review the content of the notice that will be disseminated pursuant to the notice plan described here.

### VI.    CONCLUSION

Plaintiffs respectfully request that the Court: (1) preliminarily approve the Settlement Agreement; (2) certify the proposed Class; (3) appoint Class Representatives under Rule 23; (4) appoint Co-Lead Counsel pursuant to Rules 23(c)(1)(B) and 23(g); (5) approve the proposed notice plan pursuant to Rule 23(e); and (6) defer formal notice of Mr. O'Neal's Settlement Agreement to the Class until claims against other non-settling Promoter Defendants have been resolved.

Dated: June 9, 2025

Respectfully submitted,

By: */s/ Adam Moskowitz*
Adam M. Moskowitz
Florida Bar No. 984280
Joseph M. Kaye
Florida Bar No. 117520
**THE MOSKOWITZ LAW FIRM, PLLC**
Continental Plaza
3250 Mary Street, Suite 202
Coconut Grove, FL 33133
Office: (305) 740-1423
adam@moskowitz-law.com
joseph@moskowitz-law.com
service@moskowitz-law.com

*Co-Lead Counsel*

By: */s/ David Boies*
David Boies
Alexander Boies
Brooke A. Alexander
**BOIES SCHILLER FLEXNER LLP**
333 Main Street
Armonk, NY 10504
914-749-8200
dboies@bsfllp.com
aboies@bsfllp.com
balexander@bsfllp.com

*Co-Lead Counsel*

## CERTIFICATE OF SERVICE

I certify that a true and correct copy of the forgoing was filed on June 9, 2025, via the Court's CM/ECF system, which will send notification of such filing to all attorneys of record.

By: ***/s/ Adam Moskowitz***
Adam Moskowitz