# Exhibit A

<u>SETTLEMENT AGREEMENT</u>

This Class-Action Settlement Agreement (the **"Settlement Agreement"**) was entered into as of April 1, 2025, between and among, on the one hand, Plaintiffs Leandro Cabo, Alexander Chernyavsky, Chukwudozie Ezeokoli, Edwin Garrison, Ryan Henderson, Shengyun Huang, Michael Livieratos, Michael Norris, Brandon Orr, Julie Papadakis, Gregg Podalsky, Kyle Rupprecht, and Vijeth Shetty (collectively, **"Plaintiffs"**), on behalf of themselves and all others similarly situated (the **"Class"**), and, on the other hand, Shaquille O'Neal (**"Mr. O'Neal"**) (collectively, the "**Parties**").

WHEREAS, Plaintiffs commenced this putative class-action lawsuit (the "**Garrison Action**") on or about November 15, 2022 when they filed the original Class Action Complaint and Demand for Jury Trial;

WHEREAS, Plaintiffs filed their Amended Class Action Complaint and Demand for Jury Trial on or about December 16, 2022;

WHEREAS, Plaintiffs filed a document also titled Amended Class Action Complaint and Demand for Jury Trial on May 15, 2023;

WHEREAS, the United States Judicial Panel on Multidistrict Litigation entered a Transfer Order on or about June 5, 2023, whereby the Garrison Action was assigned to the Honorable K. Michael Moore for coordinated or consolidated pretrial proceedings with a number of other actions;

WHEREAS, on or about June 21, 2023, Judge Moore entered an Order indicating that the Clerk would maintain a master record under the style: *In re FTX Cryptocurrency Exchange Collapse Litigation*, Case No. 23-md-03076-KMM (the "**Consolidated Action**");

WHEREAS, during a Status Conference in the Consolidated Action that took place on or about June 21, 2023, Judge Moore requested that Plaintiffs in the Consolidated Action file consolidated amended complaints for each grouping of defendants – including one directed to those individuals and entities described by Plaintiffs as "Promoters and Digital Creator Defendants," which group includes Mr. O'Neal;

WHEREAS, on or about August 8, 2023, Plaintiffs filed a document titled Administrative Class Action Complaint and Demand for Jury Trial: Promoters and Digital Creator Defendants;

WHEREAS, on or about August 11, 2023, Plaintiffs filed a document titled [Corrected] Administrative Class Action Complaint and Demand for Jury Trial: Promoters and Digital Creator Defendants (the "**Operative Complaint**");

WHEREAS, the crux of the allegations pleaded in the Operative Complaint is that the Promoters and Digital Creator Defendants personally participated or aided in making the sale of

unregistered securities and that they are jointly and severally liable for all losses allegedly sustained by the Class;

WHEREAS, Mr. O'Neal adamantly denies any and all wrongdoing whatsoever and maintains that he did absolutely nothing unlawful or otherwise improper and that he ultimately would be absolved of all liability if this matter were litigated to a conclusion on the merits;

WHEREAS, the Parties wish to settle to avoid the expense, inconvenience, and uncertainty of continued litigation and, therefore, have entered into this Settlement Agreement and agree to be bound by the terms and conditions as set forth herein (the "**Settlement**");

NOW, THEREFORE, for and in consideration of the mutual covenants set forth in this Settlement Agreement, the receipt and sufficiency of which are hereby acknowledged, the Parties stipulate and agree as follows:

1.      RECITALS: All of the foregoing recitals are true and correct.

2.      SUBMISSION AND APPLICATION TO THE COURT: Because this is a putative class action, it cannot be settled without the approval of the Court, which must analyze this Settlement Agreement against the prerequisites of Federal Rule of Civil Procedure 23 ("**Rule 23**"). Accordingly, and consistent with the timeframes and protocol set forth below, Plaintiffs shall file with the Court a motion seeking the entry of an order granting preliminary approval of this Settlement Agreement ("**Preliminary Approval**"), in the form attached as **Exhibit A**, which shall include provisions that:

a.      Preliminarily approve the Settlement Agreement as within the range of what is reasonable;

b.      Certify the Class for the purposes of effectuating the Settlement Agreement;

c.      Approve the plan, as set forth in the Settlement Agreement, for dissemination of a Notice of Proposed Settlement of Class Action and Final Approval Hearing (the "**Notice**");

d.      Provide that the distribution of the Notice substantially in the manner set forth in the motion seeking Preliminary Approval constitutes the best notice practicable under the circumstances, meets the requirements of applicable law and due process, is due and sufficient notice of all matters relating to the Settlement Agreement, and fully satisfies the requirements of Rule 23; and

e.      Inform the Class that a final approval hearing ("**Final Approval Hearing**") will be held to determine whether the Court should:

2

i. enter an Order and Final Judgment granting final approval of the Settlement Agreement pursuant to Rule 23 as fair, reasonable, adequate, and in the best interests of the Class, and approving the requested complete bar order and permanent injunction;

ii. enter an order awarding counsel for Plaintiffs and the Class ("**Class Counsel**," as further herein defined) their reasonable attorneys' fees and costs and awarding General Release Payments to Plaintiffs; and

iii. hear all such other matters as the Court may deem necessary and appropriate.

3. **NOTICE:** The Parties agree that Co-Lead Class Counsel shall be responsible for overseeing the process of providing the Notice and administering the Settlement Agreement. Co-Lead Class Counsel, however, may retain a company that specializes in class-action administration (the "**Settlement Administrator**") to perform those functions. The Parties further agree that the Settlement Consideration (defined below) may be utilized to pay all reasonable costs and expenses incurred in providing the Notice and administering the Settlement Agreement. Co-Lead Class Counsel shall prepare a notice that will contain a description of the Settlement Agreement and afford affected parties the opportunity to obtain copies of all the settlement-related papers. The Notice shall be the legal notice to be provided to the Class Members and shall otherwise comply with Rule 23 and any other applicable statutes, laws, and rules, including, but not limited to, the Due Process Clause of the United States Constitution. The Notice will be distributed in accordance with item b below.

a. The Notice shall advise the potential Class Members of the following:

i. <u>General Terms</u>. The Notice shall contain a plain, neutral, objective, and concise summary description of the nature of the Consolidated Action and the terms of the proposed Settlement, including all relief that will be provided by Mr. O'Neal to the Class in the Settlement, as set forth in this Agreement. This description shall also disclose, among other things, that (a) any relief to Class Members offered by the Settlement is contingent upon the Court's approval of the Settlement, which will not become effective until the Effective Date; and (b) Co-Lead Class Counsel and Plaintiffs have reserved the right to petition the Court for an award of Attorneys' Fees and Expenses and General Release Payments from the Settlement Consideration. The Settlement is not contingent upon the award of any particular amount of Attorneys' Fees and Expenses or General Release Payments.

ii. <u>The Class</u>. The Notice shall define the Class and shall disclose that the Class has been provisionally certified for purposes of settlement only.

3

iii.    <u>Opt-Out Rights</u>. The Notice shall inform the Class Members of their right to seek exclusion from the Class and the Settlement and shall provide the deadlines and procedures for exercising this right.

iv.    <u>Objection to Settlement</u>. The Notice shall inform Class Members of their right to object to the proposed Settlement and to appear at the Fairness Hearing and shall provide the deadlines and procedures for exercising these rights.

v.    <u>Fairness Hearing</u>. The Notice shall disclose the date and time of the Fairness Hearing and explain that the Fairness Hearing may be rescheduled without further notice to the Class.

vi.    <u>Releases</u>. The Notice shall summarize or recite the proposed terms of the Releases contemplated by this Agreement.

vii.    <u>Further information</u>. The Notice shall disclose where Class Members may direct written or oral inquiries regarding the Settlement, and also where they may obtain additional information about the Consolidated Action, including instructions on how Class Members can access the case docket using PACER or in person at any of the court's locations.

**b.**    <u>Service.</u> The Settlement Administrator shall serve the Notice no later than thirty days after entry of the Preliminary Approval Order via publication to the dedicated website created and maintained for the Consolidated Action, and via email to any Class Members whose email addresses are reasonably available to Co-Lead Class Counsel.

**c.**    <u>Settlement Website.</u> Plaintiffs shall cause the Settlement Administrator to establish the Settlement Website, whose address shall be included and disclosed in the Notice, and which will inform potential Class Members of the terms of this Agreement, their rights, the dates and deadlines for any necessary action, and related information. The Settlement Website shall include, in .pdf format, a copy of the Operative Complaint, this Agreement and its exhibits, any Preliminary Approval Order entered by the Court, and a copy of the Notice, along with such other information as the Court may designate or the Parties may agree to post there. The Settlement Website will be operational and live by the date of the first mailing of the Notice. A Spanish-language translation of the Notice shall be placed on the Settlement Website by the Settlement Administrator at the time the Settlement Website becomes operational and live. The Spanish-language translation shall be created by a federally certified translator. However, in the case of conflict, the English-language version of the Notice shall control.

4

     **d.**    <u>Internet and Other Publication Notice.</u> Plaintiffs shall cause the Settlement Administrator to make advertisements on the internet for the purpose of alerting Class Members to the Settlement Website, in a form recommended by the Settlement Administrator and mutually acceptable to the Parties, with an aggregate cost not to exceed 1% of the funds provided by all settling Promoter Defendants. In addition, Plaintiffs will cause notice of the Settlement to be published in *The Wall Street Journal*.

     **e.**    <u>Notice to Appropriate Federal and State Officials.</u> Pursuant to the notice provisions of the Class Action Fairness Act, 28 U.S.C. § 1715 ("**CAFA**"), within ten (10) days after this Agreement is deemed filed with the Court, Plaintiffs will provide notice of this Action and this Agreement to the appropriate federal and state entities.

    **4.**    **ORDER AND FINAL JUDGMENT:** If the Court grants Preliminary Approval of the Settlement Agreement, Plaintiffs shall request that the Court enter an Order and Final Judgment (**"Final Approval"**). While the Court ultimately has control over the form and content of its own orders, the Parties contemplate that the Order and Final Judgment shall:

     **a.**    approve the Settlement Agreement, adjudge the terms thereof to be fair, reasonable, adequate, and in the best interests of the Class, and direct consummation of the Settlement Agreement in accordance with its terms and conditions;

     **b.**    determine that the requirements of Rule 23 and due process have been satisfied in connection with both the certification of the Class and the provision of notice of the Settlement;

     **c.**    approve the dismissal with prejudice of all claims pled against Mr. O'Neal in the Garrison Action and the Operative Complaint;

     **d.**    enter the requested releases, complete bar order, and permanent injunction;

     **e.**    award Class Counsel their reasonable attorneys' fees and costs;

     **f.**    award Plaintiffs their General Release Payments; and

     **g.**    reserve continuing and exclusive jurisdiction over the Consolidated Action, including to supervise the consummation and administration of the Settlement Agreement.

5. <u>**EFFECTIVE DATE**</u>: The Settlement Agreement shall be deemed effective (the "Effective Date") upon:

   a. the entry of the Order and Final Judgment approving the Settlement Agreement; and

   b. either:

      i. the expiration of any applicable appeal period for the appeal of the Order and Final Judgment without an appeal's having been filed; <u>or</u> (if an appeal is taken)

      ii. the entry of an order affirming the Order and Final Judgment and the expiration of any applicable period for the reconsideration, rehearing, review, or appeal of such order without any motion for reconsideration or rehearing or further appeal's having been filed; <u>or</u> (if a motion for reconsideration or rehearing or further appeal is filed)

      iii. the entry of subsequent order affirming the Order and Final Judgment.

6. <u>**CONTINGENT PROTOCOL IF THE SETTLEMENT AGREEMENT IS NOT APPROVED**</u>: In the event the Court does not approve the Settlement Agreement either at the Preliminary Approval or Final Approval stage, or if the Settlement Agreement is terminated according to its terms or does not otherwise take effect upon the Effective Date, then the Settlement Agreement shall be deemed void, *nunc pro tunc*, and the Parties will resume the litigation posture they were in as of April 1, 2025. The Parties, however, intend for this Settlement Agreement to resolve, fully and completely, all claims (and potential claims) that Plaintiffs and the Class have brought (or could have brought) against Mr. O'Neal. As such, the Parties shall endeavor to pursue Preliminary Approval and Final Approval of the Settlement Agreement, cooperate in the pursuit thereof, and take all reasonable efforts to make certain that the Court grants both Preliminary Approval and Final Approval.

7. <u>**THE PARTIES SHALL ANNOUNCE THE SETTLEMENT TO THE COURT**</u>: The Parties shall prepare and submit a joint notice to the Court advising the Court that they have agreed to a Settlement Agreement, and that they will submit a motion seeking Preliminary Approval at the appropriate time (which is addressed below), and the Parties shall cooperate in the drafting thereof. In addition:

   a. The terms of this Settlement Agreement are to be kept strictly confidential unless and until Plaintiffs file a motion seeking Preliminary Approval, and the Parties agree that this confidentiality provision is a material element of this Settlement Agreement and is a part of the consideration for their entering into this Settlement Agreement.

6

    **b.**       Prior to the filing of a motion seeking Preliminary Approval (if any is filed), the Parties are not to make any public comment regarding the Settlement Agreement. If contacted by the press or otherwise prior to the filing of a motion seeking Preliminary Approval, the Parties are to respond simply: *"no comment."*

    **c.**       But after the filing of a motion seeking Preliminary Approval:

          i.      Co-Lead Class Counsel may make all statements in court proceedings as reasonably necessary to advocate in favor of Final Approval; but neither Co-Lead Class Counsel nor any other Class Counsel shall otherwise make any public comments specific to Mr. O'Neal that might injure his image and brand regarding the Settlement Agreement or otherwise disparage him or any other Released Party; and

          ii.     Mr. O'Neal may issue a public statement, if he chooses to do so, explaining why he chose to settle the case and to protect his image and his brand. Any such public statement, however, shall not disparage Plaintiffs, the Class, or Class Counsel.

    **d.**       Notwithstanding any other provision of this section 7, nothing in this Settlement Agreement shall prevent Mr. O'Neal or other Released Parties from determining, in their sole discretion, to make whatever disclosures they believe might be required or appropriate, including in governmental or regulatory filings or to regulators, attorneys, accountants, and insurers.

     **8.**    **SETTLEMENT CONSIDERATION:** Mr. O'Neal shall pay the sum of One Million Eight Hundred Thousand Dollars ($1,800,000) (the "**Settlement Consideration**") to settle this matter, which sum shall be paid within 30 days after the Effective Date. The Settlement Consideration includes all costs, fees, or other payments in connection with the Settlement, including but not limited to all costs of notice and administration (including CAFA notice), attorneys' fees, litigation expenses, General Release Payments, and any other costs and expenses. Mr. O'Neal shall not be responsible for paying any other amount in connection with this Settlement.

     **9.**    **MEDIATION:** In the event that there are any *bona fide* disputes regarding the interpretation or execution of this Settlement Agreement, the Parties will attempt to resolve them in mediation before the Honorable Howard Tescher upon the request of any Party.

     **10.**    **THE CLASS DEFINITION:** For purposes of this Settlement Agreement, "Class" means:

All persons or entities who, from May 1, 2019 to the date on which the Court orders dissemination of notice to the Class, purchased or held legal title to and/or beneficial interest in any fiat or cryptocurrency deposited or invested through an FTX Platform, purchased, or enrolled in a YBA, or purchased FTT.

Excluded from the Class are the MDL Defendants and their officers, directors, affiliates, legal representatives, and employees, the FTX Group and their officers, directors, affiliates, legal representatives, and employees, any governmental entities, any judge, justice, or judicial officer presiding over this matter and the members of their immediate families and judicial staff.

To the extent not otherwise included in the Class, Class Members include customers of the FTX Group who deposited cash and digital assets at either or both the FTX Group's U.S.-based and non-U.S.-based trading platforms and have been unable to withdraw, use, or access the billions of dollars in assets that were contractually required to be held safely in accounts on their behalf.

"Class Counsel" means, collectively, all counsel of record for the Class Members in the FTX MDL, including Co-Lead Class Counsel.

"Class Member" means a person or entity who falls within the definition of the Class as set forth in this section.

"Class Representatives" means Leandro Cabo, Alexander Chernyavsky, Chukwudozie Ezeokoli, Edwin Garrison, Ryan Henderson, Shengyun Huang, Michael Livieratos, Michael Norris, Brandon Orr, Julie Papadakis, Gregg Podalsky, Kyle Rupprecht, and Vijeth Shetty.

"Co-Lead Class Counsel" means Adam Moskowitz of The Moskowitz Law Firm, PLLC, and David Boies of Boies Schiller Flexner LLP.

"FTT" means FTT, the cryptocurrency token minted and distributed by FTX Group.

"FTX Platform" means the mobile application and/or web-based cryptocurrency investment service offered by FTX Trading and its subsidiaries that places cryptocurrency trade orders on behalf of users.

"YBA" means a Yield-Bearing Account offered by FTX Trading and/or FTX US on the FTX Platform.

11.   **ADMINISTRATION AND DISTRIBUTION OF THE SETTLEMENT CONSIDERATION:**
Regarding the administration and distribution of the Settlement Consideration (if any):

    **a.**     Co-Lead Class Counsel, or their authorized agents, shall administer and calculate the amounts payable to all members of the Class and, after the Effective Date, shall oversee distribution of the Settlement Consideration to all members of the Class;

    **b.**     Neither Mr. O'Neal, nor his counsel, shall have any responsibility or liability relating to distribution of the Settlement Consideration; and

    **c.**     The Settlement Consideration (subject to Court approval) may be utilized to pay all reasonable costs and expenses incurred in providing Notice and administering the Settlement Agreement.

    **12.**    <u>**PROCEDURES FOR OBJECTING TO THE SETTLEMENT:**</u> Only Class Members may object to the settlement. All objections must be filed no later than thirty calendar days prior to the Final Fairness Hearing (the "Objection/Exclusion Deadline") with Clerk of the United States District Court for the Southern District of Florida, 400 North Miami Avenue, 8th Floor, Miami, FL 33128, and served by first-class or overnight mail and email at that same time upon both of the following:

> Co-Lead Class Counsel:
> Adam M. Moskowitz
> Joseph M. Kaye
> **THE MOSKOWITZ LAW FIRM, PLLC**
> 3250 Mary Street, Suite 202
> Miami, FL 33133
> adam@moskowitz-law.com
> joseph@moskowitz-law.com
> service@moskowitz-law.com
>
> -and-
>
> David Boies
> Brooke Alexander
> **BOIES SCHILLER FLEXNER LLP**
> 333 Main Street
> Armonk, NY 10504
> Phone: (914) 749–8200
> dboies@bsfllp.com
> balexander@bsfllp.com
>
> -and-

Mr. O'Neal's Counsel:
Rachel O. Wolkinson
Stephen A. Best
**BROWN RUDNICK LLP**
1900 N Street, NW, Fourth Floor
Washington, DC 20036
rwolkinson@brownrudnick.com
sbest@brownrudnick.com

a.  A Class Member's objection must:

   i.  be in writing;

   ii.  include the objector's full name, current address, and current telephone number;

   iii.  include documentation or attestation sufficient to establish membership in the Class;

   iv.  be signed by the person filing the objection, or his, her, or its attorney;

   v.  state, in detail, the factual and legal grounds for the objection;

   vi.  state any objections filed by the objector in the last seven years (case name, name of court, and result of objection);

   vii.  attach any document the Court should review in considering the objection and ruling on the motion for final approval of the Settlement;

   viii.  provide dates for availability to Co-Lead Class Counsel for the Class Member's deposition; and

   ix.  include a request to appear at the Final Approval Hearing, if the objector intends to appear at the Final Approval Hearing.

b.  Any objection that does not meet all of these requirements will be deemed invalid and will be overruled.

c.  Subject to approval of the Court, any Class Member who has filed a written objection, and only those Class Members, may appear, in person or by counsel, at the Final Approval Hearing held by the Court, to show cause why the proposed Settlement should not be approved as fair, adequate, and reasonable, or to object to any petitions for attorneys' fees, General Release Payments, and reimbursement of reasonable litigation costs and expenses. The objecting Class Member must file with the Clerk of the Court and serve upon Co-Lead Class Counsel and Mr. O'Neal's Counsel (at the addresses listed above), a notice of intention to appear at the Final Approval Hearing ("Notice of Intention to Appear") on or before the Objection/Exclusion Deadline.

**d.**    The Notice of Intention to Appear must include copies of any papers, exhibits, or other evidence that the objecting Class Member (or his/her/its counsel) will present to the Court in connection with the Final Approval Hearing. Any Class Member who does not provide a Notice of Intention to Appear in complete accordance with the deadlines and other specifications set forth in the Class Notice will not be allowed to speak or otherwise present any views at the Final Approval Hearing.

**e.**    The date of the postmark on the mailing envelope or a legal proof of service accompanied and a file-stamped copy of the submission shall be the exclusive means used to determine whether an objection and/or notice of intention to appear has been timely filed and served. In the event that the postmark is illegible, the objection and/or notice of intention to appear shall be deemed untimely unless it is received by the counsel for the Parties within two (2) calendar days after the Objection/Exclusion Deadline.

**f.**    Response to Objections: Co-Lead Class Counsel and Mr. O'Neal's counsel (if they so choose) shall, at least ten (10) business days (or such other number of days as the Court shall specify) before the Final Approval Hearing, file any responses to any written objections submitted to the Court by Class Members in accordance with this Agreement.

**g.**    No Solicitation of Settlement Objections: The Parties agree to use their best efforts to carry out the terms of this Settlement. At no time will any of the Parties or their counsel seek to solicit or otherwise encourage any Class Member to object to the settlement or encourage any Class Member to appeal from the final judgment.

**13.**    <u>PROCEDURES FOR REQUESTING EXCLUSION FROM SETTLEMENT</u>: Any person or entity falling within the definition of the Class that does not wish to participate in the Settlement Agreement (i.e., to receive a *pro rata* share of the Settlement Consideration and to be bound by the dismissals and release set forth herein) must request exclusion from the Class – i.e., "Opt Out."

a.    Any Class Member who wishes to be excluded from the Class must mail a written "request for exclusion" to the Settlement Administrator at the address provided in the Class Notice, mailed sufficiently in advance to be received by the Settlement Administrator no later than the Objection/Exclusion Deadline. A written request for exclusion must: (a) contain a caption or title that identifies it as "Request for Exclusion in In re FTX Cryptocurrency Exchange Collapse Litigation"; (b) include the Class Member's name, mailing and email addresses, and contact telephone

11

number; (c) specify that he or she wants to be "excluded from the Class"; (d) provide all of the additional information specified in the Class Notice; and (e) be personally signed by the Class Member. The requirements for submitting a timely and valid request for exclusion shall be set forth in the Class Notice.

b.    Each Class Member who wishes to be excluded from the Class must submit his, her, or its own personally signed written request for exclusion. A single written request for exclusion submitted on behalf of more than one potential Class Member will be deemed invalid; provided, however, that an exclusion received from one Class Member will be deemed and construed as a request for exclusion by all co-account holders.

c.    Unless excluded by separate Order entered by the Court for good cause shown prior to the final approval of this Settlement, any Class Member who fails to strictly comply with the procedures set forth in this section for the submission of written requests for exclusion will be deemed to have consented to the jurisdiction of the Court, will be deemed to be part of the Class, and will be bound by all subsequent proceedings, orders, and judgments in the Action, including, but not limited to, the Releases, even if he or she has litigation pending or subsequently initiates litigation against Mr. O'Neal or any other Released Party relating to the Released Claims (as defined below).

d.    The Settlement Administrator shall file with the Court, no later than ten (10) days before the Fairness Hearing, a list reflecting all requests for exclusion it has received. The list shall also identify which of those requests for exclusion were received late, and which requests for exclusion failed to comply with the requirements of this section 13.

e.    Class Members who exclude themselves from the Class as set forth in this section expressly waive any right to the continued pursuit of any objection to the Settlement or to otherwise pursue any objection, challenge, appeal, dispute, or collateral attack to this Agreement or the Settlement, including: to the Settlement's fairness, reasonableness, and adequacy; to the appointment of Co-Lead Class Counsel and Plaintiffs as the representatives of the Class; to any award of Attorneys' Fee and Expense and/or Plaintiffs' General Release Payments; and to the approval of the Notice and the procedures for disseminating the Notice to the Class.

**14.    TERMINATION OF THE SETTLEMENT AGREEMENT:** Without limiting any other rights under this Agreement, Mr. O'Neal may unilaterally withdraw from and terminate this Agreement if requests for exclusion are received from potential Class Members in an amount that equals or exceeds the Termination Threshold as set out in the Parties' Supplemental Agreement.

Mr. O'Neal must exercise any such right by no later than ten (10) calendar days before the Final Approval Hearing.

15. **ATTORNEYS' FEES AND COSTS:** The Parties hereby stipulate and agree that:

a. Co-Lead Class Counsel may petition the Court for an award of Attorneys' Fees and Expenses in an aggregate amount not to exceed thirty-three percent (33%) of the Settlement Consideration. Co-Lead Class Counsel shall file their motion for an Attorneys' Fees and Expenses award no later than fourteen (14) days before the Objection/Exclusion Deadline. As soon as is practicable after filing, Co-Lead Class Counsel shall cause the Settlement Administrator to post on the Settlement Website all papers filed and served in support of Co-Lead Class Counsel's motion for an award of Attorneys' Fees and Expenses. Mr. O'Neal reserves the right to oppose any petition by Co-Lead Class Counsel (or any other Class Counsel) for Attorneys' Fees and Expenses that Mr. O'Neal deems to be unreasonable in nature or amount or otherwise objectionable.

b. All attorneys' fees for, and any reimbursement of litigation expenses incurred by, Class Counsel shall be paid out of the Settlement Consideration. Other than making available the Settlement Consideration pursuant to the requirements of section 8, Mr. O'Neal shall have no responsibility for, and no liability whatsoever with respect to, any payment of attorneys' fees or expenses to Co-Lead Class Counsel, any other Class Counsel, and/or Plaintiffs, which amounts Class Counsel and Plaintiffs shall seek to have paid only from the Settlement Consideration.

c. Co-Lead Class Counsel is solely responsible for distributing any Attorneys' Fees and Expenses to and among all attorneys that may claim entitlement to attorneys' fees or costs in the Garrison Action or the Consolidated Action. It is a condition of this Settlement that Mr. O'Neal shall not be liable to anyone else for any attorneys' fees or costs, or any claim by any other counsel or Class Member or Plaintiff, for additional attorneys' fees, costs, or expenses relating in any way to the Consolidated Action, the Settlement, its administration and implementation, any appeals of orders or judgments relating to the Settlement, any objections or challenges to the Settlement, and/or any proceedings on behalf of Class Members who do not exclude themselves from the Class based on any of the claims or allegations forming the basis of the Action or any other claims that are defined as Released Claims in this Settlement.

13

**d.**     Within forty-four (44) days after the later of (a) the Effective Date or (b) receipt of wire instructions from Co-Lead Class Counsel, whichever is later, the Settlement Administrator shall pay Co-Lead Class Counsel from the Settlement Consideration any Attorneys' Fees and Expenses and General Release Payments that may be awarded by the Court. Co-Lead Class Counsel shall be solely responsible for supplying the Settlement Administrator with all information required by the Settlement Administrator in order to pay such awards from the Settlement Consideration and to comply with the Settlement Administrator's state and local reporting obligations. Co-Lead Class Counsel will also be solely responsible for distributing such General Release Payments to Plaintiffs, in accordance with the terms and provisions of any Order entered by the Court approving such awards. Mr. O'Neal will have no responsibility or liability for the General Release Payments.

**e.**     In the event the Final Order and Judgment are not entered, or this Agreement and the Settlement do not reach the Effective Date, Mr. O'Neal will not be liable for, and shall be under no obligation to pay, the Settlement Consideration or any of the Attorneys' Fees and Expenses and General Release Payments set forth herein and described in this Agreement.

**f.**     The effectiveness of this Agreement and Settlement will not be conditioned upon or delayed by the Court's or any appellate court's failure to approve in whole or in part any petition by Plaintiffs and Class Counsel for Attorneys' Fees and Expenses and General Release Payments. The denial, downward modification, or failure to grant any petition by Plaintiffs and Class Counsel for Attorneys' Fees and Expenses and General Release Payments shall not constitute grounds for modification or termination of this Agreement or the Settlement proposed herein.

16.     GENERAL RELEASE IN FAVOR OF MR. O'NEAL: Save and except only those obligations expressly owed by Mr. O'Neal under this Settlement Agreement, Plaintiffs and the Class, including each and every Class Member and their related Releasing Parties, hereby now and forever release, remise, acquit, satisfy, and discharge Mr. O'Neal, as well as all his current and former agents, affiliates, predecessors, successors, executors, assigns, spouses, family members, heirs, employees, legal representatives, attorneys, trustees, insurers, reinsurers, and related entities (including ABG-Shaq, LLC and Authentic Brands Group, LLC), and the current and former officers, directors, employees, attorneys, agents, and representatives of any and all of them (collectively with Mr. O'Neal, the "**Released Parties**"), from any and all claims, causes of action (whether claims, counter-claims, cross-claims, third-party claims, or otherwise), lawsuits, demands, contributions, indemnities, apportionments, duties, debts, sums, suits, omissions, covenants, contracts, controversies, agreements, promises, commitments, compensation, damages, expenses, fees, and costs whatsoever, in law or equity, whether arising under state, federal, common, or administrative law or otherwise, whether direct, derivative, representative, or in any

14

other capacity, whether **known or unknown, accrued or unaccrued**, contingent or absolute, asserted or unasserted, suspected or unsuspected, disclosed or undisclosed, hidden or concealed, matured or unmatured, that concern or in any way relate to or arise out of (a) the allegations in the Garrison Action, the Consolidated Action, the Garrison Complaint, and/or the Operative Complaint, (b) any social-media posts or other statements or alleged promotional efforts by Mr. O'Neal or his related Released Parties concerning, referring, or relating to the FTX Group and/or its affiliates, the FTX Platform, YBAs, and/or FTT, (c) any other claims relating to the FTX Group, the FTX Platform, YBAs, and/or FTT, and/or (d) the defense or settlement of the Garrison Action, the Consolidated Action, or the FTX MDL, the provision of notice in connection with the Settlement, and the resolution of any claims for Settlement relief (collectively, the "**Released Claims**"); *provided, however,* that nothing in this section shall release any claim to enforce the terms of this Settlement Agreement if it becomes effective on the Effective Date. Plaintiffs have not assigned, and shall not assign, any claims that have been brought, or could be brought, against Mr. O'Neal to any person or entity, including any person or entity with standing to bring suit in the aforementioned Bankruptcy Proceedings – *i.e., In re: FTX Trading Ltd., et al.,* United States Bankruptcy Court, District Court of Delaware Case No. 22-11068 (JTD) – or in any associated case.

    a.    In connection with the foregoing release provisions (the "**Releases**"), Plaintiffs, the Class, and the other Releasing Parties shall be deemed, as of the entry of the Final Judgment, to have waived any and all provisions, rights, and benefits conferred by California Civil Code § 1542 (and any statute, rule, or legal doctrine similar, comparable, or equivalent to it), which provides: "A general release does not extend to claims that the creditor or releasing party does not know or suspect to exist in his or her favor at the time of executing the release and that, if known by him or her, would have materially affected his or her settlement with the debtor or released party." To the extent anyone might argue that California Civil Code § 1542 or any similar, comparable, or equivalent statute, rule, or legal doctrine is applicable – notwithstanding the Parties' choice of Florida law to govern this Settlement Agreement – Plaintiffs, the Class, and Class Counsel hereby agree, and each Class Member and other Releasing Party will be deemed to agree, that the provisions of all such principles of law or similar federal or state laws, rights, rules or legal principles, to the extent they are found applicable herein, are hereby knowingly and voluntarily waived, relinquished, and released. Plaintiffs and Class Counsel recognize, and each Class Member and other Releasing Party will be deemed to recognize, that, even if they might later discovery facts in addition to or different from those that they now know or believe to be true, they nevertheless agree that, upon entry of the Final Judgment, they fully, finally, and forever settle and release any and all Released Claims. The Parties acknowledge that the foregoing Releases were bargained for and are material elements of this Settlement Agreement.

  b.  "**Releasing Parties**" means Plaintiffs and the Class, including each and every Class Member, and their current and former predecessors, successors, assigns, assignors, representatives, attorneys (including Class Counsel and Co-Lead Class Counsel), agents, officers, directors, employees, affiliates, advisors, family members, estates, trustees, insurers, reinsurers, heirs, next of kin, beneficiaries, executors, and administrators, and any natural, legal or juridical person or entity that is entitled or claims to be entitled to assert any claim on behalf of any Class Member.

  17. <u>No Admission of Wrongdoing</u>: This Settlement Agreement, whether consummated or not, and any proceedings taken pursuant to it:

  a.  shall not be offered or received against Mr. O'Neal as evidence of, or construed as or deemed to be evidence of, any presumption, concession, or admission by Mr. O'Neal with respect to the truth of any fact alleged by Plaintiffs or the validity of any claim that was or could have been asserted against Mr. O'Neal in the action or in any litigation, or of any liability, negligence, fault, or wrongdoing of Mr. O'Neal;

  b.  shall not be offered or received against Mr. O'Neal as evidence of a presumption, concession, or admission of any fault, misrepresentation, or omission with respect to any statement or written document approved or made by Mr. O'Neal, or against Plaintiffs or any other members of the Class;

  c.  shall not be offered or received against Mr. O'Neal as evidence of a presumption, concession, or admission with respect to any liability, negligence, fault, or wrongdoing, or in any way referred to for any other reason in any other civil, criminal, or administrative action or proceeding, other than such proceedings as may be necessary to effectuate the provisions of this Settlement Agreement; provided, however, that if the Settlement Agreement is approved by the Court, Mr. O'Neal may refer to it to effectuate the liability protection granted to him hereunder; and

  d.  shall not be considered against Mr. O'Neal as an admission or concession that the consideration to be given hereunder represents the amount that could be or would have been recovered after trial.

  18. <u>Entire Agreement; No Oral Modifications</u>: The Settlement Agreement and the Supplemental Agreement set forth the entire agreement among the Parties as to their subject matter and may not be altered or modified except by a written instrument executed by all Parties' counsel. The Parties expressly acknowledge that there are no agreements, arrangements, or understandings among or between them concerning the settlement of the Consolidated Action other than those expressed in the Settlement Agreement and the Supplemental Agreement, and no Party has relied on any representation or warranty not set forth expressly in those agreements.

16

19. **BAR ORDER**: Plaintiffs shall request that any Order and Final Judgment entered in this action include a Complete Bar Order provision stating:

  a. Any and all persons and entities are permanently barred, enjoined, and restrained from commencing, prosecuting, or asserting any claim against any Released Party arising under any federal, state, or foreign statutory or common-law rule, however styled, whether for indemnification or contribution or otherwise denominated, including claims for breach of contract or for misrepresentation, where the claim is or arises from a Released Claim and the alleged injury to such person or entity arises from that person's or entity's alleged liability to the Class or any Class Member, including any claim in which a person or entity seeks to recover from any of the Released Parties (*i*) any amounts that such person or entity has or might become liable to pay to the Class or any Class Member and/or (*ii*) any costs, expenses, or attorneys' fees from defending any claim by the Class or any Class Member. All such claims are hereby extinguished, discharged, satisfied, and unenforceable, subject to a hearing to be held by the Court, if necessary. The provisions of this subparagraph are intended to preclude any liability of any of the Released Parties to any person or entity for indemnification, contribution, or otherwise on any claim that is or arises from a Released Claim and where the alleged injury to such person or entity arises from that person's or entity's alleged liability to the Class or any Class Member; *provided, however,* that, if the Class or any Class Member obtains any judgment against any such person or entity based upon, arising out of, or relating to any Released Claim for which such person or entity and any of the Released Parties are found to be jointly liable, that person or entity shall be entitled to a judgment credit equal to an amount that is the greater of (*i*) an amount that corresponds to such Released Party's or Released Parties' percentage of responsibility for the loss to the Class or Class Member or (*ii*) the amount paid by or on behalf of Mr. O'Neal to the Class or Class Member for common damages, unless the court entering such judgment orders otherwise.

  b. Each and every Released Party is permanently barred, enjoined, and restrained from commencing, prosecuting, or asserting any claim against any other person or entity (including any other Released Party) arising under any federal, state, or foreign statutory or common-law rule, however styled, whether for indemnification or contribution or otherwise denominated, including claims for breach of contract and for misrepresentation, where the claim is or arises from a Released Claim and the alleged injury to such Released Party arises from that Released Party's alleged liability to the Class or any Class Member, including any claim in which any Released Party seeks to recover from any person or entity (including another Released Party) (*i*) any amounts that any such Released Party has or might become

liable to pay to the Class or any Class Member and/or (*ii*) any costs, expenses, or attorneys' fees from defending any claim by the Class or any Class Member.  All such claims are hereby extinguished, discharged, satisfied, and unenforceable.

c.     Notwithstanding anything stated in the Complete Bar Order, if any person or entity (for purposes of this subparagraph, a "petitioner") commences against any of the Released Parties any action either (*i*) asserting a claim that is or arises from a Released Claim and where the alleged injury to such petitioner arises from that petitioner's alleged liability to the Class or any Class Member or (*ii*) seeking contribution or indemnity for any liability or expenses incurred in connection with any such claim, and if such action or claim is not barred by a court pursuant to this section 19 or is otherwise not barred by the Complete Bar Order, neither the Complete Bar Order nor the Settlement Agreement shall bar claims by that Released Party against (*i*) such petitioner, (*ii*) any person or entity who is or was controlled by, controlling, or under common control with the petitioner, whose assets or estate are or were controlled, represented, or administered by the petitioner, or as to whose claims the petitioner has succeeded, and (*iii*) any person or entity that participated with any of the preceding persons or entities described in items (*i*) and/or (*ii*) of this subparagraph in connection with the assertion of the claim brought against the Released Party or Released Parties.

d.     If any term of the Complete Bar Order entered by the Court is held to be unenforceable after the date of entry, such provision shall be substituted with such other provision as may be necessary to afford all of the Released Parties the fullest protection permitted by law from any claim that is based upon, arises out of, or relates to any Released Claim.

e.     Nothing in the Complete Bar Order shall (*i*) expand the release provided by Class Members and other Releasing Parties to the Released Parties under section 16 above or (*ii*) bar any persons who are excluded from the Class by definition or by request from asserting any Released Claim against any Released Party.  Notwithstanding the Complete Bar Order or anything else in the Settlement Agreement, (*i*) nothing shall prevent the Parties from taking such steps as are necessary to enforce the terms of the Settlement Agreement, and (*ii*) nothing shall release, interfere with, limit, or bar the assertion by any Released Party of any claim for insurance coverage under any insurance, reinsurance, or indemnity policy that provides coverage respecting the conduct and claims at issue in the Garrison Action or the Consolidated Action.

f.     The Parties acknowledge that the Complete Bar Order is a bargained-for and material element of this Settlement Agreement.

18

20. **DISCLOSED INFORMATION SHALL BE KEPT CONFIDENTIAL:** The Parties hereby represent and warrant that any confidential information that they have received from any other Party shall not be disclosed.

21. **NON-DISPARAGEMENT:** No Party shall make any comments or remarks relating to the subject matter of this action that might have an effect on the reputation of any other Party to this Settlement Agreement, and the Parties stipulate and agree that this non-disparagement provision is a material inducement for the Parties to enter into this Settlement Agreement.

22. **COOPERATION:** The Parties agree to cooperate in good faith with regard to the execution of any additional documents, and the performance of additional tasks, reasonably necessary or desirable to effectuate and implement the terms and conditions of this Settlement Agreement.

23. **GOVERNING LAW; VENUE; SUBMISSION TO JURISDICTION:** The Parties hereby stipulate and agree as follows:

    a. **GOVERNING LAW:** This Agreement shall be construed and enforced pursuant to the laws of the State of Florida, both substantive and procedural.

    b. **VENUE:** The Parties hereby agree that the exclusive venue for any action arising under or in any way related to this Settlement Agreement shall be the United States District Court for the Southern District of Florida, and all Parties hereby expressly waive any objection or defense that such venue is an inconvenient or otherwise improper forum for any dispute arising under or in any way related to this Settlement Agreement.

    c. **JURISDICTION:** All Parties recognize that all disputes arising from or in any way related to this Settlement Agreement shall be subject to the continuing and exclusive jurisdiction of the United States District Court for the Southern District of Florida, and all Parties hereby waive any and all objections to personal jurisdiction as they may relate to the enforcement of the terms of this Agreement in that Court.

24. **ADMISSIBILITY:** This document is to be deemed a "settlement agreement" and, therefore, is not admissible in a court of law or equity other than to enforce its terms and conditions.

25. **INTERPRETATION:** Each of the Parties to this Settlement Agreement has been represented by legal counsel or has had the opportunity to consult with legal counsel throughout the negotiations and drafting of this Settlement Agreement and has had the opportunity to adequately confer with counsel with respect thereto. In the event a dispute arises among the Parties regarding the interpretation of any term of this Settlement Agreement, the Parties shall be considered collectively to be the drafting party, and any rule of construction to the effect that

ambiguities are to be resolved against the drafting party shall be inapplicable. As a result, this Settlement Agreement shall not be more strictly construed against any one Party or in favor of any other Party.

26. **SCOPE OF BINDING EFFECT:** This Settlement Agreement shall be binding upon and inure to the benefit of the respective successors and assigns of the Parties.

27. **ATTORNEYS' FEES AND COSTS:** Should any proceedings be required to enforce the terms and conditions of this Settlement Agreement, the "prevailing party" shall be entitled to recover its reasonable attorneys' fees and costs incurred, as well as the reasonable value of all costs incurred but not yet paid, in connection with such dispute from the "non-prevailing party." This provision applies to fees and costs incurred both at trial and appellate levels, including petitions (if any), as well as fees and costs incurred in arbitration proceedings or any other forum (if any). The prevailing party shall be entitled to recover not only those fees and costs incurred in conjunction with all efforts to achieve prevailing-party status and to determine entitlement to fees and costs, but also those fees and costs incurred in conjunction with all efforts to establish the proper amount of such fees and costs. Finally, this provision applies to fees and costs incurred in post-judgment collection proceedings (if any).

28. **COUNTERPARTS/ORIGINALS:** This Settlement Agreement may be executed in counterparts, each of which will be deemed an original, but all of which together will constitute the same instrument. A fax or portable document format (PDF) of this Settlement Agreement and all signatures thereon will be deemed a duplicate original of the Settlement Agreement and may be used by any Party to this Settlement Agreement in the same manner as an original copy of this Settlement Agreement.

29. **NOTICES:** Any notice or demand required or permitted by any provision of this Agreement (other than the requirements of sections 12 and 13 regarding objections and requests for exclusion) shall be deemed sufficient if it is delivered via e-mail as follows:

|  |  |
|---|---|
| If to Plaintiffs: | Adam M. Moskowitz |
| | Joseph M. Kaye |
| | **THE MOSKOWITZ LAW FIRM, PLLC** |
| | adam@moskowitz-law.com |
| | joseph@moskowitz-law.com |
| | service@moskowitz-law.com |
| | |
| | -and- |
| | |
| | David Boies |
| | Brooke Alexander |
| | **BOIES SCHILLER FLEXNER LLP** |
| | dboies@bsfllp.com |
| | balexander@bsfllp.com |

If to Mr. O'Neal:          Rachel O. Wolkinson
                           Stephen A. Best
                           **Brown Rudnick LLP**
                           rwolkinson@brownrudnick.com
                           sbest@brownrudnick.com

**30.** **WAIVER OF JURY TRIAL:** THE PARTIES HEREBY KNOWINGLY, IRREVOCABLY, VOLUNTARILY, AND INTENTIONALLY WAIVE ANY RIGHT EITHER MAY HAVE TO A TRIAL BY JURY WITH RESPECT TO ANY ACTION, DEFENSE, COUNTERCLAIM, OR OTHER PROCEEDING ARISING UNDER OR IN ANY WAY RELATED TO THIS SETTLEMENT AGREEMENT, AND THE PARTIES RECOGNIZE THAT THIS PROVISION IS A MATERIAL INDUCEMENT FOR THE PARTIES' ENTERING INTO THIS SETTLEMENT AGREEMENT.

**IN WITNESS WHEREOF,** the Parties to this Agreement have caused this document to be executed and delivered at Miami-Dade County, Florida.

CLASS REPRESENTATIVES:

By: _____          Dated:  April 1, 2025
ADAM MOSKOWITZ
Co-Lead Counsel for the Class
Representatives and the Proposed Class

By: _____          Dated:  April __, 2025
DAVID BOIES
Co-Lead Counsel for the Class
Representatives and the Proposed Class

DEFENDANT:

By: _/s/ Rachel O. Wolkinson_          Dated:  April 1, 2025
RACHEL O. WOLKINSON
Counsel for Shaquille O'Neal

21