IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

| | |
|---|---|
| **IN RE: FTX CRYPTOCURRENCY EXCHANGE COLLAPSE LITIGATION** | Case No. 23-md-03076-KMM<br>MDL No. 3076 |
| This Document Relates To:<br><br>**Promoters and Digital Creators** | |

**S&E DEFENDANTS' RESPONSE IN OPPOSITION TO
MDL PLAINTIFFS' MOTION TO LIFT DISCOVERY STAY, ENTER PROTECTIVE
ORDER, AND ADOPT PROPOSED CASE MANAGEMENT SCHEDULE**

The Sports and Entertainment Defendants ("S&E Defendants")[1] oppose Plaintiffs' Motion to Lift Discovery Stay, Enter Protective Order, and Adopt Proposed Case Management Schedule [ECF No. 916] (the "Motion") for the reasons stated below.

**RELEVANT BACKGROUND**

From the start, Plaintiffs have sought to leverage the threat of intrusive discovery from high profile public figures and companies to induce settlements notwithstanding the absence of any specific allegations tying any of the S&E Defendants to any alleged fraud. Indeed, this motion

---

[1] The S&E Defendants are Thomas Brady, Gisele Bündchen, Lawrence David, Kevin O'Leary, Udonis Haslem, Stephen Curry, Golden State Warriors, LLC, David Ortiz, Shohei Ohtani, MLB Players, Inc., Naomi Osaka, Solomid Corporation d/b/a Team Solomid, TSM and/or TSM FTX, Lincoln Holdings LLC, Furia Esports LLC, Furiagg, Corp., Furia Experience LLC, Mercedes-Benz Grand Prix Limited, Dentsu McGarry Bowen LLC ("Dentsu"), Wasserman Media Group, LLC ("Wasserman"), Riot Games, Inc., North America League of Legends Championship Series LLC, Major League Baseball Properties, Inc., MLB Advanced Media, L.P., The MLB Network, LLC, and The Office of the Commissioner of Baseball.

1

represents Plaintiffs' fourth request for some form of discovery in this one MDL track alone.[2] Although the Court permitted narrow jurisdictional discovery against select defendants, it has stayed all merits discovery in this MDL pending adjudication of *all* "outstanding motions to dismiss." Dec. 18, 2023 Order at 5 [ECF No. 422] (citing *Chudasama v. Mazda Motor Corp.*, 123 F.3d 1353, 1367 (11th Cir. 1997)).

That stay has already generated substantial efficiencies. On May 7, 2025, the Court dismissed twelve of Plaintiffs' fourteen claims in the cases against the initial S&E[3] and Youtuber[4] Defendants, leaving only two unregistered securities claims under Florida and Oklahoma law.[5] As to two of the newly "joined" S&E Defendants[6]—Dentsu and Wasserman—the Court denied their Joint Motion to Dismiss [ECF No. 506] without prejudice and explained that "Defendants

---

[2] [ECF Nos. 348, 538, 838, 916].

[3] The initial S&E Defendants are Thomas Brady, Gisele Bündchen, Kevin O'Leary, Udonis Haslem, David Ortiz, Stephen Curry, Golden State Warriors, LLC, Shohei Ohtani, Naomi Osaka, Solomid Corporation d/b/a Team Solomid, TSM and/or TSM FTX.

[4] Youtuber Defendants refers to Jaspreet Singh, Erika Kullberg and Creators Agency, LLC.

[5] *See generally* May 7, 2025 Order [ECF No. 890].

[6] The "joined" S&E Defendants are Lincoln Holdings LLC, Furia Esports LLC, Furiagg, Corp., Furia Experience LLC, MLB Players, Inc., Riot Games, Inc., North America League of Legends Championship Series LLC, Major League Baseball Properties, Inc., MLB Advanced Media, L.P., The MLB Network, LLC, The Office of the Commissioner of Baseball, Mercedes-Benz Grand Prix Limited, Dentsu, and Wasserman.

Wasserman and Dentsu may reraise any relevant arguments in response to Plaintiffs' forthcoming Amended Complaint." May 19, 2025 Order at 5.

Since that time, Plaintiffs' case has only gotten weaker. The bankruptcy court has announced that it will reimburse FTX claimants between 119% and 143% of the value of their claims as of the petition date. *See* Disclosure Statement, *In re FTX Trading Ltd.*, No. 22-11068 (Bankr. D. Del.), ECF No. 19143 at 12–22. And the Securities and Exchange Commission recently advised that asset staking programs—which FTX undisputedly advertised YBAs to be, Am. Compl. ¶¶ 281–82—are *not* securities at all. U.S. Sec. & Exch. Comm'n, *Statement on Certain Protocol Staking Activities* (May 29, 2025), https://www.sec.gov/newsroom/speeches-statements/statement-certain-protocol-staking-activities-052925 ("It is the Division's view that 'Protocol Staking Activities' (as defined below) in connection with Protocol Staking do not involve the offer and sale of securities within the meaning of Section 2(a)(1) of the Securities Act of 1933 (the 'Securities Act') or Section 3(a)(10) of the Securities Exchange Act of 1934 (the 'Exchange Act')," and therefore "do not need to [be] register[ed]").

Nevertheless, although the Court has yet to rule on the twenty-nine motions to dismiss now pending in the other MDL tracks or substantively on *any* motions to dismiss from the fourteen "joined" S&E Defendants,[7] Plaintiffs are, once again, prematurely seeking broad discovery from the S&E and Youtuber Defendants.[8] Less than a week after the Court's decision dismissing the bulk of their case against the S&E Defendants, Plaintiffs requested a status conference, seeking

---

[7] ECF Nos. 262, 264, 267, 267, 275, 276, 281, 283, 296, 297, 298, 298, 299, 301, 302, 303, 497, 498, 499, 506, 707, 708, 815, 816, 817, 818, 819, 822, 823.

[8] MDL Pltfs.' Request for Status Conference [ECF No. 896].

3

the Court's "guidance" on discovery as well as entry of a Uniform Protective Order and Case Management Schedule.[9] The Court denied the request but directed Plaintiffs to file the instant Motion should they wish to lift the discovery stay.[10] The Court also directed the parties to file joint Protective and Case Management Orders, identifying any areas of disagreement as needed.[11]

On May 28, 2025, Plaintiffs filed a 519-page Amended Administrative Class Action Complaint against the "Promoters and Digital Creator Defendants." [ECF No. 908 ("Amended Complaint")].[12] Although the Amended Complaint has abandoned 11 of the 14 initially pled claims, it is 206 pages and 396 paragraphs *longer* than its predecessor—spanning over 1,200 paragraphs of allegations and asserting a repleaded California unregistered securities claim in addition to the Florida and Oklahoma securities claims.

The S&E Defendants intend to file a joint motion to dismiss the Amended Complaint in its entirety. Plaintiffs incorrectly claim that this motion will be directed only at their California securities claim. Mot. at 3. The S&E Defendants—including the Defendants who have yet to file *any* motion to dismiss in this action—intend to move to dismiss *all* of Plaintiffs' securities claims. In addition to addressing the inadequacy of Plaintiffs' unregistered securities claims, the S&E Defendants will demonstrate that recent developments in the FTX bankruptcy raise serious concerns about the viability of Plaintiffs' claims. The Amended Complaint itself describes the

---

[9] *Id.*

[10] May 19, 2025 Order at 5.

[11] *Id.* at 5.

[12] As ordered, [ECF No. 900], the Amended Complaint encompasses both the "initial" and the fourteen "joined" S&E Defendants.

return of "over $4.5 billion to [FTX] creditors"[13] in the FTX bankruptcy proceeding, and it appears some of the named Plaintiffs have already received 120% of the amounts they deposited with FTX, and may receive up to 143%.[14] Indeed, a settlement agreement between the FTX Debtors and MDL Plaintiffs approved in the bankruptcy indicates that the putative class representative Plaintiffs in this MDL will personally receive over a million dollars in payments. *See In re FTX Trading Ltd.*, No. 22-11068 (Bankr. D. Del.), ECF No. 26866, Ex. D. In addition, based on publicly available information, it appears that one or more Plaintiffs may be bound to arbitrate their claims, and that Defendants are empowered to assert those arbitral rights given the nature of Plaintiffs' theories and allegations in the Amended Complaint. *See* ECF No. 264.

On June 2, 2025, Plaintiffs filed the instant Motion, requesting that the Court lift the discovery stay as to all Defendants named in the Amended Complaint. Notably, this Motion—which unilaterally requests that the Court enter Plaintiffs' proposed Uniform Protective Order and Case Management Schedule for the "Promoter Track"—was filed while the parties were still conferring and before the S&E Defendants had even finished reviewing Plaintiffs' proposed Protective Order. [ECF No. 916 at 1].

For the foregoing reasons, the S&E Defendants respectfully ask that the Court deny the Motion in its entirety.

---

[13] Am. Compl. ¶ 1.

[14] Disclosure Statement, *In re FTX Trading Ltd.*, No. 22-11068 (Bankr. D. Del.), ECF No. 14301 (projecting that customers will be reimbursed 119–143% of holdings).

5

## ARGUMENT

The S&E Defendants oppose Plaintiffs' Motion and request that the Court leave the discovery stay in place. Preserving the existing stay of discovery until the Court has an opportunity to rule on *all* MDL Defendants' motions to dismiss—including the S&E Defendants' forthcoming motion to dismiss—continues to serve its purpose of streamlining pretrial proceedings, reducing unnecessary expenses, and preserving judicial resources. Accordingly, the Court should deny Plaintiffs' request to lift the stay of discovery. In addition, the Court should enforce its May 19, 2025 Order and require them to file a jointly proposed Protective Order and Joint Case Management Order—and deny Plaintiffs' request that the Court enter Plaintiffs' one-sided and impractical proposed orders that they unilaterally filed before the S&E Defendants even had an opportunity to provide comments.

### I. The Court Should Leave the Existing Discovery Stay in Place.

The Court previously stayed discovery in this action until adjudication of all pending motions to dismiss in this MDL. Dec. 18, 2023 Order at 5 (citing *Chudasama*, 123 F.3d at 1367). In *Chudasama*, the Eleventh Circuit Court of Appeals observed that "any legally unsupported claim that would unduly enlarge the scope of discovery should be eliminated before the discovery stage, if possible." *Id.* at 1368. Indeed, "[a]llowing a case to proceed through the pretrial processes with an invalid claim that increases the costs of the case does nothing but waste the resources of the litigants in the action before the court" and "squander scarce judicial resources[.]" *Id.*

Concerns about wasteful costs and judicial resources in pretrial proceedings are magnified in the context of multidistrict litigation ("MDL") involving dozens of defendants. As Plaintiffs acknowledge, an MDL is intended as a "mechanism for efficient handling of mass tort lawsuits by consolidating them in a single court for pretrial proceedings . . . *to reduce duplication of effort, ensure consistency in rulings, and promote judicial economy*." Mot. at 2 n.2.

That concern is particularly relevant here. The present MDL involves seven different tracks involving scores of parties. Although Plaintiffs request lifting the stay only as to the "Promoter Defendants," the practical effect of lifting the stay as to one MDL track would be to impose discovery obligations on defendants in other tracks as well. Plaintiffs assert the *same* Florida and Oklahoma securities-law claims against other defendants that they assert against the S&E Defendants. *See* ECF Nos. 157 (Count Five), 158 (Count Three), 178 (Count One), 783 (Counts One and Two), 607 (Counts One and Thirteen), No. 1:23-cv-24478, ECF No. 1 (Counts One and Thirteen), No. 1:23-cv-24480, ECF No. 1 (Counts One and Thirteen), No. 1:24-cv-21296, ECF No. 1 (Counts One and Fourteen), No. 1:24-cv-20895, ECF No. 1 (Counts One and Thirteen), No. 1:24-cv-21158, ECF No. 1 (Counts One and Fourteen). The majority of the information relevant to this dispute is in the hands of third parties—namely, FTX and its affiliates. All Parties will need discovery from FTX and its affiliates to answer basic questions about how these products worked, whether they were securities, when they were offered, where they were offered, etc. Coordinating complex and overlapping discovery like this is the primary purpose of this MDL. *See In re Glucagon-Like Peptide-1 Receptor Agonists Prods. Liab. Litig.*, 717 F. Supp. 3d 1370, 1373 (J.P.M.L. 2024) (finding creation of MDL appropriate "to eliminate duplicate discovery" where similar claims "are likely to involve some common discovery"). Simply put, the discovery required in the Promoter Track will also be required in the other MDL tracks, so it would be inefficient to commence discovery until the Court rules on *all* pending motions to dismiss.

There are other issues that cut across cases too. For example, Plaintiffs have pled several "facts" in their Amended Complaint that appear to directly contradict publicly available information, including, among other things, (1) that FTX was headquartered in Florida, *see* Am. Compl. ¶ 21; *but see* Disclosure Statement, *In re FTX Trading Ltd.*, No. 22-11068 (Bankr. D. Del.),

7

ECF No. 19143 (stating that "FTX Group was primarily a non-U.S. business, with both the Alameda trading business and the FTX.com exchange managed from The Bahamas"); First Day Notice, No. 22-11068 (Bankr. D. Del.), ECF No. 115-1 (stating that FTX's U.S. subsidiary was "in process" of moving to Miami); (2) there is "no guarantee" FTX customers will be able to recover from the bankruptcy, Am. Compl. ¶ 20; *but see* Disclosure Statement, *In re FTX Trading Ltd.*, No. 22-11068 (Bankr. D. Del.), ECF No. 19143 (projecting that customers will be reimbursed 119-143% of holdings), *id.*, ECF No. 26866, Ex. D (approving over one million dollars of allowed claims for the putative class representative Plaintiffs in this MDL); and (3) that FTX customers were defaulted into YBAs, Am. Compl. ¶ 38 (alleging that customers were defaulted into YBAs); *but see* Am. Compl. ¶ 292 (citing article indicating that the "FTX Trading App Earn" (*i.e.*, YBAs) are "available only" to customers "in one of the FTX permitted jurisdictions," which excludes the United States); *see also* Am. Compl. ¶ 115 (acknowledging that customers "*could* open" YBAs "and/or other accounts") (emphasis added).

These and many other issues cut across the various MDL cases. This discovery will already be challenging to coordinate given the number of parties and the reality that certain FTX representatives are potentially unavailable and/or already managing a complex bankruptcy process. It makes little sense to subject these third parties to multiple rounds of duplicative discovery, nor to allow one MDL track to jump ahead on key issues that impact the MDL as a whole. Indeed, the coordination of this sort of cross-cutting discovery was part of Plaintiffs' own justification for seeking this MDL. *See* Brief in Support of Motion to Transfer, *In re: FTX Cryptocurrency Exchange Collapse Litigation*, MDL No. 3076 (J.P.M.L), ECF No. 1.1 at 19 (stating that transfer and consolidation of FTX-related cases into an MDL will promote the goals of 28 U.S.C. § 1407 "by conserving judicial resources, reducing litigation costs, preventing

8

potentially inconsistent pretrial rulings, *eliminating duplicative discovery*, and permitting the cases to proceed more efficiently") (emphasis added). Thus, it is appropriate to leave in place the existing stay of discovery pending adjudication of all the MDL Defendant tracks' joint motions to dismiss. *See, e.g.*, *In re Managed Care Litig.*, No. 00-1334, 2001 WL 664391, at *3 (S.D. Fla. June 12, 2001) (granting stay of discovery as to one track of defendants in multidistrict litigation pending resolution of all tracks' motions to dismiss because "[d]iscovery in this case has the potential to consume vast resources from all litigants" and "[t]he Court does not desire to see a duplication of effort").

Preserving the discovery stay pending adjudication of the S&E Defendants' forthcoming motion to dismiss will also reduce duplication of effort and promote judicial economy within the Promoter Track. For example, the newly repleaded California securities claim includes a unique element—intent to deceive or defraud—which the Court previously held Plaintiffs failed to adequately allege. *See* May 7, 2025 Order at 20–22. If the California securities claim is dismissed again before discovery, this would eliminate the need for discovery relating to this element, which the Court held is absent from Plaintiffs' other claims under Florida and Oklahoma law. This alone warrants preserving the existing stay of discovery. *See Chudasama*, 123 F.3d at 1368 (observing that lone fraud count "contributed greatly to the discovery disputes" because plaintiff could "seek much broader discovery with the fraud count in the complaint than without it" and stating "these problems could have been solved had the district court simply ruled on [the defendant's] motion to dismiss the fraud claim").[15]

---

[15] *See also Moore v. Potter,* 141 F. App'x 803, 808 (11th Cir. 2005) (affirming stay of discovery pending motion to dismiss for failure to state a claim); *McCloskey v. Mueller*, 446 F.3d 262, 271

In addition, the S&E Defendants' forthcoming motion to dismiss will be the first time the Court will rule on the adequacy of Plaintiffs' claims as to the fourteen newly joined Defendants and in light of subsequent developments in both the law and on the facts. Many, if not all, of the new Defendants will raise specific deficiencies in the allegations against them. Eliminating unsupported claims would limit discovery (and discovery disputes), including as to those Defendants with unique defenses. For example, Furia is alleged only to have done Portuguese-language promotions with no suggestion that these promotions were directed at (or reached) Florida, California, or Oklahoma customers. *See* Am. Compl. ¶¶ 917–31. And Wasserman and Dentsu are not alleged to have appeared in a single advertisement, let alone personally "urge[d] or persuade[d] another to buy a *particular security*." *Wildes v. BitConnect Int'l PLC*, 25 F.4th 1341, 1346 (11th Cir. 2022) (emphasis added).

Staying discovery until after all motions to dismiss have been resolved will streamline discovery and reduce or eliminate duplication of effort. In their request for a status conference, Plaintiffs stated they "would like to serve narrow discovery upon these FTX Defendants regarding the [Florida and Oklahoma securities claims]."[16] MDL Pls.' Request for Status Conference ¶ 1.

---

(1st Cir. 2006) ("When evaluating a motion to dismiss, the trial court must decide in the first instance whether the plaintiff is entitled to undertake discovery at all.").

[16] To characterize this initial round of discovery as "narrow" is a misnomer. In their Motion, Plaintiffs state that they intend to serve requests for documents, interrogatories, and requests for admission, and take depositions of corporate representatives. Even these illustrative discovery requests (which almost certainly do not represent the universe of discovery they will seek should the Court grant this motion) are extraordinarily broad. They include numerous "all documents"

10

This suggests that Plaintiffs intend to conduct at least two rounds of discovery: an initial phase now and another round later relating to the newly repleaded California securities claim, if the Court permits that claim to proceed. But this too would result in the S&E Defendants being forced to conduct two or more rounds of document collection, searches, reviews, and productions and/or sit for multiple depositions, all which would needlessly multiply discovery costs. Rather than conduct piecemeal discovery—increasing duplication of effort in responding to discovery requests, identifying responsive materials, and resolving discovery disputes—the more prudent course is to "measure twice and cut once"[17] before proceeding to discovery—especially in a complex MDL where certain issues—and the bulk of third-party discovery—cut across the different tracks.

Preserving the existing stay of discovery until the Court has an opportunity to rule on the S&E Defendants' forthcoming motion to dismiss as well as the other outstanding motions to dismiss, as the Court originally ordered, *see* Dec. 18, 2023 Order at 5 [ECF No. 422], will ensure that discovery proceeds only as to legally supported claims—preventing unnecessary litigation costs and preserving judicial resources. Plaintiffs' suggestion that Defendants would bear no real

---

requests, as well as requests for privileged materials ("all documents concerning any and all due diligence, investigations, and/or research conducted by . . . all legal representatives," RFP No. 3(e)), and materials likely to be in the hands of third parties, *see* RFP No. 3(d) (requesting "internal communications, memoranda, presentations, analyses, or strategy documents concerning the use, selection, or performance of promoter defendants or other compensated promoters, on behalf of the FTX entities").

[17] *Quantum Corp. v. Riverbed Tech.*, No. C 07-04161, 2008 WL 314490, at *3 (N.D. Cal. Feb. 4, 2008).

11

discovery burden here is incorrect. There are dozens of parties in what Plaintiffs claim is an "unprecedented [] global class action securities case." Am. Compl. ¶ 1. Accordingly, the Court should deny Plaintiffs' motion to lift the stay of discovery.

Further, it is not just Plaintiffs' purportedly "narrow" discovery (which is not actually narrow at all) that is at issue here. If the Court lifts the discovery stay, Defendants will need to seek discovery as well. And while that discovery no doubt will be unique for each of the dozens of defendants in this action, it would also substantially overlap with the discovery defendants in the other six tracks intend to seek—creating significant inefficiencies. By way of example only, the S&E Defendants would pursue discovery to test threshold issues regarding whether, in light of the FTX bankruptcy recoveries, Plaintiffs have suffered any recoverable loss of any kind; the extent to which Plaintiffs' and the classes' claims are subject to binding arbitration; and whether Plaintiffs have misstated key facts alleged in their Amended Complaint, including the availability and alleged "default" nature of YBAs, the alleged residence of FTX in Florida, and whether the products Plaintiffs challenge were even offered to U.S. customers. Defendants' discovery also would explore when Plaintiffs opened accounts at FTX; what accounts Plaintiffs opened; what alleged "securities" Plaintiffs purchased or traded on FTX; what, if anything, Plaintiffs paid to "purchase" securities; what advertisements or marketing campaigns, if any, they viewed prior to purchasing the alleged securities; whether they purchased their securities in the United States and from what FTX entity; and whether they used a VPN to disguise their location in order to trade in securities not available in the United States.

The bottom line is that discovery in this case will balloon if and when the Court lifts the discovery stay. That time should not be now, for all the reasons discussed above.

**II.     The Court Should Reject Plaintiffs' Unilaterally Proposed and Unreasonable Case Management and Protective Orders.**

Plaintiffs disregarded the Court's instructions, including the Court's order for the Parties to provide the Court with a proposed Joint Uniform Protective Order and a Joint Amended Case Management Order.[18] The S&E Defendants were in the midst of conferring in good faith with Plaintiffs on both proposed orders when Plaintiffs filed their Motion. As communicated to Plaintiffs, the S&E Defendants—which now number 25 individuals and entities represented by a dozen law firms—were in the process of reviewing Plaintiffs' proposed Protective Order and had indicated that they would provide revisions back to them. *See* Mot., Ex. B at 4 [ECF No. 916-2].

As for the Case Management Order, the S&E Defendants informed Plaintiffs that they did not believe a Case Management Order was possible until the Court had determined whether discovery should proceed before or after resolution of the forthcoming motions to dismiss. The S&E Defendants therefore suggested that the parties continue to confer on the Case Management Order following a ruling on the discovery motion, which ruling would substantially impact any proposed schedule. *Id.* Plaintiffs responded by unilaterally filing their own proposed orders with the Court a few days later. *See* Mot. at 10.

In addition to disregarding the Court's request for joint orders that identify areas of disagreement,[19] Plaintiffs' proposed orders are unreasonable. The case management schedule, which envisions a trial thirteen months from now, is wholly unworkable. The proposed deadline for initial disclosures has already come-and-gone; there are motions to dismiss yet to be filed and decided; and (as explained above) discovery will need to be coordinated not just among the many

---

[18] May 19, 2025 Order at 5.

[19] May 19, 2025 Order at 4.

13

defendants in the Promoter Track, but across the entire MDL—not to mention with the FTX entities in bankruptcy proceedings—and many of the other MDL cases themselves have substantive motions now pending before the Court. *See supra* Part I. Indeed, entering a case management schedule now as to one track also defeats the purpose of this MDL—to reduce duplication of effort and conserve judicial resources. It makes no sense for one track to proceed through discovery, class certification, experts, and pretrial motions, when those pretrial proceedings are common to all MDL tracks. Keeping all MDL tracks in sync is the more prudent course.

Likewise, Plaintiffs' "simpl[e] additions" to the Magistrate's Protective Order include an improper provision that would permit Plaintiffs to share Defendants' confidential materials with "any attorneys, staff, and consultants representing or working on behalf of the FTX Estate" in the FTX bankruptcy "or any FTX-related litigation in which the FTX Estate is a party or has a legal interest." Mot., Ex. A ¶ 6 [ECF No. 916-1]. The FTX Estate is not a party to this MDL, and the S&E Defendants object to this wholly inappropriate provision, among other provisions, of Plaintiffs' unilaterally proposed Protective Order.

The Court should therefore deny Plaintiffs' premature and unilteral request to enter their preferred protective order and case schedule and allow the Parties to complete the conferral process.

## **CONCLUSION**

The present stay of discovery should remain in place pending disposition of *all* MDL Defendants' motions to dismiss—including the S&E Defendants' forthcoming motion to dismiss—for the same reasons the Court stayed discovery in the first instance: to streamline pretrial proceedings among dozens of defendants, minimize duplicative discovery for parties and

third parties, eliminate factually unsupported legal claims, and prevent needless expense and waste of judicial and party resources in resolving piecemeal discovery disputes.

As to the other issues, the S&E Defendants remain willing to continue to confer in good faith on a joint Protective Order. The S&E Defendants likewise remain willing to confer in good faith on a Case Management Order with the benefit of this Court's guidance on whether discovery will proceed in one phase (as the S&E Defendants believe is prudent) or multiple piecemeal phases (as Plaintiffs request). As the Court initially ordered, any proposed *joint* proposals can then "identify any differences that the Parties are unable to resolve."[20]

For the foregoing reasons, S&E Defendants request that the Court deny Plaintiffs' Motion.

Dated: June 16, 2025.                              Respectfully submitted,

/s/ *Andrew Balthazor*

**LATHAM & WATKINS LLP**
Andrew B. Clubok (*pro hac vice*)
*andrew.clubok@lw.com*
Susan E. Engel (*pro hac vice*)
*susan.engel@lw.com*
Brittany M.J. Record (*pro hac vice*)
*brittany.record@lw.com*
555 Eleventh Street, N.W., Suite 1000
Washington, D.C. 20004-1304
Tel: +1.202.637.2200

Marvin S. Putnam (*pro hac vice*)
*marvin.putnam@lw.com*
Jessica Stebbins Bina (*pro hac vice*)
*jessica.stebbinsbina@lw.com*
10250 Constellation Blvd., Suite 1100
Los Angeles, California 90067
Tel: +1.424.653.5500

Michele D. Johnson (*pro hac vice*)
*michele.johnson@lw.com*

**HOLLAND & KNIGHT LLP**
Andrew W. Balthazor (Fla. Bar No. 1019544)
*andrew.balthazor@hklaw.com*
Stephen P. Warren (Fla. Bar No. 788171)
*stephen.warren@hklaw.com*
Brandon T. White (Fla. Bar No. 106792)
*brandon.white@hklaw.com*
701 Brickell Avenue, Suite 3300
Miami, Florida 33131
Tel. (305) 374-8500

*Attorneys for Defendant Wasserman Media Group, LLC*

**BUCHANAN INGERSOLL & ROONEY PC**
Lauren V. Humphries (Fla. Bar No. 0117517)
*lauren.humphries@bipc.com*
Mark A. Kornfeld (Fla. Bar No. 1019233)
*mark.kornfeld@bipc.com*
401 East Jackson Street, Suite 2400
Tampa, FL 33602

---

[20] May 19, 2025 Order at 4.

650 Town Center Drive, 20th Floor
Costa Mesa, California 92626-1925
Tel: +1.714.540.1235

*Attorneys for Defendants Thomas Brady, Gisele Bündchen, Lawrence David, FuriaGG Corp, Furia Esports LLC, Furia Experience LLC, Lincoln Holdings LLC, Mercedes F1, and Mercedes-Benz Grand Prix Limited*

**COLSON, HICKS, EIDSON, P.A.**
Roberto Martínez (Fla. Bar No. 305596)
*bob@colson.com*
Stephanie A. Casey (Fla. Bar No. 97483)
*scasey@colson.com*
Zachary Lipshultz (Fla. Bar. No. 123594)
*zach@colson.com*
255 Alhambra Circle, Penthouse
Coral Gables, Florida 33134
(305) 476-7400

*Attorneys for Defendants Thomas Brady, Gisele Bündchen, Lawrence David, Mercedes-Benz Grand Prix Limited, Golden State Warriors, LLC, Naomi Osaka, and Riot Games*

**HECKER FINK LLP**
Sean Hecker
*shecker@heckerfink.com*
John Quinn
*jquinn@heckerfink.com*
Sabrina Alvarez-Correa
*salvarezcorrea@heckerfink.com*
Hecker Fink LLP
350 Fifth Avenue, 63rd Floor
New York, NY 10118
(212) 763-0883

*Attorneys for Defendants Office of the Commissioner of Baseball d/b/a Major League Baseball, Major League Baseball Properties, Inc., MLB Advanced Media, L.P., and The MLB Network, LLC*

Telephone: 813-222-8180

*Attorneys for Defendant Dentsu McGarry Bowen LLC*

**WEIL, GOTSHAL & MANGES LLP**
Pravin R. Patel
*pravin.patel@weil.com*
Alli G. Katzen
*alli.katzen@weil.com*
1395 Brickell Avenue, Suite 1200
Miami, FL 33131-3368
Phone: (305)-577-3100

Yehudah L. Buchweitz
*yehudah.buchweitz@weil.com*
Zachary A. Schreiber
*zach.schreiber@weil.com*
767 Fifth Avenue
New York, New York 10153
Phone: (212)-310-8000

*Attorneys for Defendant MLB Players, Inc.*

**GIBSON, DUNN & CRUTCHER LLP**
Matthew S. Kahn (*pro hac vice*)
*MKahn@gibsondunn.com*
Michael J. Kahn (*pro hac vice*)
*MJKahn@gibsondunn.com*
One Embarcadero Center, Suite 2600
San Francisco, CA 94111-3715
Phone: 415.393.8200
Michael Dore (*pro hac vice*)
*MDore@gibsondunn.com*
Jamila MacEbong (*pro hac vice*)
*JMacEbong@gibsondunn.com*
333 South Grand Avenue
Suite 4600
Los Angeles, CA 90071-3197
Phone: 213.229.7155

*Attorneys for Defendants Golden State Warriors, LLC, Naomi Osaka, Riot Games, Inc., and North America League of Legends Championship Series LLC*

**WEIL, GOTSHAL & MANGES LLP**
Pravin R. Patel
*pravin.patel@weil.com*
Alli G. Katzen
*alli.katzen@weil.com*
1395 Brickell Avenue, Suite 1200
Miami, FL 33131-3368
Phone: (305)-577-3100

Zachary A. Schreiber
*zach.schreiber@weil.com*
767 Fifth Avenue
New York, New York 10153
Phone: (212)-310-8000

*Attorneys for Defendant Shohei Ohtani*

**AKERMAN LLP**
Christopher S. Carver (Fla. Bar No. 993580)
*christopher.carver@akerman.com*
Jason S. Oletsky (Fla. Bar No. 9301)
*jason.oletsky@akerman.com*
Katherine A Johnson (Fla. Bar No. 1040357)
*katie.johnson@akerman.com*
350 East Las Olas Boulevard – Suite 1600
Ft. Lauderdale, FL 33301
Tel.: 954-463-2700

*Attorneys for Defendant David Ortiz*

**SQUIRE PATTON BOGGS (US) LLP**
Dorian Daggs (Fla. Bar No. 1028485)
*Dorian.daggs@squirepb.com*
Digna B. French (Fla. Bar No. 148570)
*Digna.french@squirepb.com*
Amanda E. Preston (Fla. Bar No. 123652)
*Amanda.preston@squirepb.com*
200 S. Biscayne Boulevard, Ste. 3400
Miami, Florida 33131
(305) 577-7000

*Attorneys for Defendant Udonis Haslem*

**MARCUS NEIMAN RASHBAUM & PINEIRO LLP**
Jeffrey Neiman (Fla Bar. No. 544469)
*jneiman@mnrlawfirm.com*
Jeffrey Marcus (Fla. Bar No. 310890)
*jmarcus@mnrlawfirm.com*
Michael Pineiro (Fla. Bar No. 041897)
*mpineiro@mnrlawfirm.com*
Brandon Floch (Fla. Bar No. 125218)
*bfloch@mnrlawfirm.com*
100 Southeast Third Avenue, Suite 805
Fort Lauderdale, Florida 33394
Tel: (954) 462-1200
2 South Biscayne Blvd., Suite 2530
Miami, Florida 33131
Tel: (305)-400-4260

**BERK BRETTLER LLP**
Andrew B. Brettler (*pro hac vice*)
*abrettler@berkbrettler.com*
9119 Sunset Boulevard
West Hollywood, CA 90069
Tel.: (310) 278-2111

*Attorneys for Defendants Kevin O'Leary and Solomid Corporation, D/B/A Team Solomid, TSM, and/or TSM FTX*

**McDERMOTT WILL & EMERY LLP**
Nathan Bull (Fla. Bar No. 1029523)
*nbull@mwe.com*
333 SE 2nd Ave., Suite 4500
Miami, Florida 33131
Telephone: (212) 547-5768

Jason D. Strabo (*pro hac vice*)
*jstrabo@mwe.com*
2049 Century Park East, Suite 3200
Los Angeles, CA 90067
Telephone: (310) 788-4125

Sarah P. Hogarth (*pro hac vice*)
*shogarth@mwe.com*
500 North Capitol Street NW
Washington, DC 20001
Telephone: (202) 756-8354

*Attorneys for Defendant Stephen Curry*