UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MDL No. 3076
Case No. 1:23-md-03076-KMM

IN RE:

FTX Cryptocurrency Exchange Collapse
Litigation

THIS DOCUMENT RELATES TO:

*O'Keefe v. Sequoia Capital Operations, LLC*,
No. 1:23-cv-20700 (S.D. Fla.)

*O'Keefe v. Temasek Holdings (Private) Limited*,
No. 1:23-cv-23065 (S.D. Fla.)

*Chernyavsky v. Temasek Holdings (Private) Limited*,
No. 1:23-cv-22960 (S.D. Fla.)

*Cabo v. Temasek Holdings (Private) Limited*,
No. 1:23-cv-23212 (S.D. Fla.)

/

**VARIOUS INVESTOR DEFENDANTS' RESPONSE TO PLAINTIFFS' MOTION TO LIFT DISCOVERY STAY, ENTER PROTECTIVE ORDER, AND ADOPT PROPOSED CASE MANAGEMENT SCHEDULE**

The Defendants set forth in the signature block below (collectively, the "Various Investor Defendants") respectfully submit this response to MDL Plaintiffs' Motion to Lift Discovery Stay, Enter Protective Order, and Adopt Proposed Case Management Schedule, ECF No. 916 (the "Motion" or the "Mot."). This response solely addresses the Motion's improper and premature request that the Court enter a protective order governing <u>all</u> discovery in this MDL proceeding; the Various Investor Defendants take no position on the rest of the Motion, which is not directed to them.

Plaintiffs ostensibly filed the Motion against the "Promoter Defendants," not the Various Investor Defendants. Yet, the Motion requests that the Court enter a "Uniform Protective Order to govern <u>all</u> discovery in this MDL," rather than order different protective orders for each "track." Mot. at 5 (emphasis added). Plaintiffs included their proposed protective order as Exhibit A to the Motion (the "Proposed Protective Order").

While the Motion requests that the Proposed Protective Order govern <u>all</u> discovery across all tracks in this MDL proceeding, Plaintiffs have not conferred with the Various Investor Defendants about the Proposed Protective Order despite this District's Local Rules requiring them to do so. The Motion's Rule 7.1 Certification plainly illustrates that Plaintiffs conferred with the <u>Promoter Defendants</u> (although it is unclear which aspects of the motion the conferral covered), not the Various Investor Defendants or any other group of Defendants. Mot. at 11. Plaintiffs' belief that the Proposed Protective Order should apply to <u>all</u> discovery in the MDL but that Plaintiffs do not need to confer with the Various Investor Defendants and that the Various Investor Defendants are not permitted to offer revisions to the Proposed Protective Order is wholly improper and plainly violates Local Rule 7.1(a)(2), which states that a movant must confer with "all parties or non-parties <u>who may be affected by the relief sought in the motion</u>…" (emphasis added). Local Rule 7.1(a)(2) further provides that "[f]ailure to comply with the requirements of this Local Rule may be cause for the Court to grant or deny the motion and impose on counsel an appropriate sanction, which may include an order to pay the amount of the reasonable expenses incurred because of the violation, including a reasonable attorney's fee." *See also Sierra Equity Grp. v. White Oak Equity Partners, LLC*, 672 F. Supp. 2d 1369, 1370 (S.D. Fla. 2009) (failure to comply with conferral requirement "provides the Court sufficient grounds to deny the Motion without analysis"). The Various Investor Defendants will be affected by the relief sought in the

Motion should discovery against them be permitted at some point, and therefore Plaintiffs violated the Local Rules by failing to confer with the Various Investor Defendants prior to filing the Motion.

Plaintiffs' failure to confer with the Various Investor Defendants is reason enough to deny the portion of the Motion seeking that the Court grant the Proposed Protective Order. Although the Various Investor Defendants believe that a protective order governing the Various Investor Defendants is premature due to the pendency of the Various Investor Defendants' motions to dismiss, at the very least Plaintiffs should be required to confer with the Various Investor Defendants before submitting a proposed protective order governing the Various Investor Defendants.[1]

In addition to Plaintiffs' failure to confer with the Various Investor Defendants, the Proposed Protective Order is unacceptable on the merits. The Promoter Defendants have raised multiple concerns with the Proposed Protective Order, which the Various Investor Defendants incorporate by reference. For example, the Various Investor Defendants do not agree that documents or information designated as "Confidential" may be shared with the FTX Estate and its professionals. *See* Proposed Protective Order § 6. The Various Investor Defendants also do not agree to the Proposed Protective Order's vague provision that before filing Confidential Information with the Court, the party "shall make reasonable efforts to provide the producing Party with reasonably sufficient notice under the circumstances to allow the producing Party to move to

---

[1] The Motion asserts that Magistrate Judge Sanchez has previously ordered a protective order that "various VC Defendants … have all already operated under…" Mot. at 5 & n.5. Plaintiffs cite ECF No. 438, Mot. at 5, which is not a protective order. Regardless, not all of the Various Investor Defendants have agreed to the other protective orders on the docket ordered by Magistrate Judge Sanchez. And, as explained *infra*, Plaintiffs' Proposed Protective Order contains unacceptable deviations from those prior protective orders.

have the Confidential Information filed under seal…" *Id.* § 9.  Because "reasonable efforts" is not defined, that ambiguous standard unnecessarily risks the publication of Confidential Information, the confidentiality of which may be required by foreign law.  Instead, the party seeking to file such Confidential Information with the Court should affirmatively move to have the Confidential Information filed under seal.

For these reasons, the Various Investor Defendants respectfully request that the Court deny the portion of the Motion seeking the entrance of the Proposed Protective Order to govern <u>all</u> discovery in the MDL proceeding.

Dated:  June 16, 2025                                        Respectfully submitted,

| | |
|---|---|
| */s/ Jason Gottlieb* <br> Jason Gottlieb <br> Michael Mix <br> Vani Upadhyaya <br> MORRISON COHEN LLP <br> 909 Third Avenue <br> New York, NY 10022 <br> Telephone: (212) 735-8600 <br> Email: jgottlieb@morrisoncohen.com <br>           mmix@morrisoncohen.com <br>           vupadhyaya@morrisoncohen.com <br><br> *Counsel for Defendant Sino Global Capital Holdings, LLC; Sino Global Capital Limited; Sino Global Capital Management LLC; Liquid Value Offshore Feeder Fund I LP; Liquid Value GP Limited; and Liquid Value Fund GP Ltd.* <br><br> */s/ Alexander C. Drylewski* <br> T. Todd Pittenger, Esq. <br> Florida Bar No. 768936 <br> Kelly J.H. Garcia, Esq. <br> Florida Bar No. 0694851 <br> GRAY ROBINSON, P.A. <br> 301 E. Pine Street, Suite 1400 | */s/ Andrew J. Ehrlich* <br> Adam S. Fels (Fla. Bar No. 0114917) <br> FRIDMAN FELS & SOTO, PLLC <br> 150 Alhambra Circle <br> Suite 715 <br> Coral Gables, FL 33134 <br> Telephone: (305) 569-7701 <br> Email: afels@ffslawfirm.com <br><br> Brad S. Karp <br> Andrew J. Ehrlich <br> Nina M. Kovalenko <br> PAUL, WEISS, RIFKIND, WHARTON & GARRISON LLP <br> 1285 Avenue of the Americas <br> New York, NY 10019 <br> Telephone: (212) 373-3000 <br> Facsimile: (212) 757-3990 <br> Email: bkarp@paulweiss.com <br>           aehrlich@paulweiss.com <br>           nkovalenko@paulweiss.com <br><br> *Counsel for Defendants Temasek Holdings (Private) Ltd.; Temasek International (USA) LLC; Temasek International Pte. Ltd.; Artz Fund Investments Pte. Ltd.; and Blakiston Investments Pte. Ltd.* |

Orlando, FL 32802-3068
Telephone: 407-843-8880
Facsimile: 407-244-5690
Email: todd.pittenger@gray-robinson.com
        kelly.garcia@gray-robinson.com

Alexander C. Drylewski (admitted *pro hac vice*)
Mikal Davis-West
SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP
One Manhattan West
New York, NY 10001
Telephone: (212) 735-3000
Facsimile: (212) 735-2000
Email: alexander.drylewski@skadden.com
        mikal.davis-west@skadden.com

Mark R.S. Foster (admitted *pro hac vice*)
525 University Avenue
Palo Alto, CA 94301
Telephone: (650) 470-4500
Facsimile: (650) 470-4570
Email: mark.foster@skadden.com

*Counsel for Defendant Paradigm Operations LP*


/s/ Scott M. Malzahn
Michael Tein
Florida Bar No. 993522
TEIN MALONE TRIAL LAWYERS
3059 Grand Avenue
Coconut Grove, Florida 33133
Telephone: (305) 442-1101
Email: tein@teinmalone.com

Brian E. Klein
Scott M. Malzahn
WAYMAKER LLP
515 S. Flower Street, Suite 3500
Los Angeles, California 90071
Telephone: (424) 652-7800

/s/ Paul C. Huck, Jr.
LAWSON HUCK GONZALEZ PLLC
Paul C. Huck, Jr.
Florida Bar No. 968358
334 Minorca Avenue
Coral Gables, Florida 33134
Telephone: (305) 441-2299
paul@lawsonhuckgonzalez.com

CLEARY GOTTLIEB STEEN & HAMILTON LLP
Jennifer Kennedy Park (admitted *pro hac vice*)
Joon Kim (admitted *pro hac vice*)
Rishi N. Zutshi (admitted *pro hac vice*)
1841 Page Mill Rd Suite 250
Palo Alto, CA 94304
Telephone: (650) 815-4130
Facsimile: (650) 815-4199
jkpark@cgsh.com
jkim@csgh.com
rzutshi@cgsh.com

*Counsel for Defendant Sequoia Capital Operations, LLC*

/s/ Peter H. White
SCHULTE ROTH & ZABEL LLP
Peter H. White
Jeffrey F. Robertson
555 Thirteenth Street, NW
Suite 6W
Washington, DC 20004
Telephone: 202-729-7470
pete.white@srz.com
jeffrey.robertson@srz.com

*Counsel for Defendant Tiger Global Management, LLC*

/s/ Nicholas D. Marais
Jacqueline M. Arango
Florida Bar No. 664162
AKERMAN LLP

5

Facsimile: (424) 652-7850
Email: bklein@waymakerlaw.com
      smalzahn@waymakerlaw.com

*Counsel for Defendant Multicoin Capital Management LLC*

*/s/ Amy Jane Longo*
Jay B. Shapiro
Florida Bar No. 776361
STEARNS WEAVER MILLER
WEISSLER ALHADEFF & SITTERSON, P.A.
150 West Flagler Street, Suite 2200
Miami, FL 33130
Telephone: (305) 789-3200
Facsimile: (305) 789-2664
Email: jshapiro@stearnsweaver.com

David B. Hennes (admitted *pro hac vice*)
ROPES & GRAY LLP
1211 Avenue of the Americas
New York, New York 10036
Telephone: (212) 596-9000
Facsimile: (212) 596-9090
Email: david.hennes@ropesgray.com

Amy Jane Longo (admitted *pro hac vice)*
10250 Constellation Blvd.
Los Angeles, California 90067
Telephone.: (310) 975-3000
Facsimile: (310) 975-3400
Email: amy.longo@ropesgray.com

*Counsel for Defendant Altimeter Capital Management, LP*

Three Brickell City Centre
98 Southeast Seventh Street, Suite 1100
Miami, Florida 33131
Telephone: (305) 374 5600
Email: jacqueline.arango@akerman.com

Steven P. Ragland
Nicholas D. Marais
KEKER, VAN NEST & PETERS LLP
633 Battery Street
San Francisco, California 94111
Telephone: (415) 391-5400
Email: sragland@keker.com
 nmarais@keker.com

*Counsel for Defendant Ribbit Capital, L.P.*

*/s/ Douglas R. Hirsch*
Douglas R. Hirsch
Frank S. Restagno
SADIS & GOLDBERG LLP
551 Fifth Avenue, 21st Floor
New York, New York 10176
Telephone: (212) 947-3793
Email: dhirsch@sadis.com
      frestagno@sadis.com

Eric W. Ostroff
MELAND BUDWICK, P.A.
200 South Biscayne Boulevard
Ste 3200
Miami, FL 33131
Tel: 305-358-6363
Fax: 305-358-1221
Email: eostroff@melandbudwick.com

*Counsel for Defendant SkyBridge Capital II, LLC*

**CERTIFICATE OF SERVICE**

I hereby certify that on this 16th day of June, 2025, I e-filed a true and correct copy of the foregoing document using the Court's CM/ECF system, which will send a notice of electronic filing to all counsel of record.

*/s/ Jason Gottlieb*
Jason Gottlieb