UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

MDL NO. 3076

CASE NO. 1:23-MD-03076-KMM

IN RE:

FTX Cryptocurrency Exchange Collapse Litigation

_____

**MDL PLAINTIFFS' REPLY IN SUPPORT OF THEIR MOTION TO LIFT DISCOVERY STAY, ENTER PROTECTIVE ORDER AND CASE MANAGEMENT SCHEDULE**

Plaintiffs respectfully submit this Omnibus Reply in support of their Motion [ECF No. 916] ("Mot."). Now that this Court entered its extensive Order denying the motion to dismiss in the *Promoter Track,* [ECF No. 890] (the "Order"), Plaintiffs respectfully seek entry of a Protective Order, Case Management Schedule, and for discovery in this Track to finally proceed. The proposed schedule sets a reasonable path forward, while preserving flexibility. This is the same procedure followed in every federal case, especially in an MDL pending for almost 3 years, and with alleged damages in the billions of dollars.

An objection was lodged by the 3 groups of FTX Defendants most directly affected by the Order, namely, those Defendants that admittedly "promoted" FTX's unregistered securities, the FTX Promoter Defendants, the VC Defendants, and the last non-settling FTX Digital Creator.[1]

Their objections range in logic from: (a) it is more efficient to do nothing in any Track, until every pending motion is decided, to (b) there "might" be other reasons to delay this MDL, and actually cite to a 3-year-old motion [ECF No. 264] filed by Defendant Sam Bankman-Fried, seeking to enforce an alleged class action waiver and arbitration clause, before he was tried and

---

[1] Defendant Fenwick & West LLP also joined in the VC Defendants' objection, *see* ECF No. 932.

sentenced to 25 years in prison for stealing FTX customer's funds. To date, no other Defendant, including all of those who oppose this Motion, has ever raised these defenses.[2]

As a fallback position, Defendants' proffer that they might want discovery from some Plaintiffs, *see* ECF No. 929 at 8–12, just not yet, and they certainly do not want the Court to allow Plaintiffs to take any discovery from the Promoter Track.

The Order sustained state-law securities claims (which are pending against all Defendants), and Plaintiffs amended their pleadings accordingly.[3] Continuing the discovery stay indefinitely would allow the Promoter Defendants to co-opt a case management tool in contravention of the very purpose why the Court set separate Tracks, and the very purpose of the MDL process.

The VC Defendants (recently joined by Defendant Fenwick) do not oppose lifting the stay or entry of a case schedule for the Promoter Track, but instead they now claim they have substantive objections to the proposed Protective Order (which has existed in an almost identical form for years, but simply added a clawback provision and a provision to include the FTX Estate). The Court can consider them and enter a form the Court deems most appropriate to govern discovery in this MDL, rather than litigate piecemeal by Track.

---

[2] Defendants also continue to argue Plaintiffs' case is now "weaker" because the FTX bankruptcy court will "reimburse FTX claimants between 119% and 143% of the ***value*** of their claims ***as of the petition date***." ECF No. 929 at 3 (e.s.). As Plaintiffs extensively explained in their amended complaint, see ECF No. 908 at ¶¶ 1203–1213, this argument is simply false, especially given the undisputed depressed value of the FTX crypto assets on "petition date" and the excluded assets. MDL Plaintiffs' class damages (based on extensive expert analysis) continue to grow and are in the many billions of dollars, in addition to the bankruptcy court's planned payments.

[3] Given this Court's extensive Order, Defendants' reliance on *Chudasama* is misguided, which merely cautions against discovery on ***legally unsupported*** claims.

## CONCLUSION

For the foregoing reasons, MDL Plaintiffs respectfully request the Court:

1. Lift the stay of discovery for the MDL Promoter Track;

2. Enter Class Plaintiffs' proposed Uniform Protective Order (Mot., Ex. A); and

3. Enter an Order adopting Plaintiffs' proposed Case Management Schedule (Mot., Ex. C).

**Dated: June 18, 2025**　　　　　　　　　　　　**Respectfully submitted,**

By: */s/ Adam Moskowitz*　　　　　　　　　　By: */s/ David Boies*
Adam M. Moskowitz　　　　　　　　　　　　David Boies
Florida Bar No. 984280　　　　　　　　　　　Alexander Boies
Joseph M. Kaye　　　　　　　　　　　　　　Brooke A. Alexander
Florida Bar No. 117520　　　　　　　　　　　**BOIES SCHILLER FLEXNER LLP**
**THE MOSKOWITZ LAW FIRM, PLLC**　　　333 Main Street
Continental Plaza　　　　　　　　　　　　　Armonk, NY 10504
3250 Mary Street, Suite 202　　　　　　　　914-749-8200
Coconut Grove, FL 33133　　　　　　　　　dboies@bsfllp.com
Office: (305) 740-1423　　　　　　　　　　 aboies@bsfllp.com
adam@moskowitz-law.com　　　　　　　　balexander@bsfllp.com
joseph@moskowitz-law.com
service@moskowitz-law.com

*Co-Lead Counsel*　　　　　　　　　　　　　*Co-Lead Counsel*

## CERTIFICATE OF SERVICE

I certify that a true and correct copy of the forgoing was filed on June 18, 2025, via the Court's CM/ECF system, which will send notification of such filing to all attorneys of record.

By: */s/ Adam Moskowitz*
Adam Moskowitz