UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 1:23-md-3076-KMM

In RE

FTX CRYPTOCURRENCY EXCHANGE
COLLAPSE LITIGATION
_____/

**ORDER**

THIS CAUSE came before the Court upon Plaintiffs' Motion for Preliminary Approval of Settlement with Defendant Shaquille O'Neal and Provisional Certification of Proposed Settlement Class. ("Motion" or "Mot.") (ECF No. 928). Therein, Plaintiffs notify the Court that the Class Representatives[1] and Settling Defendant Shaquille O'Neal ("Mr. O'Neal") have reached a proposed Class Settlement. *See* Mot. at 1. Plaintiffs and Mr. O'Neal seek to resolve this dispute pursuant to the terms and conditions set forth in their settlement agreement, which has been filed with this Court (the "Settlement Agreement") (ECF No. 928-1).[2]

In the Motion for Preliminary Approval, Plaintiffs request that the Court: (1) grant preliminary approval of the Settlement Agreement; (2) grant certification of the proposed Settlement Class; (3) appoint Class Representatives under Federal Rule of Civil Procedure 23(c) ("Rule 23"); (4) appoint MDL Co-Lead Counsel Adam Moskowitz and David Boies as Co-Lead Class Counsel pursuant to Rules 23(c)(1)(B) and 23(g); (5) approve the proposed plan of notice to the Class pursuant to Rule 23(e); and (6) defer formal notice of Mr. O'Neal's Settlement Agreement to the Class until claims against other non-settling Promoter Defendants have been resolved. Mot. at 2. In support of this

---

[1] Leandro Cabo, Alexander Chernyavsky, Chukwudozie Ezeokoli, Edwin Garrison, Ryan Henderson, Shengyun Huang, Michael Livieratos, Michael Norris, Brandon Orr, Julie Papadakis, Gregg Podalsky, Kyle Rupprecht, and Vijeth Shetty (collectively, the "Class Representatives").
[2] Unless otherwise defined in this Order, the Order incorporates the definitions in the Settlement Agreement dated April 1, 2025, between Plaintiffs and Mr. O'Neal.

request, Plaintiffs state that noticing all settlements at the end of the litigation will conserve money for the Class and serve the interests of judicial and litigative efficiency. *Id.* at 15. Further, Plaintiffs state that as with this Court's prior Order (ECF No. 799) on Plaintiffs' Motion for Preliminary Approval of First Tranche of Settlements, Provisional Certification of Proposed Settlement Class, and Approval of the Proposed Schedule (ECF No. 565) and Plaintiffs' Supplement to Plaintiffs' Motion for Preliminary Approval for First Tranche of FTX Settlements (ECF No. 780), deferring notice will allow Plaintiffs to take advantage of the bankruptcy distribution system. *Id.*; *see also Karnas v. Cuban*, 22-cv-22538-RKA, (ECF No. 304).

A class action may be settled only with the approval of the court. *See* Fed. R. Civ. P. 23(e). Federal Rule of Civil Procedure 23(e)(1)(B) sets forth the grounds for a court's initial decision to send notice of a proposed settlement to the class. *See Drazen v. Pinto*, No. 21-10199, 2024 WL 3422404, at *21–22 (11th Cir. July 16, 2024). Specifically, the moving parties must show that the court "will *likely* be able to: (i) approve the [settlement] proposal under Rule 23(e)(2); and (ii) certify the class for purposes of judgment on the proposal." Fed. R. Civ. P. 23(e)(1)(B) (emphasis added). Thus, Rule 23(e) "explicitly directs a court at the preliminary approval stage to assess whether it is 'likely' it will be able to finally approve the settlement after notice, an objection period, and a fairness hearing." 4 Newberg and Rubenstein on Class Actions § 13:10 (6th ed.).

Here, based on the Court's "initial evaluation of the fairness of the proposed settlement on the basis of the written submissions," *Encarnacion v. J.W. Lee, Inc.*, No. 14-cv-61927, 2015 WL 12550747, at *1 (S.D. Fla. June 30, 2015) (internal quotations omitted), the Court finds that the proposed settlement is "the result of the parties' good faith negotiations[,]" that there are no "obvious deficiencies" in the Settlement Agreement, and that the Settlement Agreement "fall[s] within the range of reason." *Smith v. Wm. Wrigley Jr. Co.*, 2010 WL 2401149, at *2 (S.D. Fla. June 15, 2010) (cleaned up); *see* the Settlement Agreement. The Court also finds, solely for purposes of effectuating

the proposed settlement, that the proposed Class "(1) is so numerous that joinder of all members is impracticable; (2) there are questions of law or fact common to the class; (3) the claims or defenses of the representative parties are typical of the claims or defenses of the class; and (4) the representative parties will fairly and adequately protect the interests of the class." Fed. R. Civ. P. 23(a). Furthermore, solely for purposes of the proposed settlement, the "questions of law or fact common to class members predominate over any questions affecting only individual members," and class resolution is "superior to other available methods for fairly and efficiently adjudicating the controversy." Fed. R. Civ. P. 23(b)(3).

Accordingly, it is hereby ORDERED AND ADJUDGED as follows:

1. The Court has jurisdiction over the subject matter and Parties to this proceeding pursuant to 28 U.S.C. § 1332, including jurisdiction to approve and enforce the Settlement Agreement and all orders and decrees that have been entered or that may be entered pursuant thereto.

2. Venue is proper in this District.

3. The Court preliminarily certifies, solely for purposes of effectuating the proposed settlement, the following Class:

> All persons or entities who, from May 1, 2019 to the date on which the Court orders dissemination of notice to the Class, purchased or held legal title to and/or beneficial interest in any fiat or cryptocurrency deposited or invested through an FTX Platform, purchased, or enrolled in a YBA, or purchased FTT.
>
> Excluded from the Class are the MDL Defendants and their officers, directors, affiliates, legal representatives, and employees, the FTX Group and their officers, directors, affiliates, legal representatives, and employees, any governmental entities, any judge, justice, or judicial officer presiding over this matter and the members of their immediate families and judicial staff.
>
> To the extent not otherwise included in the Class, Class Members include customers of the FTX Group who deposited cash and digital assets at either or both the FTX Group's U.S.-based and non-U.S.-based trading platforms and have been unable to withdraw, use, or access the billions of dollars in assets that were contractually required to be held safely in accounts on their behalf.

4. The Court preliminarily finds, solely for purposes of effectuating the proposed settlement, that the Class satisfies the applicable factors under Federal Rule of Civil Procedure 23, specifically:

    a. The Class Members are so numerous that joinder of all of them is impracticable;

    b. Plaintiffs have alleged questions of law and fact that are common to the Class Members and predominate over any individual questions;

    c. Plaintiffs' claims are typical of the claims of the Class Members;

    d. Plaintiffs and Co-Lead Class Counsel have fairly and adequately protected the interests of all Class Members; and

    e. Class resolution is superior to other available methods for a fair and efficient adjudication of this case.

5. The Settlement is conditional on the Court's approval. If the Court does not approve all terms of the Settlement, or if the Settlement is terminated according to its terms or does not otherwise take effect upon the Effective Date, then certification of the Class will be voided as to such Settlement, and all orders entered in connection therewith, including but not limited to any order conditionally certifying the Class, will be voided.

6. For purposes of settlement only, and pursuant to the terms of the Settlement, the Court hereby appoints the Class Representatives to serve as class representative plaintiffs and Adam Moskowitz of The Moskowitz Law Firm, PLLC, and David Boies of Boies Schiller Flexner LLP to serve as Co-Lead Class Counsel pursuant to Rule 23(c).

7. The Court preliminarily finds that the proposed Settlement, on the terms and conditions set forth in the Settlement Agreement, is fundamentally fair, reasonable, adequate, and in the best interests of Class Members and is likely to receive final approval in consideration of the following factors:

  a.  The benefits to the Class Members;

  b.  The strengths and weaknesses of Plaintiffs' case and the expense of additional litigation;

  c.  The Settlement was reached after arm's-length negotiations between the Parties, in connection with the mediation (led by an experienced mediator) of another class action brought against Mr. O'Neal by one of Co-Lead Class Counsel;

  d.  The recommendation of experienced Co-Lead Class Counsel, who have extensive experience litigating and settling consumer class actions and other complex matters and have conducted an extensive investigation into the factual and legal issues raised in this action; and

  e.  The considerations listed in Rule 23(e)(2).

8. The Court APPROVES the Class's proposed notice plan, as set forth in the Settlement Agreement. Notice will be transmitted through the Class Member email addresses contained in FTX's client records. Notice will also be published in the *Wall Street Journal*, as well as online. The Class's proposed notice plan, as set forth in the Settlement Agreement, satisfies the fairness standards set forth in Rule 23. The notice plan set forth in the Settlement Agreement is reasonably calculated under the circumstances to apprise the Settlement Class of the pendency of the Action, the certification of the Class for settlement purposes, the terms of the Settlement, and Class Members' rights to opt out of the Class or to object to the Settlement, Co-Lead Class Counsel's petition for Attorneys' Fees and Expenses, and Co-Lead Class Counsel's request for Plaintiffs' General Release Payments.

9. At a time directed by the Court (and as outlined above), the Parties will send, or cause to be sent, a Notice to each Class Member, in a form to be approved by the Court, that:

a. Contains a short, plain statement of the background of the Action and the Settlement;

b. Describes the settlement relief provided by the Settlement and outlined in this Order and explains how Class Members can file claims for settlement relief;

c. States that any relief to Class Members is contingent on the Court's final approval;

d. Provides information about the Final Approval Hearing that the Court will hold after the Notice has been disseminated;

e. Describes the procedures and deadlines for objecting to or opting out of the Settlement and for appearing at the Final Approval Hearing;

f. States the amount or percentage of attorneys' fees and expenses that Co-Lead Class Counsel intend to request and informs Class Members that those attorneys' fees and expenses will be requested at a later time and, if approved by the Court, will be paid from the Settlement Consideration;

g. Informs Class Members that any Final Order and Judgment entered in the Action, whether favorable or unfavorable to the Class, shall include, and be binding on, all Class Members, even if they have objected to the proposed Settlement and even if they have any other claim, lawsuit, or proceeding pending against Mr. O'Neal;

h. Describes the terms of the release provisions, as set forth in Section 16 of the Settlement Agreement; and

i. Contains reference and a hyperlink to a dedicated webpage established by JND Legal Administration LLC (the "Settlement Administrator"), which webpage will include relevant documents and information regarding Class

6

        Representatives' claims against Mr. O'Neal and other defendants in the Consolidated Action.

10. The specific form of the Notice approved by the Court will be disseminated in accordance with the Settlement Administrator's notice plan.

11. On a later date (as further ordered by the Court), the Settlement Administrator will develop and deploy the informational case-specific website where Class Members may obtain more information about the Settlement. The Settlement Website will have an easy-to-navigate design that will be formatted to emphasize important information and deadlines and will provide links to important case documents, including the Notice. The Settlement Website's address will be prominently displayed in all printed notice documents and accessible through the email and digital notices. The Settlement Website will also be ADA-compliant and optimized for mobile visitors so that information loads quickly on mobile devices. It will be designed to maximize search-engine optimization through Google and other search engines.

12. Class Representatives and Co-Lead Class Counsel shall provide notice of this Consolidated Action and the Settlement to the appropriate federal and state entities in accordance with the Class Action Fairness Act ("CAFA").

13. For settlement purposes, the Settlement Administrator is appointed and approved as the Settlement Administrator to supervise and administer the notice procedures and the processing of claims and to handle funds paid pursuant to the Settlement Agreement unless the Parties later agree that dissemination of the Notice and processing of Class Members' claims will be handled in another matter, subject to the Court's approval. The costs incurred by or attributed to the Settlement Administrator shall be paid out of the Settlement Consideration, subject to the terms of the Settlement Agreement.

14. The Settlement Consideration, when paid in accordance with the terms of the Settlement Agreement, will be paid into an account that shall be considered a Qualified Settlement Fund *in custodia legis* of the Court, in accordance with Treas. Reg. §§ 1.468B-0 through 1.468B.-5.

15. The Settlement Consideration shall be paid to a common fund to fund this Settlement and other settlements in the Consolidated Action, which funds shall be paid out according to a plan approved by the Court.

16. In the event the Settlement is not approved by the Court, or for any reason the Parties fail to obtain a Final Order and Final Judgment as contemplated in the Settlement, or the Settlement is terminated pursuant to its terms for any reason or does not otherwise become effective on the Effective Date, then the following shall apply:

    a. All orders and findings entered in connection with the Settlement shall become null and void and have no further force and effect, shall not be used or referred to for any purposes whatsoever, and shall not be admissible or discoverable in any other proceeding;

    b. All of the Parties' respective pre-Settlement claims and defenses will be preserved, including, but not limited to, Plaintiffs' right to seek class certification and Mr. O'Neal's right to oppose class certification;

    c. Nothing contained in this Order is, or may be construed as, any admission or concession by or against Mr. O'Neal or Plaintiffs on any point of fact or law;

    d. Neither the Settlement's terms nor any publicly disseminated information regarding the Settlement, including, without limitation, the Notice, court filings, orders, and public statements, may be used as evidence;

      e.      Neither the fact of, nor any documents relating to, any Party's withdrawal from the Settlement, any failure of the Court to approve the Settlement, and/or any objections or interventions may be used as evidence; and

      f.      The preliminary certification of the Class pursuant to this Order shall be vacated automatically, and the Action shall proceed as though the Class had never been certified.

17. The Court reserves the right to approve the Settlement with or without modification, provided that any modification does not limit the rights of the Class under the Settlement, and with or without further notice to the Class. The Court may continue or adjourn the Final Approval Hearing without further notice to the Class, except that any such continuation or adjournment shall be announced on the Settlement Website.

18. Co-Lead Class Counsel and Mr. O'Neal's Counsel are hereby authorized to use all reasonable procedures in connection with approval and administration of the Settlement that are not materially inconsistent with this Order or the Settlement Agreement, including making, without further approval of the Court, minor changes to the Settlement Agreement, to the form or content of the Notice, or to any other exhibits that the Parties jointly agree are reasonable or necessary.

19. The Parties are authorized to take all necessary and appropriate steps to establish the means necessary to implement the Settlement Agreement.

20. Any information received by the Settlement Administrator or any other person in connection with the Settlement Agreement that pertains to personal information regarding a particular Class Member (other than objections or requests for exclusion) shall not be disclosed to any person or entity other than Co-Lead Class Counsel, Mr. O'Neal, Mr. O'Neal's Counsel, the Court, and as otherwise provided in the Settlement Agreement.

21. Pending final determination of whether the proposed Settlement should be approved, the Court orders as follows:

a. The Class Representatives and all other Class Members (and their attorneys, accountants, agents, heirs, executors, administrators, trustees, predecessors, successors, affiliates, representatives, and assigns) who have not validly and timely requested exclusion from the Class – and anyone else purporting to act on behalf of, for the benefit of, or derivatively for any of such persons or entities – are preliminarily enjoined from filing, commencing, prosecuting, intervening in, participating in (as class members or otherwise), or receiving any benefit or other relief from any other lawsuit, arbitration, or administrative, regulatory, or other proceeding (as well as a motion or complaint in intervention in the Consolidated Action if the person or entity filing such motion or complaint in intervention purports to be acting as, on behalf of, for the benefit of, or derivatively for any of the above persons or entities) or order, in any jurisdiction or forum, as to the Released Parties based on or relating to the Released Claims; and

b. All persons and entities are preliminarily enjoined from filing, commencing, or prosecuting any other lawsuit as a class action (including by seeking to amend a pending complaint to include class allegations or by seeking class certification in a pending action in any jurisdiction) or other proceeding on behalf of any Class Members as to the Released Parties, if such other lawsuit is based on or related to the Released Claims.

c. Upon the Effective Date, Mr. O'Neal, on behalf of himself and his successors, assigns, and affiliates, hereby irrevocably waives, releases, and discharges any and all rights, claims, or causes of action he might have, whether known or unknown, contingent or accrued, to seek indemnification, reimbursement, or contribution of any kind from the Wind-Down Trust of the FTX Debtor Entities (the "Wind-Down Trust") or any affiliated entity, with respect to any amounts paid or obligations incurred under this Settlement Agreement.  In the event of any breach or threatened

breach of this provision, Plaintiffs, the Settlement Class, and the Wind-Down Trust shall each be entitled to immediate injunctive relief (including but not limited to a temporary restraining order, preliminary injunction, and permanent injunction) to prevent or restrain any such action, without the necessity of posting a bond or proving actual damages, and without waiving any other rights or remedies available at law or in equity. Mr. O'Neal expressly waives any objection to the issuance of such injunctive relief. The parties further agree that the Wind-Down Trust is an express third-party beneficiary of this provision of the Settlement Agreement (and only this provision), with full rights to enforce its terms against Mr. O'Neal, but that the Wind-Down Trust shall have no other rights under this Settlement Agreement beyond the rights conferred by this provision.

        d.      Pending final determination of whether the proposed Settlement, should be approved, as more fully set forth in ¶ 19 of the Settlement Agreement, Plaintiffs and all other Settlement Class Members any and all persons and entities are permanently barred, enjoined, and restrained from commencing, prosecuting, or asserting any claim against any Released Party arising under any federal, state, or foreign statutory or common-law rule, however styled, whether for indemnification or contribution or otherwise denominated, including claims for breach of contract or for misrepresentation, where the claim is or arises from a Released Claim and the alleged injury to such person or entity arises from that person's or entity's alleged liability to the Class or any Class Member, including any claim in which a person or entity seeks to recover from any of the Released Parties (i) any amounts that such person or entity has or might become liable to pay to the Class or any Class Member and/or (ii) any costs, expenses, or attorneys' fees from defending any claim by the Class or any Class Member. All such claims are hereby extinguished, discharged, satisfied, and unenforceable, subject to a hearing to be held by the Court, if necessary. The provisions of this subparagraph are intended to preclude any liability of any of the Released Parties to any person or entity for indemnification, contribution, or otherwise on any claim that is or arises from a Released

11

Claim and where the alleged injury to such person or entity arises from that person's or entity's alleged liability to the Class or any Class Member; *provided, however*, that, if the Class or any Class Member obtains any judgment against any such person or entity based upon, arising out of, or relating to any Released Claim for which such person or entity and any of the Released Parties are found to be jointly liable, that person or entity shall be entitled to a judgment credit equal to an amount that is the greater of (i) an amount that corresponds to such Released Party's or Released Parties' percentage of responsibility for the loss to the Class or Class Member or (ii) the amount paid by or on behalf of Mr. O'Neal to the Class or Class Member for common damages, unless the court entering such judgment orders otherwise.

22. This Court shall maintain continuing jurisdiction over these settlement proceedings to assure the effectuation thereof for the benefit of the Class and the Parties.

23. Preliminary Approval of the Settlement and Provisional Certification of the proposed Class is GRANTED solely for settlement purposes.

24. Plaintiffs have asked that the Court defer formal notice of the Settlement Agreement to the Class until Plaintiffs' claims against the non-settling Defendants have been resolved. The Court agrees that this is the most practical path forward. Deferring notice will save money for the Class because, at the end of this litigation, Plaintiffs will be able to provide notice of all the settlements at once. That notice, which will be subject to agreement of the Parties and approval by the Court, will address, among other things, the procedures by which Class Members can object to or opt out of the Settlement. This Order therefore does not address those issues. Accordingly, in the interest of judicial and litigative efficiency, dissemination of notice shall be STAYED until Plaintiffs' claims against the remaining non-settling Defendants have been resolved.

25.     Based on the foregoing, the Court STAYS the Consolidated Action as to Mr. O'Neal until the Court issues a decision on final approval of the Settlement or the Settlement is terminated pursuant to its terms.

DONE AND ORDERED in Chambers at Miami, Florida, this  30th   day of June, 2025.

_____
K. MICHAEL MOORE
UNITED STATES DISTRICT JUDGE

cc: All counsel of record