# EXHIBIT 1

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | Chapter 11 |
| FTX TRADING LTD., *et al.*,[1] | Case No. 22-11068 (JTD) |
| Debtors. | (Jointly Administered) |
| | **Ref. Nos. 25683 & 26558** |

### ORDER (A) AUTHORIZING THE FTX DEBTORS' ENTRY INTO, AND PERFORMANCE UNDER, THE GLOBAL SETTLEMENT AGREEMENT WITH THE MDL PLAINTIFFS AND MDL COUNSEL; (B) APPROVING THE GLOBAL SETTLEMENT AGREEMENT; AND (C) GRANTING RELATED RELIEF

Upon the motion (the "Motion")[2] of FTX Trading Ltd. and its affiliated debtors and debtors-in-possession (collectively, the "FTX Debtors") for entry of an order (this "Order") (a) authorizing the FTX Debtors' entry into, and performance under, the Global Settlement Agreement attached hereto as Exhibit 1, (b) approving the Global Settlement Agreement, and (c) granting certain related relief; and this Court having jurisdiction to consider the Motion pursuant to 28 U.S.C. §§ 157 and 1334 and the *Amended Standing Order of Reference* from the United States District Court for the District of Delaware, dated February 29, 2012; and this Court being able to issue a final order consistent with Article III of the United States Constitution; and venue of the FTX Bankruptcy Proceedings and the Motion in this district being proper pursuant to 28 U.S.C. §§ 1408 and 1409; and this matter being a core proceeding pursuant to 28 U.S.C. § 157(b); and this Court having found that proper and adequate notice of the Motion and the relief

---

[1] The last four digits of FTX Trading Ltd.'s and Alameda Research LLC's tax identification number are 3288 and 4063 respectively. Due to the large number of debtor entities in these chapter 11 cases, a complete list of debtor entities and the last four digits of their federal tax identification numbers is not provided herein. A complete list of such information may be obtained on the website of the debtors' claims and noticing agent at https://cases.ra.kroll.com/FTX.

[2] Capitalized terms not otherwise defined herein are to be given the meanings ascribed to them in the Motion.

requested therein has been provided in accordance with the Bankruptcy Rules and the Local Rules, and that, except as otherwise ordered herein, no other or further notice is necessary; and objections (if any) to the Motion having been withdrawn, resolved, or overruled on the merits; and upon the record of these FTX Bankruptcy Proceedings, the Motion and supporting documents; and this Court having found and determined that the relief set forth in this Order is in the best interests of the FTX Debtors and their estates, and that the legal and factual bases set forth in the Motion establish just cause for the relief granted herein; and after due deliberation and sufficient cause appearing therefor;

IT IS HEREBY ORDERED THAT:

1.      The Motion is GRANTED as set forth herein.

2.      The FTX Debtors are authorized to enter into, and perform under, the Global Settlement Agreement.

3.      The terms of the Global Settlement Agreement are approved in their entirety.

4.      The failure to specifically include or reference any particular term or provision of the Global Settlement Agreement in this Order shall not diminish or impair the effectiveness of such term or provision.

5.      The FTX Debtors are authorized and empowered to execute and deliver such documents, and to take and perform all actions necessary to implement and effectuate the relief granted in this Order.

6.      The requirements set forth in Bankruptcy Rule 6004(a) are waived.

7.      This Order is immediately effective and enforceable, notwithstanding the possible applicability of Bankruptcy Rule 6004(h) or otherwise.

8.      The Court shall retain jurisdiction with respect to any matters, claims, rights

or disputes arising from or related to the Motion or the implementation of this Order.

Dated: October 15th, 2024                        JOHN T. DORSEY
Wilmington, Delaware                             UNITED STATES BANKRUPTCY JUDGE

## Exhibit 1

**Global Settlement Agreement**

# GLOBAL SETTLEMENT AGREEMENT

This Global Settlement Agreement (the "Global Settlement Agreement") is made and entered into by and among: (i) FTX Trading Ltd. and its affiliated debtors and debtors-in-possession, including any plan administrator or wind down trust) (the "FTX Debtors")[1] in the jointly-administered chapter 11 cases captioned *In re FTX Trading Ltd.*, No. 22-11068 (JTD) (Bankr. D. Del.) (the "FTX Bankruptcy Proceedings"); (ii) each of plaintiffs' counsel set forth in Exhibit A ("MDL Counsel") representing parties in actions in the multidistrict litigation captioned *In re FTX Cryptocurrency Exchange Collapse Litigation*, MDL No. 23-03076 (S.D. Fla.) (the "FTX MDL");[2] and (iii) each of the named plaintiffs in the actions pending in the FTX MDL as set forth in Exhibit B (the "MDL Plaintiffs", and together with the FTX Debtors and MDL Counsel, each a "Party" and collectively, the "Parties"). The Parties hereby agree as follows:

**WHEREAS**, on November 11 and 14, 2022, the FTX Debtors filed their respective petitions for voluntary relief under chapter 11 of title 11 of the United States Code (the "Bankruptcy Code") in the United States Bankruptcy Court for the District of Delaware (the "Delaware Bankruptcy Court") commencing the FTX Bankruptcy Proceedings;

**WHEREAS**, between November 15, 2022 and January 3, 2023, certain of the eventual MDL Plaintiffs commenced civil actions that were pending in the United States District Court for the Southern District of Florida and the United States District Court for the Northern District of California against certain defendants concerning certain facts and events involving the FTX Group[3] prior to commencement of the FTX Bankruptcy Proceedings;

**WHEREAS**, on June 5, 2023, the United States Judicial Panel on Multidistrict Litigation ordered that the aforementioned civil actions be transferred to a single federal judge in the Southern District of Florida (the "MDL Court") and centralized as the FTX MDL;

**WHEREAS**, in August 2023, MDL Counsel filed amended consolidated complaints in the MDL Court on behalf of the MDL Plaintiffs;

**WHEREAS**, FTX MDL D.I. 178 includes claims against certain insiders of the FTX Group, including Samuel Bankman-Fried, Caroline Ellison, Nishad Singh, and Zixiao "Gary" Wang (collectively, the "FTX Insiders");

**WHEREAS**, FTX MDL D.I. 179 includes claims against certain individuals and entities who advertised and promoted the FTX Group brand pre-petition (the "Promoters and Digital Creators");

---

[1] A complete list of the FTX Debtors may be obtained on the website of the FTX Debtors' claims and noticing agent at https://cases.ra.kroll.com/FTX.

[2] This Global Settlement Agreement relates to all of the actions in the FTX MDL except the action currently pending against Binance Holdings Ltd., BAM Trading Services, Inc. d/b/a Binance.US, BAM Management US Holdings Inc., and Changpeng Zhao, MDL D.I. 689, which is being pursued separately by different counsel.

[3] The term "FTX Group" means, collectively, the FTX Debtors and all affiliates of the FTX Debtors that have not filed voluntary Chapter 11 petitions in the United States under the Bankruptcy Code.

WHEREAS, FTX MDL D.I. 157 and FTX MDL D.I. 182, 493 include claims against certain domestic and multinational venture capital funds and equity investors who invested in the FTX Debtors, together with their respective owners, officers, directors, and related persons (the "Domestic VC Investors" and "Multinational VC Investors," respectively);

WHEREAS, FTX MDL D.I. 155 includes claims against Deltec Bank & Trust Company Ltd., Farmington State Bank d/b/a Moonstone Bank, and Jean Chalopin (the "Bank Defendants");

WHEREAS, FTX MDL D.I. 153 asserts claims against Fenwick & West LLP (the "Fenwick Action");

WHEREAS, FTX MDL D.I. 158 asserts claims against Prager Metis CPAs, LLC and Armanino LLP (the "FTX Accountants" and, together with the Fenwick Action, the "FTX Professionals");

WHEREAS, on June 22, 2023, the FTX Debtors commenced in the FTX Bankruptcy Proceedings an adversary proceeding, *Alameda Research Ltd.* v. *Kives*, Adv. Pro. No. 23-50411 (Bankr. D. Del.), against the K5 Defendants (as defined below);

WHEREAS, on July 20, 2023, the FTX Debtors commenced in the FTX Bankruptcy Proceedings an adversary proceeding, *FTX Trading Ltd.* v. *Bankman-Fried*, Adv. Pro. No. 23-50448 (Bankr. D. Del.), against the FTX Insiders;

WHEREAS, on or around December 9, 2022, the U.S. Department of Justice commenced the federal criminal case *United States* v. *Bankman-Fried*, No. 22-673 (LAK) (S.D.N.Y.) (the "Criminal Case"), in which Samuel Bankman-Fried was found guilty of multiple crimes and sentenced to prison;

WHEREAS, on March 29, 2024, the court presiding over the Criminal Case ordered Samuel Bankman-Fried to forfeit $11,020,000,000 as a result of his crimes ("Bankman-Fried Forfeiture Order");

WHEREAS, the U.S. Department of Justice has seized certain assets from Samuel Bankman-Fried and other FTX Insiders and has or may seek to forfeit those assets ("Seized Assets");

WHEREAS, on June 14, 2024, the FTX Debtors filed a petition in the Criminal Case, *Third-Party Movants FTX Debtors' and FTX Digital Markets' Verified Petition for Ancillary Proceedings Pursuant to 21 U.S.C. § 853(n)*, asserting interests in and rights to, certain of the Seized Assets (the "FTX Debtors' Forfeiture Petition");

WHEREAS, on June 17, 2024, certain of the MDL Plaintiffs filed a petition in the Criminal Case, *Ancillary Petition for Hearing to Adjudicate Validity of Legal Interest and Right to Forfeited Property under 21 U.S.C. §853(n)*, asserting interests in and rights to all or part of the assets seized by the U.S. Department of Justice in partial satisfaction of the Bankman-Fried Forfeiture Order (the "MDL Plaintiffs' Forfeiture Petition");

Docusign Envelope ID: 01C0F2D3-8069-425E-8A9B-749955264D58

**WHEREAS**, on March 27, 2024, the MDL Plaintiffs moved for preliminary approval of settlements with certain FTX Insiders and Daniel Friedberg, which the MDL Plaintiffs subsequently supplemented on April 19, 2024 (collectively, the "<u>MDL Plaintiffs' Insider Settlement Approval Motion</u>");

**WHEREAS**, on June 3, 2024, the FTX Debtors commenced in the FTX Bankruptcy Proceedings an adversary proceeding against the MDL Plaintiffs to enjoin the MDL Plaintiffs from litigating certain of their claims in the FTX MDL, *FTX Trading Ltd.* v. *Chernyavsky*, No. 24-50072 (JTD) (Bankr. D. Del.) (the "<u>Injunction Adversary Proceeding</u>");

**WHEREAS**, on June 27, 2024, the FTX Debtors filed the solicitation versions of their chapter 11 plan of reorganization and Bankruptcy Court-approved disclosure statement;

**WHEREAS**, on August 1, 2024, the MDL Plaintiffs moved in the FTX MDL to enjoin the Injunction Adversary Proceeding (the "<u>MDL Plaintiffs' Injunction Motion</u>");

**WHEREAS**, on August 2, 2024, the FTX Debtors filed their *First Amended Joint Chapter 11 Plan of Reorganization of FTX Trading Ltd. and its Debtor Affiliates* (as it may be amended, supplemented or modified from time to time, the "<u>Chapter 11 Plan</u>");

**WHEREAS** the MDL Plaintiffs believe that the Chapter 11 Plan includes provisions—including the application of the anti-double dip, stay, and injunction provisions (e.g., §§ 7.12, 10.9, 13.5) to the FTX MDL and to the MDL Plaintiffs—that would, if implemented, harm the MDL Plaintiffs and would jeopardize the MDL Plaintiffs' potential recoveries through the actions encompassed within the FTX MDL;

**WHEREAS**, without any admission by any Party, and subject to the terms of this Global Settlement Agreement, the Parties desire to finally resolve and settle the disputes between them regarding the matters set forth herein;

**NOW, THEREFORE**, in consideration of the above and the respective promises, conditions, terms and agreements contained herein, and other good and valuable consideration, the receipt and adequacy of which are hereby acknowledged, the Parties hereby agree as follows:

1. **AGREEMENTS OF THE PARTIES**

    (a)    <u>Excluded Independent Actions</u>.    Notwithstanding anything to the contrary contained in the Plan or Confirmation Order, the FTX Debtors agree that the MDL Plaintiffs and MDL Counsel can pursue Excluded Independent Actions in the FTX MDL without regard to the stay, injunction or anti-double dip provisions in the Chapter 11 Plan (under Sections 7.12, 10.9, 13.5 of the Chapter 11 Plan and under 11 U.S.C. §§ 105, 362), and that 100% of any recoveries can be distributed as agreed between the FTX Debtors and MDL Counsel on behalf of the MDL Plaintiffs without offset to Chapter 11 Plan recoveries.  "<u>Excluded Independent Actions</u>" are actions against third parties based on pre-petition acts and omissions that satisfy each of the following three criteria (*i.e.*, actions that assert Permitted Claims against Specified Defendants brought by and on behalf of Claim Beneficiaries):

(i)     *Permitted Claims*:  fraud-in-the-inducement, fraud-on-the-market and any other claim that the Parties mutually agree (or the Delaware Bankruptcy Court determines, if necessary) is not property of the FTX Debtors' estates;

(ii)     *Specified Defendants*:  Promoters and Digital Creators, Bank Defendants, Domestic VC Investors except for the K5 Defendants (as defined below), and Multinational VC Investors, together with their respective owners, officers, directors, or related persons.  For clarity, no action against any of the following is a Excluded Independent Action:  (a) the K5 Defendants,[4] (b) any professionals providing services to the FTX Group, including the FTX Professionals, (c) FTX Insiders, or (d) claims against former officers, directors, and employees of the FTX Debtors (collectively, the "FTX Employees");

(iii)     *Claim Beneficiaries*.  Customers and former customers of FTX.com and FTX.US and purchasers of FTT.

(b)     MDL Continuing Actions.

(i)     In addition, to the extent not included as Excluded Independent Actions in Section 1 above, notwithstanding anything to the contrary contained in the Chapter 11 Plan or Confirmation Order, the FTX Debtors agree that the MDL Plaintiffs and MDL Counsel can continue to pursue the pending claims asserted in the FTX MDL against those defendants named in those certain operative complaints (including any amended versions of those complaints to the extent they name any of those defendants) as set forth in Exhibit C (the "MDL Continuing Actions"), without regard to the stay, injunction, or anti-double dip provisions in the Chapter 11 Plan (under Sections 7.12, 10.9, 13.5 of the Chapter 11 Plan and under 11 U.S.C. §§ 105, 362), and that 100% of any recoveries can be distributed as allocated and agreed between the FTX Debtors and MDL Counsel on behalf of the MDL Plaintiffs without offset to plan recoveries. Notwithstanding the forgoing, no actions against the K5 Defendants are MDL Continuing Actions and no claims against the K5 Defendants may remain part of any MDL Continuing Actions.  The MDL Plaintiffs and MDL Counsel agree that any and all of their claims against the K5 Defendants will be dismissed without prejudice.

(ii)     The Parties do not take any position for purposes of this Global Settlement Agreement as to whether any of the claims asserted in the MDL Continuing Actions are property of the FTX Debtors' estates, and reserve all rights with respect to the claims asserted in the MDL Continuing Actions and the proceeds thereof except as set forth in this Global Settlement Agreement.  For the avoidance of doubt, the FTX Debtors do not confer standing, authorize claims to be brought on their behalf, or abandon any claims or causes of action pursuant to this Global Settlement Agreement or by agreeing to the MDL Continuing Actions proceeding. The MDL Plaintiffs do not confer standing or authorize claims to be brought on their behalf pursuant to this

---

[4]     The K5 Defendants are K5 Global Advisor, LLC, Michael Kives, Bryan Baum, K5 Global Holdings LLC, K5 Global Technology LLC, MBK Capital LP Series T, K5 Global Growth Co-Invest I GP LLC, K5 Global Growth Fund I GP LLC, K5 Global Ventures LLC, Mount Olympus Capital LP, Mount Olympus Capital LLC, K5 Global Growth Fund II LP, K5 Global Growth Fund II GP LLC, K5X Fund I LP, K5X Fund I LLC, SGN Albany LLC, and each of their respective current and former parents, subsidiaries, affiliates officers, directors, agents and employees.

Docusign Envelope ID: 01C0F2D3-8969-42E8-8A49-749856264D53

Global Settlement Agreement.

(c)   <u>The FTX Debtors' Retention of Rights</u>.  Notwithstanding any provision to the contrary in this Global Settlement Agreement, the FTX Debtors (and their successors, including any plan administrator or wind down trust) retain the right to assert, prosecute, and settle any claims and causes of action which are property of the FTX Debtors' estates against any defendant in any of the MDL Continuing Actions (even if overlapping with claims asserted in the MDL Continuing Actions) or any Excluded Independent Action.  The MDL Plaintiffs and MDL Counsel agree that they will not object to any settlement entered into by the FTX Debtors with any defendant in any of the MDL Continuing Actions or Excluded Independent Action as long as such settlement is limited to claims or causes of action of the FTX Debtors' estates.

(d)   <u>Cooperation and Coordination</u>.  The Parties agree to coordinate on information sharing in good faith with respect to the Excluded Independent Actions and the MDL Continuing Actions.  The FTX Debtors will consider in good faith reasonable requests to share work product in furtherance of common legal interests with respect to the MDL Continuing Actions or Excluded Independent Actions but retain sole discretion as to whether to provide any such requested information.  The FTX Debtors agree to provide MDL Counsel with a copy of non-privileged historical documents and information relevant to the Excluded Independent Actions and the MDL Continuing Actions in the same format it was provided to the FTX Debtors or as mutually agreed, pursuant to a confidentiality agreement on terms acceptable to the FTX Debtors.  The Parties agree to consider in good faith any necessary common interest agreements, joint prosecution agreements, or protective orders, if and when the need arises.

(e)   The FTX Debtors and MDL Counsel may, but will not be required to, coordinate on any other claims or causes of action where mutually beneficial to maximize the value of claims or settlements.  The Parties agree to use best efforts to cooperate as necessary in pursuit of the Fenwick Action.

(f)   <u>Allocation of Recoveries</u>.

(i)   The allocation of value from the MDL Continuing Actions (*e.g.*, allocation of any recovered damages, restitution, interest, settlement proceeds or other things of value obtained through litigation) is to be negotiated and agreed between the FTX Debtors and MDL Counsel at a later date following execution of this Global Settlement Agreement.  If necessary, any disputes relating to allocation will be resolved through mediation in front of an agreed third party neutral.  In the event that mediation cannot successfully resolve a dispute relating to allocation, the Parties consent to converting the mediation into arbitration before the same neutral. The Parties' rights with respect to the allocation of value from the MDL Continuing Actions are fully reserved.

(ii)   The Parties agree to discuss and agree on a method for conducting know-your-customer verifications ("<u>KYC</u>") and distributing the value realized from the MDL Continuing Actions and any Excluded Independent Actions.

(iii)   MDL Counsel may seek fees and costs on any recoveries they obtain through their work in the Excluded Independent Actions and the MDL Continuing Actions,

without regard to whether those funds will be allocated to the FTX Debtors or the MDL, and for other contributions to recoveries by the FTX Debtors' estates from defendants in FTX MDL actions referenced in this Global Settlement Agreement to the extent MDL Counsel substantially contributed to such recoveries. The FTX Debtors (and their successors, including any plan administrator or wind down trust) shall consider in good faith any such fee applications and agree not to oppose any such reasonable fee request.

(g)     <u>Forfeiture Proceeds</u>.  MDL Plaintiffs and MDL Counsel shall fully and finally withdraw, with prejudice, the *Ancillary Petition for Hearing to Adjudicate Validity of Legal Interest and Right to Forfeited Property under 21 U.S.C. §853(n)* filed in the Criminal Case at Docket No. 454, and will not seek to otherwise recover from the Seized Assets or any forfeited property, or interfere in any way with the FTX Debtors' Forfeiture Petition or any property seized or forfeited by the U.S. Department of Justice and being sought by the FTX Debtors for distribution in the FTX Bankruptcy Proceedings. MDL Plaintiffs and MDL Counsel shall cooperate with the FTX Debtors and take such other actions as are reasonably requested by the FTX Debtors in support of the FTX Debtors' efforts to obtain the Seized Assets or any property seized or forfeited for distribution in the FTX Bankruptcy Proceedings.

(h)     <u>Cessation of Litigation</u>.  Within five (5) days of the Settlement Effective Date:

(i)     the FTX Debtors shall dismiss with prejudice the Injunction Adversary Proceeding;

(ii)     MDL Plaintiffs shall withdraw with prejudice *Plaintiffs' Motion for All Writs Injunction Against Debtor-in-Possession, FTX Trading Ltd., and Related FTX Debtors*, filed in the FTX MDL, and inform the MDL Court of the material terms of this Global Settlement Agreement including the consent to the jurisdiction of the Delaware Bankruptcy Court;

(iii)     MDL Plaintiffs shall withdraw with prejudice Plaintiffs' *Limited Omnibus Objection of MDL FTX Customers to Professionals' Monthly Fee Statements* for May and June 2024 and not file or cause to be interposed any future objections to the fee statements or applications of any professionals retained by order of the Bankruptcy Court; and

(iv)     MDL Plaintiffs shall withdraw with prejudice any objections to the Chapter 11 Plan filed in the FTX Bankruptcy Proceedings to which they are a party, and shall not take any further action to hinder, delay or interfere with confirmation of the Chapter 11 Plan.

(v)     Except with the consent of the FTX Debtors, which shall not be unreasonably withheld, the MDL Plaintiffs agree not to commence or continue litigation of any kind relating to the FTX Debtors (whether related to the FTX Debtors' pre-petition or post-petition activities) other than Excluded Independent Actions and the MDL Continuing Actions, and to amend or withdraw with prejudice pending pleadings accordingly. MDL Counsel agree not to take any action inconsistent with the terms of this Global Settlement Agreement.

(i)     <u>Pending Settlements in the FTX MDL</u>.  MDL Plaintiffs shall move to stay the MDL Plaintiffs' Insider Settlement Approval Motion until such time as the FTX Debtors have resolved estate claims against the FTX Insiders and Daniel Friedberg or as otherwise agreed with the FTX Debtors*, provided*, *however*, that the MDL Plaintiffs may, in their discretion, sever the pending

settlements with respect to claims against Promoters and Digital Creators and seek their approval from the MDL Court, *provided further* that MDL Counsel shall receive settlement payments into escrow but stay implementation, including class notice and distributions, of any approved settlements with Promoters and Digital Creators until the MDL Continuing Actions and any Excluded Independent Actions are resolved or as otherwise agreed by the Parties.

    (j)    <u>Support for the FTX Debtors' Chapter 11 Plan</u>.

    (i)    MDL Counsel and each of the MDL Plaintiffs shall (a) support, vote in favor of (if eligible to vote), and not object to the FTX Debtors' Chapter 11 Plan; (b) file a statement in support of confirmation of the Plan; (c) cooperate with the FTX Debtors and take such other actions as are reasonably requested by the FTX Debtors in support of confirmation of the FTX Plan; (d) not take any action to delay, impede or prevent the consummation of the FTX Debtors' Chapter 11 Plan, and not solicit or encourage any other person to do so; and (e) not assert or cause to be asserted any property interest arising from a FTX customer relationship in any way that is inconsistent with the FTX Debtors' Chapter 11 Plan or the Bankruptcy Court's order confirming the FTX Debtors' Chapter 11 Plan.

    (ii)    To the extent that, as of the date of this Global Settlement Agreement, any of the MDL Plaintiffs (if eligible to vote) has either (a) cast a vote against the Chapter 11 Plan, or (b) not cast a vote, any such MDL Plaintiffs shall be deemed to have cast a timely vote in favor of the Chapter 11 Plan.

    (iii)    The FTX Debtors will include in the proposed Chapter 11 Plan confirmation order language to be mutually agreed by the Parties acknowledging that the damages suffered by any FTX customer may exceed the amount distributed on account of claims pursuant to the Chapter 11 Plan or otherwise in the FTX Bankruptcy Proceedings, which is in no way intended to be a cap on the damages they recover.

    (iv)    Notwithstanding anything to the contrary contained in the Chapter 11 Plan, including the anti-double dip provision set forth in section 7.11 therein, distributions to MDL Plaintiffs pursuant to the confirmed Chapter 11 Plan shall not be delayed or otherwise withheld on account of the MDL Continuing Actions or any Excluded Independent Actions.

    (k)    <u>Allowance of the MDL Plaintiffs' Claims</u>. The claims of the MDL Plaintiffs shall be Allowed Claims pursuant to the Chapter 11 Plan in the FTX Bankruptcy Proceedings in the amounts set forth in the schedule attached as <u>Exhibit D</u>.

    (l)    <u>Non-Disparagement</u>. The Parties agree that they will not make any statements or representations, or otherwise communicate in writing, orally, or otherwise, or take any action to disparage any of the other Parties or the FTX Debtors' post-petition officers, directors, employees, professionals, or agents, or the FTX Bankruptcy Proceedings for seven (7) years from the date of this agreement.

    (m)    <u>Approval of Global Settlement Agreement</u>. Within seven (7) days of execution by all Parties of this Global Settlement Agreement, (i) the FTX Debtors shall file a motion seeking approval of this Global Settlement Agreement in the FTX Bankruptcy Proceedings, and (ii) the MDL Plaintiffs shall file a motion for approval of this Global Settlement Agreement with the MDL

Court (together, the "Settlement Approval Motions"). The Parties agree to cooperate and take such actions as are reasonably necessary (including in the event that an objection or other opposition to the Settlement Approval Motion is filed) to obtain prompt court approval of, and authority to enter into, this Global Settlement Agreement. The Parties agree to submit mutually agreed proposed orders along with these motions and that nothing shall be filed in the MDL Court regarding the terms of this Global Settlement Agreement prior to the FTX Debtors seeking their approval in the MDL Bankruptcy Proceedings.

(n) Settlement Effective Date. The "Settlement Effective Date" shall occur on the date that (i) signature pages executed by each of the Parties have been delivered to each of the other Parties, (ii) the Delaware Bankruptcy Court has entered an order (which order shall have become a final order not subject to any appeal) approving the Parties' entry into this Global Settlement Agreement, on terms and conditions consistent with this Global Settlement Agreement, and (iii) either (A) the MDL Court has entered an order (which order shall have become a final order not subject to any appeal) approving the Parties' entry into this Global Settlement Agreement, on terms and conditions consistent with this Global Settlement Agreement or (B) the MDL Plaintiffs notify the FTX Debtors in writing that the MDL Plaintiffs have waived the condition to the Settlement Effective Date that the MDL Court enter an approval order. If the Delaware Bankruptcy Court denies approval of this Global Settlement Agreement, the FTX Debtors agree to provide the MDL Plaintiffs at least seven (7) days to timely file an objection to the Chapter 11 Plan and will promptly respond to any discovery served to enable any objections filed by the MDL Plaintiffs to be timely heard.

2. **RELEASES**

(a) Release of Claims by the MDL Plaintiffs. Other than as expressly set forth in this Global Settlement Agreement (including the claims allowed pursuant to section 1(k) herein), on the Settlement Effective Date, each of the MDL Plaintiffs, on behalf of themselves, and each and all of their respective current or former affiliates, officers, directors, predecessors, successors and assigns, does hereby fully, unconditionally and irrevocably release, relieve, waive, relinquish, remise, acquit and forever discharge the FTX Debtors and their respective current or former affiliates, predecessors, successors and assigns as well as their post-petition agents, officers, directors, advisors, employees, administrators, conservators, and lawyers and accountants retained through the Delaware Bankruptcy Court (collectively, the "Released Parties") from, against, and in respect of any and all past, present and future claims, cross-claims, counterclaims, third-party claims, demands, liabilities, obligations, debts, liens, damages, losses, costs, expenses, controversies, actions, rights, suits, assessments, penalties, charges, indemnities, guaranties, promises, commitments, or causes of action of any nature, whether based in contract, tort or otherwise, whether in law or equity and whether direct or indirect, known or unknown, asserted or unasserted, foreseen or unforeseen, liquidated or unliquidated, fixed or contingent, that such Party has or may have against the Released Parties since the beginning of time, under, arising out of or relating to the FTX Debtors, including, but not limited to, any claims that have been or could be asserted in the FTX MDL or FTX Bankruptcy Proceedings; provided, however, that the foregoing shall not release any obligation under or claim for breach of this Global Settlement Agreement. For the avoidance of doubt, MDL Plaintiffs do not hereby release any claims expressly allowed herein as Excluded Independent Actions or MDL Continuing Actions.

(b) <u>Release of Claims by the FTX Debtors</u>.  Other than as expressly set forth in this Global Settlement Agreement, on the Settlement Effective Date, the FTX Debtors, on behalf of themselves, and each and all of their respective current or former affiliates, officers, directors, predecessors, successors and assigns, do hereby fully, unconditionally and irrevocably release, relieve, waive, relinquish, remise, acquit and forever discharge each of the MDL Plaintiffs and their respective current or former affiliates, agents, officers, directors, advisors, employees, administrators, conservators, predecessors, successors and assigns from, against, and in respect of any and all past, present and future claims, cross-claims, counterclaims, third-party claims, demands, liabilities, obligations, debts, liens, damages, losses, costs, expenses, controversies, actions, rights, suits, assessments, penalties, charges, indemnities, guaranties, promises, commitments, or causes of action of any nature, whether based in contract, tort or otherwise, whether in law or equity and whether direct or indirect, known or unknown, asserted or unasserted, foreseen or unforeseen, liquidated or unliquidated, fixed or contingent, that such Party has or may have against MDL Plaintiffs since the beginning of time, under, arising out of or relating to the FTX Debtors, the FTX Bankruptcy Proceedings, or the FTX MDL, including but not limited to cause of action arising under Chapter 5 of the Bankruptcy Code; *provided*, *however*, that the foregoing shall not release any obligation under or claim for breach of this Global Settlement Agreement.

(c) The above releases constitute a waiver of any and all rights arising under Section 1542 of the California Civil Code (to the extent it applies to the Action), which provides as follows:

A GENERAL RELEASE DOES NOT EXTEND TO CLAIMS THAT THE CREDITOR OR RELEASING PARTY DOES NOT KNOW OR SUSPECT TO EXIST IN HIS OR HER FAVOR AT THE TIME OF EXECUTING THE RELEASE AND THAT, IF KNOWN BY HIM OR HER, WOULD HAVE MATERIALLY AFFECTED HIS OR HER SETTLEMENT WITH THE DEBTOR OR RELEASED PARTY.

The releases also constitute a waiver of any and all provisions, rights, and benefits of any federal, state or foreign law, rule, regulation, or principle of law or equity that is similar, comparable, equivalent to, or which has the effect of, Section 1542 of the California Civil Code.  The Parties acknowledge that the foregoing waiver was separately bargained for and is key element of this Global Settlement Agreement.

## 3. REPRESENTATIONS & WARRANTIES

(a) <u>Mutual Representations and Warranties of All Parties</u>.  Each Party represents and warrants to each other Party that as of the date of this Global Settlement Agreement:

(i) subject to any necessary court approval, they have the requisite organizational power and authority to enter into this Global Settlement Agreement and to carry out the transactions contemplated by, and perform their respective obligations under, this Global Settlement Agreement;

(ii) subject to any necessary court approval, this Global Settlement Agreement constitutes a legal, valid and binding obligation of such Party, enforceable against such Party in

accordance with its terms;

        (iii)    the execution and delivery of this Global Settlement Agreement and the performance of their obligations hereunder have been duly authorized by all necessary corporate or other organizational action on their part;

        (iv)    the execution, delivery, and performance by them of this Global Settlement Agreement does not violate any provision of law, rule or regulation applicable to it or any of their affiliates or its certificate of incorporation, bylaws or other organizational documents or those of any of its affiliates; and

        (v)    before executing this Global Settlement Agreement, they have been fully informed of its terms, contents, conditions and effects, they have had a full and complete opportunity to discuss this settlement with their attorney or attorneys, they are not relying in any respect on any statement or representation made by any other Party and no promise or representation of any kind has been made to such Party separate and apart from what is expressly contained herein to induce them into executing this Global Settlement Agreement.

## 4.    MISCELLANEOUS PROVISIONS

    (a)    <u>No Admission of Liability</u>.  The undersigned Parties each acknowledge and agree that the matters set forth in this Global Settlement Agreement constitute the settlement and compromise of potentially disputed claims and defenses, that this Global Settlement Agreement is not an admission or evidence of liability or infirmity by any of them regarding any claim or defense, and that the Global Settlement Agreement shall not be offered or received in evidence by or against any Party except to enforce its terms.

    (b)    <u>Specific Performance</u>.  It is understood and agreed by the Parties that money damages would be an insufficient remedy for any breach of this Global Settlement Agreement by any Party and each non-breaching Party shall be entitled to seek specific performance and injunctive or other equitable relief as a remedy of any such breach of this Global Settlement Agreement, including an order of the Delaware Bankruptcy Court requiring any Party to comply promptly with any of its obligations hereunder.  Each Party also agrees that they will not (i) seek, and will waive any requirement for, the securing or posting of a bond in connection with any Party seeking or obtaining such relief or (ii) raise as a defense thereto the necessity of proving the inadequacy of money damages as a remedy.

    (c)    <u>Damages</u>.  Notwithstanding anything to the contrary in this Global Settlement Agreement, none of the Parties or any of their respective successors or assigns shall make a claim against, or seek to recover from, any other Party or the successors, assigns, affiliates, directors, officers, employees, counsel, representatives, agents, or attorneys-in-fact of any of them for any special, indirect, consequential, exemplary, or punitive damages or damages for lost profits in respect of any claim for breach of contract or any other theory of liability arising out of or related to this Global Settlement Agreement.

    (d)    <u>Cure Period</u>.  In the event of an alleged breach of this Global Settlement Agreement, one Party shall notify the other Parties via email within fourteen (14) days of the alleged breach, and the breaching Party shall have fourteen (14) days to withdraw, amend, or otherwise cure the

breach.

(e) <u>Termination</u>.  This Global Settlement Agreement may be terminated by the MDL Plaintiffs upon written notice to the FTX Debtors upon the occurrence of any of the following events, after which the Parties shall have no further obligations under the Global Settlement Agreement:

  (i) the FTX Debtors file an amended Chapter 11 Plan or ancillary documents that are materially modified in a manner adverse to the MDL Plaintiffs relating to, and inconsistent with, the terms of this Global Settlement Agreement, subject to the Cure Period set forth in section 4(d) herein;

  (ii) the entry of an order by the Delaware Bankruptcy Court converting one or more of the chapter 11 cases of the FTX Debtors to a case under chapter 7 of the Bankruptcy Code; or

  (iii) the Delaware Bankruptcy Court denies confirmation of the Chapter 11 Plan.

(f) <u>Further Assurances</u>.  The Parties shall use their reasonable best efforts to take, or cause to be taken, all appropriate action to do or cause to be done all things necessary under applicable law, and to execute and deliver such documents and other papers, in each case, as may be required to carry out the provisions of this Global Settlement Agreement and consummate and make effective the transactions contemplated hereby.

(g) <u>Execution in Counterparts</u>.  This Global Settlement Agreement may be executed in counterparts by one or more of the Parties and all such counterparts when so executed shall together constitute the final Global Settlement Agreement, as if one document had been signed by all Parties; and each such counterpart, upon execution and delivery, shall be deemed a complete original, binding the Parties subscribed thereto upon the execution by all Parties to this Global Settlement Agreement.  Delivery of this signed agreement by facsimile transmission or by .pdf, .jpeg, TIFF or other form of electronic mail attachment will be deemed effective as delivery of a manually executed counterpart prior to and in the absence of manual delivery and will be binding upon the Parties.

(h) <u>Governing Law</u>.  This Global Settlement Agreement shall be governed by and construed and enforced in accordance with the laws of the State of Delaware, without regard to conflicts of law principles that would result in the application of any law other than the law of the State of Delaware.

(i) <u>Consent to Venue</u>.  Except as set forth in Paragraph 1(f) above, the Parties irrevocably and unconditionally submit to and accept the jurisdiction of the Delaware Bankruptcy Court for any action, suit or proceeding arising out of or relating to this Global Settlement Agreement, and waive any objection that it may have to the laying of venue in the Delaware Bankruptcy Court or that the Delaware Bankruptcy Court is an inconvenient forum or does not have personal jurisdiction over it in connection with such an action, suit or proceeding.

       (j)   <u>Notices</u>.  Any notices required hereunder shall be sent by certified mail, first class, return receipt requested or by a nationally recognized overnight delivery service, and by email, to the following:

           (i)   If to MDL Plaintiffs or MDL Counsel, notice shall be sent to the following and deemed effective as to all MDL Plaintiffs and MDL Counsel:

> **BOIES SCHILLER FLEXNER LLP**
> David Boies
> Alexander Boies
> Brooke A. Alexander
> 333 Main Street
> Armonk, NY 10504
> *dboies@bsfllp.com*
> *aboies@bsfllp.com*
> *balexander@bsfllp.com*
>
>     and
>
> **THE MOSKOWITZ LAW FIRM, PLLC**
> Adam M. Moskowitz
> Joseph M. Kaye
> Continental Plaza 3250 Mary Street, Ste. 202
> Coconut Grove, FL 33133
> *adam@moskowitz-law.com*
> *joseph@moskowitz-law.com*
> *service@moskowitz-law.com*

           (ii)   If to the FTX Debtors:

> John J. Ray III
> 125 Broad Street
> FTX Mail Room, 32nd Floor
> New York, NY 10004
> *jray@greylockpartnersllc.com*
>
>     with copies to:
>
> **SULLIVAN & CROMWELL LLP**
> Andrew G. Dietderich
> Brian D. Glueckstein
> 125 Broad Street
> New York, NY 10004
> *dietdericha@sullcrom.com*
> *gluecksteinb@sullcrom.com*
>
>     and

Docusign Envelope ID: 01C0FA02-8969-42E9-81A9-7499E5264B53

Case 1:23-md-03068 Doc 26866 Entered 10/15/24 Page 18 of 39
Case 21-MD-03068 Doc 26866 Entered 10/15/24 Page 14 of 835  Page 18 of 39

**QUINN EMANUEL URQUHART & SULLIVAN, LLP**
Sascha N. Rand
51 Madison Avenue
New York, NY 10010
*sascharand@quinnemanuel.com*

(k)     <u>Entire Agreement and Amendments</u>.   This Global Settlement Agreement constitutes the entire agreement and understanding between and among the Parties concerning the matters set forth herein and supersedes any prior agreements or understandings.  This Global Settlement Agreement may not be amended or modified, nor may any of its provisions be waived, except in writing signed by the Parties bound thereby, or by their respective authorized attorney or other representative.

(l)     <u>Severability</u>.  If any provision in this Global Settlement Agreement is determined to be invalid, inoperative or unenforceable, the remaining provisions of this Global Settlement Agreement remain in effect if both the economic and legal substance of this Global Settlement Agreement are not materially affected in any manner adverse to any Party.  Otherwise, the Parties shall negotiate in good faith to rewrite any such provision so as to, as nearly and fairly as possible, approach the economic and legal substance originally intended.

(m)     <u>Assignment</u>.  Neither this Global Settlement Agreement nor any of the rights and obligations of the Parties hereunder may be transferred or assigned by any Party without the prior written consent of the other Parties, which consent will not be unreasonably withheld, except that each Party shall have the right to assign any or all of its rights and delegate any or all of its obligations hereunder to any of its affiliates or any successor in interest (whether by merger, acquisition, asset purchase, or otherwise), *provided*, that no assignment to any affiliate or successor in interest shall relieve or discharge the assigning Party from any of its obligations hereunder.  Any transfer or assignment in violation of this Global Settlement Agreement shall be void and of no force or effect.

(n)     <u>Indemnification</u>.  In the event of the breach of this Global Settlement Agreement, the breaching Party will indemnify and hold harmless the non-breaching Party and any of its affiliates, officers, directors, employees, agents, and subsidiaries for any and all reasonable attorneys' fees, litigation expenses, and court costs arising out of or in connection with such breach.

[*The remainder of this page is intentionally left blank.*]

**IN WITNESS WHEREOF**, the Parties hereto have caused this Global Settlement Agreement to be executed by each of them or their duly authorized representatives on the dates hereinafter subscribed.

**FTX DEBTORS**

Date: September 17, 2024     BY:_____

NAME:  John J. Ray III

TITLE:  Solely in his capacity as Chief Executive Officer
        of the FTX Debtors

**ALEXANDER CHERNYAVSKY**

Date: September __, 2024     _____

**BRANDON ORR**

Date: September __, 2024     _____

**EDWIN GARRISON**

Date: September __, 2024     _____

**GREGG PODALSKY**

Date: September __, 2024     _____

**JULIE PAPADAKIS**

Date: September __, 2024     _____

Docusign Envelope ID: 929DD375-6318-4292-9146-B9999125AF52

Case 1:23-md-02966-RBK-EAP  Case 22-11068-JTD  Doc 26866  Entered 10/15/24  Page 20 of 39  Document 167-2  Filed 10/15/24  Page 7 of 325  Page 20 of 39

**IN WITNESS WHEREOF**, the Parties hereto have caused this Global Settlement Agreement to be executed by each of them or their duly authorized representatives on the dates hereinafter subscribed.

### FTX DEBTORS

Date: September __, 2024

BY: _____

NAME:  John J. Ray III

TITLE:  Solely in his capacity as Chief Executive Officer of the FTX Debtors

### ALEXANDER CHERNYAVSKY

9/17/2024

Date: September __, 2024

Подписант:

*Alexander Chernyavsky* _____

6C1A4AAEB6C0485...

### BRANDON ORR

9/18/2024

Date: September __, 2024

DocuSigned by:

*Brandon Orr* _____

33E9BBA5A18B49A...

### EDWIN GARRISON

9/17/2024

Date: September __, 2024

DocuSigned by:

*Edwin Garrison* _____

B08D8F240CCB444...

### GREGG PODALSKY

9/17/2024

Date: September __, 2024

DocuSigned by:

*Gregg Podalsky* _____

653AE4DA1F5E439...

### JULIE PAPADAKIS

9/17/2024

Date: September __, 2024

DocuSigned by:

*Julie Papadakis* _____

8DFA2C9582214ED...

**KYLE RUPPRECHT**

9/17/2024

Date: September __, 2024

_____

**LEANDRO CABO**

9/17/2024

Date: September __, 2024

_____

**MICHAEL LIVIERATOS**

9/17/2024

Date: September __, 2024

_____

**MICHAEL NORRIS**

9/17/2024

Date: September __, 2024

_____

**RYAN HENDERSON**

9/17/2024

Date: September __, 2024

_____

**VIJETH SHETTY**

9/17/2024

Date: September __, 2024

_____

**CHUKWUDOZIE EZEOKOLI**

9/17/2024

Date: September __, 2024

_____

**SHENGYN HUANG**

9/17/2024

Date: September __, 2024          DocuSigned by:

*Shengyun Huang*  _____

1AFE1F0C7B66492...


**BOIES SCHILLER FLEXNER LLP**

Date: September __, 2024          BY:_____

                                 NAME:

                                 TITLE:


**THE MOSKOWITZ LAW FIRM, PLLC**

Date: September __, 2024          BY:_____

                                 NAME:

                                 TITLE:


**LAW OFFICE OF ROBERT LIEFF**

Date: September __, 2024          BY:_____

                                 NAME:

                                 TITLE:


**FISHMAN HAYGOOD LLP**

Date: September __, 2024          BY:_____

                                 NAME:

                                 TITLE:

**SHENGYN HUANG**

Date: September __, 2024

_____


**BOIES SCHILLER FLEXNER LLP**

Date: September 17, 2024     BY:_____

NAME:

TITLE:


**THE MOSKOWITZ LAW FIRM, PLLC**

Date: September 17, 2024     BY:_____

NAME:

TITLE:


**LAW OFFICE OF ROBERT LIEFF**

Date: September __, 2024     BY:_____

NAME:

TITLE:


**FISHMAN HAYGOOD LLP**

Date: September __, 2024     BY:_____

NAME:

TITLE:

**SHENGYN HUANG**

Date: September __, 2024                    _____

**BOIES SCHILLER FLEXNER LLP**

Date: September __, 2024           BY:_____

                                  NAME:

                                  TITLE:

**THE MOSKOWITZ LAW FIRM, PLLC**

Date: September __, 2024           BY:_____

                                  NAME:

                                  TITLE:

**LAW OFFICE OF ROBERT LIEFF**

        9/17/2024
Date: September __, 2024           BY: *Robert Lieff* _____
                                  ┌─DocuSigned by:
                                  └─3CDDDA71CE9F4B9...

                                  NAME: Robert Lieff

                                  TITLE:  Owner

**FISHMAN HAYGOOD LLP**

Date: September __, 2024           BY:_____

                                  NAME:

                                  TITLE:

**SHENGYN HUANG**

Date: September __, 2024 _____

**BOIES SCHILLER FLEXNER LLP**

Date: September __, 2024 BY:_____

NAME:

TITLE:

**THE MOSKOWITZ LAW FIRM, PLLC**

Date: September __, 2024 BY:_____

NAME:

TITLE:

**LAW OFFICE OF ROBERT LIEFF**

Date: September __, 2024 BY:_____

NAME:

TITLE:

**FISHMAN HAYGOOD LLP**

Date: September 17, 2024 BY: _____

NAME: Kerry Miller

TITLE: PARTNER

-16-

**JOSEPH SAVERI LAW FIRM, LLP**

Date: September 18, 2024          BY: _____

NAME:   Joseph Saveri

TITLE:   Joseph R. Saveri

**MARK MIGDAL AND HAYDEN**

Date: September __, 2024          BY: _____

NAME:

TITLE:

**THE LANIER LAW FIRM, P.C.**

Date: September __, 2024          BY: _____

NAME:

TITLE:

**ROBBINS GELLER RUDMAN & DOWD LLP**

Date: September __, 2024          BY: _____

NAME:

TITLE:

**JOSEPH SAVERI LAW FIRM, LLP**

Date: September __, 2024          BY:_____

                                 NAME:

                                 TITLE:

**MARK MIGDAL AND HAYDEN**

Date: September 17th, 2024        BY:_____

                                 NAME: Jose Ferrer

                                 TITLE: ATTORNEY

**THE LANIER LAW FIRM, P.C.**

Date: September __, 2024          BY:_____

                                 NAME:

                                 TITLE:

**ROBBINS GELLER RUDMAN & DOWD LLP**

Date: September __, 2024          BY:_____

                                 NAME:

                                 TITLE:

**JOSEPH SAVERI LAW FIRM, LLP**

Date: September __, 2024            BY:_____

                                   NAME:

                                   TITLE:

**MARK MIGDAL AND HAYDEN**

Date: September __, 2024            BY:_____

                                   NAME:

                                   TITLE:

**THE LANIER LAW FIRM, P.C.**

Date: September 17, 2024            BY:_____

                                   NAME:   Alex J. Brown

                                   TITLE:   Managing Attorney - Business Litigation Section

**ROBBINS GELLER RUDMAN & DOWD LLP**

Date: September __, 2024            BY:_____

                                   NAME:

                                   TITLE:

**JOSEPH SAVERI LAW FIRM, LLP**

Date: September __, 2024          BY:_____

                                 NAME:

                                 TITLE:

**MARK MIGDAL AND HAYDEN**

Date: September __, 2024          BY:_____

                                 NAME:

                                 TITLE:

**THE LANIER LAW FIRM, P.C.**

Date: September __, 2024          BY:_____

                                 NAME:

                                 TITLE:

**ROBBINS GELLER RUDMAN & DOWD LLP**

Date: September 7, 2024           BY:_____

                                 NAME: Stuart A. Davidson

                                 TITLE: Partner

**AUDET & PARTNERS, LLP**

Date: September 17, 2024          BY: _William M. Audet_

                                  NAME:  William M. Audet

                                  TITLE:  Partner

**KAPLAN FOX & KILSHEIMER LLP**

Date: September ___, 2024         BY: _____

                                  NAME:

                                  TITLE:

**POMERANTZ LLP**

Date: September ___, 2024         BY: _____

                                  NAME:

                                  TITLE:

**AUDET & PARTNERS, LLP**

Date: September __, 2024                    BY:_____

NAME:

TITLE:

**KAPLAN FOX & KILSHEIMER LLP**

9/17/2024

Date: September __, 2024                    BY

NAME: Laurence King

TITLE: Partner

**POMERANTZ LLP**

Date: September __, 2024                    BY:_____

NAME:

TITLE:

**AUDET & PARTNERS, LLP**

Date: September ___, 2024     BY:_____

NAME:

TITLE:

**KAPLAN FOX & KILSHEIMER LLP**

Date: September ___, 2024     BY:_____

NAME:

TITLE:

**POMERANTZ LLP**

Date: September 17, 2024     BY:_____

NAME: Josh Silverman

TITLE: Partner

-18-

## Exhibit A

### MDL Counsel

| Firm | Counsel |
|---|---|
| Boies Schiller Flexner LLP | David Boies<br>Alexander Boies<br>Brooke A. Alexander<br>Marc Ayala<br>333 Main Street<br>Armonk, NY 10504<br>Tel:  (914) 749-8200<br>*dboies@bsfllp.com*<br>*aboies@bsfllp.com*<br>*balexander@bsfllp.com*<br>mayala@bsfllp.com<br><br>Stephen Neal Zack<br>Tyler Ulrich<br>100 SE 2nd St., Suite 2800<br>Miami, FL 33131<br>Office: 305-539-8400<br>*szack@bsfllp.com*<br>*tulrich@bsfllp.com* |
| The Moskowitz Law Firm, PLLC | Adam M. Moskowitz<br>Joseph M. Kaye<br>Howard M. Bushman<br>Barbara C. Lewis<br>Continental Plaza 3250 Mary Street, Ste. 202<br>Coconut Grove, FL 33133<br>Tel:  (305) 740-1423<br>*adam@moskowitz-law.com*<br>joseph@moskowitz-law.com<br>*howard@moskowitz-law.com*<br>barbara@moskowitz-law.com |
| Fishman Haygood, LLP | James R. Swanson<br>Kerry J. Miller<br>C. Hogan Paschal<br>Molly L. Wells<br>201 St. Charles Avenue, Suite 4600<br>New Orleans, LA 70170<br>Tel: (504) 556-5549<br>*jswanson@fishmanhaygood.com*<br>*kmiller@fishmanhaygood.com* |

| Firm | Counsel |
|---|---|
| | *hpaschal@fishmanhaygood.com*<br>*mwells@fishmanhaygood.com* |
| Law Office of Robert Lieff | Robert Lieff<br>P.O. Drawer A<br>Rutherford, CA 94573<br>Tel: (415) 250-4800<br>*rlieff@lieff.com* |
| Joseph Saveri Law Firm, LLP | Joseph R. Saveri<br>Christopher K.L. Young<br>Itak Moradi<br>601 California Street, Suite 1000 San Francisco, California 94108<br>Tel: (415) 500-6800<br>jsaveri@saverilawfirm.com<br>*cyoung@saverilawfirm.com*<br>imoradi@saverilawfirm.com |
| Mark Migdal and Hayden | José Manuel Ferrer<br>Desiree Fernandez<br>80 SW 8 Street, Suite 1999<br>Miami, FL 33131<br>Tel: (305) 374-0440<br>jose@markmigdal.com<br>*desiree@markmigdal.com* |
| The Lanier Law Firm, P.C. | K. Rachel Lanier<br>Alex J. Brown<br>10940 W. Sam Houston Pkwy N<br>Houston, TX 77064<br>Tel: (713) 659-5200<br>*Rachel.Lanier@lanierlawfirm.com*<br>Alex.Brown@lanierlawfirm.com |
| Robbins Geller Rudman & Dowd LLP | Stuart Davidson<br>Facundo Scialpi<br>Alex Cohen<br>225 NE Mizner Boulevard, Suite 720<br>Boca Raton, FL 33432<br>Tel: (561) 750-3000<br>*sdavidson@rgrdlaw.com*<br>*fscialpi@rgrdlaw.com*<br>*acohen@rgrdlaw.com* |

| Firm | Counsel |
|---|---|
|  | Eric I. Niehaus<br>Patton L. Johnson<br>655 West Broadway, Suite 1900<br>San Diego, CA 92101<br>(619) 231-1058<br>*ericn@rgrdlaw.com*<br>*pjohnson@rgrdlaw.com* |
| Audet & Partners, LLP | William M. Audet<br>711 Van Ness Avenue. Suite 500<br>San Francisco, CA 94102-3229<br>Tel: (415) 568-2556<br>*waudet@audetlaw.com* |
| Kaplan Fox & Kilsheimer LLP | Laurence D. King<br>Matthew George<br>1999 Harrison Street, Suite 1560<br>Oakland, CA 94612<br>Tel: (415) 772-4700<br>*lking@kaplanfox.com*<br>*mgeorge@kaplanfox.com*<br><br>Frederic S. Fox<br>Joel B. Strauss<br>800 Third Avenue, 38th Floor<br>New York, NY 10022<br>Tel: (212) 678-1980<br>*ffox@kaplanfox.com* |
| Pomerantz LLP | Joshua B. Silverman<br>Pomerantz LLP<br>600 Third Avenue, 20th Floor<br>New York, NY 10016<br>212-661-1100<br>212-661-8665<br>*jbsilverman@pomlaw.com* |

## <u>Exhibit B</u>

**MDL Plaintiffs**

1. Alexander Chernyavsky

2. Brandon Orr

3. Chukwudozie Ezeokoli

4. Edwin Garrison

5. Gregg Podalsky

6. Julie Papadakis

7. Kyle Rupprecht

8. Leandro Cabo

9. Michael Livieratos

10. Michael Norris

11. Ryan Henderson

12. Shengyun Huang

13. Vijeth Shetty

**Exhibit C**

**MDL Continuing Actions**

| Action, D.I. of Operative Complaint | Filing Date | Defendant(s) |
|---|---|---|
| *In re FTX Cryptocurrency Exchange Collapse Litigation*, MDL No. 23-03076 (S.D. Fla.) (as defined above, the "FTX MDL"), D.I. 153 | Aug. 7, 2023 | Fenwick & West LLP |
| FTX MDL, D.I. 155 | Aug. 7, 2023 | Deltec Bank and Trust Company Limited; Farmington State Bank d/b/a Moonstone Bank; Jean Chalopin |
| FTX MDL, D.I. 157 | Aug. 8, 2023 | Sequoia Capital Operations, LLC; Thomas Bravo, LP; Paradigm Operations LP; SkyBridge Capital II, LLC; Multicoin Capital Management LLC; Tiger Global Management, LLC; Ribbit Management Company, LLC; Altimeter Capital Management, LP[1] |
| FTX MDL, D.I. 158 | Aug. 8, 2023 | Prager Metis CPAs, LLC; Armanino LLP |
| FTX MDL, D.I. 179 | Aug. 11, 2023 | Thomas Brady; Gisele Bündchen; Kevin O'Leary; Udonis Haslem; David Ortiz; Stephen Curry; Golden State Warriors LLC; Shaquille O'Neal; William Trevor Lawrence; Shohei Ohtani; Naomi Osaka; Lawrence Gene David; Solomid Corporation; Graham Stephan; Andrei Jikh; Jaspreet Singh; Brian Jung; Jeremy Lefebvre; Tom Nash; Erika Kullberg; Creators Agency |
| FTX MDL, D.I. 182, 493 | Aug. 11, 2023 | Temasek Holdings (Private) Limited; Temasek International (USA) LLC; SoftBank Group Corp.; SB Group US, Inc.; Sino Global Capital Limited; Sino Global Capital Holdings, LLC |
| FTX MDL, D.I. 607 | Apr. 9, 2024 | The Office of the Commissioner of Baseball d/b/a Major League Baseball; Major League Baseball Enterprises, Inc.; Major League Baseball Properties, Inc.; Major League Baseball Promotion Corporation; MLB Advanced Media, L.P.; The MLB Network, LLC; MLB Players, Inc. |

---

[1] In accordance with Paragraph 1(b) of the Global Settlement Agreement, all actions against the K5 Defendants and any claims against the K5 Defendants are excluded from the MDL Continuing Actions and must be dismissed without prejudice by the MDL Plaintiffs and MDL Counsel.

| Action, D.I. of Operative Complaint | Filing Date | Defendant(s) |
|---|---|---|
| *Garrison* v. *Wasserman Media Group*, No. 23-24478 (S.D. Fla. Nov. 27, 2023), D.I. 1 (FTX MDL member case) | Nov. 27, 2023 | Wasserman Media Group, LLC; Dentsu McGarry Bowen LLC |
| *Garrison* v. *Lincoln Holdings LLC*, No. 24-00655 (D.D.C. Mar. 7, 2024), D.I. 1 (transferred to FTX MDL, D.I. 561 (Mar. 27 2024)) | Mar. 7, 2024 (complaint)<br><br>Mar. 27, 2024 (transfer) | Lincoln Holdings LLC d/b/a Monumental Sports & Entertainment |
| *Garrison* v. *Furia Esports LLC*, No. 24-20895 (S.D. Fla. Mar. 7, 2024), D.I. 1 (FTX MDL member case) | Mar. 7, 2024 | Furia Esports LLC; FuriaGG, Corporation; Furia Experience LLC |
| *Garrison* v. *Riot Games, Inc.*, No. 24-01841 (C.D. Cal. Mar. 7, 2024), D.I. 1 (transferred to FTX MDL, D.I. 602 (Apr. 8, 2024)) | Mar. 7, 2024 (complaint)<br><br>Apr. 8, 2024 (transfer) | Riot Games, Inc.; North America League of Legends Championship Series LLC |
| *Garrison* v. *Mercedes Benz Grand Prix Ltd.*, No. 23-24480 (S.D. Fla. Nov. 27, 2024), D.I. 1 (FTX MDL member case) | Nov. 27, 2023 | Mercedes-Benz Grand Prix Limited d/b/a Mercedes-AMG Petronas Formula One Team |

**Exhibit D**

**MDL Plaintiffs' Allowed Claims**

| MDL Plaintiff Claimant | FTX Plan Class | Allowed Claim Amount |
|---|---|---|
| Julie Papadakis | 5B | $643,025 |
| Kyle Rupprecht | 5A | $207,137 |
| Alexander Chernyavsky | 5B | $101,627 |
| Gregg Podalsky | 5B | $87,467 |
| Shengyun "Bob" Huang | 5B | $75,001 |
| Michael Livieratos | 5B | $52,923 |
| Chukwudozie Ezeokoli | 7B | $44,790 |
| Vijeth Shetty | 7B | $20,971 |
| Ryan Henderson | 7B | $10,493 |
| Michael Norris | 7B | $8,000 |
| Brandon Orr | 7B | $1,105 |
| Edwin Garrison | 7B | $319 |
| Leandro Cabo | N/A | $0 |