UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

| | |
|---|---|
| IN RE: FTX CRYPTOCURRENCY EXCHANGE COLLAPSE LITIGATION | No: 1:23-md-03076-KMM<br><br>MDL No. 3076 |
| This Document Relates To:<br><br>*Garrison v. The Office of The Commissioner of Baseball d/b/a Major League Baseball, et al.*, S.D. Fla. Case No. 1:23-cv-24479 | |

**DEFENDANT MLB PLAYERS, INC.'S INDIVIDUAL MOTION TO DISMISS AND INCORPORATED MEMORANDUM OF LAW**

## I.  INTRODUCTION

Defendant MLB Players, Inc. ("MLBPI") moves to dismiss Plaintiffs' First Amended Complaint ("FAC"), ECF No. 908, for the reasons set forth in the S&E Defendants' Motion to Dismiss or to Compel Arbitration, including those arguments that relate specifically to MLBPI, in addition to the reasons stated below.

## II.  PLAINTIFFS IMPROPERLY LUMP MLBPI WITH "MLB DEFENDANTS"

The FAC contains 1,255 paragraphs—only two of which mention MLBPI by name. *See* FAC ¶¶ 102, 974.[1] Any claims otherwise purportedly lodged against MLBPI are vis-à-vis the "MLB," the term Plaintiffs use to refer collectively to seven Defendants, defined as including MLBPI, The Office of the Commissioner of Baseball (d/b/a as MLB), and other entities. *See* FAC ¶ 953. Yet MLBPI is an entirely separate and distinct entity from Defendant MLB and the other entities. As Plaintiffs acknowledge, MLBPI is an arm of the Major League Baseball Players Association ("MLBPA"), FAC ¶ 102, the labor union for MLB players, focused on protecting and advancing the rights and interests of its players, in disputes and negotiations *against* MLB. Not only is it inherently confusing to define a group of defendants using the same name as one of the group's individual defendants, but it is also plainly improper to indiscriminately lump distinct defendants together without distinction. *See Fox v. Loews Corp.*, 309 F. Supp. 3d 1241, 1248-49 (S.D. Fla. 2018) (dismissing complaint that "impermissibly and confusingly lump[ed]" defendants together, "defin[ing] 'Loews' or 'Defendants' collectively as representing four distinct entities" and making "no attempt to distinguish between conduct attributable" to one versus the other).

The allegations seemingly aimed at MLBPI fall under the heading "Major League Baseball Defendants." FAC at 364. Plaintiffs rely almost exclusively on the broadly defined term "MLB,"

---

[1] *See also* FAC ¶ 953 (only mentioning MLBPI as an entity listed in the definition of "MLB").

making no attempt to delineate conduct attributable to MLBPI, an entity entirely separate and distinct from Defendant MLB and the other entities. *See, e.g.*, FAC ¶ 966 ("**MLB** and FTX launched a partnership"); *id.* ¶ 973 ("**MLB** also partnered with FTX to advertise and sell physical merchandise"); *id.* ¶ 983 ("**MLB** had a financial incentive to induce Plaintiffs to invest with FTX"); *id.* ¶ 985 ("**MLB** intended to deceive and/or defraud Plaintiffs") (all emphasis added).

Moreover, Plaintiffs concede that any conduct attributable to MLBPI stems from an agreement by MLBPA to "g[i]ve FTX rights to use footage of player highlights in its advertising and other content creation." FAC ¶ 974. Consistent with the fact that MLBPI's rights are entirely distinct from those of MLB as a completely separate entity, any conduct otherwise directed at MLB collectively cannot be attributed to MLBPI. For example, allegations about FTX logo patches on MLB umpire uniforms, *see, e.g.*, FAC ¶¶ 961, 975, 977, 978, or MLB events sponsored by FTX, *see, e.g.*, FAC ¶¶ 956, 958, 971, 972, 976, cannot be attributed to MLBPI because they have nothing to do with footage of player highlights.

Because the FAC improperly lumps MLBPI with entirely distinct entities and fails to provide adequate notice in compliance with Rule 8, it should be dismissed. *See Bentley v. Bank of America, N.A.*, 773 F. Supp. 2d 1367, 1375 (S.D. Fla. 2011) (dismissing complaint that "improperly lumped Defendants together" and failed to "treat each Defendant as a separate and distinct legal entity and delineate the conduct at issue as to each Defendant"); *Mirabal v. Bank of America Corp.*, 2015 WL 12817702, at *2 (S.D. Fla. Oct. 1, 2015) (dismissing complaint that "use[d] the terms 'Defendant' and 'Defendants' interchangeably without identifying which particular Defendant his allegations relate to"); *Joseph v. Bernstein*, 2014 WL 12600805, at *3 (S.D. Fla. Apr. 21, 2014) (dismissing complaint "that fail[ed] to satisfy Rule 8, as Plaintiff lump[ed] all five Defendants together in his allegations of wrongdoing").

### III. PLAINTIFFS FAIL TO ALLEGE ANY PROMOTIONS BY MLBPI

While Plaintiffs allege that MLBPA "gave FTX rights to use footage of player highlights in its advertising and other content creation," FAC ¶ 974, Plaintiffs fail to allege any instance where such footage was actually used to promote FTX. Without a single allegation of any representation, promotion, or advertisement linked to MLBPI—let alone any conduct plausibly construed as MLBPI soliciting or personally participating in the sale of any FTX product—each of Plaintiffs' claims against MLBPI must be dismissed.

### IV. PLAINTIFFS FAIL TO ALLEGE ANY FINANCIAL INCENTIVE

The claims against MLBPI should be dismissed for the additional reason that Plaintiffs fail to allege that MLBPI had any financial incentive to solicit an FTX investment. Nor could they. MLBPI (or MLBPA) has no direct agreement with FTX,[2] and Plaintiffs do not allege any compensation to MLBPI suggesting a motivation to solicit investments. Absent such motivation, Plaintiffs fail to plausibly allege liability extends to MLBPI. *See* May 7, 2025, Order, ECF No. 890 at 17 ("liability only extends to persons who successfully solicit the purchase, motivated at least in part by a desire to serve his own financial interests or those of the securities owner") (citing *Pinter v. Dahl*, 486 U.S. 622, 647 (1988)).

### V. CONCLUSION

For these additional reasons, the claims against MLBPI should be dismissed with prejudice.

---

[2] Despite alleging "an agreement between FTX.US and the MLB[PA]," FAC ¶ 974, Plaintiffs should know based on documents received pursuant to a settlement agreement with FTX debtors that MLBPI (or MLBPA) has no direct agreement with FTX. *See* Global Settlement Agreement at 1(d), *In re FTX Trading Ltd.*, No. 22-11068 (Bankr. D. Del.), ECF No. 26866-1.

DATED:  July 27, 2025
        Miami, Florida

Respectfully submitted,

**WEIL, GOTSHAL & MANGES LLP**

<u>*/s/ Pravin R. Patel*</u>
Pravin R. Patel (FBN 0099939)
Alli G. Katzen (FBN 1024803)
1395 Brickell Avenue, Suite 1200
Miami, FL 33131-3368
(305) 577-3100
pravin.patel@weil.com
alli.katzen@weil.com

Yehudah L. Buchweitz
Zachary A. Schreiber
767 Fifth Avenue
New York, NY 10153
(212) 310-8000
yehudah.buchweitz@weil.com
zach.schreiber@weil.com

*Attorneys for MLB Players, Inc.*

**CERTIFICATE OF SERVICE**

      I hereby certify that on this July 27, 2025, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF. I also certify that the foregoing document is being served this day on all counsel of record via transmission of Notices of Electronic Filing generated by CM/ECF.

DATED:   July 27, 2025                        */s/ Pravin Patel*
                                                    Pravin Patel