# IN THE UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF FLORIDA
### MIAMI DIVISION

| | |
|---|---|
| IN RE: FTX CRYPTOCURRENCY EXCHANGE COLLAPSE LITIGATION | No: 1:23-md-03076-KMM<br><br>MDL No. 3076 |
| This Document Relates To:<br><br>*Garrison v. Wasserman Media Group, LLC and Dentsu McGarry Bowen LLC,*<br><br>No. 23-cv-24478-KMM | |

**DEFENDANTS WASSERMAN MEDIA GROUP, LLC'S AND DENTSU MCGARRY BOWEN LLC'S SUPPLEMENT TO SPORTS & ENTERTAINMENT DEFENDANTS' MOTION TO DISMISS FIRST AMENDED COMPLAINT**

Pursuant to the Court's Order of May 19, 2025 (ECF 900), defendants Wasserman Media Group, LLC ("Wasserman") and Dentsu McGarry Bowen LLC ("DentsuMB") submit this supplement to the Sports & Entertainment Defendants' Motion to Dismiss Plaintiffs' First Amended Complaint ("FAC"). For the reasons set forth there and amplified below, the Court should dismiss Plaintiffs' remaining claims against Wasserman and DentsuMB, with prejudice.

## SUPPLEMENTAL ARGUMENT

When the dot-com bubble burst a quarter century ago, millions of investors left with worthless interests in failed businesses filed lawsuits against a slew of individuals and entities. But the companies that made  some ads or the artists who appeared in them? The idea was outlandish then and it still is now.

Wasserman is a sports-and-media talent-management firm and marketing agency. FAC, ¶¶ 72, 343. Dentsu is a talent-management firm and advertising agency. *Id*., ¶¶ 73, 396. FTX hired Wasserman and Dentsu around early 2022 to create brand awareness, principally through marketing promotions (like Bobblehead dolls) and TV ads (featuring Tom Brady, Giselle Bundchen, and Larry David). *Id.*, ¶¶ 341, 348, 354-55, 358-360, 368-63, 369-76, 398-403. As with the Sports & Entertainment Defendants, Plaintiffs broadly, and vaguely, allege that Wasserman and Dentsu "knew or should have known" that "FTX was 'a house of cards'" because of their "special access to FTX and FTX insiders" and "close participation in developing and/or vetting various FTX marketing materials" and, therefore, "knew that the securities for sale [on the FTX platform] were not registered anywhere but nonetheless promoted their sale." *See* Joint Brief, Background – Section D (citations omitted).

But more important than what the FAC alleges is what it *does not* allege:

- The FAC does not plausibly allege Wasserman or DentsuMB solicited or induced their purchase of securities; indeed, the FAC does not plausibly allege any Plaintiff participated in any promotion, or viewed any ad, Wasserman or DentsuMB produced.

- The FAC does not plausibly allege Wasserman or DentsuMB sold or promoted the sale of securities.

- The FAC does not plausibly allege Wasserman or DentsuMB intended to defraud anyone, including Plaintiffs.

- The FAC does not plausibly allege Wasserman or DentsuMB "knew or should have known" that "FTX was a 'house of cards'" built so that FTX could commit fraud.

At best, the FAC alleges FTX hired Wasserman and DentsuMB to promote some events and produce some satirical ads. That's what Wasserman and DentsuMB are in business to do.

The Court declined to decide whether agency existed when ruling on the Promoter Defendants' prior Motion to Dismiss. *See In re FTX Cryptocurrency Exch. Collapse Litig.*, No. 23-MD-3076, 2025 WL 1341173, at *10 (S.D. Fla. May 7, 2025) (finding allegations there went beyond "'general advertising' and point to mass-influence campaigns . . . that were disseminated by Defendants who served as promoters[.]"). Nevertheless, the FAC contains zero allegations that Wasserman or DentsuMB personally participated in the sale of securities—because Wasserman or DentsuMB were not **themselves** engaged to endorse FTX. Instead, they are primarily alleged to have had an attenuated behind-the-scenes role in analyzing marketing, ensuring third-party compliance with branding agreements, producing ads, or facilitating FTX's relationships with other third parties.[1]

---

[1] Despite spanning 519 pages and over 1200 paragraphs, the FAC devotes precious few paragraphs to what Wasserman and DentsuMB allegedly did wrong—let alone in a manner consistent with Fed. R. Civ. P. 8 and 9(b). Instead, Plaintiffs vaguely allege that, on behalf of FTX, Wasserman was engaged for market analysis and "partnership activation" (*see* FAC ¶¶ 348, 369–76); to ensure

Making, facilitating, or brainstorming ads for other companies does not make Wasserman or DentsuMB those companies' agent or shill, and the court should address Plaintiffs' pleading shortfalls in this context. *Noshirvan v. Couture*, 2025 WL 1769669, at *18–19 (M.D. Fla. June 26, 2025) (determining plaintiff failed to plead agency without plausible allegations purported agent could bind principal, despite would-be agent allegedly being engaged to act as principal's "representative, marketing, social media, and online reputation manager"); *see also Dinaco, Inc. v. Time Warner, Inc.*, 346 F.3d 64, 69 (2d Cir. 2003) (holding that advertising, alone, was insufficient to establish agency); *Cawthon v. Phillips Petroleum Co.*, 124 So. 2d 517, 519 (Fla. 2d DCA 1960) ("general advertisement" did not constitute an assertion of agency); *Wolf v. Celebrity Cruises, Inc.*, 683 Fed. App'x 786, 798 (11th Cir. 2017) (declining to find agency relationship between cruise ship company and excursion company despite allegations that cruise ship company "promoted, marketed, and advertised the excursion").

Plaintiffs' theory that Wasserman and DentsuMB, entities that Plaintiffs never saw or heard (or likely knew about) until after the FTX bankruptcy, are somehow liable for FTX's fraud—which regulators, sophisticated investors, market watchers, and financial journalists failed to detect—is a bridge too far. The Court should decline Plaintiffs' invitation to cross that bridge and, instead, dismiss Plaintiffs' remaining claims against Wasserman and DentsuMB, with prejudice.

---

a third-party had FTX logos in email signatures and "brainstorming" (*see id.* ¶¶ 354–55); "helped spearhead" marketing campaigns and "shared sweepstakes ideas" (*see id.* ¶¶ 358, 360, 367); "worked with high profile athletes" or facilitated "relationships" (*see id.* ¶¶ 362–63, 368). Similarly, Plaintiffs contend DentsuMB "helped spearhead" marketing campaigns (TV ads) in which Tom Brady, Giselle Bundchen, and Larry David appeared (*see id.* ¶¶ 397-403).

Dated: July 27, 2025

**HOLLAND & KNIGHT LLP**                    **BUCHANAN INGERSOLL & ROONEY PC**


*/s/ Stephen P. Warren*

**Stephen P. Warren**                       **Lauren V. Humphries**
(Fla. Bar No. 788171)                       (Fla. Bar No: 0117517)
Stephen.Warren@hklaw.com                    lauren.humphries@bipc.com
Brandon T. White (Fla. Bar No. 106792)      Mark A. Kornfeld (Fla. Bar No. 1019233)
Brandon.White@hklaw.com                     mark.kornfeld@bipc.com
Andrew W. Balthazor (Fla. Bar No. 1019544)  401 East Jackson Street, Suite 2400
Andrew.Balthazor@hklaw.com                  Tampa, FL 33602
Holland & Knight LLP                        Telephone: 813-222-1141
701 Brickell Avenue, Suite 3300
Miami, Florida 33131                        Christopher J. Dalton (*pro hac vice*)
Telephone: 305-374-8500                     christopher.dalton@bipc.com
                                            550 Broad Street, #810
                                            Newark, NJ 07102

                                            Jennifer M. Oliver (*pro hac vice*)
                                            jennifer.oliver@bipc.com
                                            600 W. Broadway, Suite 1100
                                            San Diego, CA 92130

*Attorneys for Wasserman Media Group, LLC*  *Attorneys for Dentsu McGarry Bowen LLC*