IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

IN RE:                                                                         MDL No. 3076

**FTX Cryptocurrency Exchange Collapse Litigation**      Case No. 1:23-md-03076-KMM

*This Document Relates To:*

*Garrison v. Bankman-Fried et al,*
*No. 22-cv-23753-MOORE/OTAZO-REYES*

*Garrison v. Ohtani et al,*
*No. 23-cv-23064-KMM*

*Garrison v. Golden State Warriors, LLC et al,*
*No. 1:23-cv-23084-KMM*

*Norris et al v. Brady et al,*
*No. 23-cv-20439-KMM*

*Garrison et al v. Furia Esports LLC et al,*
*No. 1:24-cv-20895-KMM*

*Garrison et al v. Mercedes-Benz Grand Prix Limited,*
*1:23-cv-24480-KMM*

*Garrison et al v. Riot Games, Inc. et al,*
*1:24-cv-21296-KMM*

*Garrison et al v. Major League Baseball et al,*
*1:23-cv-24479-KMM*
                                                                                          /

**DEFENDANT DAVID ORTIZ'S INDIVIDUAL MOTION TO DISMISS
FIRST AMENDED ADMINISTRATIVE CLASS ACTION COMPLAINT,
<u>AND INCORPORATED MEMORANDUM OF LAW</u>**

82499929;1

In addition to the reasons in the *Motion to Dismiss (*etc.*)* filed by the S&E Defendants (ECF 943), pursuant to Rule 12(b)(6), FED. R. CIV. P., Defendant David Ortiz moves to dismiss the *First Amended Administrative Class Action Complaint* (ECF 908) on the following grounds:

### INTRODUCTION AND BACKGROUND

Dismissal as to Mr. Ortiz is required because Plaintiffs fail to allege *any* nexus between Mr. Ortiz and *any* Plaintiff (let alone any nexus regarding any element of any claim). The only allegations as to Mr. Ortiz are in Paragraphs 553-557, where Plaintiffs name Mr. Ortiz a "brand ambassador." Am. Compl., ¶ 555. The best Plaintiffs have is a TV commercial where "Ortiz is watching a game on the television when he receives a phone call from The Moon[,]" *id.*, ¶ 559, FTX's sponsorship of his charity golf tournament, his participation as a judge for the FTX Hackathon Finals and Crypto Summit, his sending of a couple of tweets promoting his tournament and the hackathon, postings regarding bobbleheads, and an NFT commemorating his induction into the Hall of Fame, *id.*, ¶¶ 558-63. As Plaintiffs concede and their allegations show, at very most, this was only promoting a "brand" – not any "security." ***Plaintiffs do not allege Mr. Ortiz promoted YBAs or FTT***; his supposed liability is entirely based on "promoting FTX." *Id.*, ¶ 571.

That Mr. Ortiz allegedly "had a financial incentive to induce Plaintiffs to invest with FTX[,]" Am. Compl., ¶ 566, signifies nothing. Plaintiffs fail to allege that any Plaintiff was actually induced by him to invest in anything. The conclusory claim that "Ortiz intended to deceive and/or defraud Plaintiffs and Class Members because they [sic] intended to induce reliance on knowing misrepresentations and omissions," *id.*, ¶ 574, lacks the nexus of Mr. Ortiz making any identified "knowing misrepresentations or omissions" – again, ***Plaintiffs' claims center on a commercial in which The Moon calls Mr. Ortiz***. No Plaintiff alleges s/he even saw the commercial or heard any representation by him, let alone reliance and resulting investment. These core pleading failures require dismissal of the claims against Mr. Ortiz.

82499929;1

## MEMORANDUM OF LAW

Plaintiffs conspicuously avoid claiming any direct connection to Mr. Ortiz. Whether framed as standing or causation, the complete lack of connection bars all claims against him. *See*, *e.g.*, *Dep't of Educ. v. Brown,* 143 S. Ct. 2343, 2351 (2023) ("there must be a causal connection between the injury and the conduct complained of"). There is no authority to support the theory that "receiv[ing] a phone call from The Moon," generic tweets, or mere participation at charity events or as a judge at a "hackathon" constitute objectively false representations sufficient to create liability – especially where no Plaintiff claims to have been aware of any of the events. Courts have consistently rejected arguments based on similar contentions. *See*, *e.g.*, *Pop v. Lulifama.com LLC*, 2023 WL 4661977, at *3 (M.D. Fla. July 20, 2023) ("[Plaintiff] has failed to identify any instances in which the Influencers posted any allegedly misleading advertisements – let alone when the advertisements were posted – or allege when he himself viewed such posts. He has failed to provide any description of what product he purchased[.]"); *Rensel v. Centra Tech, Inc.*, 2019 WL 2085839, at *4 (S.D. Fla. May 13, 2019) ("The allegations against Mayweather establish that he posted two tweets from his Twitter account related to CTR Tokens. One of the posts urges his followers to 'get yours before they sell out, I got mine.' This is the closest thing to 'solicitation' in the complaint. However, there are no allegations that this was a successful solicitation, that Mayweather had any contact with Plaintiffs, or that Plaintiffs even saw the posts.").

Plaintiffs thus fail to plead any link between any Plaintiff and Mr. Ortiz, thereby failing to provide any factual support for their claims under the Florida, Oklahoma, and California securities statutes, including the basic what, when, where, and why of any supposed purchase. That the case is framed as a class action changes nothing. At least one named plaintiff must possess standing for each claim. *Prado-Steiman v. Bush*, 221 F.3d 1266, 1279 (11th Cir. 2000). Accordingly, "to hold each defendant in the case, there must be at least one named plaintiff with standing to sue said

defendant." *MSP Recovery Claims, Series LLC v. Amerisure Ins. Co.*, 2021 WL 1711684, at *6 (S.D. Fla. Apr. 15, 2021) (citation omitted). And, "a named plaintiff must have a valid cause of action against each defendant, and cannot rely on the allegations of putative class members[.]") *Parm v. Nat'l Bank of Cal., N.A.*, 242 F. Supp. 3d 1321, 1342 (N.D. Ga. 2017) (citation omitted).

At best, Plaintiffs attempt sleight of hand. They vaguely allege: "Ortiz's promotions were published on public social media accounts and aired on local and national television broadcasts. They were accessed by plaintiffs nationwide, including in Florida." Am. Compl., ¶ 576. Notably, putting aside its lack of specificity, this allegation is stated in terms of "plaintiffs" (with a lower-case "p"), which demonstrates that it is not connected to any named Plaintiff. When the named Plaintiffs refer to themselves, they invariably use the capitalized term "Plaintiffs." This highlights Plaintiffs' core pleading failure: the absence of any connection between any Plaintiff and Mr. Ortiz.

As the Eleventh Circuit has made clear, each Plaintiff must "sufficiently allege how its injuries are traceable to the conduct of each defendant" and Plaintiffs "cannot haul into court parties that did not allegedly cause harm, even on behalf of unnamed class members." *In re: Zantac (Ranitidine) Prods. Liab. Litig.*, 2022 WL 16729170, at *3 (11th Cir. Nov. 7, 2022). Plaintiffs fail to satisfy these basic requirements in the Amended Complaint as to Mr. Ortiz (at bare minimum), which requires dismissal of all claims against him.

## CONCLUSION

Plaintiffs' theory as to Mr. Ortiz would make the Shell Answer Man liable to someone who bought a bad tank of gas. That is not the law. The Court should dismiss the Amended Complaint as to Mr. Ortiz with prejudice, award him his fees and costs as provided by law, including pursuant to Fla. Stat. § 517.211(7), and grant him such other and further relief as the Court deems just and proper.

|  |  |
|---|---|
| | Respectfully submitted, |
| Date: July 27, 2025 | **AKERMAN LLP**<br>201 E. Las Olas Boulevard – Suite 1800<br>Ft. Lauderdale, FL 33301<br>Tel.: 954-463-2700<br>Fax: 954-468-2454<br><br>By: *s/ Christopher S. Carver*<br>Christopher S. Carver, Esq.<br>Florida Bar No. 993580<br>christopher.carver@akerman.com<br>Jason S. Oletsky<br>Florida Bar No. 9301<br>jason.oletsky@akerman.com<br>Katherine A. Johnson<br>Florida Bar No. 1040357<br>katie.johnson@akerman.com<br><br>and<br><br>**AKERMAN LLP**<br>Three Brickell City Centre<br>98 Southeast Seventh Street – Suite 1100<br>Miami, FL 33131<br>Tel.: 305-374-5600<br>Fax: 305-374-5095<br><br>By: *s/ Bryan T. West*<br>Bryan T. West<br>Florida Bar No. 83526<br>bryan.west@akerman.com<br><br>*Attorneys for Defendant David Ortiz* |

82499929;1