**IN THE UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**
**MIAMI DIVISION**

| | |
|---|---|
| IN RE: FTX CRYPTOCURRENCY EXCHANGE COLLAPSE LITIGATION | No: 1:23-md-03076-KMM<br><br>MDL No. 3076 |
| This Document Relates To:<br><br>*Garrison v. Bankman-Fried et al*,<br>No. 22-cv-23753-KMM<br><br>*Garrison v. Golden State Warriors, LLC et al*,<br>No. 1:23-cv-23084-KMM | |

**DEFENDANT GOLDEN STATE WARRIORS, LLC'S INDIVIDUAL BRIEF IN**
**SUPPORT OF MOTION TO DISMISS AMENDED COMPLAINT**
**<u>FOR FAILURE TO STATE A CLAIM</u>**

Plaintiffs' claims against Golden State Warriors, LLC ("GSW") are particularly weak. Plaintiffs must plead that they bought FTT or YBAs because GSW actively solicited them to purchase those alleged securities from FTX. But Plaintiffs do not allege that GSW made *any statements whatsoever* about FTT, YBAs, or even the FTX platform. GSW's silence is not and cannot be solicitation under the law. Plaintiffs' deficient claims should be dismissed.[1]

GSW merely displayed FTX's logo in various physical and digital locations. Plaintiffs claim that somehow caused them to purchase unregistered securities offered by FTX. But that theory is foreclosed by Supreme Court law. In *Pinter v. Dahl*, the Supreme Court held that liability for solicitation may not be imposed "on participants[] collateral to the offer or sale" even if their actions were a "substantial factor" in causing the securities transaction. 486 U.S. 622, 650, 654 (1988). A party that says nothing at all about a company or the securities it offers—like GSW here—is at best a collateral participant in the sale of a security and cannot be liable for solicitation.

Following *Pinter*, courts have held that a defendant must have been a "direct and active participa[nt]" in the sale of a security to be liable for solicitation. *Craftmatic Sec. Litig. v. Kraftsow*, 890 F.2d 628, 636 (3d Cir. 1989); *see also In re CNL Hotels & Resorts, Inc*., 2005 WL 2291729, at *4 (M.D. Fla. Sept. 20, 2005) ("[a] claim of solicitation requires allegations that the defendant directly solicited the plaintiff to purchase the securities at issue"). Courts have repeatedly held that actions to promote a security that fall short of clear, direct appeals to purchase that particular security are insufficient to make a defendant liable for solicitation. For instance:

- One court dismissed claims that a cryptocurrency-trading platform that "promoted the sale

---

[1] GSW incorporates by reference the arguments in the Sports and Entertainment Defendants' motion to dismiss Plaintiffs' Amended Complaint.

of [cryptocurrency] Tokens by providing users with descriptions of each Token and its purported value proposition" and "participated in direct promotions" for the Tokens was liable for solicitation of unregistered securities. *Underwood v. Coinbase Glob., Inc.*, 654 F. Supp. 3d 224, 239 (S.D.N.Y. 2023) (brackets omitted), *aff'd in part and rev'd in part on other grounds*, 2024 WL 1478773 (2d Cir. Apr. 5, 2024). The Court concluded that the platform's conduct was not "beyond the 'collateral' participation that *Pinter* and its progeny exclude from Section 12 liability." *Id.* Quoting the Supreme Court's decision in *Pinter*, the court reasoned that it is "strained to describe the giving of gratuitous advice, even strongly or enthusiastically, as 'soliciting.'" *Id.* at 238.

- Another court dismissed solicitation claims against an investment firm that distributed "marketing materials" for a fund through its website. *Youngers v. Virtus Inv. Partners Inc.*, 195 F. Supp. 3d 499, 522 (S.D.N.Y. 2016). The court reasoned that "Section 12 liability cannot be imposed upon 'those who merely assist in another's solicitation efforts.'" *Id.*

- A third court dismissed solicitation claims based on tweets by a cryptocurrency-trading platform's CEO stating that the platform was "secure," holding the tweets were "too attenuated to state a claim" for solicitation. *Risley v. Universal Navigation Inc.*, 690 F. Supp. 3d 195, 222 (S.D.N.Y. 2023), *aff'd in part and vacated in part on other grounds*, 2025 WL 615185 (2d Cir. Feb. 26, 2025). The court reasoned that "no plaintiff would sue the New York Stock Exchange or NASDAQ for tweeting that its exchange was a safe place to trade after that plaintiff had lost money due to an issuer's fraudulent schemes." *Id.*

GSW's activities in promoting FTX were far more attenuated than even the activities that the courts in these cases found insufficient to constitute solicitation. According to Plaintiffs, GSW did little more than display FTX's logo in co-branded promotions. They allege that GSW featured

the FTX logo at its basketball arena in San Francisco, used "virtual floor signage" with FTX's logo, noted in a social-media post that basketball games were "presented by FTX," displayed FTX's logo on a promotional bobblehead, and sold non-fungible tokens ("NFTs") through the FTX platform.   Am. Compl. ¶¶ 628–45.   But GSW said nothing at all about FTX, the safety (or lack thereof) of the FTX platform, FTT, or YBAs.[2]

GSW simply did not "'urge or persuade'" Plaintiffs "to buy a particular security." *Wildes v. BitConnect Int'l PLC*, 25 F.4th 1341, 1346 (11th Cir. 2022).   Instead, it merely displayed FTX's logo.   But "liability cannot be imposed upon 'those who merely assist in another's solicitation efforts,'" *Youngers*, 195 F. Supp. 3d at 522—or on those who merely provide advertising space for others (in this case FTX) to increase awareness of their brands.   Plaintiffs' allegations against GSW are a far cry from those against the promoter in *Wildes*, who created "multiple websites where [he] encouraged viewers to buy BitConnect coins," "told potential investors that passive income was merely 'a click away,'" "instructed investors to fill out a form to access a video about 'how to make huge profits with BitConnect,'" and together with "his team posted thousands of YouTube videos extolling BitConnect."   25 F.4th at 1344.   Nothing like that is pleaded here.   At best, Plaintiffs allege GSW was a collateral participant in FTX's sale of FTT or YBAs—though even that would be a stretch.  *See Foster v. Jesup & Lamont Sec. Co.*, 759 F.2d 838, 844–846 (11th Cir. 1985) (rejecting solicitation claim against underwriter under the pre-*Pinter*, more lenient "substantial factor" test).   Because collateral participants in the sale of a security cannot be held liable for solicitation, the Court should dismiss Plaintiffs' claims against GSW with prejudice.

---

[2] Notably, Plaintiffs chose not to bring claims against entities that had similar partnerships with FTX—including the Miami Heat, which named its arena FTX Arena.  *See* Am. Compl. ¶ 23.

Dated: July 27, 2025

Respectfully submitted,

**COLSON HICKS EIDSON, P.A.**
255 Alhambra Circle, Penthouse
Coral Gables, Florida 33134
(305) 476-7400

By: *Stephanie A. Casey*
Roberto Martínez
Florida Bar No. 305596
 *bob@colson.com*
Stephanie A. Casey
Florida Bar No. 97483
 *scasey@colson.com*
Zachary Lipshultz
Florida Bar No. 123594
 *zach@colson.com*

**GIBSON, DUNN & CRUTCHER LLP**

Matthew S. Kahn (*pro hac vice*)
 *MKahn@gibsondunn.com*
Michael J. Kahn (*pro hac vice*)
 *MJKahn@gibsondunn.com*
Sean F. Howell (*pro hac vice pending*
One Embarcadero Center, Suite 2600
San Francisco, CA 94111-3715
Phone: 415.393.8200

Michael Dore (*pro hac vice*)
 *MDore@gibsondunn.com*
333 South Grand Avenue
Suite 4600
Los Angeles, CA 90071-3197
Phone: 213.229.7155

*Attorneys for Defendant Golden State Warriors,*
*LLC*

4

## <u>CERTIFICATE OF SERVICE</u>

I HEREBY CERTIFY that on July 27, 2025, a true and correct copy of the foregoing was filed electronically with the Clerk of the Court, by using the CM/ECF system, causing a true and correct copy to be served on all counsel of record.

By: *Stephanie A. Casey*