UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

MDL No. 3076
Case No. 1:23-md-03076-KMM

IN RE: FTX CRYPTOCURRENCY EXCHANGE COLLAPSE LITIGATION

THIS DOCUMENT RELATES TO:

**LAW FIRM TRACK**

### PLAINTIFFS' MOTION FOR LEAVE TO AMEND THEIR COMPLAINT AGAINST DEFENDANT FENWICK & WEST

Plaintiffs respectfully move to request the Court grant Plaintiffs leave to file the First Amended Complaint, attached as **Exhibit A**, and state as follows:

#### New Factual Events Giving Rise to the Proposed First Amended Complaint

1.      This is the first substantive amendment to the FTX Law Firm Track complaint. In the nearly two years that have transpired since Plaintiffs filed this MDL, much has transpired outside of this litigation that highlights that Plaintiffs' claims here are meritorious, and they could even be considered "prevailing parties" at this stage. Rather than press forward with the original Complaint filed two years ago, Plaintiffs seek to streamline issues in this MDL: Law Firm Track. This MDL Track will now proceed with just one Defendant, Fenwick & West.

2.      Plaintiffs filed the MDL Administrative Complaint for the "Law Firm Track" [ECF No. 153] on August 7, 2023, naming Fenwick & West LLP ("Fenwick") as the sole MDL defendant. Fenwick moved to dismiss ("Motion to Dismiss") [ECF No. 276], arguing Plaintiffs alleged only that Fenwick provided "routine legal functions for FTX" and thus Fenwick could not be liable to the class for any state or federal claims. Fenwick also argued Plaintiffs could not allege any aiding and abetting claims, because Plaintiffs do not allege at this stage, sufficient "actual

knowledge" or "substantial assistance" of the FTX fraud.

3.      While the Fenwick Motion to Dismiss has been pending, numerous important events have been completed, such as entry of the Court's Order on Motion to Dismiss by FTX Promoters ("Promoters Order") [ECF No. 890], the completion of Sam Bankman Fried's ("SBF") criminal trial, and the completion of numerous federal investigations (such as the FTX Independent Examiner and Receiver).

4.      ***First,*** as to the state securities claims, the Promoters Order clarified that "promotion of FTX is an implicit promotion of the alleged securities offered by the platform," Promoters Order at 14, and that the Eleventh Circuit case *Wildes v. BitConnect Int'l PLC*, 25 F.4th 1341 (11th Cir. 2022) applies here. *Id.* at 16.  Based on the holding in the Promoters Order and the new factual circumstances alleged in the First Amended Complaint, Plaintiffs therefore seek leave to allege that Fenwick may also be held liable for primary and/or secondary liability under the Florida Securities and Investor Protection Act ("FSIPA") and the California Securities Law ("CSL").

5.      ***Second,*** the operative FTX Law Firm Track complaint was filed on August 7, 2023 –months before SBF's criminal trial began where the Justice Department provided a detailed and extensive breakdown of FTX's fraudulent scheme.  Revealing sworn testimony was provided, such as by FTX Insider Nishad Singh, that he informed Fenwick of misuse of customer funds, improper loans, and false representations, and that Fenwick advised on how to facilitate these very acts.

6.      ***Third,*** the operative FTX Law Firm Track complaint was filed without the benefit of the "Report of Robert J. Cleary, Examiner" which was filed in the Chapter 11 Bankruptcy proceeding on May 23, 2024. *In re FTX Trading Ltd., et al.*, Case 22-11068-JTD, ECF 15545. This first examiner's Report evidences that Fenwick lawyers were "directly involved" in matters that allegedly helped FTX insiders misappropriate customer funds and hide the misconduct. *Id.* at

136.

7.      ***Finally,*** MDL Counsel has learned many more details on Fenwick's relationship to FTX, based upon the interviews cooperation of the settled FTX Insiders.

8.      Although no formal discovery has yet been permitted, Plaintiffs believe these important amendments will assist the Court and the Parties, based upon the findings/investigations of the: (1) FTX Receiver, (2) FTX Independent Examiner, (3) Justice Department litigation and trial of the FTX Insiders, (4) specific dismissal of Defendant Sullivan & Cromwell, and (5) this Court's order on the Promoters' Motion to Dismiss.

9.      Accordingly, Plaintiffs respectfully believe the First Amended Complaint will assist the Court, by providing the Court and the Parties with the most updated factual allegations and support specifically for the sole defendant Fenwick, in the ***MDL Law Firm Track***.

<u>**Procedural Background of this Action against Fenwick**</u>

10.      Plaintiffs filed the Administrative Class Action Complaint for the "Law Firm Track" [ECF No. 153] on August 7, 2023, naming Fenwick as the sole MDL defendant.

11.      Fenwick moved to dismiss on September 21, 2023.  ECF 276. Plaintiffs' filed their response on November 6, 2023 [ECF No. 350], and Fenwick filed its reply on December 6, 2023 [ECF No. 408]. The Court has not yet ruled on this Motion.

12.      Separately, on February 16, 2024, a Class Action Complaint and Demand for Jury Trial was filed against another law firm affiliated with FTX, Sullivan & Cromwell, LLP. *See Garrison et al v. Sullivan & Cromwell LLP*, Case No. 1:24-cv-20630-KMM.  The case was stayed and consolidated with the MDL on February 20, 2024.

13.      Subsequently, the "Phase II Report of Robert J. Cleary, Examiner" was released on September 25, 2024. *In re FTX Trading Ltd., et al.*, Case 22-11068-JTD, ECF 25679.  The report

detailed the FTX Bankruptcy's independent examiner's investigations and conclusions regarding, among other things, Sullivan & Cromwell's representations of Sam Bankman-Fried in connection with his purchase of shares of Robinhood.

14.     While the report cleared Sullivan & Cromwell, the report ***did not*** clear or mention "Law Firm-1" (which is Fenwick) from the first "Report of Robert J. Cleary, Examiner" which was discussed above. *In re FTX Trading Ltd., et al.*, Case 22-11068-JTD, ECF 15545.

15.     As a result, MDL Counsel determined that the correct decision when faced with the evidence contained within the Independent Examiner's reports was to dismiss Sullivan & Cromwell, LLP with prejudice, and continue litigation against Fenwick. *See* ECF 759.

16.     This MDL Law Firms Track will proceed with Fenwick as the sole defendant.

17.     After the Court rules on any future motions to dismiss filed by Fenwick, Plaintiffs will move for class certification (and possibly move simultaneously for summary judgment), on the specific issue of whether the FTX Defendant sold unregistered securities through the FTX token, Yield Bearing Accounts, and FTX Exchange. The resolution of these issues in this efficient manner will be favorable for the Court and applicable to ***all tracks in the MDL.***

## LEGAL ARGUMENT

18.     The Court should grant Plaintiffs' request to amend because, as this Court is aware:

Federal Rule of Civil Procedure 15(a)(2) permits a party to amend its pleadings with leave of court or with written consent of the opposing party. Fed. R. Civ. P. 15(a)(2). The decision to grant or deny a motion to amend pleadings is within the sound discretion of the trial court. *Espey v. Wainwright*, 734 F.2d 748, 750 (11th Cir. 1984). The policy of the federal rules is to permit liberal amendment to facilitate determination of claims on the merits and to prevent litigation from becoming a technical exercise in the fine points of pleading. *Smith v. Beverly Hills Club Apartments, LLC*, No. 1:15-CV-23450-KMM, 2016 WL 344975, at *2 (S.D. Fla. Jan. 28, 2016) (citing *Dussouy v. Gulf Coast Inv. Corp.*, 660 F.2d 594, 598 (5th Cir. 1981)). Thus, unless there is a substantial reason to deny leave to amend, the discretion of the district court is not broad enough to permit denial. *Id.* A substantial reason could include "undue delay, bad faith or dilatory motive, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party, and the futility of the amendment." *Grayson v. K Mart Corp.*, 79 F.3d 1086, 1110 (11th Cir. 1996).

*Fokiss, Inc. v. TLM Glob., LLC*, No. 24-CV-14096-KMM, 2025 WL 1296340, at *1 (S.D. Fla. Feb. 3, 2025) (Moore, J.).

19.     Federal Rules of Civil Procedure Rule 15(a)(1) allows a Plaintiff to amend once as a matter of course if done within 21 days after service of the pleading, or within 21 days after service of a responsive pleading or of a motion under Rule 12(b), (e), or (f). Alternatively, a party may amend with the opposing party's written consent or the court's leave, and "the court should freely give leave when justice so requires." Fed. R. Civ. P. 15(a)(2).

20.     Leave to amend should be "freely give[n]" here. Plaintiffs' amendment does not suffer from "undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, [or] futility of amendment." *Foman v. Davis*, 371 U.S. 178, 182 (1962). Rather than declining to take action and waiting for other parties and court orders, Plaintiffs seek to amend the complaint for the first time at this point and expedite this litigation.

21.     The proposed First Amended Complaint is not futile or prejudicial and is Plaintiffs'

first substantive amendment to the Complaint. Although 21 days have passed since the service of Defendant's Rule 12(b)(6) motion, this track is still in its infancy. The Court has not yet ruled on the Motion to Dismiss, Plaintiffs have not conducted *any* discovery on the Defendant, and motion practice has been held to a minimum in this track. The proposed amendment will not unduly prejudice the Defendant, there is plenty of time for the Parties to conduct discovery on the merits, while Defendant will likely renew their motion to dismiss. Plaintiffs' proposed amendment streamlines the claims at issue in this litigation, which is routinely freely allowed.

22.     Further, although this Court classified Plaintiffs' initial administrative complaints as "amended" administrative complaints, *see* ECF No. 61, the filing of those administrative complaints was necessitated by various cases' consolidation before this Court as an MDL and *not* in order to "cure deficiencies." Thus, Plaintiffs' proposed amendment does not suffer from "repeated failure to cure deficiencies by amendments previously allowed."

23.     Finally, along with adding allegations specifying Fenwick's actual knowledge and substantial assistance of the FTX Fraud, Plaintiffs also seek leave to amend to bring 2 new state law claims for violations of the FSIPA and CSL. These claims are certainly not futile. These claims allege, among other things, that Fenwick played an active role in designing, promoting, and facilitating the sale of unregistered securities in the form of YBAs, FTT tokens, and interests in other FTX-controlled instruments. The futility bar to leave to amend is not a high one, and these proposed claims clearly pass it. *See Hall v. United Ins. Co. of Am.*, 367 F.3d 1255, 1263 (11th Cir.2004) ("("[D]enial of leave to amend is justified by futility when the complaint as amended is still subject to dismissal.") (quoting *Burger King Corp. v. Weaver*, 169 F.3d 1310, 1320 (11th Cir. 1999)).

24.     Thus, the Court should grant Plaintiffs leave to file the Amended Complaint.

## **CONCLUSION**

25.     Plaintiffs respectfully request the Court enter an order (1) granting leave to amend

their complaint to address these new facts, and (2) denying the Motion to Dismiss as moot.

## **S.D. FLA. L.R. 7.1 CERTIFICATION**

Plaintiffs' Counsel provided a copy of this Motion and proposed Amended Complaint to Defendant's counsel last week by email in a good faith effort to resolve the issues raised in this Motion, and report that Defendant has not yet stated whether they oppose the relief sought in this motion.

Dated: August 11, 2025                Respectfully submitted,

**By: */s/ Adam Moskowitz*_____**
Adam M. Moskowitz
Florida Bar No. 984280
Joseph M. Kaye
Florida Bar No. 117520
**THE MOSKOWITZ LAW FIRM, PLLC**
Continental Plaza
3250 Mary Street, Suite 202
Coconut Grove, Florida 33133
Telephone: (305) 740-1423
adam@moskowitz-law.com
joseph@moskowitz-law.com

*Co-Lead Counsel*

William M. Audet
California Bar No. 117456
Ling Yue Kuang
California Bar No. 296873
**AUDET & PARTNERS, LLP**
711 Van Ness Avenue. Suite 500
San Francisco, CA 94102-3229
415-568-2555
415-568-2556
waudet@audetlaw.com
lkuang@audetlaw.com

*FTX Other Professionals Committee Members*

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that a true and correct copy of the foregoing was filed on August 11, 2025,

via Court's CM/ECF system, which will send notification of such filing to all attorneys of record.


By: ***<u>/s/ Adam M. Moskowitz</u>***
     ADAM M. MOSKOWITZ