UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

| | |
|---|---|
| IN RE: FTX CRYPTOCURRENCY EXCHANGE COLLAPSE LITIGATION | No: 1:23-md-03076-KMM<br><br>MDL No. 3076 |
| This Document Relates To:<br><br>*Garrison v. The Office of The Commissioner of Baseball d/b/a Major League Baseball, et al.*, S.D. Fla. Case No. 1:23-cv-24479 | |

**REPLY BRIEF IN SUPPORT OF DEFENDANT MLB PLAYERS, INC.'S INDIVIDUAL MOTION TO DISMISS AND INCORPORATED MEMORANDUM OF LAW**

Plaintiffs' Response, ECF No. 983 ("Response" or "Opp."), is wholly inadequate in response to MLB Players, Inc.'s ("MLBPI") supplemental motion in support of dismissal, *see* ECF No. 944 ("Motion"). By foregoing an opposition to MLBPI's Motion and otherwise disregarding MLBPI's specific arguments in their Response, Plaintiffs concede each of the arguments asserted in the Motion, warranting dismissal of all claims against MLBPI.

First, Plaintiffs do not even feign an attempt to respond to MLBPI's argument that Plaintiffs fail to provide adequate notice in violation of Rule 8 by improperly lumping MLBPI with distinct defendants. *See* Mot. at 1-2. Plaintiffs' silence amounts to a concession necessitating dismissal. *See Med-Stop, Inc. v. Vandutch, Inc.*, 2025 WL 26731, at *3 (S.D. Fla. Jan. 3, 2025) ("Although [Plaintiff] filed a Response to the MTD, that Response 'failed to rebut numerous legal arguments and authorities raised in the MTD.' In these circumstances, we agree with the Defendants that we can (and should) 'grant Defendants' MTD on each ground for which [Plaintiff] failed to respond.'") (citation modified); *see also Campbell v. Boies, Schiller, Flexner LLP*, 543 F. Supp. 3d 1334, 1341 n.6 (S.D. Fla. 2021) (Moore, J.) (finding plaintiff conceded claim "by failing to respond specifically to defendants' arguments in her response," warranting judgment in defendants favor); *Guzman v. City of Hialeah*, 2016 WL 3763055, at *2 (S.D. Fla. July 14, 2016) (dismissing claims against defendant where plaintiff's "single brief in opposition to the three motions to dismiss . . . did not refute (or even address) any of the arguments advanced by [that defendant]").

Worse still, Plaintiffs continue to conflate MLBPI and Defendant Major League Baseball ("MLB") and its affiliates—entirely distinct entities—only further elucidating MLBPI's point. The Response refers to an "MLB Supplement," Opp. at 9-10, n.5 & 18, n.9, which can only be assumed to be a reference to MLBPI's Motion, since Defendant MLB did not file a supplemental motion.

Second, Plaintiffs similarly concede their failure to allege any promotional activity by

MLBPI to form the basis of their securities claims. Plaintiffs half-heartedly attempt to respond with a conclusory statement in a footnote: "For the same reasons, the Court should deny . . . the MLB[PI] Supplement."[1] Opp. at 9-10, n.5. But the reasons argued in the corresponding section are inapplicable and non-responsive to MLBPI's argument. Rather than clarify what promotional activity or personal participation MLBPI had in the sale of any FTX product, Plaintiffs instead retreat further from their already insufficient allegations. Indeed, Plaintiffs now assert that MLBPI merely "played a role in the MLB/FTX deal." *Id*. at 10. Plaintiffs' own analysis necessitates dismissal on that basis. *See id*. at 8-9 (arguing liability extends to "direct and active" participants, but not "collateral participants").

Finally, the Response does not address MLBPI's argument that Plaintiffs fail to allege that MLBPI had any financial incentive to solicit an FTX investment. Following a section addressing knowledge, Plaintiffs make a conclusory statement in a footnote that "[f]or the same reasons, the Court should deny [the] MLB[PI] Supplement[]." *Id*. at 18, n.9. While the preceding section addresses financial incentives, it does not address MLBPI's argument that Plaintiffs fail to allege that MLBPI had any motivation (*i.e.*, no direct FTX agreement or compensation) to solicit investments. Plaintiffs merely cite the same inapplicable first amended complaint paragraph and repeat the conclusion that each defendant "had significant incentives" and "significant and close relationships with FTX"—none of which is true or actually alleged as to MLBPI. *Id*. at 17-18.

Plaintiffs' failure to engage with MLBPI's arguments amounts to a concession of their pleading deficiencies, and requires dismissal of all claims against MLBPI.

---

[1] As discussed above, the Response actually makes *no* reference to MLBPI's motion, but rather to a non-existent "MLB Supplement."

2

| | | |
|---|---|---|
| DATED: | September 15, 2025<br>Miami, Florida | Respectfully submitted,<br><br>**WEIL, GOTSHAL & MANGES LLP**<br><br>*/s/ Pravin R. Patel*<br>Pravin R. Patel<br>Florida Bar No. 0099939<br>Alli G. Katzen<br>Florida Bar No. 1024803<br>1395 Brickell Avenue, Suite 1200<br>Miami, FL 33131-3368<br>(305) 577-3100<br>pravin.patel@weil.com<br>alli.katzen@weil.com<br><br>Yehudah L. Buchweitz<br>Caroline H. Zalka<br>Zachary A. Schreiber<br>767 Fifth Avenue<br>New York, NY 10153<br>(212) 310-8000<br>yehudah.buchweitz@weil.com<br>caroline.zalka@weil.com<br>zach.schreiber@weil.com<br><br>*Attorneys for MLB Players, Inc.* |

3

**CERTIFICATE OF SERVICE**

I hereby certify that on this September 15, 2025, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF. I also certify that the foregoing document is being served this day on all counsel of record via transmission of Notices of Electronic Filing generated by CM/ECF.

DATED:   September 15, 2025              */s/ Pravin Patel*
                                          Pravin Patel