IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

| | |
|---|---|
| IN RE: FTX CRYPTOCURRENCY EXCHANGE COLLAPSE LITIGATION | No: 1:23-md-03076-KMM <br><br> MDL No. 3076 |
| This Document Relates To: <br><br> *Garrison v. Bankman-Fried et al*, No. 22-cv-23753-KMM <br><br> *Garrison v. Golden State Warriors, LLC et al*, No. 1:23-cv-23084-KMM | |

**DEFENDANT GOLDEN STATE WARRIORS, LLC'S REPLY IN SUPPORT OF
MOTION TO DISMISS AMENDED COMPLAINT
<u>FOR FAILURE TO STATE A CLAIM</u>**

As Golden State Warriors, LLC ("GSW") explained in its individual brief, the actions Plaintiffs allege GSW took to promote FTX—displaying FTX's logo in various physical and digital locations—cannot possibly constitute solicitation of the purchase of particular securities sold by FTX. ECF No. 948. Plaintiffs did not even bother to put in an opposition to GSW's brief, and instead rely on their opposition to the omnibus motion to dismiss. ECF No. 977 ("Opp."). This ignores critical differences between GSW and other defendants. GSW did not make *any statements whatsoever* about FTT, YBAs, or even the FTX platform—it simply displayed FTX's logo. This is not the type of active solicitation of a specific security that is required to state a claim.

Plaintiffs insist they "plausibly allege[d] that Defendants directly encouraged their followers and fans to invest through FTX, which, at a minimum, meant investing in YBAs." Opp. at 7. But this bears no resemblance to anything Plaintiffs allege GSW actually did. They allege that GSW featured the FTX logo at its basketball arena, used "virtual floor signage" with FTX's logo, noted in a social-media post that basketball games were "presented by FTX," displayed FTX's logo on a promotional bobblehead, and sold non-fungible tokens ("NFTs") through the FTX platform. Am. Compl. ¶¶ 628–45. Displaying FTX's logo and mentioning FTX in passing could hardly be described as "directly encourag[ing] [GSW's] followers and fans to invest through FTX" (Opp. at 7)—much less to purchase FTT or YBAs, as required to state a claim. *See* ECF No. 948.

Tellingly, Plaintiffs cite *no case* in which a court held that a defendant who displayed a company's logo could be held liable for soliciting the purchase of securities. That is unsurprising; displaying a company's logo is an activity "collateral to the offer or sale" of the security itself and thus cannot give rise to solicitation liability. *Pinter v. Dahl*, 486 U.S. 622, 650 (1988). And Plaintiffs do not even allege that they saw any of these alleged promotions of FTX. But even assuming they had, their allegations at best suggest that GSW's actions were a "substantial factor"

1

in causing Plaintiffs' securities transactions, which *Pinter* squarely held is not enough. *Id.* at 654.

Plaintiffs' allegations against GSW look nothing like those in the cases Plaintiffs cite. Opp. at 7–8. In *Wildes v. BitConnect Int'l PLC*, the defendant created "multiple websites where [he] encouraged viewers to buy BitConnect coins" and "instructed investors to fill out a form to access a video about 'how to make huge profits with BitConnect.'" 25 F.4th 1341, 1344 (11th Cir. 2022). In *Pino v. Cardone Capital, LLC*, the defendant told investors "you're gonna walk away with a 15% annualized return," and rhetorically asked "[w]ant to double your money?" 55 F.4th 1253, 1256 (9th Cir. 2022). The defendants in *Houghton v. Leshner* "encourage[d] … investors to invest in [the crypto asset] through 'education videos' created by or at the direction of" defendants. 2023 WL 6826814, at *3 n.4 (N.D. Cal. Sept. 20, 2023). Additionally, the court in *Houghton* expressly contrasted the allegations in that case with decisions rejecting solicitation claims based on promoting trading platforms—claims that are closely analogous to Plaintiffs' claims here. *Id.* at *4 (distinguishing *Underwood v. Coinbase Glob., Inc.*, 2023 WL 1431965 (S.D.N.Y. Feb. 1, 2023) and *Risley v. Universal Navigation Inc.*, 2023 WL 5609200 (S.D.N.Y. Aug. 29, 2023)). Finally, *De Ford v. Koutoulas* did not even involve solicitation claims; it upheld claims that a defendant actually "sold … unregistered securities." 2024 WL 1346942, at *9 (M.D. Fla. Mar. 29, 2024).

Unlike these cases, Plaintiffs simply do not plead that GSW actively solicited investors to buy securities from FTX. Displaying FTX's logo is a far cry from directly urging Plaintiffs to purchase FTT and YBAs.[1] The Court should dismiss the claims against GSW with prejudice.

---

[1] Plaintiffs chose to single out GSW despite the existence of other teams who engaged in much more complex and integrated partnerships with FTX than GSW. Notably, plaintiffs failed to sue the Miami Heat despite the Heat's use of FTX on the name of its arena. *See* Am. Compl. ¶ 23.

2

Dated: September 15, 2025                    Respectfully submitted,

**COLSON, HICKS, EIDSON, P.A.**
255 Alhambra Circle, Penthouse
Coral Gables, Florida 33134
(305) 476-7400

By: */s/ Roberto Martinez*
Roberto Martínez
Florida Bar No. 305596
 bob@colson.com
Stephanie A. Casey
Florida Bar No. 97483
 scasey@colson.com
Zachary Lipshultz
Florida Bar No. 123594
 zach@colson.com

**GIBSON, DUNN & CRUTCHER LLP**

Matthew S. Kahn (*pro hac vice*)
 MKahn@gibsondunn.com
Michael J. Kahn (*pro hac vice*)
 MJKahn@gibsondunn.com
Sean F. Howell (*pro hac vice pending*)
 SHowell@gibsondunn.com
One Embarcadero Center, Suite 2600
San Francisco, CA 94111-3715
Phone: 415.393.8200

Michael Dore (*pro hac vice*)
 MDore@gibsondunn.com
333 South Grand Avenue
Suite 4600
Los Angeles, CA 90071-3197
Phone: 213.229.7155

*Attorneys for Defendant Golden State Warriors, LLC*

3

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on September 15, 2025, a true and correct copy of the foregoing was filed electronically with the Clerk of the Court, by using the CM/ECF system, causing a true and correct copy to be served on all counsel of record.

By: */s/ Roberto Martinez*