IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

| | |
|---|---|
| IN RE: FTX CRYPTOCURRENCY EXCHANGE COLLAPSE LITIGATION | No: 1:23-md-03076-KMM<br><br>MDL No. 3076 |
| This Document Relates To:<br><br>*Garrison et al v. Riot Games, Inc. et al*, 1:24-cv-21296-KMM | |

**DEFENDANTS RIOT GAMES, INC. AND NORTH AMERICA LEAGUE OF LEGENDS CHAMPIONSHIP SERIES LLC'S REPLY IN SUPPORT OF MOTION TO DISMISS AMENDED COMPLAINT FOR FAILURE TO STATE A CLAIM**

Plaintiffs did not even bother to put in an opposition to the individual motion to dismiss by Riot Games, Inc. ("Riot") and North America League of Legends Championship Series LLC ("LCS"). ECF No. 947. They instead lump Riot and LCS together with other defendants in their omnibus opposition brief, ECF No. 977 ("Opp.")—thereby ignoring critical differences between Riot/LCS and the other defendants. These differences warrant dismissal for two reasons. *First*, Riot's and LCS's alleged promotional activities do not—and cannot—constitute solicitation. *Second*, Plaintiffs' Oklahoma and California claims against Riot and LCS are time-barred.

Plaintiffs have alleged only that Riot and LCS displayed the FTX logo; stated that certain parts of their game were "presented by FTX"; described FTX as "an innovative, thoughtful leader in a space our fans understand"; and posted "We're IN" "as part of FTX's 'You In?' campaign." Am. Compl. ¶¶ 1133, 1141–50, 1155–56. These allegations bear no resemblance to Plaintiffs' argument that they "plausibly allege[d] that Defendants directly encouraged their followers and fans to invest through FTX, which, at a minimum, meant investing in YBAs." Opp. at 7.

Tellingly, Plaintiffs cite *no case* in which a court held that a defendant who displayed a company's logo and made general statements about the company could be held liable for soliciting the purchase of securities. That is unsurprising; displaying a company's logo and briefly mentioning the company are activities "collateral to the offer or sale" of the security itself and thus cannot give rise to solicitation liability. *Pinter v. Dahl*, 486 U.S. 622, 650 (1988). And Plaintiffs do not even allege that they saw any of these alleged promotions of FTX. But even assuming they had, their allegations at best suggest that Riot's and LCS's actions were a "substantial factor" in causing Plaintiffs' securities transactions, which *Pinter* squarely held is not enough. *Id.* at 654.

Plaintiffs' allegations against Riot and LCS look nothing like those in the cases cited by Plaintiffs. Opp. at 7–8. As Riot and LCS explained (ECF No. 947), the solicitation efforts of the

1

defendant in *Wildes v. BitConnect Int'l PLC*—creating "multiple websites where [he] encouraged viewers to buy BitConnect coins" and "instruct[ing] investors to fill out a form to access a video about 'how to make huge profits with BitConnect'"—starkly contrast with Plaintiffs' allegations here. 25 F.4th 1341, 1344 (11th Cir. 2022). Plaintiffs tellingly do not respond to that argument. In *Pino v. Cardone Capital, LLC*, the defendant told investors "you're gonna walk away with a 15% annualized return," and rhetorically asked "[w]ant to double your money?" 55 F.4th 1253, 1256 (9th Cir. 2022). The defendants in *Houghton v. Leshner* "encourage[d] … investors to invest in [the crypto asset] through 'education videos' created by or at the direction of" defendants. 2023 WL 6826814, at *3 n.4 (N.D. Cal. Sept. 20, 2023). Additionally, the court in *Houghton* expressly contrasted the allegations in that case with decisions rejecting solicitation claims based on promoting trading platforms—claims that are closely analogous to Plaintiffs' claims here. *Id.* at *4 (distinguishing *Underwood v. Coinbase Glob., Inc.*, 2023 WL 1431965 (S.D.N.Y. Feb. 1, 2023) and *Risley v. Universal Navigation Inc.*, 2023 WL 5609200 (S.D.N.Y. Aug. 29, 2023)). Finally, *De Ford v. Koutoulas* did not even involve solicitation claims; it upheld claims that a defendant actually "sold … unregistered securities." 2024 WL 1346942, at *9 (M.D. Fla. Mar. 29, 2024).

Unlike these cases, Plaintiffs simply do not plead that Riot and LCS actively solicited investors to buy securities from FTX. Displaying FTX's logo and mentioning FTX are not the same as directly urging Plaintiffs to purchase FTT and YBAs. The Court should dismiss the claims against Riot and LCS with prejudice.

Plaintiffs' Oklahoma and California claims are also time-barred. Contrary to Plaintiffs' arguments, courts routinely dismiss time-barred claims at the pleadings stage; Riot and LCS need not show when Plaintiffs had actual notice of their claims; and Plaintiffs' complaint against Riot and LCS does not relate back to earlier-filed complaints. *See* Joint Reply at Part I.H.

2

Dated: September 15, 2025                             Respectfully submitted,

**COLSON, HICKS, EIDSON, P.A.**
255 Alhambra Circle, Penthouse
Coral Gables, Florida 33134
(305) 476-7400

By: */s/ Roberto Martinez*
Roberto Martínez
Florida Bar No. 305596
  bob@colson.com
Stephanie A. Casey
Florida Bar No. 97483
  scasey@colson.com
Zachary Lipshultz
Florida Bar No. 123594
  zach@colson.com

**GIBSON, DUNN & CRUTCHER LLP**

Matthew S. Kahn (*pro hac vice*)
  MKahn@gibsondunn.com
Michael J. Kahn (*pro hac vice*)
  MJKahn@gibsondunn.com
Sean F. Howell (pro hac vice pending)
  SHowell@gibsondunn.com
One Embarcadero Center, Suite 2600
San Francisco, CA 94111-3715
Phone: 415.393.8200

Michael Dore (*pro hac vice*)
  MDore@gibsondunn.com
333 South Grand Avenue
Suite 4600
Los Angeles, CA 90071-3197
Phone: 213.229.7155

*Attorneys for Defendants Riot Games, Inc. and North America League of Legends Championship Series LLC*

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on September 15, 2025, a true and correct copy of the foregoing was filed electronically with the Clerk of the Court, by using the CM/ECF system, causing a true and correct copy to be served on all counsel of record.

By: */s/ Roberto Martinez*