IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

IN RE:  MDL No. 3076

**FTX Cryptocurrency Exchange Collapse Litigation**   Case No. 1:23-md-03076-KMM

*This Document Relates To:*

*Garrison v. Bankman-Fried et al,*
*No. 22-cv-23753-MOORE/OTAZO-REYES*

*Garrison v. Ohtani et al,*
*No. 23-cv-23064-KMM*

*Garrison v. Golden State Warriors, LLC et al,*
*No. 1:23-cv-23084-KMM*

*Norris et al v. Brady et al,*
*No. 23-cv-20439-KMM*

*Garrison et al v. Furia Esports LLC et al,*
*No. 1:24-cv-20895-KMM*

*Garrison et al v. Mercedes-Benz Grand Prix Limited,*
*1:23-cv-24480-KMM*

*Garrison et al v. Riot Games, Inc. et al,*
*1:24-cv-21296-KMM*

*Garrison et al v. Major League Baseball et al,*
*1:23-cv-24479-KMM*

_____/

**REPLY IN SUPPORT OF DEFENDANT DAVID ORTIZ'S
INDIVIDUAL MOTION TO DISMISS (ECF 946)**

83149156;1

Plaintiffs' complete failure to respond properly to Mr. Ortiz's individual Motion to Dismiss (ECF 946) highlights a glaring truth: Plaintiffs did not respond because they cannot respond. Instead of addressing Mr. Ortiz's motion, which focuses on Plaintiffs' failure to allege *any* nexus between Mr. Ortiz and *any* Plaintiff (let alone any nexus as to any element of any claim), *see* ECF 946, Plaintiffs attempt to avoid their response obligation through scattered references to "Supplements" in their joint Opposition to the S&E Defendants' joint motion, most of which references are buried in footnotes. *See* ECF 977 at Pages 18 n.2, 20, 23 n.5, 26 & 31 n.9. Plaintiffs have "abandoned the[ir] claims by failing to defend them in opposition to the Motion to Dismiss." *Gent Row, LLC v. Truist Fin. Corp.*, 2022 WL 3682172, at *2 (S.D. Fla. June 27, 2022) (dismissing with prejudice).[1] The Court should go no further and should dismiss as to Mr. Ortiz with prejudice.

Even if the Court chooses to address Plaintiffs' non-response, dismissal remains warranted. Plaintiffs' counsel originally filed suit against Mr. Ortiz in December 2022. *See Norris v. Brady*, No. 23-cv-20439-CMA (S.D. Fla.), ECF 1 at 2 (¶ 3). Almost three years later, no named Plaintiff has ever been able to allege in any of the multiple iterations of Plaintiffs' claims that any named Plaintiff ever saw the Moon make a phone call to Mr. Ortiz in the commercial that is the foundation of Plaintiffs' claims against him. *See* Am. Compl., ¶ 559. In the literally thousands of paragraphs of allegations Plaintiffs have devoted to seeking to hold Mr. Ortiz (and many others) responsible for FTX's failure in their series of complaints, not one states, "Plaintiff [X] saw the commercial and purchased [something]" or anything similar. Not one Plaintiff claims Mr. Ortiz promoted YBAs or FTT; instead, his supposed liability is entirely based on "promoting FTX," *id.*, ¶ 571 – with no Plaintiff ever claiming s/he ever encountered any such "promoting."

---

[1] *See also* S.D. Fla. L.R. 7.1(c)(1) ("Failure to [file a response to a motion] may be deemed sufficient cause for granting the motion by default.").

These are not casual omissions; it is a basic pleading failure requiring dismissal. Just a month ago, in *Pop v. LuliFama.com LLC*, 145 F.4th 1285 (11th Cir. 2025), the Eleventh Circuit addressed a claim that postings by "influencers" gave rise to liability under the Florida Deceptive and Unfair Trade Practices Act. The claim sounded in fraud, so Rule 9(b) applied, *see id.* at 1288-89, just as Rule 9(b) governs Plaintiffs' claims, *see* ECF 890. The failure to plead with particularity resulted in dismissal with prejudice, which the Eleventh Circuit affirmed. *Pop*, 145 F.4th at 1299.

*Pop* reaffirms the mandate of Rule 9(b) and the consequences of failing to meet it. Just like Plaintiffs, plaintiff Pop failed to "allege when [the only specific] posts [by a single defendant] were made, when he saw them, if he saw those specific posts before purchasing LuliFama products, or how those posts caused him to purchase the products at issue[.]" *Id.* at 1296-97. Also just like Plaintiffs, Pop "***never even alleged which products he bought, much less how the defendants inspired him to do so. <u>Such allegations, or the lack thereof, fail to allege 'the who, what, when[,] where, and how' of the allegedly wrongful conduct</u>***." *Id.* at 1297 (quoting *Garfield v. NDC Health Corp.*, 466 F.3d 1255, 1262 (11th Cir. 2006) (alteration in original; emphasis added)). The Eleventh Circuit also reaffirmed the obligation of **each** Plaintiff to plead with specificity as to **each** Defendant: "[E]ven if Pop had alleged the required information as to [one defendant], that would not make up for his lack of allegations concerning all the other defendants' conduct." *Id.* at 1297.

Plaintiffs' claims warrant the same treatment as Pop's claims for the same failures to allege all of the required specifics as to Mr. Ortiz: Dismissal with prejudice.

Therefore, for the reasons stated, in addition to those in Mr. Ortiz's individual motion (ECF 946) and the S&E Defendants' joint motion (ECF 943) and reply (ECF 987), the Court should dismiss the Amended Complaint as to Mr. Ortiz with prejudice, award him his fees and costs as provided by law, including pursuant to Fla. Stat. § 517.211(7), and grant him such other and further relief as the Court deems just and proper.

|  |  |
|---|---|
| Date:  September 15, 2025 | Respectfully submitted,<br><br>**AKERMAN LLP**<br>201 E. Las Olas Boulevard – Suite 1800<br>Ft. Lauderdale, FL 33301<br>Tel.: 954-463-2700<br>Fax: 954-468-2454<br><br>By: *s/ Christopher S. Carver*<br>    Christopher S. Carver, Esq.<br>    Florida Bar No. 993580<br>    christopher.carver@akerman.com<br>    Jason S. Oletsky<br>    Florida Bar No. 9301<br>    jason.oletsky@akerman.com<br>    Katherine A. Johnson<br>    Florida Bar No. 1040357<br>    katie.johnson@akerman.com<br><br>**AKERMAN LLP**<br>Three Brickell City Centre<br>98 Southeast Seventh Street – Suite 1100<br>Miami, FL 33131<br>Tel.: 305-374-5600<br>Fax: 305-374-5095<br><br>By: *s/ Bryan T. West*<br>    Bryan T. West<br>    Florida Bar No. 83526<br>    bryan.west@akerman.com<br><br>*Attorneys for Defendant David Ortiz* |

- 3 -