UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

| | |
|---|---|
| IN RE FTX CRYPTOCURRENCY EXCHANGE COLLAPSE LITIGATION | Case No. 1:23-md-03076-KMM (MDL No. 3076) Hon. K. Michael Moore United States District Judge |

This Document Relates To: All Actions; and the separately prosecuted, non-class action, Lucky D., et al. v. Prager Metis Advisors, LLC, et al.,
No. 2:23-cv-00389-MCA (D.N.J.) (transferred for pretrial coordination in MDL 3076).

### ORDER GRANTING LUCKY D PLAINTIFFS' LIMITED-PURPOSE MOTION TO INTERVENE AND SETTLEMENT-RELATED RELIEF

THIS CAUSE came before the Court upon the Lucky D Plaintiffs' Motion to Intervene for the limited purpose of the Prager Metis class-settlement proceedings, and for related relief. Having reviewed the motion and the record, and being otherwise fully advised in the premises, it is ORDERED AND ADJUDGED as follows:

1. Intervention Granted (Limited Purpose). The Lucky D plaintiffs are GRANTED intervention under Fed. R. Civ. P. 24 for the limited purpose of participating in settlement-approval proceedings concerning the proposed Prager Metis settlement.

2. Access to Settlement Materials. Within three (3) business days, the settling parties shall produce to Lucky D counsel, under the MDL Protective Order (ECF No. 483), the unredacted settlement agreement and all exhibits and side letters. If any sealing remains, production shall be on an Attorneys'-Eyes-Only basis.

3. Carve-Out. The Court ADOPTS the carve-out language attached as Exhibit A to the Motion, which shall be included in—and shall CONTROL over—any inconsistent provision in the Settlement Agreement and in the Court's preliminary and final approval orders.

4. Bar-Order Scope. Any bar order entered in connection with the settlement shall be LIMITED to claims for contribution, indemnity, or other claims for equitable or comparative sharing of damages among Released Persons relating to claims released by the Settlement

Class, with a judgment-reduction/offset. The bar order shall NOT restrain prosecution of Lucky D's direct claims.

5. Rule 23(e) Notice Clarification. The Rule 23(e) notice shall include the following sentence: "This settlement and any related order do not release, stay, or otherwise affect separately represented, non-class actions, including Lucky D., et al. v. Prager Metis Advisors, LLC, et al., No. 2:23-cv-00389-MCA (D.N.J.)."

6. Meet-and-Confer. The settling parties and Lucky D shall promptly meet and confer regarding conforming edits to definitions (including "Releasing Parties," "Released Claims," and "Related Actions"). Redlines shall accompany any motion for preliminary or final approval.

7. Reservation of Rights. All remaining rights, claims, and defenses of all parties are PRESERVED.

DONE AND ORDERED in Chambers at Miami, Florida, this ____ day of _____, 2025.

_____
**K. MICHAEL MOORE**
**UNITED STATES DISTRICT JUDGE**

Copies furnished to: Counsel of Record