**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

Case No. 1:23-md-3076-KMM

IN RE:

FTX CRYPTOCURRENCY EXCHANGE
COLLAPSE LITIGATION
_____/

**ORDER**

THIS CAUSE came before the Court upon Plaintiffs' Motion for Leave to Amend their Complaint against Defendant Fenwick & West. ("Motion") (ECF No. 967). Therein, Plaintiffs request leave to amend their Amended Administrative Class Action Complaint (ECF No. 153) against Defendant Fenwick & West ("Fenwick"), the sole remaining defendant in the MDL Law Firm Track. *See generally id.* Plaintiffs seek leave to bring two new state law claims for violations of the Florida Securities and Investor Protection Act and the California Securities Law and to strengthen their existing aiding and abetting claims by adding "allegations specifying Fenwick's actual knowledge and substantial assistance of the FTX Fraud[.]" *Id.* at 1–3, 6. Plaintiffs also attached their proposed Amended Administrative Class Action Complaint and Demand for Jury Trial to the Motion. ("Proposed Amended Complaint") (ECF No. 967-1). Fenwick filed a Response in opposition to the Motion. ("Resp.") (ECF No. 975). Plaintiffs filed a Reply. ("Reply") (ECF No. 984). The Motion is now ripe for review.

**I.    LEGAL STANDARD**

Federal Rule of Civil Procedure 15(a)(2) permits a party to amend its pleadings with leave of court or with written consent of the opposing party. Fed. R. Civ. P. 15(a)(2). The decision to grant or deny a motion to amend pleadings is within the sound discretion of the trial court. *Espey v. Wainwright*, 734 F.2d 748, 750 (11th Cir. 1984). The policy of the federal rules is to permit

liberal amendment to facilitate determination of claims on the merits and to prevent litigation from becoming a technical exercise in the fine points of pleading. *Smith v. Beverly Hills Club Apartments, LLC*, No. 1:15-CV-23450-KMM, 2016 WL 344975, at *2 (S.D. Fla. Jan. 28, 2016) (citing *Dussouy v. Gulf Coast Inv. Corp.*, 660 F.2d 594, 598 (5th Cir. 1981)). Thus, unless there is a substantial reason to deny leave to amend, the discretion of the district court is not broad enough to permit denial. *Id.* A substantial reason could include "undue delay, bad faith or dilatory motive, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party, and the futility of the amendment." *Grayson v. K Mart Corp.*, 79 F.3d 1086, 1110 (11th Cir. 1996).

## II. DISCUSSION

Fenwick opposes the Motion because it argues that: (1) Plaintiffs' proposed amendments are untimely and would cause undue delay; (2) Plaintiffs' proposed amendments are futile; and (3) Plaintiffs' proposed amendments would prejudice Fenwick because they are meritless and because it "would force Fenwick to incur unnecessary costs to re-brief its motion to dismiss to respond to an amended complaint." Resp. at 8–15. In reply, Plaintiffs maintain that there is no undue delay because the current complaint was filed before Sam Bankman-Fried's criminal trial, the Independent Examiner's Report, and this Court's Order granting in part and denying in part the Promoter Defendants' Motions to Dismiss (the "Promoter Order") (ECF No. 890), and "Plaintiffs moved to amend within months of these events." Reply at 3 (emphasis removed). Additionally, Plaintiffs argue that their proposed amendments are not prejudicial at this stage of the litigation. *Id.* at 3–4. Further, Plaintiffs argue that amendment is not futile because Plaintiffs allege viable state securities claims against Fenwick and strengthen their aiding and abetting allegations. *Id.* at 5–7.

Here, the Court does not find a substantial reason to deny Plaintiffs leave to amend. First, the Court is unconvinced that Plaintiffs unduly delayed moving to amend their complaint. *See* Resp. at 8–9. While Sam Bankman-Fried's criminal trial concluded in 2023 and the Independent Examiner Report was released in 2024, Plaintiffs moved to amend within a few months of the Court's issuance of the Promoter Order, which findings also led Plaintiffs to seek their proposed amendments. Further, regardless of the alleged delay, the Court does not find that the amendments will substantially prejudice Fenwick. Courts deem amendments prejudicial when:

> The opponent would be required to engage in significant new preparation at a late stage of the proceedings, if the defendant would be put to added expense and the burden of a more complicated and lengthy trial, or if the issues raised by the amendment are remote from the other issues in the case and might confuse or mislead the jury. The fact that the amendment might increase the defendant's potential liability is generally not a sufficient reason to deny leave to amend.

*Bonilla v. Librati*, No. 1:21-CV-21588-KMM, 2022 WL 4594126, at *4 (S.D. Fla. Feb. 26, 2022) (citing *Dannebrog Rederi AS v. M/Y True Dream*, 146 F. Supp. 2d 1307, 1315 (S.D. Fla. 2001) (citation omitted)).

Here, the Parties are not in the late stages of the proceedings, pleadings are still open, discovery is currently stayed, not closed, and the issues raised by the amendments are not remote. *See id.*; *But cf. Lowe's Home Centers, Inc. v. Olin Corp.*, 313 F.3d 1307, 1315 (11th Cir. 2002) ("[I]t is not an abuse of discretion for a district court to deny a motion for leave to amend following the close of discovery, past the deadline for amendments and past the deadline for filing dispositive motions.").

Additionally, while this Court has previously found that it was not in the interests of justice "'[t]o allow the Plaintiffs to again amend the complaint and, therefore, moot the motions to dismiss, . . . [forcing] the . . . Defendants to conduct further research and adjust their arguments yet again," it did so within the context of a fourth amended complaint. *Bonilla*, 2022 WL 4594126,

3

at *4 (quoting *Cordova v. Lehman Bros.*, 237 F.R.D. 471, 477 (S.D. Fla. 2006)).  Here, this is Plaintiffs' first request to amend the merits of their claims against Fenwick.[1]  At this stage, that Plaintiffs' Proposed Amended Complaint will moot Fenwick's pending Motion to Dismiss is insufficient to establish undue prejudice as to Fenwick.  *See Adderley v. Three Angels Broad. Network, Inc.*, No. 18-23362-CIV, 2019 WL 13211864, at *2 (S.D. Fla. Apr. 10, 2019) (finding the defendants' argument that granting the plaintiff leave to file his second amended complaint would prejudice them because it would moot their pending motion to dismiss was insufficient to establish undue prejudice).  Accordingly, the Court does not find a substantial reason to deny Plaintiffs leave to amend based on Fenwick's undue delay and prejudice arguments, and instead finds that amendment is favored here, pursuant to Rule 15(a)(2), to facilitate the determination of these claims on the merits.  *See Smith*, 2016 WL 344975, at *2.

Second, the Court does not find that Fenwick's futility arguments provide a basis for denying Plaintiffs' Motion pursuant to Rule 15(a)(2).  To prevail on its futility arguments, Fenwick must show that the Proposed Amended Complaint is "subject to dismissal."  *See Burger King Corp. v. Weaver*, 169 F.3d 1310, 1320 (11th Cir. 1999).  However, arguments that a proposed amendment is futile or fails to remedy defects present in an earlier complaint "are matters best addressed in a motion to dismiss rather than a basis to deny leave to amend."  *Benzion v. Vivint, Inc.*, No. 12-61826-CIV, 2013 WL 12014439, at *3 (S.D. Fla. Sept. 9, 2013); *see also Rodriguez v. Imperial Brands plc*, No. 20-23287-CIV, 2022 WL 2231431, at *6 (S.D. Fla. Mar. 9, 2022) ("Defendants' futility-based objections to the Motion to Amend should be more fully and fairly

---

[1] The Court notes that while the operative complaint is Plaintiffs' Amended Administrative Class Action Complaint (ECF No. 153), the amendments made were for consolidation purposes pursuant to the Court's Initial Scheduling and Case Management Order, and Plaintiffs did not amend the merits of their claims.  *See* (ECF No. 61) at 1, 4.

4

addressed in the context of any future motions to dismiss that Defendants may file in response to the Second Amended Complaint."). Thus, the Court cannot conclude at this procedural juncture that the proposed amendments are "clearly insufficient or frivolous on [their] face." *Montes v. M & M Mgmt. Co.*, No. 15-80142-CIV, 2015 WL 11254703, at *1 (S.D. Fla. May 12, 2015). Therefore, without commenting on the viability of Plaintiffs' claims, the Court rejects Fenwick's futility arguments at this time without prejudice to Fenwick's right to reassert such arguments. *See In re Chiquita Brands Int'l, Inc.*, No. 07-60821-CIV, 2012 WL 12875980, at *1 (S.D. Fla. Sept. 17, 2012); *Goldstein v. Fandango Media, LLC*, No. 22-80569-CIV, 2022 WL 19567758, at *1 (S.D. Fla. July 15, 2022).

Lastly, the Court does not find any other substantial reason to deny Plaintiffs leave to amend.

### III. CONCLUSION

Accordingly, UPON CONSIDERATION of the Motion, the pertinent portions of the record, and being otherwise fully advised in the premises, it is hereby ORDERED AND ADJUDGED that Plaintiffs' Motion for Leave to Amend their Complaint Against Defendant Fenwick & West (ECF No. 967) is GRANTED. Plaintiffs are INSTRUCTED to file the Proposed Amended Complaint (ECF No. 967-1) separately on the docket on or before November 25, 2025. It is FURTHER ORDERED that Fenwick shall have 45 days from the filing of the Proposed Amended Complaint to file any responses thereto.

Nothing in this Order shall otherwise disturb the briefing parameters set in this Court's Order in (ECF No. 216).  In light of Plaintiffs' forthcoming Amended Administrative Class Action Complaint, Fenwick's Motion to Dismiss (ECF No. 276) is DENIED AS MOOT.

DONE AND ORDERED in Chambers at Miami, Florida, this *20th* day of November, 2025.

*K. M. Moore*
K. MICHAEL MOORE
UNITED STATES DISTRICT JUDGE

cc: All counsel of record