**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**
**MDL No. 3076**
**CASE NO. 1:23-md-03076-KMM**

IN RE:

**FTX Cryptocurrency Exchange Collapse MDL Litigation**

_____

THIS DOCUMENT RELATES TO:

    All Actions

_____/

**MDL PLAINTIFFS' RESPONSE IN OPPOSITION TO**
**"LUCKY D PLAINTIFFS'" RULE 24 LIMITED-PURPOSE MOTION TO INTERVENE**
**AND FOR SETTLEMENT-RELATED RELIEF**

    Plaintiffs respectfully submit this response in opposition to the "Lucky D Plaintiffs'" Rule 24 Limited Purpose Motion to Intervene and for Settlement-Related Relief. The motion should be denied outright. Movants never meaningfully conferred with Class Counsel or Defendants at all before blindsiding the Parties and the Court with this filing, in direct contravention of Local Rule 7.1(a)(3) and this Court's repeated instructions in this MDL regarding meaningful conferral. That alone warrants denial.

    Their motion independently fails on the merits. Movants do not satisfy a single element required for intervention as of right, and they cannot justify permissive intervention. They are not seeking to protect some unique, cognizable interest that Rule 23 does not already protect. They are attempting to cut the line. Having sat on the sidelines for more than two years while it was clear this MDL was proceeding on a global class basis that necessarily encompassed their putative interests, Movants now ask for special treatment: bespoke access to settlement materials,

customized carve-outs, and settlement rewrites to elevate their separate case over the hundreds of thousands of class members these settlements are designed to benefit.

Rule 23 already provides Movants with the precise tools the law deems appropriate. If and when the Court grants preliminary approval and directs notice, Movants, like every other class member, may either opt out and pursue their own case or submit a timely, procedurally proper objection to be considered alongside any others at the Rule 23(e) fairness hearing. What they cannot do is use Rule 24 to upend ongoing settlement efforts, obtain preferential status, or re-write the structure of class relief for themselves to the detriment of everyone else. The Court should reject this attempted end run and deny the motion in full.[1]

## ARGUMENT

### I. The Motion Should be Denied for Failure to Comply with Local Rule 7.1(a)(2).

As an initial matter, Local Rule 7.1(a)(2) requires a good-faith conferral on the relief sought. At most, Plaintiffs' counsel had a brief discussion with Movants on November 3rd. Movants did no more than iterate their unilateral demands for bespoke treatment. They made no good faith effort to compromise. And as the Court has already noted, Movants description of the meet and confer process, to the extent one even occurred, is on its face implausible. Their Rule 7.1 conferral statements claims that conferrals occurred on November 10th and 12th, though they filed their motion on November 7th.  Plaintiffs are not aware of any additional meet and confer on either November 10 or 12. This Court has admonished parties in this MDL and denied motions for

---

[1] Lucky D Plaintiffs' reliance on *Family Dollar* is totally misplaced, as it is a non-binding, unreported decision involving a sovereign AG and an **agreed** carve-out. The court did not mandate that carve-out; the parties negotiated it. The AG later attacked the settlement at preliminary approval; the court rejected those arguments, concluded the settlement satisfied preliminary approval, confirmed that the AG's injunctive relief was not released in any event, and noted that class members could opt out. That case shows party agreement is the path to any carve-out, not judicial compulsion at the preliminary-approval threshold.

*CASE NO. 1:23-md-03076-KMM*

noncompliance with Rule 7.1, holding that where the parties failed to properly confer in advance of filing, "this alone is sufficient to deny the Motion." *See, e.g.,* MDL ECF No. 336 (citing *Burleigh House Condo., Inc. v. Rockhill Ins. Co.*, 2022 WL 17082909, at *6 (S.D. Fla. Nov. 18, 2022)). The Court should therefore deny Lucky D Plaintiffs' motion.

## II. The Lucky D Plaintiffs Cannot Meet the Requirements for Intervention as of Right.

The Lucky D Plaintiffs do not meet the foundational requirements for intervention as of right. To intervene under Rule 24(a), a movant must show: "(1) the application to intervene is timely; (2) the party has an interest relating to the property or transaction which is the subject of the action; (3) the party is situated so that disposition of the action, as a practical matter, may impede or impair its ability to protect that interest; and (4) the party's interest is represented inadequately by the existing parties to the suit." *Angel Flight of Ga., Inc. v. Angel Flight Am., Inc.*, 272 F. App'x 817, 819 (11th Cir. 2008). "Each of these elements is mandatory, and therefore failure to satisfy any one of the elements will defeat intervention under the Rule." *Blount-Hill v. Zelman*, 636 F.3d 278, 283 (6th Cir. 2011). The Lucky D Plaintiffs do not satisfy even one.

### a. The Lucky D Plaintiffs' Motion Is Untimely and Brought for an Improper Purpose.

The Lucky D Plaintiffs' motion is plainly untimely. As Judge Moreno has explained, courts assessing timeliness consider:

> (1) the length of time during which the would-be intervenor knew or reasonably should have known of his interest in the case before he petitioned for leave to intervene; (2) the extent of prejudice to the existing parties as a result of the would-be intervenor's failure to apply as soon as he knew or reasonably should have known of his interest; (3) the extent of prejudice to the would-be intervenor if his petition is denied; and (4) the existence of unusual circumstances militating either for or against a determination that the application is timely.

*Diaz v. HSBC Bank USA, N.A.*, No. 13-21104-CIV, 2014 WL 1218701, at *2 (S.D. Fla. Mar. 24, 2014), *modified sub nom. Diaz v. HSBC Bank USA*, 2014 WL 11880929 (S.D. Fla. May 13, 2014).

Every factor cuts against them. For over two years, it has been clear this MDL is proceeding on a nationwide class basis that necessarily encompasses the Lucky D Plaintiffs' putative interests. They knew or should have known that any overlapping claims would be addressed, if at all, through the Rule 23 process in this forum. Yet they chose to wait until now to appear, with no prior effort to confer, and only after substantial settlement progress has been made.

Allowing intervention at this stage would prejudice the existing Parties and the Settlement Class "because allowing the Movants to intervene at this late stage would send the parties back to mediation with Movants' counsel and would delay and jeopardize a settlement reached through arm's length negotiations." *Diaz*, 2014 WL 1218701, at *2 (citing *Campbell v. Hall–Mark Elecs. Corp.*, 808 F.2d 775, 779 (11th Cir. 1987)). The Lucky D Plaintiffs are not attempting to assist or improve the settlements; they are attempting to leverage them—demanding special carve-outs, bespoke provisions, and priority treatment that would elevate their small subset over the millions of absent class members.

By contrast, the Lucky D Plaintiffs will suffer no cognizable prejudice if intervention is denied. Their motion is expressly directed at objecting to settlements that have not yet even been presented to the Court, let alone received *preliminary* approval, which constitutes an unusual circumstance militating against a determination that the application is timely. As courts have repeatedly recognized, "[d]issatisfaction with a settlement cannot provide the basis for granting intervention" because "the goals of Rule 23 would be seriously hampered if that were permitted." *Rescigno v. Statoil USA Onshore Prop. Inc.*, No. 3:16-85, 2020 WL 3830931, at *5–6 (M.D. Pa. July 8, 2020) (citation omitted); *see also Am. Pipe & Constr. Co. v. Utah*, 414 U.S. 538, 551 (1974) (describing such motions as "precisely the multiplicity of activity which Rule 23 was designed to avoid").

Courts in this District and across the country have consistently denied attempts by putative class members or parallel plaintiffs to intervene solely to object at the preliminary approval stage. *See Diaz*, 2014 WL 1218701, at *1–2 (denying untimely motion to intervene to object to preliminary approval where interests could be protected by opting out or objecting); *Lee v. Ocwen Loan Servicing, LLC*, No. 0:14-cv-60649-JAL, ECF No. 75 (S.D. Fla. June 13, 2014) (Lenard, J.) (permissive intervention to object unwarranted; intervenor cannot join solely based on perceived impact on its parallel case); *Saccoccio v. JP Morgan Chase Bank, N.A.*, 2013 WL 5585230, at *1 (S.D. Fla. Oct. 9, 2013) (Moreno, J.) (denying intervention where settlement reached and intervenors could protect interests by opting out or objecting); *In re Platinum & Palladium Commodities Litig.*, 2014 WL 3500655, at 7 (S.D.N.Y. July 15, 2014) (intervention "unnecessary because class members need not formally intervene in order to raise their objections to a proposed settlement"); *Lane v. Facebook, Inc.*, 2009 WL 3458198, at 2 (N.D. Cal. Oct. 23, 2009) (same).

In short, intervention at this stage is improper "where putative class members can adequately protect their interests via the Rule 23 mechanisms." *Cody v. SoulCycle, Inc.*, No. CV 15-06457-MWF, 2017 WL 8811114, at 2, 4 (C.D. Cal. Sept. 20, 2017); *Gonzalez v. CoreCivic of Tennessee, LLC*, 2018 WL 3689564, at 5 (E.D. Cal. Aug. 1, 2018); *In re Penthouse Exec. Club Comp. Litig.*, 2013 WL 1828598, at 2 (S.D.N.Y. Apr. 30, 2013); *Gascho v. Glob. Fitness Holdings, LLC*, 2013 WL 5487339, at 3 (S.D. Ohio Sept. 30, 2013); *Cicero v. DirecTV, Inc.*, 2010 WL 11463634, at 2 (C.D. Cal. Mar. 2, 2010). The Lucky D Plaintiffs are no different. The Court should deny their motion and allow the settlements to proceed in the normal course.

**b. The Lucky D Plaintiffs' Ability to Protect Their Interests Will Not Be Impaired.**

The Lucky D Plaintiffs also fail to show that disposition of this action will impair their ability to protect any legally cognizable interest. Their own motion confirms they seek to do what Rule 23 already lets them do without intervention: preserve their rights either by opting out or by objecting.

In *Grilli v. Metropolitan Life Ins. Co.*, 78 F.3d 1533 (11th Cir. 1996), proposed intervenors in a parallel action moved to intervene in a Florida class case. The Eleventh Circuit affirmed denial of intervention, holding the movants "could protect their interest either by opting out of the [Florida] class and litigating separately, or by remaining in the case and, if they thought the proposed settlement was unfair, by objecting to it." *Id.* at 1536, 1538. That is exactly the situation here.

For the same reasons, courts routinely find no impairment where would-be intervenors may rely on opt-out and objection procedures. *See, e.g., Saccoccio*, 2013 WL 5585230 at *1 (denying intervention because movants could fully protect their interests by opting out or objecting) (citing *Grilli*, 78 F.3d at 1536); *In re Holocaust Victim Assets Litig.*, 225 F.3d 191, 199 (2d Cir. 2000) ("Because appellants remain free to file a separate action, they have not established that they will be prejudiced if their motion to intervene is denied."); *Davis v. J.P. Morgan Chase & Co.*, 775 F. Supp. 2d 601, 605 (W.D.N.Y. 2011); *Doe v. Cin-Lan, Inc.*, 2011 WL 37970, at *4* (E.D. Mich. Jan. 5, 2011); *Cohorst v. BRE Props., Inc.*, 2011 WL 3475274, at *6* (S.D. Cal. Aug. 5, 2011); *Bailey v. AK Steel Corp.*, 2008 WL 148941, at *7* (S.D. Ohio Jan. 14, 2008); *Ruggles v. Bulkmatic Transp. Co.*, 2007 WL 496671, at *3* (S.D. Ohio Feb. 7, 2007).

The Lucky D Plaintiffs simply want a different, preferential path, which Rule 24 does not provide.

CASE NO. 1:23-md-03076-KMM

### c. The Lucky D Plaintiffs' Interests Are Adequately Represented.

The Lucky D Plaintiffs also cannot overcome the presumption of adequate representation. "The Court must 'presume that a proposed intervenor's interest is adequately represented when an existing party pursues the same ultimate objective as the party seeking intervention.'" *United States v. Ga.*, 19 F.3d 1388 (11th Cir. 1994) (internal quotations omitted); see also *In re Uponor, Inc., F1807 Plumbing Fittings Prods. Liab. Litig.*, 716 F.3d 1057, 1066 (8th Cir. 2013) (presumption where proposed intervenor is a member of the class).

Here, Class Counsel, who were appointed by this Court to lead this MDL and who have already been appointed class counsel over several preliminarily approved class settlements with other defendants in this MDL, seek the same ultimate objective for all Settlement Class Members, including the Lucky D Plaintiffs: a fair, reasonable, and adequate global resolution. Plaintiffs' counsel—experienced in leading major consumer and nationwide class actions—are more than adequate to represent those interests. *See, e.g., Harper v. O'Neal*, No. 23-CV-21912, 2025 WL 1040970 (S.D. Fla. Apr. 8, 2025); *Fruitstone v. Spartan Race, Inc.*, No. 20-CV-20836, 2021 WL 2012362 (S.D. Fla. May 20, 2021); *Collins v. Quincy Bioscience, LLC*, No. 19-22864 (S.D. Fla. July 21, 2020); *Checa Chong v. New Penn Financial, LLC*, No. 9:18-cv-80948 (S.D. Fla. Sept. 13, 2019); *Belanger v. RoundPoint Mortg. Servicing Corp.*, No. 1:17-cv-23307 (S.D. Fla. Mar. 28, 2019); *Thompson v. Transamerica Life Ins. Co.*, No. 2:18-cv-05422 (C.D. Cal. May 4, 2020).

An applicant fails to show inadequate representation absent evidence of collusion, adversity of interest, or dereliction of duty. *Bradley v. Milliken*, 828 F.2d 1186, 1192 (6th Cir. 1987). The Lucky D Plaintiffs offer none—because there is none.

The Lucky D Plaintiffs' effort to elevate their separate case above the Rule 23 process is fundamentally inconsistent with this authority. As long as the settlement is fair, reasonable, and

adequate—which this Court will independently assess—their interests are fully protected without intervention.

**II. The Lucky D Plaintiffs Also Fail to Satisfy the Standard for Permissive Intervention.**

Under Rule 24(b), permissive intervention requires "(1) a party's claim or defense and the main action have a question of law or fact in common and (2) the intervention will not unduly prejudice or delay the adjudication of the rights of the original parties." *Mt. Hawley Ins. Co. v. Sandy Lake Props., Inc.*, 425 F.3d 1308, 1312 (11th Cir. 2005). Even then, "it is wholly discretionary with the court" whether to allow it. *Purcell v. BankAtlantic Fin. Corp.*, 85 F.3d 1508, 1513 (11th Cir. 1996).

Here, the prejudice and delay are the point. The Lucky D Plaintiffs ask the Court to reorder ongoing settlements, re-write bar orders, add bespoke carve-outs, and confer special status on their separate case. That is exactly the kind of disruption that warrants denial of permissive intervention. *See Lee*, ECF No. 75 (Lenard, J.) (denying permissive intervention where intervenors sought to commandeer case in favor of their preferred forum); *Holocaust Victim Assets Litig.*, 225 F.3d at 202 (affirming denial where intervention could destroy settlement); *United States v. Pitney Bowes, Inc.*, 25 F.3d 66, 73 (2d Cir. 1994) (denial appropriate where parties had settled and intervention could require renegotiation and delay); *In re Cmty. Bank of N. Va.*, 2008 WL 239650, at *10*; *In re DHB Indus., Inc.*, 2007 WL 2907262, at *3*; *In re Vitamins Antitrust Litig.*, 1999 WL 1335318, at *4*. The Lucky D Plaintiffs' participation "will not add anything of value to the proceedings and would only serve to cause undue delay." *Nat'l Collegiate Athl. Ass'n v. Corbett*, 296 F.R.D. 342, 350 (M.D. Pa. 2013); *see also Hoots v. Pennsylvania*, 672 F.2d 1133, 1136 (3d Cir. 1982). And they already "have adequate means to assert their points of view, and their rights" through the standard Rule 23(e) objection and opt-out process. *UAW v. Gen. Motors Corp.*, 2006 WL 334283, at *5* (E.D.

Mich. Feb. 13, 2006); *Saccoccio*, 2013 WL 5585230 at *1 (anything intervenors seek to do "they can accomplish as objectors") (citing *Grilli*, 78 F.3d at 1536); *In re Domestic Air Transp. Antitrust Litig.*, 144 F.R.D. 421, 423 (N.D. Ga. 1992); *Lane*, 2009 WL 3458198, at *5*.

Permissive intervention is not a vehicle for the Lucky D Plaintiffs to cut in front of the Settlement Class or to dictate settlement terms for everyone else. The Court should exercise its discretion to deny their request.

## CONCLUSION

The Court should deny Movants' motion in full. If the Court is inclined to consider any aspect, it should require a proper conferral first and defer any dispute to the established Rule 23 process at preliminary and final approval.

Dated: November 20, 2025.                     Respectfully submitted,

**By: */s/ Adam Moskowitz***
Adam M. Moskowitz
Florida Bar No. 984280
Joseph M. Kaye
Florida Bar No. 117520
**THE MOSKOWITZ LAW FIRM, PLLC**
Continental Plaza
3250 Mary Street, Suite 202
Coconut Grove, FL 33133
Office: (305) 740-1423
adam@moskowitz-law.com
joseph@moskowitz-law.com
service@moskowitz-law.com

*Co-Lead MDL Counsel*

**By: */s/ David Boies***
David Boies
Alexander Boies
Brooke A. Alexander
**BOIES SCHILLER FLEXNER LLP**
333 Main Street
Armonk, NY 10504
914-749-8200
dboies@bsfllp.com
aboies@bsfllp.com
balexander@bsfllp.com

*Co-Lead MDL Counsel*

*CASE NO. 1:23-md-03076-KMM*

## <u>CERTIFICATE OF SERVICE</u>

I HEREBY CERTIFY that on November 20, 2025, a true and correct copy of the foregoing was filed electronically with the Clerk of the Court, by using the CM/ECF system which will send an electronic notification of such filing to all counsel of record.


By: */s/ Adam M. Moskowitz*
   Adam M. Moskowitz