**Anthony Scordo, Esq.**

**Attorney ID NJ 024591987**
**69 E. Saddle River Rd.**
**Saddle River, New Jersey 07458**
**(973) 476-0143**

**Edward Lehman**
**Attorney ID IL**
  *Attorneys for Plaintiff,*

|  |  |
|---|---|
| : | United States District Court for the Southern District of Florida |
| Plaintiffs, : | Case No. 1:23-md-3076-KMM |
|  | MDL No. 3076 |
|  | Originally venued in the District of New Jersey, Civ. No. 23-389 |
| v. : |  |
| **Prager Metis, et. al** : | CIVIL ACTION |
|  | : |
| Defendants : | **CERTIFICATION IN CORRECTION OF PRIOR NON-COMPLIANCE WITH LOCAL RULE 7.1 (a)(2)** |

Anthony Scordo, certify as follows:

1. I am an attorney at law of the State of NJ, admitted to practice in this court according to the Rules of the Multi-District Panel 3076, am one of several attorneys representing plaintiffs in the matter captioned Lucky D et. al v. Prager Metis, DNJ, and am fully familiar with the facts asserted herein.

2. I apologize to the court for submitted an erroneous Certification as to occurrence of Pre-filing Conferences with class plaintiffs, and defendants Prager Metis, CPAs, LLC and Armanino LLP as to the issues raised in this motion seeking to intervene in the proposed

settlement of the captioned putative class action filed pursuant to Fed. R. Civ. 24(e). Unfortunately, I attached to the filed submission the wrong stored pdf file which contained dates subsequent to the actual filing date, conferences which obviously could not have taken place. The day of filing was the first day I was eligible to file electronically under this docket number and both me and my paralegal were confused as to the procedure and the consolidated docket number.

3. Plaintiffs only became aware of a proposed settlement with the auditor defendants informally about two weeks before this motion was filed. I had not been receiving notifications through the MDL Panel ecf after consolidation to this docket in 2023. Once aware of the proposed settlement, I immediately became concerned as to the time sensitive requirement for objecting to same and contemplated the possibility of seeking leave to amend the complaint or take some other action by way of motion on an expedited basis. Because the proposed settlement is sealed, I am not aware if the putative class representatives are seeking limited fund class status under Rule 23(b)(1) where my clients interest in a limited fund would be compromised by a settlement that sought to distribute funds which they might have an interest in.

4. The court should be aware that originally my clients objected to inclusion of this matter in the MDL as Lucky D is a joint complaint consisting of a number of individual customers suing the two named auditor defendants only in what is essentially a professional malpractice claim invoking diversity jurisdiction; they are not seeking class certification pursuant to Rule 23. (Exh. A). The Panel overruled the objection to inclusion in explanatory order and instead consolidated this action into the MDL.

5. Upon becoming aware of the proposed class settlement, I conferred with class plaintiffs' counsel in a zoom conference which took place on November 3 expressing my intention to object to the settlement. (Exh. B) . I also conferred with the auditor defendants'

counsel to discuss my objections in emails dated November 5, 6 and 7th. (exhibits C, D, and E attached). As noted, while I originally contemplated amending the complaint or utilizing a different procedure as discussed in the conferences with counsel for the other parties, I instead decided instead to simply seek leave from this court to permit my clients to intervene in the Rule 23(e) proceeding either as of right or with permission under Rule 24.

6. I hereby certify that the foregoing statements are true. I further certify that if any of the statements made by me are willfully false, I am subject to punishment.

                                s/ Anthony Scordo

                                Anthony Scordo, ID No. 024591987

DATED: November 17, 2025

**Marc Ross, Esq.**
**Attorney ID. 019711996**
**245 Diamond Bridge Avenue**
**Hawthorne , New Jersey 07506**
**(973) 523-8824**
*Attorneys for Plaintiff,*

| | | |
|---|---|---|
| SINDY MENDOZA | : | SUPERIOR COURT OF NEW JERSEY |
| | : | LAW DIVISION: CIVIL PART |
| **Plaintiff,** | : | ESSEX COUNTY |
| | : | |
| v. | : | DOCKET NO.: ESX-L-3039-23 |
| | : | |
| DAVID N. AMBARTSUMYAN; AFFIRMATIVE TRANSPORTATION,LLC MELISSA MACE, FABIO RODRIGUES-MENDOCA, PROGRESSIVE INSURANCE CO. ET AL | : | CIVIL ACTION |
| | : | |
| **Defendants** | : | ORDER GRANTING RECONSIDERATION AND VACATUR |
| | : | OF ORDER |

**THIS MATTER** having come before this Court by way of Motion of plaintiff, and the Court having considered the moving papers, and opposition papers, if any and for good cause shown,

**IT IS** on this _____ day of _____, 2024

**ORDERED** that this court's Order of November 11, 2025 granting summary judgment dismissing the Complaint against Drive NJ is hereby reconsidered and vacated; it is

**FURTHER ORDERED** that a copy of this order be served on all parties within _____ days of the date hereof.

_____
J.S.C.