**Anthony Scordo, Esq.**
**Attorney ID NJ 024591987**
**69 E. Saddle River Rd.**
**Saddle River, New Jersey 07458**
**(973) 476-0143**
**anthonyscordo@msn.com**

**Edward Lehman**
**Attorney ID IL ARDC #6194489**
   ***Attorneys for Plaintiff,***

**In Re Cryptocurrency Exchange**
**Collapse Litigation**

_____

| | | |
|---|---|---|
| **Lucky D. et al** | **:** | **United States District Court for** |
| | | **the Southern District of Florida** |
| **Plaintiffs,** | **:** | **Case No. 1:23-md-3076-KMM** |
| | | **MDL No. 3076** |
| | **:** | |
| **v.** | **:** | **Originally venued in the District of** |
| | | **New Jersey, Civ. No. 23-389** |
| | **:** | |
| **Prager Metis, et. al** | | |
| | **:** | **CIVIL ACTION** |
| **Defendants** | **:** | **CERTIFICATION** |
| | | **CORRECTING PRIOR FILING'S** |
| | | **IMPROPER COMPLIANCE WITH** |
| | | **LOCAL RULE 7.1 (a)(2)** |

_____

 Anthony Scordo, certify as follows:

1.      I am an attorney at law of the State of NJ, admitted to practice in this court according to the Rules of the Multi-District Panel 3076, am one of several attorneys representing plaintiffs in the matter captioned Lucky D et. al v. Prager Metis, DNJ, and am fully familiar with the facts asserted herein.

2.      I apologize to the court for submitted an erroneous Certification as to the occurrence of Pre-filing Conferences with class plaintiffs, and defendants Prager Metis, CPAs, LLC and

Armanino LLP as to the issues raised in this motion seeking to intervene in the proposed

settlement of the captioned putative class action filed pursuant to Fed. R. Civ.

Pro.  24(e). Unfortunately, I attached to the filed submission the wrong stored pdf

file which contained dates subsequent to the actual filing date, conferences which obviously

could not have taken place. The day of filing was the first day I was eligible to

file electronically under this docket number and both myself and my paralegal were confused as

to the procedure and the consolidated docket number.

3.    Plaintiffs only became aware of a proposed settlement with the auditor

defendants informally about two weeks before this motion was filed. Until that point,

I had not been receiving notifications through the MDL Panel ECF after consolidation to this

docket in 2023. Once aware of the proposed settlement, I immediately became concerned as to

the time sensitive requirement for objecting to same and contemplated the possibility of seeking

leave to amend the complaint or take some other action by way of motion on an expedited

basis. Because the proposed settlement is sealed, I am not aware of which type of class the

putative class representatives are seeking certification for.  My clients' interest in a limited fund

could be compromised by a settlement that sought to distribute  funds which they might have an

interest in.

4.    The court should be aware that originally my clients objected to inclusion of this matter

in the MDL Lucky D is a joint complaint consisting of a number of individual customers suing

the two named auditor defendants only in what is essentially a professional malpractice claim

invoking diversity jurisdiction; they are not seeking class certification pursuant to Rule 23. (See

Exhibit A letter objection of 7/26/2023). The Panel overruled the objection to inclusion

in explanatory order and instead consolidated this action into the MDL.

5.      Upon becoming aware of the proposed class settlement, on 10/23/2025 co-counsel Edward Lehman wrote to Defendant's counsel expressing my clients concerns with the proposed settlement and pointing out that Plaintiffs did not participate at all in the discussions (See Exhibit B).  We then conferred with class plaintiffs' counsel in a zoom conference which took place on November 3 expressing our intention to object to the settlement. (See Exhibit C). We also conferred with the auditor defendants' counsel to discuss my objections in emails dated November 5, 6 and 7th. (exhibits D, E and F attached). As noted, while Plaintiffs originally contemplated seeking leave to amend the complaint, or  instead utilize a different procedure as discussed in the conferences with counsel for the other parties, they instead decided at this juncture to seek leave from this court to permit my clients to intervene in the Rule 23(e) proceeding either as of right or with permission under Rule 24.

6.      I hereby certify that the foregoing statements are true. I further certify that if any of the statements made by me are willfully false, I am subject to punishment.


*s/ Anthony Scordo*

_____

Anthony Scordo, NJ ID No. 024591987


DATED: November 19, 2025