# EXHIBIT "A"

**ANTHONY SCORDO, ESQ., PC**
1425 POMPTON AVENUE-SUITE 2-2
CEDAR GROVE, NEW JERSEY 07009
TEL: 973-837-1861
FAX: 973-837-9650

*E-MAIL: anthonyscordo@msn.com

ADMITTED TO PRACTICE IN N.J. AND N.Y.
LL. M. IN ENVIRONMENTAL LAW

July 26, 2023

<u>Via ECF only</u>
Judicial Panel on Multi- District Litigation
1 Columbus Cir. NE Room G-255
North Lobby
Washington DC 20544

> *Re: Lucky D. et. al v. Prager Metis, et. al*
> *Civ. No. 23-389 (D. N.J.)*
> *In re FTX Cryptocurrency Exchange Collapse Litigation*
> *MDL No. 3076*

Dear Honorable Members of the Multi-District Panel:

    Please accept this letter in lieu of a more formal brief in opposition to this Panel's Order ordering the captioned matter transferred to and consolidated with certain class action lawsuits filed by certain plaintiffs against FTX and other defendants in the Southern District of Florida, and in reply to opposition submissions of co-defendants Armanino LLP (Armanino) and Prager Metis CPAs LLC (PM).

Armanino is clearly being presumptuous in stating that "plaintiffs themselves are putative members of some of the proposed classes in the transferred actions" given that none of those cases has gone beyond the preliminary class discovery stage and no petitions for class certification will be filed for months or, more likely, years. In fact, in many of those cases, upon information and belief, defendants have yet to be served or, at least, file a responsive pleading. Armanino is also engaging in sheer conjecture by claiming that members of the putative classes are seeking recovery from FTX of the same funds these plaintiffs seek to recover from the auditor defendants. More likely, the auditors are entitled to indemnification from insurers which wrote policies to cover professional malpractice and other forms of misfeasance or omissions, not amounting to criminal conduct.

With respect to PM's reliance upon the rationale that these plaintiffs' claims involve common factual questions with the others, thereby making the MDL as the more convenient forum, plaintiffs here have addressed those arguments in their original submission. PM's position amounts to little more than expression of its understandable preference that straightforward individual claims be subsumed in a spider web of complexity that will in the end have little bearing on whether these auditor defendants properly performed their professional responsibilities. Professional standards for auditors are imposed to ferret out fraud. Just because a fraudster engages an auditor does not necessarily make said auditor complicit in the fraud. The facts here are much more limited than implicated in the putative action, focusing on how the audits were conducted, whether professional obligations were fulfilled thereby and, finally, whether their opinions as to FTX's financial reporting were relied upon. The "common factual questions" are more akin to needles in the proverbial haystack of the big picture. Lumping all the questions together for discovery as PM suggests is a good way for it to hide until the storm blows over and FTX becomes ancient history.

Plaintiffs' original analogy to entwined product liability/ medical malpractice cases which are properly severed in order for the straightforward state law claims to proceed independently of the fits despite defendants' contentions to the contrary. Fairness for both sides should entail discovery focused on the actual issues alleged in the parties' respective pleadings rather than a wide-ranging crusade to find out everything there is to know about a web of global transactions completely unrelated to how these audits were conducted and reported upon. And despite defendants' assertions, this is the only lawsuit being considered for transfer

that involved named actual investors who lost large sums, in most cases the greater part of their individual savings. This is far from an abstract case destined as the others to become fodder for long-winded articles in political publications. It does not belong buried along with the other transferred claims and should remain in the venue where it was first filed, the District of New Jersey.

PLAINTIFFS HEREBY REQUEST ORAL ARGUMENT ON THE NEXT AVAILABLE DATE THIS PANEL CONVENES.

                                Respectfully submitted,

                                s/ Anthony Scordo

                                Anthony Scordo,

                                Counsel for plaintiffs

AS/al