# EXHIBIT "B"

 Outlook

**Concern Regarding Proposed Settlement in FTX MDL and Potential Oversight in Excluding Lucky D Case Counsel**

**From** Edward E. Lehman <elehman@lehmanlaw.com>

**Date** Thu 10/23/2025 2:04 PM

**To** iross@sidley.com <iross@sidley.com>; Joanna R. Travalini <jtravalini@sidley.com>

**Cc** Anthony Scordo <anthonyscordo@msn.com>

Dear Mr. Ross:

I write as pro hac vice counsel for the plaintiffs in Lucky D et al. v. Prager Metis LLP et al., No. 1:23-cv-23871 (S.D. Fla.) (transferred from No. 2:23-cv-00389 (D.N.J.)), now consolidated for pretrial purposes within In re FTX Cryptocurrency Exchange Collapse Litigation, MDL No. 3076 (S.D. Fla.). Lucky D predates centralization and involves actual, named plaintiffs pursuing individual claims; to date, no class has been certified in the related MDL actions.

As you know, from your collegues my colleague Anthony Scordo and I have been engaged in settlement discussions with Prager Metis through you collegue Joanna R. Travalini (Sidley Austin Chicago). Those negotiations reflect our clients' prerogative to prosecute and resolve their individual claims notwithstanding MDL coordination. See 28 U.S.C. § 1407(a) (consolidation for pretrial only); Lexecon Inc. v. Milberg Weiss Bershad Hynes & Lerach, 523 U.S. 26, 34–35 (1998) (MDL transfer preserves the separate identity and trial rights of individual actions).

On October 9, 2025, only putative class counsel filed a Joint Notice of Proposed Settlement with Prager Metis (with you as their counsel). Neither Mr. Scordo nor I, counsel of record in the only non-putative action against Prager Metis in this MDL were notified or consulted. That omission risks concrete prejudice and raises the following concerns:

**1. Due Process.** A settlement cannot extinguish or impair the claims of non-parties or separately represented litigants without adequate process. See Phillips Petroleum Co. v. Shutts, 472 U.S. 797, 811–12 (1985); Ortiz v. Fibreboard Corp., 527 U.S. 815, 846–48 (1999)colleagues (structural protections and adequate representation are indispensable to bind absent claimants).

**2. Rule 23(e) Integrity.** Class settlements must be "fair, reasonable, and adequate," Fed. R. Civ. P. 23(e), and may not be used to prejudice parallel, individual actions. See Amchem Prods., Inc. v. Windsor, 521 U.S. 591, 620–21 (1997) (settlement classes must independently satisfy Rule 23 and cannot sidestep protections owed to non-class litigants).

**3. MDL Best Practices.** Federal Judicial Center guidance emphasizes coordinated management to avoid conflicting or duplicative resolutions and to ensure transparency across related cases. See Fed. Jud. Ctr., Manual for Complex Litigation (Fourth) §§ 10.221, 21.61–.612 (2004).

To protect our clients' rights and preserve orderly MDL administration, please provide, by return, the following:

**1. Scope & Carve-Outs.** Identify with precision whether the proposed settlement's definitions of "Releasing Parties," "Released Claims," and "Related Actions" exclude Lucky D. If not, confirm you will incorporate an explicit carve-out preserving all Lucky D claims, defenses, offsets, and remedies.

**2. Core Papers.** Produce the unredacted settlement agreement and all exhibits/side letters (e.g., cooperation provisions, judgment-reduction/offset clauses, bar-order language, release definitions, notice plans).

**3. Approval Timeline.** Confirm the intended schedule for preliminary-approval filings and any contemplated injunction or bar order, and confirm no relief will be sought that would enjoin, stay, or impair the prosecution or settlement of Lucky D.

**4. Meet-and-Confer.** Agree to a conference with Lucky D counsel before any motion for preliminary approval so we can address coordination, carve-outs, or a parallel track.

Nothing herein waives any right, including to object, to seek appropriate relief from the Court, or to pursue independent settlement with Prager Metis. Our preference is cooperative alignment: a clean class resolution that does not touch Lucky D or, alternatively, express exclusions that eliminate ambiguity.

Please respond with your availability for a 30-minute meet-and-confer at your earliest convenience. For transparency, Ms. Travalini and Mr. Scordo are copied.

Sincerely,

Edward LEHMAN
雷曼律师法学博士

LEHMAN, LEE & XU
雷曼律师事务所

T: +(86)(10) 8532-1919
M: +(86)13511020522
F: +(86)(10) 8532-1999

elehman@lehmanlaw.com

What's App: +8613511020522
Wechat: +8613511020522

e-mail: elehman@lehmanlaw.com
web: www.lehmanlaw.com

THIS EMAIL AND ANY ATTACHMENT(S) ARE CONFIDENTIAL AND MAY BE PRIVILEGED OR OTHERWISE PROTECTED FROM DISCLOSURE. ALL RIGHTS RESERVED.