**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**
**MDL No. 3076**
**CASE NO. 1:23-md-03076-KMM**

IN RE:

**FTX Cryptocurrency Exchange Collapse MDL Litigation**
_____

THIS DOCUMENT RELATES TO:

　　All Actions

_____/

**DEFENDANT PRAGER METIS CPAS LLC'S RESPONSE AND NOTICE OF JOINDER**
**IN MDL PLAINTIFFS' RESPONSE IN OPPOSITION TO "LUCKY D PLAINTIFFS'"**
**RULE 24 LIMITED-PURPOSE MOTION TO INTERVENE**
**AND FOR SETTLEMENT-RELATED RELIEF**

Defendant Prager Metis CPAs, LLC ("Prager Metis") hereby submits this Response and Notice of Joinder in the MDL Plaintiffs' Response in Opposition to the "Lucky D Plaintiffs'" Rule 24 Limited-Purpose Motion to Intervene and for Settlement-Related Relief (the "Opposition"), and adopts the Opposition in full as if fully stated herein.

As the Opposition explains, the Lucky D Plaintiffs' motion suffers from a threshold procedural defect under Local Rule 7.1(a)(3) that warrants denial. Movants did not engage in any pre-filing conferral with Prager Metis. On November 7, 2025, the same day Movants filed their motion, Movants and Prager Metis scheduled a conferral for *November 10, 2025*. Prior to the filing of the motion, Movants and Prager Metis had not had discussions in over 2 1/2 years, and thus no pre-filing conferral took place. As the Court recognized, Movants' Rule 7.1 certification that the Parties conferred on November 10 and November 12, 2025 is facially inconsistent with the November 7, 2025 timing of their submission. Courts in this District have denied motions on this basis alone.

2

The motion also fails on an independent and equally dispositive basis: Rule 24 provides no pathway for the relief Movants seek, and thus they cannot satisfy a single requirement for intervention as of right. Their request is untimely, coming two years after it was clear this MDL would proceed on a nationwide class basis, and purporting to inject a new set of litigants at this stage—particularly ones seeking preferential access to settlement materials and bespoke carve-outs—would disrupt ongoing settlement efforts, prejudice the Parties, and delay the orderly progression of this MDL. Nothing in Rule 24 contemplates intervention for the purpose of reshaping or reprioritizing global settlement negotiations.

Nor can the movants demonstrate any impairment to their ability to pursue their own interests. The Rule 23 framework guarantees all class members the right to review proposed settlements, opt out, or raise objections at the appropriate time. Those established procedures—not late-breaking intervention—ensure fair consideration of any concerns they may wish to assert.

Finally, even if Rule 24(b) were invoked as a matter of discretion, permissive intervention is unwarranted. Movants seek to alter the structure and timing of settlements negotiated at arm's length. Their requested participation would add no meaningful value to the Court's consideration of settlement issues and would instead impose delay, uncertainty, and administrative burden on the MDL proceedings. As detailed in the Opposition, courts routinely reject such attempts to leverage Rule 24 to interfere with class settlements. Allowing intervention here would provide no benefit to the Court and would cause precisely the disruption Rule 23 is designed to prevent.

For these reasons, and for all the reasons fully set forth in the Opposition, the Court should deny the Lucky D Plaintiffs' Motion to Intervene in its entirety.

Dated: November 21, 2025

Respectfully submitted,

*/s/ Ian M. Ross*
Ian M. Ross
Florida Bar No. 091214
Email: iross@sidley.com
SIDLEY AUSTIN LLP
830 Brickell Plaza
Miami, FL 33131
Tel.: (305) 391-5100
Fax: (305) 391-5101

Bruce R. Braun
Email: bbraun@sidley.com
Joanna R. Travalini
Email: jtravalini@sidley.com
SIDLEY AUSTIN LLP
One South Dearborn Street
Chicago, IL 60603
Tel.: (312) 853-7050
Fax: (312) 853-7036

*Counsel for Defendant Prager Metis CPAs, LLC*

## <u>CERTIFICATE OF SERVICE</u>

I HEREBY CERTIFY that on November 21, 2025, a true and correct copy of the foregoing was filed electronically with the Clerk of the Court, by using the CM/ECF system which will send an electronic notification of such filing to all counsel of record.

By: */s/ Ian M. Ross*
Ian M. Ross