UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MDL No. 3076
CASE NO. 1:23-md-03076-KMM

IN RE:

FTX Cryptocurrency Exchange Collapse MDL Litigation

_____

THIS DOCUMENT RELATES TO:

    All Actions

_____/

**DEFENDANT PRAGER METIS CPAS LLC'S RESPONSE IN OPPOSITION TO "LUCKY D PLAINTIFFS'" RULE 24 REVISED MOTION TO INTERVENE IN ANTICIPATION OF SECURING STANDING TO OBJECT TO PUTATIVE CLASS PLAINTIFFS' PROPOSED SETTLEMENT WITH AUDITOR <u>DEFENDANTS IN RULE 23 E) HEARING</u>**

    Defendant Prager Metis CPAs, LLC ("Prager Metis") submits this response to the Lucky D Plaintiffs' latest revised Rule 24 motion. [ECF No. 1030]. The latest iteration of the same motion that Lucky D Plaintiffs have repeatedly filed includes *de minimis* changes and does not alter the substance of the relief sought. This marks the *third* intervention request and reflects a last-ditch effort to obtain relief that is not permitted under the Federal Rules and is expressly foreclosed by the protections of Rule 23(e).

    Nothing in the latest revised motion should change the Court's analysis. The revised motion does not cure any of the deficiencies identified in prior briefing. It again seeks intervention and access to sealed settlement materials based on arguments already raised. Prager Metis therefore incorporates by reference its prior Responses and Notices of Joinder [ECF Nos. 1023, 1027], explaining that Rule 24 provides no basis for the requested relief.

    Rule 23(e) supplies the exclusive mechanism for addressing objections to a proposed class settlement. That framework guarantees notice, an opportunity to object, and opt-out rights. It does

1

not permit separately represented plaintiffs to intervene midstream to obtain early access to confidential settlement materials or to influence settlement negotiations outside the Rule 23 process.

Moreover, the additional authorities that Lucky D Plaintiffs cite are wholly inapplicable and do not support intervention for a damages class settlement. As Lucky D Plaintiffs concede, *Barchiesi* and *Brocket* concern Rule 23(b)(1), not subsection (b)(3). Neither *Barchiesi*, *Bell*, nor *Brocket* are from this jurisdiction, neither is even remotely analogous to the facts here, and neither is binding on this Court.

Finally, despite filing yet another revised motion, Lucky D Plaintiffs did not conduct a new meet-and-confer regarding this Motion. Refiling substantially identical motions does not excuse compliance with Local Rule 7.1, and this recurring defect independently warrants denial.

For all the reasons stated herein, Lucky D Plaintiffs' motions [ECF Nos. 1007, 1021, 1022, 1030] should be denied in full.

Dated: December 18, 2025 

Respectfully submitted,

*/s/ Ian M. Ross*
Ian M. Ross
Florida Bar No. 091214
Email: iross@sidley.com
SIDLEY AUSTIN LLP
830 Brickell Plaza
Miami, FL 33131
Tel.: (305) 391-5100
Fax: (305) 391-5101

Bruce R. Braun
Email: bbraun@sidley.com
Joanna R. Travalini
Email: jtravalini@sidley.com
SIDLEY AUSTIN LLP
One South Dearborn Street
Chicago, IL 60603
Tel.: (312) 853-7050
Fax: (312) 853-7036

*Counsel for Defendant Prager Metis CPAs, LLC*

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on December 18, 2025, a true and correct copy of the foregoing was filed electronically with the Clerk of the Court, by using the CM/ECF system which will send an electronic notification of such filing to all counsel of record.

By: */s/ Ian M. Ross*
Ian M. Ross