UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF FLORIDA

MIAMI DIVISION

| | |
|---|---|
| IN RE FTX CRYPTOCURRENCY EXCHANGE COLLAPSE LITIGATION | Case No. 1:23-md-03076-KMM (MDL No. 3076) Hon. K. Michael Moore United States District Judge |

This Document Relates To: All Actions; and the separately prosecuted, non-class action,

Lucky D., et al. v. Prager Metis Advisors, LLC, et al.,

No. 2:23-cv-00389-MCA (D.N.J.) (transferred for pretrial coordination in MDL 3076).

**LUCKY D PLAINTIFFS' RULE 15 MOTION TO AMEND COMPLAINT TO INCLUDE CERTAIN MEMBERS OF DEFENDANT LIMITED LIABILITY PARTNERSHIP ACCOUNTING FIRM PRAGER METIS AND INCLUDE ADDITIONAL CAUSES OF ACTION AND INCREASE AD DAMNUM CLAUS**

**Statement of Facts**

Plaintiffs rely upon and incorporate by reference the facts as asserted in the filed Complaint and also those as set forth in the proposed attached exhibit to Certification of

counsel, a complaint filed by the Securities and Exchange Commission against the defendant in this court under Case No. 1:23-cv-23723 on September 29,2023. Prager Metis' two related entities with violating auditor independence rules and aiding and abetting FTX' violation of federal securities laws. There several members are described (rather than specifically named) that played prominent roles in contracting and performing the audits at issue. Liability allegations premised on their personal participation in and supervisory responsibility in planning and conducting the audits d not the mere fact of employment or agency.

Prager Metis settled with the SEC on September 17, 2024 and agreed to pay the government $1.95 million.

## Legal Argument

I.   <u>Lucky D plaintiffs should be permitted to amend their joint complaint to include the additional named defendants under the Third Circuit's liberal approach to amendment of pleadings and add additional causes of action.</u>

<u>F. R. Civ. Pro.</u> 15 governs amendments to pleadings before trial unless a scheduling order has been entered that sets a deadline for amending pleadings in which case it is governed by Rule 16b4. Here, the presiding judge as named by the Multi-District Panel has not set such a deadline in this matter nor was such a deadline set when the matter remain venued in the District of New Jersey. The Third Circuit's has adopted a liberal approach to amendments of pleadings. <u>DLJ Mortgage Cap. Inc. v. Sheridan</u>, 975 F. 3d 358, 369 (3d. Cir. 2020).  A district court may deny a motion to amend only where there is (1) undue delay (2) bad faith or dilatory motive, (3) undue prejudice ; (4) repeated

failures to cure deficiencies or (5) futility of amendment. Grayson v. Mayview State Hosp.. 293 F. 3d 103, 108 (3d Cir. 1984). As for lack of delay, discovery has been stayed almost from the outset. The identities of the proposed individual PM principals and employees as to their respective roles in entering into the audit engagement with FTX, conducting same and preparing reports containing their opinions has been difficult to delineate since the case was consolidated by the MDL Panel.

New York Partnership Law sec. 26(b), immunizes from individual liability any partner in a partnership registered as a limited liability partnership who did not commit the underlying wrongful act. However, liability will be imposed on a partner where he or she directly supervised the person who committed the wrongful act. Hagans v. Dell, 185 NYS 3d 365 (2d Dept. 2023)(involving legal malpractice). See also First Am. Title v. Lawson, 177 NJ 125 (2003), interpreting New Jersey Uniform Partnership Act, N.J.S.A. 42:1 -1-49.

Delineating firm professional liability from individual in the accounting field can be difficult in certain circumstances. See, e.g. In iCore Networks v. McQuade Brennan LLP, 2009 US Dist. Lexis 147 (ED Va. 2009) where defendant accounting firm was engaged by plaintiff to perform a variety of accounting services including reconciling books of account. The named partner, McQuade entered into a retainer arrangement and designated a lead employee to handle the contract, one Rutledge. Rutledge began embezzling funds from plaintiff altering books and records and creating false invoices. When questioned, McQuade assured plaintiff the work had been done properly and vouched for Rutledge's background. After the theft was discovered, the firm maintained Rutledge acted on completely on his own in committing criminal acts; however, the firm

did agree to pay restitution. When the restitution fell short the client filed suit and named Brian McQuade individually. McQuade moved to dismiss pursuant to 12(b)(6) alleging he was immune as a limited partner under District of Columbia partnership law, (DC Code sec. 33-103) which is substantively identical to New York and New Jersey. The court applied liberal construction of the pleadings and gleaned a viable cause of action though admitted it was a close call. The fact that McQuade personally performed the check reconciliations and made assurances as to the quality of Rutledge's work was sufficient to make him professionally responsible to perform services in and accurate and skillful manner even though he was not in privity with the plaintiff as an individual.

This case greatly contrasts with McQuade which was a close call as to whether the partner could be individually liable and the allegations here are materially stronger. There a single rogue accountant, who was not a principal of the firm, committed acts that not only amounted to accounting malpractice but constituted serious crimes. Here, Prager Metis principals violated professional standards "from the initiation of the engagement right through to the issuance of the audit reports" and even failed to retract their opinions up to the date of the collapse of FTX.  As stated therein, the principals should and would have through routine preparation, preliminary investigation and observations recognized the need for caution and necessity of proceeding with a higher level of thoroughness and professional skepticism than a more traditional audit client. And once the engagement commenced numerous red flags would have risen almost immediately. The SEC Complaints identify without specifically naming engagement partners and other partners who violated auditor independence rules, as well as securities

exchange rules. Furthermore the SEC Complaint outlines the reasons why *these particular individuals* violated auditor independence and other requirements.

## Conclusion

Based on the aforementioned facts and law, this Court should grant leave pursuant to Rule 15 to permit plaintiffs to amend their Complaint in the proposed form naming additional defendants, amending the ad damnum clause, adding additional causes of action and to file in the form attached hereto.

Local Rule 7.1(a)(3) Certification

See attached Certification with exhibits

Respectfully submitted,

/s/ Anthony Scordo

Anthony Scordo, Esq.

The Law Office Of Anthony Scordo, Esq. PC

69 E. Allendale Road

Saddle River, New Jersey 07458

Ph: 973-837-1861   Fax: 973-837-9650

Email: anthonyscordo@msn.com

N.J. Bar No.: 024591987

/s/ Edward E. Lehman

Edward E. Lehman, Esq.

Illinois ARDC #6194489

Lehman, Lee & Xu PC

33rd Floor, Tower One, Times Square

1 Matheson Street, Causeway Bay

Hong Kong SAR, PRC

Tel: +852-3588-2188  Fax: +852-3588-2088

Email: mail@lehmanlaw.com

(Pro Hac Vice application forthcoming)

Dated: February 5, 2026