UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

MDL No. 3076
Case No. 1:23-md-3076-KMM

IN RE: FTX Cryptocurrency Exchange Collapse
Litigation

_____

This document relates to:
    *Lucky D. et al v. Prager Metis, et. al*
    D.N.J., Civ. No. 23-389
_____/

**PLAINTIFFS' RESPONSE IN OPPOSITION TO LUCKY D PLAINTIFFS'
UNAUTHORIZED MOTION TO AMEND INDIVIDUAL COMPLAINT IN STAYED
UNDERLYING ACTION [ECF NO. 1062]**

Plaintiffs respectfully submit this response in opposition to the "Lucky D Plaintiffs'" ("Movants") Rule 15 Motion to Amend Joint Complaint and Add Individual Defendants [ECF No. 1062] (the "Motion"). The Motion should be summarily denied. Yet again, Movants have unilaterally acted without meaningfully conferring with Class Counsel or Defendants before blindsiding the Parties and the Court with this filing, in direct contravention of Local Rule 7.1(a)(3) and this Court's repeated instructions in this MDL regarding meaningful conferral. This alone warrants denial.

Moreover, Movants' motion is improper both because Movants do not have the authority to properly file the Motion in this MDL, and because Movants' claims are already covered by the operative Administrative Complaint [ECF No. 158], while their underlying individual action has been stayed pending administration of this MDL.[1] To permit this futile and unnecessary

---

[1] Even setting aside that Movants were not authorized to proceed with their filing, their Motion is further deficient in that they have not sought to lift the stay of their individual action or to otherwise seek relief in their individual action. This is yet another reason their Motion should be denied outright as it is procedurally improper.

- 1 -

amendment would disrupt a years-long MDL process and months of diligent work by the Parties towards a settlement; indeed, Plaintiffs anticipate filing a Motion for Preliminary Approval of a Class Action Settlement. If Movants take issue with the eventual settlement, Rule 23(e)(5) provides them avenues to object or opt-out. What Movants cannot do is use Rule 15 to upend ongoing settlement efforts, obtain preferential status, or re-write the structure of class relief for themselves to the detriment of everyone else. The Court should reject this attempted end run and deny the motion in full.

## **ARGUMENT**

**I. The Motion Should be Denied for Failure to Comply with Local Rule 7.1(a)(2).**

As an initial matter, Local Rule 7.1(a)(2) requires a good-faith conferral on the relief sought. Movants did not once attempt to discuss the filing of this Motion with Plaintiffs' counsel, despite the fact that Movants' underlying case is stayed, rendering them subject to the MDL leadership structure. *See*, *e.g.*, MDL ECF Nos. 59, 61, 120, 123. Regarding Movants' communications with Defendants, Movants fail to provide the dates of any specific communications since November 7, 2025. This Court has admonished parties in this MDL and denied motions for noncompliance with Rule 7.1, holding that where the parties failed to properly confer in advance of filing, "this alone is sufficient to deny the Motion." *See*, *e.g.*, MDL ECF No. 336 (citing *Burleigh House Condo., Inc. v. Rockhill Ins. Co.*, 2022 WL 17082909, at *6 (S.D. Fla. Nov. 18, 2022)). The Court should therefore deny Movants' motion.

**II.     Movants' Request Is Improper.**

    **A. The Motion Should Be Denied Because It Represents an Improper Attempt to Wrest Control from Co-Lead Counsel.**

Movants' claims are encompassed by the nationwide class action MDL, for which Co-Lead Counsel has already been appointed. By Order of this Court, Co-Lead Counsel are

empowered to, *inter alia*, determine and present to the Court "the position of Plaintiffs on all matters arising during pretrial proceedings[,]" monitor work performed by the Steering Committee, coordinate settlement discussions on behalf of Plaintiffs, and "[p]erform[] such other duties as may be incidental to the proper coordination of Plaintiffs' pretrial activities." MDL ECF. Nos. 120, 123; 7 Newberg and Rubenstein on Class Actions § 22:48 (6th ed.) (Lead Counsel "are authorized to delegate work to other counsel who may then, with the lead plaintiff's approval, apply for fees for that work"). Movants now attempt to usurp this Court-appointed role by filing a near-indecipherable amended complaint years into litigation and mere weeks before Plaintiffs file a motion for preliminary approval. For this reason, among others, Plaintiffs oppose Movants' motion.

**B. The Motion Should Be Denied Because Amendment at This Late Stage Would Be Unduly Prejudicial.**

Both Federal Rule of Civil Procedure 15(a) and Florida Rule of Civil Procedure 1.190 require that leave to amend "shall be given freely when justice so requires," but courts may deny leave to amend due to "undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of amendment, etc." *Garfield v. NDC Health Corp.*, 466 F.3d 1255, 1270 (11th Cir. 2006) (citing *Foman v. Davis*, 371 U.S. 178, 182 (1962)). Put differently, "a Rule 15(a) motion to amend a complaint is addressed to the sound discretion of the court, and that in deciding whether to permit such an amendment the court must take into account any prejudice that the parties in the case may suffer as a result." *Wainwright v. Kraftco Corp.*, 58 F.R.D. 9, 12 (1973) (citing *Zenith Radio Corp. v. Hazeltine Rsch., Inc.*, 401 U.S. 321, 330-31 (1971)).

Moreover, Eleventh Circuit courts apply heightened scrutiny when amendments are sought during settlement proceedings due to concerns about prejudice to defendants, disruption of class action procedures, and the availability of alternative procedural mechanisms for class member participation. In *Wainwright*, for example, the court denied leave to amend the complaint in part because notice of a proposed settlement had already gone out, and because the requested amendment potentially undermined class certification:

> Thus if the court were to allow the amendment at this late hour, it would have to reopen the class and possibly redefine it, and set in motion once again all the notice provisions already completed. Moreover, the unitary class feature of the case might be defeated if the alleged fraudulent concealment did not apply to all class members and a whole series of separate trials might be needed to dispose of this matter. This would render the class action unmanageable in the court's view and not superior to other methods of handling the case within the meaning of Rule 23(b)(3)[.]

*Id.* at 13.

The procedural posture here is approaching that in *Wainwright*. While notice of a settlement has not yet gone out to class members, the Parties have engaged in extensive briefing, motions practice, and mediations, and Plaintiffs intend to file their motion for preliminary approval of settlements with Defendant Prager Metis and others on or before February 27, 2026. It has been clear for *years* that this MDL is proceeding on a nationwide class basis that necessarily encompasses Movants' putative interests. They knew, or certainly should have known, that any overlapping claims would be addressed, if at all, through the Rule 23 process in this forum. Yet they chose to wait until now to move to file an amended complaint without consulting Co-Lead Counsel, and only after an agreement in principle was reached with Prager Metis. It would be highly disruptive to this progress to permit Movants to hijack the settlement process and return, on the back of a complaint so riddled with errors it borders on illegible, to the pleadings stage. Moreover, and also as in *Wainwright*, Movant's proposed amendments

would destroy the unitary feature of the case that has been diligently litigated by Court-appointed Co-Lead Counsel.

### III. Movants' Ability to Protect Their Interests Will Not Be Impaired by Denial.

Movants also fail to show that disposition of this action will impair their ability to protect any legally cognizable interest. Rule 23 permits Movants to sufficiently preserve their rights either by opting out of or by objecting to any proposed settlements that might be granted preliminary approval by this Court.

In the context of intervention, Eleventh Circuit courts have repeatedly held that intervention is improper where movants "could protect their interest either by opting out of the [Florida] class and litigating separately, or by remaining in the case and, if they thought the proposed settlement was unfair, by objecting to it." *Grilli v. Metropolitan Life Ins. Co.*, 78 F.3d 1533, 1536-38 (11th Cir. 1996); *see also*, *e.g.*, *Saccoccio v. JP Morgan Chase Bank, N.A.*, No. 13-21107-CIV, 2013 WL 5585230, at *1 (S.D. Fla. Oct. 9, 2013) (denying intervention because movants could fully protect their interests by opting out or objecting); *In re Holocaust Victim Assets Litig.*, 225 F.3d 191, 199 (2d Cir. 2000) ("Because appellants remain free to file a separate action, they have not established that they will be prejudiced if their motion to intervene is denied."). The same reasoning applies here.

### CONCLUSION

The Court should deny Movants' Motion [ECF No. 1062] in full. If the Court is inclined to consider the motion, it should require a proper conferral first and defer any dispute to the established Rule 23 process at preliminary and final approval.

Dated: February 19, 2026.          Respectfully submitted,

**By:** */s/ Adam Moskowitz*
Adam M. Moskowitz
Florida Bar No. 984280
Joseph M. Kaye
Florida Bar No. 117520
**THE MOSKOWITZ LAW FIRM, PLLC**
Continental Plaza
3250 Mary Street, Suite 202
Coconut Grove, FL 33133
Office: (305) 740-1423
adam@moskowitz-law.com
joseph@moskowitz-law.com
service@moskowitz-law.com

*Co-Lead MDL Counsel*

**By:** */s/ David Boies*
David Boies
Alexander Boies
Brooke A. Alexander
**BOIES SCHILLER FLEXNER LLP**
333 Main Street
Armonk, NY 10504
914-749-8200
dboies@bsfllp.com
aboies@bsfllp.com
balexander@bsfllp.com

*Co-Lead MDL Counsel*

By: /s/ *Laurence D. King*
         Laurence D. King
Laurence D. King (*Pro Hac Vice*)
Matthew B. George (*Pro Hac Vice*)
**KAPLAN FOX & KILSHEIMER LLP**
1999 Harrison Street, Suite 1501
Oakland, CA  94612
Telephone:  (415) 772-4700
*lking@kaplanfox.com*
*mgeorge@kaplanfox.com*

Frederic S. Fox (*Pro Hac Vice*)
Joel B. Strauss (*Pro Hac Vice*)
**KAPLAN FOX & KILSHEIMER LLP**
800 Third Avenue, 38th Floor
New York, NY 10022
Telephone:  212-687-1980
*ffox@kaplanfox.com*
*jstrauss@kaplanfox.com*

## **CERTIFICATE OF SERVICE**

I hereby certify that a true and correct copy of the forgoing was filed on February 19, 2026, via the Court's CM/ECF system, which will send notification of such filing to all attorneys of record.

      /s/ *Adam M. Moskowitz*
      Adam M. Moskowitz