**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**
**MDLNo.3076**
**CASE NO. 1:23-md-03076-KMM**

IN  RE:

**FTX Cryptocurrency Exchange Collapse MDL Litigation**

_____

THIS DOCUMENT RELATES TO:

     All Actions

_____/

**LUCKY D PLAINTIFFS' INFORMAL APPLICATION TO EXPEDITE**
**DISPOSITION OF  THEIR PENDING MOTION TO INTERVENE IN**
**SETTLEMENT PROCEEDINGS**

To: Honorable K. Michael Moore

United States District Judge, Southern District of Florida

Dear Judge Moore:

Please accept this correspondence in support of Lucky D plaintiffs' informal application seeking expedited disposition of their pending motion to intervene in the settlement proceedings Shortly after, for the first time, being notified of a proposed settlement agreement between putative class action plaintiffs and defendant accounting firm Prager Metis (PM), Lucky D plaintiffs sought permission to intervene and object to the settlement. Specifically, plaintiffs sought an Order seeking the following relief:

(1) unsealing the proposed terms of the purported settlement in order to be able to ascertain, at the very least, whether the proceeds earmarked for distribution to the (presently putative) class constituted a limited fund as defined by the Supreme Court in Ortiz v. Fibreboard, 527 U.S. 815 (1999) (including insurance proceeds) and required class certification pursuant  Rule 23(b)(1) or (2) (limited fund) as opposed to Rule 23(b)(3);

1

(2)  affording these plaintiffs a hearing under the Eleventh Circuit's binding precedential decision In re Temple, 851 F. 2d 1269 (1988) to ascertain whether they were afforded due process, including proper notice, to participate in the settlement process in the months that led up to the proposal since this matter was transferred (over plaintiffs' objection) to the Multi-district litigation;

(3) allowing these plaintiffs, pursuant to Rule 24, intervenor status  (either permissive or as of right) as  the only procedural means by which they could be afforded due process as required by the Eleventh Circuit under In re Temple, supra to protect their entitlement to (what is obviously) a limited fund comprised partially or perhaps even totally of insurance proceeds. If said insurance includes professional malpractice, much of that fund can and probably is  being depleted by defense costs as we this motion goes undecided.

Plaintiffs asserted in their brief in support of the intervention motion that,  at a minimum, their claims must be carved out from  the proposed settlement and said claims not be merely relegated to opt out status. See In re Family Dollar Stores Inc. Pest Infestation Litigation, 2023 WL 562195 (W. D. Tenn. 2023).   Plaintiffs have easily met their low threshold of intervention entitlement showing their legal interests are clearly affected by the settlement approval proceedings. Ibid.  Accepting the allegations contained in the pleadings, as required at this early stage, these plaintiffs are generally high worth individuals who brought this action only against the auditors and relied upon the auditors' reports in entrusting FTX with their assets, suffering enormous losses far in excess of the typical class member. To refresh the court's recollection, the Lucky D plaintiffs are virtually all citizens of foreign countries and PM was the auditor which examined FTX' international subsidiary (as opposed to the domestic auditor co-defendant Armanino).

**Respectfully, plaintiffs request that disposition of this motion be expedited given the impending deadline for the respective parties' motion to approve settlement, February 27, 2026.** Certainly, this is a matter where, should this motion not be decided well before the return date of the motion to approve, justice delayed will be justice denied. In their reply to the opposition papers filed by PM and the putative class plaintiffs, Lucky D plaintiffs demonstrated that PM has

unclean hands including SEC fines and penalties implicating its principals. And the woefully inept assertions of the class plaintiffs do not even specify what exactly amounted to professional malpractice on the part of PM. They have completely ignored that New Jersey requires an Affidavit of Merit to proceed with malpractice claims and do not even bother to show how nefarious PM's professional conduct was.

## Conclusion

For the foregoing reasons in this informal application, the court should expedite disposition of their pending motion to intervene.

Dated: February 24, 2026

Respectfully submitted,

s/ Anthony Scordo

Anthony Scordo, atty for plaintiffs

s/ Edward E. Lehman

Edward E. Lehman, atty for plaintiffs

**<u>CERTIFICATATION OF SERVICE</u>**

I HEREBY CERTIFY that on February 24, 2026, a true and correct copy of the foregoing

was filed electronically with the Clerk of the Court, by using the CM/ECF system which will send

an electronic notification of such filing to all counsel of record.


By: *Anthony Scordo*
Anthony Scordo