**IN THE UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**
**MIAMI DIVISION**

| | |
|---|---|
| IN RE: FTX CRYPTOCURRENCY EXCHANGE COLLAPSE LITIGATION | No: 1:23-md-03076-KMM<br><br>MDL No. 3076 |

This Document Relates To:

*Garrison v. Bankman-Fried*,
No. 22-cv-23753-KMM

*Garrison v. Paffrath*,
No. 1:23-cv-21023-KMM

*Norris v. Brady*,
No. 23-cv-20439-KMM

*Podalsky v. Bankman-Fried*
No. 1:22-cv-23983-KMM

*Garrison v. Golden State Warriors*,
No. 1:23-cv-23084-KMM

*Lam v. Bankman-Fried*,
No. 1:23-cv-22195-KMM

*Garrison v. Osaka*,
No. 1:23-cv-23064-KMM

*Garrison et al. v. Furia Esports LLC et al.*,
No. 1:24-cv-20895-RS

*Garrison et al. v. Lincoln Holdings LLC*,
No. 1:24-cv-00655-JMC

*Garrison et al. v. Mercedes-Benz Grand Prix Limited (d/b/a Mercedes-AMG Petronas Formula One Team)*,
No. 1:23-cv-24480-JEM

*Garrison v. Office of The Commissioner of Baseball d/b/a Major League Baseball*,

No. 1:23-cv-24479-KMM

*Garrison v. Riot Games, Inc.*,
No. 1:24-cv-21296-KMM

*Garrison v. Wasserman Media Group, LLC
and Dentsu McGarry Bowen LLC,*
No. 23-cv-24478-KMM

**SPORTS & ENTERTAINMENT DEFENDANTS' REQUEST FOR JUDICIAL NOTICE
AND INCORPORATED MEMORANDUM OF LAW**

The Sports and Entertainment ("S&E") Defendants respectfully submit this request for judicial notice of an interpretative rule recently issued by the Securities and Exchange Commission ("SEC").  On March 23, 2026, the SEC issued "an interpretation of the definition of 'security' as applied to crypto assets and transactions involving crypto assets as part of its efforts to provide greater clarity regarding the Commission's treatment of crypto assets under the Federal securities laws."  *Application of the Federal Securities Laws to Certain Types of Crypto Assets and Certain Transactions Involving Crypto Assets*, 91 Fed. Reg. 13714 (Mar. 23, 2026) (the "Crypto Assets Interpretative Rule," attached as Exhibit A).  The Crypto Assets Interpretative Rule is judicially noticeable.  44 U.S.C. § 1507 ("[t]he contents of the Federal Register shall be judicially noticed"); *see also Pet Quarters, Inc. v. Depository Trust & Clearing Corp.*, 545 F. Supp. 2d 845, 847 (E.D. Ark. 2008) (SEC releases published in the Federal Register and other SEC publications "are the types of matters that are not subject to dispute and must be judicially noticed"), *aff'd*, 559 F.3d 772 (8th Cir. 2009).

The Crypto Assets Interpretative Rule is directly relevant to—and contradicts—Plaintiffs' claim that the FTX Platform is a security.  In opposing the S&E Defendants' motion to dismiss, Plaintiffs argued that "the FTX platform is plausibly a security because it was created and sustained through unregistered securities."  ECF No. 977 at 6; *see also* ECF No. 908 ¶ 295 (alleging that

1

"using the FTX Platform itself necessarily required transacting in unregistered securities" (heading) (capitalization normalized)).  As the Crypto Assets Interpretative Rule makes clear, that is incorrect.  In interpreting the term "investment contract" under the federal securities laws, 15 U.S.C. § 77b(a)(1), the SEC explained that numerous crypto assets trading on secondary market platforms (such as FTX's) are "[d]igital commodities"—not securities.  Crypto Assets Interpretative Rule, 91 Fed. Reg. at 13717-18.  Those digital commodities include tokens cited in Plaintiffs' operative pleading.  *Compare id.* at 13718 (stating that "Bitcoin (BTC)" and "Dogecoin (DOGE)" are "digital commodities"), *with* Dkt. 908 ¶ 286 (alleging that Bitcoin and Dogecoin are "cryptocurrency[ies] listed on [FTX's] platform").  By establishing that these tokens traded on the FTX Platform were not securities, the Crypto Assets Interpretive Rule refutes Plaintiffs' argument that the FTX Platform was a security "because it was created and sustained through unregistered securities."  ECF No. 977 at 6.

For similar reasons, the Crypto Assets Interpretive Rule confirms that FTT and YBAs were not securities.  Under the rule, "[a] digital commodity is a crypto asset that is intrinsically linked to and derives its value from the programmatic operation of a crypto system that is 'functional,' as well as supply and demand dynamics."  91 Fed. Reg. at 13718.  That definition squarely applies to FTT.  Indeed, Plaintiffs describe FTT as the "native cryptocurrency exchange token of the FTX Platform ecosystem," ECF 908 at 2, and link the value of FTT with "demand for trading on the FTX platform," ECF 908, ¶¶ 269, 293.  And with respect to Plaintiffs' claim that YBAs were investment contracts, the rule states that in analyzing whether a crypto asset is sold as an "investment contract[]," "[a] purchaser's reasonable profit expectations depend on the issuer's representations or promises to engage in . . . essential managerial efforts," and "representations or promises that are vague or contain no semblance of an actionable business plan . . . likely would

not create reasonable expectations of profit." *Id.* at 13721.   According to Plaintiffs' own allegations, FTX did not "describe how th[e] yield [from YBAs] will be generated."  ECF No. 908 ¶ 283.  If, as Plaintiffs contend, it is "not at all clear where the promised yield is coming from," *id.* ¶ 286, Plaintiffs cannot plead that YBAs are investment contracts, because there is no reasonable expectation of profits based on such vague representations about FTX's alleged managerial efforts.

The S&E Defendants previously reserved argument on the latter question whether FTT and YBAs are securities, ECF No. 987 at 3 n.4, but the new Crypto Assets Interpretive Rule is judicially noticeable and strongly undercuts that claim.  If the Court would benefit from additional briefing on this topic, the S&E Defendants are prepared to provide it.  And to the extent any further proceedings are necessary, the S&E Defendants also intend to argue that the Crypto Assets Interpretative Rule makes clear as a matter of law that Plaintiffs have not alleged that any transactions involving FTT or YBAs qualify as securities.

Dated: April 16, 2026

Respectfully submitted,

**COLSON, HICKS, EIDSON, P.A.**
806 S. Douglas Road, Suite 1200
Coral Gables, Florida 33134
(305) 476-7400

By: *Roberto Martínez*
Roberto Martínez
Florida Bar No. 305596
 *bob@colson.com*
Stephanie A. Casey
Florida Bar No. 97483
 *scasey@colson.com*
Zachary Lipshultz
Florida Bar No. 123594
 *zach@colson.com*

*Attorneys for Defendants Thomas Brady,
Lawrence David, Golden State Warriors, LLC,
Naomi Osaka, Riot Games, Inc., and North
America League of Legends Championship
Series LLC*

**LATHAM & WATKINS LLP**
Andrew B. Clubok (*pro hac vice*)
 *andrew.clubok@lw.com*
Susan E. Engel (*pro hac vice*)
 *susan.engel@lw.com*
Brittany M.J. Record (*pro hac vice*)
 *brittany.record@lw.com*
555 Eleventh Street, N.W., Suite 1000
Washington, D.C. 20004-1304
Tel: +1.202.637.2200
Fax: +1.202.637.2201

**LATHAM & WATKINS LLP**
Marvin S. Putnam (*pro hac vice*)
 *marvin.putnam@lw.com*
Jessica Stebbins Bina (*pro hac vice*)
 *jessica.stebbinsbina@lw.com*
10250 Constellation Blvd., Suite 1100
Los Angeles, California 90067
Tel: +1.424.653.5500
Fax: +1.424.653.5501

**LATHAM & WATKINS LLP**
Michele D. Johnson (*pro hac vice*)
 *michele.johnson@lw.com*
650 Town Center Drive, 20th Floor
Costa Mesa, California 92626-1925
Tel: +1.714.540.1235
Fax: +1.714.755.8290

4

By: *Jessica Stebbins Bina*
Jessica Stebbins Bina

*Attorneys for Defendants Thomas Brady, Lawrence David, FuriaGG Corp, Furia Esports LLC, Furia Experience LLC, Lincoln Holdings LLC, Mercedes F1, and Mercedes-Benz Grand Prix Limited*

**GIBSON, DUNN & CRUTCHER LLP**

Michael J. Kahn (*pro hac vice*)
  MJKahn@gibsondunn.com
Sean F. Howell (*pro hac vice pending*)
  SHowell@gibsondunn.com
One Embarcadero Center, Suite 2600
San Francisco, CA 94111-3715
Phone: 415.393.8200

Michael Dore (*pro hac vice*)
  MDore@gibsondunn.com
333 South Grand Avenue
Suite 4600
Los Angeles, CA 90071-3197
Phone: 213.229.7155

By: *Michael J. Kahn*
Michael J. Kahn

*Attorneys for Defendants Golden State Warriors, LLC, Naomi Osaka, Riot Games, Inc., and North America League of Legends Championship Series LLC*

**WEIL, GOTSHAL & MANGES LLP**
Pravin R. Patel
Florida Bar No. 0099939
  pravin.patel@weil.com
Alli G. Katzen
Florida Bar No. 1024803
  alli.katzen@weil.com
1395 Brickell Avenue, Suite 1200
Miami, FL 33131-3368
Phone: (305) 577-3100

By: *Pravin R. Patel*
Pravin R. Patel

*Attorneys for Defendant Shohei Ohtani*

5

**HECKER FINK LLP**
Sean Hecker
  shecker@heckerfink.com
John Quinn
  jquinn@heckerfink.com
Sabrina Alvarez-Correa
  salvarezcorrea@heckerfink.com
Hecker Fink LLP
350 Fifth Avenue, 63rd Floor
New York, NY 10118
(212) 763-0883

By: _John Quinn_____
John Quinn

*Counsel for Defendants Office of the
Commissioner of Baseball d/b/a Major League
Baseball, Major League Baseball Properties,
Inc., MLB Advanced Media, L.P., and The MLB
Network, LLC*

**McDERMOTT WILL & EMERY LLP**
333 SE 2nd Ave., Suite 4500
Miami, Florida 33131
Telephone: (212) 547-5768
Facsimile: (305) 347-6500

By: _Nathan Bull_____
Nathan Bull (Fla. Bar No. 1029523)

**McDERMOTT WILL & EMERY LLP**
Jason D. Strabo (*pro hac vice* pending)
  jstrabo@mwe.com
2049 Century Park East, Suite 3200
Los Angeles, CA 90067
Telephone: (310) 788-4125
Facsimile: (310) 277-4730

**McDERMOTT WILL & EMERY LLP**
Sarah P. Hogarth (*pro hac vice*)
  shogarth@mwe.com
500 North Capitol Street NW
Washington, DC 20001
Telephone: (202) 756-8354
Facsimile: (202) 756-8087

*Attorneys for Defendant Stephen Curry*

**AKERMAN LLP**
350 East Las Olas Boulevard – Suite 1600
Ft. Lauderdale, FL 33301
Tel.: 954-463-2700

6

By: *Christopher S. Carver*
Christopher S. Carver, Esq.
Florida Bar No. 993580
  *christopher.carver@akerman.com*
Jason S. Oletsky, Esq.
Florida Bar No. 9301
  *jason.oletsky@akerman.com*
Katherine A Johnson, Esq.
Florida Bar No. 1040357
  *katie.johnson@akerman.com*

*Attorneys for Defendant David Ortiz*

**WEIL, GOTSHAL & MANGES LLP**
Pravin R. Patel
Florida Bar No. 0099939
  *pravin.patel@weil.com*
Alli G. Katzen
Florida Bar No. 1024803
  *alli.katzen@weil.com*
1395 Brickell Avenue, Suite 1200
Miami, FL 33131-3368
Phone: (305) 577-3100

Yehudah L. Buchweitz (*pro hac vice*)
  *yehudah.buchweitz@weil.com*
Caroline H. Zalka (*pro hac vice*)
  *Caroline.zalka@weil.com*
767 Fifth Avenue
New York, New York 10153
Phone: (212) 310-8000

By: *Pravin R. Patel*
Pravin R. Patel

*Attorneys for Defendant MLB Players, Inc.*

**NEIMAN MAYS FLOCH & ALMEIDA PLLC**
201 S. Biscayne Blvd., Suite 1300
Miami, Florida 33131
Tel: (954) 462-1200

By: *Jeffrey Neiman*
Jeffrey Neiman
Fla Bar. No. 544469
  *jneiman@nmfalawfirm.com*
Brandon Floch
Fla. Bar No. 125218
  *bfloch@nmfalawfirm.com*

*Attorneys for Defendant Kevin O'Leary and Solomid Corporation, D/B/A Team Solomid,*

7

*TSM, and/or TSM FTX*
**BERK BRETTLER LLP**
9119 Sunset Boulevard
West Hollywood, CA 90069
Tel.: (310) 278-2111
Andrew B. Brettler (*pro hac vice*)
  *abrettler@berkbrettler.com*

*Attorney for Defendant Kevin O'Leary*

**HOLLAND & KNIGHT LLP**
Stephen P. Warren (Fla. Bar No. 788171)
  *Stephen.Warren@hklaw.com*
Brandon T. White (Fla. Bar No. 106792)
  *Brandon.White@hklaw.com*
Andrew W. Balthazor (Fla. Bar No. 1019544)
  *Andrew.Balthazor@hklaw.com*
701 Brickell Avenue, Suite 3F300
Miami, Florida 33131
(305) 374-8500

By: *Stephen P. Warren*
Stephen P. Warren

*Attorneys for Defendant Wasserman Media Group, LLC*

**BUCHANAN INGERSOLL & ROONEY PC**
Mark Kornfeld
  *Mark.Kornfeld@bipc.com*
401 E. Jackson Street, Suite 2400
Tampa, Florida 33602
(813) 222-8180

By: *Mark Kornfeld*
Mark Kornfeld

*Attorney for Defendant Dentsu McGarry Bowen LLC*

**WASERSTEIN & NUNEZ, PLLC**
Carlos A. Nunez-Vivas
Fla. Bar. No. 128181
  *carlos@wnlawgroup.com*
1124 Kane Concourse
Bay Harbor, Florida 33154
Tel: (305) 563-1011

8

By: *Carlos A. Nunez-Vivas*
Carlos A. Nunez-Vivas

*Attorneys for Defendant Gisele Bündchen*

## **FILER ATTESTATION**

I, Roberto Martínez, am the ECF user whose identification and password are being used to file the Sports & Entertainment Defendants' Request for Judicial Notice and Incorporated Memorandum of Law.  Pursuant to the CM/ECF Administrative Procedures, I hereby attest that I have obtained concurrence from the other parties to file this motion and sign it electronically on their behalf.

By:  *Roberto Martínez*

## <u>CERTIFICATE OF SERVICE</u>

I HEREBY CERTIFY that on April 16, 2026, a true and correct copy of the foregoing was filed electronically with the Clerk of the Court, by using the CM/ECF system, causing a true and correct copy to be served on all counsel of record.

By: _Roberto Martínez_