**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**
**MIAMI DIVISION**

| | |
|---|---|
| IN RE: FTX CRYPTOCURRENCY EXCHANGE COLLAPSE LITIGATION | No. 1:23-md-03076-KMM <br><br> MDL No. 3076 |

THIS DOCUMENT RELATES TO:

*Garrison v. Bankman-Fried*,
No. 22-cv-23753-KMM

*Garrison v. Paffrath*,
No. 1:23-cv-21023-KMM

*Norris v. Brady*,
No. 1:23-cv-20439-KMM

*Podalsky v. Bankman-Fried,*
No. 1:22-cv-23983-KMM

*Garrison v. Golden State Warriors*,
No. 1:23-cv-23084-KMM

*Lam v. Bankman-Fried*,
No. 1:23-cv-22195-KMM

*Garrison v. Osaka*,
No. 1:23-cv-23064-KMM

*Garrison et al. v. Furia Esports LLC et al.*,
No. 1:24-cv-20895-RS

*Garrison et al. v. Lincoln Holdings LLC*,
No. 1:24-cv-00655-JMC

*Garrison et al. v. Mercedes-Benz Grand Prix Limited (d/b/a Mercedes-AMG Petronas Formula One Team)*,
No. 1:23-cv-24480-JEM

*Garrison v. Office of The Commissioner of Baseball d/b/a Major League Baseball*,
No. 1:23-cv-24479-KMM

**--***caption cont'd. on next page***--**

*Garrison v. Riot Games, Inc.*
No. 1:24-cv-21296-KMM

*Garrison v. Wasserman Media Group, LLC and*
*Dentsu McGarry Bowen LLC*,
No. 1:23-cv-23378-KMM

**PLAINTIFFS' RESPONSE IN OPPOSITION TO**
**THE PROMOTER DEFENDANTS'**
**REQUEST FOR JUDICIAL NOTICE AND CROSS MOTION TO STRIKE**

Plaintiffs, by and through their undersigned counsel, hereby respond in opposition to the Promoter Defendants' ("Defendants") Request for Judicial Notice, filed April 16, 2026 (D.E. 1082) ("Request"), and submit this as a Cross-Motion to Strike Defendants' Request.

### A.      Defendants' Request Should Be Stricken For Violating Local Rules 7.8 and 7.1 (a)(3).

The Court should strike Defendants' Request for violating the Local Rules, regardless of how it is characterized. If treated as a notice of supplemental authority, it violates Local Rule 7.8. If treated as a motion, it violates Local Rule 7.1(a)(3). Either way, it is procedurally improper and should be stricken.

This Court has made it clear to litigants that "[t]he local rules are not optional." *Aquatopia, LLC v. Gurson*, No. 1:23-CV-20841-KMM, 2025 WL 4669502, at *2 (S.D. Fla. Aug. 25, 2025) (Moore, J.); *accord Spanakos v. Aronson*, No. 17-80965-CV, 2020 WL 10459636, at *2 (S.D. Fla. Mar. 24, 2020) (Moore, J.) (same). "[A]ny motion that fails to comply with" the Local Rules may "be stricken[.]" *Incardone v. Royal Carribean Cruises, Ltd.*, No. 16-20924-CIV, 2019 WL 8989848, at *2 (S.D. Fla. June 5, 2019); *see also Macneil v. Bengal Props., Inc.*, No. 20-62038-CIV, 2022 WL 2232824, at *1 (S.D. Fla. Feb. 10, 2022) ("Because Plaintiffs failed to comply with Local Rule 7.1 (c)(2), Plaintiffs' Motions for Partial Summary Judgment are stricken.").

Defendants' Request is not what it purports to be. Indeed, while judicial notice of an SEC interpretive rule may be judicially noticeable for certain purposes,[1] the Request, on its face, is a thinly veiled attempt at submitting a notice of purported supplemental authority,[2] albeit in plain

---

[1]   *Green Mountain Chrysler Plymouth Dodge Jeep v. Crombie*, No. 2:05-CV-302, 2007 WL 1601518, at *1 (D. Vt. June 4, 2007) (while Federal Register is subject to judicial notice, they are only "to show the government's position with respect to the issue.")

[2]   *See, e.g., JuxtaComm-Texas Software, LLC v. Lanier Parking Sys. of Fla., Inc.*, No. 6:11-CV-514-ORL-DAB, 2011 WL 13141509, at *3 (M.D. Fla. Aug. 5, 2011) (treating request for judicial

violation of Local Rule 7.8. This is made clear by Defendants' myriad legal arguments contained in the Request such as, for example, "[t]he Crypto Assets Interpretative Rule is directly relevant to—and contradicts—Plaintiffs' claim that the FTX Platform is a security." Request at 1; *see also id.* at 2–3 (citing motion-to-dismiss briefing).

Local Rule 7.8 limits supplemental-authority notices to 200 words. S.D. Fla. L.R. 7.8 Defendants' Request is more than three times that amount, and should be stricken.

Moreover, to the extent Defendants' Request was intended to be a motion for relief, they violated Local Rule 7.1(a)(3), as no Defendant even attempted to confer with Plaintiffs before filing. This Court has admonished parties in this MDL and denied motions for noncompliance with Rule 7.1, holding that where the parties failed to properly confer in advance of filing, "this alone is sufficient to deny the Motion." *See, e.g.,* MDL ECF No. 336 (citing *Burleigh House Condo., Inc. v. Rockhill Ins. Co.*, 2022 WL 17082909, at *6 (S.D. Fla. Nov. 18, 2022)). This violation, too, warrants striking the Request.

Alternatively, the Court should accept Plaintiffs' response as necessary to fairly respond, as set forth below.

### B.    The Interpretive Rule Does Not Control and Cannot Resolve the Issues Presented.

Defendants are incorrect that the SEC's *Application of the Federal Securities Laws to Certain Types of Crypto Assets and Certain Transactions Involving Crypto Assets*, 91 Fed. Reg. 13714 (Mar. 23, 2026) (the "Interpretive Rule") effectively determines whether the assets and transactions at issue qualify as securities. Following *Loper Bright Enters v. Raimondo*, 603 U.S. 369 (2024), the Interpretive Rule is merely persuasive; but even if the Court were to consider it,

---

notice as notice of supplemental authority).

the Interpretive Rule affirms Plaintiffs' position that this Court must apply the *Howey* test to the particular facts alleged in this case to determine if the challenged digital assets are securities.

As an initial matter, the Interpretive Rule is not binding authority. It is not a statute, not the product of notice-and-comment rulemaking, and does not displace the governing legal standard articulated in *SEC v. W.J. Howey Co.*, 328 U.S. 293 (1946). Nor is it entitled to judicial deference. In *Loper*, the Supreme Court made clear that courts must exercise independent judgment in interpreting federal statutes and regulations and may not defer to agency interpretations. 603 U.S. at 413. At most, "[c]areful attention to the judgment of the Executive Branch may help inform that inquiry." *Id.* at 412–13.

That limitation is especially important here, where Defendants seek to use generalized agency guidance to resolve a fact-intensive inquiry at the pleading stage. As the SEC recognizes, this is improper: the Interpretive Rule does not override this Court's obligation to apply *Howey* to the facts alleged. *See* 91 Fed. Reg. at 13716 ("The interpretation in this release does not supersede or replace the *Howey* test, which is binding legal precedent."). Moreover, the Interpretive Rule post-dates the conduct at issue in this case. Defendants cite no authority permitting a recent agency interpretation to retroactively alter the legal characterization of prior transactions in private securities litigation.

### C. Defendants Mischaracterize Plaintiffs' Claims.

Defendants argue that the Interpretive Rule "contradicts" Plaintiffs' position by asserting that certain crypto assets—such as Bitcoin and Dogecoin—are "digital commodities." *See* Request at 1. This attacks a position Plaintiffs do not take. Plaintiffs do not allege that every asset available on the FTX platform was a security, but instead that Defendants participated in promoting and facilitating a coordinated investment scheme centered on FTX's native token (FTT), yield-bearing

accounts (YBAs), and lending products, and representations that customer assets would generate returns through FTX's managerial efforts. *See* ECF Nos. 977 at 4–7; 908 at 279–304.

Under *Howey*, the relevant question is whether investors were led to expect profits derived from the efforts of others within a common enterprise. That fact-bound inquiry turns on economic reality—not on whether certain unrelated assets may be categorized differently in isolation.

### D. Generalized Token Classifications Do Not Defeat a *Howey* Analysis.

Even accepting Defendants' assertion that some crypto assets may be characterized as digital commodities, that fact does not resolve Plaintiffs' claims. A single platform or scheme may involve a mix of instruments, some of which are securities and some of which are not. The presence of non-security assets does not immunize Defendants from liability for promoting or facilitating transactions that independently satisfy the *Howey* test. And as the Interpretive Rule itself affirms, "as with any asset that is not a security, a nonsecurity crypto asset can be offered and sold subject to an investment contract, which is a security." 91 Fed. Reg. at 13717; *see also id.* at 13717-13718 ("***Digital securities***, as further described below, ***are securities***. Given the variations in crypto assets and the constantly evolving nature of the crypto asset markets, including the underlying technology, there ***may*** be crypto assets that do not fall within any of these five categories, as well as crypto assets with hybrid characteristics that may fall within more than one category.") (emphasis added). Defendants' reliance on broad classifications of select tokens therefore does not engage with the actual allegations in the Complaint.

### E. The Status of FTT and Yield Products Presents Factual Questions that Cannot Be Resolved Here.

Defendants further contend that the Interpretive Rule forecloses Plaintiffs' claims as to FTT and YBAs. It does not. As the Interpretive Rule itself repeatedly affirms, *see* 91 Fed. Reg. at

13716, 13720–21[3], whether those instruments constitute investment contracts depends on whether Plaintiffs have plausibly alleged: (1) a reasonable expectation of profits, (2) derived from the managerial or entrepreneurial efforts of others, (3) within a common enterprise as required by *Howey*. *See* 91 Fed. Reg. at 13721 ("Whether it would be reasonable for a purchaser to expect profits based on representations or promises to engage in essential managerial efforts depends on the specific facts and circumstances, taken as a whole, under which those representations and promises are made."). Plaintiffs have done so. Defendants' attempt to recharacterize those allegations as "vague" merely underscores that the inquiry is factual and context-dependent. *See* Request at 3. Accordingly, it cannot be resolved through judicial notice of a generalized agency interpretation outside the context of the complete factual predicate underpinning Plaintiffs' claims.

## CONCLUSION

The Court should strike Defendants' Request for failure to comply with Local Rule 7.8. In the alternative, the Court may take judicial notice of the existence of the SEC's Interpretive Rule, but should accept Plaintiffs' response. Plaintiffs are also willing to engage in further briefing if the Court should so request.

## <u>CERTIFICATE OF COMPLIANCE WITH LOCAL RULE 7.1 (a)(3)</u>

In compliance with Local Rule 7.1(a)(3), Plaintiffs' counsel conferred or attempted to confer with counsel for the Defendants in this Action regarding whether they would oppose the relief requested herein, and certify that Defendants oppose Plaintiffs' requested relief.

---

[3] *See, e.g.*: "A security is a security regardless of whether it is issued, or otherwise represented, offchain or onchain. All devices and instruments that have the economic characteristics of a security are securities regardless of format or label."

Dated: April 23, 2026              Respectfully submitted,

<table>
<tr>
<td>

**By:** */s/ Adam Moskowitz*
Adam M. Moskowitz
Florida Bar No. 984280
Joseph M. Kaye
Florida Bar No. 117520
**THE MOSKOWITZ LAW FIRM, PLLC**
Continental Plaza
3250 Mary Street, Suite 202
Coconut Grove, FL 33133
Office: (305) 740-1423
adam@moskowitz-law.com
joseph@moskowitz-law.com
service@moskowitz-law.com

*Co-Lead MDL Counsel*

</td>
<td>

**By:** */s/ David Boies*
David Boies
Alexander Boies
Brooke A. Alexander
**BOIES SCHILLER FLEXNER LLP**
333 Main Street
Armonk, NY 10504
914-749-8200
dboies@bsfllp.com
aboies@bsfllp.com
balexander@bsfllp.com

*Co-Lead MDL Counsel*

Laurence D. King
Matthew B. George
Clarissa Olivares
**KAPLAN FOX & KILSHEIMER LLP**
1999 Harrison Street, Suite 1560
Oakland, CA 94612
Telephone: (415) 772-4700
*lking@kaplanfox.com*
*mgeorge@kaplanfox.com*
*colivares@kaplanfox.com*

Frederic S. Fox
Joel B. Strauss
**KAPLAN FOX & KILSHEIMER LLP**
800 Third Avenue, 38th Floor
New York, NY 10022
Telephone: 212-687-1980
*ffox@kaplanfox.com*
*jstrauss@kaplanfox.com*

*Plaintiffs' Steering Committee Member*

</td>
</tr>
</table>

- 9 -

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on April 23, 2026, a true and correct copy of the foregoing was filed electronically with the Clerk of the Court, by using the CM/ECF system which will send an electronic notification of such filing to all counsel of record.

By: */s/ Adam M. Moskowitz*
Adam M. Moskowitz