**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**
**MIAMI DIVISION**
MDL No. 3076
Case No. 1:23-md-03076-KMM

**IN RE:**
**FTX Cryptocurrency Exchange Collapse Litigation**

_____

This document relates to:

     ALL ACTIONS

_____/

**_UNOPPOSED_ MOTION OF PLAINTIFFS AND FENWICK & WEST LLP FOR FINAL EXTENSION OF TIME TO FILE OMNIBUS MOTION FOR PRELIMINARY APPROVAL OF FTX GLOBAL CLASS ACTION SETTLEMENTS**

Since the Court entered its April 20, 2026 Order (ECF No. 1085), Plaintiffs and Defendant Fenwick & West LLP have worked diligently to finalize their proposed class settlement agreement in anticipation of Plaintiffs' motion to seek preliminary approval of the Second Tranche of FTX Global Settlements, and for permission to move forward with Notice on the First and Second Tranche of FTX Global Settlements.

The only obstacle is a series of eleventh-hour filings by the so-called Lucky D Plaintiffs, which have disrupted the completion of the Second Tranche of FTX Global Settlements. The Lucky D Plaintiffs have spent months attempting to disrupt and leverage these settlement proceedings. As reflected on the docket, they have filed repeated motions to intervene, motions to adopt and join filings, supplemental briefs, amended motions, and responses opposing prior extension requests. _See_ ECF Nos. 1007, 1020–22, 1030–31, 1035, 1051, 1062, 1066–68, 1081, 1086. Their conduct follows a clear pattern: when they were unable to obtain special treatment within this MDL, they began filing parallel lawsuits in other courts arising from the same underlying facts.

Earlier in this MDL, the Lucky D Plaintiffs filed a separate action against Prager Metis that was transferred into this MDL and stayed along with the other coordinated proceedings. *See* ECF No. 334. Rather than litigate within the orderly structure this Court established, they recently filed yet another action outside this MDL in an apparent effort to evade the stay and increase pressure on settling parties.

Most recently, on May 13, 2026—just two days before the present deadline—Lucky D and nineteen additional plaintiffs filed a new $525 million lawsuit in the United States District Court for the District of Columbia against Fenwick and several of its current and former attorneys. *Byers, et al. v. Fenwick & West LLP, et al.*, No. 26-cv-01651, ECF No. 1 (D.D.C. May 13, 2026). The complaint asserts that the plaintiffs are not bound by any settlement bar order in this MDL and that all Rule 24 rights are reserved.

The filing is particularly problematic because the Lucky D Plaintiffs have repeatedly refused requests from MDL Plaintiffs to provide basic information substantiating that they are even FTX customers, much less members of the proposed Settlement Class. They have declined to provide full names, account identifiers, transaction records, or other objective evidence of their asserted claims. Instead—in violation of the Local Rules of the District Court[1]—their latest complaint lists only partial names and conclusory loss allegations, including a single sentence asserting that "Junhao" allegedly suffered losses "in excess of USD $500,000,000." Despite making sweeping demands for individualized carve-outs and special treatment, they have refused to provide the minimal information necessary to verify their standing or evaluate their purported

---

[1] Local Civil Rule 5.1(c)(1) for the U.S. District Court for the District of Columbia states: "The first filing by or on behalf of a party shall have in the caption the name and full residence address of the party. If the party does not wish its full residence address to appear on the public docket, it shall omit the address and simultaneously file under seal a notice containing its full address, which notice shall be available only to the Court and the opposing party."

interests. Indeed, upon learning of the lawsuit, Fenwick's counsel asked the Lucky D Plaintiffs' counsel to provide identifying information about the Lucky D Plaintiffs, consistent with the Local Rules of the District Court in which they filed their complaint. *See supra*, n.1. Lucky D's counsel acknowledged their obligations under the Local Rule but declined to provide identifying information about their clients.[2] In light of this latest filing by the Lucky D Plaintiffs, additional time is needed to analyze the potential impact of the new allegations and the Lucky D Plaintiffs' express attempt to avoid the effects of the settlements contemplated by the omnibus preliminary approval papers.

The timing and structure of the Lucky D Plaintiffs' latest filing leave little doubt as to its purpose. After unsuccessfully attempting to secure bespoke carve-outs and preferential treatment in this Court, the Lucky D Plaintiffs have launched serial collateral attacks designed to create uncertainty around the very settlements that are poised to deliver substantial recoveries to hundreds of thousands of class members. In practical effect, these efforts appear calculated to gain leverage over the settling parties by threatening to complicate or thwart the settlement process.

Plaintiffs and Fenwick jointly request the Court (1) to grant a short extension of seven days, through Friday, May 22, 2026, to allow them to analyze these new developments before proceeding with filing the Second Tranche of settlements, and (2) to grant such further relief as the Court deems appropriate to prevent additional disruption to these settlement proceedings. This

---

[2] This lack of transparency has not gone unnoticed by other courts. On May 13, 2026, in a parallel action filed by many of the same individuals in the District of New Jersey, the Honorable Stanley R. Chesler entered an Order to Show Cause directing the plaintiffs to demonstrate why that case should not be dismissed for lack of subject matter jurisdiction. *See* **Exhibit A**. The court specifically noted that the complaint failed to provide basic information regarding the citizenship of several purported entity plaintiffs, preventing the court from determining whether diversity jurisdiction exists. In other words, another federal court reviewing substantially the same plaintiffs was immediately confronted with threshold questions about who these claimants are and whether their allegations are sufficiently substantiated to invoke federal jurisdiction.

request is based on precisely the kind of compelling and unforeseen circumstances contemplated by the Court's April 20, 2026 Order. Plaintiffs and Fenwick have worked earnestly to meet the current deadline. But the Court should not allow serial, last-minute collateral filings to jeopardize settlements that will provide substantial and immediate benefits to the Settlement Class.

## CERTIFICATE OF COMPLIANCE WITH LOCAL RULE 7.1 (a)(3)

In compliance with Local Rule 7.1(a)(3), Plaintiffs' counsel certify they have conferred with counsel for Prager Metis and Udonis Haslem in a good faith effort to resolve any issues raised in this motion and are authorized to state that none oppose the relief sought in this motion.

Dated: May 15, 2026,                              Respectfully submitted,

By: */s/ David Boies*
David Boies
Alex Boies
Brooke Alexander
**BOIES SCHILLER FLEXNER LLP**
333 Main Street
Armonk, NY 10504
Office: (914) 749-8200
dboies@bsfllp.com
aboies@bsfllp.com
balexander@bsfllp.com

By: */s/ Adam Moskowitz*
Adam M. Moskowitz
Florida Bar No. 984280
Joseph M. Kaye
Florida Bar No. 117520
**THE MOSKOWITZ LAW FIRM, PLLC**
Continental Plaza
3250 Mary Street, Suite 202
Coconut Grove, FL 33133
Office: (305) 740-1423
adam@moskowitz-law.com
joseph@moskowitz-law.com
service@moskowitz-law.com

*Co-Lead Counsel for Plaintiffs*

*/s/Michael J. Holecek*
MICHAEL J. HOLECEK
KEVIN S. ROSEN (pro hac vice)
krosen@gibsondunn.com
MICHAEL J. HOLECEK
mholecek@gibsondunn.com
**GIBSON, DUNN & CRUTCHER LLP**
333 South Grand Avenue
Los Angeles, CA 90071
Tel: (213) 229-7000
Fax: (213) 229-7520

*Counsel for Defendant Fenwick & West LLP*

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the forgoing was filed on May 15, 2026, via the Court's CM/ECF system, which will send notification of such filing to all attorneys of record.

By: */s/ Adam Moskowitz*

Adam Moskowitz