# Exhibit 1

# Exhibit 1A

# SETTLEMENT AGREEMENT

This Class-Action Settlement Agreement (the "**Settlement Agreement**") is entered into as of May 14, 2026 (the "Settlement Date"), between and among, on the one hand Plaintiffs Brandon Orr, Leandro Cabo, Ryan Henderson, Michael Livieratos, Alexander Chernyavsky, Gregg Podalsky, Vijeth Shetty, Chukwudozie Ezeokoli, Michael Norris, Edwin Garrison, Shengyun Hyuang, Julie Papadakis, and Kyle Rupprecht (together, the "Plaintiffs" or "**Class Representatives**"), on behalf of themselves and all others similarly situated (the "**Class**"); and, on the other hand, Prager Metis CPAs, LLC and its affiliates ("**Prager**") (collectively, the "**Parties**").

# RECITALS

**WHEREAS,** the FTX Recovery Trust is the successor in interest to FTX Trading Ltd. ("**FTX Trading**");

**WHEREAS,** Prager provided auditing services to FTX Trading;

**WHEREAS,** FTX Trading subsequently filed a voluntary petition for relief under Chapter 11 of the Bankruptcy Code with the United States Bankruptcy Court for the District of Delaware in the case captioned *In re FTX Trading Ltd.*, Case No. 22-11068 (JTD) (Bankr. D. Del.);

**WHEREAS,** the Plaintiffs and others commenced numerous lawsuits against Prager in connection with the auditing services Prager performed for FTX Trading between November 23, 2022 and June 9, 2023, including: *Pierce v. Samuel Bankman-Fried, et al.*, Case No. 3:22-cv-07444-JSC (N.D. Cal.); *Hawkins v. Samuel Bankman-Fried, et al.,* Case No. 3:22-cv-07620-JSC (N.D. Cal.); *Papadakis v. Samuel Bankman-Fried, et al.,* Case No. 3:23-cv-00024-JSC (N.D. Cal.); *O'Keefe v. Sequoia Capital Operations, LLC, et al.,* Case No. 1:23-cv-20700-JEM (S.D. Fla.); *Siskind v. Sequoia Capital Operations, LLC, et. al.*, Case No. 1:23-cv-22144-KMM (S.D. Fla.); *Cabo v. Sequoia Capital Operations, LLC, et. al.*, Case No. 3:23-cv-02222-JSC (N.D. Cal.); and *Lucky D., et al. v. Prager Metis LLP, et al.*, Case No. 2:23-000389 (D. N.J.);

**WHEREAS,** all civil lawsuits against Prager which arose from Prager's interactions with FTX Trading were consolidated and transferred by The Judicial Panel on Multidistrict Litigation into *In re: FTX Cryptocurrency Collapse Litigation* (S.D. Fl.), Case No. 1:23:md-03076-KMM (the "**FTX MDL**");

**WHEREAS,** the Class Representatives filed an Administrative Complaint in the FTX MDL consolidating their claims against Prager for, *inter alia*, professional negligence, fraudulent concealment, negligent misrepresentation, intentional misrepresentation, fraud, civil conspiracy, aiding and abetting fraud, aiding and abetting breaches of fiduciary duty, aiding and abetting conversion, and violations of various state statutes, which claims have been consolidated in Multi-District Litigation in the Southern District of Florida captioned *In re FTX Cryptocurrency Exchange Collapse Litigation*, Case No. 1:23-md-03076-KMM (S.D. Fla (Dkt. 158) (the "Prager Litigation");

**SETTLEMENT AGREEMENT**                                                                                           **PAGE 1**

**WHEREAS,** Prager moved to dismiss the Prager Litigation on September 21, 2023 (Dkt. 281), the putative Class opposed on November 6, 2023 (Dkt. 354), Prager replied on December 6, 2023 (Dkt. 399), and in light of the Parties' Joint Notice of Proposed Settlement with Defendant Prager Metis LLC (Dkt. 998), and on October 15, 2025, the Court denied that motion to dismiss as to Prager as moot ;

**WHEREAS,** the Parties have been engaged in good-faith, arm's-length negotiations to resolve the Prager Litigation, including before a third-party neutral; and

**WHEREAS,** to avoid the expense, inconvenience, and uncertainty of continued litigation, the Parties have agreed to resolve all pending and potential claims and interests that the Parties have or could have against one another arising out of, connected with, or in any way relating to the Prager Litigation according to the terms herein.

**NOW THEREFORE**, in consideration of the mutual promises and covenants contained herein, the Parties agree to the following terms and conditions:

## AGREEMENT

1.    **Recitals**

The Parties acknowledge that the foregoing recitals are true and correct and are incorporated into this Agreement by reference as though fully set forth herein.

2.    **Submission and Application to the Court**

Because the Prager Litigation is a putative class action, it cannot be settled without the approval of the Court, which must analyze this Settlement Agreement against the prerequisites of Federal Rule of Civil Procedure 23 ("**Rule 23**"). Accordingly, and consistent with the timeframes and protocol set forth below, Plaintiffs shall file with the Court a motion seeking the entry of an order granting preliminary approval of this Settlement Agreement ("**Preliminary Approval**"), which shall include provisions that:

a.    Preliminarily approve the Settlement Agreement as within the range of what is reasonable;

b.    Certify the Class for the purpose of effectuating the Settlement Agreement;

c.    Appoint an entity to assist with creating and disseminating notice, approve the Notice Plan, and provide for the dissemination of a Notice of Proposed Settlement of Class Action and Final Approval Hearing (the "Notice"), including, if appropriate and necessary, a short form notice (published) and a long form notice (mailing/web);

d.    Provide that the distribution of the Notice substantially in the manner set forth in the motion seeking Preliminary Approval as outlined in the Notice Plan constitutes

**SETTLEMENT AGREEMENT**                                                      **PAGE 2**

the best notice practicable under the circumstances, meets the requirements of applicable law and Due Process, is due and sufficient notice of all matters relating to the Settlement Agreement and the proceedings, and fully satisfies the requirements of Rule 23; and

e.   Inform the Class that a final approval hearing ("Final Approval Hearing") will be held to determine whether the Court should:

   i.   enter an Order and Final Judgment granting final approval of the Settlement Agreement pursuant to Rule 23 as fair, reasonable, adequate, and in the best interests of the Class, and approving the requested complete bar order and permanent injunction;

   ii.   enter an order awarding counsel for Plaintiffs and the Class ("Class Counsel," as further herein defined) their reasonable attorneys' fees and costs and expenses and awarding General Release Payments to Plaintiffs;                                                                              and

   iii.   hear all such other matters as the parties and the Court may deem necessary and appropriate.

Plaintiffs may seek an interim stay of implementation after issuance of the Preliminary Approval Order in keeping with past orders provided by the Court to facilitate the consolidation of settlements into larger tranches for Notice, and to facilitate coordination with the FTX Recovery Trust for distribution purposes.

**3.   Notice**

a.   The Parties agree that Co-Lead Class Counsel, along with the Court-approved notice provider, shall be responsible for overseeing the process of providing the Notice and administering the Settlement Agreement. Class Counsel, however, may retain a company that specializes in class-action administration and class action notices to perform settlement administrative functions and disseminate notice to the Class. Alternatively, at Co-Lead Class Counsel's discretion, Class Counsel may retain the services of FTX Recovery Trust to provide those functions pursuant to the Global Resolution (Dkt. 765). In addition to payment of class members claims, and Court awarded fees and costs, the Parties further agree that the settlement Consideration (defined below) may be utilized to pay all reasonable costs and expenses incurred in providing the Notice and administering the Settlement Agreement.

The objective of the Notice is to provide the best notice practicable of the Settlement to members of the Settlement Class as defined in the Settlement Agreement and to enhance Class Members' awareness about their rights and the benefits available under the Settlement. The Notice will contain a description of the Settlement Agreement and afford affected parties the opportunity to have access to all the settlement-related papers. The Notice and the plan for dissemination of the notice shall be the legal notice to be provided to the Class Members and shall otherwise comply with Rule 23 and any other applicable

statutes, laws, and rules, including the Due Process Clause of the United States Constitution. Before preliminary approval, the Plaintiffs shall submit to the Court a notice plan. The notice plan shall comply with Rule 23 of the Federal Rules and Due Process with respect to the content of the notice and the dissemination of the notice. The notice plan shall provide for an English version (and other language versions) of the Notice and relevant documents on a settlement website. The English version shall prevail in case of any conflicts with respect to any other languages of the notice(s) The Notice Plan will outline the dissemination of the notice, including both long-form (for mailing and the website) and short-form notices (for publication), and provide for the best practical notice. The notice will provide information regarding the settlement, including any relevant deadlines regarding the settlement, opt-out and objection rights, Court filings and Court hearings, including the Fairness hearing, as well as a neutral and concise description of the settlement. Notice will be placed in various publications, in print and/or on the internet/settlement website, including but not limited to the *Wall Street Journal.* The notice plan will allow for the creation and publication of a settlement website that shall post copies of all relevant settlement documents and copies of relevant documents filed with the Court. Notice will comply with the foregoing, unless otherwise recommended by the notice provided in terms of content, dissemination, and deadlines for notice.

b.  The notice plan shall be implemented as soon as practical upon the Court's approval of the proposed settlement and the notice plan, including publication of the notice on the settlement website. The Plaintiffs shall direct the notice provider to comply with the notice requirements under the Class Action Fairness Act, 28 U.S.C. § 1715. The notice shall provide contact information regarding any inquiries from Class members.

## 4.  Order and Final Judgment

Once the Court approves the Preliminary Approval Order, in accordance with the timelines outlined in the Preliminary Approval Order, Plaintiffs shall timely file all documents relevant to seeking entry by the Court of the  Order and Final Judgment (**"Final Approval"**). While the Court ultimately has control over the form and content of its own orders, the Parties contemplate that the Order and Final Judgment shall:

**a.**  approve the Settlement Agreement, adjudge the terms thereof to be fair, reasonable, adequate, and in the best interests of the Class, and direct consummation of the Settlement Agreement in accordance with its terms and conditions and approval of Plaintiffs' proposed claim form/claims process;

**b.**  determine that the requirements of Rule 23 and due process have been satisfied in connection with both the certification of the Class and the provision of notice of the Settlement;

**c.**  approve the dismissal with prejudice of all claims pled against Prager in the FTX MDL and all actions against Prager which were transferred into the FTX MDL, including, without limitation, the Administrative Complaint and all underlying actions referenced therein;

**SETTLEMENT AGREEMENT**                                                   **PAGE 4**

**d.**    enter the requested releases, complete bar order, and permanent injunction;

**e.**    award Class Counsel their reasonable attorneys' fees and costs and expenses;

**f.**    award Plaintiffs their General Release Payments; and

**g.**    reserve continuing jurisdiction over the Prager Litigation, including to supervise the consummation, implementation and administration of the Settlement Agreement.

**5.    Effective Date**

The Settlement Agreement shall be deemed effective (the "Effective Date") upon:

**a.**    the entry of the Order and Final Judgment approving the Settlement Agreement; and

**b.**    either the expiration of any applicable appeal period for the appeal of the Order and Final Judgment without an appeal having been filed;

or (if an appeal is taken)

**i.**    the entry of an order affirming the Order and Final Judgment and the expiration of any applicable period for the reconsideration, rehearing, review, or appeal of such order without any motion for reconsideration or rehearing or further appeal's having been filed;

or (if a motion for reconsideration or rehearing or further appeal is filed)

**ii.**    the entry of subsequent order affirming the Order and Final Judgment.

**6.    Contingent Protocol if the Settlement Agreement is not Approved.**

In the event the Court does not approve the Settlement Agreement either at the Preliminary Approval or Final Approval stage, or if the Settlement Agreement is terminated according to its terms or does not otherwise take effect upon the Effective Date, then the Settlement Agreement shall be deemed void, *nunc pro tunc*, and the Parties will resume the litigation posture they were in as of the Settlement Date. The Parties, however, intend for this Settlement Agreement to resolve, fully and completely, all claims (and potential claims) that have been brought (or could have been brought) against Prager. As such, the Parties shall endeavor to pursue Preliminary Approval and Final Approval of the Settlement Agreement, cooperate in the pursuit thereof, and take all reasonable efforts to make certain that the Court grants both Preliminary Approval and Final Approval. The Plaintiffs shall return any funds remaining after deduction for any Notice, administrative and relevant costs incurred in providing notice to the class.

**SETTLEMENT AGREEMENT**                                                                 **PAGE 5**

**7.     The Parties Shall Announce the Settlement to the Court**

The Parties shall prepare and submit a joint notice to the Court advising the Court that they have agreed to a Settlement Agreement, and that they will submit a motion seeking Preliminary Approval at the appropriate time (which is addressed below), and the Parties shall cooperate in the drafting thereof. In addition:

a.     The terms of this Settlement Agreement are to be kept strictly confidential unless and until Plaintiffs file a motion seeking Preliminary Approval, and the Parties agree that this confidentiality provision is a material element of this Settlement Agreement and is a part of the consideration for their entering into this Settlement Agreement.

b.     Prior to the filing of a motion seeking Preliminary Approval, the Parties are not to make any public comment regarding the Settlement Agreement. If contacted by the press or otherwise prior to the filing of a motion seeking Preliminary Approval, the Parties are to respond simply: *"no comment."*

c.     But after the filing of a motion seeking Preliminary Approval:

i.     Co-Lead Class Counsel may make all statements in court proceedings as reasonably necessary to advocate in favor of Final Approval; but neither Co-Lead Class Counsel nor any other Class Counsel shall otherwise make any public comments specific to Prager that might injure its image and brand regarding the Settlement Agreement or otherwise disparage it or any other Released Party; and

ii.    Prager may issue a public statement, if it chooses to do so, explaining why it chose to settle the case. Any such public statement shall not disparage Plaintiffs, the Class, or Class Counsel. Prager will use best efforts to ensure its partners and employees comply with this provision.

d.     Notwithstanding any other provision of this Section 7, nothing in this Settlement Agreement shall prevent Prager from determining, in its sole discretion, to make whatever disclosures it believes might be required or appropriate, including in governmental or regulatory filings or to regulators, attorneys, accountants, and insurers.

**8.     Settlement Consideration**

The Parties have agreed to the following terms and consideration to fully resolve the Lawsuit and Dispute:

**SETTLEMENT AGREEMENT**                                                          **PAGE 6**

a. <u>Payment.</u> Within thirty (30) days, of the insurer(s) receiving notice of entry of the Preliminary Approval Order, an executed W-9 from the payee, and full payment and wire instructions, or as otherwise mutually agreed between the Parties, Prager and/or its insurer(s) shall deposit (by wire or ACH transfer) into an interest bearing escrow account at City National Bank of Florida designated by Plaintiffs a total settlement payment of eleven million, seven hundred and fifty thousand dollars ($11,750,000.00) (the "Settlement Amount"). Co-Lead Class Counsel agree to provide an executed W-9 and full, signed payment instructions shortly after the issuance of the Preliminary Approval Order. Prager and/or its insurers will deposit the Settlement Amount in accordance with wire instructions supplied by Plaintiffs in the form of Attachment A.

The Escrow Agent shall be a nationally recognized financial institution or professional escrow provider that maintains bonding and insurance coverage consistent with industry standards for escrow services. The selection of the Escrow Agent shall be subject to the approval of Prager and its insurer(s), which approval shall not be unreasonably withheld.

No portion of the Settlement Amount shall be released, distributed, or otherwise disbursed from escrow prior to the Effective Date, except solely for Court-approved notice and settlement-administration costs. Any such pre-Effective Date disbursements shall be strictly limited to notice and administration expenses and shall be made only pursuant to written instructions consistent with this Settlement Agreement.

If, for any reason, the agreement does not reach its Effective Date, any payments made for the implementation of notice and the website, and other settlement administrative costs, shall not be returned or refunded to the Defendant. All monies remaining in the account, including any interest earned thereon, shall be refunded to Prager's insurers.

b. A single payment of the Settlement Amount shall satisfy Prager's payment obligations under this Settlement Agreement.

c. <u>Cooperation.</u> Prager agrees to comply with its obligations as imposed by the Federal Rules of Civil Procedure.

d. <u>Other Consideration.</u> The Parties' Releases as set forth in Section 14 and the Confidentiality Terms in Section 25 of this Settlement Agreement constitute additional, and material, consideration for this Settlement Agreement.

**9.** **The Class Definition**

For purposes of this Settlement Agreement, "<u>Class</u>" means:

All persons or entities who, from May 1, 2019, to the date on which the Court orders dissemination of notice to the Class, purchased or held legal

**SETTLEMENT AGREEMENT**                                                                                          **PAGE 7**

title to and/or beneficial interest in any fiat or cryptocurrency deposited or invested through an FTX Platform, purchased, or enrolled in a YBA, or purchased FTT.

Excluded from the Class are the FTX MDL Defendants and their officers, directors, affiliates, legal representatives, and employees, the FTX Group and their officers, directors, affiliates, legal representatives, and employees, any governmental entities, any judge, justice, or judicial officer presiding over this matter and the members of their immediate families and judicial staff.

To the extent not otherwise included in the Class, Class Members include customers of the FTX Group who deposited cash and digital assets at either or both the FTX Group's U.S.-based and non-U.S.-based trading platforms and have been unable to withdraw, use, or access the billions of dollars in assets that were contractually required to be held safely in accounts on their behalf.

"Class Counsel" means, collectively, all counsel of record for the Class Members in the FTX MDL, including Co-Lead Class Counsel.

"Class Member" means a person or entity who falls within the definition of the Class as set forth in this section.

"Co-Lead Class Counsel" means Adam Moskowitz of The Moskowitz Law Firm, PLLC, and David Boies of Boies Schiller Flexner LLP.

"FTT" means FTT, the cryptocurrency token minted and distributed by FTX Group.

"FTX Platform" means the mobile application and/or web-based cryptocurrency investment service offered by FTX Trading and its subsidiaries that places cryptocurrency trade orders on behalf of users.

"YBA" means a Yield-Bearing Account offered by FTX Trading and/or FTX US on the FTX Platform.

## 10.     Administration and Distribution of the Settlement

Class Counsel, or their authorized agents, shall administer and calculate the amounts payable to all members of the Class and, after the Effective Date, shall oversee distribution of the Settlement Consideration to all members of the Class. Neither Prager, nor its counsel shall have any responsibility or liability relating to the distribution of the Settlement Consideration. The Consideration (subject to Court approval) may be utilized to pay all reasonable costs and expenses incurred in providing Notice and administering the Settlement Agreement.

## 11.     Objections to the Settlement

**SETTLEMENT AGREEMENT**                                                                 **PAGE 8**

Docusign Envelope ID: 51DF0374-B9CB-8AF4-8262-3525E4C96465

Any Class Member who has not submitted a timely opt-out (see Section 12 below, "Procedures for Requesting Exclusion from Settlement") and who wishes to object to the fairness, reasonableness, or adequacy of the Settlement must send that written objection to Clerk of the United States District Court for the Southern District of Florida, 400 North Miami Avenue, 8th Floor, Miami, FL 33128, and served by first-class or overnight mail and also email on or before the same day of the filing to the addresses listed below:

| |
|---|
| **Adam M. Moskowitz**<br>**Joseph M. Kaye**<br>**THE MOSKOWITZ LAW FIRM, PLLC**<br>**P.O. Box 653409**<br>**Miami, FL 33175**<br>**adam@moskowitz-law.com**<br>**joseph@moskowitz-law.com**<br>**service@moskowitz-law.com** |
| **David Boies**<br>**Alex Boies**<br>**Brooke Alexander**<br>**BOIES SCHILLER FLEXNER LLP**<br>**333 Main Street**<br>**Armonk, NY 10504**<br>**Phone: (914) 749–8200**<br>**dboies@bsfllp.com**<br>**aboies@bsfllp.com**<br>**balexander@bsfllp.com** |
| **Bruce R. Braun**<br>**Joanna R. Travalini**<br>**SIDLEY AUSTIN LLP**<br>**One South Dearborn**<br>**Chicago, IL 60603**<br>**bbraun@sidley.com**<br>**jtravalini@sidley.com** |

For an objection to be valid and considered by the Court, it must be postmarked on or before the "Objection/Exclusion Deadline" set forth in the Class Notices, and state clearly, in writing:

    i.      the objector's full name, current address, and current telephone number;

    ii.     the case name and case number of this action, *In Re: FTX Cryptocurrency Exchange Collapse Litigation*, Case No. 1:23-md-03076-KMM

**SETTLEMENT AGREEMENT**                                                                                           **PAGE 9**

Docusign Envelope ID: 51DF0374-B9CB-8AE4-8262-3525E4C96465

iii.    include documentation or attestation sufficient to establish membership in the Class;

iv.    be signed by the Class Member filing the objection (an attorney's signature will not suffice);

v.    the identity of any counsel representing the objector, including any current or former counsel who may be entitled to compensation for any reason related to the objection;

vi.    state, in detail, each objection the Class Member is raising and the specific legal and factual grounds for each objection, identifying all documents which the Class Member asks the Court to consider;

vii.    whether the objection is intended to apply only to the objector, to a specific subset of the Class, or to the entire Class;

viii.    state any objections filed by the objecting Class Member or his, her, its counsel, in the last seven years (case name, name of court, and result of objection);

ix.    attach any document the Court should review in considering the objection and ruling on the motion for final approval of the Settlement;

x.    provide dates of availability to Co-Lead Class Counsel for the objecting Class Member's in-person deposition in Miami, Florida, USA;

xi.    a list of all persons (whether *pro se* or through representation) who may testify and/or argue at the Final Approval Hearing; and

xii.    if the objecting Class Member intends to appear at the Final Approval Hearing, a Notice of Intention to Appear at the Final Approval Hearing.

All evidence and legal support a Class Member wishes to use to support an objection must be submitted before the Objection/Exclusion Deadline, and sent to all parties identified above, postmarked on or before the Objection/Exclusion Deadline. Any objection that does not meet all of these requirements will be deemed invalid and will be overruled by the Court.

Response to Objections: Co-Lead Class Counsel and Prager's counsel (if they so choose) shall, at least ten (10) business days (or such other number of days as the Court shall specify) before the Final Approval Hearing, file any responses to any written objections submitted to the Court by Class Members in accordance with this Agreement.

No Solicitation of Settlement Objections: The Parties agree to use their best efforts to carry out the terms of this Settlement. At no time will any of the Parties or their counsel, directly or indirectly seek to solicit or otherwise encourage any Class Member to object to the settlement or encourage any Class Member to appeal from the final judgment.

Except for Class Members who opt-out of the Settlement (see Section 12), all Class Members will be deemed to be members of the Settlement Class for all purposes under this

**SETTLEMENT AGREEMENT**                                                      **PAGE 10**

Agreement, the Final Approval Order, and the Releases set forth in this Agreement and, unless they have timely and validly asserted an objection to the Settlement, shall be deemed to have waived all objections and opposition to the Settlement's fairness, reasonableness, and adequacy.

## 12. Procedures for Requesting Exclusion from Settlement

As set forth below, Class Members shall have the right to request exclusion from (i.e., opt-out of) the Settlement. Any Class Member who wishes to be excluded from the Class must:

i. Mail a written, personally signed, and dated "request for exclusion" to the Settlement Administrator at the address provided in the Class Notice stating that he or she is opting out of the Settlement and understands that he or she will not receive Class Member benefits from the Settlement of the Action;

ii. Mail sufficiently in advance to be received by the Settlement Administrator no later than the Objection/Exclusion Deadline;.

iii. Include within the written request for exclusion (a) a caption or title that identifies it as "Request for Exclusion in In re FTX Cryptocurrency Exchange Collapse Litigation"; (b) include the Class Member's name, current mailing and email addresses, and current contact telephone number; (c) specify that he or she wants to be "excluded from the Class"; (d) provide all of the additional information specified in the Class Notice; and (e) be personally signed by the Class Member. The requirements for submitting a timely and valid request for exclusion shall be set forth in the Class Notice.

A single written request for exclusion submitted on behalf of more than one potential Class Member will be deemed invalid; provided, however, that an exclusion received from one Class Member will be deemed and construed as a request for exclusion by all co-account holders.

Unless excluded by separate Order entered by the Court for good cause shown prior to the final approval of this Settlement, any Class Member who fails to strictly comply with the procedures set forth in this section for the submission of written requests for exclusion will be deemed to have consented to the jurisdiction of the Court, will be deemed to be part of the Class, and will be bound by all subsequent proceedings, orders, and judgments in the Action, including, but not limited to, the Releases, even if he or she has litigation pending or subsequently initiates litigation against Prager or any other Released Party relating to the Released Claims (as defined below).

The Settlement Administrator shall file with the Court, no later than ten (10) days before the Fairness Hearing, a list reflecting all requests for exclusion it has received. The list shall also identify which of those requests for exclusion were received late, and which requests for exclusion failed to comply with the requirements of this section 12.

Class Members who exclude themselves from the Class as set forth in this section expressly waive any right to the continued pursuit of any objection to the Settlement or to otherwise pursue any objection, challenge, appeal, dispute, or collateral attack to this Agreement or the Settlement,

**SETTLEMENT AGREEMENT**                                                        **PAGE 11**

including: to the Settlement's fairness, reasonableness, and adequacy; to the appointment of Co-Lead Class Counsel and Plaintiffs as the representatives of the Class; to any award of Attorneys' Fee and Expense and/or Plaintiffs' General Release Payments; and to the approval of the Notice and the procedures for disseminating the Notice to the Class.

Without limiting any other rights under this Agreement, Prager may unilaterally withdraw from and terminate this Agreement if opt-outs are received from potential Class Members in an amount that equals or exceeds the Termination Threshold as set out in the Parties' Supplemental Agreement.

### 13.    Attorneys' Fees and Costs

The Parties hereby stipulate and agree that:

**a.**    Co-Lead Class Counsel may petition the Court for an award of Attorneys' Fees in an aggregate amount not to exceed thirty-three percent (33%) of the Settlement Consideration and for expenses. Co-Lead Class Counsel shall file their motion for an Attorneys' Fees and Expenses award no later than fourteen (14) days before the Objection/Exclusion Deadline. As soon as is practicable after filing said request, Co-Lead Class Counsel shall cause the Settlement Administrator to post on the Settlement Website all papers filed and served in support of Co-Lead Class Counsel's motion for an award of Attorneys' Fees and Expenses.

**b.**    All attorneys' fees for, and any reimbursement of litigation expenses incurred by, Class Counsel shall be paid out of the Settlement Consideration. Other than making available the Settlement Consideration pursuant to the requirements herein, Prager shall have no responsibility for, and no liability whatsoever with respect to, any payment of attorneys' fees or expenses to Co-Lead Class Counsel, any other Class Counsel, and/or Plaintiffs, which amounts Class Counsel and Plaintiffs shall seek to have paid only from the Settlement Consideration.

**c.**    Co-Lead Class Counsel is solely responsible for distributing any Attorneys Fees and Expenses to and among all class counsel in the Prager Litigation.

**d.**    Within fifteen (15) days after the later of (a) the Effective Date or (b) receipt of wire Instructions from Co-Lead Class Counsel, whichever is later, the Settlement Administrator shall pay Co-Lead Class Counsel from the Settlement Consideration any Attorneys' Fees and Expenses and General Release Payments that may be awarded by the Court. Co-Lead Class Counsel shall be solely responsible for supplying the Settlement Administrator with all information required by the Settlement Administrator in order to pay such awards from the Settlement Consideration and to comply with the Settlement Administrator's state and local reporting obligations. Co-Lead Class Counsel will also be solely responsible for distributing such General Release Payments to Plaintiffs, in accordance with the terms and provisions of any Order entered by the Court approving such awards. Prager will have no responsibility or liability for the General Release Payments.

**SETTLEMENT AGREEMENT**                                                              **PAGE 12**

e.     In the event the Final Order and Judgment are not entered, or this Agreement and the Settlement do not reach the Effective Date, Prager will not be liable for, and shall be under no obligation to pay, the Settlement Consideration or any of the Attorneys' Fees and Expenses and General Release Payments set forth herein and described in this Agreement, except for previously expended funds on the implementation of the notice and settlement administration incurred before the Effective Date.

f.     The effectiveness of this Agreement and Settlement will not be conditioned upon or delayed by the Court's or any appellate court's failure to approve in whole or in part any petition by Plaintiffs and Class Counsel for Attorneys' Fees and Expenses and General Release Payments. The denial, downward modification, or failure to grant any petition by Plaintiffs and Class Counsel for Attorneys' Fees and Expenses and General Release Payments shall not constitute grounds for modification or termination of this Agreement or the Settlement proposed herein.

## 14.     Releases

### a. General Release

Save and except only those obligations expressly owed by Prager under this Settlement Agreement, Plaintiffs (including all plaintiffs from any actions against Prager which were transferred into the FTX MDL, except any plaintiff that timely opts-out) and the Class, including each and every Class Member and their related Releasing Parties, hereby now and forever release, remise, acquit, satisfy, and discharge Prager, as well as all its current and former agents, affiliates, predecessors, successors, executors, assigns, spouses, family members, heirs, employees, legal representatives, attorneys, trustees, third-party claims administrators, insurers, reinsurers, and related entities, and the current and former officers, directors, partners, employees, professionals, attorneys, agents, and representatives of any and all of them (collectively with Prager, the "**Released Parties**"), from any and all claims, causes of action (whether claims, counter-claims, cross-claims, third-party claims, or otherwise), lawsuits, demands, contributions, indemnities, apportionments, duties, debts, sums, suits, omissions, covenants, contracts, controversies, agreements, promises, commitments, compensation, damages, expenses, fees, and costs whatsoever, in law or equity, whether arising under state, federal, foreign, common, or administrative law or otherwise, whether direct, derivative, representative, or in any other capacity, whether ***known or unknown, accrued or unaccrued***, contingent or absolute, asserted or unasserted, suspected or unsuspected, disclosed or undisclosed, hidden or concealed, matured or unmatured, that concern or in any way relate to or arise out of (a) the allegations in the Consolidated Action or its underlying actions, (b) any other claims relating to the FTX Group, the FTX Platform, YBAs, and/or FTT, (c) any internet posts or other statements by Prager concerning, referring to, or relating to the FTX Group, its affiliates, or the FTX Platform, and/or (d) the defense or settlement of the Consolidated Action or its underlying actions, the FTX MDL, the provision of notice in connection with the Settlement, and the resolution of any claims for Settlement relief (collectively, the "**Released Claims**"); *provided, however,* that nothing in this section shall release any claim to enforce the terms of this Settlement Agreement if it becomes effective on the Effective

**SETTLEMENT AGREEMENT**                                                      **PAGE 13**

Docusign Envelope ID: 51DF0374-B96B-8AF4-8262-3525E4C96465

Date. Plaintiffs have not assigned, and shall not assign, any claims that have been brought, or could be brought, against Prager to any person or entity, including any person or entity with standing to bring suit in the aforementioned Bankruptcy Proceedings – *i.e., In re: FTX Trading Ltd., et al.,* United States Bankruptcy Court, District Court of Delaware Case No. 22-11068 (JTD) – or in any associated case.

i. In connection with the foregoing release provisions (the "**Releases**"), Plaintiffs, the Class, and the other Releasing Parties shall be deemed, as of the entry of the Final Judgment, to have waived any and all provisions, rights, and benefits conferred by California Civil Code § 1542 (and any statute, rule, or legal doctrine similar, comparable, or equivalent to it), which provides: "A general release does not extend to claims that the creditor or releasing party does not know or suspect to exist in his or her favor at the time of executing the release and that, if known by him or her, would have materially affected his or her settlement with the debtor or released party." To the extent anyone might argue that California Civil Code § 1542 or any similar, comparable, or equivalent statute, rule, or legal doctrine is applicable – notwithstanding the Parties' choice of Florida law to govern this Settlement Agreement – Plaintiffs, the Class, and Class Counsel hereby agree, and each Class Member and other Releasing Party will be deemed to agree, that the provisions of all such principles of law or similar federal or state laws, rights, rules or legal principles, to the extent they are found applicable herein, are hereby knowingly and voluntarily waived, relinquished, and released. Plaintiffs and Class Counsel recognize, and each Class Member and other Releasing Party will be deemed to recognize, that, even if they might later discovery facts in addition to or different from those that they now know or believe to be true, they nevertheless agree that, upon entry of the Final Judgment, they fully, finally, and forever settle and release any and all Released Claims. The Parties acknowledge that the foregoing Releases were bargained for and are material elements of this Settlement Agreement.

ii. "**Releasing Parties**" means Plaintiffs (including all plaintiffs from all lawsuits against Prager which were transferred into the FTX MDL) and the Class, including each and every Class Member, and their current and former predecessors, successors, assigns, assignors, representatives, attorneys (including Class Counsel and Co-Lead Class Counsel), agents, officers, directors, employees, affiliates, advisors (including investment advisors), family members, estates, trustees, insurers, reinsurers, and related entities, heirs, next of kin, beneficiaries, executors, and administrators, and any natural, legal or juridical person or entity that is entitled or claims to be entitled to assert any claim on behalf of any Class Member.

For avoidance of doubt, Releasing Parties are not releasing through this Settlement Agreement any claims against any of the MDL Defendants—or any other parties—other than the Released Parties. In addition, through this Settlement Agreement, Plaintiffs are not releasing any claims, including claims to entitlement of funds, available through the voluntary petition for relief under Chapter 11 of the Bankruptcy Code filed with the United States Bankruptcy Court for the District of Delaware in the case captioned *In re FTX Trading Ltd.*, Case No. 22-11068 (JTD) (Bankr. D. Del.).

**b. Release by Prager**

SETTLEMENT AGREEMENT                                                                                          PAGE 14

Prager, on behalf of itself and its shareholders, board, members, partners, managers, officers, directors, employees, affiliates, parents, subsidiaries, predecessors, successors, and assigns, fully and irrevocably waives, releases, and discharges Plaintiffs, successors, and assigns, and Class Counsel, from any and all claims, causes of action, suits, debts, agreements, obligations, promises, judgments, demands, or other liabilities of whatever kind or nature in law or equity or otherwise (including without limitation, claims for damages, costs, expenses, and attorneys' and accountants' fees and expenses) existing as of the Execution Date of this Settlement Agreement, regardless of whether such allegations or claims relate to the Trust Claims. Notwithstanding the foregoing this release does not release Plaintiffs of their obligations under this Settlement Agreement.

## 15.     No Admission of Wrongdoing

This Settlement Agreement, whether consummated or not, and any proceedings taken pursuant to it:

    **a.**    shall not be offered or received against Prager as evidence of, or construed as or deemed to be evidence of, any presumption, concession, or admission by Prager with respect to the truth of any fact alleged by Plaintiffs or the validity of any claim that was or could have been asserted against Prager in the action or in any litigation, or of any liability, negligence, fault, or wrongdoing of Prager;

    **b.**    shall not be offered or received against Prager as evidence of a presumption, concession, or admission of any fault, misrepresentation, or omission with respect to any statement or written document approved or made by Prager, or against Plaintiffs or any other members of the Class;

    **c.**    shall not be offered or received against Prager as evidence of a presumption, concession, or admission with respect to any liability, negligence, fault, or wrongdoing, or in any way referred to for any other reason in any other civil, criminal, or administrative action or proceeding, other than such proceedings as may be necessary to effectuate the provisions of this Settlement Agreement; provided, however, that if the Settlement Agreement is approved by the Court, Prager may refer to it to effectuate the liability protection granted to it hereunder; and

    **d.**    shall not be considered against Prager as an admission or concession that the consideration to be given hereunder represents the amount that could be or would have been recovered after trial.

## 16.     Entire Agreement; No Oral Modifications

The Settlement Agreement sets forth the entire agreement among the Parties as to their subject matter and may not be altered or modified except by a written instrument executed by all Parties' counsel. The Parties expressly acknowledge that there are no agreements, arrangements, or understandings among or between them concerning the settlement of the Consolidated Action

**SETTLEMENT AGREEMENT**                                                                                                  **PAGE 15**

other than those expressed in the Settlement Agreement, and no Party has relied on any representation or warranty not set forth expressly in those agreements.

## 17.    Bar Order

Plaintiffs shall request that any Order and Final Judgment entered in this action include a Complete Bar Order provision stating:

a.    Except any person or entity that timely opts-out, any and all persons and entities are permanently barred, enjoined, and restrained from commencing, prosecuting, or asserting any claim against any Released Party arising under any federal, state, or foreign statutory or common-law rule, however styled, whether for indemnification or contribution or otherwise denominated, including claims for breach of contract or for misrepresentation, where the claim is or arises from a Released Claim and the alleged injury to such person or entity arises from that person's or entity's alleged liability to the Class or any Class Member, including any claim in which a person or entity seeks to recover from any of the Released Parties (i) any amounts that such person or entity has or might become liable to pay to the Class or any Class Member and/or (ii) any costs, expenses, or attorneys' fees from defending any claim by the Class or any Class Member. All such claims are hereby extinguished, discharged, satisfied, and unenforceable, subject to a hearing to be held by the Court, if necessary. The provisions of this subparagraph are intended to preclude any liability of any of the Released Parties to any person or entity for indemnification, contribution, or otherwise on any claim that is or arises from a Released Claim and where the alleged injury to such person or entity arises from that person's or entity's alleged liability to the Class or any Class Member; provided, however, that, if the Class or any Class Member obtains any judgment against any such person or entity based upon, arising out of, or relating to any Released Claim for which such person or entity and any of the Released Parties are found to be jointly liable, that person or entity shall be entitled to a judgment credit equal to an amount that is the greater of (i) an amount that corresponds to such Released Party's or Released Parties' percentage of responsibility for the loss to the Class or Class Member or (ii) the amount paid by or on behalf of Prager to the Class or Class Member for common damages, unless the court entering such judgment orders otherwise.

b.    Each and every Released Party is permanently barred, enjoined, and restrained from commencing, prosecuting, or asserting any claim against any other person or entity (including any other Released Party) arising under any federal, state, or foreign statutory or common-law rule, however styled, whether for indemnification or contribution or otherwise denominated, including claims for breach of contract and for misrepresentation, where the claim is or arises from a Released Claim and the alleged injury to such Released Party arises from that Released Party's alleged liability to the Class or any Class Member, including any claim in which any Released Party seeks to recover from any person or entity (including another Released Party) (i) any amounts that any such Released Party has or might become

**SETTLEMENT AGREEMENT**                                                                    **PAGE 16**

liable to pay to the Class or any Class Member and/or (ii) any costs, expenses, or attorneys' fees from defending any claim by the Class or any Class Member. All such claims are hereby extinguished, discharged, satisfied, and unenforceable.

    c.    Notwithstanding anything stated in the Complete Bar Order, if any person or entity (for purposes of this subparagraph, a "petitioner") commences against any of the Released Parties any action either (i) asserting a claim that is or arises from a Released Claim and where the alleged injury to such petitioner arises from that petitioner's alleged liability to the Class or any Class Member or (ii) seeking contribution or indemnity for any liability or expenses incurred in connection with any such claim, and if such action or claim is not barred by a court pursuant to this section or is otherwise not barred by the Complete Bar Order, neither the Complete Bar Order nor the Settlement Agreement shall bar claims by that Released Party against (i) such petitioner, (ii) any person or entity who is or was controlled by, controlling, or under common control with the petitioner, whose assets or estate are or were controlled, represented, or administered by the petitioner, or as to whose claims the petitioner has succeeded, and (iii) any person or entity that participated with any of the preceding persons or entities described in items (i) and/or (ii) of this subparagraph in connection with the assertion of the claim brought against the Released Party or Released Parties.

    d.    If any term of the Complete Bar Order entered by the Court is held to be unenforceable after the date of entry, such provision shall be substituted with such other provision as may be necessary to afford all of the Released Parties the fullest protection permitted by law from any claim that is based upon, arises out of, or relates to any Released Claim.

    e.    Nothing in the Complete Bar Order shall (i) expand the release provided by Class Members and other Releasing Parties to the Released Parties under section 14 above or (ii) bar any persons who are excluded from the Class by definition or by request from asserting any Released Claim against any Released Party. Notwithstanding the Complete Bar Order or anything else in the Settlement Agreement, (i) nothing shall prevent the Parties from taking such steps as are necessary to enforce the terms of the Settlement Agreement, and (ii) nothing shall release, interfere with, limit, or bar the assertion by any Released Party of any claim for insurance coverage under any insurance, reinsurance, or indemnity policy.

    f.    The Parties acknowledge that the Complete Bar Order is a bargained-for and material element of this Settlement Agreement.

## 18.    Non-Disparagement

No Party shall make any comments or remarks relating to the subject matter of this action that might have an effect on the reputation of any other Party to this Settlement Agreement, and the Parties stipulate and agree that this non-disparagement provision is a material inducement for the Parties to enter into this Settlement Agreement.

**SETTLEMENT AGREEMENT**        **PAGE 17**

Docusign Envelope ID: 51DF0374-B96B-8AE4-8262-3525E4C96465

19.    **Cooperation**

The Parties agree to cooperate in good faith with regard to the execution of any additional documents, and the performance of additional tasks, reasonably necessary or desirable to effectuate and implement the terms and conditions of this Settlement Agreement.

20.    **Governing Law; Venue; Submission to Jurisdiction**

The Parties hereby stipulate and agree as follows:

a.    GOVERNING LAW: This Agreement shall be construed and enforced pursuant to the laws of the State of Florida, both substantive and procedural.

b.    VENUE: The Parties hereby agree that the exclusive venue for any action arising under or in any way related to this Settlement Agreement shall be the United States District Court for the Southern District of Florida, and all Parties hereby expressly waive any objection or defense that such venue is an inconvenient or otherwise improper forum for any dispute arising under or in any way related to this Settlement Agreement.

c.    JURISDICTION: All Parties recognize that all disputes arising from or in any way related to this Settlement Agreement shall be subject to the continuing and exclusive jurisdiction of the United States District Court for the Southern District of Florida, and all Parties hereby waive any and all objections to personal jurisdiction as they may relate to the enforcement of the terms of this Agreement in that Court.

21.    **Admissibility**

This document is deemed to be a "settlement agreement" and, therefore, is not admissible in a court of law or equity other than to enforce its terms and conditions.

22.    **Interpretation**

Each of the Parties to this Settlement Agreement has been represented by legal counsel or has had the opportunity to consult with legal counsel throughout the negotiations and drafting of this Settlement Agreement and has had the opportunity to adequately confer with counsel with respect thereto. In the event a dispute arises among the Parties regarding the interpretation of any term of this Settlement Agreement, the Parties shall be considered collectively to be the drafting party, and any rule of construction to the effect that ambiguities are to be resolved against the drafting party shall be inapplicable. As a result, this Settlement Agreement shall not be more strictly construed against any one Party or in favor of any other Party.

23.    **Scope of Binding Effect**

This Settlement Agreement shall be binding upon and inure to the benefit of the respective successors and assigns of the Parties.

**SETTLEMENT AGREEMENT**                                                                    **PAGE 18**

Docusign Envelope ID: 51DF0374-B96B-8AF4-8262-3525E4C96465

## 25.     Disclosed Information Shall be Kept Confidential

The Parties hereby represent and warrant that any confidential information that they have received from any other Party, including but not limited to documents and information shared in the mediation and settlement negotiation process, shall not be disclosed.

## 26.     Counterparts/Originals

This Settlement Agreement may be executed in counterparts, each of which will be deemed an original, but all of which together will constitute the same instrument. A fax or portable document format (PDF) of this Settlement Agreement and all signatures thereon will be deemed a duplicate original of the Settlement Agreement and may be used by any Party to this Settlement Agreement in the same manner as an original copy of this Settlement Agreement.

### 27.    Notices

Any notice or demand required or permitted by any provision of this Agreement (other than the requirements of sections 12 and 13 regarding objections and requests for exclusion) shall be deemed sufficient if it is delivered via e-mail in accordance with the information contained in Section 11, above.

**28. WAIVER OF JURY TRIAL: THE CLASS REPRESENTATIVES AND PRAGER HEREBY UNCONDITIONALLY, KNOWINGLY, IRREVOCABLY, VOLUNTARILY, AND INTENTIONALLY WAIVE ANY RIGHT TO A TRIAL BY JURY IN CONNECTION WITH ANY ACTION, SUIT, DEFENSE, COUNTERCLAIM, OR OTHER PROCEEDING ARISING UNDER OR IN ANY WAY RELATED TO THIS SETTLEMENT AGREEMENT, AND THE CLASS REPRESENTATIVES AND PRAGER RECOGNIZE THAT THIS PROVISION IS A MATERIAL INDUCEMENT FOR THE CLASS REPRESENTATIVES AND PRAGER ENTERING INTO THIS SETTLEMENT AGREEMENT.**

IN WITNESS WHEREOF, the Parties to this Agreement have caused this document to be executed and delivered at Miami-Dade County, Florida.

On behalf of the **Class Representatives**

By: _____

Name: **ADAM MOSKOWITZ**

On behalf of **Prager Metis CPAs, LLC**

By: _____

Name: Bruce Braun

**SETTLEMENT AGREEMENT**                                                    **PAGE 20**

# Exhibit 1B

Docusign Envelope ID: E46E1059-BA8E-8BDB-8265-67ECB2DDC5A0

## SETTLEMENT AGREEMENT AND RELEASE

This class-action Settlement Agreement and Release (the "**Settlement Agreement**") is entered into as of the last date set forth on the signature page (the "**Settlement Date**"), between and among, on the one hand, Plaintiffs Brandon Orr, Leandro Cabo, Charles Dollwet, Jeffrey Malinovitz, Evan Hayes, Mark Girshovich, Ryan Henderson, Michael Livieratos, Alexander Chernyavsky, Gregg Podalsky, Vijeth Shetty, Chukwudozie Ezeokoli, Michael Norris, Edwin Garrison, Shengyun Huang, Julie Papadakis, and Kyle Rupprecht (together, the "**Plaintiffs**" or "**Class Representatives**"), on behalf of themselves and all others similarly situated (the "**Settlement Class**," as further defined below); and, on the other hand, Fenwick & West LLP ("**Fenwick**") (collectively, the "**Parties**").

## RECITALS

**WHEREAS,** Fenwick provided legal services, legal advice, and legal consulting to FTX Trading Ltd., West Realm Shires Services Inc., and Alameda Research, LLC (together with their affiliates and successors, the "**FTX Group**");

**WHEREAS,** lawsuits were filed against Fenwick relating to the work Fenwick performed for and consultations Fenwick provided to the FTX Group, *see, e.g.*, *O'Keefe v. Sequoia Capital Operations, LLC, et al.*, Case No. 1:23-cv-20700-JEM (S.D. Fla. filed Feb. 22, 2023) and *Cabo v. Sequoia Capital Operations, LLC, et. al.*, Case No. 3:23-cv-02222-JSC (N.D. Cal. filed May 5, 2023);

**WHEREAS,** the lawsuits against Fenwick were centralized and transferred by the Judicial Panel on Multidistrict Litigation to the United States District Court for the Southern District of Florida (the "**Court**") and consolidated into a multidistrict litigation captioned *In re: FTX Cryptocurrency Collapse Litigation*, Case No. 1:23:md-03076-KMM (the "**FTX MDL**");

**WHEREAS,** on August 7, 2023, the Plaintiffs filed an Administrative Complaint in the FTX MDL consolidating their claims against Fenwick for, *inter alia*, civil conspiracy, aiding and abetting fraud, aiding and abetting negligence, aiding and abetting breaches of fiduciary duty, aiding and abetting conversion, and violations of the federal RICO statute (Dkt. 153);

**WHEREAS,** Fenwick moved to dismiss the Administrative Complaint on September 21, 2023 (Dkt. 276), the Plaintiffs opposed on November 6, 2023 (Dkt. 350), and Fenwick replied on December 6, 2023 (Dkt. 408);

**WHEREAS,** on November 20, 2025, the Court granted Plaintiffs leave to file an Amended Administrative Complaint against Fenwick (Dkt. 1017);

**WHEREAS**, on November 20, 2025, the Plaintiffs filed an Amended Administrative Complaint, which asserted claims against Fenwick for, *inter alia*, civil conspiracy, aiding and abetting fraud, aiding and abetting negligence, aiding and abetting breaches of fiduciary duty, aiding and abetting conversion, violations of the federal RICO statute, violations of the Florida

Securities and Investor Protection Act, and violations of the California Securities Laws (Dkt. 1019);

WHEREAS, on May 13, 2026, a lawsuit was filed against Fenwick and certain defendants, *Byers et al. v. Fenwick & West LLP*, *et al.*, Case No. 1:26-cv-01651-RJL (D.D.C. filed May 13, 2026), relating to common underlying facts alleged in the FTX MDL and pending transfer to this Court, and which asserts claims for "Professional Malpractice – Fraud and Collusion Exception," "Direct Fraudulent Misrepresentation to Third Parties," "Gross Negligence," "Negligent Misrepresentation," "Governance and Oversight Liability," "Aiding and Abetting Breach of Fiduciary Duty," and "Unjust Enrichment and Disgorgement";

WHEREAS, the Parties have been engaged in good-faith, arm's-length negotiations, including before David Geronemus, Esq., one of the most respected and experienced mediators in the United States, to resolve all pending and potential claims and interests that Plaintiffs and the Settlement Class have or could have against Fenwick arising out of, connected with, or in any way relating to the work that Fenwick provided to the FTX Group, including but not limited to those asserted in *O'Keefe v. Sequoia Capital Operations, LLC*, *et al.*, Case No. 1:23-cv-20700-JEM (S.D. Fla. filed Feb. 22, 2023), *Cabo v. Sequoia Capital Operations, LLC*, *et. al.*, Case No. 3:23-cv-02222-JSC (N.D. Cal. filed May 5, 2023), *Byers et al. v. Fenwick & West LLP*, *et al.*, Case No. 1:26-cv-01651-RJL (D.D.C. filed May 13, 2026), the Administrative Complaint, and the Amended Administrative Complaint (the "**Fenwick Litigation**");

WHEREAS, Fenwick denies and vigorously disputes the claims alleged against it and is entering into this Settlement Agreement without admitting any wrongdoing, fault, liability, or damage of any kind; and

WHEREAS, to avoid the expense, inconvenience, and uncertainty of continued litigation, the Parties have agreed to resolve all pending and potential claims and interests that Plaintiffs and the Settlement Class have or could have against Fenwick arising out of, connected with, or in any way relating to the Fenwick Litigation according to the terms herein, and intend for this Settlement Agreement to bind the Plaintiffs, Fenwick, and members of the Settlement Class ("**Settlement Class Members**").

NOW THEREFORE, in consideration of the mutual promises and covenants contained herein, the Parties agree to the following terms and conditions:

## AGREEMENT

**1      Recitals**

1.1      The Parties acknowledge that the foregoing recitals are true and correct and are incorporated into this Settlement Agreement by reference as though fully set forth herein.

**SETTLEMENT AGREEMENT**                                                                                                    **PAGE 2**

Docusign Envelope ID: E46E1059-BA8E-8BDB-8265-67ECB2DDCF5A0

## 2       Submission and Application to the Court

2.1     The Parties agree to recommend approval of the Settlement Agreement to the Court as fair, adequate, and reasonable, and to undertake their best efforts to obtain such approval. Accordingly, and consistent with the timeframes and protocol set forth below, Plaintiffs shall file with the Court a motion seeking the entry of an order granting preliminary approval of this Settlement Agreement ("**Preliminary Approval**"), which shall include provisions that:

a.     Preliminarily approve the Settlement Agreement as within the range of what is reasonable;

b.     Preliminarily certify the Settlement Class, solely for the purpose of effectuating the Settlement Agreement;

c.     Appoint JND Legal Administration (the "**Settlement Administrator**") to assist with creating and implementing the Notice Plan;

d.     Approve the Notice Plan and provide that the distribution of the Notices to Settlement Class Members substantially in the manner set forth in the Notice Plan (as defined below) constitutes the best notice practicable under the circumstances, meets the requirements of applicable law and due process, is due and sufficient notice of all matters relating to the Settlement Agreement, and fully satisfies the requirements of Rule 23; and

e.     Inform the Settlement Class that a final approval hearing ("**Final Approval Hearing**") will be held to determine whether the Court should:

i.     enter an order granting Final Approval of the Settlement Agreement pursuant to Rule 23 as fair, reasonable, adequate, and in the best interests of the Settlement Class, and approving the requested Complete Bar Order and permanent injunction;

ii.     enter a Final Judgment as to Fenwick;

iii.     enter an order awarding counsel for Plaintiffs and the Settlement Class ("**Class Counsel**," as further herein defined) their reasonable Attorneys' Fees and Expenses and awarding Incentive Awards to Plaintiffs; and

iv.     hear all such other matters as the Parties and the Court may deem necessary and appropriate.

f.     Request a stay of all proceedings as to Fenwick until the Court issues a decision on final approval of the Settlement Agreement, or the Settlement Agreement is terminated pursuant to its terms.

2.2 Plaintiffs may seek an interim stay of implementation after Preliminary Approval in keeping with past orders provided by the Court to facilitate grouping settlements into larger tranches for notice.

**3 Notice Plan**

3.1 Within thirty (30) days after the submission of this Settlement Agreement to the Court for Preliminary Approval, Class Counsel shall submit a proposed plan of notice to the Settlement Class pursuant to Federal Rule of Civil Procedure 23(e) ("**Notice Plan**").

3.1.1 The Notice Plan shall comply with Federal Rule of Civil Procedure 23, due process, and any other applicable statutes, laws, and rules.

3.1.2 The Notice Plan shall provide for the dissemination, form, and content of the notices of the Settlement Agreement ("**Notices**"), including (i) summary notices (for direct notice via U.S. Mail and/or email), (ii) a long-form notice (for the Settlement Website), and (iii) a short-form notice (for publication). The Notices shall provide information regarding the Settlement Agreement, including a neutral and concise description of the Settlement Agreement, any relevant deadlines regarding the Settlement Agreement, opt-out and objection rights, and information about dates, deadlines, and any other matters pertinent to the Settlement Agreement.

3.1.3 The Notice Plan shall provide for the creation and publication of a settlement website that shall inform the Settlement Class Members of the terms of the Settlement Agreement, their rights under the Settlement Agreement, and dates (including for the Final Approval Hearing), deadlines, and other related case information (the "**Settlement Website**"). The Settlement Website shall post copies of all relevant settlement documents and copies of relevant documents filed with the Court.

3.1.4 The Notice Plan shall provide for a notice to be published in various publications, in print and/or on the Internet.

3.1.5 Class Counsel, along with the Court-approved Settlement Administrator, shall be responsible for overseeing the implementation of the Notice Plan.

3.1.6 Notice will comply with the foregoing, however, prior to and after Court approval of the Notice Plan, the Settlement Administrator shall have discretion to modify non-material provisions of the Notice Plan and form of notices as appropriate, necessary, and consistent with due process and the Court's approval order.

3.2 The Settlement Amount may be utilized to pay reasonable costs incurred in implementing the Notice Plan, provided that Fenwick's share of such costs shall not exceed Fenwick's *pro rata* share of the costs based on the share of total settlement funds (from all other settlements for which notice is disseminated

together) that is attributable to the Settlement Amount contributed by Fenwick through this Settlement Agreement. In the event the Court does not approve the Settlement Agreement either at the Preliminary Approval or Final Approval stage, or if the Settlement Agreement is terminated according to its terms or does not otherwise take effect upon the Effective Date, any payments made regarding implementation of the Notice Plan shall not be returned or refunded to Fenwick.

3.3 Fenwick shall, in coordination with the Settlement Administrator, direct the notice requirements under the Class Action Fairness Act, 28 U.S.C. § 1715, within ten (10) days of the filing of this proposed settlement with the Court.

## 4    Final Approval and Final Judgment

4.1 If the Court grants Preliminary Approval of the Settlement Agreement, in accordance with the timelines set forth in the order granting Preliminary Approval (including after implementation of the Notice Plan), Plaintiffs shall request, and file all documents relevant to said request, that the Court enter an order granting final approval of the Settlement Agreement ("**Final Approval**") and enter final judgment as to Fenwick ("**Final Judgment**"). While the Court ultimately has control over the form and content of its own orders, the Parties shall submit a proposed order for Final Approval and Final Judgment that shall contain provisions to:

a. approve the Settlement Agreement, adjudge the terms thereof to be fair, reasonable, adequate, and in the best interests of the Settlement Class, and direct consummation of the Settlement Agreement in accordance with its terms and conditions;

b. determine that the requirements of Federal Rule of Civil Procedure 23 and due process have been satisfied in connection with both the certification of the Settlement Class and the provision of Notices pursuant to the Notice Plan;

c. enter Final Judgment against Fenwick and dismiss with prejudice all claims pled against Fenwick and/or any of the Released Parties in the FTX MDL, as well as all actions against Fenwick and/or any of the Released Parties which were transferred into the FTX MDL, including, without limitation, *O'Keefe v. Sequoia Capital Operations, LLC*, *et al.*, Case No. 1:23-cv-20700-JEM (S.D. Fla. filed Feb. 22, 2023), *Cabo v. Sequoia Capital Operations, LLC*, *et. al*., Case No. 3:23-cv-02222-JSC (N.D. Cal. filed May 5, 2023), and any other action thereafter transferred into the FTX MDL, the Administrative Complaint, the Amended Administrative Complaint, and all underlying actions against Fenwick and/or any of the Released Parties referenced therein;

d. approve the Releases, Complete Bar Order, and permanent injunction; and

**SETTLEMENT AGREEMENT**                                                                                              **PAGE 5**

e.  reserve continuing jurisdiction over the Fenwick Litigation, including to supervise the consummation and administration of the Settlement Agreement.

## 5  Effective Date

5.1  The **Effective Date** shall mean the first day after which all of the following events and conditions have occurred:

a.  Class Counsel have executed this Settlement Agreement on behalf of all Plaintiffs;

b.  the Court has conditionally certified the Settlement Class, granted Preliminary Approval of the Settlement, and approved the Notice Plan;

c.  the Notice Plan has been completed;

d.  the time period for Settlement Class Members to exclude themselves has expired;

e.  the time period for Fenwick to exercise its right to terminate the Settlement Agreement has expired, and Fenwick has not exercised such right to terminate;

f.  the Court has entered an order certifying the Settlement Class and granting Final Approval of the Settlement Agreement;

g.  the Court has approved the Complete Bar Order;

h.  the Court has entered a Final Judgment as to Fenwick;

i.  the Court has dismissed, with prejudice, all claims against Fenwick and the Released Parties in the FTX MDL and all underlying lawsuits, including *O'Keefe v. Sequoia Capital Operations, LLC, et al.*, Case No. 1:23-cv-20700-JEM (S.D. Fla. filed Feb. 22, 2023), and *Cabo v. Sequoia Capital Operations, LLC, et. al.*, Case No. 3:23-cv-02222-JSC (N.D. Cal. filed May 5, 2023), as well as any other actions transferred into the FTX MDL;

and

j.  the exhaustion of all possible appeals from any order granting Final Approval and Final Judgment, meaning:

i.  if no appeal or request for review is filed, the day after the expiration of any time for appeal or review of the Final Approval and Final Judgment; and

SETTLEMENT AGREEMENT                                                    PAGE 6

ii.     if an appeal or request for review is taken, the day after the date the last-taken appeal or request for review is dismissed, or the Final Approval and Final Judgment is upheld on appeal or review in all material respects and is not subject to further review on appeal or by certiorari or otherwise.

## 6    Contingent Protocol If the Settlement Is Not Approved

6.1    In the event the Court does not approve the Settlement Agreement or if the Settlement Agreement is terminated according to its terms, then the Settlement Agreement shall be deemed void, *nunc pro tunc*, and the Parties will resume the litigation posture they were in as of the Settlement Date.

6.2    In the event the order granting Final Approval and Final Judgment are not entered, or this Settlement Agreement does not reach the Effective Date for any reason, the Settlement Amount (less any amounts paid for costs incurred by the Settlement Administrator to implement the Notice Plan pursuant to Section 3.2 and 8.1.4), along with any interest accrued on the Settlement Amount while in the Escrow Account, will be returned to Fenwick from the Escrow Account within thirty (30) days after a written notification of such event is sent by counsel for Fenwick or by Class Counsel to the Escrow Agent.

6.3    For the avoidance of doubt, however, the Parties intend for this Settlement Agreement to resolve, fully and completely, all claims (and potential claims) that have been brought (or could have been brought) by Plaintiffs and the Settlement Class against Fenwick and the Released Parties. As such, the Parties shall endeavor to pursue Preliminary Approval and Final Approval of the Settlement Agreement, cooperate in the pursuit thereof, and take all reasonable efforts to make certain that the Court grants both Preliminary Approval and Final Approval. If the Court suggests any modifications to the Settlement Agreement or conditions either Preliminary Approval or Final Approval on modifications to the Settlement Agreement, the Parties shall endeavor to cure any such deficiencies identified by the Court. However, the Parties shall not be required to make any additions or modifications to the Settlement Agreement that would affect the benefits provided to the Settlement Class Members, or the cost or burden on Fenwick, the content or extent of Notices, or the scope of any of the Releases and the Complete Bar Order. If the Court orders or proposes such material additions or modifications, the Parties will work cooperatively and in good faith to address these Court proposals, but will each have the right to terminate the Settlement Agreement if no resolution is reached. If either Party elects to terminate the Settlement Agreement pursuant to this section, the Agreement will be deemed void, *nunc pro tunc*, and the provisions of Section 6.1 and Section 6.2 will apply.

**7      Confidentiality and Publicity**

7.1      The terms of this Settlement Agreement are to be kept strictly confidential unless and until Plaintiffs file a motion seeking Preliminary Approval of this Settlement Agreement.

7.2      Prior to the filing of a motion seeking Preliminary Approval of this Settlement Agreement, the Parties and their counsel shall not make any comments to the public regarding the Settlement Agreement.  If contacted by the press or otherwise prior to the filing of a motion seeking Preliminary Approval of this Settlement Agreement, the Parties and their counsel may (i) respond simply: "*no comment*"; or (ii) respond in a manner otherwise jointly agreed to by the Parties.

7.3      After the filing of a motion seeking Preliminary Approval:

a.      The Parties and their counsel may make all statements in court proceedings as reasonably necessary to advocate in favor of Final Approval; and

b.      The Parties and their counsel may issue a joint statement to the press concerning the Settlement Agreement or Fenwick Litigation, and any public comments (including on print and online media outlets, on a website, or on social media) will remain limited to the contents of the Parties' joint statement, and any such comments shall not disparage or otherwise injure the reputation, image, or brand of any Party or their counsel.

7.4      Notwithstanding the foregoing, Fenwick may issue a public statement, if it chooses to do so, explaining why it chose to settle the Fenwick Litigation, which may include a statement that Fenwick believes the claims in the Fenwick Litigation are meritless.  Any such public statement shall not disparage or otherwise injure the reputation, image, or brand of Plaintiffs, the Settlement Class, or Class Counsel, and Fenwick may refer to such public statement in any comments to the press.

7.5      For the avoidance of doubt, notwithstanding any other provision of this Section 7, nothing in this Settlement Agreement shall prevent Fenwick from (i) determining, in its sole discretion, to make whatever disclosures it believes might be required or appropriate, including in governmental or regulatory filings or to regulators, attorneys, accountants, and insurers; (ii) communicating with its partners, employees, clients, and prospective clients; and (iii) making any statements to the public regarding the overall reputation of Fenwick.

7.6      The Parties agree that the provisions in this Section 7 are a material element of this Settlement Agreement and are a part of the consideration for their entering into this Settlement Agreement.

**8      Settlement Consideration**

The Parties have agreed to the following terms and consideration to fully resolve the Fenwick Litigation:

Docusign Envelope ID: E46E1059-BA8E-8BDB-8265-67ECB2DDCF49

8.1     *Payment.*

8.1.1   Within one hundred twenty (120) days from the filing of the Court's order granting Preliminary Approval, Fenwick shall cause to be deposited (by wire or ACH transfer) into a third-party, interest-bearing escrow account (the "**Escrow Account**") administered by an independent escrow agent (the "**Escrow Agent**"), a settlement payment of fifty four million dollars ($54,000,000.00) (the "**Settlement Amount**"), less any amounts paid by Fenwick for costs incurred by the Settlement Administrator to implement the Notice Plan pursuant to Section 3.2. A single payment of the Settlement Amount (less any amounts previously paid by Fenwick for costs incurred by the Settlement Administrator to implement the Notice Plan) shall satisfy Fenwick's payment obligations under this Settlement Agreement.

8.1.2   The Escrow Agent shall be a nationally recognized financial institution or professional escrow provider that maintains bonding and insurance coverage consistent with industry standard for escrow services, and the selection of the Escrow Agent shall be subject to the approval of Fenwick, which approval shall not be unreasonably withheld. To facilitate payment of the Settlement Amount, Plaintiffs shall provide written payment instructions, a W-9, and the contact information for the Escrow Agent ("**Payment Instructions**") at least thirty (30) days before the Settlement Amount is due. If Plaintiffs do not provide Payment Instructions at least thirty (30) days before the Settlement Amount is due, then the payment deadline for the Settlement Amount in Section 8.1.1 shall be automatically extended by one (1) day for each day between the date the Payment Instructions were required to be provided and the date the Payment Instructions are actually provided.

8.1.3   The Escrow Account shall be deemed a 'qualified settlement fund' as defined in United States Treasury Reg. § 1.468B-1 *et seq.* All interest earned on the funds shall be for the benefit of the Settlement Class. Any taxes (including any estimated taxes, and any interest or penalties relating to them) arising with respect to the income earned by the Escrow Account or otherwise shall be paid out of the Escrow Account.

8.1.4   All funds held in the Escrow Account shall be deemed to be in the custody of the Court until such time as the funds shall be disbursed pursuant to this Settlement Agreement or further order of the Court. No portion of the Settlement Amount shall be released, distributed, or otherwise disbursed from the Escrow Account prior to the Effective Date, except (a) as authorized by Section 6.2, or (b) to pay for costs associated with the Court-approved Notice Plan pursuant to Section 3.2, provided that any such pre-Effective Date disbursements for the costs of the Notice Plan shall be made only pursuant to the Parties' joint written instructions.

SETTLEMENT AGREEMENT                                                      PAGE 9

8.2 ***Other Consideration.*** The Parties' Releases as set forth in Section 14, the Confidentiality terms in Section 7, and the Complete Bar Order in Section 17 constitute additional, and material, consideration for this Settlement Agreement.

8.3 ***Full and Final Satisfaction.*** Payment of the Settlement Amount in accordance with this Section 8 shall constitute full, complete, and final satisfaction of any and all obligations of Fenwick under this Settlement Agreement and any and all claims that Plaintiffs, the Settlement Class, or any Settlement Class Member may have against Fenwick and/or the Released Parties arising out of or relating to the Released Claims. Under no circumstances shall Fenwick be required to pay any amount in excess of the Settlement Amount in connection with the settlement of the Fenwick Litigation or this Settlement Agreement.

## 9 Settlement Class Definition

For purposes of this Settlement Agreement:

9.1 "**Settlement Class**" means:

> All persons or entities who purchased or held legal title to and/or beneficial interest in any fiat or cryptocurrency deposited or invested through an FTX Platform, purchased or enrolled in a YBA, or purchased FTT.

Excluded from the Settlement Class are FTX MDL Defendants and their officers, directors, affiliates, legal representatives, and employees; the FTX Group and their officers, directors, affiliates, legal representatives, and employees; any governmental entities; and any judge, justice, or judicial officer presiding over this matter and the members of their immediate families and judicial staff.

9.2 "**FTT**" means FTT, the cryptocurrency token minted and distributed by the FTX Group.

9.3 "**FTX Platform**" means the web-based digital asset exchanges ftx.com and ftx.us and related mobile applications operated by the FTX Group, through which users were able to buy, sell, trade, hold, and invest in cryptocurrencies, fiat currencies, and other financial products.

9.4 "**YBA**" means a Yield-Bearing Account offered by the FTX Group on the FTX Platform.

Docusign Envelope ID: E46E1059-BA8E-8BDB-8265-67ECB2DDCEA9

## 10      Administration and Distribution of the Settlement Amount

10.1    Upon further notice to the Settlement Class and appropriate orders of the Court, the Settlement Administrator, subject to such supervision of the Court and/or Class Counsel, shall calculate the amounts payable to Settlement Class Members pursuant to a plan of allocation to be approved by the Court ("**Plan of Allocation**"), and shall oversee distribution of the Settlement Amount to qualifying Settlement Class Members pursuant to the Plan of Allocation. Subject to Court approval, the Plan of Allocation shall permit the Settlement Amount to be utilized to pay all reasonable costs and expenses incurred in providing Notice and administering the Settlement Agreement.

10.2    It is understood and agreed by the Parties that the Plan of Allocation is not part of this Settlement Agreement and is to be considered by the Court separately from the Court's consideration of the fairness, reasonableness and adequacy of this Settlement Agreement. Any order or proceeding relating to the Plan of Allocation shall not operate to terminate or cancel the Settlement Agreement or affect the finality of any order granting Final Approval or Final Judgment.

10.3    Neither Fenwick, nor its counsel, shall have any responsibility or liability relating to the distribution of the Settlement Amount, the Plan of Allocation, or the determination, administration, or calculation of claims, the payment or withholding of taxes, the distribution of the Settlement Amount, or any losses incurred in connection with any such matters.

## 11      Procedures for Objecting to the Settlement

11.1    Any Settlement Class Member who has not submitted a timely Request for Exclusion (see Section 12 below, "Procedures for Requesting Exclusion from Settlement") and who wishes to, may object to the fairness, reasonableness, or adequacy of the Settlement Agreement ("**Objector**"). All objections must be sent to the Clerk of the United States District Court for the Southern District of Florida, 400 North Miami Avenue, 8th Floor, Miami, FL 33128, and served by first-class or overnight mail and email at that same time upon both of the following:

**SETTLEMENT AGREEMENT**                                                                 **PAGE 11**

Docusign Envelope ID: E46E1059-BA8E-8BDB-8265-67ECB2DDCEA0

Adam M. Moskowitz
Joseph M. Kaye
THE MOSKOWITZ LAW FIRM, PLLC
P.O. Box 653409
Miami, FL 33175
adam@moskowitz-law.com
joseph@moskowitz-law.com
service@moskowitz-law.com

*Counsel for Plaintiffs*

Kevin S. Rosen
Michael J. Holecek
Wesley Sze
GIBSON, DUNN & CRUTCHER LLP
333 South Grand Avenue
Los Angeles, CA 90071
krosen@gibsondunn.com
mholecek@gibsondunn.com
wsze@gibsondunn.com

Nicole K. Atkinson
David R. Atkinson
GUNSTER, YOAKLEY &
STEWART, P.A.
Brickell World Plaza
600 Brickell Avenue, Suite 3500
Miami, FL 33131
natkinson@gunster.com
datkinson@gunster.com

*Counsel for Fenwick*

11.2  For an objection to be valid and considered by the Court, it must:

a.  be postmarked or sent on or before the "**Objection/Exclusion Deadline**" set forth in the Class Notice;

b.  be in writing;

c.  include the Objector's full name, current address, email address, and telephone number (including any pseudonyms or alternative names, addresses, email addresses, or telephone numbers the person or entity may have used on the FTX Platform);

d.  include the case name and case number of this action, *In Re: FTX Cryptocurrency Exchange Collapse Litigation*, No. 1:23-md-03076-KMM;

e.  include documentation or attestation sufficient to establish membership in the Settlement Class;

f.  be signed by the Objector filing the objection (an attorney's signature will not suffice);

g.  include the identity of any counsel representing the Objector, including any current or former counsel who may be entitled to compensation for any reason related to the objection;

SETTLEMENT AGREEMENT                                                    PAGE 12

h.     state, with specificity, the factual and/or legal grounds for each objection the Objector is raising and identifying all documents which the Objector asks the Court to consider;

i.     state whether the objection is intended to apply only to the Objector, to a specific subset of the Class, or to the entire Class;

j.     disclose any objections filed by the Objector in the last seven years (including the case name, name of court, and result of objection);

k.     attach any document the Court should review in considering the objection and ruling on the motion for Final Approval of the Settlement Agreement;

l.     provide four (4) dates when the Objector is available for an in-person deposition in Miami, Florida;

m.     provide a list of all persons (whether *pro se* or through representation) who may testify and/or argue at the Final Approval Hearing; and

n.     if the Objector intends to appear at the Final Approval Hearing, include a Notice of Intention to Appear.

All evidence and legal support an objecting Settlement Class member wishes to use to support an objection must be submitted before the Objection/Exclusion Deadline, and sent to all parties identified above, postmarked on or before the Objection/Exclusion Deadline. Any objection that does not meet all of these requirements will be deemed invalid and will be overruled.

11.3     Subject to approval of the Court, any Settlement Class Member who has filed a written objection may appear, in person or by counsel, at the Final Approval Hearing held by the Court, but must file with the Clerk of the Court and serve upon counsel for the Parties (at the addresses listed above), a notice of intention to appear at the Final Approval Hearing ("**Notice of Intention to Appear**") on or before the Objection/Exclusion Deadline.

11.4     The Notice of Intention to Appear must include copies of any papers, exhibits, or other evidence that the objecting Settlement Class Member (or his, her, or its counsel) will present to the Court in connection with the Final Approval Hearing. Any Settlement Class Member who does not provide a Notice of Intention to Appear in complete accordance with the deadlines and other specifications set forth in the Class Notice will not be allowed to speak or otherwise present any views at the Final Approval Hearing.

11.5     The date of the postmark on the mailing envelope or a legal proof of service accompanied and a file-stamped copy of the submission shall be the exclusive means used to determine whether an objection and/or Notice of Intention to Appear has been timely filed and served. In the event that the postmark is illegible, the objection and/or notice of intention to appear shall be deemed untimely unless it is

**SETTLEMENT AGREEMENT**                                                       **PAGE 13**

received by the counsel for the Parties within two (2) days after the Objection/Exclusion Deadline.

11.6    The Parties shall, at least ten (10) days (or such other number of days as the Court shall specify) before the Final Approval Hearing, file any responses to any written objections submitted to the Court in accordance with this Settlement Agreement.

**12      Procedures for Requesting Exclusion from Settlement**

12.1    Any person or entity falling within the definition of the Settlement Class that does not wish to be bound by the Settlement Agreement must timely request exclusion from the Settlement Class (i.e., opt-out).

12.2    Any person or entity who wishes to be excluded from the Settlement Class must:

a.      Deliver a written request for exclusion ("**Request for Exclusion**") to the Settlement Administrator at the address provided in the Notices, and which must be received by the Settlement Administrator no later than the Objection/Exclusion Deadline;

b.      State clearly he, she, or it is opting out of the Settlement Agreement and understands that he or she will not receive Class Member benefits as a member of the Settlement Class; and

c.      Include within the written Request for Exclusion: (i) a caption or title that identifies it as "Request for Exclusion in *In re FTX Cryptocurrency Exchange Collapse Litigation*"; (ii) the Settlement Class Member's full legal name, current mailing and email addresses, and current contact telephone number (as well as any pseudonyms or alternative names, mailing and email addresses, or telephone numbers the person or entity may have used on the FTX Platform); (iii) a statement that he, she, or it held assets or FTT tokens through an FTX Platform, or held FTT tokens outside the FTX Platform; (iv) specify that he, she, or it wants to be "excluded from the Settlement Class"; and (v) a personal signature of the Settlement Class Member requesting to be excluded.

12.3    The requirements for submitting a timely and valid Request for Exclusion shall be set forth in the Notices and Settlement Website.

12.4    Each person or entity who wishes to be excluded from the Settlement Class must submit his, her, or its own personally signed Request for Exclusion. A single Request for Exclusion submitted on behalf of more than one potential person or entity will be deemed invalid; provided, however, that a Request for Exclusion received from one Settlement Class Member will be deemed and construed as a Request for Exclusion by all other account holders associated with any account the Settlement Class Member maintained on the FTX Platform.

**SETTLEMENT AGREEMENT**                                                              **PAGE 14**

12.5    If the Settlement Administrator receives a Request for Exclusion but is unable to identify, based on the information provided by the person or entity who submitted the Request for Exclusion, the account holder(s) or account(s) associated with such person or entity on the FTX Platform, the Settlement Administrator shall require the person or entity to provide additional information sufficient for the Settlement Administrator to identify the account holder(s) and the account(s) associated with such person or entity on the FTX Platform.  Such additional information must be provided to the Settlement Administrator within fourteen (14) days of the Settlement Administrator's request to the person or entity, and in any event at least fourteen (14) days prior to the deadline set forth in Section 12.8 below.

12.6    The Settlement Administrator shall provide regular reports to Class Counsel and counsel for Fenwick regarding the Requests for Exclusion received, including upon the request of Class Counsel and/or counsel for Fenwick, a copy of the Requests for Exclusion received and any related information that the Settlement Administrator has regarding any individual or entity that submitted a Request for Exclusion.

12.7    Unless excluded by separate order entered by the Court for good cause shown prior to the Final Approval of this Settlement Agreement, any Settlement Class Member who fails to strictly comply with the procedures set forth in this section for the submission of written Requests for Exclusion will be deemed to have consented to the jurisdiction of the Court, will be deemed to be part of the Settlement Class, and will be bound by all subsequent proceedings, orders, and judgments in these proceedings, including, but not limited to, the Releases, even if he, she, or it has litigation or arbitration pending or subsequently initiates litigation or arbitration against Fenwick or any other Released Party relating to the Released Claims (as defined below).

12.8    The Settlement Administrator shall file with the Court, no later than thirty (30) days before the Final Approval Hearing, a list reflecting all Requests for Exclusion it has received by the Objection/Exclusion Deadline.  The list shall also identify which of those Requests for Exclusion were received late, and which Requests for Exclusion failed to comply with the requirements of this Section 12.

12.9    Settlement Class Members who exclude themselves from the Settlement Class as set forth in this section expressly waive any right to object to the Settlement Agreement or to otherwise pursue any objection, challenge, appeal, dispute, or collateral attack to the Settlement Agreement, including: to the fairness, reasonableness, and adequacy of the Settlement Agreement; to the appointment of Class Counsel and Plaintiffs as the representatives of the Settlement Class; to any award of Attorneys' Fee and Expenses and/or Incentive Awards; and to the approval of the Notice Plan.

12.10   Without limiting any other rights under this Settlement Agreement, Fenwick may unilaterally withdraw from and terminate this Settlement Agreement if Requests for Exclusion are received from potential Settlement Class Members in an amount

**SETTLEMENT AGREEMENT**                                                                    **PAGE 15**

that equals or exceeds the Termination Threshold as set out in the Parties' Supplemental Agreement, which shall be submitted to the Court for *in camera* review.  If there is not sufficient information to confirm whether the Termination Threshold has been satisfied, the Settlement Administrator shall require any person or entity who submitted a Request for Exclusion to provide information sufficient to enable the Parties to determine whether the Termination Threshold has been satisfied pursuant to the procedures in Section 12.5 above.

**13      Incentive Awards and Attorneys' Fees and Expenses**

13.1     Class Counsel may petition the Court for a payment of an incentive award for the Class Representatives, not to exceed five thousand dollars ($5,000.00) for each Class Representative ("**Incentive Awards**").  Class Counsel shall file their motion for the Incentive Awards no later than fourteen (14) days before the Objection/Exclusion Deadline.  As soon as is practicable after filing said request, Class Counsel shall cause the Settlement Administrator to post on the Settlement Website all papers filed and served in support of Class Counsel's motion for the Incentive Awards.

13.2     Class Counsel may petition the Court for an award of Attorneys' Fees in an aggregate amount not to exceed thirty-three percent (33%) of the Settlement Amount and for expenses ("**Attorneys' Fees and Expenses**").  Class Counsel shall file their motion for an Attorneys' Fees and Expenses award no later than fourteen (14) days before the Objection/Exclusion Deadline.  As soon as is practicable after filing said request, Class Counsel shall cause the Settlement Administrator to post on the Settlement Website all papers filed and served in support of Class Counsel's motion for an award of Attorneys' Fees and Expenses.  Fenwick reserves the right to oppose any petition by Class Counsel for Attorneys' Fees and Expenses that Fenwick deems to be unreasonable in nature or amount or otherwise objectionable.

13.3     Any Incentive Award and/or award of Attorneys' Fees and Expenses shall be paid out of the Settlement Amount.  Other than making available the Settlement Amount pursuant to the requirements herein, Fenwick shall have no responsibility for, and no liability whatsoever with respect to, any payment of Incentive Awards, Attorneys' Fees and Expenses to Class Counsel, Plaintiffs, or any other party in the FTX MDL or their counsel.  Class Counsel and Plaintiffs shall seek to have the Incentive Awards and Attorneys' Fees and Expenses paid only from the Settlement Amount.

13.4     Co-lead Class Counsel is solely responsible for distributing any Attorneys' Fees and Expenses to and among all other counsel representing any plaintiff in the Fenwick Litigation and/or FTX MDL.

13.5     Within thirty (30) days after the later of (a) the Effective Date or (b) receipt of wire instructions from Class Counsel, whichever is later, the Settlement Administrator shall pay Class Counsel from the Settlement Amount any Attorneys' Fees and Expenses and Incentive Awards that may be awarded by the Court.  Class Counsel

shall be solely responsible for supplying the Settlement Administrator with all information required by the Settlement Administrator in order to pay such awards from the Settlement Amount and to comply with the Settlement Administrator's state and local reporting obligations. Class Counsel will also be solely responsible for distributing such Incentive Awards to Plaintiffs, in accordance with the terms and provisions of any order entered by the Court approving such Incentive Awards. Fenwick will have no responsibility or liability for the Incentive Awards.

13.6   In the event the order granting Final Approval and Final Judgment are not entered, or this Settlement Agreement does not reach the Effective Date, Fenwick will not be liable for, and shall be under no obligation to pay, the Settlement Amount or any of the Attorneys' Fees and Expenses and Incentive Awards set forth herein and described in this Settlement Agreement, except for previously expended funds on the implementation of the notice and settlement administration incurred before the Effective Date.

13.7   The effectiveness of this Settlement Agreement will not be conditioned upon or delayed by the Court's or any appellate court's failure to approve in whole or in part any petition by Plaintiffs and Class Counsel for Attorneys' Fees and Expenses and Incentive Awards. The denial, downward modification, or failure to grant any petition by Plaintiffs and Class Counsel for Attorneys' Fees and Expenses and Incentive Awards shall not constitute grounds for modification or termination of this Settlement Agreement.

## 14   Releases

14.1   Save and except only those obligations expressly owed by Fenwick under this Settlement Agreement, the Releasing Parties hereby now and forever release, remise, acquit, satisfy, and discharge the Released Parties from any and all claims, causes of action (whether claims, counter-claims, cross-claims, third-party claims, or otherwise), lawsuits, demands, contributions, indemnities, apportionments, duties, debts, sums, suits, omissions, covenants, contracts, controversies, agreements, promises, commitments, compensation, damages, expenses, fees, and costs whatsoever, in law or equity, whether arising under state, federal, foreign, common, or administrative law or otherwise, whether direct, derivative, representative, or in any other capacity, whether *known or unknown, accrued or unaccrued*, contingent or absolute, asserted or unasserted, suspected or unsuspected, disclosed or undisclosed, hidden or concealed, matured or unmatured, that concern or in any way relate to or arise out of (a) the allegations or factual predicates in the Fenwick Litigation and/or FTX MDL, including each of the complaints and prior versions thereof, or any amended complaint or other filings therein from the beginning of time through the Effective Date; (b) any other claims relating to the FTX Group, the FTX Platform, YBAs, and/or FTT; (c) any Internet posts or other statements by Fenwick concerning, referring to, or relating to the FTX Group, its affiliates, or the FTX Platform; (d) the defense or settlement of the Fenwick Litigation or its underlying actions, the FTX MDL, the provision of notice in connection with the Settlement Agreement, and the resolution of any claims for

settlement relief; and/or (e) any issue raised in the Fenwick Litigation, the FTX MDL, or any other related proceeding, whether by pleading or motion (collectively, the "**Released Claims**"); *provided, however*, that nothing in this section shall release any claim to enforce the terms of this Settlement Agreement if it becomes effective on the Effective Date.

14.2    In connection with the foregoing release provisions (the "**Releases**"), the Releasing Parties shall be deemed, as of the entry of the Final Judgment, to have waived any and all provisions, rights, and benefits conferred by California Civil Code § 1542 (and any statute, rule, or legal doctrine similar, comparable, or equivalent to it), which provides:

> **"A GENERAL RELEASE DOES NOT EXTEND TO CLAIMS THAT THE CREDITOR OR RELEASING PARTY DOES NOT KNOW OR SUSPECT TO EXIST IN HIS OR HER FAVOR AT THE TIME OF EXECUTING THE RELEASE AND THAT, IF KNOWN BY HIM OR HER, WOULD HAVE MATERIALLY AFFECTED HIS OR HER SETTLEMENT WITH THE DEBTOR OR RELEASED PARTY."**

To the extent anyone might argue that California Civil Code § 1542 or any similar, comparable, or equivalent statute, rule, or legal doctrine is applicable – notwithstanding the Parties' choice of Florida law to govern this Settlement Agreement – the Releasing Parties agree that the provisions of all such principles of law or similar federal or state laws, rights, rules or legal principles, to the extent they are found applicable herein, are hereby knowingly and voluntarily waived, relinquished, and released.  Plaintiffs and Class Counsel recognize, and each Releasing Party will be deemed to recognize, that, even if they might later discover facts in addition to or different from those that they now know or believe to be true, they nevertheless agree that, upon entry of the Final Judgment, they fully, finally, and forever settle and release any and all Released Claims.  The Parties acknowledge that the foregoing Releases were bargained for and are material elements of this Settlement Agreement.

14.3    "**Releasing Parties**" means Plaintiffs (including all plaintiffs from all lawsuits against Fenwick which were transferred into the FTX MDL) and the Settlement Class, along with all of the foregoing's current and former predecessors, successors, assigns, assignors, representatives, attorneys (including Class Counsel), agents, officers, directors, employees, affiliates, advisors (including investment advisors), family members, estates, trustees, insurers, reinsurers, and related entities, heirs, next of kin, beneficiaries, executors, and administrators, and any natural, legal or juridical person or entity that is entitled or claims to be entitled to assert any claim on behalf of any Plaintiff or Settlement Class Member.

14.4    "**Released Parties**" means Fenwick, as well as all of Fenwick's current and former agents, affiliates, predecessors, successors, executors, assigns, heirs, employees, legal representatives, attorneys, trustees, third-party claims administrators, insurers,

reinsurers, and related entities, as well as the current and former officers, directors, individual shareholders, board members, partners, employees, managers, professionals, attorneys, agents, and representatives, and all of the foregoing's trusts, trustees, spouses, heirs, and beneficiaries.

14.5    For avoidance of doubt, Releasing Parties are not releasing through this Settlement Agreement any claims against parties other than the Released Parties, including the other defendants in the FTX MDL who are not Released Parties.  In addition, through this Settlement Agreement, Plaintiffs are not releasing any claims, including claims to entitlement of funds, available through the voluntary petition for relief under Chapter 11 of the Bankruptcy Code filed with the United States Bankruptcy Court for the District of Delaware in the case captioned *In re FTX Trading Ltd.*, Case No. 22-11068 (JTD) (Bankr. D. Del.).

14.6    Plaintiffs and Class Counsel represent and warrant that:

a.    they have full authority to enter into this Settlement Agreement and to bind themselves to its terms (including that Class Counsel has the full authority to execute this Settlement Agreement on behalf of Plaintiffs, and thereby bind Plaintiffs to its terms and the representations and warranties herein);

b.    they have not transferred, assigned, or encumbered, and shall not transfer, assign, or encumber, any of the Released Claims to any third party, including but not limited to any person or entity with standing to bring suit in the bankruptcy proceedings captioned *In re FTX Trading Ltd.*, Case No. 22-11068 (JTD) (Bankr. D. Del.), or in any associated case;

c.    no other person or entity has any interest in the Released Claims; and

d.    they will indemnify, defend, and hold harmless Fenwick and the other Released Parties from and against any claims, liabilities, costs, or expenses (including reasonable attorneys' fees) arising from any breach of the foregoing representations and warranties.

14.7    ***Covenant Not to Sue.***  Plaintiffs and all Releasing Parties covenant and agree that they will not, directly or indirectly, commence, prosecute, participate in, or assist any action, lawsuit, arbitration, or other proceeding against any Released Party based upon, arising out of, or relating to any Released Claim.  This covenant not to sue is independent of and in addition to the releases set forth in this Section 14 and shall be enforceable by any Released Party as a third-party beneficiary.

## 15    <u>No Admission of Wrongdoing</u>

This Settlement Agreement, whether consummated or not, and any proceedings taken pursuant to it:

15.1    shall not be offered or received against Fenwick or the Released Parties as evidence of, or construed as or deemed to be evidence of, any presumption, concession, or

admission by Fenwick or the Released Parties with respect to the truth of any fact alleged by Plaintiffs or the validity of any claim that was or could have been asserted against Fenwick or the Released Parties in any action or in any litigation, or of any liability, negligence, fault, or wrongdoing of Fenwick or the Released Parties;

15.2    shall not be offered or received against Fenwick or the Released Parties as evidence of a presumption, concession, or admission of any fault, misrepresentation, or omission with respect to any statement or written document approved or made by Fenwick or the Released Parties, or against Plaintiffs or any other Settlement Class Member;

15.3    shall not be offered or received against Fenwick  or the Released Parties as evidence of a presumption, concession, or admission with respect to any liability, negligence, fault, or wrongdoing, or in any way referred to for any other reason in any other civil, criminal, or administrative action or proceeding, other than such proceedings as may be necessary to effectuate the provisions of this Settlement Agreement; provided, however, that if the Settlement Agreement is approved by the Court, Fenwick and the Released Parties may refer to it to effectuate the liability protection granted to it hereunder; and

15.4    shall not be considered against Fenwick or the Released Parties as an admission or concession that the consideration to be given hereunder represents the amount that could be or would have been recovered after trial.

## 16      Entire Agreement; No Oral Modifications

16.1    The Settlement Agreement is a fully-integrated agreement and sets forth the entire agreement among the Parties as to their subject matter and may not be altered or modified except by a written instrument executed by all Parties' counsel.  The Parties expressly acknowledge that there are no agreements, arrangements, or understandings among or between them concerning the settlement of the Fenwick Litigation and/or FTX MDL other than those expressed in the Settlement Agreement, and no Party has relied on any representation or warranty not set forth expressly in this Settlement Agreement.

## 17      Complete Bar Order

17.1    Plaintiffs shall request that any order granting Final Approval and Final Judgment include a bar order provision ("**Complete Bar Order**") stating:

17.1.1 Any and all persons and entities (including, but not limited to, other defendants in the FTX MDL) are permanently barred, enjoined, and restrained from commencing, prosecuting, or asserting any claim against any Released Party arising under any federal, state, or foreign statutory or common-law rule, however styled and without limitation, whether for indemnification, contribution, damages, or other remedy however denominated, including claims for breach of contract or for

**SETTLEMENT AGREEMENT**                                                                        **PAGE 20**

misrepresentation, where the claim is, arises from, or is related to a Released Claim and the alleged injury to such person or entity arises from that person's or entity's alleged liability to the Settlement Class or any Settlement Class Member, including any claim in which a person or entity seeks to recover from any of the Released Parties (i) any amounts that such person or entity has or might become liable to pay to the Settlement Class or any Settlement Class Member and/or (ii) any costs, expenses, or attorneys' fees from defending any claim by the Settlement Class or any Settlement Class Member.  All such claims are hereby extinguished, discharged, satisfied, and unenforceable, subject to a hearing to be held by the Court, if necessary.  The provisions of this subparagraph are intended to preclude any liability of any of the Released Parties to any person or entity for indemnification, contribution, or otherwise on any claim that is or arises from a Released Claim and where the alleged injury to such person or entity arises from that person's or entity's alleged liability to the Settlement Class or any Settlement Class Member; provided, however, that, if the Settlement Class or any Settlement Class Member obtains any judgment against any such person or entity based upon, arising out of, or relating to any Released Claim for which such person or entity and any of the Released Parties are found to be jointly liable and/or jointly and severally liable, that person or entity shall be entitled to a judgment credit equal to an amount that is the greater of (i) an amount that corresponds to such Released Party's or Released Parties' percentage of responsibility for the loss to the Settlement Class or Settlement Class Member or (ii) the amount paid by or on behalf of Fenwick to the Settlement Class or Settlement Class Member for common damages, unless the court entering such judgment orders otherwise.

17.1.2 Each and every Released Party is permanently barred, enjoined, and restrained from commencing, prosecuting, or asserting any claim against any other person or entity (including any other Released Party) arising under any federal, state, or foreign statutory or common-law rule, however styled, whether for indemnification or contribution or otherwise denominated, including claims for breach of contract and for misrepresentation, where the claim is or arises from a Released Claim and the alleged injury to such Released Party arises from that Released Party's alleged liability to the Settlement Class or any Settlement Class Member, including any claim in which any Released Party seeks to recover from any person or entity (including another Released Party) (i) any amounts that any such Released Party has or might become liable to pay to the Settlement Class or any Settlement Class Member and/or (ii) any costs, expenses, or attorneys' fees from defending any claim by the Settlement Class or any Settlement Class Member.  All such claims are hereby extinguished, discharged, satisfied, and unenforceable.

17.1.3 Notwithstanding anything stated in the Complete Bar Order, if any person or entity (for purposes of this subparagraph, a "petitioner") commences

**SETTLEMENT AGREEMENT**                                                      **PAGE 21**

against any of the Released Parties any action either (i) asserting a claim that is or arises from a Released Claim and where the alleged injury to such petitioner arises from that petitioner's alleged liability to the Settlement Class or any Settlement Class Member or (ii) seeking contribution or indemnity for any liability or expenses incurred in connection with any such claim, and if such action or claim is not barred by a court pursuant to this section or is otherwise not barred by the Complete Bar Order, neither the Complete Bar Order nor the Settlement Agreement shall bar claims by that Released Party against (x) such petitioner, (y) any person or entity who is or was controlled by, controlling, or under common control with the petitioner, whose assets or estate are or were controlled, represented, or administered by the petitioner, or as to whose claims the petitioner has succeeded, and (z) any person or entity that participated with any of the preceding persons or entities described in items (x) and/or (y) of this subparagraph in connection with the assertion of the claim brought against the Released Party or Released Parties.

17.1.4 If any term of the Complete Bar Order entered by the Court is held to be unenforceable after the date of entry, such provision shall be substituted with such other provision as may be necessary to afford all of the Released Parties the fullest protection permitted by law from any claim that is based upon, arises out of, or relates to any Released Claim.

17.1.5 Nothing in the Complete Bar Order shall (i) expand the release provided by Settlement Class Members and other Releasing Parties to the Released Parties under Section 14 above, or (ii) bar any Settlement Class Members who have validly excluded themselves from the Settlement Class from asserting any Released Claim against any Released Party.

17.2 Notwithstanding the Complete Bar Order or anything else in the Settlement Agreement, (i) nothing shall prevent the Parties from taking such steps as are necessary to enforce the terms of the Settlement Agreement, and (ii) nothing shall release, interfere with, limit, or bar the assertion by any Released Party of any claim for insurance coverage under any insurance, reinsurance, or indemnity policy.

17.3 The Parties acknowledge that the Complete Bar Order is a bargained-for and material element of this Settlement Agreement.

## 18 Cooperation

18.1 The Parties agree to cooperate in good faith with regard to the execution of any additional documents, and the performance of additional tasks, reasonably necessary or desirable to effectuate and implement the terms and conditions of this Settlement Agreement.

18.2    A violation of any of the terms and conditions of this Settlement Agreement shall subject the violator to a request for attorneys' fees and costs associated with enforcement of this Settlement Agreement.

## 19     Governing Law; Venue; Submission to Jurisdiction

19.1    *Governing Law.*   This Settlement Agreement shall be construed and enforced pursuant to the laws of the State of Florida, both substantive and procedural, and without regard to choice of law or conflicts of laws principles; however, nothing in this Settlement Agreement shall operate as a waiver of any Party's position regarding the applicable law governing the underlying claims at issue in the Fenwick Litigation.

19.2    *Venue.*   The Parties hereby agree that the exclusive venue for any action arising under or in any way related to this Settlement Agreement shall be the United States District Court for the Southern District of Florida, and all Parties hereby expressly waive any objection or defense that such venue is an inconvenient or otherwise improper forum for any dispute arising under or in any way related to this Settlement Agreement.

19.3    *Jurisdiction.*   All Parties recognize that all disputes arising from or in any way related to this Settlement Agreement shall be subject to the continuing and exclusive jurisdiction of the United States District Court for the Southern District of Florida, and all Parties hereby waive any and all objections to personal jurisdiction as they may relate to the enforcement of the terms of this Settlement Agreement in that Court.

## 20     Admissibility

20.1    This document is deemed to be a "settlement agreement" and, therefore, is not admissible in a court of law or equity other than to enforce its terms and conditions.

## 21     Interpretation

21.1    Each of the Parties to this Settlement Agreement has been represented by legal counsel or has had the opportunity to consult with legal counsel, tax counsel, and financial advisors throughout the negotiations and drafting of this Settlement Agreement and has had the opportunity to adequately confer with legal counsel, tax counsel, and financial advisors with respect thereto.   Each of the Parties acknowledge that, in executing this Settlement Agreement, it has not relied upon any representations or warranties not expressly stated in writing in this Settlement Agreement of any other Party or its agents, attorneys, representatives, insurers, or otherwise.   No promise or agreement which is not expressly stated in writing in this Settlement Agreement has been made by anyone in connection with executing this Settlement Agreement.   Each Party agrees that any omissions of, or lack of knowledge of, any fact concerning or related in any way whatsoever to the matters covered by this Settlement Agreement are of no consequence in the decision to execute this Settlement Agreement.

**SETTLEMENT AGREEMENT**                                                                    **PAGE 23**

Docusign Envelope ID: E46E1059-BA8E-8BDB-8265-67ECB2DDC5A0

21.2    In the event a dispute arises among the Parties regarding the interpretation of any term of this Settlement Agreement, the Parties shall be considered collectively to be the drafting party, and any rule of construction to the effect that ambiguities are to be resolved against the drafting party shall be inapplicable.  As a result, this Settlement Agreement shall not be more strictly construed against any one Party or in favor of any other Party.

21.3    As used in this Settlement Agreement, the masculine, feminine, or neutral gender, and the singular or plural wording, shall each be deemed to include the others whenever the context so indicates.

## 22    Scope of Binding Effect

22.1    This Settlement Agreement shall be binding upon and inure to the benefit of the respective successors and assigns of the Parties, as well as the Released Parties, all of whom are intended third-party beneficiaries of this Settlement Agreement.

## 23    Disclosed Information Shall Be Kept Confidential

23.1    The Parties hereby represent and warrant that any confidential information that they have received from any other Party, including but not limited to documents and information shared in the mediation and settlement negotiation process, shall not be disclosed.

## 24    Counterparts/Originals

24.1    This Settlement Agreement may be executed in counterparts, each of which will be deemed an original, but all of which together will constitute the same instrument. A fax or portable document format (PDF) of this Settlement Agreement and all signatures thereon will be deemed a duplicate original of the Settlement Agreement and may be used by any Party to this Settlement Agreement in the same manner as an original copy of this Settlement Agreement.

## 25    Notices

25.1    Any notice or demand required or permitted by any provision of this Settlement Agreement (other than the requirements of Sections 11 and 12 regarding objections and requests for exclusion) shall be deemed sufficient if it is delivered via e-mail in accordance with the information contained in Section 11.1, above.

## 26    Waiver of Jury Trial

26.1    **THE PARTIES (INCLUDING, UPON FINAL APPROVAL, SETTLEMENT CLASS MEMBERS) HEREBY UNCONDITIONALLY, KNOWINGLY, IRREVOCABLY, VOLUNTARILY, AND INTENTIONALLY WAIVE ANY RIGHT TO A TRIAL BY JURY IN CONNECTION WITH ANY ACTION, SUIT, DEFENSE, COUNTERCLAIM, OR OTHER PROCEEDING ARISING UNDER OR IN ANY WAY RELATED TO THIS SETTLEMENT**

**SETTLEMENT AGREEMENT**                                                    **PAGE 24**

Docusign Envelope ID: E46E1059-BA8E-8BDB-8265-67ECB2DDCFA0

AGREEMENT, AND THE PARTIES RECOGNIZE THAT THIS PROVISION IS A MATERIAL INDUCEMENT FOR THE PARTIES' ENTERING INTO THIS SETTLEMENT AGREEMENT.

IN WITNESS WHEREOF, the Parties to this Agreement have caused this document to be executed.

**Class Counsel on behalf of the Class Representatives**

By: Adam M. Moskowitz

Title: Managing Partner

Date: 05/22/2026

DocuSigned by:

Richard Dickson

6015ACEBC50F4B0...

**Fenwick & West LLP**

By: Richard Dickson

Title: Chair

Date: 22-May-2026 | 11:34 AM PDT

# Exhibit 1C

<u>**SETTLEMENT AGREEMENT**</u>

This Class-Action Settlement Agreement (the **"Settlement Agreement"**) was entered into as of May 11, 2026, between and among, on the one hand, Plaintiffs Brandon Orr, Leandro Cabo, Ryan Henderson, Charles Dollwet, Jeffrey Malinovitz, Michael Livieratos, Alexander Chernyavsky, Gregg Podalsky, Vijeth Shetty, Chukwudozie Ezeokoli, Evan Hayes, Michael Norris, Mark Girshovich, Edwin Garrison, Shengyun Huang, Julie Papadakis, and Kyle Rupprecht (collectively, **"Plaintiffs"**), on behalf of themselves and all others similarly situated (the **"Class"**), and, on the other hand, Udonis Haslem (**"Mr. Haslem"**) (collectively, the **"Parties"**).

**WHEREAS**, Plaintiffs commenced this putative class-action lawsuit (the "**Garrison Action**") on or about November 15, 2022 when they filed the original Class Action Complaint and Demand for Jury Trial;

**WHEREAS**, Plaintiffs filed their Amended Class Action Complaint and Demand for Jury Trial on or about December 16, 2022;

**WHEREAS**, Plaintiffs filed a document also titled Amended Class Action Complaint and Demand for Jury Trial on May 15, 2023;

**WHEREAS**, the United States Judicial Panel on Multidistrict Litigation entered a Transfer Order on or about June 5, 2023, whereby the Garrison Action was assigned to the Honorable K. Michael Moore for coordinated or consolidated pretrial proceedings with a number of other actions;

**WHEREAS**, on or about June 21, 2023, Judge Moore entered an Order indicating that the Clerk would maintain a master record under the style: *In re FTX Cryptocurrency Exchange Collapse Litigation*, Case No. 23-md-03076-KMM (the "**Consolidated Action**");

**WHEREAS**, during a Status Conference in the Consolidated Action that took place on or about June 21, 2023, Judge Moore requested that Plaintiffs in the Consolidated Action file consolidated amended complaints for each grouping of defendants – including one directed to those individuals and entities described by Plaintiffs as "Promoters and Digital Creator Defendants," which group includes Mr. Haslem;

**WHEREAS**, on or about August 8, 2023, Plaintiffs filed a document titled Administrative Class Action Complaint and Demand for Jury Trial: Promoters and Digital Creator Defendants;

**WHEREAS**, on or about August 11, 2023, Plaintiffs filed a document titled [Corrected] Administrative Class Action Complaint and Demand for Jury Trial: Promoters and Digital Creator Defendants;

**WHEREAS**, on or about May 7, 2025, Judge Moore entered an Order granting in part and denying in part without prejudice the Promoters and Digital Creator Defendants motions to dismiss and granted leave to for Plaintiffs to file an amended complaint.

**WHEREAS**, on or about May 28, 2025, Plaintiffs filed a document titled First Amended Administrative Class Action Complaint and Demand for Jury Trial: Promoters and Digital Creator Defendants (the "**Operative Complaint**").

**WHEREAS**, the crux of the allegations pleaded in the Operative Complaint is that the Promoters and Digital Creator Defendants personally participated or aided in making the sale of unregistered securities and that they are jointly and severally liable for all losses allegedly sustained by the Class;

**WHEREAS**, Mr. Haslem adamantly denies any and all wrongdoing whatsoever and maintains that he did absolutely nothing unlawful or otherwise improper and that he ultimately would be absolved of all liability if this matter were litigated to a conclusion on the merits;

**WHEREAS**, the Parties wish to settle to avoid the expense, inconvenience, and uncertainty of continued litigation and, therefore, have entered into this Settlement Agreement and agree to be bound by the terms and conditions as set forth herein (the "**Settlement**");

**NOW**, **THEREFORE**, for and in consideration of the mutual covenants set forth in this Settlement Agreement, the receipt and sufficiency of which are hereby acknowledged, the Parties stipulate and agree as follows:

1.      <u>**RECITALS**</u>: All of the foregoing recitals are true and correct.

2.      <u>**SUBMISSION AND APPLICATION TO THE COURT**</u>: Because this is a putative class action, it cannot be settled without the approval of the Court, which must analyze this Settlement Agreement against the prerequisites of Federal Rule of Civil Procedure 23 (**"Rule 23"**). Accordingly, and consistent with the timeframes and protocol set forth below, Plaintiffs shall file with the Court a motion seeking the entry of an order granting preliminary approval of this Settlement Agreement (**"Preliminary Approval"**), in the form attached as **Exhibit A**, which shall include provisions that:

    a.      Preliminarily approve the Settlement Agreement as within the range of what is reasonable;

    b.      Certify the Class for the purposes of effectuating the Settlement Agreement;

    c.      Approve the plan, as set forth in the Settlement Agreement, for dissemination of a Notice of Proposed Settlement of Class Action and Final Approval Hearing (the **"Notice"**);

    d.      Provide that the distribution of the Notice substantially in the manner set forth in the motion seeking Preliminary Approval constitutes the best notice practicable under the circumstances, meets the requirements of applicable law and due process, is due and sufficient notice of all matters relating to the Settlement Agreement, and fully satisfies the requirements of Rule 23; and

e. Inform the Class that a final approval hearing (**"Final Approval Hearing"**) will be held to determine whether the Court should:

    i. enter an Order and Final Judgment granting final approval of the Settlement Agreement pursuant to Rule 23 as fair, reasonable, adequate, and in the best interests of the Class, and approving the requested complete bar order and permanent injunction;

    ii. enter an order awarding counsel for Plaintiffs and the Class ("**Class Counsel**," as further herein defined) their reasonable attorneys' fees and costs and awarding General Release Payments to Plaintiffs; and

    iii. hear all such other matters as the Court may deem necessary and appropriate.

3. **NOTICE:** The Parties agree that Co-Lead Class Counsel shall be responsible for overseeing the process of providing the Notice and administering the Settlement Agreement. Co-Lead Class Counsel, however, may retain a company that specializes in class-action administration (the "**Settlement Administrator**") to perform those functions. The Parties further agree that the Settlement Consideration (defined below) may be utilized to pay all reasonable costs and expenses incurred in providing the Notice and administering the Settlement Agreement. Co-Lead Class Counsel shall prepare a notice that will contain a description of the Settlement Agreement and afford affected parties the opportunity to obtain copies of all the settlement-related papers. The Notice shall be the legal notice to be provided to the Class Members and shall otherwise comply with Rule 23 and any other applicable statutes, laws, and rules, including, but not limited to, the Due Process Clause of the United States Constitution. The Notice will be distributed in accordance with item b below.

a. The Notice shall advise the potential Class Members of the following:

    i. General Terms. The Notice shall contain a plain, neutral, objective, and concise summary description of the nature of the Consolidated Action and the terms of the proposed Settlement, including all relief that will be provided by Mr. Haslem to the Class in the Settlement, as set forth in this Agreement. This description shall also disclose, among other things, that (a) any relief to Class Members offered by the Settlement is contingent upon the Court's approval of the Settlement, which will not become effective until the Effective Date; and (b) Co-Lead Class Counsel and Plaintiffs have reserved the right to petition the Court for an award of Attorneys' Fees and Expenses and General Release Payments from the Settlement Consideration. The Settlement is not contingent upon the award of any particular amount of Attorneys' Fees and Expenses or General Release Payments.

3

ii.     <u>The Class</u>. The Notice shall define the Class and shall disclose that the Class has been provisionally certified for purposes of settlement only.

iii.     <u>Opt-Out Rights</u>. The Notice shall inform the Class Members of their right to seek exclusion from the Class and the Settlement and shall provide the deadlines and procedures for exercising this right.

iv.     <u>Objection to Settlement</u>. The Notice shall inform Class Members of their right to object to the proposed Settlement and to appear at the Fairness Hearing and shall provide the deadlines and procedures for exercising these rights.

v.     <u>Fairness Hearing</u>. The Notice shall disclose the date and time of the Fairness Hearing and explain that the Fairness Hearing may be rescheduled without further notice to the Class.

vi.     <u>Releases</u>. The Notice shall summarize or recite the proposed terms of the Releases contemplated by this Agreement.

vii.     <u>Further Information</u>. The Notice shall disclose where Class Members may direct written or oral inquiries regarding the Settlement, and also where they may obtain additional information about the Consolidated Action, including instructions on how Class Members can access the case docket using PACER or in person at any of the court's locations.

**b.**     <u>Service.</u> The Settlement Administrator shall serve the Notice no later than thirty days after entry of the Preliminary Approval Order via publication to the dedicated website created and maintained for the Consolidated Action, and via email to any Class Members whose email addresses are reasonably available to Co-Lead Class Counsel.

**c.**     <u>Settlement Website.</u> Plaintiffs shall cause the Settlement Administrator to establish the Settlement Website, whose address shall be included and disclosed in the Notice, and which will inform potential Class Members of the terms of this Agreement, their rights, the dates and deadlines for any necessary action, and related information. The Settlement Website shall include, in .pdf format, a copy of the Operative Complaint, this Agreement and its exhibits, any Preliminary Approval Order entered by the Court, and a copy of the Notice, along with such other information as the Court may designate or the Parties may agree to post there. The Settlement Website will be operational and live by the date of the first mailing of the Notice. A Spanish-language translation of the Notice shall be placed on the Settlement Website by the Settlement Administrator at the time the Settlement Website becomes operational and live. The Spanish-language translation shall be

4

created by a federally certified translator. However, in the case of conflict, the English-language version of the Notice shall control.

    **d.**    <u>Internet and Other Publication Notice.</u> Plaintiffs shall cause the Settlement Administrator to make advertisements on the internet for the purpose of alerting Class Members to the Settlement Website, in a form recommended by the Settlement Administrator and mutually acceptable to the Parties, with an aggregate cost not to exceed 1% of the funds provided by all settling Promoter Defendants. In addition, Plaintiffs will cause notice of the Settlement to be published in *The Wall Street Journal*.

    **e.**    <u>Notice to Appropriate Federal and State Officials.</u> Pursuant to the notice provisions of the Class Action Fairness Act, 28 U.S.C. § 1715 ("**CAFA**"), within ten (10) days after this Agreement is deemed filed with the Court, Plaintiffs will provide notice of this Action and this Agreement to the appropriate federal and state entities.

    **4.**    **ORDER AND FINAL JUDGMENT:** If the Court grants Preliminary Approval of the Settlement Agreement, Plaintiffs shall request that the Court enter an Order and Final Judgment (**"Final Approval"**). While the Court ultimately has control over the form and content of its own orders, the Parties contemplate that the Order and Final Judgment shall:

    **a.**    approve the Settlement Agreement, adjudge the terms thereof to be fair, reasonable, adequate, and in the best interests of the Class, and direct consummation of the Settlement Agreement in accordance with its terms and conditions;

    **b.**    determine that the requirements of Rule 23 and due process have been satisfied in connection with both the certification of the Class and the provision of notice of the Settlement;

    **c.**    approve the dismissal with prejudice of all claims pled against Mr. Haslem in the Garrison Action and the Operative Complaint;

    **d.**    enter the requested releases, complete bar order, and permanent injunction;

    **e.**    award Class Counsel their reasonable attorneys' fees and costs;

    **f.**    award Plaintiffs their General Release Payments; and

    **g.**    reserve continuing and exclusive jurisdiction over the Consolidated Action, including to supervise the consummation and administration of the Settlement Agreement.

**5.**     **EFFECTIVE DATE:** The Settlement Agreement shall be deemed effective (the "Effective Date") upon:

> **a.**     the entry of the Order and Final Judgment approving the Settlement Agreement; and
>
> **b.**     either:
>
>> i.     the expiration of any applicable appeal period for the appeal of the Order and Final Judgment without an appeal's having been filed; <u>or</u> (if an appeal is taken)
>>
>> ii.     the entry of an order affirming the Order and Final Judgment and the expiration of any applicable period for the reconsideration, rehearing, review, or appeal of such order without any motion for reconsideration or rehearing or further appeal's having been filed; <u>or</u> (if a motion for reconsideration or rehearing or further appeal is filed)
>>
>> iii.     the entry of subsequent order affirming the Order and Final Judgment.

**6.**     **CONTINGENT PROTOCOL IF THE SETTLEMENT AGREEMENT IS NOT APPROVED:** In the event the Court does not approve the Settlement Agreement either at the Preliminary Approval or Final Approval stage, or if the Settlement Agreement is terminated according to its terms or does not otherwise take effect upon the Effective Date, then the Settlement Agreement shall be deemed void, *nunc pro tunc*, and the Parties will resume the litigation posture they were in as of May 11, 2026. The Parties, however, intend for this Settlement Agreement to resolve, fully and completely, all claims (and potential claims) that Plaintiffs and the Class have brought (or could have brought) against Mr. Haslem. As such, the Parties shall endeavor to pursue Preliminary Approval and Final Approval of the Settlement Agreement, cooperate in the pursuit thereof, and take all reasonable efforts to make certain that the Court grants both Preliminary Approval and Final Approval.

**7.**     **THE PARTIES SHALL ANNOUNCE THE SETTLEMENT TO THE COURT:** The Parties shall prepare and submit a joint notice to the Court advising the Court that they have agreed to a Settlement Agreement, and that they will submit a motion seeking Preliminary Approval at the appropriate time (which is addressed below), and the Parties shall cooperate in the drafting thereof. In addition:

> **a.**     The terms of this Settlement Agreement are to be kept strictly confidential unless and until Plaintiffs file a motion seeking Preliminary Approval, and the Parties agree that this confidentiality provision is a material element of this Settlement Agreement and is a part of the consideration for their entering into this Settlement Agreement.

**b.**     Prior to the filing of a motion seeking Preliminary Approval (if any is filed), the Parties are not to make any public comment regarding the Settlement Agreement. If contacted by the press or otherwise prior to the filing of a motion seeking Preliminary Approval, the Parties are to respond simply: *"no comment."*

**c.**     But after the filing of a motion seeking Preliminary Approval:

  i.     Co-Lead Class Counsel may make all statements in court proceedings as reasonably necessary to advocate in favor of Final Approval; but neither Co-Lead Class Counsel nor any other Class Counsel shall otherwise make any public comments specific to Mr. Haslem that might injure his image and brand regarding the Settlement Agreement or otherwise disparage him or any other Released Party; and

  ii.    Mr. Haslem may issue a public statement, if he chooses to do so, explaining why he chose to settle the case and to protect his image and brand. Any such public statement, however, shall not disparage Plaintiffs, the Class, or Class Counsel.

**d.**     Notwithstanding any other provision of this section 7, nothing in this Settlement Agreement shall prevent Mr. Haslem or other Released Parties from determining, in their sole discretion, to make whatever disclosures they believe might be required or appropriate, including in governmental or regulatory filings or to regulators, attorneys, accountants, and insurers.

**8.     SETTLEMENT CONSIDERATION:** Mr. Haslem shall pay the sum of Four Hundred and Twenty Thousand Dollars ($420,000) (the "**Settlement Consideration**") to settle this matter, which sum shall be paid within 30 days after the Effective Date. The Settlement Consideration includes all costs, fees, or other payments in connection with the Settlement, including but not limited to all costs of notice and administration (including CAFA notice), attorneys' fees, litigation expenses, General Release Payments, and any other costs and expenses. Mr. Haslem shall not be responsible for paying any other amount in connection with this Settlement.

**9.     MEDIATION:** In the event that there are any *bona fide* disputes regarding the interpretation or execution of this Settlement Agreement, the Parties will attempt to resolve them in mediation before the Honorable Howard Tescher upon the request of any Party.

**10.     THE CLASS DEFINITION:** For purposes of this Settlement Agreement, "Class" means:

All persons or entities who, from May 1, 2019 to the date on which the Court orders dissemination of notice to the Class, purchased or held legal title to and/or beneficial interest in any fiat or cryptocurrency deposited or

invested through an FTX Platform, purchased, or enrolled in a YBA, or purchased FTT.

Excluded from the Class are the MDL Defendants and their officers, directors, affiliates, legal representatives, and employees, the FTX Group and their officers, directors, affiliates, legal representatives, and employees, any governmental entities, any judge, justice, or judicial officer presiding over this matter and the members of their immediate families and judicial staff.

To the extent not otherwise included in the Class, Class Members include customers of the FTX Group who deposited cash and digital assets at either or both the FTX Group's U.S.-based and non-U.S.-based trading platforms and have been unable to withdraw, use, or access the billions of dollars in assets that were contractually required to be held safely in accounts on their behalf.

"Class Counsel" means, collectively, all counsel of record for the Class Members in the FTX MDL, including Co-Lead Class Counsel.

"Class Member" means a person or entity who falls within the definition of the Class as set forth in this section.

"Class Representatives" means Brandon Orr, Leandro Cabo, Ryan Henderson, Charles Dollwet, Jeffrey Malinovitz, Michael Livieratos, Alexander Chernyavsky, Gregg Podalsky, Vijeth Shetty, Chukwudozie Ezeokoli, Evan Hayes, Michael Norris, Mark Girshovich, Edwin Garrison, Shengyun Huang, Julie Papadakis, and Kyle Rupprecht.

"Co-Lead Class Counsel" means Adam Moskowitz of The Moskowitz Law Firm, PLLC, and David Boies of Boies Schiller Flexner LLP.

"FTT" means FTT, the cryptocurrency token minted and distributed by FTX Group.

"FTX Platform" means the mobile application and/or web-based cryptocurrency investment service offered by FTX Trading and its subsidiaries that places cryptocurrency trade orders on behalf of users.

"YBA" means a Yield-Bearing Account offered by FTX Trading and/or FTX US on the FTX Platform.

**11.** **ADMINISTRATION AND DISTRIBUTION OF THE SETTLEMENT CONSIDERATION:** Regarding the administration and distribution of the Settlement Consideration (if any):

    **a.** Co-Lead Class Counsel, or their authorized agents, shall administer and calculate the amounts payable to all members of the Class and, after the Effective Date, shall oversee distribution of the Settlement Consideration to all members of the Class;

**b.** Neither Mr. Haslem, nor his counsel, shall have any responsibility or liability relating to distribution of the Settlement Consideration; and

**c.** The Settlement Consideration (subject to Court approval) may be utilized to pay all reasonable costs and expenses incurred in providing Notice and administering the Settlement Agreement.

12. **PROCEDURES FOR OBJECTING TO THE SETTLEMENT:** Only Class Members may object to the settlement. All objections must be filed no later than thirty calendar days prior to the Final Fairness Hearing (the "Objection/Exclusion Deadline") with Clerk of the United States District Court for the Southern District of Florida, 400 North Miami Avenue, 8th Floor, Miami, FL 33128, and served by first-class or overnight mail and email at that same time upon both of the following:

Co-Lead Class Counsel:
Adam M. Moskowitz
Joseph M. Kaye
**THE MOSKOWITZ LAW FIRM, PLLC**
3250 Mary Street, Suite 202
Miami, FL 33133
adam@moskowitz-law.com
joseph@moskowitz-law.com
service@moskowitz-law.com

-and-

David Boies
Brooke Alexander
**BOIES SCHILLER FLEXNER LLP**
333 Main Street
Armonk, NY 10504
Phone: (914) 749–8200
dboies@bsfllp.com
balexander@bsfllp.com

-and-
Mr. Haslem's Counsel:
Dorian Daggs (Fla. Bar No. 1028485)
Dorian.daggs@squirepb.com
**Squire Patton Boggs (US) LLP**
200 S. Biscayne Boulevard, Ste. 3400
Miami, Florida 33131
(305) 577-7000
(305) 577-7001 (fax)

9

**a.** A Class Member's objection must:
- i. be in writing;
- ii. include the objector's full name, current address, and current telephone number;
- iii. include documentation or attestation sufficient to establish membership in the Class;
- iv. be signed by the person filing the objection, or his, her, or its attorney;
- v. state, in detail, the factual and legal grounds for the objection;
- vi. state any objections filed by the objector in the last seven years (case name, name of court, and result of objection);
- vii. attach any document the Court should review in considering the objection and ruling on the motion for final approval of the Settlement;
- viii. provide dates for availability to Co-Lead Class Counsel for the Class Member's deposition; and
- ix. include a request to appear at the Final Approval Hearing, if the objector intends to appear at the Final Approval Hearing.

**b.** Any objection that does not meet all of these requirements will be deemed invalid and will be overruled.

**c.** Subject to approval of the Court, any Class Member who has filed a written objection, and only those Class Members, may appear, in person or by counsel, at the Final Approval Hearing held by the Court, to show cause why the proposed Settlement should not be approved as fair, adequate, and reasonable, or to object to any petitions for attorneys' fees, General Release Payments, and reimbursement of reasonable litigation costs and expenses. The objecting Class Member must file with the Clerk of the Court and serve upon Co-Lead Class Counsel and Mr. Haslem's Counsel (at the addresses listed above), a notice of intention to appear at the Final Approval Hearing ("Notice of Intention to Appear") on or before the Objection/Exclusion Deadline.

**d.** The Notice of Intention to Appear must include copies of any papers, exhibits, or other evidence that the objecting Class Member (or his/her/its counsel) will present to the Court in connection with the Final Approval Hearing. Any Class Member who does not provide a Notice of Intention to Appear in complete accordance with the deadlines and other specifications set forth in the Class Notice will not be allowed to speak or otherwise present any views at the Final Approval Hearing.

**e.** The date of the postmark on the mailing envelope or a legal proof of service accompanied and a file-stamped copy of the submission shall be the

10

exclusive means used to determine whether an objection and/or notice of intention to appear has been timely filed and served. In the event that the postmark is illegible, the objection and/or notice of intention to appear shall be deemed untimely unless it is received by the counsel for the Parties within two (2) calendar days after the Objection/Exclusion Deadline.

f. Response to Objections: Co-Lead Class Counsel and Mr. Haslem's counsel (if they so choose) shall, at least ten (10) business days (or such other number of days as the Court shall specify) before the Final Approval Hearing, file any responses to any written objections submitted to the Court by Class Members in accordance with this Agreement.

g. No Solicitation of Settlement Objections: The Parties agree to use their best efforts to carry out the terms of this Settlement. At no time will any of the Parties or their counsel seek to solicit or otherwise encourage any Class Member to object to the settlement or encourage any Class Member to appeal from the final judgment.

**13.** **PROCEDURES FOR REQUESTING EXCLUSION FROM SETTLEMENT:** Any person or entity falling within the definition of the Class that does not wish to participate in the Settlement Agreement (i.e., to receive a *pro rata* share of the Settlement Consideration and to be bound by the dismissals and release set forth herein) must request exclusion from the Class – i.e., "Opt Out."

a. Any Class Member who wishes to be excluded from the Class must mail a written "request for exclusion" to the Settlement Administrator at the address provided in the Class Notice, mailed sufficiently in advance to be received by the Settlement Administrator no later than the Objection/Exclusion Deadline. A written request for exclusion must: (a) contain a caption or title that identifies it as "Request for Exclusion in In re FTX Cryptocurrency Exchange Collapse Litigation"; (b) include the Class Member's name, mailing and email addresses, and contact telephone number; (c) specify that he or she wants to be "excluded from the Class"; (d) provide all of the additional information specified in the Class Notice; and (e) be personally signed by the Class Member. The requirements for submitting a timely and valid request for exclusion shall be set forth in the Class Notice.

b. Each Class Member who wishes to be excluded from the Class must submit his, her, or its own personally signed written request for exclusion. A single written request for exclusion submitted on behalf of more than one potential Class Member will be deemed invalid; provided, however, that an exclusion received from one Class Member will be deemed and construed as a request for exclusion by all co-account holders.

11

c.   Unless excluded by separate Order entered by the Court for good cause shown prior to the final approval of this Settlement, any Class Member who fails to strictly comply with the procedures set forth in this section for the submission of written requests for exclusion will be deemed to have consented to the jurisdiction of the Court, will be deemed to be part of the Class, and will be bound by all subsequent proceedings, orders, and judgments in the Action, including, but not limited to, the Releases, even if he or she has litigation pending or subsequently initiates litigation against Mr. Haslem or any other Released Party relating to the Released Claims (as defined below).

d.   The Settlement Administrator shall file with the Court, no later than ten (10) days before the Fairness Hearing, a list reflecting all requests for exclusion it has received. The list shall also identify which of those requests for exclusion were received late, and which requests for exclusion failed to comply with the requirements of this section 13.

e.   Class Members who exclude themselves from the Class as set forth in this section expressly waive any right to the continued pursuit of any objection to the Settlement or to otherwise pursue any objection, challenge, appeal, dispute, or collateral attack to this Agreement or the Settlement, including: to the Settlement's fairness, reasonableness, and adequacy; to the appointment of Co-Lead Class Counsel and Plaintiffs as the representatives of the Class; to any award of Attorneys' Fee and Expense and/or Plaintiffs' General Release Payments; and to the approval of the Notice and the procedures for disseminating the Notice to the Class.

f.   Without limiting any other rights under this Settlement Agreement, Haslem may unilaterally withdraw from and terminate this Settlement Agreement if opt-outs are received from potential Settlement Class members in an amount that equals or exceeds the Termination Threshold as set out in the Parties' Supplemental Agreement.

14.   **ATTORNEYS' FEES AND COSTS:** The Parties hereby stipulate and agree that:

**a.**   Co-Lead Class Counsel may petition the Court for an award of Attorneys' Fees and Expenses in an aggregate amount not to exceed thirty-three percent (33%) of the Settlement Consideration. Co-Lead Class Counsel shall file their motion for an Attorneys' Fees and Expenses award no later than fourteen (14) days before the Objection/Exclusion Deadline. As soon as is practicable after filing, Co-Lead Class Counsel shall cause the Settlement Administrator to post on the Settlement Website all papers filed and served in support of Co-Lead Class Counsel's motion for an award of Attorneys' Fees and Expenses. Mr. Haslem reserves the right to oppose any petition by Co-Lead Class Counsel (or any other Class Counsel) for Attorneys' Fees and

12

Expenses that Mr. Haslem deems to be unreasonable in nature or amount or otherwise objectionable.

b.  All attorneys' fees for, and any reimbursement of litigation expenses incurred by, Class Counsel shall be paid out of the Settlement Consideration. Other than making available the Settlement Consideration pursuant to the requirements of section 8, Mr. Haslem shall have no responsibility for, and no liability whatsoever with respect to, any payment of attorneys' fees or expenses to Co-Lead Class Counsel, any other Class Counsel, and/or Plaintiffs, which amounts Class Counsel and Plaintiffs shall seek to have paid only from the Settlement Consideration.

c.  Co-Lead Class Counsel is solely responsible for distributing any Attorneys' Fees and Expenses to and among all attorneys that may claim entitlement to attorneys' fees or costs in the Garrison Action or the Consolidated Action. It is a condition of this Settlement that Mr. Haslem shall not be liable to anyone else for any attorneys' fees or costs, or any claim by any other counsel or Class Member or Plaintiff, for additional attorneys' fees, costs, or expenses relating in any way to the Consolidated Action, the Settlement, its administration and implementation, any appeals of orders or judgments relating to the Settlement, any objections or challenges to the Settlement, and/or any proceedings on behalf of Class Members who do not exclude themselves from the Class based on any of the claims or allegations forming the basis of the Action or any other claims that are defined as Released Claims in this Settlement.

d.  Within forty-four (44) days after the later of (a) the Effective Date or (b) receipt of wire instructions from Co-Lead Class Counsel, whichever is later, the Settlement Administrator shall pay Co-Lead Class Counsel from the Settlement Consideration any Attorneys' Fees and Expenses and General Release Payments that may be awarded by the Court. Co-Lead Class Counsel shall be solely responsible for supplying the Settlement Administrator with all information required by the Settlement Administrator in order to pay such awards from the Settlement Consideration and to comply with the Settlement Administrator's state and local reporting obligations. Co-Lead Class Counsel will also be solely responsible for distributing such General Release Payments to Plaintiffs, in accordance with the terms and provisions of any Order entered by the Court approving such awards. Mr. Haslem will have no responsibility or liability for the General Release Payments.

e.  In the event the Final Order and Judgment are not entered, or this Agreement and the Settlement do not reach the Effective Date, Mr. Haslem will not be liable for, and shall be under no obligation to pay, the Settlement

13

Consideration or any of the Attorneys' Fees and Expenses and General Release Payments set forth herein and described in this Agreement.

f.     The effectiveness of this Agreement and Settlement will not be conditioned upon or delayed by the Court's or any appellate court's failure to approve in whole or in part any petition by Plaintiffs and Class Counsel for Attorneys' Fees and Expenses and General Release Payments. The denial, downward modification, or failure to grant any petition by Plaintiffs and Class Counsel for Attorneys' Fees and Expenses and General Release Payments shall not constitute grounds for modification or termination of this Agreement or the Settlement proposed herein.

15.    **GENERAL RELEASE IN FAVOR OF MR. HASLEM:** Save and except only those obligations expressly owed by Mr. Haslem under this Settlement Agreement, Plaintiffs and the Class, including each and every Class Member and their related Releasing Parties, hereby now and forever release, remise, acquit, satisfy, and discharge Mr. Haslem, as well as all his current and former agents, affiliates, predecessors, successors, parents, subsidiaries, executors, assigns, spouses, family members, heirs, employees, legal representatives, attorneys, trustees, insurers, reinsurers, and related entities, and the current and former officers, directors, employees, attorneys, agents, and representatives of any and all of them (collectively with Mr. Haslem, the "**Released Parties**"), from any and all claims, causes of action (whether claims, counter-claims, cross-claims, third-party claims, or otherwise), lawsuits, demands, contributions, indemnities, apportionments, duties, debts, sums, suits, omissions, covenants, contracts, controversies, agreements, promises, commitments, compensation, damages, expenses, fees, and costs whatsoever, in law or equity, whether arising under state, federal, common, or administrative law or otherwise, whether direct, derivative, representative, or in any other capacity, whether ***known or unknown, accrued or unaccrued***, contingent or absolute, asserted or unasserted, suspected or unsuspected, disclosed or undisclosed, hidden or concealed, matured or unmatured, that concern or in any way relate to or arise out of (a) the allegations in the Garrison Action, the Consolidated Action, the Garrison Complaint, and/or the Operative Complaint, (b) any social-media posts or other statements or alleged promotional efforts by Mr. Haslem or his related Released Parties concerning, referring, or relating to the FTX Group and/or its affiliates, the FTX Platform, YBAs, and/or FTT, (c) any other claims relating to the FTX Group, the FTX Platform, YBAs, and/or FTT, and/or (d) the defense or settlement of the Garrison Action, the Consolidated Action, or the FTX MDL, the provision of notice in connection with the Settlement, and the resolution of any claims for Settlement relief (collectively, the "**Released Claims**"); *provided, however,* that nothing in this section shall release any claim to enforce the terms of this Settlement Agreement if it becomes effective on the Effective Date. Plaintiffs have not assigned, and shall not assign, any claims that have been brought, or could be brought, against Mr. Haslem to any person or entity, including any person or entity with standing to bring suit in the aforementioned Bankruptcy Proceedings – *i.e., In re: FTX Trading Ltd., et al.,* United States Bankruptcy Court, District Court of Delaware Case No. 22-11068 (JTD) – or in any associated case.

a.     In connection with the foregoing release provisions (the "**Releases**"), Plaintiffs, the Class, and the other Releasing Parties shall be deemed, as of the entry of the Final Judgment, to have waived any and all provisions,

14

rights, and benefits conferred by California Civil Code § 1542 (and any statute, rule, or legal doctrine similar, comparable, or equivalent to it), which provides:  "A general release does not extend to claims that the creditor or releasing party does not know or suspect to exist in his or her favor at the time of executing the release and that, if known by him or her, would have materially affected his or her settlement with the debtor or released party."  To the extent anyone might argue that California Civil Code § 1542 or any similar, comparable, or equivalent statute, rule, or legal doctrine is applicable – notwithstanding the Parties' choice of Florida law to govern this Settlement Agreement – Plaintiffs, the Class, and Class Counsel hereby agree, and each Class Member and other Releasing Party will be deemed to agree, that the provisions of all such principles of law or similar federal or state laws, rights, rules or legal principles, to the extent they are found applicable herein, are hereby knowingly and voluntarily waived, relinquished, and released.  Plaintiffs and Class Counsel recognize, and each Class Member and other Releasing Party will be deemed to recognize, that, even if they might later discovery facts in addition to or different from those that they now know or believe to be true, they nevertheless agree that, upon entry of the Final Judgment, they fully, finally, and forever settle and release any and all Released Claims.  The Parties acknowledge that the foregoing Releases were bargained for and are material elements of this Settlement Agreement.

b.      "**Releasing Parties**" means Plaintiffs and the Class, including each and every Class Member, and their current and former predecessors, successors, assigns, assignors, representatives, attorneys (including Class Counsel and Co-Lead Class Counsel), agents, officers, directors, employees, affiliates, advisors, family members, estates, trustees, insurers, reinsurers, heirs, next of kin, beneficiaries, executors, and administrators, and any natural, legal or juridical person or entity that is entitled or claims to be entitled to assert any claim on behalf of any Class Member.

16.      **NO ADMISSION OF WRONGDOING**: This Settlement Agreement, whether consummated or not, and any proceedings taken pursuant to it:

a.      shall not be offered or received against Mr. Haslem as evidence of, or construed as or deemed to be evidence of, any presumption, concession, or admission by Mr. Haslem with respect to the truth of any fact alleged by Plaintiffs or the validity of any claim that was or could have been asserted against Mr. Haslem in the action or in any litigation, or of any liability, negligence, fault, or wrongdoing of Mr. Haslem;

b.      shall not be offered or received against Mr. Haslem as evidence of a presumption, concession, or admission of any fault, misrepresentation, or omission with respect to any statement or written document approved or made by Mr. Haslem, or against Plaintiffs or any other members of the Class;

15

c.     shall not be offered or received against Mr. Haslem as evidence of a presumption, concession, or admission with respect to any liability, negligence, fault, or wrongdoing, or in any way referred to for any other reason in any other civil, criminal, or administrative action or proceeding, other than such proceedings as may be necessary to effectuate the provisions of this Settlement Agreement; provided, however, that if the Settlement Agreement is approved by the Court, Mr. Haslem may refer to it to effectuate the liability protection granted to them hereunder; and

d.     shall not be considered against Mr. Haslem as an admission or concession that the consideration to be given hereunder represents the amount that could be or would have been recovered after trial.

17.     **ENTIRE AGREEMENT; NO ORAL MODIFICATIONS**: The Settlement Agreement and the Supplemental Agreement set forth the entire agreement among the Parties as to their subject matter and may not be altered or modified except by a written instrument executed by all Parties' counsel. The Parties expressly acknowledge that there are no agreements, arrangements, or understandings among or between them concerning the settlement of the Consolidated Action other than those expressed in the Settlement Agreement and the Supplemental Agreement, and no Party has relied on any representation or warranty not set forth expressly in those agreements.

18.     **BAR ORDER**: Plaintiffs shall request that any Order and Final Judgment entered in this action include a Complete Bar Order provision stating:

a.     Any and all persons and entities are permanently barred, enjoined, and restrained from commencing, prosecuting, or asserting any claim against any Released Party arising under any federal, state, or foreign statutory or common-law rule, however styled, whether for indemnification or contribution or otherwise denominated, including claims for breach of contract or for misrepresentation, where the claim is or arises from a Released Claim and the alleged injury to such person or entity arises from that person's or entity's alleged liability to the Class or any Class Member, including any claim in which a person or entity seeks to recover from any of the Released Parties (*i*) any amounts that such person or entity has or might become liable to pay to the Class or any Class Member and/or (*ii*) any costs, expenses, or attorneys' fees from defending any claim by the Class or any Class Member.  All such claims are hereby extinguished, discharged, satisfied, and unenforceable, subject to a hearing to be held by the Court, if necessary.  The provisions of this subparagraph are intended to preclude any liability of any of the Released Parties to any person or entity for indemnification, contribution, or otherwise on any claim that is or arises from a Released Claim and where the alleged injury to such person or entity arises from that person's or entity's alleged liability to the Class or any Class Member; *provided, however,* that, if the Class or any Class Member obtains any judgment against any such person or entity based upon, arising out of, or relating to any Released Claim for which such person or entity and any

16

of the Released Parties are found to be jointly liable, that person or entity shall be entitled to a judgment credit equal to an amount that is the greater of (*i*) an amount that corresponds to such Released Party's or Released Parties' percentage of responsibility for the loss to the Class or Class Member or (*ii*) the amount paid by or on behalf of Mr. Haslem to the Class or Class Member for common damages, unless the court entering such judgment orders otherwise.

b.    Each and every Released Party is permanently barred, enjoined, and restrained from commencing, prosecuting, or asserting any claim against any other person or entity (including any other Released Party) arising under any federal, state, or foreign statutory or common-law rule, however styled, whether for indemnification or contribution or otherwise denominated, including claims for breach of contract and for misrepresentation, where the claim is or arises from a Released Claim and the alleged injury to such Released Party arises from that Released Party's alleged liability to the Class or any Class Member, including any claim in which any Released Party seeks to recover from any person or entity (including another Released Party) (*i*) any amounts that any such Released Party has or might become liable to pay to the Class or any Class Member and/or (*ii*) any costs, expenses, or attorneys' fees from defending any claim by the Class or any Class Member.  All such claims are hereby extinguished, discharged, satisfied, and unenforceable.

c.    Notwithstanding anything stated in the Complete Bar Order, if any person or entity (for purposes of this subparagraph, a "petitioner") commences against any of the Released Parties any action either (*i*) asserting a claim that is or arises from a Released Claim and where the alleged injury to such petitioner arises from that petitioner's alleged liability to the Class or any Class Member or (*ii*) seeking contribution or indemnity for any liability or expenses incurred in connection with any such claim, and if such action or claim is not barred by a court pursuant to this section 18 or is otherwise not barred by the Complete Bar Order, neither the Complete Bar Order nor the Settlement Agreement shall bar claims by that Released Party against (*i*) such petitioner, (*ii*) any person or entity who is or was controlled by, controlling, or under common control with the petitioner, whose assets or estate are or were controlled, represented, or administered by the petitioner, or as to whose claims the petitioner has succeeded, and (*iii*) any person or entity that participated with any of the preceding persons or entities described in items (*i*) and/or (*ii*) of this subparagraph in connection with the assertion of the claim brought against the Released Party or Released Parties.

d.    If any term of the Complete Bar Order entered by the Court is held to be unenforceable after the date of entry, such provision shall be substituted with such other provision as may be necessary to afford all of the Released

17

Parties the fullest protection permitted by law from any claim that is based upon, arises out of, or relates to any Released Claim.

e. Nothing in the Complete Bar Order shall (*i*) expand the release provided by Class Members and other Releasing Parties to the Released Parties under section 15 above or (*ii*) bar any persons who are excluded from the Class by definition or by request from asserting any Released Claim against any Released Party.  Notwithstanding the Complete Bar Order or anything else in the Settlement Agreement, (*i*) nothing shall prevent the Parties from taking such steps as are necessary to enforce the terms of the Settlement Agreement, and (*ii*) nothing shall release, interfere with, limit, or bar the assertion by any Released Party of any claim for insurance coverage under any insurance, reinsurance, or indemnity policy that provides coverage respecting the conduct and claims at issue in the Garrison Action or the Consolidated Action.

f. The Parties acknowledge that the Complete Bar Order is a bargained-for and material element of this Settlement Agreement.

19. **DISCLOSED INFORMATION SHALL BE KEPT CONFIDENTIAL**: The Parties hereby represent and warrant that any confidential information that they have received from any other Party shall not be disclosed.

20. **NON-DISPARAGEMENT**: No Party shall make any comments or remarks relating to the subject matter of this action that might have an effect on the reputation of any other Party to this Settlement Agreement, and the Parties stipulate and agree that this non-disparagement provision is a material inducement for the Parties to enter into this Settlement Agreement.

21. **COOPERATION**: The Parties agree to cooperate in good faith with regard to the execution of any additional documents, and the performance of additional tasks, reasonably necessary or desirable to effectuate and implement the terms and conditions of this Settlement Agreement.

22. **GOVERNING LAW; VENUE; SUBMISSION TO JURISDICTION**: The Parties hereby stipulate and agree as follows:

a. **GOVERNING LAW**: This Agreement shall be construed and enforced pursuant to the laws of the State of Florida, both substantive and procedural.

b. **VENUE**: The Parties hereby agree that the exclusive venue for any action arising under or in any way related to this Settlement Agreement shall be the United States District Court for the Southern District of Florida, and all Parties hereby expressly waive any objection or defense that such venue is an inconvenient or otherwise improper forum for any dispute arising under or in any way related to this Settlement Agreement.

18

c. **JURISDICTION:** All Parties recognize that all disputes arising from or in any way related to this Settlement Agreement shall be subject to the continuing and exclusive jurisdiction of the United States District Court for the Southern District of Florida, and all Parties hereby waive any and all objections to personal jurisdiction as they may relate to the enforcement of the terms of this Agreement in that Court.

23. **ADMISSIBILITY:** This document is to be deemed a "settlement agreement" and, therefore, is not admissible in a court of law or equity other than to enforce its terms and conditions.

24. **INTERPRETATION:** Each of the Parties to this Settlement Agreement has been represented by legal counsel or has had the opportunity to consult with legal counsel throughout the negotiations and drafting of this Settlement Agreement and has had the opportunity to adequately confer with counsel with respect thereto. In the event a dispute arises among the Parties regarding the interpretation of any term of this Settlement Agreement, the Parties shall be considered collectively to be the drafting party, and any rule of construction to the effect that ambiguities are to be resolved against the drafting party shall be inapplicable. As a result, this Settlement Agreement shall not be more strictly construed against any one Party or in favor of any other Party.

25. **SCOPE OF BINDING EFFECT:** This Settlement Agreement shall be binding upon and inure to the benefit of the respective successors and assigns of the Parties.

26. **ATTORNEYS' FEES AND COSTS:** Should any proceedings be required to enforce the terms and conditions of this Settlement Agreement, the "prevailing party" shall be entitled to recover its reasonable attorneys' fees and costs incurred, as well as the reasonable value of all costs incurred but not yet paid, in connection with such dispute from the "non-prevailing party." This provision applies to fees and costs incurred both at trial and appellate levels, including petitions (if any), as well as fees and costs incurred in arbitration proceedings or any other forum (if any). The prevailing party shall be entitled to recover not only those fees and costs incurred in conjunction with all efforts to achieve prevailing-party status and to determine entitlement to fees and costs, but also those fees and costs incurred in conjunction with all efforts to establish the proper amount of such fees and costs. Finally, this provision applies to fees and costs incurred in post-judgment collection proceedings (if any).

27. **COUNTERPARTS/ORIGINALS:** This Settlement Agreement may be executed in counterparts, each of which will be deemed an original, but all of which together will constitute the same instrument. A fax or portable document format (PDF) of this Settlement Agreement and all signatures thereon will be deemed a duplicate original of the Settlement Agreement and may be used by any Party to this Settlement Agreement in the same manner as an original copy of this Settlement Agreement.

28. **NOTICES:** Any notice or demand required or permitted by any provision of this Agreement (other than the requirements of sections 12 and 13 regarding objections and requests for exclusion) shall be deemed sufficient if it is delivered via e-mail as follows:

19

If to Plaintiffs:

Adam M. Moskowitz
Joseph M. Kaye
**THE MOSKOWITZ LAW FIRM, PLLC**
adam@moskowitz-law.com
joseph@moskowitz-law.com
service@moskowitz-law.com

-and-

David Boies
Brooke Alexander
**BOIES SCHILLER FLEXNER LLP**
dboies@bsfllp.com
balexander@bsfllp.com

If to Mr. Haslem:

Dorian Daggs
**Squire Patton Boggs (US) LLP**
Dorian.daggs@squirepb.com

29. **INDEMNIFICATION WAIVER**: As a material and bargained-for condition of this Settlement Agreement, Mr. Haslem, on behalf of himself and his successors, assigns, and affiliates, hereby irrevocably waives, releases, and discharges any and all rights, claims, or causes of action he may have, whether known or unknown, contingent or accrued, to seek indemnification, reimbursement, or contribution of any kind from the Wind-Down Trust of the FTX Debtor Entities (the "Wind-Down Trust") or any affiliated entity, with respect to any amounts paid or obligations incurred under this Settlement Agreement. In the event of any breach or threatened breach of this provision, Plaintiffs, the Settlement Class, and the Wind-Down Trust shall each be entitled to immediate injunctive relief (including but not limited to a temporary restraining order, preliminary injunction, and permanent injunction) to prevent or restrain any such action, without the necessity of posting a bond or proving actual damages, and without waiving any other rights or remedies available at law or in equity. Mr. Haslem expressly waives any objection to the issuance of such injunctive relief. The Parties further agree that the Wind-Down Trust is an express third-party beneficiary of this provision of the Settlement Agreement (and only this provision), with full rights to enforce its terms against Mr. Haslem, but that the Wind-Down Trust shall have no other rights under this Settlement Agreement beyond the rights conferred by this provision.

30. **WAIVER OF JURY TRIAL**: THE PARTIES HEREBY KNOWINGLY, IRREVOCABLY, VOLUNTARILY, AND INTENTIONALLY WAIVE ANY RIGHT EITHER MAY HAVE TO A TRIAL BY JURY WITH RESPECT TO ANY ACTION, DEFENSE, COUNTERCLAIM, OR OTHER PROCEEDING ARISING UNDER OR IN ANY WAY RELATED TO THIS SETTLEMENT AGREEMENT, AND THE PARTIES

20

RECOGNIZE THAT THIS PROVISION IS A MATERIAL INDUCEMENT FOR THE PARTIES' ENTERING INTO THIS SETTLEMENT AGREEMENT.

IN WITNESS WHEREOF, the Parties to this Agreement have caused this document to be executed and delivered at Miami-Dade County, Florida.

CLASS REPRESENTATIVES

Dated: May 11, 2026.

By: _____
ADAM MOSKOWITZ
Co-Lead Counsel for the Class
Representatives and the Proposed Class

DEFENDANT

Dated: May 14, 2026.

By: _____
DORIAN DAGGS
Counsel for Udonis Haslem

Dated: May 14, 2026.

By: _____
UDONIS HASLEM

21