# Exhibit 5

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**
**MIAMI DIVISION**

MDL No. 3076
Case No. 1:23-md-03076-KMM

**IN RE:**

**FTX Cryptocurrency Exchange Collapse Litigation**

THIS DOCUMENT RELATES TO:
      **AUDITOR DEFENDANTS**
      **LAW FIRM DEFENDANTS**
      **PROMOTER DEFENDANTS**

## [PROPOSED] ORDER PRELIMINARILY APPROVING SECOND TRANCHE OF SETTLEMENTS, PROVISIONAL CERTIFICATION OF PROPOSED SETTLEMENT CLASS, AND APPROVAL OF THE PROPOSED SCHEDULE

The Class Representatives[1] have agreed to settle their class-claims with Prager Metis, Fenwick & West, LLP, and Udonis Haslem (the "***Second-Tranche Settling Defendants***"). The Court previously entered Orders preliminarily approving global settlements, on December 19, 2024 [**ECF No. 799**], June 30, 2025 [**ECF No. 937**], and July 22, 2025 [**ECF No. 940**], with fifteen other FTX MDL Defendants in the First-Tranche of settlements.[2] For the Second-Tranche, each Settlement Agreement has been filed with the Court, and Plaintiffs have filed a Motion for

---

[1] Brandon Orr, Leandro Cabo, Charles Dollwet, Jeffrey Malinovitz, Evan Hayes, Mark Girshovich, Ryan Henderson, Michael Livieratos, Alexander Chernyavsky, Gregg Podalsky, Vijeth Shetty, Chukwudozie Ezeokoli, Michael Norris, Edwin Garrison, Shengyun Huang, Julie Papadakis, and Kyle Rupprecht.

[2] The Settling Defendants in the First Tranche of Settlements were (1) FTX Insider Defendants Samuel Bankman-Fried, Gary Wang, Nishad Singh, Caroline Ellison, and Dan Friedberg, and (2) FTX Promoter Defendants William Trevor Lawrence, Kevin Paffrath, Tom Nash, Brian Jung, Graham Stephan, Andrei Jikh, Jeremy LeFebvre, Erika Kullberg, Creators Agency, LLC, and Shaquille O'Neal (the "***First-Tranche Settling Defendants***") (together, with the Second-Tranche Settling Defendants, the "***Settling Defendants***").

Preliminary Approval of Second Tranche of Settlements, Provisional Certification of Proposed Settlement Class, and Approval of the Proposed Schedule, on May 22, 2026 (the "Motion"). The Second-Tranche Settling Defendants have agreed to significant monetary consideration in exchange for the release of claims against them.

Plaintiffs previously requested that the Court defer formal notice of the First-Tranche of settlements to conserve money for the Settlement Class and serve the interests of judicial and litigative efficiency. Now that all Settling Defendants have executed settlement agreements, Plaintiffs seek the Court's approval of a Notice Schedule and Plan of Allocation, steps that the Court previously deferred at Plaintiffs' request. *See* ECF No. 799 at 10; ECF No. 937 at 12; ECF No. 940 at 13. With the addition of the monetary consideration from the Second-Tranche Settling Defendants, it is now economical to begin the Notice process and distribute the monetary consideration from the First and Second Tranches.

Plaintiffs have retained the services of acclaimed legal notice experts JND Legal Administration LLC ("JND"), to craft a Notice Plan, Claims Process, and Plan of Allocation that provides the best notice practicable to the Class, which is in line with the court-approved program they created for another recent cryptocurrency matter, *In re Ripple Labs Inc. Litig.,* No. 18-cv-06753-PJH, ECF No. 359 (N.D. Cal. Jan. 26, 2024). The Court previously approved JND's Notice Plan, which has now been supplemented to include JND as the distributor of the settlement relief, to account for the fact that the Bankruptcy Estate will not be able to administer settlement distributions for Plaintiffs.

Upon considering the Motion and exhibits thereto, the Settlement Agreements, the record in these proceedings, the representations and recommendations of counsel, and the requirements of law, the Court finds that: (1) this Court has jurisdiction over the subject matter and Parties to these proceedings; (2) the proposed Class meets the requirements of Rule 23 of the Federal Rules

of Civil Procedure and should be preliminarily certified for settlement purposes only; (3) the proposed Settlements are fair, reasonable, and adequate to warrant sending notice of the Settlements to the Class; (4) the "Class Representatives" defined above are appointed class representatives; (5) Adam Moskowitz of The Moskowitz Law Firm, PLLC and David Boies of Boies Schiller Flexner LLP are appointed as Co-Lead Class Counsel pursuant to Fed. R. Civ. P. 23(c)(1)(B) and 23(g); (6) the Settlements are the result of informed, good-faith, arm's-length negotiations between the Parties and their capable and experienced counsel and are not the result of collusion; (7) the proposed plan of notice to the Class pursuant to Fed. R. Civ. P. 23(e) is approved, and the schedule for disseminating notice to Class Members, as well as deadlines to comment on or object to the Settlements, is approved as set forth below; (8) for settlement purposes only, JND is appointed and approved as the Settlement Administrator to supervise and administer the notice procedures as well as the processing of claims and to handle funds paid pursuant to the Settlement Agreements; and (9) good cause exists to schedule and conduct a fairness hearing pursuant to Fed. R. Civ. P. 23(e)(2) to determine whether the proposed Settlements are fair, reasonable, and adequate and whether they should be approved.

Based on the foregoing, **IT IS HEREBY ORDERED AND ADJUDGED** as follows:

1. The Court has jurisdiction over the subject matter and Parties to this proceeding pursuant to 28 U.S.C. §§ 1331 and 1332, including jurisdiction to approve and enforce the Settlements and all orders and decrees that have been entered or which may be entered pursuant thereto.

2. Venue is proper in this District.

3. The Court finds, for settlement purposes, that the Rule 23 factors are satisfied, and that preliminary certification of the proposed Class is appropriate under Rule 23. The Court, therefore, preliminarily certifies the following Class:

> All persons or entities who purchased or held legal title to and/or beneficial interest in any fiat or cryptocurrency deposited or invested through an FTX Platform, purchased or enrolled in a YBA, or purchased FTT.

> Excluded from the Settlement Class are FTX MDL Defendants and their officers, directors, affiliates, legal representatives, and employees; the FTX Group and their officers, directors, affiliates, legal representatives, and employees; any governmental entities; and any judge, justice, or judicial officer presiding over this matter and the members of their immediate families and judicial staff.

4. The Court preliminarily finds, solely for purposes of effectuating the proposed settlement, that the Class satisfies the applicable factors under Federal Rule of Civil Procedure 23, specifically:

A. The Class Members are so numerous that joinder of all of them is impracticable;

B. Plaintiffs have alleged questions of law and fact that are common to the Class Members and that predominate over any individual questions;

C. Plaintiffs' claims are typical of the claims of the Class Members;

D. Plaintiffs and Co-Lead Class Counsel have fairly and adequately protected the interests of all Class Members; and

E. Class resolution is superior to other available methods for a fair and efficient adjudication of this case.

5. The Settlements are conditional on the Court's approval. If the Court does not approve all terms of a Settlement, or if the Settlement is terminated according to its terms or does not otherwise take effect upon the Effective Date, then certification of the Class will be voided as to such Settlement, and all orders entered in connection therewith, including but not limited to any order conditionally certifying the Class, will be voided.

6. For purposes of settlement only, and pursuant to the terms of the Settlements, the Court hereby appoints the Class Representatives to serve as class representative plaintiffs and

Adam Moskowitz of The Moskowitz Law Firm, PLLC, and David Boies of Boies Schiller Flexner LLP to serve as Co-Lead Class Counsel pursuant to Rule 23(c).

7.  The Court preliminarily finds that the proposed Settlements, on the terms and conditions set forth in the Settlement Agreements, are fundamentally fair, reasonable, adequate, and in the best interests of Class Members and are likely to receive final approval in consideration of the following factors:

A.  The benefits to the Class Members;

B.  The strengths and weaknesses of Plaintiffs' case and the expense of additional litigation;

C.  The Settlements were reached after arm's-length negotiations between the Parties, in connection with mediation (led by an experienced mediator, David Geronemus); and

D.  The recommendation of experienced Co-Lead Class Counsel, who have extensive experience litigating and settling consumer class actions and other complex matters and have conducted an extensive investigation into the factual and legal issues raised in this action.

8.  The considerations listed in Rule 23(e)(2) have been met.  The class representatives and Class Counsel have adequately represented the class.  The settlements were negotiated at arm's length. The relief provided for the class is adequate, taking into account the costs, risks, and delay of trial and appeal and the effectiveness of the proposed method of distributing relief to the class, including the method of processing class-member claims.  Further, the terms of any proposed award of attorney's fees, including timing of payment are adequate.  Finally, the settlements treat class members equitably relative to each other.

9.      Co-Lead Class Counsel has the authority to enter into the proposed Settlements on behalf of the Settlement Class and is authorized to act on behalf of the Settlement Class members as to all acts or consents that are required by or may be given pursuant to the Settlement Agreements or such other acts as are reasonably necessary to consummate the Settlements.

10.      Additionally, the proposed Plan of Allocation, *see* Motion, Exhibit 3, is effective and fair. Settlement Class Members whose Claims are approved by the Settlement Administrator will receive *pro rata* distributions from the Settlement Fund for their assets that were held on the FTX Platforms and their FTT that was purchased anywhere. The Plan of Allocation accounts for distributions from the FTX Bankruptcy Proceedings and subtracts the Class Member's Bankruptcy Customer Entitlement Amount from their Gross Claim Value to prevent double recovery. The Settlement relief will be distributed via a straight-forward claims process with a claim form which can be completed online or sent in via mail.  Payments for approved claims will be distributed as soon as practicable after final approval.

11.      The last requirement of the Rule 23(e) is that the Settlement "treats class members equitably relative to each other." Fed. R. Civ. P. 23(e)(2)(D). Here, the Settlements treat Settlement Class Members equitably because all Settlement Class Members are eligible for *pro rata* reimbursement of losses tied to their purchase of or holding of legal title of fiat or cryptocurrency deposited or invested through an FTX Platform, in a YBA, or in FTT.

12.      Pursuant to Fed. R. Civ. P. 23(e), **the Court will hold a final approval hearing on _____, 202_, at ___ _.m. ET (a date no fewer than 90 calendar days following the date on which the Court enters the Preliminary Approval Order), before the Honorable K. Michael Moore, United States District Judge for the Southern District of Florida, at the Wilkie D. Ferguson, Jr. United States Courthouse, 400 North Miami Avenue, Courtroom 13-1, Miami, FL 33128** (the "Final Approval Hearing," per the Settlement Agreements).  The Court

6

may approve the proposed Settlements at or after the Final Approval Hearing with such modifications as may be consented to by the Settling Parties and without further notice to the Settlement Class.

13. For settlement purposes only, JND is appointed and approved as the Notice Administrator, Claims Administrator and Escrow Agent (the "Settlement Administrator") to supervise and administer the notice procedures as well as the processing of claims and to handle funds paid pursuant to the First-Tranche and Second-Tranche Settlement Agreements.

14. The Court **APPROVES** the Class's proposed Notice and Notice Plan, as set forth in the Motion for Preliminary Approval. *See* Motion, Exhibit 2 (Supplemental Declaration of Gina Intrepido-Bowden Regarding Proposed Settlement Notice Plan). The Notice plan satisfies the fairness standards set forth in Rule 23, and is the best practicable notice under the circumstances. The notice is reasonably calculated under the circumstances to apprise the Settlement Class of the Pendency of the Action, the Settlement, and all of its terms. *See in re Checking Acct. Overdraft Litig.*, 275 F.R.D. 654, 662 (S.D. Fla. 2011). The Class Notice presents all required categories of information clearly and in plain English. *See Adams v. Southern Farm Bureau Life Ins. Co.*, 493 F.3d 1276, 1287 (11th Cir. 2007). The Class Notice complies with the notice requirements of due process, Rule 23 of the Federal Rules of Civil Procedure, and the U.S. Constitution and is therefore substantively sufficient.

15. To be entitled to participate in recovery from the Settlement Fund, each Settlement Class Member shall complete a submit a Claim Form consistent with the Allocation Plan and Instructions accompanying the Claim Form.

16. Any objections to the proposed Settlements, requests for exclusion from the Settlements, and notices of appearance must be filed in accordance with the procedures and Deadlines specified in the approved Notice to be disseminated by the Settlement Administrator.

Only those Class Members who submit written objections by the prescribed deadline may appear at the Final Approval Hearing.

17. Any Settlement Class Member that elects to be excluded from the Settlements shall be deemed to have, elected to exclude themselves from all past, present, and future settlements obtained in *In re: FTX Cryptocurrency Exchange Collapse Litigation*, MDL No. 3076, Case No. 1:23-md-03076-KMM.

18. The schedule of events will proceed as follows:

| EVENT | DATE |
|---|---|
| CAFA Notice | On or before June 1, 2026 – 10 days from Filing of Motion for Preliminary Approval |
| Notice Published and Disseminated | Within 30 Days of this Order |
| Motion for Final Approval of Settlements, to Approve Class Counsel Fees Costs and Class Representative Awards | 14 Days Prior to the Objection/Exclusion Deadline |
| Deadline for receipt of opt-out requests and for filing and receipt of objections and notices of appearance | 45 Days from the Notice Date |
| Response to Objections | 10 days from Objection/Opt-out Deadline |
| Settlement Administrator files List of Opt-outs | 10 days prior to Final Approval Hearing |
| Final Approval Hearing | 90 Days from Preliminary Approval or as Determined By the Court |
| Claims deadline | 30 days from Final Approval Order |

19. The Escrow Account, held at City National Bank of Florida by JND (or its appointed agent), into which the Settlement Funds will be paid shall be considered a Qualified Settlement Fund *in custodia legis* of the Court, in accordance with Treas. Reg. § § 1.468B-0 through 1.468B-5. The Court approves the appointment of JND (or its appointed agent) as Escrow Agent.

8

Defendants shall wire the respective Settlement Funds pursuant to the wire instructions in the respective Settlement Agreements or as otherwise directed by Co-Lead Class Counsel or the Escrow Agent.

20.     The Court reserves the right to approve the Settlements with or without modification, provided that any modification does not limit the rights of the Class under the Settlements, and with or without further notice to the Class and may continue or adjourn the Fairness Hearing without further notice to the Class, except that any such continuation or adjournment shall be announced on the Settlement website.

21.     Settlement Class Counsel and Settling Defendants' Counsel are hereby authorized to use all reasonable procedures in connection with approval and administration of the Settlements that are not materially inconsistent with this Order or the Agreements, including making, without further approval of the Court, minor changes to the Agreements, to the form or content of the Class Notice or to any other exhibits that the Parties jointly agree are reasonable or necessary.

22.     The Parties are authorized to take all necessary and appropriate steps to establish the means necessary to implement the Agreements.

23.     Any information received by the Settlement Administrator or any other person in connection with the Settlement Agreements that pertains to personal information regarding a particular Class Member (other than objections or requests for exclusion) shall not be disclosed to any other person or entity other than Settlement Class Counsel, the Settling Defendants, Settling Defendants' Counsel, the Court and as otherwise provided in the Settlement Agreements.

24.     This Court shall maintain continuing jurisdiction over these settlement proceedings to assure the effectuation thereof for the benefit of the Class.

25. Preliminary Approval of Second-Tranche of Settlements, Provisional Certification of Proposed Settlement Class, and Approval of the Proposed Schedule is **GRANTED** for Defendants Udonis Haslem, Prager Metis, and Fenwick.

26. Pursuant to 28 U.S.C. § 1651, Federal Rule of Civil Procedure 23 and the Settlement Agreements, pending final determination of whether the proposed Settlements should be approved, the Court orders as follows:

A. The Class Representatives and all other Class Members (and their attorneys, accountants, agents, heirs, executors, administrators, trustees, predecessors, successors, affiliates, representatives, and assigns) who have not validly and timely requested exclusion from the Class – and anyone else purporting to act on behalf of, for the benefit of, or derivatively for any of such persons or entities – are preliminarily enjoined from filing, commencing, prosecuting, intervening in, participating in (as class members or otherwise), or receiving any benefit or other relief from any other lawsuit, arbitration, or administrative, regulatory, or other proceeding (as well as a motion or complaint in intervention in the Consolidated Action if the person or entity filing such motion or complaint in intervention purports to be acting as, on behalf of, for the benefit of, or derivatively for any of the above persons or entities) or order, in any jurisdiction or forum, as to the Released Parties based on or relating to the Released Claims; and

B. All persons and entities are preliminarily enjoined from filing, commencing, or prosecuting any other lawsuit as a class action (including by seeking to amend a pending complaint to include class allegations or by seeking class certification in a pending action in any jurisdiction) or other proceeding on behalf of any Class

Members as to the Released Parties, if such other lawsuit is based on or related to the Released Claims.

**DONE AND ORDERED** in Chambers at Miami, Florida this ____ day of _____ 2026.

_____
K. MICHAEL MOORE
UNITED STATES DISTRICT JUDGE

Copies furnished to:
Counsel of record

11