**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**
**MIAMI DIVISION**

IN RE: FTX CRYPTOCURRENCY
EXCHANGE COLLAPSE LITIGATION

MDL No. 3076
Case No. 1:23-md-03076-KMM

**THIS DOCUMENT RELATES TO:**

*Lucky D., et al. v. Prager Metis LLP, et al., No. 2:23-cv-00389 (D.N.J.) (transferred for coordinated pretrial proceedings under 28 U.S.C. § 1407).*

---

**NOTICE OF CORRECTED FILING OF LUCKY D PLAINTIFFS' OPPOSITION TO PLAINTIFFS' MOTION FOR PRELIMINARY APPROVAL [ECF NO. _____]**

The Lucky D Plaintiffs respectfully file this Notice of Corrected Filing—to correct footnote 5 of their Opposition to Plaintiffs' Motion for Preliminary Approval of the Second Tranche of Settlements [ECF No. 1111] (the "Opposition"), filed May 29, 2026, and to substitute the corrected Opposition attached as **Exhibit A**. A redline comparing the corrected Opposition to the Opposition as originally filed is attached as **Exhibit B**.

1. Footnote 5 of the Opposition cited two cases inaccurately. The citation to "*Metropolitan Life Ins. Co. v. Aetna Cas. & Sur. Co.*, 690 F. Supp. 565 (S.D.N.Y. 1988)" did not correspond to that reporter and page, and counsel has been unable to verify the citation to "*Mendota Ins. Co. v. Huss*, 806 F.3d 856 (8th Cir. 2015)" against the official reporters. Counsel takes responsibility for both. The correction removes the two citations and revises the single sentence that introduced them so that the accompanying point rests on the Prager Settlement Agreement's own text. The correction is confined to footnote 5.

2. Counsel removed the citations rather than replace them because neither was necessary. The sentence they accompanied observed that wasting professional-liability insurance towers may be depleted by good-faith, first-in-time settlements—a point established on the present record by the Prager Settlement Agreement itself (§ 8(a)) and not dependent on outside

1

authority. The corrected footnote states the point on that basis. No argument, factual assertion, or item of requested relief in the Opposition is changed in any respect.

3. Upon identifying the error, counsel re-verified every legal authority cited in the Opposition against the official reporters. Counsel confirms that the remaining authorities are accurately cited and accurately stated, and that footnote 5 contained the only citations requiring correction.

4. Counsel brings this correction to the Court's attention promptly and on the record, in keeping with counsel's duty of candor under Rule 4-3.3 of the Rules Regulating the Florida Bar.

5. Pursuant to the Court's CM/ECF Administrative Procedures, the corrected Opposition (Exhibit A) is submitted in substitution for ECF No. _____. Counsel conferred with Co-Lead Class Counsel and counsel for the Settling Defendants regarding this Notice; no party has stated that it opposes the filing of a corrected Opposition.

Dated: _____, 2026

Respectfully submitted,

/s/ Edward E. Lehman
Edward E. Lehman, Esq.
Illinois ARDC No. 6194489
LEHMAN, LEE & XU
33rd Floor, Tower One, Times Square
1 Matheson Street, Causeway Bay, Hong Kong SAR
Tel: (852) 3588-2188 · elehman@lehmanlaw.com

/s/ Anthony Scordo III
Anthony Scordo III, Esq.
NJ Attorney ID 024591987
ANTHONY SCORDO, ESQ., P.C.
69 E. Allendale Road, Saddle River, NJ 07458
Tel: (973) 837-1861 · anthonyscordo@msn.com

*Counsel for the Lucky D Plaintiffs*

**CERTIFICATE OF SERVICE**

I certify that on June 3, 2026, I filed the foregoing via the Court's CM/ECF system, which will

serve all counsel of record.

/s/ Anthony Scordo III
Anthony Scordo III

3