**UNITED STATES JUDICIAL PANEL**
**on**
**MULTIDISTRICT LITIGATION**

IN RE:  FTX CRYPTOCURRENCY EXCHANGE
COLLAPSE LITIGATION                                              MDL No. 3076

**TRANSFER ORDER**

**Before the Panel:**[*]  Plaintiffs in the actions listed on Schedule A (*Alistair* and *Byers*) move under Panel Rule 7.1 to vacate the orders conditionally transferring their respective actions to the Southern District of Florida for inclusion in MDL No. 3076.  Defendants in both actions oppose the motions and support transfer.[1]  Lead counsel in the MDL also support transfer of the actions.

After considering the argument of counsel, we find that these actions involve common questions of fact with the actions transferred to MDL No. 3076, and that transfer under 28 U.S.C. § 1407 will serve the convenience of the parties and witnesses and promote the just and efficient conduct of the litigation.  The actions in MDL No. 3076 involve common factual questions concerning the collapse of the FTX cryptocurrency exchange and the ensuing losses suffered by depositors and investors.  *See In re FTX Cryptocurrency Exchange Collapse Litig.*, 677 F. Supp. 3d 1379 (J.P.M.L. 2023).  Like the actions in the MDL, the *Alistair and Byers* actions allege that FTX mismanaged customer assets deposited on the FTX platform and that professional service firms that worked with FTX were complicit in or otherwise enabled the alleged fraud.  More specifically, in *Alistair*, plaintiffs allege that Prager Metis was retained by FTX to audit its financial statements the year before its collapse, Prager Metis employees conducted the audits in disregard of professional auditing standards, and they issued false and misleading audit reports.  In *Byers*, plaintiffs allege that Fenwick & West was FTX's primary outside law firm from 2018 to 2022 and assisted FTX in hiding the theft of customer funds.  The MDL claims against Prager Metis and Fenwick & West, respectively, involve this same common factual core.

Notably, nearly all the plaintiffs in *Alistair* and *Byers* are plaintiffs in the overlapping *Lucky D.* action against Prager Metis that we previously transferred to the MDL in 2023.[2]  Transfer will

---

[*]  Judge Karen K. Caldwell did not participate in the decision of this matter.

[1] The *Alistair* defendants are eleven individuals allegedly employed by Prager Metis, specifically, Francis Decker, Lori Roth, Michael J. Aroyo, David A. Moss, Brian Goldblatt, Stuart H. Mayer, Ronald Friedlander, Walt Brasch Jr., Glenn L. Friedman, Craig Michaelson, and Joseph D. Zarkowski.  The *Byers* defendants are Fenwick & West and attorneys Tyler Newby, Andrew T. Albertson, Richard L. Dickson, Rodger R. Cole, Thomas Ensign, and Noah Rosenthal.

[2] *See* Transfer Order, *In re FTX Cryptocurrency Exchange Collapse Litig.*, MDL No. 3076 (J.P.M.L. Oct. 4, 2023).  All 20 plaintiffs in *Lucky D.* are plaintiffs in the *Alistair* action.  And 17 plaintiffs in *Lucky D.* are plaintiffs in the *Byers* action.

-2-

facilitate the efficient conduct of overlapping pretrial proceedings in *Alistair, Byers*, and *Lucky D.*, as well as the other overlapping actions in the MDL, and avoid the risk of inconsistent rulings.

In opposition to transfer, plaintiffs first argue that common factual questions are lacking. Plaintiffs in *Alistair* mainly argue that they seek to establish the individual liability of eleven employees of Prager Metis, which allegedly is a separate factual matter from Prager Metis's institutional conduct in the MDL. This argument is unpersuasive. There are at least seven MDL actions, including the overlapping *Lucky D.* action, that include allegations that employees at Prager Metis failed to perform audits of FTX in accordance with professional standards and issued false and misleading audit reports. Similar allegations also are in the MDL master complaint against Prager Metis. The purported presence of case-specific issues in *Alistair* concerning individual employee liability is not an impediment to transfer. Transfer does not require a complete identity of factual issues, and "the presence of additional facts or differing legal theories is not significant when the actions still arise from a common factual core." *See In re Blue Cross Blue Shield Antitrust Litig.,* 908 F. Supp. 2d 1373, 1376 (J.P.M.L. 2012).

With respect to *Byers*, plaintiffs argue that the principal factual questions concern the law firm defendants' "knowing participation" in the alleged FTX fraud and resulting harm to nonclients, whereas the MDL claims concern the adequacy of defendants' representation of a client (i.e., FTX) under the applicable standard of care. The distinction plaintiffs try to draw is tenuous and unpersuasive. The MDL master complaint against the law firm defendants, like in *Byers*, contains allegations that Fenwick & West and its attorneys had actual knowledge of the FTX fraud and provided substantial assistance in furthering the fraud to the detriment of FTX customers.[3] The MDL allegations also concern the conduct of many of the same individual attorneys who are defendants in *Byers.*[4]

Beyond the matter of common factual issues, plaintiffs in *Alistair* and *Byers* argue that transfer would be improper on the grounds that (1) transfer of an individual action to a class action MDL would be inefficient; (2) they oppose the proposed class settlement in the MDL, which could hinder their claims; (3) transfer would be inconvenient; and (4) the *Alistair* defendants should not be allowed to invoke the tag-along transfer process due to an alleged conflict of interest. These arguments are unpersuasive.

First, the Panel routinely centralizes individual actions and putative class actions in a single MDL where the actions share a common factual core. *See, e.g., Lucky D.* Transfer Order at 2

[3] *See* MDL Administrative Class Action Compl.: Law Firms Track ¶ 3 (S.D. Fla. Nov. 20, 2025) (alleging "(1) Fenwick had actual knowledge of the FTX fraud, and provided 'substantial assistance'"; and "(2) Fenwick served as an essential member of the FTX Enterprise").

[4] The *Byers* plaintiffs also assert their case involves significant case-specific evidence, referring to the bankruptcy court examiner's May 2024 report and the October 2023 testimony of former FTX executive Nishad Singh in a related criminal trial. But the involvement of some case-specific evidence is not an impediment to transfer where, as here, the actions share a common factual core. In any event, as defendants point out, the MDL master complaint against Fenwick & West refers to those same pieces of evidence to support the MDL plaintiffs' claims. *See* MDL Administrative Class Action Compl.: Law Firms Track ¶ 47 (discussing the May 2024 examiner report); ¶ 49 (discussing Singh's trial testimony).

-3-

(citing *In re U.S. Office of Pers. Mgmt. Data Sec. Breach Litig.*, 138 F. Supp. 3d 1379, 1380 (J.P.M.L. 2015)). Here, the discovery in all actions, including *Alistair* and *Byers*, concerning the alleged financial improprieties at FTX will overlap, regardless of whether the claims are styled as individual or class claims. And the discovery in all actions asserting claims involving Prager Metis and Fenwick & West, in particular, likely will be substantially the same.

Second, plaintiffs in *Alistair* and *Byers* are members of the proposed settlement class in the MDL and already have filed objections to approval of the settlement. It would be more efficient to have all of plaintiffs' claims before the transferee court while it considers their objections to preliminary approval. *See In re Managed Care Litig.*, 246 F. Supp. 2d 1363, 1365 (J.P.M.L. 2003) ("It is established Panel and court of appeals precedent that settlement matters are appropriate pretrial proceedings subject to centralization under § 1407."). Moreover, if the settlement is not approved, substantial pretrial proceedings will remain. If it is approved, the transferee court is in the best position to determine the appropriate course of proceedings for the non-settling actions.

The *Alistair* plaintiffs also make cursory arguments regarding purported violation of the Supreme Court's decisions in *Amchem* and *Lexecon*. The gist of these arguments appears to be that those decisions prohibit the elimination of the rights or claims of individual litigants, which allegedly would happen in the MDL because of the proposed class settlement. Both arguments are without merit. In *Amchem*, the Supreme Court considered how Rule 23 applies to approval of a class settlement. *See Amchem Prods., Inc. v. Windsor*, 521 U.S. 591, 619 (1997). To the extent plaintiffs believe they will suffer prejudice from transfer by being subject to settlement approval proceedings in the MDL, that concern is no obstacle to transfer. Rule 23 provides the standards for settlement approval, and that framework is not modified by transfer under Section 1407.

Plaintiffs' *Lexecon* objection fares no better. In *Lexecon*, the Supreme Court held that Section 1407 precludes a transferee court from using Section 1404(a) to assign a transferred case to itself for trial. *See Lexecon Inc. v. Milberg Weiss Bershad Hynes & Lerach,* 523 U.S. 26, 34-40 (1998). The actions before us do not implicate transfer for trial under Section 1404(a). Rather, we are transferring the actions for pretrial proceedings under Section 1407(a) – a routine exercise of our authority under Section 1407 that does not implicate the issues raised in *Lexecon*.

Plaintiffs in *Alistair* and *Byers* also assert that the interests of convenience and efficiency favor the forums they originally chose, where defendants in their actions are located. But there are many parties and witnesses from different states in this MDL. In deciding transfer, the Panel looks to "the overall convenience of the parties and witnesses in the litigation as a whole, not just those of a single plaintiff or defendant in isolation." *See In re Watson Fentanyl Patch Prods. Liab. Litig.*, 883 F. Supp. 2d 1350, 1351-52 (J.P.M.L. 2012). Here, that overall balance supports transfer, especially because most plaintiffs in *Alistair* and *Byers* already are plaintiffs in the MDL.

Lastly, there is no merit to plaintiffs' argument that defendants' notice of potential tag-along action in *Alistair* was defective due to defense counsel's alleged conflict of interest in representing all eleven individual defendants in that action.[5] Panel Rule 7.1(a) imposes a duty on ~~counsel in the MDL to notify the~~ Panel of any potential tag-along actions "in which that party is

---

[5] Plaintiffs assert defense counsel cannot represent all eleven defendants because the conspiracy claim renders their interests adverse to one another.

-4-

also named or in which that counsel appears." Counsel properly filed the notice of potential tag-along action in compliance with Rule 7.1(a).[6]

IT IS THEREFORE ORDERED that the actions listed on Schedule A are transferred to the Southern District of Florida and, with the consent of that court, assigned to the Honorable K. Michael Moore for inclusion in the coordinated or consolidated pretrial proceedings.

PANEL ON MULTIDISTRICT LITIGATION

_____
Matthew F. Kennelly
Acting Chair

David C. Norton          Dale A. Kimball
Madeline Cox Arleo       M. Casey Rodgers
Richard Seeborg

---

[6] Even if defendants' notice of potential along were improper in some way, we would not be precluded from transferring the action. We are not limited to transferring actions solely on notice of the parties. Our longstanding practice is to place actions on a conditional transfer order "[u]pon learning of the pendency of a potential tag-along action." *See* Panel Rule 7.1(b).

**IN RE:  FTX CRYPTOCURRENCY EXCHANGE
COLLAPSE LITIGATION**                                   MDL No. 3076

**SCHEDULE A**

District of District of Columbia

BYERS, ET AL. v. FENWICK & WEST LLP, ET AL., C.A. No. 1:26−01651

District of New Jersey

ALISTAIR, ET AL. v. DECKER, ET AL., C.A. No. 2:26−05195