**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**
**MIAMI DIVISION**

**MDL NO. 3076**
**CASE NO. 1:23-md-03076-KMM**

IN RE: FTX CRYPTOCURRENCY EXCHANGE
COLLAPSE LITIGATION

This Document Relates To:

**Byers, et al. v. Fenwick & West LLP, et al.**
transferred from D.D.C. No. 1:26-cv-01651-RJL

# PLAINTIFFS' MOTION FOR LEAVE TO FILE OUT OF TIME THEIR MOTION FOR LEAVE TO FOR AN EXTENSION OF TIME TO EFFECT SERVICE OF PROCESS UNDER FEDERAL RULE OF CIVIL PROCEDURE 4(m) AND INCORPORATED MEMORANDUM OF LAW

Plaintiffs in the *Byers* action respectfully move pursuant to Federal Rule of Civil Procedure 6(b)(1)(B) for leave to file out of time their Motion for an Extension of Time to Effect Service of Process Under Federal Rule of Civil Procedure 4(M) and Incorporated Memorandum of Law.

Counsel prepared and attempted to file the Motion for an Extension of Time by the applicable deadline but inadvertently submitted the filing in the United States Judicial Panel on Multidistrict Litigation (JPML) rather than in this Court on the MDL docket as Plaintiffs had not been assigned an MDL bar no. until August 11, 2026 and had not yet received login credentials to electronically file in the Southern District of Florida MDL docket.

The error occurred against the unusual procedural background of this action's recent transfer from the District of Columbia to this Court. The action was transferred pursuant to 28 U.S.C. § 1407 four days prior to this filing and, although it remained the same civil action, it proceeded thereafter under a new court and case number. The erroneous filing was therefore a docketing error arising from the transition between the transferor and transferee courts, rather than a failure to prepare or attempt to submit the required motion.

The delay has caused no prejudice to any Defendant, has not been undertaken for tactical advantage, and will not materially affect the administration of this action. Plaintiffs therefore respectfully request that the Court find excusable neglect and permit the Motion for an Extension of Time to Effect Service of Process to be filed out of time.

## MEMORANDUM OF LAW

### I. BACKGROUND

Plaintiffs commenced this action in the United States District Court for the District of Columbia on May 13, 2026, under Case No. 1:26-cv-01651-RJL.

On August 6, 2026, the Judicial Panel on Multidistrict Litigation entered an order transferring this action to the Southern District of Florida for coordinated pretrial proceedings in MDL No. 3076. The transfer became effective on August 7, 2026, when the transfer order was docketed and the District of Columbia transferred the case out and closed the transferor-court proceeding.

On August 11, 2026, Plaintiffs filed their Motion for an Extension of Time to Effect Service of Process under Federal Rule of Civil Procedure 4(m). Counsel attempted to file that Motion electronically. Because this action had only recently been transferred, however, counsel inadvertently submitted the filing through the JPML docket, rather than through the Southern District of Florida MDL docket as Plaintiffs had not yet received login credentials to electronically file in the Southern District of Florida MDL docket.

The error was inadvertent. Counsel did not intentionally disregard this Court's deadline and did not seek additional time or any tactical advantage. Upon discovering that the Motion had been submitted to the wrong court, Plaintiffs promptly took steps to correct the error and now seek leave to place the Motion properly before this Court.

A copy of the Notice of Electronic Filing and/or other record demonstrating the attempted filing in the JPML is attached as **Exhibit A**.

### II. RULE 6(b)(1)(B) PERMITS THE COURT TO ALLOW THE FILING UPON A SHOWING OF EXCUSABLE NEGLECT

Federal Rule of Civil Procedure 6(b)(1)(B) provides that, after a deadline has expired, the Court may extend the time for an act to be performed where "the party failed to act because of excusable neglect."

Whether neglect is excusable is an equitable determination that considers all relevant circumstances, including "(1) the danger of prejudice to the nonmovant; (2) the length of the delay and its potential impact on judicial proceedings; (3) the reason for the delay, including whether it was within the reasonable control of the movant; and (4) whether the movant acted in good faith." *Pioneer Inv. Servs. Co. v. Brunswick Assocs. Ltd. P'ship*, 507 U.S. 380, 395 (1993); see also *Cheney v. Anchor Glass Container Corp.*, 71 F.3d 848, 850 (11th Cir. 1996).

The Eleventh Circuit has recognized that inadvertence resulting from an innocent filing or clerical error can constitute excusable neglect where the circumstances as a whole—including the absence of prejudice, the limited delay, and good faith—favor relief. See *Cheney*, 71 F.3d at 850; *Walter v. Blue Cross & Blue Shield United of Wis.*, 181 F.3d 1198, 1201–02 (11th Cir. 1999).

## III. THE PIONEER FACTORS SUPPORT LEAVE TO FILE OUT OF TIME

### A. There is no meaningful prejudice to Defendants.

Allowing the Motion for Leave to Amend to be considered on its merits will cause no cognizable prejudice to Defendants. The proposed does not result from a newly conceived claim or a strategic change in Plaintiffs' litigation position. Plaintiffs expressly advised the Court in their August 11 filing that they intended to seek leave to serve all Defendants.

Indeed, Plaintiffs' August 11 motion contemplated both the amendment and subsequent service during the extended service period. The proposed order accompanying that filing contemplated service through October 13, 2026. Thus, the filing contemplated by Plaintiffs' Motion was already known to the Court and was part of the anticipated procedural progression of this action.

### B. The delay is brief and will have minimal impact on the proceedings.

The limited delay will not materially disrupt the MDL proceedings or require alteration of any substantive briefing schedule concerning the merits of Plaintiffs' claims.

Plaintiffs have acted promptly upon identifying the filing error and are submitting the underlying Motion for Extension *Walter v. Blue Cross & Blue Shield United of Wis* contemporaneously with this Motion.

### C. The reason for the delay was an inadvertent filing in the transferor court.

The error concerned **where** the filing was submitted. This action originated in the District of Columbia and was transferred to this Court shortly before the filing at issue. Following transfer, the same underlying civil action existed under a different court and MDL case number. Counsel inadvertently selected or utilized the transferor-court docket when electronically submitting the Motion.

That mistake is properly characterized as an inadvertent docketing or filing error—not a deliberate disregard of a court order or a misunderstanding of the deadline itself. Once the mistake was discovered, Plaintiffs acted promptly to correct it.

### D. Plaintiffs acted in good faith.

Nothing about the circumstances suggests bad faith. Plaintiffs obtained no strategic advantage by filing the Motion in the wrong court, and the error did not delay the filing for purposes of gaining additional information or altering Plaintiffs' litigation strategy.

The attempted timely submission in the transferor court further demonstrates that Plaintiffs were attempting to comply with the deadline, not evade it.

Taken together, the *Pioneer* factors strongly favor permitting the filing and resolving the underlying Motion for an Extension of Time *Walter v. Blue Cross & Blue Shield United of Wis* on its merits.

## IV. CONCLUSION

For the foregoing reasons, Plaintiffs respectfully request that the Court:

1. find that Plaintiffs' failure to place their Motion for an Extension of Time on this Court's docket resulted from excusable neglect under Federal Rule of Civil Procedure 6(b)(1)(B);
2. grant Plaintiffs leave to file their Motion for Leave Extension of Time out of time;
3. accept the Motion for Extension of Time submitted contemporaneously herewith as timely; and
4. grant such further relief as the Court deems just and appropriate.

Dated: September 23, 2026

Respectfully submitted,

/s/ Anthony Wayne Hood II
D.C. Bar No. 187551
INFINITE ESTATE PLANNING LLC
1720 I Street NW
Washington, DC 20006
Tel: (202) 978-0505
wayne@infiniteestateplanning.com

Counsel of Record for Plaintiffs in the *Byers* Action

## CERTIFICATE OF GOOD FAITH CONFERENCE

Pursuant to Southern District of Florida Local Rule 7.1(a)(3), undersigned counsel certifies that on July 1, 2026 and unsuccessfully attempted again on August 10, 2026, counsel conferred with Wesley Sze counsel for Defendants, concerning the relief requested in this Motion. Counsel for Defendants took no position on the requested relief.

/s/ Anthony Wayne Hood II

## DECLARATION OF ANTHONY WAYNE HOOD II

I, Anthony Wayne Hood II, declare under penalty of perjury pursuant to 28 U.S.C. § 1746:

1. I am counsel of record for Plaintiffs in the *Byers* action and make this declaration from my personal knowledge.
2. This action was originally filed in the United States District Court for the District of Columbia as Case No. 1:26-cv-01651-RJL and was subsequently transferred to the Southern District of Florida as part of MDL No. 3076.
3. Counsel prepared the Motion for an Extension of Time and, on August 11, 2026 attempted to submit that Motion electronically.
4. Through inadvertence, the Motion was submitted to or through the docket associated with the JPML rather than the Southern District of Florida MDL docket.
5. The filing in the transferor court was inadvertent and was not an attempt to disregard this Court's deadline or obtain any litigation advantage.
6. I discovered the filing error on and promptly took steps to correct the error by seeking leave from this Court to file the Motion for an Extension of Time out of time.
7. Attached as Exhibit A is a true and correct copy of August 11, 2026 electronic filing in the JPML docket reflecting the attempted filing.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on September 23, 2026, at Washington, District of Columbia.

/s/ Anthony Wayne Hood II
D.C. Bar No. 187551