**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**
**MIAMI DIVISION**

**MDL NO. 3076**
**CASE NO. 1:23-md-03076-KMM**

IN RE: FTX CRYPTOCURRENCY EXCHANGE
COLLAPSE LITIGATION

---

*This Document Relates To:*

*Byers, et al. v. Fenwick & West LLP, et al.*
transferred from D.D.C. No. 1:26-cv-01651-RJL

---

**[PROPOSED] ORDER GRANTING PLAINTIFFS' MOTION FOR AN EXTENSION OF TIME TO EFFECT SERVICE OF PROCESS**

THIS CAUSE came before the Court upon Plaintiffs' Motion for an Extension of Time to Effect Service of Process Under Federal Rule of Civil Procedure 4(m) (the "Motion"). The Court has considered the Motion, the Declaration of Anthony Wayne Hood II and the exhibits thereto, the Declaration of Edward E. Lehman, the pertinent portions of the record, and is otherwise fully advised in the premises.

The Court finds that good cause exists for the extension requested and that, in any event, the circumstances of this action warrant an extension of the time for service. Accordingly, it is ORDERED AND ADJUDGED as follows:

1. The Motion is GRANTED.

2. The time within which Plaintiffs in the Byers action must effect service of process upon each Defendant is EXTENDED to and including October 13, 2026.

3. Plaintiffs shall file proof of service as to each Defendant within seven (7) days of service upon that Defendant.

4. Any motion for leave to amend to name the Defendant pleaded as John Doe No. 1 shall be filed on or before September 11, 2026.

DONE AND ORDERED in Chambers at Miami, Florida, this ____ day of ____________, 2026.

________________________________
K. MICHAEL MOORE
UNITED STATES DISTRICT JUDGE

cc: All counsel of record

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**
**MIAMI DIVISION**

**MDL NO. 3076**
**CASE NO. 1:23-md-03076-KMM**

IN RE: FTX CRYPTOCURRENCY EXCHANGE COLLAPSE LITIGATION

---

*This Document Relates To:*
*Byers, et al. v. Fenwick & West LLP, et al.*
transferred from D.D.C. No. 1:26-cv-01651-RJL

---

# EXHIBIT B

to the Declaration of Edward E. Lehman

**CONFERRAL UNDER LOCAL RULE 7.1(a)(3)**

Electronic mail of August 10, 2026

*One item.*

**NOTE ON THE TIME OF TRANSMISSION**

The header of the message reproduced below bears the time 04:05:44 on August 11, 2026, GMT+8. That is the local time at the office of counsel for Plaintiffs in Hong Kong. The corresponding times elsewhere are:

4:05 p.m. Eastern Daylight Time, Monday, August 10, 2026

1:05 p.m. Pacific Daylight Time, Monday, August 10, 2026

Counsel for Fenwick & West LLP is in Palo Alto, California. The message was therefore transmitted during business hours at the office of the recipient.

---

| ITEM 1 | August 11, 2026, 4:05:44 a.m. GMT+8 (August 10, 2026, 4:05 p.m. Eastern) |
|---|---|
| **From** | Edward E. Lehman <elehman@lehmanlaw.com> |
| **To** | Wesley Sze <WSze@gibsondunn.com> |
| **Cc** | Kevin S. Rosen <KRosen@gibsondunn.com>; Nancy Hart <NHart@gibsondunn.com>; Wayne Hood <Wayne@infiniteestateplanning.com>; Lene Ma <lma@lehmanlaw.com>; Michael Holecek <MHolecek@gibsondunn.com> |
| **Subject** | Byers v. Fenwick & West — MDL 3076 — name a time to confer |

Hi Mr. Sze,

The case reached this court August 7. The service period expires August 11. The notice is short. In June I said I would give you more.

You have not appeared. I do not know whether Gibson Dunn represents each Defendant. There is no one else to ask.

Three questions. Will Gibson Dunn accept service, and for whom. Will the Defendants waive under Rule 4(d); if so, forms follow separately. Does Fenwick oppose an extension of the service period to October 13.

Name the time and I will be there, any hour, today or tomorrow. Wayne will be there.

If you want the notice, take it. We file before the period expires. Your position follows and you waive nothing.

Sincerely,

Edward Lehman

LEHMAN, LEE & XU

T: +(86)(10) 8532-1919 M: +(86)13511020522 F: +(86)(10) 8532-1999

elehman@lehmanlaw.com | www.lehmanlaw.com

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**
**MIAMI DIVISION**

**MDL NO. 3076**
**CASE NO. 1:23-md-03076-KMM**

IN RE: FTX CRYPTOCURRENCY EXCHANGE COLLAPSE LITIGATION

---

*This Document Relates To:*
*Byers, et al. v. Fenwick & West LLP, et al.*
transferred from D.D.C. No. 1:26-cv-01651-RJL

---

# EXHIBIT A

to the Declaration of Edward E. Lehman

## CORRESPONDENCE BETWEEN COUNSEL

June 23, 2026 to July 2, 2026

*Nine items. Reproduced in the order in which they appear in the electronic mail chain.*

## INDEX OF CORRESPONDENCE

| No. | Date / time as shown | From | To | Subject |
|---|---|---|---|---|
| 1 | June 23, 2026, 1:57 a.m. | E. Lehman | W. Sze; K. Rosen; N. Hart | Byers v. Fenwick & West LLP, No. 1:26-cv-01651-RJL (D.D.C.) — request to confer (LCvR 7(m)); proposed Rule 26(f) conference |
| 2 | June 24, 2026, 3:13 a.m. | W. Sze | E. Lehman; K. Rosen; N. Hart | RE: request to confer (LCvR 7(m)); proposed Rule 26(f) conference |
| 3 | June 23, 2026, 8:27 p.m. | E. Lehman | W. Sze; K. Rosen; N. Hart | Fenwick's Liability Insurance Tower — request to confer (LCvR 7(m)); proposed Rule 26(f) conference |
| 4 | June 27, 2026, 2:26 a.m. | W. Sze | E. Lehman | RE: request to confer; proposed conference times |
| 5 | June 28, 2026, 10:46 p.m. | E. Lehman | W. Sze | Conform 07/01/26 — Conferral |
| 6 | June 28, 2026, 10:55 p.m. | E. Lehman | W. Sze | Conferral, July 1, 2026 — Zoom connection |
| 7 | July 1, 2026, 4:42 p.m. | E. Lehman | W. Sze | Conferral, July 1, 2026 (Zoom connection) |
| 8 | July 2, 2026, 7:45 a.m. | E. Lehman | W. Sze | Conferral, July 1, 2026 |
| 9 | [undated in the chain] | W. Sze | E. Lehman | Zoom link to finish the discussion |

**Notes on this exhibit**

1. Dates and times are reproduced as they appear in the headers of the original messages. Those headers were generated in different time zones. Counsel for Plaintiffs is in Hong Kong; counsel for Fenwick & West LLP is in California. Item 3 therefore appears in the chain after Item 2 although its header bears an earlier calendar date.
2. The conference referred to in Items 5 through 9 was scheduled for July 1, 2026 at 4:00 p.m. Pacific Daylight Time, which is 7:00 p.m. Eastern Daylight Time and 7:00 a.m. Hong Kong time on July 2, 2026.
3. Signature blocks, firm addresses, and confidentiality footers repeated throughout the chain have been omitted where they recur, for legibility. No substantive text has been omitted. Native copies of each message are available on request.

| ITEM 1 | June 23, 2026, 1:57 a.m. |
|---|---|
| **From** | Edward E. Lehman <elehman@lehmanlaw.com> |
| **To** | Wesley Sze <WSze@gibsondunn.com>; Kevin S. Rosen <KRosen@gibsondunn.com>; Nancy Hart <NHart@gibsondunn.com> |
| **Cc** | Wayne Hood <Wayne@infiniteestateplanning.com>; Lene Ma <lma@lehmanlaw.com> |
| **Subject** | Byers v. Fenwick & West LLP, No. 1:26-cv-01651-RJL (D.D.C.) — request to confer (LCvR 7(m)); proposed Rule 26(f) conference |

Dear Mr. Sze:

I write to set the parties' conference. The complaint is on file, and Gibson Dunn has appeared for Fenwick. I propose one of two times:

- Tuesday, June 23, 2026 — 3:00 p.m. Pacific / 6:00 p.m. Eastern (6:00 a.m. Hong Kong, Wednesday, June 24); or
- Wednesday, June 24, 2026 — 3:00 p.m. Pacific / 6:00 p.m. Eastern (6:00 a.m. Hong Kong, Thursday, June 25).

Please confirm which you prefer. I will circulate a dial-in on your confirmation; if you would rather host, send yours.

I propose that the conference serve as the parties' conference under Rule 26(f) and as the meet-and-confer under Local Civil Rule 7(m), so the record is clear. The agenda is brief:

- Insurance: the disclosure required by Rule 26(a)(1)(A)(iv): the policies, the structure of the tower, and the remaining limits. I will ask the Defendants to commit to a date certain.
- Preservation and ESI: confirmation of the litigation hold, with attention to the matter-management system and its audit trail, and to any auto-deleting or ephemeral messaging.
- Privilege: I will circulate a proposed protective order with a Federal Rule of Evidence 502(d) clawback, so confidentiality is no basis to withhold or delay.
- Schedule: a short written discovery plan, and the narrow, proportional scope of the insurance request under Rule 26(b)(1).

I will lead the conference as Lead Counsel; my motion for admission pro hac vice is pending.

Please confirm the time and your attendees. I would prefer to resolve its timing by agreement at the conference.

Sincerely,

Edward Lehman

Lead Counsel for Plaintiffs (pro hac vice pending), Illinois ARDC No. 6194489, Lehman, Lee & Xu

D.C. counsel of record: A. Wayne Hood II, Esq. (D.C. Bar No. 187551)

Case MDL No. 3076 Document 318-4 Filed 08/11/26 Page 4 of 11

| ITEM 2 | June 24, 2026, 3:13:31 a.m. |
| --- | --- |
| From | Wesley Sze <WSze@gibsondunn.com> |
| To | Edward E. Lehman; Kevin S. Rosen; Nancy Hart |
| Cc | Wayne Hood; Lene Ma; Michael Holecek |
| Subject | RE: Byers v. Fenwick & West LLP — request to confer (LCvR 7(m)); proposed Rule 26(f) conference |

Dear Mr. Lehman,

Your request for a conference is premature, particularly when the Defendants have not yet been served or appeared in this action. I reached out to Mr. Hood twice to raise this issue and to discuss potential waiver of service pursuant to Rule 4(d), but did not receive a response to either of my emails. If Plaintiffs would like to request a waiver of service pursuant to Rule 4(d), please send us the appropriate forms and we will get back to you promptly.

Defendants continue to reserve all rights.

Sincerely,

Wesley Sze, Partner, Gibson, Dunn & Crutcher LLP

| ITEM 3 | June 23, 2026, 8:27 p.m. |
|---|---|
| **From** | Edward E. Lehman <elehman@lehmanlaw.com> |
| **To** | Wesley Sze; Kevin S. Rosen; Nancy Hart |
| **Cc** | Wayne Hood; Lene Ma; Michael Holecek |
| **Subject** | Fenwick's Liability Insurance Tower — Byers v. Fenwick & West LLP — request to confer (LCvR 7(m)); proposed Rule 26(f) conference |

Dear Mr. Sze:

We write on one discrete subject, and to you as counsel of record for Fenwick & West LLP. We ask Fenwick to disclose the structure of its liability insurance tower. We do not ask, in this email, for the policies, their forms, or their endorsements; those can follow in the ordinary course. We ask only for the architecture of the coverage:

- each carrier in the tower, primary through excess;
- the attachment point and limit of each layer, and the per-claim and aggregate limits;
- whether each policy is written on a wasting or eroding basis, such that defense costs reduce the limits available to satisfy a judgment;
- the limits remaining available, and the erosion to date; and
- any reservation of rights, coverage position, or denial bearing on the availability of the coverage.

The reason to provide this now is specific to the asset, and it is not hypothetical. Coverage of this kind is commonly written so that defense costs erode the limits, and the defense of the FTX-related matters is generating those costs now. The same representation has, in addition, already produced substantial claims and settlements in the coordinated proceedings, which may draw upon the same limits. Plaintiffs prosecute this action in their own right, and what they may recover depends upon the coverage that remains. The remaining limits are not a matter that can sensibly wait.

The request is transfer-neutral. Whatever forum supervises pretrial, a schedule of the tower travels with the case, and the limits erode regardless of where the case sits. Nothing in the Panel proceedings is a reason to defer it.

To make this straightforward: a short schedule of the tower, or the declarations pages, will suffice. If the commercial terms are sensitive, we are content to receive the information subject to a confidentiality stipulation, on an attorneys'-eyes-only basis if you prefer. We are glad to confer on format and timing under Local Civil Rule 7(m), and, because the limits are eroding, we would welcome your response within the week.

We recognize that formal disclosure under Rule 26(a)(1)(A)(iv) arrives with initial disclosures in the ordinary course. We raise the tower now, and informally, so that neither side need trouble the Court with something this narrow. If Fenwick would prefer not to proceed on this basis, we will take the question up in the parties' Rule 26(f) discovery plan and, if necessary, by an application for limited expedited discovery for good cause. We would prefer the simpler course, and we expect Fenwick would as well.

Plaintiffs reserve all rights.

Sincerely,

Edward E. Lehman (pro hac vice pending), Lehman, Lee & Xu

| ITEM 4 | **June 27, 2026, 2:26 a.m.** |
|---|---|
| **From** | Wesley Sze <WSze@gibsondunn.com> |
| **To** | Edward E. Lehman |
| **Subject** | RE: Byers v. Fenwick & West LLP — request to confer; proposed conference times |

Dear Mr. Lehman,

As I noted in my prior correspondence, your request for a conference to discuss disclosures under Rule 26 is premature when Defendants have not been served or appeared in this action yet. Even though you have declined to offer a waiver of service pursuant to Rule 4(d), we are nonetheless open to conferring with you to work out the threshold service issues. If you would like to confer about service of process, we are available during the following time slots:

July 1, 2026 — 4:00 p.m. Pacific / 7:00 p.m. Eastern (7:00 a.m. Hong Kong, July 2)

July 2, 2026 — 4:00 p.m. Pacific / 7:00 p.m. Eastern (7:00 a.m. Hong Kong, July 3)

We also ask that Mr. Hood attend this conferral, as he is counsel of record for Plaintiffs and you have not been admitted pro hac vice in this action. Going forward, please also give us the courtesy of at least three business days' notice for any conferrals, so that we have an adequate opportunity to prepare. It is not reasonable to request a conferral with less than a day's notice.

Finally, as you know, there is a pending Conditional Transfer Order 7 from the Judicial Panel on Multidistrict Litigation that conditionally transfers this action into the ongoing In re FTX MDL proceedings before Judge Moore. We continue to believe that all matters relating to this action are most efficiently resolved before Judge Moore in the MDL and ask that you to wait until the Panel has ruled on the pending transfer.

Defendants continue to respectfully reserve all rights, including as to service of process and jurisdiction.

Sincerely,

Wesley Sze, Partner, Gibson, Dunn & Crutcher LLP

| ITEM 5 | June 28, 2026, 10:46 p.m. |
|---|---|
| **From** | Edward E. Lehman <elehman@lehmanlaw.com> |
| **To** | Wesley Sze |
| **Cc** | Kevin S. Rosen; Nancy Hart; Wayne Hood; Lene Ma; Michael Holecek |
| **Subject** | Conform 07/01/26 — Conferral — Fenwick's Liability Insurance Tower — Byers v. Fenwick & West LLP |

Dear Mr. Sze

Plaintiffs accept the first time you offered. The conference will proceed on July 1, 2026, at 4:00 p.m. PDT — 7:00 p.m. EDT, and 7:00 a.m. China Time on July 2. I will circulate the Zoom connection.

This is the fourth time Plaintiffs have sought to fix a time to confer. I proposed two times on June 23. I renewed the request that evening. You replied twice that a conference was premature and proposed no time. You have now proposed two. Plaintiffs accept the earlier one. The record of who sought to confer, and who delayed, is complete.

The conference is not premature. Rule 26(d)(1) permits discovery before the Rule 26(f) conference on court order. Plaintiffs will move for that order, and LCvR 7(m) requires the parties to confer first. The conference will address service, that motion, and the pending motion to vacate. It will not be limited to service.

Counsel's participation in a conferral requires no prior admission to this Court.

Two matters call for a direct answer on the call. First, whether Gibson Dunn is authorized to accept service for each named Defendant. You have corresponded for the Defendants since this action was filed and reserve their rights as to service and jurisdiction; Plaintiffs are entitled to know whether you will accept service as well. Second, whether Defendants will provide the insurance-agreement disclosure that Rule 26(a)(1)(A)(iv) requires, voluntarily, and on what schedule. Plaintiffs' election to serve formally and their request to advance a disclosure the Rules already compel are not in tension.

CTO-7 does not stay this action or divest this Court of jurisdiction. J.P.M.L. R. 2.1(d). Plaintiffs have moved to vacate it. Plaintiffs see no basis to defer proceedings that are neither stayed nor divested, and will not stipulate to deferral. The Panel's July 30 hearing makes the timing of the discovery Plaintiffs will seek material.

Plaintiffs will give reasonable notice of future conferrals. The proposals of June 23 were timely, and the record answers the objection.

Plaintiffs reserve all rights.

Sincerely,

Edward Lehman, Lehman, Lee & Xu

| ITEM 6 | June 28, 2026, 10:55 p.m. |
|---|---|
| **From** | Edward E. Lehman <elehman@lehmanlaw.com> |
| **To** | Wesley Sze |
| **Subject** | Byers et al. v. Fenwick — D.D.C. conferral — Zoom connection |

Dear Mr. Sze,

As confirmed, the parties' conference will proceed on July 1, 2026, at 4:00 p.m. PDT, 7:00 p.m. EDT, and 7:00 a.m. China Time on July 2. The Zoom connection follows.

Topic: Byers et al. v. Fenwick — D.D.C. conferral

Time: July 1, 2026, 4:00 p.m. Pacific / 7:00 p.m. Eastern (July 2, 7:00 a.m. Beijing, Shanghai, Hong Kong)

Join Zoom Meeting: [meeting link omitted]

Meeting ID: 546 764 1844      Passcode: g3G48s

Plaintiffs reserve all rights.

Sincerely,

Edward Lehman, Lehman, Lee & Xu

Case MDL No. 3076 Document 1149-1 Filed 08/01/26 Page 9 of 16

| ITEM 7 | July 1, 2026, 4:42 p.m. |
|---|---|
| **From** | Edward E. Lehman <elehman@lehmanlaw.com> |
| **To** | Wesley Sze |
| **Cc** | Kevin S. Rosen; Nancy Hart; Wayne Hood; Lene Ma; Michael Holecek |
| **Subject** | Byers v. Fenwick & West LLP — conferral, July 1, 2026 (Zoom connection) |

Dear Guys,

Seems we were disconnected. Do you have a link or shall I send one?

Sincerely,

Edward Lehman, Lehman, Lee & Xu

| ITEM 8 | **July 2, 2026, 7:45 a.m.** |
|---|---|
| **From** | Edward E. Lehman <elehman@lehmanlaw.com> |
| **To** | Wesley Sze |
| **Subject** | Byers v. Fenwick & West LLP — conferral, July 1, 2026 |

Can you get back on I am in the room

Edward Lehman, Lehman, Lee & Xu

| ITEM 9 | [undated in the chain] |
| --- | --- |
| From | Wesley Sze <WSze@gibsondunn.com> |
| To | Edward E. Lehman |
| Subject | Zoom link to finish the discussion |

Why don't we finish our discussion using this link: [Gibson Dunn Zoom meeting link omitted]

Wesley Sze, Partner, Gibson, Dunn & Crutcher LLP

T: +1 650.849.5347 | M: +1 408.577.7378

310 University Avenue, Palo Alto, CA 94301-1744

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**
**MIAMI DIVISION**

**MDL NO. 3076**
**CASE NO. 1:23-md-03076-KMM**

IN RE: FTX CRYPTOCURRENCY EXCHANGE
COLLAPSE LITIGATION

---

*This Document Relates To:*

*Byers, et al. v. Fenwick & West LLP, et al.*
transferred from D.D.C. No. 1:26-cv-01651-RJL

---

**DECLARATION OF EDWARD E. LEHMAN IN SUPPORT OF PLAINTIFFS' MOTION FOR AN EXTENSION OF TIME TO EFFECT SERVICE OF PROCESS**

I, Edward E. Lehman, declare under penalty of perjury under 28 U.S.C. § 1746:

1. I am Managing Director of Lehman, Lee & Xu, Hong Kong. I am a member in good standing of the Bar of the State of Illinois, ARDC No. 6194489, and of the Bar of the United States District Court for the Northern District of Illinois. I am lead counsel for the Plaintiffs in the Byers action. I have applied to the Clerk of this Court for electronic filing privileges in this litigation. I make this declaration from my own knowledge. If called, I could testify competently to each fact stated.

2. I represent each of the twenty Plaintiffs captioned in this action. Seventeen are individuals. Three are entities: Morebet Limited, a private limited company incorporated in England and Wales; Loods B.V., a besloten vennootschap organized under the law of the Netherlands; and Drake HK Limited, a limited company incorporated in the Hong Kong Special Administrative Region.

3. No Plaintiff resides or is organized in the United States. My office is in Hong Kong, which is twelve hours ahead of Eastern Time and fifteen hours ahead of Pacific Time. Communication with the Plaintiffs, and between my office and counsel and process servers in the United States, is conducted across those intervals.

4. Each of the three entity Plaintiffs is organized under the law of a different jurisdiction. Confirming the identity and authority of each Plaintiff to bring and maintain this action, obtaining instructions from twenty clients located outside the United States, and arranging the funding of costs incurred in the United States are all conducted from my office in Hong Kong and across the intervals described above.

5. After the Complaint was filed I directed that each Defendant's identity and service address be verified against public bar registries and corporate records. That direction followed the discovery that the addresses stated in the Complaint's Service of Process Address Schedule were inaccurate. Process could not properly be directed to addresses that counsel had determined were wrong, and verification proceeded without interruption until it was complete.

6. Gibson, Dunn & Crutcher LLP appeared for Fenwick & West LLP before the Judicial Panel on Multidistrict Litigation, filed the notice of tag-along action identifying this case on May 14, 2026, and briefed the contested transfer. It has entered no appearance in the Byers action in the district court, in the District of Columbia or in this Court. It has corresponded on behalf of the Defendants since the action was filed. It has not stated which Defendants it represents. Between June 23 and July 1, 2026 I corresponded with Wesley Sze of that firm concerning service of process and related matters. Mr. Sze stated that a conference on other subjects was premature while Defendants remained unserved, reserved all rights as to service and jurisdiction,

and asked that Plaintiffs await the Panel's ruling on the conditional transfer order. True and correct copies of that correspondence are attached as Exhibit A.

7. In correspondence dated June 24 and June 27, 2026 Mr. Sze raised the possibility of a waiver of service under Rule 4(d) and invited Plaintiffs to send waiver forms. Plaintiffs elected to effect formal service instead. I stated that election to Mr. Sze in correspondence dated June 28, 2026. No waiver request was transmitted at that time.

8. In the same correspondence of June 28, 2026 I identified a threshold question for the parties' conference: whether Gibson, Dunn & Crutcher LLP was authorized to accept service of process on behalf of each named Defendant. Counsel had corresponded on behalf of the Defendants since the action was filed and had reserved their rights as to service and jurisdiction.

9. The conference took place by videoconference on July 1, 2026 at 4:00 p.m. Pacific Daylight Time, which was 7:00 a.m. on July 2 at my office. The connection was lost during the conference. I wrote to Mr. Sze asking for a link, and wrote again to say I was in the meeting room. Mr. Sze provided a link. The parties reconnected on that link and completed the discussion. Those messages are Items 7 through 9 of Exhibit A.

10. Service of process was discussed at the conference. The discussion included whether Gibson, Dunn & Crutcher LLP would accept service on behalf of each named Defendant, and whether the matter would instead proceed by waiver of service under Rule 4(d). Neither question was resolved. Counsel did not state whether the firm would accept service on behalf of any Defendant, and no arrangement for waiver was reached. Neither question has been resolved since. Plaintiffs thereafter proceeded on the basis that individual service would be required as to each Defendant.

11. On August 10, 2026 I twice telephoned Mr. Sze at Gibson, Dunn & Crutcher LLP, (650) 849-5300. He was not available on either occasion and I left a message each time. At 4:05 p.m. Eastern Time the same day I transmitted to him, by electronic mail, a request to confer under Local Rule 7.1(a)(3). I asked whether Gibson, Dunn & Crutcher LLP would accept service and for which Defendants, whether the Defendants would waive service under Rule 4(d), and whether Fenwick & West LLP opposes the relief sought by this motion. I offered to confer at any hour on August 10 or August 11 and stated that Mr. Hood would attend. I stated that if Mr. Sze preferred the notice he had asked for in June, Plaintiffs would file before the period expired and his position would follow, and that he waived nothing by not answering. A true and correct copy is attached as Exhibit B.

12. I retained and funded process servers in Monterey County and San Francisco, California; in Seattle, Washington; and in the District of Columbia. Each was instructed to attempt service immediately, to attempt service over the weekend where a residential address is involved, and to report daily.

12. Plaintiffs seek an extension to and including October 13, 2026 to complete service on all Defendants.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on August 10, 2026, at Hong Kong.

**Edward E. Lehman**
Illinois ARDC No. 6194489

AO 440 (Rev. 06/12; DC 3/15) Summons in a Civil Action

# UNITED STATES DISTRICT COURT

for the

District of Columbia

Kent Byers; Hyeon-Ki Min; Jong-Won Park; Tae-Ho Kim
Hyun-Soo Lee; Chin-Kwang Kang; Jung-Soo Kim;
Sooyong Kwon; Seokhee Won; Seyeon Chang;
Kyoung-Jai Choi; Wonjae Lee; Ji-Yeon Kim;

*Plaintiff(s)*

v.

Fenwick & West LLP; Tyler Newby; Andrew T. Albertsor
Richard L. Dickson; Rodger R. Cole; Thomas Ensign;
Noah Rosenthal; John Doe No. 1 (Daniel Friedberg)

*Defendant(s)*

Civil Action No. 1:26-cv-01651

**SUMMONS IN A CIVIL ACTION**

To: *(Defendant's name and address)*
Fenwick & West LLP
c/o Richard L. Dickson, Firmwide Chair
801 California Street
Mountain View, California 94041

[Individual defendants — see separate summonses]

A lawsuit has been filed against you.

Within 21 days after service of this summons on you (not counting the day you received it) — or 60 days if you are the United States or a United States agency, or an officer or employee of the United States described in Fed. R. Civ. P. 12 (a)(2) or (3) — you must serve on the plaintiff an answer to the attached complaint or a motion under Rule 12 of the Federal Rules of Civil Procedure. The answer or motion must be served on the plaintiff or plaintiff's attorney, whose name and address are:

Wayne Hood, Esq. (DC Bar No. 187551)
Infinite Estate Planning
Washington, D.C. | Tel: (202) 978-0505

Edward E. Lehman, Esq. (PHV)
Lehman, Lee & Xu | 1 Matheson Street

If you fail to respond, judgment by default will be entered against you for the relief demanded in the complaint. You also must file your answer or motion with the court.




*ANGELA D. CAESAR, CLERK OF COURT*

Date: May 14, 2026

/s/ Grace Kern
*Signature of Clerk or Deputy Clerk*

Civil Action No. 1:26-cv-01651

**PROOF OF SERVICE**

***(This section should not be filed with the court unless required by Fed. R. Civ. P. 4 (l))***

This summons for *(name of individual and title, if any)* ______________________

was received by me on *(date)* ______________ .

❒ I personally served the summons on the individual at *(place)* ______________________

______________________ on *(date)* ______________ ; or

❒ I left the summons at the individual's residence or usual place of abode with *(name)* ______________

______________________ , a person of suitable age and discretion who resides there,

on *(date)* ______________ , and mailed a copy to the individual's last known address; or

❒ I served the summons on *(name of individual)* ______________________ , who is

designated by law to accept service of process on behalf of *(name of organization)* ______________

______________________ on *(date)* ______________ ; or

❒ I returned the summons unexecuted because ______________________ ; or

❒ Other *(specify):*

My fees are $ ________ for travel and $ ________ for services, for a total of $ 0.00 .

I declare under penalty of perjury that this information is true.

Date: ______________

______________________
*Server's signature*

______________________
*Printed name and title*

______________________
*Server's address*

Additional information regarding attempted service, etc:

AO 440 (Rev. 06/12; DC 3/15) Summons in a Civil Action

# UNITED STATES DISTRICT COURT

for the

District of Columbia

Kent Byers; Hyeon-Ki Min; Jong-Won Park;
Tae-Ho Kim; Hyun-Soo Lee; Chin-Kwang Kang;
Jung-Soo Kim; Sooyong Kwon; Seokhee Won;
Seyeon Chang; Kyoung-Jai Choi; Wonjae Lee;

*Plaintiff(s)*

v.

Fenwick & West LLP; Tyler Newby;
Andrew T. Albertson; Richard L. Dickson;
Rodger R. Cole; Thomas Ensign;
Noah Rosenthal; John Doe No. 1 (Daniel Friedberg)

*Defendant(s)*

Civil Action No. 1:26-cv-01651

## SUMMONS IN A CIVIL ACTION

To: *(Defendant's name and address)*

Tyler Newby, Esq.
Privacy/Cybersecurity Partner
Fenwick & West LLP
801 California Street
Mountain View, California 94041

A lawsuit has been filed against you.

Within 21 days after service of this summons on you (not counting the day you received it) — or 60 days if you are the United States or a United States agency, or an officer or employee of the United States described in Fed. R. Civ. P. 12 (a)(2) or (3) — you must serve on the plaintiff an answer to the attached complaint or a motion under Rule 12 of the Federal Rules of Civil Procedure. The answer or motion must be served on the plaintiff or plaintiff's attorney, whose name and address are:

Wayne Hood, Esq. (DC Bar No. 187551)
Infinite Estate Planning | Washington, D.C.
Tel: (202) 978-0505

Edward E. Lehman, Esq. (PHV)
Lehman, Lee & Xu | Causeway Bay, Hong Kong

If you fail to respond, judgment by default will be entered against you for the relief demanded in the complaint. You also must file your answer or motion with the court.

*ANGELA D. CAESAR, CLERK OF COURT*

Date: May 14, 2026

/s/ Grace Kern

*Signature of Clerk or Deputy Clerk*

Civil Action No. 1:26-cv-01651

## PROOF OF SERVICE

***(This section should not be filed with the court unless required by Fed. R. Civ. P. 4 (l))***

This summons for *(name of individual and title, if any)* ______________________
was received by me on *(date)* ______________ .

❒ I personally served the summons on the individual at *(place)* ______________________
______________________ on *(date)* ______________ ; or

❒ I left the summons at the individual's residence or usual place of abode with *(name)* ______________
______________________ , a person of suitable age and discretion who resides there,
on *(date)* ______________ , and mailed a copy to the individual's last known address; or

❒ I served the summons on *(name of individual)* ______________________ , who is
designated by law to accept service of process on behalf of *(name of organization)* ______________
______________________ on *(date)* ______________ ; or

❒ I returned the summons unexecuted because ______________________ ; or

❒ Other *(specify)*:

My fees are $ __________ for travel and $ __________ for services, for a total of $ 0.00 .

I declare under penalty of perjury that this information is true.

Date: ______________

______________________
*Server's signature*

______________________
*Printed name and title*

______________________
*Server's address*

Additional information regarding attempted service, etc:

AO 440 (Rev. 06/12; DC 3/15) Summons in a Civil Action

# UNITED STATES DISTRICT COURT

for the

District of Columbia

| | | |
|---|---|---|
| Kent Byers; Hyeon-Ki Min; Jong-Won Park;<br>Tae-Ho Kim; Hyun-Soo Lee; Chin-Kwang Kang;<br>Jung-Soo Kim; Sooyong Kwon; Seokhee Won;<br>Seyeon Chang; Kyoung-Jai Choi; Wonjae Lee;<br>*Plaintiff(s)* | ) | |
| v. | ) | Civil Action No. 1:26-cv-01651 |
| Fenwick & West LLP; Tyler Newby;<br>Andrew T. Albertson; Richard L. Dickson;<br>Rodger R. Cole; Thomas Ensign;<br>Noah Rosenthal; John Doe No. 1 (Daniel Friedberg)<br>*Defendant(s)* | ) | |

**SUMMONS IN A CIVIL ACTION**

To: *(Defendant's name and address)*
Andrew T. Albertson, Esq.
Corporate Partner
Fenwick & West LLP
801 California Street
Mountain View, California 94041

A lawsuit has been filed against you.

Within 21 days after service of this summons on you (not counting the day you received it) — or 60 days if you are the United States or a United States agency, or an officer or employee of the United States described in Fed. R. Civ. P. 12 (a)(2) or (3) — you must serve on the plaintiff an answer to the attached complaint or a motion under Rule 12 of the Federal Rules of Civil Procedure. The answer or motion must be served on the plaintiff or plaintiff's attorney, whose name and address are:

Wayne Hood, Esq. (DC Bar No. 187551)
Infinite Estate Planning | Washington, D.C.
Tel: (202) 978-0505

Edward E. Lehman, Esq. (PHV)
Lehman, Lee & Xu | Causeway Bay, Hong Kong

If you fail to respond, judgment by default will be entered against you for the relief demanded in the complaint. You also must file your answer or motion with the court.




*ANGELA D. CAESAR, CLERK OF COURT*

Date: May 14, 2026

/s/ Grace Kern
*Signature of Clerk or Deputy Clerk*

Civil Action No. 1:26-cv-01651

## PROOF OF SERVICE

***(This section should not be filed with the court unless required by Fed. R. Civ. P. 4 (l))***

This summons for *(name of individual and title, if any)* ______________________
was received by me on *(date)* ______________ .

❒ I personally served the summons on the individual at *(place)* ______________________
______________________ on *(date)* ______________ ; or

❒ I left the summons at the individual's residence or usual place of abode with *(name)* ______________
______________________ , a person of suitable age and discretion who resides there,
on *(date)* ______________ , and mailed a copy to the individual's last known address; or

❒ I served the summons on *(name of individual)* ______________________ , who is
designated by law to accept service of process on behalf of *(name of organization)* ______________
______________________ on *(date)* ______________ ; or

❒ I returned the summons unexecuted because ______________________ ; or

❒ Other *(specify)*:

My fees are $ __________ for travel and $ __________ for services, for a total of $ 0.00 .

I declare under penalty of perjury that this information is true.

Date: ______________

______________________
*Server's signature*

______________________
*Printed name and title*

______________________
*Server's address*

Additional information regarding attempted service, etc:

AO 440 (Rev. 06/12; DC 3/15) Summons in a Civil Action

# UNITED STATES DISTRICT COURT

for the

District of Columbia

Kent Byers; Hyeon-Ki Min; Jong-Won Park;
Tae-Ho Kim; Hyun-Soo Lee; Chin-Kwang Kang;
Jung-Soo Kim; Sooyong Kwon; Seokhee Won;
Seyeon Chang; Kyoung-Jai Choi; Wonjae Lee;

*Plaintiff(s)*

v.

Fenwick & West LLP; Tyler Newby;
Andrew T. Albertson; Richard L. Dickson;
Rodger R. Cole; Thomas Ensign;
Noah Rosenthal; John Doe No. 1 (Daniel Friedberg)

*Defendant(s)*

Civil Action No. 1:26-cv-01651

## SUMMONS IN A CIVIL ACTION

To: *(Defendant's name and address)*
Richard L. Dickson, Esq.
Firmwide Chair
Fenwick & West LLP
801 California Street
Mountain View, California 94041

A lawsuit has been filed against you.

Within 21 days after service of this summons on you (not counting the day you received it) — or 60 days if you are the United States or a United States agency, or an officer or employee of the United States described in Fed. R. Civ. P. 12 (a)(2) or (3) — you must serve on the plaintiff an answer to the attached complaint or a motion under Rule 12 of the Federal Rules of Civil Procedure. The answer or motion must be served on the plaintiff or plaintiff's attorney, whose name and address are:

Wayne Hood, Esq. (DC Bar No. 187551)
Infinite Estate Planning | Washington, D.C.
Tel: (202) 978-0505

Edward E. Lehman, Esq. (PHV)
Lehman, Lee & Xu | Causeway Bay, Hong Kong

If you fail to respond, judgment by default will be entered against you for the relief demanded in the complaint. You also must file your answer or motion with the court.

*ANGELA D. CAESAR, CLERK OF COURT*

Date: May 14, 2026

/s/ Grace Kern
*Signature of Clerk or Deputy Clerk*

Civil Action No. 1:26-cv-01651

## PROOF OF SERVICE

***(This section should not be filed with the court unless required by Fed. R. Civ. P. 4 (l))***

This summons for *(name of individual and title, if any)* ______________________________
was received by me on *(date)* ______________ .

❒ I personally served the summons on the individual at *(place)* ______________________
______________________________ on *(date)* ______________ ; or

❒ I left the summons at the individual's residence or usual place of abode with *(name)* ______________
______________________ , a person of suitable age and discretion who resides there,
on *(date)* ______________ , and mailed a copy to the individual's last known address; or

❒ I served the summons on *(name of individual)* ______________________________ , who is
designated by law to accept service of process on behalf of *(name of organization)* ______________
______________________________ on *(date)* ______________ ; or

❒ I returned the summons unexecuted because ______________________________ ; or

❒ Other *(specify)*:

My fees are $ __________ for travel and $ __________ for services, for a total of $ 0.00 .

I declare under penalty of perjury that this information is true.

Date: ______________ ______________________________
*Server's signature*

______________________________
*Printed name and title*

______________________________
*Server's address*

Additional information regarding attempted service, etc:

# UNITED STATES DISTRICT COURT

for the

District of Columbia

Kent Byers; Hyeon-Ki Min; Jong-Won Park;
Tae-Ho Kim; Hyun-Soo Lee; Chin-Kwang Kang;
Jung-Soo Kim; Sooyong Kwon; Seokhee Won;
Seyeon Chang; Kyoung-Jai Choi; Wonjae Lee;

*Plaintiff(s)*

v.

Fenwick & West LLP; Tyler Newby;
Andrew T. Albertson; Richard L. Dickson;
Rodger R. Cole; Thomas Ensign;
Noah Rosenthal; John Doe No. 1 (Daniel Friedberg)

*Defendant(s)*

Civil Action No. 1:26-cv-01651

## SUMMONS IN A CIVIL ACTION

To: *(Defendant's name and address)*
Rodger R. Cole, Esq.
Former Managing Partner (Retired)
Fenwick & West LLP
801 California Street
Mountain View, California 94041

[Personal address to be confirmed — former partner, now retired]

A lawsuit has been filed against you.

Within 21 days after service of this summons on you (not counting the day you received it) — or 60 days if you are the United States or a United States agency, or an officer or employee of the United States described in Fed. R. Civ. P. 12 (a)(2) or (3) — you must serve on the plaintiff an answer to the attached complaint or a motion under Rule 12 of the Federal Rules of Civil Procedure. The answer or motion must be served on the plaintiff or plaintiff's attorney, whose name and address are:

Wayne Hood, Esq. (DC Bar No. 187551)
Infinite Estate Planning | Washington, D.C.
Tel: (202) 978-0505

Edward E. Lehman, Esq. (PHV)
Lehman, Lee & Xu | Causeway Bay, Hong Kong

If you fail to respond, judgment by default will be entered against you for the relief demanded in the complaint. You also must file your answer or motion with the court.




*ANGELA D. CAESAR, CLERK OF COURT*

Date: May 14, 2026

/s/ Grace Kern

*Signature of Clerk or Deputy Clerk*

Civil Action No. 1:26-cv-01651

**PROOF OF SERVICE**

***(This section should not be filed with the court unless required by Fed. R. Civ. P. 4 (l))***

This summons for *(name of individual and title, if any)* ______________________________

was received by me on *(date)* ______________ .

❒ I personally served the summons on the individual at *(place)* ______________________

______________________________ on *(date)* ______________ ; or

❒ I left the summons at the individual's residence or usual place of abode with *(name)* ______________

______________________ , a person of suitable age and discretion who resides there,

on *(date)* ______________ , and mailed a copy to the individual's last known address; or

❒ I served the summons on *(name of individual)* ______________________ , who is

designated by law to accept service of process on behalf of *(name of organization)* ______________

______________________________ on *(date)* ______________ ; or

❒ I returned the summons unexecuted because ______________________________ ; or

❒ Other *(specify)*:

My fees are $ __________ for travel and $ __________ for services, for a total of $ 0.00 .

I declare under penalty of perjury that this information is true.

Date: ______________

______________________________
*Server's signature*

______________________________
*Printed name and title*

______________________________
*Server's address*

Additional information regarding attempted service, etc:

AO 440 (Rev. 06/12; DC 3/15) Summons in a Civil Action

# UNITED STATES DISTRICT COURT

for the

District of Columbia

Kent Byers; Hyeon-Ki Min; Jong-Won Park;
Tae-Ho Kim; Hyun-Soo Lee; Chin-Kwang Kang;
Jung-Soo Kim; Sooyong Kwon; Seokhee Won;
Seyeon Chang; Kyoung-Jai Choi; Wonjae Lee;

*Plaintiff(s)*

v.

Fenwick & West LLP; Tyler Newby;
Andrew T. Albertson; Richard L. Dickson;
Rodger R. Cole; Thomas Ensign;
Noah Rosenthal; John Doe No. 1 (Daniel Friedberg)

*Defendant(s)*

Civil Action No. 1:26-cv-01651

**SUMMONS IN A CIVIL ACTION**

To: *(Defendant's name and address)* Noah Rosenthal, Esq.
Conflicts Attorney
Fenwick & West LLP
801 California Street
Mountain View, California 94041

A lawsuit has been filed against you.

Within 21 days after service of this summons on you (not counting the day you received it) — or 60 days if you are the United States or a United States agency, or an officer or employee of the United States described in Fed. R. Civ. P. 12 (a)(2) or (3) — you must serve on the plaintiff an answer to the attached complaint or a motion under Rule 12 of the Federal Rules of Civil Procedure. The answer or motion must be served on the plaintiff or plaintiff's attorney, whose name and address are:

Wayne Hood, Esq. (DC Bar No. 187551)
Infinite Estate Planning | Washington, D.C.
Tel: (202) 978-0505

Edward E. Lehman, Esq. (PHV)
Lehman, Lee & Xu | Causeway Bay, Hong Kong

If you fail to respond, judgment by default will be entered against you for the relief demanded in the complaint. You also must file your answer or motion with the court.




*ANGELA D. CAESAR, CLERK OF COURT*

Date: May 14, 2026

/s/ Grace Kern

*Signature of Clerk or Deputy Clerk*

Civil Action No. 1:26-cv-01651

## PROOF OF SERVICE

***(This section should not be filed with the court unless required by Fed. R. Civ. P. 4 (l))***

This summons for *(name of individual and title, if any)* ______________________

was received by me on *(date)* ______________ .

❒ I personally served the summons on the individual at *(place)* ______________________

______________________ on *(date)* ______________ ; or

❒ I left the summons at the individual's residence or usual place of abode with *(name)* ______________

______________________ , a person of suitable age and discretion who resides there,

on *(date)* ______________ , and mailed a copy to the individual's last known address; or

❒ I served the summons on *(name of individual)* ______________________ , who is

designated by law to accept service of process on behalf of *(name of organization)* ______________

______________________ on *(date)* ______________ ; or

❒ I returned the summons unexecuted because ______________________ ; or

❒ Other *(specify)*:

My fees are $ __________ for travel and $ __________ for services, for a total of $ 0.00 .

I declare under penalty of perjury that this information is true.

Date: ______________

______________________
*Server's signature*

______________________
*Printed name and title*

______________________
*Server's address*

Additional information regarding attempted service, etc:

AO 440 (Rev. 06/12; DC 3/15) Summons in a Civil Action

# UNITED STATES DISTRICT COURT

for the

District of Columbia

Kent Byers; Hyeon-Ki Min; Jong-Won Park;
Tae-Ho Kim; Hyun-Soo Lee; Chin-Kwang Kang;
Jung-Soo Kim; Sooyong Kwon; Seokhee Won;
Seyeon Chang; Kyoung-Jai Choi; Wonjae Lee;

*Plaintiff(s)*

v.

Fenwick & West LLP; Tyler Newby;
Andrew T. Albertson; Richard L. Dickson;
Rodger R. Cole; Thomas Ensign;
Noah Rosenthal; John Doe No. 1 (Daniel Friedberg)

*Defendant(s)*

Civil Action No. 1:26-cv-01651

## SUMMONS IN A CIVIL ACTION

To: *(Defendant's name and address)*

Daniel Friedberg, Esq.
Fmr. Fenwick Crypto Practice Chair / Fmr. FTX Chief Regulatory Officer
Fenwick & West LLP
801 California Street
Mountain View, California 94041

[Personal/current address to be confirmed — former partner]

A lawsuit has been filed against you.

Within 21 days after service of this summons on you (not counting the day you received it) — or 60 days if you are the United States or a United States agency, or an officer or employee of the United States described in Fed. R. Civ. P. 12 (a)(2) or (3) — you must serve on the plaintiff an answer to the attached complaint or a motion under Rule 12 of the Federal Rules of Civil Procedure. The answer or motion must be served on the plaintiff or plaintiff's attorney, whose name and address are:

Wayne Hood, Esq. (DC Bar No. 187551)
Infinite Estate Planning | Washington, D.C.
Tel: (202) 978-0505

Edward E. Lehman, Esq. (PHV)
Lehman, Lee & Xu | Causeway Bay, Hong Kong

If you fail to respond, judgment by default will be entered against you for the relief demanded in the complaint. You also must file your answer or motion with the court.

*ANGELA D. CAESAR, CLERK OF COURT*

Date: May 14, 2026

/s/ Grace Kern

*Signature of Clerk or Deputy Clerk*

Civil Action No. 1:26-cv-01651

## PROOF OF SERVICE

***(This section should not be filed with the court unless required by Fed. R. Civ. P. 4 (l))***

This summons for *(name of individual and title, if any)* ______________________
was received by me on *(date)* ______________ .

❒ I personally served the summons on the individual at *(place)* ______________________
______________________ on *(date)* ______________ ; or

❒ I left the summons at the individual's residence or usual place of abode with *(name)* ______________
______________________ , a person of suitable age and discretion who resides there,
on *(date)* ______________ , and mailed a copy to the individual's last known address; or

❒ I served the summons on *(name of individual)* ______________________ , who is
designated by law to accept service of process on behalf of *(name of organization)* ______________
______________________ on *(date)* ______________ ; or

❒ I returned the summons unexecuted because ______________________ ; or

❒ Other *(specify)*:

My fees are $ ________ for travel and $ ________ for services, for a total of $ 0.00 .

I declare under penalty of perjury that this information is true.

Date: ______________

______________________
*Server's signature*

______________________
*Printed name and title*

______________________
*Server's address*

Additional information regarding attempted service, etc:

AO 440 (Rev. 06/12; DC 3/15) Summons in a Civil Action

# UNITED STATES DISTRICT COURT

for the

District of Columbia

Kent Byers; Hyeon-Ki Min; Jong-Won Park;
Tae-Ho Kim; Hyun-Soo Lee; Chin-Kwang Kang;
Jung-Soo Kim; Sooyong Kwon; Seokhee Won;
Seyeon Chang; Kyoung-Jai Choi; Wonjae Lee;

*Plaintiff(s)*

v.

Fenwick & West LLP; Tyler Newby;
Andrew T. Albertson; Richard L. Dickson;
Rodger R. Cole; Thomas Ensign;
Noah Rosenthal; John Doe No. 1 (Daniel Friedberg)

*Defendant(s)*

Civil Action No. 1:26-cv-01651

**SUMMONS IN A CIVIL ACTION**

To: *(Defendant's name and address)* Thomas Ensign, Esq.
D.C. Founding Partner
Fenwick & West LLP
1050 Connecticut Avenue NW, Suite 600
Washington, D.C. 20036

A lawsuit has been filed against you.

Within 21 days after service of this summons on you (not counting the day you received it) — or 60 days if you are the United States or a United States agency, or an officer or employee of the United States described in Fed. R. Civ. P. 12 (a)(2) or (3) — you must serve on the plaintiff an answer to the attached complaint or a motion under Rule 12 of the Federal Rules of Civil Procedure. The answer or motion must be served on the plaintiff or plaintiff's attorney, whose name and address are:

Wayne Hood, Esq. (DC Bar No. 187551)
Infinite Estate Planning | Washington, D.C.
Tel: (202) 978-0505

Edward E. Lehman, Esq. (PHV)
Lehman, Lee & Xu | Causeway Bay, Hong Kong

If you fail to respond, judgment by default will be entered against you for the relief demanded in the complaint. You also must file your answer or motion with the court.

*ANGELA D. CAESAR, CLERK OF COURT*

Date: May 14, 2026

/s/ Grace Kern

*Signature of Clerk or Deputy Clerk*

Civil Action No. 1:26-cv-01651

**PROOF OF SERVICE**

***(This section should not be filed with the court unless required by Fed. R. Civ. P. 4 (l))***

This summons for *(name of individual and title, if any)* ______________________________

was received by me on *(date)* ______________ .

❒ I personally served the summons on the individual at *(place)* ______________________

______________________________ on *(date)* ______________ ; or

❒ I left the summons at the individual's residence or usual place of abode with *(name)* ______________

______________________ , a person of suitable age and discretion who resides there,

on *(date)* ______________ , and mailed a copy to the individual's last known address; or

❒ I served the summons on *(name of individual)* ______________________ , who is

designated by law to accept service of process on behalf of *(name of organization)* ______________

______________________________ on *(date)* ______________ ; or

❒ I returned the summons unexecuted because ______________________ ; or

❒ Other *(specify)*:

My fees are $ ________ for travel and $ ________ for services, for a total of $ 0.00 .

I declare under penalty of perjury that this information is true.

Date: ______________

______________________________
*Server's signature*

______________________________
*Printed name and title*

______________________________
*Server's address*

Additional information regarding attempted service, etc:

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**
**MIAMI DIVISION**

**MDL NO. 3076**
**CASE NO. 1:23-md-03076-KMM**

IN RE: FTX CRYPTOCURRENCY EXCHANGE
COLLAPSE LITIGATION

---

*This Document Relates To:*

*Byers, et al. v. Fenwick & West LLP, et al.*
transferred from D.D.C. No. 1:26-cv-01651-RJL

---

**DECLARATION OF ANTHONY WAYNE HOOD II IN SUPPORT OF PLAINTIFFS' MOTION FOR AN EXTENSION OF TIME TO EFFECT SERVICE OF PROCESS**

I, Anthony Wayne Hood II, declare under penalty of perjury under 28 U.S.C. § 1746:

1. I am a member of the Bar of the District of Columbia, Bar No. 187551, and of the Bar of the United States District Court for the District of Columbia, admitted December 2, 2024. I was counsel of record for Plaintiffs in the transferor court and continue to represent them. I make this declaration from my own knowledge and from the records of my firm, which are kept in the ordinary course. If called, I could testify competently to each fact stated.

2. Plaintiffs filed the Complaint on May 13, 2026 in the United States District Court for the District of Columbia, No. 1:26-cv-01651-RJL.

3. The Clerk of that court issued summonses as to each of the seven named Defendants on May 14, 2026. True and correct copies are attached as it A.

4. The Complaint contained a Service of Process Address Schedule. It identified Fenwick & West LLP as a California limited liability partnership to be served at 801 California Street, Mountain View, California, and it listed each individual Defendant at that same address. As to

two individual Defendants the Schedule stated that a residential address remained to be confirmed.

5. On May 14, 2026 Wesley Sze of Gibson, Dunn & Crutcher LLP filed with the Judicial Panel on Multidistrict Litigation a Notice of Tag-Along Action identifying this case, together with the docket and the Complaint. That filing was made one day after the Complaint was filed.

6. The following paragraphs set out the steps taken to effect service, in sequence.

7. On July 29, 2026, I determined that the address information in the Service of Process Address Schedule was inaccurate as to Fenwick & West LLP and as to one or more individual Defendants. Beginning on that date, and continuing until the exercise was complete, I caused each Defendant's identity and current service address to be checked against public records. The sources consulted were the records of the California Secretary of State, the online attorney registry of the State Bar of California, the records of the Washington State Bar Association, and the records of the District of Columbia Bar.

8. That exercise established the following addresses, at which service is now being effected.

(a) Fenwick & West LLP, through its registered agent, Corporation Service Company d/b/a Lawyers Incorporating Service, 2710 Gateway Oaks Drive, Suite 150N, Sacramento, California 95833.

(b) Tyler Griffin Newby, One Front Street, 33rd Floor, San Francisco, California 94111.

(c) Noah Samuel Rosenthal, One Front Street, 33rd Floor, San Francisco, California 94111.

(d) Richard Lloyd Dickson, 801 California Street, Mountain View, California. This address is unchanged from the Schedule.

(e) Andrew T. Albertson, 401 Union Street, Floor 5, Seattle, Washington 98101-2668. The Schedule had identified this Defendant as located in California.

(f) Rodger Ryan Cole, 2 Wild Turkey Run, Carmel, California 93923-7710, a residential address in Monterey County. This Defendant is no longer in active practice.

(g) Thomas B. Ensign, 733 10th Street NW, Floor 4, Washington, DC 20005-3960. The Complaint had identified this Defendant as Thomas J. Ensign.

9. The checks described in paragraphs 7 and 8 were completed on August 4, 2026.

10. Defendant Albertson practices in Washington State. Based on my review of Washington law, substituted service upon an individual at a business address is not available there, and personal service is the only method by which he may be served.

11. One Defendant is pleaded as John Doe No. 1. He was pleaded in that form because his identity was not established when the Complaint was filed. No amendment naming him has been made. He cannot be served until he is named. Plaintiffs will move under Rule 15 to name him on or before September 11, 2026.

12. On August 7, 2026 process servers were retained and instructed in Monterey County and San Francisco, California; in Seattle, Washington; and in the District of Columbia. Each was instructed to attempt service without delay, to attempt service on Saturdays and Sundays where a residential address is involved, and to report the result of each attempt the same day.

13. As of the date of this declaration, service has been effected as follows:

Fenwick & West LLP on August 7, 2026; Tyler Newby on August 10, 2026; Richard L. Dickson on August 10, 2026; Noah Rosenthal on August 7, 2026; No other Defendant has been served to date. No Defendant has entered an appearance.

14. On August 6, 2026 the Judicial Panel on Multidistrict Litigation entered an order transferring this action to this Court. On August 7, 2026 at 10:29 a.m. Eastern Time a certified copy of that order was docketed in the transferor court, and at 10:32 a.m. Eastern Time the transferor court transferred the case out and closed it.

15. Plaintiffs seek an extension to and including October 13, 2026 to complete service on all Defendants.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on August 11, 2026, at Washington, District of Columbia.



**Anthony Wayne Hood II**
D.C. Bar No. 187551

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**
**MIAMI DIVISION**

**MDL NO. 3076**
**CASE NO. 1:23-md-03076-KMM**

IN RE: FTX CRYPTOCURRENCY EXCHANGE
COLLAPSE LITIGATION

---

*This Document Relates To:*

*Byers, et al. v. Fenwick & West LLP, et al.*
transferred from D.D.C. No. 1:26-cv-01651-RJL

---

**PLAINTIFFS' MOTION FOR AN EXTENSION OF TIME TO EFFECT SERVICE OF PROCESS UNDER FEDERAL RULE OF CIVIL PROCEDURE 4(m) AND INCORPORATED MEMORANDUM OF LAW**

Plaintiffs in the Byers action move under Federal Rule of Civil Procedure 4(m) and Rule 6(b)(1)(A) for an order extending the time to effect service of process on all Defendants to and including October 13, 2026.

The current deadline is August 11, 2026. Plaintiffs move before it expires.

Because the motion is made before the period expires, the Court may rule at its convenience. Fed. R. Civ. P. 6(b)(1)(A). Plaintiffs do not seek expedited treatment. Service is being effected now.

**MEMORANDUM OF LAW**

## I. BACKGROUND

Plaintiffs are twenty foreign investors — seventeen individuals and three entities organized under the laws of England and Wales, the Netherlands, and the Hong Kong Special Administrative Region. They filed this action in the United States District Court for the District of Columbia on May 13, 2026 against Fenwick & West LLP and six individually named

attorneys. One further Defendant is pleaded as John Doe No. 1. The action is a direct, non-class action.

On August 6, 2026 the Judicial Panel on Multidistrict Litigation transferred the action to this Court for coordinated pretrial proceedings. The transfer became effective on August 7, 2026, when the Panel's order was filed with the Clerk of this Court. 28 U.S.C. § 1407(a).

The Clerk of the transferor court issued summonses as to each named Defendant before the transfer took effect. Hood Decl. ¶ 3. Transfer under § 1407 does not commence a new action; this is the same civil action, retaining its filing date, under a new number.

Ninety days from May 13, 2026 is August 11, 2026. The facts are set out in the accompanying declarations of Anthony Wayne Hood II and Edward E. Lehman.

## II. THE GOVERNING STANDARD

Plaintiffs seek an extension in the exercise of the Court's discretion. They do not claim good cause and the Court need not find it.

Rule 4(m) directs the court to dismiss without prejudice or to order that service be made within a specified time. The second alternative does not depend on good cause. Rule 4(m) "grants discretion to the district court to extend the time for service of process even in the absence of a showing of good cause." Horenkamp v. Van Winkle & Co., 402 F.3d 1129, 1132 (11th Cir. 2005). Before dismissing, the court "must still consider whether any other circumstances warrant an extension of time based on the facts of the case." Lepone-Dempsey v. Carroll County Commissioners, 476 F.3d 1277, 1282 (11th Cir. 2007).

The circumstances come from the Advisory Committee. Relief "may be justified, for example, if the applicable statute of limitations would bar the refiled action, or if the defendant is evading service or conceals a defect in attempted service." Horenkamp, 402 F.3d at 1132 (quoting Fed. R. Civ. P. 4(m) advisory committee's note to 1993 amendment). Horenkamp affirmed an

extension on that basis where the plaintiff conceded good cause was absent. Id. at 1132–33. Plaintiffs proceed on the same footing.

## III. THE CIRCUMSTANCES WARRANT AN EXTENSION

### A. One Defendant cannot be served at all.

One Defendant is pleaded as John Doe No. 1. He has never been named. Hood Decl. ¶ 11. An unnamed Defendant cannot be served, and no exercise of diligence would have permitted service on him within ninety days.

Plaintiffs will move under Rule 15 to name him on or before September 11, 2026, and will serve him within the period requested.

### B. Two Defendants can be reached by no method but personal service, and their locations had first to be established.

The Complaint identified Fenwick & West LLP as a California limited liability partnership to be served at its Mountain View office, and listed each individual Defendant at that same address. The information was wrong. Fenwick is a registered foreign limited liability partnership served through a registered agent in Sacramento. Two individual Defendants are in San Francisco, one in Seattle, one at a residence in Monterey County, and one in the District of Columbia. Hood Decl. ¶¶ 4, 7–9.

Counsel established the correct addresses from public records and service is being effected at them. Hood Decl. ¶¶ 7–9.

As to two of them the method available is limited. Defendant Albertson practices in Washington, which does not permit substituted service upon an individual at a business address; personal service is the only method. Hood Decl. ¶ 10. Defendant Cole is retired and must be served at a residence. Hood Decl. ¶ 8(f).

### C. The action changed courts four days before the period expired.

The Panel transferred this action on August 6, 2026. The transfer took effect on August 7. The period expires on August 11. Hood Decl. ¶ 14. Plaintiffs opposed transfer and do not contend that the Panel proceedings suspended anything. The point is jurisdictional only: this Court's authority began on August 7, and Plaintiffs bring the motion to it at the first opportunity.

## IV. WHAT PLAINTIFFS DO NOT CONTEND

The error in the pleaded addresses was Plaintiffs' own.

Counsel for Fenwick invited Plaintiffs in June to request a waiver of service under Rule 4(d). Plaintiffs elected formal service and said so. Lehman Decl. ¶ 7. The parties conferred on July 1, 2026. Neither the question whether Gibson, Dunn & Crutcher LLP would accept service nor the question of waiver was resolved, and neither has been resolved since. Lehman Decl. ¶¶ 8–10. Plaintiffs do not rely on Rule 4(d) as a ground for this motion.

Plaintiffs did not amend to name John Doe No. 1 and did not complete service. They do not contend that the proceedings before the Panel suspended either obligation. Rule 2.1(d) of the Panel's Rules provides otherwise. Plaintiffs seek the period in which to do both.

## V. DISMISSAL WOULD PRODUCE A DISPUTE THAT AN EXTENSION AVOIDS

Plaintiffs' claims arise from conduct that was concealed. The Complaint alleges that no Plaintiff could have learned, from public information or reasonable investigation, that Fenwick attorneys had been told of the misuse of customer funds or had advised on its concealment, and that the information was suppressed by the communications system those attorneys implemented. Compl. ¶ 52. Plaintiffs' claims are timely. Defendants will contend otherwise.

The Court need not decide that question and Plaintiffs do not ask it to. A dismissal without prejudice would guarantee it is litigated: Plaintiffs would refile, Defendants would move to dismiss on limitations grounds, and this Court would decide an accrual dispute that an extension

of the service period avoids. The Advisory Committee identified the operation of a limitations period on a refiled action as the first circumstance justifying relief under Rule 4(m), and Horenkamp affirmed an extension on that ground.

## VI. NO PARTY IS PREJUDICED

Defendants have had actual notice throughout. Counsel for Fenwick appeared before the Panel, identified this case to the Panel on May 14, 2026, filed the docket and the Complaint with it, briefed the contested transfer, and has corresponded on behalf of the Defendants since the action was filed. Lehman Decl. ¶ 6. No answer is due. No schedule is set. No discovery is open.

## VII. THE PERIOD REQUESTED

Plaintiffs request until October 13, 2026. Service on the seven named Defendants is in progress and is expected to be completed within days. The period is set by the eighth. John Doe No. 1 must be named by amendment, leave sought by September 11, service effected, and proof filed. October 13 accommodates that sequence and no more. That every Plaintiff is outside the United States, and that instructions and funding are coordinated from Hong Kong across a twelve-hour interval, bears on the pace at which those steps can be taken. Lehman Decl. ¶¶ 2–4, 13. Plaintiffs will file proof of service as to each Defendant within seven days of service upon that Defendant.

## VIII. CONCLUSION

Plaintiffs request an order extending the time to effect service of process on each Defendant to and including October 13, 2026, or such other date as the Court directs. A proposed order accompanies this motion.

Dated: August 11, 2026

Respectfully submitted,



**Anthony Wayne Hood II**
D.C. Bar No. 187551
INFINITE ESTATE PLANNING LLC
1720 I Street NW
Washington, DC 20006
Tel: (202) 978-0505
wayne@infiniteestateplanning.com

*Counsel of Record for Plaintiffs in the Byers Action*

## CERTIFICATE OF GOOD FAITH CONFERENCE

Pursuant to Local Rule 7.1(a)(3)(B), I hereby certify that counsel for the movant has made reasonable efforts to confer with all parties and non-parties who may be affected by the relief sought in this motion but has been unable to do so. Several of the Defendant in the Byers action has been served, but none have appeared. Gibson, Dunn & Crutcher LLP has entered no appearance in this action and has not stated which Defendants it represents. No other counsel for any Defendant is known to Plaintiffs. The reasonable efforts made were as follows.

(a) On August 10, 2026 Edward E. Lehman, lead counsel for Plaintiffs, twice telephoned Wesley Sze of Gibson, Dunn & Crutcher LLP at (650) 849-5300. Mr. Sze was not available on either occasion and Mr. Lehman left a message each time.

(b) On August 10, 2026 at 4:05 p.m. Eastern Time Mr. Lehman transmitted a request to confer to Mr. Sze by electronic mail, copied to Kevin S. Rosen, Nancy E. Hart and Michael Holecek of that firm and to the undersigned. The message asked whether Gibson, Dunn & Crutcher LLP would accept service and for which Defendants, whether the Defendants would waive service under Rule 4(d), and whether Fenwick & West LLP opposes the relief sought. It offered to confer at any hour on August 10 or August 11, stated that the undersigned would attend, and stated that if Mr. Sze preferred the notice he had requested in June, Plaintiffs would file before the period expired, his position would follow, and he waived nothing by not answering. A true and correct copy is Exhibit B to the Declaration of Edward E. Lehman.

(c) As of, approximately, 3:30 p.m. Eastern Time on August 11, 2026, when this motion was filed, no response had been received from Mr. Sze or from any other person on behalf of any Defendant.



Anthony Wayne Hood II

**CERTIFICATE OF SERVICE**

I certify that on August 11, 2026 I filed the foregoing with the Clerk of Court using the CM/ECF system, which will serve counsel of record in MDL No. 3076. No Defendant in the Byers action has been served or has appeared. A courtesy copy was transmitted by electronic mail to Wesley Sze, Gibson, Dunn & Crutcher LLP, at wsze@gibsondunn.com.



Anthony Wayne Hood II