**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**
**MIAMI DIVISION**

**MDL NO. 3076**
**CASE NO. 1:23-md-03076-KMM**

IN RE: FTX CRYPTOCURRENCY EXCHANGE
COLLAPSE LITIGATION

---

*This Document Relates To:*

*Byers, et al. v. Fenwick & West LLP, et al.*
transferred from D.D.C. No. 1:26-cv-01651-RJL

---

**PLAINTIFFS' MOTION FOR AN EXTENSION OF TIME TO EFFECT SERVICE OF PROCESS UNDER FEDERAL RULE OF CIVIL PROCEDURE 4(m) AND INCORPORATED MEMORANDUM OF LAW**

Plaintiffs in the Byers action move under Federal Rule of Civil Procedure 4(m) and Rule 6(b)(1)(A) for an order extending the time to effect service of process on all Defendants to and including October 13, 2026.

The current deadline is August 11, 2026. Plaintiffs move before it expires.

Because the motion is made before the period expires, the Court may rule at its convenience. Fed. R. Civ. P. 6(b)(1)(A). Plaintiffs do not seek expedited treatment. Service is being effected now.

## MEMORANDUM OF LAW

### I. BACKGROUND

Plaintiffs are twenty foreign investors — seventeen individuals and three entities organized under the laws of England and Wales, the Netherlands, and the Hong Kong Special Administrative Region. They filed this action in the United States District Court for the District of Columbia on May 13, 2026 against Fenwick & West LLP and six individually named

attorneys. One further Defendant is pleaded as John Doe No. 1. The action is a direct, non-class action.

On August 6, 2026 the Judicial Panel on Multidistrict Litigation transferred the action to this Court for coordinated pretrial proceedings. The transfer became effective on August 7, 2026, when the Panel's order was filed with the Clerk of this Court. 28 U.S.C. § 1407(a).

The Clerk of the transferor court issued summonses as to each named Defendant before the transfer took effect. Hood Decl. ¶ 3. Transfer under § 1407 does not commence a new action; this is the same civil action, retaining its filing date, under a new number.

Ninety days from May 13, 2026 is August 11, 2026. The facts are set out in the accompanying declarations of Anthony Wayne Hood II and Edward E. Lehman.

## II. THE GOVERNING STANDARD

Plaintiffs seek an extension in the exercise of the Court's discretion. They do not claim good cause and the Court need not find it.

Rule 4(m) directs the court to dismiss without prejudice or to order that service be made within a specified time. The second alternative does not depend on good cause. Rule 4(m) "grants discretion to the district court to extend the time for service of process even in the absence of a showing of good cause." Horenkamp v. Van Winkle & Co., 402 F.3d 1129, 1132 (11th Cir. 2005). Before dismissing, the court "must still consider whether any other circumstances warrant an extension of time based on the facts of the case." Lepone-Dempsey v. Carroll County Commissioners, 476 F.3d 1277, 1282 (11th Cir. 2007).

The circumstances come from the Advisory Committee. Relief "may be justified, for example, if the applicable statute of limitations would bar the refiled action, or if the defendant is evading service or conceals a defect in attempted service." Horenkamp, 402 F.3d at 1132 (quoting Fed. R. Civ. P. 4(m) advisory committee's note to 1993 amendment). Horenkamp affirmed an

extension on that basis where the plaintiff conceded good cause was absent. Id. at 1132–33. Plaintiffs proceed on the same footing.

## III. THE CIRCUMSTANCES WARRANT AN EXTENSION

### A. One Defendant cannot be served at all.

One Defendant is pleaded as John Doe No. 1. He has never been named. Hood Decl. ¶ 11. An unnamed Defendant cannot be served, and no exercise of diligence would have permitted service on him within ninety days.

Plaintiffs will move under Rule 15 to name him on or before September 11, 2026, and will serve him within the period requested.

### B. Two Defendants can be reached by no method but personal service, and their locations had first to be established.

The Complaint identified Fenwick & West LLP as a California limited liability partnership to be served at its Mountain View office, and listed each individual Defendant at that same address. The information was wrong. Fenwick is a registered foreign limited liability partnership served through a registered agent in Sacramento. Two individual Defendants are in San Francisco, one in Seattle, one at a residence in Monterey County, and one in the District of Columbia. Hood Decl. ¶¶ 4, 7–9.

Counsel established the correct addresses from public records and service is being effected at them. Hood Decl. ¶¶ 7–9.

As to two of them the method available is limited. Defendant Albertson practices in Washington, which does not permit substituted service upon an individual at a business address; personal service is the only method. Hood Decl. ¶ 10. Defendant Cole is retired and must be served at a residence. Hood Decl. ¶ 8(f).

### C. The action changed courts four days before the period expired.

The Panel transferred this action on August 6, 2026. The transfer took effect on August 7. The period expires on August 11. Hood Decl. ¶ 14. Plaintiffs opposed transfer and do not contend that the Panel proceedings suspended anything. The point is jurisdictional only: this Court's authority began on August 7, and Plaintiffs bring the motion to it at the first opportunity.

## IV. WHAT PLAINTIFFS DO NOT CONTEND

The error in the pleaded addresses was Plaintiffs' own.

Counsel for Fenwick invited Plaintiffs in June to request a waiver of service under Rule 4(d). Plaintiffs elected formal service and said so. Lehman Decl. ¶ 7. The parties conferred on July 1, 2026. Neither the question whether Gibson, Dunn & Crutcher LLP would accept service nor the question of waiver was resolved, and neither has been resolved since. Lehman Decl. ¶¶ 8–10. Plaintiffs do not rely on Rule 4(d) as a ground for this motion.

Plaintiffs did not amend to name John Doe No. 1 and did not complete service. They do not contend that the proceedings before the Panel suspended either obligation. Rule 2.1(d) of the Panel's Rules provides otherwise. Plaintiffs seek the period in which to do both.

## V. DISMISSAL WOULD PRODUCE A DISPUTE THAT AN EXTENSION AVOIDS

Plaintiffs' claims arise from conduct that was concealed. The Complaint alleges that no Plaintiff could have learned, from public information or reasonable investigation, that Fenwick attorneys had been told of the misuse of customer funds or had advised on its concealment, and that the information was suppressed by the communications system those attorneys implemented. Compl. ¶ 52. Plaintiffs' claims are timely. Defendants will contend otherwise.

The Court need not decide that question and Plaintiffs do not ask it to. A dismissal without prejudice would guarantee it is litigated: Plaintiffs would refile, Defendants would move to dismiss on limitations grounds, and this Court would decide an accrual dispute that an extension

of the service period avoids. The Advisory Committee identified the operation of a limitations period on a refiled action as the first circumstance justifying relief under Rule 4(m), and Horenkamp affirmed an extension on that ground.

## VI. NO PARTY IS PREJUDICED

Defendants have had actual notice throughout. Counsel for Fenwick appeared before the Panel, identified this case to the Panel on May 14, 2026, filed the docket and the Complaint with it, briefed the contested transfer, and has corresponded on behalf of the Defendants since the action was filed. Lehman Decl. ¶ 6. No answer is due. No schedule is set. No discovery is open.

## VII. THE PERIOD REQUESTED

Plaintiffs request until October 13, 2026. Service on the seven named Defendants is in progress and is expected to be completed within days. The period is set by the eighth. John Doe No. 1 must be named by amendment, leave sought by September 11, service effected, and proof filed. October 13 accommodates that sequence and no more. That every Plaintiff is outside the United States, and that instructions and funding are coordinated from Hong Kong across a twelve-hour interval, bears on the pace at which those steps can be taken. Lehman Decl. ¶¶ 2–4, 13. Plaintiffs will file proof of service as to each Defendant within seven days of service upon that Defendant.

## VIII. CONCLUSION

Plaintiffs request an order extending the time to effect service of process on each Defendant to and including October 13, 2026, or such other date as the Court directs. A proposed order accompanies this motion.

Dated: September 23, 2026

Respectfully submitted,



**Anthony Wayne Hood II**
D.C. Bar No. 187551
INFINITE ESTATE PLANNING LLC
1720 I Street NW
Washington, DC 20006
Tel: (202) 978-0505
wayne@infiniteestateplanning.com

*Counsel of Record for Plaintiffs in the Byers Action*

**CERTIFICATE OF GOOD FAITH CONFERENCE**

Pursuant to Local Rule 7.1(a)(3)(B), I hereby certify that counsel for the movant has made reasonable efforts to confer with all parties and non-parties who may be affected by the relief sought in this motion but has been unable to do so. Several of the Defendant in the Byers action has been served, but none have appeared. Gibson, Dunn & Crutcher LLP has entered no appearance in this action and has not stated which Defendants it represents. No other counsel for any Defendant is known to Plaintiffs. The reasonable efforts made were as follows.

(a) On August 10, 2026 Edward E. Lehman, lead counsel for Plaintiffs, twice telephoned Wesley Sze of Gibson, Dunn & Crutcher LLP at (650) 849-5300. Mr. Sze was not available on either occasion and Mr. Lehman left a message each time.

(b) On August 10, 2026 at 4:05 p.m. Eastern Time Mr. Lehman transmitted a request to confer to Mr. Sze by electronic mail, copied to Kevin S. Rosen, Nancy E. Hart and Michael Holecek of that firm and to the undersigned. The message asked whether Gibson, Dunn & Crutcher LLP would accept service and for which Defendants, whether the Defendants would waive service under Rule 4(d), and whether Fenwick & West LLP opposes the relief sought. It offered to confer at any hour on August 10 or August 11, stated that the undersigned would attend, and stated that if Mr. Sze preferred the notice he had requested in June, Plaintiffs would file before the period expired, his position would follow, and he waived nothing by not answering. A true and correct copy is Exhibit B to the Declaration of Edward E. Lehman.

(c) As of, approximately, 3:30 p.m. Eastern Time on August 11, 2026, when this motion was filed, no response had been received from Mr. Sze or from any other person on behalf of any Defendant.



Anthony Wayne Hood II

## CERTIFICATE OF SERVICE

I certify that on September 23, 2026 I filed the foregoing with the Clerk of Court using the CM/ECF system, which will serve counsel of record in MDL No. 3076. No Defendant in the Byers action has been served or has appeared. A courtesy copy was transmitted by electronic mail to Wesley Sze, Gibson, Dunn & Crutcher LLP, at wsze@gibsondunn.com.

Anthony Wayne Hood II