**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**
**MIAMI DIVISION**

**MDL NO. 3076**
**CASE NO. 1:23-md-03076-KMM**

IN RE: FTX CRYPTOCURRENCY EXCHANGE
COLLAPSE LITIGATION

---

*This Document Relates To:*

*Byers, et al. v. Fenwick & West LLP, et al.*
transferred from D.D.C. No. 1:26-cv-01651-RJL

---

**DECLARATION OF EDWARD E. LEHMAN IN SUPPORT OF PLAINTIFFS' MOTION FOR AN EXTENSION OF TIME TO EFFECT SERVICE OF PROCESS**

I, Edward E. Lehman, declare under penalty of perjury under 28 U.S.C. § 1746:

1. I am Managing Director of Lehman, Lee & Xu, Hong Kong. I am a member in good standing of the Bar of the State of Illinois, ARDC No. 6194489, and of the Bar of the United States District Court for the Northern District of Illinois. I am lead counsel for the Plaintiffs in the Byers action. I have applied to the Clerk of this Court for electronic filing privileges in this litigation. I make this declaration from my own knowledge. If called, I could testify competently to each fact stated.

2. I represent each of the twenty Plaintiffs captioned in this action. Seventeen are individuals. Three are entities: Morebet Limited, a private limited company incorporated in England and Wales; Loods B.V., a besloten vennootschap organized under the law of the Netherlands; and Drake HK Limited, a limited company incorporated in the Hong Kong Special Administrative Region.

3. No Plaintiff resides or is organized in the United States. My office is in Hong Kong, which is twelve hours ahead of Eastern Time and fifteen hours ahead of Pacific Time. Communication with the Plaintiffs, and between my office and counsel and process servers in the United States, is conducted across those intervals.

4. Each of the three entity Plaintiffs is organized under the law of a different jurisdiction. Confirming the identity and authority of each Plaintiff to bring and maintain this action, obtaining instructions from twenty clients located outside the United States, and arranging the funding of costs incurred in the United States are all conducted from my office in Hong Kong and across the intervals described above.

5. After the Complaint was filed I directed that each Defendant's identity and service address be verified against public bar registries and corporate records. That direction followed the discovery that the addresses stated in the Complaint's Service of Process Address Schedule were inaccurate. Process could not properly be directed to addresses that counsel had determined were wrong, and verification proceeded without interruption until it was complete.

6. Gibson, Dunn & Crutcher LLP appeared for Fenwick & West LLP before the Judicial Panel on Multidistrict Litigation, filed the notice of tag-along action identifying this case on May 14, 2026, and briefed the contested transfer. It has entered no appearance in the Byers action in the district court, in the District of Columbia or in this Court. It has corresponded on behalf of the Defendants since the action was filed. It has not stated which Defendants it represents. Between June 23 and July 1, 2026 I corresponded with Wesley Sze of that firm concerning service of process and related matters. Mr. Sze stated that a conference on other subjects was premature while Defendants remained unserved, reserved all rights as to service and jurisdiction,

and asked that Plaintiffs await the Panel's ruling on the conditional transfer order. True and correct copies of that correspondence are attached as Exhibit A.

7. In correspondence dated June 24 and June 27, 2026 Mr. Sze raised the possibility of a waiver of service under Rule 4(d) and invited Plaintiffs to send waiver forms. Plaintiffs elected to effect formal service instead. I stated that election to Mr. Sze in correspondence dated June 28, 2026. No waiver request was transmitted at that time.

8. In the same correspondence of June 28, 2026 I identified a threshold question for the parties' conference: whether Gibson, Dunn & Crutcher LLP was authorized to accept service of process on behalf of each named Defendant. Counsel had corresponded on behalf of the Defendants since the action was filed and had reserved their rights as to service and jurisdiction.

9. The conference took place by videoconference on July 1, 2026 at 4:00 p.m. Pacific Daylight Time, which was 7:00 a.m. on July 2 at my office. The connection was lost during the conference. I wrote to Mr. Sze asking for a link, and wrote again to say I was in the meeting room. Mr. Sze provided a link. The parties reconnected on that link and completed the discussion. Those messages are Items 7 through 9 of Exhibit A.

10. Service of process was discussed at the conference. The discussion included whether Gibson, Dunn & Crutcher LLP would accept service on behalf of each named Defendant, and whether the matter would instead proceed by waiver of service under Rule 4(d). Neither question was resolved. Counsel did not state whether the firm would accept service on behalf of any Defendant, and no arrangement for waiver was reached. Neither question has been resolved since. Plaintiffs thereafter proceeded on the basis that individual service would be required as to each Defendant.

11. On August 10, 2026 I twice telephoned Mr. Sze at Gibson, Dunn & Crutcher LLP, (650) 849-5300. He was not available on either occasion and I left a message each time. At 4:05 p.m. Eastern Time the same day I transmitted to him, by electronic mail, a request to confer under Local Rule 7.1(a)(3). I asked whether Gibson, Dunn & Crutcher LLP would accept service and for which Defendants, whether the Defendants would waive service under Rule 4(d), and whether Fenwick & West LLP opposes the relief sought by this motion. I offered to confer at any hour on August 10 or August 11 and stated that Mr. Hood would attend. I stated that if Mr. Sze preferred the notice he had asked for in June, Plaintiffs would file before the period expired and his position would follow, and that he waived nothing by not answering. A true and correct copy is attached as Exhibit B.

12. I retained and funded process servers in Monterey County and San Francisco, California; in Seattle, Washington; and in the District of Columbia. Each was instructed to attempt service immediately, to attempt service over the weekend where a residential address is involved, and to report daily.

12. Plaintiffs seek an extension to and including October 13, 2026 to complete service on all Defendants.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on August 10, 2026, at Hong Kong.

[signature]

**Edward E. Lehman**
Illinois ARDC No. 6194489