**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**
**MIAMI DIVISION**

**MDL NO. 3076**
**CASE NO. 1:23-md-03076-KMM**

IN RE: FTX CRYPTOCURRENCY EXCHANGE COLLAPSE LITIGATION

---

*This Document Relates To:*
*Byers, et al. v. Fenwick & West LLP, et al.*
transferred from D.D.C. No. 1:26-cv-01651-RJL

---

# EXHIBIT A

to the Declaration of Edward E. Lehman

## CORRESPONDENCE BETWEEN COUNSEL

June 23, 2026 to July 2, 2026

*Nine items. Reproduced in the order in which they appear in the electronic mail chain.*

## INDEX OF CORRESPONDENCE

| No. | Date / time as shown | From | To | Subject |
|---|---|---|---|---|
| 1 | June 23, 2026, 1:57 a.m. | E. Lehman | W. Sze; K. Rosen; N. Hart | Byers v. Fenwick & West LLP, No. 1:26-cv-01651-RJL (D.D.C.) — request to confer (LCvR 7(m)); proposed Rule 26(f) conference |
| 2 | June 24, 2026, 3:13 a.m. | W. Sze | E. Lehman; K. Rosen; N. Hart | RE: request to confer (LCvR 7(m)); proposed Rule 26(f) conference |
| 3 | June 23, 2026, 8:27 p.m. | E. Lehman | W. Sze; K. Rosen; N. Hart | Fenwick's Liability Insurance Tower — request to confer (LCvR 7(m)); proposed Rule 26(f) conference |
| 4 | June 27, 2026, 2:26 a.m. | W. Sze | E. Lehman | RE: request to confer; proposed conference times |
| 5 | June 28, 2026, 10:46 p.m. | E. Lehman | W. Sze | Conform 07/01/26 — Conferral |
| 6 | June 28, 2026, 10:55 p.m. | E. Lehman | W. Sze | Conferral, July 1, 2026 — Zoom connection |
| 7 | July 1, 2026, 4:42 p.m. | E. Lehman | W. Sze | Conferral, July 1, 2026 (Zoom connection) |
| 8 | July 2, 2026, 7:45 a.m. | E. Lehman | W. Sze | Conferral, July 1, 2026 |
| 9 | [undated in the chain] | W. Sze | E. Lehman | Zoom link to finish the discussion |

**Notes on this exhibit**

1. Dates and times are reproduced as they appear in the headers of the original messages. Those headers were generated in different time zones. Counsel for Plaintiffs is in Hong Kong; counsel for Fenwick & West LLP is in California. Item 3 therefore appears in the chain after Item 2 although its header bears an earlier calendar date.
2. The conference referred to in Items 5 through 9 was scheduled for July 1, 2026 at 4:00 p.m. Pacific Daylight Time, which is 7:00 p.m. Eastern Daylight Time and 7:00 a.m. Hong Kong time on July 2, 2026.
3. Signature blocks, firm addresses, and confidentiality footers repeated throughout the chain have been omitted where they recur, for legibility. No substantive text has been omitted. Native copies of each message are available on request.

| ITEM 1 | June 23, 2026, 1:57 a.m. |
| --- | --- |
| From | Edward E. Lehman <elehman@lehmanlaw.com> |
| To | Wesley Sze <WSze@gibsondunn.com>; Kevin S. Rosen <KRosen@gibsondunn.com>; Nancy Hart <NHart@gibsondunn.com> |
| Cc | Wayne Hood <Wayne@infiniteestateplanning.com>; Lene Ma <lma@lehmanlaw.com> |
| Subject | Byers v. Fenwick & West LLP, No. 1:26-cv-01651-RJL (D.D.C.) — request to confer (LCvR 7(m)); proposed Rule 26(f) conference |

Dear Mr. Sze:

I write to set the parties' conference. The complaint is on file, and Gibson Dunn has appeared for Fenwick. I propose one of two times:

- Tuesday, June 23, 2026 — 3:00 p.m. Pacific / 6:00 p.m. Eastern (6:00 a.m. Hong Kong, Wednesday, June 24); or
- Wednesday, June 24, 2026 — 3:00 p.m. Pacific / 6:00 p.m. Eastern (6:00 a.m. Hong Kong, Thursday, June 25).

Please confirm which you prefer. I will circulate a dial-in on your confirmation; if you would rather host, send yours.

I propose that the conference serve as the parties' conference under Rule 26(f) and as the meet-and-confer under Local Civil Rule 7(m), so the record is clear. The agenda is brief:

- Insurance: the disclosure required by Rule 26(a)(1)(A)(iv): the policies, the structure of the tower, and the remaining limits. I will ask the Defendants to commit to a date certain.
- Preservation and ESI: confirmation of the litigation hold, with attention to the matter-management system and its audit trail, and to any auto-deleting or ephemeral messaging.
- Privilege: I will circulate a proposed protective order with a Federal Rule of Evidence 502(d) clawback, so confidentiality is no basis to withhold or delay.
- Schedule: a short written discovery plan, and the narrow, proportional scope of the insurance request under Rule 26(b)(1).

I will lead the conference as Lead Counsel; my motion for admission pro hac vice is pending.

Please confirm the time and your attendees. I would prefer to resolve its timing by agreement at the conference.

Sincerely,

Edward Lehman

Lead Counsel for Plaintiffs (pro hac vice pending), Illinois ARDC No. 6194489, Lehman, Lee & Xu

D.C. counsel of record: A. Wayne Hood II, Esq. (D.C. Bar No. 187551)

| ITEM 2 | June 24, 2026, 3:13:31 a.m. |
|---|---|
| From | Wesley Sze <WSze@gibsondunn.com> |
| To | Edward E. Lehman; Kevin S. Rosen; Nancy Hart |
| Cc | Wayne Hood; Lene Ma; Michael Holecek |
| Subject | RE: Byers v. Fenwick & West LLP — request to confer (LCvR 7(m)); proposed Rule 26(f) conference |

Dear Mr. Lehman,

Your request for a conference is premature, particularly when the Defendants have not yet been served or appeared in this action. I reached out to Mr. Hood twice to raise this issue and to discuss potential waiver of service pursuant to Rule 4(d), but did not receive a response to either of my emails. If Plaintiffs would like to request a waiver of service pursuant to Rule 4(d), please send us the appropriate forms and we will get back to you promptly.

Defendants continue to reserve all rights.

Sincerely,

Wesley Sze, Partner, Gibson, Dunn & Crutcher LLP

| ITEM 3 | June 23, 2026, 8:27 p.m. |
|---|---|
| From | Edward E. Lehman <elehman@lehmanlaw.com> |
| To | Wesley Sze; Kevin S. Rosen; Nancy Hart |
| Cc | Wayne Hood; Lene Ma; Michael Holecek |
| Subject | Fenwick's Liability Insurance Tower — Byers v. Fenwick & West LLP — request to confer (LCvR 7(m)); proposed Rule 26(f) conference |

Dear Mr. Sze:

We write on one discrete subject, and to you as counsel of record for Fenwick & West LLP. We ask Fenwick to disclose the structure of its liability insurance tower. We do not ask, in this email, for the policies, their forms, or their endorsements; those can follow in the ordinary course. We ask only for the architecture of the coverage:

- each carrier in the tower, primary through excess;
- the attachment point and limit of each layer, and the per-claim and aggregate limits;
- whether each policy is written on a wasting or eroding basis, such that defense costs reduce the limits available to satisfy a judgment;
- the limits remaining available, and the erosion to date; and
- any reservation of rights, coverage position, or denial bearing on the availability of the coverage.

The reason to provide this now is specific to the asset, and it is not hypothetical. Coverage of this kind is commonly written so that defense costs erode the limits, and the defense of the FTX-related matters is generating those costs now. The same representation has, in addition, already produced substantial claims and settlements in the coordinated proceedings, which may draw upon the same limits. Plaintiffs prosecute this action in their own right, and what they may recover depends upon the coverage that remains. The remaining limits are not a matter that can sensibly wait.

The request is transfer-neutral. Whatever forum supervises pretrial, a schedule of the tower travels with the case, and the limits erode regardless of where the case sits. Nothing in the Panel proceedings is a reason to defer it.

To make this straightforward: a short schedule of the tower, or the declarations pages, will suffice. If the commercial terms are sensitive, we are content to receive the information subject to a confidentiality stipulation, on an attorneys'-eyes-only basis if you prefer. We are glad to confer on format and timing under Local Civil Rule 7(m), and, because the limits are eroding, we would welcome your response within the week.

We recognize that formal disclosure under Rule 26(a)(1)(A)(iv) arrives with initial disclosures in the ordinary course. We raise the tower now, and informally, so that neither side need trouble the Court with something this narrow. If Fenwick would prefer not to proceed on this basis, we will take the question up in the parties' Rule 26(f) discovery plan and, if necessary, by an application for limited expedited discovery for good cause. We would prefer the simpler course, and we expect Fenwick would as well.

Plaintiffs reserve all rights.

Sincerely,

Edward E. Lehman (pro hac vice pending), Lehman, Lee & Xu

| ITEM 4 | June 27, 2026, 2:26 a.m. |
|---|---|
| From | Wesley Sze <WSze@gibsondunn.com> |
| To | Edward E. Lehman |
| Subject | RE: Byers v. Fenwick & West LLP — request to confer; proposed conference times |

Dear Mr. Lehman,

As I noted in my prior correspondence, your request for a conference to discuss disclosures under Rule 26 is premature when Defendants have not been served or appeared in this action yet. Even though you have declined to offer a waiver of service pursuant to Rule 4(d), we are nonetheless open to conferring with you to work out the threshold service issues. If you would like to confer about service of process, we are available during the following time slots:

July 1, 2026 — 4:00 p.m. Pacific / 7:00 p.m. Eastern (7:00 a.m. Hong Kong, July 2)

July 2, 2026 — 4:00 p.m. Pacific / 7:00 p.m. Eastern (7:00 a.m. Hong Kong, July 3)

We also ask that Mr. Hood attend this conferral, as he is counsel of record for Plaintiffs and you have not been admitted pro hac vice in this action. Going forward, please also give us the courtesy of at least three business days' notice for any conferrals, so that we have an adequate opportunity to prepare. It is not reasonable to request a conferral with less than a day's notice.

Finally, as you know, there is a pending Conditional Transfer Order 7 from the Judicial Panel on Multidistrict Litigation that conditionally transfers this action into the ongoing In re FTX MDL proceedings before Judge Moore. We continue to believe that all matters relating to this action are most efficiently resolved before Judge Moore in the MDL and ask that you to wait until the Panel has ruled on the pending transfer.

Defendants continue to respectfully reserve all rights, including as to service of process and jurisdiction.

Sincerely,

Wesley Sze, Partner, Gibson, Dunn & Crutcher LLP

| ITEM 5 | June 28, 2026, 10:46 p.m. |
|---|---|
| From | Edward E. Lehman <elehman@lehmanlaw.com> |
| To | Wesley Sze |
| Cc | Kevin S. Rosen; Nancy Hart; Wayne Hood; Lene Ma; Michael Holecek |
| Subject | Conform 07/01/26 — Conferral — Fenwick's Liability Insurance Tower — Byers v. Fenwick & West LLP |

Dear Mr. Sze

Plaintiffs accept the first time you offered. The conference will proceed on July 1, 2026, at 4:00 p.m. PDT — 7:00 p.m. EDT, and 7:00 a.m. China Time on July 2. I will circulate the Zoom connection.

This is the fourth time Plaintiffs have sought to fix a time to confer. I proposed two times on June 23. I renewed the request that evening. You replied twice that a conference was premature and proposed no time. You have now proposed two. Plaintiffs accept the earlier one. The record of who sought to confer, and who delayed, is complete.

The conference is not premature. Rule 26(d)(1) permits discovery before the Rule 26(f) conference on court order. Plaintiffs will move for that order, and LCvR 7(m) requires the parties to confer first. The conference will address service, that motion, and the pending motion to vacate. It will not be limited to service.

Counsel's participation in a conferral requires no prior admission to this Court.

Two matters call for a direct answer on the call. First, whether Gibson Dunn is authorized to accept service for each named Defendant. You have corresponded for the Defendants since this action was filed and reserve their rights as to service and jurisdiction; Plaintiffs are entitled to know whether you will accept service as well. Second, whether Defendants will provide the insurance-agreement disclosure that Rule 26(a)(1)(A)(iv) requires, voluntarily, and on what schedule. Plaintiffs' election to serve formally and their request to advance a disclosure the Rules already compel are not in tension.

CTO-7 does not stay this action or divest this Court of jurisdiction. J.P.M.L. R. 2.1(d). Plaintiffs have moved to vacate it. Plaintiffs see no basis to defer proceedings that are neither stayed nor divested, and will not stipulate to deferral. The Panel's July 30 hearing makes the timing of the discovery Plaintiffs will seek material.

Plaintiffs will give reasonable notice of future conferrals. The proposals of June 23 were timely, and the record answers the objection.

Plaintiffs reserve all rights.

Sincerely,

Edward Lehman, Lehman, Lee & Xu

| ITEM 6 | June 28, 2026, 10:55 p.m. |
|---|---|
| From | Edward E. Lehman <elehman@lehmanlaw.com> |
| To | Wesley Sze |
| Subject | Byers et al. v. Fenwick — D.D.C. conferral — Zoom connection |

Dear Mr. Sze,

As confirmed, the parties' conference will proceed on July 1, 2026, at 4:00 p.m. PDT, 7:00 p.m. EDT, and 7:00 a.m. China Time on July 2. The Zoom connection follows.

Topic: Byers et al. v. Fenwick — D.D.C. conferral

Time: July 1, 2026, 4:00 p.m. Pacific / 7:00 p.m. Eastern (July 2, 7:00 a.m. Beijing, Shanghai, Hong Kong)

Join Zoom Meeting: [meeting link omitted]

Meeting ID: 546 764 1844      Passcode: g3G48s

Plaintiffs reserve all rights.

Sincerely,

Edward Lehman, Lehman, Lee & Xu

| **ITEM 7** | **July 1, 2026, 4:42 p.m.** |
|---|---|
| **From** | Edward E. Lehman <elehman@lehmanlaw.com> |
| **To** | Wesley Sze |
| **Cc** | Kevin S. Rosen; Nancy Hart; Wayne Hood; Lene Ma; Michael Holecek |
| **Subject** | Byers v. Fenwick & West LLP — conferral, July 1, 2026 (Zoom connection) |

Dear Guys,

Seems we were disconnected. Do you have a link or shall I send one?

Sincerely,

Edward Lehman, Lehman, Lee & Xu

| ITEM 8 | July 2, 2026, 7:45 a.m. |
|---|---|
| From | Edward E. Lehman <elehman@lehmanlaw.com> |
| To | Wesley Sze |
| Subject | Byers v. Fenwick & West LLP — conferral, July 1, 2026 |

Can you get back on I am in the room

Edward Lehman, Lehman, Lee & Xu

| ITEM 9 | [undated in the chain] |
|---|---|
| **From** | Wesley Sze <WSze@gibsondunn.com> |
| **To** | Edward E. Lehman |
| **Subject** | Zoom link to finish the discussion |

Why don't we finish our discussion using this link: [Gibson Dunn Zoom meeting link omitted]

Wesley Sze, Partner, Gibson, Dunn & Crutcher LLP

T: +1 650.849.5347 | M: +1 408.577.7378

310 University Avenue, Palo Alto, CA 94301-1744