**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

Case No. 1:23-md-03076-KMM

IN RE:

FTX CRYPTOCURRENCY EXCHANGE
COLLAPSE LITIGATION
_______________________________________/

# ORDER

THIS CAUSE came before the Court upon the Rule 24 Limited-Purpose Motion to Intervene and for Settlement-Related Relief (the "First Motion" or "First Mot.") (ECF No. 1007) and the Rule 24 Revised Motions to Intervene in Anticipation of Securing Standing to Object to Putative Class Plaintiffs' Proposed Settlement With Auditor Defendants in Rule 23(e) Hearing (ECF Nos. 1020–22, 1030) (the "Intervention Motions" or "Int. Mots.")[1] (collectively, the "Motions") filed by the "Lucky D Plaintiffs"[2] ("Movants"). The MDL Plaintiffs ("Plaintiffs") and Defendant Prager Metis CPAs, LLC ("Prager Metis") (together, "Respondents") filed Responses in opposition to the Motions. (ECF Nos. 1018, 1023, 1025, 1027, 1037). The Motions are now

[1] The Intervention Motions comprise a series of nearly identical filings, some of which contain omitted exhibits from the preceding filings. The Court admonishes Movants for this disjointed motion practice, which has unnecessarily complicated adjudication of the Motions. Additionally, the Court declines to consider Movants' supplemental filings related to the Motions (ECF Nos. 1066, 1081) as they: (1) are improperly formatted as letters in violation of Local Rule 7.7; (2) were filed without leave of Court; and (3) do not otherwise constitute Notices of Supplemental Authority under Local Rule 7.8.

[2] The "Lucky D Plaintiffs" consist of the following: (1) Lucky D.; (2) Jong R.D.; (3) How Yuan; (4) S. Roberts; (5) B. Ken; (6) J. Bell; (7) MoreBet, Limited.; (8) L. Zhao; (9) Khoo Wing; (10) P. Devin; (11) Sunli; (12) Loods B.V.; (13) S. James; (14) Yang How; (15) K. David; (16) Edward Johns; (17) Nickle Lee; (18) S. Jong; (19) Drake HK; and (20) Justin Berk. *See generally* Amended Complaint for Professional Malpractice, Fraud and Consumer Fraud (the "Amended Complaint" or "Am. Compl."), *Lucky D v. Prager Metis LLP*, No. 1:23-cv-23871-KMM (S.D. Fla. Jan. 26, 2023) (ECF No. 3).

ripe for review.[3] As set forth below, the First Motion is WITHDRAWN and the Intervention Motions are DENIED.

## I. BACKGROUND

Movants initially filed a direct action against Defendants Prager Metis and Armanino LLP (together, the "Auditor Defendants") in the United States District Court for the District of New Jersey. *See generally* Am. Compl. In 2023, the United States Judicial Panel on Multidistrict Litigation ("JPML") transferred the case to this District for coordinated or consolidated pretrial proceedings. *See* (ECF Nos. 334, 338). On October 9, 2025, Respondents filed a Joint Notice of Proposed Settlement With Defendant Prager Metis. (ECF No. 998).

On November 7, 2025, Movants filed the First Motion, seeking to intervene in the Prager Metis class settlement proceedings pursuant to Federal Rule of Civil Procedure 24 and requesting "targeted relief to ensure that final approval proceeds without prejudice to [Movants'] direct claims." *See generally* First Mot. On November 12, 2025, the Court issued a Paperless Order requiring Respondents to respond to the First Motion. *See* (ECF No. 1008). In doing so, the Court identified an apparent discrepancy in the First Motion's certificate of conferral, which represented conferral on November 10, 2025 and November 12, 2025, despite the First Motion having been

[3] Movants filed an untimely Reply in support of one of the Intervention Motions without seeking leave of Court or providing an explanation for the delay. *See* (ECF No. 1051); S.D. Fla. L.R. 7.1(c)(1). Accordingly, the Court will not consider the untimely Reply herein. *See 6064 Noa, LLC v. City of Orlando*, No. 6:24-CV-1665-WWB-NWH, 2025 WL 2853154, at *1 n.2 (M.D. Fla. Aug. 6, 2025) ("The [c]ourt will not consider the untimely [r]eply."); *SHM Int'l Corp. v. Chant Heat Energy Sci. & Tech. (Zhongshan) Co. Ltd.*, No. 1:14-CV-1446-ODE, 2015 WL 11404609, at *3 n.5 (N.D. Ga. July 29, 2015) ("Plaintiff gives no explanation for the delay, and the [c]ourt will not consider the untimely reply."). Moreover, the Reply does not comply with the font requirement set forth in the Court's Paperless Order (ECF No. 1008), despite the Court's express warning that "[f]ailure to follow [the] formatting guidelines going forward may result in the filing being stricken, any opposing filing being granted by default, and the imposition of other sanctions, including attorney's fees and costs." *See* (ECF Nos. 1008, 1051).

filed on November 7, 2025. *Id.*; First Mot. at 3. Movants thereafter filed the Intervention Motions, with each seeking the same substantive relief as the First Motion. *See generally* Int. Mots.

On May 22, 2026, Plaintiffs filed their Motion for Preliminary Approval of Second Tranche of Settlements, Provisional Certification of Proposed Settlement Class, and Approval of the Proposed Schedule (the "Preliminary Approval Motion" or "Prelim. Mot."), which remains pending before the Court. (ECF No. 1106). Movants filed an Opposition to the Preliminary Approval Motion on May 29, 2026. (ECF No. 1111).

## II. LEGAL STANDARD

"Under Federal Rule of Civil Procedure 24, a party may seek to intervene of right or with the permission of the district court." *Loyd v. Ala. Dep't of Corr.*, 176 F.3d 1336, 1339 (11th Cir. 1999) (footnotes omitted). A party seeking to intervene as of right under Rule 24(a)(2) must show: "(1) [its] application to intervene is timely; (2) [it] has an interest relating to the property or transaction which is the subject of the action; (3) [it] is so situated that disposition of the action, as a practical matter, may impede or impair [its] ability to protect that interest; and (4) [its] interest is represented inadequately by the existing parties to the suit." *Huff v. Comm'r of IRS*, 743 F.3d 790, 795 (11th Cir. 2014) (citation omitted).

Permissive intervention under Rule 24(b) "is appropriate where a party's claim or defense and the main action have a question of law or fact in common and the intervention will not unduly prejudice or delay the adjudication of the rights of the original parties." *Mt. Hawley Ins. Co. v. Sandy Lake Props., Inc.*, 425 F.3d 1308, 1312 (11th Cir. 2005) (per curiam) (citation omitted). "If there is no right to intervene under Rule 24(a), it is wholly discretionary with the court whether to allow intervention under Rule 24(b) and even though there is a common question of law or fact, or the requirements of Rule 24(b) are otherwise satisfied, the court may refuse to allow

intervention." *Purcell v. BankAtlantic Fin. Corp.*, 85 F.3d 1508, 1513 (11th Cir. 1996) (citation omitted).

## III. DISCUSSION

As an initial matter, each of the Intervention Motions represent that Movants withdraw their First Motion. *See* Int. Mots. at 2. Accordingly, the First Motion is withdrawn.

In the Intervention Motions, Movants contend that intervention as of right is proper under Rule 24(a)(2) because: "(1) [Movants have] a significant protectable interest in [their] live federal claims; (2) absent relief, final approval could impair or impede [their] ability to protect those interests; and (3) the settling parties do not adequately represent [them]." *See id.* Alternatively, Movants seek permissive intervention under Rule 24(b), arguing that their "request presents common legal issues regarding settlement scope and notice." *See id.*

Movants' principal concern is that the proposed settlement may impair their ability to pursue their direct claims against the Auditor Defendants. *See, e.g.*, (ECF No. 1021) at 2, 4–6. Specifically, Movants speculate that there is a limited fund that will be distributed to the putative settlement class such that their inability "to object to [class] certification will in all likelihood result in [Movants] having uncollectible claims against likely insolvent defendants." *See id.* at 4–6. In support thereof, Movants argue that "[w]hile the funds earmarked for class distribution in the proposed settlement are filed under seal, and discovery is stayed, it is fair for the [C]ourt to presume [the Auditor Defendants] carried malpractice insurance (errors and omissions) and other insurance to shield the licensed individual professional[s] from personal liability." *See id.* at 4–5. Movants further assert that they were excluded from settlement discussions "because at no point did [the] parties ever consider that this might [be] a limited fund case." *See id.* at 7.

Respondents argue in opposition that Movants failed to confer pursuant to Local Rule

7.1(a), intervention as of right is improper, and permissive intervention is unwarranted. *See generally* (ECF Nos. 1025, 1027, 1037). The Court addresses these arguments in turn.

**a. Local Rule 7.1(a)(3)**

Respondents contend that the Intervention Motions should be denied for failure to confer in accordance with Local Rule 7.1(a). *See* (ECF Nos. 1025, 1027) at 1; (ECF No. 1037) at 2. Local Rule 7.1(a)(3) provides that "[p]rior to filing any motion in a civil case," subject to exceptions not relevant here, "counsel for the movant shall confer (orally or in writing), or make reasonable effort to confer (orally or in writing), with all parties or non-parties who may be affected by the relief sought in the motion in a good faith effort to resolve by agreement the issues to be raised in the motion." S.D. Fla. L.R. 7.1(a)(3). Local Rule 7.1(a)(3) further requires counsel for the moving party to certify those conferral efforts "[a]t the end of the motion, and above the signature block." *Id.* Failure to comply with these requirements permits the Court to "deny the motion and impose on counsel an appropriate sanction." *See id.*

Here, although Movants' counsel filed a certification (the "Certification") describing his communications with Respondents' counsel regarding Movants' objections to the settlement, the Certification does not establish that Movants' counsel conferred, or made a good-faith effort to confer, about the Intervention Motions. *See* (ECF Nos. 1020-1, 1021-1, 1031) ¶ 5. Indeed, Movants' counsel acknowledges that "while [he] originally contemplated *amending [Movants'] complaint or utilizing a different procedure as discussed in the conferences with counsel for the other parties*, [he] decided instead to simply seek leave . . . to permit [Movants] to intervene in the Rule 23(e) proceeding." (ECF No. 1020-1) ¶ 5 (emphasis added); (ECF Nos. 1021-1, 1031) ¶ 5; (ECF Nos. 1021-3, 1021-4, 1021-5, 1021-6). Thus, while the record reflects communications between counsel concerning other procedural avenues, it does not establish that Movants conferred

with Respondents regarding their requests to intervene.

Movants' failure to demonstrate compliance with Local Rule 7.1(a)(3)'s requirements is sufficient grounds to deny the Intervention Motions.[4] *See* S.D. Fla. L.R. 7.1(a)(3) ("Failure to comply with the requirements of this Local Rule may be cause for the Court to grant or deny the motion[.]"); *Woliner v. Sofronsky*, No. 18-CV-80305, 2019 WL 234809, at *2 (S.D. Fla. Jan. 16, 2019) ("Failure to confer or to show a good-faith attempt to confer, by itself, constitutes grounds for the motion to be denied." (citation omitted)); *Muzaffarr v. Ross Dress for Less, Inc.*, 941 F. Supp. 2d 1373, 1376 (S.D. Fla. 2013) ("The [p]laintiff correctly points out that [d]efendant's failure to confer with opposing counsel is by itself grounds to deny the motion." (citation omitted)). Accordingly, the Intervention Motions are due to be denied.

**b. Intervention**

Although the Intervention Motions are deficient under Local Rule 7.1(a)(3), the Court also considers whether intervention is warranted under Federal Rule of Civil Procedure 24. As discussed above, Movants seek intervention as of right or, alternatively, permissive intervention. *See generally* Int. Mots.

Whether a party seeks to intervene as of right or permissively, the motion must be timely. *See* Fed. R. Civ. P. 24(a), (b); *Hofmann v. EMI Resorts, Inc.*, 689 F. Supp. 2d 1361, 1379 (S.D. Fla. 2010) ("[A]ny request to intervene must be 'timely,' regardless of whether intervention is sought as a matter of right pursuant to Rule 24(a) or permissively pursuant to Rule 24(b)."). "The Supreme Court has held that the timeliness of a motion to intervene is a threshold factor that must

---

[4] Local Rule 7.1(a)(3) authorizes the Court to impose sanctions for failure to comply with its conferral requirements. *See* S.D. Fla. L.R. 7.1(a)(3). Although the Court declines to impose sanctions at this juncture, Movants are cautioned that future failures to adequately confer will not be tolerated and may result in sanctions.

be satisfied before the other factors should be considered." *Hollywood Cmty. Synagogue, Inc. v. City of Hollywood*, 254 F. App'x 769, 771 (11th Cir. 2007) (citation omitted). To determine whether intervention is timely, courts consider several factors:

> 1. The length of time during which the would-be intervenor actually knew or reasonably should have known of his interest in the case before he petitioned for leave to intervene; 2. The extent of the prejudice that the existing parties to the litigation may suffer as a result of the would-be intervenor's failure to apply for intervention as soon as he actually knew or reasonably should have known of his interest in the case; 3. The extent of the prejudice that the would-be intervenor may suffer if his petition for leave to intervene is denied; and 4. The existence of unusual circumstances militating either for or against a determination that the application is timely.

*Salvors, Inc. v. Unidentified Wrecked & Abandoned Vessel*, 861 F.3d 1278, 1294 (11th Cir. 2017) (cleaned up and citation omitted). "The burden of proving timeliness is on the proposed intervenor." *See Baker v. Warner/Chappell Music, Inc.*, No. 14-22403-CIV, 2017 WL 4577247, at *3 (S.D. Fla. Oct. 12, 2017) (citation omitted). Here, the Court finds that all four factors weigh against a finding of timeliness.

As to the first factor, Movants' counsel asserts in the Certification that Movants "only became aware of a proposed settlement with the [A]uditor [D]efendants informally about two weeks" before filing the Motions.[5] *See, e.g.*, (ECF No. 1020-1) ¶ 3. However, Movants' purported lack of awareness of the settlement does not account for their prior notice of the class action proceedings and the possibility of a settlement. As discussed above, Movants' case was transferred into this MDL in 2023. *See* (ECF Nos. 334, 338). By that time, Plaintiffs had already filed an Administrative Class Action Complaint against the Auditor Defendants (the "Class Action Complaint"). (ECF No. 158); *see also* (ECF No. 334) at 1 (notifying Movants of the Class Action Complaint). Moreover, Plaintiffs represented that they were engaged in settlement discussions

[5] The Court notes that Armanino LLP is not a settling Defendant in the Preliminary Approval Motion. *See generally* Prelim. Mot.; (ECF No. 1003).

with the MDL Defendants as early as 2023, and the record reflects continued settlement efforts thereafter. *See, e.g.*, (ECF No. 177) at 2 ("Plaintiffs are also proud to inform the Court that [they] are currently engaged in settlement discussions with additional FTX Defendants[.]"); (ECF No. 530) at 1 ("Plaintiffs have focused substantial efforts and resources on working to resolve claims against FTX MDL Defendants[.]"). Thus, although Movants contend that they did not learn of the settlement until shortly before filing the Motions, the Court finds that, given their notice of the class action proceedings and ongoing settlement efforts, Movants reasonably should have known that those proceedings could implicate their asserted interests well before that time.[6] *See Peng v. Mastroianni*, No. 20-80102-CIV, 2023 WL 4763198, at *4 (S.D. Fla. June 26, 2023) ("The [c]ourt must consider the length of time from when [m]ovants first knew of their *interest* in this case—not the length of time when [m]ovants first knew of the particular settlement agreement to which [m]ovants now seek to object." (emphasis in original)).

As to the second factor, intervention at this stage "would send the parties back to mediation with Movants['] counsel and would delay and jeopardize a settlement reached through arm's length negotiations." *See Diaz v. HSBC Bank USA, N.A.*, No. 13-21104-CIV, 2014 WL 1218701, at *2 (S.D. Fla. Mar. 24, 2014) (citation omitted), *modified sub nom.*, *Diaz v. HSBC Bank USA*, 2014 WL 11880929 (S.D. Fla. May 13, 2014). As Plaintiffs correctly note, Movants "are not attempting to assist or improve the settlements; they are . . . demanding special carve-outs [and] bespoke provisions." *See* (ECF No. 1018) at 4. Granting intervention to pursue such relief at this

---

[6] Movants' counsel attests in the Certification that he did not receive electronic notifications "through the MDL Panel" after Movants' case was transferred into this MDL. *See* (ECF No. 1020-1) ¶ 3. The Court understands counsel to be referring to the JPML docket. However, the JPML docket is distinct from this Court's MDL docket, and counsel's purported failure to receive notifications from the former does not alter the Court's conclusion. Moreover, counsel does not explain what efforts, if any, he undertook to monitor proceedings before this Court following the transfer of Movants' case.

stage would likely delay the settlement approval process and prejudice the parties implicated by the Preliminary Approval Motion. *See Peng*, 2023 WL 4763198, at *5 ("Given the significant time and effort that [p]laintiffs and [d]efendants have put into litigating and resolving this protracted case . . . , the [c]ourt agrees that the parties would suffer clear prejudice as a result of [m]ovants' failure to intervene when [m]ovants first learned of their interest in this case.").

As to the third factor, Movants have not demonstrated that they will suffer substantial prejudice if intervention is denied. Although Movants contend that approval of the proposed settlement will impair their ability to recover on their direct claims, that argument rests on the speculative assertion that the settlement will exhaust the limited funds available to satisfy Movants' claims. *See, e.g.*, (ECF No. 1020) at 4–6. Indeed, Movants offer neither evidence nor nonconclusory allegations establishing that the settlement will render any judgment on their direct claims uncollectible. Instead, Movants ask the Court to assume that the Auditor Defendants maintain professional liability insurance that will limit their recovery. *See id.* Movants' counsel concedes that "[b]ecause the proposed settlement is sealed, [he is] not aware if the putative class representatives are seeking limited fund class status under Rule 23(b)(1) where [Movants'] interest in a limited fund would be compromised by a settlement that sought to distribute funds which they might have an interest in." *See* (ECF No. 1020-1) ¶ 3. Such speculation is insufficient to establish that denial of intervention will substantially prejudice Movants. *Baker*, 2017 WL 4577247, at *3 (citation omitted).

Finally, as to the fourth factor, "Movants have presented no unusual circumstances that would militate in favor of finding that the application was timely." *See Diaz*, 2014 WL 1218701, at *2. Accordingly, the Court finds that the Intervention Motions also fail on the independent basis that they are untimely. *Peng*, 2023 WL 4763198, at *7 ("Because timeliness is a threshold issue

that must be satisfied prior to a district court considering the other intervention factors, the [c]ourt does not consider those remaining intervention factors in this [o]rder.").

## IV. CONCLUSION

Accordingly, UPON CONSIDERATION of the Motions, the pertinent portions of the record, and being otherwise fully advised in the premises, it is hereby ORDERED AND ADJUDGED that the First Motion (ECF No. 1007) is WITHDRAWN and the Intervention Motions (ECF Nos. 1020–22, 1030) are DENIED.

DONE AND ORDERED in Chambers at Miami, Florida, this 29th day of October, 2026.

K. M. Moore

K. MICHAEL MOORE
UNITED STATES DISTRICT JUDGE

c: All counsel of record