**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**
No. 1:23-md-3076-KMM

*In re FTX Cryptocurrency Exchange Collapse Litigation*

This Document Relates to the Second Amended Administrative Class Action Complaint as to the Bank Defendants (ECF No. 779)

**DEFENDANTS DELTEC BANK AND TRUST COMPANY LIMITED AND JEAN CHALOPIN'S NOTICE OF SUPPLEMENTAL AUTHORITY**

Defendants Deltec Bank and Trust Company Limited ("Deltec Bank") and Jean Chalopin submit this Notice of Supplemental Authority to apprise the Court of a recent FTX bankruptcy development relevant to the mootness argument in their pending Motion to Dismiss the Second Amended Complaint (ECF No. 823 at 3-4). The FTX Trust has reported that it distributed another $908 million to creditors on July 31, 2026, bringing cumulative distributions to date to over $11 billion. *See In re FTX Trading Ltd.*, No. 22-11068 (Bankr. D. Del.), ECF No. 36185 (filed at ECF No. 1139-1 at 2–3); *see also* ECF No. 1139 at 2.

The bankruptcy record identifies the plan class and allowed claim amounts for the Plaintiffs named in the Second Amended Complaint. *Compare* ECF No. 779 ¶¶ 11–26, *with* ECF No. 943-1 at 39 (In re FTX Trading Ltd., No. 22-11068, ECF No. 26866-1, Ex. D, "MDL Plaintiffs' Allowed Claims"). As of May 30, 2025, cumulative distributions stood at 72% of allowed claims for Class 5A, 54% for Class 5B, and 120% for Class 7B. *See* ECF No. 943-2 at 3.

Following the July 31, 2026 distribution, cumulative distributions now stand at 105% for Class 5A, 105% for Class 5B, and 120% for Class 7B. *See* ECF No. 1139-1 at 3.

The chart below compares each Plaintiff to the allowed claims identified in ECF No. 943-1 at 39 and the cumulative recoveries for those Plaintiffs reported in ECF No. 1139-1 at 3.

| Plaintiff | Plan Class | Allowed Claim Amount (ECF No. 943-1 at 39) | Cumulative Recovery (as of 7/31/2026) | Recovery Status | Supporting Docket Entries |
|---|---|---|---|---|---|
| Kyle Rupprecht | 5A | $207,137 | 105% | Paid in Full | ECF No. 943-1 at 39; ECF No. 1139-1 at 3; ECF No. 779 ¶ 24 |
| Julie Papadakis | 5B | $643,025 | 105% | Paid in Full | ECF No. 943-1 at 39; ECF No. 1139-1 at 3; ECF No. 779 ¶ 22 |
| Alexander Chernyavsky | 5B | $101,627 | 105% | Paid in Full | ECF No. 943-1 at 39; ECF No. 1139-1 at 3; ECF No. 779 ¶ 15 |
| Gregg Podalsky | 5B | $87,467 | 105% | Paid in Full | ECF No. 943-1 at 39; ECF No. 1139-1 at 3; ECF No. 779 ¶ 16 |
| Shengyun Huang | 5B | $75,001 | 105% | Paid in Full | ECF No. 943-1 at 39; ECF No. 1139-1 at 3; ECF No. 779 ¶ 21 |
| Michael Livieratos | 5B | $52,923 | 105% | Paid in Full | ECF No. 943-1 at 39; ECF No. 1139-1 at 3; ECF No. 779 ¶ 14 |

| Plaintiff | Plan Class | Allowed Claim Amount (ECF No. 943-1 at 39) | Cumulative Recovery (as of 7/31/2026) | Recovery Status | Supporting Docket Entries |
|---|---|---|---|---|---|
| Chukwudozie Ezeokoli | 7B | $44,790 | 120% | Paid in Full | ECF No. 943-1 at 39; ECF No. 1139-1 at 3; ECF No. 779 ¶ 18 |
| Vijeth Shetty | 7B | $20,971 | 120% | Paid in Full | ECF No. 943-1 at 39; ECF No. 1139-1 at 3; ECF No. 779 ¶ 17 |
| Ryan Henderson | 7B | $10,493 | 120% | Paid in Full | ECF No. 943-1 at 39; ECF No. 1139-1 at 3; ECF No. 779 ¶ 13 |
| Michael Norris | 7B | $8,000 | 120% | Paid in Full | ECF No. 943-1 at 39; ECF No. 1139-1 at 3; ECF No. 779 ¶ 19 |
| Brandon Orr | 7B | $1,105 | 120% | Paid in Full | ECF No. 943-1 at 39; ECF No. 1139-1 at 3; ECF No. 779 ¶ 11 |
| Edwin Garrison | 7B | $319 | 120% | Paid in Full | ECF No. 943-1 at 39; ECF No. 1139-1 at 3; ECF No. 779 ¶ 20 |
| Leandro Cabo | N/A (per ECF No. 943-1 at 39) | $0 | Not applicable | No allowed claim listed | ECF No. 943-1 at 39; ECF No. 779 ¶ 12; see ECF No. 943-5 at 2 |

As shown above, the twelve Plaintiffs whose allowed claims are identified in ECF No. 943-1 at 39 have now recovered more than the full value of those claims. ECF No. 1139-1 at 3; ECF No. 943-1 at 39. The thirteenth Plaintiff—Leandro Cabo—has no claim. ECF No. 943-1 lists his plan class as "N/A" and his allowed claim amount as $0.

In addition to these thirteen Plaintiffs, the Second Amended Complaint identifies three additional individuals as Plaintiffs—Vitor Vozza, Warren Winter, and Sunil Kavuri—for a total of sixteen. *See* ECF No. 779 ¶¶ 23, 25, and 26. But that appears to be a mistake. Those three individuals are no longer Plaintiffs because they voluntarily dismissed their claims. On September 13, 2024, Plaintiffs voluntarily dismissed those individuals' claims from all "consolidated MDL Actions, without prejudice." ECF 739 at 1. Plaintiffs never subsequently sought leave to have these individuals re-joined as Plaintiffs when they filed the Second Amended Complaint two months later, on November 15, 2025. Moreover, the Court's corresponding docket entry for the Second Amended Complaint (779) does not include these individuals in the list of Plaintiffs who filed the Second Amended Complaint. Thus, it appears their inclusion in the Second Amended Complaint was a mistake, and they are not Plaintiffs in the MDL Action against the Bank Defendants.

Because Plaintiffs claims have been satisfied through the FTX bankruptcy, their claims against Deltec Bank and Mr. Chalopin are moot. ECF No. 823 at 15–16, 29; ECF No. 863 at 14.

Dated: November 6, 2026

Respectfully submitted,

*/s/ Joseph B. Isenberg*
Desirée Moore
Illinois Bar No. 6286198
(Certificate of Understanding filed)
dmoore@venable.com
Daniel J. Hayes
Illinois Bar No. 6243089

(Certificate of Understanding filed)
dhayes@venable.com
Joseph B. Isenberg
Florida Bar No. 1018077
jbisenberg@venable.com
Venable LLP
227 West Monroe St., Suite 1900
Chicago, IL 60606
Tel: 312-820-3436
Fax: 312-820-3401

-and-

Lara Samet Buchwald
NY Bar No. 4700944
(Certificate of Understanding filed)
lara.buchwald@davispolk.com
Tatiana Martins
NY Bar No. 4300455
(Certificate of Understanding filed)
tatiana.martins@davispolk.com
Davis Polk & Wardwell LLP
450 Lexington Avenue
New York, New York 10017
Tel: 212-450-4000
Fax: 212-701-5351

*Attorneys for Defendants Deltec Bank and Trust Company Limited and Jean Chalopin*