**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**
**MIAMI DIVISION**

| | |
|---|---|
| IN RE: FTX CRYPTOCURRENCY EXCHANGE COLLAPSE LITIGATION | No. 1:23-md-03076-KMM<br><br>MDL No. 3076 |
| THIS DOCUMENT RELATES TO:<br><br>Bank Defendants<br><br>*O'Keefe v. Sequoia Capital Operations, LLC, et al., S.D. Fla.* Case No. 1:23-cv-20700<br><br>*O'Keefe v. Farmington State Bank d/b/a Moonstone Bank, et al.,* E.D. Wa. Case No. 2:23-cv-00213-TOR | |

**PLAINTIFFS' OPPOSITION TO DEFENDANTS DELTEC BANK AND TRUST COMPANY LIMITED AND JEAN CHALOPIN'S NOTICE OF SUPPLEMENTAL AUTHORITY [ECF NO. 1167]**

Plaintiffs respectfully submit this Response to Defendants Deltec Bank and Trust Company Limited and Jean Chalopin's Notice of Supplemental Authority (ECF No. 1167) (the "Notice"). The Notice raises no new legal authority and does not alter the analysis of Plaintiffs' damages or the sufficiency of their claims.

First, as Plaintiffs have previously explained in response to the Promoter Defendants' substantially identical arguments (ECF No. 1141), allowed bankruptcy claims are not the measure of Plaintiffs' damages in this litigation. The FTX bankruptcy proceedings calculate customer claims according to the valuation methodology applicable under the Bankruptcy Code and the confirmed bankruptcy plan, including the dollarized value of digital assets as of the November 2022 petition date. See 11 U.S.C. § 502(b). Moreover, the Bankruptcy Court assigned no value to certain digital assets, including FTX's native token, FTT, notwithstanding that those assets had substantial market value before FTX's collapse. Those amounts are not equivalent to the damages Plaintiffs sustained from Defendants' alleged misconduct, including the loss of access to and

control over their digital assets and the substantial appreciation in value of those assets following FTX's collapse.

Consequently, Defendants' assertion that certain Plaintiffs have received distributions representing 105% or 120% of their allowed bankruptcy claims does not establish that those Plaintiffs have recovered the full value of their losses. Those percentages measure distributions against bankruptcy-allowed claim amounts—not against the damages sought in this action. Indeed, the fact that a customer received more than 100% of a claim valued using November 2022 prices does not establish that the customer has been made whole for the loss of digital assets that subsequently appreciated substantially in value. Nor does the absence of an allowed bankruptcy claim for one Plaintiff establish the absence of cognizable damages against these Defendants. Although bankruptcy distributions may ultimately be relevant to calculating any appropriate offset or preventing duplicative recovery, they do not establish that Plaintiffs have suffered no remaining injury or that their claims are moot. Defendants' attempt to obtain dismissal based solely on bankruptcy distributions therefore fails for the same reasons previously explained in ECF No. 1141.

Second, Defendants' suggestion that Plaintiffs mistakenly included Vitor Vozza, Warren Winter, and Sunil Kavuri in the Second Amended Administrative Class Action Complaint (ECF No. 779) omits the relevant procedural history. Plaintiffs moved for leave to file the amended complaint on February 16, 2024 (ECF No. 492), nearly seven months before the September 13, 2024 voluntary dismissal of those three individuals (ECF No. 739). The Court did not grant that motion until November 13, 2024 (ECF No. 774), and Plaintiffs filed the amended complaint two days later, on November 15, 2024 (ECF No. 779). Thus, the inclusion of those individuals in the amended complaint resulted from the extended period between the filing and disposition of Plaintiffs' motion for leave, rather than any attempt to disregard their intervening voluntary dismissals. Plaintiffs do not contend that the subsequent filing of the amended complaint reinstated

those individuals as Plaintiffs, and their voluntary dismissals remain effective. Accordingly, Defendants' discussion of those individuals provides no additional basis for dismissal of the claims asserted by the remaining Plaintiffs.

Finally, Plaintiffs note that a separate motion remains pending in the underlying *O'Keefe v. Sequoia* action. On November 10, 2025, Plaintiffs filed a Motion to Lift Stay for a Limited Purpose and for Leave to File an Amended Complaint to Join Tether Entities as Defendants (ECF No. 101 in *O'Keefe v. Sequoia*). The proposed amended complaint accompanying that motion does not include the three previously dismissed Plaintiffs. Plaintiffs bring this pending motion to the Court's attention to clarify the procedural record and confirm that they are not seeking to reinstate those individuals.

For these reasons, Defendants' Notice supplies no basis to conclude that Plaintiffs' claims have been rendered moot by bankruptcy distributions and does not warrant dismissal of the Second Amended Administrative Class Action Complaint.

Dated: November 13, 2026 Respectfully submitted,

**By: *<u>/s/ Adam Moskowitz</u>***
Adam M. Moskowitz
Florida Bar No. 984280
Joseph M. Kaye
Florida Bar No. 117520
**THE MOSKOWITZ LAW FIRM, PLLC**
Continental Plaza
3250 Mary Street, Suite 202
Coconut Grove, FL 33133
Office: (305) 740-1423
adam@moskowitz-law.com
joseph@moskowitz-law.com
service@moskowitz-law.com

***Co-Lead MDL Counsel***

**By: *<u>/s/ David Boies</u>***
David Boies
Alexander Boies
Brooke A. Alexander
**BOIES SCHILLER FLEXNER LLP**
333 Main Street
Armonk, NY 10504
914-749-8200
dboies@bsfllp.com
aboies@bsfllp.com
balexander@bsfllp.com

***Co-Lead MDL Counsel***

Laurence D. King
Matthew B. George
Clarissa R. Olivares
**KAPLAN FOX & KILSHEIMER LLP**
1999 Harrison Street, Suite 1560
Oakland, CA 94612
Telephone: (415) 772-4700
*lking@kaplanfox.com*
*mgeorge@kaplanfox.com*
*colivares@kaplanfox.com*

Frederic S. Fox
Joel B. Strauss
**KAPLAN FOX & KILSHEIMER LLP**
800 Third Avenue, 38th Floor
New York, NY 10022
Telephone: 212-687-1980
*ffox@kaplanfox.com*
*jstrauss@kaplanfox.com*

*Plaintiffs' Steering Committee Member*

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on November 13, 2026, a true and correct copy of the foregoing was filed electronically with the Clerk of the Court, by using the CM/ECF system which will send an electronic notification of such filing to all counsel of record.

By: *_/s/ Adam M. Moskowitz_*
Adam M. Moskowitz